IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**VIRGINIA CLASS COUNSEL'S MOTION TO APPROVE STIPEND
TO VIRGINIA-BASED SETTLEMENT CLAIMANTS**

Virginia Class Counsel respectfully submits this motion to approve a stipend for expenses to Virginia based individually retained counsel that were incurred in the course of litigating the Four Class Settlements Relating to Virginia and Certain Other Remaining Claims ("Virginia-based Settlements").

For the reasons set forth in the accompanying memorandum, the motion should be granted.

Dated: November 1, 2016

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
MDL 2047

1

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Class Counsel for the Four Virginia-Based Settlement Classes*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of November, 2016.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**VIRGINIA CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF MOTION
APPROVE STIPEND TO VIRGINIA-BASED SETTLEMENT CLAIMANTS**

Virginia Class Counsel respectfully submits this memorandum in support of its motion to approve stipend to Virginia based settlement claimants that were incurred in the course of litigating the Four Class Settlements Relating to Virginia and Certain Other Remaining Claims ("Virginia-based Settlements").

**I.    BACKGROUND**

On July 9, 2013, this Court granted Final Approval of the four Virginia-based Settlements. (Rec. Doc. 16934). The Virginia-based Settlements totaled $17.4 million: $10 million for the Nationwide Settlement; $3 million for the Porter-Blaine Settlement; $2.7 million for the Tobin Trading Settlement; and $1.7 million for the Builders Mutual Settlement.  As approved by the Court, and in accordance with the Court-approved allocation plan (Rec. Doc. 16823-8), an amount equal to thirty-seven percent (37%) of each of those settlements was set aside in four individual qualified settlement funds ("QSFs") for attorneys' fees (32%) and costs (5%) (*see* Rec. Doc. 17078; 17080; 17082; 17084).

In November 2014, this court considered Class Counsel's motion to disburse funds from the Virginia-based Settlements for Real Property Losses.  By order dated November 20, 2014,

1

the Court revised the amount of the attorneys' fees set aside and directed the Special Master to move two percent (2%) from each of the attorneys' fees QSF funds into the main settlement QSF funds for each settlement. (Rec. Doc. 18145). Thus, as of November 2014, there was an amount equal to 35% of the original settlement amounts (plus any accrued interest) in each of the attorneys' fees and costs funds for the Four Virginia-based Settlements (less $150,000 in pre-paid notice expenses).

The Court has already authorized two disbursements from the attorneys' fees and costs funds to compensate the Garretson Resolution Group ("GRG") for its services as Special Master and Claims Administrator for the Four Virginia-based Settlements. To date, GRG has been compensated through payments from the attorneys' fees and costs QSF funds a total of $267,111.97 (*see* Rec. Doc. 18221; 19990).

As noted above, a total of $417,111.97 has already been disbursed to cover administration and notice expenses ($267,111.97 for administration expenses and $150,000 for notice expenses). Thus, approximately $5,673,299.05 is available for reimbursement of attorneys' fees and costs from the Four Virginia-based Settlement fund.

In addition to the Four Virginia-based Class Action Settlements, Virginia Counsel achieved multiple state court settlements with various builders and installers. Pursuant to this Court's April 13, 2011 Voluntary Deposit Order (Rec. Doc. 8545), Virginia Counsel deposited portions of attorneys' fees and costs from Virginia state court settlements into the Court-supervised fund. A schedule of the amounts deposited into the common benefit voluntary deposit fund is attached hereto as Exhibit "A".

The Virginia privately retained counsel for the Virginia Classes and their co-counsel, including Levin, Fishbein, Sedran, and Berman, the Law Offices of Richard Serpe, Hausfeld

LLP, and Breit Drescher & Imprevento, along with Plaintiffs' Liaison Counsel, Russ Herman, have zealously represented class members in Virginia since initial client contact in February 2009. The litigation team in Virginia conducted substantial, and costly, investigation into plaintiffs' Chinese drywall claims, including hours of meetings with victims of CDW damage, legal research, work with scientific experts around the country, and substantial administrative expenditures associated with inspecting homes and filing individual cases in Virginia.

There were significant challenges to litigation in Virginia, including unfavorable case law regarding insurance coverage exclusions and inflexible statutes of limitations. Additionally, because Virginia does not recognize tolling for class action cases, and to avoid minimal diversity arguments raised by Defendant Venture Supply, parallel actions were pursued in both state and federal court against builders, installers and other responsible parties. The litigation, which was consolidated in Norfolk, Virginia, included individually filed suits for approximately 180 families, as well as a multi-plaintiff complaint which was amended on multiple occasions so as to include all filed Virginia claims.

The Honorable Judge Mary Jane Hall of the Norfolk Circuit Court in Virginia managed an efficient litigation, conducting monthly status conferences, disposing with scores of motions, and selecting bellwether trials for 34 cases. The approximately 180 Virginia State Court cases included claims against over 50 defendants, each of whom actively pursued defensive motions and discovery. Litigating individual cases against scores of defendants required enormous time, effort, and expense on behalf of Plaintiffs' counsel.

While litigating these cases against local counsel for Nationwide Insurance Company, the Virginia plaintiffs began a series of settlement negotiations with national counsel and the head of environmental claims for Nationwide. These negotiations culminated in a, now finalized, class

settlement of $10,000,000.00 (discussed *supra*). The Virginia plaintiffs also negotiated with three additional groups of defendants and carriers, resulting in, after months of concerted effort, the four Virginia-based Class Settlements.

The costs incurred in the Virginia-based litigation were not submitted as part of the Consolidated Joint Petition of the Fee Committee and Plaintiffs' Steering Committee for a Global Award of Attorneys' Fees and Reimbursement of Expenses (Rec. Doc. 17700), and thus were not reimbursed by that fund, including the inspection fee reimbursement component of that fund.  These costs were also not eligible for the Cost Stipend award under Pretrial Order 30 because the majority of affected properties were not part of the Knauf or Global settlements. (Doc. 19787).  Instead, because all of these expenses were incurred through Virginia-state court litigation that ultimately lead to these, specific, Virginia-based settlements, these costs have not yet been reimbursed.

In connection with its prior submission, the FC evaluated costs incurred per case, including the costs of inspections, sampling, testing, laboratory analysis, filing fees, and travel expenses.  It was determined that these costs have ranged from a few hundred dollars to several thousand dollars, per case.  To arrive at a recommendation for a reasonable stipend per case, the FC reviewed this data and conferred to arrive at a consensus.   On December 17, 2014, the Court accepted the Fee Committee's recommendation that $1,000 was a reasonable cost stipend per property for KPT Chinese drywall homes and $150 per non-KPT properties.  (Rec. Doc. 18215).

Based upon this Order, Virginia counsel, who conducted similar inspections and incurred similar expenses to those incurred in the Knauf case, request a comparable stipend of $1,000 per

property for all properties[1] that were eligible to submit claims in the four Virginia-based Settlements. . For the reasons set forth more fully below, Virginia Class Counsel submits that these expenses were necessarily incurred in the prosecution of this litigation and requests that a stipend should issue from the four Virginia-based settlement funds for attorneys' fees and costs that were created pursuant to this court's September 10, 2013 Orders. (Rec. Doc. 17078; 17080; 17082; 17084).

## II. ARGUMENT

It is well settled that "class counsel in common fund cases are [ ] entitled to reasonable litigation expenses from that fund." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.,* 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012). "The appropriate analysis to apply in determining which expenses are compensable in a class action case is whether such costs are of the variety typically billed by attorneys to clients." *DeHoyos v. Allstate Corp.,* 240 F.R.D. 269, 334 (W.D. Tex. 2007) (approving expenses which included filing fees, expert witnesses and consultants, photocopies, mailing, travel, computerized factual and legal research). Although the range of individual case costs vary, Virginia Class Counsel has determined that the reasonable average expense is $1000 per property. Being an average, the actual costs, including those of inspections, will in some instances have been lower and in other cases higher. Nevertheless, Virginia Class Counsel has determined that awarding a flat $1000 stipend per property is a reasonable means to reimburse counsel their expenses involved in the litigation-wide effort to prosecute these matters. This Court and others in the Fifth Circuit routinely grant

---

[1] A small number of class member properties were eligible for cost reimbursement because they had claims in both the Global and Virginia-based Settlements, Virginia Class Counsel has determined that a reasonable stipend should be $850 per property (after credit for the $150 received from the global settlement stipend).

similar expense requests in common fund cases as a matter of course. *See In re Vioxx Products Liab. Litig.*, 802 F.Supp.2d 740, 770 n. 13 (E.D.La. 2011) (trial court "has inherent equitable power" to "allow counsel fees and litigation expenses out of the proceeds of a fund that has been created by successful litigation,"), *quoting, In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1017 (5th Cir. 1977).

District Courts are also empowered to provide for "hold back" funds. Establishing such litigation expense funds is a recognized procedure countenanced by the Fifth Circuit and other courts administering large, complex litigations such as MDL 2047. *See Newby v. Enron Corp*., 394 F.3d 296, 302-03 (5th Cir. 2004) (court rejected objections to a $15 million fund for future court-approved litigation expenses, and upheld "the district court's approval of the litigation defense fund as a sound exercise of discretion."); *In re Shell Oil Refinery*, 155 F.R.D. 552, 576 (E.D.La. 1993)(establishing a $7 million reserve for litigation costs and expenses); *In re Asbestos School Litig*., 1988 WL 82853, *2 (E.D.Pa. Aug. 5, 1988) (awarding $1 million to establish a litigation fund to pay for contemplated future expenses).

As set forth above, Virginia Class Counsel have explained that their expenses were necessarily incurred in the course of litigating cases on behalf of plaintiffs and class members in Virginia and are typical of those generally incurred in complex litigation. *Jenkins v. Trustmark Nat. Bank*, 300 F.R.D. 291, 310-11 (S.D. Miss. 2014) (finding necessarily incurred litigation expenses to include expenses for experts, travel costs, and administrative expenses); *see also DeHoyos,* 240 F.R.D. at 334.  This Court approved an allocation plan for the Four Virginia-based Settlements which set aside four QSF funds for attorneys' fees and costs. (Rec. Doc. 16823-8). Class Members were provided with notice of the allocation plan and the court determined that both notice of the allocation plan and the allocation plan itself were fair, equitable, and adequate.

(Rec. Doc. 16934 at ¶ 41-43).  Neither class members nor defendants objected to the set aside for costs.

Virginia privately retained counsel for the Virginia Class members have advanced substantial out-of-pocket costs to effectively and adequately litigate cases on behalf of hundreds of Chinese drywall victims in the state of Virginia, including plaintiffs and members of the four Virginia-based Settlements classes.  Those expenses were necessarily incurred in connection with filing hundreds of individual complaints, trying bellwether cases in Virginia, and ultimately resolving those claims through rigorous settlement negotiations.  Virginia Class Counsel, thus, respectfully submit that these expenses were necessary to litigating these cases and requests that the court direct the Special Master, Matthew Garretson, to issue a stipend for these expenses from the attorneys' fees and costs funds for the four Virginia-based settlements.  Virginia Class Counsel recommends that the Virginia privately retained counsel be allowed a reasonable cost stipend of $1,000 per property for all properties that were eligible to submit claims in the four Virginia-based Settlements.  This requested relief would provide counsel in Virginia with a stipend at parity with the stipend provided to counsel for Knauf plaintiffs.

## III.   CONCLUSION

For the foregoing reasons, Virginia Class Counsel respectfully requests that the Court enter an order directing the Special Master to issue a stipend to Virginia privately retained counsel in accordance with the recommended stipend per affected property.  A proposed order is attached hereto.

Dated: November 1, 2016

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Class Counsel for the Four Virginia-Based*
*Settlement Classes*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of November, 2016.

                /s/ Leonard A. Davis
                Leonard A. Davis
                HERMAN, HERMAN & KATZ, LLP
                820 O'Keefe Avenue
                New Orleans, Louisiana 70113
                Phone: (504) 581-4892
                Fax: (504) 561-6024
                Ldavis@hhklawfirm.com
                Plaintiffs' Liaison Counsel
                MDL 2047

                *Co-counsel for Plaintiffs*

# EXHIBIT A

## Summary of Virginia Settlements and Common Benefit Deposits

| Date | Settling Defendant | Number of Plaintiffs | Gross Settlement Amount | Common Benefit Fees (12%) | Common Benefit Expenses (5% less contract attorney costs) |
|---|---|---|---|---|---|
| 1/8/2013 | Antonieta Torres | 29 | $800,000.00 | $96,000.00 | $12,167.47 |
| 4/19/2013 | Carlos Ramirez | 11 | $800,000.00 | $96,000.00 | $17,056.05 |
| 2/28/2013 | Villa Chavez Corporation | 3 | $325,000.00 | $39,000.00 | $12,776.73 |
| 10/11/2013 | Victor O. Moncada-Reyes | 5 | $194,000.00 | $23,280.00 | $7,249.74 |
| 6/19/2013 | Manuel Development Corp. | 1 | $70,000.00 | $8,400.00 | $2,311.23 |
| 6/5/2013 | Woodall, LLC | 1 | $75,000.00 | $9,000.00 | $2,705.97 |
| 10/25/2013 | Eagle Harbor, LLC/East West Realty, LLC | 1 | $27,500.00 | $3,300.00 | $970.00 |
| 3/19/2014 | Ralph E. Digges | 1 | $61,500.00 | $7,380.00 | $1,926.41 |
| 4/22/2013 | Classic Group, Inc. D/B/A Case Handyman Services | 1 | $17,500.00 | $2,100.00 | $875.00 |
| 10/10/2013 | Deas Construction Company, Inc. | 1 | $57,500.00 | $6,900.00 | $2,875.00 |
| 10/25/2013 | DSG Construction, Inc. | 6 | $198,000.00 | $23,760.00 | $4,950.00 |
| 8/23/2013 | DSG Construction, Inc. | 1 | $50,000.00 | $6,000.00 | $1,112.41 |
| | **TOTAL** | | | $321,120.00 | $66,976.01 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**ORDER**

Considering Virginia Class Counsel's Motion to Approve Stipend to Virginia-Based Settlement Claimants:

IT IS ORDERED BY THE COURT that the motion is GRANTED. The Special Master, Matthew Garretson, is hereby directed to issue stipends from the attorneys' fees and costs funds for the four Virginia-based settlements so that the Virginia privately retained counsel may receive a reasonable cost stipend of $1,000 per property for all properties that were eligible to submit claims in the four Virginia-based Settlements. For those class member properties that were eligible for stipends from the Global Settlement, the reasonable stipend should be $850.00 per property (after credit for the $150 received from the global settlement stipend).

New Orleans, Louisiana, this _____ day of _____, 2016.

_____
Eldon E. Fallon
United States District Court Judge