UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 09-2047 |
| | * | SECTION: L |
| This document relates to: | * * | JUDGE: FALLON |
| *Hubbell et al. v. Tallow Creek, LLC et al.* No. 10-2064 | * * * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION TO DISMISS DUE TO INEX SETTLEMENT
OR, IN THE ALTERNATIVE,
DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND
INCORPORATED MEMORANDUM IN SUPPORT
FED. R. CIV. P. 41(b)**

**NOW INTO COURT,** through undersigned counsel, comes **GRAF'S DRYWALL, LLC**, who moves this Honorable Court for an order dismissing the Third-Party Demand/Complaint of Tallow Creek, LLC and Southern Homes, LLC (collectively, "Tallow Creek") against Defendant, Graf's Drywall, LLC ("Graf's"), with prejudice pursuant to the terms of the InEx Settlement Agreement, or in the alternative, for failure to Prosecute under Rule 41(b), and respectfully represents as follows:

1.

On or about August 27, 2009, the Plaintiffs/Complainants, Wendy Hubbell and Christy Cimo, filed suit against Southern Homes LLC, Tallow Creek, LLC, and others, alleging that their home contained Chinese drywall which was installed by Tallow Creek. (#10-2064 Doc. 2-1, p. 1, et seq.)

2.

On or about October 7, 2009, Tallow Creek filed a Third-Party Demand against Graf's, the alleged drywall installation subcontractor of Tallow Creek, seeking defense and indemnity. (#10-2064 Doc. 2-2, p. 12, et seq., attached hereto as Exhibit "A.")

3.

Thereafter, on March 24, 2010, Graf's filed an Answer to the Third-Party Demand of Tallow Creek. (#10-2064 Doc. 2-8, p. 5.)

4.

Thereafter, on or about November 23, 2009, Tallow Creek served, but apparently never filed, a First Amended and Supplemental Third-Party Demand upon Graf's and other third-party defendants, in which Graf's remained a named defendant. (No filed copy can be located in the state court record by undersigned counsel; however, an unsigned copy of the amended demand was received by undersigned.)

5.

On or about May 13, 2010, Graf's Answered Tallow Creek's First Amended and Supplemental Third-Party Demand. (#10-2064 Doc. 2-8, p. 30, et seq.)

6.

Thereafter, on or about July 22, 2010, the action was removed to federal court by State Farm Fire and casualty Company. (#10-2064 Doc. 1.)

7.

Meanwhile, the [this Honorable Court] was handling preliminary settlement proceedings in multidistrict litigation involving Chinese-drywall claims, and on May 13, 2011, the federal district court in *In re: Chinese–Manufactured Drywall Products Liability Litigation,* MDL No.2047, entered an order, conditionally certifying a nationwide class consisting of "[a]ll persons or entities with claims, against the Settling Defendants arising from, or otherwise related in any way to

> Chinese Drywall sold, marketed, distributed, and/or supplied by InEx" and preliminarily approving a class action settlement agreement reached by the Plaintiffs' Steering Committee, InEx, and InEx's primary insurers Arch Insurance Co. and Liberty Mutual Insurance Co. (referred to by the federal district court as the "InEx Settlement"). According to the federal district court's May 13, 2011 Order, the InEx Settlement provided for settlement of the claims against InEx, its primary insurers, and "certain entities downstream in the chain-of-commerce from InEx."
>
> In furtherance of its preliminary approval of the InEx Settlement, the federal district court further issued a stay in its May 13, 2011 order, as follows: "**Prosecution of the 'Related Actions'** (including, but not limited to, those listed in Exhibit 1.25 to the InEx Settlement) **against InEx, the Insurers, and the other Settling Defendants** shall b. stayed pending the settlement proceedings and further Orders of the Court." (Emphasis added).

*Daigle v. Tallow Creek, LLC*, 2012-1656 (La.App. 1 Cir. 6/7/13) (internal footnotes omitted);

see also, *In re: Chinese–Manufactured Drywall Products Liability Litigation,* MDL No.2047, Doc. 8818, p. 12.)

8.

The instant state court suit which was removed to this Honorable Court, *Wendy Hubbell and Christy Cimo v. Tallow Creek, LLC, Southern Homes, LLC, et al.,* bearing docket number 2009-15115, Division "C," in the 22nd Judicial District Court, Parish of St. Tammany is listed in Exhibit 1.25 as a "Related Action" referenced in the federal court's May 13, 2011 Order staying those related actions.  (*In re: Chinese–Manufactured Drywall Products Liability Litigation,* MDL No. 2047, Doc. 8626-7, p. 5.) Accordingly, by its May 13, 2011 Order, the federal district court allegedly stayed prosecution of the instant action, "**against InEx, the Insurers, and the other Settling Defendants** ... pending the settlement proceedings [in the federal district court] and further Orders of the Court."  (*Id.* at Doc. 8818, p. 12.)

9.

On February 7, 2013, this Honorable Court in the instant action, *In re: Chinese-Manufactured Drywall Products Liability Litigation,* MDL No. 204, certified the final approval of the InEx Settlement, effectively **lifting** the stay order imposed in its preliminary approval. (*Id.* at Doc. 16570.) Additionally, this settlement ordered that:

> 19. Any and all InEx Class Members, including, but not limited to, those who have not properly opted out of the InEx Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future, against the InEx Settling Defendants that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

*Id.* at Doc. 16570, p. 24 of 37.

10.

On January 15, 2015, this Honorable Court recognized that Graf's was a Downstream Releasee under the InEx Settlement Agreement. *Id.* at Doc. 18267, attached hereto as Exhibit "C."

11.

Accordingly, Graf's Drywall should be dismissed with prejudice from the above-captioned and numbered action as a Downstream Releasee under the InEx Settlement Agreement.

12.

Additionally, and in the alternative, Tallow Creek has failed to prosecute the action against Graf's. Federal Rules of Civil Procedure Rule 41 provides, in pertinent part:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute . . ., a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.
>
> **(c) Dismissing a Counterclaim, Crossclaim, or Third-Party Claim.** This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. . . .

13.

Additionally, even without the instant motion, this Honorable Court may dismiss Tallow Creek's third-party complaint against Graf's *sua sponte*. To wit, the United States Supreme Court has held:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [(See Fed.Rules Civ.Proc., 41(b), 28 U.S.C.A., 370 U.S., p. 630, 82 S.Ct., p. 1388, infra.)] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., *id.*, at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b).

*Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (footnote in original included herein as internal citation).

14.

Upon information and belief, the last step taken in the prosecution or defense of this third-party claim was Graf's Answer to Tallow Creek's First Amended and Supplemental Third-Party Demand, which was filed on May 13, 2010. (#10-2064 Doc. 2-8, p. 30, et seq.) Accordingly, it has been over six (6) years since the last act in furtherance of the prosecution of Tallow Creek's third-party complaint.

15.

Additionally, there are similar actions pending in the following courts, each of which, Tallow Creek has either abandoned in Louisiana state courts or failed to prosecute in this District:

1) *Theresa Daigle, et al. v. Tallow Creek, LLC, et al.*, No. 2009-17466, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana;

2) *Grady J. Flattman, et al. v. Tallow Creek, LLC, et al.*, No. 2009-14914, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana;

3) *Candace Hakenjos, et al. v. Tallow Creek, LLC, et al.*, No. 10-2579, United States District Court for the Eastern District of Louisiana;

4) *Shelly Parr, et al. v. Tallow Creek, LLC, et al.*, No. 10-2737, United States District Court for the Eastern District of Louisiana; and

5) *Southern Homes, LLC, et al. v. INEX, et al.*, No. 2009-06564, Orleans Civil District Court, State of Louisiana.

16.

Seven (7) years have elapsed since the commencement of said action but that the same has never been brought to trial. Further, more than six (6) years have elapsed without a step in furtherance of the prosecution or defense of this claim. Attached hereto as Exhibit "B," is an Affidavit of Failure to Prosecute sworn by undersigned counsel attesting to the above.

17.

Accordingly, the Third-Party Demand should be dismissed with prejudice for failure of the Third-Party Defendants, Tallow Creek, LLC and Southern Homes, LLC to prosecute the action against Graf's.

\* \* \* \*

**WHEREFORE** the Defendant, **GRAF'S DRYWALL, LLC**, prays that its motion be granted and the action by Third-Party Plaintiffs, Tallow Creek, LLC and Southern Homes, LLC, against Defendant, Graf's Drywall, LLC, in the above-captioned and numbered cause, be dismissed per the terms of the InEx Settlement Agreement, or, in the alternative, for want of prosecution under Rule 41(b), with prejudice, each party to bear its own costs.

Dated: 11/04/2016

Respectfully submitted by:

/s/ Grant T. Herrin
KIRK A. PATRICK, III (#19728), kpatrick@dps-law.com
BLAKE A. ALTAZAN (#31595), baltazan@dps-law.com
GRANT T. HERRIN (#35169), gherrin@dps-law.com

450 Laurel Street, Suite 1600, Baton Rouge, Louisiana 70801
P.O. Box 1629, Baton Rouge, Louisiana 70821-1629
Telephone: (225) 214-1908
Facsimile: (225) 214- 3551
*Attorneys for Graf's Drywall, LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY** certify that on this **4th** day of **November**, **2016**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants and have this same day forwarded a copy of this filing to all non-CM/ECF participants, if applicable.