22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-15115                                                        DIVISION "C"

WENDY HUBBELL AND CHRISTY CIMO

VERSUS

TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ET AL.

FILED: October 7, 2009                    Elda Ourso
                                            Deputy Clerk

### EXCEPTIONS AND ANSWER TO PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES AND THIRD-PARTY DEMANDS

NOW INTO COURT, through undersigned counsel, come Defendants and Third-Party Plaintiffs, Tallow Creek, L.L.C. and Southern Homes, L.L.C.[1] ("collectively "Tallow Creek"), who answer the Petition for Breach of Contract, Warranty and for Damages ("the Petition") as set forth below. Tallow Creek's response is made subject to its pending exceptions to the Petition. Tallow Creek further assumes the role of Third-Party Plaintiff and asserts the following claims against the Third-Party Defendants listed herein:

### TALLOW CREEK'S ANSWER TO PLAINTIFFS' PETITION

1.

The allegations contained in Paragraph 1 are denied, except to admit that Southern Homes, L.L.C. is a foreign limited liability company, authorized to do and doing business in the State of Louisiana and that Tallow Creek, L.L.C. is a Louisiana Limited Liability Company doing business in the State of Louisiana.

2.

Insofar as the allegations contained in Paragraph 2 state a conclusion of law, they require no answer.

---

[1] Southern Homes, L.L.C. ("Southern Homes") has been improperly named as a defendant in this matter. Southern Homes in no way participated in the construction or design of Plaintiffs' home, nor does it have any contractual privity with the Plaintiffs. Accordingly, Southern Homes raises the peremptory exceptions of no cause of action and no right of action by Plaintiffs against it.

SCANNED
OCT 13 2009

00044


EXHIBIT A

3.

Insofar as the allegations contained in Paragraph 3 state a conclusion of law they require no answer.

4-6.

In response to allegations contained in Paragraphs 4 through 6, Tallow Creek avers that the Conventional Purchase Agreement as a written contract is the best evidence of its terms and conditions. *See* Conventional Purchase Agreement, attached as Exhibit A.

7.

In response to the allegations contained in Paragraph 7, Tallow Creek avers that Tallow Creek, L.L.C. was the builder of the home located at 820 Cole Court, Covington, Louisiana 70433 ("the Property").

8.

In response to the allegations contained in Paragraph 8, Tallow Creek avers that Tallow Creek, L.L.C., in building the Property, hired a contractor to perform drywall work. All other allegations contained in Paragraph 8 are denied.

9.

In response to the allegations contained in Paragraph 9, Tallow Creek admits that it maintained insurance policies at the time of construction of the Property.

10.

Tallow Creek denies the allegations in Paragraph 10 for lack of sufficient information to justify a belief therein. Tallow Creek admits that the Cash Sale was executed June 19, 2006. Tallow Creek further admits that the property was enrolled in a warranty program effective January 1, 2006. *See* 2-10 Home Buyer's Warranty, attached as Exhibit B.

00045

SCANNED
OCT 13 2009

11.

Tallow Creek denies the allegations in Paragraph 11 for lack of sufficient information to justify a belief therein.

12.

Tallow Creek generally denies the allegations in Paragraph 12 for lack of sufficient information to justify a belief therein. Tallow Creek also specifically avers that the Tallow Creek Homeowners' Association ("TCHA") is a separate, independent organization from Tallow Creek, to the extent the April 2009 "general communication" referred to in Paragraph 12 refers to a post by TCHA.

13.

In response to the allegations contained in Paragraph 13, Tallow Creek avers that it sent Mr. Todd Nowicki to the Property to respond to Plaintiffs' concerns. Tallow Creek further admits that Mr. Nowicki walked through the Property and took pictures. Tallow Creek denies all other allegations contained in Paragraph 13.

14.

In response to the allegations contained in Paragraph 14, Tallow Creek avers that the July 15, 2009 letter ("the Letter") is the best evidence of its contents. The Letter is attached as Exhibit C.

15.

In response to the allegations contained in Paragraph 15, Tallow Creek admits that the Property contains drywall manufactured in China ("Chinese Drywall"). Tallow Creek denies all other allegations of Paragraph 15.

16-17.

Tallow Creek denies the allegations of Paragraphs 16 and 17.

18.

Tallow Creek denies the allegations in Paragraph 18 for lack of sufficient information to justify a belief therein. Notably, the Plaintiffs' claim for "cost of relocation during the remedial

SCANNED
OCT - 3 2009
00046

process," and "personal injury and further health concerns" are specifically excluded by the warranty in the Conventional Purchase Agreement and the New Home Warranty Act ("NHWA"). *See* Exhibit A at p. 1; *see also* LA. REV. STAT. ANN. § 9:3144(B)(14) (2009).

19-20.

Insofar as the allegations contained in Paragraphs 19-20 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 19-20 are denied. Tallow Creek specifically avers that the 2-10 Home Buyer Warranty coverage for "systems" was based upon a 2-year peremptive period, meaning it expired on January 17, 2008. *See* Exhibit B.

21.

Tallow Creek denies the allegations in Paragraph 21 for lack of sufficient information to justify a belief therein.

22-23.

Insofar as the allegations contained in Paragraphs 22-23 state conclusions of law they require no answer; however, all allegations contained in Paragraphs 22-23 are denied. Tallow Creek specifically avers that the 2-10 Home Buyer Warranty coverage for "systems" was based upon a 2-year peremptive period, meaning it expired on January 17, 2008. *See* Exhibit B.

24-28.

Insofar as the allegations contained in Paragraphs 24-28 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 24-28 are denied. Tallow Creek specifically avers that Plaintiffs cannot have a claim for misrepresentation that allegedly occurred *after* the alleged loss and that all claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same. *See also* Paragraph 12 *supra* regarding the alleged April 2009 "general communication."

29.

Insofar as the allegations contained in Paragraph 29 state a conclusion of law, it requires no answer; however, all allegations contained in Paragraph 29 are denied.

SCANNED
OCT 13 2009

30-31.

Tallow Creek denies the allegations in Paragraphs 30-31.

32.

Tallow Creek denies the allegations of Paragraph 32. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

33.

In response to allegations contained in Paragraph 33, Tallow Creek avers that the Conventional Purchase Agreement as a written contract is the best evidence of its terms and conditions. *See* Exhibit A. Otherwise, all allegations contained in Paragraph 33 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

34-35.

Insofar as the allegations contained in Paragraphs 34-35 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 34-35 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

36-38.

Insofar as the allegations contained in Paragraphs 35-37 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 35-37 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

39-42.

Insofar as the allegations contained in Paragraphs 39-42 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 39-42 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

00048
SCANNED
OCT 13 2009

43-46.

Insofar as the allegations contained in Paragraphs 43-46 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 43-46 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

47-48.

Insofar as the allegations contained in Paragraphs 47-48 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 47-48 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

49.

In response to the allegations contained in Paragraph 49, Tallow Creek avers that the Purchase Agreement as a written contract is the best evidence of its terms and conditions, all of which are plead herein as if the Purchase Agreement was copied *in extensio*. Insofar as the allegations contained in Paragraph 49 state conclusions of law, they require no answer; however, all allegations contained in Paragraph 49 are denied.

50-51.

Insofar as the allegations contained in Paragraphs 50-51 state conclusions of law, they require no answer; however, all allegations contained in Paragraph 50-51 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

52.

Insofar as the allegations contained in Paragraph 52 state conclusions of law, they require no answer; however, all allegations contained in Paragraph 52 are denied. All claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same.

SCANNED
OCT 13 2009

00049

53-56.

Insofar as the allegations contained in Paragraphs 53-56 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 53-56 are denied. Tallow Creek specifically avers that Plaintiffs cannot have a claim under the Louisiana Unfair Trade Practices Act (LUTPA) that allegedly occurred *after* the alleged loss and that all claims against Tallow Creek, if any, are limited to those available under the NHWA and all other claims are perempted by same. To the extent that this Court were to find Plaintiffs' LUTPA claim actionable, Tallow Creek avers that it is perempted.

57-59.

Insofar as the allegations contained in Paragraphs 57-59 state conclusions of law, they require no answer; however, all allegations contained in Paragraphs 57-59 are denied. Tallow Creek specifically avers that Plaintiffs' conspiracy claim is limited to those available under the NHWA and all other claims are perempted by same.

60.

The allegations in Paragraph 46 require no answer from Tallow Creek.

61.

Paragraph 47 requires no answer.

62.

Tallow Creek denies that Plaintiffs are entitled to the relief requested in the un-numbered Paragraph beginning "WHEREFORE...." Tallow Creek denies all other allegations in the Petition which have not been previously admitted, qualified, or denied.

AND NOW, further answering the Petition, Tallow Creek avers as follows:

63.

Tallow Creek avers that Plaintiffs' claims against it are limited by the New Home Warranty Act, La. Rev. Stat. Ann. § 9:3141, *et seq.* ("NHWA"), which is Plaintiffs' exclusive remedy against Tallow Creek. More specifically, but without limitation, Plaintiffs claims against Tallow Creek are:

63(a).

SCANNED
OCT 13 2009
00050

Perempted. *See* LA. REV. STAT. ANN. § 9:3144(A) (2009).

63(b).

Barred as they are caused by drywall. *See* LA. REV. STAT. ANN. § 9:3143 (2009).

63(c).

Barred as they were caused by the "[n]egligence, improper maintenance, neglect or improper operation" by a third party that is not an "employee, agent, or subcontractor" of Tallow Creek. *See* LA. REV. STAT. ANN. § 9:3144(B)(4)(a) (2009).

63(d).

Barred to the extent they are caused by:

- Any change, alteration, or addition made to the Property after initial occupancy by someone other than Tallow Creek;
- Dampness, condensation, or other damage due to the failure of the owner to maintain adequate ventilation or drainage;
- Any loss or damage which Plaintiffs have not taken timely action to minimize;
- Bodily injury or damage to personal property;
- Any cost of shelter, transportation, food, moving, storage, or other incidental expense related to relocation during repair.

*See* LA. REV. STAT. ANN. § 9:3144(B)(4)(e) and (f); *see also* LA. REV. STAT. ANN. § 9:3144(B)(5),(14), and (15) (2009).

63(e).

Barred to the extent they relate to consequential damages. *See* LA. REV. STAT. ANN. § 9:3144(B)(17) (2009).

63(f).

Premature because Plaintiffs have not given Tallow Creek a reasonable opportunity to comply with the provisions of the NHWA.

64.

Plaintiffs' damages claim against Tallow Creek is also limited:

- to the reasonable cost of repair or replacement necessary to cure a defect; and
- in the aggregate, shall not exceed the original purchase price of the Property.

8

00051

SCANNED
OCT 13 2009

See LA. REV. STAT. ANN. § 9:3149(A) (2009).

65.

Tallow Creek avers that Plaintiffs' claims against it are also governed by Plaintiffs' 2-10 Home Buyer's Warranty ("2-10 Agreement"). *See* Exhibit B.

65(a).

Plaintiffs expressly waived all other express or implied warranties, including any oral or written statements or representations made by Tallow Creek, and any implied warranty of habitability, merchantability, fitness and all other implied or express warranties. *See* Exhibit B at p. 5.

65(b).

By enrollment into the 2-10 Home Buyers Warranty, Plaintiffs also waived all rights of action against Tallow Creek other than their alleged claims under the NHWA. Plaintiffs' express waiver includes, but is not limited to, negligence, failure to warn, redhibition, breach of statutory warranties contained in Louisiana Civil Code article 2762, and breach of contract of construction. *See id.*

65(c).

By enrollment into the 2-10 Home Buyers Warranty, Plaintiffs' claims are barred to the extent they stem from:

- Any loss or damage that is caused or made worse by:
  - negligence, improper maintenance, defective material or work supplied by, or improper operation by, anyone other than Tallow Creek or its employees, agents, or subcontractors, including failure to comply with the warranty requirements of manufacturers of appliances, equipment or fixtures;
  - Plaintiffs' failure to give prompt and proper notice to Home Buyers Warranty Corporation and Tallow Creek of any defect;
  - Microorganisms, fungus, decay, rotting of any kind, mold, mildew, corrosion, rust, formaldehyde, any solid, liquid or gaseous pollutant, contaminant, toxin, irritant or carcinogenic substance, whether organic or inorganic, including any claim of health risk or un-inhabitability based on any of the foregoing;

00052

SCANNED
OCT 13 2009

    o    Plaintiffs' failure to minimize or mitigate any defect, condition, loss or damage as soon as practicable.

*See id.* at p. 8.

### 65(d).

Plaintiffs' claims for damages stemming from the following are also barred: cost of shelter, transportation, food, moving, storage, or other incidental expenses related to relocation during repair, or any other costs due to loss of use, inconvenience, or annoyance, diminished market value of the Property, and any and all consequential loss or damage. *See id.*

### 66.

By signature to the Conventional Purchase Agreement for the Property, Plaintiffs waived any and all claims for bodily injury, medical, hospital, rehabilitation and other incidental or consequential expenses, and damage to personal property. *See* Exhibit A.

### 67.

Plaintiffs' alleged damages, if any, were caused, in whole or in part, by the errors, acts, omissions, negligence, and/or fault of third parties over whom Tallow Creek exercised no control, authority or supervision and for whose acts and omissions it is not responsible in whole or in part. Such errors, acts, omissions, negligence, and/or fault should operate completely to bar recovery against Tallow Creek or, alternatively, to reduce any recovery against Tallow Creek.

### 68.

Tallow Creek asserts that Plaintiffs' action may be wholly or partially barred by the doctrines of equitable or judicial estoppel, waiver, laches, unclean hands, peremption, prescription, or any applicable statutes of limitation.

### 69.

Plaintiffs' petition is impermissibly vague and ambiguous as it relates to its claims in "negligent or fraudulent misrepresentation" and "failure to warn."

### 70.

Plaintiffs have failed to plead fraud with particularity.

00053
SCANNED
OCT 13 2009

71.

Tallow Creek affirmatively alleges that Plaintiffs' claims must be denied or reduced on account of Plaintiffs' failure to mitigate any damages allegedly sustained herein.

72.

Tallow Creek affirmatively alleges that Plaintiffs' LUTPA claim is such that Tallow Creek is owed its attorney's fees and costs for defending against same. *See* LA. REV. STAT. ANN. § 51:1409 (2009).

73.

At all times, Tallow Creek acted with due care.

74.

Tallow Creek is free from any and all negligence.

75.

Tallow Creek, at all times, complied with all applicable laws, regulations, and standards.

76.

Except to the extent expressly admitted above, Tallow Creek denies the material allegations of the petition and demands strict proof thereof.

77.

Tallow Creek expressly reserves its right to reevaluate and/or assert additional defenses upon discovery and review of additional documents and information and upon the development of other pertinent facts.

### THIRD-PARTY DEMANDS BY TALLOW CREEK, L.L.C.

AND NOW, assuming the role of THIRD-PARTY PLAINTIFF, Tallow Creek, L.L.C., asserts the following claims pursuant to Louisiana Code of Civil Procedure articles 1033 and 1111 and avers as follows:

1.

00054

SCANNED
OCT 1 3 2009

Named as Third-Party Defendants herein are:

Graf's Drywall, L.L.C., a Louisiana Limited Liability Company doing business in the state of Louisiana ("Graf's");

Interior/Exterior Building Supply, LP, a Louisiana limited partnership maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119 ("IE Building");

Interior/Exterior Enterprises, LLC, a Louisiana LLC maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119 ("IE Enterprises"); and

South Cortez, LLC, a Louisiana LLC maintaining its principal place of business at 727 S. Cortez, New Orleans, Louisiana 70119 ("Cortez"). IE Building, IE Enterprises and Cortez are collectively IE Builders.

2.

On or about August 27, 2009, Plaintiffs in the main demand filed suit for damages allegedly resulting from the faulty construction of their home. *See generally* Petition.

3.

Plaintiffs allege that on or about October 15, 2005, they signed a Conventional Purchase Agreement with Tallow Creek, L.L.C. to buy property bearing municipal address 820 Cole Court, Covington, Louisiana 70433. *See* Petition, ¶¶ 4 - 18.

4.

Plaintiffs further allege that on or about June 19, 2006, they closed on a new home that was constructed by Southern Homes, L.L.C. and sold to them by Tallow Creek, L.L.C. (collectively "Tallow Creek").[2] *See id.*

5.

Plaintiffs further allege that their home contains defective Chinese drywall that was installed by either Tallow Creek or its subcontractor. *See id.* Tallow Creek alleges that IE Builders were the suppliers of the drywall at issue and Graf's was the installer.

6.

Plaintiffs further allege that Tallow Creek is liable to them under various theories of liability for any and all damages sustained by them in connection with the purchase of their home.

---

[2] As noted in the Answer above, Southern Homes, L.L.C. has been improperly named as a defendant in this matter. Southern Homes in no way participated in the construction or design of Plaintiffs' home, nor does it have any contractual privity with the Plaintiffs.

00055

SCANNED

7.

Tallow Creek denies that it has any legal liability to Plaintiffs, but avers that if such liability exists, Graf's and IE Builders are liable to Tallow Creek for any such liability Tallow Creek may have for any damages sustained by Plaintiffs that allegedly resulted from defective Chinese drywall.

8.

Upon information and belief, Graf's was the only drywall installer used by Tallow Creek on Plaintiffs' home.

9.

Tallow Creek and Graf's entered into various agreements wherein Graf's agreed to install drywall in the developing Tallow Creek Subdivision, particularly for the Esplanade Model Homes. The agreements require Graf's to indemnify and hold harmless Tallow Creek from and against any and all damages rendered against Tallow Creek in this matter.

10.

Tallow Creek is seeking contribution and indemnity from Graf's for any and all judgments and awards that may be rendered against Tallow Creek.

11.

In the alternative, the cause of the alleged defect made the subject of this litigation was due in whole or in part by the negligence of Graf's, and not by any negligence of Tallow Creek. Graf's is alleged to be negligent in its failure to properly install and inspect the drywall.

12.

Alternatively, Graf's was to have procured insurance naming Tallow Creek as an additional insured. Based upon the issuance of said policies, Graf's and its insurers are obligated to provide Tallow Creek indemnity coverage and defense in this matter.

13.

Upon information and belief, IE Builders was the only drywall supplier used by Tallow Creek in connection with the construction of Plaintiffs' home.

14.

00056
SCANNED
OCT 13 2009

The drywall sold by IE Builders is the proximate cause of any and all alleged damages sustained by Plaintiffs.

15.

If Tallow Creek has any legal liability to Plaintiffs, IE Builders is liable to Tallow Creek for same.

WHEREFORE, Tallow Creek prays that its Answer be deemed good and sufficient and that after due proceedings are had hereon, Plaintiffs' Petition be dismissed with prejudice and Tallow Creek be awarded such other general and equitable relief as this Court deems appropriate. Tallow Creek, L.L.C. further prays that in the event it is found liable to Plaintiffs, Graf's and IE Builders are liable to Tallow Creek for same.

Respectfully submitted,

_____
JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR SOUTHERN HOMES, LLC; AND
TALLOW CREEK, LLC

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, and/or via facsimile, properly addressed and postage prepaid, this 5th day of October, 2009.

_____
JAMES M. GARNER

00057

14

SCANNED
OCT 13 2009

PLEASE SERVE WITH THIS ANSWER AND THIRD-PARTY DEMAND AND
PLAINTIFFS' ORIGINAL PETITION:

Graf's Drywall, L.L.C.
Through its registered agent Russell Graff
57460 St. Alexander Road
Husser, Louisiana 70442


Interior/Exterior Building Supply, L.P.
Through its general partner Interior/Exterior Enterprises, L.L.C.
Through its registered agent: **Clayton C. Geary**
727 S. Cortez Street
New Orleans, LA 70119

Interior/Exterior Enterprises, L.L.C.
Through its registered agent: **Clayton C. Geary**
727 S. Cortez Street
New Orleans, LA 70119

and

South Cortez, L.L.C.
Through its registered agent: **Clayton C. Geary**
727 S. Cortez Street
New Orleans, LA 70119

00058

15

SCANNED
OCT 13 2009