UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| DRYWALL PRODUCT LIABILITY | * | SECTION: L |
| LITIGATION | * | JUDGE FALLON |
| | * | MAG. JUDGE WILKINSON |
| ************************************** | | |
| THIS DOCUMENT RELATES TO: | * | |
| Matthew and Mary Catherine Torrance | * | |
| ************************************** | | |

**OBJECTION TO MOTION TO EXTINGUISH THE KNAUF
DEFENDANTS' SETTLEMENT OBLIGATIONS**

NOW INTO COURT, through undersigned counsel comes Plaintiffs' Matthew and Mary Catherine Torrance, who object to Motion to Extinguish the Knauf Defendants' Settlement Obligations for the reason set forth below.

Matthew Torrance discovered his home had Chinese drywall July 2009 and thought this could explain the respiratory issues his young son was experiencing. Further complicating this issue was the fact that his wife was pregnant with their second child. Mr. Torrance works for a construction company and with the knowledge at hand in early October 2009, Mr. Torrance started the remediation process of his home. Mr. Torrance has turned over all his costs documents and photographs that were taken before, during and after remediation of the home. (See Exhibit A)

Knauf contends that Mr. Torrance's claims should be dismissed because his drywall contained the marks "KNAUF Tianjin, China" and had the blue/yellow banded end-tape around his drywall. His home also contained drywall from Pro-Roc. Defendants are claiming that his drywall was non-reactive and are asking the Court to extinguish their obligation.

Even if one agrees the drywall in Mr. Torrance's house was non-reactive, he still had no choice to remove and replace it if he was to have any hope of selling his home in the future.  As the Chinese Drywall epidemic spread through Louisiana, no new homebuyer would be willing to pay market rate for a home that contained "Chinese Drywall".  Mr. Torrance's claim should not be extinguished just on this fact.

Claimants continue to have viable existing claims against the Knauf Defendants which have not been fully settled under the Knauf Class Settlement Agreement, Global Banner or INEX Settlement Agreements. Therefore, such claims should not be extinguished.

The claimants respectfully object and affirmatively state that their claims to this Objection should not be extinguished until a determination by the Court has been made as to the Knauf Defendants settlement obligations as them.

Accordingly, Claimants request that the Court enter an Order that the Claimants, Matthew and Mary Catherine Torrance's claims are not extinguished until further Order of this Court.

Respectfully submitted,

*By /s/ Salvadore Christina, Jr.*
Salvadore Christina, Jr. (27198)
P.O. Drawer H
Reserve, LA. 70084
Telephone:	(985) 536-1186
Telefax:	(985) 536-6445
Email: dbecnel@becnellaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, via the Court's CM/ECF system and Lexis Nexis File/Serve, this 9th day of November 2016.

/s/ Salvadore Christina, Jr.
Salvadore Christina, Jr.