UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXTINGUISH
THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS**

The Knauf Defendants[1] file this Reply Memorandum in Support of their Motion to Extinguish the Knauf Defendants' Settlement Obligations. (Rec. Doc. 20517).

**I.    BACKGROUND**

Pursuant to the Knauf Class Settlement Agreement, the New Claims Settlement Agreement, and the Knauf Defendants' acceptance of certain late filed claims, Settlement Claimants have been permitted to seek remediation or compensation for properties affected by Chinese drywall.  In light of the nearing end of the Knauf Class Settlement Agreement, the low number of remaining claims, and the Settlement Administrator's soon completion of its obligations under the Knauf Class Settlement Agreement, the Knauf Defendants' filed a Motion to Extinguish any further settlement obligations under the Knauf Class Settlement Agreement, with the exception of its settlement obligations to specific, known Settlement Claimants. (Rec.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Doc. 20517). The Knauf Defendants attached to its motion two exhibits that identified pending ARH claims (Rec. Doc. 20517-2) and remediation claims (20517-3) that were known to the Knauf Defendants.

Following the Court's order that all oppositions to the motion be filed on or before November 9, 2016, the Knauf Defendants received informal requests and formal oppositions to its motion to add certain claims to the pending list of Settlement Claimants. (Rec Docs. 20538, 20539, 20540, 20541, 20543). Further, the PSC filed a response wherein it requested that the Court retain jurisdiction to conclude these matters, and that the Court should hold the motion in abeyance or deny it without prejudice. (Rec. Doc. 20542).

**II.    ARGUMENT**

    ***A.    All Specific Objections to the Knauf Defendants' Motion to Extinguish have been resolved.***

Following informal requests and formal objections filed by various plaintiffs' counsel regarding the Knauf Defendants' Motion to Extinguish, the Knauf Defendants conferred with plaintiffs' counsel regarding the appropriateness and validity of each's respective objection. The Knauf Defendants were able to resolve all specific objections that sought to add additional Settlement Claimants to the Knauf Defendants' list of pending claims under the Knauf Class Settlement Agreement. By listing Settlement Claimants as pending claims, the Knauf Defendants are not admitting that any Settlement Claimant is eligible, or that they are entitled to receive any settlement benefits under the Knauf Class Settlement. Each claim must be individually reviewed and approved as an eligible participant in the Knauf Class Settlement Agreement and the Knauf Defendants reserve all rights to examine the claims and deny

eligibility where appropriate.[2]  Nonetheless, the Knauf Defendants have agreed with plaintiffs' counsel to add Settlement Claimants as pending claims to be resolved, mediated, or extinguished through the processes set forth in the Knauf Class Settlement Agreement.  The additional Settlement Claimants that are to be added are attached as Exhibit A.  A revised proposed order to the Knauf Defendants' Motion to Extinguish, which now includes all pending Settlement Claimants, is attached as Exhibit B. Based on the addition of the Settlement Claimants, it is the Knauf Defendants' understanding that all specific objections have been resolved and there are no further pending or disputed requests to add Settlement Claimants to the pending claims list.

### B. It is Appropriate to Grant the Knauf Defendants' Motion at this Time.

In its response (Rec. Doc. 20542), the PSC references the Knauf Defendants' commitment to fulfilling its obligations to Settlement Claimants, to the extent Settlement Claimants are eligible. Further, the PSC requests that the Court retain jurisdiction and hold the motion in abeyance or deny it, without prejudice.

First, respectfully, the PSC misunderstands the purpose of the Knauf Defendants' motion. As the PSC knows, over the course of several previous MDL 2047 status conferences, the Settlement Administrator and the Knauf Defendants have continually and consistently reiterated to the parties and to the Court that the administration aspect of the Knauf Class Settlement Agreement is soon ending.  The Knauf Defendants have been working with the Settlement Administrator and the Settlement Contractor to identify the universe of pending Settlement Claimants that may be eligible for remediation or ARH benefits.  The Knauf Defendants have taken this information, along with information provided by plaintiffs' counsel, to create a list of

---

[2] For example, Settlement Claimants listed may be ineligible to receive settlement benefits because they purchased Affected Property with knowledge that it contained Chinese drywall, failed to comply with pretrial orders, failed to comply with settlement administrator procedures, etc.  Furthermore, certain Settlement Claimants are listed even though the claims require no further obligation from the Knauf Defendants (GBI/Other Loss Fund Claims).

3

all pending claims that remain to be administered pursuant to the Knauf Class Settlement Agreement as a remediation or ARH claim. The present motion is limited to defining the universe of pending remediation and ARH claims that need to be resolved, mediated and/or extinguished and is not intended to be construed as a request to limit the Knauf Defendants' continuing obligations to Settlement Claimants that are currently undergoing remediation or that may exercise warranty claims in connection with a prior remediation. Furthermore, the Knauf Defendants agree that the Court will retain jurisdiction to enforce the terms of the Knauf Class Settlement Agreement.

      Second, while the Knauf Defendants understand the PSC's obligation to represent the common interests of all Settlement Claimants to the Knauf Class Settlement Agreement, now is an appropriate time for the Court to act on the motion. As set forth in its motion, the Knauf Defendants have resolved, mediated and/or extinguished thousands of claims over the past six years. The Knauf Defendants expect to resolve, mediate and/or extinguish the remaining pending claims sometime early next year. The Knauf Defendants' motion is timely, appropriate, and defines the ARH and remediation claims that remain to be administered under the Knauf Class Settlement Agreement. As such, the motion should be granted.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:	504.566.8646
Facsimile:	504.585.6946
Email:	kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

# CERTIFICATE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 16th day of November 2016.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

5