# Exhibit 3

# FAIRCLOTH, MELTON & SOBEL, LLC

*ATTORNEYS*

JIMMY R. FAIRCLOTH, JR. [1]
BARBARA BELL MELTON
DAVID R. SOBEL [2]
CHRISTIE C. WOOD
BROOK LANDRY VILLA
MATTHEW L. NOWLIN
DREW HOFFMANN

ONE AMERICAN PLACE
301 MAIN STREET, SUITE 920
BATON ROUGE, LA 70801
PHONE (225) 343-9535
FAX (225) 343-9538
www.faircothlaw.com

*OF COUNSEL*
WILSON & WILSON
JENA, LA

[1] L.L.M. IN LITIGATION
[2] ALSO ADMITTED IN TEXAS

October 18, 2016

**VIA EMAIL:** balhoff@pbmbllc.com
Mr. Daniel J. Balhoff
PERRY, BALHOFF, MENGIS & BURNS, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808

RE:   In re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047
      (E.D. La.) – Request for Expanded Discovery

Dear Special Master Balhoff,

On behalf of Primary Counsel, we offer this reply to the Fee Committee's letter of October 13 ("FC Letter") opposing Primary Counsel's request for expanded discovery under CMO 1.

First, the FC labeling itself as the victim of "in terrorem" discovery abuse is maligned by the fact that ***twenty four*** firms have voluntarily consolidated their efforts to streamline this process as much as reasonably possible given the circumstances. If the goal was to terrorize the FC, there would be separate discovery requests from each objector. The CMO should be expanded, now, to avoid an overly expensive, slow-drip exercise that unreasonably burdens everyone, including the Court. On this issue, the FC clearly is not focused on the common benefit.

Second, Primary Counsel agree that "the scope of discovery to be afforded to Primary Counsel must take into account what is 'proportional to the needs of the case considering … whether the burden or expense of the proposed discovery outweighs its likely benefit.'" FC Letter at page 8, quoting FRCP 26(b)(1). Determining proportionality in this instance requires consideration of the following:

- The FC is seeking the largest percentage allocation of common benefit fees in history;
- The amount in controversy is ***$119,000,000***;
- Primary Counsel has contractual rights to all of those funds;

Page 2
October 18, 2016

- Common benefit counsel have <u>no</u> legal right to any of those funds;
- The FC is asking the Court to invoke its equitable administrative authority in an unprecedented manner, to alter fee contracts for the benefit of common benefit lawyers, not for the protection of mass tort claimants; and
- The PSC and common benefit attorneys were required by Court order to create and maintain most of the documents sought by Primary Counsel for the very purpose of establishing a record to support a request for common benefit fees.

In this context, it is hardly unreasonable or overly burdensome to require the FC and PSC to invest the time and expense necessary to allow Primary Counsel an opportunity to fairly challenge the *taking of their contractual fees*.

Second, the FC wrongly relies on class action fee jurisprudence governed by Rule 23 and MDL jurisprudence where courts invoke ethical authority to protect claimants from unreasonable attorney fees. See *Objection and Request to Modify Special Master Case Management Order No. 1*.[1] The FC invites Judge Fallon to extend the common benefit doctrine to a new frontier, one that will very likely have negative consequences on the future of mass litigation.

Third, as stated in Primary Counsel's request of October 7, this fee dispute fundamentally concerns the size of the total recommended common benefit allocation requested by the FC, which turns on the legitimacy of the <u>volume</u> and <u>benefit</u> of common benefit work allegedly performed. To mount any meaningful challenge, Primary Counsel must be able to discover *what* common benefit work was performed, *why* such work was performed, and *how* such work allegedly contributes to the common benefit. It is clear that the FC wants to limit the focus to *what* work was performed, which is a relatively easy accounting exercise (hence, the FC pushing Mr. Garrett), while doggedly resisting production of records that relate to *why* the work was performed and *how* it allegedly created benefit. Limiting discovery to merely *what* work was performed reduces Due Process to form over substance.

Fourth, the documents requested by Primary Counsel fall into three categories:

(1) Documents the PSC and common benefit attorneys were required to create and maintain under Court order, specifically Pre-Trial Order Nos. 9, 9A and 28;

- All initial submissions of common benefit time and expenses
- All revised submissions of common benefit time and expenses

(2) Documents the PSC should have created and maintained as a record of certain *activity* governed by Court order;

- Transcripts, agenda and minutes of PSC and FC meetings;

---

[1] This Objection, a copy of which is enclosed with this correspondence, will be filed once Special Master Case Management Order No. 1 is filed with the Court.

Page 3
October 18, 2016

- Emails, written communications and other documents to the PSC or any member of the PSC requesting authorization to conduct common benefit work Pursuant to Pre-Trial Order No. 9;
- Emails, written communications and other documents from the PSC or any member of the PSC authorizing, approving or denying common benefit work pursuant to Pre-Trial Order No. 9;

(3) Documents relating to the internal decisions and deliberations by the PSC and/or FC leadership regarding the nature and volume of alleged common benefit activities, consisting of

   A. Documents (memoranda, reports, ledgers, spreadsheets) prepared by or with input from Sandra Duggan, and
   B. Emails, written communications, and other documents to, from, by or with input from PSC member(s) or FC member(s) discussing or relating to:
      o The allocation of fees between common benefit and primary counsel;
      o The claims against Taishan and/or other non-settling defendants;
      o Whether a particular activity or expense was for the common benefit;
      o The allowance or disallowance of common benefit time or expenses;
      o Value of benefits conferred upon claimants by either common benefit counsel or individually retained counsel.

The FC can establish no legitimate reason to deny Primary Counsel production of documents in category 1. These documents are highly relevant and easily accessible. The Court required common benefit counsel to create, maintain and electronically submit these documents monthly to the PSC for the very purpose of establishing a record for common benefit fees.

The same rationale applies to the first item in category 2, transcripts, agenda and minutes of meetings. Why else create such records if not to build a common benefit record? Although the remaining category 2 documents may be more burdensome to produce, that burden must be borne by the PSC because it had complete control over the process and should have carefully documented its exercise of authority, knowing full well that its decisions may be challenged when it came time for someone else to pay the bill. Allowing the PSC to secrete category 2 documents from Primary Counsel under these circumstances makes it effectively unaccountable for its exercise of authority to control the scope of common benefit work.

Documents in category 3A were prepared by or for Ms. Dugan as she screened common benefit applications for the PSC. These are limited in number and many were already filed into the record for certain objectors; thus, there document burden of production will be minimal.

Admittedly, category 3B will be the most burdensome to gather and produce because it is unlikely that the PSC anticipated that these records would be viewed by others. For that very reason, these records likely contain the most relevant evidence on the legitimacy of common benefit work. There is a belief among Primary Counsel that a portion of the common benefit work was approved and performed primarily to generate a common benefit fee, rather than to prosecute the common good. The Taishan claim provided a convenient vehicle. As a compromise, Primary Counsel will hold its request for these documents (at least, for now) if a provision is added to CMO 1 requiring each party to propose and exchange with the other party, within one week of the date of this correspondence, a list of search terms for category 3B documents. If the parties are unable to mutually agree on search terms within one week of exchanging search terms, the Special Master will make a determination as to which search terms should be employed and order the FC and/or PSC to conduct the necessary searches for category 3B documents and produce the resulting documents to Primary Counsel.

Finally, Primary Counsel categorically disagree that Taishan work should be counted toward the common benefit and further object to the extent that the global settlement fund has been depleted to reimburse the PSC for expenses associated with the Taishan litigation. The FC and PSC have gone to great lengths to commingle the Taishan claim with the settled claims to substantiate its excessive common benefit request, despite the fact that Taishan contributed nothing and the litigation continues. Primary Counsel should not be forced to accept that this work is "intertwined" because the PSC says so.

Thank you for permitting this reply.

Sincerely,

| **FAIRCLOTH, MELTON & SOBEL, LLC** | **LISKA, EXNICIOS & NUNGESSER** |
|---|---|
| By: /s/ *Jimmy R. Faircloth, Jr.* | By: /s/ *Val Patrick Exnicios* |
| Jimmy R. Faircloth, Jr., *Co-Liaison Counsel* | Val Patrick Exnicios, *Co-Liaison Counsel* |
| jfaircloth@fairclothlaw.com | vpexnicios@exnicioslaw.com |
| Brook L. Villa | 1515 Poydras Street |
| bvilla@fairclothlaw.com | 14th Floor, Ste. 1400 |
| Franklin "Drew" Hoffmann | New Orleans, LA. 70112 |
| dhoffmann@fairclothlaw.com | Phone: (504) 410-9611 |
| 301 Main Street, Suite 920 | Fax: (504) 410-9937 |
| Baton Rouge, LA 70801 | Cell: (504) 495-9666 |
| Phone: (225) 343-9535 | |
| Fax: (225) 343-9538 | *Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins* |
| *Attorneys for Parker Waichman LLP* | |

Page 5
October 18, 2016

| | |
|---|---|
| **BARON & BUDD, P.C.**<br><br>By:   /s/ *Russell W. Budd*<br>   Russell W. Budd<br>   rbudd@baronbudd.com<br>   S. Ann Saucer<br>   asaucer@baronbudd.com<br>   3102 Oak Lawn Avenue, Suite 1100<br>   Dallas, TX 75219<br>   Phone: 214-521-3605<br>   Fax: 214-520-1181 | **GENTLE, TURNER, SEXTON & HARBISON, LLC**<br><br>By:   /s/ *K. Edward Sexton, II*<br>   K. Edward Sexton, II<br>   esexton@gentlelaw.com<br>   501 Riverchase Parkway East, Suite 100<br>   Hoover, Alabama 35244<br>   Phone: (205) 716-3000 |
| **MCCALLUM, HOAGLUND, COOK & IRBY, LLP**<br><br>By:   /s/ *Eric D. Hoaglund*<br>   Eric D. Hoaglund<br>   ehoaglund@mhcilaw.com<br>   905 Montgomery Highway, Suite 201<br>   Vestavia Hills, Alabama 35216<br>   Phone: (205) 824-7767<br>   Fax: (205) 824-7768 | **MILSTEIN, ADELMAN, JACKSON, FAIRCHILD & WADE, LLP**<br><br>By:   /s/ *Mark Milstein*<br>   Mark Milstein<br>   mmilstein@majfw.com<br>   10250 Constellation Blvd., 14th Floor<br>   Los Angeles, CA 90067<br>   Phone: (310) 396-9600<br>   Fax: (310) 396-9635 |
| **ROBERTS AND DURKEE, LLP**<br><br>By:   /s/ *C. David Durkee*<br>   C. David Durkee<br>   durkee@rdlawnet.com<br>   2665 South Bayshore Drive, Suite 300<br>   Coconut Grove, FL 33133<br>   Phone: (305) 442-1700<br>   Fax: (305) 442-2559 | **ALTERS LAW FIRM, PA**<br><br>By:   /s/ *Matthew T. Moore*<br>   Jeremy W. Alters, Esq.<br>   Matthew T. Moore<br>   matthew@alterslaw.com<br>   DCOTA \| Design Center of the Americas<br>   1855 Griffin Road<br>   Suite C470<br>   Dania Beach, Florida 33004 |
| **COLLINS & HORSLEY, P.C.**<br><br>By:   /s/ *David L Horsley*<br>   David L Horsley (AL #6090-I47H)<br>   david@collinshorsley.com<br>   2021 Morris Avenue, Suite 200 | **ALLISON GRANT, P.A.**<br><br>By:   /s/ *Allison Grant*<br>   Allison Grant<br>   agrant@allisongrantpa.com<br>   14 SE 4th St |

Case 2:09-md-02047-EEF-MBN   Document 20552-3   Filed 11/18/16   Page 7 of 7

Page 6
October 18, 2016

| | |
|---|---|
| Birmingham, Alabama | Boca Raton, FL 33432-6111 |
| Phone: 205-324-1834 | Phone: 561-994-9646 |
| Fax: 205-324-1846 | Fax: 561-431-4627 |

| | |
|---|---|
| **GIEGER, LABORDE & LAPEROUSE, LLC** | **YANCE LAW FIRM, LLC** |
| By: /s/ *Victoria E. Emmerling* | By: /s/ *R. Tucker Yance* |
| Andrew A. Braun | R. Tucker Yance |
| abraun@glllaw.com | rty@yancelaw.com |
| Victoria E. Emmerling | 169 Dauphin Street Suite |
| temmerling@glllaw.com | 318 Mobile, AL 36602 |
| 701 Poydras Street, Suite 4800 | Phone: (251) 432-8003 |
| New Orleans, Louisiana 70139-4800 | Fax: (251) 432-8009 |
| Phone: (504) 561-0400 | |
| Fax: (504) 561-1011 | |

*Attorneys for Morris Bart, L.L.C.*

JRF/ab

Enclosure