# EXHIBIT A

## LEVIN, FISHBEIN, SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
LUKE T. PEPPER
NICOLA F. SERIANNI *

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

* also admitted in New Jersey
† also admitted in New York

October 13, 2016

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

**VIA EMAIL**

Philip A. Garrett, CPA
600 Northwoods Drive
Abita Springs, LA 70420

  Re: <u>*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047 (E.D. La.)</u>

Dear Mr. Garrett:

  This letter is to inform you of a calculation error in the amount of fees available for distribution from the Four Virginia-Based Settlements. In the attorney fee reconciliation spreadsheet, it was determined that $192,981,363.35 is the amount available for common benefit and individual attorneys' fees. The Court will determine which portion of the Virginia attorney fees will be allocated for common benefit fee distribution. The remaining Virginia attorneys' fees constitute individual attorneys' fees set aside from the Four Virginia-based Settlements. **However, this set aside for individual attorneys' fees from the Four Virginia-based Settlements should have been excluded from the total available for distribution to from the Global/Banner/InEx/Knauf settlements.** The plain language of the Virginia-based Settlements Court-approved Allocation Plan, the four Virginia settlement agreements themselves, and the Final Approval Order make clear that the individual attorneys' fees from the Four Virginia-based Settlements should *only* be divided among counsel who represented members of the Four Virginia-based Settlement Classes. Thus, the aggregate amount available for individual attorneys' fees should be reduced to exclude the portion of the Virginia-based Settlement fees, which was set aside for private attorneys who represented members of the Virginia-based Settlement Classes.

  First, each of the Virginia-based Settlement agreements makes clear that "privately retained attorneys for all *class members*" (defined in the agreements as "Petitioning Attorneys"), along with common benefit counsel and class counsel, shall be entitled to petition the Court for attorneys' fees from those settlement funds. *See, e.g.*, Nationwide Settlement Agreement § 17.8

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Philip A. Garrett, CPA
October 13, 2016
Page 2

(Rec. Doc. 15969-5) (emphasis added). The "class members" are defined within each agreement as those who were injured by Chinese Drywall and whose damages were within the legal responsibility of the settling insurance companies (Nationwide, Builders Mutual, Hanover, and State Farm). *See e.g., id.* §1.1.1. Thus, privately retained attorneys for "class members" necessarily can include only attorneys who represented members of the class, as defined.

This reading is consistent with the Court-approved allocation plan, which contemplates that "following the submission of claims forms...the Court will determine the appropriate amount of attorneys' fees and/or common benefit fees awards *for each Affected Property* from the Attorneys' Fees Set Aside." Rec. Doc. 16800-7 at §3. Thus, the allocation plan makes clear that individual attorneys' fee awards will be associated with the specific properties that are the subject of the Virginia-based Settlements – not properties outside of those settlements.

The Court's final approval order approved the fee and cost provisions of both the Settlement Agreements and Allocation Plan – and it did so after members of the class had been notified of the fee and cost provisions of the settlement agreements and had an opportunity to object or opt out. After considering a small number of objections, the Court found that the above settlement and allocation provisions were "fair, reasonable, and adequate." Rec. Doc. 16934 at 18.

Inclusion of the individual attorneys' fees set aside from the Virginia-based settlements in the total fees available for distribution was inconsistent with the Four Virginia-based Settlement Agreements and the Court's order approving those settlements. Additionally, none of the Virginia class members were part of the Knauf, Banner or InEx settlements and were not on the spreadsheet of properties participating in those settlements. Only a very small percentage of the Virginia class members participated in the Global settlement. The privately retained lawyers for Virginia class members will not receive any portion of the individual attorneys' fees from the Global/Banner/InEx/Knauf Settlements based on their representation of Virginia Class members, with only a few exceptions related to the Global settlement (which will be confirmed by BrownGreer). Thus, the private attorneys' fee set aside for the Four Virginia-based Settlements must be removed from the total available to all individual attorneys in this litigation.

In essence, this adjustment will make crystal clear the division of private counsel fees attributable to the Global/Banner/InEx/Knauf settlements and the Virginia settlements. The adjustment is necessitated by the fact that the Global/Banner/InEx/Knauf settlements were administered by Brown Greer and the Virginia settlements were administered by Special Master Garretson.

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Philip A. Garrett, CPA
October 13, 2016
Page 3

  Accordingly, we would appreciate your preparation of revised reconciliation correcting this calculation error.

  Thank you for your continued patience and all of your efforts.

Sincerely,

_____
ARNOLD LEVIN
Plaintiffs' Lead Counsel

_____
RUSS M. HERMAN
Plaintiffs' Liaison Counsel

_____
RICHARD J. SERPE
Virginia Class Counsel

cc: Daniel J. Balhoff, Esquire (via email)
  Jeremy W. Alters, Esquire (via email)
  Russell W. Budd, Esquire (via email)
  Allison Grant, Esquire (via email)
  Theodore J. Leopold, Esquire (via email)
  Gregory S. Weiss, Esquire (via email)
  James V. Doyle, Jr., Esquire (via email)
  David Horsley, Esquire (via email)
  K. Edward Sexton, II, Esquire (via email)
  Eric D. Hoaglund, Esquire (via email)
  John Hawkins, Esquire (via email)
  Paul A. Lea, Jr., Esquire (via email)
  Mark Milstein, Esquire (via email)

**LEVIN, FISHBEIN, SEDRAN & BERMAN**

Philip A. Garrett, CPA
October 13, 2016
Page 4

cc  David Durkee, Esquire (via email)
    Scott Wm. Weinstein, Esquire (via email)
    Victoria E. Emmerling, Esquire (via email)
    Andrew A. Braun, Esquire (via email)
    Jimmy R. Faircloth, Jr., Esquire (via email)
    Brook L. Villa, Esquire (via email)
    Franklin "Drew" Hoffmann, Esquire (via email)
    Richard H. Taylor, Esquire (via email)
    Val Patrick Exnicios, Esquire (via email)
    William P. Buckley, Esquire (via email)
    R. Tucker Yance, Esquire (via email)
    Dorothy Wimberly, Esquire (via email)
    Hillarie Bass, Esquire (via email)