UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THE FEE COMMITTEE'S RESPONSE IN OPPOSITION TO THE
MOTION OF TAYLOR MORRISON, INC., THE RYLAND GROUP,
INC., AND LWH, LLC FOR DETERMINATION OF ACTIVE
BUILDERS STATUS WITH INCORPORATED MEMORANDUM

I. INTRODUCTION

The Fee Committee ("FC") submits this response in opposition to the Motion of Taylor

Morrison, Inc., The Ryland Group, Inc. and LWH, LLC for Determination of Active Builders

Status with Incorporated Memorandum [Rec.Doc. 20503].  The Movants, who are represented by

Neil Sivyer of the law firm of Sivyer, Barlow & Watson, P.A., contend that they are "Active

Builders" as defined by the Memorandum of Understanding ("MOU") [Rec.Doc. 20381-1], and,

as such, are entitled to an additional return of 9% the Attorneys' Fee set-asides in the amount of

$112,048.46.[1]

---

[1] Since the entry of the MOU on July 11, 2016, the parties to the MOU agreed to certain
amendments to the MOU [Rec.Doc. 20467-1], which resulted in a slight adjustment (0.75%) to
the amount of the set-asides that had to be returned to Various Homebuilders in order to
compensate Co-Class Counsel Dorothy Wimberly for her services pursuant to the Banner and
Global Settlements.  *See* Amended MOU [Rec.Doc. 20467-1].

Pursuant to the Banner Settlement and the Global Settlement, 32% of the available Settlement funds were set aside for attorneys' fees. The Banner Settlement and Banner Allocation Plan (and by agreement in the MOU, the Global Settlement and Global Allocation Plan) provide that the PSC is limited to seeking payment of 10% of the Settlement funds for common benefit attorneys' fees from Builders that "have actively pursued this litigation" (*i.e.*, "Active Builders"). Accordingly, Active Builders will receive a return of 22% of the amounts set aside for attorneys' fees in Banner and Global (*i.e.*, 32% set-aside minus 10% cap). All Builders that signed the MOU, except for Mr. Sivyer's clients, have agreed that only the Builders represented by Greenberg Traurig, P.A. are considered Active Builders.

Under the MOU, all Builders, including Mr. Sivyer's clients, agreed that the PSC may seek 19% in common benefit fees from non-Active Builders in Banner and Global, which means non-Active Builders will receive a return of 13% of attorneys' fees, representing the non-common benefit portion of the set-asides (*i.e.*, 32% set aside minus 19% for common benefit fees).[2]

Mr. Sivyer is petitioning for his clients to be treated as Active Builders so they may receive an additional 9% return of fees (*i.e.*, 22% returned for Active Builders minus 13% returned to non-Active Builders). As shown below, Mr. Sivyer's clients are not "Active Builders" and, as such, they are not entitled to any additional return of attorneys' fees other than what is provided on the charts attached to the PSC's Motion for Approval of the MOU.

---

[2] For example, movants are scheduled to receive a refund pursuant to the Amended MOU in the amount of $134,133.98.

## II. **ARGUMENT**

By way of background, as this litigation progressed it became evident that the Plaintiffs would need to procure certain settlements as conditions precedent to a settlement with the manufacturers of KPT Chinese Drywall – the Knauf defendants.  In particular, each of the interrelated settlements concerning KPT Chinese Drywall, including the Banner and Global Settlements, were necessary to conclude the Knauf Settlement, as a portion of the funds derived from Banner and Global would become earmarked to contribute to Knauf.  The Banner Settlement, however, included Homebuilders as class members.  This proved to become the genesis of the instant dispute as to the Proposed Allocation Plan for the Banner Settlement, in which the parties agreed that "[f]or those Affected Properties that have been repaired by builders that have actively pursued this litigation seeking recovery from the Gross Settlement Amount, the maximum allowable award of attorneys' fees from the Attorneys' Fees Set Aside shall be ten percent (10%)….  For all other Affected Properties, the maximum allowable award of attorneys' fees from the Attorneys' Fees Set Aside shall be thirty-two percent (32%)."[3]  Similar language regarding builders that "actively pursued this litigation" was used in the Global Settlement despite the parties' disagreement over whether said builders had any entitlement to a refund of attorneys' fees.[4]

---

[3] *See* Proposed Allocation Plan – Banner MDL Settlement, Second Amended Version ¶3 (Jan. 16, 2013) [Rec. Doc. 16527-1].

[4] *See* Second Amended Settlement Allocation Plan for Settlement Involving Builders, Installers, Suppliers and Participating Insurers ("Global Settlement"), at ¶4 n.1  ("There remains a dispute as to what amount in fees and costs should be paid for Affected Homes that were repaired by a defendant who actively pursued this Litigation and/or whose homeowner did not actively pursue Litigation.  The Parties agree to submit this dispute for resolution by Judge Fallon as soon as possible if and when this settlement receives final approval.") [Rec. Doc. 16528-1].

Although the terms "actively pursued this litigation" and "Active Builders" were never defined, these terms were clearly understood by the parties to address the efforts of repairing builders that recovered funds from the Banner Settlement and/or Global Settlement for their work in contributing to the litigation writ large, *i.e.*, recovery from the manufacturers, as well as their efforts against suppliers and installers of Chinese Drywall, or their insurers.[5]  To this end, the Movants, through their counsel, Mr. Sivyer, contend that Mr. Sivyer's efforts somehow distinguish them from being similarly situated to every one of the other Builders on the MOU. Unfortunately for the Movants, none of Mr. Sivyer's individual efforts justify such distinction.

In this regard, only Hilarie Bass of Greenberg Traurig stands out.  Whereas Ms. Bass participated in the depositions of significant witnesses of the Knauf defendants (Baldwin Knauf, Isabel Knauf, Hans Peter Ingenillem, Martin Halbach, Hans Ulrich Hummel, and Mark Norris) and traveled to distant locations such as New York, London, England, Hong Kong, and Frankfurt, Germany to accomplish these tasks, Mr. Sivyer (or another lawyer from his office) merely attended by telephone the depositions of Martin Stuermer, Martin Halbach and Hans Ulrich Hummel.[6]  Further distinguishing himself from Ms. Bass who openly interrogated these witnesses (and others), Mr. Sivyer did not actively participate in such discovery.  Rather, like so many other counsel, he simply entered his appearance at the deposition, or had his associate monitor two other depositions.  Because Movants' Counsel's attendance at these depositions did not advance the litigation in any meaningful way, in contrast to that of the Greenberg Traurig

---

[5] Movants deny any importance regarding the efforts directed to the Knauf defendants.

[6] Mr. Sivyer's time records reveal that he only attended a "portion" of the first day of Mr. Stuermer's two-day jurisdictional deposition.  *See* Sivyer Barlow & Watson billing records, TM File 1 (8/18-19/2010) (Movants' Exhibit J) [Rec. Doc. 20503-10].

efforts, none of this passive work by Mr. Sivyer contributed to the litigation for recovery from the Knauf defendants or the Banner and Global Settlements.

Rather, the efforts of counsel for Movants, which they highlight, reflect the ordinary efforts akin to those engaged by countless other Builder defendants in connection with the Chinese Drywall litigation in general, and the Banner and Global settlements in particular. All of the general activity of Mr. Sivyer was in connection with the prosecution and defense of his clients' individual situations. Appropriately, Mr. Sivyer's time records and billing statements demonstrate that he was handsomely paid for these services by his clients. The settlements he achieved with Banner for "a portion of the homes in question," Movants' Brf. at 8, failed to contribute to any of the common benefit settlement funds now in question. In other words, Mr. Sivyer's efforts were performed to address the individual needs of his clients and were not performed with the intent of having an extended benefit that would justify a reduction in fees owed for common benefit work.[7]  To this point, none of the work-product Mr. Sivyer created was ever provided to the PSC to further its litigation efforts on behalf of all Plaintiffs. Movants' counsel's contention that their efforts with regard to the expert witnesses of Environ and DriRite appear to be related solely for the benefit of Movants alone in their individual cases. The PSC did not offer these experts in any common benefit action or bellwether trial, nor use them as common benefit witnesses. In addition, Movants' counsel's review and evaluation of insurance information relative to each subcontractor in their individual actions was administrative, ministerial, and consequential only as it related to the recovery of the Movants.

---

[7] The only notable exception being that Mr. Sivyer was one of ten attorneys appointed to the Defense Steering Committee, which Committee was directed by Ms. Bass. *See* Pretrial Order No. 7 [Rec. Doc. 143]. Again, he is the only one of the Defense Steering Committee members that even attempts to equate their work product with that of Ms. Bass.

## III.  **CONCLUSION**

WHEREFORE, for the reasons set forth above, Movants' efforts to secure the return of

additional attorneys' fees is totally unsubstantiated.  The Movants were not Active Builders.

Their motion should be denied.

Respectfully submitted,


Dated: October 4, 2016                    /s/ Russ M. Herman_____
                                          Russ M. Herman (Bar No. 6819) (on the brief)
                                          Leonard A. Davis (Bar No. 14190) (on the brief)
                                          Stephen J. Herman, Esquire (Bar No. 23129)
                                          HERMAN, HERMAN & KATZ, L.L.C.
                                          820 O'Keefe Avenue
                                          New Orleans, Louisiana 70113
                                          Phone: (504) 581-4892
                                          Fax: (504) 561-6024
                                          LDavis@hhklawfirm.com
                                          *Plaintiffs' Liaison Counsel MDL 2047*
                                          *Co-Chair/Secretary Fee Committee*

                                          Arnold Levin (on the brief)
                                          Fred S. Longer (on the brief)
                                          Sandra L. Duggan (on the brief)
                                          Levin, Fishbein, Sedran & Berman
                                          510 Walnut Street, Suite 500
                                          Philadelphia, PA 19106
                                          Phone:  (215) 592-1500
                                          Fax:  (215) 592-4663
                                          Alevin@lfsblaw.com
                                          *Plaintiffs' Lead Counsel MDL 2047*
                                          *Chair Fee Committee*

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*
*Fee Committee Member*

***ON BEHALF OF THE FEE COMMITTEE***

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 4th day of October, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*