# EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2   *****************************************************************

 3
     IN RE:  CHINESE-MANUFACTURED         Docket No. 09-MD-2047
 4   DRYWALL PRODUCTS LIABILITY           New Orleans, Louisiana
                                          Friday, November 18, 2016
 5

 6   *****************************************************************

 7          TRANSCRIPT OF MONTHLY STATUS CONFERENCE PROCEEDINGS
              HEARD BEFORE THE HONORABLE ELDON E. FALLON
 8                    UNITED STATES DISTRICT JUDGE

 9
     APPEARANCES:
10
     FOR THE PLAINTIFF:              HERMAN, HERMAN & KATZ
11                                   BY:  RUSS HERMAN, ESQ.
                                     820 O'Keefe Avenue
12                                   New Orleans, LA 70130

13                                   LEVIN, FISHBEIN, SEDRAN & BERMAN
                                     BY:  ARNOLD LEVIN, ESQ.
14                                   510 Walnut Street, Suite 500
                                     Philadelphia, PA 19106
15
     FOR THE KNAUF DEFENDANTS:       BAKER DONELSON
16                                   BY:  KERRY J. MILER, ESQ.
                                     201 St. Charles Ave., Suite 3600
17                                   New Orleans, LA 70163-3700

18   FOR THE TAISHAN DEFENDANTS:     PHELPS DUNBAR
                                     BY:  HARRY ROSENBERG, ESQ.
19                                   365 Canal St., Suite 2000
                                     New Orleans, LA 70130
20
     Also Present:                   Jake Woody, BrownGreer
21                                   Daniel J. Balhoff, Special Master

22   Official Court Reporter:        Karen A. Ibos, CCR, RPR, CRR
                                     500 Poydras Street, Room HB-406
23                                   New Orleans, Louisiana 70130
                                     (504) 589-7776
24
        Proceedings recorded by mechanical stenography, transcript
25   produced by computer.
```

```
                          P R O C E E D I N G S

                          (FRIDAY, NOVEMBER 18, 2016)

                         (STATUS CONFERENCE PROCEEDINGS)
```

    (OPEN COURT.)
         THE COURT:  Be seated, please.  Good morning, ladies and gentlemen.  Let's call the case.
         THE DEPUTY CLERK:  MDL-2047, *in re: Chinese Drywall Products Liability Litigation*.
         THE COURT:  Counsel make their appearance for the record, please.
         MR. HERMAN:  Good morning, Judge Fallon, Russ Herman for the Plaintiff Legal Committee.
         MR. ROSENBERG:  Good morning, your Honor.  Harry Rosenberg as liaison counsel for CNBM, BNBM, and Taishan.
         MR. MILLER:  Good morning, Judge, Kerry Miller for Knauf and the Defense Steering Committee.
         THE COURT:  We're here today for our monthly status conference.  I've had the opportunity to meet with lead and liaison counsel a moment ago to discuss the agenda with them.  I'll take it in the order that they presented.  Russ.
         MR. HERMAN:  May it please the Court, there are no issues in I - IX of the agenda, the usual agenda.  When we get to item No. 10, it says attorney's fees.  Mr. Balhoff is here as Special Master to report to the Court.

```
09:11:28   1              THE COURT:  All right.
09:11:30   2              MR. BALHOFF:  Your Honor, Dan Balhoff, Special Master.
09:11:37   3   With respect to the attorney's fee issue, since the last status
09:11:42   4   conference I've had a number of discussions with counsel for both
09:11:46   5   parties, including a lengthy telephone status conference last
09:11:52   6   Friday.  We have entered CMO-1 as amended, as well as CMO-2.  I've
09:12:01   7   entered a ruling.
09:12:02   8              It is my understanding -- well, let me put it this way.
09:12:06   9   There is a deadline of I believe noon today for people to file
09:12:11  10   requests for review to the Court of the most recent CMO and the
09:12:16  11   most recent ruling.  And it is my understanding that request for
09:12:22  12   review may be filed.
09:12:24  13              If, in fact, requests for review are filed, it is my
09:12:28  14   understanding that the Fee Committee wants to file a response.  And
09:12:36  15   I will inform the Court's law clerk as soon as I know what an
09:12:41  16   appropriate deadline for that would be.
09:12:43  17              THE COURT:  Okay. All right.  Fine.  Arnold, do you have
09:12:49  18   anything?
09:12:49  19              MR. LEVIN:  Excuse me, your Honor, Arnold Levin.  We
09:12:52  20   would like to respond because of the Thanksgiving holiday by the
09:12:55  21   Tuesday after Thanksgiving.
09:12:56  22              THE COURT:  That's fine.  By way of background, let me
09:12:59  23   just say that this case is a little unusual in that the settlement
09:13:03  24   agreement worked out with Knauf included not only a total, complete
09:13:10  25   remediation of the buildings involved and other damages, but it
```

```
09:13:17   1   also included payment of attorney's fees.  So the attorney's fees
09:13:22   2   that are available, the pot that is available must first be divided
09:13:28   3   between the contract lawyers and the common benefit lawyers.
09:13:34   4           In order to do that, what I have done is to, as I usually
09:13:40   5   do in these cases, appoint immediately a CPA.  That CPA has been on
09:13:47   6   board from Day 1 of this litigation.  And I also put out orders
09:13:53   7   saying that anybody doing any common benefit work has to report
09:13:57   8   periodically on a monthly basis contemporaneously with the work,
09:14:06   9   the work they've done, the time they've put in, and the nature of
09:14:08  10   the work.
09:14:09  11           That report of the CPA gets screened by attorneys who
09:14:14  12   look at that material that's retained by the CPA to see whether or
09:14:24  13   not it's at least consistent with practice.  I say, generally, I
09:14:30  14   would be concerned and they would be concerned if somebody put in
09:14:35  15   20 hours taking a deposition.  That usually is not done, so they
09:14:40  16   would kick that back and it would be reworked by the party who
09:14:44  17   submitted it.
09:14:44  18           In any event, the CPA does that.  I meet with the CPA on
09:14:49  19   a monthly basis to review those records that the CPA has compiled
09:14:54  20   and has received from the parties.  And then I question and keep in
09:15:02  21   touch with what's being done and who is doing it.  At this stage of
09:15:06  22   the litigation now the Fee Committee, Fee Allocation Committee has
09:15:14  23   made certain recommendations as to the split, then I put that out
09:15:21  24   for everybody to look at.  And if there's objections to it, then I
09:15:25  25   appoint a Special Master to meet with the objectors and put some
```

```
09:15:30   1   structure and some discovery that may result; and then the Special
09:15:41   2   Master presides over the discovery, listens to the discovery,
09:15:46   3   depositions are taken, documents are submitted, and then the
09:15:49   4   Special Master will report to me as to what the Special Master
09:15:52   5   feels the split ought to be.
09:15:55   6            So I have the insider's view, the outsider view of the
09:15:59   7   Special Master, detailed reports from the CPA, and then I look over
09:16:04   8   it and I will eventually make the decision as to how that split
09:16:09   9   should be and how it should be paid out.  That's what we're doing
09:16:14  10   now, we're in the middle of that process.
09:16:17  11            Okay.  Next item, Russ.
09:16:20  12            MR. HERMAN:  Your Honor, may it please the Court, I've
09:16:23  13   talked with Jake Woody regarding BrownGreer.  He has no report to
09:16:30  14   make, but he may want to address the Court.
09:16:33  15            THE COURT:  Jake, you're about finished with your aspect
09:16:37  16   of the case?
09:16:38  17            MR. WOODY:  Yes, sir, we are about finished.  The only
09:16:41  18   item that I wanted to mention was that we do have a number of
09:16:44  19   people who have not claimed their payments or who have received a
09:16:47  20   check and haven't cashed and the check may be void at this point.
09:16:50  21   If anybody has a check that needs to be reissued, they can contact
09:16:54  22   us and we can take care of that.
09:16:55  23            And at some point in the near future we will be sending a
09:16:58  24   list out of people who have, are eligible for payment but have not
09:17:02  25   yet returned the necessary documents.
```

```
09:17:04   1              THE COURT:  Would you get with the liaison counsel for
09:17:08   2   the plaintiffs, give them a list of who have not cashed their
09:17:12   3   checks and the attorneys for those individuals, and maybe they can
09:17:15   4   be of assistance to you to contact the attorneys and make sure that
09:17:18   5   that's done.
09:17:19   6              MR. WOODY:  Yes, sir.
09:17:20   7              MR. HERMAN:  May it please the Court, we would be happy
09:17:24   8   to do that.  The only thing I would request is that if any of those
09:17:29   9   folks are pro se, we would be given Court approval to make those
09:17:33  10   contacts.
09:17:34  11              THE COURT:  Yes, you have it.  Okay.  I'll grant that.
09:17:39  12              MR. HERMAN:  Thank you, your Honor.
09:17:41  13              On matters set for hearing, I, frankly -- I wouldn't
09:17:48  14   recognize Mr. Doyle if he's here.  He had a motion on the calendar
09:17:52  15   today which we understood --
09:17:54  16              THE COURT:  Mr. Doyle has called several times and
09:17:56  17   indicated that he is going to withdraw that motion, that pleading,
09:18:01  18   so I assume that that's his position.
09:18:04  19              MR. HERMAN:  The other matter, your Honor, I believe that
09:18:07  20   Knauf, Mr. Kerry Miller here, or Mr. Dysart, will address their
09:18:14  21   motion.
09:18:15  22              THE COURT:  Okay.  Danny.
09:18:16  23              MR. DYSART:  Good morning, your Honor, Danny Dysart on
09:18:19  24   behalf of the Knauf defendants.  We had filed this motion to
09:18:21  25   extinguish back before the last status conference.  Following that
```

```
09:18:25  1   you issued an order for any objections be filed before
09:18:29  2   November 9th.  Between that time we received several specific
09:18:32  3   objections and one response from the PSC.  All of the specific
09:18:36  4   objections have either been -- have been resolved.  Those claims
09:18:39  5   have either been added to the list or plaintiff's counsel was in
09:18:42  6   agreement that they should be on the list.
09:18:44  7            So we filed a reply memorandum on Wednesday of this week
09:18:48  8   which submitted a revised proposed order which included all of
09:18:55  9   those specific claims that have been added to the list.
09:18:57 10            At this time we would move to have that motion granted,
09:18:59 11   and what it would do is actually define the universe of remediation
09:19:05 12   claims and ARH claims left to either be resolved, mediated, or
09:19:09 13   extinguished.  It is not to extinguish any ongoing Knauf settlement
09:19:16 14   obligations to claimants that are already in the program and are
09:19:19 15   currently in the remediation or currently in negotiation with
09:19:22 16   Knauf.
09:19:22 17            THE COURT:  Okay.  Anything from the PSC on that?
09:19:25 18            MR. HERMAN:  May it please the Court, your Honor, we
09:19:29 19   understand the motion.  Nevertheless, we continue to get
09:19:37 20   information from individuals about recent alleged discoveries of
09:19:44 21   Chinese Drywall.  I say alleged because we don't necessarily get
09:19:48 22   the inspection reports, we only get in most cases a notice.  We
09:19:53 23   think at this point it's premature.  Certainly Knauf is entitled to
09:20:01 24   closure, we don't doubt that.
09:20:04 25            But your Honor scheduled a December status conference and
```

```
09:20:10  1    I believe a January status conference, and we would ask that that
09:20:16  2    motion be continued to the January status conference and give us an
09:20:23  3    opportunity to further relate to these individual claimants, or in
09:20:31  4    some cases attorneys for claimants, and confer with Mr. Dysart and
09:20:36  5    Mr. Miller in the meantime.
09:20:39  6              THE COURT:  Okay.  I understand the issue.  We've been
09:20:43  7    doing this now for almost ten years, five years at least, and
09:20:48  8    anybody who has a claim should have come into the claim.  What I'll
09:20:52  9    do is I am going to grant the order, but I will not grant it until
09:20:58 10    December the 21st.  So I'll approve it on December 21st.  In the
09:21:07 11    meantime, contact anybody, give them an opportunity to object to it
09:21:14 12    prior to that.  Hearing no objections, then I'll sign the order on
09:21:18 13    December 21st.  Okay.  Thank you.
09:21:22 14              Anything else on this?
09:21:25 15              MR. HERMAN:  May it please the Court -- Harry?
09:21:27 16              MR. ROSENBERG:  No, go ahead.
09:21:29 17              MR. HERMAN:  I was just going to indicate that your Honor
09:21:31 18    has already established December 21st as a status conference and
09:21:38 19    January 23rd at two o'clock.
09:21:40 20              THE COURT:  December 21st will be at 8:30, we'll start
09:21:44 21    the meeting at nine o'clock.  And January 23rd, I'll meet with
09:21:49 22    liaison and lead counsel at 1:30 and we'll start the meeting at
09:21:53 23    two o'clock on the 23rd.
09:21:56 24              Okay.  All right folks.  Thank you very much.  Happy
09:21:59 25    Thanksgiving to all of you.  The Court will stand in recess.
```

```
09:22:03   1              THE DEPUTY CLERK:  All rise.
09:22:05   2              THE COURT:  Let me say before I do leave that discussions
09:22:10   3    or they're still proceeding regarding various aspects of the case,
09:22:15   4    but that I am going to be issuing an order now to lift the stay
09:22:20   5    order on the pleadings.  I've stayed everything but it's now time
09:22:25   6    for me to begin the process again.  So I am going to lift the
09:22:31   7    order.
09:22:31   8              MR. HERMAN:  Your Honor, may it please the Court, I have
09:22:35   9    one inquiry as to that.  I apologize.  The stay is lifted, the PSC
09:22:44  10    can then proceed with both the sanctions and contempt issues that
09:22:48  11    are pending?
09:22:49  12              THE COURT:  Yes.  Anything that can be filed can be
09:22:51  13    filed.
09:22:51  14              MR. HERMAN:  Thank you, your Honor.
09:22:52  15              THE COURT:  Harry, do you have a question?
09:22:54  16              MR. ROSENBERG:  Your Honor, just one other housekeeping
09:22:56  17    matter which is that we confirmed with your Honor that the Court
09:22:59  18    would allow the defendants an opportunity to supplement briefing
09:23:02  19    regarding damages, and then of course allow the PSC to do the same.
09:23:06  20              THE COURT:  Right, right.  Let's do that.
09:23:09  21              MR. ROSENBERG:  Thank you, Judge.
09:23:10  22              THE COURT:  The Court will stand in recess.
09:23:12  23         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)
          24
          25                             * * * * *
```

REPORTER'S CERTIFICATE

I, Karen A. Ibos, CCR, Official Court Reporter, United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

/s/ Karen A. Ibos
Karen A. Ibos, CCR, RPR, CRR, RMR
Official Court Reporter