# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/          :
FENFLURAMINE/DEXFENFLURAMINE)            :
PRODUCTS LIABILITY LITIGATION            :      MDL DOCKET NO. 1203
                                         :

PRETRIAL ORDER NO. 3370     FILED  MAR 2 4 2004

This Order applies to all civil actions which are or become part of the consolidated proceedings in MDL No. 1203, including those originally filed in or transferred to and docketed in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407. Pretrial Orders Nos. 292, 417, and 1162 are hereby vacated and superceded by the terms of this Order. Pretrial Orders Nos. 19, 21, 22, 680, 418, 1160, and 2930 shall remain in full effect subject to the terms of this Order.

ENTERED

MAR 2 4 2004

CLERK OF COURT

I.   MOTIONS RELATING TO SUBJECT MATTER JURISDICTION

1.   In actions where plaintiffs challenge federal subject matter jurisdiction by filing Motions to Remand in MDL No. 1203, all discovery, with the exception of those obligations required by Pretrial Order No. 2930 and Section III.G of this Order (relating to Product Identification) or discovery conducted by agreement of the parties, shall be stayed pending the resolution of said motions.

2.   In actions where plaintiffs challenged federal subject matter jurisdiction by filing a Motion to Remand in their respective transferor courts, and said motions remained pending at

the time their action was transferred to and docketed in MDL No. 1203, any party may file a Notice of Motion Pending requesting that this Court rule on said motions. All pertinent papers filed in the transferor court shall be attached to the Notice of Motion Pending, which shall be served pursuant to the requirements set forth in Pretrial Order No. 19.

3.   In actions where plaintiffs challenge federal subject matter jurisdiction by filing a Notice of Motion Pending, all discovery, with the exception of those obligations required by Pretrial Order No. 2930 and Section III.G of this Order (relating to Product Identification) or discovery conducted by agreement of the parties, shall be stayed pending the resolution of said motions.

4.   In the event the Court denies a Motion to Remand, the stay of discovery shall automatically be lifted and discovery shall proceed in accordance with the procedures and schedules set forth herein. Further, discovery shall not be stayed in cases where a transferor court has denied a Motion to Remand prior to the transfer of an action to MDL No. 1203.

## II.   SEVERANCE OF MULTI-PLAINTIFF ACTIONS

5.   To resolve misjoinder issues, and to facilitate the efficient administration of actions docketed in MDL No. 1203, all

multi-plaintiff actions shall be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure as follows:

      a.  Multi-plaintiff actions docketed in MDL No. 1203 prior to the date of this Order shall be severed unless: (1) a Motion to Remand is currently pending before the Court; or (2) plaintiffs file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date of this Order. In the event the Court denies a pending Motion to Remand in a multi-plaintiff action, or a Motion to Remand or Notice of Motion Pending is not filed in an action within forty-five (45) days of the date of this Order, the subject action shall be severed forthwith.

      b.  Multi-plaintiff actions docketed in MDL No. 1203 subsequent to the date of this Order shall be severed unless plaintiffs file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date the action is docketed in MDL No. 1203. In the event the Court denies a pending Motion to Remand in a multi-plaintiff action, or a Motion to Remand or Notice of Motion Pending is not filed in an action within forty-five (45) days of the date the action is docketed in MDL No. 1203, the subject action shall be severed forthwith.

6.  The Special Discovery Master's Office shall identify multi-plaintiff actions subject to severance pursuant to Paragraph 5 of this Order. For each action identified, the Court will enter a Severance Order, which shall be served on the parties in the action.

7.     Within sixty (60) days after the filing of a Severance Order in a multi-plaintiff action, each plaintiff and that plaintiff's spouse and/or children, shall file one "Severed and Amended Complaint."   The Severed and Amended Complaint shall contain the specific claims asserted by that individual plaintiff, and any claims asserted by the plaintiff's spouse and/or children, against any defendant named in the Severed and Amended Complaint. A sample Severed and Amended Complaint is attached hereto as Exhibit A.

8.     All Severed and Amended Complaints shall be submitted to the Clerk of Court on disk in portable document format (pdf), along with a courtesy paper copy of the complaint, for filing.  Pursuant to Local Rule of Civil Procedure 5.1.4, all attorneys shall apply for a signature code by completing and filing with the Clerk of Court a Validation of Signature form, a copy of which is included with the Notice attached hereto as Exhibit B.   An attorney's signature code shall be entered on the signature line of the courtesy copy of the Severed and Amended Complaint for the purpose of signature validation pursuant to Federal Rule of Civil Procedure 11.

9.     For each Severed and Amended Complaint filed, the Clerk shall assign a separate civil action number, which shall be related to the civil action number assigned to the original multi-plaintiff action.

10.   Absent prior leave of Court, a Severed and Amended Complaint shall contain only those claims pleaded in the original multi-plaintiff action or some subset of those claims.   In addition, absent prior leave of Court, plaintiffs shall not name any new defendants in their individual Severed and Amended Complaints.

11.   Any defendant included in the original action but not included in the Severed and Amended Complaint shall be deemed dismissed with prejudice.   To effectuate this dismissal, at the written request of any party, the Special Discovery Master shall issue a Recommendation that the Court dismiss with prejudice a plaintiff's claims against such unnamed defendants.

12.   A Severed and Amended Complaint shall be served as required by Federal Rule of Civil Procedure 5 and Pretrial Order No. 19.

13.   A plaintiff's failure to file a Severed and Amended Complaint within the time prescribed in Paragraph 7, without further leave of Court, will be deemed a failure to prosecute and to comply with this Order and, upon motion by any defendant, may result in the dismissal of the plaintiff's claims with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

14.   The severance of multi-plaintiff actions in MDL No. 1203 shall be without prejudice to any party's right under Federal Rule of Civil Procedure 42 to request consolidation of severed actions upon remand to a transferor court for trial.

5

III. <u>DISCOVERY</u>

    A.   <u>Assignment of Discovery Initiation Date</u>

    15.  For purposes of discovery, a Discovery Initiation Date ("DID") is assigned to each action docketed in MDL No. 1203.

    16.  For actions transferred to and docketed in MDL No. 1203 <u>subsequent</u> to the date of this Order, the procedure for assigning DIDs which was established in Pretrial Order No. 22 is amended as follows:

        a.  In single-plaintiff actions where a Motion to Remand or a Notice of Motion Pending is not filed within forty-five (45) days of the date the case is docketed in MDL No. 1203, the assigned Discovery Initiation Date ("DID") shall be the first day of the second month following the date the case is docketed in MDL No. 1203.  For example, if a single-plaintiff case is docketed in MDL No. 1203 on February 16, 2004, and the plaintiff does not file a Motion to Remand or Notice of Motion Pending on or before April 1, 2004, the DID for the plaintiff's case will be May 1, 2004.

        b.  In the event the Court denies a Motion to Remand in a single-plaintiff action, the assigned DID shall be the first day of the month following the date of the Order denying said motion.

        c.  In multi-plaintiff actions, a DID shall not be assigned until after the filing of a Severed and Amended Complaint. Subsequent to the filing of a Severed and Amended Complaint, the

6

Special Discovery Master shall assign a DID for the severed action based on a process to be determined.

17. For actions transferred to and docketed in MDL No. 1203 <u>prior</u> to the date of this Order, for which DIDs previously had been assigned pursuant to Pretrial Order No. 22, the assigned DIDs may be modified as follows:

a. In single-plaintiff actions where the Court has denied a Motion to Remand, or where plaintiffs have not filed a Motion to Remand or a Notice of Motion Pending and they do not file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date of this Order, the Special Discovery Master may assign a new DID for good cause shown.

c. In multi-plaintiff actions where the Court has denied a Motion to Remand, or where plaintiffs have not filed a Motion to Remand or a Notice of Motion Pending, and they do not file a Motion to Remand or Notice of Motion Pending within forty-five (45) days of the date of this Order, the Special Discovery Master shall promptly assign a new DID upon the filing of a Severed and Amended Complaint.

B.    Discovery Schedule

18.  Except  as  otherwise  specified  in  this  Order,  all discovery for civil actions transferred to and docketed in MDL No. 1203  shall  be  completed  pursuant  to  the  following  schedule  and guidelines:

a.  All discovery shall be completed no later than **eleven (11) months** after an assigned DID.

b.  The close of **fact discovery** shall be **seven (7) months** after an assigned DID.

c.  No later than **seven (7) months** after an assigned DID, plaintiffs shall identify each generic and case-specific expert who is expected to testify on any issue other than economic damages and, except to the extent disclosures have already been made, shall make all expert witness disclosures required by Federal Rule of Civil Procedure 26(a)(2).

d.  No later than **eight (8) months** after an assigned DID, defendants shall identify each generic and case-specific expert who is expected to testify on any issue other than economic damages and, except to the extent disclosures have already been made, shall make all expert witness disclosures required by Federal Rule of Civil Procedure 26(a)(2).

e.  The depositions of all case-specific experts shall be completed no later than **eleven (11) months** after an assigned DID.

f.  Requests for extensions from the foregoing deadlines shall be submitted to the Special Discovery Master.  Pursuant to

Rule 16 of the Federal Rules of Civil Procedure, extensions shall not be granted except upon a showing of good cause.

  g. The Special Master may implement procedures as necessary to ensure adherence to the foregoing discovery deadlines.

  C. Fact Sheets, Medical Authorizations, and Lists of Medical Providers

  19. Plaintiffs shall comply with their obligations to produce in a timely manner completed Fact Sheets, Medical Authorizations, and Lists of Medical Providers in accordance with Pretrial Order No. 2930.

  20. Any motions to compel or for sanctions relating to any plaintiff's failure to comply with any of the obligations required by Pretrial Order No. 2930, shall be filed with the Court and shall be served, along with a copy of this Order, upon each subject plaintiff's counsel of record (or the plaintiff if not represented), the Plaintiffs' Management Committee ("PMC"), all MDL No. 1203 liaison counsel, and the Special Discovery Master. Such motions shall include an affidavit or declaration verifying the factual basis for the motion, that despite reasonable efforts the parties were unable to resolve the dispute, and that the motion has been served in accordance with this Paragraph.

  21. Plaintiffs shall have fourteen (14) days after service of any such motion to submit an opposition thereto. Such oppositions shall not be filed with the Court, but shall be submitted to the

Special Discovery Master's Office. Reply briefs, if any, also shall not be filed with the Court, but shall be submitted to the Special Master's Office within seven (7) days after service of any opposition. All Opposition and Reply briefs shall be served in accordance with Paragraph 20 of this Order.

22. The Special Master's Office shall compile all Opposition and Reply briefs that have been timely submitted and shall promptly file with the Clerk of Court a Praecipe including those submissions as exhibits thereto. If no Opposition is timely filed, such motion may be granted (as to those plaintiffs who have not timely opposed the motion) without further proceedings pursuant to Local Rule of Civil Procedure 7.1(c).

23. Motions filed pursuant to Paragraph 20 of this Order shall be referred to the Special Discovery Master for resolution without further order, unless otherwise directed by the Court. For motions so referred, the Special Discovery Master may issue a Recommendation regarding whether the relief sought should be granted or denied. Such relief may include, but is not limited to, monetary sanctions and/or dismissal of the claims of the subject plaintiffs with prejudice.

D. <u>Deposition Discovery</u>

24. Deposition discovery shall commence no earlier than the DID assigned to an action.

25. The deposition guidelines previously outlined in Pretrial Order No. 21 shall apply to all depositions.

26. Except by agreement of the parties, all depositions shall be noticed at least twenty (20) days before the scheduled date for the deposition by notice served on the PMC and one attorney for each defendant separately represented. The notice shall contain an estimate of the amount of time which will be required for the completion of the deposition and may include a request for production of documents not previously produced. In addition, if the notice requests that the deponent produce documents in connection with his deposition, such documents (or complete copies thereof) will be produced at the place designated at least ten (10) days prior to the date scheduled for the commencement of the deposition. Once these documents are provided, the parties are encouraged to negotiate stipulations as to the authenticity of such documents so as to expedite the deposition process.

27. Pursuant to Federal Rule of Civil Procedure 29, the parties may, by written stipulation, agree to conduct non-expert case specific depositions at such times and places as may be convenient for the parties.

28. Depositions may be taken in order to preserve testimony in the circumstances addressed by Federal Rule of Civil Procedure 27.

29. Pursuant to Federal Rule of Civil Procedure 30, absent a written stipulation of the parties, a party must obtain leave of

11

Court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2): (1) to notice more than ten (10) fact depositions; (2) to extend a deposition beyond one day of seven (7) hours; or (3) to examine a person who already has been deposed in the case. The resolution of all matters under this Paragraph shall be referred to the Special Discovery Master without further order, unless otherwise directed by the Court. For all matters so referred, the Special Discovery Master may issue a Recommendation regarding whether the leave sought should be granted or denied.

### E.   Expert Designations

30.   Any generic expert witness designated in twenty-five (25) or more cases ("MDL Generic Expert") can be designated as a generic expert witness in any MDL 1203 action in accordance with Paragraphs 31 and 32 of this Order.

31.   Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), one set of expert disclosures shall be provided to the PMC and liaison counsel for the defendants for each MDL Generic Expert. In addition, discovery relating to any such MDL Generic Expert shall be coordinated through the PMC and liaison counsel for the defendants.

32.   Any party relying on an MDL Generic Expert does not need to serve additional Federal Rule of Civil Procedure 26(a)(2)(B) disclosures for such expert to testify in any individual action,

provided that such party timely adopts, in a notice served upon all parties in the action, the expert disclosure(s) of such expert(s) that previously were served pursuant to Paragraph 31.

33.   The parties shall be precluded from relying upon the causation opinion of a treating physician unless the party adopting said opinion provides Federal Rule of Civil Procedure 26(a)(2)(B) disclosures in accordance with the deadlines established in Section III.B of this Order.

34.   The Court recognizes that there may be limited circumstances where it will be both necessary and appropriate for a party to identify an expert to supplement prior opinions in response to expert opinions disclosed pursuant to this Order. Absent leave of Court, however, supplemental expert opinions shall not be permitted.   The resolution of all matters under this Paragraph shall be referred to the Special Discovery Master without further order, unless otherwise directed by the Court.   For matters so referred, the Special Discovery Master may issue a Recommendation regarding the circumstances under which the parties will be permitted to offer such supplemental opinions, and the procedures governing disclosure and discovery of such supplemental opinions.

35.   No later than thirty (30) days of the filing in the transferor court of the Order of Remand issued by the Judicial Panel for Multi-District Litigation, plaintiffs shall identify expert witnesses who are expected to testify only on economic

13

damages issues and shall serve disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) on each defendant. Within thirty (30) days thereafter, or at such time as the transferor court directs, each defendant shall identify its experts on economic damages, and file and serve its Rule 26(a)(2) disclosures.

F.   Other Discovery

36.   Any plaintiff who wishes to serve interrogatories and document production requests on any defendant including but not limited to medical providers, diet centers, clinics, or pharmacies, may do so at any time provided that such requests are coordinated with and through the PMC, which shall assure that discovery requests directed to such defendants are not duplicative. Any defendant may likewise serve such discovery. Absent leave of Court, plaintiffs shall not be permitted to propound general liability or other written discovery upon Wyeth.

37.   Any party may request the production of documents by a third party through a Subpoena Duces Tecum. The party initiating such discovery shall ensure that the documents produced are given a distinct identifying number in accordance with Paragraph 6(c) of Pretrial Order No. 22, and that a copy of all such documents are provided to the PMC and liaison counsel for the defendants.

38.   Pursuant to Federal Rule of Civil Procedure 35, at any time after the DID in an individual action, any defendant may file and serve a Motion to schedule a physical or mental examination of

14

a plaintiff, which shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made. A plaintiff, however, shall not be required to travel an unreasonable distance for an examination. Motions filed pursuant to this Paragraph shall be referred to the Special Discovery Master for resolution without further order, unless otherwise directed by the Court. For Motions so referred, the Special Discovery Master may issue a Recommendation regarding whether the relief sought should be granted or denied.

39. In the event that an examination is to take place at a location requiring a plaintiff to travel more than fifty (50) miles, and if the Special Discovery Master overrules any objection to such travel, the party requesting the examination shall tender to plaintiff's counsel five (5) calendar days in advance of such examination a sum equal to the reasonable round trip travel and lodging expenses to be incurred by plaintiff, and one attorney for plaintiff, to attend the examination.

40. Pursuant to the provisions of Pretrial Order No. 1160, a plaintiff may propound interrogatories seeking information relating to: (1) communications between American Home Products Corporation (and its related entities) and certain physicians identified in the plaintiff's Fact Sheet; (2) any Adverse Drug Events reports regarding the plaintiff; and (3) detailing information.

41. The parties are encouraged to consider other discovery devices permitted by the Federal Rules of Civil Procedure such as

15

Requests for Admissions pursuant to Rule 36 to the extent these devices may eliminate or reduce the need for deposition discovery. The parties, however, may use such additional discovery devices only with prior authorization of the Special Discovery Master.

G.   Product Identification

42.  To facilitate product identification, plaintiffs are expected to promptly undertake product identification discovery if informal requests for information from pharmacies, physicians, or other dispensers of their diet medications do not provide reliable product identification information. To facilitate that discovery, the time limitations of Paragraph 26 of this Order for noticing depositions do not apply to product identification-related depositions, and such discovery may be taken pursuant to the time limitations of the Federal Rules of Civil Procedure, with the exception of depositions of prescribing physicians. Since depositions of prescribing physicians may also involve areas of inquiry other than product identification, such depositions should be taken with at least twenty (20) days notice, absent stipulation to a shorter time by all parties in the case.

43.  In any case where a plaintiff has not positively identified the product upon which a claim is based, the plaintiff shall notify the Special Discovery Master of such fact in writing ("Plaintiff's Notice") within sixty (60) days of the date of this Order, or the DID assigned to the plaintiff's case, whichever

16

occurs later.   The Plaintiff's Notice may stipulate to dismiss claims against any defendant whose product it has not positively identified.   In such circumstances, the Special Discovery Master may issue a Recommendation that such claims be dismissed with prejudice.

44.   If the Plaintiff's Notice does not seek to dismiss its claims against any defendant whose product has not been positively identified, then the Plaintiff's Notice must contain:  (1)  a description of the efforts made by the plaintiff to establish positive product identification,  and any additional product identification information the plaintiff expects to be able to provide and the time such information will be provided;  (2)  a statement regarding whether the plaintiff was unable to obtain prescription or medical records documenting his or her use of diet drugs; and/or (3) the legal or factual basis for maintaining his or her action in the absence of product identification.  Any plaintiff who fails to comply with these requirements may be subject to any remedy the Court deems appropriate.   A copy of the Plaintiff's Notice shall be served upon the PMC and liaison counsel for the defendants.

45.   In any case where a plaintiff does not provide a Fact Sheet or other information demonstrating that the plaintiff ingested a drug manufactured or distributed by a defendant named in that case, that defendant may submit a notice ("Defendant's Notice") to the Special Discovery Master within ten (10) days

following the deadline for Plaintiff's Notice.  The Defendant's Notice shall identify the case caption, the specific plaintiff and attach the relevant sections of the plaintiff's Fact Sheet.  The Defendant's Notice shall also contain a certification of its full compliance with the product description obligations established by Pretrial Order No. 418.  A copy of Defendant's Notice shall be served upon the individual plaintiff, the PMC and liaison counsel for the defendants.  The Defendant's Notice shall advise the plaintiff that they have ten (10) days within which to respond to such notice or provide supplemental information regarding product identification.

46.  If the plaintiff does not make full and adequate product identification within ten (10) days of service of the Defendant's Notice or justify the failure to make positive product identification, the Special Discovery Master may issue a Recommendation that the plaintiff's claims against the notifying defendant be dismissed with prejudice.

47.  A conference may be held, at a time to be established by the Special Discovery Master, to address those issues raised in the Plaintiff's and Defendant's Notices including the adequacy of the plaintiff's justification for failing to make full and prompt product identification.  In those instances where a conference is unsuccessful in resolving the matter, the Special Discovery Master shall issue a Recommendation, which shall include, where appropriate, a Recommendation that the plaintiff show cause before

the Court why claims against a defendant should not be dismissed with prejudice.

## IV.   PROCESS FOR REMANDING ACTIONS TO TRANSFEROR COURTS

48.   On a regular basis, the Court will issue an Order to Show Cause why actions for which the discovery period has expired pursuant to Paragraph 18 of this Order should not be remanded to their transferor courts for trial.

49.   Absent a showing of good cause, all actions that are the subject of an Order to Show Cause will be placed on a Suggestion of Remand Order. In those instances where good cause is shown, the Court in its discretion may extend the discovery period for a limited amount of time.

50.   Upon written request, the Special Discovery Master may recommend that an action be placed on a Suggestion of Remand Order prior to expiration of the discovery period for the action.

## V.   MISCELLANEOUS

51.   In the event that any ruling on matters referred to the Special Discovery Master pursuant to this Order is not accepted by any affected party, the Special Discovery Master shall file and serve a Recommendation. Any appeal to this Court of a Recommendation issued by the Special Discovery Master must be filed with the Court no later than seven (7) days after filing of the Recommendation with the Court, in the manner provided in Pretrial

Order No. 26. Any Recommendation not timely appealed shall be deemed accepted by the parties, and the Court shall enter an Order accordingly.

52. In accordance with the procedures established in Pretrial Orders Nos. 19 and 680, any motion, stipulation for voluntary dismissal, or notice of dismissal submitted on behalf of any plaintiff must be submitted to the PMC for endorsement and filing.

53. Courtesy copies of all motions and briefs, including those filed electronically, shall be delivered to Judge Bartle's chambers.

54. The parties shall serve all original Complaints, Severed and Amended Complaints, motions, briefs, and other papers in accordance with the provisions of Pretrial Order No. 19.

55. Pursuant to Local Rule of Civil Procedure 5.1, an attorney may not withdraw as counsel except by leave of Court unless substitute counsel enters an appearance. A party may substitute counsel by filing a Notice of Substitution.

BY THE COURT:

Harvey Bartle III          J.

March 24, 2004

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: DIET DRUGS** <br> **(Phentermine/Fenfluramine/Dexfenfluramine)** <br> **PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1203** |
| **This Document Relates to:** | |
| **Full Name of Plaintiff** | **E.D.Pa. Civ. A. No.** _____ <br> **(Related Case No.** _____ **)** |
| **v.** | |
| **Full Name of <u>Each</u> Defendant** | |

## <u>SEVERED AND AMENDED COMPLAINT</u>

Pursuant to the provisions of Pretrial Order No. _____, plaintiff[s] in the above matter alleges the following:

    **A.**    <u>**PARTIES**</u>

    1.    Plaintiff, _____, (hereinafter the "Diet Drug Recipient-Plaintiff") is an individual and a citizen of the State of _____, residing at

_____.

    2.    Plaintiff, _____, is a citizen of the State of _____, residing at _____, and has the following relationship to the Diet Drug Recipient-Plaintiff:

        ☐    Spouse

        ☐    Parent

# EXHIBIT A

☐   Child

☐   Other: _____

3.   In the period from _____ to _____, the Diet Drug Recipient-Plaintiff ingested the following drug products that were marketed, distributed, and sold by defendant, Wyeth:

☐   Pondimin (Fenfluramine)

☐   Redux (Dexfenfluramine)

☐   Both Pondimin and Redux

4.   Defendant, Wyeth, is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Madison, New Jersey.  Wyeth is the successor, by change of name, to American Home Products Corporation.

5.   Plaintiff(s)

☐   Does not bring this action against the manufacturer or seller of any Phentermine products;

☐   Brings this action against the following manufacturer/seller(s) of the following Phentermine products that were ingested by the Diet Drug Recipient-Plaintiff:

_____ Fisons Corporation

_____ Eon Laboratories

_____ Gate Pharmaceuticals, Division of Teva Pharmaceuticals USA

_____ Geneva Pharmaceuticals, Inc.

_____ Ion Laboratories, Inc.

_____ Jones Pharma, Inc.

2

# EXHIBIT A

_____ Medeva Pharmaceuticals, Inc.

_____ Richwood Pharmaceuticals

_____ Rosemont Pharmaceuticals

_____ Rugby Laboratories

_____ Qualitest Pharmaceuticals, Inc.

_____ SmithKline Beecham Corporation

_____ United Research Laboratories

_____ Zenith Goldline Pharmaceuticals, Inc.

_____ Camall Company

_____ Other: _____

6.    Plaintiff(s) bring this action against the following additional defendants:

_____ .

7.    The Court's jurisdiction over the subject matter of this action:

☐    a.    Is founded upon complete diversity of citizenship between the parties and the fact that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs; or

☐    b.    Is contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. § 1441.

## B.    CAUSES OF ACTION

8.    Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

3

# EXHIBIT A

☐    Negligence

☐    Breach of implied warranty

☐    Breach of express warranty

☐    Strict liability in tort

☐    Fraud

☐    Negligent misrepresentation

☐    Liability under § 402b of the RESTATEMENT OF TORTS (SECOND)

☐    Other: _____

**C.**    **CAUSATION, INJURY AND DAMAGE**

9.    As a direct and proximate result of defendant's culpable actions in the marketing, distribution, and sale of the Diet Drugs described above, the Diet Drug Recipient-Plaintiff sustained the following injuries:

☐    Injury to the aortic valve;

☐    Injury to the mitral valve;

☐    Injury to both the aortic and the mitral valves;

☐    Primary Pulmonary Hypertension;

☐    Other: _____.

10.    As a direct and proximate result of the injuries described in the preceding paragraph, the Diet Drug Recipient-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

☐    Pain and suffering;

4

# EXHIBIT A

☐   Loss of the pleasures of life;

☐   Loss of earnings and/or impairment of earning capacity;

☐   Expenses for medical care, treatment, and rehabilitation;

☐   Other: _____.

11.   As a direct and proximate result of the injuries described in paragraph 9, the non-Diet Drug Recipient-Plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the Diet Drug Recipient-Plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

**WHEREFORE,** plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

Respectfully Submitted,

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NOTICE

I am pleased to announce that the Clerk's Office for the United States District Court for the Eastern District of Pennsylvania will be conducting hands-on training sessions for Local Civil Rule 5.1.4 Validation of Signature for the Electronic Case Filing System (ECF). This training will be held at the United States Courthouse, 601 Market Street, Philadelphia, PA and is available to **members of the bar, paralegals, secretaries and automation support staff**.

This training will provide attorneys, paralegals, secretaries and automation support staff with instructions on converting documents to PDF, completing the Validation Signature form and reviewing Local Rule 5.1.4.

The PDF documents are automatically docketed as part of the filing process and are immediately available electronically. CM/ECF also provides the following benefits:

- 24-hour access to filed documents over the Internet
- Automatic email notice of case activity to registered ECF filers
- The ability to download and print documents directly from the court system
- Concurrent access to case files by multiple parties
- Secure storage of documents

If you are interested in attending a training session, please complete the attached registration form indicating three date preferences. The training sessions will be held Tuesday, Wednesday and Thursday from March through June. The training sessions will last approximately one hour and will be held once per day at 2:30 p.m. You will be notified of the date you are scheduled for training.

Thank you for your interest in the ECF system and if you have any questions on the ECF system, please call the toll-free number 1-866-ECF-4ECF (1-866-323-4323).

Michael E. Kunz
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

N O T I C E

*Pursuant to Local Rule of Civil Procedure 5.1.2, Electronic Case Filing and Local Rule 5.1.4, Format of Documents in Electronic Form as approved and adopted by the judges of the United States District Court for the Eastern District of Pennsylvania, **attorneys are required to submit filings to the court in one of the following two methods:***

1) Register as an Electronic Case Filing ("ECF") User, as defined in the *Procedural Order on Electronic Case Filing* referenced in Rule 5.1.2 of the Local Rules of Civil Procedure, submitting the complaint in traditional manner on paper, accompanied by copies of the complaint on disk in portable document format (PDF) at the time of filing so that the complaint may be entered into the District Court's ECF system. All documents and pleadings filed subsequent to the complaint must be filed electronically, except as provided in the *Procedural Order* or as ordered by the judge.

*OR*

2) If NOT registered as an Electronic Case Filing ("ECF") User, as defined in the *Procedural Order on Electronic Case Filing* referenced in Rule 5.1.2 of the Local Rules of Civil Procedure, all pleadings and documents filed subsequent to the complaint must be filed on disk in portable document format (PDF) so that the filings may be entered into the District Court's ECF system.  For purposes of signature validation under Rule 11 of the Federal Rules of Civil Procedure, a *Rule 5.1.4 Validation of Signature* form must be completed and filed with the Clerk's Office. The *Validation of Signature* form will provide a signature code which must be used on the signature line of courtesy copies in paper format which are required to be submitted with a disk in portable document format (PDF) for use by the court. **The document as  submitted on disk will constitute the original document**, except for those documents which are excluded from the provisions of Local Rule 5.1.2 and Local Rule 5.1.4 as set forth, respectively, in the *Procedural Order on Electronic Case Filing* and the *Procedural Order on Format of Documents in Electronic Form.*

*If you have any questions regarding this matter, please call 1-866-ECF-4ECF for assistance.*

Very truly yours,

MICHAEL E. KUNZ,
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

## Office of the Clerk of Court
## ECF Validation Registration Training

Name:_____ Title: _____

Firm: _____

Address: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Telephone: _____ Fax: _____

E-Mail Address: _____

1st Date Preference: _____   2:30 pm

2nd Date Preference: _____   2:30 pm

3rd Date Preference: _____   2:30 pm

*(Select a date in March, April, May and June, 2004)*

Please FAX the completed form to (215) 597-6390

-or by e-mail to-

PAED_clerksoffice@paed.uscourts.gov

- or by mail to -

Office of the Clerk of Court
2609 United States Courthouse
601 Market Street
Philadelphia, PA 19106
Attn:   ECF Training Registration Form

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

## OFFICE OF THE CLERK OF COURT

## ELECTRONIC CASE FILING (ECF)
## ACCOUNT REGISTRATION FORM

This Electronic Case Filing (ECF) Account Registration Form shall be used to register for an account with the U.S.D.C. for the Eastern District of Pennsylvania's Electronic Case Filing (ECF) system. ECF Registered attorneys will have privileges to electronically submit documents in accordance with Local Civil Rule 5.1.2, Local Criminal Rule 1.2 and the *Procedural Order, In Re: Electronic Case Filing (ECF)*.

**(Please Print or Type)**

First Name: _____ Middle Initial/Name: _____

Last Name: _____ Generation (i.e., Sr., Jr.) _____

Firm: _____ Bar Id No. and State: _____

Address: _____

Address: _____

City: _____ State: _____ Zip Code _____

Telephone No: ( ) _____ FAX No: ( ) _____

E-mail Address: _____

Last 4 digits of your Social Security number (to be used for the log-in code): _____

Are you admitted to practice in the Eastern District of Pennsylvania?
☐ Yes       ☐ No

    If yes, are you a member in good standing?
    ☐ Yes       ☐ No

Are you admitted to practice pro hac vice in the Eastern District of Pennsylvania?
☐ Yes       ☐ No

Are you a registered ECF Filer in another U.S. District or Bankruptcy Court?
☐ Yes       ☐ No

    If yes, please provide the district you are a registered ECF User and the log-in and password if you would like to have the same log-in and password.

District: _____ Log-in: _____ Password: _____

*By submitting this account registration form, the undersigned agrees/consents to the following:*

1.    I have read and understood the provisions of Rule 5.1.2 of the Local Rules of Civil Procedure, "Electronic Case Filing," amended Rule 1.2 of the Local Rules of Criminal Procedure, Applicability and Effect of Local Rules,"   and the court's Procedural Order, In Re: Electronic Case Filing, ("ECF Procedural Order"), and I agree to abide by all provisions set forth therein.

2.    I agree that the combination of the user log-in and password will serve as my signature for purposes of the Federal Rules of Civil and Criminal Procedure.  I further agree to protect the security of my password and to immediately notify the clerk of court by telephone, with said notification confirmed immediately thereafter in writing delivered by e-mail, facsimile or hand-delivery to the attention of the clerk of court, as soon as I learn that my password may have been compromised.

3.    In accordance with the provisions of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and Section 7 of the ECF Procedural Order, I agree that service may be given to me by electronic transmission and I consent to make electronic service of all documents.

4.    I have read and understood the provisions of Rule 11 of the Federal Rules of Civil Procedure, particularly as referenced in Sections 8 and 9 of the ECF Procedural Order, and I agree to abide by the provisions set forth therein.

5.    I agree to waive the provisions of Rule 77(d) of the Federal Rules of Civil Procedure and Rule 49(c) of the Federal Rules of Criminal Procedure, providing for service of notice by mail, and I consent that such notice may be served by electronic transmission in accordance with Section 14 of the Procedural Order.

6.    All transmissions for electronic case filings of pleadings and documents to the ECF system shall be titled in accordance with the approved directory of civil and criminal events of the ECF system in a case in which an attorney is counsel of record or on any document which is construed as an entry of appearance in accordance with Local Civil Rule 5.1.

I hereby certify that the above information is true and correct and I am a member in good standing of the United States District Court for the Eastern District of Pennsylvania.

_____        _____
Signature                                                             Date

Please return completed form by U.S. Mail to:        Michael E. Kunz
                                                                                    U.S. District Court
                                                                                    2609 U.S. Courthouse
                                                                                    601 Market Street
                                                                                    Philadelphia, PA 19106-1797
                                                                                    Attn: ECF

**You will be notified of your user log-in and password by electronic mail.  If you have any questions on the ECF registration process or the use of the electronic filing system, you may contact the Electronic Filing Information Center toll-free at 1-866-ECF-4ECF.**

**UNITED STATES DISTRICT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**Electronic Case Filing (ECF)**
*Notification of Case Activity Request Form*

As a registered Electronic Case Filing User, I am requesting that the following e-mail address(es) receive electronic notification of case activity on any case in which I have entered my appearance. I understand that the e-mail address(es) listed below will receive the electronic notification of case activity, in addition to the e-mail address that I listed on my ECF Registration Form.

(Please print or type the e-mail address(es))

**E-Mail Address(es)**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____    _____
    **Attorney Name (Printed)**                  **Attorney Signature**

_____    _____
    **Telephone No.**                         **Date**

If there are any future changes to the information listed above, an amended *Notification of Case Activity Request Form* must be submitted.

Please return this completed form to: Michael E. Kunz, Clerk of Court, 601 Market Street, Room 2609, Philadelphia, PA 19106-1797, ATTN: ECF or FAX (215) 597-6390.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

## OFFICE OF THE CLERK OF COURT

### Rule 5.1.4 of the Local Rules of Civil Procedure
### Governing the Format of Documents in Electronic Form

### Validation of Signature Form

Pursuant to Rule 5.1.4, *Format of Documents in Electronic Form* , all attorneys who are not Electronic Case Filing ("ECF") Users, as defined in the *Procedural Order on Electronic Case Filing* referenced in Rule 5.1.2 of the Local Rules of Civil Procedure, are required to complete this *Validation of Signature* form validating his or her signature for submission of all filings (subsequent to the complaint) on disk in portable document format (PDF), so that the filings  may be entered into the District Court's ECF system. The document on disk must be accompanied by a courtesy copy of the document in paper format for use by the court. Attorneys who complete this form will receive a signature code which must be used by the attorney on the signature line of all courtesy copies submitted with a disk. The document as submitted on the disk will constitute the original document under Section (b) of Local Civil Rule 5.1.4.
**(Please Print or Type)**

First Name:_____ Middle Initial/Name:_____

Last Name:_____ Generation (i.e., Sr., Jr.) _____

Firm:_____ Bar Id No. and State:_____

Address:_____

Address:_____

City: _____ State:_____ Zip Code _____

Telephone No: ( ___ )_____ FAX No: ( ___ )_____

E-mail Address: _____

Are you admitted to practice in the Eastern District of Pennsylvania?
☐ Yes            ☐ No
If yes, are you a member in good standing?
☐ Yes            ☐ No

Are you admitted to practice pro hac vice in the Eastern District of Pennsylvania?
☐ Yes            ☐ No

Are you registered as an ECF Filing User in the Eastern District of Pennsylvania?

☐ Yes          ☐ No

If no, would you like to also register as an ECF Filing User in the Eastern District of Pennsylvania?

☐ Yes          ☐ No

**By submitting this registration form, the undersigned agrees/consents to the following:**

1.  I have read and understood the provisions of Rule 5.1.4 of the Local Rules of Civil Procedure, *Format of Documents in Electronic Format*, and the court's *Procedural Order Governing the Format of Documents in Electronic Form*, and I agree to abide by all provisions set forth therein.

2.  I agree that this form constitutes my signature for all filings (subsequent to the complaint) which must be submitted on disk in portable document format (PDF), as required by Section (b) of Rule 5.1.4, *Format of Documents in Electronic Form*. I understand that I will be provided with a signature code which I must use on the signature line of all courtesy copies submitted with a disk I have read and understood the provisions of Rule 11 of the Federal Rules of Civil Procedure, and I agree that my signature code used on the signature line of all courtesy copies submitted with a disk will serve as my signature for purposes of Rule 11. I further understand that the document as submitted on the disk will constitute the original document under Section (b) of Local Civil Rule 5.1.4.

3.  I understand and agree that service of process will be made in accordance with those provisions set forth in Rule 5 of the Federal Rules of Civil Procedure.

*I hereby certify that the above information is true and correct and I am a member in good standing of the United States District Court for the Eastern District of Pennsylvania.*

_____          _____
          Signature                              Date
Attorney Name (Printed)

Please return completed form by U.S. Mail to: Michael E. Kunz
                                              U.S. District Court
                                              2609 U.S. Courthouse
                                              601 Market Street
                                              Philadelphia, PA 19106-1797

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**Local Civil Rule 5.1.2** *Electronic Case Filing* -- All cases filed in this court may be assigned to the Electronic Case Filing ("ECF") System in accordance with the *Procedural Order on Electronic Case Filing*, the provisions of which are incorporated herein by reference, and which may be amended from time to time by the court.

**Local Civil Rule 5.1.3** *Excluded Personal Identifiers* -- As documents in civil cases may be made available for personal inspection in the office of the clerk of court at the United States Courthouse, or, if filed electronically, may be made available on the court's Electronic Case Filing system, such personal identifiers as Social Security numbers, dates of birth, financial account numbers and names of minor children should be modified or partially redacted in all documents filed either in traditional paper form or electronically.

**Rule 5.1.4** *Format of Documents in Electronic Form* -- In accordance with the *Procedural Order on Format of Documents in Electronic Form*, the provisions of which are incorporated herein by reference, and which may be amended from time to time by the court,

(a) all attorneys are required to submit complaints in traditional manner on paper, accompanied by copies of the complaint on disk in portable document format (PDF) at the time of filing so that the complaint may be entered into the District Court's ECF system;

(b) all attorneys who are not Electronic Case Filing ("ECF") Users, as defined in the *Procedural Order on Electronic Case Filing* referenced in Rule 5.1.2 of the Local Rules of Civil Procedure, are required to complete the *Rule 5.1.4 Validation of Signature* form and submit all filings subsequent to the complaint on disk in portable document format (PDF) so that the filings may be entered into the District Court's ECF system; a document filed on disk must be accompanied by a courtesy copy of the document in paper format for use by the court; attorneys who complete the *Validation of Signature* form will receive a signature code which must be used by the attorney on the signature line of all courtesy copies submitted with a disk for purposes of signature validation pursuant to Rule 11 of the Federal Rules of Civil Procedure; the document as submitted under this section on disk will constitute the original document, except for those documents which are excluded from the provisions of Local Rule 5.1.2 and Local Rule 5.1.4 as set forth in the *Procedural Order on Electronic Case Filing* and the *Procedural Order on Format of Documents in Electronic Form;*

(c) nothing in this Rule shall preclude attorneys who complete the Rule 5.1.4 Validation of Signature form from also registering with the court's ECF system under Rule 5.1.2 of the Local Rules of Civil Procedure, nor preclude attorneys who are currently registered with the court's ECF system from completing a Rule 5.1.4 Validation of Signature form;

(d) service of process will continue to be made in accordance with those provisions set forth in Rule 5 of the Federal Rules of Civil Procedure;

(e) for convenience of attorneys who do not have access to compatible hardware or

software, a computer with PDF conversion capability is available in the Clerk's Offices at Philadelphia and Allentown, with assistance for PDF conversion provided by Clerk's Office staff as needed; attorneys who have reason for not providing this material on disk are required to notify the Clerk's Office in writing attached to the document, explaining the reason for not providing this material on disk;

(f) attorneys who do not register to participate in the ECF program are requested to register and participate in the court's Program for Facsimile Service of Notice to Counsel or Litigants in Civil and Criminal Cases (the "Fax Noticing Program").

**Local Criminal Rule 1.2** *Applicability and Effect of Local Rules* –   The following Local Civil Rules shall be fully applicable in all criminal proceedings: Rule 5.1, Appearances; Rule 5.1.2, Electronic Case Filing; Rule 5.1.4, Format of Documents in Electronic Form; Rule 7.1(g), Motions for Reconsideration or Reargument;   Rule 7.4, Notices, Stipulations; Rule 40.1.1, Emergency Judge; Rule 40.3, Calendar Control, Operating Procedures; Rule 40.3.1, Calendar Review; Rule 43.1.l, Attachments for Witnesses; Rule 45.1, Subpoenas for Trial; Rule 45.1.1, Appearance of a Judicial Office of this Court as a Character Witness; Rule 48.1(a), Challenges to Array; Rule 67.1, Bail, Sureties and Security; Rule 72.1, United States Magistrate Judges; Rule 83.3, Broadcasting, Filming and Recording in Courtroom and Appurtenant Areas; Rule 83.5, Admissions to Practice; Rule 83.5.2, Associate Counsel; Rule 83.6, Rules of Disciplinary Enforcement; and Rule 83.6.1, Expedition of Court Business.