UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT**

**MAY IT PLEASE THE COURT:**

Knauf Gips KG ("Knauf"), specially appearing for the limited purpose of opposing Plaintiffs' Motion, and with a full reservation of all substantive and jurisdictional rights and defenses, files this Opposition to *Plaintiffs' Motion for Leave to Amend Complaint*.[1]  This case has been pending since 2009.  Plaintiffs filed their first class action complaint in 2014.[2] Plaintiffs have since filed *three* amended Class Action Complaints and propose a fourth here.[3] The case is currently pending and stayed, pursuant to this Court's MDL pretrial orders. Plaintiffs' counsel continues to add parties while failing to effect service on all Knauf Defendants in this case.  Plaintiffs' counsel admits as much on page two of his Motion.  There, Plaintiffs' counsel states only that he has properly served certain Knauf Defendants residing in Germany, England, and the United States.  But, as the Court is aware, Knauf Defendants reside

---

[1] Rec. Doc. No. 20554.

[2] Rec. Doc. No. 18240.

[3] Rec. Doc. Nos. 18477, 20020, 20292, 20554.

1

in nations other than Germany, England, and the United States. Thus, a significant number of the Knauf Defendants lack basic notice of the original Plaintiffs' claims, much less notice of the claims added through Plaintiffs' first, second, and third amended complaints.[4] At some point, the amendments must stop; indeed, judicial economy demands it.

I.   BACKGROUND

This proposed Fourth Amended Complaint contravenes the Court's PTO 1 Section 8 and purports to add the claims of thirteen plaintiffs alleging property damage caused by drywall sold by Knauf.[5] In PTO 1 Section 8, the Court stayed discovery and extended the time period for Knauf to file responsive pleadings.[6] The stay remains in place until the Court issues an order to the contrary.

Plaintiffs' Motion provides minimal information about the parties who Plaintiffs wish to join. Indeed, Plaintiffs' counsel states "facts" relevant to the merits of joinder in a fashion so conclusory that Knauf cannot begin to assess the propriety of joining these plaintiffs under Rule 20. Plaintiffs' counsel assures the Court that joinder is proper because "the newest Plaintiffs' claims are nearly identical to those of the Plaintiffs already participating in the case."[7] The only factual basis upon which the Court—or Knauf—can gauge joinder is the bare assertion that each of the thirteen new plaintiffs' claims stem from property "containing defective Chinese-manufactured drywall produced and/or sold by the Knauf entities."[8] Finally, Plaintiffs'

---

[5]Rec. Doc. No. 20554, Motion for Leave to Amend Complaint, p. 6.

[6]Rec. Doc. No. 2.

[7]Rec. Doc. No. 20554, Motion for Leave to Amend Complaint, p. 4.

[8]Rec. Doc. No. 20554, Motion for Leave to Amend Complaint, p. 4.

complaint seeks to add these new plaintiffs, while continuing to list claimants who are simultaneously seeking benefits from the Knauf Class Settlement Agreement.[9]

## II.   LAW & ARGUMENT

The Court should deny Plaintiffs' *fourth* request for leave to amend until Plaintiffs perfect service on all Knauf Defendants in this case. Leave to amend should be freely granted when justice requires.[10] Even so, "[l]eave to amend is in no way automatic."[11] District courts "have discretion to manage their docket."[12] The trial court's discretion to deny leave to amend is "particularly broad" where, as here, a plaintiff has previously amended the complaint.[13] Having afforded Plaintiffs three opportunities to amend their complaint, "[a]t some point, [the] [C]ourt must decide that a plaintiff has had fair opportunity to make his case."[14] Accordingly, it is "appropriate for the [C]ourt to consider judicial economy and the most expeditious way to dispose of the merits of the litigation."[15] Contrary to Plaintiffs' counsel's assertions, common-sense dictates that permitting amendment-upon-amendment does not "preserve the Court's, Plaintiffs', and Defendant's [sic] resources."[16] It instead guarantees protracted litigation.

---

[9] For example, Jinxi Zhu (16002 Innerarity Point Road, Pensacola, FL 32507) is a Claimant that received Settlement Benefits and is currently undergoing review before the Special Master to the Knauf Class Settlement Agreement wherein the claimant seeks additional compensation. Another example is Dan Tavanese (208 NE 23rd Place, Cape Coral, FL 33909). Mr. Tavanese was an ARH claimant to the Knauf Class Settlement Agreement and received compensation in exchange for a complete, full, and final release of all Knauf Defendants.

[10] FED R. CIV. P. 15(a).

[11] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

[12] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).

[13] *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989).

[14] *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[15] *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012) (internal quotations omitted).

[16] Rec. Doc. No. 20554, Motion for Leave to Amend Complaint, p. 5.

A court ruling on a motion to amend considers "a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment."[17]  The Court may deny leave to amend "where the facts underlying the amended complaint were known to the party when the original complaint was filed."[18]  Indeed, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time."[19]  Here, Plaintiffs' counsel fails to explain why these proposed plaintiffs were not joined in one of his three prior amended complaints.  Plaintiffs' counsel does not, for instance, represent that their joinder centered on discovery of information unknown to counsel when the three prior amended complaints were filed.  Absent similar justification, the Court has discretion to deny Plaintiffs leave to amend.

### III.  Conclusion

The Court should enliven the Fifth Amendment's guarantee of notice by denying Plaintiffs leave to amend until Plaintiffs properly serve all Knauf Defendants.  Plaintiffs' piecemeal amendment practice frustrates judicial economy and violates this Court's PTO 1 Section 8.

---

[17] *Id.* at 378 (internal quotations omitted).

[18] *Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

[19] *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981).

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-8646
Facsimile: (504) 585-6946
Email: kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 2nd day of December 2016.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**