# EXHIBIT N

| Stock Abbreviation: | Stock Code: | Public Announcement No.: |
|---|---|---|
| BNBMPLC | 000786 | 2016-046 |

**Public Announcement of Beijing New Building Materials Public Limited Company on Receipt of CSRC Notice on First Feedback on Examination of Administrative Approval Items**

**The Company and all the members of its Board of Directors guarantee that the contents of this public announcement are true, accurate and complete and contain no false records, misleading statements or material omissions.**

**Beijing New Building Materials Public Limited Company (hereinafter the "Company")** has received CSRC Notice on First Feedback on Examination of Administrative **Approval Items (No.160887) (hereinafter "Feedback") issued by China Securities Regulatory Commission (hereinafter "CSRC") on June 3, 2016. CSRC has lawfully** reviewed the administrative approval application submitted by the Company for Approval of Asset Acquisition by Beijing New Building Materials Public Limited Company by Stock Issue and required the Company to make written explanation on relevant issues and submit a written reply to the competent administrative approval application acceptance department under CSRC within 30 working days.

The Company together with relevant intermediary agencies will promptly prepare and submit relevant materials to the administrative licensing application acceptance department under CSRC within the specified period.

This asset acquisition by the Company by stock issue and the related-party transaction are still pending approval by CSRC. The Board of Directors of the Company will timely perform its obligation to make information disclosure based on **the progress of CSRC's examination and approval of this matter.** As it is still uncertain whether the above matter will be approved by CSRC, investors are advised to make decisions rationally and prudently and stay alert to investment risks.

The announcement ends here.

Attachment: CSRC Notice on First Feedback on Examination of Administrative Approval Items

Board of Directors of Beijing New Building Materials Public Limited Company

June 3, 2016

BNBMPLC0009176

**China Securities Regulatory Commission**

**CSRC Notice on First Feedback on Examination of Administrative Approval Items**

No. 160887

To Beijing New Building Materials Public Limited Company:

The Commission has lawfully reviewed the administrative approval application submitted by you for Approval of Asset Acquisition by Beijing New Building Materials Public Limited Company by Stock Issue and now requires you to make written explanations on relevant issues (attached below).You are expected to submit a written reply to the administrative licensing application acceptance department under this Commission within 30 working days.



June 3, 2016

BNBMPLC0009177

On April 27, 2016, this Commission accepted your application for asset acquisition by stock issue. After review, we hereby give a feedback as follows:

1. As shown on the application materials, this asset acquisition by stock issue involves a total of 46 counterparties including 10 limited partnerships like Guo Tai Min An Investment and Heda Investment, as well as 35 natural persons like Jia Tongchun. You are expected to: 1) use lists to make supplemental disclosure of the dates when the partnerships acquired the equity in underlying assets and when the partners acquired their partnership interests, as well as the form, purpose, sources of capital and other information about the contributions by the partners. 2) Make supplemental disclosure of the total number of persons after pass-through calculation; if the total number exceeds 200, and the time points when the partnerships acquired the equity in underlying assets and when the partners acquired their partnership interests fall within the six months prior to the suspension of trading, you should make supplemental disclosure of whether you have complied with relevant provisions including the one requiring that the number of issuance targets should not exceed 200 as a principle; if the foregoing time points of equity or partnership interest acquisition do not fall within the six months prior to suspension of trading, you should additionally disclose whether you comply with Guidelines No.4 for the Supervision of Unlisted Public Companies – Guidelines on Examination of Issues Concerning Applications for Administrative Licensing Filed by Unlisted Joint Stock Companies with More Than 200 Shareholders and other relevant regulations. 3) make supplemental disclosure of the actual controllers of the foregoing limited partnerships, whether any counterparty is a private investment fund, and if so, please provide sufficient risk warnings in the reorganization report, make special explanations on the filing matters, and undertake not to carry out this reorganization plan before completing the filing procedures for the private investment fund. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

2. As shown on the application materials, the counterparty Jia Tongchun is the controlling shareholder of Taihe Building Materials, and some counterparties or their relatives work for or hold shares in Taihe Building Materials and Taishi Rock Wool; the business scope of Taihe Building Materials overlaps with that of Taishan Gypsum, the major counterparties agree and undertake that, within 1 month upon completion of this transaction, Taihe Building Materials will change its name according to the requirements of BNBMPLC, and will transfer the brands, trademarks, trade names **and intellectual property rights related to "Taihe", gypsum board and stud to Taishan** Gypsum or an affiliated company designated by Taishan Gypsum or BNBMPLC without compensation, as specifically required by BNBMPLC at that time. You are expected to: 1) based on the information about the posts or shares held by the foregoing counterparties or information about the partners of counterparties, make supplemental disclosure of the proof that there is no affiliation or concerted action relationship between the counterparties to this transaction, and additionally disclose the relationship between the counterparties and the controlling shareholder of the listed company.2) Make supplemental disclosure of the foregoing promisors, of whether the enterprises served or controlled by the counterparties have competitive business with Taishan Gypsum, and whether the foregoing counterparties violate non-competition rules by working for or holding shares in Taihe Building Materials and other relevant enterprises.3) make supplemental disclosure of the subjects to which the foregoing intellectual property rights in Taihe and relevant gypsum board and stud brands, trademarks and trade names belong during the reporting period, how important they are to the production and operation of Taishan Gypsum, relevant arrangements for gratuitous transfer, whether there is any legal risk or economic dispute risk, the effect of the foregoing matters on this transaction and on the listed

BNBMPLC0009178

company following completion of this transaction, and whether this transaction meets Article 11(IV) and Article 43.1(IV) of Measures for the Administration of Material Assets Reorganization of Listed Companies regarding clear ownership of assets. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

3. As indicated on the application materials, Taihe Building Materials once directly held 21,787,500 shares in Taishan Gypsum and held 7,781,250 shares in Taishan Gypsum through Jia Tongchun; at the same time, natural person shareholders also hold shares in Taihe Building Materials on behalf of others, and the total contribution made to Taihe Building Materials by its shareholders corresponds to the number of shares actually held by Taihe Building Materials in Taishan Gypsum in quantity; in 2005, Employee Shareholder Association of Shandong Taihe Group transferred the **28,000,000 shares in underlying assets to Tai'an Donglian Investment & Trading Co., Ltd.; in 2006, BNBMPLC completed its acquisition of Tai'an Donglian Investment &** Trading Co., Ltd.; the actual number of shareholders of Taihe Building Materials is 503.You are expected to make supplemental disclosure in the following respects: 1) when Taihe Building Materials acted as a shareholder of Taishan Gypsum, its actual shareholders exceeded 200, whether this fact meets the relevant regulations, whether entrusted shareholding details about Taishan Gypsum are fully disclosed, the reason for entrusted shareholding, whether the principal has made contribution actually, whether the principal is prevented from holding shares directly due to his/her illegal status, and whether this circumstance will affect the validity of relevant equity transfer or capital increase resolutions.2) Whether the shareholding entrustment relationship is thoroughly terminated, whether there is any potential legal risk or economic dispute risk, whether there is any uncertainty in the equity held by existing shareholders, as well as the effect on this transaction and the listed company following completion of this transaction.3) Whether the equity transfer by Taishan Gypsum and the foregoing acquisition by BNBMPLC have undergone necessary approval procedures. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

4. As indicated on the application materials, since 2009, many home owners and home builders in the United States brought actions against BNBMPLC and Taishan Gypsum, demanding compensation for alleged losses arising from quality problems of gypsum boards, BNBMPLC and Taishan Gypsum are unable to determine the numbers of plaintiffs and properties involved in the cases and cannot accurately predict the possible judgment results; the counterparties agree that, 99,071,875 shares acquired by them will be locked up, if it is confirmed that contingent risk arises or actual loss is incurred within 36 months, BNBMPLC will repurchase and cancel the locked-up portion of shares at a price of RMB1 per share and assume the contingent risk or loss; if no contingent risk arises upon expiration of the 36-month period, BNBMPLC will also repurchase and cancel the locked-up portion of shares at a price of RMB1 per share. You are expected to make supplemental disclosure of: 1) the number of the foregoing shares, being 99,071,875 shares or 97,590,590 shares.2) The basis of calculation of number of shares and the basis of distribution among the counterparties, the specific implication of the abovementioned contingent risks, whether the compensation arrangements are able to cover relevant losses and fully protect the interests of the listed company.3) The reason and rationality that BNBMPLC will repurchase and cancel the locked-up shares, no matter whether the contingent risks arise or not.4) The necessity of this transaction, the latest progress of the foregoing actions, their effect on this transaction and the listed company following completion of this transaction, and whether this transaction meets Article 11(IV), (V) and Article 43.1(I) and (IV) of Measures for the Administration of Material Assets Reorganization of Listed Companies.5) In addition to the foregoing actions, during the reporting period, whether Taishan Gypsum is subject to other major

BNBMPLC0009179

lawsuits arising from quality control problems and other problems. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

5. As indicated on the application materials, in July 2014, the U.S. court ordered Taishan Gypsum and any of its related-parties or subsidiaries not to engage in any business activities in the United States until or unless Taishan Gypsum participated in the court proceedings; if Taishan Gypsum violates the injunction, it must pay 25% of the profit of its own or its affiliate violating the injunction in the year when such violation occurs as further penalty. You are expected to make supplemental disclosure of: 1) the effect of the foregoing judgment and relevant overseas actions on the overseas business of Taishan Gypsum, whether there are relevant operational risks in the overseas business, and if so, additionally disclose the effect of relevant risks on the operation stability and sustained profitability of the underlying assets and the countermeasures.2) The proportions of operating revenue and net profit of **Taishan Gypsum's overseas bus**iness, whether it is necessary to obtain relevant domestic and local qualifications and undergo relevant approval and filing procedures for the foregoing overseas business, and if so, additionally disclose the acquisition of these qualifications, whether the foregoing overseas business meets the applicable local laws and regulations, as well as relevant provisions of Chinese commerce, foreign investment, foreign exchange, tax, commerce and industry policies. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

6. As indicated on the application materials, the authorizations and approvals that **have been granted to this transaction include: the approval of Tai'an Municipal People's Government for this transaction plan, approval of Tai'an competent** departments for the Appraisal Report, filing and confirmation of the Appraisal Report with China National Building Materials Group Corporation, and official reply given by competent departments regarding this transaction plan; the controlling shareholder of the listed company is a Hong Kong listed company; the actual controller of the **counterparty Guo Tai Min An Investment is Tai'an Bureau of Finance. You are** expected to: 1) based on the information about the actual controller, make supplemental disclosure of what the above competent departments specifically refer to, and whether the approval and filing meet relevant regulations.2) additionally disclose whether this transaction has to go through relevant procedures of Stock Exchange of Hong Kong.3) based on the shareholding structure of Guo Tai Min An Investment, additionally disclose whether this transaction has to go through relevant approval procedures. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

7. As indicated on the application materials, the shareholders of Taishan Gypsum agree that the underlying assets will be delivered and injected into the listed company after Taishan Gypsum is changed into a limited liability company. You are expected to additionally disclose whether the foregoing change of corporate form has to go through relevant approval or filing procedures, and if so, additionally disclose whether there is any legal obstacle. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

8. As indicated on the application materials, Taishan Gypsum has not obtained housing ownership certificates/real estate title certificates for 224 buildings with a total area of 592,112.82 square meters; wherein, 92 buildings with a total area of 176,546.20 square meters are built on leased land; there are 2 parcels of land with a total area of 213,493.40 square meters which have been occupied by Taishan Gypsum and its subsidiaries but for which no land-use right has been obtained, there is 1 parcel of land yet to undergo the transfer procedures, and there are 4 parcels of land which are evaluated in terms of shares in nature. You are expected to: 1) make

BNBMPLC0009180

supplemental disclosure of the proportion of the area of the properties for which no certificate has been obtained, the progress of certificate application, expected date of completion, way of assumption of relevant expenses,, whether there is legal obstacle or whether there is risk that the certificates cannot be obtained on time, and if such obstacle or risk exists, please make supplemental disclosure of solutions.2) Perform relevant undertakings in accordance with Guidelines No.4 for the Supervision of Listed Companies – Undertakings and Their Performance by Actual Controllers, Shareholders, Affiliates, Acquirers of Listed Companies and the Listed Companies Themselves.3) make supplemental disclosure of how to divide the ownership of buildings built on leased land, whether the ownership is clear, the nature of the leased land, whether these buildings thereon violate relevant laws and regulations on land and housing construction, if so, please explain the legal risks that exist and the legal liabilities that should be assumed.4) make supplemental disclosure of whether Taishan Gypsum has used leased collective land to carry out project construction; if so, please make supplemental disclosure of the compliance of relevant project construction procedures.5) make supplemental disclosure of whether the practice of evaluating the land-use right in terms of shares complies with relevant provisions of Company Law, Land Administration Law, etc.6) make supplemental disclosure of the effect of the foregoing matters on this transaction and the listed company following completion of this transaction, and whether this transaction meets Article 11(I) and (IV) and Article 43.1(I) and (IV) of Measures for the Administration of Material Assets Reorganization of Listed Companies. The independent financial adviser and lawyer are expected to conduct verification and give express opinions. The lawyer is expected to verify and give express opinions on whether this transaction complies with the provisions of applicable laws, regulations and normative documents including Company Law, Securities Law, Measures for the Administration of Material Assets Reorganization of Listed Companies and Measures for the Administration of the Issuance of Securities by Listed Companies.

9. As indicated on the application materials, the subsidiaries and branches of Taishan Gypsum leased 3 buildings with a total area of 28,108.24 square meters; Taishan Gypsum and its subsidiaries leased and used 11 parcels of land with a total area of 387,316.84 square meters, wherein, they leased 5 parcels of collective land with a total area of 69,389.65 square meters and 1 parcel of granted land with an area of 53,336.00 square meters. You are expected to make supplemental disclosure of: 1) the foregoing leased premises and purpose of land, whether there is any risk of default or renewal failure, as well as the effect on the production and operation stability of Taishan Gypsum.2) whether the act of leasing collective land and granted land complies with Land Administration Law and relevant regulations, and whether it is necessary to go through relevant procedures. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

10. As indicated on the application materials, if the base date of evaluation in this transaction is April 30, 2015 and the income approach is used for evaluation, the 100% equity of Taishan Gypsum is evaluated at RMB1,198,714.00; and if a supplemental evaluation is performed on the base date of December 31, 2015, the 100% equity of Taishan Gypsum is evaluated at RMB1,283,092.00.You are expected to make supplemental disclosure of: 1) the accomplishment of the consolidated operating revenue and profit of Taishan Gypsum for 2015, and the difference with the result estimated using the income approach on the base date of April 30, 2015 and the reason for such difference.2) If there is any difference between the two forecasts of consolidated revenue and net profit of Taishan Gypsum using the income approach, and if so, please make supplemental disclosure of the reason and rationality. 3) The main reason for the difference between the results of two evaluations using the income approach.4) The reason and rationality for the fact that the three subsidiaries, **namely, Tai'an Taishan Plasterboard Co., Ltd., Taishan**

Gypsum (Jilin) Co., Ltd. and Xinjiang Tianshan Building Materials Gypsum Products Co., Ltd. are not evaluated using the income approach. The independent financial adviser and appraiser are expected to conduct verification and give express opinions.

11. You are expected to make supplemental disclosure of the consumer complaints about quality problems during the reporting period, including the quantity, main content, handling mechanism and results of these complaints. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

12. You are expected to make supplemental disclosure of whether Taishan Gypsum has to obtain relevant qualifications for production and operation. If so, please make supplementation disclosure regarding the acquisition of such qualifications. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

13. As indicated on the application materials, Catalog for Guidance of Industrial Structure Adjustment (2011 Version) (2013 Revision) identifies gypsum board production line with an annual production capacity below 10,000,000 square meters as eliminated class and those with an annual production capacity below 30,000,000 as restricted class. You are expected to make supplemental disclosure of whether products of Taishan Gypsum fall within the foregoing scope, and the effect of the foregoing regulations on the production and operation of Taishan Gypsum. The independent financial adviser is expected to conduct verification and give express opinions.

14. As indicated on the application materials, several buildings and certain machinery and equipment have been mortgaged. You are expected to make supplemental disclosure of the effect of the total debt amount corresponding to the foregoing security, the purpose of debt, guarantee term and security matters on this transaction and the ownership of assets and production and operation of the listed company upon completion of this transaction. The independent financial adviser and lawyer are expected to conduct verification and give express opinions.

15. As indicated on the application materials, the related-party transaction of Taishan Gypsum has been reflected in the consolidated statements of the Company; the enterprises controlled by some counterparties have some borrowings and lendings with the Target Company in small amount and the loans have been repaid and interests paid as agreed. You are expected to make supplemental disclosure of relevant information about the related party transaction in accordance with Articles 37 and 38 of No.26 of Standards on the Contents and Formats of Information Disclosure by Companies Publicly Offering Securities – Material Asset Restructuring of Listed Companies (2014 Revision).The independent financial adviser is expected to conduct verification and give express opinions.

16. You are expected to make supplemental disclosure of whether the asset appraiser of this reorganization has been investigated or ordered to make rectification by CSRC and its local offices and competent judicial and administrative authorities; if so, please explain relevant situations. The independent financial adviser and the law firm are expected to verify and give express opinions on whether this matter will affect the validity of relevant appraisal documents.

17. As indicated on the application materials, through this transaction, Taishan Gypsum will become a wholly-owned subsidiary of BNBMPLC. It is still uncertain how relevant assets and personnel develop through the platform offered by the Company in the future, and whether they can produce expected synergic effect with the existing business segments of the Company, so this transaction of the Company is still subject to certain business integration risks. You are expected to make supplemental

disclosure of the reason and rationality for the foregoing integration risks on the basis of the listed company's control over Taishan Gypsum prior to this transaction. The independent financial adviser is expected to conduct verification and give express opinions.

You should disclose the reply to this feedback within 30 working days upon receipt of this notice and submit the relevant materials related to the reply to this feedback within 2 working days following the disclosure. If you cannot make disclosure within 30 working days, you should submit to this Commission an application for late submission of the reply to this feedback 2 working days prior to the expiration of such 30-day period, and subject to our approval, announce the reason for failure to timely reply to this feedback and the effect of such failure on the examination and approval within 2 working days thereafter.

Contact: Guo Huimin at 010-88061450

guohm@csrc.gov.cn

BNBMPLC0009183