**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | MDL NO. 2047 |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | SECTION: L |
| | * | |
| This document relates to:  ALL CASES | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE WILKINSON |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**THE FEE COMMITTEE'S RESPONSES AND OBJECTIONS TO**
**PRIMARY COUNSEL'S NOTICE TO AREAS OF INQUIRY**
**FOR THE DEPOSITION OF PHILIP GARRETT**

Primary Counsel served its Notice to Areas of Inquiry for the Deposition of Philip Garrett

on November 30, 2016 ("AOIG by O").  The Fee Committee (FC) provides the following

Responses and Objections to the AOIG by O.

**GENERAL OBJECTIONS TO AOIG BY O**

A. The AOIG by O seeks a range of information that is beyond the scope of discovery
allowed by the Federal Rules, the Court's Order of July 18, 2016 [Rec. Doc. 20410],
the Court's Order of August 30, 2016 [Rec. Doc. 20479], Special Master Balhoff's
Case Management Order No. 1 entered September 25, 2016 and Special Master
Balhoff's Case Management Order No. 2 entered November 14, 2016.

B. The AOIG by O is vague, overbroad, unduly burdensome and expressly broader than
the Orders and Case Management Orders issued by the Court.

C. The Fee Committee objects to the AOIG by O because it seeks testimony outside of
the limits ordered by the Court in this matter, which are restricted to "limited discovery
regarding time and expense submissions, procedures and the relevant work of Philip
Garrett, CPA."  *See* Rec. Doc. 20410.

D. The Fee Committee objects to the AOIG by O because it seeks testimony outside of
the limits ordered by the Court in this matter, which include a directive to the Special
Master to make a recommendation concerning the disposition of the Fee Committee's
Recommendation Regarding the Allocation of the Global Fee Award As Between
Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec.

1

Doc. 20293]; and Primary Counsel objections to this recommendation. *See* Rec. Doc. 20478.

E.   The Fee Committee objects to the breadth of the requested designated areas of inquiry because the Special Master has previously ordered and the deponent has produced certain documents deemed to be discoverable in this matter.  Other documents have previously been ruled not discoverable and, therefore, testimony regarding documents other than those produced by the deponent would be irrelevant and immaterial to this matter.

F.   The Fee Committee objects to any definitions and/or instructions contained in AOIG by O that seek to impose upon the deponent any obligations or responsibilities beyond those mandated by the Federal Rules of Civil Procedure, or any other applicable laws or rules.  The Fee Committee objects to the AOIG by O definitions of "you," "your," and "Philip A. Garrett" as overbroad and vague, and further objects to the extent the definitions or any requests herein purport to include third party entities, or entities which are not a party to the specific work performed by the deponent in connection with this litigation. The deponent will only provide testimony for himself and not for any other entities.

G.   The Fee Committee objects to the AOIG by O definition of "Settlements" as overbroad and vague, and further objects to the extent the definition seeks to include any matter that has not been the subject of an approved class Settlement submitted to a Court in a Chinese Drywall litigation.

H.   The Fee Committee objects to the AOIG by O definition of "Attorney Fee Fund" as overbroad and vague, and further objects to the extent the definition is not set forth or defined by the Court's Order of May 17, 2016 [Rec. Doc. 20257].

I.   The Fee Committee objects to the AOIG by O insofar as it seeks information that is not relevant to the Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) by Plaintiffs' Liaison Counsel and the Fee Committee [Rec. Doc. 20293], the various responses in opposition filed by plaintiff attorneys and other motions regarding the distribution of attorney's fees.

J.   The Fee Committee objects to the AOIG by O insofar as it seeks information that is not relevant to a claim or defense of any party to this fee dispute, nor reasonably calculated to lead to the discovery of admissible evidence.

K.   The Fee Committee does not concede that any of the testimony sought or provided is relevant, material, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

L.   The Fee Committee objects to the AOIG by O as it seeks to relate to documents or testimony containing information that is protected by the attorney-client privilege,

work product immunity, deliberative process, or any other applicable privilege or doctrine under federal or state statutory, constitutional or common law. This litigation is still ongoing and the Plaintiffs' Steering Committee continues to pursue Chinese drywall defendants that have not resolved matters.

M.   The Fee Committee objects to the topics contained in the AOIG by O to the extent a witness cannot be prepared to testify on them through reasonable efforts and to the extent they seek information that cannot be located through reasonable efforts. The testimony provided will be based upon information reasonably available to the deponent.

N.   The Fee Committee object to the topics contained in the AOIG by O to the extent they are overbroad, imprecise, unduly burdensome, or fail to set forth with reasonable particularity the information or testimony requested.

O.   The Fee Committee objects to the topics contained in the AOIG by O to the extent they are unduly cumulative or duplicative.

P.   The Fee Committee objects to the burdensome topics contained in the AOIG by O to the extent the Special Master has provided Objectors six (6) hours to question Philip Garrett at his deposition (Objectors can split those 6 hours in any way they choose). Based upon the 44 designated areas of inquiry, this will result in each area of inquiry having approximately 8 minutes in which the questioning, objections (if any) and answer shall occur.

Q.   The Fee Committee attaches hereto as Exhibit "A" the Topics for Phil Garrett Deposition (December 14, 2016 – 8:00 .m.) submitted by the Fee Committee in its email to Objectors' Counsel and Special Master Balhoff on November 30, 2016. These areas of inquiry are in accordance with the Court's Order and the Special Master's Case Management Order, which will enable the deponent to provide limited discovery regarding time and expense submissions, procedures and the relevant work product of Philip Garrett, CPA.

All of the foregoing General Objections made by the Fee Committee are incorporated by reference into the following responses. Specific reference to any General Objection in response to a topic is for emphasis only, and is not intended to waive the other General Objections.

## RESPONSES AND OBJECTIONS TO AOIG BY O

1.   **Background and experience of Philip A. Garrett, generally and specifically in multi-district litigation and/or class actions as it pertains to attorney fee and expense allocations and/or reimbursements.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to any testimony regarding other multi-district litigation and/or class action matters that the deponent may have been involved in, specifically with respect to individual fee allocations and reimbursements, as those matters are not relevant to this dispute. The Fee Committee has no objection to the deponent discussing his qualifications and the approval and retention to assist and provide accounting services as set forth in Pre-Trial Order No. 9.

**2.**      **The scope of work and methodology employed by Philip A. Garrett in other multi-district litigation and/or class actions.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to any testimony regarding other multi-district litigation and/or class action matters that the deponent may have been involved in, specifically with respect to individual fee allocations and reimbursements, as those matters are not relevant to this dispute. The Fee Committee has no objection to the deponent discussing his qualifications, his approval and retention to assist and the accounting services provided in this MDL as set forth in Pre-Trial Order No. 9.

**3.**      **Cases in which the testimony of Philip A. Garrett has been limited and/or barred.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.

**4.**      **The timing, terms and conditions for the retention of Philip A. Garrett by the PSC and documentation relating thereto.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee has no objection to the deponent discussing his qualifications, his approval and retention to assist and the accounting services provided in this MDL as set forth in Pre-Trial Order No. 9.

**5.**     **The timing, terms and conditions for the appointment of Philip A. Garrett by the Court.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  Further, PTO 9 provides that:  "Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2047. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal."

**6.**     **Pretrial Orders No. 9, 9(A), 28, 28(A), 28(B), 28(C), 28(D), 28(E), and 28(F) and his interpretation thereof.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to any interpretations or opinions regarding Pre-Trial Orders issued by the Court, as the Orders set forth the sum and substance of their directives as provided by the Court.

**7.**     **The Case Cost Management System.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.   The Fee Committee has no objection to the deponent discussing the Case Cost

Management System, provided such testimony does not encompass or include any privileged material or communications.

**8.     The timing, terms and conditions of the designation of common benefit counsel.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this deponent giving testimony regarding Pre-Trial Order No. 3 designating Plaintiffs' Liaison Counsel, Pre-Trial Order No. 8 appointing the Plaintiffs' Steering Committee, Pre-Trial Orders Nos. 8(A), (B), (C), (D) and (E) further appointing the Plaintiffs' Steering Committee, and any testimony setting forth "timing, terms and conditions" of common benefit counsel and their duties, as such testimony is outside of the scope and parameters of Mr. Garrett's function as set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

**9.     The timing, terms, conditions and contents of reporting made by Philip A. Garrett to the Court and/or the PSC and all documentation relating thereto.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as such procedures were set forth by the Court in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).  Further, the Fee Committee objects to this area of inquiry to the extent it seeks information or testimony concerning or constituting privileged communications between the deponent and the Court.

**10.    The procedure for submission of common benefit time and common benefit expenses to Philip A. Garrett.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

11.     **The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

**RESPONSE:**

    The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).


12.     **The policies and procedures utilized for review and verification of common benefit time and common benefit expense submissions, and documents relied upon in determining whether said submissions comply with Pretrial Orders No. 9 and 9(A).**

**RESPONSE:**

    The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

13.     **The policies and procedures utilized for review and verification of common benefit time and common benefit expense submissions, and documents relied upon in determining whether said submissions were necessary, benefitted claimants and were not duplicative of other time and expenses submitted by other counsel.**

**RESPONSE:**

    The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

14.     **Policies and procedures utilized and documents relied upon in determining whether an item of time or expenses incurred was authorized by the Plaintiffs' Steering Committee, Lead Counsel or Liaison Counsel.**

**RESPONSE:**

    The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

15.     **Policies and procedures utilized and documents relied upon in determining whether an item of time or expense was incurred in connection with the litigation  of  any individual  case or group of individual cases and, if so, whether said item of time or expense was authorized by a member of the PSC for the common benefit of Chinese drywall litigants in MDL No.  2047.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at

length.   The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

16.     **The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

17.     **The procedure for notice and disallowance of common benefit time and/or common benefit expense submissions.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

18.     **The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at

length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

19.     **Spreadsheets, reports and memoranda prepared by or on behalf of Philip A. Garrett regarding average time and expenses of PSC members and "problematic time and expense submissions" as referred to in the October 2011 statement of Philip A. Garrett.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the area of inquiry seeks discovery beyond that which the Special Master previously addressed and which was the subject of the discovery rulings concerning documents to be produced by the deponent.

20.     **The common benefit time and/or common benefit expense submissions accepted.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

21.     **The procedure for amending and/or modifying common benefit time and/or common benefit expense submissions.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

22.     **The procedure for identifying the common benefit billing rates and the common benefit billing rates reported, used and relied upon.**
**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

**23.     The timing, terms, conditions and amounts of approved common benefit time and reimbursed and/or approved common benefit expenses.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

**24.     The source, establishment, distribution, and reconciliation of the Other Loss Fund.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the Fee Committee objects to this area of inquiry because the Other Loss Fund and payments from such fund are beyond the scope of this limited issue involving fee matters.  Any objection to the Other Loss Fund payments should have been the subject of challenges or appeals pursuant to the Settlement Agreements and/or the class certification process in connection with any such Settlements and/or applicable Court Orders.

**25.     The valuation and calculation of the total benefits conferred by the Settlements and any reports or memoranda prepared by or on behalf of Philip A. Garrett or by or on behalf of the PSC or FC and provided to Philip A. Garrett relating thereto.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the Fee Committee objects to this area of inquiry because it calls for a legal conclusion and because the valuation and calculation of benefits conferred by any of the Settlements are

beyond the scope of this limited issue involving fee matters.  Any objections to valuations and calculations of benefits conferred to any individual claimant in any Settlement(s) should have been the subject of challenges or appeals pursuant to the Settlement Agreements and/or the class certification process in connection with any such Settlements and/or applicable Court Orders.

**26.     The valuation and accounting of the Settlement Funds.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.   The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the Fee Committee objects to this area of inquiry because it calls for a legal conclusion and because the valuation of any of the Settlements are beyond the scope of this limited issue involving fee matters.   The Fee Committee has no objection to the deponent discussing accounting services that may have been provided in connection with funds paid or deposited in connection with Settlement Agreements.   However, any objections to valuations of benefits conferred to any individual claimant in any Settlement(s) should have been the subject of challenges or appeals pursuant to the Settlement Agreements and/or the class certification process in connection with any such Settlements and/or applicable Court Orders.

**27.     The valuation and accounting pertaining to the Attorney Fee Fund.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the Fee Committee objects to this area of inquiry because it calls for a legal conclusion and because the valuation of any of the amounts deposited into a Court for Attorney's Fees are

beyond the scope of this limited issue involving fee matters.  The Fee Committee has no objection to the deponent discussing accounting services that may have been provided in connection with funds paid or deposited in connection with Attorney Fees.  However, any objections to valuations of benefits conferred to any individual claimant or their counsel as a result of any Settlement(s) or the payment of Attorney's Fees in connection with any Settlement(s), should have been the subject of challenges or appeals pursuant to the Settlement Agreements and/or the class certification process in connection with any such Settlements and/or applicable Court Orders.

**28.     All attorney fee and cost reconciliation statements prepared by or on behalf of Philip A. Garrett and any amendments/revisions thereto.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the Fee Committee objects to this area of inquiry because the valuation of any of the amounts deposited into a Court for Attorney's Fees are beyond the scope of this limited issue involving fee matters.   The Fee Committee has no objection to the deponent discussing accounting services that may have been provided in connection with funds paid or deposited in connection with Attorney Fees.  However, any objections to valuations of benefits conferred to any individual claimant or their counsel as a result of any Settlement(s) or the payment of Attorney's Fees in connection with any Settlement(s), should have been the subject of challenges or appeals pursuant to the Settlement Agreements and/or the class certification process in connection with any such Settlements and/or applicable Court Orders.

**29.     The procedure for performing attorney fee and cost reconciliation(s), the actual performance of the attorney fee and cost reconciliation(s), the individuals involved, the documentation relating thereto, and the results of such reconciliation(s).**

12

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the Fee Committee objects to this area of inquiry because it calls for legal conclusions and because the valuation of any of the amounts deposited into a Court for Attorney's Fees are beyond the scope of this limited issue involving fee matters.  The Fee Committee has no objection to the deponent discussing accounting services that may have been provided in connection with funds paid or deposited in connection with Attorney Fees.  However, any objections to valuations of benefits conferred to any individual claimant or their counsel as a result of any Settlement(s) or the payment of Attorney's Fees in connection with any Settlement(s), should have been the subject of challenges or appeals pursuant to the Settlement Agreements and/or the class certification process in connection with any such Settlements and/or applicable Court Orders.

**30.**     **The timing, terms, conditions, procedures and amounts of attorney fee and/or expense advances paid out of the Settlement Funds including the amount received to date for fees and expenses by common benefit counsel.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

**31.**     **Accounting of the Knauf and other claims that were settled directly with builders and/or contractors separate from the "Settlements" defined in section I. above.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

Further, the Fee Committee objects to this area of inquiry because the accounting of any of payments to the builders and/or contractors are beyond the scope of this limited issue involving fee matters. The Fee Committee has no objection to the deponent discussing accounting services that may have been provided in connection with funds paid or deposited in connection with Settlement Agreements and in connection with the Homebuilders' Memorandum of Understanding [Rec. Doc. 20381-1].

32.     **Accounting of the "Voluntary Contributions" paid into the Court registry pursuant to the Voluntary Contribution Orders entered by the Court in the above captioned litigation [Rec. Docs. 8545 and 8389] and any private settlement agreements within the knowledge of Philip A. Garrett that did not contribute common benefit funds in accordance with the Voluntary Contribution Orders set forth above, and any documents or communications relating thereto.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length. The Fee Committee has no objection to the deponent addressing voluntary contributions deposited into the registry of the Court pursuant to the Voluntary Contribution Order entered by the Court on April 13, 2011 [Rec. Doc. 8545], provided such testimony does not encompass or include privileged material or communications.

33.     **The affidavits submitted by Philip A. Garrett in the above captioned litigation, including but not limited to Rec. Docs. 17701-2, 18101-1, 20282, & 20290-5.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length. The Fee Committee has no objection to the deponent discussing the Affidavit submitted by the deponent.

34.     **The testing, sampling, validations and/or standards of application, if any, implemented and utilized by Philip A. Garrett to support and ensure the reliability of his results and/or opinions.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to the undefined and vague requests addressing "testing, sampling, validations and/or standards of application," as these terms are not applicable in this matter.  The Fee Committee objects to this area of inquiry as the deponent is not subject to a *Daubert* challenge.

**35.**    **The testing, sampling, validations and/or standards of application, if any, that could be employed and/or that in Philip A. Garrett's opinion are appropriate to support and ensure the reliability of any opinions or conclusions of the type he arrived at in this matter.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to the undefined and vague requests addressing "testing, sampling, validations and/or standards of application," as these terms are not applicable in this matter.  The Fee Committee objects to this area of inquiry as the deponent is not subject to a *Daubert* challenge.

**36.**    **The known or potential rate of error associated with Philip A. Garrett's calculations and how the same was determined.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as the deponent is not subject to a *Daubert* challenge.

**37.**    **Information, documents, reports and memoranda submitted to, received from, prepared by and/or exchanged with Philip A. Garrett as it pertains to the performance of his duties in the instant litigation.**

**RESPONSE:**

      The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information

beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the area of inquiry seeks discovery beyond that which the Special Master previously addressed and which was the subject of the discovery rulings concerning documents to be produced by the deponent.

**38.** **The documents reviewed and upon which Philip A. Garrett relies in supporting his opinions and/or affidavits offered in this case.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry to the extent it seeks information beyond that set forth in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F). Further, the area of inquiry seeks discovery beyond that which the Special Master previously addressed and which was the subject of the discovery rulings concerning documents to be produced by the deponent.

**39.** **The articles, treatises, textbooks, journals, reference manuals, abstracts and/or studies reviewed and/or relied upon by Philip A. Garrett to support his opinions offered in this case.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as the deponent is not subject to a *Daubert* challenge.

**40.** **The oral and/or written instructions received by Philip A. Garrett for performing his work and/or analysis in the above captioned litigation.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as such procedures were set forth by the Court in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

41.     **Monthly billing statements of Philip A. Garrett.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.

42.     **All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as such procedures were set forth by the Court in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

43.     **The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as such procedures were set forth by the Court in Pre-Trial Order No. 9, Pre-Trial Order Nos. 28, & 28(A) through (F) and the Order combining attorney fee QSFs [Rec. Doc. 20022].

44.     **Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

**RESPONSE:**

The Fee Committee incorporate their General Objections as though fully set forth at length.  The Fee Committee objects to this area of inquiry as such procedures were set forth by the Court in Pre-Trial Order No. 9 and Pre-Trial Order Nos. 28, & 28(A) through (F).

Respectfully submitted,


Dated: December 1, 2016          /s/ Russ M. Herman
                                 Russ M. Herman (Bar No. 6819)
                                 Leonard A. Davis (Bar No. 14190)
                                 Stephen J. Herman, Esquire (Bar No. 23129)
                                 HERMAN, HERMAN & KATZ, L.L.C.
                                 820 O'Keefe Avenue
                                 New Orleans, Louisiana 70113
                                 Phone: (504) 581-4892
                                 Fax: (504) 561-6024
                                 LDavis@hhklawfirm.com
                                 *Plaintiffs' Liaison Counsel MDL 2047*
                                 *Co-Chair/Secretary Fee Committee*

                                 Arnold Levin
                                 Fred S. Longer
                                 Sandra L. Duggan
                                 Levin, Fishbein, Sedran & Berman
                                 510 Walnut Street, Suite 500
                                 Philadelphia, PA 19106
                                 Phone:  (215) 592-1500
                                 Fax:  (215) 592-4663
                                 Alevin@lfsblaw.com
                                 *Plaintiffs' Lead Counsel MDL 2047*
                                 *Chair Fee Committee*


                                 ***ON BEHALF OF THE FEE COMMITTEE***

# EXHIBIT "A"

<u>**TOPICS FOR PHIL GARRETT DEPOSITION (December 14, 2016 – 8:00 a.m.)**</u>

1. Services of Phil Garrett in MDL 2047

2. PTO 9
   a. Monthly reports.
   b. Submission and record keeping of time.
   c. Submission and record keeping of held costs.
   d. Submission and record keeping of shared costs.
   e. Communication with counsel for approval and denial of expenses.
   f. Monthly meeting with Judge Fallon.
   g. Regular communications with Plaintiffs' Liaison Counsel.
   h. Unreimbursed cash assessments – partial payment of assessments.
   i. Accounts set up at financial institutions – checking, Esquire.

3. PTO 9A
   a. State Court counsel submissions.

4. PTO 28
   a. Step One - to assure the information on the Case Cost Management System is accurate and correct. Reports and updates to all counsel.
   b. Step Two – confirm accuracy of time and expense information and compare to Initial Affidavit.
   c. Step Two - Primary Counsel's submission of all clients they represent.
   d. Step Three – run reports for the Joint Fee Petition – time and expense – Lodestar reports. Affidavit.
   e. Step Five – run reports based upon the interrelated settlements, Homebuilders.
   f. Coordination and communication with BrownGreer.
   g. After interviews – reduction of hours and time, and communication with submitting law firm.

5. PTO 28F
   a. Efforts to determine the total funds available for distribution.
   b. Homebuilder claims.
   c. Formula for individual counsel's fee.

6. PTO 30
   a. Cost stipend reports.
   b. Communication with BrownGreer.
   c. Meetings with Judge Fallon.
   d. Virginia Motion for Stipends.

7. Affidavit of Phil Garrett [Rec. Doc. 17700-6]
   a. Review of time and expense records for compliance with PTO 9.
   b. Items disallowed from inclusion and submissions and protocol utilized.
   c. Explanation of how the figures in the Affidavit were derived.

      d.  Exhibit 1 resume – other cases where Phil is involved.

8. Revised and Updated Affidavit of Phil Garrett [Rec. Doc. 20293-2]
      a.  Changes made from Rec. Doc. 17700-6.

9. Attorney Fee Reconciliation – review of each entry and support and basis.
      a.  Review each fund and the establishment of the QSF (see Section 10 below).
      b.  Interest – explain the accounts and how the funds have been accounted for.
      c.  QSF charges – Esquire Bank fees.
      d.  Reimbursement of advance costs/assessment (see Section 1 above).
      e.  Set aside for Taishan.
      f.  Stipend payments (see Section 5 above).
      g.  Reduction of fees and distribution to claimants.
      h.  Garretson fee.
      i.  Monies to be paid – explain stipend, held costs and unreimbursed cash assessments (see Section 1 above).
      j.  North River fees and costs.
      k.  Voluntary contributions [Rec. Doc. 8545].
      l.  Cataphora funding [Rec. Doc. 12125].
      m.  ATLA/AAJ payments.

10. Homebuilder's Memorandum of Understanding [Rec. Doc. 20381-1] and Amended Memorandum of Understanding [Rec. Doc. 20467-1]
      a.  Reports generated.
      b.  Communication with BrownGreer.

11. QSF Orders
      a.  Review of each settlement agreement (Banner, Global, InEx, Knauf, and L&W, Builders – VA, Nationwide – VA, Porter Blaine – Venture – VA, Tobin Trading – VA).
      b.  Establish QSF and open financial institution accounts.
      c.  Communications with the Clerk of Court.
      d.  Communications with Esquire Bank.
      e.  Order to combine all Attorney Fee Settlement Fund accounts [Rec. Doc. 20022].

12. Assistance Provided to the Fee Committee
      a.  Lodestar analysis

13. Efforts in fee proceedings

14. No conflict of interest

15. Qualifications of Phil Garrett