UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL NO. 2047 <br> JUDGE ELDON E. FALLON <br> SECTION L |
| This Document Relates to: <br><br> ALL CASES | | MAGISTRATE JUDGE <br> WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * *

### SPECIAL MASTER'S ORDER ON MOTION TO APPROVE AMENDED MEMORANDUM OF UNDERSTANDING REGARDING ALL HOMEBUILDER CLAIMS FOR REIMBURSEMENT OF COUNSEL FEES

By Order dated July 18, 2016 (entered on July 19, 2016), Daniel J. Balhoff was appointed Special Master [Rec. Doc. 20410]. Thereafter, on August 30, 2016, the Court clarified and supplemented that Order [Rec. Doc. 20478], which included the directive that the Special Master make recommendations concerning all pending attorneys' fee issues.

On August 26, 2016, the Fee Committee filed a Motion to Approve the Amended Memorandum of Understanding Regarding all Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20467], attached hereto as Exhibit 1. The Amended Memorandum of Understanding ("MOU") was entered into between the various Homebuilders identified on Exhibit A to the MOU ("Various Homebuilders") and the Chinese Drywall MDL 2047 Fee Committee ("FC"), Plaintiffs' Lead Counsel, and Plaintiffs' Liaison Counsel (collectively, the "Parties"). The MOU memorialized the agreement between the Parties regarding the entitlement of Various Homebuilders to a return of the remaining portion of the 32% attorneys' fees set

asides from the Banner Settlement Agreement and Global Settlement Agreement associated with the Various Homebuilders' homes. The amount of attorneys' fees set aside portions to be returned to the Various Homebuilders is set forth in the Allocation Report (Exhibit B to the MOU).[1]

As part of the MOU, the Various Homebuilders agreed collectively to compensate Co-Class Counsel, Dorothy Wimberly (who played a vital role as Local Liaison Counsel for the Homebuilders), for her professional services rendered in connection with her role as Co-Class Counsel in the Banner and Global Settlements. The Various Homebuilders agreed that such compensation would be deducted from the attorneys' fees set aside portions to which each of the Various Homebuilders is entitled, at an assessment of 0.75% of each of the Various Homebuilders' total settlement recoveries under the Banner Settlement and Global Settlement.[2] Moreover, as part of the MOU, the FC, Plaintiffs' Steering Committee (PSC), and Class Counsel would have no further obligation to compensate Ms. Wimberly for her Co-Class Counsel services, and she agreed that her compensation was to come only from the 0.75% assessments described in this paragraph.

---

[1] The Allocation Report was revised on October 20, 2016, but the revision had no effect on the payouts reflected in Exhibit B to the MOU.

[2] The assessment that the Various Homebuilders agreed would be deducted from each of the Various Homebuilder's attorneys' fees set aside portions to compensate Co-Class Counsel is reflected on Exhibit B to the MOU. The Various Homebuilders agreed that the assessment would be paid directly to Ms. Wimberly's law firm, Stone Pigman Walther & Wittmann LLC, by the Settlement Administrator. This assessment also applies to any additional funds that may be distributed to each of the Various Homebuilders at the time Brown Greer distributes the ~3% hold backs. Accordingly, Ms. Wimberly's law firm will receive 0.75% of any additional amounts distributed to the Various Homebuilders or to Mr. Sivyer's clients if they are determined to be "Active Builders." *See infra* note 4.

Further, in the MOU, Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel, on behalf of the PSC, agreed not to pursue the Motion for Additional Common Benefit Assessments [Rec. Doc.No. 17831] ("Motion") against the Various Homebuilders, pursuant to which the PSC sought "additional common benefit assessments from those other Chinese Drywall cases and claims that were not participating in any of the various Class Action Settlement Agreements previously addressed in the Global Fee Petition,"[3] Motion at 1, including any common benefit assessments associated with those claims described in the Major Homebuilders Settlement Agreement.  The PSC further waived any additional right it may have now or in the future to seek any additional fees or costs from the Various Homebuilders in connection with any Chinese Drywall litigation or settlements.  Reciprocally, except as otherwise provided in the MOU, the Various Homebuilders waived any right they may have now or in the future to seek any additional fees or costs from the PSC in connection with any Chinese Drywall litigation or settlements.[4]

Having reviewed the Fee Committee's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees and the letter briefing submitted by the Parties, and otherwise being fully advised in the premises, it is the recommendation of the Special Master that the motion be **GRANTED** and that all funds to be paid to the Various Homebuilders and to co-class counsel, Dorothy Wimberly, pursuant to the

---

[3]   The Class Action Settlement Agreements previously addressed in the Global Fee Petition are Banner, InEx, Knauf, L&W, Global and the Virginia Class Settlements.

[4]   In addition to the amounts set forth in attached Exhibit B to the MOU, LWH, LLC, Taylor Morrison, Inc., and The Ryland Group, Inc. filed a motion requesting that Judge Fallon determine them to be "Active Builders" [Rec. Doc. 20503].  That motion is under consideration by the Special Master but does not impact approval of the MOU.  Accordingly, pending resolution of that motion, those entities shall receive the payments described in Exhibit B to the MOU.

Amended Memorandum of Understanding be immediately disbursed to them. The Special Master recommends that all objections to the motion be **OVERRULED** (with the caveat that the Special Master has not yet made a determination concerning Rec. Doc. 20503)..

**BATON ROUGE, LOUISIANA,** this 12th day of December, 2016.

/s/ Daniel J. Balhoff
**Special Master Daniel J. Balhoff**