**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS WITH RESPECT TO DOCUMENTS PRODUCED BY AND TESTIMONY OF THE TAISHAN DEFENDANTS AND THIRD PARTIES**

**I.      INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") has sought discovery from and conducted numerous depositions of the Taishan Defendants and various third parties.[1] These Defendants and certain third parties have designated much of their testimony as confidential, forcing the PSC to submit the transcripts under seal in connection with all filings citing to such deposition testimony. The Taishan Defendants and certain third parties have also designated many of the documents

---

[1] The depositions of the Taishan Defendants include Taishan Gypsum Co., Ltd. ("Taishan" or "TG") (CHE Gang), June 2-4, 2015; China National Building Materials Company Limited ("CNBM") (CHANG Zhangli), June 5-7, 2015; Beijing New Building Materials Public Limited Company ("BNBM PLC") (CHEN Yu), July 7-8, 2015; and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group") (ZHAO Yanming), July 15-17, 2015. The other depositions at issue in this motion include CAO Jianglin, August 4-5, 2015; WANG Bing, August 25-27, 2015; SONG Zhiping, September 14-15, 2015; PENG Shou, September 16, 2015; JIA Tongchun, September 17-18, 2015; United Suntech Craft, Inc. ("United Suntech") (LIU Weishing), October 27, 2015; CNBM Forest Products (Canada) Ltd. ("CNBM FP") (DENG Jianjin), October 28, 2015; China National Building Materials Import and Export Corporation ("CNBM Import and Export" or "CNBM "I&E") (LIHE Wang), November 4, 2015; Jushi USA Fiberglass Co., Ltd. ("Jushi") (TANG Hsin Hua), November 18, 2015; and HU Jinyu, December 7, 2015.

1

produced to the PSC as Confidential or Highly Confidential.[2] Pursuant to PTO No. 16 [Rec. Doc. 288], the PSC attempted to resolve any objections with the appropriate parties prior to involving the Court in this dispute. *See* Declaration of Russ M. Herman.

The PSC has reviewed the deposition transcripts and documents marked as confidential, and there are no grounds for designating any of the disputed testimony or documents as either "Confidential" or "Highly Confidential" consistent with the requirements of PTO No. 16 and the Federal Rules of Civil Procedure. First and foremost, "[i]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. … The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial record and documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotations omitted). The fundamental purposes of the public's right of access to our courts are "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988). In the face of the presumed right of access to the courts, "the burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption. … [T]his burden may not be met through broad allegations of harm, bereft of specific examples or articulated

---

[2] The documents at issue in this motion were produced by BNBM PLC, BNBM Group, CNBM, CNBM Group, CNBM FP, CNBM Import and Export, CNBM (USA) Corp. ("CNBM USA"), Jushi, Sunpin Solar Development LLC a/k/a Sunpin Solar, LLC ("Sunpin"), Taishan, and United Suntech.

reasoning." *Fed. Trade Commission v. Penn State Hershey Med. Ctr.*, 2016 WL 1242272, *2 (M.D. Pa. Mar. 30, 2016) (internal citations and quotations omitted).

For the reasons set forth below, the PSC requests that the Court remove all confidentiality designations from the transcripts and documents and unseal these records without further delay, with the exception of those portions of the transcripts and documents as noted in more detail on the charts attached hereto as Exhibits A[3] and B.[4]

## II.    <u>ARGUMENT</u>

Pursuant to PTO No. 16, a Producing Party may designate as "Confidential Information" materials which "the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed." *See* PTO No. 16 at ¶6. Furthermore, PTO No. 16 allows a Producing Party to designate as "Highly Confidential-Restricted Information" materials which "the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the

---

[3] The documents and testimony excerpts that the Taishan Defendants and/or third parties have not agreed to remove the confidentiality designation from are set forth in Exhibit A attached hereto.

[4] The documents and testimony excerpts that the Taishan Defendants and/or third parties have agreed are not confidential are set forth in Exhibit B attached hereto. Any documents that were agreed upon as redacted are noted in further detail in and attached to the Declaration of Russ M. Herman, attached hereto.

Producing Party." *See* PTO No. 16 at ¶ 8. Whether designating materials as Confidential or Highly Confidential, "the Producing Party shall do so in good faith consistent with the provisions of this Protective Order and the rulings of the Court, and shall not be overly broad in designating information as Confidential Information under this Protective Order." *See* PTO No. 16 at ¶¶ 6, 8. Fed. R. Civ. P. 26(c) provides that a court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense... ."

As noted above, the PSC has reviewed the documents and deposition transcripts detailed on Exhibit A, and there is nothing in these documents or transcripts that would warrant being designated as "Confidential" or "Highly Confidential." There is simply no material in the documents or transcripts that would have a tendency to cause annoyance, embarrassment, oppression, or undue burden or expense if the documents or transcripts are produced without confidentiality designations. The PSC is appending copies of these documents and transcripts hereto so the Court and the parties may independently review their contents for purposes of determining whether there are any portions that should receive any confidentiality designation.

Designating the documents and testimony confidential effectively keeps the contents secret and not available to the thousands of homeowners with interests in this litigation. The PSC is thus unable to share the documents and testimony with plaintiffs, their counsel, and any other interested persons despite the contents not being trade secrets or other truly confidential matters as required under the Federal Rules of Civil Procedure and PTO No. 16 to be confidential. Moreover, the PSC has been forced to submit these documents under seal in connection with all filings supported by such documents. Defendants and third parties have abused the system by taking advantage of PTO No. 16 on confidentiality and mismarked documents or made improper claims.

In addition to the foregoing, it should also be noted that this litigation represents a matter of grave public importance impacting thousands of homeowners throughout the Gulf Coast, which has gone on for more than seven (7) years. There is no reason to prolong the secrecy of materials that should not have been designated confidential in the first place. Accordingly, it is respectfully submitted that the public has a right of access to the documents and transcripts detailed on Exhibit A hereto, which should be made available to the public as exhibits to past and future filings by the PSC and others. *See Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (recognizing that public has First Amendment right of access to a civil trial). Indeed, "[t]he First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Cruz v. City of Hammond*, 2015 WL 1525758 at *1, Civ. Action Nos. 09-6304, 13-5220 (E.D. La. April 2, 2015) (noting that the "presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest"). Moreover, this litigation has international implications, arising from the business operations of overseas companies exporting goods to United States consumers. Such activities, especially by and with government-owned companies, are certainly of public concern and should be open for scrutiny by the very public put in harm's way. *Id.* ("Public concerns are especially significant when considering whether to prevent disclosure of litigation matters that involve a government party."). As this Court recently acknowledged, "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public

view." *Id.* at *2 (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

The Taishan Defendants and third parties claim various reasons for their confidentiality designations, which are addressed below. As for documents that the PSC partially translated, any concessions as to a lack of confidentiality is only extended to those portions which the PSC translated. This unnecessarily complicates the situation and places the burden again on the PSC to provide full translations before even addressing the propriety of the confidentiality designation.

The documents at issue fall into several categories of content that are claimed as the basis for the confidentiality designations. Many of the testimony designations at issue align with the document categories, as they are based on discussion of purportedly confidential exhibits. Several testimony designations are based strictly on the topic of the testimony itself. As is evident from a review of the documents and testimony, these reasons are focused on the self-serving interests of the companies behind the documents and testimony, not the legitimate protections of the law. Broad descriptions containing conclusory statements that the contents of these documents and testimony are confidential do not suffice to overcome the presumption in favor of public access to judicial process. *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, 2004 WL 595236 at *10, Civ. Action No. 03-1496 (E.D. La. Mar. 23, 2004) (although the producing party "lodged the objection that the information … is confidential and proprietary commercial information, … this bare assertion, without any proof is not sufficient for this Court to grant a motion to quash and/or for protective order"); *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002) (denying motion to maintain documents under seal that "made no effort to justify the claim of secrecy. It was simply asserted, mostly on the basis of the agreement but partly

on the ground that these are commercial documents. That won't do."). The categories of reasons set forth in support of the confidentiality designations are described more fully below. None of these reasons is sufficient to maintain Defendants' and the third parties' confidentiality designations.

### A.    Corporate Matters

This category includes financial information, investments, assets, corporate strategy, management and governance, audits, corporate formation, shareholder resolutions, invoices and similar matters. As the Seventh Circuit recognized, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when those things are vital to claims made in litigation they must be revealed." *Baxter*, 297 F.3d at 547 (citing *Union Oil v. Leavell*, 220 F.3d 562 (7th Cir. 2000)). Indeed, "a bald assertion that confidentiality promotes their business interests" is insufficient to warrant maintaining secrecy of materials tied to the judicial proceedings at hand. *Id.* Although the terms "trade secret" and "confidential commercial information" are not expressly defined by the Federal Rules of Civil Procedure, "some district courts have defined these terms as 'information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained.'" *Riverkeeper v. Taylor Energy Co., LLC*, 309 F.R.D. 381, 388 (E.D. La. 2015) (quoting *In re S3 Ltd.*, 242 B.R. 872, 876 (Bankr.E.D.Va.1999).

### B.    Containing a Confidentiality Provision

A few documents include explicit confidentiality or non-disclosure provisions. As with assertions of commercially protected information, "asserting that the document must be kept confidential because we say so (the 'agreement is, by its terms, confidential')" without further

justification for secrecy will not warrant maintaining the document under seal. *Baxter*, 297 F.3d at 547; *see also, Riverkeeper v. Taylor Energy Co., LLC*, 309 F.R.D. 381, 387 (E.D. La. 2015) (concluding that "the sole existence of a third party's agreement cannot independently render a document confidential unless is comports with Rule 26(c)").

### C.    Litigation Discussions

Documents and testimony regarding internal litigation discussions and analyses are likewise not *per se* confidential, and in fact are highly relevant and important for the public to assess as critical in the judicial proceedings.

### D.    Respecting Confidentiality of Company that Created the Document

Several documents were produced by a company other than that which created the document, and were designated confidential out of respect for the originating company's privacy. The fact that the document has been shared with and produced by another company weakens the claim that the document was confidential in the first place. This roundabout manner of keeping information secret from the interested public should not be allowed.

### E.    Chinese Regulatory Compliance

Claims of confidentiality have also been rooted in requirements of Chinese and Shenzen Stock Exchange regulations. However, these cannot stand as the basis for censoring the record of this litigation in United States courts under United States law.

## III.    <u>CONCLUSION</u>

Wherefore, for the reasons set forth above, it is respectfully submitted that the Court should remove any confidentiality designations to documents and deposition transcripts detailed on the attached Exhibits A and B.

8

Respectfully submitted,

Dated: December 21, 2016

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
Madelyn O. Breerwood (LA Bar No. 35538) (on the brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin  (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan (on the brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Daniel E. Becnel, Jr.
Robert M. Becnel

Scott Wm. Weinstein
Morgan & Morgan

9

Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com
robbecnel@aol.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-404
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street

12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
  & Warshauer, LLC

10

New Orleans, LA 70130                      2800 Energy Centre, 1100 Poydras Street
Phone: (504) 581-1750                      New Orleans, LA 70163-2800
Fax: (504) 529-2931                        Phone: (504) 522-2304
hlambert@thelambertfirm.com                Fax: (504) 528-9973
                                           gmenuier@gainsben.com

### OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis                           Anthony D. Irpino
HAUSFELD LLP                               IRPINO LAW FIRM
1700 K Street, N.W Suite   650             2216 Magazine Street
Washington, DC 20006                       New Orleans, LA 70130
Phone: (202) 540-7200                      Phone: (504) 525-1500
Fax:   (202) 540-7201                      Fax: (504) 525-1501
rlewis@hausfeldllp.com                     airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

### CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 21st day of December, 2016.

                    /s/ Leonard A. Davis
                    Leonard A. Davis
                    HERMAN, HERMAN & KATZ, LLC
                    820 O'Keefe Avenue
                    New Orleans, Louisiana 70113
                    Phone: (504) 581-4892
                    Fax: (504) 561-6024
                    Ldavis@hhklawfirm.com
                    Plaintiffs' Liaison Counsel
                    MDL 2047

11

*Co-counsel for Plaintiffs*