# EXHIBIT O

# VENTURE SUPPLY

**Venture Supply**

**Taishan Gypsum Co. Ltd.**

*"VENTURE SUPPLY INC. MFG: SHANDONG TAIHE, CHINA"

* Edge sealing tape with "Venture Supply"

**Venture Supply**

**TG admits it manufactured drywall with markings: "VENTURE SUPPLY INC. MFG: SHANDONG TAIHE, CHINA."**

TG Profile Form dated 10/13/2010, [Tab 1, p. 2]

**TG admits it "manufactured drywall to US dimensions on a made-to-order OEM basis on two isolated occasions for U.S. purchaser, Venture Supply, Inc. ('Venture Supply')."**

[Tab 1, p. 2]

**TG admits it exported 100,000 sheets [4,800,000 square feet] of Venture Supply, Inc. drywall to U.S. on 2/24/2006.**

**TG admits it exported 53,912 sheets [2,587,776 square feet] of Venture Supply, Inc. drywall to U.S. on 7/20/2006.**

[Tab 1, pp. 3-4]

**Venture Supply Drywall "ultimately ended up in the homes of the** *Germano* **Intervening–Plaintiffs and other Virginia properties."** *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 853 (E.D. La.), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

**Venture Supply sold a substantial amount of the TG drywall to Porter–Blaine Corp. (Va.), which then sold the drywall to subcontractors who worked with Porter–Blaine in construction of homes in Virginia.** *Id.*

**Based upon Venture's own records and the unique drywall labeling requested by Venture and applied by TG, Venture is able to identify properties in Virginia which contain Venture-purchased TG drywall.** *Id.* at 853-54.

## Venture Supply





IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047<br>Section L |
| | |
| This Document Relates to<br>ALL CASES | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### TAISHAN GYPSUM CO. LTD. MANUFACTURER PROFILE FORM

All Defendant Drywall Manufacturers must complete and submit this Defendant Manufacturers' Profile Form. Each Defendant Drywall Manufacturer must complete and sign a Defendant Manufacturers' Profile Form for all shipments or deliveries of Chinese Drywall into, or for importation into, the US from 2001 through 2009. Each Defendant Drywall Manufacturer must complete and sign a separate Exhibit A for any individual named Plaintiff with an action pending in Federal Court. If additional knowledge becomes known after completion, this Defendant Manufacturers' Profile Form must be supplemented. If additional space is needed to answer any questions or complete your responses, additional pages may be attached. In addition, if any attachments or documents are provided in response to any question, please identify the specific question within this Defendant Manufacturers' Profile Form that relates to the specific attachment or document.

The questions contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law. Please print legibly or type your responses in English.

I.  **CONTACT INFORMATION OF DEFENDANT MANUFACTURER COMPLETING THIS PROFILE FORM**

    A.    Manufacturer Name: Taishan Gypsum Co. Ltd. ("Taishan")[1]

    B.    Address: Dawenkou, Daiyue Distirct, Shandong Province, P.R. China

    C.    Phone number: (0086) (538) 8811449

    D.    Email address: taihe@public.taptt.sd.cn

    E.    Web site: www.taihegroup.com

    F.    President or CEO: None. Jia Tongchun is the Legal Representative and Chairman of the Board of Taishan

    G.    Headquarters if Foreign: Taian, China

    H.    Address of USA Headquarters: None

    I.    Name of supervisor at USA Headquarters: None

    J.    Principal Place of Business in USA: None

---

[1] Taishan is responding to Defendant Manufacturers' Profile Form in these multidistrict proceedings without waiving any of its rights to object, in these or in any other proceedings, to: (i) the relevance or admissibility of any information disclosed on this form or its attachments; (ii) the sufficiency of process or the service of process upon it; (iii) the jurisdiction of this or any other court over it; and/or (iv) any discovery that may be served upon it on any grounds including, without limitation, that such discovery violates the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

K.  List of all offices or locations in USA where entity has done business at any time in 2001 through 2009

Taishan has never had an office in the US or otherwise operated out of any location in the US.

L.  Name of Manager at each office or location identified in I(J) above Not applicable

(If you have identified more than one entity in I(A) above separately answer I(B)-1(L) for each entity.)

## II. COUNSEL INFORMATION OF DEFENDANT MANUFACTURER

A. Name:

| | |
|---|---|
| Joe Cyr<br>Frank Spano<br>Eric Statman<br>Matthew Galvin | Richard C. Stanley<br>Thomas P. Owen, Jr. |

B. Address:

| | |
|---|---|
| HOGAN LOVELLS US LLP<br>875 3rd Avenue<br>New York, New York 10022 | STANLEY, REUTER, ROSS,<br>THORNTON & ALFORD, LLC<br>909 Poydras Street, Suite 2500<br>New Orleans, Louisiana 70112 |

C. Phone Number: (212) 918-3000     504-523-1580

D. Fax Number: (212) 918-3100     504-524-0069

E. E-Mail:

| | |
|---|---|
| joe.cyr@hoganlovells.com<br>frank.spano@hoganlovells.com<br>eric.statman@hoganlovells.com<br>matthew.galvin@hoganlovells.com | rcs@stanleyreuter.com<br>tpo@stanleyreuter.cm |

## III. CHINESE DRYWALL PRODUCT IDENTIFICATION AND CHAIN OF DISTRIBUTION

1.  Product Identification:

Name of Manufacturer(s)' drywall product:

Taishan manufactured drywall to US dimensions on a made-to-order OEM basis on two isolated occasions for a U.S. purchaser, Venture Supply, Inc. ("Venture Supply").

Identify any markings on the drywall product (e.g. lot number, batch number, serial number, color markings, UPC codes, etc.):

The drywall was imprinted with the following marks: VENTURE SUPPLY INC. MFG: SHANDONG TAIHE, CHINA. The drywall also had sealing tape on its edges with the marking "Venture Supply."

List all trademarks applicable to the product:

No Taishan trademarks were applicable to the drywall manufactured by Taishan and sold to Venture Supply. Taishan is unaware whether Venture Supply or any other parties applied their own trademarks to drywall manufactured by Taishan.

Is the drywall that is the subject of this litigation known or referred to, either by the public or only internally within your company, by any other names, brand names, titles, or designations? Provide a detailed list of all names, brand names, titles, and designations by which this drywall is known:

In 2007, the company changed its name from Shandong Taihe Dongxin Co. to Taishan Gypsum Co. Ltd. Accordingly to the best of Taishan's knowledge, drywall manufactured

for Venture Supply was not known by any other names other than the product markings described above.

Is the drywall that is the subject of this litigation manufactured in any other types or versions? Please describe such other types and how they may be identified:

With regards to drywall that was exported to the US, Taishan manufactured only standard drywall to US dimensions.

Is the drywall that is the subject of this litigation sold by any other party under its own name? If so, provide a list of all parties selling your drywall under their names, and the brand names under which the drywall is sold:

Taishan has no knowledge of the brand names under which Venture Supply may have resold it.

2.  Shipment Information (identify the following for each shipment to, or for importation to, the United States):

Exporter Name:           Taishan sold the drywall to Venture Supply in China.  Venture Supply took title to the drywall in China and shipped the drywall to the United States.  However, Taishan referred to itself as the "exporter" for purposes of preparing tax invoices under Chinese tax law.

Address of Exporter:     See I (B.) above

Date of Export:  _2 / 24 / 2006_    (Month / Day / Year)

Date of Export:  _7 / 20 /2006_    (Month / Day / Year)

Name of all ports through which shipment was in transit: Unknown

Name of final port where shipment was offloaded:  Taishan does not have knowledge of where the drywall purchased by Venture Supply was offloaded.  The drywall left the port in China on vessels bound for Norfolk, VA and Camden, NJ respectively.

Date shipment was offloaded: Unknown

Amount of Drywall exported:     The February 24, 2006 and July 20, 2006 shipments of drywall by Venture Supply to the United States contained 100,000 and 53,912 sheets of drywall respectively.

Name of shipper:         Unknown

Address of shipper:

Mode of Shipment:        Venture Supply shipped the drywall to the U.S. by ocean-going freight.

Name of vessel:          The bills of lading for the February 24, 2006 and July 20, 2006 shipments indicate that the shipments were shipped aboard the Vessel Glykofiloussa and the Vessel Atlantic Fortune respectively.

3.  Importer Information (identify the following for each importer):

Importer Name:           Venture Supply, Inc.

Address of Importer:     1140 Azalea Garden Road, Norfolk, VA 23502-5612

Date of Import:  Unknown

Amount of Drywall imported:

As described above, the February 24, 2006 and July 20, 2006 shipments of drywall contained 100,000 and 53,912 sheets of drywall respectively.

4.    Distributor in USA:

To the extent you are aware of the distributor or drywall contractor/installer, for any shipments of your product to the USA, provide such information:

Venture Supply, Inc.

5.    Are you aware of any brokers or intermediary agents involved in the supply chain who purchased or took possession of your product, either directly from you or from a successor in distribution? If so, identify such brokers or intermediary agents by name, address, and phone number, and provide any correspondence or other documentation in your possession concerning such brokers or agents.

Tobin Trading, Inc. executed the contracts for both sales of drywall on behalf of Venture Supply.

6.    If any of your Chinese drywall was stored at any time by or for you at any location, identify the following:

Name of entity providing storage:        Taishan stored the drywall for a limited time at its facility prior to inspection and acceptance by Venture Supply's agent in China. Taishan has no knowledge regarding any further storage of the drywall after Taishan delivered it to Venture Supply in China.

Address of entity providing storage:      See I (B.) above

Dates product was stored:  Taishan stored Venture Supply's second order of drywall at its facility between February 2006 and June 2006 (dates are approximate).

_____/_____/_____ (Month / Day / Year) to _____/_____/_____ (Month / Day / Year)

Quantity of product stored:

Price paid for storage:

Name of contact person at storage facility:

Phone number:

Email address:

List any complaints made or received regarding storage of the product:

7.    Describe all agreements existing between the manufacturer and: exporters; importers; shippers; and distributors, relating to each shipment of Chinese drywall to, or for importation to, the United States.

Taishan sold drywall to Venture Supply pursuant to two written agreements that are already in the record in *Germano, et al. v. Taishan Gypsum Co., Ltd.*, et al., Case No. 09-6687. The agreements were negotiated and executed in China and provided for dispute resolution in China.

8.  For all shipments or deliveries of Chinese Drywall into, or for importation into, the US from 2001-2009, please indicate whether you provided any of the following

a.  Express warranties;   The Venture Supply agreements described the quantity of drywall, the price, the dimensions and the Chinese GBT specification applicable to the order.

b.  Product specifications;   China GB/T9775-1999.

c.  Product information and/or instructions for storage or use

In the normal course of business, a package of drywall manufactured by Taishan contained the following warnings:

(1) Pickup/do not turn over

(2) Breakable

(3) Avoid rain/moisture

## IV.   INSURANCE

A.  Identify all policies of insurance, including all CGL, Product Liability, Builder's Risk, D&O and Excess insurance policies relating to claims.

i.  For each policy, identify the following:

Insurer:  Taishan has no insurance policies that relate to the Shipments.

Dates policy in effect:

_____ / _____ /   (Month / Day / Year) to _____ / _____ /(Month / Day / Year)

Policy Number:

Type of Policy:

Insurance Agent

Policy Coverage Limits

Produce a copy of the Declaration page, exclusions and policy of insurance.

B.  Identify all claims you have made on any insurance policies relating to the manufacture or shipment of products identified in Section V above.

1.  For each claim please provide the following:

Date: _____ / _____ / _____   (Month / Day / Year)

Insurer:

Description of claim:

Insurer's response to claim:

If in litigation:

Caption of Case:

Name and address of attorneys involved:

_____
_____
_____
_____

Insurance carriers involved:

_____
_____
_____
_____

## _CERTIFICATION_

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Defendant Manufacturers' Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration, to the extent that such documents are in my possession, custody or control.

_____     _____     2010. 10. 13
Signature                    Print Name                   Date

美国地区法院

路易斯安那州东部区

| 关于：中国制造的石膏板产品责任诉讼 | 跨地区诉讼第 2047 号 |
| --- | --- |
| | L 部分 |

本文件相关案件           FALLON 法官
所有案件                  WILKINSON 司法官

### 泰山石膏股份有限公司制造商资料表

所有被告石膏板制造商均必须填写并提交本被告制造商资料表。每名被告石膏板制造商均必须填写并签署一份被告制造商资料表，列明从 2001 年至 2009 年所有送往或交付至美国境内或供进口美国的中国石膏板。每名被告石膏板制造商均必须对于联邦法院待决诉讼中的任何位原告之列的个人填写并签署一份独立的附件 A。如在完成本被告制造商资料表后得知其它信息，则必须加以补充。如回答任何问题或填写答复的空间不够，可另加附页。此外，如在回复任何问题时需提供任何附件或文件，请指明本被告制造商资料表中与该具体附件或文件相关的具体问题。

本资料表中的问题均为非争议性问题，并应被同答而无异议。填写本资料表，并不表示您放弃律师工作成果和 / 或律师 — 委托人守密特权。同样，通过披露顾问的身份，此等顾问可以保持为非作证专家，且受到法律提供的所有保护。请以英文清楚书写或键入您的答复。

I.    **填写本资料表的被告制造商的联系信息**

     A.    制造商名称：泰山石膏股份有限公司（"泰山"）[1]

     B.    地址：中华人民共和国山东省泰安市岱岳区大汶口

     C.    电话号码：(0086) (538) 8811449

     D.    电邮地址：taihe@public.taptt.sd.cn

     E.    网址：www.taihegroup.com

     F.    总裁或首席执行官：无。贾同春为泰山的法定代表人及董事长

     G.    总部（如位于国外）：中国泰安

     H.    美国总部地址：无

     I.    美国总部主管姓名：无

     J.    美国主要营业地点：无

     K.    于 2001 年至 2009 年期间内的任何时间，该实体在美国经营所在的所有办事处或地点列表泰山从未在美国设立过办事处或以其它方式于美国任何地点经营。

     L.    上文第 I(J) 项中指明的每个办事处或地点的经理姓名不适用

---

[1] 泰山就此等跨地区法律程序填写被告制造商资料表，但不放弃其于此等法律程序或任何其它法律程序中就以下事项提出异议的任何权利：(i) 本表格或其附件所披露任何信息的相关性或可受理性；(ii) 法律程序文件送达的有效性或有关法律程序文件的送达；(iii) 本法院或任何其它法院对其的司法管辖权；和 / 或 (iv) 以任何理由对于可能向其递送的任何证据披露要求提出异议，理由包括但不限于，该等证据披露违反了《关于从国外调取民事或商事证据的海牙公约》。

Hogan Lovells

（如果您在上文第 I(A) 项中列明多于一个实体，请就每个实体分别问答第 I(B)-I(L) 项。）

II. 被告制造商的律师信息

A. 姓名：

| | |
|---|---|
| Joe Cyr<br>Frank Spano<br>Eric Statman<br>Matthew Galvin | Richard C. Stanley<br>Thomas P. Owen, Jr. |

B. 地址：

| | |
|---|---|
| HOGAN LOVELLS US LLP<br>875 3rd Avenue<br>New York, New York 10022 | STANLEY, REUTER, ROSS,<br>THORNTON & ALFORD, LLC<br>909 Poydras Street, Suite 2500<br>New Orleans, Louisiana 70112 |

C. 电话号码：   (212) 918-3000        504-523-1580

D. 传真号码：   (212) 918-3100        504-524-0069

E. 电邮：

| | |
|---|---|
| joe.cyr@hoganlovells.com<br>frank.spano@hoganlovells.com<br>eric.statman@hoganlovells.com<br>matthew.galvin@hoganlovells.com | rcs@stanleyreuter.com<br>tpo@stanleyreuter.em |

III. 中国石膏板产品识别和经销链

1. 产品识别：

制造商的石膏板产品的名称：

泰山曾单独分别两次按美国尺寸以 OEM 代工定制方式为美国采购商 Venture Supply, Inc.（"Venture Supply"）制造石膏板。

说明石膏板产品上的任何标识（例如，批号、批量号、序列号、颜色标识、UPC 代码等）：

该等石膏板印有以下标识：VENTURE SUPPLY INC. MFG：SHANDONG TAIHE, CHINA。边缘处的封边带上印有"Venture Supply"标识。

列出适用于该产品的所有商标：

泰山制造并销售给 Venture Supply 的石膏板上并无使用任何泰山商标，泰山并不知晓 Venture Supply 或任何其他方是否有将其商标使用于泰山为其制造的石膏板上。

本诉讼中所涉石膏板是否有任何其它名称、品牌名称、称呼或称号为公众所知或所用，或仅在贵公司内部使用？请提供用以指涉案石膏板的所有名称、品牌名称、称呼或称号的详细列表：

2007 年，上述公司由山东泰和东新股份有限公司更名为泰山石膏股份有限公司。因此，就泰山所知，为 Venture Supply 制造的石膏板除上述产品标识外并无使用任何其它名称。

本诉讼所涉石膏板是否具有任何其它类型或版本？请说明这些其它类型以及识别该等类型的方式：

对出口至美国的石膏板，泰山仅按照美国尺寸生产标准石膏板

是否有任何其他方以其自身名义出售本诉讼所涉石膏板？如有，请提供以其自身名义出售货方石膏板的各方列表，以及出售该等石膏板的品牌名称列表：

泰山不知道 Venture Supply 可能以哪些品牌名称转售这些石膏板。

2. 货运信息（请说明向美国装运或进口美国的每批货物的以下信息）：

出口商名称： 泰山在中国将石膏板出售给 Venture Supply。Venture Supply 在中国获得石膏板的所有权，并将石膏板运往美国。但泰山为按照中国税法准备发票，将其自身称为"出口商"。

出口商地址： 请参阅上文第 I (B.) 项

出口日期： <u>2 / 24 / 2006</u>（月 / 日 / 年）

出口日期： <u>7 / 20 / 2006</u>（月 / 日 / 年）

货物运输经过的所有港口名称：不详

货物卸载的最终目的港名称：泰山不知道 Venture Supply 所购买的石膏板在哪里卸货。石膏板在中国港口分别装载于前往弗吉尼亚州诺福克和新泽西州卡姆登的轮船。

货物卸载日期：不详

出口的石膏板数量： Venture Supply 于 2006 年 2 月 24 日和 2006 年 7 月 20 日向美国运送的该两批石膏板数量分别为 100,000 张和 53,912 张。

运货人名称： 不详

运货人地址：

运输方式： Venture Supply 通过海运向美国运送石膏板。

轮船名称： 2006 年 2 月 24 日和 2006 年 7 月 20 日的该两批货物的提单显示货物分别搭载于 Glykofiloussa 号和 Atlantic Fortune 号轮船。

3. 进口商信息（提供每名进口商的以下信息）：

进口商名称： Venture Supply, Inc.

进口商地址： 1140 Azalea Garden Road, Norfolk, VA 23502-5612

进口日期：不详

进口的石膏板数量：

如上所述，于 2006 年 2 月 24 日和 2006 年 7 月 20 日运送的该两批石膏板数量分别为 100,000 张和 53,912 张。

4. 美国经销商：

如您知晓有任何经销商或石膏板承包商／安装商将您的产品运往美国，请提供有关信息：

Venture Supply, Inc.

5. 您是否知晓在整个供应链中是否有任何经纪人或中介代理商直接从您处或从后续经销商购买或拥有您的产品？如有，请说明该等经纪人或中介代理商的名称／姓名、地址和电话号码，并提供您掌握的有关该等经纪人或代理商的任何往来信函或其它文件。

Tobin Trading, Inc. 代表 Venture Supply 签订两批石膏板的销售合同。

6. 请说明由您或代表您在任何时间将任何您的中国石膏板存放于任何地点的情况：

| | |
|---|---|
| 提供存储的实体名称： | 于 Venture Supply 的代理在中国验收石膏板前的一段有限时间内，泰山曾将石膏板存储在其工厂内。在泰山在中国向 Venture Supply 交货后，泰山并不知道石膏板的任何进一步存储情况。 |
| 提供存储的实体地址： | 请参阅上文第 I (B.) 项 |

产品存储日期：泰山约于 2006 年 2 月至 2006 年 6 月期间将 Venture Supply 订购的第二批石膏板存储于泰山的工厂内。

_____／_____／_____ （月／日／年）至 _____／_____／_____ （月／日／年）

存储的产品数量：

为存储所付价格：

存储仓库的联络人姓名：

电话号码：

电邮地址：

请列出就产品存储提出或收到的任何投诉：

7. 请说明制造商就每批运往或进口到美国的中国石膏板与出口商、进口商、运货人及经销商签订的所有协议。

泰山根据两份书面协议向 Venture Supply 出售了石膏板，该两份协议已载于 *Germano 等诉泰山石膏股份有限公司等一案* （案件编号：09-6687）的记录中。该两份协议在中国商定并签署，并规定在中国解决任何相关争议。

8. 请就 2001 年至 2009 年运往或交付至美国境内或供进口美国的中国石膏板，说明您是否提供了以下任何事项：

| | | |
|---|---|---|
| a. | 明示担保： | Venture Supply 协议载明石膏板的数量、价格、尺寸和适用于该等订单的中国 GBT 规格。 |
| b. | 产品规格： | 中国 GB/T9775-1999。 |
| c. | 产品信息和／或存储或使用说明 | |

在正常业务过程中，泰山制造的石膏板的包装会载有以下警告信息：

(1) 抬起／请勿倒置

(2) 易碎

(3) 避免雨淋／潮湿

Hogan Lovells

IV.    保险

A.    请列明与索赔有关的所有保单，包括所有一般商业综合责任保险、产品责任险、建造险、董监事及高级管理人员责任险和超额保险保单。

1.    请就每份保单提供以下信息：

承保人：        泰山没有就该等批次的货物购买任何保险。

保单生效日期：

_____ / _____ / _____（月 / 日 / 年）至 _____ / _____ / _____（月 / 日 / 年）

保单编号：    _____

保单类型：    _____

保险代理：    _____

保单承保范围限制：    _____

请提供保险的声明页、例外情况和保单副本。

B.    请说明您就生产或运输上文第 V 节所述产品对任何保单提起的全部索赔。

1.    请就每项索赔提供以下信息：

日期：_____ / _____ / _____（月 / 日 / 年）

承保人：    _____

索赔说明：    _____

承保人对索赔的回应：    _____

是否正进行诉讼：    _____

案件标题：    _____

所涉律师姓名和地址：

_____

_____

_____

所涉保险公司：

_____

_____

_____

*声明*

　　本人根据《美国法典》第 28 编第 1746 节声明，就本人所知，提供于本被告制造商资料表的全部信息均为真实且准确，并且本人已提供本声明中所要求的所有由本人拥有、照管或控制的文件，否则愿受美利坚合众国法律项下的伪证罪刑罚。

_____　　　_____　　　2010. 10. 13
签名　　　　　　　　　　　　　正楷姓名　　　　　　　　　　　日期

Hogan Lovells

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE MANUFACTURED | * | MDL No. 2047 |
|---|---|---|
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PEOPLE'S REPUBLIC OF CHINA

CITY OF SHANGHAI

## DECLARATION OF YUEN HIU SUM

   This is a declaration being made in accordance with and pursuant to

28 U.S.C. § 1746.

   I, Yuen Hiu Sum, declare under penalty of perjury under the laws of

the United States of America that the following statements are true and correct:

   1.  I am over eighteen (18) years of age, am competent to testify to

the matters contained herein, and have personal knowledge of these facts.

   2.  I am a senior translator with the law firm of Hogan Lovells

International LLP, and work in the firm's office in Shanghai, China.

   3.  I am fluent in the languages of Chinese and English.

   4.  Based upon my ability to speak, read, and write Chinese and English fluently, I have been responsible for translating various communications and documents relating to the above-captioned lawsuit.

   5.  Among the documents I have translated is the Defendant Manufacturers' Profile Form prepared on behalf of Taishan Gypsum Co., Ltd.

   6.  I hereby certify that I translated the Defendant Manufacturers' Profile Form between the English and Chinese languages. I further certify that the English version of the Defendant Manufacturers' Profile Form is a true and accurate translation of the Chinese version of the Defendant Manufacturers' Profile Form. I also certify that the English version of the Defendant Manufacturers' Profile Form and the Chinese version of the Defendant Manufacturers' Profile Form are accurate translations of one another.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

          Executed on October 13, 2010.

          Yuen Hiu Sum