# EXHIBIT Q

## **DAMAGES**

If you find for defendant Banner Supply Co. you will not consider the matter of damages. But, if you find for Plaintiffs Armin and Lisa Seifart you should award Plaintiffs Armin and Lisa Seifart an amount of money that the greater weight of the evidence shows will fairly and adequately compensate them for such damage, including any such damage as Plaintiffs Armin and Lisa Seifart are reasonably certain to experience in the future.

You shall consider the following elements:

a) expenses arising from the defective Chinese drywall;

b) utilities at Bonita Ave. home;

c) cost of cleaning and replacement household items and furniture for Bonita Ave. home;

d) testing for future sulfur related dangers, cleaning of home;

e) cleaning of Bonita Ave. and rental property;

f) gas hookup for rental property;

g) replacement and repair of appliances at Bonita Ave. home;

h) dog boarding;

i) moving expenses from Bonita Ave. home to rental property;

j) moving expenses from rental property to back to Bonita Ave. home after repair and remediation of home;

k) interest on cash advances on credit cards for expenses incurred as a result of defective Chinese drywall;

l) expenses incurred as a result of defective Chinese drywall;

m) ongoing maintenance costs at Bonita Ave. while unable to use the Bonita Ave. home;

n) diminution in value of the home on Bonita Ave., due to permanent stigma;

23

o) repair and remediation damages for home on Bonita Ave.;

p) loss of use of the home on Bonita Ave.; and

q) loss of enjoyment of the home at Bonita Ave.

Given _____

Given as Modified _____

Denied _____ .

Withdrawn _____

*Authorities:* Fla. Std. Jury Instr. 6.1(b)(modified); *Clausell v. Buckney,* 475 So. 2d 1023, 1025 (Fla. 1st DCA 1985) (tort damages); *Douglass Fertilizers v. McClung Landscaping,* 459 So. 2d 335, 336 (Fla. 5th DCA 1984) (tort damages); see *Johnson v. Davis,* 480 So. 2d 625, 629 (Fla. 1985) (necessity of seller's disclosure of remediation for Chinese drywall causing diminution in value); *Bisque Associates of Fla., Inc. v. Towers of Quayside No. 2 Condominium Association, Inc.,* 639 So. 2d 997, 999 (Fla. 3d DCA 1994) (diminution in value; repair/restoration and diminution in value awarded); *Finkelstein v. Dept. of Transp.,* 656 So. 2d 921 (Fla. 1995) (diminution in value due to potential buyer fear); *Florida Power & Light Co. v. Jennings,* 518 So. 2d 895 (Fla. 1987)(diminution in value due to public fear, regardless if reasonable); *Page v. Niagara Chemical Division of Food Machinery & Chemical Corp.,* 68 So. 2d 382, 384 (Fla. 1953) (nuisance); *Ferreira v. D'Asario,* 152 So. 2d 736, 737 (Fla. 3d DCA 1963) (nuisance); *Mercer v. Kenyon,* 163 So. 411, 413-414 (Fla. 1935) (nuisance); *Knowles v. Central Allapattae Properties, Inc.,* 198 So. 819, 822 (Fla. 1940) (nuisance); *State ex rel. v. Pettengill,* 466 So.2d 1133, 1135 (Fla. 1st DCA 1985) (nuisance); *Durrance v. Sanders,* 329 So.2d 26, 29 (Fla. 1st DCA 1976) (nuisance); *Prior v. White,* 180 So. 347 (Fla. 1938) (nuisance).