**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                                    **MDL NO. 2047**

                                                              **SECTION: L**

                                                              **JUDGE FALLON**
                                                              **MAG. JUDGE WILKINSON**

**THIS DOCUMENT RELATES TO:**
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN
<u>SUPPORT OF MOTION FOR SEVERANCE AND SUGGESTION OF REMAND</u>

I.     <u>INTRODUCTION</u>

        The Plaintiffs' Steering Committee ("PSC"), has moved to sever the Omni XX

complaints of *Brooke, et al. v. The State-Owned Assets Supervision and Administration*

*Commission of the State Counsel, et al,* into groupings of plaintiffs by residence from their

constituent venues, and thereafter, have the Court issue a Suggestion of Remand to the Judicial

Panel on Multidistrict Litigation ("JPML").  Those Plaintiffs who live or lived in Virginia and

Florida should have their claims severed and remanded through the JPML to their original

transferor forums so that they can advance their claims in those venues as expeditiously as

possible.

        The PSC, employing CAFA jurisdiction, directly filed Omni XX in the MDL Court on

September 4, 2015.  That Complaint was docketed at 2:15-cv-04127-EEF-JCW.  Thereafter, on

November 23, 2015, the PSC filed an Omni XX Complaint in the Southern District of Florida

where it was docketed at 1:15-cv-24348-KMW, and in the Eastern District of Virginia, where it was docketed at 2:15-cv-00506-RBS-RJK.  Both the Virginia and Florida Omni XX Complaints were transferred to the MDL by the JPML through CTO -32 on December 8, 2015.  The Eastern District of Louisiana received the two transferred actions on December 10, 2015.  All three actions have since been pending on the MDL docket, with the Florida action now docketed at 2:15-cv-06631-EEF-JCW and the Virginia action docketed at 2:15-cv-06632-EEF-JCW.

The JPML commenced MDL 2047 on June 15, 2009.  *See In re: Chinese-Manufactured Drywall Products Liability Litigation,* 626 F.Supp.2d 1346 (J.P.M.L. 2009).  Over the span of the past ~8 years, the PSC has actively pursued litigation against the manufacturers of Chinese-manufactured drywall.  Unlike the Knauf defendants, who behaved honorably and held themselves accountable for the defective products they exported to the United States, the "Taishan Defendants"[1] have acted disreputably and refused to respect the United States' judicial system.  These defendants allowed default judgments to be entered against them, and only after long delays did they engage in motions practice to determine this Court's jurisdiction over them. With regard to Taishan itself, the record is clear that this Court enjoys personal jurisdiction over the company.  *See In re: Chinese-Manufactured Drywall Prod. Liab. Litig.,* 894 F.Supp.2d 819 (E.D.La. 2012), *aff'd,* 742 F.3d 576 (5th Cir. 2014) and 753 F.3d 521 (5th Cir. 2014).

---

[1]The "Taishan Defendants" refers throughout to Taishan Gypsum Co. Ltd. (hereafter "Taishan"); Beijing New Building Materials Limited Co. (hereafter "BNBM"); Beijing New Building Materials Group Co., Ltd. (hereafter "BNBM Group"); China National Building Materials Co., Ltd. (hereafter "CNBM"); China National Building Materials Group Corporation (hereafter "CNBM Group"); and Tai'an Taishan Plasterboard Co., Ltd. (hereafter "TTP") as defined in the Findings of Fact and Conclusions of Law with Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) ("Class FOFCOL") (Rec. Doc. 18028).

In addition to its unsuccessful jurisdictional challenges, Taishan was held in both civil and criminal contempt of court on July 17, 2014.  *See* Contempt Order at 3 [Rec.Doc.No. 17869].  The Contempt Order implicated Taishan and its affiliates by virtue of the Court's requirement that: "Taishan, and any of its affiliate or subsidiaries, is hereby ENJOINED from conducting any business in the United Sates until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of 25% of the profits earned by the company or its affiliates who violate the order, for the year of the violation."  *Id.*

Since then, the Court certified a litigation class of the then pending class actions by its Findings of Fact of September 26, 2014 [Rec.Doc.No. 18028].  In June 2015, the Court held a damages hearing addressing class-wide damages, which matter remains open.  In addition, the Court has entertained a sanctions motion against Taishan regarding the spoliation of evidence and the concealment of Peng Wenlong.

Taishan's parent companies have also been reluctant participants in these proceedings. On March 9, 2016, this Court ruled in favor of CNBM Group's Motion to Dismiss based on the Foreign Sovereign Immunities Act,[2] but has yet to rule on the motions to dismiss submitted by Taishan's other recalcitrant parent companies including, CNBM, BNBM PLC and BNBM Group.

By and large, the plaintiffs in Omni XX are not class members in the certified Taishan class.  The Omni XX complaints are new actions that have been properly served under the Hague Convention.  Unlike the earlier-filed cases, defendants are not in default.  The Omni XX plaintiffs are therefore unlikely to receive the benefits of any class relief afforded to the members

---

[2] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* 168 F.Supp.3d 918 (E.D. La. 2016).

3

of the Taishan class.  Because of the age of the litigation, the reluctance and recalcitrance of the Taishan defendants to participate in the litigation, and the need for the Omni XX plaintiffs to obtain relief after suffering with damages from defective drywall in their properties, the time has come for this Court to implement the process by which these matters are returned to their original venues so that trials may proceed in the original transferor courts.

## II.    ARGUMENT

The plaintiffs on Omni XX hail from three principal jurisdictions:  Louisiana, Florida and Virginia.  Pursuant to Fed.R.Civ.P. 21, the Court may "sever any claim against a party."  The PSC advocates that the plaintiffs identified in the attached Exhibits "A" and "B" in their respective Omni XX Complaint be properly venued in the Eastern District of Louisiana, Southern District of Florida or the Eastern District of Virginia.  The PSC suggests that once the plaintiffs are segregated by virtue of their venues and severed into their respective complaints, that the Court thereafter suggest to the JPML that the Virginia plaintiffs on Exhibit "A" and Florida plaintiffs on Exhibit "B" be remanded pursuant to Section 1407(a) to the District Court from which their action was originally transferred by the panel.  *See In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2012 WL 1580761, *1 n. 2 (E.D.La. May 4, 2012), *citing In re Delta Airline, Inc. Flight Attendant Weight Stds. Litig.,* 411 F.Supp. 795, 797 (J.P.M.L. 1976). To accomplish such a remand, this Court is obliged to issue a Suggestion of Remand to the JPML to allow the Panel to consider the propriety of remand.  *See, e.g., In re: Orthopedic Bone Screw Prod. Liab. Litig.,* 1998 WL 411380 (E.D. Pa. June 30, 1998).  *See generally,* Fred S. Longer, *The Federal Judiciary's Super Magnet*, TRIAL at 22 n. 22 (July 2009)("The MDL

Court's jurisdiction ends when there is a suggestion that the actions be remanded to their original transferor courts under 28 U.S.C. §1407 . . .").

Accordingly, the Suggestion of Remand should request that the severed Virginia plaintiffs be remanded back to the Eastern District of Virginia in conjunction with the tag-along case that was transferred to this Court by the JPML that originated in that venue.  Similarly, the severed Florida plaintiffs will be remanded in the tag-along case that was transferred to this Court by the JPML from the Southern District of Florida. The residual plaintiffs from Louisiana and other states, having directly filed in this district, will remain for disposition by this Court.

The PSC also requests that in this Court's Suggestion of Remand or in its Final Pretrial Order of the Transferee Court,[3] with respect to the transferred actions, this Court should recommend that the transferee court in Florida consolidate all of claims for the 400+ plaintiffs in the Carlton Arms development for an immediate trial.  Similar treatment should also be directed to the 22 actions subject to remand in the Virginia action.

---

[3] *See In re Orthopedic Bone Screw Prod. Liab. Litig.,* 1998 WL 118060 (E.D.Pa. Jan. 12, 1998)(Judge Bechtle's Final Pretrial Order of the Transferee Court provided each transferor court a history of the litigation and a road map for the future conduct of the remanded actions in the transferor forum).  The parties should be directed to meet and confer to arrive at an appropriate Final Pretrial Order of the Transferee Court.

III.    **CONCLUSION**

The PSC therefore requests that this Court grant this motion for severance and

Suggestion of Remand.

Dated: December 23, 2016                      Respectfully Submitted,


                                        BY: /s/ Russ M. Herman
                                            Russ M. Herman (La Bar No. 6819) (on the Brief)
                                            Leonard A. Davis (La Bar No. 14190) (on the Brief)
                                            Stephen J. Herman (La Bar No. 23129)
                                            Herman, Herman & Katz, LLC
                                            820 O'Keefe Avenue
                                            New Orleans, LA 70113
                                            Phone: (504) 581-4892
                                            Fax: (504) 561-6024
                                            ldavis@hhklawfirm.com
                                            *Plaintiffs' Liaison Counsel MDL 2047*

                                            Arnold Levin (on the Brief)
                                            Fred S. Longer (on the Brief)
                                            Sandra L. Duggan (on the Brief)
                                            Matthew Gaughan
                                            Levin Sedran & Berman
                                            510 Walnut Street, Suite 500
                                            Philadelphia, PA 19106
                                            Phone: (215) 592-1500
                                            Fax: (215) 592-4663
                                            alevin@lfsblaw.com
                                            *Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com
Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
58 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of December, 2016.

Respectfully Submitted,

BY: */s/ Leonard A. Davis*
     Leonard A. Davis
     Herman, Herman & Katz, LLC
     820 O'Keefe Avenue
     New Orleans, LA 70113
     Phone: (504) 581-4892
     Fax: (504) 561-6024
     ldavis@hhklawfirm.com

     *Plaintiffs' Liaison Counsel MDL 2047*