UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PRIMARY COUNSEL'S OBJECTION TO
SPECIAL MASTER'S ORDER ON MOTION TO APPROVE AMENDED
MEMORANDUM OF UNDERSTANDING REGARDING ALL HOMEBUILDER
CLAIMS FOR REIMBURSEMENT OF COUNSEL FEES [REC. DOC. 20589]**

COMES NOW Primary Counsel[1] who object to the *Special Master's Order on Motion to Approve Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees* [Rec. Doc. 20589] (the "MOU Order") to the extent such approval allows for the disbursement of funds previously designated as available to compensate individually retained counsel and common benefit counsel by this Court's Order on May 17, 2016 [Rec. Doc. 20257] and thereby reduces the total amount of funds available to be allocated to individual counsel. Further, any allocation recommendation pertaining to the Homebuilders is premature pursuant to Pre-Trial Order 28(F) (at ¶3) [Rec. Doc. 20282] prior to the Court's ruling on the *Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F)* [Rec. Doc. 20293] (the "Allocation Motion"). For these reasons, as more fully explained below, Primary Counsel respectfully request this Court not adopt the MOU Order and deny the *Fee Committee's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement*

---

[1] Primary Counsel are those firms listed or otherwise designated in the signature block of this pleading.

*of Counsel Fees* [Rec. Doc. 20467] (the "MOU Motion") pending the Court's ruling on the Allocation Motion.

## I.     INTRODUCTION

The Court appointed the Special Master to oversee and make recommendations regarding pending attorneys' fee issues, including the MOU Motion. Rec. Doc. 20478; *see also* Special Master Case Management Order No. 1 [Rec. Doc. 20518]. In conjunction with the Special Master proceedings, Primary Counsel submitted a plan of discovery listing, *inter alia*, the MOU and resulting reimbursement of attorneys' fees to various Homebuilders as a requested topic of discovery. Exhibit A, Correspondence from J. Faircloth to Special Master Balhoff at p. 6, ¶15 (July 29, 2016). Thereafter, but prior to the commencement of discovery, Primary Counsel lodged an objection to the MOU with the Special Master explaining that without additional discovery, Primary Counsel could not determine "how, if at all, this [Homebuilder] settlement was factored into the administrator's calculation of total benefit and how the FC accounts for this settlement in its proposed allocation." Exhibit B, Correspondence from J. Faircloth to Special Master Balhoff (Sept. 9, 2016). Additionally, Primary Counsel expressed concern that the allocation proposed by the MOU creates unfavorable precedent in the fee dispute involving Primary Counsel. *Id.*

## II.     ARGUMENT

**A. The FC Refuses to Articulate the MOU's Impact on Primary Counsel's Fees.**

Primary Counsel's attorneys' fees are a constitutionally protected property interest. *See Fontana v. Barham*, 707 F.2d 221 (5th Cir. 1983), citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982). As such, Primary Counsel have a right to challenge actions which negatively affect their fees.

Importantly, Primary Counsel support the disbursement of all undisputed funds, provided such disbursement does not jeopardize Primary Counsel's property interest. For this reason, Primary Counsel filed a Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20434]. Primary Counsel respectfully suggest that this motion is well-founded and request that the Court consider and grant the motion for interim disbursement to partially compensate counsel for legal services provided to our clients throughout the past seven plus years.[2]

Nevertheless, based on the information available to Primary Counsel thus far, it appears the MOU and resulting payment of fees to the Homebuilders would decrease the limited funds available to compensate Primary Counsel, which are currently in dispute. Indeed, according to Exhibit B of the MOU [Rec. Doc. 20589-1], disbursement in accordance with the terms of the MOU reduces the total funds (allegedly) available for distribution to all counsel from $192,981,363.35 to $188,296,566.33.

On this basis, Primary Counsel objected to approval of the MOU. *See* Ex. B. Primary Counsel likewise raised this issue during a phone conference with counsel for Homebuilders. To date, despite specific requests, neither the FC nor the Homebuilders have articulated, or even attempted to articulate, how (if at all) the MOU impacts the total fees purportedly available for distribution – $192,981,363.35 – or, more specifically, the fees available for distribution to Primary Counsel. Nor have these groups addressed how (again, if at all) the MOU has been factored into BrownGreer's calculation of total benefits conferred or its estimation of the actual recovery amounts due to Primary Counsel pursuant to Pre-Trial Order 28(F). Without this

---

[2] The Court has not ruled on this Motion nor has it set the Motion for oral argument.

information, Primary Counsel must object to the approval of the MOU, pending further discovery, in order to protect the limited funds available for distribution in this matter.

**B. Approval of the MOU is Premature.**

Pre-Trial Order No. 28(F) [Rec. Doc. 20282] contains a very detailed procedure for the "allocation of fees and reimbursement of PTO 9 costs . . . ." Paragraph 1 of Pre-Trial Order No. 28(F) required the Fee Committee to submit the Allocation Motion. Paragraph 3 of Pre-Trial Order No. 28(F) requires the Fee Committee to "make a recommendation regarding all Homebuilder claims for reimbursement of counsel fees" *after* the Court's ruling on the Allocation Motion. Because the Court has not ruled on the Allocation Motion, approval of the MOU is premature and out of compliance with the mandates of Pre-Trial Order No. 28(F).

Additionally, premature approval of the MOU is improper because, as explained in the preceding section of this Objection, additional discovery must be had to determine whether the MOU reduces the fees available for distribution to Primary Counsel and, if it does, allow Primary Counsel to investigate whether such reduction is proper. Importantly, the depositions of Russ Herman, Arnold Levin and Sandra Duggan are set for the end of January 2017 in the fee dispute involving Primary Counsel's fees. At this time, Primary Counsel will have the opportunity to explore the MOU and its impact on the disputed fees.[3] Once the FC articulates this information, Primary Counsel should then be given an opportunity to adequately respond to the MOU Motion.

---

[3] Should these deponents not be able to answer questions concerning the MOU, Special Master Case Management Order No. 1 allows the parties to request additional discovery. [Rec. Doc. 20581].

**C. The Terms of the MOU Cannot Serve as Precedent for the Allocation of Primary Counsel's Fees.**

The FC uses the terms of the MOU as a basis for its argument that the proposed allocation between Primary Counsel and common benefit counsel is fair because such allocation has been accepted by the Homebuilders. It boasts, "Further evidence of the fairness of this allocation [between Primary Counsel and common benefit counsel] is the recently submitted Memorandum of Understanding entered into between Various Homebuilders and the FC, Plaintiffs' Lead Counsel, and Plaintiffs' Liaison Counsel [Rec. Doc. 20381]" *The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between the Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F)* [Rec. Doc. 20384-2 at 23]. "In other words, the Various Homebuilders accepted the FC recommendation that the global award of attorneys' fees available for distribution could be split ~59.37% / ~40.63% as between common benefit and individually retained counsel." *Memorandum in Support of the Fee Committee's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees* [Rec. Doc. 20467-2 at p. 3].

Primary Counsel are not parties to the MOU. They did not participate in drafting or negotiation of the MOU. They did not approve the terms of the MOU nor did they opine on the fairness of the allocation agreed upon in the MOU. Terms that are deemed "fair" or "acceptable" to the Homebuilders are not necessarily the same for Primary Counsel. The FC's "one size fits all" approach to allocation is improper; the allocation agreed to by the Homebuilders cannot be used as a sword in the fee dispute with Primary Counsel. For this reason, as required by Pre-Trial

Order No. 28(F), the Court should rule upon the MOU Motion only after it rules on the Allocation Motion.

### III.   CONCLUSION

For the reasons set forth above, the MOU Motion must be denied and the funds referenced therein should not be distributed until Primary Counsel have the opportunity to conduct additional discovery and the Court rules upon the Allocation Motion.

Respectfully submitted:

| **FAIRCLOTH, MELTON & SOBEL, LLC** | **LISKA, EXNICIOS & NUNGESSER** |
|---|---|
| By:   /s/ *Jimmy R. Faircloth, Jr.*<br>    Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)<br>    jfaircloth@fairclothlaw.com<br>    Brook L. Villa (LA #31988)<br>    bvilla@fairclothlaw.com<br>    Franklin "Drew" Hoffmann (LA #35824)<br>    dhoffmann@fairclothlaw.com<br>    301 Main Street, Suite 920<br>    Baton Rouge, LA 70801<br>    Phone: (225) 343-9535<br>    Fax: (225) 343-9538<br><br>    *Attorneys for Parker Waichman LLP* | By:   /s/ *Val Patrick Exnicios*<br>    Val Patrick Exnicios, Esq. (Objectors' Co-Liaison Counsel)<br>    vpexnicios@exnicioslaw.com<br>    1515 Poydras Street<br>    14th Floor, Ste. 1400<br>    New Orleans, LA. 70112<br>    Phone: (504) 410-9611<br>    Fax: (504) 410-9937<br><br>    *Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins* |
| **GENTLE, TURNER, SEXTON & HARBISON, LLC** | **MCCALLUM, HOAGLUND, COOK & IRBY, LLP** |
| By:   /s/ *K. Edward Sexton, II*<br>    K. Edward Sexton, II<br>    esexton@gentlelaw.com<br>    501 Riverchase Parkway East, Suite 100<br>    Hoover, Alabama 35244<br>    Phone: (205) 716-3000<br>    Fax: (205) 716-3010 | By:   /s/ *Eric D. Hoaglund*<br>    Eric D. Hoaglund<br>    ehoaglund@mhcilaw.com<br>    905 Montgomery Highway, Suite 201<br>    Vestavia Hills, Alabama 35216<br>    Phone: (205) 824-7767<br>    Fax: (205) 824-7768 |

| | |
|---|---|
| **MILSTEIN, ADELMAN, JACKSON, FAIRCHILD & WADE, LLP** | **GIEGER, LABORDE & LAPEROUSE, LLC** |

By:    /s/ *Mark Milstein*
    Mark Milstein
    mmilstein@majfw.com
    10250 Constellation Blvd., 14th Floor
    Los Angeles, CA 90067
    Phone: (310) 396-9600
    Fax: (310) 396-9635

By:    /s/ *Victoria E. Emmerling*
    Andrew A. Braun (LA #3415)
    abraun@glllaw.com
    Victoria E. Emmerling (LA #33117)
    temmerling@glllaw.com
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana 70139-4800
    Phone: (504) 561-0400
    Fax: (504) 561-1011

    *Attorneys for Morris Bart, L.L.C.*

**ALLISON GRANT, P.A.**

By:    /s/ *Allison Grant*
    Allison Grant (FL #858330)
    agrant@allisongrantpa.com
    14 SE 4th St
    Boca Raton, FL 33432-6111
    Phone: 561-994-9646
    Fax: 561-431-4627

**DOYLE LAW FIRM, PC**

By:    /s/ *James V. Doyle, Jr.*
    James V. Doyle, Jr.
    jimmy@doylefirm.com
    2100 Southbridge Pkwy., Suite 650
    Birmingham, AL 35209
    Phone: 205-533-9500
    Fax: 205-414-7528

**YANCE LAW FIRM, LLC**

By:    /s/ *R. Tucker Yance*
    R. Tucker Yance (AL #ASB-9775-H71Y)
    rty@yancelaw.com
    169 Dauphin Street Suite
    318 Mobile, AL 36602
    Phone: (251) 432-8003
    Fax: (251) 432-8009

**BARON & BUDD, P.C.**

By:    /s/ *Russell W. Budd*
    Russell W. Budd (TX #03312400)
    rbudd@baronbudd.com
    S. Ann Saucer (TX #00797885; LA #21368)
    asaucer@baronbudd.com
    3102 Oak Lawn Avenue, Suite 1100
    Dallas, TX 75219
    Phone: 214-521-3605
    Fax: 214-520-1181

**COLLINS & HORSLEY, P.C.**

By:    /s/ *David L Horsley*
    David L Horsley (AL #6090-I47H)
    david@collinshorsley.com
    2021 Morris Avenue, Suite 200

Birmingham, Alabama
Phone: 205-324-1834
Fax: 205-324-1846

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Primary Counsel's Objection to Special Master's Order on Motion to Approve Amended Memorandum of Understanding regarding All Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20589]* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of December, 2016.

             /s/ *Jimmy R. Faircloth, Jr.*          
                    OF COUNSEL