# FAIRCLOTH, MELTON & SOBEL, LLC

*ATTORNEYS*

JIMMY R. FAIRCLOTH, JR. [1]
BARBARA BELL MELTON
DAVID R. SOBEL [2]
CHRISTIE C. WOOD
BROOK LANDRY VILLA
MATTHEW L. NOWLIN
DREW HOFFMANN

ONE AMERICAN PLACE
301 MAIN STREET, SUITE 920
BATON ROUGE, LA 70801
PHONE (225) 343-9535
FAX (225) 343-9538
www.faircothlaw.com

*OF COUNSEL*
WILSON & WILSON
JENA, LA

[1] L.L.M. IN LITIGATION
[2] ALSO ADMITTED IN TEXAS

jfaircloth@faircothlaw.com

September 9, 2016

Mr. Daniel J. Balhoff
PERRY, BALHOFF, MENGIS & BURNS, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808

      RE:    In re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 (E.D. La.)

Dear Dan,

Thank you for inviting our comments regarding the proposed Homebuilders MOU. At the threshold, Objecting Primary Counsel support the distribution of all undisputed funds in a manner that does not jeopardize the rights of the parties who remain in the dispute over the global pool of funds approved by the Order of May 17 (Doc. 20257). For this reason, we filed the Motion for Immediate Disbursement of Undisputed Fees (Doc. 20434) to narrow the scope of the dispute and, potentially, to reduce the number of parties. As the Court has not yet acted upon that motion, the entire pool of funds – all $192,981,363.35 – remains the subject of the dispute and all parties claiming an interest in those funds are at risk if any are removed or committed.

Unfortunately, as it stands we cannot fairly determine how and to what extent the fee proposal described in the MOU affects the global pool or the rights of any of the interested parties based on the limited information available to Objecting Primary Counsel regarding this agreement and the claims referenced therein. In particular, we need to understand how, if at all, this settlement was factored into the administrator's calculation of total benefit and how the FC accounts for this settlement in its proposed allocation. This is why we identified the proposed Homebuilder MOU as a subject of discovery in our letter of July 29 (See paragraph B.16).

September 9, 2016
Page 2 of 2

      In addition, we are concerned that an allocation under the Homebuilder MOU may create a precedent for the fee dispute. Our clients were not involved in those negotiations and their rights should not be influenced by those terms.

      Finally, the MOU raises an interesting question as to whether the Court should determine the common benefit fee for each individual settlement or as a whole.  We have not performed that analysis and therefore withhold further comment at this time.

      Under the circumstances, at this time Objecting Primary Counsel must respectfully oppose the proposed distribution of fees under the Homebuilders MOU.

      With best regards,

      Sincerely,

      **FAIRCLOTH, MELTON & SOBEL, LLC**

      By: ___*/s/ Jimmy R. Faircloth, Jr.*___
          Jimmy R. Faircloth, Jr.
          jfaircloth@fairclothlaw.com

JRF/am