UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2047 |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | SECTION L |
| This Document Relates to: | * | |
| | * | MAGISTRATE JUDGE |
| ALL CASES | * | WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE OF VARIOUS HOMEBUILDERS TO PRIMARY COUNSEL'S OBJECTION TO SPECIAL MASTER'S ORDER ON MOTION TO APPROVE AMENDED MEMORANDUM OF UNDERSTANDING REGARDING ALL HOMEBUILDER CLAIMS FOR REIMBURSEMENT OF COUNSEL FEES**

By Order dated December 12, 2016 (entered on December 14, 2016), Daniel J. Balhoff, Special Master, entered an Order granting the Fee Committee's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees, ordering the immediate disbursement of attorneys' fees set asides under the Banner and Global MDL Settlements to the Various Homebuilders and to Co-Class Counsel, and overruling any objections to the Motion [Rec. Doc. 20589].[1]  At the monthly status conference on December 21, 2016, Val Exnicios, liaison counsel for the Primary Counsel, raised opposition to the Special Master's Order.  In compliance with the Court's directive, Primary Counsel filed their opposition to the Special Master's Order on December 23, 2016.  *See* Rec. Doc. 20616.  As set forth below, the objection is meritless and should be overruled by the Court.

---

[1]     The December 12, 2016 Special Master Order was entered into the record by Order dated December 13, 2016 [Rec. Doc. 20588].

- 1 -

I.  **BACKGROUND**

The Amended Memorandum of Understanding ("MOU") was entered into between the Fee Committee and Various Homebuilders to memorialize the agreement between the Parties regarding the entitlement of the Various Homebuilders to a return of the remaining portion of the 32% attorneys' fees set asides from the Banner Settlement Agreement and Global Settlement Agreement associated with the homes that were repaired by the Various Homebuilders.[2] Primary Counsel were not involved in the negotiations of the MOU because they have absolutely no right to the set asides at issue.

Under the Banner Settlement, 32% of the Banner Gross Settlement Amount to which the Various Homebuilders were entitled was set aside for a potential award of attorneys' fees ("Banner Attorneys' Fees Set Aside"). *See* Banner Settlement, as amended, Paragraph 14.7 [Rec. Doc. No. 10033]; *see also* Second Amended Banner Allocation Plan, Paragraph 3 [Rec. Doc. No. 16527-1]. Although the Various Homebuilders reserved the right to oppose any request for attorneys' fees relating to the homes they repaired, the Banner Attorneys' Fees Set Aside fund was intended to potentially compensate both common benefit attorneys ("CB") and individually retained counsel ("IR"). It was contemplated that, after the Court determined the amount of the aggregate fee award, "the Court shall establish the allocation between the common benefit fee and individual counsels' fee." PTO 28 [Rec. Doc. No. 17379].

Similarly, under the Global Settlement, 32% of the Gross Settlement Amount to which the Various Homebuilders were entitled was set aside for a potential award of attorneys' fees ("Global Attorneys' Fees Set Aside"). *See* Global Settlement, as amended, Paragraph 16.6 [Rec.

---

[2]  The Various Homebuilders are identified on Exhibit A to the MOU.

- 2 -

Doc. No. 15695]; Second Amended Global Allocation Plan, Paragraph 4 [Rec. Doc. No. 16528-1]. Again, the Various Homebuilders reserved the right to oppose any request for attorneys' fees relating to the homes they repaired.

On August 26, 2016, the Fee Committee filed a Motion to Approve the Amended Memorandum of Understanding Regarding all Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20467]. The MOU memorialized the agreement between the Parties regarding the entitlement of Various Homebuilders to a return of the remaining portion of the 32% attorneys' fees set asides from the Banner Settlement Agreement and Global Settlement Agreement associated with the homes that were repaired by the Various Homebuilders. The amount of attorneys' fees set aside portions to be returned to the Various Homebuilders was set forth in the Allocation Report (Exhibit B to the MOU).[3]

As part of the MOU, the Various Homebuilders agreed collectively to compensate Co-Class Counsel, Dorothy Wimberly (who played a vital role as Local Liaison Counsel for the Homebuilders), for her professional services rendered in connection with her role as Co-Class Counsel in the Banner and Global Settlements. The Various Homebuilders agreed that such compensation would be deducted from the attorneys' fees set aside portions to which each of the Various Homebuilders is entitled, at an assessment of 0.75% of each of the Various Homebuilders' total settlement recoveries under the Banner Settlement and Global Settlement.[4]

---

[3]   The Allocation Report was revised on October 20, 2016, but the revision had no effect on the payouts reflected in Exhibit B to the MOU.

[4]   The assessment that the Various Homebuilders agreed would be deducted from each of the Various Homebuilder's attorneys' fees set aside portions to compensate Co-Class Counsel is reflected on Exhibit B to the MOU. The Various Homebuilders agreed that the assessment would be paid directly to Ms. Wimberly's law firm, Stone Pigman Walther & Wittmann LLC, by

Moreover, as part of the MOU, the FC, Plaintiffs' Steering Committee (PSC), and Class Counsel would have no further obligation to compensate Ms. Wimberly for her Co-Class Counsel services, and she agreed that her compensation was to come only from the 0.75% assessments described in this paragraph.

Further, in the MOU, Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel, on behalf of the PSC, agreed not to pursue the Motion for Additional Common Benefit Assessments [Rec. Doc.No. 17831] ("Motion") against the Various Homebuilders, pursuant to which the PSC sought "additional common benefit assessments from those other Chinese Drywall cases and claims that were not participating in any of the various Class Action Settlement Agreements previously addressed in the Global Fee Petition,"[5] Motion at 1, including any common benefit assessments associated with those claims described in the Major Homebuilders Settlement Agreement. The PSC further waived any additional right it may have now or in the future to seek any additional fees or costs from the Various Homebuilders in connection with any Chinese Drywall litigation or settlements. Reciprocally, except as otherwise provided in the MOU, the Various Homebuilders waived any right they may have now or in the future to seek any

---

the Settlement Administrator. This assessment also applies to any additional funds that may be distributed to each of the Various Homebuilders at the time Brown Greer distributes the ~3% hold backs. Accordingly, Ms. Wimberly's law firm will receive 0.75% of any additional amounts distributed to the Various Homebuilders or to Mr. Sivyer's clients if they are determined to be "Active Builders." *See infra* note 6.

[5]   The Class Action Settlement Agreements previously addressed in the Global Fee Petition are Banner, InEx, Knauf, L&W, Global and the Virginia Class Settlements.

additional fees or costs from the PSC in connection with any Chinese Drywall litigation or settlements.[6]

## II. THE MOU DOES NOT AFFECT ANY FUNDS TO WHICH PRIMARY COUNSEL MAY BE ENTITLED AND IS NOT PREMATURE.

Primary Counsel objects to the Special Master's Order approving the MOU "to the extent such approval allows for the disbursement of funds previously designated as available to compensate individually retained counsel and common benefit counsel by this Court's Order on May 17, 2016 and thereby reduces the total amount of funds available to be allocated to individual counsel." Primary Counsel's Objection at p. 1. Primary Counsel further objects to the Special Master's Order as premature. *Id.* Primary Counsel's objections demonstrate a fundamental misapprehension of the MOU and completely ignore the fact that the proposed allocation relates entirely to set asides from the settlement funds paid to the Various Homebuilders for their repairs of homes and have nothing to do with any settlement funds belonging to any clients of Primary Counsel.[7]

Importantly, the MOU does not affect in any way any set asides by Primary Counsel or any attorney's fees to be paid pursuant to the Knauf settlement. Rather, it addresses only the set asides from homes remediated by the Various Homebuilders. Primary Counsel thus have no property interest in the set asides from funds disbursed to the Various Homebuilders under the

---

[6] In addition to the amounts set forth in attached Exhibit B to the MOU, LWH, LLC, Taylor Morrison, Inc., and The Ryland Group, Inc. filed a motion requesting that Judge Fallon determine them to be "Active Builders" [Rec. Doc. 20503]. That motion is under consideration by the Special Master but does not impact approval of the MOU.

[7] The Various Homebuilders repaired homes *before* the settlements were entered and received their rights pursuant to assignments from the home owners whose homes they repaired.

Banner and Global settlements. Because the MOU in no way negatively affects their fees, Primary Counsel should not have standing to challenge it.

Moreover, the MOU results in an enhancement of the funds potentially available for distribution to Primary Counsel. In other words, the MOU results in a larger contribution to the pool of common benefit fees to be allocated by this Court and to which the Various Homebuilders make no claim and potentially enhances the position of the Primary Counsel, rather than diminishing their position. For this reason, the approval of the MOU is not premature. It is simply a final resolution of the claims by the Fee Committee to the Banner and Global settlement set asides that belong to the Various Homebuilders and relate to the Various Homebuilders' settlement payments.

### III. THE MOU AFFECTS ONLY THE VARIOUS HOMEBUILDERS IDENTIFIED IN THE MOU-- NOT PRIMARY COUNSEL.

Finally, Primary Counsel argues that the MOU cannot serve as precedent for the allocation of primary counsel's fees. The Various Homebuilders agree. The MOU is only intended to affect the builders' rights. The Various Homebuilders agreed that the MOU was fair and reasonable as to their claims -- not those of Primary Counsel. The Various Homebuilders stand in a different position than Primary Counsel; they make no claim for common benefit fees or for fees contributed by Knauf.

### IV. CONCLUSION

For the foregoing reasons, the Court should overrule Primary Counsel's objections. The MOU is a settlement between the Fee Committee and Various Homebuilders; it only affects set asides from the Various Homebuilders' payments received in the Banner and Global settlements. And because the Various Homebuilders agreed to accept an amount less than proposed to be paid

to individually retained counsel by the Fee Committee, the MOU enhances rather than diminishes the interests of Primary Counsel. The Special Master's Order should be approved and the funds immediately disbursed to the Various Homebuilders.

Dated: December 28, 2016

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Lead Counsel for the HSC*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bassh@gtlaw.com
Email: salkym@gtlaw.com


By:   */s/ Hilarie Bass*
         Hilarie Bass
         Florida Bar No. 334323
         Mark A. Salky
         Florida Bar No. 058221


**STONE, PIGMAN, WALTHER, WITTMANN, LLC**
*Local Counsel for the HSC*
546 Carondelet St.
New Orleans, LA 70130
(504) 593-0804
Email: dwimberly@stonepigman.com


By:   */s/ Dorothy Wimberly*
         Phillip A. Wittman
         Louisiana Bar No. 13625
         Dorothy Wimberly
         Louisiana Bar No. 18509

*1218366v1*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 28, 2016, this document has been served on Plaintiffs' Liaison Counsel, Russ Herman, Esq., and Defendants' Liaison Counsel, Kerry Miller, Esq., Homebuilders' Liaison Counsel, Dorothy Wimberly, Esq., and Insurer Defendants' Liaison Counsel, Judy Y. Barrasso, Esq., by U.S. mail and/or email or by hand delivery and I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon all parties by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 6.

                                                       */s/ Dorothy Wimberly*
                                                       Dorothy Wimberly