UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE FEE COMMITTEE'S RESPONSE IN OPPOSITION TO PRIMARY COUNSEL'S OBJECTION TO SPECIAL MASTER'S ORDER ON MOTION TO APPROVE AMENDED MEMORANDUM OF UNDERSTANDING REGARDING ALL HOMEBUILDER CLAIMS FOR REIMBURSEMENT OF COUNSEL FEES**

The Fee Committee ("FC") submits this response in opposition to Primary Counsel's Objection [Rec. Doc. 20616] to the Special Master's Order granting the FC's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees ("Homebuilder MOU") and ordering the immediate disbursement to the Various Homebuilders (as defined in the Homebuilder MOU) and to Co-Class Counsel Dorothy Wimberly of certain attorneys' fees, which had been set aside under the Banner and Global class settlements [Rec. Doc. 20589].

**I.     INTRODUCTION**

Consistent with the Objectors' motive to turn these fee proceedings into a second major litigation, Primary Counsel for the Objectors have contested each and every ruling of the Special Master Daniel J. Balhoff.[1]  Their latest appeal to this Court is an objection to the Special

---

[1] Unfortunately, Primary Counsel and some of these Objectors have exhibited a propensity for barraging the Special Master with a multitude of emails containing sarcastic, rude, and unprofessional tones.  They have challenged Mr. Balhoff's role in these proceedings, they have accused him of failing to provide them

1

Master's approval of an agreement between the FC and Various Homebuilders regarding the return of fees that had been set aside by the Court and placed into escrow, but which are for the Homebuilders.  *See* Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Docs. 20467 & 20529].  Importantly, the attorneys' fees at issue here are not for either the individually retained counsel or common benefit counsel, which is a critical distinction from the other fee disputes before the Court.  Therefore, Primary Counsel's latest objection lacks merit and should be denied.

**II.     ARGUMENT**

The Banner and Global class settlements and allocation plans approved by the Court expressly provide for the return of certain attorneys' fees to Various Homebuilders, who were class members in those settlements.  At the time these settlements were approved by the Court, no one, including the Objectors, lodged any objection to the return of certain attorneys' fees to the Homebuilders.  Given the fact that these monies never belonged to the Objectors, and they have no interest in these fees, their objection to the refunds is misplaced.

By way of background, under the Banner and Global settlements, 32% of the Gross Settlement Amounts were set aside for an award of attorneys' fees ("Attorneys' Fees Set Asides").  *See* Banner Settlement, as amended, ¶ 14.7 [Rec. Doc. 10033]; Global Settlement, as amended, ¶ 16.6 [Rec. Doc. 15695]; *see also* Second Amended Banner Allocation Plan, ¶ 3 [Rec. Doc. 16527-1]; Second Amended Global Allocation Plan, ¶ 4 [Rec. Doc. 16528-1].  The Attorneys' Fees Set Asides were intended to compensate both common benefit counsel and individually retained attorneys, and it was contemplated that after the Court determined the amount of the aggregate fee award, "the Court [would] establish the allocation between the

---

due process, and they even have overtly threatened to bring this matter all the way to the Fifth Circuit.  *See* Sample of Emails to the Special Master by Objectors, attached hereto collectively as Exhibit "A."

common benefit fee and individual counsels' fee," PTO 28 [Rec. Doc. 17379], which is the current posture of this matter before the Court.

Separate and apart from the division of the global fee award as between common benefit counsel and individually retained attorneys, there are certain monies for the Various Homebuilders, which were set aside by the Court but which need to be returned to them.  For the Affected Properties "repaired by builders that have actively pursued this litigation" (*i.e.*, "Active Builders"), the maximum allowable award of common benefit attorneys' fees under the Banner and Global Settlements is 10%.[2]  Accordingly, there is no dispute that Active Builders are entitled to a refund of the Attorneys' Fee Set Asides in the amount of 22% (*i.e.*, 32% set aside minus 10% maximum allowed for common benefit attorneys equals 22%).  All other Homebuilders ("non-Active Builders") are entitled to a refund of the portion of the Attorneys' Fees Set Asides that does not constitute the award to common benefit attorneys (*i.e.*, 32% set aside minus the percentage allowed for common benefit attorneys equals refund to non-Active Builders).

By way of the Homebuilder MOU, the parties agreed to refund to Active and non-Active Builders the portion of the Attorneys' Fees Set Asides to which they are entitled.  For the Active Builders, the amount is clear – 22%.  For the non-Active Builders, the Homebuilder MOU assumes the Court will award the common benefit attorneys 10.65% of the value of the class settlements ($119,313,367.08), which represents ~59.37% of the global fee award and, accordingly, represents 19% of the Banner and Global Gross Settlement Amounts (59.37% of the 32% set aside in Banner and Global).  For this reason, the parties agreed that non-Active Builders would be entitled to a refund of attorneys' fees in the amount of 13% (32% set aside

---

[2] The parties previously had disputed whether this 10% cap applied in the Global Settlement, but through the Homebuilder MOU they resolved this issue.

minus the common benefit percentage of 19% equals 13%). In all likelihood, this would be the maximum percentage awarded to common benefit counsel, given the Objectors' suggestions of a much lower percentage award for common benefit efforts.

As part of the Homebuilder MOU, Various Homebuilders agreed to pay the counsel fees of Co-Class Counsel Dorothy Wimberly out of their refunded monies, even though the Banner Settlement permitted Co-Class Counsel to "petition the Court for reimbursement of reasonable expenses and an award of attorneys' fees at an agreed hourly rate consistent with her normal hourly rate for duties performed as Co-Class Counsel in connection with this Settlement." Banner Settlement, as amended, ¶ 14.7. The agreement on the part of the Homebuilders to compensate Ms. Wimberly for her efforts has preserved additional funds in the global fee award for distribution to the fee applicants.

Further, the parties to the Homebuilder MOU agreed that Plaintiffs' Lead Counsel and Plaintiffs' Liaison Counsel, on behalf of the PSC, would not pursue the Motion for Additional Common Benefit Assessments ("Common Benefit Assessments Motion") [Rec. Doc. 17831] against the Various Homebuilders, pursuant to which the PSC sought "additional common benefit assessments from those other Chinese Drywall cases and claims that were not participating in any of the various Class Action Settlement Agreements previously addressed in the Global Fee Petition." Common Benefit Assessments Motion at 1. In turn, except as otherwise provided in the MOU, the Various Homebuilders waived any right they may have now or in the future to seek any additional fees or costs from the PSC in connection with any Chinese Drywall litigation or settlements. This means that the Homebuilders have waived any right to claim attorneys' fees from the Knauf settlement fund, which preserves more than $173 million in attorneys' fees for distribution to the fee applicants.

### III.     CONCLUSION

Primary Counsel for Objectors misunderstand the purpose and import of the Homebuilder MOU.  Under the Banner and Global class settlements, a portion of the attorneys' fees that were set aside belong to the Homebuilders.  It was always intended that those monies would be returned to the Homebuilders at an appropriate time, and no PSC member or other fee applicant ever objected thereto.  The fee Objectors have no interest in or claim to these monies.  Further, the Homebuilder MOU actually preserves additional sums in the global fee award for distribution by the Court to the fee applicants.  The Objection to the Special Master's order approving the Homebuilder MOU should be denied.

Respectfully submitted,

Dated: December 29, 2016

/s/ Russ M. Herman_____
Russ M. Herman (Bar No. 6819) (on the brief)
Leonard A. Davis (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Co-Chair/Secretary Fee Committee*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Chair Fee Committee*

**ON BEHALF OF THE FEE COMMITTE**

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 29th day of December, 2016.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*