# EXHIBIT "A"

| | |
|---|---|
| **From:** | Val Exnicios <vpexnicios@exnicioslaw.com> |
| **Sent:** | Saturday, December 24, 2016 8:38 AM |
| **To:** | 'Dan Balhoff' |
| **Cc:** | 'Jimmy Faircloth'; 'Russell Budd'; 'Daniel K. Bryson'; 'Gary Mason'; 'Christopher L Coffin'; 'Joel Rhine'; smullins@luckeyandmullins.com; 'Tori Emmerling'; 'Allison Grant'; 'Ann Saucer'; 'Holly Werkema'; 'Brandy Sergi'; 'Kelsey Zeitzer'; 'Arnold Levin (PSC)'; Russ Herman; Lenny Davis; 'Fred Longer'; 'Sandy Duggan'; 'Wimberly, Dorothy H.' |
| **Subject:** | RE: CDW Rec. Doc. 20616 |

Ok Dan. So we surmise then that you relied only upon the FC/HB's representations and conducted no independent investigation into the efficacy of this agreement between self interested parties that did not include primary counsel concerning the "slice" of primary counsel's fees to be given away to the HBs...and absolutely no discovery whatsoever on this issue equates to even minimal due process afforded primary counsel how exactly ? I'm uncertain as to whether His Honor Judge Fallon will want to know but I strongly suspect that the 5th Circuit will...but now that you have politely refused our request for even the basic information that served as the basis of your recommendation, I fail to see how the 5th Circuit can do anything other than remand for supplementation of the Record with this basic information that all are certainly entitled to know...but so be it. We requested your Special Master Reasons For Recommendation and you have declined. Thanks anyway. Val

Val P. Exnicios, Esq.
Liska, Exnicios & Nungesser
Attorneys-At-Law
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 410-9611
Facsimile: (504) 410-9937
Cell: (504) 495-9666

The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 504-410-9611 and return the original message to us via email and must delete it from his or her computer.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 23, 2016 5:13 PM
**To:** Val Exnicios
**Cc:** Jimmy Faircloth; Russell Budd; Daniel K. Bryson; Gary Mason; Christopher L Coffin; Joel Rhine; smullins@luckeyandmullins.com; Tori Emmerling; Allison Grant; Ann Saucer; Holly Werkema; Brandy Sergi; Kelsey Zeitzer; Arnold Levin (PSC); Russ Herman; Lenny Davis; Fred Longer; Sandy Duggan; Wimberly, Dorothy H.
**Subject:** RE: CDW Rec. Doc. 20616

Val:

As I understand it, this matter is now before Judge Fallon. The only reason that I sent the email earlier today was to correct a mistaken representation that I made to the Court.

If Judge Fallon asks me for further reasons, I will provide them at that time.

Thank you.

Dan Balhoff

---

**From:** Val Exnicios [mailto:vpexnicios@exnicioslaw.com]
**Sent:** Friday, December 23, 2016 4:41 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>
**Cc:** Jimmy Faircloth <jfaircloth@fairclothlaw.com>; Russell Budd <RBUDD@BARONBUDD.COM>; Daniel K. Bryson <Dan@wbmllp.com>; Gary Mason <GMason@wbmllp.com>; Christopher L Coffin <ccoffin@pbclawfirm.com>; Joel Rhine <jrr@rhinelawfirm.com>; smullins@luckeyandmullins.com; Tori Emmerling <temmerling@glllaw.com>; Allison Grant <agrant@allisongrantpa.com>; Ann Saucer <asaucer@baronbudd.com>; Holly Werkema <hwerkema@baronbudd.com>; Brandy Sergi <bsergi@exnicioslaw.com>; Kelsey Zeitzer <kzeitzer@exnicioslaw.com>
**Subject:** Re: CDW Rec. Doc. 20616

Dan: Please advise as to what information you relied upon in making your recommendation in re the agreement reached by the FC and the HB as we are unaware of any such information. No discovery has been yet conducted in re this agreement wherein the FC has agreed to pay to HBs funds belonging to primary counsel. Certainly we are entitled to know what you relied upon in making your presumably informed decision to approve this agreement between claimants seeking primary counsel's fees. Thank you. Val

Sent from my iPhone

On Dec 23, 2016, at 4:16 PM, Dan Balhoff <balhoff@pbmbllc.com> wrote:

Janelle:

When we were in Court on December 21, Judge Fallon asked me whether I was aware of any objection to Rec. Doc. 20589, attached. I stated that I was not aware of any such objection.

As the Objectors have now pointed out, I was mistaken. On September 9, 2016, Jimmy Faircloth sent me a letter (Rec. Doc. 20616-2) indicating that the Objectors opposed the proposed distribution of fees.

I apologize to the Court and to the Objectors for overlooking this letter. Upon reviewing it, however, it does not change my opinion as reflected in Rec. Doc. 20589.

Thank you.

Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**From:** Val Exnicios <vpexnicios@exnicioslaw.com>
**Sent:** Sunday, December 11, 2016 8:54 PM
**To:** Mark Milstein
**Cc:** balhoff@pbmbllc.com; Jimmy Faircloth; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan: Ok, just so the Record is clear for Judge Fallon and the 5th Circuit: first 24 primary counsel are given only 6.5 hours to depose the court appointed CPA suggested by the PSC to "audit" the PSCs hundreds of thousands of purported CBW time submissions and millions in costs, then we have to tell the CPA deponent all of the types and subject matter of all of our questions before hand , then the deponent alone gets to decide what document samples he wants to produce, and then we are forbidden from asking him about any discussions and/or directions he had and/or received with/to the very lawyers who negotiated primary counsel' fees and are now claiming the "lion's share" of those very fees to be deducted from primary counsel's funds....and this is a deposition? And how are you supposed to know what information you need to make a recommendation if the questions that seek to elicit that information can't be asked? I'm not certain what this "deposition" is supposed to be but it certainly doesn't comport with any FRCP or jurisprudence I'm aware of. Val

Sent from my iPhone

On Dec 10, 2016, at 2:43 PM, Mark Milstein <MMilstein@majfw.com> wrote:

> Dan,

In addition to the excellent points Jimmy makes, I cannot even conceive of what privilege or even discovery objection would preclude us from inquiring at the depositions about these communications. Is there some privilege that you believes applies?

Thank you,

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

***PLEASE NOTE OUR NEW ADDRESS

On Dec 9, 2016, at 4:20 PM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

> Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding communications with Judge Fallon; but not the FC and PSC. This is another example of the blatant conflict that is haunting this proceeding. The FC and PSC have no legal authority to block Primary Counsel from inquiring about the their influence of over Mr. Garrett's decisions and opinions concerning the very subject matter about which the FC and PSC were representing Primary Counsel.
> Jimmy
> Jimmy R. Faircloth, Jr.
> **Faircloth, Melton & Sobel, LLC**
> **jfaircloth@fairclothlaw.com**
> *Alexandria Office:*
> 105 Yorktown Drive
> Alexandria, LA 71303
> Phone 318-619-7755
> Fax 318-619-7744
> *Baton Rouge Office:*
> One American Place
> 301 Main St., Ste. 920
> Baton Rouge, LA 70801
> Phone 225-343-9535
> Fax 225-343-9538
>
> CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Jimmy Faircloth; Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any
questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common
benefit expense submissions made by Philip A. Garrett and/or others and the
documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any
questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current
fee issue (i.e., the bills for the work that he is performing at this time as part of
the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf
of Philip A. Garrett not already set forth above, including but not limited to,
Shared Cost Reports and all Charts of Accounts, specifically but not limited to
the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of
Accounts for Held Costs.**

I am not inclined to ask Phil to produce additional reports (other than those he
has already produced, or those I have otherwise referenced here) at this time.
You can ask Phil about the reports he has already produced, and you can also
ask him whether he has other information in additional formats. If you can
demonstrate a need to produce further reports through your questions at the
deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited
to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC
and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or
communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they
arise at the deposition.

Thank you.
Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the
person or entity to which it is addressed and may contain confidential and/or privileged
material. Any review, retransmission, dissemination or other use of, or taking of any
action in reliance upon, this information by persons or entities other than the intended
recipient is prohibited. If you received this in error, please contact the sender and delete
the material from any system and destroy any copies.

**Thank You.**

---

**From:** Mark Milstein <MMilstein@majfw.com>
**Sent:** Sunday, December 11, 2016 8:52 PM
**To:** balhoff@pbmbllc.com; Jimmy Faircloth
**Cc:** Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

I agree completely. There is absolutely no valid argument to not permitting inquiry as to communications between Mr. Garrett and the FC and/or PSC and this puts the objecting counsel at a significant and unfair disadvantage in its efforts to brief these issues. Discovery has already been limited and streamlined. Dan, with all due respect, if you continue to make these seemingly arbitrary restrictions on our ability to obtain relevant and non-privileged information, I fear we will all end up back in the same place after either Judge Fallon or the 5th Circuit recognises that we are being deprived due process.

Thank you

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

***PLEASE NOTE OUR NEW ADDRESS

On Dec 11, 2016, at 6:35 PM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

> Not limited discovery based on what the special master thinks HE needs, while the requesting party sits in the dark and wonders why. Basic due process requires a set of rules and fair play towards both sides. This proceeding has lost its way.
>
> Sent from my iPhone
>
> On Dec 11, 2016, at 7:42 PM, Dan Balhoff <balhoff@pbmbllc.com> wrote:
>
>> Jimmy:
>> I believe that the three goals that you have outlined are interrelated. In the context of attorney's fee issues such as this, the jurisprudence supports the proposition that limited discovery constitutes the appropriate due process. See especially *In re Thirteen Appeals* and *In re Genetically Modified Rice Litigation*.
>> Thank you.
>> Dan Balhoff
>>
>> **From:** Jimmy Faircloth [mailto:jfaircloth@fairclothlaw.com]
>> **Sent:** Sunday, December 11, 2016 6:58 PM
>> **To:** Dan Balhoff <balhoff@pbmbllc.com>; Mark Milstein <MMilstein@majfw.com>
>> **Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee <durkee@rdlawnet.com> <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann <dhoffmann@fairclothlaw.com>; Eddie Sexton <esexton@gtandslaw.com> <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson <krobinson@hhklawfirm.com> <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci

Jones ([m.jones@holstonvaughan.com](mailto:m.jones@holstonvaughan.com)) <[m.jones@holstonvaughan.com](mailto:m.jones@holstonvaughan.com)>; Matt Moore ([matthew@alterslaw.com](mailto:matthew@alterslaw.com)) <[matthew@alterslaw.com](mailto:matthew@alterslaw.com)>; Richard Taylor ([richardtaylor@taylormartino.com](mailto:richardtaylor@taylormartino.com)) <[richardtaylor@taylormartino.com](mailto:richardtaylor@taylormartino.com)>; Rick Holston ([rhh@holstonvaughan.com](mailto:rhh@holstonvaughan.com)) <[rhh@holstonvaughan.com](mailto:rhh@holstonvaughan.com)>; Russell Budd ([rbudd@baronbudd.com](mailto:rbudd@baronbudd.com)) <[rbudd@baronbudd.com](mailto:rbudd@baronbudd.com)>; Scott Weinstein ([SWeinstein@ForThePeople.com](mailto:SWeinstein@ForThePeople.com)) <[SWeinstein@ForThePeople.com](mailto:SWeinstein@ForThePeople.com)>; Stephen Mullins ([smullins@luckeyandmullins.com](mailto:smullins@luckeyandmullins.com)) <[smullins@luckeyandmullins.com](mailto:smullins@luckeyandmullins.com)>; Steve Martino ([SteveMartino@taylormartino.com](mailto:SteveMartino@taylormartino.com)) <[SteveMartino@taylormartino.com](mailto:SteveMartino@taylormartino.com)>; Theodore Leopold ([tleopold@cohenmilstein.com](mailto:tleopold@cohenmilstein.com)) <[tleopold@cohenmilstein.com](mailto:tleopold@cohenmilstein.com)>; Tori Emmerling ([temmerling@glllaw.com](mailto:temmerling@glllaw.com)) <[temmerling@glllaw.com](mailto:temmerling@glllaw.com)>; Tucker Yance ([rty@yancelaw.com](mailto:rty@yancelaw.com)) <[rty@yancelaw.com](mailto:rty@yancelaw.com)>; Val Exnicios ([vpexnicios@exnicioslaw.com](mailto:vpexnicios@exnicioslaw.com)) <[vpexnicios@exnicioslaw.com](mailto:vpexnicios@exnicioslaw.com)>; William Buckley ([billwblaw@bellsouth.net](mailto:billwblaw@bellsouth.net)) <[billwblaw@bellsouth.net](mailto:billwblaw@bellsouth.net)>

**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

Our group has been operating under the assumption that Judge Fallon intended three primary goals with this proceeding: (1) to allow Primary Counsel adequate discovery to satisfy due process before their fees are taken for common benefit counsel; (2) to secure recommendations from you on all issues impacting the merits, including the ultimate allocations; and (3) to build a record for the Fifth Circuit on all of these issues. As it turns out, based on your explanation below, it appears you are administering the process solely to fulfill your obligation to make a recommendation on the fee split allocations and are treating discovery as a tool for fulfilling that narrow objective.

If the sole goal of this proceeding is to assist you in making a recommendation on the allocations and the scope of discovery is limited to what you believe is "necessary" to assist you in making that recommendation based on what you already know about the evidence, what is the point of allowing our group to conduct any discovery? The FC has all of the information and already made its recommendation. And you have access to whatever information you believe is "necessary". I cringe to say this, but your explanation implies that we are participating in sham due process.

Under the circumstances, we respectfully request a clear statement as to whether this proceeding is intended to provide due process for Primary Counsel, as we believe. If so, it is plain error to disregard the rules that are designed to accomplish due process. If, on the other hand, the goal is merely to assist you with making a recommendation on the ultimate allocations, we need to seek clarification from Judge Fallon as to when and how Primary Counsel will be provided due process. The record should be clear on this question, one way or the other.

Jimmy

p.s. – I removed Mr. Garrett from this string.

**From:** Dan Balhoff [[mailto:balhoff@pbmbllc.com](mailto:balhoff@pbmbllc.com)]
**Sent:** Sunday, December 11, 2016 2:25 PM
**To:** Mark Milstein <[MMilstein@majfw.com](mailto:MMilstein@majfw.com)>; Jimmy Faircloth <[jfaircloth@fairclothlaw.com](mailto:jfaircloth@fairclothlaw.com)>
**Cc:** Russ Herman <[RHERMAN@hhklawfirm.com](mailto:RHERMAN@hhklawfirm.com)>; Ashley Brossett <[ABrossett@fairclothlaw.com](mailto:ABrossett@fairclothlaw.com)>; Arnold Levin (PSC) <[alevin@lfsblaw.com](mailto:alevin@lfsblaw.com)>; Joyce Romano <[JROMANO@hhklawfirm.com](mailto:JROMANO@hhklawfirm.com)>; Lenny Davis <[LDAVIS@hhklawfirm.com](mailto:LDAVIS@hhklawfirm.com)>; Fred Longer <[flonger@lfsblaw.com](mailto:flonger@lfsblaw.com)>; Sandy Duggan <[sduggan@lfsblaw.com](mailto:sduggan@lfsblaw.com)>; [pgarrett@garrettco.com](mailto:pgarrett@garrettco.com); Allison Grant ([agrant@allisongrantpa.com](mailto:agrant@allisongrantpa.com)) <[agrant@allisongrantpa.com](mailto:agrant@allisongrantpa.com)>; Andrew Braun ([abraun@glllaw.com](mailto:abraun@glllaw.com)) <[abraun@glllaw.com](mailto:abraun@glllaw.com)>; Ann Saucer ([asaucer@baronbudd.com](mailto:asaucer@baronbudd.com)) <[asaucer@baronbudd.com](mailto:asaucer@baronbudd.com)>; Brook Landry Villa <[bvilla@fairclothlaw.com](mailto:bvilla@fairclothlaw.com)>; Christopher

Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson
(dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com)
<durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com)
<david@collinshorsley.com>; Drew Hoffmann <dhoffmann@fairclothlaw.com>; Eddie
Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson
(egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund
(ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo
(esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com)
<gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com)
<gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com)
<gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com)
<GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com)
<hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com)
<jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com)
<jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com)
<jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com)
<jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>;
John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague
(jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell
(kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson
<krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com)
<kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com)
<kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>;
Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci
Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore
(matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor
(richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston
(rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd
(rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein
(SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins
(smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino
(SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore
Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori
Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance
(rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com)
<vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net)
<billwblaw@bellsouth.net>

**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 --
Phil Garrett deposition

Friends:

I am continuing to adhere to the philosophy that I outlined in my ruling of October 28
(see attached). I believe this approach is supported by the Court's orders appointing me
as well as the applicable jurisprudence. I will allow only "limited discovery." This means
that I will only allow discovery that helps me develop a sufficient record so that I can
make an appropriate recommendation to the Court. This limited discovery is more
circumscribed than the full-fledged discovery that is typically anticipated by the Federal
Rules of Civil Procedure.

With respect to item 44, I have not decided whether or not the substance of the
meetings and/or communications at issue are objectionable pursuant to the Federal
Rules of Civil Procedure for any reason, including privilege. I have decided, however,
that such an inquiry is not necessary to develop a sufficient record so that I can make an
appropriate recommendation to the Court.

Thank you.
Dan Balhoff

**From:** Mark Milstein [mailto:MMilstein@majfw.com]
**Sent:** Saturday, December 10, 2016 2:44 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>; Jimmy Faircloth
<jfaircloth@fairclothlaw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett
<ABrossett@fairclothlaw.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce
Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred
Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>;
pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com)
<agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com)
<abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com)
<asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>; Christopher
Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson
(dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com)
<durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com)
<david@collinshorsley.com>; Drew Hoffmann <dhoffmann@fairclothlaw.com>; Eddie
Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson
(egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund
(ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo
(esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com)
<gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com)
<gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com)
<gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com)
<GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com)
<hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com)
<jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com)
<jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com)
<jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com)
<jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>;
John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague
(jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell
(kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson
<krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com)
<kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com)
<kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>;
Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci
Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore
(matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor
(richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston
(rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd
(rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein
(SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins
(smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino
(SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore
Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori
Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance
(rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com)
<vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net)
<billwblaw@bellsouth.net>

**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

In addition to the excellent points Jimmy makes, I cannot even conceive of what privilege or even discovery objection would preclude us from inquiring at the depositions about these communications. Is there some privilege that you believes applies?

Thank you,

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635
***PLEASE NOTE OUR NEW ADDRESS

On Dec 9, 2016, at 4:20 PM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

> Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding communications with Judge Fallon; but not the FC and PSC. This is another example of the blatant conflict that is haunting this proceeding. The FC and PSC have no legal authority to block Primary Counsel from inquiring about the their influence of over Mr. Garrett's decisions and opinions concerning the very subject matter about which the FC and PSC were representing Primary Counsel.
>
> Jimmy
>
> Jimmy R. Faircloth, Jr.
> **Faircloth, Melton & Sobel, LLC**
> **jfaircloth@fairclothlaw.com**
> *Alexandria Office*:
> 105 Yorktown Drive
> Alexandria, LA 71303
> Phone 318-619-7755
> Fax 318-619-7744
> *Baton Rouge Office*:
> One American Place
> 301 Main St., Ste. 920
> Baton Rouge, LA 70801

Phone 225-343-9535
Fax 225-343-9538

CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Jimmy Faircloth; Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to

me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto**.

I have asked Phil to bring a representative sample to assist him in answering any questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current fee issue (i.e., the bills for the work that he is performing at this time as part of the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

I am not inclined to ask Phil to produce additional reports (other than those he has already produced, or those I have otherwise referenced here) at this time. You can ask Phil about the reports he has already produced, and you can also ask him whether he has other information in additional formats. If you can demonstrate a need to produce further reports through your questions at the deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they arise at the deposition.

Thank you.
Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**From:** Mark Milstein <MMilstein@majfw.com>
**Sent:** Saturday, December 10, 2016 2:44 PM
**To:** balhoff@pbmbllc.com; Jimmy Faircloth
**Cc:** Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

In addition to the excellent points Jimmy makes, I cannot even conceive of what privilege or even discovery objection would preclude us from inquiring at the depositions about these communications. Is there some privilege that you believes applies?

Thank you,

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

***PLEASE NOTE OUR NEW ADDRESS

On Dec 9, 2016, at 4:20 PM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding communications with Judge Fallon; but not the FC and PSC. This is another example of the blatant conflict that is haunting this proceeding. The FC and PSC have no legal authority to block Primary Counsel from inquiring about the their influence of over Mr. Garrett's decisions and opinions concerning the very subject matter about which the FC and PSC were representing Primary Counsel.

Jimmy

Jimmy R. Faircloth, Jr.

**Faircloth, Melton & Sobel, LLC**

jfaircloth@fairclothlaw.com

*Alexandria Office:*

105 Yorktown Drive

Alexandria, LA 71303

Phone 318-619-7755

Fax 318-619-7744

*Baton Rouge Office:*

One American Place

301 Main St., Ste. 920

Baton Rouge, LA 70801

Phone 225-343-9535

Fax 225-343-9538


CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Jimmy Faircloth; Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John

Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)

**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current fee issue (i.e., the bills for the work that he is performing at this time as part of the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

I am not inclined to ask Phil to produce additional reports (other than those he has already produced, or those I have otherwise referenced here) at this time. You can ask Phil about the reports he has already produced, and you can also ask him whether he has other information in additional formats. If you can demonstrate a need to produce further reports through your questions at the deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they arise at the
deposition.

Thank you.

Dan Balhoff

---

**Attention:**

The information contained in this message and or attachments is intended only for the person or entity
to which it is addressed and may contain confidential and/or privileged material. Any review,
retransmission, dissemination or other use of, or taking of any action in reliance upon, this information
by persons or entities other than the intended recipient is prohibited. If you received this in error, please
contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

| | |
|---|---|
| **From:** | Jimmy Faircloth <jfaircloth@faircothlaw.com> |
| **Sent:** | Monday, December 12, 2016 8:02 AM |
| **To:** | Dan Balhoff |
| **Cc:** | Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net) |
| **Subject:** | RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition |

Regrettably, your opaque answer requires me to reply. Hopefully, you'll reconsider your position; but if not, at least the record will be served.

I have read every published fee case, including *In re Thirteen Appeals* and *In re Genetically Modified Rice Litigation,* and there is no support for measuring the adequacy of discovery based on what a special master considers "necessary" for him to make a recommendation on the merits. Applying such an *ad hoc* standard over established rules is fundamentally in conflict with due process. See e.g., *United States v. Posey,* 217 F.3d 282,284 (5th Cir. 2000) ("[S]ubstituting some *ad hoc* notion of due process in [the place of established rules], is plainly wrong."); *Rochin v. People of California,* 72 S.Ct. 205,209 (1952) ("The faculties of the Due Process Clause may be indefinite and vague, but the mode of their ascertainment is not self-willed. In each case 'due process of law' requires an evaluation based on a disinterested inquiry pursued in the spirit of science, on a balanced order of facts exactly and fairly stated, on the detached consideration of conflicting claims [cite omitted], and on a judgment not *ad hoc* and episodic but duly mindful of reconciling the needs both of continuity and of change in a progressive society.")

Judge Fallon's directive to "limit" discovery was not a license to dispense with due process, which is assured through adherence to the federal rules of procedure, the rules of evidence, and the basic tenant that both sides to a dispute have equal access to information and an equal opportunity to present arguments. Yes, limited discovery means something less than full discovery, but it surely does not mean something less than basic due process. Prohibiting Primary Counsel from reviewing documents relied upon by the FC/PSC and/or Mr. Garrett is a deprivation of due

process. Likewise, it plainly offends due process to prohibit Primary Counsel from questioning a court-appointed witness working under the direction of the opposition about communications with others (with a competing interest) who, by his own admission, influenced his decision. How Mr. Garrett was influenced, by whom, and to what extent became relevant the moment he was appointed by the court to serve as the accountant for all attorneys representing the plaintiffs. And for purposes of the FC allocation motion, it became relevant the moment his affidavit was attached as an exhibit in support of the FC's proposed allocation.

It is error to conflate Primary Counsel's right to due process with your obligation to make a recommendation on the fee allocation. Yes, those issues are interrelated, but they are clearly distinct. Please reconsider your ruling. Thank you,

Jimmy

---

**From:** Jimmy Faircloth
**Sent:** Sunday, December 11, 2016 8:36 PM
**To:** Dan Balhoff
**Cc:** Mark Milstein ; Russ Herman ; Ashley Brossett ; Arnold Levin (PSC) ; Joyce Romano ; Lenny Davis ; Fred Longer ; Sandy Duggan ; Allison Grant (agrant@allisongrantpa.com) ; Andrew Braun (abraun@glllaw.com) ; Ann Saucer (asaucer@baronbudd.com) ; Brook Landry Villa ; Christopher Coffin (ccoffin@pbclawfirm.com) ; Daniel Bryson (dan@wbmllp.com) ; David Durkee (durkee@rdlawnet.com) ; David Horsley (david@collinshorsley.com) ; Drew Hoffmann ; Eddie Sexton (esexton@gtandslaw.com) ; Edward Gibson (egibson@hgattorneys.com) ; Eric Hoaglund (ehoaglund@mhcilaw.com) ; Esther Sotolongo (esther@rdlawnet.com) ; Gary Mason (gmason@wbmllp.com) ; Gerald Meunier (gmeunier@gainsben.com) ; Gregory Vaughan (gev@holstonvaughan.com) ; Gregory Weiss (GWeiss@mrachek-law.com) ; Holly Werkema (hwerkema@baronbudd.com) ; Jay Dinan (jdinan@yourlawyer.com) ; Jeremy Alters (jeremy@alterslaw.com) ; Jerrold Parker (jerry@yourlawyer.com) ; Jimmy Doyle (jimmy@doylefirm.com) ; Joel Rhine (jrr@rhinelawfirm.com) ; John Hawkins (john@hgattorneys.com) ; John Teague (jmt@johnteaguelaw.com) ; Kasie Braswell (kasie@braswellmurphy.com) ; Kate Robinson ; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) ; Kerry Miller (kjmiller@bakerdonelson.com) ; Lillian Flemming ; Mandy Barton (kab@bartonlawpractice.com) ; Marci Jones (m.jones@holstonvaughan.com) ; Matt Moore (matthew@alterslaw.com) ; Richard Taylor (richardtaylor@taylormartino.com) ; Rick Holston (rhh@holstonvaughan.com) ; Russell Budd (rbudd@baronbudd.com) ; Scott Weinstein (SWeinstein@ForThePeople.com) ; Stephen Mullins (smullins@luckeyandmullins.com) ; Steve Martino (SteveMartino@taylormartino.com) ; Theodore Leopold (tleopold@cohenmilstein.com) ; Tori Emmerling (temmerling@glllaw.com) ; Tucker Yance (rty@yancelaw.com) ; Val Exnicios (vpexnicios@exnicioslaw.com) ; William Buckley (billwblaw@bellsouth.net)
**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Not limited discovery based on what the special master thinks HE needs, while the requesting party sits in the dark and wonders why. Basic due process requires a set of rules and fair play towards both sides. This proceeding has lost its way.

Sent from my iPhone

On Dec 11, 2016, at 7:42 PM, Dan Balhoff <balhoff@pbmbllc.com> wrote:

> Jimmy:
>
> I believe that the three goals that you have outlined are interrelated. In the context of attorney's fee issues such as this, the jurisprudence supports the proposition that limited discovery constitutes the appropriate due process. See especially *In re Thirteen Appeals* and *In re Genetically Modified Rice Litigation*.
>
> Thank you.

Dan Balhoff

---

**From:** Jimmy Faircloth [mailto:jfaircloth@fairclothlaw.com]
**Sent:** Sunday, December 11, 2016 6:58 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>; Mark Milstein <MMilstein@majfw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com>;
Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis
<LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan
<sduggan@lfsblaw.com>; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>;
Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com)
<asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>; Christopher Coffin
(ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com)
<dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley
(david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann
<dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>;
Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund
(ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com)
<esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald
Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan
(gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com)
<GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com)
<hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy
Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com)
<jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel Rhine
(jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com)
<john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie
Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson
<krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>;
Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming
<LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com)
<kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com)
<m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>;
Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston
(rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com)
<rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com)
<SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com)
<smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com)
<SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com)
<tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>;
Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com)
<vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett
deposition

Dan,

Our group has been operating under the assumption that Judge Fallon intended three primary goals
with this proceeding: (1) to allow Primary Counsel adequate discovery to satisfy due process before their
fees are taken for common benefit counsel; (2) to secure recommendations from you on all issues
impacting the merits, including the ultimate allocations; and (3) to build a record for the Fifth Circuit on
all of these issues. As it turns out, based on your explanation below, it appears you are administering the

process solely to fulfill your obligation to make a recommendation on the fee split allocations and are treating discovery as a tool for fulfilling that narrow objective.

If the sole goal of this proceeding is to assist you in making a recommendation on the allocations and the scope of discovery is limited to what you believe is "necessary" to assist you in making that recommendation based on what you already know about the evidence, what is the point of allowing our group to conduct any discovery? The FC has all of the information and already made its recommendation. And you have access to whatever information you believe is "necessary". I cringe to say this, but your explanation implies that we are participating in sham due process.

Under the circumstances, we respectfully request a clear statement as to whether this proceeding is intended to provide due process for Primary Counsel, as we believe. If so, it is plain error to disregard the rules that are designed to accomplish due process. If, on the other hand, the goal is merely to assist you with making a recommendation on the ultimate allocations, we need to seek clarification from Judge Fallon as to when and how Primary Counsel will be provided due process. The record should be clear on this question, one way or the other.

Jimmy

p.s. – I removed Mr. Garrett from this string.

---

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Sunday, December 11, 2016 2:25 PM
**To:** Mark Milstein <MMilstein@majfw.com>; Jimmy Faircloth <jfaircloth@fairclothlaw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann (dhoffmann@faircothlaw.com) <dhoffmann@faircothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming (LFLEMMING@hhklawfirm.com) <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor

(richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston
(rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com)
<rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com)
<SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com)
<smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com)
<SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com)
<tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>;
Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com)
<vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett
deposition

Friends:

I am continuing to adhere to the philosophy that I outlined in my ruling of October 28 (see attached). I
believe this approach is supported by the Court's orders appointing me as well as the applicable
jurisprudence. I will allow only "limited discovery." This means that I will only allow discovery that helps
me develop a sufficient record so that I can make an appropriate recommendation to the Court. This
limited discovery is more circumscribed than the full-fledged discovery that is typically anticipated by
the Federal Rules of Civil Procedure.

With respect to item 44, I have not decided whether or not the substance of the meetings and/or
communications at issue are objectionable pursuant to the Federal Rules of Civil Procedure for any
reason, including privilege. I have decided, however, that such an inquiry is not necessary to develop a
sufficient record so that I can make an appropriate recommendation to the Court.

Thank you.

Dan Balhoff

---

**From:** Mark Milstein [mailto:MMilstein@majfw.com]
**Sent:** Saturday, December 10, 2016 2:44 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>; Jimmy Faircloth <jfaircloth@fairclothlaw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com>;
Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis
<LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan
<sduggan@lfsblaw.com>; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com)
<agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer
(asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>;
Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson
(dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com)
<durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew
Hoffmann <dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com)
<esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>;
Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo
(esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com)
<gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>;
Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss
(GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema
(hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com)
<jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold
Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com)

<jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

In addition to the excellent points Jimmy makes, I cannot even conceive of what privilege or even discovery objection would preclude us from inquiring at the depositions about these communications. Is there some privilege that you believes applies?

Thank you,

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

***PLEASE NOTE OUR NEW ADDRESS

On Dec 9, 2016, at 4:20 PM, Jimmy Faircloth <jfaircloth@faircloth.com> wrote:

> Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding

communications with Judge Fallon; but not the FC and PSC. This is another example of
the blatant conflict that is haunting this proceeding. The FC and PSC have no legal
authority to block Primary Counsel from inquiring about the their influence of over Mr.
Garrett's decisions and opinions concerning the very subject matter about which the FC
and PSC were representing Primary Counsel.

Jimmy

Jimmy R. Faircloth, Jr.
**Faircloth, Melton & Sobel, LLC**
**jfaircloth@fairclothlaw.com**

_Alexandria Office_:
105 Yorktown Drive
Alexandria, LA 71303
Phone 318-619-7755
Fax 318-619-7744

_Baton Rouge Office_:
One American Place
301 Main St., Ste. 920
Baton Rouge, LA 70801
Phone 225-343-9535
Fax 225-343-9538

CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or
privileged. The information is intended to be for the use of the individual or entity named above. If you are
not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this
message is prohibited. If you have received this electronic message in error, please notify us immediately by
telephone at (318) 619-7755.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano;
Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant
(agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer
(asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin
(ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee
(durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann;
Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com);
Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com);
Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com);
Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-
law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan
(jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker
(jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Jimmy Faircloth; Joel
Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague
(jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate

Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto**.

I have asked Phil to bring a representative sample to assist him in answering any questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current fee issue (i.e., the bills for the work that he is performing at this time as part of the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

 I am not inclined to ask Phil to produce additional reports (other than those he has already produced, or those I have otherwise referenced here) at this time. You can ask Phil about the reports he has already produced, and you can also ask him whether he has other information in additional formats. If you can demonstrate a need to produce further reports through your questions at the deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they arise at the deposition.

Thank you.

Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

**From:** Jimmy Faircloth <jfaircloth@faircothlaw.com>
**Sent:** Sunday, December 11, 2016 6:58 PM
**To:** Dan Balhoff; Mark Milstein
**Cc:** Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

Our group has been operating under the assumption that Judge Fallon intended three primary goals with this proceeding: (1) to allow Primary Counsel adequate discovery to satisfy due process before their fees are taken for common benefit counsel; (2) to secure recommendations from you on all issues impacting the merits, including the ultimate allocations; and (3) to build a record for the Fifth Circuit on all of these issues. As it turns out, based on your explanation below, it appears you are administering the process solely to fulfill your obligation to make a recommendation on the fee split allocations and are treating discovery as a tool for fulfilling that narrow objective.

If the sole goal of this proceeding is to assist you in making a recommendation on the allocations and the scope of discovery is limited to what you believe is "necessary" to assist you in making that recommendation based on what you already know about the evidence, what is the point of allowing our group to conduct any discovery? The FC has all of the information and already made its recommendation. And you have access to whatever information you believe is "necessary". I cringe to say this, but your explanation implies that we are participating in sham due process.

Under the circumstances, we respectfully request a clear statement as to whether this proceeding is intended to provide due process for Primary Counsel, as we believe. If so, it is plain error to disregard the rules that are designed to accomplish due process. If, on the other hand, the goal is merely to assist you with making a recommendation on the

ultimate allocations, we need to seek clarification from Judge Fallon as to when and how Primary Counsel will be provided due process. The record should be clear on this question, one way or the other.

Jimmy

p.s. – I removed Mr. Garrett from this string.

---

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Sunday, December 11, 2016 2:25 PM
**To:** Mark Milstein ; Jimmy Faircloth
**Cc:** Russ Herman ; Ashley Brossett ; Arnold Levin (PSC) ; Joyce Romano ; Lenny Davis ; Fred Longer ; Sandy Duggan ; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com) ; Andrew Braun (abraun@glllaw.com) ; Ann Saucer (asaucer@baronbudd.com) ; Brook Landry Villa ; Christopher Coffin (ccoffin@pbclawfirm.com) ; Daniel Bryson (dan@whitfieldbryson.com) ; David Durkee (durkee@rdlawnet.com) ; David Horsley (david@collinshorsley.com) ; Drew Hoffmann ; Eddie Sexton (esexton@gtandslaw.com) ; Edward Gibson (egibson@hgattorneys.com) ; Eric Hoaglund (ehoaglund@mhcilaw.com) ; Esther Sotolongo (esther@rdlawnet.com) ; Gary Mason (gmason@wbmllp.com) ; Gerald Meunier (gmeunier@gainsben.com) ; Gregory Vaughan (gev@holstonvaughan.com) ; Gregory Weiss (GWeiss@mrachek-law.com) ; Holly Werkema (hwerkema@baronbudd.com) ; Jay Dinan (jdinan@yourlawyer.com) ; Jeremy Alters (jeremy@alterslaw.com) ; Jerrold Parker (jerry@yourlawyer.com) ; Jimmy Doyle (jimmy@doylefirm.com) ; Joel Rhine (jrr@rhinelawfirm.com) ; John Hawkins (john@hgattorneys.com) ; John Teague (jmt@johnteaguelaw.com) ; Kasie Braswell (kasie@braswellmurphy.com) ; Kate Robinson ; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) ; Kerry Miller (kjmiller@bakerdonelson.com) ; Lillian Flemming ; Mandy Barton (kab@bartonlawpractice.com) ; Marci Jones (m.jones@holstonvaughan.com) ; Matt Moore (matthew@alterslaw.com) ; Richard Taylor (richardtaylor@taylormartino.com) ; Rick Holston (rhh@holstonvaughan.com) ; Russell Budd (rbudd@baronbudd.com) ; Scott Weinstein (SWeinstein@ForThePeople.com) ; Stephen Mullins (smullins@luckeyandmullins.com) ; Steve Martino (SteveMartino@taylormartino.com) ; Theodore Leopold (tleopold@cohenmilstein.com) ; Tori Emmerling (temmerling@glllaw.com) ; Tucker Yance (rty@yancelaw.com) ; Val Exnicios (vpexnicios@exnicioslaw.com) ; William Buckley (billwblaw@bellsouth.net)
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I am continuing to adhere to the philosophy that I outlined in my ruling of October 28 (see attached). I believe this approach is supported by the Court's orders appointing me as well as the applicable jurisprudence. I will allow only "limited discovery." This means that I will only allow discovery that helps me develop a sufficient record so that I can make an appropriate recommendation to the Court. This limited discovery is more circumscribed than the full-fledged discovery that is typically anticipated by the Federal Rules of Civil Procedure.

With respect to item 44, I have not decided whether or not the substance of the meetings and/or communications at issue are objectionable pursuant to the Federal Rules of Civil Procedure for any reason, including privilege. I have decided, however, that such an inquiry is not necessary to develop a sufficient record so that I can make an appropriate recommendation to the Court.

Thank you.

Dan Balhoff

---

**From:** Mark Milstein [mailto:MMilstein@majfw.com]
**Sent:** Saturday, December 10, 2016 2:44 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>; Jimmy Faircloth <jfaircloth@fairclothlaw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred

Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffman (dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson (krobinson@hhklawfirm.com) <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

In addition to the excellent points Jimmy makes, I cannot even conceive of what privilege or even discovery objection would preclude us from inquiring at the depositions about these communications. Is there some privilege that you believes applies?

Thank you,

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

***PLEASE NOTE OUR NEW ADDRESS

On Dec 9, 2016, at 4:20 PM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding communications with Judge Fallon; but not the FC and PSC. This is another example of the blatant conflict that is haunting this proceeding. The FC and PSC have no legal authority to block Primary Counsel from inquiring about the their influence of over Mr. Garrett's decisions and opinions concerning the very subject matter about which the FC and PSC were representing Primary Counsel.

Jimmy

Jimmy R. Faircloth, Jr.
**Faircloth, Melton & Sobel, LLC**
[jfaircloth@fairclothlaw.com](mailto:jfaircloth@fairclothlaw.com)

*Alexandria Office*:
105 Yorktown Drive
Alexandria, LA 71303
Phone 318-619-7755
Fax 318-619-7744

*Baton Rouge Office*:
One American Place
301 Main St., Ste. 920
Baton Rouge, LA 70801
Phone 225-343-9535
Fax 225-343-9538

CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

---

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; [pgarrett@garrettco.com](mailto:pgarrett@garrettco.com); Allison Grant ([agrant@allisongrantpa.com](mailto:agrant@allisongrantpa.com)); Andrew Braun ([abraun@glllaw.com](mailto:abraun@glllaw.com)); Ann Saucer ([asaucer@baronbudd.com](mailto:asaucer@baronbudd.com)); Brook Landry Villa; Christopher Coffin ([ccoffin@pbclawfirm.com](mailto:ccoffin@pbclawfirm.com)); Daniel Bryson ([dan@wbmllp.com](mailto:dan@wbmllp.com)); David Durkee ([durkee@rdlawnet.com](mailto:durkee@rdlawnet.com)); David Horsley ([david@collinshorsley.com](mailto:david@collinshorsley.com)); Drew Hoffmann; Eddie Sexton ([esexton@gtandslaw.com](mailto:esexton@gtandslaw.com)); Edward Gibson ([egibson@hgattorneys.com](mailto:egibson@hgattorneys.com)); Eric Hoaglund ([ehoaglund@mhcilaw.com](mailto:ehoaglund@mhcilaw.com)); Esther Sotolongo ([esther@rdlawnet.com](mailto:esther@rdlawnet.com)); Gary Mason ([gmason@wbmllp.com](mailto:gmason@wbmllp.com)); Gerald Meunier ([gmeunier@gainsben.com](mailto:gmeunier@gainsben.com)); Gregory Vaughan

(gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Jimmy Faircloth; Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto**.

I have asked Phil to bring a representative sample to assist him in answering any questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current fee issue (i.e., the bills for the work that he is performing at this time as part of the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

I am not inclined to ask Phil to produce additional reports (other than those he has already produced, or those I have otherwise referenced here) at this time. You can ask Phil about the reports he has already produced, and you can also ask him whether he has other information in additional formats. If you can demonstrate a need to produce further reports through your questions at the deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they arise at the deposition.

Thank you.

Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient

is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**From:** Andy Braun <abraun@glllaw.com>
**Sent:** Sunday, December 11, 2016 8:09 PM
**To:** Dan Balhoff; Jimmy Faircloth; Mark Milstein
**Cc:** Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; Allison Grant (agrant@allisongrantpa.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling; Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Sorry. I'm sitting here watching the Giants v Cowboys game and am not really very good at using my cell phone to send messages. But I cannot sit silent any more about this. With all due respect Dan, your position deprives the Primary Counsel from relevant information that the PSC has in its possession that Primary Counsel does not have but in effect has paid in large part by them and from a witness that was supposed to be acting for all parties, not just the PSC. Further, if you look at the subject matters listed by the PSC for his deposition, some of the very information that you have indicated you will be depriving the PSC from is listed as information that the PSC itself will be inquiring into at Mr. Garrett's deposition. Yet, apparently you will prohibit Primary Counsel from reviewing the same information the PSC has regarding those issues. That in my very humble opinion smacks of fundamental unfairness. Again, all in due respect.



**GIEGER, LABORDE & LAPEROUSE L.L.C.**

**NEW ORLEANS:** 701 Poydras Street, Suite 4800, New Orleans, LA 70139
Phone: 504-561-0400   Fax: 504-561-1011
**HOUSTON:** 5151 San Felipe, Suite 750, Houston, TX 70056
Phone: 832-255-6000   Fax: 832-255-6001

**Andrew A. Braun**
**Member**
Direct Dial: 504-654-1354
Cellular: 225-615-0015
Facsimile: 504-561-1011

www.glllaw.com abraun@glllaw.com bio

CONFIDENTIALITY NOTICE: The following message may constitute a confidential attorney-client communication. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this communication in error, do not read it. Please delete it from your system without copying it, and notify the sender by reply e-mail or phone, so that our address record can be corrected.

**From:** Andy Braun
**Sent:** Sunday, December 11, 2016 7:59 PM
**To:** Dan Balhoff; Jimmy Faircloth; Mark Milstein
**Cc:** Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; Allison Grant (agrant@allisongrantpa.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling; Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan. with all due respect your position deprives the Primary Counsel from relevant information that the PDC has in its possession that Primary COUNSEL

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Dan Balhoff <balhoff@pbmbllc.com>
Date: 12/11/16 7:42 PM (GMT-06:00)
To: Jimmy Faircloth <jfaircloth@fairclothlaw.com>, Mark Milstein <MMilstein@majfw.com>
Cc: Russ Herman <RHERMAN@hhklawfirm.com>, Ashley Brossett <ABrossett@fairclothlaw.com>, "Arnold Levin (PSC)" <alevin@lfsblaw.com>, Joyce Romano <JROMANO@hhklawfirm.com>, Lenny Davis <LDAVIS@hhklawfirm.com>, Fred Longer <flonger@lfsblaw.com>, Sandy Duggan <sduggan@lfsblaw.com>, "Allison Grant (agrant@allisongrantpa.com)" <agrant@allisongrantpa.com>, Andy Braun <abraun@glllaw.com>, "Ann Saucer (asaucer@baronbudd.com)" <asaucer@baronbudd.com>, Brook Landry Villa <bvilla@fairclothlaw.com>, "Christopher Coffin (ccoffin@pbclawfirm.com)" <ccoffin@pbclawfirm.com>, "Daniel Bryson (dan@wbmllp.com)" <dan@wbmllp.com>, "David Durkee (durkee@rdlawnet.com)" <durkee@rdlawnet.com>, "David Horsley (david@collinshorsley.com)" <david@collinshorsley.com>, Drew Hoffmann <dhoffmann@fairclothlaw.com>, "Eddie Sexton (esexton@gtandslaw.com)" <esexton@gtandslaw.com>, "Edward Gibson (egibson@hgattorneys.com)" <egibson@hgattorneys.com>, "Eric Hoaglund (ehoaglund@mhcilaw.com)" <ehoaglund@mhcilaw.com>, "Esther Sotolongo (esther@rdlawnet.com)" <esther@rdlawnet.com>, "Gary Mason (gmason@wbmllp.com)"

<gmason@wbmllp.com>, "Gerald Meunier (gmeunier@gainsben.com)" <gmeunier@gainsben.com>, "Gregory Vaughan (gev@holstonvaughan.com)" <gev@holstonvaughan.com>, "Gregory Weiss (GWeiss@mrachek-law.com)" <GWeiss@mrachek-law.com>, "Holly Werkema (hwerkema@baronbudd.com)" <hwerkema@baronbudd.com>, "Jay Dinan (jdinan@yourlawyer.com)" <jdinan@yourlawyer.com>, "Jeremy Alters (jeremy@alterslaw.com)" <jeremy@alterslaw.com>, "Jerrold Parker (jerry@yourlawyer.com)" <jerry@yourlawyer.com>, "Jimmy Doyle (jimmy@doylefirm.com)" <jimmy@doylefirm.com>, "Joel Rhine (jrr@rhinelawfirm.com)" <jrr@rhinelawfirm.com>, "John Hawkins (john@hgattorneys.com)" <john@hgattorneys.com>, "John Teague (jmt@johnteaguelaw.com)" <jmt@johnteaguelaw.com>, "Kasie Braswell (kasie@braswellmurphy.com)" <kasie@braswellmurphy.com>, Kate Robinson <krobinson@hhklawfirm.com>, "Kelsey Zeitzer (kzeitzer@exnicioslaw.com)" <kzeitzer@exnicioslaw.com>, "Kerry Miller (kjmiller@bakerdonelson.com)" <kjmiller@bakerdonelson.com>, Lillian Flemming <LFLEMMING@hhklawfirm.com>, "Mandy Barton (kab@bartonlawpractice.com)" <kab@bartonlawpractice.com>, "Marci Jones (m.jones@holstonvaughan.com)" <m.jones@holstonvaughan.com>, "Matt Moore (matthew@alterslaw.com)" <matthew@alterslaw.com>, "Richard Taylor (richardtaylor@taylormartino.com)" <richardtaylor@taylormartino.com>, "Rick Holston (rhh@holstonvaughan.com)" <rhh@holstonvaughan.com>, "Russell Budd (rbudd@baronbudd.com)" <rbudd@baronbudd.com>, "Scott Weinstein (SWeinstein@ForThePeople.com)" <SWeinstein@ForThePeople.com>, "Stephen Mullins (smullins@luckeyandmullins.com)" <smullins@luckeyandmullins.com>, "Steve Martino (SteveMartino@taylormartino.com)" <SteveMartino@taylormartino.com>, "Theodore Leopold (tleopold@cohenmilstein.com)" <tleopold@cohenmilstein.com>, Tori Emmerling <temmerling@glllaw.com>, "Tucker Yance (rty@yancelaw.com)" <rty@yancelaw.com>, "Val Exnicios (vpexnicios@exnicioslaw.com)" <vpexnicios@exnicioslaw.com>, "William Buckley (billwblaw@bellsouth.net)" <billwblaw@bellsouth.net>
Subject: RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Jimmy:

I believe that the three goals that you have outlined are interrelated. In the context of attorney's fee issues such as this, the jurisprudence supports the proposition that limited discovery constitutes the appropriate due process. See especially *In re Thirteen Appeals* and *In re Genetically Modified Rice Litigation*.

Thank you.

Dan Balhoff

---

**From:** Jimmy Faircloth [mailto:jfaircloth@fairclothlaw.com]
**Sent:** Sunday, December 11, 2016 6:58 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>; Mark Milstein <MMilstein@majfw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com> <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa <bvilla@fairclothlaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann <dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel

Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

Our group has been operating under the assumption that Judge Fallon intended three primary goals with this proceeding: (1) to allow Primary Counsel adequate discovery to satisfy due process before their fees are taken for common benefit counsel; (2) to secure recommendations from you on all issues impacting the merits, including the ultimate allocations; and (3) to build a record for the Fifth Circuit on all of these issues. As it turns out, based on your explanation below, it appears you are administering the process solely to fulfill your obligation to make a recommendation on the fee split allocations and are treating discovery as a tool for fulfilling that narrow objective.

If the sole goal of this proceeding is to assist you in making a recommendation on the allocations and the scope of discovery is limited to what you believe is "necessary" to assist you in making that recommendation based on what you already know about the evidence, what is the point of allowing our group to conduct any discovery? The FC has all of the information and already made its recommendation. And you have access to whatever information you believe is "necessary". I cringe to say this, but your explanation implies that we are participating in sham due process.

Under the circumstances, we respectfully request a clear statement as to whether this proceeding is intended to provide due process for Primary Counsel, as we believe. If so, it is plain error to disregard the rules that are designed to accomplish due process. If, on the other hand, the goal is merely to assist you with making a recommendation on the ultimate allocations, we need to seek clarification from Judge Fallon as to when and how Primary Counsel will be provided due process. The record should be clear on this question, one way or the other.

Jimmy

p.s. – I removed Mr. Garrett from this string.

---

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Sunday, December 11, 2016 2:25 PM
**To:** Mark Milstein <MMilstein@majfw.com>; Jimmy Faircloth <jfaircloth@faircothlaw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@faircothlaw.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa <bvilla@faircothlaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson

(dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann <dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson (krobinson@hhklawfirm.com) <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>

**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I am continuing to adhere to the philosophy that I outlined in my ruling of October 28 (see attached). I believe this approach is supported by the Court's orders appointing me as well as the applicable jurisprudence. I will allow only "limited discovery." This means that I will only allow discovery that helps me develop a sufficient record so that I can make an appropriate recommendation to the Court. This limited discovery is more circumscribed than the full-fledged discovery that is typically anticipated by the Federal Rules of Civil Procedure.

With respect to item 44, I have not decided whether or not the substance of the meetings and/or communications at issue are objectionable pursuant to the Federal Rules of Civil Procedure for any reason, including privilege. I have decided, however, that such an inquiry is not necessary to develop a sufficient record so that I can make an appropriate recommendation to the Court.

Thank you.

Dan Balhoff

---

**From:** Mark Milstein [mailto:MMilstein@majfw.com]
**Sent:** Saturday, December 10, 2016 2:44 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>; Jimmy Faircloth <jfaircloth@fairclothlaw.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Ashley Brossett <ABrossett@fairclothlaw.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <flonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com)

<abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Brook Landry Villa (bvilla@fairclothlaw.com); Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann <dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>

**Subject:** Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan,

In addition to the excellent points Jimmy makes, I cannot even conceive of what privilege or even discovery objection would preclude us from inquiring at the depositions about these communications. Is there some privilege that you believes applies?

Thank you,

Mark

Mark A. Milstein, Esq.
Milstein Adelman, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA. 90067
Tel: (310) 396-9600
Fax: (310) 396-9635

***PLEASE NOTE OUR NEW ADDRESS

On Dec 9, 2016, at 4:20 PM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding communications with Judge Fallon; but not the FC and PSC. This is another example of the blatant conflict that is haunting this proceeding. The FC and PSC have no legal authority to block Primary Counsel from inquiring about the their influence of over Mr. Garrett's decisions and opinions concerning the very subject matter about which the FC and PSC were representing Primary Counsel.

Jimmy

Jimmy R. Faircloth, Jr.
**Faircloth, Melton & Sobel, LLC**
**jfaircloth@fairclothlaw.com**

*Alexandria Office*:
105 Yorktown Drive
Alexandria, LA 71303
Phone 318-619-7755
Fax 318-619-7744

*Baton Rouge Office*:
One American Place
301 Main St., Ste. 920
Baton Rouge, LA 70801
Phone 225-343-9535
Fax 225-343-9538
CONFIDENTIALITY STATEMENT
This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

---

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters

([jeremy@alterslaw.com](mailto:jeremy@alterslaw.com)); Jerrold Parker ([jerry@yourlawyer.com](mailto:jerry@yourlawyer.com)); Jimmy Doyle ([jimmy@doylefirm.com](mailto:jimmy@doylefirm.com)); Jimmy Faircloth, Joel Rhine ([jrr@rhinelawfirm.com](mailto:jrr@rhinelawfirm.com)); John Hawkins ([john@hgattorneys.com](mailto:john@hgattorneys.com)); John Teague ([jmt@johnteaguelaw.com](mailto:jmt@johnteaguelaw.com)); Kasie Braswell ([kasie@braswellmurphy.com](mailto:kasie@braswellmurphy.com)); Kate Robinson; Kelsey Zeitzer ([kzeitzer@exnicioslaw.com](mailto:kzeitzer@exnicioslaw.com)); Kerry Miller ([kjmiller@bakerdonelson.com](mailto:kjmiller@bakerdonelson.com)); Lillian Flemming; Mandy Barton ([kab@bartonlawpractice.com](mailto:kab@bartonlawpractice.com)); Marci Jones ([m.jones@holstonvaughan.com](mailto:m.jones@holstonvaughan.com)); Matt Moore ([matthew@alterslaw.com](mailto:matthew@alterslaw.com)); Richard Taylor ([richardtaylor@taylormartino.com](mailto:richardtaylor@taylormartino.com)); Rick Holston ([rhh@holstonvaughan.com](mailto:rhh@holstonvaughan.com)); Russell Budd ([rbudd@baronbudd.com](mailto:rbudd@baronbudd.com)); Scott Weinstein ([SWeinstein@ForThePeople.com](mailto:SWeinstein@ForThePeople.com)); Stephen Mullins ([smullins@luckeyandmullins.com](mailto:smullins@luckeyandmullins.com)); Steve Martino ([SteveMartino@taylormartino.com](mailto:SteveMartino@taylormartino.com)); Theodore Leopold ([tleopold@cohenmilstein.com](mailto:tleopold@cohenmilstein.com)); Tori Emmerling ([temmerling@glllaw.com](mailto:temmerling@glllaw.com)); Tucker Yance ([rty@yancelaw.com](mailto:rty@yancelaw.com)); Val Exnicios ([vpexnicios@exnicioslaw.com](mailto:vpexnicios@exnicioslaw.com)); William Buckley ([billwblaw@bellsouth.net](mailto:billwblaw@bellsouth.net))

**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto**.

I have asked Phil to bring a representative sample to assist him in answering any questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current fee issue (i.e., the bills for the work that he is performing at this time as part of the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

I am not inclined to ask Phil to produce additional reports (other than those he has already produced, or those I have otherwise referenced here) at this time. You can ask Phil about the reports he has already produced, and you can also ask him whether he has other information in additional formats. If you can demonstrate a need to produce further reports through your questions at the deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they arise at the deposition.

Thank you.

Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

---

**Attention:**

The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

| | |
|---|---|
| **From:** | Val Exnicios <vpexnicios@exnicioslaw.com> |
| **Sent:** | Friday, December 02, 2016 9:35 AM |
| **To:** | Jimmy Faircloth |
| **Cc:** | Lillian Flemming; Dan Balhoff; Brook Landry Villa; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Arnold Levin (alevin@lfsblaw.com); Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lenny Davis; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Mark Milstein (MMilstein@majfw.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russ Herman; Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); pgarrett@garrettco.com; Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); William Buckley (billwblaw@bellsouth.net); Angie Braddy; Ashley Brossett; Fred Longer (FLonger@lfsblaw.com); Sandy Duggan; Joyce Romano |
| **Subject:** | Re: Primary Counsel Areas of Inquiry for Philip Garrett's Deposition |

Dear Dan: Jimmy is absolutely correct. Mr. Herman and Mr. Levin chose to negotiate a fee for the only attorneys with any contractual right to fees: primary counsel. At the time they chose to do so, the Court had yet to determine even if, much less how much, they and other common benefit counsel were entitled to receive of primary counsels' fees; as such, they assumed a fiduciary duty to these primary counsel and yet they now have taken an adversarial position to those very lawyers...a clear conflict of interest that is compounded by their attempt to secure the "lion's share" and by their opposition to efforts by those they chose to represent in the negotiations that resulted in the fee sum certain. With all due respect, repeated invitations to the FC to respond to their "clients'" positions invites and enhances the FCs conflicts of interest. The FC can not be encouraged to oppose primary counsel' efforts to petition the court for the very fees that the FC negotiated and secured for their primary counsel clients. Thank you, Val

Sent from my iPhone

On Dec 2, 2016, at 7:14 AM, Jimmy Faircloth <jfaircloth@fairclothlaw.com> wrote:

> Dan,
> Primary Counsel have no objection to the topics proposed by the FC, just as we had no objection to the amount of time they have been given to ask questions. Rather, we are focused on our ability to conduct meaningful discovery under the limitations you have imposed. Frankly, we don't care what they ask Mr. Garrett, as long as it doesn't cut into our time or somehow limit our area of inquiry.

1

The FC's objection to Primary Counsel's topics for Mr. Garrett's deposition highlights an important problem, however, that has become a theme of this proceeding: This should not be an adversarial proceeding pitting individual primary attorneys against the FC or the PSC. There is no common benefit class, there is no primary counsel class, and the FC has no standing to represent anyone in the current proceeding. At most, the FC is authorized to make a recommendation on the allocation – which it has done. How did that narrow authority somehow morph into broad authority to litigate against objecting primary attorneys – ironically, the same attorneys the PSC purportedly represented in negotiating the fee award, and the same attorneys the FC purportedly represented when making its grossly conflicted recommendation to the court? With all due respect, each time you invite the FC to "respond" to a submission by Primary Counsel, you are emboldening the FC on a plainly conflicted position. Arguably, the FC was conflicted the day it was constituted, given the extent of the common benefit allocation claimed by its members, particularly Mr. Herman and Mr. Levin. But there is no doubt the FC has a conflict in litigating against primary counsel in this proceeding.

Jimmy

**From:** Lillian Flemming [mailto:LFLEMMING@hhklawfirm.com]
**Sent:** Thursday, December 1, 2016 2:38 PM
**To:** 'Dan Balhoff' <balhoff@pbmbllc.com>; Brook Landry Villa <bvilla@faircothlaw.com>; Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Arnold Levin (alevin@lfsblaw.com) <alevin@lfsblaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann <dhoffmann@faircothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Jimmy Faircloth <jfaircloth@faircothlaw.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Mark Milstein (MMilstein@majfw.com) <MMilstein@majfw.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley

(billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Cc:** Angie Braddy <abraddy@fairclothlaw.com>; Ashley Brossett <ABrossett@fairclothlaw.com>; Fred
Longer (FLonger@lfsblaw.com) <FLonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; Joyce
Romano <JROMANO@hhklawfirm.com>
**Subject:** RE: Primary Counsel Areas of Inquiry for Philip Garrett's Deposition
From: Leonard A. Davis
Attached please find the Fee Committee's Responses and Objections to Primary Counsel's Notice to
Areas of Inquiry for the Deposition of Philip Garrett.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Thursday, December 01, 2016 8:19 AM
**To:** Brook Landry Villa <bvilla@fairclothlaw.com>; Allison Grant (agrant@allisongrantpa.com)
<agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer
(asaucer@baronbudd.com) <asaucer@baronbudd.com>; Arnold Levin (alevin@lfsblaw.com)
<alevin@lfsblaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>;
Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com)
<durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew
Hoffmann <dhoffmann@fairclothlaw.com>; Eddie Sexton (esexton@gtandslaw.com)
<esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>;
Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo
(esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com)
<gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>;
Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss
(GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema
(hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com)
<jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold
Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com)
<jimmy@doylefirm.com>; Jimmy Faircloth <jfaircloth@fairclothlaw.com>; Joel Rhine
(jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com)
<john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie
Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson
<krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>;
Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lenny Davis
<LDAVIS@hhklawfirm.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Mandy Barton
(kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones
(m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Mark Milstein
(MMilstein@majfw.com) <MMilstein@majfw.com>; Matt Moore (matthew@alterslaw.com)
<matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com)
<richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com)
<rhh@holstonvaughan.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Russell Budd
(rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com)
<SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com)
<smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com)
<SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com)
<tleopold@cohenmilstein.com>; pgarrett@garrettco.com; Tori Emmerling (temmerling@glllaw.com)
<temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios
(vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley
(billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Cc:** Angie Braddy <abraddy@fairclothlaw.com>; Ashley Brossett <ABrossett@fairclothlaw.com>
**Subject:** RE: Primary Counsel Areas of Inquiry for Philip Garrett's Deposition
Friends:
I appreciate the attached document that the Objectors have produced.

If someone intends to object to any areas of inquiry, it would be helpful if I received such objections as soon as possible. Failure to make such an objection beforehand will not result in a waiver; nevertheless, my goal is to streamline the process by setting as many guidelines as possible before the deposition takes place.

Thank you.

Dan Balhoff

**From:** Brook Landry Villa [mailto:bvilla@faircothlaw.com]
**Sent:** Wednesday, November 30, 2016 3:11 PM
**To:** Allison Grant (agrant@allisongrantpa.com) <agrant@allisongrantpa.com>; Andrew Braun (abraun@glllaw.com) <abraun@glllaw.com>; Ann Saucer (asaucer@baronbudd.com) <asaucer@baronbudd.com>; Arnold Levin (alevin@lfsblaw.com) <alevin@lfsblaw.com>; Brook Landry Villa <bvilla@faircothlaw.com>; Christopher Coffin (ccoffin@pbclawfirm.com) <ccoffin@pbclawfirm.com>; Dan Balhoff <balhoff@pbmbllc.com>; Daniel Bryson (dan@wbmllp.com) <dan@wbmllp.com>; David Durkee (durkee@rdlawnet.com) <durkee@rdlawnet.com>; David Horsley (david@collinshorsley.com) <david@collinshorsley.com>; Drew Hoffmann <dhoffmann@faircothlaw.com>; Eddie Sexton (esexton@gtandslaw.com) <esexton@gtandslaw.com>; Edward Gibson (egibson@hgattorneys.com) <egibson@hgattorneys.com>; Eric Hoaglund (ehoaglund@mhcilaw.com) <ehoaglund@mhcilaw.com>; Esther Sotolongo (esther@rdlawnet.com) <esther@rdlawnet.com>; Gary Mason (gmason@wbmllp.com) <gmason@wbmllp.com>; Gerald Meunier (gmeunier@gainsben.com) <gmeunier@gainsben.com>; Gregory Vaughan (gev@holstonvaughan.com) <gev@holstonvaughan.com>; Gregory Weiss (GWeiss@mrachek-law.com) <GWeiss@mrachek-law.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Jay Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Jeremy Alters (jeremy@alterslaw.com) <jeremy@alterslaw.com>; Jerrold Parker (jerry@yourlawyer.com) <jerry@yourlawyer.com>; Jimmy Doyle (jimmy@doylefirm.com) <jimmy@doylefirm.com>; Jimmy Faircloth <jfaircloth@faircothlaw.com>; Joel Rhine (jrr@rhinelawfirm.com) <jrr@rhinelawfirm.com>; John Hawkins (john@hgattorneys.com) <john@hgattorneys.com>; John Teague (jmt@johnteaguelaw.com) <jmt@johnteaguelaw.com>; Kasie Braswell (kasie@braswellmurphy.com) <kasie@braswellmurphy.com>; Kate Robinson (krobinson@hhklawfirm.com) <krobinson@hhklawfirm.com>; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) <kzeitzer@exnicioslaw.com>; Kerry Miller (kjmiller@bakerdonelson.com) <kjmiller@bakerdonelson.com>; Lenny Davis (ldavis@hhklawfirm.com) <ldavis@hhklawfirm.com>; Lillian Flemming (lflemming@hhklawfirm.com) <lflemming@hhklawfirm.com>; Mandy Barton (kab@bartonlawpractice.com) <kab@bartonlawpractice.com>; Marci Jones (m.jones@holstonvaughan.com) <m.jones@holstonvaughan.com>; Mark Milstein (MMilstein@majfw.com) <MMilstein@majfw.com>; Matt Moore (matthew@alterslaw.com) <matthew@alterslaw.com>; Richard Taylor (richardtaylor@taylormartino.com) <richardtaylor@taylormartino.com>; Rick Holston (rhh@holstonvaughan.com) <rhh@holstonvaughan.com>; Russ Herman (rherman@hhklawfirm.com) <rherman@hhklawfirm.com>; Russell Budd (rbudd@baronbudd.com) <rbudd@baronbudd.com>; Scott Weinstein (SWeinstein@ForThePeople.com) <SWeinstein@ForThePeople.com>; Stephen Mullins (smullins@luckeyandmullins.com) <smullins@luckeyandmullins.com>; Steve Martino (SteveMartino@taylormartino.com) <SteveMartino@taylormartino.com>; Theodore Leopold (tleopold@cohenmilstein.com) <tleopold@cohenmilstein.com>; pgarrett@garrettco.com; Tori Emmerling (temmerling@glllaw.com) <temmerling@glllaw.com>; Tucker Yance (rty@yancelaw.com) <rty@yancelaw.com>; Val Exnicios (vpexnicios@exnicioslaw.com) <vpexnicios@exnicioslaw.com>; William Buckley (billwblaw@bellsouth.net) <billwblaw@bellsouth.net>
**Cc:** Angie Braddy <abraddy@faircothlaw.com>; Ashley Brossett <ABrossett@faircothlaw.com>
**Subject:** CDW: Primary Counsel Areas of Inquiry for Philip Garrett's Deposition

All,

      As required by Special Master Case Management Order No. 2, please see the attached *Notice of Areas of Inquiry for the Deposition of Philip Garrett.*

Sincerely,

Brook Landry Villa
Attorney
**Faircloth, Melton & Sobel, LLC**
301 Main Street, Suite 920
Baton Rouge, LA 70801
(225) 343-9535 (o)
(225) 205-7819 (c)
(225) 343-9538 (f)
**CONFIDENTIALITY STATEMENT**
This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (225) 343-9535.

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---

**From:**            Jimmy Faircloth <jfaircloth@fairclothlaw.com>
**Sent:**            Saturday, December 10, 2016 10:44 AM
**To:**               Dan Balhoff; Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:**      RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Also, while we have no objection to Mr. Garrett using representative samples, summaries, and other information to assist his testimony, please keep in mind that this will very likely impact our time limitation because we will have to sift through the documents and formulate questions on the fly. Again, to be clear, we do not object to Mr. Garrett relying on whatever materials and information he believes is necessary to provide his testimony, provided that we have a fair opportunity to inspect the materials and question him regarding his reliance. If the time limitations are fixed for this deposition, we should be provided these materials in advance; otherwise we respectfully reserve our right to request a follow-up deposition. Thank you,

Jimmy

---

**From:** Jimmy Faircloth
**Sent:** Friday, December 9, 2016 6:21 PM
**To:** Dan Balhoff ; Mark Milstein ; Russ Herman ; Ashley Brossett ; Arnold Levin (PSC) ; Joyce Romano ; Lenny Davis ; Fred Longer ; Sandy Duggan ; pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com) ; Andrew Braun (abraun@glllaw.com) ; Ann Saucer (asaucer@baronbudd.com) ; Brook Landry Villa ; Christopher Coffin (ccoffin@pbclawfirm.com) ; Daniel Bryson (dan@wbmllp.com) ; David Durkee (durkee@rdlawnet.com) ; David Horsley (david@collinshorsley.com) ; Drew Hoffmann ; Eddie Sexton (esexton@gtandslaw.com) ; Edward Gibson (egibson@hgattorneys.com) ; Eric Hoaglund (ehoaglund@mhcilaw.com) ; Esther Sotolongo (esther@rdlawnet.com) ; Gary Mason (gmason@wbmllp.com) ; Gerald Meunier (gmeunier@gainsben.com) ; Gregory Vaughan

(gev@holstonvaughan.com) ; Gregory Weiss (GWeiss@mrachek-law.com) ; Holly Werkema (hwerkema@baronbudd.com) ; Jay Dinan (jdinan@yourlawyer.com) ; Jeremy Alters (jeremy@alterslaw.com) ; Jerrold Parker (jerry@yourlawyer.com) ; Jimmy Doyle (jimmy@doylefirm.com) ; Joel Rhine (jrr@rhinelawfirm.com) ; John Hawkins (john@hgattorneys.com) ; John Teague (jmt@johnteaguelaw.com) ; Kasie Braswell (kasie@braswellmurphy.com) ; Kate Robinson ; Kelsey Zeitzer (kzeitzer@exnicioslaw.com) ; Kerry Miller (kjmiller@bakerdonelson.com) ; Lillian Flemming ; Mandy Barton (kab@bartonlawpractice.com) ; Marci Jones (m.jones@holstonvaughan.com) ; Matt Moore (matthew@alterslaw.com) ; Richard Taylor (richardtaylor@taylormartino.com) ; Rick Holston (rhh@holstonvaughan.com) ; Russell Budd (rbudd@baronbudd.com) ; Scott Weinstein (SWeinstein@ForThePeople.com) ; Stephen Mullins (smullins@luckeyandmullins.com) ; Steve Martino (SteveMartino@taylormartino.com) ; Theodore Leopold (tleopold@cohenmilstein.com) ; Tori Emmerling (temmerling@glllaw.com) ; Tucker Yance (rty@yancelaw.com) ; Val Exnicios (vpexnicios@exnicioslaw.com) ; William Buckley (billwblaw@bellsouth.net)

**Subject:** RE: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Dan, we respectfully request further explanation for item 44, in particular what is meant by "the substance of such meetings" with the FC and PSC? Mr. Garrett's affidavit makes clear that he relied in part on the direction of the FC and/or PSC. For example, in paragraph 9(c) he states that he disallowed "any item of time or expense . . . unless counsel was authorized by a member of the PSC or FC to perform such work primarily for the common benefit…" The gravamen of this proceeding is the size of the common benefit "slice." If Mr. Garrett will be used to offer support for the "slice" requested by the FC, his testimony regarding these communications is profoundly relevant. At a minimum, please reserve judgment on questions until we have an opportunity establish foundation and actually ask questions. I understand your sensitivity regarding communications with Judge Fallon; but not the FC and PSC. This is another example of the blatant conflict that is haunting this proceeding. The FC and PSC have no legal authority to block Primary Counsel from inquiring about the their influence of over Mr. Garrett's decisions and opinions concerning the very subject matter about which the FC and PSC were representing Primary Counsel.

Jimmy

Jimmy R. Faircloth, Jr.
**Faircloth, Melton & Sobel, LLC**
**jfaircloth@fairclothlaw.com**

_Alexandria Office_:
105 Yorktown Drive
Alexandria, LA 71303
Phone 318-619-7755
Fax 318-619-7744

_Baton Rouge Office_:
One American Place
301 Main St., Ste. 920
Baton Rouge, LA 70801
Phone 225-343-9535
Fax 225-343-9538

CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Friday, December 09, 2016 5:25 PM
**To:** Mark Milstein; Russ Herman; Ashley Brossett; Arnold Levin (PSC); Joyce Romano; Lenny Davis; Fred Longer; Sandy Duggan, pgarrett@garrettco.com; Allison Grant (agrant@allisongrantpa.com); Andrew Braun (abraun@glllaw.com); Ann Saucer (asaucer@baronbudd.com); Brook Landry Villa; Christopher Coffin (ccoffin@pbclawfirm.com); Daniel Bryson (dan@wbmllp.com); David Durkee (durkee@rdlawnet.com); David Horsley (david@collinshorsley.com); Drew Hoffmann; Eddie Sexton (esexton@gtandslaw.com); Edward Gibson (egibson@hgattorneys.com); Eric Hoaglund (ehoaglund@mhcilaw.com); Esther Sotolongo (esther@rdlawnet.com); Gary Mason (gmason@wbmllp.com); Gerald Meunier (gmeunier@gainsben.com); Gregory Vaughan (gev@holstonvaughan.com); Gregory Weiss (GWeiss@mrachek-law.com); Holly Werkema (hwerkema@baronbudd.com); Jay Dinan (jdinan@yourlawyer.com); Jeremy Alters (jeremy@alterslaw.com); Jerrold Parker (jerry@yourlawyer.com); Jimmy Doyle (jimmy@doylefirm.com); Jimmy Faircloth; Joel Rhine (jrr@rhinelawfirm.com); John Hawkins (john@hgattorneys.com); John Teague (jmt@johnteaguelaw.com); Kasie Braswell (kasie@braswellmurphy.com); Kate Robinson; Kelsey Zeitzer (kzeitzer@exnicioslaw.com); Kerry Miller (kjmiller@bakerdonelson.com); Lillian Flemming; Mandy Barton (kab@bartonlawpractice.com); Marci Jones (m.jones@holstonvaughan.com); Matt Moore (matthew@alterslaw.com); Richard Taylor (richardtaylor@taylormartino.com); Rick Holston (rhh@holstonvaughan.com); Russell Budd (rbudd@baronbudd.com); Scott Weinstein (SWeinstein@ForThePeople.com); Stephen Mullins (smullins@luckeyandmullins.com); Steve Martino (SteveMartino@taylormartino.com); Theodore Leopold (tleopold@cohenmilstein.com); Tori Emmerling (temmerling@glllaw.com); Tucker Yance (rty@yancelaw.com); Val Exnicios (vpexnicios@exnicioslaw.com); William Buckley (billwblaw@bellsouth.net)
**Subject:** Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 -- Phil Garrett deposition

Friends:

I have forwarded the Fee Committee's Topics and Primary Counsel's Areas of Inquiry to Phil Garrett for review. Phil conveyed his thoughts to me, and I have incorporated them into my conclusions as outlined below.

To the extent that the Fee Committee's Topics give rise to objections at the deposition, I will address those objections at that time.

Phil will be prepared to address most of Primary Counsel's Areas of Inquiry. However, Phil has expressed some concern about whether he could reasonably address some of the Areas of Inquiry (at least in full). After receiving Phil's thoughts in this respect, I have concluded as follows with respect to the indicated Areas of Inquiry:

**11. The common benefit time and expenses submitted to Philip A. Garrett and all documentation relating thereto.**

Since 2009, Phil estimates that he has received over 4,800 time submissions, along with a similar number of cost submissions. I have asked him to bring a representative sample to assist him in answering any questions.

**16. The actual review and verification of common benefit time and/or common benefit expense submissions, the individuals involved, and the documentation relating thereto.**

I have asked Phil to bring a representative sample to assist him in answering any questions.

**18. The actual notice(s) and disallowance(s) of common benefit time and/or common benefit expense submissions made by Philip A. Garrett and/or others and the documentation relating thereto**.

I have asked Phil to bring a representative sample to assist him in answering any questions.

**20. The common benefit time and/or common benefit expense submissions accepted.**

3

I have asked Phil to be prepared to discuss summaries of this information.

**41. Monthly billing statements of Philip A. Garrett.**

I have asked Phil to bring a list of his bills, not including his bills on the current fee issue (i.e., the bills for the work that he is performing at this time as part of the fee discovery process).

**42. All common benefit time and expense submission reports prepared by or on behalf of Philip A. Garrett not already set forth above, including but not limited to, Shared Cost Reports and all Charts of Accounts, specifically but not limited to the Chart of Accounts for Shared Costs and Held Cost Reports and Chart of Accounts for Held Costs.**

I am not inclined to ask Phil to produce additional reports (other than those he has already produced, or those I have otherwise referenced here) at this time. You can ask Phil about the reports he has already produced, and you can also ask him whether he has other information in additional formats. If you can demonstrate a need to produce further reports through your questions at the deposition, I will consider asking Phil to produce further reports at a later time.

**43. The segregation or commingling of the Settlement funds, including, but not limited to, Qualified Settlement Funds.**

Phil is uncertain whether he can address this issue.

**44. Meetings and/or communications between Philip A. Garrett, members of the PSC and/or FC, and the Court regarding any of the above areas of inquiry.**

I will not allow any questions concerning the substance of such meetings and/or communications.

Additionally, as with the Fee Committee's Topics, I will address any objections as they arise at the deposition.

Thank you.

Dan Balhoff

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

---