UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. La.);<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* Case No. 10-361 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.). | |

**MEMORANDUM IN SUPPORT OF TAISHAN'S MOTION TO EXCLUDE PORTIONS OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS DAMAGES**

On November 29, 2016, given the significant passage of time and case developments since the June 2015 hearing on class damages, the Court entered an order allowing Taishan and the PSC to submit supplemental briefing "regarding the evidence presented at the June 9, 2015 property damage hearing." Rec. Doc. 20576.  Taishan's Supplemental Brief (Rec. Doc. 20583), submitted on December 9, 2016, reiterated the flaws in the PSC's class and damages theories.  Further, it

exposed how the PSC has abandoned its October 2014 Motion for Class Damages (Rec. Doc. 18086) and now requests entirely different relief from what was sought in any iteration of the PSC's Motion for Assessment of Class Damages.

The PSC was supposed to respond to Taishan's Supplemental Brief. Instead, the PSC has filed a so-called Supplemental Brief (Rec. Doc. 20613) that provides little response, but that again seeks new and different relief from that sought in the past, purports to proffer new evidence even though the damages proofs have been closed for more than 18 months, and that sets forth a fanciful "trial plan" that is premised on the assumption that the Court will assess some form of formulaic damages. Separately, the PSC requests that a newly filed case as to which no responsive pleading or motions have yet been filed and no discovery has yet commenced should be severed and remanded with instructions for the transferee forum to commence an immediate trial.[1]

These submissions are both premature and improper; but they are fully consistent with the PSC's ever-moving target that denies Taishan due process under Federal Rule of Procedure 7(b)(1). Accordingly, the Court should exclude and disregard all sections of the PSC's Supplemental Brief submitting new evidence and advocating for its proposed trial plan, and should consider only the portions of the brief that fall within the permissible scope outlined in the Court's November 29 Order.

More importantly, orderly proceedings and proper procedure mandate that this Court must first rule on class damages before the parties can meaningfully consider the question of what additional proceedings may be needed and in what fora they should take place. Equally important

---

[1] The PSC filed a simultaneous Motion for Severance and Suggestion for Remand (Rec. Doc. 20614) that is likewise improper and premature. Taishan requests that this Court suspend briefing on the Motion for Severance and Suggestion for Remand until such time that the Court can and will entertain trial plan proposals.

is the question of which parties will participate in such proceedings, and the Court must also rule on the fully-briefed motions to dismiss for lack of jurisdiction filed by BNBM Group, BNBM PLC, and CNBM Co. Ltd.  Once the Court has ruled and has drawn the contours of the class (if any), the damages methodology (if any), and Taishan's co-defendants (if any), should the parties suggest proposals for "trial plans," severance and remand can be addressed.

At a minimum, the PSC's proposed trial plan should be considered in a separate round of briefing after the Court has ruled on the PSC's Motion for Class Damages.  The PSC knows that this issue is properly considered under a separate motion because it already submitted a proposed trial plan in a motion to the Court over a year ago.  On November 26, 2015, the PSC filed its Motion for Expedited Hearing on Setting Phased Individual Damage Trials against Taishan (Rec. Doc. 19705), which proposed a version of the relief now requested in the PSC's Supplemental Brief.  Taishan's response to that Motion argued that the PSC's request was premature and the Court ultimately did not rule on the PSC's request for an expedited hearing.  Rec. Doc. 19712.  As it was in November 2015, the PSC's trial plan remains premature and improper and should be excluded and disregarded from the Court's consideration.

The PSC's Supplemental Brief also extends beyond the permissible scope of this round of briefing by arguing that issue preclusion/collateral estoppel prevent Taishan from challenging product identification in any future proceedings.  *See* PSC's Supplemental Brief at 16-21.  Once again, this is an issue that should be and already has been subject to separate briefing in this matter and is a non-sequitur to the PSC's Motion for Class Damages and the June 9, 2015 damages hearing.  As the PSC cites in its own Supplemental Brief, on April 15, 2015 it filed a Memorandum Regarding Effects of Default and Issue Preclusion (Rec. Doc. 18694) which made many of these same arguments in the PSC's supplemental brief.  By reviving these issues now, the PSC attempts

3

to have the "last word" on arguments that were not properly before the Court and should be disregarded in the Court's deliberations regarding the Motion for Class Damages and the June 9, 2015 damages hearing.

For these reasons, Taishan respectfully moves the Court to disregard the portions of the PSC's Supplemental Brief outlined above that extend beyond the permissible scope of this round of briefing.

Dated: December 30, 2016

Respectfully submitted,

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 30th day of December, 2016.

                                              Michael P. Kenny, Esq.
                                              Georgia Bar No. 415064
                                              ALSTON & BIRD LLP
                                              1201 West Peachtree Street NW
                                              Atlanta, Georgia 30309
                                              Phone: (404) 881-7000
                                              Fax: (404) 881-7777
                                              mike.kenny@alston.com
                                              *Counsel for Taishan*