**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES AND | JUDGE FALLON |
| *Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D.La.); | MAG. JUDGE WILKINSON |
| *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D.La.); | |
| *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D.La.); | |
| *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D.La.) | |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO
TAISHAN'S MOTION TO STRIKE DECEMBER 23, 2016
DECLARATION OF RONALD E. WRIGHT, P.E., AND TAISHAN'S
MOTION TO EXCLUDE PORTIONS OF PLAINTIFFS' SUPPLEMENTAL
<u>BRIEF IN SUPPORT OF MOTION FOR CLASS DAMAGES</u>**

1

## I.     INTRODUCTION

The Taishan defendants have filed two motions to strike (Doc. 20619-1 and Doc. 20620-1) in response to the Supplemental briefing ordered by Judge Fallon (Doc. 20576).[1]  The motions to strike flout this Court's request for supplemental briefing on the June 9, 2015 Hearing regarding formulaic remediation damages, by raising what amount to surreply brief arguments under the guise of new motions.  Such motions therefore are out of order, and amount to nothing more than the latest cogs in Taishan's wheelworks of delay.

 Under Rule 55, the Court is authorized and required to make any number of determinations necessary to assess the classwide damages owed by defaulted defendants.[2]  The Plaintiffs' Supplemental Memorandum (Doc. 20613) responds to the specific request the Court made regarding the June 9, 2015 Hearing about formulaic remediation damages, but also seeks to place that hearing in the appropriate context of additional proceedings which will be required to ultimately quantify all of the damages class members are entitled to recover from Taishan.  Specifically, the quantification of classwide damages against the Taishan defendants, the entry of such a damages award as a final judgment, and the enforcement of that judgment, all are ultimate issues now before this Court under Rule 55(b).  The blueprint proposed by Plaintiffs in their Supplemental Memorandum is addressed to practical procedures designed to accomplish these

---

[1] Taishan's controlling parents, Beijing New Building Materials Public Limited Company's, Beijing New Building Material (Group) Co., LTD. and China National Building Materials Co., Ltd. and its affiliates, joined in both of Taishan's motions.  (Rec. Doc. Nos. 20621, 20622 and 20623).  Being derivative pleadings, they suffer from the same infirmities as those described in this Response, and should also be rejected.

[2] *See* FRCP 55(b)(2)(B); *James v. Frame,* 6 F.3d 307 (5th Cir. 1993); *Richardson v. Salvation Army, S. Territory, USA,* 161 F.3d 7 (5th Cir. 1998); *In re Deepwater Horizon,* 739 F.3d 790, 816 (5th Cir.) *cert. denied sub nom. BP Exploration & Prod. Inc. v. Lake Eugenie Land & Dev., Inc.,* 135 S. Ct. 754, 190 L. Ed. 2d 641 (2014).

objectives. Such a proposed roadmap not only may assist the Court and the parties, but also serves thousands of class members who have been ~8 years in waiting to obtain relief from the Taishan defendants.

## II.  ARGUMENT

### A.  Taishan's Motion to Strike the Declaration of Ronald E. Wright P.E. is Baseless

The Declaration of Ronald E. Wright P.E. reprises his formulaic remediation damages methodology which has previously been reviewed by this Court, including the *Germano* FOFCOL (Doc. 2380 at pp. 57-60) and Mr. Wright has been cross-examined in deposition twice and in trial on the subjects contained therein. His most recent deposition on the same formulaic remediation damages methodology (May 16, 2011) was a proceeding in which Taishan was a defendant and chose not to participate.[3] Taishan seems to disregard, if not exploit, the fact that Mr. Wright could not participate in the June 9, 2015 hearing because of a family emergency (his wife was terminally ill with cancer at the time), and conveniently fails to acknowledge that his associate, George Ingles, P.E., having been involved with the development of the formulaic remediation methodology since 2009 by assisting Mr. Wright, stepped in to allow Mr. Wright to address his personal crisis and was substituted on this basis for purposes of providing testimony at the hearing. Taishan similarly overlooks that the December 23, 2016 Wright Declaration (Doc. 20613-4) uses the same methodology as his earlier reports and testimony, and merely updates the

---

[3]*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., et al.*, Case No. 09-6687 (E.D. La.); *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-6690 (E.D. La.); *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No 10-361 (E.D. La.); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D .La.); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1395 (E.D .La.); A*morin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D. La.).

3

June 9, 2015 data by using RS Means 2016 building cost factors and deleting the properties of class members whose claims have been dismissed since that hearing. Such an update improves the accuracy of the formulaic remediation damages estimate, decreases the damages amount, and better informs the Court and parties on the changes in status of claims since June 9, 2015. In all other regards it is the same as what has come before it over the last ~8 years. Hence, the methodology, calculations and conclusions of Messrs. Wright and Inglis are substantively undistinguishable. The return to Mr. Wright, Plaintiffs' original expert, to provide a further needed update on damage calculations visits absolutely no prejudice upon Taishan.[4]

      **B.**    **Taishan's Motion to Strike Regarding Class Damages Briefing Is Also Baseless**

Taishan's motion to strike material related to class damages in the PSC Supplemental Memorandum is devoid of content. The PSC Supplemental Memorandum (Doc. 20613-2) summarizes, as the PSC has done before, the status of the relief being sought as a result of the June 9, 2015 hearing and the reason why that relief is appropriate:

    (a) A Finding by the Court that Plaintiffs/ formulaic damages methodology for Remediation Damages ($107.83/sq.ft (which includes the cost of post-remediation environment certification) x RS Means location factor x # square feet of residence) is acceptable; and

    (b) A Finding that it is necessary and appropriate to now implement a claims verification process to confirm the qualifying criteria by which each Class Member's remediation claim (*e.g.*, product identification and square footage) may be satisfied in order to

---

[4] *See Pick v. American Medical Systems, Inc.,* No. Civ. A 94-1729, 1996 WL 243508, *1 (E.D.La., May 09, 1996)(Supplementation of an expert report is allowable to explain the effect on the expert's original opinion of any new documents or information made available for the first time on or after the deadline for filing the original expert report.); *Hernandez v. Swift Transp. Co., Inc.*, Civil Action No. SA–09–CV–855–XR, 2010 WL 2545597, at *1 (W.D. Tex. June 22, 2010) (The basic purpose of supplementary disclosures under Rule 26(e)(2) is to prevent[ ] prejudice or surprise).

> arrive at a precise, sum-certain amount of remediation damages owed by the Defendants to the class.

Doc. 20613-2 at 12- 13.

Beyond this, the Memorandum squarely meets the Court's briefing requirement by placing the formulaic remediation damages evidence and procedures in context with the PSC's suggestion to the Court for the other necessary procedures to quantify the remaining damages for class members and others (Omni XX plaintiffs) as the PSC has consistently done before and after the June 9, 2015 hearing (*See* Doc. 18694, Doc. 19197, Doc.19705). This is proper and it is within the Court's discretion to consider this information.  Thus, the motion to strike is both unnecessary and (as noted *supra*) inconsistent with the efforts of this Court to b ring all relevant matters to needed decision paints under Rule 55(b).  This Taishan motion likewise should be denied.

### III.   CONCLUSION

For the reasons set forth above, both of Taishan's Motions lack merit.  Taishan's continuing efforts to protract these proceedings represent nothing less than its latest tactics to avoid accountability.

Taishan has been given every opportunity to enjoy the due process privileges of our judicial system, and by doing so has trampled on the due process rights of thousands of citizens and property owners in this country.  The time has arrived for justice to be administered to class members.  Taishan's motions should therefore be DENIED.

Respectfully submitted,

Dated: January 5, 2017

*/s/ Russ M. Herman*

Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Matthew C. Gaughan
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Gerald E. Meunier (LA Bar No. 9471) (On the Brief)
Rachel A. Sternlieb (LA Bar No. 35338) (On the Brief)
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Richard S. Lewis (on the brief)
Kristen Ward Broz (on the brief)
Hausfeld LLP
1700 K Street, NW., Ste. 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeld.com
kward@hausfeld.com

*Co-Counsel for Plaintiffs and PSC Member*

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of January, 2017.

Respectfully Submitted,

BY: /s/ Leonard A. Davis
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*