## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.  2047<br>SECTION: L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 09-6687** (E.D. La.);<br><br>*Gross v. Knauf Gips, KG*, **Case No. 09-6690 (E.D. La.);**<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, **Case No. 10-361 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1672 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1395 (E.D. La.); and**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1673 (E.D. La.).** | |

## TAISHAN'S JOINDER IN CNBM'S MOTION TO DECERTIFY CLASS

On May 8, 2015, Taishan filed the initial Motion to Decertify the Class (Dkt. No. 18879).

Taishan showed that the class should be decertified because it violated directly relevant Supreme

Court and Fifth Circuit law:

- No superiority because liability was determined before certification and the subsequent class comprises only parties already named to the suit. *Robertson v. Monsanto Co.*, 287 F. App'x 354, 363 (5th Cir. 2008);

- No predominance because of variations in state law. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996);

- No predominance because these property damages are not susceptible to mechanical calculation but require individualized treatment. *Corley v. Orangefield Ind. Sch. Dist.*, 152 F. App'x 350, 355 (5th Cir. 2005);

- No certification generally of individualized mass tort damages. *In re Fibreboard Corp.*, 893 F.2d 706, 712 (5th Cir. 1990); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 316-20 (5th Cir. 1997); *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 603 (5th Cir. 2006);

- No certification in absence of evidence sufficient to meet Rule 23 burden of proof. *M.D. ex rel. Sukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012); and

- No certification for "Trial by Formula" using extrapolation from averages of small subset of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366-67 (2011).

BNBM joined that motion and presented several BNBM-specific arguments (Dkt. No. 18883).

Five days later, the Court issued its May 13, 2015 Scheduling Order (Dkt. No. 18921) stating that, after the June 9 damages hearing, the Court would "set deadlines, briefing schedules, and hearing dates for any remaining substantive motions," including specifically "Defendant's motions to decertify / vacate portions of the class order." The PSC did not respond to Taishan's Motion to Decertify, and presented at the June 9 hearing a damages plan very different from the one they originally represented to the Court to get class certification.

On September 28, 2015, Taishan moved to set a briefing schedule on class decertification (Dkt. No. 19546). That motion was prompted by the PSC's additional changes to the mutated damages plan presented at the June 9 hearing. For example, in their September 8, 2015 letter to the Court, the PSC abandoned their request for an aggregate class-damages award and openly urged thousands of mini-trials for a long list of "individualized damages claims." The PSC responded to Taishan's scheduling motion by trying to hide the huge changes that they had made to their damages plan that took the plan even farther away from satisfying Rule 23. (Dkt. No.

19572). The PSC's Sept. 8 letter had withdrawn their FOFCOL request for an aggregate class-damages award and also proposed thousands of individual mini-trials, but the PSC misrepresented to the Court that the "only significant component of the damages assessment that has changed since the Court granted Class Certification and ordered the June 9th hearing to proceed is the number of buildings included in the assessment of class-wide remediation damages." *Id.* at 5.

The PSC also tried to obscure one of the many Fifth Circuit cases that prohibits this class, misinterpreting it as turning on "personal injury" damages. *Id.* at 6-7. In fact, *Robertson v. Monsanto* turned on its identical procedural posture, as the Fifth Circuit's own language makes clear: "since the issue of liability has already been resolved for every class member" and "since the entire class consists of individuals who are already parties to the suit," there is "no doubt that the superiority requirement has not been, *and cannot be*, satisfied, and that the district court abused its discretion in concluding otherwise." 287 F. App'x at 363 (emphasis added).

On January 3, 2017, the CNBM entities filed their Motion to Decertify Class (Dkt. No. 20624). That motion captured the PSC's many post-certification concessions that are fatal to their class, including the most recent concession that almost all of the claimed damages are "'too individualized in nature and not necessarily amenable to a formulaic method of calculation,'" making it impossible for the PSC to satisfy the predominance requirement. CNBM Motion at 9 (quoting PSC's Supplemental Brief on Class Damages (Dkt. No. 20613-2)).

Taishan joins in CNBM's motion and adopts its arguments. Taishan also reasserts its own arguments presented in its May 8, 2015 decertification motion and subsequent relevant briefing on the illegality of this class and the impropriety of class damages. Taishan also makes two additional arguments raised by recent events:

*First*, the class should be decertified because over the past 18 months the PSC has all but conceded that this is not actually a "class action." "Class actions are a form of representative litigation. One or more representatives litigate on behalf of those class members, and those class members are bound by the outcome of the representative's litigation." William B. Rubenstein, et al., *Newberg on Class Actions* § 1:1. There is nothing "representative" about this litigation. Under the PSC plan, no class member will be bound by the outcome of any representative's litigation; every class member's damages depend on his or her own evidence on issues such as product identification, square footage, and non-remediation damages. (PSC Supp. Br. at 13).[1] This is mass tort litigation, and the Court should treat it as that.[2]

*Second*, even if the named class representatives had any role, the PSC did not make the required showing in their original motion that those particular representatives are typical of the class, and we now know that they are not typical. The PSC had (and continues to have) the burden to *prove* typicality, and mere assertions are not sufficient. *See Wal-Mart Stores*, 564 U.S. at 349-50. But the PSC's class certification motion presented no typicality evidence; it merely asserted that "the typicality requirement is readily met" because of the allegedly "same factual predicate" on a host of issues, including "product identification," "the need for remediation," the square footage cost of accomplishing remediation," and "alternative living expenses during remediation." (Dkt.

---

[1] The PSC repeatedly writes as if the "class" consists of all 3512 of their current claimant properties. *See, e.g.* PSC Supp. Br. at 13 (citing "3512 class members"). They are mistaken. The Court defined the class as "owners of real property." (Dkt. No. 18028 at 34). Former owners are not included in the class, and the PSC purported to remove former owners from their class list before the June 9, 2015 damages hearing. The PSC has not revealed how many claimants are still current owners. Also, the PSC has admitted that 665 *Brooke* claimants are not in the class.

[2] The PSC itself appears to be treating this as mass tort litigation, recently suggesting "bellwether" proceedings involving two claimants who are not among the named class representatives. (Dkt. No. 20613-2 at 22, 28).

No. 17883-1 at 21). Additional information since class certification has revealed that the named class representatives are not "typical" as to *any* of those factual predicate issues.

Indeed, the PSC seems to have forgotten who their class representatives are. Although the PSC named (and the Court appointed) ten people (five couples)[3] to serve as "class representatives" (Dkt. No. 18028), those ten people have no role whatsoever in the PSC's proposed class-damages plan. Eduardo and Carmen Amorin—the first-named class representatives and the first-named plaintiffs in the three most prominent Omni Complaints—are no longer claimants of any kind. In connection with the October 2014 Motion for Class Damages, the PSC listed the Amorins as owners of the property at 240 West End Drive, Bldg. 7, Unit 721, Punta Gorda, Florida 33950. But sometime after that, the PSC replaced the Amorins with Magdelena Gardens Condominium Association as the claimant for Unit 721. The disappearance of the Amorins means that, even though more than half of PSC claims involve Florida properties, the PSC has no Florida class representative. And the class representatives whose last name has become a shorthand for the entire "class" do not even remain in the case, and cannot serve as class representatives under Rule 23.[4]

The remaining eight named class representatives are not typical of any claimant class.[5] On product identification, three of the four properties allege Venture Supply markings, which makes up only a small fraction of the claimed drywall markings alleged to denote Taishan product. The other (Everard) alleges a generic "Made in China" marking, which does not necessarily evidence

---

[3] The named representatives are Eduardo and Carmen Amorin, Albert and Betsy Butzer, Jack and Anna McGinn, Thomas and Virginia Spencer, and Elliot and Angelina Everard. (Dkt. No. 18028 at 35).

[4] In their proposed trial plan brief, the PSC calls Michelle Germano a "Virginia named class representative." (Dkt. No. 20613-2 at 4). Ms. Germano cannot serve as a class representative because she has not been appointed by the Court as a class representative.

[5] Again, the PSC has not told us which claimants are still class members.

manufacture by Taishan. On square footage, all four properties are large, single-family houses with claimed sizes from 2,898 sq. ft. (Butzer) up to 7,394 sq. ft. (Spencer). But most of the claimant properties are less than 2,800 square feet and many are less than 1,000 square feet.[6] Indeed, no claimants could be "typical" on square footage; the properties on the PSC's Exhibit 79 range from 400 square feet to 29,858 square feet.

The only area in which class representatives may actually be representative is on "the need for remediation"—but not in the way the PSC submits. All four of their properties have already been remediated, which is likely also true for most claimant properties. Thus, the class representatives have commonality not in their "need for remediation," but rather in their *lack* of need for remediation. The completion of remediation makes actual repair costs the relevant measure of remediation damages, precluding any binding application of the PSC's proposed formulaic remediation damages methodology. And among the representatives' properties is the Everard's house in Louisiana, which further invalidates the application of the PSC formula because state law limits remediation damages to actual repair costs. *See Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983).

\* \* \*

From Taishan's May 8, 2015 decertification motion to CNBM's January 3, 2017 decertification motion (and in all the relevant pleadings in between), Defendants have shown over and over again that the PSC's damages-only class failed Rule 23 and violated Fifth Circuit law when the PSC proposed it in 2014, and that it is even more deficient and illegal today. Taishan

---

[6] At the June 9, 2015 damages hearing, Taishan presented unrebutted testimony that the incremental remediation cost for smaller, simpler houses is lower than for larger, fancier houses. *See* Taishan Proposed Class Damages FOFCOL (Dkt. No. 19194 at 24-26).

reasserts its prior decertification arguments, joins in CNBM's motion, and respectfully urges the

Court to decertify the class under Rule 23(c)(1)(C).

Respectfully submitted,

Dated:  January 9, 2017

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an
Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of January, 2017.

Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*