IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

This Document Relates to:

SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON

Braxton H. Collins, et ux. v. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6652

Jason S. Herrington, et ux. V. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6653

**PLAINTIFFS' MOTION FOR SEVERANCE AND SUGGESTION OF REMAND**

COME NOW the Plaintiffs, Braxton H. Collins and his wife, Kerrie Collins, and Jason S. Herrington and his wife, Cassie Herrington, and request that this Honorable Court enter an Order severing the claims against Taishan and remand these cases back to the U. S. District Court for the Southern District of Mississippi, pursuant to Rule 14(a) of the Mississippi Rules of Civil Procedure.

I.     INTRODUCTION

   A.     **Facts & Procedural History**

The Collins and Herrington families both have homes built by Bass Homes that have contaminated Chinese drywall made by Taishan.  The drywall was sold to Bass Homes by Ace Hardware which purchased it from Pate Stevedore in Pensacola. It was salvage drywall from off the M/V *Sanko Rally*.

The actual contract to construct this Collins home was entered on August 22, 2008, with the building permit being issued on or about September 2008, with the certificate of occupancy being issued on February 9, 2008, and the home being occupied by the Plaintiffs on or about that time, with the discovery of the defective

salvage Chinese drywall in the home on or about November 9, 2010. The actual contract to construct the Herrington home was on or about November 9, 2008, with the certificate of occupancy issued on or about March 13, 2009, and the home being occupied on or about that date, with the discovery of the defective salvage Chinese drywall in the home in or about January, 2010 . Both these homes were built in Mississippi by Bass Homes and provided defective salvage drywall by Ace Home Center, Inc.  Both families have small children residing in the home and have suffered health consequences from the off-gassing caused by the defective drywall.

Soon thereafter, Plaintiffs filed suit in MDL 2047 in a master complaint concerning defective Taishan Chinese drywall in the United States, with said suit being filed March 5, 2010.  This is less than six months after discovery of the defective drywall and less than a year after the home was complete.  They were clearly named Plaintiffs on the *Wiltz* compliant in Multi-District Litigation 2047 in New Orleans, U. S. District Court for the Eastern District of Louisiana, with these same Defendants in the *Wiltz* litigation. It was certified as a national class action on or about September 26, 2012.  Feeling aggrieved that the proposed class action settlement was significantly less than that that was obtained on behalf of the Alabama Bass Homes Plaintiffs in the *Langham* case (State Court action), the Collins family, the Harrington family and the Wiggins family opted out of the national class action on or about September 18, 2012.

The Collins and the Herringtons then filed separate lawsuits on or about May 20, 2013, in State Court in Mississippi, in Jackson and George Counties, respectfully. These cases were removed to Federal Court on claims of diversity in or about July and August 2013, and subsequently transferred to MDL 2047 on or about December 13, 2013, where these actions have been pending without significant movement or discovery. During this time, the Defendant, Ace Home Center, filed a third-party action

against Taishan, Inc., and this Court allowed them to serve Taishan's local counsel rather than going through the complicated and complex Hague process as the Plaintiffs were required to do in the MDL litigation. (Plaintiffs have agreed in other pending Bass Homes litigation to use discovery that occurred in the *Langham* and associated cases so Plaintiffs have not conducted any supplemental discovery to date in this case so that it can be coordinated with the other pending cases.)

The companion case of *Wiggins v. Bass Homes, et al.,* which was not removed and was finally resolved at the end of 2015, was ordered into mediation on July 28, 2015. The mediation did not occur pursuant to the Court's order due to the multitude of conflicts among the parties and a continuance for the mediation was agreed to by the parties and requested in September, 2015. Hence, all the Bass Homes cases in the State of Alabama that remained in State Court have now been resolved. (At one time the mediation was to include the Collins in the Harrington cases, but Ace Home Center withdrew from that process at the last minute regarding these cases.)

All parties with the exception of Ace Home Center attempted to restart the discovery process regarding the Collins and Harrington cases, were in the process of attempting to set the depositions of the Plaintiffs, as well as do site inspections in the hopes of moving this matter toward resolution or trial. However, Ace Home Center at the last minute again objected and filed a Motion to Stay. The Court heard argument on Ace's Motion to Stay on or about February 23, 2016, and allowed all parties to take the Plaintiffs' depositions, which occurred in May and June, 2016, and do site inspections which occurred in August, 2016, but otherwise granted Ace's Motion to Stay. No activity has occurred since that time. As these matters have been pending without resolution or trial for almost seven (7) years with no end in sight, Plaintiffs file this Motion to Sever all claims against Taishan and to remand all other claims to the

U. S. District Court for the Southern District of Mississippi, Gulfport Division, so that they can be resolved or set for trial. The PSC has filed a similar Motion For Severance and Suggestion of Remand for other similarly situated claims against Taishan on December 23, 2016. (Attached as Exhibit "A" (minus its Exhibit)). As the PSC stated in their Motion to Sever "Because of the age of litigation, the reluctance and recalcitrance of the Taishan defendants to participate in litigation, and the need for the Omni XX plaintiffs to obtain relief after suffering with damages from the defective drywall in their properties, the time has come for this Court to implement the process by which these matters are returned to their original venue so that trials may proceed in the original transferor courts." The exact same reasons apply here to these actions.

### B.   The Law

This matter was removed based upon diversity jurisdiction so Mississippi substantive law will apply. *Klaxon Company v. Stentor Electric Manufacturing Company*, 313 U.S. 487, 61 S. Ct. 1020; 85 L. Ed. 1477; (USSC 1941), and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817; 82 L. Ed. 1188 (USSC 1938)

Mississippi Rule 14(a) of the Mississippi Rules of Civil Procedure ("Rule 14") provides that subsequent to the filing of a third-party claim, "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." This is exactly the same language that is used in FRCP Rule 14(a)(4). So the issue of whether the ability to sever a claim to achieve a trial date is a matter of Mississippi substantive or procedural law is moot as the Federal Rule and Mississippi State Rule are identical. The comments to MRCP Rule 14 note that a trial court possesses the authority to sever a third-patty claim upon a determination that the claim "would unduly complicate the original action." Clearly, the third party claim versus Tashain would serve to complicate the original action and clearly is cause of undue delay.

## II. ARGUMENT

Rule 14 clearly allows any party to seek severance of third-party claims from the claims brought in an original action. The comments to the Rule provide trial courts with the authority to sever third-party claims when the continued presence of such claims would unduly complicate the original action. (*See* Comments to Rule 14 quoted above.) In *Mississippi Transportation Commission v. CIS, Inc.,* 717 So. 2d 332, 340 (Miss. 1998), the Supreme Court cited Rule 14 when it considered the denial of a party's petition for leave to bring a third-party claim and noted that "the rule does not grant a defendant the right to have a third party claim heard by the court in the same action." The court went on to quote the rule's comments cited above in support of its decision to affirm the trial court's denial of the petition for leave to file a third-party claim.   *Id.*

Although, there is not much authority from Mississippi State Courts analyzing what may lead to "undue complication" sufficient to justify severance of a third-party claim, the comments to the Federal Rule indicate that severance is appropriate if "confusion" would result from the continued presence of the third-party claims.

## III. CONCLUSION

The Mississippi Rules of Civil Procedure and Federal Rules both expressly allow the precise relief that Plaintiffs request. Trial courts are given the authority to sever third-party claims where such claims unduly complicate (and implicitly unnecessarily delay) the original claims. This matter provides a textbook example of undue complication and delay. The Plaintiffs filed their claims in State Court to avoid unnecessary complications and to achieve an early trial date like their companion claims in Alabama. This clearly hasn't happened. The PSC Motion for Severance and Remand is an admission that these claims are effectively "stalled" in

the MDL where they have been for almost a decade.  Hence, for all the reasons stated in the PSC's Motion and Memorandum attached as Exhibit "A" and in the interest of fundamental justice, due process, and access to the Courts as provided for by both the U.S. Constitution and the Mississippi Constitution, Plaintiffs respectfully request that any and all claims against Taishan be severed and theses cases be remanded back to the Southern District of Mississippi, Gulfport Division, so they may be tried or resolved in the near future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that this Court enter an Order severing all claims against Taishan from the remainder of these actions and remand them to the U. S. District Court for the Southern District of Mississippi, Gulfport Division, so that they may be set for trial and/or resolved.

RESPECTFULLY SUBMITTED this, the 19th  day of January, 2017.

        BRAXTON & KERRIE COLLINS, Plaintiffs
        JASON & CASSIE HERRINGTON, Plaintiffs

        By and Through Their Attorneys,
        LUCKEY & MULLINS, PLLC


        BY:_____/s/ Steve Mullins_____
                STEPHEN W. MULLINS


ATTORNEYS FOR PLAINTIFFS:

STEPHEN W. MULLINS  (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Blvd., Suite 102   (39564)
Post Office Box 990
Ocean Springs, MS  39566
Phone:        228.875.3175
Fax:    228.872.4719
smullins@luckeyandmullins.com

Of Counsel:

DANIEL K. BRYSON (*pro hac vice*)
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

## CERTIFICATE OF SERVICE

I, STEPHEN W. MULLINS, do hereby certify that I have on this date electronically filed the above and foregoing Motion with this Court using the ECF filing system which has caused notification of such filing to be sent to registered counsel of record.

THIS, the 19th day of January, 2017.

                                                               */s/ Stephen W. Mullins*
                                                             STEPHEN W. MULLINS