IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION: L <br> JUDGE FALLON |
| THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | |

**TAISHAN'S MOTION FOR PLAN TO SATISFY TRANSLATION ORDER**

Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan"), hereby move for the Court's approval of an plan for Taishan to satisfy the Court's January 8, 2016 Findings of Fact and Conclusions of Law ("Discovery FOFCOL"), that required Taishan, in part, to translate manually all of the documents produced from the custody of former Taishan employee Wenlong Peng since October 2015 (the "Translation Order"). As outlined in the memorandum in support filed herewith, because of the huge volume and substantive irrelevance of the documents from that custodian, the costs of actually executing the Translation Order will be both unduly burdensome and grossly disproportionate to the other sanctions imposed by the Court's Discovery FOFCOL.

Therefore, as outlined in the accompanying memorandum, Taishan moves this Court to approve the following Plan as an alternative means of satisfying the Translation Order:

1. Taishan will identify to the PSC all non-privileged documents designated as "relevant" by Taishan's qualitative review ("Taishan Relevant Set"). If the PSC has already translated a document (for use as an exhibit or otherwise), the PSC shall so indicate to Taishan to avoid superfluous translation.

2. Taishan will translate manually all remaining non-privileged documents in the Taishan Relevant Set.

3. The PSC may sample its own set of the remaining documents to determine whether the remainder of the documents are relevant in any way. If the PSC identifies documents that have not already been manually translated by Taishan or by the PSC itself, but still reflect content relevant to the issues in this case, the PSC may identify those documents to Taishan, and the parties shall confer in good faith to provide for the manual translation of relevant documents.

For these reasons, Taishan respectfully requests that the Court grant this Motion and approve Taishan's proposed Plan.

Dated: January 26, 2017

Respectfully submitted,

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310

New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 26th day of January, 2017.

/s/Christina Hull Eikhoff
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan*