**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO.: 2047 |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Braxton H. Collins, et al. vs. Bass Homes, Inc., et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : : | Case No.: 13-6652 |

_____

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO.: 2047 |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE |
| | : | WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc., et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : : | Case No.: 13-6653 |

**DEFENDANT/THIRD PARTY PLAINTIFF ACE HOME CENTER, INC.'S REPONSE TO PLAINTIFFS' MOTION FOR SEVERANCE AND SUGGESTION OF REMAND**

COMES NOW, Defendant/Third Party Plaintiff, Ace Home Center, Inc. ("AHC"), by and through undersigned counsel, and responds to Plaintiffs' Motion for Severance and Suggestion of Remand, as follows:

## Introduction

Plaintiffs seek severance of the third party claims against Taishan, and argues that the remaining claims should be remanded to the U.S. District Court for the Southern District of Mississippi so these claims may be tried or resolved in the near future. In its unfair argument, Plaintiffs ignore the Court's reasoning in its prior Order granting the Motion to Stay. In that Order, the Court acknowledged AHC's arguments that "it will face the hardship of incurring fees and costs associated with defending itself in the instant litigation, when the Plaintiffs' claims against AHC could very well be rendered moot as a result of a recovery against Taishan and the other named Wiltz defendants in the MDL" and that "judicial economy dictates that the proceedings be stayed as it is a drain on the court's resources for Plaintiffs to simultaneously litigate this matter in two separately filed lawsuits." [Doc. 20101].

As the Court recognized in its Order, "this is a unique case with a unique procedural posture in that there are claims in two cases involving many of the same parties and the same issues." [Doc. 20101]. Plaintiff's proposal is to sever claims so as to create yet a *third* case involving many of the same parties and same issues. More specifically, under the proposed severance, Plaintiffs will maintain their claims against numerous named Defendants in the *Wiltz* action (Case 1). Also, Plaintiffs will simultaneously litigate claims against AHC in the instant action—

which Plaintiffs claim should be remanded to the Southern District of Mississippi (Case 2). Finally, AHC will maintain its third party indemnity claims against Taishan—which Plaintiffs propose be severed from the balance of the claims in the instant action (Case 3). As discussed below, there is no support for the requested severance in law or reason.

## Procedural History

Plaintiffs initially filed an action against Taishan in this Court for damages allegedly stemming from the installation of the defective CDW in their homes. *See Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, 10-cv-00361. That case was later transferred to the MDL. Plaintiffs then proceeded with filing the instant actions against Bass Homes, Inc. and Ace Hardware Corporation in the circuit courts of Mississippi despite the fact that both Bass and Ace Hardware were already participants in the MDL. Ace Hardware subsequently removed the instant actions to the United States District Court for the Southern District of Mississippi. Plaintiffs then substituted AHC—yet another participant in the MDL—for "Fictitious Defendant 1" while these cases were pending in the Southern District of Mississippi.

The instant actions were then transferred to the Eastern District of Louisiana for inclusion in the MDL. AHC first answered the Plaintiffs' Complaints after this matter was transferred to the MDL, and contemporaneously asserted third party

claims against Pate Stevedore Company, Inc., Pensacola Stevedore Company, Inc. and Fireman's Fund Insurance Company. [Rec. Doc. 17973, 17974]. AHC later amended its Third Party Complaints to bring claims against Taishan Gypsum Co., Ltd. and Devon International Industries, Inc. [Rec. Doc. 18022, 18023].

On September 4, 2015, the Plaintiffs' Steering Committee filed its Omnibus Class Action Complaint XX (*Brooke v. SASAC*, 15-cv-04127) in the Eastern District of Louisiana. The Collins and Herrington plaintiffs were listed among the named class members pursuing damages against Taishan and other named defendants.

Ultimately, Plaintiffs chose to seek recovery for these damages in three separate actions. Plaintiffs have since dismissed their claims against Taishan in the Omibus Complaint. However, Plaintiffs' claims against Taishan in another MDL action, *Wiltz*, remain.

## Argument

**I. Plaintiffs have failed to establish that AHC's claims against Taishan are due to be severed.**

Rule 14 of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(4)** *Motion to Strike, Sever, or Try Separately.* Any party may move to strike the third-party claim, to sever it, or to try it separately.

USCS Fed. Rules Civ. Proc. R 14(a). The Advisory Notes to this rule provide that "[a]fter the third-party defendant is brought in, the court has discretion to strike the

third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result. USCS Fed Rules Civ Proc R 14, *Notes of Advisory Committee on 1963 amendments.*

Astoundingly, Plaintiffs contend that severance will somehow serve to avoid "undue complication" and "confusion."[1] In actuality, this procedural fantasy whereby three different lawsuits—all concerning the defective drywall in the Plaintiffs' homes—will exist contemporaneously, will serve no purpose other than to exacerbate the existing complications. Plaintiffs offer no rationale for this contention that a failure to sever will result in confusion. Rather, Plaintiffs contend that severance should be accomplished because of the duration of the underlying *Wiltz* action—which Plaintiffs voluntarily joined. This procedural quagmire is of Plaintiffs' own doing and will only be further complicated by severance.[2]

There is simply no support in the law for Plaintiffs' request for severance. The Motion for Severance is due to be denied.

---

[1] Plaintiffs mistakenly cite law from the Mississippi Supreme Court in support of their position that these claims should be severed. It is well settled that federal courts apply federal procedural law. *See Gasperini v. Center for Humanities. Inc.*, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Severance pursuant to Rule 14 of the Federal Rules of Civil Procedure is a procedural matter. *See Hatfield v. Herz*, 9 F. Supp. 2d 368, 373 (S.D.N.Y. 1998) ("Severance is a 'procedural device'").

[2] As noted above, Plaintiffs were at one time seeking relief in *three* separate actions.

**II. The stay was properly granted and should remain in force.**

This Court has previously enumerated the three factors which should be applied in deciding whether a stay should be granted, as follows:

(1) hardship and inequity on the moving party without a stay;

(2) prejudice to the non-moving party with a stay; and

(3) judicial economy.

*Weathersby v. Lincoln Elec. Co.*, 2003 U.S. Dist. LEXIS 8249, *9 (E.D. La. May 9, 2003) (*citing Falgoust v. Microsoft Corporation*, 2000 WL 462919 at *2 (E.D.La. April 19, 2000).

A stay of these proceedings continues to be justified under the three factor test previously utilized by this Court. First, AHC will suffer hardship and inequity if these proceedings are not stayed. There is simply no dispute as to the origin of the defective drywall in this instance. Taishan is the manufacturer of the drywall which has purportedly damaged the Plaintiffs' homes. AHC, a downstream seller of this drywall, is one of the many seller entities that have fallen victim to the latent defects of this now notorious product. Taishan previously sought to dismiss AHC's third party claims primarily because of the existence of a direct action by Plaintiffs against Taishan in the MDL. Precluding AHC from pursuing its claims against Taishan in the instant proceeding solely because the Plaintiffs previously filed a direct action against Taishan in the MDL is clearly inequitable. Indeed, if

AHC is forced to later file a direct action against Taishan, AHC will likely be forced to negotiate costly, time-consuming service of process on this foreign manufacturer. AHC presently has service on Taishan, and staying the litigation will preserve the status quo.

Moreover, the resolution of the Plaintiffs' claims against Taishan and other named Defendants in the *Wiltz* action could potentially result in a set-off of any alleged damages against AHC in the instant litigation. AHC will face the hardship of incurring fees and costs associated with defending itself in the instant litigation, when the Plaintiffs' claims against AHC in these proceedings could very well be rendered moot as a result of a recovery against Taishan and the other named *Wiltz* Defendants in the MDL.

Next, no prejudice will be served on the non-moving parties with a stay of the instant proceedings. Co-Defendant Bass Homes and the Third Party Defendants will similarly benefit from the entry of a stay in this litigation for the reasons discussed above. Furthermore, Taishan will avoid having to simultaneously defend against claims in two separate actions stemming from the same incident. No party will be prejudiced by maintaining the stay.

Finally, judicial economy dictates that these proceedings remain stayed. There is simply no justifiable reason for Plaintiffs to simultaneously litigate this matter in two separately filed lawsuits—much less a third lawsuit. This serves only

as a drain on the Court's resources. If Plaintiffs obtain a recovery against the numerous named Defendants in the *Wiltz* action, it is very likely that the instant claims will be easily resolved, if not moot.

> **III. Alternatively, if the Court is inclined to grant Plaintiffs' Motion, the entire case should be remanded, and Plaintiffs' should be forced to dismiss their claims against Taishan in the *Wiltz* action.**

If the Court is inclined to grant Plaintiffs' Motion, AHC requests that the Court further require dismissal of the Plaintiffs' pending claims against Taishan in the *Wiltz* action, and that the Court remand the entirety of the claims asserted in the instant action, to include AHC's third party claims.

## Conclusion

If the stay is lifted and severance is granted, AHC will be prejudiced and judicial economy and efficiency will be thwarted.

WHEREFORE, premises considered, Defendant/Third Party Plaintiff Ace Home Center, Inc. respectfully requests that this Court enter an Order denying Plaintiffs' Motion for Severance and Suggestion of Remand.

Respectfully submitted,

**/ s / *Danny J. Collier, Jr.***
_____
Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.

**OF COUNSEL:**

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of January, 2017.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Justin Boron, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com<br>justin.boron@arlaw.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | S. Wesley Pipes, Esq.<br>Pipes Law Firm, LLC<br>Five Dauphin Street<br>301 Bayport Bldg.<br>Mobile, Alabama 36602<br>swp@pipeslaw.com |

| | |
|---|---|
| Gary J. Russo, Esq.<br>Jones Walker LLP<br>600 Jefferson Street<br>Suite 1600<br>Lafayette, LA 70501<br>grusso@joneswalker.com | Bernard Taylor, Esq.<br>Matthew D. Lawson, Esq.<br>Christy Hull Eikhoff, Esq.<br>Alston & Bird, LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia  30309-3424<br>bernard.taylor@alston.com<br>matt.lawson@alston.com<br>Christy.Eikhoff@alston.com |
| William W. Watts, Esq.<br>HELMSING, LEACH, HERLONG<br>  NEWMAN & ROUSE, P.C.<br>P. O. Box 2767<br>Mobile, Alabama  36652<br>www@helmsinglaw.com | |

/ s / *Danny J. Collier, Jr*

_____
OF COUNSEL