```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


* * * * * * * * * * * * * * * *
IN RE:  CHINESE-MANUFACTURED   *
DRYWALL PRODUCTS               *
LIABILITY LITIGATION           *
                               *
                               * Civil Docket No. 09-MD-2047 "L"
                               * New Orleans, Louisiana
                               * Monday, January 23, 2017
THIS DOCUMENT RELATES TO       *
ALL CASES                      *
                               *
* * * * * * * * * * * * * * * *



            TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
            HEARD BEFORE THE HONORABLE ELDON E. FALLON
                   UNITED STATES DISTRICT JUDGE



Appearances:


For the Plaintiffs'         Herman Herman & Katz, LLC
Liaison Counsel:            BY:  Russ M. Herman, Esq.
                            820 O'Keefe Avenue
                            New Orleans, LA 70113

                            Levin, Fishbein, Sedran & Berman
                            BY:  Arnold Levin, Esq.
                                 Sandra L. Duggan, Esq.
                            510 Walnut Street, Suite 500
                            Philadelphia, PA  19106

                            Gainsburgh Benjamin David
                            Meunier and Warshauer
                            BY:  Gerald E. Meunier, Esq.
                            2800 Energy Centre
                            1100 Poydras Street, Suite 2800
                            New Orleans, LA  70163

For the Plaintiffs:         Liska Exnicios & Nungesser
                            BY:  Val Exnicios, Esq.
                            1515 Poydras Street
                            New Orleans, LA 70112
```

| | | |
|---|---|---|
| 1 | For the State/Federal Coordination Committee: | Barrios Kingsdorf & Casteix BY:  Dawn M. Barrios, Esq. |
| 2 | | 701 Poydras Street, Suite 3650 New Orleans, LA 70139 |
| 3 | For the Knauf Liaison Counsel: | Baker Donelson Bearman Caldwell  & Berkowitz, PC |
| 4 | | BY:  Daniel S. Dysart, Esq. |
| 5 | | 201 St. Charles Avenue, Suite 3600 New Orleans, LA 70170 |
| 7 | For the Taishan, BNBM Entities and CNBM Entities Liaison Counsel: | Phelps Dunbar, LLP BY:  Harry Rosenberg, Esq. |
| 8 | | 365 Canal Street, Suite 2000 New Orleans, LA 70130 |
| 10 | ALSO PRESENT: | Daniel Balhoff, Special Master |
| 11 | | Jake Woody, Settlement     Administrator |
| 12 | | Patricia Harvey, Claimant |
| 21 | | |
| 22 | Official Court Reporter: | Tana J. Hess, CCR, FCRR 500 Poydras Street, Room B-275 |
| 23 | | New Orleans, Louisiana 70130 (504) 589-7781 |
| 25 | Proceedings recorded by mechanical stenography using computer-aided transcription software. | |

P-R-O-C-E-E-D-I-N-G-S

Monday, January 23, 2017

(COURT CALLED TO ORDER)

THE COURT: Okay. Be seated, please. Call the case, Dean.

THE CLERK: MDL number 2047, In Re Chinese-Manufactured Drywall Products Liability Litigation.

THE COURT: Counsel, would liaison counsel make their --

MR. ROSENBERG: Good afternoon, Judge Fallon. Harry Rosenberg, liaison counsel on behalf of CNBM, BNBM and Taishan, Your Honor.

MR. DYSART: Good afternoon, Your Honor. Danny Dysart on behalf of the Knauf Defendants.

THE COURT: Okay.

MR. HERMAN: May it please the Court, good morning, Judge Fallon. Russ Herman on behalf of Plaintiffs' Steering Committee.

THE COURT: Okay. We're here today for our monthly status conference. I met a moment ago with lead and liaison counsel to discuss the agenda with them. I'll take it in the order presented. We don't have a great deal on the agenda at this time.

MR. HERMAN: Your Honor, looking at the --

THE COURT: I have a number of motions before me, and

|  |  |
|---|---|
| 14:05 | 1 |
| 14:05 | 2 |
| 14:05 | 3 |
| 14:05 | 4 |
| 14:05 | 5 |
| 14:05 | 6 |
| 14:05 | 7 |
| 14:05 | 8 |
| 14:05 | 9 |
| 14:05 | 10 |
| 14:05 | 11 |
| 14:06 | 12 |
| 14:06 | 13 |
| 14:06 | 14 |
| 14:06 | 15 |
| 14:06 | 16 |
| 14:06 | 17 |
| 14:06 | 18 |
| 14:06 | 19 |
| 14:06 | 20 |
| 14:06 | 21 |
| 14:07 | 22 |
| 14:07 | 23 |
| 14:07 | 24 |
| 14:07 | 25 |

I set the dates for hearing of the contempt order removing confidentiality designations and also the questions of jurisdiction that were raised and also some class certification issues. I gave dates for those, and I put those in the record.

There are some briefing dates that counsel are going to get together on and see whether or not they can agree on specific dates for the briefing of those matters.

**MR. HERMAN:** May it please the Court, those occur at Page 7, Page 10, Page 13 of the status conference report.

The only other issue is to advise the Court that depositions among Plaintiffs will continue tomorrow, Tuesday, Wednesday, and Thursday of this week. And, Your Honor, we will be filing today under seal a motion and brief regarding a contempt issue before the Court.

Lastly, Your Honor, we would be -- in the event that we can't work out the production schedule, we will be filing motions to stay the decertification and jurisdiction issues filed by defendants.

**THE COURT:** Okay. Also I have some matters that have already been briefed and already been argued that I'm working on now, particularly the question of damages and -- that the -- the class action matters, that some interface with certification, but perhaps the -- I may issue the damages and then take the issue of whether or not it should be decertified. At least we'll see where we are at that point.

```
14:07    1            MR. HERMAN:  Yes, Your Honor.
14:07    2            THE COURT:  There are some other areas that I'm
14:07    3   working on.  The jurisdictional aspect, I'm almost finished
14:07    4   with it.  I'll be issuing that shortly, too.
14:07    5            MR. HERMAN:  Your Honor set I believe April 6th, 2017
14:07    6   for the status --
14:07    7            THE COURT:  Yes.  The next motion -- the next hearing
14:07    8   date is April -- let's see.  The next one is March the 2nd, and
14:07    9   the third -- the one after that is April the 6th at 9:00.
14:07   10                 I also received just a moment ago from -- from
14:07   11   one of the claimants, Miss Harvey, who favored me with some
14:07   12   pictures and also some material.  This matter is being handled
14:08   13   by Miss-- for Miss Harvey by Mr. Bruno's firm.  I know Miss
14:08   14   Harvey is present.  Miss Harvey, are you there?  Yes, ma'am.
14:08   15   You want to step forward?  You want to tell us what's --
14:08   16            PATRICIA HARVEY:  Good afternoon, Your Honor.  Good
14:08   17   afternoon, everyone.  That was just a little briefing for the
14:08   18   Chinese Drywall, for the foreclosure.
14:08   19            THE COURT:  Yes, ma'am.
14:08   20            PATRICIA HARVEY:  And I was coming before the Court
14:08   21   to ask the Court to consider another resolution offer than
14:08   22   $10,000.  That home may have been into my home -- that home had
14:08   23   been into our life decades.
14:08   24            THE COURT:  Yes, ma'am.  Uh-huh.
14:08   25            PATRICIA HARVEY:  Since '88.  I raised my kids in
```

that home.

**THE COURT:** Right.

**PATRICIA HARVEY:** And my son, when he got older and -- about 10 years old, he asked me one day, he said, "Mom, I'm going to be able to have this home?" And I told him, "Yeah." And in '99, this home was bought by a gift from one of my bosses that I had worked for 30 something years.

**THE COURT:** Yes, ma'am.

**PATRICIA HARVEY:** And in 2005, my son had finished school, and he asked, and I got together and gave him the house in March of 2005. He renovated the home. In 2005 of -- August, here come Katrina, some more damage.

**THE COURT:** Yes.

**PATRICIA HARVEY:** So it's not like we just bought the home yesterday and --

**THE COURT:** Yes, ma'am.

**PATRICIA HARVEY:** You know, it's been in our livelihood, and I raised my kids, and it's a family neighborhood. My sister -- I have three sisters that lived on the block.

**THE COURT:** Yes, ma'am.

**PATRICIA HARVEY:** And I was just coming to ask the Court --

**THE COURT:** Sure. Okay.

**PATRICIA HARVEY:** -- to say it's not -- like I said,

```
14:09    1   it's not like we just purchased that home.  It's been in our --
14:09    2           THE COURT:  Yes, ma'am.
14:09    3           PATRICIA HARVEY:  Now I have lost it due to my health
14:09    4   and his health.
14:09    5           THE COURT:  Yeah.
14:09    6           PATRICIA HARVEY:  We couldn't go forward and rent and
14:10    7   pay a mortgage at the time.
14:10    8           THE COURT:  Jake, you've -- have you worked on this a
14:10    9   little bit?  You want to fill us in on this?
14:10   10           MR. WOODY:  Yes, Your Honor.  Miss Harvey, as you
14:10   11   mentioned, is represented by the Bruno Law Firm.
14:10   12           THE COURT:  Yeah.
14:10   13           MR. WOODY:  They had a couple of late claims of which
14:10   14   Mrs. Harvey had a foreclosure claim, which is one of them.  The
14:10   15   Court instructed us to review it, which we did, and found that
14:10   16   it was eligible for the initial offer of $10,000, which
14:10   17   Miss Harvey mentioned at the beginning of the presentation.  We
14:10   18   haven't heard back from the Bruno firm.  We communicated that
14:10   19   offer.  We're ready to issue payment on it.
14:10   20                It sounds like Miss Harvey wishes to appeal that
14:10   21   award, although we haven't received anything from her attorneys
14:10   22   on that.
14:10   23           THE COURT:  Miss Harvey, have you talked to Mr. Bruno
14:10   24   about the matter?
14:10   25           PATRICIA HARVEY:  Yes, I met with him on the 16th,
```

```
14:10    1   and I asked him about the -- to talk to the Special Master.
14:10    2           THE COURT:  Uh-huh.
14:10    3           PATRICIA HARVEY:  And he said I was ineligible to
14:10    4   speak with the Special Master for any other funds and how I got
14:11    5   to be -- really the home belongs to my son, and he was ill, and
14:11    6   they gave him air space money, only $3,000, and then they told
14:11    7   him that's all he can get, Bruno and Bruno office, Shaletha
14:11    8   (phonetically) Johnson.  So I had to step up, and I had Power
14:11    9   of Attorney.  So they did it -- they said it was too late to do
14:11   10   the resolution, so they had to do it in my name, this filing,
14:11   11   but the file was never late.  It was on time, but it was in my
14:11   12   son name, Lawrence Harvey, and they lost all the papers.  They
14:11   13   only awarded him $3,000 for air space.
14:11   14           THE COURT:  Uh-huh.
14:11   15           PATRICIA HARVEY:  And they lost all the papers.  But
14:11   16   I had a claim in because of my son, so they just used my name
14:11   17   as I was the property and since I had to do a Power of
14:12   18   Attorney.  But I was on time with every paper, you know, Your
14:12   19   Honor.
14:12   20           THE COURT:  All right.
14:12   21           PATRICIA HARVEY:  Thank you.
14:12   22           THE COURT:  Since she has -- since you have an
14:12   23   attorney, I'd like to meet with the attorney and -- and
14:12   24   opposing counsel and see what he has to say on it.
14:12   25           PATRICIA HARVEY:  Yes, sir.
```

```
14:12   1            THE COURT:  So let me do that, and I'll keep the
14:12   2   documents that you've given to me.
14:12   3            PATRICIA HARVEY:  Yes, sir.  Thank you so much.
14:12   4            THE COURT:  Okay.
14:12   5            PATRICIA HARVEY:  Thank you so much.
14:12   6            THE COURT:  Okay.  Good.  Thank you, Miss -- thanks
14:12   7   for being here Miss Harvey.  I appreciate it.
14:12   8            PATRICIA HARVEY:  Thank you.
14:12   9            THE COURT:  This is in the -- involved the Knauf
14:12  10   settlement.
14:12  11            MR. ROSENBERG:  Your Honor, if it please the Court, I
14:12  12   may have misheard Mr. Herman, but I thought that he said that
14:12  13   the P.S.C. was considering filing a Motion to Stay regarding
14:13  14   jurisdiction, perhaps alter ego and other issues.  My
14:13  15   understanding from Your Honor as recently as this afternoon was
14:13  16   that the Court had those issues fully briefed and would issue
14:13  17   rulings on those.  If the P.S.C. intends to file a Motion to
14:13  18   Stay for any other matter, I assume we'll be able to meet and
14:13  19   confer with Mr. Herman --
14:13  20            THE COURT:  Yeah.
14:13  21            MR. ROSENBERG:  -- and his colleagues so we can
14:13  22   address that.
14:13  23            MR. HERMAN:  May it please the Court, I apologize if
14:13  24   I was inarticulate, but there had been recent motions filed by
14:13  25   CNBM and joined by others both on jurisdiction and to
```

```
14:13    1    decertify, and as to those that are now set for hearing, we may
14:13    2    ask that the hearings be deferred until the contempt issue
14:13    3    regarding production of documents has been resolved.  That's
14:14    4    the issue that I raised.
14:14    5              THE COURT:  Yeah, I didn't understand that to be
14:14    6    the -- the motions on jurisdiction.  I understood that to be
14:14    7    the motions on decertification to which there might be some
14:14    8    relevance for the documents that we're trying to deal with that
14:14    9    are in Chinese, but not in English.
14:14   10              MR. HERMAN:  Thank you, Your Honor.
14:14   11              THE COURT:  Yeah.
14:14   12              MR. ROSENBERG:  Well, in any event, Your Honor, just
14:14   13    so --
14:14   14              THE COURT:  I'll give you an opportunity to respond,
14:14   15    sure.
14:14   16              MR. ROSENBERG:  Thank you, Your Honor, and we'll have
14:14   17    an opportunity to know in advance before the P.S.C. files the
14:14   18    motion?
14:14   19              THE COURT:  Yeah.  We're trying to do -- it's what
14:14   20    I've tried -- what I've tried to do with all of you-all is to
14:14   21    get -- get you to talk about the motions that you intend to
14:14   22    file before you file them so that -- I don't want a situation
14:14   23    where you file and everybody does work on the briefs, and then
14:14   24    the other side say, "We have no objection."  That's a waste of
14:14   25    time, so --
```

14:14  1          **MR. ROSENBERG:**  And that's what I understood the
14:14  2   Court's practice has been, Your Honor.
14:14  3          **THE COURT:**  Yeah, right.
14:14  4          **MR. ROSENBERG:**  Thank you.
14:14  5          **THE COURT:**  Okay.  Anything further?
14:15  6          **MR. EXNICIOS:**  Your Honor, may I?
14:15  7          **THE COURT:**  Sure.
14:15  8          **MR. EXNICIOS:**  Thank you.  Your Honor, just on behalf
14:15  9   of my clients and also in my capacity as co-liaison for
14:15 10   objectors, we just had a query for the Court.
14:15 11          Judge, I know that on January 11th you issued an
14:15 12   order setting various motions that were pending before you for
14:15 13   oral argument.  We just wanted to query the Court, we --
14:15 14   objectors as a whole, I think you have two outstanding motions
14:15 15   pending before you.  20434 on the distribution of the
14:15 16   quote-unquote undisputed fees, and I think even more relevant
14:15 17   or certainly equally relevant, we have an objection pending
14:15 18   before you relative to the Special Master's limitations on
14:15 19   discovery.  As Your Honor is aware, the depositions of
14:15 20   Mr. Herman, Miss Duggan and Mr. Levin are scheduled to start
14:15 21   tomorrow through Thursday.  My individual clients have a motion
14:16 22   relative to the Villa Lago settlement and award of attorney's
14:16 23   fees.  We just weren't aware as to whether or not Your Honor
14:16 24   wanted or needed us to file any motion per se to set those for
14:16 25   oral argument or whether Your Honor was just going to deal with

```
14:16    1   them in due course as the Court --
14:16    2           THE COURT:  Well, I didn't think that the fees were
14:16    3   ripe at this time.
14:16    4           MR. LEVIN:  They're not, Your Honor.  The motions are
14:16    5   -- have been filed.  They haven't been set, because the
14:16    6   proceedings haven't advanced to that point.
14:16    7           THE COURT:  Yeah.
14:16    8           MR. LEVIN:  Especially the motion where he wants his
14:16    9   money, but nobody else is to get any.
14:16   10           THE COURT:  Yeah.  Well, what it is, Val, is that
14:16   11   what I try to do in these -- in this matter is to set up some
14:16   12   kind of procedure.  You-all have not finished your procedure
14:16   13   yet, but when you do finish your procedure, then I think you
14:16   14   need to file motions, whatever you think you need to file on
14:16   15   it.
14:16   16           MR. EXNICIOS:  All right.  Good.  And the only
14:16   17   reason, Your Honor, I bring the Villa Lago motion to your
14:16   18   attention is because I think there was some -- a query of
14:17   19   Special Master Balhoff as to whether that was frankly before
14:17   20   him or still before you.  Your Honor had previously set for
14:17   21   hearing Richard Taylor's motion as a standalone.
14:17   22           THE COURT:  Yeah.
14:17   23           MR. EXNICIOS:  My clients respectfully suggest we're
14:17   24   in the same situation --
14:17   25           THE COURT:  Sure.
```

```
14:17    1              MR. EXNICIOS:  -- as Mr. Taylor, as in a standalone
14:17    2     agreement.
14:17    3              THE COURT:  Uh-huh.
14:17    4              MR. EXNICIOS:  So really I guess just seeking clarity
14:17    5     from Your Honor.
14:17    6              THE COURT:  Yeah.  Why don't you file a motion?  It
14:17    7     can't hurt.
14:17    8              MR. EXNICIOS:  Okay.  Thank you very much, Your
14:17    9     Honor.
14:17   10              THE COURT:  Yeah, sure.
14:17   11              MR. EXNICIOS:  Appreciate your time this morning.
14:17   12              THE COURT:  Okay.  You bet.
14:17   13              MR. EXNICIOS:  Or this afternoon rather.
14:17   14              THE COURT:  Sure.
14:17   15              MR. EXNICIOS:  Thank you.
14:17   16              THE COURT:  Okay.  Thank you-all.  Anything further?
14:17   17              MR. ROSENBERG:  Nothing else.  Thank you.
14:17   18              THE COURT:  All right.  Fine.  Thanks very much.
14:17   19     Court will stand in recess.  Thank you.
14:17   20              THE CLERK:  All rise.
        21                        (End of proceedings.)
        22
        23
        24
        25
```

1 **CERTIFICATE**

2     I, Tana J. Hess, FCRR, RMR, Official Court
3 Reporter, United States District Court, Eastern District of
4 Louisiana, do hereby certify that the foregoing is a true and
5 correct transcript, to the best of my ability and
6 understanding, from the record of the proceedings in the
7 above-entitled and numbered matter.

                                    _____
                                    Tana J. Hess, FCRR, RMR
                                    Official Court Reporter