# EXHIBIT G

| | |
|---|---|
| **From:** | Anthony Irpino |
| **Sent:** | Wednesday, September 30, 2015 11:47 AM |
| **To:** | Russ Herman (RHERMAN@hhklawfirm.com); Arnold Levin (PSC); Joyce Romano; Debbie Murphy |
| **Cc:** | Sandy Duggan; Fred Longer; Lenny Davis; Pearl Robertson |
| **Subject:** | FW: MEET AND CONFER FOLLOW-UP |

Below is the follow-up e-mail related to our August 28th meet and confer with counsel for Taishan.  The info about Wenlong Peng's computer is contained within section #2 ("CUSTODIANS SEARCHED FOR REGARDING DOCUMENT PRODUCTIONS").  This along with the last e-mail I sent covers the documentation regarding representations made by Taishan's counsel relative to Wenlong Peng's computer.  Let me know if anyone has any questions.

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Tel:  (504) 525-1500
Fax: (504) 525-1501

CONFIDENTIAL ATTORNEY-CLIENT OR OTHERWISE PRIVILEGED COMMUNICATION DO NOT FORWARD WITHOUT PERMISSION

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail or via telephone at (504) 525-1500 and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

IRS CIRCULAR 230 NOTICE: Pursuant to recently enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. Tax Law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor

-----Original Message-----
From: Anthony Irpino
Sent: Monday, August 31, 2015 11:34 AM
To: Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>

1

Cc: Taylor, Bernard <Bernard.Taylor@alston.com>; Joyce Romano <JROMANO@hhklawfirm.com>; Kenny, Mike <Mike.Kenny@alston.com>; Fred Longer <FLonger@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Madelyn O'Brien <mobrien@hhklawfirm.com>; Pearl Robertson <probertson@irpinolaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; Arnold Levin <ALevin@lfsblaw.com>; Russ Herman (RHERMAN@hhklawfirm.com) <RHERMAN@hhklawfirm.com>; Becker, Josh <Josh.Becker@alston.com>; Haque, Aliyya <Aliyya.Haque@alston.com>
Subject: RE: MEET AND CONFER FOLLOW-UP

Thank you for our meet and confer on Friday, August 28th.  The meeting This shall serve as confirmation of the PSC's understanding of the matters discussed on the call.  If your understanding differs, please let us know.

1)      JIA TONGCHUN's & JIANCHUN ZHANG's CUSTODIAL PRODUCTIONS:
        We further discussed the PSC's concerns regarding the lack of documents from Jia Tongchun's custodial file, and to a lesser degree, the lack of documents from Jianchun Zhang's custodial file.  You were able to investigate the potential issues which may account for, what the PSC contends, is a deficient production from these custodial files (particularly Jia Tongchun's custodial file).  It is our understanding that you were able to confirm that Jia Tongchun and Jianchun Zhang each only used one e-mail account – and that those e-mail accounts were searched through regarding Taishan's document productions.   It is our understanding that you also confirmed that some of Chairman Jia's e-mails were set aside as part of the de-duping process, but were otherwise produced from another custodial file.  You did not believe that Jia Tongchun used a secretary/assistant in connection with sending or receiving e-mails, however, you have not yet been able to confirm same.  It is our understanding that you will be speaking with Chairman Jia shortly and will let us know.  Additionally, you were able to confirm that Chairman Jia handled his calendar and scheduling via a manual / hard copy calendar, and you are in the process of obtaining a copy for production to the PSC.  Our goal is to get a copy of same as far in advance of Chairman Jia's deposition as possible, so please advise as soon as it is ready.

2)      CUSTODIANS SEARCHED FOR REGARDING DOCUMENT PRODUCTIONS:
        We discussed the five custodians whose files Taishan searched through in connection with its document productions.  You provided us with information on Zedong You (Taishan Foreign Trade Department).  With respect to the possibility of having searches run on custodial files for Taishan's board of directors during the relevant time period, you advised that the PSC already had productions from BNBM regarding most of the Taishan Board members.  As for the outside board members (i.e., those not with BNBM), it is our understanding that you have not been able to contact any of them.  With respect to the PSC's request for a certification from Taishan regarding what precisely occurred with Wenlong Peng's laptop (such that it is now unsearchable and/or otherwise incapable of providing responsive documents), it is our understanding that Taishan will do one of two things: a) prepare Chairman Jia to testify about what precisely happened, or b) provide a certification regarding same.  You are currently considering the two options, and will let us know shortly about how Taishan wants to handle.  Finally, with respect to Wenlong Peng,  you were able to partially confirm the last communication between him and anyone from Taishan was with Che Gang in preparation for the 30(b)(6) deposition – and that communication was testified to during the deposition.  However, you still have to discuss with Chairman Jia about any other potential instances involving communications with Wenlong Peng.  You will advise once you have spoken with Chairman Jia.

3)      SEARCH TERMS:
        During our discussion we were able to match-up the search terms provided.  It is our understanding that Taishan's searches were run against/over the custodian's computer hard drives as well as their e-mail accounts.  Moreover, you were able to explain how the searches were run based upon the search terms provided.  This was both helpful and appreciated.  I advised that the PSC will let you know if there are additional search terms which we would like to have used – however, if there are additional requests, the PSC will attempt to suggest focused searches.  Taishan did not agree to run additional searches, and additional searches were not

specifically requested during the call (i.e., the statements herein are not made to try and obligate Taishan to anything).  Rather, I just outlined during the call how the PSC envisions a potential process going forward.  Finally, the only issue that we were not able to definitively figure out was how the search terms worked relative to translations.  It is our understanding that you will check with your document production folks, and let us know.

We believe that the above accurately represents the results of our meet and confer from earlier Friday, August 28th.  If your understanding differs from ours, please advise as soon as possible.  Again, we appreciate your cooperation and time to go over these matters, and we look forward to completing our resolution of same.  Thank you.

Anthony Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Tel:       (504) 525-1500
Fax:      (504) 525-1501