# EXHIBIT I

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CHINESE DRYWALL DIVISION

CASE NO: 09-38887 CA 01 (42)

ARMIN G. SEIFART and LISA M. GORE SEIFART,

       Plaintiffs,

    v.

BANNER SUPPLY CO., a Florida corporation,

       Defendant.

_____/

## VERDICT FORM

WE, the jury, return the following verdict:

1. Was the drywall defective when it left Defendant Banner Supply Co.'s possession, and a legal cause of damages to Plaintiffs Armin G. Seifart and Lisa M. Gore Seifart?

    YES  X      NO____

2. Did Defendant Banner Supply Co. violate Florida's Deceptive and Unfair Trade Practices Act, and, if so, was such a violation a legal cause of damages to Plaintiffs Armin G. Seifart and Lisa M. Gore Seifart?

    YES  X      NO____

3. Was Defendant Banner Supply Co. negligent and, if so, was such negligence a legal cause of damages to Plaintiffs Armin G. Seifart and Lisa M. Gore Seifart?

    YES  X      NO____

4.  Did Defendant Banner Supply Co.'s conduct constitute a private nuisance, and, if so, was

    such conduct a legal cause of damages to Plaintiffs Armin G. Seifart and Lisa M. Gore

    Seifart?

                    YES  X        NO____

If your answers to questions 1-4 are all NO, then your verdict is for the Defendant, Banner

Supply Co., and you should not proceed further except to date and sign this verdict form and

return it to the courtroom.  If you answered YES to any of these questions, please proceed to

questions 5 and 6.

5.  State the percentage of any fault which was a legal cause of the damages claimed by

    Plaintiffs that you charge to:

    **Banner Supply Company**                         _____55_____  %

    **Knauf Plasterboard (Tianjin) Co.**              _____35_____  %

    **La Suprema Enterprise, Inc.**                   _____5_____  %

    **Rothchilt International, Ltd.**                 _____5_____  %

                                         Total must be 100%

By answering the following question you will determine the damages, if any, that Plaintiffs

sustained as a result of the incident in question.

6.  What is the total amount of damages, if any, to Plaintiffs Armin G. Seifart and Lisa M.

    Gore Seifart?

    a.  Remediation costs                              $ _494,442.77_

    b.  Replacement costs for personal property        $ ___9,983.59_

    c.  Costs for temporary housing and moving expenses  $ _169,267.79_

    d.  Cleaning costs and maintenance                 $ _20,774.75_

e.  Additional utilities costs                     $  3,319.78

f.  Storage costs                                  $    919.71

g.  Additional interest on credit cards            $  6,651.14

h.  Loss of enjoyment                              $ 1,700,000.00

i.  Diminution of value/stigma damages             $   60,000.00

                             TOTAL   $ ~~2,771,359.53~~
                                       2,465,359.53

In determining the total amount of damages, you should not make any reduction because of

the fault, if any, of Knauf Plasterboard (Tianjin) Co., Ltd., Rothchilt International, Ltd., and La

Suprema Enterprise, Inc.  The court in entering judgment will take into account your allocation

of fault, if any, among all entities who you find contributed to Plaintiffs' damages.

SO SAY WE ALL, this __18__ day of June, 2010.

                                   _Susie Easterling_
              FOREPERSON