UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | |

**BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S AND BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS WITH RESPECT TO DOCUMENTS PRODUCED BY AND TESTIMONY OF THE TAISHAN DEFENDANTS**

Defendants Beijing New Building Materials Public Limited Company ("BNBM PLC") and Beijing New Building Material (Group) Co., Ltd. ("BNBM Group," collectively with BNBM PLC, the "BNBM Entities") submit this memorandum of law in opposition to the Plaintiffs' Steering Committee's ("PSC") Motion to Remove Confidentiality Designations with Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties (Rec. Doc. 20598, hereinafter "PSC's Motion").

**INTRODUCTION**

The PSC's Motion is premature, unnecessary, and intended to do little more than cast the Defendants in a negative light as the Court prepares its rulings on class damages and personal jurisdiction.[1] If the PSC truly was interested in resolving a disagreement about confidentiality

---

[1] Reassertion of Objection to Personal Jurisdiction: On March 4, 2015, the BNBM Entities formally appeared in the above-captioned actions, through Notices of Appearance that specifically raised and preserved defenses relating to, inter alia, lack of personal jurisdiction. As the BNBM Entities have done with each prior submission, they raise the issue of personal jurisdiction in this memorandum to preserve the BNBM Entities' legal rights to assert this fundamental defense as the BNBM Entities believe this issues should be addressed prior to any further matters before the Court. The BNBM Entities also hereby incorporate by reference the

designations, it would have responded to BNBM PLC's and BNBM Group's repeated invitations to meet and confer to discuss these issues. Instead, the PSC ignored those invitations and sat silent for almost a year, only to file this motion without first exploring the reasons for the designations and whether the issue could be resolved without court intervention. The PSC's repeated failure to meet and confer with BNBM PLC and BNBM Group on these issues ignores this Court's Order, Pre-trial No. 16 ("PTO 16"), and justifies denial of the present motion.

The PSC first questioned certain confidentiality designations by BNBM PLC and BNBM Group via letter on August 25, 2015. BNBM PLC and BNBM Group promptly replied on September 11, 2015, identified the documents for which it would remove its confidentiality designation, and identified the documents as to which BNBM PLC and BNBM Group would maintain confidentiality designations, and asked the PSC to provide available dates to meet and confer "[c]onsistent with the requirements of Pre-trial Order No. 16." (Ex. 1). The PSC never responded to that request.

On February 22, 2016, the PSC sent another letter, challenging many of the same confidentiality designations. The PSC, however, completely ignored BNBM PLC's and BNBM Group's prior correspondence from September 11, 2015, and even continued to challenge some confidentiality designations that BNBM PLC or BNBM Group had already agreed to remove.[2]

---

facts and arguments set forth in the memoranda of law, declarations and exhibits submitted by BNBM PLC and BNBM Group in support of their motions to dismiss the actions for lack of jurisdiction and failure of service. *See* Rec. Doc. 19631 and 19664, including Memorandum of Beijing New Building Materials Public Limited Company in Support of Its Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) Rec. Doc. 19631-3 ("BNBM PLC MDL Dismissal Memorandum,") and Memorandum of Beijing New Building Materials (Group) Co., Ltd. in Support of Its Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) Rec. Doc. 19664-3 ("BNBM Group MDL Dismissal Memorandum").

[2] *Compare* Ex. 1 (Sep. 11, 2015 letter from counsel from BNBM PLC and BNBM Group proposing removal of confidential designation for documents BNBMPLC0007427-7429 and BNBMPLC0007424-7426), *with* PSC's Motion, Ex. A at 2 (Feb. 22, 2016 letter from R. Herman and accompanying chart proposing removal of confidentiality for same documents).

Despite the PSC's apparent lack of good faith to negotiate with BNBM PLC and BNBM Group on these issues, on March 18, 2016, counsel for BNBM PLC and BNBM Group responded once again and asked the PSC for its availability "to meet and confer about the designations proposed in our September 11, 2015 and in the newly attached charts." (Ex. 2).  The PSC ignored this request, as well, and—despite this Court's express instruction in PTO 16 for a meet and confer on confidentiality designations—the PSC made no other mention of these issues to counsel for BNBM PLC and BNBM Group for nine months, until filing this motion.

## ARGUMENT

**I.      THE MOTION SHOULD BE DENIED FOR THE PSC'S FAILURE TO CONFER.**

PTO 16 makes clear the process each party must follow to challenge confidentiality designations.  After an initial objection and response, the parties must meet and confer to discuss the reasons for the Producing Party's designation, reasons which may not be apparent by looking only to the initial response.  PTO 16 at ¶ 28.  Only "after meeting and conferring, the Objecting Party may move the Court for an order striking the designation within ten (10) days after written notice that the parties' meet and confer efforts have ended." *Id*.

BNBM PLC and BNBM Group twice invited the PSC to confer about the confidentiality designations the PSC has now presented to the Court.  But the PSC ignored those invitations.  And to be clear, BNBM PLC and BNBM Group previously has demonstrated a willingness to revisit their designations so the PSC could not reasonably think their efforts to confer would be futile.  In both the March 18, 2016 and September 11, 2015 letters, BNBM PLC and BNBM Group removed confidentiality designations from some materials but, where the designations were necessary, they reasserted them and offered to explain the bases for the designations in greater detail during a meet and confer.  Because the PSC ignored this Court's Order and denied BNBM PLC and BNBM Group an opportunity to meet and confer, the PSC's Motion should be

3

denied. *See In re: Oil Spill by the Oil Rig Deepwater Horizon*, No. 12-970, 2016 WL 6995074, at *2 (E.D. La. Nov. 30, 2016) ("The motion is denied first because it does not contain the required 'certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery in an effort to obtain it without court action.'").

## II.  BNBM PLC AND BNBM GROUP PROPERLY DESIGNATED THEIR CONFIDENTIAL MATERIALS.

The PSC offers little beyond high-level attacks against the confidentiality designations, asserting, among other things, the "public's right of access" and a desire not to "prolong the secrecy of materials," PSC's Motion at 2, 4-5, but the PSC gives <u>no reason</u> related to <u>this litigation</u> as to why the documents should be stripped of their protection.  The PSC's attacks are meritless.  The PSC abandoned this issue nearly a year ago when it failed to respond to invitations to meet and confer, so the claimed "prolonging of secrecy"—a characterization that neither BNBM PLC or BNBM Group accept—is attributable solely to the PSC's own conduct, and not in any way to the actions of BNBM PLC or BNBM Group.  Moreover, PTO 16 recognizes the public interest in judicial proceedings, but it nevertheless "protect[s] material entitled to be kept confidential," while also permitting confidential information to be seen by plaintiffs, plaintiffs' counsel, and others including "counsel for claimants in other pending litigation" involving Chinese drywall.  PTO 16 at ¶¶ 13-15.  If the PSC needs to show confidential materials to "other interested persons," it can request consent from BNBM PLC and BNBM Group to do so, a request the PSC has never made.  PTO 16 at ¶ 18.

Looking beyond these broad attacks to the documents themselves, BNBM PLC and BNBM Group have appropriately designated the challenged documents as confidential materials protected under PTO 16.

### A.  Materials Containing Confidential Corporate Information.

Even the PSC concedes that many of the materials designated as confidential contain non-public corporate information, including financial information, internal governance documents, litigation analyses, and corporate strategy. PSC's Motion at 7-8. For example, many contain financial information for BNBM Group, an entity that is not publicly traded and whose financial information is not generally available. Similarly, other materials contain proprietary analyses of internal governance issues that could prejudice either BNBM PLC or BNBM Group in the hands of the public. This material falls squarely within the discretion given to this Court in Fed. R. Civ. P. 26(c) to protect BNBM Group from "annoyance, embarrassment, oppression, or undue burden or expense." This material was therefore properly designated in good faith as confidential under PTO 16.

### B.  Materials Prohibited From Public Disclosure By Chinese Regulations.

Another major category of materials designated as confidential relates to information that BNBM PLC and BNBM Group have not disclosed publicly and which they believe is prohibited from such disclosure by Chinese regulations. The PSC's only argument against maintaining the confidentiality of these documents is that confidentiality is governed by United States law rather than Chinese law. PSC's Motion at 8. This argument, however, ignores the breadth of PTO 16, which protects from public disclosure materials that a party believes in good faith are protected under "Fed. R. Civ. P. 26(c) or **other applicable law**." PTO 16 at ¶ 6 (emphasis added).

There are multiple Chinese regulations that restrict the public disclosure of certain documents in the possession of BNBM PLC and BNBM Group. For example, to guarantee fair disclosure to the public and to potential investors, Chinese regulations dictate that "important information" for a company listed on the Shenzhen Stock Exchange—such as BNBM PLC— shall be disclosed to "all investors at the same time" and also through "media designated by the"

appropriate Chinese regulatory entity.  (*See* Ex. 3 (Guidelines on the Regulated Operations of Companies Listed on the Main Board of Shenzhen Stock Exchange, at Art. 5.1.1); Ex. 4 (CSRC Administrative Measures on Information Disclosure by Listed Companies at 1-2 (requiring public announcements to be made on "media designated by the [CSRC]"; Ex. 5 (Chinese Securities Law at Art. 70 ("Information disclosure required by the provisions of the law shall be published on the media designated by the securities regulatory authorities of the State Council."))."Important information" that falls under these restrictions is "information that <u>may cause or have caused relatively significant impact on the trading price of the shares or the derivatives of a listed company</u>" including financial performance, profit estimation, or the formulation of future business plans.  (Ex. 3 (Guidelines on the Regulated Operations of Companies Listed on the Main Board of Shenzhen Stock Exchange, at Art. 5.1.2 (emphasis added))).  Any such information can be disclosed only in "strict compliance of the principle of fair information disclosure . . . [and companies] shall not selectively or privately disclose, reveal or leak non-public important information to any specific parties." *Id*. at Art. 5.1.5.

The PSC's current request seeks to make public several documents that arguably fall under these restrictions because those documents constitute "important information."  Such documents, listed on Exhibit A of the PSC's Motion, include a 2010 Inquiry letter from the Shenzhen Stock Exchange regarding BNBM PLC's annual report,[3] a 2007 work report of BNBM PLC's General Manager at a staff representative meeting,[4] and communications from BNBM PLC to banks regarding potential or extended loans.[5]  BNBM PLC and BNBM Group have designated these documents—and others like them—as confidential because they believe in good faith that their public disclosure is limited by Chinese law.  The PSC does not now, and never

---

[3] BNBMPLC-E-0002155-2156.
[4] BNBMPLC-E-0004827-4847.
[5] *See, e.g*., BNBMPLC-E-0007475; BNBMPLC-E-0007476; BNBMPLC-E-0007477.

has, identified any burden on them created by these designations, much less have they identified an **undue** burden that would outweigh BNBM PLC's and BNBM Group's legitimate interest in complying with their governing law, as PTO 16 requires when it mandates consideration of "other applicable law" in protecting material from public disclosure.

## CONCLUSION

WHEREFORE, for the reasons explained above, BNBM PLC and BNBM Group respectfully request that the Court deny the PSC's Motion in its entirety.

Dated: February 13, 2017

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 5900
Chicago, IL  60606-6306
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

C. Michael Moore
Texas Bar No. 14323600
Matthew T. Nickel
Texas Bar No. 24056042
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
mike.moore@dentons.com
matt.nickel@dentons.com


Kenneth J. Pfaehler
D.C. Bar No. 461718
Drew W. Marrocco
D.C. Bar No. 453205
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
kenneth.pfaehler@dentons.com
drew.marrocco@dentons.com


-and-

**PHELPS DUNBAR LLP**
Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Opposition to Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations with Respect to Documents Produced by and Testimony of the Taishan Defendants** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this February 13, 2017.

/s/     Michael H. Barr