## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>***ALL ACTIONS*** | |

## DECLARATION OF ANNIE QIU

This declaration is made in accordance with and pursuant to 28 U.S.C. § 1746.

I, Annie QIU, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1.  I am over eighteen (18) years of age, am competent to testify to the matters contained herein, and have personal knowledge of these facts.

2.  My native language is Chinese.   I am also fluent in English.

3.  I am an employee of the law firm of Morgan, Lewis & Bockius.

4.  I have reviewed the Guidelines of the Regulated Operations of Companies Listed on the Main Board of Shenzhen Stock Exchange, amended in 2015.  I have prepared the translation of certain relevant portions attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1

**EXHIBIT 3**

Executed on February 10 , 2017

Annie QIU

# 深圳证券交易所主板上市公司规范运作指引

## （2015 年修订）

## 目录

第一章　总则.................................................................**3**
第二章　公司治理.............................................................**4**
　　第一节　总体要求...........................................................4
　　第二节　股东大会...........................................................5
　　第三节　董事会............................................................8
　　第四节　监事会...........................................................10
第三章　董事、监事和高级管理人员管理...........................................**11**
　　第一节　总体要求..........................................................11
　　第二节　任职管理..........................................................14
　　第三节　董事行为规范......................................................17
　　第四节　董事长行为规范....................................................24
　　第五节　独立董事行为规范..................................................25
　　第六节　监事行为规范......................................................29
　　第七节　高级管理人员行为规范..............................................30
　　第八节　股份及其变动管理..................................................31
第四章　股东、控股股东和实际控制人行为规范.....................................**37**
　　第一节　总体要求..........................................................37
　　第二节　控股股东和实际控制人行为规范......................................39
　　第三节　限售股份上市流通管理..............................................47
　　第四节　股东及其一致行动人增持股份业务管理................................50
　　第五节　承诺及承诺履行....................................................54
第五章　信息披露管理.........................................................**58**
　　第一节　公平信息披露......................................................58
　　第二节　实时信息披露......................................................66
　　第三节　内幕信息知情人登记管理............................................68
第六章　募集资金管理.........................................................**72**
　　第一节　总体要求..........................................................72
　　第二节　募集资金专户存储..................................................73
　　第三节　募集资金使用......................................................75
　　第四节　募集资金用途变更..................................................79
　　第五节　募集资金管理与监督................................................82
第七章　其他重大事件管理.....................................................**83**

第一节　证券投资 .................................................................83

第二节　衍生品交易 .............................................................86

第三节　矿业权投资 .............................................................91

第四节　对外提供财务资助 .................................................96

第五节　会计政策及会计估计变更 ...................................101

第六节　利润分配和资本公积金转增股本 .......................105

**第八章　内部控制** .............................................................**109**

第一节　总体要求 ...............................................................109

第二节　关联交易的内部控制 ...........................................111

第三节　对外担保的内部控制 ...........................................114

第四节　重大投资的内部控制 ...........................................116

第五节　信息披露的内部控制 ...........................................117

第六节　控股子公司的内部控制 .......................................119

第七节　内部控制的检查和披露 .......................................120

**第九章　投资者关系管理** .................................................**123**

**第十章　社会责任** .............................................................**127**

**第十一章　附则** .................................................................**129**

附件一：控股股东、实际控制人声明及承诺书 .............**131**

附件二：募集资金三方监管协议（范本） .....................**143**

## 第一章  总则

1.1 为了规范主板上市公司（以下简称"上市公司"）的组织和行为，提高上市公司规范运作水平，保护上市公司和投资者的合法权益，促进上市公司质量不断提高，推动主板市场健康稳定发展，根据《中华人民共和国公司法》（以下简称"《公司法》"）、《中华人民共和国证券法》（以下简称"《证券法》"）等法律、行政法规、部门规章、规范性文件和《深圳证券交易所股票上市规则（2014 年修订）》（以下简称"《股票上市规则》"），制定本指引。

1.2 本指引适用于股票在深圳证券交易所（以下简称"本所"）主板（不含中小企业板）上市的公司。

1.3 上市公司及其董事、监事、高级管理人员、股东、实际控制人、收购人等自然人、机构及其相关人员，以及保荐机构及其保荐代表人、证券服务机构及其相关人员应当遵守法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所发布的细则、指引、通知、办法、备忘录等相关规定（以下简称"本所其他相关规定"），诚实守信，自觉接受本所和其他相关监管部门的监督管理。

1.4 上市公司应当根据有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程，建立规范的公司治理结构和健全的内部控制制度，完善股东大会、董事会、监事会议事规则和权力制衡机制，规范董事、监事、高级管理人员的行为及选聘任免，

履行信息披露义务，积极承担社会责任，采取有效措施保护投资者特别是中小投资者的合法权益。

## 第二章　公司治理

### 第一节　总体要求

2.1.1. 上市公司应当健全治理机制、建立有效的公司治理结构，明确股东、董事、监事和高级管理人员的权利和义务，保证股东充分行使其合法权利，确保董事会对公司和股东负责，保障重大信息披露透明，依法运作、诚实守信。

2.1.2 上市公司应当与控股股东、实际控制人及其关联人的人员、资产、财务分开，机构、业务独立，各自独立核算、独立承担责任和风险。

2.1.3 上市公司的人员应当独立于控股股东、实际控制人及其关联人。公司的经理人员、财务负责人、营销负责人和董事会秘书在控股股东单位不得担任除董事以外的其他职务。控股股东的高级管理人员兼任上市公司董事的，应当保证有足够的时间和精力承担上市公司的工作。

2.1.4 上市公司的资产应当独立完整、权属清晰，不被董事、监事、高级管理人员、控股股东、实际控制人及其关联人占用或者支配。

2.1.5 上市公司应当建立健全独立的财务核算体系，能够独立作出财务决策，具有规范的财务会计制度和对分公司、子公司的财务管理制度。

2.1.6 上市公司在与董事、监事、高级管理人员、控股股东、实际控

制人及其关联人发生经营性资金往来时，应当严格履行相关审批程序和信息披露义务，明确经营性资金往来的结算期限，不得以经营性资金往来的形式变相为董事、监事、高级管理人员、控股股东、实际控制人及其关联人提供资金等财务资助。

2.1.7 上市公司在拟购买或者参与竞买控股股东、实际控制人或者其关联人的项目或者资产时，应当核查其是否存在占用公司资金、要求公司违法违规提供担保等情形。在上述违法违规情形未有效解决之前，公司不得向其购买有关项目或者资产。

2.1.8 上市公司董事会、监事会和其他内部机构应当独立运作，独立行使经营管理权，不得与控股股东、实际控制人及其关联人存在机构混同等影响公司独立经营的情形。

2.1.9 上市公司业务应当完全独立于控股股东、实际控制人及其关联人。控股股东及其下属的其他单位不得从事与上市公司相同或者相近的业务。控股股东应当采取有效措施避免同业竞争。

## 第二节　股东大会

2.2.1 上市公司应当完善股东大会运作机制，平等对待全体股东，保障股东依法享有的知情权、查询权、分配权、质询权、建议权、股东大会召集权、提案权、提名权、表决权等权利，积极为股东行使权利提供便利，切实保障股东特别是中小股东的合法权益。

2.2.2 上市公司应当充分保障股东享有的股东大会召集请求权。对于

5

股东提议要求召开股东大会的书面提案，公司董事会应当依据法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程在规定期限内提出是否同意召开股东大会的书面反馈意见，不得无故拖延。

2.2.3 对于股东依法自行召集的股东大会，上市公司董事会和董事会秘书应当予以配合，提供必要的支持，并及时履行信息披露义务。

2.2.4 上市公司股东可以向其他股东公开征集其合法享有的股东大会召集权、提案权、提名权、表决权等股东权利，但不得采取有偿或者变相有偿方式进行征集。

本所鼓励公司在公司章程中规定股东权利征集制度的实施细则，但不得对征集投票行为设置最低持股比例等不适当障碍而损害股东的合法权益。

2.2.5 上市公司不得通过授权的形式由董事会或者其他机构和个人代为行使《公司法》规定的股东大会的法定职权。股东大会授权董事会或者其他机构和个人代为行使其他职权的，应当符合法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程、股东大会议事规则等规定的授权原则，并明确授权的具体内容。

2.2.6 上市公司股东大会应当设置会场，以现场会议形式召开。召开地点应当明确具体。

公司召开股东大会，除现场会议投票外，应当向股东提供股东大会网络投票服务。

2.2.7 股东大会审议影响中小投资者利益的重大事项时，对中小投资者

的表决应当单独计票。单独计票结果应当及时公开披露。

前款所称影响中小投资者利益的重大事项是指依据本指引第 3.5.3 条应当由独立董事发表独立意见的事项，中小投资者是指除公司董事、监事、高级管理人员以及单独或者合计持有公司 5%以上股份的股东以外的其他股东。

2.2.8 上市公司在召开股东大会的通知中应当充分、完整地披露本次股东大会提案的具体内容。有关提案需要独立董事、保荐机构发表意见的，独立董事和保荐机构的意见最迟应当在发出股东大会通知时披露。

2.2.9 对同一事项有不同提案的，股东或者其代理人在股东大会上不得对同一事项的不同提案同时投同意票。

2.2.10 中小股东有权对上市公司经营和相关议案提出建议或者质询，公司相关董事、监事或者高级管理人员在遵守公平信息披露原则的前提下，应当对中小股东的质询予以真实、准确答复。

2.2.11 上市公司应当在董事、监事选举中积极推行累积投票制度，充分反映中小股东的意见。控股股东控股比例在 30%以上的公司，应当采用累积投票制。采用累积投票制度的公司应当在公司章程中规定该制度的实施细则。

股东大会以累积投票方式选举董事的，独立董事和非独立董事的表决应当分别进行。

2.2.12 上市公司召开股东大会应当平等对待全体股东，不得以利益输送、利益交换等方式影响股东的表决，操纵表决结果，损害其他股东的合

法权益。

2.2.13 上市公司召开股东大会，应当聘请律师对会议的召集、召开程序、出席会议人员的资格、召集人资格、表决程序及表决结果等事项出具法律意见书，并与股东大会决议一并公告。

律师出具的法律意见不得使用"基本符合"、"未发现"等含糊措辞，并应当由两名执业律师和所在律师事务所负责人签名，加盖该律师事务所印章并签署日期。

## 第三节　董事会

2.3.1 董事会应当认真履行有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程规定的职责，确保公司遵守法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程的规定，公平对待所有股东，并关注其他利益相关者的合法权益。

2.3.2 上市公司应当制定董事会议事规则，确保董事会规范、高效运作和审慎、科学决策。

2.3.3 董事会的人数及人员构成应当符合有关法律、行政法规、部门规章、规范性文件、公司章程等的要求。

2.3.4 董事会可以设立审计委员会、薪酬与考核委员会、提名委员会，制定专门委员会议事规则并予以披露。审计委员会、薪酬与考核委员会、提名委员会的成员由不少于三名董事组成，其中独立董事应当占半数以上

并担任召集人，审计委员会中至少应当有一名独立董事是会计专业人士。

公司可以根据公司章程或者股东大会决议，在董事会中设立其他专门委员会。公司章程中应当对专门委员会的组成、职责等作出规定。

2.3.5　董事会会议应当严格按照董事会议事规则召集和召开，按规定事先通知所有董事，并提供充分的会议材料，包括会议议题的相关背景材料、独立董事事前认可情况等董事对议案进行表决所需的所有信息、数据和资料，及时答复董事提出的问询，在会议召开前根据董事的要求补充相关会议材料。

董事会可以公开征集股东投票权，但不得采取有偿或者变相有偿的方式征集股东投票权。

2.3.6　董事会会议记录应当真实、准确、完整，充分反映与会人员对所审议事项提出的意见，出席会议的董事、董事会秘书和记录人员应当在会议记录上签名。董事会会议记录应当作为上市公司重要档案妥善保存。

2.3.7　《公司法》规定的董事会各项具体职权应当由董事会集体行使，不得授权他人行使，并不得以公司章程、股东大会决议等方式加以变更或者剥夺。

公司章程规定的董事会其他职权涉及重大业务和事项的，应当实行集体决策审批，不得授权单个或者几个董事单独决策。

董事会可以在会议闭会期间，在法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所相关规定和公司章程等规定的授权原则下，授权董事会成员、经理人员或者其他机构代为行使除前两款规定

外的部分职权，授权内容应当明确、具体，并对授权事项的执行情况进行持续监督。

公司章程应当对授权的范围、权限、程序和责任作出具体规定

## 第四节　监事会

2.4.1 上市公司监事会应当向全体股东负责，对公司财务以及公司董事、经理及其他高级管理人员履行职责的合法合规性进行监督，维护公司及股东的合法权益。

2.4.2 上市公司应当采取有效措施保障监事的知情权，为监事正常履行职责提供必要的协助，任何人不得干预、阻挠。

2.4.3 监事会成员应当确保监事会能够独立有效地行使对董事、高级管理人员以及上市公司财务监督和检查的权利。

2.4.4 监事会会议记录应当真实、准确、完整，充分反映与会人员对所审议事项提出的意见，出席会议的监事和记录人员应当在会议记录上签字。监事会会议记录应当作为上市公司重要档案妥善保存。

2.4.5 监事会应当对定期报告提出书面审核意见，说明董事会对定期报告的编制和审核程序是否符合法律、行政法规、中国证监会和本所的规定，报告的内容是否能够真实、准确、完整地反映上市公司的实际情况。

## 第三章　董事、监事和高级管理人员管理

### 第一节　总体要求

3.1.1 董事、监事和高级管理人员应当遵守有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程，并严格履行其作出的各项承诺。

3.1.2 董事、监事和高级管理人员作为上市公司和全体股东的受托人，对上市公司和全体股东负有忠实义务和勤勉义务。

3.1.3 董事、监事和高级管理人员应当忠实、勤勉地为上市公司和全体股东利益行使职权，避免与公司和全体股东发生利益冲突，在发生利益冲突时应当将公司和全体股东利益置于自身利益之上。

3.1.4 董事、监事和高级管理人员不得利用其在上市公司的职权牟取个人利益，不得因其作为董事、监事和高级管理人员身份从第三方获取不当利益。

3.1.5 董事、监事和高级管理人员应当保护上市公司资产的安全、完整，不得挪用公司资金和侵占公司财产。

董事、监事和高级管理人员应当严格区分公务支出和个人支出，不得利用公司为其支付应当由其个人负担的费用。

3.1.6 董事、监事和高级管理人员与上市公司订立合同或者进行交易的，应当根据《股票上市规则》和公司章程的规定提交公司董事会或者股东大会审议通过，并严格遵守公平性原则。

3.1.7 董事、监事和高级管理人员不得利用职务便利为自己或者他人牟取属于上市公司的商业机会，不得自营或者为他人经营与公司相同或者类似的业务。

3.1.8 董事、监事和高级管理人员应当勤勉尽责地履行职责，具备正常履行职责所需的必要的知识、技能和经验，并保证有足够的时间和精力履行职责。

3.1.9 董事、监事和高级管理人员行使职权应当符合有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程的规定，并在公司章程、股东大会决议或者董事会决议授权范围内行使。

3.1.10 董事、监事和高级管理人员应当严格按照有关规定履行报告义务和信息披露义务，并保证报告和披露的信息真实、准确、完整，不存在虚假记载、误导性陈述或者重大遗漏。

3.1.11 董事、监事和高级管理人员应当严格遵守公平信息披露原则，做好上市公司未公开重大信息的保密工作，不得以任何方式泄漏上市公司未公开重大信息，不得进行内幕交易、操纵市场或者其他欺诈活动。一旦出现泄漏，应当立即通知公司并督促其公告，公司不予披露的，应当立即向本所报告。

3.1.12 董事、监事和高级管理人员应当积极配合本所的日常监管，在规定期限内回答本所问询并按本所要求提交书面说明和相关资料，按时参加本所的约见谈话，并按照本所要求按时参加本所组织的相关培训和会议。

3.1.13 董事、监事和高级管理人员获悉上市公司控股股东、实际控制人及其关联人出现下列情形之一的，应当及时向公司董事会或者监事会报告，并督促公司按照有关规定履行信息披露义务：

（一）占用公司资金，挪用、侵占公司资产的；

（二）要求公司违法违规提供担保的；

（三）对公司进行或者拟进行重大资产重组的；

（四）持股或者控制公司的情况已发生或者拟发生较大变化的；

（五）持有、控制公司 5%以上的股份被质押、冻结、司法拍卖、托管、设置信托或者被依法限制表决权的；

（六）自身经营状况恶化，进入或者拟进入破产、清算等程序的；

（七）对公司股票及其衍生品种交易价格有较大影响的其他情形。

公司未及时履行信息披露义务，或者披露内容与实际情况不符的，相关董事、监事和高级管理人员应当立即向本所报告。

3.1.14 董事、监事和高级管理人员向上市公司董事会、监事会报告涉及本所《股票上市规则》及有关规定要求披露的事项，或者如披露可能对上市公司股票及其衍生品种交易价格产生影响的事项的，应当同时通报董事会秘书。

3.1.15 董事、监事和高级管理人员应当及时阅读并核查上市公司在中国证监会指定信息披露媒体（以下简称"中国证监会指定媒体"）上刊登的信息披露文件，发现与董事会决议、监事会决议不符或者与事实不符的，应当及时了解原因，提请董事会、监事会予以纠正，董事会、监事会不予

13

纠正的，应当立即向本所报告。

## 第二节　任职管理

3.2.1 上市公司应当在公司章程中规定规范、透明的董事、监事和高级管理人员选聘程序，保证董事、监事和高级管理人员选聘公开、公平、公正、独立。

3.2.2 董事会秘书在董事会审议其受聘议案前，应当取得本所颁发的董事会秘书资格证书；独立董事在被提名前，应当取得中国证监会认可的独立董事资格证书。

3.2.3 董事、监事和高级管理人员候选人存在下列情形之一的，不得被提名担任上市公司董事、监事和高级管理人员：

（一）《公司法》第一百四十六条规定的情形之一；

（二）被中国证监会采取证券市场禁入措施，期限尚未届满；

（三）被证券交易所公开认定为不适合担任上市公司董事、监事和高级管理人员，期限尚未届满；

（四）本所规定的其他情形。

董事、监事和高级管理人员候选人存在下列情形之一的，上市公司应当披露该候选人具体情形、拟聘请该候选人的原因以及是否影响上市公司规范运作：

（一）最近三年内受到中国证监会行政处罚；

（二）最近三年内受到证券交易所公开谴责或者三次以上通报批评；

（三）因涉嫌犯罪被司法机关立案侦查或者涉嫌违法违规被中国证监会立案调查，尚未有明确结论意见。

上述期间，应当以公司董事会、股东大会等有权机构审议董事、监事和高级管理人员候选人聘任议案的日期为截止日。

3.2.4 上市公司董事会中兼任公司高级管理人员以及由职工代表担任的董事人数总计不得超过公司董事总数的二分之一。

公司董事、高级管理人员及其配偶和直系亲属在公司董事、高级管理人员任职期间不得担任公司监事。

3.2.5 董事、监事和高级管理人员候选人被提名后，应当自查是否符合任职资格，及时向上市公司提供其是否符合任职资格的书面说明和相关资格证书（如适用）。

公司董事会、监事会应当对候选人的任职资格进行核查，发现不符合任职资格的，应当要求提名人撤销对该候选人的提名。

3.2.6 上市公司董事会秘书属于《公司法》规定的高级管理人员。本所鼓励上市公司董事会秘书由公司董事、副总经理、财务负责人或者其他高级管理人员担任。

3.2.7 独立董事任职资格应当符合有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他相关规定等。

3.2.8 董事、监事、高级管理人员候选人简历中，应当包括下列内容：

（一）工作经历，其中应当特别说明在公司股东、实际控制人等单位的工作情况；

（二）专业背景、从业经验等；

（三）是否存在本指引第 3.2.3 条所列情形；

（四）是否与持有公司 5%以上股份的股东、实际控制人、公司其他董事、监事和高级管理人员存在关联关系；

（五）本所要求披露的其他重要事项。

3.2.9 董事、监事和高级管理人员候选人在股东大会、董事会或者职工代表大会等有权机构审议其受聘议案时，应当亲自出席会议，就其任职资格、专业能力、从业经历、违法违规情况、与上市公司是否存在利益冲突，与公司控股股东、实际控制人以及其他董事、监事和高级管理人员的关系等情况进行说明。

3.2.10 董事、监事和高级管理人员辞职应当提交书面辞职报告。除下列情形外，董事、监事和高级管理人员的辞职自辞职报告送达董事会或者监事会时生效：

（一）董事、监事辞职导致董事会、监事会成员低于法定最低人数；

（二）职工代表监事辞职导致职工代表监事人数少于监事会成员的三分之一；

（三）独立董事辞职导致独立董事人数少于董事会成员的三分之一或者独立董事中没有会计专业人士。

在上述情形下，辞职报告应当在下任董事或者监事填补因其辞职产生的空缺后方能生效。在辞职报告尚未生效之前，拟辞职董事或者监事仍应当按照有关法律、行政法规和公司章程的规定继续履行职责。

出现第一款情形的，上市公司应当在二个月内完成补选。

3.2.11 董事、监事和高级管理人员应当在辞职报告中说明辞职时间、辞职原因、辞去的职务以及辞职后是否继续在上市公司任职（如继续任职，说明继续任职的情况）等情况。

辞职原因可能涉及公司或者其他董事、监事、高级管理人员违法违规或者不规范运作的，提出辞职的董事、监事和高级管理人员应当及时向本所报告。

3.2.12 董事、监事和高级管理人员在任职期间出现本指引第 3.2.3 条第一款所列情形之一的，相关董事、监事和高级管理人员应当在该事实发生之日起一个月内离职。

3.2.13 董事、监事和高级管理人员在离职生效之前，以及离职生效后或者任期结束后的合理期间或者约定的期限内，对上市公司和全体股东承担的忠实义务并不当然解除。

董事、监事和高级管理人员离职后，其对公司的商业秘密负有的保密义务在该商业秘密成为公开信息之前仍然有效，并应当严格履行与公司约定的禁止同业竞争等义务。

## 第三节　董事行为规范

3.3.1 董事应当在调查、获取作出决策所需文件情况和资料的基础上，充分考虑所审议事项的合法合规性、对上市公司的影响（包括潜在影响）以及存在的风险，以正常合理的谨慎态度勤勉履行职责并对所议事项表示

明确的个人意见。对所议事项有疑问的，应当主动调查或者要求董事会提供决策所需的更充足的资料或者信息。

3.3.2 董事应当关注董事会审议事项的决策程序，特别关注相关事项的提议程序、决策权限、表决程序和回避事宜。

3.3.3 董事应当亲自出席董事会会议，因故不能亲自出席董事会会议的，应当审慎选择并以书面形式委托其他董事代为出席，独立董事不得委托非独立董事代为出席会议。涉及表决事项的，委托人应当在委托书中明确对每一事项发表同意、反对或者弃权的意见。董事不得作出或者接受无表决意向的委托、全权委托或者授权范围不明确的委托。董事对表决事项的责任不因委托其他董事出席而免除。

一名董事不得在一次董事会会议上接受超过两名董事的委托代为出席会议。在审议关联交易事项时，非关联董事不得委托关联董事代为出席会议。

3.3.4 出现下列情形 之一的，董事应当作出书面说明并对外披露：

（一）连续两次未亲自出席董事会会议；

（二）任职期内连续十二个月未亲自出席董事会会议次数超过期间董事会会议总次数的二分之一。

3.3.5 董事审议授权事项时，应当对授权的范围、合法合规性、合理性和风险进行审慎判断，充分关注是否超出公司章程、股东大会议事规则和董事会议事规则等规定的授权范围，授权事项是否存在重大风险。

董事应当对授权事项的执行情况进行持续监督。

3.3.6 董事在审议重大交易事项时，应当详细了解发生交易的原因，审慎评估交易对上市公司财务状况和长远发展的影响，特别关注是否存在通过关联交易非关联化的方式掩盖关联交易的实质以及损害公司和中小股东合法权益的行为。

3.3.7 董事在审议关联交易事项时，应当对关联交易的必要性、公平性、真实意图、对上市公司的影响作出明确判断，特别关注交易的定价政策及定价依据，包括评估值的公允性、交易标的的成交价格与账面值或者评估值之间的关系等，严格遵守关联董事回避制度，防止利用关联交易调控利润、向关联人输送利益以及损害公司和中小股东的合法权益

3.3.8 董事在审议重大投资事项时，应当认真分析投资项目的可行性和投资前景，充分关注投资项目是否与上市公司主营业务相关、资金来源安排是否合理、投资风险是否可控以及该事项对公司的影响。

3.3.9 董事在审议对外担保议案前，应当积极了解被担保方的基本情况，如经营和财务状况、资信情况、纳税情况等。

董事在审议对外担保议案时，应当对担保的合规性、合理性、被担保方偿还债务的能力以及反担保措施是否有效等作出审慎判断。

董事在审议对上市公司的控股子公司、参股公司的担保议案时，应当重点关注控股子公司、参股公司的各股东是否按股权比例进行同比例担保。

3.3.10 董事在审议计提资产减值准备议案时，应当关注该项资产形成的过程及计提减值准备的原因、计提资产减值准备是否符合上市公司实际情况、计提减值准备金额是否充足以及对公司财务状况和经营成果的影响。

董事在审议资产核销议案时，应当关注追踪催讨和改进措施、相关责任人处理、资产减值准备计提和损失处理的内部控制制度的有效性。

3.3.11 董事在审议涉及会计政策变更、会计估计变更、重大会计差错更正等议案时，应当关注变更或者更正的合理性、对上市公司定期报告会计数据的影响、是否涉及追溯调整、是否导致公司相关年度盈亏性质改变、是否存在利用该等事项调节各期利润误导投资者的情形。

3.3.12 董事在审议对外提供财务资助议案前，应当积极了解被资助方的基本情况，如经营和财务状况、资信情况、纳税情况等。

董事在审议对外财务资助议案时，应当对提供财务资助的合规性、合理性、被资助方偿还能力以及担保措施是否有效等作出审慎判断。

3.3.13 董事在审议为控股子公司（上市公司合并报表范围内且持股比例超过 50%的控股子公司除外）、参股公司提供财务资助时，应当关注控股子公司、参股公司的其他股东是否按出资比例提供财务资助且条件同等、是否存在直接或者间接损害上市公司利益的情形，以及公司是否按规定履行审批程序和信息披露义务。

3.3.14 董事在审议出售或者转让在用的商标、专利、专有技术、特许经营权等与上市公司核心竞争能力相关的资产时，应当充分关注该事项是否存在损害公司和中小股东合法权益的情形，并应当对此发表明确意见。前述意见应当在董事会会议记录中作出记载。

3.3.15 董事在审议委托理财事项时，应当充分关注是否将委托理财的审批权授予董事或者高级管理人员个人行使，相关风险控制制度和措施是

否健全有效，受托方的诚信记录、经营状况和财务状况是否良好。

3.3.16 董事在审议证券投资、风险投资等事项时，应当充分关注上市公司是否建立专门内部控制制度，投资风险是否可控以及风险控制措施是否有效，投资规模是否影响公司正常经营，资金来源是否为自有资金，是否存在违反规定的证券投资、风险投资等情形。

3.3.17 董事在审议变更募集资金用途议案时，应当充分关注变更的合理性和必要性，在充分了解变更后项目的可行性、投资前景、预期收益等情况后作出审慎判断。

3.3.18 董事在审议上市公司收购和重大资产重组事项时，应当充分调查收购或者重组的意图，关注收购方或者重组交易对方的资信状况和财务状况，交易价格是否公允、合理，收购或者重组是否符合公司的整体利益，审慎评估收购或者重组对公司财务状况和长远发展的影响。

3.3.19 董事在审议利润分配和资本公积金转增股本（以下简称"利润分配"）方案时，应当关注利润分配的合规性和合理性，方案是否与上市公司可分配利润总额、资金充裕程度、成长性、公司可持续发展等状况相匹配。

3.3.20 董事在审议重大融资议案时，应当关注上市公司是否符合融资条件，并结合公司实际，分析各种融资方式的利弊，合理确定融资方式。涉及向关联人非公开发行股票议案的，应当特别关注发行价格的合理性。

3.3.21 董事在审议定期报告时，应当认真阅读定期报告全文，重点关注定期报告内容是否真实、准确、完整，是否存在重大编制错误或者遗漏，

主要会计数据和财务指标是否发生大幅波动及波动原因的解释是否合理，是否存在异常情况，董事会报告是否全面分析了上市公司报告期财务状况与经营成果并且充分披露了可能影响公司未来财务状况与经营成果的重大事项和不确定性因素等。

董事应当依法对定期报告是否真实、准确、完整签署书面确认意见，不得委托他人签署，也不得以任何理由拒绝签署。

董事对定期报告内容的真实性、准确性、完整性无法保证或者存在异议的，应当说明具体原因并公告，董事会和监事会应当对所涉及事项及其对公司的影响作出说明并公告。

3.3.22 董事应当严格执行并督促高级管理人员执行董事会决议、股东大会决议等相关决议。在执行相关决议过程中发现下列情形之一时，董事应当及时向上市公司董事会报告，提请董事会采取应对措施：

（一）实施环境、实施条件等出现重大变化，导致相关决议无法实施或者继续实施可能导致公司利益受损；

（二）实际执行情况与相关决议内容不一致，或者执行过程中发现重大风险；

（三）实际执行进度与相关决议存在重大差异，继续实施难以实现预期目标。

3.3.23 董事应当及时关注公共传媒对上市公司的报道，发现与公司实际情况不符、可能或者已经对公司股票及其衍生品种交易产生较大影响的，应当及时向有关方面了解情况，督促公司查明真实情况并做好信息披露工

作，必要时应当向本所报告。

3.3.24 出现下列情形之一的，董事应当立即向本所报告并披露：

（一）向董事会报告所发现的公司经营活动中的重大问题或者其他董事、监事、高级管理人员损害上市公司利益的行为，但董事会未采取有效措施的；

（二）董事会拟作出涉嫌违反法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定或者公司章程的决议时，董事明确提出反对意见，但董事会坚持作出决议的；

（三）其他应当报告的重大事项。

3.3.25 董事应当积极关注上市公司事务，通过审阅文件、问询相关人员、现场考察、组织调查等多种形式，主动了解公司的经营、运作、管理和财务等情况。对于关注到的重大事项、重大问题或者市场传闻，董事应当要求公司相关人员及时作出说明或者澄清，必要时应当提议召开董事会审议。

3.3.26 董事应当保证上市公司所披露信息的真实、准确、完整，董事不能保证公司披露的信息真实、准确、完整或者存在异议的，应当在公告中作出相应声明并说明理由，董事会、监事会应当对所涉及事项及其对公司的影响作出说明并公告。

3.3.27 董事应当监督上市公司的规范运作情况，积极推动公司各项内部制度建设，主动了解已发生和可能发生的重大事项及其进展情况对公司的影响，及时向董事会报告公司经营活动中存在的问题，不得以不直接从

事或者不熟悉相关业务为由推卸责任。

3.3.28 董事发现上市公司或者公司董事、监事、高级管理人员存在涉嫌违法违规行为时，应当要求相关方立即纠正或者停止，并及时向董事会报告，提请董事会进行核查，必要时应当向本所以及其他相关监管机构报告。

## 第四节　董事长行为规范

3.4.1 董事长应当积极推动上市公司内部各项制度的制订和完善，加强董事会建设，确保董事会工作依法正常开展，依法召集、主持董事会会议并督促董事亲自出席董事会会议。

3.4.2 董事长应当遵守董事会议事规则，保证上市公司董事会会议的正常召开，及时将应当由董事会审议的事项提交董事会审议，不得以任何形式限制或者阻碍其他董事独立行使其职权。

董事长应当严格遵守董事会集体决策机制，不得以个人意见代替董事会决策，不得影响其他董事独立决策。

3.4.3 董事长不得从事超越其职权范围的行为。

董事长在其职权范围（包括授权）内行使权力时，对上市公司经营可能产生重大影响的事项应当审慎决策，必要时应提交董事会集体决策。

对于授权事项的执行情况，董事长应当及时告知其他董事。

3.4.4 董事长应当积极督促董事会决议的执行，并及时将有关情况告知其他董事。

实际执行情况与董事会决议内容不一致，或者执行过程中发现重大风险的，董事长应当及时召集董事会进行审议并采取有效措施。

董事长应当定期向总经理和其他高级管理人员了解董事会决议的执行情况

3.4.5 董事长应当保证全体董事和董事会秘书的知情权，为其履行职责创造良好的工作条件，不得以任何形式阻挠其依法行使职权。

3.4.6 董事长在接到有关上市公司重大事项的报告后，应当立即敦促董事会秘书及时履行信息披露义务。

## 第五节　独立董事行为规范

3.5.1 独立董事应当独立公正地履行职责，不受上市公司主要股东、实际控制人或者其他与公司存在利害关系的单位和个人的影响。若发现所审议事项存在影响其独立性的情况，应当向公司申明并实行回避。任职期间出现明显影响独立性情形的，应当及时通知公司，提出解决措施，必要时应当提出辞职。

3.5.2 独立董事应当充分行使下列特别职权：

（一）需要提交股东大会审议的关联交易应当由独立董事认可后，提交董事会讨论。独立董事在作出判断前，可以聘请中介机构出具独立财务顾问报告；

（二）向董事会提议聘用或者解聘会计师事务所；

（三）向董事会提请召开临时股东大会；

（四）征集中小股东的意见，提出利润分配提案，并直接提交董事会审议；

（五）提议召开董事会；

（六）独立聘请外部审计机构和咨询机构；

（七）在股东大会召开前公开向股东征集投票权，但不得采取有偿或者变相有偿方式进行征集。

独立董事行使上述职权应当取得全体独立董事的二分之一以上同意。

3.5.3 独立董事应当对下列上市公司重大事项发表独立意见：

（一）提名、任免董事；

（二）聘任、解聘高级管理人员；

（三）董事、高级管理人员的薪酬；

（四）公司现金分红政策的制定、调整、决策程序、执行情况及信息披露，以及利润分配政策是否损害中小投资者合法权益；

（五）需要披露的关联交易、对外担保（不含对合并报表范围内子公司提供担保）、委托理财、对外提供财务资助、变更募集资金用途、上市公司自主变更会计政策、股票及其衍生品种投资等重大事项；

（六）公司股东、实际控制人及其关联企业对公司现有或者新发生的总额高于三百万元且高于公司最近经审计净资产值的 5%的借款或者其他资金往来，以及公司是否采取有效措施回收欠款；

（七）重大资产重组方案、股权激励计划；

（八）公司拟决定其股票不再在本所交易，或者转而申请在其他交易

场所交易或者转让；

（九）独立董事认为有可能损害中小股东合法权益的事项；

（十）有关法律、行政法规、部门规章、规范性文件、本所业务规则及公司章程规定的其他事项。

独立董事发表的独立意见类型包括同意、保留意见及其理由、反对意见及其理由和无法发表意见及其障碍，所发表的意见应当明确、清楚。

3.5.4　独立董事对重大事项出具的独立意见至少应当包括下列内容：

（一）重大事项的基本情况；

（二）发表意见的依据，包括所履行的程序、核查的文件、现场检查的内容等；

（三）重大事项的合法合规性；

（四）对上市公司和中小股东权益的影响、可能存在的风险以及公司采取的措施是否有效；

（五）发表的结论性意见。对重大事项提出保留意见、反对意见或者无法发表意见的，相关独立董事应当明确说明理由。

独立董事应当对出具的独立意见签字确认，并将上述意见及时报告董事会，与公司相关公告同时披露。

3.5.5　独立董事发现上市公司存在下列情形之一的，应当积极主动履行尽职调查义务并及时向本所报告，必要时应当聘请中介机构进行专项调查：

（一）重要事项未按规定提交董事会审议；

（二）未及时履行信息披露义务；

（三）公开信息中存在虚假记载、误导性陈述或者重大遗漏；

（四）其他涉嫌违法违规或者损害中小股东合法权益的情形。

3.5.6 独立董事原则上每年应当保证有不少于十天的时间，对上市公司生产经营状况、管理和内部控制等制度的建设及执行情况等进行现场了解，董事会决议执行情况等进行现场检查。现场检查发现异常情形的，应当及时向公司董事会和本所报告。

3.5.7 独立董事应当切实维护上市公司和全体股东的利益，了解掌握公司的生产经营和运作情况，充分发挥其在投资者关系管理中的作用。本所鼓励独立董事公布通信地址或者电子信箱与投资者进行交流，接受投资者咨询、投诉，主动调查损害公司和中小投资者合法权益的情况，并将调查结果及时回复投资者。

3.5.8 出现下列情形之一的，独立董事应当及时向中国证监会、本所及上市公司所在地证监会派出机构报告：

（一）被公司免职，本人认为免职理由不当的；

（二）由于公司存在妨碍独立董事依法行使职权的情形，致使独立董事辞职的；

（三）董事会会议材料不充分，两名以上独立董事书面要求延期召开董事会会议或者延期审议相关事项的提议未被采纳的；

（四）对公司或者其董事、监事、高级管理人员涉嫌违法违规行为向董事会报告后，董事会未采取有效措施的；

（五）严重妨碍独立董事履行职责的其他情形。

独立董事针对上述情形对外公开发表声明的，应当于披露前向本所报告，经本所审核后在中国证监会指定媒体上公告。本所对上述公告进行形式审核，对其内容的真实性不承担责任。

3.5.9 独立董事应当向上市公司年度股东大会提交述职报告并披露。述职报告应当包括下列内容：

（一）全年出席董事会方式、次数及投票情况，列席股东大会次数；

（二）发表独立意见的情况；

（三）现场检查工作；

（四）提议召开董事会、提议聘用或者解聘会计师事务所、独立聘请外部审计机构和咨询机构等情况；

（五）保护中小股东合法权益方面所做的其他工作。

3.5.10 独立董事应当对其履行职责的情况进行书面记载，本所可随时调阅独立董事的工作档案。

3.5.11 独立董事任职期间，应当按照相关规定参加本所认可的独立董事后续培训。

## 第六节   监事行为规范

3.6.1 监事应当对上市公司董事、高级管理人员遵守有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程以及执行公司职务的行为进行监督。董事、高级管理人员

应当如实向监事提供有关情况和资料，不得妨碍监事行使职权。

3.6.2 监事在履行监督职责过程中，对违反法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定、公司章程或者股东大会决议的董事、高级管理人员，可以提出罢免的建议。

3.6.3 监事发现董事、高级管理人员及上市公司存在违反法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定、公司章程或者股东大会决议的行为，已经或者可能给公司造成重大损失的，应当及时向董事会、监事会报告，提请董事会及高级管理人员予以纠正，并向中国证监会、本所或者其他有关部门报告。

3.6.4 监事应当对独立董事履行职责的情况进行监督，充分关注独立董事是否持续具备应有的独立性，是否有足够的时间和精力有效履行职责，履行职责时是否受到上市公司主要股东、实际控制人或者非独立董事、监事、高级管理人员的不当影响等。

3.6.5 监事应当对董事会专门委员会的执行情况进行监督，检查董事会专门委员会成员是否按照董事会专门委员会议事规则履行职责。

3.6.6 监事审议上市公司重大事项，参照本章第三节董事对重大事项审议的相关规定执行。

## 第七节　高级管理人员行为规范

3.7.1 上市公司高级管理人员应当严格执行公司董事会决议、股东大会决议等相关决议，不得擅自变更、拒绝或者消极执行相关决议。高级管

理人员在执行相关决议过程中发现公司存在第 3.3.22 条所列情形之一的，应当及时向总经理或者董事会报告，提请总经理或者董事会采取应对措施。

3.7.2 上市公司出现下列情形之一的，总经理或者其他高级管理人员应当及时向董事会报告，充分说明原因及对公司的影响，并提请董事会按照有关规定履行信息披露义务：

（一）公司所处行业发展前景、国家产业政策、税收政策、经营模式、产品结构、主要原材料和产品价格、主要客户和供应商等内外部生产经营环境出现重大变化的；

（二）预计公司经营业绩出现亏损、扭亏为盈或者同比大幅变动，或者预计公司实际经营业绩与已披露业绩预告情况存在较大差异的；

（三）其他可能对公司生产经营和财务状况产生较大影响的事项。

3.7.3 董事会秘书应当切实履行《股票上市规则》规定的各项职责，采取有效措施督促上市公司建立信息披露事务管理制度，做好信息披露相关工作。

3.7.4 高级管理人员进行上市公司重大事项决策，参照本章第三节董事对重大事项审议的相关规定执行。

## 第八节　股份及其变动管理

3.8.1 上市公司董事、监事、高级管理人员和证券事务代表在买卖本公司股票及其衍生品种前，应当知悉《公司法》、《证券法》等法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他相关

规定中关于内幕交易、操纵市场、短线交易等禁止行为的规定，不得进行违法违规的交易。

3.8.2 上市公司董事、监事、高级管理人员和证券事务代表及前述人员的配偶在买卖本公司股票及其衍生品种前，应当将其买卖计划以书面方式通知董事会秘书，董事会秘书应当核查公司信息披露及重大事项等进展情况，如该买卖行为可能违反《公司法》、《证券法》、《上市公司收购管理办法》、《股票上市规则》、本指引、本所其他相关规定和公司章程等规定的，董事会秘书应当及时书面通知相关董事、监事、高级管理人员和证券事务代表，并提示相关风险。

3.8.3 上市公司董事、监事、高级管理人员和证券事务代表应当在下列时间内委托公司向本所和中国证券登记结算有限责任公司深圳分公司（以下简称"中国结算深圳分公司"）申报其个人及其亲属（包括配偶、父母、子女、兄弟姐妹等）的身份信息（包括姓名、身份证件号码等）：

（一）新上市公司的董事、监事、高级管理人员和证券事务代表在公司申请股票上市时；

（二）新任董事、监事在股东大会（或者职工代表大会）通过其任职事项后二个交易日内；

（三）新任高级管理人员在董事会通过其任职事项后二个交易日内；

（四）新任证券事务代表在公司通过其任职事项后二个交易日内；

（五）现任董事、监事、高级管理人员和证券事务代表在其已申报的个人信息发生变化后的二个交易日内；

（六）现任董事、监事、高级管理人员和证券事务代表在离任后二个交易日内；

（七）本所要求的其他时间。

以上申报数据视为相关人员向本所和中国结算深圳分公司提交的将其所持本公司股份按相关规定予以管理的申请。

3.8.4 上市公司及其董事、监事、高级管理人员和证券事务代表应当保证其向本所和中国结算深圳分公司申报数据的真实、准确、及时、完整，同意本所及时公布相关人员买卖本公司股份及其衍生品种的情况，并承担由此产生的法律责任。

3.8.5 上市公司应当按照中国结算深圳分公司的要求，对董事、监事、高级管理人员和证券事务代表及其亲属股份相关信息进行确认，并及时反馈确认结果。如因确认错误或者反馈更正信息不及时等造成任何法律纠纷，均由公司自行解决并承担相关法律责任。

3.8.6 董事、监事、高级管理人员在委托上市公司申报个人信息后，中国结算深圳分公司根据其申报数据资料，对其身份证件号码项下开立的证券账户中已登记的本公司股份予以锁定。

上市已满一年公司的董事、监事、高级管理人员证券账户内通过二级市场购买、可转债转股、行权、协议受让等方式年内新增的本公司无限售条件股份，按 75%自动锁定；新增有限售条件的股份，计入次年可转让股份的计算基数。

上市未满一年公司的董事、监事、高级管理人员证券账户内新增的本

公司股份，按 100%自动锁定。

3.8.7 每年的第一个交易日，中国结算深圳分公司以上市公司董事、监事和高级管理人员在上年最后一个交易日登记在其名下的在本所上市的本公司股份为基数，按 25%计算其本年度可转让股份法定额度；同时，对该人员所持的在本年度可转让股份额度内的无限售条件的流通股进行解锁。

当计算可解锁额度出现小数时，按四舍五入取整数位；当某账户持有本公司股份余额不足一千股时，其本年度可转让股份额度即为其持有本公司股份数。

因公司进行权益分派、减资缩股等导致董事、监事和高级管理人员所持本公司股份变化的，本年度可转让股份额度做相应变更。

3.8.8 董事、监事和高级管理人员拥有多个证券账户的，应当按照中国结算深圳分公司的规定合并为一个账户，在合并账户前，中国结算深圳分公司按本指引的规定对每个账户分别做锁定、解锁等相关处理。

3.8.9 对涉嫌违法违规交易的董事、监事和高级管理人员，中国结算深圳分公司可以根据中国证监会、本所的要求对登记在其名下的本公司股份予以锁定。

3.8.10 上市公司董事、监事和高级管理人员所持股份登记为有限售条件股份的，当解除限售的条件满足后，董事、监事和高级管理人员可以委托公司向本所和中国结算深圳分公司申请解除限售。解除限售后中国结算深圳分公司自动对董事、监事和高级管理人员名下可转让股份剩余额度内的股份进行解锁，其余股份自动锁定。

3.8.11 在锁定期间，董事、监事和高级管理人员所持本公司股份依法享有的收益权、表决权、优先配售权等相关权益不受影响。

3.8.12 上市公司董事、监事和高级管理人员离任并委托公司申报个人信息后，中国结算深圳分公司自其申报离任日起六个月内将其持有及新增的本公司股份予以全部锁定，到期后将其所持本公司无限售条件股份全部自动解锁。

3.8.13 上市公司董事、监事、高级管理人员和证券事务代表应当在买卖本公司股份及其衍生品种的二个交易日内，通过公司董事会在本所指定网站上进行披露。披露内容包括：

（一）本次变动前持股数量；

（二）本次股份变动的日期、数量、价格；

（三）本次变动后的持股数量；

（四）本所要求披露的其他事项。

董事、监事、高级管理人员和证券事务代表以及董事会拒不披露的，本所在指定网站公开披露以上信息。

3.8.14 上市公司董事、监事和高级管理人员违反《证券法》的相关规定，将其所持本公司股票在买入后六个月内卖出，或者在卖出后六个月内又买入的，公司董事会应当收回其所得收益，并及时披露下列内容：

（一）相关人员违规买卖股票的情况；

（二）公司采取的处理措施；

（三）收益的计算方法和董事会收回收益的具体情况；

（四）本所要求披露的其他事项。

持有公司 5%以上股份的股东违反《证券法》关于短线交易的相关规定的，公司董事会应当按照上款规定履行义务。

3.8.15 上市公司董事、监事、高级管理人员、证券事务代表及前述人员的配偶在下列期间不得买卖本公司股票及其衍生品种：

（一）公司定期报告公告前三十日内，因特殊原因推迟年度报告、半年度报告公告日期的，自原预约公告日前三十日起算，至公告前一日；

（二）公司业绩预告、业绩快报公告前十日内；

（三）自可能对本公司股票及其衍生品种交易价格产生较大影响的重大事件发生之日或者进入决策程序之日，至依法披露后二个交易日内；

（四）中国证监会及本所规定的其他期间。

公司董事、监事、高级管理人员及证券事务代表应当督促其配偶遵守前款规定，并承担相应责任。

3.8.16 上市公司可以根据公司章程的规定，对董事、监事、高级管理人员、证券事务代表及其配偶等人员所持本公司股份规定更长的禁止转让期间、更低的可转让股份比例或者附加其他限制转让条件的，应当及时向本所申报。中国结算深圳分公司按照本所确定的锁定比例锁定股份。

3.8.17 上市公司董事、监事和高级管理人员应当确保下列自然人、法人或者其他组织不发生因获知内幕信息而买卖本公司股票及其衍生品种的行为：

（一）公司董事、监事、高级管理人员的配偶、父母、子女、兄弟姐

妹；

（二）公司董事、监事、高级管理人员控制的法人或者其他组织；

（三）公司证券事务代表及其配偶、父母、子女、兄弟姐妹；

（四）中国证监会、本所或者公司根据实质重于形式的原则认定的其他与公司或者公司董事、监事、高级管理人员、证券事务代表有特殊关系，可能获知内幕信息的自然人、法人或者其他组织。

上述自然人、法人或者其他组织买卖本公司股份及其衍生品种的，参照本指引第 3.8.13 条的规定执行。

## 第四章　股东、控股股东和实际控制人行为规范

### 第一节　总体要求

4.1.1 上市公司股东和实际控制人应当遵守法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程，依法行使股东权利，不得滥用股东权利损害公司和其他股东的利益。

4.1.2 上市公司股东和实际控制人应当严格按照《证券法》、《上市公司收购管理办法》、《股票上市规则》等相关规定履行信息披露义务，及时报告和公告其收购及股份权益变动等信息，并保证披露的信息真实、准确、完整，不得有虚假记载、误导性陈述或者重大遗漏。

4.1.3 上市公司股东和实际控制人应当积极配合公司履行信息披露义务。

公司股票及其衍生品种交易出现异常波动，或者公共传媒上出现与公司股东或者实际控制人有关的、对公司股票及其衍生品种交易价格可能产生较大影响的报道或者传闻时，相关股东或者实际控制人应当积极配合本所和公司的调查、询问，及时就有关报道或者传闻所涉及事项的真实情况答复本所和公司，说明是否存在与其有关的、对公司股票及其衍生品种交易价格可能产生较大影响或者影响投资者合理预期的应当披露而未披露的重大信息。

4.1.4 上市公司股东和实际控制人应当严格履行其作出的公开声明和各项承诺，采取有效措施确保承诺的履行，不得擅自变更或者解除。

4.1.5 上市公司股东和实际控制人以及其他知情人员不得以任何方式泄漏有关公司的未公开重大消息，不得利用公司未公开重大信息牟取利益，不得进行内幕交易、操纵市场或者其他欺诈活动。

4.1.6 发生下列情况之一时，持有、控制上市公司5%以上股份的股东或者实际控制人应当立即通知公司并配合其履行信息披露义务：

（一）相关股东持有、控制的公司5%以上股份被质押、冻结、司法拍卖、托管或者设定信托或者被依法限制表决权；

（二）相关股东或者实际控制人进入破产、清算等状态；

（三）相关股东或者实际控制人持股或者控制公司的情况已发生或者拟发生较大变化；

（四）相关股东或者实际控制人拟对公司进行重大资产或者债务重组；

（五）本所认定的其他情形。

上述情形出现重大变化或者进展的，相关股东或者实际控制人应当及时通知公司、向本所报告并予以披露。

4.1.7 在上市公司收购、相关股份权益变动、重大资产或者债务重组等有关信息依法披露前发生下列情形之一的，相关股东或者实际控制人应当及时通知公司刊登提示性公告，披露有关收购、相关股份权益变动、重大资产或者债务重组等事项的筹划情况和既有事实：

（一）相关信息已经泄露或者市场出现有关该事项的传闻；

（二）公司股票及其衍生品种交易出现异常波动；

（三）相关股东或者实际控制人预计相关信息难以保密；

（四）本所认定的其他情形。

4.1.8 上市公司股东行使股东大会召集权、提案权等权利时，应当遵守有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程等的规定，做好信息保密工作，不得从事内幕交易。

## 第二节　控股股东和实际控制人行为规范

4.2.1 控股股东、实际控制人应当采取切实措施保证上市公司资产完整、人员独立、财务独立、机构独立和业务独立，不得通过任何方式影响公司的独立性。

公司无控股股东、实际控制人的，公司第一大股东及其最终控制人应当比照控股股东、实际控制人，履行本章节的规定。

4.2.2 控股股东、实际控制人应当善意使用其控制权，不得利用其控制权从事有损于上市公司和中小股东合法权益的行为。

4.2.3 控股股东、实际控制人及其控制的其他企业不得利用关联交易、资产重组、垫付费用、对外投资、担保、利润分配和其他方式直接或者间接侵占上市公司资金、资产，损害公司及其他股东的合法权益。

4.2.4 对上市公司违法行为负有责任的控股股东及实际控制人，应当主动、依法将其持有的公司股权及其他资产用于赔偿中小投资者。

4.2.5 控股股东、实际控制人应当签署《控股股东、实际控制人声明及承诺书》，并报本所和上市公司董事会备案。控股股东、实际控制人发生变化的，新的控股股东、实际控制人应当在其完成变更的一个月内完成《控股股东、实际控制人声明及承诺书》的签署和备案工作。

控股股东、实际控制人签署《控股股东、实际控制人声明及承诺书》时，应当由律师见证，并由律师解释该文件的内容，相关控股股东、实际控制人在充分理解后签字盖章。

4.2.6 控股股东、实际控制人应当在《控股股东、实际控制人声明及承诺书》中声明：

（一）直接和间接持有上市公司股票的情况；

（二）有无因违反法律、行政法规、部门规章、规范性文件、《股票上市规则》或者其他相关规定受查处的情况；

（三）关联人基本情况；

（四）本所认为应当说明的其他情况。

4.2.7 控股股东、实际控制人应当履行下列职责并在《控股股东、实际控制人声明及承诺书》中作出承诺：

（一）遵守并促使上市公司遵守法律、行政法规、部门规章、规范性文件；

（二）遵守并促使公司遵守本所《股票上市规则》、本指引、本所其他相关规定，接受本所监管；

（三）遵守并促使公司遵守公司章程；

（四）依法行使股东权利，不滥用控制权损害公司或者其他股东的利益；

（五）严格履行作出的公开声明和各项承诺，不擅自变更或者解除；

（六）严格按照有关规定履行信息披露义务；

（七）本所认为应当履行的其他职责和应当作出的其他承诺。

控股股东、实际控制人应当明确承诺如存在控股股东、实际控制人及其关联人占用公司资金、要求公司违法违规提供担保的，在占用资金全部归还、违规担保全部解除前不转让所持有、控制的公司股份，并授权公司董事会办理股份锁定手续。公司董事会应当自知悉控股股东、实际控制人及其关联人占用公司资金、由公司违法违规提供担保的事实之日起五个交易日内，办理有关当事人所持公司股份的锁定手续。

4.2.8 控股股东、实际控制人应当保证《控股股东、实际控制人声明及承诺书》中声明事项的真实、准确、完整，不存在虚假记载、误导性陈述或者重大遗漏。

控股股东、实际控制人声明事项发生变化的，应当自该等事项发生变化之日起五个交易日内向本所和公司董事会提交有关该等事项的最新资料。

4.2.9 控股股东、实际控制人作出的承诺应当具体、明确、无歧义、具有可操作性，并采取有效措施保证其作出的承诺能够有效履行。

控股股东、实际控制人应当关注自身经营、财务状况，评价履约能力，在其经营、财务状况恶化、担保人或者履约担保物发生变化导致或者可能导致其无法履行承诺时，应当及时告知上市公司，并予以披露，说明有关影响承诺履行的具体情况，同时提供新的履约担保。

4.2.10 控股股东、实际控制人应当保证上市公司人员独立，不得通过下列任何方式影响公司人员独立：

（一）通过行使提案权、表决权以外的方式影响公司人事任免；

（二）通过行使提案权、表决权以外的方式限制公司董事、监事、高级管理人员以及其他在公司任职的人员履行职责；

（三）聘任公司高级管理人员在本公司或者其控制的企业担任除董事以外的职务；

（四）向公司高级管理人员支付薪金或者其他报酬；

（五）无偿要求公司人员为其提供服务；

（六）有关法律、行政法规、部门规章和规范性文件规定及本所认定的其他情形。

4.2.11 控股股东、实际控制人应当保证上市公司财务独立，不得通过下列任何方式影响公司财务独立：

（一）与公司共用银行账户；

（二）将公司资金以任何方式存入控股股东、实际控制人及其关联人控制的账户；

（三）占用公司资金；

（四）要求公司违法违规提供担保；

（五）将公司财务核算体系纳入控股股东、实际控制人管理系统之内，如共用财务会计核算系统或者控股股东、实际控制人可以通过财务会计核算系统直接查询公司经营情况、财务状况等信息；

（六）有关法律、行政法规、部门规章和规范性文件的规定及本所认定的其他情形。

4.2.12 控股股东、实际控制人不得以下列任何方式占用上市公司资金：

（一）要求公司为其垫付、承担工资、福利、保险、广告等费用、成本和其他支出；

（二）要求公司代其偿还债务；

（三）要求公司有偿或者无偿、直接或者间接拆借资金给其使用；

（四）要求公司通过银行或者非银行金融机构向其提供委托贷款；

（五）要求公司委托其进行投资活动；

（六）要求公司为其开具没有真实交易背景的商业承兑汇票；

（七）要求公司在没有商品和劳务对价情况下以其他方式向其提供资金；

（八）不及时偿还公司承担对其的担保责任而形成的债务；

（九）中国证监会及本所认定的其他情形。

4.2.13 控股股东、实际控制人及其控制的其他企业应当保证上市公司业务独立，不得通过下列任何方式影响上市公司业务独立：

（一）与公司进行同业竞争；

（二）要求公司与其进行显失公平的关联交易；

（三）无偿或者以明显不公平的条件要求公司为其提供商品、服务或者其他资产；

（四）有关法律、行政法规、部门规章和规范性文件规定及本所认定的其他情形。

4.2.14 控股股东、实际控制人应当保证上市公司资产完整和机构独立，不得通过下列任何方式影响上市公司资产完整和机构独立：

（一）与公司共用主要机器设备、厂房、专利、非专利技术等；

（二）与公司共用原材料采购和产品销售系统；

（三）与公司共用机构和人员；

（四）通过行使提案权、表决权以外的方式对公司董事会、监事会和其他机构行使职权进行限制或者施加其他不正当影响；

（五）有关法律、行政法规、部门规章和规范性文件规定及本所认定的其他情形。

4.2.15 控股股东、实际控制人应当充分保护中小股东的提案权、表决权、董事提名权等权利，不得以任何理由限制、阻挠其合法权利的行使。

4.2.16 控股股东、实际控制人提出议案时应当充分考虑和把握议案对

上市公司和中小股东利益的影响。

4.2.17 控股股东、实际控制人与上市公司之间进行交易，应当遵循平等、自愿、等价、有偿的原则，不得通过任何方式影响公司的独立决策，不得通过欺诈、虚假陈述或者其他不正当行为等方式损害公司和中小股东的合法权益。

4.2.18 控股股东、实际控制人不得利用其对上市公司的控制地位，牟取属于公司的商业机会。

4.2.19 控股股东、实际控制人不得以利用他人账户或者向他人提供资金的方式买卖上市公司股份。

4.2.20 控股股东、实际控制人买卖上市公司股份，应当严格按照法律、行政法规、部门规章、规范性文件、本所相关规定履行审批程序和信息披露义务，不得以任何方式规避履行审批程序和信息披露义务。

4.2.21 控股股东、实际控制人在下列期间不得买卖上市公司股份：

（一）公司年度报告公告前三十日内，因特殊原因推迟年度报告公告日期的，自原预约公告日前三十日起算，直至公告前一日；

（二）公司业绩预告、业绩快报公告前十日内；

（三）自可能对公司股票及其衍生品种交易价格产生较大影响的重大事件发生之日或者进入决策程序之日，至依法披露后二个交易日内；

（四）中国证监会及本所规定的其他期间。

4.2.22 控股股东、实际控制人为自然人的，其配偶、未成年子女在本指引第 4.2.21 条规定的期间不得买卖该上公司股份。

4.2.23 控股股东、实际控制人转让上市公司控制权时，应当注意协调新老股东更换，防止公司出现动荡，并确保公司董事会以及公司管理层稳定过渡。

4.2.24 控股股东、实际控制人预计未来六个月内通过证券交易系统出售其持有或者控制的上市公司股份可能达到或者超过公司股份总数 5%的，公司应当在首次出售二个交易日前刊登提示性公告。

4.2.25 前条提示性公告应当包括下列内容：

（一）拟出售的股份数量；

（二）拟出售的时间；

（三）拟出售的价格区间（如有）；

（四）减持原因；

（五）本所要求的其他内容。

控股股东、实际控制人未按照前述规定刊登提示性公告的，任意连续六个月内通过证券交易系统出售上市公司股份不得达到或者超过公司股份总数的 5%。

4.2.26 控股股东、实际控制人通过信托或者其他管理方式买卖上市公司股份的，适用本节相关规定。

4.2.27 控股股东、实际控制人应当建立信息披露管理制度，明确规定涉及上市公司重大信息的范围、内部保密、报告和披露等事项。

4.2.28 控股股东、实际控制人不得通过直接调阅、要求上市公司向其报告等方式获取公司未公开重大信息，但法律、行政法规规定的除外。

4.2.29 控股股东、实际控制人对涉及上市公司的未公开重大信息应当采取严格的保密措施。对应当披露的重大信息，应当第一时间通知公司并通过公司对外公平披露，不得提前泄漏。一旦出现泄露应当立即通知公司，并督促公司立即公告。

4.2.30 控股股东、实际控制人及其相关人员应当慎重对待有关上市公司的媒体采访或者投资者调研，不得提供与公司相关的未公开重大信息，不得进行误导性陈述，不得提供、传播虚假信息。

4.2.31 控股股东、实际控制人应当按照本所要求如实填报并及时更新关联人信息，保证所提供的信息真实、准确、完整。

4.2.32 上市公司控股股东和实际控制人的董事、监事和高级管理人员应当遵守并促使相关控股股东、实际控制人遵守法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引、本所其他相关规定和公司章程的规定。

## 第三节    限售股份上市流通管理

4.3.1 上市公司股东持有的下列有限售条件股份（以下简称"限售股份"）上市流通适用本节规定：

（一）新老划断后上市的公司在首次公开发行前已经发行的股份；

（二）已经完成股权分置改革的公司有限售期规定的原非流通股股份；

（三）公司非公开发行的股份；

（四）其他根据法律、行政法规、部门规章、规范性文件及本所相关

规定存在限售条件的股份。

4.3.2 持有限售股份的股东在上市公司配股时通过行使配股权所认购的股份，限售期限与原持有的限售股份的限售期限相同。

4.3.3 在限售股份上市流通前，相关股东和上市公司不得通过提供、传播虚假或者误导性信息等任何方式操纵公司股票交易价格。

4.3.4 上市公司股东出售已解除限售的股份应当严格遵守所作出的各项承诺，其股份出售不得影响未履行完毕的承诺的继续履行。

4.3.5 保荐机构及其保荐代表人应当按照有关规定督导相关股东严格履行其作出的各项承诺，规范股份上市流通行为。

4.3.6 上市公司及其股东、保荐机构应当关注限售股份的限售期限。股东申请限售股份上市流通的，应当委托公司董事会办理相关手续。

申请对新发行的限售股份解除限售应当满足下列条件：

（一）申请解除限售的股份限售期满；

（二）股东所持股份解除限售，不影响该股东在发行中所作出的承诺；

（三）申请解除限售的股东不存在对公司的资金占用或者公司对该股东的违规担保等损害公司利益的行为；

（四）股东作出有关最低减持价格追加承诺的，在提交解除限售申请前五个交易日内，公司股票交易价格至少有一个交易日的收盘价不低于承诺的最低减持价。

申请对股权分置改革限售股份解除限售除了满足前款规定的条件外，还应当满足下列条件：

（一）对于在股权分置改革中由其他股东代为垫付对价的，申请解除其所持股份限售的股东（被垫付股东）已偿还被垫付的股份或者已取得垫付股东的书面同意；

（二）公司股票未被本所暂停上市交易；

（三）申请解除股份限售的股东为外资股股东的，不存在利用其账户买入 A 股的情形；

（四）申请解除股份限售的股东不存在违反相关规定违规减持的情形。

4.3.7　申请对新发行的限售股份办理解除限售时，上市公司董事会应当向本所提交下列文件：

（一）中国结算深圳分公司出具的公司股权结构表、有限售条件的股东名册；

（二）公司董事会出具的《上市公司限售股份解除限售申请表》；

（三）公司董事会就申请解除限售的股东在发行中的承诺及其履行情况、是否存在该股东对公司资金的占用、公司对该股东的违法违规担保等损害公司利益行为的情况说明；

（四）公司董事会出具的解除股份限售的提示性公告；

（五）限售股份持有人为公司控股股东、实际控制人的，该股东应当说明其对本次解除限售的股份的处置意图。

申请对股权分置改革限售股份解除限售时，除了提交前款规定的文件外，还应当提交保荐机构关于解除股份限售的核查意见。

持有股权分置改革限售股份超过公司股份总数 1%的股东委托公司董

事会向本所提出解除对其所持股份限售的申请时，应当同时提交知悉并严格遵守本所有关业务规则的承诺文件。

4.3.8 上市公司董事会应当在限售股份解除限售日前三个交易日内，按照本所相关规定刊登股份解除限售的提示性公告。

股份解除限售后，股东所持股份发生变动时，应当按照有关规定履行信息披露义务。

4.3.9 在上市公司实施股权分置改革前持有、控制公司股份总额 5%以上的原非流通股东通过证券交易系统出售限售股份，每累计达到该公司股份总额的 1%时，公司应当在该事实发生之日起二个交易日内作出公告。

4.3.10 在限售股份出售情况尚未依法披露前，有关信息已在公关传媒上传播或者上市公司股票交易出现异常的，公司董事会应当及时向相关股东进行查询，相关股东应当及时将有关情况报告公司并予以公告。

## 第四节　股东及其一致行动人增持股份业务管理

4.4.1 本节规定适用于以下情形：

（一）在上市公司中拥有权益的股份达到或者超过该公司已发行股份的 30%的，自上述事实发生之日起一年后，每十二个月内增持不超过该公司已发行的 2%的股份；

（二）在上市公司中拥有权益的股份达到或者超过公司已发行股份 50%的股东及其一致行动人，继续增加其在公司拥有的权益不影响公司上市地位的。

4.4.2 上市公司股东及其一致行动人每累计增持股份比例达到该公司已发行股份的 1%的，应当在事实发生之日通知公司，委托公司在当日或者次一交易日披露增持股份进展公告。

股东及其一致行动人可以在首次增持上市公司股份时，或者在增持股份比例达到公司已发行股份的 1%之前将增持情况通知公司，并委托公司在当日或者次一交易日披露增持股份进展公告。

4.4.3 上市公司股东及其一致行动人增持股份公告应当包括下列内容：

（一）增持人姓名或者名称；

（二）增持目的及计划；

（三）增持方式（如集中竞价、大宗交易等）；

（四）增持期间（增持期间自首次增持之日起算不超过十二个月）；

（五）已增持股份的数量及比例；

（六）增持行为是否存在违反《证券法》、《上市公司收购管理办法》等法律、行政法规、部门规章、规范性文件和本所业务规则等规定的情况说明；

（七）拟继续增持的，应当披露拟继续增持股份数量及比例的下限和上限，且下限不得为零，并披露关于拟继续增持股份的增持实施条件（如增持股价区间、增持金额的限制、增持期限、是否须经有关部门批准等）以及若增持实施条件未达成是否仍继续增持等情况说明；

（八）股东及其一致行动人增持股份是否影响公司上市地位的说明；

（九）股东及其一致行动人在增持期间及法定期限内不减持公司股份的承诺；

（十）本所要求的其他内容。

4.4.4  在上市公司中拥有权益的股份达到或者超过该公司已发行股份的 30%的，自上述事实发生之日起一年后，每十二个月内增持不超过该公司已发行的 2%的股份的，在增持股份比例达到公司已发行股份的 2%时，或者在全部增持计划完成时，或者在自首次增持事实发生后的十二个月期限届满时，应当及时通知公司，聘请律师就股东及其一致行动人增持公司股份是否符合《证券法》、《上市公司收购管理办法》等有关规定、是否满足《上市公司收购管理办法》规定的免于提出豁免发出要约申请的条件出具专项核查意见，并委托公司在增持行为完成后三日内披露增持结果公告和律师出具的专项核查意见。

4.4.5 持股 50%以上的股东及其一致行动人每累计增持股份比例达到上市公司已发行股份的 2%的，自事实发生当日起至公司发布增持股份进展公告的当日，不得再行增持公司股份。

持股 50%以上的股东及其一致行动人在全部增持计划完成时，或者增持期限届满时，应当及时通知公司，聘请律师就股东及其一致行动人增持公司股份是否符合《证券法》、《上市公司收购管理办法》等有关规定、是否满足《上市公司收购管理办法》规定的免于提出豁免发出要约申请的条件出具专项核查意见，并委托公司在增持行为完成后三日内披露增持结果公告和律师出具的专项核查意见。

4.4.6 股东及其一致行动人委托上市公司披露股东及其一致行动人增持结果公告，应当包括下列内容：

（一）增持人姓名或者名称；

（二）首次披露增持进展公告的时间；

（三）增持计划的具体内容；

（四）增持计划的实施情况，包括增持期间、增持方式、增持股份的数量及比例、增持前后的持股数量及比例、增持承诺的履行情况等；

（五）增持行为是否存在违反《证券法》、《上市公司收购管理办法》等法律、行政法规、部门规章、规范性文件和本所业务规则等规定的情况说明、是否满足《上市公司收购管理办法》规定的免于提出豁免发出要约申请的条件以及律师出具的专项核查意见；

（六）股东及其一致行动人法定期限内不减持公司股份的承诺；

（七）公司或者本所认为必要的其他内容。

4.4.7 上市公司股东及其一致行动人在增持公司股份期间及增持完成后法定期限内，应当严格遵守有关规定，不得从事内幕交易、敏感期买卖股份、短线交易、增持期间及法定期限内减持、超计划增持等违规行为。

4.4.8 在上市公司中拥有权益的股份达到或者超过该公司已发行股份30%的股东及其一致行动人，自上述事实发生之日起一年后，每十二个月内增持不超过该公司已发行股份2%的，股份锁定期为增持行为完成之日起六个月。

除上述情形外，根据《证券法》的相关规定，股东及其一致行动人在

增持完成后十二个月内不得转让所持公司股份。

4.4.9 在一个上市公司中拥有权益的股份达到或者超过该公司已发行股份的 30%的股东及其一致行动人，自上述事实发生之日起一年后，每十二个月内拟增持超过该公司已发行股份 2%的，应当按照《上市公司收购管理办法》的相关规定，以要约收购方式或者向中国证监会申请豁免其要约收购义务后增持该公司股份。

在一个公司中拥有权益的股份达到或者超过该公司已发行股份的 50%的股东及其一致行动人，拟继续增持其在该公司拥有权益的股份不影响该公司上市地位的，可直接向本所和中国结算深圳分公司申请办理股份转让和过户登记手续。

## 第五节　承诺及承诺履行

4.5.1 上市公司股东和实际控制人（以下简称"承诺人"）应当及时将其对证券监管机构、公司或者其他股东作出的承诺事项告知公司并报送本所备案，同时按有关规定予以披露。

4.5.2 上市公司控股股东、实际控制人通过处置股权等方式丧失控制权的，如该控股股东、实际控制人承诺的相关事项未履行完毕，相关承诺义务应当予以履行或者由收购人予以承接，相关事项应当明确披露。

4.5.3 承诺人作出的承诺应当具体、明确、无歧义、具有可操作性，并与本所和中国结算深圳分公司实时监管的技术条件相适应。

承诺人应当在承诺中作出履约保证声明并明确违约责任。

4.5.4 承诺人可以作出下列承诺事项：

（一）预设最低持股比例；

（二）延长股份禁售期；

（三）限定出售股份的价格；

（四）增持上市公司股份；

（五）赋予流通股股东认购（或者认沽）权利；

（六）向流通股股东追送股份或者现金；

（七）承诺提出利润分配方案；

（八）其他经本所认可的承诺事项。

4.5.5 承诺人作出的承诺事项应当包括下列内容：

（一）承诺的具体事项；

（二）履约方式、履约时限、履约能力分析、履约风险及防范对策、不能履约时的责任；

（三）履约担保安排，包括担保方、担保方资质、担保方式、担保协议（函）主要条款、担保责任等（如有）；

（四）违约责任和声明；

（五）本所要求的其他内容。

承诺事项应当有明确的履约时限，不得使用"尽快"、"时机成熟时"等模糊性词语；承诺履行涉及行业政策限制的，应当在政策允许的基础上明确履约时限。

4.5.6　承诺人在作出承诺前应当分析论证承诺事项的可实现性并公

开披露相关内容，不得承诺根据当时情况判断明显不可能实现的事项。

承诺事项需要主管部门审批的，承诺人应当明确披露需要取得的审批，并明确如无法取得审批的补救措施。

4.5.7 因相关法律法规、政策变化、自然灾害等自身无法控制的客观原因导致承诺无法履行或者无法按期履行的，承诺人应当及时披露相关信息。

除因相关法律法规、政策变化、自然灾害等自身无法控制的客观原因外，承诺确已无法履行或者履行承诺不利于维护公司权益的，承诺人应当充分披露原因，并向公司或者其他投资者提出用新承诺替代原有承诺或者提出豁免履行承诺义务。

上述变更方案应当提交股东大会审议，承诺人及关联人应当回避表决。如原承诺以特别决议方式审议通过的，本次变更仍应当以特别决议方式审议。独立董事、监事会应当就承诺人提出的变更方案是否合法合规、是否有利于保护公司或者其他投资者的利益发表意见。变更方案未经股东大会审议通过且承诺到期的，视同超期未履行承诺。

4.5.8 承诺人所作出的承诺应当符合本指引的规定，相关承诺事项应当由上市公司进行披露，公司如发现承诺人作出的承诺事项不符合本指引的要求，应当及时披露相关信息并向投资者作出风险提示。

公司应当在定期报告中披露报告期内发生或者正在履行中的所有承诺事项及具体履行情况。

当承诺履行条件即将达到或者已经达到时，承诺人应当及时通知公司，

并履行承诺和信息披露义务。

4.5.9 承诺人对其所持有的上市公司股份的持有期限等追加承诺，应当满足下列条件：

（一）承诺人不得利用追加承诺操纵股价；

（二）公司董事、监事和高级管理人员以及其他内幕知情人，不得利用追加承诺的内幕信息违规买卖公司股票及其衍生品种；

（三）承诺人追加的承诺不得影响其已经作出承诺的履行。

4.5.10 承诺人作出追加承诺后二个交易日内，应当通知上市公司董事会；追加承诺达到披露标准的，公司应当及时公告，并向本所提交下列文件：

（一）承诺人追加承诺申请表；

（二）承诺人追加承诺的公告；

（三）承诺人出具的追加承诺书面文件；

（四）本所要求的其他文件。

4.5.11 承诺人作出的追加承诺经上市公司董事会对外公告后，公司应当在定期报告中披露其履行情况。

4.5.12 承诺人作出追加股份限售承诺后，其已解除限售的股份应当重新申请变更为有限售条件的股份，暂未解除限售的股份须等原承诺持有期限与追加承诺持有期限累计并到期后，方可申请解除限售。

追加股份限售承诺中涉及增加已解除限售股份持有期限的，在公告后二个交易日内，承诺人应当委托上市公司董事会在中国结算深圳分公司办

理变更股份性质的手续。公司董事会完成变更股份性质手续后，应当及时对外披露承诺人完成本次追加承诺后变更股份性质后的股本结构。

追加股份限售承诺中涉及延长尚未解除限售股份限售期限的，在公司董事会公告后，承诺人持公司董事会公告到中国结算深圳分公司变更或者追加尚未解除限售股份限售期信息。

4.5.13  承诺人追加承诺履行完毕后，承诺人可以委托上市公司董事会办理股份解除限售的手续，参照本章第三节相关规定执行。

4.5.14  承诺人作出股份限售等承诺的，其所持股份因司法强制执行、继承、遗赠、依法分割财产等原因发生非交易过户的，受让方应当遵守原股东作出的相关承诺。

4.5.15  上市公司董事、监事、高级管理人员、重组方及其一致行动人、上市公司购买资产对应经营实体的股份或者股权持有人及上市公司等主体的承诺及履行承诺的情况，参照本节规定执行。

## 第五章  信息披露管理

### 第一节  公平信息披露

5.1.1  本节所称公平信息披露是指上市公司及相关信息披露义务人应当同时向所有投资者公开披露重大信息，确保所有投资者可以平等获取同一信息，不得私下向特定对象单独披露、透露或者泄露。

5.1.2 本节所称重大信息是指对上市公司股票及其衍生品种交易价格可能或者已经产生较大影响的信息，包括下列信息：

（一）与公司业绩、利润分配等事项有关的信息，如财务业绩、盈利预测、利润分配和资本公积金转增股本等；

（二）与公司收购兼并、资产重组等事项有关的信息；

（三）与公司股票发行、回购、股权激励计划等事项有关的信息；

（四）与公司经营事项有关的信息，如开发新产品、新发明，订立未来重大经营计划，获得专利、政府部门批准，签署重大合同；

（五）与公司重大诉讼或者仲裁事项有关的信息；

（六）应当披露的交易和关联交易事项有关的信息；

（七）有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他相关规定规定的其他应当披露事项的相关信息。

5.1.3 本节所称公开披露是指上市公司及相关信息披露义务人按法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他相关规定，在中国证监会指定媒体上公告信息。未公开披露的重大信息为未公开重大信息。

5.1.4 本节所称特定对象是指比一般中小投资者更容易接触到信息披露主体，更具信息优势，且有可能利用有关信息进行证券交易或者传播有关信息的机构和个人，包括：

（一）从事证券分析、咨询及其他证券服务业的机构、个人及其关联人；

（二）从事证券投资的机构、个人及其关联人；

（三）持有、控制上市公司 5%以上股份的股东及其关联人；

（四）新闻媒体和新闻从业人员及其关联人；

（五）本所认定的其他单位或者个人。

5.1.5 上市公司及相关信息披露义务人应当严格遵循公平信息披露的原则进行信息披露，不得实行差别对待政策，不得有选择性地、私下地向特定对象披露、透露或者泄露未公开重大信息。

5.1.6 上市公司及相关信息披露义务人应当根据及时性原则进行信息披露，不得延迟披露，不得有意选择披露时点强化或者淡化信息披露效果，造成实际上的不公平。

5.1.7 在上市公司未公开重大信息披露前，知悉该信息的机构和个人不得买卖或者建议他人买卖公司股票及其衍生品种。

5.1.8 上市公司及相关信息披露义务人不得以保密或者违反公平信息披露原则等为由，不履行或者不完全履行向本所报告和接受本所质询的义务。

5.1.9 上市公司应当建立、健全信息披露内部控制制度及程序，保证信息披露的公平性：

（一）公司应当制定接待和推广制度，内容应当至少包括接待和推广的组织安排、活动内容安排、人员安排、禁止擅自披露、透露或者泄露未公开重大信息的规定等；

（二）公司应当制定信息披露备查登记制度，对接受或者邀请特定对

象的调研、沟通、采访等活动予以详细记载，内容应当至少包括活动时间、地点、方式（书面或者口头）、双方当事人姓名、活动中谈论的有关公司的内容、提供的有关资料等；公司应当在定期报告中将信息披露备查登记情况予以披露；

（三）公司如不能判断某行为是否违反公平披露原则的，应当向本所咨询；

（四）公司应当将其信息披露的内部控制制度公开。

5.1.10  上市公司应当对以非正式公告方式向外界传达的信息进行严格审查，设置审阅或者记录程序，防止泄漏未公开重大信息。

上述非正式公告的方式包括：以现场或者网络方式召开的股东大会、新闻发布会、产品推介会；公司或者相关个人接受媒体采访；直接或者间接向媒体发布新闻稿；公司（含子公司）网站与内部刊物；董事、监事或者高级管理人员博客、微博、微信等媒体；以书面或者口头方式与特定投资者沟通；以书面或者口头方式与证券分析师沟通；公司其他各种形式的对外宣传、报告等；本所认定的其他形式。

5.1.11  在未公开重大信息公告前，出现信息泄漏或者上市公司股票及其衍生品种交易发生异常波动的，公司及相关信息披露义务人应当第一时间向本所报告，并立即公告。

5.1.12  上市公司（包括其董事、监事、高级管理人员及其他代表公司的人员）、相关信息披露义务人接受特定对象的调研、沟通、采访等活动，或者进行对外宣传、推广等活动时，不得以任何形式发布、泄露未公开重

大信息，只能以已公开披露信息和未公开非重大信息作为交流内容。否则，公司应当立即公开披露该未公开重大信息。

5.1.13 上市公司与特定对象进行直接沟通的，除应邀参加证券公司研究所等机构举办的投资策略分析会等情形外，应当要求特定对象出具单位证明和身份证等资料，并要求其签署承诺书。

承诺书至少应当包括下列内容：

（一）不故意打探公司未公开重大信息，未经公司许可，不与公司指定人员以外的人员进行沟通或者问询；

（二）不泄漏无意中获取的未公开重大信息，不利用所获取的未公开重大信息买卖或者建议他人买卖公司股票及其衍生品种；

（三）在投资价值分析报告等研究报告、新闻稿等文件中不使用未公开重大信息，除非公司同时披露该信息；

（四）在投资价值分析报告等研究报告、新闻稿等文件中涉及盈利预测和股价预测的，注明资料来源，不使用主观臆断、缺乏事实根据的资料；

（五）承诺投资价值分析报告等研究报告、新闻稿等文件在对外发布或者使用前知会公司；

（六）明确违反承诺的责任。

5.1.14 上市公司董事、监事、高级管理人员在接受特定对象采访和调研前，应当知会董事会秘书，董事会秘书应当妥善安排采访或者调研过程。接受采访或者调研人员应当就调研过程和会谈内容形成书面记录，与采访或者调研人员共同亲笔签字确认，董事会秘书应当签字确认。

5.1.15 上市公司应当建立与特定对象交流沟通的事后核实程序，明确未公开重大信息被泄漏的应对措施和处理流程，要求特定对象将基于交流沟通形成的投资价值分析报告等研究报告、新闻稿等文件在发布或者使用前知会公司。

5.1.16 上市公司应当认真核查特定对象知会的投资价值分析报告等研究报告、新闻稿等文件，并在二个工作日内回复特定对象。

公司在检查中发现前述文件存在错误、误导性记载的，应当要求其改正，对方拒不改正的，公司应当及时对外公告进行说明；发现前述文件存在可能因疏忽而导致的未公开重大信息泄漏的，应当要求特定对象在公司正式公告前不得对外泄漏该信息，并明确告知其在此期间不得买卖或者建议他人买卖公司股票及其衍生品种。

5.1.17 上市公司应当谨慎对待与证券分析师的沟通。

公司应当在接待证券分析师之前确定回答其问题的原则和界限；公司应当记录与证券分析师会谈的具体内容，不得向其泄漏未公开重大信息；在正常情况下，公司不得评论证券分析师的预测或者意见；若回答内容经综合后相当于提供了未公开重大信息，公司应当拒绝回答；若证券分析师以向公司送交分析报告初稿并要求反馈意见等方式诱导公司透露未公开重大信息，公司应当拒绝回应。

5.1.18 上市公司应当谨慎对待与媒体的沟通。

公司接受媒体采访后应当要求媒体提供报道初稿，如发现报道初稿存在错误或者涉及未公开重大信息，应当要求媒体纠正或者删除；当媒体追

问涉及未公开重大信息的传闻时，公司应当予以拒绝，并针对传闻按照本指引要求履行调查、核实、澄清的义务。

5.1.19 上市公司董事、监事、高级管理人员不得向其提名人、兼职的股东或者其他单位提供未公开重大信息

5.1.20 上市公司实施再融资计划过程中，在向特定个人或者机构进行询价、推介等活动时，应当特别注意信息披露的公平性，不得为了吸引认购而向其提供未公开重大信息。

5.1.21 上市公司在进行商务谈判、申请银行贷款等业务活动时，因特殊情况确实需要向对公司负有保密义务的交易对手方、中介机构、其他机构及相关人员提供未公开重大信息的，应当要求有关机构和人员签署保密协议，否则不得提供相关信息。

在有关信息公告前，上述负有保密义务的机构或者人员不得对外泄漏公司未公开重大信息，不得买卖或者建议他人买卖该公司股票及其衍生品种。一旦出现未公开重大信息泄漏、市场传闻或者证券交易异常，公司应当及时采取措施、向本所报告并立即公告。

5.1.22 上市公司在股东大会上不得披露、泄漏未公开重大信息。

5.1.23 上市公司与对手方进行商谈，如果商谈涉及可能对公司股票及其衍生品种交易价格产生较大影响或者影响投资者决策的事项（如重组、重大业务合作、签订重大合同等），而公司认为有关信息难以保密，或者股票及其衍生品种交易出现异常的，即使商谈未完成、协议未签署、该事项存在较大不确定性，公司也应当立即报告本所并作出公告，披露商谈内容

和进展情况，并在公告中充分提示该事项存在较大不确定性风险。

公司知悉或者理应知悉股东或者有权部门正在进行有关公司的商谈，如果商谈涉及可能对公司股票及其衍生品种交易价格产生较大影响或者影响投资者决策的事项（如重组、收购兼并等），而公司认为有关信息难以保密，或者股票及其衍生品种交易出现异常的，即使商谈未完成、协议未签署、该事项存在较大不确定性，公司也应当立即报告本所并作出公告，披露商谈内容和进展情况，并在公告中充分提示该事项存在较大不确定风险。

5.1.24  上市公司应当做好重要新产品研发的信息保密工作，并按照分阶段的原则，同时向所有投资者公开披露重要新产品研发的完整、具体情况。

新产品研发的完整、具体情况，包括但不限于新产品研发的完整环节及预计周期、目前所处的环节及尚需完成的环节，后续研发各阶段的时间安排及预计投产时间，新产品上市前所需获得相关部门认证或者取得相关部门批文的情况，对公司经营和业绩的影响情况。

公司应当同时在公告中对存在的风险进行充分提示，包括但不限于新产品研发失败的风险、新产品无法获得相关部门认证或者取得相关部门批文的风险等、新产品市场环境发生变化的风险等。

5.1.25  证券监管机构、有关政府部门或者其他机构等第三方针对上市公司发出的公告、通知等可能会对公司股票及其衍生品种交易价格产生较大影响的，公司应当立即披露有关信息及其影响。

5.1.26  上市公司进行自愿性信息披露的，应当遵守公平信息披露原

则，避免选择性信息披露。公司不得利用自愿性信息披露从事市场操纵、内幕交易或者其他违法违规行为。

当已披露的信息情况发生重大变化，有可能影响投资者决策的，公司应当及时披露进展公告，直至该事项完全结束。

5.1.27 上市公司自愿披露预测性信息时，应当以明确的警示性文字，具体列明相关的风险因素，提示投资者可能出现的不确定性和风险。

## 第二节 实时信息披露

5.2.1 上市公司应当通过本所主板上市公司网上业务专区和本所认可的其他方式在第一时间将临时报告实时披露文稿和相关备查文件报送本所，经本所登记确认后通过中国证监会指定信息披露网站（以下简称"中国证监会指定网站"）对外披露。

5.2.2 上市公司可以在中午休市期间或者 15：30 后通过中国证监会指定网站披露临时报告。公司报送的临时报告在 11：30 前获得本所确认的，于当日 11：30-13：00 期间在中国证监会指定网站披露；在 11：30 后获得本所确认的，于当日 15：30 后在中国证监会指定网站披露。

公司在中午休市期间通过中国证监会指定网站披露的临时报告涉及《股票上市规则》规定的停牌事项的，其股票及其衍生品种从当日下午开市时起停牌；公司在 15：30 后通过中国证监会指定网站披露的临时报告涉及停牌事项的，其股票及其衍生品种在次一交易日的停复牌安排参照《股票上市规则》有关规定执行。

5.2.3　在下列紧急情况下，上市公司可以向本所申请其股票及其衍生品种临时停牌，并在上午开市前或者市场交易期间通过中国证监会指定网站披露临时报告：

（一）公共传媒中传播的消息可能或者已经对公司股票及其衍生品种交易价格产生较大影响，需要进行澄清的；

（二）公司股票及其衍生品种交易异常，需要进行说明的；

（三）公司及相关信息披露义务人发生可能对公司股票及其衍生品种交易价格产生较大影响的重大事件（包括处于筹划阶段的重大事件），有关信息难以保密或者已经泄漏的；

（四）中国证监会或者本所认为必要的其他情况。

公司或者本所通过中国证监会指定网站、本所网站等途径及时披露公司股票及其衍生品种的具体停复牌时间。

5.2.4　上市公司应当检查临时报告是否已经在中国证监会指定网站及时披露，如发现异常，应当立即向本所报告。

本所鼓励公司通过公司网站、新闻媒体等多种渠道传播公告信息，但以其他方式传播公告信息的时间不得先于中国证监会指定网站。

5.2.5　上市公司应当密切关注与本公司有关的传闻，发现公众传媒传播可能或者已对公司股票及其衍生品种交易价格产生较大影响的重大信息时，应当立即向本所报告并提供传播证据。公司无法判断相关媒体信息是否涉及信息披露义务的，应当立即咨询本所。

5.2.6　上市公司股票同时在本所和境外证券交易所上市交易的，当境

外媒体出现传闻或者境外证券交易所要求公司履行澄清义务时，公司应当及时通知本所，并根据本所有关规定履行相应的澄清义务。

### 第三节　内幕信息知情人登记管理

5.3.1 上市公司应当按照《证券法》、中国证监会《关于上市公司建立内幕信息知情人登记管理制度的规定》和本所《股票上市规则》等相关规定建立内幕信息知情人登记管理制度，对内幕信息的保密管理及在内幕信息依法公开披露前的内幕信息知情人的登记管理作出规定。

内幕信息知情人登记管理制度中应当包括对公司下属各部门、分公司、控股子公司及上市公司能够对其实施重大影响的参股公司的内幕信息管理的内容，明确上述主体的内部报告义务、报告程序和有关人员的信息披露职责。

内幕信息知情人登记管理制度中应当明确内幕信息知情人的保密义务、违反保密规定责任和通过签订保密协议、禁止内幕交易告知书等必要方式将上述事项告知有关人员等内容。

5.3.2 上市公司应当及时登记知悉公司内幕信息的人员信息，包括人员姓名、身份证件号码、证券账户号码等相关信息。

内幕信息是指根据《证券法》相关规定，涉及上市公司的经营、财务或者对公司股票及其衍生品种交易价格有重大影响的尚未公开的信息。

本指引所称内幕信息知情人，是指《证券法》相关规定的内幕信息知情人，包括但不限于：

（一）可以接触、获取内幕信息的公司内部相关人员，包括但不限于公司及其控股子公司董事、监事、高级管理人员；公司内部参与重大事项筹划、论证、决策等环节的人员；由于所任公司职务而知悉内幕信息的财务人员、内部审计人员、信息披露事务工作人员等。

（二）可以接触、获取公司内幕信息的外部相关人员，包括但不限于持有公司 5%以上股份的自然人股东；持有公司 5%以上股份的法人股东的董事、监事、高级管理人员；公司实际控制人及其董事、监事、高级管理人员；交易对手方和其关联人及其董事、监事、高级管理人员；会计师事务所、律师事务所、财务顾问、保荐机构、资信评级机构等证券服务机构的从业人员；依法从公司获取有关内幕信息的外部单位人员；参与重大事项筹划、论证、决策、审批等环节的外部单位人员；接触内幕信息的行政管理部门人员；由于亲属关系、业务往来关系等原因知悉公司有关内幕信息的其他人员。

（三）中国证监会规定的其他人员。

5.3.3 上市公司在内幕信息依法公开披露前，应当填写公司内幕信息知情人档案，及时记录、汇总在商议筹划、论证咨询、合同订立等阶段及报告、传递、编制、决议、披露等环节的内幕信息知情人名单，及其知悉内幕信息的时间、地点、依据、方式、内容等信息，并在向本所报送相关信息披露文件的同时向本所报备。

公司进行收购、重大资产重组、发行证券、合并、分立、回购股份等重大事项的，还应当制作重大事项进程备忘录，记录筹划决策过程中各个

关键时点的时间、参与筹划决策人员名单、筹划决策方式等内容，并督促筹划重大事项涉及的相关人员在备忘录上签名确认。

5.3.4 上市公司发生下列情形之一的，应当在向本所报送相关信息披露文件时，同时报备相关公司内幕信息知情人档案，包括但不限于：

（一）获悉公司被收购；

（二）公司董事会审议通过重大资产重组预案或者方案；

（三）公司董事会审议通过证券发行预案；

（四）公司董事会审议通过合并、分立草案；

（五）公司董事会审议通过股份回购预案；

（六）公司拟披露年度报告、半年度报告；

（七）公司董事会审议通过高送转的利润分配、资本公积金转增股本预案；

上述"高送转"是指：每十股获送的红股和资本公积金转增的合计股数达到六股以上；

（八）公司董事会审议通过股权激励草案、员工持股计划草案；

（九）公司发生重大投资、重大对外合作、或者签署日常经营重大合同等可能对公司股票及其衍生品种交易价格产生重大影响的其他事项；

（十）公司披露重大事项前，公司股票已经发生了交易异常的情况；

（十一）中国证监会或者本所认定的其他情形。

5.3.5 上市公司应当结合本指引前条列示的具体情形，合理确定本次应当报备的内幕信息知情人的范围，保证内幕信息知情人登记档案的完备

性和准确性。

5.3.6　上市公司应当加强内幕信息管理，严格控制内幕信息知情人的范围。

5.3.7　在本指引第 5.3.4 条所列事项公开披露前或者筹划过程中，上市公司依法需要向国家有关部门进行备案、报送审批或者进行其他形式的信息报送的，应当做好内幕信息知情人登记工作，并依据本所相关规定履行信息披露义务。

5.3.8　内幕信息知情人负有保密义务，在内幕信息依法披露前，不得透露、泄露上市公司内幕信息，也不得利用内幕信息买卖或者建议他人买卖公司股票及其衍生品种。

5.3.9　上市公司应当按照中国证监会、本所的规定和要求，在年度报告、半年度报告和相关重大事项公告后五个交易日内对内幕信息知情人买卖本公司证券及其衍生品种的情况进行自查，发现内幕信息知情人进行内幕交易、泄露内幕信息或者建议他人利用内幕信息进行交易的，应当进行核实并依据其内幕信息知情人登记管理制度对相关人员进行责任追究，并在二个工作日内将有关情况及处理结果报送本所和公司注册地中国证监会派出机构。

5.3.10　内幕信息知情人应当积极配合上市公司做好内幕信息知情人备案工作，按照本指引的相关要求，及时向公司提供真实、准确、完整的内幕信息知情人信息。

5.3.11　上市公司应当采取有效措施，防止董事、监事、高级管理人员

及其他公司内部内幕信息知情人违反相关法律、行政法规、部门规章、规范性文件的规定，并积极提示公司外部内幕信息知情人遵守相关法律、行政法规、部门规章、规范性文件等的规定。

5.3.12 上市公司应当在年度报告"董事会报告"部分披露内幕信息知情人管理制度的执行情况，本年度公司自查内幕信息知情人在内幕信息披露前利用内幕信息买卖公司股份的情况，以及监管部门的查处和整改情况。

5.3.13 上市公司董事会应当对内幕信息知情人信息的真实性、准确性、完整性进行核查，保证内幕信息知情人备案名单和信息的真实、准确、及时和完整。

公司董事会秘书负责办理公司内幕信息知情人备案工作，应当如实、完整记录内幕信息在公开披露前的报告、传递、编制、审核、披露等各环节所有内幕信息知情人名单及其知悉内幕信息的时间，按照本指引的要求及时向本所报备相关资料。

## 第六章　募集资金管理

### 第一节　总体要求

6.1.1 本指引所称募集资金是指上市公司通过公开发行证券（包括首次公开发行股票、配股、增发、发行可转换公司债券、分离交易的可转换公司债券、公司债券、权证等）以及非公开发行证券向投资者募集并用于特定用途的资金。

6.1.2 上市公司应当审慎使用募集资金，保证募集资金的使用与招股说明书或者募集说明书的承诺相一致，不得随意改变募集资金的投向。

公司应当真实、准确、完整地披露募集资金的实际使用情况，并在年度审计的同时聘请会计师事务所对募集资金存放与使用情况进行鉴证。

6.1.3 上市公司董事会应当负责建立健全公司募集资金管理制度，并确保该制度的有效实施。募集资金管理制度应当对募集资金专户存储、使用、变更、监督和责任追究等内容进行明确规定。

募集资金管理制度应当对募集资金使用的申请、分级审批权限、决策程序、风险控制措施及信息披露程序作出明确规定。

6.1.4 募集资金投资项目通过上市公司的子公司或者公司控制的其他企业实施的，公司应当确保该子公司或者受控制的其他企业遵守其募集资金管理制度。

6.1.5 保荐机构在持续督导期间应当对上市公司募集资金管理事项履行保荐职责，按照《证券发行上市保荐业务管理办法》、《深圳证券交易所上市公司保荐工作指引》及本章规定进行公司募集资金管理的持续督导工作。

## 第二节　募集资金专户存储

6.2.1 上市公司应当审慎选择商业银行并开设募集资金专项账户（以下简称"专户"），募集资金应当存放于董事会决定的专户集中管理，专户不得存放非募集资金或者用作其他用途。

公司存在两次以上融资的，应当独立设置募集资金专户。

实际募集资金净额超过计划募集资金金额（以下简称"超募资金"）也应当存放于募集资金专户管理。

6.2.2 上市公司应当在募集资金到位后一个月内与保荐机构、存放募集资金的商业银行（以下简称"商业银行"）签订三方监管协议（以下简称"协议"）。协议至少应当包括下列内容：

（一）公司应当将募集资金集中存放于专户；

（二）募集资金专户账号、该专户涉及的募集资金项目、存放金额；

（三）公司一次或者十二个月内累计从该专户中支取的金额超过五千万元人民币或者募集资金净额的 10%的，公司及商业银行应当及时通知保荐机构；

（四）商业银行每月向公司出具银行对账单，并抄送保荐机构；

（五）保荐机构可以随时到商业银行查询专户资料；

（六）保荐机构的督导职责、商业银行的告知及配合职责、保荐机构和商业银行对公司募集资金使用的监管方式；

（七）公司、商业银行、保荐机构的权利、义务和违约责任；

（八）商业银行三次未及时向保荐机构出具对账单或者通知专户大额支取情况，以及存在未配合保荐机构查询与调查专户资料情形的，公司可以终止协议并注销该募集资金专户。

公司应当在上述协议签订后及时公告协议主要内容。

公司通过控股子公司实施募投项目的，应当由上市公司、实施募投项

目的控股子公司、商业银行和保荐机构共同签署三方监管协议，公司及其控股子公司应当视为共同一方。

上述协议在有效期届满前提前终止的，公司应当自协议终止之日起一个月内与相关当事人签订新的协议，并及时报本所备案后公告。

## 第三节　募集资金使用

6.3.1 上市公司应当按照发行申请文件中承诺的募集资金投资计划使用募集资金。出现严重影响募集资金投资计划正常进行的情形时，公司应当及时公告。

6.3.2 除金融类企业外，募集资金投资项目不得为持有交易性金融资产和可供出售金融资产、借予他人、委托理财等财务性投资，不得直接或者间接投资于以买卖有价证券为主要业务的公司。

上市公司不得将募集资金用于质押、委托贷款或者其他变相改变募集资金用途的投资。

6.3.3 上市公司应当确保募集资金使用的真实性和公允性，防止募集资金被控股股东、实际控制人等关联人占用或者挪用，并采取有效措施避免关联人利用募集资金投资项目获取不正当利益。

6.3.4 上市公司董事会应当每半年全面核查募集资金投资项目的进展情况。

募集资金投资项目年度实际使用募集资金与最近一次披露的募集资金投资计划当年预计使用金额差异超过 30%的，公司应当调整募集资金投资

计划，并在定期报告中披露最近一次募集资金年度投资计划、目前实际投资进度、调整后预计分年度投资计划以及投资计划变化的原因等。

6.3.5 募集资金投资项目出现下列情形之一的，上市公司应当对该项目的可行性、预计收益等重新进行论证，决定是否继续实施该项目：

（一）募集资金投资项目涉及的市场环境发生重大变化的；

（二）募集资金投资项目搁置时间超过一年的；

（三）超过最近一次募集资金投资计划的完成期限且募集资金投入金额未达到相关计划金额 50%的；

（四）募集资金投资项目出现其他异常情形的。

公司应当在最近一期定期报告中披露项目的进展情况、出现异常的原因以及调整后的募集资金投资计划（如有）。

6.3.6 上市公司决定终止原募集资金投资项目的，应当尽快、科学地选择新的投资项目。

6.3.7 上市公司以募集资金置换预先已投入募集资金投资项目的自筹资金的，应当经公司董事会审议通过、会计师事务所出具鉴证报告及独立董事、监事会、保荐机构发表明确同意意见并履行信息披露义务后方可实施。公司已在发行申请文件中披露拟以募集资金置换预先投入的自筹资金且预先投入金额确定的，应当在置换实施前对外公告。

6.3.8 上市公司闲置募集资金暂时用于补充流动资金的，应当经董事会审议通过，独立董事、监事会、保荐机构发表明确同意意见并披露，且应当符合下列条件：

（一）不得变相改变募集资金用途或者影响募集资金投资计划的正常进行；

（二）已归还前次用于暂时补充流动资金的募集资金（如适用）；

（三）单次补充流动资金时间不得超过十二个月；

（四）不使用闲置募集资金进行高风险投资。

闲置募集资金用于补充流动资金时，仅限于与主营业务相关的生产经营使用，不得直接或者间接安排用于新股配售、申购或者用于股票及其衍生品种、可转债等的交易。

6.3.9　上市公司用闲置募集资金补充流动资金的，应当经公司董事会审议通过，并在二个交易日内公告下列内容：

（一）本次募集资金的基本情况，包括募集时间、募集资金金额、募集资金净额及投资计划等；

（二）募集资金使用情况；

（三）闲置募集资金补充流动资金的金额及期限；

（四）闲置募集资金补充流动资金预计节约财务费用的金额、导致流动资金不足的原因、是否存在变相改变募集资金用途的行为和保证不影响募集资金项目正常进行的措施；

（五）本次使用闲置募集资金暂时补充流动资金前十二个月内上市公司从事高风险投资的情况以补充流动资金期间不进行高风险投资或者为他人提供财务资助的相关承诺；

（六）独立董事、监事会、保荐机构出具的意见；

（七）本所要求的其他内容。

补充流动资金到期日之前，公司应当将该部分资金归还至募集资金专户，并在资金全部归还后二个交易日内公告。

6.3.10　上市公司可以对暂时闲置的募集资金进行现金管理，其投资的产品必须符合以下条件：

（一）安全性高，满足保本要求，产品发行主体能够提供保本承诺；

（二）流动性好，不得影响募集资金投资计划正常进行。

投资产品不得质押，产品专用结算账户（如适用）不得存放非募集资金或者用作其他用途，开立或者注销产品专用结算账户的，公司应当及时报本所备案并公告。

6.3.11 上市公司使用闲置募集资金投资产品的，应当经公司董事会审议通过，独立董事、监事会、保荐机构发表明确同意意见。

公司应当在董事会会议后二个交易日内公告下列内容：

（一）本次募集资金的基本情况，包括募集时间、募集资金金额、募集资金净额及投资计划等；

（二）募集资金使用情况；

（三）闲置募集资金投资产品的额度及期限；

（四）募集资金闲置的原因，是否存在变相改变募集资金用途的行为和保证不影响募集资金项目正常进行的措施；

（五）投资产品的收益分配方式、投资范围、产品发行主体提供的保本承诺及安全性分析；

（六）独立董事、监事会、保荐机构出具的意见。

公司应当在面临产品发行主体财务状况恶化、所投资的产品面临亏损等重大风险情形时，及时对外披露风险提示性公告，并说明公司为确保资金安全采取的风险控制措施。

6.3.12 上市公司以发行证券作为支付方式向特定对象购买资产的，应当确保在新增股份上市前办理完毕上述资产的所有权转移手续，公司聘请的律师事务所应当就资产转移手续完成情况出具专项法律意见书。

6.3.13 上市公司以发行证券作为支付方式向特定对象购买资产或者募集资金用于收购资产的，相关当事人应当严格遵守和履行涉及收购资产的相关承诺。

## 第四节　募集资金用途变更

6.4.1 上市公司存在下列情形的，视为募集资金用途变更：

（一）取消原募集资金项目，实施新项目；

（二）变更募集资金投资项目实施主体（实施主体由上市公司变为全资子公司或者全资子公司变为上市公司的除外）；

（三）变更募集资金投资项目实施方式；

（四）本所认定为募集资金用途变更的其他情形。

6.4.2 上市公司应当在董事会和股东大会审议通过变更募集资金用途议案后，方可变更募集资金用途。

6.4.3 上市公司董事会应当审慎地进行拟变更后的新募集资金投资项

目的可行性分析，确信投资项目具有较好的市场前景和盈利能力，能够有效防范投资风险，提高募集资金使用效益。

公司变更后的募集资金用途原则上应当投资于主营业务。

6.4.4 上市公司拟变更募集资金用途的，应当在提交董事会审议通过后二个交易日内公告下列内容：

（一）原项目基本情况及变更的具体原因；

（二）新项目的基本情况、可行性分析、经济效益分析和风险提示；

（三）新项目的投资计划；

（四）新项目已经取得或者尚待有关部门审批的说明（如适用）；

（五）独立董事、监事会、保荐机构对变更募集资金用途的意见；

（六）变更募集资金用途尚需提交股东大会审议的说明；

（七）本所要求的其他内容。

新项目涉及关联交易、购买资产、对外投资的，还应当比照相关规则的规定进行披露。

6.4.5 上市公司拟将募集资金投资项目变更为合资经营的方式实施的，应当在充分了解合资方基本情况的基础上，慎重考虑合资的必要性，并且公司应当控股，确保对募集资金投资项目的有效控制。

6.4.6 上市公司变更募集资金用途用于收购控股股东或者实际控制人资产（包括权益）的，应当确保在收购完成后能够有效避免同业竞争及减少关联交易。

公司应当披露与控股股东或者实际控制人进行交易的原因、关联交易

的定价政策及定价依据、关联交易对公司的影响以及相关问题的解决措施。

6.4.7 上市公司改变募集资金投资项目实施地点的，应当经董事会审议通过，并在二个交易日内公告，说明改变情况、原因、对募集资金投资项目实施造成的影响以及保荐机构出具的意见。

6.4.8 单个募集资金投资项目完成后，上市公司将该项目节余募集资金（包括利息收入）用于其他募集资金投资项目的，应当经董事会审议通过、保荐机构发表明确同意的意见后方可使用。

节余募集资金（包括利息收入）低于 100 万元人民币或者低于该项目募集资金承诺投资额 1%的，可以豁免履行前款程序，其使用情况应当在年度报告中披露。

公司将该项目节余募集资金（包括利息收入）用于非募集资金投资项目（包括补充流动资金）的，应当按照第 6.4.2 条、第 6.4.4 条履行相应程序及披露义务。

6.4.9 全部募集资金投资项目完成后，节余募集资金（包括利息收入）占募集资金净额 10%以上的，上市公司使用节余资金应当符合下列条件：

（一）独立董事、监事会发表意见；

（二）保荐机构发表明确同意的意见；

（三）董事会、股东大会审议通过。

节余募集资金（包括利息收入）低于募集资金净额 10%的，应当经董事会审议通过、保荐机构发表明确同意的意见后方可使用。

节余募集资金（包括利息收入）低于 500 万元人民币或者低于募集资

金净额 1%的,可以豁免履行前款程序,其使用情况应当在年度报告中披露。

## 第五节　募集资金管理与监督

6.5.1 上市公司会计部门应当对募集资金的使用情况设立台账,详细记录募集资金的支出情况和募集资金项目的投入情况。

公司内部审计部门应当至少每季度对募集资金的存放与使用情况检查一次,并及时向审计委员会报告检查结果。

审计委员会认为公司募集资金管理存在违规情形、重大风险或者内部审计部门没有按前款规定提交检查结果报告的,应当及时向董事会报告。董事会应当在收到报告后二个交易日内向本所报告并公告。

6.5.2 上市公司当年存在募集资金运用的,董事会应当出具半年度及年度募集资金存放与使用情况专项报告,并聘请会计师事务所对年度募集资金存放与使用情况出具鉴证报告。

募集资金投资项目实际投资进度与投资计划存在差异的,公司应当解释具体原因。当期使用闲置募集资金进行现金管理投资产品的,公司应当披露本报告期的收益情况以及期末的投资份额、签约方、产品名称、期限等情况。

会计师事务所应当对董事会的专项报告是否已经按照本指引及相关格式指引编制以及是否如实反映了年度募集资金实际存放、使用情况进行合理鉴证,提出鉴证结论。

鉴证结论为"保留结论"、"否定结论"或者"无法提出结论"的,公

司董事会应当就鉴证报告中会计师事务所提出该结论的理由进行分析、提出整改措施并在年度报告中披露。

6.5.3　保荐机构应当至少每半年对上市公司募集资金的存放和使用情况进行一次现场检查。每个会计年度结束后，保荐机构应当对上市公司年度募集资金存放与使用情况出具专项核查报告并披露。

公司募集资金存放与使用情况被会计师事务所出具了"保留结论"、"否定结论"或者"无法提出结论"鉴证结论的，保荐机构还应当在其核查报告中认真分析会计师事务所提出上述鉴证结论的原因，并提出明确的核查意见。

6.5.4　独立董事应当关注募集资金实际使用情况与上市公司信息披露情况是否存在重大差异。经二分之一以上独立董事同意，独立董事可以聘请会计师事务所对募集资金存放与使用情况出具鉴证报告。公司应当积极配合，并承担必要的费用。

6.5.5　保荐机构在对上市公司进行现场检查时发现公司募集资金管理存在重大违规情形或者重大风险的，应当及时向本所报告。

## 第七章　其他重大事件管理

### 第一节　证券投资

7.1.1　本节所称证券投资，是指包括新股配售或者申购、证券回购、股票投资、债券投资、委托理财（含银行理财产品、信托产品）以及本所

认定的其他投资行为。

7.1.2 本节适用于非证券类上市公司进行的非固定收益类或者非承诺保本的证券投资。

7.1.3 上市公司应当合理安排、使用资金，致力发展公司主营业务。公司不得将募集资金通过直接或者间接的安排用于新股配售、申购，或者用于股票及其衍生品种、债券等的交易，以及委托理财。

7.1.4 上市公司证券投资总额占公司最近一期经审计净资产 10%以上且绝对金额超过 1000 万元人民币的，应当在投资之前经董事会审议通过并及时履行信息披露义务。

7.1.5 上市公司证券投资总额占公司最近一期经审计净资产 50%以上且绝对金额超过 5000 万元人民币的，或者根据公司章程规定应当提交股东大会审议的，公司在投资之前除应当及时披露外，还应当提交股东大会审议。

7.1.6 上市公司拟进行证券投资的，应当在董事会作出相关决议后向本所提交以下文件：

（一）董事会决议及公告；

（二）独立董事就相关审批程序是否合规、内控程序是否健全及本次投资对公司的影响发表独立意见；

（三）股东大会通知（如有）；

（四）公司关于证券投资的内控制度；

（五）公司具体运作证券投资的部门及责任人名单；

（六）本所要求的其他资料。

7.1.7 上市公司披露的证券投资事项应当至少包含以下内容：

（一）证券投资情况概述，包括投资目的、投资金额、投资方式、投资期限等；

（二）证券投资的资金来源；

（三）需履行的审批程序；

（四）证券投资对公司的影响；

（五）投资风险及风险控制措施。

7.1.8 上市公司应当根据《企业会计准则第 22 号—金融工具确认和计量》、《企业会计准则第 37 号—金融工具列报》等相关规定，对公司证券投资业务进行日常核算并在财务报表中正确列报。

7.1.9 上市公司进行证券投资的，应当在定期报告中披露报告期内证券投资以及相应的损益情况，披露内容至少应当包括：

（一）报告期末证券投资的组合情况，说明证券品种、投资金额以及占总投资金额的比例；

（二）报告期末按市值占总投资金额比例大小排列的前十只证券的名称、代码、持有数量、初始投资金额、期末市值以及占总投资金额的比例；

（三） 报告期内证券投资的损益情况。

7.1.10 上市公司应当在董事会或者股东大会审议通过证券投资方案后、相关决议对外披露前，向本所报备相应的证券投资账户以及资金账户信息，接受本所的监管。

## 第二节　衍生品交易

7.2.1　本节所称衍生品，是指场内场外交易、或者非交易的，实质为期货、期权、远期、互换等产品或者上述产品的组合。衍生品的基础资产既可包括证券、指数、利率、汇率、货币、商品、其他标的，也可包括上述基础资产的组合；既可采取实物交割，也可采取现金差价结算；既可采用保证金或者担保、抵押进行杠杆交易，也可采用无担保、无抵押的信用交易。

7.2.2　本节适用于非金融类上市公司及其控股子公司。

7.2.3　上市公司应当建立有效的衍生品交易风险控制制度，采取合理的风险管理措施对衍生品价值变化进行有效监控及风险评估，及时对外披露衍生品交易的相关信息。

7.2.4　上市公司开展衍生品交易前，应当建立有效的衍生品交易风险控制及信息披露制度，明确规定衍生品交易的授权范围、审批程序、操作要点、风险管理及信息披露等具体要求。

7.2.5　上市公司开展衍生品交易前，应当指定相关部门评估衍生品的投资风险，分析衍生品交易的可行性与必要性，及时上报突发事件及风险评估变化情况。公司应当指定董事会的相关委员会审查衍生品交易的必要性及风险控制情况。

7.2.6　上市公司开展衍生品交易前，应当合理配备投资决策、业务操

作、风险控制等专业人员。参与投资的人员应当充分理解衍生品交易的风险，严格执行衍生品交易的业务操作和风险管理制度。

7.2.7 上市公司在进行衍生品交易前，应当在多个市场与多种产品之间进行比较、询价；必要时可聘请专业机构对待选的衍生品进行分析比较。

7.2.8 上市公司在进行衍生品交易前，应当制定相应会计政策，确定衍生品交易业务的计量及核算方法。

7.2.9 上市公司应当严格控制衍生品交易的种类及规模，尽量使用场内交易的衍生品，本所不鼓励公司超出经营实际需要从事复杂衍生品交易，不鼓励公司以套期保值为借口从事衍生品投机。

7.2.10 上市公司董事会应当在股东大会授权范围内开展衍生品交易，超过股东大会授权范围的衍生品交易应当提交股东大会审议；构成关联交易的衍生品交易应当履行关联交易表决程序。

7.2.11 对属于董事会权限范围内或者以套期保值为目的的衍生品交易，上市公司管理层应当就衍生品交易出具可行性分析报告并提交董事会，董事会审议通过后方可执行。

7.2.12 对于超出董事会权限范围且不以套期保值为目的的衍生品交易，经上市公司董事会审议通过、独立董事发表专项意见后，还需提交股东大会审议通过后方可执行。

在发出股东大会通知前，公司应当自行或者聘请咨询机构对其拟从事的衍生品交易的必要性、可行性及衍生品风险管理措施出具专项分析报告并披露分析结论。

7.2.13 对于上市公司与关联人之间进行的衍生品关联交易，应当提交股东大会审议后并予以公告。

7.2.14 上市公司应当及时通过指定媒体披露衍生品初始交易相关信息，并向本所提交以下文件：

（一）公告文稿；

（二）衍生品投资合同或者具体说明材料；

（三）董事会决议、独立董事意见（如适用）、股东大会决议（如适用）；

（四）衍生品投资涉及的主管部门意见（如适用）；

（五）咨询机构出具的专项分析报告（如有）；

（六）本所要求的其他文件。

7.2.15 上市公司应当披露的衍生品交易相关信息至少包括以下内容：

（一）履行合法表决程序的说明，具体说明该项衍生品投资是否已获得上市公司董事会或者股东大会审议通过，是否需要履行关联交易表决程序以及具体的表决情况；

（二）拟进行衍生品交易的主要条款，包括但不限于衍生品的种类、数量、金额、合约期限、履约担保、交易杠杆倍数、流动性安排、清算交收原则、支付方式及违约责任等；如拟交易的衍生品属于场外签署的非标准化合约，公司还应当披露交易对手方的基本情况、信用评级情况及履约能力介绍、交易合同生效条件、附加条件、保留条款以及争议处理方式等条款；

（三）本次衍生品交易的必要性，公司应当披露本次衍生品交易的必

要性、与公司日常经营需求的相关程度；如认定该项衍生品交易为套期保值行为，公司应当对照企业会计准则说明其符合套期保值相关规定，并具体披露已拥有基础资产的数量或者未来拟购入基础资产的安排；

（四）公司对衍生品交易的准备情况，公司应当披露公司的衍生品交易管理的组织框架、制度规定、人员配备情况以及参与衍生品交易的人员是否已充分理解拟交易衍生品的特点及风险；

（五）衍生品交易的风险分析，公司应当分项披露交易各类衍生品的风险，包括但不限于市场风险、流动性风险、信用风险、操作风险、法律风险等风险及其估算方法、参数设置、发生概率。公司还应当分析并披露上述风险可能导致相关合约产生最大损失金额；

（六）风险管理措施的说明，公司应当分类说明各种已交易的衍生品的风险管理策略，评估各项衍生品交易的风险对冲结果及尚未对冲风险的敞口；上市公司应当分类说明针对各种已交易的衍生品设定的止损限额。

（七）衍生品公允价值分析，公司应当引用公开市场交易数据或者采用合适的定价模型，充分披露衍生品估值的假设前提与相关参数，对拟交易的衍生品的价值进行定性和定量分析；

（八）会计政策及核算原则，公司应当分类说明各种已交易的衍生品以及其风险对冲行为的会计确认、计量方法，具体说明采纳上述会计核算方法的规则依据；

（九）相关机构及人员发表的意见，本次衍生品交易如涉及独立董事的专项意见以及相关咨询机构的专项分析报告，公司应当一并予以披露；

（十）本所要求披露的其他内容。

7.2.16 上市公司的相关部门应当跟踪衍生品公开市场价格或者公允价值的变化，及时评估已交易衍生品的风险敞口变化情况，并向董事会专门委员会报告。

7.2.17 对于不属于证券交易所场内集中交收清算的衍生品交易，上市公司应当密切关注交易对手信用风险的变动情况，定期对交易对手的信用状况、履约能力进行跟踪评估，并相应调整交易对手履约担保品的头寸。

7.2.18 上市公司应当根据已交易衍生品的特点，针对各类衍生品或者不同交易对手设定适当的止损限额，明确止损处理业务流程，并严格执行止损规定。

7.2.19 上市公司相关部门应当及时向管理层和董事会提交风险分析报告。内容至少应当包括衍生品交易授权执行情况、衍生品交易头寸情况、风险评估结果、本期衍生品投资盈亏状况、止损限额执行情况等内容。

7.2.20 上市公司应当针对已交易的衍生品特点，制定切实可行的应急处理预案，以及时应对衍生品交易过程中可能发生的重大突发事件。

7.2.21 上市公司已交易衍生品的公允价值减值与用于风险对冲的资产（如有）价值变动加总，导致合计亏损或者浮动亏损金额每达到公司最近一期经审计净资产的 10%且绝对金额超过人民币一千万元时，公司应当以临时公告及时披露。

7.2.22 上市公司应当在定期报告中对已经开展的衍生品交易相关信息予以披露，披露内容包括：

（一）报告期末衍生品交易的持仓情况。公司应当分类披露期末尚未到期的衍生品持仓数量、合约金额、到期期限、及占公司报告期末净资产的比例等；并说明所采用的分类方式和标准；

（二）已交易的衍生品与其风险对冲资产的组合浮动盈亏变化情况，及对公司当期损益的影响；

（三）衍生品持仓的风险分析及控制措施，包括但不限于市场风险、流动性风险、信用风险、操作风险、法律风险等；

（四）已交易衍生品报告期内市场价格或者产品公允价值变动的情况，对衍生品公允价值的分析应当披露具体使用的方法及相关假设与参数的设定；

（五）公司衍生品的会计政策及会计核算具体原则与上一报告期相比是否发生重大变化的说明；

（六）独立董事对公司衍生品投资及风险控制情况的专项意见；

（七）本所要求披露的其他内容。

## 第三节　矿业权投资

7.3.1　上市公司拟取得、出让矿业权或者主要资产为矿业权的公司股权的，除应当遵守本所《股票上市规则》中有关上市公司收购、出售资产及债务重组、对外投资等事项的披露要求外，还应当遵循本指引的规定。

公司存在涉及矿业权的其他信息或者本所认为必要的，也应当参照本指引的规定履行信息披露义务。

7.3.2　上市公司应当保证涉及矿业权相关事项的真实性，具备可行性和可操作性，无重大法律政策障碍。公司不得故意虚构相关信息损害投资者权益。

7.3.3　上市公司拟取得矿业权的，应当在相关董事会决议公告或者交易、投资事项等公告中履行信息披露义务，分析矿产资源开发业务的具体情况，充分揭示矿产资源开发业务的风险。

7.3.4　上市公司披露涉及矿业权的经济行为时，本所认为有必要的，公司应当委托律师事务所出具专项法律意见书。

7.3.5　上市公司应当根据重要性原则披露矿业权涉及的行业情况，包括但不限于：

（一）　主要产品或者服务的用途；

（二）　主要产品的工艺流程或者服务流程；

（三）主要经营模式，包括生产模式和销售模式

7.3.6　上市公司应当披露其是否具备相关矿业勘探、开发的资质和准入条件：

（一）是否已取得矿业权开发利用所需要的资质条件、是否符合国家关于特定矿种的行业准入条件；

（二）尚不具备勘探开采资质或者不符合行业进入条件的，应当说明拟采取的解决办法以及预计可具备相关资质条件的时间。

7.3.7　上市公司应当披露与矿业权有关的主要无形资产或者特许经营权的具体情况，包括但不限于：

（一）探矿权、采矿权等主要无形资产的历史权属情况，包括矿业权权利人取得方式和时间、审批部门层级、使用情况、有效存续期限、续期手续及相关成本、最近三年权属变更情况、最近三年相关费用成本支出的情况、最近一期期末账面价值，以及上述资产对公司生产经营的重要程度；矿业权权属存在争议或者瑕疵的，应当披露矿业权权属争议或者受限情况；

（二）探矿权、采矿权等主要无形资产涉及的资源储量和核查评审及备案情况，关于资源储量，上市公司应当按行业通行标准披露取得矿业权的勘查面积或者矿区面积、资源储量（应当至少披露"可采储量"）、资源品位、增储情况（含增储成本）、生产规模等据以说明矿业权价值的因素，并说明各专业术语的具体含义；

（三）是否已具备相应的矿产资源开发条件；

（四）出让方出让矿业权权属需履行的程序，出让方出让矿业权是否已取得国土资源主管部门的同意并办理了登记手续；国有矿山企业出让矿业权的，是否取得国有资产管理部门同意出让矿业权的批准文件。

（五）上市公司在取得矿业权前，该矿业权按国家有关规定应当缴纳的相关费用（如探矿权使用费、探矿权价款、采矿权使用费、采矿权价款、矿产资源补偿费、资源税等）的交纳情况；

（六）上市公司本次取得探矿权、采矿权等主要无形资产的权属需要履行的审批程序，包括取得方式和时间、审批部门层级；

（七）未来探矿权、采矿权等主要无形资产的权属续期情况，包括预计的取得方式和时间、审批部门层级、使用期限、未来支出的情况，以及

上述资产对公司生产经营的重要程度。

7.3.8　上市公司应当列表披露矿业权相关资产达到生产状态涉及的有关报批事项，包括但不限于：

（一）项目立项获得相关主管部门批复情况；

（二）环评验收报告、取水许可证、排污许可证等证照获得相关环保部门批复情况。存在重污染情况的，应当披露污染治理情况、因环境保护原因受到处罚的情况、最近三年相关费用成本支出及未来支出的情况，说明是否符合环境保护的要求；

（三）安全生产许可证等证照获得安全生产部门批复情况。存在高危险情况的,应当披露安全生产治理情况、因安全生产原因受到处罚的情况、最近三年相关费用成本支出及未来支出的情况，说明是否符合安全生产的要求；

（四）与生产经营相关的土地、房产等证照获得国土资源等相关部门批复情况；

（五）生产许可证获得相关部门批复情况；

（六）矿业权相关资产达到生产状态所需其他涉及报批事项及获得相关部门批复情况。

7.3.9　上市公司应当披露矿业权相关资产最近三年历史经营情况，包括但不限于年开采量、年收入、年净利润；以及取得预期采矿规模的技术要求和自然条件约束，能否达到经济规模或者达到经济规模的时间和解决措施。

7.3.10   上市公司应当针对矿业权价值和开发效益存在不确定性的实际情况，充分分析矿产资源勘查、立项、获准、开采、销售等环节所蕴藏的风险，按照重要性和相关性原则披露风险因素。包括但不限于：

（一）矿产资源勘查失败风险；

（二）无法获取采矿权证的行政审批风险；

（三）无法获取相配套生产经营所需证照的行政审批风险；

（四）工程建设资金前期投入较大的风险；

（五）无法取得预期采矿规模的技术风险和自然条件约束；

（六）安全生产的风险；

（七）产业结构调整、少数客户依赖、矿产品销售价格波动的风险；

（八）税收政策变化风险（如资源税、出口退税等）；

（九）缺乏矿山经营管理方面专业人才的风险。

上市公司对这些风险因素能作出定量分析的，应当进行定量分析；不能作出定量分析的，应当进行定性描述。

7.3.11   上市公司涉及矿业权价值、作价依据、作价方法等评估相关信息的披露，参照本所有关资产评估业务的披露要求执行。

7.3.12   上市公司应当按照本指引相关要求，根据重要性和相关性原则，在定期报告中履行持续信息披露义务，分析矿业权的相关资产经营情况，充分揭示矿产资源开发业务的风险。

7.3.13   上市公司矿产资源资产、利润构成、风险因素等发生重大变动的，应当以临时报告的形式及时履行持续信息披露义务，详细说明具体

变动情况、原因和该事项的影响。

7.3.14　上市公司出让矿业权的，应当及时披露如下事项：

（一）出让矿业权的原因；

（二）拟出让的矿业权权属转移需履行的程序，矿业权出让是否已取得国土资源主管部门的同意并办理了登记手续；国有矿山企业出让矿业权的，是否取得国有资产管理部门同意出让矿业权的批准文件；

（三）出让的矿业权是否已按国家有关规定缴纳相关费用（如探矿权使用费、探矿权价款、采矿权使用费、采矿权价款、矿产资源补偿费、资源税等）；

（四）出让主要资产是矿业权的控股子公司股权导致上市公司合并报表范围变更的，还应当说明公司是否存在为该子公司提供担保、委托该子公司理财，以及该子公司占用公司资金等方面的情况；如存在，应当披露前述事项涉及的金额、对上市公司的影响和解决措施；

（五）公司预计出让矿业权获得的利益（包括潜在利益），以及对公司本期和未来财务状况和经营成果的影响。

## 第四节　对外提供财务资助

7.4.1 上市公司及其控股子公司有偿或者无偿对外提供资金、委托贷款等行为，适用本节规定，但下列情况除外：

（一）上市公司以对外提供借款、贷款等融资业务为其主营业务；

（二）资助对象为上市公司合并报表范围内、持股比例超过 50%的控

股子公司。

公司向与关联人共同投资形成的控股子公司提供财务资助的，参照本节规定执行。

7.4.2  上市公司应当建立健全有关财务资助的内部控制制度，在公司章程或者公司其他规章制度中明确股东大会、董事会审批对外提供财务资助的审批权限、审议程序以及违反审批权限、审议程序的责任追究机制，采取充分、有效的风险防范措施。

7.4.3  上市公司对外提供资助，应当经出席董事会的三分之二以上的董事同意并作出决议，并及时履行信息披露义务。

公司董事会审议财务资助事项时，公司独立董事和保荐机构（如有）应当对公司对外提供财务资助事项的合法合规性、对公司的影响以及存在的风险等发表独立意见。

7.4.4  上市公司对外提供财务资助事项属于下列情形之一的，经董事会审议通过后还应当提交股东大会审议：

（一）被资助对象最近一期经审计的资产负债率超过 70%；

（二）单次财务资助金额或者连续十二月累计对外提供财务资助金额超过上市公司最近一期经审计净资产的 10%；

（三）本所或者公司章程规定的其他情形。

7.4.5  上市公司不得为董事、监事、高级管理人员、控股股东、实际控制人及其控股子公司等关联人提供资金等财务资助。

上市公司为其持股比例不超过 50%的控股子公司、参股公司提供资金

等财务资助的，该控股子公司、参股公司的其他股东原则上应当按出资比例提供同等条件的财务资助。如其他股东未能以同等条件或者出资比例向上市公司控股子公司或者参股公司提供财务资助的，应当说明原因并披露上市公司已要求上述其他股东采取的反担保等措施。

上市公司为其控股子公司、参股公司提供资金等财务资助，且该控股子公司、参股公司的其他股东中一个或者多个为上市公司的控股股东、实际控制人及其关联人的，该关联股东应当按出资比例提供同等条件的财务资助。如该关联股东未能以同等条件或者出资比例向上市公司控股子公司或者参股公司提供财务资助的，公司应当将上述对外财务资助事项提交股东大会审议，与该事项有关联关系的股东应当回避表决。

7.4.6    上市公司对外提供财务资助，应当与被资助对象等有关方签署协议，约定被资助对象应当遵守的条件、资助金额、资助期限及违约责任等内容。

财务资助款项逾期未收回的，公司不得向同一对象继续提供财务资助或者追加提供财务资助。

7.4.7 上市公司在以下期间，不得对外提供财务资助：

（一）使用闲置募集资金暂时补充流动资金期间；

（二）将募集资金投向变更为永久性补充流动资金后十二个月内；

（三）将超募资金永久性用于补充流动资金或者归还银行贷款后的十二个月内。

7.4.8 上市公司对外提供财务资助时，应当在公告中承诺在此项对外

提供财务资助后的十二个月内，除已经收回对外财务资助外，不使用闲置募集资金暂时补充流动资金、将募集资金投向变更为永久性补充流动资金、将超募资金永久性用于补充流动资金或者归还银行贷款。

7.4.9    上市公司披露对外提供财务资助事项，应当在公司董事会审议通过后的二个交易日内公告下列内容：

（一）财务资助事项概述，包括财务资助协议的主要内容、资金用途以及对财务资助事项的审批程序；

（二）被资助对象的基本情况，包括但不限于成立时间、注册资本、控股股东、实际控制人、法定代表人，主营业务、主要财务指标（至少应当包括最近一年经审计的资产总额、负债总额、归属于母公司的所有者权益、营业收入、归属于母公司所有者的净利润等）以及资信情况等；与上市公司是否存在关联关系，如是，应当披露具体的关联情形；上市公司在上一会计年度对该对象提供财务资助的情况；

（三）所采取的风险防范措施，包括但不限于被资助对象或者其他第三方就财务资助事项是否提供担保。由第三方就财务资助事项提供担保的，应当披露该第三方的基本情况及其担保履约能力情况；

（四）为与关联人共同投资形成的控股子公司或者参股公司提供财务资助的，还应当披露被资助对象的其他股东的基本情况、与上市公司的关联关系及其按出资比例履行相应义务的情况。

控股股东、实际控制人及其关联人应当同比例提供财务资助。其他关联股东原则上应当提供同比例财务资助，如因特殊理由实际未能按同等条

件或者出资比例向该控股子公司或者参股公司相应提供的，应当说明原因以及上市公司利益未受到损害的理由；

（五）董事会意见，主要介绍提供财务资助的原因，在对被资助对象的资产质量、经营情况、行业前景、偿债能力、信用状况、第三方担保及履约能力情况等进行全面评估的基础上，披露该财务资助事项的利益、风险和公允性，以及董事会对被资助对象偿还债务能力的判断；

（六）上市公司关于在此项对外提供财务资助后的十二个月内，不使用闲置募集资金暂时补充流动资金、将募集资金投向变更为永久性补充流动资金、将超募资金永久性用于补充流动资金或者归还银行贷款的承诺；

（七）独立董事意见，主要对财务资助事项的必要性、合法合规性、公允性、对上市公司和中小股东权益的影响及存在的风险等发表独立意见；

（八）保荐机构意见，主要对财务资助事项的合法合规性、公允性及存在的风险等发表独立意见（如适用）；

（九）上市公司累计对外提供财务资助金额及逾期未收回的金额；

（十）本所要求的其他内容。

7.4.10　对于已披露的财务资助事项，上市公司还应当在出现下列情形之一时及时披露相关情况并说明拟采取的补救措施：

（一）被资助对象在约定资助期间到期后未能及时清偿的；

（二）被资助对象或者为财务资助提供担保的第三方出现财务困难、资不抵债、现金流转困难、破产及其他严重影响清偿能力情形的；

（三）本所认定的其他情形。

7.4.11 上市公司存在下列情形之一的，应当参照本节的规定执行：

（一）在主营业务范围外以实物资产、无形资产等方式对外提供资助；

（二）为他人承担费用；

（三）无偿提供资产使用权或者收取资产使用权的费用明显低于行业一般水平；

（四）支付预付款比例明显高于同行业一般水平；

（五）本所认定的其他构成实质性财务资助的行为。

## 第五节  会计政策及会计估计变更

7.5.1  本指引所称会计政策变更和会计估计变更，是指《企业会计准则第 28 号—会计政策、会计估计变更和差错更正》定义的会计政策变更和会计估计变更，股东权益指归属于上市公司股东的股东权益，净利润指归属于上市公司股东的净利润。

7.5.2  上市公司不得利用会计政策变更和会计估计变更操纵利润、股东权益等财务指标。

7.5.3  上市公司变更会计政策的，应当在董事会审议通过后二个交易日内向本所提交董事会决议并履行信息披露义务。

7.5.4 上市公司自主变更会计政策达到以下标准之一的，应当在董事会审议通过后，提交专项审计报告并在定期报告披露前提交股东大会审议：

（一）会计政策变更对最近一个会计年度经审计净利润的影响比例超过 50%的；

（二）会计政策变更对最近一期经审计股东权益的影响比例超过 50%的。

会计政策变更对最近一个会计年度经审计净利润、最近一期经审计股东权益的影响比例，是指上市公司因变更会计政策对最近一个会计年度、最近一期经审计的财务报告进行追溯重述后的公司净利润、股东权益与原披露数据的差额的绝对值除以原披露数据的绝对值。

7.5.5    上市公司自主变更会计政策的,应当在董事会审议通过后的二个交易日内公告以下内容：

（一）董事会决议公告；

（二）董事会关于会计政策变更的公告；

（三）独立董事意见、监事会意见；

（四）会计师事务所出具的专项审计报告（适用于需股东大会审议的情形）；

（五）本所要求的其他文件。

7.5.6 上市公司根据法律、行政法规或者国家统一的会计制度的要求变更会计政策的，其披露的会计政策变更公告至少应当包含以下内容：

（一）本次会计政策变更情况概述，包括变更的日期、变更的原因、变更前采用的会计政策、变更后采用的会计政策等；

（二）本次会计政策变更对公司的影响，包括本次会计政策变更涉及公司业务的范围，变更会计政策对相关定期报告股东权益、净利润的影响等；

（三）如果因会计政策变更对公司最近两年已披露的年度财务报告进行追溯调整，导致公司已披露的报告年度出现盈亏性质改变的，公司应当进行说明；

（四）董事会关于本次会计政策变更合理性的说明及审议本次会计政策变更的情况；

（五）对于股东大会审议的情形，需要说明会计师事务所的审计意见以及股东大会审议的安排；

（六）本所认为需要说明的其他事项。

公司自主变更会计政策的，还应当包括本次会计政策变更对尚未披露的最近一个报告期净利润、股东权益的影响情况，董事会关于会计政策变更合理性的说明以及独立董事意见、监事会意见。

7.5.7　上市公司自主变更会计政策未按本指引要求履行披露义务的，视为滥用会计政策，按照前期差错更正的方法处理。

7.5.8　上市公司变更重要会计估计的，应当在董事会审议通过后比照自主变更会计政策履行披露义务；会计估计变更应当自该估计变更被董事会、股东大会（如适用）等相关机构审议通过后生效，会计估计变更日不得早于董事会审议日，或者股东大会审议日（如需提交股东大会审议的）。达到以下标准之一的，应当提交专项审计报告并在变更生效当期的定期报告披露前提交股东大会审议：

（一）会计估计变更对最近一个会计年度经审计净利润的影响比例超过 50%的；

（二）会计估计变更对最近一期经审计的股东权益的影响比例超过 50% 的；

会计估计变更对最近一个会计年度经审计净利润、最近一期经审计的股东权益的影响比例，是指假定上市公司变更后的会计估计在最近一个年度、最近一期财务报告中即已适用，计算的公司净利润、股东权益与原披露数据的差额的绝对值除以原披露数据的绝对值。

会计估计变更日，是指变更以后的会计估计方法开始起用的日期。

7.5.9 本节所述"重要会计估计"，是指公司依据《企业会计准则》等的规定，应当在财务报表附注中披露的重要的会计估计，包括：

（一）存货可变现净值的确定；

（二）采用公允价值模式下的投资性房地产公允价值的确定；

（三）固定资产的预计使用寿命与净残值；固定资产的折旧方法；

（四）生物资产的预计使用寿命与净残值；各类生产性生物资产的折旧方法；

（五）使用寿命有限的无形资产的预计使用寿命与净残值；

（六）可收回金额按照资产组的公允价值减去处置费用后的净额确定的，确定公允价值减去处置费用后的净额的方法；

可收回金额按照资产组预计未来现金流量的现值确定的，预计未来现金流量及其折现率的确定；

（七）合同完工进度的确定；

（八）权益工具公允价值的确定；

（九）债务人债务重组中转让的非现金资产的公允价值、由债务转成的股份的公允价值和修改其他债务条件后债务的公允价值的确定；

债权人债务重组中受让的非现金资产的公允价值、由债权转成的股份的公允价值和修改其他债务条件后债权的公允价值的确定；

（十）预计负债初始计量的最佳估计数的确定；

（十一）金融资产公允价值的确定；

（十二）承租人对未确认融资费用的分摊；出租人对未实现融资收益的分配；

（十三）探明矿区权益、井及相关设施的折耗方法。与油气开采活动相关的辅助设备及设施的折旧方法；

（十四）非同一控制下企业合并成本的公允价值的确定；

（十五）其他重要会计估计。

## 第六节　利润分配和资本公积金转增股本

7.6.1 上市公司制定利润分配方案时，应当严格遵守法律、行政法规、部门规章、规范性文件及本所业务规则的相关规定。

7.6.2 上市公司及相关内幕信息知情人不得单独或者与他人合谋，利用分配方案从事内幕交易、操纵市场等违法违规行为。

7.6.3 上市公司制定利润分配政策时，应当履行公司章程规定的决策程序。董事会应当就股东回报事宜进行专项研究论证，制定明确、清晰的股东回报规划，并详细说明规划安排的理由等情况。上市公司应当在公司

章程中载明以下内容:

（一）公司董事会、股东大会对利润分配尤其是现金分红事项的决策程序和机制，对既定利润分配政策尤其是现金分红政策作出调整的具体条件、决策程序和机制，以及为充分听取独立董事和中小股东意见所采取的措施。

（二）公司的利润分配政策尤其是现金分红政策的具体内容，利润分配的形式，利润分配尤其是现金分红的期间间隔，现金分红的具体条件，发放股票股利的条件，各期现金分红最低金额或者比例（如有）等。

7.6.4  上市公司应当在章程中明确现金分红相对于股票股利在利润分配方式中的优先顺序。

具备现金分红条件的，应当采用现金分红进行利润分配。

7.6.5  上市公司在制定现金分红政策时，董事会应当综合考虑所处行业特点、发展阶段、自身经营模式、盈利水平以及是否有重大资金支出安排等因素。在制定现金分红具体方案时，董事会应当认真研究和论证公司现金分红的时机、条件和最低比例、调整的条件及其决策程序要求等事宜，独立董事应当发表明确意见。

7.6.6  上市公司在制定和执行现金分红政策过程中出现下列情形的，独立董事应当发表明确意见：

（一）公司章程中没有明确、清晰的股东回报规划或者具体的现金分红政策；

（二）公司章程规定不进行现金分红；

（三）公司章程规定了现金分红政策，但无法按照既定现金分红政策确定当年利润分配方案；

（四）公司在年度报告期内有能力分红但不分红尤其是连续多年不分红或者分红水平较低；

（五）公司存在大比例现金分红；

（六）本所认定的其他情形。

7.6.7  上市公司制定利润分配方案时，应当以母公司报表中可供分配利润为依据。同时，为避免出现超分配的情况，公司应当以合并报表、母公司报表中可供分配利润孰低的原则来确定具体的利润分配比例。

7.6.8  上市公司拟以半年度财务报告为基础进行现金分红，且不送红股或者不进行资本公积转增股本的，半年度财务报告可以不经审计。

7.6.9  在筹划或者讨论利润分配方案过程中，上市公司应当将内幕信息知情人控制在最小范围内，及时登记内幕信息知情人名单及其个人信息，并采取严格的保密措施，防止分配方案提前泄露。

公司还应当密切关注公共媒体关于公司分配方案的报道和公司股票及其衍生品种的交易情况，及时采取相应措施：

（一）如公共传媒出现有关公司分配方案的传闻，且该传闻据传出自公司内部有关人员或者与公司有密切联系的单位或者个人，而公司并未对利润分配方案进行讨论的，公司应当及时对有关传闻进行澄清；

（二）如公司股票及其衍生品交易价格发生异常波动，或者预计利润分配方案已经提前泄露，或者预计利润分配方案难以保密的，公司应当对

拟订的利润分配方案或者是否计划推出高比例送转方案进行预披露。

7.6.10 上市公司对利润分配方案进行预披露时，应当同时向本所提交经半数以上董事对利润分配预案进行签字确认的书面文件，文件中应当说明提出讨论利润分配预案的提议人、提议理由，利润分配预案的合法性、合规性、合理性以及签字董事承诺在董事会开会审议分配方案时投赞成票等内容。利润分配预案可以说明拟分配的区间范围，但公司应当尽可能缩小该区间范围，以避免误导投资者。

7.6.11 上市公司应当在预披露公告中披露分配方案的提议人，公司确定该方案的理由，方案与公司业绩成长性是否相匹配，方案对公司未来发展的影响以及公司在信息保密和防范内幕交易方面所采取的措施等内容。

7.6.12 利润分配方案中包含高比例送转的上市公司，应当按照本指引第五章的相关规定，在向本所提交相关公告的同时向本所报送内幕信息知情人及其近亲属（含配偶、父母、子女、兄弟姐妹等）等相关信息，并在分配方案公告后五个交易日内向本所报备内幕信息知情人及其近亲属在分配方案公告前一个月内买卖上市公司股票及其衍生品种的自查结果。

7.6.13 上市公司利润分配方案中现金分红的金额达到或者超过当期归属于上市公司股东的净利润的 100%，且达到或者超过当期累计可分配利润的 50%的，公司应当同时披露该现金分红方案的提议人，公司确定该现金分红方案的理由，方案是否将造成公司流动资金短缺，公司在过去十二个月内是否使用过募集资金补充流动资金以及在未来十二个月内是否计划使用募集资金补充流动资金等内容。

7.6.14 上市公司实施分配方案的，非经股东大会审议通过，不得擅自变更分配总额。分配方案公布后至实施前，公司总股本由于增发新股、股权激励行权、可转债转股等原因发生变动的，应当按照"现金分红总额、送红股总额、转增股本总额固定不变"的原则，在利润分配实施公告中披露按公司最新总股本计算的分配比例。

7.6.15 根据中国证监会《证券发行与承销管理办法》的相关规定，拟发行证券的上市公司存在利润分配、公积金转增股本方案尚未提交股东大会表决或者虽经股东大会表决通过但未实施的，应当在方案实施后发行。相关方案实施前，主承销商不得承销上市公司发行的证券。

## 第八章　内部控制

### 第一节　总体要求

8.1.1 上市公司应当完善内部控制制度，确保董事会、监事会和股东大会等机构合法运作和科学决策，建立有效的激励约束机制，树立风险防范意识，培育良好的企业精神和内部控制文化，创造全体职工充分了解并履行职责的环境。

公司董事会应当对公司内部控制制度的制定和有效执行负责。

8.1.2 上市公司应当建立健全内部控制制度，执行《企业内部控制基本规范》(财会〔2008〕7号)。本所鼓励公司提前执行财政部等部委于2010年联合发布的《企业内部控制应用指引》、《企业内部控制评价指引》和《企

业内部控制审计指引》（财会〔2010〕11 号）等企业内部控制配套指引和证监会《公开发行证券的公司信息披露编报规则第 21 号—年度内部控制评价报告的一般规定》的规定。

8.1.3 上市公司应当明确界定各部门和各岗位的目标、职责和权限，建立相应的授权、检查和逐级问责制度，确保其在授权范围内履行职能。

公司应当设立完善的控制架构，并制定各层级之间的控制程序，保证董事会及高级管理人员下达的指令能够被严格执行。

8.1.4 上市公司应当建立相关部门之间、岗位之间的制衡和监督机制，并设立专门负责监督检查的内部审计部门，定期检查公司内部控制缺陷，评估其执行的效果和效率，并及时提出改进建议。

8.1.5 上市公司应当建立完整的风险评估体系，对经营风险、财务风险、市场风险、政策法规风险和道德风险等进行持续监控，及时发现、评估公司面临的各类风险，并采取必要的控制措施。

8.1.6 上市公司应当制定公司内部信息和外部信息的管理政策，确保信息能够准确传递，确保董事会、监事会、高级管理人员及内部审计部门及时了解公司及其控股子公司的经营和风险状况，确保各类风险隐患和内部控制缺陷得到妥善处理。

8.1.7 上市公司的内部控制活动应当涵盖公司所有营运环节，包括但不限于销售及收款、采购和费用及付款、固定资产管理、存货管理、资金管理（包括投资融资管理）、财务报告、信息披露、人力资源管理和信息系统管理等。

上述控制活动涉及关联交易的，还应当包括关联交易的控制政策及程序。

8.1.8  上市公司应当依据所处的环境和自身经营特点，建立印章使用管理、票据领用管理、预算管理、资产管理、担保管理、资金借贷管理、职务授权及代理人制度、信息披露管理、信息系统安全管理等专门管理制度。

8.1.9  上市公司应当加强对关联交易、对外担保、募集资金使用、重大投资、信息披露等活动的控制，按照本指引及有关规定的要求建立相应控制政策和程序。

## 第二节  关联交易的内部控制

8.2.1  上市公司应当建立健全关联交易内部控制制度，遵循诚实信用、平等、自愿、公平、公开、公允的原则，保障公司和股东的合法权益，不得隐瞒关联关系或者将关联交易非关联化。

本所鼓励上市公司通过资产重组、整体上市等方式减少或者消除关联交易。

8.2.2  上市公司应当按照有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他相关规定的规定，在公司章程中明确划分公司股东大会、董事会对关联交易事项的审批权限，规定关联交易事项的审议程序和回避表决要求。

8.2.3  上市公司应当参照《股票上市规则》及本所其他有关规定，确

定公司关联人的名单，并及时予以更新，确保关联人名单真实、准确、完整。

公司及其下属控股子公司在发生交易活动时，相关责任人应当仔细查阅关联人名单，审慎判断是否构成关联交易。如果构成关联交易，应当在各自权限内履行审批、报告义务。

8.2.4 上市公司在召开董事会审议关联交易事项时，会议主持人应当在会议表决前提醒关联董事须回避表决。关联董事未主动声明并回避的，知悉情况的董事应当要求关联董事予以回避。

公司股东大会在审议关联交易事项时，会议主持人及见证律师应当在股东投票前，提醒关联股东须回避表决。

8.2.5 上市公司在审议关联交易事项时，应当做到：

（一）详细了解交易标的的真实状况，包括交易标的运营现状、盈利能力、是否存在抵押、冻结等权利瑕疵和诉讼、仲裁等法律纠纷；

（二）详细了解交易对方的诚信记录、资信状况、履约能力等情况，审慎选择交易对手方；

（三）根据充分的定价依据确定交易价格；

（四）根据《股票上市规则》的要求或者公司认为有必要时，聘请中介机构对交易标的进行审计或者评估。

8.2.6 上市公司不得对存在以下情形之一的关联交易事项进行审议并作出决定：

（一）交易标的状况不清；

（二）交易价格未确定；

（三）交易对方情况不明朗；

（四）因本次交易导致或者可能导致上市公司被控股股东、实际控制人及其附属企业非经营性资金占用；

（五）因本次交易导致或者可能导致上市公司为关联人违规提供担保；

（六）因本次交易导致或者可能导致上市公司被关联人侵占利益的其他情形。

8.2.7 上市公司向关联人购买资产按规定需要提交股东大会审议且存在以下情形之一的，原则上交易对方应当提供在一定期限内标的资产盈利担保或者补偿承诺、或者标的资产回购承诺：

（一）高溢价购买资产的；

（二）购买资产最近一期净资产收益率为负或者低于上市公司本身净资产收益率的。

8.2.8 上市公司进行关联交易因连续十二个月累计计算的原则需提交股东大会审议的，仅需要将本次关联交易提交股东大会审议，并在本次关联交易公告中将前期已发生的关联交易一并披露。

8.2.9 上市公司与关联人之间的交易应当签订书面协议，明确交易双方的权利义务及法律责任。

8.2.10 上市公司董事、监事及高级管理人员应当关注公司是否存在被关联人占用资金等侵占公司利益的问题，关注方式包括但不限于问询、查阅等。

8.2.11 因关联人占用或者转移公司资金、资产或者其他资源而给上市公司造成损失或者可能造成损失的，公司董事会应当及时采取诉讼、财产保全等保护性措施避免或者减少损失，并追究有关人员的责任。

## 第三节　对外担保的内部控制

8.3.1 上市公司对外担保的内部控制应当遵循合法、审慎、互利、安全的原则，严格控制担保风险。

8.3.2 上市公司应当按照有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他有关规定的规定，在公司章程中明确股东大会、董事会关于对外担保事项的审批权限，以及违反审批权限和审议程序的责任追究机制。

在确定审批权限时，公司应当执行《股票上市规则》关于对外担保累计计算的相关规定。

8.3.3 上市公司董事会应当在审议对外担保议案前充分调查被担保人的经营和资信情况，认真审议分析被担保人的财务状况、营运状况、行业前景和信用情况，依法审慎作出决定。公司可以在必要时聘请外部专业机构对担保风险进行评估，以作为董事会或者股东大会进行决策的依据。

8.3.4 上市公司应当依法明确对外担保的审批权限，严格执行对外担保审议程序。

未经董事会或者股东大会审议通过，公司不得对外提供担保。

公司应当在公司章程中规定，对外担保提交董事会审议时，应当取得

出席董事会会议的三分之二以上董事同意。

8.3.5 上市公司对外担保应当要求对方提供反担保，谨慎判断反担保提供方的实际担保能力和反担保的可执行性，严格控制担保风险。

8.3.6 上市公司独立董事应当在董事会审议对外担保事项（对合并范围内子公司提供担保除外）时就其合法合规性、对公司的影响及存在风险等发表独立意见，必要时可以聘请会计师事务所对公司累计和当期对外担保情况进行核查。如发现异常，应当及时向董事会和监管部门报告并公告。

8.3.7 上市公司应当妥善管理担保合同及相关原始资料，及时进行清理检查，并定期与银行等相关机构进行核对，保证存档资料的完整、准确、有效，关注担保的时效、期限。

公司在合同管理过程中发现未经董事会或者股东大会审议通过的异常担保合同的，应当及时向董事会、监事会报告并公告。

8.3.8 上市公司应当指派专人持续关注被担保人的情况，收集被担保人最近一期的财务资料和审计报告，定期分析其财务状况及偿债能力，关注其生产经营、资产负债、对外担保以及分立合并、法定代表人变化等情况，建立相关财务档案，定期向董事会报告。

如发现被担保人经营状况严重恶化或者发生公司解散、分立等重大事项的，有关责任人应当及时报告董事会。董事会应当采取有效措施，将损失降低到最小程度

8.3.9 对外担保的债务到期后，上市公司应当督促被担保人在限定时间内履行偿债义务。若被担保人未能按时履行义务，公司应当及时采取必

要的补救措施。

8.3.10　上市公司担保的债务到期后需展期并需继续由其提供担保的，应当作为新的对外担保，重新履行担保审批程序和信息披露义务。

8.3.11　上市公司控股子公司的对外担保，上市公司应当比照执行上述规定。

## 第四节　重大投资的内部控制

8.4.1　上市公司重大投资的内部控制应当遵循合法、审慎、安全、有效的原则，控制投资风险、注重投资效益。

8.4.2　上市公司应当在公司章程中明确股东大会、董事会对重大投资的审批权限，制定相应的审议程序。

8.4.3　上市公司应当指定专门机构，负责对公司重大投资项目的可行性、投资风险、投资回报等事宜进行专门研究和评估，监督重大投资项目的执行进展，如发现投资项目出现异常情况，应当及时向公司董事会报告。

8.4.4　上市公司进行证券投资、委托理财、风险投资等投资事项的，应当按照有关规定制定严格的决策程序、报告制度和监控措施，并根据公司的风险承受能力确定投资规模及期限。

公司进行前款所述投资事项应当由董事会或者股东大会审议通过，不得将委托理财审批权授予公司董事个人或者经营管理层行使。

8.4.5　上市公司进行委托理财的，应当选择资信状况及财务状况良好、无不良诚信记录及盈利能力强的合格专业理财机构作为受托方，并与受托

方签订书面合同，明确委托理财的金额、期限、投资品种、双方的权利义务及法律责任等。

公司董事会应当指派专人跟踪委托理财的进展情况及投资安全状况，出现异常情况时应当要求其及时报告，以便董事会立即采取有效措施回收资金，避免或者减少公司损失。

8.4.6 上市公司董事会应当定期了解重大投资项目的执行进展和投资效益情况，如出现未按计划投资、未能实现项目预期收益、投资发生较大损失等情况，公司董事会应当查明原因，及时采取有效措施，追究有关人员的责任。

## 第五节 信息披露的内部控制

8.5.1 上市公司应当建立信息披露事务管理制度，规范公司重大信息的范围和内容以及未公开重大信息内部报告、流转、对外发布的程序和注意事项以及违反信息披露规定的责任追究机制等事项。信息披露事务管理制度应当经公司董事会审议通过并公告。

公司应当指定董事会秘书具体负责信息披露工作。公司应当保证董事会秘书能够及时、畅通地获取相关信息，除董事会秘书外的其他董事、监事、高级管理人员和其他人员，非经董事会的书面授权并遵守《股票上市规则》及本指引等有关规定，不得对外发布任何公司未公开重大信息

8.5.2 上市公司应当明确规定，当出现、发生或者即将发生可能对公司股票及其衍生品种的交易价格产生较大影响的情形或者事件时，负有报

告义务的责任人应当及时将相关信息向公司董事会和董事会秘书进行报告；当董事会秘书需了解重大事项的情况和进展时，相关部门（包括公司控股子公司）及人员应当予以积极配合和协助，及时、准确、完整地进行回复，并根据要求提供相关资料。

8.5.3 上市公司应当建立重大信息的内部保密制度，加强未公开重大信息内部流转过程中的保密工作，对公司、控股股东、实际控制人、公司董事、监事、高级管理人员以及其他核心人员使用网站、博客、微博、微信等媒体发布信息进行必要的关注和引导，明确未公开重大信息的密级，尽量缩小知情人员范围，防止通过各种非正式渠道泄漏未公开重大信息，保证未公开重大信息处于可控状态。

8.5.4 上市公司应当要求控股子公司参照上市公司规定建立信息披露事务管理制度，明确控股子公司应当向董事会秘书和信息披露事务部门报告的信息范围、报告流程等。

8.5.5 上市公司董事会应当针对传闻内容是否属实、结论能否成立、传闻的影响、相关责任人等事项进行认真调查、核实。

公司董事会调查、核实的对象应当为与传闻有重大关系的机构或者个人，包括但不限于公司股东、实际控制人、行业协会、主管部门、公司董事、监事、高级管理人员、公司相关部门、参股公司、合作方、媒体、研究机构等。

8.5.6 上市公司董事会调查、核实传闻时应当尽量采取书面函询或者委托律师核查等方式进行，以便获取确凿证据，确保澄清公告的真实、准

确、完整。

8.5.7 上市公司董事会秘书应当对上报的内部重大信息进行分析和判断。如按规定需要履行信息披露义务的，董事会秘书应当及时向董事会报告，提请董事会履行相应程序并对外披露。

## 第六节　控股子公司的内部控制

8.6.1 上市公司应当重点加强对控股子公司的管理控制，制定对控股子公司的控制政策及程序，并在充分考虑控股子公司业务特征等的基础上，督促其建立内部控制制度。

8.6.2 上市公司对其控股子公司的管理控制，至少应当包括下列控制活动：

（一）建立对各控股子公司的控制制度，明确向控股子公司委派的董事、监事及重要高级管理人员的选任方式和职责权限等；

（二）依据上市公司的经营策略和风险管理政策，督导各控股子公司建立起相应的经营计划、风险管理程序；

（三）要求各控股子公司建立重大事项报告制度、明确审议程序，及时向上市公司分管负责人报告重大业务事项、重大财务事项以及其他可能对上市公司股票及其衍生品种交易价格产生较大影响的信息，并严格按照授权规定将重大事项报公司董事会审议或者股东大会审议；

（四）要求控股子公司及时向上市公司董事会秘书报送其董事会决议、股东大会决议等重要文件，通报可能对上市公司股票及其衍生品种交易价

格产生较大影响的事项;

（五）定期取得并分析各控股子公司的季度或者月度报告，包括营运报告、产销量报表、资产负债表、利润表、现金流量表、向他人提供资金及对外担保报表等;

（六）建立对各控股子公司的绩效考核制度。

8.6.3 上市公司的控股子公司同时控股其他公司的，上市公司应当督促其控股子公司参照本指引要求，逐层建立对其下属子公司的管理控制制度。

## 第七节　内部控制的检查和披露

8.7.1 上市公司应当设立内部审计部门，对公司内部控制制度的建立和实施、公司财务信息的真实性和完整性等情况进行检查监督。

内部审计部门直接对董事会负责，向董事会报告工作。

内部审计部门应当保持独立性，不得置于财务部门的领导之下，或者与财务部门合署办公。

8.7.2 上市公司各内部机构或者职能部门、控股子公司以及具有重大影响的参股公司应当配合内部审计部门依法履行职责，不得妨碍内部审计部门的工作。

8.7.3 内部审计部门应当履行以下主要职责：

（一）对本公司各内部机构、控股子公司以及具有重大影响的参股公司的内部控制制度的完整性、合理性及其实施的有效性进行检查和评估;

（二）对本公司各内部机构、控股子公司以及具有重大影响的参股公司的会计资料及其他有关经济资料，以及所反映的财务收支及有关的经济活动的合法性、合规性、真实性和完整性进行审计，包括但不限于财务报告、业绩快报、自愿披露的预测性财务信息等；

（三）协助建立健全反舞弊机制，确定反舞弊的重点领域、关键环节和主要内容，并在内部审计过程中合理关注和检查可能存在的舞弊行为；

（四）至少每季度向董事会或者专门委员会报告一次，内容包括但不限于内部审计计划的执行情况以及内部审计工作中发现的问题。

8.7.4  上市公司应当根据自身经营特点和实际状况，制定公司内部控制自查制度和年度内部控制自查计划。

公司应当要求内部各部门（含分支机构）、控股子公司，积极配合内部审计部门的检查监督，必要时可以要求其定期进行自查。

8.7.5  内部审计应当涵盖上市公司经营活动中与财务报告和信息披露事务相关的所有业务环节，包括：销货与收款、采购及付款、存货管理、固定资产管理、资金管理、投资与融资管理、人力资源管理、信息系统管理和信息披露事务管理等。内部审计部门可以根据公司所处行业及生产经营特点，对上述业务环节进行调整。

8.7.6  内部审计人员获取的审计证据应当具备充分性、相关性和可靠性。内部审计人员应当将获取审计证据的名称、来源、内容、时间等信息清晰、完整地记录在工作底稿中。

8.7.7  内部审计部门应当建立工作底稿制度，并依据有关法律、法规

的规定，建立相应的档案管理制度，明确内部审计工作报告、工作底稿及相关资料的保存时间。

8.7.8 内部审计部门应当对上市公司内部控制运行情况进行检查监督，并将检查中发现的内部控制缺陷和异常事项、改进建议及解决进展情况等形成内部审计报告，向董事会和列席监事通报。

内部审计部门如发现公司存在重大异常情况，可能或者已经遭受重大损失时，应当立即报告董事会并抄报监事会。董事会应当提出切实可行的解决措施，必要时应当及时报告本所并公告。

8.7.9 上市公司董事会应当根据内部审计部门出具的评价报告及相关资料，对与财务报告和信息披露事务相关的内部控制制度的建立和实施情况出具年度内部控制自我评价报告。公司监事会和独立董事应当对此报告发表意见。内部控制自我评价报告至少应当包括下列内容：

（一）对照本指引及有关规定，说明公司内部控制制度是否建立健全和有效运行，是否存在缺陷；

（二）说明本指引重点关注的控制活动的自查和评估情况；

（三）说明内部控制缺陷和异常事项的改进措施（如适用）；

（四）说明上一年度的内部控制缺陷及异常事项的改善进展情况（如适用）。

8.7.10 会计师事务所在对上市公司进行年度审计时，应当参照有关主管部门的规定，就公司财务报告内部控制情况出具评价意见。

8.7.11 如会计师事务所对上市公司内部控制有效性出具非标准内部

控制审计报告或者指出公司非财务报告内部控制存在重大缺陷的，公司董事会、监事会应当针对所涉及事项作出专项说明，专项说明至少应当包括下列内容：

（一）所涉及事项的基本情况；

（二）该事项对公司内部控制有效性的影响程度；

（三）公司董事会、监事会对该事项的意见；

（四）消除该事项及其影响的具体措施。

8.7.12 上市公司应当在年度报告披露的同时，在中国证监会指定网站上披露内部控制自我评价报告和内部控制审计报告（如有）。

8.7.13 上市公司应当将内部控制制度的健全完备和有效执行情况，作为对公司各部门（含分支机构）、控股子公司的绩效考核重要指标之一。公司应当建立责任追究机制，对违反内部控制制度和影响内部控制制度执行的有关责任人予以查处。

## 第九章　投资者关系管理

9.1 上市公司投资者关系管理工作应当体现公平、公正、公开原则，客观、真实、准确、完整地介绍和反映公司的实际状况，避免过度宣传可能给投资者决策造成的误导。

9.2 上市公司投资者关系管理工作应当严格遵守有关法律、行政法规、部门规章、规范性文件、《股票上市规则》、本指引和本所其他相关规定，不得在投资者关系活动中以任何方式发布或者泄漏未公开重大信息。

9.3 上市公司应当建立投资者关系管理机制，指定董事会秘书担任投资者关系管理负责人，除非得到明确授权并经过培训，公司其他董事、监事、高级管理人员和员工应当避免在投资者关系活动中代表公司发言。

9.4 上市公司应当承担投资者投诉处理的首要责任，完善投诉处理机制并公开处理流程和办理情况。

公司与投资者之间发生的纠纷，可以自行协商解决、提交证券期货纠纷专业调解机构进行调解、向仲裁机构申请仲裁或者向人民法院提起诉讼。

9.5 上市公司通过股东大会、网站、分析师说明会、业绩说明会、路演、一对一沟通、现场参观和电话咨询等方式进行投资者关系活动时，应当平等对待全体投资者，为中小投资者参与活动创造机会，保证相关沟通渠道的畅通，避免出现选择性信息披露。

9.6 上市公司在业绩说明会、分析师会议、路演等投资者关系活动开始前，应当事先确定提问的可回答范围。提问涉及公司未公开重大信息或者可以推理出未公开重大信息的，公司应当拒绝回答。

9.7 上市公司举行业绩说明会、分析师会议、路演等投资者关系活动，为使所有投资者均有机会参与，可以采取网上直播的方式。采取网上直播方式的，公司应当提前发布公告，说明投资者关系活动的时间、方式、地点、网址、公司出席人员名单和活动主题等。

9.8 机构投资者、分析师、新闻媒体等特定对象到上市公司现场参观、座谈沟通时，公司应当合理、妥善地安排参观过程，避免参观者有机会获取未公开重大信息。

9.9 上市公司应当对董事、监事、高级管理人员及相关员工进行投资者关系管理的系统培训，提高其与特定对象进行沟通的能力，增强其对相关法律法规、业务规则和规章制度的理解，树立公平披露意识。

9.10 股东大会对现金分红具体方案进行审议前，上市公司应当通过互动易等多种渠道主动与股东特别是中小股东进行沟通和交流，充分听取中小股东的意见和诉求，及时答复中小股东关心的问题。

9.11 上市公司应当根据规定在定期报告中公布公司网址和咨询电话号码。当网址或者咨询电话号码发生变更后，公司应当及时进行公告。

公司应当及时更新公司网站，更正错误信息，并以显著标识区分最新信息和历史信息，避免对投资者决策产生误导。

9.12 本所鼓励上市公司通过召开新闻发布会、投资者恳谈会、网上说明会等方式，帮助更多投资者及时全面地了解公司已公开的重大信息。

公众媒体出现对上市公司重大质疑时，本所鼓励公司及时召开说明会，对相关事项进行说明。

9.13 上市公司向机构投资者、分析师或者新闻媒体等特定对象提供已披露信息等相关资料的，如其他投资者也提出相同的要求，公司应当平等予以提供。

9.14 上市公司与特定对象交流沟通时，应当做好相关记录。公司应当将上述记录、现场录音、演示文稿、向对方提供的文档（如有）等文件资料存档并妥善保管。

9.15 上市公司应当通过本所投资者关系互动平台（以下简称"互动易"）

与投资者交流，指派或者授权董事会秘书或者证券事务代表负责查看互动易上接收到的投资者提问，依照本所《股票上市规则》等相关规定，根据情况及时处理互动易的相关信息。

9.16 上市公司应当通过互动易就投资者对已披露信息的提问进行充分、深入、详细的分析、说明和答复。对于重要或者具普遍性的问题及答复，公司应当加以整理并在互动易以显著方式刊载。

公司在互动易刊载信息或者答复投资者提问等行为不能替代信息披露义务，公司不得在互动易就涉及或者可能涉及未公开重大信息的投资者提问进行回答。

9.17 上市公司在投资者关系活动中泄露未公开重大信息的，应当立即通过指定信息披露媒体发布公告，并采取其他必要措施。

9.18 上市公司在业绩说明会、分析师会议、路演等投资者关系活动结束后二个交易日内，应当编制投资者关系活动记录表，并将该表及活动过程中所使用的演示文稿、提供的文档等附件（如有）及时在本所互动易刊载，同时在公司网站（如有）刊载。

9.19 上市公司应当充分关注互动易收集的信息以及其他媒体关于本公司的报道，充分重视并依法履行有关公司的媒体报道信息引发或者可能引发的信息披露义务。

9.20 上市公司进行投资者关系活动应当建立完备的投资者关系管理档案制度，投资者关系管理档案至少应当包括下列内容：

（一）投资者关系活动参与人员、时间、地点；

（二）投资者关系活动的交流内容；

（三）未公开重大信息泄密的处理过程及责任追究情况（如有）；

（四）其他内容。

9.21 上市公司应当尽量避免在年度报告、半年度报告披露前三十日内接受投资者现场调研、媒体采访等。

## 第十章　社会责任

10.1 上市公司应当在追求经济效益、保护股东利益的同时，积极保护债权人和职工的合法权益，诚信对待供应商、客户和消费者，积极从事环境保护、社区建设等公益事业，从而促进公司本身与全社会的协调、和谐发展。

10.2 上市公司在经营活动中，应当遵循自愿、公平、等价有偿、诚实信用的原则，遵守社会公德、商业道德，接受政府和社会公众的监督，不得通过贿赂、走私等非法活动牟取不正当利益，不得侵犯他人的商标权、专利权和著作权等知识产权，不得从事不正当竞争行为。

10.3 上市公司应当积极履行社会责任，定期评估公司社会责任的履行情况，自愿披露公司社会责任报告。

10.4 上市公司应当制定长期和相对稳定的利润分配政策和办法，制定切实合理的利润分配方案，积极回报股东。

10.5 本所鼓励上市公司在公司章程中规定，当公司股价出现低于每股净资产等情形时将回购股份。

10.6  上市公司应当确保公司财务稳健，保障公司资产、资金安全，在追求股东利益最大化的同时兼顾债权人的利益。

10.7  上市公司应当依据《公司法》和公司章程的规定,建立职工董事、职工监事选任制度，确保职工在公司治理中享有充分的权利；支持工会依法开展工作，对工资、福利、劳动安全卫生、社会保险等涉及职工切身利益的事项，通过职工代表大会、工会会议等民主形式听取职工的意见，关心和重视职工的合理需求。

10.8  上市公司应当对供应商、客户和消费者诚实守信，不得依靠夸大宣传、虚假广告等不当方式牟利，不得侵犯供应商和客户的著作权、商标权、专利权等知识产权。

10.9  上市公司应当根据其对环境的影响程度制定整体环境保护政策，指派具体人员负责公司环境保护体系的建立、实施、保持和改进，并为环保工作提供必要的人力、物力、技术和财力支持。

10.10  上市公司应当尽量采用低碳排放、资源利用率高、污染物排放量少的设备和工艺，应用经济合理的废弃物综合利用技术和污染物处理技术。

10.11  上市公司应当定期指派专人检查环保政策的实施情况，对不符合公司环境保护政策的行为应当予以纠正，并采取相应补救措施。

10.12  上市公司出现重大环境污染问题时，应当及时披露环境污染的产生原因、对公司业绩的影响、环境污染的影响情况、公司拟采取的整改措施等。

10.13  上市公司应当主动接受政府部门和监管机关的监督和检查，关注社会公众及新闻媒体对公司的评论。

10.14  上市公司可将社会责任报告与年度报告同时对外披露。社会责任报告的内容至少应当包括：

（一）关于职工保护、环境污染、商品质量、社区关系等方面的社会责任制度的建设和执行情况；

（二）履行社会责任存在的问题和不足、与本指引存在的差距及其原因；

（三）改进措施和具体时间安排。

## 第十一章  附则

11.1  本所建立诚信档案管理系统，记录上市公司及其董事、监事、高级管理人员、股东、实际控制人、收购人等自然人、机构及其相关人员，以及保荐机构及其保荐代表人、证券服务机构及其相关人员的诚信信息。

11.2  上市公司发行优先股的，按照中国证监会《上市公司优先股试点管理办法》、《上市公司收购管理办法》、《上市公司章程指引》等相关规定执行。

11.3  上市公司及其董事、监事、高级管理人员、股东、实际控制人、收购人等自然人、机构及其相关人员，以及保荐机构及其保荐代表人、证券服务机构及其相关人员等违反本指引的，本所按照《股票上市规则》和《深圳证券交易所自律监管措施和纪律处分措施实施细则（试行）》等相关

规定对其采取自律监管措施或者纪律处分措施。

11.4 本指引由本所负责解释。

11.5 本指引自 2015 年 3 月 20 日起施行。

附件一：控股股东、实际控制人声明及承诺书

附件二：募集资金三方监管协议（范本）

附件一：控股股东、实际控制人声明及承诺书

控股股东、实际控制人声明及承诺书（法人及其他组织版本）

第一部分   声   明

一、基本情况

1．上市公司全称：＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

2．上市公司股票简称：＿＿＿＿＿＿＿   股票代码：＿＿＿＿＿

3．本单位全称：＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

4．本单位住所：＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

5．本单位主要业务范围：＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

二、是否有除上市公司外的其他关联公司？

是□   否□

如是，请填报各公司的名称、注册代码、注册资本、经营范围。

三、是否负有数额较大的到期未清偿债务？

是□   否□

如是，请详细说明。

四、是否存在占用上市公司资金或者要求上市公司违法违规提供担保的情形？

是□   否□

如是，请详细说明。

五、是否曾违反《证券法》等证券法律、行政法规受到刑事处罚或者行政处罚？

是□   否□

如是，请详细说明。

六、是否曾违反其他法律、行政法规受到刑事处罚或者行政处罚？

是□   否□

如是，请详细说明。

七、是否曾违反证券交易所业务规则或者其他相关规定受到证券交易所处分？

是□   否□

如是，请详细说明。

八、是否因涉嫌违反证券市场法律、行政法规正受到中国证监会的调查？

是□   否□

如是，请详细说明。

九、直接或者间接持有上市公司的股票及其衍生品种情况？

请详细说明。

十、在上市公司及其控股子公司业务中，过去或者现在是否拥有除股权以外的任何其他利益？

是□   否□

如是，请详细说明。

十一、是否已明确知悉作为上市公司的控股股东、实际控制人，指使上市公司董事、监事、高级管理人员违背对上市公司的忠实义务，利用职务便利，操纵上市公司从事下列行为之一，致使上市公司利益遭受重大或者特别重大损失的，将被追究刑事责任：

（一）无偿向其他单位或者个人提供资金、商品、服务或者其他资产的；

（二）以明显不公平的条件，提供或者接受资金、商品、服务或者其他资产的；

（三）向明显不具有清偿能力的单位或者个人提供资金、商品、服务或者其他资产的；

（四）向明显不具有清偿能力的单位或者个人提供担保，或者无正当理由为其他单位或者个人提供担保的；

（五）无正当理由放弃债权、承担债务的；

（六）采用其他方式损害上市公司利益的。

是☐　否☐

十二、除上述问题所披露的信息外，是否有需要声明的其他事项，而不声明该等事项可能影响本单位对上述问题回答的真实性、准确性或者完整性？

是☐　否☐

如是，请详细说明。

＿＿＿＿＿＿＿＿＿＿（正楷体）郑重声明，上述回答是真实、准确和完整的，保证不存在任何虚假记载、误导性陈述或者遗漏。本单位完全明白作出虚假声明可能导致的法律后果。

声明人（盖章）：

法定代表人签名：

日　　期：

此项声明于　　年　　月　　日作出。

见证律师：

日　　期：

## 第二部分　承　诺

＿＿＿＿＿＿＿＿＿＿（正楷体）作为＿＿＿＿＿＿＿＿＿＿股份有限公司（以下简称"上市公司"）的控股股东（或者实际控制人），向深圳证券交易所承诺：

一、本单位保证严格遵守并促使上市公司严格遵守《公司法》、《证券法》等法律、行政法规、部门规章、规范性文件的相关规定。

二、本单位保证严格遵守并促使上市公司严格遵守中国证监会发布的部门规章、规范性文件的有关规定。

三、本单位保证严格遵守并促使上市公司严格遵守《深圳证券交易所股票上市规则》、《深圳证券交易所主板上市公司规范运作指引》和深圳证券交易所其他相关规定。

四、本单位保证严格遵守并促使上市公司严格遵守《公司章程》的规定。

五、本单位保证依法行使股东权利，不滥用股东权利损害上市公司或者其他股东的利益，包括但不限于：

（一）本单位及本单位的关联人不以任何方式占用上市公司资金及要求上市公司违法违规提供担保；

（二）本单位及本单位的关联人不通过非公允关联交易、利润分配、资产重组、对外投资等任何方式损害上市公司和其他股东的合法权益；

（三）本单位及本单位的关联人不利用上市公司未公开重大信息牟取利益，不以任何方式泄漏有关上市公司的未公开重大信息，不从事内幕交易、短线交易、操纵市场等违法违规行为；

（四）本单位及本单位的关联人不以任何方式影响上市公司的独立性，保证上市公司资产完整、人员独立、财务独立、机构独立和业务独立。

本单位及本单位的关联人存在占用上市公司资金或要求上市公司违法违规提供担保的，在占用资金全部归还、违规担保全部解除之前不转让所持有、控制的上市公司股份，并授权上市公司董事会办理股份锁定手续。

六、对上市公司招股说明书、募集说明书等证券发行文件中存在的虚假记载、误导性陈述或者重大遗漏负有责任，致使投资者在证券交易中遭

受损失的，本单位将依法赔偿投资者的损失。

七、本单位保证严格履行作出的各项公开声明与承诺，不擅自变更或者解除。

八、本单位保证严格按照法律、行政法规、部门规章、规范性文件、《深圳证券交易所股票上市规则》、《深圳证券交易所主板上市公司规范运作指引》和深圳证券交易所其他相关规定履行信息披露义务，积极主动配合上市公司做好信息披露工作，及时告知上市公司已发生或者拟发生的重大事件。

九、本单位同意接受深圳证券交易所的监管，包括及时、如实地答复深圳证券交易所向本单位提出的任何问题，提供深圳证券交易所有关业务规则规定应当报送的资料及要求提供的其他文件的正本或者副本，并委派法定代表人出席本单位被要求出席的会议。

十、本单位如违反上述承诺和保证，愿意承担由此引起的一切法律责任和接受深圳证券交易所的处分或者采取的监管措施。

十一、本单位因履行本承诺而与深圳证券交易所发生争议提起诉讼时，由深圳证券交易所住所地法院管辖。


承诺人（盖章）：

法定代表人签名：

日　　期：

此项承诺于　　　年　　月　　日作出。

见证律师：

日　　　期：

控股股东、实际控制人声明及承诺书（自然人版本）

第一部分　声　明

一、基本情况

1. 上市公司全称：_____

2. 上市公司股票简称：_____ 股票代码：_____

3. 本人姓名：_____

4. 别名：_____

5. 曾用名：_____

6. 出生日期：_____

7. 住址：_____

8. 国籍：_____

9. 拥有哪些国家或者地区的长期居留权（如适用）：

_____

10. 专业资格（如适用）：_____

11. 身份证号码：_____

12. 护照号码（如适用）：_____

13. 近亲属的姓名、身份证号码：

配偶：_____

父母：_____

子女：_____

兄弟姐妹：_____

14. 最近五年工作经历：_____

_____

二、是否有配偶、父母、子女及其配偶、兄弟姐妹及其配偶担任本公司董事、监事或者高级管理人员？

是□　否□

如是，请详细说明。

三、是否在其他公司任职？

是□　否□

如是，请填报各公司的名称、注册资本、经营范围以及本人在该公司任职的情况。

四、是否存在下列情形：

（一）无民事行为能力或者限制民事行为能力；

是□　否□

（二）因贪污、贿赂、侵占财产、挪用财产或者破坏社会主义市场经济秩序，被判处刑罚，执行期满未逾五年，或者因犯罪被剥夺政治权利，执行期满未逾五年；

是□　否□

如是，请详细说明。

（三）担任破产清算的公司、企业的董事或者厂长、经理，对该公司、企业的破产负有个人责任，自该公司、企业破产清算完结之日起未逾三年；

是□　否□

如是，请详细说明。

（四）担任因违法被吊销营业执照、责令关闭的公司、企业的法定代表人，并负有个人责任，自该公司、企业被吊销营业执照之日起未逾三年；

是□　否□

如是，请详细说明。

（五）个人所负数额较大的债务到期未清偿；

是□　否□

如是，请详细说明。

（六）是否存在占用上市公司资金或者要求上市公司违法违规提供担保的情形？

是□　否□

如是，请详细说明。

五、是否曾违反《证券法》等证券法律、行政法规受到刑事处罚或者行政处罚？

是□　否□

如是，请详细说明。

六、是否曾违反其他法律、行政法规受到刑事处罚或者行政处罚？

是□　否□

如是，请详细说明。

七、是否曾违反证券交易所业务规则或者其他相关规定受到证券交易所处分？

是□　否□

如是，请详细说明。

八、是否因涉嫌违反证券法律、行政法规正受到中国证监会的调查？

是□　否□

如是，请详细说明。

九、本人以及本人的配偶、父母、子女直接或者间接持有本公司股票及其衍生品种情况。

请详细说明。

十、在上市公司及其控股子公司业务中，过去或者现在是否拥有除前

项以外的任何其他利益？

是□　否□

如是，请详细说明。

十一、是否参加过中国证监会或者深圳证券交易所组织或者认可的证券业务培训？

是□　否□

如是，请详细说明。

十二、是否已明确知悉作为上市公司的控股股东、实际控制人，指使上市公司董事、监事、高级管理人员违背对上市公司的忠实义务，利用职务便利，操纵上市公司从事下列行为之一，致使上市公司利益遭受重大或者特别重大损失的，将被追究刑事责任：

（一）无偿向其他单位或者个人提供资金、商品、服务或者其他资产的；

（二）以明显不公平的条件，提供或者接受资金、商品、服务或者其他资产的；

（三）向明显不具有清偿能力的单位或者个人提供资金、商品、服务或者其他资产的；

（四）向明显不具有清偿能力的单位或者个人提供担保，或者无正当理由为其他单位或者个人提供担保的；

（五）无正当理由放弃债权、承担债务的；

（六）采用其他方式损害上市公司利益的。

是□　否□

十三、除上述问题所披露的信息外，是否有需要声明的其他事项，而不声明该等事项可能影响本人对上述问题回答的真实性、准确性或者完整性？

是□   否□

如是，请详细说明。

本人＿＿＿＿＿＿＿（正楷体）郑重声明，上述回答是真实、准确和完整的，保证不存在任何虚假记载、误导性陈述或者遗漏。本人完全明白作出虚假声明可能导致的法律后果。

声明人（签署）：

日　　期：

此项声明于　　　年　　月　　日作出。

见证律师：

日　　期：

## 第二部分　承　诺

本人＿＿＿＿＿＿（正楷体）作为＿＿＿＿＿＿股份有限公司（以下简称"上市公司"）的控股股东（或者实际控制人），向深圳证券交易所郑重承诺：

一、本人保证严格遵守并促使上市公司严格遵守《公司法》、《证券法》等法律、行政法规、部门规章、规范性文件的相关规定。

二、本人保证严格遵守并促使上市公司严格遵守中国证监会发布的部门规章、规范性文件的有关规定。

三、本人保证严格遵守并促使上市公司严格遵守《深圳证券交易所股票上市规则》、《深圳证券交易所主板上市公司规范运作指引》和深圳证券交易所其他相关规定。

四、本人保证严格遵守并促使上市公司严格遵守《公司章程》的规定。

五、本人保证依法行使股东权利，不滥用股东权利损害上市公司或者其他股东的利益，包括但不限于：

（一）本人及本人的关联人不以任何方式占用上市公司资金及要求上市公司违法违规提供担保；

（二）本人及本人的关联人不通过非公允关联交易、利润分配、资产重组、对外投资等任何方式损害上市公司和其他股东的合法权益；

（三）本人及本人的关联人不利用上市公司未公开重大信息牟取利益，不以任何方式泄漏有关上市公司的未公开重大信息，不从事内幕交易、短线交易、操纵市场等违法违规行为；

（四）本人及本人的关联人不以任何方式影响上市公司的独立性，保证上市公司资产完整、人员独立、财务独立、机构独立和业务独立。

本人及本人的关联人存在占用上市公司资金或者要求上市公司违法违规提供担保的，在占用资金全部归还、违规担保全部解除之前不转让所持有、控制的上市公司股份，并授权上市公司董事会办理股份锁定手续。

六、对上市公司招股说明书、募集说明书等证券发行文件中存在的虚假记载、误导性陈述或者重大遗漏负有责任，致使投资者在证券交易中遭受损失的，本人将依法赔偿投资者的损失。

七、本人保证严格履行作出的各项公开声明与承诺，不擅自变更或者解除。

八、本人保证严格按照法律、行政法规、部门规章、规范性文件、《深圳证券交易所股票上市规则》、《深圳证券交易所主板上市公司规范运作指引》和深圳证券交易所其他相关规定履行信息披露义务，积极主动配合上市公司做好信息披露工作，及时告知上市公司已发生或者拟发生的重大事件。

九、本人同意接受深圳证券交易所的监管，包括及时、如实地答复深圳证券交易所向本公司提出的任何问题，提供深圳证券交易所有关业务规则规定应当报送的资料及要求提供的其他文件的正本或者副本，并亲自出

席本人被要求出席的会议。

　　十、本人如违反上述承诺和保证，愿意承担由此引起的一切法律责任和接受深圳证券交易所的处分。

　　十一、本人因履行本承诺而与深圳证券交易所发生争议提起诉讼时，由深圳证券交易所住所地法院管辖。

承诺人（签署）：

日　　期：

此项承诺于　　　年　　月　　日作出。

见证律师：

日　　期：

附件二：

## 募集资金三方监管协议（范本）

甲方：＿＿＿＿＿＿＿＿＿股份有限公司（以下简称"甲方"）

乙方：＿＿＿＿银行＿＿＿＿分行（以下简称"乙方"）

丙方：＿＿＿＿＿＿＿＿＿＿（保荐机构）（以下简称"丙方"）

注释：协议甲方是实施募集资金投资项目的法人主体，如果募集资金投资项目由上市公司直接实施，则上市公司为协议甲方，如果由子公司或者上市公司控制的其他企业实施，则上市公司及该子公司或者上市公司控制的其他企业为协议甲方。

本协议需以《深圳证券交易所主板上市公司规范运作指引（2015 年修订）》以及上市公司制定的募集资金管理制度中相关条款为依据制定。

为规范甲方募集资金管理，保护中小投资者的权益，根据有关法律法规及《深圳证券交易所主板上市公司规范运作指引（2015 年修订）》的规定，甲、乙、丙三方经协商，达成如下协议：

一、甲方已在乙方开设募集资金专项账户（以下简称"专户"），账号为＿＿＿＿＿＿＿＿＿＿＿，截止＿＿＿年＿月＿日,专户余额为＿＿＿万元。该专户仅用于甲方＿＿＿＿＿＿＿＿＿项目、＿＿＿＿＿＿＿＿＿项目募集资金的存储和使用，不得用作其他用途。

甲方以存单方式存放的募集资金＿＿＿万元（若有），开户日期为 20＿＿

年__月__日，期限__个月。甲方承诺上述存单到期后将及时转入本协议规定的募集资金专户进行管理或者以存单方式续存，并通知丙方。甲方存单不得质押。

二、甲乙双方应当共同遵守《中华人民共和国票据法》、《支付结算办法》、《人民币银行结算账户管理办法》等法律、法规、规章。

三、丙方作为甲方的保荐机构，应当依据有关规定指定保荐代表人或者其他工作人员对甲方募集资金使用情况进行监督。丙方应当依据《深圳证券交易所主板上市公司规范运作指引（2015 年修订）》以及甲方制订的募集资金管理制度履行其督导职责，并可以采取现场调查、书面问询等方式行使其监督权。甲方和乙方应当配合丙方的调查与查询。丙方每半年对甲方募集资金的存放和使用情况进行一次现场检查。

四、甲方授权丙方指定的保荐代表人_____、_____可以随时到乙方查询、复印甲方专户的资料；乙方应当及时、准确、完整地向其提供所需的有关专户的资料。

保荐代表人向乙方查询甲方专户有关情况时应当出具本人的合法身份证明；丙方指定的其他工作人员向乙方查询甲方专户有关情况时应当出具本人的合法身份证明和单位介绍信。

五、乙方按月（每月__日前）向甲方出具对账单，并抄送丙方。乙方应当保证对账单内容真实、准确、完整。

六、甲方一次或者十二个月内累计从专户中支取的金额超过五千万元或者募集资金净额的 10%的，乙方应当及时以传真方式通知丙方，同时提

供专户的支出清单。

七、丙方有权根据有关规定更换指定的保荐代表人。丙方更换保荐代表人的，应当将相关证明文件书面通知乙方，同时按本协议第十一条的要求书面通知更换后保荐代表人的联系方式。更换保荐代表人不影响本协议的效力。

八、乙方连续三次未及时向丙方出具对账单或者向丙方通知专户大额支取情况，以及存在未配合丙方调查专户情形的，甲方或者丙方可以要求甲方单方面终止本协议并注销募集资金专户。

九、本协议自甲、乙、丙三方法定代表人或者其授权代表签署并加盖各自单位公章之日起生效，至专户资金全部支出完毕并依法销户之日起失效。

丙方义务至持续督导期结束之日，即 20＿＿年 12 月 31 日解除。

十、本协议一式＿＿份，甲、乙、丙三方各持一份，向深圳证券交易所、中国证监会＿＿＿＿监管局各报备一份，其余留甲方备用。

十一、联系方式：

1.＿＿＿＿＿＿股份有限公司（甲方）

地　址：＿＿＿＿＿＿＿＿＿＿＿＿

邮　编：＿＿＿＿＿＿＿＿＿＿＿＿

传　真：＿＿＿＿＿＿＿＿＿＿＿＿

联系人：＿＿＿＿＿＿＿＿＿＿＿＿

电　话：＿＿＿＿＿＿＿＿＿＿＿＿

手 机：_____

Email：_____


2. _____银行_____分行（乙方）

地 址：_____

邮 编：_____

传 真：_____

联系人：_____

电 话：_____

手 机：_____

Email：_____


3. _____ （保荐机构）（丙方）

地 址：_____

邮 编：_____

保荐代表人 A：_____

身份证号码：_____

电 话：_____

手 机：_____

Email：_____

传 真：_____

保荐代表人 B：＿＿＿＿＿＿

身份证号码：＿＿＿＿＿＿＿

电 话：＿＿＿＿＿＿＿＿＿

手 机：＿＿＿＿＿＿＿＿＿

Email：＿＿＿＿＿＿＿＿＿

传 真：＿＿＿＿＿＿＿＿

协议签署：＿＿＿＿＿＿＿


甲方：＿＿＿＿＿＿＿＿股份有限公司（盖章）

法定代表人或者授权代表：＿＿＿＿＿


20＿ ＿年＿＿月＿＿日

法定代表人或者授权代表：


乙方：＿＿＿银行＿＿＿分行＿＿＿支行（盖章）

法定代表人或者授权代表：＿＿＿＿＿


20＿ ＿年＿＿月＿＿日


丙方：＿＿＿＿＿证券(股份)有限公司（盖章）

法定代表人或者授权代表：＿＿＿＿＿

20＿ ＿年＿＿月＿＿日

**Guidelines on the Regulated Operations of Companies Listed on the Main Board of Shenzhen Stock Exchange (amended in 2015)**

**Table of Contents**

| | |
|---|---|
| Chapter 1 | General |
| Chapter 2 | Corporate Governance |
| Section 1 | General Requirements |
| Section 2 | Shareholder Meetings |
| Section 3 | Board of Directors |
| Section 4 | Board of Supervisors |
| Chapter 3 | Management of Directors, Supervisors and Senior Management |
| Section 1 | General Requirements |
| Section 2 | Hiring Management |
| Section 3 | Regulations on the Behaviors of Directors |
| Section 4 | Regulations on the Behaviors of the Chairman of the Board |
| Section 5 | Regulations on the Behaviors of the Independent Director |
| Section 6 | Regulations on the Behaviors of Supervisors |
| Section 7 | Regulations on the Behaviors of the Senior Management |
| Section 8 | Shares and the Management of their Changes |
| Chapter 4 | Regulations on the Behaviors Of Shareholders, Controlling Shareholders and Actual Controllers |
| Section 1 | General Requirements |
| Section 2 | Regulations on the Behaviors Of Controlling Shareholders and Actual Controllers |
| Section 3 | Management of the Listing and Circulation of Restricted Shares |
| Section 4 | Management of Share Increasing Activities of Shareholders and their Persons Acting in Concert |
| Section 5 | Convents and Their Fulfillments |
| Chapter 5 | Information Disclosure Management |
| Section 1 | Fair Information Disclosure |
| Section 2 | Real-time Information Disclosure |
| Section 3 | Management of Registration of Persons Having Insider Information |
| Chapter 6 | Management of Fund Raise |
| Section 1 | General Requirements |
| Section 2 | Special Account for the Capital Raised |
| Section 3 | Uses of the Capital Raised |
| Section 4 | Changes in the Uses of Capital Raised |
| Section 5 | Management and Supervision of Capital Raised |
| Chapter 7 | Management of Other Major Matters |
| Section 1 | Securities Investment |
| Section 2 | Derivatives Transaction |

Section 3          Mineral Right Investment
Section 4          Providing External Financial Assistance
Section 5          Changes in Accounting Policy and Accounting Estimate
Section 6          Profits Distribution and Capital Reserve Converted into Share
                   Capital
Chapter 8          Internal Control
Section 1          General Requirements
Section 2          Internal Control of Related Party Transactions
Section 3          Internal Control of External Guarantees
Section 4          Internal Control of Major Investment
Section 5          Internal Control of Information Disclosure
Section 6          Internal Control of Controlled Subsidiaries
Section 7          Examination and Disclosure on Internal Control
Chapter 9          Management of Investor Relations
Chapter 10         Social Responsibility
Chapter 11         Appendices
Attachment 1       Statement and Convents of Controlling Shareholders and
                   Actual Controller
Attachment 2       Three-party Escrow Agreement of Raided Fund (Template)

## Chapter 1      General

1.1 In order to regulate the organization and behaviors of companies listed on the main board (hereafter "listed companies"); enhance the regulated operation standard of the listed companies; protect the legal interests of the listed companies and their investors; promote the continuous quality improvement of the listed companies; and ensure the main board market can develop healthily and steadily, these guidelines are formulated based on the Company Law of the People's Republic of China (hereafter "Company Law"), the Securities Law of the People's Republic of China (hereafter "Securities Law") and other laws, administrative regulations, departmental rules and regulatory documents as well as the "Share Listing Rules of Shenzhen Stock Exchange" (as amended in 2014) (hereafter "Share Listing Rules").

1.2 These Guidelines are applicable to all companies listed on the main board (excluding the Small and Medium Enterprises Board) of the Shenzhen Stock Exchange (hereafter "SZE").

…….

## Chapter 5 Information Disclosure Management

### Section 1 Fair Information Disclosure

5.1.1 Fair information disclosure as stated in this Section refers to the situation that when listed companies and the relevant personnel who have information disclosure obligations shall disclose important information to all investors at the same time so as to ensure that all investors can have equal access to the same information. They shall not disclose, reveal or leak the information to specific targets in private before public disclosure.

5.1.2 Important information as stated in this Section refers to the information that may cause or have caused relatively significant impact on the trading price of the shares or the derivatives of a listed company, including the following information:

(1) Information related to matters such as company results, profit distribution. Examples include financial results, profit forecasts, profit distribution and transfer of capitalising of common reserves;
(2) Information related to matters such as merger and acquisition and asset restructuring of the company;
(3) Information related to matters such as the issue and repurchase of company's shares and stock option plans;
(4) Information related to the operation matters of the company. Examples include development of new product and new invention, formulation of future important business plan, obtaining patent and approvals from government authorities, execution of important contracts;
(5) Information related to the company's major litigation and arbitrations;
(6) Information related to the transactions and related party transactions which have to be disclosed;
(7) Relevant information of other disclosed items stipulated in the laws, administrative rules, departmental regulations, regulatory documents, Share Listing Rules, these Guidelines and other relevant requirements issued by the SZE.

5.1.3 Public disclosure as stated in this Section means the information to be publicized by the listed companies and the relevant personnel who have information disclosure obligations in the media designated by the China Securities Regulatory Commission, in accordance with the laws, administrative rules, departmental regulations, regulatory documents, Share Listing Rules, these Guidelines and other relevant requirements issued by the SZE. The important information which has not been disclosed publicly refers to non-public important information.

5.1.4 The specific targets as stated in this Section refer to the institutions and individuals who have easier access to the information disclosure entities or individuals than ordinary small- and medium-sized investors. They enjoy information advantages, may spread the relevant information and use this information to engage in the trade of securities. These targets may include:

(1) Institutions and individuals engaging in the businesses of consultancy, securities analysis and other securities services and their affiliates;
(2) Institutions and individuals engaging in securities investment and their affiliates;
(3) Shareholders who hold or control more than 5% shares of listed companies and their affiliates;
(4) News media, media practitioners and their affiliates;
(5) Other units or individuals specified by SZE.

5.1.5 Listed companies and relevant information disclosure obligators shall disclose information in strict compliance of the principle of fair information disclosure, shall not implement any policy of differentiated treatment against different parties, shall not selectively or privately disclose, reveal or leak non-public important information to any specific targets.

5.1.6 Listed companies and relevant information disclosure obligators shall disclose information in compliance of the principle of timeliness. They shall not delay the disclosure of information or deliberately disclose information at a selected time point to strengthen or weaken the effects of information disclosure, therefore results in actual unfairness.

5.1.7 Before the listed companies disclose non-public important information, the institutions and individuals who are aware of such information shall not trade the company's shares and their derivatives or recommend others to do so.

5.1.8 Listed companies and relevant information disclosure obligators shall not fail to perform or fail to fully perform the obligations of reporting or responding to the enquiries from SZE on the grounds of confidentiality or violating the principle of fair information disclosure.

5.1.9 Listed companies shall establish and improve sound internal control systems and procedures for information disclosure and ensure the fairness of the information disclosed:

(1) Companies shall establish reception and promotion systems, which shall at least include the organizational arrangements of reception and promotion, the arrangements of the activities, the arrangements of the personnel, regulations on prohibitions on disclosing, revealing or leaking non-public important information, etc.;
(2) Companies shall establish information disclosure recording and registration systems which shall record the activities such as research, communications and interviews of the specific targets who are invited or have accepted the invitations for these activities. The details to be recorded shall at least include the time and venue of the activities, their channels (oral or written), names of both parties concerned, the contents concerning the companies discussed in the activities and the relevant information provided. Companies shall disclose the recording and registration of disclosed information in their periodic reports;
(3) If the company fails to determine whether an act is in violation of the principle of fair information disclosure, it shall make an enquiry to the SZE;
(4) Companies shall publicize its internal control systems for information disclosure.

5.1.10 Listed companies shall strictly review the information conveying to the public through informal announcements, formulate relevant review or recording procedures in order to avoid leaking non-public important information.

The forms of informal announcements include: live or online shareholder meetings, press releases and briefings of new products; the interviews of companies or relevant personnel by the media; direct or indirect releases of news to the media; the company's (including subsidiaries') websites and internal publications; the weblogs, weibo, wechat of directors, supervisors or senior management; oral or written communication with specific investors; oral or written communication with securities analysts; other reports and external promotional materials of the companies; and other forms as specified by SZE.

5.1.11 Before the announcements of the non-public important information, if there exists the leakages of information or there are unusual fluctuations in the trading of listed company's shares

and derivatives, companies and the relevant information disclosure obligators shall report to SZE as soon as possible and make an announcement immediately.

5.1.12 When listed companies (including directors, supervisors, senior management and other company representatives) and the relevant information disclosure obligators are researched, contacted or interviewed by the specific targets or engage in external publicity or promotional activities, they shall not in any ways release or leak the non-public important information. The contents of such communication should be restricted to the information which has already been published or disclosed and non-public information which is of no substance. Otherwise, companies shall immediately announce and disclose such non-public important information.

…….

5.1.26 If listed companies voluntarily disclose information, they shall follow the principle of fair information disclosure and avoid selectively disclosing information. Companies shall not use the voluntary information disclosure to conduct market manipulation, insider trade and other behaviors in violation of laws or regulations.

When there are significant changes in the disclosed information and such changes may affect the investor's decision making, the companies shall disclose the process in a timely manner until the completion of such matters.

…….

## Chapter 11    Appendices

…….

11.5 These Guidelines shall be implemented from March 20, 2015.

…….