UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### TAISHAN'S RESPONSE IN OPPOSITION TO PSC'S
### MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS

The PSC's Motion to Remove Confidentiality Designation with Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties (the "Motion") (Rec. Doc. 20598) must be denied because the PSC has ignored the prerequisites of Pre-Trial Order 16 ("PTO 16") (Rec. Doc. 288) and challenges documents that are clearly confidential and protectable under PTO 16.

Disregarding PTO 16's meet and confer requirements, the PSC now asks the Court to de-designate items that are decidedly confidential, including deposition testimony quoting from documents that the Court has already confirmed as Highly Confidential and documents containing sensitive financial account information for the law firm representing Taishan. For these reasons and those discussed below, Taishan requests that the Court deny the PSC's Motion.

**I. The PSC's Motion Must Be Dismissed for Failure to Comply with PTO 16**

The PSC's Motion requests that the Court rule on hundreds of confidentiality designation challenges involving multiple parties. Yet, in violation of PTO 16, the PSC has, at least in regard to Taishan, failed to complete the mandated meet-and-confer process before filing this Motion.

By circumventing this requirement, the PSC unnecessarily burdens the Court with challenges, at least some of which, could be resolved through communication between the parties.

The PSC started, but critically did not finish, the procedures required by PTO 16. The objection procedure outlined in Paragraph 28 of that pre-trial order requires a party who is objecting to a confidentiality designation to first serve opposing counsel with a written objection. Next, counsel receiving the objection must respond in writing by either removing the challenged designations or responding with any reasons for maintaining the designation. Those steps happened here. But the next prerequisites of PTO 16 did not. After the initial written exchange, the parties must then "meet and confer." If those meet-and-confer efforts fail, the objecting party may file a motion with the Court "within ten (10) days after written notice that the parties' meet-and-confer efforts have ended."

The PSC initially raised its confidentiality challenges in a February 22, 2016 letter to Taishan's counsel. Rec. Doc. 20598-5, Exhibit 1 to Declaration of Russ M. Herman. The PSC's letter initiated the confidentiality challenge process outlined in this Court's PTO 16 by notifying Taishan of "objections that are being made to the designation of certain materials as Confidential or Highly-Confidential-Restricted." *Id*. The PSC's letter challenged 93 confidentiality designations made by Taishan, including 88 confidential documents and 5 deposition excerpts. Rec. Doc. 20598-6, Exhibit 2 to Declaration of Russ M. Herman. On February 25, 2016, Taishan's counsel requested additional time to review and respond to the PSC's challenge. Rec. Doc. 20598-4 at 5, Declaration of Russ M. Herman.

After considering the documents the PSC had challenged, Taishan's counsel sent a letter to the PSC which removed 41 out of 93 challenged confidentiality designations and provided justifications for maintaining the confidentiality of the remainder. Attached as **Exhibit A**.

2

Taishan's letter concluded by stating that Taishan was "prepared to discuss any further issues with these designations through the mandated meet-and-confer process." *Id.* The PSC never responded to Taishan's letter, seemingly putting the issue to rest.

Seven months later, however, on December 20, 2016, the PSC wrote to Taishan, the BNBM entities, and the CNBM entities announcing generally that it "intend[ed] to file a motion with the Court addressing confidentiality objections." Attached as **Exhibit B**. This email gave no notice to any parties as to which confidentiality designations of each of the parties would be challenged in the motion. *Id.* On December 23, 2016, the PSC filed its Motion, which was Taishan's first notice as to which of its remaining designations the PSC was challenging (answer: *all of them*).

The PSC skipped the crucial final steps in this court-mandated process. To date, the parties have only shared initial objections and responses. Despite Taishan's de-designation of nearly half of the challenged documents and its request for a meet-and-confer session in its May 11, 2016 letter, the PSC never responded, and then filed a motion seven months later without any further discussion between the parties. PTO 16 required the parties to engage in a meet-and-confer *after* Taishan provided its written explanation for maintaining any designations. Even if the PSC contends that its vague December 20, 2016 email constituted a "meet-and-confer" the Motion was filed only three days later, which again misses PTO 16 requirements.

Taishan complied with the letter and spirit of PTO 16. When challenged on confidentiality designations, Taishan reconsidered its initial designations and de-designated almost half of them. The PSC reconsidered none—even (as described more fully below) where Taishan pointed out that this Court had previously adjudicated and upheld the confidentiality of specific content still challenged by the PSC. That presents the very waste of judicial time and

3

resources that PTO 16's procedures were intended to avoid. For these reasons, the Court should deny this Motion in its entirety and direct the parties to work together to resolve any remaining disputes.

### II. Confidential Documents are Not a Burden on the PSC or the Public

The Fifth Circuit has expressed the wide latitude and discretion given to district courts in determining the restrictions placed on discovery. *See Nguyen v. Excel Corp.,* 197 F.3d 200, 209 n.27 (5th Cir. 1999). Ultimately, "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). The Fifth Circuit has also described the balancing test that should be used when evaluating challenges under Rule 26(c), stating:

> The federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis.

*Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

The PSC's Motion argues that its own clients and co-counsel cannot access documents designated as Confidential or Highly Confidential-Restricted under the Protective Order. This is incorrect. Under PTO 16, all documents marked "Highly Confidential-Restricted" may be circulated to and used by ***parties to the litigation***, ***outside counsel*** for parties in this action, certain in-house counsel, deponents, the Court, and other specified persons. Rec. Doc. 288 at ¶ 14 (emphasis added). Confidential documents can be distributed to those same individuals, as well as employees of Defendants and counsel for claimants in other pending Chinese Drywall litigation. Rec. Doc. 288 at ¶ 13. No provision of PTO 16 bars documents produced in this MDL and designated as Confidential or Highly-Confidential-Restricted from being viewed by parties to this MDL or their counsel, as argued by the PSC.

4

The PSC's argument that the public has a right to view all of the information challenged in Exhibit A of its Motion is similarly unpersuasive. The U.S. Supreme Court has held that there is no "unrestrained right to disseminate information that has been obtained through pretrial discovery," and that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984). Neither the PSC nor the public are prejudiced by particular confidential documents being restricted to use solely in this litigation. The Court has established these confidentiality designations for a clear purpose, as stated at the outset of PTO 16:

> To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), and with the consent of the parties.

Rec. Doc. 288 at 1. The PSC's blanket request, if granted, would undermine discovery in this litigation and all other cases subject to similar protective orders, where parties depend on confidentiality designations to protect sensitive information.

The challenged documents can be used in this litigation by parties and counsel, but are properly protected under PTO 16 from full publication where they can be used by anyone for any purpose. *See* Order, May 4, 2015, Rec. Doc. 18836 (rejecting PSC's argument to publicize confidential discovery documents and make them "available for use by anyone (party and non-party alike) for any purpose).

### III. The Taishan-Produced Documents Challenged by the PSC are Properly Designated as Confidential

If the Court considers the PSC's motion, Taishan respectfully requests that the Court deny it as to the challenged items produced by Taishan. As described below, each of these items is properly designated under PTO 16 as Confidential or Highly Confidential-Restricted.

Protection from disclosure under Federal Rule of Civil Procedure 26(c) is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). "Good cause" exists when justice requires the protection of `a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* As shown below, Taishan has both good cause for the challenged confidentiality designations and can show specific need for this limited protection from public disclosure.

### A. Deposition Testimony Quoting Deprivileged Hogan Lovells Documents is Properly Designated as Highly Confidential

The PSC's Motion challenges Taishan's designation of two excerpts from the deposition of Jia Tongchun as Highly Confidential. *See* Rec. Doc. 20598-2. As Taishan explained to the PSC in its correspondence in May 2016, this deposition testimony explicitly discusses the contents of deprivileged email communications by Taishan's prior counsel that have been confirmed as Highly Confidential by this Court.

Taishan's former counsel, Hogan Lovells, designated certain attorney-client communications as highly confidential under PTO 16, which defines "Highly Confidential-Restricted Information" as:

> . . . any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Producing Party.

Rec. Doc. No. 288 at ¶ 8. As the Court has recognized, these documents "involve confidential communications made from Taishan to its counsel." Rec. Doc. No. 18196 at 7. The PSC previously challenged the Highly Confidential designation placed on these documents in 2015.

6

Rec. Doc. 18530. On May 4, 2015, the Court denied the PSC's Motion and confirmed the Hogan Lovells' documents as Highly Confidential, stating:

> Even though the documents are not privileged, they still are protected by the highly confidential designation. The Court has previously ordered that the documents at issue may not be used outside this litigation. Retaining the highly confidential designation is the best way to maintain this protection. Otherwise, the documents would be available without seal on PACER, available for use by anyone (party and non-party alike) for any purpose.

Rec. Doc. 18836.

The PSC now seeks to re-litigate this issue by challenging these very same confidentiality designations. Page 177, lines 20-21 of Jia Tongchun's deposition directly quote a deprivileged Hogan Lovells document. Page 212, line 16 through page 213, line 6 of Jia Tongchun's deposition discuss and paraphrase the contents of a deprivileged Hogan Lovells' document. The PSC blindly challenges these two excerpts without any explanation of why it is disregarding the Court's May 4, 2015 Order. The required meet-and-confer process should have saved this empty challenge from being brought to the Court but, in the absence of the PSC's compliance with PTO 16, Taishan respectfully requests that the Court again deny the PSC's request to remove the confidentiality designations from the deprivileged Hogan Lovells' documents.

### B. Documents Containing Financial Account Information are Properly Designated as Confidential

The PSC's challenge of Taishan produced documents TG-042315-0028886, TG-042315-0028887, and TG-042315-0028888 is another example of a challenge that should have been resolved without Court intervention. Taishan responded to the PSC's challenges out of the gates by reminding the PSC that these documents contain financial account information and account numbers, including that of Taishan's U.S. counsel. This is precisely the type of sensitive, confidential information that PTO 16 intends to protect.

>PTO 16 defines "Confidential Information" as:
>
>any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

Rec. Doc. No. 288 at ¶ 8.

Federal Rule of Civil Procedure 26(c) states that the Court may protect discovery from disclosure "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The public disclosure of confidential financial account information is precisely the type of evidence protected under Rule 26(c) and contemplated by the protective order in this litigation. *See e.g. 360 Mortg. Grp., LLC v. Bivona-Truman,* No. 1:14-CV-847-SS, 2016 WL 7616575, at *2 (W.D. Tex. May 24, 2016) (finding "good cause" to protect personal identity and financial information from public disclosure)*; see also Borninski v. Williamson*, No. CIV.A.3:02CV1014-L, 2005 WL 1206872, at *15 (N.D. Tex. May 17, 2005) (recognizing the need to protect the plaintiff's financial information and granting the plaintiff's motion for protective order). Disclosure of confidential financial account information necessarily creates risk of undue burden and potential harm on the identifiable parties in the document.

The PSC has offered no explanation why Taishan's response to this challenge is insufficient and, instead, has made a blanket statement that "there are no grounds for designating any of the disputed testimony or documents" as confidential. PSC's Motion at 2. Taishan requests that the Court deny the PSC's confidentiality designation challenge for these documents.

C. **Other Challenged Documents are Properly Designated as Confidential**

The PSC's Exhibit A also challenges 48 documents (PSC's Motion, Exhibit A at 36-39)

8

designated as Confidential or Highly-Confidential-Restricted that contain confidential shareholder resolutions, executive meeting summaries, financial transaction documents, and litigation strategy memoranda that contain internal discussions within a private company which divulge sensitive commercial information. Taishan has produced these documents in full compliance with Federal Rule of Civil Procedure 26, but is entitled to the restrictions on public disclosure permitted by Rule 26(c) and PTO16 as these documents, while pertinent to this litigation, do not require broader disclosure to the public and other parties outside of the umbrella of PTO 16. The Fifth Circuit has held that sealing of records and limiting public disclosure may be appropriate where documents "incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015).

Blanket challenges to confidentiality designations of hundreds of documents are generally disfavored. *See Thomas v. Offshore*, No. CV 15-3487, 2016 WL 6086908, at *2 (E.D. La. Oct. 18, 2016) (denying motion to de-designate "roughly 1,000 documents"). Taishan has identified that each of these challenged documents contains the type of information protected under Rule 26(c)(1)(G) (allowing for protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed *or be revealed only in a specified way*") (emphasis added).

Courts have consistently held that this type of commercial information is properly designated as confidential and subject to restricted use in litigation. *See e.g. Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A. 03-1496, 2004 WL 764174, at *5 (E.D. La. Apr. 7, 2004) (holding that documents showing a party's "economic analyses, techniques and strategies" were properly designated as confidential); *Elloie v. Allstate Ins. Co.*, No. CIVA 07-4434, 2008 WL 4747214, at *7 (E.D. La. Oct. 17, 2008) (requiring parties to enter

into a protective order regarding defendant's confidential and proprietary internal policy and procedure documents); *United States v. United Fruit Co.,* 410 F.2d 553, 557 (5th Cir. 1969) (holding internal marketing plans to be confidential and commercially-sensitive); *In re Stewart Title Co.*, No. H-09-247, 2009 WL 1708079, at *2 (S.D. Tex. June 17, 2009) (holding party's internal business evaluations and analysis to be "highly sensitive and confidential information" and quashing subpoena); *Thermotek, Inc. v. WMI Ents., LLC,* 2011 WL 1485421, at * 9 (N.D.Tex. Apr.19, 2011) (granting motion to seal exhibits containing competitively-sensitive commercial information); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2012 WL 4625679, at *3 (S.D. Tex. Sept. 30, 2012) (finding good cause to seal deposition testimony discussing a company's business strategies and issuing a protective order to limit their disclosure); *Johnson v. Michelin North America, Inc.*, No. 2:09 CV113-MPM-DAS, 2013 WL 12180494, at *2 (N.D. Miss. Mar. 5, 2013) (holding that documents relating to defendants' business, including internal analysis, were confidential and proprietary).

The majority of the Taishan-produced documents challenged by the PSC are board of director and shareholder meeting minutes and resolutions drafted by Taishan, a private company.[1] These documents include commercially-sensitive corporate financial information including details regarding loans, business strategy, confidential investment plans, board composition, and financial holdings of individuals who are not party to this litigation. Like all of the documents challenged by the PSC, both Plaintiffs and the Court are in possession of

---

[1] These documents have bates numbers TG0020598-20600, TG0020601-20602, TG0020663, TG0020666-20667, TG0020675-20676, TG0020682-20685, TG0020760, TG0020787, TG0020795-20798, TG0020805-20806, TG0020825, TG0025900-25902, TG-040615-0028530-28532, TG-040615-0028564-28565, TG-040615-0028572-28574, TG-040615-0028676-28682, TG-040615-0028677, TG-040615-0028689, TG-040615-0028698, TG-040615-0028706, TG-040615-0028737, and TG-040615-0028739.

unredacted and translated copies of these documents.[2] The result of granting the PSC's Motion and de-designating these documents would be releasing Taishan's internal resolutions, business strategies, and stakeholdings of private individuals to the public, where it could be used for competitive advantage by Taishan's competitors or against the individuals explicitly named in these documents. This risk of harm is substantial and unnecessary, given the protections provided by PTO 16.

In addition to internal resolutions, the PSC challenges a number of non-public documents consisting of Taishan's Articles of Incorporation and subsequent amendments as well as other corporate formation forms.[3] Like the shareholder resolutions and meeting minutes described above, these documents contain competitively sensitive information about Taishan's business structure and strategies, which would benefit its competitors if publicly disclosed and harm Taishan's competitive position in the market. While Taishan understands that production and disclosure of these documents was necessary for the purposes of this litigation, public disclosure of these documents serves no purpose but to reveal the internal structure and strategy of a private company.

The PSC's Motion also challenges a collection of documents consisting of litigation strategy memoranda, internal business correspondence, commercial research and analysis, and internal meeting minutes – all of which reveal both Taishan's internal strategies, research, and commercial information.[4] These items are confidential under FRCP 26(c)(1)(G), which allows for protection of "trade secret or other confidential research, development, or commercial

---

[2] All of the Taishan-produced documents challenged by the PSC have been attached to briefs filed under seal with the Court in this litigation.
[3] These documents have bates numbers TG0020608-20629, TG0020668-20669, TG0020686-20709, TG0020725-20748, TG-040615-0027610, TG-040615-0028526.
[4] These documents have bates numbers TG0129674, TG0129675-129676, TG0129677, TG0208428-208430, TG0217757-217762, TG0218947-218948, TG0369908-369913, TG0370700, and TG0374793-374801.

11

information" and permitting it to be "revealed only in a specified way," such as through prohibiting its public disclosure. These documents include discussion and detailed description of Taishan's business operations, including Taishan's sales data, shipping information, and business transactions over multiple years. Public disclosure of Taishan's internal research and strategies, again, is improper and risks commercial harm against Taishan by allowing this information to be used in other legal proceedings or against Taishan in the competitive business market.

Finally, the PSC also challenges the confidentiality designations of nine financial transaction or financial agreement documents produced by Taishan.[5] These documents contain sensitive financial account or personal identity information that is unsuitable for public disclosure, including the addresses, phone numbers and fax machine numbers of individuals. Public disclosure of financial account information and/or personal identity information unnecessarily risks identity theft or other financial harm to the institutions and people associated with that information, which is contrary to the protections provided under Rule 26(c). Additionally, where the documents do not contain identifiable personal information, the disclosure of financial transaction or financial agreements documents is unjustified and harmful to the parties to those transactions and agreements – revealing details of loans, guarantees and/or investments that are both competitively-sensitive and relating to corporate business strategy that is not normally subject to public scrutiny and disclosure.

Accordingly, the PSC's request to remove confidentiality designations from these 48 documents should be denied.

**Conclusion**

---

[5] These documents have bates numbers TG0067647-67663, TG0067725-67768, TG0067667-67674, TG0067687-67698, TG0067709-67728, TG0067729-67747, TG0067748-67766, TG0067973-67990, and TG0068133-68153.

For the foregoing reasons, the PSC's Motion should be DENIED.

Dated:  February 13, 2017

Respectfully submitted,

/s/ *Michael P. Kenny*
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of February, 2017.

Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*
