UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

### NON-PARTY JUSHI USA FIBERGLASS CO., INC. RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS

Non-party Jushi USA Fiberglass Co., Inc. ("Jushi USA") responds to the Plaintiffs' Steering Committee's ("PSC") December 21, 2016 motion to remove confidentiality designations (Rec. Doc. 20598, hereinafter the "Motion"). Jushi USA adopts the arguments made by the CNBM parties in their opposition. In addition, the Court should deny the motion as to Jushi USA for one simple reason: The PSC never served the motion on Jushi USA. Jushi USA learned about the motion barely two business days ago and has not had an adequate time to prepare a substantive response. Granting the motion against Jushi USA under these circumstances would violate fundamental principles of due process.

Because the documents and deposition testimony of Jushi USA at issue here were obtained by using the subpoena power of Federal Rule of Civil Procedure 45, that rule applies and requires the PSC to actually serve notice on Jushi USA of any discovery motions related to its subpoena: "At any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45 (emphasis added).

4848-8947-6675.v1

In *Whitley v. Pinnacle Entm't, Inc.*, the court refused to compel third parties to produce documents when the motion to compel and subpoena were not properly served on the third parties. *See Whitley v. Pinnacle Entm't, Inc.*, Civ. No. 15-595-BAJ-RLB, 2016 WL 6154938, *3 (M.D. La. Oct. 16, 2016). There, one of the parties to litigation filed a motion to compel a third party to obtain withheld documents responsive to an earlier subpoena. *See id.* at *2. The court reasoned that there was insufficient information in the record verifying that the third parties had been provided notice as required by Rule 45(d)(2)(B)(i). *Id.* While it is possible that the serving party served the third party through its agent, the court found no indication that the agent ever mailed the motion to the third parties. *Id.* Furthermore, the court stated that the record did not support a finding that the underlying subpoena was properly served on those particular third parties in the first place. *Id.* Thus, the court refused to compel the third party entity to produce documents in response to a Rule 45 subpoena that was not personally served. *Id.* at *3.

Other courts have similarly held the importance of serving discovery motions on third parties. *See, e.g.*, *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 217 (M.D. La. 2016) ("Plaintiff certifies that [subpoenaed third party] has been provided notice of the motion to compel as required by Rule 45(d)(2)(B)(i)."); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 238 (E.D. Pa. 2014) ("After providing notice to the subpoenaed nonparty, the subpoenaing party may move the court to compel compliance with the subpoena."); *Mirra v. Jordan*, No. 13-CV-5519 (AT) (KNF), 2016 WL 889683, *2 (S.D.N.Y. Feb. 23, 2016) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)).

Again, the PSC did not serve Jushi USA with notice of the Motion. Jushi USA, the "commanded person" for the purposes of the Motion, was not put "on notice" when the PSC

failed to notify Jushi USA of the Motion.  While the Motion is not a motion to compel, as Rule 45(d)(2)(B)(i) contemplates, the principles of notice and service nonetheless should apply.

The Motion, which would remove confidentiality designations, would significantly affect which parties could see the sensitive materials produced by Jushi USA.  This could be as damaging to Jushi USA's business as would a court order compelling Jushi USA to produce privileged documents.  Federal courts across the country, including the *Whitley* court in Louisiana, have held that serving a subpoenaed third party is essential for the purposes of a motion to compel.  The Court should apply the same precedent and logic in denying the PSC's motion to remove confidentiality designations.

Respectfully submitted,

*/s/ Michael McNamara*

Dated:  February 13, 2017

_____
Michael S. McNamara, Esq.
(DC Bar No. 493773)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC  20036-3006
Telephone:  202-663-9386
Email: michael.mcnamara@pillsburylaw.com

*Attorney for Non-Party,
Jushi USA Fiberglass Co., Inc.*