IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**MEMORANDUM IN SUPPORT OF THE
PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL
COMPLETE RESPONSES TO SUPPLEMENTAL DISCOVERY DIRECTED
TO TAISHAN, TTP, BNBM, BNBM GROUP, CNBM AND CNBM GROUP**

**MAY IT PLEASE THE COURT:**

This memorandum is being submitted by the Plaintiffs' Steering Committee ("PSC") in support of its Motion to Compel Complete Responses to Supplemental Discovery Directed to Taishan Gypsum Co., Ltd. ("Taishan"), Tai'an Taishan Plasterboard Co., Ltd. ("TTP") Beijing New Building Materials Public Limited Co. (" BNBM"), Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Material Co., Ltd. ("CNBM") and China National Building Materials Group Co. ("CNBM Group").

Pursuant to the orders and directives of the Court authorizing expedited discovery of Taishan and BNBM/CNBM regarding, among other topics, the injunction prong of the Court's July 17, 2014 Order holding Taishan in contempt of Court, criminally and civilly [Rec. Doc. No. 17869] ("Contempt Order") the PSC has pursued discovery on several fronts, including Supplemental Interrogatories and Requests for Production of Documents upon Taishan, TTP,

1

BNBM, BNBM Group, CNBM and CNBM Group as well as discovery from third parties regarding the fact and extent of the business conducted by the Taishan Defendants and their Affiliates, including Defendants, during the time the Contempt Order was in effect.[1]

The PSC has served several discovery requests on these defendants for production of documents and information pertinent to any and all business conducted by the Taishan Defendants and its Affiliates within the scope of the Court's July 17, 2014 Contempt Order and Injunction. Those requests, however, were either arbitrarily objected to or flat-out ignored. Thus, out of necessity, on April 20, 2015, Plaintiffs made a Statement Regarding Outstanding Expedited Discovery Requests [Rec. Doc. No. 18724]. In that Statement, Plaintiffs provided a list of known Affiliates who were believed by Plaintiffs upon their own investigation to have conducted business in the United States and made clear that Plaintiffs sought:

> Each of the subjects of the PSC's expedited discovery, for the period from July 17, 2014 until at least March 9, 2015, should identify for themselves and each and every one of the identified subsidiaries and affiliates (set forth above), the following information:
>
> * any commercial activities engaged in the United States, setting forth the nature of the business and any persons or legal entities with which they are engaged in these activities,
> * the name of the persons or legal entities with whom you engaged in commercial activity;
> * the state of incorporation for each person or legal entity with whom you engaged in commercial activity;
> * the address of each person or legal entity with whom you engaged in commercial activity;

---

[1] The Contempt Order enjoined "Taishan, and any of its affiliates or subsidiaries . . . from conducting any business in the United States until or unless it participates in this judicial process." The "affiliated or subsidiaries" (also referred to as "Affiliates") that the PSC have been able to identify as having done business in the United States are listed in Attachment 1 to the Substituted Proposed Order submitted with the Substituted Motion of Plaintiff-Intervenors and the Plaintiffs' Steering Committee to Enforce to Enforce the Court's July 17, 2014 Contempt Order and Injunction (filed on February 10, 2016, UNDER SEAL) [*see* Rec. Docs. 20032 and 20636].

      * the identity of persons most knowledgeable of these activities,
      * the fixed and variable costs of this commercial activity,
      * **the profits derived from this activity (by quarter and calendar year), and the profits of the subjects of the PSC's expedited discovery (by quarter and calendar year),**
      * **documents related to these activities**, and
      * the names of the persons who provided the answer to their submission.

(emphasis added).

Plaintiffs further propounded supplemental discovery on June 26, 2105 regarding the same topics that were narrowly tailored to define the type of information and documents sought so as to give the defendants another chance to comply with the request. *See* Supplemental Interrogatories Propounded to Defendants, attached hereto as Exhibit "A," and Supplemental Request for Production of Documents Propounded to Defendants, attached hereto as Exhibit "B." As is most pertinent to the instant motion, these supplemental discovery requests included:

> **SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:**
> For the period July 17, 2014 through the present date, please produce any and all documents and/or communications related to the conduct of any business of any sort in the United States by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, and/or any other "Taishan Affiliate or Subsidiary," including all entities appearing on Exhibit "A," including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.
>
> **SUPPLEMENTAL INTERROGATORY NO. 3:**
> For the period July 17, 2014 through present date, please state whether Taishan, TTP BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A," have done business of any kind in the United States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**SUPPLEMENTAL INTERROGATORY NO. 4:**
If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.

**SUPPLEMENTAL INTERROGATORY NO. 5:**
If you answered "yes" to Supplemental Interrogatory No. 3, please identify:
(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity and the end date);
(b) Whether the business is ongoing or not;
(c) If the business activity has since been terminated or suspended, please state the reason therefor;
(d) All of the entities who were parties to said business, both directly and/or indirectly;
(e) The relationship of said party to you, if any;
(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;
(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to

Even with such narrow focus of the supplemental discovery, however, Defendants continued to offer objections rather than substantive responses as to the business of the other Affiliates, their subsidiaries, in the United States. See Defendants' Responses to Supplemental Interrogatories, attached hereto *in globo* as Exhibit "C" and Defendants' Responses to Supplemental Request for Production of Documents attached hereto *in globo* as Exhibit "D." Indeed, each Defendant refused to offer documents or information relating to the business of any other Affiliate and, with the exception of BNBM Group, flatly denied the conduct of any business in the United States (directly or indirectly) during the contempt period. BNBM Group admitted to involvement in the purchase of United States timber before, during and after the contempt period, but claimed to be little more than an import agent for an unaffiliated Chinese.[2]

---

[2] The documents BNBM Group ultimately produced about these transactions were incomplete and without an accounting of the total sum exchanged in these transactions. It was only through discovery aimed at the United States companies that Plaintiffs could only begin to

4

However this was not true. Plaintiffs continued their own investigation and pursued extensive discovery from unaffiliated third parties as well as other Affiliated companies to establish that the Affiliates, including Defendants continued to conduct business in the United States notwithstanding the Contempt Order. As set forth more fully in the Substituted Memorandum of Law in Support of Motion of Plaintiff-Intervenors and the Plaintiffs' Steering Committee to Enforce to Enforce the Court's July 17, 2014 Contempt Order and Injunction ("Contempt Mem.") (filed on February 10, 2016, UNDER SEAL) [*see* Rec Docs. No. 20032 and 20636], Defendants are sandbagging. They have engaged both directly and through a complex Affiliate organization in business in the United States both before and continuing after entry of the Contempt Order. However, without full and complete discovery responses from Defendants, the full extent and value of the business conducted by Affiliates, including Defendants, in the United States in violation of the Contempt Order will not be known.[3]

For example, notwithstanding knowledge of the Contempt Order, Plaintiffs have managed to establish that:

  a. CNBM (like BNBM Group and BNBM Co.) had extensive lumber dealings in the United States and utilized the Courts in the course of these dealings (Contempt Mem., pp. 39-43);

---

appreciate the scope of this business, but again without knowing if there was other business that Plaintiffs had not yet uncovered. Additionally, the acknowledgements and invoices ultimately obtained about these transactions listed BNBM Co. (rather than BNBM Group) as the purchaser.

[3] Pursuant to the Court's earlier order denying Plaintiffs' earlier Motions for Expedited Return on Supplemental Discovery (Rec. Doc. No. 19270), Plaintiffs have meet and conferred with Defendants who have refused to provide any further production of documents or information. *See* Exhibits "E" (January 27, 2017 letter to Harry Rosenberg) and "F" (email response from Mr. Rosenberg).

b. BNBM purchased and exported a substantial amount of lumber from the United States (*Id.*, pp. 44-48);

c. CNBM Forest entities purchased and exported a substantial amount of lumber from the United States (*Id.*, pp. 48-56);

d. United Suntech (a defendant and Affiliate) was continuously active in the United States during the contempt period (*Id.*, pp. 58-61);

e. CNBM's trading arms - CNBM Import and Export. CNBM(USA) and CNBM International - conducted a significant amount of business in the United States unabated after the entry of the Contempt Order (*Id.*, pp. 57-58, 69-78);

f. CTIEC, a subsidiary of CNBM, maintained an extensive business presence in the United States, particularly in relation to solar energy technologies and including maintenance of the CNBM New Energy Materials Research Center at the New Jersey Institute of Technology (*Id.*, pp. 61-69);

g. Jushi USA, a subsidiary of CNBM, sold hundreds of millions of dollars of insulation in the United States (*Id.*, pp. 84-87); and

h. The CNBM entities used the American judicial system to further their business interests (*Id.*, 78-82).

Additionally, this summary list does not include the profits CNBM derived from the sale of its shares to United States investors or the continued use of the United States banking system throughout the contempt period (*Id.*, pp. 87-91).

Importantly, Plaintiffs have established the vast majority of their understanding of the fact and scope of Affiliates' business – worth hundreds of millions of dollars - in the United States through their own investigation and their discovery from third parties, such as from the

Affiliate's trading partners. Ultimately, Defendants have exclusive possession of the gross receipts from their direct and, through their subsidiaries, indirect business dealings in the United States.

As this Court has made clear, discovery is to encompass any topic that may bear on an issue being litigated and is to be liberally permitted. *See e.g. In re Swift Energy Co.*, No. CIV.A. 13-5552, 2015 WL 1281043, at *2 (E.D. La. Mar. 20, 2015); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2016 WL 2855221, at *3 (E.D. La. May 16, 2016). Nothing is more central to the violation of the Contempt Order by the Affiliates than the gross receipts from their business in the United States, which will determine the scope of the penalty.

It is respectfully submitted that responses from these Defendants is necessary to fully determine the scope of the Taishan Affiliates' and Subsidiaries' violations of this Court's Contempt Order. Given the Defendants limited productions thus far of documents requested by the PSC, particularly those concerning their violations of the Contempt Order, and the fact that briefing related to the enforcement of the Contempt Order is drawing to a close, the evidence requested is all the more vital.

Essential to this motion, and in particular the discovery issued by the PSC, is the need to determine specific information regarding "the profits earned by the company or its affiliates who violate the order, for the year of the violation." The PSC seeks this discovery to assist in determining the amount each entity may be responsible for as a result of the Court's Contempt Order of July 17, 2014.

The PSC proposes that full and complete responses, including the documents requested, be produced by Defendants within (5) five days of a decision on this Motion. The Court has regularly provided for abbreviated periods for production related to (i) the injunction prong of

the Court's July 17, 2014 Order holding Taishan in contempt of Court, criminally and civilly [Rec. Doc. No. 17869], and (ii) whether there exist alter ego relationships between and among these entities, including from unaffiliated third parties. *See* Rec. Doc. Nos. 18523 (New Jersey Institute of Technology and CTIEC-TECO American Technology, Inc.); 18535 (Sunpin Solar Development a/k/a Sunpin Solar LLC, Tommy Li, Wal-Mart Stores, Inc., Westerlund Log Handlers LLC and Murphy Overseas USA Astoria Forest Products LLC); 18756 (Hampton Affiliates, Steven J. Zika, Hampton Investment Company, Baillie Lumber Co., Hull Forest Products, Inc., Western Wood, LLC, and W.H. International, Inc.), and 18781 (BNK International, LLC, and Jeffery J. Chang).

WHEREFORE, the PSC prays that this motion be granted and that Taishan, TTP, BNBM, BNBM Group, CNBM, and CNBM Group be Ordered to produce to the PSC full and complete responses to the requests for production of documents, including all documents requested with an accounting of gross receipts on all business in the United States by the Affiliates, including by Defendants for their affiliates, within five (5) days.

Dated: February 14, 2017          Respectfully Submitted,

                BY: /s/ Russ M. Herman
                    Russ M. Herman (LA Bar No. 6819)
                    Leonard A. Davis (LA Bar No. 14190)
                    Herman, Herman & Katz, LLC
                    820 O'Keefe Avenue
                    New Orleans, LA 70113
                    Phone: (504) 581-4892
                    Fax: (504) 561-6024
                    ldavis@hhklawfirm.com
                    *Plaintiffs' Liaison Counsel, MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel, MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of February, 2017.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
HERMAN, HERMAN & KATZ, LLC
820 O Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs   Liaison Counsel
MDL 2047

*Co-counsel for Plaintiffs*