# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**THE PLAINTIFF'S STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL INTERROGATORIES PURSUANT TO THE COURT'S MARCH 17, 2015 MINUTE ENTRY AND ORDERS [REC.DOC. 18493] DIRECTED TO TAISHAN GYPSUM CO. LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.**

TO:  **Taishan Gypsum Co., Ltd. and**
      **Tai'an Taishan Plasterboard Co., Ltd.**
      Through their Counsel of Record:
      Bernard Taylor, Esq.
      Alston & Bird, LLP
      1201 West Peachtree Street
      Atlanta, Georgia 30309

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., respond to each of the following interrogatories pursuant to the March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493].

## DEFINITIONS

As used herein, the following terms are defined as follows:

1.    "Defendants" shall mean Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.

2.    "Other Entity" shall mean any subsidiary, affiliate or agent of Taishan Gypsum Co.,

1

Ltd. ("Taishan"), Tai'an Taishan Platerboard Co., Ltd. ("TTP"), Beijing New Building Materials Public Limited Co. ("BNBM"), China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd., Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co., Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan) Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd., Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum and Building Material Co., Ltd., Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co., Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall, International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT, International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT) Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid Marx, GridMarX, Gypsum Board, USB, and Pabco.

3.   "You", "your" or "your company" shall mean Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., as applicable, including relevant predecessors, successors, subsidiaries, departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers,

employees, agents, representatives or any persons acting or purporting to act on its behalf.

4.   "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

5.   "Communication" shall mean, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded  information, or face-to-face meetings.

6.   "Employee" shall mean, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendants.

7.   "Document" shall mean, without limitation, the original and all non-identical copies of all  writings, whether handwritten, typed, printed or otherwise produced.  This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

8.   "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

9.   "Relating to," "referring to," "regarding" or "with respect to" shall mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or

in part.

10.  "Or" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B, as well as all information about collectively A and B.  In other words, "or" should be read as "and/or."

11.  "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory in anyway.

12.  "Identify" when used in reference to a person shall mean to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the  person's present or last known position, job description and business affiliation at the time in question.

13.  "Identify" when used in reference to a document or ESI shall mean a description is required of the type of  document or ESI, its date and author, its present location or custodian, every author, whether or  not such person signed the document, and every person to whom such document or ESI, or any  copy thereof was given or sent.  If any such document or ESI was, but is no longer, in your  possession or subject to your control, state what disposition was made of it. Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which  nonetheless relate or refer thereto, are to be included in your response.

14.  "Identify" when used with respect to a communication other than a writing shall mean to  identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration, location(s) and the  substance of the communication.

15.  "Identify" when used with respect to a person or entity means state their full name,

legal address, phone number, and if an individual person, their employer and job title.

16.  "Any" should be construed, when possible, to mean "any and all."

17.   "Chinese drywall" shall mean and refer to drywall, plasterboard or wallboard manufactured in China.

## **INSTRUCTIONS**

1. Unless otherwise noted, these interrogatories require responses for the time period from July 17, 2014 through the date of these interrogatories (the "relevant time period").

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

3. If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4. If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject-matter, and present location of any documents or ESI involved.  In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5. If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

6. Pursuant to the Court's March 17, 2015 Minute Entry and Orders, this discovery is expedited and it is therefore requested that answers to this discovery be provided within ten (10) days of service.

## INTERROGATORIES

**SUPPLEMENTAL INTERROGATORY NO. 1:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**SUPPLEMENTAL INTERROGATORY NO. 2:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are selected (either approved or rejected) for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**SUPPLEMENTAL INTERROGATORY NO. 3:**

For the period July 17, 2014 through present date, please state whether Taishan, TTP BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A," have done business of any kind in the United

6

States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or

purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby

something of value was provided in exchange for goods, services and/or information.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please describe with

particularity the nature of such business activity.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please identify:

(a) The specific date(s) said business occurred, both the beginning date (i.e. the
beginning date of negotiations and/or any sort of formation of an agreement
memorializing the business activity and the end date);

(b) Whether the business is ongoing or not;

(c) If the business activity has since been terminated or suspended, please state the reason
therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business
activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity
and who the sums were paid to

Respectfully submitted,

Dated: June 25, 2015

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

8

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail **and** upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 25th day of June, 2015.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison
Counsel MDL 2047

*Co-counsel for Plaintiffs*

11

# EXHIBIT "A"

Case 2:09-md-02047-EEF-JCW Document 19246-2 Filed 07/02/15 Page 14 of 43

# Shareholding Structure of the Group

The simplified structure of the Group as at 31 December 2014 is set out as below:

Note: The aforementioned percentages are rounded to 2 decimal places.

ALRMH-CNBM00003676

## 本集團股權架構

截至2014年12月31日，本集團的簡略架構如下：



註： 上述百分比四捨五入至小數點後兩位。

ALRMH-CNBM00003898

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### THE PLAINTIFF'S STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL INTERROGATORIES PURSUANT TO THE COURT'S MARCH 17, 2015 MINUTE ENTRY AND ORDERS [REC.DOC. 18493] DIRECTED TO CNBM AND CNBM GROUP

TO:   **China National Building Materials Company Limited and China National Building Materials Group Corporation**
Through their Counsel of Record:
Christopher Vejnoska
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants, China National Building Materials Company Limited ("CNBM") and China National Building Materials Group Corporation ("CNBM Group"),respond to each of the following interrogatories pursuant to the March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493].

### DEFINITIONS

As used herein, the following terms are defined as follows:

1. "Defendants" shall mean China National Building Materials Company Limited ("CNBM") and China National Building Materials Group Corporation ("CNBM Group").

1

2. "Other Entity" shall mean any subsidiary, affiliate or agent of Taishan Gypsum Co., Ltd. ("Taishan"), Tai'an Taishan Platerboard Co., Ltd. ("TTP"), Beijing New Building Materials Public Limited Co. ("BNBM"), China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd., Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co., Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan) Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd., Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum and Building Material Co., Ltd., Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co., Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall, International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT, International Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT) Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid Marx, GridMarX, Gypsum Board, USB, and Pabco.

3. "You", "your" or "your company" shall mean China National Building Materials Company Limited ("CNBM") and China National Building Materials Group Corporation ("CNBM Group"), as applicable, including relevant predecessors, successors, subsidiaries,

departments, divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

4. "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

5. "Communication" shall mean, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

6. "Employee" shall mean, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendants.

7. "Document" shall mean, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced. This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

8. "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

9. "Relating to," "referring to," "regarding" or "with respect to" shall mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining

3

to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

10. "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B, as well as all information about collectively A and B. In other words, "or" should be read as "and/or."

11. "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory in anyway.

12. "Identify" when used in reference to a person shall mean to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

13. "Identify" when used in reference to a document or ESI shall mean a description is required of the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent. If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it. Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in your response.

14. "Identify" when used with respect to a communication other than a writing shall mean to identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration,

location(s) and the substance of the communication.

15. "Identify" when used with respect to a person or entity means state their full name, legal address, phone number, and if an individual person, their employer and job title.

16. "Any" should be construed, when possible, to mean "any and all."

17. "Chinese drywall" shall mean and refer to drywall, plasterboard or wallboard manufactured in China.

## INSTRUCTIONS

1. Unless otherwise noted, these interrogatories require responses for the time period from July 17, 2014 through the date of these interrogatories (the "relevant time period").

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

3. If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4. If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject-matter, and present location of any documents or ESI involved. In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5

5.  If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

6.  Pursuant to the Court's March 17, 2015 Minute Entry and Orders, this discovery is expedited and it is therefore requested that answers to this discovery be provided within ten (10) days of service.

## INTERROGATORIES

**SUPPLEMENTAL INTERROGATORY NO. 1:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**SUPPLEMENTAL INTERROGATORY NO. 2:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are selected (either approved or rejected) for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**SUPPLEMENTAL INTERROGATORY NO. 3:**

For the period July 17, 2014 through present date, please state whether Taishan, TTP BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A," have done business of any kind in the United

6

States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please identify:

(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity and the end date);

(b) Whether the business is ongoing or not;

(c) If the business activity has since been terminated or suspended, please state the reason therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to

Dated: June 25, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

8

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail **and** upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 25th day of June, 2015.

/s/ Leonard A. Davis

Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison
Counsel MDL 2047

*Co-counsel for Plaintiffs*

11

# EXHIBIT "A"

Case 2:09-md-02047-EEF-JCW Document 19246-2 Filed 07/02/15 Page 28 of 43

# Shareholding Structure of the Group

The simplified structure of the Group as at 31 December 2014 is set out as below:

Note: The aforementioned percentages are rounded to 2 decimal places.

ALRMH-CNBM00003676

# 本集團股權架構

截至2014年12月31日，本集團的簡略架構如下：



註：　上述百分比四捨五入至小數點後兩位。

ALRMH-CNBM00003898

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**THE PLAINTIFF'S STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL INTERROGATORIES PURSUANT TO THE COURT'S MARCH 17, 2015 MINUTE ENTRY AND ORDERS [REC.DOC. 18493] DIRECTED TO BNBM AND BNBM GROUP**

TO: **Beijing New Building Materials Public Limited Company, and Beijing New Building Materials Group Corporation**
Through their Counsel of Record:
Michael H. Barr
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendants, Beijing New Building Materials Public Limited Company ("BNBM") and Beijing New Building Materials Group Corporation ("BNBM Group"), respond to each of the following interrogatories pursuant to the March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493].

**DEFINITIONS**

As used herein, the following terms are defined as follows:

1. "Defendants" shall mean Beijing New Building Materials Public Limited Company ("BNBM") and Beijing New Building Materials Group Corporation ("BNBM Group").

1

2.  "Other Entity" shall mean any subsidiary, affiliate or agent of Taishan Gypsum Co., Ltd. ("Taishan"), Tai'an Taishan Platerboard Co., Ltd. ("TTP"), Beijing New Building Materials Public Limited Co. ("BNBM"),  China National Building Material Co., Ltd., Beijing New Building Materials (Group) Co., Ltd.  ("BNBM Group"), China National Building Materials Group Co. ("CNBM Group"), CNBM USA Corp., Chenxiang, Sinkiang Tianshan Building Material and Gypsum Product Co., Ltd.,  Taishan Gypsum Co., Ltd. Lucheng Branch, Ynan Taishan Gypsum and Building Material Co.,  Ltd., Tai'an Jindin Building Material Co., Ltd., Taishan Gypsum (Xiangtan) Co., Ltd., Taishan  Gypsum (Pingshan) Co., Ltd., Taishan Gypsum (Hengshui) Co., Ltd., Taishan Gypsum (Henan)  Co., Ltd., Hubei Taishan Building Material Co., Ltd., Taishan Gypsum (Tongling) Co., Ltd.,  Weifang Aotai Gypsum Co., Ltd., Taishan Gypsum (Pizhou) Co., Ltd., Fuxin Taishan Gypsum  and Building Material Co., Ltd.,  Taishan Gypsum (Wenzhou) Co., Ltd., Taishan Gypsum  (Chongqing) Co., Ltd., Taishan Gypsum (Jaingyin) Co., Ltd., Qinhuangdao Taishan Building  Material Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd., Tai'an Tiashan  Gypsum Board Co., Ltd., Taishan Gypsum (Baotou) Co., Ltd., Shaanxi Taishan Gypsum Co.,  Ltd., Pingyi Zhongxing Paper-Faced Plasterboard Co., Ltd. f/k/a Chenxiang Building Materials  Co., Ltd., Shanghai Yu Yuan Imp & Exp Co., Ltd., Prowall Drywall, Inc. a/k/a Prowall,  International Materials Trading a/k/a IMT Gypsum, International Materials Trading, Ltd., IMT,  International  Materials Trading IMT Chinese Plasterboard, International Materials Trading (IMT)  Gypsum, Panel Rey a/k/a Panel de Yeso Panel, Shamrock Gold, Gridmarx a/k/a GridmarX, Grid  Marx, GridMarX, Gypsum Board, USB, and Pabco.

3.   "You", "your" or "your company" shall mean Beijing New Building Materials Public Limited Company ("BNBM") and Beijing New Building Materials Group Corporation ("BNBM Group"), as applicable, including relevant predecessors, successors, subsidiaries,  departments,

divisions and/or affiliates, and including, without limitation, any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on its behalf.

4.   "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity, group or other form of legal entity.

5.   "Communication" shall mean, without limitation, oral or written communications of any kind, such as electronic, facsimile, telephone, correspondence, exchanges of written or recorded information, or face-to-face meetings.

6.   "Employee" shall mean, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger or other person who is or was employed by a defendants.

7.   "Document" shall mean, without limitation, the original and all non-identical copies of all writings, whether handwritten, typed, printed or otherwise produced. This definition also includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, workpapers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, film and sound reproductions, sales, advertising and promotional literature, agreements or minutes of meetings.

8.   "Electronically Stored Information," abbreviated herein as "ESI," has the same meaning and scope in these Interrogatories as it has in the Federal Rules of Civil Procedure.

9.   "Relating to," "referring to," "regarding" or "with respect to" shall mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining

3

to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

10. "Or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B, as well as all information about collectively A and B. In other words, "or" should be read as "and/or."

11. "Including" is used to emphasize the type of information requested and should not be construed as limiting the interrogatory in anyway.

12. "Identify" when used in reference to a person shall mean to state the person's full name, present or last known address, office, home and portable telephone and facsimile numbers, the person's present or last known position, job description and business affiliation at the time in question.

13. "Identify" when used in reference to a document or ESI shall mean a description is required of the type of document or ESI, its date and author, its present location or custodian, every author, whether or not such person signed the document, and every person to whom such document or ESI, or any copy thereof was given or sent. If any such document or ESI was, but is no longer, in your possession or subject to your control, state what disposition was made of it. Documents or ESI prepared prior to or subsequent to the period covered by these interrogatories, but which nonetheless relate or refer thereto, are to be included in your response.

14. "Identify" when used with respect to a communication other than a writing shall mean to identify every person who was a party to the communication, the type of communication, and to identify all persons participating therein, along with the date, duration,

4

location(s) and the substance of the communication.

15.   "Identify" when used with respect to a person or entity means state their full name, legal address, phone number, and if an individual person, their employer and job title.

16.   "Any" should be construed, when possible, to mean "any and all."

17.   "Chinese drywall" shall mean and refer to drywall, plasterboard or wallboard manufactured in China.

## INSTRUCTIONS

1.   Unless otherwise noted, these interrogatories require responses for the time period from July 17, 2014 through the date of these interrogatories (the "relevant time period").

2.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, plaintiffs direct that you serve supplemental answers after acquiring such additional knowledge or information.

3.   If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify plaintiffs' counsel and provide amended answers as soon as reasonably possible.

4.   If you refuse to respond to any of these interrogatories based on a claim of privilege pursuant to Federal Rule of Civil Procedure 26(b)(5), you must provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or ESI supporting the privileged information, including the dates, authors, recipients, title and subject-matter, and present location of any documents or ESI involved. In the case of attorney work product privilege, you must also identify the litigation for which the work product was prepared.

5

5.  If you answer any interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by Bates number and the name of your employee certifying the documents or ESI as business records for purposes of answering the interrogatory.

6.  Pursuant to the Court's March 17, 2015 Minute Entry and Orders, this discovery is expedited and it is therefore requested that answers to this discovery be provided within ten (10) days of service.

## **INTERROGATORIES**

**SUPPLEMENTAL INTERROGATORY NO. 1:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**SUPPLEMENTAL INTERROGATORY NO. 2:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are selected (either approved or rejected) for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**SUPPLEMENTAL INTERROGATORY NO. 3:**

For the period July 17, 2014 through present date, please state whether Taishan, TTP BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A,"  have done business of any kind in the United

6

States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please identify:

(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity and the end date);

(b) Whether the business is ongoing or not;

(c) If the business activity has since been terminated or suspended, please state the reason therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to

7

Dated:  June 25, 2015

Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Matthew C. Gaughan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

### PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

8

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W
Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing discovery has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail **and** upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 25th day of June, 2015.

/s/ Leonard A. Davis

Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
Plaintiffs' Liaison
Counsel MDL 2047

*Co-counsel for Plaintiffs*

11

# EXHIBIT "A"

# Shareholding Structure of the Group

The simplified structure of the Group as at 31 December 2014 is set out as below:



Note:   The aforementioned percentages are rounded to 2 decimal places.

ALRMH-CNBM00003676

## 本 集 團 股 權 架 構

截至2014年12月31日，本集團的簡略架構如下：



註：　上述百分比四捨五入至小數點後兩位。

ALRMH-CNBM00003898