# EXHIBIT "C"

E-SERVICE
57614051
Jul 27 2015
05:14PM
File & ServeXpress

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'s OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S STEERING COMMITTEE'S SUPPLEMENTAL INTERROGATORIES**

Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") object and respond to the Plaintiff's Steering Committee's ("PSC") Supplemental Interrogatories as follows:

**GENERAL OBJECTIONS**

Taishan hereby sets forth its general objections to the PSC's Supplemental Interrogatories on the following basis, all of which are incorporated into Taishan's responses by this reference:

1. Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any statement if any Interrogatory were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2. Taishan objects to all of the Interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges.

3.  Taishan objects to all of the Interrogatories to the extent that they seek responses as to legal conclusions.

4.  Taishan objects to the Interrogatories to the extent they seek discovery of proprietary and confidential information (including confidential research, development or commercial information).  To the extent Taishan agrees to produce any such information, said information will only be produced subject to a protective order.

5.  Taishan objects to all of the Interrogatories to the extent that they are vague, uncertain, ambiguous, unintelligible, overbroad, unduly burdensome, oppressive, harassing, intrusive, seek information not relevant to the subject matter of this action, and/or seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

6.  Taishan objects to all of the Interrogatories to the extent they seek information which is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.  Taishan objects to all of the Interrogatories to the extent they are vague and ambiguous, in that the manner in which specific Interrogatories are phrased creates confusion given the issues involved in the litigation.

8.  Taishan objects to all of the Interrogatories to the extent that they purport to impose obligations on Taishan beyond those set forth in the Federal Rules of Civil Procedure, the local rules of the United States District Court for the Eastern District of Louisiana, and any other applicable law, rules, and orders of court.

9.  Taishan has not fully completed its investigation and discovery in this case. Accordingly, all of the responses contained herein are based upon only such information and

documents which are presently available to and specifically known by Taishan, and discloses only the contentions which presently occur to it. Taishan anticipates that further discovery, investigation, legal research, and analysis will yield additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions which may lead to substantial additions to, and variations from, the contentions set forth herein.

10. Taishan provides the following responses without prejudice to its right to produce evidence of any subsequently discovered fact or facts which it may later recollect. Taishan reserves the right to change any and all responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to provide as much factual information and specification of legal contentions as is presently known by Taishan, and should not prejudice in any way Taishan in relation to further discovery, research or analysis.

11. Taishan objects to these Interrogatories to the extent they seek or purports to seek information or documents: which are already in the custody of PSC; which are in the possession of other parties, third parties or in the public domain; or which are not in the Taishan's possession, custody or control.  To the extent that the PSC seeks information that is more readily available from other sources or already in the possession of the PSC, Taishan objects to these Interrogatories as unduly burdensome.  Taishan also objects to these Interrogatories to the extent they seek to impose upon Taishan the duty to obtain documents, things, or other information from any sources other than its own corporate

records.    Such  interrogatories  are  improper  and  exceed  the  scope  of  permissible discovery.

12.  All  of  these  General  Objections  are  incorporated  by  reference  into  each  and  every Interrogatory response set forth below. Without waiving, and in addition to the foregoing, Taishan makes the following specific objections to the PSC's Interrogatories:

### SPECIFIC OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S STEERING COMMITTEE'S SUPPLEMENTAL INTERROGATORIES

**SUPPLEMENTAL INTERROGATORY NO. 1:**

For  the  period  January  1,  2005  to  the  present  date,  please  describe  the  method  or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE NO. 1:**

Taishan incorporates the General Objections above as though fully set forth herein. Taishan further objects to this Interrogatory as duplicative, vague, unduly burdensome, overly broad, seeking information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and requesting information beyond the scope of discovery as set forth by this Court's Orders.  Subject to and without waiving the foregoing or the General Objections, Taishan's procedures for nominating and electing members to its board of directors are described in the following Bates-labeled documents, which Taishan has already produced to Plaintiffs in this case: TG-040615-00281450 – TG-040615-0028710.

**SUPPLEMENTAL INTERROGATORY NO. 2:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are selected (either approved or rejected) for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE NO. 2:**

Taishan incorporates the General Objections above as though fully set forth herein. Taishan further objects to this Interrogatory as duplicative, vague, unduly burdensome, overly broad, seeking information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and requesting information beyond the scope of discovery as set forth by this Court's Orders.  Subject to and without waiving the foregoing or the General Objections, Taishan's procedures for nominating and electing members to its board of directors are described in the following documents, which Taishan has already produced to Plaintiffs in this case: TG-040615-00281450 – TG-040615-0028710.

**SUPPLEMENTAL INTERROGATORY NO. 3:**

For the period July 17, 2014 through present date, please state whether Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A," have done business of any kind in the United States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**RESPONSE NO. 3**:

Taishan incorporates the General Objections above as though fully set forth herein. Taishan further objects to this Interrogatory as duplicative, vague, unduly burdensome, overly

broad, seeking information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and requesting information beyond the scope of discovery as set forth by this Court's Orders.  Subject to and without waiving the foregoing or the General Objections, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd, and their subsidiaries have not done business of any kind in the United States in the stated timeframe. Taishan objects to the Interrogatory to the extent it inquires whether "BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit 'A,'" have done business in the United States during the stated timeframe. Taishan can only respond for Taishan Gypsum Co., Ltd., Tai'an Taishan Plasterboard Co., Ltd., and their subsidiaries.  Taishan defers to the responses of the other Defendants for their descriptions of any business done in the United States during the stated timeframe by their companies and subsidiaries.

**SUPPLEMENTAL INTERROGATORY NO. 4:**

If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.

**RESPONSE NO. 4**:

Taishan incorporates the General Objections above as though fully set forth herein.  See Response No. 3 above.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please identify:

(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity and the end date);

(b) Whether the business is ongoing or not;

(c) If the business activity has since been terminated or suspended, please state the reason therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to.

**RESPONSE NO. 5**:

Taishan incorporates the General Objections above as though fully set forth herein.  See Response No. 3 above.


Dated:  July 27, 2015

<div style="margin-left:40%">

s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331

</div>

HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.*
*and Tai'an Taishan Plasterboard Co., Ltd.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Plaintiffs' Lead Counsel, Arnold Levin, and Defendants' Liason Counsel, Kerry Miller through LexisNexis File & Serve and to Plaintiffs' Counsel through U.S. mail and e-mail as follows:

Arnold Levin, Esq.  
Levin, Fishbein, Sedran & Berman  
510 Walnut St, Suite 500  
Philadelphia, PA 19106  
ALevin@LFSBLaw.com  

Russ M. Herman, Esq.  
Herman, Herman & Katz, LLC  
820 O'Keefe Avenue  
New Orleans, LA 70113  
rherman@hhklawfirm.com  

This 27th day of July, 2015.

/s Christina Hull Eikhoff  
Christina Hull Eikhoff  
Georgia Bar No. 242539  
ALSTON & BIRD LLP  
1201 West Peachtree Street NW  
Atlanta, Georgia 30309  
Phone: (404) 881-7000  
Fax: (404) 881-7777  
christy.eikhoff@alston.com  
*Counsel for Taishan*



E-SERVICE

57621954
Jul 28 2015
11:32PM

File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** *All Cases* | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**DEFENDANT CNBM COMPANY'S RESPONSES TO
PSC'S SUPPLEMENTAL INTERROGATORIES**

Pursuant to Federal Rules of Procedure 26 and 33, Defendant China National Building

Materials Co., Ltd. ("CNBM Company") hereby sets forth its objections and responses to the the

PSC's "Expedited Supplemental Interrogatories," dated June 25, 2015, in the *Chinese*

*Manufactured Drywall Products Liability Litigation* (the "Litigation").

CNBM Company's objections and responses are based upon information presently

available to CNBM Company.  CNBM Company reserves its right to amend, modify, or

supplement these responses during the course of additional investigation and discovery, as

permitted by the Federal Rules of Civil Procedure.

By responding to this Request, CNBM Company in no way intends to or does waive or

otherwise limit its ability to raise jurisdictional defenses, whether by this response or any other

act, filing, appearance, or contention, either before or after this Response, in this or any other

litigation.

## GENERAL RESPONSES AND OBJECTIONS

The following general objections apply to each and every interrogatory, and are in addition to any objections that are stated as to specific interrogatories.  The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that or any other response.  An objection to a particular request does not indicate, expressly or impliedly, the existence of any information sought, the relevance or admissibility of any response, and/or the truth or accuracy of any statement or characterization contained in any particular interrogatory.

1.      CNBM Company objects to these interrogatories to the extent they seek information about entities other than CNBM Company that is not within the knowledge of CNBM Company.  Accordingly, these responses are submitted with respect to CNBM Company only.

2.      CNBM Company objects to these interrogatories to the extent they constitute legal contentions or call for legal conclusions to which no response is required.

3.      CNBM Company objects to these interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Nothing contained in CNBM Company's responses to these interrogatories is intended to be, or should be, considered as a waiver of any attorney-client privilege, the protection afforded by the work product doctrine, and/or any other applicable privilege or doctrine of immunity.

4.      CNBM Company objects to these interrogatories to the extent they seek confidential, trade secret, and/or otherwise proprietary information of CNBM Company and/or its directors, officers, or employees.  Such information will only be produced in a manner

- 2 -

consistent with the Protective Order entered in the above-captioned action, or by other agreement of the parties through their counsel of record.

5.      CNBM Company objects to these interrogatories to the extent they seek confidential, trade secret, and/or otherwise proprietary information of any third party.  Such information will only be produced in a manner consistent with the Protective Order entered in the above-captioned action after CNBM Company has requested, and received, the consent of the third party to produce the information.

6.      CNBM Company objects to these interrogatories to the extent that the undue burden of compliance substantially outweighs the probative value of any information sought thereby, and to the extent that Plaintiffs seek information that is neither relevant to the above-captioned action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.      CNBM Company objects to these interrogatories to the extent that they would impose a duty to CNBM Company to undertake a search for information for which Plaintiffs are equally able to search and locate.

8.      CNBM Company objects to Plaintiffs' "Definitions" to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and/or Local Rules of the Eastern District of Louisiana.  CNBM Company will respond in accordance with its obligations under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

9.      CNBM Company objects to Plaintiffs' "Definitions" to the extent they attempt to ascribe meanings to words that are overbroad and/or different from their ordinary usage.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections, set forth above, are hereby incorporated by reference into each and every one of the following Specific Responses as if fully set forth therein.

### SUPPLEMENTAL INTERROGATORY NO. 1:

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

### RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 1:

CNBM Company objects to this interrogatory as vague and ambiguous and overbroad with respect to the request for information concerning "every entity including that entity's predecessor entity" appearing on the PSC's Exhibit A.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Company responds as follows: the board of directors of CNBM Company is nominated and selected in accordance with its Articles of Association and the relevant governing laws and regulations in the P.R.C. and Hong Kong. Currently, the board of directors is composed of 13 directors, five of whom are independent non-executive directors.  The eight non-independent directors may be nominated by shareholders individually or jointly holding more than 5% of the voting stock of CNBM Company, or the board of directors.  The independent non-executive directors may be nominated by shareholders individually or jointly holding more than 1% of the voting stock of CNBM Company, or the board of directors or supervisory committee.  For further information, see page 52 of the 2014 CNBM Company Annual Report.

**SUPPLEMENTAL INTERROGATORY NO. 2:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are selected (either approved or rejected) for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 2:**

CNBM Company objects to this interrogatory as vague and ambiguous and overbroad with respect to the request for information concerning "every entity including that entity's predecessor entity" appearing on the PSC's Exhibit A.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Company responds as follows: nominees are elected by shareholders at the shareholders general meeting.

**SUPPLEMENTAL INTERROGATORY NO. 3:**

For the period July 17, 2014 through present date, please state whether Taishan, TTP BNBM, BNBM Group, CNBM, CNBM Company, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A," have done business of any kind in the United States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 3:**

CNBM Company objects to this interrogatory on grounds it is vague and ambiguous as to the definition of "business of any kind in the United States."  CNBM Company also objects because this interrogatory is overbroad in time, as the contempt period does not extend through the present date.  Subject to, and without waiving the foregoing objection or General Objections,

CNBM Company responds as follows: between July 17, 2014 and February 17, 2015, CNBM Company did not sell, purchase, or negotiate to sell or purchase goods or services of any kind in the United States.

**SUPPLEMENTAL INTERROGATORY NO. 4[1]:**

If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 4:**

N/A

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please identify:

(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity and the end date);

(b) Whether the business is ongoing or not;

(c) If the business activity has since been terminated or suspended, please state the reason therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to

---

[1] The PSC's interrogatory is erroneously labelled No. 5.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 5:**

N/A

Signed under the pains and penalties of perjury,

_____
Mr. Zhangli Chang
Vice President
CNBM Company


As to objections,


/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)


| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Ian Fein (CA Bar No. 281394) | GORDON, ARATA, MCCOLLAM, |
| Jason Cabot (CA Bar No. 288877) | DUPLANTIS & EAGAN, LLC |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 201 St. Charles Avenue, 40th Floor |
| The Orrick Building | New Orleans, LA 70170-4000 |
| 405 Howard Street | Tel: (504) 582-1111 |
| San Francisco, CA  94105 | E-mail: eeagan@gordonarata.com |
| Tel.:  415-773-5700 | dcurrault@gordonarata.com |
| Fax:  415-773-5759 | nenglish@gordonarata.com |
| E-mail:cvejnoska@orrick.com | arothenberg@gordonarata.com |
| ijohnson@orrick.com | |
| adavidson@orrick.com | |
| jmwu@orrick.com | |
| ifein@orrick.com | |
| jcabot@orrick.com | |

| | |
|---|---|
| James L. Stengel (NY Bar No. 1800556) | Jonathan Riddell (LA Bar No. 27053) |
| Xiang Wang (NY Bar No. 4311114) | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| Kelly Daley (NY Bar No. 4970117) | 400 Capitol Mall |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Suite 3000 |
| 51 West 52nd Street | Sacramento, CA 95814 |
| New York, NY, 10019 | Tel: 916-447-9200 |

Tel:   212-506-5000                                    Email: jriddell@orrick.com
Fax:  212-506-5151
Email:  jstengel@orrick.com
      xiangwang@orrick.com
      kdaley@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Fax: 202-339-8500
Email: eshumsky@orrick.com

*Attorneys for CNBM Company*

Dated**:** July 28, 2015



E-SERVICE

57621954
Jul 28 2015
11:32PM

File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION  **THIS DOCUMENT RELATES TO:** *All Cases* | MDL No. 2:09-md-2047  SECTION L  JUDGE ELDON E. FALLON  MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**DEFENDANT CNBM GROUP'S RESPONSES TO
PSC'S SUPPLEMENTAL INTERROGATORIES**

Pursuant to Federal Rules of Procedure 26 and 33, Defendant China National Building Materials Group Corporation ("CNBM Group") hereby sets forth its objections and responses to the the PSC's "Expedited Supplemental Interrogatories," dated June 25, 2015, in the *Chinese Manufactured Drywall Products Liability Litigation* (the "Litigation").

CNBM Group's objections and responses are based upon information presently available to CNBM Group.  CNBM Group reserves its right to amend, modify, or supplement these responses during the course of additional investigation and discovery, as permitted by the Federal Rules of Civil Procedure.

By responding to this Request, CNBM Group in no way intends to or does waive or otherwise limit its ability to raise jurisdictional defenses, whether by this response or any other act, filing, appearance, or contention, either before or after this Response, in this or any other litigation.

## GENERAL RESPONSES AND OBJECTIONS

The following general objections apply to each and every interrogatory, and are in addition to any objections that are stated as to specific interrogatories.  The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that or any other response.  An objection to a particular request does not indicate, expressly or impliedly, the existence of any information sought, the relevance or admissibility of any response, and/or the truth or accuracy of any statement or characterization contained in any particular interrogatory.

1.      CNBM Group objects to these interrogatories to the extent they seek information about entities other than CNBM Group that is not within the knowledge of CNBM Group.  Accordingly, these responses are submitted with respect to CNBM Group only.

2.      CNBM Group objects to these interrogatories to the extent they constitute legal contentions or call for legal conclusions to which no response is required.

3.      CNBM Group objects to these interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.  Nothing contained in CNBM Group's responses to these interrogatories is intended to be, or should be, considered as a waiver of any attorney-client privilege, the protection afforded by the work product doctrine, and/or any other applicable privilege or doctrine of immunity.

4.      CNBM Group objects to these interrogatories to the extent they seek confidential, trade secret, and/or otherwise proprietary information of CNBM Group and/or its directors, officers, or employees.  Such information will only be produced in a manner consistent with the

Protective Order entered in the above-captioned action, or by other agreement of the parties through their counsel of record.

5.     CNBM Group objects to these interrogatories to the extent they seek confidential, trade secret, and/or otherwise proprietary information of any third party.  Such information will only be produced in a manner consistent with the Protective Order entered in the above-captioned action after CNBM Group has requested, and received, the consent of the third party to produce the information.

6.     CNBM Group objects to these interrogatories to the extent that the undue burden of compliance substantially outweighs the probative value of any information sought thereby, and to the extent that Plaintiffs seek information that is neither relevant to the above-captioned action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.     CNBM Group objects to these interrogatories to the extent that they would impose a duty to CNBM Group to undertake a search for information for which Plaintiffs are equally able to search and locate.

8.     CNBM Group objects to Plaintiffs' "Definitions" to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and/or Local Rules of the Eastern District of Louisiana.  CNBM Group will respond in accordance with its obligations under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

9.     CNBM Group objects to Plaintiffs' "Definitions" to the extent they attempt to ascribe meanings to words that are overbroad and/or different from their ordinary usage.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections, set forth above, are hereby incorporated by reference into each and every one of the following Specific Responses as if fully set forth therein.

**SUPPLEMENTAL INTERROGATORY NO. 1:**

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 1:**

CNBM Group objects to this interrogatory as vague and ambiguous and overbroad with respect to the request for information concerning "every entity including that entity's predecessor entity" appearing on the PSC's Exhibit A.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Group responds as follows: CNBM Group is a wholly state-owned company.  The board of directors is formed in accordance with relevant Chinese laws and regulations concerning wholly stated-owned companies and CNBM Group's Articles of Association.  CNBM Group's board of directors is composed of 11 directors, including one employee director.  The 10 non-employee directors are appointed by the State-owned Assets Supervision and Administration Commission ("SASAC"), which performs the duties of the capital contributor on behalf of the State Council, in accordance with the Company Law of the P.R.C., the Interim Regulations on the Supervision and Administration of State-Owned Assets of Enterprises, and other related laws and regulations.  Candidates for the employee director position are chosen through the nomination by the trade union of the company or the recommendation by the company employees, and approved by SASAC, in accordance with the

Administrative Measures for Employee Directors of the Enterprises under the Pilot Program of Establishing Board of Directors of Wholly State-Owned Companies (Trial).

### SUPPLEMENTAL INTERROGATORY NO. 2:

For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are selected (either approved or rejected) for each and every entity including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

### RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 2:

CNBM Group objects to this interrogatory as vague and ambiguous and overbroad with respect to the request for information concerning "every entity including that entity's predecessor entity" appearing on the PSC's Exhibit A.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Group responds as follows: As for the non-employee directors, see response to previous interrogatory.  After candidates for the employee director position have been determined, a general meeting of employee representatives is held whereby the candidates are voted upon by secret ballot, the election results are reported to SASAC for recording, and the winner of the election is appointed by the company as the employee director.

### SUPPLEMENTAL INTERROGATORY NO. 3:

For the period July 17, 2014 through present date, please state whether Taishan, TTP BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit "A," have done business of any kind in the United States, including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or

purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 3:**

CNBM Group objects to this interrogatory on grounds it is vague and ambiguous as to the definition of "business of any kind in the United States." CNBM Group also objects because this interrogatory is overbroad in time, as the contempt period does not extend through the present date. Subject to, and without waiving the foregoing objection or General Objections, CNBM Group responds as follows: between July 17, 2014 and February 17, 2015, CNBM Group did not sell, purchase, or negotiate to sell or purchase goods or services of any kind in the United States.

**SUPPLEMENTAL INTERROGATORY NO. 4[1]:**

If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 4:**

N/A

**SUPPLEMENTAL INTERROGATORY NO. 5:**

If you answered "yes" to Supplemental Interrogatory No. 3, please identify:

(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity and the end date);

(b) Whether the business is ongoing or not;

---

[1] The PSC's interrogatory is erroneously labelled No. 5.

(c) If the business activity has since been terminated or suspended, please state the reason therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 5:**

N/A

Signed under the pains and penalties of perjury,

_____

Ms. Guoping Zhou
General Counsel
CNBM Group

As to objections,

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Ian Johnson (CA Bar No. 208713) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Nina Wessel English (LA Bar No. 29176) |
| Jason Wu (CA Bar No. 279118) | Alex B. Rothenberg (LA Bar No. 34740) |
| Ian Fein (CA Bar No. 281394) | GORDON, ARATA, MCCOLLAM, |
| Jason Cabot (CA Bar No. 288877) | DUPLANTIS & EAGAN, LLC |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | 201 St. Charles Avenue, 40th Floor |
| The Orrick Building | New Orleans, LA 70170-4000 |
| 405 Howard Street | Tel: (504) 582-1111 |
| San Francisco, CA  94105 | E-mail: eeagan@gordonarata.com |

- 7 -

Tel.:  415-773-5700

Fax:  415-773-5759

E-mail:cvejnoska@orrick.com

      ijohnson@orrick.com

      adavidson@orrick.com

      jmwu@orrick.com

      ifein@orrick.com

      jcabot@orrick.com

dcurrault@gordonarata.com

nenglish@gordonarata.com

arothenberg@gordonarata.com

James L. Stengel (NY Bar No. 1800556)

Xiang Wang (NY Bar No. 4311114)

Kelly Daley (NY Bar No. 4970117)

ORRICK, HERRINGTON & SUTCLIFFE LLP

51 West 52nd Street

New York, NY, 10019

Tel:  212-506-5000

Fax:  212-506-5151

Email: jstengel@orrick.com

      xiangwang@orrick.com

      kdaley@orrick.com

Jonathan Riddell (LA Bar No. 27053)

ORRICK, HERRINGTON & SUTCLIFFE, LLP

400 Capitol Mall

Suite 3000

Sacramento, CA 95814

Tel: 916-447-9200

Email: jriddell@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)

ORRICK, HERRINGTON & SUTCLIFFE LLP

Columbia Center

1152 15th Street NW

Washington, D.C. 20005

Tel: 202-339-8400

Fax: 202-339-8500

Email: eshumsky@orrick.com

*Attorneys for CNBM Group*

Dated**:** July 28, 2015



E-SERVICE
57606452
Jul 24 2015
03:42PM
File & ServeXpress

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### RESPONSES AND OBJECTIONS TO THE PLAINTIFF'S STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL INTERROGATORIES PURSUANT TO THE COURT'S MARCH 17, 2015 MINUTE ENTRY AND ORDERS [REC.DOC. 18493] DIRECTED TO BNBM AND BNBM GROUP

Defendant Beijing New Building Material (Group) Co., Ltd.("BNBM Group" or

"Defendant"), by its attorneys, Dentons US LLP, hereby responds and objects to the Plaintiffs'

Steering Committee's ("PSC") Expedited Supplemental Interrogatories, dated June 25, 2015 (the

"Interrogatories"), as follows:

### ASSERTION OF PERSONAL JURISDICTION DEFENSE

On March 4, 2015, BNBM Group formally appeared in the above-captioned actions,

through Notices of Appearance that specifically raised and preserved defenses relating to, inter

alia, lack of personal jurisdiction.  As BNBM Group has done with each prior submission, it

raises the issue of personal jurisdiction at the outset of this Responses and Objections to the

PSC's Expedited Supplemental Interrogatories, both to preserve BNBM Group's legal rights to

assert this fundamental defense, and also because absence of personal jurisdiction vitiates the

need for the broad-scale discovery Plaintiffs are seeking.

### GENERAL OBJECTIONS

These General Objections apply to each of the PSC's interrogatories and are deemed

incorporated into each of Defendant's Responses set forth below.  The assertion of the same,

similar, or additional objections in response to specific interrogatories does not waive any of Defendant's General Objections as set forth below:

1.       Defendant objects to each Interrogatory to the extent it seeks to impose obligations that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any Court order that has been entered that governs discovery.

2.       Defendant objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, and vague, is not described with reasonable particularity, lacks a readily discernible meaning, and/or requires Defendant to speculate as to the information sought.

3.       Defendant objects to each Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other recognized privilege.

4.       Defendant objects to each Interrogatory to the extent it seeks information not within Defendant's possession, custody or control.

5.       Defendant objects to each Interrogatory to the extent it seeks information to which Plaintiffs have equal access or which can be more easily obtained from another source.

6.       Defendant objects to each Interrogatory to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, and to the extent that the requested information has already been the subject of extensive inquiry at the deposition of Defendant's 30(b)(6) witness.

7.       The response to any Interrogatory is not and shall not be construed to be an acceptance of, or concession to, any characterization made in any Interrogatory, including but

2

not limited to any characterizations that Taishan and/or any Taishan Affiliates and Subsidiaries, on the one hand, and BNBM Group, on the other hand, are mere alter egos of one another under any applicable law.

8.     Defendant objects to the PSC's definition of the terms "you," "your," and "yours" on the grounds that it is overly broad and unduly burdensome because it seeks information outside of the knowledge of Defendant, its agents, or employees, and exceeds the scope of the Court's discovery orders. Responses to those Interrogatories are made on behalf of BNBM Group only.

9.     Defendant objects to the PSC's definition of the term "BNBM" on the grounds that it is overly broad and unduly burdensome because it seeks information outside of the knowledge of Defendant, its agents or employees, and exceeds the scope of the Court's discovery orders. Responses to those Interrogatories are made on behalf of BNBM Group only.

10.     Defendant reserves the right to amend and/or supplement its objections and responses as new or additional documents are discovered and/or become available.

## SPECIFIC RESPONSES AND OBJECTIONS

To the extent that the Rules require either an admission or a denial, any Interrogatory or part of a Interrogatory not expressly admitted below is denied.

## SUPPLEMENTAL INTERROGATORY NO. 1:

1.     **For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the  Shareholding Structure of the Group" chart, attached hereto as Exhibit "A.: "**

3

**Response**: Defendant objects to this Interrogatory to the extent that it is duplicative of Plaintiffs'

previous demands to which Defendant has already responded, it requests information not in

Defendant's possession, custody or control, requests information to which Plaintiffs have equal

access or which can be more easily obtained from another source, is vague, unduly burdensome,

overly broad, directed to information which is not reasonably calculated to lead to the discovery

of admissible or relevant evidence, and seeks information beyond the scope of discovery as set

forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the

General Objections, BNBM Group's procedures for nominating and electing members to its

board of directors are set forth in its Articles of Association, which BNBM Group has already

produced to Plaintiffs in this case (*see, e.g.*, BNBM(Group)0002633-BNBM(Group)0002638;

BNBM(Group)0002646-BNBM(Group)0002653; BNBM(Group)0002662-

BNBM(Group)0002669; BNBM(Group)0002678-BNBM(Group)0002686;

BNBM(Group)0002699-BNBM(Group)0002704; BNBM(Group)0002714-

BNBM(Group)0002722; BNBM(Group)0002732-BNBM(Group)0002739;

BNBM(Group)0002748-BNBM(Group)0002755).

## SUPPLEMENTAL INTERROGATORY NO. 2:

**2.      For the period January 1, 2005 to the present date, please describe the
method or mechanism by which prospective members of the board of directors are selected
(either approved or rejected) for each and every entity including that entity's predecessor
entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as
Exhibit "A."**

**Response**: Defendant objects to this Interrogatory to the extent that it is duplicative of Plaintiffs'

previous demands to which Defendant has already responded, it requests information not in

4

Defendant's possession, custody or control, requests information to which Plaintiffs have equal

access or which can be more easily obtained from another source, is vague, unduly burdensome,

overly broad, directed to information which is not reasonably calculated to lead to the discovery

of admissible or relevant evidence, and seeks information beyond the scope of discovery as set

forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the

General Objections, BNBM Group's procedures for selecting and/or electing members to its

board of directors are set forth in its Articles of Association, which BNBM Group has already

produced to Plaintiffs in this case (*see, e.g.*, BNBM(Group)0002633-BNBM(Group)0002638;

BNBM(Group)0002646-BNBM(Group)0002653; BNBM(Group)0002662-

BNBM(Group)0002669; BNBM(Group)0002678-BNBM(Group)0002686;

BNBM(Group)0002699-BNBM(Group)0002704; BNBM(Group)0002714-

BNBM(Group)0002722; BNBM(Group)0002732-BNBM(Group)0002739;

BNBM(Group)0002748-BNBM(Group)0002755).

**SUPPLEMENTAL INTERROGATORY NO. 3:**

> **3.      For the period July 17, 2014 through present date, please state whether**
> **Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate**
> **and Subsidiary," including all entities appearing on Exhibit "A," have done business of any**
> **kind in the United States, including but not limited to sale of, purchase of and/or**
> **negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any**
> **kind, and/or any other activity whereby something of value was provided in exchange for**
> **goods, services and/or information.**

**Response**: Defendant objects to this Request to the extent that it that it is duplicative of Plaintiffs'

previous discovery demands to which Defendant has already responded, it requests information

not in Defendant's possession, custody or control, requests information to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks information beyond the scope of discovery as set forth in the Minute Entry and Order, and requests information regarding transactions that occurred outside of the contempt period of July 17, 2014-March 31, 2015 (the "Contempt Period"). Subject to and without waiving the foregoing or the General Objections, BNBM Group did not conduct business in the United States during the Contempt Period.  As Plaintiffs are aware, BNBM Group acted as an import agent for certain of its Chinese clients who imported timber from the United States to China between July 17, 2014 and March 31, 2015. BNBM Group did not sell, purchase or negotiate the sale or purchase of any goods or services in connection with those transactions, or otherwise take actions that can be considered doing business in the United States.  In all events, documents and information concerning those transactions in BNBM Group's possession, custody and control have already been produced or otherwise made available to Plaintiffs.

**SUPPLEMENTAL INTERROGATORY NO. 5 (sic):**

      **4.**      **If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.**

**Response**: See response to Supplemental Interrogatory 3, above.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

      **5.**      **If you answered "yes" to Supplemental Interrogatory No. 3, please identify:**

(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity) and the end date;

(b) Whether the business is ongoing or not;

(c) If the business activity has since been terminated or suspended, please state the reason therefor;

(d) All of the entities who were parties to said business, both directly and/or indirectly;

(e) The relationship of said party to you, if any;

(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;

(g) The specific amount of money (in U.S. Dollars) paid by you for such business activity and who the sums were paid to

**Response:** See response to Supplemental Interrogatory 3, above.

Dated:  July 24, 2015

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

7

- and -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- and -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- and -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

***Attorneys for Beijing New Building
Material (Group) Co., Ltd. and Beijing
New Building Materials Public Limited
Company***

8

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Responses and Objections to Interrogatories** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this July 24, 2015.

/s/      *Michael H. Barr*

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in these Objections and Responses to the Plaintiffs' Steering Committee's ("PSC") Expedited Supplemental Interrogatories, dated June 25, 2015 is true and correct to the best of my knowledge.

| | | |
|---|---|---|
| _____ | 赵雁鸣 | 2015. 7. 24. |
| Signature | Print Name | Date |

10



57606452
Jul 24 2015
03:42PM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION:  L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### RESPONSES AND OBJECTIONS TO THE PLAINTIFF'S STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL INTERROGATORIES PURSUANT TO THE COURT'S MARCH 17, 2015 MINUTE ENTRY AND ORDERS [REC.DOC. 18493] DIRECTED TO BNBM AND BNBM GROUP

Defendant Beijing New Building Materials Public Limited Company ("BNBM PLC" or "Defendant"), by its attorneys, Dentons US LLP, hereby responds and objects to the Plaintiffs' Steering Committee's ("PSC") Expedited Supplemental Interrogatories, dated June 25, 2015 (the "Interrogatories"), as follows:

### ASSERTION OF PERSONAL JURISDICTION DEFENSE

On March 4, 2015, BNBM PLC formally appeared in the above-captioned actions, through Notices of Appearance that specifically raised and preserved defenses relating to, inter alia, lack of personal jurisdiction.  As BNBM PLC has done with each prior submission, it raises the issue of personal jurisdiction at the outset of this Responses and Objections to the PSC's Expedited Supplemental Interrogatories, both to preserve BNBM PLC's legal rights to assert this fundamental defense, and also because absence of personal jurisdiction vitiates the need for the broad-scale discovery Plaintiffs are seeking.

### GENERAL OBJECTIONS

These General Objections apply to each of the PSC's interrogatories and are deemed incorporated into each of Defendant's Responses set forth below.  The assertion of the same,

1

similar, or additional objections in response to specific interrogatories does not waive any of Defendant's General Objections as set forth below:

1. Defendant objects to each Interrogatory to the extent it seeks to impose obligations that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, or any Court order that has been entered that governs discovery.

2. Defendant objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, and vague, is not described with reasonable particularity, lacks a readily discernible meaning, and/or requires Defendant to speculate as to the information sought.

3. Defendant objects to each Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other recognized privilege.

4. Defendant objects to each Interrogatory to the extent it seeks information not within Defendant's possession, custody or control.

5. Defendant objects to each Interrogatory to the extent it seeks information to which Plaintiffs have equal access or which can be more easily obtained from another source.

6. Defendant objects to each Interrogatory to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, and to the extent that the requested information has already been the subject of extensive inquiry at the deposition of Defendant's 30(b)(6) witness.

7. The response to any Interrogatory is not and shall not be construed to be an acceptance of, or concession to, any characterization made in any Interrogatory, including but

2

not limited to any characterizations that Taishan and/or any Taishan Affiliates and Subsidiaries, on the one hand, and BNBM PLC, on the other hand, are mere alter egos of one another under any applicable law.

8.      Defendant objects to the PSC's definition of the terms "you," "your," and "yours" on the grounds that it is overly broad and unduly burdensome because it seeks information outside of the knowledge of Defendant, its agents, or employees, and exceeds the scope of the Court's discovery orders. Responses to those Interrogatories are made on behalf of BNBM PLC only.

9.      Defendant objects to the PSC's definition of the term "BNBM" on the grounds that it is overly broad and unduly burdensome because it seeks information outside of the knowledge of Defendant, its agents or employees, and exceeds the scope of the Court's discovery orders. Responses to those Interrogatories are made on behalf of BNBM PLC only.

10.     Defendant reserves the right to amend and/or supplement its objections and responses as new or additional documents are discovered and/or become available.

### SPECIFIC RESPONSES AND OBJECTIONS

To the extent that the Rules require either an admission or a denial, any Interrogatory or part of a Interrogatory not expressly admitted below is denied.

### SUPPLEMENTAL INTERROGATORY NO. 1:

**1.      For the period January 1, 2005 to the present date, please describe the method or mechanism by which prospective members of the board of directors are nominated for each and every entity including that entity's predecessor entity, appearing on the Shareholding Structure of the Group" chart, attached hereto as Exhibit "A.: "**

3

**Response**: Defendant objects to this Interrogatory to the extent that it is duplicative of Plaintiffs'

previous demands to which Defendant has already responded, it requests information not in

Defendant's possession, custody or control, requests information to which Plaintiffs have equal

access or which can be more easily obtained from another source, is vague, unduly burdensome,

overly broad, directed to information which is not reasonably calculated to lead to the discovery

of admissible or relevant evidence, and seeks information beyond the scope of discovery as set

forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the

General Objections, BNBM PLC's procedures for nominating and electing members to its board

of directors are set forth in its Articles of Association, which BNBM PLC has already produced

to Plaintiffs in this case (*see, e.g.*, BNBMPLC0003525-BNBMPLC0003558;

BNBMPLC0003618-BNBMPLC0003657; BNBMPLC0003716-BNBMPLC0003749;

BNBMPLC0003833-BNBMPLC0003866; BNBMPLC0003926- BNBMPLC0003959;

BNBMPLC0004051-BNBMPLC0004084; BNBMPLC0004136-BNBMPLC0004167;

BNBMPLC0004205-BNBMPLC0004237).

## SUPPLEMENTAL INTERROGATORY NO. 2:

2.      **For the period January 1, 2005 to the present date, please describe the**

**method or mechanism by which prospective members of the board of directors are selected**

**(either approved or rejected) for each and every entity including that entity's predecessor**

**entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as**

**Exhibit "A."**

**Response**: Defendant objects to this Interrogatory to the extent that it is duplicative of Plaintiffs'

previous demands to which Defendant has already responded, it requests information not in

Defendant's possession, custody or control, requests information to which Plaintiffs have equal

access or which can be more easily obtained from another source, is vague, unduly burdensome,

overly broad, directed to information which is not reasonably calculated to lead to the discovery

of admissible or relevant evidence, and seeks information beyond the scope of discovery as set

forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the

General Objections, BNBM PLC's procedures for electing members to its board of directors are

set forth in its Articles of Association, which BNBM PLC has already produced to Plaintiffs in

this case (*see, e.g.*, BNBMPLC0003525-BNBMPLC0003558; BNBMPLC0003618-

BNBMPLC0003657; BNBMPLC0003716-BNBMPLC0003749; BNBMPLC0003833-

BNBMPLC0003866; BNBMPLC0003926- BNBMPLC0003959; BNBMPLC0004051-

BNBMPLC0004084; BNBMPLC0004136-BNBMPLC0004167; BNBMPLC0004205-

BNBMPLC0004237).

## SUPPLEMENTAL INTERROGATORY NO. 3:

**3.      For the period July 17, 2014 through present date, please state whether
Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate
and Subsidiary," including all entities appearing on Exhibit "A," have done business of any
kind in the United States, including but not limited to sale of, purchase of and/or
negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any
kind, and/or any other activity whereby something of value was provided in exchange for
goods, services and/or information.**

**Response**: Defendant objects to this Request to the extent that it that it is duplicative of Plaintiffs'

previous discovery demands to which Defendant has already responded, it requests information

not in Defendant's possession, custody or control, requests information to which Plaintiffs have

equal access or which can be more easily obtained from another source, is vague, unduly

burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, requests information regarding transactions that occurred outside of the contempt period of July 17, 2014-March 31, 2015, and seeks information beyond the scope of discovery as set forth in the Minute Entry and Order. Subject to and without waiving the foregoing or the General Objections, BNBM PLC has not conducted business in the United States since July 17, 2014.

**SUPPLEMENTAL INTERROGATORY NO. 5 (sic):**

4.      **If you answered "yes" to Supplemental Interrogatory No. 3, please describe with particularity the nature of such business activity.**

**Response**:  See response to Supplemental Interrogatory 3, above.

**SUPPLEMENTAL INTERROGATORY NO. 5:**

5.      **If you answered "yes" to Supplemental Interrogatory No. 3, please identify:**

**(a) The specific date(s) said business occurred, both the beginning date (i.e. the beginning date of negotiations and/or any sort of formation of an agreement memorializing the business activity) and the end date;**

**(b) Whether the business is ongoing or not;**

**(c) If the business activity has since been terminated or suspended, please state the reason therefor;**

**(d) All of the entities who were parties to said business, both directly and/or indirectly;**

**(e) The relationship of said party to you, if any;**

**(f) The specific amount of money (in U.S. Dollars) earned by you for such business activity and who those sums were paid by;**

6

(g) **The specific amount of money (in U.S. Dollars) paid by you for such business**

**activity and who the sums were paid to**

**Response**: See response to Supplemental Interrogatory 3, above.

Dated:  July 24, 2015

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

- and -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- and -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491

7

2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

- and -

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Material (Group) Co., Ltd. and Beijing New Building Materials Public Limited Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Responses and Objections to Interrogatories for Admission** has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this July 24, 2015.

/s/      *Michael H. Barr*

## **VERIFICATION**

    I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in these Objections and Responses to the Plaintiffs' Steering Committee's ("PSC") Expedited Supplemental Interrogatories, dated June 25, 2015 is true and correct to the best of my knowledge.


_____    _____YU  CHEN_____    _2015. 7. 24_____

Signature                  Print Name          Date