# EXHIBIT "D"



E-SERVICE
57614037
Jul 27 2015
05:13PM
File & ServeXpress

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### TAISHAN GYPSUM CO., LTD. AND TAI'AN TAISHAN PLASTERBOARD CO., LTD.'s OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S STEERING COMMITTEE'S SUPPLEMENTAL DOCUMENT REQUEST

Defendants Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. ("Taishan") object and respond to the Plaintiff's Steering Committee's ("PSC") Supplemental Document Request as follows:

### GENERAL OBJECTIONS

Taishan hereby sets forth its general objections to the PSC's Supplemental Document Request on the following basis, all of which are incorporated into Taishan's responses by this reference:

1. Each Document Request is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any statement if any Document Request were asked of, or any statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.  Taishan objects to all of the Document Requests to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges.

3.  Taishan objects to all of the Document Requests to the extent that they seek responses as to legal conclusions.

4.  Taishan objects to the Document Requests to the extent they seek discovery of proprietary and confidential information (including confidential research, development or commercial information).  To the extent Taishan agrees to produce any such information, said information will only be produced subject to a protective order.

5.  Taishan objects to all of the Document Requests to the extent that they are vague, uncertain, ambiguous, unintelligible, overbroad, unduly burdensome, oppressive, harassing, intrusive, seek information not relevant to the subject matter of this action, and/or seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

6.  Taishan objects to all of the Document Requests to the extent they seek information which is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.  Taishan objects to all of the Document Requests to the extent they are vague and ambiguous, in that the manner in which specific Document Requests are phrased creates confusion given the issues involved in the litigation.

8.  Taishan objects to all of the Document Requests to the extent that they purport to impose obligations on Taishan beyond those set forth in the Federal Rules of Civil Procedure, the

local rules of the United States District Court for the Eastern District of Louisiana, and any other applicable law, rules, and orders of court.

9. Taishan has not fully completed its investigation and discovery in this case. Accordingly, all of the responses contained herein are based upon only such information and documents which are presently available to and specifically known by Taishan, and discloses only the contentions which presently occur to it. Taishan anticipates that further discovery, investigation, legal research, and analysis will yield additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions which may lead to substantial additions to, and variations from, the contentions set forth herein.

10. Taishan provides the following responses without prejudice to its right to produce evidence of any subsequently discovered fact or facts which it may later recollect. Taishan reserves the right to change any and all responses contained herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to provide as much factual information and specification of legal contentions as is presently known by Taishan, and should not prejudice in any way Taishan in relation to further discovery, research or analysis.

11. Taishan objects to these Document Requests to the extent they seek or purports to seek information or documents: which are already in the custody of PSC; which are in the possession of other parties, third parties or in the public domain; or which are not in the Taishan's possession, custody or control. To the extent that the PSC seeks information that is more readily available from other sources or already in the possession of the PSC,

Taishan objects to these Document Requests as unduly burdensome.  Taishan also objects to these Document Requests to the extent they seek to impose upon Taishan the duty to obtain documents, things, or other information from any sources other than its own corporate records.  Such document requests are improper and exceed the scope of permissible discovery.

12. All of these General Objections are incorporated by reference into each and every Document Request response set forth below. Without waiving, and in addition to the foregoing, Taishan makes the following specific objections to the PSC's Document Request:

### SPECIFIC OBJECTIONS AND RESPONSES TO THE PLAINTIFF'S STEERING COMMITTEE'S SUPPLEMENTAL DOCUMENT REQUEST

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:**

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were nominated for the following entities, including each entity's predecessor entity appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE NO. 1:**

Taishan incorporates the General Objections above as though fully set forth herein. Taishan further objects to this Request as duplicative, vague, unduly burdensome, overly broad, seeking information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and requesting documents beyond the scope of discovery as set forth by this Court's Orders.  Subject to and without waiving the foregoing or the General Objections,

Taishan states that it has produced the following Bates-labeled, non-privileged documents, concerning Taishan's board of director meeting minutes reflecting the selection of members of Taishan's board of directors: TG 0020490; TG 0020491; TG 0020497; TG 0020500; TG 0020587; TG 0020601; TG 0020663; TG 0020675; TG 0020682; TG 0020715; TG 0020752; TG 0020760; TG 0020787; TG 0020789; TG 0020805; TG 0020934; TG 0021019; TG 0021104; TG 0021123; TG 0021134; TG 0025895; TG 0025905; TG 0025911; TG-040615-0028053; TG-040615- 0028078; TG-040615- 0028085; TG-040615- 0028087; TG-040615-0028096; TG-040615- 0028108; TG-040615- 0028112; TG-040615-0028156; TG-040615-0028168; TG-040615-0028170; TG-040615-0028171; TG-040615-0028273-8; TG-040615-0028300-2; TG-040615-0028314; TG-040615-0028418; TG-040615-0028419; TG-040615-0028448; TG-040615-0028515; TG-040615-0028526-8; TG-040615-0028530; TG-040615-0028564; TG-040615-0028670; TG-040615-0028687; TG-040615-0028689-92; TG-040615-0028698; TG-040615-0028706; TG-040615-0028737; and TG-040615-0028739.  Taishan will further produce non-privileged, board of director meeting minutes, if any exist that have not already been produced, which remain in its possession, custody or control.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 2:**

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were chosen for every entity, including each entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE NO. 2:**

Taishan incorporates the General Objections above as though fully set forth herein.  See Response to Request for Production No. 1.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 3:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby prospective members of the board of directors are nominated for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE NO. 3**:

Taishan incorporates the General Objections above as though fully set forth herein. Subject to and without waiving the foregoing objections, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd, and their subsidiaries have not done business of any kind in the United States in the stated timeframe.  Taishan objects to the Document Request to the extent it inquires whether "BNBM, BNBM Group, CNBM, CNBM Group, any other "Taishan Affiliate and Subsidiary," including all entities appearing on Exhibit 'A,'" have done business in the United States during the stated timeframe. Taishan can only respond for Taishan Gypsum Co., Ltd., Tai'an Taishan Plasterboard Co., Ltd., and their subsidiaries.  Taishan defers to the responses of the other Defendants for their descriptions of any business done in the United States during the stated timeframe by their companies and subsidiaries.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 4:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby nominated members of the board of directors are selected (either accepted or rejected) for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE NO. 4**:

Taishan incorporates the General Objections above as though fully set forth herein.  See Response to Request for Production No. 1.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:**

For the period July 17, 2014 through the present date, please produce any and all documents and/or communications related to the conduct of any business of any sort in the United States by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, and/or any other "Taishan Affiliate or Subsidiary," including all entities appearing on Exhibit "A," including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**RESPONSE NO. 5**:

Taishan incorporates the General Objections above as though fully set forth herein. No response required. See Response to Request for Production No. 3. ("Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., and their subsidiaries have not done business of any kind in the United States in the stated timeframe.")

Dated:  July 27, 2015

<div style="margin-left:50%;">

s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777

</div>

christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd.*
*and Tai'an Taishan Plasterboard Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, Plaintiffs' Lead Counsel, Arnold Levin, and Defendants' Liason Counsel, Kerry Miller through LexisNexis File & Serve and to Plaintiffs' Counsel through U.S. mail and e-mail as follows:

Arnold Levin, Esq.                          Russ M. Herman, Esq.
Levin, Fishbein, Sedran & Berman            Herman, Herman & Katz, LLC
510 Walnut St, Suite 500                    820 O'Keefe Avenue
Philadelphia, PA 19106                      New Orleans, LA 70113
ALevin@LFSBLaw.com                          rherman@hhklawfirm.com

This 27th day of July, 2015.

/s Christina Hull Eikhoff
Christina Hull Eikhoff
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan*



57621954
Jul 28 2015
11:32PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**DEFENDANT CNBM COMPANY'S RESPONSES TO
PSC'S SUPPLEMENTAL DOCUMENT REQUESTS**

Pursuant to Federal Rules of Procedure 26 and 34, Defendant China National Building

Materials Co., Ltd. ("CNBM Company") hereby sets forth its objections and responses to the the

PSC's "Expedited Supplemental Document Requests," dated June 25, 2015, in the *Chinese*

*Manufactured Drywall Products Liability Litigation* (the "Litigation").

CNBM Company's objections and responses are based upon information presently

available to CNBM Company.  CNBM Company reserves its right to amend, modify, or

supplement these responses during the course of additional investigation and discovery, as

permitted by the Federal Rules of Civil Procedure.

By responding to this Request, CNBM Company in no way intends to or does waive or

otherwise limit its ability to raise jurisdictional defenses, whether by this response or any other

act, filing, appearance, or contention, either before or after this Response, in this or any other

litigation.

## GENERAL RESPONSES AND OBJECTIONS

The following general objections apply to each and every request for production, and are in addition to any objections that are stated as to specific requests for production. The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that or any other response. An objection to a particular request does not indicate, expressly or impliedly, the existence of any information sought, the relevance or admissibility of any response, and/or the truth or accuracy of any statement or characterization contained in any particular request for production.

1.      CNBM Company objects to these requests for production to the extent they seek documents relating to any other entity or otherwise not within the custody, control or possession of CNBM Company. Accordingly, these responses are submitted with respect to CNBM Company only.

2.      CNBM Company objects to these requests for production to the extent that they seek documents protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Nothing contained in CNBM Company's responses to these requests for production is intended to be, or should be, considered as a waiver of any attorney-client privilege, the protection afforded by the work product doctrine, and/or any other applicable privilege or doctrine of immunity.

3.      CNBM Company objects to these requests for production to the extent they seek confidential, trade secret, and/or otherwise proprietary information of CNBM Company and/or its directors, officers, or employees. Such information will only be produced in a manner consistent with the Protective Order entered in the above-captioned action, or by other agreement of the parties through their counsel of record.

- 2 -

4.      CNBM Company objects to these requests for production to the extent they seek confidential, trade secret, and/or otherwise proprietary information of any third party.  Such information will only be produced in a manner consistent with the Protective Order entered in the above-captioned action after CNBM Company has requested, and received, the consent of the third party to produce the information.

5.      CNBM Company objects to these requests for production to the extent that they require CNBM Company to search for and produce documents the disclosure of which is prohibited by Chinese laws and/or regulations.

6.      CNBM Company objects to these requests for production to the extent that the undue burden of compliance substantially outweighs the probative value of any information sought thereby, and to the extent that Plaintiffs seek information that is neither relevant to the above-captioned action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.      CNBM Company objects to these requests for production to the extent that they would impose a duty to CNBM Company to undertake a search for information for which Plaintiffs are equally able to search and locate.

8.      CNBM Company objects to Plaintiffs' "Definitions" to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and/or Local Rules of the Eastern District of Louisiana.  CNBM Company will respond in accordance with its obligations under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

9.      CNBM Company objects to Plaintiffs' "Definitions" to the extent they attempt to ascribe meanings to words that are overbroad and/or different from their ordinary usage.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections, set forth above, are hereby incorporated by reference into each and every one of the following Specific Responses as if fully set forth therein.

### SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were nominated for the following entities, including each entity's predecessor entity appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

### RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:

CNBM Company objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "the following entities, including each entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Company will produce relevant, non-privileged contents of board of director meeting minutes in its possession, custody or control, discussing nominations to its board of directors, to the extent any exist that have not already been produced in this litigation. .

### SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 2:

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were chosen for every entity, including each entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 2:**

CNBM Company objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "the following entities, including each entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome. Subject to, and without waiving the foregoing objection or General Objections, CNBM Company will produce relevant, non-privileged contents of board of director meeting minutes in its possession, custody or control, discussing selections to its board of directors, to the extent any exist that have not already been produced in this litigation. .

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 3:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby prospective members of the board of directors are nominated for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 3:**

CNBM Company objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "every entity, including that entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome. Subject to, and without waiving the foregoing objection or General Objections, CNBM Company will produce non-privileged documents in its possession, custody or control, sufficient to demonstrate the procedures for nominating directors to its board, to the extent such documents have not already been produced in this litigation.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 4:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby nominated members of the board of directors are

selected (either accepted or rejected) for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 4:**

CNBM Company objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "every entity, including that entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Company will produce non-privileged documents in its possession, custody or control, sufficient to demonstrate the procedures for selecting directors to its board, to the extent such documents have not already been produced in this litigation.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:**

For the period July 17, 2014 through the present date, please produce any and all documents and/or communications related to the conduct of any business of any sort in the United States by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Company, and/or any other "Taishan Affiliate or Subsidiary," including all entities appearing on Exhibit "A," including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:**

CNBM Company objects to this request as overboard (including the purportedly relevant time period and the terms "all entities appearing" on the PSC's Exhibit A and "Taishan Affiliate or Subsidiary"), vague and ambiguous with respect to the term "any business of any sort" and unduly burdensome.  Subject to, and without waiving the foregoing objections or General Objections, to its knowledge, CNBM Company has no responsive documents in its possession

relating to sales, purchases, or negotiations to sell or purchase goods or services of any kind in

the United States by CNBM Company during the contempt period.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
Ian Fein (CA Bar No. 281394)
Jason Cabot (CA Bar No. 288877)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax:  415-773-5759
E-mail:cvejnoska@orrick.com
         ijohnson@orrick.com
         adavidson@orrick.com
         jmwu@orrick.com
         ifein@orrick.com
         jcabot@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Nina Wessel English (LA Bar No. 29176)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MCCOLLAM,
DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
E-mail: eeagan@gordonarata.com
         dcurrault@gordonarata.com
         nenglish@gordonarata.com
         arothenberg@gordonarata.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Fax:  212-506-5151
Email: jstengel@orrick.com
         xiangwang@orrick.com
         kdaley@orrick.com

Jonathan Riddell (LA Bar No. 27053)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
Tel: 916-447-9200
Email: jriddell@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Email: eshumsky@orrick.com

*Attorneys for CNBM Company*

Dated : July 28, 2015

E-SERVICE
57621954
Jul 28 2015
11:32PM
File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**DEFENDANT CNBM GROUP'S RESPONSES TO
PSC'S SUPPLEMENTAL DOCUMENT REQUESTS**

Pursuant to Federal Rules of Procedure 26 and 34, Defendant China National Building

Materials Group Corporation ("CNBM Group") hereby sets forth its objections and responses to

the the PSC's "Expedited Supplemental Document Requests," dated June 25, 2015, in the

*Chinese Manufactured Drywall Products Liability Litigation* (the "Litigation").

CNBM Group's objections and responses are based upon information presently available

to CNBM Group.  CNBM Group reserves its right to amend, modify, or supplement these

responses during the course of additional investigation and discovery, as permitted by the

Federal Rules of Civil Procedure.

By responding to this Request, CNBM Group in no way intends to or does waive or

otherwise limit its ability to raise jurisdictional defenses, whether by this response or any other

act, filing, appearance, or contention, either before or after this Response, in this or any other

litigation.

## GENERAL RESPONSES AND OBJECTIONS

The following general objections apply to each and every request for production, and are in addition to any objections that are stated as to specific requests for production. The failure to repeat any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that or any other response. An objection to a particular request does not indicate, expressly or impliedly, the existence of any information sought, the relevance or admissibility of any response, and/or the truth or accuracy of any statement or characterization contained in any particular request for production.

1.      CNBM Group objects to these requests for production to the extent they seek documents relating to any other entity or otherwise not within the custody, control or possession of CNBM Group. Accordingly, these responses are submitted with respect to CNBM Group only.

2.      CNBM Group objects to these requests for production to the extent that they seek documents protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Nothing contained in CNBM Group's responses to these requests for production is intended to be, or should be, considered as a waiver of any attorney-client privilege, the protection afforded by the work product doctrine, and/or any other applicable privilege or doctrine of immunity.

3.      CNBM Group objects to these requests for production to the extent they seek confidential, trade secret, and/or otherwise proprietary information of CNBM Group and/or its directors, officers, or employees. Such information will only be produced in a manner consistent with the Protective Order entered in the above-captioned action, or by other agreement of the parties through their counsel of record.

4.      CNBM Group objects to these requests for production to the extent they seek confidential, trade secret, and/or otherwise proprietary information of any third party.  Such information will only be produced in a manner consistent with the Protective Order entered in the above-captioned action after CNBM Group has requested, and received, the consent of the third party to produce the information.

5.      CNBM Group objects to these requests for production to the extent that they require CNBM Group to search for and produce documents the disclosure of which is prohibited by Chinese laws and/or regulations.

6.      CNBM Group objects to these requests for production to the extent that the undue burden of compliance substantially outweighs the probative value of any information sought thereby, and to the extent that Plaintiffs seek information that is neither relevant to the above-captioned action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.      CNBM Group objects to these requests for production to the extent that they would impose a duty to CNBM Group to undertake a search for information for which Plaintiffs are equally able to search and locate.

8.      CNBM Group objects to Plaintiffs' "Definitions" to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and/or Local Rules of the Eastern District of Louisiana.  CNBM Group will respond in accordance with its obligations under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.

9.      CNBM Group objects to Plaintiffs' "Definitions" to the extent they attempt to ascribe meanings to words that are overbroad and/or different from their ordinary usage.

- 3 -

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections, set forth above, are hereby incorporated by reference into each and every one of the following Specific Responses as if fully set forth therein.

### SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were nominated for the following entities, including each entity's predecessor entity appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

### RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 1:

CNBM Group objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "the following entities, including each entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Group will produce relevant, non-privileged contents of board of director meeting minutes in its possession, custody or control, discussing nominations to its board of directors, to the extent any exist that have not already been produced in this litigation. .

### SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 2:

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were chosen for every entity, including each entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 2:**

CNBM Group objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "the following entities, including each entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Group will produce relevant, non-privileged contents of board of director meeting minutes in its possession, custody or control, discussing selections to its board of directors, to the extent any exist that have not already been produced in this litigation. .

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 3:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby prospective members of the board of directors are nominated for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 3:**

CNBM Group objects to this request as vague, ambiguous, overbroad (including but not limited to with respect to "every entity, including that entity's predecessor entity" appearing on the PSC's Exhibit A) and unduly burdensome.  Subject to, and without waiving the foregoing objection or General Objections, CNBM Group will produce non-privileged documents in its possession, custody or control, sufficient to demonstrate the procedures for nominating directors to its board, to the extent such documents have not already been produced in this litigation.

**SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 4:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby nominated members of the board of directors are

selected (either accepted or rejected) for every entity, including that entity's predecessor entity,

appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

### RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 4:

CNBM Group objects to this request as vague, ambiguous, overbroad (including but not

limited to with respect to "every entity, including that entity's predecessor entity" appearing on

the PSC's Exhibit A) and unduly burdensome.  Subject to, and without waiving the foregoing

objection or General Objections, CNBM Group will produce non-privileged documents in its

possession, custody or control, sufficient to demonstrate the procedures for selecting directors to

its board, to the extent such documents have not already been produced in this litigation.

### SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:

For the period July 17, 2014 through the present date, please produce any and all

documents and/or communications related to the conduct of any business of any sort in the

United States by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, and/or any other

"Taishan Affiliate or Subsidiary," including all entities appearing on Exhibit "A," including but

not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods,

things, items, and/or services of any kind, and/or any other activity whereby something of value

was provided in exchange for goods, services and/or information.

### RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION NO. 5:

CNBM Group objects to this request as overboard (including the purportedly relevant

time period and the terms "all entities appearing" on the PSC's Exhibit A and "Taishan Affiliate

or Subsidiary"), vague and ambiguous with respect to the term "any business of any sort" and

unduly burdensome.  Subject to, and without waiving the foregoing objections or General

Objections, to its knowledge, CNBM Group has no responsive documents in its possession

relating to sales, purchases, or negotiations to sell or purchase goods or services of any kind in the United States by CNBM Group during the contempt period.

/s/ L. Christopher Vejnoska
L. Christopher Vejnoska (CA Bar No. 96082)

L. Christopher Vejnoska (CA Bar No. 96082)
Ian Johnson (CA Bar No. 208713)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
Ian Fein (CA Bar No. 281394)
Jason Cabot (CA Bar No. 288877)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax:  415-773-5759
E-mail: cvejnoska@orrick.com
        ijohnson@orrick.com
        adavidson@orrick.com
        jmwu@orrick.com
        ifein@orrick.com
        jcabot@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Nina Wessel English (LA Bar No. 29176)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
E-mail: eeagan@gordonarata.com
        dcurrault@gordonarata.com
        nenglish@gordonarata.com
        arothenberg@gordonarata.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Fax:  212-506-5151
Email: jstengel@orrick.com
        xiangwang@orrick.com
        kdaley@orrick.com

Jonathan Riddell (LA Bar No. 27053)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
Tel: 916-447-9200
Email: jriddell@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Email: eshumsky@orrick.com

*Attorneys for CNBM Group*

Dated : July 28, 2015

E-SERVICE

57606452
Jul 24 2015
03:42PM

File & ServeXpress

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2047  SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | ) ) ) ) ) ) | JUDGE FALLON  MAG. JUDGE WILKINSON |

**DEFENDANT BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL DOCUMENT REQUEST**

Defendant Beijing New Building Materials Public Limited Company ("BNBM PLC" or "Defendant"), by its attorneys, Dentons US LLP, makes the following objections and responses to Plaintiffs' Steering Committee's ("Plaintiffs") requests for the production of documents (the "Requests") set forth in their June 25, 2015 Expedited Supplemental Document Request Pursuant to the Court's March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493] (the "Minute Entry and Orders") Directed to BNBM and BNBM Group:

**ASSERTION OF PERSONAL JURISDICTION DEFENSE**

On March 4, 2015, BNBM PLC formally appeared in the above-captioned actions, through Notices of Appearance that specifically raised and preserved defenses relating to, inter alia, lack of personal jurisdiction. As BNBM PLC has done with each prior submission, it raises the issue of personal jurisdiction at the outset of this Responses and Objections to the PSC's Expedited Supplemental Document Request Pursuant to the Court's March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493] Directed to BNBM and BNBM Group, both to preserve BNBM PLC's legal rights to assert this fundamental defense, and also because absence of personal jurisdiction vitiates the need for the broad-scale discovery Plaintiffs are seeking.

## **GENERAL OBJECTIONS**

These General Objections apply to each of Plaintiffs' Requests, and are deemed incorporated into each of Defendant's Responses set forth below.  The assertion of the same, similar, or additional objections in response to specific Requests does not waive any of Defendant's General Objections as set forth below:

1.      Defendant objects to each Request to the extent it seeks discovery of documents or information protected by the attorney-client privilege or which otherwise constitute attorney or party work product or material prepared in anticipation of litigation.  The inadvertent disclosure of any privileged information shall not constitute a waiver of any privilege or any other ground for the objection to discovery at any time.

2.      Defendant objects to each Request to the extent it seeks to impose obligations that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, the Minute Entry and Orders, or any court order that may be entered that governs discovery.

3.      Defendant objects to each Request to the extent that it requires Defendant to search for and produce documents, the disclosure of which is prohibited by Chinese privacy laws and/or regulations.

4.      Defendant objects to each Request to the extent that it is vague, unduly burdensome, overly broad, repetitive, harassing in nature, or directed to any information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

5.      Defendant objects to each Request to the extent it seeks documents or information not within Defendant's possession, custody or control.

- 2 -

6.      Defendant objects to each Request to the extent it seeks documents or information to which Plaintiffs have equal access or which can be more easily obtained from another source.

7.      Defendant objects to each Request to the extent that it seeks documents or information not included in Plaintiffs' original request for production set out in Schedule A of the Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18493] dated March, 19, 2015 because the additional requests represent an extraordinary departure from those original requests, imposing undue burdens on Defendant and frustrating Defendant's considerable efforts at compliance.

8.      Defendant objects to each Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, and to the extent that the requested information has already been the subject of extensive inquiry at the deposition of Defendant's 30(b)(6) witness.

9.      Defendant reserves the right to challenge the relevance or materiality of its responses to the Requests in any subsequent proceeding or trial of this or any other action.

10.     With respect to any documents that Defendant may produce in response to the Requests, Defendant does not waive, and specifically preserves, its right to object to the authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

11.     The response to any Request is not and shall not be construed to be an acceptance of, or concession to, any characterization made in any Request, including but not limited to any characterizations that Taishan and/or any Taishan Affiliates and Subsidiaries, on the one hand, and BNBM PLC, on the other hand, are mere alter egos of one another under any applicable law.

12.     Defendant objects to the definition of "You" and "your" set forth in the Requests to the extent the definition requests that BNBM PLC search for documents on behalf of entities or individuals not within its control, and as overly broad and exceeds the scope of discovery set forth in the Minute Entry and Orders.  BNBM PLC will produce documents in the possession of BNBM PLC.

13.     Defendant objects to the definition of "Other Entity" set forth in Plaintiffs' requests and Plaintiffs' Exhibit "A" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of discovery set forth in the Minute Entry and Orders.  In the requests themselves, Plaintiffs use the term "Taishan Affiliate or Subsidiary," not the defined term "Other Entity."  Defendant likewise objects to Plaintiffs' use of "Taishan Affiliate or Subsidiary" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of discovery set forth in the Minute Entry and Orders.

14.     Defendant objects to each request to the extent it seeks the disclosure of trade secret or proprietary, financial or commercially competitive information.

15.     Defendants object because Plaintiffs' Requests do not comply with Rule 34 of the Federal Rules of Civil Procedure.

16.     Defendant reserves the right to amend and/or supplement its objections and responses as new or additional documents are discovered and/or become available.

<u>**RESPONSES TO REQUESTS**</u>

<u>**Request No. 1:**</u>

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during

which any and all previous, current and/or prospective members of the board of directors were nominated for the following entities, including each entity's predecessor entity appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**     Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged board of director meeting minutes, if any exist that have not already been produced, in its possession, custody or control, discussing nominations to its board of directors.

**Request No. 2:**

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were chosen for every entity, including each entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**     Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal

access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged board of director meeting minutes, if any exist that have not already been produced, in its possession, custody or control, discussing the selection of members of its board of directors.

**Request No. 3:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby prospective members of the board of directors are nominated for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**       Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged documents, if any exist that have not already been produced, in its possession, custody or control concerning procedures for nominating members of Defendant's board of directors.

**Request No. 4:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby nominated members of the board of directors are selected (either accepted or rejected) for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**     Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged documents, if any exist that have not already been produced, in its possession, custody or control concerning procedures for the selection of members of Defendant's board of directors.

**Request No. 5:**

For the period July 17, 2014 through the present date, please produce any and all documents and/or communications related to the conduct of any business of any sort in the United States by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, and/or any other "Taishan Affiliate or Subsidiary," including all entities appearing on Exhibit "A," including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods, things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**Response:**      Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, requests documents regarding transactions that occurred outside of the contempt period of July 17, 2014-March 31, 2015 (the "Contempt Period"), and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders. Subject to and without waiving the foregoing or the General Objections, inquiry to date has uncovered no documents in BNBM PLC's possession, custody or control responsive to this Request because BNBM PLC has not conducted business in the United States since July 17, 2014.

Dated: July 24, 2015

                                        **DENTONS US LLP**


                                        By: */s/ Michael H. Barr*
                                        Michael H. Barr
                                        New York Bar No. 1744242
                                        Justin N. Kattan
                                        New York Bar No. 3983905
                                        1221 Avenue of the Americas
                                        New York, NY 10020-1089
                                        Telephone:  (212) 768-6700
                                        Facsimile:  (212) 768-6800
                                        michael.barr@dentons.com
                                        justin.kattan@dentons.com

                                            - AND -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

**- AND -**

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

*Attorneys for Beijing New Building Materials Public Limited Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and forgoing Defendant Beijing New Building Materials Public Limited Company's Responses and Objections to Plaintiffs' Steering Committees Requests For Production of Documents has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order Nos. 1 and 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of July, 2015.

*/s/     Michael H. Barr*

E-SERVICE
57606452
Jul 24 2015
03:42PM
File & ServeXpress

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT APPLIES TO ALL CASES | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

**DEFENDANT BEIJING NEW BUILDING MATERIAL (GROUP) CO., LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' STEERING COMMITTEE'S EXPEDITED SUPPLEMENTAL DOCUMENT REQUEST**

Defendant Beijing New Building Material (Group) Co., Ltd. ("BNBM Group" or "Defendant"), by its attorneys, Dentons US LLP, makes the following objections and responses to Plaintiffs' Steering Committee's ("Plaintiffs") requests for the production of documents (the "Requests") set forth in their June 25, 2015 Expedited Supplemental Document Request Pursuant to the Court's March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493] (the "Minute Entry and Orders") Directed to BNBM and BNBM Group:

**ASSERTION OF PERSONAL JURISDICTION DEFENSE**

On March 4, 2015, BNBM Group formally appeared in the above-captioned actions, through Notices of Appearance that specifically raised and preserved defenses relating to, inter alia, lack of personal jurisdiction.  As BNBM Group has done with each prior submission, it raises the issue of personal jurisdiction at the outset of this Responses and Objections to the PSC's Expedited Supplemental Document Request Pursuant to the Court's March 17, 2015 Minute Entry and Orders [Rec. Doc. 18493] Directed to BNBM and BNBM Group, both to preserve BNBM Group's legal rights to assert this fundamental defense, and also because

absence of personal jurisdiction vitiates the need for the broad-scale discovery Plaintiffs are seeking.

## **GENERAL OBJECTIONS**

These General Objections apply to each of Plaintiffs' Requests, and are deemed incorporated into each of Defendant's Responses set forth below. The assertion of the same, similar, or additional objections in response to specific Requests does not waive any of Defendant's General Objections as set forth below:

1.       Defendant objects to each Request to the extent it seeks discovery of documents or information protected by the attorney-client privilege or which otherwise constitute attorney or party work product or material prepared in anticipation of litigation. The inadvertent disclosure of any privileged information shall not constitute a waiver of any privilege or any other ground for the objection to discovery at any time.

2.       Defendant objects to each Request to the extent it seeks to impose obligations that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Louisiana, the Minute Entry and Orders, or any court order that may be entered that governs discovery.

3.       Defendant objects to each Request to the extent that it requires Defendant to search for and produce documents, the disclosure of which is prohibited by Chinese privacy laws and/or regulations.

4.       Defendant objects to each Request to the extent that it is vague, unduly burdensome, overly broad, repetitive, harassing in nature, or directed to any information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence.

- 2 -

5.     Defendant objects to each Request to the extent it seeks documents or information not within Defendant's possession, custody or control.

6.     Defendant objects to each Request to the extent it seeks documents or information to which Plaintiffs have equal access or which can be more easily obtained from another source.

7.     Defendant objects to each Request to the extent that it seeks documents or information not included in Plaintiffs' original request for production set out in Schedule A of the Notice of Expedited Oral and Videotaped Deposition Pursuant to the Court's Directive During the March 17, 2015 Special Hearing and Minute Entry and Order [Rec. Doc. 18493] dated March, 19, 2015 because the additional requests represent an extraordinary departure from those original requests, imposing undue burdens on Defendant and frustrating Defendant's considerable efforts at compliance.

8.     Defendant objects to each Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, and to the extent that the requested information has already been the subject of extensive inquiry at the deposition of Defendant's 30(b)(6) witness.

9.     Defendant reserves the right to challenge the relevance or materiality of its responses to the Requests in any subsequent proceeding or trial of this or any other action.

10.     With respect to any documents that Defendant may produce in response to the Requests, Defendant does not waive, and specifically preserves, its right to object to the authenticity and/or the admissibility of any such documents in any subsequent proceeding, including the trial of this or any other action.

11.     The response to any Request is not and shall not be construed to be an acceptance of, or concession to, any characterization made in any Request, including but not limited to any

- 3 -

characterizations that Taishan and/or any Taishan Affiliates and Subsidiaries, on the one hand, and BNBM Group, on the other hand, are mere alter egos of one another under any applicable law.

12.     Defendant objects to the definition of "You" and "your" set forth in the Requests to the extent the definition requests that BNBM Group search for documents on behalf of entities or individuals not within its control, and as overly broad and exceeds the scope of discovery set forth in the Minute Entry and Orders.  BNBM Group will produce documents in the possession of BNBM Group.

13.     Defendant objects to the definition of "Other Entity" set forth in Plaintiffs' requests and Plaintiffs' Exhibit "A" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of discovery set forth in the Minute Entry and Orders.  In the requests themselves, Plaintiffs use the term "Taishan Affiliate or Subsidiary," not the defined term "Other Entity."  Defendant likewise objects to Plaintiffs' use of "Taishan Affiliate or Subsidiary" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and exceeding the scope of discovery set forth in the Minute Entry and Orders.

14.     Defendant objects to each request to the extent it seeks the disclosure of trade secret or proprietary, financial or commercially competitive information.

15.     Defendants object because Plaintiffs' Requests do not comply with Rule 34 of the Federal Rules of Civil Procedure.

16.     Defendant reserves the right to amend and/or supplement its objections and responses as new or additional documents are discovered and/or become available.

- 4 -

## RESPONSES TO REQUESTS

**Request No. 1:**

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were nominated for the following entities, including each entity's predecessor entity appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**     Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged board of director meeting minutes, if any exist that have not already been produced, in its possession, custody or control, discussing nominations to its board of directors.

**Request No. 2:**

For the period January 1, 2005 through the present date, please produce any and all meeting minutes for the meetings of the board of directors for each and every meeting during which any and all previous, current and/or prospective members of the board of directors were chosen for every entity, including each entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**     Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.   Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged board of director meeting minutes, if any exist that have not already been produced, in its possession, custody or control, discussing the selection of members of its board of directors.

**Request No. 3:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby prospective members of the board of directors are nominated for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**     Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.   Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged documents, if any exist that have not

already been produced, in its possession, custody or control concerning procedures for nominating members of Defendant's board of directors.

**Request No. 4:**

For the period January 1, 2005 through the present date, please produce any and all documents reflecting the mechanism whereby nominated members of the board of directors are selected (either accepted or rejected) for every entity, including that entity's predecessor entity, appearing on the "Shareholding Structure of the Group" chart, attached hereto as Exhibit "A."

**Response:**      Defendant objects to this Request to the extent that it is duplicative of Plaintiffs' previous demands to which Defendant has already responded, it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders. Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged documents, if any exist that have not already been produced, in its possession, custody or control concerning procedures for the selection of members of Defendant's board of directors.

**Request No. 5:**

For the period July 17, 2014 through the present date, please produce any and all documents and/or communications related to the conduct of any business of any sort in the United States by Taishan, TTP, BNBM, BNBM Group, CNBM, CNBM Group, and/or any other "Taishan Affiliate or Subsidiary," including all entities appearing on Exhibit "A," including but not limited to sale of, purchase of and/or negotiation(s) for the sale and/or purchase of goods,

things, items, and/or services of any kind, and/or any other activity whereby something of value was provided in exchange for goods, services and/or information.

**Response:**     Defendant objects to this Request to the extent that it requests documents not in Defendant's possession, custody or control, requests documents to which Plaintiffs have equal access or which can be more easily obtained from another source, is vague, unduly burdensome, overly broad, directed to information which is not reasonably calculated to lead to the discovery of admissible or relevant evidence, requests documents regarding transactions that occurred outside of the contempt period of July 17, 2014-March 31, 2015, and seeks documents beyond the scope of discovery as set forth in the Minute Entry and Orders.  Subject to and without waiving the foregoing or the General Objections, Defendant will produce non-privileged documents, if any exist that have not already been produced, in its possession, custody or control that are responsive to this Request.

Dated: July 24, 2015

**DENTONS US LLP**

By: */s/ Michael H. Barr*
Michael H. Barr
New York Bar No. 1744242
Justin N. Kattan
New York Bar No. 3983905
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
michael.barr@dentons.com
justin.kattan@dentons.com

- AND -

- 8 -

Richard L. Fenton
Illinois Bar No. 3121699
Leah R. Bruno
Illinois Bar No. 6269469
233 South Wacker Drive
Suite 7800
Chicago, IL  60606-6306
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934
richard.fenton@dentons.com
leah.bruno@dentons.com

- AND -

C. Michael Moore
Texas Bar No. 14323600
Gene R. Besen
Texas Bar No. 24045491
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone:  (214) 259-0900
Facsimile:  (214) 259-0910
mike.moore@dentons.com
gene.besen@dentons.com

**- AND -**

**PHELPS DUNBAR LLP**

Harry Rosenberg
Louisiana Bar No. 11465
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130
harry.rosenberg@phelps.com

***Attorneys for Beijing New Building Material (Group) Co., Ltd.***

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and forgoing Defendant Beijing New Building Material (Group) Co. Ltd.'s Responses and Objections to Plaintiffs' Steering Committees Requests For Production of Documents has been served on Plaintiffs' Liaison Counsel, Leonard Davis, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order Nos. 1 and 6, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 24th day of July, 2015.

*/s/      Michael H. Barr*