UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,*<br>Case No. 2:09-cv-6687 (E.D. La.) | |

**SUPPLEMENT TO TAISHAN'S RESPONSE IN OPPOSITION TO PSC'S SUBSTITUTED MOTION TO ENFORCE THE COURT'S JULY 17, 2014 CONTEMPT ORDER AND INJUNCTION**

The PSC is out of constitutional control. On Monday of this week, Taishan filed its opposition to the PSC's motion to enforce the July 17, 2014 Contempt Order. Taishan provided to the Court controlling constitutional law cases from the Supreme Court and Fifth Circuit which hold that the PSC cannot investigate and prosecute the Contempt Order's profit penalty, which is a criminal contempt sanction. (Rec. Doc. 20655). **Within 24 hours**, the PSC made two separate filings conceding that (a) the contempt sanction is criminal in nature, but (b) they nonetheless intend to continue to pursue their unlawful prosecution. The Court must deny the PSC's motion to enforce contempt. *Crowe v. Smith,* 151 F.3d 217, 228 (5th Cir. 1998); *see also Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 790 (1987); *In re Davidson*, 908 F.2d 1249, 1251 (5th Cir. 1990) (rejecting "harmless error" analysis for "a *Young* violation").

*First*, in filing their Motion to Compel on Tuesday, the PSC doubled-down on the very unlawful activity described at length in the defendants' opposition papers filed just the day before. (Rec. Doc. 20661, attached hereto as Exhibit A). The PSC's dual role of avenging prosecutor and advocate for Taishan's litigation adversaries "creates an appearance of impropriety that diminishes

faith in the fairness of the criminal justice system in general," *Young*, 481 U.S. at 811 (Brennan, J., concurring), yet the PSC now demands an expansion to the scope of their prosecutorial role. Untethered to the U.S. Constitution, the PSC brazenly acknowledges that the sole purpose for the demanded "discovery" is criminal contempt enforcement:

- "The PSC has served several discovery requests on these defendants for production of documents and information pertinent to any and all business conducted by the Taishan Defendants and its Affiliates within the scope of the Court's July 17, 2014 Contempt Order and Injunctio*n*." (*Id.* at 2)

- "It is respectfully submitted that responses from these Defendants is necessary to fully determine the scope of the Taishan Affiliates' and Subsidiaries' violations of this Court's Contempt Order." (*Id.* at 7)

- "The PSC seeks this discovery to assist in determining the amount each entity may be responsible for as a result of the Court's Contempt Order of July 17, 2014." (*Id.*)

Like Captain Ahab on a fanatical mission, the PSC wants to zealously extend their multi-million dollar international year-long prosecution efforts to date, all in pursuit of an unconstitutional purpose. (*See* Rec. Doc. 19531 at 60 (describing PSC investment of "millions and millions of dollars" on its international contempt investigation as of August 2015)).

*Second*, on the very same day of Taishan's contempt opposition filing, the PSC conceded the criminal nature of the contempt that they are illegally prosecuting. In its papers opposing decertification, the PSC describes its clients' interest in pursuing contempt violations as "an interest in requiring the defendants to conduct its defense in this case in a manner that *does not run afoul of the **criminal laws***." (Rec. Doc. 20652-2, attached hereto as Exhibit B, at 12 n.7 (emphasis added)). Shamelessly, the PSC contends that this "interest" poses no conflict with also seeking recovery of civil damages for the class. (*Id.*)

But the PSC's embrace of its dual role as civil class advocate and criminal justice enforcer is precisely the conflict that the Supreme Court and the Fifth Circuit prohibit in the criminal contempt context. The Supreme Court has outlined multiple prohibitive "temptations" presented

2

by such dualities, including the temptation "to bring tenuously supported prosecution if such a course promises financial or legal rewards for the private client," and the "temptation to use the criminal investigation to gather information of use in those suits, and [for] bargaining leverage." *Young*, 481 U.S. at 805-806. And the Fifth Circuit has barred this as "an inherent conflict of interest":

> [A]n attorney who represents a party to the underlying litigation, for whose benefit the order allegedly violated was entered, ***may not*** . . . prosecut[e] a criminal contempt for that violation because he likely cannot disinterestedly "pursue the public interest in vindication of the court's authority." [citing *Young*] Prosecution of criminal contempt by the attorney for such a party constitutes ***an inherent conflict of interest***.

*In re Hipp, Inc.*, 895 F.2d 1503, 1508 (5th Cir. 1990) (emphasis added).

## CONCLUSION

The PSC's unconstitutional investigation and prosecution of contempt must be shut down, not expanded. The Motion to Enforce Contempt should be denied as a violation of due process, and the PSC's Motion to Compel should be denied as moot.[1]

Dated: February 16, 2017

Respectfully submitted,

/s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817

---

[1] Taishan requests that this Court refrain from setting a briefing schedule or hearing date on the PSC's Motion to Compel pending adjudication of the unconstitutionality of the PSC's prosecution efforts presented by the existing briefing schedule and hearing date for the PSC's motion to enforce.

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 16th day of February, 2017.

/s/Christina Hull Eikhoff
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan*