**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**REPLY IN FURTHER SUPPORT OF
TAISHAN'S MOTION FOR PLAN
TO SATISFY TRANSLATION ORDER**

Taishan has presented this Court with a fair and reasonable alternative plan to satisfy the January 8, 2016 Discovery FOFCOL.  (Taishan's Plan, Rec. Doc. 20643.)  Since the Court entered the Order, it has become clear that requiring Taishan to spend millions of additional dollars to manually translate hundreds of thousands of pages of irrelevant documents that the PSC has already received, vetted, and used for its own purposes would not satisfy the "just and fair" objective that this Court expressly sought to achieve.  (Discovery FOFCOL, Rec. Doc. 19959 at ¶ 64; *see also Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982) ("An award of sanctions under Rule 37(b)(2)(A) must be both 'just' and 'fair', meaning that the conduct is sanctionable and that the sanction is appropriate to the wrong.").)

The Court should adopt Taishan's plan and reject the PSC's punitive "Alternative Suggestion."  (Rec. Doc. 20651.)  The PSC does not dispute that the Peng production is huge in volume and largely substantively irrelevant.  Nor does the PSC dispute that it has no need for manual translations of the Peng documents to move forward with other issues in the case.  The PSC concedes that it processed, reviewed, vetted, and translated the relevant Peng documents in

the same manner that it handled all of the other Chinese documents received from Taishan and other defendants in this case.  The crux of the PSC's response is that Taishan is a bad actor, and must be punished even more than the Court has already ordered.  But the PSC's desire to punish for punishment's sake is neither just nor fair, and the Court should reject it.

I.      **The PSC's Alternative Suggestion Actually Expands This Court's Sanction**

Taishan's sensible proposal ensures that the PSC receives additional manual translations of the relevant documents.  The PSC's "alternative suggestion" is anything but sensible.  Instead of *reducing* in any way what we now know to be an onerous and futile manual translation obligation, the PSC seeks to *increase* the burden.  Step 1 of the PSC's plan is for Taishan to do exactly what it was ordered it to do on January 8, 2016.  (PSC's Alternative Suggestion, Rec. Doc. 20651 at 11 ("Taishan should produce ALL Peng documents and full translations *as originally ordered* . . . .").)

But the PSC's plan does *not* stop at the original Order; it goes on to impose *new obligations* that the Court never issued.  Step 2 of the PSC's plan would require Taishan to conduct a three-tier relevance-classification process, and then Step 3 would require Taishan to produce documents in two of those tiers to the PSC.  (*Id.* at 12.)  Step 4 would require the Court to appoint a special master "at Taishan's expense" to conduct yet another review of hundreds of thousands of pages of documents "to confirm their status."  The PSC's response misses the point entirely:  if Taishan could feasibly complete Step 1, then it wouldn't have petitioned for an alternative plan.  And if it could reasonably satisfy the PSC's "Step 1" (which is all that the Court required), then Steps 2, 3 and 4 would be unnecessary.

II.     **The PSC's Justification For Its Alternative Suggestion Is Flawed and Unhelpful**

The PSC's "alternative suggestion" brief responds to neither Taishan's reasonable plan,

nor the sound reasons therefor.  It is a screed—culminating in a bolded and all-capitalized quote from Sir Walter Scott—generally employing inflammatory rhetoric at the expense of practical reality.  The PSC's plan should be rejected for several reasons.

*First*, the PSC disregards that the Court already adjudicated the underlying discovery conduct that gave rise to this Court's January 8, 2016 Discovery FOFCOL.  The PSC is doing the same thing they did in the written and oral argument leading up to the Court's ruling, which is to seek to expand the scope of the issue, reaching back years and years to express cumulative outrage about Taishan.  More than half of the PSC's brief is a timeline that starts in 2009.  (*See id.* at 2-8.)  The PSC also relives depositions from 2012 (*id.* at 2) and Taishan's failure to appear at the *Germano* judgment debtor exam in 2014 (*id.* at 8).  But the Court already rejected such attempted expansions, ruling that the extent of the PSC's harm was an 8-month delay from March to October 2015.[1]  (*See* Discovery FOFCOL at ¶ 61.)  That timeframe is a "fence" around the discovery issue at hand, despite the PSC's broad and unhelpful denigration of Taishan as a litigation adversary.

*Second*, the PSC's brief perpetuates the myth that the PSC has not already received and used the Peng documents.  The PSC discounts the entire Peng production as "basically illegible" and "mostly unintelligible."  (*Id.* at 7, 9.)  But the Peng documents were just as legible and intelligible as ***all of the other documents produced by defendants in this case*** since Taishan's return in February 2015.  This Court set the production protocol for Chinese language documents on May 7, 2015, and virtually all of the documents produced by Taishan, BNBM and CNBM were produced with machine-translations, not manual translations.  (Rec. Doc. 18911.)  That is why the

---

[1] Reasoning that "[a]ny sanctions need have some relationship to the claim at issue," this Court ordered Taishan to "pay $40,000 as a discovery penalty, which is equivalent to $5,000 per month for the eight-month delay attributable to Taishan in keeping the whereabouts of Mr. Peng concealed and in failing to produce Mr. Peng's ESI documents in a timely manner."  (*Id.* at 18, 19.)  The Court further ordered that "Taishan pay all litigation costs and fees to the PSC that are related to the discovery delay by Taishan from March 19, 2015 through Mr. Peng's deposition" (November 12, 2015).  (*Id.* at 18.)

extensive (and effective) review and translation process that the PSC describes in its brief was in place from April 15, 2015—months before the Peng documents were discovered and produced in October 2015.  (PSC Alternative Suggestion at 10.)  The PSC's many court submissions with Chinese-language documents, including Peng documents, show that the PSC has not been paralyzed by the lack of manual translations of produced documents.

The PSC does not need the Peng documents translated for them. Their interest now—as evidenced by their rhetoric—is purely punitive.  Taishan's plan expressly proposed to manually translate the rest of the relevant documents, and to consider any additional specific documents identified by the PSC.  By ignoring that suggestion in favor of an expanded burden, the PSC shows that its true aim has nothing to do with utility, fairness or justice.

*Finally*, the PSC ignores the reality of the hardship that the manual translation component would place on Taishan.  Taishan showed that it has incurred the actual cost of **$1,175,244** for 13 contractors to manually translate documents that were responsive to the priority search-term list that the PSC created. (Taishan's Plan, Rec. Doc. 20643-1 at 5.)  Taishan's counsel also represented that quotes received from translation vendors ranged from **$2.1 million** for translation in China, to **$11.5 million** for translation in the U.S.  (*Id.*)  The PSC imagines away this real hardship, speculating that "the Chinese Defendant law firms have thousands and thousands of interpreters at their disposal" and that Taishan (a manufacturing company in the Shandong province with no legal department and no speakers of conversational English) "should [] have provided its own lawyers with actual translations."  (PSC Alternative Suggestion at 11.)  Despite the PSC's protestation that "it is difficult to accept" the realities of the outsized burden the Court's Order placed on Taishan, they are realities nonetheless. (*Id.*)

## CONCLUSION

4

The Court should approve Taishan's proposed plan. (Rec. Doc. 20643-1 at 6-7). That plan provides the PSC with additional manually translated documents from the Peng production that may be relevant to this case, but it avoids the fruitless and expensive manual translation of hundreds of thousands of pages of random documents that happened to be housed in Mr. Peng's computer and emails.  Most importantly, it would be fair, just, and proportionate to the other sanctions for the conduct at issue.

Respectfully submitted,

Dated:  February 17, 2017

/s/ Bernard Taylor
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 17th day of February, 2017.

/s/Christina Hull Eikhoff
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan*