# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 15-30804

_____

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

MICHELLE GERMANO, Individually and on behalf of all others similarly situated; DENNIS JACKSON; SHARON JACKSON; JASON DUNAWAY; LISA DUNAWAY,

Plaintiffs-Appellees

MITCHELL COMPANY INCORPORATED,

Intervenor-Appellee

v.

HOMEBUILDERS AND INSTALLERS STEERING COMMITTEE, ET AL.
Defendants

CHINA NATIONAL BUILDING MATERIALS GROUP CORPORATION; CHINA NATIONAL BUILDING MATERIALS COMPANY, LIMITED; CHINA NATIONAL BUILDING MATERIALS & EQUIPMENT IMPORT & EXPORT CORPORATION; CNBM (USA) CORPORATION; CNBM FOREST PRODUCTS (CANADA) LIMITED; CHINA NATIONAL BUILDING MATERIALS INVESTMENT TRADING; UNITED SUNTECH, INCORPORATED; BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY; BEIJING NEW BUILDING MATERIAL GROUP COMPANY LIMITED,

Movants-Appellants

## <u>MOTION OF APPELLEES TO DISMISS APPEALS</u>

<b>[FILED UNDER SEAL]</b>

<b>CONTEMPT<br>Exhibit 11</b>

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record for Plaintiff-Appellees/Movants certify that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Appellants:

China National Building Materials Group Corporation ("CNBM Group")
China National Building Materials Company, Ltd. ("CNBM")
China National Building Materials & Equipment Import & Export Corporation,
CNBM (USA) Corporation
CNBM Forest Products (Canada) Ltd.
China National Building Materials Investment Trading
United Suntech, Inc.
Beijing New Building Materials Public Limited Company ("BNBM PLC")
Beijing New Building Material (Group) Co., Ltd. ("BNBM Group")

Counsel for Appellants

L. Christopher Vejnoska
Ian Johnson
Andrew Davidson
Jason Wu
Ian Fein
Jason Cabot
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
San Francisco, CA 94105
(415) 773-5700
cvejnoska@orrick.com

James L. Stengel
Xiang Wang
Kelly Daley
Orrick, Herrington & Sutcliffe, LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
jstengel@orrick.com

Eric A. Shumsky
Orrick, Herrington & Sutcliffe, LLP
Columbia Center
1152 15th Street, NW
Washington, D.C.  20005
(202) 339-8400
eshumsky@orrick.com

Ewell E. Eagan, Jr.
Donna Phillips Currault
Nina Wessel English
Alex B. Rothenberg
Gordon, Arata, McCollam,
 Duplantis & Eagan, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170
(504) 582-1111
eeagan@gordonarata.com

Jonathan Riddell
Orrick, Herrington & Sutcliffe, LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 447-9200
jriddell@orrick.com

Attorneys for CNBM Entities

Michael H. Barr
Justin N. Kattan
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6700
michael.barr@dentons.com

Richard L. Fenton
Leah R. Bruno
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6306
(312) 876-8000
richard.fenton@dentons.com

C. Michael Moore
Gene R. Besen
Dentons US LLP
2000McKiney Ave., Suite 1900
Dallas, TX 75201
(214) 259-0900
mike.moore@dentons.com

Harry Rosenberg
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311

Attorneys for Beijing New Building Material
(Group) Co., Ltd. and Beijing New Building Materials
Public Limited Company

Entities with an interest:

1. China National Building Materials Group Corporation ("CNBM Group")
2. China National Building Materials Company, Ltd. ("CNBM")
3. China National Building Materials & Equipment Import & Export Corporation
4. CNBM (USA) Corporation
5. CNBM Forest Products (Canada) Ltd.
6. China National Building Materials Investment Trading
7. United Suntech, Inc.
8. Beijing New Building Materials Public Limited Company ("BNBM PLC")
9. Beijing New Building Material (Group) Co., Ltd. ("BNBM Group")
10. Taishan Gypsum Co. Ltd. ("Taishan")
11. Taian Taishan Plasterboard Co., Ltd. ("TTP")
12. Qinhuangdao Taishan Building Materials Co., Ltd. a/k/a Qinhuang Dao Taishan Building Materials Co., Ltd.
13. China National Building Material and Equipment Import and Export Company
14. China Building Materials Academy
15. China Cinda Asset Management Co., Ltd.
16. China National Building Material Co. Ltd.
17. China National Building Material Company, Ltd.
18. China National Building Material Import and Export Company
19. CNBM Forest Products, Ltd.
20. CNBM Forest Products (Canada), Ltd.
21. Beijing New Building Material Public Limited Company
22. Beijing New Building Materials Homes
23. BND Co., Ltd.
24. Beijing New Building Material (Group) Co., Ltd.
25. Suzhou Tianfeng New Building Material Co., Ltd.
26. Shandong Taihe Dongxin Co., Ltd.
27. China United Cement Co., Ltd.
28. China United Luhong Cement Co., Ltd.
29. China United Julong Huaihai Cement Co., Ltd.
30. China United Nanyang Co.
31. China United Qingzhou Luhong Cement Co., Ltd.
32. Zaozuhuang China United Luhong Cement Co., Ltd.
33. Xingtai China United Ziyan Co., Ltd.
34. China Fiberglass Co., Ltd.
35. Jushi Group Co., Ltd.

36. China Composites Group Corp., Ltd.
37. Shenzhen B&Q Decoration & Building Materials Co., Ltd.
38. Lianzhong Zhongfu Lianzhong Composite Material Group Co., Ltd.
39. Changzhou China Composites Tianma Fiberglass Products Co., Ltd.
40. Changzhou China Composites Liberty Co., Ltd.
41. Changzhou Liberty TOLI Building Material Co., Ltd.
42. Shanghai Yaohua Pilkington Glass Co., Ltd.
43. China Triumph International Engineering Co., Ltd.
44. China Triumph Nanjing Cement Technological Engineering Co., Ltd.
45. CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.
46. China Triumph Bengbu Engineering and Technology Co., Ltd.
47. China National Building Materials Group Co., Ltd.
48. State-owned Assets Supervision and Administration Commission of the State Counsel

Plaintiff-Appellees/Movants:
The Plaintiffs' Steering Committee
Michelle Germano, individually and on behalf of all others similarly situated
Jerry & Inez Baldwin
Steven & Elizabeth Heischober
Joseph & Kathy Leach
Preston & Rachael McKellar
Frederick & Vanessa Michaux
William & Deborah Morgan
Robert & Lea Orlando

Plaintiff-Appellees/Movants' Counsel
Arnold Levin
Frederick S. Longer
Sandra L. Duggan
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
Flonger@lfsblaw.com

Russ M. Herman
Leonard Arthur Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone:  (504) 581-4892
Fax:  (504) 561-6024
ldavis@hhklawfirm.com

Plaintiffs' Steering Committee in MDL No. 2047

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX,
LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone:  (504) 524-3300
Fax:  (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
BECNEL LAW FIRM. LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone:  (985) 536-1186
Fax:  (985) 536-6445
dbecnel@becnellaw.com

Peter Prieto
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone:  (305) 358-2800
Fax:  (305) 358-2382
ppreito@podhurst.com

Bruce William Steckler
STECKLER LLP
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone:  (972) 387-4040
Fax:  (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone:  (305) 476-7400
Fax:  (305) 476-7444
ervin@colson.com

-vi-

Ben W. Gordon, Jr.
LEVIN PAPANTONIO THOMAS,
MITCHELL ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone:  (850) 435-7000
Fax:  (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
THE LAMBERT FIRM
701 Magazine Street
New Orleans, LA 70130
Phone:  (504) 581-1750
Fax:  (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras St.
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
MORGAN & MORGAN
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone:  (239) 433-6880
Fax:  (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
REEVES & MESTAYER
160 Main Street
Biloxi, MS 39530
Phone:  (228) 374-5151
Fax:  (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
SEEGER WEISS, LLP
77 Water Street
New York, NY 10005
Phone:  (212) 584-0700
Fax:  (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
WHITFIELD, BRYSON & MASON
900 W. Morgan Street
Raleigh, NC 27603
Phone:  (919) 600-5000
Fax:  (919) 600-5002
dan@wbmllp.com

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone:  (757) 233-0009
Fax:  (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. DIAZ AND PARTNERS, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone:  (305) 704-3200
Fax:  (305) 538-4928
victor@diazpartners.com

<u>Of Counsel to Plaintiffs' Steering Committee</u>

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite  650
Washington, DC 20006
Phone:  (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone:  (985) 783-6789
Fax:  (985) 783-1333
andrew@lemmonlawfirm.com

All parties and their counsel in MDL No. 2047, *In re: Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.), who may have purchased, sold, or installed drywall manufactured by Taishan and TTP and are members of the certified class.

/s/ Arnold Levin
Counsel of Record for Plaintiff-
Appellees/Movants

## **TABLE OF CONTENTS**

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.  FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

    A.  THE ORDER & REASONS IS NOT APPEALABLE
       AS A FINAL ORDER OR A COLLATERAL ORDER. . . . . . . . . . .  14

    B.  THE ORDER & REASONS IS NOT SUBJECT
       TO REVIEW UNDER 28 U.S.C. §1291(a)(1). . . . . . . . . . . . . . . . . . .  18

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                     <u>Page</u>

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) . . . . . . . . . . . . . . . 14

*Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999). . . . . . . . . . . . . . 14

*Dresser v. Ohio Hempery Inc.*, 122 Fed.Appx. 749 (5th Cir. 2004)

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2015 WL 4477910
   (E.D. La. July 22, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520,
   (E.D. La. Sept. 26, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,5

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 894 F.Supp. 2d 819
   (E.D.La. 2012), *aff'd* 742 F.3d 576 (5th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . 2

*In re Deepwater Horizon*, 793 F.3d 479 (5th Cir. 2015). . . . . . . . . . . . . . . 15, 19, 20

*In re Hogan Lovells US LLP*, Case No. 15-30114 (5th Cir. Feb. 20, 2015). . . . . 2, 9

*Jefferson v. Delgado Community College Charity School of Nursing*,
   602 Fed.Appx. 595 (5th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Koehler v Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 883 N.Y.S.2d
   763, 911 N.E.2d 825 (N.Y. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . 15

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009) . . . . . . . . . . . . . 14, 15

*Piratello v. Philips Electronics North America Corp.*, 360 F.3d 506
   (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S.
  23 (1966).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

*United States v. Wood*, 295 F.2d 772 (5th Cir.), *cert. denied*,
  369 U.S. 850 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## **Statutes, Rules and Regulations**

28 U.S.C. §1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14, 15

28 U.S.C. §1291(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

28 U.S.C. §1292(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 19

## I.    <u>INTRODUCTION</u>

Plaintiffs-Appellees/Movants, by and through their counsel, the Plaintiffs'

Steering Committee ("PSC"), submit this motion to dismiss the appeals of China

National Building Materials Group Corp. ("CNBM Group"), China National

Building Materials Co., Ltd. ("CNBM"), China National Building Materials &

Equipment Import & Export Corp., CNBM (USA) Corp., CNBM Forest Products

(Canada) Ltd., China National Building Materials Investment Trading, and United

Suntech, Inc. (collectively, the "CNBM Entities") and Beijing New Building

Materials Public Limited Co. ("BNBM PLC") and Beijing New Building Material

(Group) Co., Ltd. ("BNBM Group") (collectively, the "BNBM Entities") for lack

of appellate jurisdiction.  Pursuant to 5th Cir. Rule 27.4, movants have contacted

the parties who have confirmed that they will file an opposition to this motion.

The reluctance of the Chinese Defendants – Taishan Gypsum Co. Ltd.

("Taishan"), its wholly-owned subsidiary Taian Taishan Plasterboard Co., Ltd.

("TTP"), and their controlling, affiliated CNBM and BNBM parent companies – to

participate in these MDL proceedings is well known and well documented.[1]  In its

---

[1]These Defendants were defaulted for refusing to appear and answer the complaints against them, despite proper service of process pursuant to the Hague Convention.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* 2015 WL 4477910, *2 (E.D. La. July 22, 2015); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520, *6 (E.D. La. Sept. 26, 2014) ("CNBM, CNBM Group, BNBM [PLC], and BNBM Group are affiliates of

(continued...)

1

latest iteration, the CNBM Entities and the BNBM Entities have asked this Court to review the non-final August 17, 2015 Order & Reasons of Judge Eldon E. Fallon [Rec. Doc. No. 19392][2] [attached hereto as Exhibit "A"] denying the CNBM Entities' motion (and joinder by the BNBM Entities) for clarification of the District Court's July 17, 2014 Contempt Order [Rec. Doc. No. 17869].

In that Order & Reasons, the District Court noted that its Contempt Order "specifically enjoined Taishan *and any of its affiliates or subsidiaries* from conducting business in the United States." *Id.* at 3.  The District Court explained this was necessary to "keep Taishan in the litigation and punish Taishan for its earlier refusal to cooperate."  *Id*.  When ruling on the motion for clarification of the Contempt Order, the issues before the District Court were: "(i) Who were Taishan's affiliates and/or subsidiaries during the contempt period; (ii) Was Taishan acting as an alter ego; and/or (iii) Was Taishan acting by means of a single business enterprise?"  *Id*.  The Court specifically held that:

---

[1](...continued)
Taishan."); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) (Elrod, Reavley, Haynes, Circuit Judges) and 753 F.3d 521 (5th Cir. 2014) (Higginson, Smith, DeMoss, Circuit Judges).  *See also In re Hogan Lovells US LLP*, Case No. 15-30114, Order denying Petition for Writ of Mandamus (5th Cir. Feb. 20, 2015) (Smith, Elrod, Higginson, Circuit Judges).

[2]References to the docket entries in *In re Chinese-Manufactured  Drywall Prod. Liab. Litig.*, MDL No. 2047 (E.D. La.) shall be referred to hereafter as "Rec. Doc. No. [___]."

> What is not *yet* clear is what entities are affiliates and/or
> alter egos of Taishan. These terms are not vague; rather,
> they are legal terms, requiring a legal determination.
> However, these legal determinations are factually
> pregnant. The presence or absence of a subsidiary,
> affiliate, alter ego, or common business enterprise status
> or relationship with Taishan is enshrouded in facts. This
> justifies the ongoing the [sic.] discovery and perhaps
> requires an evidentiary hearing.  Following a period of
> discovery and, if appropriate, an evidentiary hearing, the
> Court will make findings of facts and conclusions of law
> as to whether or not the CNBM or BNBM entities are
> alter egos, affiliates, or subsidiaries, and/or whether or
> not there is a common business enterprise.

*Id*. at 4 (emphasis added).  Since the Order & Reasons is plainly interlocutory and

subject to review from the final order that is expected to issue only months from

now, these appeals should be dismissed.

    While, no doubt, Appellants will argue that the Order & Reasons is a final

order reviewable pursuant to 28 U.S.C. §1291, or an interlocutory order subject to

review under 28 U.S.C. §1292(a)(1), such contentions are unfounded and easily

dispatched.

## II.   FACTUAL BACKGROUND

    As soon as the *Germano* judgment became final, following Taishan's

unsuccessful appeals to this Court, the Plaintiffs-Intervenors moved for an order to

allow a judgment debtor examination of Taishan, which the district court ordered

to take place in open court on July 17, 2014.  *See Chinese Drywall*, 2015 WL
4477910 at \*2.  Plaintiffs' counsel appeared at the scheduled date and time, but
Taishan did not, despite having received notice of its obligation to do so.  Instead,
Taishan fired its attorneys and deliberately *refused* to comply with a lawful
mandate, in direct defiance of the district court's authority over it.  *Id.*  This
indignity prompted Judge Fallon to summarily punish Taishan "to protect the
sanctity of its decrees and the legal process."  *See* July 17, 2014 Contempt Order.

Through the Contempt Order, the District Court held Taishan in civil and
criminal contempt of court for refusing to appear for a Judgment Debtor
Examination, "in direct, willful violation of th[e] Court's June 20, 2014 order."
*Id.*  The Court further enjoined "Taishan, and any of its affiliates or subsidiaries,
… from conducting any business in the United States until or unless it participates
in this judicial process."  The Court held that "[i]f Taishan violates this injunction,
it must pay a further penalty of 25% of the profits earned by the company or its
affiliates who violate the order, for the year of the violation."  *Id.* at ¶5.

Thereafter, Plaintiffs moved to enforce the District Court's Contempt Order
[Rec. Doc. No. 18302], and also moved for class certification against Taishan for
"all owners of real properties in the United States, who are named plaintiffs [the
various MDL complaints] asserting claims for remediation damages arising from,

4

or otherwise related to, Taishan drywall." *Chinese Drywall*, 2015 WL 4477910 at *3. After rigorously analyzing the Rule 23 criteria, the District Court entered extensive Findings of Fact and Conclusions of Law setting forth the Court's reasons for class certification. *See Chinese Drywall*, 2014 WL 4809520. The court then scheduled a hearing to determine class-wide damages for February 12, 2015. *Chinese Drywall*, 2015 WL 4477910 at *3.

At the start of the class damages hearing, BNBM PLC appeared for the first time in the litigation and requested a continuance, which the district court granted. *Id.* Thereafter, through the rest of February and March, 2015, the CNBM Entities and BNBM Group, after being in default for years, entered their appearances in the litigation for the first time. These are the very Defendants who are the parties to the instant appeals. Similarly, Taishan reappeared through new counsel – counsel that originally represented BNBM PLC, and then substituted to represent Taishan. *See Chinese Drywall*, 2015 WL 4477910 at *3.

On March 17, 2015, the Court ordered BNBM PLC, BNBM Group, CNBM, CNBM Group, and Taishan to participate in expedited discovery related to "the relationship between Taishan and BNBM/CNBM, including whether affiliate and/or alter ego status exists," since "neither Taishan nor BNBM/CNBM have demonstrated compliance with the injunction prong of the contempt order, (Rec.

Doc. 17869), and the Court cannot yet assess whether there is need to enforce the associated penalty of 25% of profits." Rec. Doc. No. 18493. The Court warned Defendants that "[i]f Taishan and/or BNBM/CNBM do not participate in discovery, the Court will act accordingly to ensure compliance with this and any Court order. The Court may, for example, strike defenses asserted by Taishan and BNBM/CNBM." *Id.* at ¶3.

On April 24, 2015, the Court explained to all parties that: "there are two tracks of these proceedings regarding which the Court has ordered the parties to focus discovery: (1) the Court's July 17, 2014 contempt order; and (2) class damages. For the former, the parties must focus the present discovery on (a) which, if any, entities constitute "affiliates," and (b) whether any such affiliate(s) conducted any business in the United States subsequent to the Court's July 17, 2014 order. For the latter, the parties must focus discovery on class damages." Rec. Doc. No. 18757 at 2.

Pursuant to the District Court's directives, the PSC immediately served expedited deposition notices and document requests on Taishan, and the CNBM and BNBM Entities, and other purported Taishan affiliates related to contempt and alter ego issues. During the past seven months, the PSC has taken dozens of depositions of corporate representatives and individual witnesses related to

Taishan, CNBM , CNBM Group, BNBM PLC, and BNBM Group and of third

parties in New Orleans, Hong Kong, and elsewhere to determine whether any

Taishan affiliate violated the Contempt Order.

That discovery is ongoing.  Defendants continue to "slow-walk" the

production of documents, and the PSC is in the process of ascertaining whether

complete productions have been made or whether deficiencies remain.  CNBM

Group and CNBM have been particularly obstreperous throughout the course of

discovery.  They waited to produce over 96% of their documents until *after* the

depositions of their corporate representative witnesses had been completed.  *See*

Summary Charts of CNBM Group's and CNBM's Document Productions

[attached hereto as Exhibits "B" and "C," respectively].  Taishan has equally

thwarted discovery.  The deposition of Taishan's former foreign chief of its

Foreign Trade Department and later private litigation consultant, PENG Wenlong,

is only now scheduled to take place in New York on October 27-28, after the

Company's Chairman, Mr. JIA Tongchun, produced inconsistent declarations,

sworn to under penalty of perjury, immediately before his deposition in Hong

Kong denying knowledge of Mr. PENG's whereabouts, computer and computer

files, only to recant these misrepresentations and admit that at all times the

information of Mr. PENG's whereabouts, and the location of his laptop and

desktop computers, were known to him and Taishan.[3]  The District Court has

scheduled an evidentiary hearing on spoliation, perjury and other issues regarding

these matters on November 10, 2015. [Rec. Doc. No. 19526].

Although contempt discovery is ongoing,[4] Plaintiffs have amassed

substantial evidence that Taishan and its CNBM and BNBM parent affiliates

continued to do business in the U.S. during the contempt period [*see*, *e.g.*, Chart of

Contempt Violations attached hereto as Exhibit "F"].  In addition, the Defendants'

documents reveal a hierarchical structure of companies operating under the

direction and control of CNBM Group, BNBM Group, CNBM, and BNBM PLC,

down the line to Taishan and TTP.  For example 3 of the 5 seats on Taishan's

Board of Directors are selected by BNBM, which has *de facto* control over

Taishan.  *See* Deposition of JIA Tongchun (9/18/2015) at 206-208 [attached

hereto as Exhibit "G"].  BNBM is the controlling shareholder of Taishan.  It owns

65% of Taishan's shares, and Taishan's Chairman JIA Tongchun owns 5% of

---

[3]*Compare* Declaration of Jia Tongchun (August 31, 2015) (attached hereto as Exhibit "D") *with* Declaration of Jia Tongchun for Clarification and Supplementation (Sept. 16, 2015) (attached hereto as Exhibit "E").

[4]To further establish the inter-relation of the companies and violations of the District Court's Contempt Order, additional depositions are scheduled to take place, including the depositions of HU Jinyu (BNBM Supervisor, GM of the Audit Dep't of CNBM, VP and Financial Director of North Cement); United Suntech (CNBM subsidiary); CNBM Forest (Canada) (CNBM Group subsidiary); CNBM (USA) (CNBM subsidiary); CNBM Trading (CNBM Group subsidiary); and Jushi USA (CNBM subsidiary).  These depositions are all scheduled to take place through November 18, 2015.

Taishan's shares.  *See* Deposition of CHE Gang (6/3/2015) at 190 [attached hereto

as Exhibit "H"].

Given this top-down controlling structure, Plaintiffs confirmed in discovery

that Taishan's decision to contemptuously violate the District Court's order was an

orchestrated plan made at and controlled by the highest levels of the conglomerate

of CNBM/BNBM companies.[5]  For example, on July 7, 2014, Taishan's counsel

DONG Chungang (who also has represented BNBM PLC and is a signatory to

Defendants' March 2015 Co-Defense Agreement, as set forth in Exhibit 310

[Exhibit "I" attached hereto]) informed Hogan Lovells, Taishan's former counsel

of record in this litigation, that: ████████████████████████████████

████████████████████████████████████████  *See* Exhibit 1 at

HL00000026 [Exhibit "J" attached hereto].  This was confirmed by the testimony

of Chairman JIA Tongchun, who in an unprecedented fashion (never having

previously appeared at a CNBM Board of Directors meeting) was summoned by

BNBM to attend a Board of Directors meeting of CNBM Group in or about June

2014, to provide a status report on the development of the U.S. litigation.  *See* JIA

Deposition at 184, 189-190, 197-198 & 211-212.  A month later, the leadership of

---

[5]The improperly characterized privileged documents that were at issue in *In re Hogan
Lovells, supra*, provided a trove of information confirming CNBM Group's iron-fisted control
over Taishan's activities.

CNBM Group authorized Taishan to refuse to appear for its Judgment Debtor Examination in direct violation of the District Court's valid order.  Mr. SONG Zhiping, the Chairman of CNBM Group's Board of Directors, admitted that on July 11, 2014, only six days before Taishan's Judgment Debtor hearing, the Board of Directors for CNBM Group, signed a unanimous (11-0) resolution respecting the decision for Taishan not to attend the Judgment Debtor hearing on July 17, 2014.  *See* Deposition of SONG Zhiping (9/14/2015) at 91-93 & Exhibit 332 [attached hereto as Exhibit "K"].

Also on July 11, 2014, with apparent awareness of the Plaintiffs' efforts to collect on the final *Germano* judgment and in anticipation of the repercussions of Taishan's contempt of court, CNBM Group held a meeting and issued a directive to all of its subsidiaries to cease depositing any funds in banks that have branches in the State of New York, United States, which of course would avoid seizures of the companies' assets.  *See Koehler v Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 883 N.Y.S.2d 763, 911 N.E.2d 825 (N.Y. 2009).  CNBM Group even required personnel to use their own personal email accounts, rather than company emails, when doing business internationally.  *See* Exhibit 215 [attached hereto as Exhibit "L"].

Not only is CNBM Group an affiliate of Taishan, but it is the Chinese

10

Drywall manufacturer's ultimate controller, and its level of control over Taishan extends to "daily operational management."  JIA Dep. at 281 -282 & Exhibit 416 at CNBMGRP00371521 [attached hereto as Exhibit "M"].  Indeed, CNBM Group requires its subsidiaries to complete Comprehensive Risk Management Reports "stating what are the risks for [the particular] year, what are the things that need to be done and how to prevent."  *See*, *e.g.*, Exhibit 416; JIA Dep. at 277:8-11. According to Chairman JIA, "CNBM's audit group required us to do it according to CNBM's requirements."  JIA Dep. at 280:10-11.  As the controlling shareholder of Taishan (through BNBM Group, CNBM,  and BNBM PLC), CNBM Group's records specify precisely the level of oversight and control this company ultimately has over Taishan.  *See* Exhibit 416 at CNBMGRP00371559; JIA Dep. at 284 -285.

As to the class damages track, on June 9, 2015, the District Court held an evidentiary hearing on the class assessment of damages."  *Chinese Drywall*, 2015 WL 4477910 at *3.  The matter is still under advisement.

Following the class assessment of damages hearing, on June 22, 2015, CNBM Group filed a motion to dismiss for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA") [Rec. Doc. No. 19179].  *Id.*  CNBM Group sought an immediate ruling on its FSIA motion.  *Id*.

11

Relying on its experience with the parties and understanding of the Plaintiffs' claims, the District Court ordered that the PSC should be permitted to conduct additional limited discovery, and that the hearing on the matter should occur on December 8, 2015, just two months away.  The Court recognized that, "[a]though the status of CNBM Group may be devoid of factual dispute and able to be decided as a matter of law, the presence, nature, and extent of the exceptions under FSIA are factually pregnant and some discovery is needed." *Id*. at *5.

Notwithstanding the District Court's July 22, 2015 ruling scheduling a December hearing on CNBM Group's FSIA motion, and despite Defendants' notice and awareness of these MDL proceedings since 2009, their attendance at all Court status conferences and hearings since they entered the litigation in February and March, 2015, their appearances at all third-party contempt depositions, and their participation in the contempt/alter ego discovery ordered by the Court on March 17, 2015 (which is ongoing), the CNBM and BNBM Entities waited 357 days from the entry of the Contempt Order on July 17, 2014 to file (or join in) a Motion to "Clarify" or "Vacate" the Contempt Order as it applies to them ("Motion to Clarify")[Rec.Doc.Nos. 19271 and 19294].

Employing reasoning akin to its FSIA ruling, the District Court reached a similar conclusion in its approach to the Motion to Clarify.  First, the Court

12

acknowledged that its Contempt Order issued because of overt actions taken by Taishan, but explained that to "keep Taishan in the litigation," the order applied to "Taishan *and any of its affiliates or subsidiaries*" that were "conducting business in the United States." Order& Reasons at 3 (emphasis in original). Next, the District Court addressed the current stage of the litigation related to the Contempt Order, with its heavy emphasis on discovery addressing the relationship between Taishan and its affiliates during the contempt period, whether Taishan was acting as an alter ego of other companies, and whether Taishan was acting by means of a single business enterprise. *Id.* Finally, the District Court concluded that the "affiliates" terminology of its Contempt Order was "clear" but that the additional discovery already under way must be concluded before any findings were appropriate. *Id.* at 4.

Notwithstanding the interlocutory nature of the Distict Court's Order & Reasons, which merely maintains the course established by the Court in March, the CNBM and BNBM Entities filed their Notices of Appeal, without first seeking leave of court for permission to appeal. Since the District Court's order is not subject to a direct appeal, these appeals should be dismissed.

## III.   ARGUMENT

### A.   THE ORDER & REASONS IS NOT APPEALABLE AS A FINAL ORDER OR A COLLATERAL ORDER

To invoke appellate jurisdiction pursuant to 28 U.S.C. §1291 the order intended for review must be a "final decision." *See* 28 U.S.C. §1291. The District Court's Order & Reasons is certainly not a "final decision" by any stretch of the imagination as it does not finally determine all of the rights of the Plaintiffs and the class against the Defendants and terminate the litigation.[6]

The only alternative approach under §1291 available to the CNBM and BNBM Entities is to argue, therefore, that the Order & Reasons is subject to the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The Fifth Circuit has adhered to a long-standing policy that the *Cohen* rule applies only when there is an order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if review is delayed until final judgment.[7]

_____

[6]*See Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (a final judgment "is typically one by which a district court disassociates itself from a case.").

[7]*See United States v. Wood*, 295 F.2d 772, 778 (5th Cir.), *cert. denied*, 369 U.S. 850 (1961). *See also Jefferson v. Delgado Community College Charity School of Nursing*, 602 Fed.Appx. 595, 597 (5th Cir. 2015) ("We have said that an interlocutory order is reviewable

(continued...)

In the Fifth Circuit, "an order may be appealed under the *Cohen* exception if the appellant demonstrates that the order (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Dresser v. Ohio Hempery Inc.*, 122 Fed.Appx. 749, 753-54 (5th Cir. 2004) (quotations omitted). These requisite showings "are conjunctive; failure to satisfy any one of them defeats appellate jurisdiction." *Id.*  The final prong requires more than the potential that "a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment; … the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Mohawk*, 558 U.S. at 106 (explaining that "the chance that the litigation at hand might be speeded, or a particular injustice averted, does not

---

[7](...continued)
under *Cohen* if it is "sufficiently conclusive, separate, unreviewable, and (perhaps most-importantly) important that the benefits of immediate appellate review outweigh the loss of efficiency that any movement away from a strict finality approach entails," *quoting, Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 173 (5th Cir. 2009); *In re Deepwater Horizon*, 793 F.3d 479, 484 (5th Cir. 2015) (dismissing BP's appeal of order denying access to claim-specific information before the Settlement Program made an initial determination about a claim's eligibility); *Lion Boulos v. Wilson*, 834 F.2d 504, 507-508 (5th Cir. 1987) (dismissing appeal where district court issued discovery order before resolving qualified immunity defense that implicated factual issue of consent).

provide a basis for jurisdiction under § 1291")(internal citation and quotations omitted).

From this criteria, it is obvious that the Order & Reasons is not a collateral order.  None of the collateral order requirements are met here.  First, the Order & Reasons did not determine with even the slightest hint of finality the relationship of the parties or the applicability of the injunction to any entity besides Taishan. Indeed, the District Court stated that further discovery was necessary as any alter ego or affiliate relationship to Taishan "is not *yet* clear."  Order & Reasons at 4 (emphasis in original).  Second, there was no resolution of any issue; the nexus to the merits of the action are irrelevant without an "important issue" being resolved. Third, the issues raised by the Motion to Clarify and ensuing Order & Reasons are capable of review from a final judgment.  When the District Court determines the relationships among these companies, and does so in a later judgment, that decision may be subject to appellate review.  Presently, there is no decision appropriate to review.

The Order & Reasons simply restates and affirms the District Court's Contempt Order, and reminds the parties that the "current state of the litigation" requires discovery regarding the relationship between the Defendants.  Order & Reasons at 3.  The litigation is far from ended, as the District Court has much left

to do before executing a final judgment.  The Order & Reasons contained no statement or indicia that the District Court intended to certify it as a Rule 54(b) final judgment.  Defendants' Motion to Clarify simply requested a finding that the Contempt Order had no applicability to CNBM, BNBM, and/or other parties; and, if the order applied to the CNBM or BNBM Entities, the relevant parts were requested to be vacated.  The Order & Reasons did not grant or deny either of those requests; the District Court merely reiterated that discovery is ongoing and those issues will be addressed after the facts are determined through this discovery.  The District Court neither modified nor refused to modify the injunctive portion of the Contempt Order; the issue at hand was – and still is – whether a violation of the injunction has occurred.  Whether the Contempt Order enjoined CNBM, BNBM and/or other parties from doing business in the United States will be determined from the ongoing discovery in this case at a hearing to take place within the next few months.

Since the Order & Reasons is neither a final decision or a collateral order, the appeals should be dismissed.

17

**B.    THE ORDER & REASONS IS NOT SUBJECT
       TO REVIEW UNDER 28 U.S.C. §1291(a)(1)**

Appellants may also contend that appellate jurisdiction is available to them

pursuant to 28 U.S.C. §1291(a)(1).  Section 1291(a)(1) authorizes jurisdiction over

appeals from "[i]nterlocutory orders ... granting, continuing, modifying, refusing

or dissolving injunctions."  Presumably, the Defendants will contend that the

District Court's denial of their motion clarify the Contempt Order was a refusal to

modify or dissolve an injunction, but the grant offered by §1291(a)(1) is a narrow

one that is not available to the Defendants.

In *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24-

25 (1966), the Supreme Court emphasized the strong "congressional policy against

piecemeal appeals" emanating from §1291(a)(1) appeals.  In that case, the district

court found that factual issues existed that precluded a motion for summary

judgment requesting a permanent injunction.  Even though the permanent

injunction was denied, the Supreme Court found that appellate jurisdiction was

lacking under the statute because the district court's order did not "even

tentatively decide anything about the merits of the claim."  *Id*. at 25.  The Supreme

Court emphasized that "[o]rders that in no way touch on the merits of the claim

but only relate to pretrial procedures are not in our view 'interlocutory' within the meaning of §1292(a)(1)." *Id.*

This reasoning permeates the Fifth Circuit's jurisprudence addressing §1292(a)(1) appeals.  Only recently, this Court stated that it "takes a practical view of modification, 'look[ing] beyond the terms used by the parties and the district court to the substance of the action.'"  *Deepwater Horizon*, 793 F.3d at 491 (citations omitted).  Apropos to the situation presented by this appeal, this Court held:

> A district court "modif[ies]" an injunction when it "changes the obligations imposed by the injunction."  On the other hand, a court has not modified an injunction when it "simply implements an injunction according to its terms or [ ] designates procedures for enforcement without changing the command of the injunction." Interpretation, then, is not modification.

*Id.* (citations omitted).[8]

Another aspect of this Court's jurisprudence regarding §1291(a)(1) appeals is that "a party challenging an interlocutory order must show 'serious, perhaps

---

[8]*See also Piratello v. Philips Electronics North America Corp.*, 360 F.3d 506, 509 (5th Cir. 2004) (order granting post-judgment discovery that also denied a request for an injunction but noted that it might reconsider the request for an injunction at a later date was not a modification of an injunction that satisfied §1292(a)(1)).

irreparable, consequence[s],' because the § 1292(a)(1) 'exception is a narrow

one.'" *Deepwater Horizon*, 793 F.3d at 493 (citations omitted).

Here, the District Court's Order & Reasons denying the Motion to Clarify

was incidental to the injunction resident within the Contempt Order.  It did not

grant any part of the ultimate injunctive relief sought by the CNBM or BNBM

Entities.  In any event, the Court's interpretation of its earlier order may not be

construed as a modification of that order.  *Id.* at 491.  In fact, the Order & Reasons

merely continued the manner in which discovery was directed to proceed.  As a

consequence, the Defendants will suffer no serious or irreparable harm.  Indeed,

the Order & Reasons makes clear that the merits of the Defendants' motion will be

resolved in short order, within the next few months.  In such situations, an appeal

under §1292(a)(1) is not authorized.  *See Switzerland Cheese, supra*; *Deepwater*

*Horizon*, *supra*.

## IV.   <u>CONCLUSION</u>

Appellate jurisdiction is not present.  The appeals of the CNBM and BNBM

Entities should be dismissed.

Dated: October 15, 2015                    Respectfully submitted,

                                           /s/ Arnold Levin
                                           Arnold Levin
Russ M. Herman                             Frederick S. Longer
Leonard A. Davis                           Sandra L. Duggan
Stephen J. Herman                          Levin, Fishbein, Sedran & Berman
HERMAN, HERMAN & KATZ, LLC                 510 Walnut Street, Suite 500
820 O'Keefe Avenue                         Philadelphia, PA 19106
New Orleans, Louisiana 70113               215-592-1500 (phone)
Phone: (504) 581-4892                      215-592-4663 (fax)
Fax: (504) 561-6024                        Alevin@lfsblaw.com
Ldavis@hhkc.com                            *Plaintiffs' Lead Counsel MDL 2047*
*Plaintiffs' Liaison Counsel*
*MDL 2047*


*Attorneys for Plaintiffs Appellees/Movants*

21

## **CERTIFICATE OF SERVICE**

Pursuant to F.R.A.P. 25(d), I hereby certify that the Motion of Appellees to Dismiss Appeals has been filed with the Clerk of Court by filing with the Clerk of Court electronically and served on the counsel of record by the Court's electronic Notice of Docket Activity or Federal Express, this 15th day of October, 2015.

L. Christopher Vejnoska
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
San Francisco, CA 94105
Attorneys for CNBM Entities

Eric A. Shumsky
Orrick, Herrington & Sutcliffe, LLP
Columbia Center
1152 15th Street, NW
Washington, D.C.  20005
Attorneys for CNBM Entities

Ewell E. Eagan, Jr.
Gordon, Arata, McCollam,
 Duplantis & Eagan, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170
Attorneys for CNBM Entities

Michael H. Barr
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Attorneys for BNBM Entities

Harry Rosenberg
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Attorneys for BNBM Entities

C. Michael Moore
Gene R. Besen
Dentons US LLP
2000McKiney Ave., Suite 1900
Dallas, TX 75201
Attorneys for BNBM Entities

_/s/ Arnold Levin_____
**ARNOLD LEVIN**

22