

中 华 人 民 共 和 国 大 使 馆
EMBASSY OF THE PEOPLE'S REPUBLIC OF CHINA
3505 International Place, N.W. Washington, D.C. 20008

CE204/15

    The Embassy of the People's Republic of China presents its compliments to the Department of State of the United States of America and with respect to the lawsuit in the United States District Court for the Eastern District of Louisiana(Case No.: 2:14-cv-1727), against the State-owned Assets Supervision and Administration Commission of the State Council of the People's Republic of China (SASAC), has the honor to inform the latter as follows:

    On October 30, 2015, the Ministry of Foreign Affairs of the People's Republic of China presented a diplomatic note（(2015)Bu Tiao Zi No. 212）to the Embassy of the United States of America in Beijing, elucidating the stance of the Chinese government on sovereign immunity enjoyed by SASAC from jurisdiction of US courts and requesting effective measures to be taken by the US side. The note is enclosed herewith, with a view to urging once again the US side to move for dismissal of the unwarranted lawsuit against SASAC.

    The Embassy of the People's Republic of China avails itself of this opportunity to renew to the Department of State of the United States of America the assurances of its highest consideration.

Washington, D.C., December 18, 2015

Department of State
United States of America
Washington, D.C.

Cc: Department of Justice
    United States of America
    Washington, D.C.

Cc: Honorable Eldon E. Fallon
    US District Judge
    Case No.: 2:14-cv-1727
    US District Court for the Eastern District of Louisiana

**CONTEMPT**
**Exhibit 194**



# 中华人民共和国外交部

（2015）部条字第212号

美利坚合众国驻华大使馆：

中华人民共和国外交部向美利坚合众国驻华大使馆致意，并谨就中华人民共和国国务院国有资产监督管理委员会（以下简称"中国国资委"）在美被诉案陈述如下：

2014年以来，美国多名原告以中国有关企业输美石膏板质量存在问题为由向美法院提起诉讼，起诉中国国资委和中国建材集团及其下属五家企业，并将中国国资委列为第一被告，要求中国国资委承担连带赔偿责任，索赔金额超过15亿美元。美国路易斯安那州东区联邦地区法院受理了此案。近日美方试图通过外交途径向中方实施送达，中方对此表示不满和关切，并重申如下立场：

一、根据国际法上的国家主权平等原则，未经一国明示放弃司法管辖豁免，另一国不得受理和审理以该国为被告的诉讼，也不得对该国国家财产采取任何强制措施。中国国资委与外交部、财政部等单位一样，是中国中央政府的组成部门之一，无可争辩享有主权豁免。美国法院对中

国国资委没有管辖权，无权受理针对中国国资案的诉讼。

二、中国国资委与该案根本没有关系，在美国未从事涉及该案的任何行为。原告错误地认为中国国资委广泛控制中国建筑材料集团有限公司及其下属企业，在中国制造的石膏板出口美国一事中与各企业存在同谋和共同行动，甚至与这些企业构成"单一企业"。这是十分荒谬的，没有任何法律依据，中方不能接受。

三、美法院受理此案并试图通过各种途径向中方实施送达，严重侵犯了中国国家主权和国家利益。中方对此表示强烈不满和坚决反对，对此案继续发展可能导致的负面影响表示关切。希望美方从中美关系大局出发，高度重视中方关切，切实采取有效措施，妥善处理此案，并向法院出具利益声明，制止滥诉，避免此案给中美关系和两国经贸往来造成干扰和破坏。

顺致崇高敬意。



二〇一五年十月三十日于北京

( translation )

(2015) Bu Tiao Zi No. 212

The Ministry of Foreign Affairs of the People's Republic of China presents its compliments to the Embassy of the United States of America in Beijing and has the honour to make the following statement on the litigation in which the State-owned Assets Supervision and Administration Commission of the State Council of the People's Republic of China ( SASAC ) was sued in the United States of America.

Since 2014, several U.S. plaintiffs instituted a lawsuit in the U.S. against SASAC, China National Building Materials Group Corporation and five of its affiliates, on the ground that the drywalls exported to the U.S. by the relevant Chinese enterprises had quality defects, listing SASAC as the first defendant to be jointly and severally liable for compensation amounted to 1.5 billion U.S. Dollars. The United States District Court for the Eastern District of Louisiana accepted the lawsuit. Recently, the U.S. side attempted to serve on SASAC through diplomatic channels. The Chinese government hereby expresses its discontent and concerns with such action, and reiterates its positions as follows:

I. In accordance with the principle of sovereign equality of States under international law, a State may not accept or hear any lawsuit in which another State is a defendant, nor may it impose any compulsory measures against the State-owned properties of that State, unless the latter expressly waives its jurisdictional immunity. Like the Ministry of Foreign Affairs and the Ministry of Finance, SASAC is one of the ministries and commissions composing the Chinese central government and enjoys undisputed sovereign immunity. The U.S. court has no jurisdiction over SASAC, therefor no power to accept the lawsuit against SASAC.

II. SASAC is irrelevant to the case whatsoever and has not engaged in any activity in the United States of America that is related to this case. The plaintiffs mistakenly believed that SASAC has an extensive control over China National Building Materials Group Corporation and its affiliates, planned and acted jointly with relevant enterprises in exporting Chinese-made drywalls to the United States of America, and even constitutes a "single enterprise" with these enterprises. This is extremely ridiculous and

holds no legal grounds. The Chinese side could not accept it.

III. The U.S. court's acceptance of the lawsuit and the attempt to serve on SASAC through various channels has seriously infringed on the national sovereignty and interests of China. The Chinese side expresses its strong discontent with and resolute objection to such action, as well as serious concerns about the negative impacts that may be brought about by the development of the case. The Chinese side urges the U.S. government, from the perspective of the overall China-U.S. relationship, attach great importance to the concerns of the Chinese side and take effective measures to properly handle this case. It is also expected that a statement of interest be issued to the court to stop the abuse of judicial procedures, so as to avoid any disruption or damage to the China-U.S. Relationship, as well as the economic and trade ties between the two nations.

The Ministry of Foreign Affairs of the People's Republic of China avails itself of this opportunity to renew to the Embassy of the United States of America in Beijing the assurances of its highest consideration.

30 October, 2015