UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
美国地区法院
路易斯安那州东区法院

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br>有关：中国制造的干墙的诉讼案件<br>THIS DOCUMENT RELATES TO:<br>此文件是关于：<br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. La.);<br>Germano 指控泰山石膏，原名为泰安泰和东新公司，案件号 09-6687（路易斯安那东区）；<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br>Gross 指控 Knauf Gips, KG，案件号 09-6690（路易斯安那东区）；<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br>Wiltz 指控北新建材，案件号 10-361（路易斯安那东区）；<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);<br>Amorin 指控泰山石膏，原名为泰安泰和东新案件，案件号 11-1672（路易斯安那东区）；<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br>Amorin 指控泰山石膏，原名为泰安泰和东新案件，案件号 11-1395（路易斯安那东区）；以及<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.).<br>Amorin 指控泰山石膏，原名为泰安泰和东新案件，案件号 11-1673（路易斯安那东区）。 | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON<br>跨区诉讼案，编号. 2047<br>部门：L<br>法官：FALLON<br>法官助理：WILKINSON |

JIA: Exhibit 357

**CONTEMPT Exhibit 198**

## DECLARATION OF JIA TONGCHUN
贾同春声明书

This is a Declaration made in accordance with and pursuant to U.S.C. § 1746. Jia Tongchun being duly sworn, deposes and declares:
这份声明书是符合及依据美国法典第 1746 条。贾同春宣誓、作证及声明如下：

1. My name is Jia Tongchun. I am over eighteen (18) years of age, competent to testify to the matters stated herein, and suffer from no legal disability. My native language is Chinese. I do not understand, speak, read, or write English. I signed both Chinese and English versions of this Declaration after I reviewed the Chinese version that was prepared for me by a translator with the law firm of Alston & Bird.
我的名字是贾同春。我是 18 岁以上，有能力就陈述在此的事宜作证，及没有遭受到法律上无行为能力。我的母语是中文。我不懂、不说、不读或不写英文。在我审核过奥斯顿律师事务所的一位翻译为我准备的中文版后，我签署了这份中文及英文的声明书。

2. This Declaration is true and correct, and based on my own personal knowledge. I am Chairman of the Board and the General Manager of Taishan Gypsum Co. Ltd.
这份声明书是真实及正确，且基于我个人的了解。我是泰山石膏股份有限公司的董事长及总经理。

3. Peng Wenlong ("Mr. Peng") is a former employee of Taishan Gypsum Co., Ltd. ("TG") and Tai'an Taishan Plasterboard Co., Ltd. ("TTP"). Mr. Peng voluntarily left the employment of TG in March 2014, to pursue another career at a company unrelated to TG, TTP, and to my knowledge, any of the Defendants in this action, including any BNBM or CNBM entity. Mr. Peng has never told me the name of the company where he currently works, nor has he told anyone else at TG to my knowledge. However, we do have telephone contact information for Mr. Peng, which has been provided to the Plaintiffs' Steering Committee ("PSC") in the sworn testimony of TG's 30(b)(6) witness Mr. Che Gang ("Mr. Che").
彭文龙（"彭先生"）是泰山石膏股份有限公司（"泰山"）和泰安市泰山纸面石膏板有限公司（"泰山纸面"）的前员工。2014 年 3 月彭先生自愿的从泰山离职，去了一个与泰山、泰山纸面，及依据我的理解，本案的其他任何被告，其中包括 BNBM 或 CNBM，都无关的公司。彭先生从未向我提及他目前的工作单位的名称，据我所知，他也没有告诉过泰山的任何人。不过，我们确实有彭先生的电话联系信息，并且已经由泰山的 30(b)(6)证人车刚先生在宣誓证词中提供给了原告指导委员会（"原指委"）。

4. At the time of Mr. Peng's departure from TG, Mr. Peng was the Manager of TG's Foreign Trade Department. In this capacity, he was significantly involved in assisting Taishan in the defense of lawsuits in the United States relating to Chinese Drywall. Mr. Peng sat for two depositions lasting a total of three days before this Court in April 2011 and January 2012. I tasked Mr. Peng with the responsibility of monitoring the

2

developments in the lawsuit, working with TG's legal counsel, and coordinating TG's involvement as needed.

在彭先生离开泰山之前，他是泰山的对外贸易部经理。以此身份，他深度参与协助泰山辩护有关中国干墙在美国的诉讼案。2011年4月和2012年1月，彭先生曾先后两次在这个法院前做了为期3天的证人质证。我让彭先生负责跟踪诉讼的进展、与泰山的律师合作，并在需要时协调泰山的参与。

5. At the time that Mr. Peng decided to leave TG for another company, the U.S. lawsuits were in an active stage. I asked Mr. Peng if he would continue to assist TG with coordination and communications regarding the U.S. lawsuits while we transitioned that responsibility to another employee. As a gesture of goodwill for his longtime employer, he agreed to provide those services on a voluntary basis. I would consider Mr. Peng's post-employment services in this regard to be in the nature of a special consultant continuing the role that he served while an active employee.

彭先生离开泰山去其他公司的时候，美国的诉讼正处于白热化阶段。我要求彭先生在我们找到其他员工接手他的工作之前，是否可以继续协助泰山协调和沟通关于美国的诉讼。为表达对他的长期雇主的善意，他同意自愿无偿提供那些服务。我认为彭先生离职后的服务在这样的情况下算是一个特别顾问的性质，相当于继续了他作为正式雇员时的工作。

6. Mr. Peng's voluntary consulting services continued on-and-off as needed for several months, including assistance in TG's decision to retain new counsel and resume participation in the U.S. lawsuits earlier this year. Because Mr. Peng's assistance of Taishan in this litigation was taking more time than anticipated we entered into a more formal consulting agreement for his services for which he received a onetime lump sum payment.

彭先生的自愿顾问服务应需要而断断续续进行了几个月，包括今年早些时候，协助泰山聘用新的律师和重返参与美国诉讼。因为彭先生协助泰山的这个诉讼所花的时间超出预期，我们签署了一份比较正式的顾问协议，就他提供的服务他收到一次性的一笔报酬。

7. When the PSC listed Mr. Peng on their deposition notices this spring, his successor in the Foreign Trade Department, Mr. Che contacted Mr. Peng and asked him if he was willing to sit for a deposition. Mr. Peng declined to participate, and communicated that he no longer would provide consulting services on these litigation matters. He also declined to make his personal email account available for discovery purposes, and has not performed any consulting services on these litigation matters since that time.

今春，原告指导委员会在其证人质证通知上列出了彭先生，车先生作为彭先生在对外贸易部的继任者，和其联系并问他是否愿出席证人质证。彭先生拒绝参加，并表示他不再提供关于这些诉讼事宜的顾问服务。他还拒绝提供个人电子邮件帐户作为取证目的，且再也没有提供关于这些诉讼事宜的任何顾问服务。

3

8. Mr. Che is Mr. Peng's successor as Manager of the Foreign Trade Department at TG and has now assumed all of Mr. Peng's former duties with respect to monitoring and managing the U.S. litigation.
车先生是彭先生的继任者，作为泰山对外贸易部经理，车先生现已承担彭先生之前关于跟踪和管理美国诉讼事宜的所有职责。

9. Mr. Peng's services to assist TG with the U.S. litigation was not intended to create any waiver of attorney-client privilege or work product. TG expected that Mr. Peng was within the bounds of the attorney-client privilege as a special consultant in a continued role related to his former employment.
彭先生的服务以协助泰山的美国诉讼并不是以产生任何放弃律师-客户特权或工作成果为目的。泰山是期待彭先生是在律师-客户特权限范围内以一个特别顾问为他前雇主的一个延续工作。

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.
依据美国法律作伪证便受处罚的前提下，我特此声明上述的陈述是真实及正确。

Executed on August 31, 2015
签署于 2015年8月31日

Jia Tongchun
贾同春

4