UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 88 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Defendants' Liaison Counsel ("DLC") and Defendants' Liaison Counsel for Taishan, CNBM and BNBM entities (appointed provided it has no effect on any of these Defendants' jurisdictional and alter ego arguments) [Rec. Doc. 19234], submit this Joint Report No. 88.

### I.   PRE-TRIAL ORDERS

All Pre-Trial Orders are posted on the Court's website located at www.laed.uscourts.gov, which has a tab that links directly to "Drywall MDL." The Court's website also includes other postings relevant to the litigation.

### II.   STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees. There are no state court trials presently set.

### III. OMNIBUS ("OMNI") CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

1

Omni I:      *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.). Omni IA, IB and IC have been filed. Numerous Motions to Dismiss have been filed.

Omni II:     *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.). Omni IIA, IIB and IIC have been filed. Numerous Motions to Dismiss have been filed.

Omni III:    *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III). Omni IIIA has been filed. Numerous Motions to Dismiss have been filed.

Omni IV:     *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV). Omni IVA, IVB and IVC have been filed. Numerous Motions to Dismiss have been filed.

Omni V:      *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932. Numerous Motions to Dismiss have been filed. On January 14, 2015, Plaintiffs filed a Motion to Amend Complaint by Interlineation [Rec. Doc. 18263]. On March 26 2015, the Court granted the Motion to Amend Complaint by Interlineation [Rec. Docs. 18551 & 18590].

Omni VI:     *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII:    *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080. Numerous Motions to Dismiss have been filed.

Omni VIII:   *Daniel Abreu v. Gerbrueder Knauf, et al,* No. 11-252. Numerous Motions to Dismiss have been filed.

Omni IX:     *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al,* No. 11-1077. Numerous Motions to Dismiss have been filed.

Omni X:      *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al*, No. 11-1363. Numerous Motions to Dismiss have been filed.

Omni XI:     *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893. Numerous Motions to Dismiss have been filed.

Omni XII: *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349. Numerous Motions to Dismiss have been filed.

Omni XIII: *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al.,* No. 12-0498. Numerous Motions to Dismiss have been filed.

Omni XIV: *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-3023. Numerous Motions to Dismiss have been filed.

Omni XV: *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1672.

Omni XVI: *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1395.

Omni XVII: *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1673.

Omni XVIII: *Paul Beane, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 13-609.

Omni XIX: *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 14-1727.

Omni XX: *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 15-4127.

On March 15, 2016, the PSC filed a series of motions to dismiss Plaintiffs' claims [Rec. Docs. 20153-20162] dismissing hundreds of claims against Taishan, BNBM PLC, BNBM Group, CNBM Group, and CNBM Co. for failure to provide "sufficient indicia of product identification."  On March 18, 2016 the Court entered Orders on the motions [Rec. Docs. 20165-20174].  Specifically, the following number of plaintiffs were dismissed from the listed Omnibus Complaints.  The total number of properties being dismissed from all the complaints combined is 268.  The figures are not cumulative.

3

Omnibus Complaint II – 20 properties
Omni II (A) – 4 properties
Omni II (B) – 4 properties
Omni II (C) – 5 properties
Omni VII – 17 properties
Omni IX – 34 properties
Omni XIII – 56 properties
Omni XV – 265 properties
Omni XVI – 265 properties
Omni XVII –265 properties

On December 23, 2016, the PSC filed a Motion for Severance and Suggestion of Remand [Rec. Doc. 20614].  This matter was set for submission on January 18, 2017 and the matter is still pending.

### IV. PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308]. On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for common benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.] A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

### V. KNAUF REMEDIATION PROGRAM

The Lead Contractor in the Knauf settlements, Moss & Associates, continues to manage the remediation for program homes and condominium units. Remediation is complete on 2,206 homes and 633 condominiums, work has begun on 3 homes, and 1 more remediation is set to begin soon.  However, 2 of these homes have

issues that have remained pending for some time.  Knauf and Moss will be prepared to discuss status in the hopes of obtaining a prompt resolution.  To date, Moss has mailed out 2,847 Work Authorization packets to homeowners in the various states. Moss has received 2,847 executed Work Authorization packets, and no Work Authorization packets are outstanding.  Homeowners and/or counsel with questions about remediations may call Moss & Associates at 1-954-524-5678.

## VI. <u>INEX, BANNER, KNAUF, L&W and GLOBAL SETTLEMENTS</u>

On February 7, 2013, the Court entered an Order and Judgment: (1) Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes, and (2) Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements [Rec. Doc. 16570]. On February 19, 2013, the Court issued an Order Correcting Clerical Error [Rec. Doc. 16580] in the February 7, 2013 Order [16570].

On March 13, March 15, and April 24 2013, the Court entered Orders and Judgments: (1) Appointing Allocation Committees for the INEX and Global Settlements; and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec. Doc. 16609, 16616, 16782]. The registration period for the Knauf, Banner, INEX, Global, and/or L&W Class Settlements expired on October 25, 2013 [Rec. Doc. 17157].

A representative from BrownGreer will be present at the status conference to address settlement claims issues. BrownGreer filed Notices of Approved Claims Administrator Procedures [Rec. Doc. 17090 and 17160]; these procedures are recited in nine Claims Administrator Procedures from September 12, 2013 through September 11, 2014.  Further, the BrownGreer representative and Plaintiffs' Liaison Counsel will be

prepared to address the issue raised at the November 18, 2016 status conference regarding uncashed checks issued by the Settlement Administrator.

On August 12, 2013, a Joint Notice of Filing of Settlement Documents was filed by PLC and KLC [Rec. Doc. 16978] attaching the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047, with attached exhibits.

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank relating to the Global, Knauf, Banner, InEx and L&W Settlements [Rec. Doc. 17009]. On September 9, 2013, the Court issued various Orders approving the QSF's [Rec. Docs. 17064 thru 17076]. The Whitney National Bank was substituted as Escrow Agent in place of US Bank as the depository bank for the Remediation Fund [Rec. Doc. 17219].

On October 19, 2016, the Knauf Defendants filed a Motion to Extinguish Settlement Obligations [Rec. Doc. 20517].  At the November 18, 2016 status conference, the Court permitted additional time for parties to file objections [Rec. Doc. 20553].  On December 22, 2016, the Court issued an Order granting the motion, except only as to certain cases listed in the Order [Rec. Doc. 20609].

## VII. TAISHAN, BNBM AND CNBM DEFENDANTS

The Court has issued Orders establishing three (3) tracks in connection with proceedings involving the Taishan, BNBM and CNBM Defendants [*see*, Rec. Docs. 18757 and 18844].

1.      **The Court's July 17, 2014 Contempt Court Track:**

On June 20, 2014, the Court ordered Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. to appear in open court on July 17, 2014 to be examined as a judgment debtor [Rec. Doc. 17774]. Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination and the Court held Taishan in contempt [Rec. Doc. 17869] and Ordered that Taishan pay $15,000.00 in attorney's fees to Plaintiffs' counsel; that Taishan pay $40,000.00 as a penalty for contempt; that Taishan, and any of its affiliates or subsidiaries be enjoined from conducting any business in the United States until or unless it participates in this judicial process, and if Taishan violates the injunction, it must pay a further penalty of 25% of the profits earned by the Company or its affiliate who violate the Order for the year of the violation.

A telephone status conference took place on September 17, 2015, and the Court issued a Minute Entry [Rec. Doc. 19526] setting an evidentiary hearing on spoliation, contempt, adverse inferences and possible penalties, if necessary, on November 10, 2015 at 9:00 a.m. The Evidentiary Hearing took place on November 17, 2015 and on December 15, 2015, the Court heard closing arguments from both sides regarding the November 17, 2015 hearing. On January 8, 2016, the Court entered Findings of Fact and Conclusions of Law [Rec. Doc. 19559].

On February 10, 2016, Plaintiffs-Intervenors and the PSC filed a Motion for Leave to Substitute Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction and Accompanying Memorandum of Law in Support Thereof, In Their Entirety, Under Seal [Rec. Doc. 20032].   On January 10, 2017, the Court issued an Order [Rec. Doc.

20635] setting the matter for hearing following the March 2, 2017 status conference, and setting forth response/reply deadlines.

      **2.**     <u>**Class Damages Track:**</u>

      On July 23, 2014, Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) was filed by Plaintiffs [Rec. Doc. 17883] and on September 26, 2014, the Court issued Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) [Rec. Doc. 18028], which also issued Legal Notice [Rec. Doc. 18028-1]. The PSC represented that notices were sent in accordance with the Court's Order.

      On October 29, 2014, Plaintiffs filed a Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice [Rec. Doc. 18086] ("PSC's Motion for Assessment of Class Damages"). On March 2, 2015, Plaintiffs filed Proposed Findings of Fact and Conclusions of Law [Rec. Doc. 18405] with respect to the Motion for Assessment of Class Damages.  On May 8, 2015, Taishan moved to decertify the class [Rec. Doc. 18879] and the BNBM and CNBM entities joined in Taishan's motion [Rec. Docs. 18883 and 18885, respectively]. (*See* May 28, 2015 Minute Entry [Rec. Doc. 19035] and Transcript.)

      An evidentiary hearing, with oral argument, on the PSC's Motion for Assessment of Class Damages occurred on June 9, 2015.  Following the evidentiary hearing on June 23, Taishan filed Proposed Findings of Fact and Conclusions of Law [Rec. Doc. 19194], BNBM filed Proposed Findings of Fact and Conclusions of Law [Rec. Doc.

19198], and the PSC filed Proposed Findings of Fact and Conclusions of Law Related to the June 9, 2015 Remediation Damages Trial [Rec. Doc. 19197].

On September 8, 2015 the PSC notified the Court that its proposed class of claimants for remediation decreased again from 3,852 claimants to potentially fewer than 1,800 as a result of the Plaintiffs' voluntary dismissals. In response, Taishan submitted a supplemental class damages opposition to address the Plaintiffs' class damages revisions. [Rec. Doc. 19490.] Taishan also filed a motion to set a briefing schedule on class decertification. [Rec. Doc. 19546.] BNBM joined in Taishan's motion for a briefing schedule. On October 5, 2015, the PSC filed its Opposition [Rec. Doc. 19572]. The Court has not yet established that briefing schedule.

On November 6, 2015, the PSC filed a Motion for Expedited Hearing on Setting Phased Individual Damage Trials Against Taishan [Rec. Doc. 19705]. On November 10, 2015, Taishan filed its preliminary response/opposition to the PSC's Motion for Expedited Hearing [Rec. Doc. 19712]. On November 12, 2015, the PSC filed a Motion for Leave to File PSC reply and proposal for scheduling individual damages mini trials [Rec. Doc. 19721]. On November 16, 2015, BNBM filed its response to the PSC's motion for Individual Damage Trials [Rec. Doc. 19738]. The Court has not taken any action on the aforementioned PSC motions.

On December 23, 2016, the Court issued an Order [Rec. Doc. 20576] regarding deadlines for evidence presented at the June 9, 2015 property damage hearing.

On December 9, 2016 Taishan filed a Supplemental Memorandum in Opposition of the PSC's Motion for Assessment of Class Damages [Rec. Doc. 20583].

On December 9, 2016 BNBM, PLC and BNBM Group filed a Joinder with Taishan's Supplemental Memorandum [Rec. Doc. 20584].

On December 23, 2016, the PSC filed a Supplemental Brief in Support of Motion for Class Damages, Reply to Taishan's Second Supplemental Response to Plaintiffs' Motion for Class Damages and Proposed Trial Plan [Rec. Doc. 20634]. On December 30, 2016, the Taishan Defendants filed a Motion to Exclude Portions of Plaintiffs' Supplemental Brief in Support of Motion for Class Damages [Rec. Doc. 20620], BNBM filed a Joinder [Rec. Doc. 20622] and on January 3, 2017, CNBM filed a Joinder [Rec. Doc. 20623]. On December 30, 2016, Taishan Defendants filed a Motion to Strike December 23, 2016 Declaration of Ronald E. Wright, P.E. [Rec. Doc. 20619], BNBM filed a Joinder [Rec. Doc. 20621], and on January 3, 2017, CNBM filed a Joinder [Rec. Doc. 20623]. On January 5, 2017, the PSC filed a Response to Taishan's Motion to Strike December 23, 2016 Declaration of Ronald E. Wright, P.E., and Taishan's Motion to Exclude Portions of Plaintiffs' Supplemental Brief in Support of Motion for Class Damages [Rec. Doc. 20625].

On January 5, 2017, CNBM filed a Motion to Decertify Class Pursuant to Rule 23(c)(1)(C) [Rec. Doc. 20627], on January 6, 2017, BNBM filed a Joinder [Rec. Doc. 20631], and on January 9, 2017, Taishan filed a Joinder [Rec. Doc. 20632]. On January 10, 2017, the Court issued an Order [Rec. Doc. 20635] setting the matter for hearing following the March 2, 2017 status conference, and setting forth response/reply deadlines.

3.     **Jurisdiction Track:**

On April 1, 2015, CNBM and CNBM Group filed a Motion for Order Preserving Defenses [Rec. Doc. 18581]. On April 2, 2015, the Court granted the motion [Rec. Doc. 18583].

On June 16, 2015, China New Building Materials Group, China New Building Materials Co., CNBMIT Co., CNBMIT Co., Ltd., CNBM USA Corp., and United Suntech Craft, Inc. filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) [Rec. Doc. 19179].

On September 18, 2015, CNBM Group filed a revised motion to dismiss based upon the Foreign Sovereign Immunities Act (FSIA) ("FSIA Motion"). [Rec. Doc. 19527.] On November 2, 2015, the State of Louisiana filed its response to the FSIA Motion [Rec. Doc. 19667], on October 29, 2015, the PSC filed its response UNDER SEAL [Rec. Doc. 19689], on November 24, 2015, CNBM Group filed a reply brief [Rec. Doc. 19798], on November 30, 2015, the PSC filed a Supplemental Response under seal [Rec. Doc. 19681]. On January 8, 2016, the PSC filed a Second Supplemental Response UNDER SEAL [Rec. Doc. 19980] and on January 12, 2016, CNBM Group filed their Second Supplemental Reply [Rec. Doc. 19962], pursuant to the Court's order permitting same [Rec. Doc. 19953].

On October 22, 2015, Beijing New Building Materials Public Limited Company filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) [Rec. Doc. 19646], and on October 26, 2015, Beijing New Building Material (Group) Co., Ltd. filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and

12(b)(5) [Rec. Doc. 19664]. On January 22, 2015, the PSC and the Attorney General filed separate opposition memoranda to BNBM and CNBM's motions to dismiss [Rec. Docs. 19995, 20000 and 20001]. On February 12, 2016, BNBM and CNBM filed reply memoranda in support of their pending motions to dismiss. [Rec. Docs. 20038, 20040, 20041, 20042, 20043, 20073, 20079, and 20082.] The various motions to dismiss were heard on February 18, 2016 and taken under advisement.  On March 9, 2016, the Court granted the Motion to Dismiss by CNBM Group under the FSIA and issued Order & Reasons supporting its Judgment [Rec. Doc. 20150]. On December 12, 2016, the Plaintiffs' Steering Committee filed a Supplement Omnibus Response in Opposition to Defendants' Motions to Dismiss [Rec. Doc. 20591].  On December 23, 2016, BNBM filed a Response to PSC's Supplement to Omnibus Response in Opposition to Defendants' Motions to Dismiss [Rec. Doc. 20615].

On September 18, 2015 the PSC filed a motion for alternative service of process on the BNBM and CNBM entities. [Rec. Doc. 19522]. On September 30, 2015 BNBM filed their opposition to the PSC's motion. [Rec. Doc. 19558]. CNBM joined in opposing the PSC's motion seeking alternative service. [Rec. Doc. 19559].On November 9, 2015, the Court granted the motion and issued Order & Reasons [Rec. Doc. 19713]. In accordance with the Court's Order, the PSC claims that service has been perfected on various CNBM and BNBM entities in regards to various different complaints, and Affidavits of Service have been filed.

On June 27, 2016, the PSC filed a Plaintiffs' Motion to Set Aside Judgments Pursuant to Fed.R.Civ.P. 60(b) UNDER SEAL [Rec. Doc. 20388].

PD.21003066.1

**Additional Matters**

On December 21, 2016, the PSC filed a Motion to Remove Confidentiality Designations With Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20598].  On February 13, 2017, Taishan filed its Response in Opposition to PSC's Motion to Remove Confidentiality Designations [Rec. Doc. 20654], BNBM filed its Opposition to Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations With Respect to Documents Produced By and Testimony of the Taishan Defendants [Rec. Doc. 20653], CNBM filed its Response to the Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations [Rec. Doc. 20658] and Jushi USA Fiberglass Co., Inc. filed its Response to the Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations [Rec. Doc. 20660]. On February 22, 2017, the PSC filed a Reply to Responses and Oppositions by Taishan, the CNBM Entities, Beijing New Building Materials Public Limited Company, Beijing New Building Materials (Group) Co., Ltd., and Jushi USA Fiberglass Co., Inc. to Motion to Remove Confidentiality Designation With Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20684].  This matter is set for hearing following the March 2, 2017 status conference.

On January 26, 2017, Taishan filed a Motion for Plan to Satisfy Translation Order [Rec. Doc. 20643], on February 10, 2017, Plaintiffs' Steering Committee's Alternative Suggestion to Taishan's Plan to Satisfy Translation Order was filed [Rec. Doc. 20651] and on February 17, 2017, Taishan filed a Reply in Further Support of Taishan's Motion for Plan to Satisfy Translation Order [Rec. Doc. 20672].  On February 21, 2017,

PD.21003066.1

the Court issued an Order setting this matter for hearing, with oral argument, on April 6, 2017 [Rec. Doc. 20676].

CNBM filed a Motion to Decertify the Class Action on January 5, 2017 [Rec. Doc. 20627], BNBM filed a Joinder on January 6, 2017 [Rec. Doc. 20631] and Taishan filed a Joinder on January 9, 2017 [Rec. Doc. 20632]. On February 13, 2017, the PSC filed an Plaintiffs' Opposition to Taishan Defendants' Motion to Decertify the Class Pursuant to Rule 23(c)(1)(C) [Rec. Doc. 20675]. On February 22, 2017, BNBM filed a Reply Brief in Support of Motion to Decertify [Rec. Doc. 20686]; Taishan filed a Reply Brief in Support of Motion to Decertify [Rec. Doc. 20690], and CNBM filed a Reply Brief in Support of Motion to Decertify the Class Pursuant to 23(c)(1)(C) [Rec. Doc. 20692]. This matter is set for hearing following the March 2, 2017 status conference.

On February 10, 2016, a Motion to Substitute Motion of Plaintiff-Intervenors and the Plaintiffs' Steering Committee to Enforce the Court's July 17, 2014 Contempt Order and Injunction and Accompanying Memorandum of Law In Support thereof [Rec. Doc. 20636] was filed with the Court. On February 13, 2017, Taishan filed its Response In Opposition to PSC's Substituted Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20655], BNBM filed its Memorandum of Law in Opposition to the Substituted Motion of the Plaintiff Intervenors and the Plaintiffs' Steering Committee to Enforce the Courts July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20668] and CNBM filed its Opposition to Plaintiffs' Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20659]. On February 16, 2017, Taishan filed a Supplemental to Taishan's Response in Opposition to PSC's

Substituted Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20664].  On February 22, 2017, Plaintiffs' Reply to Defendants' Oppositions to Plaintiffs' Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction was filed under seal [Rec. Doc. 20688].  This matter is set for hearing following the March 2, 2017 status conference.

On February 14, 2017, the PSC filed a Motion to Compel Complete Responses to Supplemental Discovery Directed to Taishan, TTP, BNBM, BNBM Group, CNBM and CNBM Group [Rec. Doc. 20661].  On February 21, 2017, the Court issued an Order setting this matter for hearing, with oral argument, on April 6, 2017 [Rec. Doc. 20676].

### VIII.   VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 9, 2013, the Court entered an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16934]. On July 12, 2013, Class Counsel filed a Motion to Approve Funding, Administration and Special Master Services [Rec. Doc. 16939] and the Court entered an Order granting the motion on July 19, 2013 [Rec. Doc. 16956].

In accordance with the Court's Orders of November 20, 2014 [Rec. Doc. 18145] and October 23, 2015 [Rec. Doc. 19639], the Garretson Resolution Group (the

Claims Administrator for the four Virginia Based Settlements) issued Real Property Payments and Other Loss Payments.

On January 6, 2016, Class Counsel filed a Motion for Distribution of Settlement Funds [Rec. Doc. 19951] and on January 20, 2016 the Court issued an Order [Rec. Doc. 19990].

On November 1, 2016, a Motion for Leave to File Virginia Class Counsel's Motion to Approve Stipend to Virginia-Based Settlement Claimants was filed [Rec. Doc. 20530].  On November 21, 2016, the Court issued an Order Lifting the Stay [Rec. Doc. 20558] as to Virginia Class Counsel's Motion to Approve Stipend to Virginia-Based Settlement Claimants and filed the Motion to Approve Stipend to Virginia-Based Settlement Claimants into the record [Rec. Doc. 20559]. On December 21, 2016, the Court issued an Order [Rec. Doc. 20608].

## IX. FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel. The parties will be prepared to discuss this issue at the monthly status conference on September 29, 2016.

## X. ATTORNEY FEES

On May 20, 2014, the Fee Committee and PSC filed a Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses Filed Pursuant to Pretrial Order No. 28 [Rec. Doc. 17700].  On April 15, 2016, the Fee Committee and PSC filed a First Amendment to Consolidated Joint Petition for a Global

Award of Attorneys' Fees and Reimbursement of Expenses Filed Pursuant to Pretrial Order No. 28 [Rec. Doc. 20205].  On May 19, 2016, the Court entered an Order granting the motion as amended [Rec. Doc. 20257].  The motion only addresses attorney's fees relating to the various class settlements.  On June 6, 2016, the PSC filed a Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fees and Individual Counsels' Fees Pursuant to PTO 28(F) [Rec. Doc. 20293] and on June 8, 2016, the PSC filed a Notice of Errata [Rec. Doc. 20295].  Numerous responses to the motion were filed by various law firms and on July 11, 2016 the PSC filed an Omnibus Response to Objections [Rec. Doc. 20417], filing the appendices attached to the Omnibus Response UNDER SEAL.  On July 18, 2016, the Court issued an Order appointing Daniel Balhoff as Special Master and cancelling the July 27, 2016 hearing [Rec. Doc. 20410].   On August 30, 2016, the Court issued an Order [Rec. Doc. 20478] clarifying and supplementing the Court's prior Order appointing Daniel Balhoff as Special Master.  On November 1, 2016, the Fee Committee filed a Motion for Leave to File the Fee Committee's Errata to Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fee and Individual Counsels Fee Pursuant to PTO 28(F) During Pending Stay [Rec. Doc. 20528].  On November 21, 2016, the Court issued an Order [Rec. Doc. 20562] granting the Motion for Leave and filing the Errata to Fee Committee's Motion to Determine the Allocation of the Global Fee Award As Between Common Benefit Fee and Individual Counsels Fee Pursuant to PTO 28(F) During Pending Stay into the record [Rec. Doc. 20563].

On July 18, 2016, a Motion for Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel, Without Other Objector Opposition, and Without PSC/FC Objection (Except as to Proposed Fee Compensation Provision) [Rec. Doc. 20407], on July 19, 2016, the Fee Committee and Class Counsel filed a Response in Opposition to the Motion for Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel [Rec. Doc. 20408] and on July 26, 2016, Val Exnicios & Jimmy Faircloth filed a Reply [Rec. Doc. 20424 and 20473]. On July 26, 2016, the law firm of Krupnick, Campbell & Malone filed an Opposition to the Motion for Appointment of Val Exnicios and Jimmy Faircloth As Objectors' Co-Liaison Counsel [Rec. Doc. 20423]. On August 3, 2016, Val Exnicios & Jimmy Faircloth filed a Request for Oral Argument on their Motion for Appointment as Objectors' Co-Liaison Counsel [Rec. Doc. 20430]. On September 6, 2016, the Court issued an Order [Rec. Doc. 20490].

On October 19, 2016, the Court entered an Order entering Special Master Case Management Order No. 1 [Rec. Doc. 20518]. On November 3, 2016, the Court entered the October 28, 2016 Special Master's Ruling Concerning Objectors' October 7, 2016 Request to Modify Special Master Case Management Order No. 1 [Rec. Doc. 20533]. On November 14, 2016, Special Master Case Management Order No. 2 was issued which, among other items, set the depositions of Philip Garrett on December 14, 2016, Russ Herman on January 24, 2017, Sandra Duggan on January 25, 2017, and Arnold Levin on January 26, 2017. On November 28, 2016, the Fee Committee filed a Response in Opposition to Special Master's Ruling Concerning Objectors' Request to Modify Special Master Case Management Order No. 1 [Rec. Doc. 20578]. On December 2, 2016, Primary

Counsel filed a Reply in Support of Objection to Special Master Ruling Concerning Objectors' Request to Modify Special Master Case Management Order No. 1 and Request for Expedited Consideration [Rec. Doc. 20587].

On June 28, 2016, a Plaintiffs' Petition for Award of Attorney's Fees and Litigation Expenses Outside the MDL and Pursuant to a Stand-Alone Settlement Agreement With Knauf was filed [Rec. Doc. 20340]; and Prichard Housing Authority and Taylor Martino, P.C. filed a Motion for Payment of Attorneys' Fees and Expenses Pursuant to the Stand-Alone Settlement Agreement With Knauf [Rec. Doc. 20341]. On July 11, 2016, the Fee Committee filed its Opposition to the Motions for Award of Attorneys' Fees and Expenses by Taylor Martino, P.C. and Holston Vaughan, LLC [Rec. Doc. 20383], and on July 15, 2016, the Knauf Defendants filed their Opposition to Plaintiffs' Motion for Payment of Additional Attorneys' Fees [Rec. Docs. 20340 and 20341] [Rec. Doc. 20397]. On July 26, 2016, Holston Vaughan, LLC filed a Reply Memorandum in Further Support of Plaintiff's and Holston Vaughan, LLC's Petition for Payment of Attorneys' Fees and Expenses Pursuant to Stand-Alone Settlement Agreement With Knauf [Rec. Doc. 20425-2 and 20479]. On July 20, 2016, a Motion for Leave to File Reply Memorandum in Further Support of Prichard Housing Authority's and Taylor Martino, P.C.'s Motion for Payment of Attorneys' Fees and Expenses Pursuant to Stand-Alone Settlement Agreement With Knauf [Rec. Docs. 20414 and 20471]. These matters [Rec. Docs. 20340 and 20341] were heard and on November 17, 2016, the Court issued Order & Reasons [Rec. Doc. 20551]. On June 28, 2016, Villa Lago Plaintiffs filed a Motion for a Final Award of Attorneys' Fees and Reimbursement of Costs [Rec. Doc.

PD.21003066.1

20347].   On July 11, 2016, the Fee Committee filed its Response to the Villa Lago Plaintiffs' Motion for a Final Award of Attorneys' Fees and Reimbursement of Costs and in Opposition to Allocation Motion Pursuant to Pre-Trial Order 28(F) [Rec. Doc. 20383].

On July 11, 2016, Plaintiffs filed a Notice of Filing of Memorandum of Understanding entered into with various Homebuilders [Rec. Doc. 20381] and on August 8, 2016, the Fee Committee filed a Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20467].   On September 6, 2016, the Court issued an Order dismissing the motion as moot since the matter was referred to a Special Master [see Rec. Doc. 20489]. On December 12, 2016, the Special Master entered an Order approving the Homebuilder MOU, which the Court filed into the record on December 14, 2016 [Rec. Doc. 20589].  On December 23, 2016, Primary Counsel filed an Objection  to the Special Master's Order [Rec. Doc. 20616].  On December 28, 2016, the Various Homebuilders participating in the MOU filed a response to that objection [Rec. Doc. 20617]; and on December 29, 2016, the Fee Committee filed a response in opposition to primary counsel's objection to the Special Master's Order approving the Amended MOU [Rec. Doc. 20618].  On January 23, 2017, the Court issued an Order [Rec. Doc. 20641] overruling Primary Counsel's objections to the Special Master's Recommendation and approving the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20467].

On September 23, 2016, Taylor Morrison, Inc., The Ryland Group, Inc. n/k/a CalAtlantic Group, Inc., and LWH, LLC. filed a Motion for Determination of Active

Builders Status With Incorporated Memorandum [Rec. Doc. 20503]. On October 4, 2016, the Fee Committee submitted its opposition to the Special Master (not filed with the Court due to the stay). On November 21, 2016, the Court issued an Order [Rec. Doc. 20564] allowing the filing of The Fee Committee's Response in Opposition to the Motion of Taylor Morrison, Inc., The Ryland Group, Inc. and LWH, LLC's for Determination of Active Builders Status With Incorporated Memorandum [Rec. Doc. 20565]. On November 1, 2016, the Fee Committee filed a Motion for Leave to File Motion to Substitute Exhibit to Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees During Pending Stay [Rec. Doc. 20529]. On November 21, 2016, the Court issued an Order [Rec. Doc. 20560] granting the Motion for Leave and filing the Motion to Substitute Exhibit to Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees During Pending Stay into the record [Rec. Doc. 20561]. The motion is under consideration by the Special Master.

On November 22, 2016 the Court granted the PSC's motion to lift stay to permit the PSC to file a Notice of Filing [Rec. Doc 20567] and the PSC filed its Notice of Filing [Rec. Doc. 20568].

On July 21, 2016, the Fee Committee filed a Statement of Position Regarding Pujol, Pryor and Irwin, LLC's Notice of Objection [Rec. Doc. 20415-2] (a portion was filed under seal), on July 28, 2016, Pujol, Pryor and Irwin, LLC filed a Response [Rec. Doc. 20428], and on August 8, 2016, the Fee Committee filed a Reply [Rec. Doc. 20433-2 and 20482]. On October 7, 2016 the Primary Counsel filed an

Objection to Special Master's Order regarding Case Management Order No: 1 [Rec. Doc. 20575-2].   On November 30, 2016 The Fee Committee filed a Response to Primary Counsel's Objection to Special Master's Ruling [Rec. Doc. 20578] and Primary Counsel filed a reply on December 2, 2016 [Rec. Doc. 20579].  Primary Counsel's Reply in Support of Objection to Special Master's Ruling [Rec. Doc. 20581].

On August 10, 2016, a Motion for Immediate Disbursement of Undisputed Fees was filed by various law firms [Rec. Doc. 20434], along with a Request for Oral Argument [Rec. Doc. 20435], and Krupnick, Campbell and Malone filed a Joinder [Rec. Doc. 20436].  On August 16, 2016, the Fee Committee filed an Opposition to the Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20440] and Taylor Martino, P.C. filed a response [Rec. Doc. 20441] and Taylor Martino, P.C. filed a Response to Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20441].  On August 18, 2016, the Fee Committee filed a Reply to the Response of Taylor Martino, P.C. to Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20455 and 20475].

## XI. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

1. Plaintiffs' Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction by Plaintiff- Intervenors and Plaintiffs' Steering Committee (R. Doc. 18302).

2. Plaintiffs' Motion to Remove Confidentiality Designation With Respect to Documents Produced By and Testimony of The Taishan Defendants and Third Parties by Plaintiff (R. Doc. 20598).

3. Defendants' Motion to Decertify Class pursuant to 23(c)(1)(C) by Defendants China National Building Materials Company Limited, CNBMIT Co. Ltd., CNBM USA Corp., and United Suntech Craft, Inc. (R. Doc. 20627).

PD.21003066.1

The Court has advised that the following time limits for oral argument will be split by all Plaintiffs/Defendants (*i.e.,* Defendants to split the time between Taishan, BNBM and CNBM):

1.   Motion to Decertify Class - Plaintiffs and Defendants will have 20 minutes each.

2.   Motion to Enforce Contempt Order - Plaintiffs and Defendants will have 30 minutes each.

3.   Motion to Remove Confidential Designation - Plaintiffs and Defendants will have 15 minutes each

XII.   <u>PHYSICAL EVIDENCE PRESERVATION ORDER</u>

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings. Pre-Trial Order 1(I) was entered by the Court on January 24, 2012 [Rec. Doc. 12257] and on March 20, 2015 the Court entered Pre-Trial Order 1(J) [Rec. Doc. 18528].

XIII.   <u>ENTRY OF PRELIMINARY DEFAULT</u>

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted. On February 24, 2012, the Court signed an Entry of Preliminary Default [Rec. Doc. 12599] of certain defendants identified on Exhibit A thereto. Thereafter, additional Motions for Preliminary Defaults and Clarifications were issued by the Court [Rec. Docs Nos. 15412, 15898, 15972, 16030, 17089, 17172, 17722, 17378, 17781, 17792, 17793, 17791, 17800, 17814, 17802,

17815, 17803, 17816]. The PSC has not yet certified to the Court that it has completed the filing of Plaintiffs' amended complaints.

On August 26, 2016, Plaintiffs filed a Notice of Filing the Motion to Fix Damages Under Default Judgment Order which was filed in the Circuit Court for the City of Norfolk, Virginia [Rec. Doc. 20466].

XIV.   STAY ISSUED BY COURT

On August 30, 2016, the Court issued an Order [Rec. Doc. 20480] ordering a stay on the filing of all pleadings but allowed Knauf to file administrative motions relating to Knauf issues [Rec. Doc. 20511].

On September 13, 2016, the PSC filed a Motion to Lift Stay and to File Exhibit Initially Under Seal Until the Court Rules on the PSC's Request to File a Notice of Filing [Rec. Doc. 20497].  On November 21, 2016, an Order [Rec. Doc. 20570] was issued lifting the stay and filing the Plaintiffs' Steering Committee's Notice of Filing [Rec. Doc. 20571].  On September 16, 2016, BNBM PLC filed a Response [Rec. Doc. 20499] to the motion and the PSC filed an additional Motion to Lift Stay and to File Exhibit Initially Under Seal Until the Court Rules on the PSC's Request to File a Notice of Filing [Rec. Doc. 20500] .  On September 19, 2016, the PSC filed a Motion for Leave to File a Reply in Support of Its Motions [Rec. Doc. 20501], leave was granted and the Reply was filed into the record [Rec. Doc. 20572].

On November 21, 2016, the Court issued an Order [Rec. Doc. 20557] lifting the stay established in its August 30, 2016 Order [Rec. Doc. 20480], to allow the filing of pleadings.

## XV.   NEXT STATUS CONFERENCE

The next monthly status conference is scheduled for April 6, 2017, at 9:00

a.m.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman & Katz, LLC**
 **Caldwell &** 820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**


/s/ Harry Rosenberg
Harry Rosenberg (Bar No. 11465)
**Phelps Dunbar LLP**
365 Canal St., Suite 2000
New Orleans, LA  70130
PH:  (504) 566-1311
FAX:  (504) 568-9130
**Liaison Counsel for the Taishan, BNBM,
and CNBM Entities**

/s/ Kerry Miller
Kerry J. Miller (Bar No. 24562)
Daniel J. Dysart (Bar No. 33812)
**Baker, Donelson, Bearman,
 Berkowitz, PC**
201 St. Charles Avenue
Suite 3600
New Orleans, LA  70170
PH:     (504) 566-8646
FAX:   (504) 585-6946
**Knauf Liaison Counsel**

25

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Report No. 88 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL 2047, on this 24th day of February, 2017.

*/s/     Harry Rosenberg*

PD.21003066.1