UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION "L"<br><br>JUDGE FALLON<br><br>MAG. WILKINSON |

### LEAD CONTRACTOR MOSS & ASSOCIATES, LLC'S NOTICE OF FILING ITS POSITION PAPER AND RESPONSE IN OPPOSITION TO DANIEL AND GESSICA TOTH'S NOTICE OF APPEAL OF SPECIAL MASTER'S OPINION AND DECREE

**NOTICE IS GIVEN** that Lead Contractor, Moss & Associates, LLC ("Moss"), by and through undersigned counsel, hereby files its Position Paper and Response in Opposition to Plaintiffs Daniel and Gessica Toth's Notice of Appeal of the Special Master's Opinion and Decree (CM/ECF No. 20647). Moss previously submitted its Position Paper to the Special Master, Daniel J. Balhoff, Esq. to aid in the Special Master's resolution of the dispute as it relates to the drywall remediation of the KPT Property of Plaintiffs Daniel and Gessica Toth, and now submits same to this Court for this Court's consideration in resolving the appeal raised by Plaintiffs Daniel and Gessica Toth. In support of Moss' Response in Opposition to Plaintiffs' Notice of Appeal, Moss states as follows:

1. Plaintiffs' property located at 11039 Muller Road, Fort Pierce, Florida 34945, was remediated by Moss in accordance with the Knauf Settlement Agreement.

2. Moss' remediation of the affected property began on or about February 11, 2013 and on November 25, 2013 the St. Lucie County, Florida Building & Code Regulation Division

1

indicated the Building Final inspection had passed and on December 10, 2013, a Certificate of Occupancy for the affected property was issued.

3. Plaintiffs never submitted a timely request for mediation under the Court's CAP-2013-4 Order, which required claims for mediation to be initiated by a Request for Mediation within 90 days of the receipt of the Certificate of Occupancy.

4. Instead, Plaintiffs waited until May 12, 2016, nearly 2.5 years later, to submit a 90-item list to the Ombudsman, Mr. Louis Velez, for his assistance in reaching a resolution on unresolved punch list issues. On September 9, 2016, this 90-item list was supplemented with a binder of photographs corresponding only with the first 23 items on the list. In fact, Plaintiffs never submitted any back-up documentation for items 24-90 on their itemized list and Plaintiffs never submitted a dollar value for any of the 90 items on the list, despite Moss' request for same. Moreover, some of the items on this 90 item list had been remedied by Moss in 2013 when the parties were still in discussion.

5. Moss was not provided a copy of either this late May 12, 2016 submission to the Ombudsman, Mr. Louis Velez or the September 9, 2016 supporting documentation submission to the Ombudsman until September 15, 2016. *See* **Exhibit 1 (excluding the binder of photographs).** Moss then requested the Special Master's involvement to resolve this monetary dispute.

6. The Special Master held a scheduling conference on October 4, 2016 to set forth the deadlines. Pursuant to that call, Plaintiffs were to supplement their initial submission by October 17th and Moss was to respond by November 8th to those submissions.

7. On October 11, 2016, Plaintiffs requested a four-week extension, through November 17, 2016, to provide their submission to the Special Master, which was granted. Thus, Moss' response deadline was extended until December 12th.

8. On November 16, 2016, Plaintiffs requested a further two-week extension of time, through December 1, 2016, to provide their submission to the Special Master, which was granted.

9. Moss moved forward with its submission on November 28, 2016 on the preliminary issue as to whether the Plaintiffs were precluded from mediation under the CAP-4-2013 Order, reserving the right to supplement its response on December 12th, following receipt of Toth's supplemental papers. *See* **Exhibit 2**. Moss incorporates by reference the arguments and supporting documents attached to its Position Paper on November 28, 2016 as if fully stated herein.

10. Plaintiffs submitted its response brief to Moss' position paper on December 1, 2016. *See* **Exhibit 3**.

11. Following review of the position papers of both parties, the Special Master released his Opinion and Decree on January 22, 2017, finding that under this Court's CAP-2013-4 Order, the untimely request for mediation was barred. *See* **Exhibit 4.** Notably, the Special Master pointed out that in all of the parties' communications in 2013 and 2014, neither Moss nor the homeowners had ever agreed to extend the deadline to request mediation.

12. Plaintiffs are precluded from mediating these issues pursuant to CAP-2013-4 as Plaintiffs did not assert the need for the Ombudsman or the Special Master's involvement until

1357693v1 301707.0201

approximately 2.5 years after the Certificate of Occupancy was issued in December of 2013. Pursuant to CAP-2013-4 Order, Plaintiffs are unable to show good cause for this delay.

13. On February 6, 2017, Plaintiffs filed their Notice of Appeal of the Special Master's Opinion and Decree.  *See* **CM/ECF No. 20647.**

14. Moss filed a Motion to Enroll as Counsel for Moss on February 15, 2017, requesting therein the opportunity to submit a response in opposition to the Notice of Appeal and the opportunity to supplement the Court's record with the documentation previously submitted by Moss to the Special Master as it was not included with Plaintiffs' Notice of Appeal. The Motion to Enroll as Counsel for Moss also requested that this Court grant counsel's request to appear before this Court if required on this matter.  *See* **CM/ECF No. 20662.**

15. This Court granted the Motion to Enroll as Counsel for Moss on February 21, 2017 and, pursuant to same, Moss hereby submits its Position Paper and supporting documentation to supplement the record for this Court.  *See* **CM/ECF No. 20669.**

16. Moss is significantly prejudiced by the Plaintiffs' undue delay in asserting an issue with any of the work performed during the remediation, as many of the claims raised within Plaintiffs' May 12, 2016 demand could have been resolved through a timely warranty claim, but the warranty on those items has now expired, and respectfully requests that this Court affirm the Special Master's Opinion and Decree. In addition, Plaintiffs continued to delay these proceedings even after asserting a claim on May 12, 2016, waiting until September 9, 2016 to submit supporting documentation to the Ombudsman and then receiving a total of six weeks as an extension when the matter was escalated to the Special Master. Despite the significant passage of time, Plaintiffs failed to provide any specifics as to Items 24-90 and failed to assign

dollar values to any of the 90 items of work that they claimed was faulty despite requests for same. The Plaintiffs have not demonstrated any good cause to allow mediation to proceed forward.

   **WHEREFORE**, Lead Contractor, Moss & Associates, LLC, prays for an order affirming the Special Master's Opinion and Decree, which determined that the CAP-2013-4 Order precluded the mediation request as untimely and finding that Toth has not demonstrated good cause to proceed, and for any such other and further relief as this Court deems just and proper.

            Respectfully submitted,

            **TRIPP SCOTT, P.A.**

            */s/ Stephanie C. Mazzola*
            **STEPHANIE C. MAZZOLA (#00077661)**
            110 Southeast Sixth Street, Suite 1500
            Fort Lauderdale, Florida 33301
            Telephone: (954) 525-7500
            Facsimile: (954) 761-8475
            Primary Email: scm@trippscott.com
            Secondary Email: tlk@trippscott.com
            ***Attorneys for Lead Contractor,***
            ***Moss & Associates, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

   I HEREBY CERTIFY that this pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants. According to the CM/ECF docket sheet, all parties to this civil action receive electronic notification. Done on March 6, 2017.

            */s/ Stephanie C. Mazzola*
            **STEPHANIE C. MAZZOLA**

5