**EXHIBIT 2**

Stephanie C. Mazzola
(954) 765.2915
email: scm@trippscott.com

November 28, 2016

**VIA E-MAIL CORRESPONDENCE**
Daniel Balhoff, Esq.
Perry, Atkinson, Balhoff, Mengis &
Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70884-3260
(Balhoff@pabmb.com)

> Re:   *Moss' Preliminary Position Paper regarding CAP 2013-4 Order*
>       **Homeowner: Daniel Toth**
>       **Claimant I.D.: 102251**
>       **Affected Property: 11039 Muller Road, Fort Pierce, Florida 34945**

Dear Mr. Balhoff,

As you know, our firm represents Moss & Associates, LLC ("Moss"), in connection with their dispute with Mr. Daniel Toth regarding the drywall remediation project at the Toth home located at 11039 Muller Road, Fort Pierce, Florida 34945. By way of background, the original start date for the drywall remediation work at the Toth residence was **February 11, 2013** and the original completion date was set for December 11, 2013. *See* **Exhibit "A", Move-Out Notice**. The Toth home passed the GFA inspection on April 2, 2013, wherein the inspector certified that all drywall had been removed and all debris and visible dust had been cleaned from all surfaces, including, but not limited to the floor, walls, ceiling, wall cavities, trusses, joists, studs, pipes, beams, ledges and framing, and certified that there was no detectable odor of Chinese drywall at the completion of removal and cleaning work prior to new drywall installation. *See* **Exhibit "B", Environmental Certification**.

The Toth home passed the Building Final inspection on **November 25, 2013** and the Certificate of Occupancy was issued on **December 10, 2013**. *See* **Composite Exhibit "C", Building Permit, Inspection Card and Certificate of Occupancy**. On December 11, 2013, Moss contacted Mr. Toth's counsel via email to advise that the home was ready for move in and provided the Building Final Inspection/Certificate of Occupancy as well as Environmental Certification. *See* **Exhibit "D", Congratulatory Email**. In that same email, Moss requested Mr. Toth's availability for a walk-through of the home in order for the parties to create a punch-list and also provided the contact information for the prime contractor, mechanical contractor, electrical contractor, plumbing contractor, appliance contractor, and fire sprinkler contractor for any warranty claims that could arise within the one-year warranty period. Mr. Toth did not respond to Moss' request for a walk-through on December 11, 2013, but his counsel did provide that Toth would reach out to coordinate it in the upcoming days. *See* **Composite Exhibit**

**"E", Emails from Moss to Coordinate a Walk-Through**. Following Moss' passing of the building final inspection on November 25, 2013, Moss began to address punch list items raised by the homeowners. For example, on November 26, 2013, Moss sent an itemized response to each issue raised by Mr. Toth in the home. *See* **Exhibit "F", Moss' Email Response to Homeowner Issues on November 26, 2013**. Following issuance of the Certificate of Occupancy on December 10, 2013, two more punch lists were created by Moss on December 18, 2013 and January 3, 2014, but the homeowners refused to sign either punch list. *See* **Composite Exhibit "G"**.

On May 12, 2016 (two plus years later), Mr. Toth's counsel sent correspondence to the Ombudsman alleging that there were unresolved disputes that had arisen between the homeowner and Moss pertaining to the quality and workmanship of the remediation performed by Moss. *See* **Exhibit "H"**. Mr. Toth's counsel did not copy Moss on this correspondence. On September 9, 2016, Mr. Toth's counsel sent a follow-up correspondence to Ombudsman Louis Velez, including the list of 90 homeowner issues with the home and a CD of photographs corresponding with the first 23 items on the list. *See* **Exhibit "I"**. While Mr. Phil Adams of Moss was copied on this correspondence, he did not receive the CD of documents corresponding to the list of alleged deficiencies for the Toth home until September 15, 2016. Because the Ombudsman does not handle monetary amounts between parties, Moss requested intervention of the Special Master. The parties set forth a briefing schedule with the Special Master that required Mr. Toth to submit additional documentation by November 17, 2016. On November 16, 2016, Mr. Toth requested a two-week extension of time to submit same (i.e. through December 1, 2016), which was granted by the Special Master. Moss' response to the additional submission is currently scheduled for December 12, 2016. The Toth matter, per the request of the homeowner is being submitted for the Special Master's review and decision on the papers.

<u>**Brief Memorandum of Applicable Law**</u>

**I.      Toth's Claims are Precluded by Judge Fallon's CAP-2013-4 Order**

First and foremost, Moss would note that Judge Fallon entered a Notice of Approved Claims Administrator Procedures, i.e. "CAP-2013-4 Order" (attached as **Exhibit "J"**) for the drywall remediation matters brought pursuant to the Knauf Settlement on **October 1, 2013** (prior to the receipt of the Certificate of Occupancy in this matter), which requires any claims for mediation to be initiated by a Request for Mediation within **90 days of the receipt of the Certificate of Occupancy, which in this case was received on December 10, 2013. Thus, per Judge Fallon's Order, the deadline to request mediation in this case would have been March 10, 2014.** Toth never submitted a timely request for mediation and instead waited until **May 12, 2016** (more than 2 years past the CAP-4 deadline) to alert Ombudsman Louis Velez that there were unresolved issues with the home, and then waited until **September 9, 2016** to actually articulate what those issues were via a 90-item list. Of the list of 90 items that Toth provided on September 9, 2016 and which Toth asserts are unresolved issues with the remediation of his home, he has only provided photographic support for the first 23 items. Notably on this list of 90 items, at least 13 items appear to be warranty items that

should have been addressed by the homeowner with the correct subcontractor during the one-year warranty period, but were not (*see* Items 14, 29, 30, 31, 38, 42, 44, 45, 48, 57, 58, 71, and 76).[1]

Both May 12, 2016 and September 9, 2016 are well outside the time frame required by the Court's CAP 4 Order, and counsel for Toth is unable to show any good cause for the substantial delay in requesting mediation/Ombudsman intervention. Accordingly, Mr. Toth's Request for Mediation should be denied as it was filed after the deadline and no good cause has been shown.

## II.  Toth's Claims are Precluded by the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 as Toth has Failed to Resolve any Disputes Expeditiously Resulting in Significant Prejudice to Moss

In support of its argument that these claims are untimely, Moss directs the Special Master's attention to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047.  In Section 4.5.1.2.1, the Agreement states:

> In the event that a dispute arises between a KPT Property Owner and the Lead Contractor or Other Approved Contractor over the Remediation Protocol for the individual KPT Property, such dispute shall be submitted to the Special Master who will resolve the dispute. ***The parties shall cooperate with the Special Master to resolve any disputes expeditiously and avoid, to the maximum extent possible, any delay in the remediation.***

The purpose of the dispute resolution provisions of the Settlement Agreement is to ensure that matters get resolved on a timely basis and do not languish indefinitely.  Failing to assert a claim until two plus years after the home is substantially complete is contrary to the objective of the Settlement Agreement and unduly prejudicial to Moss and the subcontractors that were involved with the remediation of this home.  There are many items on the Toth list that could have been resolved through a timely warranty claim, but due to Toth's delay the warranty on those items has now expired.  For example, of the 90 item list, at least thirteen items appear to be warranty items that are now expired (*see* Items 14, 29, 30, 31, 38, 42, 44, 45, 48, 57, 58, 71 and 76).

Moreover, there are items on this list that were addressed by Moss, but still appear on the list.  For example, Item 24: "broken paver at entry steps" appears on the punch list

---

[1] By way of example, Item 14 and 71 note that there is a water leak from the A/C return handler and an issue with the central A/C.  If these issues had been raised timely, they could have been handled by way of a warranty claim.  Items 29, 30, 31, 57, and 58 note electrical issues that should have been addressed with the electrical contractor during the warranty period.  Item 38 raises an issue with the ice maker, which would have been covered by the appliance warranty had it been raised timely.   Items 42, 44, 45, and 48 raise issues with the security system and entertainment system, which again should have been addressed as a warranty claim.

dated November 21, 2013 as Item 11, (*see* **Exhibit "F"**) and next to said entry it states: "This has been replaced as of 11/21/2013." By way of further example, the homeowners complain in Item 1 that the driveway pavers were inadequately covered and oil stained where photos from kick off on February 11, 2013 show that the driveway was covered in oil stains prior to remediation and the homeowners' photos show that driveway protection was in place during remediation. *See* **Composite Exhibit "K"**. In addition, the homeowners complain in Item 23 that they must be reimbursed for replacing a door pan and stucco for exterior door to second floor porch where the photos at kick-off demonstrate that this was a preexisting condition and Moss should not be subject to paying for damage that was preexisting. *See* **Composite Exhibit "L"**. Moss has further photo documentation that additional items complained of now were preexisting and will provide same should this case proceed on the merits.

Should the Special Master disagree, and allow this mediation to proceed in contravention of Judge Fallon's decree adopting CAP 2013-4, Moss is attaching its preliminary itemized response to the list of "Unresolved Issues" submitted by Toth. As Toth will be supplementing its position paper on December 1, 2016, Moss reserves the right to supplement its position paper as well, but respectfully requests a ruling on the CAP-4 issue first.

### Conclusion

This mediation should not go forward due to the fact that intervention by the Ombudsman and later the Special Master was requested beyond the 90 day deadline following receipt of the Certificate of Occupancy. CAP-4 was in effect when this home passed final inspection and obtained its Certificate of Occupancy. Thus, Mr. Toth cannot show good cause for the three-year delay in pursuing Ombudsman/Special Master intervention in this matter, even after submission of multiple punch lists by Moss and attempts by Moss to work through issues immediately following substantial completion of the home. Indeed, Moss requests an award of Mediation Expenses incurred in resolving this dispute as it believes this Mediation request was made in bad faith as described in Section 4.5.1.2.2.

Please do not hesitate to contact us if you should have any questions or if you should require any additional information. We will await your decision as to whether mediation will proceed prior to submitting Moss' substantive position paper. Thank you in advance for your attention to this matter.

Sincerely,

*Stephanie C. Mazzola*

STEPHANIE C. MAZZOLA, ESQ.
For the Firm

SCM/tlk

| Tab: | Disputed Items/Description of Problem: | Moss Response: |
|---|---|---|
| 1 | Driveway pavers inadequately covered and oil stained | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows driveway was covered in oil stains at date of kick off. |
| 2. | Roof tiles broken by electrical contractor. Photo shows that tiles were not broken prior to electrical contractor making repairs. | *Issue precluded by CAP-4; not raised timely.* |
| 3. | Oak stairs were damaged during remediation | *Issue precluded by CAP-4; not raised timely.* |
| 4. | Stairwell chandelier was damaged | *Issue precluded by CAP-4; not raised timely.* |
| 5. | Hallway chandelier near Game Room was damaged | *Issue precluded by CAP-4; not raised timely.* |
| 6. | Baseboards and door casings on first floor do not meet the tile floor | *Issue precluded by CAP-4; not raised timely.* |
| 7. | First floor A/C closet was left unfinished | *Issue precluded by CAP-4; not raised timely.* |
| 8. | The bottom of almost all interior doors were damaged from floor protection | *Issue precluded by CAP-4; not raised timely.* |
| 9. | Floor tile was improperly cut to fit under base board and must be replaced | *Issue precluded by CAP-4; not raised timely.* |
| 10. | Front door was damaged | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows damage to door was preexisting at kick-off. |
| 11. | Homeowner paid a stucco company to make repairs around where exterior door was replaced on second floor. Moss only painted the repaired stucco, which now does not match the rest of the paint (new paint next to older faded paint). Entire wall needs to be repainted. | *Issue precluded by CAP-4; not raised timely.* |
| 12. | Soap dishes in master bath were improperly installed (too high: above head height). | *Issue precluded by CAP-4; not raised timely.* |
| 13. | Drywall was badly finished (visible tape lines and uneven mud application; walls and ceilings) | *Issue precluded by CAP-4; not raised timely.* |
| 14. | Water leak from second floor A/C return handler | *Issue precluded by CAP-4; not raised timely.* |

|     |                                                                                                      | Warranty item, not punch list.  Homeowner did not timely raise it. |
| --- | ---------------------------------------------------------------------------------------------------- | --- |
| 15. | First floor closet was left unfinished after the second floor A/C leak                               | *Issue precluded by CAP-4; not raised timely.* |
| 16. | Precast columns were badly finished                                                                  | *Issue precluded by CAP-4; not raised timely.* |
| 17. | Window was left open, causing water damage to floor                                                  | *Issue precluded by CAP-4; not raised timely.* |
| 18. | Front door was left open                                                                             | *Issue precluded by CAP-4; not raised timely.* |
| 19. | Careless treatment of tile floor                                                                     | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows preexisting damage and rust to tile floor at kick-off. |
| 20. | Photos of Moss' uncompleted punch list                                                               | *Issue precluded by CAP-4; not raised timely.* |
| 21. | Porch on rear side of garage was improperly finished                                                 | *Issue precluded by CAP-4; not raised timely.* |
| 22. | Homeowner needs to be reimbursed for plywood around oval windows destroyed during isonine removal    | *Issue precluded by CAP-4; not raised timely.* |
| 23. | Homeowner needs to be reimbursed for replacing door pan and stucco for exterior door to second floor porch | *Issue precluded by CAP-4; not raised timely.* |
| 24. | Broken paver at entry steps                                                                          | *Issue precluded by CAP-4; not raised timely.* |
| 25. | Ripples in trim in window above front foyer                                                          | *Issue precluded by CAP-4; not raised timely.* |
| 26. | Entry way window jam returns were not sanded correctly or painted correctly                          | *Issue precluded by CAP-4; not raised timely.* |
| 27. | Foyer chandelier was damaged                                                                         | *Issue precluded by CAP-4; not raised timely.* |
| 28. | Formal dining room chandelier was damaged                                                            | *Issue precluded by CAP-4; not raised timely.* |
| 29. | Electrical issues in formal living room (circuit breakers pop)                                       | *Issue precluded by CAP-4; not raised timely.* |

| | | |
|---|---|---|
| | | Warranty item, not punch list. Homeowner did not timely raise it. |
| 30. | Electrical issues when A/C turns on (lights flickering) | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list. Homeowner did not timely raise it. |
| 31. | Electrical issues with home generator (circuit breakers are not correct) | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list. Homeowner did not timely raise it. |
| 32. | Electric panel in downstairs bath was not fastened to wall | *Issue precluded by CAP-4; not raised timely.* |
| 33. | Trim for oval windows on each side of front door needs touch up | *Issue precluded by CAP-4; not raised timely.* |
| 34. | Tile at foyer above stairs was chipped | *Issue precluded by CAP-4; not raised timely.* |
| 35. | Second floor closet drywall has not been replaced/finished and is missing trim | *Issue precluded by CAP-4; not raised timely.* |
| 36. | Closet door in offices is not latching | *Issue precluded by CAP-4; not raised timely.* |
| 37. | Built-in refrigerator will not slide out of cabinet | *Issue precluded by CAP-4; not raised timely.* |
| 38. | Ice maker in refrigerator has never produced ice since homeowner moved back in | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list. Homeowner did not timely raise it. |
| 39. | There is a gap in trim piece in dumbwaiter cabinet in kitchen | *Issue precluded by CAP-4; not raised timely.* |
| 40. | Kitchen island stain color doesn't match color of cabinet where board was repaired | *Issue precluded by CAP-4; not raised timely.* |
| 41. | Kitchen cabinet was scratched above refrigerator | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows damage to cabinets was preexisting at kick-off. |
| 42. | Second floor security pad does not work | *Issue precluded by CAP-4;* |

| | | |
|---|---|---|
| | | *not raised timely.*<br><br>Warranty item, not punch list.  Homeowner did not timely raise it. |
| 43. | Family room security pad is missing cover | *Issue precluded by CAP-4; not raised timely.* |
| 44. | Entire security system does not work | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list.  Homeowner did not timely raise it. |
| 45. | Home surveillance cameras are not working since remediation.  They were supposed ot have been removed and stored during remediation but that was not done. | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list.  Homeowner did not timely raise it. |
| 46. | Precast entertainment center in family room needs dimmer switch installed | *Issue precluded by CAP-4; not raised timely.* |
| 47. | Family room needs access door installed for AV equipment wiring | *Issue precluded by CAP-4; not raised timely.* |
| 48. | Complex TV and entertainment system has not worked correctly since the remediation | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list.  Homeowner did not timely raise it. |
| 49. | Trim around slider door in Family Room needs to be painted to match | *Issue precluded by CAP-4; not raised timely.* |
| 50. | Family Room fireplace needs access door to be installed | *Issue precluded by CAP-4; not raised timely.* |
| 51. | Trim around slider door in Game Room needs touch up | *Issue precluded by CAP-4; not raised timely.* |
| 52. | Tile on top of ledge cutout in Game Room bath needs to be grouted and touched up | *Issue precluded by CAP-4; not raised timely.* |
| 53. | Cabinet in cabana bath is delaminating | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows |

| | | |
|---|---|---|
| | | damage to cabinet in cabana bath was preexisting at kick-off. |
| 54. | Exterior door to cabana bath is peeling | *Issue precluded by CAP-4; not raised timely.* |
| 55. | Upper transom window in Dining Room needs touch up (trim) | *Issue precluded by CAP-4; not raised timely.* |
| 56. | Cap wire for cell tower | *Issue precluded by CAP-4; not raised timely.* |
| 57. | Two fans on back porch are inoperable | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list. Homeowner did not timely raise it. |
| 58. | Other exterior fans are inoperable | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list. Homeowner did not timely raise it. |
| 59. | Notch at base of cabinet in laundry room. Needs to be flush with toe kick. | *Issue precluded by CAP-4; not raised timely.* |
| 60. | Ironing board cabinets in laundry room were not repaired. | *Issue precluded by CAP-4; not raised timely.* |
| 61. | Issue with capitols in master bath | *Issue precluded by CAP-4; not raised timely.* |
| 62. | Listello tile in wrong place in master bath | *Issue precluded by CAP-4; not raised timely.* |
| 63. | Stucco patch back on porch ceiling does not match | *Issue precluded by CAP-4; not raised timely.* |
| 64. | Second floor broken window needs to be replaced | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows second floor window frame was cracked at kick-off. Need clarification if this is the same window alleged. |
| 65. | Second floor stairs are not flush with base board | *Issue precluded by CAP-4; not raised timely.* |
| 66. | Paint line not straight where accented walls and ceilings meet | *Issue precluded by CAP-4; not raised timely.* |

| 67. | Nail punctures visible in flex moulding circle ceiling | *Issue precluded by CAP-4; not raised timely.* |
|---|---|---|
| 68. | Drywall patches in textured ceiling are very visible due to A/C vent too close to crown moulding and being moved | *Issue precluded by CAP-4; not raised timely.* |
| 69. | Buddy is visible in fluted door mouldings | *Issue precluded by CAP-4; not raised timely.* |
| 70. | Light switches and receptacle plate are not level/plumb | *Issue precluded by CAP-4; not raised timely.* |
| 71. | Central A/C does not cool as well as it did prior to remediation | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list.  Homeowner did not timely raise it. |
| 72. | Sound batten and insulation issues: area under the second floor master bedroom that is over the first floor rear porch.  The ceiling of the porch is stucco, but the air space to this ceiling is adjacent to the nook, and during the remediation the sound battens were removed and Botsford specifically told homeowner that after the isonine was replaced in the home, Moss did not put sound battens back, but rather isonine spray foam.  Isonine spray foam is not a sufficient sound barrier.  Homeowner can now hear guests on first floor porch from second floor master bedroom. | *Issue precluded by CAP-4; not raised timely.* |
| 73. | All windows screens are now missing after the remediation | *Issue precluded by CAP-4; not raised timely.*<br><br>Photo documentation shows screens were missing at kick off. |
| 74. | Front door is twisted and needs to be adjusted | *Issue precluded by CAP-4; not raised timely.* |
| 75. | There is a big nick in oak riser bull nose step | *Issue precluded by CAP-4; not raised timely.* |
| 76. | Water softening system has not worked since the remediation | *Issue precluded by CAP-4; not raised timely.*<br><br>Warranty item, not punch list.  Homeowner did not timely raise it. |
| 77. | Homeowner needs to be reimbursed for replacing osmosis water system under kitchen sink | *Issue precluded by CAP-4; not raised timely.* |

| 78. | Exterior paint at downstairs sliding glass door was damaged due to pressure cleaning (where precast was stored during remediation) | *Issue precluded by CAP-4; not raised timely.* |
|-----|-----|-----|
| 79. | HVAC pad needs to be pressure cleaned | *Issue precluded by CAP-4; not raised timely.* |
| 80. | Drywall patch is visible in hallway near garage | *Issue precluded by CAP-4; not raised timely.* |
| 81. | Garage door needs weather stripping added | *Issue precluded by CAP-4; not raised timely.* |
| 82. | Garage door was scratched | *Issue precluded by CAP-4; not raised timely.* |
| 83. | Gutter was scratched above garage | *Issue precluded by CAP-4; not raised timely.* |
| 84. | Florescent lights in garage need to be changed | *Issue precluded by CAP-4; not raised timely.* |
| 85. | Rocks near garage doors are discolored from paint/drywall contractors cleaning in the area | *Issue precluded by CAP-4; not raised timely.* |
| 86. | Rocks along driveway are smashed into dirt below from contractors, PODS, roll off dumpster company, and drywall company putting outriggers on rocks | *Issue precluded by CAP-4; not raised timely.* |
| 87. | Broken stone on fountain | *Issue precluded by CAP-4; not raised timely.* |
| 88. | Stone on exterior fountain needs to be mortared in place | *Issue precluded by CAP-4; not raised timely.* |
| 89. | Sprinkler heads are broken | *Issue precluded by CAP-4; not raised timely.* |
| 90. | Exterior gate is not operating | *Issue precluded by CAP-4; not raised timely.* |



## Revised Move-Out Notice

**Pre-Requisites**

☐ Permit
☐ Funding
☐ Homeowner Selections

Date: 5/9/13

Homeowner: Danny Toth

Address: 11039 Muller Road, Ft. Pierce, FL 34945

In accordance with the Settlement Agreement for the Demonstration Remediation of Homes with KPT Drywall and more specifically the Work Authorization Exhibit F Section II Paragraph 3, the Move-Out Date for the above referenced property **is 2/11/13, Work Duration is 10 months, and the Completion Date is 12/11/13.**

Please refer to the Requirements for Move-Out / Move-In as defined in the Work Authorization Agreement. No work will start until all required items are complete.

Moss and Associates, LLC

_____        _____
Contractor as Agent for Knauf Entities        Date



**EXHIBIT**

A



**Since 1988**

*Florida's Leading Engineering Source*

Environmental · Geotechnical · Construction Materials Testing · Threshold and Special Inspections · Plan Review & Code Compliance

## ENVIRONMENTAL CERTIFICATION

I certify that I have verified the Contractor's certification that all drywall has been removed, including all debris and visible dust, as set forth in the Remediation Protocol, Exhibit F to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047.   This certification is based upon an independent visual inspection of all surfaces in the work area and any adjacent areas (including, but not limited to, floor, walls, ceiling, wall cavities, trusses, joists, studs, pipes, beams, ledges, and framing) that found no dust, debris or residue. Also there was no detectable odor of Chinese drywall at the completion of removal and cleaning work and prior to the start of new drywall installation. In addition, the atmosphere in the house was found to be representative of the atmosphere in houses built without "problem" drywall.


Name:  Toth Residence

Property Address:  11039 Muller Road, Fort Pierce, Florida

Inspection Completed By:   Brandon Leadley

Date Inspection Completed: April 2, 2013


Respectfully Submitted,
GFA International
FBPA CA # 4930

Donald W. Moler, P.E.
Professional Engineer # 60675
State of Florida



**EXHIBIT**

B

---

521 NW Enterprise Drive  •  Port St. Lucie, Florida  34986  •  (772) 924-3575  •  (772) 924-3580 (fax)  •  www.teamgfa.com



*St. Lucie County*

Planning & Development Services
Building & Code Regulation Division
2300 Virginia Avenue
Fort Pierce, FL. 34982
Phone:(772)462-2172  Fax:(772)462-6443

# BUILDING PERMIT

Online address: http://www.stlucieco.org/planning/permitting.htm
Quick Links:
Permit Status Lookup
Online Building Inspection System

---

Permit #: **SLC 1302-0172**       Confirmation #: **763**       Issued: **3/25/2013**

Job Location: **11039 MULLER RD**                     City: **FORT PIERCE**

Permit Type: **Building (Miscellaneous)**       Status: **ISS**       Date Expired: **09/25/2013**

Job Description:   **CHINESE DRYWALL REMEDIATION - REFER TO PERMIT #0605-0189.**


Subdiv:

Lot:  6                      Block:                      Parcel: **2333-800-0007-000/4**

Setbacks  Left:       Right:       Front:       Rear:       Zoning: **AG-2.5**

Number of Units:  **1**       Floors:       Buildings: **1**       Square Footage:

Flood Map:       Flood Zone: **AE**       Elev: **20**

---

| Contractor | JOSEPH L HARRIS | MOSS & ASSOCIATES LLC | (954) 769-8226 |
| | 2234 N FEDERAL HWY #491 | BOCA RATON, FL 33431 | |

---

| Property Owner | DANIEL TOTH | | (772) 344-9400 |
| | 11039 MULLER ROAD | FORT PIERCE, FL 34945 | |

---

| Property Owner | JESSICA TOTH | | (772) 201-3181 |
| | 111039 MULLER ROAD | FORT PIERCE, FL 34945 | |

---

Permit holder acknowledges through acceptance of this permit that separate permits must be obtained as required by the Florida Building Code including those for all electric, plumbing, mechanical, roofing and structural work. Further he/she acknowledges responsibility to comply with all requirements of the 2007 Florida Building Code and the St Lucie County Land Development Code.

Issuance of this permit may be appealed to the St. Lucie county Board of Adjustment by an aggrieved party by filing a notice of appeal with St. Lucie County Growth Management Director within thirty (30) days of the issuance of this permit in accordance with St. Lucie County Land Cevelopment Code, Section 11.11.00., Appeals.

Building Permits shall expire and become null and void if work authorized by such Building Permit is not commenced, having called for and received a satisfactory Inspection within six (6) months from the date of issuance of the permit or if work is not completed within 18 months (permit by contractor) or 24 months (permit by owner) from the date of issuance of the Building Permit in accordance with St Lucie County Land Development Code Section 11.05.01 (A)(2).

NOTICE:  In addition to the requirements of this permit, there may be additional restrictions applicable to this property that may be found in the records of this county, and there may be additional permits required from other governmental entities such as water management disitricts, state agencies, or federal agencies. s:553.79(10), F.S.

WARNING TO OWNER:  YOUR FAILURE TO RECORD A NOTICE OF COMMENCEMENT MAY RESULT IN YOU PAYING TWICE FOR IMPROVEMENTS TO YOUR PROPERTY.  a NOTICE OF COMMENCEMENT MUST BE RECORDED AND POSTED ON THE JOB SITE VEFORE THE FIRST INSPECTION.  IF YOU INTEND TO OBTAIN FINANCING, CONSULT WITH YOUR LENDER OR AN ATTORNEY BEFORE RECORIDNG YOU NOTICE OF COMMENCEMENT. s:713.135 (10(a), F.S.

**Kenneth Arnold**

_____                          _____
Building Official                                                        Date

**EXHIBIT**

**C**

*St. Lucie County*

**Planning & Development Services**
**Building & Code Regulation Division**
2300 Virginia Avenue
Fort Pierce, FL. 34982
Phone:(772)462-2172  Fax:(772)462-6443

# Inspection Card

Permit # : 1302-0172
Online address:
http://www.stlucieco.org/planning/permitting.htm
Quick Links:
Permit Status Lookup
Online Building Inspection System

**Page 1 of 2**

| | | | | |
|---|---|---|---|---|
| Permit# | SLC- 1302-0172 | Confirmation #: | 763 | Status ISS |
| Issued: | 3/25/2013 | Type: | Building (Miscellaneous) | |
| Job Location: | 11039 Muller Rd | City: | Fort Pierce | |
| Jurisdiction: | St Lucie County | Parcel: | 2333-800-0007-000/4 | |
| Subdivision: | | | Lot: 6 | Block: |
| Flood: | AE | Elev: | 20 | Flood Map: 170F |
| Set backs: | Left: | Right: | Front: | Rear: |

Job Description:   Chinese Drywall Remediation - Refer To Permit #0605-0189.

| | | | |
|---|---|---|---|
| Contractor | Joseph L Harris | Moss & Associates Llc | (954) 524-5678 |
| | 2234 N Federal Hwy #491 | Boca Raton, FL  33431 | |
| Property Owner | Daniel Toth | | (772) 344-9400 |
| | 11039 Muller Road | Fort Pierce, FL  34945 | |
| Property Owner | Jessica Toth | | (772) 201-3181 |
| | 111039 Muller Road | Fort Pierce, FL  34945 | |

## SUB-PERMITS

| Permit No | Status | Permit Type | Cert # | DBA | Owner/Builder | Job Desc. |
|---|---|---|---|---|---|---|
| 1302-0172-01 | Pending | Electrical | 27517 | Aapex Electric Inc | | |
| 1302-0172-01 | Pending | Electrical | 27517 | Aapex Electric Inc | | |
| 1302-0172-02 | Pending | Plumbing | 8352 | Meeks Plumbing Inc | | |
| 1302-0172-03 | Pending | DON'T USE Mechanical/HVAC | 25782 | A/C Advantage Inc | | |
| 1302-0172-03 | Pending | DON'T USE Mechanical/HVAC | 25782 | A/C Advantage Inc | | |

Inspection Notes:

For the automated inspection system call (866) 284-1280.  To schedule an inspection online go to http://codeinspectionpublic.stlucieco.gov.  All inspections requested prior to 9:00 PM will be scheduled for the next business day. Inspection requests between 9:00 PM Friday and 9:00 PM Monday will be scheduled for the following Tuesday. If you require any assistance please contact the Building Department at (772) 462-2172.

| Permit # | Type | Description | Priority | Sched. Date | Res | Description | Inspector | Insp. Date |
|---|---|---|---|---|---|---|---|---|
| 1302-0172 | 650 | Frame-all | 1 — | 4/30/13 | | | | |
| 1302-0172 | 141 | Insulation | 2 — 5/10/13 | | | | | |
| 1302-0172 | 180 | Building Final | 3 — | 11/25/13 | | | | |

Report prepared on 3/25/2013 11:38:37 AM

*St. Lucie County*

**Planning & Development Services**
**Building & Code Regulation Division**
2300 Virginia Avenue
Fort Pierce, FL. 34982
Phone:(772)462-2172  Fax:(772)462-6443

**Inspection Card**
Permit # : 1302-0172
Online address:
http://www.stlucieco.org/planning/permitting.htm
Quick Links:
Permit Status Lookup
Online Building Inspection System

**Page 2 of 2**

| 1302-0172 | 999 | Final Inspection | 3 | — 11/25/13 |
|-----------|-----|------------------|---|------------|
| | | **Total Inspections:** | 4 | |



*St. Lucie County*

**Planning & Development Services
Building & Code Regulation Division
2300 Virginia Avenue
Fort Pierce, FL. 34982
Phone:(772)462-2172  Fax:(772)462-6443**

## Certificate of Occupancy
Online address: http://www.stlucieco.org/planning/permitting.htm
Quick Links:
Permit Status Lookup
Online Building Inspection System

This certificate is issued pursuant to the requirements of the Florida Building Code certifying that at the time of issuance this structure was in compliance with the various ordinances of St. Lucie County regulating building construction or use. For the following:

| **Building Permit No. -  1302-0172** |
| --- |

| | |
| --- | --- |
| **Parcel/Folio #:** | 2333-800-0007-000/4 |
| **Lot#:** | 6 |
| **Block:** | |
| **Subdivision:** | |
| **Building Address:** | 11039  MULLER RD |
| **Legal Description:** | OAK CREEK ESTATES S/D LOT 6 |
| **Permit Job Description:** | CHINESE DRYWALL REMEDIATION - REFER TO PERMIT #0605-0189. |
| **Permit Finaled:** | 11/25/2013 |

| Contractor | JOSEPH L HARRIS<br>2101 N ANDREWS AVE #300 | MOSS & ASSOCIATES LLC<br>FT LAUDERDALE, FL  33311 | (954) 769-8226 |
| --- | --- | --- | --- |
| Property Owner | DANIEL TOTH<br>11039 MULLER ROAD | FORT PIERCE, FL  33311 | (772) 344-9400 |
| Property Owner | JESSICA TOTH<br>111039 MULLER ROAD | FORT PIERCE, FL  33311 | (772) 201-3181 |

Kenneth Arnold

**Building Official**

Tuesday, December 10, 2013

**Date Printed**

## Note:

This Certificate of Occupancy is issued to the above named for building at the above named location only upon the express provision that the applicant will abide by and comply with all the conditions of the Zoning Ordinances and all Ordinances or Building Codes of Saint Lucie County pertaining to the erection, construction or remodeling of buildings or structures.

This also certifies that the electrical wiring and/or equipment and the plumbing work have been inspected and approved,  The issuance of this certificate grants permission to occupy and use the property described herein only for the use indicated.  Any change in use will require a new Certificate of Occupancy.

## POST IN A CONSPICUOUS PLACE

| From: | Zach Tapley |
|---|---|
| ent: | Wednesday, December 11, 2013 3:55 PM |
| To: | gweiss@mrachek-law.com; Patrice Symons |
| Cc: | Mike Bell; Chris Krause; Alex Rodriguez; Tim Harris; Guy Reese; Zach Tapley |
| Subject: | Substantial Completion/Certificate of Occupancy - Toth - 11039 Muller Road, Ft. Pierce, Fl |
| Attachments: | 11039-TOTH-FTPIERCE_GFA-Environmental Cert.PDF; ATT00001.htm; Report_FL_Certificate_Of_Occupancy_jrf.pdf; ATT00002.htm |

Good Afternoon Greg,

Congratulations, this correspondence is to inform you that the Toth residence is now substantially complete and ready to move in. Please find the attached Bldg Final/CO and Environmental Certification for your use. The attached documentation should serve to satisfy the requirements of Exhibit F within the work authorization agreement for substantial completion.

Please advise us as to when your client will be available for their final walk-through to create the punch-list and take possession of the keys to the home. In addition, please be aware that punch list and associated items do not affect the homeowner's ability to move in and use the home for its intended purpose. Moss and its subcontractors will work around the homeowners schedule to make sure these items are completed.

At this point in time we request that you advise your client to contact their local utility companies (Gas, Telephone, Television, Security, etc.) to reconnect any and all utilities that were disconnected prior to the remediation.

In accordance to the Work Authorization Agreement, the warranty period begins on the day the project attains substantial completion and is valid for one year from this date. Please refer to pages 7-8 of the Work Authorization Agreement for further clarification and definition of the Warranty Period.

Should you encounter a warranty claim or concern, we request that prior to contacting Moss, you first contact the applicable subcontractor.

1.  Prime Contractor:

| Botsford Builders | Ernie Filakosky | 772-475-1766 | dee@botsfordbui |
|---|---|---|---|

2.  Mechanical Contractor:

| AC Advantage | Chris Rizzo | (772) 336-7366 | chris@acadvanta |
|---|---|---|---|

**EXHIBIT**

D

3.  Electrical Contractor:

| Aapex Electric | Paul Romano | 772-607-9494 | aapexelectric@y... |
|---|---|---|---|

4.  Plumbing Contractor:

| Meeks Plumbing | Service Center | 772-569-2285 | sbuday@meeksplu... |
|---|---|---|---|

5.  Appliance Contractor: Builders Appliances, Bobby Brugera, 1045 10th Street #502 Miami Beach, FL 33139, 954-298-4996, warranty@BUILDERSASI.COM
6.  Fire Sprinkler Contractor: N/A


If you do not receive reasonable attention to your warranty concerns from the Subcontractor, we request that you contact us at either 1-888-916-6778 or drywall@mossemail.com immediately.


Feel free to contact me if you have any questions or concerns.



*Zachary Tapley*

*Project Engineer*| **Moss & Associates**
 o (954) 769-8112  | f (954) 563-8681 | m (561) 400-2949

2101 N. Andrews Ave., Suite 300, Fort Lauderdale, Fl 33311

Begin forwarded message:

**From:** Patrice Symons <PSymons@mrachek-law.com>
**Date:** December 9, 2013 at 4:28:45 PM EST
**To:** Zach Tapley <ztapley@mossemail.com>
**Cc:** Gregory Weiss <GWeiss@mrachek-law.com>, Danny Toth
<danny_1stclassconstruction@yahoo.com>
**Subject: RE: Toth Residence - Homeowner Walk Thru**

Dear Zachary,

I spoke briefly with Mr. Toth.  Unfortunately, he is not available for the final walk through on
Wednesday (12/11).  He will be in contact with you to coordinate another date.

Patrice

**From:** Zach Tapley [mailto:ztapley@mossemail.com]
**Sent:** Monday, December 09, 2013 3:42 PM
**To:** Patrice Symons
**Subject:** RE: Toth Residence - Homeowner Walk Thru

Patrice,

No Mr. Toth has become increasingly difficult to get a hold of, and coordinate with on our end.  Would you
please try to confirm if he will be available Wednesday afternoon to walk his home for the punch list?

*Zachary Tapley*
*Project Engineer*| **Moss & Associates**
 o (954) 769-8112  | f (954) 563-8681 | m (561) 400-2949
 2101 N. Andrews Ave., Suite 300 Fort Lauderdale, Fl 33311



1

**From:** Patrice Symons [mailto:PSymons@mrachek-law.com]
**Sent:** Monday, December 09, 2013 3:40 PM
**To:** Zach Tapley
**Subject:** RE: Toth Residence - Homeowner Walk Thru

Dear Mr. Tapley,

Were you able to reach Mr. Toth?


**Patrice Symons, Paralegal to Gregory S. Weiss, Esq.**
**psymons@mrachek-law.com**



**505 South Flagler Drive, Suite 600**
**West Palm Beach, Florida 33401**
**561.655.2250 Phone**
**561.655.5537 Fax**

CONFIDENTIALITY NOTE: THE INFORMATION CONTAINED IN THIS TRANSMISSION IS LEGALLY PRIVILEGED AND CONFIDENTIAL, INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVE A COPY OF THIS COMMUNICATION IN ERROR, PLEASE *IMMEDIATELY* (1) REPLY BY E-MAIL TO US, AND (2) DELETE THIS MESSAGE.

TAX DISCLOSURE NOTE: To ensure compliance with requirements imposed by the Internal Revenue Service (Circular 230), we inform and advise you that any tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding penalties that may be imposed under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transactions or matters addressed herein.


**From:** Zach Tapley [mailto:ztapley@mossemail.com]
**Sent:** Monday, December 09, 2013 8:19 AM
**To:** 'Danny Toth'
**Cc:** Gregory Weiss; Mike Bell; Patrice Symons; 'ernie botsford'; Alex Rodriguez; Tim Harris; Guy Reese; Chris Krause
**Subject:** RE: Toth Residence - Homeowner Walk Thru

Danny,

Is this time and date for the final walk thru agreeable to you?  Please respond if not, so we can make other arrangements for the final walk thru.

*Zachary Tapley*

*Project Engineer*| **Moss & Associates**
o (954) 769-8112  | f (954) 563-8681 | m (561) 400-2949
2101 N. Andrews Ave., Suite 300, Fort Lauderdale, Fl 33311

---

**From:** Zach Tapley
**Sent:** Friday, December 06, 2013 2:20 PM
**To:** 'Danny Toth'
**Cc:** Gregory Weiss; Mike Bell; Patrice Symons; ernie botsford; Alex Rodriguez; Tim Harris
**Subject:** Toth Residence - Homeowner Walk Thru
**Importance:** High

Good Afternoon Danny,

We have obtained the Certificate of Occupancy at your home, and would like to proceed with scheduling the final walk thru for Wednesday 12/11 at 2:00 PM.  Please confirm that you will be available to meet at that time in order to create a punch list..  If you have any questions please feel free to contact me.

Regards,

*Zachary Tapley*
*Project Engineer*| **Moss & Associates**
o (954) 769-8112  | f (954) 563-8681 | m (561) 400-2949
2101 N. Andrews Ave., Suite 300, Fort Lauderdale, Fl 33311

**From:** Gregory Weiss [mailto:GWeiss@mrachek-law.com]
**Sent:** Thursday, December 12, 2013 11:00 AM
**To:** Zach Tapley <ztapley@mossemail.com>; Patrice Symons <PSymons@mrachek-law.com>
**Cc:** Mike Bell <mbell@mossemail.com>; Chris Krause <ckrause@mossemail.com>; Alex Rodriguez
<arodriguez@mossemail.com>; Tim Harris <THarris@mossemail.com>; Guy Reese <GReese@mossemail.com>
**Subject:** RE: Substantial Completion/Certificate of Occupancy - Toth - 11039 Muller Road, Ft. Pierce, Fl

Thanks.  We have asked the client to coordinate the date for the walk through.  I appreciate your work in this matter.
]Greg

**From:** Zach Tapley [mailto:ztapley@mossemail.com]
**Sent:** Wednesday, December 11, 2013 3:55 PM
**To:** Gregory Weiss; Patrice Symons
**Cc:** Mike Bell; Chris Krause; Alex Rodriguez; Tim Harris; Guy Reese; Zach Tapley
**Subject:** Substantial Completion/Certificate of Occupancy - Toth - 11039 Muller Road, Ft. Pierce, Fl

Good Afternoon Greg,

Congratulations, this correspondence is to inform you that the Toth residence is now substantially
complete and ready to move in. Please find the attached Bldg Final/CO and Environmental Certification
for your use. The attached documentation should serve to satisfy the requirements of Exhibit F within the
work authorization agreement for substantial completion.

Please advise us as to when your client will be available for their final walk-through to create the punch-
list and take possession of the keys to the home. In addition, please be aware that punch list and
associated items do not affect the homeowner's ability to move in and use the home for its intended
purpose. Moss and its subcontractors will work around the homeowners schedule to make sure these
items are completed.

At this point in time we request that you advise your client to contact their local utility companies (Gas,
Telephone, Television, Security, etc.) to reconnect any and all utilities that were disconnected prior to the
remediation.

1

In accordance to the Work Authorization Agreement, the warranty period begins on the day the project attains substantial completion and is valid for one year from this date. Please refer to pages 7-8 of the Work Authorization Agreement for further clarification and definition of the Warranty Period.

Should you encounter a warranty claim or concern, we request that prior to contacting Moss, you first contact the applicable subcontractor.

1. Prime Contractor:

| Botsford Builders | Ernie Filakosky | 772-475-1766 | dee@botsfordbui |
|---|---|---|---|

2. Mechanical Contractor:

| AC Advantage | Chris Rizzo | (772) 336-7366 | chris@acadvanta |
|---|---|---|---|

3. Electrical Contractor:

| Aapex Electric | Paul Romano | 772-607-9494 | aapexelectric@ya |
|---|---|---|---|

4. Plumbing Contractor:

| Meeks Plumbing | Service Center | 772-569-2285 | sbuday@meeksplu |
|---|---|---|---|

5. Appliance Contractor: Builders Appliances, Bobby Brugera, 1045 10th Street #502 Miami Beach, FL 33139, 954-298-4996, warranty@BUILDERSASI.COM
6. Fire Sprinkler Contractor: N/A

If you do not receive reasonable attention to your warranty concerns from the Subcontractor, we request that you contact us at either 1-888-916-6778 or drywall@mossemail.com immediately.

Feel free to contact me if you have any questions or concerns.

*Zachary Tapley*

*Project Engineer*| **Moss & Associates**
o (954) 769-8112  | f (954) 563-8681 | m (561) 400-2949

2101 N. Andrews Ave., Suite 300, Fort Lauderdale, FL 33311

**From:** Zach Tapley
**Sent:** Tuesday, November 26, 2013 10:07 AM
**To:** 'Gregory Weiss' <GWeiss@mrachek-law.com>; 'Patrice Symons' <PSymons@mrachek-law.com>
**Cc:** Guy Reese <GReese@mossemail.com>; Chris Krause <ckrause@mossemail.com>; Alex Rodriguez <arodriguez@mossemail.com>; Tim Harris <THarris@mossemail.com>
**Subject:** Toth Residence - Work To Complete

Good Morning Greg,

Attached you will find the list if issues brought forth by Mr. Toth, and Moss response to each. At this point we are nearing completion of the home, and many of the items called out will be completed as part of the normal process of punch list work. Moss has been visiting the home frequently to ensure that the home will be completed on time and in excellent condition.

Thank you for the open lines of communication in regards to this home and homeowner as we have gone through this process. If you have any questions please feel free to contact me at anytime.

Respectfully,

*Zachary Tapley*
*Project Engineer|* **Moss & Associates**
 o (954) 769-8112 | f (954) 563-8681 | m (561) 400-2949
 2101 N. Andrews Ave., Suite 300, Fort Lauderdale, Fl 33311



1

## Toth Residence H/O Construction Issues



**Date:**   Thursday, November 21st, 2013

| Item | Room | Homeowner Comment | Action |
|---|---|---|---|
| 1 | Exterior | Security camera's were never detached as per scope | Security cameras were detached and reset as per Scope of Work. |
| 2 | Exterior | Rear porch lights were never detached as per scope | The exterior porch lights were not in contact with any CDW and were not being replaced per the Scope of Work.  It was not necessary to detach these lights. |
| 3 | Exterior | Wiring over porch was not replaced | No CDW was present in ceiling above porch and there was no access to wiring which is why the hole in the ceiling was cut to prove this to the homeowner.  GFA was completed and passed, and all wiring effected by CDW was replaced. |
| 4 | Oval/arch windows | Plywood cut out around windows and not replaced | Moss nor our subcontractors removed plywood.  Framing inspection passed on 4/30/2013. |
| 5 | 2nd Floor exterior door | There was a copper door pan that was exposed to the inside of the living area that was corroded, this door pan was missed in the scope but became known in the 1st week of demo.  Moss and Botsford both knew this problem and didn't want to fix it, I was again told if I didn't want it fixed that I was to cut the stucco in-order to remove the door.  I was to purchase the threshold, fix the cut stucco, and and repaint the exterior wall. | Any work relating to stucco will be repaired in relation to this item. |
| 6 | Exterior | Stucco patch back porch ceiling that doesn't match | The patch will be completed as part of normal punch list work. |
| 7 | 2nd Floor exterior door | Stucco repair same as ceiling repair but my hired stucco company did the repair and at this point needs painted | This will be completed as part of normal punch list work. |
| 8 | 2nd Floor | Broken window | This will be replaced. |
| 9 | Roof | Broken roof tile where people accessed the 2nd floor from rear porch balcony | This will be repaired. |
| 10 | Fountain | Broken stone on fountain | Will be replaced as part of punch list work. |
| 11 | Entry Steps | Broken paver at entry | This has been replaced as of 11/21/2013. |
| 12 | Exterior | River rocks stone flower beds that are along both sides of driveway | This will be replaced as part of normal punch list work. |
| 13 | Exterior | Rocks near garage doors decolored from paint/drywall contractors cleaning out there | Additional rock will be added. |
| 14 | Exterior | Rocks along driveway are smashed into dirt below from contractors, PODS, roll off dumpster company, drywall company putting outriggers on rocks, all these companies accessing drive and tires going off sides of drive and driving on rocks (driveway is approx. 16' wide but with the fountain and round about in the center of the driveway it is very hard to maneuver a big truck without going of sides of pavers, and if there is other cars on driveway it's impossible to stay off driveway. | Additional rock will be added. |
| 15 | Exterior | There is drains and plastic corregated drain pipes the go under the driveway and go down sides of driveway, my concerns that these pipes are collapsed because of the contractors not staying on driveway, its unknown at this point because driveway is still covered with plywood. | Remaining driveway protection is being removed this week.  There is no damage done to the drain pipes under driveway at this time as observed 11/21/2013. |

1 of 3

## Toth Residence H/O Construction Issues



**Date:** Thursday, November 21st, 2013

| Item | Room | Homeowner Comment | Action |
|------|------|-------------------|--------|
| 16 | Driveway | Concerned with stain from soda blating machine during isonine removal, stains on driveway from vehicles at times that plywood was not placed on driveway correctly or corrected and lined back up from contractors maneuvering around circle and turning wheel, or from weather. | The driveway has been protected from the beginning of the remediation to ensure no damage. The driveway protection was in place during soda blasting. Pictures taken at kick off document stains and condition of driveway prior to remediation. |
| 17 | Front door | Scratched | Photos show scratches on front door at kick-off. |
| 18 | Garage Door | Scratched | Photos show scratches on garage at kick off. |
| 19 | Stair well | Medallion over stair wall scratched/chipped | Will be completed as part of normal punch list work. |
| 20 | Game room | Ceiling texture a/c vents were wrong when corrected the ceiling patch does not match | Texture around vents has been corrected as of 11/20/2013 |
| 21 | Living Room | Ceiling texture does not match | Clarification needed. |
| 22 | Dining Room | Texture does not make around a/c vent | Texture around vents has been corrected as of 11/20/2013 |
| 23 | Interior | Doors twisted from storing | Doors hung and no visible evidence of warping observed. |
| 24 | Interior | Bottom of doors are pealing from when doors were installed and being opened/closed over top of floor protection | This will be completed as part of normal punch list work. |
| 25 | Interior | Some doors are rubbing against floor when you open and close | Will be repaired as part of normal punch list work. |
| 26 | Interior | Window sills per scope were supposed to get replaced but only the ones that were broken during removal were actually the only ones to be replaced | Sills were replaced per scope of work. |
| 27 | Interior | There are gaps under the sills between the sill and the drywall | Non issue. |
| 28 | Interior | There is one window sill that the colors are different between the two sills the butt up against each other, the window sill is in the nook the miter joints don't line up with the 22.5 miter joints in the window frame | No color difference was observed on 11/21/2013. Mitered edges are being reworked as part of normal punch list work. |
| 29 | Stair well | Base board stairs heavy caulking between base board and drywall | Caulking on baseboard along stairs is industry standard. |
| 30 | Stair well | Base board stairs doesn't meet flush with base board 2nd floor | This will be repaired as part of normal punch list work. |
| 31 | Stairs | Big nick in oak riser bull nose step | Will be repaired as part of normal punch list work. |
| 32 | Kitchen | Stain color doesn't match color of cabinet where told board was repaired on kitchen island | Will be repaired as part of normal punch list work. |
| 33 | Kitchen | Stain and buddy where repaired dumb waiter where screw was coming out the face | Already repaired 11/21/2013. |
| 34 | Wet Bar | Stain color for wine bar rack repaired | Clarification needed. |
| 35 | No designation | Paint line not straight where accented walls and ceilings meet | This will be repaired. |
| 36 | Spare bathroom | Zero grout lines spare bathrooms, supposed to have grout lines | There are grout lines in bathroom. All tile was approved by homeowner. |
| 37 | No designation | Thickness of marble on window sills | Clarification needed. Grout lines observed 11/21/2013. |
| 38 | Kitchen | Marble returns at glass block windows kitchen-marble is cocoving edges of glass block, glass block should be fully visible. | Granite homeowner selected is thicker than what was previously installed. This is causing a small portion of the glass block to be covered which wasn't prior. |
| 39 | Kitchen | Kitchen cabinet scratched above fridge | No scratch observed on 11/21/2013. Clarification needed. |
| 40 | No designation | Nails punctures visible in flex molding circle ceiling | This will be repaired as part of normal punch list work. |
| 41 | No designation | Buddy visible in fluted door moldings | This will be repaired as part of normal punch list work. |

2 of 3

**Toth Residence H/O Construction Issues**



**Date:**   Thursday, November 21st, 2013

| Item | Room | Homeowner Comment | Action |
|---|---|---|---|
| 42 | Entry Way | Window jam returns not sanded right or painted right- the arch above front door the imperfections are very visible | This will be repaired as part of normal punch list work. |
| 43 | Office | Bow in inside corner of drywall in office and bedroom right side of front door | No bow observed on 11/21/2013. |
| 44 | Garage Hallway | Drywall patch visible in hallway near garage | This will be repaired as part of normal punch list work. |
| 45 | Master Bedroom | Drywall finish walls master bedroom exterior wall 2nd floor | Consistent with level 4 drywall as previously installed. |
| 46 | Living Room | Drywall finish walls in living room with high ceiling | Consistent with level 4 drywall as previously installed. |
| 47 | Bathroom 3 | Drywall finish spare bathroom left of garage | Consistent with level 4 drywall as previously installed. |
| 48 | Hallway/Foyer | Drywall finish right side hallway/foyer | Consistent with level 4 drywall as previously installed. |
| 49 | No designation | Round drywall bull nose still visible through paint | Consistent with level 4 drywall as previously installed. |
| 50 | Laundry | Iron board cabinets still not repaired | Will be repaired as part of normal punch list work. |
| 51 | No designation | Light switches and receptacle plate not level/plumb | Completed as of walk thru on 11/21/2013. |

_____

Owner Signature                    Date

12-18-13

 MOSS

## 11039-TOTH-FT PIERCE

Residence

Homeowner Punch list

*** IF THERE ARE NO OUTSTANDING ITEMS TO NOTE, PLEASE MAKE A NOTE OF THIS IN THE FIELD BELOW AND SIGN AND DATE THE BOTTOM OF THIS DOCUMENT

| Item Number | Room | Location / Reference | Issue | Responsible Party | Status | Comments |
|---|---|---|---|---|---|---|
| 1 | Cabana Bath | Cabinet | Cabinet front delaminating | Botsford | | |
| 2 | Dining Room | Trim | Touch up upper transom window in dining room | Botsford | | |
| 3 | Downstairs Bath | Electric Panel | Fasten to wall | Aapex | | |
| 4 | Exterior | Gate | Gate not operating | Aapex | | H/O to provide keypad removed at kick off |
| 5 | Exterior | Sprinkler | Sprinkler heads busted | Botsford | | |
| 6 | Exterior | Fountain | Stone on fountain needs to be mortared in place | Botsford | | |
| 7 | Exterior | Garage Door | Garage door Scratched | N/A | | Photos at kick off show scratches |
| 8 | Exterior | Gutter | Gutter scratched above garage | N/A | | Photos at kick off show scratches |
| 9 | Exterior | Front Door | Front door scratched | N/A | | Photos at kick off show scratches |
| 10 | Exterior | HVAC Pad | Pressure clean side patio/condensing unit pad | Botsford | | |
| 11 | Exterior | | Cap wire for cell tower | Aapex | | |
| 12 | Exterior | Back Porch | 2 fans on back porch inoperable | Aapex | | |
| 13 | Exterior | | Cabana bath exterior door paint peeling | N/A | | Photos at kick off show same condition |
| 14 | Exterior | Fans | Fans inoperable need to be replaced | Aapex | | H/O working with electrician on selection |
| 15 | Exterior | Roof | Cracked roof tile will be joined with roofers cement | Botsford | | |
| 16 | Family Room | Fireplace | Install access door next to fireplace | Botsford | | |
| 17 | Family Room | Electric | Install dimmer switch for canned lights in precast entertainment center | Aapex | | |
| 18 | Family Room | Slider Trim | Paint inside trim around slider door to match color of room | Botsford | | |
| 19 | Family Room | Security Keypad | Missing cover | Aapex | | |
| 20 | Family Room | Entertainment | Install access door for AV equipment wiring | Botsford | | |
| 21 | Front Foyer | Trim | Ripples in trim in window above door | Botsford | | |



EXHIBIT
"Composite"
G

| 22 | Front Foyer | Trim | Touch up oval windows on each side of front door | Botsford | | |
| 23 | Game Room | Slider Trim | Paint inside trim around slider door to match color of room | Botsford | | |
| 24 | Game Room Bath | Tile | Tile on top of ledge cutout to be grouted and touched up | Botsford | | |
| 25 | Garage | Door | Add weather stripping to door | Botsford | | |
| 26 | Garage | Lighting | Change bulbs in fluorescent lights | Botsford | | |
| 27 | Hall to Game Room | Light Fixture | Crack in light fixture | Aapex | | |
| 28 | Kitchen | Dumbwaiter cabinet | Gap in trim piece | Botsford | | |
| 29 | Laundry Room | Cabinet | Notch at base of cabinet.  Cut to be flush with toe kick. | Botsford | | |
| 30 | Master Bath | Columns | Issue with capitols | N/A | | Capitols and columns made from mold of columns that were existing in home. |
| 31 | Master Bath | Tile | Listello tile in wrong place | Botsford | | |
| 32 | Office | Closet Door | Closet door not latching | Botsford | | |
| 33 | Office | Entry Door | Twisted needs to be adjusted | Botsford | | |
| 34 | Stairs | | Stairs to be sanded and refinished | Botsford | | |
| 35 | Throughout | | Drywall touch up to be done throughout | Botsford | | H/O has blue tape marking areas of concern |
| 36 | Throughout | | Paint touch up throughout | Botsford | | H/O has blue tape marking areas of concern |

Owner Signature

Date

Owner Signature

Date

1-3-14



**11039-TOTH-FT PIERCE**

Residence

Homeowner Punch list

*** IF THERE ARE NO OUTSTANDING ITEMS TO NOTE, PLEASE MAKE A NOTE OF THIS IN THE FIELD BELOW AND SIGN AND DATE THE BOTTOM OF THIS DOCUMENT

| Item Number | Room | Location / Reference | Issue | Responsible Party | Status | Comments |
|---|---|---|---|---|---|---|
| 1 | Cabana Bath | Cabinet | Cabinet front delaminating | Botsford | | |
| 2 | Dining Room | Trim | Touch up upper transom window in dining room | Botsford | | |
| 3 | Downstairs Bath | Electric Panel | Fasten to wall | Aapex | | |
| 4 | Exterior | Gate | Gate not operating | Aapex | | H/O to provide keypad removed at kick off |
| 5 | Exterior | Sprinkler | Sprinkler heads busted | Botsford | | |
| 6 | Exterior | Fountain | Stone on fountain needs to be mortared in place | Botsford | | |
| 7 | Exterior | Garage Door | Garage door Scratched | N/A | | Photos at kick off show scratches |
| 8 | Exterior | Gutter | Gutter scratched above garage | N/A | | Photos at kick off show scratches |
| 9 | Exterior | Front Door | Front door scratched | N/A | | Photos at kick off show scratches |
| 10 | Exterior | HVAC Pad | Pressure clean side patio/condensing unit pad | Botsford | | |
| 11 | Exterior | | Cap wire for cell tower | Aapex | | |
| 12 | Exterior | Back Porch | 2 fans on back porch inoperable | Aapex | | |
| 13 | Exterior | | Cabana bath exterior door paint peeling | N/A | | Photos at kick off show same condition |
| 14 | Exterior | Fans | Fans inoperable need to be replaced | Aapex | | H/O working with electrician on selection |
| 15 | Exterior | Roof | Cracked roof tile will be joined with roofers cement | Botsford | | |
| 16 | Family Room | Fireplace | Install access door next to fireplace | Botsford | | |
| 17 | Family Room | Electric | Install dimmer switch for canned lights in precast entertainment center | Aapex | | |
| 18 | Family Room | Slider Trim | Paint inside trim around slider door to match color of room | Botsford | | |
| 19 | Family Room | Security Keypad | Missing cover | Aapex | | |
| 20 | Family Room | Entertainment | Install access door for AV equipment wiring | Botsford | | |
| 21 | Front Foyer | Trim | Ripples in trim in window above door | Botsford | | |

| 22 | Front Foyer | Trim | Touch up oval windows on each side of front door | Botsford | | |
| 23 | Game Room | Slider Trim | Paint inside trim around slider door to match color of room | Botsford | | |
| 24 | Game Room Bath | Tile | Tile on top of ledge cutout to be grouted and touched up | Botsford | | |
| 25 | Garage | Door | Add weather stripping to door | Botsford | | |
| 26 | Garage | Lighting | Change bulbs in fluorescent lights | Botsford | | |
| 27 | Hall to Game Room | Light Fixture | Crack in light fixture | Aapex | | |
| 28 | Kitchen | Dumbwaiter cabinet | Gap in trim piece | Botsford | | |
| 29 | Laundry Room | Cabinet | Notch at base of cabinet.  Cut to be flush with toe kick. | Botsford | | |
| 30 | Master Bath | Columns | Issue with capitols | N/A | | Capitols and columns made from mold of columns that were existing in home. |
| 31 | Master Bath | Tile | Listello tile in wrong place | Botsford | | |
| 32 | Office | Closet Door | Closet door not latching | Botsford | | |
| 33 | Office | Entry Door | Twisted needs to be adjusted | Botsford | | |
| 34 | Stairs | | Stairs to be sanded and refinished | Botsford | | |
| 35 | Throughout | | Drywall touch up to be done throughout | Botsford | | H/O has blue tape marking areas of concern |
| 36 | Throughout | | Paint touch up throughout | Botsford | | H/O has blue tape marking areas of concern |

H/O refuses to sign

_____
Owner Signature

1/3/14
_____
Date

_____
Owner Signature

_____
Date

WEST PALM BEACH   STUART



# MRACHEK
# FITZGERALD
# ROSE
# KONOPKA
# THOMAS
# & WEISS, P.A.

**L A W**

**VIA EMAIL TRANSMISSION**

May 12, 2016

Louis A. Velez
VELEZ CONSTRUCTION, LLC
870 Wilson Drive
New Orleans, LA 70119

Re:  In Re: Chinese-Manufactured Drywall Products Liability Litigation
     Homeowner:       Daniel Toth
     Claimant I.D.:     102251
     Affected Property:   11039 Muller Road, Fort Pierce, Florida 34945

Dear Mr. Velez,

I hope this letter finds you well.  The undersigned represents Daniel Toth, whose home was remediated by Moss and Associates, LLC in accordance with the Knauf Settlement Agreement in MDL 2047.

As the appointed Ombudsman, we ask for your assistance with regard to the unresolved disputes that have arisen between the homeowner and Moss & Associates, LLC ("Moss"), pertaining to the quality and workmanship of the remediation performed by Moss.

Moss's remediation of the affected property commenced on or about February 11, 2013. By April 2, 2013, all problematic drywall had been removed from the affected property.  The St. Lucie County, Florida Building & Code Regulation Division issued a Certificate of Occupancy for the affected property on November 25, 2013.

Since that time, my client and Moss have been unable to agree upon significant issues relating to the quality and workmanship of the remediation.  The parties have been in discussions, but have now reached in impasse and require review by the Ombudsman of the unresolved issues.



EXHIBIT

H

Louis A. Velez
May 12, 2016
Page 2


Please contact me at gweiss@mrachek-law.com, and let me know what information and documentation you will would like to review for your assessment of the remediation. On behalf of my client, I thank you in advance for your assistance in this matter.

Very truly yours,

*Gregory S. Weiss*

GREGORY S. WEISS
Signed in attorney's absence to expedite delivery.

GSW/pms
cc: Mr. Daniel Toth



# MRACHEK FITZGERALD ROSE KONOPKA THOMAS & WEISS, P.A.

**VIA FEDERAL EXPRESS**

September 9, 2016

Louis A. Velez
VELEZ CONSTRUCTION, LLC
870 Wilson Drive
New Orleans, LA 70119

Re:   <u>In Re: Chinese-Manufactured Drywall Products Liability Litigation</u>
   Homeowner:  Daniel Toth
   Claimant I.D.:  102251
   Affected Property: 11039 Muller Road, Fort Pierce, Florida 34945

Dear Mr. Velez,

This letter follows my previous correspondence of May 12, 2016, a copy of which is enclosed. Also enclosed is a binder outlining all of the unresolved issues, along with photographs to show that the repairs were either not completed or done improperly, and a CD of the photographs included in the binder. By copy hereof, I am providing Philip A. Adams, Senior Project Manager for Moss & Associates, Inc., with a copy of the CD for his records.

The homeowner and Moss have met on several occasions in an attempt to resolve this matter, but have been unable to reach a final agreement. On behalf of my client, I thank you in advance for your assistance in this resolving this matter.

Very truly yours,

*Gregory S. Weiss*

GREGORY S. WEISS
Signed in attorney's absence to expedite delivery.

GSW/pms
Enclosures
cc:  Daniel Toth
   Philip A. Adams



**EXHIBIT**
**I**

mrachek-law.com      Office 561.655.2250 | Fax 561.655.5537
        505 South Flagler Drive, Suite 600 | West Palm Beach, Florida 33401

**Daniel Toth Unresolved Issues**
**11039 Muller Road, Fort Pierce, Florida 34945**

| Tab: | Disputed Items/Description of Problem: | Photo No. |
|---|---|---|
| 1. | Driveway pavers inadequately covered and oil stained | 0318, 0322, 0323, 0341 |
| 2. | Roof tiles were broken by electrical contractor. Photo shows that tiles were not broken prior to electrical contractor making repairs. | 0141 |
| 3. | Oak stairs were damaged during remediation | 0161, 0340, 0362 |
| 4. | Stairwell chandelier was damaged | 0706, 0707 |
| 5. | Hallway chandelier near Game Room was damaged | 2038 |
| 6. | Baseboards and door casings on first floor do not meet the tile floor | 0558, 0559, 0560, 0561, 2033, 2040, 2041, 2044 |
| 7. | First floor A/C closet was left unfinished | 2029, 2030 |
| 8. | The bottom of almost all interior doors were damaged from floor protection | 2031, 2039 |
| 9. | Floor tile was improperly cut to fit under base board and must be replaced | 2032 |
| 10. | Front door was damaged | 2035, 2036, 2037 |
| 11. | Homeowner paid a stucco company to make repairs around where the exterior door was replaced on second floor. Moss only painted the repaired stucco, which now does not match the rest of the paint (new paint next to older faded paint). Entire wall needs to be repainted. | 2027-2 |
| 12. | Soap dishes in master bath were improperly installed (too high: above head height) | 2042 |
| 13. | Drywall was badly finished (visible tape lines and uneven mud application; walls and ceilings) | 0617, 0618, 0757, 0760, 2043 |
| 14. | Water leak from second floor A/C return handler | Aug 2014-1, Aug 2014-2, Aug 2014-3, Aug 2014-4, 0801, 0804, 2027, 2034 |

| **Tab:** | **Disputed Items/Description of Problem**: | **Photo No.** |
|---|---|---|
| 15. | First floor closet was left unfinished after the second floor A/C leak | 1157 |
| 16. | Precast columns were badly finished | 2025, 2026 |
| 17. | Window was left open, causing water damage to floor | 0372 |
| 18. | Front door was left open | 0376 |
| 19. | Careless treatment of tile floor | 0553, 0709 |
| 20. | Photos of Moss's uncompleted punch list | 0721, 0722, 0723, 0724 |
| 21. | Porch on rear side of garage was improperly finished | 0589 |
| 22. | Homeowner needs to be reimbursed for plywood around oval windows destroyed during isonine removal | 0266, 0345, 0363, 0364, 0365 |
| 23. | Homeowner needs to be reimbursed for replacing door pan and stucco for exterior door to second floor porch | 0140 |
| 24. | Broken paver at entry steps | |
| 25. | Ripples in trim in window above front foyer | |
| 26. | Entry way window jam returns were not sanded correctly or painted correctly | |
| 27. | Foyer chandelier was damaged | |
| 28. | Formal dining room chandelier was damaged | |
| 29. | Electrical issues in formal living room (circuit breakers pop) | |
| 30. | Electrical issues when A/C turns on (lights flickering) | |
| 31. | Electrical issues with home generator (circuit breakers are not correct) | |
| 32. | Electric panel in downstairs bath was not fastened to wall | |
| 33. | Trim for oval windows on each side of front door needs touch up | |
| 34. | Tile at foyer above stairs was chipped | |

| <u>Tab:</u> | <u>Disputed Items/Description of Problem</u>: | <u>Photo No.</u> |
|---|---|---|
| 35. | Second floor closet drywall has not been replaced/finished and is missing trim | |
| 36. | Closet door in offices is not latching | |
| 37. | Built-in refrigerator will not slide out of cabinet | |
| 38. | Ice maker in refrigerator has never produced ice since homeowner moved back in | |
| 39. | There is a gap in trim piece in dumbwaiter cabinet in kitchen | |
| 40. | Kitchen island stain color doesn't match color of cabinet where board was repaired | |
| 41. | Kitchen cabinet was scratched above refrigerator | |
| 42. | Second floor security pad does not work | |
| 43. | Family room security pad is missing cover | |
| 44. | Entire security system does not work | |
| 45. | Home surveillance cameras are not working since remediation. They were supposed to have been removed and stored during remediation, but that was not done. | |
| 46. | Precast entertainment center in family room needs dimmer switch installed | |
| 47. | Family room needs access door installed for AV equipment wiring | |
| 48. | Complex TV and entertainment system has not worked correctly since the remediation | |
| 49. | Trim around slider door in Family Room needs to be painted to match | |
| 50. | Family Room fireplace needs access door to be installed | |
| 51. | Trim around slider door in Game Room needs touch up | |
| 52. | Tile on top of ledge cutout in Game Room bath needs to be grouted and touched up | |
| 53. | Cabinet in cabana bath is delaminating | |
| 54. | Exterior door to cabana bath is peeling | |

| **Tab:** | **Disputed Items/Description of Problem:** | **Photo No.** |
|---|---|---|
| 55. | Upper transom window in Dining Room needs touch up (trim) | |
| 56. | Cap wire for cell tower | |
| 57. | Two fans on back porch are inoperable | |
| 58. | Other exterior fans are inoperable | |
| 59. | Notch at base of cabinet in laundry room. Needs to be flush with toe kick. | |
| 60. | Ironing board cabinets in laundry room were not repaired | |
| 61. | Issue with capitols in master bath | |
| 62. | Listello tile in wrong place in master bath | |
| 63. | Stucco patch back on porch ceiling does not match | |
| 64. | Second floor broken window needs to be replaced | |
| 65. | Second floor stairs are not flush with base board | |
| 66. | Paint line not straight where accented walls and ceilings meet | |
| 67. | Nail punctures visible in flex moulding circle ceiling | |
| 68. | Drywall patches in textured ceiling are very visible due to A/C vent too close to crown moulding and being moved | |
| 69. | Buddy is visible in fluted door mouldings | |
| 70. | Light switches and receptacle plate are not level/plumb | |
| 71. | Central A/C does not cool as well as it did prior to the remediation | |
| 72. | Sound batten and insulation issues: area under the second floor master bedroom that is over the first floor rear porch. The ceiling of the porch is stucco, but the air space to this ceiling is adjacent to the nook, and during the remediation the sound battens were removed and Botsford specifically told homeowner that after the isonine was replaced in the home, Moss did not put sound battens back, but rather isonine spray foam. Isonine spray foam is not a sufficient sound barrier. Homeowner can now hear guests on first floor porch from second floor master bedroom. | |
| 73. | All windows screens are now missing after the remediation | |

| **Tab:** | **Disputed Items/Description of Problem:** | **Photo No.** |
|---|---|---|
| 74. | Front door is twisted and needs to be adjusted | |
| 75. | There is a big nick in oak riser bull nose step | |
| 76. | Water softening system has not worked since the remediation | |
| 77. | Homeowner needs to be reimbursed for replacing osmosis water system under kitchen sink | |
| 78. | Exterior paint at downstairs sliding glass door was damaged due to pressure cleaning (where precast was stored during remediation) | |
| 79. | HVAC pad needs to be pressure cleaned | |
| 80. | Drywall patch is visible in hallway near garage | |
| 81. | Garage door needs weather stripping added | |
| 82. | Garage door was scratched | |
| 83. | Gutter was scratched above garage | |
| 84. | Florescent lights in garage need to be changed | |
| 85. | Rocks near garage doors are discolored from paint/drywall contractors cleaning in the area | |
| 86. | Rocks along driveway are smashed into dirt below from contractors, PODS, roll off dumpster company, and drywall company putting outriggers on rocks | |
| 87. | Broken stone on fountain | |
| 88. | Stone on exterior fountain needs to be mortared in place | |
| 89. | Sprinkler heads are broken | |
| 90. | Exterior gate is not operating | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 2047 |
| IN RE: CHINESE MANUFACTURED DRYWALL | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..:

### NOTICE OF APPROVED CLAIMS ADMINSTRATOR PROCEDURES

Pursuant to Pre-Trial Order 27, the Settlement Administrator for the Chinese Drywall Settlement Program reports to the Court that the parties have agreed to the following Claims Administrator Procedures ("CAPs"):

1. ***Time for Mediation Following Remediation by Lead Contractor*** ("CAP 2013-4"). CAP 2013-4 sets forth the timing by which claimants, the Knauf Defendants, or the Lead Contractor may request mediation with the Special Master pursuant to the Knauf Settlement Agreement. This CAP relates solely to remediations conducted pursuant to section 4.3.1 of the Knauf Settlement Agreement (Option 1. Program Contractor Remediation Option/Property Not Yet Remediated). CAP 2013-4 is attached as Exhibit 1.

2. ***Appellate Procedure*** ("CAP 2013-5"). CAP 2013-5 sets out a detailed explanation of the appellate procedure available to claimants after the Settlement Administrator issues an Eligibility, Denial, or Incompleteness Denial for a claim. Claimants may appeal directly to the Special Master within 30 days of the issuance of an Eligibility, Denial, or Incompleteness Denial Notice for a claim. The Special Master will perform a de novo review of the claim and issue a written opinion. CAP 2013-5 is attached as Exhibit 2.

1



EXHIBIT

J

The Settlement Administrator will post CAP 2013-4, and CAP 2013-5, to the Chinese Drywall Settlement Program website at https://www3.browngreer.com/Drywall/Un-Secure/CAProcedure.aspx.   Additionally, the Settlement Administrator will send an email notification regarding the approved CAPs to every email address registered with the Chinese Drywall Settlement Program database and will notify the Pro Se Curator of the approved CAPs and supply copies of the approved CAPs for distribution to pro se claimants.

Respectfully submitted,

Dated: October 1, 2013

   /s/ Lynn Greer
Lynn Greer, Esquire
Va. Bar No. 29211
Jacob S. Woody, Esquire
Va. Bar No. 77485
BrownGreer, PLC
250 Rockets Way
Richmond, VA 23231
Telephone:  (804) 521-7234
Facsimile:  (804) 521-7299
lgreer@browngreer.com
jswoody@browngreer.com

*Settlement Administrator for the Chinese Drywall Settlement Program*

| CHINESE DRYWALL SETTLEMENT PROGRAM CLAIMS ADMINISTRATION PROCEDURE | | | |
|---|---|---|---|
| **CAP No.** | **2013-4** | **Effective Date** | **October 1, 2013** |
| **Subject** | | Time For Mediation Following Remediation by Lead Contractor | |

1. ***Purpose of this Procedure.*** This Procedure sets forth the timing by which claimants, the Knauf Defendants, or the Lead Contractor may request mediation with the Special Master pursuant to the Knauf Settlement Agreement. This CAP relates solely to remediations conducted pursuant to section 4.3.1 of the Knauf Settlement Agreement (Option 1. Program Contractor Remediation Option/Property Not Yet Remediated).

2. ***Definitions and Section References.*** Any capitalized terms used in this Procedure and not expressly defined in this Procedure shall have the meanings given to them in the Knauf Settlement Agreement. Deadlines set forth in this section are to be calculated using the same method for the calculation of deadlines set forth in Fed.R.Civ.P. 6.

3. ***Mediation Procedure.*** Mediation with the Special Master shall be initiated by filing a Request for Mediation with the Special Master and sending a copy to the interested parties, including the claimants, BrownGreer, the Knauf Defendants, the Lead Contractor, and Class Counsel.

    a. ***Deadline to Request Mediation.*** A Request for Mediation must be filed with the Special Master within 90 days of the receipt of the Certificate of Occupancy, as that term is defined in the Work Authorization Agreement, by the claimants. The Special Master will not consider Requests for Mediation filed after the filing deadline, absent good cause shown.

    b. ***Method of Request For Mediation.*** The Request for Mediation shall state all reasons for the mediation, and if applicable, reference supporting documents.

    c. ***Mediation Proceedings.*** The Special Master shall hold a conference with the interested parties to set a briefing schedule following a timely and proper Request for Mediation. The Special Master and the interested parties will need to determine whether the mediation can be held on the briefs alone or a phone and/or in person session is needed. If an agreement cannot be reached, the Special Master will decide the form for mediation.

4. ***Form and Manner of Special Master Decision.*** All decisions made by the Special Master shall be in writing and shall be transmitted pursuant to section 4.2.8 of the Knauf Settlement Agreement to the claimants, BrownGreer, the Knauf Defendants, the Lead Contractor, and Class Counsel.

5. ***Rights After Special Master Decision.*** Appeal rights from a Special Master decision are described in section 4.2.9 of the Knauf Settlement Agreement.

6.     ***Claimants' Rights Not Affected.***  Nothing in this CAP shall impair the claimants' rights to make warranty related claims within the applicable deadlines set forth in the Work Authorization Agreement and Remediation Protocol.

7.     ***Court Has Jurisdiction to Interpret the Knauf Settlement Agreement.***  Nothing in this CAP changes in any way section 15 of the Knauf Settlement Agreement which vests exclusive jurisdiction in the MDL 2047 Court to interpret, construe and enforce the Knauf Settlement Agreement.

**APPROVED:**

By:   /s/ Leonard Davis                              Date:  October 1, 2013
         Plaintiffs' Steering Committee
         Settlement Agreement Liaison


By:    /s/ Kerry Miller                               Date: October 1, 2013
         Knauf Defendants
         Settlement Agreement Liaison


By:    /s/ Hilarie Bass                               Date: October 1, 2013
         Builder Class
         Settlement Agreement Liaison


By:    /s/ Lynn Greer                                Date: October 1, 2013
         Settlement Administrator

2

| CHINESE DRYWALL SETTLEMENT PROGRAM CLAIMS ADMINISTRATION PROCEDURE | | | |
|---|---|---|---|
| CAP No. | 2013-5 | **Effective Date** | October 1, 2013 |
| **Subject** | | Appellate Procedure | |

1.  ***Purpose of this Procedure.***  This Procedure sets forth the process by which Claimants may appeal claim determinations made by Settlement Administrator to the Special Master.   This Procedure applies to all claim determinations made by the Settlement Administrator, regardless of the settlement agreement under which the claim was submitted. This Procedure is subject to and does not supersede the claims determinations and settlement qualifying procedures identified in the Knauf Settlement Agreement including but not limited to sections 4.4 and 4.7.4 of the Knauf Settlement Agreement.

2.  ***Definitions and Section References.***   Any capitalized terms used in this Procedure and not expressly defined in this Procedure shall have the meanings given to them in the applicable settlement agreement(s).  Deadlines set forth in this section are to be calculated using the same method for the calculation of deadlines set forth in Fed.R.Civ.P. 6.

3.  ***Appeal Procedure.***  A claimant may appeal any aspect of an Eligibility, Denial or Incompleteness Denial determination (collectively a "claim determination"), including the compensation amount,  made by the Settlement Administrator directly to the Special Master by filing a Notice of Appeal with the Settlement Administrator and serving the same on Lead and Liaison Counsel.  The appealing party may submit documents not previously submitted to the Settlement Administrator in support of an Appeal.  The Settlement Administrator's ability to make a determination with regard to eligibility of a claim under the Knauf Settlement Agreement is limited to section 4.4 ("Remediation Fund Qualifying Procedures").  The Special Master has the authority to approve or deny claims to the Other Loss Fund in the Knauf Settlement Agreement.

  a.  ***Deadline to File Appeal.***  A Notice of Appeal must be filed within 30 days of the claim determination made by the Settlement Administrator to be appealed.  The Special Master will not consider Appeals filed after the filing deadline, absent good cause shown.

  b.  ***Method of Filing Appeal.***  The Settlement Administrator will create and maintain an on-line Notice of Appeal submission form for use by portal users and will make a hardcopy Notice of Appeal form available for use by non-portal users. The Notice of Appeal shall state all reasons for appeal and if applicable, reference supporting documents.  The Settlement Administrator will transmit the Notice of Appeal along with all documents related to the claim being appealed ("the Appealed Claim") to the Special Master and Settlement Liaison Counsel for review.

  c.  ***Appellate Hearings.***  The Special Master may, at his sole discretion, request oral argument or an evidentiary hearing on any Appealed Claim.  A claimant may

1

request oral argument and the Special Master at his sole discretion grant or deny the request. Any Party may, at its own expense, request that proceedings before the Special Master be transcribed.

4.     ***Standard of Review.*** The Special Master will conduct a de novo review of an appealed claim and will consider all documents and information related to the Appealed Claim. The Special Master may consult with and/or request information from the Settlement Administrator, Settlement Liaison Counsel, and any other third party, including defendants in any Chinese Drywall Settlement, during the appellate review process.

5.     ***Form and Manner of Appellate Opinion.*** All appellate decisions made by the Special Master shall be in writing and shall be transmitted to the appealing party by the Settlement Administrator. The Settlement Administrator shall make all Appellate decisions available to all defendants and to Settlement Liaison Counsel in the manner required by Section 4.6.7 of the Knauf Settlement Agreement, regardless of the settlement agreement under which the claim was submitted. The Special Master will issue decisions as expeditiously as possible.

6.     ***Rights After Special Master Appeal.*** Special Master Appellate opinions that relate to claims made pursuant to the Knauf Settlement Agreement may be appealed to the MDL 2047 Court by the method described in section 4.2.9 of the Knauf Settlement Agreement. Special Master Appellate opinions that relate to Non-Knauf claims may be appealed within 15 days of service of the Special Master's decision by filing an objection with the Court. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing, or argument. The Court's decision on any objection will be final, with no further appeals permitted.

**APPROVED:**


By:   /s/ Leonard Davis                          Date:  October 1, 2013
      Plaintiffs' Steering Committee
      Settlement Agreement Liaison


By:   /s/ Kerry Miller                           Date:  October 1, 2013
      Knauf Defendants
      Settlement Agreement Liaison


By:   /s/ Hilarie Bass                           Date:  October 1, 2013
      Builder Class
      Settlement Agreement Liaison


By:   /s/ Lynn Greer                             Date:  October 1, 2013
      Settlement Administrator


2



02/11/2013 12:47

EXHIBIT
"composite"
K



02/11/2013 12:47



02/11/2013 12:48



02/11/2013 12:48





02/11/2013 12:52



02/11/2013 12:52



02/11/2013 12:55



02/11/2013 12:55







02/11/2013 14:06