UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE -MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L<br><br>JUDGE ELDON FALLON<br>MAGISTRATE WILKINSON |

# Opinion and Decree

Daniel Toth owns the property located at 11039 Muller Road, Fort Pierce, Florida. Mr. Toth submitted his property for remediation pursuant to Section 4.3.1 (Option 1) of the Knauf Settlement Agreement. Section 4.5.1.2.1 of the Knauf Settlement Agreement provides:

> In the event that a dispute arises between a KPT Property Owner [in this case, Mr. Toth] and the Lead Contractor or Other Approved Contractor [in this case, Moss] over the Remediation Protocol for the individual KPT Property, such dispute shall be submitted to the Special Master who will resolve the dispute. The parties shall cooperate with the Special Master to resolve any disputes expeditiously and avoid, to the maximum extent possible, any delay in the remediation.

On October 1, 2013, the Settlement Administrator promulgated Claims Administration Procedure ("CAP") No. 2013-4. The CAP stated that it applied "to remediations conducted pursuant to section 4.3.1 of the Knauf Settlement Agreement." The CAP further stated:

> A Request for Mediation must be filed with the Special Master within 90 days of the receipt of the Certificate of Occupancy, as that term is defined in the Work Authorization Agreement, by the claimants. The Special Master will not consider Requests for Mediation filed after the filing deadline, absent good cause shown.

On December 10, 2013, the Toth property received its Certificate of Occupancy. On September 28, 2016, the parties sent the Special Master a request for mediation. The request is late pursuant to the terms of CAP No. 2013-4.

Mr. Toth notes that the 90-day deadline is not absolute; it can be extended "for good cause shown." Mr. Toth does not claim that anything prevented him from requesting a mediation within the 90-day deadline. Instead, Mr. Toth points to several communications between himself and Moss & Associates, LLC (as well as their representatives/attorneys) in the months following December 10, 2013. These communications continued well after CAP No. 2013-4's 90-day deadline. However, in none of the communications did the parties agree to extend (or even intimate that they were agreeing to extend) the 90-day deadline. Given this, the Special Master does not believe that he has the authority to extend the deadline. Therefore, pursuant to CAP No. 2013-4, "[t]he Special Master will not consider [the] Request[] for Mediation." Because of this conclusion, the Special Master does not need to address the other arguments of the parties.

Moss asks the Special Master to find that Mr. Toth is in bad faith, and therefore is responsible for all costs associated with the requested mediation. The Special Master concludes that Mr. Toth was not in bad faith, and rejects Moss's request.

For the foregoing reasons, Mr. Toth's request for mediation is rejected. The parties will each be responsible for one-half of the costs associated with this matter. The Special Master will circulate an invoice in the near future.

Dated: January 22, 2017                    /s/ Daniel J. Balhoff
                                           Daniel J. Balhoff, Special Master