IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL 2047 |
| | : : : : | SECTION L JUDGE FALLON MAG JUDGE WILKINSON |
| This pleading relates to: | | |
| 13-6652 Collins, et al. v. Bass Homes, Inc., et al., 13-6653 Herrington, et al v. Bass Homes, Inc., et al. | : : | |

**PATE STEVEDORE AND PENSCAOLA STEVEDORE'S
RESPONSE TO PLAINTIFFS' MOTION FOR SEVERANCE
AND SUGGESTION OF REMAND**

Comes now Defendants and Third-Party Defendants Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc. (the "Stevedore Defendants") and, without waiving and specifically reserving their objection to personal jurisdiction over them, as raised in their pending motions to dismiss the third-party claims of Ace Home Center, Inc. ("AHC") and the Plaintiffs' Second Amended Complaint, do respond to the Plaintiffs' Motion for Severance and Suggestion of Remand as follows:

1.   The Stevedore Defendants hereby concur with, join in and adopt the arguments raised in Defendants/Third Party Plaintiff AHC's Response to Plaintiff's Motion for Severance and Suggestion of Remand.  The severance of AHC's Third-Party claim against Taishan, and a remand of the remaining claims to the Federal District Court for the Southern District of Mississippi, will prejudice the Stevedore Defendants in having to defend AHC's Third-Party claims without the presence of Third-Party Defendant Taishan, the manufacturer of the Chinese drywall.  Moreover, compelling the Defendants and Third-Party Defendants to defend against the

Plaintiffs' claims without the presence of Taishan is inequitable and prejudicial to the Defendants' interests.

2. The Stevedore Defendants strenuously deny that the courts of Mississippi have jurisdiction over them. However, were the Stevedore Defendants compelled to litigate in Mississippi they too would be asserting third party claims against Taishan. The proposed severance of AHC's third-party claims against Taishan and remand of the remaining claims in this action will deprive the Stevedore Defendants of their right to seek recovery from Taishan for any liability they were to incur to the Plaintiffs.

3. This action was stayed by this Court, due in large part to the potential mootness of Plaintiffs' claims against the parties they have sued in this action, after resolution of their claims against the manufacturer, Taishan, in the Wiltz class action they voluntarily joined as named representatives. Nothing has changed. Prosecution of this action ought to follow resolution of the Plaintiff's claims against Taishan and others in the Wiltz action. If Taishan is adjudged to have no liability for Plaintiffs' losses, then the sellers and distributors of the product in this action will similarly have no liability. If Plaintiffs recover against Taishan, this will eliminate or potentially offset the losses they are claiming in this action.

4. Contrary to Plaintiffs' contention, PSC has not filed a "similar" motion for severance and suggestion of remand. The PSC simply seeks to separate the Plaintiffs in the Omni XX Complaints of Brooke, et al. v. State Owned Assets Supervision and Administration Commission of the State Council, et al. into groupings of plaintiffs by residence from their constituent venues and thereafter have the Court issue to the JPML a suggestion of remand of the Plaintiffs' claims to each of the Plaintiffs' constituent venues in Virginia and Florida, respectively. The Defendants in these actions are solely Taishan and its various affiliate entities.

The PSC's motion does not seek to sever third-party claims against Taishan or anyone else, or to otherwise subdivide in a way that leaves any portion of the claims in this Court, as Plaintiffs' motion to sever and remand would do.  The PSC's motion is simply a typical request for remand of actions transferred to MDL proceedings that are ready for trial and need to be remanded to their respective transferor jurisdictions, for that purpose.  The PSC notes that the Plaintiffs in Omni XX are, by in large, not class members in the certified Taishan class (Plaintiffs' motion, Ex. A at p.3), unlike the Plaintiffs in this case.  Thus, unlike the Omni XX Plaintiffs, the Plaintiffs here are likely "to receive the benefits of [the] class relief afforded to the members of the Taishan class."  (Plaintiffs' motion Ex. A at p.3-4).  So the reasons that counsel for an immediate remand and trial in the PSC's motion are not present in this case

WHEREFORE, THE PREMISES CONSIDERED, the Stevedore Defendants respectfully request that this Court enter an order denying Plaintiffs' Motion for Severance and Suggestion of Remand

Respectfully submitted on this the 20th day of March, 2017.

/s/William W. Watts  
WILLIAM W. WATTS  
ASB6226-P71S  
Attorney for the Defendants,  
Pensacola Stevedore Company, Inc.,  
  and Pate Stevedore Company, Inc.

Of counsel:  
HELMSING, LEACH, HERLONG,  
   NEWMAN & ROUSE, P.C.  
Post Office Box 2767  
Mobile, AL 36652  
(251) 432-5521  
(251) 432-0633 Fax  
Email: www@helmsinglaw.com

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2017, the foregoing Response to Plaintiffs' Motion for Remand and Suggestion of Severance was served on Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the following was electronically filed with the Clerk of the Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System which will send notification of such filing in accordance with the procedures established in MDL 09-2047 to the following.

    Dannie J. Collier, Jr., Esquire
    Lewis Robert Shreve, Esquire
    Stephen W. Mullins, Esquire
    Stewart Howard, Esquire
    Heather M. Houston, Esquire
    Caroline Pryor, Esquire
    Judy Y. Barrasso, Esquire
    Phillip A. Wittmann, Esquire
    David C. Cooks, Esquire
    Gary J. Russo, Esquire
    Joe Cyr, Esquire
    Richard C. Stanley, Esquire

/s/William W. Watts
OF COUNSEL