**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Collins vs. Bass Homes, Inc.*, Case No. 13-6652 (S.D. Miss.)<br><br>*Herrington vs. Bass Homes, Inc*., Case No. 13-6653 (S.D. Miss.) | |

**THIRD-PARTY DEFENDANT TAISHAN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SEVERANCE AND SUGGESTION OF REMAND**

On February 23, 2016, the Court issued a stay in the above-captioned cases, holding that the Collins and Herrington Plaintiffs' ("Plaintiffs") continued pursuit of recovery in these actions could be entirely mooted by their potential recovery in the *Wiltz* class action. Rec. Doc. 20101 (the "Stay Order"). One year later, the Plaintiffs continue to pursue an impermissible double recovery for the *same harm* – simultaneously prosecuting class claims against Taishan and seeking overlapping damages from other defendants. Plaintiffs erroneously blame the third-party claims in this action for the lack of progress, but Plaintiffs created this tangled procedural posture by participating in two overlapping and duplicative causes of action for the same harm at the same time. For multiple reasons, the Plaintiffs' Motion for Severance and Suggestion of Remand should be denied.

   **I. Plaintiffs' Claims are Stayed Because of their Pursuit of Double Recovery, Not Ace Home Center's Third-Party Complaints against Taishan**

On January 19, 2017, Plaintiffs filed their Motion for Severance and Suggestion of Remand. Rec. Doc. 20639 (the "Motion"). Plaintiffs' Motion requests that the Court lift the stay, sever the third-party complaints filed in these actions by Defendant Ace Home Center against

Taishan, and remand these actions for trial. This Motion should be denied, as it attempts to circumvent the Court's reasoning for imposing the stay without resolving the underlying issue cited by the Court: Plaintiffs' irregular pursuit of double recovery in the *Wiltz* class action.[1] To be clear, the Court did not stay this action because of Ace Home Center's Third-Party Complaint against Taishan, as Plaintiffs allege. The Court's reasoning for the stay was made clear in its February 23, 2016 Order:

> Because Plaintiffs Collins and Herrington have pending claims against Taishan in the Wiltz action, AHC contends that the instant actions should be stayed until such time as Plaintiffs' claims against Taishan in the Wiltz matter have been resolved. AHC argues that it will face the hardship of incurring fees and costs associated with defending itself in the instant litigation, when the Plaintiffs' claims against AHC could very well be rendered moot as a result of a recovery against Taishan and the other named Wiltz defendants in the MDL. AHC contends that judicial economy dictates that the proceedings be stayed as it is a drain on the court's resources for Plaintiffs to simultaneously litigate this matter in two separately filed lawsuits. If Plaintiffs obtain a recovery against the numerous named Defendants in the Wiltz action, it is very likely that their claims against AHC in these proceedings will be easily resolved, if not moot.

Rec. Doc. 20101 at 2.

As of this filing, the Court has not ruled on the PSC's Motion for Assessment of Class Damages. Accordingly, Plaintiffs' duplicative claims remain in the same predicament as they did in February of 2016. If Plaintiffs are entitled to recovery in the *Wiltz* action, their claims in the above-captioned cases could be "easily resolved, if not moot" as the Court's Order states. Accordingly, severance of Ace Home Center's Third-Party Complaints against Taishan (which

---

[1] Plaintiffs' state, but offer no documents in support, that Plaintiffs "opted out of the national class action on or about September 18, 2012." (Motion at 2 (there are no page numbers on Plaintiffs' Motion, but page numbers referenced herein are based on page counts).) However, Plaintiffs appear to be confusing their opt out from the "Global" Settlement in this MDL (which did not involve Taishan) for a withdrawal of claims against Taishan in the *Wiltz* action. *See* Rec. Doc. 16191-1. Taishan has seen no documentation that Plaintiffs have withdrawn their class claims against Taishan. On the contrary, Plaintiffs have repeatedly been included in the class plaintiffs' damages exhibits that were submitted to this Court prior to and on June 9, 2015. *See* Exhibit 79/10 from the June 9, 2015 Evidentiary Hearing. Moreover, Plaintiffs have provided this Court with nothing to refute multiple motions, hearings, and Court orders in the instant actions referencing Plaintiffs' dual pursuits.

merely seek indemnification from Taishan for any *potential* recovery received by Plaintiffs from Ace Home Center in these actions) would do nothing to resolve Plaintiffs' self-imposed obstacle in these actions.

On July 14, 2015, Taishan filed its Motion to Dismiss Ace Home Center, Inc.'s ("AHC") Third Party Complaints, requesting that the Complaints be dismissed under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, stayed "until both AHC's liability to the Plaintiffs and the Plaintiffs' class claims are resolved." Rec. Doc. 19261 at 8. Taishan maintains its position that the Court should ultimately dismiss AHC's Third-Party Complaints because they fail to state a claim upon which relief can be granted under Rule 14 federal third-party practice and the substantive laws of the State of Mississippi. However, Taishan's Motion to Dismiss remains pending before this Court and, like Plaintiffs' claims in these actions, awaits the resolution of Plaintiffs' *Wiltz* class claims. Plaintiffs' attempt to blame the third-party claims against Taishan for the delay in these proceedings is simply incorrect.

**II. Severance and Remand Will Exacerbate the Confusion**

Plaintiffs claim that "the continued presence of [the third-party claim against Taishan] would unduly complicate the original action." (Mot. at 5.) On the contrary, allowing Plaintiffs' duplicative claims to proceed without Taishan in another court, while continuing to proceed against Taishan in this Court, would be confusing and inefficient. As this Court has recognized, judicial economy is thwarted when Plaintiffs pursue two simultaneous claims for the same harm against two different sets of defendants in two different courts. With ripe motions pending on the validity of the class that Plaintiffs joined and the measure of damages for class claims, now is not the time for Plaintiffs to be cutting out and starting again in another court.

Moreover, Plaintiffs' plan that their claims against AHC and others be remanded to the Southern District of Mississippi while the AHC's third-party claim for indemnification against Taishan presumably remain in this Court heightens the inefficiency. AHC's third-party claim against Taishan necessarily arises out of the same transaction or occurrence raised by Plaintiffs and relates to the same harm. To allow Plaintiffs to litigate against AHC in one court, and force separate adjudication of AHC's related and dependent third-party claim in another would make resolution more, not less, difficult.

### III.  Plaintiffs Must Choose Between their Class and Individual Claims

The stay in these proceedings is a temporary solution to an enduring problem: the Collins and Herrington Plaintiffs continue to impermissibly pursue double recovery through multiple actions in this MDL despite choosing the class proceedings as their *exclusive* remedy for their alleged harm.[2] In its Response to AHC's Motion for Stay, Taishan requested that the Court "address the Plaintiffs' improper pursuit of double recovery by requiring them to decide between their pursuit of class damages against Taishan and their pursuit of damages in these proceedings." Rec. Doc. 19963 at 3. Plaintiffs have not filed a dismissal of their claims in the *Wiltz* action (nor in these separate actions) and appear intent on pursuing double recovery. Plaintiffs' Motion requests that the above-caption actions move forward, but only they can make them proceed by dismissing their duplicative class claims. Accordingly, Taishan renews its request that the Court require the Plaintiffs to decide between their two actions or, in the alternative, deny Plaintiffs' request to lift the stay in these proceedings.

---

[2] As described in Taishan's Motion to Dismiss, the Supplemental Class Notice agreed to by the Collins and Herrington Plaintiffs, distributed by the PSC, and approved by the Court explicitly states that "any relief [class members] receive through these class proceedings will be [their] exclusive remedy." (Rec. Doc. 18086-18 (emphasis added)).

4

### IV. The PSC's *Motion to Sever and Suggestion of Remand* in the *Brooke* Action is Inapposite to Plaintiffs' Motion

Plaintiffs' Motion cites to and attaches the Plaintiff Steering Committee's Motion to Sever and Suggestion of Remand (Rec. Doc. 20614, filed on December 23, 2016), referring to it as a "similar motion" to their own for "other similarly situated claims." While Plaintiffs may have been inspired to file their Motion because of the PSC's filing, the motions and claims at issue are completely dissimilar.  The PSC's motion provides no guidance to this situation whatsoever, and should be completely ignored.

The PSC's Motion was filed soon after the filing stay in the MDL was lifted in late 2016. Besides being unilaterally filed by the PSC, nothing else has happened with respect to that motion. To date, no briefing schedule has been set for the PSC's Motion, no responsive briefing has been filed, and no rulings on the Motion have been issued by the Court.

Moreover, the PSC's Motion relates to Omnibus Complaint XX (*Brooke, et al. v. SASAC, et al*) ("Omni XX"), which was filed on September 4, 2015. Unlike Plaintiffs, who are named members of the *Wiltz* class, none of the named claimants in Omni XX are claimants in the *Wiltz* action nor any other action that is subject to the Court's impending ruling on the PSC's Motion for Assessment of Class Damages.  Whereas the Omni XX claims are new claims, the Plaintiffs' claims have proceeded through discovery, including depositions and inspections.

Plaintiffs' reliance on the PSC's unchecked rhetoric about alleged delay by Taishan is particularly problematic. The PSC does not appear to appreciate the procedural posture of their own Omni XX complaint, which has not even ripened to the point of requiring the first responsive pleading by any Defendant. Neither Taishan nor any other Defendant is in default in

Omni XX because no responsive pleading has yet been due.[3] Yet the PSC's Motion proposes "immediate trials" for certain Omni XX claimants, miraculously bypassing motions to dismiss, discovery, summary judgment motions, and pre-trial activity.

Put simply, the PSC's Motion is a red herring and does nothing to entitle these Plaintiffs to circumvent the Court's stay.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Severance and Suggestion of Remand must be denied.

Dated: March 23, 2017

Respectfully submitted,

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG &
TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179

---

[3] Per the Court's Pretrial Order No. 1G, the deadlines for filing answers or responsive pleadings to Omnibus Complaints in the MDL are currently suspended – pending the PSC's filing of a "Notice of Completion of Amendments to Omni Complaints". Rec. Doc. 3346. As such, no answers or responsive pleadings have been filed for Omnibus Complaint XX.

                                              Phone: (504) 434-6815
                                              Fax: (504) 522-5689
                                              aweinberger@hanrylaw.com
                                              *Local Counsel for Taishan Gypsum Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of March, 2017.

/s Christina Hull Eikhoff
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

*Counsel for Taishan Gypsum Co., Ltd.*