UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Braxton H. Collins, et ux. v. Bass Homes, Inc., et al.*, C.A. No. 13-cv-6652 (S.D. Miss.)<br>*Jason S. Herrington, et ux. v. Bass Homes, Inc., et al.*, C.A. No. 13-cv-6653 (S.D. Miss.) | |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO PLAINTIFFS' MOTION FOR SEVERANCE AND SUGGESTION OF REMAND**

Plaintiffs Braxton and Kerrie Collins ("Collins") and Jason and Cassie Herrington ("Herrington"), through their counsel Stephen W. Mullins and Daniel K. Bryson, filed two Motions for Severance and Suggestion of Remand ("Motions for Severance") (Rec. Docs. 20639 & 20640), which appear to be identical. They also filed two Motions for Hearing (Rec. Docs. 20648 & 20649). Defendant/Third-Party Plaintiff Ace Home Center, Inc. ("AHC"), Third-Party Defendant Fireman's Fund Insurance Co. ("FFIC"), and Defendants and Third-Party Defendants Pate Stevedore Co., Inc. and Pensacola Stevedore Co., Inc. (collectively, "Stevedore") filed oppositions to the Motions for Severance (Rec. Docs. 20644, 20650, and 20706, respectively). Third-Party Defendant Taishan Gypsum, Co., Ltd. ("Taishan") also has opposed the motions (Rec. Doc. 20709). The Court scheduled these motions to be heard on April 6, 2017 (Rec. Doc. 20677).

1

The Motions for Severance raise more questions than they answer. In particular, the facts asserted therein appear to be inaccurate and incomplete (or at a minimum are confusing). Accordingly, the Plaintiffs' Steering Committee ("PSC")[1] files this response thereto in an effort to set the record straight.

In their Motions for Severance, Plaintiffs contend the following:

1. Plaintiffs filed suit in MDL 2047 as named class representatives in *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, C.A. 10-361 (E.D. La.) (Omni II). In *Wiltz*, Plaintiffs named as Defendants Taishan, Ace Hardware Corp. (later dismissed, *see* Rec. Docs. 12071 & 12072), and Bass Homes, Inc. (*see* Relevant pages from *Wiltz* Complaint, attached hereto as Exhibit "A").

2. *Wiltz* "was certified as a national class action on or about September 26, 2012." Mots. for Severance at 2.

3. Plaintiffs "opted out of the national class action on or about September 18, 2012." *Id*.

4. In 2013, Plaintiffs filed separate state court actions in Mississippi, which were removed to federal court and transferred to MDL 2047 on or about December 13, 2013. *Id*. Thereafter, Defendant AHC named Taishan as a third-party Defendant in these actions. *Id*. at 2-3.

---

[1] Plaintiffs' counsel Mr. Bryson of Whitfield, Bryson & Mason, LLP is a member of the PSC, but is not a signatory to this filing because it conflicts with his clients' Motions for Severance. It should be noted that both Attorneys Mullins and Bryson are Objectors to the Fee Committee's Allocation Motion (Rec. Doc. 20290), which is currently pending before Special Master Balhoff, but that has no impact on the PSC's position herein with respect to the Motions for Severance.

2

5. Pursuant to a motion for a stay filed by Defendant AHC (Rec. Doc. 19911) (which the PSC supported in a telephonic conference before the Court), the Court stayed the *Collins* and *Herrington* actions (Rec. Doc. 20101).

Plaintiffs assert that they are seeking to sever the claims against Taishan in this MDL so that they may be in a position to resolve their claims against the remaining Defendants in Mississippi State Court. Unfortunately, however, all of the claims in Plaintiffs' various actions are entangled, rendering severance of the claims against Taishan difficult, if not impossible. Moreover, Defendant AHC and the Third-Party Defendants FFIC and Stevedore have asserted that they will continue their efforts to bring Taishan into the State Court proceedings in any event. *See* ACH Resp. at 3; FFIC Resp. at 1; Stevedore Resp. at 2.

Furthermore, it appears that Plaintiffs are attempting inappropriately (or perhaps ineptly) to pursue the same claims in multiple venues simultaneously, with the goal of maximizing their chances of recovery. In so doing, Plaintiffs have taken contrary positions in this MDL and have made misrepresentations and/or failed to set forth all relevant facts.

First, Plaintiffs appear to give the impression they are no longer part of the *Wiltz* class since they allegedly "opted out" of *Wiltz* on September 18, 2012. Contrary to Plaintiffs' assertion, *Wiltz* was not certified as a litigation class in September, 2012, and Plaintiffs did not opt out of *Wiltz* then or at any time thereafter. Moreover, Plaintiffs are included in four additional Omni Complaints. In *Almeroth, et al. v. Taishan Gypsum Co., Ltd.*, C.A. 12-498 (E.D. La.) (Omni XIII), Plaintiff Collins named as Defendants Taishan and AHC and Plaintiff Herrington named Taishan and Bartlett Ranch, LLC (*see* Relevant pages from *Almeroth* Complaint, attached hereto as Exhibit "B"). These Plaintiffs are also included in *Amorin, et al. v.*

3

*Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* C.A. 11-1672 (E.D. La.) (Omni XV) (*see* Relevant pages from *Amorin* Complaint (Omni XV), attached hereto as Exhibit "C"); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* C.A. 11-1395 (E.D. La.) (Omni XVI) (*see* Relevant pages from *Amorin* Complaint (Omni XVI), attached hereto as Exhibit "D"); and *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, C.A. 11-1673 (E.D. La.) (Omni XVII) (*see* Relevant pages from the *Amorin* Complaint (Omni XVII), attached hereto as Exhibits "E").[2]

In 2014, the Court certified a litigation class of Plaintiffs that included:

> All owners of real properties in the United States, who are named Plaintiffs on the complaints in *Amorin, Germano, Gross,* and/or *Wiltz* (*i.e.,* not an absent class member), asserting claims for remediated damages arising from, or otherwise related to Chinese Drywall manufactured, sold, distributed, supplied, marketed, inspected, imported or delivered by the Taishan Defendants.

*In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520, *16 (E.D. La. Sept. 26, 2014). Plaintiffs Collins and Herrington are named class representatives in *Amorin* and *Wiltz* and have alleged that Taishan's Chinese Drywall was installed in their homes (*see* Exhibits A, C, D, and E attached hereto). Despite being given an opportunity to opt out of the class or object thereto, Plaintiffs did not exercise this right. And, there should be no question that Plaintiffs received notice of class certification given the fact that their counsel Mr. Bryson is a member of the PSC.

---

[2] Apparently, Plaintiffs were also included in *Brooke, et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, C.A. 15-4127 (E.D. La.) (Omni XX) when it was filed (*see* Relevant pages from *Brooke* Complaint and Collins and Herrington Plaintiff Profile Forms, attached hereto collectively as Exhibit "F"). They have since been dismissed from that action (*see* Notices of Dismissal, attached hereto collectively as Exhibit "G").

Plaintiffs' intention to pursue claims against Taishan in this MDL is evident. Following certification of the Taishan class in September, 2014, Plaintiffs Collins and Herrington were included in Exhibit 10/79, which was part of the hearing on classwide damages held on June 9, 2015 (*see* List of Exhibits and Hearing Exhibit 10/79 at p. 100, attached hereto collectively as Exhibit "H"). At no time did Plaintiffs dismiss their claims against Taishan. On the contrary, Plaintiffs' motion for money damages against Taishan is pending before this Court.

Second, in a related aspect of this litigation, Plaintiffs Collins and Herrington opted out of the Global Settlement (*see* Opt Outs, attached hereto as Exhibit "I"), which perhaps explains their contention or misbelief that they "opted out of the national class action on or about September 18, 2012." Mots. for Severance at 2. Despite their representation that they did not want to participate in the Global Settlement, these Plaintiffs nevertheless inexplicably filed claims for benefits from that settlement, identifying Bass Homes, ACH, and Pate Stevedore as the builder and suppliers of Taishan's Chinese Drywall in their homes (*see* Completed Claim Forms submitted by Whitfield Bryson & Mason on behalf of Plaintiffs and email to BrownGreer, attached hereto collectively as Exhibit "J"). In fact, the Settlement Administrator Brown Greer approved claims for settlement benefits for both Collins and Herrington (*see* Letters of Eligibility, attached hereto as Exhibit "K"). Apparently, though, no payments have been made to either Plaintiff because W9 forms were not delivered to the Settlement Administrator (*see*, *e.g.*, 1/13/2017 notice from BrownGreer and 4/24/2014 Letter to Plaintiffs' Counsel regarding Herrington, attached hereto as Exhibit "L").

Given the confusing and complex state of this record, given Plaintiffs' contradictory actions and misstatements, and given this Court's oversight and jurisdiction over the Taishan

class damages issue, it would be inappropriate to sever Plaintiffs' claims against Taishan so that these litigants could return to State Court. Practically, severance and remand would be meaningless in any event, since Defendant ACH and Third-Party Defendants FCCI and Stevedore would bring Taishan into the State Court proceedings.

Under these circumstances, the Motions for Severance should be denied.

Respectfully submitted,

Dated: March 27, 2017

/s/ Russ M. Herman
Russ M. Herman, Esquire (LA Bar No. 6819) (On the Brief)
Leonard A. Davis, Esquire (LA Bar No. 14190) (On the Brief)
Stephen J. Herman, Esquire (LA Bar No. 23129) (On the Brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
rbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler, LLP
12720 Hillcrest Road, Ste. 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd.
Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr., Esquire
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W. Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 27th day of March, 2017.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*
