IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Braxton H. Collins, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6652 |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | |
| DRYWALL PRODUCTS LIABILITY | : | MDL NO.: 2047 |
| LITIGATION | : | |
| | : | SECTION: L |
| **This Document Relates To:** | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| **Jason S. Herrington, et al. vs. Bass Homes, Inc.,** | : | |
| **et al.; S.D. Mississippi, C.A. No. 1:13-00297** | : | Case No.: 13-6653 |

**DEFENDANT/THIRD-PARTY PLAINTIFF ACE HOME CENTER, INC.'S
MOTION TO DISMISS ACTION AS PRECLUDED OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant/Third-Party Plaintiff Ace Home Center, Inc. ("AHC"), by and through counsel, and respectfully moves the Court to dismiss the actions against it as precluded, or alternatively to grant summary judgment to AHC on the basis of release, and states as follows:

### Introduction

It has recently come to the attention of AHC that Plaintiffs have continued to participate in the Settlement Agreement in MDL 2047 Regarding Claims Involving, Builders, Installers, Suppliers and Participating Insurers ("the Global Settlement"). Such participation comes despite the Plaintiffs previously opting-out of the settlement. Since the Plaintiffs are benefitting from the

settlement, the releases pursuant to the Global Settlement should apply to them and bar suit here against AHC. Though dismissal is warranted here, it will not prejudice Plaintiffs.

### Statement of Facts

1. Plaintiffs filed suit as named representatives in *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, C. 10-361 (E.D. La.)(Omni II), in which they named as Defendants Taishan Gypsum, Co., Ltd. ("Taishan"), AHC (later dismissed), and Bass Homes, Inc. (Bass). (Relevant portions of *Wiltz* Complaint, attached hereto as Exhibit A).

2. Contrary to their representations, Plaintiffs have never opted out of the *Wiltz* Complaint.

3. Plaintiffs are also included in four other Omnibus Complaints: *Almeroth, et al. v. Taishan Gypsum Co., Ltd.*, C.A. 12-498 (E.D. La.)(Omni XIII)(wherein Plaintiffs Jason and Cassie Herrington name Taishan and Bartlett Ranch, LLC, as Defendants and Plaintiffs Braxton and Kerrie Collins name Taishan and AHC as Defendants)(Relevant portions of *Almeroth* Complaint, attached hereto as Exhibit B); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, C.A. 11-1672 (E.D. La.) (Omni XV) (Relevant portions of *Amorin* Complaint (Omni XV), attached hereto as Exhibit C); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co.,Ltd., et al.*, C.A. 11-1395 (E.D. La.) (Omni XVI) (Relevant portions of *Amorin* Complaint (Omni XVI), attached hereto as Exhibit D); and *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, C.A. 11-1673 (E.D. La.) (Omni XVII) (Relevant portions of the *Amorin* Complaint (Omni XVII), attached hereto as Exhibit E).

4. On September 18, 2012, Plaintiffs Jason and Cassie Herrington ("the Herringtons") signed an Opt-Out Form purporting to end their involvement in the Global

Settlement. (Herrington Opt-Out Form, attached hereto as Exhibit F)

5. On September 25, 2012, Plaintiffs Braxton and Kerrie Collins ("the Collins") signed an Opt-Out Form purporting to end their involvement in the Global Settlement. (Collins Opt-Out Form, attached hereto as Exhibit G).

6. Despite previous opt-out, on June 25, 2013, Counsel Daniel Bryson submitted a Repair and Relocation Expenses Claim Form on behalf of the Herringtons, listing AHC as a participating supplier. (Herrington Claim Form, attached hereto as Exhibit H).

7. Despite previous opt-out, on June 25, 2013, Counsel Daniel Bryson submitted a Repair and Relocation Expenses Claim Form on behalf of the Collins, listing Pensacola Stevedore Company, Inc., and Pate Stevedore Company, Inc. as participating suppliers (Collins Claim Form, attached hereto as Exhibit I), who allegedly sold any drywall to AHC that was used in the Collins home. (*See* Collins Second Amended Complaint, ¶15).

8. On February 27, 2014, the Herringtons received a Repair and Relocation Expenses Claim Eligibility Notice from the Settlement Administrator for the Global Settlement, Brown Greer PLC ("the Settlement Administrator"). (Herringtons Eligibility Notice, attached hereto as Exhibit J).

9. On February 11, 2014, the Collins received a Repair and Relocation Expenses Claim Eligibility Notice from the Settlement Administrator. (Collins Eligibility Notice, attached hereto as Exhibit K).

10. While their eligibility for settlement payments was confirmed by the Settlement Administrator, no payments had been made as of January 13, 2017 because neither the Collins nor the Herringtons had submitted a W-9 Form as required for payment. (Jan. 13, 2017 Settlement Administrator E-mail, attached hereto as Exhibit L).

11. The Global Settlement states that

> 3.1 . . .This Settlement will settle and resolve with finality the Litigation, the Released Claims, and the Related Claims involving the Class Members, the Participating Defendants and Participating Insurers and any other claims that have been brought, could have been brought or could be brought now or at any time in the future in the Litigation or in any other proceeding of any kind against any Participating Defendant and/or Participating Insurer relating to or arising out of Chinese Drywall, whether based in law, equity or otherwise.

(Global Settlement, § 3.1, attached hereto as Exhibit M).

12. The 'Released Claims' affected by the Settlement are broadly described and include any and all claims against participating defendants related to Chinese Drywall. (Global Settlement, § 5.1, Ex. M).

13. AHC has contributed to the Global Settlement Funds as a Participating Supplier. (Relevant portion of Global Settlement, Exhibit 1-Participating Defendants, attached hereto as Exhibit N).

## Standard of Review

In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiffs. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995) *quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir.1994).

Alternatively, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(C). A genuine issue of fact exists where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *See Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir.1991).

## Argument

**I.     The Global Settlement Release Bars Plaintiffs from Seeking Further Damages Here**

The Plaintiffs previously signed forms purporting to opt out of the Global Settlement (Opt Out Forms, Exs. F, G). However, their continued participation in the Global Settlement renders these opt-outs ineffective. Their claims within the Settlement have already been found eligible, and the Plaintiffs need only file relevant tax information (W-9 Form) to receive settlement funds. (Jan. 13, 2017 Settlement Administrator E-mail, Ex. L). By their continued participation in the Global Settlement, Plaintiffs seek to benefit from the Settlement Funds. AHC has contributed to these funds as a Participating Supplier. (Relevant portion of Global Settlement, Exhibit 1-Participating Defendants, Ex. N).

In a complex class-action such as this one, involving thousands of parties and filings before the Court, clarity in a party's opt-out is of particular concern. *See In re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016). An opt-out may be informal, but it must be "unequivocal." *Id.* at 198. Lack of clarity in opt-outs "would allow class members to make ambiguous statements and motions while waiting to see if the outcome of the class action is

favorable." *Id. citing In re Nissan Motor*, 552 F.2d 1088, 1104 (5th Cir. 1977). Plaintiffs' supposed opt-out has been anything but equivocal. Despite signing opt-out forms, Plaintiffs, through counsel, submitted claims to the Global Settlement and continued to communicate with the Settlement Administrator in order to provide all information necessary to have their claims approved. (Feb. 6-7, 2014 Settlement Administrator Emails, attached hereto as Exhibit O). By continuing to participate in the settlement, Plaintiffs have confused proceedings both in the Omnibus Complaints and in the actions before the Court here. Such confusing and contradictory actions do not provide an effective opt-out. *See In re Deepwater*, 819 F.3d at 197-98.

"Due process concerns require that, upon expiration of the exclusion or opt-out period, all class members be represented on all claims included in the class action." *In re Shell Oil Refinery*, 152 F.R.D. 526, 528 (E.D. La. 1989). All class members who do not opt out become "subject to any rulings, orders, and judgments of the Court." *Id.* Because Plaintiffs have not effectively opted out of the Global Settlement, they remain class members subject to the orders of this Court with regard to the Settlement. *See id.* The Court has adopted the terms of the Global Settlement as binding on class members. *In re Chinese-Manufactured Drywall Products Liability Litigation*, 2013 WL 499474, at *18-19 (E.D. La. Feb. 7, 2013). The Court ordered that

> [a]ny and all Global Settlement Members, including, but not limited to, those who have not properly opted out of the Global Settlement Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against the Settling Parties (but excluding any Reserved Claims) that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

*Id.* at *19. The terms of the Global Settlement itself are also quite clear. It provides for the release of

> . . . any and all claims of any kind and nature whatsoever of a Class Member . . . arising out of, or in any manner related to, Chinese Drywall, the Litigation, CDW-Related Actions or Related Claims, and/or []for any and all losses, damages

and/or injuries arising from, or in any manner related to . . . any and all claims that a Class Member . . . has, may have, or may have had, regardless of whether such claim is known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent, whether asserted by petition, complaint, cross-claim, third party complaint, fourth-party complaint, arbitral demand, written demand, or otherwise . . .

(Global Settlement Agreement, § 5.1, Ex. M).

"As a general rule, a judgment in a class action will bind the members of the class." *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1054 (5th Cir. 1979) *abrogated in part on other grounds by Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560. Judgment approving a class-action settlement agreement has the effect of *res judicata* on class members. *In re Deepwater Horizon*, 819 F.2d at 198 *citing Juris v. Inamed Corp.*, 685 F.3d 1294, 1312-13 (11th Cir. 2012). A class member who received the required notice is precluded from challenging a prior class action judgment. *In re Deepwater Horizon*, 819 F.2d at 198-99 *citing Hunter v. Transamerica Life Ins. Co.*, 498 Fed. App'x 430, 435 (5th Cir. 2012) *and Gonzales v. Cassidy*, 474 F.2d 67, 74 (5th Cir. 1973). Because Plaintiffs and AHC are all participants in the Global Settlement, all claims between them are barred by the Order of the Court and by the terms of the Settlement.

**II.     Dismissal Will Prevent Prejudice to AHC and Will Not Prejudice the Plaintiffs**

Continued prosecution of the actions here will lead to undue prejudice to AHC. As a Participating Supplier, AHC has contributed monies to the Global Settlement Funds. By continuing to participate in the Global Settlement, Plaintiffs seek compensation from these funds that AHC has contributed to. At the same time, Plaintiffs seek further compensation here for the same claims and the same harm alleged in the Omnibus Complaints. Plaintiffs seek to make AHC pay twice for the same alleged harms to the same parties, which presents an issue of great prejudice to AHC.

Dismissal of the actions here will prevent any such prejudice to AHC without prejudicing Plaintiffs. With only the submission of the required W-9 Forms, Plaintiffs will receive compensation from the Global Settlement for the same harms alleged here. Additionally, since Plaintiffs remain members of five Omnibus Complaints, Plaintiffs will be able to seek compensation against Taishan as members of those class actions. Thus, no prejudice will come to Plaintiffs through dismissal of the actions here.

### Conclusion

For the reasons set forth above, Defendant AHC respectfully requests this Honorable Court grant Defendant's Motion to Dismiss, or in the alternative grant Summary Judgment to AHC on the basis of release. Defendant respectfully requests such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*/ s / Danny J. Collier, Jr.*

Danny J. Collier, Jr., Esq.
Attorney for Ace Home Center, Inc.

**OF COUNSEL:**

LUTHER, COLLIER, HODGES & CASH LLP
Post Office Box 1002
Mobile, Alabama 36633
(251) 694-9393 Office
(251) 694-9392 Fax
dcollier@lchclaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand-delivery upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of April, 2017.

| | |
|---|---|
| Stephen W. Mullins, Esq.<br>Luckey & Mullins, PLLC<br>Post Office Box 990<br>Ocean Springs, MS 39566<br>smullins@luckeyandmullins.com | David C. Coons, Esq.<br>Christopher A. D'Amour, Esq.<br>Justin Boron, Esq.<br>Adams and Reese LLP<br>4500 One Shell Square<br>New Orleans, LA 70139<br>david.coons@arlaw.com<br>chris.damour@arlaw.com<br>justin.boron@arlaw.com |
| Heather M. Houston, Esq.<br>Caroline Pryor, Esq.<br>Carr Allison<br>6251 Monroe Street<br>Suite 200<br>Daphne, Alabama 36526<br>hhouston@carrallison.com<br>cpryor@carrallison.com | S. Wesley Pipes, Esq.<br>Pipes Law Firm, LLC<br>Five Dauphin Street<br>301 Bayport Bldg.<br>Mobile, Alabama 36602<br>swp@pipeslaw.com |
| Gary J. Russo, Esq.<br>Jones Walker LLP<br>600 Jefferson Street<br>Suite 1600<br>Lafayette, LA 70501<br>grusso@joneswalker.com | Bernard Taylor, Esq.<br>Matthew D. Lawson, Esq.<br>Christy Hull Eikhoff, Esq.<br>Alston & Bird, LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>bernard.taylor@alston.com<br>matt.lawson@alston.com<br>Christy.Eikhoff@alston.com |

William W. Watts, Esq.
HELMSING, LEACH, HERLONG
 NEWMAN & ROUSE, P.C.
P. O. Box 2767
Mobile, Alabama  36652
www@helmsinglaw.com


        */ s / **Danny J. Collier, Jr***

        _____
        OF COUNSEL