UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:
*ALL CASES*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SPECIAL MASTER CASE MANAGEMENT ORDER NO. 1

By Order dated July 18, 2016 (entered July 19, 2016), Daniel J. Balhoff was appointed Special Master [Rec. Doc. 20410]. Thereafter, the Court clarified and supplemented that Order on August 30, 2016 [Rec. Doc. 20478]. The following Case Management Order is established to govern these proceedings before the Special Master:

**I.     SEALED DOCUMENTS**

The Special Master has been given access to all sealed documents. Except as provided herein, or as otherwise ordered by the Court or Special Master at a later date, all sealed documents shall remain confidential. All documents referenced in Section IV below shall be provided to Co-Liaison Counsel, Jimmy Faircloth, Jr. and Val Exnicios, who will distribute such documents to Objectors and may use such documents to address the limited issues before the Special Master. Objectors may voluntarily share documents filed under seal pertaining to them with Co-Liaison Counsel and other Objectors at their discretion.

1

**II.     PENDING MOTIONS**[1]

The following motions are pending before the Special Master:

A. Villa Lago Plaintiffs' Motion for a Final Award of Attorneys' Fees and Reimbursement of Costs [Rec. Doc. 20347]. The Fee Committee has filed a response [Rec. Doc. 20383]. The Villa Lago Plaintiffs intend to file a reply brief prior to this matter being set for adjudication.

B. The Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20293]. Further, the Special Master has received Primary Counsel's Request to Allocate the Global Fee Award Between Common Benefit Counsel and Primary Counsel and Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Attorney and Individual Counsel Fees Pursuant to PTO 28(F) [Rec. Doc. 20336]. [List additional responses and objections] This matter is not yet ready for adjudication.

C. Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20434]. Krupnick Campbell Malone filed a Joinder of Primary Counsel's Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20436]. The Fee Committee filed a Response in Opposition to Objecting Counsel's Motion for Immediate Disbursement of Undisputed Fees [Rec. Doc. 20440]. A Response was filed by Taylor Martino, P.C. to the Motion for Immediate Disbursement of

---

[1] The Special Master takes note that the Court has retained jurisdiction over certain motions [Rec. Docs. 20340 and 20341] that may impact on the sum of money to be set aside for Individually Retained Counsel.

        Undisputed Fees [Rec. Doc. 20441] and the Fee Committee filed a Reply to the Response of Taylor Martino P.C. [Rec. Doc. 20455]. A request was made for oral argument on the Motion for Immediate Disbursement of Undisputed Fees. The Special Master will hear oral argument on the matter on_____, 2016 at _____, Louisiana.

    D.    The Fee Committee's Motion to Approve the Amended Memorandum of Understanding Regarding All Homebuilder Claims for Reimbursement of Counsel Fees [Rec. Doc. 20467]. The Special Master will also take into consideration the submission dated September 8, 2016 by Neal A. Sivyer of the Sivyer, Barlow & Watson, P.A. law firm, the submission dated September 8, 2016 by Arnold Levin of the Levin Fishbein Sedran & Berman law firm, and the submission dated September 12, 2016, by Hilarie Bass of the Greenberg Traurig law firm. In addition, the Special Master will consider the anticipated motion of Mr. Sivyer to be considered an "Active Builder" pursuant to the schedule set forth in the September 9, 2016 letter of Arnold Levin and September 9, 2016 email of the Special Master adopting the schedule therein.

**IV.**    <u>**DISCOVERY**</u>

    The Special Master has reviewed Primary Counsel's Motion for a Case Management Order Providing for Discovery, the Unsealing of Records Regarding Common Benefit Fees, and the Appointment of a Special Master [Rec. Doc. 20394], a Motion for Joinder and Adoption of the Primary Counsel's Motion for a Case Management Order Providing for Discovery, the Unsealing of Records Regarding Common Benefit Fees, and the Appointment to a Special Master [Rec. Doc. 20420] and a Motion and Order for Leave to File Reply to the Fee Committee and Class Counsel's

Response in Opposition to the "Motion for Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel, Without Other Objector Opposition, and Without PSC/FC Objection (Except as to Proposed Fee Compensation Provision)" [Rec. Doc. 20424]. The Special Master now makes the following determinations regarding discovery:

    A.    **<u>Initial Document Production</u>**

Objectors shall be entitled to the following initial written discovery without prejudice to their right to seek additional relevant documents once its review and analysis of the following documents are complete.

Within thirty (30) days of signing of this Case Management Order, Philip Garrett, CPA, shall produce to Co-Liaison Counsel for the Objectors (who shall distribute to Objectors), the Fee Committee and the Special Master the following, which shall remain confidential (except as provided herein):

    1.    Documents referenced or relied upon by Philip A. Garrett, CPA, in preparing his Declarations submitted in connection with the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F), including but not limited to all submissions of common benefit time and expenses submitted to Philip Garrett pursuant to Pre-Trial Orders Nos. 9, 9A and 28 including all initial submissions and all revised submissions submitted by any attorney or firm.

    2.    All ledgers, reconciliations, accountings or lists of common benefit expenses, including all records of whether or not each expense has been reimbursed to date, including but not limited to:

      a.    Total Time and Held Costs from Inception of the Case to Present, which will include a report identifying total time by employee, time totals by firm and time totals by firm summary.

      b.    Held Costs Expense Reports.

      c.    Shared Costs Expense Reports.

3.    Lodestar reports (with current, inception and blended values) identifying the time totals for each billing employee or individual reporting common benefit time – sortable report from inception of the case to present, which identifies Lodestar information both from inception of the case to December 2013 and from January 2014 to present.

Within forty-five (45) days of signing of this Case Management Order, the Fee Committee and/or the Plaintiffs' Steering Committee shall produce to Co-Liaison Counsel for the Objectors (who shall distribute to Objectors), the Fee Committee and the Special Master the following, which shall remain confidential (except as provided herein):

1.    A copy of the completed and signed Initial Affidavits for Compensation for Common Benefit Time and Reimbursement of Expenses received by the Fee Committee pursuant to Step 2 of PTO 28.

2.    All transcripts, agenda and minutes of PSC meetings and FC meetings.

3.    All emails, written communications and other documents:

      a.    To the PSC or any member of the PSC requesting authorization to conduct common benefit work pursuant to Pre-Trial Order No. 9 (Doc. 147); or

      b.      From the PSC or any member of the PSC authorizing, requesting or denying common benefit work pursuant to Pre-Trial Order No. 9 (Doc. No. 147).

4. All emails, written communications and other documents to, from or by FC member(s) or PSC member(s) discussing or relating to:

      a.      The allocation of fees between common benefit counsel and primary counsel;

      b.      The claims against Taishan and/or other non-settling defendants;

      c.      Whether a particular activity or expense was for the common benefit;

      d.      The allowance or disallowance of common benefit time or expenses; or

      e.      The value of all benefits conferred upon claimants by either common benefit counsel or individually retained counsel.

5. All memoranda, reports, ledgers, spreadsheets, or other documents prepared by or with input from Sandra Duggan regarding, discussing or relating to:

      a.      Common benefit time and/or expenses,

      b.      Whether a particular activity or expense was for the common benefit;

      c.      The allowance or disallowance of common benefit time or expenses; or

      d.      The value of benefits conferred upon claimants by either common benefit counsel or individually retained counsel.

All documents shall be produced in native format of the original document. To the extent the document must be produced as an image:

1. The file produced should maintain the integrity of all source, application, embedded, related file system metadata, and extracted text.

2. No alteration shall be made to file names or extensions for responsive native electronic files. Electronic mail should include attachments.

3. Electronically Stored Information ("ESI") shall be produced in word searchable (OCR'd) TIFF files, Bates numbered with the metadata as set forth on **Attachment A** and in the format set forth on **Attachment B**.

ESI shall be produced on CD ROMs, DVD-Rs, external hard drives, flash drives or uploaded via secured FTP, as the volume of data requires.

B. **Depositions**

Following the completion of the production of the written discovery as outlined above, the following Round 1 depositions may proceed subject to the guidelines contained below.

1. **Deposition of Philip Garrett**

Upon Objectors' review of the documents produced in accordance with this Case Management Order, Objectors may depose Philip Garrett within one (1) month of the completion of the production of the written discovery, subject to the availability and schedule of Mr. Garrett. The deposition shall be limited to the following topics:

a. The Declarations of Philip Garrett, CPA.
b. Reports prepared by Philip Garrett, CPA.
c. Documents produced by Philip Garrett, CPA.

The deposition of Mr. Garrett shall be scheduled at a mutually convenient time and location to Philip Garrett and shall last no more than twelve (12) hours. There shall be no more

than one (1) primary and one (1) secondary examining attorney for Objectors. Co-Liaison Counsel for the Objectors shall coordinate with all Objectors who shall have an aggregate allotted time of ten (10) hours to question Mr. Garrett, and the failure to allocate time among themselves or to enforce that allocation of time amongst themselves during the deposition shall not result in an extension of the deposition. Counsel who have individual or divergent positions which cannot be resolved by good faith negotiations with Co-Liaison Counsel for Objectors may examine Mr. Garrett limited to matters not previously covered, provided said counsel does not impede upon the ten (10) hour limitation set forth above. The Fee Committee shall be allocated time of two (2) hours to question Mr. Garrett. The Fee Committee will designate one (1) primary examiner.

## 2. Deposition of Fee Committee Chair and Co-Chair

The deposition of Arnold Levin (the Fee Committee Chair) and Russ Herman (the Fee Committee Co-Chair and Secretary) shall take place within one (1) month of the completion of the production of the written discovery regarding the following areas of inquiry:

    a.    The documents produced in response to Section IV.A. above and information contained within the those documents.

    b.    Paragraphs 1 through 10 of PTO 28 and PTO 28(F).

    c.    The Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for A Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pre-Trial Order No. 28 [Rec. Doc. 17700].

    d.    First Amendment to the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for A Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pre-Trial Order No. 28 [Rec. Doc. 20205].

      e.      The Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20293].

      f.      The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20384].

The deposition of the Fee Committee Chair and Co-Chair/Secretary shall be scheduled at a mutually convenient time and location and shall last no more than fourteen (14) hours each. There shall be no more than one (1) primary and one (1) secondary examining attorney for Objectors. Questioning attorneys may only ask non-duplicative questions. Co-Liaison Counsel for the Objectors shall coordinate with all Objectors who shall have an aggregate allotted time of twelve (12) hours to question each deponent, and the failure to allocate time among themselves or to enforce that allocation of time amongst themselves during the deposition shall not result in an extension of the deposition. Counsel who have individual or divergent positions which cannot be resolved by good faith negotiations with Co-Liaison Counsel for Objectors may examine the deponent limited to matters not previously covered, provided said counsel does not impede upon the twelve (12) hour limitation set forth above. The Fee Committee shall be allocated time of two (2) hours to question each of the deponents listed in this section. The Fee Committee will designate one (1) primary examiner.

      **3.**      **Deposition of Sandra Duggan**

The deposition of Sandra Duggan shall take place within two (2) weeks of Arnold Levin or Russ Herman's deposition, whichever is later. Ms. Duggan will be subject to the following areas of inquiry:

9

      a.      Interviews and/or meetings conducted with Common Benefit Counsel regarding time and expense submissions in this matter and any documents or memoranda prepared in connection therewith.

      b.      The documents produced in response to Section IV.A. above and information contained within the those documents.

The deposition of the Sandra Duggan shall be scheduled at a mutually convenient time and location and shall last no more than fourteen (14) hours. There shall be no more than one (1) primary and one (1) secondary examining attorney for Objectors. Questioning attorneys may only ask non-duplicative questions. Co-Liaison Counsel for the Objectors shall coordinate with all Objectors who shall have an aggregate allotted time of twelve (12) hours to question Ms. Duggan, and the failure to allocate time among themselves or to enforce that allocation of time amongst themselves during the deposition shall not result in an extension of the deposition. Counsel who have individual or divergent positions which cannot be resolved by good faith negotiations with Co-Liaison Counsel for Objectors may examine the deponent limited to matters not previously covered, provided said counsel does not impede upon the twelve (12) hour limitation set forth above. The Fee Committee shall be allocated time of two (2) hours to question the deponent listed in this section. The Fee Committee will designate one (1) primary examiner.

      **3.    Deposition of Plaintiffs' Steering Committee Designee**

Objectors may take the deposition of a designee of the Plaintiffs' Steering Committee following the depositions of the Mr. Levin, Mr. Herman and Ms. Duggan, provided that the deposition is not duplicative of the previous depositions. The Plaintiffs' Steering Committee shall designate at least one designee to testify as to the following areas of inquiry:

      a.      The documents produced in response to Section IV.A. above and information contained within the those documents.

      b.      Paragraphs 1 through 10 of PTO 28 and PTO 28(F).

      c.      The Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for A Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pre-Trial Order No. 28 [Rec. Doc. 17700].

      d.      First Amendment to the Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for A Global Award of Attorneys' Fees and Reimbursement of Expenses, Filed Pursuant to Pre-Trial Order No. 28 [Rec. Doc. 20205].

The deposition of the Plaintiffs' Steering Committee shall be scheduled at a mutually convenient time and location and shall last no more than fourteen (14) hours which may be conducted over a period of two (2) days.  There shall be no more than one (1) primary and one (1) secondary examining attorney for Objectors.  Co-Liaison Counsel for the Objectors shall coordinate with all Objectors who shall have an aggregate allotted time of twelve (12) hours to question the deponent, and the failure to allocate time among themselves or to enforce that allocation of time amongst themselves during the deposition shall not result in an extension of the deposition.  Counsel who have individual or divergent positions which cannot be resolved by good faith negotiations with Co-Liaison Counsel for Objectors may examine the deponent limited to matters not previously covered, provided said counsel does not impede upon the twelve (12) hour limitation set forth above.  The Fee Committee shall be allocated time of two (2) hours to question the deponent.  The Fee Committee will designate one (1) primary examiner.

### 4. General Deposition Guidelines

Except as otherwise provided herein, all depositions pursuant to this Case Management Order shall be confidential to avoid disclosure to adverse parties in this ongoing litigation. While the deponent is being examined about any under seal document or the confidential information contained therein, persons other than Objectors (and their attorneys) and Co-Liaison Counsel for Objectors, or any other individual(s) to whom disclosure is not authorized as set forth above shall be excluded from the deposition, and the Court Reporter shall designate such testimony as confidential.[2] Further, portions of the transcript designated as confidential shall only be made available to those parties who originally had access or who have access pursuant to this Case Management Order to the under seal documents or the confidential information contained therein. The deposition shall be stenographically recorded by a court reporter that shall administer the oath or the affirmation to the deponent and a written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed.R.Civ.P. 30(e). All parties shall bear their own costs in securing copies of the deposition transcript. Objectors (including their counsel) and Co-Liaison Counsel shall have the right to monitor the deposition, but not question the deponent, by telephone.

Additional discovery (written discovery or depositions) will be permitted only upon order of the Special Master for good cause. A party requesting additional discovery shall send a letter to the Special Master of no more than four (4) pages describing the nature and grounds of such additional discovery.

---

[2] *See In re Xarelto Prod. Liab. Litig.*, MDL 2592, Pretrial Order No. 23 (Deposition Guidelines) at 2 (E.D.La. Feb. 17, 2016). Available at: http://www.laed.uscourts.gov/sites/default/files/xarelto/Pretrial%20Order_23_0.pdf.

## V. __MERITS ADJUDICATION__

At the conclusion of discovery, Counsel for the Objectors may submit a supplemental memorandum. Thereafter, the Fee Committee shall have fifteen (15) days to submit a response memorandum. The Special Master will hold an evidentiary hearing on all outstanding issues regarding allocation of the global fee award no later than thirty (30) days from the Fee Committee's response memorandum.

New Orleans, Louisiana, this _____ day of _____, 2016.

_____
Special Master Dan Balhoff

## Attachment A: ESI Metadata and Coding Fields

| Field Name | Populated For (Email, Edoc, or Both) | Field Description |
|---|---|---|
| ProdBeg | Both | Control Numbers |
| ProdEnd | Both | Control Numbers |
| BegAttach | Both | Control Numbers (First production bates number of the first document of the family) |
| EndAttach | Both | Control Numbers (Last production bates number of the last document of the family) |
| PgCount | Both | Page Count |
| Custodian | Both | Custodian name (ex. John Doe) |
| Native File | Both | Native File Link |
| EmailSubject | Email | Subject line of email |
| DateSent | Email | Date email was sent |
| DateMod | Edoc | Date the document was modified |
| TimeSent | Email | Time email was sent |
| To | Email | All recipients that were included on the "To" line of the email |
| From | Email | The name and email address of the sender of the email |
| CC | Email | All recipients that were included on the "CC" line of the email |
| BCC | Email | All recipients that were included on the "BCC" line of the email |
| Attach | Email | The file name(s) of the attached documents |
| DateCreated | Edoc | Date the document was created |
| FileName | Both | File name of the edoc or email (for emails which are not attachments to another email this is the subject line of the email with its applicable extension) |
| Title | Edoc | Any value populated in the Title field of the document properties |
| Subject | Edoc | Any value populated in the Subject field of the document properties |
| Author | Edoc | Any value populated in the Author field of the document properties |
| DocExt | Both | File extension of the document |
| Text | Both | Text extracted from the email or edoc |

| Confidentiality | Both | Indicates if document has been designated as "Confidential" or "Highly Confidential" under the Protective Order |
|---|---|---|
| FileSize | Both | File size |
| Source | Both | Name of Party producing document |
| TextPath | Both | Filepath for OCR or extracted text files |
| MSGID | Email | Where applicable, Email system identifier assigned by the host email system. This value is extracted from parent message during processing |
| PST_OST_Filename | Email | Where applicable, Filename of PST or OST container from which email was collected |
| FilePath | Edoc | Original file/path of the location where the item resided at the time of preservation. This should include location, file name, and file source extension |
| Folder | Email | Where applicable, Folder location of the email within the PST or OST |
| AttachBates | Email | Bates numbers of the first pages of each attachment, separated by semi-colons |
| AttachCount | Email | Number of email attachments |
| AttachNames | Email | Names of the attachments as listed in the email, separated by semi-colons |
| DateReceived | Email | Date received |
| OutlookItemType | Email | Where applicable, Outlook item type, e.g., email, calendar item, contact, etc. |
| LastModBy | Edoc | Where applicable, Last person who modified a document |
| DocumentType | Both | Email, Edoc or Physical (for scanned documents) |
| HashValue | Both | MD5 or SHA1 hash value |
| Redacted | Both | "yes" if document was redacted |
| ProdVol | Both | Name of production media |
| Other Paths | Both | The full file paths, including file names, or in the case of emails, the folder names, of each copy of the document not being produced from this custodian, separate by semi-colons. |
| KrollControlNo | Both | Only for Clone Documents |

# Attachment B: File Formats

<u>Image Load Files</u>

- The name of the image load file should mirror the name of the delivery volume, and should have an .LFP extension (i.e., ABC001.LFP)

- The volume names should be consecutive (i.e., ABC001, ABC002, et. seq.)

- There should be one row in the load file per TIFF image.

- Every image in the delivery volume should be contained in the image load file.

- The image key should be named the same as bates number of the page.

- Load files should not span across media (e.g., CDs, DVDs, Hard Drives, Etc.), *i.e.*, a separate volume should be created for each piece of media delivered.

- Files that are the first page of a logical document should include a "D" where appropriate. Files that are the first page of an attachment to an e-mail should include a "C" where appropriate. Subsequent pages of all documents (regular document, e-mail, or attachment) should include a blank in the appropriate position.

> IM,VN00000001,D,0,@29502601;295026001\0000;VN00000001.TIF;2
> IM,VN00000002, ,0,@29502601;295026001\0000;VN00000002.TIF;2
> IM,VN00000003, ,0,@29502601;295026001\0000;VN00000003.TIF;2
> IM,VN00000004, ,0,@29502601;295026001\0000;VN00000004.TIF;2
> IM,VN00000005,D,0,@29502601;295026001\0000;VN00000005.TIF;2
> IM,VN00000006, ,0,@29502601;295026001\0000;VN00000006.TIF;2
> IM,VN00000007, ,0,@29502601;295026001\0000;VN00000007.TIF;2
> IM,VN00000008, ,0,@29502601;295026001\0000;VN00000008.TIF;2
> IM,VN00000009,D,0,@29502601;295026001\0000;VN00000009.TIF;2
> IM,VN00000010, ,0,@29502601;295026001\0000;VN00000010.TIF;2

> <u>Opticon Delimited File</u>:
>
> MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
> MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,Y,,,
> MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,Y,,,
> MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
> MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,Y,,,

> <u>Summation DII File</u>:
>
> @C HASIMAGE YES
> @T EPRG036023 2
> @D D:\FILES\PRODUCTION\CD0004\VOL0011\Images

EPRG036023.tif
EPRG036024.tif

Concordance Delimited Files:

þBegDocþþEndDocþþBegAttachþþEndAttachþþCustodianþ

- The data load file should use standard Concordance delimiters:
    - Comma – ¶ (ASCII 20)
    - Quote – þ (ASCII 254)
    - Newline – ® (ASCII174)
- The first record should contain the field names in the order of the data;
- All date fields should be produced in mm/dd/yyyy format;
- Use carriage-return line-feed to indicate the start of the next record;
- Load files should not span across media (e.g., CDs, DVDs, Hard Drives, Etc.); a separate volume should be created for each piece of media delivered;
- The name of the data load file should mirror the name of the delivery volume, and should have a .DAT extension (i.e., ABC001.DAT); and
- The volume names should be consecutive (i.e., ABC001, ABC002, et. seq.).