**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  CHINESE-MANUFACTURED          MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                           SECTION: L

THIS DOCUMENT RELATES TO:            JUDGE FALLON

*ALL CASES*                          MAG. JUDGE WILKINSON
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL AND IN
EXCESS OF PAGE LIMITS THE MOTION AND SUPPORTING MEMORANDUM TO
DISQUALIFY FEE COMMITTEE, STRIKE ITS ALLOCATION
RECOMMENDATION, AND STAY OR DISMISS PROCEEDINGS BEFORE THE
SPECIAL MASTER AND REQUEST FOR EXPEDITED CONSIDERATION**</u>

**MAY IT PLEASE THE COURT:**

Parker Waichman LLP; Whitfield Bryson & Mason LLP; Pendley Baudin & Coffin, Rhine

Law Firm; Luckey & Mullins; Milstein, Adelman, Jackson, Fairchild & Wade, LLP; and Roberts

& Durkee P.A. ("Movers") respectfully move to file their *Motion to Disqualify Fee Committee,*

*Strike its Allocation Recommendation, and Stay or Dismiss Proceedings Before the Special Master*

*and Request for Expedited Consideration* together with the supporting memorandum and exhibits

(collectively, the "Motion to Disqualify") (Exhibit 1 [filed under seal]) under seal and in excess of

the page limitations set forth in Local Rule 7.7 for the following reasons.

First, the Motion to Disqualify contains analyses and incorporates information which is

currently under seal.  Pursuant to this Court's Order, the Special Master was appointed to oversee

discovery and recommend an allocation between individually retained counsel and common

benefit counsel.  Doc. 20410.  The Special Master ordered Philip Garrett to produce all held and

shared cost submissions to individually retained counsel.  Pursuant to Pretrial Order No. 9 these

submissions are treated as if they were filed under seal.  Further, the Special Master allowed

individually retained counsel to depose Philip Garrett, Russ Herman (Plaintiffs' Liaison Counsel

and Co-Chair/Secretary of the Fee Committee), Arnold Levin (Plaintiffs' Lead Counsel and Chair of the Fee Committee) and Sandra Duggan.  These depositions were placed under seal by the Special Master.  The Motion to Disqualify relies heavily upon the sealed information:  the facts revealed by the expense documentation and during the depositions.  For this reason alone, this motion to seal should be granted.

Second, litigation is ongoing against several defendants including the Taishan-related entities.  The Motion to Disqualify contains confidential and privileged attorney work product which is protected from disclosure pursuant to Federal Rule of Civil Procedure 26(b)(3).  If the Motion to Disqualify is not filed under seal, the plaintiffs in the underlying litigation could be prejudiced by the non-settling defendants' access to information which is ordinarily not discoverable.

Third, Local Rule 5.6 and Pretrial Order No. 16 allow for the protection and filing under seal of those documents subject to protection under Federal Rule of Civil Procedure 26(c).  Rule 26(c) allows the court to issue an order protecting a party from *inter alia* embarrassment or oppression.  The Motion to Disqualify addresses matters which are very sensitive and brings to light conduct which should be considered embarrassing to the offending parties.  Further, Movers seek to avoid any "oppression" which may be caused to the extent the conduct discussed in the Motion to Disqualify may serve as a basis for opposing the offending parties' appointments to leadership positions in mass tort litigation in the future.

Fourth and finally, the leave to file the Motion to Disqualify in excess of the page Limitation set forth in Local Rule 7.7 should be granted.  The Motion to Disqualify is based on long-standing, yet often litigated, jurisprudential notions.  Analyzing the specific facts in this case, dating back to the inception of the litigation on June 15, 2009, vis-à-vis the complex legal

framework is impossible within the twenty-five page limit set forth in Local Rule 7.7 is impossible without sacrificing clarity and the detail necessary to fully develop Movers' arguments.

 For these reasons, this motion should be granted.

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By:   /s/ *Jimmy R. Faircloth, Jr.*
  Jimmy R. Faircloth, Jr. (LA #20645)
  jfaircloth@fairclothlaw.com
  Brook L. Villa (LA #31988)
  bvilla@fairclothlaw.com
  Franklin "Drew" Hoffmann (LA #35824)
  dhoffmann@fairclothlaw.com
  301 Main Street, Suite 920
  Baton Rouge, LA 70801
  Phone: (225) 343-9535
  Fax: (225) 343-9538

  *Attorneys for Parker Waichman LLP*

**MILSTEIN, ADELMAN, JACKSON, FAIRCHILD & WADE, LLP**

By:   /s/ *Mark Milstein*
  Mark Milstein
  mmilstein@majfw.com
  10250 Constellation Blvd., 14th Floor
  Los Angeles, CA 90067
  Phone: (310) 396-9600
  Fax: (310) 396-9635

**LISKA, EXNICIOS & NUNGESSER**

By:   /s/ *Val Patrick Exnicios*
  Val Patrick Exnicios, Esq.
  vpexnicios@exnicioslaw.com
  1515 Poydras Street
  14th Floor, Ste. 1400
  New Orleans, LA. 70112
  Phone: (504) 410-9611
  Fax: (504) 410-9937
  Cell: (504) 495-9666

  *Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins*

**ROBERTS AND DURKEE, LLP**

By:   /s/ *C. David Durkee*
  C. David Durkee
  durkee@rdlawnet.com
  2665 South Bayshore Drive, Suite 300
  Coconut Grove, FL 33133
  Phone: (305) 442-1700
  Fax: (305) 442-2559

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of April 2017.

*Jimmy R. Faircloth, Jr.*
Of Counsel