# EXHIBIT C

# LEVIN SEDRAN & BERMAN
*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER *
DANIEL C. LEVIN
CHARLES E. SCHAFFER
AUSTIN B. COHEN *
MICHAEL M. WEINKOWITZ * †
MATTHEW C. GAUGHAN * †
KEITH J. VERRIER *
LUKE T. PEPPER
NICOLA F. SERIANNI *

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697
www.lfsblaw.com

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

OF COUNSEL:
SANDRA L. DUGGAN

* also admitted in New Jersey
† also admitted in New York

April 17, 2017

**VIA CERTIFIED U.S. MAIL RRR AND EMAIL**

Jimmy R. Faircloth, Jr., Esquire
Faircloth, Melton & Sobel, LLC
301 Main Street, Suite 920
Baton Rouge, LA 70801

Val Patrick Exnicios, Esquire
1515 Poydras Street
14th Floor, Ste. 1400
New Orleans, LA. 70112

Mark A. Milstein, Esquire
Milstein, Adelman, Fairchild, Jackson &
Wade, LLP
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067

C. David Durkee, Esquire
Roberts and Durkee, LLP
2665 South Bayshore Drive, Suite 300
Coconut Grove, FL 33133

**RE:** **In re: Chinese-Manufactured Drywall Products Liability Litigation, MDL 2047 (E.D. La.)**

Dear Messrs. Faircloth, Exnicios, Milstein and Durkee:

After carefully reviewing your Motion to Disqualify the Fee Committee, Strike Its Allocation Recommendation, and Stay or Dismiss Proceedings Before the Special Master and Request for Expedited Consideration (filed under seal on April 13, 2017), it appears that there are several factual contentions raised therein which have no evidentiary support whatsoever, nor will they ever have such support. For example, your assertion that myself and Mr. Herman "steered the [Knauf] negotiations away from a traditional cash settlement and toward a remediation settlement" to "prolong and manipulate the process to support an inflated common benefit allocation," is baseless. Memorandum at 8-9. Not being privy to the settlement negotiations, you have no basis to make this false statement, nor will you ever obtain evidentiary support for this assertion no matter if every opportunity for further investigation or discovery were provided. Moreover, your baseless contentions directly contradict the sworn testimony of myself and Russ Herman. *See* Deposition of Arnold Levin, dated 1/26/2017 ("Levin Dep."), at 425:18-426:22; Deposition of Russ M. Herman, dated 1/24/2017 ("Herman Dep."), at 123:20-126:19 (cited testimony attached hereto). Mr. Herman testified under oath at his deposition: "I

LEVIN SEDRAN & BERMAN
Messrs. Faircloth, Exnicios, Milstein and Durkee
April 17, 2017
Page | 2

was part of every Knauf negotiation, I was part of the Banner and the Global and the InEx negotiations, and there never, ever was an indication that Knauf would pay an all-cash settlement"; "I can tell you there never, ever was an offer, an indication from Kerry Miller or his predecessor, representatives of Knauf that Knauf would be interested in a cash settlement." Herman Dep. at 123:21-25; 124:4-8.  Similarly, I testified under oath at my deposition that "the relief that we received was the maximum relief that could be received, and [the Knauf defendants] were not interested in a cash settlement for the array of clients in the case." Levin Dep. at 426:13-16.  The evidence demonstrates that the Court wanted the parties to "to resolve this matter fair[ly] and reasonably without any claimant having to pay a legal fee." Herman Dep. at 128:14-16.  An all-cash deal would have prevented the claimants from being able to completely remediate their homes.

Your related assertion that we are improperly "attempting to tangle common benefit time and costs incurred in pursuit of the non-settling defendants," Memorandum at 9, is equally lacking in evidentiary support.  This statement is patently false, as we have repeatedly written and testified to, because it overlooks, among many things, that the Global Settlement resolved certain claims involving not just Knauf, but the other so-called "non-settling defendants." Your motion as much concedes this point by acknowledging some "overlap," but still it persists.

As there is no evidentiary support for either of these false factual assertions, your motion violates Fed.R.Civ.P. 11(b).  Although we take issue with the rest of your motion, we will address it in a separate response.

Accordingly, please accept this letter in lieu of a formal motion pursuant to Fed.R.Civ.P. 11(c)(2).  We request that you withdraw or appropriately correct your motion within the time provided by the Rule, or we shall file a motion formally seeking sanctions consistent with the contents of this letter.

Please note, this letter is only being distributed to the members of the Fee Committee. You, on the other hand, are free to distribute the letter to your objector clients who may also be subject to potential sanctions to the extent they contributed to your papers.

Very truly yours,

Arnold Levin

cc:    Russ M. Herman, Esquire
       Fee Committee