# EXHIBIT D

# FAIRCLOTH, MELTON & SOBEL, LLC

*ATTORNEYS*

| | | |
|---|---|---|
| JIMMY R. FAIRCLOTH, JR. [1] | | *OF COUNSEL* |
| BARBARA BELL MELTON | 105 YORKTOWN DRIVE | WILSON & WILSON |
| DAVID R. SOBEL [2] | ALEXANDRIA, LA 71303 | JENA, LA |
| LOTTIE L. BASH | PHONE (318) 619-7755 | |
| BROOK LANDRY VILLA | FAX (318) 619-7744 | [1] L.L.M. IN LITIGATION |
| MATTHEW L. NOWLIN | www.fairclothlaw.com | [2] ALSO ADMITTED IN TEXAS |
| DREW HOFFMANN | | |
| LAURA BETH MATTHEWS | | |

April 18, 2017

Mr. Arnold Levin
LEVIN, SEDRAN & BERMAN
510 Walnut St., Ste. 500
Philadelphia, PA  19106-3697

       RE:   *In re: Chinese-Manufactured Drywall Products Liability Litigation*
                  MDL 2047 (E.D. La.)

Dear Mr. Levin:

      We offer the following in response to your letter of April 17, 2017, concerning the basis of certain statements in the Motion to Disqualify the Fee Committee, Strike Its Allocation Recommendation, and Stay or Dismiss Proceedings Before the Special Master and Request for Expedited Consideration (filed under seal).

      First, please identify whether you are making this request on your own behalf, on behalf of the FC, or on behalf of the stakeholders.  Sanctions under Rule 11 may be ordered on motion of a party or by the court *sua sponte;* not on motion of an attorney.  *See New York News, Inc. v. Kheel*, 972 F.2d 482, 489 (2d Cir.1992) (Declining to allow non-parties to move under Rule 11).  If your request is on behalf of the FC, it proves the point that the FC has assumed the role (wrongly) of a party litigant.

      Second, the language you reference is qualified:  "Mr. Herman and Mr. Levin *appear* to have used their appointed authority . . ..   This appears to have been accomplished . . .."  *See* Memorandum in Support, at page 8 (italics added).  Admittedly, we are not privy to certain information as a result of the FC's dogged advocacy against discovery, including production of PSC minutes, transcripts of meetings, emails, timesheets, and even requests that Mr. Garrett search his data for the very purpose of helping primary counsel understand the common benefit time and costs.

      Third, the basis for making the allegation regarding cash v. remediation settlement can be gleaned from the questions posed to you and Mr. Herman during the depositions, as can the

Page 2
April 18, 2017

sources of that information. Moreover, there is no denying the simple fact that the FC is requesting payment of time and costs for pursuing a defendant who contributed nothing to settlement and against whom litigation is on-going. If the explanation is as you claim, why not simply produce the requested information instead of attempting to force primary counsel to accept what appears to be a self-serving "because I said so" in the face of clear evidence of conflict?

   Fourth, I trust you understand that a Rule 11 motion filed for an improper purpose may itself be subject to Rule 11 sanctions. *See* Advisory Committee Note to Rule 11 and *Smith v. Psychiatric Solutions, Inc.,* 750 F.3d 1253, 1260 (11th Cir. 2014).

   With best regards, I am

           Sincerely,

          **FAIRCLOTH, MELTON & SOBEL, LLC**

          By: _____
          Jimmy R. Faircloth, Jr.
          jfaircloth@fairclothlaw.com

JRF/ab
cc: Mr. Val Patrick Exnicios (via email: vpexnicios@esnicioslaw.com)
   Mr. Mark A. Milstein (via email: mmilstein@majfw.com)
   Mr. C. David Durkee (via email: durkee@rdlawnet.com)
   Fee Committee