UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br><br> SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO STAY
MAY 31 EVIDENTIARY HEARING BEFORE THE SPECIAL MASTER
AND REQUEST FOR EXPEDITED CONSIDERATION**

Primary Counsel[1] move to stay the evidentiary hearing scheduled to commence before the Special Master on May 31, 2017 as the existence of pending motions and unresolved issues prevent any meaningful hearing from taking place.  As described more fully below, those issues include the scope of discovery allowed to Primary Counsel in the fee dispute; whether and to what extent any subsequent hearing will be conducted before the Court; whether the Fee Committee ("FC") should be disqualified and replaced; and the scope of the Special Master's charge.  Because these issues directly impact the parties' ability to prepare for the evidentiary hearing and the scope of the evidentiary hearing itself, the hearing must be stayed until the resolution of these issues.

**I.      BACKGROUND:  OUTSTANDING REQUESTS, MOTIONS AND ISSUES**

Upon the request of Primary Counsel (Doc. 20394), the Court appointed the Special Master on July 19, 2016.  His Charge includes:

> [M]anaging discovery, reviewing evidence, considering arguments, conducting hearings, and making recommendations (including

---

[1] Primary Counsel are those individually retained firms listed or otherwise represented in the signature block of this pleading.

1

findings of fact and conclusions of law) *concerning all pending attorneys' fee issues*, including but not limited to those described in Pre-Trial Order 28 (R. Doc. 17379), Pre-Trial Order 28(A) (R. Doc. 17402), Pre-Trial Order 28(B) (R. Doc. 17567), Pre-Trial Order 28(C) (R. Doc. 17639), Pre-Trial Order 28(D) (R. Doc. 17832), Pre-Trial Order 28(E) (R. Doc. 18037), and Pre-Trial Order 28(F) (R. Doc. 20282). The Special Master shall furthermore make recommendations (including findings of fact and conclusions of law) concerning the disposition of the following:

- The Fee Committee's Recommendation Regarding the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (R. Doc. 20293); and Primary Counsel Objections to this Recommendation.
- The Request of the Objectors for a Protocol for Discovery and the Appointment of Val Exnicios & Jimmy Faircloth as Objectors' Co-Liaison Counsel, Without Other Objector Opposition, and Without PSC/FC Objection (as to Proposed Fee Compensation Provision) (R. Doc. 20407) . . . .

Doc. 20478 (emphasis added). Once appointed, the Special Master asked the parties to submit proposed discovery plans and case management orders. Thereafter, the Special Master, through various rulings and case management orders, drastically narrowed the scope of discovery in the fee allocation proceeding.[2] On November 18, 2016, Primary Counsel filed their first objection to a discovery ruling issued by the Special Master and sought expedited consideration. Doc. 20552. The Court has not yet acted on the objection.

Over the course of December and January the parties participated in the depositions of Philip Garrett, Russ Herman, Sandra Duggan and Arnold Levin, which were substantially limited in scope and time. During the depositions, Primary Counsel re-urged many of their discovery requests following testimony from the deponents, making it clear that such information was not only relevant but necessary to allowing Primary Counsel a meaningful opportunity to challenge

---

[2] See Primary Counsel's Objection to Special Master's Ruling Denying Necessary Discovery and Request for Expedited Consideration (Doc. 20728-2) for a thorough explanation of the discovery requested by Primary Counsel, the objections lodged by the Fee Committee and the discovery ruling issued by the Special Master.

the reasonableness of the FC's requested common benefit allocation.  In response, the Special Master instructed Primary Counsel to make a written request following the depositions citing testimony supporting the request.[3]  Primary Counsel timely complied, February 8 (regarding time submissions)[4] and February 15 (regarding other materials)[5].

On April 5, 2017, nearly two months later, the Special Master denied **_all_** outstanding and renewed discovery requests by Primary Counsel and informed the parties that the matter was proceeding to a hearing on May 31.  Doc. 20721-1.  Primary Counsel then filed a timely objection with the Court and requested expedited consideration.  Doc. 20728-2.[6]  The Court likewise has not yet acted on this objection.

Thereafter, on April 13, several firms joined in filing a motion to disqualify the FC based on the reasons set forth therein under seal. Doc. 20729-3.  Among other relief, this motion asked for a stay of the Special Master proceedings and expedited consideration.  This motion has not been acted upon, as well.

More recently, a colloquy in response to a request for supplemental information from Mr. Garrett concerning updated shared cost accounting data (the production of which should be easy and uncontroversial) has given rise to a critical issue about the scope of the instant proceeding – in particular, whether the size of the fee and cost pot is before the Special Master, directly or indirectly.[7]  Primary Counsel, through Co-Liaison Counsel, explained their position and asked for clarity, as follows:

---

[3] Exhibit A, email from Daniel Balhoff to Jimmy Faircloth, *et al*. (Feb. 2, 2017).

[4] Exhibit B, Letter from Jimmy Faircloth to Daniel Balhoff (Feb. 8, 2017).

[5] Exhibit C, letter from Jimmy Faircloth to Daniel Balhoff (Feb. 15, 2017).

[6] Collectively, the objections filed by Primary Counsel are referred to herein as the "Discovery Objections."

[7] See Exhibit D, email string of April 5, 2017 to May 1, 2017.

> The size of the fee and cost pot is the starting point to challenge the allocation motion. The evidence has revealed that the pot size is wrong, according to both parties. If that issue is not before you, when will it be heard and how? I understand that you cannot alter the Orders issued by Judge Fallon, but surely your recommendation should cover such a fundamental issue.
>
> At this point, we'd prefer not to argue with the FC about the scope of your charge. Rather, we simply want to understand the scope of the questions/issues that you intend to address. Perhaps it will be helpful if each side provides a list of questions/issues, and you can tell us which ones are in play. We can then decide whether to file something to engage Judge Fallon on others.[8]

The Special Master responded by referencing the referral orders and stating:

> While I will issue recommendations on all motions pending before me, I may conclude that some of the arguments are moot (or that I do not have the power to address some arguments) because the Court has already ruled upon them. At the very least, though, I will issue a recommendation that (in the words of PTO 28) "establish[es] the allocation between the common benefit fee and individual counsels' fee."
>
> With respect to the limited discovery that I am conducting, I will draw upon the evidence presented to me in making my recommendations to Judge Fallon. I assume that Judge Fallon will be able to draw upon my recommendations and the underlying discovery as he chooses. I do not know if Judge Fallon will allow additional discovery when the matter reaches him. We have not discussed it.[9]

Co-Liaison Counsel again urged the Special Master to provide a clear answer to this very important question:

> Thank you, but this does not address the question of whether Primary Counsel will be permitted to challenge the size of the fee and expense pot in this proceeding. Since the outset, we have considered this an open issue, because it is fundamental to "making recommendations (including findings of fact and conclusions of law) concerning all pending attorneys' fee issues" (RD 20478) in general and the motion to allocate in particular. In addition, the FC's Joint

---

[8] *Id.*, Faircloth email at 9:12 AM. In response to this request, Mr. Levin sent an email referring to the size of the fee pot as a "stubborn fact" that was not at issue because "no one challenged" the order permitting the global award (*Id.* at 9:44 AM); to which Co-Liaison responded: "Folks typically don't object to things they don't understand. And they rarely understand what happens behind the curtain. This proceeding was supposed to be about pulling back the curtain. Instead, it appears to be limited to securing a recommendation from the SM on an allocation based on the 'stubborn facts' as reported by the FC. That's fine, but the record needs to be very clear about what this proceeding is and what it is not." *Id.* at 9:54 AM.

[9] *Id.*, Balhoff email at 10:12 AM.

> Petition itself describes the balance in the pot as a moving target. If, however, you consider the size of the pot as a matter beyond your authority, please clearly say so. If the issue is before you, we'll save our arguments for the hearing and briefing. If it's not, we'll raise our concerns to Judge Fallon. But we shouldn't have to guess or waste anyone's time about such an important issue.[10]

The Special Master has not further responded.

## II.     STAYING THE MAY 31 HEARING IS NECESSARY

Primary Counsel continue their quest for Due Process, seeking to "be heard at a meaningful time and in a meaningful manner."[11] There is no question that this process has been made longer, more litigious and less productive than necessary because Primary Counsel have been required to litigate against the FC every step of the way (e.g., Mr. Levin's opposition to updated shared cost data noted within Exhibit D), while paradoxically criticized as both uninformed and over-reaching for information. Regrettably, the FC has been rewarded for its efforts, as it appears the Special Master is now focused on the singular task of recommending a fee allocation, rather than assisting with the adjudication of "all pending attorney fee issues", as directed in the referral order. Doc. 20428.

The evidentiary hearing is scheduled to begin May 31. It is rendered meaningless if conducted prior to the resolution of issues necessary to fairly and completely adjudicate the allocation dispute as contemplated by the referral. First, the scope of discovery, as addressed in the Discovery Objections, should be established by the Court prior to the May 31 hearing. This is the threshold issue before the Special Master, raised at the outset, repeatedly re-urged, and formally objected to, but never resolved. Federal Rule of Civil Procedure 53(f)(2) allows parties

---

[10] *Id.*, Faircloth email at 4:40 PM.

[11] *Mathews v. Elbridge*, 424 U.S. 319, 335 (1976).

to file objections to a "master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time."[12]  Primary Counsel complied.

As explained at length in both Discovery Objections, the Special Master's discovery rulings deny the production of information so basic and fundamental to this fee dispute that ". . . a fair opportunity to present relevant facts and arguments to the court, and to counter the opponents' [i.e., the supposedly disinterested Fee Committee] submissions" cannot be had in its absence.[13]  That information includes time submissions of common benefit counsel; memoranda and documents prepared by Sandra Duggan in connection with her work for the FC; transcripts, agenda and minutes of PSC and/or FC meetings and interviews; documents containing the authorization or denial of common benefit work and/or expenses; reports prepared by Philip Garrett; second affidavits submitted in accordance with Pretrial Order No. 28; a list of bellwether and potential bellwether plaintiffs; and a list of FC member assignments to review fellow FC Firms' Time and Expenses.  *See* Doc. 20728-2.  If the evidentiary hearing proceeds as scheduled, Primary Counsel will be presenting their case(s), both factual and legal,[14] without access to the most direct and relevant evidence of the legitimacy and the reasonableness of common benefit counsel's work and, further, without a ruling from the Court as to whether they are entitled to such discovery.  Finally, the absence of a ruling from the Court regarding the scope of discovery prevents Primary Counsel from raising the issue on appeal, if necessary.

---

[12] A district court must independently resolve objections to a special master recommendation.  "A special master may not 'displace the court.'" *Burlington N. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1072 (9th Cir.1991), quoting *Ex parte Peterson*, 253 U.S. 300, 312 (1920).

[13] *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation*, 59 F.3d 295, 302 (1st Cir. 1995) (quoting *Aoude v. Mobil Oil Corporation*, 862 F.2d 890, 894 (1st Cir. 1988)).

[14] Order.  Doc. 20478 (providing that the Special Master will make recommendations including findings of fact and conclusions of law).

Second, the May 31 hearing must be stayed if the Court allows additional discovery as the hearing is set to commence in less than four weeks.  The responding party(ies) (Philip Garrett and/or the FC) will need time to generate login credentials, create search terms, perform searches and produce the relevant documents.  These activities should not take an inordinate amount of time given the narrow scope of the requests and location of the time sheets (Mr. Garrett's Case Cost Management System); nevertheless, some lead time will be necessary depending on the quantity of responsive documents located, the location and format of the documents and prior commitments of the responding parties.[15]  Once the documents are produced, Primary Counsel will require some time to conduct their review and analysis, which will hinge on the volume of information produced.  In any event, it is safe to assume that the production of, subsequent review and analysis of, and preparation for the hearing based on these key documents will require more than the short amount of time existing prior to the evidentiary hearing.

Third, separate from the issues regarding discovery, the *Motion to Disqualify the Fee Committee, Strike its Allocation Recommendation, and Stay or Dismiss Proceedings Before the Special Master and Request for Expedited Consideration* (Doc. 20729-3 [filed under seal]) is pending before the Court.  The movers requested expedited consideration (Doc. 20729-3) and oral argument on this motion (Doc. 20730) and noticed it for submission on May 16, 2017 (Doc. 20729-4).  For the reasons set forth within that motion and the accompanying memorandum in support,[16] the movers seek, among other relief, to stay the proceedings before the Special Master

---

[15] Primary Counsel continue to maintain that the requested discovery is proportional to the needs of the case and not overly burdensome on the parties.  *See* Primary Counsel's Reply to the Fee Committee's Opposition to Primary Counsel's Objection to Special Master Ruling Denying Necessary Discovery and Request for expedited Consideration.  Doc. 20753-1.

[16] The justification for seeking the requested relief cannot be discussed in detail herein as the motion, supporting memorandum and all exhibits were filed under seal.  *See* Memorandum in Support of Motion to File Under Seal and in Excess of Page Limits the Motion and Supporting Memorandum to Disqualify Fee Committee, Strike its

7

pending an allocation recommendation by a newly appointed fee committee or, alternatively, the dismissal of the Special Master proceeding. Doc. 20729-3 [filed under seal]. Accordingly, the May 31 evidentiary hearing would be obviated if the relief requested within the motion to disqualify is granted.

Fourth and finally, the scope of the proceeding before the Special Master is unclear. Primary Counsel assumed that the Court expected all discovery and all disputes regarding discovery be conducted and resolved before the Special Master makes a final recommendation to the Court. Inaction by the Court on the pending objections, however, suggests otherwise. This dilemma was highlighted by the Special Master's statement, "I do not know if Judge Fallon will allow additional discovery when the matter reaches him."[17] Unless the Court intends to allow additional discovery at a later date, Primary Counsel must press for a decision on their objections.

There also is an unanswered question regarding the scope of the substantive allocation issues before the Special Master. The Special Master was appointed to oversee all pending attorneys' fee issues. Doc. 20478. The central issue is the slice of the fee pie to be awarded to common benefit counsel which is contingent upon several factors, including the size of the pie itself. Simply put, the pie cannot be sliced until it is defined. Both parties have argued that the amount set forth in the Court's May 17, 2016 order (Doc. 20257), $192,981,363.35, is

---

Allocation Recommendation, and Stay or Dismiss Proceedings Before the Special Master and Request for Expedited Consideration (explaining necessity of filing under seal). Doc. 20729-1

[17] Exhibit D (May 1, 2017 email from Balhoff at 10:12 a.m.) ("With respect to the limited discovery that I am conducting, I will draw upon the evidence presented to me in making my recommendations to Judge Fallon. I assume that Judge Fallon will be able to draw upon my recommendations and the underlying discovery as he chooses. I do not know if Judge Fallon will allow additional discovery when the matter reaches him. We have not discussed it.").

.

incorrect.[18] Nevertheless, the Special Master has declined to clarify his suggestion that this issue is not before him. For this reason alone, the May 31 hearing must be stayed until the parties have a clear understanding of the issues pending before the Special Master.

Primary Counsel have participated in this proceeding focused on three goals: (1) to conduct adequate discovery to enable a meaningful opposition to the FC's Allocation Motion; (2) to encourage the Special Master to make recommendations supported by the law and the evidence; and (3) to establish a complete record of this proceeding. None of these goals can be accomplished on the current trajectory.

### III. CONCLUSION

For the foregoing reasons, the Court should grant a stay of the evidentiary hearing scheduled to commence on May 31, 2017 pending resolution of all issues related to discovery, disqualification of the FC and scope of matter before the Special Master.

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: ___/s/ *Jimmy R. Faircloth, Jr.*___
    Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)
    jfaircloth@fairclothlaw.com
    301 Main Street, Suite 920
    Baton Rouge, LA 70801
    Phone: (225) 343-9535
    Fax: (225) 343-9538

**LISKA, EXNICIOS & NUNGESSER**

By: ___/s/ *Val Patrick Exnicios*___
    Val Patrick Exnicios, Esq. (Objectors' Co-Liaison Counsel)
    vpexnicios@exnicioslaw.com
    1515 Poydras Street,
    14th Floor, Ste. 1400
    New Orleans, LA. 70112
    Phone: (504) 410-9611
    Fax: (504) 410-9937

---

[18] *See, e.g.*, The Fee Committee's Response in Opposition to Objecting Counsel's Motion for Immediate Disbursement of Undisputed Fees (recognizing that Primary Counsel have challenged the amount of fees available for distribution and that the Memorandum of Understanding with the Homebuilders will affect the amounts available for distribution). Doc. 20440 at 2.

*Objectors' Co-Liaison Counsel*

**BARON & BUDD, P.C.**

By:   /s/ *Russell W. Budd*
   Russell W. Budd (TX #03312400)
   rbudd@baronbudd.com
   S. Ann Saucer (TX #00797885;
   LA #21368)
   asaucer@baronbudd.com
   3102 Oak Lawn Avenue, Suite 1100
   Dallas, TX 75219
   Phone: 214-521-3605
   Fax: 214-520-1181

**GENTLE, TURNER, SEXTON & HARBISON, LLC**

By:   /s/ *K. Edward Sexton, II*
   K. Edward Sexton, II
   esexton@gtandslaw.com
   501 Riverchase Parkway East, Suite 100
   Hoover, Alabama 35244
   Phone: (205) 716-3000
   Fax: (205) 716-3010

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By:   /s/ *Eric D. Hoaglund*
   Eric D. Hoaglund
   ehoaglund@mhcilaw.com
   905 Montgomery Highway, Suite 201
   Vestavia Hills, Alabama 35216
   Phone: (205) 824-7767
   Fax: (205) 824-7768

**ROBERTS AND DURKEE, LLP**

By:   /s/ *C. David Durkee*
   C. David Durkee
   durkee@rdlawnet.com
   2665 South Bayshore Drive, Suite 300
   Coconut Grove, FL 33133
   Phone: (305) 442-1700
   Fax: (305) 442-2559

**DOYLE LAW FIRM, PC**

By:   /s/ *James V. Doyle, Jr.*
   James V. Doyle, Jr.
   jimmy@doylefirm.com
   2100 Southbridge Pkwy., Suite 650
   Birmingham, AL 35209
   Phone: 205-533-9500
   Fax: 205-414-7528

**H ARTHUR EDGE, P.C.**

By:   /s/ *David L Horsley*
   David L Horsley (AL #6090-I47H)
   david@edgelawyers.com
   2320 Highland Avenue
   Suite 175
   Birmingham, Alabama 35205
   Phone (205)453-0322
   Fax    (205)453-0326

   *Attorneys for Collins & Horsley*

**GIEGER, LABORDE & LAPEROUSE, LLC**

**ALLISON GRANT, P.A.**

10

By:    /s/ *Victoria E. Emmerling*
   Andrew A. Braun (LA #3415)
   abraun@glllaw.com
   Victoria E. Emmerling (LA #33117)
   temmerling@glllaw.com
   701 Poydras Street, Suite 4800
   New Orleans, Louisiana 70139-4800
   Phone: (504) 561-0400
   Fax: (504) 561-1011

   *Attorneys for Morris Bart, L.L.C.*

**MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP**

By:    /s/ *Mark Milstein*
   Mark Milstein
   mmilstein@mjfwlaw.com
   10250 Constellation Blvd., 14th Floor
   Los Angeles, CA 90067
   Phone: (310) 396-9600

By:    /s/ *Allison Grant*
   Allison Grant (FL #858330)
   agrant@allisongrantpa.com
   14 SE 4th St
   Boca Raton, FL 33432-6111
   Phone: 561-994-9646
   Fax: 561-431-4627

**ALTERS LAW FIRM, P.A.**

By:    /s/ *Jeremy W. Alters*
   Jeremy W. Alters (FL #111790)
   jeremy@alterslaw.com
   Justin D. Grosz (FL #984000)
   justin@alterslaw.com
   Matthew T. Moore, Of Counsel (FL #70034)
   matthew@alterslaw.com
   1855 Griffin Road, Suite C470
   Dania Beach, FL 33004
   Phone: (305) 571-8550
   Fax: (305) 571-8558

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 9th day of May, 2017.

/s/ *Jimmy R. Faircloth, Jr.*
OF COUNSEL

/s/ *Jimmy R. Faircloth, Jr.*
OF COUNSEL