UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE FEE COMMITTEE'S RESPONSE IN OPPOSITION TO
PRIMARY COUNSEL'S MOTION TO STAY MAY 31
EVIDENTIARY HEARING BEFORE THE SPECIAL MASTER**

**I.    INTRODUCTION**

The Fee Objectors have made it their mission to disrupt the orderly procedures established by this Court with regard to the allocation of the Global Fee Award as between common benefit counsel and individually retained attorneys. Unabashedly, throughout these proceedings, they have asked that every decision of the Special Master be docketed so they may appeal them in piecemeal fashion first to the Court, and ultimately to the Fifth Circuit. Now, just three weeks before the evidentiary hearing is set to take place, and after the parties have exchanged witness lists, summaries of proposed hearing testimony, exhibit lists, designations of deposition testimony, and supplemental declarations, the Objectors want to halt the proceedings. Their principal complaint is that "[n]one of the[ir] goals can be accomplished on the current trajectory."[1]

---

[1] Primary Counsel Brf. at 9 [Rec. Doc. 20761-6].

1

The Objectors are attempting to convert straight-forward, orderly guidelines and protocols, with meaningful opportunities for all parties to be heard, into a so-called "trajectory" of their creation, through their never-ending requests for discovery and challenges to every step of the process.  Rather than allow the Special Master to make a recommendation on allocation, which could then be appealed to the Court for *de novo* review, the Objectors are demanding immediate rulings by the Court on discovery and other issues.  This defeats the purpose of referral of the matter to a Special Master.  Their motion should be denied.

## II.     FACTUAL BACKGROUND

In accordance with governing fee jurisprudence, beginning on January 10, 2014, the Court appointed a Fee Committee ("FC") and set in motion a process for the submission a consolidated joint fee petition, to be followed by an allocation of the Global Fee Award first as between common benefit counsel and individual attorneys, and then among the fee applicants in each of those groups.  *See* Pretrial Order No. 28, as amended.[2]  Included therein, were numerous opportunities for briefing, objections, and hearing by all interested parties.  As part of this process, the Court appointed a Special Master "to conduct limited discovery regarding time and expense submissions, procedures, and the relevant work of Philip [Garrett], CPA, and to make appropriate recommendations regarding these motions and objections."[3]

Over the past ten months, significant efforts have been expended to advance these fee proceedings, including production of numerous documents and depositions of the court-appointed CPA and representatives for the FC.  Unfortunately, however, Primary Counsel's incessant demands for unnecessary discovery, objections to the Special Master's decisions and

---

[2] PTO 28 [Rec. Doc. 17379]; PTO 28A [Rec. Doc. 17402]; PTO 28B [Rec. Doc. 17567]; PTO 28C [Rec. Doc. 17639]; PTO 28D [Rec. Doc. 17832]; PTO 28E [Rec. Doc. 18037]; PTO 28F [Rec. Doc. 20282].

[3] *See* Order dated 7/19/2016 [Rec. Doc. 20410].

2

recommendations, and piecemeal objections filed with the Court have delayed adjudication of the allocation dispute. Now, on the cusp of reaching an inflection point, *i.e.*, the May 31 evidentiary fee hearing, Primary Counsel again seek further delays, which contradicts their stated goal to "be heard at a meaningful time and in a meaningful manner."[4]

In their misguided effort to stop the May 31 evidentiary hearing, Primary Counsel raise a number of flawed contentions. They claim that: 1) the scope of fee discovery must be "established" by the Court in advance of the hearing; 2) in the event the Court allows additional discovery (which the FC has opposed), the hearing must be postponed; and 3) the hearing must be postponed because "the scope of the proceeding before the Special Master is unclear."[5] Each premise for delaying these proceedings is flawed. The fee proceedings taking place before Special Master Balhoff are intended to achieve one purpose: a recommendation on a split of the Global Fee Award as between common benefit counsel and individual attorneys. The issues at hand are very familiar to this Court. For the past ten months since the appointment of the Special Master in July 2016, this Court has received reports of the proceedings at the regularly scheduled monthly status conferences. In addition, the Court has addressed or been presented with numerous papers demonstrating the frivolity of Primary Counsel's repeated demands for ever more discovery. Most recently, the FC presented this Court with a comprehensive review of the matters pending before the Court, which Primary Counsel mistakenly contend raise impediments to the orderly presentation of evidence at the May 31 hearing. *See* Fee

---

[4] Primary Counsel's Brf. at 5, *quoting Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

[5] *Id*. at 5-8. In addition, they inappropriately raise issues related to a motion filed (under seal) by some of the Objectors and/or their Counsel to disqualify the FC and suspend all proceedings before the Special Master [Rec. Doc. 20735]. That motion contains baseless and charged allegations impugning the integrity of the FC and its members, the leadership of the PSC, the court-appointed CPA, and the Court. It has not yet been briefed by the FC or set for hearing.

Committee's Memorandum of Law in Opposition to Primary Counsel's Objection to Special Master Ruling Denying Allegedly Necessary Discovery and Request for Expedited Consideration,[6] which is incorporated herein by reference. Therein, the FC demonstrated that the fee award and allocation procedures implemented by PTO 28 (as amended) and the procedures established by the Special Master amply comport with Due Process and *High Sulfur*.[7] Further, the FC demonstrated point-by-point why the additional discovery requested by Primary Counsel is unnecessary and unwarranted.

Since the premises upon which Primary Counsel seek to delay these proceedings are unfounded, staying the May 31 hearing is unnecessary.

## III. ARGUMENT

### A. The Court and the Special Master Have In Fact Determined the Scope of Discovery Is "Limited."

A trip of a million miles begins with the first step. The Court appointed the Special Master "to conduct limited discovery" and "to make appropriate recommendations regarding [allocation]."[8] But Primary Counsel have impeded the Special Master from even approaching his ultimate recommendation about the propriety of the FC's allocation recommendation by repeatedly challenging and appealing the Special Master's recommendations and decisions. Consistent with past practice, by requesting a stay of the May 31 hearing, Primary Counsel seek to trip up the Special Master before he takes any new step towards resolution of this dispute.

In this regard, Primary Counsel have repeatedly demonstrated their disdain and a lack of respect for the Special Master. *See*, *e.g.*, April 26, 2017 Email of Val Exnicios ("Dear Dan:

---

[6] Rec. Doc. 20742-2.

[7] *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008).

[8] Order dated 7/19/2016 [Rec. Doc. 20410].

4

Unless I'm mistaken (which is certainly possible), Objectors have never received a favorable ruling from you on any issue whatsoever over the entire course of this matter.") (attached hereto as Exhibit "A"). Primary Counsel's abuse of the process, as well as the Special Master, works a disservice to the civil practices demanded by the Court and the procedures designed to afford Primary Counsel the process they are due. Simply because the Special Master observed this Court's directives, he should not be subjected to the false and derisive critiques that spew from Primary Counsel.

On April 11, 2017, the Special Master properly determined that Primary Counsel's requests for additional discovery should be denied.[9] By any reasonable measure, they have already been provided with more discovery than is customary in fee disputes.[10] Moreover, Objectors will have an opportunity to present evidence in support of their objections at a hearing before the Special Master scheduled for May 31, 2017, and, if post-evidentiary hearing discovery is permitted, the Special Master has provided for "post-hearing matters and briefing."[11] Following a recommendation by the Special Master on the Allocation Motion, Primary Counsel will then have the right to lodge with the Court objections thereto and to any findings of fact or

---

[9] *See* Special Master's Ruling Concerning Requests for Additional Discovery [Rec. Doc. 20727].

[10] *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 233 (5th Cir. 2000) ("No authority need be cited for the fact that [fee] disputes should *not* be a separate, or second, litigation.") (emphasis in original). *See also In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.,* 982 F.2d 603, 616-17 (1st Cir. 1992) (Lay, J., concurring) ("Permitting the [individual counsel] to take discovery (as urged by [individual counsel]) and have an extensive evidentiary hearing in which they explore the hours and costs expended by PSC attorneys could result in a collateral trial of mind-boggling proportions."); Special Master's Ruling Concerning Objectors' October 7, 2016 Request to Modify Special Master Case Management Order No. 1, at 12 (Oct. 28, 2016) ("A court should only allow limited discovery in fee dispute matters, including issues surrounding the appropriate common benefit in an MDL.").

[11] *See* Case Management Order Regarding Evidentiary Hearing dated 4/23/2017 (attached hereto as Exhibit "B"). Notably, this Order was issued after the Special Master received input from the FC <u>and</u> the stakeholders on the procedural and substantive outlines of the evidentiary hearing.

conclusions of law.  <u>This Court will decide their objections *de novo*.</u>[12]  Therefore, Primary Counsel's assertions that a stay is necessary to avoid disruption of the orderly proceedings in this matter or that Due Process is lacking at this juncture ring hollow.

### B. **Additional Discovery Should Not Be Allowed, but if Permitted, the Record Could Be Supplemented.**

It is universally recognized in the federal judiciary and, in particular, in the Fifth Circuit, that "[a] request for attorney's fees should not result in a second major litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  *See also Mid-Continent*, *supra* (same).  Therefore, the Special Master's Ruling Concerning Requests for Additional Discovery of April 11, 2017, fits squarely within the bounds of established jurisprudence, as well as this Court's directives.  The Fee Committee properly opposed Primary Counsel's objection to the Special Master's Ruling of April 27, 2017, and believe that all additional discovery requests raised by Primary Counsel should be foreclosed.  Notwithstanding this predicate, in the event the Court were to rule otherwise (which it should not), such additional discovery should not interfere with the May 31 hearing from proceeding as scheduled.

Such a contingency is contemplated by the Special Master's Case Management Order Regarding Evidentiary Hearing.  Specifically, that Order provides that if post-evidentiary hearing discovery is permitted, the Special Master "will address" with the parties "the timing and any need for post-hearing matters and briefing."[13]  In other words, in the event additional material is discovered, the record may be supplemented.

Accordingly, Primary Counsel's concerns about logistics surrounding additional discovery are unfounded.

---

[12] *See* Order dated 8/30/2016, Affirming Appointment of Special Master, at 2 [Rec. Doc. 20478].
[13] CMO dated 4/23/2017 at ¶11.

### C.      Primary Counsel's Uncertainty Is Not Cause to Postpone the Hearing.

The final reason presented by Primary Counsel for delaying the May 31 evidentiary hearing is that Primary Counsel are uncertain about the scope of the hearing. This risible ground for relief warrants scant attention. Indeed, after the extensive discovery to date, and the exchange of voluminous pre-hearing material in which the Fee Objectors have identified witnesses, identified exhibits, and produced deposition designations and supplemental declarations, it is ludicrous to suggest that they now are uncertain about the scope of the proceeding. The FC sees no uncertainty as to the proceedings. Even accepting their pretense, however, there will be a status conference conducted on May 16, 2017, at which time the Special Master will surely be present and available to clarify any uncertainty that lingers.

Confusion on the part of litigants going into trial is not unusual. The crucible of trial often resolves whatever doubts exist about the evidence available to counsel. The concentrated focus that results from trial preparation and presentation is actually beneficial, as it has proven over the centuries to bring matters to a head and reach a conclusion. Therefore, to delay the trial, is merely to postpone the beneficial result that awaits the parties. But Primary Counsel have not presented any just reason for delaying the inevitable trial, other than their furtherance of their obstreperous conduct in these proceedings. Notwithstanding their professed current lack of clarity, the FC is certain they will be prepared to present their objections to the FC's allocation recommendation on May 31.

## IV.     CONCLUSION

For the reasons set forth above, the motion to stay the May 31 Evidentiary Hearing should be DENIED.

Respectfully submitted,

Dated: May 11, 2017
/s/ Russ M. Herman
Russ M. Herman (Bar No. 6819) (on the brief)
Leonard A. Davis (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Co-Chair/Secretary Fee Committee*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Levin, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Chair Fee Committee*

**ON BEHALF OF THE FEE COMMITTEE**