# EXHIBIT "A"

| | |
|---|---|
| **From:** | Val Exnicios <vpexnicios@exnicioslaw.com> |
| **Sent:** | Wednesday, April 26, 2017 8:53 PM |
| **To:** | Dan Balhoff |
| **Cc:** | Jimmy Faircloth; Russ Herman; Arnold Levin (alevin@lfsblaw.com); Gerald E. Meunier (E-mail) |
| **Subject:** | Re: CDW - Expert Testimony |

Dear Dan: Unless I'm mistaken (which is certainly possible), Objectors have never received a favorable ruling from you on any issue whatsoever over the entire course of this matter. While I have certainly received unfavorable rulings obo my clients at various times throughout my 28 years of practice, I have never been deemed wrong 100% of the time on each and every issue. I ask that to the extent your rulings have not already been made part of the Record that you please enter any and all Rulings not already of record into the official Record of this matter. Thank you. Val

Sent from my iPad

On Apr 26, 2017, at 7:38 PM, Dan Balhoff <balhoff@pbmbllc.com> wrote:

> Friends:
>
> Based upon today's exchange of emails, I have seen nothing that would persuade me to allow expert testimony.
>
> Thank you.
>
> Dan Balhoff
>
> ---
>
> **From:** Jimmy Faircloth [mailto:jfaircloth@fairclothlaw.com]
> **Sent:** Wednesday, April 26, 2017 4:25 PM
> **To:** Dan Balhoff <balhoff@pbmbllc.com>
> **Cc:** Val Exnicios <vpexnicios@exnicioslaw.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Arnold Levin (alevin@lfsblaw.com) <alevin@lfsblaw.com>; Gerald E. Meunier (E-mail) <gmeunier@gainsben.com>
> **Subject:** RE: CDW - Expert Testimony
>
> Mr. Levin's reply makes clear that the FC wants the global award treated as a class action fee fund. We believe there are at least two reason for that position: (1) The FC wants to avoid confronting the fact that it seeks to extend the common benefit doctrine to uncharted territory – an MDL fee fund untethered to the claimants' recovery and, thus, lacking a foundation in the court's inherent authority to protect claimants (Compare *Vioxx*); and (2) The FC wants the request measured against the benefit conferred on the claimants, who were made whole, rather than the benefit conferred on primary counsel, who are victimized by an inadequate fee fund. As explained by Judge Fallon in his law review article,
>
>> The theoretical bases for the application of the common fund concept to MDLs are the same as for class actions-namely, equity and her blood brother, quantum meriut. However, there is a difference: In class actions the beneficiary of the common benefit work is the claimant; **in MDLs the beneficiary is the primary attorney** (the attorney who has the representation agreement with the claimant). For this reason, in MDLs, the common benefit fee is extracted from the fee of the primary attorney and not the claimant, as is the case with class actions. **Thus in MDLs, the**

1

> *claimant does not pay the common benefit fee; the primary attorney who is the beneficiary of the common benefit work pays it*. (744 La. L. Rev. 371, 376) (emphasis added)

Thus, the legal structure of the global fee award is the threshold issue from which all other issues emerge (e.g., setting a benchmark, considering adjustments).  Simply put, the FC's historically high common benefit request falls flat at the gate if the "beneficiary" for purposes of the common benefit doctrine is primary counsel, who have been shorted.  Therein lies the root of the fight over the identity of the global fee award (and the structural conflicts we have raised to Judge Fallon).  Admittedly, this is a peculiar settlement, which incorporates bits and pieces of Rule 23 in different ways and at different times.  But that does not make this a "class action settlement" as the FC intends it.  To follow Mr. Levin's quip, a flower is not a rose simply because someone calls is a rose.  Substance matters.  We would like to call a scholar on the substance of this very important issue.

You have stated that the primary purpose of this hearing is to assist you in formulating a recommendation to Judge Fallon, and you have repeatedly relaxed the federal rules of procedure and evidence based on that rationale.  Nevertheless, *Daubert* has no application in a proceeding such as this, where there is no naïve fact-finder vulnerable to junk science.  You (and Judge Fallon later, assuming he considers such testimony) will be able to properly weigh testimony from an expert on this narrow subject.  Of course, we understand that such an expert must be sufficiently credentialed and experienced.

Jimmy

---

**From:** Dan Balhoff [mailto:balhoff@pbmbllc.com]
**Sent:** Wednesday, April 26, 2017 12:56 PM
**To:** Jimmy Faircloth
**Cc:** Val Exnicios; Russ Herman; Arnold Levin (alevin@lfsblaw.com); Gerald E. Meunier (E-mail)
**Subject:** RE: CDW - Expert Testimony

Jimmy:

Under FRE 702, an expert is only allowed if he or she will aid the trier of fact.  Judge Fallon, who is well-versed in complex litigation issues, will ultimately be making a *de novo* determination of the factual issues in this case.  Please state how your proposed expert in mass litigation would aid Judge Fallon in making his factual determinations, and how such testimony would satisfy *Daubert*.  I am particularly interested in knowing why expert testimony is necessary as opposed to legal argument (there will be an opportunity for post-hearing briefs).  Please keep in mind that when you make your argument, you will have the opportunity to draw upon any or all of the entire record in this case (including documents that have been filed in the Court record), and you will be able to draw upon common benefit fee jurisprudence (e.g., to argue that the common benefit awarded in similar cases has been *x* rather than *y*).

Thank you.

Dan Balhoff

---

**From:** Jimmy Faircloth [mailto:jfaircloth@faircloth.com]
**Sent:** Wednesday, April 26, 2017 12:29 PM
**To:** Dan Balhoff <balhoff@pbmbllc.com>
**Cc:** Val Exnicios <vpexnicios@exnicioslaw.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Arnold Levin (alevin@lfsblaw.com) <alevin@lfsblaw.com>; Gerald E. Meunier (E-mail)

<gmeunier@gainsben.com>
**Subject:** CDW - Expert Testimony

Special Master,

In accordance with Item 8 of the CMO for the evidentiary hearing, Primary Counsel respectfully requests reconsideration of your decision regarding expert testimony.   The FC seeks an unprecedented common benefit allocation – 10 percentage points higher than any case in history – based on a misleading presentation of the nature of the case and the roles and responsibilities of individually retained counsel.   As we have maintained, the global award is the product of an MDL settlement, not a class action settlement, the allocation of which does not implicate the recovery of the claimants.  It is in the nature of an interpleader action involving two stakeholder groups competing for a limited fund, where one group has a contractual right to the entire award and the other group (lacking contractual or statutory fee authority) is urging the court to carve-out a share for its efforts by expanding a jurisprudential rule.   This context matters greatly for purposes of the allocation analysis, both the benchmark and the extent to which the benefit to the claimants is measured and weighted.   Testimony from an expert on mass litigation would help to explain the true nature of this proceeding, which should be the starting point for the allocation analysis.

Jimmy
Jimmy R. Faircloth, Jr.
**Faircloth, Melton & Sobel, LLC**
jfaircloth@fairclothlaw.com

*Alexandria Office*:
105 Yorktown Drive
Alexandria, LA  71303
Phone 318-619-7755
Fax 318-619-7744

*Baton Rouge Office*:
One American Place
301 Main St., Ste. 920
Baton Rouge, LA  70801
Phone 225-343-9535
Fax 225-343-9538

CONFIDENTIALITY STATEMENT

This electronic message contains information from Faircloth, Melton & Sobel, LLC, and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately by telephone at (318) 619-7755.

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

**Thank You.**