UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| | JUDGE FALLON |
| | MAG. WILKINSON |

## OBJECTION TO SPECIAL MASTER'S OPINION AND DECREE

**NOW INTO COURT**, through undersigned counsel, comes **DANIEL AND AMY CARTER** (hereinafter "Mr. and Mrs. Carter"), who respectfully object to the Special Master's *Opinion and Decree*, attached hereto as Exhibit "A", which was rendered on April 27, 2017, for the following reasons which are explained in more detail below: (1) the Special Master erred in finding "that the Carters' failure to preserve evidence prejudiced Knauf's ability to present a defense, since the Carters had access to the reactive Chinese drywall before its disposal, but Knauf did not"; and (2) the Special Master erred in finding "in favor of Knauf and against the Carters."

## INTRODUCTION

This matter came to mediation on February 15, 2017 before Special Master Daniel J. Balhoff ("Special Master") regarding Mr. and Mrs. Carter's Already Remediated Property ("ARH") claim for 261 W. Robert E. Lee, New Orleans, Louisiana 70124 in the above captioned matter. On February 10, 2017, Mr. and Mrs. Carter submitted their position paper and exhibits. On that same date, Knauf submitted its position paper and exhibits. During the mediation, Mr. and Mrs. Carter offered and introduced two additional exhibits, which were marked as Exhibit "N" and Exhibit "O". On March 31, 2017, Knauf submitted a Supplemental Position Paper and

Supplemental Exhibit 1. On April 4, 2017, Knauf submitted an additional supplemental exhibit. On April 5, 2017, Mr. and Mrs. Carter's Response to Knauf's Supplemental Position Paper was submitted. The above submissions comprise the record before the Special Master when he rendered his *Opinion and Decree*.[1]

On April 27, 2017, the Special Master rendered an *Opinion and Decree*, attached hereto as Exhibit "A", which found: (1) in favor of Knauf and against Mr. and Mrs. Carter; and (2) that the failure to preserve evidence was prejudicial.

## LAW AND ARGUMENT

### A. KNAUF CLASS SETTLEMENT

Pursuant to 4.2.9 of the Knauf Class Settlement,

…decisions of the Special Master with respect to the Remediation Fund may be appealed by…an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument…The Court's decision on any objections will be final, with no further appeals permitted.

Pursuant to 4.6.8 of the Knauf Class Settlement,

…decisions of the Special Master with respect to the Other Loss Fund may be appealed by…an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court, but only after Settlement Class Counsel, the Knauf Defendants, and if applicable, an affected Class Member's counsel meet and confer in an attempt to resolve such issue. Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument…The Court's decision on any objections will be final, with no further appeals permitted.

---

[1] The record and briefing submitted to the Special Master before the Special Master rendered his April 27, 2017 *Opinion and Decree* is attached hereto as Exhibit "B".

2

On April 27, 2017, the Special Master served his *Opinion and Decree* on the parties via email. Counsel for Mr. and Mrs. Carter has complied with the requirements of 4.2.9 and 4.6.8 of the Knauf Class Settlement. As counsel for Mr. and Mrs. Carter is mindful of the above paragraphs, specifically, the statement that "[u]nless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument", this objection does not contain any "further evidentiary submissions, briefing or argument" and does not contained any detailed discussion on the issues, but only attempts to briefly summarize the errors committed by the Special Master in his *Opinion and Decree*. However, based on the unique circumstances in this case, as explained below and in Mr. and Mrs. Carter's submissions to the Special Master, Mr. and Mrs. Carter respectfully request that this Honorable Court order that this matter be set for hearing with oral argument and testimony. In addition, Mr. and Mrs. Carter respectfully request that the parties be allowed to submit "further evidentiary submissions, [and/or] briefing."

### B. FEDERAL RULE OF CIVIL PROCEDURE 53

Pursuant to Fed. R. Civ. P. 53 (f) (1),

In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.

Pursuant to Fed. R. Civ. P. 53 (f) (3),

The court must decide de novo all objections to findings of fact made or recommended by a master…

Pursuant to Fed. R. Civ. P. 53 (f) (4),

The court must decide de novo all objections to conclusions of law made or recommended by a master.

### C. SPECIAL MASTER ERRED IN FINDING THAT KNAUF WAS PREJUDICED AND IN FINDING IN FAVOR OF KNAUF AND AGAINST MR. AND MRS. CARTER

The evidence submitted by Mr. and Mrs. Carter regarding their ARH claim proves the existence of Knauf Chinese Drywall in the property located at 261 W. Robert E. Lee, New Orleans, Louisiana 70124. In addition, during the February 15, 2017 mediation, Mr. Carter testified that he physically took delivery of the Knauf Chinese Drywall from INEX when he watched INEX take Knauf Chinese Drywall off of a stack and place the pallet of Knauf Chinese Drywall in his truck. Mr. Carter also testified that he only purchased what was needed for the job, that he only purchased from INEX and that all Chinese Drywall came from the same stack. Based on the record before the Special Master and this Honorable Court, and for the reasons explained in Mr. and Mrs. Carter's Mediation Position Paper, any alleged failure to preserve evidence is not prejudicial to a determination of this claim.

On June 16, 2009, this Honorable Court issued Pre-Trial Order No. 1. On October 9, 2009, this Honorable Court issued Pre-Trial Order No. 1 (B) (Preservation of Evidence). Although these Pre-Trial Orders were effective when Mr. and Mrs. Carter remediated 261 W. Robert E. Lee, New Orleans, Louisiana 70124 (Mr. and Mrs. Carter remediated between February 22, 2010 through April 26, 2010), there is nothing in either of these Pre-Trial Orders which prevents Mr. and Mrs. Carter from submitting other forms of evidence to prove the existence of Knauf Chinese Drywall in the property located at 261 W. Robert E. Lee, New Orleans, Louisiana 70124.[2]

---

[2] Pre-Trial Order No. 1 states that "[f]ailure to comply **may** lead to dismissal of claims, striking of defenses, imposition of adverse inferences of other dire consequences." (emphasis added). Pre-Trial Order No. 1(B) states that "[e]vidence or material not preserved in compliance with this Pre-Trial Order **may** be subject to exclusion for use in either discovery or trial of the matter and further, the party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation.

4

Knauf and the Special Master rely on the language in section IV. D. 4. of the Already Remediated Properties Protocol for the denial of Mr. and Mrs. Carter's claim. However, it was not until the December 20, 2011 Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, which was after Mr. and Mrs. Carter's remediation, that the consequences of a failure to comply with Pre-Trial Order No. 1 (B) were more drastic and that section IV. D. 4 of the Already Remediated Properties Protocol became applicable.

Under 1.4 of the December 20, 2011 Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047,[3]

> "**Already Remediated Properties Protocol.** 'Already Remediated Properties Protocol' shall mean the protocol attached as Exhibit A for resolving Remediation Claims of Owners who have self-remediated Affected Properties or have entered into contracts to self-remediate Affected Properties prior to the Execution Date."

Under section III. A. of Exhibit A (Already Remediated Properties Protocol),

> "…the Owner shall submit to the Settlement Administrator the following documentation concerning remediation of the Affected Property, **to the extent that such documentation is in the possession, custody or control of the Owner or any person or entity hired or otherwise used by the Owner in connection with the remediation of the Affected Property, including, but not limited to, builders, contractors, and subcontractors**:
>
> 1. Photographs and/or video images of all drywall removed from the Affected Property during remediation. For those Owners with claims pending in *In re: Chinese Drywall Products Liability Litigation*, MDL No. 2047 (the "MDL"), **where available**, such submission shall be in the form required by MDL Pretrial Order 1B…"… (emphasis added).

Knauf's position is that Mr. and Mrs. Carter's ARH claim should be denied for the alleged non-compliance with the preservation PTO. In support of Knauf's position, Knauf cites, section IV. D. 4. of Exhibit A (Already Remediated Properties Protocol) which provides,

> "The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has

---

[3] 1.4 of the 12/11/12 Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 is the same.

5

complied with MDL Pretrial Order 1B (if the claim is pending in the MDL)…Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim **if the failure has been prejudicial to a determination of the claim.**" (emphasis added).

Special Master Balhoff agreed with Knauf's position. However, as explained above, Section IV. D. 4 of the Already Remediated Properties Protocol was not applicable until after Mr. and Mrs. Carter remediated the property located at 261 W. Robert E. Lee, New Orleans, Louisiana 70124. For the reasons explained above and in Mr. and Mrs. Carter's Mediation Position Paper, any alleged failure to preserve evidence is not prejudicial to a determination of this claim, and therefore, Mr. and Mrs. Carter's claim should not have been denied and the Carters should have been awarded the requested damages. Therefore, Mr. and Mrs. Carter object to the Special Master's *Opinion and Decree*.

## **CONCLUSION**

Mr. and Mrs. Carter respectfully move that this Honorable Court set this matter for a hearing with oral argument and testimony. Mr. and Mrs. Carter also respectfully move that this Honorable Court order that the parties be allowed to submit "further evidentiary submissions, [and/or] briefing." In addition, for the reasons stated above, Mr. and Mrs. Carter respectfully move this Honorable Court for an Order sustaining their objection to the Special Master's April 27, 2017 *Opinion and Decree* and that this Honorable Court find that: (1) the Special Master erred in finding "that the Carters' failure to preserve evidence prejudiced Knauf's ability to present a defense, since the Carters had access to the reactive Chinese drywall before its disposal, but Knauf did not"; (2) the Special Master erred in finding "in favor of Knauf and against the Carters."; and (3) Mr. and Mrs. Carter should be awarded their requested damages.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:   (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of May, 2017.

/s/ Joseph M. Bruno

7