UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE ELDON FALLON
MAGISTRATE WILKINSON

# Opinion and Decree

This matter involves a dispute between Amy and Daniel Carter and the Knauf Defendants ("Knauf").

On December 30, 2005, Daniel Carter purchased the property located at 261 W. Robert E. Lee Boulevard, New Orleans, Louisiana. In May 2006, Mr. Carter purchased sheetrock (drywall) from the New Orleans branch of Interior-Exterior Building Supply, as is evidenced by an invoice dated May 22, 2006.

In subsequent years, many property owners throughout the southeastern portion of the United States began filing suits related to the presence reactive Chinese drywall. On June 15, 2009, the Judicial Panel on Multidistrict Litigation transferred the suits pending in various federal courts to Judge Eldon Fallon of the Eastern District of Louisiana. On October 9, 2009, Judge Fallon issued Pretrial Order 1(B), which set forth the protocol for the preservation of evidence. The protocol stated in part:

> [T]he Parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentaion, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.



In 2009, Mr. Carter and his wife, Amy, determined that their property had problems consistent with the presence of reactive Chinese drywall. The Carters remediated the property between February and April 2010, after the Court's promulgation of Pretrial Order 1(B). The Carters do not contend that they complied with Pretrial Order 1(B).

On December 20, 2011, Knauf filed a Settlement Agreement in the MDL. The Settlement Agreement, which was later approved by the Court, defined a settlement class, and gave the members of the settlement class an opportunity to opt out. The Carters do not contend that they were not members of the settlement class, and they do not contend that they opted out. Therefore, they are bound by the terms of the Settlement Agreement.

The Settlement Agreement contemplates that Knauf will compensate certain class members who have already remediated their homes. To this end, the Settlement Agreement establishes a procedure for resolving differences between the Owner and Knauf. For purposes of this matter, the key provision is found at section IV.D.4:

> The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B (if the claim is pending in the MDL) or with applicable state law requirements for preservation of evidence (if the claim is pending in state court). Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.

The Settlement Agreement requires proof that Knauf manufactured the drywall at issue. Unfortunately, the drywall in this case is no longer available for inspection; the Carters disposed of it when they remediated the property. The Carters have submitted personal affidavits and other evidence in an attempt to establish product identification. But this is not enough under the terms

of the Settlement Agreement, which incorporates Pretrial Order 1(B).  Knauf only agreed to pay certain claimants in the settlement; these did not include claimants that could not satisfy Pretrial Order 1(B).  The Special Master finds that the Carters' failure to preserve evidence prejudiced Knauf's ability to present a defense, since the Carters had access to the reactive Chinese drywall before its disposal, but Knauf did not.

For these reasons, the Special Master finds in favor of Knauf and against the Carters.  The Special Master will circulate an invoice in the near future.  In accordance with the Settlement Agreement, the costs associated with the Special Master's services will be split between the parties (one-half each).

Dated: April 27, 2017

/s/ Daniel J. Balhoff
Daniel J. Balhoff, Special Master