UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL NO. 2047<br><br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

**THIS DOCUMENT RELATES TO:** ALL CASES

## ORDER AND REASONS

Before the Court is Primary Counsel's Motion for Leave to File Motion to Stay the May 31, 2017 Evidentiary Hearing in front of the Special Master, R. Doc. 20761.

The Court will deny the motion for leave to file. Primary Counsel argues that the scope of the hearing must be established before it can occur. R. Doc. 20761-1 at 2. In particular, they argue the question of "whether the size of the fee and cost pot is before the Special Master" must be resolved before the hearing, because "the pie cannot be sliced until it is defined." R. Doc. 20761-6 at 8. The Court disagrees. The Special Master was appointed to make appropriate recommendations to the Court regarding the division of the global fee award between common benefit and individual counsel. *See* R. Doc. 20410. The exact amount of the "total fee and cost pot" is not a prerequisite to a recommendation of what percentage of the total fee should be allocated to each of these two groups.

Further, Primary Counsel argues that the evidentiary hearing cannot continue until the Court rules on Primary Counsel's objections to the Special Master's ruling regarding additional discovery. R. Docs. 20552, 20728-2. While the Court neither agrees nor disagrees with this position, it will address said objections for the sake of clarity. In their motions, Primary Counsel

1

argues they are entitled to "all common benefit time submissions and related documents." R. Doc. 20552 at 2. They contend that without substantial additional discovery they will be denied a fair chance to review the common benefit work done in this MDL. R. Doc. 20552 at 3. In their second motion, they repeat this argument, and claim that without the original time submissions and other records, they are unable to determine "the true value" of the common benefit work. R. Doc. 20728. However, this is not the burden of Primary Counsel.

The Fee Committee has made a recommendation to the Court regarding the division of attorney fees and costs. Primary Counsel has an opportunity to review this recommendation, conduct limited discovery, and make objections on the record. Neither the Fee Committee recommendation, nor Primary Counsel's objections are entitled to more weight than the other. Instead, these two positions are but two steps in a nearly decade-long process, which will culminate in the Court's ultimate decision regarding the division, and eventually the amount, of attorneys' fees awarded to Primary Counsel and Common Benefit Attorneys.

The Court has established a detailed procedure to ensure that the final attorney fee award is fair and based on objective evidence of the work done on this case. Early in this multi-district litigation, the Court approved the appointment of an accountant, Phil Garrett, to assist the Court with accounting in this MDL. *See* PTO 9. Mr. Garrett established a process for attorneys to submit time through a centralized accounting system. These time and expense submissions were reviewed by his staff, including paralegals, to ensure the time was accurate and the expenses were appropriate. If the records contained insufficient detail, Mr. Garrett would request additional information before the time or expenses were approved, or in some cases, denied. The Court then conducted monthly meetings with Mr. Garrett to review these submissions and

reports. Contrary to Primary Counsel's position, this is exactly the type of "objective, uniform procedure" that enables the Court to review and monitor common benefit time.

Moreover, Primary Counsel seems to take the position that unless they review and challenge the time submissions of common benefit counsel, the Court will accept these submissions as fact. That is not an accurate interpretation of the process the Court has implemented. As explained above, the Fee Committee has made a recommendation regarding the division of attorney fees and now Primary Counsel has an opportunity to present their objections to the Special Master. After reviewing all the evidence, without giving extra consideration to the position of either group, the Special Master will make a recommendation to this Court. At that time, the Court will review all the evidence—including years of detailed time and expense submissions—before issuing a ruling allocating fees between the Primary Counsel and Common Benefit Attorneys.

With this background in mind, the Court has reviewed the Special Master's Rulings on Primary Counsel's request for additional discovery and the record and overrules Primary Counsel's Objections, R. Doc. 20552, 20728-2. The Special Master has established a protocol for discovery on the attorney fee issue. He has scheduled a hearing to gather more evidence in order to inform his recommendation regarding the division of attorney fees. He has determined that Primary Counsel is not entitled to conduct additional discovery prior to this hearing. This Court agrees, and further finds there is no reason to stay the May 31, 2017 evidentiary hearing. The Special Master's ruling is not unfair; Primary Counsel have received a substantial amount of information and accounting reports from Phil Garrett, the Court-approved accountant. They had an opportunity to depose Mr. Garrett, as well as members of the Fee Committee. This is a sufficient basis from which to present their objections to the Fee Committee's recommendation.

Having reviewed the record and the parties' motions, the Court adopts the Special Master's findings and conclusions in their entirety. Therefore,

Considering the foregoing, **IT IS ORDERED** that the Special Master's denials of Primary Counsel's request for additional discovery, R. Docs. 20553, 20727-1, are **AFFIRMED**.

**IT IS FURTHER ORDERED** that Primary Counsel's motion for leave to file motion to stay outside of time limits provided by local rule, R. Doc. 20761, is **DENIED**.

New Orleans, Louisiana, this 12th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE