UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' LEAD AND LIAISON COUNSEL'S REPLY BRIEF
IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT
TO RULE 11 AGAINST JIMMY R. FAIRCLOTH, JR., ESQ., VAL PATRICK
EXNICIOS, ESQ., MARK MILSTEIN, ESQ., AND C. DAVID DURKEE, ESQ.**

**I.     INTRODUCTION**

Attorneys Jimmy R. Faircloth, Jr., Val Patrick Exnicios, Mark Milstein, and C. David Durkee (together "Filing Counsel") made false and derogatory statements of fact in a brief they filed, impugning the integrity and hard work of Plaintiffs' Lead and Liaison Counsel appointed by the Court in this litigation. Their statements have no basis in fact and are unsupportable by any evidence in the record.[1] Despite being given notice and an opportunity to withdraw and strike those statements from the record, Filing Counsel refused, which prompted the instant motion for sanctions. In their response to the motion for sanctions, Filing Counsel mistakenly believe that sanctions were sought as a substitute for a response to their Disqualification Motion. To the contrary, the Fee Committee, in compliance with the briefing schedule to be set by the Court, will timely respond to the Disqualification Motion. In the meantime, this reply brief demonstrates that

---

[1] *See* Memorandum of Law in Support of Motion to Disqualify the Fee Committee, Strike its Allocation Recommendation, and Stay or Dismiss Proceedings Before the Special Master ("Disqualification Motion") [Rec. Doc. 20735].

1

the assertions made by Filing Counsel in their Disqualification Motion, which falsely alleged that Mr. Levin and Mr. Herman "steered negotiations [of the Knauf settlement] away from a traditional cash settlement" with the intent to "prolong and manipulate the process to support an inflated common benefit allocation both generally and specifically for themselves," Disqualification Brf. at 8-9, were <u>objectively baseless</u>.  Having no evidentiary support for these specious assertions, Filing Counsel rely solely on "extra-record attorney speculation."[2]  But in the context of the instant motion for sanctions, the *ipse dixit* beliefs of counsel are insufficient grounds to support their statements, which were submitted under the verification obligations of Rule 11.  Because the false assertions lack any objective basis, sanctions must be awarded.

## II.  ARGUMENT

Lead and Liaison Counsel filed their sanctions motion against Filing Counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure for signing and submitting a brief alleging false facts without any evidentiary support and in contradiction of the evidence of record.  To avoid sanctions, Filing Counsel's response presents nothing but feint and misdirection.

First, Filing Counsel contend that the motion for sanctions is procedurally defective under the safe harbor provision of Rule 11(c)(1)(A).  But the record is not contradicted that on April 17, 2017, Arnold Levin sent Filing Counsel a letter in lieu of a formal motion, notifying them that the offending allegations violate Rule 11(b) and directly contradict sworn testimony accessible and known to Filing Counsel at the time they signed and submitted the Motion and Brief.  Nor is there any dispute that Filing Counsel responded to Mr. Levin's April 17, 2017 letter in lieu of motion rejecting the contentions therein.  Finally, there is no dispute that sufficient time (over 21 days) was afforded Filing Counsel to correct the false and unsupported assertions contained within the

---

[2] *Torres v. S.G.E. Management,* 838 F.3d 629, 644 (5th Cir. 2016) (en banc).

offending Disqualification Motion, but Filing Counsel chose to stand by their baseless comments, which then warranted the filing of the instant motion.  Filing Counsel do not, nor can they, deny that they were on notice of the impending motion.  Indeed, they have responded to the proposed letter in lieu of motion and the sanctions motion, albeit without offering any evidence to support their contentions, which is not surprising given that there is no truth to them whatsoever.  Sanctions are therefore justified.

Second, Filing Counsel recognize that even non-parties are permitted to seek Rule 11 sanctions, and, therefore, their contention that Mr. Levin and Mr. Herman are not "parties" with standing is unfounded.  The same authority cited by Mr. Levin and Mr. Herman and Filing Counsel rejects Filing Counsel's position and refused to find "that Rule 11 could never be invoked by a technical non-party."  *Port Drum Co. v. Umphrey*, 852 F.2d 148, 152 n.3 (5th Cir. 1988).  Indeed, to contend as Filing Counsel do that Class Counsel like Mr. Levin and Mr. Herman lack standing as parties to assert rights of entitlement to a class fee award lacks credulity.  Applying Filing Counsel's argument to themselves would deprive them of the ability to participate in these class fee proceedings. Obviously, they are unlikely to endorse that absurd position.

Finally, despite the length of time afforded Filing Counsel to acquire evidence to support their factual contentions, it is patently obvious that Filing Counsel have no support for the two subject false assertions in their brief.[3]  None of the justifications for their contentions is based upon any fact of record.  By way of example, and again demonstrating Filing Counsel's lack of familiarity with the record, they erroneously assert that there is a "construction litigation expert serving on the PSC."  Disqualification Brf. at 6.  However, the PSC is comprised of attorneys, not

---

[3] Filing Counsel raise numerous arguments presented from the Disqualification Motion that are inapposite this motion for sanctions.  Those arguments addressing so-called conflicts, etc., will be addressed at an appropriate time in a response to the other pending motion.

retained expert consultants.  Further, contrary to Filing Counsel's suggestion, questions posed by their counsel at a deposition are not evidence, only the testimony of the witness is evidence.  More important, that testimony does not support the baseless assertion that Mr. Levin or Mr. Herman "steered" the Knauf Defendants "away from a traditional cash settlement" and towards remediation.  That just did not happen.  The Knauf Defendants never offered to settle this litigation for cash, and there is no evidence in the record to the contrary.[4]  Similarly, Filing Counsel's contention that Mr. Levin and Mr. Herman were trying to "tangle" time between Knauf efforts and Taishan efforts misstates this Court's Pretrial Orders 9 & 9A, and the fact that there was no requirement or obligation to segregate time records between the two defendants.  Lacking any factual support for these two false assertions, sanctions are warranted.

## III.  CONCLUSION

For all the foregoing reasons, there is no objective reason supporting Filing Counsel's baseless assertions.  Filing Counsel's contrived and unsubstantiated assertions based on an unnamed, fictitious "construction litigation expert serving on the PSC," are wholly unsupported by the record and fail to excuse the inaccurate and objectively baseless comments made in Filing Counsel's Disqualification Motion.  Filing Counsel's questions at the depositions are not evidence.  Answers under oath would be evidence, but the answers in this case are unhelpful to Filing Counsel.  The undisputed testimony confirms that Plaintiffs' Lead and Liaison Counsel did not "steer[] negotiations [of the Knauf settlement] away from a traditional cash settlement" with the intent to "prolong and manipulate the process to support an inflated common benefit allocation both generally and specifically for themselves."  Therefore, an Order imposing appropriate

---

[4] *See* Levin Dep. at 426:07-21 (Knauf was not interested in a cash settlement);  Herman Dep. at 123:20—124:14 (Mr. Herman testified that "there never, ever" was an offer or an indication from any of Knauf's counsel or representatives that Knauf would be interested in a cash settlement).

sanctions on Filing Counsel is warranted as is an Order directing the offending allegations be appropriately stricken from the record.

                              Respectfully submitted,

Dated: May 17, 2017          /s/ Russ M. Herman
                                  Russ M. Herman (Bar No. 6819) (on the brief)
                                  Leonard A. Davis (Bar No. 14190) (on the brief)
                                  Stephen J. Herman, Esquire (Bar No. 23129)
                                  HERMAN, HERMAN & KATZ, LLC
                                  820 O'Keefe Avenue
                                  New Orleans, Louisiana 70113
                                  Phone: (504) 581-4892
                                  Fax: (504) 561-6024
                                  Ldavis@hhklawfirm.com
                                  *Plaintiffs' Liaison Counsel MDL 2047*
                                  *Co-Chair/Secretary Fee Committee*

                                  Arnold Levin (on the brief)
                                  Frederick S. Longer (on the brief)
                                  Sandra L. Duggan (on the brief)
                                  Levin Sedran & Berman
                                  510 Walnut Street, Suite 500
                                  Philadelphia, PA 19106
                                  Phone: (215) 592-1500
                                  Fax: (215) 592-4663
                                  Alevin@lfsblaw.com
                                  *Plaintiffs' Lead Counsel MDL 2047*
                                  *Chair Fee Committee*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 17th day of May, 2017.

                        /s/ Leonard A. Davis
                        Leonard A. Davis
                        HERMAN, HERMAN & KATZ, LLC
                        820 O'Keefe Avenue
                        New Orleans, Louisiana 70113
                        Phone: (504) 581-4892
                        Fax: (504) 561-6024
                        Ldavis@hhklawfirm.com
                        Plaintiffs' Liaison Counsel
                        MDL 2047

                        *Co-Counsel for Plaintiffs*