IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

## PTO NO. 30A
## (VIRGINIA-BASED SETTLEMENT STIPEND AWARD)

On November 23, 2015, this Court entered PTO 30 to identify the Cost Stipend Award amounts for those cases with KPT Chinese Drywall present and for those without [Rec. Doc. 19787].  This Court followed with an Order on December 21, 2016, directing the Special Master, Matthew Garretson of the Garretson Resolution Group, Inc. ("GRG"), to issue stipends from the attorneys' fees and costs funds for the Four Virginia-Based Class Settlements (the "Virginia Class Settlements") so that Virginia privately retained counsel and *pro se* claimants may receive a reasonable cost stipend of $1,000 per property for all properties that were eligible to submit claims in the Virginia Class Settlements [Rec. Doc. 20608].  Further, for those class member properties that were eligible for stipends from the Global Settlement, the Court directed Special Master Garretson to issue stipends of $850 per property (after credit for the $150 received from the Global Settlement stipend).

Attached as "Exhibit A" is a list identifying those properties that are eligible to receive a cost stipend as contemplated in the December 21, 2016 Order for the Virginia Class Settlements, which was compiled by Special Master Garretson, with assistance from GRG, after consultation with BrownGreer, the Court-Appointed Settlement Administrator of the Global Settlement.  A

1

property is not eligible for a stipend if the eligibility for compensation in one of the Virginia Class Settlements was solely based upon a bodily injury claim.  A property is only eligible for a cost stipend if the property was eligible for compensation as determined by the Special Master in one of the Virginia Class Settlements as follows:  (1) the Nationwide Settlement; (2) the Porter-Blaine Settlement; (3) the Tobin Trading Settlement; and / or (4) the Builders Mutual Settlement. The cost stipend is to be paid only to a *pro se* litigant or to private counsel on an individual case for a present or former homeowner and is intended to address reimbursement of costs, which includes all reasonable costs, including the cost of inspection.

The Virginia Class Settlements included a 5% set aside to cover costs, totaling $870,000.00  [Rec. Doc. 17078, Rec. Doc. 17080, Rec. Doc. 17082, Rec. Doc. 17084 Rec. Doc. 18145]. These funds were initially deposited in QSF accounts managed by Special Master, Philip Garrett, who remains responsible for the attorney fees & costs funds for the Virginia Class Settlements. [Rec. Doc. 17078, Rec. Doc. 17080, Rec. Doc. 17082, Rec. Doc. 17084] Pursuant to this Court's Order entered February 1, 2016, [Rec. Doc. 20022], Esquire Bank, as the Depository Bank, transferred the balance of all attorney fee & cost funds from the Virginia Class Settlements and combined and consolidated them into the Knauf Attorney Fee Settlement Fund. The costs for class notice ($150,000.00) and payment of special master fees and costs ($267,110.97) have previously been authorized and withdrawn from these funds. [Rec. Doc. 15969-5; 15969-6; 15969-7 and Rec. Doc. 18221; 19990] The balance of available cost funds from the Knauf Attorney Fee Settlement Fund from the deposits made out of the Virginia Class Settlements is $452,889.03. To fulfill the Court's Order of December 21, 2016 in which Special Master Garretson has been ordered to issue stipends from the attorney fees and cost funds for the Virginia Class Settlements [Rec. Doc. 20608] this Court authorizes and directs Phillip Garrett

and Esquire Bank to transfer an initial amount of $246,550.00 from the Knauf Attorney Fee Settlement Fund to the designated account provided by GRG, at the direction of Special Master Garretson to pay the Cost Stipends as further described in the attached "Exhibit A". To the extent that any Class Member successfully objects to the allocated Cost Stipend, this Court may issue additional transfer instructions.

To assure that claimants in the Virginia Class Settlements receive the appropriate cost stipend amount, GRG, acting on behalf of Special Master Garretson, has communicated with the various Class Members and/or their counsel by disseminating a listing for each firm (or Class Member, if pro se) which identifies each property eligible for a Cost Stipend, together with the amount of the Cost Stipend to be awarded for that particular property. Counsel was directed to review the listing for his/her firm and to notify GRG, on behalf of Special Master Garretson of any incorrect entries. Special Master Garretson submits that, based on the information from each firm, and after consulting with Class Counsel and GRG, the listing of the properties attached hereto as "Exhibit A" accurately reflects the Cost Stipends to be awarded.

The Court will post "Exhibit A" on its website located at www.laed.uscourts.gov/drywall together with a copy of this Order, and further directs the Clerk of Court to retain a copy of this Order, together with "Exhibit A", so that any claimant or party may review the Order and "Exhibit A".

Any Class Member or party wishing to object to the Cost Stipend amount for his / her particular property must, on or before ten (10) business days from the date of this Order, notify in writing each of Class Counsel, Richard Serpe, Law Offices of Richard Serpe, P.C., 580 E Main Street, Suite 310, Norfolk VA 23510, rserpe@serpefirm.com; Arnold Levin, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, alevin@lfsblaw.com and Russ

M. Herman, Herman Herman & Katz, LLC, 820 O'Keefe Avenue, New Orleans, LA 70113, drywall@hhklawfirm.com, of his / her intent to object to the proposed Cost Stipend award for that particular property. Any objection must set forth the full and complete basis for the objection and set forth the full name and current address of the person objecting to the cost stipend award, together with the address of the particular property. The objection must be signed by the Class Member or party making the objection. Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection, and shall be deemed a waiver of any objection which will foreclose them from making any objection to the cost stipend at a later date.

If more than one (1) claim is made for a Cost Stipend on a property, the proceeds to be paid shall be deposited into the registry of the Court until a final determination is resolved as to the proper party entitled to receipt of the cost stipend.

The attached "Exhibit B" is the invoice for work conducted by GRG, operating on behalf of Special Master Garretson, for which payment is outstanding. This Court authorizes and directs Phillip Garrett and Esquire Bank to transfer from the Knauf Attorney Fee Settlement Fund an additional $33,500.00 to GRG as payment for the invoice attached as "Exhibit B".

The remaining 5% cost set-aside funds ($ 172,839.03) from the Four Virginia-based Class Settlements will remain in with the Court pending further order of this Court.

New Orleans, Louisiana, this 23rd day of May, 2017.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE