IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

This Document Relates to:

SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON

Braxton H. Collins, et ux. v. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6652

Jason S. Herrington, et ux. V. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6653

**PLAINTIFFS' RESPONSE TO DEFENDANT/THIRD-PARTY PLAINTIFF,
ACE HOME CENTER, INC.'S, CORRECTED MOTION TO DISMISS ACTION AS
PRECLUDED OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

COME NOW the Plaintiffs, BRAXTON and KERRIE COLLINS and JASON & CASSIE HERRINGTON, and file this, their Response to Defendant/Third-Party Plaintiff, Ace Home Center, Inc.'s, Corrected Motion to Dismiss Action as Precluded or, in the Alternative, Motion for Summary Judgement, and would respond as follows, to-wit:

I.

*FACTS & PROCEDURAL HISTORY*

The Collins and Herrington families both have homes built by Bass Homes that have contaminated Chinese drywall made by Taishan. The drywall was sold to Bass Homes by Ace Home Center which purchased it from Pate Stevedore in Pensacola. It was salvage drywall from off the M/V *Sanko Rally*.

The actual contract to construct this Collins home was entered on August 22,

1

2008, with the building permit being issued on or about September 2008, with the certificate of occupancy being issued on February 9, 2009, and the home being occupied by the Plaintiffs on or about that time, with the discovery of the defective salvage Chinese drywall in the home on or about November 9, 2010. The actual contract to construct the Herrington home was on or about November 9, 2008, with the certificate of occupancy issued on or about March 13, 2009, and the home being occupied on or about that date, with the discovery of the defective salvage Chinese drywall in the home in or about January, 2010. Both these homes were built in Mississippi by Bass Homes and provided defective salvage drywall by Ace Home Center, Inc. Both families have small children residing in the home and have suffered health consequences from the off-gassing caused by the defective drywall.

Soon thereafter, Plaintiffs filed suit in MDL 2047 in a master complaint concerning defective Taishan Chinese drywall in the United States, with said suit being filed March 5, 2010. This is less than six months after discovery of the defective drywall and less than a year after the home was complete. They were clearly named Plaintiffs on the *Wiltz* compliant in Multi-District Litigation 2047 in New Orleans, U. S. District Court for the Eastern District of Louisiana, with these same Defendants in the *Wiltz* litigation. Feeling aggrieved that the proposed settlement was significantly less than that that was obtained on behalf of the Alabama Bass Homes Plaintiffs in the *Langham* case (State Court action), the Collins family, the Harrington family and the Wiggins family opted out of the national class action with settling supplier and distributor defendants on or about September 18, 2012. (Attached hereto as Exhibit "A".)

The Collins and the Herringtons then filed separate lawsuits on or about May

2

20, 2013, in State Court in Mississippi, in Jackson and George Counties, respectfully. These cases were removed to Federal Court on claims of diversity in or about July and August 2013, and subsequently transferred to MDL 2047 on or about December 13, 2013, where these actions have been pending without significant movement or discovery. During this time, the Defendant, Ace Home Center, filed a third-party action against Taishan, Inc., and this Court allowed them to serve Taishan's local counsel rather than going through the complicated and complex Hague process as the Plaintiffs were required to do in the MDL litigation. (Plaintiffs have agreed in other pending Bass Homes litigation to use discovery that occurred in the *Langham* and associated cases so Plaintiffs have not conducted any supplemental discovery to date in this case so that it can be coordinated with the other pending cases.)

The companion case of *Wiggins v. Bass Homes, et al.,* which was not removed was finally resolved at mediation.

All parties with the exception of Ace Home Center attempted to restart the discovery process regarding the Collins and Harrington cases, were in the process of attempting to set the depositions of the Plaintiffs, as well as do site inspections in the hopes of moving this matter toward resolution or trial. However, Ace Home Center at the last minute again objected and filed a Motion to Stay. The Court heard argument on Ace's Motion to Stay on or about February 23, 2016, and allowed all parties to take the Plaintiffs' depositions, which occurred in May and June, 2016, and do site inspections which occurred in August, 2016, but otherwise granted Ace's Motion to Stay.

3

Plaintiffs filed their Motion to Sever all claims against Taishan and to remand all other claims to the U. S. District Court for the Southern District of Mississippi, Gulfport Division, so that they can be resolved or set for trial. Said Motion was heard on or about April 6, 2017. No Ruling as be handed down as this date.

Defendant/Third-Party Plaintiff, Ace Home Center, filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on or about April 3, 2017, and then a corrected version on April 10, 2017.  The PSC filed a Statement in connection with Ace's Motion on April 21, 2017.

II.

***LAW***

Plaintiffs first move to convert Defendant/Third-Party Plaintiff, Ace Home Center's, Motion to Dismiss under Rule 12(b)(6) to a Motion for Summary Judgment under Rule 56.

Ace Home Center submitted Plaintiffs' counsel mistaken "non-Knauf replacement and relocation forms", together with additional forms from third-party settlement administrator, Brown and Greer, with their Motion.  Because these documents are neither attached to or referred to in Plaintiffs' Complaint, and they are not matters of public record, these documents are "matters outside of the pleadings".  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) Motion to Dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the Motion.  *Isquith, ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F2d 186, 196 n3 (5th Cir. 1988); accord *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,*

255 F. App'x 775, 783 (5th Cir. 2007). Where "matters outside the pleadings are presented to and not excluded by the Court, the Motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the Motion." Fed. R. Civ. P. 12(d). Rule 12(d) requires only that the non-movant be given notice that "the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith*, 847 F.2d at 193).

Therefore, Defendant/Third-Party Plaintiff, Ace Home Center's, Motion is simply a Motion for Summary Judgment, both under Mississippi substantive law and Federal procedural law, Rule 56.

III.

***ARGUMENT AND AUTHORITY***

**Standard of Review**

This matter was removed based upon diversity jurisdiction so Mississippi substantive law will apply. *Klaxon Company v. Stentor Electric Manufacturing Company*, 313 U.S. 487, 61 S. Ct. 1020; 85 L. Ed. 1477; (USSC 1941), and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817; 82 L. Ed. 1188 (USSC 1938).

The party moving for summary judgment bears the burden of establishing that there is no genuine issue of material fact on a motion for summary judgment. *Brown v. Credit Center, Inc.*, 444 So.2d 358 (Miss.1983). The motion should be denied only if the party opposing the motion has "no colorable basis for a claim of interest" *Harrison*

5

*County v. City of Gulfport*, 57 So.2d 780 (Miss.1990). This is a fact-based question and should properly be submitted to the Court in the context of a trial, where the parties will have the opportunity to develop the facts and circumstances surrounding the issue.

Rule 56 of the Mississippi Rules of Civil Procedure and Federal Rules of Civil Procedure state that a summary judgment will be granted only when no genuine issues of material fact exist. The burden of demonstrating that no genuine issues of fact exist rests with the moving party, and on review, the Court must view all evidentiary matters in the light most favorable to the non-moving party and give the non-movant the benefit of every reasonable doubt. *Mantachie Nat. Gas v. Miss. Valley Gas Co.,* 594 So.2d 1170, 1172 (Miss. 1992); *Mississippi Guaranty Ins. Association v. Byars*, 614 So.2d 959 (Miss.1993).

Summary judgment should generally be denied where the record is incomplete with regard to a material fact. *Prescott v. Leaf River Forest Products, Inc,.* 740 So.2d 301 (Miss.1999). The Mississippi Supreme Court has further stated that summary judgments, whether granted as to all or in part, should be granted with great caution, *Womble v. Singing River*, 618 So. 1251 (Miss. 1993). As the Mississippi Supreme Court explained, "If there be any error at the trial level, it should be in denying Motions for Summary Judgment in favor of a full live trial," *Brown v. Credit Center*, 444 So.2d 358, 362, 363 (Miss. 1983), (Citing Moore's Federal Practice, Sec. 5615, p. 56-435 (1992).

Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is appropriate when, as here, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law.    FRCP 56(c).

Summary judgment is mandated where the plaintiff has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotox Corp. v. Caltrett*, 477 U.S. 317, 322, 106 S.Ct 2548, 2552, 91 L.Ed.2d 265 (1986).   The movant has the burden of persuading this Court that (1) no genuine issue of material facts exists, and (2) that on the basis of the facts established, the moving party is entitled to summary judgment as a matter of law.    FRCP 56(c).   The non-movant must then rebut, and, if he is to survive summary judgment, he must produce specific facts showing that there is a genuine material issue for trial.   FRCP 56(e); *Friends of the Earth, Inc. v. Laidlaw Entertainment Services (TOX), Inc.*, 528 U.S. 167, 198, 120 S.Ct. 693, 713 (2000).   The purpose of summary judgment is to dispose of non-meritorious claims. Where there exist genuine issues of material fact in dispute Summary Judgment is not appropriate.

IV.

Plaintiffs have wanted to pursue their action against Bass Homes, Ace and the other Defendants in state court since discovery of the Chinese drywall in question. They were persuaded to become part of the litigation against Taishan and these Defendants in the *Wiltz* action under the mistaken belief that it would lead to an efficient and equitable resolution of their claims.   This is of particular importance to both families as they are continuing to live in these impacted homes with children. When they received the information concerning the amount of the potential settlement with the suppliers/distributors, they made the informed decisions to opt out of that settlement agreement.    (They also believed that they were opted out of any agreement arising out

7

of the *Wiltz* litigation, but there is now considerable doubt on that issue.) They subsequently sent in proper and timely opt out notices which were accepted by the PSC and filed into the record as indicated by Exhibit "I" of the PSC's Response to Plaintiffs' Motion for Severance. (Attached as Exhibit "B"). Therefore, Ace Home Center clearly had proper legal notice of both parties opting out of the agreement, and cannot claim any harm at this junction. They have opted out of the settlement in question as indicated by previous filings, and any effort on their attorney's part in sending in the wrong forms etc, was simply caused by confusion over the nature of the claims. (The document is called a "Non Knauf Repair and Relocation Expense Claim form", and references many settlement agreements including InEx, which was the most common supplier of Chinese drywall in the three Mississippi Coastal counties, and present in most of counsel's Mississippi Chinese drywall claims.) Additionally, unlike the opt out forms, the expense recovery claim forms were not signed or executed by the clients.

V.

Finally, as soon as the error was noticed Brown Greer was advised and the claim was withdrawn. The Claim's Administrator was informed multiple times that the Herrington and Collins Plaintiffs would not be participating in any settlements. (See affidavit of Amanda Mkamanga, paralegal for Daniel K. Bryson, co-counsel for Plaintiffs, attached as Exhibit "C".) Defendants were not even aware of these internal communions until they were attached as an exhibit to Ace's Response to Plaintiffs' Motion for Serverance by the PSC. Frankly, they should have never been given access to these internal communications that were clearly subject to both the attorney client communication rule as well as the attorney work product rule, as these priviledges have

8

not been waived by Plaintiffs. Thus, they would not likely have even known of the existence of these form but for their attachment to a Response to Plaintiffs Motion to Sever and Remand by the PSC.

VI.

Hence, there is not any possible prejudice to the Defendant as it is readily clear that the Plaintiffs rejected the settlement in question and have proceeded with the instant litigation. It should also be noted that the settlement is believed to be a "limited fund" settlement so whether these Plaintiffs participated had no bearing on Ace's financial obligations to the fund. Therefore, Ace's Motion must be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court will enter an Order denying Ace Home Center, Inc.'s Motion to Dismiss Action as Precluded or, in the Alternative, Motion for Summary Judgment.

RESPECTFULLY SUBMITTED this, the 30th day of May, 2017.

>BRAXTON & KERRIE COLLINS, Plaintiffs
>JASON & CASSIE HERRINGTON, Plaintiffs
>
>By and Through Their Attorneys,
>LUCKEY & MULLINS, PLLC
>
>
>BY: */s/ Steve Mullins*
>STEPHEN W. MULLINS

ATTORNEYS FOR PLAINTIFFS:

STEPHEN W. MULLINS (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Blvd., Suite 102    (39564)
Post Office Box 990
Ocean Springs, MS   39566
Phone:         228.875.3175
Fax:    228.872.4719
smullins@luckeyandmullins.com

Of Counsel:

**Daniel K. Bryson** (*pro hac vice*)
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

### CERTIFICATE OF SERVICE

I, STEPHEN W. MULLINS, do hereby certify that I have on this date electronically filed the above and foregoing Response with this Court using the ECF filing system which has caused notification of such filing to be sent to registered counsel of record.

THIS, the 30th  day of May, 2017.

　　　　　　　　　　　　　　　　　　/s/ Stephen W. Mullins
　　　　　　　　　　　　　　　　　　STEPHEN W. MULLINS