IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

This Document Relates to:

SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON

Braxton H. Collins, et ux. v. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6652

Jason S. Herrington, et ux. V. Bass Homes, Inc., et al.
So. Dist. Mississippi, C.A. No. 13-cv-6653

**PLAINTIFFS' RESPONSE TO DEFENDANT/THIRD-PARTY PLAINTIFF, ACE HOME CENTER, INC.'S, STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF ITS MOTION TO DISMISS ACTION AS PRECLUDED OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGEMENT**

COME NOW the Plaintiffs, BRAXTON and KERRIE COLLINS and JASON & CASSIE HERRINGTON, and file this, their Response to Defendant/Third-Party Plaintiff, Ace Home Center, Inc.'s, Statement of Uncontested Facts in Support of its Motion to Dismiss Action as Precluded or, in the Alternative, Motion for Summary Judgement, and would respond as follows, to-wit:

1.      Admitted.

2.      Denied.  Plaintiffs filed the proper opt out forms to opt out of the distributor supplier settlement which have been attached to various motions in the initial complaint.

3.      It is admitted that the PFC included Plaintiffs' claims in various other omnibus complaints, although Plaintiffs received no kind of an individualized notice of these complaints nor were consulted about these complaints or were ever asked if they

wished to participate in any of these additional complaints. I assume this was done for litigation tactics and strategic reasons.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted as indicated in prior pleadings, a repair and relocation expense claim form was mistakenly filed on behalf of the Herringtons and explicitly provided to counsel opposite in this litigation although no privilege was ever waived by the claimant's. Obviously, as such no reliance on this document by defendants could ever occur as they did not and frankly should not have ever known of its existence.

    7.    Admitted as indicated in prior pleadings, a repair and relocation expense claim form was mistakenly filed on behalf of the Collins and explicitly provided to counsel opposite in this litigation although no privilege was ever waived by the Plaintiffs. Obviously, as such, no reliance on this document by defendants could ever occur as they did not and frankly should not have ever known of its existence.

    8.    Admitted.

    9.    Admitted

    10.  As indicated by the attached affidavit, Brown and Greer were told on numerous occasions that the Collins and Harringtons were not participating in the settlement and were given multiple copies of the opt out forms. Despite this knowledge Brown and Greer mistakenly continued to process these claims. (Please see affidavit of Amanda Mkamanga attached at as Exhibit "A".)

    11. Admitted, the global settlement agreement speaks for itself.
    12. Admitted—the global settlement agreement speaks for itself.
    13. Admitted—the global settlement agreement speaks for itself.

RESPECTFULLY SUBMITTED this, the 30th day of May, 2017.

                                  BRAXTON & KERRIE COLLINS, Plaintiffs
                                  JASON & CASSIE HERRINGTON, Plaintiffs

                                  By and Through Their Attorneys,
                                  LUCKEY & MULLINS, PLLC


BY:     /s/ *Steve Mullins*
          STEPHEN W. MULLINS


ATTORNEYS FOR PLAINTIFFS:

STEPHEN W. MULLINS (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Blvd., Suite 102   (39564)
Post Office Box 990
Ocean Springs, MS  39566
Phone:         228.875.3175
Fax:    228.872.4719
smullins@luckeyandmullins.com

Of Counsel:

**Daniel K. Bryson** (*pro hac vice*)
**WHITFIELD BRYSON & MASON LLP**

900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

## **CERTIFICATE OF SERVICE**

I, STEPHEN W. MULLINS, do hereby certify that I have on this date electronically filed the above and foregoing Response with this Court using the ECF filing system which has caused notification of such filing to be sent to registered counsel of record.

THIS, the 30th day of May, 2017.

/s/ Stephen W. Mullins
STEPHEN W. MULLINS
