```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


IN RE:  CHINESE-MANUFACTURED   *        09-MD-2047
        DRYWALL PRODUCTS       *
        LIABILITY LITIGATION   *        Section L
                               *
Relates to:  All Cases         *        December 21, 2016
                               *
* * * * * * * * * * * * * * * *
```

STATUS CONFERENCE BEFORE THE
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Appearances:

| | |
|---|---|
| For the Plaintiffs: | Herman Herman & Katz, LLC<br>BY:  RUSS M. HERMAN, ESQ.<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113 |
| For the Knauf<br>Defendants: | Baker Donelson Bearman<br>  Caldwell & Berkowitz, PC<br>BY:  KERRY J. MILLER, ESQ.<br>201 St. Charles Avenue, Suite 3600<br>New Orleans, Louisiana 70170 |
| For the Taishan, CNBM,<br>and BNBM Defendants: | Phelps Dunbar, LLP<br>BY:  HARRY ROSENBERG, ESQ.<br>365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, HB-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

## PROCEEDINGS

### (December 21, 2016)

**THE COURT:** Be seated, please. Good morning, ladies and gentlemen.

Call the case, please.

**THE DEPUTY CLERK:** MDL 2047, *In Re: Chinese-Manufactured Drywall Products Liability Litigation*.

**THE COURT:** Counsel make their appearance for the record, please.

**MR. HERMAN:** May it please the Court. Good morning, Judge Fallon. Russ Herman for the plaintiffs.

**MR. ROSENBERG:** Good morning, Your Honor. Harry Rosenberg as liaison counsel for CNBM, BNBM, and Taishan.

**MR. MILLER:** Good morning, Judge Fallon. Kerry Miller for Knauf and the defense steering committee.

**THE COURT:** We are here for our monthly status conference. I have had the opportunity to meet with lead and liaison counsel a moment ago to discuss the agenda. We don't have very much on this agenda, which is our last meeting for this year. I'll take it in the order given.

Remediation program, is that first? Kerry, do you want to report on that?

**MR. DYSART:** Good morning, Your Honor. Danny Dysart on behalf of the Knauf defendants just real briefly.

We had filed a motion to extinguish with respect

09:02  to the remaining remediation program homes and ARH homes back in October.  In response to that, we did receive some objections.  We worked with plaintiffs' counsel to resolve those objections.

At the last status conference, the Court provided an additional time period for anybody to come forward. Since that time we have only received one additional claim.  We have gone ahead and added them to the pending claims list.  So we think now we have the final list of remediation and ARH homes that we have left to resolve either through plaintiffs' counsel, Mr. Balhoff or through the Court early next year.  So at this time we would submit that revised order to the Court and ask the Court to rule.

**THE COURT:**  Submit that to me and I will grant it.

**MR. DYSART:**  Thank you, Your Honor.

**THE COURT:**  What's the next one?

**MR. HERMAN:**  May it please the Court.  Your Honor, BrownGreer, Jake is here to make a report.

**MR. WOODY:**  Good morning, Your Honor.  Jake Woody from BrownGreer.  I just have a quick report on the status of the settlement program.

At the last status conference, I reported to you that there were a number of uncashed checks.  With the PSC's help, we did significant outreach to people with those uncashed checks and were able to reissue about 60 payments.  There are

```
09:03   1  still about 30 payments where checks have expired.  I provided
        2  the list to Janelle, your law clerk.  We will continue to
        3  monitor those.  If we reissue the checks, we will remove them
        4  from the list.
        5          THE COURT:  If you could get with plaintiffs' liaison
        6  counsel, get the names of those attorneys.  If they don't come
        7  forward, then you can deposit the checks in the registry of the
        8  Court.  As the people come forward, I will give it to them in
        9  that way.
       10          While you are there, Jake, have you had a chance
       11  to talk to Ms. Harvey?
       12          MR. WOODY:  Yes.  Yes, Your Honor, I have.  This
       13  relates to two foreclosure short-sale claims submitted by the
       14  Bruno law firm.  These were at the time late, and you advised
       15  us to review their documents to see if they were eligible.
       16  They have provided all the necessary documents to us, and they
       17  are eligible for the standard foreclosure payment.  With your
       18  consent, we will go ahead and work with that firm to issue
       19  those payments.
       20          THE COURT:  Yes, let's try to do that.  I appreciate
       21  Ms. Harvey being with us today and bringing it to our
       22  attention.
       23          MR. WOODY:  Thank you, Your Honor.
       24          THE COURT:  Thank you, Jake.
       25              What's the next item?
```

09:05

1           **MR. HERMAN:**  Taishan, BNBM, and CNBM defendants, at
2  pages 6 and 9, Your Honor.  Your Honor set certain timeframes
3  for motions to be filed.  Your Honor has matters under
4  consideration.  The PSC will be filing the information that
5  they have to file by Friday.
6           **THE COURT:**  Okay.  The next item?
7           **MR. HERMAN:**  Your Honor, with regards to
8  Venture Supply --
9           **MR. ROSENBERG:**  Judge, I'm sorry.
10               Mr. Herman.
11           **MR. HERMAN:**  Yes.
12           **MR. ROSENBERG:**  Just to put it on the record,
13  Your Honor, as we have advised the Court, at least BNBM will
14  file a supplemental or reply memorandum to the supplemental
15  memorandum that the PSC filed.
16           **THE COURT:**  When can you do that?
17           **MR. ROSENBERG:**  We are going to do that by tomorrow,
18  Your Honor, or Friday morning at the latest.
19           **MR. HERMAN:**  We have no objection, Your Honor.
20               Your Honor, with regard to Venture Supply,
21  page 12, Mr. Levin will address that issue.
22           **MR. LEVIN:**  Your Honor, the only thing that is at
23  issue is the PSC, in connection with the lawyers in Virginia --
24  which is predominantly Richard Serpe and Richard Lewis, who are
25  members of the PSC, either members or adjunct to it -- have a

cost fund that has been set aside, which Your Honor has approved, to keep consistency between Virginia and the Knauf settlements, along with the low-hanging fruit settlements. We have decided to distribute it as a stipend on a house-by-house basis. Those papers are before you. There's been no objection that has been filed.

**THE COURT:** Okay. I'll do that before the end of the year so we can get that taken care of. I'll do it today. Thank you.

**MR. HERMAN:** May it please the Court. The last item on the agenda this morning is attorneys' fees at page 13. Mr. Balhoff is here to address the Court.

**THE COURT:** As everybody knows, the settlement with Knauf included an amount to make the litigants whole, but in addition paid the litigants' attorneys' fees at a certain amount. Now, the attorneys' fees have to be divided between the contract counsel and common benefit counsel. There's some overlap in some instances, but basically that has to be decided.

I have appointed a fee allocation committee to come up with recommendations. I have gotten objections to it. I have appointed a special master to look at the objections and allow some discovery, in his discretion, and then make a recommendation to me. I'll post the recommendation that he gives and I will get any objections. At that point I will have

09:08

1   the information that the CPA has given to me regarding time and
2   expenses that have been logged.  I'll have the recommendations
3   and the record compiled by the allocation committee, and I will
4   have the record and the recommendations of the special master.
5   Then I will take all of that and I will make a decision on it.
6   This aspect of it is with the special master at this point.
7              **THE SPECIAL MASTER:**  Your Honor, Dan Balhoff, special
8   master in this case.  I have been working with the parties over
9   the past few months and issued Case Management Order No. 1,
10  followed by a ruling that clarified some of the issues in the
11  case management order, in response to some objections, and also
12  Case Management Order No 2.
13             Pursuant to those case management orders, we
14  have had certain production of documents, written discovery,
15  and we have already completed the first of our depositions.  It
16  was the deposition of the Court-appointed CPA, Phil Garrett.
17  Next month, toward the end of January, we will have the
18  depositions of three of the members of the fee committee.  I
19  anticipate after that to evaluate the situation and to move as
20  quickly as reasonably possible toward an evidentiary hearing,
21  briefing, and a division of the fees, as Your Honor has
22  indicated.
23             Also, within the last two weeks, I filed
24  recommendations concerning a preliminary disbursement of fees
25  to the builders.  That has been filed in the record, and it is

my understanding —

**THE COURT:** Do we have any objection to that?

**THE SPECIAL MASTER:** I'm not aware of any objections, but I cannot represent to the Court that I have reached out to everyone that might object. It is my understanding, from talking to the Court staff, that the Court might post that on the website and invite objections and perhaps rule on it in the near future.

**MR. LEVIN:** Excuse me, Your Honor. There are no objections to the builders' distribution —

**THE COURT:** Yes. This is sort of an agreement.

**MR. LEVIN:** — except there is one issue still hanging that Mr. Balhoff will handle. Active builders, under the agreement with Banner and the global agreement, were capped at 10 percent for common benefit. The fee committee recognized that Hilarie Bass' firm was an active builder. Neal Sivyer thinks that he is an active builder. Mr. Balhoff will make that determination. We have in no way penalized Mr. Sivyer. He will get what everybody else gets. If the decision goes against us — hopefully not — we will be able to fund that because it comes out of the common benefit fund.

**THE COURT:** Right.

**THE SPECIAL MASTER:** Your Honor, to further address that, my recommendation that I made to the Court explicitly recognizes that I still have to address Mr. Sivyer's motion.

09:11

1  **THE COURT:** Do you have something?
2  **MS. WIMBERLY:** Your Honor, Dorothy Wimberly on behalf
3  of the various homebuilders who were parties to the amended
4  memo of understanding with the fee committee. We would like to
5  urge the Court to act on and adopt the special master's order
6  as quickly as possible.
7  **THE COURT:** Yes.
8  **MS. WIMBERLY:** One of the primary reasons that the
9  various homebuilders who entered into this agreement did so was
10 to try to end their involvement and get closure. We had hoped
11 to have that by year-end, but we have to live with whatever.
12 **THE COURT:** It may be able to be done by year-end
13 because this is really more of an agreement than it is anything
14 else.
15 **MR. LEVIN:** Yes, sir.
16 **THE COURT:** I didn't see any objection to that.
17 **MR. LEVIN:** Also, Dorothy won't say this, but it also
18 takes care of her fee as co-class counsel in the global.
19 **MS. WIMBERLY:** Your Honor, to the extent that it's
20 possible, I know that I have spoken to Mr. Woody, and they are
21 prepared to disburse upon instruction from the Court. Thank
22 you.
23 **THE COURT:** Just a moment. Somebody else is coming
24 up, Russ.
25 **MR. EXNICIOS:** Judge, just for the record,

```
09:13    1  Val Exnicios, co-liaison for objectors in the fee issue.
         2            We have, in fact, I believe lodged an objection
         3  with Mr. Balhoff and likewise had a teleconference with
         4  representatives of the homebuilders.  Just so the Court is
         5  aware, we will be filing an objection to any disbursement at
         6  this time.  Thank you, Judge.
         7            THE COURT:  Okay.  Dorothy, do you want to comment on
         8  that?
         9            MS. WIMBERLY:  I would like to follow up on that,
        10  Your Honor.  We did, in fact, have -- I believe back in
        11  September, shortly after the Court referred all of the fee
        12  matters to the special master, we did have a conference with
        13  the fee committee, the special master, and the objectors'
        14  counsel.
        15            The special master indicated that he needed
        16  submissions on that.  He set a date.  We provided submissions.
        17  The fee committee provided submissions.  No objector provided
        18  any submission in accordance with the special master's
        19  instructions.
        20            I would note that this agreement does not
        21  involve the plaintiffs who are the objectors.  It is strictly
        22  an agreement between the various homebuilders who repaired and
        23  the fee committee.  It doesn't in any way impact whatever
        24  common benefit or percentage that goes to the actual individual
        25  counsel.  It is a private agreement between the builders and
```

09:14

the fee committee. Again, we just simply don't even believe that they should have standing to object to it. It doesn't involve them. It involves the builders and the fee committee.

**THE COURT:** Val, do you want to address that?

**MR. EXNICIOS:** Thank you, Your Honor. First, we are unaware of any order from Mr. Balhoff directing us to file any formal objection by a particular time. We certainly notified him when he first queried us relative to that.

Secondly, Judge, with all due respect, it certainly does. Any sums that are coming out of the global pot will ultimately determine a lesser amount of that pot to be split. So it is Your Honor's determination as to how that global pot is going to be distributed amongst all individuals claiming an interest in that pot, which includes the homebuilders.

So they are one of those parties that are seeking to get funds from that global pot. Certainly the PSC is seeking to get funds from that global pot. Certainly primary counsel or, as you classified them, contract lawyers, as the Court has made clear, it's their pot. So a slice of that pot is presumably going to the fee committee. A percentage or slice is going to the homebuilders.

We respectfully suggest it's premature at this point for Your Honor to award any of those funds to anyone, with the possible exception of the motion we have pending

09:16   1   before you to distribute the undisputed portion of those funds.
    2           **THE COURT:**  Well, if you are going to make an
    3   objection, file that as quickly as you can.
    4           **MR. EXNICIOS:**  Thank you very much, Your Honor.
    5           **THE COURT:**  Anything else, Russ?
    6           **MR. HERMAN:**  No, Your Honor.
    7           **THE COURT:**  The next status conference is January 23.
    8   That one starts at 2:00 in open court, 1:30 for the committee.
    9   The second one is March 2 and that's at 9:00 in the morning.
   10           **MS. WIMBERLY:**  Your Honor, if we could ask that the
   11   Court set a deadline so that any formal objection can, in fact,
   12   be heard at the next conference.
   13           **THE COURT:**  Let's do that.  Val, let's do that.  Can
   14   you do it by Friday, objections?
   15           **MR. EXNICIOS:**  Yes, Your Honor.  We will file that by
   16   Friday.  Close of business, Your Honor?
   17           **THE COURT:**  Yes.
   18           **MR. EXNICIOS:**  Thank you, Your Honor.
   19           **THE COURT:**  Well, have a happy holiday and a safe
   20   one.  See you next year.
   21           **THE DEPUTY CLERK:**  All rise.
   22           (Proceedings adjourned.)
   23                              * * *
   24
   25

**CERTIFICATE**

  I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.


           *s/ Toni Doyle Tusa*
           Toni Doyle Tusa, CCR, FCRR
           Official Court Reporter