**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| =============================== | x | ============================ |
|---|---|---|
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT APPLIES TO ALL | x | |
| CASES | x | |
| | x | |
| =============================== | x | ============================ |

**THE PLAINTIFFS' STEERING COMMITTEE'S SUBMISSION OF AN UPDATED CLASS PLAINTIFFS' SPREADSHEET OF TAISHAN PROPERTIES WITH VERIFIED UNDER AIR LIVING SQUARE FOOTAGE PURSUANT TO THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATED TO THE JUNE 9, 2015 DAMAGES HEARING DATED APRIL 21, 2017 [REC. DOC. 20741]**

Pursuant to the Court's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing dated April 21, 2017 ("Class Damages Order") [Rec. Doc. 20741], the Plaintiffs' Steering Committee ("PSC") hereby submits an updated Class Plaintiffs' Spreadsheet ("Updated Spreadsheet") listing the names and addresses of Class Members who were listed on Exhibit 10/79 (which was admitted into evidence at the June 9, 2015 class damages hearing) and who, as of the date of the class damages hearing, owned a Taishan property for which square footage has been verified ("10/79 Properties"). The Updated Spreadsheet does not contain the updated information or data concerning RS Means factors, costs per square foot, or extended costs, since those items were not encompassed within the updating instructions of the Class Damages Order. This information was last updated on December 23, 2016 (*see* Report of Ronald E. Wright, P.E. dated 12/23/2016 (Exhibit B to the PSC's Supplemental Brief in Support of Motion for Class Damages, Reply to Taishan's Second Supplemental Response to Plaintiffs' Motion for Class

Damages, and Proposed Trial Plan) [Rec. Doc. 20613-4]); and such updating is a mechanical task that can be performed on short notice to conform Exhibit A hereto to the date of any judgment. The PSC awaits instructions from the Court regarding costs updating issues and assumes that at the appropriate time, such cost data would be updated to be current as of the date of any judgment entered by the Court. A pdf of the Updated Spreadsheet is attached hereto as Exhibit "A." The PSC is also providing the Court and Taishan with a searchable excel version of the Updated Spreadsheet on a hard drive.

For the Court's and Taishan's convenience, the PSC also prepared a redlined version of the Updated Spreadsheet ("redlined Updated Spreadsheet"), which reflects the edits made to Exhibit 10/79, including the verifications of square footage, as part of the process of complying with the Court's Class Damages Order. The redlined Updated Spreadsheet is attached hereto as Exhibit "B." The PSC has also included the redlined Updated Spreadsheet on the hard drive being provided to the Court and Taishan.

The Taishan properties identified on the Updated Spreadsheet do not constitute the universe of remediation claims by Class Members at issue against Taishan in this litigation. For example, certain Taishan properties were not included on Exhibit 10/79 due to the fact the claimant(s) (or Class Members) no longer owned the property at the time of the class damages hearing on June 9, 2015. The PSC contends that these Class Members nevertheless have valid claims for damages against Taishan. The PSC refers to these properties as "Reserved Properties" or "RP." The Reserved Properties, whose square footage has been verified, are listed on the Reserved Properties Spreadsheet attached hereto as Exhibit "C." The PSC is also providing the

Court and Taishan with a searchable excel version of the Reserved Properties Spreadsheet on the hard drive being provided to the Court and Taishan.

Additional Taishan properties of Class Members who were included on the *Amorin* complaints and who owned their property at the time of the class damages hearing on June 9, 2015, were nevertheless omitted from the original Exhibit 10/79 spreadsheet, primarily because the PSC chose to defer the resolution of objections thereto from Taishan. Further, in some cases, it was brought to the PSC's attention that other Taishan properties of Class Members who were included on the *Amorin* complaints and who owned their property at the time of the class damages hearing on June 9, 2015, were also omitted from the original Exhibit 10/79 spreadsheet. The PSC refers to all of these Taishan properties, which were omitted from the original Exhibit 10/79 spreadsheet and whose square footage has been verified, as "Additional Taishan Properties." The PSC contends that the Class Members who own or owned Additional Taishan Properties have valid claims for damages against Taishan. The Additional Taishan Properties are listed on the "Additional Taishan Properties Spreadsheet," attached hereto as Exhibit "D." The PSC is also providing the Court and Taishan with a searchable excel version of the Additional Taishan Properties Spreadsheet on the hard drive being provided to the Court and Taishan.

A composite spreadsheet encompassing all 10/79 Properties, Reserved Properties, and Additional Taishan Properties of Class Members, whose square footage has been verified ("Composite Spreadsheet"), is attached hereto on Exhibit E.[1] The PSC is also providing the Court

---

[1] As is the case with the updating of cost information for 10/79 Properties (Exhibit A hereto), Exhibit E can be updated to contain the information or data concerning RS Means factors, costs per square foot, and extended costs on short notice at the request of the Court.

and Taishan with a searchable excel version of the Composite Spreadsheet on a hard drive. It is important to note that the Composite Spreadsheet does not include any Taishan property listed on Omni XX (*Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.))[2] or Exhibit A to the Intervention Complaint Omni XX(a) [*see* Rec. Doc. 20811-2; Rec. Doc. 20812-2].

In accordance with the Court's instructions in the Class Damages Order, the PSC and BrownGreer undertook the following steps to prepare the spreadsheets included with this submission:

A. The PSC verified and confirmed that each of the 10/79 Properties, the Reserved Properties, and the Additional Taishan Properties had sufficient indicia of Taishan product identification. In so doing, the PSC relied upon the catalog of Taishan markings ("Taishan Product ID Catalog"), attached hereto as Exhibit "F." The PSC prepared this catalog based on the Defendant Profile Forms of Taishan Gypsum Co., Ltd. ("TG") and Taian Taishan Plasterboard Co., Ltd. ("TTP") (collectively, "Taishan"), Beijing New Building Materials Public Limited Company ("BNBM"), and Beijing New Building Material (Group) Co. ("BNBM Group"), documents produced by Taishan and the BNBM/CNBM Entities in this litigation, additional research and third-party discovery conducted by the PSC, and Pretrial Order No. 10, with the accompanying Photo Catalog. The PSC then confirmed that sufficient evidence of indicia of one or more of the markings contained in the Taishan Product ID Catalog existed for each property. The indicia was confirmed by (1) Photographs of Taishan drywall markings; (2) Inspection reports

---

[2] The PSC had previously moved to have all the claims in Omni XX severed and remanded [*see* Rec. Doc. 20614].

identifying Taishan drywall markings; (3) Delivery invoices from Venture Supply; and/or (4) Affidavits from the homeowner, contracting counsel and/or the inspector identifying Taishan drywall markings. The indicia of Taishan drywall markings for each property listed on the Composite Spreadsheet is included on the hard drive being provided to the Court and Taishan.

The PSC previously shared the Taishan Product ID Catalog and the indicia of Taishan markings with counsel for Taishan during the mediation process that occurred over a period of several months in the summer of 2016, under the guidance of a Special Master appointed by the Court.

B. The PSC verified and confirmed the under air living square footage for each of the 10/79 Properties, the Reserved Properties, and the Additional Taishan Properties. The square footage was verified by one of the following means: (1) Inspection performed by an inspector showing floor plan and under air living space square footage; (2) Under air living space square footage listed on homeowner's insurance form; (3) Builder's floor plan provided to homeowner at time of purchase or renovation with under air living space square footage; (4) State property tax assessor's website showing under air living space square footage of home and/or floor plan; (5) Benchmark inspection report using Zillow.com, an inspection report from Healthy Home Solutions, LLC, Kross Inspectors, or Trimble Loss Consultants, LLC for under air living space square footage; or (6) Appraisal of home showing floor plan and under air living space square footage. Proof of square footage and Declarations signed by individual counsel for claimants and/or Dawn Barrios for the PSC attesting to the square footage of each property are included on the hard drive being provided to the Court and Taishan.

C. BrownGreer researched each address on the Composite Spreadsheet (10/79 Properties, Reserved Properties, and Additional Taishan Properties) to determine whether the person or entity listed as the owner was the owner as of June 9, 2015 (*see* Ownership Status Spreadsheet attached hereto as Exhibit "G"). BrownGreer first searched publicly available records, such as local property tax websites to determine ownership. If information was not available through public resources, BrownGreer notified the PSC, who contacted each contracting law firm to request documentation that demonstrated ownership. In certain instances, BrownGreer contacted law firms representing Class Members to request additional documentation. BrownGreer then reviewed the additional submissions and updated the Composite Spreadsheet as appropriate. BrownGreer assigned a status to every property on the list, noting whether a property owner owned the property as of June 9, 2015, and if not when they acquired or lost the property. It is the PSC's position that any change in status by BrownGreer does not in any way change the Class Members' right to claim damages from Taishan.

BrownGreer also provided information to the PSC and to Class Members' counsel regarding what type of documentation would be sufficient to demonstrate ownership, and also responded to email and phone inquiries from attorneys with questions. In general, BrownGreer relied on documents that demonstrated ownership of the property, including property tax records, mortgage statements, condominium fee statements, homeowners insurance statements, and purchase and sale documentation.

Dated: June 20, 2017				Respectfully Submitted,

			By:	/s/ Leonard A. Davis
				Russ M. Herman (La Bar No. 6819) (on the brief)
				Leonard A. Davis (La Bar No. 14190) (on the brief)
				Stephen J. Herman (La Bar No. 23129)(on the brief)
				Herman, Herman & Katz, LLC
				820 O'Keefe Avenue
				New Orleans, LA 70113
				Phone: (504) 581-4892
				Fax: (504) 561-6024
				ldavis@hhklawfirm.com
				*Plaintiffs' Liaison Counsel MDL 2047*

				Arnold Levin (on the brief)
				Fred S. Longer (on the brief)
				Sandra L. Duggan (on the brief)
				Levin Sedran & Berman
				510 Walnut Street, Suite 500
				Philadelphia, PA 19106
				Phone: (215) 592-1500
				Fax: (215) 592-4663
				alevin@lfsblaw.com
				*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios (on the brief)
Zachary Wool (on the brief)
Emma Kingsdorf (on the brief)
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert Becnel, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
rbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez (deceased)[3]
Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

---

[3] Sadly, on June 8, 2017, Mr. Gonzalez passed away. Plaintiffs' Lead and Liaison Counsel will be filing a motion to substitute in his place as a PSC member Mr. Gonzalez's partner Patrick Montoya. Mr. Montoya has been involved with this litigation for many years.

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis (on the brief)
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 20th day of June, 2017.

Respectfully Submitted,

By: */s/ Leonard A. Davis*
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*