IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

REPLY MEMORANDUM[1] IN SUPPORT OF
TAISHAN'S MOTION FOR ACCESS TO CLAIMS SUPPORT
AND FOR EVIDENTIARY HEARING ON REMEDIATION DAMAGES

Plaintiffs have the burden of proof on their alleged damages. Taishan has the constitutional due process right to defend. That right necessarily includes the right to have access to the evidence upon which Plaintiffs must rely to prove damages, as well as the evidence Taishan is entitled to in order to adequately defend itself. Taishan has moved for access to this evidence and has also requested an evidentiary hearing to test the to the actual claims evidence the PSC is using to support the application of the Court's formulaic remediation damages methodology.

The PSC has not opposed Taishan's motion for an evidentiary hearing. Regarding access to basic proof of claims, however, the PSC's response misses the mark in several ways.

*First*, the PSC implies that somehow Taishan's due process rights have been stripped because it is a defaulted defendant that was held in contempt at one point in this litigation. The binding authority cited in Taishan's Motion for Access rejects this radical notion. *See Hovey v.*

---

[1] Leave of court to file this reply was granted by the Court's June 1, 2017 Order (Rec. Doc. 20799).

*Elliott*, 167 U.S. 409, 414 (1897) (holding that a party in contempt has a constitutional right to defend itself against money judgment); *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992) (*citing Hovey*, 167 U.S. at 417-18) (holding that discretion granted to judges for default damages adjudication under Rule 55 is "bounded at its outer limits . . . by constitutional due process concerns").

This Court recognized Taishan's due process right to a defense when it ordered that "Taishan will be permitted to review and contest or seek set-offs" to the PSC's class damages claims. (Rec. Doc. 20741, Class Damages Order ¶ 93.) To that constitutional end, Taishan is simply seeking access to the PSC's proof of claims so that it can adequately "contest or seek set-offs" for the plaintiffs' damages. *See Clague v. Bednarski*, 105 F.R.D. 552, 552 (E.D.N.Y. 1985) ("There would be little point in allowing a defendant to contest the amount of damages [under Rule 55(b)] if the defendant is not permitted adequately to prepare for the hearing on damages."); *see also U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011 (5th Cir. 1987) (reversing award of damages with instruction to allow defendant to present defenses at a hearing).

*Second*, the PSC contends that it has provided "substantially all" and "[m]uch of the information" that Taishan needs. On the contrary, of the six categories of basic proof that Taishan requested in order to fairly defend against damages, the PSC has provided support that falls into a single category. Taishan's Motion enumerated the following critical information requests:

1. **What the PSC gave BrownGreer**: All evidence the PSC provided to BrownGreer in support of its Class Plaintiffs' Spreadsheet;

2. **What BrownGreer Used**: All evidence BrownGreer reviewed, referenced or relied upon in the course of its "supervision" of or assistance to the PSC in preparation of the updated Class Plaintiffs' Spreadsheet;

2

3. **Setoff Records**: Evidence sufficient to prove any and all prior actual payments made to each Class Plaintiff on the updated spreadsheet in connection with this MDL or any other claims or litigation arising from the presence of Chinese Drywall on the property;

4. **Proof of Property Ownership**: Evidence sufficient to prove current ownership of the property at issue;

5. **Remediation Documentation (where applicable)**: All documentary evidence regarding actual remediation actions taken by or on behalf of each Claimant, to the extent any remediation has been performed; and

6. **BrownGreer Examination:** An examination, on the record, of BrownGreer's representative most knowledgeable with the "supervision" of or assistance to the PSC in preparation of the updated class Plaintiffs' Spreadsheet for an understanding of the process and basis of BrownGreer's conclusions and recommendations.

The PSC responded that along with the updated Spreadsheet, it provided Taishan with a "hard drive [that] includes indicia of drywall markings for all properties . . . as well as proof of square footage and verifications." (Rec. Doc. 20828, PSC Resp. at 3.)  The PSC argues that this should be enough.  It is not.

Assuming this hard drive contained the only information that the PSC provided to BrownGreer, it would fall into Category 1.  *None* of the other categories of requested information have been provided to Taishan.  The PSC's submission to the Court makes clear that BrownGreer relied on additional documentation in the performance of its work.  According to the PSC, to analyze property ownership, BrownGreer relied on "publicly available records" and requested and received "additional submissions" from various law firms, including "property tax records, mortgage statements, condominium fee statements, homeowners [*sic*] insurance statements, and

3

purchase and sale documentation." (Rec. Doc. 20824, PSC Submission at 6.) That information, which falls under Categories 2 and 4, is critical to Taishan's ability to "review and contest" the claims and has not been provided to Taishan. Additionally, the PSC's description of BrownGreer's efforts, including multiple contacts with various plaintiffs' law firms and giving advice to counsel as to "what type of documentation would be sufficient to demonstrate ownership," magnifies the need for a Category 6 examination of BrownGreer to understand their process and conclusions.

*Third*, in its last paragraph, the PSC pivots to an odd non sequitur, positing that if the Court is inclined to grant Taishan's motion, Taishan's additional information should be limited to physical inspection of individual properties at Taishan's expense. There are many problems with this idea. First, the suggestion is a brazen attempt to turn on its head the due process principle that *plaintiffs* have the burden to prove damages by a preponderance of the evidence. *Servicios-Expoarma, C.A. v Indus. Mar. Carriers, Inc.*, 135 F.3d 984, 995 (5th Cir. 1998) ("It is a basic concept of damages that they must be proved by the party seeking them."); *Mobil Expl. & Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 101–02 (5th Cir. 1995) (holding that due process requires a preponderance of the evidence standard). Second, it makes no sense. How is an inspection of the property going to inform Taishan about potential setoff payments previously received by plaintiffs? How is an inspection of the property going to inform Taishan about BrownGreer's process? After lamenting the length of this litigation and purporting to value the avoidance of delay, the PSC's suggestion of requiring the physical inspection of thousands of properties across the country is seemingly counterproductive, and at the least, inefficient in light of the modest requests for available critical information that Taishan enumerated in its motion.

Taishan is not overreaching here; the PSC is underproviding. The PSC tries to argue away Taishan's due process rights, urging that "The Court has already approved of a formulaic damages

4

methodology and stated that it is reliable, making the motion filed by Taishan unnecessary and contrary to this Court's ruling." (Rec. Doc. 20828, PSC Resp. at 3.) This flawed argument is remarkably parallel to a plaintiff's argument rejected by the Second Circuit—that "no further inquiry was required because the amount defendants owe is 'readily ascertainable through simple arithmetic.'" *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151 (2d Cir. 1999). But the appellate court held that a defaulted foreign defendant who later appeared to contest damages was entitled to the fair adjudication of both of "***two tasks:*** [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.*[2] (emphasis added). Under the district court's duty to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty," the lower court erred by focusing on the first task (methodology) but not the second (application). Here, the "formulaic damages methodology" adopted by this Court in the Class Damages Order does not, as the PSC argues, dispense with Taishan's need to review and test the PSC's supporting proof for application.

## CONCLUSION

For the foregoing reasons, the Court should grant Taishan's Motion for Access to Claims Support and for Evidentiary Hearing for Remediation Damages, and enter the Proposed Order.

---

[2] The *Credit Lyonnais* case has been favorably cited in this district. *See Jackson v. Vogt*, 2009 WL 3756563, at *2 (E.D. La. Nov. 5, 2009) (Vance, J.); *Cooper v. Faith Shipping*, 2009 WL 1789405, at *4 (E.D. La. June 22, 2009) (Vance, J.); *Plumbers & Steamfitters Local 106 Health & Welfare Fund v. Ace Plumbing & Heating, Inc.*, 2011 WL 1831750, at *3 (W.D. La. May 11, 2011).

5

Dated: July 5, 2017

Respectfully submitted,

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of July, 2017.

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*