UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 09-6687 (E.D. La.);**<br><br>*Gross v. Knauf Gips, KG*, **Case No. 09-6690 (E.D. La.);**<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* **Case No. 10-361 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1672 (E.D. La.);**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1395 (E.D. La.); and**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, **Case No. 11-1673 (E.D. La.).** | |

**TAISHAN'S REPLY IN SUPPORT[1] OF MOTION TO AMEND THE ORDER DENYING CLASS DECERTIFICATION AND THE CLASS DAMAGES ORDER AND TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER SECTION 1292(b)**

**I.      INTRODUCTION**

The PSC continues to elevate personal attack and misdirection over a thoughtful attempt to efficiently resolve this massively complex litigation. A motion to certify for immediate appeal under 28 U.S.C. § 1292(b) is not an occasion for re-litigating an underlying order. Instead, a

---

[1] Leave of court to file this reply was granted by the Court's June 1, 2017 Order (Rec. Doc. 20799).

§ 1292(b) motion asks the district court—not to reconsider its order—but to consider for the first time whether the order raises one or more important legal issues, whether there is reasonable doubt about those issues and whether it would be more efficient to decide those important issues sooner rather than later.

As outlined in Taishan's Motion, the Court's April 21, 2017 Orders regarding class decertification and class damages (the "Orders") raise serious, fundamental legal questions regarding mass torts and class actions. On those questions of law, the Court ruled that it could distinguish contrary Fifth Circuit precedent because this litigation is "sui generis." The PSC's opposition further proves that the controlling questions of law at issue in the Orders create substantial ground for difference of opinion that justifies immediate resolution by the Fifth Circuit. The PSC's heated accusations of delay have no merit here where no defendant seeks to stay the current proceedings during any appeal of the critical legal questions. Certification of interlocutory appeal will likely facilitate *quicker* resolution of these claims. Deferring resolution of the controlling questions of law raised by these Orders to a time after a protracted, quasi-class-driven claims process and the establishment of final judgments will likely further delay the ultimate termination of this litigation.

To materially advance resolution of these cases, the Court should amend the Orders to certify immediate interlocutory appeal under U.S.C. § 1292(b).[2]

---

[2] The PSC's merits arguments on Taishan's separate appeal under U.S.C. § 1292(a)(1) are irrelevant. Rec. Doc. 20809, PSC Brief at 2. The PSC does not contend that Taishan's § 1292(a)(1) appeal to the Fifth Circuit implicates these § 1292(b) requests to this Court. In any event, the Fifth Circuit dismissed Taishan's § 1292 (a) appeal on June 26, 2017.

## II. CONTROLLING QUESTIONS OF LAW IN THE ORDERS ARE RIPE FOR IMMEDIATE RESOLUTION

The Court's Orders disprove the PSC's unsupported claim that there are "no controlling questions of law present in the Orders." Taishan has presented substantial Fifth Circuit precedent that raises controlling questions of law that would require reversal of the Court's Orders if found to be decided incorrectly.

To date, the PSC has not cited any cases reasonably supporting the Court's Orders. The PSC relies heavily on *Turner v. Murphy Oil USA, Inc.*, but that case is inapposite for several reasons. First, *Turner* did not use an aggregate damages plan, but instead acknowledged individual property differences. In certifying a property-owner class, this Court singled out the issue of individual damages, noting that "the only individual inquiry would relate to the amount of Plaintiffs' damages." *Turner*, 234 F.R.D. at 608. Second, *Turner* does not stand for the proposition that the absence of personal injury claims permits aggregated class treatment where property damage is individualized. Instead, this Court only found that determination of *liability* would be appropriate for class treatment and that "[t]he presence or degree of injury or damage is an issue of quantum that may be dealt with individually in a bifurcated proceeding, if necessary." *Id.* at 607. Third, *Turner* cannot be persuasive authority in support of the PSC's class method because it does not cite *Fibreboard* or address the bar on aggregated mass tort damages plans that ignore state law requirements. *See Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 319 (5th Cir. 1998) (subsequent appellate panel not bound by language in prior Fifth Circuit decision that "does not even cite *Fibreboard*"). But even if *Turner* did support the PSC's aggregate damages plan, the Fifth Circuit never reviewed that district court decision, and thus it does not settle the controlling legal questions raised by the Court's Orders here.

3

Those legal questions not only control this case, they are also important to complex litigation generally. For instance, Taishan's Motion argues that the Fifth Circuit's requirement in *In re Chevron* for competent, scientific, statistical evidence in all cases controls whether the Court may apply its formulaic statistical method in this case. Recent Supreme Court decisions have placed the use of statistics in formulating class damages under severe scrutiny. *See e.g. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366-67 (2011) (denying certification for "Trial by Formula" using extrapolation from averages of small subset of the class). In *Wal-Mart*, the Supreme Court denied class certification where the plaintiffs' aggregate damages methodology used a statistically-inadequate sample to create an average backpay award that would be used in a formula across all class members. The Supreme Court held that this method was contrary to the Rules Enabling Act because it "'enlarge[d]' the class members' substantive right[s]" and deprived defendants of their right to litigate statutory defenses to individual claims. *Id.* at 367. The Supreme Court has subsequently declined to set broad, categorical rules regarding the use of statistics in class actions, leaving future cases to determine the boundaries of these practices. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1049 (2016). Accordingly, whether *In re Chevron* requires competent, scientific, statistical evidence in all cases is not only a controlling question in this case, but an issue of broad importance across the landscape of complex litigation that warrants immediate interlocutory appeal.

The controlling questions raised by the Court's Orders may also implicate important jurisdictional issues in all large class actions and mass actions. In *Bristol-Myers Squibb Co. v. Superior Court of California*, the U.S. Supreme Court reversed a California Supreme Court decision which allowed California courts to exercise specific jurisdiction over the claims of out-of-state plaintiffs whose claims were unrelated to any event in the state of California. 137 S. Ct.

4

1773 (2017). Writing for an 8-1 majority, Justice Alito stated that specific jurisdiction requires "a connection between the forum and the specific claims at issue" and that "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781. Writing in dissent, Justice Sotomayor noted that this decision undermined the ability of courts to exercise specific jurisdiction over all members of a multi-state class where only the named, in-state plaintiffs' claims are being used to allow the court to exercise jurisdiction in the forum state on behalf of the nationwide class. *Id.* at 1789. In regard to mass actions, Justice Sotomayor expressed that the Court's decision may make them "impossible" to bring against a foreign defendant:

> After this case, it is difficult to imagine where it might be possible to bring a nationwide mass action against two or more defendants headquartered and incorporated in different States. There will be no State where both defendants are "at home," and so no State in which the suit can proceed. What about a nationwide mass action brought against a defendant not headquartered or incorporated in the United States? Such a defendant is not "at home" in any State.

*Id.* The Fifth Circuit should have an opportunity to pass on the myriad of important legal issues raised by this mass-tort, multi-state class proceeding—sooner rather than later.

### III.     TAISHAN'S MOTON DOES NOT CIRCUMVENT RULE 23(f)

The Court should reject the PSC's argument regarding the timing of Rule 23(f) appeals. Those arguments have no application here because Taishan does not seek to appeal the Court's 2014 Class Certification Order (Rec. Doc. 18028, filed September 26, 2014). Instead, Taishan seeks immediate appeal of the Court's April 21, 2017 Order denying multiple subsequent motions for class decertification filed by Taishan (Rec. Doc. 18879, filed on May 8, 2015) and CNBM (Rec. Doc. 20624, filed on January 3, 2017). Furthermore, Rule 23(f) has nothing to do with Taishan's request to certify the companion April 21 Order on the PSC's 2014 Motion for assessment of class damages.

Defendants' motions to decertify challenged new developments in the PSC's class method that arose in the years following the Court's 2014 Class Certification Order. The PSC's post-2014 actions—such as moving whole categories of damages to individualized adjudication—increased the lack of predominance and superiority in the class, that were challenged by the Defendants' motions and were the subject of the Court's April 21, 2017 Order. The Defendants' papers were not merely untimely reconsideration motions, but decertification motions, and the Court treated them as such, reviewing and addressing numerous changes and new developments to the PSC's class method that Defendants argued required decertification.

Thus, *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.* is irrelevant. That case involved a motion for 1292(b) interlocutory appeal of a class certification order issued two months before the motion. In contrast, Taishan has requested interlocutory appeal of the Court's April 21, 2017 order deny motions for class *decertification*. That request is timely and should be granted.

### IV.  CONCLUSION

Taishan respectfully requests that the Court amend its Order denying class decertification and its Class Damages Order to certify for interlocutory appeal under 28 U.S.C. § 1292(b).

Respectfully submitted,

Dated:  July 5, 2017

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 5th day of July, 2017.

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*