**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED          DRYWALL PRODUCTS                 LIABILITY LITIGATION | )<br>)<br>)<br>) | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: | )<br>) | SECTION: L |
| *Hobbie, et al. v.*<br>*RCR Holdings II, LLC, et al.,* | )<br>)<br>) | JUDGE FALLON |
| No. 10-1113 | )<br>) | MAG. JUDGE WILKINSON |

**VILLA LAGO PLAINTIFFS' BRIEF TO SPECIAL MASTER IN SUPPORT OF MOTION FOR A FINAL AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND IN FURTHER OPPOSITION TO ALLOCATION MOTION PURSUANT TO PRE-TRIAL ORDER NO. 28(F) [D.E. 20282] AND IN REPLY TO THE FC's RESPONSE**

Coastal Settlement Class Counsel ("Class Counsel") hereby submit the following in Support of Motion for a Final Award of Attorneys' Fees and Reimbursement of Costs. The FC opposes Class Counsel's motion *in toto* on the grounds that (1) whatever procedures and agreements that applied to Class Counsel's costs and fees have been overtaken by subsequent events and orders, including PTO No. 28, and (2) upon the unsubstantiated claim that the Coastal Settlement Agreement "had already been taken into consideration by the PSC and the Court in the deliberate process undertaken to allocate fees and costs to counsel in this litigation." In truth, the FC completely ignored Class Counsel's effort to discuss fees and costs. Class Counsel do not claim any entitlement for a specific amount of fees from the Knauf Fee Fund. They do not dispute that all fees and costs drawn from the Fund must be approved by the Court. However, Class Counsel vigorously assert their right to petition the Special Master and Court for agreed

1

payments from the Knauf Fee Fund as well as from the Global Fund. For the reasons set forth below, the FC's arguments to the contrary are incorrect and misplaced.

## I. FACTUAL BACKGROUND

Class Counsel incorporate by reference the Factual Background section of their original opening brief (Rec. doc. 20347) which fully sets forth the litigation leading up to the Coastal Settlement, the material terms of the Coastal Settlement, the creation of the Villa Lago Settlement Fund, the settlement remediation program, the Qualified Settlement Fund, the payment of partial fees and costs, and the unpaid Knauf fees and expenses and the unpaid non-Knauf Class Counsel fees and expenses.

Class Counsel have long maintained that the terms of the Settlement Agreement itself, as acknowledged by the PSC, provide them with the right to directly file a petition for fees and costs against the Knauf, Banner and Global Settlements. On February 6, 2015, Class Counsel submitted a letter to the FC setting forth the reason why they were entitled to cost-reimbursement of $380,946 and fees of $2,670,960.62 from the Knauf, Banner and Global Settlements. The FC did not respond to this letter, despite follow up requests from Class Counsel to do so. Consequently, Class Counsel filed a Motion for Payment of Costs Pursuant to Coastal Settlement Agreement [Rec. Doc. 1831240], and this Motion for a Final Award of Costs and Fees. In its response to Class Counsel's first Motion, the FC contended the Motion was premature and Class Counsel had "jumped the gun." In its more recent response, the FC takes the extreme position that Class Counsel have no right at all to independently file a petition against any of the available funds, leaving Class Counsel without any mechanism to seek the full amount of costs and fees to which they are clearly entitled. Class Counsel maintain that their right to seek the costs and fees

set forth in the Settlement Agreement is clearly established and was acknowledged contemporaneously by the FC and by Judge Fallon.

## III.     ARGUMENT

Class Counsel's independent right to make a fee petition is supported by: 1) The Villa Lago- Knauf Settlement Term Sheet; 2) the Knauf Settlement; 3) the Coastal Settlement; 4) the Letter from Arnold Levin to Gary E. Mason dated August 8, 2013; 5) the Notice of the Coastal Settlement; and 6) Villa Lago Plaintiffs' Memorandum of Law in Support of Partial Award of Attorneys' Fees and Partial Reimbursement of Costs. Each is explained below, to wit:

   **1. The Villa Lago-Knauf Settlement Term Sheet and the Knauf Settlement.**

Class Counsel negotiated settlement terms with Knauf prior to entering the Coastal Settlement with the remaining Coastal Defendants. The Settlement Term Sheet (Exh. A, hereto), provided "[a]ll attorneys fees and costs associated with the Term Sheet are to be paid in accordance with the Knauf Class Settlement attorneys' fess and costs fund (section 14 of the Knauf Class Settlement Agreement." Term Sheet, Para. 7. The Attorneys' Fees section of the Knauf Settlement provides for a mechanism for the PSC to petition the Court for an award of attorneys' fees and costs. While these provisions make clear all fees and costs are subject to Court approval, nowhere does the Knauf Agreement preclude individualized fee requests. To the contrary, Para 14.2.1, expressly anticipates "fee applications" from "individual retained counsel" which, at the Court's discretion, may be referred to a Special Master for "review." Further, the Knauf Agreement expressly states "individual retained counsel are entitled to seek an award of attorneys' fees and costs from the Banner Class Settlement, the InEx Class Settlement, the Prospective L&W Class Settlement and the Prospective Insurer Agreement."

2. **<u>The Coastal Settlement Agreement.</u>**

Consistent with the Knauf Term Sheet and the Knauf Class Action Agreement, the Coastal Settlement expressly anticipates that Class Counsel will make an independent fee petition against the Knauf Fee Fund: **"**It is expressly agreed and understood, however that while **Knauf anticipates Settlement Class Counsel will seek a fee application pursuant to the Knauf Settlement Agreement,** Knauf has no obligation to pay attorney's fees or costs under the this Settlement Agreement as set forth in the Knauf Term Sheet dates September 25, 2002." Coastal Settlement 13.1 (emphasis added).

More specifically, the parties to the Coastal Agreement expressly agreed to "attorneys' fees of $2,670,960.6 and costs of $380,946 for a total of $3,051,906.63 as shown in EXHIBIT "A." Coastal Agreement, 13.1. Exhibit A is a spreadsheet created by Minor Pipes, an attorney approved by the Court and the PSC to act as a mediator to facilitate the Coastal Settlement. As set forth in Exhibit A, it was anticipated that a fee request would be made against the Knauf Fee Fund for a fee of at least 20 percent of the benefit created for the Villa Lago Knauf units. *See* Coastal Settlement Agreement, § 13, *see also* Knauf Settlement Term Sheet, ¶7. The Coastal Settlement further expressly contemplated that the balance of the attorneys' expenses would come from the Knauf Settlement. *See* Coastal Settlement Agreement, Exhibit A ("Legal Costs (50% of $761,892, with Knauf part paid in Knauf fee deal)"). A payment of fees from the Banner Settlement of **$500,505.05** and of fees from the Global Settlement of **$460,800.00** were also expressly set forth in Exhibit A of the Settlement Agreement, agreed to by all the parties, and publicly disclosed without any objection.

4

3. **The Letter from Arnold Levin to Gary Mason**

Arnold Levin's August 8, 2013 letter to Gary Mason ("Letter"), further confirms Class Counsel's right to independently petition the Court for fees and costs. The Letter confirms Class Counsel's agreement to seek fees from Knauf from the Knauf Fee Fund ("Fees derived from the $160 million KPT Atty Fee Fund.") and the balance of fees from "NON-KNAUF sources of money" which Class Counsel "have or are expecting/projecting." Class Counsel agreed that all fees and costs on individual retainer agreements are "covered by the Knauf, Banner and Global settlement agreements" and that fees would be distributed "only upon petition." Class Counsel did not take anything in the Letter to mean that they could not independently petition the Court for fees.

4. **Notice of the Coastal Settlement and Villa Lago Plaintiffs' Memorandum of Law in Support of Partial Award of Attorneys' Fees and Partial Reimbursement of Costs.**

Class Counsel disseminated class Notice via first-class mail on May 9, 2013, and also caused Notice of the settlement to be published in media outlets. The notice, *inter alia*, apprised class members of class counsel's anticipation of filing the instant motion for fees and costs, stating:

> At a later date, Class Counsel will ask the Court for attorneys' fees based on their work on this litigation. Pursuant to the Settlement Agreement, the parties have agreed to attorneys' fees of $2,670,960.62 and costs of $380,946.00 for a total of $3,051,906.63. **Class Counsel may seek additional attorneys' fees from any other settlement or recovery obtained**. Any payment to the attorneys will be subject to Court approval and the Court may award less than the requested amount. The fees, costs, expenses and awards that the Court orders, plus the costs to administer the Settlement, will come out of the Settlement Fund.

*See* Long-Form Notice, at 7 (Apr. 8, 2013) (emphasis added) [Doc. No. 16741-5]. The Long Form Notice made clear that Class Counsel would seek fees from sources other than the Coastal Settlement Fund. The FC did not object to the Notice and this Court approved of the Notice.

Class Counsel thereafter petitioned the Court for a "partial" award of fees and costs. Class Counsel made clear therein that "at the appropriate time," they would petition the Court for an award of fees from the Banner, Global and Knauf Settlements pursuant to Exhibit A of the Coastal Settlement. *See* Memorandum in Support of Motion for Partial Award of Attorney's Fees and Partial Reimbursement of Costs, at 5, n [R. Dkt. No. 17320-1](December 10, 2013). The PSC did not object to any aspect of Class Counsel's petition and the Court thereafter issued an Order Granting Partial Award of Attorney's Fees and Partial Reimbursement of Costs [R. Doc. No. 17368] (Dec. 19, 2013).

### 5. Pre-Trial Order 28

The PSC cites Pre-Trial Order No. 28 as authority for its position that Class Counsel are precluded from separately filing a fee petition. But PTO No. 28, entered on January 10, 2014, six months *after* Class Counsel entered into the Coastal Settlement and one month *after* they petitioned for fees and costs, speaks mainly to the procedure for the PSC to seek common benefit fees. PTO No. 28 contemplates that the Court will determine individual fees "[a]fter the filing of the Joint Fee Petition **and any other fee petition.**" PTO No. 28 at Para. 10. The Affidavits required by PTO No. 28 and the subsequent interviews with the FC were entirely focused on common benefit time. PTO 28 and its modifications did not provide Class Counsel with an alternative mechanism to seek the fees and costs set forth in the Coastal Agreement. It was not until May 25, 2016, more than three years after the Coastal Settlement was entered, that the Court entered PTO No. 28 (F). PTO 28(F) for the first time set forth the manner in which the Court would determine the award to counsel for individual claimant, a one-size-fits all "recovery calculation" that did not take into account individualized factors, much less the express terms of the Coastal Settlement Agreement.

**VI.     CONCLUSION**

Class Counsel agrees with the FC on one point: "Gradually PTO No. 28 and each of its subsequent iterations have guided a process into which the Motion by the Villa Lago plaintiffs does not fit."  But why should this be so?  After years of arduous, time consuming work, Class Counsel entered into an excellent settlement which, in addition to other provisions, fully and exactly detailed the amounts and sources of attorneys' fees and costs.  The agreement on fees and costs were brokered under intense pressure by a mediator approved by both the Court and the PSC. The agreed fees and costs and the procedure for requesting them were publicly disclosed and implicitly approved by both the PSC (which failed to object to the settlement) and the Court (which approved Class Counsel's partial motion for fees).  In agreeing to the Coastal Settlement, Class Counsel relied on the fees and costs agreed to in Exhibit A, the sources identified, and their right to file a petition to secure the same.  It is fundamentally unfair to Class Counsel (and their clients who relied on the prospect of cost reimbursement) to take away the agreed pathway to cost and fee recovery years after the agreement was reached.  The Special Master and Court should consider Class Counsel's motion on its merits and not cast it aside based on procedures put in place years later that could not possibly have been considered by Class Counsel.

Dated: July 6, 2017

                Respectfully submitted,

                */s/ Gary E. Mason*
                Gary E. Mason
                WHITFIELD BRYSON & MASON LLP
                5101 Wisconsin Avenue NW, Suite 305
                Washington, D.C. 20016
                Telephone: (202) 429-2290
                Facsimile: (202) 429-2294
                gmason@wbmllp.com

Joel R. Rhine
RHINE LAW FIRM
1612 Military Cutoff Rd
Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062
jrr@rhinelawfirm.com


Adam C. Linkhorst, Esq.
LINKHORST & HOCKIN, P.A.
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
Telephone: (561) 832-5900
Facsimile: (954) 562-9199
alinkhorst@ciklinlubitz.com

*Counsel for the Coastal Settlement Class*

Gregory S. Weiss (Fla. Bar No. 163430)
MRACHECK, FITZGERALD, ROSE, KONOPKA &
DOW, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Tel.: (561) 655-2250
Fax: (561) 655-5537
gweiss@mrachek-law.com
psymons@mrachek-law.com

*Counsel for RCR Holdings II, LLC*

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and forgoing has been served upon Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading same to File and Serve® in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with procedures established in MDL 2047 on this 6th day of July, 2017.

/s/ Gary E. Mason
Gary E. Mason