UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| LAWRENCE HARVEY and PATRICIA HARVEY | MAG. WILKINSON |

## OBJECTION TO SPECIAL MASTER'S AWARD

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, comes **PATRICIA HARVEY**[1] (hereinafter "Ms. Harvey"), who respectfully objects to the Special Master's Award regarding Foreclosure Claim #23767. Ms. Harvey respectfully requests that this Honorable Court set aside the decision of the Special Master and award a greater recovery consistent with the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047, Rec. Doc. 16407-3 (hereinafter "Knauf Settlement") for the reasons explained in more detail below.

### INTRODUCTION

The above referenced Other Loss Foreclosure Claim is regarding 3217 Upperline Street, New Orleans, Louisiana 70125. On January 11, 2017, as a result of the documentation submitted, the Settlement Administrator for the Chinese Drywall Settlement Program issued an official Notice regarding the above referenced Other Loss Foreclosure Claim determining that the claim was eligible for the maximum eligibility amount (the "Resolution Offer") of

---

[1] Claimant Patricia Harvey is the Attorney-in-Fact ("Agent") for her son Lawrence Harvey. Lawrence Harvey was the owner of 3217 Upperline Street, New Orleans, Louisiana 70125 from March 9, 2005 until August 2013 when the property was foreclosed.

$10,000.00.[2] Subsequent to the appeal deadline being stayed, as agreed by undersigned counsel and the Settlement Administrator for the Chinese Drywall Settlement Program, on April 12, 2017, Ms. Harvey submitted a renewed claim for a Special Master Award because the Resolution Offer was not sufficient to fully compensate for the reasons explained in the renewed claim.[3] On June 28, 2017, the Settlement Administrator for the Chinese Drywall Settlement Program issued a Special Master Award of $160,983.12 for the above referenced Foreclosure Claim, subject to a pro rata adjustment of 43.0363%, making the Pro Rata Award $69,281.25.[4]

## LAW AND ARGUMENT

### A. KNAUF SETTLEMENT

Pursuant to 4.6.8 of the Knauf Settlement,

…decisions of the Special Master with respect to the Other Loss Fund may be appealed by…an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court…Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument…The Court's decision on any objections will be final, with no further appeals permitted.

On June 28, 2017, the Settlement Administrator served the Special Master's decision regarding Claim #23767 on the undersigned counsel via email. As undersigned counsel is mindful of the above paragraph, specifically, the statement that "[u]nless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument", this objection does not contain any "further evidentiary submissions, briefing or argument" and does not contained any detailed discussion regarding the above referenced Foreclosure Claim. However, Ms. Harvey

---

[2] Please see official Notice from the Settlement Administrator, attached hereto as Exhibit "A".
[3] Please see April 12, 2017 renewed claim for a Special Master Award and Exhibits "A" through "G" of the April 12, 2017 renewed claim, attached hereto as Exhibit "B" in globo.
[4] Please see June 28, 2017 Special Master Award, attached hereto as Exhibit "C".

2

respectfully request that this Honorable Court order that this matter be set for further evidentiary submissions, briefing, oral argument, hearing, and testimony to determine the quantum of an appropriate award for the above referenced Foreclosure Claim from the Knauf Other Loss Fund.

### B. FEDERAL RULE OF CIVIL PROCEDURE 53

Pursuant to Fed. R. Civ. P. 53 (f) (1),

In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.

Pursuant to Fed. R. Civ. P. 53 (f) (3),

The court must decide de novo all objections to findings of fact made or recommended by a master…

Pursuant to Fed. R. Civ. P. 53 (f) (4),

The court must decide de novo all objections to conclusions of law made or recommended by a master.

### C. THE SPECIAL MASTER ERRED IN ONLY AWARDING A PRO RATA AWARD IN THE AMOUNT OF $69,281.25

On January 11, 2017, Ms. Harvey received an official Notice regarding the above referenced Other Loss Foreclosure Claim determining that the claim was eligible for the maximum eligibility amount (the "Resolution Offer") of $10,000.00. On April 12, 2017, Ms. Harvey submitted a renewed claim for a Special Master Award because the Resolution Offer was not sufficient to fully compensate for the reasons explained in the renewed claim. On June 28, 2017, the Settlement Administrator for the Chinese Drywall Settlement Program issued a Special Master Award of $160,983.12 for the above referenced Foreclosure Claim, subject to a pro rata adjustment of 43.0363%, making the Pro Rata Award in the amount of $69,281.25.

3

The Special Master has erred in only awarding a Pro Rata Award in the amount of $69,281.25, because the multitude of documents provided to the Settlement Administrator support the above referenced Foreclosure Claim and far exceed any amount(s) offered/awarded by the Special Master. Further, the circumstances/facts of this matter justify a greater award.[5]

## CONCLUSION

For the reasons stated above, Ms. Harvey respectfully objects to the Special Master's decision regarding the above referenced Foreclosure Claim and respectfully requests that this Honorable Court set aside the Special Master's award and award a greater recovery consistent with the Knauf Settlement. Ms. Harvey also respectfully requests that this Honorable Court allow further evidentiary submissions, briefing, oral argument, a hearing, and testimony to determine the quantum of an appropriate award for the above referenced Foreclosure Claim from the Knauf Other Loss Fund.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of July, 2017.

/s/ Joseph M. Bruno

---

[5] Please see Exhibit "B" in globo attached hereto for more detail.