22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-15115                                    DIVISION: C

WENDY HUBBELL AND CHRISTY CIMO

VERSUS

TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY, JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS

FILED: June 11, 2010                          DEPUTY CLERK: _____

### FIRST AMENDED PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES

NOW INTO COURT, through undersigned counsel, respectfully comes your Petitioner, Wendy Hubbell and Christy Cimo (hereinafter "Cimo" or "Petitioner"), who respectfully wish to amend its original Petition for Breach of Contract, Warranty and for Damages ("Petition") as follow:

I.

Plaintiffs amend Paragraph 1 of the Petition to add and supplement the following Defendants follows:

- State Farm Fire and Casualty Company, a foreign insurance carrier who provides homeowners insurance to the Petitioners or otherwise insures the Petitioners for the damaged prayed for herein;

- Interior Exterior building Supply, LP, a Louisiana limited partnership at all relevant times doing business in this parish and state;

- Interior Exterior Enterprises, LLC, a Louisiana limited liability company at all relevant times doing business in this parish and state;

- South Cortez, LLC, a Louisiana limited liability company at all relevant times doing business in this parish and state;

- Graf's Drywall, LLC ("Graf's"), a Mississippi limited liability company at all relevant times doing business in this state and parish, who installed drywall on the property in question;

- First Financial Insurance Company, a foreign insurance carrier who provides insurance coverage for Graf's for the damages prayed for herein;

- Bankers Insurance Company, a foreign insurance carrier who provides insurance coverage for Graf's for the damages prayed for herein;

- Western World Insurance Company, a foreign insurance carrier who provides insurance coverage for Graf's for the damages prayed for herein;

II.

All previously plead allegations, facts, causes of action and provisions shall remain as stated and are repeated and re-alleged herein.

III.

Petitioner alleges that the following paragraphs be read in conjunction with the Petition for damages under the section Insurers Liability and numbered in the following manner:

### AGAINST HOMEOWNER INSURER TRAVELERS INSURANCE BAD FAITH: LA. REV. STAT. § 22:1973.

60a.

Petitioner maintains that Insurers aforementioned conduct breached the following duties to Petitioner: (1) the duty of "good faith and fair dealing;" (2) the "affirmative duty to adjust claims fairly and promptly;" and (3) the "affirmative duty" to "make a reasonable effort to settle claims with the insured or the claimant, or both."

60b.

Petitioner further maintains that Insurers knowingly committed or performed the following acts, thereby constituting a breach of the insurer's duties: (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverage's at issue;
(2) Failing to pay the amount of Petitioner's claim within 60 days after receipt of satisfactory proof of loss from the claimant and such failure was arbitrary, capricious, and/or without probable cause.

60c.

Case 2:09-md-02047-EEF-MBN Document 20860-2 Filed 07/11/17 Page 3 of 6
St Tammany Parish Clerk of Court Docket#200915115
Case 2:10-cv-02064-EEF-JCW Document 1-2 Filed 07/22/10 Page 3 of 6
Page 3 of 6

Defendants' conduct was arbitrary, capricious, and/or without probable cause.

60d.

As a result of Defendant Homeowners Insurers aforementioned conduct, it is liable for any damages sustained as a result of the breach, including, but not limited to specific and general damages, (i.e. for mental anguish, increased chance of disease, prolonged exposure to noxious substance, nuisance and/or inconvenience), attorneys' fees, and penalties.

**BAD FAITH: LA. CIVIL CODE ART. 1994, 1997.**

60e.

Petitioner maintains that Defendant Insurer's aforementioned conduct violates La. Civil Code Arts. 1994 and 1997, or in the alternative, Art. 1996.

60f.

As a result of its bad faith, Defendant Insurer is liable to Petitioner for all damages, foreseeable or not, that is a direct consequence of its failure to perform its conventional obligation.

**LA. REV. STAT. § 22:1892**

60g.

Petitioner maintains that Defendant Insurer's aforementioned conduct violated La. Rev. Stat. § 22:1892 by:

(i) Insurers failure to pay Petitioner's claim within thirty days after receipt of satisfactory proof of loss from the insured or any party of interest (La. R.S. 22:1892 A(1)); and

(ii) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim. (La. R.S. 22:1892 A(4)).

60h.

Defendant's conduct was arbitrary, capricious, and/or without probable cause.

Case 2:09-md-02047-EEF-MBN Document 20860-2 Filed 07/11/17 Page 4 of 6
Case 2:10-cv-02064-EEF-JCW Document 12 Filed 07/22/10 Page 4 of 32
St Tammany Parish Clerk of Court   Docket#200915115   Page 4 of 6

60i.

As a result of its misconduct, Defendant Insurer is liable to Petitioner for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interests, and penalties as provided in Section 1892.

## MISCELLANEOUS BREACHES OF AFOREMENTIONED DUTIES

60j.

Petitioner maintains that Defendant Homeowners Insurer further breached the aforementioned duties for the following, non-exclusive acts: (1) Failing to properly train its adjusters and agents regarding Chinese Drywall; (2) failing to provide its adjusters and agents with proper uniform materials with which to properly evaluate claims; (3) instructing its adjusters and agents to undervalue Petitioner' damages; and (4) any and all misconduct as becomes known before trial.

60k.

As a result of its misconduct, Defendants are liable to Petitioner for all damages occasioned by the breach, specific and general, as well as attorneys' fees, costs, interests, penalties.

III.

All other facts and allegations of the petition are correct as prayed in so far as is known to the Petitioner. Petitioner reserves the right to amend this petition at a later dated if more facts become known.

WHEREFORE, Petitioners pray that Defendants be served with process of this First Amended and Supplemental Petition and duly cited to answer the same, that after all legal delays and due proceedings are complete that there be a judgment in favor of Petitioners against Defendants, jointly and in solido for the full amount of Petitioners damages, plus legal interest together with all costs incurred in this matter and any other general or equitable relief that the court deems proper.

Case 2:09-md-02047-EEF-MBN Document 20860-2 Filed 07/11/17 Page 5 of 6
Case 2:10-cv-04166-EEF-JCW Document 12 Filed 07/12/10 Page 5 of 6
St Tammany Parish Clerk of Court Docket#200915115

Respectfully Submitted,

WOLFE LAW GROUP, LLC
Scott G Wolfe Jr. (30122)
Seth J. Smiley (32693)
4821 Prytania Street
New Orleans, LA 70115
504-894-9653
Fax: 866-761-8934
http://www.wolfelaw.com
Attorneys for Petitioners

PLEASE SERVE
**State Farm Fire and Casualty Company**
Through its registered agent for service of process,
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

**Interior Exterior building Supply, LP,**
Through its Counsel of Record
Richard G. Duplantier, Lambert J. Hassinger, Jr., Carlina C. Eiselen, or Jeffery P. Green
Galloway Johnson Tompkins burr & Smith, APLC
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, La 70139

**Interior Exterior Enterprises, LLC**
Through its Counsel of Record
Richard G. Duplantier, Lambert J. Hassinger, Jr., Carlina C. Eiselen, or Jeffery P. Green
Galloway Johnson Tompkins burr & Smith, APLC
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, La 70139

**South Cortez, LLC,**
Through its Counsel of Record
Richard G. Duplantier, Lambert J. Hassinger, Jr., Carlina C. Eiselen, or Jeffery P. Green
Galloway Johnson Tompkins burr & Smith, APLC
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, La 70139

**TALLOW CREEK, L.L.C.**
Through its Counsel of Record
James M. Garner, Martha Y. Curtis, or Matthew C. Clark
Sher Garner Cahill richter Klein & Hilbert, LLC
909 Poydras Street, Twenty-Eighth Floor
New Orleans, La 70112

**SOUTHERN HOMES, L.L.C.**
Through its Counsel of Record
James M. Garner, Martha Y. Curtis, or Matthew C. Clark
Sher Garner Cahill richter Klein & Hilbert, LLC
909 Poydras Street, Twenty-Eighth Floor
New Orleans, La 70112

Case 2:09-md-02047-EEF-MBN Document 20860-2 Filed 07/11/17 Page 6 of 6
Case 2:10-cv-02064-EEF-JCW Document 12 Filed 07/22/10 Page 9 of 32
St Tammany Parish Clerk of Court   Docket#200915115
Page 6 of 6

**Graf's Drywall, LLC**
Through its Counsel of Record
Kirk A. Partrick III, Heather A. Cross, Holly Q. Sides, or R. Heath Savant
450 Laurel Street, Suite 1500
Baton Rouge, La. 70821-1629

**First Financial Ins. Co.**
Through its counsel of Record
Thomas G. Buck
Blue Williams, LLP
3421 North Causeway Blvd.
Suite 900
Metairie, La 70002-3760

**Bankers Ins. Co.**
Through its Counsel of Record
Walter K. Jamison, III or Marjorie B. Breaux
Kaft Gatz Lane Benjamin, LLC
600 Jefferson Street, Suite 410
Lafayette, La 70501

**Western Insurance Company**
Through its Counsel of Record
Andre G. Bourgeois, Terry Dunlevy, Brent Bourgeois, or Corinne Blanche
Rodel Parsons Koch Blache Balhoff and McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, La 70809