# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDY HUBBELL AND <br> CHRISTY CIMO <br> <br> Versus <br> <br> TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, INTERIOR EXTERIOR BUILDING SUPPLY, LP, INTERIOR EXTERIOR ENTERPRISES, LLC, SOUTH CORTEZ, LLC, GRAF'S DRYWALL, LLC, FIRST FINANCIAL INSURANCE COMPANY, BANKERS INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, AND STATE FARM FIRE AND CASUALTY COMPANY | * <br> *    CIVIL ACTION NUMBER: 10-2064 <br> * <br> * <br> *    SECTION: <br> * <br> *    MAG: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below.

1. On August 27, 2009, Plaintiffs Wendy Hubbell and Christy Cimo filed this lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, and on June 14, 2010, Plaintiffs were granted leave to file a First Amended Petition. The case was captioned "*Wendy Hubbell and Christy Cimo versus Tallow Creek, L.L.C., et al.*," Docket No.2009-15115,

1

Division C.  (*See* Exhibit A, Plaintiffs' Petition for Breach of Contract, Warranty and for Damages ; First Amended Petition for Breach of Contract, Warranty and for Damages.) Plaintiffs have sued (a) Tallow Creek, L.L.C.; Southern Homes, L.L.C.; Interior Exterior Building Supply, LP; Interior Exterior Enterprises, LLC;  South Cortez, LLC; Graf's Drywall, LLC; John Doe Supply; and John Doe Subcontractors (the "Builder/Supplier Defendants"); (b) First Financial Insurance Company; Bankers Insurance Company; Western World Insurance Company; ABC Insurance Company; XYZ Insurance Company; and MNO Insurance Company ("the "Builder/Supplier Insurer Defendants"); and (c) State Farm Fire and Casualty Company ("State Farm").

2. Plaintiffs allege that they have suffered property damage and bodily injury arising from the installation of purportedly defective Chinese-manufactured drywall in their home at 802 Cole Court, Covington, Louisiana.  The Petition seeks damages, punitive damages, equitable relief, interest, costs, and attorneys' fees (a) from the Builder/Supplier Defendants for alleged breach of contract; breaches of the warranties against redhibitory defects, of fitness for a particular purpose, and of merchantability; breaches of express and statutory warranties; violations of the New Home Warranty Act; violations of the Louisiana Unfair Trade Practices Act; negligent or fraudulent misrepresentation; failure to warn; negligence; and conspiracy relating to the Builder/Supplier Defendants' sale and installation of the allegedly defective drywall in Plaintiffs' home; (b) from the Builder/Supplier Insurer Defendants for insurance coverage under the Builder/Supplier Defendants' commercial general liability insurance policies for alleged physical damage and bodily injury caused by the Builder/Supplier Defendants'

2

conduct; and (c) from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiffs' own homeowner's policy for the alleged physical damage and bodily injury sustained by Plaintiffs.

3. State Farm removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

4. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

**A. COMPLETE DIVERSITY EXISTS**

5. State Farm is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois and is therefore domiciled in the State of Illinois. Plaintiffs Wendy Hubbell and Christy Cimo are citizens of and domiciled in the State of Louisiana.

6. The Builder/Supplier Defendants and Builder/Supplier Insurer Defendants have been improperly and fraudulently joined with State Farm. Whether or not Plaintiffs have colorable claims against the Builder/Supplier Defendants and the Builder/Supplier Insurer Defendants, on the one hand, and against State Farm, on the other hand, the claims are wholly distinct and are not properly joined. The claims against the Builder/Supplier Defendants arise

out of their alleged negligent or intentional sale and installation of defective drywall in violation of Louisiana law, and the claims against the Builder/Supplier Insurer Defendants arise from potential insurance coverage resulting from such tortious conduct under the Builder/Supplier Defendants' commercial general liability insurance policies. In contrast, Plaintiffs' allegations against State Farm involve no more than the purported coverage under Plaintiffs' homeowner's insurance policy for their alleged losses. The Petition contains no allegation that State Farm participated in any way in the alleged tortious conduct of the Builder/Supplier Defendants or that State Farm issued an insurance policy for liability coverage to any of the Builder/Supplier Defendants. Nor does the Petition contain any allegation that the Builder/Supplier Defendants or Builder/Supplier Insurer Defendants have any relation to or involvement in Plaintiffs' homeowner's insurance policy.

7. Further, Plaintiffs are included as named plaintiffs in the Omnibus Class Action Complaint entitled "*Sean and Beth Payton et al. versus Knauf Gips, et al.*," No. 09- MDL-07628 on the docket of the Eastern District of Louisiana, asserting claims against Defendant Southern Homes, L.L.C. The Omnibus Class Action has been brought against builders, contractors, suppliers of drywall, and installer defendants but not against any insurance defendants. (*See* Exhibit C, Excerpts from Omnibus Class Action Complaint and Builder/Developer List of Subclasses to Plaintiffs Omnibus Class Action Complaint.)

8. Courts have held that the joinder of such unrelated claims was improper. *See, e.g.*, *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994) (uninsured motorist carrier removed case to federal court but did not include defendant driver in the removal; federal court severed

4

claim between plaintiff and tortfeasor and plaintiff and his UM insurer finding two distinct torts (negligence and bath faith) committed by different defendants at different times such that they resulted in "invasion of separate legal interests."); *see also Jones v. Nastech Pharmaceutical*, 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004) (defendant physician egregiously misjoined with pharmaceutical company where physician did not treat some of the plaintiffs); *see also* Fed. R. Civ. P. 20(a).

9. Because the Builder/Supplier Defendants and Builder/Supplier Insurer Defendants have been improperly and fraudulently joined as Defendants with State Farm, their citizenship is to be disregarded for purposes of diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (co-defendants "were improperly joined, so their citizenship is to be disregarded for purposes of determining diversity jurisdiction"), *cert denied*, 510 U.S. 868 (1993); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359–60 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Moreover, the citizenship of fictitious defendants is not considered for the purposes of removal. *See* 28 U.S.C. § 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded").

10. Disregarding the citizenship of the Builder/Supplier Defendants and the Builder/Supplier Insurer Defendants, there is complete diversity between Plaintiffs and State Farm.

5

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

11. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

12. Plaintiffs do not plead, and Louisiana law does not allow a plaintiff to plead, a specific amount of damages. However, for purposes of this removal, it is apparent from the face of the First Amended Petition, as well as from the additional facts set forth herein, that the amount in controversy exceeds seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs.

13. The coverage limits on Plaintiffs Wendy Hubbell and Christy Cimo's homeowners policy are $266,500 for the dwelling; $26,650 for the dwelling extension; $199,875 for personal property; and Loss of Use in the amount of Actual Loss Sustained. (See Exhibit B, Declarations Pages.) Thus, the amount allegedly at issue under the policy itself is in excess of $490,000. Moreover, Plaintiffs seeks all statutory penalties, attorneys fees and all general and equitable relief. (*See* Exhibit A, First Amended Petition, ¶¶ 60d, 60i, 60k, Prayer for Relief.)

6

14. Plaintiffs' Petition does not offer a binding stipulation that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

15. While State Farm admits no liability nor any element of damages, State Farm has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

16. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the First Amended Petition, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

17. State Farm was served with the First Amended Petition through its agent for service of process, the Louisiana Secretary of State, on July 7, 2010, with the Secretary of State forwarding the petition to State Farm on July 8, 2010. The petition was received by State Farm at its Baton Rouge Operations Center on July 9, 2010. (*See* Exhibit A at pages 1 to 2.)

18. This Notice of Removal was filed within thirty (30) days after first receipt by State Farm of a copy of the initial pleading setting forth the claim or relief upon which this action is based and is therefore timely under 28 U.S.C. § 1446(b).

19. State Farm is not required to obtain the consent of the Builder/Supplier Defendants or the Builder/Supplier Insurer Defendants to its removal in this case, because the consent of a fraudulently or improperly joined defendant need not be obtained. "In cases involving alleged improper or fraudulent joinder of parties, . . . application of this requirement [of consent] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan*, 989 F.2d at 815.

20. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

21. The 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

22. No previous application has been made by State Farm for the relief requested herein.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings served on State Farm to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs Wendy Hubbell and

8

Christy Cimo and counsel for Defendants Tallow Creek, L.L.C.; Southern Homes, L.L.C.; Interior Exterior Building Supply, LP; Interior Exterior Enterprises, LLC; South Cortez, LLC; Graf's Drywall, LLC; First Financial Insurance Company; Bankers Insurance Company; and Western World Insurance Company. A copy is being filed with Maliese Prieto, Clerk of Court for 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm Fire and Casualty Company.

24. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

This 22nd day of July, 2010.

PORTEOUS, HAINKEL & JOHNSON, L.L.P.

/s/ Adrianne L. Baumgartner

**ADRIANNE L. BAUMGARTNER (#2861)**
**DARRIN M. O'CONNOR (#24582)**
**EMILY STICKNEY MORRISON (#18351)**
408 North Columbia Street
Covington, LA 70433-2920
Telephone: (985) 893-4790
Facsimile: (985) 893-1392
abaumgartner@phjlaw.com
doconnor@phjlaw.com
emorrison@phjlaw.com

**CHARLES L. CHASSAIGNAC, IV (#20746)**
Porteous, Hainkel & Johnson, L.L.P.
343 Third Street, Suite 202
Baton Rouge, LA 70801-1309
Telephone: (225) 383-8900
cchassaignac@phjlaw.com

9

JAMES R. NIESET JR. (#24856)
**Porteous, Hainkel & Johnson, L.L.P.**
704 Carondelet Street
New Orleans, LA 70130-3774
Telephone: (504) 581-3838
Facsimile: (504) 581-4069
jnieset@phjlaw.com


**Counsel for State Farm Fire and Casualty Company**

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 22nd day of July , 2010 a copy of the foregoing Notice of Removal has been forwarded by email and placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

**Counsel for Plaintiff**

Scott Wolfe, Jr. #30122
Douglas S. Resier #32221
**Wolfe Law Group**
4821 Prytania Street
New Orleans, LA 70115
Phone (504) 894-9653
Fax: (866) 761-8934
scott@wolfelaw.com

**Counsel for Defendants**

**Tallow Creek, L.L.C. and Southern Homes, L.L.C.**
James M. Garner #19589
Martha Y. Curtis #20446
Matthew C. Clark #31102
**Sher, Garner, Cahill, Richter et al**
909 Poydras Street
28th Floor
New Orleans, LA 70112
Phone: (504) 299-2100
Fax: (504) 299-2300
jgarner@shergarner.com
mcurtis@shergarner.com
mclark@shergarner.com

**Interior Exterior Building Supply, LP**
**Interior Exterior Enterprises, LLC**
**South Cortez, LLC**
Richard G. Duplantier, Jr. #18874
Lambert J. Hassinger, Jr. #21683

11

Carlina C. Eiselen #28524
Jeffrey P. Green #30531
**Galloway, Johnson, Tompkins, Burr & Smith**
701 Poydras Street
Suite 4040, One Shell Square
New Orleans, LA 70139
Phone: (504) 525-6802
Fax: (504) 525-2456
rduplantier@gjtbs.com; jhassinger@gjtbs.com;ceiselen@gjtbs.com; jgreen@gjtbs.com


**Graf's Drywall LLC**
Kirk A. Patrick, III #19728
Heather A. Cross, #26249
Holly Q. Sides #27614
R. Heath Savant #29670
**Donohue Patrick, P.L.L.C.**
450 Laurel Street Suite 1500
Baton Rouge, LA 70801
Post Office Box 1629
Baton Rouge, LA 70821-1629
Phone: (225) 214-1908
Fax: (225) 214-3551
kpatrick@d-plaw.com
hcross@d-plaw.com

**First Financial Insurance Company**
Thomas G. Buck #14107
John C. Henry #18948
Brett W. Tweedel #30100
David B. Parnell, Jr. #27031
**Blue Williams L.L.P.**
3421 North Causeway Blvd. Suite 900
Metairie, LA 70002
Telephone: (504) 830-4912
Fax: (504) 837-1182
tbuck@bluewilliams.com
jhenry@bluewilliams.com
btweedel@bluewilliams.com
dparnell@bluewilliams.com

12

**Western World Insurance Company**
Andre G. Bourgeois #19298
Terry J. Dunlevy #17945
Brent J. Bourgeois #22962
Corrine M. Blache #27964
**Roedel, Parsons, Koch, Blache, Balhoff & McCollister**
8440 Jefferson Highway  Suite 301
Baton Rouge, LA  70809
abourgeous@roedelparsons.com
tdunlevy@roedelparsons.com
bbourgeouis@roedelparsons.com
cmblace@roedelparsons.com


**Bankers Insurance Company**
Walter K. Jamison, III #07229
Marjorie B. Breaux  #14096
**Kraft Gatz Lane Benjamin LLC**
600 Jefferson Street
Suite 410
Lafayette, LA 70501
Phone: (337) 706-1818
wkj@kgdlawllc.com



      I hereby further certify that a copy of the foregoing Notice of Removal has also been forwarded to:
      Malise Prieto
      Clerk of Court
      22nd Judicial District Court for the Parish of St. Tammany
      701 North Columbia Street
      Covington, LA  70433

for filing in the record in the state court action entitled:.

/s/ Adrianne S. Baumgartner

14