# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047<br><br>SECTION: L |
| This document relates to: | * * | JUDGE: FALLON |
| *Wiltz v. Beijing New Building Materials Public Limited Co.*<br>No. 10-361 | * * * * | MAG. JUDGE WILKINSON |
| *Payton v. Knauf Gips, KG*<br>No. 09-7628 | * * * | |
| *Silva v. Arch Insurance Co.*<br>No. 09-8034 | * * * | |
| *Silva v. Interior Exterior Building Supply, LP*<br>No. 09-8030 | * * * | |
| *Gross v. Knauf Gips, KG*<br>No. 09-6690 | * * * | |
| *Rogers v. Knauf Gips, KG*<br>No. 10-362 | * * * | |
| *Amato v. Liberty Mutual Insurance Co.*<br>No. 10-932 | * * * | |
| *Abel v. Taishan Gypsum Co., Ltd.*<br>No. 11-80 | * * * | |
| *Abreu v. Gebrueder Knauf Verwaltungsgesellschaft, KG*<br>No. 11-252 | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## PRELIMINARY APPROVAL ORDER[1]

---

[1] Capitalized terms used in this Order shall have the same meaning as those defined in the Settlement Agreement Regarding Claims Against Interior-Exterior in MDL 2047 dated April 25, 2011 (the "InEx Settlement"), attached as Exhibit A to the Memorandum of Law in support of

1

At the monthly status conference on April 26, 2011, the Plaintiffs' Steering Committee ("PSC"), Interior Exterior Building Supply, L.P. ("InEx"), and InEx's primary insurers, Arch Insurance Co. ("Arch") and Liberty Mutual Fire Insurance Co. ("Liberty") (collectively "Insurers"), announced that they had reached a class action settlement agreement, which involved the tendering of all of InEx's primary insurance funds, totaling $8,000,000, in exchange for a settlement of the claims against InEx, its primary insurers, and certain entities downstream in the chain-of-commerce from InEx. *See* (R. Doc. 8628). On this same date, in an effort to move the settlement forward, these parties filed a Joint Motion for an Order: (1) Preliminarily Approving InEx Settlement Agreement; (2) Conditionally Certifying InEx Settlement Class; (3) Issuing Class Notice; and (4) Scheduling a Settlement Fairness Hearing. (R. Doc. 8628). A number of responses in opposition to this Motion were filed by homebuilder parties and InEx's excess insurers. *See* (R. Docs. 8682, 8683,8688 8690, 8691, 8693, 8694, 8697, 8698, 8699, 8700, 8701). The Court reviewed the briefs submitted by the parties, as well as held a hearing on the Motion on May 6, 2011, during which the parties presented their respective positions by oral argument. After hearing from the parties and reviewing the applicable facts and law, the Court announced from the bench that it would be granting the Motion. The Court now issues the present Order setting forth its reasons for GRANTING this Motion and establishing certain details and deadlines essential to its ruling.

**I.      BACKGROUND**

As a result of its role in purchasing and supplying allegedly defective Chinese drywall, InEx

---

the Joint Motion for Preliminary Approval of the Settlement Agreement (the "Joint Memo. of Law").

2

is a named defendant in the above-captioned cases consolidated in MDL 2047, as well as in a number of other federal and state cases. InEx sold this drywall to suppliers, developers, homebuilders, and installers in a number of states, predominantly Alabama, Louisiana, Mississippi, and Texas. The InEx-related Chinese drywall eventually ended up in the homes of numerous individuals who have since filed claims against InEx, seeking relief for the property damage and personal injuries they have sustained as a result of the presence of this drywall in their homes. Additionally, homebuilders who have repaired these homes at their own cost have filed claims against InEx.

Because of its role with Chinese drywall, InEx became the subject of a class certification hearing and a jury trial, both of which were scheduled for the summer of 2011. In preparation for these proceedings, extensive discovery was conducted. Additionally, various mediations between the Plaintiffs' Steering Committee, InEx, and the Insurers were held in an effort to resolve the claims against InEx, which eventually resulted in the proposed class action settlement agreement ("Agreement" or "InEx Settlement") presently at issue.

## II.  PRELIMINARY APPROVAL OF A CLASS SETTLEMENT

The Movants seek preliminary approval of their Agreement so as to allow notice to be issued, followed by an objection/opt-out period and a fairness hearing. To put this matter in perspective the Court will now address the law on preliminary approval of class action settlements.

"Before an initial class ruling, a proposed class settlement may be effectuated by stipulation of the parties agreeing to a temporary settlement class for purposes of settlement only." 4 William B. Rubinstein, Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:22 (4th ed.

2010). "[A]pproval of a classwide settlement invokes the requirements of Rule 23(e)." *Id*. Rule 23(e) provides that "[t]he claims...of a certified class may be settled...or compromised only with the court's approval." Fed. R. Civ. P. 23(e); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). While Federal Rule of Civil Procedure 23, governing class actions, does not expressly provide for a preliminary fairness evaluation, "[r]eview of a proposed class action settlement generally involves two hearings," the first of which is a "preliminary fairness evaluation" made by the Court. Manual for Complex Litigation (Fourth) § 21.632 (2004). Indeed, within the Fifth Circuit it is routine to conduct a preliminary fairness evaluation prior to the issuance of notice. *See e.g. Cope v. Duggins*, 2001 WL 333102, at *1 (E.D. La. Apr. 4, 2011); *In re Shell Oil Refinery*, 155 F.R.D. 552, 555 (E.D. La. 1997); *see also* Manual for Complex Litigation (Fourth) § 21.6 (2004)("The two-step process for evaluation of proposed settlements has been widely embraced by the trial and appellate courts.").

For purposes of preliminary approval, the Court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." *Cope*, 2001 WL 333102, at *1. Additionally, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id*. These initial determinations, "can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentation by parties," analogous to a Rule 12(b)(6) motion. Manual for Complex Litigation (Fourth) § 21.632 (2004). "At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval." Manual for Complex Litigation (Fourth) § 21.6 (2004); *see also In re OCA, Inc. Sec. & Derivative Litig.*, 2008 WL

4

4681369, at *11 (E.D. La. Oct. 17, 2008). "The preliminary hearing...is held to evaluate the likelihood that the Court would approve the settlement during its second review stage, the full fairness hearing." *Cope v. Duggins*, 2001 WL 333102, at *1 (E.D. La. Apr. 4, 2001)(citing Manual for Complex Litigation (Third) § 30.41 (1995)). "If the Court finds portions of the proposed settlement problematic, it may indicate preliminary disapproval of the agreement and recommend that the parties make certain revisions or modifications." Manual for Complex Litigation (Fourth) § 21.631 (2004).

While "[s]ettlement is relevant to a class certification," the criteria of Rule 23, particularly that found in subsections (a) and (b), must still be satisfied. *Amchem*, 521 U.S. at 619-20. "Together subsection (a) and (b) requirements insure that a proposed class has 'sufficient unity so that the absent class members can fairly be bound by decisions of the class representatives.'" *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2008 WL 5423488, at *3 (E.D. La. Dec. 29, 2008) (quoting *Amchem,* 521 U.S. at 615). All of the requirements of Rule 23(a) are to be met, which states,

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

As this Court has previously recognized,

> The first two requirements focus on the characteristics of the class; the second two focus

5

instead on the desired characteristics of the class representatives. The rule is designed 'to assure that courts will identify the common interests of class members and evaluate the named plaintiffs' and class counsel's ability to fairly and adequately protect class interests.' *In re FEMA Trailer*, 2008 WL 5423488, at *3(quoting *In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 419 (S.D. Tex. 1999)).

Additionally, for class certification, at least one of the subsections of Rule 23(b) must be met. To satisfy this requirement, the Movants urge the Court to find subsection (b)(3) is satisfied by the proposed settlement agreement. This subsection provides,

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> - - - - - - - - - - -
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense or separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b).

"To succeed under Rule 23(b)(3), Plaintiffs must sufficiently demonstrate both predominance of common class issues and that the class action mechanism is the superior method of adjudicating the case." *In re FEMA Trailer*, 2008 WL 5423488, at *3 (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623-24 (5th Cir. 1999)).

### III. PRELIMINARY APPROVAL OF THE AGREEMENT

Considering the Agreement under the foregoing legal precepts, the InEx Settlement,

6

including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's length, in good faith, and free of collusion and as being within the range of possible judicial approval at a prospective Fairness Hearing.

Additionally, the following nationwide class is conditionally certified:

> All persons or entities with claims, known and unknown, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx.

The Class shall consist of two (2) subclasses:

(1) All members of the Class with claims arising from, or otherwise related to Affected Properties that are located in Louisiana (the "Louisiana Subclass"); and

(2) All members of the Class with claims arising from, or otherwise related to Affected Properties that are located in any state other than Louisiana (the "Non-Louisiana Subclass").

The following representatives are appointed for the Louisiana Subclass: Dean and Dawn Amato, Byron and Debra Byrne, Donald and Marcelyn Puig, and Edward and Susan Beckendorf. The following representatives are appointed for the Non-Louisiana Subclass: Danny and Celeste O'Keefe.

Russ Herman and Arnold Levin are appointed as Settlement Class Counsel, and the Plaintiffs' Steering Committee ("PSC") are appointed as Of-Counsel. Gerald E. Meunier is appointed as Counsel for the Louisiana Subclass, and James Robert Reeves is appointed as Counsel for the Non-Louisiana Subclass.

The opt-out procedure set forth in Section 7 of the InEx Settlement is approved.

7

The procedure for lodging objections to the Settlement as set forth in Section 8 of the InEx Settlement is approved.

The class notice attached as Exhibit C to the Joint Memo. of Law is approved. The summary class notice attached as Exhibit D to the Joint Memo. of Law is approved. The protocol for dissemination and publication of notice to class members concerning the settlement as set forth in Section 6 of the InEx Settlement is approved.

## IV. OBJECTIONS TO PRELIMINARY APPROVAL

As mentioned above, a number of objections were filed by homebuilder parties and InEx's excess insurers in response to the present Motion. Generally, these objections fall into the following categories: (1) no typicality or adequacy of representation, (2) the Agreement unfairly releases claims against parties downstream in the chain of commerce from InEx, referred to in the Agreement as Downstream InEx Releasees ("DIER"), (3) the Agreement lacks sufficient information on the amount, allocation, and exhaustion of the primary insurance proceeds, (4) homebuilder parties are unfairly left vulnerable to homeowner claims, unlike other DIER, (5) the proposed bar order unfairly precludes InEx Chinese drywall-related claims in any matter, even for opt-ed out parties, (6) the Court lacks jurisdiction to enter the stay and/or bar order on related state court actions, (7) certain provisions in the Agreement violate the North River's insurance contract with InEx, and (8) certain terms in the Agreement are unclear, such as whether the second-layer excess insurers are released under the Agreement and whether certain parties fall into the Builder or DIER category.

After reviewing the extensive briefing on these objections and hearing from the objectors on oral argument, the Court concluded at the hearing, and reaffirms now that some of the objections

raise significant issues, but none of the foregoing objections prevents preliminary approval of the Agreement. Without issuing substantive findings on the Agreement and objections thereto, the Court finds that the nature of the objection render them appropriate for consideration at the final fairness hearing. While the Court finds that the Agreement satisfies the standard for preliminary approval, certain of the objections raised, particularly those regarding the proposed bar order and typicality, may present challenges at the final fairness hearing where the standard for approval is much higher. Hopefully, now that the issues raised by the objections have been briefed and are known by the parties, efforts will be made to resolve the objections prior to the fairness hearing, as occurs with many class settlements.

## V. CONCLUSIONS

In furtherance of preliminary approval of the Agreement, the Court issues the following deadlines, guidelines, and stay orders:

1. On or before, June 20, 2011, Settlement Class Counsel shall cause the class notice attached as Exhibit C to the Joint Memo. of Law to be sent via first-class mail, postage prepaid to:

    a. the last known address of all persons and entities who have named InEx as a Defendant in the Litigation and in the Omni Complaints, and their counsel, if any;

    b. the last known address of all persons and entities who have named InEx as a Defendant in the "Related Actions," and their counsel, if any, as set forth in Exhibit 1.25 to the InEx Settlement;

    c. the last known address of all persons and entities who are parties to

9

> > a Pending Settlement with InEx, as defined in the InEx Settlement, and their counsel, if any, as set forth in Exhibit 1.21 to the InEx Settlement; and
>
> d. the last known address of all additional persons and entities identified in InEx's invoices as having received drywall from InEx during 2006 and/or 2007, and their counsel, if any.
>
> Where an attorney represents more than one Plaintiff or claimant with claims against InEx, it shall be sufficient to provide that attorney with a single copy of the notice.

2. On or before June 20, 2011, Settlement Class Counsel shall cause the summary class notice attached as Exhibit D to the Joint Memo. of Law to be published through the following media: (I) to be published once in the following print media: (a) newspapers: Baton Rouge Advocate – Daily, Birmingham News, Data News Weekly, Houston Chronicle, La Subasta Houston, Mississippi Link, Mobile Press-Register, Mobile Press-Register – Sunday, New Orleans Times-Picayune – Daily, Rolling Out Alabama, Semana (Houston), and USA Today (Monday-Thursday); and (b) newspaper supplement: Parade – Regional (Zones 9 and 10, which include Alabama, Louisiana, Mississippi, and Texas); and (ii) to be posted by the following online media: 24/7 Network (to appear nationally across a wide range of sites), as set forth in paragraph 6.1.1.2. of the InEx Settlement.

3. The class notice shall be posted on the Court's Chinese Drywall MDL website, the CPSC website, and the Department of Health websites for Alabama, Louisiana, Mississippi and Texas.

4. Any class member wishing to opt out of the Settlement must notify Plaintiffs' Lead Counsel, Arnold Levin (Levin, Fishbein, Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106) and Counsel for InEx, Richard Duplantier (Galloway, Johnson, Tompkins, Burr & Smith, One Shell Square, 701 Poydras Street, 40th Floor, New Orleans, LA 70139) in writing, postmarked no later than August 29, 2011, which is the last day of the Opt-Out/Objection Period. To be effective, the request for exclusion must comply with paragraph 7.2.1. of the InEx Settlement and must set forth the full name and current address of the person seeking exclusion, be signed by the class member and contain a sentence stating: "The undersigned hereby requests exclusion from the InEx Settlement Class in the Chinese Drywall Action."

5. All objections to the proposed InEx Settlement shall be filed and served, *i.e.*, postmarked no later than August 29, 2011, or they will be deemed waived. All objections must be signed by the individual class member and by his or her counsel, if any.

6. A formal Fairness Hearing shall take place on October 27, 2011 at 9:00 a.m., in order to consider comments on and objections to the proposed InEx Settlement and to consider whether (a) to approve thereafter the class settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the settlement class, and (c) to enter the Order and Judgment provided in paragraph 1.20. of the InEx Settlement.

7. Prosecution of the Litigation and the Omni Complaints against InEx, the Insurers and the Downstream InEx Releasees (including, but not limited to, those identified in

        Exhibit 1.10 to the InEx Settlement) (collectively, the "Settling Defendants," except that any Builder listed on Exhibit 1.10 shall not be considered a Settling Defendant) shall be stayed pending the settlement proceedings and further Orders of the Court.

8. Prosecution of the "Related Actions" (including, but not limited to, those listed in Exhibit 1.25 to the InEx Settlement) against InEx, the Insurers and the other Settling Defendants shall be stayed pending the settlement proceedings and further Orders of the Court.

9. All claims and cases in which any person or entity claims to be an insured, additional insured, or named insured under any insurance policy issued to any InEx entity shall be stayed pending the settlement proceedings and further Orders of the Court.

10. All future payments from the primary insurance policies of InEx, as identified in the InEx Settlement, other than payments in satisfaction of the obligations of InEx and the Settling Defendants under the Pending Settlements, shall be stayed pending final approval of the InEx Settlement, but for no longer than six (6) months after the date of this Order.

11. The parties have reserved all claims and defenses in the Litigation should the proposed InEx Settlement not become final for whatever reason.

12. The Settling Defendants have reserved the right to contest certification of the class *de novo* should the proposed InEx Settlement not become final for whatever reason. If the proposed settlement does not become final, the conditional certification of the class will be null and void and the Litigation will proceed as if there had been no settlement, conditional certification or notice.

New Orleans, Louisiana, this 13th day of May 2011.

_____
U.S. District Judge