# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 09-2047<br><br>SECTION: L |
| This document relates to: | * * | JUDGE: FALLON |
| *Parr, et al. v. Tallow Creek, LLC, et al.*<br>No. 10-2737 | * * * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MOTION TO DISMISS DUE TO INEX SETTLEMENT OR, IN THE ALTERNATIVE, DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM IN SUPPORT
### FED. R. CIV. P. 41(b)

**NOW INTO COURT,** through undersigned counsel, comes **GRAF'S DRYWALL, LLC**, who moves this Honorable Court for an order dismissing the Third-Party Demand/Complaint of Tallow Creek, LLC and Southern Homes, LLC (collectively, "Tallow Creek") against Defendant, Graf's Drywall, LLC ("Graf's"), with prejudice pursuant to the terms of the InEx Settlement Agreement, or in the alternative, for failure to Prosecute under Rule 41(b), and respectfully represents as follows:

1.

On or about November 23, 2009, the Plaintiffs, Kelly Parr and Shelly Parr, filed suit against Southern Homes LLC, Tallow Creek, LLC, and others, alleging that their home contained Chinese drywall which was installed by Tallow Creek. (#10-2737 Doc. 1-2, p. 2, et seq.)

2.

Thereafter, on or about August 13, 2010, the action was removed to federal court by Defendant, Liberty Mutual Fire Insurance Company. (#10-2737 Doc. 1.)

3.

On August 20, 2010, Southern Homes, LLC and Tallow Creek, LLC filed their Answer to the Complaint and a Third-Party Complaint against Graf's Drywall, LLC and others, seeking defense and indemnity. (MDL Doc. 5287.)

4.

Upon information and belief, Graf's never answered the Third-Party Complaint of Tallow Creek and Southern Homes, as same cannot be found in the MDL Docket.

5.

Federal Rules of Civil Procedure Rule 41 provides, in pertinent part:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.
>
> **(c) Dismissing a Counterclaim, Crossclaim, or Third-Party Claim.** This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. . . .

6.

Additionally, even without the instant motion, this Honorable Court may dismiss Tallow Creek's Third-Party Complaint against Graf's *sua sponte*. To wit, the United States Supreme Court has held:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [(See Fed.Rules Civ.Proc., 41(b), 28 U.S.C.A., 370 U.S., p. 630, 82 S.Ct., p. 1388, infra.)] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., *id.*, at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b).

*Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (footnote in original included herein as internal citation).

7.

Upon information and belief, the last step taken in the prosecution or defense of this third-party complaint was Tallow Creek's Answer to the Complaint and a Third-Party Complaint against Graf's Drywall, LLC, which was filed on August 20, 2010. (MDL Doc. 5287.)

8.

Additionally, there are similar actions pending in the following courts, each of which, Tallow Creek has either abandoned in Louisiana state courts or failed to prosecute in this District:

1) *Theresa Daigle, et al. v. Tallow Creek, LLC, et al.*, No. 2009-17466, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana;

2) *Grady J. Flattman, et al. v. Tallow Creek, LLC, et al.*, No. 2009-14914, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana;

3) *Candace Hakenjos, et al. v. Tallow Creek, LLC, et al.*, No. 10-2579, United States District Court for the Eastern District of Louisiana;

4) *Wendy Hubbell, et al. v. Tallow Creek, LLC, et al.*, No. 10-2064, United States District Court for the Eastern District of Louisiana; and

5) *Southern Homes, LLC, et al. v. INEX, et al.*, No. 2009-06564, Orleans Civil District Court, State of Louisiana.

9.

Six (6) years have elapsed since the commencement of said action but that the same has never been brought to trial. Further, more than six (6) years have elapsed without a step in furtherance of the prosecution or defense of this claim. Attached hereto as Exhibit "A," is an Affidavit of Failure to Prosecute sworn by undersigned counsel attesting to the above.

10.

Accordingly, the Third-Party Demand should be dismissed with prejudice for failure of the Third-Party Defendants, Tallow Creek, LLC and Southern Homes, LLC to prosecute the action against Graf's.

\* \* \* \*

**WHEREFORE** the Defendant, **GRAF'S DRYWALL, LLC**, prays that its motion be granted and the action by Third-Party Plaintiffs, Tallow Creek, LLC and Southern Homes, LLC, against Defendant, Graf's Drywall, LLC, in the above-captioned and numbered cause, be dismissed per the terms of the InEx Settlement Agreement, or, in the alternative, for want of prosecution under Rule 41(b), with prejudice, each party to bear its own costs.

Dated: 11/04/2016

Respectfully submitted by:

/s/ Grant T. Herrin
KIRK A. PATRICK, III (#19728), kpatrick@dps-law.com
BLAKE A. ALTAZAN (#31595), baltazan@dps-law.com
GRANT T. HERRIN (#35169), gherrin@dps-law.com
450 Laurel Street, Suite 1600, Baton Rouge, Louisiana 70801
P.O. Box 1629, Baton Rouge, Louisiana 70821-1629
Telephone: (225) 214-1908
Facsimile: (225) 214- 3551
*Attorneys for Graf's Drywall, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on this **4th** day of **November**, **2016**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants and have this same day forwarded a copy of this filing to all non-CM/ECF participants, if applicable.

/s/ Grant T. Herrin