UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANDACE HAKENJOS WIFE OF/AND TODD HAKENJOS | CIVIL ACTION NO.: |
| Plaintiffs | SECTION: |
| VERSUS | |
| TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY, JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS | JUDGE: |
| | MAGISTRATE: |
| Defendants | |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Republic Fire and Casualty Insurance Company ("Republic"), defendant in the above-captioned civil action, and hereby removes to this Honorable Court the civil action filed by plaintiffs in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, as follows:

1

1.

On August 6, 2009, plaintiffs, Candace Hakenjos and Todd Hakenjos, filed this lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, and on June 22, 2010, plaintiffs were granted leave to file an Amended Petition. The case was captioned "*Candace Hakenjos wife of/and Todd Hakenjos versus Tallow Creek, L.L.C., et al*," Docket No. 2009-14632, Division "J." (See plaintiffs' *Petition for Breach of Contract, Warranty and for Damages* and *First Amended Petition for Breach of Contract, Warranty and for Damages*, attached hereto as part of Exhibit "A," Part 1, pp. 2-14, and Part 14, pp. 17-22, respectively). Plaintiffs have sued (a) Tallow Creek, L.L.C., Southern Homes, L.L.C., Interior Exterior Building Supply, LP, Interior Exterior Enterprises, LLC, South Cortez, LLC, Graf's Drywall, LLC, John Doe Supply, and John Doe Subcontractors (the "Builder/Supplier Defendants"); (b) First Financial Insurance Company, Western World Insurance Company, ABC Insurance Company, XYZ Insurance Company, and MNO Insurance Company ("the Builder/Supplier Insurer Defendants"); and (c) Republic Fire and Casualty Insurance Company ("Republic").

2.

Plaintiffs alleged that they have suffered property damage and bodily injury arising from the installation of reportedly defective manufactured drywall in their home at 820 Cole Court, Covington, Louisiana. The *Petition* seeks damages, punitive damages, equitable relief, interest, costs, and attorneys' fees (a) from the Builder/Supplier Defendants for alleged breach of contract, breaches of the warranties against redhibitory defects, a fitness for a particular purpose and of merchantability, breaches of express and statutory warranties, violations of the New Home Warranty Act, violations of the Louisiana Unfair Trade Practices Act, negligent or fraudulent misrepresentation, failure to warn, and negligence relating to the Builder/Supplier

2

Defendants' sale and installation of the allegedly defective drywall in plaintiffs' home; (b) from the Builder/Supplier Insurer Defendants for insurance coverage under the Builder/Supplier Defendants' commercial general liability insurance policies for alleged physical damage and/or bodily injury caused by the Builder/Supplier Defendants' conduct; and (c) from Republic for alleged failure to provide coverage and payment for certain claims made under plaintiffs' own homeowner's policy for the alleged physical damage and bodily injuries sustained by plaintiffs.

3.

Republic removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. 1441, *et seq.* Venue is proper in this judicial district under 28 U.S.C. § 1391(a).

## REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

This civil action is properly removed based upon diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441.

5.

In accordance with 28 U.S.C. § 1332(a), complete diversity exists between plaintiffs and Republic and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3

A.  **Complete Diversity Exists Between Plaintiffs and Defendant**

6.

Plaintiffs are citizens of and domiciled in the State of Louisiana. (*Petition*, Preamble). Republic is alleged to be a foreign insurance company. (*First Amended Petition*, ¶ I). Republic agrees, and plaintiffs do not contest, that it is a foreign insurance company. Republic is an Oklahoma stock insurer with its principal place of business in Dallas, Texas. In accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, Republic is a citizen of the State of Oklahoma where it is incorporated as a stock insurer, and a citizen of the State of Texas, where it maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

7.

The Builder/Supplier Defendants and Builder/Supplier Insurer Defendants have been improperly and fraudulently joined with Republic. Whether or not plaintiffs have colorable claims against the Builder/Supplier Defendants and the Builder/Supplier Insurance Defendants, on the one hand, and against Republic, on the other hand, the claims are wholly distinct and not properly joined. The claims against the Builder/Supplier Defendants arise out of their alleged negligent or intentional sale or installation of defective drywall in violation of Louisiana law, and the claims against the Builder/Supplier Insurer Defendants arise from potential insurance coverage resulting from such tortious conduct under the Builder/Supplier Defendants' commercial general liability insurance policies. In contrast, plaintiffs' allegations against Republic involve no more than the purported coverage under plaintiffs' homeowner's insurance policy for alleged losses. The *Petitions* contain no allegations that Republic participated in any way in the alleged tortious conduct under the Builder/Supplier Defendants or that Republic

4

issued an insurance policy for liability coverage to any of the Builder/Supplier Defendants, nor does the *Petition* contain any allegation that the Builder/Supplier Defendants or builder/supplier insurance defendants have any relation to or involvement in plaintiffs' homeowner's insurance policy.

8.

Courts have held that the joinder of such unrelated claims is improper. *See, e.g., Manard v. Bankers Ins. Co.,* 2007 WL 184829 (E.D. La. 2007) (homeowner's insurer removed case to federal court where Jefferson Parish was also named as a defendant; the court severed the claims between plaintiff and Jefferson Parish and plaintiff and his homeowner's insurer and denied remand of claims against the homeowner's insurer, finding that although the claims against each involved damage to plaintiff's property, plaintiff had a distinct cause of action against each defendant.); *See also Defourneaux v. Metropolitan Prop. and Cas. Ins. Co.,* 2006 WL 2524265 (E.D. La. 2006); *see also* Fed.R. Civ. P. 20(a). When a petition alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants is improper. *In re Benjamine Moore & Co.,* 309 F.3d 296, 298 (5th Cir. 2002).

9.

Because the Builder/Supplier Defendants and Builder/Supplier Insurance Defendants have been improperly and fraudulently joined as defendants with Republic, their citizenship is to be disregarded for purposes of jurisdiction. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812,817 (5th Cir. 1993), *cert denied,* 510 U.S. 868 (1993); *See also Crockett v. R. J. Reynolds Tobacco Co.,* 436 F.3d 529,533 (5th Cir. 2006); *In Re: Benjamin Moore & Company,* 309 F.3d 296,298 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353,1359-60 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).

5

Moreover, the citizenship of fictitious defendants is not considered for purposes of removal. 28 U.S.C. § 1441(a).

10.

Disregarding the citizenship of the Builder/Supplier Defendants and the Builder/Supplier Insurance Defendants, there is complete diversity between plaintiffs and Republic.

B.      **The Amount in Controversy Exceeds $75,000.00**

11.

The *Petitions* are silent regarding the specific amount in controversy, as Louisiana law does not allow a plaintiff to plead a specific amount of damages. However, plaintiffs allege that the Chinese drywall in their home is defective, rendering the walls of the property defective, and causing damage to other building elements such that the home is unsafe and unlivable, as well as causing adverse health effects. (*Petition*, ¶¶ 17 and 18). Plaintiffs further allege that, in order to remedy the problem, all drywall must be removed and replaced and remedial repairs performed. (*Petition*, ¶ 19). Plaintiffs allege that they have suffered damage in the form of costs of inspection; costs and expenses to remove and replace drywall and adjoining components; costs and expenses to remove, replace and remedy affected electrical wiring, internal finishes, HVAC coils, plumbing fixtures and tubing, and other appliances and personal property; personal injuries and future health concerns; and substantial diminution in the value of the property. (*Petition*, ¶ 20). Plaintiffs also allege causes of action for statutory penalties and attorney's fees pursuant to LSA-R.S. §§ 1892 and 1973. (*First Amended Petition*, ¶¶ 60a-d and 60g-i).

12.

Although the *Petition* is silent as to the specific amount in controversy, the lack of specific monetary damage alleged in the *Petition* does not end the inquiry into the amount in

6

controversy. If a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant may either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute for a finding that the jurisdictional amount is satisfied. *Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

13.

Republic issued Homeowner's Policy No. HI3 0762782 00 to Todd Hakenjos and Candace Hakenjos for the period May 4, 2007 to May 4, 2008, which policy contains the following Limits of Liability: $225,000.00 under Coverage A - Dwelling, $22,500.00 under Coverage B - Other Structures, $157,500.00 under Coverage C - Personal Property, and $45,000.00 under Coverage D - Loss of Use; Policy No. HI3 0762782 01 to Todd Hakenjos and Candace Hakenjos for the period May 4, 2008 to May 4, 2009, which policy contains the following Limits of Liability: $234,300.00 under Coverage A - Dwelling, $23,430.00 under Coverage B - Other Structures, $164,010.00 under Coverage C - Personal Property, and $46,860.00 under Coverage D - Loss of Use; and Policy No. HI3 0762782 02 to Todd Hakenjos and Candace Hakenjos for the period May 4, 2009 to May 4, 2010, which policy contains the following Limits of Liability: $244,000.00 under Coverage A - Dwelling, $24,400.00 under Coverage B - Other Structures, $170,800.00 under Coverage C - Personal Property, and $48,800.00 under Coverage D - Loss of Use. (See Declarations Pages attached hereto as Exhibit "B"). Thus, considering the damages claimed by plaintiffs, Republic's liability could potentially

7

equal its policy limits, which is in excess of $400,000.00. Moreover, plaintiffs also seek statutory penalties and attorneys' fees.

14.

Accordingly, the jurisdictional amount is satisfied, as this Honorable Court must look to the amount actually claimed by plaintiffs without reference to any potential defense that may exist to those claims. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) ("But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduced the amount recoverable below the jurisdictional requirement, will not justify remand."); s*ee also Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993).

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

15.

Republic has satisfied the procedural requirements for removal. Republic was served with the *First Amended Petition* through its agent for service of process, the Louisiana Secretary of State, on July 7, 2010. See Return of Service, attached as Exhibit "C". This Notice of Removal was filed within thirty (30) days after first receipt by Republic of a copy of the initial pleadings setting forth the claim of relief upon which this action is based and is therefore timely under 28 U.S.C. § 1446(b).

16.

In the alternative, this *Notice of Removal* is being timely "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

8

or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after the commencement of the action." 28 U.S.C. § 1446(b). Suit was filed on August 6, 2009. Republic was added as a defendant in the *First Amended Petition*, which is the amended pleading from which it was first able to be ascertained that the case became removable. Republic was served with the *First Amended Petition* on July 7, 2010.

17.

Republic is not required to obtain the consent of the Builder/Supplier Defendants or the Builder/Supplier Insurance Defendants to this Removal because the consent of a fraudulently or improperly joined defendant need not be obtained. "In cases involving alleged improper fraudulent joinder of parties, … application of this requirement [of consent] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases based on the contention that no other proper defendant exists." *Jernigan*, 989 F.2d at 815.

17.

Pursuant to 28 U.S.C. § 1446(a), a copy of the pleadings in the state court record are attached hereto as Exhibit "A".

18.

Complete diversity exists between plaintiffs and Republic. Moreover, the amount in controversy for the claims asserted by plaintiffs against Republic clearly exceeds the jurisdictional limit of $75,000.00, exclusive of interest and costs. Accordingly, removal of this matter to federal court based upon diversity jurisdiction is proper under 28 U.S.C. §§ 1332(a) and 1441.

9

**WHEREFORE,** defendant, Republic Fire and Casualty Insurance Company, hereby removes this matter to federal court and requests that jurisdiction be assumed over all the claims made in this civil action and that the civil action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 834-6500
Fax: (504) 834-6565

BY:   */s/ Angie Arceneaux Akers*
    **JAY M. LONERO, T.A. (No. 20642)**
    jlonero@lpwsl.com
    **ANGIE ARCENEAUX AKERS (No. 26786)**
    aakers@lpwsl.com

**ATTORNEYS FOR REPUBLIC FIRE AND
CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6TH day of August, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

        */s/ Angie Arceneaux Akers*