| | |
|---|---|
| **WENDY HUBBELL AND CHRISTY CIMO** | **NO. 2009-15115, DIVISION C** |
| **v.** | **22ND JUDICIAL DISTRICT COURT** |
| **TALLOW CREEK, L.L.C, SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY, JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS** | **PARISH OF ST. TAMMANY** FILED<br><br>AUG 2 3 2010<br><br>**STATE OF LOUISIANA** |

**ANSWER TO FIRST AMENDED PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Western World Insurance Company ("Western World"), which in response to the First Amended Petition for Breach of Contract, Warranty and For Damages filed by Plaintiffs, respectfully avers as follows:

**I.**

Western World admits that it is a foreign insurer but denies that it provides insurance coverage for Graf's for the damages alleged in this case.

**II.**

Western World was not named in the prior pleadings filed in this case by Plaintiffs, and no allegations were previously directed at it. However, out of an abundance of caution, Western World denies that either it or Graf's bear any responsibility for the claims made in this case. Western World specifically adopts all defenses, affirmative and otherwise, asserted by Graf's and Western World in their Answers to the Third Party Demands previously filed against them in this case to the extent not inconsistent with a finding of no liability on the part of Western World.

**III.**

**60a.**

To the extent that the allegations contained in Paragraph 60a. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60b.**

To the extent that the allegations contained in Paragraph 60b. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, West it denies those allegations and all liability herein.

**60c.**

To the extent that the allegations contained in Paragraph 60c. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60d.**

To the extent that the allegations contained in Paragraph 60d. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60e.**

To the extent that the allegations contained in Paragraph 60e. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60f.**

To the extent that the allegations contained in Paragraph 60f. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60g.**

To the extent that the allegations contained in Paragraph 60g. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60h.**

To the extent that the allegations contained in Paragraph 60h. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60i.**

To the extent that the allegations contained in Paragraph 60i. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60j.**

To the extent that the allegations contained in Paragraph 60j. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**60k.**

To the extent that the allegations contained in Paragraph 60k. are directed at a Defendant other than Western World, those allegations require no response on the part of Western World. To the extent that those allegations are directed at Western World, it denies those allegations and all liability herein.

**IV.**

The allegations contained in the second Paragraph III call for no response by this Defendant. Out of an abundance of caution, however, Western World denies all liability herein.

**AFFIRMATIVE DEFENSES**

Pursuant to Louisiana Code of Civil Procedure Article 1005 and other applicable provisions of Louisiana law, Western World avers the following affirmative defenses to bar, in whole or in part, the claims of the Plaintiffs herein.

**V.**

Western World avers that the Plaintiffs do not have any cause or right of action against it in this litigation.

3

Western World avers that no coverage exists under the insurance policies issued to Graf's Drywall because the Plaintiffs' allegations reflect that the subject drywall work was performed by Graf's well prior to the inception date for Western World's first insurance policy issued to Graf's Drywall – March 9, 2007.  The Western World policy issued to Graf's provides per exclusion #WW 269:

> *This insurance does not apply to bodily injury or property damage which first occurs before the inception date of this policy regardless of whether such bodily injury or property damage continues or becomes progressively worse during the policy period.*

The Plaintiffs in this action allege that they signed a conventional Purchase Agreement with Tallow Creek on October 15, 2005.  Construction on their home was substantially complete and the plaintiffs moved into the home on or around June 19, 2006.  The Western World policies issued to Graf's Drywall are "occurrence-based" Commercial Lines Policies and did not become effective until March 9, 2007, well after the occurrence of the alleged damage and injury.  The Western World policies issued to Graf's do not apply to the property damage or bodily injury claims made by Plaintiffs.  Western World is, therefore, not liable in any way.

**VII.**

Western World avers that the following exclusions contained in the Western World policies issued to Graf's Drywall will or might bar coverage, in whole or in part, even if a policy is otherwise found to be applicable.

**A.  "Fungi or Bacteria" exclusion via endorsement CG 21 67 12 04**

The claims against Western World are based on the Plaintiffs', Wendy Hubbell and Christy Cimo, claims that defective drywall installed in their home emitted "levels of sulfur, methane and/or other volatile organic chemical compounds" that caused the corrosion of components in their house and that it created a "noxious 'rotten egg-like' odor" and various physical maladies to its inhabitants.  If a cause of the defect in the drywall is determined to either be bacterial or fungal in nature, this Fungi or Bacteria Exclusion will apply to bar coverage for these claims.

**B. "Independent Contractor" exclusion via endorsement WW 253 (01/97)**

The insured, Graf's Drywall, employed subcontractors to install the allegedly defective drywall in the Plaintiffs' home; therefore, the independent contractor exclusion will apply to exclude any coverage for Graf's Drywall and it subcontractors.

**C. "Tract Home Construction Projects" exclusion via endorsement WW 248 (08/04)**

The Plaintiffs' claims arise out of the construction of multiple homes in neighborhood/developments that meet the Western World policy's definition of a Tract Home Project, for which coverage is excluded. The "Tract Home Construction Project" exclusion provides:

> *This insurance does not apply on behalf of any insured or additional insured...to any "claim" or "suit" including but not limited to indemnification or defense costs, arising from, related to, or in any way connected with a "condominium project," "townhouse project," "row house project," or "tract home project."*

"Tract Home project" is defined as:

> *A development of five or more individual and freestanding houses which share common or similar design elements, floor plans, blueprints and/or architectural details, and/or which are constructed at the same time, or consecutively, on the same parcel, adjacent parcels or parcels so located within one geographic area to be considered a single project.*

Coverage for Graf's Drywall is therefore excluded for any claim arising out of a "tract home project" like the Plaintiffs' home within the Tallow Creek development, which development consists of more than five freestanding houses that share certain design elements, floor plans, architectural details and were constructed either at the same time or consecutively within one geographic area.

**D. "Total Pollution Exclusion" via endorsement CG 2149 09 99 (08/04)**

To the extent that the claims in this case involve damage arising from pollution as defined in the Western World policy, the Western World policy does not apply thereto.

**VIII.**

Western World does not provide coverage for Contractual Liability or bodily injury or property damage for which Graf's Drywall is obligated to pay damages by reason of the assumption of liability in a contract or agreement as it is defined in the relevant policies. No insured contracts exist which would impact this analysis.

5

**IX.**

Western World does not provide coverage for "damage to property," "damage to your product," "damage to your work," or "damage to impaired property or property not physically injured" as those terms are defined in the relevant policies.

**X.**

Western World does not provide coverage for damages claimed for any loss, cost or expense incurred a result of a recall of product[s] as that exclusion is provided in the relevant policies.

**XI.**

Western World's coverage does not apply to bodily injury or property damage which first occurred before the inception date of the policies regardless of whether such bodily injury or property damage continues or becomes progressively worse during the policy periods.

**XII.**

If other valid and collectible insurance is available to Graf's Drywall for any losses covered under Coverages A or B of Section IV of the Western World policy, the Western World coverage is excess over any such other insurance, whether it be primary, excess, contingent or on any other basis.

**XIII.**

If an "occurrence" and/or offense gives rise to bodily injury, property damage or personal injury, and/or advertising injury which takes place before and/or continues within and/or after the policy period, then each occurrence and/or personal/advertising injury limit of liability noted in the Limits of Insurance section of the Declarations page of the last applicable Western World policy issued by Western World is the most Western World will pay for the combined limits of liability for all policies issued by Western World.

**XIV.**

Western World specifically adopts all defenses, affirmative and other, plead by Tallow Creek in answer to the claims made by the Plaintiffs to the extent those defenses are not inconsistent with a finding of no liability on the part of Graf's Drywall and Western World.

## XV.

Western World specifically adopts all defenses, affirmative and other, plead by Graf's Drywall in answer to the claims made in this case to the extent those defenses are not inconsistent with a finding of no liability on the part of Western World.

## XVI.

Western World affirmatively pleads all terms and provisions of the Western World policies, including but not limited to, the contractual limits, exclusions and other limitations of coverage found therein, including those found in the various endorsements thereto, and adopts those herein by reference as if copied herein *in extenso*.

## XVII.

Western World avers that to the extent the Plaintiffs' claims against the third party plaintiff Tallow Creek are limited by the New Home Warranty Act (La. R.S. 9:3141, et. seq.), Tallow Creek's claims against Western World are likewise limited.

## XVIII.

To the extent that the Plaintiffs' claims against third-party plaintiff Tallow Creek are limited by the Plaintiffs' 2-10 Home Buyer's Warranty, Western World avers that the third-party plaintiffs' claims against Western World are likewise limited.

## XIX.

To the extent that the Plaintiffs' claims against third-party plaintiff Tallow Creek are limited by the plaintiffs' signature to the conventional Purchase Agreement for the Property, Western World avers that the third-party plaintiffs' claims against Western World are likewise limited.

## XX.

To the extent that the Plaintiffs' and/or third party plaintiff's claims are limited by statute, case law or contract, so also do such limitations apply as to claims against Western World.

## XXI.

The Plaintiffs may have failed to mitigate their damages.

## RESERVATION OF RIGHTS

### XXII.

Western World reserves the right to amend its responsive pleadings to assert additional affirmative defenses, which may be revealed after discovery is conducted.

## TRIAL BY JURY

### XXII.

Western World requests a trial by jury on the claims made herein, to the extent same exceed the jurisdictional threshold. If that is the case, which is denied, then Western World will post the requisite jury bond to secure the right to trial by jury, as may be provided in the Case Management Schedule.

WHEREFORE, Western World Insurance Company prays:

1.    That its Answer to First Amended Petition for Breach of Contract, Warranty and For Damages filed by Plaintiffs, be filed and following all legal delays and due proceedings herein, there be Judgment in favor of Western World Insurance Company dismissing the Plaintiffs' First Amended Petition for Breach of Contract, Warranty and For Damages herein made against Western World, with prejudice, at the costs of the Plaintiffs;

2.    For trial by jury on all appropriate issues if the jurisdictional threshold is met; and

3.    For all general and equitable relief to which this third-party defendant may be entitled.

Respectfully submitted,

**ROEDEL, PARSONS, KOCH, BLACHE,
BALHOFF & McCOLLISTER**
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Phone: (225) 929-7033

By:_____
Andre G. Bourgeois, LA Bar Roll No. 19298
Terry T. Dunlevy, LA Bar Roll No. 17945
Brent J. Bourgeois, LA Bar Roll No. 22962
Corinne M. Blache, LA Bar Roll No. 27964
*Attorneys for Western World Insurance Company*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to First Amended Petition for Breach of Contract, Warranty and for Damages has been served on all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed as follows:

Henry T. Dart, Esq.
Henry Dart Firm, APC
510 N. Jefferson St.
Covington, LA 70433
*Attorneys for Plaintiffs*

Walter K. Jamison, III, Esq.
Kraft Gatz Lane Benjamin, LLC
600 Jefferson St., Suite 410
Lafayette, LA 70501
*Attorneys for Banker's Ins. Co.*

Thomas G. Buck, Esq.
Blue Williams, LLP
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
*Attorneys for First Financial Ins. Co.*

Richard G. Duplantier, Esq.
Galloway Johnson Tompkins
   Burr & Smith, APLC
One Shell Square
701 Poydras St., 40th Floor
New Orleans, LA 70139
   *Attorneys for Interior/Exterior Building Supply, LP, Interior/Exterior Enterprises, LLC, and South Cortex, LLC*

Matthew C. Clark, Esq.
Sher Garner Cahill Richter
   Klein & Hilbert, LLC
909 Poydras St., 28th Floor
New Orleans, LA 70112
*Attorneys for Southern Homes, LLC, and Tallow Creek, LLC*

Kirk A. Patrick, Esq.
Donohue Patrick, PLLC
450 Laurel St., Ste 1500
Baton Rouge, LA 70801
*Attorneys for Graf's Drywall, LLC*

Baton Rouge, Louisiana, this 18th day of August, 2010.

_____
Brent J. Bourgeois

9

WENDY HUBBELL AND
CHRISTY CIMO

v.

TALLOW CREEK, L.L.C, SOUTHERN
HOMES, L.L.C., ABC INSURANCE
COMPANY, XYZ INSURANCE
COMPANY, MNO INSURANCE
COMPANY, JOHN DOE SUPPLY AND
JOHN DOE SUBCONTRACTORS

NO. 2009-15115, DIVISION C

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY  **FILED**

AUG 2 3 2010

STATE OF LOUISIANA

## ORDER

**CONSIDERING THE FOREGOING** Answer to First Amended Petition for Breach of Contract, Warranty and for Damages with Request for Trial by Jury;

**IT IS HEREBY ORDERED THAT** the request for Trial by Jury by Defendant, Western World Insurance Company, is hereby GRANTED.

**IT IS FURTHER ORDERED THAT** Defendant, Western World Insurance Company, post a Jury Bond in the amount of $_____ to be filed in the Registry of the Court no later than ____ days prior to the trial in this matter.

**ORDERED, RENDERED AND SIGNED** this ___ day of _____ 2010, at _____, Louisiana.

_____
JUDGE, 22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY

THE AMOUNT AND TIME FOR FILING JURY COST BOND WILL BE FIXED WHEN THE CASE IS SET FOR TRIAL

Respectfully submitted,

**ROEDEL, PARSONS, KOCH, BLACHE,
BALHOFF & McCOLLISTER**
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Phone: (225) 929-7033

By: _____
Andre G. Bourgeois, LA Bar Roll No. 19298
Terry T. Dunlevy, LA Bar Roll No. 17945
Brent J. Bourgeois, LA Bar Roll No. 22962
Corinne M. Blache, LA Bar Roll No. 27964
*Attorneys for Western World Insurance Company*

A TRUE COPY
DY CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA

10