UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELLY PARR WIFE OF/AND KELLY PARR | * * * | |
| VERSUS | * * | CIVIL ACTION NO.: |
| TALLOW CREEK, L.L.C., SOUTHERN HOMES, L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO INSURANCE COMPANY, JOHN DOE SUPPLY, JOHN DOE SUBCONTRACTORS, LIBERTY MUTUAL FIRE INSURANCE COMPANY, INTERIOR EXTERIOR BUILDING SUPPLY, LP, INTERIOR EXTERIOR ENTERPRISES, LLC, SOUTH CORTEZ, LLC, GRAF'S DRYWALL, LLC, FIRST FINANCIAL INSURANCE COMPANY AND WESTERN WORLD INSURANCE COMPANY | * * * * * * * * * * * * * * * | JUDGE:<br><br>MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **LIBERTY MUTUAL'S NOTICE OF REMOVAL**

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") hereby removes to this Court the state court action described below.

1. Shelly Parr and Kelly Parr commenced this action seeking to recover under their Liberty Mutual homeowners insurance policy for damage to their home allegedly caused by Chinese drywall.

2. The First Amended Petition for Breach of Contract, Warranty and for Damages ("Amended Petition") names Liberty Mutual, a "foreign," non-Louisiana insurer, as a defendant.

163828

1

3. Plaintiffs also have named several unidentified insurance companies, supplier(s), and subcontractor(s) as defendants.

4. In an attempt to defeat diversity jurisdiction, plaintiffs have also named as defendants four Louisiana companies: Tallow Creek, LLC, Interior Exterior Building Supply, LP, Interior Exterior Enterprises, LLC, and South Cortez, LLC (collectively, the Seller/Supplier Defendants). Finally, Graf's Drywall, LLC, the Mississippi company that allegedly installed drywall in plaintiffs' home ("the Installer"), and its foreign insurers (First Financial Insurance Company, Bankers Insurance Company, and Western World Insurance Company), also are named as defendants.

5. This action was filed in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, entitled *Shelly Parr Wife of/and Kelly Parr v. Tallow Creek, L.L.C., Southern Homes, L.L.C., ABC Insurance Company, XYZ Insurance Company, MNO Insurance Company, John Doe Supply and John Doe Subcontractors,* No. 09-16962.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship as to all properly joined parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Liberty Mutual has attached all pleadings filed in the record of the state court proceeding. Exh. A. Plaintiffs served Liberty Mutual with the Amended Petition on July 19, 2010. Thus, this Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b).

163828

2

### Complete Diversity Exists As To All Properly Joined Parties

8. Plaintiffs are alleged to be citizens of the State of Louisiana. *See* Petition for Breach of Contract, Warranty and for Damages ("Original Petition"), at Introduction ¶.

9. Liberty Mutual is a foreign insurer that is incorporated under the laws of Wisconsin and has its principal place of business in Massachusetts. *See* Amended Petition, at ¶ I; Exh. B.

13. The citizenship of the fictitiously named defendants (XYZ Insurance Company, MNO Insurance Company, John Doe Supply, and John Doe Subcontractors) is not taken into consideration in determining whether diversity is present. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

14. Consent to or joinder in this removal by the Seller/Supplier Defendants, the Installer, and the Installer's Insurers is unnecessary because plaintiffs have joined these parties improperly. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of this [consent] requirement [for removal] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

### The Non-Diverse Defendants Are Improperly Joined

15. The Seller/Supplier Defendants allegedly are citizens of the State of Louisiana. *See* Original Petition, at ¶ 1; Amended Petition, at ¶ 1. These non-diverse defendants, however, do not defeat this Court's subject matter jurisdiction because they are

163828

3

improperly joined.[1] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996), *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord Mallard v. Prudential Ins. Co. of Am.*, No. 95-908, 1996 WL 170126, at *3 (M.D. Ala. 1996) ("The court will not allow these plaintiffs to defeat the defendants' right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties"); *Turpeau v. Fidelity Fin. Servs., Inc.*, 936 F. Supp. 975, 978-79 (N.D. Ga. 1996) (because each of the transactions at issue were made with different plaintiffs and different defendants, the transactions were not sufficiently related so as to permit joinder), *aff'd*, 112 F.3d 1173 (11th Cir. 1997).

16. When a petition alleges only parallel claims against separate, unrelated diverse and non-diverse defendants, joinder of the non-diverse defendants, like the Seller/Installer Defendants, is improper. *Chehardy, et al. v. Louisiana Ins. Comm., et al.*, No. 05-1140 (M.D. La. 2006) (finding fraudulent joinder and maintaining jurisdiction where plaintiffs alleged separate claims against separate insurers and Insurance Commissioner); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Polk v. Lifescan, Inc.*, No. 4:03CV020, 2003 WL 22938056, at *5 (N.D. Miss. 2003); *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (claims against tortfeasor allegedly causing injury found improperly joined with contract claim against insurer); *see also Mallard*, No. 95-908, 1996 WL 170126; *Turpeau*, 936 F. Supp. at 978-79.

---

[1] Liberty Mutual likewise contends that the claims against the Installer and the Installer's insurers are improperly joined with the claims against Liberty Mutual. However, as the Installer and the Installer's insurers allegedly are "foreign" entities, their citizenship does not defeat the Court's jurisdiction. *See* Amended Petition, at ¶ 1).

163828

17. Plaintiffs have improperly joined their claims against the Seller/Supplier Defendants with their claims against Liberty Mutual, their homeowners insurer. Whether or not plaintiffs have colorable claims against the Seller/Supplier Defendants on the one hand, and Liberty Mutual, on the other hand, the claims are wholly distinct and are not properly joined. The claims against the Seller/Supplier Defendants arise out of their allegedly negligent or intentional sale and installation of defective drywall in plaintiffs' home in violation of Louisiana law. In contrast, the claims against Liberty Mutual involve no more than the purported coverage under plaintiffs' homeowners insurance policy for their alleged property damage. Plaintiffs have not alleged that Liberty Mutual participated in any way in the allegedly tortious conduct of the Seller/Supplier Defendants or that Liberty Mutual issued an insurance policy covering the Seller/Supplier Defendants' liability. Nor have plaintiffs alleged that the Seller/Supplier Defendants have any relation to or involvement with plaintiffs' first-party claim under their homeowners policy. Accordingly, joinder of the separate, unrelated tort claims against the Seller/Supplier Defendants with the first-party contract claim against Liberty Mutual is improper and the citizenship of the Seller/Supplier Defendants should be disregarded.

## The Amount In Controversy Exceeds $75,000

18. As required by Louisiana law, the Petition is silent as to the amount in controversy. Therefore, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is

163828

facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

19. Here, it is clear from the face of the Original and Amended Petitions that plaintiffs seek an amount in excess of $75,000. Plaintiffs presumably seek to recover under their homeowners policy for damage to their home and contents caused by the allegedly defective Chinese drywall, although that claim is not specifically alleged in either the Original or Amended Petitions. Plaintiffs claim that the drywall installed in their home caused them damage including "(i) Costs of inspection; (ii) Costs and expenses necessary to remove and replace the defective drywall and adjoining components; (iii) Cost and expenses to remove, replace and remedy the electrical wiring, internal finishes, HVAC coils, damaged building elements, plumbing fixtures and tubing, other affected appliances and fixtures, and other personal property; [and] (iv) Cost of relocation during the remedial process . . . ." *See* Original Petition, at ¶ 18. Based on these claimed damages, Liberty Mutual's liability could potentially equal its policy limits. Liberty Mutual issued one homeowners insurance policy to plaintiffs on the relevant property, which provided limits of $204,500 for the dwelling, $20,450 for other structures and $153,375 for personal property. *See* Declarations Pages, attached as Exh. C. Liberty Mutual has made no payment to plaintiffs under their homeowners policy in connection with this claim, leaving the full policy limits of $378,325 potentially in dispute. Accordingly, the amount in controversy is more than $75,000.

20. In addition, plaintiffs have made a claim for penalties, damages, and attorney fees under Louisiana's bad faith insurance statutes. *See* Amended Petition, at ¶¶ 60(a)

163828

6

to 60(k). Attorneys' fees and penalties are included in determining the jurisdictional amount. *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorneys' fees are included in determining jurisdictional amount); *St. Paul Reins.*, 134 F.3d at 1253 (noting that attorneys' fees and penalties are included in determining jurisdictional amount when, as here, party could be liable for same under state law); *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. 1991) (policy limits plus statutory penalties are properly considered when determining whether jurisdictional amount requirement is met). Here, as noted, plaintiffs seek penalties and attorneys' fees from Liberty Mutual. The penalties plaintiffs seek could be as much as two times their actual damages. *See* La. Rev. Stat. §§ 22:1973. Accordingly, the penalties requested in this case swell the amount in controversy even further over $75,000, and that does even include the attorneys' fees plaintiffs seek. *See, e.g., Shepard v. State Farm Mut. Auto. Ins. Co.*, 545 So. 2d 624, 631 (La. App. 4 Cir. 1989) ($80,000 in attorneys' fees awarded pursuant to La. Rev. Stat. 22:658); *Fuqua v. Aetna Cas. & Sur. Co.*, 542 So. 2d 1129, 1134 (La. App. 3 Cir. 1989) (awarding $100,000 in attorneys' fees under same statute).

21. In sum, considering plaintiffs' claim for substantial damage caused by allegedly defective Chinese drywall as well as their claim for penalties, damages, and attorney fees, the amount in controversy here clearly exceeds $75,000; and, as demonstrated above, there is complete diversity of citizenship between plaintiffs and the only properly joined defendants.

**WHEREFORE,** Liberty Mutual respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

163828

Respectfully submitted,

*/s/ Catherine F. Giarrusso*

---

Judy Y. Barrasso, 2814
H. Minor Pipes, III, 24603
Catherine Fornias Giarrusso, 29875
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

*Attorneys for Liberty Mutual Fire Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Liberty Mutual Fire Insurance Company's Notice of Removal, has been served upon all counsel of record by facsimile, hand delivery, electronic mail, or placing same in the United States mail, postage prepaid and properly addressed, this 13th day of August, 2010.

*/s/ Catherine F. Giarrusso*

---

163828