# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 09-2047<br><br>SECTION "L" |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| HAKENJOS, ET AL V. TALLOW CREEK, L.L.C., ET AL, NO. 10-2579 | MAG. JOSEPH C. WILKINSON, JR. |

### WESTERN WORLD INSURANCE COMPANY'S
### MOTION TO DISMISS DUE TO INEX SETTLEMENT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **WESTERN WORLD INSURANCE COMPANY** ("Western World"), who moves to dismiss the claims asserted against it by the Plaintiffs pursuant to the terms of the INEX Settlement Agreement:

### THE STATE COURT PROCEEDING

1.

On or about August 6, 2009, the Petitioners, Todd Hakenjos and Candice Hakenjos, filed suit against Southern Homes LLC, Tallow Creek, L.L.C., and others in the 22nd Judicial District Court, St. Tammany Parish (the "State Proceeding") alleging that their home contained Chinese drywall which was installed by Tallow Creek. (**Exhibit 1**: #10-2579, Doc. 1-1, pp. 12 - 58)

2.

On or about June 18, 2010, Petitioners filed their *First Amended Petition for Breach of Contract, Warranty and for Damages* in which it named as additional defendants, among others, **GRAF'S DRYWALL, L.L.C.** (Graf's) and Graf's putative insurer, **WESTERN WORLD INSURANCE COMPANY**. (**Exhibit 2**: #10-2579, Doc. 1-14, pp. 17-22)

3.

In its First Amended Petition, Petitioners alleged that Graf's Drywall "installed drywall on the property in question." Petitioners also alleged that Western World Insurance Company is "a foreign insurance carrier who provides insurance coverage for Graf's for the damages as prayer for herein." (**Exhibit 2**: #10-2579, Doc. 1-14, par. I)

4.

Petitioners asserted the following claims against Western World Insurance Company: (1) bad faith pursuant to La. R.S. 22:1973, (2) bad faith pursuant to La. C.C. arts. 1994 and 1997, (3) violations of La. R.S. 22:1892, and (4) miscellaneous breaches of the foregoing statutes. (**Exhibit 2**: #10-2579, Doc. 1-14, par. III, pp. 18-21).

**REMOVAL TO FEDERAL COURT**

5.

On or about August 6, 2010, the lawsuit was removed to the above captioned MDL. (**Exhibit 3**: #10-2579, Doc. 1)

**THE INEX SETTLEMENT**

6.

Meanwhile, the [this Honorable Court] was handling preliminary settlement proceedings in multidistrict litigation involving Chinese-drywall claims, and on May 13, 2011, the federal district court in *In re: Chinese–Manufactured Drywall Products Liability Litigation,* MDL No.2047, entered an order, conditionally certifying a nationwide class consisting of "[a]ll persons or entities with claims, against the Settling Defendants arising from, or otherwise related in any way to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx" and preliminarily approving a class action settlement agreement reached by the Plaintiffs' Steering Committee, InEx, and InEx's primary insurers Arch Insurance Co. and Liberty Mutual Insurance Co. (referred to by the federal district court as the "InEx Settlement"). According to the federal district court's May 13, 2011 Order, the InEx Settlement provided for settlement of the claims against InEx, its primary insurers, and "certain entities downstream in the chain-of-commerce from InEx."

In furtherance of its preliminary approval of the InEx Settlement, the federal district court further issued a stay in its May 13, 2011 order, as follows: "**Prosecution of the 'Related Actions'** (including, but not limited to, those listed in Exhibit 1.25 to the InEx Settlement) **against InEx, the Insurers, and the other Settling Defendants** shall be stayed pending the settlement proceedings and further Orders of the Court." (Emphasis added).

*Daigle v. Tallow Creek, LLC*, 2012-1656 (La. App. 1 Cir. 6/7/13) (internal footnotes omitted; see also, *In re: Chinese–Manufactured Drywall Products Liability Litigation,* MDL No.2047, Doc. 8818, p. 12.)

7.

On April 27, 2011, Western World filed its Answer to Plaintiffs' First Amended Petition for Breach of Contract, Warranty, and for Damages. (**Exhibit 4**: 09-2047, Doc. 8640).

8.

The State Court Proceeding is listed in Exhibit 1.25 as a "Related Action" referenced in the federal court's May 13, 2011 Order staying those related actions. (**Exhibit 5**: 09-2047, Doc. 8628-7, p. 5.) Accordingly, by its May 13, 2011 Order, the federal district court stayed prosecution of the instant action, "**against InEx, the Insurers, and the other Settling Defendants** … pending the settlement proceedings [in the federal district court] and further Orders of the Court." (**Exhibit Exhibit 6**: 09-2047, Doc. 8818, p. 12.)

9.

On February 7, 2013, this Honorable Court certified the final approval of the InEx Settlement, effectively **lifting** the stay order imposed in its preliminary approval. (**Exhibit 7**: 09-2047, Doc. 16570.) Additionally, this settlement ordered that:

> 19. Any and all InEx Class Members, including, but not limited to, those who have not properly opted out of the InEx Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future, against the InEx Settling Defendants that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall.

*(Id.* at Doc. 16570, p. 24 of 37)

10.

On January 15, 2015, this Honorable Court recognized and ordered Graf's to be a Downstream Releasee under the InEx Settlement Agreement. (**Exhibit 8**: 09-2047, Doc. 18267).

11.

On November 4, 2016, Graf's filed a *Motion to Dismiss Due to Inex Settlement or, in the Alternative, Dismissal with Prejudice for Failure to Prosecute and Incorporated Memorandum in Support Fed. R. Civ. P. 41(b)* in the above captioned matter. (**Exhibit 9**: 09-2047, Doc. 20536). Graf's asserted two bases for a dismissal: (1) it was a Downstream Releasee under the Inex Settlement, and (2) that Tallow Creek had failed to prosecute this action.

12.

On December 21, 2016, the Court dismissed Graf's Drywall as a downstream release under the InEx settlement. (**Exhibit 10**: 09-2047, Doc. 20606).

13.

The Amended Settlement Agreement Regarding Claims Against Interior-Exterior in MDL No. 2047 (the "InEx Settlement") defines "Downstream InEx Releasees" as follows:

> "Downstream InEx Releasees" shall mean Subsuppliers, General Contractors, Subcontractors, Installers, Developers, and Realtors who purchased or received Chinese Drywall from InEx, used Chinese Drywall supplied by InEx in the construction of Affected Property, or

sold or marketed Affected Property containing Chinese Drywall sold, marketed, distributed, and/or supplied by InEx, and shall include, but not be limited to, those persons and entities listed on Exhibit 1.10 except for any Builders that may be listed thereon. For purposes of clarity, Builders shall not be Downstream InEx Releasees.

(**Exhibit 11**: 09-2047, Doc. 12258-3, § 1.10, p. 4)

14.

Section 1.28 of the InEx Settlement Agreement defines "Released Party" as follows:

"Released Party" or "Released Parties" shall mean InEx, Arch, Liberty, and **Downstream InEx Releasees,** and their respective parents, subsidiaries, affiliates, divisions, predecessors, successors, heirs, legal representatives, legatees and/or assigns, together with past, present and future officers, directors, board members, shareholders, members, presidents, managers, partners, employees, distributors, retail dealers, agents, servants, sureties, representatives, consultants, in-house or outside attorneys, **insurers other than the Excess Carrier**, and reinsurers of each of the foregoing. [Emphasis added]

(**Exhibit 11**: 09-2047, Doc. 12258-3, § 1.28, p. 8)

15.

Section 1.28.1 of the InEx Settlement Agreement further states:

The Downstream InEx Releasees are being released from claims arising out of or related to Chinese Drywall in Affected Property only to the extent that the **Affected Property contains Chinese Drywall sold, marketed, distributed, or supplied by InEx**. [Emphasis added]

(*Id.*)

16.

Petitioners expressly asserted in their original and amended Complaint that their home contained Chinese Drywall supplied by InEx and installed by Graf's Drywall. Moreover, upon information and belief, Petitioners home was remediated pursuant to the InEx Settlement.

17.

Section 1.30 of the InEx Settlement Agreement defines Settling Defendants as "InEx, Arch, Liberty, and the **Downstream InEx Releasees.**" [Emphasis added] (**Exhibit 11**: 09-2047, Doc. 12258-3, § 1.30, p. 8)

18.

Section 1.30.2 goes on to state, "[t]he Downstream InEx Releasees shall only be considered Settling Defendants with regard to claims that are directly related to Chinese Drywall sold, marketed, distributed, and/or supplied by InEx. All other claims against the Downstream InEx Releasees, if any, are reserved. (*Id*. at p. 9)

19.

At all times pertinent hereto, Petitioners have alleged that their claims are directly related to Chinese Drywall sold, marketed, distributed and/or supplied by InEx.

## WESTERN WORLD IS A DOWNSTREAM RELEASEE

20.

Petitioners alleged Western World to be the putative insurer of Graf's Drywall. By opting into the InEx Settlement, Petitioners released all claims against Graf's Drywall and its insurers, including all claims expressly asserted against Western World. (**Exhibit 11**: 09-2047, Doc. 12258-3, § 4.1)

21.

The InEx Settlement did not expressly reserve rights against the insurers of the Downstream Releasees (except for excess insurers, which Western World is not.)

22.

Louisiana law provides that a plaintiff's right of action against an insurer is extinguished when the insured is dismissed from the lawsuit unless the plaintiff reserves the right to proceed against the insurer. *See Dukes v. Declouette*, 2010-0045 (La. App. 1 Cir. 6/11/10), 40 So.3d 1231, 1236, *writ denied,* 2010-1623 (La. 10/8/10), 46 So. 3d 1270; *see also Williams v. SIF Consultants of Louisiana, Inc.,* 2012-419 (La. App. 3 Cir. 11/7/12), 103 So.3d 1172, 1177, *writ denied*, 2012-2637 (La. 3/15/13), 109 So.3d 381.

23.

Western World is a Downstream Releasee and, thus, a "Released Party" under the InEx Settlement Agreement. And given that the InEx Settlement did not reserve to the Class Members claims against the insurers of Downstream Releasee such as Western World, all claims against Western World should be dismissed with prejudice.

WHEREFORE, WESTERN WORLD INSURANCE COMPANY ("Western World") prays that the Court dismiss the claims asserted against it by the Plaintiffs, with prejudice, pursuant to the terms of the INEX Settlement Agreement.

RESPECTFULLY SUBMITTED,

**ROEDEL PARSONS KOCH BLACHE BALHOFF & MCCOLLISTER, A L.C.**
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone No. (225) 929-7033
Facsimile No. (225) 928-4925


/s/ Ross A. Dooley
Ross A. Dooley, LA Bar Roll No. 24384
rdooley@roedelparsons.com
Andre G. Bourgeois, LA Bar Roll No. 19298
Brent J. Bourgeois, LA Bar Roll No. 22962
*Attorneys for Western World Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **MOTION TO DISMISS DUE TO INEX SETTLEMENT** has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 19th day of July, 2017.

/s/ Ross A. Dooley
_____
Ross A. Dooley
Attorney for Western World Insurance Company