**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** **SECTION: L** **JUDGE FALLON** **MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** *Abner, et al. v. Taishan Gypsum Co., Ltd., et al.*, Civ. Action No. 11-3094 | |

**INTERVENING PLAINTIFFS' MEMORANDUM OF**
**LAW IN SUPPORT OF THEIR MOTION TO INTERVENE**

**I.      INTRODUCTION**

Intervening Plaintiffs, Cindy and Hoa Quan and Nhan Le Quon Lang, have moved pursuant to Fed.R.Civ.P. 24(b) to intervene in the above captioned action of *Abner, et al. v. Taishan Gypsum Co., Ltd., et al.*, Civ. Action No. 11-3094 (E.D.La.).[1]  Intervening Plaintiffs have moved to intervene in *Abner* since they are absent class members and are similarly situated to the *Abner* plaintiffs.  Accordingly, Intervening Plaintiffs have a strong interest in intervening in the *Abner* case to recover against the *Abner* defendants along with the original *Abner* class. For the reasons set forth below, Intervening Plaintiffs' motion to intervene should be granted.

---

[1] The Intervening Plaintiffs' Omnibus Class Action Complaint (XXIX) in Intervention is attached to Plaintiffs' Motion to Intervene (the "Complaint in Intervention") as Exhibit "A".

1

## II.    FACTUAL BACKGROUND

The *Abner* plaintiffs are the owners of properties in which defective Chinese drywall was installed that was manufactured and distributed by the defendants named in the Plaintiffs' Class Action Complaint (the "Complaint"), *i.e.*, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd.; Taian Taishan Plasterboard Co., Ltd. ("TTP"); Beijing New Building Materials Public Limited Co. ("BNBM"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); China National Building Material Co., Ltd. ("CNBM"); China National Building Materials Group Co. ("CNBM Group")[2] and several affiliated entities (collectively the "Defendants").  The plaintiffs in *Abner* commenced this action on November 11, 2011, by filing the Complaint in the United States District Court for the Central District of California (Case No. 11-cv-01787).[3]  The Complaint asserts claims against the manufacturers and other parties responsible for the marketing and sale of the defective Chinese manufactured drywall installed in the plaintiffs' homes.[4]

Each of the Intervening Plaintiffs owns and/or occupies (or owned and/or occupied) a home or other structure with defective drywall that was manufactured, marketed, distributed or sold by one or more of the Defendants.  Like the *Abner* plaintiffs, each of the Intervening Plaintiffs owns or owned a home that has been severely damaged by Defendants' drywall.  For

---

[2] CNBM Group has been dismissed from these proceedings and will not be pursued as a defendant by Intervening Plaintiffs.

[3] The Complaint was transferred to this Court by the Judicial Panel of Multidistrict Litigation on December 28, 2011.

[4] The Complaint asserts claims against defendants for negligence, negligence per se, strict liability, breach of express and/or implied warranty, redhibition, Louisiana Product Liability Act, private nuisance, unjust enrichment, violation of the Consumer Protection Acts, and for equitable and injunctive relief and medical monitoring.

this reason, the Intervening Plaintiffs have appended a Complaint in Intervention to their Motion to Intervene that adopts and incorporates the substantive allegations of the *Abner* Complaint for purposes of Fed.R.Civ.P. 24(c).[5]

III.     **ARGUMENT**

A.     **INTERVENTION SHOULD BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)(2).**

Federal Rule of Civil Procedure 24(b), which governs permissive intervention, is to be given a liberal construction.  The Court in the sound exercise of its discretion must make a thoughtful determination and must consider the potential adverse impact on the original parties in its decision to allow or deny intervention.[6]  *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463, 467 (W.D.Mich.1980).  Federal Rule of Civil Procedure 24(b)(1)(B) provides that intervention is permissible when an applicant "has a claim or defense that shares with the main action a common question of law or fact."  The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3).  Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

The claims of the Intervening Plaintiffs clearly involve common issues of law and fact

---

[5] Under Rule 24(c), the intervenors are required to submit a motion to intervene accompanied by a pleading setting out the claims or defenses for which intervention is sought. Intervening Plaintiffs have satisfied the requirements of Fed.R.Civ.P. 24(c) by furnishing the Court with the Complaint in Intervention.

[6] Intervention as of right under Fed.R.Civ.P. 24(a) is not being pursued since the Intervening Plaintiffs' interests are being adequately represented by the representative plaintiffs in *Abner*.

with the *Abner* action since the Intervening Plaintiffs are absent class members.  Further, the

Intervening Plaintiffs are aligned with and have adopted the allegations of the *Abner* Complaint.

It would be beyond peradventure, then, that there are common legal and factual questions

between the movants and the *Abner* plaintiffs.  Intervention is appropriate under these

circumstances.

The Court should allow intervention here just as it has in similar circumstances in the

MDL.  *See* Order of March 17, 2010 granting motion to intervene in *Gross, et. al. v. Knauf Gips,*

*KG, et. al.*, Case No. 2:09-cv-6690 (E.D.La.)[Document # 1776].  *See also* Minute Entry of

September 16, 2010 granting motion to intervene in *Payton, et al. v. Knauf GIPS KG, et. al.*,

Case No. 2:09-cv-07628 (E.D.La.); *Gross*, *supra*; *Wiltz, et al. v. Beijing New Building Materials*

*Public Limited Co., et. al.*, Case No. 2:10-cv-00361 (E.D.La.); and  *Rogers, supra* [Document #

5559].  None of the impediments to intervention exists, such as where intervention will "unduly

delay or prejudice the adjudication of the rights of the original parties".  In *Commonwealth*

*Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F.Supp. 252, 257 (D.C.Ill.1962), *aff'd*, 315 F.2d 564

(7th Cir.1963), the court noted that this language is "a caution to the Court so that in its zeal to

avoid a multiplicity of suits it will not hamper or vex the claims of the original parties".  These

unwarranted concerns do not apply since the Intervening Plaintiffs will not be an imposition on

these proceedings.  Indeed, the Intervening Plaintiffs will be represented by the Plaintiffs

Steering Committee (the "PSC"), and will be pursuing identical claims to those asserted by the

plaintiffs in *Abner*.

Additionally, the Intervening Plaintiffs are not naming any additional defendants (*i.e.*,

distributors, suppliers, importers, exporters, brokers, builders, and contractors/installers).

Allowing intervention under these circumstances will not delay the proceedings in *Abner* nor prejudice the original parties.  To the contrary, permitting the requested intervention will afford all parties complete relief.

## IV.    CONCLUSION

For the reasons set forth above, Intervening Plaintiffs' Motion to Intervene in *Abner* should be granted.

Respectfully submitted,

Dated:      August 1, 2017

/s/ Russ M. Herman
Russ M. Herman  (LA Bar No. 6819)
Leonard A. Davis (LA Bar No. 14190)
Stephen J. Herman (LA Bar No. 23129)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (On the Brief)
Fred S. Longer (On the Brief)
Sandra L. Duggan (On the Brief)
Matthew C. Gaughan (On the Brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
rbecnel@becnellaw.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seth Parker
Parker Waichman, LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James R.  Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W. Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 1st day of August, 2017.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*