UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON |
| **THIS DOCUMENT RELATES TO:**<br>*Germano v. Taishan Gypsum, 09-cv-6687*<br>*Gross v. Knauf Gips KG, 09-cv-6690*<br>*Wiltz v. BNBM, 10-cv-361*<br>*Amorin v. Taishan Gypsum, 11-cv-1672*<br>*Amorin v. Taishan Gypsum, 11-cv-1395*<br>*Amorin v. Taishan Gypsum, 11-cv-1673* | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION BY CHINA NATIONAL BUILDING MATERIALS COMPANY, LIMITED TO COMPEL DISCOVERY**

Defendant China National Building Materials Co., Ltd., ("CNBM Company") respectfully submits this memorandum in support of its motion to compel discovery pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure.

I.    **INTRODUCTION**

It is undisputed that no formal discovery relating to Plaintiffs' damages claims has been taken in this litigation, and the Plaintiffs' Steering Committee ("PSC") has refused to provide a substantive response to validly served, narrowly-tailored damages discovery propounded by CNBM Company. Yet the PSC seeks an award of hundreds of millions of dollars of remediation damages and untold sums for yet-unquantified non-remediation claims on behalf of an unknown number of claimants. The infirmity of the PSC's process for deriving its damages claims – and the absolute necessity of a fair, complete discovery process to test these claims – is highlighted by the multiple spreadsheets, dismissals, amendments, and errata the PSC has filed in the weeks

since it filed its first Class Plaintiffs' Spreadsheet. The Court must ensure CNBM Company's due process rights and order the PSC to provide fulsome discovery regarding the underlying facts and circumstances on which its claims for hundreds of millions of dollars in damages are based.

## II.  RELEVANT PROCEDURAL HISTORY

### A.  Prior Discovery Did Not Address The PSC's Purported Basis For Its Damages Claims.

Beginning shortly after its initial appearance in this litigation in March of 2015, CNBM Company participated in exhaustive one-way discovery pursued against it by the PSC that was not completed until December of that year. CNBM Company produced hundreds of thousands of pages of materials and offered several high level corporate witnesses for depositions on topics relating to the three "tracks" of litigation permitted at the time by the Court, all directed against the defendants: the PSC's motion to award class damages, personal jurisdiction over the defendant companies, and whether any defendants violated the Court's 2014 contempt order. No discovery in any of the three tracks related to Plaintiffs' damage claims. Then, just weeks into 2016, the Court stayed litigation for the duration of the year while the parties engaged in settlement discussions. In April of 2017, not long after those settlement discussions concluded without resolution, the Court found that it had jurisdiction over CNBM Company (among other defendants). Accordingly, CNBM Company now is potentially liable for the hundreds of millions of dollars in damages claimed by plaintiffs in this litigation.

### B.  The Court's Damages-Related Rulings Contemplate An Opportunity For Defendants To Analyze And Challenge The PSC's Damages Claims.

On the same day that it found jurisdiction over CNBM Company and other defendants, the Court issued its Findings of Fact and Conclusions of Law relating to the *Amorin* claimants' remediation damages claims. Rec. Doc. 20741 ("FOFCOL"). The FOFCOL directed the PSC to "submit an updated Class Plaintiffs' Spreadsheet endeavoring to include only Taishan properties

with verified under air living square footage" within two months.[1]  *Id*. at 49-50.  The FOFCOL further indicated that defendants, including CNBM Company, "will then be permitted to review and contest [that submission] or seek set-offs" before the Court relies on the revised Class Plaintiffs' Spreadsheet "to determine the aggregate total . . . remediation damages."  *Id*.  The Court has also made explicit that it contemplates additional phases of litigation to address additional damages claims to follow in short order.  *Id*. at 30.

### C. The PSC Has Rejected CNBM Company's Efforts To Obtain Necessary, Narrowly-Tailored Discovery Regarding The PSC's Damages Claims.

In preparing its defense against these claims, CNBM Company made multiple efforts to meet and confer with the PSC to refine proposed discovery requests and minimize Plaintiffs' purported burdens in responding thereto, including providing the PSC with draft copies of proposed discovery requests.  *See* Declaration of Andrew Davidson in Support of CNBM Company's Motion to Compel Discovery from Plaintiffs ("Davidson Decl.") Ex. A.  The PSC refused to meaningfully meet and confer, informing counsel on May 26, 2017, that "we consider your Request puts unnecessary and unwarranted burdens [sic] and in particular your clients [sic] refusal to Participate in any righteous discussion of Resolution short of trials" justified refusing to provide any responsive material [beyond what the PSC had given Taishan during the mediation process].  *Id.* Ex. B.  CNBM Company therefore on the same day served Plaintiffs, through File and Serve and by courtesy copy to the PSC, with the same requests for production ("RFPs"), interrogatories ("Interrogatories"), and requests for admission ("RFAs") earlier provided in draft form.  *Id.* Exs. C, D, E and F.  Following a June 14 meet and confer arranged to

---

[1] The initial spreadsheet was published on June 20, 2017.  Rec. Doc. 20824.  The PSC has subsequently submitted multiple errata and revised spreadsheets, adding and removing claimants.  *See e.g.*, Rec. Doc. 20837 (June 23, 2017); Rec. Doc. 20841 (June 27, 2017); Rec. Doc. 20859 (July 10, 2017); & Rec. Doc. 20875 (July 25, 2017).  It is not clear whether the PSC has finished amending the spreadsheet.

discuss discovery from both sides, and expecting the PSC to respond in good faith, CNBM Company granted the PSC's request to include the PSC's response to these requests as part of the July 6, 2017 "end game" meeting in New Orleans. *Id.* Ex. G. But on July 5, the PSC served general objections, refusing to produce any document, respond to any interrogatory, or even deny any request for admission. *Id.* Exs. H and I (PSC's July 5, 2017 Response ("PSC Response")). When the issue was raised on July 6, 2017, at Mr. Herman's offices, the PSC confirmed that it would produce no discovery absent court order. *Id.* ¶ 7.

The PSC has advanced several arguments in an attempt to justify its refusal to provide even the narrowly-tailored discovery CNBM Company seeks. The PSC contends that CNBM Company's discovery rights are somehow constrained by the 2009 Threshold Inspection Program, and that Plaintiffs have met their burden of production through issuance of Plaintiff Profile Forms, pictures of drywall contained in Pretrial Order 10, and the "indicia," square footage, and ownership materials that were provided in conjunction with the *Amorin* class remediation damages spreadsheet.[2] PSC Response at 5-6. The PSC even contends that CNBM Company can somehow obtain the materials it seeks through the Freedom of Information Act. *Id*. at 6. Beyond these wholly deficient objections, the PSC offers no response to CNBM Company's RFPs, Interrogatories, or RFAs.[3] This refusal to respond in any way violates CNBM Company's Constitutional due process rights to understand and confront the claims against it, the Federal Rules of Civil Procedure, and directives in the Court's FOFCOL. And as much as the PSC endeavors to avoid this discovery by pointing to other information it supposedly made

---

[2] The product identification "indicia" were previously provided to Taishan during settlement negotiations. As Taishan informed the PSC during 2016, these materials are insufficient to determine the drywall manufacturer for the overwhelming majority of properties.

[3] The PSC has previously relied upon deemed admissions. Rec. Doc. 17993.

available in other contexts, the fact is that none of that self-selected and self-serving data addresses the narrow but crucial requests properly made by CNBM Company.

### III.     ARGUMENT

#### A.     CNBM Is Entitled To Discovery Pursuant To The Constitution, Rule 26(b)(1) Of The Federal Rules Of Civil Procedure, And This Court's Orders.

The PSC cannot credibly contest the fact that CNBM Company, like any litigant, is entitled to take discovery and obtain information relating to the validity and magnitude of the claims against which it must defend.  Constitutional due process requirements apply to discovery, and discovery rules have been established to ensure that all litigants are afforded due process of law.  *See*, *e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees."); 16D C.J.S. Constitutional Law § 1971.  "[T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. Unit B Sept. 1981).  Those rights are at issue here, where as the Court notes, "liability and damages require separate and equally 'rigorous analysis.'" FOFCOL at 32 (citing *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013)).  In fact, and as discussed above, prior orders by this Court clearly contemplate that CNBM Company and other defendants would receive discovery necessary to litigate non-remediation damages and to "review and contest [that submission] or seek set-offs" before the Court relies on the revised Class Plaintiffs' Spreadsheet. FOFCOL at 30, 49-50.

As the multiple meet-and-confer communications establish, CNBM Company has made every effort to propound narrowly-tailored discovery requests relating to whether Plaintiffs are eligible claimants, whether Plaintiffs have remediated their properties, whether Plaintiffs have

- 5 -

suffered additional damages beyond remediation costs, and whether Plaintiffs have received payments from other parties and/or sources relating to their claims.  Yet the PSC has given CNBM Company nothing more than general objections.  The PSC cites no legal authority for their refusal to participate in discovery, nor could it.  The discovery sought by CNBM is permissible under Federal Rule of Civil Procedure Rule 26(b)(1).  It seeks only information relevant to the damages at issue in this MDL, and is certainly proportional to the needs of the case, considering the hundreds of millions of dollars sought by the PSC.  *See* Fed. R. Civ. P. 26(b)(1).  It is proper for CNBM Company to seek this discovery now.  This discovery, which was not permitted during the "three tracks" process of 2015 and the stay in 2016, will permit CNBM Company to fully participate in the remediation damages determination process contemplated in the Court's FOFCOL.

### B. The PSC's Prior "Productions" Are Insufficient And Do Not Address All Of CNBM Company's Requests.

The PSC's contention that CNBM Company has access to sufficient information to respond to the repeatedly-amended Class Plaintiffs' Spreadsheet falls apart upon any sort of closer inspection.  The discovery sought by CNBM Company is necessary to remedy the shortcomings in the materials the PSC has provided, and to obtain additional information not present in what has been made available previously.

#### 1. The Plaintiff Profile Forms Are Unreliable And Do Not Include Original Material.

The PSC puts great stock in the utility of Plaintiff Profile Forms ("PPFs") submitted pursuant to the Court's pretrial orders as an unimpeachable source of information relating to product identification, home ownership, and square footage.  PSC Response at 5.  But even the BrownGreer firm "acknowledged that information on Plaintiff Profile Forms was not always reliable and, absent verifiable supporting evidence, such as photographs or inspection reports, [it]

- 6 -

did not regard a statement on a profile form as sufficient evidence of product identification." FOFCOL at 21.  The unreliability of the PPFs is significant because for "2,449 properties in the original class list, the only proof that Taishan or Chinese drywall was used in the claimants' properties was the claimants' statements on the Plaintiff Profile Forms."  FOFCOL at 21.

CNBM Company seeks discovery that will give it access to reliable information against which to compare the product identification and property square footage claims found in the PPFs.  Given the large percentage of properties in which the Plaintiffs' PPF statements are the only "proof" of the existence of Taishan or BNBM PLC drywall in properties at issue, this information is essential if CNBM is to "review and contest" the updated Class Plaintiffs' Spreadsheet as envisioned by the Court's FOFCOL.

### 2. The PSC's Attempted Reliance On Summary Materials Is Contrary To The Federal Rules Of Evidence And This Court's Orders.

The PSC also suggests that CNBM Company should rely upon spreadsheets and other materials that have been developed over the course of the litigation as sources of proof and indicia against which to assess the updated Class Plaintiffs' Spreadsheet.  PSC Response at 5-6.  But in the absence of CNBM Company's access to the original evidence upon which those materials are based, compilations, summaries and other materials prepared during the course of the litigation are not evidence that can be used as proof as to questions of product identification, under air living space square footage, or current ownership.  Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.").  In fact, the federal rule of evidence permitting reliance on summary evidence specifically provides that the proponent of such evidence "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006.

Beyond being explicitly required by the Federal Rules of Evidence, production of original materials underlying the PSC's various summaries and spreadsheets is consistent with – and implicitly required by – this Court's Pretrial Orders 1, 1B, 1I and 1J. There, the Court laid out guidelines for the preservation of physical evidence essential for an individualized determination of product ID to support claims against the various defendants, and made clear that failure to preserve this evidence would subject the responsible party to spoliation claims. Thus, CNBM Company seeks the original proof underlying the materials the PSC puts forth as sources of ownership, square footage, and indicia so that it may conduct an independent analysis upon which to base its defenses, whether in trials or as part of the remediation damages determination process envisioned by the FOFCOL. And if the claimants have spoliated this evidence, CNBM Company is entitled to know that, too.

### 3. The PSC's Prior "Productions" Do Not Address Many Of CNBM Company's Requests.

CNBM Company's requests go beyond the materials referenced in the PSC's general objections. This information is necessary for CNBM Company to defend itself, both in the *Amorin* class damages proceeding, and in other future phases of litigation. Even accepting, for the sake of argument, that these productions are sufficient for the class remediation damages proceeding, the materials do not satisfy the PSC's discovery obligations by any measure.

CNBM Company's requests seek information beyond what the PSC describes as at issue in the *Amorin* class damages proceeding. For example, the RFPs request the production of documents relating to claimant eligibility, such as any assignments of personal rights of action for property damage to subject property (RFP No. 6), non-remediation damages such as the value of appliances and other personal property allegedly damaged by drywall (RFP Nos. 10-12), alternative living expenses (RFP No. 13), losses due to bankruptcy or foreclosure (RFP Nos. 14,

15), and other damages (RFP Nos. 16, 18). The interrogatories similarly seek information relating to claimant eligibility (Interrogatory Nos. 1, 2, 4, 15-20), remediation costs (Interrogatory No. 14 ), other damages (Interrogatory Nos. 6-12), and setoffs (Interrogatory No. 13). Finally, the RFAs seek to determine the status of remediation of each claimant's property, the actual costs thereof, and whether claimants purchased their properties with knowledge of the defective drywall, among other issues.

Nor should the Court excuse the PSC's failure to provide discovery beyond the *Amorin* class damages proceedings due to the state of litigation. For reasons of expediency and efficiency, CNBM seeks discovery related to all potential damages claims made by Plaintiffs. Authorizing this discovery now will allow the Court to avoid the otherwise inevitable delays associated with repeated cycles of requests and productions during each of the subsequent damages phases envisioned by the Court. Further, by seeking this discovery now, CNBM Company avoids burdening Plaintiffs with repeated discovery requests during each subsequent damages phase. The discovery sought by CNBM Company is essential to conducting the phased damages process contemplated by the Court.

**IV.    CONCLUSION**

The Court must reject the PSC's refusal to participate in discovery, and order the PSC to respond in good faith to CNBM Company's discovery requests.

Dated: August 1, 2017

                                        Respectfully submitted,

                                        */s/ L. Christopher Vejnoska*

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082)<br>Eric Matthew Hairston (CA Bar No. 229892)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105<br>Tel:  415-773-5700<br>Email:  cvejnoska@orrick.com<br>            ehairston@orrick.com | Ewell E. Eagan, Jr. (LA Bar No. 5239)<br>Donna Phillips Currault (LA Bar No. 19533)<br>GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC<br>201 St. Charles Avenue, 40th Floor<br>New Orleans, LA 70170-4000<br>Tel: (504) 582-1111<br>Email: eeagan@gamb.law<br>             dcurrault@gamb.law |
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>Tel:  212-506-5000<br>Email: jstengel@orrick.com<br>            xiangwang@orrick.com | Eric A. Shumsky (D.C. Bar No. 477926)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Columbia Center<br>1152 15th Street NW<br>Washington, D.C. 20005<br>Tel:  202-339-8400<br>Email:  eshumsky@orrick.com |

*Counsel for CNBM Co. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Memorandum in Support of Motion to Compel Discovery from Plaintiffs has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 1st day of August 2017.

*/s/ L. Christopher Vejnoska*
L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email:  cvejnoska@orrick.com

*Counsel for CNBM Co. Ltd.*