UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

<table>
<tr><td>IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Germano v. Taishan Gypsum, 09-cv-6687*<br>*Gross v. Knauf Gips KG, 09-cv-6690*<br>*Wiltz v. BNBM, 10-cv-361*<br>*Amorin v. Taishan Gypsum, 11-cv-1672*<br>*Amorin v. Taishan Gypsum, 11-cv-1395*<br>*Amorin v. Taishan Gypsum, 11-cv-1673*</td><td>MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR.</td></tr>
</table>

## DECLARATION OF ANDREW DAVIDSON IN SUPPORT OF CHINA NATIONAL BUILDING MATERIALS COMPANY, LIMITED'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS

I, Andrew Davidson, declare under penalty of perjury under the laws of the United States of America, that the following statements are true and correct:

1. I am an attorney licensed to practice law in the State of California.  I am an attorney at Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for Defendants China National Building Materials Co., Ltd. ("CNBM Company"), Beijing New Materials Group Co., Ltd. ("BNBM Group") and Beijing New Building Materials Limited Co. ("BNBM Company").  I respectfully submit this declaration in support of CNBM Company's Motion to Compel Discovery from Plaintiffs.

2. In May 2017, CNBM Company made efforts to meet and confer with the Plaintiffs Steering Committee ("PSC") to refine proposed discovery requests and minimize Plaintiffs' purported burdens in responding thereto, including providing the PSC with draft copies of proposed discovery requests.  A true and correct copy of correspondence providing the PSC with draft copies of proposed discovery requests is attached hereto as Exhibit A.

1

3.   On May 26, 2017, the PSC refused to meaningfully meet and confer regarding CNBM Company's discovery requests.  A true and correct copy of correspondence from the PSC refusing to meaningfully meet and confer regarding CNBM Company's discovery requests is attached hereto as Exhibit B.

4.   That same day, CNBM Company served Plaintiffs, through File and Serve and by courtesy copy to the PSC, with the same requests for production ("RFPs"), interrogatories ("Interrogatories"), and requests for admission ("RFAs") earlier provided in draft form.  True and correct copies of the email transmittal of the courtesy copy to the PSC of and the RFPs, Interrogatories and RFAs served on Plaintiffs are attached hereto as Exhibits C, D, E and F.

5.   On June 14, 2017, the parties met and conferred to discuss discovery from both sides. Following a meet and confer between the parties to discuss discovery from both sides on June 14, 2017, CNBM Company granted the PSC an extension of time to respond to the RFPs, Interrogatories and RFAs, with a revised deadline of July 6, 2017.  A true and correct copy of correspondence memorializing this extension is attached hereto as Exhibit G.

6.   On July 5, 2017, the PSC served only general objections to CNBM Company's discovery, refusing to produce any document, respond to any interrogatory, or even deny any request for admission.  True and correct copies of the File and Serve email notification of and PSC's July 5, 2017 Response are attached hereto as Exhibits H and I.

7.   On July 6, 2017, as part of the "end game" process, my colleagues and I met with the PSC in Mr. Herman's offices in New Orleans.  During the meeting, the PSC confirmed that it would produce no discovery absent court order.

2

Executed this 1st day of August 2017, in San Francisco, California.

_____

ANDREW DAVIDSON

EXHIBIT A

| | |
|---|---|
| **From:** | Vejnoska, Christopher |
| **Sent:** | Tuesday, May 23, 2017 7:25 PM |
| **To:** | RHERMAN@hhklawfirm.com |
| **Cc:** | Arnold Levin; Sandy Duggan; Lenny Davis; Kenny, Mike; Taylor, Bernard; Eikhoff, Christy Hull; Stengel, James; Shumsky, Eric A.; Hairston, Eric Matthew; Davidson, Andrew K.; Shapiro, Marc R.; Tim Eagan; Donna Currault; Harry Rosenberg (1219) |
| **Subject:** | Chinese Drywall:  Discovery Requests |
| **Attachments:** | CNBM Co. RFAs - May 2017.pdf; CNBM Co. RFPs - May 2017.pdf; CNBM Co. ROGs - May 2017.pdf |

Russ,

I have attached a set of requests for production, interrogatories, and requests for admission intended to enable CNBM Company to meaningfully respond to the class damages spreadsheet being prepared by Brown Greer with input from the PSC.

These discovery requests are drafted in an effort to obtain information on product identification, damages, set-offs, and eligibility to recover as part of the *Amorin* class.  We believe that the PSC may maintain this information in some form of document repository or database.  Please let us know if the PSC is willing to provide its full claimant files on all *Amorin* plaintiffs.  Depending on the fulsomeness and accuracy of the information in these files, we may be able to forego formal service of these requests.  Our goal is to minimize the PSC's burden of responding to the extent possible, and to avoid burdening individual claimants with responding to these requests altogether.

We look forward to and request your response no later than Thursday, May 25, 2017.

Sincerely,

Chris


**L. Christopher Vejnoska**
Partner

Orrick
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669  Ⓥ
T +1-415-773-5916
M +1-925-766-7677
cvejnoska@orrick.com



# EXHIBIT B

**From:**           Russ Herman <RHERMAN@hhklawfirm.com>
**Sent:**           Friday, May 26, 2017 6:42 AM
**To:**             Vejnoska, Christopher
**Cc:**             Eikhoff, Christy Hull; Lenny Davis; Arnold Levin; Sandy Duggan; Kenny, Mike; Taylor,
                    Bernard; Stengel, James; Shumsky, Eric A.; Hairston, Eric Matthew; Davidson, Andrew K.;
                    Shapiro, Marc R.; Tim Eagan; Donna Currault; Harry Rosenberg (1219); Fred Longer;
                    Lillian Flemming
**Subject:**        Re: Chinese Drywall:  Discovery Requests


There were no informal exchanges As you well know the exchanges were supervised and
Monitored by two special masters and Taishan made its own analysis with several attorneys and staff at each meeting .
Please communicate with Taishan . Unfortunately we consider your
Request puts unnecessary and unwarranted burdens and in particular your clients refusal to
Participate in any righteous discussion of
Resolution short of trials .


Sent from my iPhone

On May 25, 2017, at 10:56 PM, Vejnoska, Christopher <cvejnoska@orrick.com> wrote:

> Russ,
>
> It is our understanding that the material you informally made available in 2016 consists of plaintiff
> profile forms, some documentary indicia related to product ID for the plaintiffs with claims against
> Taishan and/or BNBM, and a small and very incomplete assortment of miscellaneous documents.
>
>
> As we already have explained, these materials are insufficient to allow us to respond to the forthcoming
> spreadsheet and each individual claimant's damages claims.  We are seeking a limited number of
> relevant categories of additional information, and we continue to be willing and available to discuss how
> the PSC and/or primary counsel can provide this information in an efficient and minimally-burdensome
> fashion.  However, if we are unable to discuss and resolve our requests for this additional essential
> information by Tuesday, May 30, we will have no choice but to formally serve the discovery.  Please let
> us know if you wish to discuss these requests further.
>
>
> Kind regards,
>
> Chris
>
> On May 25, 2017, at 4:19 PM, Russ Herman <RHERMAN@hhklawfirm.com> wrote:
>
> > CNBM can get from you the information you collected from us and other sources After
> > CNBM HAS REVIEWED THAT MATERIAL
> > WE WILL DISCUSS WITH CNBM. Our view is there is not nor has there ever been a
> > Chinese
> > Wall among Taishan/ BNBM / CNBM etc . regards , Russ

Sent from my iPhone

On May 25, 2017, at 4:14 PM, Eikhoff, Christy Hull <Christy.Eikhoff@alston.com> wrote:

> Because of the potential overlap between the information sought by
> CNBM's discovery requests and the categories of information Taishan
> identified in its Motion for Access to Claims Support and for Evidentiary
> Hearing on Remediation Damages filed last Friday, we will join the
> discussion when it occurs.  We are also available tomorrow or
> Tuesday.
>
> Christy Hull Eikhoff
> Alston & Bird, LLP
> 404-881-4496 direct
> 404-881-7000 main
> Assistant: Scott Bobo (scott.bobo@alston.com)
> Christy.eikhoff@alston.com

**From:** Vejnoska, Christopher [mailto:cvejnoska@orrick.com]
**Sent:** Thursday, May 25, 2017 4:59 PM
**To:** Lenny Davis <LDAVIS@hhklawfirm.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Arnold Levin
<ALevin@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>; Kenny,
Mike <Mike.Kenny@alston.com>; Taylor, Bernard
<Bernard.Taylor@alston.com>; Eikhoff, Christy Hull
<Christy.Eikhoff@alston.com>; Stengel, James <jstengel@orrick.com>;
Shumsky, Eric A. <eshumsky@orrick.com>; Hairston, Eric Matthew
<ehairston@orrick.com>; Davidson, Andrew K.
<adavidson@orrick.com>; Shapiro, Marc R. <mrshapiro@orrick.com>;
Tim Eagan <EEagan@gamb.law>; Donna Currault
<DCurrault@gamb.law>; Harry Rosenberg (1219)
<Harry.Rosenberg@phelps.com>; Fred Longer <FLonger@lfsblaw.com>;
Lillian Flemming <LFLEMMING@hhklawfirm.com>
**Subject:** Re: Chinese Drywall: Discovery Requests

Russ,

We respectfully disagree with the PSC's
contention that CNBM Company, BNBM
Group, and BNBM PLC have access to
sufficient information to respond to the
forthcoming BrownGreer and PSC claimant
spreadsheet.

As an initial matter, we note that the April-October 2016 mediation sessions were conducted between the PSC and Taishan.  CNBM Company, BNBM Group, and BNBM PLC did not participate in the sharing of claimant information, or the product identification analysis.  We understand that the PSC provided a very limited set of materials to Taishan, including plaintiff profile forms, and some product identification indicia.  Even so, we note that Judge Fallon's class damages FOFCOL observes that plaintiff profile forms can be unreliable, and that for 2,449 properties on the original class list, the only proof that Chinese drywall was used in the property are statements in the profile forms.

Our proposed discovery seeks a limited set of materials beyond product identification and the claimant information listed in Exhibit 79.  This includes current homeownership status, materials supporting the square footage of each property, the remediation status and, if applicable, the actual costs incurred in remediating claimant properties, and set-offs including payments from other settlements and/or insurance companies.  To the best of our knowledge, the PSC has not provided this information to any defendant.

We take from your communication that you have no objection to Taishan sharing the information that you provided during mediation negotiations, and no objection to use of this information in litigation.  Further, we understand that you do not object to BrownGreer providing all information in its possession relating to Taishan and BNBM claimants.  Please let us know as soon as possible if we are incorrect.

Finally, we do not believe that it is appropriate to defer discussion until a mid-June meet-and-confer session.  As you know, BrownGreer is scheduled to provide the claimant spreadsheet no later than June 21, 2017, and Jake Woody informed the Court that the work was ahead of schedule.  Thus, we request that you make a PSC representative available to discuss by phone on Friday, May 26, or Tuesday, May 30, at a time of your choosing.

Sincerely,

Chris

On May 25, 2017, at 11:51 AM, Lenny Davis <LDAVIS@hhklawfirm.com> wrote:

4

From Russ M Herman

The discovery that you sent is duplicative and completely redundant of the work that was performed previously in this litigation.  Plaintiffs submitted profile forms in accordance with Judge Fallon's pretrial orders, multiple meet and confer sessions took place from April 2016 through October 2016 which included, among other things, a comprehensive analysis with a property by property review of non-Knauf drywall properties, the development of a spreadsheet that was available to all parties which contains proof and indicia and other materials that were provided to the Taishan Defendants.  The CNBM entities as well as the other Taishan Defendants should be reviewing whatever materials have been developed over the 8 years of this litigation with Brown Greer in order to evaluate the class damages spreadsheet.  We believe the information has been shared and that your proposed discovery is only intended to increase the PSC's burden as well as the burden on individual claimants.  Notwithstanding this, we will be prepared to discuss your email in greater detail at the meet and confer session which is being set up.  We believe that having a meet and confer on these issues is appropriate before any discovery is formally issued.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Vejnoska, Christopher
[mailto:cvejnoska@orrick.com]
**Sent:** Tuesday, May 23, 2017 9:25 PM

**To:** Russ Herman
**Cc:** Arnold Levin; Sandy Duggan; Lenny Davis; Kenny, Mike; Taylor, Bernard; Eikhoff, Christy Hull; Stengel, James; Shumsky, Eric A.; Hairston, Eric Matthew; Davidson, Andrew K.; Shapiro, Marc R.; Tim Eagan; Donna Currault; Harry Rosenberg (1219)
**Subject:** Chinese Drywall: Discovery Requests

Russ,

I have attached a set of requests for production, interrogatories, and requests for admission intended to enable CNBM Company to meaningfully respond to the class damages spreadsheet being prepared by Brown Greer with input from the PSC.

These discovery requests are drafted in an effort to obtain information on product identification, damages, set-offs, and eligibility to recover as part of the *Amorin* class. We believe that the PSC may maintain this information in some form of document repository or database. Please let us know if the PSC is willing to provide its full claimant files on all *Amorin* plaintiffs. Depending on the fulsomeness and accuracy of the information in these files, we may be able to forego formal service of these requests. Our goal is to minimize the PSC's burden of responding to the extent possible, and to avoid burdening individual claimants with responding to these requests altogether.

We look forward to and request your response no later than Thursday, May 25, 2017.

Sincerely,

Chris

**L. Christopher Vejnoska**
Partner

Orrick
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669   <image001.jpg>
T +1-415-773-5916
M +1-925-766-7677
cvejnoska@orrick.com

<image004.png>

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communicat received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Plea the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication priv received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify u the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

EXHIBIT C

| | |
|---|---|
| **From:** | Okano, Youske |
| **Sent:** | Friday, May 26, 2017 3:01 PM |
| **To:** | 'Russ Herman'; 'Kerry J. Miller'; LDAVIS@hhklawfirm.com; ALevin@lfsblaw.com; sduggan@lfsblaw.com; FLonger@lfsblaw.com; LFLEMMING@hhklawfirm.com; Christy.Eikhoff@alston.com; Mike.Kenny@alston.com; Bernard.Taylor@alston.com |
| **Cc:** | Vejnoska, Christopher; Stengel, James; Shumsky, Eric A.; Hairston, Eric Matthew; Davidson, Andrew K.; Shapiro, Marc R.; Wu, Jason M.; Riddell, J.R.; Guerra, Dan; 'Tim Eagan'; 'Donna Currault'; Harry.Rosenberg@phelps.com |
| **Subject:** | USDC MDL 2047 |
| **Attachments:** | 2017-05-26 CNBM Co. RFAs.pdf; 2017-05-26 CNBM Co. ROGs.pdf; 2017-05-26 CNBM Co. RFPs.pdf |

Pursuant to Pretrial Order No. 6, attached are the documents served today by the Defendants:

- **CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S FIRST SET OF INTERROGATORIES**
- **CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S FIRST SET OF REQUESTS FOR ADMISSION FROM PLAINTIFFS**
- **CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S SECOND SET OF REQUESTS FOR PRODUCTION FROM PLAINTIFFS**

You will receive a copy via US Mail.

**Youske Okano**
Senior Paralegal

Orrick

San Francisco ⓥ
T 415-773-5894
yokano@orrick.com





1

EXHIBIT D



E-SERVICE

60653788
May 26 2017
04:21PM

File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | |
| *Germano v. Taishan Gypsum, 09-cv-6687* | JUDGE ELDON E. FALLON |
| *Gross v. Knauf Gips KG, 09-cv-6690* | |
| *Wiltz v. BNBM, 10-cv-361* | |
| *Amorin v. Taishan Gypsum, 11-cv-1672* | MAGISTRATE JUDGE |
| *Amorin v. Taishan Gypsum, 11-cv-1395* | JOSEPH C. WILKINSON, JR. |
| *Amorin v. Taishan Gypsum, 11-cv-1673* | |

## <u>CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S FIRST SET OF INTERROGATORIES</u>

Pursuant to Federal Rule of Civil Procedure 33, China National Building Materials

Company, Limited requests that Plaintiffs in the above-captioned and below-identified cases

respond separately and fully to the below Interrogatories and to serve said responses upon

undersigned counsel for the Defendant within thirty (30) days after service of these requests, or

such shorter period as agreed by the parties or ordered by the Court.

## DEFINITIONS

The following definitions shall be deemed to be incorporated into each of the following interrogatories as if set forth fully therein:

1.      "CNBM" means Defendant China National Building Materials Company Limited and any and all persons representing it or acting on its behalf.

2.      "BNBM GROUP" means Defendant Beijing New Building Material (Group) Company, Limited and any and all persons representing it or acting on its behalf.

3.      "BNBMPLC" means Defendant Beijing New Building Materials Public Limited Company and any and all persons representing it or acting on its behalf.

4.      "BNBM ENTITIES" means BNBM Group and BNBMPLC collectively.

5.      "TAISHAN" means Defendant Taishan Gypsum Company, Limited and any and all persons representing it or acting on its behalf.

6.      "TTP" means Defendant Taian Taishan Plasterboard Company, Limited and any and all persons representing it or acting on its behalf.

7.      "TAISHAN ENTITIES" means TAISHAN and TTP collectively.

8.      "PLAINTIFFS," "YOU" or "YOUR" mean any individual or group of individuals who purport to assert claims against CNBM, BNBM GROUP, BNBMPLC, TAISHAN or TTP in 1) Germano v. Taishan Gypsum, 09-cv-6687; 2) Gross v. Knauf Gips KG, 09-cv-6690; 3) Wiltz v. BNBM, 10-cv-361; 4) Amorin v. Taishan Gypsum, 11-cv-1672; 5) Amorin v. Taishan Gypsum, 11-cv-1395;  or 6) Amorin v. Taishan Gypsum, 11-cv-1673, including their attorneys, representatives, investigators, agents and anyone else acting under their control or direction.

9.      "PROPERTY" or "PROPERTIES" mean homes, domiciles, and/or any other real property upon which YOUR claims in this action are based.

2

10.     "BNBM DRYWALL" means any drywall YOU claim was manufactured or sold by BNBM ENTITIES.  It does not include any drywall YOU claim was manufactured by TAISHAN ENTITIES.

11.     "TAISHAN DRYWALL" means any drywall YOU claim was manufactured or sold by TAISHAN ENTITIES.  It does not include any drywall YOU claim was manufactured by BNBM ENTITIES.

12.     "UNDER AIR SQUARE FOOTAGE" means the square footage of the PROPERTY that is heated or cooled by a fixed heating, ventilation and air conditioning ("HVAC") system.

13.     "RELATE TO" or "RELATED TO" mean evidencing, memorializing, referring, refuting, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, supporting, or otherwise pertaining to in any way, in whole or in part, the subject matter referred to in the request.

14.     "DOCUMENT" or "DOCUMENTS" mean all materials within the full scope of Fed. R. Civ. P. 34, including but not limited to: all written and graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including all original documents or electronically stored information, copies with notes, versions thereof, non-identical copies, and drafts, and both sides thereof, including but not limited to: writings, drawings, lab notebooks, testing results, graphs, charts, photographs, sound recordings, images, optical recordings, letters, correspondence, memoranda, contracts, subcontracts, transcripts, telephone messages, logs, statistics, telegrams, minutes, studies, analyses, checks, statements, receipts, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, interviews, meetings or other communications,

3

bulletins, addenda, sketches, speed memoranda,  printed matter, teletypes, spreadsheets, graphic, oral or video recordings or representations, microfiche, microfilm, videotapes, CD-roms, digital media, audiotapes, recordings, motion pictures or any other schedules, ledgers, invoices, purchase orders, requisitions, appraisals, manuals, forms, maps, plats, drafts, photographs, agreements, books, journals, reports, billings, invoices, worksheets, jottings, notes, diagrams, diaries, calendar logs, facsimile transmissions, wires, computer files stored by any means, computer printouts, and electronic messages in any digital or electronic format, including emails, text messages, tweets, internet chatroom posts and all other informal or formal writing or tangible things on which any handwriting, typing, printing, video or sound is recorded or reproduced, data compilations from which information can be obtained or translated, items from which information can in any way be obtained, any other tangible things, and any copies thereof, and any and all amendments, supplements, or copies of all of the foregoing.

15.    "IDENTIFY" means:

a)   when used with respect to a person, to state the full name, business address and telephone number of the person, and if a natural person, his job title and the name and address of his employer.

b)   when used with respect to a document, to state the title, author and date of the document, a general description of the form and content of the document, and the name, business address and telephone number of persons having possession, custody or control of the document.  If the document was, but no longer is, in YOUR possession, custody or control, or is no longer in existence, YOU shall state the date and manner of disposition of the document.

4

c)   when used with respect to an alleged "fact" or allegation in this case, to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence or statement which supports, refutes, concerns, relates or refers to the alleged "fact" or allegation.

16.   "RELEVANT TIME PERIOD" means January 1, 2005 through the date of YOUR response to these Interrogatories.

## INSTRUCTIONS

1.   YOU are required to answer these Interrogatories separately and fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure.

2.   Within these Interrogatories, references to the singular shall include the plural and references to the plural shall include the singular.

3.   Within these Interrogatories, the use of a verb in any tense shall be construed to include the use of the verb in all other tenses as necessary to make the document request inclusive rather than exclusive.

4.   In this discovery, CNBM seeks all information that is within the possession, custody or control of, or is known or available to, PLAINTIFFS.  If YOU are unable to answer any Interrogatory in full after diligent efforts to obtain such information known or available to YOU (whether possessed directly by YOU or YOUR counsel), please answer to the extent possible, specify the reasons for YOUR inability to answer the remainder, stating whatever information, knowledge or belief YOU have concerning the unanswered portion, and produce any supplemental responses at a later date.

5.      If YOU do not have the information available upon which to respond to any of the following Interrogatories, YOU must describe specifically the efforts YOU have made to ascertain the information and state as definitely as possible when YOU anticipate obtaining such information.

6.      If in responding to any Interrogatory YOU claim any ambiguity in either the interrogatory or a definition or instruction applicable thereto, YOU must make YOUR best efforts to interpret the Interrogatory, definition or instruction within the context of this litigation and identify in YOUR response the language YOU consider ambiguous and include in YOUR response the construction, interpretation or assumptions upon which YOUR response is made.

7.      These Interrogatories are deemed to be continuing in nature, and pursuant to Fed. R. Civ. P. 26(e), are subject to the requirement that any responses be supplemented if information is obtained at a later date that was not available or known at the time of the initial responses.

8.      The Interrogatories are to be construed so as to make YOUR responses inclusive rather than exclusive.

9.      In the event that YOU claim any form of privilege as to any Interrogatory herein, or claim that disclosure of any information or documentation called for in response to these Interrogatories will reveal information which YOU claim should be withheld on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege, YOU are required to identify such information by subject matter and to state with particularity the facts and legal grounds that YOU believe prevent the disclosure of the information.

10.     In the event that YOU claim any burden or oppression as to any Interrogatory herein, YOU must state the reason for such claim, the number of files and/or the documents that need to be searched to respond to the Interrogatory, their location, the time YOU claim will be required to respond to the Interrogatory, and the cost of such a search.

11.     To the extent that YOU consider any Interrogatory to be objectionable, YOU must respond to that portion of the Interrogatory to which YOU have no objection and must separately state the portion of the Interrogatory to which YOU lodge an objection, stating the specific grounds upon which YOU object.

12.     If YOU submit DOCUMENTS in response to any Interrogatory, YOUR DOCUMENTS must be identified by the particular Interrogatory to which they are responsive and must be produced in the same order as they are kept or maintained in the ordinary course of business and shall be produced in their original file folders, binders, covers, or containers.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**

If YOU contend that TAISHAN DRYWALL was installed in YOUR PROPERTY during the RELEVANT TIME PERIOD, please IDENTIFY all facts and circumstances in support of YOUR contention.

## **RESPONSE TO INTERROGATORY NO. 1**

**INTERROGATORY NO. 2**

If YOU contend that BNBM DRYWALL was installed in YOUR PROPERTY during the

RELEVANT TIME PERIOD, please IDENTIFY all facts and circumstances in support of

YOUR contention.

**RESPONSE TO INTERROGATORY NO. 2**

**INTERROGATORY NO. 3**

Please IDENTIFY any methodology by which YOU determined, calculated, estimated,

approximated or otherwise sought to derive the UNDER AIR SQUARE FOOTAGE of YOUR

PROPERTY.

**RESPONSE TO INTERROGATORY NO. 3**

**INTERROGATORY NO. 4**

Please IDENTIFY the date or dates of installation for any defective Chinese-

manufactured drywall YOU contend was installed in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 4**

**INTERROGATORY NO. 5**

Please IDENTIFY each party YOU contend supplied and/or installed any defective

Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 5**

**INTERROGATORY NO. 6**

Please IDENTIFY any harm, financial or otherwise, that YOU contend was caused by defective Chinese-manufactured drywall installed in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 6**

**INTERROGATORY NO. 7**

Please IDENTIFY all facts and circumstances that RELATE TO any personal bankruptcy YOU claim was caused by damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 7**

**INTERROGATORY NO. 8**

Please IDENTIFY all facts and circumstances that RELATE TO any real property foreclosure or short sale YOU claim was caused by damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 8**

**INTERROGATORY NO. 9**

Please IDENTIFY all facts and circumstances that RELATE TO any loss of use and/or loss of enjoyment damages YOU claim were caused by defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 9**

**INTERROGATORY NO. 10**

Please IDENTIFY all facts and circumstances that RELATE TO any moving costs and/or alternative living expenses YOU claim to have incurred as a result of damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 10**

**INTERROGATORY NO. 11**

Please IDENTIFY all facts and circumstances that RELATE TO any diminution in value or stigmatization of YOUR PROPERTY that YOU claim was caused by defective Chinese-manufactured drywall.

**RESPONSE TO INTERROGATORY NO. 11**

**INTERROGATORY NO. 12**

Please IDENTIFY any appliances, fixtures and/or other electronics YOU claim were damaged by defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 12**

**INTERROGATORY NO. 13**

Please IDENTIFY any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party, legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**RESPONSE TO INTERROGATORY NO. 13**

**INTERROGATORY NO. 14**

For each of YOUR PROPERTIES that have undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall, please IDENTIFY the date, scope, and costs of any such remediation effort.

**RESPONSE TO INTERROGATORY NO. 14**

**INTERROGATORY NO. 15**

Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**RESPONSE TO INTERROGATORY NO. 15**

**INTERROGATORY NO. 16**

Please IDENTIFY all facts and circumstances that RELATE TO any assignment of personal right of action for purported damage to YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 16**

**INTERROGATORY NO. 17**

Please IDENTIFY the date or dates on which YOU first became aware that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

**RESPONSE TO INTERROGATORY NO. 17**

**INTERROGATORY NO. 18**

Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

12

**RESPONSE TO INTERROGATORY NO. 18**

**INTERROGATORY NO. 19**

Please IDENTIFY the date or dates on which YOU first became aware of any damage to YOUR PROPERTY that YOU contend was caused by defective Chinese-manufactured drywall.

**RESPONSE TO INTERROGATORY NO. 19**

**INTERROGATORY NO. 20**

Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness of damage to YOUR PROPERTY that YOU contend was caused by defective Chinese-manufactured drywall.

**RESPONSE TO INTERROGATORY NO. 20**

**INTERROGATORY NO. 21**

If YOU provide any response other than an unqualified admission to any of CNBM's First Set of Requests for Admission from Plaintiffs, served concurrently herewith, please IDENTIFY all facts and circumstances in support of YOUR denial and/or qualification.

**RESPONSE TO INTERROGATORY NO. 21**

Respectfully submitted,

/s/ _____

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
Tel.:  415-773-5700
E-mail:   cvejnoska@orrick.com
               ehairston@orrick.com
               adavidson@orrick.com
               jmwu@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Email:    jstengel@orrick.com
               xiangwang@orrick.com
               kdaley@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel:  202-339-8400
Email:    eshumsky@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY,
BARNETT  MCCOLLAM DUPLANTIS &
EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel:  (504) 582-1111
E-mail:   eeagan@gamb.law
               dcurrault@gamb.law
               arothenberg@gamb.law

*Attorneys for China National Building Materials Company, Limited*

Dated**:** May 23, 2017

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **China National Building Materials Company Limited's First Set of Interrogatories** and accompanying documents have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 26th day of May, 2017.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax:  415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM*

15

# EXHIBIT E



E-SERVICE

60653732
May 26 2017
04:13PM

File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | JUDGE ELDON E. FALLON |
| *Germano v. Taishan Gypsum, 09-cv-6687* | |
| *Gross v. Knauf Gips KG, 09-cv-6690* | MAGISTRATE JUDGE |
| *Wiltz v. BNBM, 10-cv-361* | JOSEPH C. WILKINSON, JR. |
| *Amorin v. Taishan Gypsum, 11-cv-1672* | |
| *Amorin v. Taishan Gypsum, 11-cv-1395* | |
| *Amorin v. Taishan Gypsum, 11-cv-1673* | |

## <u>CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S FIRST SET OF REQUESTS FOR ADMISSION FROM PLAINTIFFS</u>

Pursuant to Federal Rule of Civil Procedure 36, China National Building Materials Company, Limited requests that Plaintiffs in the above-captioned and below-identified cases respond separately and fully to the below Requests for Admission and to serve said responses upon undersigned counsel for the Defendant within thirty (30) days after service of these requests, or such shorter period as agreed by the parties or ordered by the Court.

## DEFINITIONS

The following definitions shall be deemed to be incorporated into each of the following requests for admission as if set forth fully therein:

1.     "CNBM" means Defendant China National Building Materials Company Limited and any and all persons representing it or acting on its behalf.

2.     "BNBM GROUP" means Defendant Beijing New Building Material (Group) Company, Limited and any and all persons representing it or acting on its behalf.

3.     "BNBMPLC" means Defendant Beijing New Building Materials Public Limited Company and any and all persons representing it or acting on its behalf.

4.     "BNBM ENTITIES" means BNBM Group and BNBMPLC collectively.

5.     "TAISHAN" means Defendant Taishan Gypsum Company, Limited and any and all persons representing it or acting on its behalf.

6.     "TTP" means Defendant Taian Taishan Plasterboard Company, Limited and any and all persons representing it or acting on its behalf.

7.     "TAISHAN ENTITIES" means TAISHAN and TTP collectively.

8.      "PLAINTIFFS," "YOU" or "YOUR" mean any individual or group of individuals who purport to assert claims against CNBM, BNBM GROUP, BNBMPLC, TAISHAN or TTP in 1) Germano v. Taishan Gypsum, 09-cv-6687; 2) Gross v. Knauf Gips KG, 09-cv-6690; 3) Wiltz v. BNBM, 10-cv-361; 4) Amorin v. Taishan Gypsum, 11-cv-1672; 5) Amorin v. Taishan Gypsum, 11-cv-1395;  or 6) Amorin v. Taishan Gypsum, 11-cv-1673, including their attorneys, representatives, investigators, agents and anyone else acting under their control or direction.

9.     "PROPERTY" or "PROPERTIES" mean homes, domiciles, and/or any other real property upon which YOUR claims in this action are based.

10.     "BNBM DRYWALL" means any drywall YOU contend was manufactured or sold by BNBM ENTITIES.  It does not include any drywall YOU contend was manufactured by TAISHAN ENTITIES.

11.     "TAISHAN DRYWALL" means any drywall YOU contend was manufactured or sold by TAISHAN ENTITIES.  It does not include any drywall YOU contend was manufactured by BNBM ENTITIES.

12.     "RELATE TO" or "RELATED TO" mean evidencing, memorializing, referring, refuting, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, supporting, or otherwise pertaining to in any way, in whole or in part, the subject matter referred to in the request.

13.     "DOCUMENT" or "DOCUMENTS" mean all materials within the full scope of Fed. R. Civ. P. 34, including but not limited to: all written and graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including all original documents or electronically stored information, copies with notes, versions thereof, non-identical copies, and drafts, and both sides thereof, including but not limited to: writings, drawings, lab notebooks, testing results, graphs, charts, photographs, sound recordings, images, optical recordings, letters, correspondence, memoranda, contracts, subcontracts, transcripts, telephone messages, logs, statistics, telegrams, minutes, studies, analyses, checks, statements, receipts, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, interviews, meetings or other communications, bulletins, addenda, sketches, speed memoranda,  printed matter, teletypes, spreadsheets, graphic,

oral or video recordings or representations, microfiche, microfilm, videotapes, CD-roms, digital media, audiotapes, recordings, motion pictures or any other schedules, ledgers, invoices, purchase orders, requisitions, appraisals, manuals, forms, maps, plats, drafts, photographs, agreements, books, journals, reports, billings, invoices, worksheets, jottings, notes, diagrams, diaries, calendar logs, facsimile transmissions, wires, computer files stored by any means, computer printouts, and electronic messages in any digital or electronic format, including emails, text messages, tweets, internet chatroom posts and all other informal or formal writing or tangible things on which any handwriting, typing, printing, video or sound is recorded or reproduced, data compilations from which information can be obtained or translated, items from which information can in any way be obtained, any other tangible things, and any copies thereof, and any and all amendments, supplements, or copies of all of the foregoing.

14.     "RELEVANT TIME PERIOD" means January 1, 2005 through the date of YOUR response to these Requests.

## INSTRUCTIONS

1.     YOU are required to answer these Requests separately and fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure.

2.     Within these Requests, references to the singular shall include the plural and references to the plural shall include the singular.

3.     Within these Requests, the use of a verb in any tense shall be construed to include the use of the verb in all other tenses as necessary to make the document request inclusive rather than exclusive.

4.     These Requests are deemed to be continuing in nature, and pursuant to Fed. R. Civ. P. 26(e), are subject to the requirement that any responses be supplemented and/or amended

if information is obtained at a later date that was not available or known at the time of the initial responses.

5.     Should any objection to a Request be offered, it should clearly indicate the basis for the objection and to which part or portion of the Request it is directed.

6.     If, in answering any of these Requests, PLAINTIFF claims ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be interposed as a basis for refusing to respond but there shall be set forth as a part of the response language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

<u>**REQUESTS FOR ADMISSION**</u>

**<u>REQUEST FOR ADMISSION NO. 1:</u>**

Admit that YOUR PROPERTY has undergone remediation for all damage that YOU contend was caused by defective Chinese-manufactured drywall.

**<u>REQUEST FOR ADMISSION NO. 2:</u>**

Admit that YOUR PROPERTY has undergone partial remediation for damage that YOU contend was caused by defective Chinese-manufactured drywall.

**<u>REQUEST FOR ADMISSION NO. 3:</u>**

If YOUR PROPERTY has undergone full remediation for damage that YOU contend was caused by defective Chinese-manufactured drywall, admit that the actual cost of such remediation was less than $105.91 per square foot.

**REQUEST FOR ADMISSION NO. 4:**

If YOUR PROPERTY has undergone partial remediation for damage that YOU contend was caused by defective Chinese-manufactured drywall, admit that the actual cost of such remediation was less than $105.91 per square foot.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have received an estimate, budget, projection, approximation or other attempt to determine the cost of remediating damage to YOUR PROPERTY that YOU contend was caused by defective Chinese-manufactured drywall and that the estimated, budgeted, projected or approximated cost of such remediation is less than $105.91 per square foot.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have no DOCUMENTS or any other indicia establishing that TAISHAN DRYWALL was installed in YOUR PROPERTY during the RELEVANT TIME PERIOD.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU have no DOCUMENTS or any other indicia establishing that BNBM DRYWALL was installed in YOUR PROPERTY during the RELEVANT TIME PERIOD.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU took no action to preserve indicia (including but not limited to product samples and/or photographs of identifying characteristics) establishing the manufacturer of any defective Chinese-manufactured drywall YOU contend was installed in YOUR PROPERTY.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU had knowledge of the alleged installation of defective Chinese-manufactured drywall in YOUR PROPERTY at the time of YOUR purchase or assumption of ownership of YOUR PROPERTY.

**REQUEST FOR ADMISSION NO. 10:**

If YOU purchased or otherwise assumed ownership of YOUR PROPERTY at any point during the RELEVANT TIME PERIOD, admit that YOU did not obtain from the seller or transferor an assignment of personal right of action for purported damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall.

**REQUEST FOR ADMISSION NO. 11:**

If YOU sold or otherwise transferred ownership of YOUR PROPERTY at any point during the RELEVANT TIME PERIOD, admit that YOU did not retain from the purchaser or transferee a personal right of action for purported damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU have already received financial compensation (including but not limited to insurance payments, legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU contend was caused by defective Chinese-manufactured drywall.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU did not incur any moving costs and/or alternative living expenses as a result of damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU did not enter into personal bankruptcy as a result of damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU did not experience any real property foreclosure or short sale as a result of damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU did not experience any loss of use and/or loss of enjoyment of YOUR property as a result of damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOUR PROPERTY has not diminished in value as a result of damage or stigmatization from defective Chinese-manufactured drywall.

Respectfully submitted,

/s/ _____

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
Andrew Davidson (CA Bar No. 266506)
Jason Wu (CA Bar No. 279118)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
Tel.:  415-773-5700
E-mail:   cvejnoska@orrick.com
           ehairston@orrick.com
           adavidson@orrick.com
           jmwu@orrick.com

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY,
BARNETT  MCCOLLAM DUPLANTIS &
EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel:  (504) 582-1111
E-mail:   eeagan@gamb.law
           dcurrault@gamb.law
           arothenberg@gamb.law

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Email:    jstengel@orrick.com
           xiangwang@orrick.com
           kdaley@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel:  202-339-8400
Email:    eshumsky@orrick.com

*Attorneys for China National Building Materials Company, Limited*

Dated**:**  May 23, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **China National Building Materials Company Limited's First Set of Requests for Admission from Plaintiffs** and accompanying documents  have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 26th day of May, 2017.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax:  415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM*

10

EXHIBIT F



E-SERVICE

60653766
May 26 2017
04:17PM

File & ServeXpress

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | JUDGE ELDON E. FALLON |
| *Germano v. Taishan Gypsum, 09-cv-6687* | |
| *Gross v. Knauf Gips KG, 09-cv-6690* | MAGISTRATE JUDGE |
| *Wiltz v. BNBM, 10-cv-361* | JOSEPH C. WILKINSON, JR. |
| *Amorin v. Taishan Gypsum, 11-cv-1672* | |
| *Amorin v. Taishan Gypsum, 11-cv-1395* | |
| *Amorin v. Taishan Gypsum, 11-cv-1673* | |

<u>**CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S SECOND SET OF REQUESTS FOR PRODUCTION FROM PLAINTIFFS**</u>

Pursuant to Federal Rule of Civil Procedure 34, China National Building Materials

Company, Limited requests that Plaintiffs in the above-captioned and below-identified cases

produce and make available for inspection and copying the documents requested herein at the

offices of Gordon Arata McCollam Duplantis & Eagan LLC, 201 St. Charles Avenue, 40th

Floor, New Orleans, LA 70170-4000, within thirty (30) days after service of these requests, or

such shorter period as agreed by the parties or ordered by the Court.

**DEFINITIONS**

The following definitions shall be deemed to be incorporated into each of the following requests for production of documents as if set forth fully therein:

1.      "CNBM" means Defendant China National Building Materials Company Limited and any and all persons representing it or acting on its behalf.

2.      "BNBM GROUP" means Defendant Beijing New Building Material (Group) Company, Limited and any and all persons representing it or acting on its behalf.

3.      "BNBMPLC" means Defendant Beijing New Building Materials Public Limited Company and any and all persons representing it or acting on its behalf.

4.      "BNBM ENTITIES" means BNBM Group and BNBMPLC collectively.

5.      "TAISHAN" means Defendant Taishan Gypsum Company, Limited and any and all persons representing it or acting on its behalf.

6.      "TTP" means Defendant Taian Taishan Plasterboard Company, Limited and any and all persons representing it or acting on its behalf.

7.      "TAISHAN ENTITIES" means TAISHAN and TTP collectively.

8.       "PLAINTIFFS," "YOU" or "YOUR" mean any individual or group of individuals who purport to assert claims against CNBM, BNBM GROUP, BNBMPLC, TAISHAN or TTP in 1) Germano v. Taishan Gypsum, 09-cv-6687; 2) Gross v. Knauf Gips KG, 09-cv-6690; 3) Wiltz v. BNBM, 10-cv-361; 4) Amorin v. Taishan Gypsum, 11-cv-1672; 5) Amorin v. Taishan Gypsum, 11-cv-1395;  or 6) Amorin v. Taishan Gypsum, 11-cv-1673, including their attorneys, representatives, investigators, agents and anyone else acting under their control or direction.

9.      "PROPERTY" or "PROPERTIES" mean homes, domiciles, and/or any other real property upon which YOUR claims in this action are based.

10.      "BNBM DRYWALL" means any drywall YOU contend was manufactured or sold by BNBM ENTITIES.  It does not include any drywall YOU contend was manufactured by

TAISHAN ENTITIES.

11.     "TAISHAN DRYWALL" means any drywall YOU contend was manufactured or sold by TAISHAN ENTITIES.  It does not include any drywall YOU contend was manufactured by BNBM ENTITIES.

12.     "UNDER AIR SQUARE FOOTAGE" means the square footage of the PROPERTY that is heated or cooled by a fixed heating, ventilation and air conditioning ("HVAC") system.

13.     "RELATE TO" or "RELATED TO" mean evidencing, memorializing, referring, refuting, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, supporting, or otherwise pertaining to in any way, in whole or in part, the subject matter referred to in the request.

14.     "DOCUMENT" or "DOCUMENTS" mean all materials within the full scope of Fed. R. Civ. P. 34, including but not limited to: all written and graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including all original documents or electronically stored information, copies with notes, versions thereof, non-identical copies, and drafts, and both sides thereof, including but not limited to: writings, drawings, lab notebooks, testing results, graphs, charts, photographs, sound recordings, images, optical recordings, letters, correspondence, memoranda, contracts, subcontracts, transcripts, telephone messages, logs, statistics, telegrams, minutes, studies, analyses, checks, statements, receipts, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, interviews, meetings or other communications, bulletins, addenda, sketches, speed memoranda,  printed matter, teletypes, spreadsheets, graphic, oral or video recordings or representations, microfiche, microfilm, videotapes, CD-roms, digital media, audiotapes, recordings, motion pictures or any other schedules, ledgers, invoices, purchase orders, requisitions, appraisals, manuals, forms, maps, plats, drafts, photographs, agreements, books, journals, reports, billings, invoices, worksheets, jottings, notes, diagrams, diaries, calendar logs, facsimile transmissions, wires, computer files stored by any means,

computer printouts, and electronic messages in any digital or electronic format, including emails, text messages, tweets, internet chatroom posts and all other informal or formal writing or tangible things on which any handwriting, typing, printing, video or sound is recorded or reproduced, data compilations from which information can be obtained or translated, items from which information can in any way be obtained, any other tangible things, and any copies thereof, and any and all amendments, supplements, or copies of all of the foregoing.

15.     "RELEVANT TIME PERIOD" means January 1, 2005 through the date of YOUR response to these requests.

## INSTRUCTIONS

1.     Within these requests, references to the singular shall include the plural and references to the plural shall include the singular.

2.     Within these requests, the use of a verb in any tense shall be construed to include the use of the verb in all other tenses as necessary to make the document request inclusive rather than exclusive.

3.     All DOCUMENTS called for by these requests for production of documents are to be produced in the same order as they are kept or maintained in the ordinary course of business and shall be produced in their original file folders, binders, covers, or containers.

4.     If any DOCUMENT is withheld on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege, YOU are required to identify such information by subject matter and to state with particularity the facts and legal grounds that YOU believe prevent the disclosure of the information.

5.     Unless otherwise specifically stated, these requests encompass DOCUMENTS which were created, received, generated or otherwise entered into YOUR possession, custody, or control during the RELEVANT TIME PERIOD.

6.     These requests are deemed to be continuing in nature, and pursuant to Fed. R.

4

Civ. P. 26(e), are subject to the requirement that any responses be supplemented in the event new or additional DOCUMENTS are discovered or obtained after service thereof.  If, after responding, Plaintiff discovers additional DOCUMENTS responsive to any request, or part thereof, Plaintiff shall provide such information to Defendant within thirty (30) days after acquiring knowledge of its existence or advise Defendant in writing as to why such additional information cannot be provided within the specified period.

## PRODUCTION REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

      All DOCUMENTS that RELATE TO any entity YOU contend manufactured drywall installed in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

**REQUEST FOR PRODUCTION NO. 2:**

      All DOCUMENTS that RELATE TO any TAISHAN DRYWALL YOU contend was installed in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

**REQUEST FOR PRODUCTION NO. 3:**

      All DOCUMENTS that RELATE TO any BNBM DRYWALL YOU contend was installed in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that RELATE TO any actions YOU took to preserve indicia (including but not limited to product samples and/or photographs of identifying characteristics) establishing the manufacturer of any defective Chinese-manufactured drywall YOU contend was installed in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that RELATE TO any assignment of personal right of action for purported damage to YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that RELATE TO the UNDER AIR SQUARE FOOTAGE and/or total square footage of YOUR PROPERTY, including, but not limited to floor plans, blueprints, calculations, county tax records and property assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that RELATE TO any estimated costs to remediate damage to YOUR PROPERTY that YOU contend was caused by defective Chinese-manufactured drywall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that RELATE TO any actual costs to remediate damage to YOUR PROPERTY that YOU contend was caused by defective Chinese-manufactured drywall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that RELATE TO the cost or value of appliances, fixtures and other electronics YOU contend were damaged by defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

**REQUEST FOR PRODUCTION NO. 11:**

      All DOCUMENTS that RELATE TO the estimated replacement cost for any appliances, fixtures and other electronics YOU contend were damaged by defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

**REQUEST FOR PRODUCTION NO. 12:**

      All DOCUMENTS that RELATE TO the actual replacement cost for any appliances, fixtures and other electronics YOU contend were damaged by defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that RELATE TO any moving costs and/or alternative living expenses YOU claim to have incurred as a result of damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that RELATE TO any personal bankruptcy YOU contend was caused by damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that RELATE TO any real property foreclosure or short sale YOU contend was caused by damage from defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that RELATE TO any loss of use and/or loss of enjoyment damages YOU contend were caused by defective Chinese-manufactured drywall in YOUR PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that RELATE TO any estimate, approximation, evaluation, calculation, appraisal or assessment of the financial value of YOUR PROPERTY at any point during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that RELATE TO any diminution in value or stigmatization of YOUR PROPERTY that YOU contend was caused by defective Chinese-manufactured drywall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that RELATE TO any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party, legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU contend was caused by defective Chinese-manufactured drywall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that RELATE TO any completed, ongoing, or contemplated program to remediate structures alleged to contain defective Chinese-manufactured drywall.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that RELATE TO YOUR responses to CNBM's First Set of Interrogatories or CNBM's First Set of  Requests for Admission From Plaintiffs, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Respectfully submitted,

/s/ _____

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Eric Matthew Hairston (CA Bar No. 229892) | Donna Phillips Currault (LA Bar No. 19533) |
| Andrew Davidson (CA Bar No. 266506) | Alex B. Rothenberg (LA Bar No. 34740) |
| Jason Wu (CA Bar No. 279118) | GORDON, ARATA, MONTGOMERY, |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | BARNETT  MCCOLLAM DUPLANTIS & |
| The Orrick Building | EAGAN, LLC |
| San Francisco, CA  94105 | 201 St. Charles Avenue, 40th Floor |
| Tel.: 415-773-5700 | New Orleans, LA 70170-4000 |
| E-mail:   cvejnoska@orrick.com | Tel:  (504) 582-1111 |
| ehairston@orrick.com | E-mail:   eeagan@gamb.law |
| adavidson@orrick.com | dcurrault@gamb.law |
| jmwu@orrick.com | arothenberg@gamb.law |

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
Kelly Daley (NY Bar No. 4970117)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:  212-506-5000
Email:    jstengel@orrick.com
xiangwang@orrick.com
kdaley@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel:  202-339-8400
Email:    eshumsky@orrick.com

*Attorneys for China National Building Materials Company, Limited*

Dated**:** May 23, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **China National Building Materials Company Limited's Second Set of Requests for Production from Plaintiffs** and accompanying documents have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 26th day of May, 2017.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel.: 415-773-5700
Fax: 415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM*

EXHIBIT G

| | |
|---|---|
| **From:** | Hairston, Eric Matthew |
| **Sent:** | Friday, June 16, 2017 11:08 AM |
| **To:** | Lenny Davis |
| **Cc:** | Arnold Levin (PSC); EEagan@gamb.law; Sandy Duggan; Mike.Kenny@alston.com; Shapiro, Marc R.; Lillian Flemming; Stengel, James; Harry.Rosenberg@phelps.com; Fred Longer; Shumsky, Eric A.; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher; Bernard.Taylor@alston.com; Davidson, Andrew K.; Vejnoska, Christopher; Russ Herman; Arnold Levin (PSC); Sandy Duggan (sduggan@lfsblaw.com); Russ Herman; 'Fred Longer'; Lillian Flemming |
| **Subject:** | RE: Chinese Drywall:  Discovery Requests |

Mr. Davis,

Thanks for your response.  We remain open to conferring on July 6 <u>if the PSC is going to offer to provide additional materials or information</u>.  However, if your position will continue to be that CNBM will receive no more materials or information, you can and should tell us that now so that the parties can focus their July 6 discussion on more productive topics.

As previously stated, we will grant the PSC an extension of time until July 6 to serve its written responses to all our discovery requests.  Responses served after that time will be untimely and treated as such.

EMH

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Friday, June 16, 2017 8:16 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Arnold Levin (PSC) <alevin@lfsblaw.com>; EEagan@gamb.law; Sandy Duggan <sduggan@lfsblaw.com>; Mike.Kenny@alston.com; Shapiro, Marc R. <mrshapiro@orrick.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Stengel, James <jstengel@orrick.com>; Harry.Rosenberg@phelps.com; Fred Longer <FLonger@lfsblaw.com>; Shumsky, Eric A. <eshumsky@orrick.com>; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher <cvejnoska@orrick.com>; Bernard.Taylor@alston.com; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Arnold Levin (PSC) <alevin@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Russ Herman <RHERMAN@hhklawfirm.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>
**Subject:** RE: Chinese Drywall: Discovery Requests

Your attempt to reverse facts is rejected.  We will be prepared to address the discovery sent to the PSC at the meet and confer scheduled for July 6, as well as other matters we addressed during our meet and confer of June 14.  Additionally, as described in my letter yesterday, we believe the responses to the discovery issued many years ago by the PSC regarding merits discovery should be responded to with meaningful substantive materials.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Thursday, June 15, 2017 5:38 PM
**To:** Lenny Davis <LDAVIS@hhklawfirm.com>
**Cc:** Arnold Levin (PSC) <alevin@lfsblaw.com>; EEagan@gamb.law; Sandy Duggan <sduggan@lfsblaw.com>; Mike.Kenny@alston.com; Shapiro, Marc R. <mrshapiro@orrick.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Stengel, James <jstengel@orrick.com>; Harry.Rosenberg@phelps.com; Fred Longer <FLonger@lfsblaw.com>; Shumsky, Eric A. <eshumsky@orrick.com>; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher <cvejnoska@orrick.com>; Bernard.Taylor@alston.com; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Subject:** RE: Chinese Drywall: Discovery Requests

Mr. Davis,

We have not heard from you regarding our last email yesterday (immediately below).

The PSC made very clear over two weeks ago its position that CNBM was not entitled to any additional materials or information regarding the claimants' damages allegations.  When you asked to meet and confer yesterday, we understood it was because the claimants now are willing to produce at least some of the requested information; otherwise, there is no need to meet and confer.  If this is the case, we are willing to meet and confer on July 6 and to discuss the scope and timing of that production.  If it is not the case, then there is no need for us to discuss our discovery on July 6.  In either event, as a professional courtesy, we are willing to grant the PSC an extension until July 6 to serve its written responses to CNBM's document requests, requests for admission, and interrogatories.  In return, we simply ask for the courtesy of a reply stating whether we will receive any of the requested materials and information.

Thank you,

EMH

**From:** Hairston, Eric Matthew
**Sent:** Wednesday, June 14, 2017 3:51 PM
**To:** 'Lenny Davis' <LDAVIS@hhklawfirm.com>
**Cc:** Arnold Levin (PSC) <alevin@lfsblaw.com>; EEagan@gamb.law; Sandy Duggan <sduggan@lfsblaw.com>; Mike.Kenny@alston.com; Shapiro, Marc R. <mrshapiro@orrick.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Stengel, James <jstengel@orrick.com>; Harry.Rosenberg@phelps.com; Fred Longer <FLonger@lfsblaw.com>; Shumsky, Eric A. <eshumsky@orrick.com>; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher <cvejnoska@orrick.com>; Bernard.Taylor@alston.com; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Subject:** RE: Chinese Drywall: Discovery Requests

Mr. Davis,

When you asked to meet and confer about CNBM's discovery, we reasonably understood the request as representing the PSC was prepared to engage in a good faith meet and confer effort – meaning that the PSC had reconsidered its prior position that it would not provide a substantive response to the discovery.  Otherwise what you are asking for is not a meet and confer, it's an extension of the deadline by which you will fail to respond to our discovery.  That is not what you requested on our call earlier today, and it is not what we agreed to.  If the PSC is not prepared to engage in a good faith meet and confer effort on July 6, then we will expect the PSC's response to our discovery by June 29th.

Thank you,

EMH

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, June 14, 2017 3:06 PM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Arnold Levin (PSC) <alevin@lfsblaw.com>; EEagan@gamb.law; Sandy Duggan <sduggan@lfsblaw.com>; Mike.Kenny@alston.com; Shapiro, Marc R. <mrshapiro@orrick.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Stengel, James <jstengel@orrick.com>; Harry.Rosenberg@phelps.com; Fred Longer <FLonger@lfsblaw.com>; Shumsky, Eric A. <eshumsky@orrick.com>; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher <cvejnoska@orrick.com>; Bernard.Taylor@alston.com; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Subject:** RE: Chinese Drywall: Discovery Requests

W had no discussion at all about the merits or substance of any responses to the requested discovery. we did not address any materials to be produced at all. We requested and you agreed that formal  responses to the discovery did not need to be made at this time and that we could discuss it further at the meet and confer on July 6 and no formal responses would be due until at least then

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Wednesday, June 14, 2017 5:00 PM
**To:** Lenny Davis
**Cc:** Arnold Levin (PSC); EEagan@gamb.law; Sandy Duggan; Mike.Kenny@alston.com; Shapiro, Marc R.; Lillian Flemming; Stengel, James; Harry.Rosenberg@phelps.com; Fred Longer; Shumsky, Eric A.; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher; Bernard.Taylor@alston.com; Davidson, Andrew K.; Vejnoska, Christopher; Russ Herman
**Subject:** RE: Chinese Drywall: Discovery Requests

Mr. Davis,

We write to confirm our agreement to include Plaintiffs' response to our requests for production, admissions, and interrogatories served on May 26, 2017 as a topic for the in-person meet and confer scheduled for July 6, 2017 in New Orleans.  We understand from your request that the PSC believes that – contrary to the commentary below -- there are additional materials to be produced and information to be provided beyond what previously was given to Taishan's counsel in 2016.  Thus, we expect the discussion of this subject on July 6 to focus on the types of materials and information that will be produced and the timeline for their production.  If we are mistaken in our understanding in any way, please let us know.  In particular, if Plaintiffs' position will continue to be that no additional information or materials will be provided, we request the courtesy of being told so now.

Thank you,

Eric Matthew Hairston

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Friday, May 26, 2017 6:48 AM
**To:** Vejnoska, Christopher <cvejnoska@orrick.com>
**Cc:** Arnold Levin (PSC) <alevin@lfsblaw.com>; EEagan@gamb.law; Sandy Duggan <sduggan@lfsblaw.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Mike.Kenny@alston.com; Shapiro, Marc R. <mrshapiro@orrick.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Stengel, James <jstengel@orrick.com>; Harry.Rosenberg@phelps.com; Fred Longer <FLonger@lfsblaw.com>; Hairston, Eric Matthew <ehairston@orrick.com>; Shumsky, Eric A. <eshumsky@orrick.com>; DCurrault@gamb.law; christy.eikhoff@alston.com; Vejnoska, Christopher <cvejnoska@orrick.com>; Bernard.Taylor@alston.com; Davidson, Andrew K. <adavidson@orrick.com>
**Subject:** Fwd: Chinese Drywall: Discovery Requests

Harry Rosenberg

Sent from my iPhone

Begin forwarded message:

> **From:** Lenny Davis <LDAVIS@hhklawfirm.com>
> **Date:** May 26, 2017 at 8:45:38 AM CDT

**To:** Russ Herman <RHERMAN@hhklawfirm.com>
**Subject: RE: Chinese Drywall:  Discovery Requests**

You may also remind them that harry Rosenberg their liason counsel personally sat in and was a participant in the mediation sessions where the properties were addressed. he had access and was their representative who participated in the discovery/mediation


Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Russ Herman
**Sent:** Friday, May 26, 2017 8:42 AM
**To:** Vejnoska, Christopher
**Cc:** Eikhoff, Christy Hull; Lenny Davis; Arnold Levin; Sandy Duggan; Kenny, Mike; Taylor, Bernard; Stengel, James; Shumsky, Eric A.; Hairston, Eric Matthew; Davidson, Andrew K.; Shapiro, Marc R.; Tim Eagan; Donna Currault; Harry Rosenberg (1219); Fred Longer; Lillian Flemming
**Subject:** Re: Chinese Drywall: Discovery Requests

There were no informal exchanges As you well know the exchanges were supervised and Monitored by two special masters and Taishan made its own analysis with several attorneys and staff at each meeting . Please communicate with Taishan . Unfortunately we consider your Request puts unnecessary and unwarranted burdens and in particular your clients refusal to Participate in any righteous discussion of Resolution short of trials .


Sent from my iPhone

On May 25, 2017, at 10:56 PM, Vejnoska, Christopher <cvejnoska@orrick.com> wrote:

> Russ,
>
> It is our understanding that the material you informally made available in 2016 consists of plaintiff profile forms, some documentary indicia related to product ID for the plaintiffs with claims against Taishan and/or BNBM, and a small and very incomplete assortment of miscellaneous documents.

As we already have explained, these materials are insufficient to allow us to respond to the forthcoming spreadsheet and each individual claimant's damages claims.  We are seeking a limited number of relevant categories of additional information, and we continue to be willing and available to discuss how the PSC and/or primary counsel can provide this information in an efficient and minimally-burdensome fashion.  However, if we are unable to discuss and resolve our requests for this additional essential information by Tuesday, May 30, we will have no choice but to formally serve the discovery.  Please let us know if you wish to discuss these requests further.


Kind regards,

Chris

On May 25, 2017, at 4:19 PM, Russ Herman <RHERMAN@hhklawfirm.com> wrote:

> CNBM can get from you the information you collected from us and
> other sources After
> CNBM HAS REVIEWED THAT MATERIAL
> WE WILL DISCUSS WITH CNBM. Our view is there is not nor has there
> ever been a Chinese
> Wall among Taishan/ BNBM / CNBM etc . regards , Russ
>
> Sent from my iPhone
>
> On May 25, 2017, at 4:14 PM, Eikhoff, Christy Hull
> <Christy.Eikhoff@alston.com> wrote:
>
>> Because of the potential overlap between the
>> information sought by CNBM's discovery requests and
>> the categories of information Taishan identified in its
>> Motion for Access to Claims Support and for Evidentiary
>> Hearing on Remediation Damages filed last Friday, we
>> will join the discussion when it occurs.  We are also
>> available tomorrow or Tuesday.
>>
>> Christy Hull Eikhoff
>> Alston & Bird, LLP
>> 404-881-4496 direct
>> 404-881-7000 main
>> Assistant: Scott Bobo (scott.bobo@alston.com)
>> Christy.eikhoff@alston.com
>>
>> ---
>>
>> **From:** Vejnoska, Christopher
>> [mailto:cvejnoska@orrick.com]
>> **Sent:** Thursday, May 25, 2017 4:59 PM
>> **To:** Lenny Davis <LDAVIS@hhklawfirm.com>
>> **Cc:** Russ Herman <RHERMAN@hhklawfirm.com>;
>> Arnold Levin <ALevin@lfsblaw.com>; Sandy Duggan
>> <sduggan@lfsblaw.com>; Kenny, Mike
>> <Mike.Kenny@alston.com>; Taylor, Bernard
>> <Bernard.Taylor@alston.com>; Eikhoff, Christy Hull

<Christy.Eikhoff@alston.com>; Stengel, James
<jstengel@orrick.com>; Shumsky, Eric A.
<eshumsky@orrick.com>; Hairston, Eric Matthew
<ehairston@orrick.com>; Davidson, Andrew K.
<adavidson@orrick.com>; Shapiro, Marc R.
<mrshapiro@orrick.com>; Tim Eagan
<EEagan@gamb.law>; Donna Currault
<DCurrault@gamb.law>; Harry Rosenberg (1219)
<Harry.Rosenberg@phelps.com>; Fred Longer
<FLonger@lfsblaw.com>; Lillian Flemming
<LFLEMMING@hhklawfirm.com>
**Subject:** Re: Chinese Drywall: Discovery Requests

Russ,

We respectfully disagree with the
PSC's contention that CNBM
Company, BNBM Group, and
BNBM PLC have access to
sufficient information to respond to
the forthcoming BrownGreer and
PSC claimant spreadsheet.

As an initial matter, we note that
the April-October 2016 mediation
sessions were conducted between
the PSC and Taishan.  CNBM
Company, BNBM Group, and
BNBM PLC did not participate in
the sharing of claimant
information, or the product
identification analysis.  We
understand that the PSC provided a
very limited set of materials to
Taishan, including plaintiff profile
forms, and some product

identification indicia.  Even so, we note that Judge Fallon's class damages FOFCOL observes that plaintiff profile forms can be unreliable, and that for 2,449 properties on the original class list, the only proof that Chinese drywall was used in the property are statements in the profile forms.

Our proposed discovery seeks a limited set of materials beyond product identification and the claimant information listed in Exhibit 79.  This includes current homeownership status, materials supporting the square footage of each property, the remediation status and, if applicable, the actual costs incurred in remediating claimant properties, and set-offs including payments from other settlements and/or insurance companies.  To the best of our knowledge, the PSC has not provided this information to any defendant.

We take from your communication that you have no objection to Taishan sharing the information that you provided during mediation

negotiations, and no objection to use of this information in litigation.  Further, we understand that you do not object to BrownGreer providing all information in its possession relating to Taishan and BNBM claimants.  Please let us know as soon as possible if we are incorrect.

Finally, we do not believe that it is appropriate to defer discussion until a mid-June meet-and-confer session.  As you know, BrownGreer is scheduled to provide the claimant spreadsheet no later than June 21, 2017, and Jake Woody informed the Court that the work was ahead of schedule.  Thus, we request that you make a PSC representative available to discuss by phone on Friday, May 26, or Tuesday, May 30, at a time of your choosing.

Sincerely,

Chris

On May 25, 2017, at 11:51 AM, Lenny Davis
<LDAVIS@hhklawfirm.com> wrote:

From Russ M Herman

The discovery that you sent is duplicative and completely redundant of the work that was performed previously in this litigation.  Plaintiffs submitted profile forms in accordance with Judge Fallon's pretrial orders, multiple meet and confer sessions took place from April 2016 through October 2016 which included, among other things, a comprehensive analysis with a property by property review of non-Knauf drywall properties, the development of a spreadsheet that was available to all parties which contains proof and indicia and other materials that were provided to the Taishan Defendants.  The CNBM entities as well as the other Taishan Defendants should be reviewing whatever materials have been developed over the 8 years of this litigation with Brown Greer in order to evaluate the class damages spreadsheet.  We believe the information has been shared and that your proposed discovery is only intended to increase the PSC's burden as well as the burden on individual claimants.  Notwithstanding this, we will be prepared to discuss your email in greater detail at the meet and confer session which is being set up.  We believe that having a meet and confer on these issues is appropriate before any discovery is formally issued.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee.*

*Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Vejnoska, Christopher [mailto:cvejnoska@orrick.com]
**Sent:** Tuesday, May 23, 2017 9:25 PM
**To:** Russ Herman
**Cc:** Arnold Levin; Sandy Duggan; Lenny Davis; Kenny, Mike; Taylor, Bernard; Eikhoff, Christy Hull; Stengel, James; Shumsky, Eric A.; Hairston, Eric Matthew; Davidson, Andrew K.; Shapiro, Marc R.; Tim Eagan; Donna Currault; Harry Rosenberg (1219)
**Subject:** Chinese Drywall: Discovery Requests

Russ,

I have attached a set of requests for production, interrogatories, and requests for admission intended to enable CNBM Company to meaningfully respond to the class damages spreadsheet being prepared by Brown Greer with input from the PSC.

These discovery requests are drafted in an effort to obtain information on product identification, damages, set-offs, and eligibility to recover as part of the *Amorin* class. We believe that the PSC may maintain this information in some form of document repository or database. Please

let us know if the PSC is willing to provide its full claimant files on all *Amorin* plaintiffs.  Depending on the fulsomeness and accuracy of the information in these files, we may be able to forego formal service of these requests.  Our goal is to minimize the PSC's burden of responding to the extent possible, and to avoid burdening individual claimants with responding to these requests altogether.

We look forward to and request your response no later than Thursday, May 25, 2017.

Sincerely,

Chris

**L. Christopher Vejnoska**
Partner

Orrick
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669   <image001.jpg>
T +1-415-773-5916
M +1-925-766-7677
cvejnoska@orrick.com

<image004.png>

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohi the error by return e-mail and please delete this message from your system. Thank you in advance for your coop

For more information about Orrick, please visit *http://www.orrick.com.*

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communic received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Plea the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by l received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immedia the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

EXHIBIT H

| | |
|---|---|
| **From:** | FileAndServeXpress <ServiceNotification@secure-mail.fileandservexpress.com> |
| **Sent:** | Wednesday, July 05, 2017 1:58 PM |
| **To:** | Davidson, Andrew K. |
| **Subject:** | Case: Multi-Case; Transaction: 60809787 - Notification of Service |

To:          Andrew Davidson
From:        File & ServeXpress
Subject:Service of Documents in Multi-Case

You are being served documents that have been electronically submitted in Multi-Case through File & ServeXpress. The details for this transaction are listed below.

Court:                        LA US District Court Eastern District E-Service-Chinese Drywall
Case Name:                    Multi-Case
Case Number:         Multi-Case
Transaction ID:       60809787
Document Title(s):
        The Plaintiffs' Steering Committee's Response and Objections to China National Building Materials Company Limited's First Set of Admissions From Plaintiffs, First Set of Interrogatories and Second Set of Request for Production of Documents From Plaintiffs (12 pages)
Authorized Date/Time:         Jul  5 2017  3:56PM CDT
Authorizer:                   Leonard Davis
Authorizer's Organization:    Herman Herman & Katz LLP
Sending Parties:
        Plaintiffs Liaison Counsel
Served Parties:
        China National Building Material Co Ltd
        China National Building Material Group Corp

You may view the documents in the following ways:
        - Online at https://protect-us.mimecast.com/s/pVrEBzix8AOGcE?domain=secure.fileandservexpress.com (subscriber login required).
        - Call Herman Herman & Katz LLP to request a copy of the documents.

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-888-529-7587 (24/7).

EXHIBIT I



60809787
Jul 05 2017
03:56PM

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON MAG. JUDGE WILKINSON |
| *Germano v. Taishan Gypsum,* 2:09-cv-6687 *Gross v. Knauf Gips KG,* 2:09-cv-6690 *Wiltz v. BNBM,* 2:10-cv-361 *Amorin v. Taishan Gypsum,* 2:11-cv-1672 *Amorin v. Taishan Gypsum,* 2:11-cv-1395 *Amorin v. Taishan Gypsum,* 2:11-cv-1673 | |

## THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE AND OBJECTIONS TO CHINA NATIONAL BUILDING MATERIALS COMPANY LIMITED'S FIRST SET OF ADMISSIONS FROM PLAINTIFFS, FIRST SET OF INTERROGATORIES AND SECOND SET OF <u>REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFFS</u>

The Plaintiffs' Steering Committee ("PSC") hereby serves the following response and objections to China National Building Materials Company Limited's ("CNBM") First Set of Admissions From Plaintiffs, First Set of Interrogatories and Second Set of Request for Production of Documents From Plaintiffs (collectively "CNBM's Discovery Requests"), served on May 26, 2017.

The PSC is responding solely pursuant to the responsibilities it has in accordance with Pre-Trial Order Nos. 1 and 8. The PSC serves this response and objections subject to the Reservation of Rights and General Objections below.

Thousands of homeowners have been waiting more than eight years for relief from Defendants. They are seeking damages caused by Defendants' Chinese drywall, but they have yet to see their day in Court. While the MDL was proceeding, Defendants chose to wait on the

sidelines of the litigation, ignore the lawsuits against them and allow default judgments to be entered, test the question of jurisdiction over Taishan before this Court from 2010-2012 and then on appeal from 2012-2014 (losing twice in the Fifth Circuit Court of Appeals), orchestrate Taishan's refusal to appear for a court-ordered Judgment Debtor Examination and abandonment of the litigation (leading to a Contempt Order and Injunction), ignore the class certification proceedings in 2014, and upon entering their appearance for the first time in these proceedings in 2015, challenge jurisdiction over them.  This MDL has now entered its ninth year and Plaintiffs with Taishan or BNBM Chinese drywall in their homes have yet to see any relief from the Defendants. (See for example Rec. Doc. 20809.)

Now, CNBM seeks individual responses from these homeowners to a plethora of discovery requests.  The requests violate the process by which this MDL Court has conducted discovery and the spirit in which this Court has dealt with damages to Plaintiffs' homes and the opportunity given to Defendants to address damages claimed by Plaintiffs.  The following objections are made in furtherance of the above.

## **RESERVATION OF RIGHTS**

1.      As to all matters referred to in the instant objections, the PSC's investigation is ongoing and the PSC reserves the right to modify and supplement its objections.

2.      No statement made in connection with CNBM's Discovery Requests is intended to mean that any such information or documents responsive to a given request actually exists or can be obtained without undue burden.

2

3.      These objections are made without in any way waiving or intending to waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence of documents or information sought by CNBM's Discovery Requests.

4.      These objections are made without in any way waiving or intending to waive any objections that may be made by a property owner represented by an individual counsel.  Individual counsel may have additional information or documents responsive to a given request, however, it is believed by the PSC that all such information has been fully and adequately produced in response to prior directives from the Court regarding discovery.

## GENERAL OBJECTIONS

1.      The PSC objects to CNBM's Discovery Requests, including the Definitions and discovery requested generally as purporting to impose obligations or responsibilities different from or in excess of those imposed by the Federal Rules of Civil Procedure and the applicable local rules (collectively, "Rules").  Subject to this objection, the PSC will interpret and respond to CNBM's Discovery Requests in accordance with the Rules.

2.      The PSC objects to CNBM's Discovery Requests to the extent they call for the production of information or documents that are privileged or otherwise protected from discovery pursuant to the attorney-client privilege, the accountant-client privilege, the work product doctrine, the consulting expert rule, the common interest doctrine, and any other applicable privilege, protection, or immunity.  The PSC does not agree to produce such information or documents protected from discovery.  Where a Request asks for "non-privileged documents," the PSC interprets that request to exclude all documents covered by any of the foregoing protections, and objects to any broader reading of the request.

3.      The PSC objects to CNBM's Discovery Requests to the extent they call for the production of trade secret, proprietary, personal, commercially sensitive, or other confidential information. The PSC objects to CNBM's Discovery Requests to the extent it seeks the production or disclosure of documents that may violate a legal or contractual obligation of non-disclosure to a third party.

4.      Plaintiffs object to CNBM's Discovery Requests to the extent they seek the production or disclosure of documents that may violate a legal or contractual obligation of non-disclosure to a third party.

5.      The PSC objects to CNBM's Discovery Requests as overly broad and unduly burdensome to the extent CNBM seeks documents that are not in the possession, custody or control of the PSC, or to the extent they would require the PSC to spend an unreasonable amount of time, effort and resources in order to respond.

6.      The PSC objects to CNBM's Discovery Requests to the extent CNBM calls for the production of documents the discovery of which is cumulative, duplicative, or which may be obtained by CNBM from some other source that is more convenient, less burdensome, or less expensive.

7.      The PSC objects to CNBM's Discovery Requests because such requests are cumulative, duplicative and burdensome.  In the early stages of this MDL, this Court issued Orders and provided directives to ensure that discovery was carried out in a way "that creates as little disturbance to the homeowner and destruction to the premises as possible under the circumstances" (see PTO 13, Rec. Doc. 181).  The Court, on numerous occasions, advised the parties that "in achieving the objectives that have been previously stated by this Court of obtaining additional information to the fullest extent possible regarding the identification of manufacturers, suppliers,

4

installers and/or contractors of the drywall in the property without being overly intrusive or destructive to the homeowners and their property" the Court would issue Orders such as those set forth in Pre-Trial Order No. 10, which established a photographic catalogues of markings, brands, intakes and other identifying markers that they have found in the affected homes [Rec. Doc. 171]. In August, 2009, the Court established a Threshold Inspection Program ("TIP") to "accomplish early property inspections and facilitate prompt and efficient case management" (PTO 13, Rec. Doc. 181). In the TIP Program the Court stated specifically that it wanted to "ensure that the TIP process is carried out in a way that creates as little disturbance to the homeowners and destruction to the premises as possible under the circumstances." Though 30 homes were initially in the TIP Program, the procedure was enlarged to enable the TIP "to move toward a more streamlined, less complex TIP which reduced disturbances to the homeowners and accomplish the inspections in a competent and economical manner" (PTO 13A, Rec. Doc. 508). The Court additionally required plaintiffs to complete Plaintiff Profile Forms (see PTOs 11, Rec. Doc. 2168, and 25, Rec. Doc. 11151). The Court has consistently advised that it did not desire for the parties to draft large sets of interrogatories and other discovery, but instead preferred the use of Profile Forms which cuts through the time and is more specific (see status conference proceedings August 11, 2009, September 24, 2009, December 10, 2009, January 14, 2010, February 11, 2010, April 8, 2010, June 24, 2010, August 12, 2010, November 16, 2011, February 23, 2011 and March 23, 2011). The Profile Forms have been completed and provided to CNBM.

      8.    The PSC further objects to CNBM's Discovery Requests as cumulative, duplicative and burdensome because the Court directed the parties to meet and confer and review properties and the extent of damages for an extended period of time. The meet and confer process extended from April 2016 through October 2016 and involved multiple meet and confers with mediators

which resulted in the creation of a spreadsheet and database that identified, among other things, markings to identify manufacturers for specific claimants and affected properties which also identified the square footage and other relevant attributes unique to affected properties. All of this information is in the possession of CNBM and the requests are duplicative and are only meant to harass plaintiffs.

9.      The PSC objects to CNBM's Discovery Requests to the extent CNBM seeks documents that are publicly available or otherwise accessible to or in the possession, custody or control of defendants, their attorneys, or their agents (*e.g.*, through the Freedom of Information Act).

10.      The PSC objects to CNBM's Discovery Requests pursuant to FRCP Rule 26(b)(2)(C) because such discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive because CNBM has ample opportunity, at its own expense, to inspect properties in a manner and fashion that was done in the TIP Program without causing undue burden, expense or inconvenience to plaintiffs.

11.      The PSC objects to CNBM's Discovery Requests because the requests are not proportional to the needs of the case at this particular time. The plaintiffs in this litigation have undergone years of expenditure of resources and based upon discovery techniques utilized earlier in this MDL proceeding, the importance of the discovery presently sought to resolve the issues does not have merit. Further, the burden and expense that will be necessitated by the proposed discovery will outweigh any likely benefit. The Court previously ordered Plaintiffs to submit Plaintiff Profile Forms in lieu of additional discovery. Plaintiffs have already produced their PPFs which refutes any justification for this additional written discovery. In addition, many properties

6

containing both Knauf and non-Knauf manufactured Chinese drywall were inspected pursuant to the Tip Program.  Additional written discovery is further unjustified because of this Court's April 21, 2017 Findings of Fact & Conclusions of Law Related to the June 9, 2015 Damages Hearing [Rec. Doc.  20741], wherein the Court ordered that under the supervision of BrownGreer, the Plaintiffs' Steering Committee was to submit an updated Class Plaintiffs Spreadsheet with verified under air living square footage and that this spreadsheet will be relied upon by the Court to determine the aggregate total remediation damages.  The damages awarded will be calculated by multiplying the under air square footage of the Affected Properties listed on the revised Class Plaintiffs Spreadsheet by $105.91 as adjusted by the RS Means location factor.  The Court has already approved of a formulaic damages methodology and stated that it is reliable, making the additional discovery proposed disproportional to the needs of the litigation, and contrary to this Court's ruling.

12.     The PSC objects to CNBM's Discovery Requests that assume or appear to assume that any fact, event, or legal conclusion is true or that any characterization is accurate. No Response is an admission of any factual characterization or legal contention contained in any individual Request.

13.     The PSC objects to CNBM's Discovery Requests to the extent CNBM calls for information "referring to" and "relating to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance to the discovery of admissible evidence.

Dated: July 5, 2017                              Respectfully Submitted,

                                BY: /s/ Leonard A. Davis
                                    Russ M. Herman (LA Bar No. 6819)
                                    Leonard A. Davis (LA Bar No. 14190)
                                    Stephen J. Herman (LA Bar No. 23129)
                                    Herman, Herman & Katz, LLC
                                    820 O'Keefe Avenue
                                    New Orleans, LA 70113
                                    Phone: (504) 581-4892
                                    Fax: (504) 561-6024
                                    ldavis@hhklawfirm.com
                                    *Plaintiffs' Liaison Counsel*
                                    *MDL 2047*

                                    Arnold Levin
                                    Fred S. Longer
                                    Sandra L. Duggan
                                    Matthew Gaughan
                                    Levin, Fishbein, Sedran & Berman
                                    510 Walnut Street, Suite 500
                                    Philadelphia, PA 19106
                                    Phone: (215) 592-1500
                                    Fax: (215) 592-4663
                                    alevin@lfsblaw.com
                                    *Plaintiffs' Lead Counsel*
                                    *MDL 2047*

Gerald E. Meunier (LA Bar No. 9471)
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com
*Co-Counsel for Plaintiffs and PSC Member*

9

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
robbecnel@aol.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler LLP
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ervin A. Gonzalez[1]
Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
  Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

---

[1] Sadly, on June 8, 2017, Mr. Gonzalez passed away.  Plaintiffs' Lead and Liaison Counsel will be filing a motion to substitute in his place as a PSC member Mr. Gonzalez's partner Patrick Montoya.  Mr. Montoya has been involved with this litigation for many years.

Christopher Seeger
Scott Alan George
Dion Kekatos
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

James Robert Reeves
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@attorneys4people.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
Pearl Robertson
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, on this 5th day of July, 2017.

Respectfully Submitted,

BY:  */s/ Leonard A. Davis*
Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
ldavis@hhklawfirm.com

*Plaintiffs' Liaison Counsel*
*MDL 2047*

12