# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br>**ALL CASES AND**<br><br>*Randy Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, 4:17-cv-01286-KOB (N.D. Ala.)(Omni XXVIII)<br><br>*Jeremy Macon, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01287-VEH (N.D. Ala.)(Omni XXI)<br><br>*Kelly Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02892-AT (N.D. Ga.)(Omni XXX)<br><br>*Debra Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02890-TWT (N.D. Ga.)(Omni XXII)<br><br>*Donna Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17cv216H50-JCG (S.D. Miss.)(Omni XXIII)<br><br>*Lela and Melinda Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-217LG-RHW (S.D. Miss.)(Omni XXXI)<br><br>*David and Melody Bright, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-00035-FL (E.D.N.C.)(Omni XXIV) | |

*Harry DeOliveira, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 4:17-cv-02019-MDL (D.S.C.)(Omni XXV)

*James and Deloris Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01146 (W.D. Tenn.)(Omni XXVI)

*Andy Mertlitz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 5:17-cv-00140 (E.D. Tx.)(Omni XXVII)

*Kenneth D. Lochhead and Maria L. Webste, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 7:17-cv-00294 (S.D. Tx.)(Omni XXXII)

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 6(b) MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS UNDER RULE 4(m)**

**I.  INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") has moved for an extension of time for service of process of eleven Omni complaints that were recently filed as protective actions.[1]  The

---

[1] *See Randy Bayne, et al., v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, 4:17-cv-01286-KOB (N.D. Ala.)(Omni XXVIII); *Jeremy Macon, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01287-VEH (N.D. Ala.)(Omni XXI); *Kelly Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02892-AT (N.D. Ga.)(Omni XXX); *Debra Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02890-TWT (N.D. Ga.)(Omni XXII); *Donna Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17cv216H50-JCG (S.D. Miss.)(Omni XXIII);  *Lela and Melinda Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a, Shandong Taihe Dongxin Co., Ltd., et al.* 1:17-cv-217LG-RHW (S.D. Miss.)(Omni XXXI); *David and Melody Bright, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-00035-FL (E.D.N.C.)(Omni XXIV); *Harry DeOliveira, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 4:17-cv-02019-MDL (D.S.C.)(Omni XXV); *James and Deloris Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01146 (W.D. Tenn.)(Omni XXVI); *Andy Mertlitz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 5:17-cv-00140 (E.D. Tx.)(Omni XXVII); and *Kenneth D. Lochhead*

plaintiffs in these complaints are already litigants in the PSC's prior Omni complaints now pending before this Court in *Amorin* and *Brooke*.[2]  The PSC filed the recent protective actions out of an abundance of caution to avoid any possible challenge against personal jurisdiction in light of the United States Supreme Court's recent opinion in *Bristol-Myers Squibb Co. v. Superior Court of California,* No. 16-466, 2017 WL 2621322 (U.S., June 19, 2017).

      Subsequent to the filing of these Omni complaints the PSC filed a Notice of Tag-Along before the Judicial Panel on Multidistrict Litigation ("JPML") to allow the JPML to transfer these actions to the transferee Court.  As the transfer of these actions is imminent, the PSC seeks an extension of time for service of process for these complaints.  This Court is in the best position to address matters involving service of process given it's experience with the parties, as well as the Court's numerous rulings on issues involving service of process.  Such an order will also allow the PSC to take advantage of the expedited service procedures instituted by this Court.  In the absence of an extension of time for service of process, the PSC will be required to initiate

---

*and Maria L. Webste, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 7:17-cv-00294 (S.D. Tx.)(Omni XXXII).

[2] *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ Action No. 11-1672 (Florida *Amorin*)(Omni XV); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ. Action No. 11-1395 (Louisiana *Amorin*)(Omni XVI); *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* Civ. Action No. 11-1673 (Virginia *Amorin*)(Omni XVII); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (Louisiana *Brooke*)(Omni XX); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (Florida *Brooke*); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (Virginia *Brooke*).

service efforts in the transferor fora under the Hague Convention.³  Given the Taishan defendants' lack of cooperation, the expense and delay associated with service in the transferor forma, the PSC submits that just cause exists for granting this motion.

## II.    FACTS AND PROCEDURAL HISTORY

The PSC has filed omnibus class action complaints during this litigation to efficiently and effectively organize plaintiffs in relation to their claims against the manufacturing defendants responsible for the defective drywall in the Plaintiffs' homes, *.e.g.,* Knauf or Taishan.  The majority of the omnibus complaints involve claims against all known parties in the entire stream of distribution of the defective drywall installed in the Plaintiffs' homes, including manufacturers, suppliers, builders, installers, and the like.

In contrast, the *Amorin* and *Brooke* complaints differ from earlier omnibus complaints since the Plaintiffs participating in these class actions are concentrating their claims exclusively against Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"); Tai'an Taishan Plasterboard Co., Ltd. ("TTP"); Beijing New Building Materials Public Limited Co. ("BNBM"); China National Building Material Co., Ltd. ("CNBM"); and Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group") (hereafter collectively the "Taishan Defendants"). The Taishan Defendants are foreign corporate entities located in the People's Republic of China. The plaintiffs in the original *Amorin* and *Brooke* actions filed their complaints in Florida, Louisiana, and Virginia,⁴ as these states represented the most likely states where the Taishan

---

³ A copy of the Notice of Tag-Along with the underlying complaints is attached hereto as Exhibit "A."
⁴ *See* FN 2, *supra.*

4

Defendants would be subject to personal jurisdiction. The recent *Bristol-Myers Squibb* decision has caused the PSC to cautiously file the eleven new actions.

The *Bristol-Myers Squibb* case involved a group of consumers who brought a products liability action against a prescription drug manufacturer in California. The consumers included both California and non-California residents who had sustained injuries in their home states following their ingestion of Plavix. The California Supreme Court found the drug company was subject to specific jurisdiction with respect to the out-of-state plaintiffs' claims since these claims were similar to the California residents' claims and because the defendant engaged in other activities in the State. On certiorari, the manufacturer challenged personal jurisdiction in California particularly with regard to the non-California plaintiffs bringing suit in the state court's mass tort program. The Supreme Court ruled the California state court lacked specific jurisdiction to entertain nonresidents' claims since there was no connection between the forum and the non-California residents' claims. *See Bristol-Myers Squibb Co.*, 2017 WL 2621322, * 3. *Bristol-Myers Squibb* is immediately distinguished from the *Amorin* and *Brooke* actions currently pending before this Court as it involved specific jurisdiction addressed to a State court "mass action" under the 14th Amendment, and the *Amorin* and *Brooke* complaints are class actions predicated under the Class Action Fairness Act ("CAFA"), filed in federal court and subject to the 5th Amendment. *See* 28 U.S.C. § 1332(d)(2). Indeed, the Supreme Court observed that, "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id*. at *17.

5

In light of *Bristol-Myers Squibb,* the PSC determined it to be advisable to file protective actions on behalf of all participants in the *Amorin* and *Brooke* complaints in the additional states where each of the subject properties are located beyond Louisiana, Florida and Virginia.  To accomplish this objective, the PSC filed the eleven complaints that are the subject of the instant motion.

To recount the proceedings in the MDL, this Court previously extended the time for service of process recognizing the tremendous difficulties the PSC experienced in serving the Chinese defendants under the Hague Convention, since many of these defendants took deliberate measures to evade service of process:[5]

- *See* Order dated October 21, 2009 [Rec.Doc.No. 379] (granting motion to extend time for service of process on foreign defendants in all cases);

- Order dated February 23, 2010 [Rec.Doc.No. 1285] (granting motion to extend time for service of process in *Gross*).  The Court previously granted the PSC's motions to extend the period for service of process with respect to each of the then pending Omnibus class action complaints.

- *See* Order dated March 31, 2010 [Rec.Doc.No. 2268] (granting motion to extend time for service in *Payton*);

- Order dated August 12, 2010 [Rec.Doc.No. 5207] (granting motions to extend time for service in *Rogers*, *Wiltz*, *Gross*, and *Amato*);

---

[5] Indeed, both BNBM and CNBM, who are defendants in each of the eleven complaints at issue in the instant motion, have refused to accept service in the past because there were (1) inaccuracies in the defendants' names and (2) because the defendants claimed to have relocated to new addresses.

- Order dated January 21, 2011 [Rec.Doc.No. 7138] (granting motions to extend time to serve the Omni I(A), II(A), III(A), and IV(A) complaints); Minute Entry dated March 23, 2011 [Rec.Doc.No. 8325] (granting motions to extend time to serve the Omni I(B), Omni I(C), Omni II(B), Omni II(C), Omni IV(B), Omni IV(C), Omni VII, and Omni VIII complaints);

- Order dated June 29, 2011 [Rec.Doc.No. 9681] (granting motion to extend time to serve Omni IX, Omni X, and the *Amorin* complaint directly filed in the E.D.La.);

- Order dated September 30, 2011 [Rec.Doc.No. 10776] (granting motion to extend time to serve defendants in Omni XI, Omni XII, and the *Amorin* complaints transferred from the E.D.Va. and S.D.Fl.);

- Order dated April 12, 2012 [Rec.Doc.No. 13733] (granting motion to extend time to serve defendants in Omni XIII and Omni XIV);

- Order dated December 5, 2012 [Rec.Doc.No. 16356] (granting motion to extend time to serve defendants in Omni XV, Omni XVI, and Omni XVII), and

- Order dated September 18, 2014 [Rec.Doc.No. 18016] (granting motion to extend time to serve defendants in Omni XIX).

More recently, on June 28, 2017, the Court granted an extension for service of process for the Florida and Virginia *Brooke* cases [Rec.Doc.No. 20843 (sealed)].

Given the extreme difficulty the PSC has experienced in formally serving the Taishan Defendants, the Court has entered orders allowing the PSC to serve its complaints on counsel for

7

Taishan and TPP, [Rec.Doc.Nos. 17790, 18566 and 20843], and counsel for BNBM, BNBM Group, and CNBM [Rec.Doc.No. 19713 and 20843]. Expecting the same resistance to service of process under the Hague Convention by the defendants as before, the PSC wishes to take advantage of the Court's orders allowing service on counsel for the Taishan Defendants. To do so, this extension of time is requested to allow the PSC sufficient time to have the actions transferred to MDL 2047, obtain summonses from the clerk, and for the PSC to effectuate service of process on counsel. For the reasons set forth below, such an order is warranted.

### III.    ARGUMENT

Prior to the entry of this Court's orders allowing service of process on the Taishan Defendants through counsel, there was an enormous backlog of complaints that needed to be served on these defendants. This was due in part to the fact that the PSC's process server, APS International, had advised staggering service of complaints to avoid confusion of the Chinese Central Authority responsible for serving complaints under the Hague Convention. This delay was also attributable to the length of time it took for the Chinese Central Authority to complete service (frequently six months or longer) and the Defendants' own conduct in evading service of process. *See* Footnote 5, *supra*. During the prosecution of the litigation against the Taishan Defendants, this Court became intimately familiar with the PSC's difficulties in serving these defendants as well as with the need for extensions of time for service of process. Because the delay in service of process proved inequitable to the thousands of homeowners impacted by Defendants' defective drywall, the PSC ultimately moved for permission to serve Defendants through counsel and this Court granted the requested relief. *See* Rec.Doc.Nos. 7790, 18566, and 19713.

It is respectfully submitted that the Court should grant the instant motion for an extension of time for service of process so that the PSC is not forced to initiate service efforts in the transferor fora. If the PSC is required to initiate service efforts consistent with the procedures under the Hague Convention, this will result in not only significant delay but also significant expense to Plaintiffs (some Omni complaints have cost in excess of $100,000 to serve a complaint under the Hague Convention). Indeed, forcing Plaintiffs to initiate service under the Hague Convention will result in the same inequity that this Court's orders allowing service on counsel were designed to avoid. In contrast, an order extending the time period for service of process until after these actions have been transferred to the MDL will result in significant efficiencies and cost savings. These efficiencies and cost savings necessitate the relief being sought by the PSC.

It is also respectfully submitted that this Court is in the best position to address all matters involving the service of process on the Taishan Defendants. This Court has overseen the litigation since 2009 and is intimately familiar with the difficulties experienced by the PSC in effectuating service of process in China. While the PSC can address matters concerning service of process in the transferor fora, enormous efficiencies will be gained by having this Court adjudicate any disputes involving service on the Taishan Defendants.

Accordingly, just as this Court has allowed for other extensions of time for service of process under Rule 4(m), an extension of time to serve the eleven complaints at issue in the instant motion is proper under the facts of this case. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, MDL 2047 (E.D.La.) (Rec.Doc.Nos. 379, 1285, 2268, 5207, 7138, 8325, 9681, 10776, 13733, 16356, 18016, and 20843 (sealed)).

## IV. CONCLUSION

Wherefore, the PSC respectfully requests that the Court grant the relief requested in the instant motion by granting the Plaintiffs an extension of time for service under Rule 4(m).

Respectfully submitted,

Dated: August 2, 2017

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819) (on the Brief)
Leonard A. Davis (LA Bar No. 14190) (on the Brief)
Stephen J. Herman (LA Bar No. 23129) (on the Brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Matthew C. Gaughan (on the Brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047*

10

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Robert Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
rbecnel@becnellaw.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 2nd day of August, 2017.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*