CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

**FILED**

2016 APR 21 A 11:01

NO. 16-4002

DIVISION " "

WINSTON J. BURNS, JR. AND WENDY B. BURNS

VERSUS                    **SECTION 14**

LIVERS CONSTRUCTION INC. AND FIREMAN'S FUND INSURANCE COMPANY

FILED: _____    _____
                                     DEPUTY CLERK

**JURY**

### PETITION FOR DAMAGES

The petition of Winston J. Burns, Jr. and Wendy B. Burns (hereinafter collectively referred to as "Petitioners"), persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana, who, for their Petition for Damages, respectfully state as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Petitioners are persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana.

2. The following are made defendants herein:

   (a) Livers Construction Inc. (hereinafter referred to as "Livers"), upon information and belief, a domestic business corporation with its principal business establishment in and domiciled in the Parish of Orleans, State of Louisiana; and

   (b) Fireman's Fund Insurance Company (hereinafter referred to as "Fireman's Fund"), a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana.

The aforementioned defendants are hereinafter collectively referred to as "Defendants".

3. Venue is proper in this Honorable Court pursuant to La. C.C.P. Article 42(1) and (2).

### STATEMENT OF FACTS

4.

On or about April 9, 1998, the Petitioners purchased the residence located at 1726 Lakeshore Drive, in New Orleans, Louisiana (hereinafter referred to as the "Property"). The Property faces

Page 1 of 7

EXHIBIT A

[Receipt stamp overlay:]
DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112
504-407-0000

Receipt Date      4/21/2016 11:12:00 AM
Receipt Number    556352
Cashier           klegohn
Register          CDCCASH1
Case Number       2016-04002
Grand Total       $1294.00
Amount Received   $1294.00
Balance Due       $0.00
Change Due        $0.00
Payment / Transaction List
Check # 48020 $1294.00

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Petition for Damages | $444.50 | $444.50 | $0.00 |
| Building Fund Fee | $25.00 | $25.00 | $0.00 |
| JSC | $24.00 | $24.00 | $0.00 |
| Indigent Legal Fee | $10.00 | $10.00 | $0.00 |
| Judicial College | $0.50 | $0.50 | $0.00 |
| Supreme Court Proc essing Fee | $10.00 | $10.00 | $0.00 |
| Request for Trial by Jury | $780.00 | $780.00 | $0.00 |

[Stamp:] VERIFIED

north towards Lakeshore Drive and is a two-story structure over a concrete-slab foundation. The Property's exterior walls are covered with brick, and the roof is a built-up flat roof. Upon information and belief, the Property was constructed sometime in 1961.

5.

In August of 2005, during Hurricane Katrina, the roof blew off of the Property allowing rain to soak the interior of the structure. As a result of this damage, extensive repairs were required, including, but not limited to, removal and replacement of the drywall, floor coverings, and appliances.

6.

The Petitioners retained Livers to perform all the repair work to the Property in response to the damages sustained during Hurricane Katrina.

7.

From August of 2005 until July of 2007, the Property was uninhabitable and the Petitioners were forced to reside elsewhere. To the best of their recollection, the Petitioners moved back into the Property on or about July 1, 2007.

8.

As a result of continued issues with the Property, Donovan Engineering Co., Inc. performed an inspection and study of the Property on October 23, 2015 at the request of defendant, the Fireman's Fund. On October 30, 2015, Clifford E. Capps, P.E. of Donovan Engineering Co., Inc., issued a report wherein he concluded: (1) it is probable that the house has contaminated (high sulfur content) Chinese drywall; and (2) the problems experienced with the Property are consistent with failure due to the presence of contaminated drywall. In or about August of 2015, the Petitioners were told by one of the technicians responding to a service call as well as an acquaintance that the Property could possibly contain Chinese drywall. The report issued on October 30, 2015, however, was the first time the Petitioners had definite confirmation that the Property was contaminated with Chinese Drywall.

9.

The Petitioners have attempted to inform the Defendants of these issues and have made reasonable demand upon the Defendants, to no avail.

**10.**

As a result of the actions of the Defendants, the Petitioners have sustained significant damages, and of this date, the Defendants have failed and/or refused to make or pay for any repairs to the Property.

**FIRST CAUSE OF ACTION**
*(Breach Of Contract As To Livers)*

**11.**

The Petitioners re-iterate the allegations contained in paragraphs 1 through 10, above, as if copied out herein *in extenso*.

**12.**

Prior to Livers beginning the work and/or construction at the Property, the Petitioners and Livers entered into a contract concerning such work.

**13.**

Livers has breached the contract entered into with the Petitioners by installing contaminated Chinese Drywall throughout the Property; by its defective performance; by failing to perform the work in a workmanlike manner; and, for any and all other acts or omissions which would constitute a breach of contract to be proven at the trial of this matter.

**14.**

Accordingly, Livers failed to do the work it was obligated to do under the contract, and certain work performed by Livers under the contract was not performed in the manner Livers was obligated to perform same. Livers is therefore liable to the Petitioners under Louisiana Civ. Code art. 1994 and art. 2769 for all losses which ensue from its non-compliance with the contract.

**15.**

As a result of Livers' action and/or inaction as set forth above, the Petitioners have sustained substantial losses and damages to be proven at trial.

**SECOND CAUSE OF ACTION**
*(Breach Of Contract As To The Fireman's Fund)*

**16.**

The Petitioners re-iterate the allegations contained in paragraphs 1 through 15, above, as if copied out herein *in extenso*.

**17.**

During all relevant times herein, the Petitioners had in full force and effect a homeowners policy of insurance issued by defendant, Fireman's Fund, which provides coverage for the damage(s) sustained by the Petitioners.

**18.**

The policy of homeowners insurance issued by the Fireman's Fund represents a valid written contract for insurance between the Petitioners and the Fireman's Fund.

**19.**

The Petitioners have sustained loss which is covered by the policy and have made a claim and sought recovery for said loss against the Fireman's Fund under the provisions contained in the policy.

**20.**

Despite the Petitioners' payment of premiums for insurance protection, and despite the clear obligations to properly adjust the Petitioners' insurance claims and to pay the Petitioners for their losses, the Fireman's Fund has breached its insurance contract with the Petitioners by failing to adequately adjust the Petitioners' loss claim and to pay the Petitioners all the monies due and owing pursuant to the policy.

**21.**

Furthermore, the Fireman's Fund is liable for its violation of Louisiana Revised Statutes 22:1892 and 22:1973 by arbitrarily and capriciously grossly undervaluing and/or denying coverage for the Petitioners' loss and inexplicably delaying the issuance of loss payments to the Petitioners in violation of the time frames contemplated under Louisiana Law after receiving adequate proof of loss.

**22.**

As such, and as a result of the Fireman's Fund bad faith, the Petitioners are entitled to both penalties and attorneys' fees pursuant to Louisiana Revised Statute 22:1892 and 22:1973.

**23.**

As a result of the Fireman's Fund action and/or inaction as set forth above, the Petitioners have sustained substantial losses, including attorneys' fees and other damages to be proven at trial.

## TRIAL BY JURY REQUEST

### 24.

The Petitioners desire and demand a jury trial on all issues so triable by jury.

**WHEREFORE**, the Petitioners pray that the Defendants be cited to appear and answer this petition, and that after all due proceedings, had, there be judgment in their favor and against the Defendants, for the damages sustained, plus interest, costs, attorney's fees incurred in bringing this action, for reimbursement of the reasonable expenses occasioned to date, and other damages to be proven at the trial of this matter, together with attorney's fees, damages, costs and all general and equitable relief as this Honorable Court deems fit and proper and for trial by jury.

Respectfully submitted,

CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM & HAYES, LLP

JAMES M. WILLIAMS, La. Bar No. 26141
MATTHEW A. SHERMAN, La. Bar No. 32687
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
*Attorneys for Petitioners*

**PLEASE SERVE:**

**LIVERS CONSTRUCTION INC**
Through its registered agent:
Louis E. Livers, Jr.
2024 Audubon Street
New Orleans, Louisiana 70118

**THE FIREMAN'S FUND INSURANCE COMPANY**
Through its registered agent:
The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED
2016 APR 21 A 11: 01

NO.                                                                 DIVISION " "

WINSTON J. BURNS, JR. AND WENDY B. BURNS

VERSUS

LIVERS CONSTRUCTION INC AND FIREMAN'S FUND INSURANCE COMPANY

FILED: _____      _____
                                                                    DEPUTY CLERK

### REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, come the Petitioners, who makes the following requests:

I.

Pursuant to LSA-C.C.P. Article 1572, the Petitioners request written notice ten (10) days in advance of the date fixed for the trial or hearing on any exceptions, motions or rules on the merits of the captioned matter.

II.

Pursuant to LSA-C.C.P. Articles 1913 and 1914, the Petitioners request immediate notice of all interlocutory and final orders and judgments on any exceptions, motions or rules on the merits of the captioned suit.

**WHEREFORE**, the premises considered, the Petitioners request that they be furnished with the above specified information.

Respectfully submitted,

CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM & HAYES, LLP

_____
JAMES M. WILLIAMS, La. Bar No. 26141
MATTHEW A. SHERMAN, La. Bar No. 32687
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
*Attorneys for Petitioners*

VERIFIED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED 2016 APR 21 A 11:01
CIVIL DISTRICT C...

NO. _____                                        DIVISION " "

WINSTON J. BURNS, JR. AND WENDY B. BURNS

VERSUS

LIVERS CONSTRUCTION INC AND FIREMAN'S FUND INSURANCE COMPANY

FILED: _____    _____
                                              DEPUTY CLERK

## JURY ORDER

The mover for jury trial shall post a jury bond in the amount of $_____ within sixty (60) days of the signing of the order granting the jury trial. Prior to the commencement of trial, the party requesting the jury trial shall deposit the sum of $_____ cash per day for each day the trial is estimated to last.

The Clerk of Court shall return any unused portion of the jury cost deposited to the party responsible.

New Orleans, Louisiana, this _____ day of _____, 2016.

_____
JUDGE, CIVIL DISTRICT COURT

*See attached Jury Order*

VERIFIED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA
DIVISION "I"-SECTION 14

2016-4002

Winston J. Burns, Jr. and Wendy B. Burns
vs.
Livers Construction, Inc. and Firemen's Fund Insurance Company

## JURY DEPOSIT ORDER PURSUANT TO LA. C.C.P. art. 1734.1

Demand for trial by jury having been made herein,

IT IS ORDERED that the party requesting trial by jury deposit with the Clerk of Court cash in the amount of $2,000.00 for the first day of trial and $400.00 for each additional day the trial is expected to last, which sum shall be deposited no later than thirty (30) days prior to trial. In the event the case is resolved without the necessity of proceeding to trial by jury, the party depositing the funds shall receive a refund of this deposit as follows:

In the event the case is settled, the party depositing the funds shall receive a refund of this deposit as follows:

1. All funds less **$1,500.00** shall be refunded, only if the Court is notified, in writing, 30 (thirty) days in advance of trial indicating that the case is resolved or will proceed to trial by judge;

2. If the case settles within the dates the trial was scheduled to proceed, the court shall cast the party requesting the jury trial an additional **$320** in jury costs.

3. If the case proceeds to trial by jury, the remaining funds on deposit shall be used to pay all jury costs. The court may require an additional deposit for costs as needed.

4. The above deposit schedule only applies to the calling of a standard venire. In the event that the case requires more potential jurors because of the length of the case or other factors, the Court may require additional costs to be posted.

This Order supersedes any prior Jury Order issued in the matter. The Court certifies that a copy of this Order has been served upon all counsel of record and/or parties by hand delivery or by mail. New Orleans, Louisiana, this 26th day of April, 2016.

Judge Piper D. Griffin

Adopted: May 6, 2014
Effective: June 1, 2014

ENTERED ON MINUTES
APR 27 2016

VERIFIED 5/2/2016