IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

### TAISHAN'S NOTICE OF JOINDER TO SUPPLEMENTAL MOTION ON JURISDICTION AND CLASS CERTIFICATION FOLLOWING *BRISTOL-MYERS SQUIBB v. SUPERIOR COURT*

For yet another substantive-law reason, the PSC's misguided attempt to bring a multi-state, mass-tort action as a single class action runs afoul of the Constitution. Fundamental issues of federalism, state sovereignty and due process cannot be ignored. The rule of law, not the perceived need for expediency, control.

In every drywall Omni complaint, the Fourteenth Amendment Due Process Clause requires the dismissal of all claims related to properties not located in the state in which the PSC filed that Omni complaint. For example, in the *Amorin* action filed in and transferred from the Southern District of Florida, that court (and thus this MDL Court) cannot exercise personal jurisdiction over tort claims having nothing to do with Florida—even if that court can otherwise exercise personal jurisdiction over similar claims related to Florida. That is the precise holding of the United States Supreme Court in *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1782 (2017), which reversed California's attempted exercise of personal jurisdiction for nonresidents' mass-tort claims based only on "the mere fact" that California had jurisdiction over similar claims from California

residents. The rigorous *Bristol-Myers* requirement to analyze each specific claim's connection to the venue is consistent with the Supreme Court's recognition of personal-jurisdiction principles over the past few years.[1]

The *Bristol-Myers* holding makes it unmistakably clear that this Court must dismiss all claims involving nonresident properties. Indeed, tilting against an eight-justice majority, Justice Sotomayor confirmed in her *Bristol-Myers* dissent that "the upshot of today's opinion is that plaintiffs cannot join their claims together and sue a defendant in a State in which only some of them have been injured." *Bristol-Myers*, 137 S. Ct. at 1788-89 (Sotomayor, J., dissenting). Even more pertinent to this litigation involving overseas defendants, the dissent specifically predicted that, after *Bristol-Myers*, "a nationwide mass action brought against a defendant not headquartered or incorporated in the United States" cannot "survive." *Id.* at 1789.

Since the Supreme Court issued *Bristol-Myers*, federal courts have followed the unambiguous Court mandate and have been summarily dismissing the tort claims of nonresident plaintiffs for lack of personal jurisdiction. *See, e.g.*, *Oliver v. Ethicon*, 12-cv-06950, 2017 WL 3193652, at *3 (S.D. W.Va. July 27, 2017) (MDL court); *Jordan v. Bayer Corp.*, No. 4:17-CV-865 (CEJ), 2017 WL 3006993, at *4 (E.D. Mo. July 14, 2017) (dismissing tort claims of 85 nonresident plaintiffs); *Ergon Oil Purchasing, Inc. v. Canal Barge Co., Inc.*, No. 16-cv-5884, 2017 WL 2730853, at *5 (E.D. La. June 26, 2017). *Bristol-Myers* controls such state-law-tort federal actions because, "in a diversity suit, a federal court has personal jurisdiction over a nonresident

---

[1] *See Walden v. Fiore*, 134 S. Ct. 1115 (2014); *Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846 (2011).

defendant to the same extent that state court in that forum has such jurisdiction." *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994).

Judge me by my deeds. The PSC has now acknowledged the powerful impact of *Bristol-Myers* on their practice of filing duplicative, multi-state, consolidated Omni complaints by filing 11 misnamed and unrecognized by the Federal Rules of Civil Procedure "protective actions in light of the Supreme Court's recent decision in *Bristol-Myers-Squibbs* [sic]," seven for *Amorin* claims and four for *Brooke* claims. Levin/Herman July 27, 2017 Letter at 2 (attached as Exh. A). The seven so-called "*Amorin* protective actions," filed in federal district courts in seven different states, segregate the *Amorin* claimants with properties in those respective states—just as *Bristol-Myers* requires. *See* 137 S. Ct. at 1783 (suggesting that "the plaintiffs who are residents of a particular State—for example, the 92 plaintiffs from Texas and the 71 from Ohio—could probably sue together in their home States"). In coy understatement, the PSC concedes that "[t[he recent *Bristol-Myers Squibb* decision has caused the PSC to cautiously file the eleven new actions." Rec. Doc. 20885-1 at 4.

As the PSC fears, *Bristol-Myers* does require the Court to dismiss the claims related to properties located outside the state of filing because those nonresident claims have no "adequate link" to the venue state. *Bristol-Myers*, 137 S. Ct. at 1781. The "mere fact that *other* plaintiffs [own Florida properties]—and allegedly sustained the same injuries as did the nonresidents—does not allow [Florida] to assert specific jurisdiction over the nonresidents' claims." *Id.* And once the Court dismisses those nonresident claims, it should decertify the *Amorin* class because no single federal court has jurisdiction to adjudicate those tort claims from so many different states.

Accordingly, Taishan joins CNBM's and BNBM's Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court* (Rec. Doc. 20882).

Dated:  August 7, 2017

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **NOTICE OF JOINDER TO SUPPLEMENTAL MOTION ON JURISDICTION AND CLASS CERTIFICATION FOLLOWING *BRISTOL-MYERS SQUIBB v. SUPERIOR COURT*** has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of August, 2017.

<u>/s Michael P. Kenny</u>
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*