# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br>*ALL CASES* | JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS' STEERING COMMITTEE'S EMERGENCY MOTION TO VACATE THE COURT'S AUGUST 4, 2017 ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY IMMEDIATE APPEAL FROM THE COURT'S JURISDICTION ORDER (Rec. Doc. 20890)

## INTRODUCTION

As is their usual strategy, Defendants[1] seek to further complicate and delay this action by filing a Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* ("*BMS*")[2] (Rec. Doc. 20882) ("Supplemental Motion on Jurisdiction") in support of their *prior* motions to dismiss for lack of jurisdiction, while simultaneously seeking permission to appeal the Court's *prior* (and now incomplete) jurisdictional order (Rec. Doc. No. 20739) ("Jurisdiction Order") in the Fifth Circuit.[3] Problematically, Defendants' Supplemental Motion on Jurisdiction seeks relief that overlaps with two of the three questions for which Defendants seek an interlocutory appeal in the Fifth Circuit,

---

[1] Moving Defendants are CNBM Company, BNBM (Group) Co. Ltd. and BNBM PLC (collectively referred to herein as "Defendants").

[2] 137 S. Ct. 1773 (2017).

[3] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 5th Circuit Docket 17-90027 (Petition for Permission to Appeal attached hereto as Exhibit "A").

1

and notably, <u>Defendants have failed to inform the appellate court of these duplicative avenues being pursued on the same jurisdictional matters</u>.

In their Supplemental Motion on Jurisdiction, Defendants "request that the Court [i] dismiss all out-of-state plaintiffs from each of the actions,[4] [ii] dismiss BNBM from the Florida and Virginia actions where the jurisdictional bases are predicated on an agency theory, and [iii] decertify the class."  The outcome of this motion – which includes arguments with respect to agency issues that are the subject of the Jurisdiction Order and decertification – will most likely be the subject of another motion for permission for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which will create piecemeal appeals of the same issues.  Further, if the Fifth Circuit grants permission for Defendants' current appeal of the Jurisdiction Order to proceed,[5] Defendants will argue the effects of the *BMS* ruling on the personal jurisdiction issues pending before the appellate court,[6] but the record before the Fifth Circuit will not be complete because the issues (many of which are fact-based) related to *BMS* will not have been adjudicated by this Court.  More alarmingly, this Court will be considering a motion whose substance is simultaneously being debated in the Fifth Circuit.

In order to avoid the jurisdictional quagmire created by Defendants' overlapping motion for interlocutory appeal of this Court's Jurisdiction Order and their Supplemental Motion on

---

[4] This issue alone raises significant questions of tolling of the statutes of limitations, the effects of numerous default judgments, and additional jurisdictional issues, among other things, all of which will require full briefing (and perhaps oral argument) before this Court.

[5] The PSC's response to the Petition for Permission to Appeal is due on or before August 28, 2017.

[6] Defendants noted in their Reply Memorandum in Further Support of Their Motion to Certify an Immediate Appeal from the Court's Jurisdictional Order ("Reply Brief") that their appeal will discuss the impact of *BMS* on, among other things, whether there is a "'a connection between the forum and the specific claims at issue.'"  Rec. Doc. 20850 at 8.

2

Jurisdiction seeking relief pursuant to *BMS*, the PSC proposes that the Court vacate its 1292(b) Order (Rec. Doc. 20890) pending resolution of the Supplemental Motion on Jurisdiction.  This approach will avoid a waste of judicial resources in this Court and the Fifth Circuit, and Defendants will be in a position after the Court's ruling on *BMS* issues to seek immediate appeal of all of their jurisdictional issues at one time.

Defendants have rejected the notion of delaying their pursuit on an appeal of the Jurisdiction Order,[7] however, the filing of their Supplemental Motion on Jurisdiction contradicts the principles behind the rules against piecemeal appeals and has the purpose of further delaying this litigation which is already nine years old and implicates thousands of homeowners whose homes have not been remediated.  Accordingly, the PSC moves to vacate the Court's August 4, 2017 Order Granting Defendants' Motion to Certify Immediate Appeals from the Court's Jurisdiction Order R. Doc. 20779 ("1292(b) Jurisdiction Order") pending a ruling on the Supplemental Motion on Jurisdiction.

## RELEVANT PROCEDURAL BACKGROUND

On April 21, 2017, the Court issued its Order & Reasons related to jurisdictional challenges being raised in four separate motions filed by Defendants.[8]  On May 22, 2017, Defendants filed a motion pursuant to 28 U.S.C. § 1292(b) to Certify Immediate Appeals from the Court's Jurisdiction Order ("1292(b) Jurisdiction Motion").[9]  The PSC opposed this motion on June 22,

---

[7] *See* Email exchange between the parties, attached hereto as Exhibit "B."

[8] Rec. Doc. 20739.

[9] Rec. Doc. 20779.  Defendants filed two additional 1292(b) motions for immediate appeal of the Court's orders on Class Damages (Rec. Doc. 20781) and Decertification (Rec. Doc. 20780), which are pending.

3

2017,[10] and on July 5, 2017, Defendants filed their Reply Brief.[11]  On August 4, 2017, the Court granted Defendants' 1292(b) Jurisdiction Motion.[12]

On August 1, 2017, Defendants filed their Supplemental Motion on Jurisdiction arguing the impact of the *BMS* opinion on personal jurisdiction generally, and disputing this Court's findings of agency and class certification.[13]  On August 14, 2017, Defendants filed a Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b) in the Fifth Circuit ("1292(b) Petition") in which they argue that the *BMS* opinion impacts on two of the three questions raised on appeal.[14] In the 1292(b) Petition, Defendants fail to inform the Fifth Circuit that they have already filed the Supplemental Motion on Jurisdiction in this Court, which presents substantially overlapping issues.

## ARGUMENT

Defendants' course of action violates the well-settled historical policy against piecemeal litigation.  *See Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013) (quoting *Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)).  Even though 28 U.S.C. § 1292(b) permits appeal of certain interlocutory orders when the case itself is not final, it does not alter the rule that **the issue to be certified for appellate review** itself needs to be completed and finally decided in the district court.  *See*, *generally*, *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393,

---

[10] Rec. Doc. 20831.

[11] Rec. Doc. 20850.

[12] Rec. Doc. 20890.

[13] Rec. Doc. 20882.

[14] *See* Petition attached hereto as Exhibit "A."

4

424 (5th Cir. 2010) (reiterating principle that considering issues on 1292(b) that had not been ruled upon in the district court "would be an unconstitutional exercise of its jurisdiction because its judgment would be 'an advisory opinion.'").  As the Supreme Court stated in discussing appellate review under Sections 1291 and 1292:

> The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. ***Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal***.

*Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 545-46 (1949) (emphasis added).  Appellate intervention, as opposed to review, is precisely what Defendants seek here.

As made clear from a comparison of Defendants' Supplemental Motion on Jurisdiction to the 1292(b) Petition, both this Court and the Fifth Circuit will be simultaneously considering interrelated jurisdictional arguments.  The problems with Defendants' approach are not just theoretical, they are tangible and easily seen.

For example, should this Court rule first and find that there is no personal jurisdiction over BNBM under an agency theory in Florida and Virginia, that ruling would moot the appeal that is pending in the Fifth Circuit, rendering the entire appellate process a waste of time.  If Plaintiffs then chose to appeal this Court's finding of no personal jurisdiction, the parties would have to redo the entire appellate process with the more complete record upon which this Court based its decision.  If this Court should rule in Plaintiffs' favor by finding the *BMS* opinion inapplicable, Defendants would likely seek a second 1292(b) appeal that would have to be consolidated with the already pending, briefed and possibly argued appeal.  An additional round of briefing with the new and more complete record would have to be conducted.  Similarly, should the Fifth Circuit

rule first, it would moot the proceedings before this Court or, depending upon the analysis in the Fifth Circuit, be equivalent to a mere impermissible advisory opinion.

When Defendants filed their Supplemental Motion on Jurisdiction, they rendered the Court's Jurisdiction Order incomplete and therefore, not amenable to appellate treatment even under 1292(b). As such, the Court should vacate its 1292(b) Jurisdiction Order and allow the parties to finalize all jurisdiction issues prior to any interlocutory appeal.

III.   **CONCLUSION**

For the foregoing reasons, the PSC requests that this Court grant this motion to vacate.

Dated:   August 17, 2017                    Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819) (on the Brief)
Leonard A. Davis (LA Bar No. 14190) (on the Brief)
Stephen J. Herman (LA Bar No. 23129) (on the Brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Keith J. Verrier (on the Brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Robert Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
rbecnel@becnellaw.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

8

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 17th day of August, 2017.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
<u>Ldavis@hhklawfirm.com</u>
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*

9