# EXHIBIT "A"

No.

# IN THE
# United States Court of Appeals for the Fifth Circuit

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

(*INDIVIDUAL CASES LISTED WITHIN*)

PETITION BY:

CHINA NATIONAL BUILDING MATERIALS COMPANY, LIMITED;
BEIJING NEW BUILDING MATERIALS PUBLIC LIMITED COMPANY;
BEIJING NEW BUILDING MATERIAL GROUP COMPANY LIMITED,
*Defendants-Petitioners*

On Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:09-md-2047, Hon. Eldon E. Fallon

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO 28 U.S.C. § 1292(b)

L. Christopher Vejnoska
Andrew Davidson
Jason Wu
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Tel: (415) 773-5700

James L. Stengel
Xiang Wang
Marc R. Shapiro
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel: (212) 506-5000

Harry Rosenberg
PHELPS DUNBAR LLP
365 Canal St., Suite 2000
New Orleans, LA 70130
Tel: (504) 566-1311

Eric A. Shumsky
Benjamin Chagnon
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: (202) 339-8400

Ewell E. Eagan, Jr
Donna Phillips Currault
Alex B. Rothenberg
GORDON, ARATA,
MONTGOMERY, BARNETT,
    MCCOLLAM, DUPLANTIS &
    EAGAN, LLC
201 St. Charles Ave., 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111

*Counsel for Defendants-Petitioners*
*CNBM Co., BNBM Group, and BNBM PLC*

**<u>Cases where Petitioners named as Defendants</u>**:

*Abner et al. v. Taishan Gypsum Co. Ltd. et al.,*
    E.D. La. No. 11-03094, C.D. Cal. No. 11-01787
*Allen et al. v. Knauf Gips KG et al.,*
    E.D. La. No. 09-05844
*Allen et al. v. Taishan Gypsum Co., Ltd. et al.,*
    E.D. La. No. ____, S.D. Miss. No. 17-00217
*Amorin et al. v. State-Owned Assets Supervision and Administration*
    *Commission of the State Council et al.,*
    E.D. La. No. 14-01727
*Amorin et al. v. Taishan Gypsum Co. Ltd. et al.,*
    E.D. La. No. 11-01395
*Amorin et al. v. Taishan Gypsum Co. Ltd. et al.,*
    E.D. La. No. 11-01673, E.D. Va. No. 11-00377
*Amorin et al. v. Taishan Gypsum Co., Ltd. et al.,*
    E.D. La. No. 11-01672, S.D. Fla. No. 11-22408
*Bayne v, Taishan Gypsum Co., Ltd. et al.,*
    E.D. La. No. ____, N.D. Ala. 17-01286
*Bentz et al. v. Taishan Gypsum Co., Ltd. et al.,*
    E.D. La. No. ____, N.D. Ga. 17-02892
*Belfour et al. v. Knauf Gips KG et al.,*
    E.D. La. No. 09-06532, S.D. Fla. No. 09-61362
*Bright et al. v. Tiashan Gypsum Co., Ltd. et al.,*
    E.D. La. No. ____, E.D.N.C. No. 17-00035
*Brooke v. State-Owned Assets Supervision and Administration*
    *Commission of the State Council et al.,*
    E.D. La. No. 15-04127
*Brooke v. The State-Owned Assets Supervision and Administration*
    *Commission of the State Council et al.,*
    E.D. La. No. 15-06631, S.D. Fla. No. 15-24348
*Brooke, et al. v. State Owned Assets Supervision and Administration*
    *Commission of the State Council,*
    E.D. La. No. 15-06632, E.D. Va. No. 15-00506
*Campanelli et al. v. Knauf Gips KG et al.,*
    E.D. La. No. 09-06507, M.D. Fla. No. 09-00558
*Davy et al. v. Knauf Gips KG et al.,*
    E.D. La. No. 09-06533, S.D. Fla. No. 09-61363

*DeCarlo et al. v. Pulte Home Corporation et al.*,
    E.D. La. No. 09-06546, S.D. Fla. No. 09-81260

*DeOliveira v. Taishan Gypsum Co. Ltd et al.*,
    E.D. La. No. ____, S.D.S.C. No. 17-02019

*Difilippo et al. v. Knauf Gips KG et al.*,
    E.D. La. No. 09-06547, S.D. Fla. No. 09-81261

*Enclarde et al. v. Knauf Gips KG et al.*,
    E.D. La. No. 09-04513

*Foster v. Northstar Holdings, Inc. et al.*,
    E.D. La. No. 09-04320, S.D. Fla. No. 09-80535

*Gill v. Knauf Gips KG et al.*,
    E.D. La. No. 09-06506, M.D. Fla. No. 09-00557

*Goldstein v. Knauf Gips KG et al.*,
    E.D. La. No. 09-05869, S.D. Fla. No. 09-61096

*Gross et al. v. Knauf Gips KG et al.*,
    E.D. La. No. 09-06690

*Heischober et al. v. Taishan Gypsum Co. Ltd. et al.*,
    E.D. La. No. 09-06554, E.D. Va. No. 09-00428

*LeBlanc et al. v. Knauf Gips KG et al.*,
    E.D. La. No. 09-05946

*Leverette et al. v. Knauf Gips KG et al.*,
    E.D. La. No. 09-05845

*Little et al. v. Taishan Gypsum Co. Ltd. et al.*,
    E.D. La. No. 14-00587, S.D. Ala. No. 13-00612

*Lochhead et al. v. Taishan Gypsum Co., Ltd. et al.*
    E.D. La. No. ____, S.D. Tex. No. 17-00294

*Louisiana State v. Knauf Gips KG et al.*,
    E.D. La. No. 10-00340

*Macon v. Taishan Gypsum Co., Ltd. et al.*,
    E.D. La. No. ____, N.D. Ala. 17-01287

*Maykut et al. v. Knauf Gips KG et al.*,
    E.D. La. No. 09-05944

*Meister v. Knauf Gips KG et al.*,
    E.D. La. No. 10-00860, M.D. Fla. No. 10-00048

*Merlitz v. Taishan Gypsum Co., Ltd. et al.*,
    E.D. La. No. ____, E.D. Tex. 17-00140

*Metzl v. Knauf Gips KG et al.*,
    E.D. La. No. 09-06538, S.D. Fla. No. 09-22570

*Morgan et al. v. Taishan Gypsum Co. Ltd. et al.*,
  E.D. La. No. 09-06555, E.D. Va. No. 09-00115
*Morris v. Beijing New Building Materials Co., Ltd. et al.*,
  E.D. La. No. 09-06530, M.D. Fla. No. 09-01803
*Oliver et al. v. Knauf Gips KG et al.*,
  E.D. La. No. 09-06509, S.D. Miss. No. 09-00645
*Peoples et al. v. Taishan Gypsum Co., Ltd. et al.*,
  E.D. La. No. ____, N.D. Ga. No. 17-02890
*Plaza v. Knauf Gips KG et al.*,
  E.D. La. No. 09-05871, S.D. Fla. No. 09-22159
*Polk et al. v. Taishan Gypsum Co., Ltd. et al.*,
  E.D. La. No. ____, S.D. Miss. No. 17-00216
*Posey et al. v. Beijing New Building Materials Co., Ltd. et al.*,
  E.D. La. No. 09-06531, N.D. Fla. No. 09-00373
*Redden et al. v. Taishan Gypsum Co., Ltd. et al.*,
  E.D. La. No. ____, W.D. Tenn. 17-01146
*Schatzle et al. v. Knauf Gips KG et al.*,
  E.D. La. No. 09-04656, M.D. Fla. No. 09-00419
*Shelton et al. v. Knauf Gips KG et al.*,
  E.D. La. No. 09-05943
*Smith v. Knauf Gips KG et al.*,
  E.D. La. No. 09-04655, M.D. Fla. No. 09-00418
*Steiner et al. v. Beijing New Building Material, PLC et al.*,
  E.D. La. No. 09-06545, S.D. Fla. No. 09-81259
*Torres-Lutz et al. v. Shandong Taihe Dongxin Stock Co., Ltd. et al.*,
  E.D. La. No. 09-06529, M.D. Fla. No. 09-01802
*Usaga et al. v. Knauf Gips KG et al.*,
  E.D. La. No. 11-00336, S.D. Fla. No. 09-22569
*Victores et al. v. Lennar Homes, LLC et al.*,
  E.D. La. No. 09-05872, S.D. Fla. No. 09-22160
*Wiltz et al. v. Beijing New Building Material Public Limited Company et al.*,
  E.D. La. No. 10-00361
*Young et al. v. Knauf Gips KG et al.*,
  E.D. La. No. 09-05945

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

Petitioners-Defendants:

China National Building Materials Company Limited ("CNBM Company"), a publicly traded company on the Hong Kong Stock Exchange, states that its parent corporation is CNBM Group. To counsel's knowledge, no publicly traded corporation owns 10% or more of the stock of CNBM Company.

Beijing New Building Materials Public Limited Company
Beijing New Building Material (Group) Co., Ltd.

Counsel for Petitioners-Defendants:

L. Christopher Vejnoska
Andrew Davidson
Jason Wu
ORRICK, HERRINGTON & SUTCLIFFE LLP
San Francisco, CA 94105
(415) 773-5700

James L. Stengel
Xiang Wang
Marc R. Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

Eric A. Shumsky
Benjamin Chagnon
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, NW
Washington, D.C. 20005
(202) 339-8400

Ewell E. Eagan, Jr.
Donna Phillips Currault
Alex B. Rothenberg
GORDON ARATA, MONTGOMERY, BARNETT,
MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170
(504) 582-1111

Harry Rosenberg
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
(504) 566-1311

Former Counsel for Petitioners BNBM Entities:

Michael H. Barr
Justin N. Kattan
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6700

Richard L. Fenton
Leah R. Bruno
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606-6306
(312) 876-8000

C. Michael Moore
DENTONS US LLP
2000 McKiney Ave., Suite 1900
Dallas, TX 75201
(214) 259-0900

Other Interested Defendants[*]:

Ace Hardware Corporation
Ace Home Center, Inc.
All Interior Supply, Inc.
Banner Supply Co.
Banner Supply Co. Fort Myers, LLC
Banner Supply Company Pompano, LLC
Banner Supply Co. Port St. Lucie, LLC
Banner Supply International, LLC
Beijing New Building Materials Homes
Beijing New Building Materials Public Limited Company
Black Bear Gypsum Supply, Inc.
BNBM of America, Inc.
BNBM USA
BND Co., Ltd.
Changzhou China Composites Liberty Co., Ltd.
Changzhou China Composites Tianma Fiberglass Products Co., Ltd.
Changzhou Liberty TOLI Building Material Co., Ltd.
Changzhou Yinhe Wood Industry Co., Ltd
China Building Materials Academy
China Cinda Asset Management Co., Ltd.
China Composites Group Corp., Ltd.
China Fiberglass Co., Ltd.
China National Building Material & Equipment Import & Export Co.
China National Building Materials Company, Ltd.
China National Building Materials Group Corporation

---

[*] The companies here are those most consistently named as co-defendants alongside Petitioners-Defendants.  Other defendants named in a smaller fraction of the cases in which Petitioners-Defendants are named in the complaints are set out in Addendum A.

China National Building Materials Investment Trading
China Triumph Bengbu Engineering and Technology Co., Ltd.
China Triumph International Engineering Co., Ltd.
China Triumph Nanjing Cement Technological Engineering Co., Ltd.
China United Cement Co., Ltd.
China United Julong Huaihai Cement Co., Ltd.
China United Luhong Cement Co., Ltd.
China United Nanyang Co.
China United Qingzhou Luhong Cement Co., Ltd.
CNBM (USA) Corporation
CNBM Forest Products (Canada) Ltd.
CNBM Forest Products, Ltd.
CNBMI Co., Ltd.
CTIEC Shenzhen Scieno-tech Engineering Co., Ltd.
Fuxin Taishan Gypsum and Building Material Co., Ltd.
Gebrueder Knauf Verwaltungsgesellschaft, KG
Guandong Knauf New Building Material Products Co., Ltd.
Hubei Taishan Building Material Co., Ltd.
I.B.S.A., Inc.
Interior Exterior Building Supply LP
Interior Exterior Enterprises, L.L.C.
Jushi Group Co., Ltd.
Knauf Gips KG
Knauf Insultation GMBH
Knauf International GMBH
Knauf Plasterboard Wuhu Co., Ltd.
Knauf Plasterboard Tianjin Co., Ltd.
Knauf Plasterboard Dongguan Co., Ltd.
Knauf USA
La Suprema Trading, Inc.
La Suprema Enterprise, Inc.
Lennar Corporation
Lennar Homes, LLC
Lianzhong Zhongfu Lianzhong Composite Material Group Co., Ltd.
L & W Supply Corporation
Pingyi Baier Building Materials Co., Ltd.
Pingyi Zhongxing Paper Faced Plasterboard Co. Ltd.
Northstar Holdings, Inc.

Northstar Homes, Inc.
Pro Build Holdings, Inc.
Qinhuangdao Taishan Building Materials Co., Ltd.
Rosen Building Supply, Inc.
Rothchilt International Limited
Shandong Chenxiang Building Materials Co. Ltd.
Shandong Oriental International Trading Co., Ltd.
Shandong Taihe Dongxin Co., Ltd.
Shandong Taihe Dongxin Stock Co.
Shanghai Yaohua Pilkington Glass Co., Ltd.
Shenzhen B&Q Decoration & Building Materials Co., Ltd.
State-owned Assets Supervision and Administration Commission of the
     State Counsel
Suzhou Tianfeng New Building Material Co., Ltd.
Tai'an Taishan Plasterboard Co., Ltd.
Tai'an Taihe Shengyuan Industry and Trade Co., Ltd.
Tai'an Taihe Advertisement Co., Ltd.
Taihe Paper Industry
Taishan Gypsum Co. Ltd.
Taishan Gypsum (Baotou) Co., Ltd.
Taishan Gypsum (Chongqing) Co., Ltd.
Taishan Gypsum (Henan) Co., Ltd.
Taishan Gypsum (Hengshui) Co., Ltd.
Taishan Gypsum (Jiangyin) Co., Ltd.
Taishan Gypsum (Pingshui) Co., Ltd.
Taishan Gypsum (Pingshan) Co., Ltd.
Taishan Gypsum (Pizhou) Co., Ltd.
Taishan Gypsum (Tongling) Co., Ltd.
Taishan Gypsum (Wenzhou) Co., Ltd.
Tiashan Gypsum (Xiangtan) Co., Ltd.
United Suntech Craft, Inc.
USG Corporation
US Home Corporation
Xingtai China United Ziyan Co., Ltd.
Zaozuhuang China United Luhong Cement Co., Ltd.

Plaintiffs-Respondents

Plaintiffs include thousands of property owners and developers, many of which appear in multiple complaints in multiple states.  The names of the individual plaintiffs can be found in the respective cases in which Petitioners have been sued.  *See* 5th Cir. R. 28.2.1. ("If a large group of persons or firms can be specified by a generic description, individual listing is not necessary."). Those cases are set out above at pp. i-iii.

Counsel for Plaintiffs-Respondents:

Arnold Levin
Frederick S. Longer
Sandra L. Duggan
Nicola F. Serianni
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500

Russ M. Herman
Leonard Arthur Davis
Stephen J. Herman
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892

Plaintiffs' Steering Committee in MDL No. 2047:

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
(504) 524-3300

Robert M. Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
 (985) 536-1186

Peter Prieto
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
(305) 358-2800

Bruce William Steckler
STECKLER GRESHAM COCHRAN
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
(972) 387-4040

Patrick Montoya
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
(305) 476-7400

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,
MITCHELL ECHSNER & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
(850) 435-7000

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750

Jerrold Seth Parker
PARKER WAICHMAN, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
(239) 390-1000

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras St.
New Orleans, LA 70163-2800
(504) 522-2304

Seth Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
(239) 433-6880

James Robert Reeves
REEVES & MESTAYER
160 Main Street
Biloxi, MS 39530
(228) 374-5151

Christopher Seeger
SEEGER WEISS, LLP
77 Water Street
New York, NY 10005
(212) 584-0700

Daniel K. Bryson
WHITFIELD, BRYSON & MASON, LLP
900 W. Morgan Street
Raleigh, NC 27603
(919) 600-5000

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J. SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
(757) 233-0009

Victor M. Diaz, Jr., Esquire
V.M. DIAZ AND PARTNERS, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
(305) 704-3200

Of Counsel to Plaintiffs' Steering Committee:

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
(985) 783-6789

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
(504) 525-1500

All parties and their counsel in MDL No. 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL 2047 (E.D. La.), who may have purchased, sold, or installed drywall manufactured by Taishan and TTP and are named in any action in the MDL where CNBM Co., BNBM Group, or BNBM PLC is a defendant.

Date: August 14, 2017                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                         */s/ Eric A. Shumsky*
                                         Eric A. Shumsky
                                         *Counsel for CNBM Co., BNBM Group,*
                                         *and BNBM PLC*

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ....................................... iv

TABLE OF AUTHORITIES ................................................................. xv

INTRODUCTION ................................................................................... 1

FACTS NECESSARY TO UNDERSTANDING THE QUESTION ......... 3

QUESTIONS UNDERLYING THE JURISDICTIONAL ORDER .......... 8

REASONS WHY APPEAL SHOULD BE PERMITTED ........................ 9

I.      The Jurisdictional Order Presents Controlling
        Questions of Law. ....................................................... 9

II.     There are Substantial Grounds for Difference of
        Opinion. ..................................................................... 11

        A.      There are substantial grounds for difference of
                opinion about when to apply forum law
                concerning imputed contacts. .................................... 12

        B.      There are substantial grounds for difference of
                opinion about the court's articulation of state-law
                imputation theories. .................................................... 16

        C.      There are substantial grounds for difference of
                opinion about whether the district court could
                exercise personal jurisdiction without considering
                due process. .............................................................. 23

III.    An Immediate Appeal Would Materially Advance This
        Litigation. ................................................................. 25

CONCLUSION AND RELIEF SOUGHT ............................................ 27

CERTIFICATE OF SERVICE ............................................................. 29

CERTIFICATE OF COMPLIANCE ..................................................... 32

CERTIFICATE OF CONFERENCE .................................................... 33


ADDENDUM A ........................................................................ Add. A-1

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
    450 F. App'x 326 (5th Cir. 2011)...........................................................20

*Alpine View Co. v. Atlas Copco AB*,
    205 F.3d 208 (5th Cir. 2000)..........................................................17, 19

*Bearry v. Beech Aircraft Corp.*,
    818 F.2d 370 (5th Cir. 1987)..................................................................3

*Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co.*
    *of La., Inc.*,
    690 F. Supp. 2d 435 (E.D. La. 2010)...............................................18, 19

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
    137 S. Ct. 1773 (2017)....................................................................22, 25

*Cazorla v. Koch Foods of Miss., L.L.C.*,
    838 F.3d 540 (5th Cir. 2016)..................................................................8

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
    742 F.3d 576 (5th Cir. 2014)................................................................14

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
    753 F.3d 521 (5th Cir. 2014)....................................3, 4, 19, 21, 22, 23

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
    No. 09-md-2047, 2011 WL 2443693 (E.D. La. June 14,
    2011)...................................................................................................11

*Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*,
    702 F.2d 67 (5th Cir. 1983).................................................................10

*Couch v. Telescope Inc.*,
    611 F.3d 629 (9th Cir. 2010)...............................................................11

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)...............................................................21, 22, 23

xv

*Dickson Marine Inc. v. Panalpina, Inc.,*
179 F.3d 331 (5th Cir. 1999) ................................................. 16, 19, 22

*Energy Coal S.p.A. v. CITGO Petroleum Corp.,*
836 F.3d 457 (5th Cir. 2016) ................................................. 12, 18, 19

*Gardemal v. Westin Hotel Co.,*
186 F.3d 588 (5th Cir. 1999) ............................................................. 19

*Garner v. Wolfinbarger,*
430 F.2d 1093 (5th Cir. 1970) ........................................................... 10

*Green v. Champion Ins. Co.,*
577 So. 2d 249 (Lt. Ct. App. 1991) ................................................... 19

*Hargrave v. Fibreboard Corp.,*
710 F.2d 1154 (5th Cir. 1983) ............................................. 6, 16, 17, 20

*Int'l Bancorp, L.L.C. v. Societe Des Bains De Mer Et Du
Cercle Des Etrangers A Monaco,*
192 F. Supp. 2d 467 (E.D. Va. 2002) ................................................ 15

*Jackson v. Tanfoglio Giuseppe, S.r.l.,*
615 F.3d 579 (5th Cir. 2010) ................................................. 12, 19, 24

*Johnston v. Multidata Sys. Int'l Corp.,*
523 F.3d 602 (5th Cir. 2008) ............................................................... 3

*Keeton v. Hustler Magazine, Inc.,*
465 U.S. 770 (1984) ........................................................................... 16

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione
Motonave Achille Lauro in Amministrazione
Straordinaria,*
921 F.2d 21 (2d Cir. 1990) .................................................................. 9

*McFarlin v. Conseco Servs., LLC,*
381 F.3d 1251 (11th Cir. 2004) ........................................................ 25

*Nuovo Pignone, SpA v. Storman Asia M/V,*
310 F.3d 374 (5th Cir. 2002) ......................................................... 3, 10

xvi

*Riggins v. Dixie Shoring Co.,*
    590 So. 2d 1164 (La. 1991)........................................................ 6, 15, 20

*Ryan v. Flowserve Corp.,*
    444 F. Supp. 2d 718 (N.D. Tex. 2006)....................................... 9, 10, 11

*Steel v. United States,*
    813 F.2d 1545 (9th Cir. 1987)........................................................... 25

*Ex Parte Tokio Marine & Fire Ins. Co.,*
    322 F.2d 113 (5th Cir. 1963)............................................................. 26

*United States v. Bestfoods,*
    524 U.S. 51 (1998)........................................................................... 17

*WH Smith, PLC v. Benages & Assocs., Inc.,*
    51 So. 3d 577 (Fla. Dist. Ct. App. 2010) ......................................... 15

*Williams v. Yamaha Motor Co.,*
    851 F.3d 1015 (9th Cir. 2017)..................................................... 21, 22

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)......................................................................... 25

**Statutes**

28 U.S.C. § 1292(b)............................................................. 1, 2, 4, 7, 8, 10

**Other Authorities**

15A C.J.S. Conflict of Laws § 31 (updated June 2017) .......................... 14

16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ........... 9, 26

xvii

Pursuant to Federal Rule of Appellate Procedure 5 and 28 U.S.C. § 1292(b), Petitioners CNBM Company, BNBM Group, and BNBM PLC respectfully request that this Court accept the district court's August 4, 2017, certification of an appeal, *see* Exhibit B, from the court's April 21, 2017 order denying Petitioners' requests to dismiss for lack of personal jurisdiction, *see* Exhibit A.

## INTRODUCTION

It is a—if not *the*—foundational principle of corporate law that shareholders are liable only to the extent of their investment.  It is therefore rare that a court casts aside that principle to pierce the corporate veil.  And it is simply extraordinary when a court pierces the veil for multiple shareholders throughout a corporate family in order to create jurisdiction over them all.  Here, the district court did just that. It held that the acts of one company, Taishan Gypsum, may be imputed not just to corporate parents, but to distant corporate relatives— including entities that have no independent contacts with the United States (much less the forum states in particular).

1

The district court itself recognized that immediate appeal is appropriate, and properly so.  This sweeping assertion of personal jurisdiction is just the sort of order for which § 1292(b) was intended.

As the court acknowledged when it certified its order for appeal, the decision implicates important questions of law.  These issues concern the application of foreign law, the "false conflicts" doctrine, and imputing contacts to parties notwithstanding their adherence to corporate formalities.  These issues are controlling—resolving them in Petitioners' favor will require dismissal.  And they are critically important to the future course of this MDL.  It is essential that, before individual cases are remanded for separate trials in different jurisdictions, the parties and the Court know whether Petitioners will take part in those trials, or if instead, the cases will be simplified to claims against Taishan alone.  Resolving that now, rather than after 3,000 trials, will avoid the chaos and waste that otherwise will result.

Presumably for these very reasons, this Court repeatedly has recognized (including in an appeal involving a different defendant in this same litigation) that it is sensible to address such issues now rather than after final judgment.  *E.g.*, *In re Chinese-Manufactured*

*Drywall Prods. Liab. Litig.*, 753 F.3d 521, 528 (5th Cir. 2014); *Johnston*

*v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 608-09 (5th Cir.

2008); *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378

(5th Cir. 2002), *abrogated on other grounds by Water Splash, Inc. v.*

*Menon*, 137 S. Ct. 1504 (2017); *Bearry v. Beech Aircraft Corp.*, 818 F.2d

370, 373 (5th Cir. 1987).  It should do the same here.

## FACTS NECESSARY TO UNDERSTANDING THE QUESTION

This petition arises from multi-district litigation involving

property owners who asserted claims for damage arising from allegedly

defective Chinese-manufactured drywall.  *See Chinese-Manufactured*

*Drywall*, 753 F.3d at 526-27.  Important here, the property owners sued

not just the drywall manufacturer, but numerous relatives in the

corporate family: corporate parents (such as BNBM PLC), grandparents

(CNBM Co.), and great-grand uncles (BNBM Group) that invested in

Taishan, as well as far more distant relatives.

Petitioners initially elected not to participate in the litigation,[1] but

following an initial dispute and appeal to this Court concerning

---

[1] *See* Rec. Doc. 18028 at 5-6 (recounting the procedural history).

3

jurisdiction over Taishan alone,[2] the defendants have participated fully, including in extensive discovery and motions practice.  And, relevant here, Petitioners moved to dismiss for lack of personal jurisdiction because they are mere shareholders without independent contacts to the forum states.  Following jurisdictional discovery, Plaintiffs did not dispute that, except for a sliver of drywall sales by BNBM PLC in Florida, these companies did not manufacture drywall, and did not distribute or sell drywall in the forum states.  Rec. Doc. 20036, at 5-6.  But Plaintiffs argued that Petitioners are vicariously subject to jurisdiction because of *Taishan's* conduct, Ex. A at 3, even though each member of the CNBM Corporate family is formally distinct and the entities are "not undercapitalized," *id.* at 73.  Under Plaintiffs' theory,

---

[2] The district court found jurisdiction over Taishan based on contacts between its subsidiary (Tai'An Taishan Plasterboard, Co., Ltd.) and the forum states.  This Court authorized appeal under § 1292(b), and affirmed.  *Chinese-Manufactured Drywall*, 753 F.3d at 526.  That this Court has addressed Taishan's jurisdiction does not control whether there is jurisdiction over Petitioners, who are multiple levels up the corporate hierarchy with intervening layers of minority ownership.  Indeed, exercising jurisdiction over Petitioners on the basis of Taishan's own subsidiary-derived contacts would further stretch corporate imputation doctrines and would be particularly inappropriate here given that Petitioners, unlike Taishan, have not conceded that forum state law applies.

4

however, the contacts imputed from Tai'An to Taishan, *supra* n.2, should be imputed throughout the entire corporate family.

Despite dismissing a few of Taishan's distant corporate relatives, the court asserted jurisdiction over Petitioners. Ex. A at 98-100. It recognized that whether jurisdictional contacts may be imputed from one company to another is governed by the law of the state of incorporation. Here, the relevant companies are incorporated in China. *Id.* at 40-41. But the court declined to apply Chinese law on the theory that the "false conflicts" doctrine applies—namely, that there is no "meaningful difference" between the law of China and the various forum states. *Id.* at 48-49. However, the court never actually analyzed whether contacts could be imputed to Petitioners under Chinese law, which requires a showing of intent to evade debt, and the court reached different results when applying the laws of the forum states. *Id.* at 41 n.20, 49-53, 98-100. Moreover, although the court recognized that Plaintiffs could not make out the critical element that typically is necessary to pierce the corporate veil—deceit or undercapitalization—it applied a variety of doctrines under Florida, Louisiana, and Virginia law to pierce the veil and impute Taishan's contacts to Petitioners:

***Louisiana.***  The court applied a version of the single business enterprise (SBE) doctrine, opining that liability may be imputed to separate corporations when they "integrate their resources in operations to achieve a common business purpose."  *Id.* at 44-45 (citation omitted).  That doctrine is subject to dispute among Louisiana appellate courts, and has never been adopted by the Louisiana Supreme Court.  Yet the district court used it to assert jurisdiction over each Petitioner on the theory that they all are controlled by corporate higher-ups.  *Id.* at 76-79.

The court also concluded that BNBM PLC is an alter ego of Taishan.  *Id.* at 75.  Louisiana law requires a showing of fraud or deceit to find alter ego.  *Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1168 (La. 1991).  The court made no such finding, instead relying exclusively on *Hargrave v. Fibreboard Corporation*, 710 F.2d 1154, 1159-60 (5th Cir. 1983)—which applies Texas rather than Louisiana law.

***Florida and Virginia.***  The district court recognized there is no basis for finding that Petitioners and Taishan are alter egos under Florida or Virginia law.  Ex A. at 54 (Florida), 64-65 (Virginia).  Even so, it held that Taishan is BNBM's *agent* under the law of both states

(but not China or Louisiana) because BNBM exercised general control over Taishan. *Id.* at 39, 55-69. The court did not assess how any agency relationship resulted in drywall sales in Florida or Virginia or how it gave rise to any defective-drywall claim by the named Plaintiffs. The court also found that BNBM's direct contacts with Florida (resulting from approximately 60 sales) gave rise to jurisdiction in that state. *Id.* at 81-95.

The court certified its order for interlocutory review under 28 U.S.C. § 1292(b). Ex. B at 11-13. It explained that immediate review is "particularly appropriate regarding questions of jurisdiction," and here it would enable "Fifth Circuit review" before a "long and costly process of serial trials." *Id.* at 12. In addition, the court acknowledged, "the propriety of the Court's exercise of personal jurisdiction" is subject to debate, in part because the foreign law at issue here—Chinese law on corporate separateness—"is woefully underdeveloped" in federal courts. *Id.* at 12.[3]

---

[3] Petitioners provided uncontroverted evidence of Chinese imputation law. Ex. A at 41-42 & n.20. Even accepting the court's characterization of Chinese law as being underdeveloped, the court cited no authority stating that choice of law principles may be disregarded on that basis.

7

## QUESTIONS UNDERLYING THE JURISDICTIONAL ORDER

Under § 1292(b), an order is subject to appeal when it involves a controlling question of law; there is a substantial ground for difference of opinion; and an immediate appeal would materially advance the litigation. When those criteria are met, the order as a whole will be reviewed. *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 548 & n.16 (5th Cir. 2016). This is an unusually easy case for review, because the order contains multiple such questions, all of which speak to "the propriety of the Court's exercise of personal jurisdiction over the CNBM and BNBM Entities." Ex. B at 12. Specifically:

1. Whether the false conflicts doctrine allows a court to disregard the law of the state of incorporation absent a determination that the outcome is the same under the law of each forum state.

2. Whether the district court properly imputed jurisdictional contacts based on (1) the unsettled single business enterprise theory adopted only by intermediate courts in Louisiana; and (2) a general agency relationship (existing under the law of some but not all forum states) that was not found to cause Plaintiffs' injuries or to rise to the level of alter ego.

3. Whether the district court erred in exercising personal jurisdiction over Petitioners without evaluating the nexus between their contacts and Plaintiffs' claims or whether the exercise of jurisdiction is fair and reasonable.

## REASONS WHY APPEAL SHOULD BE PERMITTED

### I.    The Jurisdictional Order Presents Controlling Questions of Law.

A question is "controlling" when it has the "potential to have *some impact* on the course of the litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (emphasis added); *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990); 16 Wright & Miller, Fed. Prac. & Proc. Juris. § 3930 (3d ed.).

Far more than just "some impact," resolving the questions at issue here and vacating the order below would have outcome-determinative effect for multiple defendants. *See* Wright & Miller, *supra,* § 3930 ("[A] question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings."); *Klinghoffer*, 921 F.2d at 24 (noting "resolution of

9

an issue need not necessarily terminate an action in order to be 'controlling'" and certifying question where only one of several defendants might be dismissed for lack of jurisdiction); *see also Nuovo Pignone*, 310 F.3d at 377-378 (permitting § 1292(b) appeal of personal jurisdiction order where only one of several defendants objected to jurisdiction).   Resolving these issues now will save "time and expense for the court and the litigants." *Ryan¸* 444 F. Supp. 2d at 723; *see Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970) (certification appropriate where resolution would "affect the scope of the evidence in [a] complex case, even short of requiring complete dismissal").

These controlling questions plainly are questions of law.  They are not questions "of fact [n]or matter[s] for the discretion of the trial court." *Garner*, 430 F.2d at 1096-97; *compare Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (Section 1292 review inappropriate for "merely fact-review questions").  That is plainly true for the question of whether and when the false conflicts doctrine justifies substituting forum law for the law of the state of incorporation.  The same is true of questions concerning the validity

10

and scope of the SBE, alter ego, and agency doctrines used to impute jurisdictional contacts.  Equally legal in nature is the question whether a court may disregard aspects of the due-process analysis because it previously found jurisdiction over a subsidiary (or a subsidiary's subsidiary).

## II.   There are Substantial Grounds for Difference of Opinion.

A substantial ground for difference of opinion exists if "the circuits are in dispute on the question and the [relevant] court of appeals … has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also Ryan*, 444 F. Supp. 2d at 723-24.  So too when there is a "divergent application of a legal standard." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-md-2047, 2011 WL 2443693, at *3 (E.D. La. June 14, 2011).

The jurisdictional order and the questions underlying it easily meet this standard.  By relying on a patchwork of theories to take the extraordinary step of imputing one corporation's jurisdictional contacts to separately incorporated entities, the court broke new ground, and did

so after purporting to resolve complicated questions of foreign law.  As the court nonetheless recognized, these issues warrant immediate review.

> ### A.   There are substantial grounds for difference of opinion about when to apply forum law concerning imputed contacts.

Reasonable jurists could (at a minimum) disagree about whether the district court applied the correct law when it imputed Taishan's jurisdictional contacts to Petitioners.

In determining whether to impute jurisdictional contacts, a transferee court in an MDL is "bound to apply … the transferor forum's choice-of-law rules."  Ex. A. at 40.  Here, the rules of each transferring forum—Florida, Louisiana, and Virginia—"mandate applying Chinese law[,] i.e., the law of the state of incorporation, to determine alter ego status."  *Id.*; *see Jackson v. Tanfoglio Giuseppe, S.r.l.*, 615 F.3d 579, 587 & n.9 (5th Cir. 2010) ("[I]n considering whether [defendant] abused the corporate form, we must look to the [incorporation state] law governing [defendant's] corporate form …."); *see also Energy Coal S.p.A. v. CITGO Petroleum Corp.*, 836 F.3d 457, 463 (5th Cir. 2016).

12

But the district court declined to apply Chinese law, and instead applied the "substantive state law of Louisiana, Virginia, and Florida regarding alter ego status." Ex. A at 42; *see id.* at 49. The court justified this move by invoking the "false conflicts" doctrine—believing that the laws of Louisiana, Virginia, and Florida concerning imputation of conflicts are all "similar to Chinese law." *Id.* at 42, 48-49.

The court also then engaged in a somewhat surprising disquisition about China's "cultural and economic context." *Id.* at 50. While on the one hand accepting that Chinese law has a doctrine of corporate veil-piercing, *id.* at 48, the court theorized that "doctrines of corporate separateness and veil-piercing are decidedly Western legal concepts" shaped by "democracy and capitalism"—which the court contrasted with "China's Confucian tradition." *Id.* at 50-51. That too informed the court's "focus on the … law of the forum states." *Id.* at 53.

There are serious grounds for disagreement concerning the propriety of substituting forum state law for Chinese law. The false conflicts doctrine applies only when the laws of the relevant jurisdictions are the same; it is only then the court "need not reach the issue of which … law should apply because regardless of which …

13

approach we use, the outcome is the same." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 586 (5th Cir. 2014); 15A C.J.S. Conflict of Laws § 31 (updated June 2017).  Here, however, there was no showing that Chinese law applies the same jurisdictional test as any of the transferor states.  Indeed, there has been no showing that any U.S. state—much less China—has a jurisdictional principle like the aggressive version of the single business enterprise doctrine that the court embraced here.  *See infra* II.B.

On the contrary, the court itself reached different results under the laws of different transferor states.  It concluded that CNBM, BNBM Group, and BNBM are *not* alter egos of Taishan under Florida and Virginia law; that BNBM *is* an alter ego of Taishan under Louisiana law (but CNBM and BNBM Group are not); and that Taishan's Louisiana contacts can be attributed to CNBM, BNBM Group, and BNBM under an SBE theory.  Ex. A at 98-100.

These conflicting results are not at all surprising, given the considerable differences among the various laws.  Chinese law requires a showing that a "shareholder of a company [has] abuse[d]" the corporate status by "evad[ing] debts."  *Id.* at 41 & n.20.  That rule is

14

utterly unlike the aggressive version of the SBE doctrine articulated by the district court, which looked to an 18-factor test that requires no showing of fraud or misuse of the corporate form. *See id.* at 75-76. In-between are Florida, Louisiana, and Virginia laws concerning alter ego, which impose more onerous requirements, such as showing fraud or deceit. *E.g.*, *Int'l Bancorp, L.L.C. v. Societe Des Bains De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 478 (E.D. Va. 2002); *Riggins*, 590 So. 2d at 1168; *WH Smith, PLC v. Benages & Assocs., Inc.*, 51 So. 3d 577, 581 (Fla. Dist. Ct. App. 2010).[4]

Given these plain differences, the conflict among the laws is far from "false"—and certainly there are substantial grounds for dispute.

---

[4] Plaintiffs argued below that Petitioners admitted the standards are the same. Petitioners said no such thing. What Petitioners *did* say is that they "should prevail under either substantive law—whether Chinese law or the law of the forum states. *But that does not mean that the legal standards are the same.*" CNBM Reply ISO MTD at 11, Rec. Doc. 20043-2 (emphasis added) (citation omitted). Indeed, Petitioners specifically identified differences among the standards. *Id.* at 12 n.11 (explaining that Chinese law requires an intent to evade debt, whereas Plaintiffs asserted that no such showing is required in Florida, Louisiana, or Virginia).

**B.     There are substantial grounds for difference of opinion about the court's articulation of state-law imputation theories.**

There are substantial grounds for disagreement about whether the district court erroneously articulated state-law doctrines for imputing jurisdictional contacts.

Before turning to the particular state-law doctrines at issue here, we begin with long-standing principles of corporate separateness.  "[A] foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there …."  *Hargrave*, 710 F.2d at 1159; *see Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).  And, just as the "control" exercised by shareholders does not give rise to vicarious liability, it is no basis for imputing jurisdictional contacts from one entity to another.  There must be "an additional or a 'plus' factor, 'something beyond the subsidiary's mere presence within the bosom of the corporate family.'"  *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (citation omitted).

Indeed, even "100% stock ownership and commonality of officers and directors are not alone sufficient" to impute a subsidiary's contacts

16

to its parent. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 219 (5th Cir. 2000) (citation omitted). Rather, the party seeking to impute jurisdictional contacts typically must demonstrate that the parent dominates the subsidiary, *see id.* at 219; *Hargrave*, 710 F.2d at 1159, such that "the corporate form would otherwise be misused to accomplish certain wrongful purposes" by the shareholder, *United States v. Bestfoods*, 524 U.S. 51, 62 (1998). Even then, a court may impute conduct only from a subsidiary to its shareholder. And where, as here, the court resolves to pierce through multiple layers of subsidiaries, that work is made all the more difficult because a unique determination must be made at each corporate level. *Alpine View¸* 205 F.3d at 218.

Here, after setting aside Chinese law under a false conflicts theory, the court applied versions of forum law that were incorrect and defy principles of due process and corporate separateness.

**Single Business Enterprise (SBE)**. The district court imputed Taishan's contacts to CNBM, BNBM Group, and BNBM under an SBE theory. Ex. A at 75-79. The use of that doctrine alone provides a substantial basis for difference of opinion. As this Court recently

17

explained, "[t]he Supreme Court of Louisiana has never adopted the single business enterprise theory." *Energy Coal*, 836 F.3d at 460.

Moreover, many of the factors that weigh in favor of imputing contacts (according to the court's broad reading of SBE, *e.g.*, Ex. A at 75-76) "are perfectly consistent with legitimate, efficient business operations, such as common control, common employees, officers, and directors, shared offices, and some form of centralized accounting." *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of La., Inc.*, 690 F. Supp. 2d 435, 445 (E.D. La. 2010). The court employed the doctrine aggressively to impute contacts vertically (and through multiple corporate layers, as should be left to veil-piercing law, *id.* at 443-44), without separately analyzing how each subsidiary was completely dominated by each parent, *see* Ex. A at 75-79. It also ignored the factors that are most critical in determining whether separate corporate entities can be treated as one: disregard for

corporate formalities;[5] extensive use of undocumented transfers of funds;[6] and grossly undercapitalized subsidiaries.[7]

Indeed, far from the freewheeling inquiry that the district court employed, even the case that established the SBE doctrine "suggests … [its] [purpose] is the same as traditional veil piercing: to prevent fraud or achieve equity." *Bona Fide*, 690 F. Supp. 2d at 445 (citing *Green v. Champion Ins. Co.*, 577 So. 2d 249, 258 (Lt. Ct. App. 1991)).  If the SBE doctrine were extended beyond traditional notions of veil-piercing and alter ego to reach entities with no expectation of being haled into Louisiana court, this rule would offend traditional notions of fair play and substantial justice.  *See Energy Coal*, 836 F.3d at 463 (applying broad SBE liability to an out-of-state corporation "would mean any corporation conducting business in Louisiana could be liable in the state's courts for the conduct of an affiliate occurring anywhere in the world").

---

[5] *Dickson Marine*, 179 F.3d at 338-39; *Jackson*, 615 F.3d at 587-88.

[6] *Jackson*, 615 F.3d at 587; *Chinese-Manufactured Drywall*, 753 F.3d at 547.

[7] *Alpine View*, 205 F.3d at 219; *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593 (5th Cir. 1999).

**Alter Ego**.  The district court's articulation of alter ego under Louisiana law is likewise debatable.  Alter ego in Louisiana "involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation." *Riggins*, 590 So. 2d at 1168.  Absent fraud, the plaintiff "bear[s] a heavy burden of proving that the shareholders disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves." *Id.*

The district court ignored *Riggins* in favor of this Court's decision in *Hargrave*, 710 F.2d 1154.  Ex. A at 69-75.  But *Hargrave* applied *Texas* law, and the district court's focus on the factors enumerated in *Hargrave* allowed it to ignore the showing of fraud or "heavy burden" to prove alter ego under Louisiana law.  710 F.2d at 1161-62; *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 330 n.5 (5th Cir. 2011) ("The *Hargrave* factors construe Texas state law.").  Relying on Texas law as Louisiana authority was, at a minimum, highly debatable. *See Adm'rs of Tulane Educ.*, 450 F. App'x at 330 n.5 ("Although *Hargrave* … certainly is informative regarding imputed jurisdictional contacts among corporations, the general use of the *Hargrave* factors in Louisiana diversity cases should be discouraged.").

**Agency**.  The court asserted personal jurisdiction over BNBM using Florida and Virginia agency law.  Ex. A at 54-64, 66-69.  But there are serious questions whether a court may impute jurisdictional contacts based only on a corporate parent's general control over a subsidiary, absent a showing that the entities were alter egos, or that the supposed agent was directed to engage in the conduct giving rise to the suit.  *See Chinese-Manufactured Drywall*, 753 F.3d at 531-32 & n.7 ("an agency relationship alone may not be dispositive"); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017) (discussing whether agency-law principles articulated by that court remain viable following *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)).

The district court found that it could impute all of Taishan's contacts to BNBM, as BNBM's agent, because BNBM exercised general corporate control over Taishan.  Ex. A at 39, 64, 69.  In the court's view, that finding was justified by BNBM's control over some of Taishan's business decisions, over some day-to-day operations, and, in some instances, its ability to withhold approval of decisions Taishan had independently made.  *Id.* at 58-59, 63-64, 67-69.

21

But a finding of general corporate control does not justify imputing all of one corporation's contacts to another.  To the extent such imputation ever has been countenanced, it requires the same showing as for alter ego.  *See Chinese-Manufactured Drywall*, 753 F.3d at 531 & n.7 ("This control-focused inquiry overlaps with the alter-ego test adopted by most circuits."); *Dickson Marine*, 179 F.3d at 338-39 ("agent or alter ego" governed by the same analysis).  That is, the level of control must be so extensive, and the principal must so dominate the agent, that the agent's very purpose is to serve the principal.  *Chinese-Manufactured Drywall*, 753 F.3d at 531-34 & n.7 (agent had no "independent purpose outside servicing [parent's] needs"); *Williams*, 851 F.3d at 1024-25.  Without such extensive control, it would be difficult to establish that the principal—by generally directing its agent—"purposefully avail[ed] itself of a forum" by commanding its agent to engage in the activity giving rise to the claim.  *Daimler*, 134 S. Ct. at 759 & n.13; *cf. Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) ("[T]he *suit* must arise out of or relat[e] to the defendant's contacts with the *forum*." (some alterations in original) (citation omitted)).  Of course, there was not and could not have been

22

any such finding here.  After all, the district court specifically recognized that the entities are *not* alter egos under Florida and Virginia law.  Ex. A at 54, 64.[8]

### C.   There are substantial grounds for difference of opinion about whether the district court could exercise personal jurisdiction without considering due process.

To exercise personal jurisdiction, plaintiffs must show "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable."  *Chinese-Manufactured Drywall*, 753 F.3d at 539-40.  Here, however, the court focused exclusively on whether Taishan's contacts with the forum states (if imputed to

---

[8] Absent a showing of such extensive control, there could be no jurisdiction unless BNBM specifically authorized Taishan, as its agent, to engage in the conduct giving rise to the suit. *See Chinese-Manufactured Drywall*, 753 F.3d at 531-32.  Under that inquiry, the mere fact of an agency relationship is not enough because one may be an agent "for one purpose" but not "an agent for every purpose." *Daimler,* 134 S. Ct. at 759 (citation omitted); *see Chinese-Manufactured Drywall*, 753 F.3d at 531.  But again, all the court found here was a generic agency relationship.  The court did not find that BNBM purposefully availed itself of the forum state by directing Taishan, as its agent, to ship or market drywall to, or otherwise do business with, the forum states.  *See generally* Ex. A. at 54-69.

23

Petitioners) would establish minimum contacts.  The order is silent on whether there is a sufficient nexus between Plaintiffs' claims and those contacts, and whether exercising jurisdiction on the basis of those contacts would be fair and reasonable.

The court reasoned that it did not need to answer these questions because it already had asserted personal jurisdiction *over Taishan*. Ex. A at 36-37.  But the court's jurisdiction over that one defendant does not justify skipping the due process analysis for *every other* defendant. If such a shortcut ever is appropriate, it is only when corporations are true alter egos.  *See Jackson*, 615 F.3d at 586 ("[A] court which has jurisdiction over a corporation has jurisdiction over its alter egos." (alteration in original)).  There is no support for this jurisdictional shortcut when (as here) the subsidiary is a mere agent of (or part of an alleged SBE with) the defendant questioning jurisdiction.

Accordingly, the jurisdictional order raises substantial questions about whether the court was required to analyze these critical aspects of the due process analysis.  Unless the defendants truly are alter egos (which the Court found only for BNBM, only under Louisiana law), then the relationship between the plaintiffs' claims and a given defendant's

24

contacts will differ.  *See Bristol-Myers Squibb*, 137 S. Ct. at 1780 (a

plaintiff's claim "must 'aris[e] out of or relat[e] to the defendant's

contacts with the forum'" (citation omitted)); *id.* at 1781 (there must be

"a connection between the forum and the specific claims at issue").[9]  The

same is true of whether exercising jurisdiction on the basis of those

contacts is fair and reasonable, which includes considering "the burden

on the defendant."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 292 (1980).

## III.  An Immediate Appeal Would Materially Advance This Litigation.

An appeal materially advances litigation when "resolution of a

controlling legal question would serve to avoid a trial or otherwise

substantially shorten the litigation."  *McFarlin v. Conseco Servs., LLC*,

381 F.3d 1251, 1259 (11th Cir. 2004).  Here, that plainly is the case, for

---

[9] By disregarding this part of the jurisdictional analysis, the district court neglected to dismiss claims brought by nonresident homeowners. *See id.* at 1782 (courts lack jurisdiction over those who "do not claim to have suffered harm in [the forum state]").  It likewise failed to appreciate that many of the Plaintiffs' claims arose prior to Petitioners having any relationship with Taishan.  *See, e.g.*, *Steel v. United States*¸ 813 F.2d 1545, 1549 (9th Cir. 1987) (jurisdictional analysis turns on "defendant's contacts with the forum at the time of the events underlying the dispute").

many of the same reasons that the key questions underlying this order are controlling.  Wright & Miller, *supra,* § 3930 ("[Q]uestions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial.").

An immediate appeal of these jurisdictional questions could eliminate the possibility of innumerable meaningless trials for defendants over whom there is no jurisdiction.  Ex. B at 11-12; *Ex Parte Tokio Marine & Fire Ins. Co.*, 322 F.2d 113, 115 (5th Cir. 1963) ("[T]o require the parties to go through a trial before a court lacking jurisdiction would be both expensive and senseless for no matter what facts were developed on the trial, the Constitution would forbid the adjudication there.").  Tremendous inefficiency would result if the parties had to wait until the conclusion of years of further litigation only to learn that the district court never had jurisdiction.  Conversely, immediate dismissals would simplify the remaining proceedings and eliminate substantial expense and delay.  And there is no countervailing delay to worry about, as the court has indicated that the litigation will proceed in the interim.  Ex. B at 11.

26

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, this Court should authorize Petitioners to appeal the jurisdictional order of April 21, 2017.

Date: August 14, 2017

Respectfully submitted,

*/s/ Eric A. Shumsky*

| | |
|---|---|
| L. Christopher Vejnoska | Eric A. Shumsky |
| Andrew Davidson | Benjamin Chagnon |
| Jason Wu | ORRICK, HERRINGTON & |
| ORRICK, HERRINGTON & | SUTCLIFFE LLP |
| SUTCLIFFE LLP | Columbia Center |
| The Orrick Building | 1152 15th Street NW |
| San Francisco, CA  94105 | Washington, D.C. 20005 |
| Tel: (415) 773-5700 | Tel: (202) 339-8400 |
| | |
| James L. Stengel | Ewell E. Eagan, Jr |
| Xiang Wang | Donna Phillips Currault |
| Marc R. Shapiro | Alex B. Rothenberg |
| ORRICK, HERRINGTON & | GORDON, ARATA, |
| SUTCLIFFE LLP | MONTGOMERY, BARNETT, |
| 51 West 52nd Street | MCCOLLAM, DUPLANTIS & |
| New York, NY, 10019 | EAGAN, LLC |
| Tel: (212) 506-5000 | 201 St. Charles Ave., 40th Floor |
| | New Orleans, LA 70170-4000 |
| Harry Rosenberg | Tel: (504) 582-1111 |
| PHELPS DUNBAR LLP | |
| 365 Canal St., Suite 2000 | |
| New Orleans, LA  70130 | |
| Tel:  (504) 566-1311 | |

*Counsel for Defendants-Petitioners*
*CNBM Co., BNBM Group, and BNBM PLC*

28

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on August 14, 2017.

I hereby certify that a copy of the foregoing has been served upon the following electronically, by UPS, and/or U.S. Mail on August 14, 2017:

Arnold Levin
Frederick S. Longer
Sandra L. Duggan
Nicola F. Serianni
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500

Russ M. Herman
Leonard Arthur Davis
Stephen J. Herman
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892

Dawn M. Barrios
BARRIOS, KINGSDORF & CASTEIX, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
(504) 524-3300

Robert M. Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
 (985) 536-1186

Peter Prieto
PODHURST ORSECK, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
(305) 358-2800

Bruce William Steckler
STECKLER GRESHAM COCHRAN
12720 Hillcrest Road, Ste 1045
Dallas, TX 75230
(972) 387-4040

Patrick Montoya
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
(305) 476-7400

Ben W. Gordon, Jr.
LEVIN, PAPANTONIO, THOMAS,
MITCHELL ECHSNER & PROCTOR,
P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
(850) 435-7000

Hugh P. Lambert
LAMBERT AND NELSON
701 Magazine Street
New Orleans, LA 70130
(504) 581-1750

Jerrold Seth Parker
PARKER WAICHMAN, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
(239) 390-1000

Gerald E. Meunier
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre, 1100
Poydras St.
New Orleans, LA 70163-2800
(504) 522-2304

Seth Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite
600
Ft. Myers, FL 33907
(239) 433-6880

James Robert Reeves
REEVES & MESTAYER
160 Main Street
Biloxi, MS 39530
(228) 374-5151

Christopher Seeger
SEEGER WEISS, LLP
77 Water Street
New York, NY 10005
(212) 584-0700

Daniel K. Bryson
WHITFIELD, BRYSON & MASON,
LLP
900 W. Morgan Street
Raleigh, NC 27603
(919) 600-5000

Richard J. Serpe, Esquire
LAW OFFICES OF RICHARD J.
SERPE
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
(757) 233-0009

Victor M. Diaz, Jr., Esquire
V.M. DIAZ AND PARTNERS, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
(305) 704-3200

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
(202) 540-7200

Andrew A. Lemmon
LEMMON LAW FIRM, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
(985) 783-6789

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
(504) 525-1500

Date: August 14, 2017

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Eric A. Shumsky*
Eric A. Shumsky
*Counsel for Defendants-Petitioners*

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Fed. R. App. P. 5(c) and Fifth Circuit Rule 5 as well as the Fifth Circuit Rules Appendix because this brief contains 5,188 words, excluding the parts of the petition exempted by Fed. R. App. P. 5 as well as Fifth Circuit Rule 5.

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the petition has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Century Schoolbook 14-point font.

Date: August 14, 2017

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Eric A. Shumsky*
Eric A. Shumsky
*Counsel for Defendants-Petitioners*

32

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, counsel for Petitioners certifies that he has conferred with opposing counsel regarding the petition.  On August, 14, 2017, counsel for Plaintiffs-Respondents, Sandra L. Duggan, conveyed that Plaintiffs-Respondents intend to file an opposition in response to this petition.

Date: August 14, 2017          ORRICK, HERRINGTON & SUTCLIFFE LLP

_/s/ Eric A. Shumsky_
Eric A. Shumsky
*Counsel for Defendants-Petitioners*

# ADDENDUM A
(Other Defendants Named In Complaints)

1st Drywall, LLC
84 Lumber Company, LP
A & D Homes, Inc
A&C Development, LLC
A&R Hardware Supply, Inc.
A.R.B.C. Corporation
Aarco, LLC
Aburton Homes, Inc.
Aced Interior Drywall, Inc.
Aces Towing Enterprises, LLC
Acreage Drywall, Inc.
Adam Homes Realty, Inc.
Adams Homes of Northwest
Florida, Inc.
Adrian Kornman
Advantage Builders of America,
    Inc.
Advantage Builders of SWFL, Inc.
Aggies First Call Contractors
AHJV, LLC
Ainslie Group, Inc.
Al Brothers Inc.
Al Brothers Metal Framing and
    Drywall
Albanese-Popkin The Oaks
Development Group, L.P.
Albert Howard, Jr.
All County Drywall Services, Inc.
All Florida Drywall Supplies, Inc.
All Star Forest Products Inc.
Allied Building Products Corp.
Allsteel & Pypsum Products, Inc.
Alpha Homes, Inc.
Alvian Homes, Inc.

American Building Materials, Inc.
American Eastern, Inc.
American Gallery Development
    Group, LLC
American Homes
American IRA, LLC
Amerisouth, Inc.
Andre Rodgers
Angel Developments, LLC
Antilles Vero Beach, LLC
Aranda Homes, Inc.
Arizen Homes, Inc.
Atchafalaya Homes
Atlantic Homes Development
Corporation
Atlantic Homes, LLC
Aubuchon Homes, Inc.
Avalon Building Corporation of
    Tampa Bay
Avalon Preserve Developers, LLC
B&B Stucco, Inc.
Bailey Lumber & Supply Company
    of Biloxi
Bailey Lumber & Supply
    Company
Baron Construction Co.
Barony Homes, Inc.
Bass Homes, Inc.
Bay Colony - Gateway, Inc.
Bayou Building Products, LLC
Baywood Construction, Inc.
BBL-Florida, LLC
BDG Waterstone, LLC
BE Wholesale

Beazer Homes Corp.
Bedrock Building Materials, LLC
Bedrock Gypsum
Belfor USA Group, Inc.
Bell Construction
Bel-Tex Contracting, Inc.
Beta Drywall, LLC
Better Boxing Company
Billy Wayne Goekler
BJ&K Construction, Inc.
Blanchard Homes, Inc.
Boca Developers
Boyle Lumber Company
Bradford Lumber & Supply, Inc.
Brandon Gremillion
Breakwater Homes Association
Brent Garrod Drywall, Inc.
Brian Saltalmachia
Brightom Home Builders, Inc.
Bristol Corner, LLC
Brothers Properties LA, LLC
Builders Gypsum Supply Co., Inc.
Building Supply House, L.L.C.
Buras Construction LLC
Burmon Porperties, LLC
Bush Construction Corporation
By George, Inc.
C&L Roofing and Remodeling
C&N Construction Co. LLC
C.A. Steelman, Inc.
C.L. Paul Plastering, Inc.
Cajun Construction & Design, Inc.
Calamari Construction, LLC
Calvin P. Williams
Capital Construction
Capitol Materials, Incorporated
Carter's Custom Homes, Inc.
CB Creek, Inc.

CB Dupree Construction, LLC
Cemex, Inc.
Centeral Harbor Homes
Corporation
Centerline Homes at Tradition,
    LLC
Centerline Homes Construction
    Inc.
Centerline Homes, Inc.
Centerra Homes, LLC
Centex Homes
Charles Cosby Plastering
Chase Construction, Inc.
Chateau Bourbon, LLC
Chateau Development LLC
Chavez
China Corporation, Ltd.
China Xuzhou International
Economic & Technological
Cooperation Co., Ltd
City Salvage Inc
Clark-Whitehill Enterprises, Inc.
Cloutier Brothers, Inc.
CMH Manufacturing, Inc.
Colvin Homes, Inc.
Comfort Home Builders, Inc.
Completed Communities II, LLC
Conti Construction Company, Inc.
Continental Classic Construction,
    Inc.
Coral Plastering & Wall Systems,
    Inc.
Core Construction Services
    Southeast, Inc.
Core Construction, LLC
Cornerstone Builders, LLC
Country Walk Sales, LLC
Crescent City Gypsum, Inc.

Add. A-2

Crossroad Homes, Inc.
CSR Rinker
Curb Appeal Home Builders, Inc.
Curington Contracting, Inc.
Curtis Lee Wimberly General
Contractor Incorporated
Custom Homes by Kaye, Inc.
Cypress Builders, Inc.
D &A Construction Services, Inc.
D.R. Horton, Inc.
D.R. Horton, Texas, Ltd.
Dailey's Homes, Inc.
D'Alessio Drywall & Painting
Daniel Dae Loughy Homes, Inc.
Daniel Wayne Homes, Inc.
Dave Walker Construction, Inc.
Daves Drywall
David Daniels
David W. Stewart, Inc.
Davis Construction Supply, LLC
Deangelis Diamond Construction
Deangelis Diamond Homes, Inc.
DeLaCruz Drywall Plastering &
        Stucco, Inc.
Delgados Painting
Deloach Corporation
Delta Lumber and Building
        Supply, Inc.
Delta-Eden, Inc.
Development Co. of Boca, Inc.
Devon International Group, Inc.
Devon International Trading, Inc.
Devon International
Devonshire Properties, Inc.
Diamond Court Construction Co.
Dinorio Imports, LLC
Done-Rite Construction
Dophin Building Materials

Drive Enterprises, Inc.
Drywall Done Right
Drywall Experts, Inc.
Dupont Builders, Inc.
Dupree Construction Co., LLC
Dwayne Williams
Dynamic Contractors
E. Jacob Construction, Inc.
E.B. Developers, Inc.
EAC and Sons Corporation
Eagle Builders, Inc.
Eastmond Enterpreises, Inc.
Eds Drywall & Construction
Edwards Construction Company
Eighty Four Lumber Company, LP
Elite Supply Corporation
Emerald Coast Building Materials
Enchanted Homes, Inc.
Eric Bolden
Everglades Lumber and Building
        Supplies, LLC
Federal Construction Specialist,
        Inc.
FFH, LLC
FHBF Partners, LLP
First Choice Drywall Services, Inc.
First Choice Homes of S.W.
Florida, Inc.
First Home Builders of Florida
First Home Builders of Florida I,
        Inc.
First Home Builders of Florida I,
        LLC
Five-Star Drywall, Inc.
Fleetwood Homes of Florida, Inc.
Fleetwood Homes of GA, Inc.
Florida Style Services, Inc.
Fly System, Inc.

Add. A-3

Franciscus Homes, Inc.
G & B Roofing and Construction, Inc.
G&F Drywall
G. Drywalls Corporation
G.L. Homes of Boynton Beach Associates IX, Ltd.
Gabourels Construction, L.L.C.
Gant & Shivers
Garraways Stores, Inc.
Gatco Construction, Inc.
Gator Gypsum, Inc.
Genesis Group, Inc.
George Meza
George Powell
Georgia-Pacific LLC
Global Trading of Louisiana, LLC
Governors Pointe, LLC
Grand Harbour Homes, Inc.
Great Western Building Materials
Greensprings Condominiums, LLC
Greensprings Plantation, Inc.
Grid MarX
Groff Construction Inc.
Grogan Construction and Real Estate, Inc.
Groza Builders, Inc.
Gryphon Construction, LLC
Gryphon Corporation GC
Gulf Coast Drywall Building Products, LLC
Gulf Coast Shelter, Inc.
Gulf Coast Supply, Inc.
Gulf Sales & Import Company, Inc.
Gulf South Drywall
Gypsum Board

Hangzhou Great Import and Export Co., Ltd.
Hanover Homes
Hansen Homes of South Florida, Inc
Hansen Homes
Harbor Walk Development, LLC
Harrells Drywall, Inc.
Hartsville Lumber & Barns, Inc.
Haskell Company
Haven Properties, Inc.
HC Seals Drywall Partners
Heights Properties, LLC
Hendrickson Contracting
Henin Group
Henin International Services
Henin Realty
Heritage Homes, Inc.
HHJV, LLC
Hilliard Butler Construction Company, Inc.
Hinkle Drywall, Inc.
HLP GAC International, Inc.
Holiday Builders Construction of Florida, Inc.
Holiday Builders Construction
Holiday Builders, Inc.
Holmes Building Materials, LLC
Home Depot U.S.A., Inc.
Home DevCo, LLC
Homes of Merit, Inc.
Horton Homes, Inc.
Hubert Seals
Hulsey-Nezlo Construction, LLC
Infinity Homes, Inc
Inman Construction Services, Inc.
International Materials Trading
IMT Gypsum

International Materials Trading, Incorporated

International Property Investments of Central Florida, Inc.

Ironwood Properties, Inc.

J&S Drywall

J. Galloway Construction, Inc.

J. Wade Payne, LLC

J.B. Homes, Inc.

J.W. Allen & Company, Inc.

J.W. Hodges Drywall, Inc.

Jacob Chapman

Jade Organization General Contractor, LLC

Jade Organization, Inc.

James Kayser

James Walker

Jay 37 Construction, LLC

JD Custom Homes, Inc.

Jeff Laporte

Jerome Henin

Jiangsu Easthigh Group Import & Export Co., Ltd.

Jiangsu Sainty International Economic & Technical Cooperation Co., Ltd.

Jim Korn Builders, LLC

Jim Morris & Sons, Inc.

Jim Walter Homes, Inc.

Jim Walter Homes, LLC

Jinan Run & Fly New Materials Co., Ltd.

JJ Construction

John Korn Builders, L.L.C.

Johnson & Johnson Home Repairs, L.L.C.

JP Renovations, Inc.

Just-Rite Supply, Inc.

K & B Homes, Inc.

K. Hovnanian First Homes, LLC

Karr Drywall, Inc.

Kaye Homes of South Florida, Inc.

Kaye Homes, Inc.

KB Home Florida LLC

KB Home Jacksonville, LLC

KB Home Orlando, LLC

KB Home Tampa, LLC

KB Home/Shaw Louisiana, LLC

KB Homes Fort Myers, LLC

KBS Construction Company, Inc.

KC2 Investments, LLC

Keith Hall Properties, Inc.

Kelley Drywall, Inc.

Kenneth B. Speights Construction Co.

Kenneth Campo

Kensington Woods, LLC

Kenwood Homes, Inc.

Kevin Burton

Kimball Hill Homes Florida, Inc.

King Shing Steel Enterprises Co., Ltd.

Kirti Parikh

L&J Builders, Inc.

L.A. Homes, Inc.

La Farge

La Homes and Properties, Inc.

Lafarge North America, Inc.

Lafarge Onada Gypsum

Lafarge S.A.

Lakeridge Builders, Inc.

Laporte Family Properties LLC

Lavish Holding Corp.

Lawrence McCorvey

Lee Harbor Homes, Inc.

Lee Roy Jenkins Builder, Inc.
Legend Custom Builders, Inc.
Lianyungang Yuntai International
    Trade Co., Ltd.
Littles Construction of Central
    Florida, Inc.
LOasis Builders Incorporated
Lopez Drywall, Inc.
Lowes Home Centers, Inc.
LPR Builders, Inc.
LTL Construction, Inc.
Lucas Construction Corporation
M&M Construction
MacGlen Builders, Inc.
Magnolia State Construction, Inc.
Magnum Development, LLC
Maguel Torez
Majestic Homes of Port St. Lucie,
    Inc.
Mandalay Homes, Inc.
Marathon Construction Materials,
    Inc.
Mariner Village Townhomes, Inc.
Mario Salvana
Maronda Homes, Inc. of Florida
Martinez Drywall & Painting, LLC
Marvins Building Materials and
Home Centers
Marvin's, Inc.
Master Builders of South Florida,
    Inc.
Mat D Construction
Materials Co., Ltd.
MATSA Construction
Maurice Pincoffs Company, Inc
Mayeaux Construction, Inc.
Mazer's Discount Home Centers,
    Inc.

McCale Development Corporation
MCCAR Homes - Tampa, LLC
McCar Homes, Inc.
McLean Drywall
Meadows of Estero-Bonita Springs
Limited Partnership
Medallion Homes Gulf Coast, Inc.
Medallion Homes, LLC
Meeks Drywall & Stucco, Inc.
Meridian Homes at Saddlebrook,
    LLC
Merit Homes Inc
Meritage Homes of Florida, Inc.
Mesa Construction Group, Inc.
Metro Resources Corp.
MGB Construction
MI Homes, Inc.
Michael Hownrd
Midwest Construction &
    Development , LLC
Mike Jones Construction, Inc.
Millennium Builders, Inc.
Millennium Homes &
    Development, Inc.
Miller Construction Company
Mitchell Homes, Inc.
Moble Homes Florida, LLC
Modern Construction Group, Inc.
Monopoly Builders, Inc.
Monzelle Diles
MW Johnson Construction of
    Florida, Inc.
Nanhai Silk Imp. & Exp.
    Corporation
Nantong Economic and
Technological Development Zone
    Corporation
Negotiable Remodeling

Norman Gannon
North Pacific Group Inc.
Northern Pacific Lumber Co.
NuWay Drywall, LLC
O.C.D. of S. Florida, Inc.
Oakwood Mobile Homes, Inc.
Ocean Springs Lumber Company, LLC
Orient International Holding
Shanghai Foreign Trade Co., Ltd.
Oriental Merchandise Company, Inc.
Oriental Trading Company, LLC
Oscar Jiles
Osprey-Fulf Shore Building Materials, Inc.
Osprey-Gulf Shore Building Materials, Inc.
Overlook Point, LLC
Overlook, LLC
Oyster Bay Homes, Inc.
P.D.C. Drywall Contractors, Inc.
PABCO
Palm Isles Holdings, LLC
Panel de yeso Panel
Panel Rey
Parallel Design and Development, LLC
Paramount Quality Homes Corp.
Parkview Homes Realty, Inc.
Parr-Self, Inc.
Pate Stevedore Company of Pensacola
Pate Stevedore Company, Inc.
Patter Construction Services
Paul England Construction
Peak Building Corporation

Pensacola Stevedore Company, Inc.
PFS Corporation
Phoenix Imports Co., Ltd.
Picayune Discount Building Supply
Pine Ridge Development, Inc.
Pine Ridge Real Estate Enterprises, LLC
Plantation Group, LLC
Pod Homes, LLC
Port of Pensacola Users Association, Inc.
Porter-Blaine Corp.
Portofino Homes, Inc.
Precision Drywall, Inc.
Preferred Homes, Inc.
Premier International Realty
Premiere Design Homes, Inc.
Preserve Development, LLC
Pride Homes
Pride Homes of Lakes by the Bay - Parcel H., LLC
Princeton Homes, Inc.
Pro Roc
Prowall Drywall, Inc.
Pukka Development, Inc.
Pulte Home Corporation
Pyramid Construction Corporation
Qingdao Aoni Decoration Board and Materials Co., Ltd
Qingdao Joy Industrial & Development Co., Ltd.
Qingdao Kanghong Import and Export Co., Ltd.
Qingdao Yilie International Trade Co., Ltd.
Quiet Solutions, Inc.

R A Grant Corporation
R&B Housing, LLC
R&H Masonry Contractors, Inc.
R. Fry Builders, Inc.
Ray Horvath Drywall, Inc.
Ray Turner Drywall, LLC
Raymond Building Supply Corp.
RCR Holding II LLC
Redman Homes, Inc.
Renar Development Company
Renfrow Insulation & Supply
Renfrow Insulation I
Residential Drywall, Inc.
Richard Jones Construction
    Company, Inc.
Rightway Drywall, Inc.
Rivercrest Crest LLC-St. Joe &
    Company
Rivercrest, LLC
Riverstreet Homes, Inc.
RJL Drywall, Inc.
RNB Construction
Robertsdale Ace Home Center
Rocky Ruckman
Rodney Yarger
Roman Gonzalez
Rosen Building Supply, Inc.
Ross Home Builders, Inc.
Rottlund Homes of Florida, Inc.
Russ Mills
Ryland Group, Inc.
Rylex Homes, Inc.
S & D Specialties, Inc.
S. Petersen Homes, Inc.
S3 Enterprises, Inc.
Safeway Contractors, L.L.C.
Sands Construction Group, LLC
Santa Maria Builders, LLC

SC Builders, L.L.C.
Schear Corp.
Seals Drywall
Seaside Development, LLC
Sedgwick Developers, Inc.
Shamick Drywall, Inc.
Shamrock Gold
Shandong Yifang Gypsum
    Industry Co., Ltd.
Shanghai East Best Arts & Crafts
    Co., Ltd.
Shanghai Kaidun Development
    Co., Ltd.
Shanghai Yu Yuan Imp & Exp Co.,
    Ltd.
Shanghai Yujin Industry Co., Ltd.
Shanghai Yuyuan Market Import
    & Export Co., Ltd.
Shelby Homes, Inc.
Shelter Products, Inc.
Shoma Homes Splendido, Inc.
Shoma Homes, Inc.
Signature Series Homes, Inc.
SIIC Shanghai International Trade
    Group Co., Ltd.
SIIC Shanghai International Trade
    Group Pudong Co., Ltd.
Smith Family Homes Corporation
Smoky Mountain Materials, Inc.
Sorrento Lumber Co., Inc.
South Florida Custom Trim, Inc.
South Kendall Construction Corp.
Southern Bay Homes, Inc.
Southern Community Homes, Inc.
Southern Homes of Broward XI,
    Inc.
Southern Homes, LLC

Southern Star Construction
    Company, Inc.
Southwest Builders, LLC
Space Coast Truss, LLC
Speedy Drywall
Speights Cash & Carry
Springhill, LLC
St. Joe Company
Standard Pacific Homes of South
    Florida GP, Inc.
Standard Pacific of South Florida
    GP, Inc.
Standard Pacific of Southwest
    Florida GP, Inc.
Statewide Associates, Inc.
Steeler, Inc.
Steve Harrington Homes, Inc.
Steven R. Carter, Inc.
Stewarts Remodeling & Electrical
Stine Lumber, LLC
Stock Building Supply, Inc.
Stock Development, LLC
Stuart Group, L.C.
Suarez Housing Corporation
Summit Homes, LLC
Sun Construction, LLC
Sunrise Building Materials Ltd.
Sunrise Construction and
Development, LLC
Suntree Homes, Inc.
Swedberg Enterprises, Inc.
Tai'an Jindun Building Materials
    Co., Ltd.
Tai'an Kangyijia Building
    Materials Co., Ltd.
Taian Taigao Trading Co., Ltd.
Talmadge Drywall, Inc.
Tapia Brothers Constructions, Inc.

Tapia Construction, Inc.
Taylor Morrison of Florida, Inc.
Taylor Morrison Services, Inc.
Taylor Morrison, Inc.
Thomas R. Gould, Inc.
Thompson Wood Products, Inc.
Three Js Remodeling, Incorporated
Tianjin Tianbao Century
Development Co., Ltd.
Tillman Construction, Inc.
Timberline Builders, Inc.
Timberline Homes
Titan Demolition and
Construction, LLC
TMO Global Logistics, LLC
Tobin Trading, Inc.
Toll Estero Limited Partnership
Tony Helton Construction, LLC
Total Community Action
Touchstone at Rapallo, Inc.
Toughrock
Tov Trading Inc.
Traderscove Corporation
Treasure Coast Communities, Inc.
Triorient Trading Inc.
Triple E Corporation
Tropical Homes
Trout Creek Properties
Trust America Homes, Inc.
Turn Key Home Builders, Inc.
United Drywall & Stucco, Inc.
United Home Builders, Inc.
United Homes International, Inc.
United Homes, Inc.
United States Gypsum Company
Upscale Properties, Inc.
US Home Corporation
USB

USG Interiors, Inc.
Vasquez Construction Company, LLC
Veal Enterprises, Inc.
Venture Homes
Venture Supply, Inc.
Venus Street, LLC
Vernon Construction Corporation
Vet Construction, Inc.
Victor Bustillos
Vizcaya Custom Homes, Inc.
VP Construction Services, Inc.
W.B. Howland Co., L.L.C.
Walker Homes, Inc.
Walter Ferri
Waterways Joint Venture IV, LLC
WB Construction Company, Inc.
Weifang Aotai Gypsum Co., Ltd.
Wellington LLC
Wellington Shores-Wellington Limited Partnership
Wermers Development, Inc.

Westerheim Properties, Inc.
Wholesale Direct Lumber, LLC
Wide Strategy Limited
William Hurst
Willie Kelly Construction Co.
Wolf & Bear Distributors
Woodall, LLC
Woodland Enterprises, Inc.
Woodside Homes
Woodside Homes of Southeast Florida, LLC
Wyndwil, LLC
Xuzhou Hanbang Global Trade Co., Ltd.
Yunan Taishan Gypsum and Building Material Co. Ltd.
Zhejiang Provincial Second Light Industry Enterprises Group Imp. & Exp. Co., Ltd.
Zibo International Economical and Technical Cooperation Corporation