UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING SEVENTH MOTION FOR DISBURSEMENT OF FUNDS**

**MAY IT PLEASE THE COURT:**

Reconsideration of the Order issued on August 10, 2017 granting the Seventh Motion for Disbursement of Funds (the "Disbursement Motion") is appropriate. Doc. 20896. First, the Order is procedurally premature. It was issued prior to the Disbursement Motion's noticed submission date of August 23, 2017 (Doc. 20889-3) and prior to the deadline for filing an opposition to the Disbursement Motion in accordance with Local Rule 7.4. Second, the source of funds sought to be disbursed is contested and at issue in the attorneys' fee allocation dispute between individually retained contract counsel ("Primary Counsel") and common benefit counsel.[1] Third and alternatively, if the disbursement stands, Primary Counsel request a credit in the amount of the approved disbursement for the purpose of allocating attorneys' fees between common benefit counsel and Primary Counsel. For these reasons, Movers respectfully request that the Court reconsider and deny the Disbursement Motion or, alternatively, reconsider and apply a credit to the Knauf-Attorney Fund QSF.

---

[1] Primary Counsel are arguably required to object to preserve their rights to these funds.

**I.      STANDARD FOR RECONSIDERATION**

The Order granting the Disbursement Motion is an interlocutory order because it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. . . ." FRCP 54(b).  Accordingly, it may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*  The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551 (5th Cir. 1981)

The Eastern District evaluates motions to reconsider interlocutory judgments pursuant to Rule 54(b) "under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F.Supp. 2d 548, 565 (E.D. La. 2013).  As such:

> A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion. In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:
> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.

*Id.* (internal citations omitted).  In general, motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Galan v. Gegenheimer*, No. 16-14759, 2016 WL 5679906, at *2 (E.D. La. Oct. 3, 2016), quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468l, 473 (5th Cir. 1989).

5

## II. THE ORDER WAS GRANTED PRIOR TO AN OPPORTUNITY TO BE HEARD.

The Disbursement Motion was filed on August 3, 2017 and set for submission on August 23, 2017. Docs. 20889, 20889-3. Local Rule 7.4 requires parties to file oppositions to motions eight (8) days prior to the noticed submission date; thus, any opposition to the Disbursement Motion was due August 15, 2017. However, the Order granting the Disbursement Motion was issued August 10, 2017, prior to the deadline to file an opposition.

In this instance, reconsideration is necessary to correct legal error and prevent manifest injustice associated with the disbursement of disputed funds prior to Movers' opportunity to lodge an objection to the Disbursement Motion. As explained in detail below, the funds which are being disbursed are disputed. Primary Counsel, in the allocation dispute with common benefit counsel, have taken the position that all or part of those funds should be allocated to them as attorneys' fees. Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner" before an individual is deprived of a property interest. *See Mathews v. Elbridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976). It is settled that the right to payment of attorneys' fees is a constitutionally protected property interest that cannot be taken or disposed of without providing due process to interested parties. *See Fontana v. Barham*, 707 F.2d 221 (5th Cir. 1983). *See also In re Nineteen Appeals*, 982 F.2d at 613 ("the affected private interest is the monetary share of the funds due each [primary attorney]"); *Rein v. Socialist People's Libyan Arab Jamahiriya,* 568 F.3d 345 354 (2nd Cir. 2009) ("In reallocating contractually negotiated fees among counsel in a case of this nature, a court is disposing of a property interest."). Thus, disbursing the funds with notice but without the opportunity to be heard is both manifestly erroneous as a matter of law and manifestly unjust. Accordingly, reconsideration is necessary.

6

### III.     THE HOLDBACK ACCOUNT CONTAINS CONTESTED FUNDS.

Movers take no position on the propriety of the expenses for which disbursement is sought. Rather, Movers object to the Disbursement Motion solely based on the source of the funds on deposit in the Holdback Account from which the PSC seeks a disbursement. For that reason, it is important to understand the origin of these funds.

On February 7, 2013, the Court approved five settlement agreements reached with Knauf, INEX, Banner, L&W and the Global settlement classes. Doc. 16570. In accordance with the terms of those agreements, the settling defendants paid attorneys' fees and costs which were deposited into appropriate Attorney Fee Qualified Settlement Funds or "QSFs." Doc. 17938. Importantly, no settlement was reached with the Taishan defendants; thus, litigation is ongoing against the Taishan defendants.

On October 23, 2014, the Fee Committee filed its Inspection Costs and Hold Back Motion Pursuant to Pretrial Order No. 28(E) (the "Hold Back Motion") and accompanying memorandum, which requested a stipend to reimburse Primary Counsel for reasonable inspection costs expended in individual cases that received settlement benefits. Docs. 18081, 18081-1. This Motion also contained a request for a hold back of $10,000,000.00 for "use in connection with on-going remaining litigation and settlement administration work." Doc. 18081-1 at 4. On December 17, 2014, the Hold Back Motion was granted and *inter alia* ". . . the Court accept[ed] the Fee Committee's recommendation of a $10 million hold back." Doc. 18215.

Thereafter, the PSC filed its Fifth Motion for Disbursement of Funds From the MDL 2047 PSC Shared Costs Fund (for Expenses) seeking leave to disburse the $10 million hold back previously ordered by the Court. Doc. 19427. On September 1, 2015, the Court granted this

motion and ". . . authorized [the PSC] to disburse $10 million from the Knauf-Attorney Fund QSF. . . ." Doc. 19437.  As explained in the PSC's Memorandum in Support of Seventh Motion for Disbursement of Funds (For Expenses), "These funds [$10 million] were deposited into an account entitled the 'Chinese Drywall MDL 2047 Holdback Account.'" Doc. 20889-1 at 3.

The PSC now seeks a disbursement from the Holdback Account to be used in connection with the litigation against Taishan and related entities.  Doc. 20889.  These funds originated from the Knauf-Attorney Fund QSF.  Doc. 19437.  That is, the funds in the Holdback Account were paid by Knauf pursuant to its settlement with claimants in this litigation whose homes contained Knauf drywall.  As explained in more detail below, Movers object to funds from the Knauf-Attorney Fund QSF, which was intended to compensate counsel for their work in connection with the Knauf and related settlements, being used to finance the pursuit of the Taishan entities.

### IV. KNAUF SETTLEMENT FUNDS SHOULD NOT FINANCE TAISHAN LITIGATION.

The PSC seeks to use Knauf settlement funds to pursue the non-settling Taishan defendants:

> The PSC has incurred substantial time, effort and expense in handling its responsibilities since the approval of the various Class Settlements. The PSC has reported to the Court at monthly status conferences the voluminous discovery efforts that have been undertaken in connection with Taishan, CNBM, BNBM and other third parties. Substantial additional time and expense expenditures are anticipated over the next months. It is necessary at this time for the PSC to transfer $500,000.00 from the "Chinese Drywall MDL 2047 Holdback Account" to the MDL 2047 PSC Shared Cost fund to cover future expenses incurred and reported in accordance with Pre-Trial Order No. 9.

Doc. 20889-1 at 1-2.

Importantly, Primary Counsel did not learn until the deposition of Arnold Levin, Plaintiffs' Lead Counsel and Member of the PSC, in January of 2017 that the $10 million hold

8

back was actually intended to be used exclusively as a war chest to pursue Taishan. *See* Docs. 18081, 18081-1, 18215; Ex. 1, Levin Dep. 340:1-22 [filed under seal]. Specifically, the initial request for the $10,000,000 hold back did not identify the particular purpose for which these funds were set aside. *See* Docs. 18081, 18081-1.

Primary Counsel contest the removal of $10,000,000 from the attorneys' fees obtained in the Knauf and related settlements to pursue the unrelated and non-settling Taishan defendants. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 302 n. 11 (3d Cir. 2005) (district courts cautioned that they should "not conflate [ ] two distinct settlements ...."). Knauf and the other settling defendants paid fees which were intended to compensate counsel for work in connection with the Knauf and related settlements. No legal authority permits the PSC to siphon settlement funds from one settling defendant and divert them to cover costs of continuing litigation against an unrelated defendant. Because such removal was wholly improper, the $10 million must be added back to the Knauf-Attorney Fund QSF and certainly no further disbursements of the $10 million should be granted. Accordingly, the Disbursement Motion must be denied or, alternatively, a credit must be issued to the Knauf-Attorney Fund QSF in the amount of the disbursement.

## V.     CONCLUSION

For the reasons set forth above, Movers' respectfully request an order granting their motion for reconsideration and that upon reconsideration, the Court deny the Disbursement Motion or apply a credit to the Knauf-Attorney Fund QSF for the purpose of allocating attorneys' fees between common benefit counsel and Primary Counsel.

Respectfully submitted,

9

**FAIRCLOTH, MELTON & SOBEL, LLC**

By:     /s/ *Jimmy R. Faircloth, Jr.*
    Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)
    jfaircloth@fairclothlaw.com
    Brook L. Villa (LA # 31988)
    bvilla@fairclothlaw.com
    Franklin "Drew" Hoffmann (LA #35824)
    dhoffmann@fairclothlaw.com
    301 Main Street, Suite 920
    Baton Rouge, LA 70801
    Phone: (225) 343-9535
    Fax: (225) 343-9538

*Attorneys for Parker Waichman LLP*

**BARON & BUDD, P.C.**

By:     /s/ *Russell W. Budd*
    Russell W. Budd (TX #03312400)
    rbudd@baronbudd.com
    S. Ann Saucer (TX #00797885; LA #21368)
    asaucer@baronbudd.com
    Holly Werkema (TX # 24081202)
    hwerkema@baronbudd.com
    3102 Oak Lawn Avenue, Suite 1100
    Dallas, TX 75219
    Phone: 214-521-3605
    Fax: 214-520-1181

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By:     /s/ *Eric D. Hoaglund*
    Eric D. Hoaglund
    ehoaglund@mhcilaw.com
    905 Montgomery Highway, Suite 201
    Vestavia Hills, Alabama 35216
    Phone: (205) 824-7767
    Fax: (205) 824-7768

**GIEGER, LABORDE & LAPEROUSE, LLC**

By:     /s/ *Victoria E. Emmerling*
    Andrew A. Braun (LA #3415)
    abraun@glllaw.com

**LISKA, EXNICIOS & NUNGESSER**

By:     /s/ *Val Patrick Exnicios*
    Val Patrick Exnicios, Esq. (Objectors' Co-Liaison Counsel)
    vpexnicios@exnicioslaw.com
    1515 Poydras Street,
    14th Floor, Ste. 1400
    New Orleans, LA. 70112
    Phone: (504) 410-9611
    Fax: (504) 410-9937

*Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins*

**ALLISON GRANT, P.A.**

By:     /s/ *Allison Grant*
    Allison Grant (FL #858330)
    agrant@allisongrantpa.com
    14 SE 4th St
    Boca Raton, FL 33432-6111
    Phone: 561-994-9646
    Fax: 561-431-4627

**GENTLE, TURNER, SEXTON & HARBISON, LLC**

By:     /s/ *K. Edward Sexton, II*
    K. Edward Sexton, II
    esexton@gtandslaw.com
    501 Riverchase Parkway East, Suite 100
    Hoover, Alabama 35244
    Phone: (205) 716-3000
    Fax: (205) 716-3010

**ROBERTS AND DURKEE, LLP**

By:     /s/ *C. David Durkee*
    C. David Durkee
    durkee@rdlawnet.com
    2665 South Bayshore Drive, Suite 300
    Coconut Grove, FL 33133
    Phone: (305) 442-1700

Victoria E. Emmerling (LA #33117)
temmerling@glllaw.com
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Phone: (504) 561-0400
Fax: (504) 561-1011

*Attorneys for Morris Bart, L.L.C.*

**MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP**

By: ___/s/ *Mark Milstein*___
    Mark Milstein
    mmilstein@mjfwlaw.com
    10250 Constellation Blvd., 14th Floor
    Los Angeles, CA 90067
    Phone: (310) 396-9600

**YANCE LAW FIRM, LLC**

By: ___/s/ *R. Tucker Yance*___
    R. Tucker Yance (AL #ASB-9775-H71Y)
    rty@yancelaw.com
    169 Dauphin Street Suite
    318 Mobile, AL 36602
    Phone: (251) 432-8003
    Fax: (251) 432-8009

Fax: (305) 442-2559

**ALTERS LAW FIRM, P.A.**

By: ___/s/ *Jeremy W. Alters*___
    Jeremy W. Alters (FL #111790)
    jeremy@alterslaw.com
    Justin D. Grosz (FL #984000)
    justin@alterslaw.com
    Matthew T. Moore, Of Counsel (FL #70034)
    matthew@alterslaw.com
    1855 Griffin Road, Suite C470
    Dania Beach, FL 33004
    Phone: (305) 571-8550
    Fax: (305) 571-8558

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 23rd day of August, 2017.

      /s/ *Jimmy R. Faircloth, Jr.*
      OF COUNSEL