*Attorney Work Product*
*Joint-Defense Privilege*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**MDL ISSUES LIST**

CNBM Company, BNBM Group, BNBM PLC, and Taishan (collectively, "Defendants") provide this description and explanation of the critical issues to be determined next in the MDL in anticipation of their upcoming discussion with the Court and the PSC on August 24.

On August 3, the Court instructed the parties to confer and attempt to agree upon a joint list of important issues that need to be addressed now. On Thursday, August 10, Defendants' counsel and the PSC identified and discussed the issues they believed most important. Several hours before the call, the PSC provided Defendants' counsel with its list of items (including its attempts to summarize the PSC's and defendants' positions), and counsel addressed these and other topics. As agreed during that call, Defendants provided the PSC with their list of issues on Tuesday, August 15, attempting to include the PSC's prior list while supplementing it.[1] The PSC then filed its "End Game" document late on August 22, 2017.

With the thought that advance notice and explanation of the issues set out in Exhibit 1 could be helpful to the Court on August 24, Defendants offer the following:

---

[1] The PSC attached this document to its recent "end game" filing at Rec. Doc. 20913-3. It is attached hereto as Exhibit 1 for the Court's convenience.

1. *Amorin* **Complaint Clean-Up.**

For years, the PSC has maintained multiple, identical complaints in at least three different federal courts (in Louisiana, Florida, and Virginia). These complaints are identical both in terms of substance and named plaintiffs.

On August 1, the PSC filed 11 new complaints in seven new federal districts (Alabama, Georgia, Mississippi, North Carolina, South Carolina, Tennessee, and Texas). These complaints, called "protective" actions by the PSC, name (only) plaintiffs who own (or previously owned) property in the forum state.

Thus, numerous claimants now have four actions, against the same defendants for the same alleged injury and seeking the same relief. All claimants have at least three actions. Under *Bristol-Myers Squibb*, they can have only one, in the forum where their property is located – and so, the three *Amorin* complaints must be amended to dismiss claimants who do not own property in the forum states. The PSC cannot avoid this treatment by calling its new complaints (merely) "protective."

2. *Amorin* **Actions After Complaint Clean-Up.**

Two major issues must be confronted now, whatever happens with the 1292(b) appeal of the Court's ruling on jurisdiction: the status of the Court's prior rulings regarding class certification and preliminary defaults.

First, there can be no defaults where CNBM and the BNBM Entities were not obligated to respond to a complaint. PTO 1(H) postponed any such obligation until after the PSC filed its Notice of Completion and Master Complaint. Despite the PSC's efforts to minimize and ignore these orders as anachronisms, even it recognizes that they remain in effect. (*See*, for instance, its adherence to the Notice of Completion requirement in April, and its now-repeated assertions that

these two orders should be "vacated.")  The orders remain posted on the Court's website as well.  There also can be no defaults entered by a court lacking jurisdiction over all parties – a situation the PSC's August 1 filings of 11 new complaints in seven new states, and the *BMS* decision, underscore exists here.

Second, the class allegations from all the complaints should be dismissed.  *BMS* makes clear that a court without general jurisdiction cannot certify a nationwide class.

### 3. *Amorin* Claimants' Data and Proof.

The Court has ruled that Defendants are entitled to receive information regarding the claims and claimants at hand.  While continuing to meet and confer, we believe we have a clear and significant disagreement with the PSC on the scope of this discovery.  The parties met and conferred early on August 23, 2017, in an attempt to resolve these issues, and the PSC proposed to provide a plan to respond to the discovery requests on or before August 30, 2017.  Even so, the PSC must respond to all the outstanding requests, particularly if a claimant takes the position that it has nothing, or nothing more, to produce.

### 4. *Amorin* Remand.

No remands should occur for *Amorin* claims until Defendants have received the appropriate discovery.  That discovery should be largely self-executing, completed reasonably quickly assuming PSC cooperation in obtaining and delivering the requested data, and require little if any intervention by the Court.  Once the overlapping and duplicative complaints have been clarified, the PSC should quickly file its Notice of Completion.

### 5. *Amorin* Claims Adjudication, Damages, and Awards

The PSC cannot proceed in its efforts to establish a lump-sum remediation damages award on behalf of the *Amorin* class.  A lump-sum remediation damages award is predicated

upon the presence of a certifiable class.  As described above, the current class definition cannot stand insofar as the *Amorin* actions must be significantly revised to avoid *BMS*-related issues.  This will further reduce the number of potential class members.  Further, the Court cannot proceed until the PSC has provided Defendants with full discovery, described more fully above.

6. *Brooke* ("Omni XX") Adjudication.

The parties agree that the *Brooke* actions should be remanded, but disagree as to timing.  Defendants urge the Court to remand these actions, where no party has defaulted, no discovery has been taken, and no briefing has taken place, once the PSC files the required Notice of Completion and Master Complaint.

Dated: August 23, 2017

                                          Respectfully submitted,

                                          */s/ L. Christopher Vejnoska*

L. Christopher Vejnoska (CA Bar No. 96082)   Eric A. Shumsky (D.C. Bar No. 477926)
Eric Matthew Hairston (CA Bar No. 229892)   ORRICK, HERRINGTON & SUTCLIFFE LLP
ORRICK, HERRINGTON & SUTCLIFFE LLP   Columbia Center
The Orrick Building   1152 15th Street NW
405 Howard Street   Washington, D.C. 20005
San Francisco, CA  94105   Tel:  202-339-8400
Tel:  415-773-5700   Email:  eshumsky@orrick.com
Email: cvejnoska@orrick.com
      ehairston@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:   212-506-5000
Email: jstengel@orrick.com
      xiangwang@orrick.com

                *Counsel for CNBM Co., Ltd., BNBM (Group) Co., Ltd., and BNBM PLC*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
GORDON, ARATA, MONTGOMERY,
BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
Email: eeagan@gordonarata.com
         dcurrault@gordonarata.com

*Counsel for CNBM Co., Ltd.*


Harry Rosenberg (LA Bar No. 11465)
Phelps Dunbar LLP
365 Canal St., Suite 2000
New Orleans, LA  70130
Tel:  (504) 566-1311
Email:  Harry.Rosenberg@Phelps.com

*Counsel for BNBM (Group) Co., Ltd., and BNBM PLC*


/s Michael P. Kenny
Bernard Taylor, Esq. Georgia Bar No. 669625
Michael P. Kenny, Esq. Georgia Bar No. 415064
Christina Hull Eikhoff, Esq. Georgia Bar No. 242539
David Venderbush, Esq. New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

- 6 -

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MDL Issues List has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 23rd day of August 2017.

*/s/ L. Christopher Vejnoska*
L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email:  cvejnoska@orrick.com

*Counsel for CNBM Co., Ltd., BNBM (Group) Co., Ltd., and BNBM PLC*