UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

**ORDER & REASONS**

Before this Court is Plaintiff Daniel and Gessica Toth's Objection, R. Doc. 20647, to the Special Master's Determination Denying their claim under the Option 1 Remediation Program. Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order and Reasons.

I.      BACKGROUND

Plaintiffs Daniel and Gessica Toth are the owners of a dwelling located at 11039 Muller Road, Fort Pierce, Florida. Plaintiffs participated as claimants in the Knauf Settlement Agreement, pursuant to which their home was remediated by the Contractor, Moss Construction. After the remediation was completed, a Certificate of Occupancy was issued for the property on November 25, 2013.

According to Plaintiffs, since that date the parties "have been unable to agree" regarding the quality and workmanship of the remediation. Plaintiffs explain that the parties continued to discuss issues with the remediation, but were unable to resolve their disagreements. On May 12, 2016, the parties contacted the Ombudsman, Louis Velez, to help them resolve the dispute. Then, on September 28, 2016, counsel for Moss requested that the Special Master review these issues.

Additionally, Moss argued that Plaintiffs' claim was now time-barred under Claims Administration Procedure ("CAP") Order No. 2013-4.

On January 22, 2017, the Special Master ruled that Plaintiffs' request for mediation was late pursuant to the terms of CAP No. 2013-4, which requires that a request for mediation must be filed with the Special Master within 90 days of the date the property owner receives the Certificate of Occupancy. Further, the Special Master determined that Plaintiffs had not demonstrated there was good cause for their delay, such that they should be exempt from the 90-day deadline established by the Settlement Administrator. R. Doc. 20647, Ex. A. Thus, the only issue presently before this Court is whether the Special Master correctly ruled that the Toths failed to demonstrate good cause which would exempt them from the 90-day deadline established by the Settlement Administrator.

## II.  LAW AND ANALYSIS

As stated above, the Toth's claims are controlled by Section 4.3.1 of the Knauf Settlement Agreement, which provides that the Special Master shall resolve any disputes which might arise between KPT Property Owners and the Lead Contractor. On October 1, 2013, the Settlement Administrator issued CAP No. 2013-4, which expressly controlled remediations conducted pursuant to Section 4.3.1 of the Knauf Settlement Agreement. The relevant portion of CAP No. 2013-4 stated:

> A Request for Mediation must be filed with the Special Master within 90 days of the receipt of the Certificate of Occupancy, as that term is defined in the Work Authorization Agreement, by the claimants. The Special Master will not consider Requests for Mediation filed after the filing deadline, absent good cause shown.

The parties do not dispute that the Certificate of Occupancy for Plaintiffs' home was issued on December 10, 2013. The Request for Mediation was filed with the Special

Master on September 28, 2016, nearly three years later. There is no doubt this request was untimely under CAP No. 2013-4.

However, Plaintiffs argue they should be exempt from this deadline because they have good cause for the delayed request. The Court disagrees. Plaintiffs have not demonstrated that any facts or circumstances prevented them from filing a request for mediation. Further, the request for mediation was not made until nearly three years after Plaintiffs received the Certificate of Occupation—substantially longer than the time period contemplated by the Settlement Administrator. Granting mediation now, approximately four-and-a-half years after the property was remediated and a Certificate of Occupancy was issued, would be impractical and significantly prejudice Moss and Associates.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Objection (R. Doc. 20647) is **DENIED** as they failed to demonstrate good cause for their delay in filing a Request for Mediation with the Special Master.

New Orleans, Louisiana, this 24th day of August, 2017.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE