IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ============================= | x | ========================= |
|---|---|---|
| | x | |
| IN RE: CHINESE-MANUFACTURED | x | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | x | SECTION: L |
| LITIGATION | x | JUDGE FALLON |
| | x | MAG. JUDGE WILKINSON |
| THIS DOCUMENT APPLIES TO ALL | x | |
| CASES | x | |
| | x | |
| ============================= | x | ========================= |

**THE FEE COMMITTEE'S RESPONSE IN OPPOSITION
TO PRIMARY COUNSEL'S MOTION FOR RECONSIDERATION
OF ORDER GRANTING SEVENTH MOTION FOR DISBURSEMENT OF FUNDS**

I.   **INTRODUCTION**

Primary Counsel keep returning to matters already addressed by this Court, which were long ago ignored by their clients, and have by now become de rigueur.  Primary Counsels' present missive seeks reconsideration of this Court's order granting the PSC's Seventh Motion for Disbursement of Funds (Rec. Doc. 20922).  Although never previously contested by Primary Counsel, or any of their clients – some of whom are PSC members – they now profess an offense to the PSC's request to use funds previously set aside for ongoing prosecution of this litigation to actually continue prosecution of this litigation.  Primary Counsel's motion summons the adage that they would rather "cut off their nose to spite their face."  Indeed, the funds already approved by the Court for disbursement -- to which Primary Counsel now object -- would have to be replaced by assessments imposed on several of their clients, *e.g.,* Mr. Parker and Mr. Bryson, if their motion was ever granted.   However, since there is no justification for reconsideration of the Court's motion, the instant motion should be denied.

II.     **ARGUMENT**

On September 1, 2015, this Court approved the PSC's Fifth Request for Disbursement of Funds which sought a $10 million-dollar set-aside for on-going litigation expenses.  *See* Order of Sept. 1, 2015 (Rec. Doc. 19437).  No one objected to this request. Only now that Primary Counsel's clients object to the fee request do they selectively seek retroactive review of prior orders.  But their objections are too late.  When the Court authorized this set-aside,[1] no one objected. And, in any event, it is entirely appropriate to use the moneys received from settling Defendants to pursue non-settling Defendants.[2]  Similarly, where were Primary Counsel or their clients when this Court authorized the other prior disbursements to the PSC?  (Rec. Doc. Nos. 12125, 15231, 16239, 16555, 20243 & 20896).  These requests were all made pursuant to this Court's procedures dating back to the establishment of the MDL 2047 PSC Shared Costs Fund.  *See* Order dated December 29, 2011 (Rec. Doc. 12102).  All the PSC's several requests for disbursement were made of public record on the ECF docket, which afforded Primary Counsel and their clients an opportunity to object and be heard consistent with Due Process, yet they did nothing.  Their inaction speaks volumes as to their waiver of any right to object now.

Primary Counsel continue to relitigate matters that have long since become the fabric of this litigation.  Their efforts to pull at threads in the hopes of unraveling the entire litigation to bolster their objections are unavailing.  This Court has already refused similar entreaties made by

---

[1] *See* Rec. Doc. 19437.

[2] *See, e.g., In re School Asbestos Litig.*, 977 F.2d 764, 789 (1992) (refusing to review on a mandamus petition (and implicitly sanctioning) district court's authorization for class plaintiffs to use certain escrowed funds from prior settlements to pay for ongoing litigation expenses against non-settling defendants, which was based on district court's view that "counsel for the class plaintiffs should not have to wait until the long-distant conclusion of this litigation for reimbursement of their reasonable expenses"); *see also In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, *22 (S.D.N.Y. Nov. 12, 2004) (approving petition for creation of $5 million fund creation of a $5 million fund for continuation of litigation against non-settling defendants), citing *Teachers' Ret. Sys. of Louisiana v. A.C.L.N. Ltd.*, 01 Civ. 11814(MP), 2004 WL 1087261, at *6 (S.D.N.Y. May 14, 2004).

Primary Counsel to revisit cost expenditures.  *See* Order dated July 13, 2017 (Rec. Doc. 20867). Therein, this Court held that only if necessary it "may" address cost "reimbursement" to the objectors based upon their fee dispute.  Less than 2 months following that ruling, Primary Counsel again raise the issue of costs.  Their motion for reconsideration, however, raises no new facts or law since this Court's original ruling in September 2015, and clearly nothing new has occurred since this Court's July 13, 2017 ruling.  For these reasons, reconsideration is not appropriate.

### III.  CONCLUSION

Primary Counsel's motion for reconsideration should be denied.

Respectfully submitted,

Dated: August 28, 2017

/s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Fee Committee Co-Chair/Secretary*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith J. Verrier (on the brief)
Nicola F. Serianni (on the brief)
LEVIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Fee Committee Chair*
***ON BEHALF OF THE FEE COMMITTEE***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 28th day of August, 2017.

      /s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047