UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER & REASONS

Before the Court is Daniel and Amy Carter's Objection to the Special Master's Opinion and Decree (R. Doc. 20764). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order and Reasons.

I. BACKGROUND

   a. Already Remediated Homes Protocol and PTO 1(B)

On December 20, 2011, after extensive discovery and several bellwether trials, and seeking to avoid the effort, expense, and risk of continued litigation, the Knauf Defendants and the PSC entered into a Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047, in part to resolve claims of property owners who self-remediated their properties containing KPT Chinese Drywall\ or entered into a contract to remediate their properties prior to the Knauf Class Settlement Agreement. R. Doc. 16407-3 (Third Amended Knauf Class Settlement Agreement).

Owners who have self-remediated Affected Properties may seek benefits to resolve their Remediation Claims as provided in the Already Remediated Properties Protocol. R. Doc. 12061-6 at § 4.3.7. Pursuant to the protocol, owners of Already Remediated Homes (ARHs) are

required to submit the following documentation concerning remediation of the property: (1) photographs and/or video images of all drywall removed from the property during remediation (for owners with claims pending in MDL 2047, the submission shall be in the form required by MDL Pretrial Order 1B); (2) any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the property prior to remediation; (3) proof of corrosion or other evidence that the KPT Chinese Drywall was reactive; (4) interior photographs of the property immediately prior to the commencement, and following completion of the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom, and, to the extent possible, security systems, appliances and audio such as surround sound; (5) the remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including but not limited to manufacturer, model number, and quantity; (6) an itemized invoice [or ledger] from the contractor who performed the remediation work; (7) proof of payment, such as cancelled checks, credit card statements, etc; (8) a floor plan of the property with dimensions; (9) an environmental certificate; and (10) an Owner Disclosure Affidavit, which includes a certification that the materials provided comprise all of the available documentation regarding the claim. Id. at § III.

      On October 9, 2009, the Court issued PTO 1(B) (R. Doc. 337). PTO 1(B) establishes the Court's requirements "with respect to the preservation of physical evidence from properties that may be repaired by the parties during the course of this litigation." *Id*. at p. 1. PTO 1(B) states, "[f]rom this date forward, all persons or entities who have or who intend to pursue a claim relating to allegedly defective Chinese-manufactured drywall . . . shall preserve . . . physical

evidence at their own expense." *Id*. at p. 2.  Parties were and are required to preserve physical evidence by following a few basic procedures, including but not limited to the following:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

*Id*. at p. 3.  The party responsible for failing to preserve evidence may be subject to dismissal of the claim or defense of spoliation. *Id*. at p. 7.

### b. Carter Claim Timeline

- On June 16, 2009 and October 9, 2009, this Court issued Pre-Trial Order No. 1 and 1(B), which established the requirements for preserving evidence of Chinese Drywall in this litigation.

- From February 22, 2010 through April 26, 2010, the Carters remediated their home located at 261 W. Robert E. Lee Boulevard in New Orleans, Louisiana

- On December 20, 2011, Knauf reached the Settlement Agreement Regarding Claims Against Knauf Defendants

- At no point did Plaintiffs opt out of the Settlement Agreement

- On February 15, 2017, the parties participated in mediation before the Special Master Dan Balhoff regarding the Carter's already remediated Property claim

- On April 27, 2017, the Special Master determined the Carters did not qualify for settlement funds because they failed to preserve evidence in accordance with PTO 1(B). R. Doc. 20450-1.

## II. PARTIES' ARGUMENTS

Plaintiffs admit that they did not preserve evidence of the Chinese-Manufactured Drywall in compliance with PTO 1(B). However, they argue that their testimony and some additional evidence is sufficient to demonstrate that they had KPT drywall in their home prior to remediation. According to Plaintiffs, they remediated their home prior to the Knauf Settlement

Agreement, and therefore should not be held to the "more drastic" penalties for failing to comply with PTO1(B) as articulated in the Settlement Agreement. Thus, they argue that the additional evidence they provided is sufficient to support their recovery, and the Special Master erred in denying their claim. Further, Plaintiffs contend that their failure to preserve physical evidence does not prejudice the Knauf Defendants.

Defendants disagree and argue that Plaintiffs failure to preserve evidence of the drywall in their home has prejudiced Knauf's defense. According to Defendants, Plaintiffs were represented by counsel when they remediated their home, and did not opt out of the Knauf Settlement Agreement. Defendants explain that PTO 1(B) mandated expectations for the preservation of physical evidence, and the Settlement Agreement specifically provided that failure to preserve evidence could result in the dismissal of a plaintiff's claim. Finally, Defendants aver that Plaintiffs have only submitted pictures of three KPT drywall boards—which were not installed in the property. Defendants argue that they would be prejudiced if forced to defend against a claim with such limited evidence.

### III. LAW AND ANALYSIS

As the Special Master indicated in his Opinion, the Carter Plaintiffs did not opt out of the Settlement Agreement. Thus, they are bound by the requirements for preserving physical evidence as set out in section IV.D.4, which provides:

> The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the owner has complied with MDL Pretrial Order 1B (if the claim is pending in the MDL) . . . Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.

It is undisputed that Plaintiffs did not comply with the requirements of PTO 1(B). Plaintiffs disposed of the physical drywall, and do not have sufficient photographic evidence to demonstrate how much, if any, KPT drywall was in their home. While the Court appreciates that Plaintiffs have submitted additional evidence, including their own testimony that KPT was the only drywall in their home, the Court finds such evidence is insufficient to establish product identification. Further, this evidence does not comply with the requirements of the Settlement Agreement, which set out prerequisites for Plaintiffs seeking to recover under the Agreement.

Thus, the Special Master's Order was based on a correct interpretation of PTO 1B and the requirements for recovering under the Settlement Agreement, and Plaintiffs Motion for Reconsideration, R. Doc. 20764, should be DENIED.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Objections to the Special Master's Opinion and Decree, R. Doc. 20764, are hereby **OVERRULED**.

New Orleans, Louisiana, this 28th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE