UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| | SECTION "L" (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER & REASONS

Before the Court is Daniel Cowart and Lauren Cortelyou's Objection and Motion for Reconsideration of the Special Master's Opinion and Decree (R. Doc. 20373-1). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used in the construction and refurbishing of homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 829 (E.D.La. 2012), *aff'd*, 742 F. 3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall. Accordingly, these homeowners began to file suit in various state and federal courts against homebuilders,

developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall.  Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation.  Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 2047 in the U.S. District Court, Eastern District of Louisiana.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities, and (2) the Taishan Entities.  The litigation has focused upon these two entities and their downstream associates.  The present motion relates to the proceedings against the Knauf Entities.

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States.  The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts.  The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009.  *See* (R. Doc. 18).  On November 2, 2009, in Pretrial Order No. 17, KPT agreed to a limited waiver of service.  *See* (R. Doc. 401).  On March 15-19, 2010, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall.  *See* (R. Doc. 2713).  For purposes of the trial, KPT stipulated that its Chinese drywall "emits certain reduced sulfur gases and the drywall emits an odor." *Id*.  The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law ("*Hernandez* FOFCOL"), *see id.*, and entered a Judgment in the amount of $164,049.64, including remediation damages in the amount of $136,940.46, which represented a

cost of $81.13 per square foot based on the footprint square footage of the house. *See* (R. Doc. 3012).

Thereafter, on October 14, 2010, the Knauf Entities entered into a pilot remediation program with the Plaintiffs' Steering Committee ("PSC") in the MDL. This program was largely based upon the remediation protocol formulated by the Court in *Hernandez*. The Knauf pilot remediation program is ongoing and has, at present, remediated over 2,000 homes containing KPT Chinese drywall using the same protocol.

The instant case involves property located in Loxley, Alabama. On February 2012, Daniel Cower purchased the property and on June 26, 2012, he deeded it to his wife, Lauren Cortelyou (together, "Plaintiffs"). R. Doc. 20373-1 at 1. An inspection conducted in April 2013 revealed the presence of Knauf Chinese Drywall in the property. R. Doc. 20373-1 at 1.

On June 18, 2016, Special Master Daniel J. Balhoff ("Special Master") issued an *Opinion and Decree* denying Plaintiffs' recovery under the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047. R. Doc. 20373-1 at 1. The Settlement Agreement denies recovery to purchasers of property who knew of the presence of defective drywall, or who purchased after December 9, 2009 and failed to make a reasonable inquiry as to whether the property had defective drywall. R. Doc. 20373-1 at 1. The Special Master concluded that Mr. Cowart failed to make a reasonable inquiry regarding the presence of drywall when he purchased the property in 2012, noting that the Purchase Agreement stressed that the property was sold "As Is." R. Doc. 20373-1 at 2. Further, Mr. Cowart declined to have the property professionally inspected even after being given the opportunity to do so. R. Doc. 20373-1 at 2.

The Special Master grapples with the question "when a buyer has no reason to believe that a property has reactive Chinese drywall, what steps (if any) must he take to satisfy the settlement's 'reasonable inquiry' requirement?" R. Doc. 20373-1 at 3. Noting that the language of the Settlement Agreement contains no threshold level of knowledge, instead requiring reasonable inquiry in all cases, the Special Master concluded that the informal inspections conducted at the time of purchase did not constitute a reasonable inquiry into the presence of reactive Chinese Drywall, and thus Mr. Cowart has no right to recover under the settlement. R. Doc. 20373-1 at 3. Having been deeded the property, Ms. Cortelyou's rights are no greater than Mr. Cowart's, and thus she too is barred from recovery. R. Doc. 20373-1 at 3.

## II.   PRESENT MOTION

Daniel Cowart and Lauren Cortelyou's Objection arises out of the June 18, 2016 Opinion and Decree rendered by Special Master Balhoff. R. Doc. 20373. In February 2012, Daniel Cowart purchased a piece of property located at 32793 Waterview Drive, Loxley, Alabama. The property was inspected at the time of purchase by a real estate company, who did not uncover evidence of defective KPT drywall. R. Doc. 20373 at 2. In June 2012, Cowart deeded the property to Lauren Cortelyou, his wife. R. Doc. 20373 at 2. In April 2013, an inspection revealed the presence of Knauf Chinese drywall in the home. R. Doc. 20373 at 2.

Plaintiffs argue that they had no reason to believe that reactive Chinese drywall was present on their property at the time of purchase, and therefore did not conduct a formal inspection. R. Doc. 20373 at 2. Plaintiffs allege that they had never heard of Chinese drywall at the time of purchase, and thus had no reason to inquire about its presence. R. Doc. 20373 at 2. In particular, Plaintiffs stress that the news coverage in Alabama regarding the defective Chinese drywall was insufficient to provide even constructive notice. R. Doc. 20373 at 2. Therefore,

Plaintiffs contend that the informal inspections amount to a "reasonable inquiry," thus permitting their recovery. R. Doc. 20373 at 2.

In opposition to Plaintiff's Objection, the Knauf Defendants argue that the Special Master correctly determined that the Plaintiffs failed to make a reasonable inquiry into the presence of Chinese drywall at the time of purchase. R. Doc. 20442 at 1. In particular, the Knauf Defendants allege that Plaintiffs failed to make a reasonable inquiry because they waived their right to receive the Seller's Disclosure statement, failed to obtain an inspection for Chinese drywall, and failed to obtain even a general inspection prior to purchase. R. Doc. 20442 at 3. The Knauf Defendants argue that the informal inspection conducted by Roberts Brothers, Inc., Realtors was in fact, not an inspection at all, but rather merely a courtesy to Cowart. R. Doc. 20442 at 3. Further, Defendants allege that Plaintiffs failed to provide any evidence that a second informal inspection ever took place. R. Doc. 20442 at 3. Ultimately, the Knauf Defendants argue that Plaintiffs did not conduct any inspection, let alone a "reasonable inspection" as required by the terms of the relevant settlement agreement. R. Doc. 20442 at 5.

### III. LAW AND ANALYSIS

The Cowart/Cortelyou claim is governed by the Settlement Agreement Regarding Post-December 9, 2011 Claims. The Settlement Agreement requires that claimants meet an objective "reasonable inquiry" standard to qualify for benefits:

> Any Exhibit A Claimant or Exhibit B Claimant who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement . . .

In 2012, Mr. Cowart took a calculated risk and purchased a property in "as is" condition in an area known to have a multitude of Chinese drywall properties. When Mr. Cowart purchased the Property, he waived his right to receive the Seller's Disclosure Statement, and did

5

not conduct a standard inspection of the property prior to purchasing the home. Not only did Mr. Cowart fail to conduct a Chinese drywall inspection (which would have been easy to obtain in the Loxley area in 2012), but he even waived his right to conduct a standard inspection of the property prior to purchase. This shows that a reasonable inquiry was not made, and therefore Plaintiffs are not entitled to recover under the Settlement Agreement Regarding Post-December 9, 2011 Claims.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Objection and Motion for Reconsideration of the Special Master's Opinion and Decree, R. Doc. 20373, is **DENIED**.

New Orleans, Louisiana this 28th day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE