# EXHIBIT

# "A"



Eric A. Shumsky

E eshumsky@orrick.com
D +1 202 339 8464
F +1 202 339 8500

August 25, 2017

Lyle C. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re: *In re Chinese-Manufactured Drywall Products Liability Litigation*, No. 17-90027

Dear Mr. Cayce:

    I represent Petitioners in the above-captioned matter. I write to apprise the Court of the district court's August 24, 2017 order vacating its order certifying the instant permission to appeal pursuant to 28 U.S.C. § 1292(b). A copy of the district court's order is attached.

    On April 21, 2017, Judge Fallon—the district court judge in the multi-district litigation proceedings below—denied Petitioners' requests to dismiss complaints filed against them on personal jurisdiction grounds. Petitioners then filed a timely request for certification pursuant to 28 U.S.C. § 1292(b).

August 25, 2017

While that request was pending, the United States Supreme Court issued its decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,* 137 S. Ct. 1773 (2017). Petitioners brought the case to the district court's attention by filing a supplemental motion on August 1, 2017 (the "*BMS* motion"), detailing the decision's impact on the court's jurisdictional and class certification analyses as well as the general course of proceedings in the MDL. Rec. Doc. 20882, 20894. As Petitioners explained, the case has implications for certain aspects of the court's April 21, 2017 decision. However, it was unlikely to have any impact on many of the issues presented in Petitioners' certification request.

Three days later, on August 4, 2017, the district court certified for immediate appeal its April 21, 2017 jurisdictional order. Dist. Ct. Dkt. No. 20890. In accordance with the statutory time limits, on August 14, 2017, Petitioners filed with this Court a petition for permission to appeal. *In re: Chinese-Manufactured Drywall Products Liability Litigation,* Case No. 17-90027, at Doc. No. 00514118243 (5th Cir.). On August 16, 2017, this Court issued an order docketing the petition for permission to appeal and ordered that the Plaintiffs' Steering Committee (PSC)—representing Respondents in this matter—file a response by August 28, 2017.

The next day the PSC filed an "emergency" motion with the district court to vacate its August 4, 2017 order certifying the instant appeal and submitted an accompanying request for an expedited hearing. The PSC argued that the *BMS* motion and permission to appeal involved overlapping issues and resolution of the *BMS* motion would likely be the subject of another certification request. Dist. Ct. Dkt. No. 20898-1. Presuming a certified appeal would result from the *BMS* order, the PSC asserted that the August 4, 2017 certification order should be vacated in order to avoid piecemeal appeals.

Without awaiting a response from Petitioners (despite being told one would be forthcoming), on August 24, 2017, the district court granted the PSC's motion to vacate the court's certification order. The

2

August 25, 2017

district court explained "[i]n light of Defendants' newly filed supplemental motion—grounded on the Supreme Court's June 2017 decision in *Bristol-Myers Squibb*—this Court has a duty to address that jurisdictional issue before certifying the matter to the Fifth Circuit." The Court thus vacated its August 4, 2017, certification order and found the PSC's request for an expedited hearing moot.

Petitioners write to apprise this Court of the district court's order vacating its certification decision. Petitioners will soon be filing an objection and motion for reconsideration with the district court.

            Sincerely,

            */s/ Eric A. Shumsky*
            Eric A. Shumsky
            *Counsel for Petitioner*

cc: Plaintiffs' Steering Committee

Case: 17-90027 Document: 00514182913 Page: 1 Date Filed: 08/25/2017
Case 2:09-md-02047-EEF-MBN Document 20935-3 Filed 08/30/17 Page 5 of 7
Case 2:09-md-02047-EEF-JCW Document 20927 Filed 08/24/17 Page 1 of 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL NO. 09-2047<br><br>SECTION L<br><br>JUDGE FALLON<br>MAGISTRATE JUDGE WILKINSON |

THIS DOCUMENT RELATES TO: ALL CASES

## ORDER

Pending before the Court is Plaintiffs' emergency motion to vacate the Court's August 4, 2017 Order granting Defendants' motion to certify immediate appeal from this Court's jurisdiction order. *See* Rec. Doc. 20898. During the August 24, 2017 telephone status conference, the parties briefly addressed the matter to this Court. Having considered the matters herein, the Court now issues this Order to **VACATE** its § 1292(b) decision for certification of appeals to the Fifth Circuit.

**I.     RELEVANT PROCEDURAL BACKGROUND**

On April 21, 2017, the Court issued its Order and Reasons related to jurisdictional challenges being raised in four separate motions filed by Defendants. *See* Rec. Doc. 20739. On May 22, 2017, Defendants filed a motion pursuant to 28 U.S.C. § 1292(b) to certify immediate appeals from this Court's jurisdiction order. *See* Rec. Doc. 20779. Because the Court found that its Order and Reasons of April 21, 2017 involves a controlling question of law as to which there is substantial ground for difference of opinion, and because the Court further found that an immediate appeal from that Order and Reasons may materially advance the ultimate termination of this MDL, on August 4, 2017, the Court certified an immediate appeal pursuant to 28 U.S.C. § 1292(b).

1

Case 2:09-md-02047-EEF-MBN Document 20935-3 Filed 08/30/17 Page 2 of 7
Case 2:17-90027 Document 00514132918 Page 2 Date Filed: 08/28/2017
Case 2:09-md-02047-EEF-JCW Document 20927 Filed 08/24/17 Page 2 of 3

Nonetheless, on August 1, 2017, Defendants filed their Supplemental Motion on Jurisdiction before this Court, arguing the impact of a recent United States Supreme Court opinion, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), on personal jurisdiction generally. *See* Rec. Doc. 20882. Based on *Bristol-Myers Squibb*, Defendants dispute this Court's findings of agency relationship and class certification.

On August 14, 2017, Defendants filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) in the Fifth Circuit in which they argue that the *Bristol-Myers Squibb* opinion impacts questions raised on appeal. *See* Rec. Doc. 20898-2 (*In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 5th Circuit Docket 17-90027 (Petition for Permission to Appeal)).

## II. DISCUSSION

The Court finds overlapping issues and arguments on Defendants' current motion before this Court as well as their appeal to the Fifth Circuit. In their Supplemental Motion on Jurisdiction, Defendants request that the Court dismiss all out-of-state plaintiffs from each of the actions, dismiss BNBM from the Florida and Virginia actions where the jurisdictional bases are predicated on an agency theory, and decertify the class. *See generally* Rec. Doc. 20882. That motion includes arguments with respect to agency issues that are the subject of the Jurisdiction Order and decertification. The Court has now set a scheduling timeline for parties to submit briefs on Defendants' supplemental motion—and in particular, on the impact of *Bristol-Myers Squibb* and its effect on this multidistrict litigation.

The judicial system strongly discourages piecemeal litigation. *See Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013) (quoting *Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)). That, arguably, is more so here: an extensive multidistrict litigation that has spanned for over eight years. Even though 28 U.S.C. § 1292(b) permits appeal of certain

2

interlocutory orders when the case itself is not final, it does not alter the rule that the issue to be certified for appellate review itself needs to be completed and finally decided in the district court. *See generally, Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 424 (5th Cir. 2010). In light of Defendants' newly filed supplemental motion—grounded on the Supreme Court's June 2017 decision in *Bristol-Myers Squibb*—this Court has a duty to address that jurisdictional issue before certifying the matter to the Fifth Circuit.

### III. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Plaintiffs' motion to vacate, *see* Rec. Doc. 20898, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's August 4, 2017 Order certifying immediate appeal pursuant to 28 U.S.C. § 1292(b), *see* Rec. Doc. 20890, is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an emergency hearing, *see* Rec. Doc. 20899, is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 24th day of August, 2017.

                                                               */s/ Eldon E. Fallon*
                                                             **ELDON E. FALLON**
                                                             United States District Judge