UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON |
| **THIS DOCUMENT RELATES TO:**<br>*ALL CASES* | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**DEFENDANTS' OBJECTION TO THE COURT'S ORDER VACATING ITS § 1292(b) CERTIFICATION, AND REQUEST FOR EXPEDITED RESOLUTION OF *BMS* MOTION**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND..........................................1

III. ARGUMENT..........................................................................................................3

    A. This Court Erred By Vacating Its Certification Decision. ........................3

        1. The PSC's Arguments Are Predicated Upon Speculative And Erroneous Assumptions. .................................................................3

            a. The *BMS* Motion Presents Distinct Issues From The § 1292(b) Appeal And Thus There Was No Reason to Vacate The § 1292(b) Certification. ................................3

            b. The Court May Simply Dismiss Claims Under *BMS*. .....................4

        2. This Court Fully Resolved Defendants' Personal Jurisdiction Arguments............................................................................................5

    B. The Court Should Expeditiously Resolve Defendants' *BMS* Motion......................6

IV. CONCLUSION...........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bearry v. Beech Aircraft Corp.*,
    818 F.2d 370 (5th Cir. 1987) ...............................................................................................4

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    137 S. Ct. 1773 (2017) ................................................................................................. passim

*Castellanos-Contreras v. Decatur Hotels, LLC*,
    622 F.3d 393 (5th Cir. 2010) ...............................................................................................5

*Cohen v. Beneficial Indus. Loan Corp.*,
    337 U.S. 541 (1949) .............................................................................................................5

*Ergon Oil Purchasing, Inc. v. Canal Barge Co., Inc.*,
    No. 16-cv-5884, 2017 WL 2730853 (E.D. La. June 26, 2017) ..........................................5

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) ...............................................................................................4

*Jordan v. Bayer Corp.*,
    No. 4:17-cv-865, 2017 WL 3006993 (E.D. Mo. July 14, 2017) .........................................5

*Murray v. Metropolitan Life Ins. Co.*,
    583 F.3d 173 (2d Cir. 2009) ................................................................................................8

*Nuovo Pignone, SpA v. Storman Asia M/V*,
    310 F.3d 374 (5th Cir. 2002) ...............................................................................................4

*Oliver v. Ethicon*,
    12-cv-06950, 2017 WL 3193652 (S.D. W.Va. July 27, 2017) ............................................4

*Thornton v. General Motors Corp.*,
    136 F.3d 450 (5th Cir. 1998) ...............................................................................................8

*White v. Goodyear Tire*,
    96 F.3d 1444 (5th Cir. 1996) ...............................................................................................7

**Statutes**

28 U.S.C. § 1292(b) ....................................................................................................... passim

## I. INTRODUCTION

The jurisdictional issues addressed in the Court's § 1292(b) certification order (Rec. Doc. 20890) are of critical importance to this litigation, and should not have been deferred. From motion practice and discovery to trial or settlement, whether CNBM and the BNBM Entities are properly subject to this Court's jurisdiction affects every aspect of the cases. When the Court certified its April 21, 2017 order, the path was clear to resolving these issues. But the PSC then filed an "emergency" motion asking that the Court undercut this effort by vacating its certification order. Rec. Doc. 20898-1. The PSC argued it would be most efficient to await resolution of the Defendants' *Bristol-Myers Squibb* motion (*BMS* motion). Any other approach, the PSC speculated, would result in piecemeal appeals. But there was—and is—no "emergency," and with all respect, the Court should have waited for a response from Defendants before granting the PSC's request. The PSC's arguments are misplaced, the certification order should not have been vacated, and the Court should resolve the *BMS* motion expeditiously, so that these issues can promptly be certified for appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2017, this Court issued its order denying CNBM Co., BNBM Group, and BNBM PLC's (collectively, Defendants[1]) requests to dismiss for lack of personal jurisdiction. Rec. Doc. 20739. On May 22, 2017, the Defendants moved the Court to certify that order for immediate appeal pursuant to 28 U.S.C. § 1292(b). Rec. Doc. 20779-1. The PSC emphatically opposed the request. Rec. Doc. 20827-2.

While Defendants' § 1292(b) certification motion was pending, on June 19, 2017, the United States Supreme Court issued its decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). Defendants (subsequently joined by Taishan) brought the case to the Court's attention on August 1, 2017, detailing the decision's

---

[1] For purposes of this memorandum, Defendants are those entities the Court deemed subject to its jurisdiction in its April 21, 2017 order. Taishan was not subject to that order and thus is not a party to this filing.

- 2 -

impact on jurisdiction and class certification. Rec. Doc. 20882, 20894. At that time, the Court had not yet acted on Defendants' § 1292(b) request. Three days later, this Court certified for immediate appeal its April 21, 2017 jurisdictional order. Rec. Doc. 20890. Defendants timely filed a petition for permission to appeal with the Fifth Circuit on August 14, 2017. *In re: Chinese Manufactured Drywall Products Liability Litigation,* Case No. 17-90027, at Doc. No. 00514118243 (5th Cir.).

In the interim, the PSC sought—and received—Defendants' consent to extend the time to respond to Defendants' *BMS* motion. Vejnoska Decl. ¶ 2, Ex. A. Then, nearly two weeks after receiving the Court's certification order, and a week after requesting an extension on *BMS* briefing, the PSC filed on August 17, 2017 an "emergency" motion to vacate the certification order in light of the *BMS* motion. Rec. Doc. 20898-1. The PSC did not inform Defendants they would seek emergency treatment (as this Court has required the parties to do, *cf.* Rec. Doc. 19270), and did not attempt to meet and confer about an expedited briefing schedule, *see* Vejnoska Decl. Ex. C; nonetheless, the PSC asked this Court to schedule an expedited hearing on their request. Rec. Doc. 20899.

In response, Defendants called chambers and stated that they disagreed with the PSC's characterization of the motion as an "emergency," intended to respond, and asked to be notified of any briefing schedule and hearing. Currault Dec. ¶ 2. On August 24, 2017, without awaiting response from Defendants, this Court granted the PSC's motion, vacated its August 4, 2017 certification order, and denied the PSC's request for an expedited hearing as moot. Rec. Doc. 20927. After Defendants apprised the Fifth Circuit Court of Appeals of this Court's order vacating its certification decision, the appellate court denied Defendants' petition for permission to appeal. *In re: Chinese Manufactured Drywall Products Liability Litigation,* Case No. 17-90027, at Doc. No. 00514141003 (5th Cir.).

Defendants object to this Court's decision vacating its certification order, and they request expeditious resolution of their *BMS* motion.

**III.     ARGUMENT**

The Court erred in vacating its certification order. First, there was no reason to delay resolution of the issues in the petition for permission to appeal because any forthcoming *BMS* order will address distinct issues and will likely leave unaltered the reasoning in the Court's April 21, 2017 jurisdictional order that it deemed certifiable. Second, the PSC's argument improperly assumed the *BMS* order will itself be certifiable. That is not necessarily the case, and it would be regrettable to step backwards for the sake of efficiency when none will be gained. In any event, the simplest and most sensible solution—one Defendants have repeatedly proposed— is prompt resolution of the *BMS* motion. This would alleviate the PSC's concerns.

**A.     This Court Erred By Vacating Its Certification Decision.**

The PSC contends that it would be most efficient to delay certification until after this Court decides the *BMS* motion. Rec. Doc. 20898-1 at 3. Otherwise, the PSC claims, Defendants will be simultaneously pursuing "duplicative avenues" for addressing "substantially overlapping" and unresolved issues. Rec. Doc. 20898-1 at 4-5. Those concerns are misplaced.

**1.     The PSC's Arguments Are Predicated Upon Speculative And Erroneous Assumptions.**

**a.     The *BMS* Motion Presents Distinct Issues From The § 1292(b) Appeal And Thus There Was No Reason to Vacate The § 1292(b) Certification.**

Contrary to the PSC's contention, there is no basis for delaying resolution of the issues in the § 1292(b) petition while the Court resolves the *BMS* motion. That is because the *BMS* order is unlikely to have any impact on the current § 1292(b) issues. On the one hand, the issues raised in the § 1292(b) petition (if resolved in Defendants' favor) would supply a basis for dismissing one or more Defendants *in their entirety* from various actions in the MDL. *In re: Chinese Manufactured Drywall Products Liability Litigation*, Case No. 17-90027, at Doc. No. 00514118243 (5th Cir.). More specifically, the petition sought review of the court's "false conflicts" analysis, characterization of Chinese law as underdeveloped, application of SBE, agency analysis, and neglect of the full due process analysis. *Id.* If the Fifth Circuit rules that

- 3 -

this Court improperly relied upon state law imputation doctrines to exercise personal jurisdiction, then each party without its own specific contacts with the forum would have to be dismissed. But the issues set forth in the *BMS* motion concern different issues, and would have different effects—namely, where various complaints are operative as to which Plaintiffs (to ensure that the claims arise from specific contacts with the forum state). Accordingly, the two filings have distinct and importantly different foci.

And while the PSC identified in its motion a single point of alleged intersection—the jurisdictional finding regarding agency (Rec. 20898-1 at 5)—the PSC itself has argued that *Bristol-Myers Squibb* has no impact on this Court's agency determination. Rec. Doc. 20935-2 at 33 (because "the *BMS* opinion contains absolutely no language discussing agency relationships," "[t]here is no reason for the Court to reconsider its prior agency ruling).

Accordingly, Defendants' petition for permission to appeal presents a host of quintessential § 1292(b) issues that will be unaffected by the Court's forthcoming *BMS* ruling.[2] Resolution of the fundamental questions in the § 1292(b) petition therefore should not be delayed pending resolution of another matter that may or may not result in another certification.

### b. The Court May Simply Dismiss Claims Under *BMS*.

Another assumption underlying the PSC's request is that a forthcoming order addressing *BMS* will itself be certified for review, and so appeals of that order and the personal jurisdiction order should proceed in tandem. But unlike the personal jurisdiction order—which we know here and now merits immediate review, as the Court already has determined—it is possible that this Court, like multiple other courts over the past several months, simply will follow *Bristol-Myers Squibb*, dismiss nonresident plaintiffs from nationwide class actions filed in federal court, and conclude that such dismissals are not debatable and so not certifiable under § 1292(b). *See,*

---

[2] *See, e.g., Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 608-09 (5th Cir. 2008) (granting § 1292 certification on personal jurisdiction); *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002 (same)), *abrogated on other grounds by Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 373 (5th Cir. 1987) (same).

*e.g.*, *Oliver v. Ethicon*, 12-cv-06950, 2017 WL 3193652, at *3 (S.D. W.Va. July 27, 2017) (relying on *Bristol-Myers* to dismiss defendant for lack of specific jurisdiction from product liability MDL filed in Minnesota because "the record indicate[d] no connection between the mesh product implanted in the plaintiff in Arkansas and Ethicon's mesh products sold in Minnesota"); *Jordan v. Bayer Corp.*, No. 4:17-cv-865, 2017 WL 3006993, at *4 (E.D. Mo. July 14, 2017) (granting motion to dismiss as to 87 plaintiffs on personal jurisdiction grounds because court lacked jurisdiction over non-resident plaintiffs of the proposed class); *Ergon Oil Purchasing, Inc. v. Canal Barge Co., Inc*., No. 16-cv-5884, 2017 WL 2730853, at *5 (E.D. La. June 26, 2017) (post-*Bristol Myers* dismissal where plaintiff's "general assertions—without a specific evidentiary tie to [the Louisiana company co-defendant] and the barge cleaning services in question—[we]re insufficient evidence of specific jurisdiction").

### 2. This Court Fully Resolved Defendants' Personal Jurisdiction Arguments.

The PSC also asserts that certification to the Fifth Circuit is inappropriate because the personal jurisdiction issues have been not "complete[ly] and finally decided in the district court." Rec. Doc. 20898-1 at 4. Specifically, it claims that when "Defendants filed their [*BMS*] Motion on Jurisdiction, they rendered the Court's Jurisdiction Order incomplete and therefore, not amenable to appellate treatment even under 1292(b)." Rec. Doc. 20898-1; *see also* Rec. Doc. 20927 at 3 (order) (indicating that the Court "has a duty to address [the *BMS*] issue before certifying the matter to the Fifth Circuit" because an "issue … has to be completed and finally decided in the district court" before being certified).

The PSC's argument misstates the nature of review under § 1292(b). It is *orders*, not *issues*, that are certified. *See* 28 U.S.C. § 1292(b). And the order here comprehensively addresses the jurisdictional issues that, as the Court itself previously agreed, merit immediate review. The cases cited by the PSC do not establish otherwise. They simply stand for the uncontroversial proposition that when a "matter remains open, unfinished, or inconclusive" (i.e., has not been addressed), it should not be certified for appeal. Rec. Doc. 20898-1 at 4-5 (citing

- 5 -

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), and *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 424 (5th Cir. 2010)); *see also* Rec. Doc. 20927 at 3 (citing *Castellanos-Contreras*).   Here, however, the matter of personal jurisdiction has been fully addressed in the Court's April 21, 2017 Order that applied state law imputation theories to exercise personal jurisdiction.  Apprising the Court of intervening Supreme Court authority, which bears upon those issues, did not render them "open, unfinished, or inconclusive."  Rec. Doc. 20898-1 at 5.

**B.    The Court Should Expeditiously Resolve Defendants' *BMS* Motion.**

The PSC has recruited this Court in its effort to short-circuit appellate review.  Though the PSC did so by claiming a concern with piecemeal appeals,[3] those concerns—and it must be remembered they are being expressed by a party that has vigorously opposed any appeal at all, a position with which the Court already has disagreed—are belied by the PSC's actions and easily avoided through prompt resolution of the *BMS* motion.

Had the PSC truly been concerned about piecemeal appeals, it could have raised this issue as far back as August 1, 2017, when Defendants filed their *BMS* motion.[4]  Indeed, the PSC was perfectly positioned to do so given that the Court held a status conference two days later.  But the PSC said nothing—not even after the Court indicated during the conference it was inclined to grant Defendants' § 1292(b) certification request.  Aug. 3, 2017 Status Conference Transcript at 4:17-18.  Likewise, the PSC stayed silent on August 4, 2017, when this Court

---

[3] Rec. Doc. 20898-1 at 2 (complaining that current approach "will create piecemeal appeals of the same issues"); *id.* at 3 (asserting that Defendants' filings "contradict[] the principles behind the rules against piecemeal appeals").

[4] Plaintiffs claim that Defendants filed their *BMS* motion for purposes of delay and obstruction. This claim ignores the timeline.  Defendants filed this motion *before* the Court's certification order.  And Plaintiffs' by-now-too-common effort to impugn Defendants' motives makes little sense.  At the time Defendants filed their *BMS* motion, they did not know whether the Court would certify the April 21, 2017 order for immediate appeal.  Accordingly, they could not have intended to engage in piecemeal appeals, as they did not know if there would be *any* appeal. And for all of the reasons discussed herein, this Court can ensure that matters are consolidated into a single appeal.

- 6 -

issued its order certifying the personal jurisdiction order.[5] And it remained silent still in the weeks that followed. In fact, the PSC asked for—and received—Defendants' consent to extend the PSC's response time to the *BMS* motion, from August 15, 2017 to August 31, 2017—doing so without expressing any timing concern or need for expediency. Thus, the PSC's actions undermine any alleged concern with piecemeal appeals.

But even if the concerns expressed by the PSC had any merit, there is a simple solution: this Court should rule expeditiously on the *BMS* motion. If the Court does so and later deems that order appropriate for certification, the appeals from that order and the April 21, 2017 Order could proceed in tandem (or even be consolidated, if the Fifth Circuit deems appropriate). Defendants have repeatedly proposed a briefing schedule that would allow for this possibility. Vejnoska Decl. ¶ 2, Ex. B. However, the PSC has refused.

The PSC's refusal seems to be rooted in the misconception that unless two orders are certified on the same day (or close to it), piecemeal appeals are inevitable. Vejnoska Decl., Ex. B (PSC stating, in response to Defendants' offer to expedite briefing, that "even if we adjusted the briefing schedule, that would not solve the problem of piecemeal appeals of the same jurisdictional issues"). That is inaccurate. An opening brief to the Fifth Circuit in the personal jurisdiction appeal would not be due for several months, and the Fifth Circuit could easily coordinate simultaneous consideration of the April 21, 2017 Order and the *BMS* Order. *See, e.g., White v. Goodyear Tire*, 96 F.3d 1444, n.4 (5th Cir. 1996) (consolidating appeals of

---

[5] Notwithstanding the PSC's unfounded assertion that Defendants are engaged in "complicat[ion] and delay," Rec. Doc. 20898-1 at 1, Defendants proceeded precisely as they should have. They timely filed a certification request with this Court after the April 21, 2017 jurisdictional order. They appropriately notified the Court of the Supreme Court's intervening decision in *Bristol-Myers Squibb* and its impact on this MDL. And they timely filed their petition for permission to appeal after this Court's certification. Certainly, the PSC cannot suggest that the better approach would have been not to apprise the Court of this intervening Supreme Court authority and its impact on this case until after the Court had expended tremendous time and effort in managing a case in which jurisdiction is absent.

- 7 -

separate orders entered "several months" apart from each other in the same case).  And if the PSC were correct that the issues substantially overlap, the likelihood of the two orders proceeding in tandem on appeal would increase, as the Fifth Circuit could exercise pendent appellate jurisdiction (rather than proceed through the § 1292(b) certification process).[6]

At a minimum, the Court should now expeditiously resolve the *BMS* issue.  With the withdrawal of the § 1292(b) certification order, the parties—and the litigation—have taken a step backward.  Defendants have filed their petition for permission to appeal in the Fifth Circuit and the PSC filed its opposition.  All of that will now have to occur anew.  The Court should minimize any further prejudice to the parties by expeditiously resolving the *BMS* motion and allow them to move forward as soon as possible with final resolution of the critical issues set forth in their petition for permission to appeal.

## IV. CONCLUSION

For the foregoing reasons, Defendants object to the Court's decision vacating its § 1292(b) certification order and request that the Court expeditiously resolve the *BMS* motion so that this litigation may efficiently move forward towards final resolution.

---

[6] *See, e.g., Thornton v. General Motors Corp.*, 136 F.3d 450, 453-54 (5th Cir. 1998) (explaining that pendent appellate jurisdiction is available when an "appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order"); *see also Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 176 (2d Cir. 2009) ("In ruling on a certified question of law, 'we have the discretion to entertain an appeal of another ruling of the district court if the two rulings were 'inextricably intertwined' or if 'review of the [latter] decision was necessary to ensure meaningful review of the former'").

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105<br>Tel:  415-773-5700<br>Email:   cvejnoska@orrick.com | Ewell E. Eagan, Jr. (LA Bar No. 5239)<br>Donna Phillips Currault (LA Bar No. 19533)<br>GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC<br>201 St. Charles Avenue, 40th Floor<br>New Orleans, LA 70170-4000<br>Tel: (504) 582-1111<br>Email: eeagan@gordonarata.com<br>           dcurrault@gordonarata.com |
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>Tel:   212-506-5000<br>Email:  jstengel@orrick.com<br>            xiangwang@orrick.com | Eric A. Shumsky (D.C. Bar No. 477926)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Columbia Center<br>1152 15th Street NW<br>Washington, D.C. 20005<br>Tel: 202-339-8400<br>Email: eshumsky@orrick.com |

*Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*

Harry Rosenberg
LA Bar No. 11465
Phelps Dunbar LLP
365 Canal St., Suite 2000
New Orleans, LA  70130
Phone:  (504) 566-1311
Fax:  (504) 568-9130
Harry.Rosenberg@Phelps.com

*Counsel for BNBM (Group) Co. Ltd. and BNBM PLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing OBJECTION TO THE COURT'S ORDER VACATING ITS § 1292(b) CERTIFICATION, AND REQUEST FOR EXPEDITED RESOLUTION OF BMS MOTION has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on September 5, 2017.

              /s/ L. Christopher Vejnoska
              L. Christopher Vejnoska (CA Bar No. 96082)
              ORRICK, HERRINGTON & SUTCLIFFE LLP
              The Orrick Building
              405 Howard Street
              San Francisco, CA  94105
              Tel:  415-773-5700
              Fax: 415-773-5759
              Email: cvejnoska@orrick.com

              *Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*