# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO DEFENDANTS' OBJECTION TO THE COURT'S ORDER VACATING ITS § 1292(b) CERTIFICATION, AND REQUEST FOR EXPEDITED RESOLUTION OF *BMS* MOTION

Defendants have filed a curious "objection"[1] to this Court's Order vacating the Court's prior certification of its Order adjudicating Defendants' jurisdictional motions[2] for immediate appeal pursuant to 28 U.S.C. § 1292(b). Even if such an "objection" to a Court order were appropriate under the circumstances or permissible under the Federal Rules of Civil Procedure, which it is not, the sole basis for Defendants' "objection" is moot.[3] On September 1, 2017, the Fifth Circuit Court of Appeals denied outright Defendants' 1292(b) Petition for Permission to

---

[1] *See* Rec. Doc. 20943.  The Objecting Defendants are CNBM Company, BNBM (Group) Co. Ltd. and BNBM PLC (collectively, "Defendants").

[2] Rec. Doc. 20739 ("Jurisdiction Order").

[3] It is unclear whether Defendants are attempting to have the Court "reconsider" its ruling but terming it an "objection" because they cannot meet the governing standards for a motion to reconsider, or whether they simply want the Court to be clear that they do not agree with the outcome of the motion to vacate.  Either way, this "objection" is moot as set forth herein.

1

Appeal the Court's Jurisdiction Order.[4]  Given that denial by the appellate court, any objections that Defendants have regarding the Court's August 21, 2017 Jurisdiction Order or the Court's Order vacating its 1292(b) Order are irrelevant.

In a 13-page rambling filing that resembles a rant more than a legal argument, Defendants make no concrete request for relief other than vaguely urging the Court for expedited resolution of their Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*[5] ("*BMS*"),[6] filed in support of Defendants' jurisdictional motions and motion for decertification, which have already been ruled upon.[7]  Given the briefing schedule established by this Court[8] and the fact that oral argument on the supplemental motion has been set for October 12, 2017, it is unclear how much more the resolution of that motion could be expedited, and in any event, Defendants do not propose or offer any specific accelerated timetable.

---

[4] There is nothing to indicate that the Fifth Circuit denied the Petition in light of the *BMS* briefing before this Court.  Therefore, any opportunity to seek interlocutory review of the Jurisdiction Order has now passed.  If, and when, this Court is presented with a 1292(b) motion based on the Court's ruling on Defendants' Supplemental Motion on Jurisdiction the appropriateness of an immediate appeal of the *BMS* decision only may be argued by the parties.

[5] 137 S. Ct. 1773 (2017).

[6] Rec. Doc. 20882 ("Supplemental Motion on Jurisdiction").

[7] *See* Rec. Doc. 20739; Rec. Doc. 20740.  Not only did this Court deny Defendants' motion for decertification, but the Court also denied their 1292(b) motion to certify that Order for interlocutory appeal, finding that "in light of the complex nature of this case and extensive history of the litigation, a class action is the superior mechanism for resolving these claims."  Order & Reasons at 13 [Rec. Doc. 20910].

[8] The Plaintiffs' Steering Committee ("PSC") responded to Defendants' Supplemental Motion on Jurisdiction on August 30, 2017 (in advance of the deadline), Defendants are permitted to submit a reply brief on or before September 19th, and the Court has ordered supplemental briefing by September 29th, in light of the Fifth Circuit's decision in *In re Depuy Orthopaedics, Inc.*, 2017 WL 3768923 (5th Cir. Aug. 31, 2017) [Rec. Doc. 20942].

This begs the question as to why Defendants have filed an "objection" and request for expedited consideration in the first place.  One reason appears to be Defendants' desire to cast aspersions on Plaintiffs' counsel in order to distract from the fact that they have time and again sought to avoid having this case determined on the merits, by engaging in questionable behavior.[9] In addition, Defendants have used this filing as an opportunity to refocus their *BMS* motion to reargue a previously decided issue by requesting that this Court dismiss out-of-state Plaintiffs from all Omni actions despite the fact that *Amorin* is a certified class action, despite the fact that Defendants' motion to decertify that class was denied, and despite the fact that Defendants' motion to certify the denial of their decertification motion for immediate appeal was also denied.  With regard to the *Brooke* Plaintiffs, who are not part of the *Amorin* class, jurisdiction is established pursuant to CAFA, and as the PSC has demonstrated, *BMS* has no effect on their claims.[10]  In any event, the PSC already suggested in its End Game Proposal[11] that, at the appropriate time, the *Brooke* cases will be remanded in accordance with MDL rules and procedures.  Similarly, during the briefing and oral argument of Taishan's jurisdictional motions in *Germano*, *Mitchell*, *Gross* and *Wiltz*, the PSC argued, in response to Defendants' contention that the "arise-from" requirement was not met, that non-resident Plaintiffs' claims in those actions may be severed and transferred

---

[9] To counter every assertion made by Defendants with respect to Plaintiffs' alleged "delay" or the timeline for adjudication of Defendants' Supplemental Motion on Jurisdiction would be unnecessarily time-consuming.  Suffice to say, Plaintiffs sought Defendants' agreement to withdraw their appeal while the related *BMS* issues were being determined in this Court, and when Defendants refused to agree, Plaintiffs filed the motion to vacate.  The urgency of that motion was not dictated by Plaintiffs but by appellate procedure and jurisdictional rules.

[10] *See* Rec. Doc. 20935.

[11] Rec. Doc. 20913.

at the appropriate time.  This Court approved of that plan, and the Court's jurisdictional rulings were upheld on appeal.  *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 858, 889, 902 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) & 753 F.3d 521 (5th Cir. 2014).

In their "objection," Defendants now appear to be running away from the remaining bold statements regarding *BMS* they previously made, and the very fact that they themselves styled their motion as a *Supplemental* Motion on Jurisdiction.[12]  Nonetheless, Defendants suggest that "it is possible that this Court, like multiple other courts over the past several months, simply will follow *Bristol-Myers Squibb*, dismiss nonresident plaintiffs from nationwide class actions filed in federal court, and conclude that such dismissals are not debatable and so not certifiable under § 1292(b)." Defts' Obj. at 4, citing *Oliver v. Ethicon*, No. 12-cv-6950, 2017 WL 3193652 (S.D. W.Va. July 27, 2017); *Jordan v. Bayer Corp.*, No. 17-cv-865, 2017 WL 3006993 (E.D. Mo. July 14, 2017); *Ergon Oil Purchasing, Inc. v. Canal Barge Co., Inc.*, No. 16-cv-5884, 2017 WL 2730853 (E.D. La. June 26, 2017).  In so doing, Defendants once again blatantly misrepresent *BMS* and subsequent decisions that have cited *BMS*.

First, like *BMS* itself, none of the cases cited by Defendants – *Oliver*, *Jordan* or *Ergon Oil* – are class actions.  In addition, the plaintiffs in *Oliver*, *Jordan* and *Ergon Oil* never sought certification under §1292(b), so it is not possible that those courts concluded that the dismissals of

---

[12] It seems as though Defendants now concede that *BMS* has no impact on agency.  Defs.' Obj. at 4.  In addition, Defendants assert in their "objection" that "[t]his Court fully resolved Defendants' personal jurisdiction arguments" even though they filed their motion as a Supplemental Motion on Jurisdiction and *BMS* is quite indisputably a specific personal jurisdiction case so its claimed relevance on a non-jurisdictional matter is unconvincing.

plaintiffs are "not debatable" or "certifiable."[13]  Defendants' statement, intended to urge the Court to follow in these trailblazing courts' footsteps, is false in every respect.

More importantly, Defendants' mischaracterization of these cases obscures the larger point that this Court should not rely on decisions where the scope and application of the *BMS* opinion was not argued, briefed and analyzed, as it is well-settled that such decisions do not constitute precedential or persuasive authority.  *See Legal Services Corp. v. Velazquez*, 531 U.S. 533, 557 (2001) (Scalia, J., dissenting) ("Judicial decisions do not stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed."); *see also Lowe v. Raemisch*, 864 F.3d 1205, 1209-10 (5th Cir. 2017) (decisions not precedential if issue was not argued or was ignored by the court); *United Brotherhood of Carpenters and Joiners Local Union 953 v. Mar-Len of Louisiana, Inc*., 906 F.2d 200, 203 n.2 (5th Cir.1990) (declining to address issue that had not been briefed and stating "[t]his analysis involves close, complex issues that we think should not be addressed in the absence of briefing and argument.").  *Oliver*, *Jordan* and *Ergon Oil* illustrate precisely why such cases are not persuasive.  Even though the opinions offer a citation to *BMS* for basic jurisdictional principles, neither the *Oliver* nor *Ergon Oil* decision contains any analysis of *BMS*.[14]  And that is no surprise because the briefing on the jurisdictional motions in both cases was completed *prior* to the Supreme Court ruling in *BMS*, and, therefore, none of the parties in

---

[13] *See* Docket (as of 9/11/17), No. 12-cv-6950 (S.D. W.Va.) (*Oliver*) (attached hereto as Ex. "A"); Docket (as of 9/11/17), No. 17-cv-865 (E.D. Mo.) (*Jordan*) (attached hereto as Ex. "B"); Docket (as of 9/11/17), No. 16-cv-5884 (E.D. La.) (*Ergon Oil*) (attached hereto as Ex. "C").

[14] *See Oliver*, 2017 WL 3193652, at *2; *Ergon Oil*, 2017 WL 2730853, at *2, 5.

those cases had addressed any aspect of *BMS* in their briefing.[15]  As such, it is hardly enlightening

on the issues before this Court.

Reliance on the *Jordan* decision is similarly flawed yet highlights an additional concern

when blindly citing decisions where courts have not performed the requisite analysis or addressed

issues that have been fully briefed and argued.  Again, in *Jordan*, as was the case in *Oliver* and

*Ergon Oil*, briefing on the jurisdictional motions in that case was completed *prior* to *BMS* being

decided.[16]   However, in *Jordan*, the parties filed papers addressing *BMS* as supplemental

authority.[17]  The court relied on *BMS* and found that the requisite connection between the forum

and the specific claims at issue was lacking but did not discuss or analyze the scope of *BMS* in any

way.[18]  That decision is currently the subject of a motion for reconsideration and the court is also

considering a motion to allow jurisdictional discovery.[19]

The *Jordan* court's failure to analyze *BMS* is notable and predictable based upon the

procedural posture of the case.  *Jordan* was originally filed in state court but was removed to

federal court as arguably a "mass action" under CAFA.[20]  Plaintiffs sought remand back to state

court at the same time that defendants were seeking to have the action dismissed on jurisdictional

---

[15] *See Docket* (Ex. "A"), No. 12-cv-6950 (S.D. W.Va.) (Rec. Doc. 35, 44, and 45, showing briefing on jurisdictional motion completed by June 7, 2017); Docket (Ex. "C"), No. 16-cv-5884 (E.D. La.) (Rec. Doc. 13, 18, and 22, showing briefing on jurisdictional motion completed by December 22, 2016).

[16] *See* Docket (Ex. "B"), No. 17-cv-865 (E.D. Mo.) (Rec. Doc. 4, 17 and 20, showing briefing on jurisdictional motion completed by March 23, 2017).

[17] *See id.* (Rec. Doc. 37 and 38).

[18] *Jordan*, 2017 WL 3006993, at *4.

[19] *See* Docket (Ex. "B"), No. 17-cv-865 (E.D. Mo.) (Rec. Doc. 41 and 45).

[20] *Jordan*, 2017 WL 3006993, at *1.

grounds.[21]  Because plaintiffs were seeking to have the case remanded to state court as a state court action, ***they did not argue any issues related to the federal court/state court distinction or even mention "interstate federalism,"*** the very basis of the *BMS* opinion, but instead focused on facts related to the defendants' connection to the forum state.[22]  The court's determination that those facts did not support jurisdiction is vastly different than the court analyzing the impact of *BMS*.

As time passes and additional motions are decided, Defendants may be able to point to a decision from another district court that has found personal jurisdiction lacking while citing *BMS* for basic jurisdictional principles and attempt to amplify its significance and applicability to this case.  Until there is reason to suggest *BMS*'s applicability here, however, the mere intonation of "*BMS*" within a judicial opinion provides no basis for this Court to revisit its sound jurisdictional ruling.  Even after another court provides some analysis, however, these efforts must be carefully scrutinized for the reasons discussed above and illustrated by *Oliver*, *Jordan* and *Ergon Oil*.

At bottom, these Defendants refused to participate in these proceedings in earnest for more than five years.  They entered the litigation on the day the class damages hearing was scheduled to begin, only after a Contempt Order and Injunction were entered and the *Amorin* class was certified.  Now, they seek to rush this Court to adjudicate their Supplemental Motion on Jurisdiction, which was filed in support of their prior jurisdictional motions, which were granted in part and denied in part.  Because the Fifth Circuit has denied Defendants' Petition for interlocutory appeal of this Court's Jurisdiction Order, there is nothing to adjudicate with regard to Defendants' original motions to dismiss for lack of jurisdiction.  And because this Court has

---

[21] *Id*.

[22] *See* Docket (Ex. "B"), No. 17-cv-865 (E.D. Mo.) (Rec. Doc. 38).

denied Defendants' 1292(b) motion on decertification, reaffirming that "a class action is the superior mechanism for resolving these claims," there is nothing to adjudicate on that matter either. The Supreme Court's ruling in *BMS* does not impact these proceedings in any way.  The *Amorin* class Plaintiffs' claims for remediation damages, which have been pending for years, should proceed to judgment promptly, according to the process set forth in this Court's Class Damages Order dated April 21, 2017.[23]  The current schedule is sufficiently expeditious.

Dated:   September 11, 2017          Respectfully submitted,

/s/ Russ M. Herman
Russ M. Herman (LA Bar No. 6819) (on the Brief)
Leonard A. Davis (LA Bar No. 14190) (on the Brief)
Stephen J. Herman (LA Bar No. 23129) (on the Brief)
Robert S. Peck (on the Brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA  70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfirm.com

*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the Brief)
Fred S. Longer (on the Brief)
Sandra L. Duggan (on the Brief)
Keith J. Verrier (on the Brief)
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com

*Plaintiffs' Lead Counsel MDL 2047*

---

[23] Rec. Doc. 20741.

8

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Peter Prieto
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Robert Becnel
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
rbecnel@becnellaw.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Ste. 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
 Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Christopher Seeger
Seeger Weiss, LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W, Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 11th day of September, 2017.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*

11