UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION "L" |
| | JUDGE FALLON |
| | MAG. WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE COURT'S ORDER AND REASONS (R. DOC. 20933)**

**MAY IT PLEASE THE COURT:**

**DANIEL AND AMY CARTER** (hereinafter "Mr. and Mrs. Carter") respectfully submit the following Memorandum in Support of Motion to Reconsider the Court's Order and Reasons (R. Doc. 20933). Mr. and Mrs. Carter respectfully move this Honorable Court for an Order granting their Motion to Reconsider the Court's Order and Reasons (R. Doc. 20933) and setting the matter regarding their Already Remediated Property claim for a hearing with oral argument and testimony, for the reasons more fully set forth below:

**INTRODUCTION**

This matter came to mediation on February 15, 2017 before Special Master Daniel J. Balhoff ("Special Master") regarding Mr. and Mrs. Carter's Already Remediated Property ("ARH") claim for 261 W. Robert E. Lee, New Orleans, Louisiana 70124 in the above captioned matter. On February 10, 2017, Mr. and Mrs. Carter submitted their position paper and exhibits. On that same date, Knauf submitted its position paper and exhibits. During the mediation, Mr. and Mrs. Carter offered and introduced two additional exhibits, which were marked as Exhibit "N" and Exhibit "O". On March 31, 2017, Knauf submitted a Supplemental Position Paper and

Supplemental Exhibit 1.  On April 4, 2017, Knauf submitted an additional supplemental exhibit.  On April 5, 2017, Mr. and Mrs. Carter's Response to Knauf's Supplemental Position Paper was submitted.  The above submissions comprise the record before the Special Master when he rendered his Opinion and Decree.[1]

On April 27, 2017, the Special Master rendered an Opinion and Decree, attached as Exhibit "A" to Mr. and Mrs. Carter's Objection to Special Master's Opinion and Decree (R. Doc. 20764), which found:  (1) in favor of Knauf and against Mr. and Mrs. Carter; and (2) that the failure to preserve evidence was prejudicial.

On May 12, 2017, Mr. and Mrs. Carter filed an Objection to Special Master's Opinion and Decree (R. Doc. 20764).  In this Objection, Mr. and Mrs. Carter, among other things, respectfully moved that this Honorable Court set the matter for a hearing with oral argument and testimony.  On July 25, 2017, Knauf filed a Memorandum in Opposition to Claimants' Daniel and Amy Carter's Objection to Special Master's Opinion and Decree (R. Doc. 20874).  On August 28, 2017, this Honorable Court issued its Order & Reasons (R. Doc. 20933) which ordered "that Plaintiffs' Objections to the Special Master's Opinion and Decree, R. Doc. 20764, are hereby **OVERRULED**."

## LAW AND ARGUMENT

According to this Honorable Court in *Michelle Collins, Individually and as Personal Representative of the Estate of Michael Collins v. A.B.C. Marine Towing, L.L.C. and Board of Commissioners Port of New Orleans*, 2015 WL 9257862 (E.D.La. 12/18/15) at *3,

> Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton*

---

[1] The record and briefing submitted to the Special Master before the Special Master rendered his April 27, 2017 Opinion and Decree was attached as Exhibit "B" to the Objection to Special Master's Opinion and Decree (R. Doc. 20764).

2

> *Plaintiffs v. Williams Plaintifs,* 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. *See* Fed.R.Civ.P. 59(e).  Because Defendants' Motion was filed within 28 days of entry of the Order and Reasons it challenges, the Court treats the Motion as one pursuant to Rule 59(e).
>
> A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir.2004) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 1667, 174 (5th Cir.1990); *Templet,* 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.' "*Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325  (5th Cir.2004) (quoting *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir .2004))…District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir.1995)…

As stated above, on May 12, 2017, Mr. and Mrs. Carter filed an Objection to Special Master's Opinion and Decree (R. Doc. 20764) which among other things, respectfully moved that this Honorable Court set the matter for a hearing with oral argument and testimony.  On August 28, 2017, this Honorable Court, "[h]aving read the parties' briefs and reviewed the applicable law" issued its Order & Reasons (R. Doc. 20933) which ordered "that Plaintiffs' Objections to the Special Master's Opinion and Decree, R. Doc. 20764, are hereby **OVERRULED**."

Pursuant to Fed. R. Civ. P. 53 (f) (1),

> "**(1) Opportunity for a Hearing; Action in General.**  In acting on a master's order, report, or recommendations, **the court must give the parties** notice and **an opportunity to be heard**; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." (emphasis added)

For the above reasons, Mr. and Mrs. Carter respectfully request that this Honorable Court grant their Motion to Reconsider the Court's Order and Reasons (R. Doc. 20933) and set this matter

3

for a hearing with oral argument and testimony, so that Mr. and Mrs. Carter can have an opportunity to be heard pursuant to Fed. R. Civ. P. 53 (f) (1) and so that Mr. and Mrs. Carter can explain to this Honorable Court the unique circumstances which exist regarding their ARH claim.

## CONCLUSION

For the reasons stated above, Mr. and Mrs. Carter respectfully submit their Motion to Reconsider the Court's Order and Reasons (R. Doc. 20933) no later than 28 days after the entry of this Honorable Court's August 28, 2017 Order and Reasons (R. Doc. 20933) and respectfully move this Honorable Court for an Order granting their Motion to Reconsider and setting the matter regarding their Already Remediated Property claim for a hearing with oral argument and testimony.

Respectfully submitted:

/s/ Joseph M. Bruno
Joseph M. Bruno, (LA Bar No. 3604)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana  70113
Telephone:  (504) 525-1335
Facsimile:   (504) 561-6775

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email and upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using

the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 13th day of September, 2017.

/s/ Joseph M. Bruno