UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 | |
| DRYWALL PRODUCTS | * | | |
| LIABILITY LITIGATION | * | SECTION L | |
| | * | | |
| | * | JUDGE FALLON | |
| | * | | |
| | * | MAGISTRATE JUDGE WILKINSON | |
| | * | | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO  DANIEL AND AMY CARTER'S
MOTION TO RECONSIDER THE COURT'S ORDER AND REASONS (R. DOC. 20951)**

**NOW COME** the Knauf Defendants,[1] who file this Memorandum in Opposition to Daniel and Amy Carter's Motion to Reconsider (R.  Doc. 20951).  *First*, Daniel and Amy Carter ("Claimants") have submitted no grounds for why the Court should reconsider its prior ruling (R. Doc. 20933), except for Claimants' argument that the Court should have allowed Claimants a hearing.  *Second*, the Court's overruling of Claimants' objection to the Special Master's decision without a hearing was appropriate and consistent with the terms of the Knauf Class Settlement Agreement as conceded by Claimants in their objection to this Court.

## I.   BACKGROUND

Claimants owned Affected Property located at 261 W. Robert E. Lee Boulevard, New Orleans, LA 70124  (the "Property").  Claimants self-remediated the Property between February and April 2010.[2] Claimants later filed claims against the Knauf Defendants and subsequently became class members to the Knauf Class Settlement Agreement.  Claimants did not opt out of

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.
[2] Claimants' Objection to Special Master Decree at p. 2 (Rec. Doc. 20764).

the Knauf Class Settlement Agreement and sought benefits, including benefits under the Already Remediated Properties Protocol. Following settlement discussions/proposals and an unsuccessful mediation before the Special Master, the Special Master disallowed the claim and determined that the Claimants failed to comply with PTO 1(B) and that the Knauf Defendants were prejudiced in a determination of the claim.[3]   Claimants then filed an objection to the Special Master's opinion and decree pursuant to Section 4.2.9 of the Knauf Class Settlement Agreement.[4] This Court reviewed the record and briefing before the Special Master, the objection of Claimants, and the Knauf Defendants' opposition before overruling the objection on August 28, 2017.[5]   The Court's ruling made the decision final, binding, and non-appealable.[6]   Claimants have now sought reconsideration of the Court's ruling because the Court did not allow Claimants an evidentiary hearing prior to overruling the objection.[7]

## II.  LAW & ARGUMENT

a.      Standard for Motion for Reconsideration under Rule 59(e)

A motion to alter or amend a judgment filed pursuant to Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392 (E.D. La. 2016) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)).  A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in

---

[3] Special Master Opinion and Decree (Rec. Doc. 20764-1).
[4] Claimants' Objection to Special Master Decree at p. 2 (Rec. Doc. 20764).
[5] Order and Reasons (R. Doc. 20933).
[6] Knauf Class Settlement Agreement at § 4.2.9 (R. Doc. 20764).
[7] Motion for Reconsideration (R. Doc. 20951).

the controlling law." *Id*. (citing *Jupiter v. BellSouth Telecomms., Inc*., No. 99–0628, 1999 WL

796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)).

        b.        <u>The Motion is Based Solely on the Court's Ruling without a Hearing</u>

In the present motion, Claimants have not alleged any new evidence, manifest injustice or

an intervening change in controlling law.[8]  Instead, Claimants' sole basis for reconsideration is an

alleged manifest error of law because this Court overruled the objection without a hearing.[9]

Therefore, the only matter for the Court to review in determining whether reconsideration is

appropriate is whether it was manifest error to overrule the Claimants' objection without

allowing Claimants' an evidentiary hearing.

        c.        <u>The Court's Overruling  of Claimants' Objection was based on the Briefing and Record before the Special Master and was Appropriate under the Knauf Class Settlement Agreement.</u>

Claimants' citation and grounds for reversal under Fed. R. Civ. P 53(f)(1) are irrelevant

because Claimants' objection to the Special Master's decision and the Court's scope of review of

Special Master decisions are controlled by the Knauf Class Settlement Agreement, and not Rule

53.    Pursuant to the Knauf Class Settlement Agreement, unless otherwise final and binding,

decisions of the Special Master with respect to the Remediation Fund may be appealed by

Settlement Class Counsel, the Knauf Defendants or an affected Class Member within 15 days of

service of the Special Master's decision by filing an objection with the Court.[10] "***Unless the***

***Court orders otherwise***, ***appeals will be based on the record and briefing before the Special***

---

[8] Claimants' Motion for Reconsideration at pp. 1-3 (R. Doc. 20951-1).
[9] *Id*. at 3.
[10] Knauf Class Settlement Agreement at § 4.2.9 (R. Doc. 20764).

*Master without further evidentiary submissions, briefing or argument*."[11]  The Court's decision on any objections will be final, with no further appeals permitted.[12]

Here, Claimants are class members to the Knauf Class Settlement Agreement.  As class members that did not opt out, Claimants are bound by the terms, requirements, and rules of the agreement.  Pursuant to the Knauf Class Settlement Agreement, Claimants and the Knauf Defendants submitted evidence and briefing to the Special Master.  The Special Master conducted proceedings and permitted both parties to submit additional evidence into the record in support of their respective positions.  Based on the briefing and evidence submitted by the parties, the Special Master rendered a decision denying the claim.

As set forth by the Claimants themselves in their own objection to the Special Master's decision, pursuant to Section 4.2.9 of the Knauf Class Settlement Agreement, Claimants may object to the Special Master's decision by appealing to this Court, but the appeal will be based on the record and briefing before the Special Master without further evidentiary submissions, *unless the Court orders otherwise*.[13]  Here, the Court had the benefit of the full record of the proceedings before the Special Master and correctly and appropriately overruled the Claimants' objection without an evidentiary hearing. The decision to overrule the objection without a hearing was solely within the discretion of this Court under the terms of the Knauf Class Settlement Agreement.  Therefore, Claimants' motion for reconsideration is meritless.

---

[11] *Id*. (emphasis added).

[12] *Id*.

[13] Claimants' Objection to Special Master Decision and Decree (R. Doc. 20764 at p. 3) (stating that counsel for Claimants was mindful of the scope of the Court's appellate review of Special Master decisions and conceding that Claimants' objection to this Court would be based on the record and briefing before the Special Master unless otherwise ordered by this Court).

### III.   CONCLUSION

Claimants' only basis for seeking reconsideration is the Court's decision to overrule the objection without allowing an evidentiary hearing.  The Court's overruling of the objection based on the record and briefing before the Special Master without an additional hearing was correct, appropriate, and consistent with the terms of the Knauf Class Settlement Agreement.  Therefore, the motion for reconsideration should be denied.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:   (504) 566-8646
Facsimile:   (504) 585-6946
Email:          kjmiller@bakerdonelson.com
***Counsel for the Knauf Defendants***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 21st day of September 2017.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

5