UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL 2047 SECTION L |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * * * | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION TO EXTINGUISH THE KNAUF DEFENDANTS'
SETTLEMENT OBLIGATIONS FOR CERTAIN REMEDIATION CLAIMS**

The Knauf Defendants[1] file this Memorandum in Support of their Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims. Here, the Knauf Defendants seek to extinguish three (3) Remediation Claims. The Court should extinguish the Knauf Defendants' settlement obligations for the three claimants identified in Exhibit A because those claimants have failed to comply with the terms and requirements of the Knauf Class Settlement Agreement.[2]

### I. BACKGROUND

On February 7, 2013, the Court granted final approval to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("KCSA") [Doc. No.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 and subsequent Amendments to the agreement were filed with the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 being the final and controlling agreement.

16570]. For KPT Property Owners that had not yet remediated their properties, the KCSA provided a cash-out option ("Option 3") whereby KPT Property Owners selecting this option would receive a cash payment in lieu of a remediation of the Affected Property. To qualify for this Option 3, KPT Property Owners must (1) not have a mortgage or other lien on the Property or provide a release by the Mortgagee or Lienholder to the Knauf Defendants; (2) record in the local property clerk's office the presence of reactive Chinese drywall; (3) covenant to inform subsequent purchasers of the presence of Chinese drywall, and (4) execute an agreement releasing, and indemnifying the Knauf Defendants and other released parties for claims asserted by subsequent purchasers arising from Chinese drywall [Doc. No. 16407-3 at § 4.3.3].

Exhibit A to this Memorandum is a list of three (3) Option 3 claimants that were registered with the Settlement Administrator for which required information under the Knauf Class Settlement Agreement was not submitted for over four years.

## II.     LAW AND ARGUMENT

### A.     *The Court Should Extinguish the Knauf Defendants' Settlement Obligations as to Claimants Identified in Exhibit A.*

The Court should extinguish the Knauf Defendants' settlement obligations for the claimants identified in Exhibit A because those claimants have failed to comply with the KCSA. Specifically, claimants identified in Exhibit A have been pending the program since 2013, have been deficient since 2014, and, to date, have still failed to submit the required Option 3 documents [Doc. No. 16407-3 at § 4.3.3]. These claims have been outstanding for years and claimants have failed to submit the required documentation despite multiple reminders and requests from the Settlement Administrator.[3] Without resolving or extinguishing these claims, the Knauf Defendants are unable to close the Settlement Program and the Settlement

---

[3] The Settlement Administrator has indicated that it is requested that claimants submit the required Option 3 documents over twenty (20) times over the course of four years.

Administrator will be unable to complete its administration of the KCSA or the Global, Banner, and InEx Settlements. Therefore, the Knauf Defendants respectfully request that the Court extinguish the settlement obligations of the Knauf Defendants to these three claims.

### III. CONCLUSION

For the foregoing reasons, the Court should extinguish the Knauf Defendants' settlement obligations for the claims identified in Exhibit A because those claimants have failed to comply with the Knauf Class Settlement Agreement.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562) T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:   504.566.8646
Facsimile:   504.585.6946
Email:   kjmiller@bakerdonelson.com

*Counsel for the Knauf Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 26th day of September 2017.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**
