IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

**SUPPLEMENTAL BRIEF[1] IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION FOLLOWING
*BRISTOL-MYERS SQUIBB V. SUPERIOR COURT***

The U.S. Supreme Court's *Bristol-Myers* decision shined a bright light on the fatal jurisdictional deficiencies of the PSC's multi-state class claims. The Fifth Circuit's recent holding in a hip-implant MDL, *In re DePuy Orthopaedics, Inc.*, --- F.3d ---, 2017 WL 3768923, at *4 (5th Cir. Aug. 31, 2017), confirms that a failure to correct the PSC's unconstitutional course will result in "grave error." In each Omni complaint, this Court lacks specific jurisdiction over the claims of plaintiffs whose properties are not located in the state in which the PSC filed the particular complaint ("nonresident claimants"). *DePuy* shows that the federal MDL status here is irrelevant to the jurisdictional issues and does not preclude the required dismissals. Moreover, *DePuy* confirms that, after those jurisdictional dismissals, the mandatory path for claim adjudication in this MDL is remand of each remaining claim—before judgment—to the forum "sitting in the state where the case originated." *Id.* at *2. In light of the Fifth Circuit's guidance in *DePuy*, Taishan respectfully requests that the Court grant the Defendants' motion to dismiss.

---

[1] Supplemental briefing was ordered by the Court's September 5, 2017 Order. Rec. Doc. 20942.

## I.   CASE BACKGROUND

### A.   The District Court's Treatment of Specific Jurisdiction

*DePuy* addressed a mandamus petition from the *Pinnacle Hip Implant Products Liability MDL* ("Hip Implant MDL") in the Northern District of Texas. The Hip Implant MDL was formed in May 2011 and now contains more than 9,300 individual-claimant cases alleging that the defendants manufactured and sold defective hip implants, which caused serious complications for patients. Between 2014 and 2017, the district court conducted three bellwether trials, the results of which are on appeal to the Fifth Circuit.

A fourth bellwether trial was set to occur on September 5, 2017, to hear the claims of ten New York plaintiffs.[2] *In re DePuy*, 2017 WL 3768923, at *3. Defendants moved to dismiss on personal jurisdiction grounds, arguing that the MDL court did not have general or specific personal jurisdiction over them in Texas. *Id.* Defendants also asserted that it was improper for the MDL court to have trial proceedings in the absence of a *Lexecon* waiver by defendants. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). The district court rejected those arguments, ruling that, as an MDL court, it had nationwide personal jurisdiction over the defendants to conduct pretrial proceedings in all cases transferred to the MDL and all cases direct-filed into the MDL, and finding the defendants had waived venue and personal jurisdiction objections for all cases in the MDL. *In re DePuy*, 2017 WL 3768923, at *3.

### B.   Petition for Writ of Mandamus

The defendants filed a petition for a writ of mandamus showing that (1) the district court had improperly expanded a limited waiver for the first two bellwether trials into a global waiver

---

[2] Eight of the ten claims were direct-filed into the Northern District of Texas under the MDL's direct-file order, and the other two were filed in New Jersey and New York district courts.

of all personal jurisdiction and venue objections, and that (2) absent the erroneous waiver, the MDL court did not have jurisdiction to hear the bellwether trial.

### C. The Fifth Circuit's Ruling

In a published opinion, two different majorities of the three-judge panel reached two respective holdings:

- The district court committed "serious error" by imposing a global waiver of the defendants' personal-jurisdiction objections. *In re DePuy*, 2017 WL 3768923, at at *1 (Judge Smith and Judge Jones);

- The appellate court should nevertheless decline to issue a mandamus writ because the defendants had an adequate means for relief by direct appeal of the bellwether verdict. *See id.* at *6 (Judge Smith and Judge Costa).

Despite the writ denial, the Smith/Jones majority requested the district court to vacate its waiver ruling and to withdraw the order for the fourth bellwether trial. *Id.* at *1.

Judge Jones issued a separate opinion explicating her majority's finding of "grave error" on the personal jurisdictional issues. Judge Jones explained that the district court's assertion of jurisdiction over the defendants was "wholly at odds with its Constitutional and statutory limitations." *Id.* at *4.

The plaintiffs' subsequent request for en banc review was denied on September 19, 2017.

## II. ANALYSIS

The Fifth Circuit's *DePuy* decision confirms two bedrock principles that compel this Court to grant Defendants' motion to dismiss. ***First***, consistent with *Bristol-Myers*, an MDL court cannot expand its jurisdiction to cover thousands of claims originating from multiple states—even if those claims arise from the same allegedly defective product. ***Second***, an MDL court has no jurisdiction over trial proceedings, but must remand claims to originating courts after pretrial proceedings are complete. Both principles drove the majority opinion that the *DePuy* district court's jurisdictional

3

overreach was "serious error," "grave error," and "patently erroneous." *In re DePuy*, 2017 WL 3768923, at \*\*1, 4, 5.

### A. Bedrock Constitutional Principles Limit an MDL Court's Specific Jurisdiction

*DePuy* confirms that the specific-jurisdiction principles applied by the Supreme Court in *Bristol-Myers* also apply in the Chinese Drywall MDL. After *DePuy*, this Court must reject the PSC's attempts to isolate this MDL from the constitutional jurisdictional constraints applied in *Bristol-Myers*—constraints that this Court recognized five years ago. *See In re Chinese Manuf. Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012). Although *DePuy* did not explicitly cite *Bristol-Myers*, the same principles informed the majority holding that an MDL court's jurisdiction over nationwide claims is neither obvious nor implied.[3] Voicing the majority's rationale, Judge Jones opined that:

> [T]he Northern District [of Texas] had no claim to personal jurisdiction over the cases: none of the plaintiffs' surgeries occurred in Texas; the plaintiffs aren't Texas residents; and neither general nor specific jurisdiction exists over the [defendants] for purposes of these disputes.

*In re DePuy*, 2017 WL 3768923, at \*8 (Jones, J., concurring and dissenting). That directly echoes the Supreme Court's rejection of jurisdictional overreach in *Bristol-Myers*:

> [T]he nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California.

*Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, 137 S. Ct. 1773, 1781 (2017). The Supreme Court held:

---

[3] Although Judge Jones did refer obliquely to "new or evolving legal issues" that she thought could justify mandamus relief. *In re DePuy*, 2017 WL 3768923, at \*10 (Jones, J., concurring and dissenting).

4

> The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.

*Id.* That same principle was obviously at play in the Fifth Circuit's assessment of jurisdictional issues in a similar medical-product litigation involving cases from all over the country.

*DePuy* thus reinforces in a federal MDL setting the constitutional principles applied in a state-court setting in *Bristol-Myers*: each plaintiff must establish the court's specific jurisdiction on a claim-specific basis, and "the 'mere similarity' of the residents' and nonresidents' claims [is] not enough." *Id.* at 1779. By asserting blanket jurisdiction based on "ambiguous" waiver language, the district court committed "grave error." *In re DePuy*, 2017 WL 3768923, at *4. The district court "forced [defendants] to trial over their objections to personal jurisdiction" and "assert[ed] 'reach out and touch someone' power wholly at odds with its Constitutional and statutory limitations." *Id.* at *8 (Jones, J, concurring and dissenting).

In the Chinese Drywall MDL, the PSC is on a collision course with the Constitution by inviting the Court to identically assert an improper "reach out and touch someone" power over thousands of claims from about a dozen states even though the PSC filed its Omni complaints in only three states: Florida, Louisiana, and Virginia.[4] Although certain plaintiff-specific and state-specific jurisdictional analyses were previously performed by this Court and affirmed by the Fifth

---

[4] In recognition of their *Bristol-Myers* problems, the PSC has filed many state-specific new complaints that group claims by the location of the properties. Those new complaints have now been transferred from the various district courts to this MDL Court.

5

Circuit,[5] those decisions have no impact on all of the *other* plaintiffs that remain in (or have subsequently joined) the MDL with *no* jurisdictional nexus.

The Court should reject any attempt by the PSC to evade *DePuy* by focusing narrowly on the procedural context of the district court's waiver ruling. That waiver ruling was a serious and grave error only because the MDL court did not otherwise have personal jurisdiction over the claims. Indeed, the opinion at one point describes the error as "the personal-jurisdiction issue." *Id.* at *5. But Judge Jones' concurrence removes any doubt; she states explicitly that "our panel majority concludes" that "the district court lacked jurisdiction over these direct-filing plaintiffs' cases." *Id.* at *10 (Jones, J., concurring and dissenting).

Similarly, this Court lacks jurisdiction over claims of plaintiffs who show no connection to the forum state. The PSC has made *no* attempt to show otherwise, but instead has attempted to escape the constitutional clutches of *Bristol-Myers* with meaningless distinctions of federal vs. state court, MDL status, and class action. *DePuy* and a daily increasing body of federal decisions (discussed below) gut the PSC's failing arguments. *DePuy* shows that the Fifth Circuit will not hesitate to find "serious" and "grave" error where an MDL court purports to exercise jurisdiction over nonresident claims without a plaintiff-specific, constitutionally sound basis for doing so.

### B. Federal Law Limits This MDL Court's Jurisdiction to Pretrial Proceedings Short of Trial

*DePuy* also exposes the fatal problem with the PSC's plan to have this MDL court enter a single, lump-sum judgment for remediation damages for thousands of plaintiffs with properties

---

[5] *In re Chinese Manuf. Drywall Prod. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014); *In re Chinese Manuf. Drywall Prod. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014); *In re Chinese Manuf. Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012).

6

in 10 different states. The Fifth Circuit begins its *DePuy* analysis with a stark reminder of the limited scope of an MDL court's authority:

> An MDL court can conduct pretrial proceedings but cannot try a case that it would not be able to try without its MDL status. Federal law limits an MDL court's jurisdiction over a transferred case to pretrial proceedings and provides that once those are completed, the MDL court must remand the transferred case to the district from which it was transferred.

*Id.* at *2 (citing 28 U.S.C. § 1407(a)). The statutory mandate for MDL transferee courts to remand cases for final adjudication is so "powerful" that the majority of the panel found the district court's reliance on the defendants' unclear and ambiguous waiver of that provision to be a "clear" abuse of discretion. *Id.* at *4, *5.

That limitation on the scope of MDL authority is not new law; it is elemental to the federal construct of multidistrict litigation. Nearly twenty years ago, the Supreme Court applied § 1407 to prohibit an MDL Court's assignment of certain transferred claims to itself for trial, and relied on "the straightforward language imposing the Panel's responsibility to remand, which bars recognizing any self-assignment power in a transferee court . . . ." *Lexecon*, 523 U.S. at 40. Thus, courts have held:

> Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally ***separate actions***, ***intended to resume their independent status once the pretrial stage of litigation is over.***

*In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011) (emphasis added); *see also In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011) ("Neither should an MDL be managed in a manner that fails to take into account that the cases are destined to be returned to their transferee jurisdictions."). And while the MDL court's power "is at its peak" when managing multidistrict litigation as to "discretionary matters going to the phasing, timing, and coordination of the cases,"

it is on shakier ground "when it comes to motions that can spell the life or death of a case," and therefore must carefully and deliberately exercise its authority. *In re Korean Air Lines*, at 700-701. Hence the Fifth Circuit properly criticized the *DePuy* MDL court for conducting adjudication proceedings—resulting in final judgments—without a "clear and unambiguous" waiver of the court's obligation to remand cases for trial under *Lexecon* and 28 U.S.C. § 1407(a). *In re DePuy*, 2017 WL 3768923, at *4.

This Court has already recognized its obligation to remand claims to states in which the properties are located. *See In re Chinese Manuf. Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 858, 888-89, 902 (E.D. La. 2012).[6] Yet the PSC lawlessly persists in seeking final "verdicts" for *all* plaintiffs—regardless of the state of origination of their claims—by and through this MDL Court. The PSC's End Game Proposal (Rec. Doc. 20913) expresses their desire to ignore the statutory remand requirement and keep thousands of their cases here in this MDL for judgment:

- The PSC's "goal [is] achieving a class-wide remediation damages verdict for 3,000 Plaintiffs." (p. 7, emphasis added);

- "[T]he proceedings will be in a posture for a verdict on remediation class damages." (p. 8);

- "But in no event should any of the claims of the certified *Amorin* class be remanded." (p. 8).

The PSC's no-remand plan stands in direct violation of a federal statute (§ 1407), a Supreme Court decision (*Lexecon*), and a Fifth Circuit decision (*DePuy*).

---

[6] The Smith/Jones majority in *DePuy* explained that an MDL court "must remand" a case transferred by the JPML "to the district court from which it was transferred," and must remand direct-filed cases to "a judicial district sitting in the state where the case originated." 2017 WL 3768923, at *2 (citing *In re Yasmin & Yaz (Drospiroenone) Mktg, Sales Practices & Prod. Liab. Litig.*, No. 3:09-md—02100-DRH-PMF, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011). *In re Yasmin* explained that "state where the case originated" means the state where the product was used. 2011 WL 1375011, at *6.

Although the PSC's End Game proposal criticized the Defendants' efforts to enforce jurisdictional limits with their hackneyed mantra that Defendants "intended to further delay and/or detract from these proceedings" (Rec. Doc. 20913 at 28), the PSC's tiresome posturing echoes that of plaintiffs who lost this battle in another MDL, as highlighted by Judge Jones in *DePuy*. In *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litig.*, the MDL plaintiffs decried a defendant's motion to dismiss for lack of personal jurisdiction as "pointless and clearly a delay tactic." Civ. Action No. H-10-171, 2011 WL 1232342, at *5 (Mar. 31, 2011). But the district court disregarded that grumble, performing the required claim-specific jurisdictional analysis and finding that plaintiffs had not shown specific or general jurisdiction over the defendant. *Id.* at *14. Judge Jones praised *In re Heartland* as a "scholarly opinion," and commended the district court's finding that "it lacked personal jurisdiction over the non-consenting defendant based on Heartland's lack of minimum or relevant contacts with the Southern District of Texas." *In re DePuy*, 2017 WL 3768923, at *8 (Jones, J., concurring and dissenting).

Simply put, an MDL judge cannot adjudicate transferred claims through trial—or "verdict" as the PSC advances. And doing so over extra-jurisdictional claims is doubly fatal: "wholly at odds with [an MDL court's] Constitutional and statutory limitations." *Id.*

### C. Additional Persuasive Federal Decisions Compel the Dismissal of Nonresident Claims.

The *Bristol-Myers* call for constitutionally mandated plaintiff-specific jurisdictional analysis—echoed in *DePuy*—continues to be heard and applied by a growing body of post-*Bristol-Myers* federal district court decisions from around the country. Those decisions show that this MDL court should dismiss the nonresident claimants and should reject the PSC's weak arguments to the contrary.

9

Since Taishan's *Bristol-Myers* reply brief filed just 10 days ago, more district courts have found "no merit" in the "argument that *Bristol-Myers* does not apply to federal courts" given that "federal courts routinely apply the specific jurisdiction analysis to defendants in cases that are before them solely on the basis of diversity." *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, No. 17-cv-00564 NC, 2017 WL 4224723, at *4 (N.D. Cal. Sept. 22, 2017) (citations omitted). The *Fitzhenry-Russell* decision easily rejected class counsel's reliance (like the PSC's here) on the Supreme Court's "federal court" reservation language:

> Fitzhenry-Russell confuses the Supreme Court's leaving the issue of "whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court" open with the Supreme Court affirmatively stating that *Bristol-Myers* necessarily would not apply to federal courts. Because the *Bristol-Myers* fact pattern did not involve a federal court, there was no reason for the Supreme Court to confront that issue.

*Id.* (citing *Bristol-Myers*, 137 S. Ct. at 1783-84). The district court concluded that the *Bristol-Myers* holding absolutely applies to a federal court sitting in diversity because the *Bristol-Myers* "concerns do not disappear because the case is removed, like it was here." *Id.*

Also rejecting the PSC's false state/federal dichotomy are a series of Xarelto decisions from the Southern District of Illinois. The district court there found the application of *Bristol-Myers* to be "straightforward" and dismissed the claims of nonresident claimants who did not allege ingestion or injury in Illinois. *Douthit v. Janssen Research & Dev. LLC*, No. 3:17-cv-00752-DRH, 2017 WL 4224031, at **5-6 (S.D. Ill. Sept. 22 2017). The court found that *Bristol-Myers* was a game-changing decision because it "conclusively established [that] the Due Process Clause prohibits non-Illinois plaintiffs from filing claims against defendants" in Illinois courts. *Id.* at *6. The court used the same *Bristol-Myers* analysis to dismiss nonresident claimants from several

10

other Illinois-filed complaints.[7] Thus, all of those Xarelto cases will be transferred to this Court already shorn of their improper nonresident claimants. This Court should do the same now for the Chinese drywall cases.

Although *DePuy* did not involve a class action, a federal district court in New York recently rejected an attempt—like the PSC's here—to "side-step the due process holdings in *Bristol-Myers* by arguing that the case has no effect on the law in class actions because the case before the Supreme Court was not a class action." *In re Dental Supplies Antitrust Litig.*, Case No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017). The court held that "[t]his argument is flawed. The constitutional arguments of due process does not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case." *Id.* (citing *King Cty. V. IKB Deutsche Industriebank AG*, 769 F. Supp. 2d 309, 315 (S.D.N.Y. 2011)).[8]

Many other federal district courts have dismissed non-forum claims in putative class actions. *See, e.g., Plumbers Local Union No. 690 v. Apotex Corp.*, No. 16-665, 2017 WL 3129147, at *9 (E.D. Pa. July 24, 2017) (holding no personal jurisdiction existed over non-forum-law claims

---

[7] *See Braun v. Janssen Research & Development*, No. 17-CV-00756-DRH, 2017 WL 4224034, at *5 (S.D. Ill. Sept. 22, 2017); *Roland v. Janssen Research & Development*, No. 3:17-CV-00757-DRH, 2017 WL 4224037, at *5 (S.D. Ill. Sept. 22, 2017); *Pirtle v. Janssen Research & Development*, No. 3:17-CV-00755-DRH, 2017 WL 4224036, at *5 (S.D. Ill. Sept. 22, 2017); *Bandy v. Janssen Research & Development*, No. 17-CV-00753-DRH, 2017 WL 4224035, at *5 (S.D. Ill. Sept. 22, 2017).

[8] In *Fitzhenry-Russell*, the court declined to extend *Bristol-Myers* to class actions involving "unnamed plaintiffs." 2017 WL 4224723, at *5. The court distinguished *Bristol-Myers* as "a mass tort action, in which each plaintiff was a named plaintiff." *Id. Bristol-Myers* applies to the Chinese drywall litigation because, although a class has been certified, each class member is a named plaintiff and thus is a party for purposes of specific jurisdiction. Under *Bristol-Myers*, "the mere fact" that the court may have specific jurisdiction for the claims of some named class members "does not allow the [Court] to exercise specific jurisdiction over" the claims of other nonresident named class members. 137 S. Ct. at 1781.

11

asserted "on behalf of putative class members"); *Demedicis v. CVS Health Corp.*, No. 16-5973, 2017 WL 569157, at **4-5 (N.D. Ill. Feb. 13, 2017) (dismissing class claims for "out-of-state plaintiffs" and ruling that request for multi-state class was "inappropriate"), *Demaria v. Nissan North America, Inc.*, No. 15-3321, 2016 WL 374145, at *7 (N.D. Ill. Feb. 1, 2016) (dismissing non-forum claims and permitting class of only in-forum vehicle purchasers).

And of course, *DePuy* itself directly disproves the PSC's argument that the *Bristol-Myers* personal-jurisdiction principles do not apply in MDL actions with CAFA subject-matter jurisdiction.

### III. CONCLUSION

In their current posture, the PSC's claims suffer from the same fatal flaws that the Fifth Circuit identified in *DePuy*: lack of specific jurisdiction for all plaintiffs' claims and expansion of adjudication beyond pretrial proceedings. *DePuy* compels that Defendants' Motions to Dismiss be GRANTED.

Dated: September 29, 2017

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana  70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 29th day of September, 2017.

      /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*