# EXHIBIT "21"

```
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
 2    *******************************************************

 3
      IN RE:  CHINESE-MANUFACTURED        Docket No. 09-MD-2047
 4    DRYWALL PRODUCTS LIABILITY          New Orleans, Louisiana
                                          Wednesday, June 29, 2016
 5

 6    *******************************************************

 7          TRANSCRIPT OF MONTHLY STATUS CONFERENCE PROCEEDINGS
              HEARD BEFORE THE HONORABLE ELDON E. FALLON
 8                   UNITED STATES DISTRICT JUDGE

 9
      APPEARANCES:
10
      FOR THE PLAINTIFF:            HERMAN, HERMAN, KATZ & COTLAR
11                                  BY:  LEONARD DAVIS, ESQ.
                                    820 O'Keefe Avenue
12                                  New Orleans, LA 70130

13                                  LEVIN, FISHBEIN, SEDRAN & BERMAN
                                    BY:  ARNOLD LEVIN, ESQ.
14                                  510 Walnut Street, Suite 500
                                    Philadelphia, PA 19106
15
      FOR THE KNAUF DEFENDANTS:     FRILOT L.L.C.
16                                  BY:  KERRY J. MILER, ESQ.
                                    Energy Centre - Suite 3700
17                                  1100 Poydras Street
                                    New Orleans, LA 70163-3700
18
      FOR THE TAISHAN DEFENDANTS:   PHELPS DUNBAR
19                                  BY:  HARRY ROSENBERG, ESQ.
                                    365 Canal St., Suite 2000
20                                  New Orleans, LA 70130

21    Official Court Reporter:      Karen A. Ibos, CCR, RPR, CRR
                                    500 Poydras Street, Room HB-406
22                                  New Orleans, Louisiana 70130
                                    (504) 589-7776
23
        Proceedings recorded by mechanical stenography, transcript
24    produced by computer.

25
```

<u>P R O C E E D I N G S</u>

(WEDNESDAY, JUNE 29, 2016)

(STATUS CONFERENCE PROCEEDINGS)

1
2
3
4
5   09:02:03     (OPEN COURT.)

6   09:02:03        THE COURT:  Be seated, please.  Good morning, ladies and

7   09:02:05  gentlemen.  Call the case, please.

8   09:02:07        THE DEPUTY CLERK:  MDL:  2047, *in re:  Chinese Drywall.*

9   09:02:12        THE COURT:  Counsel make their appearance for the record,

10  09:02:14  please.

11  09:02:15        MR. LEVIN:  Arnold Levin for the plaintiff's liaison

12  09:02:19  counsel.  Russ Herman is not with us this morning.

13  09:02:22        MR. ROSENBERG:  Good morning, your Honor, Harry Rosenberg,

14  09:02:26  liaison, Tashan, BNBM and CNBM.

15  09:02:31        MR. MILLER:  Kerry Miller for Knauf and the Defense

16  09:02:35  Steering Committee.

17  09:02:35        THE COURT:  This is our monthly status conference.  I met

18  09:02:38  with lead and liaison counsel a moment ago.  They talked to me about

19  09:02:42  the agenda.  I'll hear from Harry on the agenda.

20  09:02:45        MR. ROSENBERG:  Thank you, your Honor.  A bit of promising

21  09:02:48  news this morning is I believe the court has a very short agenda for

22  09:02:54  this proceeding this morning.

23  09:02:57        First of all, your Honor, we did discuss that the motions

24  09:03:01  filed, those are on the docket of the Court and accessible by pacer.

25  09:03:07        THE COURT:  I just received the motions, I haven't had a

09:03:10 1  chance to review them yet, and of course there's no response to them

09:03:14 2  yet.  They've just been filed.

09:03:16 3           MR. ROSENBERG:  That's correct, your Honor.

09:03:17 4           And, secondly, Judge, I understand from Knauf's counsel

09:03:22 5  Mr. Miller, but I'll let him directly respond, that the two Knauf

09:03:28 6  motions that were scheduled for after this status conference have

09:03:34 7  been either resolved or postponed.

09:03:36 8           MR. HAYDEN:  Yes, your Honor.  Thanks, Harry.  Kerry

09:03:39 9  Miller for Knauf.  The motion to vacate, which is Record Doc. 20247

09:03:49 10 has been put off to the next hearing in July; and the next motion,

09:03:53 11 which is the motion for extinguish Knauf defendants obligations for

09:03:58 12 certain already remediated home, Record Document 20302, that only

09:04:03 13 applied to one home, there's been no opposition to that motion.

09:04:07 14          THE COURT:  Okay.  So I'll grant that motion then as being

09:04:11 15 unopposed.

09:04:13 16          MR. ROSENBERG:  Your Honor, I know there's been little

09:04:15 17 activity, I don't know if the Court wants a formal report from

09:04:18 18 Mr. Woody or not.

09:04:19 19          THE COURT:  Yes, let me hear from Mr. Woody.  Jake, what's

09:04:22 20 up?

09:04:22 21          MR. WOODY:  Thank you, your Honor.  It's Jake Woody from

09:04:25 22 BrownGreer.  I don't have a PowerPoint today, but I can give you a

09:04:28 23 brief report on the status of the other loss fund.  We have resolved

09:04:33 24 all but one of the appeals that were made to you.  I expect that to

09:04:38 25 be resolved in the next week or so, if not sooner.  Once we have all

09:04:42  1    of those resolved, we will do the math on the pro rata calculations

09:04:47  2    and issue the percentage that the other loss awards will be reduced

09:04:52  3    by.  And then announce that to everyone and begin the process of

09:04:55  4    issuing payment on those.

09:04:56  5          THE COURT:  Okay.  Will that finish the process, the

09:05:00  6    distribution process of Knauf?

09:05:02  7          MR. WOODY:  That will finish the other loss distribution

09:05:04  8    process.  We have a few pending awards where people haven't been

09:05:10  9    paid yet because they haven't returned the necessary paperwork.  We

09:05:13 10    have that in the other loss fund as well as the Global Banner/INEX

09:05:19 11    fund.  We will continue to remind those people and if we don't get

09:05:22 12    any response, we will figure out how best to proceed with those

09:05:25 13    funds.  We will give people plenty of notice that they have this

09:05:29 14    award pending and what they need to do to get it.  It's not very

09:05:33 15    many, it's a small percentage but there are a few like that.  And

09:05:36 16    this would be the only thing like that.

09:05:38 17          THE COURT:  How about the ^  Masse remediation, is that

09:05:40 18    about finished, Kerry?

09:05:42 19          MR. MILLER:  Yes, your Honor, it's about finished.

09:05:46 20    Basically the same status where Jake is.  Few things basically due

09:05:51 21    to paperwork but otherwise done.

09:05:53 22          MR. WOODY:  Just in terms of a time frame to make those

09:05:55 23    payments, we will issue the notice and then I think we'll let

09:06:01 24    30 days run just to deal with any appeals or anything like that.

09:06:05 25    And once that's done, we will put checks in the mail and be done

09:06:09  1    with it.

09:06:10  2             THE COURT:  And then once that's done I have to focus on

09:06:13  3    the attorneys fees and costs, which is another issue.

09:06:17  4             MR. LEVIN:  Jake said the check's in the mail and it's

09:06:21  5    done.

09:06:22  6             MR. LEVIN:   I stood up to say it's not done.

09:06:24  7             MR. WOODY:  It will be.

09:06:27  8             MR. LEVIN:  I don't know if your Honor wants to go through

09:06:29  9    the joint report that we've done in the past, I can go through

09:06:33 10    what's at issue from the plaintiff's perspective.

09:06:37 11             THE COURT:  Okay.

09:06:37 12             MR. LEVIN:  We really do not have an opportunity to speak

09:06:41 13    to all of the plaintiffs' counsel, with Harry's permission I would

09:06:46 14    like to just say a few things because I know they're on the line.

09:06:50 15             With regard to the stipend, there are issues and Jake has

09:06:57 16    filed a report with the Court, a motion last night that should

09:07:01 17    resolve them.  As to joint representations, that's up to counsel to

09:07:09 18    do amongst and between each other.

09:07:11 19             THE COURT:  With regard to joint representation, I really

09:07:14 20    look to counsel to work that out.  If they can't work it out, then

09:07:18 21    I'll deal with it.  Joint representation means that one attorney or

09:07:24 22    firm started the case, was replaced by another attorney, and there's

09:07:29 23    a question of who gets the stipulate stipulation amount, it's to

09:07:37 24    cover costs, and that has to be worked out.  I would hope that it

09:07:40 25    would be able to worked out by and between the two or three or

09:07:45  1  however many counsel are on that particular case; if not, then I'll

09:07:49  2  work it out.

09:07:50  3          MR. LEVIN:  There are also other issues with regard to the

09:07:52  4  allocation motion that was filed, I just want to assure all counsel

09:07:57  5  that that was an allocation motion of the Fee Committee.  They filed

09:08:03  6  objections, the final arbiter of everything dealing with the fee

09:08:08  7  issue is your Honor, and that hearing is in the third week of July.

09:08:12  8          THE COURT:  Right.  And what I do with that, first I'd

09:08:15  9  have to decide, often times in these cases I have to first decide

09:08:21 10  the pot, the size of the pie as I call it.  In this case it's a

09:08:25 11  little easier because the size of the pie, to some extent, has

09:08:28 12  already been set.  There's an amount that is part of the settlement

09:08:36 13  program with Knauf that was set aside for attorney's fees.

09:08:40 14          So the issue in this particular case is the split between

09:08:46 15  the common benefit committee and common benefit attorneys and the

09:08:50 16  contract attorneys I call them.  And what I do with that is I, first

09:08:56 17  of all, get the insider view.  The insider view means the people who

09:09:00 18  have worked on the case, either from the standpoint of the MDL or

09:09:06 19  the state lawyers or whatever, I try to form a committee consisting

09:09:10 20  of people who know what has been happening in the case.  I let them

09:09:15 21  meet, confer, and recommend something to me.  At that point I let

09:09:20 22  everybody know what the recommendation is and I hear objections.

09:09:25 23          Oftentimes with those objections, I then appoint a

09:09:29 24  Special Master, an outsider view to hear the objections, take

09:09:33 25  evidence if necessary, and give me their view of what should be

09:09:39 1    done.

09:09:40 2          Then I meet with the CPA, I've been meeting with him

09:09:46 3    already to get a summary of who did what in the case, how many hours

09:09:51 4    were put in, what the hours were put in for, whether it was just

09:09:55 5    reading e-mail or in trial or in depositions.  I get all of that

09:10:00 6    information from him so I have an insider view, an outsider view and

09:10:06 7    the CPA's view, and I look at that material and come up with what I

09:10:12 8    believe is a fair distribution, and I write an opinion on it and

09:10:16 9    that's what it is

09:10:17 10         MR. LEVIN:  And we, of course, your Honor, will be

09:10:21 11   responding to the initial tranche of motions with regard to the

09:10:25 12   allocation.  And at that time we will express ourselves as to the

09:10:31 13   interrelationship between the various settlements and how they are

09:10:36 14   related to each other.  And also as to the money being commingled in

09:10:43 15   the same QSF and point out to certain orders that your Honor has

09:10:51 16   issued throughout the litigation, which is so many orders, so that

09:10:55 17   people will be able to understand exactly the steps in determining

09:10:58 18   how the settlements mesh with each other.

09:11:01 19         THE COURT:  I am interested in your process and that's

09:11:04 20   important.  I want to make sure everybody has an opportunity to

09:11:07 21   listen, to hear, and to speak on the situation.  That's the best I

09:11:11 22   can do for you, folks.  I get all of the information that I can and

09:11:15 23   then I take all of what you've told me, both sides, multiple sides.

09:11:24 24   This is a complicated issue, complicated case.  It's not the usual

09:11:28 25   case.  This is really a whole different world that we're dealing

09:11:32  1    with.

09:11:32  2            In most cases you have one defendant or two defendants and

09:11:36  3    then a vast number of plaintiffs.  Here we have thousands of

09:11:40  4    defendants in addition to vast numbers of plaintiffs.  So the

09:11:44  5    settlement worked out with Knauf was very, very complicated

09:11:51  6    arrangement and it's become quite an issue to decipher it.

09:12:01  7            MR. LEVIN:  With regard to the contract attorneys

09:12:08  8    determining roughly what their settlements are on a case-by-case

09:12:13  9    basis because that's where their fee is based on in a way that's a

09:12:17  10   moving target, not by much.  But several of the attorneys have seen

09:12:24  11   estimates which were not the exact payments that Knauf made to Moss.

09:12:31  12   That was the basis of the information that they received.  Jake

09:12:37  13   Woody is working that out to assure them of that.

09:12:40  14           Also, there is not big, but there is a builder's

09:12:46  15   component because the major builders were class members in Banner

09:12:51  16   and Global.  We've had some fruitful discussions with the builders

09:12:57  17   with regard to that, so nothing is written in stone as yet.  But as

09:13:05  18   soon as anything is concrete, we will let the plaintiffs' attorneys

09:13:11  19   know.

09:13:12  20           Also, there is a motion that has been filed under seal,

09:13:19  21   and I will say no more other than it involves a component of the mix

09:13:23  22   of Taishan properties, or at least what we say is the mix of Taishan

09:13:29  23   properties dealing with ^  Global.

09:13:35  24   Lenny, have I missed anything?

09:13:37  25           MR. DAVIS:  I think that's it.

09:13:39  1          MR. LEVIN:  I am well prepared by Lenny.

09:13:41  2          THE COURT:  Anything else, Harry?

09:13:42  3          MR. ROSENBERG:  Follow-up to what Mr. Levin filed.

09:13:46  4    There's been motions filed, a series of motions filed, they're all

09:13:49  5    in the record as I mentioned at the outset.  The motion Mr. Levin

09:13:53  6    alluded to was filed late evening Monday night.  I know the Court

09:13:57  7    has not had an opportunity to look at, nor has there been a briefing

09:14:02  8    schedule.  And in the future I know has guided counsel on both sides

09:14:06  9    to give advanced notice to each other if motions will be filed

09:14:10 10    rather than a surprise motion at the end of the night.

09:14:13 11          THE COURT:  Oftentimes things have to be done because of

09:14:19 12    prescription or have to be done because of protecting the record or

09:14:23 13    whatever it is.  I understand that but what needs to be, even if it

09:14:27 14    has been done, what needs to be done I don't want to inhibit anybody

09:14:32 15    from filing motion, everybody has not only responsibility but a duty

09:14:35 16    to act for their clients and the plaintiffs committee as well as the

09:14:42 17    defendants' committee has a duty not to only to their client but the

09:14:47 18    clients of other people whom they are in a fiduciary relationship

09:14:53 19    with.  So they have a responsibility.

09:14:55 20          I don't want to inhibit anybody.  But I want the parties

09:14:59 21    to talk to each other and say, look, something is going to be filed

09:15:02 22    today or this is going to be filed today or I had to file something

09:15:06 23    because I couldn't reach you, but this is what I filed.  Something

09:15:10 24    of that sort.  I look to liaison counsel to know what's going on in

09:15:17 25    the case so you can deal with it.

09:15:20  1          MR. ROSENBERG:  Thank you, Judge.

09:15:22  2          THE COURT:  So let's do that.

09:15:24  3          MR. ROSENBERG:  We will.  I appreciate the court's

09:15:26  4   comments.  The only other matters to my knowledge just as a

09:15:31  5   reminder, the next status conference is set for July 27th at 9:30.

09:15:37  6          THE COURT:  The following one is August the 25th, both

09:15:40  7   start at 9 o'clock.  I'll meet with lead and liaison counsel at 8:30

09:15:45  8   that morning.

09:15:47  9          MR. ROSENBERG:  That's correct, Judge.  Unless the PSC has

09:15:50 10   something or Knauf has something to add, I believe that concludes

09:15:53 11   the agenda for today.

09:15:55 12          MR. LEVIN:  Your Honor, at least at this point in time the

09:16:00 13   hearing on the allocation motion is set for the July conference.

09:16:04 14          THE COURT:  Yes.  What I would like you to do, Arnie, if

09:16:09 15   you can after the dust settles with all of the objections have been

09:16:14 16   filed, maybe we're going to have to decide whether or not that's a

09:16:18 17   realistic date or we have to push it back or something like that.

09:16:21 18          MR. LEVIN:  We knew that when we set it for July 27th,

09:16:24 19   your Honor.

09:16:25 20          THE COURT:  Okay.  Thank you very much.  Is that it?

09:16:27 21          MR. ROSENBERG:  That's it, your Honor.  Thank you very

09:16:29 22   much appreciate it on behalf of all parties.

09:16:31 23          THE COURT:  Okay.  Thank you very much.  The court will

09:16:33 24   stand in recess.

09:16:34 25       (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

```
 1                          *  *  *  *  *  *  *

 2

 3                      REPORTER'S CERTIFICATE

 4

 5          I, Karen A. Ibos, CCR, Official Court Reporter, United

 6   States District Court, Eastern District of Louisiana, do hereby

 7   certify that the foregoing is a true and correct transcript, to the

 8   best of my ability and understanding, from the record of the

 9   proceedings in the above-entitled and numbered matter.

10

11

12                      /s/  Karen A.  Ibos

13                   Karen A. Ibos, CCR, RPR, CRR, RMR

14                   Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25
```