UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | NO. 09-02047 |
| THIS DOCUMENT RELATES TO:  ALL CASES | SECTION "L" (5) |

ORDER AND REASONS

Pending before the Court is Primary Counsel's motion for reconsideration on this Court's August 10, 2017 Order (Rec. Doc. 20896) granting the Seventh Motion for Disbursement of Funds. *See* Rec. Doc. 20922.  The Fee Committee opposes the motion.  *See* Rec. Doc. 20932.  Having considered the applicable law, local rules, and the record, the Court now issues this Order and Reasons.

I.     PENDING MOTION

Primary Counsel proffers two arguments in support of its motion.  First, Primary Counsel argues that the Order is procedurally premature because it was entered prior to the submission date. Rec. Doc. 20922-1 at 3.  Second, Primary Counsel avers that the source of funds sought to be disbursed is contested and at issue in the attorneys' fee allocation dispute between Primary Counsel and common benefit counsel. Rec. Doc. 20922-1 at 3-6.  In alternative to reconsideration, if the disbursement stands, Primary Counsel suggests a credit in the amount of the approved disbursement for the purpose of allocating attorneys' fees between Primary Counsel and common benefit counsel.  Primary Counsel argues that "reconsideration is necessary to correct legal error and prevent manifest injustice associated with the disbursement of disputed funds prior to Mover's opportunity to lodge an objection to the Disbursement Motion."  Rec. Doc. 20922-1 at 3.

1

## II.   LEGAL STANDARD

Rule 54(b) states that "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993). In exercising this discretion, the Court considers four factors: whether (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010).

## III.   DISCUSSION

The Fee Committee styled the motion for disbursement of funds as an ex parte motion. Local Rule 7.3 provides that "[a] motion for an order, allowed by these rules to be filed ex parte or by consent, need not assign a date for submission. . . ." However, considering that there is, in fact, no consent on the instant motion in question, reconsideration of the Order is appropriate to potentially correct any error and to give all parties an opportunity to submit their concerns.

## IV.   CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that the Court's August 10, 2017 Order (Rec. Doc. 20896) granting the seventh motion for disbursement of funds is hereby **VACATED** pending further review of this issue.

**IT IS FURTHER ORDERED** that Primary Counsel shall file its opposition by October 12, 2017.

**IT IS FURTHER ORDERED** that the Fee Committee shall file its reply by October 20, 2017.

New Orleans, Louisiana, this 2nd date of October, 2017.

_____
**ELDON E. FALLON**
United States District Judge