# EXHIBIT

## "A"

No. 16-1171

In the

# Supreme Court of the United States

———————————

GLAXOSMITHKLINE LLC,

PETITIONER,

v.

M.M. EX REL. MEYERS, *et al.*,

RESPONDENTS.

————————

**On Petition for a Writ of Certiorari to the
Illinois Appellate Court**

———————————

**SUPPLEMENTAL BRIEF OF PETITIONER**

———————————

JEFFREY S. BUCHOLTZ
   *Counsel of Record*
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006
(202) 737-0500
jbucholtz@kslaw.com

*Counsel for*
GlaxoSmithKline LLC

September 6, 2017

i

## RULE 29.6 STATEMENT

No amendment is needed to the Rule 29.6 Statement included in the petition.

ii

## TABLE OF CONTENTS

RULE 29.6 STATEMENT ...........................................i

TABLE OF AUTHORITIES......................................iii

SUPPLEMENTAL BRIEF ........................................ 1

    I.   A Plenary Grant Is Warranted. .................. 2

    II.  Alternatively, The Court Should Summarily Reverse Or Grant, Vacate, And Remand For Reconsideration In Light of *BMS*. ............................................... 6

CONCLUSION ....................................................... 11

iii

# TABLE OF AUTHORITIES

## Cases

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
    137 S. Ct. 1773 (2017) ................................ passim

*Cortina v. Bristol-Myers Squibb Co.*,
    No. 17-CV-00247-JST, 2017 WL 2793808 (N.D.
    Cal. June 27, 2017) ................................................ 4

*Dubose v. Bristol-Myers Squibb Co.*,
    No. 17-CV-00244-JST, 2017 WL 2775034 (N.D.
    Cal. June 27, 2017) .......................................... 4, 5

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
    514 F.3d 1063 (10th Cir. 2008) ............................ 5

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) .................................... 2, 9, 10

*Paxil II Prod. Liab. Cases*,
    No. JCCP4786 (Cal. Super. Ct. Aug. 3, 2017) ..... 8

*Pellegrini v. Huyssen Inc.*,
    No. 3:17-cv-00135, 2017 WL 2908794  (S.D. Cal.
    July 7, 2017) ........................................................ 5

*Russell v. SNFA*,
    2013 IL 113909 (2013) .......................................... 9

*uBID, Inc. v. GoDaddy Grp., Inc.*,
    623 F.3d 421 (7th Cir. 2010) ................................ 3

## SUPPLEMENTAL BRIEF

In *BMS*, this Court rejected California's causation-free approach to specific jurisdiction and held that an "adequate link" between the defendant's forum-state contacts and the plaintiff's claims is required. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017). But *BMS* did not decide the equally certworthy question, presented by this petition, of what makes a connection an "adequate link." *Id.* Must the defendant's contacts with the forum have *proximately* caused the plaintiff's injuries, or is it enough that those contacts are part of a historical *but-for* chain? The lower courts are just as divided over this question as the one addressed in *BMS*, and the same practical concerns and federalism considerations underlying *BMS* are present here. *BMS*, 137 S. Ct. at 1780. The Court should grant this petition for plenary consideration.

If this Court does not grant this petition for plenary consideration, it should summarily reverse or grant, vacate, and remand for further consideration in light of *BMS*. The decision below is contrary to *BMS* in multiple respects. First, the court below, like the California Supreme Court in *BMS*, relied on GSK's general business activities in Illinois unconnected to respondents' claims. Pet. App. 8; *see* Pet. 11. *BMS* emphatically rejected that approach as resembling a "loose and spurious form of general jurisdiction." 137 S. Ct. at 1781. The Illinois courts also ignored the federalism problems in forcing an out-of-state defendant to defend claims lacking a meaningful connection to Illinois. *BMS* reaffirmed

2

the federalism-based limits on personal jurisdiction and made clear that, contrary to the approach of the court below, perceived efficiencies cannot substitute for the lack of an adequate link.  And the court below misinterpreted *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), in the same way as the *BMS* plaintiffs.  *BMS*, 137 S. Ct. at 1782.

## I.   A Plenary Grant Is Warranted.

*BMS* resolved one side of a three-sided split over the relatedness standard for specific jurisdiction.  Pet. 2.  *BMS* rejected California's "sliding scale" approach to the relatedness inquiry, under which California exercised what it called specific jurisdiction based on the totality of the defendant's contacts with the state, even when those contacts were not related to the plaintiff's claims. *BMS*, 137 S. Ct. at 1781.  That approach, as the Court explained, did not comport with the Due Process Clause, which requires an "adequate link" or an "affiliation between the forum and the underlying controversy" to support specific jurisdiction.  *Id.*

But in rejecting California's openly non-causal approach, *BMS* did not resolve the equally certworthy question of what makes a connection "adequate" to satisfy the relatedness inquiry.  *Id.*; *see also id.* at 1788 & n.3 (Sotomayor, J., dissenting) (noting that the question of whether "a defendant's in-state conduct must actually cause a plaintiff's claim" "appears to await another case").  That question is squarely presented by this petition, and the Court should decide it now.

3

The lower courts are deeply divided over what makes a defendant's connection with the forum adequate to support specific jurisdiction, and this split persists after *BMS*. Some courts deem a forum-state contact to be adequate if it is a mere but-for link in a historical chain, without requiring that contact to be a meaningful cause of the plaintiff's claim, while others require a proximate causal link. *See* Pet. 13–19. The division is so acute that in some states personal jurisdiction can turn on whether the plaintiff sues in federal or state court. Indeed, had this case been filed in federal court in Illinois, it likely would have been thrown out, as the Seventh Circuit has recognized that but-for causation is "vastly overinclusive." *See* Pet. 22 (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 430 (7th Cir. 2010) (citation omitted)).

This unresolved but-for/proximate-cause split imposes real costs on defendants—the "primary concern" in determining whether personal jurisdiction exists—as well as on courts and witnesses. *BMS*, 137 S. Ct. at 1780. Plaintiffs' attorneys already exploit variations in approaches to the relatedness requirement to bring lawsuits in plaintiff-friendly havens for nonresident plaintiffs who lack any connection to the forum. *See* Pet. 30–34 (explaining the costs of forum shopping on the judicial process). Not only does that burden a defendant with the "practical problems resulting from litigating" in a forum with no relevant connections to the suit, but it also "encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate

4

interest in the claims in question." *BMS*, 137 S. Ct. at 1780.

The decision below is a prime example. The court below seized on the slightest of links to exercise specific jurisdiction: that Illinois hosted a handful of sites in GSK's vast and worldwide clinical trial program for Paxil. *See* Pet. 9. Respondents did not purport to identify anything that occurred at an Illinois trial site that gave rise to their claims. And the Illinois courts' "lenient" and "flexible" approach to the relatedness requirement would permit respondents to sue GSK in any of the 44 other states that hosted a clinical trial site. *Id.* at 5; Pet. App. 19. There is nothing "specific" about such a permissive approach.

The decision below is already being invoked by courts to reach results in obvious tension with this Court's decision in *BMS*. In a case just like *BMS* and just like this case, a court relied on the decision below to find specific jurisdiction over nonresident plaintiffs' claims based on the existence of "a 'small fraction'" of clinical trial sites in the forum state. *See Dubose v. Bristol-Myers Squibb Co.*, No. 17-CV-00244-JST, 2017 WL 2775034, at *3 (N.D. Cal. June 27, 2017) (quoting the decision below, Pet. App. 21, 25); *accord Cortina v. Bristol-Myers Squibb Co.*, No. 17-CV-00247-JST, 2017 WL 2793808, at *3 (N.D. Cal. June 27, 2017). Notwithstanding *BMS*, the court applied prior Ninth Circuit precedent adopting a but-

5

for standard of relatedness. *Id*. at *3–4.[1] And confirming the court's view that *BMS* changed nothing, the court did not attempt to grapple with *BMS*'s requirement that the link between the defendant's forum-state contacts and the plaintiff's claims be "adequate." 137 S. Ct. at 1781. Nor has any other court reconsidered whether the but-for standard remains viable after *BMS*. *Cf., e.g., Pellegrini v. Huyssen Inc.*, No. 3:17-cv-00135, 2017 WL 2908794, at *5 (S.D. Cal. July 7, 2017) (applying but-for test).

In short, *BMS* did not resolve the but-for vs. proximate causation split, and that split will persist. To provide badly needed clarity on this frequently recurring and fundamental issue, the Court should grant this petition and hold that an "adequate" link means a meaningful link and that a mere but-for link in the historical chain of events—like the happenstance that a handful of trial sites were located in Illinois—does not qualify.

---

[1] When then-Judge Gorsuch wrote that under the but-for approach, "any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction," it was to emphasize the breadth of that approach, not to endorse it. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008). The *Dubose* court, however, uncritically repeated that observation as correctly describing the Ninth Circuit's standard. 2017 WL 2775034, at *3.

6

## II. Alternatively, The Court Should Summarily Reverse Or Grant, Vacate, And Remand For Reconsideration In Light of *BMS*.

If the Court does not grant this petition for plenary consideration, it should summarily reverse or grant, vacate, and remand for reconsideration in light of *BMS*. Although the court below purported to find a link between GSK's contacts with Illinois and respondents' claims, its analysis is contrary to *BMS*.

1. *Loose and spurious, quasi-general, non-specific jurisdiction.* In *BMS*, the Court made crystal clear that a defendant's general business activities in the forum state are irrelevant to specific jurisdiction. If the defendant's activities in the forum render the defendant at home there, general jurisdiction exists. But if not, those activities cannot justify lowering the standard for specific jurisdiction, because general and specific jurisdiction are "very different." 137 S. Ct. at 1780. "What is needed" for specific jurisdiction—"and what is missing here," just as in *BMS*—"is a connection between the forum and the specific claims at issue." *Id.* at 1781–82. Relying on forum-state contacts not adequately linked to the plaintiff's claim to lower the standard for "specific" jurisdiction is mixing apples and oranges—creating, as the Court aptly put it, "a loose and spurious form of general jurisdiction." *Id.* at 1781. That was the fundamental error by the California Supreme Court in *BMS* in relying on its "sliding scale" approach, and it is the same error committed by the court below.

Just as the California Supreme Court relied on BMS's general California activities in requiring a

7

lesser degree of relatedness, the court below likewise relied on GSK's general Illinois activities in emphasizing the "flexible" nature of the relatedness requirement. Pet. App. 19–23. While the California Supreme Court may have been more open about the sliding-scale nature of its approach, it is apparent that the court below believed that it mattered that GSK had extensive Illinois contacts unconnected to respondents' claims. The opinion thus begins with a long recitation of GSK's general contacts with Illinois, including that GSK employed "217 people who resided in Illinois," "maintained an agent for service of process in Illinois," "has 184 sales representatives who market GSK's products in Illinois," and "had anywhere between 79 and 121 employees marketing specifically Paxil in Illinois." Pet. App. 8. And the court returned to these facts in its analysis, stating that "defendant GSK admitted" them. Pet. App. 18.

But none of these facts has anything to do with respondents' claims. Nor did the court below suggest otherwise. To the contrary, it appeared to believe that under its "flexible" conception of the relatedness standard, Pet. App. 19, 22, GSK's contacts with Illinois that were unrelated to respondents' claims somehow counted anyway. *See also* Pet. App. 25–26 (rejecting GSK's argument that there must be a "meaningful link" between GSK's Illinois contacts and respondents' claims). This approach would create an unrecognizable third form of jurisdiction, neither general nor specific. Because *BMS* makes

8

clear that there is no such third category, the
decision below cannot stand.[2]

2. *Federalism.* In *BMS*, the Court reaffirmed
that federalism is a key component of the limits on
states' ability to hale out-of-state defendants into
court. The "territorial limitations" on each state's
power mean that every state has an important
interest in ensuring that other states do not arrogate
to themselves, through an adventuresome conception
of personal jurisdiction, the prerogative of
adjudicating claims with which they lack a
meaningful connection. *See BMS*, 137 S. Ct. at 1780.
The Court emphasized that this "federalism interest
may be decisive" and thus may preclude personal
jurisdiction even absent unfairness to the defendant.
*Id*. As a result, the California Supreme Court erred
by relying on the fact that BMS would have to defend
California residents' suits in California even if the
nonresident plaintiffs' suits were dismissed. Even if
it would have been efficient to allow the nonresident
plaintiffs' claims to proceed in California as well, and
even if doing so would not be unfair to BMS, *but see*

---

[2] GSK was sued in California in a case materially identical to
*BMS* and this case by a large group of out-of-state plaintiffs and
a smaller group of in-state plaintiffs. The trial court denied
GSK's personal jurisdiction challenge to the out-of-state
plaintiffs' claims, but after this Court's decision in *BMS* the
appellate court granted GSK's petition for writ of mandate and
the trial court dismissed the out-of-state plaintiffs' claims. *See*
Order, *Paxil II Prod. Liab. Cases*, No. JCCP4786 (Cal. Super.
Ct. Aug. 3, 2017). There is no justification for a contrary result
in this case.

9

Pet. 30–34 (explaining why allowing respondents' claims to proceed in Illinois would be unfair to GSK), the fact remained that California lacked the required connection to the nonresident plaintiffs' claims: "The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *BMS*, 137 S. Ct. at 1781.

The court below committed the same error as the California Supreme Court. Most strikingly, the court below ignored the federalism-based limits on personal jurisdiction entirely, devoting literally not a word to the issue. And when the court considered the reasonableness of exercising jurisdiction over GSK on respondents' claims, the court suggested that efficiency was paramount: "[W]hether or not the out-of-state plaintiffs' claims are dismissed, this litigation will go forward in Illinois. . . . Defendants have not advanced any reason how piecemeal litigation in different forums advances the goals of 'efficient judicial resolution of the dispute' and 'substantive social policies.'" Pet. App. 29 (quoting *Russell v. SNFA*, 2013 IL 113909, ¶ 87 (2013)).

3. *Keeton*. The court below also committed the same error as the *BMS* plaintiffs in relying on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984). According to the court below, *Keeton* held that "a state can exercise jurisdiction over a nonresident accused by a nonresident of causing injuries, most of which took place outside of the forum state." Pet.

10

App. 24.   The *BMS* plaintiffs likewise relied on *Keeton*'s holding "that there was jurisdiction in New Hampshire to entertain the plaintiff's request for damages suffered outside the State."   *BMS*, 137 S. Ct. at 1782 (citing *Keeton*, 465 U.S. at 774).   But as the Court admonished, "that holding concerned jurisdiction to determine *the scope of a claim* involving in-state injury and injury to residents of the State, not, as in this case, jurisdiction to entertain claims involving no in-state injury and no injury to residents of the forum State."   *Id.*   Just so here: "the nonresidents' claims involve no harm in [Illinois] and no harm to [Illinois] residents."   *Id.*   The court below similarly "misinterpret[ed]" *Keeton*, *id.*, and elided the fact that *all*—not merely "most"—of the alleged injuries at issue on respondents' claims "took place outside of the forum state."   Pet. App. 24.

\*      \*      \*      \*      \*

For all these reasons, the decision below is contrary to *BMS*.   Because the split between courts adhering to a but-for standard of relatedness and courts adhering to a proximate causation standard is independently certworthy and was not resolved by *BMS*, the Court should grant this petition for plenary consideration.   A plenary grant would enable the Court to clarify what constitutes an "adequate link" between the defendant's forum-state contacts and the plaintiff's claims, *BMS*, 137 S. Ct. at 1780—which would help put an end to lower court decisions, like the California Supreme Court's decision in *BMS* and the decision below here, that disregard or misapply

11

this Court's "settled principles regarding specific jurisdiction," *id.* at 1781.

Alternatively, the Court should summarily reverse: the decision below commits several of the same errors this Court just corrected in *BMS*. Whatever the precise outer bounds of the required "adequate link" may be, a handful of clinical trial sites, out of thousands the world over, with no connection even alleged between anything that occurred at an Illinois site and respondents' claims, cannot suffice. At a minimum, the Court should grant this petition, vacate the decision below, and remand for further consideration in light of *BMS*.

## CONCLUSION

The Court should grant this petition for plenary consideration or summarily reverse or grant, vacate, and remand for further consideration in light of *BMS*.

Respectfully submitted.

JEFFREY S. BUCHOLTZ
  *Counsel of Record*
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC  20006
(202) 737-0500
jbucholtz@kslaw.com

*Counsel for*
September 6, 2017   GlaxoSmithKline LLC