# EXHIBIT

# “B”

No. 16-1171

# In the Supreme Court of the United States

GLAXOSMITHKLINE LLC,
*Petitioner*,

v.

M.M. EX REL. MEYERS, *et al.*,
*Respondents*.

*On Petition for Writ of Certiorari to the Illinois Appellate Court*

## REPLY TO SUPPLEMENTAL BRIEF

Tor Hoerman
Kenneth Brennan
Steven Davis
Tyler Schneider
TORHOERMAN LAW LLC
227 West Monroe Street
Suite 2650
Chicago, IL 60606
(312) 372-4800
Tor@thlawyer.com
kbrennan@thlawyer.com
sdavis@thlawyer.com
tyler@thlawyer.com

Robert S. Peck
*Counsel of Record*
CENTER FOR CONSTITUTIONAL LITIGATION, P.C.
One Riverside Park
Suite 12A
New York, NY 10069
(202) 944-2874
robert.peck@cclfirm.com

*Counsel for Respondents*

Becker Gallagher · Cincinnati, OH · Washington, D.C. · 800.890.5001

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . ii

REPLY TO SUPPLEMENTAL BRIEF . . . . . . . . . . 1

I. *BMS* DID NOT DECIDE ANY ISSUE AFFECTING THE DECISION BELOW . . . . . . . 2

II. THIS COURT SHOULD DENY THE PETITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

### CASES

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) . . . . . . . . . . . . . . . . *passim*

*Cortina v. Bristol-Myers Squibb Co.*, No. 17-CV-00247-JST, 2017 WL 2793808 (N.D. Cal. Jun. 27, 2017) . . . . . . . . . . . . . . . . . . . 1

*Dubose v. Bristol-Myers Squibb Co.*, No. 17-CV-00244-JST, 2017 WL 2775034 (N.D. Cal. Jun. 27, 2017) . . . . . . . . . . . . . . . . . . . 1

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982) . . . . 4, 5

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) . . . . . . . . . . . . . . . . . . . . . . . 5

*Menken v. Emm*, 503 F.3d 1050 (9th Cir. 2007) . . . . . . . . . . . . . . . 7

*Pellegrini v. Huyssen, Inc.*, No. 317CV00135CABJMA, 2017 WL 2908794 (S.D. Cal. July 7, 2017) . . . . . . . . . . . . . . . . . . 1, 7

*uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421 (7th Cir. 2010) . . . . . . . . . . . . . . 6, 7

*Wharton v. Furrer*, 620 F. App'x 546 (7th Cir. 2015) . . . . . . . . . . . . . 6

## REPLY TO SUPPLEMENTAL BRIEF

Petitioner GlaxoSmithKline LLC (GSK) filed a supplemental brief in support of its pending Petition for Certiorari, calling attention to intervening decisions by this Court in *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773 (2017), identical opinions from the same U.S. District Court judge in companion cases, *Cortina v. Bristol-Myers Squibb Co.,* No. 17-CV-00247-JST, 2017 WL 2793808 (N.D. Cal. Jun. 27, 2017), and *Dubose v. Bristol-Myers Squibb Co.,* No. 17-CV-00244-JST, 2017 WL 2775034(N.D. Cal. Jun. 27, 2017), and a third District Court in California, *Pellegrini v. Huyssen, Inc.,* No. 317CV00135CABJMA, 2017 WL 2908794, at *11 (S.D. Cal. July 7, 2017). The newly decided cases provide no further basis for the Petition and, for all the reasons previously stated in M.M.'s Brief in Opposition, the Petition should be denied.

In its new filing, GSK claims its case provides an appropriate vehicle to elaborate on the level of "affiliation" between a defendant's forum-state contacts and a plaintiff's claims necessary to convey personal jurisdiction, which was described in *BMS* but not otherwise detailed. *See* 137 S. Ct. at 1781 ("there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'") (citation omitted) (brackets in orig.). GSK urges this Court to use its case to choose between a proximate-cause or but-for standard for that affiliation, Supp. Br. 3, even though the court below documented that GSK asked for the but-for approach it now condemns. *See* Pet. App. 7a-8a, 26a.

The intervening decisions provide no reason to grant certiorari and do nothing to change the weakness of this case as a vehicle to explore the Question Presented, even if otherwise certworthy. Moreover, nothing in the new decisions support GSK's alternative requested relief of summary reversal or a grant, vacate, and remand (GSK Supp Br. 1). Certainly, *BMS* casts no new light on the question decided by the court below.

## I. *BMS* DID NOT DECIDE ANY ISSUE AFFECTING THE DECISION BELOW.

*BMS*'s disapproval of California's "sliding scale" approach to specific jurisdiction, mixing elements of general with specific jurisdiction, has no relevance to this matter. The Illinois Appellate Court focused its specific-jurisdiction inquiry on whether the claims arose from some 18 to 21 clinical trials conducted by GSK in Illinois, as well as another clinical trial in which GSK collaborated. Pet. App. 19a-23a, 25a-29a.[1]

Contrary to GSK's claim that "Respondents did not purport to identify anything that occurred at an Illinois trial site that gave rise to their claims," Supp. Br. 4, M.M. argued strenuously and successfully that GSK

---

[1] GSK asserts that the court's recitation of the evidence of GSK's activities within Illinois was a *sub silentio* adoption of California's sliding-scale approach and suggests the case be sent back so the Illinois Appellate Court could re-write its opinion to avoid any suggestion that it relied on those contacts. Supp. Br. 7. A fair reading of the opinion below, however, demonstrates the court gave no weight to GSK's unrelated Illinois activities: "In sum, plaintiffs' injuries allegedly arose from acts of omission during the clinical trials and the resulting inadequate warning labels." Pet. App. 28a.

failed to adequate track the impact of its Illinois drug tests on 18 pregnancies in the women who participated in those clinical trials, which the company had a duty to undertake. Pet. App. 20a-21a. The trial and appellate courts also held that sufficient evidence supported the factual finding that some of the clinical trial design protocols were developed in Illinois. *See* Pet. App. 22a. The clinical trials and the design protocols developed in Illinois provide a sufficient nexus to Plaintiffs' claims, which included failure to warn, design defects, and negligent misrepresentation and concealment, to meet the most rigorous causal standard that could apply, including GSK's favored proximate-cause standard. M.M.'s claims, the Illinois Appellate Court held, "arise from or relate to defendant GSK's purposeful activities in Illinois." Pet. App. 21a. GSK, the court held, failed to meet its evidentiary burden in rebuttal to plaintiffs' prima facie case. *Id*. at 28.

The record in this case contrasts vastly with that in *BMS*. In *BMS,* this Court noted that the plaintiffs' attempt to show "that BMS conducted research in California on matters unrelated to Plavix" was neither "sufficient" nor "relevant." 137 S. Ct. at 1781. Instead, this Court instructed that "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*. The Illinois Appellate Court correctly anticipated the line this Court drew in *BMS*. It relied upon evidence that demonstrated the research design and product testing were directly related to M.M.'s claims and arose from the inadequacy of GSK's efforts, resulting in inadequate warnings and undisclosed dangers to the offspring of pregnant women who took the drug.

Despite the lower court's clarity on how it approached this question, GSK suggests that "GSK's contacts with Illinois that were unrelated to respondents' claims *somehow* counted anyway." Supp. Br. 7 (emphasis added). The vagueness of the assertion is telling, because non-Illinois contacts played no role in the court's analysis.[2] Nothing in the court's analysis and rational implicate the "sliding-scale" approach this Court found wanting in *BMS*.

GSK also scores the Illinois Appellate Court for failing to devote even "a word to the issue [of federalism]." Supp. Br. 9. It is a strange and false criticism, as the court explicitly considered "the interest of other states." Pet. App. 31a. Even so, detailed consideration of federalism was immaterial because the court below concentrated its analysis on the Illinois-based contacts related to the Plaintiffs' claims. There cannot be any question that Illinois asserted its own sovereign interests.

Perhaps, in circumstances like *BMS*, where there was no defendant conduct in the forum state related to the out-of-state claims, it is conceivable that the "federalism interest may be decisive." *BMS,* 137 S. Ct. at 1780. Still, *BMS* did not purport to overrule the holding of *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694 (1982), that personal

---

[2] Even if out-of-state contacts did somehow seep into the court's unarticulated consciousness, the decision below makes plain the court's complete awareness that in-state contacts provide the only basis for specific jurisdiction, *see, e.g.,* Pet. App. 19a. GSK's plea for review is contrary to this Court's rules, which eschew certiorari when the asserted basis consists of the "misapplication of a properly stated rule of law." Rule 10.

jurisdiction requirement "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Id*. at 702. If that were not so, then personal jurisdiction would not be subject to waiver, *see id*., because an individual cannot waive a sovereign's interest. The restriction on a State's exercise of jurisdiction is a matter of due process, not state authority. The Illinois court had no reason, given the evidence of in-state conduct before it, to engage in a further federalism exegisis.

*BMS*'s discussion of *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770 (1984), also does not impose the limitation GSK claims, Supp. Br. 9-10, and thus provides no additional support for a grant of certiorari. GSK asserts that *BMS* held that *Keeton* foreclosed claims without in-state injuries. Supp. Br. 10. That is not what this Court held. Instead, *BMS* recognized that *Keeton* involved a sufficient in-state affiliation between conduct and claim, allowing "New Hampshire to consider the full measure of the plaintiff's claim" and making recovery of out-of-state injuries and damages "a merits question governed by New Hampshire libel law." 137 S. Ct. at 1773 (citation omitted).

In sum, nothing in the *BMS* decision provides any basis for summary reversal or a GVR.

## II. THIS COURT SHOULD DENY THE PETITION.

The remaining issue raised in the Petition – proximate cause versus but for causation as the level of affiliation needed between conduct and claim – also provides no warrant for anything but denial of the Petition. Choosing between alternative causal standards that should attach the connection between

in-forum conduct and the claims was not decided below, as GSK supported but-for causation as an appropriate test below. *See* Pet. App. 7a-8a, 26a. Moreover, the intervening cases raised in the GSK's supplemental brief do not further any alleged circuit split.

On the issue of causation, the Illinois Appellate Court did not articulate a casual standard to be applied and heard no debate on that question. It merely held that the plaintiffs' claims arise out GSK's Illinois clinical trials. Pet. App. 19a-23a, 25a-29a. It did note, however, that GSK urged it to apply a but-for inquiry. Pet. App. 26a. Having urged that test upon the court below, whether or not is was actually used, GSK cannot now complain that the standard constitutes error. *See Wharton v. Furrer,* 620 F. App'x 546, 548 (7th Cir. 2015) ("A party cannot complain of errors which it committed, invited, induced the court to make, or to which it consented.") (citation omitted).

Further, in its Supplemental Brief and to support the idea of a circuit split, GSK once again inaccurately states that the Seventh Circuit has rejected the "but-for" approach in favor of proximate cause, causing a split between what the Illinois courts utilize and what the federal courts in that state are obligated to follow. Supp. Br. 3; Pet. 22. To make this unfounded assertion, GSK relies upon *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 430 (7th Cir. 2010) (citation omitted), a case which found that a defendant's solicitation of customers in Illinois provided the necessary nexus to the claim for jurisdiction. GSK seizes upon *dicta*, in which the court is critical of the but-for test to assert that federal courts would have reached a different result from the one below. *See* Supp. Br. 3, citing *uBID,*

*Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 430 (7th Cir. 2010). However, the *uBid* Court specifically disclaimed any interest in choosing between the proximate-cause and but-for tests. *uBid,* 623 F.3d at 430 ("We have not previously endorsed either approach, and we decline to do so now.") (citation omitted). Instead, the court said neither concept was "entirely satisfactory" and suggested a non-tort based test worth exploring. *Id*.

In the two District Court opinions written by the same jurist in related cases that GSK invokes, the but-for test is utilized, at least in name, but the court merely followed precedent. A third California-based U.S. District Court cited by GSK, Supp. Br. 5, simply recognizes that Ninth Circuit precedent requires the court to determine "whether the claim arises from the defendant's forum-related activities … by 'apply[ing] a but for test.'" *Pellegrini,* 2017 WL 2908794, at *5, relying on *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (citation omitted). However, as M.M. pointed out in her Brief in Opposition, at 15, the Ninth Circuit's but-for test is fundamentally indistinguishable from proximate cause. These new decisions by *federal district courts* do nothing to create or deepen any split among the *circuits*.

Given the paucity of decisions exploring the question GSK seeks to present and the open issue of whether *BMS* will force courts to devise a test for the scope of affiliation needed for personal jurisdiction to exist, there is no reason to determine the issue at this time, particularly in the context of this case, a poor vehicle for such a determination. For that reason, the issue presented comprises one where further percolation is warranted.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that certiorari be denied.

Respectfully submitted,

September 11, 2017

Robert S. Peck
*Counsel of Record*
CENTER FOR CONSTITUTIONAL LITIGATION, P.C.
One Riverside Park
Suite 12A
New York, NY 10069
(202) 944-2874
robert.peck@cclfirm.com

Tor Hoerman
Kenneth Brennan
Steven Davis
Tyler Schneider
TORHOERMAN LAW LLC
227 West Monroe Street
Suite 2650
Chicago, IL 60606
(312) 372-4800
Tor@thlawyer.com
kbrennan@thlawyer.com
sdavis@thlawyer.com
tyler@thlawyer.com

*Counsel for Respondents*