UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE –MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | * | SECTION "L" |
| THIS DOCUMENT RELATES TO: | * * | |
| | * | JUDGE FALLON |
| ALL CASES | * | MAG. WILKINSON |

* * * * * * * * * * * * * * * * * * *

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF INTERIOR EXTERIOR BUILDING SUPPLY, L.P.'S MOTION FOR INJUNCTIVE RELIEF**

**MAY IT PLEASE THE COURT:**

Counsel for Interior Exterior Building Supply, L.P. ("InEx") submits this *Supplemental Memorandum in Support of Interior Exterior Building Supply, L.P.'s Motion for Injunctive Relief* ("Supplemental Memorandum") to clarify the relief sought by InEx considering the Burns'[1] *Memorandum in Opposition to Interior Exterior Building Supply, L.P.'s Motion for Injunctive Relief* [Rec. Doc. No. 21032] ("Opposition"). The *Original Memorandum in Support of Interior Exterior Building Supply L.P.'s Motion for Injunctive Relief* [Rec. Doc. No. 20891-1) ("Original Memorandum") and Exhibits are incorporated by reference. For the reasons set forth in the *Original Memorandum* and below, InEx's *Motion for Injunctive Relief* should be granted.

---

[1] Capitalized terms used in this *Supplemental Memorandum* shall have the same meaning as those defined in InEx's *Original Memorandum* and the *Amended InEx Settlement Agreement* [Rec. Doc. No. 12258-3]. InEx cited the *InEx Settlement* as [Rec. Doc. No. 8628-3] in its *Original Memorandum*. Citing to the *Amended InEx Settlement Agreement* is more appropriate although the *Amended InEx Settlement Agreement* made only minor modifications that did not materially alter the settlement. *See* [Rec. Doc. No. 12258-1 at p. 3]. Thus, "InEx Settlement" in this *Supplemental Memorandum* refers to the *Amended InEx Settlement Agreement* [Rec. Doc. No. 12258-3], which is also incorporated by reference.

1

I.  **NEITHER THE BURNS NOR LIVERS OPPOSE INEX'S MOTION FOR INJUNCTIVE RELIEF AS TO LIVERS' CLAIMS OR ACTIONS AGAINST INEX.**

In response to InEx's *Motion*, the Burns' *Opposition* sets forth various colorful, equitable arguments[2] as to why this Honorable Court should not grant InEx's *Motion for Injunctive Relief as to the Burns' claims against Livers* because "comity and equitable factors weigh heavily against injunctive relief preventing the Burns from pursuing their claims against Livers." [Rec. Doc. No. 21032 at p.18]. In contrast, the Burns' *Opposition* makes clear that the Burns do not object to this Court entering an injunction barring the Livers' third-party demand, or any other claims or actions, *against InEx*. *See e.g.*, *id*. at p. 10 ("This Honorable Court's issuance of an injunction against Livers from pursuing a third-party demand against InEx is of no concern to the Burns."); *id*. at p. 18 ("The Burns do not oppose this Court's issuance of an injunction insofar as it restricts the ability of Livers to pursue its third-party demand against InEx.").

Because issuing an injunction barring Livers from proceeding against InEx "is of no concern to the Burns" and Livers failed to oppose InEx's *Motion for Injunctive Relief*,[3] InEx files this *Supplemental Motion for Injunctive Relief*, *Supplemental Memorandum in Support*, and *Supplemental Order* to ask this Honorable Court to enjoin Livers from maintaining, continuing, prosecuting, and/or commencing any claim or action, pending or future, *against InEx* that arises

---

[2] For example, Burns argues "Livers is estopped from availing itself of" the Louisiana defenses of *res judicata* and peremption because Louisiana courts denied Livers of such relief due to Livers alleged "specific knowledge of the existence of the CDW which it installed in the Property and the existence of MDL 2047." [Rec. Doc. No. 21032 at pp. 9-10].

[3] Local Rule 7.5 requires any party opposing a motion to "file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." The noticed submission date is October 18, 2017 at 9:00 a.m. [Rec. Doc. No. 20967]. Therefore, Livers failed to oppose InEx's *Motion for Injunctive Relief* when it failed to "file and serve a memorandum in opposition to the motion" by October 10, 2017.

from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall. This specific relief has merit and is not opposed by any party and therefore should be granted by this Honorable Court if the Court does not grant the relief requested in InEx's *Original Motion for Injunctive Relief*.

**II. INEX'S MOTION FOR INJUNCTIVE RELIEF AS TO ANY PRESENT OR FUTURE CLAIMS OR ACTIONS BY BURNS AGAINST INEX IS ALSO UNOPPOSED AND SHOULD BE GRANTED.**

The Burns' *Petition for Damages* and the Burns' *Opposition* make clear that the Burns have no claim or action against InEx. *See e.g.,* [Rec. Doc. No. 21032 at p. 9] ("Livers filed this Third-Party Demand against InEx to complicate this litigation wherein the Burns have never made any allegations against InEx."); *id.* at p. 15 ("the Burns have not asserted any claims against InEx, the party actually seeking the injunction."). Nor can they have a claim. The Burns' do not allege any relationship with InEx in either pleading. The Burns were not in privity of contract with InEx. The Burns have no "exceptional circumstances" or claims of fraud to raise *against InEx*. Even if such claims or actions existed, they would be barred by the *InEx Settlement* and this Court's bar order and permanent injunction within the Court's *Order and Judgment*.

InEx believes the Burns' action against Livers is barred by the *InEx Settlement* and this Court's *Order and Judgment* for the reasons addressed in InEx's *Original Memorandum* (incorporated by reference). Thus, the Court can grant the relief requested in InEx's *Original Motion for Injunctive Relief*. Even if it does not, however, this Honorable Court should grant InEx's *Motion for Injunctive Relief as to the Burns' present or future claims or actions against InEx* because such requested relief has merit and is unopposed. The Burns' only opposed InEx's *Motion for Injunctive Relief* "to the extent it prevents the Burns from pursuing its state court action *against Livers*." [Rec. Doc. No. 21032 at p. 10] (emphasis added).

Therefore, InEx now supplements its pleadings to clarify that it seeks the issuance of an injunction that enjoins the Burns from maintaining, continuing, prosecuting, and/or commencing

3

any claim or action, pending or future, ***against InEx*** that arises from, concerns, or otherwise relates, directly or indirectly, to Chinese Drywall. This supplementation of InEx's pleadings is for the sake of judicial efficiency because such relief is not opposed by any party.

## V. CONCLUSION

For all the foregoing reasons and the reasons set forth in InEx's *Original Motion for Injunctive Relief*, InEx submits that its *Motion for Injunctive Relief* should be granted. This Court has the authority to enjoin Livers from pursuing its claims against InEx in the Burns Litigation. Moreover, this Court has the authority to enjoin Burns from pursuing its claims, or any future claims, against InEx. This Court's power to provide this remedy is explicitly provided for in the InEx Settlement and specifically allowed by two of the three exceptions to the Anti-Injunction Act, and is unopposed by the Burns and Livers. InEx therefore respectfully requests this Court grant such injunctive relief.

Respectfully Submitted,

/s/ Philip D. Nizialek
PHILIP D. NIZIALEK (La. Bar No. 24180)
ANDREW J. BRIEN (La. Bar No. 37051)
Carver, Darden, Koretzky, Tessier, Finn,
Blossman & Areaux, LLC
1100 Poydras Street, 3100
New Orleans, LA 70163
Phone: (504) 585-3800
Fax: (504) 585-3801
Nizialek@carverdarden.com
Brien@carverdarden.com
*Counsel for Interior/Exterior Building Supply, L.P.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of October, 2017.

**I ALSO CERTIFY** that this document is being served this day on Matthew A. Sherman, One Galleria Boulevard, Suite 1100, Metairie, Louisiana 70001, attorney for Winston J. Burns, Jr. and Wendy B. Burns; and Ron A. Austin, Esq., Jevan Felming, Esq., and Lillian Williams, Esq., Ron Austin & Associates, L.L.C., 400 Manhattan Boulevard, Harvey, Louisiana 70059, and Elton F. Duncan, III, Esq., and P. Sinnott Martin, Esq., Duncan & Sevin, L.L.C., 400 Poydras Street, 12th Floor, New Orleans, Louisiana 70130, attorneys for Livers Construction, Inc. via U.S. mail on this 12th day of October, 2017.

/s/ Philip D. Nizialek
PHILIP D. NIZIALEK

4821-0546-7217, v. 2