**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | |
| PRODUCTS LIABILITY LITIGATION | * | CIVIL ACTION |
| | * | |
| | * | MDL NO. 09-2047 |
| | * | |
| | * | SECTION L (2) |
| THIS DOCUMENT RELATES TO: | * | |
| DANIEL AND AMY CARTER | * | |

## ORDER AND REASONS

Before the Court is Claimants Daniel and Amy Carter's motion for reconsideration. Rec. Doc. 20951. Defendant Knauf opposes the motion. Rec. Doc. 20965. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

**I.  BACKGROUND**

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used in the construction and refurbishing of homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of smelly gasses, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 829 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to be caused by the Chinese drywall. Accordingly, these homeowners began to file suit in various state and federal courts against homebuilders, developers, installers,

realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall.

Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 2047 in the United States District Court for the Eastern District of Louisiana.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf Entities and (2) the Taishan Entities. The litigation has focused upon these two entities and their downstream associates. The present motion relates to the proceedings against the Knauf Entities.

### A. Knauf Entities

The Knauf Entities are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf Entities are named defendants in numerous cases consolidated with the MDL litigation and litigation in state courts. The Knauf Entities first entered their appearance in the MDL litigation on July 2, 2009. *See* Rec. Doc. 18. On November 2, 2009, in Pretrial Order No. 17, KPT agreed to a limited waiver of service. *See* Rec. Doc. 401. On March 15-19, 2010, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. *See* Rec. Doc. 2713. For purposes of the trial, KPT stipulated that its Chinese drywall "emits certain reduced sulfur gases and the drywall emits an odor." *Id*. The Court found in favor of the plaintiff family in *Hernandez*, issued a detailed Findings of Fact and Conclusions of Law ("*Hernandez* FOFCOL"), *see id.*, and entered a Judgment in the amount of

$164,049.64, including remediation damages in the amount of $136,940.46, which represented a cost of $81.13 per square foot based on the footprint square footage of the house. *See* Rec. Doc. 3012.

Thereafter, on October 14, 2010, the Knauf Entities entered into a pilot remediation program with the Plaintiffs' Steering Committee ("PSC") in the MDL. This program was largely based upon the remediation protocol formulated by the Court in *Hernandez*. The Knauf pilot remediation program is ongoing and has, at present, remediated over 2,000 homes containing KPT Chinese drywall using the same protocol.

### B. Claimants' Procedural History

Claimants owned an affected property with Chinese drywall located at 261 W. Robert E. Lee Boulevard, New Orleans, LA 70124 (the "Property"). Rec. Doc. 20764 at 2. Claimants self-remediated the Property between February and April 2010. Claimants later filed claims against the Knauf Defendants and subsequently became class members to the Knauf Class Settlement Agreement. Claimants did not opt out of the Knauf Class Settlement Agreement and sought remedy and benefits under the Already Remediated Properties Protocol.

Initially, this matter came to mediation on February 15, 2017 before Special Master Daniel J. Balhoff ("Special Master") regarding Mr. and Mrs. Carter's Already Remediated Property claim. On April 27, 2017, the Special Master rendered an Opinion and Decree, which found (1) in favor of Knauf and (2) that the failure of Claimants to preserve evidence was prejudicial. Rec. Doc. 20764-1. Claimants then filed an objection to the Special Master's Opinion and Decree pursuant to Section 4.2.9 of the Knauf Class Settlement Agreement. Rec. Doc. 20764. This Court reviewed the record and briefing before the Special Master, the objection of Claimants, and the Knauf Defendants' opposition before overruling the objection on August 28, 2017. Rec. Doc. 20933.

## II. PRESENT MOTION

Claimants' motion is based on Federal Rule of Civil Procedure 53(f)(1), which provides:

> Opportunity for a Hearing; Action in General. In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions.

FED. R. CIV. P. 53(f)(1). Specifically, Claimants argue that the Court entered its August 28, 2017 Order and Reasons overruling Claimants' objection without providing Claimants "an opportunity to be heard . . . ." Claimants ask this Court to reconsider its ruling and conduct a hearing regarding Claimants' objection to the Special Master's report.

## III. LEGAL STANDARD

A motion that calls into question the correctness of a judgment is typically a motion under Federal Rule of Civil Procedure 59(e). *Bodin v. Gulf Oil Corp.*, 877 F.2d 438, 440 (5th Cir. 1989) (citing *Harcon Barge Co. v. D&G Boat Rentals Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1989)). Rule 59(e) motions must be filed within 28 days of the final judgment. FED. R. CIV. P. 59(e). When deciding whether to grant a Rule 59(e) motion, the district court has considerable discretion. *Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *see also Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). In order to prevail on a Rule 59(e) motion to alter or amend the judgment, courts in this district have held that the moving party must prove that either: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is necessary is justified by an intervening change in the controlling law." *Flynn*, 348 F. Supp. 2d at 771; *see also Fidelity & Deposit Co. of Md. v. Omni Bank*, No. CIV. A. 99-1167, 1999 WL 970526, at *3 (E.D. La. Oct. 21, 1999). Additionally, a "[c]ourt's reconsideration of a prior order is an extraordinary remedy which should be used

4

sparingly." *Flynn*, 348 F. Supp. 2d at 771. The Fifth Circuit favors denial of Rule 59(e) motions to amend or alter. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2. F.3d 606, 610-11 (5th Cir. 1993), *In re Self*, 172 F. Supp. 2d 813 (W.D. La. 2001).

## IV. DISCUSSION

A motion to alter or amend a judgment filed pursuant to Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392 (E.D. La. 2016) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In the present motion, Claimants have not alleged any new evidence, manifest injustice or an intervening change in controlling law. Instead, Claimants' sole basis for reconsideration is an alleged manifest error of law because this Court overruled the objection without a hearing. Therefore, the only matter for the Court to review in determining whether reconsideration is appropriate is whether it was manifest error to overrule the Claimants' objection without conducting an evidentiary hearing.

This Court finds that Claimants' grounds for reversal under Rule 53(f)(1) are irrelevant because Claimants' objection to the Special Master's decision and the Court's scope of review of Special Master decisions are controlled by the Knauf Class Settlement Agreement—not Rule 53.

Pursuant to the Knauf Class Settlement Agreement, unless otherwise final and binding, decisions of the Special Master with respect to the Remediation Fund may be appealed by Settlement Class Counsel, the Knauf Defendants or an affected Class Member within 15 days of service of the Special Master's decision by filing an objection with the Court. *See* Rec. Doc. 20764 ("Knauf Class Settlement Agreement"), at § 4.2.9. "Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument." *Id.* The Court's decision on any objections will be final, with no further appeals permitted. *Id.*

5

In this case, Claimants are class members to the Knauf Class Settlement Agreement. As class members who did not opt out, Claimants are bound by the terms, requirements, and rules of the Agreement. Under the Knauf Class Settlement Agreement, Claimants and the Knauf Defendants submitted evidence and briefings to the Special Master. The Special Master conducted proceedings and permitted both parties to submit additional evidence into the record in support of their respective positions. Based on the briefing and evidence submitted by the parties, the Special Master rendered a decision denying the claim.

Prior to overruling the Claimants' objection, the Court had the full record of the proceedings before the Special Master to make its determination. Given the parties' extensive filings, the Court did not need an evidentiary hearing. Nor is one afforded "unless the Court orders otherwise." Knauf Class Settlement Agreement, at § 4.2.9. This Court's August 28, 2017 Order and Reasons to overrule Claimants' objection, without a hearing, was consistent with the terms of the Knauf Class Settlement Agreement and within the Court's discretion. Therefore, reconsideration of the Court's prior holding is unnecessary.

## V. CONCLUSION

Based on the foregoing, accordingly,

**IT IS ORDERED** that Claimants Daniel and Amy Carter's motion for reconsideration (Rec. Doc. 20951) is hereby **DENIED WITH PREJUDICE**.

New Orleans, Louisiana, this 6th day of November, 2017.

**ELDON E. FALLON**
United States District Judge