# EXHIBIT

# “F”




STATE OF MISSOURI )
) SS
CITY OF ST. LOUIS )

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| HANNAH DORMAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1622-CC00690-01 |
| vs. | ) | |
| | ) | Division No. 1 |
| BAYER CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court has before it Defendants' Motion to Dismiss and Motion to Stay. The Court now rules as follows.

Plaintiffs brought this action seeking damages for their injuries as a result of the implantation and use of Essure birth control devices. Plaintiffs contend that Defendants developed, tested, manufactured, distributed, promoted, marketed and sold the Essure device.

Defendants argue that Plaintiffs' claims against them should be dismissed because this court lacks personal jurisdiction over them, because Plaintiffs' claims are preempted by federal law, under the doctrine of forum non conveniens and for failure to adequately state a cause of action.



**Personal Jurisdiction**

Defendants contend that this Court lacks personal jurisdiction in this matter because Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc., are not at home in Missouri and twenty-eight of the thirty-two Plaintiffs are not Missouri citizens and do not allege they received the product in Missouri or were injured in Missouri.

When deciding on a motion to dismiss for lack of personal jurisdiction, the allegations of the petition must be given an intendment most favorable to the existence of the jurisdictional fact. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). ''The sufficiency of the evidence to make a prima facie showing that the trial court may exercise personal jurisdiction is a question of law.'' Bryant v. Smith Interior Design Grp., Inc., 310 S.W.3d 227, 231 (Mo. banc 2010). When personal jurisdiction is contested, it is the plaintiff's burden to show ''that defendant's contacts with the forum state were sufficient.'' Id. ''A reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish

facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process.'' Id.

''The primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum State.'' Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1779 (U.S. June 19, 2017). ''In order for a state court to exercise specific jurisdiction, the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum.'' Id. at 1780.

''[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'' Id. ''When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'' Id. at 1781.

In this case, Plaintiffs allege that jurisdiction is proper in this Court because Defendants and their agents committed torts in Missouri against all Plaintiffs including negligent and wrongful conduct in connection with the design, development, testing, promotion, marketing, distribution and labeling of Essure.

In paragraph 106 of their Amended Petition, Plaintiffs allege that this Court has specific personal jurisdiction herein because Defendants developed Essure, created a marketing strategy and label for it, and worked on its regulatory approval in St. Louis, Missouri. Plaintiffs contend that clinical studies that were conducted at Missouri hospitals using Missouri physicians as investigators were key to the regulatory approval of Essure. The record includes clinical study reports, medical journal articles and expert affidavits that support Plaintiffs' allegations.

The allegations of Plaintiffs' lawsuit herein arise out of and relate to Defendants' contacts with St. Louis, Missouri. Plaintiffs' claims stem from the alleged negligent testing, marketing, and labeling of Essure. Plaintiffs' allegations, which are supported by the record, directly connect these activities to St. Louis, Missouri. Plaintiffs seek adjudication of issues deriving from and connected with Defendants' activities in Missouri. The Court has considered Plaintiffs' Amended Petition and finds that it establishes facts adequate to invoke Missouri's long-arm statute and supports a finding of minimum contacts with Missouri sufficient to satisfy due

process. Accordingly, the Court finds that Plaintiffs have met their burden to show that this Court may exercise personal jurisdiction herein.

Defendants rely on Bristol-Myers Squibb in their argument that this Court lacks personal jurisdiction over the non-Missouri plaintiffs herein. In Bristol-Myers Squibb, the United States Supreme Court found that the sale of Plavix that injured plaintiffs in California did not confer jurisdiction over plaintiffs that were injured by Plavix in other states. 137 S. Ct. at 1781. This holding is distinguishable however, because the Supreme Court specifically pointed out that the defendants in Bristol-Myers ''did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California.'' Id. at 1778. In this case, Plaintiffs allege that Defendants engaged in these activities in St. Louis, Missouri. The reasoning in Bristol-Myers supports this Court's ruling that when the suit arises out of and relates to Defendants' contacts with Missouri, as Plaintiffs have shown here, the Court has specific personal jurisdiction over the lawsuit.

**Preemption**

Defendants contend that Plaintiffs' claims are expressly and impliedly preempted by federal law.

Federal law may preempt state law (1) where Congress defines explicitly the extent to which its enactments preempt state law; (2) in the absence of explicit statutory authority, where the federal law regulates conduct in a field that Congress intended for the federal government to occupy exclusively; and (3) to the extent that state law actually conflicts with federal law. English v. General Electric, 496 U.S. 72, 78-79 (1990); See also Silvey v. Mallinckrodt, Inc., 976 S.W.2d 497, 498-499 (Mo. App. E.D. 1998)(''The Federal Government is empowered under the Supremacy Clause of the United States Constitution to preempt state laws to the extent it believes that such action is necessary to achieve its purpose.'').

Defendants argue that Plaintiffs' claims are expressly preempted by the Medical Device Amendments of 1976 (MDA), 21 U.S.C. § 360k(a), to the Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 301 et seq., which established various levels of oversight for medical devices, depending on their risks. See Riegel v. Medtronic, Inc., 552 U.S. 312, 316 (2008).

Section 360k(a) of the MDA contains the express preemption clause relied on by Defendants. The text reads in relevant part:

> [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement-—(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

21 U.S.C. §360k(a).

''State requirements are pre-empted under the MDA only to the extent that they are different from, or in addition to the requirements imposed by federal law.'' Riegel, 552 U.S. at 330. ''Thus, § 360k does not prevent a State from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such a case 'parallel,' rather than add to, federal requirements.'' Id. (citing Medtronic, Inc. v. Lohr, 518 U.S. 470, 495 (1996)); See also Silvey, 976 S.W.2d at 501 (Section 360k does not preempt claims under Missouri law ''seeking damages for violation of FDA regulations.'').

In this case, Defendants contend that Plaintiffs' claims would impose state-law requirements different from those imposed

by the FDA on the design, manufacturing, labeling and testing of Essure devices. The Court has reviewed Plaintiffs' claims and finds that they do not seek to impose different or additional requirements on the design, manufacture, labeling or testing of Essure devices. Plaintiffs bring state law tort claims premised on violations of federal law, there are no alleged claims of fraud against the FDA, and no claims in the Petition seek to impose requirements in addition to or different from federal law. Plaintiffs' claims are not expressly preempted by Section 360k(a) of the MDA. See Riegel, 552 U.S. at 330.

Defendants contend that Plaintiffs' claims regarding failure to report adverse events are impliedly preempted under 21 U.S.C Section 337(a) which states in pertinent part that ''all such proceedings for the enforcement, or to restrain violations, of this Act [21 USCS §§ 301 et seq.] shall be by and in the name of the United States.''

Defendants' implied preemption argument relies on Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 347 (2001). In Buckman, the United States Supreme Court found that claims that a defendant committed fraud against the FDA were impliedly preempted. Plaintiffs' claims are premised on Defendants'

failure to warn and fraud against Plaintiffs and their physicians. Plaintiffs' claims are not impliedly preempted. See Riegel, 552 U.S. at 330; Silvey, 976 S.W.2d at

**Forum Non Conveniens**

Defendants argue that the claims of all Plaintiffs that are not Missouri residents should be severed and dismissed under the doctrine of forum non conveniens.

The permissive joinder of parties is governed by Rule 52.05(a). State ex rel. Nixon v. Dally, 248 S.W.3d 615, 616 (Mo. banc 2008). Rule 52.05(a) states as follows:

> Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and

> against one or more defendants according to their respective liabilities.

The policy of the law is to try all issues arising from the same occurrence or series of occurrences together. Bhagvandoss v. Beiersdorf, Inc., 723 S.W.2d 392, 395 (Mo. banc 1987); Bryan v. Pepper, 175 S.W.3d 714, 719 (Mo. App. S.D. 2005). Events arise out of the same series of transactions or occurrences when they have either a common scheme or design, or if all acts or conduct are connected with a common core, common purpose, or common event. Levey v. Roosevelt Federal Savings Association of St. Louis, 504 S.W.2d 241, 246 (Mo. App. 1973).

Plaintiffs claim that they were each damaged by the same wrongful conduct of the Defendants in the development, testing, manufacture, distribution, promotion, marketing, labelling and sale of the Essure device. Plaintiffs' claims against Defendants arise out of the same basic injuries, defects, duties, and same causes of action. Plaintiffs allege that they were all injured by Defendants negligent testing, marketing, and labeling of Essure that primarily occurred in St. Louis, Missouri. The alleged events for which Plaintiffs seek damages arise out of the same common scheme or design, and are connected

with a common core, common purpose, or common event. In addition, numerous questions of law and fact are common to Plaintiffs' claims herein, including questions regarding the research, testing and labelling of Essure as well as Defendants' alleged failure to report adverse events. The Court finds that Plaintiffs are properly joined under Rule 52.05(a) and their claims should not be severed.

Under the doctrine of forum non conveniens, a trial court has broad discretion to refuse to exercise jurisdiction, even if there is proper jurisdiction and venue, if the forum is seriously inconvenient for the trial of the action, and if a more appropriate forum is available to the petitioner. Anglim v. Mo. P. R. Co., 832 S.W.2d 298, 302 (Mo. banc 1992); Moyers v. Moyers, 284 S.W.3d 182, 187 (Mo. App. E.D. 2009).

''The trial court should weigh six important, but non-exclusive, factors in making its decision: 1) the place where the cause of action accrued; 2) the location of witnesses; 3) the parties' residence; 4) any nexus with the place of suit; 5) the public factor of the convenience to and burden on the court; and 6) the availability of another court with jurisdiction that affords a forum for the plaintiff.'' Moyers, 284 S.W.3d at 187.

''Any additional factors considered and the weight assigned to each depend upon the circumstances of the particular case.'' Id. ''In addition to the foregoing factors, the trial court shall consider whether proceeding in Missouri would cause injustice by oppressing the defendant or place an undue burden on the court.'' Id.

In considering a defendant's argument the Court must keep in mind that plaintiff's choice of a forum should not be disturbed except for ''weighty reasons'' and only if the balance is strongly in favor of the defendant. Anglim, 832 S.W.2d at 302. The mere fact a plaintiff might choose a forum based on a perception that a particular venue has a more favorable jury pool does not constitute a basis for dismissal. Euton v. Norfolk & Western Railway Company, 936 S.W.2d 146 (Mo. App. E.D 1996). The Court should honor a plaintiff's choice of forum if reasonable persons could differ with the decision to dismiss. Barrett v. Missouri Pacific R.R. Co., 688 S.W.2d 397, 399 (Mo. App. E.D. 1985).

This forum is not seriously inconvenient for the trial of the action, and there is no forum more appropriate. None of the six factors weigh heavily in favor of dismissal. The cause of

action accrued in part in the City of St. Louis, Missouri. Many witnesses will be located in the City of St. Louis. The record reflects that St. Louis was key to the marketing and development of Essure and that considerable discovery will occur here. Plaintiff Hannah Dorman was first injured in the City of St. Louis and other Plaintiffs were also first injured in Missouri. Plaintiffs Hannah Dorman, Shonda Dunn, Stephanie Johnson, and Markisha Morris reside in Missouri. The Court finds no significant burden on this Court to try the matter here. Finally, Defendants have not shown the availability of another forum that would be more convenient to hear all of Plaintiffs' claims.

The Court will not exercise its discretion to refuse to exercise jurisdiction under a forum non conveniens theory.

**Pleading Requirements**

Defendants contend that Plaintiffs have failed to adequately allege a cause of action.

Missouri is a fact pleading state. Jones v. St. Charles County, 181 S.W.3d 197, 202 (Mo. App. E.D. 2005). ''This requires that a petition contain a short and plain statement of facts to show the pleader is entitled to relief.'' Id.

''Although the petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions.'' Brock v. Blackwood, 143 S.W.3d 47, 56 (Mo. App. W.D. 2004).

Defendants contend that Plaintiffs have not adequately alleged a causal link between Defendants' alleged misrepresentations and their injuries. Plaintiffs allege that their physicians were unable to convey adequate risks and warnings as to the Essure devices before they were implanted in Plaintiffs due to Defendants' negligence in warning about adverse events related to Essure. Plaintiffs contend that their physicians would not have recommended Essure had they known of these risks and that Plaintiffs would not have had the devices implanted.

In paragraphs 680 through 689 of their Petition, Plaintiffs identify the misrepresentations made by Defendants and plead ultimate facts in support of each element of negligent misrepresentation.

In addition, Defendants contend that Plaintiffs failed to plead their fraud claims with the requisite particularity.

''Allegations of fraud must be pled with particularity.'' Batek v. Univ.of Mo., 920 S.W.2d 895, 900 (Mo. banc 1996)(citing Rule 55.15).

In this case, Plaintiffs have alleged in paragraphs 744 through 784 the specific fraudulent representations that they relied on as well as the material facts concealed and not disclosed by Defendants. Plaintiffs identify specific language that appeared online, in print advertising and on brochures as fraudulent. Plaintiffs have also identified specific inadequacies as to Essure's label. The Court finds that Plaintiffs' allegations are made with sufficient particularity.

The Court has reviewed the petition in this case and finds that Plaintiffs' allegations set forth the ultimate facts necessary to show their entitlement to relief.

**Motion to Stay**

Defendants seek to stay further proceedings in this matter until the resolution of a writ currently pending before the Missouri Supreme Court, Bayer Corporation v. Honorable J. Moriarty, SC96151.

''The granting or refusing of a stay of proceedings rests in the trial court's discretion, the exercise of which will not

be disturbed on appeal unless clearly abused.'' Green v. Miller, 851 S.W.2d 553, 556 (Mo. App. W.D. 1993). The Court has reviewed the record in SC96151 and finds that it is not entirely applicable to the issues in the case herein. The Court does not believe that a stay is warranted at this time.

THEREFORE, it is Ordered and Decreed that Defendants' Motions to Dismiss and to Stay are hereby DENIED.

SO ORDERED:

Michael K. Mullen
Presiding Judge

Dated: Oct 19, 2017