UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
|   DRYWALL PRODUCTS | * | |
|   LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN OPPOSITION TO CLAIMANTS' WILLIAM AND KELLY WAYNE'S MOTION TO GRANT LUMP SUM PAYMENT**

**NOW COME** the Knauf Defendants,[1] who file this Memorandum in Opposition to Claimants William and Kelly Wayne's Motion to Grant Lump Sum Payment to Wayne Family (Rec. Doc. 21060). Claimants seek to obtain the lump sum payment from the Remediation Fund of the Knauf Class Settlement Agreement pursuant to Sections 4.3.5.1 and 4.3.1.1 of the Knauf Class Settlement Agreement.[2] As described more fully below, a Claimant must meet all requirements of Section 4.4 of the Knauf Class Settlement Agreement to receive any benefit to the Remediation Fund, which includes the lump sum payment.[3] Moreover, any owner of a Foreclosed Property, must also comply with the requirements of Section 4.3.1.1, which calls for a showing that the Affected Property is a KPT Property as defined under the Settlement

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] In addition to seeking the Lump Sum Payment, the Waynes have previously submitted claims to the Other Loss Fund. The Waynes failed to make any claim to the Global, Banner, and InEX (GBI) settlement.

[3] Unless otherwise defined, capitalized terms are defined as they are in the Knauf Class Settlement Agreement.

Agreement, to qualify for the lump sum payment.[4]  The Waynes have failed to comply with Section 4.4 and otherwise cannot comply with Section 4.3.1.1 to show a 90% KPT percentage (KPT Property) to the Settlement Administrator.  Therefore, the claim for the lump sum payment should be denied.

## I.    Background

Claimants originally owned Affected Property[5] located at 576 Huseman Lane, Covington, Louisiana (the "Property").[6]   Thus, the Waynes are members are the "Residential Owner Subclass" of claimants, as they were original "Owners" with "Affected Property."[7]

As a result of a September 2011 sale of the Property at auction, the Property is classified as a "Foreclosed Property" under the Knauf Settlement Agreement, defined as any "Affected Property" owned by a Mortgagee.[8] For Foreclosed Properties, the Mortgagee − here, Regions Mortgage − may seek certain benefits, and the previous "Owner" − here, the Waynes − may be entitled to the lump sum payment under Section 4.3.1.1, but only to the extent the previous Owner can comply with *both* Sections 4.3.1.1 *and* 4.4, as fully more described below.

## II.   Requirements for the Lump Sum Payment Under the Knauf Class Settlement Agreement

Interpreting the Knauf Class Settlement Agreement according to its express terms, a Claimant can seek benefits from (1) the Remediation Fund, which includes the lump sum payment, (2) the Other Loss Fund, and (3) can also seek funds from the payment of Global,[9]

---

[4] Pursuant to Section 4.3.1.1 of the Settlement Agreement, Affected Property is a KPT property if there is a showing that the property has 90% or more KPT percentage. Rec. Doc. 16407-3 at pp. 14-15 (Knauf Class Settlement Agreement).
[5] "Affected Property" under the Knauf Class Settlement Agreement includes any real or personal property, residential or commercial, containing "KPT Chinese Drywall." *Id*. Section 1.3, at p. 1.3.
[6] Rec. Doc. 21060 at p. 1 (Claimants' Motion to Grant Lump Sum Payment to Wayne Family).
[7] Rec. Doc. 16407-3 Section 1.1.2.1, at p. 2 (Knauf Class Settlement Agreement).
[8] *Id*. Section 1.15, at p. 4.
[9] The Global settlement is also referred to as the "Insurer" settlement and the "Builder" settlement.

Banner, and InEx (GBI) settlement claims.[10] The lump sum payment is paid from the Remediation Fund.[11] The Knauf Class Settlement Agreement sets forth certain prerequisites under Sections 4.4 and 4.3.1.1, all of which must be satisfied before a claimant is entitled to the lump sum payment as part of the Remediation Fund.

### a. *Requirements Under Section 4.4 of the Knauf Class Settlement Agreement*

Pursuant to Section 4.4 of the Knauf Class Settlement Agreement, in order to qualify for any benefits of the Remediation Fund, an owner must submit physical proof of photographic evidence or inspection reports that the Property contained KPT drywall.[12] An owner that has submitted proof, must then submit to an inspection pursuant to the protocol to identify (1) KPT Chinese Drywall, (2) corrosion, and (3) KPT Chinese Drywall percentage.[13]

In pertinent part, Section 4.4 of the Knauf Class Settlement Agreement specifically provides these prerequisites as follows:

> **4.4 Remediation Fund Qualifying Procedures**
>
> 4.4.1. In order to qualify for benefits of the Remediation Fund an Owner Subclass Member whose property has not already been remediated must submit physical proof such as photographic evidence or inspection reports satisfactory to the Settlement Administrator that the property has KPT Chinese Drywall.
>
> \*\*\*
>
> An Owner Subclass Member who has submitted satisfactory physical proof must submit his property for an inspection pursuant to the Inspection Protocol by an inspector retained by the Knauf Defendants to verify (a) that the property contains KPT Chinese Drywall, (b) proof of corrosion or other acceptable evidence that the KPT Chinese Drywall was reactive, and (c) the KPT Chinese Percentage (which will also determine whether the Affected Property is a KPT Property or a Mixed Property).

---

[10] Rec. Doc. 16407-3 (Knauf Class Settlement Agreement).
[11] *Id*. Section 4.3.1.1, at pp. 14-15, setting forth the Lump Sum Payment as an option for Program Contractor Remediation/ Property Not Yet Remediated (Section 4.3.1).
[12] *Id*. Section 4.4, at p. 27.
[13] *Id*.

3

***[14]

      b. *Additional Requirements Under Section 4.3.1.1 of the Knauf Class Settlement Agreement*

Section 4.3.1.1 of the Knauf Class Settlement Agreement sets forth further requirements to receive the lump sum payment; the lump sum payment may be paid only to KPT Property Owners at a rate of $8.50 per square foot for KPT Property less than 3,500 square feet.[15] KPT Property Owners means the Owners of KPT Property, which is defined as an Affected Property in which the KPT drywall percentage exceeds 90%.[16]

Section 4.3.1.1 states in pertinent part:

> 4.3     **Remediation Fund Benefits**
>
> ***
>
> 4.3.1.1 **Lump Sum Payment**
>
> 4.3.1.1.1 For KPT Properties that are less than or equal to 3,500 square feed "under air," as determined by the Lead Contractor or Other Approved Contractor and as set forth in the Sample Contractor-KPT Property Owner Agreement attached as an exhibit to the Remediation Protocol ("Under Air Area"), a single payment ("Lump Sum Payment") of $8.50 per square foot of the Under Air Area.[17]

***

In any event, Section 4.3.5.1 only applies if the Mortgaee supplies a release to the Knauf Defendants.[18]

---

[14] *Id.*
[15] *Id.* Section 4.3.1.1, at pp. 14-15.
[16] Rec. Doc. 16407-3 Section 4.4.1, at pp. 14-15 (Knauf Class Settlement Agreement).
[17] *Id.*
[18] *Id.* Section 4.3.5.1(a), at pp. 14-15.

**IV.    Claimants' Failed to Comply with Sections 4.4 and 4.3.1.1 of the Settlement Agreement and are Therefore Not Entitled to the Lump Sum Payment.**

Claimants were on notice of the several requirements to receive the lump sum payment under the Knauf Class Settlement Agreement, but have failed to satisfy them. Claimants have not submitted the requisite physical proof that the property has KPT Chinses Drywall to satisfy Section 4.1.1. In a similar vein, it is undisputed that the required evidence of KPT drywall percentage in the Property was not submitted in compliance with Section 4.3.1.1 of the Knauf Class Settlement Agreement, to allow the lump sum payment on a Foreclosed Property.[19]

First, in an effort to argue that their home was sufficiently composed of KPT Chinese Drywall, Claimants' Motion for Lump Sum Payment makes inadequate references to neighboring Sunrise Homes and a recently located video tape, which purportedly shows building materials for the property but has yet to be authenticated or otherwise approved for consideration by this Court.[20]

Second, while Claimants submit statements that they *believe* the Property contained sufficient percentages of KPT drywall, these unsupported statements are inadequate, unreliable, and inconsistent with the evidence presentation requirements under the Knauf Class Settlement Agreement.[21] There is no credible evidence or submission to allow the Knauf Defendants, the Court, or anyone else identify percentage of KPT drywall to determine whether Claimants' Affected Property was a KPT Property. The Knauf Class Settlement Agreement, which adopted Pretrial Order 1(B), was meant to avoid this exact situation and put Claimants on notice of the need to preserve and present physical evidence of manufacturer ID. Claimant's argument that they were not able to have the home inspected because of impending foreclosure is of no

---

[19] Rec. Doc. 21060 at p. 3-4 (Claimants' Motion to Grant Lump Sum Payment to Wayne Family).
[20] *Id.*
[21] *Id.*

consequence; the 90 percent KPT Chinese Drywall requirement to qualify as a KPT Property for purposes of receiving the lump sum payment is an integral part of the Settlement Agreement and is applicable to Claimants seeking to recover under 4.3.1.1.  Claimants have failed to Opt Out of the Knauf Class Settlement Agreement and are bound by its provisions.  Therefore, Claimants have failed to submit the requisite physical evidence of certain percentages of KPT Chinese Drywall in the Foreclosed Property, and thus, the lump sum payment cannot be granted under the Knauf Class Settlement Agreement.

Third, Section 4.3.5 requires that for any Foreclosed Properties, the Mortgagee is only entitled the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for Other Covered Expenses, if the Mortgagee became the Owner after foreclosure; remains the Owner of the Affected Property; *and provides a release to the Knauf Defendants and Other Releasees*.  Simply put, the Knauf Defendants have received no such release from the Mortgagee here, and thus, the benefits provided in 4.3.1 (including the Lump Sum Payment under 4.3.1.1) are not available.

V. **CONCLUSION**

The Knauf Class Settlement Agreement was followed properly by not granting the lump sum payment to the Wayne Family.  Claimants are class members of the Residential Owners Subclass and did not to opt-out of the Knauf Class Settlement Agreement, and are therefore bound by its terms and requirements.  For three reasons, Claimants should not be granted the lump sum payment: First, Claimants do not meet the requirements of Section 4.4 of the Knauf Class Settlement to benefit from the remediation fund.  Second, Claimants have not made a showing that their foreclosed property is a KPT Property (with a 90% or more KPT Chinese Drywall Percentage), which must be proven to have a successful claim for the lump sum payment.  Third, there has been no release provided from the Mortgagee to entitle Claimants to

the benefits of Section 4.3.1 of the Settlement Agreement. Therefore, the Wayne's claim for the lump sum payment should be denied.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:     (504) 566-8646
Facsimile:     (504) 585-6946
Email:         kjmiller@bakerdonelson.com
               ddysart@bakerdonelson.com
***Counsel for the Knauf Defendants***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 30th day of November 2017.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**