UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Gross v. Knauf Gips KG*, **2:09-cv-6690**<br>*Amorin v. Taishan Gypsum, 2:11-cv-1395*<br>*Amorin v. Taishan Gypsum, 2:11-cv-1673*<br>*Wiltz v. Beijing New Building Materials Public Limited Co.,* **10-cv-361** | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO VACATE PRELIMINARY DEFAULTS**

Defendants China National Building Materials Co., Ltd. ("CNBM Company"), Beijing New Building Material (Group) Company, Limited ("BNBM Group"), and Beijing New Building Materials Public Limited Company ("BNBM PLC") (collectively, the "Movants") respectfully submit this reply in support of their motion to vacate the entries of default against them in the above-captioned proceedings.

**I.      INTRODUCTION**

The PSC mistakes due process for obstruction—and vilifies Movants for asserting their rights. But the PSC spends little time addressing Movants' legal grounds to vacate defaults. The PSC devotes almost all of its brief to issues that are particular to Taishan, rather than the actual moving parties (CNBM and the BNBM entities)—for instance, Taishan's failure to appear for a debtor's examination, the Fifth Circuit's jurisdictional findings from 2014, even the Peng discovery issues (none of which involve Movants, or bear upon the motion to vacate defaults).

But this is not a motion by Taishan, and the PSC's refusal to address the merits of Movants' arguments is telling. The PSC never denies the continuing existence and applicability of Pre Trial Orders 1G and 1H, and it never explains how the Court can ignore the PSC's

decision not to file a Master Complaint, as those Orders plainly require. Instead, the PSC blames Movants for the "complexity" of an MDL where the PSC has elected to file overlapping complaints, "protective" complaints, duplicative complaints, and "omnibus" complaints. In the midst of the procedural morass created by the PSC, the Court's effort to lend order to the confusion through Pre Trial Orders was simple and elegant (and backed by MDL precedent). The specific question now before this Court is straightforward: Did the PSC file its Master Complaint and set in motion the response obligations clearly announced in 1G and 1H? And the answer is equally clear: It did not.

## II.     ARGUMENT

The PSC's brief is long on Taishan, and short on arguments against the good cause shown in support of Movant's motion. Movants address the PSC's few relevant claims, and show again why good cause exists to vacate the defaults.

### A.     Movants Could Not Willfully Default Under PTO 1G And 1H Absent A Notice Of Completion And Master Complaint.

The PSC spends a considerable amount of time surmising why, in its opinion, Movants did not appear before the Court. What it never addresses, much less answers, is the actual question raised by the Motion to Vacate: whether Movants were *obligated* to respond. Nowhere does the PSC explain why the Court should ignore its own Pre Trial Orders 1G and 1H, which state that no responsive pleading to any complaint is required unless and until the PSC files a Notice of Completion and Master Complaint. Until the time to file such a response has come and gone without action, the Court cannot enter—and should not have entered—a default. *See, e.g., Henderson v. Compass Groups,* No. 10-cv-447, 2010 WL 3488137, at *1 (M.D. La. Aug. 30, 2010) (pre-answer default motion is premature); *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. CIV A 307-CV-1728-D, 2008 WL 779919, at *3 (N.D. Tex. Mar. 25, 2008)

(where default entered prior to answer deadline, defendant is "entitled to set aside the default entered against him").

The PSC argues that this Court issued defaults, and the Fifth Circuit upheld other defaults entered against Taishan, despite the existence of Pre Trial Orders 1G and 1H. But the two specific examples the PSC cites[1] prove nothing: While it is true that the Court entered defaults in *Mitchell* and *Germano*, and that the Fifth Circuit upheld these orders on review, those defaults were entered against *Taishan only*, and not Movants. Even more important, those defaults against Taishan were entered *before* the Court issued Pre Trial Orders 1G and 1H.[2] By contrast, given these Orders, the later-entered defaults against Movants cannot stand.

The PSC's motivations are eventually laid bare: It intends to "achieve a class judgment for their remediation damages" (Opposition at 20), and the Pre Trial Orders—together with the Rules of Civil Procedure and Movants' insistence on their due process rights—"detract" from that plan. Without an obligation to respond, however, no party could be held in default. The PSC calls this a request for a "do-over," PSC Opp. at 20, but under the Court's order, nothing should have been done in the first place.

### B.  Vacating Defaults Will Not Prejudice Plaintiffs.

The PSC acknowledges that Plaintiffs "were required to preserve evidence." Opposition at 21. It claims, however, that this obligation does not "negate the prejudice Plaintiffs would suffer if the defaults are vacated" because the *Amorin* class will be "forced to start new with

---

[1] PSC Opposition (Rec. Doc. 21076-2) at 19-20 ("Certainly, when the Fifth Circuit upheld this Court's denial of Taishan's motions to vacate the *Germano* and *Mitchell* defaults, no Notices of Completion of Master Complaints were filed of record.").

[2] The *Mitchell* preliminary default was entered on September 23, 2009 (Rec. Doc. 277), the *Germano* preliminary default was entered on November 20, 2009 (Rec. Doc. 487), and the *Germano* default judgment was entered on May 11, 2010 (Rec. Doc. 2380). All of these actions took place *before* the court entered the relevant Pre Trial Orders, as PTO 1G was not entered until May 27, 2010 (Rec. Doc. 3348), and PTO 1H was not entered until October 25, 2010 (Rec. Doc. 6083).

proofs of liability." *Id.* But the Fifth Circuit has rejected this precise claim of injury: "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require [it] to prove [its] case." *See In re Martinez*, 589 F.3d 772, 778 (5th Cir. 2009). Were the PSC's contention correct, no default could ever be undone, thereby undermining the strong federal policy favoring resolution on the merits. Wright & Miller, *History and Policy of Default Judgments*, 10A Fed. Prac. & Proc. Civ. § 2681 (4th ed.) (explaining that "defaults are not favored by the law," "any doubts usually will be resolved in favor of the defaulting party," and "[d]efaults especially are disfavored in . . . actions" such as this one "in which substantial amounts of money are involved").

Ultimately the PSC focuses on delay. Yet its opposition does not even attempt to meet the rigorous standard for showing prejudice—i.e., proof that the delay that would result from undoing the defaults "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Far from it, the Court's orders here provided the PSC and claimants with the discovery they wanted, while reminding them to preserve the evidence already in their possession. Even the claim of delay is misplaced: As the PSC acknowledges, the parties have briefed and argued numerous threshold issues relating to jurisdiction, class certification, and class damages. Opposition at 19. With many of the weighty issues having been resolved at this level, vacating the defaults will not create impermissible delay.

### C. Movants Have Meritorious Defenses.

Having shown that Movants could not have defaulted (even willfully) without a Notice of Completion and Master Complaint, and that Plaintiffs will not be prejudiced merely by having to prove their case, the inquiry turns to whether Movants have potentially meritorious defenses. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). Movants have already achieved success with some defenses (e.g., effective dismissal of CNBM Company from all lawsuits filed outside of Louisiana). And the PSC ignores the meritorious

defenses identified in the motion to vacate. These include, but are not limited to, the defenses that (1) Plaintiffs have not demonstrated that the vast majority of Plaintiffs' homes contained Taishan drywall; (2) most of Plaintiffs' properties contained generic drywall that could have been manufactured by any company; (3) any alleged BNBM PLC drywall products were not defective; and (4) there is affirmative evidence that neither CNBM Company nor BNBM Group ever manufactured drywall for sale into the United States, and they had no role in Taishan's sales of drywall.

Finally, in response to Movants' arguments that the Court lacks jurisdiction and therefore could not enter defaults against Movants, or in the alternative, on behalf of certain Plaintiffs against certain Movants (e.g., in favor of non-Louisiana claimants against CNBM Company), the PSC could only counter that the matter was "pending before the Court."[3] Opposition at 22. Nor could the PSC advance any credible arguments, having filed so-called "protective" complaints in anticipation that non-resident claimants in the *Amorin* complaints would be dismissed. In short, the PSC does not contradict Movants' proof of meritorious defenses.

## III.    CONCLUSION

For all the PSC does say, it never explains how the Court can disregard its Pre Trial Orders, which made clear that no responsive pleading was due unless and until the PSC fulfilled its obligations thereunder. That the PSC still has not fulfilled these obligations, and continues to file additional omnibus complaints and complaints in intervention adding hundreds of claimants, shows that the defaults are premature. Plaintiffs will not be impermissibly prejudiced merely by having to prove their case, and Movants have meritorious defenses to raise at trial. The Court should vacate the preliminary defaults.

---

[3] Movants anticipate filing a request to certify for interlocutory appeal the Court's denial of their motion to dismiss pursuant to *Bristol-Myers Squibb* before the December 14, 2017 oral argument on the instant motion.

Dated: December 8, 2017

                                                                     Respectfully submitted,

                                                                     */s/ L. Christopher Vejnoska*

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Eric A. Shumsky (D.C. Bar No. 477926) |
| Eric Matthew Hairston (CA Bar No. 229892) | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Columbia Center |
| The Orrick Building | 1152 15th Street NW |
| 405 Howard Street | Washington, D.C. 20005 |
| San Francisco, CA 94105 | Tel: 202-339-8400 |
| Tel: 415-773-5700 | Email: eshumsky@orrick.com |
| Email: cvejnoska@orrick.com | |
|       ehairston@orrick.com | |

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel: 212-506-5000
Email: jstengel@orrick.com
      xiangwang@orrick.com
          *Counsel for CNBM Co., Ltd., BNBM (Group) Co., Ltd., and BNBM PLC*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
GORDON, ARATA, MONTGOMERY,
BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
Email: eeagan@gamb.law
      dcurrault@gamb.law

                        *Counsel for CNBM Co., Ltd.*

Harry Rosenberg (LA Bar No. 11465)
Phelps Dunbar LLP
365 Canal St., Suite 2000
New Orleans, LA  70130
Tel:  (504) 566-1311
Email:  Harry.Rosenberg@Phelps.com

*Counsel for BNBM (Group) Co., Ltd., and BNBM PLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendants' Reply in Support of Motion to Vacate Preliminary Defaults has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of December 2017.

> /s/ L. Christopher Vejnoska
> L. Christopher Vejnoska (CA Bar No. 96082)
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> The Orrick Building
> 405 Howard Street
> San Francisco, CA  94105
> Tel:  415-773-5700
> Fax: 415-773-5759
> Email:  cvejnoska@orrick.com
>
> *Counsel for CNBM Co., Ltd., BNBM (Group) Co., Ltd., and BNBM PLC*