UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 2047 |
| | : | SECTION:  L |
| **This matter relates to:** | : : | |
| | : | JUDGE FALLON |
| **Amorin, et al v. Taishan Gypsum Co., Ltd., et al, Case No. 11-1395 (EDLA)** | : : | MAG JUDGE WILKINSON |
| | : | |
| **Amorin, et al v. Taishan Gypsum Co., Ltd., et al, Case No. 11-1672 (EDLA)** | : : | |
| | : | |
| **Amorin, et al v. Taishan Gypsum Co., Ltd., et al, Case No. 11-1673 (EDLA)** | : : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | : | |

**PRE-TRIAL ORDER NO. 11A**
**(Supplemental Plaintiff Profile Form – Residential and Commercial Properties (Non-Knauf))**

On August 17, 2009, this Court issued Pre-Trial Order No. 11, which set forth Plaintiff and Defendant Profile Forms that were to be distributed to the appropriate parties and filed and returned to Plaintiffs' Liaison Counsel.  The Court now finds it necessary and appropriate for Supplemental Plaintiff Profile Forms to be completed and signed by every person making a claim in this litigation in the *Amorin* matters against any manufacturer of Chinese drywall, other than the Knauf Defendants.  Any person making a claim in this litigation in the *Amorin* matters and, in particular, those claimants identified on the list attached hereto as Exhibit "A,"[1] shall complete a Supplemental Plaintiff Profile Form in accordance with this Pre-Trial Order No. 11A.

---

[1] Exhibit A is attached for notice purposes only.

SUPPLEMENTAL PLAINTIFF PROFILE FORM ("SPPF")– RESIDENTIAL AND COMMERICAL PROPERTIES (NON-KNAUF):

1. **Completion of an SPPF by Each Plaintiff.**  Plaintiffs shall each complete and serve an SPPF using the Chinese Drywall online portal designed and provided by BrownGreer, PLC and accessible at www3.browngreer.com/drywall ("the Chinese Drywall Portal") in the form set forth in SPPF, Exhibit "B" and which is contained electronically on the Chinese Drywall Portal. Those Plaintiffs shall also produce with their SPPF all documents responsive to the document requests contained therein.

2. **Submission of an SPPF.**  A complete and verified SPPF and all responsive documents shall be submitted using the Chinese Drywall Portal on the following schedule: within forty-five (45) days from the date of this Pre-Trial Order.

3. **Extension of Deadlines.** The Parties may agree, for good cause shown, to an extension of the deadlines set in this Pre-Trial Order for the completion and service of SPPFs.  Any request for an extension by a Plaintiff shall be made by counsel for the Plaintiff or the *pro se* Plaintiff by sending a written request or an email to:

   I.  Defendants' Liaison Counsel (Harry Rosenberg, harry.rosenberg@phelps.com, or a designated successor), and

   II. Plaintiffs' Liaison Counsel's designated designee (Emma Kingsdorf Schwab, eschwab@bkc-law.com or a designated successor).

setting forth the complete reason and basis for the requested extension of time and the length of the time extension requested.  The Parties shall meet and confer on time extension requests, and if the Parties cannot agree on reasonable extensions of time or resolve the matter, the requesting Party may apply to the Court for such relief upon a showing of no prejudice.

4. **Use of the Chinese Drywall Portal.** Plaintiffs shall use the Chinese Drywall Portal to implement the provisions of Pre-Trial Order No. 11A regarding SPPFs as follows:

   a. Each Plaintiff required by this Order to submit an SPPF, shall, by counsel or as *pro se*, establish a secure online portal in the Chinese Drywall Portal online system and obtain authorized user names and secure login passwords to permit use of the Chinese Drywall Portal by such counsel or Plaintiff, unless such counsel or Plaintiff previously secured access to the Chinese Drywall Portal in this litigation.

   b. Plaintiffs' Liaison Counsel, Plaintiffs' Lead Counsel and their Attorney Designees, Defendants'[2] Lead Counsel and Defendants' Liaison Counsel ("DLC") (collectively, the "Leadership Counsel"), shall establish separate secure online portals with the Chinese Drywall Portal online system and obtain individual unique user names and secure login passwords to permit use of the Chinese Drywall Portal by such Leadership Counsel. Leadership Counsel shall have access to and be able to view, search and download all materials submitted by all Plaintiffs and by all Defendants. Plaintiffs' Liaison Counsel and Defense Liaison Counsel shall exchange the names, firm names and addresses of those attorneys appointed as Attorney Designees.

   c. Each Plaintiff shall use the Chinese Drywall Portal to obtain, complete or upload data, and serve the appropriate SPPF online (including the upload of PDFs or other electronic images, photographs and videos of any records required in the SPPF). Each Plaintiff shall provide a signed verification with their SPPF, which shall be signed in hard copy by the Plaintiff, uploaded and served through the Chinese Drywall Portal. The Plaintiffs' required verification and signature must be provided by each Plaintiff personally and cannot be performed by counsel for Plaintiff, although counsel is permitted to upload the verification and signature page to MDL Centrality.

   d. Service of a completed SPPF shall be deemed to occur when the submitting party has performed each of the steps required by the Chinese Drywall Portal to execute the online submission of the materials, and the submitting party has received confirmation on screen that the materials have been successfully submitted. The Chinese Drywall Portal shall provide timely notice by email and online to Leadership Counsel who have obtained user credentials in the Chinese Drywall Portal of the submission of the SPPF and shall provide access at that time to such

---

[2] "Defendants" as used herein shall refer to Taishan Gypsum Company Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd. and Taishan Gypsum Co., Ltd., and Taian Taishan Plasterboard Co., Ltd. (collectively, "Taishan"), Beijing New Building Materials Public Limited Company ("BNBM PLC"); Beijing New Building Material (Group) Co., Ltd. ("BNBM Group"); China National Building Materials Co., Ltd. ("CNBM").

3

> Leadership Counsel of the materials submitted.

> e. If a Plaintiff must amend a SPPF, all subsequent versions must be named accordingly ("First Amended Supplemental Profile Form," "Second Amended Supplemental Profile Form", etc.), and all iterations of a Party's Profile Form will remain available and accessible to all Parties to a case through trial, appeal (if any), or other resolution of the litigation.

> f. The Court may establish a secure online portal with the Chinese Drywall Portal online system and obtain an authorized user name and secure login password to permit use of the Chinese Drywall Portal by the Court.

5. **Failure to Provide a Complete and Verified SPPF.** Plaintiffs who fail to provide a complete and verified SPPF and all responsive documents requested in the SPPF within the time period set forth hereinabove shall be given notice by e-mail from DLC and shall, for good cause shown, be given twenty (20) additional calendar days from the date the DLC's notice e-mail is sent to cure such deficiency. Failure to timely comply may result in a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure, which may include a request for dismissal, in whole or in part, of a Plaintiff's claim. Upon such motion and/or as the Court deems just and proper, the Court may dismiss a claim for failure to cure a deficient SPPF.

6. **No Waiver of Attorney-Client Privilege or Work Product.** The use of the Chinese Drywall Portal by any Plaintiff or Plaintiff's counsel of record shall not alter or otherwise waive or affect any attorney-client privilege or work product doctrine protection otherwise available that would otherwise apply to a document in the absence of the use of the Chinese Drywall Portal. Any attorney notes placed on materials or documents stored or uploaded to the Chinese Drywall Portal shall be considered to be protected attorney work product unless and until the material is served on or purposefully disclosed to Defendants through the use of the Chinese Drywall Portal or otherwise. Pursuant to

Rule 502(d) of the Federal Rules of Evidence, this order with respect to privilege and work product doctrine protection applies to any other federal or state Chinese drywall proceeding.

7. **No Limitation on Scope of Use.**  With the exception of Confidential-Protected Information, nothing in the SPPF or any use or action in the Chinese Drywall Portal shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure and the admissibility of information shall be governed by the Federal Rules of Evidence and applicable law. No objections or rights are waived as a result of any response in an SPPF, the production of any documents with an SPPF, or documents previously maintained in the Chinese Drywall portal.

8. **Confidential-Protected Information.**  Documents or information provided by the Plaintiff or maintained in the Chinese Drywall Portal may contain information that is or will be designated as Confidential or Highly Confidential-Restricted Information pursuant to Pre-Trial Order 16 ("PTO 16").  In addition to materials already stamped "Confidential" or "Highly Confidential" under PTO 16, the "Producing Party" under PTO 16 has designated materials contained within the Chinese Drywall Portal as "Confidential" or "Highly Confidential" and such designation has been made by written notice previously submitted to the Leadership Counsel which identified the materials by recognized categories within the Chinese Drywall Portal.  Such categories of documents are designated as Confidential and Highly Confidential-Restricted Information subject to Protective Order pursuant to PTO 16 and further, the Producing Party is relieved of the obligation to produce a confidentiality log required in paragraph 32 of PTO 16.

9. **Applicability to Federal Rules of Civil Procedure.** Plaintiffs' responses to the SPPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

10. **Right to Additional Discovery.** Use of the SPPF shall be without prejudice to any party's right to serve additional written discovery, provided the additional written discovery is non-duplicative of the SPPF, and each party reserves the right to challenge or object to, pursuant to the Federal Rules of Civil Procedure, any additional written discovery served. New Orleans, Louisiana, this 23rd day of January, 2018.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE