UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PLAINTIFFS' LEAD AND LIAISON COUNSEL'S SUPPLEMENTAL MEMORANDUM
OF LAW IN SUPPORT OF THE MOTION FOR ADDITIONAL COMMON BENEFIT
ASSESSMENTS, FILED PURSUANT TO STEP FOUR OF PRETRIAL ORDER NO. 28[1]

Now that the Court has ruled that common benefit counsel are entitled to 52 percent of the aggregate fee award,[2] Plaintiffs' Lead and Liaison Counsel believe the time is right for the Court to rule on the related Motion for Additional Common Benefit Assessments, filed pursuant to Step Four of Pretrial Order No. 28 ("PTO 28"),[3] and award the same common benefit percentage to the attorneys' fees collected with respect to other Chinese Drywall cases or claims.[4] These additional assessments were contemplated by the Court in PTO 28 setting forth detailed procedures for the award of attorneys' fees, they are justified by common benefit

---

[1] Rec. Doc. 17379, ¶ 9.

[2] *See* Order and Reasons Setting Common Benefit Fees [Rec. Doc. 21168], at 24.

[3] Rec. Doc. 17831 ("Assessment Motion") filed July 9, 2014.

[4] Pursuant to Step Four of the multi-step process set forth in PTO 28, an assessment of common benefit fees is sought from any Chinese Drywall case or claim not participating as a Class Member or claimant in any of the various interrelated Class Action Settlement Agreements approved by the Court. *See* Rec. Doc. 17379, at ¶ 9; Rec. Doc. 17831-1 at 1. The various Class Action Settlement Agreements include Banner, InEx, Knauf, L&W, Global, and four Virginia Class Settlements.

jurisprudence, and they are essential to discourage "free riders" who take all of the benefits conferred by common benefit counsel without contributing to the prosecution and settlement of the litigation against Knauf and the other settling Defendants.

On January 10, 2014, the Court entered PTO 28 establishing a multi-step process "for the efficient presentation to th[e] Court to allow for the determination of making an award of attorneys' fees and reimbursement of litigation expenses, and subsequently an allocation from such an award."[5] The multiple steps in the fee award and allocation process include, among other things, the filing of a Global Fee Petition (Step Three), a request for common benefit assessments in other cases (Step Four), the establishment of common benefit and individual fees (Step Five), and a common benefit fee allocation (Step Six).[6] Step Three and Step Five have both been completed and ruled upon by the Court.[7] On July 9, 2014, the Assessment Motion to which this Supplemental Memorandum pertains was filed in order to satisfy Step Four of PTO 28.[8] That motion remains pending before the Court.[9]

The reasons for granting the Assessment Motion are discussed at length in the memorandum of law in support of that motion and there is no need to repeat them here.[10] The

---

[5] Rec. Doc. 17379, at 2.

[6] Rec. Doc. 17379, at 7, 8, and 9.

[7] Rec. Doc. 17700 (Global Fee Petition); Rec. Doc. 20257 (5/17/2016 Order on Global Fee Petition); Rec. Doc. 20282 (Allocation Motion); Rec. Doc. 21168 (1/31/2018 Order on Allocation Motion).

[8] Rec. Doc. 17831.

[9] The Step Six motion for allocation of common benefit fees among common benefit fee applicants has not yet been filed.

[10] *See, e.g.*, Rec. Doc. 17831-1, at 3-12 (discussing benefits conferred by common benefit counsel); Rec. Doc. 17831-1, at 12-18 (discussing legal basis for awarding additional common benefit assessments).

Assessment Motion sought the entry of an order addressing the entitlement of common benefit counsel to additional common benefit assessments but contemplated deferring a determination on the appropriate amount of that assessment.[11] Now that the fee award and allocation process has matured an additional two and a half years and the Court has allocated fees between common benefit and individual counsel pursuant to Step Five, Plaintiffs' Lead and Liaison Counsel believe that it is appropriate for the Court to not only find that common benefit counsel are entitled to a common benefit assessment for those cases but also to find that an assessment equal to 52 percent of the fees awarded in those cases is an appropriate award.[12]

In its January 31, 2018 Order, the Court acknowledged that the policy rationale for awarding common benefit fees is that it avoids unjust enrichment by parties benefiting from the work done by common benefit counsel.[13] The Court awarded 52 percent of the aggregate fee award to common benefit counsel, acknowledging that individual counsel had benefitted from the substantial work performed by common benefit counsel in the MDL including, but not limited to common benefit counsel's designing of procedures for the preservation of key evidence; establishing the Threshold Inspection Program; creating a catalogue of markings, brands, intakes and other identifying markers to assist claimants in determining the proper defendants; engaging in substantial complex discovery to secure experts and assemble scientific

---

[11] Rec. Doc. 17831-1, at 1.

[12] The requested 52 percent common benefit fee is just for cases and claims involving Knauf drywall. Certain common benefit counsel continue to pursue claims against the Taishan Defendants and, at an appropriate time, they anticipate seeking an assessment from any recoveries in the Taishan cases based on the significant additional complex effort required to prosecute those claims. In all likelihood, the request will be greater than the percentage awarded with respect to Knauf claims.

[13] Rec. Doc. 21168, at 8.

proof; conducting of bellwether trials that "established scientific proof of property contamination and damage due to the presence of Chinese manufactured drywall"; and establishing a protocol for properly remediating the damage which allowed for the ultimate settlement of the Plaintiffs' claims.[14]  Individual counsel in Chinese Drywall cases that did not participate in the various Class Action Settlement Agreements previously addressed in the Global Fee Petition are often the very same counsel as those with individual cases in the MDL that received Knauf settlement benefits.[15]  Therefore, these attorneys have benefitted in the exact same fashion from the common benefit work described by the Court.  To allow those counsel to retain all of their fee without compensating common benefit counsel for their work would unjustly enrich these "free riders."[16]

     For the above reasons, Plaintiffs' Lead and Liaison Counsel respectfully request that the Court grant the Motion for Additional Common Benefit Assessments, filed pursuant to Pretrial

---

[14] *See, e.g.*, Rec. Doc. 21168, at 10-12.

[15] The Chinese Drywall claims at issue in the Assessment Motion include the cases identified on pages 6-7 of the Memorandum of Law in Support of the Assessment Motion (*see* Rec. Doc. 17831-1, at 6-7), in addition to cases that have been recently filed (*see Descher, et al. v. Knauf GIPS KG, et al.*, 1:17-cv-249 (S.D. Miss.) (Plaintiffs represented by Stephen Mullins); *Little, et al. v. Taishan Gypsum Co. Ltd., et al.*, 13-cv-0612 (S.D. Ala.) (Plaintiffs represented by James V. Doyle, Jr.).  The Court already awarded a 50 percent common benefit fee arising out of the *Germano* action but that action was concluded in 2010 before much additional work was performed.  *See* Rec. Doc. 18725 at 3.

[16] As described in the Memorandum of Law in Support of the Assessment Motion, the Court unquestionably has the right to impose a common benefit assessment on fees earned in the affected cases. *See* Rec. Doc. 17831-1, at 18-9 (citing, among other cases, *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 606-07 (1st Cir. 1992) (court essentially used common fund fee award in trying to avoid free-rider problem); *Seaman v. Spring Lake Park Indep. Sch. Dist. No. 16*, 387 F. Supp. 1168, 1173 (D. Minn. 1974) (purpose of common fund doctrine is to apportion fees among beneficiaries and thereby prevent free-riding); *In re Vioxx Products Liab. Litig.*, 760 F. Supp. 2d 640 (E.D. La. 2010); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 1996 WL 900349 (E.D. Pa. Jun.17, 1996)).

Order No. 28 ("PTO 28"), and order that an assessment be paid to common benefit counsel in the amount of 52% of the fees awarded in all Chinese Drywall cases involving Knauf Chinese Drywall that did not participate in the class settlements approved by the Court.

        Respectfully submitted,

Dated: February 9, 2018    /s/ Russ M. Herman_____
             Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
             Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
             Stephen J. Herman, Esquire (Bar No. 23129)
             HERMAN, HERMAN & KATZ, L.L.C.
             820 O'Keefe Avenue
             New Orleans, LA 70113
             Phone: (504) 581-4892
             Fax: (504) 561-6024
             RHerman@hhklawfirm.com
             *Plaintiffs' Liaison Counsel MDL 2047*

             Arnold Levin (on the brief)
             Fred S. Longer (on the brief)
             Sandra L. Duggan (on the brief)
             Keith J. Verrier (on the brief)
             LEVIN, SEDRAN & BERMAN
             510 Walnut Street, Suite 500
             Philadelphia, PA 19106
             Phone: (215) 592-1500
             Fax: (215) 592-4663
             Alevin@lfsblaw.com
             *Plaintiffs' Lead Counsel MDL 2047*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 9th day of February, 2018.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*