**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE –MANUFACTURED | * | MDL NO.  2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION                                      * | | |
| | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO:          * | | |
| | * | |
| | * | JUDGE FALLON |
| ALL CASES | * | MAG. WILKINSON |
| * * * * * * * * * * * * * * * * * * * * | | |


**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER
DENYING LIVER'S MOTION FOR INJUNCTIVE RELIEF**


 **MAY IT PLEASE THE COURT:**

Defendant, Livers Construction, Inc.. ("Livers"), respectfully submits this
Memorandum in Support of its Rule 59(e)[1] Motion for Reconsideration of the Court's Order
(R. Doc. 21177) denying Livers's Motion for Injunctive Relief (R. Doc 21044 ).  As set forth
below, Livers's Motion for Reconsideration should be granted, and the Court should vacate
its prior Order denying Livers's Motion for Injunctive Relief.


**LAW AND ARGUMENT**

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re
Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  More specifically, Rule 59(e) is
properly invoked "to correct manifest errors of law or fact or to present newly discovered
evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations

---

[1] Rule 59 applies to final judgments.  *See, e.g., Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL
711842, at *2 (E.D. La. Mar. 5, 2012).  To the extent the Court were to conclude that its Order denying
Livers's Motion for Injunctive Relief is not a final judgment, the instant Motion for Reconsideration is
nevertheless proper under Rule 54(b).  "Indeed, [t]he general practice of courts in this district has been to
evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to
alter or amend a final judgment."  *Id.* (citations omitted).

omitted).  Rule 59(e) is also proper to avoid manifest injustice and to address intervening changes in controlling law.  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The court has "considerable discretion to grant or deny a Rule 59(e) motion for reconsideration."  *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1838061, at *1 (E.D. La. May 5, 2010) (citing Fed. R. Civ. P. 59(e); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993)).  In exercising this discretion, the court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.

There are four grounds upon which courts typically grant Rule 59(e) motions for reconsideration: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; and (4) an intervening change in controlling law.  See, e.g., *Ferguson v. Barnhart*, No. Civ.A. 02-0840, 2003 WL 21714987, at *1 (E.D. La. July 22, 2003); Brokerwood Prods. Intern. (U.S.), Inc. v. Midland 2000, Inc., No. Civ.A. 00-2991, 2001 WL 474292, at *1 (E.D. La. May 4, 2001).

This Rule 59(e) Motion for Reconsideration should be granted because, as set forth in more detail below, this Court's Order (R. Doc. 21177) denying Livers's Motion for Injunctive Relief (1) was manifestly erroneous as a matter of law; and (2) will result in manifest injustice to Allied.

I.      **The Court Committed Manifest Legal Error in Addressing the Burns' Allegations of Fraud Because the Burns Never Plead Fraud in the State Court Action**

In refusing to enjoin the Burns' state court action against Livers, the Court found that the Burns had "raised arguments" of fraud. The Burns argued Livers acted fraudulently by failing to inform the Burns of the possibility of Chinese drywall in their home and the existence of MDL 2047. While the Burns have made vague allegations of fraud before this Court, there are no fraud claims before the court in the state court action. The Burns have argued fraud in oral argument and in briefings to appellate courts. However, **the Burns have never plead fraud as a cause of action in the state court action**.

The Burns' Petition for Damages in the state court action states one cause of action against Livers: breach of contract[2]. The Burns' Petition for Damages does not contain any allegations that Livers construction failed to inform the Burns that their house may contain Chinese drywall, failed to inform the Burns of the existence of MDL 2047, or any other allegedly fraudulent activity whatsoever.[3] Tellingly, the Burns filed their Petition for Damages on April 21, 2016, yet have never amended their Petition to add any allegations of fraud.

Under Louisiana law, the trial court may only grant the relief warranted by the averments contained in the pleadings and the evidence. *Brown v. Brown*, 348 So.2d 699 (La. App. 1st Cir.1977); *Tassin v. Setliff*, 470 So. 2d 939, 940–41 (La. Ct. App. 1985); *Marino v. Marino*, 576 So.2d 1196 (La.App. 5th Cir.1991); *Wilson v. Wilson*, 30,445 (La. App. 2 Cir. 4/9/98), 714 So. 2d 35, 43. A trial court does not have jurisdiction to decide controversies which the litigants have not raised. *Gibson v. Gibson*, 592 So.2d 855 (La. App. 3d Cir.1991); *Danforth v. Claiborne Parish Police Jury*, 571 So.2d 707 (La. App. 2d Cir.1990). Thus, since the

---

[2] Exhibit A, Burns' Petition for Damages in the State Court Action.
[3] *Id.*

Burns have never plead fraud, the Burns' allegations are fraud are not before the state court.

The Anti-Injunction Act permits injunctions where necessary to "protect and effectuate judgments" of a federal court. By refusing to enjoin the Burns' state court action against Livers, the Court has created a loophole allowing Class Members like the Burns to essentially opt-out of the binding InEx Settlement Agreement and pursue barred claims against Settling Defendants like Livers. By simply alleging fraud in oral argument and briefing, without any evidence or actually pleading fraud in the state court action, the Burns have revived their Released Claims and are able to pursue Livers for damages in state court. This completely circumvents the intention and purpose of the InEx Settlement Agreement. Thus, the issue of an injunction barring the Burns' state court action against Livers is necessary to protect this Court's Judgment. The court should reconsider its prior Order and issue a new Order enjoining the Burns' state court action against Livers.

## II.    The Court Committed Manifest Legal Error In Determining the Burns' Allegations of Fraud are Outside the Scope of the InEx Settlement Agreement

The Court has already held both the Burns and Livers are members of the InEx Settlement Class. The Court's February 7, 2013 Order and Judgment Granting Final Approval to the InEx Settlements ordered that any and all InEx Class Members are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Action, Related Claims, or any action, pending or future against the InEx Settling Defendants that arises from, concerns, or otherwise related, directly or indirectly, to

Chinese Drywall.[4] As a "Downstream InEx Releasee," Livers is a InEx Settling Defendant. Thus, per the Courts February 7, 2013 Order and the terms of the InEx Settlement Agreement, the Burns are enjoined and forever barred from maintaining, continuing, or commencing any litigation or claim against Livers that is directly or indirectly related to Chinese Drywall. This would include any vague allegations that Livers fraudulently concealed the existence of the Chinese Drywall MDL.

The Court concluded the Burns' baseless allegations of fraud, if true, were outside the scope of the InEx Settlement Agreement. However, the InEx Settlement Agreement, specifically includes claims of fraud. The InEx Settlement Agreement defined "Released Claims" as any and all claims against any Settling Defendants whatsoever

> (a) Arising out of, in any manner related to, or connected in any way with Chinese Drywall, or the collective mitigation of, response to, and/or recovery from the damage caused by Chinese Drywall and/or **any act and/or failure to act** related in any way to any of the foregoing[5]

Section 4.1 enumerates several claims specifically included under "Released Claims" under the InEx Settlement Agreement. Section 4.1.3.29 lists "**Fraud**."[6] Thus, fraud is specifically listed as a "Released Claim" under the InEx Settlement Agreement.

The Court's holding that the Burns' allegations of fraud were outside the scope of the InEx Settlement Agreement was a manifest error of law. The InEx Settlement Agreement clearly and unambiguously includes fraud as a "Released Claim."[7] As a member of the Settlement Class, the Burns are precluded from prosecuting any Released Claim against Livers, a Downstream Releasee, related to Chinese Drywall, specifically including fraud. Thus, the Court's ruling that the Burns' allegations of fraud, if any, are outside the scope of

---

[4] R. Doc. 16570 at page 23.
[5] R. Doc. 8628-3 at page 11.
[6] *Id.* at page 15 (emphasis added).
[7] *Id.*

the InEx Settlement Agreement was in error. This has resulted in a manifest injustice forcing Livers to continue defending itself in the state action which should be enjoined by this Court. Thus, Livers respectfully requests the Court vacate its previous Order and enjoin the Burns' state court action against Livers.

## CONCLUSION

The Court has concluded that both the Burns and Livers are members of the InEx Settlement Class. Thus, both Burns and Livers fall within the jurisdiction of the MDL Court and the InEx Settlement Agreement and this Court's Judgment[8] are binding on them. However, the Court did not enjoin the Burns' state court action against Livers, claiming the Burns' allegations of fraud were outside the scope of the InEx Settlement Agreement.

In denying Livers' Motion for Injunctive Relief, the Court committed errors of fact and law that will result in manifest injustice to Livers. While the Burns made vague allegations of fraud in oral argument and briefings, **the Burns have never plead fraud in the state court action**. Thus, the Burns' "allegations" of fraud are not before the state court. Furthermore, even if the Burns could amend their Petition for Damages to properly plead fraud, the InEx Settlement Agreement clearly and unambiguously includes fraud as a "Released Claim."

Not only was this Court's Order denying Livers's Motion for Injunctive Relief manifestly erroneous as a matter of law, the Order has and will continue to result in manifest injustice to Livers. Livers will have to continue its defense in the state court action, even though all the Burns' claims against Livers are precluded by the InEx Settlement Agreement. Forcing Livers to continue to litigate the state court action, despite the fact all of the Burns' claims are precluded by the InEx Settlement Agreement, will not only result in

---

[8] R. Doc. 16570.

manifest injustice to Livers, but is a waste of judicial resources. This is a manifest injustice warranting reconsideration of the Court's Order.

For these reasons, Livers respectfully requests its Rule 59(e) Motion for Reconsideration be granted, and that this Court vacate its Order (R. Doc. 21177) denying Livers's Motion for Injunctive Relief.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

*[signature]*

**ELTON F. DUNCAN III, T.A. (LA 14967)**
**P. SINNOTT MARTIN (#37218)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: smartin@duncansevin.com
**Attorneys for Defendant Livers Construction, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record, via e-mail, through CM/ECF electronic filing, this 20th day of February, 2018.

*[signature]*