UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to: All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF
MOTION TO EXTINGUISH THE KNAUF DEFENDANTS'
SETTLEMENT OBLIGATIONS FOR CERTAIN REMEDIATION CLAIMS

The Knauf Defendants[1] file this Memorandum in Support of their Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims. Here, the Knauf Defendants seek to extinguish forty-one (41) Option 2 Remediation Claims. The Court should extinguish the Knauf Defendants' settlement obligations for the forty-one (41) claimants identified in Exhibit A because those claimants have failed to comply with the terms and requirements of the Knauf Class Settlement Agreement.[2]

I.   **BACKGROUND**

On February 7, 2013, the Court granted final approval to the Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("KCSA") [Doc. No.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 and subsequent Amendments to the agreement were filed with the Fourth Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 being the final and controlling agreement.

16570]. For KPT Property Owners that had not yet remediated their properties, the KCSA provided a self-remediation option ("Option 2") whereby KPT Property Owners selecting this option would select their own contractors to complete the remediation of the Affected Property. In order to receive benefits under Option 2, KPT Property Owners must meet four (4) remediation milestones in order for the Settlement Administrator to release the funding for the remediation:

- Milestone 1 (30%): Paid following proof of a binding contract between the KPT Owner and the license contractor.

- Milestone 2 (30%): Paid following proof of an Environmental Certificate and certification of removal of the electrical wiring, home security equipment, and copper gas lines in compliance with the Remediation Protocol

- Milestone 3 (30%) Paid following certification and proof of new drywall installation.

- Milestone 4 (10%) Paid following proof by the KPT owner to the Settlement Administrator that the remediation is complete according the Remediation Protocol and all liens have been released. [Doc. No. 16407-3 at § 4.3.2.2]

Exhibit A to this Memorandum is a list of forty-one (41) Option 2 claimants that were registered with the Settlement Administrator and have failed to complete all Milestones.

## II.    LAW AND ARGUMENT

   A.    *The Court Should Extinguish the Knauf Defendants' Settlement Obligations as to Claimants Identified in Exhibit A.*

The Court should extinguish the Knauf Defendants' settlement obligations for the claimants identified in Exhibit A because those claimants have failed to comply with the KCSA. Specifically, claimants identified in Exhibit A have been pending in the settlement program for years and have failed to complete all milestone requirements. [Doc. No. 16407-3 at § 4.3.2.2]. These claims have been outstanding for years and claimants have failed to submit the required documentation despite multiple reminders and requests from the Settlement Administrator.

2

Without resolving or extinguishing these claims, the Knauf Defendants are unable to close the Settlement Program and the Settlement Administrator will be unable to complete its administration of the KCSA. Therefore, the Knauf Defendants respectfully request that the Court extinguish the settlement obligations of the Knauf Defendants to these forty-one (41) claims.

### III.  CONCLUSION

For the foregoing reasons, the Court should extinguish the Knauf Defendants' settlement obligations for the claims identified in Exhibit A because those claimants have failed to comply with the Knauf Class Settlement Agreement.

> Respectfully submitted,
>
> **BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ, PC**
>
> /s/ *Kerry J. Miller*
> **KERRY J. MILLER (#24562) T.A.
> DANIEL J. DYSART (#33812)**
> 201 St. Charles Avenue, Suite 3600
> New Orleans, LA 70170
> Telephone:    504.566.8646
> Facsimile:    504.585.6946
> Email:        kjmiller@bakerdonelson.com
>
> *Counsel for the Knauf Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this **22nd** day of **February**, **2018**.

> /s/ *Kerry J. Miller*
> **KERRY J. MILLER**