MINUTE ENTRY
FALLON, J.
FEBRUARY 21, 2018

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL Docket No. 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAG. JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * *

The monthly status conference was held on this date in the Courtroom of District Judge Eldon E. Fallon. Prior to the conference, the Court met with liaison counsel and the chairs of the steering committees. Liaison Counsel reported to the Court on the topics set out in Supplemental Joint Report No. 97. (Rec. Doc. 21187). The conference was transcribed by Ms. Karen Ibos, Official Court Reporter. Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.

## I.   PRE-TRIAL ORDERS

All Pre-Trial Orders are posted on the Court's website located at www.laed.uscourts.gov, which has a tab that links directly to "Drywall MDL." The Court's website also includes other postings relevant to the litigation.

JS 10 (00:21)

On January 23, 2018, the Court entered Pre-Trial Order No. 11A (Supplemental Plaintiff Profile Form - Residential and Commercial Proprties (Non-Knauf)) [Rec. Doc. 21162].

On February 14, 2018, the Court entered Pre-Trial Order No. 11B, extending the time to file a Supplemental Plaintiff Profile Form (SPPF) [Rec. Doc. 21181].

II. STATE/FEDERAL COORDINATION

On March 18, 2010, the Court entered Pre-Trial Order No. 19 appointing State and Federal Coordination Committees. There are no state court trials presently set.

III. OMNIBUS ("OMNI") CLASS ACTION COMPLAINTS

The following is a list of filed Omni Complaints and Complaints in intervention:

Omni I:   *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D.La.). Omni IA, IB and IC have been filed. Numerous Motions to Dismiss have been filed.

Omni II:   *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D.La.). Omni IIA, IIB and IIC have been filed. Numerous Motions to Dismiss have been filed.

Omni III:   *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.), the PSC filed a Motion in Intervention (attaching a proposed Complaint in Intervention, *Mary Anne Benes, et al. v. Knauf Gips, K.G., et al.,* (E.D.La.) (Omni III). Omni IIIA has been filed. Numerous Motions to Dismiss have been filed.

Omni IV:   *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D.La.) (Omni IV). Omni IVA, IVB and IVC have been filed. Numerous Motions to Dismiss have been filed.

Omni V:   *Amato v. Liberty Mutual Ins. Co., et al.*, Case No. 10-932. Numerous Motions to Dismiss have been filed. On January 14, 2015, Plaintiffs filed a Motion to Amend Complaint by Interlineation [Rec. Doc. 18263]. On March 26 2015, the Court granted the Motion to Amend Complaint by Interlineation [Rec. Docs. 18551 & 18590].

Omni VI:      *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070. This Omni VI Complaint has been dismissed;

Omni VII:     *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al*, No. 11-080. Numerous Motions to Dismiss have been filed.

Omni VIII:    *Daniel Abreu v. Gerbrueder Knauf, et al*, No. 11-252. Numerous Motions to Dismiss have been filed.

Omni IX:      *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al*, No. 11-1077. Numerous Motions to Dismiss have been filed.

Omni X:       *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al*, No. 11-1363. Numerous Motions to Dismiss have been filed.

Omni XI:      *Benoit, et al v. Lafarge, S.A., et al*, No. 11-1893. Numerous Motions to Dismiss have been filed.

Omni XII:     *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, No. 11-2349. Numerous Motions to Dismiss have been filed.

Omni XIII:    *Richard and Constance Almeroth, et al, v. Taishan Gypsum Co., Ltd., et al.*, No. 12-0498. Numerous Motions to Dismiss have been filed.

Omni XIV:     *Jessica Cassidy, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, No. 11-3023. Numerous Motions to Dismiss have been filed.

Omni XV:      *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1672.

Omni XVI:     *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1395.

Omni XVII:    *Eduardo and Carmen Amorin, et al v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 11-1673.

Omni XVIII:   *Paul Beane, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al*, No. 13-609.

Omni XIX:     *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 14-1727.

3

Omni XX:  *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 15-4127.

Omni XXI:  *Jeremy Macon, et al v. Taishan Gypsum Co., Ltd., et al*, No. 1:17-cv-01287-VEH, United States District Court, Northern District of Alabama, Eastern Division (filed August 1, 2017).

Omni XXIV: *David and Melody Bright, et al v. Taishan Gypsum Co., Ltd., et al*, No. 2:17-cv-00035-FL, United States District Court, Eastern District of North Carolina (filed August 1, 2017).

Omni XXVII: *Andy Mertlitz, et al v Taishan Gypsum Co., Ltd., et al*, No. 5:17-cv-00140-RWS, United States District Court, Eastern District of Texas, Texarkana Division (filed August 1, 2017).

Omni XXIX: *Abner, et al v. Taishan Gypsum Co., Ltd., et al*, No. 2:11-cv-03094, United States District Court, Eastern District of Louisiana (filed August 1, 2017) [Rec. Doc. 20877].

Omni XXXII: *Kenneth D. Lockhead, et al v Taishan gypsum Co., Ltd., et al*, No. 7:17-cv-00294, United States District Court, Southern District of Texas, McAllen Division (filed August 1, 2017).

On August 31, 2017, Conditional Transfer Order No. 34 (CTO-34) From the MDL Panel was entered transferring the following Omnibus actions to the Eastern District of Louisiana:

Omni XXI:  *Jeremy Macon, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01287-VEH (N.D. Ala.) (EDLA No. 17-cv-8283)

Omni XXII:  *Debra Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02890-TWT (N.D. Ga.) (EDLA No. 17-cv-8285)

Omni XXIII:  *Donna Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17cv216H50-JCG (S.D. Miss.) (EDLA No. 17-cv-8287)

Omni XXIV:   *David and Melody Bright, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-00035-FL (E.D.N.C.) (EDLA No. 17-cv-8290)

Omni XXV:   *Harry DeOliveira, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 4:17-cv-02019-MDL (D.S.C.) (EDLA No. 17-cv-8291)

Omni XXVI:   *James and Deloris Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01146 (W.D. Tenn.) (EDLA No. 17-cv-8292)

Omni XXVII:  *Andy Mertlitz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 5:17-cv-00140 (E.D. Tx.) (EDLA No. 17-cv-8293)

Omni XXVIII:  *Randy Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, 4:17-cv-01286-KOB (N.D. Ala.)(EDLA No. 17-cv-8284)

Omni XXX:   *Kelly Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02892-AT (N.D. Ga.) (EDLA No. 17-cv-8286)

Omni XXXI:   *Lela and Melinda Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-217LG-RHW (S.D. Miss.) (EDLA No. 17-cv-8288)

Omni XXXII:  *Kenneth D. Lochhead and Maria L. Webste, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 7:17-cv-00294 (S.D. Tx.) (EDLA No. 17-cv-8294)

On March 15, 2016, the PSC filed a series of motions to dismiss Plaintiffs' claims [Rec. Docs. 20153-20162] dismissing hundreds of claims against Taishan, BNBM PLC, BNBM Group, CNBM Group, and CNBM Co. for failure to provide "sufficient indicia of product identification." On March 18, 2016 the Court entered Orders on the motions [Rec. Docs. 20165-20174]. Specifically, the following number of plaintiffs were dismissed from the listed Omnibus Complaints. The total number of properties being dismissed from the listed Omnibus Complaints. The total number of properties being dismissed from all the complaints combined is 268. The figures are not cumulative.

Omnibus Complaint II – 20 properties
Omni II (A) – 4 properties
Omni II (B) – 4 properties
Omni II (C) – 5 properties
Omni VII – 17 properties
Omni IX – 34 properties
Omni XIII – 56 properties
Omni XV – 265 properties
Omni XVI – 265 properties
Omni XVII –265 properties

On December 23, 2016, the PSC filed a Motion for Severance and Suggestion of Remand [Rec. Doc. 20614]. This matter was set for submission on January 18, 2017 and the matter is still pending.

On April 6, 2017, the PSC filed a Notice of Completion Pursuant to Pre-Trial Order No. 1(G) relating to amendments to Omnis XV, XVI, XVII and XX.

On June 15, 2017, Plaintiffs filed a Motion to Intervene into Omni XX [Rec. Doc. 20811]. On August 6, 2017, the Court issued an Order [Rec. Doc. 20900] granting the Motion to Intervene.

On June 22, 2017, the PSC filed a Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) relating to *Brooke, et al v. State-Owned Assets Supervision and Administration Commission of the State* Counsel (No. 15-6631 and 15-6632) UNDER SEAL [Rec. Doc. 20829]. On June 27, 2017, the Court entered a Sealed Order [Rec. Doc. 20843].

On June 30, 2017, Plaintiffs filed a Motion to Intervene in the *Brooke, et al v. State-Owned Assets Supervision and Administration Commission of the State* Counsel (No. 15-6631) matter [Rec. Doc. 20845]. On August 16,2017, the Court entered an Order [Rec. Doc. 20901] granting the Motion to Intervene.

On August 1, 2017, Plaintiffs filed a Motion to Intervene in the *Abner, et al v. Taishan Gypsum Co., Ltd., et al* (No. 11-3094) matter [Rec. Doc. 20877].   On August 16, 2017, the Court entered an Order [Rec. Doc. 20902] granting the Motion to Intervene.

On August 2, 2017, the PSC filed a Rule 6(b) Motion for Extension of Time for Service of Process Under Rule 4(m) relating to *Randy Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, 4:17-cv-01286-KOB (N.D. Ala.)(Omni XXVIII); *Jeremy Macon, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01287-VEH (N.D. Ala.)(Omni XXI); *Kelly Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-02892-AT (N.D. Ga.)(Omni XXX); *Debra Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-02890-TWT (N.D. Ga.)(Omni XXII); *Donna Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17cv216H50-JCG (S.D. Miss.)(Omni XXIII); *Lela and Melinda Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-217LG-RHW (S.D. Miss.)(Omni XXXI); *David and Melody Bright, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-00035-FL (E.D.N.C.)(Omni XXIV); *Harry DeOliveira, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 4:17-cv-02019-MDL (D.S.C.)(Omni XXV); *James and Deloris Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01146 (W.D. Tenn.)(Omni XXVI); *Andy Mertlitz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 5:17-cv-00140 (E.D. Tx.)(Omni XXVII); and *Kenneth D. Lochhead and Maria L. Webste, et al. v. Taishan*

*Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 7:17-cv-00294 (S.D. Tx.)(Omni XXXII) [Rec. Doc. 20885]; as well as (Exhibit A) Notice of Potential Tag-Along [Rec. Doc. 20886].

On November 1, 2017, Plaintiffs filed a Motion to Intervene [Rec. Doc. 21056] in the following matters: *Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-08288 (E.D.La.); *Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, 2:17-cv-08284 (E.D.La.); *Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-08286 (E.D.La.); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-04127 (E.D.La.); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-06631 (E.D.La.); and *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-06632 (E.D.La.). On January 3, 2018, the Court entered an Order [Rec. Doc. 21106] granting the Motion to Intervene.

On November 7, 2017, Plaintiffs filed an Omnibus Motion to Amend Protective Complaints by Interlineation [Rec. Doc. 21062] in the matters of *Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-08288 (E.D.La.); *Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-08284 (E.D.La.); *Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-08286 (E.D.La.); *Bright, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 2:17-cv-08290

(E.D.La.); *DeOliveira v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08291 (E.D.La.); *Lochhead, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08294 (E.D.La.); *Macon, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08283 (E.D.La.); *Mertlitz v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08293 (E.D.La.); *Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08285 (E.D.La.); *Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08287 (E.D.La.); and *Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 2:17-cv-08292 (E.D.La.).  On November 9, 2017, the Court issued an Order granting the motion [Rec. Doc. 21069].

On December 26, 2017, Plaintiffs' filed a Motion to Intervene in the matters of *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-04127 (E.D.La.) (Omni XX(c)); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-06631 (E.D.La.)(Third Omnibus Intervention Complaint); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-06632 (E.D.La.) (Second Omnibus Intervention Complaint) [Rec. Doc. 20115].

On January 26, 2018, Plaintiffs' filed a Motion to Intervene in the matters of *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-04127 (E.D.La.) (Omni XX(c)); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-

06631 (E.D.La.)(Third Omnibus Intervention Complaint); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Counsel*, 2:15-cv-06632 (E.D.La.) (Second Omnibus Intervention Complaint) [Rec. Doc. 21163].

## IV. PLAINTIFFS' MOTIONS TO ESTABLISH A PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

On March 22, 2011, the PSC filed a Motion to Establish a Court Supervised Account for Voluntary Deposit of Funds to Compensate and Reimburse Common Benefit Counsel [Rec. Doc. 8308]. On April 13, 2011, the Court entered an Order directing that any party may voluntarily deposit seventeen percent (17%) of settlement proceeds for common benefit fees (12%) and costs (5%) into the registry of the Court [Rec. Doc. 8545.] A number of voluntary deposits have been made to the Clerk of Court pursuant to the motion.

## V.  KNAUF REMEDIATION PROGRAM

The Lead Contractor in the Knauf settlements, Moss & Associates, continues to manage the remediation for program homes and condominium units. Remediation is complete on approximately 2,209 homes and 633 condominiums, work has begun on 1 home and no more remediations are scheduled.

To date, Moss has mailed out 2,847 Work Authorization packets to homeowners in the various states. Moss has received 2,847 executed Work Authorization

packets, and no Work Authorization packets are outstanding.  Homeowners and/or counsel

with questions about remediations may call Moss & Associates at 1-954-524-5678.

## VI. INEX, BANNER, KNAUF, L&W and GLOBAL SETTLEMENTS

On February 7, 2013, the Court entered an Order and Judgment: (1)

Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes, and (2)

Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements [Rec.

Doc. 16570]. On February 19, 2013, the Court issued an Order Correcting Clerical Error

[Rec. Doc. 16580] in the February 7, 2013 Order [16570].

On March 13, March 15, and April 24 2013, the Court entered Orders and

Judgments: (1) Appointing Allocation Committees for the INEX and Global Settlements;

and (2) Approving Allocation Plans for the INEX, Banner and Global Settlements [Rec.

Doc. 16609, 16616, 16782]. The registration period for the Knauf, Banner, INEX, Global,

and/or L&W Class Settlements expired on October 25, 2013 [Rec. Doc. 17157].

A representative from BrownGreer will be present at the status conference

to address settlement claims issues. BrownGreer filed Notices of Approved Claims

Administrator Procedures [Rec. Doc. 17090 and 17160]; these procedures are recited in

nine Claims Administrator Procedures from September 12, 2013 through September 11,

2014.  Further, the BrownGreer representative and Plaintiffs' Liaison Counsel will be

prepared to address the issue raised at the November 18, 2016 status conference regarding

uncashed checks issued by the Settlement Administrator.

On August 12, 2013, a Joint Notice of Filing of Settlement Documents was filed by PLC and KLC [Rec. Doc. 16978] attaching the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047, with attached exhibits.

On August 19, 2013, Class Counsel filed a Motion to Establish Various Qualified Settlement Funds (QSFs) and to Appoint Fund Administrator and Depository Bank relating to the Global, Knauf, Banner, InEx and L&W Settlements [Rec. Doc. 17009]. On September 9, 2013, the Court issued various Orders approving the QSF's [Rec. Docs. 17064 thru 17076]. The Whitney National Bank was substituted as Escrow Agent in place of US Bank as the depository bank for the Remediation Fund [Rec. Doc. 17219].

On October 19, 2016, the Knauf Defendants filed a Motion to Extinguish Settlement Obligations [Rec. Doc. 20517].  At the November 18, 2016 status conference, the Court permitted additional time for parties to file objections [Rec. Doc. 20553].  On December 22, 2016, the Court issued an Order granting the motion, except only as to certain cases listed in the Order [Rec. Doc. 20609].

On May 13, 2016, Villas at Oak Hammock filed a Motion to Vacate Order of Extinguishment [Rec. Doc. 20247].  On May 23, 2016, the Knauf Defendants filed their opposition [Rec. Doc. 20261].  Claimants filed a reply on May 23, 2016 [Rec. Doc. 20276]. This matter is under submission.

On August 7, 2017, Interior Exterior Building Supply, LP filed a Motion for Injunctive Relief [Rec. Doc. 20891].  On September 5, 2017, Arch Insurance Company filed a Motion and Incorporated Memorandum to Adopt Interior Exterior's Motion for

Injunctive Relief [Rec. Doc. 20941].  On September 22, 2017, an Unopposed Motion to Continue and Reset Submission Date for Interior Exterior Building Supply, LP's Motion for Injunctive Relief [Rec. Doc. 20966] was filed with the Court.  On September 25, 2017, the Court issued an Order [Rec. Doc. 20967] resetting the submission date for October 18, 2017. On October 10, 2017, Winston Burns, Jr. and Wendy Burns filed a Memorandum in Opposition to Interior Exterior Building Supply, LP's Motion Injunctive Relief [Rec. Doc. 21032].  On October 12, 2017, Interior Exterior Building Supply, LP filed a Motion for Leave to File Supplemental Motion for Injunctive Relief [Rec. Doc. 21042 and 21066] and a Request for Oral Argument [Rec. Doc. 21043].  On October 12, 2017, Livers Construction, Inc. filed a Motion to Intervene and Adopt Interior Exterior's Motion for Injunctive Relief [Rec. Doc. 21044].  On February 9, 2018, the Court filed an Order and Reasons granting the Motion for Permanent Injunction and denying Livers Construction, Inc.'s request for injunctive relief [Rec. Doc. 21177].

On September 26, 2017, a Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims was filed with the Court [Rec. Doc. 20968].

## VII. TAISHAN, BNBM AND CNBM DEFENDANTS

The Court has issued Orders establishing three (3) tracks in connection with proceedings involving the Taishan, BNBM and CNBM Defendants [*see*, Rec. Docs. 18757 and 18844].

1.      **The Court's July 17, 2014 Contempt Court Track:**

On June 20, 2014, the Court ordered Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. to appear in open court on July 17, 2014 to be examined as a judgment debtor [Rec. Doc. 17774]. Taishan failed to appear for the July 17, 2014 Judgment Debtor Examination and the Court held Taishan in contempt [Rec. Doc. 17869] and Ordered that Taishan pay $15,000.00 in attorney's fees to Plaintiffs' counsel; that Taishan pay $40,000.00 as a penalty for contempt; that Taishan, and any of its affiliates or subsidiaries be enjoined from conducting any business in the United States until or unless it participates in this judicial process, and if Taishan violates the injunction, it must pay a further penalty of 25% of the profits earned by the Company or its affiliate who violate the Order for the year of the violation.

A telephone status conference took place on September 17, 2015, and the Court issued a Minute Entry [Rec. Doc. 19526] setting an evidentiary hearing on spoliation, contempt, adverse inferences and possible penalties, if necessary, on November 10, 2015 at 9:00 a.m. The Evidentiary Hearing took place on November 17, 2015 and on December 15, 2015, the Court heard closing arguments from both sides regarding the November 17, 2015 hearing. On January 8, 2016, the Court entered Findings of Fact and Conclusions of Law [Rec. Doc. 19559].

On February 10, 2016, a Motion to Substitute Motion of Plaintiff-Intervenors and the Plaintiffs' Steering Committee to Enforce the Court's July 17, 2014 Contempt Order and Injunction and Accompanying Memorandum of Law In Support thereof [Rec. Doc. 20636] was filed with the Court. On February 13, 2017, Taishan filed

its Response In Opposition to PSC's Substituted Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20655],  BNBM filed its Memorandum of Law in Opposition to the Substituted Motion of the Plaintiff Intervenors and the Plaintiffs' Steering Committee to Enforce the Courts July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20668] and CNBM filed its Opposition to Plaintiffs' Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20659].  On February 16, 2017, Taishan filed a Supplemental to Taishan's Response in Opposition to PSC's Substituted Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction [Rec. Doc. 20664].  On February 22, 2017, Plaintiffs' Reply to Defendants' Oppositions to Plaintiffs' Motion to Enforce the Court's July 17, 2014 Contempt Order and Injunction was filed under seal [Rec. Doc. 20688].  On June 16, 2017, Plaintiff-Intervenors and the PSC filed a Notice of Errata for Substituted Motion to Enforce the Court's July 17, 2014 Contempt Order [Rec. Doc. 20813].

     **2.**      **<u>Class Damages Track:</u>**

On July 23, 2014, Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) was filed by Plaintiffs [Rec. Doc. 17883] and on September 26, 2014, the Court issued Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) [Rec. Doc. 18028], which also issued Legal Notice [Rec. Doc. 18028-1]. The PSC represented that notices were sent in accordance with the Court's Order.

On October 29, 2014, Plaintiffs filed a Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B) and Request for Approval of Supplemental Notice

[Rec. Doc. 18086] ("PSC's Motion for Assessment of Class Damages"). On March 2, 2015, Plaintiffs filed Proposed Findings of Fact and Conclusions of Law [Rec. Doc. 18405] with respect to the Motion for Assessment of Class Damages.  On May 8, 2015, Taishan moved to decertify the class [Rec. Doc. 18879] and the BNBM and CNBM entities joined in Taishan's motion [Rec. Docs. 18883 and 18885, respectively]. (*See* May 28, 2015 Minute Entry [Rec. Doc. 19035] and Transcript.)

An evidentiary hearing, with oral argument, on the PSC's Motion for Assessment of Class Damages occurred on June 9, 2015.

On September 8, 2015 the PSC notified the Court that its proposed class of claimants for remediation decreased again from 3,852 claimants to potentially fewer than 1,800 as a result of the Plaintiffs' voluntary dismissals. In response, Taishan submitted a supplemental class damages opposition to address the Plaintiffs' class damages revisions. [Rec. Doc. 19490.] Taishan also filed a motion to set a briefing schedule on class decertification. [Rec. Doc. 19546.] BNBM joined in Taishan's motion for a briefing schedule. On October 5, 2015, the PSC filed its Opposition [Rec. Doc. 19572].  The number of claimants has been the subject of ongoing meet and confer discussions and the PSC recently filed with the Court on July 25, 2017 the PSC filed its most recent updated Class Plaintiffs' spreadsheet (*see* Rec. Docs. 20824 and 20875).

On November 6, 2015, the PSC filed a Motion for Expedited Hearing on Setting Phased Individual Damage Trials Against Taishan [Rec. Doc. 19705]. On November 10, 2015, Taishan filed its preliminary response/opposition to the PSC's Motion for Expedited Hearing [Rec. Doc. 19712]. On November 12, 2015, the PSC filed

a Motion for Leave to File PSC reply and proposal for scheduling individual damages mini trials [Rec. Doc. 19721]. On November 16, 2015, BNBM filed its response to the PSC's motion for Individual Damage Trials [Rec. Doc. 19738]. The Court has not taken any action on the aforementioned PSC motions.

On December 23, 2016, the PSC filed a Supplemental Brief in Support of Motion for Class Damages, Reply to Taishan's Second Supplemental Response to Plaintiffs' Motion for Class Damages and Proposed Trial Plan [Rec. Doc. 20634]. On December 30, 2016, the Taishan Defendants filed a Motion to Exclude Portions of Plaintiffs' Supplemental Brief in Support of Motion for Class Damages [Rec. Doc. 20620], BNBM filed a Joinder [Rec. Doc. 20622] and on January 3, 2017, CNBM filed a Joinder [Rec. Doc. 20623]. On December 30, 2016, Taishan Defendants filed a Motion to Strike December 23, 2016 Declaration of Ronald E. Wright, P.E. [Rec. Doc. 20619], BNBM filed a Joinder [Rec. Doc. 20621], and on January 3, 2017, CNBM filed a Joinder [Rec. Doc. 20623]. On January 5, 2017, the PSC filed a Response to Taishan's Motion to Strike December 23, 2016 Declaration of Ronald E. Wright, P.E., and Taishan's Motion to Exclude Portions of Plaintiffs' Supplemental Brief in Support of Motion for Class Damages [Rec. Doc. 20625]. On April 21, 2017, the Court issued Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing [Rec. Doc. 20741]. On May 22, 2017, Taishan filed a Motion to Amend the Order Denying Class Decertification and the Class Damages Order and to Certify for Interlocutory Appeal Under Section 1292(b) [Rec. Doc. 20778]. On June 15, 2017, the PSC filed a Response in Opposition to Taishan's Motion to Amend the Order Denying Class Decertification

and the Class Damages Order and to Certify for Interlocutory Appeal Under Section 1292(b) [Rec. Doc. 20809].   On May 22, 2017, CNBM and BNBM filed a Motion to Certify an Immediate Appeal from the Court's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing (§ 1292(b) Motion #3) [Rec. Doc. 20781].   On May 23, 2017, the PSC filed a Motion for Extension of Time to Reset Hearing and for Expedited Consideration [Rec. Doc. 20785], on May 23, 2017, Defendants filed a Joint Response to the PSC's motion [Rec. Doc. 20787], and on May 25, 2017, the PSC filed a Reply in further support of its motion [Rec. Doc. 20797].   On June 1, 2017, the Court entered an Order [Rec. Doc. 20799] granting the PSC's Motion for Extension and setting a briefing schedule.   The Court held that the motions "will be set for submission without oral argument, on July 7, 2017.   If the Court determines oral argument would be helpful, it will schedule a hearing at a later date."

On June 20, 2017, the PSC filed an Updated Class Plaintiffs' Spreadsheet of Taishan Properties With Verified Under Air Living Square Footage Pursuant to the Court's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing Dated April 21, 2017 [Rec. Doc. 20824] [Rec. Doc. 20741].   On June 23, 2017, the PSC filed an Errata to the Updated Class Plaintiffs' Spreadsheet [Rec. Doc. 20837].   On June 27, 2017, the Baron & Budd, P.C.  filed a Supplemental Errata to the Updated Class Plaintiffs' Spreadsheet [Rec. Doc. 20841].   On July 10, 2017, the PSC filed the Second Errata to the Class Plaintiffs' Spreadsheet [Rec. Doc. 20859].   On July 25, 2017, the PSC filed a Supplemental Submission of An Updated Class Plaintiffs' Spreadsheet of Taishan Properties With RS Means Factors, Costs Per Square Foot, and Extended Costs in

Connection With the Court's FOFCOL Related to the June 9, 2015 Damages Hearing Dated April 21, 2017 [Rec. Doc. 20824] [Rec. Doc. 20875].  On August 2, 2017, the PSC filed an Addition and Errata to Plaintiffs' Steering Committee's Supplemental Submission of An Updated Class Plaintiffs' Spreadsheet of Taishan Properties With RS Means Factors, Costs Per Square Foot, and Extended Costs [Rec. Doc. 20887].   On August 22, 2017, the PSC filed Submission of Updated Discovery Materials, Documents, and Other Information Regarding Plaintiffs' Claims Against the Taishan Defendants [Rec. Doc. 20912].   On September 14, 2017, the PSC filed Submission of Updated Discovery Materials, Documents, and Other Information Regarding Plaintiffs' Claims Against the Taishan Defendants [Rec. Doc. 20952].

On June 30, 2017, the PSC filed an Analysis of All Taishan Claimants With Regard to Location of Their Properties [Rec. Doc. 20846].

On July 7, 2017, the Builder Plaintiffs filed their Renewed Motion for Class Certification Against Taishan [Rec. Doc. 20865].  The Builder Plaintiffs and Taishan have had discussions regarding a scheduling order for the Builder Plaintiffs' Renewed Motion for Class Certification.   Taishan has provided the Builder Plaintiffs with proposed discovery in relation to the motion.

**3.**      **Jurisdiction Track:**

On April 1, 2015, CNBM and CNBM Group filed a Motion for Order Preserving Defenses [Rec. Doc. 18581]. On April 2, 2015, the Court granted the motion [Rec. Doc. 18583].

On June 16, 2015, China New Building Materials Group, China New Building Materials Co., CNBMIT Co., CNBMIT Co., Ltd., CNBM USA Corp., and United Suntech Craft, Inc. filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) [Rec. Doc. 19179].

On September 18, 2015, CNBM Group filed a revised motion to dismiss based upon the Foreign Sovereign Immunities Act (FSIA) ("FSIA Motion"). [Rec. Doc. 19527.] On November 2, 2015, the State of Louisiana filed its response to the FSIA Motion [Rec. Doc. 19667], on October 29, 2015, the PSC filed its response UNDER SEAL [Rec. Doc. 19689], on November 24, 2015, CNBM Group filed a reply brief [Rec. Doc. 19798], on November 30, 2015, the PSC filed a Supplemental Response under seal [Rec. Doc. 19681]. On January 8, 2016, the PSC filed a Second Supplemental Response UNDER SEAL [Rec. Doc. 19980] and on January 12, 2016, CNBM Group filed their Second Supplemental Reply [Rec. Doc. 19962], pursuant to the Court's order permitting same [Rec. Doc. 19953].

On October 22, 2015, Beijing New Building Materials Public Limited Company filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) [Rec. Doc. 19646], and on October 26, 2015, Beijing New Building Material (Group) Co., Ltd. filed a Motion to Dismiss the Complaints Pursuant to Rules 12(b)(2) and 12(b)(5) [Rec. Doc. 19664].

On March 9, 2016, the Court granted the Motion to Dismiss by CNBM Group under the FSIA and issued Order & Reasons supporting its Judgment [Rec. Doc. 20150]. On December 12, 2016, the Plaintiffs' Steering Committee filed a Supplement

Omnibus Response in Opposition to Defendants' Motions to Dismiss [Rec. Doc. 20591]. On December 23, 2016, BNBM filed a Response to PSC's Supplement to Omnibus Response in Opposition to Defendants' Motions to Dismiss [Rec. Doc. 20615]. On April 21, 2017, the Court issued Order & Reasons on the various Motions to Dismiss [Rec. Doc. 20739].

### Additional Matters

On December 21, 2016, the PSC filed a Motion to Remove Confidentiality Designations With Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20598]. On February 13, 2017, Taishan filed its Response in Opposition to PSC's Motion to Remove Confidentiality Designations [Rec. Doc. 20654], BNBM filed its Opposition to Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations With Respect to Documents Produced By and Testimony of the Taishan Defendants [Rec. Doc. 20653], CNBM filed its Response to the Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations [Rec. Doc. 20658] and Jushi USA Fiberglass Co., Inc. filed its Response to the Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations [Rec. Doc. 20660]. On February 22, 2017, the PSC filed a Reply to Responses and Oppositions by Taishan, the CNBM Entities, Beijing New Building Materials Public Limited Company, Beijing New Building Materials (Group) Co., Ltd., and Jushi USA Fiberglass Co., Inc. to Motion to Remove Confidentiality Designation With Respect to Documents Produced By and

Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20684], and on April 27, 2017 the PSC filed a Supplemental Memorandum in further support [Rec. Doc. 20751]. Meet and confers between the parties took place in New Orleans, Louisiana, on March 27, 2017 and March 28, 2017.  The Court entered an Order on June 14, 2017 [Rec. Doc. 20805] continuing the hearing on this matter until the Court discusses the status of the litigation with Liaison Counsel.

On January 26, 2017, Taishan filed a Motion for Plan to Satisfy Translation Order [Rec. Doc. 20643], on February 10, 2017, Plaintiffs' Steering Committee's Alternative Suggestion to Taishan's Plan to Satisfy Translation Order was filed [Rec. Doc. 20651] and on February 17, 2017, Taishan filed a Reply in Further Support of Taishan's Motion for Plan to Satisfy Translation Order [Rec. Doc. 20672].  The Court entered an Order on June 14, 2017 [Rec. Doc. 20805] continuing the hearing on this matter until the Court discusses the status of the litigation with Liaison Counsel.

CNBM filed a Motion to Decertify the Class Action on January 5, 2017 [Rec. Doc. 20627], BNBM filed a Joinder on January 6, 2017 [Rec. Doc. 20631] and Taishan filed a Joinder on January 9, 2017 [Rec. Doc. 20632].  On February 13, 2017, the PSC filed an Plaintiffs' Opposition to Taishan Defendants' Motion to Decertify the Class Pursuant to Rule 23(c)(1)(C) [Rec. Doc. 20675].  On February 22, 2017, BNBM filed a Reply Brief in Support of Motion to Decertify [Rec. Doc. 20686]; Taishan filed a Reply Brief in Support of  Motion to Decertify [Rec. Doc. 20690], and  CNBM filed a Reply Brief in Support of Motion to Decertify the Class Pursuant to 23(c)(1)(C) [Rec. Doc. 20692].  The matter was heard on March 2, 2017. On April 21, 2017, the Court issued

Order & Reasons [Rec. Doc. 20740].  On May 22, 2017, Taishan filed a Motion to Amend the Order Denying Class Decertification and the Class Damages Order and to Certify for Interlocutory Appeal Under Section 1292(b) [Rec. Doc. 20778].  On June 15, 2017, the PSC filed a Response in Opposition to Taishan's Motion to Amend the Order Denying Class Decertification and the Class Damages Order and to Certify for Interlocutory Appeal Under Section 1292(b) [Rec. Doc. 20809].  On May 22, 2017, CNBM and BNBM filed a Motion to Certify an Immediate Appeal from the Court's Order Denying Their Motions to Decertify the Class (§ 1292(b) Motion #2) [Rec. Doc. 20780].  On May 23, 2017, Defendants filed a Joint Response to the PSC's motion [Rec. Doc. 20787], and on May 25, 2017, the PSC filed a Reply in further support of its motion [Rec. Doc. 20797].

On February 14, 2017, the PSC filed a Motion to Compel Complete Responses to Supplemental Discovery Directed to Taishan, TTP, BNBM, BNBM Group, CNBM and CNBM Group [Rec. Doc. 26661].  The Court entered an Order on June 14, 2017 [Rec. Doc. 20805] continuing the hearing on this matter until the Court discusses the status of the litigation with Liaison Counsel.

On May 19, 2017, Taishan filed a Motion for Access to Claims Support and for Evidentiary Hearing on Remediation Damages [Rec. Doc. 20776].  On June 1, 2017, the Court entered an Order [Rec. Doc. 20799] setting a briefing schedule.  The Court held that the motion "will be set for submission, without oral argument, on July 7, 2017.  If the Court determines oral argument would be helpful, it will schedule a hearing on a later date." On June 21, 2017, the PSC filed its Response in Oppositoin to Taishan's Motion for Access to Claims Support and for Evidentiary Hearing on Remediation Damages [Rec. Doc.

20828].  On July 5, 2017, Taishan filed a Reply Memorandum in Support of Taishan's Motion for Access to Claims Support and for Evidentiary hearing on Remediation Damages [Rec. Doc. 20848].

On August 1, 2017, BNBM/CNBM filed a Proposed MDL Litigation Plan [Rec. Doc. 20876].

On August 1, 2017, CNBM filed a Motion to Compel Discovery from Plaintiffs [Rec. Doc. 20880].  The parties continue to meet and confer in an effort to reach an agreed resolution.   The parties will be prepared to discuss this further at the monthly status conference on  February 21, 2018.

On August 1, 2017, CNBM and BNBM filed a Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* [Rec. Doc. 20882], and August 7, 2017, Taishan filed a Notice of Joinder [Rec. Doc. 20894].  On August 30, 2017, the PSC filed a Memorandum in Opposition to Defendants' Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Franciso County* [Rec. Doc. 20935].  On September 5, 2017, the Court entered an Order [Rec. Doc. 20942] setting the matter for oral argument on October 12, 2017, following the monthly status conference, and establishing briefing deadlines.   On September 19, 2017, CNBM and BNBM filed a Reply Brief in Support of Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* [Rec. Doc. 20956-2] and Taishan filed a Reply in Support of Taishan's Joinder to Supplemental Motion to Dismiss for Lack of Personal Jurisdiction Following

24

*Bristol-Myers Squibb Co. v. Superior Court* [Rec. Doc. 20964].  On September 29, 2017, the Court issued an additional briefing deadline Order [Rec. Doc. 20992].   On September 29, 2017, Taishan filed a Supplemental Brief in Support of Motion to Dismiss for Lack of Personal Jurisdiction Following *Bristol-Myers Squibb Co. v. Superior Court* [Rec. Doc. 20996]; CNBM and BNBM filed a Supplemental Brief Addressing *In Re Depuy Orthopaedics, Inc.* [Rec. Doc. 20997]; and the PSC filed a Supplemental Memorandum Addressing *In Re Depuy Orthopaedics, Inc.*, in Further Opposition to Defendants' Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* [Rec. Doc. 21000].  On October 6, 2017, the PSC filed a Second Supplemental Memorandum in Further Opposition to Defendants' Supplemental Motion on Jurisdiction and Class Certification Following *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, Filed Pursuant to the Court's September 28, 2017 Order [Rec. Doc. 21031].  On October 11, 2017, Defendants filed a Supplemental Brief Addressing the Difference, If Any, Between a Mass Action and a Class Action In Which Every Member is a Named Plaintiff [Rec. Doc. 21038] and Taishan filed a Supplemental Brief on Mass Tort and Class Actions in Support of Motion to Dismiss for Lack of Personal Jurisdiction Following *Bristol-Myers Squibb v. Superior Court* [Rec. Doc. 21036].  The matter was heard on October 12, 2017 and was taken under submission (see Minute Entry, Rec. Doc. 21040). On November 13, 2017, Defendants filed a Motion for Leave to File Notice of Supplemental Authority [Rec. Doc. 21070 and 21073] and November 20, 2017, the PSC filed a Motion for Leave to File a Response [Rec. Doc. 21075 and 21081].  On November

30, 2017, the Court issued Order & Reasons [Rec. Doc. 21088].  On December 13, 2017, CNBM and BNBM filed a Renewed Motion to Certify an Immediate Appeal From the Court's Jurisdictional Orders [Rec. Doc. 21095] and Taishan filed a Notice of Joinder [Rec. Doc. 21096].   On January 10, 2018, the Court issued an Order [Rec. Doc. 21128] issuing briefing deadlines and indicating that no oral argument was necessary on this motion.  On January 15, 2018, the PSC filed its Memorandum of Law in Opposition to Defendants' Renewed Motion to Certify an Immediate Appeal From the Court's Jurisdictional Orders [Rec. Doc. 21138 and 21158].  On February 8, 2018, CNBM and BNBM filed a Reply Memorandum in Support of Their Renewed Motion to Certify an Immediate Appeal From the Court's Jurisdictional Orders [Rec. Doc. 21173].

On August 22, 2017, the PSC filed an End Game Proposal [Rec. Doc. 20913], and on August 31, 2017, filed a Supplement [Rec. Doc. 20937].  On August 23, 2017, CNBM and BNBN filed an MDL Issues List [Rec. Doc. 20923].  On August 24, 2017, Taishan filed Suggestion of Next Steps in MDL Litigation [Rec. Doc. 20928], and on August 31, 2017, CNBM and BNBM filed a Memorandum of Joinder [Rec. Doc. 20938].

On October 20, 2017, CNBM Company, BNBM Group and BNBM PLC filed a Motion to Vacate Preliminary Defaults [Rec. Doc. 21050], with a Request for Oral Argument [Rec. Doc. 21051].   On October 25, 2017, the Court issued an Order [Rec. Doc. 21055] establishing briefing deadlines and setting the matter for oral argument after the monthly status conference on December 14, 2017.  On November 21, 2017, the PSC filed its Opposition to Motion to Vacate Preliminary Defaults UNDER SEAL, in its entirety,

[Rec. Doc. 21082] and on December 8, 2017 CNBM Company, BNBM Group and BNBM PLC filed a Reply [Rec. Doc. 21092].   On January 2, 2018, the Court entered Order and Reasons [Rec. Doc. 21108] denying the Motion to Vacate.

### VIII.   VENTURE SUPPLY & PORTER BLAINE DEFENDANTS

On July 9, 2013, the Court entered an Order (1) Certifying Each of Four Chinese Drywall Class Settlements (Nationwide Insureds Settlement Agreement, Porter-Blaine/Venture Supply Settlement Agreement, Tobin Trading and Installers Settlement Agreement, and Builders Mutual Insureds Settlement Agreement) Relating to Virginia and Certain Other Remaining Claims; (2) Granting Final Approval to the Four Chinese Drywall Class Settlements; and (3) Approving an Allocation Plan for the Four Class Settlements [Rec. Doc. 16934]. On July 12, 2013, Class Counsel filed a Motion to Approve Funding, Administration and Special Master Services [Rec. Doc. 16939] and the Court entered an Order granting the motion on July 19, 2013 [Rec. Doc. 16956].

In accordance with the Court's Orders of November 20, 2014 [Rec. Doc. 18145] and October 23, 2015 [Rec. Doc. 19639], the Garretson Resolution Group (the Claims Administrator for the four Virginia Based Settlements) issued Real Property Payments and Other Loss Payments.

On January 6, 2016, Class Counsel filed a Motion for Distribution of Settlement Funds [Rec. Doc. 19951] and on January 20, 2016 the Court issued an Order [Rec. Doc. 19990].

On November 1, 2016, a Motion for Leave to File Virginia Class Counsel's Motion to Approve Stipend to Virginia-Based Settlement Claimants was filed [Rec. Doc. 20530].  On November 21, 2016, the Court issued an Order Lifting the Stay [Rec. Doc. 20558] as to Virginia Class Counsel's Motion to Approve Stipend to Virginia-Based Settlement Claimants and filed the Motion to Approve Stipend to Virginia-Based Settlement Claimants into the record [Rec. Doc. 20559]. On December 21, 2016, the Court issued an Order [Rec. Doc. 20608].

On May 23, 2017, the Court entred Pre-Trial Order 30A regarding Virginia-Based Settlement Stipend Award [Rec. Doc. 20791].

Class Counsel and Taishan have reached an agreement to settle the claims against Taishan which were assigned to the Porter-Blaine/Venture Supply class by the Porter-Blaine/Venture Supply Participating Defendants and Participating Insurers in the Porter-Blaine/Venture Supply Settlement [*see* Section 6 of Porter-Blaine/Venture Supply Settlement Agreement, Rec. Doc. 15969-6].  The parties are in the process of preparing a formal settlement agreement that will be presented to the Court for approval.

## IX. FREQUENTLY ASKED QUESTIONS

The "MDL FAQs" may be found at www.laed.uscourts.gov/Drywall/FAQ.htm. Liaison counsel reminds the parties to review the FAQs before contacting Liaison Counsel. The parties will be prepared to discuss this issue at the monthly status conference on February 21, 2018.

## X. ATTORNEY FEES

In connection with the Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses Filed Pursuant to Pretrial Order No. 28, as amended Special Master Balhoff conducted an Evidentiary Hearing on May 31, 2017 and June 1, 2017. On September 11, 2017, the Court entered an Order [Rec. Doc. 20949] allowing the parties to submit briefs regarding the Special Master's Recommendations by September 26, 2017. On September 12, 2017, the Court entered the Special Master's Recommendations Concerning Attorneys' Fees and Expense [Rec. Doc. 20950]. On September 20, 2017, the Court issued an Order [Rec. Doc. 20962] extending briefing deadline by the parties until September 29, 2017. On September 28, 2017, the Villa Lago Plaintiffs' filed a Stand Alone Objection to Special Master's Recommendations for Failure to Address Villa Lago Plaintiffs' Motion for Final Award of Attorneys' Fees and Reimbursement of Costs [Rec. Doc. 20989]. On September 29, 2017, Parker Waichman, LLP, Whitfield Bryson & Mason, LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins filed Stand Alone Objections to Special Master's Recommendations Concerning Attorneys' Fees and Expenses [Rec. Doc. 20991]; Krupnick Campbell Malone, et al, filed a Response to the Special Master's Recommendation Conerning Attorneys' Fees and Expenses UNDER SEAL [Rec. Doc. 21029]; Primary Counsel filed its Objectons and Responses to Special Master's Recommendations Concerning Attorneys' Fees and Expenses UNDER SEAL [Rec. Doc. 21003]; and the Fee Committee filed its Objections to Special Master's Recommendations Regarding Attorneys' Fees and Expenses [Rec. Doc. 20999]. On October 2, 2017, the Court entered an Order [Rec. Doc. 21002] denying Primary Counsel's Request for Oral Argument. The Parties will be

prepared to discuss this matter further at the monthly status conference on  February 21, 2018.

On May 9, 2017, Plaintiffs' Lead and Liaison Counsel filed a Motion for Sanctions Pursuant to Rule 11 Against Jimmy R. Faircloth, Jr., Esq., Val Patrick Exnicios, Esq., Mark Milstein, Esq. and C. David Durkee, Esq. [Rec. Doc. 20759].  On May 15, 2017, a Response in Opposition to Plaintiffs' Lead and Liaison Counsel's Motion for Sanctions Pursuant to Rule 11 Against Jimmy R. Faircloth, Jr., Esq., Val Patrick Exnicios, Esq., Mark Milstein, Esq. and C. David Durkee, Esq. was filed [Rec. Doc. 20770].  On May 17, 2017, the Plaintiffs' Lead and Liaison Counsel filed a Reply Brief in further support of their motion [Rec. Doc. 20775].

On July 6, 2017, the Villa Lago Plaintiffs filed a Brief to the Special Master in Support of Motion for Final Award of Attorneys' Fees and Reimbursement of Costs and in Further Opposition to Allocation Motion Pursuant to Pre-Trial  Order No. 28(F) [D.E. 20282] and in Reply to the FC's Response [Rec. Doc. 20853].  On July 13, 2017, the Fee Committee filed a Response to the Villa Lago Plaintiffs' Brief to Special Master [Rec. Doc. 20866].

On August 3, 2017, the PSC filed a Seventh Motion for Disbursement of Funds (for Expenses) [Rec. Doc. 20889].  On August 10, 2017, the Court issued an Order granting the motion [Rec. Doc. 20896].  On August 23, 2017, Primary Counsel filed a Motion for Reconsideration of Order Granting Seventh Motion for Disbursement of Funds [Rec. Doc. 20922].   On August 28, 2017, the Fee Committee filed a Response in Opposition to Primary Counsel's Motion for Reconsideration of Order Granting Seventh

Motion for Disbursement of Funds [Rec. Doc. 20932].  On October 2, 2017, the Court issued Order and Reasons [Rec. Doc. 21027] vacating its August 10, 2017 Order and setting briefing deadlines.  On October 12, 2017, Primary Counsel filed an Opposition to Seventh Motion for Disbursement [Rec. Doc. 21039].  On October 18, 2017, the Plaintiffs' Steering Committee filed a Reply to Seventh Motion for Disbursement of Funds (for Expenses) [Rec. Doc. 21048].  The parties await a ruling from the Court.

On September 15, 2017, Builder Plaintiffs filed a Petition for Leave to Submit Builder Counsel Time to Philip A. Garrett, CPA [Rec. Doc. 20953].  On September 20, 2017, the Court issued an Order  granting the Petition for Leave [Rec. Doc. 20960]. On September 21, 2017, the Fee Committee filed a Response to Petition of Builder Plaintiffs for Leave to Submit Builder Counsel Time to Philip A. Garrett, CPA [Rec. Doc. 20961].

On October 2, 2017, Primary Counsel filed a Motion for Accounting and Adjustment of Global Award of Attorneys' Fees and reimbursement of Expenses [Rec. Doc. 21005] UNDER SEAL.  On October 4, 2017, the Court entered an Order [Rec. Doc. 21028] setting briefing deadlines.   On October 13, 2017, the Fee Committee filed a Response to Primary Counsel's Motion for Accounting and Adjustment of Global Award of Attorneys' Fees and reimbursement of Expenses UNDER SEAL [Rec. Doc. 21045].  On October 19, 2017, Primary Counsel filed a Reply to the Fee Committee's Response to Primary Counsel's Motion for Accounting and Adjustment of Global Award of Attorneys' Fees and reimbursement of Expenses UNDER SEAL [Rec. Docs. 21049 and 21053].

On October 24, 2017, the Court issued an Order [Rec. Doc. 21054] directing that certain invoices be paid from the funds set aside for attorney's fees and costs. These invoices have been paid pursuant to the Order.

On January 31, 2018, the Court issued Order and Reasons Setting Common Benefit Fees [Rec. Doc. 21168].

On February 9, 2018, Plaintiffs' Lead and Liaison Counsel filed a Supplemental Memorandum of Law in Support of the Motion for Additional Common Benefit Assessments, Filed Pursuant to Pretrial Order No. 28 [Rec. Doc. 21182], and filed a Clarificiation to the Supplemental Memorandum on February 12, 2018 [Rec. Doc. 21183]. On February 16, 2018, the Court entered an Order [Rec. Doc. 21186] setting this matter for submission on March 28, 2018, and provided a briefing deadline of March 20, 2018.

## XI. MATTERS SET FOR HEARING FOLLOWING THE CURRENT STATUS CONFERENCE

None.

## XII.   PHYSICAL EVIDENCE PRESERVATION ORDER

On October 9, 2009, the Court issued Pre-Trial Order 1(B) relating to the preservation of physical evidence from properties that may be repaired during the course of these MDL proceedings. Pre-Trial Order 1(I) was entered by the Court on January 24, 2012 [Rec. Doc. 12257] and on March 20, 2015 the Court entered Pre-Trial Order 1(J) [Rec. Doc. 18528].

## XIII.   ENTRY OF PRELIMINARY DEFAULT

Pursuant to Minute Entry dated February 23, 2012 [Rec Doc. 12687], the Plaintiffs' Omnibus Motion for Preliminary Default Judgment [Rec. Doc. 11234] and errata thereto [Rec. Doc. 11773, 12265, 12551] was granted. On February 24, 2012, the Court signed an Entry of Preliminary Default [Rec. Doc. 12599] of certain defendants identified on Exhibit A thereto. Thereafter, additional Motions for Preliminary Defaults and Clarifications were issued by the Court [Rec. Docs Nos. 15412, 15898, 15972, 16030, 17089, 17172, 17722, 17378, 17781, 17792, 17793, 17791, 17800, 17814, 17802, 17815, 17803, 17816]. The PSC has not yet certified to the Court that it has completed the filing of Plaintiffs' amended complaints.

On August 26, 2016, Plaintiffs filed a Notice of Filing the Motion to Fix Damages Under Default Judgment Order which was filed in the Circuit Court for the City of Norfolk, Virginia [Rec. Doc. 20466].

Also see "Additional Matters" in Section VII above, specifically CNBM Company, BNBM Group and BNBM PLC filed a Motion to Vacate Preliminary Defaults [Rec. Doc. 21050].

XIV.    NEXT STATUS CONFERENCE

The next monthly status conference is scheduled for March 20, 2018, at 3:00 p.m.

Another monthly status conference has also been scheduled for May 1, 2018 at 10:00 a.m.

