UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>*ALL CASES* | : | |

**KRUPNICK CAMPBELL MALONE ET AL.'S MEMORANDUM IN SUPPORT OF MOTION FOR INTERIM DISBURSEMENT OF UNDISPUTED AMOUNT OF ATTORNEY'S FEES**

## I. Summary

Plaintiffs' counsel representing some individual homeowners ("Individually Retained Counsel") and the Fee Allocation Committee ("Fee Committee") were unable to reach agreement as to the allocation of attorney's fees from Knauf and Global Settlement between plaintiffs' law firms with individual contracts for representation duly executed by homeowners and those attorneys seeking common benefit attorney's fees. The Court, as noted in the Order of January 31, 2018, because of the inability of the Fee Committee and objecting lawyers to reach agreement, was left with the regrettable and "thankless" task of resolving the dispute. [Doc. 21168][1]

In total, there are one hundred and sixty eight (168) firms who are entitled to attorney's fees from that portion of the Global Fee allocated to Individually Retained Counsel. The claims involving homeowners retained by Individually Retained Counsel have been resolved for years,

[1] In awarding a net of $99,762,099.56 to the common benefit attorneys, the Court did not address the additional $3,335,628.26 in voluntary payments paid by individually retained contract lawyers and deposited into the Court registry at the request of the PSC. These funds were an assessment on attorneys' fees in state court settlements for common benefit fee allocation and costs. [Doc. 8545]. As a result, rather than $99,762,099.56 available for common benefit, the actual total for common benefit is potentially $103,097,727.82 which will presumably be allocated amongst the common benefit lawyers for the work outlined in the Court's January 31, 2018 Order.

with virtually all claims fully paid to homeowners and/or the homes remediated. The Fee Committee's Motion and Memorandum in Support sought a 59%/41% allocation in favor of common benefit attorneys. [Doc. 20293; 20293-1]. The Court noted twenty (23) objections were filed.

The Fee Allocation Committee Motion and resulting Objections have undoubtedly consumed thousands of hours of collective time and judicial resources, ultimately resulting in a Special Master Recommendation allocating $92,000,000 to Individual Retained Counsel. [Doc. 20950]. The Court has now issued an Order allocating $94,607,042.17 to Individually Retained Counsel. [Doc. 21168].

The undersigned law firm, Krupnick Campbell Malone, et al. (hereinafter "KCM Firm") respectfully, on its own behalf and not in its role as a member of the Fee Allocation Committee, hereby moves this Honorable Court for an Order providing for an interim disbursement of the **undisputed** percentage of fee to be allocated to Individually Retained Counsel. The Undersigned respectfully suggests some options for the Court to consider for disbursal:

(1) The amount set forth in the Court's Order of January 31, 2018, totaling $94,607,042.17;[2]

(2) The amount the Fee Allocation Committee originally recommended, which represents the floor as to what was expected to be disbursed, totaling $78,400,054, as an interim payment;

(3) An amount less than even that which the Fee Allocation Committee recommended, but which would represent a partial interim payment, totaling $60,000,000.

[2] Notably, the actual dollar amount ordered by the Court on January 31, 2018 is in excess of the dollar amount recommended by the Fee Allocation Committee. In addition, the dollar amount by this Court ordered is also in excess of the Special Master's Recommendation.

## II. Brief History Of This Dispute

The Court has set forth the pertinent history of this fee dispute in the Order of January 31, 2018. [Doc. 21168]. The Undersigned seeks only to highlight some important dates and facts.

Five years ago, on February 7, 2013, the Court approved settlements which became known generically as the Global Settlements. [Doc. 16570]. Consistent with these approved settlements, Individually Retained Counsel represented their homeowner clients through the lengthy claims and remediation process. The homeowner claims were thereby meaningfully settled, even if the work to finalize and ultimately obtain the recovery for homeowners or to proceed through the remediation process was demanding for counsel and their law offices representing individual homeowners.

The Fee Allocation Committee, appointed by this Court, filed a joint petition with the Plaintiffs' Steering Committee, seeking a global fee and cost award, which was granted by the Court on May 17, 2016. [Doc. 20257]. On June 7, 2016, the Fee Allocation Committee filed a motion seeking to allocate the global fees between Individually Retained Counsel and those seeking common benefit substantially in favor of common benefit attorneys. [Doc. 20293].

In August 2016, a group of individual law firms, joined by the undersigned, sought interim disbursal of an amount of global fee to Individually Retained Counsel which had not been the subject of ANY objections. [Doc.20434; 20434-1; 20436]. The total amount being sought for disbursal was approximately $78,400,000. Id.

The objections filed to the Fee Allocation Committee recommendation for allocation of the Global Fee Fund resulted in contentious disputes, targeted discovery and a two day evidentiary hearing. On September 12, 2017, the Special Master issued a Report and

Recommendation. [Doc. 20950]. Objections were filed and the Court has now dispensed with the objections.3

In seeking relief herein, the undersigned acknowledges there was critically important work performed by the Plaintiffs' Steering Committee and others, including some Individually Retained Counsel who litigated issues in State Court, in the pursuit of justice for the homeowners. However, acknowledging this work does not detract from the request for prompt interim relief for Individually Retained Counsel who have involuntarily borne the time, delay and expense of this protracted dispute and process.

The actual recovery by homeowner clients represented by Individually Retained Counsel is well understood and known. In fact, Brown Greer has produced a chart of the total payout to homeowners represented by Individually Retained Counsel.

As was noted in the original request for partial disbursement,

> An important goal of MDL proceedings is to facilitate the "just and expeditious resolution of all actions to the overall benefit of the parties." *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). The Court, in connection with this MDL, already has expressed its intention "to expedite certain portions of e [attorneys' fee] award." To achieve that goal, "a district court has inherent authority 'to bring management power to bear upon massive and complex litigation to prevent [the litigation] from monopolizing the services of the court to the exclusion of other litigants.'" Eldon E. Fallon, *Common Benefit Fees in Multi-District Litigation*, 74 La. L. Rev. 371, 377 (2014) (*quoting In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977)).

[Doc. 20434-1, at p. 3] (footnote citations omitted).

[3] The Fee Allocation Committee initially attempted to schedule a meeting for February 20, 2018 to address the next steps of Common Benefit fee allocation. That meeting has now been re-scheduled for March 20, 2018.

The Undersigned reiterates, as it pertains to claims involving Knauf and the Global Settlement, claims on behalf of virtually all homeowner plaintiffs have been resolved for years.[4] To date, no firms have been received any earned attorneys' fees from the Global Fee fund related to the claims of their respective individual homeowner clients.

As was also argued at the time of the original request for partial disbursement,

> A partial disbursement of attorneys' fees is not foreign in the MDL context. In *In Re Diet Drugs*, three funds were created to compensate class counsel and/or common benefit counsel.[5] The funds consisted of money paid directly by the defendant and/or assessments issued against attorneys' fees paid by defendants to individually retained counsel. Similar to the instant case, the court recognized that the litigation had been ongoing for years and counsel had not been compensated. It explained, "To make [the attorneys] wait any longer for at least some fee award would be grossly unfair." *Id.* As such, it issued an interim award of attorneys' fees, which provided "at least partial compensation at a time when the court is not really able to analyze fully [the percentage of recovery factors] and make a final award." *Id.*

[Doc. 20434-1, at p. 4].[6]

The Court has found that the proper allocation, after considering arguments regarding the Taishan fee holdback and the 59%-41% recommendation of the Fee Committee, is $94,607,042.17 to Individually Retained Counsel. The *pro rata* calculation of attorney's fees (calculated based upon the dollar amount of recovery on behalf of individual homeowners

---

[4] From the Undersigned's experience with a large volume of homeowner clients, the vast majority all of the homes which qualified for remediation under Option 1 were completed by the end of 2013. The vast majority of the GBI claims were paid by 2014, with appeals completed in 2016.

[5] *In re Diet Drugs*, No. 99-20593, 2002 WL 32154197, at *12 (E.D. Pa. Oct. 3, 2002), *modified,* 2003 WL 22218322 (E.D. Pa. May 15, 2003), and *judgment entered sub nom.*, 2008 WL 2890878 (E.D. Pa. July 21, 2008).

[6] As noted in the original motion seeking partial disbursal, "Several parties attempted to appeal the interim award; however, the Third Circuit held that the interim award of attorneys' fees was not an appealable final order because of unresolved questions related to the fee award and total value of the settlement. *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Products Liab. Litig.*, 401 F.3d 143, 157 (3d Cir. 2005)." [Doc 20434-1, n. 11]

represented by Individually Retained Counsel) is knowable, identifiable and indisputable.[7]

The Court, in assessing 80% of the costs associated with the dispute against the fund available to compensate Individually Retained Counsel, concluded that the objecting lawyers were predominately responsible for the vexatious nature of the dispute. To be sure, the re-allocation of the Taishan holdback funds and reduction of the over-reaching by the Fee Committee recommendation of a 59%-41% allocation, most assuredly should have been accomplished far more efficiently … by both sides. But the over 140 law firms that did not object have been unable to extract themselves from this dispute and have been now docked a *pro rata* assessment as a result of the Court's determination. Hopefully, going forward, those who insist on pursuing further litigation related to the fees are the ones to bear the financial burden of that decision alone.

Importantly, if any Individually Retained Counsel, notwithstanding the years of fee litigation, the significant increase beyond the Fee Allocation Committee recommendation, and the increase over the Special Master's recommendation, wish to seek further appeal, they would be naturally seeking ADDITIONAL fees beyond the partial disbursal. Therefore, there is no prejudice to those Individually Retained Counsel who wish to continue to pursue this effort.[8]

---

[7] The calculation of fee to be disbursed to each Individually Retained Counsel is straightforward. The Total of Claim Payments is known and verified. The total payout to homeowners was $662,748,441. Reducing that amount by the amount paid to *pro se* homeowners results in a denominator of $633,325,296. From there, applying the amount allocated by this Court to Individually Retained Counsel as the numerator, the amount of the fee percentage is then calculated and applied as against the Total Claim Payments to each respective law firm. The Undersigned is prepared to file under seal, if requested and permitted by the Court, spreadsheets setting out the amount which would be disbursed to each firm under the various scenarios discussed herein.

[8] As a result, no matter how objecting counsel may analyze the Court's Order of January 31, 2018, the Undersigned hopes that any response to this motion by counsel avoids hyperbole or an opportunity to take issue with any aspect of the Court's Order as that would neither be productive nor persuasive to the issues raised in this Motion.

Additionally, unless one of the firms seeking common benefit objects to this interim disbursement arguing there should be an even greater amount over and above the $99,762,099.56 allocated to common benefit pursuant to the January 31, 2018 Order, there is no prejudice to the firms seeking a Common Benefit award. However, if, in the event, a firm seeking common benefit award objects to the Court's proposed *pro rata* distribution, then the Court can revert back to the original request for partial disbursal sought in the amount of $78,400,000.[9]

Finally, if the Court had concerns regarding an interim disbursement at the original amount sought by the Fee Allocation Committee, the Court could presumably consider a lesser amount for interim disbursal. The Undersigned respectfully suggests the Court could consider $60,000,000, or approximately 80% of what the Fee Committee recommended.[10]

While the undersigned believes that the $94,607,042.17 found by this Court to be the appropriate allocation to Individually Retained Counsel should be disbursed as quickly as possible, an interim distribution of a lesser amount would provide much needed relief from the nearly decade long battle and representation of homeowners whose claims have long settled.

Plaintiffs' Liaison counsel has indicated they oppose the relief sought.

**III. <u>Conclusion</u>**

For the reasons set forth herein, the Undersigned respectfully seeks an Order of this Honorable Court (1) providing for interim disbursement of the amount set forth in the Court's Order of January 31, 2018, on a *pro rata* basis predicated upon the amount of recovery by individual homeowners represented by Individually Retained Counsel as set forth in the

---

9 Disbursal of this amount would result in a 12.40% contingent fee, representing a dramatic reduction from the contracts for representation executed by the homeowners.

10 Disbursal of this amount would result in a 9.47% contingent fee, representing a dramatic and unprecedented reduction from the contracts for representation executed by the homeowners.

supporting documentation from Brown Greer; (2) alternatively, the Undersigned seeks an interim disbursement of $78,400,054.33 or an amount deemed appropriate by the Honorable Court to Individually Retained Counsel on a *pro rata* basis stated earlier; and (3) preserving all claims, rights, entitlements and/or arguments regarding the remaining attorney's fees which may be in dispute.

Dated: February 26, 2018.

Respectfully submitted,

*/s Michael J. Ryan*

Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL 33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support of Motion for Interim Disbursement of Undisputed Amount of Attorney's Fees has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the

the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047. Dated: February 26, 2018.

/s *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL 33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Plaintiffs*