UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION: L <br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: <br> *ALL CASES* | |

## PLAINTIFFS/CLAIMANTS' GLICKMAN AND RODRIGUEZ OPPOSITION TO KNAUF'S MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN REMEDIATION CLAIMS

Comes Now, Krupnick Campbell Malone et. al., (hereafter referred to as KCM) counsel for Plaintiffs/claimants David and Joan Glickman (100353-478) and Raymond Rodriguez (100591-782) and respectfully offers this Opposition to the Knauf Defendants' Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims. [Doc. 21190].

In arguing Plaintiffs have "failed" to act, Knauf is, in essence, blaming the Plaintiffs as if they do not wish to have this nightmare come to a close.  In addition, Knauf, in justifying the motion to extinguish, complains it is unable to close the administration of the Settlement.

However, whatever inconvenience is incurred by Knauf in continuing to administer this settlement pales in comparison to the nightmare that these Plaintiffs continue to endure.  They neither volunteered for the title of plaintiff nor wished to have their home utterly destroyed by the Defendants.  Adding insult to injury, as can be seen herein and in the sworn affidavits, the remediation process for these Plaintiffs has been anything but smooth or rewarding.

In short, if Knauf's interest and minor inconvenience outweighs the right for these Plaintiffs to be made whole, Plaintiffs would request that the remaining funds be disbursed to the Settlement Administrator or the homeowner rather than extinguish the obligation.

**Claimant: David and Joan Glickman**
**Address: 3236 NE 4 Street, Pompano Beach, FL 33062**
**Claimant ID: 100353-478**

Shortly after a prior motion which identified Mr. and Mrs. Glickman as an outstanding settlement claim for which remediation had not yet been completed, the Settlement Administrator contacted counsel about the status. Throughout the period since then, KCM has kept Knauf's counsel up to date with the problems Mr. and Mrs. Glickman were having in completing the remediation:

- February 8, 2017 email to counsel for Knauf, KCM notified Danny Dysart that Glickman was having extreme difficulty with the contractor.

- March 9, 2017 email to counsel for Knauf, KCM notified Danny Dysart in more detail the problems Glickman was having and asked if the funds could be released to the homeowner.

- September 19, 2017 email to counsel for Knauf, KCM notified Danny Dysart that there had been no progress and again asked if there was anyway the remaining funds could be released to Glickman.

- September 19, 2017 email to KCM, Knauf counsel notified KCM that we could convert from Option 2 to Option 3. However, of great concern, Knauf' counsel explained "But if what they received already is in excess of what the option 3 payment would have been than they would not be entitled to any additional funds".

2

At the January 23, 2018 monthly status conference, counsel for Knauf again stated that homeowners should switch from Option 2 to Option 3 (cash). By Email of January 24, 2018 KCM sent an email to the Settlement Administrator asking about the proper release to switch to Option 3.

However, to date, we have been unable to determine what negative impact financially this would have on Mr. and Mrs. Glickman and their ability to fully remediate. The Glickman's are not in a position to agree to Option 3 until they know what the final amount would be paid. On October 5, 2017, the Settlement Administrator had indicated that the amount remaining is $11,614.62. Further, Option 3 does include additional documents for Claimants' signature including the necessity of obtaining a Release from the Glickman's bank this would create more delays and potential negative financial consequences.

Attached hereto in support of their opposition to Knauf's Motion to Extinguish is an sworn affidavit of Mr. Glickman, outlining the problems Mr. and Mrs. Glickman has had through no fault of their own, and the extreme prejudice should the Court extinguish Knauf's obligations to Mr. and Mrs. Glickman. See Exhibit A.

**Claimant: Raymond Rodriguez**
**Address: 3358 N.E. 3rd Drive, Homestead, Florida 33033CC**
**Claimant ID: 100591-782**

The Settlement Administrator is well aware that Mr. Rodriguez has also been having extreme problems with his contactor before Knauf's Motion.

- On September 29, 2015 KCM advised the Settlement Administrator that Mr. Rodriguez was having problems with the contractor and the last payment should not be made to the contractor until further notice.

3

- On July 22, 2016, KCM asked the Settlement Administrator about options as Mr. Rodriguez was having problems with his contractor. The contractor was not willing to sign the necessary withdrawal of contractor so Rodriguez could not do anything for months.

- On October 12, 2016, the Settlement Administrator provided a modified Release to try to pursue the change from Option 2 to Option 3. However, this change requires the bank to also execute and approve. Not surprisingly, the bank made it difficult to even to find a contact representative to address the issue. Mr. Rodriguez is not in a position to agree to Option 3 until the final payment is confirmed. The Settlement Administrator had indicated the remaining amount to be $10,267.40.

- Mr. Rodriguez was eventually able to obtain the Release from the first contractor and provide the other necessary documents, license for new contractor, insurance (which is now expired), W9, contract, rider, and contractor wiring information to the Settlement Administrator in July 2017 but he cannot finish the project without the remaining funds.

Mr. Rodriquez, in the attached affidavit, outlines the impact, including incurring charges for utilities in a home he can neither live in and having to deal with now expired permits. See Exhibit B.

## **CONCLUSION**

Plaintiffs/claimants David and Joan Glickman (100353-478) and Raymond Rodriguez (100591-782) oppose the Knauf Defendants' Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims. [Doc. 21190]. Knauf cannot justify

4

elimination of its obligation to these Plaintiffs, particularly where it is unrefuted that his dilemma is not of Plaintiffs' making or design. If the Court is inclined to grant any relief, Plaintiffs/claimants would respectfully request this Court to allow the remaining funds disbursed directly to the homeowner to allow them to complete their remediation and thereby releasing Knauf of all claims.

Dated: March 6, 2018.

> Respectfully submitted,
>
> /s *Michael J. Ryan*
> Michael J. Ryan, Esquire
> Bar No. 975990
> Krupnick Campbell Malone Buser Slama
> Hancock Liberman P.A.
> 12 S.E. 7 Street, Suite 801
> Fort Lauderdale, FL 33301
> Phone (954) 763-8181; Fax (954) 763-8292
> pleadings-MJR@krupnicklaw.com
> mryan@krupnicklaw.com
> *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Knauf's Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims by Plaintiffs/Claimants' Glickman and Rodriguez has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the

Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047. Dated:  March 6, 2018.

/s *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman  P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Plaintiffs*