UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>**2:14-cv-02722-EEF-JCW** | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

This memorandum is being submitted in support of Plaintiffs' ***unopposed*** Motion for Leave to Amend Complaint, filed by Plaintiffs' Counsel, James V. Doyle, Jr.

**BACKGROUND**

This Class Action Complaint was originally filed in the United States District Court for the Northern District of Alabama on behalf of Plaintiff Elizabeth Bennett and other similarly situated owners and residents of real property containing defective Chinese manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by the Defendants Gebrueder Knauf Verwaltungsgesellschaft, KG, and others named therein. Through a Conditional Transfer Order, the case was transferred to this court.

On two previous occasions, this Court approved amendments to the complaint (Docs. 20077 and 20327). In both instances, the amendments sought to add additional plaintiffs with claims against Defendant Knauf. Plaintiffs also filed a motion to allow entry of a Fourth

1

Amended Complaint on November 21, 2016 (Doc. 20554); however, it appears that the court did not take any action at that time. So, in addition to the pending Motion for Leave to Amend that was previously filed, Plaintiffs now seek leave to amend their complaint this fifth time. The new Complaint is being offered and leave is hereby requested in order to allow the changes noted on Exhibit A – providing the identity of a number of additional plaintiffs' claims that meet the class definition, as well as noting a number of claims that are being withdrawn and are due to be dismissed.

## ARGUMENT

Under Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiffs did so when they filed their Amended Class Action Complaint (Doc. 18412). After an initial amendment, leave of court is required in each instance that an additional amendment to the complaint is sought. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" (Fed. R. Civ. P. 15(a)(2)); *see also Foman v. Davis*, 371 U.S. 178,182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

All named Knauf defendants located in Germany, England and the United States of America have now been served in accordance with Rule 4 of the Federal Rules of Civil Procedure and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service Convention. Notice of service of each Knauf entity has been provided to the clerk of this court.

Danny Dysart and Kerry Miller have now appeared on behalf of the Knauf entities. Both

attorneys were contacted in writing regarding this motion and consent was provided in writing by defense counsel allowing the amendments to the complaint being offered now; therefore, the changes being offered now are unopposed.

A proposed order is being offered as an accompanying exhibit to this filing.

**1. Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P.15(a)(2). A motion to amend ordinarily should be granted absent some justification for refusal. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Foman*, 371 U.S. at 182.

The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003).

In addition, the Federal Rules of Civil Procedure, Rule 20, allows for "Persons Who May Join or Be Joined." Fed. R. Civ. P. 20(a). According to that rule, "[p]ersons may join in one action as plaintiffs, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id*.

As set forth in the first Amended Class Action Complaint (Doc.18477), the Second Amended Class Action Complaint (Doc. 20020), Third Amended Class Action Complaint (Doc. 20292), the Fourth Amended Class Action Complaint (Doc. 20554), and the Fifth Amended Class Action Complaint filed herewith, the newest Plaintiffs' claims are nearly identical to those of the Plaintiffs already participating in the case. Their claims, like the claims of the Plaintiffs in previous pleadings arise out of the exact same factual circumstances -- each residential or commercial property containing defective Chinese-manufactured drywall produced and/or sold by the Knauf entities -- and they seek the same relief arising out of the same series of transactions and occurrences committed by the Knauf entities. Therefore, this Court should allow the claims related to the new properties to be joined in this case, listed on Exhibit A to the complaint.

**2. Undue Prejudice**

The Fifth Circuit has adopted a liberal stance favoring leave to be granted freely by district courts considering an amendment to pleadings. "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)

(internal quotation marks omitted). In other words, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

There is no prejudice to any Defendant named in this action. This case is in its very early stages –none of the named defendants have answered the complaint and lawyers have only recently appeared on behalf of any of the Knauf defendants. Plaintiffs simply seek to add the substantially similar claims of the new individual Plaintiffs to this case, which would preserve the Court's, Plaintiffs' and Defendant's resources rather than forcing the Court to manage, and Defendant to separately defend against, separate -- albeit nearly identical -- suits.

**3. Undue Delay, and Bad Faith or Dilatory Motive**

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. *Foman,* at 182. While "[p]rejudice and timeliness are obviously closely related," *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), they are analytically distinct. There is no delay, bad faith, or dilatory motive here. As explained above, the newly named plaintiffs contained in the previously-proposed Fourth Amended Complaint and instant Fifth Amended Complaint have nearly identical claims to those individuals named in the previously-filed complaints. Both the claims and the relief sought have remained exactly the same in each amended complaint to date.

The undersigned has now been retained to pursue a recovery related to one hundred nineteen (119) properties containing defective sheetrock produced and sold by the Knauf entities. Through the previous and instant motions and the proposed Fourth and Fifth Amended Class Action Complaints, Plaintiffs seek to add claims of affected properties that were recently identified. Furthermore, given the posture of this case - prior to the beginning stages of discovery - Plaintiffs have not caused delay to any of the Knauf defendants.

5

**4. Futility**

Amendment of a complaint may also be denied if the amendment sought would be futile. *Frank,* 3 F.3d at 1365; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Darris v. Pugliese*, No. 08-cv-02624-PAB-KMT, 2009 WL 3162630 *2 (D. Colo. Sept. 30, 2009). Here, Plaintiffs' proposed Fourth and Fifth Amended Class Action Complaints seeks to add affected properties, like those listed in Exhibit A of the previous complaints. All plaintiffs allege they experienced damages as a result of installation of defective Chinese-manufactured drywall sold by the various Knauf Entities.

There is nothing in any of the pleadings filed to date that might suggest that these amendments would fall short of the standard accepted by the U.S. Supreme Court or the Fifth Circuit Court of Appeals; thus, the Fourth and Fifth Amended Complaints should be approved by this court.

**5. Failure to Cure Deficiencies by Amendments Previously Allowed**

Leave of court to amend may also be denied if the party seeking to amend fails by amendment to cure deficiencies in the complaint previously allowed. *Frank*, 3 F.3d at 1365. This justification for denying leave to amend does not apply in this case – the sole deficiency previously noted by the clerk of court (error in style) was cured in short order when the original Complaint was re-filed as the First Amended Class Action Complaint on March 14, 2015. Leave of court is requested to approve the instant Fourth and Fifth Amended Class Action Complaints.

## CONCLUSION

None of the reasons for denying leave to amend under Rule 15(a)(2), United States

Supreme Court precedent and Fifth Circuit precedent exist in this case, and, therefore, leave to amend should be granted now.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant this Motion for Leave to File the Fifth Amended Class Action Complaint, as well as the pending Motion for Leave to File the Fourth Amended Class Action Complaint that remains pending, and order any other relief that this Court deems necessary, proper and just.

DATED: March 6, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
Email: jimmy@doylefirm.com

*Attorney for Plaintiffs*