## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| ALL CASES | JUDGE FALLON MAG. WILKINSON |

### MEMORANDUM IN OPPOSITION TO
### LIVERS' MOTION FOR RECONSIDERATION OF
### ORDER DENYING LIVERS' MOTION FOR INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, come opponents, Winston Burns, Jr. and Wendy Burns (collectively, "Plaintiffs"), who oppose Livers Construction Inc.'s (hereinafter "Livers") Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief (R. Doc. 21189) (the "Motion") for the following reasons, to wit:

### PROCEDURAL BACKGROUND

Plaintiffs filed suit on April 22, 2016, asserting claims against their homeowners' insurance company, Fireman's Fund Insurance Company, and Livers.  The claims contained in the Plaintiffs' Petition for Damages ("Petition") arise out of Livers' installation of toxic Chinese drywall throughout the Plaintiffs property located at 1726 Lakeshore Drive, in New Orleans, Louisiana (hereafter, the "Property").  In response the Plaintiffs' Petition, Livers asserted Louisiana state law exceptions of *Res Judicata* and Peremption (hereinafter "Exceptions") on July 26, 2017.  Livers argued that the Plaintiffs' claims were subject to the *res judicata* effect of the Interior Exterior Building Supply L.P. ("In/Ex") settlement agreement reached in multidistrict class action case entitled *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, 2:09-md-2047 (E.D. La. 2009). Livers also argued that the five-year peremptive period contained in La. R.S. 9:2772 precluded the

Plaintiffs from asserting a cause of action arising out of the construction contract between Livers and Plaintiffs.

In opposing Livers' Exceptions of *Res Judicata* and Peremption, the Plaintiffs argued that specific Louisiana state law exemptions to the applicability of these Exceptions applied, estopping Livers from asserting same. In regard to Livers' Exception of *Res Judicata*, the Plaintiffs' argued that pursuant to a Louisiana state law exemption to the preclusive effects of *res judicata* provided in La. R.S. 13:4232 – "Exceptions to the general rule of *res judicata*" – Livers was estopped from asserting this exception. La. R.S. 12:4232 provides in pertinent part:

> A.  A judgment does not bar another action by the plaintiff:
>
> (1) When exceptional circumstances justify relief from the *res judicata* effect of the judgment;
> (2) When the judgment dismissed the first action without prejudice; or,
> (3) When the judgment reserved the right of the plaintiff to bring another action. [Emphasis added].

According to the official comment, [La. R.S. 13:4232] "gives a court the authority to exercise its equitable discretion to balance the principle of *res judicata* with interests of justice." *Cowan v. Kanuch*, 176 So.3d 553, 558 (La. App. 4th Cir. 2015) (citing *Fine v. Regional Transit Auth.*, 676 So.2d 1134, 1136 (La. App. 4th Cir. 1996) (emphasis added). Such discretion must be exercised on a case-by-case basis and relief granted in only truly exceptional cases. *Cepriano v. B Square Builders, LLC*, 170 So.3d 1043, 1047 (La. App. 1st Cir 2015). As the jurisprudence explains, exceptional circumstances are usually found to exist where there are "complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties." *Id.* at 1047-48. Under the jurisprudence of Louisiana, the concept of *res judicata* is to be applied strictly and any doubt

2

as to its application must be resolved against its application.  *Schneidau,* 17 So.3d at 64 (La. App. 5th Cir. 2009) ("If there is any doubt as to its applicability, the exception must be overruled").

The Plaintiffs also opposed Livers' Exception of Peremption. The Louisiana Legislature, in La. R.S. 9:2772, established a five-year peremptive period within which an action arising out of a builder's work on an immovable can be instituted by the owner.  The period begins to run at the earlier of the filing of a notice of acceptance of the work in the mortgage records by the owner (if done within six months of the owner taking possession and occupying the property); or when the owner takes possession and occupies the property if there is no such notice of acceptance filed.

However, La. R.S. 9:2772 also provides an exception to this peremptive period for causes of action that arise due to fraud perpetrated by the builder/contractor.  Specifically, La. R.S. 9:2772(H) provides in pertinent part:

> H. (1) The peremptive period provided in this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.
>
> (2) In any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues. However, if fraud is alleged in nonresidential contracts in an action commenced after the expiration of the five-year period provided by this Section, and the court determines that the allegation was brought in bad faith and no fraud is found, then the party who made the allegation shall be liable for court costs and attorney fees.  If fraud is proven, then the party that has committed the fraud shall be liable for court costs and attorney fees.
>
> (3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.

Louisiana Civil Code Article 1953 entitled "[f]raud may result from misrepresentation or from silence" provides in pertinent part, that:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

The aforementioned statute makes it clear that fraud can be found in situations both where a defendant affirmatively acts to defraud, and in cases where the defendant merely remains silent. However, in order "[t]o find fraud from silence there must be a duty to speak*." Lomont v. Bennett*, 172 So.3d 620, 629 (La. 2015).  The Louisiana Supreme Court in *Bunge Corp. v. GATX Corp.*, 557 So.2d 1376 (La. 1990) stated that "Louisiana law recognizes that the refusal to speak, in the face of an obligation to do so, is not merely unfair but is fraudulent." *Id.*  "There are two elements necessary to prove legal fraud: an intent to defraud and a resulting damage." *Id.*"  "Fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud." *Schilling v. Bernhard Bros. Mechanical Contractors LLC*, 186 So.3d 658, 665 (La. App. 1st Cir. 2013).  Louisiana Civil Code Article 1957 provides that fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence.

On October 28, 2016, the Livers' Exceptions were heard by the Honorable Judge Piper D. Griffin.  After considering the pleadings, evidence, briefings, and argument of counsel, Judge Griffin denied Livers' Exceptions.  On November 4, 2016, Livers filed a Notice of Intent to Apply for Supervisory Writ with the Fourth Circuit Court of Appeal in connection with Judge Griffin's denial of Livers' Exceptions. On December 12, 2016, the Fourth Circuit Court of Appeal denied Livers' writ application. On January 9, 2017, Livers applied for a writ of *certiorari* with the Louisiana Supreme Court. On January 24, 2017, Plaintiffs' filed an opposition to same. On February 17, 2017, the Louisiana Supreme Court denied Livers' application for a writ of *certiorari*.

Having exhausted all remedies available to it to preclude the Plaintiffs from pursuing their claims in the state court, on June 26, 2017, Livers filed its first Answer to the Plaintiffs' lawsuit.

4

In addition to its Answer, Livers also filed a third-party demand, asserting for the first time claims against In/Ex for supplying it with the Chinese drywall that Livers installed in the Plaintiffs Property.  On August 7, 2017, In/Ex filed a Motion for Injunctive Relief (Rec. Doc. 20891) with this Court in a case entitled *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, 2:09-md-2047 (E.D. La. 2009).  In its motion In/Ex argued that both Livers and the Plaintiffs should be precluded from pursuing claims against it arising from the Livers installation of Chinese drywall in the Burns home because the Plaintiffs were members of the settlement class and both In/Ex and Livers were released parties pursuant to a settlement agreement reached in MDL 2047. In/Ex also argued that for the same reasons, Plaintiffs should be enjoined from pursuing claims against Livers in the state court proceedings.  Accordingly, In/Ex asserted that based on the In/Ex settlement agreement in MDL 2047, *res judicata* barred the Plaintiffs from pursuing claims against both In/Ex and Livers.

On October 10, 2017 the Plaintiffs filed an opposition (Rec. Doc. 21032) to In/Ex's Motion for Injunctive Relief (Rec. Doc. 20891).  Plaintiffs argued that this Court should exercise its discretion and not interfere with the state court proceedings involving only claims brought by Plaintiffs against Livers.  Plaintiffs explained that Livers had raised the identical *res judicata* argument at the state court level, the denial of which had been reviewed and affirmed by both the Fourth Circuit Court of Appeal and the Louisiana Supreme Court.  Plaintiffs also noted to this Court that they never brought any claims against In/Ex arising from the installation of Chinese drywall in the Property, and that they therefore did not oppose this Court's issuance of an injunction insofar as it restricts the ability of Livers to pursue its third-party demand against InEx.

Livers never filed its own substantive motion for injunctive relief with this Court.  Instead, on October 12, 2017, Livers filed a Motion to Adopt (Rec. Doc. 21044) In/Ex's Motion for

Injunctive Relief (Rec. Doc. 20891). This decision by Livers is very telling as to why Livers filed a third-party demand against In/Ex in the first place. Clearly Livers had little interest in actually pursuing any claim in the state court action against In/Ex, if in response to a motion for a permanent injunction against the third-party demand, Livers does little more than offer its complete capitulation. Livers motive for filing a third-party demand against In/Ex was simply to have them fight the *res judicata* battle for Livers for a second time; this time in federal court.

On November 9, 2017, In/Ex filed a Supplemental Motion for Injunctive Relief (Rec. Doc. 21066). In its Supplemental Motion, picking up on the fact that Plaintiffs were not interested in pursuing claims against it in any forum, In/Ex asked that, in the alternative, the Court preclude Plaintiffs and Livers from pursuing claims against In/Ex alone. For a second time, Livers failed to file any responsive pleadings to In/Ex's request for an injunction against its third-party demand in the state court action.

In/Ex's Motion for Injunctive Relief (Rec. Doc. 20891) was submitted to the Court on October 18, 2017. Oral argument on In/Ex's Motion for Injunctive Relief went forward on January 23, 2018. That same day the Honorable Judge Eldon E. Fallon took the motion under advisement. On February 9, 2018, Judge Fallon issued Order and Reasons (Rec. Doc. 21177), granting In/Ex's motion for injunctive relief and denying Livers request for an injunction. In addressing his decision not to enjoin Plaintiffs' state court action against Livers, Judge Fallon stated:

> "The Court is aware of its obligation to exercise the All Writs Act power "in a manner that minimizes entanglement in the state judge's ability to supervise judicial proceedings in his own courtroom." *In re Diet Drugs II*, 369 F.3d at 317. Likewise, the Court is certain that "the state judge is capable and willing to enforce [the InEx Settlement] without close and intrusive supervision" by this Court. *See id*. During oral argument and in their briefs, the Burns have argued separately that their inability to participate in the benefits of the Knauf/InEx Settlement resulted from fraudulent activities by Livers to conceal the Chinese-Manufactured Drywall MDL and the

6

settlement program. This allegation, if true, is beyond the scope of the Court's Settlement Judgment. Accordingly, the Court refuses to enjoin the state court action against Livers, and defers to the state court for further proceedings consistent with the Court's InEx Settlement Judgment and this opinion."[1]

Livers, not satisfied with the ruling contained in the Order and Reasons issued by this Honorable Court on February 9, 2018 (Rec. Doc. 2117), filed a Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief (Rec. Doc. 21189) on February 20, 2018. For the reasons which follow, this Honorable Court should deny Livers' motion for reconsideration and affirm its prior Order denying Livers' Motion for Injunctive Relief.

## LAW AND ARGUMENT

A motion that calls into question the correctness of a judgment is typically a motion under Federal Rule of Civil Procedure 59(e). *Bodin v. Gulf Oil Corp*., 877 F.2d 438, 440 (5th Cir. 1989) (*citing Harcon Barge Co. v. D&G Boat Rentals Inc*., 784 F.2d 665, 669-70 (5th Cir. 1989)). When deciding whether to grant a Rule 59(e) motion, the district court has considerable discretion. *Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993); *see also Flynn v. Terrebonne Parish School Bd., 348 F. Supp*. 2d 769, 771 (E.D. La. 2004). In order to prevail on a Rule 59(e) motion to alter or amend the judgment, courts in this district have held that the moving party must prove that either: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is necessary is justified by an intervening change in the controlling law." *Flynn,* 348 F. Supp. 2d at 771; *see also Fidelity & Deposit Co. of Md. v. Omni Bank*, No. CIV. A. 99-1167, 1999 WL 970526, at *3 (E.D. La. Oct. 21, 1999).

---

[1] See Rec. Doc. 21177 at p. 15.

Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact, or to present newly discovered evidence; it is "an extraordinary remedy that should be used sparingly." *Austin v. Kroger Texas, L.P.*, —— F.3d ——, No. 16-10502, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017)(*quoting Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). As Judge Fallon previously noted in *Collins v. A.B.C. Marine Towing, L.L.C.*, C.A. No. 14-1900, 2017 WL 4228770 (E.D. La. 9/20/17), the Fifth Circuit favors denial of Rule 59(e) motions to amend or alter. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2. F.3d 606, 610-11 (5th Cir. 1993), *In re Self*, 172 F. Supp. 2d 813 (W.D. La. 2001). Accordingly, "[a] Rule 59(e) motion ... cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered." *Fidelity*, 1999 WL 970526 at *3.

**1. Livers cannot raise new facts, issues or arguments in a Rule 59(e) motion.**

`          As stated above, on February 20, 2018, Livers filed a Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief (Rec. Doc. 21189). In its motion for reconsideration, Livers goes to great lengths to argue that the "Court's Order (Rec. Doc. 21177) denying Livers' Motion for Injunctive Relief (1) was manifestly erroneous as a matter of law, and (2) will result in manifest injustice to Allied [sic]." (See Rec. Doc. 21189-1 at p. 2). Livers asserts that because the Plaintiffs never amended their Petition for Damages and only raised issues of fraud in its oppositions to Livers' Exceptions, that the Plaintiffs' claims of fraud are not properly before the state court.[2] However, in its original briefing to the Court on October 12, 2017, Livers merely filed a Motion to Adopt (Rec. Doc. 21044) In/Ex's Motion for Injunctive Relief (Rec. Doc. 20891). In its two-page memorandum in support of its motion to adopt, Livers spends little more than two

---

[2] On February 22, 2018, Plaintiffs filed their Second Amending And/Or Supplemental Petition For Damages, attached hereto as Exhibit 1.

sentences addressing this issue.[3]  In/Ex, in its extensive briefing to the Court, never addressed this particular issue.

Now, dissatisfied with Court's February 9, 2018 ruling, Livers attempts to fully brief this argument in its Rule 59(e) motion for reconsideration.  Livers raises for the first time before this Court, the specific allegations made against it in the Plaintiffs' Petition for Damages; Louisiana procedural law regarding the relief available in Louisiana courts; and provisions of the In/Ex settlement agreement providing that claims of fraud are released claims.  These issues were not briefed in Livers' or In/Ex's initial motions or supporting memorandum, or in In/Ex's supplemental memorandum, and are being raised by Livers for the first time in its Rule 59(e) motion for reconsideration.  The time for these arguments has long passed. Livers had ample opportunity to fully brief these issues prior to the submission date set for In/Ex's Motion for Injunctive Relief (Rec. Doc. 20891). However, Livers instead decided to let its fate ride on In/Ex's efforts.  This Court should not permit Livers to now come back, yet again, and argue substantively for the first time that it is entitled to an injunction against Plaintiffs in the state court proceedings.

The Fifth Circuit has repeatedly stated that because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Templet v. Hydrochem, Inc*., 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp*., 303 F.3d 571, 581 (5th Cir. 2002)).  Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *See id*.

---

[3] See Rec. Doc. 21189-1 at p. 2. ("In their Opposition, the Burns claim they have "clearly and ambiguously" asserted claims against Livers Construction, Inc. based on its installation of Chinese Drywall within their property and subsequent failure to inform the Burns of the existence of the Chinese Drywall or of MDL 2047.1 The Burns' Petition for Damages filed in state court, however, never alleges Livers Construction failed to inform the Burns of the existence of Chinese Drywall or of MDL 2047.2 Thus, the Burns' unsupported allegations are not properly before the state court and likewise should not be considered by this Court.")

at 479; *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued' ")(citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003))(*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Accordingly, Plaintiffs respectfully request that this Honorable Court deny Livers' Rule 59(e) Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief.

**2.  Livers' dissatisfaction with Court's Order Denying Livers' Motion for Injunctive Relief does not constitute manifest injustice.**

Livers' mere dissatisfaction with Judge Fallon's denial of its motion for injunctive relief does not constitute manifest injustice. *See generally Soto v. United States*, 2011 WL 4929423, at *1 (D. Del. Oct. 17, 2011) ("[D]issatisfaction with the court's decision ... is not a legitimate basis [for] granting a motion for reconsideration under Rule 59(e)."); *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) ("The simple fact that [plaintiff] is unhappy with the result of the [case] is an insufficient basis to grant her relief."). Rather, "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds."[4]  Other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D. D.C. 2015). *See also In re Green Goblin, Inc.*, 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) (*quoting In re Roemmele*, 466 B.R. 706 (Bankr. E.D. Pa. 2012)) ("In order

---

[4] Black's Law Dictionary 563 (7th ed.1999).

for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.").

Although Livers intertwines its arguments addressing "manifest errors of law" and the need to prevent "manifest injustice," Plaintiffs will attempt to address them separately.  The bulk of Livers argument is little more than mere disagreement with this Court's ruling contained in the February 9th Order and Reasons.  Livers argues that the "Court's Order denying Livers's Motion for Injunctive Relief… will… result in manifest injustice to Livers [because] Livers will have to continue its defense in the state court action, even though all of the Burns' claims against Livers are precluded by the InEx Settlement Agreement."[5] However, Judge Fallon specifically stated that the Plaintiffs' allegations, if true, are beyond the scope of the Court's Settlement Judgment.[6]

Livers further argues that the Court's order is manifestly unjust because "[f]orcing Livers to continue to litigate the state court action, despite the fact all the Burns' claims are precluded by the InEx Settlement Agreement, will not only result in manifest injustice to Livers, but is also a waste of judicial resources. This is a manifest injustice warranting reconsideration of the Court's Order."  Again, Livers cites no positive law in support of its argument concerning waste of judicial resources and its relation to manifest injustice.  Judge Fallon also addressed this issue, stating that, "the Court is aware of its obligation to exercise the All Writs Act power 'in a manner that minimizes entanglement in the state judge's ability to supervise judicial proceedings in his own courtroom.' *In re Diet Drugs II*, 369 F.3d at 317.  Likewise, the Court is certain that "'the state judge is capable and willing to enforce [the InEx Settlement] without close and intrusive supervision' by this Court. *See id."* Livers has not sufficiently demonstrated that the Order will result in manifest injustice, but instead only demonstrated that Livers disagrees with Judge Fallon's

---

[5] See Rec. Doc. 21189 at p. 2.
[6] See Rec. Doc. 21177 at p. 15.

reasoning.  Based on the foregoing, this Honorable Court should deny Livers' Rule 59(e) Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief.

**3.   Livers 'has not established that this Court committed a manifest error of law in Denying Livers' Motion for Injunctive Relief.**

"A 'manifest error' is not demonstrated by the disappointment of the losing party." *Namer v. Scottsdale Insurance Company*, 314 F.R.D 392, 395 (E.D. La. 2016). It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in an appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law."). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n. 13 (5th Cir. 2005). When deciding such a motion, "[t]he Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

Similar to the argument above in Section 2, Livers has failed to provide any supporting law establishing that the Court's February 9th Order and Reasons was the result of 'wholesale disregard, misapplication, or failure to recognize controlling precedent." To the contrary, Judge Fallon issued an extensive sixteen-page Order and Reasons setting forth his decision on both In/Ex's and Livers' request for injunctive relief.  Livers merely disagrees with the outcome and wishes to rehash rejected arguments and introduce new ones.  However, as laid out above, Livers was afforded ample opportunity to address these issues but failed to do so.  Livers should not now be permitted to rehash old arguments and raise new ones; this Honorable Court should deny Livers' Rule 59(e) Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief.

## CONCLUSION

For the foregoing reasons Plaintiffs respectfully request that this Honorable Court deny Livers' Motion for Reconsideration of Order Denying Livers' Motion for Injunctive Relief (R. Doc. 21189) and affirm its prior Order (Rec. Doc. 21177) denying Livers' Motion for Injunctive Relief.

Respectfully Submitted:

*/s/ Matthew A. Sherman*

_____

JAMES M. WILLIAMS (#26141)
MATTHEW A. SHERMAN (#32687)
ZACHARY R. SMITH (#37316)
*Chehardy, Sherman, Williams, Murray,*
*Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel. I further certify that I have sent the foregoing by U.S. Mail, postage pre-paid, to parties and/or their counsel who would not receive notice through the CM/ECF system.

*/s/ Matthew A. Sherman*
MATTHEW A. SHERMAN