FILED

2018 FEB 22 P 2: 34

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL DISTRICT COURT

NO. 2016-04002 DIVISION "I"

WINSTON J. BURNS, JR. AND WENDY B. BURNS

VERSUS

LIVERS CONSTRUCTION, INC. ET AL

FILED:_____    _____
                                   DEPUTY CLERK

## SECOND AMENDING AND/OR SUPPLEMENTAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Winston J. Burns, Jr. and Wendy B. Burns (hereinafter collectively referred to as "Petitioners"), who desire to amend and/or supplement their original and First Amending and/or Supplemental Petition for Damages in the following manner:

1.

By adding the following paragraphs:

7.1.

Upon moving back into the Property, the Petitioners began to experience problems with the Property including, but not limited to, malfunctioning appliances, electrical problems, and discoloration of wiring/piping.

7.2

Petitioners contacted Livers regarding the problems Petitioners were experiencing with the property. However, Livers was nonresponsive to Petitioners request for help in determining the source of the problems Petitioners were experiencing with the Property.

9.1

Upon information and belief, Petitioners allege that Livers had actual or constructive knowledge of the existence of toxic Chinese drywall in the Property yet did not inform Petitioners.

9.2

Livers owed a duty to inform Petitioners of the existence of the toxic Chinese drywall that it installed throughout the property.

EXHIBIT 1

9.3

Upon information and belief, Petitioners allege that Livers had actual or constructive knowledge of the existence of the Multidistrict Litigation entitled *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, CA. No. 2:09-md-2047 ("MDL 2047"). Further, Petitioners allege, upon information and belief, that Livers was aware of the applicability of MDL 2047 to the Petitioners and the toxic Chinese drywall installed by Livers in the Property. However, Livers never informed Petitioners of same.

9.4

Livers owed a duty to inform Petitioners of the existence the applicability of MDL 2047 to the Petitioners and the toxic Chinese drywall installed by Livers in the Property.

### THIRD CAUSE OF ACTION
### *(FRAUD BY SILENCE)*

25.

The Petitioners re-iterate the allegations contained in Paragraphs 1 through 24, above, as if copied herein *in extenso*.

26.

Livers owed a duty to Petitioners to inform them of the existence of the toxic Chinese drywall installed in the Property, of which, upon information and belief, Livers had actual or constructive knowledge.

27.

Livers owed a duty to Petitioners to inform them of the existence of MDL 2047 of which, upon information and belief, Livers had actual or constructive knowledge.

28.

Upon information and belief, Livers misrepresented or suppressed the truth in regard to the existence of the toxic Chinese drywall in order to obtain an unjust advantage or to cause a loss or inconvenience to Petitioners.

29.

Upon information and belief, Livers misrepresented or suppressed the truth in regard to the existence of MDL 2047, and its applicability to Petitioners and the toxic Chinese drywall installed by Livers, in order to obtain an unjust advantage or to cause a loss or inconvenience to Petitioners.

30.

As a result of Livers' action and/or inaction as set forth above, the Petitioners have sustained substantial losses and damages as to be proven at trial.

**WHEREFORE**, the Petitioners pray that they be granted leave to file the Second Amending and/or Supplemental Petition for Damages and that after all due proceedings, had, there be judgment in their favor and against the Defendants, for the damages sustained, plus interest, costs, attorney's fees incurred in bringing this action, for reimbursement of the reasonable expenses occasioned to date, and other damages to be proven at the trial of this matter, together with attorney's fees, damages, costs and all general and equitable relief as this Honorable Court deems fit and proper and for trial by jury.

Respectfully submitted,

CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM & HAYES, LLP

_____
JAMES M. WILLIAMS, La. Bar No. 26141
MATTHEW A. SHERMAN, La. Bar No. 32687
ZACHARY R. SMITH, La. Bar No. 37316
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
*Attorneys for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on all parties through their counsel of record, by notification through electronic mail, facsimile, hand delivery, and/or placing a copy of same in the United States mail, postage prepaid and properly addressed, this 22nd day of February, 2018.

_____
MATTHEW A. SHERMAN

3

FILED

2018 FEB 22 P 2: 34

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO. 2016-04002                                                               DIVISION "I"

WINSTON J. BURNS, JR. AND WENDY B. BURNS

VERSUS

LIVERS CONSTRUCTION, INC. ET AL

FILED:_____    _____
                                                                              DEPUTY CLERK

## ORDER

**IT IS ORDERED** that plaintiffs, Winston J. Burns, Jr. And Wendy B. Burns, be and are hereby granted leave to file the foregoing Second Amending and/or Supplemental Petition.

New Orleans, Louisiana, this _____ day of _____, 2018.

_____
THE HONORABLE PIPER D. GRIFFIN

**PLEASE SERVE:**

*Second Amending and/or Supplemental Petition to:*

**LIVERS CONSTRUCTION INC.**
Through its attorney of record:
Elton F. Duncan III, T.A.
400 Poydras Street, Suite 1200
New Orleans, LA 70130

**FIREMAN'S FUND INSURANCE COMPANY**
Through its attorney of record:
Thomas H. Prince
Chaffe McCall LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

4