UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

ALL CASES

_____/

### GEORGE TORAN'S OBJECTION AND RESPONSE TO KNAUF'S MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN REMEDIATION CLAIMS

COMES NOW the Plaintiff, GEORGE TORAN (hereinafter "Claimant"), by and through the undersigned counsel, and hereby respectfully submits this Objection and Response to Knauf's Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims dated February 22, 2018.

### FACTUAL BACKGROUND AND HISTORY

Claimant elected to remediate his home under Option 2-Self Remediation, as provided under the Settlement Agreement regarding Claims Against the Knauf Defendants in MDL No. 2047, Doc. No. 16570 (hereinafter "Settlement Agreement"). Claimant retained James Pascale from JJ Staten Homes, an experienced Chinese Drywall contractor that has remediated several homes involved in this Multi-District Litigation. In fact, Mr. Pascale is still active in remediating several homes in the program, including Claimant's home, and has recently communicated that he intends on completing Claimant's home soon pending some work he's performing on other Chinese Drywall Homes and receiving additional funds for said services. Contrary to Defendants' allegations that Claimant has failed to comply with the terms of the Settlement

Agreement, Claimant has actually completed three of the four milestones required under the Settlement Agreement and has diligently followed up with Mr. Pascale in completing the final milestone.

In addition, Claimant has maintained continuous and recent communications with Knauf Defendants' counsel and the Settlement Administrator's attorneys (Brown Greer) as to the efforts in completing the final milestone. This is not a situation where Claimant has neglected the remediation process or failed to communicate with Defendants' attorneys. Claimant's counsel actually responded to a Brown Greer status email as recent as February 19, 2018, in which we communicated that Ms. Pascale informed us that he was still working on Claimant's home but was waiting on some additional funds from other projects involved in the subject Remediation Program to complete the remediation.

The heavy workload and burden on Chinese Drywall contractors and claimants to completely remediate all these homes in a timely fashion was imposed by Defendant, Knauf. Defendants should not now benefit from the difficulties they have created.

At this juncture, to extinguish Defendant's Settlement obligations as to Claimant would be unfair and extremely prejudicial to the claimant. George Toran joins his fellow claimants' objections against Defendants' Motion to Extinguish these claims and reiterates that to grant their motion would be a miscarriage of justice and unfairly absolve Defendants' obligations under the Settlement Agreement. To date, Claimant's efforts in remediating his home, through his contractor, have been made in good faith.

## **CONCLUSION**

Defendant's defective product has taken a heavy, emotional and financial toll on Claimant and his family. As the current homeowner, Claimant has complied with all the requirements in

the Settlement Agreements and a recovery is justified. Claimant and his family are victims in this matter, and in the interest of fairness, we respectfully request this Honorable Court to deny Defendants' Motion to Extinguish Claimant's claim in this matter and for any other relief this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion has been provided to Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 8th day of March, 2018.

/s/ Francisco A. Albites
FRANCISCO A. ALBITES, ESQ.
Florida Bar NO. 78046
PARKER WAICHMAN LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Direct: (239) 390-8612
Fax: (239) 390-0055
PWFLPleadings@yourlawyer.com