**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                                   MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' LEAD AND LIAISON COUNSELS' OPPOSITION**
**TO KRUPNICK CAMPBELL MALONE *ET AL*.'S MOTION FOR INTERIM**
**<u>DISBURSEMENT OF UNDISPUTED AMOUNT OF ATTORNEY'S FEES</u>**

A.       <u>INTRODUCTION</u>

There is no "undisputed amount" of attorneys' fees in this case for either common benefit

counsel or individual contract attorneys, as we have all learned from the needlessly protracted fee

dispute litigation led by the Fee Objectors.  The Court established detailed guidelines and a

protocol for the award of attorneys' fees and reimbursement of expenses in this matter more than

four years ago.[1]  No fee applicant ever lodged an objection to PTO 28 or any of its amendments.

At this point, having completed five of the six steps outlined in PTO 28 (and having completed

most of the tasks assigned by the Court in the final Step Six), the focus should be on completing

the process to reach a final fee award that may then be appealed in its entirety, rather than

piecemeal.   Notably, the only task left is for the Fee Committee ("FC") to submit its

recommendation for an allocation of common benefit fees.  Back in 2014, the FC conducted

---

[1] *See* Pretrial Order No. 28, as amended [Rec. Docs. 17379, 17402, 17567, 17639, 17832, 18037, 20282].

meetings with each of the common benefit fee applicants and analyzed their Initial Affidavits and Second Affidavits. The FC is scheduled to meet now that the January 31, 2018 Order and Reasons Setting Common Benefit Fees has been entered.[2] Following that meeting, it is expected that the FC will submit an allocation recommendation to the Court for it to consider in rendering its final fee allocation order.

Under these circumstances, it is more prudent to complete the last step of the fee determination process prior to any distribution of fees, especially in light of the fact that certain of the Fee Objectors have made it clear they will appeal whatever decision the Court enters.[3] Regardless of whether the Court grants the recently filed 1292(b) Motion (and the Fifth Circuit exercises its discretion to hear such an interlocutory appeal) or whether an appeal is filed after the final fee award has been made, at this juncture, the amount of fees available to individually retained counsel is unknown.

For this reason alone, and as set forth below, Krupnick Campbell Malone *et al.*'s Motion for Interim Disbursement of Undisputed Amount of Attorney's Fees[4] should be denied.

---

[2] *See* Rec. Doc. 21168 ("Common Benefit Fees Order").

[3] *See*, *e.g.*, Primary Counsel's Motion for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), or in the Alternative Entry of Final Judgment Under Rule 54(b) [Rec. Doc. 21216], filed February 28, 2018 ("1292(b) Motion"). Originally, the group of Fee Objectors consisted of 23 firms. The only remaining objecting firms seeking 1292(b) certification of the Common Benefit Fees Order are: Baron & Budd, PC; Allison Grant, PA; Alters Law Firm, PA; Parker Waichman, LLP; Gentle, Turner, Sexton & Harbison, LLC; McCallum, Hoaglund, Cook & Irby, LLP; Pendley Baudin & Coffin; Rhine Law Firm; and Luckey & Mullins.

[4] Rec. Doc. 21212 ("Interim Disbursement Motion"). Movant Krupnick Campbell Malone Buser Slama Hancock Liberman P.A. will be referred to herein as "KCM."

2

B.     **ARGUMENT**

   A.     **The Court Should Enter a Final Fee Order Prior to Any Disbursements Since the Fee Allocation Process Has Almost Reached the Finish Line.**

   The Court approved the nine Class Settlements providing the funds available for attorneys' fees in 2013.[5]  On January 10, 2014, the Court entered PTO 28 establishing a multi-step process "for the efficient presentation to th[e] Court to allow for the determination of making an award of attorneys' fees and reimbursement of litigation expenses, and subsequently an allocation from such an award."[6]  The six steps in the fee award and allocation process were review of time and expenses (Step One), submission of initial affidavit for compensation for common benefit time and reimbursement of expenses to [the Fee Committee] and identification of individual claimants retained by individual counsel (Step Two), filing of a Global Fee Petition on behalf of common benefit counsel and individual contract attorneys (Step Three), a request for a common benefit assessment for other cases (Step Four), division of available funds as between common benefit counsel and individual contract attorneys (Step Five), and an allocation of common benefit fees (Step Six).[7]

---

[5] The "Class Settlements" are the settlements with (1) Interior Exterior Building Supply, LP and its insurers; (2) the Banner entities and their insurers; (3) L&W Supply Corporation and USG Corporation; (4) the Knauf Defendants; (5) the Participating Builders, Suppliers, and Installers, and their Participating Insurers (together, the "Global Settlement"); (6) Non-Manufacturing Defendants insured by Nationwide; (7) Porter-Blaine Corp. and Venture Supply, Inc., and Certain of Their Insurers; (8) Defendants Insured by Builders Mutual Insurance Company; and (9) Tobin Trading, Inc., Builders Plaster & Drywall, L.L.C., JMM Drywall Co., LLC and Participating Insurers [Rec. Doc. 16570 (final approval order dated 2/7/2013) and Rec. Doc. 16934 (final approval order dated 7/9/2013)].

[6] Rec. Doc. 17379, at 2.

[7] Rec. Doc. 17379.

For the past four years, the FC, counsel and the Court have diligently worked through Steps One through Five[8] of this comprehensive, fully integrated approach and have finally arrived at the end point.  The Court's Common Benefit Fees Order, issued on January 31, 2018, marked the completion of Step Five.  On February 28, 2018, certain Objectors (a subset of the original group of Fee Objectors) filed a 1292(b) Motion contesting the Common Benefit Fees Order, leaving the allocation between individually retained attorneys and common benefit counsel uncertain.[9]  A meeting of the Fee Committee will convene to complete the process of allocating common benefit fees among the common benefit fee applicants – Step Six.  The FC already met with the fee applicants individually, elicited testimony regarding their entitlement to common benefit fees, analyzed their Initial Affidavits and Second Affidavits submitted in support of a common benefit fee allocation, and assessed the relative contributions of each fee applicant to the advancement of this litigation.  It is expected that a proposed common benefit fee allocation will be forthcoming and objections thereto resolved this calendar year.  All that will remain after that will be the resolution of any appeals from a final fee order, which, at that time, could be taken up in its entirety rather than piecemeal.

Being four years into a fee award process that is likely to end within the year, there is no justification for jumping the gun and disbursing an uncertain amount of funds at this late date

---

[8] Steps One, Two, Three and Five have been completed.  *See*, *e.g.*, Rec. Doc. 17700 (the Global Fee Petition); Rec. Doc. 20257 (5/17/2016 Order on Global Fee Petition); Rec. Doc. 20282 (Allocation Motion); Rec. Doc. 21168 (Common Benefit Fees Order).  With respect to Step Four, a Motion for Additional Common Benefit Assessments is currently pending.  *See* Rec. Doc. 17831 (filed 7/9/2014); *see also* Rec. Doc. 21182 (Plaintiffs' Lead and Liaison Counsel's Supplemental Memorandum of Law in Support of the Motion for Additional Common Benefit Assessments, as clarified [Rec. Doc. 21183] and corrected [Rec. Doc. 21213]).

[9] Rec. Doc. 21216.  That motion will be vigorously opposed as it is nothing more than an additional side show impeding the ultimate resolution of the final fee award which can be appealed when finalized.

when a complete resolution can be had in the near term.  Unlike cases where the parties will have to wait years into the future to receive payments because of ongoing litigation against additional defendants, the timing here does not militate in favor of a specious partial disbursement of attorneys' fees.[10]

### B.      There Is No "Undisputed" Amount of Attorneys' Fees.

In addition to the inappropriate timing of KCM's request for interim disbursement, the uncertainty as to the amount of fees that will be available to individually retained attorneys weighs against an interim disbursement.   Essentially what KCM suggests in its Interim Disbursement Motion is that the Court engage in a guessing game over what amount of fees individually retained counsel will ultimately be entitled to.   As it is, many of the contract attorneys in this matter are also common benefit counsel, and vice-versa, and several PSC members are also Fee Objectors.   Further, there is no cohesive position taken by the Fee Objectors as to the appropriate split of available funds between common benefit counsel and individual contract attorneys.  Simply put, there is currently no amount of money to be disbursed pursuant to KCM's Interim Disbursement Motion because there is no "undisputed" amount of attorney's fees.  As such, KCM's request differs from traditional requests for interim awards of

---

[10] The partial disbursement of attorneys' fees in *Diet Drugs* is not helpful to KCM's argument in this case. *See* Rec. Doc. 21212-1, at 5 (citing *In re Diet Drugs*, No. 99-cv-20593, 2002 WL 32154197, at *12 (E.D. Pa. Oct. 3, 2002), *modified*, 2003 WL 22218322 (E.D. Pa. May 15, 2003), and *judgment entered sub nom.*, 2008 WL 2890878 (E.D. Pa. July 21, 2008)).  In *Diet Drugs*, the court granted a preliminary fee award under circumstances where the court had not yet done an analysis of the *Gunter* factors (similar to the *Johnson* factors) and a final fee award was not forthcoming in the near future.  *See In re Diet Drugs*, 401 F.3d 143, 155-58 (3d Cir. 2005) ("There is a significant amount of work to be done by the Joint Petitioners.").  In contrast, here, a final fee award should occur in the near future.  In addition, the court in *Diet Drugs* only awarded partial fees of less than 20 percent of the funds available for attorneys' fees "leaving very substantial sums of money for future distribution."   *Id.* at 157.  In any event, even if an interim distribution were made, it would only give the Fee Objectors another opportunity to seek an appeal, which, even though not proper, would further delay the resolution of these proceedings.

Case 2:09-md-02047-EEF-MBN   Document 21239   Filed 03/12/18   Page 6 of 10

attorneys' fees because the firm is asking the Court to engage in guesswork with respect to a disputed fee allocation and to make an award of fees that may ultimately have to be unwound.

KCM's suggestion that the Court should simply pick a number, even one at random, that it believes will be below any ultimate award, and disburse it to individually retained counsel, is without support. Moreover, once on appeal, no one knows whether the Fifth Circuit will raise any issues with respect to the overall fee award that it deems relevant and remand the case to this Court with guidance and instructions that are not obvious to the parties at this time. Needless to say, predicting the outcome of the fee allocation to individually retained counsel is a fruitless activity at this point.

There is little doubt that the allocation of global fees as between individually retained attorneys and common benefit counsel pursuant to the Court's Common Benefit Fees Order will be challenged on appeal.[11] Under Fifth Circuit jurisprudence, the award of attorneys' fees will be examined for an abuse of discretion. *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227-28 (5th Cir. 2008). It is unlikely that the Fifth Circuit will overturn the fee order of this Court especially in light of the fact that extensive Due Process considerations were afforded to all parties, which far exceeded the standards set by the Fifth Circuit, and because the Court's Common Benefit Fees Order properly analyzed in painstaking detail the factual support for common benefit fees pursuant to each of the *Johnson* factors.[12] Nevertheless, although unlikely, there is no certainty with respect to what an appellate court may do.

---

[11] *See, e.g.*, Rec. Doc. 21216.

[12] The district court is required to explain how each of the factors enunciated in forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), impacts on the fee award. *See In re High Sulfur*, 517 F.3d at 228-29.

Ultimately, although highly unlikely, the Fifth Circuit may reach contrary conclusions with respect to the overall fee award or the Court's allocation of that award and remand for further consideration with regard to issues not raised by the parties, at which time the parties may present different arguments with respect to the appropriate amount of fees that should be awarded for common benefit counsel. *See*, *generally*, *High Sulfur*, 517 F.3d at 235 (vacating and remanding the district court's fee award with instructions). This is why, at this point, there is no "undisputed" amount of attorneys' fees, and claiming that there is a "floor" as to what individually retained counsel will receive is rather presumptive.

KCM essentially admits there is no "undisputed" amount of attorneys' fees by offering up three possible amounts that could be considered "undisputed." One suggestion is the amount allocated to individually retained counsel by the Court's Common Benefit Fees Order, another suggestion is the proposed allocation recommended by the FC in its original Allocation Motion[13] which KCM claims is a "floor as to what was expected to be disbursed," and the final suggestion is a number lower than option 2 but chosen completely at random and proffered by KCM as a "partial interim payment."[14] The complete lack of certainty in this case makes the disbursement of fees at this time untenable.

C.    **There Is No Prejudice to Counsel in Delaying Disbursement of Attorneys' Fees Until After a Final Judgment**.

KCM has not shown any prejudice if the Court delays disbursement of attorneys' fees until such time as the fee allocation determination is final. KCM never objected to PTO 28 when it was entered more than four years ago. The parties have been engaged in the Court-ordered

---

[13] Rec. Doc. 20282.

[14] Rec. Doc. 21212-1, at 2.

process for determining the fee award and allocation for quite some time and are in the final step of a six-step process.[15]   KCM attorney Michael J. Ryan is a member of the Fee Committee, which is scheduled to meet to complete the final step of common benefit fee allocation.  It can be assumed that a final fee award will be forthcoming this calendar year.   KCM offers no justification under these circumstances for jumping the gun on a partial disbursement of an uncertain amount of fees when the parties are 95 percent of the way to the finish line.  The process established by this Court, to comport with heavy Due Process, should not be aborted.

## III.   CONCLUSION

For the foregoing reasons, Lead and Liaison Counsel respectfully request that KCM's Interim Disbursement Motion be denied.

Respectfully submitted,

Dated: March 12, 2018          /s/ Russ M. Herman_____
                               Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
                               Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
                               Stephen J. Herman, Esquire (Bar No. 23129)
                               HERMAN, HERMAN & KATZ, L.L.C.
                               820 O'Keefe Avenue
                               New Orleans, LA 70113
                               Phone: (504) 581-4892
                               Fax: (504) 561-6024
                               RHerman@hhklawfirm.com
                               *Plaintiffs' Liaison Counsel MDL 2047*

---

[15] The six-step process is set forth in Pretrial Order No. 28 ("PTO 28") [Rec. Doc. 17379].  On January 27, 2014, the Court entered PTO 28(A) [Rec. Doc. 17402] clarifying the time frame to be covered in the time and expense records to be considered pursuant to PTO 28.  Subsequently, the Court entered PTO 28(B) [Rec. Doc. 17567] and PTO 28(C) [Rec. Doc. 17639] extending certain deadlines set forth in PTO 28.  On July 9, 2014, the Court entered PTO 28(D) [Rec. Doc. 17832] appointing Leonard A. Davis as Assistant Secretary to the Fee Committee. On October 6, 2014, PTO 28(E) [Rec. Doc. 18037] was entered addressing the allocation of common benefit fees and individual counsels' fees.  On May 25, 2016, the Court entered PTO 28(F) [Rec. Doc. 20282] setting additional deadlines for the filing of certain motions related to the fee allocation process.

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith J. Verrier (on the brief)
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of March, 2018.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*

10