UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PRIMARY COUNSEL'S MEMORANDUM IN SUPPORT OF MOTION FOR DISBURSEMENT OF CONTRACT COUNSEL FEES AWARDED BY THE COURT

Primary Counsel submit this *Memorandum in Support of Motion for Disbursement of Contract Counsel Fees Awarded by the Court*.

To promote the expeditious resolution of the fee dispute presently before the Court, Primary Counsel[1] request an Order allowing individually retained counsel the option to receive, as full and final payment, disbursement of their pro rata share of the amount of attorneys' fees allocated to "contract counsel" in the amount of $94,607,042.17 as determined by the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168).  As set forth below and in *Krupnick Campbell Malone et al.'s Motion for Interim Disbursement of Undisputed Amount of Attorney's Fees* (R. Doc. 21212) and supporting memorandum (R. Doc. 21212-1) (collectively the "Krupnick Disbursement Motion"), adopted in part herein pursuant to Federal Rule of Civil Procedure 10(c),[2] the requested disbursement would serve the interest of all parties.

---

[1] "Primary Counsel" refers to those law firms joining in this motion and supporting memorandum while "individually retained counsel" or "contract counsel" refers more broadly to all counsel who are involved in this MDL by virtue of private contingency fee contracts with clients.

[2] Primary Counsel adopt and incorporate only those portions of the Krupnick Disbursement Motion which support and seek an order providing for the disbursement of the amount of attorneys' fees allocated to contract counsel as determined by the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168).  Primary Counsel do not agree that the court should require a disbursement of some lesser amount or allow those firms opting for disbursement to preserve their claims, rights, entitlements and/or arguments regarding the remaining attorneys' fees which may be in dispute.  Further, Primary Counsel do not agree with any allegations or insinuations made in the Krupnick

## ARGUMENT

An important goal of MDL proceedings is to facilitate the "just and expeditious resolution of all actions to the overall benefit of the parties." *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). The Court, in connection with this MDL, already has expressed its intention "to expedite certain portions of the [attorneys' fee] award."[3] To achieve that goal, "a district court has inherent authority 'to bring management power to bear upon massive and complex litigation to prevent [the litigation] from monopolizing the services of the court to the exclusion of other litigants.'" Eldon E. Fallon, *Common Benefit Fees in Multi-District Litigation*, 74 La. L. Rev. 371, 377 (2014) (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977)).

The Fee Committee ("FC") has argued that, "this Court is permitted to devise and implement all manner of creative solutions to problems that arise. . . ."[4] One such solution to quell the concerns of the FC and non-objecting firms is to allow individually retained counsel to seek disbursement of their pro rata share[5] of the $94,607,042.17 awarded by the Court to contract counsel in its *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168). The funds are available and no one has denied that at least this amount is due to individually retained counsel.

---

Disbursement Motion that Primary Counsel are responsible for the vexatious, inefficient or protracted nature of the fee dispute. R. Doc. 21212-1 at 6. To that end, Primary Counsel intend to file a timely opposition to the Krupnick Disbursement Motion.

[3] Pre-Trial Order No. 28(F) (Doc. 20282), at ¶ 9.

[4] The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (Doc. 20384-2), p. 34 (citing *Pella Corp. v. Saltzman*, 606 F.3d 391, 396 (7th Cir. 2015 [sic])).

[5] Each firm's pro rata share would be based upon the formula set forth in Pre-Trial Order 28(F), ¶ 5. R. Doc. 20282.

A partial disbursement of attorneys' fees is not foreign in the MDL context. In *In Re Diet Drugs*, three funds were created to compensate class counsel and/or common benefit counsel.[6] The funds consisted of money paid directly by the defendant and/or assessments issued against attorneys' fees paid by defendants to individually retained counsel. Similar to the instant case, the court recognized that the litigation had been ongoing for years and counsel had not been compensated. It explained, "To make [the attorneys] wait any longer for at least some fee award would be grossly unfair." *Id.* As such, it issued an interim award of attorneys' fees, which provided "at least partial compensation at a time when the court was not really able to analyze fully [the percentage of recovery factors] and make a final award." *Id.*[7]

The undersigned respectfully submit that, like the initial disbursement in *In re Diet Drugs*, this Court should allow individually retained counsel to elect to receive their pro rata share of the contract counsel fees as full and final payment. This disbursement would be fair to individually retained counsel as it would allow those counsel to receive prompt payment without waiting for full resolution of the fee dispute pending any resulting appeals.

## CONCLUSION

For the reasons set forth above, Primary Counsel pray for an Order allowing individually retained counsel the option to receive, as full and final payment, disbursement of their pro rata share of the amount of attorneys' fees allocated to contract counsel in the amount of $94,607,042.17 as determined by the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168).

---

[6] *In re Diet Drugs*, No. 99-20593, 2002 WL 32154197, at *12 (E.D. Pa. Oct. 3, 2002), *modified,* 2003 WL 22218322 (E.D. Pa. May 15, 2003), and *judgment entered sub nom.*, 2008 WL 2890878 (E.D. Pa. July 21, 2008).

[7] Several parties attempted to appeal the interim award; however, the Third Circuit held that the interim award of attorneys' fees was not an appealable final order because of unresolved questions related to the fee award and total value of the settlement. *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Products Liab. Litig.*, 401 F.3d 143, 157 (3d Cir. 2005).

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By:   /s/ *Jimmy R. Faircloth, Jr.*
   Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)
   jfaircloth@fairclothlaw.com
   Brook L. Villa (LA #31988)
   bvilla@fairclothlaw.com
   Franklin "Drew" Hoffmann (LA #35824)
   dhoffmann@fairclothlaw.com
   412 N. 4th Street, Suite 230
   Baton Rouge, LA 70802
   Phone: (225) 343-9535
   Fax: (225) 343-9538

   *Attorneys for Parker Waichman LLP*

**LISKA, EXNICIOS & NUNGESSER**

By:   /s/ *Val Patrick Exnicios*
   Val Patrick Exnicios, Esq. (Objectors' Co-Liaison Counsel)
   vpexnicios@exnicioslaw.com
   1515 Poydras Street
   14th Floor, Ste. 1400
   New Orleans, LA. 70112
   Phone: (504) 410-9611
   Fax: (504) 410-9937
   Cell: (504) 495-9666

   *Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins*

**BARON & BUDD, P.C.**

By:   /s/ *Russell W. Budd*
   Russell W. Budd (TX #03312400)
   rbudd@baronbudd.com
   S. Ann Saucer (TX #00797885; LA #21368)
   asaucer@baronbudd.com
   3102 Oak Lawn Avenue, Suite 1100
   Dallas, TX 75219
   Phone: 214-521-3605
   Fax: 214-520-1181

**GENTLE, TURNER, SEXTON & HARBISON, LLC**

By:   /s/ *K. Edward Sexton, II*
   K. Edward Sexton, II
   esexton@gtandslaw.com
   501 Riverchase Parkway East, Suite 100
   Hoover, Alabama 35244
   Phone: (205) 716-3000
   Fax: (205) 716-3010

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By:   /s/ *Eric D. Hoaglund*
   Eric D. Hoaglund
   ehoaglund@mhcilaw.com
   905 Montgomery Highway, Suite 201
   Vestavia Hills, Alabama 35216
   Phone: (205) 824-7767
   Fax: (205) 824-7768

**MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP**

By:   /s/ *Mark Milstein*
   Mark Milstein
   mmilstein@mjfwlaw.com
   10250 Constellation Blvd., 14th Floor
   Los Angeles, CA 90067
   Phone: (310) 396-9600
   Fax: (310) 396-9635

| | |
|---|---|
| **ROBERTS AND DURKEE, LLP**<br><br>By:    /s/ *C. David Durkee*<br>C. David Durkee<br>durkee@rdlawnet.com<br>2665 South Bayshore Drive, Suite 300<br>Coconut Grove, FL 33133<br>Phone: (305) 442-1700<br>Fax: (305) 442-2559 | **GIEGER, LABORDE & LAPEROUSE, LLC**<br><br>By:    /s/ *Victoria E. Emmerling*<br>Andrew A. Braun (LA #3415)<br>abraun@glllaw.com<br>Victoria E. Emmerling (LA #33117)<br>temmerling@glllaw.com<br>701 Poydras Street, Suite 4800<br>New Orleans, Louisiana 70139-4800<br>Phone: (504) 561-0400<br>Fax: (504) 561-1011<br><br>*Attorneys for Morris Bart, L.L.C.* |
| **ALLISON GRANT, P.A.**<br><br>By:    /s/ *Allison Grant*<br>Allison Grant (FL #858330)<br>agrant@allisongrantpa.com<br>14 SE 4th St<br>Boca Raton, FL 33432-6111<br>Phone: 561-994-9646<br>Fax: 561-431-4627 | **ALTERS LAW FIRM, P.A.**<br><br>By:    /s/ *Jeremy W. Alters*<br>Jeremy W. Alters (FL #111790)<br>jeremy@alterslaw.com<br>Justin D. Grosz (FL #984000)<br>justin@alterslaw.com<br>Matthew T. Moore, Of Counsel (FL #70034)<br>matthew@alterslaw.com<br>1855 Griffin Road, Suite C470<br>Dania Beach, FL 33004<br>Phone: (305) 571-8550<br>Fax: (305) 571-8558 |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of March, 2018.

    /s/ *Jimmy R. Faircloth, Jr.*
JIMMY R. FAIRCLOTH, JR.