**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRIMARY COUNSEL'S RESPONSE PARTIALLY OPPOSING**
**KRUPNICK CAMPBELL MALONE *ET AL.*'S MOTION FOR INTERIM**
**DISBURSEMENT OF UNDISPUTED AMOUNT OF ATTORNEY'S FEES**

Krupnick Campbell Malone *et al*. requests an order (1) providing for interim disbursement of the amount of the attorneys' fees allocated to "Individually Retained Counsel" as determined by the Court in the Order of January 31, 2018 (R. Doc. 21168); (2) alternatively, providing an interim disbursement of attorneys' fees in an amount less than that ordered by the Court; and (3) preserving all claims, rights, entitlements and/or arguments regarding the remaining attorneys' fees (the "disputed portion"). *See* Krupnick Campbell Malone *et al*.'s Motion for Interim Disbursement of Undisputed Amount of Attorney's Fees (R. Doc. 21212) and supporting memorandum (R. Doc. 21212-2) (collectively, the "Krupnick Disbursement Motion").  Primary Counsel[1] oppose only those portions of the Krupnick Disbursement Motion which seek (1) an interim disbursement of attorneys' fees in an amount less than ordered by the Court and (2) preservation of all rights regarding the remaining, disputed portion of attorneys' fees (collectively,

---

[1] "Primary Counsel" refers to those law firms joining in this pleading while "individually retained counsel" or "contract counsel" refers more broadly to all counsel who are involved in this MDL by virtue of private contingency fee contracts with clients.

referred to herein as the "Disputed Requests").[2]  The Disputed Requests would not serve the interests of all parties or expedite the resolution of this fee dispute; thus, they should be denied.

## ARGUMENT

An important goal of MDL proceedings is to facilitate the "just and expeditious resolution of all actions to the overall benefit of the parties."  *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).  The Court, in connection with this MDL, already has expressed its intention "to expedite certain portions of the [attorneys' fee] award."[3]  To achieve that goal, "a district court has inherent authority 'to bring management power to bear upon massive and complex litigation to prevent [the litigation] from monopolizing the services of the court to the exclusion of other litigants.'"  Eldon E. Fallon, *Common Benefit Fees in Multi-District Litigation*, 74 La. L. Rev. 371, 377 (2014) (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977)) ("Common Benefit Fees).  As argued by the Fee Committee, "[T]his Court is permitted to devise and implement all manner of creative solutions to problems that arise. . . ."[4]

---

[2] Primary Counsel filed a *Motion for Disbursement of Contract Counsel Fees Awarded by the Court* joining, in part, the Krupnick Disbursement Motion insofar as it seeks disbursement of the amount of attorneys' fees allocated to contract counsel in the amount of $94,607,042.17 as determined by the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168).  R. Doc. 21240.

[3] Pre-Trial Order No. 28(F) (Doc. 20282), at ¶ 9.

[4] The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (Doc. 20384-2) at 34 (citing *Pella Corp. v. Saltzman*, 606 F.3d 391, 396 (7th Cir. 2015 [sic])).

First, the Krupnick Disbursement Motion should be denied insofar as it seeks a result that is both unjust and directly contrary to the basic premise underlying the common benefit doctrine – "spreading the cost of the litigation to all beneficiaries of [the] services." *Common Benefit Fees*, 74 La. L. Rev. at 376.   Specifically, the motion seeks to preserve all claims or rights of all individually retained counsel to the disputed portions of the attorneys' fees while arguing that only those counsel who actively participate in the fee dispute, i.e. Primary Counsel, should be responsible for the financial burden.   Doc. 21212-1 at 6.   Such a result – where only a few shoulder the burden, both in terms of time and expense, but all reap the reward – is certainly unjust and cannot be squared with the common benefit doctrine.   Indeed, individually retained counsel as a whole already stand to benefit from the work of Primary Counsel (and, to varying degrees, other counsel who objected to the *Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F)* (R. Doc. 20293-1)) (collectively, "Objecting Counsel").   As explained in the Krupnick Disbursement Motion, "[T]he actual dollar amount ordered by the Court on January 31, 2018 is in excess of the dollar amount recommended by the Fee Allocation Committee.   In addition, the dollar amount [ordered] by this Court . . . is also in excess of the Special Master's Recommendation."   R. Doc. 21212-1 at n. 2.   But for the extensive work of and expense borne by Objecting Counsel,[5] this increase in individually retained counsel's share of the attorneys' fees

---

[5] During the course of the fee dispute, Objecting Counsel expended significant attorney time and out-of-pocket costs which were born by each individual firm rather than charged against all individually retained counsel.   Nevertheless, all individually retained counsel benefited.

would not have occurred.[6]   Accordingly, individually retained counsel should not be allowed to seek payment of the undisputed portion of the available attorneys' fees while not participating in the work or expense of the remaining fee dispute, but reserving their rights to the disputed portion. Stated differently, as requested in Primary Counsel's Motion for Disbursement of Contract Counsel Fees Awarded by the Court (R. Doc. 21240), individually retained counsel should be allowed to extract themselves from the fee dispute by exercising an option to receive, as full and final payment, disbursement of their pro rata share of the amount of attorneys' fees allocated to contract counsel as determined by the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168).

Second, because disbursement of an amount less than that ordered by the Court (R. Doc. 21168) would not expedite the resolution of the fee dispute, that request should be denied. Allowing such a disbursement ensures, and to some extent complicates, the ongoing litigation as it will require a future determination of who is entitled to the difference between this lesser disbursement and the amount awarded by the Court to individually retained counsel ($94,607, 042.17).   Moreover, if the Court allows a lesser disbursement, individually retained counsel will be forced to wait for final resolution of the fee dispute before receiving their remaining fees.   A more just and expeditious solution is to allow individually retained counsel the option to receive

---

[6] The Court reduced the total award to individually retained counsel ($94,945,794.32) by $338,752.15 ($323,877.15 for the "Objectors' hearing" plus $14,875.00 for the mediation before the special master) for expenses incurred in the fee dispute (R. Doc. 21168 at 24); however, the result accomplished by Objecting Counsel, a net increase of $16,206,987.35 over the amount recommended by the Fee Committee for allocation to individually retained counsel ($78,400,054.53), surely justifies this expense.   That the Krupnick Disbursement Motion complains that individually retained counsel must share this expense while simultaneously recognizing the significant increase in the award is puzzling.

full and final payment of the amount awarded by the Court. Thus, only those firms wishing to contest the award to individually retained counsel will bear the responsibility of the fee dispute going forward.

### CONCLUSION

For the reasons set forth above, Primary Counsel respectfully request the Court to deny those portions of the Krupnick Disbursement Motion which seek (1) an interim disbursement of attorneys' fees in an amount less than ordered by the Court and (2) preservation of all rights regarding the remaining, disputed portion of attorneys' fees.

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: ___/s/ *Jimmy R. Faircloth, Jr.*___
    Jimmy R. Faircloth, Jr. (Objectors' Co-
    Liaison Counsel) (LA #20645)
    jfaircloth@fairclothlaw.com
    Brook L. Villa (LA #31988)
    bvilla@fairclothlaw.com
    Franklin "Drew" Hoffmann (LA #35824)
    dhoffmann@fairclothlaw.com
    412 N. 4th Street, Suite 230
    Baton Rouge, LA 70802
    Phone: (225) 343-9535
    Fax: (225) 343-9538

    *Attorneys for Parker Waichman LLP*

**LISKA, EXNICIOS & NUNGESSER**

By: ___/s/ *Val Patrick Exnicios*___
    Val Patrick Exnicios, Esq. (Objectors'
    Co-Liaison Counsel)
    vpexnicios@exnicioslaw.com
    1515 Poydras Street
    14th Floor, Ste. 1400
    New Orleans, LA. 70112
    Phone: (504) 410-9611
    Fax: (504) 410-9937
    Cell: (504) 495-9666

    *Attorneys for Whitfield Bryson & Mason*
    *LLP, Pendley Baudin & Coffin, Rhine*
    *Law Firm, and Luckey & Mullins*

**BARON & BUDD, P.C.**

By: ___/s/ *Russell W. Budd*___
    Russell W. Budd (TX #03312400)
    rbudd@baronbudd.com
    S. Ann Saucer (TX #00797885;
    LA #21368)
    asaucer@baronbudd.com

**GENTLE, TURNER, SEXTON & HARBISON, LLC**

By: ___/s/ *K. Edward Sexton, II*___
    K. Edward Sexton, II
    esexton@gtandslaw.com
    501 Riverchase Parkway East, Suite 100
    Hoover, Alabama 35244

3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: 214-521-3605
Fax: 214-520-1181

Phone: (205) 716-3000
Fax: (205) 716-3010

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By: ___ /s/ *Eric D. Hoaglund* ___
    Eric D. Hoaglund
    ehoaglund@mhcilaw.com
    905 Montgomery Highway, Suite 201
    Vestavia Hills, Alabama 35216
    Phone: (205) 824-7767
    Fax: (205) 824-7768

**MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP**

By: ___ /s/ *Mark Milstein* ___
    Mark Milstein
    mmilstein@mjfwlaw.com
    10250 Constellation Blvd., 14th Floor
    Los Angeles, CA 90067
    Phone: (310) 396-9600
    Fax: (310) 396-9635

**ROBERTS AND DURKEE, LLP**

By: ___ /s/ *C. David Durkee* ___
    C. David Durkee
    durkee@rdlawnet.com
    2665 South Bayshore Drive, Suite 300
    Coconut Grove, FL 33133
    Phone: (305) 442-1700
    Fax: (305) 442-2559

**GIEGER, LABORDE & LAPEROUSE, LLC**

By: ___ /s/ *Victoria E. Emmerling* ___
    Andrew A. Braun (LA #3415)
    abraun@glllaw.com
    Victoria E. Emmerling (LA #33117)
    temmerling@glllaw.com
    701 Poydras Street, Suite 4800
    New Orleans, Louisiana 70139-4800
    Phone: (504) 561-0400
    Fax: (504) 561-1011

    *Attorneys for Morris Bart, L.L.C.*

**ALLISON GRANT, P.A.**

By: ___ /s/ *Allison Grant* ___
    Allison Grant (FL #858330)
    agrant@allisongrantpa.com
    14 SE 4th St
    Boca Raton, FL 33432-6111
    Phone: 561-994-9646
    Fax: 561-431-4627

**ALTERS LAW FIRM, P.A.**

By: ___ /s/ *Jeremy W. Alters* ___
    Jeremy W. Alters (FL #111790)
    jeremy@alterslaw.com
    Justin D. Grosz (FL #984000)
    justin@alterslaw.com
    Matthew T. Moore, Of Counsel (FL #70034)
    matthew@alterslaw.com
    1855 Griffin Road, Suite C470
    Dania Beach, FL 33004

6

Phone: (305) 571-8550
Fax: (305) 571-8558

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Response Partially Opposing Krupnick Cambell Malone et al.'s Motion for Interim Disbursement of Undisputed Amount of Attorney's Fees* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 12th day of March, 2018.


         /s/ *Jimmy R. Faircloth, Jr.*
         JIMMY R. FAIRCLOTH, JR.

7