UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED        DRYWALL PRODUCTS        LIABILITY LITIGATION | *<br>*<br>*<br>*<br>* | MDL 2047<br><br>SECTION L<br><br>JUDGE FALLON |
| This filing relates to all pleadings | *<br>*<br>* | MAGISTRATE JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO CLAIMANTS WILLIAM AND KELLY WAYNE'S OBJECTION TO SPECIAL MASTER'S OPINION AND DECREE

**NOW COME** the Knauf Defendants,[1] who file this Memorandum in Opposition to Claimants William and Kelly Wayne's Objection to Special Master's Opinion and Decree (Rec. Doc. 21185).  Claimants' objection is warrantless and should be overruled pursuant to the Knauf Class Settlement Agreement for the reasons set forth below.

Pursuant to the Knauf Class Settlement Agreement, residential "Owners" are defined as owners with "Affected Property."[2]  "Affected Property" means any real or personal property, residential or commercial, containing "KPT Chinese Drywall."[3] "Foreclosed property" means an "Affected Property" owned by a Mortgagee.[4]

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] *Id*. at § 1.1.2.1.

[3] *Id*. at § 1.3.

[4] *Id*. § 1.15.

Claimants were Owners of Affected Property located at 576 Huseman Lane, Covington, Louisiana (the "Property").[5] As a result of a September 2011 sale of the Property at auction, the Property is classified as a "Foreclosed Property" under the Knauf Settlement Agreement, defined as any "Affected Property" owned by a "Mortgagee."[6] For Foreclosed Properties, the Mortgagee − here, Regions Mortgage − may seek certain benefits, and the previous "Owner" − here, the Waynes − may be entitled to the Lump Sum Payment to the extent the Owner can comply with the Remediation Fund qualifying procedures under Section 4.4 and the requirements of 4.3.1.1.

After the Claimants were denied the Lump Sum Payment by the Settlement Administrator, this Court referred the matter to the Special Master for review and decision. On January 25, 2018, the Special Master issued his Opinion and Decree regarding Claimants ineligibility to receive the Lump Sum Payment from the Remediation Fund. On February 14, 2018, Claimants filed their objection to the Special Master's decision, seeking review from this Court.

### I. Claimants Failed to Qualify for Any Benefits to the Remediation Fund.

Under the Knauf Class Settlement Agreement, a Claimant can seek benefits from (1) the Remediation Fund, which includes the Lump Sum Payment, (2) the Other Loss Fund, and (3) can also seek funds from the Global Banner and INEX settlements. Here, Claimants filed claims to the Other Loss Fund for short sale/foreclosure, and now seek to obtain the Lump Sum Payment from the Remediation Fund of the Knauf Class Settlement Agreement pursuant to Section 4.3.5.1.

---

[5] Rec. Doc. 21060 at p. 1 (Claimants' Motion to Grant Lump Sum Payment to Wayne Family).

[6] Rec. Doc. 16407-3 at § 1.15 (Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047).

In order to qualify for any benefits to the Remediation Fund, including benefits under Section 4.3.5.1, all Claimants must satisfy the requirements of Section 4.4.1.[7] Under Section 4.4.1, an Owner must submit physical proof of photographic evidence or inspection reports that the Property has KPT Chinese drywall and must submit to an inspection pursuant to the protocol to identify (1) KPT Chinese drywall, (2) corrosion, and (3) KPT percentage.[8]

It is undisputed that Claimants failed to satisfy these requirements. Claimants submitted statements that they *believe* the Property contained sufficient percentages of KPT Chinese Drywall, but these unsupported statements are inadequate, unreliable, and inconsistent with the evidence presentation requirements under the Knauf Class Settlement Agreement.  There is no credible evidence or submission to allow the Knauf Defendants, the Court, or anyone else to identify the percentage of KPT Chinese Drywall.  The Knauf Class Settlement Agreement, the requirements of Section 4.4.1 and Pretrial Order 1(B), which was adopted in the Knauf Class Settlement Agreement, were all meant to avoid this exact situation and put Claimants on notice of the requirements to establish proof that their Property contained KPT Chinese Drywall, to provide the percentage of the KPT Chinese Drywall, and to preserve and present physical evidence of the manufacturer ID to the extent it has been removed from the Property.

Claimants have not submitted the requisite proof that the property has KPT Chinese Drywall to satisfy Section 4.4.1.  In a similar vein, it is undisputed that the required evidence of KPT drywall percentage in the Property was not submitted in compliance with Section 4.4.1  of the Knauf Class Settlement Agreement, which is necessary to allow the Lump Sum Payment

---

[7] Rec. Doc. 16407-3 at § 4.4.1 (Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047).

[8] *Id.*

under Section 4.3.1.1 on a Foreclosed Property.[9] Therefore, because Claimants cannot satisfy the requirements of Section 4.4.1 which is necessary to qualify for benefits to the Remediation Fund, they cannot assert any entitlement to the Lump Sum Payment under Section 4.3.5.1.

>    II.   **Section 4.3.5.1 Provides a Mechanism for Otherwise Eligible Claimants to Recover When Property goes into Foreclosure, Does Not Provide New and Separate Benefits, and Claimants Fail to Meet its Requirements.**

Section 4.3.5.1 requires that for any Foreclosed Properties, the Mortgagee is only entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for Other Covered Expenses, if the Mortgagee became the Owner after foreclosure, remains the Owner of the Affected Property; and provides a release to the Knauf Defendants and Other Releasees.  If these requirements are met, the prior Owner may receive the Lump Sum Payment under 4.3.1.1.[10]  Section 4.3.1.1 is reserved for those Owners who establish that their Affected Property is a KPT Property (90% or more of Property contained KPT Chinese Drywall).[11]

First, as set forth above, Claimants have failed to satisfy Section 4.4.1, regarding the Claimants' Property status as a KPT Property and/or a KPT percentage.  Therefore, Claimants cannot satisfy Section 4.3.1.1 by establishing that their Property is a KPT Property. Second, it is undisputed that there was no release provided to the Knauf Defendants, and therefore Claimants cannot otherwise satisfy Section 4.3.5.1 to obtain the Lump Sum Payment.

In their objection, Claimants attempt to distract and confuse criteria for obtaining benefits by asserting that the hypothetical set forth as an example by the Special Master is not supported by the language of the Settlement Agreement. Claimants incorrectly construe the Special

---

[9] Rec. Doc. 21060 at p. 3-4 (Claimants' Motion to Grant Lump Sum Payment to Wayne Family).

[10] Rec. Doc. 16407-3 at § 4.3.5.1 (Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047).

[11] *Id*. at 4.3.1.1.

Master's review, analysis, and interpretation of the Knauf Class Settlement Agreement. The Special Master correctly explains that Section 4.3.5.1 does not create new benefits for Claimants, but rather permits otherwise eligible Claimants an opportunity to meet requirements and obtain some benefits after their Affected Property is sold in foreclosure.

Claimants next assert that Section 4.3.5.1 creates a separate and standalone class of benefits, in addition to any benefit that may be or already has been received through Option 1, 2, or 3, and would allow Claimants the Lump Sum Benefit under Section 4.3.1.1, regardless of the status of their Property, or any prior benefits received, and/or after the satisfaction of Sections 4.4.1, 4.3.1.1, or any other requirement under the Knauf Class Settlement Agreement. In other words, according to Claimants, Section 4.3.5.1 is a separate, standalone provision, allowing for benefits in addition to any received by other Options, and is not subject to any requirements under the Knauf Class Settlement Agreement except, that it is a "Foreclosed Property" under Section 4.3.5.1. Section 4.3.5.1 is a contingent option, created to allow for an otherwise eligible Owner, who has fulfilled all requirements under the Knauf Class Settlement Agreement, to qualify for certain benefits he would lose if/when the Property goes into foreclosure and is lost.

For example, Section 4.3 states that Owners can elect one of the following benefits from the Remediation Fund: Option 1 (Section 4.3.1), Option 2 (Section 4.3.2), Option 3 (Section 4.3.3), Mixed Property Owners (4.3.4) and Foreclosed Properties (Section 4.3.5), Multiple Unit Properties (Section 4.3.6), and Already Remediated Properties (Section 4.3.7).[12] Once the Property is sold at foreclosure, the Owner can no longer elect Option 1, Option 2, Option 3 or even the Already Remediated Properties option. Therefore, Section 4.3.5.1 allows for the Owner

---

[12] Rec. Doc. 16407-3 at § 4.3 (Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047).

(and the Mortgagee) to obtain benefits if they have fulfilled all other requirements under the Knauf Class Settlement Agreement and can otherwise meet the requirements of Section 4.3.5.1 (which includes 4.3.1.1).[13] Section 4.3.5.1 does not create a completely separate group of benefits and qualifying procedures for Class Members, which would permit benefits, even if they cannot meet the qualifying procedures for the Remediation Fund (Section 4.4.1) or the requirements for the Lump Sum Payment under Section 4.3.1.1.

To accept Claimants' interpretation of Section 4.3.5.1 would completely turn the Knauf Class Settlement Agreement on its head, as it would allow Claimants with Foreclosed Properties to not only completely skirt the requirements and qualifying procedures required by every other class member, but also simultaneously allow those same Claimants the possibility of receiving multiple Lump Sum Payments. This interpretation is completely disconnected from the terms and rationale for the Knauf Class Settlement Agreement and the Lump Sum Payment provisions, and would surely lead to absurd results. The terms and interpretation of the Knauf Class Settlement Agreement are simple and straightforward: All Owners must meet the qualifying procedures for the Remediation Fund (4.4), and Foreclosed Property Owners, who otherwise would have been eligible to obtain Settlement Benefits but for the Foreclosure, must also meet the requirements of 4.3.5.1, including providing a release to the Knauf Defendants and satisfying the requirements under Section 4.3.1.1.

### III. Conclusion

Claimants do not meet the requirements of Section 4.4.1 of the Knauf Class Settlement in order to qualify for benefits under the Remediation Fund. Further, Claimants are not entitled to

---

[13] *Id.* at § 4.3.5.1.

6

separate, standalone benefits under Section 4.3.5.1, and otherwise cannot satisfy its requirements. Therefore, the objection should be overruled.

        Respectfully submitted,

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, PC**

        */s/ Kerry J. Miller*
        **KERRY J. MILLER (#24562), T.A.**
        **DANIEL J. DYSART (#33812)**
        201 St. Charles Avenue, Suite 3600
        New Orleans, LA 70170
        Telephone: (504) 566-8646
        Facsimile: (504) 585-6946
        Email: kjmiller@bakerdonelson.com

        *Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon William and Kelly Wayne via email and upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of March 2018.

        */s/ Kerry J. Miller*
        **KERRY J. MILLER**