# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-cv-080 (E.D. La.)**<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 12-cv-498 (E.D. La.)**<br><br>*Amato, et al. v. Liberty Mutual Insurance Company,* **Case No. 10-cv-932 (E.D. La.)**<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.,* **Case No. 09-cv-6687 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al.,* **Case No. 09-cv-6690 (E.D. La.)**<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* **Case No. 11-cv-1077 (E.D. La.)**<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,* **Case No. 10-cv-361 (E.D. La.)** | |

**CLASS COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER: (1) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT OF ASSIGNED CLAIMS IN MDL NO. 2047 ON BEHALF OF THE PORTER-BLAINE/ VENTURE SUPPLY CLASS REGARDING CLAIMS ASSIGNED TO THE CLASS BY THE PORTER-BLAINE/VENTURE PARTICIPATING DEFENDANTS AND PARTICIPATING INSURERS AGAINST TAISHAN GYPSUM CO., LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.; (2) DIRECTING THE DISSEMINATION OF CLASS NOTICE; AND (3) SCHEDULING A FAIRNESS HEARING**

This Memorandum of Law is submitted by Class Counsel[1] in support of their Motion for Preliminary Approval of the Settlement Agreement of Assigned Claims in MDL No. 2047 on Behalf of the Porter-Blaine/Venture Supply Class Regarding Claims Assigned to the Class by the Porter-Blaine/Venture Participating Defendants and Participating Insurers Against Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. (the "Assigned Claims Settlement" or the "Assigned Claims Settlement Agreement").[2]   Class Counsel seek the entry of a Preliminary Approval Order[3] (1) finding preliminarily that the Assigned Claims Settlement is fair, reasonable and adequate; (2) approving the form of Class Notice[4] and directing the dissemination of Class Notice to all known Class Members and their counsel via first-class mail; (3) establishing dates and procedures for objections to the Assigned Claims Settlement; and (4) scheduling a Fairness Hearing to determine whether the Assigned Claims Settlement should be given final approval.

## I.     INTRODUCTION

On July 9, 2013, the Court, pursuant to Fed. R. Civ. P. 23(a), 23(b)(3) & 23(e), certified the Porter-Blaine/Venture Supply Class and granted final approval of the Porter-Blaine/Venture Supply Settlement providing $3,000,000 in cash for the benefit of Class Members.[5]   Those

---

[1] Plaintiffs' Class Counsel were appointed by the Court to represent the Porter-Blaine/Venture Supply Class [Rec. Doc. 16516].

[2] The Assigned Claims Settlement Agreement is attached hereto as Exhibit A.  Capitalized terms used in this Memorandum of Law have the same meaning as the same terms used in the Assigned Claims Settlement Agreement.

[3] The proposed Preliminary Approval Order is attached hereto as Exhibit B.

[4] The Class Notice is attached hereto as Exhibit C.

[5] *See* Porter-Blaine/Venture Supply Settlement Agreement [Rec. Doc. 15969-6]; Final Approval Order [Rec. Doc. 16934] at 24.  At the same time, the Court also certified the Nationwide Insureds Settlement Class, the Tobin Trading and Installers Settlement Class, and the Builders Mutual Insureds Settlement Class, and approved the corresponding Class Settlements [Rec. Doc. 16934 at 22, 26, 28].

settlement funds have been distributed to Class Members who were found to be eligible for a claim payment pursuant to the Revised Proposed Plan of Allocation[6] approved by the Court as fair and equitable.[7]

The Porter-Blaine/Venture Supply Settlement resolved all claims of Class Members arising from or related to Chinese Drywall in connection with Affected Properties against the Porter-Blaine/Venture Participating Defendants and Participating Insurers.   The Porter-Blaine/Venture Supply Settlement expressly reserved Class Members' Chinese Drywall claims against Non-Participating Defendants and Non-Participating Insurers.[8]   Defendants Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. (collectively, "Taishan") were Non-Participating Defendants in the Porter-Blaine/Venture Supply Settlement.   As part of that settlement, the Porter-Blaine/Venture Defendants and Insurers assigned to the Class certain Chinese Drywall claims they had against Taishan in connection with the Affected Properties ("Assigned Claims").[9]

In Chinese Drywall proceedings in Virginia state court, in *Allen, et al. v. Venture Supply, Inc., et al.*, Case No. 10-6976 (Va. Cir. Ct., Norfolk, Va.), pending before the Honorable Mary Jane Hall, Defendants Porter-Blaine and Venture Supply brought third-party claims against Taishan, and on December 1, 2011, a default judgment was entered against Taishan with respect to the third-party claims.  Following approval of the Porter-Blaine/Venture Supply Settlement, Class Members attempted to pursue the Assigned Claims against Taishan in

---

[6] Rec. Doc. 16823-8.

[7] *See* Final Approval Order [Rec. Doc. 16934], at ¶¶ 41-43.

[8] *See* Section 5.5 of the Porter-Blaine/Venture Supply Settlement [Rec. Doc. 15969-6].

[9] *See* Section 6 of the Porter-Blaine/Venture Supply Settlement [Rec. Doc. 15969-6].

*Allen*.  Taishan actively participated in the *Allen* litigation to defend against those claims.  After extensive arm's-length negotiations, the Parties reached an agreement to settle the Assigned Claims for $1,978,528.40, subject to Court approval.  None of the Parties to the proposed Assigned Claims Settlement concedes the correctness of any other Party's legal position, claims and/or defenses, but the Parties wish to avoid the effort, expense and risk of continued litigation with regard to the Assigned Claims.

Class Members continue to pursue claims for remediation damages and other losses against Taishan and other Defendants (*i.e.*, "Reserved Claims") in the MDL and state courts related to the Affected Properties.  The Reserved Claims are expressly excluded from the Assigned Claims Settlement.

## II.   THE ASSIGNED CLAIMS SETTLEMENT ON BEHALF OF THE PORTER-BLAINE/VENTURE SUPPLY CLASS

The proposed Assigned Claims Settlement provides that Taishan[10] will pay a sum of $1,978,528.40[11] to the Porter-Blaine/Venture Supply Class in order to resolve all Chinese Drywall claims that Porter-Blaine/Venture Supply had against Taishan, which were previously assigned to the Class by the Porter-Blaine/Venture Participating Defendants and Participating Insurers in connection with the Porter-Blaine/Venture Settlement (*i.e.*, "Assigned Claims").  The settlement of these Assigned Claims does not resolve any Reserved Claims the Class has against

---

[10] Taishan is defined as: Taishan Gypsum Company Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd. and Taishan Gypsum Co., Ltd., and Taian Taishan Plasterboard Co., Ltd., and their respective past, present, and future officers, directors, board members, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, related entities, divisions, heirs, associates, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders of each of the foregoing, including Beijing New Building Materials Public Limited Company ("BNBM PLC"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); and China National Building Materials Co., Ltd. ("CNBM"); and China National Building Materials Group ("CNBM Group").  Assigned Claims Settlement Agreement, § 1.1.2.

[11] Assigned Claims Settlement Agreement, § 4.1.

Taishan (or any other non-settling Defendant) in the MDL or state courts related to the Affected Properties.  The litigation of Reserved Claims against Taishan and other Defendants, including claims for remediation damages and other losses, is ongoing.  Therefore, the Assigned Claims releases only the Assigned Claims (but not Reserved Claims) against Taishan.

The Assigned Claims Settlement contemplates that the Settlement Funds will be allocated to Eligible Class Members[12] on a pro rata basis in accordance with the settlement payment amounts previously made in the Porter-Blaine/Venture Supply Settlement.  The Intervening Plaintiffs in *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 09-cv-6687 (E.D. La.) (namely, Deborah and William Morgan; Jerry and Inez Baldwin; Joe and Cathy Leach; Robert and Lisa Orlando; Fred and Vanessa Michaux; Preston and Rachel McKellar; and Steven and Elizabeth Heischober) are Class Members, but they are not eligible for a claim payment from the Assigned Claims Settlement because they already received payments for their claims from Taishan pursuant to the Judgment entered by the Court.[13]

Further, the Assigned Claims Settlement provides that after the Effective Date, Class Counsel, common benefit attorneys, and privately retained attorneys for all Class Members (the "Petitioning Attorneys") shall be entitled to petition the Court for attorneys' fees totaling in the aggregate up to 32% of the Settlement Funds, and reimbursement of reasonable expenses, excluding the cost of notice.[14]  The Parties have agreed that Taishan will have no responsibility

---

[12] Eligible Class Members include: Class Members who were determined to be eligible for a claim payment from the Porter-Blaine/Venture Supply Settlement pursuant to the Revised Proposed Plan of Allocation approved by the Court as fair and equitable [*see* Rec. Doc. 16934, at ¶¶ 41-43], as listed in Exhibit A to the Assigned Claims Settlement Agreement.  Intervening Plaintiffs in *Germano* are not Eligible Class Members for purposes of entitlement to an allocation of the Settlement Funds in the Assigned Claims Settlement.  Assigned Claims Settlement Agreement, § 1.5.

[13] *See* Rec. Doc. 3013; Rec. Doc. 18725.

[14] Assigned Claims Settlement Agreement, at § 13.6.

for payment of any fees or costs incurred by Plaintiffs, Class Members, their counsel, or common benefit counsel.[15]

Under the terms of the Assigned Claims Settlement, Class Members will be given an opportunity to object to the Assigned Claims Settlement and be heard at the Fairness Hearing.

The Assigned Claims Settlement was reached after vigorous negotiations between Class Counsel and counsel for Taishan.  Class Counsel made a demand on Taishan in August 2016, and after several conferences and motion practice took place in *Allen* before Judge Hall and additional conferences occurred between Class Counsel and counsel for Taishan during the following year, the Parties agreed in principle to the terms of this Assigned Claims Settlement. The Parties thereafter negotiated the terms of a written Assigned Claims Settlement Agreement. Given the procedural posture of the litigation regarding the validity and value of the Assigned Claims, the estimated value of the Assigned Claims, the risks and uncertainty regarding enforcement of any judgment against Taishan, and all of the material factual information revealed during discovery in *Allen* and the MDL and during settlement negotiations, Class Counsel believe that the proposed Assigned Claims Settlement is fair, reasonable, and adequate.

The Assigned Claims Settlement Agreement provides that Plaintiffs' Class Counsel will commence the Class Settlement Notice Period by disseminating Class Notice by first-class mail to the last known address of all Class Members, by first-class mail to each Affected Property owned by a Class Member, by providing a copy of the Notice to be posted at the United States District Court, Eastern District of Louisiana, and at each courthouse in which the CDW-Related Actions are pending and also by posting the Notice on the Court's Chinese Drywall MDL

---

[15] *Id.* at § 13.5.

website and at such public places as may be ordered by the Court.[16]   In this manner, each Class Member and his or her counsel will be provided proper notice of the Assigned Claims Settlement.  The Class Notice and proposed plan for disseminating notice to the Class is the best notice practicable and satisfies the requirements of due process.

Class Counsel respectfully request that this Motion for Preliminary Approval be granted not only because public policy favors the settlement of class claims such as this, but because the Assigned Claims Settlement Agreement is a fair, reasonable, and adequate result for the Class under the circumstances and in the best interests of the Class.

## III.   ARGUMENT

### A.   The Assigned Claims Settlement Agreement Is In the Best Interest of the Class.

Federal Rule of Civil Procedure 23(e) requires court approval for any compromise of a class action.  *Evans v. Jeff D.*, 475 U.S. 717, 727-28 (1986); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997).  In determining whether to approve the Assigned Claims Settlement Agreement, the Court should be guided by the strong judicial policy favoring pretrial settlement of claims in complex class action lawsuits.  *See*, *e.g.*, *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 843 (E.D. La. 2007) (Fallon, J.); *Braud v. Transport Service Co. of Illinois*, 2010 WL 3283398, at *3 (E.D. La. Aug. 17, 2010) (Knowles, Mag. J.).[17]  This is, in part, because of the complexity and size of class actions:

> Particularly in class action suits, there is an overriding public interest in favor of settlement [. . .] it is common knowledge that

---

[16] *Id.* at § 7.1.1.

[17] "Federal Courts look with great favor upon the voluntary resolution of litigation through settlement . . . This rule  has particular force regarding class action lawsuits." *Airline Stewards & Stewardesses Ass'n Local 550 v. Trans  World Airlines, Inc.*, 630 F.2d 1164, 1166-67 (7th Cir. 1980).

> class action suits have a well-deserved reputation as being most complex. The requirement that counsel for the class be experienced attests to the complexity of the class action [....] In these days of increasing congestion within the federal court system, settlements contribute greatly to the efficient utilization of our scarce judicial resources.

*Cotton*, 559 F.2d at 1331, *citing United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826 (5th Cir. 1975); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Turner*, 472 F. Supp. 2d at 843 ("The public interest favoring settlement is especially apparent in the class action context where claims are complex [... and] could lead to years of protracted litigation and sky-rocketing expenses.")

In addition:

> Complex litigation – like the instant case – can occupy a court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly evasive. Accordingly, the Federal Rules of Civil Procedure authorize district courts to facilitate settlements in all types of litigation, not just class actions [...] Although class action settlements require court approval, such approval is committed to the sound discretion of the trial court.

*In re United States Oil & Gas Litig.*, 967 F.2d 489, 493-94 (11th Cir. 1992), *citing* Fed R. Civ. P. 16(a), 16(c), 23(e); *Bennett v. Behring*, 737 F.2d 982, 987 (11th Cir. 1984); *Cotton*, 559 F.2d at 1331.

The first step in determining whether to grant preliminary approval of a class settlement, is for "the Court [to] make . . . a preliminary fairness evaluation of the proposed settlement." *Cope v. Duggins*, 2001 WL 333102, at *1 (E.D. La. Apr. 4, 2001) (Fallon, J.), *citing* MANUAL FOR COMPLEX LITIGATION (Third) § 30.41 (1995). The Court must "evaluate the likelihood that the Court would approve the settlement during its second review stage, the full fairness hearing." *Id.* In so doing, "the Court will examine the submitted materials and determine whether the

8

proposed settlement appears fair on its face." *Id.*; *see also Corrugated Container*, 643 F.2d at 212.

At the preliminary stage, the Court's review is less stringent. *See*, *e.g.*, *In re OCA, Inc. Sec. and Der. Litig.*, 2008 WL 4681369, at *11 (E.D. La. Oct. 17, 2008) ("As this motion is for preliminary approval of a class action settlement, the standards are not as stringent as those applied to a motion for final approval."); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007); MANUAL FOR COMPLEX LITIGATION (Fourth), § 21.63 (2004) ("At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval.").

As set forth above, the Parties arrived at the Assigned Claims Settlement Agreement during arm's-length negotiations, with oversight by the Court. The settlement was subsequently memorialized in the Assigned Claims Settlement Agreement, submitted herewith. The Court may presume, therefore, that the Assigned Claims Settlement Agreement is fair and reasonable, as it is the result of arm's-length negotiations. *See Camp v. The Progressive Group*, 2004 WL 2149079, at *7 (E.D. La. Sept. 23, 2004). The Assigned Claims Settlement Agreement contains the material economic terms of the Assigned Claims Settlement, the manner of notice to be given to the Class, and other terms.

Class Counsel possessed adequate information concerning the strengths and weaknesses of the Assigned Claims against Taishan given their extensive experience with this litigation over the past eight-plus years and given their prior negotiation and implementation of the related Porter-Blaine/Venture Supply Settlement. In addition, Class Counsel are highly competent counsel, all with many years of experience litigating complex class action and multidistrict cases.

Therefore, Class Counsel respectfully submit that the above-cited circumstances support

preliminary approval of the proposed Assigned Claims Settlement Agreement.

      **B.**    **The Proposed Form and Method of Class Notice Is Adequate and Satisfies the Requirement of Rule 23.**

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, when approving a class action settlement, the district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." In addition, for classes certified under Rule 23(b)(3), courts must ensure that class members receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). *See Eisen v. Carlisle & Jacqueline*, 471 U.S. 156, 173 (1974); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *see also In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1097 (5th Cir. 1977). Notice must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See id.*, *quoting DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005).

In accordance with these legal parameters, the Parties have agreed to provide individual notice by first-class mail to all known Class Members and to each Affected Property owned by a Class Member and their counsel. Class Counsel are aware of the identities of Class Members given the implementation and administration of the Porter-Blaine/Venture Supply Settlement. Further, additional notice will be provided *via* posting at each courthouse in which CDW-Related Actions are pending, including the United States District Court for the Eastern District of Virginia (Norfolk, Portsmouth and Richmond Divisions) and the state courts in which CDW-Related Actions are pending. The Notice will also be posted on the Court's Chinese Drywall MDL website. The Court should approve the proposed manner of notice since it is designed to

reach all Class Members by direct mailing of individual notice to them.  The proposed manner of notice satisfies the requirements of due process since it is reasonably calculated to apprise the Class of the terms of the Assigned Claims Settlement and their rights to object.

The Notice will also be written in plain and straightforward language consistent with Rules 23(c)(2)(B) and 23(e)(1).  The Notice will objectively and neutrally apprise all Class Members of the Assigned Claims Settlement and that Class Members may enter an appearance and appear before the Court at the Joint Fairness Hearing[18] (in accordance with the procedures to be set forth in the Notice).  The Notice will additionally disclose the date, time and location of the Joint Fairness Hearing and the procedures and deadlines for the submission of objections to any aspect of the Assigned Claims Settlement.  These disclosures will be complete and should be approved by the Court.  *See, e.g.*, *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 175 (E.D. Pa. 2000).

To participate in the Assigned Claims Settlement Agreement, Class Members need do nothing at this time.  Objectors can submit a memorandum of law in opposition to the Assigned Claims Settlement Agreement and can appear before the Court at the Joint Fairness Hearing. The Notice will provide clear direction and instructions to Class Members regarding their options under the Assigned Claims Settlement Agreement.

### C. The Court Should Preliminarily Approve the Assigned Claims Settlement Agreement.

Determining the fairness of the Assigned Claims Settlement Agreement is left to the sound discretion of the Court, and an appellate court will not overturn the Court's decision absent a clear showing of abuse of that discretion.  *See In re Chicken Antitrust Litig. Am.*

---

[18] The Joint Fairness Hearing will occur before the Honorable Eldon E. Fallon (Presiding Judge) of the E.D. La.,  with the assistance of the Honorable Mary Jane Hall of the Norfolk Virginia Circuit Court (who will participate in the hearing through a telephonic connection to facilitate the participation of Class Members in the Virginia region).

*Poultry*, 669 F.2d 228, 238 (5th Cir. 1982), *citing Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 429 (5th Cir. 1977), *citing Young v. Katz,* 447 F.2d 431, 433 (5th Cir. 1971); *see also In re U.S. Oil*, 694 F.2d at 493-94.   The Fifth Circuit has consistently held that, as a result of their highly-favored status, settlements "'will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits.'"   *Miller*, 559 F.2d at 428, *quoting Pearson v. Ecological Sci. Corp.*, 559 F.2d 171, 176 (5th Cir. 1975).   Settlements of class actions are "particularly favored" and are not to be lightly rejected.   *Maher*, 714 F.2d at 455; *see also Cotton*, 559 F.2d at 1331; *Turner*, 472 F. Supp. 2d at 843.   In the case of class actions, the Fifth Circuit has held that "there is an overriding public interest in favor of settlement," because such suits "have a well deserved reputation as being most complex."   *Cotton*, 559 F.2d at 1331; *accord Van Bronkhorst*, 529 F.2d at 950.

Moreover, it is widely recognized that courts should exercise restraint in examining a proposed settlement and should not "make a proponent of a proposed settlement justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained; inherent in compromise is a yielding of absolutes and an abandoning of highest hopes." *Cotton*, 559 F.2d at 1330. In other words, in weighing the benefits obtained by settlement against benefits dependent on the likelihood of recovery on the merits, courts are not expected to balance the scales.   *See id*.   The very object of a compromise "is to avoid the determination of sharply contested and dubious issues."   *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971).

In addition, a court should not engage in a trial on the merits when considering the propriety of a settlement:

> It cannot be overstated that neither the trial court in approving the settlement nor [the appellate court] in reviewing that approval have

the right or the duty to reach any ultimate conclusions on the issues
of fact and law which underlie the merits of the dispute.

*Cotton*, 559 F.2d at 1330, *quoting City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2nd Cir.

1974); *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975); *see also Turner*,

472 F. Supp. 2d at 843 ("The Court may not resolve contested issues of fact or law, but instead is

concerned with the overall fairness, reasonableness, and adequacy of the proposed settlement as

compared to the alternative of litigation.").  The trial court is not required to decide the merits of

Class Members' claims or substitute a different view of the merits for that of the parties or

counsel.  *Maher*, 714 F.2d at 455 ("In other words, in determining the fairness, reasonableness,

and adequacy of a proposed settlement, neither the district court nor the appellate court on

review, should reach ultimate conclusions on the issues of fact and law underlying the dispute.").

Where, as here, experienced counsel, representing many interested parties, have

extensively negotiated the Assigned Claims Settlement Agreement at arm's length, a strong

initial presumption is created that the compromise is fair and reasonable.  *United States v. Tex.*

*Educ. Agency*, 679 F.2d 1104, 1108 (5th Cir. 1982).  The Fifth Circuit has recognized that courts

must rely to a large degree on the judgment of competent counsel, terming such counsel the

"linchpin" of an adequate settlement.  *Reed v. GMC*, 703 F.2d 170, 175 (5th Cir. 1983).  Thus, if

experienced counsel determine that a settlement is in the class's best interests, "the attorney's

views must be accorded great weight."  *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1216

(5th Cir. 1978); *see also OCA*, 2008 WL 4681369 at *11 (where there is "no reason to doubt

[the] fairness" of the settlement and it "appears to fall within the range of possible approval, the

court should grant preliminary approval."); *In re Train Derailment Near Amite Louisiana on*

*October 12, 2002*, 2006 WL 644494, at *1 (E.D. La. Jan. 27, 2006) (granting preliminary

approval of class settlement negotiated at arm's-length and without collusion, where the

compromise bore "a probable, reasonable relationship to the claims and exposure and to the risks presented in the litigation" and was "within the possible range of judicial approval").

Moreover, the Court is not required at this point to make a determination as to whether the settlements should be finally approved. As stated in the MANUAL FOR COMPLEX LITIGATION (Fourth), § 21.632: "First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation." Generally, "this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties." *Id.* Although non-binding, the preliminary approval establishes "an initial presumption of fairness." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 785 (3rd Cir. 1995); *Chun-Hoon v. McKee Foods Corp.*, 2009 WL 3349549, *2 (N.D. Cal. Oct. 15, 2009); *see also* William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 13:45 (5th ed. 2017).

The Assigned Claims Settlement Agreement before the Court is the product of extensive arm's-length negotiations between counsel for the Parties, which culminated in a preliminary agreement. The Parties negotiated the terms of the Assigned Claims Settlement Agreement in detail, and the Parties each made concessions. Therefore, the Assigned Claims Settlement Agreement should be preliminarily approved.

At the Joint Fairness Hearing, any Class Members who timely file and serve a notice of intention to appear may voice any objections. The Court can then consider the merits of the Assigned Claims Settlement Agreement in light of any objections and determine whether to grant final approval of the Assigned Claims Settlement. Further, at the Joint Fairness Hearing, the Parties will have submitted briefs and other documents in support of the Assigned Claims Settlement. If the Court finds the Assigned Claims Settlement Agreement to be fair and

reasonable, the Court should enter the Final Judgment and Order of Dismissal of Assigned Claims with Prejudice and affect a release of all Assigned Claims (but not Reserved Claims) as provided in the Assigned Claims Settlement Agreement.

     **D.**     **Proposed Schedule**

Class Counsel suggest the following schedule leading to the Joint Fairness Hearing. Blanks for the actual dates are provided in the proposed Preliminary Approval Order submitted herewith:

| Event | Day |
|---|---|
| Preliminary Approval Order ("PAO") Signed | 1 |
| Mailing of Notice (PAO ¶ [  ]) | On or before 10 days from entry of PAO |
| Objections (PAO ¶ [  ]) | 60 days from entry of PAO |
| Settlement Hearing (PAO ¶ [  ]) | 90 days from entry of PAO |

## IV.    CONCLUSION

Class Counsel respectfully request that this Court find preliminarily that the Assigned Claims Settlement Agreement is fair, reasonable and adequate, and that notification to Class Members of the terms of the Assigned Claims Settlement Agreement and their rights in connection with the Assigned Claims Settlement Agreement is warranted. Class Counsel seek entry of an Order: (1) preliminarily approving the Assigned Claims Settlement Agreement; (2) directing the dissemination of Class Notice; and (3) scheduling a Joint Fairness Hearing.

Respectfully submitted,

Dated:  March 13, 2018

/s/ Russ M. Herman
Russ M. Herman, Esq. (Bar No. 6819)
Leonard A. Davis, Esq. (Bar No. 14190)
Stephen J. Herman, Esq. (Bar No. 23129)
HERMAN, HERMAN &KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
rherman@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047
and Class Counsel*

Arnold Levin
Sandra L. Duggan
Nicola F. Serianni
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL
2047 and Class Counsel*

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com
*Class Counsel*

Richard S. Lewis
Kristen Ward Broz
HAUSFELD LLP
1700 K St. NW, Suite 650
Washington, D.C. 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 13th day of March, 2018.

/s/ Leonard A. Davis
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*