UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                    MDL 2047

                                              SECTION: L

                                              JUDGE FALLON
                                              MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*
**********************************************************************

PRIMARY COUNSEL'S RESPONSE TO PLAINTIFFS' LEAD AND LIAISON
COUNSEL'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION FOR ADDITIONAL COMMON BENEFIT ASSESSMENTS, FILED
PURSUANT TO STEP FOUR OF PRETRIAL ORDER NO. 28 [REC. DOC. 21174]

Plaintiffs' Lead and Liaison Counsel, on behalf of the Plaintiffs' Steering Committee

("PSC"), have petitioned the Court for a common benefit fee award of 52% of the attorneys' fees

collected in several Chinese drywall cases that have settled or produced a recovery for claimants

and their counsel outside of the Chinese drywall MDL settlements. *See* Plaintiffs' Lead and

Liaison Counsel's Supplemental Memorandum of Law in Support of the Motion for Additional

Common Benefit Assessments, Filed Pursuant to Step Four of Pretrial Order No. 28

("Supplemental Memorandum") (Rec. Doc. 21174-2). *See also* The Plaintiffs' Steering

Committee's Motion for Additional Common Benefit Assessments, Filed Pursuant to Pretrial

Order No. 28 ("Motion for Additional Common Benefit Assessments") (Rec. Doc. 17831).

As set forth in numerous pleadings filed before this Court[1], which need not be reargued

for purposes of this response, Primary Counsel dispute that a 52% common benefit fee

---

[1] *See* Primary Counsel's Obj. and Resp. to Special Master's Recommendations Concerning Attorneys' Fees and Expenses (Doc. 20950) (*see* Doc. 20993 (motion to file under seal)) and Primary Counsel's Post-Evidentiary Hearing Brief (filed with Special Master 7/14/2017), which are incorporated by reference.

assessment is appropriate for any of the Chinese drywall cases before this Court, particularly cases where individually retained counsel took on the rigorous task of negotiating individual settlements, separate from the settlements reached by the PSC, on behalf of their clients.[2]

Additionally, and as a separate matter, Primary Counsel contend that a critical inquiry must be made into whether and to what extent time spent by the PSC or other counsel in procuring the fees at issue in the Motion for Additional Common Benefit Assessments[3] and the Supplemental Memorandum[4] was included within the 232,309.35 common benefit hours compensated by the Court's recent Order and Reasons Setting Common Benefit Fees[5] and whether and to what extent litigation costs related to these cases[6] were included within the $35,274,532.16 in costs already reimbursed to the PSC[7]. To the extent that litigation costs related to the cases at issue in the PSC's instant request have already been reimbursed and common benefit time has been included within the 232,309.35 common benefit hours compensated, requesting additional common benefit assessments for these cases amounts to "double dipping", to which Primary Counsel object.

## ARGUMENT

Primary Counsel have previously expressed concerns that the 232,309.35 common benefit hours compensated by the Court's recent Order Setting Common Benefit Fees[8] includes time related to cases in which common benefit counsel will separately be compensated, such as

---

[2] This refers to cases in which a voluntary deposit of attorneys' fees from an individual settlement was made into the Court registry pursuant to the Court's April 13, 2011 Order (Rec. Doc. 8545). It appears the PSC is seeking a 52% assessment in these cases per fn. 15 of the Supplemental Memorandum, though fn. 12 indicates the PSC is only seeking a 52% common benefit assessment for cases involving Knauf drywall. If the 52% common benefit assessment is only sought in cases with Knauf drywall, the assessment sought for non-Knauf drywall cases identified in fn. 15 is unknown at this time. (Rec. Doc. 21174-2 at fn. 12, 15).
[3] Rec. Doc. 17831.
[4] Rec. Doc. 21174-2.
[5] Rec. Doc. 21168.
[6] The cases in which additional common benefit assessments are sought are identified in the Supplemental Memorandum, Rec. Doc. 21174-2 fn. 12 and 15. *See also* Rec. Docs. 17831-1 at 6-7; Rec. Doc. 21213.
[7] *See* Order and Reasons Setting Common Benefit Fees at 4.
[8] Rec. Doc. 21168.

the cases at issue in the Motion for Additional Common Benefit Assessments[9] and Supplemental Memorandum[10]. *See* Primary Counsel's Objections and Responses to Special Master's Recommendations Concerning Attorneys' Fees and Expenses at 40-42, 83-86 (under seal); Primary Counsel's Post-Evidentiary Hearing Brief (filed with Special Master under seal 7/14/2017) at 38-40, 62-63, 109-112. In calculating fees, double counting is not allowed.[11] This is one reason why Primary Counsel repeatedly requested access to common benefit time records, which was denied.[12] Without access to the time records, Primary Counsel are unable to confirm the extent to which time pursuing the cases in which common benefit fees are sought in the instant Motion was included within the 232,309.35 common benefit hours for which fees have already awarded, but there are strong indications that overlap does exist.[13]

---

[9] Rec. Doc. 17831.

[10] Rec. Doc. 21174-2.

[11] *See Shipes, supra,* 987 F.2d at 320 ("the district court must be careful, however, not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments") (citing *Von Clark, supra,* 916 F.2d at 258).

[12] *See* Doc. 20728-2, at 5-8 (outlining the various requests made by Primary Counsel for common benefit time submission). *See also* Doc. 20394, Primary Counsel's 7/15/2016 motion for discovery; SM No. 16-09-23-1316-4, Primary Counsel's Proposed Case Management Order; Doc. 20518-1, Special Master Case Management Order No. 1 (9/25/2016); SM No. 16-10-7-1332-1, Letter from Primary Counsel to Special Master requesting additional discovery; SM No. 16-10-18-1142-1, Letter from Primary Counsel to Special Master replying to Fee Committee's 10/13/2016 letter; Doc. 20520, Primary Counsel's Objection and Request to Modify Special Master CMO No. 1; Doc. 20533, Special Master Ruling regarding CMO No. 1; Doc. 20575-2, Fee Committee's Opp. to PC's Obj. to Special Master Ruling; Doc. 20531, Order Dismissing Primary Counsel's Objection and Request to Modify Special Master CMO No. 1; SM No. 17-01-06-1640-1, Letter from Primary Counsel to Special Master requesting additional discovery following Garrett deposition and attaching Requests for Production of Documents; SM No. 17-02-08-1650, Letter from Primary Counsel to Special Master requesting time submissions; SM No. 17-02-15-1521-1, Letter from Primary Counsel to Special Master requesting documents in light of Fee Committee depositions; Doc. 20727-1, Special Master's Ruling Concerning Requests for Additional Discovery.

[13] *See* Primary Counsel's Obj. and Resp. to Special Master's Recommendations Concerning Attorneys' Fees and Expenses at 40-42, 83-86 (filed under seal); Primary Counsel's Post-Evidentiary Hearing Brief (filed under seal with Special Master 7/14/2017) at 38-40, 62-63, 109-112.
Additionally, if this Court retains jurisdiction to award fees for the "services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs" for Taishan cases that are remanded, as suggested in the Court's recent Suggestion of Remand, Opinion and Order (Rec. Doc. 21242 at 11-12), in the event of a future recovery, Primary Counsel will once again seek to review time records in order to segregate time spent pursuing Taishan which was already included within the 232,309.35 hours in order to prevent a double recovery.

One example of this is the *Germano*[14] case, which was one of the bellwether cases that was tried in this Court in 2010. A judgment was entered, which was paid by the defendants in 2015.[15] Common benefit counsel has already been awarded a 50% common benefit fee in this case, as set forth in the Supplemental Memorandum.[16]  Work performed in the *Germano* case has repeatedly been touted by the PSC and the Fee Committee in their filings supporting their request for common benefit fees related to the Knauf, Global, Banner, InEx, and L&W Settlements[17], and it is likely that a large number of hours related to the *Germano* case were included within the 232,309.35 common benefit hours for which fees were recently awarded by the Court[18], though this is unable to be confirmed without access to the time records. Though common benefit counsel were already awarded a 50% common benefit fee in the *Germano* case, and thus it is not one of the cases at issue in the instant Motion, it certainly raises concerns that the instant Motion also seeks compensation for time that was already compensated by the Court's recent Order Setting Common Benefit Fees.[19]

Primary Counsel have likewise previously expressed concern that litigation costs expended in pursuing some of the cases at issue in the instant Motion, such as the cases subject to the Court's April 13, 2011 "voluntary contribution" Order[20], have already been reimbursed to the PSC from the attorney fee fund[21] generated from the Knauf, Global, Banner, InEx, and L&W

---

[14] *Germano v. Taishan Gypsum Co. Ltd.*, Case No. 09-6687 (U.S.D.C. E.D. La.)
[15] Rec. Doc. 18725 at 2.
[16] *See* Rec. Doc. 21174-2 at fn. 15; Rec. Doc. 18725 at 3.
[17] *See, e.g.,* Memorandum in Support of the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees, Rec. Doc. 20290-4 at 22-25; Memorandum of Law in Support of Consolidated Joint Petition of the Fee Committee and the Plaintiffs' Steering Committee for a Global Award of Attorneys' Fees and Reimbursement of Expenses, Rec. Doc. 17700-1 at 44-45, 47-58, 89.
[18] *See* Rec. Doc. 21168.
[19] *Id.*
[20] Rec. Doc. 8545.
[21] *See* Rec. Doc. 21168 at 24, fn. 9.  These expenses were either paid from the PSC shared fund, which was already reimbursed from the attorney fee fund, or will be reimbursed as held costs, which will be paid from the attorney fee fund.

settlements.[22] This is particularly improper in cases covered by the "voluntary contribution" Order as the Order already accounts for a 5% cost assessment for these cases.[23] Specifically, the Order suggests a common benefit assessment of 17% of the gross settlement amount, which is comprised of a 12% assessment for attorneys' fees, and a 5% assessment for costs.[24] If litigation costs incurred in cases in which a contribution has been made pursuant to this Order have already been reimbursed to the PSC from the attorney fee fund[25] earned in the Knauf, Global, Banner, InEx, and L&W settlements, common benefit counsel being awarded 5% of the gross settlement amount in the case to cover litigation costs amounts to a double recovery on those costs, at the expense of individually retained counsel. As set forth in detail in Primary Counsel's Objections and Responses to Special Master's Recommendations Concerning Attorneys' Fees and Expenses[26] (filed under seal), several examples of this have been revealed in the limited discovery allowed by the Court in the attorney fee dispute.[27]

The appearance that common benefit counsel is receiving a double recovery on some litigation costs is one reason why, on September 29, 2017, Primary Counsel requested a detailed accounting of all attorney fee funds received or constructively received by the PSC in conjunction with the Knauf, Global, Banner, InEx, Virginia, and L & W settlements[28], the InEx/North River fee award[29], and voluntary contributions[30] deposited into the Court registry. *See* Primary Counsel's Motion for Accounting and Adjustment of Global Award of Attorneys'

---

[22] *See* Primary Counsel's Obj. and Resp. to Special Master's Recommendations Concerning Attorneys' Fees and Expenses at 41-42, 96-100 (filed under seal); Primary Counsel's Post-Evidentiary Hearing Brief (filed under seal with Special Master 7/14/2017) at 39-40, 124-129.
[23] *See* Rec. Doc. 8545 at 1-2.
[24] Id.
[25] *See* Rec. Doc. 21168 at 24, fn. 9.
[26] *See* Primary Counsel's Obj. and Resp. to Special Master's Recommendations Concerning Attorneys' Fees and Expenses at 40-42, 83-86 (filed under seal).
[27] *See* Rec. Doc. 20410.
[28] *See* Rec. Docs. 17398, 17426, 20175.
[29] *See* Rec. Doc. 16968.
[30] *See* Rec. Doc. 8545.

Fees and Reimbursement of Expenses Rec. Doc. 20995-3-6 (filed under seal). To date, the Court has not ruled on Primary Counsel's Motion seeking an accounting. Without a detailed accounting, the extent to which common benefit counsel will receive a double recovery on litigation costs related to the cases at issue in the Motion for Additional Common Benefit Assessments[31] and Supplemental Memorandum[32] is not able to be determined by Primary Counsel. However, Primary Counsel object to any such double recovery.

Given the appearance and likelihood that common benefit counsel has already been compensated by the Court's Order Setting Common Benefit Fees[33] for some of the time spent and litigation costs incurred in cases in which they now seek a 52% common benefit assessment, Primary Counsel urge the Court to conduct a review regarding the degree to which time spent on the cases at issue in the instant Motion has already been compensated and litigation costs have already been reimbursed. To the extent that common benefit counsel will receive a double recovery on time or costs by the Court's granting of the Motion for Additional Common Benefit Assessments[34], these funds must be returned to individually retained counsel.

## CONCLUSION

For the reasons set forth above and in extensive prior briefing before this Court[35], Primary Counsel oppose the request of the PSC for a 52% common benefit assessment in the cases at issue in the Motion for Additional Common Benefit Assessments[36] and the Supplemental Memorandum[37] and implore the Court to conduct an inquiry into whether time and

---

[31] Rec. Doc. 17831.
[32] Rec. Doc. 21174-2.
[33] Rec. Doc. 21168.
[34] Rec. Doc. 17831.
[35] *See* Primary Counsel's Obj. and Resp. to Special Master's Recommendations Concerning Attorneys' Fees and Expenses (Doc. 20950) (*see* Doc. 20993 (motion to file under seal)) and Primary Counsel's Post-Evidentiary Hearing Brief (filed with Special Master 7/14/2017), which are incorporated by reference.
[36] Rec. Doc. 17831.
[37] Rec. Doc. 21174-2.

costs related to these cases in which additional common benefit fees are being sought have already been compensated or reimbursed by the Court's Order Setting Common Benefit Fees. [38] If time and costs related to these cases were already compensated and reimbursed, Primary Counsel submit that a portion of the additional common benefit assessments awarded to the PSC must be reimbursed to individually retained counsel, whose attorneys' fees have already been assessed for this time and these costs.[39]


Dated: March 20, 2018                    RESPECTFULLY SUBMITTED:


                                         /s/ S. Ann Saucer
                                         S. Ann Saucer (TX Bar No. 00797885;
                                         LA Bar No. 21368)
                                         Russell W. Budd (TX Bar No. 03312400)
                                         Holly R. Werkema (TX Bar No. 24081202)
                                         BARON & BUDD, P.C.
                                         3102 Oak Lawn Avenue, Suite 1100
                                         Dallas, TX 75219
                                         Tel.: 214-521-3605
                                         Fax: 214-520-1181
                                         asaucer@baronbudd.com
                                         rbudd@baronbudd.com
                                         hwerkema@baronbudd.com

                                         Allison Grant (FL Bar No. 858330)
                                         ALLISON GRANT, P.A.
                                         14 S.E. 4th St
                                         Boca Raton, FL 33432-6111
                                         Tel.: 561-994-9646
                                         Fax: 561-431-4627
                                         agrant@allisongrantpa.com

                                         Jeremy W. Alters (FL Bar No. 111790)
                                         Justin D. Grosz (FL Bar No. 984000)
                                         Matthew T. Moore, Of Counsel (FL Bar No. 70034)
                                         ALTERS LAW FIRM, P.A.
                                         1855 Griffin Road, Suite C470

---

[38] Rec. Doc. 21168.
[39] *See* Order and Reasons Setting Common Benefit Fees at 24.

Dania Beach, FL 33004
Tel.: (305) 571-8550
Fax: (305) 571-8558
jeremy@alterslaw.com
justin@alterslaw.com
matthew@alterslaw.com

Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison
Counsel) (LA #20645)
Brook L. Villa (LA #31988)
Franklin "Drew" Hoffmann (LA #35824)
FAIRCLOTH, MELTON & SOBEL, LLC
301 Main Street, Suite 920
Baton Rouge, LA 70801
Phone: (225) 343-9535
Fax: (225) 343-9538
jfaircloth@fairclothlaw.com
bvilla@fairclothlaw.com
dhoffmann@fairclothlaw.com

*Attorneys for Parker Waichman LLP*

K. Edward Sexton, II
(AL Bar No. ASB-5463-O69K)
GENTLE, TURNER, SEXTON & HARBISON,
LLC
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244
Phone: (205) 716-3000
Fax: (205) 716-3010
esexton@gtandslaw.com

Eric D. Hoaglund
(AL Bar No. ASB-3449-55E)
MCCALLUM, HOAGLUND, COOK & IRBY,
LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Phone: (205) 824-7767
Fax: (205) 824-7768
ehoaglund@mhcilaw.com

Andrew A. Braun (LA #3415)
Victoria E. Emmerling (LA #33117)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800

8

New Orleans, Louisiana 70139-4800
Phone: (504) 561-0400
Fax: (504) 561-1011
abraun@glllaw.com
temmerling@glllaw.com

*Attorneys for Morris Bart, L.L.C.*

Val Patrick Exnicios, Esq. (Objectors' Co-Liaison
Counsel)
LISKA, EXNICIOS & NUNGESSER
1515 Poydras Street
14th Floor, Ste. 1400
New Orleans, LA. 70112
Phone: (504) 410-9611
Fax: (504) 410-9937
Cell: (504) 495-9666
vpexnicios@exnicioslaw.com

*Attorney for Pendley Baudin & Coffin, Rhine Law
Firm, and Luckey & Mullins*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on Plaintiffs'

Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail

and electronic mail and upon all parties by electronically uploading the same to LexisNexis File

& Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed

with the Clerk of Court of the United States District Court for the Eastern District of Louisiana

by using the CM/ECF System, which will send a notice of electronic filing in accordance with

the procedures established in MDL 2047 on this 20th day of March, 2018.


Dated: March 20, 2018                    RESPECTFULLY SUBMITTED:

                                         /s/ S. Ann Saucer
                                         S. Ann Saucer (TX Bar No. 00797885;
                                         LA Bar No. 21368)
                                         BARON & BUDD, P.C.
                                         3102 Oak Lawn Avenue, Suite 1100
                                         Dallas, TX 75219
                                         Tel.: 214-521-3605
                                         Fax: 214-520-1181
                                         asaucer@baronbudd.com