UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | JUDGE ELDON FALLON<br>MAG. JUDGE WILKINSON |

**DOYLE LAW FIRM, PC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' LEAD AND LIAISON COUNSEL'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR ADDITIONAL COMMON BENEFIT ASSESSMENTS, FILED PURSUANT TO STEP FOUR OF PRETRIAL ORDER NO. 28 [REC.DOC.21174]**

This Court issued an order dividing a closed fund containing the remains of attorneys' fees produced by a series of Knauf-related settlements. [Doc. 21168]  After considering the various objections by primary counsel/contract counsel and recommendations by both the Fee Committee and Special Master, this Court awarded common benefit counsel a grand total of $99,762,099.56 and awarded contract counsel $94,607,042.17.  This works out to be a 52-to-48 percent division of the total fees remaining in the limited attorney's fee fund.  The Court calculated that the fee to common benefit counsel works out to be 9.181[1] percent of the total benefit conferred to plaintiffs through the multiple settlements.

This Court arrived at its decision by considering the factors common benefit counsel presented as the basis for its unprecedented request: filing of complaints, service of

---

[1] Percentage method computation: ($197,803,738.17 x .52) [common benefit fee] / $1,120,313,305.90 [total settlement value] = 0.0918117 x 100 = 9.18117%.

1

defendants through the Hague Convention, trial of the *Hernandez* case, trial of the *North River* case, creation of the pilot program, settlement discussions, and drafting of several settlement agreements. The Court also undertook a process to evaluate the reasonableness of the fee it determined by using the lodestar method which also employed the *Johnson* factors, the Percentage Method, and the Blended Method. Rather than rehashing the problems that the undersigned counsel cited within each method, it should simply be noted that objections were lodged regarding the expenses paid and attorney hours included in the various methods and the undersigned counsel would simply direct the court to its previous filings[2].

The Fee Committee, PSC, and other common benefit counsel have petitioned this Court to accept that 232,309.35 common benefit hours were devoted to Knauf-related litigation and claim that $35,274,532.16 in expenses were appropriately paid to the PSC and common benefit counsel as shared costs. Although both figures are directly in dispute by Objecting Primary Counsel, this court accepted the time and cost figures in their entirety[3]. To the extent that either of these figures are inaccurate, the percentage of fund paid to common benefit counsel should be reduced as the court deems appropriate.

It is the undersigned counsel's continued belief that this Court's Order and Reasons Setting Common Benefit Fees includes in its analysis hours devoted to the Taishan litigation as well as expenses inapproriately paid to common benefit counsel as shared costs. The PSC/FC's representatives testified as much under oath during the Objector proceedings

---

[2] *See* Primary Counsel's Objections and Responses to Special Master's Recommendations Concerning Attorneys' Fees and Expenses (Doc.20950) (filed under seal with Special Master); *See also*, Supplement to Memorandum in Support of Doyle Law Firm's Objections to the Fee Committee's Motion to Detgermine the Allocation of the Global Fee Award as between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (filed 7/14/17 with Special Master under seal) which are incorporated by reference.

[3] *See* Order and Reasons Setting Common Benefit Fees (Doc. 21168).

overseen by the Special Master[4].  The evidence calling into question the total common benefit hours and expenses was presented to the Special Master and later to this Court, but was inexplicably disregarded in both instances.  As a consequence of the inclusion of the flawed data, the pool of money in the commingled and limited attorney fee fund was significanty reduced, while at the same time total common benefit hours were artificially inflated.  The resulting fee award was skewed upward, as was the percentage of the fund payable to common benefit counsel, when the court conducted its lodestar cross-check[5] and an approved hourly rate based on the inflated hours.

## ARGUMENT

There is no dispute by the undersigned counsel that common benefit counsel are due to be paid a fee from settlements that directly result from the work they performed in the MDL on behalf of all plaintiffs; however, any fee set aside should be fair and reasonable.  Past product liability mass tort litigation is a good starting point for this court's analysis.  Previous Doyle Firm submissions to the Special Master have included an exhibit summarizing common benefit set asides that this court might find instructive, so a copy is attached here for easy reference and consideration.  (See Common Benefit Set Aside Chart, labeled Exhibit 1).

Plaintiffs' Lead and Liaison Counsel have moved this court to extend the percentage of fund - - calculated by the Court to be fifty-two percent (52%) - - to all future settlements in Knauf-related (and possibly Taishan) lawsuits that are not resolved with the PSC's direct involvement[6].  *See* Plaintiffs' Lead and Liaison Counsel's Supplemental Memorandum of Law in Support of the Motion for Additional Common Benefit Assessments, Filed Pursuant to

---

[4] *See* Arnold Levin and Russell Herman depositions (filed under seal).
[5] *See* Order and Reasons Setting Common Benefit Fees (Doc. 21168 at Pg. 22).
[6] *Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,* 2:14-cv-02722-EEF-JCW was specifically noted in Lead and Liaison Counsel's motion.

Step Four of Pretrial Order No. 28 ("Supplemental Memorandum") (Rec. Doc. 21174-2). *See also* The Plaintiffs' Steering Committee's Motion for Additional Common Benefit Assessments, Filed Pursuant to Pretrial Order No. 28 ("Motion for Additional Common Benefit Assessments") (Rec. Doc. 17831).

This court should disregard the percentage proposed and instead utilize the percentage of total recovery (9.181%) as a starting point for its analysis. In all future Knauf-related settlements involving the undersigned counsel's firm, there will be no limited fund to divide with the PSC or other common benefit counsel in the manner this court decided the fee split between primary/contract counsel and common benefit counsel involving the commingled limited fund contemplated in this court's recent Order (Doc. 21168). Thus, application of the Order to the resolution of a single case not including any direct involvement by common benefit counsel would be completely misdirected.

Any *Bennett* fees that may come will not be a result of any direct involvement by Plaintiffs' Liaison Counsel, Plaintiff Steering Committee members, or any attorney outside of Doyle Law Firm, PC; therefore, the analysis utilized by this Court to arrive at the percentage of the commingled limited attorney fee fund in this Court's order[7] is largely inapplicable in future settlements. Such a comparison would be the equivalent of comparing apples to oranges. Moreover, because the PSC and other common benefit attorneys did not file the *Bennett* case, have not played any role in serving the Knauf defendants, have not conducted any case-specific discovery, will not incur any case-related expenses, will not play any role in negotiating with Knauf's counsel, and certainly will not play any role in the trial of this case,

---

[7] *See* Order and Reasons Setting Common Benefit Fees (Doc. 21168).

4

this Court should reduce the initial percentage (9.181%) of the total recovery by a reasonable amount (See Exhibit 1 for appropriate set aside percentages in other MDL courts).

## CONCLUSION

For the resons set forth herein, as well as the reasons presented in prior briefing to this Court, the undersigned counsel opposes Plaintiff Lead and Liaison Counsel's Motion for Additional Common Benefit Assessments and instead urges this court to issue an order declaring a reaonable set aside percentage (something less than 9.181%) of the total recovery to be paid to common benefit counsel from future Knauf-related settlements, including the *Bennett* action.

DATED:  March 20, 2018.

Respectfully submitted by:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Doyle Law Firm, PC's Memorandum in Opposition to Plaintiffs' Lead and Liaison Counsel's Supplemental Memorandum of Law In Support of the Motion for Additional Common Benefit Assessments, Filed Pursuant to Step Four of Pretrial Order No. 28 [Rec.Doc.21174] has been served on Plaintiffs' Liaision Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of March, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC