UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                        MDL NO. 2047
                                                  SECTION: L

THIS DOCUMENT RELATES TO:
*ALL CASES*                                       JUDGE FALLON
                                                  MAG. JUDGE WILKINSON
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PRETRIAL ORDER NO. \_\_\_\_
(ESTABLISHING PLAINTIFFS' ATTORNEYS' FEES FUND TO COMPENSATE
ATTORNEYS FOR SERVICES PERFORMED AND TO REIMBURSE EXPENSES
INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT)

This Order is entered to provide for the fair and equitable sharing among plaintiffs and their counsel of the cost of services performed and expenses incurred by court-appointed attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation, including those plaintiffs whose cases are the subject of a remand order.

1.   **Plaintiffs' Attorneys' Fees Fund to be Established**

Plaintiffs' Liaison Counsel (Russ M. Herman) is directed to establish an interest-bearing account to receive and disburse funds as provided in this order ("Plaintiffs' Attorneys' Fees Fund"). A court-approved escrow agent ("Escrow Agent") shall be designated for this purpose. These funds will be held as funds subject to the direction of the Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person as set forth below or by further order of the Court. These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except as set forth below or when and as directed to be disbursed as provided by Court order to a specific person. These limitations do

1

not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this order.

    **2**.    **Holdback for Attorneys' Fees and Expenses**

All plaintiffs and their attorneys who, either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to a Chinese drywall claim are subject to a holdback for attorneys' fees.  The amount of the holdback shall be 32% of the "gross monetary recovery," as further provided herein.  Out of this holdback, the Court intends to award to common benefit counsel expenses and a "common benefit fee allocation" equal to either (a) 60% of the holdback if the matter resolves prior to trial, with the remaining 40% of the holdback to be distributed to individually retained counsel, or (b) 50% of the holdback if the matter resolves after trial begins or is settled thereafter, with the remaining 50% of the holdback to be distributed to individually retained counsel.

Every remaining defendant named in any federal complaint in MDL No. 2047 or otherwise subject to this Court's order is directed to withhold this holdback from amounts paid to plaintiffs and their counsel, and to pay the holdback directly into the Plaintiffs' Attorneys' Fees Fund via the Escrow Agent as a credit against the applicable settlement or judgment.  In addition, such defendants are required to produce to Plaintiffs' Liaison Counsel any and all papers constituting their settlement agreements with plaintiffs.  If for any reason the holdback is not or has not been so withheld, the plaintiff and his or her counsel are jointly responsible for paying the holdback into the fund promptly.

No orders of dismissal of any plaintiff's claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiffs' and defendants' counsel that the holdback has been withheld and deposited into the Plaintiffs' Attorneys' Fees Fund.

In measuring the "gross monetary recovery," defendants' counsel shall:

    a.    Exclude court costs that are to be paid by the defendant; and

    b.    Include the present value of any fixed and certain payments to be made in the future.

Defense Counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made a holdback.

**3. Disbursements**

Upon deposit into the Plaintiffs' Attorneys' Fees Account of any holdback payment, the Escrow Agent shall within ten (10) days remit to the individual plaintiff's counsel his or her appropriate share of the holdback (*i.e.*, 40% if the case resolves prior to trial or 50% if the case resolves after trial begins or is settled thereafter).

Monthly statements from the Escrow Agent shall be provided to Plaintiffs' Liaison Counsel, the Court, and the Court's designee showing the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

At an appropriate time, the Court shall establish procedures and guidelines for disbursement of the common benefit fee allocations and expenses from the Plaintiffs' Attorneys' Fees Fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. The disbursement of common benefit fee and expense allocations will be based on governing common benefit fee jurisprudence. No common benefit fee or expense allocation payments will be disbursed without review and

approval by the Court.

Attorneys eligible for a common benefit fee allocation are limited to Plaintiffs' Liaison Counsel, Plaintiffs' Lead Counsel, members of the Plaintiffs' Steering Committee ("PSC") and of Counsel to the PSC, and other attorneys authorized by Plaintiffs' Lead and Liaison Counsel to assist in providing common benefit services, subject to Plaintiffs' Lead and Liaison Counsel's approval of their time.   All common benefit time and expenses are subject to proper and timely submission (each month) of contemporaneous records and documentation certified to have been timely received by Mr. Philip Garrett in accord with this Court's prior orders, Pretrial Order Nos. 9 and 9A.

NEW ORLEANS, LOUISIANA,

this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE