UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY IN SUPPORT OF PRIMARY COUNSEL'S MOTION FOR DISBURSEMENT OF CONTRACT COUNSEL FEES AWARDED BY THE COURT

NOW INTO COURT, through undersigned counsel, come Primary Counsel[1] who file this reply brief as further support for *Primary Counsel's Motion for Disbursement of Contract Counsel Fees Awarded by the Court* (R. Doc. 21240) (the "Motion for Disbursement"), and in response to *Plaintiffs' Lead and Liaison Counsel's Opposition to Primary Counsel's Motion for Disbursement of Contract Counsel Fees Awarded by the Court* (R. Doc. 21247) (the "Opposition").

Plaintiffs' Lead and Liaison Counsel (referred to herein as the "PSC") attempt to interject confusion, complication and ill motives where there are none. Simply stated and as explained in detail in the Motion for Disbursement, Primary Counsel seek a remedy which is 100% voluntary on the part of each individually retained counsel: the option to receive immediate, full and final payment for its share of individual counsel fees without waiting for the ultimate resolution of all

---

[1] "Primary Counsel" refers to those law firms joining in this reply while "individually retained counsel" or "contract counsel" refers more broadly to all counsel who are involved in this MDL by virtue of private contingency fee contracts with clients.

1

fee issues.² The PSC's insistence that this request "perverts" (R. Doc. 21247 at 4) the fee allocation process and leads to "further chaos and confusion" (*Id.* at 3) is incorrect and further reflects the antagonistic posture assumed by the PSC and the Fee Committee.

Throughout the Opposition, the PSC repeatedly condemns Primary Counsel for exercising their due process rights to protect their fee interests. While Primary Counsel disagree with this position, the history of the fee litigation and actions taken by each party are not relevant to the issue at hand – whether individually retained counsel should be given an opportunity to receive disbursement and exit the fee contest. Rather, this MDL has lasted nine years. Individually retained counsel have expended significant resources, in terms of time and out of pocket expenses, both pre-dating and during the course of the MDL, all without compensation (save for a small stipend). Ignoring this, the PSC posits that there is "[n]o prejudice to counsel in delaying disbursement of attorneys' fees until after a final fee award has been issued." R. Doc. 21247 at 3. The prejudice is apparent: waiting for final resolution of the fee dispute when there is no reason to delay full and final payment to those firms who *voluntarily* choose to exit the stage.³ This would end the fee litigation vis-à-vis those parties.⁴

---

² According to the Opposition, "Interim disbursement is not appropriate at this time because the fee allocation process is nearing its completion and counsel can file an appeal of all fee-related issues once a final award has been made by the Court." R. Doc. 21247 at 2. When and whether counsel can file an appeal of all fee issues is inconsequential to whether individually retained counsel should be given the opportunity to exit the fee contest prior to awaiting the resolution of any appeal.

³ While the PSC argues that the amount due to individually retained counsel is unknown (R. Doc. 21247 at 2), Primary Counsel proposed that for purposes of disbursement and moving the fee dispute forward, that the amount awarded in the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168) be used to calculate individually retained counsel's pro rata share.

⁴ The PSC contends that the Motion for Disbursement "prolong[s] the litigation of this fee dispute" (Doc. 21247 at 1). To the contrary, the relief requested by Primary Counsel will end the fee

Further, the PSC argues that Primary Counsel's efforts in this fee dispute have had no effect on the increased allocation to individually retained counsel. R. Doc. 21247 at 4 (". . . there is every reason to believe that the Court reached the allocation determination it did *in spite of* the Objectors' efforts, not because of them."). For that reason, they suggest that Primary Counsel should be punished. This position is directly contrary to statements made within the Opposition. For example, the PSC explains, "[t]he fee allocation was the result of the Court's independent judgment based upon a number of inputs including, but not limited to, the ***input of all counsel who sought to be heard***." *Id.* (emphasis added). Primary Counsel all lodged objections to the Fee Committee's recommendation and, therefore, belong to that category of counsel who sought to be heard. Likewise, the PSC recognizes that responses or objections to the Fee Committee's fee allocation recommendation were a factor leading to the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168). Specifically, the Opposition states, "[t]he Court then made its own independent determination of an appropriate common benefit fee based upon . . . the responses or objections from other interested counsel [and] the Special Master's recommendation [among others]." R. Doc 21247 at 5. Primary Counsel were "other interested counsel." Further, Primary Counsel requested the appointment of a special master. R. Doc. 20394. Thus, but-for the work and efforts of Primary Counsel, there would have been no Special Master recommendation upon which the Court could rely.

Finally, regardless of whether the past efforts of Primary Counsel led to the increased allocation of fees to individually retained counsel, any future increase undoubtedly will be solely attributable to the efforts of those counsel, including Primary Counsel, who appeal the *Order and*

---

litigation for many and should not affect the length of the fee dispute for the remaining litigants.

3

*Reasons Setting Common Benefit Fees* (R. Doc. 21168). Accordingly, Primary Counsel are not unreasonable to suggest that all who benefit from these efforts either (1) contribute to the efforts (from a time and/or cost perspective) or (2) not participate in any increased allocation.

For these reasons and those set forth in the Motion for Disbursement and supporting memorandum, Primary Counsel pray for an Order allowing individually retained counsel the option to receive, as full and final payment, disbursement of their *pro rata* share of the amount of attorneys' fees allocated to contract counsel in the amount of $94,607,042.17 as determined by the *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168).

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: /s/ *Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)
jfaircloth@fairclothlaw.com
Brook L. Villa (LA #31988)
bvilla@fairclothlaw.com
Franklin "Drew" Hoffmann (LA #35824)
dhoffmann@fairclothlaw.com
412 N. 4th Street, Suite 230
Baton Rouge, LA 70802
Phone: (225) 343-9535
Fax: (225) 343-9538

*Attorneys for Parker Waichman LLP*

**LISKA, EXNICIOS & NUNGESSER**

By: /s/ *Val Patrick Exnicios*
Val Patrick Exnicios, Esq. (Objectors' Co-Liaison Counsel)
vpexnicios@exnicioslaw.com
1515 Poydras Street
14th Floor, Ste. 1400
New Orleans, LA. 70112
Phone: (504) 410-9611
Fax: (504) 410-9937
Cell: (504) 495-9666

*Attorneys for Whitfield Bryson & Mason LLP, Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins*

**BARON & BUDD, P.C.**

By: /s/ *Russell W. Budd*
Russell W. Budd (TX #03312400)
rbudd@baronbudd.com
S. Ann Saucer (TX #00797885;
LA #21368)

**GENTLE, TURNER, SEXTON & HARBISON, LLC**

By: /s/ *K. Edward Sexton, II*
K. Edward Sexton, II
esexton@gtandslaw.com
501 Riverchase Parkway East, Suite 100

4

asaucer@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: 214-521-3605
Fax: 214-520-1181

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By:   /s/ *Eric D. Hoaglund*
  Eric D. Hoaglund
  ehoaglund@mhcilaw.com
  905 Montgomery Highway, Suite 201
  Vestavia Hills, Alabama 35216
  Phone: (205) 824-7767
  Fax: (205) 824-7768

**ALTERS LAW FIRM, P.A.**

By:   /s/ *Jeremy W. Alters*
  Jeremy W. Alters (FL #111790)
  jeremy@alterslaw.com
  Justin D. Grosz (FL #984000)
  justin@alterslaw.com
  Matthew T. Moore, Of Counsel (FL #70034)
  matthew@alterslaw.com
  1855 Griffin Road, Suite C470
  Dania Beach, FL 33004
  Phone: (305) 571-8550
  Fax: (305) 571-8558

**ROBERTS AND DURKEE, LLP**

By:   /s/ *C. David Durkee*
  C. David Durkee
  durkee@rdlawnet.com
  2665 South Bayshore Drive, Suite 300
  Coconut Grove, FL 33133
  Phone: (305) 442-1700
  Fax: (305) 442-2559

Hoover, Alabama 35244
Phone: (205) 716-3000
Fax: (205) 716-3010

**MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP**

By:   /s/ *Mark Milstein*
  Mark Milstein
  mmilstein@mjfwlaw.com
  10250 Constellation Blvd., 14th Floor
  Los Angeles, CA 90067
  Phone: (310) 396-9600
  Fax: (310) 396-9635

**GIEGER, LABORDE & LAPEROUSE, LLC**

By:   /s/ *Victoria E. Emmerling*
  Andrew A. Braun (LA #3415)
  abraun@glllaw.com
  Victoria E. Emmerling (LA #33117)
  temmerling@glllaw.com
  701 Poydras Street, Suite 4800
  New Orleans, Louisiana 70139-4800
  Phone: (504) 561-0400
  Fax: (504) 561-1011

*Attorneys for Morris Bart, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Reply in Support of Primary Counsel's Motion for Disbursement of Contract Counsel Fees Awarded by the Court* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of March, 2018.

    /s/ *Jimmy R. Faircloth, Jr.*
    JIMMY R. FAIRCLOTH, JR.