**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | **MDL NO. 2047**<br><br>**SECTION: L**<br><br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**THIS DOCUMENT RELATES TO:**
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' LEAD AND LIAISON COUNSEL'S REPLY IN FURTHER**
**SUPPORT OF THE MOTION FOR ADDITIONAL COMMON BENEFIT**
**ASSESSMENTS, FILED PURSUANT TO PRETRIAL ORDER NO. 28[1]**

## I.   INTRODUCTION

It is clear that some individually-retained counsel did not read, or at least appreciate, the Court's lament in its Common Benefit Fees Order that, given access to substantial due process in the fee award proceedings, they did nothing more than cause "havoc and needless delay" and substantial additional expense for all involved when they "commenced unnecessary proceedings, and prolonged the discovery process by filing unnecessary written discovery and seeking pointless depositions of the Court-appointed CPA and various members of the PSC and Fee Allocation Committee."[2]   Now, Primary Counsel and the Doyle Law Firm ("Doyle") oppose the Assessment Motion[3] but do nothing other than retread some of the previously rejected arguments regarding the

---

[1] Rec. Doc. 17379, ¶ 9.

[2] Rec. Doc. 21168, at 23 ("Common Benefit Fees Order").

[3] Rec. Doc. 17831 ("Assessment Motion"), filed July 9, 2014.  *See also* PSC's Memorandum of Law in Support of the Assessment Motion [Rec. Doc. 17831-1], filed February 9, 2018; PSC's Supplemental Memorandum of Law in Support of the Assessment Motion [Rec. Doc. 21174-2].

need for some of that unnecessary discovery, namely the production of detailed time records or allegations that common benefit counsel are "double-dipping" on fees.[4]  For these reasons, their oppositions should be disregarded, and the Assessment Motion should be granted.

## II.    BACKGROUND

On January 10, 2014, this Court issued Pretrial Order No. 28 (Attorney Fee and Cost Reimbursement Guidelines) [Rec. Doc. 17379][5] (PTO 28).  PTO 28 was established by the Court "[i]n order to provide for the orderly and efficient presentation and determination of a request for the award of attorneys' fees and reimbursement of litigation expenses…" and provides "direction and establishes guidelines for the efficient presentation to this Court to allow for the determination of making an award of attorneys' fees and reimbursement of litigation expenses…"  The Order contains six (6) Steps, which have all been or in the process of being completed and is a detailed Order that sets forth a comprehensive procedural safe guard for the award of attorneys' fees in this MDL.  Prior to the entry of PTO 28 and early in the litigation, the Court issued Pretrial Order No. 9 (PTO 9) which set forth explicit and detailed guidelines for plaintiff's counsel's time and expense submissions.  Monthly time and expense reporting was required to be made to the court appointed CPA, Philip Garrett, for all common benefit time and expense incurred in the MDL.  Interestingly,

---

[4] Rec. Doc. 21251, at 2-3 ("Primary Counsel's Response"); Rec. Doc. 21253, at 2-3 ("Doyle's Response).

[5] PTO 28 was amended several times.  *See*, *generally*, Pretrial Order No. 28(A) [Rec. Doc. 17402], filed January 27, 2014; Pretrial Order No. 28(B) [Rec. Doc. 17567], filed March 26, 2014; Pretrial Order No. 28(C) [Rec. Doc. 17639], filed April 29, 2014; Pretrial Order No. 28(D) [Rec. Doc. 17832], filed July 9, 2014; Pretrial Order No. 29(E) [Rec. Doc. 18037], filed October 6, 2014; and Pretrial Order No. 28(F) [Rec. Doc. 20282], filed May 25, 2016.

Doyle never made any submissions pursuant to PTO 9 and has not claimed to have performed any common benefit work.

After the problems with Chinese drywall became apparent following the devastation of Hurricanes Katrina and Rita in 2005, actions were filed on behalf of thousands of affected homeowners in districts across the country.  On June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 2047 in the U.S. District Court, Eastern District of Louisiana.  The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) Knauf, and (2) Taishan.  Thereafter, extensive discovery commenced involving the German-based Knauf, whose Chinese subsidiary sold its Chinese drywall in the United States.  The PSC engaged in broad sweeping discovery, took depositions in the United States and abroad, and participated in several bellwether trials.   A pilot remediation program was created, and ultimately, the PSC entered into a settlement agreement with the Knauf Defendants that remediated substantially all of the homes containing drywall manufactured by Knauf.

On February 22, 2018, the Knauf Defendants filed a Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims [Rec. Doc. 21190].  Counsel for Knauf has reported to the Court at the most recent status conferences that substantially all claims have been resolved, and most recently, a status conference with the Court specifically relating to the *Bennett* case, it was reported that the *Bennett* claims are but a few of the outstanding remaining claims against the Knauf Defendants in this MDL.  Amazingly, counsel for the Bennetts have stated in their Memorandum in Opposition: "Any Bennett fees that may come will not be a result of any direct involvement by Plaintiffs' Liaison Counsel, Plaintiffs' Steering Committee members, or any attorneys outside of Doyle Law Firm, P.C."   Apparently, Doyle ignores the

several years of work under taken by the PSC and used by Doyle in the drafting and preparation of the Bennett Class Action Complaint filed in the Northern District of Alabama, Northeastern Division, November 13, 2014 [Rec. Doc. 1], and the Bennet Second Amended Class Action Complaint filed in the United States District Court for the Eastern District of Louisiana on January 31, 2016 [Rec. Doc. 20020-2].

## III.   ARGUMENT

### A.   An Additional Assessment on Cases Not Settled by the Knauf, Global, Banner, InEx Agreements Is Appropriate.

Common benefit fees are routinely awarded in complex litigation such as this *Chinese Drywall* MDL as recognized by the Court when it established a carefully crafted process for establishing those fees which culminated in the Court's Common Benefit Fees Order.[6]  Awarding a common benefit assessment for cases that did not take part in the settlement but still benefit from the work of common benefit counsel is a routine practice that is specifically called for by Step Four of the fee award process.[7]  To permit counsel in those cases to retain all of their fee without compensating common benefit counsel for their work would unjustly enrich these counsel and create "free riders."[8]  Neither Primary Counsel nor Doyle challenge this basic principle that is the

---

[6] Rec. Doc. 21168 ("Common Benefit Fees Order").

[7] Rec. Doc. 17379, ¶ 9.

[8] As described in the PSC's Memorandum of Law in Support of the Assessment Motion, the Court unquestionably has the right to impose a common benefit assessment on fees earned in the affected cases. *See* Rec. Doc. 17831-1, at 18-9 (citing, among other cases, *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 606-07 (1st Cir. 1992) (court essentially used common fund fee award in trying to avoid free-rider problem); *Seaman v. Spring Lake Park Indep. Sch. Dist. No. 16*, 387 F. Supp. 1168, 1173 (D. Minn. 1974) (purpose of common fund doctrine is to apportion fees among beneficiaries and thereby prevent free-riding); *In re Vioxx Products Liab. Litig.*, 760 F. Supp. 2d 640 (E.D. La. 2010); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 1996 WL 900349 (E.D. Pa. Jun.17, 1996)).

basis for the Assessment Motion, which is likely why neither Primary Counsel nor Doyle filed an objection of any sort when the motion was originally filed over four years ago.

Instead, Primary Counsel and Doyle use their Responses to the Assessment Motion to repeat their objections related to the Common Benefit Fees Order.  But, as usual, the Responses reflect a basic misunderstanding of the basis of the common benefit fee award.  Both Primary Counsel and Doyle argue the common benefit fee was based on hours that allegedly represent "flawed data"[9] and that awarding additional fees based on work done during the hours already considered by the Court would amount to "double-dipping."[10]  These arguments miss the point – common benefit fees are based on the principle of *quantum meruit* and that principle applies with equal force to the assessments.[11]  Common benefit counsel are not compensated on an hourly basis, the hours were submitted and considered by the Court as a cross-check.[12]  Of course, Primary Counsel know this but use their Response as an opportunity to argue they should have been given

---

[9] Rec. Doc. 21253, at 3.

[10] Rec. Doc. 21251, at 2.

[11] Primary Counsel's double-dipping argument also misses the point because it fails to acknowledge that common benefit fees are awarded based upon the value of the benefit conferred and as additional recoveries are had, outside of the MDL, the value conferred increased proportionally.  Therefore, awarding fees based upon additional recoveries does not amount to any double-counting but instead reflects the growing recoveries resulting from the work of common benefit counsel.

[12] Rec. Doc. 21168, at 8, 21 (citing *Union Asset Mgmt. Holding A.G. v Dell Inc*., 669 F.3d 632, 644 (5th Cir. 2012) and *In re Vioxx Prods. Liab. Litig*., 760 F. Supp. 2d 640, 652 (E.D. La. 2010)).

access to the individual time records for each time keeper who submitted common benefit time in the litigation, an argument that was rightly rejected by both the Special Master and the Court.[13]

In addition, Primary Counsel lead the Court on an irrelevant aside with respect to the 17 percent voluntary contribution order.[14]  The Assessment Motion deals with an assessment of fees from cases that are resolved outside of the settlements that have occurred, it is wholly separate from the voluntary contributions.  In addition, the Assessment Motion does not address funds set aside for payment of fees and costs associated with the trial against InEx and The North River Insurance Company (the "North River Funds").[15]  The Court has not yet made an order with respect to the voluntary contributions or the North River Funds, which will be considered in due course. Furthermore, it is important to note that Mr. Doyle has identified 69 affected properties on Exhibit "A" to the *Bennett* Second Amended Class Action Complaint and each of these properties will be subject to a distribution of contract attorneys' fees.  Pursuant to the Order and Reasons Setting Common Benefit Fees [Rec. Doc. 21168] issued by the Court on January 31, 2018, Mr. Doyle already has 300 cases subject to that Order, so he will be entitled to receive 48% of the fees in each of those matters.  This assessment motion simply seeks to assess Mr. Doyle's new 69 claimants on the *Bennett* Complaint with the same attorneys' fee assessment as set forth in the Order and Reasons Setting Common Benefit Fees.

---

[13] *See, e.g.*, 5/12/17 Order and Reasons [Rec. Doc. 20767], at 3-4; Special Master's Recommendation [Rec. Doc. 20950], at 12-17.

[14] Rec. Doc. 21251, at 4 (citing Rec. Doc. 8545).

[15] *See* Stipulation and Order Regarding Attorneys Fees and Costs in the InEx/North River Trial [Rec. Doc. 16968].

This is simply a misunderstanding on the part of Primary Counsel, but it stands as a pillar of their argument.  Their claims that there is "the appearance and likelihood that common benefit counsel has already been compensated by the [Common Benefit Fees Order] for some of the time spent and litigation costs incurred in cases" for which they seek an assessment is nothing more than unsupported conjecture on their part with no factual grounding.  In addition, their statement that the Court should "conduct a review regarding the degree to which time spent on the cases at issue in the instant Motion has already been compensated and litigation costs have already been reimbursed" is offensive because, as noted above, it suggests the Court doesn't understand how common benefit fees are calculated and ignores the substantial efforts the Court has put in from the beginning to ensure that any fee award in this case was fair and wholly supported.

**B.**     **Doyle Used the PSC's Work Product to Prepare the Bennett Complaint**


**[REMAINDER OF PAGE BLANK DUE TO FOOTNOTE 16]**

A simple comparison of the PSC's Omni Complaints[16] that were filed to the Bennett

Complaints[17] that Doyle has filed demonstrate that Doyle plagiarized substantially all of the

---

[16] Omni I: *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D. La.); Omni II: *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.,* Civil Action No.10-361(E.D. La.); Omni III: *Gross, et al. v. Knauf Gips, K.G., et al.,* Case No. 09-6690 (E.D. La.); Omni IV: *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.,* Case No. 10-362 (E.D. La.); Omni V:*Amato v. Liberty Mutual Ins. Co., et al.,* Case No. 10-932 (E.D. La.); Omni VI: *Charlene and Tatum Hernandez v. AAA Insurance,* Case No. 10-3070 (E.D. La.); Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080 (E.D. La.); Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al.,* No. 11-252; Omni IX: *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al.,* No. 11-1077 (E.D. La.); Omni X: *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.,* No. 11-1363 (E.D. La.); Omni XI: *Benoit, et al. v. Lafarge, S.A., et al,* No. 11-1893 (E.D. La.); Omni XII: *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349 (E.D. La.); Omni XIII: *Richard and Constance Almeroth, et al., v. Taishan Gypsum Co., Ltd., et al.,* No. 12-0498 (E.D. La.); Omni XIV: *Jessica Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,* No. 11-3023 (E.D. La.); Omni XV: *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 11-1672 (E.D. La.); Omni XVI: *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 11-1395; Omni XVII: *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 11-1673 (E.D. La.); Omni XVIII: *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,* No. 13-609 (E.D. La.); Omni XIX: *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* No. 14-1727 (E.D. La.); Omni XX: *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 15-4127; Omni XXI (E.D. La.): *Jeremy Macon, et al. v. Taishan Gypsum Co., Ltd., et al.,* No. 1:17-cv-01287-VEH (N.D. Ala.) (filed August 1, 2017); Omni XXII: *Debra Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02890-TWT (N.D. Ga.) (EDLA No. 17-cv-8285); Omni XXIII: *Donna Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17cv216H50-JCG (S.D. Miss.) (E.D. La. No. 17-cv-8287); Omni XXIV: *David and Melody Bright, et al v. Taishan Gypsum Co., Ltd., et al.,* No. 2:17-cv-00035-FL (E.D.N.C.) (filed August 1, 2017); Omni XXV: *Harry DeOliveira, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 4:17-cv-02019-MDL (D.S.C.) (E.D. La. No. 17-cv-8291); Omni XXVI: *James and Deloris Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-01146 (W.D. Tenn.) (EDLA No. 17-cv-8292); Omni XXVII: *Andy Mertlitz, et al v Taishan Gypsum Co., Ltd., et al,* No. 5:17-cv-00140-RWS (E.D. Tex.) (filed August 1, 2017); Omni XXVIII: *Randy Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al,* 4:17-cv-01286-KOB (N.D. Ala.) (E.D. La. No. 17-cv-8284); Omni XXIX: *Abner, et al v. Taishan Gypsum Co., Ltd., et al,* No. 2:11-cv-03094 (E.D. La.) (filed August 1, 2017) [Rec. Doc. 20877]; Omni XXX: *Kelly Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02892-AT (N.D. Ga.) (EDLA No. 17-cv-8286); Omni XXXI: *Lela and Melinda*

allegations contained in the PSC's Omnibus Complaints.  In prior Complaints, Mr. Doyle used

identical or substantially identical allegations to those previously used by the PSC.  For instance,

in the *Amorin* Class Counsel's Response to Motion for Leave to Amend Complaint and the Fee

Committee's Further Response to the Doyle Law Firm's Objections to the Fee Committee's

Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees

and Individual Counsel's Fees Pursuant to PTO 28(F) [Rec. Doc. 20405], the PSC addressed Mr.

Doyle's use of PSC work product, specifically with respect to Exhibit "A" to that motion [Rec.

Doc. 20405-1].

In this particular matter involving the Bennetts, once again, Mr. Doyle plagiarized and used

PSC work product.  By comparing the PSC's Omni Complaint, Omni XVIII, and the Beane

Complaint filed April 3, 2013 in the Eastern District of Louisiana to the Bennett Second Amended

Class Action Complaint, which was filed almost three (3) years later on January 31, 2016, reveals

that almost every single numbered paragraph contains the PSC's allegations.  Attached hereto as

Exhibit "A" [18] is a highlighted copy of the Bennett Complaint which shows plagiarized allegations

---

*Allen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-217LG-RHW (S.D. Miss.) (E.D. La. No. 17-cv-8288); Omni XXXII: *Kenneth D. Lockhead, et al v. Taishan gypsum Co., Ltd., et. al.,* No. 7:17-cv-00294, United States District Court, Southern District of Texas, McAllen Division (filed August 1, 2017); Omni XXXIII: *Diane Stutzman, et al v. Taishan Gypsum Co., Ltd., et al,* No. 17-cv-01209, United States District Court, Southern District of Illinois; and Omni XXXIV: *James and Tamera Allman, et al v. Taishan Gypsum Co., Ltd., et al,* No. 2:17-cv-00051-BR, United States District Court, Eastern District of North Carolina.

[17] *See* Bennetts' Class Action Complaint [Rec. Doc. 1] filed in the Northern District of Alabama, Northeastern Division (Case No. 2:14-cv-02722); and Second Amended Class Action Complaint [Rec. Doc. 20020-2] filed in the Eastern District of Louisiana (Case no. 2:09-md-02047).

[18] All highlighted portions of Exhibit "A" or identical or substantially identical to the PSC's Omni XVIII Complaint and notations are made by each number of the complaint in the right margins.

utilized in the Bennett Complaint.   It is obvious by a simple review of Exhibit "A" that the PSC's work product has been substantially utilized within the Bennett Complaint.

### C.   Named Defendants

The Bennett Complaint named as Defendants the exact same entities that the PSC named in it's Omni Complaints.  However, during the course of its due diligence and discovery, the PSC identified with more particularity those Defendants that caused or contributed to the wrongdoing set forth in the PSC's Omni Complaints.  As a result, the PSC dismissed certain Defendants and continue to pursue claims against particular Knauf Defendants.  Eventually, the PSC ended up reaching a Settlement Agreement with the Knauf Defendants after identifying Knauf Plasterboard Tianjin Co., Ltd. (KPT) as the primary Knauf Defendant responsible for manufacturing the defective drywall.  The PSC also identified the parent company of KPT and did not pursue further action against certain Knauf Defendants that the PSC believed did not have responsibility for the defective Chinese drywall.   This analysis will also be undertaken by Doyle in the Bennett Complaint and ultimately, the work product of the PSC will be utilized to focus on the particular Knauf Defendant entities in the Bennett Complaint that the PSC focused on.  This information will be made available to the Bennetts upon review of the PSC's trial package.

### D.   Service on the Knauf Defendants

In the Bennett Complaint and Amended Complaint, Doyle named as Defendants:

1.  GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG;

2.  KNAUF INTERNATIONAL GMBH;

3.  KNAUF INSULATION GMBH;

4.   KNAUF UK GMBH;

5.   KNAUF AMF GMBH & CO., KG;

6.   KNAUF DO BRASIL LTD;

7.   PT KNAUF GYPSUM INDONESIA;

8.   KNAUF GIPS KG;

9.   KNAUF PLASTERBOARD TIANJIN CO., LTD.;

10.  KNAUF PLASTERBOARD WUHU, CO., LTD; and

11.  GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS CO., LTD.

According to counsel for Knauf and the Court docket, the Knauf Defendants have not accepted service on behalf of any Knauf entity.  Below are the Rec. Docs. of the service affidavits for the applicable entities that have been served thus far.

1.      Knauf UK GmbH (Rec. Doc. 20198);

2.      Gebrueder Knauf Verwaltungsgesellschaft, KG (Rec. Doc. 20196);

3.      Knauf International GmbH (Rec. Doc. 20196);

4.      Knauf GIPS KG (Rec. Doc. 20289); and

5.      Knauf AMF GmbH & Co. (Rec. Doc. 20289).

Noticeably, service on KPT has not been accomplished in the Bennett Complaint and KPT is the primary manufacturer of the drywall in that action.

At the most recent Bennett status conference with the Court, counsel for the Knauf Defendants stated that given the discovery and litigation in this MDL over the last nine years, the Knauf Defendants believe most (if not all) of the defendants named should be dismissed except for KPT.  The PSC confirmed at the last status conference the particular Knauf Defendants that

had been pursued by the PSC and which had additionally entered into settlement agreements.  All of this information was provided to counsel for the Bennetts and they advised that they intended to amend the complaint an additional time following receipt of the PSC's trial package.  Mr. Doyle requested the trial package from the PSC and further had previously requested and received copies of all Defendant Profile Forms.

### E.   PSC Trial Package

The PSC has filed with the Court a Motion for Entry of Pretrial Order (Re: Access to PSC's Knauf Trial Package) [Rec. Doc. 21257].  As stated in that motion, Mr. Doyle is the only plaintiff counsel that has requested a copy of the PSC's trial package.  That trial package is extensive and will provide the Bennetts with substantial briefing, discovery and transcripts sufficient to enable the Bennetts to work up and try their case.  Additionally, the PSC has made available to the Bennetts all of the discovery produced by the Knauf Defendants during the course of this litigation, which includes written documents and depositions.

### F.   Particular Discovery of the Bennett Claims

On August 17, 2009, the Court issued Pre-Trial Order No. 11 (PTO 11), which required all claimants to complete a Plaintiff Profile Form.  The Plaintiff Profile Form was developed by the PSC to assist the Court in gathering basic information regarding each plaintiff's claim.  The deadline for submission of Profile Forms was set forth in Pre-Trial Order No. 25 entered November 4, 2011 [Rec. Doc. 11151].  Each of the Bennett claimants were required to complete a Plaintiff Profile Form.  This information was compiled so that the Court, the PSC and the Knauf Defendants could analyze the validity and scope of each plaintiff's claim.  At the most recent Bennett status

conference, counsel for the Bennett claimants, Mr. Doyle, and counsel for Knauf requested that the Bennett claimants utilize and adopt the PSC work product that had been developed in connection with Pre-Trial Order No. 11A (Supplemental Plaintiff Profile Form – Residential and Commercial Properties (Non-Knauf)) [Rec. Doc. 21162].  In particular, Mr. Doyle and Knauf's counsel requested that the information be provided through the PSC's methodology (online through the BrownGreer portal) so that the same information that the PSC had worked out with the Taishan Defendants for Taishan claimants could also be provided by the Bennett claimants to the Knauf Defendants.  Once again, the Bennett claimants has relied upon the PSC and cannibalized the work product of the PSC.

### G. <u>Settlements and Trials</u>

The Bennetts have the ability to utilize all information that has been generated and performed by the PSC in connection with the Threshold Inspection Program, the Knauf Settlements, and various trials (which include *Germano*, *Hernanez*, *Clement-Campbell*, *InEx* and *Seifart*), all of this information is available on the Court's docket or the PSC trial package.  This information also includes expert reports many of which are contained within the PSC trial package.

## IV. <u>CONCLUSION</u>

For the above reasons, Plaintiffs' Lead and Liaison Counsel respectfully request that the Court grant the Motion for Additional Common Benefit Assessments, filed pursuant to PTO 28, and order that an assessment be paid to common benefit counsel in the amount of 52% of the fees awarded in all Chinese Drywall cases involving Knauf Chinese Drywall that did not participate in

the class settlements approved by the Court.  Doyle certainly has appropriated the work product of the PSC in making allegations against certain Knauf Defendants.

Respectfully submitted,


Dated: March 27, 2018                 /s/ Russ M. Herman_____
                                      Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
                                      Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
                                      Stephen J. Herman, Esquire (Bar No. 23129)
                                      HERMAN, HERMAN & KATZ, L.L.C.
                                      820 O'Keefe Avenue
                                      New Orleans, LA 70113
                                      Phone: (504) 581-4892
                                      Fax: (504) 561-6024
                                      RHerman@hhklawfirm.com
                                      *Plaintiffs' Liaison Counsel MDL 2047*
                                      *Fee Committee Co-Chair/Secretary*

                                      Arnold Levin (on the brief)
                                      Fred S. Longer (on the brief)
                                      Sandra L. Duggan (on the brief)
                                      Keith J. Verrier (on the brief)
                                      LEVIN, SEDRAN & BERMAN LLP
                                      510 Walnut Street, Suite 500
                                      Philadelphia, PA 19106
                                      Phone:  (215) 592-1500
                                      Fax:  (215) 592-4663
                                      Alevin@lfsblaw.com
                                      *Plaintiffs' Lead Counsel MDL 2047*
                                      *Fee Committee Chair*

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 27th day of March, 2018.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*