**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** |
| | **SECTION: L** |
| **THIS DOCUMENT RELATES TO:** | **JUDGE FALLON** |
| **ALL *CASES*** | **MAG. JUDGE WILKINSON** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY IN SUPPORT OF PRIMARY COUNSEL'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B), OR IN THE ALTERNATIVE, ENTRY OF FINAL JUDGMENT UNDER RULE 54(B)**

Now Come Primary Counsel[1] who file this reply brief as further support for *Primary Counsel's Motion for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), or in the Alternative Entry Of Final Judgment Under Rule 54(b)* (R. Doc. 21216) (the "Motion for Certification") and in response to *Plaintiffs' Lead and Liaison Counsel's Memorandum of Law in Opposition to Primary Counsel's Motion for Certification of Order for* Interlocutory *Appeal Under 28 U.S.C. § 1292(b), or in the Alternative Entry of Final Judgment Under Rule 54(b)* (R. Doc. 21248-2) ) (the "Opposition").

Primary Counsel have fully briefed their arguments why certification is proper pursuant to 28 U.S.C. § 1292(b) or, alternatively, Federal Rule of Civil Procedure 54(b). R. Doc. 21216-1. As such, they submit this reply for the narrow purpose of: (1) emphasizing a single controlling issue of law addressed in passing in the Opposition (*i.e.*, whether the benefit

[1] "Primary Counsel" refers to those law firms joining in this reply while "individually retained counsel" or "contract counsel" refers more broadly to all counsel who are involved in this MDL by virtue of private contingency fee contracts with clients.

conferred may be artificially inflated above the amount paid to or on behalf of claimants) and (2) distinguishing several cases cited in the Opposition.

**A. Whether the Court may rely on an artificially inflated value of the benefit conferred rather than using the actual amount paid to or on behalf of claimants is a controlling question of law not addressed in the Opposition.**

The Motion for Certification raises seven (7) controlling questions of law sufficient to satisfy the requirement of 28 U.S.C. § 1292(b). R. Doc. 21216-1 at 11-30. The Opposition filed by Plaintiffs' Lead and Liaison Counsel (hereinafter referred to as the "PSC") summarily dismisses a majority of these issues and proclaims, in a conclusory fashion, that they are not important or serious. R. Doc. 21248-2 at 18. Instead, the PSC attempts to improperly convert the focus of the instant motion to (1) a condemnation of Primary Counsel for exercising their due process rights to protect their fee interests[2] and (2) the Court's authority to award common benefit fees and thereby reduce contingency fees (R. Doc. 21248-1 at 27-35).

While scantly addressed by the PSC, an important and controlling question of law involves the value of the common fund.[3] This issue was thoroughly briefed in the Motion for Certification (R. Doc. 21216-1 at 25-28) as well as in *Primary Counsel's Objections and*

---

[2] *See* R. Doc. 21248-2 at 18 (accusing Primary Counsel of creating 'havoc and needless delay'), at 20 (arguing that Primary Counsel have taken positions contrary to their clients). This condemnation is a common theme repeated by the PSC as it was the same approach taken in *Plaintiffs' Lead and Liaison Counsel's Opposition to Primary Counsel's Motion for Disbursement of Contract Counsel Fees Awarded by the Court*. R. Doc. 21247.

[3] The first step in determining a common benefit fee using the blended methodology is to establish the actual value of the common fund, in this case the Claimants' Fund treated as a constructive common fund. *See, e.g., In re Heartland Payment Sys. Inc*., 851 F. Supp. 2d 1040, 1075 (S.D. Tex. 2012).

*Responses to Special Master's Recommendations Concerning Attorneys' Fees and Expenses* (R. Doc. 20993-2 at 23-49 [filed under seal]). Nevertheless, the Opposition only mentions this issue in a bullet point list paraphrasing the important questions of law raised by Primary Counsel in the Motion for Certification.[4]

Primary Counsel have repeatedly objected to the common fund being valued at $1.1 billion which is the purported value of the benefits received by claimants, as opposed to the known and actual cost of benefits received by or paid to claimants. *See, e.g.*, R. Doc. 20993-2 at 23-49 [filed under seal]. In *International Precious Metals Corp. v. Waters*, Justice O'Connor explained the importance of the relationship between the fee award and claimants' actual recovery. 530 U.S. 1223 (2000). She explained that there must be "some rational connection between the fee award and the amount of the actual distribution to the [claimants]. The approval of attorney's fees absent any such inquiry could have several troubling consequences. . . decoupl[ing] class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery." *Id.* For this reason, and the reasons expressed in the Motion for Certification, whether the benefits bestowed upon claimants can be artificially inflated is a controlling question of law.

[4] "Primary Counsel assert that: . . . the Fee Committee's evaluation of the benefits conferred on class members through the nine settlements, which the Court accepted, include benefits that were not part of the classes' recovery and are less in actuality because the total settlement value is artificially inflated. . . ." R. Doc. 21248-2 at 16-17.

**B. The *Order and Reasons Setting Common Benefit Fees* (R. Doc. 21168) is not an interim fee award.**

In addition to ignoring the key legal issues, the PSC cites several cases for the proposition that "[f]ee decisions that are not final (*e.g.*, interim fee awards) are particularly unsuited for interlocutory appeal." R. Doc. 21248-2 at 24-25, citing *People Who Care v. Rockford Bd. of Educ. Dist. No., 25*, 921 F.2d 132, 134 (7th Cir. 1991), *Pigford v. Veneman*, 369 F.3d 545, 547 (D.C. Cir. 2004), *Petties v. Dist. of Columbia*, 227 F.3d 469, 473 (D.C. Cir. 2000). The interim fees awarded and sought to be appealed in each of those cases are distinguishable from the fees allocated in the Fee Order between individually retained counsel and common benefit counsel. In the cases cited by the PSC, the fees at issue were akin to an installment payment (e.g. one of several monthly awards of attorneys' fees) or an advance of statutorily awarded fees. Unlike the *Order and Reasons Setting Common Benefit Fees* (R Doc. 21168) (the "Fee Order"), none of those cases involved a final allocation of fees between two groups of stakeholders.

The Fee Order in this case can be analogized to the fees awarded and appealed in *Gates v. Rowland*, 39 F.3d 1439 (9th Cir. 1994) wherein the defendants appealed the court's award of attorneys' fees and costs for work associated with the ongoing activity of plaintiffs' counsel: monitoring the compliance phase of the lawsuit following the entry of a consent decree. Defendants argued that the order was not proper for appeal because it was an interim fee award arising "in an ongoing, regular periodic fees process." *Id.* at 1450. Disagreeing, the Court explained that "an interim fees award [is] not final when it [does] not come after a final judgment on the merits, it [does] not dispose of the underlying litigation, and it [does] not dispose of the issue of attorneys' fees because the district court explicitly provide[s] for revision of the amount of the fees award at the conclusion of the litigation. *Id.*, citing *Rosenfeld v. United States*, 859

F.2d 717, 720 (9th Cir. 1988). The Court held that the fee award being appealed was not interim because it followed a final judgment on the merits and disposed of the issue of attorneys' fees for a distinct phase (although not all) of the legal work performed in the case. *Id.* It explained, "The facts weigh in favor of review now. Legal issues determined at this stage will smooth the process for future awards." *Id.*

Like the fee award in *Gates*, the Fee Order is not "interim" as argued by the PSC. It follows a decision on the merits and disposes of the issue of allocation of attorneys' fees between individually retained counsel and contract counsel. Further, as explained in the Motion for Certification (R. Doc. 21216-1 at 11), resolving the issue of allocation between individually retained counsel and contract counsel will "smooth the process" (*Gates* 39 F.3d at 1450) for the distribution of fees to each counsel, thereby saving the court from any recalculation.

In a similar vein, the PSC contends that "interim fee awards, or in this case a finding that is a predicate for a final fee award that is forthcoming, do not warrant certification under Rule 54(b) unless they can be considered final under 28 U.S.C. § 1291." R. Doc. 21248-2 at 39. In support of this position, the PSC cites several cases for the proposition that an award of attorneys' fees is final only "if it disposes finally of the attorney's fee questions." *Id.* (cit. om.). First, the PSC fails to recognize "that the requirement of finality is to be given a 'practical rather than a technical construction.'" *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964), citing *Cohen v. Beneficial Industrial Loan Corp*., supra, 337 U.S. 541 (1949). Second, the PSC cites cases which are inapposite as each involved fee awards rendered while ligation on the merits was ongoing or while significant work was left to be performed in the case. Specifically, in *Shipes v. Trinity Industries, Inc.*, 883 F.2d 339, 341 (5th Cir. 1989), the defendants sought an

appeal of fees awarded at the conclusion of the liability phase of an employment litigation lawsuit. *See also, Law v. National Collegiate Athletic Association*, 134 F.3d 1025 (10th Cir. 1998) (fee award considered interim because outstanding issues remained on the merits). Similarly, in *Rosenfeld*, 859 F.2d at 720, the Court disallowed the appeal because the fees awarded pursuant to statute before the resolution of the litigation were subject to further revision as ordered by the district court. *See also, Hastings v. Maine-Endwell Central School District*, 676 F.2d 893 (2d Cir. 1982) (fees awarded after entry of preliminary injunction not appealable because subject to adjustment). In *United States v. Antiques Ltd. Partnership*, 760 F.3d 668 (7th Cir. 2014), the requested appeal involved interim compensation to a receiver who had not completed his work in the lawsuit.

Importantly, none of the cases cited by the PSC involved a common fund or fee awards to common benefit counsel.[5] *In re Diet Drugs*, 582 F.3d 524, 537 (3d Cir. 2009) is instructive. The Court held that an order awarding a definitive amount of fees to class counsel was a final, appealable decision even though it "left open issues of allocation and redistribution." The same result was reached in *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 617 F. App'x 136, 140–41 (3d Cir. 2015) wherein the Court held that a fee assessment, reduced to a definite amount, was a final and appealable order. It explained:

> Here, the fee assessment has been reduced to a definite amount. The cases for which [the appellant] serves as counsel have been settled. The District Court ruled which of those cases was subject to an assessment—all of them—and stated how much of each settlement must be contributed to the common benefit fund—seven

---

[5] See *Primary Counsel's Objections and Responses to Special Master's Recommendations Concerning Attorneys' Fees and Expenses* (R. Doc. 20993-2 at 16-23 [filed under seal]) (discussing the common fund doctrine).

> percent. Accordingly, because [the appellant's] payment obligation has been reduced to a definite amount, we conclude that the District Court's fee assessment is an appealable, final order, and we have jurisdiction under 28 U.S.C. § 1291.

*Id.*

The Fee Order which Primary Counsel seek to appeal is tantamount to the class counsel fee award in *In re Diet Drugs* and the fee assessment in *In re Avandia,* even though this is an MDL and not a class action. The Fee Order reduces the award to both groups to definite amounts: $99,762,099.56 to common benefit counsel and $94,607,042.17 to individually retained counsel. R. Doc. 21168. The only remaining issues concern allocation of fees among each of those groups. Accordingly, it should be considered a final order under 28 U.S.C. § 1291, warranting certification pursuant to Rule 54(b).

**C. Conclusion**

For the foregoing reasons and those set forth in the Motion for Certification, Primary counsel respectfully request that the Court certify Fee Order (R. Doc. 21168) for interlocutory appeal to the Fifth Circuit under 28 U.S.C. § 1292(b) or, alternatively, under Federal Rule of Civil Procedure 54(b).

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: /s/ *Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)
jfaircloth@fairclothlaw.com
Brook L. Villa (LA #31988)
bvilla@fairclothlaw.com
Franklin "Drew" Hoffmann (LA #35824)
dhoffmann@fairclothlaw.com
412 N. 4th Street, Suite 230

**LISKA, EXNICIOS & NUNGESSER**

By: /s/ *Val Patrick Exnicios*
Val Patrick Exnicios, Esq. (Objectors' Co-Liaison Counsel)
vpexnicios@exnicioslaw.com
1515 Poydras Street
14th Floor, Ste. 1400
New Orleans, LA. 70112
Phone: (504) 410-9611
Fax: (504) 410-9937

Baton Rouge, LA 70802
Phone: (225) 343-9535
Fax: (225) 343-9538
*Attorneys for Parker Waichman LLP*

**BARON & BUDD, P.C.**

By: /s/ *Russell W. Budd*
Russell W. Budd (TX #03312400)
rbudd@baronbudd.com
S. Ann Saucer (TX #00797885; LA #21368)
asaucer@baronbudd.com
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Phone: 214-521-3605
Fax: 214-520-1181

**MCCALLUM, HOAGLUND, COOK & IRBY, LLP**

By: /s/ *Eric D. Hoaglund*
Eric D. Hoaglund
ehoaglund@mhcilaw.com
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Phone: (205) 824-7767
Fax: (205) 824-7768

**ALTERS LAW FIRM, P.A.**

By: /s/ *Jeremy W. Alters*
Jeremy W. Alters (FL #111790)
jeremy@alterslaw.com
Justin D. Grosz (FL #984000)
justin@alterslaw.com
Matthew T. Moore, Of Counsel (FL #70034)
matthew@alterslaw.com
1855 Griffin Road, Suite C470
Dania Beach, FL 33004
Phone: (305) 571-8550
Fax: (305) 571-8558

Cell: (504) 495-9666

*Attorneys for Pendley Baudin & Coffin, Rhine Law Firm, and Luckey & Mullins*

**GENTLE, TURNER, SEXTON & HARBISON, LLC**

By: /s/ *K. Edward Sexton, II*
K. Edward Sexton, II
esexton@gtandslaw.com
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244
Phone: (205) 716-3000
Fax: (205) 716-3010

**ALLISON GRANT, P.A.**

By: /s/ *Allison Grant*
Allison Grant (FL #858330)
agrant@allisongrantpa.com
14 SE 4th St
Boca Raton, FL 33432-6111
Phone: 561-994-9646
Fax: 561-431-4627

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Reply in Support of Primary Counsel's Motion for Certification of Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b), or in the Alternative Entry of Final Judgment Under Rule 54(b)* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of March, 2018.

/s/ *Jimmy R. Faircloth, Jr.*
JIMMY R. FAIRCLOTH, JR.