UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| **This document relates to:** | : | |
| **ALL ACTIONS** | : | MAG. JUDGE WILKINSON |

**PRETRIAL ORDER NO. 31**
**(Access to the PSC's Knauf Trial Package)**

This matter comes before the Court as a result of a request by the Plaintiffs'

Steering Committee ("PSC").  The PSC seeks an order that addresses the ability of plaintiff's

counsel that are coordinated with this MDL to access and review the PSC's Knauf Trial Package.

The PSC has advised that it has fulfilled its function and is prepared to make available to

requesting Plaintiff Counsel, under certain conditions:  (1) the PSC's Knauf Trial Package; (2)

access to and the ability to review documents produced by the Knauf Defendants and other third

parties; (3) access to and the ability to review depositions and exhibits; and (4) pleadings and

filings (including discovery) made in MDL 2047.  Many of these documents and the materials

have been deemed confidential pursuant to Pre-Trial Order No. 16, and some of the documents

and materials that a trial package requester seeks access to may contain privileged and/or

confidential information, and, therefore, this Order governs the access and availability of the

documents and materials contained in the Knauf Trial Package and provides for the

preservation of any applicable privileges or protections.

For good cause shown, it is hereby Ordered that:

Upon written request to the PSC through Russ M. Herman, Plaintiffs' Liaison Counsel

("PLC"), a request for the Knauf Trial Package shall be granted and the trial package requester

shall be given an opportunity to obtain access to and review documents produced by the Knauf Defendants and other third parties; the opportunity to review depositions and exhibits, some of which may have been deemed confidential; and the opportunity to review materials and/or participate in discussions with members of the PSC regarding trial package and theories. Only Plaintiffs shall be provided access to the Knauf Trial Package and approval for access shall be made to PLC or Plaintiffs' Lead Counsel. No Defendant in this matter shall be provided access to the Knauf Trial Package.

The documents, materials, and information contained within the PSC's Knauf Trial Package shall be used solely and exclusively by counsel in the MDL or coordinated with the MDL for the prosecution of their Chinese Drywall Knauf cases only. Use of the PSC's trial package is subject to Pre-Trial Order No. 16 and any additional agreements entered into regarding confidential information. The PSC alone shall have exclusive rights to distribution and sale of the PSC's Knauf Trial Package. No other persons may sell, distribute or otherwise disclose any of the materials, documents, or information learned and discovered through the PSC's Knauf Trial Package. In addition, any materials, documents and information utilized in connection with the prosecution of any coordinated counsel's clients' claims that are subject to a confidentiality agreement shall remain confidential and said counsel shall take all steps necessary to preserve and maintain the confidentiality of such materials, documents and information consistent with this Court's Orders.

The Court has determined that the selection, organization, use and definition of materials in the PSC's Knauf Trial Package encompasses the thought process and strategy of PLC, Plaintiffs' Lead Counsel, the PSC, and the various attorneys that assisted in the creation of the Knauf Trial

Package created by the PSC.   As the transferee court responsible for the coordinated proceedings

in MDL No. 2047, one of the first orders of business addressed in this matter was the appointment

of PLC (*see* PTO No. 3, entered July 6, 2009) [Rec. Doc. 21] and the PSC (see PTO No. 8, entered

July 28, 2009) [Rec. Doc. 146], which also appointed Arnold Levin as Lead Counsel of the PSC.

In these Orders, this Court established a committee responsible for the active oversight and

administration of the MDL 2047 docket from the Plaintiffs' perspective.  Recognizing the nature

of the PLC, Plaintiffs' Lead Counsel and the PSC's function, the Court imposed upon each the

duties to conduct discovery in a coordinated and consolidated matter on behalf and for the benefit

of all Plaintiffs, to conduct meetings and participate in proceedings before this Court through

verbal or written motions, to explore and develop settlement options, and to maintain adequate

files of all pre-trial matters, including the maintenance of a document for exhibit depository

available under reasonable terms and conditions for examination by all MDL plaintiff attorneys.

Commensurate with its other duties, the PSC was also called upon by the Court to produce and

develop a "Knauf Trial Package" to assist Plaintiffs in the preparation and presentation of trials

which the Court may order and in particular, those Plaintiffs whose cases have not resolved in the

Knauf Settlement Agreement.  Being informed, the PSC has compiled and prepared a trial package,

to be made available to attorneys who agree to coordinate in this MDL, the Court has undertaken

to participate in an *in camera* inspection of the PSC's Knauf Trial Package and the Court is of the

opinion that the PSC's Knauf Trial Package constitutes and is protected by the work-product

privilege against discovery and disclosure. Further, the PSC's trial package should remain

confidential and not disclosed without approval by the PLC, Plaintiffs' Lead Counsel and/or the

PSC.  The material clearly has been assembled, prepared, created and compiled in anticipation of

litigation and is not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence (Work-Product material). Further, the PSC's Knauf Trial Package contains materials covered by the attorney-client privilege or other information protected by privilege under the Federal Rules of Evidence and is not subject to discovery under the Federal Rules of Civil Procedure or Federal Rules of Evidence (Privileged Material). To promote the dissemination of the PSC's Knauf Trial Package to counsel coordinated with the PSC, this Order, in addition to previous Orders of this Court, shall apply. No coordinated counsel may release or otherwise disclose any Privileged Material or Work-Product Material (collectively "Protected Material") contained within the PSC's Knauf Trial Package unless specific written authorization is received in writing in advance of any release or disclosure from PLC.

Should any party come into possession of any document or materials that may be Protected Material contained within the PSC's Knauf Trial Package, such parties shall promptly, in writing, notify PLC. Any documents which the PSC deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the PSC or destroyed at the PSC's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the PSC requests destruction, written certification of compliance shall be promptly provided.

Should counsel desire to obtain access to the PSC's Knauf Trial Package, such shall be required to sign and endorse the attached Certification and Acknowledgment that they have reviewed this Pre-Trial Order, and understand the Order, as well as other Pre-Trial Orders rendered by this Court related to the PSC's trial package, and further that they will be bound by these Pre-Trial Orders.

The documents, materials and information obtained by any counsel that requests a Knauf

4

Trial Package pursuant to this Order shall be used solely and exclusively by the individual counsel that requests the trial package and shall be solely for the prosecution of specific cases identified to the PSC at the time written request for the information is made, all of which is subject to Pre-Trial Order No. 16 and any additional agreements entered into regarding Confidential Information. Anyone who requests a Knauf Trial Package shall not sell, distribute, copy, duplicate, replicate or otherwise disclose any of the materials, documents or information learned and discovered as a result of receipt of the PSC's Knauf Trial Package. Specifically, any material, documents and information utilized in connection with the prosecution of a Chinese Drywall litigant's claim that are subject to a Confidentiality Agreement, shall remain confidential and the individual that requested the PSC's Knauf Trial Package shall take all steps necessary to preserve and maintain the confidentiality of such documents and materials consistent with this Court's Orders.

While it is the Court's expectation that these persons will use their best efforts to protect Privileged Material and Work-product Material within the PSC's Knauf Trial Package, there may be an inadvertent disclosure during the course of this litigation. The Court therefore establishes the following procedures in the event that there is an inadvertent disclosure of Protected Material in the PSC's trial package.

The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the PSC, upon becoming aware of the disclosure, promptly requests its return.

To further encourage the safeguarding of the PSC's Knauf Trial Package, any violation of

this order prohibiting the release or disclosure of materials within the PSC's Knauf Trial Package will result in severe and harsh action taken by the Court that may include contempt, sanctions and penalties among others. In addition, the PSC may apply to the Court for an Order requesting relief which may include suspending or terminating any persons' access to the PSC's Knauf Trial Package and request return of the PSC's Knauf Trial Package. It is the intent of the Court that any person that receives the PSC's Knauf Trial Package shall not in any way improperly divulge or disclose the PSC's Knauf Trial Package or any part thereof, unless the PSC has provided written consent of such suspension or termination.

For all cases in which a request has been made for a Knauf Trial Package, an assessment of the gross monetary recovery shall be made for common benefit fees and costs. The assessment shall apply to cases now pending or later filed in, transferred to, or removed to, this Court, as well as unfiled and state court Chinese Drywall matters. This assessment shall be determined by the Court upon a ruling on the Plaintiffs' Steering Committee's Motion for Additional Common Benefit Assessments Pursuant to Pretrial No. 28 [Rec. Doc. 17831].

Nothing herein modifies, alters or amends any of this Court's previous Pre-Trial Orders.

New Orleans, Louisiana, this 27th day of March, 2018.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | MDL 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| **This document relates to:** | : | |
| **ALL ACTIONS** | : | MAG. JUDGE WILKINSON |

**CERTIFICATION AND ACKNOWLEDGMENT**
(Access to the PSC's Trial Package)

I hereby certify that I have read Pre-Trial Order No. 31 entered in the above captioned action and that I understand the terms thereof.

I agree to be bound by the terms of the Pre-Trial Order and all other Orders issued by the Court. I understand that certain Orders issued in MDL 2047 placed certain legal obligations on the attorneys in the MDL and in order to facilitate access to the PSC Knauf Trial Package, there are certain limitations who may be shown and have possession of confidential information and work product of the PSC. I understand and agree that the work product of the PSC and confidential information is not public in nature and may not be sold, distributed, copied, duplicated, replicated or otherwise disclosed. The sole purpose for receipt of the materials will be for litigating the cases identified on the attached Exhibit "A" and for no other purposes whatsoever or other cases. I will not directly or indirectly disclose to any other person the PSC Knauf Trial Package and in the event I wish to disclose all, or any part of the Knauf Trial Package to another person, I agree that, prior to making any disclosure, I will (a) notify the PSC and seek to obtain the PSC's written approval; and (b) instruct such person to sign and submit a request to the PSC for a copy of the Knauf Trial Package.

I agree not to disclose the Knauf Trial Package, or any part thereof, to such person unless and until the PSC advises me that the request has been granted.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Pre-Trial Order and other Orders of the Court and I understand that this Court may impose severe and harsh remedies on me for any violation of the Court's Orders. These remedies may include contempt, sanctions and penalties among others.

Date:_____

_____
(Signature)

_____
(Printed Name)

_____
(Address)

_____
(Address)

_____
(Phone)

_____
(E-mail Address)

## EXHIBIT "A"

List of claims that will be utilizing the PSC Knauf Trial Package (each particular case must be identified.  Additional pages with complete information can be attached):

Case Name:_____

Docket No.:_____

Court Case is Pending in:_____

Name:_____

Firm:_____

Address:_____

Phone:_____

Email address:_____