IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION TO REDRESS IMPROPER CONFIDENTIALITY DESIGNATIONS AND ENFORCE ORDER REQUIRING MANUAL TRANSLATION OF CHINESE DOCUMENTS IN RECOGNITION OF THE SUGGESTION OF <u>REMAND OF THE FLORIDA AMORIN PLAINTIFFS</u>**

**MAY IT PLEASE THE COURT:**

This memorandum is being submitted on behalf of the Plaintiffs' Steering Committee ("PSC") in support of its Motion to Redress Improper Confidentiality Designations and Enforce Order Requiring Manual Translation of Chinese Documents in Recognition of the Suggestion of Remand of the Florida Amorin Plaintiffs.

On March 12, 2018, the Court entered its Suggestion of Remand, Opinion and Order [Rec. Doc. 21242] (the "Remand Order"), which was supplemented by Order dated March 20, 2018 [Rec. Doc. 21252]. Since then, on March 22, 2018, the Judicial Panel on Multidistrict Litigation issued its Conditional Transfer Order of the Florida Amorin Omni Complaint to the Southern District of Florida to be presided upon by the Honorable Marcia Cooke. Given these procedural actions, it is now time for the appropriate individual plaintiffs that are subject to the Remand Order to obtain full access to materials that are to be included in the Taishan Trial Package.

This prolix Multidistrict Litigation ("MDL") has been pending for nine (9) years. The Court has addressed a plethora of discovery disputes, yet no ruling has been made on The Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designation With Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20598], Taishan's Motion for Plan to Satisfy Translation Order [Rec. Doc. 20643], and the Plaintiffs' Steering Committee's Alternative Suggestion to Taishan's Plan to Satisfy Translation Order [Rec. Doc. 20651]. Rulings on these matters are vital to the prosecution of the plaintiffs' claims subject to remand, as well as those plaintiffs' whose claims remain in the MDL.

Because the Court has determined that "Remand to the transferor courts appears to be in the interest of judicial efficiency and fairness to the parties," the PSC will complete and provide a comprehensive and complete trial package to all appropriate plaintiffs and their counsel. The Court has decided to transfer cases back to the transferor courts, beginning with the Amorin Omni Complaint filed in Florida, and therefore, it is appropriate to have available for the remanded plaintiffs the relevant discovery that has been conducted thus far in the MDL. In its Remand Order, the Court recognized "that parties may still need to conduct some discovery before trial" and, therefore, to assist the Plaintiffs in their additional discovery efforts the trial package will by necessity include documents that have been marked "Confidential or Highly Confidential-Restricted Information" pursuant to Pre-Trial Order No. 16 [Rec. Doc. 288], and/or were produced in a language other than English and have been translated partially or not fully by the Producing Party. As such, it is necessary that the appropriate plaintiffs and their counsel be provided these trial package materials at this time so that the evidence can be utilized "to steer these cases in a fair

and just conclusion" and so that there is no need for the transferor court to reopen or revisit matters that are within this Court's purview.

## I. DEFENDANTS' IMPROPER CONFIDENTIALITY DESIGNATIONS SHOULD BE STRICKEN

On December 21, 2016, a Motion to Remove Confidentiality Designation with respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20598] was filed. The Taishan Defendants and certain third parties designated much of the deposition testimony in this case as confidential, and therefore, many of the transcripts remain under seal. As set forth in the Supplemental Filing in Support of Motion to Remove Confidentiality Designation With Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20751] ("Supplemental Filing"), the PSC requests that the transcripts and documents on the chart attached to the Supplemental Filing as Exhibit "A" and documents produced with the Supplemental Filing as Exhibit "B" be unsealed and released from confidentiality. In the interest of judicial economy, the PSC adopts and incorporates herein the Motion to Remove Confidentiality Designation With Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20598], its supplemental filing in support of the motion [Rec. Doc. 20745-2] filed April 27, 2017 and the PSC's Reply in Response [Rec. Doc. 20678-2] filed February 22, 2017, and requests that this Court strike the improper confidentiality designations.

**II.     THIS COURT'S ORDER COMPELLING MANUAL TRANSLATION OF CHINESE DOCUMENTS SHOULD BE ENFORCED**

On January 8, 2016, this Court issued Findings of Fact and Conclusions of Law [Rec. Doc. 19959] which required the Taishan Defendants to translate manually all of the documents produced from a certain former Taishan employee. On January 26, 2017, Taishan filed a Motion for Plan to Satisfy Translation Order [Rec. Doc. 20643]. Thereafter, the PSC filed an Alternative Suggestion to the Plan on February 10, 2017 [Rec. Doc. 20651]. Again, in the interest of judicial economy, the PSC adopts and incorporates herein these prior filings in connection with this matter, including Rec. Doc. 20651. The machine translations produced by the Taishan Defendants were unintelligible and essentially gibberish. For example, copies of some of Taishan's machine translated documents are attached hereto as Exhibits A through D, filed UNDER SEAL. Now that trials are anticipated to begin in the Florida, the time has now come for the Taishan Defendants to comply with this Court's Order compelling them to make accurate manual translations of their Chinese documents. Furthermore, in an effort to promote efficiency and economy, the individual lawyers who are handling remanded cases should not be forced to go through the time, effort and duplicative expense of having the documents translated. Having the documents translated at this time in the MDL so that all of the various remand cases can have access to the translations only makes sense. The individual counsel handling the remand cases should not incur the extraordinary burden of translating documents that will likely have to be translated by many different lawyers in different cases. The Taishan Defendants must be required to untangle the intricate, convoluted web of deceit that has been thrust upon the Plaintiffs. This requires the

4

Taishan Defendants to produce all Peng documents with full translations as originally ordered by the Court and the production of manual translations.

### III. CONCLUSION

For the orderly conduct of this litigation and in view of the imminent trials taking place in the Florida transferor court for plaintiffs subject to the Conditional Remand Order, this Court should grant the instant motion and strike all improper confidentiality designations and enforce its prior Order requiring the Taishan Defendants to manually translate certain documents.

Dated: March 29, 2018                                      Respectfully Submitted,

By: /s/ Leonard A. Davis
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ   07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:   (504) 522-2304
Fax:   (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

   I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 29th day of March, 2018.

               /s/ Leonard A. Davis
               Leonard A. Davis
               HERMAN, HERMAN & KATZ, LLC
               820 O'Keefe Avenue
               New Orleans, Louisiana 70113
               Phone: (504) 581-4892
               Fax: (504) 561-6024
               Ldavis@hhklawfirm.com
               Plaintiffs' Liaison Counsel
               MDL 2047
               *Co-counsel for Plaintiffs*