UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *ALL CASES* | : : : | |

MORGAN & MORGAN'S RESPONSE
TO PLAINTIFFS' LEAD AND LIAISON COUNSEL'S
MOTION AND MEMORANDUM REQUESTING COMMON BENEFIT FEES
FROM THE *AMORIN* CASES THAT MAY BE REMANDED
TO THE SOUTHERN DISTRICT OF FLORIDA

Morgan & Morgan hereby responds to Plaintiffs' Lead and Liaison Counsel's Motion and Memorandum Addressing Suggestion of Remand's Reference To The Need to Establish A Plaintiffs' Attorneys' Fees Fund To Compensate And Reimburse Attorneys For Services Performed And Expenses Incurred For MDL Administration And Common Benefit ("Amorin Common Benefit Fees Motion") [D.E. 21259-2 and 21259-3] as follows:

I.   **Background**

Morgan & Morgan submits this Response as a law firm that has a significant inventory of cases that may be remanded and that—at Lead and Liaison Counsel's request—has also performed substantial common benefit work since 2015 to bring Taishan to justice.

Of the 1,734 individual claimants that are subject to the Court's Suggestion of Remand, 264 are Morgan & Morgan clients [*See* Appendix A to D.E. 21242]; more than 15% of the cases that may be remanded. The majority of the 264 properties are on Florida's Gulf Coast, not in the Southern District of Florida, where the *Amorin* cases are set to be remanded. More specifically, the vast majority of the properties are in Lee, Collier, Charlotte, Sarasota, Hillsborough, and

1

Pinellas Counties, all of which are in the Middle District of Florida. *See* http://www.flsd.uscourts.gov/federal-judicial-districts-florida.

While our firm has a large inventory of Florida Taishan cases, we have also worked for the benefit of the entire class of *Amorin* claimants at Plaintiffs' Lead and Liaison Counsel's request. Scott Wm Weinstein is an original and current member of the court-appointed PSC in this MDL. From 2009 through 2011, Morgan & Morgan hosted numerous town hall meetings on Florida's Gulf Coast at the PSC's request. As a result, hundreds of homeowners ultimately joined this MDL. In addition, primarily in 2015 but continuing through 2016 and 2017, Morgan & Morgan lawyers performed common benefit work related to Taishan and its affiliates. We submit this Response while recognizing the significant efforts of the PSC and specifically Plaintiffs' Lead and Liaison Counsel in this MDL but also fully understanding the time and effort that it will take to potentially try 264 individual Taishan cases.

## II. The Appropriate Common Benefit Fee Should Be Determined At A Later Date

Plaintiffs' Lead and Liaison Counsel's Motion is premature. It is simply impossible at this time to properly evaluate the reasonableness of the common benefit fee requests without allowing the process of the remand and the potential individual handling of 1,734 cases to proceed. If the JPML ultimately approves the remand, there will more than likely be extensive coordination by and between Florida counsel and subsequently between Florida counsel and Taishan's counsel. This could all take place in the Southern District, or it may take place in the Middle District, or both. Until the Honorable Marcia G. Cooke considers the remands (if they occur), counsel will not know how this case is to be organized, how the trials will proceed, whether they will be tried individually or in some sort of aggregated format, when they will be tried, and where they will be tried. Perhaps Judge Cooke would consider a handful of bellwether

trials which could assist the Court and the parties in determining whether a global resolution is possible. Or perhaps every case will proceed to trial without further delay. We are prepared to represent our clients in the most effective way possible and to continue to seek remedies for them. Perhaps the PSC will continue to play a role in the individual trials. In fact, while Lead and Liaison Counsel and PSC members are working with individual trial counsel and have prepared excellent trial packages to assist plaintiffs' lawyers with Florida cases, trials will involve complex and extensive work requiring the expenditure of significant resources.

Judge Cooke could ultimately decide that the proper venue for most of the cases is the Middle District of Florida under 28 U.S.C. §1404. Such a transfer would require additional organization between counsel and the courts. A Florida-only MDL may need to be formed.

Under any scenario, if work performed by a lawyer representing remanded claimants is performed for the benefit of all of the claimants, that lawyer should be compensated for their own common benefit time.

Trial firms in Florida may not receive an equitable share of the ultimate fees under Lead and Liaison Counsel's current common benefit fee proposal—50% common benefit after trial begins and 60% before trial. Since it is unknown at this point whether the JPML will remand the cases or how Judge Cooke will organize any remanded cases, we do not yet know the extent of the resources that will be necessary to try these cases. We believe strongly that these cases should be tried and judgments entered against the Taishan defendants and intend to expend all necessary and appropriate resources on such trials. However, common benefit attorney compensation should not be determined at this juncture. Rather, all of the effort and resources expended in both the MDL and after the Florida remand should be considered when the dust settles and the Florida Taishan cases are resolved.

### III. Conclusion

Morgan & Morgan does not dispute that common benefit counsel should receive common benefit fees from the Florida *Amorin* cases should they be remanded and when they are ultimately resolved. Indeed, Lead and Liaison Counsel's proposal may ultimately prove to have been appropriate depending on how the case proceeds from here. It is premature, however, at this time to determine what the common benefit fees should be without properly evaluating all of the equities associated with remanding and ultimately handling these individual cases to conclusion, judgment, and collection. Plaintiffs' Lead and Liaison Counsel's *Amorin* Common Benefit Fees Motion should be stayed for future consideration of this Court.

Dated: April 3, 2018

Respectfully Submitted,

/s/ *Scott Wm Weinstein*
Scott Wm Weinstein
Fla. Bar No. 563080
sweinstein@forthepeople.com
Pete V. Albanis
Fla Bar No. 0077354
Morgan & Morgan
Complex Litigation Group
12800 University Drive Suite 600
Fort Myers, FL 33907
Phone: 239-433-6880
Fax: 239-433-6836

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MORGAN & MORGAN'S RESPONSE TO PLAINTIFFS' LEAD AND LIAISON COUNSEL'S MOTION AND MEMORANDUM REQUESTING COMMON BENEFIT FEES FROM THE *AMORIN* CASES THAT MAY BE REMANDED TO THE SOUTHERN DISTRICT OF FLORIDA has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and email, or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 6 and that the foregoing

was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3d day of April, 2018.

                                        */s/ Pete V. Albanis*