UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' LEAD AND LIAISON COUNSEL'S REPLY TO KRUPNICK CAMPBELL MALONE, ET AL.'S OPPOSITION TO THE MOTION ADDRESSING SUGGESTION OF REMAND'S REFERENCE TO THE NEED TO ESTABLISH A PLAINTIFFS' ATTORNEYS' FEES FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

**I.      INTRODUCTION**

Plaintiffs' Lead and Liaison Counsel hereby file this reply to the Opposition filed on behalf of Krupnick Campbell Malone, et al to the Plaintiff's Lead and Liason Counsel's Motion Addressing Suggestion of Remand's Reference to the Need to Establish a Plaintiffs' Attorneys' Fees Fund to Compensate and Reimburse Attorneys for Services Performed and Expenses Incurred for MDL Administration and Common Benefit ("KCM's Opposition").  Prophetically, KCM's Opposition notes that the Holdback motion could "spawn needless objections and litigation."  KCM's Opposition at 3.  KCM's Opposition fits that mold precisely as it demonstrates a complete lack of understanding of the proposed procedure implementing the hold back mechanism requested by movants. As KCM must concede, however, this Court's Remand Order contemplated a mechanism by which common benefit counsel could be compensated for

1

their collaborative efforts in the current and future remand orders, including the Florida Amorin cases subject to that order. *See* Remand Order at 10-11 (Rec. Doc. 21242]. Nevertheless, KCM contends that a holdback should not occur until *after* the cases have been remanded to the transferor courts, even though that was the intent of the Remand Order. KCM Opposition at 4. Despite KCM's counterfactual argument, the actual remand itself has no bearing on whether an appropriate hold back order can be imposed now. As this Court has recognized, these actions are ripe for adjudication in the transferor fora and it is appropriate under existing jurisprudence to address the means of compensating common benefit counsel in this Court and at this time. *See* Remand Order at 11-12.

## II. BACKGROUND

Under the tutelage of Plaintiffs' Lead and Liaison Counsel this action has been litigated extensively and seen major accomplishments, such as:

1) litigation against more than 1,650 defendants, including the manufacturers, their parents and affiliates, exporters/importers, brokers, distributors, suppliers, retailers, builders, installers, and insurers through the use of innovative and effective Omni Complaints.[1]

---

[1] The "Omni" complaints and complaints in intervention include:*,* Omni I: *Sean and Beth Payton, et al v. Knauf Gips KG, et al,* Case No. 2:09-cv-07628 (E.D. La.); Omni II: *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civil Action No.10-361(E.D. La.); Omni III: *Gross, et al. v. Knauf Gips, K.G., et al.*, Case No. 09-6690 (E.D.La.); Omni IV: *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Case No. 10-362 (E.D. La.); Omni V:*Amato v. Liberty Mutual Ins. Co., et al*., Case No. 10-932 (E.D. La.); Omni VI: *Charlene and Tatum Hernandez v. AAA Insurance*, Case No. 10-3070 (E.D. La.); Omni VII: *Kenneth Abel v. Taishan Gypsum Co., Ltd., et al,* No. 11-080 (E.D. La.); Omni VIII: *Daniel Abreu v. Gerbrueder Knauf, et al.,* No. 11-252; Omni IX: *Laura Haya, et al, v. Taishan Gypsum Co., Ltd., et al.,* No. 11-1077 (E.D. La.); Omni X: *Block v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 11-1363 (E.D. La.); Omni XI: *Benoit, et al. v. Lafarge, S.A., et al*, No. 11-1893 (E.D. La.); Omni XII: *Arndt, et al v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al,* No. 11-2349 (E.D. La.); Omni XIII: *Richard and Constance*

    2) Adjudicating hundreds of significant and dispositive motions and/or briefs in the MDL, on appeal to the Fourth, Fifth, and Ninth Circuit Courts of Appeals, and in

---

*Almeroth, et al., v. Taishan Gypsum Co., Ltd., et al.,* No. 12-0498 (E.D. La.); Omni XIV: *Jessica Cassidy, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,* No. 11-3023 (E.D. La.); Omni XV: *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 11-1672 (E.D. La.); Omni XVI: *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 11-1395; Omni XVII: *Eduardo and Carmen Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 11-1673 (E.D. La.); Omni XVIII: *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, No. 13-609 (E.D. La.); Omni XIX: *Eduardo and Carmen Amorin, et al v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, No. 14-1727 (E.D. La.); Omni XX: *Stephen and Diane Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 15-4127; Omni XXI (E.D. La.): *Jeremy Macon, et al. v. Taishan Gypsum Co., Ltd., et al.*, No. 1:17-cv-01287-VEH (N.D. Ala.) (filed August 1, 2017); Omni XXII: *Debra Peoples, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02890-TWT (N.D. Ga.) (EDLA No. 17-cv-8285); Omni XXIII: *Donna Polk, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17cv216H50-JCG (S.D. Miss.) (E.D. La. No. 17-cv-8287); Omni XXIV: *David and Melody Bright, et al v. Taishan Gypsum Co., Ltd., et al.*, No. 2:17-cv-00035-FL (E.D.N.C.) (filed August 1, 2017); Omni XXV: *Harry DeOliveira, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 4:17-cv-02019-MDL (D.S.C.) (E.D. La. No. 17-cv-8291); Omni XXVI: *James and Deloris Redden, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, 1:17-cv-01146 (W.D. Tenn.) (EDLA No. 17-cv-8292); Omni XXVII: *Andy Mertlitz, et al v Taishan Gypsum Co., Ltd., et al*, No. 5:17-cv-00140-RWS (E.D. Tex.) (filed August 1, 2017); Omni XXVIII: *Randy Bayne, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al*, 4:17-cv-01286-KOB (N.D. Ala.) (E.D. La. No. 17-cv-8284); Omni XXIX: *Abner, et al v Taishan Gypsum Co., Ltd., et al*, No. 2:11-cv-03094 (E.D. La.) (filed August 1, 2017) [Rec. Doc. 20877]; Omni XXX: *Kelly Bentz, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* 1:17-cv-02892-AT (N.D. Ga.) (EDLA No. 17-cv-8286); Omni XXXI: *Lela and MelindaAllen, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al., 1:17-cv-217LGRHW (S.D. Miss.) (E.D. La. No. 17-cv-8288); Omni XXXII: Kenneth D. Lockhead, et al v Taishan Gypsum Co., Ltd., et al., No. 7:17-cv-00294, United States District Court, Southern District of Texas, McAllen Division (filed August 1, 2017); Omni XXXIII: Diane Stutzman, et al v. Taishan Gypsum Co., Ltd., et al, No. 17-cv-01209, United States District Court, Southern District of Illinois; and Omni XXXIV: James and Tamera Allman, et al v Taishan Gypsum Co., Ltd., et al, No. 2:17-cv-00051-BR, United States District Court, Eastern District of North Carolina.* These Omni complaints alleviated the burden of drafting pleadings for the entire array of plaintiffs' counsel involved in Chinese drywall litigation who emanated from numerous distant jurisdictions, including Louisiana, Florida, Texas, Alabama, Mississippi, North Carolina, South Carolina, Georgia, Tennessee, and Virginia.

Virginia and Florida state courts on a wide variety of topics, including: default judgments; personal jurisdiction; economic loss doctrine; exclusions under homeowners insurance policies; service of process; class settlement certification and approval, objections to settlement and class notice; All Writs Act authority of the Court; dismissal of defendants; and establishment of a litigation fee and expense fund.

3) Achieving nine interrelated and interdependent class settlements that have provided complete remediation benefits to over 3,000 KPT Property Owners and additional benefits for Chinese Drywall victims that have non-Knauf manufactured drywall.

4) Assembling the enormous record and drafting briefs for two successful appeals to the United States Court of Appeals for the Fifth Circuit from this Court's jurisdiction opinion of *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012), which resulted in published opinions and mandates affirming Plaintiffs' judgments against Taishan in *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 and 753 F.3d 521 (5th Cir. 2014).

5) Prosecuting plaintiffs claims against the recalcitrant Taishan Defendants' affiliates and subsidiaries who have demonstrated utter contempt for this Court, literally and figuratively. After the Fifth Circuit issued its mandate from Germano, Gross, Wiltz and Mitchell appeals, with the CNBM and BNBM Defendants' blessings, Taishan again fled the Court's jurisdiction by failing to attend the July 17, 2014 Judgment Debtor Examination. This Court found Taishan in contempt of court, both criminally and civilly and enjoined it and its affiliates and subsidiaries from conducting any business in the country until and unless Taishan participated in these proceedings.

That order brought Taishan back to the Court as well, as the CNBM/BNBM defendants. Prolix discovery depositions and document analysis reveals that the affiliates did business in the United States during the contempt period. These latter defendants (CNBN/BNBM) challenged the Court's jurisdiction,[2] while all these defendants challenged this Court's class certification decision and Plaintiffs' efforts to prosecute class damages.[3]

6) After extensive briefing which successfully defeated all of these Defendants' motions, they sought interlocutory appellate review of the jurisdictions ruling. Plaintiffs' leadership responded to this appeal, which was denied because of the skilled efforts to have the review vacated when the CNBM/BNBM defendants filed a supplemental motion to dismiss based upon *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017). Thereafter, following yet more briefing by Plaintiffs' leadership, this Court denied this supplemental motion to dismiss,[4] and opposed the Defendants second effort to obtain interlocutory review, which was granted.[5] And now, Plaintiffs' leadership is actively defending against these Defendants' appeal in the Fifth Circuit (Dkt. No. 18-90013).

7) In the meantime, Plaintiffs' leadership is renewing its efforts to enforce the Court's contempt order, have the Taishan Defendants manually translate documents they were previously ordered to translate, and to challenge the Defendants' improper confidentiality designations.[6]

---

[2] Rec. Doc. Nos. 19527, 19646, 19663 and 19664.
[3] Rec. Doc. Nos. 20741 (class damages) and 20740 (decertification).
[4] Rec. Doc. 21088.
[5] Rec. Doc. 21231.
[6] Rec. Doc. 21280.

Further, under Plaintiffs' Lead and Liaison Counsel's direction, there is continued prosecution of the plaintiffs' claims against the Taishan Defendants and their affiliates and subsidiaries, which efforts although ongoing were necessary to resolve the litigation subject to the interrelated settlements and easily surmount the work effort and expenses that were required to resolve the litigation by the plaintiffs against the Knauf defendants and others.  Common Benefit attorneys have expended tens of thousands of hours and well in excess of a million dollars, to advance the Taishan litigation to its now remand stage.

These ongoing efforts will continue into the remand courts.  Indeed, plans are already under way to prepare the Florida Plaintiffs' Bar for its involvement in this remand trial.  *See* Agenda for April 4-5, 2018 Meeting [Attached hereto as Exhibit "A" (Under Seal)].  Indeed, Michaeal Ryan of KCM is contemplated to present and participate at this meeting, which is expected to become compensable common benefit work.

### III.    ARGUMENT

Under long-standing Fifth Circuit jurisprudence, courts recognize that common benefit counsel serving in committees to advance the administration of the court's docket, as well as serving the prosecutorial needs of all plaintiffs' counsel, are worthy of compensation.  *See In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977).  *See*, *generally*, Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation*, 74 La. L. Rev. 371, 375 (2014) ("*Common Benefit Fees*").  This well recognized legal principle by which common benefit counsel are compensated is lost on KCM. Since the matter was addressed directly in the Courts' Remand Order, KCM's misunderstanding of the principle not acceptable.  Set-asides and holdback orders are routinely conducted in multidistrict litigation. There is a long history of courts imposing exactly such orders.  *See* Remand Order at 11, citing *In re FedEx Ground*

*Package Sys., Inc. Employment Practices Litig.,* No. 3:05-MD-527 RM, 2010 WL 785279, at *5–6 (N.D. Ind. Mar. 2, 2010). KCM's contest over the proposed future allocation of the common benefit is premature. Plaintiffs' Lead and Liaison Counsel's proposal was intended to put all counsel on notice of their future intent to seek a particular allocation from the hold back. But regardless of whether the final allocation is 60/40, 52/48, 50/50, or some other amount, there can be no dispute that a hold back is legally justified. Nor is there any dispute of this Court's authority to supervise attorney fees and set the hold back at 32%, as this quantum has been part of this Court's lexicon since *In re Vioxx Products Liab. Litig.*, 574 F. Supp. 2d 606 (E.D. La. 2009) (capping counsel fees at 32%), on reconsideration, 650 F. Supp. 2d 549 (E.D. La. 2009). *See also* Remand Order at 11, citing *In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 274 (E.D.N.Y. 2006) and *In re Zyprexa Prods. Liab. Litig.,* 594 F.3d 113, 2010 WL 367556, *10 (2d Cir. 2010). To the extent that this Court may later determine that the holdback is more than necessary, other authority exists where courts have returned portions of amounts set aside which were deemed to be greater than that necessary to compensate common benefit counsel. *See e.g., In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.,* MDL No. 1203, 2002 WL 32154197, at *20 (E.D. Pa. Oct. 3, 2002) (reducing assessment by one-third).

Moreover, the procedure contemplated by the instant holdback motion provides that individually retained counsel are to be paid their contractually allocated amounts immediately with only the common benefit fee allocative share subject to further consideration by the Court prior to its allocation and distribution. Specifically, it was proposed that upon deposit into the Plaintiffs' Attorneys' Fees Account of any holdback payment, the Escrow Agent would within ten (10) days remit to the individual plaintiff's counsel his or her appropriate share of the holdback (*i.e.*, 40% if the case resolves prior to trial or 50% if the case resolves after trial begins

7

or is settled thereafter). As discussed above, any withholding in excess of the Court's approved common benefit allocation would be returned to individually retained counsel. There is no prejudice to individually retained counsel under these circumstances. Nor is there any overreach or onerous terms as KCM suggests. Also, contrary to KCM's objection, in light of the future work to be conducted in this forum and transferor courts, it is anticipated that much of the future work by individually retain counsel will be considered common benefit work which may only serve to provide additional revenue to participating counsel. This would likely include Mr. Ryan's efforts as he is already contributing and participating in the work effort to prepare other members of the Florida Bar for their work in future remand trials.[7]

## IV. CONCLUSION

For the foregoing reasons, movants request that KCM's Opposition be rejected and their motion be granted and the proposed Order entered by the Court.

Dated: April 2, 2018                                         Respectfully Submitted,

By: /s/ Russ M. Herman
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

---

[7] The KCM Objection's concern about contemplated periodic disbursements is not well conceived. On the one hand, KCM is seeking interim disbursements of the Knauf funds prior to all of the disputes being resolved. ." KCM Objection at 4 n.4. On the other hand, KCM contends that no common benefit fees should be disbursed from the holdback funds "prior to the overall litigation being completed." KCM Objection at 4. With over 1,700 cases subject to individual trials, it could be many years before the overall litigation is completed. If KCM is complaining now that payment of attorney fees is taking too long, its opposition to future interim disbursements will only serve to delay such distributions even further.

>Arnold Levin (on the brief)
>Fred S. Longer (on the brief)
>Sandra L. Duggan (on the brief)
>Keith Verrier (on the brief)
>Nicola F. Serianni (on the brief)
>Levin Sedran & Berman LLP
>510 Walnut Street, Suite 500
>Philadelphia, PA 19106
>Phone: (215) 592-1500
>Fax: (215) 592-4663
>alevin@lfsblaw.com
>*Plaintiffs' Lead Counsel MDL 2047*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 2nd day of April, 2018.

                        <u>/s/ Leonard A. Davis</u>
                        Leonard A. Davis
                        HERMAN, HERMAN & KATZ, LLC
                        820 O'Keefe Avenue
                        New Orleans, Louisiana 70113
                        Phone: (504) 581-4892
                        Fax: (504) 561-6024
                        <u>Ldavis@hhklawfirm.com</u>
                        Plaintiffs' Liaison Counsel
                        MDL 2047

                        *Co-Counsel for Plaintiffs*