UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br>**ALL ACTIONS** | |

**TAISHAN'S RESPONSE TO PSC'S "MOTION FOR REDRESS" REGARDING PENDING MOTIONS RELATED TO CONFIDENTIALITY DESIGNATIONS AND TAISHAN'S PLAN TO SATISFY TRANSLATION ORDER**

The PSC's "Motion for Redress" ("Redress Motion") Rec. Doc. 21280) appears to serve chiefly as a "reminder" to the Court of several prior pending motions. Taishan has been ready to deal with those pending motions for some time. On the confidentiality front, Taishan met and conferred with the PSC on confidentiality issues back in March 2017, and in the spirit of compromise and cooperation, narrowed a universe of 93 challenged documents down to 17, for which Taishan stands by its designations and welcomes the Court's resolution of the PSC's challenge. On the Peng translation front, it is Taishan's own Motion for Plan to Satisfy Translation Order (Rec. Doc. 20643) that is fully briefed and awaiting oral argument, which Taishan invites.

In all of this, the Court should reject the PSC's false urgency supposedly created by "imminent trials taking place in the Florida transferor court." (Redress Mot. Mem. at 5.) The PSC relies on *two false premises*: **(1)** that plaintiffs' own counsel cannot already access documents designated as confidential in this MDL, and **(2)** that plaintiffs' own counsel will be forced to translate relevant documents on their own in order to prepare their cases. **Neither of these points are true**.

1

For each of the motions addressed in the PSC's Redress Motion, Taishan provides below a chart showing the filing dates and record document numbers for the pending motion and relevant briefing the Court should consider when revisiting the pending motions. Taishan also provides a brief explanation refuting the misconceptions the PSC advances in its Redress Motion.

1. *Confidentiality Motion*

| | | |
|---|---|---|
| **Pending Motion:** | PSC's Motion to Remove Confidentiality Designation With Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties | 20598 (12/21/16) |
| Opposition: | Taishan's Response In Opposition to PSC's Motion to Remove Confidentiality Designations | 20654 (2/13/17) |
| | Beijing New Building Materials Public Limited Company's and Beijing New Building Material (Group) Co., Ltd.'s Opposition to Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations With Respect to Documents Produced By and Testimony of the Taishan Defendants | 20653 (2/13/17) |
| | Response of the CNBM Entities to the Plaintiffs' Steering Committee's Motion to Remove Confidentiality Designations | 20658 (2/13/17) |
| | Non-Party Jushi USA Fiberglass Co., Inc.'s Response to the Plaintiff Steering Committee's Motion to Remove Confidentiality Designations | 20660 (2/13/17) |
| PSC Reply & Supplement | The Plaintiffs' Steering Committee's Reply to Responses and Oppositions by Taishan, The CNBM Entities, Beijing New Building Materials Public Limited Company, Beijing New Building Material (Group) Co., Ltd. And Jushi USA Fiberglass Co., Inc. to Motion to Remove Confidentiality Designation With Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties | 20678-2 (2/22/17) |
| | The Plaintiff Steering Committee's Supplemental Filing In Support of Motion to Remove Confidentiality Designation With Respect to Documents Produced By and Testimony of the Taishan Defendants and Third Parties | 20745-2 (4/27/17) |
| Oral Argument | TBD. Previously scheduled for the March 2, 2017, April 6, 2017, May 16, 2017 and June 27, 2017 Monthly Status Conferences, but each argument was continued, and no argument has been held. | |

**PSC's False Premise:** *Plaintiffs' own counsel cannot already access documents designated as confidential in this MDL.*

**Taishan's Response:**

In its Redress Motion, the PSC implies (if not outright represents) that it cannot include documents that have been marked "Confidential" or "Highly Confidential-Restricted Information" in the "trial packages" that it is sending to plaintiffs' direct counsel. (Redress. Mot. Mem. at 2-3.) Taishan previously addressed that misconception in its Response brief, but it bears repeating. No provision of PTO 16 bars documents produced in this MDL and designated as Confidential or Highly-Confidential-Restricted from being viewed by parties to this MDL or their counsel, as argued by the PSC. Just the opposite. PTO 16 explicitly provides that all documents marked "Highly Confidential-Restricted" may be circulated to and used by both ***parties to the litigation***, as well as by ***outside counsel*** for parties in this action (and by certain in-house counsel, deponents, the Court, and other specified persons). (Rec. Doc. 288 at ¶ 14 (emphasis added).) Confidential documents can be distributed to those same individuals, as well as to employees of Defendants and counsel for claimants in other pending Chinese Drywall litigation. Rec. Doc. 288 at ¶ 13. Neither the PSC nor the public are prejudiced by particular confidential documents being restricted to use solely in this litigation. Parties and their counsel can use the challenged documents in this litigation, but PTO 16 properly protects the documents from open publication. *See* Order, May 4, 2015, Rec. Doc. 18836 (rejecting PSC's argument to publicize confidential discovery documents and make them "available for use by anyone (party and non-party alike) for any purpose).

2. *Translation Plan Motion*

| **Pending Motion:** | Taishan's Motion for Plan to Satisfy Translation Order | 20643 (1/26/17) |
|---|---|---|
| Opposition: | Plaintiffs' Steering Committee's Alternative Suggestion to Taishan's Plan to Satisfy Translation Order | 20651 (2/10/17) |
| Taishan Reply: | Reply in Further Support of Taishan's Motion for Plan to Satisfy Translation Order | 20665-2 (2/17/17) |
| Oral Argument | TBD.  Previously scheduled for the April 6, 2017, May 16, 2017 and June 27, 2017 Monthly Status Conferences, but each argument was continued, and no argument has been held. | |

**PSC's False Premise:**  *Plaintiffs' own counsel will be forced to translate relevant documents on their own in order to prepare their cases.*

 **Taishan's Response:**

In its Redress Motion, the PSC argues that "[t]he individual counsel handling the remand cases should not incur the extraordinary burden of translating documents that will likely have to be translated by many different lawyers in different cases." (Redress Mot. Mem. at 4.)  But the PSC knows that will not happen. The PSC has already manually translated the relevant documents that they include in the "trial packages." We know that because the PSC successfully reviewed, processed, and vetted the entire Peng document production, translating the documents that they identified as important.  Indeed, the PSC's own attachments to the Redress Motion confirms it— Exhibits A and B to the Redress Motion include the original Chinese-language document, the machine translation as approved by this Court per the May 7, 2015 production convention (Rec. Doc. 18911), and the ***"Plaintiff's Translation"*** of the document.[1]  These manual translations are

---

[1] Exhibits C and D appear to be cherry-picked examples of clear technical error that could be resolved cooperatively between the PSC and Taishan.  Exhibit C is a two-sentence email in Chinese, the translation of which contains three pages of computer coding terms.  Exhibit D is a

just a drop in the bucket of what PSC has already done, because the PSC also introduced dozens of its own English translations of Peng documents as exhibits to depositions, court proceedings and briefs.  The PSC's demand that Taishan now re-translate documents that it has already translated and used underscores the punitive futility of the unlimited manual translation order the PSC seeks.

*In addition to the PSC's own translations*, Taishan spent more than $1 million to translate and produce thousands of pages of documents *hand-picked by the PSC* following the Court's Findings of Fact and Conclusions of Law on Peng Discovery in January 2016.  And under Taishan's proposed plan going forward, Taishan would also manually translate *all remaining relevant documents* as decided in good faith by Taishan and the PSC working together.  Thus, no one will have to rely on machine translations of relevant documents or undertake their own translation.

## CONCLUSION

Taishan stands willing and able to address the outstanding motions referenced in the PSC's Redress Motion, but rejects the false premises advanced therein.  The trial packages are ready for individual counsel to review and use regardless of when and how this Court rules on the confidentiality or translation motions.  We respectfully request oral argument to further address the substantive issues and arguments presented in the pending motions and briefs.

Dated:  April 13, 2018

                                        Respectfully submitted,

                                        /s Christina Hull Eikhoff
                                        Michael P. Kenny, Esq.
                                        Georgia Bar No. 415064
                                        Bernard Taylor, Esq.

---

handwritten document, which unsurprisingly could not all be deciphered by the machines.  The PSC is encouraged to contact Taishan's counsel directly to resolve such anomalies.

Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana  70179
Phone:  (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of April, 2018.

/s/Michael P. Kenny
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*