UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAGISTRATE JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | WILKINSON |

**THIS DOCUMENT RELATES TO:**
**PATRICIA HARVEY (REC. DOC. 20858)**

## ORDER AND REASONS

Pending before the Court is Claimant Patricia Harvey's objection to the Special Master's award regarding Foreclosure Claim #23767. Rec. Doc. 20858. Ms. Harvey requests further evidentiary submissions, briefing, oral argument, a hearing, and testimony to support her position that she is entitled to an additional sum of award from the Knauf Other Loss Fund. Having reviewed the party's brief and applicable law, the Court now issues this Order and Reasons.

**I.    RELEVANT PROCEDURAL HISTORY**

The Knauf Other Loss Fund provides class members certain reimbursements for specified economic losses other than property damages. As part of the *Chinese-Manufactured Drywall* MDL Knauf Settlement Program, the Knauf Defendants made a one-time contribution of $30 million to the Other Loss Fund. In addition, the Other Loss Fund includes proceeds from certain settling insurers of other parties in the supply chain.

This Other Loss Foreclosure Claim (No. 23767) involves the property located at 3217 Upperline Street, New Orleans, Louisiana 70125, filed by Ms. Harvey. On January 11, 2017, as a result of the documentation submitted, the Settlement Administrator for the Chinese Drywall

1

Settlement Program issued an official notice regarding Ms. Harvey's claim, determining that the claim was eligible for the maximum eligibility amount of $10,000.00 ("Resolution Offer").

On April 12, 2017, Ms. Harvey submitted a renewed claim for a Special Master Award because she asserted that the Resolution Offer was not sufficient to fully compensate her.

On June 28, 2017, based on the record and Claimant's submissions, the Settlement Administrator for the Chinese Drywall Settlement Program issued a Special Master award of $160,983.12, subject to a pro rata adjustment of 43.0363%, making the total pro rata award $69,281.25.

Without providing specific information, Ms. Harvey now objects to the sum of $69,261.25 and argues that she is entitled more. Ms. Harvey requests further evidentiary hearing for her claim. The Court now determines whether good cause exists to allow claimant to supplement the record with further proceedings.

## II. DISCUSSION

Claimant cites Federal Rule of Civil Procedure 53 in her brief as a basis for further review and proceedings. Rule 53 provides: "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

Nonetheless, Rule 53(f)(1) is irrelevant here because Claimant's objection to the Special Master's award and the Court's scope of review of the Special Master decision are controlled by the Knauf Class Settlement Agreement—not Rule 53. Accordingly, pursuant to Section 4.6.8 of the Knauf Settlement Agreement,

> . . . decisions of the Special Master with respect to the Other Loss Fund may be appealed by . . . an affected Class Member within 15

> days of service of the Special Master's decision by filing an objection with the Court . . . . Unless the Court orders otherwise, appeals will be based on the record and briefing before the Special Master without further evidentiary submissions, briefing or argument . . . . The Court's decision on any objections will be final, with no further appeals permitted.

In Claimant's objection brief, she merely and conclusively, without specifying reasons, deems "[t]he Special Master has erred in only awarding a Pro Rata Award in the amount of $69,281.25, because the multitude of documents provided to the Settlement Administrator support the above referenced Foreclosure Claim and far exceed any amount(s) offered/awarded by the Special Master." Rec. Doc. 20858. She does not delve into details on *how* the Special Master erred and does not point out any inconsistency between the record and her final award. Without more information, the Court finds that there is no basis for appeal of the Special Master's decision, nor is there reason for further proceedings.

## III. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Claimant Patricia Harvey's objection to the Special Master Award (Rec. Doc. 20858) is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of April, 2018.

							*Eldon E. Fallon*
							_____
							**ELDON E. FALLON**
							United States District Judge