UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CNBM COMPANY, BNBM GROUP, AND BNBM PLC'S, RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION RELATING TO CONFIDENTIALITY DESIGNATIONS**

China National Building Materials Company, Ltd., Beijing New Building Materials (Group) Co. Ltd., and Beijing New Building Materials Public Limited Company, (collectively, the "CNBM and BNBM Entities") respond to the Plaintiffs' Steering Committee's March 29, 2018 motion to remove confidentiality designations (Rec. Doc. 21280, the "Motion").

**I.     INTRODUCTION**

The PSC seeks to have the Court withdraw the protections afforded by Pre-Trial Order 16 ("PTO 16") from documents containing bank account numbers, non-public financial data, customer and supplier lists, and proprietary research and development reports, among other sensitive materials. In its renewed motion, the PSC advances one makeweight argument for removing the protections from data that clearly is confidential, claiming that the materials are necessary for primary counsel to use on remand. Yet as the CNBM and BNBM Entities previously explained, PTO 16 already authorizes disclosure to and use of these materials by primary counsel.

Beyond the lack of necessity and impropriety of making these materials publicly accessible, the PSC should not benefit from its lack of good faith and its abuse of PTO 16 to burden defendants, many of whom have been dismissed for lack of jurisdiction. The PSC refused from the beginning to engage in meaningful discussions regarding the content of the documents, declined to drop a single document from their challenge after receiving expansive justifications regarding confidentiality, and has rebuffed offers to redact confidential information to facilitate broader disclosure. To be sure, it did more than "rebuff" those efforts; it has refused even to discuss anything other than complete surrender to its demands.

As explained in the CNBM and BNBM Entities' prior oppositions, and as additionally shown below, the Court should deny the Motion.

## II.     DISCUSSION

### A.     The Documents Are Confidential Pursuant to PTO 16.

The CNBM and BNBM Entities incorporate by reference the detailed document-by-document descriptions of the reasons that the hundreds of documents at issue are protected from public disclosure pursuant to PTO 16. See Rec. Doc. Nos. 20658 and 20653. In the interest of judicial economy, the CNBM and BNBM Entities will not reiterate those explanations here.

### B.     PTO 16 Authorizes Disclosure to Primary Counsel.

The Motion argues that "it is now time for the appropriate individual plaintiffs that are subject to the Remand Order to obtain full access to materials that are to be included in the Taishan Trial Package." Mot. At 1. This suggests that without intervention, they cannot see or use those documents. Yet, as the CNBM and BNBM Entities have previously explained, PTO 16 specifically allows for disclosing these documents to:

> (f) Counsel for claimants in other pending litigation alleging property damage, personal injury, or any economic loss arising from the alleged use of, purchase, or payment for Chinese drywall,

> provided that the proposed recipient is: (i) already operating under a protective order governing the use of confidential information, or (ii) agrees to be bound by this Order and signs the certification described in Paragraph 16.

PTO 16 at 6.  And, as the CNBM and BNBM Entities have made clear to the PSC previously (and reiterate here), to the extent there is any confusion regarding whether these documents may be disclosed to and used by primary counsel,[1] the CNBM and BNBM Entities believe and stipulate that disclosure is proper under PTO 16.  Indeed, the PSC appears to have already conferred with primary counsel to prepare for remand, including a two-day seminar with Florida primary counsel, the agenda for which was filed under seal.  Rec. Doc. No. 21285-1 at 6.

    **C.**    **The PSC's Objections Are Not Made in Good Faith.**

Aided by the burdens PTO 16 imposes solely on the designating party, the PSC steadfastly refuses to engage in anything resembling good faith discussion as to the propriety of the confidential designations.  The Court cannot reward the PSC's obstinacy with wholesale removal of confidentiality designations.

At the close of briefing on the PSC's original challenge, the Court abstained from ruling, instead ordering the parties to meet and confer.  Counsel for the CNBM and BNBM Entities offered to meet telephonically with the PSC to identify documents upon which the parties could quickly reach agreement, but the PSC refused to join such discussions.  *See* Declaration of Eric Hairston ¶ 2 & Ex. A.  The PSC instead demanded San Francisco-based counsel travel to New Orleans for an in-person meeting at the PSC's offices.  In preparation for this meeting, counsel for the CNBM and BNBM Entities provided the PSC, in advance, with further explanation as to

---

[1] The CNBM and BNBM Entities do not believe that the documents at issue here would be of any interest to Plaintiffs themselves, but stipulate that the documents can be disclosed to Plaintiffs pursuant to the conditions of PTO 16.

the confidential nature of each document in question. *Id.* ¶¶ 3-4 & Ex. A at 5-10. The PSC did not respond before the New Orleans meeting, during which time the PSC, far from discussing the documents in a spirit of compromise, actually *added* documents that it believed were improperly designated as confidential. *Id.* ¶ 5.

Following the meet and confer, the CNBM and BNBM Entities provided the PSC with proposed redactions for many of the challenged documents, on a document-by-document basis, in an effort to satisfy the PSC's demands that the documents be made ready for public consumption. *Id.* ¶ 6 & Ex. B. These redactions were narrowly tailored to obscure bank account numbers, the identity of customers and suppliers, the cost of goods bought and sold, and other confidential information protected by PTO 16. The PSC refused to even consider them:

> "I have no time to meet or confer with you [a]gain and your representations as to redactions [a]re erroneous[.] 3 hours with you and your colleague face to face for CNBM IS QUITE ENUF !"

*Id.* ¶ 7 & Ex. A at 2.

After this, the PSC made no further communications regarding confidentiality for nearly one year, until it gave notice in March 2018 that it would renew its motion to remove designations. *Id.* ¶ 8. Soon after, the CNBM and BNBM Entities offered again to meet and confer, and reminded the PSC of the standing offer to remove confidentiality on many of the documents if specific, clearly confidential information were redacted. The PSC's only response was to file a renewed motion two days later. *Id.* ¶¶ 9-10.

There matters stood until yesterday—one day before this opposition was due—when, perhaps recognizing its failure to even pretend to meet and confer, the PSC tried to fix its record.

But even then, it offered to meet and confer only to the extent the CNBM and BNBM Entities "agree to remove the confidentiality designation for any of the documents[.]" *Id.* ¶ 11 & Ex. C. That is, it offered to talk, provided that the CNBM and BNBM Entities said only one thing: we give up. Tellingly, the PSC again made no mention of the offered redactions. *Id.*

As the final missive makes clear, the PSC's blanket refusal to reconsider any of its challenges, or to even engage on the scope of proposed redactions, does not comport with the Court's vision for resolving disagreements pursuant to PTO 16.

   **D. Many Documents Were Produced by Parties Not Subject to Jurisdiction, and Relate to Issues Wholly Irrelevant on Remand.**

The PSC challenged hundreds of documents produced not just by the CNBM and BNBM Entities, but also by parties dismissed from litigation for lack of jurisdiction. *E.g.,* Rec. Doc. 20150 (dismissing CNBM Group pursuant to the Foreign Sovereign Immunities Act); Rec. Doc. 20739 (Dismissing CNBM Import & Export, CNBM USA, CNBM Forest Products (Canada), and United Suntech for lack of jurisdiction). The PSC makes no effort to justify continued motion practice relating to discovery from these now-dismissed parties regarding their business information, how these documents remain relevant, nor why dismissed parties must choose whether to have their confidential information revealed or face further litigation costs. The PSC similarly fails to show how these documents, the majority of which are wholly unrelated to drywall, are relevant to primary counsel's trial preparation efforts.

**III. CONCLUSION**

The PSC's latest request to remove confidentiality protections is just as deficient as its prior efforts, and is even less necessary. The documents are properly protected from public disclosure, but already are available to primary counsel pursuant to PTO 16, just as the PSC now has them. The fight over withdrawing confidentiality designations en masse, and even the

dispute over redactions, thus is completely unnecessary if the goal is indeed the one the PSC identifies. The PSC has the documents; PTO 16 clearly makes them completely available to the claimants themselves and their individual counsel. And to the extent there is any question about it, the CNBM and BNBM Entities stipulate to that. In short, everyone with a legitimate need for the documents can have them; but no one needs, or is entitled to, confidential bank account information or other similarly sensitive information that easily can be redacted. Beyond this, the PSC has made this Court's decision an easy one: the PSC's transparent lack of good faith should not be rewarded, and the Court should not require dismissed parties to return to litigation to protect their confidential materials. Respectfully, the Court should not endorse the superficial and non-substantive meet and confer process used by the PSC; if the PSC participated in a meaningful meet and confer, the present motion might have been unnecessary and undoubtedly would have been narrowed. The Court can be done with this PSC-manufactured controversy by reminding the PSC that the provisions of PTO 16 govern here, and by adopting the limited redaction proposal the CNBM and BNBM Entities made almost a year ago.

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Tel.: 415-773-5700
E-mail: cvejnoska@orrick.com
         ehairston@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
Tel: 202-339-8400
Email: eshumsky@orrick.com

- 7 -

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:   212-506-5000
Email:  jstengel@orrick.com
          xiangwang@orrick.com
          kdaley@orrick.com

*Attorneys for the CNBM and BNBM Entities*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY,
BARNETT, MCCOLLAM, DUPLANTIS &
EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111
E-mail: eeagan@gamb.law
          dcurrault@gamb.law
          arothenberg@gamb.law

*Attorneys for CNBM Company, Ltd.*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Tel: (504) 584-9219
E-mail: harry.rosenberg@phelps.com

*Attorneys for BNBM (Group) Co. Ltd. and BNBM PLC*

Dated:   April 13, 2018

## CERTIFICATE OF SERVICE

I hereby certify that the **CNBM AND BNBM ENTITIES' RESPONSE TO THE PSC'S MOTION TO STRIKE CONFIDENTIALITY DESIGNATIONS** and **DECLARATION OF ERIC HAIRSTON IN SUPPORT THEREOF** have been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 13th day of April, 2018.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel.:  415-773-5700
Fax.: 415-773-5759
E-mail:cvejnoska@orrick.com

*Attorneys for the CNBM and BNBM Entities*