UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## <u>DECLARATION OF ERIC HAIRSTON IN SUPPORT OF CNBM COMPANY, BNBM GROUP, AND BNBM PLC'S RESPONSE TO THE PLAINTIFFS' STEERING COMMITTEE'S MOTION RELATING TO CONFIDENTIALITY DESIGANTIONS</u>

I, Eric Hairston, declare under penalty of perjury under the laws of the United States of America, that the following statements are true and correct:

1.  I am an attorney licensed to practice law in the State of California.  I am an attorney at Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for Defendants China National Building Materials Company, Ltd. ("CNBM Company"), Beijing New Materials (Group) Co., Ltd. ("BNBM Group") and Beijing New Building Materials Public Limited Company. ("BNBM PLC," collectively the "CNBM and BNBM Entities").  I respectfully submit this declaration in support of the CNBM and BNBM Entities' Response to the Plaintiffs' Steering Committee's Motion Relating to Confidentiality Designations.

2.  Following the Court's directive that the parties attempt to resolve confidentiality issues, on March 3, 2017, counsel for the CNBM and BNBM Entities offered to meet telephonically with the PSC to resolve disagreements relating to confidentiality designations.  A true and correct copy of correspondence between the parties is attached as Exhibit A.

1

3.  The PSC rejected the offer to meet and confer telephonically, instead demanding that the meeting be held at the PSC's offices in New Orleans.

4.  In preparation for the New Orleans meeting, counsel for the CNBM and BNBM Entities transmitted to the PSC a memorandum providing further explanation as to why the documents are confidential.

5.  At the New Orleans meeting, the PSC did not agree that any of the documents were confidential, and even added a number of documents to the list of designations that the PSC believed were incorrect.

6.  Following the New Orleans meeting, counsel for the CNBM and BNBM Entities provided the PSC with proposed redactions on a significant number of documents.  A true and correct copy of this correspondence is attached hereto as Exhibit B.

7.  The PSC refused to even consider the proposed redactions.  On April 10, 2017, the PSC informed counsel for the CNBM and BNBM Entities that it would not consider further meet and confer sessions regarding confidentiality.

8.  The PSC did not raise any issues relating to confidentiality until March 22, 2018, nearly one year later, when it informed defense liaison counsel that it intended to renew its motion challenging designations.

9.  On March 27, 2018 the PSC met and conferred telephonically with counsel for the CNBM and BNBM Entities, indicating their intent to file a renewed motion.  Counsel for the CNBM and BNBM Entities reminded the PSC of its outstanding offer to redact, and requested that the PSC consider further meet and confer efforts before filing.

10. On March 29, 2018, the PSC filed its renewed motion.

11. On April 12, 2018, the PSC informed counsel for the CNBM and BNBM Entities that it would consider further meet and confer efforts if and only if the CNBM and BNBM Entities would waive all confidentiality designations.  A true and correct copy of this correspondence is attached hereto as Exhibit C.

Executed this 13th day of April 2018, in San Francisco, California.

/s/ Eric Hairston

Eric Hairston

# Exhibit A

**From:** Hairston, Eric Matthew
**Sent:** Tuesday, March 27, 2018 10:23 AM
**To:** Lenny Davis
**Cc:** Russ Herman; Lillian Flemming; Davidson, Andrew K.; Vejnoska, Christopher; Stengel, James; Donna Currault; Ewell (Tim) E. Eagen Jr.; Arnold Levin; Fred Longer; Sandy Duggan (sduggan@lfsblaw.com); Kate Robinson; Jay P. Dinan (jdinan@yourlawyer.com); Emma Kingsdorf (ekingsdorf@bkc-law.com); schristina@becnellaw.com); Hugh Lambert (hlambert@thelambertfirm.com); Holly Werkema (hwerkema@baronbudd.com); Pete Albanis; gmeunier@gainsben.com; Shapiro, Marc R.
**Subject:** RE: Meet and Confer re Confidentiality Motion

Lenny,

Thank you for your time earlier today.  I understand from our conversation that the PSC intends to renew its motion challenging certain confidentiality designations by CNBM and BNBM, and that you viewed this morning's call as a fulfillment of the PSC's obligation to meet and confer prior to filing such a motion.  Before the parties resort to motion practice – and the significant expenditure of attorney time and judicial resources the PSC's contemplated motion would entail – I want to revisit our prior attempt to resolve this issue without resorting to judicial intervention.  I believe I've captured the full history of relevant correspondence below.

As the correspondence demonstrates, on March 30, 2017, counsel for CNBM and BNBM provided the PSC with a set of proposed redactions to a significant number of the documents to which the PSC had raised objections.  These redactions were narrowly tailored to balance CNBM and BNBM's legitimate interest in protecting their proprietary or otherwise confidential information from public disclosure and the PSC's desire to make use of the materials in this litigation without observing strict confidentiality protocols.  In the full year that has passed since the parties last met and conferred on this subject the PSC has never provided a substantive response to CNBM and BNBM's proposal.  I want to emphasize that CNBM and BNBM's offer – detailed in our correspondence of March 30, 2017 – remains open.  While I appreciate that you may view this morning's call as sufficient to fulfill the Court's meet and confer requirement, I respectfully recommend that the PSC revisit CNBM and BNBM's proposed redactions prior to engaging in motion practice.  If after doing so you believe that any individual redaction or specific category of redactions is unwarranted or overbroad we would be happy to discuss them further and consider any counterproposals the PSC might offer.

Thank you,

Eric Matthew Hairston
*Partner*
ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105
tel 415-773-5617
fax 415-773-5759
ehairston@orrick.com

---

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Monday, April 10, 2017 6:23 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Lillian Flemming <LFLEMMING@hhklawfirm.com>; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Donna Currault

<DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P. Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf (ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>; schristina@becnellaw.com; Hugh Lambert (hlambert@thelambertfirm.com) <hlambert@thelambertfirm.com>; Holly Werkema <hwerkema@baronbudd.com> <hwerkema@baronbudd.com>; Pete Albanis <PAlbanis@ForThePeople.com>; gmeunier@gainsben.com
**Subject:** Re: Meet and Confer re Confidentiality Motion

I have no time to meet or confer with you
Again and your representations as to redactions
Are erroneous . 3 hours with you and your colleague face to face for CNBM IS QUITE ENUF !

Sent from my iPhone

On Apr 9, 2017, at 9:29 PM, Hairston, Eric Matthew <ehairston@orrick.com> wrote:

> Mr. Herman,
> I appreciate the gesture of respect, and please take this response in that same spirit. The proposed redactions we provided were exactly what we discussed at your office – they are limited to commercially sensitive information such as bank account numbers and wiring instructions, trade secrets, the price of goods sold, buyer and seller lists, profit margins, and similar information. If we're going to make this a productive exercise and have a realistic chance of limiting the materials in dispute, we'll need more information about any issues you have with our proposed redactions. If you disagree with any of our redactions, please explain the basis for your disagreement along with some sort of counterproposal (a markup of the materials we sent you, for example). It would also be helpful to know which redactions you do agree with so that we all understand which materials are no longer at issue.
> We await your response and look forward to resolving this matter.
> Eric

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Thursday, April 06, 2017 5:44 PM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Lillian Flemming <LFLEMMING@hhklawfirm.com>; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Donna Currault <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P. Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf (ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>; schristina@becnellaw.com; Hugh Lambert (hlambert@thelambertfirm.com) <hlambert@thelambertfirm.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Pete Albanis <PAlbanis@ForThePeople.com>; gmeunier@gainsben.com
**Subject:** Re: Meet and Confer re Confidentiality Motion
Eric with all due respect , you played us with your offers to remove confidentiality subject to Redactions and then sent redactions we could NEVER ACCEPT . HOWEVER , I suggest you read
The transcript in which your client was
treated with restraint and you were treated

With respect . With regards , Russ Herman .

Sent from my iPhone

On Apr 6, 2017, at 7:34 PM, Hairston, Eric Matthew <ehairston@orrick.com> wrote:

> Mr. Herman,
> We were disappointed to hear your characterization to Judge Fallon of CNBM's
> participation in the confidentiality designation matter. As you know, lawyers for
> CNBM attempted to work with the PSC prior to the March 28 session in New
> Orleans. We provided a memorandum in advance of our meeting, as you
> requested, identifying additional documents on which we are willing to waive
> confidentiality, proposing to redact a significant number of documents, and
> setting forth justifications for the small number of documents which we do not
> believe can be redacted and have confidentiality designations waived. We
> received no response to this communication.
> Nevertheless, we traveled to New Orleans for an in-person meet and confer and
> worked through each document with the PSC over the course of several hours.
> The PSC refused to accept any of our arguments in support of confidentiality, and
> in fact the PSC retracted its prior agreement that one document was properly
> designated as confidential. We reiterated our proposal to provide redactions on
> many documents, and the PSC agreed to this approach. Last Thursday, two days
> after the meet and confer, we provided a set of proposed redactions to a
> significant number of documents. We have not received a response to this
> communication.
> As has been the case throughout these proceedings, we continue to hope to work
> cooperatively through these issues so that we can minimize – and perhaps
> eliminate – any burden on the Court. We await your reply to our proposed
> redactions so that we can move forward with potential resolution of this issue.
> Thank you,
>
> Eric

**From:** Lillian Flemming [mailto:LFLEMMING@hhklawfirm.com]
**Sent:** Thursday, March 30, 2017 1:48 PM
**To:** Davidson, Andrew K. <adavidson@orrick.com>; Hairston, Eric Matthew
<ehairston@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James
<jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell
(Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin
<alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; 'Fred
Longer' <FLonger@lfsblaw.com>; Sandy Duggan <sduggan@lfsblaw.com>
<sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P.
Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf
(ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>;
schristina@becnellaw.com; Hugh Lambert (hlambert@thelambertfirm.com)
<hlambert@thelambertfirm.com>; Holly Werkema (hwerkema@baronbudd.com)
<hwerkema@baronbudd.com>; 'Pete Albanis' <PAlbanis@ForThePeople.com>;
gmeunier@gainsben.com
**Subject:** RE: Meet and Confer re Confidentiality Motion
From: Leonard A. Davis

The PSC appreciated the opportunity to participate in a meet and confer with CNBM on March 28, 2017 at our office in New Orleans, Louisiana. We have received your email of March 28, 2017 and we write to confirm our understanding of the present status of confidentiality designations. Specifically, the meet and confer addressed those documents that were identified on Exhibit B to the PSC's Reply to Responses and Opposition by the CNBM Entities to Motion to Remove Confidentiality Designations With Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20678]. The PSC reserved and continues to reserve its rights to contest confidentiality designations asserted by the CNBM entities as to any other documents that may not appear on Exhibit B. Attached hereto is an updated spreadsheet which identifies each of the documents reviewed at the meet and confer and which may have been addressed in your email of March 28, 2017. Please note the spreadsheet adds an additional column setting forth the status asserted as to each particular document as we understand it at the present time. As to those documents which you indicated would be redacted, you advised that you will prepare a set of proposed redaction portions and provide hard copies to us by Friday, March 31, 2017. The PSC reserves it right to obtain full manual translations by certified translators of all foreign documents. Further, we reserve our rights with respect to challenges that have been made regarding deposition transcripts. Finally, you advised us that you do not represent and have no position with respect to any Jushi documents, but that you do represent and have set forth the position of Suntech. Should we be mistaken or have stated anything improper in this email or the attachment please advise. The PSC intends on proceeding with the hearing on the motion in accordance with Judge Fallon's Order issued today setting the matter on May 16, 2017 [Rec. Doc. 20717].

**From:** Davidson, Andrew K. [mailto:adavidson@orrick.com]
**Sent:** Tuesday, March 28, 2017 4:54 PM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion
Dear Mr. Herman,
Many thanks for your hospitality today at your office. We appreciate the chance to come to New Orleans and attempt to work through the confidentiality designations.
We write to confirm our understanding of the confidentiality designation discussions today. Please let us know if we are mistaken on any point.
**First**, we discussed, at your direction, only the documents in Exhibit B to the PSC's reply brief. Please confirm that any document that was challenged in Exhibit A to the PSC's motion, but that does not appear in Exhibit B to the reply brief, is no longer one whose confidential designation is disputed by the PSC.
**Second**, we understand that the PSC has withdrawn its prior acknowledgement that document CBMIE00065970 (Contempt 82) was properly designated as

confidential. As we explained in our opposition brief, this is a confidential mediation submission to the mediator in non-drywall litigation involving CNBM Forest Products (Canada) and CNBM Import & Export Materials & Equipment. We confirm our position that this document is properly confidential, and have added it to Exhibit E, attached hereto.

**Third**, in an effort to reduce the number of documents in dispute, we confirm our agreement to provide proposed redactions on each of the documents in Exhibit B, attached hereto. We note that many of these documents consist of partial translations, machine translations, and the complete and often much-lengthier Chinese native document. To get the redactions to you this week, we propose that we provide redactions on the PSC's translations only, and that the English translation may be used, as redacted, without confidential designations. The machine translation and native Chinese document would remain confidential.

**Fourth**, we will review documents CNBMCO00324565, CNBMCO00330345, and CBMIE00028128 to determine if we can agree to redact certain information and waive confidentiality. If so, we will provide proposed redactions by Friday.

**Fifth**, as we discussed, we agree to waive confidentiality provisions on the additional documents CNBMCO00215625 (MTD 158) and CNBMCO00280477 (MTD 159).

**Sixth,** and finally, we inadvertently included document CNBMUSA00009676 (Contempt 168) in our list of waived documents. As we stated in our opposition brief, this document is properly designated because it is a strategic business planning document for a non-public company for a period of time including 2017. It contains non-public financial information, asset valuation, revenue and profit information, and internal business strategies. Disclosure of this information would put the company at a strategic disadvantage by revealing ongoing business ventures to competitors.

We have revised the attached document reflecting treatment of the documents at issue as described above.

Again, many thanks for your hospitality on our trip to New Orleans. We look forward to resolving the remaining confidentiality issues

Sincerely,
Andrew

**From:** Davidson, Andrew K.
**Sent:** Friday, March 24, 2017 10:30 AM
**To:** 'Lenny Davis' <LDAVIS@hhklawfirm.com>; Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion
Dear Mr. Davis,

We write in connection with the parties' meet and confer efforts regarding the PSC's challenges to the CNBM Entities' confidentiality designations. Below, we

provide our understanding of the specific documents at issue, and our proposed treatment of the documents.

    1.  **Universe of documents at issue**

As an initial matter, we wish to clarify which documents the PSC is challenging. In the December 2016 motion, the PSC identified approximately 300 documents produced by the CNBM Entities for which it argued there was no justification for confidential treatment. In your February 2017 reply, you identify a smaller number of CNBM Entity documents that are still at issue – by our count, as identified by exhibit number, 55 documents produced by one of the CNBM Entities, and 7 documents produced by the BNBM Entities. We presume that any document not listed in "Exhibit B" to your reply in support of motion to remove confidentiality designations (Rec. Doc. 20678) is no longer at issue for purposes of the PSC's current motion.

    1.  **Waiver**

In an effort to make this process as productive as possible, we agree to remove confidentiality designations on the documents identified in Exhibit A.

    2.  **Redaction and waiver**

For an additional number of documents, we propose to waive confidentiality designations subject to redaction of certain information. The information to be redacted would include price, quantity, supplier, purchaser, profit margin, and other non-public commercial information, the publication of which would put the producing CNBM Entity at a competitive disadvantage by making public their willingness to buy and sell goods at specific prices, identifying their shipping needs at certain locations, divulging customer and supplier lists, and identifying profit margins in ongoing commercial arrangements, among other concerns. These documents are identified in Exhibit B.

    3.  **Confidential documents**

We reiterate our position that documents in the following categories are confidential:

        a.  **Trade secrets**

Certain documents contain trade secrets, and are properly designated as confidential under Rule 26(c). These are:

- CNBMCO00046759 is an application form for research and development projects. This document contains proprietary non-public information, such as a review of photovoltaic technologies that are under study for use in thin film solar panel production, recent innovations in solar technology, specific multi-year research and development projects, technical drawings, mathematical formulae, and detailed examinations of current designs. The document compares and contrasts internal technology with leading

products offered by competitors. Publication of this document would reveal years of research, would give competitors a significant advantage by identifying the strengths and weaknesses of the company's solar products, and would jeopardize the ability to obtain protection for intellectual property, such as patent protection.

These documents are identified in Exhibit C.

### b. **Financial and Commercial Information**

Certain documents contain non-public, proprietary financial data relating to business operations. Confidential business information is properly recognized as property subject to protection. *See, e.g., Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 764174, at *5 (E.D. La. 2004) (documents showing a party's economic analyses, techniques, and strategies" are properly designated as confidential); *Elloie v. Allstate Ins. Co.*, 2008 WL 4747214, at *7 (E.D. La. 2008) (protecting confidential and proprietary internal policy and procedure documents); *United States v. United Fruit Co.*, 410 F.2d 553, 557 (5th Cir. 1969 (protecting internal marketing plans). Further, this information is properly subject to protection when contained in the non-public meeting agendas and minutes of the various boards of the CNBM Entities. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (confidential treatment of board materials is appropriate where documents "incorporate confidential business information").

- CNBMCO000327370 – Meeting minutes of the 6th Working Meeting of CNBM Company. This document contains non-public commercial information relating to major investment and personnel matters. It includes internal discussions about business reorganization, potential targets for acquisition, and company financial results.

- CNBMCO00076251 – This document contains non-public "notes" on the Annual Financial Statement for CNBM Investment Co., Ltd., a non-listed, private company. This contains detailed information on assets, debt, accounts payable and receivable, finances relating to ongoing company projects, employment costs, profits, and loss statements. Public release of this documents would give competitors insight into the affairs of a non-listed company and place CNBM Investment at a competitive disadvantage.

- CNBMCO00102014 – This document contains meeting minutes of the 10th president working meeting for CNBM Company. The extensive notes summarize meeting discussions of non-public information, including corporate strategy, investments, business reorganizations, acquisitions, financing decisions, company financial and business targets and personnel decisions.

- CNBMCO00215626 – This document is an email from the legal affairs department that contains internal information relating to a subsidiary's lease agreements and land use issues. Public disclosure could potentially expose the company to embarrassment and liability.

- CNBMCO00280477 – This document is an email that contains non-public information involving social insurance matters. The document discloses that the company in question failed to make payments into certain housing funds for a period of time. Disclosure of this information could potentially expose the company to public embarrassment and liability.

- CNBMCO00324565 – This document is a draft due diligence report prepared in anticipation of CNBM Company's public listing on the Hong Kong exchange. The draft report provides non-public assessments of property management issues, potential issues with local governments, discussion of litigation, and other related issues. The document discusses litigation risks and details resolution strategies and plans. This document also contains detailed information regarding the land assets of the company, including area, location, type, and proprietorship. Release of this information would damage the company by allowing competitors to gain insight into company expansion plans, litigation strategies, and other difficulties that the company has experienced, which could be exploited.

- CNBMCO00339345 – This document was created as part of the internal prospectus drafting process for the listing of CNBM Company. It contains data and other information that was not stated in the final prospectus.

- CNBMCO0366842 – Meeting minutes of the second working meeting of CNBM Company. This document contains long range investment strategy, including project names, subjects, locations, amounts, capacity, construction plans, and other information. Disclosure of this information would reveal CNBM Company's long-term business plans to competitors, putting CNBM Company at a disadvantage.

- CBMIE00028128 – This document is an annual report for CNBM International, an unlisted company. This lengthy document contains extensive information regarding the business organization, financial information including income, profit, assets, and liabilities, personnel (including private information such as birth dates and work history) and staffing levels, and investment and financing activity. Disclosure of this information would reveal personal information and place CNBM International at a competitive disadvantage.

8

- CNBMUSA00009676 – This document is a development plan for CNBM International for the years 2015-2017. It identifies key strategies for the unlisted company, including pursuit of photovoltaic markets and coal imports. The report contains an analysis of CNBM International's ability to compete in international trading markets, and describes various potential business models. The report also sets out general and specific business, finance, and personnel goals. Disclosure of this information would reveal CNBM International's inner workings to competitors.

- SUNTECH00000212 – This document details the operations, finances, and business development efforts of an unlisted company. The document further describes efforts to develop a relationship with a business partner, and the retention of an expert to engage in research and development on a specific project. Finally, the document identifies financial difficulties due to unprofitability. The disclosure of this information could potentially put the company at a competitive disadvantage, and could expose the company to embarrassment.

These documents are identified in Exhibit D.

### c.   Other justifications for confidential treatment

Certain documents should be protected from public disclosure for other reasons. These documents are:

- CNBMCO00046745 - This is a contract that contains confidentiality provisions, and specifies that information cannot be shared with third parties. Public disclosure would constitute a breach of contract.

- CBMIE00036914 – This document contains internal discussions of litigation and settlement analyses, including a frank and unflattering assessment of a business partner, the disclosure of which could cause embarrassment and place the producing party at a disadvantage. We note that the PSC agreed that a similar document (CBMIE00065970) discussing the same litigation and settlement was properly designated as confidential.

These documents are identified in Exhibit E.

### 4.   CNBM Group documents

Documents produced by CNBM Group are not subject to challenge, as the Court dismissed CNBM Group pursuant to the Foreign Sovereign Immunities Act. Under Fifth Circuit law, "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 859 (5th Cir.

2000). This includes the burdens of discovery. *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992). The PSC received the documents at issue here months before CNBM Group was dismissed from litigation. The time and ability to challenge confidentiality designations has long since passed. These documents are identified in Exhibit F.

******

We are available to discuss any and all issues and documents any time before late Monday morning, PDT. If you are unable to meet and confer telephonically (and we understand that we are providing short notice), we will plan to meet at your office on March 28th.

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Thursday, March 9, 2017 11:24 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion
We confirm a meet and confer session at the Herman Herman and Katz office on March 28, 2017. We suggest the meeting begin at 9 am CT. should you have any issues regarding the meet and confer session you desire to address in advance of the meeting please set each item out in writing so we are prepared to discuss the matters and are aware of the particular topics. We will schedule a call with you to take care on one of the dates you propose and as soon as we have a time we will advise so the call can be calendared. In the meantime please send the agenda and any related materials. thanks
Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT
**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Thursday, March 9, 2017 1:05 PM
**To:** Lenny Davis; Davidson, Andrew K.

**Cc:** Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E. Eagen Jr.; Arnold Levin; 'Fred Longer'; Sandy Duggan (sduggan@lfsblaw.com); Lillian Flemming; Kate Robinson
**Subject:** RE: Meet and Confer re Confidentiality Motion
Thanks for your response. The 28th is best for us for an in-person session. We propose that the phone conference take place on either the 21st or 23rd. We'll circulate an agenda and related materials in advance of the call. Please let me know who our point of contact should be for the phone conference and we'll work directly with them on timing.

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, March 08, 2017 10:17 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion
I returned your call just a few minutes after you called. You did not answer and there was no voice message system on your return phone number. we do not have any problem speaking with you but we understood the judge to require a meet and confer. thus we did what we advised in the pre status conference meeting and set a date here at our office to meet with your folks and review each and every document that is claimed by your client to be protected by the PTO. We know of no other way, at this time, to have a meaningful meet and confer other than to meet face to face as directed by Judge Fallon unless you provide a de-designation of confidentiality to the documents at issue. Again please send us a date that will work to have a meet and confer session at our office so that there are no delays and the matter can be timely addressed by the court on April 6 if it is not resolved. Once we have established a firm date and time to meet and confer we can have a phone conference to address any topic you desire to address regarding the meet and confer process. As requested in my email from last night please set each issue out in detail in a memo and send the memo to us so we fully understand whatever issues you may have and the position you take as to each issue prior to any phone conference. We will then be prepared to address the issues and see if anything can be narrowed down. Based on prior attempts at meet and confers we believe this will be the most efficient method. We appreciate that you do not have any hidden agenda and we also do not want any delay of the April 6 hearing date. Be assured we are prepared to meet and confer.
Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Wednesday, March 8, 2017 10:58 AM
**To:** Lenny Davis; Davidson, Andrew K.
**Cc:** Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E. Eagen Jr.; Arnold Levin; 'Fred Longer'; Sandy Duggan (sduggan@lfsblaw.com); Lillian Flemming; Kate Robinson
**Subject:** RE: Meet and Confer re Confidentiality Motion

Mr. Davis,

I left a message with your assistant but am heading into a meeting so wanted to follow up over email as well. Our proposal of an initial discussion via telephone is not intended to avoid the parties' meet and confer obligations, but to facilitate the efficient use of everyone's time as we engage in the meet and confer process. We've had prior success working cooperatively with members of the PSC to organize, prioritize, and resolve discovery disputes by phone. We would appreciate the courtesy of a similar effort to narrow and organize the discussion before any in-person meeting on this topic – particularly a meeting requiring significant travel and associated planning for some of the participants. While we appreciate your offer to host the discussions, we believe a good-faith attempt to resolve these issues in an efficient and organized fashion is entirely consistent with Judge Fallon's instruction to meet and confer, and believe that a call in advance of any meeting will help achieve that goal. There are no hidden agendas – we'd just like to narrow the actual agenda prior to meeting in person if at all possible, for everyone's sake.

Please let us know at your earliest convenience if the PSC is willing to participate in our requested meet and confer call.

Thank you,
Eric

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, March 07, 2017 5:52 PM
**To:** Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Unfortunately you have chosen not to abide by Judge Fallons directives to meet and confer. We followed the directives of the court order and the Judge and have requested that the parties meet and confer in New Orleans where the documents can be reviewed and discussed face to face so that progress could be made to

address confidentiality issues. We have assembled teams of lawyers and have printed all of the documents out and are prepared to meet. We provided numerous dates yet you have refused to provide available times to meet and confer. We do not believe phone calls are productive as shown from past unsuccessful meet and confers attempts that have resulted in mere delays and further stalemates. We are prepared to meet with you and your team of lawyers in New Orleans for a meaningful session on the dates we suggested. If you think there are documents that are subject to being declassified as confidential please provide a list, by bates number, and those documents can be resolved. We set out the current list of documents at issue in our reply memo which lists our objection to each document by Producing Party. If you have any issues on this topic you desire to address other than the particular documents please set each issue out in detail in a memo and send the memo to us so we fully understand your issue and the position you take as to each issue. We will be prepared to address the issues at the meet and confer session. We believe this will be the most efficient method so there are no hidden agendas. We will be prepared to address the matters that are disclosed in advance of the meet and confer and there will not be any delay of the April 6 hearing date. We are not delaying and are prepared to meet and confer.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Davidson, Andrew K. [mailto:adavidson@orrick.com]
**Sent:** Tuesday, March 7, 2017 6:34 PM
**To:** Lenny Davis <LDAVIS@hhklawfirm.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>; Sandy Duggan <sduggan@lfsblaw.com>; Fred Longer <FLonger@lfsblaw.com>; lflemming@hhklaw.com
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>
**Subject:** Re: Meet and Confer re Confidentiality Motion

Counsel,
Please see attached correspondence regarding your March 3, 2017 email.
Thanks,
Andrew

From: Kate Robinson [mailto:krobinson@hhklawfirm.com]
Sent: Friday, March 03, 2017 10:56 AM

To: Harry Rosenberg (1219)
Cc: Lenny Davis; Russ Herman; Arnold Levin; Lillian Flemming; 'Sandy
Duggan' (sduggan@lfsblaw.com<mailto:sduggan@lfsblaw.com>); Fred Longer
(FLonger@lfsblaw.com<mailto:FLonger@lfsblaw.com>)
Subject: Meet and Confer re Confidentiality Motion

From: Leonard A. Davis

In accordance with the discussion yesterday, we are prepared to meet and confer
at our office on March 21, 22, 27 and 28 to address the PSC's Motion to Remove
Confidentiality Designations [Rec. Doc. 20598] and as set forth in Judge Fallon's
order dated 3/1/2017 [Rec. Doc. 20695]. In the pre-meeting with Judge Fallon
you indicated that you would disseminate to all appropriate Producing Parties the
dates of availability and coordinate for the meet and confer. Therefore we are only
sending this email to you. We intend on having multiple lawyers attend the meet
and confer so that all of the documents can be reviewed. This will involve multi-
tracking of teams so that we can get through the documents. Therefore please be
sure that sufficient individuals are present. Please advise the date(s) that are
available so that we can coordinate with our teams by Tuesday, March 7.

Kate Robinson
Legal Assistant to Leonard A. Davis and Danielle T. Hufft
Herman, Herman & Katz, LLC
Herman Gerel, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024 (fax)
krobinson@hhklawfirm.com<mailto:krobinson@hhklawfirm.com>
www.hhklawfirm.com<http://www.hhklawfirm.com/>

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an
be a communication privileged by law. If you received this e-mail in error, any review, use, disseminatio
distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r
e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an
be a communication privileged by law. If you received this e-mail in error, any review, use, disseminatio
distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r
e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

Exhibit B

| | |
|---|---|
| **From:** | Davidson, Andrew K. |
| **Sent:** | Thursday, March 30, 2017 4:28 PM |
| **To:** | Lillian Flemming; Hairston, Eric Matthew; Russ Herman |
| **Cc:** | Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E. Eagen Jr.; Arnold Levin; Lenny Davis; 'Fred Longer'; Sandy Duggan (sduggan@lfsblaw.com); Kate Robinson; Jay P. Dinan (jdinan@yourlawyer.com); Emma Kingsdorf (ekingsdorf@bkc-law.com); schristina@becnelaw.com; Hugh Lambert (hlambert@thelambertfirm.com); Holly Werkema (hwerkema@baronbudd.com); 'Pete Albanis'; gmeunier@gainsben.com |
| **Subject:** | RE: Meet and Confer re Confidentiality Motion |
| **Attachments:** | Proposed Redactions 3-30-2017.zip |

Mr. Davis,

Attached, please find a .zip file containing proposed redactions for documents identified in Exhibit B to our March 28, 2017 email. While the Court's recent order has deferred argument on the motion until the May status conference, we nevertheless provide these redactions in the spirit of cooperation.

We are providing proposed redactions of the PSC's translation of the documents only. We are not redacting the machine translations or the native Chinese text. If you agree to this approach, we may be able to redact and waive confidentiality on several additional documents, where the PSC provided partial English translations of lengthy Chinese documents (and where we would have to review and redact hundreds of additional Chinese-language pages that the PSC did not translate). We are willing to discuss stipulating to the use of these documents going forward.

The proposed redactions are indicated by red boxes outlining the content to be redacted. We have redacted information including: bank account numbers, employee contact information, commercially sensitive information such as price, quantity of goods sold, and profit margins resulting therefrom, and the names of buyers, sellers, suppliers, and other business partners.
If you do not agree to certain redactions, please indicate the reasons for such disagreement so that we may attempt to negotiate a mutually agreeable resolution. We will make every effort to resolve these issues before the hearing.

We will review the spreadsheet that you have provided, and will let you know if our notes from Tuesday's session differ.

Sincerely,

Andrew

---

**From:** Lillian Flemming [mailto:LFLEMMING@hhklawfirm.com]
**Sent:** Thursday, March 30, 2017 1:48 PM
**To:** Davidson, Andrew K. ; Hairston, Eric Matthew ; Russ Herman
**Cc:** Vejnoska, Christopher ; Stengel, James ; 'Donna Currault' ; Ewell (Tim) E. Eagen Jr. ; Arnold Levin ; Lenny Davis ; 'Fred Longer' ; Sandy Duggan (sduggan@lfsblaw.com) ; Kate Robinson ; Jay P. Dinan (jdinan@yourlawyer.com) ; Emma Kingsdorf (ekingsdorf@bkc-law.com) ; schristina@becnelaw.com; Hugh Lambert (hlambert@thelambertfirm.com) ; Holly Werkema (hwerkema@baronbudd.com) ; 'Pete Albanis' ; gmeunier@gainsben.com
**Subject:** RE: Meet and Confer re Confidentiality Motion

From: Leonard A. Davis

The PSC appreciated the opportunity to participate in a meet and confer with CNBM on March 28, 2017 at our office in New Orleans, Louisiana. We have received your email of March 28, 2017 and we write to confirm our understanding of the present status of confidentiality designations. Specifically, the meet and confer addressed those documents that were identified on Exhibit B to the PSC's Reply to Responses and Opposition by the CNBM Entities to Motion to Remove Confidentiality Designations With Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20678]. The PSC reserved and continues to reserve its rights to contest confidentiality designations asserted by the CNBM entities as to any other documents that may not appear on Exhibit B. Attached hereto is an updated spreadsheet which identifies each of the documents reviewed at the meet and confer and which may have been addressed in your email of March 28, 2017. Please note the spreadsheet adds an additional column setting forth the status asserted as to each particular document as we understand it at the present time. As to those documents which you indicated would be redacted, you advised that you will prepare a set of proposed redaction portions and provide hard copies to us by Friday, March 31, 2017. The PSC reserves it right to obtain full manual translations by certified translators of all foreign documents. Further, we reserve our rights with respect to challenges that have been made regarding deposition transcripts. Finally, you advised us that you do not represent and have no position with respect to any Jushi documents, but that you do represent and have set forth the position of Suntech. Should we be mistaken or have stated anything improper in this email or the attachment please advise. The PSC intends on proceeding with the hearing on the motion in accordance with Judge Fallon's Order issued today setting the matter on May 16, 2017 [Rec. Doc. 20717].

---

**From:** Davidson, Andrew K. [mailto:adavidson@orrick.com]
**Sent:** Tuesday, March 28, 2017 4:54 PM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Dear Mr. Herman,

Many thanks for your hospitality today at your office. We appreciate the chance to come to New Orleans and attempt to work through the confidentiality designations.

We write to confirm our understanding of the confidentiality designation discussions today. Please let us know if we are mistaken on any point.

**First**, we discussed, at your direction, only the documents in Exhibit B to the PSC's reply brief. Please confirm that any document that was challenged in Exhibit A to the PSC's motion, but that does not appear in Exhibit B to the reply brief, is no longer one whose confidential designation is disputed by the PSC.

**Second**, we understand that the PSC has withdrawn its prior acknowledgement that document CBMIE00065970 (Contempt 82) was properly designated as confidential. As we explained in our opposition brief, this is a confidential mediation submission to the mediator in non-drywall litigation involving CNBM Forest Products (Canada) and CNBM Import & Export Materials & Equipment. We confirm our position that this document is properly confidential, and have added it to Exhibit E, attached hereto.

**Third**, in an effort to reduce the number of documents in dispute, we confirm our agreement to provide proposed redactions on each of the documents in Exhibit B, attached hereto. We note that many of these documents consist of partial translations, machine translations, and the complete and often much-lengthier Chinese native document. To get

the redactions to you this week, we propose that we provide redactions on the PSC's translations only, and that the English translation may be used, as redacted, without confidential designations. The machine translation and native Chinese document would remain confidential.

**Fourth**, we will review documents CNBMCO00324565, CNBMCO00330345, and CBMIE00028128 to determine if we can agree to redact certain information and waive confidentiality. If so, we will provide proposed redactions by Friday.

**Fifth**, as we discussed, we agree to waive confidentiality provisions on the additional documents CNBMCO00215625 (MTD 158) and CNBMCO00280477 (MTD 159).

**Sixth,** and finally, we inadvertently included document CNBMUSA00009676 (Contempt 168) in our list of waived documents. As we stated in our opposition brief, this document is properly designated because it is a strategic business planning document for a non-public company for a period of time including 2017. It contains non-public financial information, asset valuation, revenue and profit information, and internal business strategies. Disclosure of this information would put the company at a strategic disadvantage by revealing ongoing business ventures to competitors.

We have revised the attached document reflecting treatment of the documents at issue as described above.

Again, many thanks for your hospitality on our trip to New Orleans. We look forward to resolving the remaining confidentiality issues

Sincerely,

Andrew

---

**From:** Davidson, Andrew K.
**Sent:** Friday, March 24, 2017 10:30 AM
**To:** 'Lenny Davis' <LDAVIS@hhklawfirm.com>; Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Dear Mr. Davis,

We write in connection with the parties' meet and confer efforts regarding the PSC's challenges to the CNBM Entities' confidentiality designations. Below, we provide our understanding of the specific documents at issue, and our proposed treatment of the documents.

## 1. Universe of documents at issue

As an initial matter, we wish to clarify which documents the PSC is challenging. In the December 2016 motion, the PSC identified approximately 300 documents produced by the CNBM Entities for which it argued there was no justification for confidential treatment. In your February 2017 reply, you identify a smaller number of CNBM Entity documents that are still at issue – by our count, as identified by exhibit number, 55 documents produced by one of the CNBM Entities, and 7 documents produced by the BNBM Entities. We presume that any document not listed in "Exhibit B" to your reply in support of motion to remove confidentiality designations (Rec. Doc. 20678) is no longer at issue for purposes of the PSC's current motion.

1. **Waiver**

In an effort to make this process as productive as possible, we agree to remove confidentiality designations on the documents identified in Exhibit A.

2. **Redaction and waiver**

For an additional number of documents, we propose to waive confidentiality designations subject to redaction of certain information. The information to be redacted would include price, quantity, supplier, purchaser, profit margin, and other non-public commercial information, the publication of which would put the producing CNBM Entity at a competitive disadvantage by making public their willingness to buy and sell goods at specific prices, identifying their shipping needs at certain locations, divulging customer and supplier lists, and identifying profit margins in ongoing commercial arrangements, among other concerns. These documents are identified in Exhibit B.

3. **Confidential documents**

We reiterate our position that documents in the following categories are confidential:

  a. **Trade secrets**

Certain documents contain trade secrets, and are properly designated as confidential under Rule 26(c). These are:

- CNBMCO00046759 is an application form for research and development projects. This document contains proprietary non-public information, such as a review of photovoltaic technologies that are under study for use in thin film solar panel production, recent innovations in solar technology, specific multi-year research and development projects, technical drawings, mathematical formulae, and detailed examinations of current designs. The document compares and contrasts internal technology with leading products offered by competitors. Publication of this document would reveal years of research, would give competitors a significant advantage by identifying the strengths and weaknesses of the company's solar products, and would jeopardize the ability to obtain protection for intellectual property, such as patent protection.

These documents are identified in Exhibit C.

  b. **Financial and Commercial Information**

Certain documents contain non-public, proprietary financial data relating to business operations. Confidential business information is properly recognized as property subject to protection. *See, e.g., Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 764174, at *5 (E.D. La. 2004) (documents showing a party's economic analyses, techniques, and strategies" are properly designated as confidential); *Elloie v. Allstate Ins. Co.*, 2008 WL 4747214, at *7 (E.D. La. 2008) (protecting confidential and proprietary internal policy and procedure documents); *United States v. United Fruit Co.*, 410 F.2d 553, 557 (5th Cir. 1969) (protecting internal marketing plans). Further, this information is properly subject to protection when contained in the non-public meeting agendas and minutes of the various boards of the CNBM Entities. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (confidential treatment of board materials is appropriate where documents "incorporate confidential business information").

- CNBMCO000327370 – Meeting minutes of the 6th Working Meeting of CNBM Company. This document contains non-public commercial information relating to major investment and personnel matters. It includes internal discussions about business reorganization, potential targets for acquisition, and company financial results.

- CNBMCO00076251 – This document contains non-public "notes" on the Annual Financial Statement for CNBM Investment Co., Ltd., a non-listed, private company. This contains detailed information on assets, debt, accounts payable and receivable, finances relating to ongoing company projects, employment costs, profits, and loss statements. Public release of this documents would give competitors insight into the affairs of a non-listed company and place CNBM Investment at a competitive disadvantage.

- CNBMCO00102014 – This document contains meeting minutes of the 10th president working meeting for CNBM Company. The extensive notes summarize meeting discussions of non-public information, including corporate strategy, investments, business reorganizations, acquisitions, financing decisions, company financial and business targets and personnel decisions.

- CNBMCO00215626 – This document is an email from the legal affairs department that contains internal information relating to a subsidiary's lease agreements and land use issues. Public disclosure could potentially expose the company to embarrassment and liability.

- CNBMCO00280477 – This document is an email that contains non-public information involving social insurance matters. The document discloses that the company in question failed to make payments into certain housing funds for a period of time. Disclosure of this information could potentially expose the company to public embarrassment and liability.

- CNBMCO00324565 – This document is a draft due diligence report prepared in anticipation of CNBM Company's public listing on the Hong Kong exchange. The draft report provides non-public assessments of property management issues, potential issues with local governments, discussion of litigation, and other related issues. The document discusses litigation risks and details resolution strategies and plans. This document also contains detailed information regarding the land assets of the company, including area, location, type, and proprietorship. Release of this information would damage the company by allowing competitors to gain insight into company expansion plans, litigation strategies, and other difficulties that the company has experienced, which could be exploited.

- CNBMCO00339345 – This document was created as part of the internal prospectus drafting process for the listing of CNBM Company. It contains data and other information that was not stated in the final prospectus.

- CNBMCO00366842 – Meeting minutes of the second working meeting of CNBM Company. This document contains long range investment strategy, including project names, subjects, locations, amounts, capacity, construction plans, and other information. Disclosure of this information would reveal CNBM Company's long-term business plans to competitors, putting CNBM Company at a disadvantage.

- CBMIE00028128 – This document is an annual report for CNBM International, an unlisted company. This lengthy document contains extensive information regarding the business organization, financial information including income, profit, assets, and liabilities, personnel (including private information such as birth dates and work history) and staffing levels, and investment and financing activity. Disclosure of this information would reveal personal information and place CNBM International at a competitive disadvantage.

- CNBMUSA00009676 – This document is a development plan for CNBM International for the years 2015-2017. It identifies key strategies for the unlisted company, including pursuit of photovoltaic markets and coal imports. The report contains an analysis of CNBM International's ability to compete in international trading markets, and describes various potential business models. The report also sets out general and specific business, finance, and personnel goals. Disclosure of this information would reveal CNBM International's inner workings to competitors.

- SUNTECH00000212 – This document details the operations, finances, and business development efforts of an unlisted company. The document further describes efforts to develop a relationship with a business partner, and the retention of an expert to engage in research and development on a specific project. Finally, the document identifies financial difficulties due to unprofitability. The disclosure of this information could potentially put the company at a competitive disadvantage, and could expose the company to embarrassment.

These documents are identified in Exhibit D.

### c. Other justifications for confidential treatment

Certain documents should be protected from public disclosure for other reasons. These documents are:

- CNBMCO00046745 - This is a contract that contains confidentiality provisions, and specifies that information cannot be shared with third parties. Public disclosure would constitute a breach of contract.

- CBMIE00036914 – This document contains internal discussions of litigation and settlement analyses, including a frank and unflattering assessment of a business partner, the disclosure of which could cause embarrassment and place the producing party at a disadvantage. We note that the PSC agreed that a similar document (CBMIE00065970) discussing the same litigation and settlement was properly designated as confidential.

These documents are identified in Exhibit E.

### 4. CNBM Group documents

Documents produced by CNBM Group are not subject to challenge, as the Court dismissed CNBM Group pursuant to the Foreign Sovereign Immunities Act. Under Fifth Circuit law, "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 859 (5th Cir. 2000). This includes the burdens of discovery. *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992). The PSC received the

documents at issue here months before CNBM Group was dismissed from litigation. The time and ability to challenge confidentiality designations has long since passed. These documents are identified in Exhibit F.

******

We are available to discuss any and all issues and documents any time before late Monday morning, PDT. If you are unable to meet and confer telephonically (and we understand that we are providing short notice), we will plan to meet at your office on March 28th.

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Thursday, March 9, 2017 11:24 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

We confirm a meet and confer session at the Herman Herman and Katz office on March 28, 2017. We suggest the meeting begin at 9 am CT. should you have any issues regarding the meet and confer session you desire to address in advance of the meeting please set each item out in writing so we are prepared to discuss the matters and are aware of the particular topics. We will schedule a call with you to take place on one of the dates you propose and as soon as we have a time we will advise so the call can be calendared. In the meantime please send the agenda and any related materials. thanks

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Thursday, March 9, 2017 1:05 PM
**To:** Lenny Davis; Davidson, Andrew K.
**Cc:** Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E. Eagen Jr.; Arnold Levin; 'Fred Longer'; Sandy Duggan (sduggan@lfsblaw.com); Lillian Flemming; Kate Robinson
**Subject:** RE: Meet and Confer re Confidentiality Motion

Thanks for your response. The 28th is best for us for an in-person session. We propose that the phone conference take place on either the 21st or 23rd. We'll circulate an agenda and related materials in advance of the call. Please let me know who our point of contact should be for the phone conference and we'll work directly with them on timing.

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, March 08, 2017 10:17 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

I returned your call just a few minutes after you called. You did not answer and there was no voice message system on your return phone number. we do not have any problem speaking with you but we understood the judge to require a meet and confer. thus we did what we advised in the pre status conference meeting and set a date here at our office to meet with your folks and review each and every document that is claimed by your client to be protected by the PTO. We know of no other way, at this time, to have a meaningful meet and confer other than to meet face to face as directed by Judge Fallon unless you provide a de-designation of confidentiality to the documents at issue. Again please send us a date that will work to have a meet and confer session at our office so that there are no delays and the matter can be timely addressed by the court on April 6 if it is not resolved. Once we have established a firm date and time to meet and confer we can have a phone conference to address any topic you desire to address regarding the meet and confer process. As requested in my email from last night please set each issue out in detail in a memo and send the memo to us so we fully understand whatever issues you may have and the position you take as to each issue prior to any phone conference. We will then be prepared to address the issues and see if anything can be narrowed down. Based on prior attempts at meet and confers we believe this will be the most efficient method. We appreciate that you do not have any hidden agenda and we also do not want any delay of the April 6 hearing date. Be assured we are prepared to meet and confer.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Wednesday, March 8, 2017 10:58 AM
**To:** Lenny Davis; Davidson, Andrew K.
**Cc:** Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E. Eagen Jr.; Arnold Levin; 'Fred Longer'; Sandy

Duggan (sduggan@lfsblaw.com); Lillian Flemming; Kate Robinson
**Subject:** RE: Meet and Confer re Confidentiality Motion

Mr. Davis,

I left a message with your assistant but am heading into a meeting so wanted to follow up over email as well. Our proposal of an initial discussion via telephone is not intended to avoid the parties' meet and confer obligations, but to facilitate the efficient use of everyone's time as we engage in the meet and confer process. We've had prior success working cooperatively with members of the PSC to organize, prioritize, and resolve discovery disputes by phone. We would appreciate the courtesy of a similar effort to narrow and organize the discussion before any in-person meeting on this topic – particularly a meeting requiring significant travel and associated planning for some of the participants. While we appreciate your offer to host the discussions, we believe a good-faith attempt to resolve these issues in an efficient and organized fashion is entirely consistent with Judge Fallon's instruction to meet and confer, and believe that a call in advance of any meeting will help achieve that goal. There are no hidden agendas – we'd just like to narrow the actual agenda prior to meeting in person if at all possible, for everyone's sake.

Please let us know at your earliest convenience if the PSC is willing to participate in our requested meet and confer call.

Thank you,

Eric

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, March 07, 2017 5:52 PM
**To:** Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Unfortunately you have chosen not to abide by Judge Fallons directives to meet and confer. We followed the directives of the court order and the Judge and have requested that the parties meet and confer in New Orleans where the documents can be reviewed and discussed face to face so that progress could be made to address confidentiality issues. We have assembled teams of lawyers and have printed all of the documents out and are prepared to meet. We provided numerous dates yet you have refused to provide available times to meet and confer. We do not believe phone calls are productive as shown from past unsuccessful meet and confers attempts that have resulted in mere delays and further stalemates. We are prepared to meet with you and your team of lawyers in New Orleans for a meaningful session on the dates we suggested. If you think there are documents that are subject to being declassified as confidential please provide a list, by bates number, and those documents can be resolved. We set out the current list of documents at issue in our reply memo which lists our objection to each document by Producing Party. If you have any issues on this topic you desire to address other than the particular documents please set each issue out in detail in a memo and send the memo to us so we fully understand your issue and the position you take as to each issue. We will be prepared to address the issues at the meet and confer session. We believe this will be the most efficient method so there are no hidden agendas. We will be prepared to address the matters that are disclosed in advance of the meet and confer and there will not be any delay of the April 6 hearing date. We are not delaying and are prepared to meet and confer.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Davidson, Andrew K. [mailto:adavidson@orrick.com]
**Sent:** Tuesday, March 7, 2017 6:34 PM
**To:** Lenny Davis <LDAVIS@hhklawfirm.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>; Sandy Duggan <sduggan@lfsblaw.com>; Fred Longer <FLonger@lfsblaw.com>; lflemming@hhklaw.com
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>
**Subject:** Re: Meet and Confer re Confidentiality Motion

Counsel,

Please see attached correspondence regarding your March 3, 2017 email.

Thanks,

Andrew

From: Kate Robinson [mailto:krobinson@hhklawfirm.com]
Sent: Friday, March 03, 2017 10:56 AM
To: Harry Rosenberg (1219)
Cc: Lenny Davis; Russ Herman; Arnold Levin; Lillian Flemming; 'Sandy Duggan' (sduggan@lfsblaw.com<mailto:sduggan@lfsblaw.com>); Fred Longer (FLonger@lfsblaw.com<mailto:FLonger@lfsblaw.com>)
Subject: Meet and Confer re Confidentiality Motion

From: Leonard A. Davis

In accordance with the discussion yesterday, we are prepared to meet and confer at our office on March 21, 22, 27 and 28 to address the PSC's Motion to Remove Confidentiality Designations [Rec. Doc. 20598] and as set forth in Judge Fallon's order dated 3/1/2017 [Rec. Doc. 20695]. In the pre-meeting with Judge Fallon you indicated that you would disseminate to all appropriate Producing Parties the dates of availability and coordinate for the meet and confer. Therefore we are only sending this email to you. We intend on having multiple lawyers attend the meet and confer so that all of the documents can be reviewed. This will involve

multi-tracking of teams so that we can get through the documents. Therefore please be sure that sufficient individuals are present. Please advise the date(s) that are available so that we can coordinate with our teams by Tuesday, March 7.

Kate Robinson
Legal Assistant to Leonard A. Davis and Danielle T. Hufft
Herman, Herman & Katz, LLC
Herman Gerel, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024 (fax)
krobinson@hhklawfirm.com<mailto:krobinson@hhklawfirm.com>
www.hhklawfirm.com<http://www.hhklawfirm.com/>

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

Exhibit C

| | |
|---|---|
| **From:** | Lenny Davis <LDAVIS@hhklawfirm.com> |
| **Sent:** | Thursday, April 12, 2018 1:11 PM |
| **To:** | Hairston, Eric Matthew |
| **Cc:** | Russ Herman; Lillian Flemming; Davidson, Andrew K.; Vejnoska, Christopher; Stengel, James; Donna Currault; Ewell (Tim) E. Eagen Jr.; Arnold Levin; Fred Longer; Sandy Duggan (sduggan@lfsblaw.com); Emma Kingsdorf (ekingsdorf@bkc-law.com); Shapiro, Marc R.; Lillian Flemming |
| **Subject:** | RE: Meet and Confer re Confidentiality Motion |

Following up on our discussion from the meet and confer that took place on March 27, 2018, you expressed a desire to continue dialogue regarding the documents that the PSC contends should not be subject to confidentiality.  The PSC's motion challenging confidentiality designations is set for hearing following the status conference on May 1, 2018.  It has been more than a year that your clients have had to further comment regarding removal of confidentiality designations and we have not heard from you with respect to any of the documents that are addressed in Exhibit "A" to the motion.  Should your clients agree to remove the confidentiality designation for any of the documents, please provide notice to us so we can proceed accordingly.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Tuesday, March 27, 2018 12:23 PM
**To:** Lenny Davis <LDAVIS@hhklawfirm.com>
**Cc:** Russ Herman <RHERMAN@hhklawfirm.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Donna Currault <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Fred Longer <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P. Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf (ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>; schristina@becnellaw.com; Hugh Lambert (hlambert@thelambertfirm.com) <hlambert@thelambertfirm.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Pete Albanis <PAlbanis@ForThePeople.com>; gmeunier@gainsben.com; Shapiro, Marc R. <mrshapiro@orrick.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Lenny,

Thank you for your time earlier today.  I understand from our conversation that the PSC intends to renew its motion challenging certain confidentiality designations by CNBM and BNBM, and that you viewed this morning's call as a fulfillment of the PSC's obligation to meet and confer prior to filing such a motion.  Before the parties resort to motion practice – and the significant expenditure of attorney time and judicial resources the PSC's contemplated motion would entail – I want to revisit our prior attempt to resolve this issue without resorting to judicial intervention.  I believe I've captured the full history of relevant correspondence below.

As the correspondence demonstrates, on March 30, 2017, counsel for CNBM and BNBM provided the PSC with a set of proposed redactions to a significant number of the documents to which the PSC had raised objections.  These redactions were narrowly tailored to balance CNBM and BNBM's legitimate interest in protecting their proprietary or otherwise confidential information from public disclosure and the PSC's desire to make use of the materials in this litigation without observing strict confidentiality protocols.  In the full year that has passed since the parties last met and conferred on this subject the PSC has never provided a substantive response to CNBM and BNBM's proposal.  I want to emphasize that CNBM and BNBM's offer – detailed in our correspondence of March 30, 2017 – remains open.  While I appreciate that you may view this morning's call as sufficient to fulfill the Court's meet and confer requirement, I respectfully recommend that the PSC revisit CNBM and BNBM's proposed redactions prior to engaging in motion practice.  If after doing so you believe that any individual redaction or specific category of redactions is unwarranted or overbroad we would be happy to discuss them further and consider any counterproposals the PSC might offer.

Thank you,

**Eric Matthew Hairston**
*Partner*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
**THE ORRICK BUILDING**
**405 HOWARD STREET**
**SAN FRANCISCO, CA 94105**
**tel 415-773-5617**
**fax 415-773-5759**
ehairston@orrick.com

---

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Monday, April 10, 2017 6:23 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Lillian Flemming <LFLEMMING@hhklawfirm.com>; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Donna Currault <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P. Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf (ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>; schristina@becnellaw.com; Hugh Lambert (hlambert@thelambertfirm.com) <hlambert@thelambertfirm.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Pete Albanis <PAlbanis@ForThePeople.com>; gmeunier@gainsben.com
**Subject:** Re: Meet and Confer re Confidentiality Motion

I have no time to meet or confer with you
Again and your representations as to redactions
Are erroneous . 3 hours with you and your colleague face to face for CNBM IS QUITE ENUF !

Sent from my iPhone

On Apr 9, 2017, at 9:29 PM, Hairston, Eric Matthew <ehairston@orrick.com> wrote:

Mr. Herman,

I appreciate the gesture of respect, and please take this response in that same spirit. The proposed redactions we provided were exactly what we discussed at your office – they are limited to commercially sensitive information such as bank account numbers and wiring instructions, trade secrets, the price of goods sold, buyer and seller lists, profit margins, and similar information. If we're going to make this a productive exercise and have a realistic chance of limiting the materials in dispute, we'll need more information about any issues you have with our proposed redactions. If you disagree with any of our redactions, please explain the basis for your disagreement along with some sort of counterproposal (a markup of the materials we sent you, for example). It would also be helpful to know which redactions you do agree with so that we all understand which materials are no longer at issue.

We await your response and look forward to resolving this matter.

Eric

**From:** Russ Herman [mailto:RHERMAN@hhklawfirm.com]
**Sent:** Thursday, April 06, 2017 5:44 PM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Lillian Flemming <LFLEMMING@hhklawfirm.com>; Davidson, Andrew K. <adavidson@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Donna Currault <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Fred Longer <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P. Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf (ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>; schristina@becnellaw.com; Hugh Lambert <hlambert@thelambertfirm.com> <hlambert@thelambertfirm.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; Pete Albanis <PAlbanis@ForThePeople.com>; gmeunier@gainsben.com
**Subject:** Re: Meet and Confer re Confidentiality Motion

Eric with all due respect , you played us with your offers to remove confidentiality subject to Redactions and then sent redactions we could NEVER ACCEPT . HOWEVER , I suggest you read
The transcript in which your client was
treated with restraint and you were treated
With respect . With regards , Russ Herman .


Sent from my iPhone

On Apr 6, 2017, at 7:34 PM, Hairston, Eric Matthew <ehairston@orrick.com> wrote:

Mr. Herman,

We were disappointed to hear your characterization to Judge Fallon of CNBM's participation in the confidentiality designation matter. As you know, lawyers for CNBM attempted to work with the PSC prior to the March 28 session in New Orleans. We provided a memorandum in advance of our meeting, as you requested, identifying additional documents on which we are willing to waive confidentiality, proposing to redact a significant number of documents, and setting forth justifications for the small number of documents which we do not

3

believe can be redacted and have confidentiality designations waived. We received no response to this communication.

Nevertheless, we traveled to New Orleans for an in-person meet and confer and worked through each document with the PSC over the course of several hours. The PSC refused to accept any of our arguments in support of confidentiality, and in fact the PSC retracted its prior agreement that one document was properly designated as confidential. We reiterated our proposal to provide redactions on many documents, and the PSC agreed to this approach. Last Thursday, two days after the meet and confer, we provided a set of proposed redactions to a significant number of documents. We have not received a response to this communication.

As has been the case throughout these proceedings, we continue to hope to work cooperatively through these issues so that we can minimize – and perhaps eliminate – any burden on the Court. We await your reply to our proposed redactions so that we can move forward with potential resolution of this issue. Thank you,

Eric

---

**From:** Lillian Flemming [mailto:LFLEMMING@hhklawfirm.com]
**Sent:** Thursday, March 30, 2017 1:48 PM
**To:** Davidson, Andrew K. <adavidson@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Kate Robinson <krobinson@hhklawfirm.com>; Jay P. Dinan (jdinan@yourlawyer.com) <jdinan@yourlawyer.com>; Emma Kingsdorf (ekingsdorf@bkc-law.com) <ekingsdorf@bkc-law.com>; schristina@becnellaw.com; Hugh Lambert (hlambert@thelambertfirm.com) <hlambert@thelambertfirm.com>; Holly Werkema (hwerkema@baronbudd.com) <hwerkema@baronbudd.com>; 'Pete Albanis' <PAlbanis@ForThePeople.com>; gmeunier@gainsben.com
**Subject:** RE: Meet and Confer re Confidentiality Motion
From: Leonard A. Davis

The PSC appreciated the opportunity to participate in a meet and confer with CNBM on March 28, 2017 at our office in New Orleans, Louisiana. We have received your email of March 28, 2017 and we write to confirm our understanding of the present status of confidentiality designations. Specifically, the meet and confer addressed those documents that were identified on Exhibit B to the PSC's Reply to Responses and Opposition by the CNBM Entities to Motion to Remove Confidentiality Designations With Respect to Documents Produced by and Testimony of the Taishan Defendants and Third Parties [Rec. Doc. 20678]. The PSC reserved and continues to reserve its rights to contest confidentiality designations asserted by the CNBM entities as to any other documents that may not appear on Exhibit B. Attached hereto is an updated spreadsheet which identifies each of the documents reviewed at the meet and confer and which may have been addressed in your email of March 28, 2017. Please note the spreadsheet adds an additional column setting forth the status asserted as to each particular document as we understand it at the present time. As to those documents which

you indicated would be redacted, you advised that you will prepare a set of proposed redaction portions and provide hard copies to us by Friday, March 31, 2017. The PSC reserves it right to obtain full manual translations by certified translators of all foreign documents. Further, we reserve our rights with respect to challenges that have been made regarding deposition transcripts. Finally, you advised us that you do not represent and have no position with respect to any Jushi documents, but that you do represent and have set forth the position of Suntech. Should we be mistaken or have stated anything improper in this email or the attachment please advise. The PSC intends on proceeding with the hearing on the motion in accordance with Judge Fallon's Order issued today setting the matter on May 16, 2017 [Rec. Doc. 20717].

**From:** Davidson, Andrew K. [mailto:adavidson@orrick.com]
**Sent:** Tuesday, March 28, 2017 4:54 PM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Russ Herman <RHERMAN@hhklawfirm.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Dear Mr. Herman,

Many thanks for your hospitality today at your office. We appreciate the chance to come to New Orleans and attempt to work through the confidentiality designations.

We write to confirm our understanding of the confidentiality designation discussions today. Please let us know if we are mistaken on any point.

**First**, we discussed, at your direction, only the documents in Exhibit B to the PSC's reply brief. Please confirm that any document that was challenged in Exhibit A to the PSC's motion, but that does not appear in Exhibit B to the reply brief, is no longer one whose confidential designation is disputed by the PSC.

**Second**, we understand that the PSC has withdrawn its prior acknowledgement that document CBMIE00065970 (Contempt 82) was properly designated as confidential. As we explained in our opposition brief, this is a confidential mediation submission to the mediator in non-drywall litigation involving CNBM Forest Products (Canada) and CNBM Import & Export Materials & Equipment. We confirm our position that this document is properly confidential, and have added it to Exhibit E, attached hereto.

**Third**, in an effort to reduce the number of documents in dispute, we confirm our agreement to provide proposed redactions on each of the documents in Exhibit B, attached hereto. We note that many of these documents consist of partial translations, machine translations, and the complete and often much-lengthier Chinese native document. To get the redactions to you this week, we propose that we provide redactions on the PSC's translations only, and that the English translation may be used, as redacted, without confidential designations. The machine translation and native Chinese document would remain confidential.

**Fourth**, we will review documents CNBMCO00324565, CNBMCO00330345, and CBMIE00028128 to determine if we can agree to redact certain information and waive confidentiality. If so, we will provide proposed redactions by Friday.
**Fifth**, as we discussed, we agree to waive confidentiality provisions on the additional documents CNBMCO00215625 (MTD 158) and CNBMCO00280477 (MTD 159).
**Sixth**, and finally, we inadvertently included document CNBMUSA00009676 (Contempt 168) in our list of waived documents. As we stated in our opposition brief, this document is properly designated because it is a strategic business planning document for a non-public company for a period of time including 2017. It contains non-public financial information, asset valuation, revenue and profit information, and internal business strategies. Disclosure of this information would put the company at a strategic disadvantage by revealing ongoing business ventures to competitors.

We have revised the attached document reflecting treatment of the documents at issue as described above.

Again, many thanks for your hospitality on our trip to New Orleans. We look forward to resolving the remaining confidentiality issues

Sincerely,
Andrew

**From:** Davidson, Andrew K.
**Sent:** Friday, March 24, 2017 10:30 AM
**To:** 'Lenny Davis' <LDAVIS@hhklawfirm.com>; Hairston, Eric Matthew <ehairston@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion
Dear Mr. Davis,

We write in connection with the parties' meet and confer efforts regarding the PSC's challenges to the CNBM Entities' confidentiality designations. Below, we provide our understanding of the specific documents at issue, and our proposed treatment of the documents.

1. **Universe of documents at issue**

As an initial matter, we wish to clarify which documents the PSC is challenging. In the December 2016 motion, the PSC identified approximately 300 documents produced by the CNBM Entities for which it argued there was no justification for confidential treatment. In your February 2017 reply, you identify a smaller number of CNBM Entity documents that are still at issue – by our count, as identified by exhibit number, 55 documents produced by one of the CNBM Entities, and 7 documents produced by the BNBM Entities. We presume that any document not listed in "Exhibit B" to your reply in support of motion to remove

confidentiality designations (Rec. Doc. 20678) is no longer at issue for purposes of the PSC's current motion.

1. **Waiver**

In an effort to make this process as productive as possible, we agree to remove confidentiality designations on the documents identified in Exhibit A.

2. **Redaction and waiver**

For an additional number of documents, we propose to waive confidentiality designations subject to redaction of certain information. The information to be redacted would include price, quantity, supplier, purchaser, profit margin, and other non-public commercial information, the publication of which would put the producing CNBM Entity at a competitive disadvantage by making public their willingness to buy and sell goods at specific prices, identifying their shipping needs at certain locations, divulging customer and supplier lists, and identifying profit margins in ongoing commercial arrangements, among other concerns. These documents are identified in Exhibit B.

3. **Confidential documents**

We reiterate our position that documents in the following categories are confidential:

a. **Trade secrets**

Certain documents contain trade secrets, and are properly designated as confidential under Rule 26(c). These are:

- CNBMCO00046759 is an application form for research and development projects. This document contains proprietary non-public information, such as a review of photovoltaic technologies that are under study for use in thin film solar panel production, recent innovations in solar technology, specific multi-year research and development projects, technical drawings, mathematical formulae, and detailed examinations of current designs. The document compares and contrasts internal technology with leading products offered by competitors. Publication of this document would reveal years of research, would give competitors a significant advantage by identifying the strengths and weaknesses of the company's solar products, and would jeopardize the ability to obtain protection for intellectual property, such as patent protection.

These documents are identified in Exhibit C.

b. **Financial and Commercial Information**

Certain documents contain non-public, proprietary financial data relating to business operations. Confidential business information is properly recognized as

property subject to protection. *See, e.g., Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 764174, at \*5 (E.D. La. 2004) (documents showing a party's economic analyses, techniques, and strategies" are properly designated as confidential); *Elloie v. Allstate Ins. Co.*, 2008 WL 4747214, at \*7 (E.D. La. 2008) (protecting confidential and proprietary internal policy and procedure documents); *United States v. United Fruit Co.*, 410 F.2d 553, 557 (5th Cir. 1969 (protecting internal marketing plans). Further, this information is properly subject to protection when contained in the non-public meeting agendas and minutes of the various boards of the CNBM Entities. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (confidential treatment of board materials is appropriate where documents "incorporate confidential business information").

- CNBMCO000327370 – Meeting minutes of the 6th Working Meeting of CNBM Company. This document contains non-public commercial information relating to major investment and personnel matters. It includes internal discussions about business reorganization, potential targets for acquisition, and company financial results.

- CNBMCO00076251 – This document contains non-public "notes" on the Annual Financial Statement for CNBM Investment Co., Ltd., a non-listed, private company. This contains detailed information on assets, debt, accounts payable and receivable, finances relating to ongoing company projects, employment costs, profits, and loss statements. Public release of this documents would give competitors insight into the affairs of a non-listed company and place CNBM Investment at a competitive disadvantage.

- CNBMCO00102014 – This document contains meeting minutes of the 10th president working meeting for CNBM Company. The extensive notes summarize meeting discussions of non-public information, including corporate strategy, investments, business reorganizations, acquisitions, financing decisions, company financial and business targets and personnel decisions.

- CNBMCO00215626 – This document is an email from the legal affairs department that contains internal information relating to a subsidiary's lease agreements and land use issues. Public disclosure could potentially expose the company to embarrassment and liability.

- CNBMCO00280477 – This document is an email that contains non-public information involving social insurance matters. The document discloses that the company in question failed to make payments into certain housing funds for a period of time. Disclosure of this information could potentially expose the company to public embarrassment and liability.

- CNBMCO00324565 – This document is a draft due diligence report prepared in anticipation of CNBM Company's public listing on the Hong Kong exchange. The draft report provides non-public assessments of property management issues, potential issues with local governments, discussion of litigation, and other related issues. The document discusses litigation risks and details resolution strategies and plans. This document also contains detailed information regarding the land assets of the company, including area, location, type, and proprietorship. Release of this information would damage the company by allowing competitors to gain insight into company expansion plans, litigation strategies, and other difficulties that the company has experienced, which could be exploited.

- CNBMCO00339345 – This document was created as part of the internal prospectus drafting process for the listing of CNBM Company. It contains data and other information that was not stated in the final prospectus.

- CNBMCO0366842 – Meeting minutes of the second working meeting of CNBM Company. This document contains long range investment strategy, including project names, subjects, locations, amounts, capacity, construction plans, and other information. Disclosure of this information would reveal CNBM Company's long-term business plans to competitors, putting CNBM Company at a disadvantage.

- CBMIE00028128 – This document is an annual report for CNBM International, an unlisted company. This lengthy document contains extensive information regarding the business organization, financial information including income, profit, assets, and liabilities, personnel (including private information such as birth dates and work history) and staffing levels, and investment and financing activity. Disclosure of this information would reveal personal information and place CNBM International at a competitive disadvantage.

- CNBMUSA00009676 – This document is a development plan for CNBM International for the years 2015-2017. It identifies key strategies for the unlisted company, including pursuit of photovoltaic markets and coal imports. The report contains an analysis of CNBM International's ability to compete in international trading markets, and describes various potential business models. The report also sets out general and specific business, finance, and personnel goals. Disclosure of this information would reveal CNBM International's inner workings to competitors.

- SUNTECH00000212 – This document details the operations, finances, and business development efforts of an unlisted company. The document further describes efforts to develop a relationship with a business partner,

and the retention of an expert to engage in research and development on a specific project. Finally, the document identifies financial difficulties due to unprofitability. The disclosure of this information could potentially put the company at a competitive disadvantage, and could expose the company to embarrassment.

These documents are identified in Exhibit D.

### c.   Other justifications for confidential treatment

Certain documents should be protected from public disclosure for other reasons. These documents are:

- CNBMCO00046745 - This is a contract that contains confidentiality provisions, and specifies that information cannot be shared with third parties. Public disclosure would constitute a breach of contract.

- CBMIE00036914 – This document contains internal discussions of litigation and settlement analyses, including a frank and unflattering assessment of a business partner, the disclosure of which could cause embarrassment and place the producing party at a disadvantage. We note that the PSC agreed that a similar document (CBMIE00065970) discussing the same litigation and settlement was properly designated as confidential.

These documents are identified in Exhibit E.

### 4.   CNBM Group documents

Documents produced by CNBM Group are not subject to challenge, as the Court dismissed CNBM Group pursuant to the Foreign Sovereign Immunities Act. Under Fifth Circuit law, "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 859 (5th Cir. 2000). This includes the burdens of discovery. *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992). The PSC received the documents at issue here months before CNBM Group was dismissed from litigation. The time and ability to challenge confidentiality designations has long since passed. These documents are identified in Exhibit F.

******

We are available to discuss any and all issues and documents any time before late Monday morning, PDT. If you are unable to meet and confer telephonically (and we understand that we are providing short notice), we will plan to meet at your office on March 28th.

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Thursday, March 9, 2017 11:24 AM

**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion
We confirm a meet and confer session at the Herman Herman and Katz office on March 28, 2017. We suggest the meeting begin at 9 am CT. should you have any issues regarding the meet and confer session you desire to address in advance of the meeting please set each item out in writing so we are prepared to discuss the matters and are aware of the particular topics. We will schedule a call with you to take place on one of the dates you propose and as soon as we have a time we will advise so the call can be calendared. In the meantime please send the agenda and any related materials. thanks
Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Thursday, March 9, 2017 1:05 PM
**To:** Lenny Davis; Davidson, Andrew K.
**Cc:** Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E. Eagen Jr.; Arnold Levin; 'Fred Longer'; Sandy Duggan (sduggan@lfsblaw.com); Lillian Flemming; Kate Robinson
**Subject:** RE: Meet and Confer re Confidentiality Motion
Thanks for your response. The 28th is best for us for an in-person session. We propose that the phone conference take place on either the 21st or 23rd. We'll circulate an agenda and related materials in advance of the call. Please let me know who our point of contact should be for the phone conference and we'll work directly with them on timing.

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, March 08, 2017 10:17 AM
**To:** Hairston, Eric Matthew <ehairston@orrick.com>; Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James

<jstengel@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell
(Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin
<alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan
(sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming
<LFLEMMING@hhklawfirm.com>; Kate Robinson
<krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

I returned your call just a few minutes after you called. You did not answer and
there was no voice message system on your return phone number. we do not have
any problem speaking with you but we understood the judge to require a meet and
confer. thus we did what we advised in the pre status conference meeting and set a
date here at our office to meet with your folks and review each and every
document that is claimed by your client to be protected by the PTO. We know of
no other way, at this time, to have a meaningful meet and confer other than to
meet face to face as directed by Judge Fallon unless you provide a de-designation
of confidentiality to the documents at issue. Again please send us a date that will
work to have a meet and confer session at our office so that there are no delays
and the matter can be timely addressed by the court on April 6 if it is not resolved.
Once we have established a firm date and time to meet and confer we can have a
phone conference to address any topic you desire to address regarding the meet
and confer process. As requested in my email from last night please set each issue
out in detail in a memo and send the memo to us so we fully understand whatever
issues you may have and the position you take as to each issue prior to any phone
conference. We will then be prepared to address the issues and see if anything can
be narrowed down. Based on prior attempts at meet and confers we believe this
will be the most efficient method. We appreciate that you do not have any hidden
agenda and we also do not want any delay of the April 6 hearing date. Be assured
we are prepared to meet and confer.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)
*This e-mail message contains confidential, privileged information intended solely
for the addressee. Please do not read, copy, or disseminate it unless you are the
addressee. If you have received it in error, please call us (collect) immediately at
(504) 581-4892 and ask to speak with the message sender. Also, we would
appreciate your forwarding the message back to us and deleting it from your
system. Thank you.*
CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Hairston, Eric Matthew [mailto:ehairston@orrick.com]
**Sent:** Wednesday, March 8, 2017 10:58 AM
**To:** Lenny Davis; Davidson, Andrew K.
**Cc:** Vejnoska, Christopher; Stengel, James; 'Donna Currault'; Ewell (Tim) E.
Eagen Jr.; Arnold Levin; 'Fred Longer'; Sandy Duggan (sduggan@lfsblaw.com);
Lillian Flemming; Kate Robinson
**Subject:** RE: Meet and Confer re Confidentiality Motion
Mr. Davis,

I left a message with your assistant but am heading into a meeting so wanted to follow up over email as well. Our proposal of an initial discussion via telephone is not intended to avoid the parties' meet and confer obligations, but to facilitate the efficient use of everyone's time as we engage in the meet and confer process. We've had prior success working cooperatively with members of the PSC to organize, prioritize, and resolve discovery disputes by phone. We would appreciate the courtesy of a similar effort to narrow and organize the discussion before any in-person meeting on this topic – particularly a meeting requiring significant travel and associated planning for some of the participants. While we appreciate your offer to host the discussions, we believe a good-faith attempt to resolve these issues in an efficient and organized fashion is entirely consistent with Judge Fallon's instruction to meet and confer, and believe that a call in advance of any meeting will help achieve that goal. There are no hidden agendas – we'd just like to narrow the actual agenda prior to meeting in person if at all possible, for everyone's sake.

Please let us know at your earliest convenience if the PSC is willing to participate in our requested meet and confer call.

Thank you,

Eric

---

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, March 07, 2017 5:52 PM
**To:** Davidson, Andrew K. <adavidson@orrick.com>
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>; Arnold Levin <alevin@lfsblaw.com>; 'Fred Longer' <FLonger@lfsblaw.com>; Sandy Duggan (sduggan@lfsblaw.com) <sduggan@lfsblaw.com>; Lillian Flemming <LFLEMMING@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>
**Subject:** RE: Meet and Confer re Confidentiality Motion

Unfortunately you have chosen not to abide by Judge Fallons directives to meet and confer. We followed the directives of the court order and the Judge and have requested that the parties meet and confer in New Orleans where the documents can be reviewed and discussed face to face so that progress could be made to address confidentiality issues. We have assembled teams of lawyers and have printed all of the documents out and are prepared to meet. We provided numerous dates yet you have refused to provide available times to meet and confer. We do not believe phone calls are productive as shown from past unsuccessful meet and confers attempts that have resulted in mere delays and further stalemates. We are prepared to meet with you and your team of lawyers in New Orleans for a meaningful session on the dates we suggested. If you think there are documents that are subject to being declassified as confidential please provide a list, by bates number, and those documents can be resolved. We set out the current list of documents at issue in our reply memo which lists our objection to each document by Producing Party. If you have any issues on this topic you desire to address other than the particular documents please set each issue out in detail in a memo and send the memo to us so we fully understand your issue and the position you take as to each issue. We will be prepared to address the issues at the meet and confer session. We believe this will be the most efficient method so there are no hidden agendas. We will be prepared to address the matters that are disclosed in

advance of the meet and confer and there will not be any delay of the April 6 hearing date. We are not delaying and are prepared to meet and confer.

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

**From:** Davidson, Andrew K. [mailto:adavidson@orrick.com]
**Sent:** Tuesday, March 7, 2017 6:34 PM
**To:** Lenny Davis <LDAVIS@hhklawfirm.com>; Russ Herman <RHERMAN@hhklawfirm.com>; Kate Robinson <krobinson@hhklawfirm.com>; Sandy Duggan <sduggan@lfsblaw.com>; Fred Longer <FLonger@lfsblaw.com>; lflemming@hhklaw.com
**Cc:** Vejnoska, Christopher <cvejnoska@orrick.com>; Stengel, James <jstengel@orrick.com>; Hairston, Eric Matthew <ehairston@orrick.com>; 'Donna Currault' <DCurrault@gordonarata.com>; Ewell (Tim) E. Eagen Jr. <eeagan@gordonarata.com>
**Subject:** Re: Meet and Confer re Confidentiality Motion

Counsel,

Please see attached correspondence regarding your March 3, 2017 email.

Thanks,
Andrew

From: Kate Robinson [mailto:krobinson@hhklawfirm.com]
Sent: Friday, March 03, 2017 10:56 AM
To: Harry Rosenberg (1219)
Cc: Lenny Davis; Russ Herman; Arnold Levin; Lillian Flemming; 'Sandy Duggan' (sduggan@lfsblaw.com<mailto:sduggan@lfsblaw.com>); Fred Longer (FLonger@lfsblaw.com<mailto:FLonger@lfsblaw.com>)
Subject: Meet and Confer re Confidentiality Motion

From: Leonard A. Davis

In accordance with the discussion yesterday, we are prepared to meet and confer at our office on March 21, 22, 27 and 28 to address the PSC's Motion to Remove Confidentiality Designations [Rec. Doc. 20598] and as set forth in Judge Fallon's order dated 3/1/2017 [Rec. Doc. 20695]. In the pre-meeting with Judge Fallon you indicated that you would disseminate to all appropriate Producing Parties the dates of availability and coordinate for the meet and confer. Therefore we are only sending this email to you. We intend on having multiple lawyers attend the meet and confer so that all of the documents can be reviewed. This will involve multi-

tracking of teams so that we can get through the documents. Therefore please be sure that sufficient individuals are present. Please advise the date(s) that are available so that we can coordinate with our teams by Tuesday, March 7.

Kate Robinson
Legal Assistant to Leonard A. Davis and Danielle T. Hufft
Herman, Herman & Katz, LLC
Herman Gerel, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024 (fax)
krobinson@hhklawfirm.com<mailto:krobinson@hhklawfirm.com>
www.hhklawfirm.com<http://www.hhklawfirm.com/>

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r

e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, an
be a communication privileged by law. If you received this e-mail in error, any review, use, disseminatio
distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by r
e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.