UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF THE PLAINTIFFS'
STEERING COMMITTEE'S MOTION TO REDRESS IMPROPER
CONFIDENTIALITY DESIGNATIONS AND ENFORCE ORDER
REQUIRING MANUAL TRANSLATION OF CHINESE
DOCUMENTS IN RECOGNITION OF THE SUGGESTION
OF REMAND OF THE FLORIDA *AMORIN* PLAINTIFFS**

This memorandum is submitted on behalf of the Plaintiffs' Steering Committee ("PSC") in further support of its Motion to Redress Improper Confidentiality Designations and Enforce Order Requiring Manual Translation of Chinese Documents in Recognition of the Suggestion of Remand of the Florida *Amorin* Plaintiffs. Due to the impending remand of more than 1,700 Florida *Amorin* Plaintiffs' cases (likely followed by Louisiana and Virginia *Amorin* Plaintiffs), the need to resolve basic confidentiality and translation issues is ripe for judicial review. As set forth below, the PSC reiterates that the requests outlined in earlier briefing (Rec. Docs. 19658, 19817, 19980, 20751) are legally supported, narrow and reasonable, and in the interest of judicial consistency and judicial economy.

**I.      INTRODUCTION**

The PSC initially challenged the confidentiality designations on fewer than 300 documents produced by the Defendants and a selection of third parties.[1]  These challenges represent the first phase of additional challenges to confidentiality designations that will be filed following a ruling by the Court on the instant motion.

Early in this litigation, on September 25, 2009, the Court entered Pre-Trial Order No. 16 [Rec. Doc. 288] to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, protect materials entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's authority under Fed.R.Civ.P. 26(c), and with the consent of the parties.  As this Court is well aware, the Taishan Defendants took a different course than the Knauf Defendants and chose to interpose needless delay and waste judicial resources (*see* Suggestion of Remand, Opinion and Order of March 3, 2018, Rec. Doc. 21242).  The Court is intimately familiar with the numerous discovery disputes and abuses, and in an effort to promote judicial economy, the PSC will not repeat and go into each of the various discovery matters.  Suffice it to say that thousands of documents and portions of deposition transcripts were marked and designated by the Taishan Defendants as Confidential or Highly Confidential-Restricted Information pursuant to Pre-Trial Order No. 16. The Taishan Defendants, as the Producing Parties, had a good faith obligation only to designate such documents and mark such testimony if the Producing Party "believes in good faith constitutes,

---

[1] Many challenged documents include numerous parts due to the nature of the litigation: Chinese version, English translation by the PSC, English version Redlined by Defendants evidencing translation disputes. When deemed appropriate, each version of a given document was included in the PSC's challenges.

2

reflects, discloses, or contains information subject to protection under Fed.R.Civ.P. 26(c) or other applicable law." Any designations "shall not be overly broad." (*See* paragraphs 6 and 7 of Pre-Trial Order No. 16.) As previously set forth in filings, the PSC contends that the Taishan Defendants improperly designated such documents and deposition testimony as Confidential or Highly Confidential-Restricted Information under Pre-Trial Order No. 16. As a result, the process of addressing the extensive over-designation of confidential documents was addressed by the PSC on February 22, 2016 when Plaintiffs' Liaison Counsel provided a Notice, in accordance with paragraph 28 of Pre-Trial Order No. 16, objecting to the priority of the designations (*see* Rec. Doc. 20096). The meet and confer process has resulted in no less than 13 meet and confer sessions over a two (2) year time span. The most recent meet and confer took place on March 23 and 27, 2018. Prior to that, meet and confers took place on March 27 and 28, 2017 (*see* attached Exhibit "A").

A substantial amount of materials have remained designated as Confidential or Highly Confidential-Restricted Information during the course of this litigation and as a result, filings have had to be made with the Court under seal throughout this timeframe. Because the parties have been unable to reach agreement concerning the treatment of such materials, the PSC properly filed a motion to address the appropriate treatment of the subject materials (*see* paragraph 29 of Pre-Trial Order No. 16 and the PSC's Motion to Remove Confidentiality Designations With Respect to Documents Produced and Testimony of the Taishan Defendants and Third Parties filed December 21, 2016 [Rec. Doc. 20598]).

On April 13, 2018, in anticipation of the Court addressing the matter, the PSC requested that each Producing Party provide the most recent Confidentiality Log required to be produced on

a monthly basis (*see* attached Exhibit "B"). Unfortunately, none of the Taishan Defendants have provided a current Confidentiality Log as of the date of this filing. The inclusion of an up to date current Confidentiality Log is essential so that all counsel in the litigation will be informed of what documents have been designated as Confidential or Highly Confidential-Restricted Information.

As a result of the meet and confer discussions Defendants agreed to remove the confidential designations on certain documents. In addition, the Parties agreed that bank account numbers and routing numbers as well as individuals' salary details are properly designated confidential and subject to redactions. Unfortunately, the Defendants continue to maintain without a proper basis that confidentiality is proper as to the substance of the majority of the challenged documents.

This matter is governed by PTO 16, thus, the burden is on the "Producing Party" to prove that "'good cause' exists for the designation[s] at issue and that the material is entitled to protection as Confidential or Highly Confidential-Restricted Information under applicable law." PTO 16, ¶ 28. Further, any party seeking to bar public access to documents bears the burden to show that privacy interests outweigh the presumption of public access. *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007). Finally, resolution of the confidentiality dispute now serves interests of judicial economy and encourages consistent treatment of these same documents once cases are remanded.

## II. LEGAL STANDARD

### A. DEFENDANTS BEAR THE BURDEN OF PROVING THAT THE CHALLENGED DOCUMENTS AT ISSUE SHOULD BE SEALED AND/OR SHOULD CONTINUE TO RECEIVE CONFIDENTIAL/PROTECTED TREATMENT

The PSC's challenge to 148 documents and 4 deposition excerpts, most of which were attached to various important briefs filed with this Court. As a matter of course, documents used in substantive pleadings are appropriately assigned heightened scrutiny as to whether the content is properly designated privileged. Nonetheless the PSC is requesting that the Court defer a ruling on certain challenged documents attached to the PSC's Motion to Enforce the Contempt Order and Injunction (Rec. Docs. 18302 and 20032) until the Court rules on that motion.[2] The resulting number of documents the PSC asks this Court to de-designate as confidential totals a mere 148 documents and 4 deposition excerpts (*see* attached Exhibit "C" listing the totality of documents still in dispute). The Defendants fail to articulate a legally sufficient reason for maintaining confidentiality designations over the remaining documents.

As the parties claiming confidentiality over the challenged documents at issue, Defendants have the burden of: a) narrowly designating materials as confidential, and b) proving that the confidential designations are proper once they are challenged. Pursuant to Paragraph 6 of PTO 16, Defendants are specifically required not to be overly broad in designating information as confidential. Paragraph 6 of PTO 16 requires that, with respect to making

---

[2] The PSC requests that the Court defer a ruling on the following 31 challenged CNBM documents related to the issue of contempt violations: Contempt Exs., 46, 68, 82, 86, 87, 101, 103, 113-15, 118, 120, 123, 126, 127, 141, 159, 160-163, 165, 168, 171-76, 191 and 192; and 9 Jushi USA documents. These challenged documents are listed on Exhibit A filed with Rec. Doc. 20751 under the "CNBM" and "Jushi" tabs.

confidentiality designations, "...the Producing Party shall do so in good faith ..., **and shall not be overly broad in designating information as Confidential Information** under this Protective Order." (Emphasis added).

Defendants' burden to prove that materials are entitled to confidential treatment is also clearly established by PTO 16. Specifically, Paragraph 28 of PTO 16 states, in pertinent part, that:

> Any party may object to the propriety of the designation (or re-designation) of specific material as Confidential or Highly Confidential-Restricted by serving a written objection upon the Producing Party's counsel. … On such a motion, **the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential-Restricted Information under applicable law**. (Emphasis added).

Further, the applicable jurisprudence,[3] as well as Fed. R. Civ. P. 26(c) also establish Defendants' burden to prove the propriety of their confidential designations.

Fed. R. Civ. P. 26(c) permits a court upon motion of a party to make a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). The prerequisite is a showing of "good cause" made by the party seeking protection. *Id.* Consistent with this rule, PTO 16, ¶28 requires that, once an objection is raised regarding a confidentiality designation, "... the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to

---

[3] *See Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.,* 2005 WL 1309158, at *2 (E.D.La. May 19, 2005) (requiring defendants moving to **seal** parts of judicial record to provide "specifics as to what harm would come to them if this information were not **sealed**") (emphasis added).

6

protection..." The Defendants fail to meet this burden, and in fact, offer little justification in support of their position.[4]

### B. COMMON LAW FAVORS THE PUBLIC'S RIGHT OF ACCESS TO DOCUMENTS FILED WITH PLEADINGS

Generally speaking, "all documents filed for the Court's consideration in a civil case, even if not the subject of a judicial decision, are subject to presumptive access." *Walker Sys. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999); *see also Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1983); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D.C.A. 1984). "Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). "The right to public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *U.S. v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)) (internal quotations omitted). "Due to the overwhelming benefits of public access, a court's discretion to seal records "is to be exercised charily…" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (citing *Macias v. Aaron Rents*, Inc., 288 Fed.Appx. 913, 915 (5th Cir. 2008).

---

[4] *See* also *Haeger v. Goodyear Tire and Rubber Company*, Superior Court of Arizona, Maricopa County, CV2013-052753, filed April 4, 2018 (see attached Exhibit "D").

7

In the instant matter, the Defendants urge the Court to maintain confidentiality over the disputed documents because other Plaintiffs' counsel may access the documents pursuant to PTO 16. *See*, BNBM/CNBM Response to PSC's Mtn. (Rec. Doc. 21306); Taishan's Response (Rec. Doc. 21300). Clearly, Defendants miss the point – confidentiality challenges pursuant to the Protective Order require a showing of good cause as to why the documents shall remain confidential. This litigation has endured since 2009; the public has a right to see these documents, including the 1,700 Florida *Amorin* plaintiffs. Defendants simply ignore this fact, asserting that *counsel* for Plaintiffs may obtain and review such documents. Further, Defendants' fail to present good cause as to why the public's right of access is outweighed by any privacy interest. At best, Defendants provided broad, conclusory statements to support their claims of confidentiality. This shall not do. *See, Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resouece, Inc.*, No. 03-1496, 2004 WL 595236 at *10 (E.D. La. Mar. 23, 2004) (although the producing party "lodged the objection that the information…is confidential and propriety commercial information…this bare assertion, without any proof is not sufficient…."). Defendants' have failed to present good cause as to why their confidentiality designations are proper, thus it is properly within the Courts purview to lift all such designations.

**III.   THE DOCUMENTS AT ISSUE ARE NOT CONFIDENTIAL**

Defendants improperly maintain confidentiality over the documents listed in Exhibit "C". These documents are highly relevant to the litigation; a great number of the documents are attached to the PSC's oppositions to dispositive motions brought by Defendants. Highlighted below are

specific examples from the challenged documents and explanations as to why the documents are not properly designated as confidential.

### A. DEFENDANTS' DISCUSSION OF THE U.S. LAWSUIT DOES NOT INHERENTLY TRIGGER CONFIDENTIALITY

Many documents attached as exhibits to substantive briefing are not confidential. Of particular importance are those documents that show that the Defendants (separately and collectively) had early, comprehensive knowledge about the U.S. Drywall Litigation. For instance, Taishan maintains confidentiality over nine documents,[5] each of which includes specific shipment volumes of drywall sent to the United States, acknowledgement of the drywall litigation, and impressions that the company must seek the permission of its parent companies before responding (or not) to the litigation. During the meet and confers, and in briefing, the Defendants fall short in satisfying the burden that good cause exists to maintain confidentiality over such documents.

For example, Taishan argues that the substance of document TG0208428-208430, "5/11/2009 Informational Report on the Class Actions Brought by the U.S. Parties Against Taishan Gypsum Company Limited"[6] falls within Fed. R. Civ. P. 26(c)(1)(G), the Federal Rule's trade secret subpart. Despite Taishan's assertions, this argument fails. The document itself is a letter from Taishan Gypsum Company to Chief's SONG Zhiping and CAO Jianglin dated May 11, 2009 that describes the publicly filed lawsuits in the United States and drywall shipments to the United

---

[5] These documents have bates numbers TG0129674, TG0129675-129676, TG0129677, TG0208428-208430, TG0217757-217762, TG0218947-218948, TG0369908-369913, TG0370700, and TG0374793-374801.

[6] Filed as exhibit 3 to the PSC's Opposition to Defendants' Motion to Dismiss (Rec. Doc. 19995).

9

States. This document shows that very early in the litigation Taishan Gypsum and its parent companies had sophisticated understanding over the product complaints alleged in the U.S. lawsuits. Further, the document evidences Taishan's mentality toward the U.S. Court system and its intention to avoid judgments in this litigation (*see* attached Exhibit "E", TG0208430). Notably, the document does not contain confidential research, trade secrets or substantive commercial information that warrants Taishan's claim of confidentiality. Taishan Document TG0208428-208430 is certain to be used in all remanded cases. Settling the issue of confidentiality now comports with common law principles permitting public access to the judicial record and will save future judicial resources. The PSC urges the court to lift the confidentiality over this document and other similar documents.[7]

In addition to early knowledge, the challenged documents also include documents showing top-down control by the parent entities that range from Taishan's response to the drywall litigation to marketing plans designed to infiltrate the U.S. drywall market. Again, challenged documents displaying control by the parent entities are largely attached as exhibits to the substantive briefing, such that the Defendants have the burden to show privacy interests outweigh the public's interest of access. These documents include CNBM Group Meeting Minutes and Notices that discuss Taishan's (non)appearance at the Judgment Debtor Examination in July 2014, corporate directives from CNBM Group to BNBM(Group) and others to avoid New York banks, as well as pricing

---

[7] *Supra,* fn. 1; BNBMPLC-E-0001215-1224 (Ex. 145 to Rec. Doc. 19995), BNBMPLC-E-0008152-8166 (Ex. 130 to Rec. Doc. 19995), BNBMPLC-E-0059965-59966 (Ex. 239 to Rec. Doc. 19995 and Ex. 142 to Rec. Doc. 19658), BNBMPLC-E-0059967-59977 (Ex. 186 to Rec. Doc. 19995 and Ex. 158 to Rec. Doc. 19658).

documents related to BNBM drywall and shipments to the United States, to identify a few.[8]  In all instances the Defendants maintain confidentiality is proper and offer a basic description of the contents of the each document.  As described above basic descriptions of a documents' supposed confidential nature is insufficient to maintain confidentiality.

  **B. THE BNBM ENTITITES CANNOT PRODUCE DOCUMENTS and LATER CLAIM THE CONFIDENTIALITY DESIGNATIONS BELONG TO ANOTHER COMPANY**

  BNBM erroneously asserts that a number of documents are confidential because they are CNBM Group documents.[9]  This argument must fail because PTO 16 clearly states that documents produced in the litigation are documents of the Producing Party.  Thus, the Producing Party has the burden of showing "good cause" for the confidentiality designation. PTO 16, ¶28. The BNBM entities failed to meet this burden and instead argue that the document is a confidential CNBM Group document and that the BNBM entities will respect CNBM Group's designation. Any such argument is insufficient to maintain the confidentiality designations.

  **C. CNBM GROUP DOCUMENTS <u>ARE</u> PROPERLY CHALLENGED IN THIS INSTANCE**

  The BNBM/CNBM Defendants assert that because the Court dismissed CNBM Group pursuant to the Foreign Sovereign Immunities Act, the PSC can no longer challenge the confidentiality designation over CNBM Group documents.  In the interest of judicial fairness, this

---

[8] *See,* CNBMGRP00010052- 10053 filed as exhibit 208 to Rec. Doc. 199995, BMBM(Group)-E-0000444- 446 filed as exhibit 67 to Rec. Doc. 19995 and exhibit 50 to Plaintiffs' Opposition to CNBMG's FSIA Motion to Dismiss (Rec. Doc. 19658), BNBM(Group)-E-0008654 (collectively attached as Exhibit "F").

[9] The BNBM entities assert this argument for the following challenged documents: Deposition Ex. 111, 133, 251, 253, 254, 255, 355 (also ex. 130 to Rec. Doc. 19995).

argument must fail. The PSC brought challenges to thirteen CNBM Group documents. All thirteen documents were attached as exhibits to filings by the PSC. Further, eleven of the thirteen documents are of the nature that they should have been produced by other parties in the litigation. The documents of issue are not confidential, are attached to substantive pleadings, and should be accessible to the public. BNBM/CNBM's argument is unwarranted and merely seeks to veil non-confidential documents relevant to Taishan, BNBM and CNBM.

### D. THIS COURT SHOULD COMPEL DEFENDANTS TO PRODUCE PROPOSED REDACTIONS AS NEGOTIATED DURING THE MEET AND CONFER PROCESS

The Parties attempted to settle the instant disputes through a series of meet and confer conversations. In some instances, the Defendants represented that select redactions might resolve the challenges brought by the PSC. Specifically, Taishan argues that guarantees are confidential because the challenged documents contain "financial account information and account numbers." See, Taishan's Opposition to PSC's Motion to Remove Confidentiality Designations, Rec. Doc. 20654 at 7-8. The PSC has since agreed that redaction of account information is proper. Still, Taishan maintains confidentiality over the entire document. Taishan's position is unsupported as a matter of law, *and* the substance of the document (and other like it) is presently publicly available through BNBM's Annual Reports.[10]

Additionally, during one of the meet and confer discussions, counsel for CNBM indicated that proposed redactions for CNBMCO00324565-324578 and CNBMCO00339345-339348 were

---

[10] *See e.g.,* 2013 BNBM Annual Report at 183 (filed as PSC exhibit 13 to Rec. Doc. 19995).

forthcoming. CNBMCO00339345-339348[11] is especially relevant to this litigation because the document is dated August 2005 and discusses BNBM's and Taishan's drywall production, including brand quality and production cost. The relevance of these documents are on point to the subject matter germane to the litigation. CNBM should no longer be afforded the compromise of redacting these documents; confidentiality should be lifted as to their entire contents.

### IV. DE-DESIGNATION NOW WILL PRESERVE JUDICIAL RESOURCES AND ENSURE CONSISTENT TREATMENT OF DOCUMENTS IN FUTURE LITIGATION

Many of the documents of issue in the present confidentiality dispute were essential to substantive briefing on issues of agency and post-litigation conduct. De-designation of the challenged documents will serve the interests of the judicial economy and encourage consistent treatment for each of the challenged documents because these very same issues are germane to theories of liability and alter ego certain to be present in all cases subject to remand. Resolving issues such as confidentiality of documents in one Court due to the anticipated use of those documents in another court serves interests of the judicial economy. *See Weiss v. Allstate Insurance Co.*, No. 06-3774, 2007 WL 2377119 (E.D. La. Aug. 16, 2007), *quoting*, *Frees, Inc. v. McMillian,* 2007 WL 184889, at *4 (E.D. La. Jan. 22, 2007) ("[Courts] routinely allow information discovered in one proceeding to be used in other forums."); *also see, Patterson v. Ford Motor Co.,* 85 F.R.D. 152, 154 (W.D.Tex.1980) ("[s]uch collaboration among plaintiffs' attorneys would come squarely within the aims of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action."). Explaining that Plaintiffs' counsel may obtain

---

[11] Attached as exhibit 235 to Rec. Doc. 19995.

access to the documents for review in preparation for trial by signing onto a protective order is an insufficient argument to support Defendants' position. Plaintiffs have a right to use non-confidential evidence in support of their claims.

It is anticipated that numerous counsel will become involved in almost two thousand different cases that will result following remands of the *Amorin* cases. This number is expected to grow as additional cases are remanded. As a result, it is likely that different parties will seek to utilize different documents in the different cases that are pending in different jurisdictions. This Court should not leave the state of the record in a position where different rulings could create uncertainty depending upon which court rules upon the confidentiality designation of a particular document. If this were to happen, additional confusion will exist. It is anticipated that different issues will be brought up in many of these cases. This will result in the inclusion of many more experts and other people participating in the work-up of cases. The burden placed upon counsel having to deal with an extensive number of documents designated improperly as Confidential or Highly Confidential-Restricted Information should not be placed upon the large number of litigants in this matter. Additionally, the burden placed upon counsel having to file motions requesting that documents be filed under seal will further clog up court records. Thus, it serves all interests to settle disputes of confidentiality now, in advance of substantive briefing in various remand courts.

**V.     ORDER REQUIRING MANUAL TRANSLATIONS**

On January 8, 2016, the Court issued Findings of Fact and Conclusions of Law [Rec. Doc. 19959]. That Order stated "All documents produced from Mr. Peng's computers and emails since

14

October 2016 be accurately (non-machine) translated into English by Taishan at Taishan's costs."[12] As the Court is well aware the PSC went through extensive time and expense to manually translate thousands of documents. Taishan has not reimbursed the PSC for the efforts undertaken by the PSC, yet at the same time, Taishan objects to expending time and effort to make sure that all of the documents are accurately and fully translated. Instead, Taishan sets forth an alternative suggestion plan to satisfy the translation order which essentially relieves Taishan entirely of the obligation to provide non-machine translations. As previously stated in the PSC's Alternative Suggestion to Taishan's Plan to Satisfy Translation Order [Rec. Doc. 20651], only 25% of the pages produced by Taishan are subject to actual manual translation. Taishan misses the point of the PSC's complaint – thousands of hours were spent by the PSC and other common benefit attorneys sifting through machine translations, guessing at content, and sending that guess work to the translation team with the hope the guess work would yield a useful document. Taishan implies that because the PSC unveiled a quantity of relevant documents that the inquiry is over. It is not.

All of the documents need to be fully manually translated so that counsel in future cases will be able to utilize documents that they deem necessary and appropriate for their case. Counsel and the parties in the remand cases should not be burdened as a result of Taishan's bad conduct, which the PSC has already expended thousands upon thousands of dollars to partially address. The record is replete with examples of improper and unusable translations. Should the court choose to review all machine translation provided by Taishan, the PSC is confident that the Court will find precious few machine translations that provide clear substance appropriate to use in

---

[12] Precedent for the Court requiring manual translations can be found in Sections 60 and 61 of Rec. Doc. 19959.

anticipation of trial or at trial *as produced*. For these reasons, the Court should compel Taishan to manually translate documents produced to the PSC during the course of this litigation.

## VI.   CONCLUSION

The PSC seeking to de-designate documents attached to filed, substantive briefing, now serves the interests of all Parties and is supported by common law interests of public access to the judicial process. Defendants failed to show "requisite" good cause to support their claims of confidentiality. For these reasons, and those included above, the Court should enter an order lifting Defendants' claims of confidentiality- particularly those over any documents filed with substantive briefing. Further, Taishan must provide the PSC with accurate (non-machine) translations of all documents as ordered by the Court in the Findings of Fact and Conclusions of Law [Rec. Doc. 19959].

Dated:  April 20, 2018                                    Respectfully Submitted,

By: /s/ Leonard A. Davis
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
rherman@hhklawfim.com
ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*

                     Arnold Levin (on the brief)
                     Fred S. Longer (on the brief)
                     Sandra L. Duggan (on the brief)
                     Levin Sedran & Berman LLP
                     510 Walnut Street, Suite 500
                     Philadelphia, PA 19106
                     Phone: (215) 592-1500
                     Fax: (215) 592-4663
                     alevin@lfsblaw.com
                     *Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Jerrold Seth Parker
Parker Waichman, LLP
3301 Bonita Beach Road
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Anthony D. Irpino (on the brief)
Pearl A. Robertson (on the brief)
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 20th day of April, 2018.

        <u>/s/ Leonard A. Davis</u>
        Leonard A. Davis
        HERMAN, HERMAN & KATZ, LLC
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        Phone: (504) 581-4892
        Fax: (504) 561-6024
        Ldavis@hhklawfirm.com
        Plaintiffs' Liaison Counsel
        MDL 2047
        *Co-counsel for Plaintiffs*