UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION<br><br>MDL NO. 09-2047 |
| THIS DOCUMENT RELATES TO: ALL CASES | SECTION "L" (5) |

### ORDER AND REASONS

Pending before the Court is Plaintiffs' motion to redress improper confidentiality designations and enforce order requiring manual translation of Chinese documents. Rec. Doc. 21280. Defendants oppose the motion. Rec. Docs. 21300 & 21306. The Court will discuss this motion in two separate opinions. This instant Order and Reasons resolves the confidentiality designation aspect of certain Defendants' documents. A separate order will address Plaintiffs' request to enforce the Court's order requiring manual translation of certain Chinese documents.

Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

### I.      RELEVANT PROCEDURAL BACKGROUND

At the outset of this multidistrict litigation, on September 25, 2009, the Court entered Pre-Trial Order No. 16 to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, protect materials entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment. In relevant parts, PTO 16 provides:

> "Confidential Information" as used herein means any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document

> (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

PTO 16, at ¶ 6.

Furthermore,

> In designating discovery materials as Confidential Information, the Producing Party shall do so in good faith consistent with the provisions of this Protective Order and the rulings of the Court, and shall not be overly broad in designating information as Confidential Information under this Protective Order.

*Id.* Similar provisions apply to "highly confidential-restricted" designations. *See id.*, at ¶ 8.

Following this PTO, Defendants have designated certain documents as confidential or highly confidential. The documents were made available to the PSC and were used in various aspects of the case. After a plethora of discovery, a robust motions practice, several bellwether trials, and nine years later, this case is now ready to be returned to the transferor courts. At this stage of the case, the PSC has filed the instant motion questioning the need to maintain the confidentiality designation of these documents.

The parties have recently met and conferred regarding the confidentiality designation of certain documents. Despite the parties' effort, 151 documents remain contested. The Court now addresses Plaintiffs' request.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) and Pre-Trial Order 16 govern here. As the parties claiming confidentiality over the challenged documents at issue, Defendants have the burden of narrowly designating materials as confidential, and proving that the confidential designations are proper once they are challenged. *See Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, 2005 WL 1309158, at *2 (E.D. La. May 19, 2005) (requiring defendants moving to seal parts

of judicial record to provide "specifics as to what harm would come to them if this information were not sealed").

Federal Rule of Civil Procedure 26(c) permits a court upon motion of a party to make a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). The prerequisite is a showing of "good cause" made by the party seeking protection. *Id*.

Consistent with Rule 26, under PTO 16, Defendants are specifically required not to be overly broad in designating information as confidential. PTO 16, at ¶ 6. PTO 16 requires that, once an objection is raised regarding a confidentiality designation, ". . . the Producing Party shall have the burden of proving that 'good cause' exists for the designation at issue and that the material is entitled to protection. . . ." PTO 16, at ¶ 28. Courts routinely remove the confidentiality designation of documents after a court resolves substantive pretrial motions. *See, e.g.*, *In re Agent Orange Product Liability Litigation*, 98 F.R.D. 539, 547 (E.D.N.Y. 1983) (unsealing all materials submitted in connection with summary judgment motions); *In re Petroleum Products Litigation*, 101 F.R.D. 34 (C.D. Cal. 1984) (removing protective order to provide public access to certain pretrial materials filed in connection with certain motions).

### III.    DISCUSSION

The Court has reviewed the challenged documents' confidentiality designation.

#### A.    Not Confidential Documents

Regarding the documents that the Court now removes as confidential, those documents are generally business records, discoverable, relevant to punitive damages, not privileged, and have been repeatedly used in the past six years for motions practice. Not only do Defendants need to demonstrate good cause in labeling these pertinent documents confidential (*i.e.*, attorney work

product, trade secrets, etc.), but also meet a heightened requirement to continue sealing documents that have already been reviewed and utilized in motions before the Court.  *See Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165, 1179-81 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1983); *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 661 (3d Cir. 1991).

For instance, the MDL court in *In re Agent Orange Product Liability Litigation* unsealed all materials submitted in connection with summary judgment motions, even though some of those motions were denied.  *See* 98 F.R.D. at 547.  Likewise, in *In re Petroleum Products Litigation*, a consolidated petroleum products antitrust case, the court lifted the "umbrella" protective order it had initially granted in order to provide public access to certain pretrial materials filed in connection with certain motions.  *See generally* 101 F.R.D. 34.  The *Petroleum* court explained that providing the "public an opportunity to assess the correctness of the judge's decision" was an important justification for allowing public access, *id.* at 43, and that "in determining which items are presumptively open, there seems to be no real justification for drawing a line between documents submitted to the court in connection with a motion before the judge decides the motion and the same documents after the decision."  *Id.*

In this case, the documents that Defendants have labeled as "confidential" or "highly confidential" are in fact mere business records and are not privileged.  These documents have been used repeatedly by parties and this Court during the past six years.  At this juncture, as the Court remands the cases in this MDL and as Plaintiffs' attorneys prepare their trial package, the Court sees little, if any, reason to keep most of the contested documents undersealed.  Under Rule 26 and PTO 16, Defendants have not met their burden of keeping these documents marked confidential or highly confidential.

Finally, the Court considers the historical argument and lesson from the United States Supreme Court on policy considerations on public access to the courts and court documents. "[P]ublic trials play an important role as outlets for 'community concern, hostility, and emotions.'" *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980). "The crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is 'done in a corner [or] in any covert manner.'" *Id.*

Although Defendants argue that the Plaintiffs' attorneys can already use the confidential documents pursuant to PTO 16, their clients, the litigants, and the public also have a non-excludable right to view these records, absent good cause. "The right to public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)) (internal quotations omitted). This litigation has unfortunately been ongoing for the past nine years: the claimants deserve to know the progress and details of their case, and evaluate the performance of their attorneys, their opponents, and this Court. Thousands of homes have been the subject of this litigation. The community as well as the inhabitants of these structures have an interest in knowing the facts, circumstances, and relationships and status of the various defendants.

Given these reasons, the Court now unseals a majority of the contested documents, as provided in the Appendix and marked "NC" or "NC with redaction."

### B.     Confidential Documents

For the time being, certain documents may retain their confidentiality designations. Generally, these documents may fall under attorney work product or trade secrets, for instance.

Out of abundant caution, the Court shall keep these documents sealed, as provided in the Appendix and marked "C."

Nevertheless, the Court, as well as any transferor courts, may unseal these documents at a later date if these documents are indeed relevant to trial and are not privileged information.

## IV.  CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Plaintiffs' motion to redress improper confidentiality designations (Rec. Doc. 21280) is hereby **GRANTED IN PART** and **DENIED IN PART**.  The confidentiality designations of certain discovery documents are hereby **UNSEALED,** as provided in the Appendix.

New Orleans, Louisiana, this 3rd day of May, 2018.

**ELDON E. FALLON**
United States District Judge