UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*ALL CASES*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' LEAD AND LIAISON COUNSEL'S RESPONSE TO
KRUPNICK CAMPBELL MALONE ET AL.'S MOTION TO COMPEL
FEE COMMITTEE TO TRANSMIT TO COMMON BENEFIT COUNSEL
THE COMMITTEE'S RECOMMENDATION AND/OR SET TIMELINES
PURSUANT TO PRE-TRIAL ORDER 28 AND PRE-TRIAL ORDER 28(E)[1]**

## I.     INTRODUCTION

In Pretrial Order No. 28 ("PTO 28"), entered January 10, 2014,[2] the Court, among other things, appointed Michael J. Ryan to serve personally on the Fee Committee to make a recommendation for an allocation of common benefit fees.[3] Although Mr. Ryan is not a member of the Plaintiffs' Steering Committee ("PSC"), his law firm Krupnick Campbell Malone, *et al.* ("KCM Firm") did submit time and expenses to the Court-appointed CPA Phillip A. Garrett pursuant to PTO 9,[4] and they are claiming common benefit fees pursuant to PTO 28. In addition, Mr. Ryan's law firm has submitted settlement claims on behalf of 370 Chinese Drywall class members, which entitles the KCM firm to individual attorneys' fees from the Knauf and related

---

[1] Rec. Doc. 21319.

[2] Rec. Doc. 17379.

[3] *See* PTO 28 at ¶ 21.

[4] Rec. Doc. 147.

settlements. Incredibly and without adequate explanation, the KCM Firm has filed a motion to compel "the Fee Committee to transmit to each law firm seeking common benefit [fees] the Committee's Recommendation[,]"[5] which does not include a recommendation by Mr. Ryan, since he has dissented therefrom. In the alternative, the KCM Firm has asked the Court to "set[] specific deadlines for the Fee Committee to prepare final recommendations to the Court as contemplated by PTO 28 and PTO 28(E)."[6]

There is no basis or precedent for the KCM Firm's Motion to Compel. The motion is premature. The Fee Committee has complied with and continues to comply with the Court's mandates set forth in PTO 28. Therefore, the KCM Firm's motion should be summarily denied.

## II. ARGUMENT

In January 2014, the Court entered PTO 28, setting forth guidelines and an orderly procedure for the award of attorneys' fees and reimbursement of expenses in this litigation. In compliance with that Order, the Fee Committee has (1) analyzed the time and expenses, Initial Affidavits and Second Affidavits submitted by the common benefit fee applicants and met with each law firm seeking common benefit fees; (2) filed a Consolidated Joint Petition for a Global Award of Attorneys' Fees and Reimbursement of Expenses;[7] (3) filed a Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's

---

[5] Rec. Doc. 21319.

[6] *Id*.

[7] Rec. Doc. 17700.

Fees Pursuant to PTO 28(F)[8]; and (4) for over a year, responded to burdensome fee discovery initiated by 23 objectors to the Fee Committee's Allocation Motion,[9] among other things.[10] Most recently, the Fee Committee has met several times as part of its duties in assisting the Court with a recommendation for "an allocation of the amounts awarded by the Court to compensate counsel for common benefit fees and reimbursement of reasonable expenses."[11]

Just four days after the last meeting of the Fee Committee, Mr. Ryan's law firm (which is both a common benefit fee applicant and individual counsel for 370 class members) filed a motion with the Court seeking to compel the Fee Committee to present its recommended allocation to each common benefit fee applicant immediately or, in the alternative, to set deadlines for this to occur. In filing this motion, the KCM Firm ignored the fact that Lead and Liaison Counsel are in the process of preparing detailed written summaries of each firm's common benefit contributions to the litigation, and they informed Mr. Ryan of the same when he requested that the fee applicants be notified immediately of the Fee Committee's recommendation.

---

[8] Rec. Doc. 20290.

[9] *See* Common Benefit Fees Order [Rec. Doc. 21168].

[10] Unfortunately, the fee dispute proceedings are not over. Several motions for interim fee distributions have been filed, including one by the KCM Firm [Rec. Doc. 21212]. In addition, certain objectors filed a 1292(b) motion seeking to immediately appeal the Common Benefit Fees Order [Rec. Doc. 21216].

[11] PTO 28, at 9.

The Motion to Compel is premature. This Court has issued several amendments to PTO 28. Specifically, PTO 28(E)[12] amended paragraph 18 of PTO 28, as follows:

> At a later date, the Court shall set the time for the Fee Committee to make a separate recommendation of fee allocation for each participating attorney or law firm which has submitted a Second Affidavit. The FC shall provide to each participating attorney or law firm notice of the Committee's recommendation as it pertains to the participating attorney or law firm.[13]

This Court did not set a time for the Fee Committee to make a separate recommendation of fee allocation for each participating attorney or law firm. Nevertheless, <u>as soon as the recommendations are ready to be disseminated to common benefit fee applicants pursuant to PTO 28, the Fee Committee will do so in accordance with its responsibilities, just as it has fulfilled all of its duties throughout these proceedings</u>.

No firms have more at stake in this litigation than Lead and Liaison Counsel, who have worked virtually full-time on this case for nine years. They are not sitting idly or engaging in any delay tactics. On the contrary, in addition to their duties as Chairs of the Fee Committee, Lead and Liaison Counsel have overseen and managed the common benefit efforts of the PSC and those working at their direction on a daily basis throughout their tenure on this case. There are more than 21,300 entries on the MDL docket, and the amount of work required to prosecute the Plaintiffs' cases against the recalcitrant Taishan Defendants has not abated.

Currently, there is a 1292(b) Petition pending in the Fifth Circuit dealing with numerous jurisdictional issues related to Taishan's parent entities, BNBM, BNBM Group, and CNBM.

---

[12] Rec. Doc. 18037.

[13] *Id.* at 4.

4

That petition is based on hundreds of pages of briefing and hundreds of exhibits filed by the PSC demonstrating a single business enterprise relationship among the Taishan Defendants under Louisiana law and an agency relationship between Taishan and BNBM under Virginia and Florida law.[14]  In fact, the PSC has been fighting these Defendants' challenges to jurisdiction for many years, going back to Taishan's original motion to dismiss filed in 2010.[15]

In addition, the PSC is preparing for the remand of more than 1,700 cases to Florida and has recommended that the Virginia cases be remanded as well.[16]  Just last week, Lead and Liaison Counsel filed a 30-page opposition to a Motion to Vacate the Conditional Remand Order entered by the Judicial Panel for Multidistrict Litigation.  On top of that, after a two-year battle that included numerous meet-and-confer sessions, multiple briefs and oral argument on May 1, 2018, Plaintiffs' leadership counsel were successful in lifting the confidentiality designations on

---

[14] *See* Jurisdiction Order dated 4/21/2017 [Rec. Doc. 20739].

[15] *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, *aff'd*, 742 F.3d 576 & 753 F.3d 521 (5th Cir. 2014).  Following their entry into the litigation, the CNBM and BNBM Defendants also challenged jurisdiction.  *See* Rec. Docs. 19527, 19646, 19663, 19664.  After the Court denied the CNBM/BNBM motions to dismiss in part, they sought an immediate appeal.  *See* Rec. Doc. 20739; *see also* Rec. Doc. 20779; Defendants' Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), Fifth Circuit Docket 17-90027, filed by CNBM, BNBM Group, and BNBM (permission denied by the Fifth Circuit on September 1, 2017).  An additional round of briefing was completed regarding the impact of *BMS* on the exercise of jurisdiction over Defendants' here.  *See* Rec. Docs. 20882, 20935, 20943, 20944, 20956-2, 20955-2, 20997, 20996, 21000, 21031, 21038, 21036.  After the Court found in Plaintiffs' favor again, Defendants sought to revisit the 1292(b) appeal.  *See* Rec. Doc. 21095; Rec. Doc. 21096; Rec. Doc. 21231 (certifying order for immediate appeal in part).  The petition for permission to appeal is currently pending the Fifth Circuit.  *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, No. 18-90013 (5th Cir.), Doc. No. 00514397054, filed March 15, 2018 (Defendants' Petition); Doc. No. 0051440659, filed March 28, 2018 (Response).

[16] Lead and Liaison Counsel are working hard to complete a Taishan Trial Package for the individual counsel with cases against the Taishan Defendants.  Despite the fact that Mr. Ryan was invited by leadership to participate in the common benefit efforts against these Defendants, he has declined, saying his firm is not interested in doing common benefit work.

numerous key documents needed for the remand cases.[17]  Moreover, as evidenced by their oral argument before the Court on May 1, 2018, Lead and Liaison Counsel continue to fight to enforce the Court's sanctions order requiring Taishan to manually translate documents that the Plaintiffs need to pursue their cases.[18]  Further, Lead and Liaison Counsel's intense efforts to enforce the Court's Contempt Order and Injunction are set forth in detail in the PSC's Substituted Motion,[19] which has been fully briefed and argued and is awaiting a ruling by the Court.

In their roles as Class Counsel for the Porter Blaine/Venture Supply class certified by this Court, Lead and Liaison Counsel recently secured preliminary approval of a settlement of assigned claims on behalf of the class and disseminated notice to all class members.[20]  The Fairness Hearing for that settlement is scheduled for July 12, 2018.[21]

Finally, Lead and Liaison Counsel continue to oversee and manage the production of evidence and completion of Supplemental Plaintiff Profile Forms ("SPPFs") by the *Amorin* class members in response to PTOs 11A and 11B.  The creation and implementation of the SPPFs by the PSC were a negotiated compromise that resulted after Plaintiffs were presented with a motion to compel discovery by Defendants.

---

[17] Rec. Doc. 21317.

[18] *See* Rec. Doc. 21318 (Ordering the parties to make a final attempt to meet and confer in the next 30 days in an effort to resolve the translation issue).

[19] Rec. Doc. 20032.

[20] Rec. Doc. 21307.

[21] *Id.*

Given all of this litigation activity, it is therefore understandable that in the four days that transpired last week between the Fee Committee's meeting on Monday afternoon, April 30th and the filing of the KCM Firm's motion to compel on Friday, May 4th (with an intervening status conference and oral argument on three motions on Tuesday of that same week), Lead and Liaison Counsel did not immediately disseminate to the common benefit fee applicants their recommended allocation. As Mr. Ryan is well aware, Lead and Liaison Counsel are in the process of preparing summaries of each firm's common benefit contributions to the litigation, which will be shared with the Fee Committee for comments before they are filed with the Court. In addition, there is a pending 1292(b) motion that was filed by certain Fee Objectors seeking to immediately appeal the Common Benefit Fees Order and *decrease* the amount of common benefit fees. But, most importantly, Lead and Liaison Counsel intend to and will disseminate the Fee Committee's recommendation to all applicants as soon as it is ready to be shared with them. In all likelihood, this will occur *before* the date set for submission of the KCM Firm's motion, June 12, 2018, rendering the efforts spent in responding to his motion moot and a waste of time.

### III.  CONCLUSION

The KCM Firm's Motion to Compel is premature and should be denied.

Respectfully submitted,

Dated: May 7, 2018                    /s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfirm.com
*Plaintiffs' Liaison Counsel MDL 2047*
*Fee Committee Co-Chair/Secretary*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
LEVIN, SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*
*Fee Committee Chair*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of May, 2018.

/s/ Leonard A. Davis
Leonard A. Davis, Esquire
Herman, Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel MDL 2047
*Co-counsel for Plaintiffs*