UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | JUDGE ELDON E. FALLON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PRE-TRIAL ORDER NO. 32

## ESTABLISHING INITIAL STEP TO DETERMINE ALLOCATION OF SETTLEMENT FUNDS OR JUDGMENT AWARDS TO PLAINTIFFS AND ATTORNEYS RESULTING FROM REMANDED CASES

Following the Court's Suggestion of Remand, Order and Opinion (Rec. Doc 21242) regarding certain cases in this MDL, the Plaintiffs' Steering Committee has submitted a motion to establish a common benefit attorneys' fees fund. The PSC seeks to secure a specific holdback of certain future funds resulting from settlement or judgment in cases that will be remanded, in order to provide an equitable allocation and compensation of fees and costs for valuable common benefit work. Certain contract attorneys oppose the PSC's request, claiming that the PSC's motion is premature and further challenging their hours logged for common benefit work.

The Court is faced with the issue of balancing the interest of individual plaintiffs, common benefit counsel, and individually retained counsel. The PSC and common benefit counsel have made great and valuable contributions to this MDL: to wit, organizing to-date 99 monthly status conferences; taking over 170 depositions, including depositions from two overseas trip to Hong Kong, China, S.A.R.; reviewing over 500,000 pages of documents; prosecuting important bellwether cases involving seven individual properties (Rec. Doc. 2380); securing default judgments against Taishan (Rec. Doc. 3031); assembling the Taishan Trial Package, which

1

includes colossal volumes of discovery product and depositions; and achieving essential jurisdictional victories to hold Defendants liable, *see In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014). If their tireless effort bears any fruit, then the PSC and common benefit counsel are entitled to due compensation.

Similarly, individually retained counsel may perform significant tasks when the cases are remanded, including work for trials and settlements. At this point, it is unclear what the final value of Plaintiffs' claims will be or the nature and extent of the work required by contract counsel. Given all the uncertainty surrounding remand, the Court is tasked with the responsibility of protecting all parties' interest.

Accordingly, this Pre-Trial Order is hereby entered to provide a fair and equitable procedure for distributing funds among plaintiffs, their individually retained counsel, and the court-appointed common benefit counsel in this complex litigation involving cases that are the subject of a remand order.

**IT IS ORDERED:**

1. All plaintiffs and their attorneys who, either agree or have agreed — for a monetary consideration — to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to a Chinese drywall claim that has been remanded, are subject to this Order.

2. Upon any settlement, compromise, or judgment for monetary damages or other monetary relief, Plaintiff(s) and Defendants shall inform the Court within three (3) days of such event. Defendants shall not furnish any payment — to either plaintiff(s) or attorney(s) — until

this Court confers with the transferor court regarding proper procedures to allocate a fair and equitable division among plaintiff(s), individually retained counsel, and common benefit counsel. The Court will then promptly make a fair and reasonable allocation of the available funds to plaintiff(s) and attorney(s).

3. Any distribution of funds resulting from cases that have been remanded will be pursuant to a subsequent order by the Court in accordance with applicable principles of law governing fee awards and consideration of the adequacy of the total recovery for plaintiff(s).

New Orleans, Louisiana, this 14th day of May, 2018.

**ELDON E. FALLON**
United States District Judge