UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION L |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | JUDGE ELDON E. FALLON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PRE-TRIAL ORDER NO. 28(G)
SUPPLEMENTAL INSTRUCTIONS UNDER STEP FOUR OF PTO 28

On January 10, 2014, this Court entered Pretrial Order 28 regarding attorney fee and cost reimbursement guidelines [Rec. Doc. 17379]. On January 27, 2014, this Court entered Pretrial Order 28(A) clarifying that the time and expense records to be considered pursuant to PTO 28 shall reflect work performed up to and including December 31, 2013 [Rec. Doc. 17402]. On March 25, 2014, this Court entered Pretrial Order 28(B) [Rec. Doc. 17567] extending certain deadlines contained in PTO 28. On April 28, 2014, this Court entered Pretrial Order 28(C) [Rec. Doc. 17639] further extending some of the deadlines set forth in Step Three of PTO 28. On July 9, 2014, this Court entered Pretrial Order 28(D) [Rec. Doc. 17832] which appointed Leonard A. Davis as Assistant Secretary to the Fee Committee. On October 6, 2014, this Court entered Pretrial Order 28(E) [Rec. Doc. 18037], which addressed the allocation of common benefit fees and individual counsels' fees.

On February 9, 2018, pursuant to Step Four of the multi-step process set forth in PTO 28, Plaintiffs' Lead and Liaison Counsel have filed a motion seeking an assessment of common benefit fees from any Chinese Drywall case or claim not participating as a Class Member or claimant in any of the various interrelated Class Action Settlement Agreements approved by the Court. The various Class Action Settlement Agreements include Banner, InEx, Knauf, L&W, Global, and four

1

Virginia Class Settlements. Based on the Court's Order and Reasons Setting Common Benefit Fees [Rec. Doc. 21168], Plaintiffs' Lead and Liaison Counsel have requested an assessment be paid to common benefit counsel in the amount of 52-percent of the fees awarded in all Chinese Drywall cases involving Knauf Chinese Drywall that did not participate in the class settlements approved by the Court.

Certain contract attorneys oppose Plaintiffs' Lead and Liaison Counsel's request, challenging the hours logged for common benefit work and alleging that some additional common benefit fees would amount to double recovery or billing.

After reviewing the parties' submissions, the Court defers finding an allocation of common benefit fees for cases not involved in the previously approved class settlements until a later date. Common benefit fees are based on the principle of equity and her blood-brother, *quantum meruit*. Such determination of common benefit fees requires the Court to evaluate the litigation results, including the total recovery value and an assessment of benefits conferred or contributed by common benefit work. For example, certain individually-retained attorneys may rely heavily on common benefit work product, in which case a higher common benefit fee is fair and reasonable. On the other hand, some individually-retained attorneys may prosecute cases without much assistance or any assistance from common benefit counsel, which would warrant less common benefit fees, if any. Because such determination is case-specific, the Court cannot make a determination of common benefit fees arising from non-settling claims at this juncture.

Accordingly, this Pretrial Order is hereby entered to provide a fair and equitable procedure for distributing funds among plaintiffs, their individually retained counsel, and the court-appointed common benefit counsel in this complex litigation involving Knauf Chinese Drywall that did not participate in the class settlements previously approved by the Court.

**IT IS ORDERED:**

1. All plaintiffs and their attorneys who, either agree or have agreed — for a monetary consideration — to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to a Knauf Chinese drywall claim that did not participate in the class settlements previously approved by the Court, are subject to this Order.

2. Upon any settlement, compromise, or judgment for monetary damages or other monetary relief, Plaintiff(s) and Defendants shall inform the Court within three (3) days of such event. Defendants shall not furnish any payment — to either plaintiff(s) or attorney(s) — until this Court assesses the available funds in order to allocate a fair and equitable division among plaintiff(s), individually retained counsel, and common benefit counsel. The Court will then promptly make a fair and reasonable allocation of the available funds to plaintiff(s) and attorney(s).

3. Any distribution of funds will be pursuant to a subsequent order by the Court in accordance with applicable principles of law governing fee awards and consideration of the adequacy of the total recovery for plaintiff(s).

New Orleans, Louisiana, this 14th day of May, 2018.

_____
**ELDON E. FALLON**
United States District Judge