# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | : | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | SECTION: L |
| LITIGATION | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| *ALL CASES* | : | |
| | : | |

## KRUPNICK CAMPBELL MALONE ET AL.'S JOINDER IN RELIEF SOUGHT IN YANCE LAW FIRM'S MOTION TO IMMEDIATELY TRANSFER ATTORNEY FEE QUALIFIED SETTLEMENT FUND TO A DIFFERENT DEPOSITORY OR BACK INTO THE COURT REGISTRY

The undersigned law firm, Krupnick Campbell Malone, et al. (hereinafter "KCM Firm") respectfully, hereby files a Joinder in Relief Sought in Yance Law Firm's Motion to Immediately Transfer Attorney Fee Qualified Settlement Fund To A Different Depository or Back Into the Court Registry [D.E. 21338 and 21338-1].

In summary, after making every effort to obtain information and resolve questions related to the investment strategy and instructions involving the attorneys' fee fund managed by Esquire Bank, the Undersigned joins in the relief sought by the Yance Law Firm in so far as it seeks to have this Court examine Esquire Bank's compliance with the September 10, 2013 Order, evaluate the investment and reinvestment strategies, and/or reconsider the use of Esquire Bank for the deposit/investment of the attorneys' fee funds.[1]

---

[1] The Undersigned is a Court-appointed member of the Fee Committee.  Pre-Trial Order 28, para. 21. However, the Undersigned is not a member of the Plaintiffs Steering Committee. As a result, the Undersigned did not have access to periodic updates on the investment  and reinvestment strategies of the attorneys' fee fund established by this Court.

According to the Court's September 10, 2013 Order establishing the Qualified Settlement Fund to hold the attorneys' fees at Esquire Bank:

- The investment of the funds must be in direct obligations of, or obligations fully guaranteed by, the United States of America or any agency thereof;[2]

- BrownGreer and Class Counsel (Russ Herman and Arnold Levin) may provide Esquire Bank with instructions changing the investment and reinvestment of the funds.  As a result, it is apparent the Court expected BrownGreer and Class Counsel to oversee the investment strategy and even implement alternatives, if necessary and appropriate;

- Esquire Bank was to provide BrownGreer and Class Counsel the copies of the materials associated with the investment vehicle chosen.

[D.E. 17073, para. 6(a)-(c)].

As a member of the Fee Committee, after learning that for the entire year of 2016 the fund only earned $35,094.06 (or .019%), the Undersigned sought information related to the investment and reinvestment strategy – past and current.  The Undersigned was provided an email from Phil Garrett in December 2017 directed to a member of the PSC who was apparently also requesting information related to the interest yield, which explained that Esquire was focused on the safety of the fund not return on investment.  See Exhibit A.

---

[2] There was a limited exception in the circumstances that additional funds provided to the bank may be held by the bank until the next day if the deposit of the funds occurred after 10 AM EST; the next day, however, Esquire Bank was required to invest as indicated in the Order.

Later, as part of continuing inquiries, information as to interest yields was provided:

| Year | Year End Balance | Interest Earned | QSF Fees |
|---|---|---|---|
| 2014 | $190,077,141.62 | $11,722.61 | $3,100.00 |
| 2015 | $176,895,660.10 | $31,735.48 | $0 |
| 2016 | $194,643,849.46 | $35,094.06 | $0 |
| 2017 | $189,510,333.24 | $169,048.95 | $0 |
| 2018 (April) | $189,599,892.73 | $223,920.82 | $0 |
| **Total Interest** | | **$471,521.92** | **$3,100.00** |

However, to date, despite repeated requests to Lead and Liaison Counsel and BrownGreer for information as it relates to the investment vehicles, the investment and reinvestment strategies and compliance with September 10, 2013 Order of this Court, Lead Counsel refuse to provide any information to the Undersigned.  Instead, Lead Counsel has indicated that such responsive information will only be forthcoming when they file their Response to Yance Law Firm motion.

As a member of the Fee Committee, the Undersigned believes since at least 2015, if not earlier, it has been a virtual certainty, despite hopes and efforts of many, that there was not going to be a speedy, or even timely, resolution of the attorneys' fee allocation.  It was entirely predictable to Lead and Liaison Counsel, given the recommendations and strategies as it relates to proposing fee allocations, that it would be years before there was any resolution.

In fact, as the Court may remember, the Undersigned has expressed frustration, both in pleadings and in open court, regarding the process for recommendation for allocation of fees. The Undersigned filed a Motion For Interim Disbursement, [D.E. 21212], which was denied. [D.E. 21322].  Most recently, the Undersigned took the unusual step of actually filing a Motion to Compel Lead and Liaison Counsel to transmit the completed recommendations for Common

3

Benefit allocation so as to initiate the timelines established in PTO 28, paragraph 9.  [D.E. 21319].  To date, the April 30, 2018 Fee Committee Recommendations for common benefit fee allocation have yet to be been transmitted to common benefit counsel – despite requests and even the filing of a motion to compel such.

The current posture of Lead and Liaison Counsel as to the Common Benefit allocation has absolutely zero chance of catalyzing amicable resolution. To the contrary, the predictable response from PSC members to the expected Common Benefit Fee Allocation Recommendation will be anything other than welcoming.  As a result, recriminations and threats of appeals (or actual appeals) will predictably prevent disbursement of funds in any conceivable definition of near-term.

Recognizing that the course of the fee dispute was not (and is not ) expected to be a short or comfortable journey towards resolution, the Undersigned highlighted to Lead and Liaison Counsel, irrespective of past earnings, maximizing returns going forward, without jeopardizing the security of the fund, must be considered.  While short term T-bill rates certainly have fluctuated over the years, even .5 percent, as in 2016, would have generated an additional $1,000,000.   This past month, the six-month short-term Federal T-bill rates were over 1.5%, which is $3,000,000 in interest annualized.[3]

To date, despite repeated direct inquiries and every reasonable effort by the Undersigned, Lead and Liaison Counsel have refused to explain the deposit/investment strategy and provide documents confirming that such strategies complied with September 10, 2013 Order.  Therefore, regrettably, based upon the foreseeable future delays in the resolving the attorneys' fees

---

[3] Perhaps there is some legitimate explanation for the astonishingly low yield in 2014, 2015 and 2016, and the very low yields for 2017 and 2018.  However, because of the lack of information being provided, which should be easily accessible to both Lead and Liaison Counsel, as well as BrownGreer, potential explanations cannot be evaluated.

4

allocation and the low interest yield on the funds, the Undersigned joins in the relief sought by the Yance Law Firm in so far as it seeks to have this Court examine Esquire Bank's compliance with the September 10, 2013 Order, evaluate the investment and reinvestment strategies, and/or reconsider the use of Esquire Bank for the deposit/investment of these funds.

Dated:  May 22, 2018.

                                      Respectfully submitted,

                                      /s *Michael J. Ryan*_____
                                      Michael J. Ryan, Esquire
                                      Bar No. 975990
                                      Krupnick Campbell Malone Buser Slama
                                      Hancock Liberman  P.A.
                                      12 S.E. 7 Street, Suite 801
                                      Fort Lauderdale, FL  33301
                                      Phone (954) 763-8181
                                      Fax (954) 763-8292
                                      pleadings-MJR@krupnicklaw.com
                                      mryan@krupnicklaw.com
                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing KRUPNICK CAMPBELL MALONE ET AL.'S JOINDER IN RELIEF SOUGHT IN YANCE LAW FIRM'S MOTION TO IMMEDIATELY TRANSFER ATTORNEY FEE QUALIFIED SETTLEMENT FUND TO A DIFFERENT DEPOSITORY OR BACK INTO THE COURT REGISTRY has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & ServeXpress f/k/a LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

Dated:   May 22, 2018

                                            /s *Michael J. Ryan*_____
                                            Michael J. Ryan, Esquire
                                            Bar No. 975990
                                            Krupnick Campbell Malone Buser Slama
                                            Hancock Liberman  P.A.
                                            12 S.E. 7 Street, Suite 801
                                            Fort Lauderdale, FL  33301
                                            Phone (954) 763-8181
                                            Fax (954) 763-8292
                                            pleadings-MJR@krupnicklaw.com
                                            mryan@krupnicklaw.com
                                            *Attorneys for Plaintiffs*