UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED
DRYWALL
PRODUCTS LIABILITY LITIGATION

**THIS DOCUMENT RELATES TO:**

Payton et al v. Knauf Gips KG et al,
Case No. 2:09-cv-07628-EEF-JCW

Rogers et al v. Knauf Gips KG et al
Case No. 2:10-cv-00362-EEF-JCW

Amato et al v. Liberty Mutual Insurance
Company et al
Case No. 2:10-cv-00932-EEF-JCW

MDL NO. 2047
SECTION L

JUDGE FALLON
MAGISTRATE JUDGE
WILKINSON

_____/

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DAVID ORLOWSKI'S AMENDED MOTION TO BE INCLUDED AS A TIMELY FILLED CLAIMANT**

Plaintiff David Orlowski ("Plaintiff"), by and through their undersigned counsel, hereby files this Memorandum of Law in support of his Amended Motion to be included as a timely filled claimant, thereby authorizing the court appointed Settlement Administrator to review Plaintiff's claim and in support states the following:

1. As to the "other losses," Orlowski provided the Settlement Administrator with Verification of Claims and Receipt supporting his claim for "Other Loss Funds" based on damages he sustained to his Air Conditioning Unit and various electronics as a result of the Chinese Manufactured Drywall installed in his home.

2. After filing these documents, the Settlement Administrator confirmed with Plaintiff Orlowski and the undersigned counsel that the forms were received and would be reviewed.

3. In fact, on February 4, 2015, Orlowski received emails that indicated he would be receiving payment.

4. No subsequent payment was received by Orlowski and no denial was ever received. Plaintiff was not notified of any deficiency prior to the October 25, 2013 deadline.

5. In ascertaining whether excusable neglect exists regarding the filing of a Proof of Claim after the bar date, the determination is an equitable one, taking into account all relevant circumstances surrounding the party's omission including whether it was in the reasonable control of the movant and whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associated LP,* 113 S.Ct. 1489, 1498 (1993).

6. Alternatively, Mr. Orlowski seeks the allowance of a timely filed proof of claim under the principles which allow an informal Proof of Claim as a timely filed Proof of Claim.

7. "The general rule (regarding an informal proof of claim) is that a claim arises where the creditor evidences an intent to assert its claim against the Debtor. *In re: International Horizons, Inc.* 751 F.2d 1213, 1217 (11th Cir. 1985), *citing Wilken v Simon Brothers, Inc., 731 F.2d, 462, 265 (7th Cir. 1984).* An informal proof of claim at a minimum must furnish the information that a formal proof of claim would give which includes the fact that the claimant has what it believes to be a legal claim for money owed. *Id* at 1218.

12. In our case, ORLOWSKI supplied the information to the Settlement Administrator which evidenced the amount of money due to him and is alternatively

entitled to an informal proof of claim which should be allowed as a timely filed Proof of Claim.

    Respectfully Submitted,
    Moffa & Breuer, PLLC
    1776 N Pine Island Rd, Suite 102
    Plantation, Florida 33322
    Telephone:  954-634-4733
    electronic mail: david@moffa.law
    electronic mail: allusers@moffa.law


    By:  /s/ David Bierman
    David Bierman, Esquire
    FL Bar No. 0020720