UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | MDL NO.   2047<br>SECTION:   L<br>JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:** | |

*Amorin v. Taishan Gypsum Co., Ltd.*, et al.,
Case No. 11-1395 (EDLA)

*Amorin v. Taishan Gypsum Co., Ltd.*, et al.,
Case No. 11-1672 (EDLA)

*Amorin v. Taishan Gypsum Co., Ltd.*, et al.,
Case No. 11-1673
_____/

### PLAINTIFFS' MEMORANDUM AND OPPOSITION RESPONSE TO TAISHAN, CNBM, BNBM, AND BNBM PLC'S MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS FOR FAILURE TO COMPLETE SUPPLEMENTAL PROFILE FORMS

COME NOW certain Plaintiffs represented by Parker Waichman LLP and that shall be listed below, by and through undersigned counsel, and hereby respectfully submits this Memorandum in Opposition to Taishan, CNBM, BNBM, and BNBM PLC's (hereinafter "Defendants") Motion to Dismiss Certain Plaintiffs' Claims for Failure to Complete Supplemental Profile Forms dated May 31, 2018, and would state as follows:

### FACTUAL HISTORY AND BACKGROUND

Over the course of almost a decade, the Defendants have intentionally neglected and dragged the Chinese Drywall Litigation and its Plaintiffs' through uncertainty and doubt. It is well documented how Defendants have failed to take responsibility for their defective product that has destroyed homes and homeowner's financial and emotional well-being. Defendants have ignored several court orders for many years for which they have been sanctioned, yet they

have been allowed to continue to defend the merits of their case.  This nightmarish delay has been prolonged for several years and has not only frustrated the Plaintiffs but has also broken some of their spirits.  Understandably some believe any further efforts in this litigation are futile.  Over the course of several years, some Plaintiffs have moved from their affected homes, moved to other countries, changed their contact information, become sick with serious illnesses, developed age related difficulties, had a family separation, and/or lost hope.

All Parker Waichman LLP Plaintiffs subject to Defendants' Request for Dismissal have complied with all prior requirements imposed by this Honorable Court.  Now Defendants want to request the most severe sanction available to be imposed on certain claimants for a one-time late submission of an updated profile form.  We respectfully request this Honorable Court deny Defendants' Motion.

## ARGUMENT

### I. Defendants' Motion should be considered Moot and Resolved as for Plaintiffs who have submitted SPPF's.

The following Plaintiffs are represented by Parker Waichman LLP and have already submitted SPPF's but are currently on Defendants' Motion to Dismiss Certain Claims for Failure to timely Complete a Supplemental Plaintiff Profile Form (SPPF):

| | |
|---|---|
| Garcia, Alexander and Sylvia | 8049 West 36th Avenue, Unit #1 |
| Mancini, Richard | 11813 Bayport Lane 304 |
| Perez, Carlos | 8129 W 36th Street Unit #3 |
| Santiago, Angel and Yvette | 4018 NW 12th Street |

| | |
|---|---|
| Whitfield, Douglas, Sherry de Leon, Gordon and Donna | 2609 Veronica Drive |
| Wilson, Darrell and Darlene | 24226 Santa Inez Road |
| Zavala, Carlos | 14119 Danpark Loop |

All of the above listed Plaintiffs have already submitted SPPF's with the accompanying verification page prior to the filing of this Motion and court Hearing on Defendants' Motion to Dismiss. Defendants' motion should be considered resolved and moot. As for the SPPF's being submitted late, Plaintiffs have good cause for the late submissions and should be excused. As discussed above, Defendants in part created the difficulties because of their prolonged neglect and delay in the case. Defendants should not now be rewarded by having these Plaintiffs' claims dismissed outright.

Furthermore, a one-time occurrence of submitting late discovery should not be met with the consequence of having their claim completely extinguished. The Fifth Circuit in *Marshall v. Segona* held that dismissal for failure to comply with discovery orders is to be sparingly used and only in situations where its deterrent value cannot be substantially achieved by use of less drastic sanctions. 621 F.2d 763 (5th Cir. 1980). In addition, the Fifth Circuit held that dismissal is too harsh a sanction where a number of factors, singly or in combination, are present. *Id*. at 767 – 768. Here, the above listed Plaintiffs had moved and/or changed contact information because of the prolonged litigation caused by Defendants. In addition, they were difficult to locate, and thus were not initially aware of the requirements in Pretrial Orders 11A and 11B. Through undersigned counsel's efforts in the form of background searches, we were finally able to locate

these Plaintiffs and they have since complied with their SPPF submissions. These Plaintiffs' claims should be preserved as there is no prejudice to the Defendants for this late submission.

## II. Certain Claimants' Good Faith Request for Additional Time to Respond

The following Plaintiffs are represented by Parker Waichman LLP and need additional time to respond and submit their SPPF's, but are currently on Defendants' Motion to Dismiss Certain Claims for Failure to Timely Complete a Supplemental Plaintiff Profile Form (SPPF):

| | |
|---|---|
| Amaral, Antonio and Isabel | 5221 Athens Way |
| Caputo, Marc Turer, Scott | 2220 Soho Bay Court |
| Cummings, Byron and Leslie | 221 SE 24th Street |
| Smith, Richard | 8001 Sherwood Circle |

As discussed above, after several years of protracted litigation, several claimants have moved from their properties and had major life events that made it difficult to communicate with them. As verified in Parker Waichman LLP's attached Affidavit, significant efforts were made to locate these Plaintiffs so they may respond to Pretrial Orders 11A and 11B. After several months of continuously reaching out to these Plaintiffs, they have finally responded and have requested additional time to complete the SPPF's.

We have recently communicated with Antonio Amaral and Isabel Amaral and they have informed us that Ms. Amaral has been dealing with a serious illness since March 2018 and is currently undergoing treatment. She has promised to submit an SPPF as soon as she is able.

In regards to Marc Caputo and Scott Turer, we have not been able to reach Mr. Caputo but have recently communicated with Mr. Turer. Mr. Turer relied on Mr. Caputo for most of the

information regarding their affected property but has not been able to locate Mr. Caputo. Mr. Turer as since requested additional time to be able to submit a proper and completed SPPF.

We have communicated with Bryon and Leslie Cummings and initially they were discouraged with how the litigation in general has transpired and essentially have lost hope. In addition, they have since filed for bankruptcy and so they question whether any further efforts by them would be futile. They recently informed us that they would like to do proceed and need additional time to submit their SPPF.

In regards to Richard Smith, we have been in constant communication with him and he has informed us that he requires help from his brother to complete the form but has had difficulties. Mr. Smith has requested additional time to complete the SPPF. Accordingly, we now humbly request this Honorable Court to extend the time for which these claimants can submit their SPPF's for excusable neglect based on good cause and factors imposed by Defendants.

## **CONCLUSION**

Whether for Plaintiffs who have already submitted SPPFs or for those who require additional time, the undersigned prays this Court deny Defendants' Motion to Dismiss and allow Claimants to submit their SPPF's and enjoy their right to their day in Court. Defendants asking for the most severe sanction available is not only unfair but also unreasonable given the one-time late submission and no pattern of discovery abuse or delay. In fact, Defendants should allow Plaintiffs to participate in this litigation once again after the several years of doubt Defendants have cast upon their cases and well-being. Given their clean history of complying with everything that has been asked for prior to Pre-Trial Order 11A and 11B, dismissal of these

Plaintiffs' claims is too severe and unwarranted. Accordingly, we respectfully request this Honorable Court Deny Defendants' Motion.

Respectfully submitted this 3rd day of July, 2018.

      /s/ Francisco A. Albites      
FRANCISCO A. ALBITES, ESQ.
Florida Bar NO. 78046
PARKER WAICHMAN LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Direct: (239) 390-8612
Fax: (239) 390-0055
PWFLPleadings@yourlawyer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion has been provided to Plaintiff's Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, by email and upon all parties by electronically uploading the same to File & Serve Xpress f/k/a LexisNexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of July, 2018.

      /s/ Francisco A. Albites      
FRANCISCO A. ALBITES, ESQ.
Florida Bar NO. 78046
PARKER WAICHMAN LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
Phone: (239) 390-1000
Direct: (239) 390-8612
Fax: (239) 390-0055
PWFLPleadings@yourlawyer.com