IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO:<br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.,* Case No. 11-1672 (S.D. Fl.);<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co.,* Case No. 11-1395 E.D. La.); and<br><br>*Amorin v. Taishan Gypsum Co., Ltd, f/k/a Shandong Taihe Dongxin Co., Ltd.,* Case No. 11-1673 (E.D. Va.). | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS CLAIM FOR FAILURE TO COMPLETE SUPPLEMENTAL PROFILE FORMS**

NOW IN COURT comes the Plaintiffs, Brian Bishop, Russell Breckenridge, Lawrence Fields, Adam Hudson, Christie Lopez, Don Noldge, and Ronald Tracey, by and through counsel, and respectfully submit this Response in Opposition to the Motion to Dismiss for Failure to Complete Supplemental Profile Forms, filed by Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. (collectively "Taishan"). In opposition, the Plaintiffs submit as follows:

## FACTS

On January 24, 2018, this Court entered PTO 11A requiring the Plaintiffs to submit Supplemental Plaintiff Profile Forms ("SPPF"), including the requirement to

sign and upload a verification page. PTO 11A allowed both for extensions due for good cause shown and also for required deficiency notices to be sent in the event of a deficiency. PTO 11B set the final deadline of March 22, 2018. Each of the Plaintiffs herein submitted a SPPF on March 22, 2018, but failed to timely return a verification page. Regarding these Plaintiffs, this is the sole basis of Taishan's Motion to Dismiss. In each instance, the undersigned counsel has now obtained the verification page and provided it to the Defendants.[1] The following Plaintiffs are represented by the undersigned counsel and shown in particular:

1. <u>Brian Bishop, 60 Oak Lane, Waynesboro, Mississippi:</u> On March 22, 2018 the SPPF was submitted. Mr. Bishop and the undersigned counsel have been working with each other to get the verification submitted. The verification was obtained and submitted on July 3, 2018;

2. <u>Russell Breckenridge, 311 S. Laurel St., Amite, Louisiana:</u> On March 22, 2018 the SPPF was submitted. Mr. Breckenridge travels from Louisiana to Houston to MD Anderson for chemotherapy treatment and this made it difficult to obtain the verification page. The verification was obtained and submitted on July 2, 2018;

3. <u>Lawrence Fields, 384 Hunter Ave., Pass Christian, Mississippi:</u> On March 22, 2018 the SPPF was submitted. Mr. Fields has passed away. Ultimately counsel made contact with his son, Benjamin Fields, who signed the verification page. The verification was obtained and submitted on July 3, 2018;

---

[1] The one exception is Lawrence Fields who is deceased, and the verification page is signed by his natural biological son, a statutory heir and survivor under Mississippi Law.

2

4. <u>Adam Hudson, 1818 Perdidio Blvd., Ocean Springs, Mississippi:</u> On July 3, 2018 the SPPF was submitted. Mr. Hudson changed contact information and did not notify his counsel. Ultimately, Mr. Hudson was located through Facebook. The verification was obtained and submitted on July 3, 2018.

5. <u>Christie Lopez, 92 Oak Lane, Waynesboro, Mississippi:</u> On March 22, 2018 the SPPF was submitted. Ms. Lopez mistakenly believed that she has submitted her verification page. The verification was obtained and submitted on July 2, 2018;

6. <u>Don Noldge, 2046 Beach Blvd., #D-102 Biloxi, Mississippi:</u> On March 22, 2018 the SPPF was submitted. Mr. Noldge's contact information changed making it difficult to contact him. Mr. Noldge was ultimately located through secondary contacts. The verification was obtained and submitted on July 3, 2018; and

7. <u>Ronald Tracey, 402 Waveland Ave., Waveland, Mississippi:</u> On March 22, 2018 the SPPF was submitted. Mr. Tracey had been sick and not responsive to his emails and phone calls. Ultimately, the undersigned reached Mr. Tracey who signed and returned. The verification was obtained submitted on July 2, 2018.

## **ARGUMENT**

Federal Courts may craft orders regarding discovery and the scheduling thereof.[2] Failure to comply with these orders may result in dismissal.[3] However, dismissal is the most harsh of sanctions and should not be imposed absent willful or contumacious conduct.[4] Guiding that discretion are four factors: (1) the bad faith *vel*

---

[2] Fed. R. 16(b)
[3] Fed. R. Civ. P. 37(b)(2)(A)(v)
[4] <u>FDIC v Conner</u>, 20 F. 3d 1376, 1380 (5th Cir. 1994)

*non* of the non-compliant party; (2) client misconduct or delay; (3) substantial prejudice to the opposing party; and (4) the unavailability of lesser sanctions.[5] In this instance there is no prejudice to Defendants, because the information requested was provided to the Defendant within the time permitted by PTO 11B. Only the verification page was mission. Additionally, dismissal is the most dire of sanctions and that relief should not be entered here. There is no evidence of bad faith on the part of the clients or their attorneys. There is no evidence of a contumacious effort to delay. In this instance there should be no delay because the information sought was provided to Taishan. Although no sanctions are warranted, there are lesser sanctions available to the Court. Here the information sought was timely provided and the only delay was the provision of a verification page.

## CONCLUSION

For the reasons submitted herein, the Plaintiff's respectfully requests that the Court denies Taishan' s Motion to Dismiss.

RESPECTFULLY SUBMITTED, this the 3rd day of July, 2018.

                                                /s/*Edward Gibson*
                                         Edward Gibson, Esq.
                                           Counsel for:
                                           Brian Bishop, Russell Breckenridge,
                                           Lawrence Fields, Adam Hudson, Christie
                                           Lopez, Donald Noldge and Ronald Tracey

---

[5] <u>Wilson v. Navika Capital Grp., LLC,</u> No. 4:10-CV-1569, U.S. Dist. LEXIS 7181 at *21-22 (S.D. Tex. Jan. 17, 2014)

**Submitted by:**

Edward Gibson LA Bar No. 29053
Hawkins | Gibson, P.L.L.C.
153 Main Street
Bay St. Louis, MS 39520
Phone: (228) 467-4225
Facsimile: (228) 467-4212
Email:egibson@hgattorneys.com

**CERTIFICATE OF SERVICE**

      I, Edward Gibson, do hereby certify that a copy of the above and foregoing was delivered to:

ALSTON & BIRD, LLP
1201 West Peachtree St.
Atlanta, GA 30309
Bernard.taylor@alston.com
Mike.kenny@alston.com
Christy.eikhoff@alston.com
David.verndebush@alston.com
Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.

Alan Dean Weinberger
HANGARTNER, RYDBERG AND TERRELL, LLC
One Shell Square
701 Poydras St., Ste. 310
New Orleans, LA 70179
aweinberger@hanrylaw.com

Local Counsel for Taishan Gypsum Co., Ltd and
Tai'an Taishan Plasterboard Co., Ltd.

      SO CERTIFIED, this the 3rd day of July, 2018.

                                                      _/s/ Edward Gibson_____
                                                      Edward Gibson, Esq.