# EXHIBIT "B"

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 12-cv-498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 10-cv-932 (E.D. La.)<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 09-cv-6687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 10-cv-361 (E.D. La.) | |

**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF THE SETTLEMENT OF ASSIGNED CLAIMS IN MDL NO. 2047 ON BEHALF
OF THE PORTER-BLAINE/VENTURE SUPPLY CLASS REGARDING CLAIMS
ASSIGNED TO THE CLASS BY THE PORTER-BLAINE/VENTURE SUPPLY
PARTICIPATING DEFENDANTS AND PARTICIPATING INSURERS AGAINST
<u>TAISHAN GYPSUM CO., LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.</u>**

Upon consideration of Class Counsel's Motion for an Order Granting Final Approval of the Settlement of Assigned Claims in MDL No. 2047 on Behalf of the Porter-Blaine/Venture Supply Class Regarding Claims Assigned to the Class by the Porter-Blaine/Venture Supply Participating Defendants and Participating Insurers Against Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. (the "Assigned Claims Settlement" or "Assigned Claims Settlement Agreement"), **IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Capitalized terms used in this Order and Judgment shall have the same meaning as those defined in the Assigned Claims Settlement Agreement [Rec. Doc. 21244-2].

2. The Court finds that the Assigned Claims Settlement is fair, reasonable and adequate, that the Assigned Claims Settlement was entered into in good faith and without collusion, that the Assigned Claims Settlement represents a negotiated agreement, and that the Assigned Claims Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

3. The Court finds that the indemnity and judgment reduction provisions in Section 5.2.2 of the Assigned Claims Settlement Agreement are valid, binding, and enforceable; and therefore, bars the assertion by any Class Member of any contribution, indemnification, subrogation, or other claims related to or arising out of any and all Released Claims (but excluding any of the Reserved Claims) against Taishan.

4. Any and all Class Members are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, CDW-Related Actions, Related Claims, or any action, pending or future, against Taishan with respect to any and all Released Claims (but excluding any of the Reserved Claims) that arise from, concern, or otherwise relate, directly or indirectly, to Chinese Drywall.

5.	Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class Members, advising them of the Assigned Claims Settlement and of their right to object thereto, and a full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Assigned Claims Settlement.

6.	The Court hereby finds and concludes that the Revised Proposed Plan of Allocation [Rec. Doc. 16823-8] provides a fair and equitable basis upon which to allocate the proceeds of the Assigned Claims Settlement Funds among Eligible Class Members.

7.	The Court hereby finds and concludes that the Assigned Claims Settlement is, in all respects, fair, reasonable, and adequate.

8.	The Court finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

New Orleans, Louisiana, this __ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE