UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Case No. 11-cv-080 (E.D. La.)**<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Case No. 12-cv-498 (E.D. La.)**<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, **Case No. 10-cv-932 (E.D. La.)**<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, **Case No. 09-cv-6687 (E.D. La.)**<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*, **Case No. 09-cv-6690 (E.D. La.)**<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, **Case No. 11-cv-1077 (E.D. La.)**<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, **Case No. 10-cv-361 (E.D. La.)** | |

**DECLARATION OF RICHARD J. SERPE IN SUPPORT OF
CLASS COUNSELS' MOTION FOR AN ORDER GRANTING FINAL APPROVAL
OF THE SETTLEMENT OF ASSIGNED CLAIMS IN MDL NO. 2047 ON BEHALF
OF THE PORTER-BLAINE/VENTURE SUPPLY CLASS REGARDING CLAIMS
ASSIGNED TO THE CLASS BY THE PORTER-BLAINE/VENTURE SUPPLY
PARTICIPATING DEFENDANTS AND PARTICIPATING INSURERS AGAINST
<u>TAISHAN GYPSUM CO., LTD. AND TAIAN TAISHAN PLASTERBOARD CO., LTD.</u>**

Pursuant to 28 U.S.C. § 1746, I, Richard J. Serpe, upon person knowledge, information and belief, declare as follows:

1. I am a partner in the Law Offices of Richard J. Serpe, P.C. located in Norfolk, Virginia. I am a member of the Plaintiffs' Steering Committee in the *Chinese Drywall* Litigation and was appointed as Class Counsel representing the Porter-Blaine/Venture Supply Class Settlement Class in connection with the settlement reached between plaintiffs and Venture Supply, Porter-Blaine Corporation, and their insurers, and the Hanover-related insurance companies (the "Porter-Blaine/Venture Supply Settlement"). I am submitting this Declaration in support of Class Counsels' Motion for an Order Granting Final Approval of the Settlement of Assigned Claims in MDL No. 2047 on Behalf of the Porter-Blaine/Venture Supply Class Regarding Claims Assigned to the Class (the "Assigned Claims") by the Porter-Blaine/Venture Supply Participating Defendants and Participating Insurers Against Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. (collectively, "Taishan").

2. The Assigned Claims were litigated in Virginia state court in *Allen, et al. v. Venture Supply, Inc., et al.*, Case No. 10-6976 (Va. Cir. Ct., Norfolk, Va.) (the "*Allen* Consolidation"), pending before the Honorable Mary Jane Hall, where Porter-Blaine and Venture Supply had brought third-party claims against Taishan and a default judgment had been entered.

3. Following approval of the Porter-Blaine/Venture Supply Settlement, Class Counsel diligently pursued the Assigned Claims against Taishan, and the parties vigorously litigated the default judgment. In the *Allen* Consolidation, Taishan pursued multiple motions to dismiss and sought evidence to assist in restricting the size of the award and the parties to whom the award would apply.

4. During the proceedings, Taishan argued that there could be no assignment of a Virginia state court judgment to the Class. Not all of the members of the Porter-Blaine/Venture Supply Settlement Class were named plaintiffs in the *Allen* Consolidation. This complicated the determination as to the appropriate size of the default judgment. Because the Assigned Claims involve the assignment of a state court, third-party default judgment to a settlement class in federal court from a state that does not authorize state-law class actions, the issues raised by Taishan presented significant challenges.

5. Intense motion practice, discovery and expert analysis took place for over a year in Virginia state court. Settlement of the Assigned Claims only came after a year of arm's-length settlement negotiations during which the action was litigated. On August 30, 2016, Class Counsel made their original demand on Taishan of $3,000,000 – indemnification of the full amount paid in the Porter-Blaine/Venture Supply Settlement. Over the course of the next twelve months, the parties engaged in numerous conferences and exchanged multiple offers and counter-offers. During that time, as described above, the parties were litigating the matter and significant challenges were posed.

6. On September 7, 2017, after vigorous negotiations between Class Counsel and counsel for Taishan, an agreement in principle was reached for the settlement of the Assigned Claims only. Class Counsel, who are vastly experienced in these matters, considered the potential outcomes of the litigation regarding the Assigned Claims, the strength of the defenses and positions being asserted by Taishan, the range of possible recovery by plaintiffs, the risks and uncertainty regarding enforcement of any potential judgment against Taishan, and all of the material factual information available when deciding whether to enter into this settlement. Each side made concessions.

7.      Significantly, the settlement does not release any claims or defenses whatsoever that any Class Member has against Taishan, or any other Non-Participating Defendant or Non-Participating Insurer in the Porter-Blaine/Venture Supply Settlement, or any other entity, arising out of, in any manner related to, or connected in any way with Chinese Drywall relating to the Affected Properties.

8.      After reaching the agreement in principle, the parties negotiated the terms of the written Assigned Claims Settlement Agreement.  There are no side agreements between the parties.

9.      After preliminary approval of the settlement, Class Counsel provided Notice to the Class.  Notice was provided *via* first-class mail, postage prepaid to the last known address of all Class Members and their counsel of record, if any, and to each Affected Property owned by Class Members.  In addition, a copy of the Notice was posted at the United States District Court, Eastern District of Louisiana and on the Court's Chinese Drywall website (http://www.laed.uscourts.gov/drywall/Settlements.htm).  Further, Class Counsel requested that the notices be published on additional court and government websites as ordered.

10.     The deadline for objecting to the Assigned Claims Settlement was June 27, 2018.  As of today's date, Class Counsel have received no objections to the Assigned Claims Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1st day of July, 2018.

_____
Richard J. Serpe