## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED   :   **MDL NO. 2047**
DRYWALL PRODUCTS LIABILITY   :   **SECTION: L**
LITIGATION   :   **JUDGE FALLON**
———————————————————   :   **MAG. JUDGE WILKINSON**
   :
THIS DOCUMENT RELATES TO:   :
*ALL CASES*   :
———————————————————   :

### KRUPNICK CAMPBELL MALONE ET AL.'S
### MINORITY FEE COMMITTEE REPORT CONSISTENT WITH
### "STEP SIX" PURSUANT TO PRE-TRIAL ORDER 28

The undersigned law firm, Krupnick Campbell Malone, et al. (hereinafter "KCM Firm") respectfully, hereby offers this Minority Fee Committee Report, as the dissenting member of the Fee Committee, as it relates to the final common benefit fee recommendations of the Fee Committee pursuant to Pre-Trial Order ("PTO") 28.[1]   On July 3, 2018, the Fee Committee filed "Step Six Final Recommendation of the Majority of the Fee Committee Regarding Allocation of the Common Benefit."  [D.E. 21455].[2]

**Summary Of Minority Report:**

- There is no analytical and sustainable methodology for Herman, Herman & Katz ("HHK") and Levin Sedran & Berman ("LSB") to receive identical amounts of Common Benefit ("CB") allocation, particularly where the loadstar hours are so disproportionate between the two firms.

---

[1] The undersigned is a court-appointed member of the Fee Committee.  PTO 28, para. 21.

[2] This Minority Fee Committee Report is offered for the Court's consideration, understanding the reports of the Fee Committee are but one factor for the Court to consider and that the Court is certainly empowered to give this minority report or the Fee Committee recommendations little or no weight in the final determination.

- In June 2015, Lead and Liaison Counsel proposed CB allocation for all CB firms and such was communicated to the CB firms. Lead and Liaison Counsel's proposal assumed a 50/50 allocation between funds available for CB and for Individually Retained ("IR") contract firms.

- Since then, based upon the Court's January 31, 2018 Order, available CB funds have increased by approximately $7,200,000.

- Rather than this additional fee available for CB allocation increasing the proposed award to all firms seeking common benefit, the Fee Committee has divided the entirety of those additional funds evenly amongst Lead and Liaison Counsel.

- Under the Fee Committee proposal, Lead and Liaison Counsel are to receive 53% of the total available common benefit fee. Lead and Liaison Counsel should be capped at a reasonable percentage.

**<u>Background</u>**

As it pertains to claims involving Knauf and the Global Settlement, claims on behalf of virtually all homeowner plaintiffs have been resolved for years. To date, no firms have received any earned attorneys' fees related to the claims of their respective individual homeowner clients.

Pursuant to PTO 28, originally, the Fee Committee was to provide "to each participating attorney or law firm notice of the Committee's Recommendation" by October 15, 2014. PTO 28, para. 18. As the Court is aware, the date to provide the Committee's Recommendation was extended as individually retained contract lawyers and the Fee Committee litigated the appropriate allocation of the Global Fee Fund between common benefit attorneys and

individually retained contract lawyers.   That dispute was resolved by the Court on January 31, 2018.  [Doc. 21168].

On July 3, 2018, the Fee Committee issued the final recommendations as it relates to allocating common benefit fees to those firms seeking common benefit. [D.E. 21455].  As the lone dissenter, and after a Court conference involving the Fee Committee and the undersigned's objections to the initial proposed common benefit allocation, the undersigned offers this Minority Fee Committee Report.

Pursuant to PTO 28, the cut-off for consideration of common benefit hours was December 2013.   While there has been additional work by counsel involving the litigation unrelated to the Knauf and Global resolution, that work should not be considered in the allocation of common benefit fees presently before the Court.[3]

Finally, while the undersigned takes issue with the methodology identified herein as it relates to the proposed attorneys' fee recommendation for the common benefit work, these concerns are not intended to disparage the work performed by Lead and Liaison Counsel or the other common benefit counsel who committed large sums of money and time to effort related to Knauf and Global resolutions.   In many ways, their collective efforts were unprecedented, particularly in terms of the number of plaintiffs and defendants who participated in the ultimate resolution.   Similarly, this Minority Report is not intended to disparage the Fee Committee, which has dedicated enormous hours to interviewing and reviewing  information submitted by common benefit attorneys.

---

[3] Throughout the Fee Committee work, there has been a pervasive theme involving the volume of work performed by HHK and LSB related to the Taishan litigation in contrast to other firms.  At no point is that work relevant to the Fee Committee's duty to address attorneys' fee allocation involving the Knauf and Global Settlement.

## MINORITY REPORT

### A.      HHK and LSB Should Not Be Awarded Equal Common Benefit, In Contrast to How All Other Firms were Treated and Analyzed.

As proposed, the Fee Committee recommends that the HHK firm and the LSB firm receive the identical dollar amount of common benefit fee, despite having dedicated substantially different hours to the effort.  There is no analytical and sustainable methodology, consistent with an expectation of due process, that HHK and LSB, should receive the identical dollar amount of common benefit especially where the loadstar hours are so heavily weighted toward LSB. Parity for HHK and LSB is a substantially different methodology than how all other firms were treated.

Any suggestion that there was an agreement at the outset of the litigation between to the two firms to have the same award is not an analytical and sustainable methodology.  Moreover, while the two firms worked closely together, that is not an analytical and defensible methodology to support parity of common benefit award.

### B.      Additional Available Common Benefit Funds Obtained Since June 2015 Should Not Be Divided Evenly Amongst Lead and Liaison Counsel, to the Detriment Of All Other Firms.

In June 2015, Lead and Liaison Counsel prepared and proposed a common benefit allocation for each common benefit firm and collectively.   The respective proposed amount of the common benefit award was communicated to the individual common benefit firms.   This June 2015 proposal assumed a 50/50 allocation of the total fee fund between common benefit and individual retained attorneys.  The total amount to be divided based upon the June 2015 recommendations was $92,570,400.

4

However, when seeking the initial fee allocation between common benefit and individual retained counsel, the Fee Committee sought a 60/40 allocation, in favor of common benefit. After the Court's January 31, 2018, ruling regarding allocation, the common benefit fund actually increased to $99,762,099, or approximately an additional $7,200,000 over the June 2015 recommendations.

The Fee Committee recommends, rather than reallocating those additional funds amongst all common benefit firms, or utilizing those funds to make adjustments to those firms who have raised substantive objections to the June 2015 recommendations, that the entirety of these additional funds be divided amongst HHK and LSB firms, as Lead and Liaison Counsel.   This is indefensible as nothing has changed in terms of evaluating Lead and Liaison Counsel's common benefit work since June 2015, especially since the Fee Committee was prohibited from considering efforts after December 2013.

It is notable that decision of Lead and Liaison Counsel to seek and obtain a Court-ordered hold back of $10,000,000 from the Knauf fee award to fund Taishan litigation was not sustainable.   Taking fee from a lawyer who earned for work on a client to fund unrelated litigation for another homeowner was, respectfully, an overreach.   The obvious reason to withhold such funds was to avoid a cash call to the Plaintiffs' Steering Committee for the Taishan litigation.   The Court ultimately agreed with the objectors in this regard.

Similarly, the decision to seek 60/40 allocation in favor of common benefit attorneys over the individual retained counsel was also an overreach.   In fact, the June 2015 recommendations for common benefit presumed a 50/50 split.   The objectors were successful in persuading the Court that a 60/40 allocation in favor of common benefit lawyers was not appropriate.

However, paradoxically, while Lead and Liaison Counsel did not prevail on the two major positions of the Fee Committee (the Taishan holdback and the allocation between common benefit and individual retained counsel), the fund actually increased.  Now, the Fee Committee seeks to give all of those gains to Lead and Liaison Counsel.  This should not be sustained.

Notably, in addition to the common benefit allocation pursuant to the January 31, 2018 Order, there are additional potential common benefit funds or fees from individual cases to be distributed from other settlement funds to Lead and/or Liaison counsel.  The potential amounts to be awarded to each individual firm have not been disclosed, discussed and taken into consideration in the proposed common benefit allocation.  The settlements in Virginia and North River present as potential, but yet undisclosed, additional fees or recovery.[4]  As a result, Lead and/or Liaison counsel may ultimately propose and receive additional common benefit allocation in excess of even what they propose currently from Knauf Fee Fund.   If, on the other hand, there is no common benefit award expected from those resolutions, then that should be clarified to an absolute certainty before any award involving this Fee Committee recommendation.

In the end, the Fee Committee proposes that Lead and Liaison counsel be awarded 53% of total CB funds allocated in the January 31, 2018 Order amongst their two firms equally.  Lead and Liaison counsel should be capped at reasonable percentage of the total common benefit funds available.  Thereafter, a simple *pro rata* allocation amongst the downstream firms based upon the relative percentage allocations from the June 2015 proposal may result in

---

[4] It is not clear that common benefit hours associated with Virginia and North River were removed from the submitted hours.  If those hours were not removed and there is more common benefit being earned on those very hours, then there is a need to adjust the current award of common benefit proposed for HHK and LSB.

disproportionate increases for some firms because of the percentage weighting.[5]

Dated:  July 5, 2018

Respectfully submitted,

/s Michael J. Ryan_____
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone Buser Slama
Hancock Liberman, P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing KRUPNICK CAMPBELL MALONE ET

AL.'S MINORITY FEE COMMITTEE REPORT CONSISTENT WITH "STEP SIX"

PURSUANT TO PRE-TRIAL ORDER 28 has been served on Plaintiffs' Liaison Counsel, Russ

Herman, and Defendants Liaison Counsel, Kerry Miller, by e-mail and upon all parties by

electronically uploading the same to File & ServeXpress f/k/a LexisNexis File & Serve in

accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the

Clerk of Court of the United States District Court for the Eastern District of Louisiana by using

---

[5] During the Fee Committee process, certain common benefit firms proposed the Committee consider an "off-the-top" adjustment factor based upon the amount of the contributed common benefit cash assessments. This adjustment, as they proposed, would result in a 200% factor for each contributing firm prior to then common benefit. The undersigned undertook to perform that calculation, using this adjustment factor and the relative percentages awarded to each firm predicated upon the June 2015 proposed fee awards.  See Exhibit A. [TO BE FILED UNDER SEAL]  While this is not the recommendation of this Minority Report and the Court may have concerns regarding such a process, it is provided in the spirit of an alternative proposal put forward by common benefit attorneys.

7

the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

Dated:   July 5, 2018.

> /s *Michael J. Ryan*_____
> Michael J. Ryan, Esquire
> Bar No. 975990
> Krupnick Campbell Malone Buser Slama
> Hancock Liberman  P.A.
> 12 S.E. 7 Street, Suite 801
> Fort Lauderdale, FL  33301
> Phone (954) 763-8181
> Fax (954) 763-8292
> pleadings-MJR@krupnicklaw.com
> mryan@krupnicklaw.com
> *Attorneys for Plaintiffs*