UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : MDL NO. 2047<br>:<br>: SECTION L<br>:<br>: JUDGE FALLON<br>: MAGISTRATE JUDGE<br>: WILKINSON |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## ORDER

Pursuant to PTO 28, the Court appointed a Fee Committee consisting of individuals who had been active in the Chinese-Manufactured Drywall Products Liability Litigation from the beginning and performed a significant role in either the MDL and/or state court litigation. This Fee Committee was charged with reviewing fee requests and supporting documents from all attorneys who performed common benefit work and thereafter making a recommendation to the Court regarding allocation of the common benefit fees as set in the Court's Order & Reasons Setting Common Benefit Fees, R. Doc. 21168.

The Court has received the Fee Committee's report and recommendations, R. Doc. 21455, and takes this means to post these recommendations to the Court's website for the Chinese-Manufactured Drywall Litigation.

Accordingly,

**IT IS ORDERED** that anyone having any objections to the attached recommendations shall file their objections with the Court no later than Friday, July 20, 2018 at 5:00 p.m. central standard time.

New Orleans, Louisiana, this 6th day of July, 2018.

_____
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**STEP SIX FINAL RECOMMENDATION OF THE MAJORITY OF
THE FEE COMMITTEE REGARDING ALLOCATION OF THE COMMON BENEFIT**

I.  **INTRODUCTION**

On January 10, 2014, the Court established through Pretrial Order No. 28 (R.D. 17379) a six-step process for the award and allocation of attorneys' fees and reimbursement of case costs in connection with the Knauf and GBI class settlements. In the same Order the Court appointed a Fee Committee (FC) of seven attorneys, citing their familiarity with the nature and extent of the services rendered by common benefit counsel. The appointed firms were described as having been "involved since the beginning" of the Chinese Drywall legal controversy, and as having "performed a significant role in either or both the MDL and state court litigation." *See* PTO 28 (R.D. 17379) at pp. 14-15 & *fn.* 10.

The FC now has completed the tasks assigned to it under PTO 28, and respectfully submits to the Court it's recommended allocation of the common benefit fee at issue.

1

## II. PROCEDURAL ANALYSIS

"Step One" of the PTO 28 process obliged all common benefit counsel to review and audit their time and expenses submitted to the Court-appointed CPA's case management system pursuant to PTO 9 or 9A. The guidelines for review specified in the Order sought to assure both the accuracy of this information and the ability of counsel to verify their submissions as needed. The Court has continually reviewed this information since the inception of the litigation; and, in some cases, counsel have been encouraged to review and revise their firm's common benefit time and expense submissions.

Pursuant to "Step Two" of the process, the FC reviewed not only these time and expense submissions of all common benefit fee applicants, but also "Initial Affidavits" (in the form attached as Exhibit A to PTO 28) from all counsel seeking common benefit fees and/or the reimbursement of costs. *See* PTO 28 (R.D. 17379) at pp. 5-6. These counsel were instructed to consider the affidavits as their initial opportunity to detail and describe under oath and "with particularity the professional services performed and the common benefit contribution provided...." *Id.* at p. 6. The FC relied on the Initial Affidavits as important, threshold indicators of what counsel themselves viewed as their respective contributions to the Knauf and GBI class settlements.

On May 17, 2016, the Court approved global legal fees of $192,981,363.35 in connection with the settlements.[1] The process of determining the common benefit fee portion of this global fee award therefore could commence under "Step Three" of PTO 28, which charged the FC with the responsibility of preparing and filing a "Joint Fee Petition" for the award of a common benefit

---

[1] The PSC had filed a Petition for the award of such fees on May 20, 2014 [R.D. 17700], and a First Amended Petition on April 15, 2016 to account for additional settlement payments made by Knauf after the Court's approval of the class settlements [R.D. 20205].

2

fee and reimbursement of common benefit expenses. *See* PTO 28 (R.D. 17379) at pp. 7-8.[2] On June 6, 2016 the FC filed its Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel Fees, Pursuant to PTO 28(F).[3]

The FC conducted extensive legal research regarding the methodology to be used in the Court's quantification of a common benefit fee. In the brief in support of its motion, the Committee addressed the lodestar, percentage-of-fund and "blended" methods of calculating fees, while noting that both the Fifth Circuit and this Court previously had been supportive of the latter. Consistent with this blended methodology, the Committee therefore recommended that the common benefit fee be determined through a percentage-of-fund calculation, as well as then considered by reference to the "reasonable fee" criteria in the seminal case of *Jackson v. Georgia Hwy. Express,* 488 F.2d 714 (5th Cir. 1974). It further recommended that the resulting fee amount be "cross-checked" for reasonableness based on the lodestar fee calculation method. *See* Memorandum in Support of FC Allocation Motion (R.D. 20290-4) at pp. 7-9. Pursuant to this analysis, the FC petitioned the Court to approve and award a total common benefit fee of $119,313,367.08. *See id.* at p. 64.[4]

---

[2] In PTO 28(F), the Court reviewed the series of supplemental orders issued under PTO 28, including the Order that common benefit time and expenses were to reflect work performed up to and including December 31, 2013 [PTO 28(A)]. The Court further noted that the time had arrived for the FC to file its common benefit/individual counsel fee allocation motion, and directed the FC to do so by June 8, 2016. *See* PTO 28(F) [R.D. 20282] at p. 3.

[3] Pursuant to "Step Four" of PTO 28, the PSC filed a motion to establish a common benefit assessment for Chinese Drywall cases not participating in any of the Class Settlements [R.D. 17831].

[4] A number of firms objected to the FC proposal for the allocation between the common benefit and individual counsel portions of the total fee. Specifically, objections were received from the following: Gentle, Turner, Sexton & Harbison, LLC/McCallum, Hoaglund, Cook & Irby, LLP [R.D. 20336]; Milstein Adelman, LLP/Roberts & Durkee, LLP [R.D. 20337]; Taylor Martino, P.C. [R.D. 20338]; Cohen Milstein Sellers & Toll PLLC (Joinder in Sexton and Hoaglund)/Mrachek, Fitzgerald, Rose Konopka, Thomas & Weiss, P.A. [R.D. 20343]; Paul A. Lea, Jr. [R.D. 20344]; Whitfield Bryson & Mason LLP/Pendley Baudin & Coffin/Rhine Law Firm/Luckey & Mullins [R.D. 20346]; Parker Waichman LLP [R.D. 20348]; Willis & Buckley, APC [Rec. Doc. 20349]; Doyle Law Firm [Rec. Doc. 20350]; Collins & Horsley, P.C. [R.D. 20351]; Baron & Budd, P.C./Allison Grant, P.A./Alters Law Firm, P.A. [R.D. 20353]; Morgan & Morgan [R.D. 20354]; Alters Law Firm, P.A. [R.D. 20355]; Hawkins Gibson, PLLC [R.D. 20356]; Yance Law

Pursuant to "Step Five" of PTO 28, the Court then rendered its decision, awarding a total common benefit fee in the amount of $99,762,099.56. *See* Order and Reasons Setting Common Benefit Fees (R.D. 21168). In doing so, it also discussed the lodestar, percentage-of-recovery, and "blended" calculation methods, noting that the "blended" approach entails a percentage-of-recovery calculation cross-checked by the lodestar method. *See id.* at pp. 8-21. The "*Johnson* factors" also were utilized by the Court to support the reasonableness of the awarded fee amount. *See id.* at pp. 8-19.

Upon the Court's award of the total common benefit fee, "Step Six" of PTO 28 set forth the final and most recently-completed assignment of the FC, *i.e.*, to recommend to the Court an allocation of the total common benefit fee among the counsel who performed common benefit services related to the class settlements. To discharge this responsibility, the FC adhered to the following guidelines as specified in PTO 28:

1. The Committee reviewed the time and expense submissions by counsel as well as their affidavits, taking into account the work of all counsel in the MDL and State Court actions (PTO 28 at p. 9).

2. It evaluated the contributions of common benefit counsel using both "objective measures" and the FC members' "subjective understanding of the relevant

---

Firm, LLC (Joinder in Sexton and Hoaglund) [R.D. 20357]; Morris Bart LLC [R.D. 20392]; and Pujol, Pryor & Irwin [not filed].

There then followed an exhaustive process overseen by Special Master Dan Balhoff, in which representatives of the FC were subjected to vigorous questioning and cross-examination in depositions. An evidentiary hearing before Special Master Balhoff also was conducted, in which the FC further defended its proposal and responded to the objectors.

This expenditure of time by the Fee Committee, like the time involved in the Fee Committee's work under PTO 28, has not been submitted to the Court in regard to the allocation of the common benefit fee.

4

contributions of counsel toward generating the various Settlement Funds..." (*Id.* at p. 9).

3. It conducted its evaluation according to the general principles set forth in PTO 28, but with the "over-arching guideline" that "the <u>relative contribution</u> of each common benefit attorney <u>to the outcome of the litigation</u>" must be considered (*Id.* at pp. 9-10) [emphasis added].

4. It afforded "appropriate deliberate fairness" to all common benefit fee applicants by extending full opportunities for them "to advocate their positions in a variety of ways in addition to providing time record submissions" (*Id.* at p. 10).

5. It weighed the contributions of counsel by reference to both the twelve *Johnson* factors, as applicable, and the several "special considerations" identified by the Court in PTO 28, *i.e.*, <u>not</u> giving credit for work done without the authorization of Lead and/or Liaison Counsel or pursuant to appropriate state court proceedings, <u>not</u> giving credit for the monitoring and review of work unrelated to ongoing assignments to that counsel, and requiring the disclosure of any salary or wage payments by common benefit counsel to contract lawyers in the performance of common benefit services (*Id.* at pp. 10-11).

6. It adhered to the Court's admonition to "weigh reported hours of common benefit attorneys in degrees of importance to the relief achieved" (*Id.* at p. 11). This was facilitated by reference to a "Second Affidavit" (in a form attached to PTO 28 as Exhibit "B") in which each common benefit fee applicant was to address and verify with "specificity" the matters enumerated in this section of the Order. These considerations, in addition to the *Johnson* criteria, were meant to clarify for the record

what each counsel considered the "best" description of his firm's "common benefit contributions" (*Id.* at pp. 11-13); and, notably, the first consideration listed and to be addressed by counsel was "[t]he extent to which each common benefit firm made a <u>substantial contribution to the outcome of the litigation</u>" (*Id.* at p. 12) [emphasis added].

7. As further required under the Step Six process, the FC conducted meetings with each and every common benefit fee counsel who had submitted the required Second Affidavit. These meetings were held in person (or *via* video conference in a few instances), and were occasions for fee applicants to "present the reasons, grounds, and explanations for entitlement to common benefit fees and reimbursement of expenses." (*Id.* at p. 13). The counsel who appeared before the FC in these meetings were required, and expected, to "be prepared to respond to any questions or concerns raised by the FC during his/her presentation," and each meeting was "recorded by a court reporter" as required by PTO 28 (*Id.* at p. 13).

8. The format for each meeting was the same. A designated lead questioner on the FC interviewed the fee applicant based on a prior review of the firm's time submissions, affidavits and any other material relevant to the common benefit services performed. The applicant was afforded a full opportunity not only to answer such questions but also to expound upon the answers. In a number of cases, firms were allowed to participate in the meetings through more than one counsel in the firm, particularly if doing so provided the Committee with a better understanding of the relevant contributions by the firm. Before the conclusion of the meeting, each counsel was given the opportunity to make a statement on the record as to what he or she considered the most salient aspects of the common benefit work performed. Members of the FC

then conferred to exchange impressions and seek general consensus as to the appropriate common benefit contribution of that counsel's firm.

The FC recognizes that, in the pending allocation of the common benefit fee pursuant to Step Six of PTO 28, methodology remains a fundamental concern. The FC's understanding of the *Johnson* factors thus deserves clarification in one important respect:

Among the twelve factors to be considered under *Johnson*, the "time and labor" by counsel is one which should be weighted not mathematically but relatively. Particularly given the sheer number of hours submitted over time in litigation of this size and scope, a direct and demonstrable relationship between time spent and the outcome achieved is not only desirable, but indispensable. Courts consistently have characterized the "amount involved and the result achieved" as the key *Johnson* factor. Indeed, this Court's decision awarding a total common benefit fee noted that this "contribution to outcome" factor should be given "considerable weight," citing U.S. Supreme Court authority to the effect that the degree of success achieved through an attorney's effort was "the most critical factor" in assessing a reasonable fee for that effort. *See* Order and Reasons Setting Common Benefit Fees [R.D. 21168] at p. 16. In its brief supporting the Petition for a global fee award based on the Knauf/GBI class settlements, the PSC cited the same authority to suggest that the "most critical" weight under the *"Johnson* factors" analysis was to be given to the "result achieved" through the efforts of counsel. *See* PSC Memorandum in Support of Joint Fee Petition [R.D. 17700-1] at p. 109.

In anticipation that many common benefit fee applicants will refer to the number of their submitted hours as indicative of contribution, the FC makes note of the above so that its methodology is not misconstrued. The Committee considered the submitted time of counsel for common benefit fee purposes as entitled to allocation weight only in relationship to outcome

7

contribution. Not simply how much time an attorney has spent and submitted, therefore, but whether and how an attorney's time contributed to the outcome of these class settlements, has been a consistent, and even primary, focus of the FC in its analysis and recommendation.

In a similar vein, the dollar-specific allocations recommended by the FC are not driven by mathematical formulation, any more than they are based upon the mere counting of attorney hours. Instead, consistent with the Step Six process of PTO 28, the FC submits its recommendation to the Court based upon the exercise of "its discretion…in evaluating which work and expenses furthered the common benefit of the litigation." *See* PTO 28 [R.D. 17379] at p. 14. The members of the FC are confident that they collectively possessed the case experience and knowledge to intelligently evaluate the extent and quality of the common benefit work performed by each common benefit firm. Close familiarity with the litigation has allowed the FC to put each common benefit counsel's services in appropriate context.

Previously, on May 23, 2018, in accordance with PTO 28, the FC provided the common benefit fee applicants with the FC's initial recommendation for an allocation of the common benefit fee awarded by the Court. Thereafter, some of the applicants submitted objections to the FC. The FC convened pursuant to PTO 28, considered the objections, and submit herewith the final recommendation for allocating the common benefit fee. *See* Final Common Benefit Fee Allocation Recommendation (attached hereto as Exhibit "A"). Accompanying this final recommendation is the Analysis of a Majority of the Fee Committee of Common Benefit Fee Applicants (attached hereto as Exhibit "B"); the Common Benefit Firms: Lodestar, Held Costs & Assessments chart (attached hereto as Exhibit "C"); and the Chinese Drywall MDL 2047, Lodestar Chart by Firm and Employee from Inception through 2013 with Held Costs from Inception through 2014, showing each timekeeper (attached hereto as Exhibit "D").

The FC recognizes that its recommendation is only one of several available resources for the Court's independent determination on how the common benefit fee should be allocated. Under Step Six, the Court now will hear from common benefit fee applicants who may object to the Committee's recommendations; and the FC stands ready, as directed and needed by the Court, to further explain and defend its recommendations.

In closing, each member of the FC, whether joining in or dissenting from the FC's allocation recommendation, wishes to express appreciation for the opportunity to have served the Court in this important matter.

                                Respectfully submitted,

Dated: July 3, 2018

                                */s/ Russ M. Herman*
Russ M. Herman, Esquire (Bar No. 6819) (on the brief)
Leonard A. Davis, Esquire (Bar No. 14190) (on the brief)
Stephen J. Herman, Esquire (Bar No. 23129) (on the brief)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
*Plaintiffs' Liaison Counsel in MDL 2047*
*Fee Committee Co-Chair/Secretary*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
LEVIN, SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel in MDL 2047*
*Fee Committee Chair*

## ADDITIONAL FEE COMMITTEE MEMBERS

Christopher Seeger (on the brief)
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Gerald E. Meunier (on the brief)
Gainsburgh, Benjamin, David, Meunier
 & Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Dawn M. Barrios (on the brief)
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Richard J. Serpe (on the brief)
Law Offices of Richard J. Serpe
Crown Center, Ste. 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

****************************

Michael J. Ryan **(DISSENTING)**
Krupnick Cambell Malone, *et al.*
700 S.E. Third Ave., Suite 100
Fort Lauderdale, FL 33316-1186
Phone: (954) 763-8181
Fax: (954) 763-8292
mryan@krupnicklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 3rd day of July, 2018.

/s/ *Leonard A. Davis*
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*



EXHIBIT A

# Chinese Drywall MDL 2047 – Fee Committee
## (except for Michael J. Ryan, who dissents)
## Final Common Benefit Fee Allocation Recommendation

6/20/2018

TOTAL COMMON BENEFIT FEE per the Court's Order dated 1/31/18: $ 99,762,099.56

| Fee Applicant | FINAL CB Fee Allocation Recommendation 06/20/2018 | Held Costs through 2014 | Unreimbursed Assessments through 2013 |
|---|---|---|---|
| **Firms Entitled to Common Benefit Fee Allocation** | | | |
| Allison Grant, P.A. | $ 28,000.00 | $ - | $ - |
| Alters, Boldt, Brown, Rash, & Culmo | $ 150,000.00 | $ - | $ 10,000.00 |
| Anderson Kill, PC | $ 90,000.00 | $ 20,627.57 | $ - |
| Aronfeld Trial Lawyers, P.A. | $ 4,500.00 | $ 3,431.06 | $ 2,000.00 |
| Barrios, Kingsdorf & Casteix | $ 2,750,000.00 | $ 70,452.96 | $ 132,857.14 |
| Becnel Law Firm LLC | $ 700,000.00 | $ 27,243.80 | $ 132,857.14 |
| Berrigan, Litchfield, et al. | $ 900.00 | $ - | $ 2,000.00 |
| Bruno & Bruno, LLP | $ 18,000.00 | $ 6,219.03 | $ 2,000.00 |
| Burdman Law Group | $ 15,000.00 | $ 1,561.73 | $ - |
| Colson - Hicks Eidson PA | $ 3,900,000.00 | $ 387,668.26 | $ 132,857.14 |
| Gainsburgh, Benjamin, et al | $ 8,600,000.00 | $ 108,510.76 | $ 132,857.14 |
| Gary, Naegele & Theado, LLC | $ 47,000.00 | $ 13,979.54 | $ 2,000.00 |
| Hausfeld LLP | $ 3,200,000.00 | $ 66,504.16 | $ 35,000.00 |
| Herman Herman & Katz | $ 26,524,849.78 | $ 191,102.27 | $ 132,857.14 |
| Irpino Law Firm | $ 2,000,000.00 | $ 10,903.75 | $ 10,000.00 |
| Kanner & Whiteley, L.L.C. | $ 47,000.00 | $ 4,169.13 | $ 2,000.00 |
| Krupnick, Campbell, et al. | $ 425,000.00 | $ 34,237.84 | $ - |
| Landskroner - Grieco - Merriman LLC | $ 23,000.00 | $ 2,950.25 | $ 2,000.00 |
| Law Offices of Robert M. Becnel | $ 4,500.00 | $ 6,216.99 | $ 15,000.00 |
| Lemmon Law Firm, LLC | $ 450,000.00 | $ 12,103.96 | $ 30,000.00 |

| Fee Applicant | FINAL CB Fee Allocation Recommendation 06/20/2018 | Held Costs through 2014 | Unreimbursed Assessments through 2013 |
|---|---:|---:|---:|
| Levin Papantonio Law | $ 750,000.00 | $ 80,991.39 | $ 132,857.14 |
| Levin Sedran & Berman | $ 26,524,849.78 | $ 1,083,786.21 | $ 132,857.14 |
| Lockridge Grindal Nauen P.L.L.P | $ 23,000.00 | $ 1,425.20 | $ 2,000.00 |
| Luckey & Mullins, PLLC | $ 14,000.00 | $ - | $ 2,000.00 |
| Martzell Bickford | $ 23,000.00 | $ 15,542.32 | $ 2,000.00 |
| Mason LLP | $ 70,000.00 | $ 9,625.50 | $ 10,000.00 |
| Morgan & Morgan | $ 1,000,000.00 | $ 140,581.27 | $ 132,857.14 |
| Morris Bart, L.L.C | $ 350,000.00 | $ 7,439.42 | $ 2,000.00 |
| Mrachek, Fitzgerald / Leopold Kuvin | $ 47,000.00 | $ 32,789.34 | $ 2,000.00 |
| Parker Waichman LLP | $ 650,000.00 | $ 146,300.95 | $ 132,857.14 |
| Pender & Coward, PC | $ 23,000.00 | $ 17,697.26 | $ - |
| Pendley Baudin & Coffin, LLP | $ 47,000.00 | $ 9,877.46 | $ 2,000.00 |
| Podhurst Orseck, P.A | $ 1,000,000.00 | $ 173,657.23 | $ 132,857.14 |
| Reeves & Mestayer, PLLC | $ 600,000.00 | $ 76,878.62 | $ 122,857.14 |
| Rhine Law Firm, P.C. | $ 47,000.00 | $ 11,109.28 | $ 2,000.00 |
| Richard J. Serpe, P.C. | $ 3,650,000.00 | $ 76,064.30 | $ 75,000.00 |
| Roberts & Durkee PA / Milstein Adelman | $ 450,000.00 | $ 155,928.82 | $ - |
| Seeger Weiss LLP | $ 8,600,000.00 | $ 399,123.84 | $ 132,857.18 |
| Singleton Law Firm | $ 18,000.00 | $ 9,862.94 | $ 10,000.00 |
| Taylor Martino, PC | $ 175,000.00 | $ - | $ - |
| The Lambert Firm | $ 1,400,000.00 | $ 63,448.31 | $ 132,857.14 |
| The Steckler Law Firm | $ 1,800,000.00 | $ 180,679.34 | $ 132,857.14 |
| Thornhill Law Firm | $ 18,000.00 | $ 1,607.49 | $ 2,000.00 |
| Vaughn Bowden & Wooten, PA | $ 4,500.00 | $ - | $ - |
| VM Diaz and Partners, LLC | $ 500,000.00 | $ 16,414.31 | $ - |
| Whitfield Bryson & Mason (fka Lewis & Roberts) | $ 3,000,000.00 | $ 149,666.16 | $ 80,000.00 |

| Fee Applicant | FINAL CB Fee Allocation Recommendation 06/20/2018 | Held Costs through 2014 | Unreimbursed Assessments through 2013 |
|---|---|---|---|
| **Firms Entitled Only to Expense and/or Assessment Reimbursement** | | | |
| Andry Law Firm | $ - | | $ 2,000.00 |
| Aylstock, Witkin, Kreis & Overholtz | $ - | | $ 2,000.00 |
| Bencomo & Assocs | $ - | | $ 2,000.00 |
| Collins – Live Oak | $ - | | $ 2,000.00 |
| Cuneo Gilbert & Laduca | $ - | $4,037.79 | $ 2,000.00 |
| Glago Law Firm | $ - | | $ 2,000.00 |
| Hawkins, Stracener & Gibson | $ - | | $ 2,000.00 |
| Ingram & Assocs | $ - | | $ 2,000.00 |
| Law Offices of Sidney Torres | $ - | | $ 2,000.00 |
| Law Office of Webb & Scarmozzino | $ - | $4,119.34 | $ 2,000.00 |
| Nast Law Firm | $ - | $2,928.93 | $ 2,000.00 |
| Reich & Binstock | $ - | | $ 10,000.00 |
| Strom Law Firm | $ - | $3,356.21 | $ 2,000.00 |
| **TOTALS:** | $ 99,762,099.56 | $ 3,842,822.29 | $ 2,187,000.00 |