**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Bryon Ellison, et al. v. Taishan Gypsum Company, Ltd., et al.*<br>**2:17-cv-9827-EEF-JCW** | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

This memorandum is being submitted in support of Plaintiffs' Motion for Leave to

Amend Complaint filed by Plaintiffs' Counsel, James V. Doyle, Jr.

**BACKGROUND**

On November 14, 2016, a Class Action Complaint was filed in the United States District

Court for the Northern District of Alabama on behalf of Plaintiff Bryon Ellison and other

similarly situated owners and residents of real property containing defective Chinese

manufactured drywall that was designed, manufactured, imported, exported, distributed,

delivered, supplied, inspected, marketed, sold and/or installed by the Defendants Taishan

Gypsum Company, Ltd., and others named therein.

On March 25, 2017, an Amended Complaint was filed with the court, asserting the claims

of several additional plaintiffs that meet the class definition.  To date, no attorney has appeared

on behalf of any of the Taishan defendants.

On or about November 14, 2017, this case was transferred to this court via a conditional transfer order (CTO-36) entered by the Judicial Panel on Multidistrict Litigation.

The undersigned counsel now seeks leave to file a Second Amended Complaint. The new Complaint is being offered to this court and leave is hereby requested in order to allow the additional plaintiffs' claims listed on Exhibit A of the complaint to join the action.

## ARGUMENT

Under Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiffs did so when they filed their Amended Class Action Complaint (Doc. 18412). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" (Fed. R. Civ. P. 15(a)(2)); *see also Foman v. Davis*, 371 U.S. 178,182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

Defendants have not provided their consent to this filing as they have not yet filed and answer and it is unclear at this point which counsel might appear on behalf of any Taishan Defendant. It should be noted that continuing efforts are being made to serve the Taishan Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service Convention. Notice of service for each Chinese entity will be provided to the clerk of this court once service is perfected. However, at this time, as no counsel has appeared to date on behalf of any Taishan entity, the Local Rule of this court requiring the undersigned to confer before filing the instant motion for

leave to amend is inapplicable.

In the instant motion, Plaintiffs seek leave of court to add parties through the Second Amended Class Action Complaint pursuant to Rule 20, Federal Rules of Civil Procedure. As set forth below, Plaintiffs meet all of the requirements for "Permissive Joinder of Parties" under Rule 20.

**1. Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P.15(a)(2). A motion to amend ordinarily should be granted absent some justification for refusal. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Foman*, 371 U.S. at 182.

The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003).

In addition, the Federal Rules of Civil Procedure, Rule 20, allows for "Persons Who May Join or Be Joined." Fed. R. Civ. P. 20(a). According to that rule, "[p]ersons may join in one action as plaintiffs, if: (A) they assert any right to relief jointly, severally, or in the alternative

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id*.

As set forth in the Amended Class Action Complaint and now the Second Amended Class Action Complaint filed herewith, the newest Plaintiffs' claims are nearly identical to those of the Plaintiffs already participating in the case. Their claims, like the claims of the Plaintiffs in previous pleadings arise out of the exact same factual circumstances -- each residential or commercial property containing defective Chinese-manufactured drywall produced and/or sold by the Taishan entities -- and they seek the same relief arising out of the same series of transactions and occurrences committed by the Taishan entities. Therefore, this Court should allow the claims related to the new properties to be joined in this case, listed on Exhibit A to the complaint.

**2. Undue Prejudice**

The Fifth Circuit has adopted a liberal stance favoring leave to be granted freely by district courts considering an amendment to pleadings.  "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). In other words, "district courts must entertain a presumption

in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

There is no prejudice to the Defendant here. This case is in its very early stages – the defendants have not yet answered the complaint and no lawyers have appeared on behalf of any of the Taishan defendants. Plaintiffs simply seek to add the substantially similar claims of the new individual Plaintiffs to this case, which would preserve the Court's, Plaintiffs' and Defendant's resources rather than forcing the Court to manage, and Defendant to separately defend against, separate -- albeit nearly identical -- suits.

**3. Undue Delay, and Bad Faith or Dilatory Motive**

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. *Foman,* at 182.  While "[p]rejudice and timeliness are obviously closely related," *Minter v. Prime Equipment Co*., 451 F.3d 1196, 1205 (10th Cir. 2006), they are analytically distinct. There is no delay, bad faith, or dilatory motive here. As explained above, the newly named plaintiffs contained in the Second Amended Complaint and the First Amended Complaint have nearly identical claims to those individuals named in the original complaint. Both the claims and the relief sought have remained exactly the same in each amended complaint to date.

Related to this *Ellison* complaint, the undersigned has now been retained to pursue a recovery related to seventy (70) properties containing defective sheetrock produced and sold by the Taishan entities.  Through the instant motion and the proposed Second Amended Class Action Complaint, Plaintiffs seek to add eight (8) affected properties to those already filed the First Amended Class Action Complaint.  Furthermore, given the posture of this case - prior to the beginning stages of discovery - Plaintiffs have not caused delay to any of the Taishan defendants.

**4. Futility**

Amendment of a complaint may also be denied if the amendment sought would be futile. *Frank,* 3 F.3d at 1365; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006)). "A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Darris v. Pugliese*, No. 08-cv-02624-PAB-KMT, 2009 WL 3162630 *2 (D. Colo. Sept. 30, 2009).  Here, Plaintiffs' proposed Second Amended Class Action Complaint seeks to add affected properties, like those listed in Exhibit A of the previous complaints.  All plaintiffs allege they experienced damages as a result of installation of defective Chinese-manufactured drywall sold by the various Taishan Entities.

There is nothing in any of the pleadings filed to date that might suggest that these amendments would fall short of the standard accepted by the U.S. Supreme Court or the Fifth Circuit Court of Appeals; thus, the Second Amended Complaint should be approved by this court.

**5. Failure to Cure Deficiencies by Amendments Previously Allowed**

Leave of court to amend may also be denied if the party seeking to amend fails by amendment to cure deficiencies in the complaint previously allowed. *Frank*, 3 F.3d at 1365. This justification for denying leave to amend does not apply in this case.

As there appear to be no recognized filing hurdles, leave of court is requested to approve the instant Second Amended Class Action Complaint.

<u>**CONCLUSION**</u>

None of the reasons for denying leave to amend under Rule 15(a)(2), United States Supreme Court precedent and Fifth Circuit precedent exist in this case, and, therefore, leave to

amend should be granted now.  And, the grounds for granting joinder of parties in Rule 20 militate toward adding these Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant this Motion for Leave to File the Second Amended Class Action Complaint for filing, and order any other relief that this Court deems necessary, proper and just.

DATED:  July 9, 2018.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
Email:  jimmy@doylefirm.com

*Attorney for Plaintiffs*