UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PRIMARY COUNSEL'S MOTION TO DISQUALIFY FEE COMMITTEE CHAIR AND CO-CHAIR, TO STRIKE THE STEP SIX RECOMMENDATION OF THE MAJORITY OF FEE COMMITTEE REGARDING ALLOCATION OF THE COMMON BENEFIT (R. DOC.21455), AND TO LIFT THE SEAL ON RELATED FILINGS**

# EXHIBIT B

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PARKER WAICHMAN LLP'S OBJECTION TO THE FEE COMMITTEE'S COMMON BENEFIT FEE ALLOCATION RECOMMENDATION

To:   Fee Committee in Chinese-Manufactured Drywall Products Liability Litigation
      Attn:  Russ M. Herman and Arnold Levin, Co-Chairs
      *Via Electronic Mail*

Pursuant to Pre-Trial Order No. 28 (Doc. 17379 at ¶ 19) and the Fee Committee's May 23, 2018 email, Parker Waichman, LLP objects to the Fee Committee's recommendation that it receive $100,000.00 in common benefit fees as compensation for its 8,905.75 hours of common benefit work (the "Recommendation").[1]

**A. The Process Was Neither Fair Nor Transparent**

The Court instructed the Fee Committee to implement "processes to provide appropriate deliberative fairness to those participating [common benefit] attorneys."  PTO 28 at ¶14.  As explained by Judge Fallon, "[t]he total amount of the common benefit fund should be reasonable under the circumstances, and the ***method for distributing it should be fair, transparent, and based***

---

[1] Philip Garrett approved 8,905.75 hours of common benefit work for Parker Waichman. *See* R. Doc. 21168 at 26.  The Fee Committee approved 9,227.25 hours.  *See* Memorandum to Fee Committee from Sandra Duggan and Fred Longer (August 18, 2014).

1

*on accurately recorded data*." *Common Benefit Fees in Multi-District Litigation*, 74 La. L. Rev. 371, 381 (2014) (emphasis added). Accordingly, the Court instructed the Fee Committee to look at general fee jurisprudence, the *Johnson* Factors, and certain aspects of the litigation as set forth in *In re: Vioxx Prod. Liability Litigation*, 802 F.Supp.2d 740, 764-765.

On May 23, 2018, the Fee Committee advised Parker Waichman of its recommended common benefit fee - $100,000. No specific explanation was provided for the award; rather, the brief email accompanying the award set forth a few broad guiding principles purportedly considered in making the Recommendation. Specifically, the Fee Committee did not explain its process for distributing the fees among the firms receiving a common benefit allocation (approximately 50), did not explain how it arrived at a recommended fee to Parker Waichman which is $4,730,231.25 (or 98%) less than its Lodestar value, and did not provide copies of the Fee Committee meeting transcripts when the Recommendation was discussed and/or decided. Without this information, Parker Waichman's ability articulate a meaningful, detailed and well-informed objection to the Recommendation is severely handicapped.[2]

In addition to the lack of transparency, inherent unfairness has plagued the Fee Committee's process and the resulting allocation. First, the entire process for allocating common benefit work was inequitably skewed to allot the majority of common benefit work to only a handful of firms. According to common benefit hours accepted and reported by Philip Garrett (*see*

---

[2] Parker Waichman reserves its rights to seek discovery and submit a formal objection to the Court, if necessary, once the Fee Committee makes a final recommendation to the Court pursuant to ¶ 20 of Pre-Trial Order No. 28 (17379).

R. Doc. 21168 at 26), five firms[3] conducted over 50% of the work in this MDL. Second, many of the reported and accepted common benefit hours were unnecessary and conducted solely for the purpose of artificially inflating the common benefit allocation. For example, as further explained below, the PSC approved a contract with Cataphora whose software would substantially reduce document review, and therefore common benefit, time in the litigation. Ultimately, the contract was breached by the PSC for this very reason. Further, Parker Waichman objects to the common time approved for the five firms allocated over 50% of the work in this MDL to the extent that work was undertaken for the purpose of inflating their common benefit hours and fee allocation. Third, PSC members were instructed that all assessment contributions must be timely paid in order for the members' firms to receive common benefit fees. Disregarding this rule, the Fee Committee recommended the payment of common benefit fees to firms who failed to timely pay assessments. Fourth, the Fee Committee's weighting of time is unfairly arbitrary, at best. On its face, it appears to reward firms who supported the self-serving objectives of the PSC leadership and punish firms who lawfully objected. To the detriment of non-Fee Committee firms, the Fee Committee has never provided or explained this hierarchy or why certain types of work are worthy of a higher fee than others.

## B. The Recommendation Does not Comply with the Court's Pretrial Orders

Pretrial Order No. 28(A) requires each firm's Initial Affidavit, upon which the common benefit allocations are based, to "reflect all time submitted for work performed up to and including

---

[3] Levin Sedran & Berman (18.78%); Herman, Herman & Katz (17.35%); Seeger & Weiss (6.18%); Colson Hicks Edison (6.06%); and Richard J. Serpe, P.C. (5.77%).

December 31, 2013. . . ." However, the Recommendation is clearly based on efforts of certain counsel outside of this time frame. Accompanying the recommendation was an email from Sandra Duggan on behalf of the Fee Committee Co-Chairs, Arnold Levin and Russ Herman, that explains, "The Committee's recommendation also takes into account the efforts of those firms that worked diligently to obtain, over strenuous objection, the Court's approval of the total common benefit fee now to be allocated." This consideration refers to the fee allocation dispute which began in June of 2016 when the Fee Committee recommended an allocation between common benefit and contract counsel. *See* R. Doc. 20293. Accordingly, awarding a "bonus" to those firms who sided with the Fee Committee in this dispute while retaliating against those firms who did not is improper and violates the Court's orders.

**C. Parker Waichman's Common Benefit Allocation is Quantitatively Unreasonable**

Philip Garrett approved 8,905.75 of Parker Waichman's common benefit hours. *See* R. Doc. 21168 at 26. For that work, the Fee Committee has recommended that the firm receive $100,000.00 in common benefit fees. This allocation is facially punitive as it results in an effective rate of $11.23 per approved common benefit hour while the average recommended common benefit hour is purportedly worth $428.26 ($95,580,260.69, the total recommended common benefit fee award, divided by 232,523.30, the total common benefit hours of all firms receiving a common benefit fee award as reported by Philip Garrett) and common benefit hours for the firms of the Fee Committee co-chairs are recommended to receive in excess of $600 per hour.

Parker Waichman has studiously and timely complied with all requirements in connection with the reporting and submission of common benefit time. It timely submitted all time records and affidavits required by the Court. *See* Pre-Trial Order Nos. 9 and 28. It also participated in an

4

extensive meeting with the Fee Committee on August 20, 2014 to discuss its common benefit hours.

Further, Parker Waichman has been actively involved since the inception of this MDL. *See* Amended Initial Affidavit of Parker Waichman LLP for Compensation for Common Benefit Time and Reimbursement of Expenses (March 13, 2014) and Second Affidavit of Parker Waichman LLP in Connection with Request for Allocation of Common Benefit Fee and Cost Award (collectively, the "Parker Waichman Affidavits"). Parker Waichman LLP and Morgan & Morgan filed the first Federal class action complaint regarding defective Chinese Drywall. *Allen v. Plasterboard Tianjin Co., LTD, et al.*, Case No. 2:09-cv-00054. Jerry Parker is a member of the Plaintiffs' Steering Committee, chair of the Public Relations Committee, and Chair of the IT Committee. Upon the PSC's instruction and approval, as thoroughly outlined it the Parker Waichman Affidavits, the firm conducted extensive work in this litigation. For example, Jordan Chaikin, a former partner at Parker Waichman, committed approximately 80% of his practice to this lawsuit, and April Goodwin, a former associate at Parker Waichman, devoted approximately 90% of her time to the lawsuit. The Fee Committee has apparently and without explanation discounted this work.

Additionally, while Parker Waichman's common benefit work is thoroughly described in the Parker Waichman Affidavits, two categories of such work deserve specific mention. First, as Chair of the IT Committee, Jerry Parker was tasked with vetting and recommending various software vendors. Cataphora was one of those vendors. Prior to recommending Cataphora to the PSC, Jerry Parker vetted approximately a dozen vendors offering similar e-discovery products and ultimately recommended Cataphora. With the PSC's approval he negotiated a steeply discounted

5

contract with the company whereby the PSC would receive nearly $4 million in benefit for a contract price of approximately $400,000.  Without input from other PSC members and after authorizing Jerry Parker to enter the contract, Mr. Herman and Mr. Levin cancelled the contract, leading to extensive litigation with Cataphora in California.  Discounting Parker Waichman's common benefit fees as a retaliatory measure as a result of the Cataphora fall-out is improper.

Second, Parker Waichman was instructed by the PSC to conduct extensive work in drafting and gathering data for one of the omnibus complaints.  The firm was specifically told that these efforts would be considered common benefit.  After expending extensive time fulfilling this task as assigned and authorized by the PSC, Parker Waichman was told that the work was not considered common benefit.  Parker Waichman's legitimate common benefit time should not be reduced as a result of such arbitrary decisions.

**D.  Conclusion**

In sum, the process used by the Fee Committee and its ultimate Recommendation are not transparent, fail to comply with the law and pertinent pre-trial orders, are unfair and are facially unreasonable and punitive.  For those reasons, Parker Waichman objects to the Recommendation, reserves its right to issue formal discovery in connection therewith and thereafter file a formal objection with the Court.

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: ___/s/ *Jimmy R. Faircloth, Jr.*___
Jimmy R. Faircloth, Jr. (LA #20645)
jfaircloth@fairclothlaw.com
Brook L. Villa (LA #31988)
bvilla@fairclothlaw.com
Franklin "Drew" Hoffmann (LA #35824)

6

dhoffmann@fairclothlaw.com
412 N. 4th Street, Suite 230
Baton Rouge, LA 70802
Phone: (225) 343-9535
Fax: (225) 343-9538

*Attorneys for Parker Waichman LLP*

7