UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO.   2047<br>SECTION:   L<br>JUDGE FALLON<br><br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

*Amorin v. Taishan Gypsum Co., Ltd.*, et al.,
Case No. 11-1395 (EDLA)

*Amorin v. Taishan Gypsum Co., Ltd.*, et al.,
Case No. 11-1672 (EDLA)

*Amorin v. Taishan Gypsum Co., Ltd.*, et al.,
Case No. 11-1673

_____/

## AFFIDAVIT OF FRANCISCO A. ALBITES

BEFORE ME, the undersigned authority, personally appeared <u>Francisco A. Albites</u> who after being first duly sworn deposes and says:

1. My name is Francisco A. Albites. I am an attorney at Parker Waichman LLP and we represent Marc Caputo, Scott Turer, and Richard Smith regarding their claims in the above captioned Chinese Drywall Products Liability Litigation.

2. Since Pretrial Order 11A was issued, Parker Waichman LLP, through their attorneys and employees, sent out letters to all of the Chinese Drywall clients listed in the Exhibit A spreadsheet of Pretrial Order 11A. The letters expressed the importance of timely submitting a Supplemental Plaintiff Profile Form (SPPF). Each letter contained the Pretrial Order 11A, along with some instructions to fill out the forms.

3. The forms and instructions were sent to each individual Plaintiff represented by Parker Waichman in this matter via last known email and mail. In addition, a phone call was made to each Plaintiff. Phone contact took over a month since Parker Waichman LLP has over 300 clients in this matter.

4. The above-named Plaintiffs did not initially respond. We followed up with several phone calls and left them several voicemails. We also continuously sent them emails and mailed correspondence to them via certified mail expressing the importance of complying with Pretrial Order 11A.

5.  After communications with the above-named Plaintiffs proved difficult, Parker Waichman LLP proceeded to conduct background searches through Westlaw in an attempt to obtain better contact information for these clients.

6.  After extensive efforts by Parker Waichman LLP, we were finally able to make contact with the above-named Plaintiffs.

7.  In regards to Marc Caputo and Scott Turer, we have not been able to reach Mr. Caputo but have recently communicated with Mr. Turer. Mr. Turer relied on Mr. Caputo for most of the information regarding their affected property but has not been able to locate Mr. Caputo. Mr. Turer has since requested additional time to be able to submit a proper and completed SPPF.

8.  In regards to Richard Smith, we have been in communication with him and he has informed us that he requires help from his brother to complete the form but has had difficulties. Mr. Smith has requested additional time to complete the SPPF.

9.  The foregoing is true and accurate to the best of my knowledge.

**FURTHER AFFIANT SAITH NAUGHT.**

**STATE OF FLORIDA              )**
**COUNTY OF LEE COUNTY    )**

BEFORE ME, the undersigned authority, personally appeared <u>Francisco A. Albites</u> who is personally known to me or has produced a valid Florida Driver's License as identification and states that he has read the foregoing Affidavit and that the statements contained therein are true and correct to the best of her belief.

_____
Francisco A. Albites

SWORN TO AND SUBSCRIBED before me on this 10th day of July, 2018.

_____
Notary Public, State of Florida

My Commission Expires:

2/18/2020

JASENA PEARSEY
MY COMMISSION # FF962261
EXPIRES: February 18, 2020