UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*,
    Case No. 11-cv-1395
*Brooke, et al. v. State-Owned Assets Supervision and
Administration Commission of the State Council, et al.*,
    Case No. 15-cv-4127

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' STEERING COMMITTEE'S PROPOSED PRETRIAL ORDER SETTING
DEADLINES FOR THE RESOLUTION OF LOUISIANA PLAINTIFFS' CLAIMS FOR
REMEDIATION AND OTHER DAMAGES IN *AMORIN* AND *BROOKE***

**INTRODUCTION**

In response to the Court's Order of May 18, 2018 (Rec. Doc. 21399) and in furtherance of the directions provided by the Court at the status conference on June 12, 2018, the parties met and conferred, through counsel, in an effort to agree or partially agree on a list of issues and a schedule of deadlines for the trial of Louisiana cases in *Amorin* and *Brooke*. The Plaintiffs' Steering Committee ("PSC"), Taishan, and CNBM/BNBM exchanged their respective proposals with one another for review to determine where consensus existed. Unfortunately, despite these efforts, the parties could agree only on the fact that this litigation has been pending for more than nine years. The various plans for resolving the claims of hundreds of Louisiana Plaintiffs were so divergent that the parties agreed to submit individual proposals to the Court. The following sets forth the PSC's suggestion for adjudicating the Louisiana Plaintiffs' claims for remediation and other damages in a timely fashion.

## BACKGROUND

The Court has indicated it intends to focus first on class remediation damages for Louisiana Plaintiffs in *Amorin*,[1] which is appropriate given the tremendous amount of work and effort already accomplished by the parties and the Court on this aspect of the case. On April 21, 2017, the Court ruled that "[a]s a result of Defendants' default, the defectiveness and the corrosive effect of Chinese drywall were resolved in favor of Class Members. Thus, the only issue before the Court is the amount of damages which should be awarded to the Class for property remediation" (Rec. Doc. 20741, at ¶ 57).

Over three years ago, on June 9, 2015, at a hearing to assess remediation damages for current owners in *Amorin*, the Court heard testimony from experts for the Plaintiffs and the Taishan Defendants (Tashan Gypsum Co., Ltd. ("Taishan"), Taian Taishan Plasterboard Co., Ltd. ("TTP"), and the BNBM/CNBM entities). In its Findings of Fact and Conclusions of Law ("Class Damages Order"), the Court held that:

(1) "the defective nature of this Chinese drywall is undisputed"; "Even the Defendants' experts agree that the drywall is defective and needs to be removed" (Rec. Doc. 20741, at ¶¶ 1 & 57);

(2) the proper scope of remediation requires "removal and disposal of all damaged and affected building components in the properties, replacement of all drywall, replacement of entire HVAC assembly, replacement of entire electrical system (including receptacles and switches), replacement of all copper and silver

---

[1] The *Amorin* class includes: (a) Plaintiffs on Exhibit 10/79 from the Class Damages Hearing, (b) Plaintiffs on the Reserved Properties Spreadsheet, and (c) Plaintiffs on the Additional Taishan Properties Spreadsheet (*see* Rec. Doc. 20952).

2

        plumbing and electrical switches, replacement of all items that are likely to be damaged during demolition (*i.e.*, cabinets, trim and baseboards), replacement of items that are ultimately more efficient to replace than restore, such as carpet and flooring, a complete cleaning of the premises, and confirmation from an independent and qualified engineering company to confirm the quality and completeness of the cleanup and provide the necessary assurances for insurance, resale potential and peace of mind for the affected property owners" (Rec. Doc. 20741, at ¶ 17); and

(3)    "Given the unique circumstances surrounding Chinese drywall and the absence of efficient and appropriate alternatives, a formulaic method used to calculate remediation damages is fair and reasonable. Mr. [George J.] Inglis' estimation of remediation costs—rather than a series of individual inspections and individual mini-trial estimates—spares the Taishan Property Owners from the costs and further delay of individual inspections, which may cost thousands of dollars per person, take several months or years to complete and, most likely, will not lead to a more precise estimate than the ones provided by Mr. Inglis (Rec. Doc. 20741, at ¶ 55).

        The Court ordered the PSC, under the supervision of BrownGreer, to provide updated *Amorin* Class Plaintiffs' Spreadsheets with verified under air square footage.  The PSC timely submitted evidence and information regarding: (i) verified under air square footage; (ii) ownership data as of the date of the class damages hearing (*i.e.*, as of June 9, 2015); (iii) RS Means calculations using 2017 data, adjusted for local factors; (iv) product identification

3

("product ID")[2]; (v) counsel verifications; (vi) prior payments received in the Global/Banner/InEx settlements; and (vii) Plaintiff Profile Forms for all *Amorin* Class Members (*see* Rec. Doc. 20952). In addition, pursuant to Pretrial Order No. 11A, *Amorin* Plaintiffs have submitted Supplemental Plaintiff Profile Forms ("SPPFs"), verified by each Plaintiff, with information and evidence of: (i) transfer of ownership and assignments of claims; (ii) product ID; (iii) bankruptcies, foreclosures, and/or short sales; (iv) prior remediations; (v) prior payments received, if any; (vi) other damages, such as loss of use and enjoyment, alternative living expenses, diminution of value ("Other Damages"); and (vii) any changes in square footage in the property.

The Court ruled in its Class Damages Order that following the submission of Updated Class Plaintiffs' Spreadsheets, "Taishan will then be permitted to review and contest or seek set-offs" (Rec. Doc. 20741, at 50), after which "[t]he damages awarded will be calculated by multiplying the under air square footage of the affected properties listed in the revised Class Plaintiffs' Spreadsheet by $105.91[3] *as adjusted* by the RS Means location factor." *Id.* The Court noted that "[u]ltimately, all such claims will be based on verifications, not only of the under air

---

[2] Plaintiffs indicated for each property on the Updated Spreadsheets whether there was evidence of one or more of the following product ID categories, which the PSC contends constitute the universe of markings that exist in the population of *Amorin* and *Brooke* Plaintiffs' properties in this litigation, as set forth in the Taishan Product Identification Catalogue attached hereto as Exhibit "A": (A) BNBM/Dragon board; (B) C & K; (C) Chinese Manufacturer #2 (purple stamp); (D) Crescent City Gypsum; (E) DUN; (F) IMT Gypsum; (G) ProWall; (H) Taian Taishan or Taihe Tape; (I) "MADE IN CHINA MEET OR EXCEEDS"; (J) Drywall 4feetx12feetx1/2inch; (K) Venture Supply; (L) White Edge Ceiling Tape or boards with no markings.

[3] This figure was the national square foot unit price in 2015 with certified industrial hygienist (CIH) costs included and was calculated by the Court based on Plaintiffs' expert Mr. George J. Inglis, P.E. using R.S. Means to adjust the $86 per square foot cost approved in *Germano* to reflect then-current-day building materials and labor (*see* Rec. Doc. 20741 at 50 n.10).

living space square footage of the contaminated property, but also the presence of Taishan Drywall in those properties." *Id*. Taishan has not yet submitted contests or requests for set-offs with regard to the *Amorin* Louisiana Plaintiffs' remediation damages, but has indicated it intends to assert challenges including with respect to product ID. The Court has stated that at this point, the award of remediation damages for *Amorin* Louisiana cases involving current (as of June 9, 2015) owners should involve *limited* discovery only.[4]

Remediation damages for *Amorin* Louisiana former owners,[5] as well as Other Damages, such as alternate living expense, bodily injury, foreclosure, short sale, bankruptcy, loss of rent, loss of use and enjoyment, and so forth, for all Louisiana Plaintiffs in *Amorin* will be considered separately, and will involve more discovery. *See* Transcript of Proceedings dated 6/12/2018, at 3-4. The Court has suggested that with respect to Other Damages in *Amorin*, multiple cases should be tried before multiple juries in order to expedite resolution of this nine-year litigation. *Id.*

---

[4] The spreadsheet attached hereto as Exhibit "B" ("*Amorin* Louisiana Current Owners Spreadsheet") lists 556 current (as of June 9, 2015) owners in *Amorin* with properties located in Louisiana, according to the PSC. This spreadsheet also summarizes the information provided to Defendants pursuant to the Class Damages Order and PTO 11A.

[5] The spreadsheet attached hereto as Exhibit "C" ("*Amorin* Louisiana Former Owners Spreadsheet") lists 222 former (as of June 9, 2015) owners in *Amorin* with properties located in Louisiana, according to the PSC. This spreadsheet also summarizes the information provided to Defendants pursuant to the Class Damages Order and PTO 11A. There are 5 "new" (since June 9, 2015) owners in *Amorin* with properties located in Louisiana, who are asserting claims for remediation damages. The spreadsheet attached hereto as Exhibit "D" ("*Amorin* Louisiana New Owners Spreadsheet") lists those new owners and summarizes the information provided to Defendants pursuant to the Class Damages Order and PTO 11A. Taishan contests whether these new owners are class members. A determination will have to be made by the Court as to whether the new owners are *Amorin* class members and, if not, whether they may assert derivative claims for damages.

Previously, in 2016, the Court appointed Co-Special Master Cal Mayo to meet with the parties in an effort to reach a resolution regarding Taishan properties. Over a period of several months, Mr. Mayo met with the parties on numerous occasions. They focused on identifying the universe of product ID categories at issue in the litigation, identifying which properties contained evidence of product ID, and identifying which product ID categories Taishan, TTP, and BNBM admitted or denied could be attributable to the Defendants. Mr. Mayo did not make any formal recommendations to the Court with regard to product ID. The negotiations did not result in a resolution of the litigation.

## **TRIAL PLANS FOR *AMORIN* AND *BROOKE* LOUISIANA CASES**

Further proceedings in the *Amorin* and *Brooke* Louisiana cases identified on the Appendix attached to the Court's May 18, 2018 Order should be simultaneously conducted on separate and parallel tracks.

### *AMORIN*

### **Product ID Categories Attributable to Taishan, TTP, and/or BNBM**

1. On or before _____, 2018 [within 15 days of the date of the Order], the Taishan Defendants shall admit or deny in writing whether the following product ID categories were manufactured by Taishan Gypsum, TTP, and/or BNBM: (A) BNBM/Dragon board; (B) C & K; (C) Chinese Manufacturer #2 (purple stamp); (D) Crescent City Gypsum; (E) DUN; (F) IMT Gypsum; (G) ProWall; (H) Taian Taishan or Taihe Tape; (I) "MADE IN CHINA MEET OR EXCEEDS"; (J) Drywall 4feetx12feetx1/2inch; (K) Venture Supply; (L) White Edge Ceiling Tape or boards with no markings. In the event Defendants deny a product ID category was manufactured by Taishan, TTP, and/or BNBM, Defendants shall set forth with specificity the

basis for the denial and both describe and attach all documents and identify all witnesses whose testimony, in whole or in part, form the basis for Defendants' denial that the product ID category was manufactured by Taishan, TTP, and/or BNBM.

2. On or before _____, 2018 [within 30 days of the date of the Order], the PSC shall provide evidence and reasons why each of the product ID categories denied by Defendants, if any, should be attributable to Taishan, TTP, and/or BNBM. In the event the PSC seeks additional limited discovery from Defendants regarding specific product ID categories, the PSC shall file an application for same with Mr. Mayo.

3. On or before _____, 2018 [within 60 days of the date of the Order], Co-Special Master Cal Mayo shall review the written submissions of the parties with respect to product ID categories and determine whether an oral presentation is advisable or warranted. Thereafter, no later than _____, 2018 [within 30 days following the written submissions or oral presentation, whichever is later], Mr. Mayo shall issue a Recommendation to the Court as to whether the product ID categories denied by Defendants, if any, were manufactured by Taishan, TTP, and/or BNBM, and whether those product ID categories should be attributed to Taishan, TTP, and/or BNBM.

4. Following the issuance of a Recommendation by Cal Mayo as to whether the product ID categories denied by Defendants, if any, were manufactured by Taishan, TTP, and/or BNBM, the Court shall issue Findings of Fact and Conclusions of Law ("Product ID FOFCOL") as to whether any of the product ID categories denied by Defendants are attributable to Taishan, TTP, and/or BNBN.

7

**Limited Discovery of *Amorin* Louisiana Current Owners
Regarding Ownership/Square Footage/Product ID Verification**

5.  On or before _____, 2018 [within 15 days of the date of the Order], the Taishan Defendants shall serve the PSC and individual Plaintiffs' counsel, as appropriate, with discovery they seek from any individual Plaintiffs identified on the *Amorin* Louisiana Current Owners Spreadsheet, limited only to (a) whether the Plaintiff is a current (as of June 9, 2015) owner of the property in question and whether an assignment of Plaintiff's claim for remediation damages was made; (b) whether the under air square footage of the property in question is accurate; and (c) whether there is evidence of product ID in the property in question. In the event Defendants seek depositions from any of the *Amorin* Louisiana Current Owners, the Defendants are required to show good cause why such depositions are necessary.

6.  On or before _____, 2018 [within 30 days of the date of the Order], the PSC shall respond in writing to any and all ownership/square footage/product ID verification discovery requested by Defendants of *Amorin* Louisiana Current Owners pursuant to Paragraph 5.

7.  In the event the parties disagree as to the necessity for the ownership/square footage/product ID verification discovery requested by the Defendants of *Amorin* Louisiana Current Owners, the Court shall resolve those disagreements.

8.  All ownership/square footage/product ID verification discovery of *Amorin* Louisiana Current Owners shall be completed no later than _____, 2018 [within 90 days of the date of the Order].

8

### Judgment on Remediation Damages for *Amorin* Louisiana Current Owners

9. On or before _____, 2018 [within 15 days of the date of the Order], the PSC shall submit RS Means calculations using 2018 data, adjusted for local factors, for each property associated with an *Amorin* Louisiana Current Owner.

10. Following the completion of ownership/square footage/product ID verification discovery of *Amorin* Louisiana Current Owners, and no later than _____, 2018 [within 120 days of the date of the Order], Defendants shall file with the Court and serve on the PSC and individual Plaintiffs' counsel, as appropriate, all contests and requests for set-offs from the remediation damages calculations for *Amorin* Louisiana Current Owners.

11. On or before _____, 2018 [within 150 days of the date of the Order], the PSC shall respond to Defendants' contests and requests for set-offs from the remediation damages for *Amorin* Louisiana Current Owners.

12. The Court, with input from Co-Special Master Cal Mayo, if needed, shall assess class remediation damages for *Amorin* Louisiana Current Owners.

### Limited Discovery of *Amorin* Louisiana Former Owners and New Owners Regarding Ownership/Square Footage/Product ID Verification

13. On or before _____, 2018 [within 15 days of the date of the Order], the Taishan Defendants shall serve the PSC and individual Plaintiffs' counsel, as appropriate, with discovery they seek from any individual Plaintiffs identified on the *Amorin* Louisiana Former Owners Spreadsheet or the *Amorin* Louisiana New Owners Spreadsheet, limited only to (a) whether the Plaintiff is a former (as of June 9, 2015) or a new (since June 9, 2015) owner of the property in question and whether an assignment of Plaintiff's claim for remediation damages was made; (b) whether the under air square footage of the property in question is accurate; and

(c) whether there is evidence of product ID in the property in question. In the event Defendants seek depositions from any of the *Amorin* Louisiana Former Owners or New Owners, the Defendants are required to show good cause why such depositions are necessary.

14. On or before _____, 2018 [within 30 days of the date of the Order], the PSC shall respond in writing to any and all ownership/square footage/product ID verification discovery requested by Defendants of *Amorin* Louisiana Former Owners or New Owners pursuant to Paragraph 13.

15. In the event the parties disagree as to the necessity for the ownership/square footage/product ID verification discovery requested by the Defendants of *Amorin* Louisiana Former Owners or *Amorin* Louisiana New Owners, the Court shall resolve those disagreements.

16. All ownership/square footage/product ID verification discovery of *Amorin* Louisiana Former Owners and/or *Amorin* Louisiana New Owners shall be completed no later than _____, 2018 [within 90 days of the date of the Order].

### **Judgment on Remediation Damages for *Amorin* Louisiana Former Owners and New Owners**

17. On or before _____, 2018 [within 15 days of the date of the Order], the PSC shall submit RS Means calculations using 2018 data, adjusted for local factors, for each property associated with *Amorin* Louisiana Former Owners and New Owners, and shall demonstrate why the methodology and formula approved by the Court in its Class Damages Order for calculating remediation damages for *Amorin* Louisiana Current Owners should also apply to an award of remediation damages for *Amorin* Louisiana Former Owners and/or *Amorin* Louisiana New Owners.

18.     On or before _____, 2018 [within 45 days of the date of the Order], Defendants shall respond to the PSC's argument that the methodology and formula approved by the Court in its Class Damages Order for calculating remediation damages for *Amorin* Louisiana Current Owners should also apply to an award of remediation damages for *Amorin* Louisiana Former Owners and/or New Owners.

19.     Following the completion of ownership/square footage/product ID verification discovery of *Amorin* Louisiana Former Owners and New Owners, and no later than _____, 2018 [within 120 days of the date of the Order], Defendants shall file with the Court and serve on the PSC and individual Plaintiffs' counsel, as appropriate, all contests to, requests for set-offs from, and requests for allocation of remediation damages calculations for and as between *Amorin* Louisiana Former Owners and/or New Owners.

20.     On or before _____, 2018 [within 150 days of the date of the Order], the PSC shall respond to Defendants' contests, requests for set-offs, and requests for allocation with respect to remediation damages for *Amorin* Louisiana Former Owners and New Owners.

21.     The Court, with input from Co-Special Master Cal Mayo, if needed, shall assess if appropriate class remediation damages for *Amorin* Louisiana Former Owners and/or New Owners.

### Discovery Related to Other Damages for *Amorin* Louisiana Current Owners, Former Owners, and New Owners

22.     On or before _____, 2018 [within 15 days of the date of the Order], the PSC shall provide Defendants with all evidence in the possession of Plaintiffs supporting their claims for Other Damages, including, but not limited to, alternate living expense, bodily injury, foreclosure, short sale, bankruptcy, loss of rent, and loss of use and enjoyment.

11

23. On or before _____, 2018 [within 30 days of the date of the Order], the Taishan Defendants shall serve the PSC and individual Plaintiffs' counsel, as appropriate, with non-duplicative discovery they seek from any individual Plaintiffs identified on the *Amorin* Louisiana Current Owners Spreadsheet, the *Amorin* Louisiana Former Owners Spreadsheet, and/or the *Amorin* Louisiana New Owners Spreadsheet regarding claims for Other Damages.

24. On or before _____, 2018 [within 45 days of the date of the Order], the PSC shall respond in writing to any and all discovery requested by Defendants regarding claims for Other Damages of *Amorin* Louisiana Current Owners, Former Owners, and/or New Owners pursuant to Paragraph 23.

25. In the event the parties disagree as to the necessity for or scope of the discovery requested by the Defendants of *Amorin* Louisiana Owners regarding Other Damages, the Court shall resolve those disagreements.

26. All discovery related to claims for Other Damages of *Amorin* Louisiana Current Owners, Former Owners, and New Owners shall be completed no later than _____, 2018 [within 135 days of the date of the Order].

### Motion Practice Related to Other Damages for *Amorin* Louisiana Current Owners, Former Owners, and New Owners

27. On or before _____, 2018 [within 15 days of the date of the Order], the parties shall file any non-duplicative, non-Plaintiff-specific motions that relate globally to the assessment of remediation damages for *Amorin* Louisiana class members and/or the claims of *Amorin* Louisiana Plaintiffs for Other Damages.

28. On or before _____, 2018 [within 45 days of the date of the Order], the parties shall respond to any non-duplicative, non-Plaintiff-specific motions that relate globally to

the assessment of remediation damages for *Amorin* Louisiana class members and/or the claims of *Amorin* Louisiana Plaintiffs for Other Damages.

29. On or before _____, 2018 [within 60 days of the date of the Order], the parties shall file replies in support of any non-duplicative, non-Plaintiff-specific motions that relate globally to the assessment of remediation damages for *Amorin* Louisiana class members or the claims of *Amorin* Louisiana Plaintiffs for Other Damages.

### Trials of Claims for Other Damages of *Amorin* Louisiana Current Owners, Former Owners, and New Owners

30. On or before _____, 2018 [within 150 days of the date of the Order], the PSC shall identify ___ *Amorin* Plaintiffs [or ___ groups of *Amorin* Plaintiffs] whose claims for Other Damages will be set for jury trial ("Initial Set of Trials for Other Damages Claims").

31. On or before _____, 2018 [within 165 days of the date of the Order], the Defendants shall file any non-duplicative motions that relate to the claims of the specific *Amorin* Plaintiffs identified by the PSC pursuant to Paragraph 30 for Other Damages.

32. On or before _____, 2018 [within 180 days of the date of the Order], the PSC shall respond to any non-duplicative motions that relate to the claims of the specific *Amorin* Plaintiffs identified by the PSC pursuant to Paragraph 30 for Other Damages.

33. Following motion practice regarding the claims of the specific *Amorin* Plaintiffs identified by the PSC pursuant to Paragraph 30 for Other Damages, the parties shall present the Court with a proposed trial plan for adjudication of the claims of the specific *Amorin* Plaintiffs identified by the PSC pursuant to Paragraph 30 for Other Damages, with a schedule of deadlines.

34. It is contemplated by the Court that additional trials of claims for Other Damages of additional *Amorin* Plaintiffs will follow the Initial Set of Trials for Other Damages Claims.

## *BROOKE*

35. On or before _____, 2018 [within 15 days of the date of the Order], the Defendants shall answer the complaint, assert affirmative defenses, and/or file FRCP 12 motions as responsive pleadings in regard to the action filed by each *Brooke* Louisiana Plaintiff.[6] The PSC shall have 30 days to respond to any Rule 12 motions filed.

36. On or before _____, 2018 [within 30 days of the date of the Order], each *Brooke* Louisiana Plaintiff shall comply with Pretrial Order No. 11A and complete and submit a verified SPPF, with supporting documentation, to Defendants via the BrownGreer Chinese Drywall Portal.

37. On or before _____, 2018 [within 45 days of the date of the Order], the PSC shall file and seek rulings on motions to strike defenses and/or seek appropriate sanctions based on Defendants' prior alleged misconduct (contemptuous acts, spoliation of evidence, disobedience of Court orders by refusing to participate in the litigation, etc.), prior to the commencement by Defendants of discovery as to the merits of the *Brooke* Louisiana Plaintiffs' claims for remediation damages and Other Damages. The Defendants shall have 30 days to respond to any motions to strike or motions for sanctions filed by the PSC.

38. On or before _____, 2018 [within 60 days of the date of the Order], the parties shall file additional non-duplicative dispositive motions, including motions for class certification, motions addressing statutes of limitations, and motions related to merits issues. Each party shall have 30 days to respond to the other side's motions.

---

[6] The spreadsheet attached hereto as Exhibit "E" ("*Brooke* Louisiana Owners Spreadsheet") lists 142 owners in *Brooke* with properties located in Louisiana, according to the PSC.

14

39. On or before _____, 2018 [within 60 days of the date of the Order], the Taishan Defendants shall serve the PSC and individual Plaintiffs' counsel, as appropriate, with non-duplicative discovery they seek from any individual *Brooke* Louisiana Plaintiffs regarding claims for remediation damages and Other Damages.

40. On or before _____, 2018 [within 75 days of the date of the Order], the PSC shall respond in writing to any and all discovery requested by Defendants of *Brooke* Louisiana Plaintiffs pursuant to Paragraph 39.

41. In the event the parties disagree as to the necessity for or scope of discovery requested by the Defendants of *Brooke* Louisiana Plaintiffs, the Court shall resolve those disagreements.

42. All discovery of *Brooke* Louisiana Plaintiffs shall be completed no later than _____, 2018 [within 135 days of the date of the Order].

43. On or before _____, 2018 [within 180 days of the date of the Order], the Defendants shall assert any and all contests to the *Brooke* Louisiana Plaintiffs' claims for remediation damages and Other Damages by completing for each *Brooke* Louisiana Plaintiff the case-specific Supplemental Defendant Profile Form ("SDPF") attached hereto as Exhibit "F," identifying any disputes and the basis for any requested discovery regarding product ID, product indicia, ownership of the property, assignment of claims, square footage, prior payments received, or issues related to prior remediations.

44. On or before _____, 2018 [within 210 days of the date of the Order], the PSC shall respond to Defendants' contests and requests for set-offs from the claims for

remediation damages and Other Damages for *Brooke* Louisiana Plaintiffs, as set forth in the SDPFs.

**Trials of Claims for Remediation and Other Damages of *Brooke* Louisiana Plaintiffs**

45. On or before _____, 2018 [within 240 days of the date of the Order], the PSC shall identify ___ *Brooke* Louisiana Plaintiffs [or ___ groups of *Brooke* Louisiana Plaintiffs] whose claims for remediation and Other Damages will be set for jury trial ("Initial Set of Trials for *Brooke* Louisiana Plaintiffs").

46. Thereafter, the parties shall present the Court with a proposed trial plan for adjudication of the claims of the specific *Brooke* Louisiana Plaintiffs identified by the PSC pursuant to Paragraph 45 for remediation and Other Damages, with a schedule of deadlines.

47. It is contemplated by the Court that additional trials of claims for remediation and Other Damages will follow the Initial Set of Trials for *Brooke* Louisiana Plaintiffs.

Dated:                                              Respectfully Submitted,


By: /s/ Russ M. Herman
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Nicola F. Serianni (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier (on the brief)
Rachel M. Naquin (on the brief)
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com