UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE -MANUFACTURED      MDL NO. 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                             SECTION: L

                                             JUDGE ELDON FALLON
                                             MAGISTRATE WILKINSON

# Opinion and Decree

This matter involves a dispute between William and Kelly Wayne ("the Waynes") and the Knauf Defendants ("Knauf").

The Waynes owned the property located at 576 Huseman Lane, Covington, Louisiana, and Regions Bank held a mortgage on the property.  Regions foreclosed and, in September 2011, sold the property at auction.

The Waynes now seek to recover pursuant to the Knauf Settlement Agreement.  Specifically, they seek to recover a Lump Sum Payment as former owners of a foreclosed property.

The Knauf Settlement Agreement provides three options for remediation benefits: Option 1 (Section 4.3.1), pursuant to which Knauf (through its Lead Contractor, Moss) will remediate the property, pay a Lump Sum Payment to the owner, and pay a Delay Period Payment to the owner; Option 2 (Section 4.3.2), pursuant to which Knauf will reimburse the owner part of the cost for remediating the property; and Option 3 (Section 4.3.3), pursuant to which Knauf will pay a cash sum to the owner, whether or not the property is remediated.

By their own terms, all three options (set forth in Sections 4.3.1, 4.3.2, and 4.3.3, respectively) are available to KPT Property Owners, defined as owners of "Affected Property in which the KPT Drywall Percentage exceeds 90%."  However, the next paragraph of the settlement

agreement (Section 4.3.4) extends the right to claim benefits to Mixed Property Owners (defined as those who own "Affected Properties in which the KPT Drywall Percentage is less than or equal to 90%"), but only for Option 2 and Option 3 benefits – *not* Option 1 benefits: "Mixed Property Owners may select only the Self-Remediation Option (as set forth in Section 4.3.2) or the Cash-Out Option (as set forth in Section 4.3.3)."

With respect to foreclosed properties, Section 4.3.5.1 of the Knauf Settlement Agreement provides:

> For Foreclosed Properties, (a) the Mortgagee shall be entitled to the benefits under Sections 4.3.1, 4.3.2 or 4.3.3, except for the Other Covered Expenses, but only if the Mortgagee became the Owner after foreclosure and remains the Owner of the Affected Property and the Mortgagee provides a release to the Knauf Defendants and Other Releasees; and (b) the Owner prior to the foreclosure shall be entitled to the Lump Sum Payment under Section 4.3.1.1, but not the Delay Period Payment under Section 4.3.1.2.

An example helps explain how this provision works. Assume that a property owner can satisfy the requirements of Options 1, 2, or 3. Further assume that the property owner defaults on his loan, and the mortgagee forecloses. Section 4.3.5.1 divides the entitlement to the benefits between the former property owner and the mortgagee, and it sets forth the procedural hurdles to recovery.

Conversely, Section 4.3.5.1 does not *create* new benefits that would not have existed but for the foreclosure. In other words, if a property owner could have recovered Option 1 benefits (such as a Lump Sum Payment) but for the foreclosure, Section 4.3.5.1 sets forth how he (or the mortgagee) can recover those benefits after the foreclosure. Conversely, if a property owner could not have recovered Option 1 benefits (including a Lump Sum Payment) but for the foreclosure, the fact that a foreclosure occurs does not *create* a right to Option 1 benefits out of thin air.

As was established above, an owner may only recover Option 1 benefits (including a Lump

Sum Payment) if the property contains at least 90% KPT drywall.  The Waynes have provided not provided the kind of evidence (as required by Pretrial Order 1(B)) which would satisfy their burden of proof on this point.  Because they have not proven that they are "KPT Property Owners", they may not recover Option 1 benefits, including the Lump Sum Payment.

For these reasons,[1] the Special Master finds in favor of Knauf and against the Waynes.  The Special Master will circulate an invoice in the near future.  In accordance with the Settlement Agreement, the costs associated with the Special Master's services will be split between the parties (one-half each).

Dated: January 25, 2018                                        /s/ Daniel J. Balhoff
                                                               Daniel J. Balhoff, Special Master

---

[1]Knauf has made additional arguments against the Waynes' right to recover benefits.  Since the Waynes have not proven that they are KPT Property Owners, there is no need to address those arguments.