UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY       MDL NO. 2047
LITIGATION       SECTION: L
   JUDGE FALLON
   MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:

ALL CASES
*****************************************************************************

## OBJECTION TO RECOMMENDATION OF FEE COMMITTEE DATED JULY 3, 2018 (R. Doc. 21455)

Pursuant to this Court's Order dated July 6, 2018 [R. Doc. 21482], the Rhine Law Firm ("RLF") objects to the Fee Committee's recommendation that RLF receive $47,000.00 for its 418.25 hours of common benefit work [See, R. Doc 21455], which equates to less than $113.00 per hour. RLF files this objection for a few simple reasons. First, while we were not afforded the opportunity to undertake the more expansive role we continuously sought in this case, RLF is proud of its contribution to this effort and produced solid work product from seasoned construction defect litigators. Further, as a small firm, when RLF accepted assignments from the PSC to work on common benefit, much was at risk as it does not have the numerous fee generating attorney to rely upon. Instead, it is critical that we accept cases cautiously. Thus, waiting years for this compensation is untenable. RLF cannot make a profit in this line of work at a $113 hourly rate and thus, should the Court accept the Fee Committee's recommendation, RLF will have lost money while undertaking common benefit assignments in this successful litigation.

As such, the Rhine Law Firm requests the Court evaluate RLF's common benefit work and provide it with a reasonable return. We desire to neither overstate nor understate our work and its value and will not denigrate any other counsel's work or impugn other's motives. We simply desire the court's objective review. In support of this Objection, RLF is attaching as Exhibit 1, under seal, a June 4, 2018 letter to the Fee Committee, with attachments as follows:

    Exhibit 1-A:  July 9, 2009 letter to Russ Herman;

    Exhibit 1-B: Transcript of Joel Rhine's testimony before the Fee Committee;

    Exhibit 1-C: Duggan Memorandum about Rhine Law Firm's work;

    Exhibit 1-D: Response to Duggan 7.9.2017 Memo to Fee Committee Regarding the Rhine Law Firm.

> Exhibit 1-E: August 1, 2009 letter that contemptuously described some of the work subject to questions.

Assuming the Court desires to apply the *Johnson* factors to RLF's work, this Objection attempts to provide relevant information about the same[1]. Because much of the information we can provide the Court is filed under seal, our discussion in this memorandum is muted.

Many of the *Johnson* factors concern the attorney's ability and competence to deal with the litigation. Simply put, RLF lawyers have successfully handled this exact type of work for decades. Joel R. Rhine has been practicing law for over 30 years with an emphasis on defective building product litigation. The Chinese Drywall litigation fit squarely within our practice area where Mr. Rhine enjoys a national reputation gained from decades of experience dealing with the same issues, claims, defenses, and insurance policies that are before the Court in this litigation. Mr. Rhine's cases have dealt with almost every conceivable type of structure and construction project, from two nuclear power plants, commercial buildings, clubhouses and amenities, infrastructure, multi-family housing, modular homes, mobile homes and single-family residences. In these cases, our lawyers have prosecuted claims against nearly every conceivable defendant, including manufacturers, general contractors, subcontractors, insurance agents, insurance companies (both first party claims and third-party claims), engineers, architects, property managers, building inspectors, repair contractors, sellers, and more. Among other issues, this expert driven work requires thorough understanding of applicable building science and interior air quality issues. In fact, some of Mr. Rhine's stockpile of experts testified in the CDW trials or have been used by the PSC for other purposes. Our hard work and tenacity has resulted in numerous multi-million dollar awards and settlements in federal and state courts and arbitrations. As a result, Mr. Rhine is a frequent presenter at national seminars on construction defect litigation. We are hopeful the Court recognizes the sophistication of our practice and how the work we performed in this litigation (described in the sealed attachments) relates directly to our expertise.

In the Fee Committee's Recommendation [R. Doc. 21455-2] Exhibit B (SEALED), the Rhine Law Firm's work is described limited to a discrete matter. In fact, the firm's work was far more expansive, and we request the Court review the work detailed in the attached "Response to Duggan 7.9.2017 Memo to Fee Committee Regarding the Rhine Law Firm." The RLF performed valuable esoteric work dealing with science, experts, insurance and more, which clearly qualifies

---

[1] The *Johnson* factors include (a) the time and labor required; (b) the novelty and difficulty of the questions; (c) the skill required to perform the legal service properly; (d) the preclusion of other employment by the attorneys due to acceptance of the case; (e) the customary fee; (f) whether the fee is fixed or contingent; (g) time limitations imposed by the client or circumstances; (h) the amount involved and the results obtained; (i) the experience, reputation, and ability of the attorneys; (j) the "undesirability" of the case; (k) the nature and length of the professional relationship with the client; and (l) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).

as common benefit. In short, there is no doubt that the RLF expended at least 418.25 hours on valuable common benefit work.

In addition to the experience and competency factors described above, we are hopeful that the Court will consider other *Johnson* factors when valuing our work. The issues that RLF confronted in this case were difficult. For example, it is well known that we worked on insurance coverage issues. Our common benefit insurance files are enormous because we conducted a fifty-state analysis of caselaw and secondary sources on all sorts of issue, such as "ensuing loss," "faulty materials or workmanship," "latent defects," "pollution" exclusions and much much more[2]. We also request the Court recognize that our expert and other work assignments required knowledge of building science chemistry, Indoor Air Quality issues, knowledge of the legal arguments that were and likely would be asserted by both sides, and more. In sum, our work was complex and helped lead to the outcome of which we all are proud to have delivered to our clients.

Finally, we have only 3 lawyers in our firm. This makes the risk in accepting common benefit work quite extreme. Had we not performed this work, we would have been able to accept other assignments. Regardless, this work rightfully was assigned to our firm, and as the Court will discern from the attached sealed exhibits, RLF requested more work. In fact, in addition to the 418.25 hours that is at issue, Mr. Rhine provided the PSC, including Mr. Meunier, with research and strategies against the Taishan Defendants that were adopted. RLF lawyers were more than willing to continue our efforts against Taishan but were not asked to do so.

WHERFORE, the undersigned respectfully requests the Court allocate at least $199,000 to the Rhine Law Firm, for the 418.25 hours of common benefit work.

Respectfully submitted this the 19th day of July, 2018.

    *s/Joel R. Rhine*
Joel R. Rhine *(pro hac vice)*
RHINE LAW FIRM, PC
1612 Military Cutoff Rd, Suite 300
Wilmington, NC 28403
Tel: (910) 772-9960
Fax: (910) 772-9062
jrr@rhinelawfirm.com

---

[2] Our "Insurance" file for the Chinese Drywall is 291 Megabytes with 826 files.

3