UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:   CHINESE-MANUFACTURED          MDL NO. 2047
         DRYWALL PRODUCTS LIABILITY
         LITIGATION                    SECTION: L

         THIS DOCUMENT RELATES TO:     JUDGE FALLON

         ALL *CASES*                   MAG. JUDGE WILKINSON

MORRIS BART, LLC'S LIMITED OBJECTION TO
THE MINORITY FEE COMMITTEE REPORT

Morris Bart, LLC (hereinafter "Bart"), through undersigned counsel and pursuant to this Court's Order,[1] respectfully submits the instant limited objection to "Krupnick Campbell Malone et al.'s Minority Fee Committee Report Consistent with 'Step Six' Pursuant to Pre-Trial Order 28" (hereinafter "Minority Report").[2]  Specifically, Bart objects solely to the Minority Report's reference to an alternative allocation proposal by "certain common benefit firms" (hereinafter "Alternative Proposal").[3]

With regard to the Alternative Proposal, the Minority Report explains, in relevant part, as follows:

> During the Fee Committee process, certain common benefit firms proposed the Committee consider an "off-the-top" adjustment factor based upon the amount of the contributed common benefit cash assessments.  This adjustment, as they proposed, would result in a 200% factor for each contributing firm prior to the common benefit.  The undersigned undertook to perform that calculation, using this adjustment factor and the relative percentages awarded to each firm

---

[1]   *See* R. Doc. 21577.

[2]   *See* R. Doc. 21577-1.

[3]   *See  id*. at p. 6-7 and p. 7 at  n. 5.  Bart specifically and expressly does not object to nor dispute the Minority Report's suggestion that the Subset of the Fee Committee's allocation proposal is not supported by an articulable and sustainable methodology, that it is improper to take into consideration any work performed after December of 2013, that it is improper to split the increase to the fee fund between Lead and Liaison Counsel, and agrees that Lead and Liaison Counsel should be capped at a reasonable percentage.

predicated upon the June 2015 proposal fee awards.  See Exhibit A. [TO BE FILED UNDER SEAL].[4]

Although Bart acknowledges that the Minority Report does not actually recommend adoption of this Alternative Proposal,[5] in an abundance of caution, Bart presents the instant limited objection in order to object to the same to the extent it is to be considered by the Court. Accordingly and as discussed in detail below, the Alternative Proposal should be rejected.

First, the Alternative Proposal fails to apply (or properly apply) the standards set forth by this Court for the allocation of the common benefit fee fund.  Specifically, as it pertains to each firm's "June 2015 relative percentage," it is not clear what methodology was used in reaching the same, if any, or if one was used, it lacks the requisite transparency to verify the same, assure deliberative fairness was afforded in its application, and to evaluate the propriety of the ultimate recommendation made.  Indeed, there is no statement whatsoever as to what methodology was used to derive the numbers in general, much less, how the same was applied to each firm.

Moreover, as it pertains to the use of an individual cash assessment factor for allocation, it is in direct contravention of the Court's prior pronouncements as to the proper methodology to be used and criteria to be considered for allocating the common benefit fee fund.  Indeed, the only time cash assessments are mentioned anywhere in the Court's attorney fee and cost reimbursement guidelines is in Pretrial Order No, 28(f), where the Court directs the Fee

---

[4]   *See id*. at p. 7, n. 5.  Through reference to the above and Exhibit 1 to the Minority Report, Bart understands the Alternative Proposal to work as follows.  First, the total amount of assessments are identified for each firm and then multiplied by 200%, giving each firm an individual "assessment factor" (hereinafter, "individual assessment factor").  Second, all of the individual assessment factors for all common benefit firms are added together and then the sum of the same subtracted from the total available common benefit fee fund to determine the amount remaining to be allocated amongst the firms (the "remainder").  Third, each firm's allocation of the remainder is then determined by multiplying each firm's "June 2015 relative percentage" against the remainder (hereinafter, "individual remainder allocation").  Fourth, the total common benefit allocation for each firm is then derived by adding its individual assessment factor to its individual remainder allocation.

[5]   *See id*. ("While this is not the recommendation of this Minority Report and the Court may have concerns regarding such a process, it is provided in the spirit of an alternative proposal put forward by common benefit attorneys.").

Committee to make a recommendation as to the reimbursement of assessments – *separate and apart* from the direction to provide a recommendation as to "the common benefit fee allocation to each participating attorney or law firm which has submitted a Second Affidavit."[6]  Indeed, as it pertains to arriving at the common benefit fee allocation, the Court's guidelines make specific repeated reference to the Fee Committee's obligation to consider the *work* performed by each firm in order to allocate the common benefit fee fund, not the amount of cash assessments each firm made.  This is so because the underlying purpose guiding the allocation process is to fairly and adequately compensate each common benefit firm for the relative contribution their *work* provided, not for the amount of financing it happened to provide.  Accordingly, the Alternative Proposal should not be considered.

Second, Bart additionally objects to the substance of the Alternative Proposal as: (1) the use of an off the top assessment factor is susceptible of producing unreliable, unfair and punitive results for some firms, including Bart; and (2) as the proposed allocation to Bart thereunder fails to fairly and adequately compensate Bart.  As to the first issue, due to the assessment factor being divorced from the quantity or substance of the actual work performed by a given firm, its application has the effect of punishing those firms who, although performing extensive, demonstrable, and meaningful common benefit work, did not pay as much as others in assessments.  Indeed, this disproportionality and inequity is due to the very way by which the assessment is applied – as an off the top deduction, elevating financing above all other considerations – which depletes from the outset the amount of the fee fund to which each firm's "2015 relative percentage" (used to compensate the firms for their actual work) is to be applied.  Accordingly, even if a firm did a substantial amount of common benefit work, its total allocation is disproportionately decreased if it did not pay a proportional amount of assessments.  For those

---

[6]    *See* Pretrial Order No. 28(f) at p. 5.

firms, their compensation will come primarily if not entirely from the application of its "June 2015 relative factor" to the diminished fund, grossly depleted from the off the top adjustment.[7] The Minority Report acknowledges this serious shortcoming and concern, expressly noting that the application of the cash assessment factor results in "disproportionate increases for some firms because of the percentage weighing."[8]   Accordingly, the Alternative Proposal is incapable of producing a reliable and fair allocation for all firms, and it in fact, has the effect of punishing some firms while disproportionately rewarding others.

Furthermore, due to the interplay between not only the cash assessment factor but also the insupportably low "June 2015 relative percentage," Bart is left unfairly and inadequately compensated under the Alternative Proposal.  As revealed in Exhibit 1 to the Minority Report, resort to the Alternative Proposal would provide *even less* compensation to Bart than that proposed by the subset of the Fee Committee.[9]   Bart has already objected to that proposal as failing to fairly and adequately compensate it for the common benefit work it performed.[10]   The proposed allocation to Bart provided for in Exhibit 1 to the Minority Report recommends Bart be allocated a mere $306,971 in common benefit fees.[11]   This proposed allocation is 0.31% − less than one third of one percent − of the entirety of the common benefit fee award of $99,842,822.29 and representing a mere 29% of Bart's lodestar.[12]   Moreover, although the Court

---

[7]   Moreover, as those in a leadership position and/or on the PSC were called upon to pay additional and/or greater assessments, these same firms are effectively compensated for that status twice, once in reaching the baseline percentage and a second time in reaching the assessment factor..

[8]   *See* R. Doc. 21577-1 at p. 6-7.

[9]   *See* Exhibit 1 to the Minority Report (filed under seal) *cf.* Proposed Allocation to Bart by the Subset of the Fee Committee (R. Doc. 21455-1).

[10]   *See* R. Doc. 21568 at p. 6-23.

[11]   *See* Exhibit 1 to the Minority Report (filed under seal) *cf.* Proposed Allocation to Bart by the Subset of the Fee Committee (R. Doc. 21455-1).

[12]   Hours accepted by Phil Garrett for Bart (2376.25) * rate approved by the Court for common benefit work ($442.76) = $1,052.108.45.  $306,971/$1,052,108.45 = 0.291767%.

previously found that $442.76 is the reasonable hourly rate for common benefit work,[13] the Alternative Proposal asks this Court to compensate Bart at the indefensibly low hourly rate of $129.18/hour.[14]   As the Alternative Proposal results in a demonstrably inadequate common benefit allocation for Bart (and others), it should be disregarded.

## CONCLUSION

The Alternative Proposal referenced in the Minority Report should be disregarded and not considered as it fails to comply with the Court's guidelines for the proper methodology for allocating the fee fund, as it is incapable of producing reliable, fair and non-punitive results for all firms, and as it actually produced an unfair and punitive result for Bart, which fails to fairly, adequately, and meaningfully compensate it for its common benefit work.

Respectfully submitted:

/s/ Victoria E. Emmerling
Andrew A. Braun (#3415)
Victoria E. Emmerling (#33117)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone:     (504) 561-0400
Facsimile:      (504) 561-1011
Email: abraun@glllaw.com
Email: temmerling@glllaw.com

*Counsel for Morris Bart, L.L.C.*

---

[13]   *See* R. Doc. 21168 at p. 22.
[14]   *See* Proposed Remainder Allocation under the Alternative Proposal ($306,971)/Bart Common Benefit Hours (2376.25) = $129.18/hour.

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Limited Objection to the Minority Report has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, this 27th day of July, 2018.

                           /s/ Victoria E. Emmerling