# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2047 |
| | * | SECTION: L |
| | * | JUDGE FALLON |
| **This document relates to all cases** | * | |
| | * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * *

## COLSON HICKS EIDSON'S SUPPLEMENTAL RESPONSE TO MOTION TO EXTINGUISH THE KNAUF DEFENDANTS' SETTLEMENT OBLIGATIONS FOR CERTAIN REMEDIATION CLAIMS (21190 )

Colson, Hicks Eidson ("CHE") hereby files its supplemental response to Knauf Defendants' Motion to Extinguish the Knauf Defendants' Settlement Obligations for Certain Remediation Claims (Doc No. 21190). Undersigned Counsel and the Knauf Defendants have been working to resolve these claims and Undersigned Counsel hereby provides the Court with a status of the resolution of the claims:

The CHE Claimants at issue in the Knauf Defendants' Motion are as follows:

| | |
|---|---|
| 1. | Coleman, Jessidra |
| 2. | Santamaria, Rafael |
| 3. | Sar Shalom Yehiel |
| 4. | Visciglia, Gian Carlo |
| 5. | Prime Homes #201 |
| 6. | Prime Homes #2601 |
| 7. | Prime Homes #2602 |
| 8. | Prime Homes #2604 |
| 9. | Primes Homes #2606 |
| 10. | Primes Homes #2803 |
| 11. | Prime Homes #2901 |
| 12. | Prime Homes #3001 |
| 13. | Primes Homes #3002 |
| 14. | Prime Homes #3003 |
| 15. | Prime Homes #3004 |

1

|  |  |
|---|---|
| 16. | Prime Homes #3102 |
| 17. | Prime Homes #3103 |
| 18. | Prime Homes #3201 |
| 19. | Prime Homes #3202 |
| 20. | Prime Homes #3203 |
| 21. | Prime Homes #3204 |
| 22. | Prime Homes #3206 |
| 23. | Prime Homes #3301 |
| 24. | Prime Homes #3302 |
| 25. | Prime Homes #3306 |
| 26. | Prime Homes #3307 |
| 27. | Prime Homes #3308 |
| 28. | Prime Homes Clubhouse |

The CHE Claimants have been working to remedy any and all perceived deficiencies in their claims in order to finalize the remediation of their homes and properties. Each of these will be discussed below on a per Claimant basis:

1) **Claimant Jessidra Coleman (15121 S.W. 106th Ave, Miami FL 33176).**

   The Motion to Extinguish the Ms. Coleman's claim is now moot. Any delays in the Remediation of Ms. Coleman's home were resolved. The final Milestone payment was issued to Ms. Coleman and the remediation of her home is now complete.

2) **Claimant Rafael Santamaria (1974 SE 23 Court, Homestead, Florida 33035).**

   Mr. Santamaria has always operated in good faith to have his home remediated efficiently and expeditiously. Mr. Santamaria encountered delays due to disputes with his contractor. Regrettably, these issues required Mr. Santamaria to switch contractors in the middle of his remediation. Mr. Santamaria's remediation is currently on track and moving smoothly. Barring any unexpected complication, Mr. Santamaria expects that his Milestone 3 inspection should be completed by the end of July.

3) **Gian Carlo Visciglia (11402 NW 84th Terrace, Doral, Florida 33178).**

   During remediation Mr. and Mrs. Visciglia needed to make some changes to the plans for their home. As any change in plans required approval by the Building and Zoning Department, Mr. and Mrs. Visciglia's remediation was stalled until the new plans received approval. This caused extreme delays for Mr. and Mrs. Visciglia's remediation. Despite these delays, Mr. and Mrs. Visciglia are on track to complete their remediation by the end of August. Their contractor has completed the flooring, baseboards and the installation of the bathroom vanity. Only a few minor items remain before they can request a final inspection of their home.

4) **Claimants Prime Homes and Yehiel Sar Shalom (Various Properties).** Prime Homes is a developer who built a community that was later damaged by Knauf's defective Chinese manufactured drywall. Prime Homes suffered catastrophic losses due to Knauf's defective board. Prime also filed a Motion for Recalculation of Self-Remediation Estimates to Reflect Current Market Rates which was denied. In order to preserve the properties and avoid financial ruin, Prime has had to enter into complex agreements with its creditors to avoid financial ruin. These agreements were a result of Knauf's defective product and Prime Homes has tried to mitigate its damages with these complex agreements. Regrettably, this has caused delays for Prime Homes in terms of its finalizing its decisions regarding the Knauf Remediation Program due to issues with its creditors. Prime Homes had previously submitted paperwork to proceed with Self-Remediation and intended to proceed with the same. Upon discussion of the claims with the Knauf Defendants, Prime Homes agreed to switch their claims to the Cash Out Option. Prime Homes would suffer extreme losses were its claims to be extinguished. Prime Homes is executing the requisite

documentation to proceed with the Cash Out and will submit the same by the end of July. Prime Homes requests that its good faith efforts not be penalized and that it be granted sufficient time for the Settlement Administrator to process its Cash Out paperwork and for Prime Homes to move forward with its Settlement.

## CONCLUSION

For the reasons set forth above, the Court should not extinguish the Knauf Defendants' settlement obligations to CHE Claimants and the Knauf Defendants' Motion to Extinguish the claims should be denied. The delays in finalizing Claimants' Settlements have been reasonable and the CHE Claimants have operated in good faith. For reasons of judicial economy and fairness, the CHE Claimants request that the Court deny the Knauf Defendants' Motion and order the Knauf Defendants to see these claims through their final resolution.

Respectfully Submitted,

/s/  Patrick S. Montoya

PATRICK S. MONTOYA
Fla. Bar No. 524441
Patrick@colson.com
COLSON HICKS EIDSON
255 Alhambra Circle, PH
Coral Gables, FL   33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this **31st** day of **July**, **2018**.

/s/  Patrick S. Montoya