**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO: *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-01395 (E.D. La.) (LA) *Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-1673 (E.D. La.) (VA) | |

THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF
MOTION TO STAY ALL FLORIDA CLAIMS ON LOUISIANA AND VIRGINIA
*AMORIN* COMPLAINTS

## I.    INTRODUCTION

Thousands of homeowners in Florida, Louisiana, Virginia, and other states suffered damages as a result of having defective Chinese drywall installed in their properties from 2005-2008.  After the devastation of Hurricanes Katrina and Rita along the Gulf Coast, and as a result of a housing boom in this country, there was a shortage of drywall available domestically.  This created an opportunity for foreign manufacturers to sell their drywall and related building materials to American customers.

In response to the increased demand for drywall, beginning in the fall of 2005 and continuing through 2008, Taishan Gypsum Co. and its wholly-owned subsidiary Taian Taishan Plasterboard Co. (collectively, "Taishan") exported nearly 86 million square feet of their Chinese

drywall to customers in the U.S. during this timeframe.  *See*, *generally*, *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) and 753 F.3d 521 (5th Cir. 2014).

Homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, all federal cases involving Chinese drywall were consolidated for pretrial proceedings before this Court.[1]

During the jurisdictional briefing that occurred from 2010-2012, after the *Germano* judgment was entered and Taishan entered an appearance in these proceedings solely to contest jurisdiction, the PSC filed the *Amorin* class action complaints in Florida and Virginia federal district courts, as protective actions designed to perfect claims against Taishan, as well as other related entities such as BNBM and CNBM.[2]  These complaints were then transferred by the JPML to the MDL. The same Omnibus complaint was also filed in Louisiana directly into the MDL.[3]

---

[1] *In re: Chinese-Manufactured Drywall Products Liab. Litig.,* 626 F. Supp. 2d 1346 (Jud. Pan. Mult. Lit. 2009).

[2] *Amorin, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 11-1672 (Omnibus XV) (*Amorin* (Fla.)); *Amorin, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 11-1673 (Omnibus XVII) (*Amorin* (Va.)).

[3] *Amorin, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.,* No. 11-1395 (Omnibus XVI) (*Amorin* (La.)).

2

The *Amorin* complaints[4] included all Plaintiffs who previously had been named in the *Wiltz*,[5] *Gross*,[6] *Abel*,[7] *Almeroth*[8] and *Haya*[9] Omnibus complaints (along with their complaints in intervention).

At the time the jurisdictional issues involving Taishan were before this Court, there existed a colorable question regarding the application of the jurisdictional tests known as the "stream-of-commerce" test and the "stream-of-commerce-plus" test reflected in the plurality opinions in *McIntyre* and *Asahi*, as well as Justice Brennan's concurring opinion in *Asahi*.  *See Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987) and *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011).[10]  Accordingly, out of an abundance of caution, identical *Amorin* complaints were filed in Florida, Virginia and Louisiana.

---

[4] The Plaintiffs in each *Amorin* complaint are identical, such that there are Florida plaintiffs included in the complaint filed directly into the MDL and Louisiana plaintiffs included in the Florida complaint filed in the Florida district court and transferred to the MDL.

[5] *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, No. 10-361 (Omnibus II).

[6] *Gross, et al. v. Knauf Gips, KG, et al.*, No. 09-6690 (Omnibus III).

[7] *Kenneth Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 11-080 (Omnibus VII).

[8] *Richard and Constance Almeroth, et al.* v. *v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 12-0498 (Omnibus XIII).

[9] *Laura, Daniel and Irene Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, No. 11-1077 (Omnibus IX).

[10] Most recently, this differential between the two tests was on display in *Align Corp. Ltd. v. Boustred*, No. 16SC448, 2017 WL 7208133 (Colo. Nov. 13, 2017), *cert. denied*, 2018 WL

Following Fifth Circuit precedent,[11] this Court applied the stream-of-commerce test from Justice Brennan's concurrence in *Asahi* to conclude it could assert personal jurisdiction over the defendants for having targeted the states where they shipped their drywall products. *See Chinese Drywall*, 894 F. Supp. 2d at 855. *See also Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 178 (5th Cir. 2013). On appeal of this Court's jurisdictional rulings over Taishan, the Fifth Circuit affirmed this Court's decision recognizing that under either jurisdictional formula ("stream-of-commerce" or "stream-of-commerce-plus"), the exercise of personal jurisdiction over Taishan was appropriate since "TG placed its drywall into the stream of commerce with the knowledge that its drywall would end up in and be used in [the targeted state]." *Chinese Drywall,* 742 F.3d at 583 (quoting *Chinese Drywall*, 894 F. Supp.2d at 854)); *see also Chinese Drywall,* 753 F.3d 521, *supra*. After losing their appeals in the Fifth Circuit, Defendants made a calculated decision to no longer defend the litigation.  The *Germano* judgment became a final and enforceable judgment and defaults were subsequently taken in the *Amorin* complaints.[12] A Judgment Debtor Examination was set for July

---

1142978 (U.S. June 11, 2018), in which the United States Supreme Court refused to accept the matter for review at the very end of its last term.

[11] In its September 4, 2012 Opinion, which was twice affirmed by the Fifth Circuit, this Court recognized that "the Fifth Circuit has found personal jurisdiction on the basis of a foreign defendant's sale of products bound for the forum." *Chinese Drywall*, 894 F. Supp. 2d at 855 (citing *Luv N' Care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 471 (5th Cir. 2006); *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc*., 9 F.3d 415, 420-21 (5th Cir. 1993); *Irving v. Owens-Corning Fiberglas Corp*., 864 F.2d 383, 386 (5th Cir. 1989)).

[12] *See* MDL Rec. Doc. 17814 and 17815; *see also Chinese Drywall*, 742 F.3d 576, *supra*.

17, 2014, in furtherance of collection of the *Germano* judgment. The Taishan Defendants failed to appear and the Court held them in contempt.[13]

On September 26, 2014, this Court certified the *Amorin* class defining it as: 1) all Plaintiffs named on an Omni complaint as of the date *Amorin* was filed directly into the MDL, and 2) all Plaintiffs named in identical *Amorin* complaints filed in Florida and Virginia federal district courts and transferred to the MDL ("*Amorin* class").[14] Having been twice endorsed by the Fifth Circuit, Plaintiffs were well within their rights to have filed the multiple *Amorin* complaints against the Taishan Defendants. Jurisdiction over Taishan is now the established law of the case, as is the propriety for filing these Omnibus Complaints in the jurisdictions representing the significant ports of entry of Defendants' products.

After class certification, Taishan chose to re-enter the litigation in February 2015. It satisfied the Court's contempt ruling and was ordered to participate in expedited discovery relating to the limited issue of its relationship with BNBM and CNBM.[15] The Court then presided over a class damages hearing on June 9, 2015, to determine a formulaic approach for remediation damages suffered by the *Amorin* class.[16] For the next three years, the PSC attempted to move the case forward while Taishan and its malfeasant parent companies made countless attempts to delay the proceedings and challenged virtually every ruling by this Court.

---

[13] MDL Rec. Doc. 17869.

[14] MDL Rec. Doc. 18028.

[15] MDL Rec. Doc. 17869.

[16] MDL Rec. Doc. 20741.

After managing this MDL for nine years, the Court concluded that common questions and other pretrial issues had been decided and remanded the Florida *Amorin* claimants to the Southern District of Florida.[17] In this Court's Suggestion of Remand, Your Honor precisely states the only claims to be remanded are the Florida Plaintiffs on the attached Appendix,[18] and that this Court would retain jurisdiction in those claims only over the allocation of common benefit fees.

While the PSC appreciates that the Florida *Amorin* claims have been remanded, Florida *Amorin* plaintiffs still technically remain in the MDL as these claimants were also named in the Louisiana and Virginia *Amorin* complaints. As such, Defendants insist (in error) that this Court retains jurisdiction over the Florida *Amorin* plaintiffs relating to discovery issues, such as the submission of a Supplemental Plaintiff Profile Form ("SPPF").[19]  As discussed *infra*, a stay of the Florida plaintiffs included in the *Amorin* complaints that currently remain in the MDL would serve the interests of judicial economy and guard against any wasteful, unnecessary efforts or hardships.

## II.  <u>ARGUMENT</u>

The purpose of multidistrict litigation is to coordinate pretrial management of actions sharing common facts in a just and efficient manner. See 28. U.S.C. § 1407(a). This Court

---

[17] This Court entered a Suggestion of Remand relating to all *Amorin* Florida claims on March 12, 2018, MDL Rec. Doc. 21242, and the JPML entered a Conditional Remand Order on March 22, 2018. JPML Rec. Doc. 482. The Florida *Amorin* claims were formally remanded to the Southern District of Florida on June 6, 2018 under 28 U.S.C. § 1407(a). *See Amorin et al v. Taishan Gypsum Co., Ltd.*, No. 11-22408, Rec. Doc. 13 (S.D. Fla. June 6, 2018).

[18] Attached to this Court's Suggestion of Remand was an Appendix containing a list of 1,734 properties, all of which are located in Florida. MDL Rec. Doc. 21242-1, attached hereto as Exhibit "A".

[19] *See* MDL Rec. Docs. 21351, 21353, and 21608.

obviously did not envision that it and the Southern District of Florida would both be presiding over overlapping discovery issues when it suggested the Florida *Amorin* claims be remanded. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L.1968) ("Two courts of exclusive different jurisdictions, or venues, cannot exercise control over the same single claim for relief at the same time…. [However, under 28 U.S.C. § 1407(a),] "separate claims for relief can be separated and …remanded."). Now that the Florida claims in the Florida *Amorin* complaint have been transferred by remand out of the MDL, there is no need for this Court to address issues that are now before the Southern District of Florida. However, there are still Florida *Amorin* plaintiffs in the MDL because of their inclusion in the Louisiana and Virginia *Amorin* complaints.

The Federal Rules of Civil Procedure "endow the trial judge with formidable case-management authority." *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 508 (5th Cir. 1999) (quoting *Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Moreover, this Court "has broad discretion on all discovery matters," and such discretion may only be "disturbed" in those "unusual circumstances showing a clear abuse." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Thus, it is inherently within the Court's discretion as to whether a stay is warranted.

As discussed *supra*, the jurisdictional nature of this matter is incredibly convoluted, and one that cannot be compared to other cases. Filing the *Amorin* complaints was a decision that was methodical and justified. The originating transferor courts where the *Amorin* complaints were filed were selected purposefully as those are the same states that defendants targeted and where the

7

products entered the market.  A stay applicable to the Florida claimants would certainly serve the interests of judicial economy as the claims cannot simply be dismissed from the MDL as this Court continues to retain jurisdiction, at the very least, for the limited purpose of assessing an award of common benefit fees against their recoveries. A request by the Taishan Defendants to do anything other than stay these claims would be nothing short of nefarious. Defendants would suffer no prejudice if these actions are stayed as that is precisely what the Court is currently doing in relation to the attorneys' fees.  Indeed, in its Jurisdiction Order, the Court recognized that dismissal with prejudice was not the appropriate vehicle since the ability to "sever and transfer any non-Louisiana" claimants was available. *Chinese Drywall*, 894 F. Supp. 2d at 902.

Moreover, if the Florida *Amorin* claims are not stayed in the MDL, Defendants will continue to present matters addressing these plaintiffs' claims before this Court, and presumably also in front of Judge Cooke, and all parties would be at risk to suffer the prejudice of inconsistent rulings by two different district courts. *See Alexander v. GlaxoSmithKline, LLC*, No. 15-2323, 2015 WL 5446792, at *1 (E.D. La. Sept. 15, 2015) ("[B]etween the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system.") (citation omitted). The remand would have served no purpose.  Indeed, Your Honor acknowledged that this Court was "divested of jurisdiction *on the merits*" of the Florida *Amorin* claims in its Suggestion of Remand. MDL Rec. Doc. 21242, p. 11 (emphasis added). Nevertheless, dismissing the Florida claims on the Louisiana and Virginia *Amorin* complaints in the MDL is not an option, as it would prejudice those specific plaintiffs effected by such an order while equally prejudicing the other plaintiffs,

including those from Alabama, Mississippi, North Carolina, California, Georgia, Tennessee, Texas, and other jurisdictions, who endorsed this litigation strategy to preserve their rights to file protective actions to address potential venue-specific personal jurisdiction and statute of limitation defenses. Accordingly, in the interests of economy and efficiency, the claims of all 1,734 Florida plaintiffs in the Virginia and Louisiana *Amorin* complaints should be stayed in this MDL.

## III.    <u>CONCLUSION</u>

Considering the foregoing, the PSC respectfully moves this Honorable Court to simply stay the 1,734 Florida *Amorin* claims[20] that currently remain in the MDL. In the event Your Honor remands claims to other states in the future, the PSC respectfully requests that this stay apply prospectively.

Dated: August 3, 2018                         Respectfully Submitted,

By: /s/ Leonard A. Davis
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

---

[20] *See* MDL Rec. Doc. 21242-1 and Exhibit "A" attached hereto.

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Nicola F. Serianni (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios (on the brief)
Emma Kingsdorf Schwab (on the brief)
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gesham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

10

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite  650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 3rd day of August, 2018.

/s/ Leonard A. Davis
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel*
*MDL 2047*

12