<u>Translation of TG-0208428-0208430</u>

<u>TG-0208428</u>

# Informational Report on the Class Actions Brought by the U.S. Parties Against Taishan Gypsum Company Limited

Respectful Chief Song, Chief Cao:

On the class action on quality defects of gypsum boards brought by the Mitchell Company in the U.S. and the individuals in the states of Florida, Mississippi, Louisiana, Alabama, Georgia, and Texas (abbreviated as the U.S. plaintiffs), Taishan Gypsum Company Limited (abbreviated as Taishan Company) received the civil action subpoenas and complaints from the U.S. federal district court in the Northern District of Florida on May 8, 2009. A written report on the facts of the case and the relevant information are hereby submitted to each leader so that the leaders can understand the facts of the case and give relevant instructions.

I. Brief Introduction of the Case Facts

On March 6, 2009, the U.S, plaintiffs brought lawsuits against the German Knauf Group, Knauf Plasterboard (Tianjin) Co., Ltd., Taishan Company, Interior Exterior Building Supply L.P. (U.S. Company), Rightway Drywall Co., Ltd. (U.S. Company). The factual allegations and grounds of complaints by the U.S. plaintiffs are summarized as follows: 1) the U.S. plaintiffs purchased and used the gypsum boards sold by Interior Exterior Building Supply L.P. and Rightway Drywall Co., Ltd., and the gypsum boards distributed by the two companies came from Knauf and Taishan Company; 2) The quality defects of the gypsum boards were mainly seen in: A. a very high level of sulfur used in the gypsum boards makes them unfit for its intended purpose; B. the chemical reactions between the gypsum boards and metal caused other metals to corrode; C. the cause of the problems related to the heater, ventilation, and air conditioning systems found in some households in the states of Alabama and Florida were related to the use of gypsum boards; 3) the scope of compensation demanded by the U.S. plaintiffs are: A. fixing or replacing the affected houses; B. other economic losses incurred by the U.S. plaintiffs as a result of fixing or replacing the houses; C. the unlawful gains or profits made by

**MTD Exhibit #3**

**PENG: Exhibit 825**

the Defendants from selling the gypsum boards shall be owned to the U.S. plaintiffs; D. the attorney's fees for the U.S. plaintiffs, etc. Analyzed from the scope of jurisdiction of the court that accepted the case, the amount of damages claimed by the U.S. plaintiffs should gravely surpass 5 million U.S. dollars in this case.

II. The Information on the Gypsum Boards Exported to the U.S. by Taishan Company

From 2005 to 2008, Taishan Company exported a total of 6656748.44 square meters of gypsum boards to the U.S., among them,

<u>TG-0208429</u>

822037.37 square meters of gypsum boards were directly exported to the U.S. under the name of Shandong Taihe Dongxin Company Limited (Taishan Gypsum Company Limited); 5834711.07 square meters of gypsum boards were exported under the name of Tai'an Taishan Plasterboard Company Limited through domestic import and export companies.

Categorized by dates, 446520.0 square meters were exported to the U.S. in 2005, 5952556.63 square meters were exported in 2006, 240763.584 square meters were exported in 2007, 16908.224 square meters were exported in 2008. Later on, under the influence of various factors such as the plunging price of U.S. building materials, the appreciation of Renminbi, the increase in ocean shipping cost, and the increase in domestic manufacturing costs, the export of gypsum boards faced increasing number of restrictions, and the volume of export business fell by a large margin, after August 2007, the orders for exporting gypsum boards to the U.S. almost completely halted.

When exporting gypsum boards to the U.S., the customers mainly ordered the goods through field inspection, ordering by samples, and field supervision. When signing contracts, the quality requirements for the gypsum boards mainly included the requirements on weight, size, and packaging. Our company strictly

followed the demands of the customers and the requirements in the contracts when producing, delivering, and shipping the gypsum boards. During actual business operation, all gypsum boards exported to the U.S. followed the demands of the customers in conducting either neutral packaging labeling or labeling the company name and brand of the customer's own company, neither the "Taishan" brand nor the company's name was indicated.

During the course of business and in the after-sales follow-ups, we have never received any quality objections or bad feedbacks from the customers. The customers stated that they had to stop the gypsum board import business due to the influence of various market factors such as demand and price.

III. The Deeper-Level Background and Cause of the U.S. Plaintiffs' Action

To summarize the relevant articles and comments on the various websites, the basic opinion is: during the 4 years of sharp real estate price increase and after the 2005 Hurricane Katrina disaster, the U.S. imported about 227 million tons of gypsum boards from China. With regard to the gypsum boards' quality defect, why was it not raised sooner or later, but a flourish of propaganda came out right after the eruption of the U.S. economic crisis, when the real estate market was plunging, what is the intention? I'm afraid this is the background and cause for blaming the quality of Chinese gypsum boards.

IV. The Measures and Reasons Adopted by Taishan Company to Prepare for the Lawsuit

After analysis, Taishan Company believes that this lawsuit is relatively complicated, and it plans not to respond, but when necessary, it will provide documents that are beneficial to Taishan Company to the court that accepted the case, the reasons are as follows: 1)

**TG-0208430**

The authoritative testing and inspection agencies in our country did not detect any quality defect pointed out in the written complaint of the U.S. plaintiffs about the gypsum boards exported to the U.S.; 2) the gypsum boards produced by Taishan

Company does not have any quality defect, and they were all produced according to the standards prescribed by the U.S. customers, and since the date of delivery till now no quality complaints by the relevant customers was ever received; 3) responding to the lawsuit would incur a large amount of attorney's fees and traveling fees; 4) the most important reason is that there is no judicial treaty signed between China and the U.S. on mutual recognition and enforcement of court judgements, and Taishan Company does not have assets within the continental U.S., even if the lawsuit was lost, the U.S. court cannot enforce Taishan's assets in China. 5) Taishan Company noticed that this time the quality of the gypsum boards did not involve personal injury like the skin rashes, nose bleeds, diseases of the respiratory system, etc. as reported before.

Summarizing the reasons above, Taishan Company is inclined not to respond to the lawsuit, but when necessary it will adopt methods such as mailing the evidence that is beneficial to Taishan Company to the U.S. court and having the government departments interfere, so as to eliminate and reduce some negative impact.

Please instruct and approve whether the information above is appropriate.

Regards,

Taishan Gypsum Company Limited

May 11, 2009

Mentioned the situation report of group lawsuit to Taishan gypsum and other companies about US

Respect Song Zong, Cao Zong:
Individuals in American Mitcher Corporation and Florida, Mississippi, Louisiana, Alabama, Georgia and Texas (i.e. American plaintiffs) because of the group charge that the gypsum board quality flaw filed, the Taishan gypsum joint-stock company (i.e. Taishan Corporation) received the civil action subpoena and petition of American federation court of appeal Florida north district delivery in May 8, 2009. Presently makes case's case and form to fellow leaders written report, so that fellow leaders find out case, and gives the related instruction.

Case synopsis

On March 6, 2009, the American plaintiffs may bear the lucky group, to be possible to bear the lucky gypsum board to Germany (Tianjin) joint-stock company, Taishan Corporation and building inside and outside finishing material supply limited partnership companies (American Corporation), to come Turvey to do the wall plate limited company (American Corporation) to file the charge. The American plaintiffs proposed that the lawsuit fact and reason summary are: (The American plaintiffs have purchased and have used inside and outside the building the finishing material supply limited partnership company and come Turvey to do the gypsum board that the wall plate company sells on commission, but the gypsum board that two companies sell on commission from may bear the lucky and Taishan Corporation; The quality flaw that (gypsum board has mainly displays in: Material sulfur content that A and gypsum board use is very high, not suitable anticipated use; B, gypsum board and metal has the chemical reaction, causes other metal corrosions; C, has the problem and use gypsum board in Alabama and Florida certain houses' warm air well ventilated air-conditioning systems related; (The American plaintiffs scope that requests to compensate mainly have: The A repair or the replacement come under the influence the house; Other economic losses that the B American plaintiffs suffer because of repair replacement house; The C defendant sells the gypsum board illegal gains or profit belongs to the American plaintiffs; The attorney expense of D American plaintiff and so on. According to accepting the jurisdiction scope situation in case court analyzes, the compensation request amount of above-mentioned plan American plaintiff should be higher than 5 million US dollars by far.
Second, Taishan Corporation exports the American gypsum board the situation.
2005 - 2008 Taishan Corporation exports the American gypsum board total 6656748.44 square meters, takes the Shandong Taihe Dongxin limited liability company (Taishan gypsum limited liability company) name direct export the American quantity as 822037.37 square meters; Exports 5834711.07 square meters through the domestic import-export company by Tai'an Taishan paper surface gypsum board limited company name.

Divided in 2005 to export the American 446520.0 square meters according to the date, in 2006 exported 5952556.63 square meters, in 2007 exports 240763.584 square meters, in 2008 will export 16908.224 square meters. Latter was declined, Renminbi revaluation by the American building materials price and marine transportation cost enhancement and home manufacture cost enhancement and other factor influences, the restriction that the gypsum board export receives are also getting more and more, the export business volume descends largely, after August, 2007, exports US's gypsum board order form almost to stop completely.

When exporting the American gypsum board, customer mainly takes the scene to inspect and look at a sample the order and inspector general as the main order way. When signs the contract the quality requirement to gypsum board mainly includes to the weight, size and packing makes the request, our company strict produces and ships out the gypsum board according to the customer request and contract provision. In the real business, all exports US's gypsum board to press the customer to request to carry on the neutral packing indication perhaps labelling customer own corporate name and brand, has not labelled "Taishan" brand or corporate name.

When the service carries on the process and post-sale track, we have not received customer any quality objection and bad feedback. The customers said can only stop the gypsum board import business by the demand, price and other market factor influences.

American plaintiff lawsuit deep level background and reason.
Synthesizes threads and commentaries in various big websites, the basic viewpoint thinks: 4 year and in 2005 that US

rises after the floor rate Katrina hurricane wind-caused disaster, imported about 227 million tons gypsum board from China. Regarding the gypsum board quality flaw, why early did not say that late did not say, erupts after the American economic crisis, the real estate being at a low ebb time carries on hypes wantonly, is what mind. Perhaps this is accuses Chinese gypsum board quality the background and reason.

Taishan Corporation to the case the measure and reason that prepares to take.

Taishan Corporation after analysis thinks that this case is quite complex, planned does not answer a charge, when necessity was sued the court to provide to the US to the Taishan Corporation advantageous material, the reason is as follows: (The authorities in our country examine the authorities in organization and US examine the department not to examine to export US's gypsum board to have the quality flaw that in the American plaintiff petition pointed out; The gypsum board that (Taishan Corporation produces does not have the quality flaw, and presses the standard production that the American customers provide, has not received the quality suit of related customer from the date of delivery; (Answers a charge must pay large amount attorney and business travel expense; (4) the most essential reason lies between China and US does not have the sign to acknowledge, the judicial agreement of execution court decision mutually, and Taishan Corporation does not have the property in the US territory, even if really lost the lawsuit, American Court is unable to carry out Taishan Corporation in China's property. (5) Taishan Corporation notes this gypsum board quality not to involve to the harm of person, like before the creation person who reported presents the skin rash, the class nosebleed and respiratory disorder and so on.
Synthesizes the above reason, Taishan Corporation favors the procedure that does not answer a charge, when necessity should accept to the American Court sending helps Taishan Corporation's evidence and through authority negotiation and other procedures, eliminates and reduces some negative influences.
The above situation does not know to work as otherwise, please do make written comments.

I herewith offer Taishan gypsum limited liability company

On May 11, 2009 PAGE

--- Summary Information ---
1: 1200 PID_TITLE: Filed the group charge the situation to report PID_SUBJECT to Taishan gypsum and other companies about US:
PID_AUTHOR: aa PID_KEYWORDS:
PID_COMMENTS:
PID_TEMPLATE: Normal.wpt PID_LASTAUTHOR:
PID_REVNUMBER:
PID_EDITTIME: Sat Dec 30 08:00: 00 CST 1899 PID_CREATE_DTM: Mon May 11 16:51: 47 CST 2009
PID_LASTSAVE_DTM: Sat Dec 30 08:00: 00 CST 1899 PID_LASTPRINTED: Sat Dec 30 08:00: 00 CST 1899
PID_PAGECOUNT: 0 PID_WORDCOUNT: 0 PID_CHARCOUNT: 0 PID_APPNAME:
PID_SECURITY: 0

--- Document Summary Information ---
PID_CODEPAGE: 1200 PID_COMPANY:
PID_CATEGORY:
PID_MANAGER:
PID_PARCOUNT: 0 PID_LINECOUNT: 0 17: 0 PID_PRESFORMAT:
PID_BYTECOUNT: 0 PID_SLIDECOUNT: 0 PID_NOTECOUNT: 0 PID_HIDDENCOUNT: 0
PID_MMCLIPCOUNT: 0 PID_SCALE: false PID_LINKSDIRTY: false 1: 1200 KSOProductBuildVer: 2052-6.3.0.1705

# 关于美国方面对泰山石膏等公司提起集团诉讼的情况汇报

尊敬的宋总、曹总：

美国米切尔公司及佛罗里达州、密西西比州、路易斯安那州、阿拉巴马州、佐治亚州、德克萨斯州的个人（简称美国原告)因石膏板质量缺陷提起的集团诉讼，泰山石膏股份公司（简称泰山公司）已于2009年5月8日收到了美国联邦地区法院佛罗里达州北部管区送达的民事诉讼传票及诉状。现将案件的案情及相关情况向各位领导做出书面汇报，以便各位领导了解案件情况，并给予相关指示。

一、案情简介

2009年3月6日，美国原告对德国可耐福集团、可耐福石膏板（天津）股份公司、泰山公司、建筑物内外装修材料供应有限合伙公司（美国公司）、来特威干墙板有限公司（美国公司）提起诉讼。美国原告提出诉讼的事实及理由概括为：①美国原告购买并使用了建筑物内外装修材料供应有限合伙公司及来特威干墙板公司经销的石膏板，而两公司经销的石膏板来自可耐福及泰山公司；②石膏板存在的质量缺陷主要表现在：A、石膏板采用的材料硫含量很高，不适合预期用途；B、石膏板与金属发生化学反应，导致其他金属腐蚀；C、在阿拉巴马州和佛罗里达州某些住宅的暖气通风空调系统出现问题与使用石膏板有关；③美国原告要求赔偿的范围主要有：A 修理或更换受到影响的房屋；B 美国原告因修理更换房屋而遭受的其他经济损失；C 被告出售石膏板的非法所得或盈利归美国原告所有；D 美国原告的律师费用等。根据受理案件法院的管辖权范围情况来分析，该案美国原告的赔偿请求数额应远远高于500万美元。

二、泰山公司出口到美国石膏板的情况。

2005年—2008年泰山公司出口美国石膏板共计6656748.44平米，其中以山东泰和东新股份有限公司（泰山石膏股份有限公司）名

1

义直接出口美国数量为 822037.37 平米；以泰安市泰山纸面石膏板有限公司名义通过国内进出口公司出口 5834711.07 平米。

按日期划分 2005 年出口美国 446520.0 平米，2006 年出口 5952556.63 平米，2007 年出口 240763.584 平米，2008 年出口 16908.224 平米。后受美国建材价格走低、人民币升值、海运成本提高、国内制造成本提高等因素影响，石膏板出口受到的制约也越来越多，出口业务量大幅降落，2007 年 8 月以后出口美国的石膏板订单几乎全部停止。

在出口美国石膏板时，客户主要以现场考察、看样订货、现场监督为主要订货方式。签订合同时对石膏板的质量要求主要包括对重量、尺寸、包装作出要求，我公司严格按照客户要求和合同规定生产、发运石膏板。在实际业务中，所有出口到美国的石膏板均按客户要求进行中性包装标示或是标注客户自己的公司名称、品牌，均未标注"泰山"品牌或公司名称。

在业务进行过程及售后跟踪时，我们未收到客户任何质量异议和不良反馈。客户表示受需求、价格等市场因素影响只能停止石膏板进口业务。

三、美国原告方诉讼的深层次背景及原因。

综合各大网站上的相关文章及评论，基本的观点认为：美国在楼价急升的4年间及2005年卡特里娜飓风灾后,从中国进口了大约2.27亿吨石膏板。对于石膏板的质量缺陷，为何早不说，晚不说，偏偏在美国经济危机爆发后、房地产处于低潮期进行大肆炒作，是何居心。恐怕这是指责中国石膏板质量的背景及原因。

四、泰山公司对案件准备采取的措施及理由。

泰山公司经分析后认为本案比较复杂，打算不去应诉，但必要时向美国受诉法院提供对泰山公司有利的材料，理由如下：①我国的权

2

威检测机构及美国的权威检测部门没有检测出出口到美国的石膏板存在美国原告诉状中指出的质量缺陷；②泰山公司生产的石膏板不存在质量缺陷，且均按美国客户提供的标准生产，自交货之日至今未收到相关客户的质量投诉；③应诉需支付巨额的律师及差旅费用；④最关键的原因在于中国与美国之间没有签订相互承认、执行法院判决的司法协定，且泰山公司在美国本土没有财产，即使真是输了官司，美国法院也无法执行泰山公司在中国的财产。⑤泰山公司注意到此次石膏板质量没有涉及到对人身的损害，如以前报道的造成人身上出现皮疹、流鼻血和呼吸系统疾病等。

综合以上原因，泰山公司倾向于不去应诉的做法，但必要时应采纳向美国法院寄送有利于泰山公司的证据及通过政府部门交涉等做法，来消除和减少一些负面影响。

以上情况不知当否，请批示。

此致

泰山石膏股份有限公司

2009 年 5 月 11 日

TG-0208430