*Hong Kong Exchanges and Clearing Limited and The Stock Exchange of Hong Kong Limited take no responsibility for the contents of this announcement, make no representation as to its accuracy or completeness and expressly disclaim any liability whatsoever for any loss howsoever arising from or in reliance upon the whole or any part of the contents of this announcement.*



## CNBM

# China National Building Material Company Limited<sup>*</sup>

## 中 國 建 材 股 份 有 限 公 司

*(a joint stock limited company incorporated in the People's Republic of China with limited liability)*

(Stock Code: 3323)

# DISCLOSEABLE TRANSACTION
# CONNECTED TRANSACTION
# ACQUISITION OF EQUITY INTEREST IN TAISHAN GYPSUM
# THROUGH SHARE ISSUANCE OF BNBM

The Company is pleased to announce that, on 13 October 2015, BNBM (an approximately 45.20%-owned subsidiary of the Company) entered into the Framework Agreement with Taishan Gypsum (a 65%-owned, directly and indirectly, subsidiary of BNBM) Minority Shareholders in relation to the acquisition of the 35% Equity Interest in Taishan Gypsum held by Taishan Gypsum Minority Shareholders collectively through a private issuance of BNBM shares to Taishan Gypsum Minority Shareholders. Pursuant to the Framework Agreement, upon completion of the transaction, BNBM will directly and indirectly hold 100% equity interest in Taishan Gypsum. Taishan Gypsum Minority Shareholders will become shareholders of BNBM, and the equity interest held by the Company in BNBM will reduce from approximately 45.20% to approximately 35.84%. Both BNBM and Taishan Gypsum will remain as subsidiaries of the Company.

**LISTING RULES IMPLICATIONS**

As one of the applicable percentage ratios defined under Chapter 14 of the Listing Rules in respect of the Acquisition exceeds 5% but all such applicable percentage ratios are less than 25%, the Acquisition constitutes a discloseable transaction of the Company under Chapter 14 of the Listing Rules and is subject to the reporting and announcement requirements.

**MTD Exhibit #48**

Pursuant to the Framework Agreement, upon completion of the transaction, the equity interest held by the Company in BNBM will reduce from approximately 45.20% to approximately 35.84%. Therefore, the transaction contemplated under the Framework Agreement constitutes a Deemed Disposal of BNBM shares by the Company with respect to Rule 14.29 of the Listing Rules. As one of the applicable percentage ratios defined under Chapter 14 of the Listing Rules in respect of the Deemed Disposal exceeds 5% but all such applicable percentage ratios are less than 25%, the Deemed Disposal constitutes a discloseable transaction of the Company under Chapter 14 of the Listing Rules, and is subject to the reporting and announcement requirements.

As Guotai Min'an Investment, one of the Taishan Gypsum Minority Shareholders, is a substantial shareholder of Taishan Gypsum holding 16% equity interest in Taishan Gypsum and Jia Tongchun, one of the Taishan Gypsum Minority Shareholders, is a substantial shareholder of Taishan Gypsum holding 11.36% equity interest in Taishan Gypsum and chairman of the board and general manager of Taishan Gypsum, Guotai Min'an Investment and Jia Tongchun are connected persons of the Company at the subsidiary level under the Listing Rules. The transaction in relation to the acquisition of the 35% Equity Interest in Taishan Gypsum through private issuance of shares of BNBM constitutes a connected transaction of the Company involving connected persons of the Company at the subsidiary level.

One of the applicable percentage ratios under Chapter 14A of the Listing Rules in respect of the Acquisition and the Deemed Disposal exceeds 5%. Since (1) Guotai Min'an Investment and Jia Tongchun are connected persons of the Company at the subsidiary level; (2) the Directors (including the independent non-executive Directors) have approved the transactions contemplated under the Framework Agreement; (3) the independent non-executive Directors have confirmed that the terms of the transactions are fair and reasonable, the transactions are on normal commercial terms and in the interests of the Company and its shareholders as a whole, pursuant to rule 14A.101 of the Listing Rules, the Acquisition and the Deemed Disposal are only subject to the reporting and announcement requirements, but exempt from the circular, independent financial advice and shareholders' approval requirements.

## INTRODUCTION

The Company is pleased to announce that, on 13 October 2015, BNBM (an approximately 45.20%-owned subsidiary of the Company) entered into the Framework Agreement with Taishan Gypsum (a 65%-owned, directly and indirectly, subsidiary of BNBM) Minority Shareholders in relation to the acquisition of the 35% Equity Interest in Taishan Gypsum held by Taishan Gypsum Minority Shareholders collectively through a private issuance of 368,997.4 thousand BNBM shares to Taishan Gypsum Minority Shareholders.

Pursuant to the Framework Agreement, upon completion of the transaction, BNBM will directly and indirectly hold 100% equity interest in Taishan Gypsum. Taishan Gypsum Minority Shareholders will become shareholders of BNBM, and the equity interest held by the Company in BNBM will reduce from approximately 45.20% to approximately 35.84%. Both BNBM and Taishan Gypsum will remain as subsidiaries of the Company. The Group does not expect to record any profit or loss in relation to the Deemed Disposal.

## PRINCIPAL TERMS OF THE FRAMEWORK AGREEMENT

### Date

13 October 2015

### Parties

(1)   BNBM; and

(2)   Taishan Gypsum Minority Shareholders;

### Acquisition of Equity Interest in Taishan Gypsum

BNBM shall acquire the 35% Equity Interest in Taishan Gypsum collectively held by the Taishan Gypsum Minority Shareholders.

Shareholding structure of Taishan Gypsum before the equity transfer:

| Name of shareholder | Number of shares *(thousand shares)* | Percentage of shareholding *(%)* |
|---|---|---|
| BNBM | 65,362.5 | 42% |
| Donglian Investment | 35,793.8 | 23% |
| Taishan Gypsum Minority Shareholders | 54,468.7 | 35% |
| **Total** | **155,625.0** | **100%** |

Donglian Investment is a wholly-owned subsidiary of BNBM, and BNBM holds 65% equity interest in Taishan Gypsum on its own and through Donglian Investment.

Shareholding structure of Taishan Gypsum after the equity transfer:

| Name of shareholder | Number of shares (thousand shares) | Percentage of shareholding (%) |
|---|---|---|
| BNBM | 119,831.2 | 77% |
| Donglian Investment | 35,793.8 | 23% |
| **Total** | **155,625.0** | **100%** |

BNBM will hold 100% equity interest in Taishan Gypsum on its own and through Donglian Investment.

**Share Issuance of BNBM**

As the consideration for the acquisition of the 35% Equity Interest in Taishan Gypsum, BNBM shall issue a total of 368,997.4 thousand A Shares through a private issuance to Taishan Gypsum Minority Shareholders, representing approximately 26.10% of the issued share capital of BNBM as of the date of this announcement or approximately 20.70% of the enlarged issued share capital of BNBM after the private issuance.

Shareholding structure of BNBM before the share issuance:

| Name of shareholder | Number of shares (thousand shares) | Percentage of shareholding (%) |
|---|---|---|
| CNBM | 639,065.9 | 45.20% |
| Public investors | 774,915.7 | 54.80% |
| **Total** | **1,413,981.6** | **100.00%** |

Shareholding structure of BNBM after the share issuance:

| Name of shareholder | Number of shares (thousand shares) | Percentage of shareholding (%) |
|---|---|---|
| CNBM | 639,065.9 | 35.84% |
| Taishan Gypsum Minority Shareholders | 368,997.4 | 20.70% |
| Public investors | 774,915.7 | 43.46% |
| **Total** | **1,782,979.0** | **100%** |

**Consideration and payment terms**

BNBM shall satisfy the total consideration of approximately RMB4,195,500.0 thousand payable to Taishan Gypsum Minority Shareholders for the 35% Equity Interest in Taishan Gypsum by way of issuing an aggregate of 368,997.4 thousand A Shares at an issue price of RMB11.37 per share.

**Basis of consideration**

For the purposes of the proposed transaction, ZhongHe Appraisal Co., Ltd has issued the Assets Appraisal Report ("Assets Appraisal Report") dated 25 September 2015 which adopted the income-based approach with 30 April 2015 as the Reference Date. All parties to the Framework Agreement are satisfied with the appraisal conclusion of the Assets Appraisal Report. The unaudited book value of net assets attributable to parent company corresponding to the 35% Equity Interest in Taishan Gypsum as at 30 April 2015 is approximately RMB1,133,681.7 thousand. According to the Assets Appraisal Report, the appraised value of the 35% Equity Interest in Taishan Gypsum as at 30 April 2015 is approximately RMB4,195,500.0 thousand. As agreed among the parties through negotiations, the consideration for the proposed acquisition of the 35% Equity Interest in Taishan Gypsum shall be approximately RMB4,195,500.0 thousand.

BNBM will issue shares at the price of RMB11.37 per share, which is determined with reference to 90% of the average trading price of BNBM shares for the 120 trading days prior to the Price Determination Date, as adjusted by the profit distribution of BNBM for 2014.

During the period from the Price Determination Date of this issuance of shares to the date of issuance, if any ex-right or ex-dividend event occurs, such as distribution of dividends, bonus issue, and capitalisation of capital reserve by BNBM, the issue price shall be adjusted accordingly in the light of relevant provisions by CSRC and Shenzhen Stock Exchange while the number of shares to be issued shall also be adjusted according to the issue price. The specific adjustment shall be subject to the resolution made by shareholders' meeting of BNBM.

Based on the appraisal value of the 35% Equity Interest in Taishan Gypsum and the aforesaid issue price of the BNBM shares, BNBM shall issue an aggregate of 368,997.4 thousand shares to Taishan Gypsum Minority Shareholders. The appraisal of such assets shall be approved by or filed with the competent authority, and subject to the appraisal conclusion as approved or filed. The number of shares to be issued by BNBM to Taishan Gypsum Minority Shareholders, as adjusted by the board of directors of BNBM as authorised at its shareholders' meeting with reference to the appraisal conclusion as approved by or filed with the competent authority, shall be finalised subject to the number of shares to be issued as approved by CSRC.

**Lock-up period of the shares to be issued**

Taishan Gypsum Minority Shareholders have undertaken that none of the shares of BNBM acquired through this transaction shall be transferred within 36 months after completion of the issuance. Such lock-up requirement shall also apply to any additional shares of BNBM that are acquired by Taishan Gypsum Minority Shareholders as a result of bonus issue or capitalisation of capital reserve of BNBM during such lock-up period.

**Completion of the transaction**

Completion of the transfer of the 35% Equity Interest in Taishan Gypsum shall take place within one month from the effective date of this transaction. Upon completion, all the rights and obligations in respect of such equity interest shall pass to BNBM.

**Arrangement for profit or loss**

The accumulated retained profit of BNBM before completion of this transaction shall be shared on a pro rata basis among its existing and new shareholders following completion of this transaction.

The profits incurred by Taishan Gypsum during the period from the Reference Date to the date of completion are attributable to BNBM whereas the losses are to be borne by Taishan Gypsum Minority Shareholders on a pro rata basis with reference to their shareholdings in Taishan Gypsum.

After the completion of the acquisition of the 35% Equity Interest in Taishan Gypsum, the auditor responsible for preparing the annual report of BNBM will conduct a special audit on Taishan Gypsum to determine the profit or loss attributable to the 35% Equity Interest in Taishan Gypsum from the Reference Date to the date of completion. If the date of completion falls before the 15th day (inclusive) of a month, the Reference Date for audit of profit or loss for such period shall be the end of the preceding month; if the date of completion falls after the 15th day of a month, the Reference Date for audit of profit or loss for the period shall be the end of that month. In case of loss, Taishan Gypsum Minority Shareholders shall pay the respective portions of such loss to be borne by them to BNBM in cash within 5 working days from the day on which the aforesaid special audit report is issued.

**Conditions for the Framework Agreement to take effect**

The Framework Agreement shall be formed upon signing and the affixing of the seal by authorised representatives of each party, and shall become effective upon the fulfilment of all the following conditions and on the date of the following conditions shall have been fulfilled, whichever is the latest:

1.   the approval by the shareholders' meeting of Taishan Gypsum;

2.   the approvals by the board of directors and shareholders' meeting of BNBM, respectively;

3.   an approval by the competent authority; and

4.   a written approval from CSRC.

## INFORMATION ON THE SUBJECT COMPANIES

Taishan Gypsum is mainly engaged in the production and sale of paper surfaced gypsum boards, gypsum products, lightweight steel frames and relevant products. According to Taishan Gypsum's audited accounts prepared under the PRC generally accepted accounting principles, the audited net profits (before tax) of Taishan Gypsum for the years 2014 and 2013 were approximately RMB1,184,353.5 thousand and RMB1,140,810.1 thousand respectively; and the audited net profits (after tax) of Taishan Gypsum for the years 2014 and 2013 were approximately RMB1,047,053.4 thousand and RMB1,004,381.3 thousand respectively. The audited net assets of Taishan Gypsum as at 31 December 2014 and 31 December 2013 were RMB3,739,706.2 thousand and RMB3,202,766.5 thousand respectively.

BNBM is mainly engaged in the operation of lightweight building materials business. According to BNBM's audited accounts prepared under the PRC generally accepted accounting principles, the audited net profits (before tax) of BNBM for the years 2014 and 2013 were approximately RMB1,662,667.2 thousand and RMB1,439,849.3 thousand respectively; and the audited net profits (after tax) of BNBM for the years 2014 and 2013 were approximately RMB1,469,126.6 thousand and RMB1,258,063.6 thousand respectively. The audited net assets of BNBM as at 31 December 2014 and 31 December 2013 were RMB8,525,151.4 thousand and RMB5,431,721.8 thousand respectively.

## REASONS FOR AND BENEFITS OF THE TRANSACTION

Upon completion of this transaction, Taishan Gypsum will be 100% owned by BNBM, enabling the Group to further integrate its internal resources, allowing BNBM to improve its operating results and further consolidate the Group's market position.

The Directors (including the independent non-executive Directors) believe that the acquisition of 35% Equity Interest in Taishan Gypsum through private issuance of shares of BNBM to Taishan Gypsum Minority Shareholders pursuant to the Framework Agreement is conducted by the Group and relevant parties (including the Company's connected persons) on normal commercial terms negotiated on an arm's length basis in the ordinary course of business of the Group, which are fair and reasonable and in the interest of the Company and the shareholders as a whole.

## LISTING RULES IMPLICATIONS

As one of the applicable percentage ratios defined under Chapter 14 of the Listing Rules in respect of the Acquisition exceeds 5% but all such applicable percentage ratios are less than 25%, the Acquisition constitutes a discloseable transaction of the Company under Chapter 14 of the Listing Rules and is subject to the reporting and announcement requirements.

Pursuant to the Framework Agreement, upon completion of the transaction, the equity interest held by the Company in BNBM will reduce from approximately 45.20% to approximately 35.84%. Therefore, the transaction contemplated under the Framework Agreement constitutes a Deemed Disposal of BNBM shares by the Company with respect to Rule 14.29 of the Listing Rules. As one of the applicable percentage ratios defined under Chapter 14 of the Listing Rules in respect of the Deemed Disposal exceeds 5% but all such applicable percentage ratios are less than 25%, the Deemed Disposal constitutes a discloseable transaction of the Company under Chapter 14 of the Listing Rules, and is subject to the reporting and announcement requirements.

As Guotai Min'an Investment, one of the Taishan Gypsum Minority Shareholders, is a substantial shareholder of Taishan Gypsum holding 16% equity interest in Taishan Gypsum and Jia Tongchun, one of the Taishan Gypsum Minority Shareholders, is a substantial shareholder of Taishan Gypsum holding 11.36% equity interest in Taishan Gypsum and chairman of the board and general manager of Taishan Gypsum, Guotai Min'an Investment and Jia Tongchun are connected persons of the Company at the subsidiary level under the Listing Rules. The transaction in relation to the acquisition of the 35% Equity Interest in Taishan Gypsum through private issuance of shares of BNBM constitutes a connected transaction of the Company involving connected persons of the Company at the subsidiary level.

One of the applicable percentage ratios under Chapter 14A of the Listing Rules in respect of the Acquisition and the Deemed Disposal exceeds 5%. Since (1) Guotai Min'an Investment and Jia Tongchun are connected persons of the Company at the subsidiary level; (2) the Directors (including the independent non-executive Directors) have approved the transactions contemplated under the Framework Agreement; (3) the independent non-executive Directors have confirmed that the terms of the transactions are fair and reasonable, the transactions are on normal commercial terms and in the interests of the Company and its shareholders as a whole, pursuant to rule 14A.101 of the Listing Rules, the Acquisition and the Deemed Disposal are only subject to the reporting and announcement requirements, but exempt from the circular, independent financial advice and shareholders' approval requirements.

## PROFIT FORECAST IN COMPLIANCE WITH LISTING RULES

Since the income-based approach is adopted for carrying out the asset appraisal regarding Taishan Gypsum in the Asset Appraisal Report (《資產評估報告》), such asset appraisal constitutes a profit forecast under Rule 14.61 of the Listing Rules.

Pursuant to Article 14.62(1) of the Listing Rules, the details of the principal assumptions (including commercial assumptions) upon which the Asset Appraisal Report is based are as follows:

1.    **General Assumptions**

①    There will be no material change to the national and regional laws, regulations, systems, social, political and economic policies that are currently in force and are required to be observed by Taishan Gypsum during its operation;

② Taishan Gypsum is to continue as a going concern and its current operating mode will be consistently adopted;

③ The State's existing tax base and tax rate, tax preferential policy, interest rate of bank facility and other charges due to policy will not undergo material changes;

④ There will be no material adverse change caused by force majeure or unforeseeable factors.

## 2.   Specific Assumptions

① The technical team and the senior management of Taishan Gypsum will remain relatively stable over the years and there will be no issue of substantial loss of core professionals;

② In respect of the main operating entities of Taishan Gypsum, the existing and future operators are and will be responsible and diligent. Moreover, the Company's management can steadily promote the Company's development and maintain a good momentum of operation;

③ The future operators of Taishan Gypsum will comply with the relevant national laws and regulations and there will be no material violation affecting the Company's development or income realization;

④ The accounting policy adopted in the historical financial information provided by Taishan Gypsum and the accounting and audit method used in carrying out the profit forecast are fundamentally consistent in all material respects;

⑤ The parent company of Taishan Gypsum and Taishan Gypsum (Hubei) Co., Ltd. (泰山石膏（湖北）有限公司), which are companies within the appraisal scope, are high and new tech enterprises as of the Reference Date. For the purposes of this appraisal, it is assumed that the aforementioned companies will be able to obtain the authentication of the high and new tech enterprises and will be entitled to enjoy relevant preferential policy;

⑥ The operating mode of the appraised entities will remain unchanged; Enterprises operating by leasing will continue to operate by leasing.

⑦ Trademark being used by the appraised entities will be renewed upon expiry; such trademark can be used continually. Proprietary technology within the appraisal scope will be timely maintained during the term of statutory protection; the related annual fee will be paid in accordance with the requirements.

In the event that future circumstances differ from the foregoing appraisal assumptions, the appraisal conclusion will be affected. Users of the Report shall take into account the impact on the appraisal results of the appraisal assumptions when using the Report.

Baker Tilly Hong Kong Limited, acting as the reporting accountant of the Company, has reviewed the method of calculation of the discounted future cash flow for the Valuation.

The Directors confirm that the Valuation, which constitutes a profit forecast under the Listing Rules, has been made after due and careful enquiry.

A letter from the Board and a letter from Baker Tilly Hong Kong Limited are included in the appendices to this announcement for the purpose of Rule 14.60A and 14A.68(7) of the Listing Rules.

As at the date of this announcement, Baker Tilly Hong Kong Limited does not have any shareholding, directly or indirectly, in any member of the Group or any right (whether legally enforceable or not) to subscribe for or to nominate person to subscribe for securities in any member of the Group.

To the best of the Directors' knowledge, information and belief, Baker Tilly Hong Kong Limited is a third party independent of and not connected with the Group.

Baker Tilly Hong Kong Limited has given and has not withdrawn its consent to the publication of this announcement with inclusion of its report and all references to its name in the form and context in which it is included.

## INFORMATION OF THE PARTIES

The Company is a leading building materials company in China with significant operations in the cement, lightweight building materials, glass fibre and composite material and engineering services businesses.

Guotai Min'an Investment is a limited liability company, the business scope of which is the operation of state-owned capital within the authorised scope (except matters requiring pre-approval under national laws and regulations) (matters which require approvals under the law shall be subject to approval from relevant departments before the commencement of business). In 2002, Guotai Min'an Investment acquired 16% equity interest in Taishan Gypsum at a consideration of RMB23,904 thousand.

Jia Tongchun is the chairman of the board and general manager of Taishan Gypsum. Jia Tongchun acquired 11.36% of equity interest in Taishan Gypsum in 2015 at a consideration of RMB367,999 thousand.

Taishan Gypsum Minority Shareholders include ten limited partnership enterprises such as Tai'an Heda Investment Centre (LP), which are principally engaged in proprietary investment, business consulting, enterprise management consulting, etc..

To the best of the Directors' knowledge, information and belief and having made all reasonable enquiries, save that certain Taishan Gypsum Minority Shareholders are current or former employees of Taishan Gypsum or its subsidiaries, Taishan Gypsum Minority Shareholders (other than Guotai Min'an Investment and Jia Tongchun) and their ultimate beneficial owners are independent third parties who are independent of the Company and its connected persons (as defined under the Listing Rules). As Guotai Min'an Investment is a substantial shareholder of Taishan Gypsum holding 16% equity interest in Taishan Gypsum and Jia Tongchun is a substantial shareholder of Taishan Gypsum holding 11.36% equity interest in Taishan Gypsum and chairman of the board and general manager of Taishan Gypsum, Guotai Min'an Investment and Jia Tongchun are connected persons of the Company at the subsidiary level under the Listing Rules.

None of the Directors has any material interest in the connected transaction.

**DEFINITIONS**

| | |
|---|---|
| "A Shares" | domestic listed shares with a nominal value of RMB1.00 per share in the share capital of BNBM, which are listed on the Shenzhen Stock Exchange and traded in Renminbi |
| "Acquisition" | the proposed acquisition of the 35% Equity Interest in Taishan Gypsum from Taishan Gypsum Minority Shareholders by BNBM pursuant to the Framework Agreement |
| "BNBM" | 北新集團建材股份有限公司(Beijing New Building Material Public Limited Company*), a joint stock limited company incorporated under the laws of the PRC, the A shares of which are listed on Shenzhen Stock Exchange |
| "Board" | the board of directors of the Company |
| "Company" | 中國建材股份有限公司(China National Building Material Company Limited*), a joint stock limited company incorporated under the laws of the PRC, the H shares of which are listed on the Stock Exchange |
| "CSRC" | China Securities Regulatory Commission |

| "Deemed Disposal" | the equity interest in BNBM held by the Company will reduce from approximately 45.20% to approximately 35.84% upon completion of the Acquisition, which is therefore deemed as a disposal of approximately 9.36% equity interest in BNBM by the Company to Taishan Gypsum Minority Shareholders |
|---|---|
| "Director(s)" | the director(s) of the Company |
| "Donglian Investment" | 北京東聯投資有限公司(Beijing Donglian Investment Co., Ltd.*), a limited liability company incorporated under the laws of the PRC |
| "Framework Agreement" | the Framework Agreement in relation to the Acquisition of Assets through Share Issue by Beijing New Building Material Public Limited Company* dated 13 October 2015 entered into between BNBM and Taishan Gypsum Minority Shareholders |
| "Group" | the Company and its subsidiaries |
| "Guotai Min'an Investment" | 泰安市國泰民安投資集團有限公司(Tai'an Guotai Min'an Investment Group Co., Ltd.*), a limited liability company incorporated under the laws of the PRC |
| "Listing Rules" | the Rules Governing the Listing of Securities on The Stock Exchange of Hong Kong Limited |
| "Price Determination Date" | The date on which the resolution passed at the 11th extraordinary meeting of the 5th session of the board of directors of BNBM was announced |
| "Reference Date" | 30 April 2015, the reference date for valuation for the purpose of valuation of Taishan Gypsum of the transaction |
| "RMB" or "Renminbi" | Renminbi, the lawful currency of the People's Republic of China |
| "Stock Exchange" | The Stock Exchange of Hong Kong Limited |

| | |
|---|---|
| "Taishan Gypsum" | 泰山石膏股份有限公司(Taishan Gypsum Company Limited*), a joint stock limited company incorporated under the laws of the PRC |
| "Taishan Gypsum Minority Shareholders" | minority shareholders holding an aggregate of 35% Equity Interest of Taishan Gypsum, including Guotai Min'an Investment (holding 16% equity interest of Taishan Gypsum) and ten limited partnership enterprises such as Tai'an Heda Investment Centre (LP)* (泰安市和達投資中心(有限合夥)) and 35 natural persons such as Jia Tongchun (賈同春) (together holding an aggregate of 19% equity interest of Taishan Gypsum) |
| "35% Equity Interest in Taishan Gypsum" | the 35% Equity Interest in Taishan Gypsum held by Taishan Gypsum Minority Shareholders which is to be acquired by BNBM under the Framework Agreement |

By order of the Board
**China National Building Material Company Limited***
**Chang Zhangli**
*Secretary of the Board*

Beijing, the PRC,
13 October 2015

*As at the date of this announcement, the board of directors of the Company comprises Mr. Song Zhiping, Mr. Cao Jianglin, Mr. Peng Shou, Mr. Cui Xingtai and Mr. Chang Zhangli as executive directors, Mr. Guo Chaomin, Mr. Huang Anzhong and Mr. Tao Zheng as non-executive directors, and Mr. Shin Fang, Mr. Tang Yunwei, Mr. Zhao Lihua, Mr. Wu Liansheng and Mr. Sun Yanjun as independent non-executive directors.*

*   For identification only

– 14 –

In compliance with Rule 14.60A and 14A.68(7) of the Listing Rules, the letter from Baker Tilly Hong Kong Limited to the Directors confirming it has reviewed the calculations of the discounted future cash flow and the letter from the Board confirming the Valuation has been made after due and careful enquiry by the Directors both dated 13 October, 2015, for the purpose of, among other things, inclusion in this announcement are reproduced below:

## APPENDIX I – LETTER FROM THE BOARD

Listing Division
The Stock Exchange of Hong Kong Limited
11/F, One International Finance Centre,
1 Harbour View Street, Central
Hong Kong

13 October, 2015

Dear Sirs,

Re: Discloseable Transaction/Connected Transaction – Acquisition of 35% Equity Interest In Taishan Gypsum Through Shares Issuance of BNBM

We refer to the valuation report dated 25 September 2015 (the "Assets Appraisal Report") prepared by ZhongHe Appraisal Co., Ltd (the "Valuer") in relation to the valuation of Taishan Gypsum Company Limited (the "Taishan Gypsum"), which constitutes a profit forecast under Rule 14.61 of the Rules Governing the Listing of Securities on The Stock Exchange of Hong Kong Limited.

We have discussed with the Valuer about the valuation of Taishan Gypsum, including the bases and assumptions upon which such valuation has been prepared, and reviewed the valuation for which the Valuer is responsible. We have also considered the letter from Baker Tilly Hong Kong Limited dated 13 October, 2015 regarding whether the discounted future cash flow of Taishan Gypsum, so far as the arithmetical calculations are concerned, have been properly compiled in all material respects in accordance with the bases and assumptions set out in the Appraisal Report. We note that the calculations of the discounted future cash flow do not involve the adoption of any accounting policies.

On the basis of the foregoing, we confirm that the above valuation has been made after our due and careful enquiry.

Yours faithfully,
For and on behalf of
**China National Building Material Company Limited**
**Chang Zhangli**
*Executive Director*

## APPENDIX II – LETTER FROM BAKER TILLY HONG KONG LIMITED

The following is the text of a letter from the Company's auditor Baker Tilly Hong Kong Limited for inclusion in this announcement.



13 October, 2015

21st Floor
Tower 2, Guohai Plaza
No. 17 Fuxing Road
Haidian District, Beijing
The PRC

**Report on the discounted future cash flows in connection with the assets valuation of Taishan Gypsum Company Limited**

**To The Board of Directors of China National Building Material Company Limited (the "Company")**

We have been engaged to report on the calculations of the discounted future cash flows on which the assets valuation (the "Valuation") date 25 September 2015 prepared by ZhongHe Appraisal Co., Ltd. (中和資產評估有限公司) in respect of the appraisal of the fair value of Taishan Gypsum Company Limited ("Taishan Gypsum") as at 30 April 2015 is based. The Valuation which is prepared based on the discounted future cash flows is regarded as a profit forecast under Rule 14.61 of the Rules Governing the Listing of Securities on The Stock Exchange of Hong Kong Limited (the "Listing Rules").

**Directors' Responsibility for the Discounted Future Estimated Cash Flows**

The directors of the Company (the "Directors") are responsible for the preparation of the discounted future cash flows in accordance with the bases and assumptions determined by the directors and as set out in the Valuation (the "Bases and Assumptions"). This responsibility includes carrying out appropriate procedures relevant to the preparation of the discounted future cash flows for the Valuation and applying an appropriate basis of preparation; and making estimates that are reasonable in the circumstances.

**Auditor's Responsibility**

It is our responsibility to report, as required by Rule 14.62(2) of the Listing Rules, on the calculations of the discounted future cash flows used in the Valuation. We are not reporting on the appropriateness and validity of the Bases and Assumptions on which the discounted future cash flows are based and our work does not constitute any valuation of Taishan Gypsum.

We conducted our work in accordance with the Hong Kong Standard on Assurance Engagements 3000 "Assurance Engagements Other Than Audits or Reviews of Historical Financial Information" issued by the Hong Kong Institute of Certified Public Accountants ("HKICPA"). This standard requires that we plan and perform our work to obtain reasonable assurance as to whether, so far as the calculations are concerned, the Directors have properly compiled the discounted future cash flows in accordance with the Bases and Assumptions as set out in the Valuation. We performed procedures on the arithmetical calculations and the compilations of the discounted future cash flows in accordance with the Bases and Assumptions. Our work is substantially less in scope than an audit conducted in accordance with Hong Kong Standards on Auditing issued by the HKICPA. Accordingly, we do not express an audit opinion.

The discounted future cash flows do not involve the adoption of accounting policies. The discounted future cash flows depend on future events and on a number of assumptions which cannot be confirmed and verified in the same way as past results and not all of which may remain valid throughout the period. Our work has been undertaken for the purpose of reporting solely to you under paragraph 14.62(2) of the Listing Rules and for no other purpose. We accept no responsibility to any other person in respect of our work, or arising out of or in connection with our work.

**Opinion**

Based on the foregoing, in our opinion, the discounted future estimated cash flows, so far as the arithmetical calculations are concerned, have been properly compiled in all material respects in accordance with the Bases and Assumptions.

Yours sincerely,

**Baker Tilly Hong Kong Limited**
Certified Public Accountants
Hong Kong,
Andrew David Ross
Practising Certificate Number P01183

*香港交易及結算所有限公司及香港聯合交易所有限公司對本公告的內容概不負責，對其準確性或完整性亦不發表任何聲明，並明確表示，概不對因本公告全部或任何部分內容而產生或因倚賴該等內容而引致的任何損失承擔任何責任。*



**China National Building Material Company Limited** *

**中 國 建 材 股 份 有 限 公 司**

*(在中華人民共和國註冊成立的股份有限公司)*

(股份代碼：3323)

# 須 予 披 露 交 易
# 關 連 交 易
# 北 新 建 材 發 股 購 買 泰 山 石 膏 股 份

本公司欣然公佈，於二零一五年十月十三日，北新建材(本公司持有約45.20%股份的附屬公司)與泰山石膏(北新建材直接及間接持有65%股份的附屬公司)少數股東簽署框架協議，旨在北新建材通過向泰山石膏少數股東非公開發行股份的形式購買其合共持有的泰山石膏35%股份。根據框架協議，交易完成後北新建材將直接及間接持有泰山石膏100%股份，泰山石膏少數股東將成為北新建材股東，本公司持有北新建材股份由約45.20%降至約35.84%，北新建材及泰山石膏仍為本公司附屬公司。

**上 市 規 則 涵 義**

由於按照上市規則第14章項下就收購事項的適用百分比有某項超逾5%但所有適用百分比均低於25%，根據上市規則第14章，收購事項構成本公司的一項須予披露交易，須遵守申報及公告規定。

– 1 –

根據框架協議,交易完成後本公司持有北新建材股份由約45.20%降至約35.84%,因此,根據上市規則第14.29條,框架協議項下擬進行之交易構成本公司對北新建材股份之視作出售事項。由於按照上市規則第14章項下有關視作出售事項之適用百分比有某項超逾5%但所有適用百分比均低於25%,根據上市規則第14章,視作出售事項構成本公司的一項須予披露交易,須遵守申報及公告規定。

由於泰山石膏少數股東之國泰民安投資持有泰山石膏16%股份,買同春持有泰山石膏11.36%股份,均為泰山石膏的主要股東,且買同春為泰山石膏董事長及總經理,根據上市規則,國泰民安投資及買同春是本公司附屬公司層面的關連人士,故北新建材非公開發行股份以購買泰山石膏35%股份之交易構成涉及本公司附屬公司層面的關連人士的關連交易。

按照上市規則第14A章項下就收購事項及視作出售事項的適用百分比有某項超逾5%。由於(1)國泰民安投資及買同春為本公司附屬公司層面之關連人士;(2)董事(包括獨立非執行董事)已批准框架協議項下擬進行之交易;(3)獨立非執行董事已確認有關交易之條款誠屬公平合理,有關交易乃按一般商業條款訂立,符合本公司及其股東之整體利益,因此,根據上市規則第14A.101條,收購事項及視作出售事項只須遵守申報及公告規定,但獲豁免刊發通函、獨立財務意見及股東批准規定。

**緒言**

本公司欣然公佈,於二零一五年十月十三日,北新建材(本公司持有約45.20%股份的附屬公司)與泰山石膏(北新建材直接及間接持有65%股份的附屬公司)少數股東簽署框架協議,旨在北新建材通過向泰山石膏少數股東非公開發行36,899.74萬股股份的形式購買其合共持有的泰山石膏35%股份。

根 據 框 架 協 議，交 易 完 成 後 北 新 建 材 將 直 接 及 間 接 持 有 泰 山 石 膏 100% 股份，泰 山 石 膏 少 數 股 東 將 成 為 北 新 建 材 股 東，本 公 司 持 有 北 新 建 材 股 份由 約 45.20% 降 為 約 35.84%，北 新 建 材 及 泰 山 石 膏 仍 為 本 公 司 附 屬 公 司。本集 團 不 預 期 就 視 作 出 售 事 項 錄 得 任 何 盈 虧。

## 框 架 協 議 的 主 要 條 款

### 日 期

二 零 一 五 年 十 月 十 三 日

### 訂 約 方

(1) 北 新 建 材；及

(2) 泰 山 石 膏 少 數 股 東；

### 購 買 泰 山 石 膏 股 份

北 新 建 材 向 泰 山 石 膏 少 數 股 東 購 買 其 合 計 持 有 泰 山 石 膏 35% 股 份。

股 份 轉 讓 前 泰 山 石 膏 的 股 本 結 構：

| 股 東 名 稱 | 股 份 數 量<br>(萬股) | 佔 股 本 比 例<br>(%) |
|---|---|---|
| 北 新 建 材 | 6,536.25 | 42% |
| 東 聯 投 資 | 3,579.38 | 23% |
| 泰 山 石 膏 少 數 股 東 | 5,446.87 | 35% |
| **合 計** | **15,562.50** | **100%** |

東 聯 投 資 為 北 新 建 材 持 股 100% 的 全 資 子 公 司，北 新 建 材 自 身 及 通 過 東 聯投 資 持 有 泰 山 石 膏 65% 股 份。

股份轉讓後泰山石膏的股本結構：

| 股東名稱 | 股份數量<br>(萬股) | 佔股本比例<br>(%) |
|---|---|---|
| 北新建材 | 11,983.12 | 77% |
| 東聯投資 | 3,579.38 | 23% |
| **合計** | **15,562.50** | **100%** |

北新建材自身及通過東聯投資持有泰山石膏100%股份。

**北新建材股份發行**

作為獲得泰山石膏35%股份之對價，北新建材向泰山石膏少數股東非公開發行共36,899.74萬股A股股份，相當於北新建材截至發出本公告日的現有已發行股本約26.10%，及北新建材經非公開發行股份後擴大的已發行股本約20.70%。

股份發行前北新建材的股本結構：

| 股東名稱 | 股份數量<br>(萬股) | 佔股本比例<br>(%) |
|---|---|---|
| 中國建材 | 63,906.59 | 45.20% |
| 公眾投資者 | 77,491.57 | 54.80% |
| **合計** | **141,398.16** | **100.00%** |

股份發行後北新建材的股本結構：

| 股東名稱 | 股份數量 | 佔股本比例 |
|---|---|---|
| | *(萬股)* | *(%)* |
| 中國建材 | 63,906.59 | 35.84% |
| 泰山石膏少數股東 | 36,899.74 | 20.70% |
| 公眾投資者 | 77,491.57 | 43.46% |
| **合計** | **178,297.90** | **100%** |

## 代價及支付條款

北新建材以發行共36,899.74萬股每股發行價人民幣11.37元的A股股份方式向泰山石膏少數股東支付購買泰山石膏35%股份價款合計人民幣約419,550.00萬元。

## 代價基準

為本次交易之目的，中和資產評估有限公司出具了以二零一五年四月三十日為基準日的按收益法釐定的日期為二零一五年九月二十五日的《資產評估報告書》(「《資產評估報告》」)，框架協議各方對《資產評估報告》及評估結果均予以認可。二零一五年四月三十日泰山石膏35%股份對應未經審計歸母淨資產賬面值約為人民幣113,368.17萬元。根據《資產評估報告》，二零一五年四月三十日泰山石膏35%股份評估值約為人民幣419,550.00萬元。經各方協商一致同意，本次收購泰山石膏35%股份的代價約為人民幣419,550.00萬元。

本次北新建材發行股份的價格為其定價基準日前120個交易日股票交易均價的90%，並經北新建材2014年度利潤分配實施後相應調整，本次北新建材發行股份的價格調整為人民幣11.37元／股。

在本次發行的定價基準日至發行日期間，北新建材如有派息、送股、資本公積金轉增股本等除權、除息事項，則對本次發行價格根據中國證監會及深圳證券交易所的相關規定相應除權除息處理，本次發行數量也將根據發行價格的情況進行相應調整，具體調整方式以北新建材股東大會決議內容為準。

按照泰山石膏35%股份的評估值及北新建材股份發行價格計算，北新建材須向泰山石膏少數股東發行的股份數量共為36,899.74萬股。該等資產評估項目尚須經有權單位核准／備案，並以核准／備案的評估結果為準。北新建材最終向泰山石膏少數股東發行的股份數量，由北新建材董事會提請股東大會授權其董事會根據有權單位核准／備案的評估結果相應調整，以經中國證監會核准的發行數量為準。

**發 行 股 份 的 限 售 期**

泰山石膏少數股東承諾其因本次交易所獲得的北新建材股份自發行完成之日起36個月內不得轉讓。本限售期內，泰山石膏少數股東如因北新建材實施送紅股、資本公積金轉增股本事項而增持的北新建材股份，亦應遵守上述限售期限的約定。

**交 割**

泰山石膏35%股份應在本次交易生效之日起1個月內完成交割。自交割日起，其一切權利義務均由北新建材享有和承擔。

## 損益安排

本次交易完成前的北新建材滾存未分配利潤由本次交易完成後北新建材的新老股東按照其持有的股份比例共享。

泰山石膏自基準日至交割之日期間所產生的盈利由北新建材享有,所產生的虧損由泰山石膏少數股東按照其在泰山石膏持股比例承擔。

泰山石膏35%股份交割後,由北新建材年報審計機構對泰山石膏進行專項審計,確定基準日至交割日期間泰山石膏35%股份產生的損益。若交割日為當月15日(含15日)之前,則期間損益審計基準日為上月月末;若交割日為當月15日之後,則期間損益審計基準日為當月月末。如存在虧損,則泰山石膏少數股東應當於前述專項審計報告出具之日起五個工作日內將其應當承擔的虧損金額部分以現金方式支付給北新建材。

## 框架協議的生效

框架協議自各方有權代表簽字並加蓋公章之日起成立,自以下條件全部成就且其中最晚成就之日起生效:

1. 泰山石膏股東大會批准本次交易;

2. 北新建材董事會、股東大會分別批准本次交易;

3. 本次交易獲有權單位批准;及

4. 本次交易獲中國證監會具文核准。

## 有關標的公司資料

泰山石膏主要經營紙面石膏板、石膏製品及輕鋼龍骨等相關產品的生產和銷售。根據泰山石膏按照中國公認會計準則編製的中國經審計賬目，2014年及2013年泰山石膏經審計淨利潤(扣除稅項前)分別約為人民幣118,435.35萬元及人民幣114,081.01萬元，2014年及2013年泰山石膏經審計淨利潤(扣除稅項後)分別約為人民幣104,705.34萬元及人民幣100,438.13萬元。泰山石膏截至2014年12月31日止及2013年12月31日止經審計淨資產分別為人民幣373,970.62萬元及人民幣320,276.65萬元。

北新建材主要經營輕質建材業務。根據北新建材按照中國公認會計準則編製的中國經審計賬目，2014年及2013年北新建材經審計淨利潤(扣除稅項前)分別約為人民幣166,266.72萬元及人民幣143,984.93萬元，2014年及2013年北新建材經審計淨利潤(扣除稅項後)分別約為人民幣146,912.66萬元及人民幣125,806.36萬元。北新建材截至2014年12月31日止及2013年12月31日止經審計淨資產分別為人民幣852,515.14萬元及人民幣543,172.18萬元。

## 進行交易之理由及裨益

本次交易完成後，北新建材對泰山石膏將實現100%控股，有利於本集團進一步整合內部資源，提升北新建材經營業績，進一步鞏固本集團的市場地位。

董事會(包括獨立非執行董事)認為，框架協議項下北新建材通過向泰山石膏少數股東非公開發行股份以收購泰山石膏35%股份乃本集團及有關方(包括本公司之關連人士)在本集團日常業務中經公平磋商後按一般商業條款進行，條款屬公平合理且符合本公司及其股東的整體利益。

## 上市規則涵義

由於按照上市規則第14章項下就收購事項的適用百分比有某項超逾5%但所有適用百分比均低於25%，根據上市規則第14章，收購事項構成本公司的一項須予披露交易，須遵守申報及公告規定。

根據框架協議，交易完成後本公司持有北新建材股份由約45.20%降至約
35.84%，因此，根據上市規則第14.29條，框架協議項下擬進行之交易構成
本公司對北新建材股份之視作出售事項。由於按照上市規則第14章項下
有關視作出售事項之適用百分比有某項超逾5%但所有適用百分比均低
於25%，根據上市規則第14章，視作出售事項構成本公司的一項須予披露
交易，須遵守申報及公告規定。

由於泰山石膏少數股東之國泰民安投資持有泰山石膏16%股份，買同春
持有泰山石膏11.36%股份，均為泰山石膏的主要股東，且買同春為泰山
石膏董事長及總經理，根據上市規則，國泰民安投資及買同春是本公司
附屬公司層面的關連人士，故北新建材非公開發行股份以購買泰山石膏
35%股份之交易構成涉及本公司附屬公司層面的關連人士的關連交易。

按照上市規則第14A章項下就收購事項及視作出售事項的適用百分比有
某項超逾5%。由於(1)國泰民安投資及買同春為本公司附屬公司層面之關
連人士；(2)董事(包括獨立非執行董事)已批准框架協議項下擬進行之交
易；(3)獨立非執行董事已確認有關交易之條款誠屬公平合理，有關交易
乃按一般商業條款訂立，符合本公司及其股東之整體利益，因此，根據
上市規則第14A.101條，收購事項及視作出售事項只須遵守申報及公告規
定，但獲豁免刊發通函、獨立財務意見及股東批准規定。

## 溢利預測上市規則合規

鑒於《資產評估報告》採用收益法對泰山石膏進行估值，根據上市規則第
14.61條，估值構成溢利預測。

根據上市規則第14.62(1)條，作出《資產評估報告》的主要假設(包括商業假
設)的詳情載列如下：

1.　一般性假設

　　①　泰山石膏在經營中所需遵循的國家和地方的現行法律、法規、
　　　　制度及社會政治和經濟政策與現時無重大變化；

② 泰山石膏將保持持續經營，並在經營方式上與現時保持一致；

③ 國家現行的稅賦基準及稅率，稅收優惠政策、銀行信貸利率以及其他政策性收費等不發生重大變化；

④ 無其他人力不可抗拒及不可預見因素造成的重大不利影響。

**2.　針對性假設**

① 泰山石膏各年間的技術隊伍及其高級管理人員保持相對穩定，不會發生重大的核心專業人員流失問題；

② 泰山石膏各經營主體現有和未來經營者是負責盡職的，且公司管理層能穩步推進公司的發展計劃，保持良好的經營態勢；

③ 泰山石膏未來經營者遵守國家相關法律和法規，不會出現影響公司發展和收益實現的重大違規事項；

④ 泰山石膏提供的歷史財務資料所採用的會計政策和進行收益預測時所採用的會計政策與會計核算方法在重要方面基本一致；

⑤ 評估範圍內的泰山石膏母公司及泰山石膏(湖北)有限公司評估基準日屬高新技術企業，本次評估假定上述兩家企業到期能夠獲得高新技術企業認證並享受有關優惠政策；

⑥ 假定被評估單位經營方式保持不變，以租賃方式經營企業仍採用租賃方式經營。

⑦ 假定被評估單位使用的商標到期能夠續展，能夠永續使用；假定評估範圍內的專利技術在法定保護期內企業能夠及時維護，按要求交納年費。

若將來實際情況與上述評估假設產生差異時，將對評估結論產生影響。報告使用者應在使用本報告時充分考慮評估假設對本評估結論的影響。

天職香港會計師事務所有限公司作為本公司的申報會計師，已審閱估值的未來現金流量折現的計算方法。

董事確認，估值構成上市規則項下溢利預測，乃經慎重查詢後作出。

董事會函件及天職香港會計師事務所有限公司函件已載列於本公告的附件內，以遵守上市規則第14.60A條及14A.68(7)條。

於本公告日期，天職香港會計師事務所有限公司概無直接或間接持有本集團任何成員公司的任何股權或有任何權利(不論在法律上可強制執行與否)，可認購或提名他人認購本集團任何成員公司持有證券。

就董事所深知、全悉及確信，天職香港會計師事務所有限公司為一獨立第三方及與本集團概無關連。

天職香港會計師事務所有限公司已發出，且未撤回以現時的形式及涵義於本公告中刊載其函件和所有意見的同意書。

**訂約方相關資料**

本公司乃中國建築材料行業之領軍企業，主營水泥、輕質建材、玻璃纖維及複合材料以及工程服務業務。

國泰民安投資是一間有限責任公司，經營範圍為授權範圍內的國有資本運營(國家法律法規規定需前置審批項目除外)(依法須經批准的項目，經相關部門批准後方可開展經營活動)。於2002年，國泰民安投資取得泰山石膏16%的股份，該等股份價款為人民幣2,390.4萬元。

賈同春為泰山石膏董事長及總經理。賈同春於2015年以人民幣36,799.9萬元的代價取得泰山石膏11.36%的股權。

泰山石膏少數股東當中包括泰安市和達投資中心(有限合夥)在內等10個有限合夥企業，主營以自有資金投資、商務諮詢、企業管理諮詢等業務。

經作出一切合理查詢後，據董事所深知、所悉及所信，除部分泰山石膏少數股東是泰山石膏或其附屬公司的當前或之前的員工，各泰山石膏少數股東(國泰民安投資及買同春除外)及其最終實益擁有人為獨立第三方，獨立於本公司及其關連人士(定義見上市規則)。由於國泰民安投資持有泰山石膏16%股份，買同春持有泰山石膏11.36%股份，為泰山石膏的主要股東，且買同春為泰山石膏董事長及總經理，根據上市規則，國泰民安投資及買同春是本公司附屬公司層面的關連人士。

本公司董事會無任何董事於關連交易中佔有重大利益。

## 釋義

| | | |
|---|---|---|
| 「A股」 | 指 | 北新建材股本中每股面值人民幣1.00元的境內上市股票，於深圳證券交易所上市並以人民幣買賣 |
| 「收購事項」 | 指 | 北新建材根據框架協議向泰山石膏少數股東建議購買泰山石膏35%股份 |
| 「北新建材」 | 指 | 北新集團建材股份有限公司，一家根據中國法律註冊成立的股份有限公司，其A股於深圳證券交易所上市 |
| 「董事會」 | 指 | 本公司董事會 |
| 「本公司」 | 指 | 中國建材股份有限公司，一家根據中國法律註冊成立的股份有限公司，其H股於聯交所上市 |
| 「中國證監會」 | 指 | 中國證券監督管理委員會 |

| | | |
|---|---|---|
| 「視作出售事項」 | 指 | 由於收購事項完成後本公司持有北新建材股份將由約45.20%降至約35.84%，因此而視作出售北新建材之約9.36%股份予泰山石膏少數股東 |
| 「董事」 | 指 | 本公司董事 |
| 「東聯投資」 | 指 | 北京東聯投資有限公司，一家根據中國法律註冊成立的有限責任公司 |
| 「框架協議」 | 指 | 北新建材與泰山石膏少數股東訂立的日期為二零一五年十月十三日的《北新集團建材股份有限公司關於發行股份購買資產的框架協議》 |
| 「本集團」 | 指 | 本公司及其附屬公司 |
| 「國泰民安投資」 | 指 | 泰安市國泰民安投資集團有限公司，一家根據中國法律註冊成立的有限責任公司 |
| 「上市規則」 | 指 | 香港聯合交易所有限公司證券上市規則 |
| 「定價基準日」 | 指 | 北新建材第五屆董事會第十一次臨時會議決議公告日 |
| 「基準日」 | 指 | 為本次交易之目的，對泰山石膏進行評估的評估基準日，具體為二零一五年四月三十日 |
| 「人民幣」 | 指 | 人民幣，中華人民共和國法定貨幣 |
| 「聯交所」 | 指 | 香港聯合交易所有限公司 |

| 「泰山石膏」 | 指 | 泰山石膏股份有限公司，一家根據中國法律註冊成立的股份有限公司 |
| --- | --- | --- |
| 「泰山石膏少數股東」 | 指 | 合共持有泰山石膏35%股份的少數股東，包括持有泰山石膏16%股份的國泰民安投資，合計持有泰山石膏19%股份的泰安市和達投資中心(有限合夥)等10個有限合夥企業及賈同春等35名自然人 |
| 「泰山石膏35%股份」 | 指 | 框架協議項下北新建材擬收購的由泰山石膏少數股東持有的泰山石膏35%股份 |

承董事會命

**中國建材股份有限公司**

**常張利**

*董事會秘書*

中國 • 北京

二零一五年十月十三日

*於本公告日期，本公司之董事會成員包括執行董事宋志平先生、曹江林先生、彭壽先生、崔星太先生及常張利先生，非執行董事郭朝民先生、黃安中先生及陶錚先生，及獨立非執行董事方勳先生、湯雲為先生、趙立華先生、吳聯生先生及孫燕軍先生。*

\*  *僅供識別*

遵照上市規則第14.60A及第14A.68(7)條，天職香港會計師事務所有限公司向董事發出的函件已確認其已審閱該估值的未來現金流量折現的計算方法，而董事會函件已確認該估值乃經董事審慎周詳查詢後作出。旨在(其中包括)載入本公告之日期為二零一五年十月十三日的函件的全文現轉載如下：

## 附錄一－董事會函件

**敬啟者：**

有關：須予披露交易／關連交易－北新建材發股購買泰山石膏35%股份

吾等謹此提述，中和資產評估有限公司(「估值師」)就泰山石膏股份有限公司(「泰山石膏」)的估值，編製日期為二零一五年九月二十五日的《資產評估報告書》(「《資產評估報告》」)，該估值構成香港聯合交易所有限公司證券上市規則第14.61條項下的溢利預測。

吾等已與估值師討論有關泰山石膏的估值，包括編製該等估值的基準及假設，並已審閱估值師負責出具的估值。吾等亦已考慮天職香港會計師事務所有限公司日期為二零一五年十月十三日的函件，內容有關泰山石膏的未來現金流量折現，就算術計算方法而言，是否已根據《評估報告》所載的基準及假設的各重大方面而妥為編製。吾等知悉該未來現金流量折現計算不涉及任何會計政策之採用。

根據上述基準，吾等確認上述估值乃經吾等審慎周詳查詢後作出。

此致

香港
中環
港景街1號
國際金融中心一期11樓
香港聯合交易所有限公司
上市科　台照

謹代表
**中國建材股份有限公司**
*執行董事*
**常張利**
謹啟

二零一五年十月十三日

– 15 –

## 附 錄 二－天 職 香 港 會 計 師 事 務 所 有 限 公 司 函 件

下 文 為 本 公 司 核 數 師 天 職 香 港 會 計 師 事 務 所 有 限 公 司 發 出 之 函 件 全 文 ，
以 供 載 入 本 公 告 。



二 零 一 五 年 十 月 十 三 日

中 國
北 京 市 海 澱 區 復 興 路 17號
國 海 廣 場 2號 樓 21層

**有 關 泰 山 石 膏 股 份 有 限 公 司 資 產 估 值 之 未 來 現 金 流 量 折 現 報 告**

**致 中 國 建 材 股 份 有 限 公 司 (「貴 公 司」) 董 事 會**

吾 等 已 獲 委 聘 基 於 中 和 資 產 評 估 有 限 公 司 於 二 零 一 五 年 九 月 二 十 五 日
編 製 有 關 泰 山 石 膏 股 份 有 限 公 司 (「泰 山 石 膏」) 於 二 零 一 五 年 四 月 三 十 日
的 公 平 值 估 值 的 資 產 評 估 (「評 估」) 之 未 來 現 金 流 量 折 現 之 計 算 方 式 作 出
報 告 。此 項 評 估 乃 基 於 未 來 估 計 現 金 流 量 折 現 所 編 製 ，故 根 據 香 港 聯 合
交 易 所 有 限 公 司 證 券 上 市 規 則 (「上 市 規 則」) 第 14.61條 ，屬 溢 利 預 測 。

**董 事 就 未 來 估 計 現 金 流 量 折 現 承 擔 的 責 任**

貴 公 司 董 事 (「董 事」) 須 負 責 按 照 董 事 釐 定 並 載 於 評 估 的 基 準 及 假 設 (「基
準 及 假 設」) 編 製 未 來 估 計 現 金 流 量 折 現 。此 項 責 任 包 括 開 展 與 就 評 估 而
編 製 未 來 現 金 流 量 折 現 有 關 的 程 序 及 應 用 適 當 編 製 基 礎 ，並 按 情 況 作 出
合 理 估 計 。

**核數師的責任**

吾等的責任是根據上市規則第14.62(2)條就評估所使用的未來現金流量折現計算作出報告。吾等並非對未來現金流量折現所依據之基準及假設之合理性與有效性作出報告,且吾等的工作並不構成泰山石膏之任何估值。

吾等已遵守香港會計師公會(「香港會計師公會」)頒佈之香港鑒證業務準則第3000號–「歷史財務信息審核或審閱以外的鑒證業務」執行委聘工作。該準則要求吾等應計劃和執行工作,以使吾等合理確定(就計算而言)董事是否根據評估所載基礎及假設妥善編製未來現金流量折現。吾等已根據上述基礎及假設對未來現金流量折現之算術計算及編製執行鑒證程序。吾等之工作範圍明顯少於按香港會計師公會頒佈之香港審計準則進行的審計。因此,吾等不發表任何審計意見。

該未來現金流量折現並無涉及應用會計政策。未來現金流量折現取決於未來事件及多項無法按過往業績予以釐定及核證的假設,且並非全部假設於整個期間內一直有效。吾等的工作旨在根據上市規則第14.62(2)條僅向閣下作出報告,而不作其他用途。吾等不會向任何其他人士承擔委聘工作所涉及、產生或相關之任何責任。

**意見**

基於前述事項,吾等認為就算術計算而言,未來現金流量折現在各重大方面均已按照上述基準及假設妥為編製。

此致

**天職香港會計師事務所有限公司**
執業會計師
香港
Andrew David Ross
執業證書編號P01183
謹啟