(Stamp One)

# Guaranteed Maximum Contract

Contract Serial No. ▇▇▇▇▇▇▇▇

**Dear customer: In order to protect your rights, please read the terms of the contracts carefully before signing the contract (especially the terms in bold). Pay attention to your rights and obligations in the contract. If there is any question to this contract, please consult with the agency.**

Creditor (Full Name): Agricultural Bank of China <u>Taian Longze Sub Branch</u>

Guarantor (Full Name): (1) <u>Beijing New Building Material (Group) Co., Ltd.</u>

(2) _____

(3) _____

Guarantor agrees to provide guarantee of maximum amount (the "Guarantee") for the indebtedness under a series of business contracts ("Principle Agreements") entered into by and between <u>Taishan Gypsum Co., Ltd.</u> ("Debtor") and Creditor in accordance with Article I hereof.

NOW THEREFORE, the parties enter into this Agreement in accordance with the relevant laws and regulations of China.

(Chop)
Taian Longze Sub Branch

**Article I.** Guaranteed Obligations and Maximum Guarantee Amount

1. The guarantor voluntarily agrees to guarantee Debtor's obligations towards all debts, and the maximum amount of the secured creditor's rights is equivalent to RMB (Capitalize the amount) <u>THREE HUNDRED FIFTY MILLION YUAN EXACT.</u> Obligations denominated in foreign currencies, according to Section 1, shall be converted at the selling rates on the dates of the transactions.

    (1) From July 11, 2013 to July 10, 2014, the creditor and the debtor processed the necessary creditor's rights agreement. During this period, it is considered to be the guaranteed maximum amount debt period. Above agreement includes the following: (ones that are marked with "√" are accurate)

**MTD Exhibit #88**

(Chop)
Taishan Gypsum Co., Ltd.

✔ RMB/foreign currency loan     ✔ Reduced deposit     ✔ Export packing finance

✔ Commercial draft discount     ✔ Import financing     ✔ Bank guarantee

✔ Commercial bill acceptance     ✔ Export financing     ✔ Account Overdraft

☐ Other business: _____/_____

_____/_____

(Chop)
Beijing New Building Material (Group) Co., Ltd

((2) CONTINUED ON THE NEXT FILE TSSGL3-00164519-TRANSLATION)

(2) The unpaid debt principle under the agreement of the principle contract between the creditor and the debtor, The type of amount including the corresponding, penalty, and compound interest, and expenses, etc. hereunder shall be determined based on the calculation under the principle contract till the actual pay off date:

| Contract Name | Contract Number | Outstanding Principle | Type of Currency |
|---|---|---|---|
| Liquidity Loan contract | | 40000000Yuan | RMB |
| Liquidity Loan contract | | 47000000 Yuan | RMB |
| Liquidity Loan contract | | 39000000 Yuan | RMB |
| Liquidity Loan contract | | 39000000 Yuan | RMB |
| Liquidity Loan contract | | 47000000 Yuan | RMB |
| Liquidity Loan contract | | 47000000 Yuan | RMB |
| Liquidity Loan contract | | 20000000 Yuan | RMB |
| Liquidity Loan contract | | 30000000 Yuan | RMB |

2. **The type, amount, interest rate and term of each obligation guaranteed hereunder shall be determined based on relevant legal instruments or certificates.**
3. Subject to the Debt Period and the Maximum Guarantee Amount, no other Guarantee procedures will be necessary when Creditor provides Debtor with loans and other credit facilities as specified in this agreement.
4. Subject to the Debt Period and the Maximum Guarantee Amount, Guarantor shall guarantee each obligation of Debtor towards Creditor in its original currency, regardless of what that may be.

**Article II.** Guarantee Coverage

The Guarantee applies to the principle, interest, penalty and compound interest, liquidated damages, damages and litigation (arbitration) expenses, attorney fees and any other costs incurred by Creditor in enforcing its rights.
**Guarantor agrees to guarantee any amount exceeding the Maximum Guarantee Amount as a result of exchange rate fluctuation.**

**Article III.** Guarantee Method

The Guarantee is joint and several. If there is more than one guarantor under this Agreement, the guarantors are jointly and severally liable.

**Article IV.** Guarantee Period

1. Guarantor's Guarantee period for any obligation ends two years after the maturity date of such obligation.
2. The Guarantee period for acceptance of bank draft, issuance of letters of credit without or with reduced deposit and bank guarantee ends two years after Creditor makes payment under such facilities.
3. The Guarantee period for commercial draft discount ends two years after the maturity date of such discounted commercial draft.

Alston & Bird LLP

4. **Creditor and Debtor agree to extend the maturity date of a guaranteed obligation set forth in a Principle Agreement; the Guarantee period for that obligation is extended to two years after the new maturity date of that obligation.**
5. If the maturity of a guaranteed obligation set forth in a Principle Agreement is accelerated by Creditors as required by laws, regulations or the Principle Agreement, the Guarantee period ends two years after the new accelerated maturity date.

2

Alston & Bird LLP

**Article V.** Guarantor's Representations and Covenants

1. Guarantor has obtained the authority required for the Guarantee hereunder in accordance with relevant regulations and procedures.
2. Guarantor shall provide Creditor with true, complete and valid financial statements, charter documents and other related data and information as required. Guarantor shall also accept Creditor's supervision and inspection of Guarantor's manufacturing, operation and financial condition.
3. If Debtor defaults on its obligations, Guarantor agrees to perform its guarantee obligation.
4. **If Guarantor fails to perform its guarantee obligation, Creditor has the right to directly debit the relevant amount from any of Guarantor's accounts with Creditor.**
5. Guarantor shall inform Creditor in writing immediately upon occurrence of any of the following circumstances relating to Guarantor:

    (1) Change in name, residence, legal representative, and contact information;

    (2) Change in affiliation relationships, senior management, charter documents, and organizational structure;

    (3) Deterioration in financial conditions, serious difficulties in production and operations, or any material litigations and arbitrations;

    (4) Suspension of business, close of business for rectification, or a petition filed for bankruptcy or reorganization;

    (5) Cancellation of registration, revoking of business license, order to close down and other reasons for dissolution;

    (6) Any other events adverse to Creditor's interest.

6. **Guarantor shall give Creditor 15 days' prior written notice and obtain Creditor's written consent before it engages in any of the following activities:**

    (1) Capitalization restructuring or operating system change, including, but not limited to, contracting, lease, shareholding reform, affiliating, merge, acquisition, split-off, establishment of joint venture, capital decrease, transfer of assets, application for suspension of business for restructuring, application for settlement, and application for bankruptcy;

    (2) Providing guarantee for a third party or mortgaging or pledging its assets in favor of itself or a third party, which may affect Guarantor's ability to perform under this Agreement.

**Article VI.** Determination of Guaranteed Obligations
Under any of the following circumstances, the obligations with Maximum guarantee Amount hereunder shall be ascertained:

1. Maturity of Debt Period. "Maturity of Debt Period" shall mean the maturity of Debt Period as set forth in Article I, and the circumstance under which Creditor declares accelerated maturity of Debt Period in accordance with the laws and regulations or the provisions herein. If Debtor breaches any obligations under the Principle Agreements or Guarantor breaches any obligations hereunder, Creditor shall have the right to declare accelerated maturity of Debt Period.

2. No new obligations will be incurred.
3. Debtor or Guarantor is declared bankrupt or closed.
4. Other circumstances relating to determination of obligations under the law.

**Article VII**. Performance of Guarantee Obligation

1. Under any of the following circumstances, Creditor shall have the right to require Guarantor to perform its guarantee obligation. **If the amount paid by Guarantor is not sufficient to repay the obligations guaranteed hereunder, Creditor may elect to use such amount to recover the principal, interest, penalty and compound interest or fees.**

   (1) The obligations under any Principle Agreement are not discharged upon maturity of such obligations. "Maturity" means the maturity of obligations as agreed under such Principle Agreement and the circumstances under which Creditor declares accelerated maturity of obligations in accordance with the laws and regulations or the provisions under such Principle Agreement;

   (2) A petition for bankruptcy against Debtor or Guarantor is filed in a court or a ruling of settlement is made against Debtor or Guarantor by a court;

   (3) Debtor or Guarantor's business license is cancelled or revoked, is ordered to close down or has other reasons for dissolution;

   (4) Debtor or Guarantor is dead, declared missing, or pronounced dead;

   (5) Guarantor breaches its obligations hereunder; or

   (6) Any other events materially adverse to Creditor's interest.

2. **The Creditors rights guaranteed by this contract, at the same time exists in the guaranteed of collateral (provided by The Debtor or the Third Party) and ensures the guarantee. The Creditor can claim for the realization of the collateral, as well as request the Guarantor to assume the responsibility to ensure for the guarantee. The Creditor already chose a guarantee to claim for the realization of the collateral, at the same time uses other guarantees all or partial Creditors rights.**
3. **If Debtor provides real guarantee and Creditor waives, transfers or changes such security interest, Guarantor agrees to continue to be jointly and severally liable for the obligations under Principle Agreements in accordance with the provisions hereof.** "Such security interest" means the security interest created as a result of Debtor's provision of real guarantee for the obligations under Principle Agreements.
4. **The contract between the Guarantor, Debtor, and the Creditor, include but not limited to the number of debts guaranteed, furthermore, payment from the Guarantor is not enough to pay off all the debts. The debt balance and set order are determined by the Creditor.**
5. **Creditor in accordance with the law or this contract, to ensure the Guarantor to exercise the right of offset, all offset debts is determined by the Creditor; The Creditor shall, in

**accordance with the law, exercise the right of subrogation, and the settlement debt paid by the secondary debtor to the Creditor will be determined by the Creditor.**

**Article VIII.** Liability for Breach of Contract

1. Upon effectiveness of this Agreement, if Creditor fails to perform the obligations agreed hereunder and causes losses to Guarantor, Creditor shall be liable for relevant damages.

2. Under any of the following circumstances, Guarantor shall pay Creditor liquidated damages equivalent to __1__ % of the Maximum Guarantee Amount; if Creditor incurs any losses, Guarantor shall also indemnify Creditor in full;

   (1) Guarantor fails to obtain legal and valid authority required for the Guarantee;

   (2) Guarantor fails to provide true, complete and valid financial statements, charter documents and other related data and information as required;

   (3) Guarantor fails to inform Creditor promptly of any of the circumstances set forth in Article V hereof;

   (4) Guarantor fails to obtain Creditor's consent before engaging in any of the activities set forth in Article VI hereof;

   (5) Any other events in violation of this Agreement or adverse to Creditor's interest.

**Article IX.** Set-off Right and Relief of Objection Period

**Creditor, in accordance with the provisions of the law or contract agreement, exercises the Set-off right or right of relief; Guarantor has Seven working days of objection period, from the day Creditor notify the Guarantor by writing, verbal or other forms of communication.**

**Article X.** Dispute Resolution

Any disputes under this Agreement may be solved by negotiation, or also by __/__ of the following resolutions:

1. Litigation. Creditor's residence jurisdiction of the People's Court.
2. Arbitration. Submit _____/_____ (full name of the arbitration institution) by its arbitration rules.

During the period of litigation, the non-disputable provisions of this Agreement shall continue to be performed.

**Article XI.** Miscellaneous

1. **Guarantor shall keep self-informed of Debtor's operation status, its incurrence of indebtedness as specified in this Agreement and performance of obligations as referred to**

TG-0067985

      **in this Agreement. The Principle Agreements relating to various obligations, relevant legal instruments or certificates will no longer be delivered to Guarantor.**
2. Guarantee Debt for renewal under this contract, shall be subject to the written consent of the guarantor.
3. Signed serial numbers between the Creditor and the Debtor are ███████████████████████████████████████████████████████████████

████████████ Debt under the "Loan Contract" is also guaranteed by the "Guaranteed Maximum Agreement", and the balance of the Principle Agreement must be included in the total amount of "Guaranteed Maximum Agreement", previous "Guaranteed Maximum Agreement" serial number being ████████████ will all be terminated at the same time. The effective part of these supplementary contents of this article is legally binding to the other articles of "Guaranteed Maximum Agreement".

**Article XII.** Contract Effectiveness

This Agreement becomes effective upon the parties' signing or affixing their seals.

**Article XIII.** This Agreement shall be executed in <u>FOUR</u> counterparts with Creditor retaining <u>TWO</u> counterparts, Debtor and Guarantor retaining <u>ONE</u> counterpart. _____/_____ Counterpart shall have the same force and effect.

**Guarantor's Declaration: In respond to my party's request for fully and accurately understand the concept, content, and effect of the law, Creditor has legally pointed out the relevant terms (especially the terms in bold) and explanations to my party. I am aware of and understand the above terms.**

| Creditor (Seal) | Guarantor (Seal) |
|---|---|
| Zhang Wei | Wang Bing |
| Principal | Legal Representative |
| Or Authorized Agent | Or Authorized Agent |
| (Chop) | (Chop) |
| Taian Longze Sub Branch | Beijing New Building Material (Group) Co., Ltd. |
| Guarantor (Seal) | Guarantor (Seal) |
| Legal Representative | Legal Representative |
| Or Authorized Agent | Or Authorized Agent |

Date Signed: <u>July 11, 2013</u>
Place Signed: <u>Taian</u>

(There are no texts on this page)

Debtor Declaration: "Guaranteed Maximum Agreement" has been received and has no objection to any provisions therein.

Debtor (Seal)

Wang Lifeng

Legal Representative
Or Authroized Agent

(Chop)
Taishan Gypsum Co., Ltd.

Date Received: <u>July 11, 2013</u>

TG-0067990