## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION                                     MDL No. 2047

## REMAND ORDER

**Before the Panel:** Counsel for certain plaintiffs in the *Amorin* action listed on the attached Schedule A move under Panel Rule 10.2 to vacate our order, entered at the suggestion of the transferee judge, conditionally remanding the action to the Southern District of Florida.[1] Plaintiffs' Lead and Liaison Counsel in the MDL oppose the motion.

After considering the arguments of counsel, we find that Section 1407 remand of *Amorin* is appropriate. In considering the question of Section 1407 remand, we assign great weight to the transferee judge's determination that remand of a particular action (or actions) is appropriate, given that he or she supervises the day-to-day pretrial proceedings. *See, e.g., In re: Columbia/HCA Healthcare Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008). Here, the transferee judge has been overseeing this MDL for almost nine years. He has recommended remand citing "the extensive motions practice and bellwether trials that have occurred in th[e] MDL," the "abundant resource[s]" created during the course of the pretrial proceedings and available to the parties post-remand, and that any remaining discovery will be case-specific. *See* MDL No. 2047, Suggestion of Remand, at 10 (J.P.M.L. Mar. 21, 2018) (ECF No. 481). After careful review of the extensive record, we conclude that this recommendation is well taken.

In seeking vacatur, movants do not argue against remand *per se*, but, rather, dispute whether the transferee court may retain jurisdiction over the remanded action to determine a future common benefit fee assessment. We need not reach this issue, as plaintiffs have not yet achieved any recovery.[2] Any assessment disputes thus are speculative at this point and do not weigh against remand.

---

[1] Moving counsel are the firms Parker Waichman, LLP, Baron & Budd, P.C., Roberts & Durkee, and Allison Grant, P.A.

[2] *See* Suggestion of Remand, at 11 (J.P.M.L. Mar. 21, 2018) (ECF No. 481) (stating that the PSC attorneys "should be entitled to the fair and equitable assessment of any <u>potential</u> recovery for the services performed and expenses incurred by attorneys acting for MDL administration and common benefit") (underscoring added); *see also* MDL No. 2047, Pre-Trial Order No. 32, at 2 ("If their tireless effort bears any fruit, then the PSC and common benefit counsel are entitled to due compensation.") (E.D. La. May 14, 2018) (ECF No. 21328).

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is remanded to the Southern District of Florida.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION**     MDL No. 2047

## SCHEDULE A

<u>Southern District of Florida</u>

AMORIN, ET AL. v. TAISHAN GYPSUM CO. LTD., ET AL.,
    C.A. No. 1:11-22408 (E.D. Louisiana C.A. 2:11-01672)