**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, **Case No. 11-cv-1395**<br><br>*Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, **Case No. 15-cv-4127** | |

**TAISHAN'S OPPOSITION TO THE PSC'S**
**PROPOSED PRETRIAL ORDER FOR**
**LOUISIANA TRIALS**

Taishan's trial-plan motion proposes to follow the familiar and time-tested method for adjudicating and resolving mass torts using individual trials of all relevant issues for an initial set of claimants. This Court has followed that method in several MDLs. *See, e.g.*, *In re Vioxx Prod. Liab. Litig.*, 574 F. Supp. 2d 606, 608–09 (E.D. La. 2008). By contrast, as Taishan's motion explained, the PSC has presented an unprecedented, unnecessarily complicated plan that would work for virtually none of the claimants and would actually drag out the time it should take to reach appealable judgments.

Rather than confront Taishan's reasonable proposals and legally supported critiques, the PSC once again is trying to substitute rhetoric and hyperbole for a practical method, consistent with mass-tort law, to resolve the Louisiana claims. The PSC's Response to Taishan's proposal (Rec. Doc. 21525) fails to assist the Court with *any* substantive analysis of the legitimate issues raised by Taishan's trial-plan motion. Their Response consists of only an introduction, a

background section, and a conclusion. They cite no case law and address none of the governing Fifth Circuit law cited by Taishan.

By failing to engage on the pertinent issues, the PSC's briefing strategy is tantamount to "an implicit concession" that Taishan is right on the arguments and law presented. *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 932 (7th Cir. 2011) (identifying legal effect of concession when litigants "don't mention" a critical case, "let alone try to distinguish it"). The PSC's failure to engage should doom their lawless and inefficient trial plan.

The PSC's most obvious and damaging concession is their failure to dispute Taishan's contention that "Louisiana property damages law requires proof of actual repair costs—not estimation—for the many *Amorin* properties already remediated." (Taishan's Brief (Rec. Doc. 21503) at 2 (citing *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (1983)). The failure to address *Robertson* does not make that governing Fifth Circuit statement of Louisiana damages law go away. Just the opposite. It means that the PSC has conceded that Louisiana law precludes the broad application of the class-damages "estimation" formula on which the PSC's trial plan depends. *See* Damages Hearing FOFCOL (Rec. Doc. 20741) at 29 (identifying the "formulaic method used to calculate remediation damages" as an "estimation of remediation costs"). It is thus undisputed that the estimation formula cannot legally apply to the many Louisiana claimants who have already remediated their properties and must prove remediation damages through actual repair costs.[1] The formula also cannot apply to claimants who are not current owners (at the time that individual damages are assessed) and thus not part of the class. So the PSC's formula/spreadsheet plan just will not work for most of the claimants at issue, and the Court will

---

[1] To the extent an individual claimant may attempt to distinguish *Robertson* by asserting that the particular remediation was incomplete, that assertion itself would need to be individually adjudicated.

have to use the traditional all-issues, individual-adjudication method for most claims in any event. Taishan's plan to do that in the first instance for a set of priority claimants makes the most sense.

The PSC also fails to dispute—and thus concedes—the governing authority of *Monument Management Ltd. Partnership I v. City of Pearl*, 952 F.2d 883, 885 (5th Cir. 1992), which absolutely bars a partial judgment of less than all of a claimant's damages. Thus, it is undisputed that the PSC cannot get a Rule 54(b) judgment on only remediation damages, and no judgment can be entered in the PSC's plan until *all* of the hundreds of Louisiana claimants' depositions have been taken and claims been adjudicated. Despite the PSC's attempted procedural shortcuts, their plan proposes a *longer* path to resolution than Taishan's. The PSC's proposal for *Brooke* similarly reveals their desire to take procedural shortcuts and deprive Taishan of due process.

The PSC's trial-plan briefing also misleads. For example, in just the second sentence, their Response wrongly claims that "the vast majority" of plaintiffs "have no ability to prosecute their claims individually." That is simply not true. As the PSC certainly knows, the plaintiffs all have private attorneys and are claiming substantial property damage amounting, in most cases, to more than $100,000 according to the PSC. These are far from negative-value suits. *See Castano v. Am. Tobacco Co.*, 84 F.3d 734, 748 (5th Cir. 1996) (reversing class certification where "[t]he most compelling rationale for finding superiority in a class action — the existence of a negative value suit — is missing in this case"). Moreover, this Court's recent remand of claims to Florida was grounded on the ability of claimants to prosecute damages for "each individual case." (Suggestion of Remand (Rec. Doc. 21242) at 10).

Ultimately, the PSC has conceded that "[i]f this were Day 1 of this MDL, the trial plans of the Taishan Defendants [*sic*] might make sense." (Rec. Doc. 21525 at 2). But the applicable principles of law and judicial efficiency do not change with the passage of time. The traditional

and generally accepted method of case-specific discovery followed by an individual trial of all issues for each of an initial group of mass-tort plaintiffs makes as much sense on Day 1 as it does with the passage of time. *See id.* And no amount of vitriol and name-calling can change that, especially when the PSC itself has contributed to the alleged delay by unconstitutionally pursuing collateral matters that have done nothing to assist resolution.

The PSC recently criticized the briefing of a fellow plaintiffs' attorney as having "utilized invective and accusations as [the] primary fulcrum." (Rec. Doc. 21630 at 1). But that is precisely what the PSC itself has done here. They concede that Taishan's plan makes sense and concede the law that prevents their plan from going into effect. Ironically, the PSC's invective against Taishan describes their own proposals, which "are counter-productive, offer significant additional delay, constitute a waste of judicial resources, [and] are extremely prejudicial to [defendants]." (Response at 14).

The Court should reject the PSC's novel plan and adopt Taishan's plan of priority claimant adjudications as the traditional method for moving mass-tort litigation toward eventual resolution.

Dated: August 7, 2018

Respectfully submitted,

/s Christina Hull Eikhoff
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com

4

*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Submission has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of August, 2018.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*