UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: *ALL CASES* | SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**DECLARATION OF ARNOLD LEVIN IN OPPOSITION TO PARKER WAICHMAN LLP'S MOTION TO DISQUALIFY FEE COMMITTEE CHAIR AND CO-CHAIR**

Arnold Levin declares, pursuant to 28 U.S.C. §1746, based upon his personal knowledge, information and belief, the following:

1. I submit this Declaration in Opposition to Parker Waichman, LLP's ("Parker") Proposed Reply Memorandum in Support of Parker's Motion to Disqualify Fee Committee Chair and Co-Chair (Rec. Doc. 21648-2), in order to correct an erroneous statement and assumption made by Parker. In Parker's Reply Brief, he repeats his accusation that Lead and Liaison Counsel have "[g]laring conflicts," and he cites to a "Working Agreement of Counsel regarding Work, Costs, Fees" dated February 10, 2009, which, according to Parker, "describes a fee sharing agreement between [my] law firm [Levin Sedran and Berman] and three of the most highly compensated common benefit firms, Hausfeld, LLP; Colson, Hicks, Eidson *et al*; and Law Offices of Richard J. Serpe." Parker Reply at 1 & n.1.

1

2. No such conflicts exist. I do not have any agreement, formal or informal, with any other attorney or law firm in this litigation to share in any common benefit fee awarded by the Court.

3. My law firm, along with the Hausfeld, Colson Hicks, and Serpe firms, jointly represent individual Plaintiffs in this litigation. We have an agreement to split equally any contingency fees obtained in those cases. I have previously disclosed my relations with these counsel on multiple occasions including Brown Greer reports.

4. The common benefit work performed by my co-counsel in this litigation was authorized by me as Lead Counsel and/or Liaison Counsel Russ Herman. These counsel are highly skilled and knowledgeable about the facts surrounding the defects of Chinese Drywall and its impact on Plaintiffs and their homes.

5. Mr. Richard Serpe was appointed to the Plaintiffs' Steering Committee ("PSC"). He was the lead counsel in *Germano* and he was the architect of the Virginia class settlements approved by the Court. In addition, he handled all of the state court Chinese Drywall litigation in Virginia.

6. Mr. Ervin Gonzalez of Colson Hicks, and then his partner Mr. Patrick Montoya after Mr. Gonzalez passed away, were appointed to the PSC. They had primary responsibility for numerous common benefit depositions taken abroad, as well as depositions of builders and suppliers in Florida. In addition, these attorneys handled the *Seifert* trial in Florida.

7. Mr. Richard Lewis of the Hausfeld firm is recognized as Co-Counsel to the PSC. He has worked closely with Mr. Serpe on the *Germano* trial and numerous class issues.

8. Parker's implication that my co-counsel relationship with the Hausfeld, Serpe, and Colson Hicks firms created a conflict of interest leading to additional common benefit work for these firms has no basis. Each of these counsel were selected by the Court to participate in the leadership in this litigation. Their common benefit contributions to the case benefited all Plaintiffs.

Executed this 9th day of August, 2018.

_____
ARNOLD LEVIN