UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PARKER WAICHMAN'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY FEE COMMITTEE CHAIR AND CO-CHAIR, STRIKE THE STEP SIX RECOMMENDATION OF THE MAJORITY OF THE FEE COMMITTEE, AND LIFT THE SEAL ON RELATED FILINGS**

Parker Waichman LLP offers the following reply to the arguments of the Fee Committee ("FC") in its Opposition (R. Doc. 21630) to the Motion to Disqualify Fee Committee Chair and Co-Chair, Strike the Step Six Recommendation of the Majority of the Fee Committee, and to Lift the Seal on Related Filings (R. Doc. 21489).

First, the FC spends the majority of its opposition attacking Parker Waichman for having the audacity to demand due process, accountability, and transparency under circumstances that would cause any reasonable person to question whether the FC is fulfilling its duty to "apply a universally fair standard of allocation to all participants, including itself" in this fee allocation proceeding. *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220, 232 (5th Cir. 2008). The FC should not be permitted to avoid the merits by blaming the accuser. Glaring conflicts are at issue, which appear to worsen with each disclosure.[1] Parker Waichman

---

[1] For example, the Objection of Gary, Naegele & Theado, LLC includes an exhibit titled "Working Agreement of Counsel regarding Work, Costs, Fees" dated February 10, 2009 that describes a fee sharing agreement between Mr. Levin's firm and three of the most highly compensated common benefit firms, Hausfeld, LLP; Colson, Hicks, Eidson *et al*; and Law Offices of Richard J. Serpe. (R. Doc. 21560 at 51). These three firms performed over 32,600 hours of common benefit work <u>approved by Mr. Levin</u> and have been allocated $10,750,000 by

respectfully requests that the Court address the merits of the allegations supporting disqualification.

Second, the argument that "[Mr.] Parker sought to amplify the fee proceedings" (R. Doc. 21628-2 at 20) is absurd. The intensity of this litigation is a direct result of the FC's heavy-handed treatment of litigants raising appropriate objections. The record is replete with objections, motions, and arguments by many firms demanding basic fairness, transparency and accountability, and pleading with the FC to accelerate the process. In turn, the FC has pounded its chest and accused objectors of being obstructionists, while resisting production of the most relevant evidence. Unfortunately, much of this is under seal, which provides cover to the FC's inaccuracies.

Third, the FC misconstrues the circumspect relief sought by the Motion to Disqualify as an endorsement of the current leadership of the PSC. See R. Doc. at 1, 25. To clarify, the Motion to Disqualify is directed solely to the actions of Mr. Levin and Mr. Herman as leaders of the FC because (1) this proceeding does not involve or implicate the claimants and (2) granting the motion will remedy the harm. The conduct at issue surely has much deeper implications, but Parker Waichman opted not to cross that bridge. True to form, no good deed goes unpunished by the FC, as they are busy attempting to crush the opposition – to whom they, ironically, owe a duty of fairness.

Fourth, because Mr. Levin and Mr. Herman are appointed by the Court – authority that they have repeatedly flaunted - the cases cited by Parker Waichman involving conflicts and bias are on point. To be clear, the Motion to Disqualify is directed to Mr. Levin and Mr. Herman as

---

the FC Majority. These types of agreements pose serious conflict questions for Court-appointed officers charged with making a recommendation based on a "universally fair standard."

court officers, not as individual fee litigants or representatives of their firms.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH), § 10.21 (2004) (describing the "dual roles" of court appointed leadership "as advocates and officers of the court").   Sterilizing the integrity *of this proceeding* is the reason why relief should be granted.

Fifth, Parker Waichman's recommendation that the Court proceed with a lodestar analysis is most certainly consistent with the law and "the Court's guidance."  R. Doc. 21628-2 at 32.  The Court used the lodestar method, rather than the percentage method, as the primary methodology in making the aggregate common benefit award, presumably because this is not a common fund case.  *See Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 632 (5th Cir. 2012) (applying lodestar for non-common fund), and *Union Asset Management Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012) (applying percentage for common fund).  Consistency in methodology is crucial to fairness and to maintaining the "public's faith in the judicial resolution of mass tort litigation."  *See* Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation*, 74 La. L. Rev. 371, 380 (2014) ( "Disproportionate results and inconsistent standards threaten to damage the public's faith in the judicial resolution of mass tort litigation by creating an impression of inherent unfairness.").

Sixth and finally, the FC's unsupported assertion that the rights of litigants may be impaired if the seal is lifted on the documents in question is not sufficient to overcome the strong presumption in favor of transparency.  At a minimum, objectionable information can be redacted.  The burden is on those opposing transparency to identify the information they claim warrants secrecy.

Respectfully submitted:

**FAIRCLOTH, MELTON & SOBEL, LLC**

By:    /s/ *Jimmy R. Faircloth, Jr.*
    Jimmy R. Faircloth, Jr. (LA #20645)
    jfaircloth@fairclothlaw.com
    Brook L. Villa (LA #31988)
    bvilla@fairclothlaw.com
    Franklin "Drew" Hoffmann (LA #35824)
    dhoffmann@fairclothlaw.com
    412 N. 4th Street, Suite 230
    Baton Rouge, LA 70802
    Phone: (225) 343-9535
    Fax: (225) 343-9538

*Attorneys for Parker Waichman LLP*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 8th day of August, 2018.

      /s/ *Jimmy R. Faircloth, Jr.*
      OF COUNSEL