# EXHIBIT 53

## ANALYSIS OF DAMAGE JURISPRUDENCE

| # | State | Are remediation and repair costs recoverable damages under State Law? | Authority |
|---|---|---|---|
| 1 | AL | YES | *Sunshine Homes v. Hogan*, 408 So.2d 149, 151 (Ala. Civ. App. 1981)<br><br>*Kerns v. Pro-Foam of South Alabama, Inc.*, 572 F.Supp.2d 1303, 1307 (S.D. Ala. 2007) |
| 2 | AZ | YES | *A.I.D. Ins. Services v. Riley*, 54 P.2d 595, 598-99 (Ariz. Ct. App. 1976)<br><br>*City of Globe v. Rabogliatti*, 210 P. 685, 687 (Ariz. 1922) |
| 3 | CA | YES | *Rovetti v. City and Cty. Of San Francisco*, 183 Cal. Rptr. 1, 2 (Cal. Ct. App. 1982)<br><br>*Raven's Cove Townhomes, Inc. v. Knuppe Development Co.*, 171 Cal. Rptr. 334, 344-45 (Cal. Ct. App. 1981)<br><br>4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 919, p. 3204 |
| 4 | FL | YES | *Santa Rosa Golf Assoc., Inc. v. Haraway*, 998 So.2d 1166, 1167 (Fla. Dist. Ct. App. 2008)<br><br>*Bisque Assoc. of Florida v. Towers of Quayside No. 2 Condo. Assoc.*, 639 So.2d 997, 999 (Fla. Dist. Ct. App. 1994)<br><br>*Tree Constr. Corp. v. Caplinger*, 446 So.2d 245, 245-46 (Fla. Dist. Ct. App. 1984)<br><br>*Seifert v. Banner Supply Co.* (Fla. Miami-Dade County Ct. June 18, 2010), Case No.: 09-38887 CA 01 (42) (Rec. Doc. 18086-2) |
| 5 | GA | YES | *Ray v. Strawsma*, 359 S.E.2d 376, 378 (Ga. Ct. App. 1987) |
| 6 | IA | YES | *AG Partners, L.L.C. v. Chicago Cent. Pac. R.R. Co.*, 726 N.W.2d 711, 716 (Iowa 2007) |

| | | | |
|---|---|---|---|
| 7 | LA | YES | *Banks v. New Orleans City*, 620 F.Supp.2d 741, 744 (E.D. La. 2009)<br>*Roman Catholic Church v. Louisiana Gas Co.*, 618 So.2d 874, 876-877 (La. 1993)<br><br>*Holzenthal v. Sewerage & Water Bd. Of New Orleans*, 950 So.2d 55, 79 (La. Ct. App. 2007) |
| 8 | MI | YES | *Price v. High Pointe Oil Co., Inc.*, 828 N.W.2d 660, 662, 664-65 (Mich. 2013)<br><br>*O'Donnell v. Oliver Iron Mining Co.*, 247 N.W. 720 (Mich. 1933)<br><br>*Tillson v. Consumers' Power Co.*, 256 N.W. 801, 806 (Mich. 1934) |
| 9 | MO | YES | *Nelson v. State of Missouri*, 734 S.W.2d 521, 523 (Mo. Ct. App. 1987)<br><br>*Twin Chimneys Homeowners Assoc. v J.E. Jones Constr.*, 168 S.W.3d 488, 503 (Mo. Ct. App. 2005). |
| 10 | MS | YES | *P & S Development, Inc. v. Wilson*, 534 So.2d 1008, 1012 (Miss. 1988)<br><br>*Harrison v. McMillan*, 828 So.2d 756, 767 (Miss. 2002) |
| 11 | NC | YES | *Smith v. White*, 712 S.E.2d 717, 720 (N.C. Ct. App. 2011)<br><br>*Warfield v. Hicks*, 370 S.E.2d 689, 694 (N.C. Ct. App. 1988) |
| 12 | NJ | YES | *St. Louis LLC v. Final Touch Glass & Mirror, Inc.*, 899 A.2d 1018, 1028 (NJ Super. Ct. App. Div. 2006) |
| 13 | NM | YES | *McNeill v. Burlington Resource Oil and Gas Company*, 153 P.3d 46, 52 (N.M. Ct. App. 2006)<br><br>*Snider v. Town of Silver City*, 247 P.2d 178, 185 (N.M. 1952) |

| 14 | OH | YES | *Upson Coal & Mining Co. v. Williams*, 28 Ohio C.D. 388, 390 (Ohio Cir. Court 1905)<br>*Plapner v. Herwald*, 486 N.E.2d 202, 342 (Ohio Ct. App. 1984) |
|---|---|---|---|
| 15 | SC | YES | *Scott v. Fort Roofing*, 385 S.E.2d 826, 827 (S.C. 1989)<br><br>*Roland v. Palmetto Hills*, 417 S.E.2d 626, 628 (S.C. Ct. App. 1992) |
| 16 | TN | YES | *Bickers v. Chrysler Motor Credit Corp.*, 1991 WL 18681,*3 (Tenn. Ct. App. Feb.20, 1991)<br><br>*Montepeque v. Adevai*, No. E200901871COAR3CV, 2010 WL 3025541, *12 (Tenn. Ct. App. Aug. 4, 2010) |
| 17 | TX | YES | *Parkway Co. v. Woodruff*, 857 S.W.2d 903, 913-14 (Tex. App. 1993)<br><br>*Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 394-95 (S.D. Tex. 2011)<br><br>*Enbridge Pipelines (East Texas), L.P. v. Gilbert Wheeler, Inc.*, 393 S.W.3d 921, 925 (Tex. App.—Tyler 2013), rev'd on other grounds, 2014 WL 4252273 (Tex. Feb. 27, 2014)<br><br>*Ortiz v. Flintkote Co.*, 761 S.W.2d 531, 535 (Tex. App. 1988) |
| 18 | VA | YES | *In re Chinese Manufactured Drywall Products Liab. Litig.*, 706 F. Supp. 2d 655, 690-92 (E.D. La. 2010)<br><br>*Lee v. Bell*, 379 S.E.2d 464, 467 (Va.1989)<br><br>*Lochaven Co. v. Master Pools by Schertle, Inc.*, 357 S.E.2d 534, 537 (Va. 1987) |
| 19 | WI | YES | *Zindell v. Central Mut. Ins. Co. of Chicago*, 269 N.W. 327, 330 (Wisc. 1936) |

**ALABAMA**

The trier of fact is authorized to consider evidence of the cost of repair when determining damages for injury to property. *Sunshine Homes v. Hogan*, 408 So.2d 149, 151 (Ala. Civ. App. 1981); see also *Kerns v. Pro-Foam of South Alabama, Inc.*, 572 F.Supp.2d 1303, 1307 (S.D. Ala. 2007) (stating that evidence of repair costs remains admissible to show diminution in value for injury to real estate and that a plaintiff may submit proof of their repair costs to a jury as evidence of the total diminution of value to their property).

**ARIZONA**

In Arizona, the proper measure of damages for destruction to property is the cost of repairing or restoring the property. *A.I.D. Ins. Services v. Riley*, 54 P.2d 595, 598-99 (Ariz. Ct. App. 1976); see also *City of Globe v. Rabogliatti*, 210 P. 685, 687 (Ariz. 1922) (stating that the proper measure of damages for the destruction or injury of property is the cost of restoring or replacing such property.)

**CALIFORNIA**

It is well settled in California that damages for injury to real property should be in the amount which will compensate for all the detriment proximately caused thereby, whether it was anticipated or not. *Rovetti v. City and Cty. Of San Francisco*, 183 Cal. Rptr. 1, 2 (Cal. Ct. App. 1982). The proper measure of damages for injury to real property is the cost of remedying the defect and repairing the property. *Raven's Cove Townhomes, Inc. v. Knuppe Development Co.*, 171 Cal. Rptr. 334, 344-45 (Cal. Ct. App. 1981); see also 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 919, p. 3204 (noting that permissible measure of damages for injury to real property is the reasonable cost of repair or restoration of the property.).

## FLORIDA

In Florida, damages for wrongful injury to property may be measured by the cost of repairing or restoring the property. *Santa Rosa Golf Assoc., Inc. v. Haraway*, 998 So.2d 1166, 1167 (Fla. Dist. Ct. App. 2008); see also *Bisque Assoc. of Florida v. Towers of Quayside No. 2 Condo. Assoc.*, 639 So.2d 997, 999 (Fla. Dist. Ct. App. 1994) (stating that where the injury to real property is merely temporary or can be restored, the proper measure of damages should include the cost of repairs or restoration.); *Tree Constr. Corp. v. Caplinger*, 446 So.2d 245, 245-46 (Fla. Dist. Ct. App. 1984)(holding that proper measure of damages for defects present in home was the cost of repair); *Seifert v. Banner Supply Co.* (Fla. Miami-Dade County Ct. June 18, 2010), Case No.: 09-38887 CA 01 (42) (Rec. Doc. 18086-2) (in defective drywall case verdict form directed that damages may be recovered for remediation costs and diminution or value/stigma damages).

## GEORGIA

In Georgia, the general rule for the measure of damages involving real property is the cost of repair or restoration. *Ray v. Strawsma*, 359 S.E.2d 376, 378 (Ga. Ct. App. 1987).

## IOWA

"It is a general rule of Iowa law that damage for repairs to property is the fair and reasonable cost of repairs…" *AG Partners, L.L.C. v. Chicago Cent. Pac. R.R. Co.*, 726 N.W.2d 711, 716 (Iowa 2007).

## LOUISIANA

Louisiana provides that damages in a tort suit are to place the injured party in "as good a position as before his property was damaged, but not a superior position." *Banks v. New Orleans City*, 620 F.Supp.2d 741, 744 (E.D. La. 2009) (quoting *Underwriters at Lloyd's London v. OSCA, Inc.*, Nos. 03-20398, 03-20817, 03-21021, 2006 WL 941794, *11 (5th Cir. April 12, 2006). The

measure of damages for injury to property is the cost of restoring the property to its former condition. *Id.* (citing *Roman Catholic Church v. Louisiana Gas Co.*, 618 So.2d 874, 877 (La. 1993). "In assessing damage to property, generally courts have considered the cost of restoration as the proper measure of damage where the thing damaged can adequately be repaired.." *Id.* (citing *Roman Catholic Church v. Louisiana Gas Co.*, 618 So.2d 874, 876 (La. 1993). [However, a court will use diminution in value when the cost of restoration is "disproportionate" unless there is a personal reason for restoration. *Id.* (citing *Roman Catholic Church v. Louisiana Gas Co.*, 618 So.2d 874, 876 (La. 1993); see also *Holzenthal v. Sewerage & Water Bd. Of New Orleans*, 950 So.2d 55, 79 (La. Ct. App. 2007) (recognizing that homeowners with a personal attachment to their residences are often entitled to full repair costs so long as the cost is not exorbitant.).

### MICHIGAN

The common law of Michigan has long provided that the appropriate measure of damages in cases involving the negligent destruction of property is simply the cost of replacement or repair of the property. *Price v. High Pointe Oil Co., Inc.*, 828 N.W.2d 660, 662, 665 (Mich. 2013). Michigan common law has continually followed the holding set forth in *O'Donnell v. Oliver Iron Mining Co.*, 247 N.W. 720 (Mich. 1933). *Id.* at 665. *O'Donnell* provides that the proper measure of damages is the cost of making the repairs if the injury is reparable. *Id.* at 664 (quoting *Tillson v. Consumers' Power Co.*, 256 N.W. 801, 806 (Mich. 1934)).

### MISSOURI

In Missouri, the cost of repair is used as measure of damages where injury is not permanent and is amendable to repair. *Nelson v. State of Missouri*, 734 S.W.2d 521, 523 (Mo. Ct. App. 1987). *Twin Chimneys Homeowners Assoc. v J.E. Jones Constr.*, 168 S.W.3d 488, 503 (Mo. Ct. App. 2005) (stating that a plaintiff may recover the cost of restoring the property for injury to real property).

## MISSISSIPPI

Under Mississippi law, when real property can be restored, the proper measure of damages is cost of restoration. *P & S Development, Inc. v. Wilson*, 534 So.2d 1008, 1012 (Miss. 1988). If cost of repairs are able to restore the property to a reasonable fair market value before damages, then plaintiff is entitled to the cost of repairs. *Harrison v. McMillan*, 828 So.2d 756, 767 (Miss. 2002).

## NORTH CAROLINA

Under North Carolina law, the courts consider the cost of repairs of property when determining value of real property or personal property damage. *Smith v. White*, 712 S.E. 2d 717, 720 (N.C. Ct. App. 2011); see also *Warfield v. Hicks*, 370 S.E.2d 689, 694 (N.C. Ct. App. 1988) (stating that cost of repairs may be used to prove damage to property).

## NEW JERSEY

The law is flexible as to whether a party is entitled to the repairs to the house or damages to the diminished value of house. *St. Louis LLC v. Final Touch Glass & Mirror, Inc.*, 899 A. 2d 1018, 1028 (NJ Super. Ct. App. Div. 2006). In fact, a plaintiff can bring a claim for cost of repairs even if the property has been sold at the time of trial. *Id.* Cost of repairs to a home is evidence as to the diminished value of the home. *Id.*

## NEW MEXICO

New Mexico provides that where damage to property is merely temporary, the plaintiff is entitled to the cost of repair as long as it does not exceed diminution in fair market value. *McNeill v. Burlington Resource Oil and Gas Company,* 153 P.3d 46, 52 (N.M. Ct. App. 2006). Temporary damages are defined as damages that can be remedied, removed, or abated within a reasonable period and at a reasonable expense. *Id.* at 54. See also *Snider v. Town of Silver City,* 247 P.2d 178, 185

(N.M. 1952) (where the court found the proper measures of damages was cost of repair or restoration where the buildings can be restored to condition it was in prior to the injury).

### OHIO

The cost of repairs is the appropriate form of damages for construction defects rather than the difference of market value of property. *Plapner v. Herwald*, 486 N.E.2d 202, 342 (Ohio Ct. App. 1984). The proper measure of damages is the cost of repair to real property that is repairable. *Upson Coal & Mining Co. v. Williams*, 28 Ohio C.D. 388, 390 (Ohio Cir. Court 1905).

### SOUTH CAROLINA

In South Carolina, ("[C]ost of repair or restoration is a valid measure of damages for injury to a building......"). *Scott v. Fort Roofing,* 385 S.E.2d 826, 827 (S.C. 1989). See also *Roland v. Palmetto Hills,* 417 S.E.2d 626, 628 (S.C. Ct. App. 1992) (holding that cost of repair or restoration was a valid measure of damages for injury to building).

### TENNESSEE

In Tennessee, "[T]he choice is made on the basis of whether repairs can restore the chattel to its prior fair market value—if so, the measure is the cost of repairs plus loss of use; if not, the measure is the difference between the fair market value immediately before the injury and the fair market value immediately after the injury." *Bickers v. Chrysler Motor Credit Corp.,* No. 6526, 1991 WL 18681, *3 (Tenn. Ct. App. Feb.20, 1991)(quoting M. Coiner, Tennessee Law of Damages § 6–3, 110 (1988)); See also *Montepeque v. Adevai*, No. E200901871COAR3CV, 2010 WL 3025541, *12 (Tenn. Ct. App. Aug. 4, 2010) *Id.* (Trier of Fact may take into account the reasonable cost associated with restoring the property to its former condition when measuring damages).

## TEXAS

In Texas, cost of repair is appropriate measure of damages to home where repair can be affected without impairing the entire structure or expending sums in excess of value of structure. *Ortiz v. Flintkote Co.,* 761 S.W.2d 531, 535 (Tex. App. 1988): see also, *Enbridge Pipelines (East Texas), L.P. v. Gilbert Wheeler,* 393 S.W.3d 921, 925 (Tex. App. 2013) (stating that "where the injury to land is found to be temporary the plaintiff can recover the amount necessary to place it in the same position it occupied before the injury, i.e., the cost to restore"), rev'd on other grounds, 2014 WL 4252273 (Tex. Feb. 27, 2014) *Parkway Co. v. Woodruff,* 857 S.W.2d 903, 913-14 (Tex. App. 1993) (home purchasers recovery for both diminution in value and cost of repair damages did not constitute double recovery; while home repairs were necessitated by flood damage, property value was diminished primarily by drainage problem and fact that home had been effectively placed in three to ten-year flood plain by developers actions).

## VIRGINIA

*In re Chinese Manufactured Drywall Products Liab. Litig.,* 706 F. Supp. 2d 655, 690-92 (E.D. La. 2010), this Court ruled that under Virginia property damages law plaintiffs "can recover both the cost of repair and the loss in value of their property after the repairs are completed." The Court recognized that CDW damage is not permanent and is in fact repairable. *Id.* Therefore, "the proper measure of damages is the cost of repair, plus the amount the property was depreciated, if any, because it was damaged." *Id.* (citing, *Lee v. Bell,* 379 S.E.2d 464, 467 (Va.1989) (cost of repair is proper measure of damages if evidence has been introduced showing repair costs); *Lochaven Co. v. Master Pools by Schertle, Inc.,* 357 S.E.2d 534, 537 (Va. 1987) (stating that the plaintiff was entitled to recover all costs necessary to repair damage to embankment and pool deck caused by negligence of pool cleaning company).

## **WISCONSIN**

In Wisconsin, an owner of a damaged building is entitled to recover the entire cost of restoring its former condition so that it can be used again for same purposes. *Zindell v. Central Mut. Ins. Co. of Chicago*, 269 N.W. 327, 330 (Wisc. 1936).