UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a/ Shandong Taihe Dongxin Co., Ltd.*, **Case No. 2:11-cv-01395 (E.D. La.) (LA)** | MDL No. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**CNBM AND BNBM ENTITIES' POST-HEARING BRIEF**

As Defendants explained in briefing, their proposed trial plan is just as efficient as the PSC's. Where the two sets of plans depart is that Defendants' fully complies with governing law and, most importantly, the Due Process Clause. It thereby minimizes the prospect of a restart, which would be the most inefficient outcome of all. Oral argument on August 15, 2018 only confirmed the soundness and efficiency of Defendants' proposed approach.

At that hearing, this Court set forth its intended plan for resolving this litigation. It began by distinguishing between the *Amorin* and *Brooke* cases. As to the former, the Court asserted that it had tried "a number of those and liability in my opinion has been established in those cases," (8/15/18 Hearing Tr. 5:5-6), whereas in *Brooke*, "liability has not been established." (*Id.* at 5:11). Noting that the *Brooke* cases "really involve Florida properties," which "will be dealt with by Judge Cook[e]," (*Id.* at 5:12-13), the Court turned its attention to *Amorin*. As to those, the Court distinguished between property damage and personal injury claims—or, as counsel clarified, remediation and non-remediation damages. The Court explained that as to the property/remediation claims, it "intend[ed] to appoint a master to utilize the formula that has

been established in a number of cases." (*Id.* at 5:20-22). For personal injury/non-remediation damages, the Court explained, "that's a different grouping" and "jury trials need to be had." (*Id.* at 6:5-6). When cases involve both remediation and non-remediation damages, the Court recognized it would not be "appropriate to have two judgments in every case, so it would be one judgment" following jury trials on both remediation and non-remediation damages. (*Id.* at 7:5-6). As to those trials, the Court raised the prospect of holding multiple trials at once.

CNBM and the BNBM Entities submit this supplemental brief pursuant to the Court's instruction at the August 15, 2018 hearing. They hereby incorporate by reference their trial plan motion and response (Rec. Docs. 21501-1, 21647), and submit this filing to address particular issues raised at oral argument:

*Brooke*. CNBM and the BNBM Entities agree with the Court that *Brooke* should be treated separately and, given the overwhelming number of Florida properties at issue, the Florida courts are best positioned to resolve that litigation pending remand. The Court should proceed to remand the *Brooke* cases.

**Single Judgment**. CNBM and the BNBM Entities also agree that in the case of remediation and non-remediation damages, separate judgments cannot be entered as to each. Rather, under Rule 54(b), each plaintiff must await complete adjudication of his or her claim, including all damages, before final judgment can issue. *See Monument Mgmt. Ltd. P'ship I v. City of Pearl*, 952 F.2d 883, 885 (5th Cir. 1992) ("The judge's certification of one claim among multiple claims [under Rule 54(b)] …must dispose of that claim entirely."); *Sidag Aktiengesellschaft v. Smoked Foods Prod. Co.*, 813 F.2d 81, 84 (5th Cir. 1987) ("Only a fully adjudicated whole claim against a party may be certified under Rule 54(b)"); Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2657 (3d ed.) ("when plaintiff is suing to vindicate one legal right

and alleges several elements of damage or seeks multiple remedies, only one claim is presented and subdivision (b) does not apply").

**Discovery**.  The Court explained that as to non-remediation damages, "there's no question in my mind that the defendants need some discovery."  (8/15/18 Hearing Tr. 8:5-6.)  The PSC has proposed an inefficient discovery process that needlessly divides discovery for remediation and non-remediation damages.  Illustrative of this inefficiency, the PSC anticipates allowing for depositions on certain topics while curtailing others limited to issues of ownership status, square footage, and product ID and providing for a separate non-remediation discovery process.  Oddly, though the PSC acknowledges the prospect of depositions as to remediation damages, it does not do likewise as to non-remediation damages.  Nor does it justify its imposition of a good cause standard for discovery as to remediation damages. *Cf. Clague v. Bednarski*, 105 F.R.D. 552, 552 (E.D.N.Y. 1985) ("Rule 26(b)(1) authorizes a defendant who has defaulted to conduct discovery regarding the amount of unliquidated damages in preparation for an inquest on damages under Rule 55(b)(2)."); *OrthoArm, Inc. v. Am. Orthodontics Corp.*, No. 06-C-0532, 2009 WL 10677059, at *1 (E.D. Wis. Feb. 9, 2009) (Defaulted defendant "is entitled to conduct discovery through depositions rather than interrogatories if it so chooses)."

**Bellwether Trials**.  The Court suggested single, bellwether trials would be of no value because it has already given "the attorneys an opportunity to look at the case, to decide whether or not there's some way of globally resolving the case." (8/15/18 Hearing Tr. 4:2-4.) Respectfully, these statements are flawed for two reasons.  First, there have been no trials— bellwether or otherwise—in the *Amorin* litigation.  The only trials held to date have been in cases in which CNBM and the BNBM Entities were not named as defendants.  Second, even in *Germano*, where there were trials on Virginia properties (later denominated bellwethers), there

3

was no adversarial testing. It was a unilateral presentation and thus did not supply any opportunity to give attorneys a sense of litigation costs and damages determinations following a jury verdict.

**Default Transference**. This Court intimated at the hearing what it expressly said before it: despite the absence of defaults against particular entities, the Court would impute Taishan's default in *Germano* to CNBM and the BNBM Entities. Consequently, there would be no dispute as to liability. But that conclusion ignores one of the central requirements of collateral estoppel: the issue must have "actually been litigated." Neither liability, causation, nor defect have actually been litigated. Rather, what the Court and the PSC propose is transferring the concession of liability via default in *Germano* to other cases, and even to entities that were not defendants in *Germano*. That contravenes firmly established Supreme Court precedent. *See Arizona v. California*, 530 U.S. 392, 414 (2000) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated"); Restatement (Second) of Judgments § 27 cmt. e (same).

**Formula for Remediation Damages**. The Court expressed its intent to utilize the services of a special master to apply its damages formula to remediation. While Defendants have numerous objections to the Court's use of the formula, at a minimum, it cannot be applied to property owners who have already remediated; they are entitled only to the cost of actual repairs (unless they can show remediation was of poor quality). *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983) ("If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill.")

**Burden Shifting.** The Court did not address the PSC's proposal to shift the burden to Defendants to disprove that a Product ID category was manufactured by Taishan. Under the

Louisiana Products Liability Act ("LPLA"), the burden is on the claimant to prove that a defective product caused him damage. La. Rev. Stat. § 9:2800.54(D); *Jaeger v. Automotive Cas. Ins. Co.*, 95-2448 (La. App. 4 Cir. 10/9/96); 682 So. 2d 292, 296. Plaintiffs cannot shirk this standard burden of proof, even when engaged in default proceedings, much less pass it to Defendants. In fact, even in the context of a default, "the amount of the damages are *not* presumed to be true" and "[t]he burden is '*squarely and solely' upon Plaintiffs* to establish damages." *Sparrow Capital, LLC v. Katcharian*, No. 11-cv-34-WOB, 2013 WL 12176855, at *11 (E.D. Ky. Sept. 13, 2013) (emphasis added). The Court should categorically reject any plan that assumes all drywall was manufactured by Taishan unless Defendants can prove otherwise.

**Multiple Trials.** This Court stated that it sees no value in holding individual trials. As stated above, CNBM and the BNBM Entities take issue with the premise underlying that because they have not been parties to any case that has gone to trial. There is, however, a second reason that this Court should not proceed in a multi-plaintiff trial fashion. As the Fifth Circuit has explained, despite the understandable desire to "minimize[e] the length and expense of the proceedings," the "*primary* consideration is the individual['s] … Constitutional right to due process." *Gwathmey v. United States*, 215 F.2d 148, 156 (5th Cir. 1954) (emphasis added). "Any procedure calculated to save time and expense must at the same time substantially guarantee that [a party] has a fair opportunity to have his" claim adjudicated based on "the evidence in reasonable proceedings." *Id.*; *see also Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966) ("Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error."); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) ("The benefits of efficiency can never be purchased at the cost of fairness."); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th

5

Cir. 1993) (noting that "the potential for prejudice resulting from a possible spill-over effect of evidence" in a joint trial is "obvious").

**Constitutional Due Process.** At argument, the PSC's sole response to Defendants' assertion that they retain Fifth and Fourteenth Amendment due process rights was a reference to the Fifth Circuit's opinion in *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992). (8/15/18 Hearing Tr. 30:8-10.) But what the Fifth Circuit held there is that when a defendant fails to answer a complaint and thereby declines the opportunity to assert his jury trial rights, he has waived his rights under the *Seventh Amendment*. *Id.* Defendants have never contested *that* proposition (except to the extent the PSC claims it can unilaterally withdraw its assertion of a jury trial right). And nothing in *Dierschke* contravenes the point that Rule 55 proceedings are "bounded at [their] outer limits … by constitutional due process concerns." *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992) (citing *Hovey v. Elliott*, 167 U.S. 409, 417–18 (1897)).

* * *

For these reasons, as well as those set out in CNBM and the BNBM Entities' trial plan (Rec. Doc. 21501-1) and response to the PSC's proposed trial plan (Rec. Doc. 21647), this Court should decline to follow the PSC's proposed trial plan and adopt instead CNBM and the BNBM Entities' proposed trial plan.

Dated:   August 22, 2018

6

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082) | Ewell E. Eagan, Jr. (LA Bar No. 5239) |
| Eric Matthew Hairston (CA Bar No. 229892) | Donna Philipps Currault (LA Bar No. 19533) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC |
| The Orrick Building | |
| San Francisco, CA  94105 | |
| T:  415-773-5700 | 210 St. Charles Avenue, 40th Floor |
| Email:  cvejnoska@orrick.com | New Orleans, LA 70170-4000 |
| ehairston@orrick.com | Tel: (504) 582-1111 |
| | Email: eegan@gamb.law |
| | dcurrault@gamb.law |
| | |
| James L. Stengel (NY Bar No. 1800556) | Eric A. Shumsky (D.C. Bar No. 477926) |
| Xiang Wang (NY Bar No. 4311114) | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Columbia Center |
| 51 West 52nd Street | 1152 15th Street NW |
| New York, NY, 10019 | Washington, D.C. 20005 |
| T:  212-506-5000 | T:  202-339-8400 |
| Email:  jstengel@orrick.com | Email:  eshumsky@orrick.com |
| xiangwang@orrick.com | |

*Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
T:  (504) 584-9219
Email:  harry.rosenberg@phelps.com

*Counsel for BNBM (Group) Co. Ltd. and BNBM PLC*

Dated:   August 22, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and email and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on August 22, 2018.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*