UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a/ Shandong Taihe Dongxin Co., Ltd.*, **Case No. 2:11-cv-01395 (E.D. La.) (LA)**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a/ Shandong Taihe Dongxin Co., Ltd.*, **Case No. 2:11-cv-1673 (E.D. La.) (VA)** | **MDL No. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**CNBM AND THE BNBM ENTITIES' RESPONSE IN OPPOSITION TO THE PSC'S MOTION TO STAY ALL FLORIDA CLAIMS ON LOUSIANA AND VIRGINIA *AMORIN* COMPLAINTS**

## I. INTRODUCTION

On August 3, 2018, the Plaintiffs' Steering Committee ("PSC") filed a motion to stay all Florida claims in the Louisiana *Amorin* and Virginia *Amorin* complaints. The PSC has since represented to Defendants that, in light of the Court's Suggestion of Remand of the Virginia *Amorin* case (Rec. Doc. 21695), the PSC will be filing an amended motion with the Court that excludes the Virginia *Amorin* complaint (Dkt. No. 11-cv-1673). As such, the scope of the request pending before this Court is limited to the Florida claims in the Louisiana *Amorin* complaint (Dkt. No. 11-cv-1395). CNBM and the BNBM Entities respond accordingly.

The need for the PSC's request relates back to its decision to file three duplicative complaints in three different jurisdictions: Florida, Louisiana, and Virginia. The PSC characterizes this as "methodical and justified." PSC Stay Request at 7 (Rec. Doc. 21639-1).

CNBM and the BNBM Entities, on the other hand, have repeatedly explained that it contravenes Supreme Court personal jurisdiction jurisprudence and fidelity to such precedent would streamline this litigation.  *See, e.g.*, Rec. Doc. 20882, 20956-2.  Though the Court denied Defendants' *BMS* motion, the Court has since explained that it only has jurisdiction to proceed with claims relating to Louisiana properties.  Rec. Doc. 21339, 21339-1.  The PSC has echoed this understanding.  Rec. Doc. 21343.  It is thus undisputed that all Florida claims will be resolved by the Florida court.  Because there is nothing for this Court to do with those claims, there is no need to issue a stay.  And there is every reason not to.  Having extraneous claims before multiple courts simply adds to the "incredibly convoluted" nature of the litigation.  Rec. Doc. 21639-1 at 7.  Accordingly, this Court should dismiss all Florida claims in the Louisiana *Amorin* complaint without prejudice.

## II.     ARGUMENT

This Court has wrestled with the parties' positions on personal jurisdiction, particularly in the wake of *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., S. F. Cty.*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers Squibb*" or "*BMS*"*)*.  While CNBM and the BNBM Entities maintain their stance,[1] they do not seek to belabor the point here.  Instead, they focus their arguments on the current litigation alignment, practicalities of case management, and the court's interest in providing for organized and efficient resolution of the litigation.

At this juncture, one of the few points of agreement among the parties is that the Florida claims are before Judge Cooke.  Indeed, for that reason, the PSC insisted that the Court's Show Cause Order be amended "to reflect only the Louisiana and Virginia *Amorin* complaints."  Rec.

---

[1] That position not only accords with other courts' view of *BMS*, but has particular application here given that the "class"—defined as only named plaintiffs—is, in fact, a mass joinder.

Doc. 21636 at 1.  With regards to the Louisiana *Amorin* complaint, this Court has explained that it can only proceed with those claims within its jurisdiction: "In an effort to resolve this litigation, the Court will proceed to the trial phase of all Louisiana actions (*see* Appendix) *within the Court's jurisdiction*."  Rec. Doc. 21339 (emphasis added); *see also* Aug. 15, 2018 Hearing Transcript at 2 (explaining that the Court will proceed to address only "those cases that are involving Louisiana products, Louisiana houses, structures").  The Appendix that accompanied the Court's order and which defined the parameters of the Court's jurisdiction listed only Louisiana properties.  Rec. Doc. 21339-1.  The PSC agreed with this understanding, as reflected by the substituted appendix it filed several days later, which was likewise limited to Louisiana properties.  Rec. Doc. 21343-2.  Accordingly, it would seem all are in accord that Florida claims can only be adjudicated by Judge Cooke in Florida.

It is on those grounds that the PSC seeks a stay of the Florida claims "included in the *Amorin* complaints that currently remain in the MDL," explaining that doing so "would serve the interests of judicial economy and guard against any wasteful, unnecessary efforts or hardships."  Rec. Doc. 21639-1 at 6.  CNBM and the BNBM Entities agree those are laudable goals and embrace them.  However, the PSC never explains why a stay—as opposed to dismissal—advances them.  The PSC's primary argument on this score is that the Florida "claims [in the Louisiana *Amorin* complaint] cannot simply be dismissed from the MDL as this Court continues to retain jurisdiction, at the very least, for the limited purposes of assessing an award of common benefit fees against their recoveries."  *Id*. at 8.  But retaining the Florida claims in the Louisiana *Amorin* action is not necessary even for fee purposes because this Court's remand order in Florida *Amorin* itself expressly "retain[ed] jurisdiction to consider the fair and equitable assessment of any potential recovery for the services performed and expenses incurred by

3

attorneys acting for administration and common benefit for all MDL plaintiffs." Rec. Doc. 21242 at 12.  Stated otherwise, because this Court has retained jurisdiction to evaluate fees as they relate to the Florida *Amorin* action and Judge Cooke will resolve the merits of the Florida claims, there is no basis for retaining the Florida claims in the Louisiana *Amorin* action.

Proceeding otherwise would only foster further confusion.  The PSC's request here is illustrative.  It bends over backwards to explain the proper protocol with regard to the Florida claims.  If a stay issues, the disposition of those Florida claims will have to be revisited at some unknown time in the future.  At that time, the Court will have to decide when the stay should be lifted and how the claims should proceed from there.  The Court has heard CNBM and the BNBM Entities' position on the latter: the claims should be resolved just as the Florida court resolves them.  That answer will be just as true at some later date as it is today, which is why the claims need not be stayed.  In the interim, by allowing them to lie dormant, the claims will foster chaos, as evidenced by some of the PSC's more recent filings.  Take just two recent examples: the PSC's need to "clarify" the cases/claims at issue in the Court's Show Cause Order and its multiple, overlapping voluntary dismissals submitted in all three *Amorin* actions.  Even the PSC appears to concede the confusion, flagging the problem of "overlapping discovery issues" resulting from the existence of these cases in multiple venues.  Rec. Doc. 21639-1 at 7.

It is well within this Court's ample discretion to dismiss the Florida claims to streamline and bring order to this litigation.  As the Fifth Circuit has explained, "duplicative litigation is a separate and distinct basis for dismissal[.]" *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[a] district court would be fully justified in dismissing a … complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff.").  The ability to dismiss is rooted in a

court's "inherent power to administer its docket" and "is meant to foster judicial economy and the comprehensive disposition of litigation" while "protect[ing] parties from the vexation of concurrent litigation over the same subject matter." *Houston v. Caruso*, No. 08-cv-124, 2009 WL 579411, at *2 (W.D. Mich. Mar. 5, 2009).  Accordingly, courts ordinarily and summarily dismiss duplicative actions when they concern the same parties and are based on the same set for facts, as is the case here.  *See Duru v. U-Haul Co. of N. Ga.*, No. 3:15-cv-436-D-BN, 2015 WL 12743761 (N.D. Tex. Feb. 13, 2015), *report and recommendation adopted by*, No. 3:15-cv-0436-D, 2015 WL 12743762 (N. D. Tex. Mar. 30, 2015).  And this was the precise purpose in this Court's remand order, approved by the JPML, returning the Florida claims to Florida.  There was no piecemeal remand order as the PSC now suggests.

Nonetheless, the PSC ignores the common-sense solution of dismissing these actions and instead protests that "to do anything other than stay these claims would be nothing short of nefarious."  Rec. Doc. 21639-1 at 8.  But the only nefarious conduct it identifies is that absent a stay, "Defendants will continue to present matters addressing these plaintiffs' claims before this Court, and presumably also in front of Judge Cooke, and all parties would be at risk to suffer the prejudice of inconsistent rulings by two different district courts."  *Id*.  The PSC seems to forget that *Defendants* expressly, and repeatedly, sought to organize the claims according to state of residency—a request that would preclude the very conduct the PSC now projects upon Defendants.  The PSC likewise ignores that dismissal—the relief that Defendants now seek— would remove that possibility.  By contrast, merely staying the actions *would leave open* the possibility of any party returning to this Court were they to receive an unfavorable ruling from Judge Cooke.

Ultimately, all the PSC is left with in support of its stay argument is a vague assertion that "dismissing the Florida claims on the Louisiana … *Amorin* complaints in the MDL is not an option" because "it would prejudice those specific plaintiffs effected [sic] by such an order[.]" *Id*. But the PSC seems to ignore the difference between a dismissal with prejudice and one without. The latter, which is all Defendants request, would not subject these claimants to *res judicata* or prejudice their rights. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect."); *see also Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 776 (N.D. Tex. 2008) (same). Yet, dismissal would have the benefit of cleaning up the actions and moving them closer to final resolution.

## III. CONCLUSION

Simply stated, the expressed purpose of this Court's remand order was to transfer control of the Florida cases to the Florida courts; without justification, the PSC's irregular motion to stay seeks to negate this Court's remand order and have two courts retain authority over the exact same Florida claims. For these reasons, the PSC's motion to stay should be denied and this Court should instead dismiss the claims of Florida property owners from the Louisiana *Amorin* complaint.

Dated:   August 24, 2018

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

| | |
|---|---|
| L. Christopher Vejnoska (CA Bar No. 96082)<br>Eric Matthew Hairston (CA Bar No. 229892)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>San Francisco, CA  94105<br>T:  415-773-5700<br>Email:  cvejnoska@orrick.com<br>　　　　ehairston@orrick.com | Ewell E. Eagan, Jr. (LA Bar No. 5239)<br>Donna Philipps Currault (LA Bar No. 19533)<br>GORDON, ARATA, MONTGOMERY,<br>BARNETT, MCCOLLAM, DUPLANTIS &<br>EAGAN, LLC<br>210 St. Charles Avenue, 40th Floor<br>New Orleans, LA 70170-4000<br>Tel: (504) 582-1111<br>Email: eegan@gamb.law<br>　　　　dcurrault@gamb.law |
| James L. Stengel (NY Bar No. 1800556)<br>Xiang Wang (NY Bar No. 4311114)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY, 10019<br>T:  212-506-5000<br>Email: jstengel@orrick.com<br>　　　　xiangwang@orrick.com | Eric A. Shumsky (D.C. Bar No. 477926)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Columbia Center<br>1152 15th Street NW<br>Washington, D.C. 20005<br>T:  202-339-8400<br>Email:  eshumsky@orrick.com |

*Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
T:  (504) 584-9219
Email:  harry.rosenberg@phelps.com

*Counsel for BNBM (Group) Co. Ltd. and BNBM PLC*

Dated:   August 24, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and email and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on August 24, 2018.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*