UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395 | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF TAISHAN'S MOTION TO DISMISS FLORIDA CLAIMS**

Substantively, the claims related to Florida properties are gone. They left the MDL on June 6, 2018, when the JPML entered its remand order—at this Court's suggestion. This Court found that "centralizing these cases has minimal benefits to the parties," and so suggested that the Florida claims be remanded "for trial or further proceedings." (Suggestion of Remand, Rec. Doc. 21242 at 12, 10). The Southern District of Florida received the Florida *Amorin* action and has initiated plans to adjudicate the Florida claims contained in that complaint.

But procedurally, duplicate Florida claims remain in this Court. Those duplicate claims are the product of Plaintiffs' impermissible strategy of filing three admittedly "identical *Amorin* complaints" in three different federal courts. (PSC Memo ISO Motion to Stay, Rec. Doc. 21639-1 at 3). Each complaint has the *same* lead plaintiffs (Eduardo and Carmen Amorin), the *same* list of other named plaintiffs, the *same* defendants, the *same* allegations, and the *same* claims. Each of those three cloned *Amorin* actions contains approximately 4,000 property damages claims from 15 different states. Plaintiffs admit that "[t]he Plaintiffs in each *Amorin* complaint are identical." *Id.* at 3 n.4. The time has come to begin to clean up this duplicative procedural mess so the Court can focus on the Louisiana claims that are properly before it.

Plaintiffs do not dispute that the Florida claims "are now before the Southern District of Florida," and that the Florida claims here duplicate the claims being addressed in Florida. (Rec. Doc. 21639-1 at 7). Thus, the only question for the Court is whether to dismiss or stay the duplicative Florida claims here. Dismissal is the right result because it will simplify matters for the Court and the parties by paring down the docket, will not prejudice the Florida plaintiffs whose claims can be prosecuted in Florida, and will prevent potential forum shopping.

The Fifth Circuit directs that district courts are "fully justified in dismissing a . . . complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (dismissing duplicative action); *accord Greenberg v. Rullan*, 2014 WL 5430312, *5 (S.D. Fla. Oct. 24, 2014) (dismissing duplicative action because "[f]ederal courts should avoid duplicating suits in two federal forums"). Duplicative actions raise a host of concerns, including the need "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The Court should dismiss the duplicative claims to "insure that [each] plaintiff obtains one bite at the litigation apple—but not more." *Pittman*, 980 F.2d at 995. When Magistrate Judge Wilkinson faced a similar situation in a complex tort litigation, he recognized that a court "may dismiss or stay" duplicative suits, and chose to dismiss them. *In re Katrina Canal Breaches Cons. Litig.*, 2009 WL 88605, at *3 (E.D. La. 2009); *accord Davis v. Hartford Ins. Co. of Midwest*, 2009 WL 3347090, at *2 (E.D. La. 2009) (dismissing, rather than staying, duplicative action).

The Court should do the same here, and should reject Plaintiffs' request to merely stay the Florida claims in the Louisiana *Amorin* complaint. First, their request is so vague and indefinite as to be unworkable. They seek to keep their duplicative claims alive but in suspended animation as

2

a placeholder for some unexplained future event that they will not (and perhaps cannot) articulate. Litigants are not entitled to manipulate federal courts dockets in that manner. *See Gustin v. Hoffman*, 2008 WL 2949443, *3 (M.D. Fla. July 29, 2008) (ruling that filing duplicative action "as a placeholder" was "simply not permissible").

Second, Plaintiffs present no good reason to keep their duplicative out-of-state claims alive on this Court's docket. Contrary to Plaintiffs' assertion, the Court does not need an indirect method using the Louisiana *Amorin* Florida claims to oversee common-benefit issues related to Florida claims. (Rec. Doc. 21639-1 at 8). The Court retained jurisdiction over common-benefit issues directly and explicitly when it suggested the remand of the Florida *Amorin* complaint, which includes the active Florida claims that could actually give rise to Florida-related fee issues. (Rec. Doc. 21242, at 13).

Even more strange is Plaintiffs' claim that if the Florida claims in Louisiana *Amorin* are not stayed, "the parties would be at risk to suffer the prejudice of inconsistent rulings by two different district courts." (Rec. Doc. 21639-1 at 8). But that is exactly backwards. The risk of inconsistent rulings is a reason to dismiss or transfer duplicative actions. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (transferring duplicate action to "minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court").[1] Keeping

---

[1] Of course, transfer under the first-filed rule is not warranted here. *See Cadle Co.*, 174 F.3d at 606 (holding that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed") (citation omitted). Louisiana *Amorin* was the first-filed *Amorin* complaint, and this Court has already determined that the Florida claims should proceed in the Southern District of Florida. In addition, the PSC has admitted the *Amorin* complaints are not just "substantially similar," but identical.

duplicative actions alive through stay actually *increases* the risk of inconsistent rulings and also smacks of forum shopping.

Plaintiffs cannot dispute that, if they successfully recover for Florida claims in the Southern District of Florida, "they would be unable to recover in this action." *Gustin v. Hoffman*, 2008 WL 2949443, at *3 (M.D. Fla. July 29, 2008) (dismissing duplicative actions). Given the Florida claimants' "efforts to litigate [their] claims in another pending case," there is "no legitimate reason for staying" their claims here. *Joyner v. Baker*, 2008 WL 178584, at *1 (N.D. Ga. Jan. 17, 2008) (dismissing duplicative claims); *accord Copello v. Boehringer Ingelheim Pharm., Inc.*, 812 F. Supp. 2d 886, 888–90 (N.D. Ill. 2011) (dismissing plaintiff's collective action claim because she had already opted in to first-filed, ongoing FLSA action in different federal court).

## I. CONCLUSION

Dismissal, rather than stay, is the right result for the admittedly duplicative claims related to Florida properties listed in Exhibit A. There is no need for this Court to keep the duplicate Florida claims on its docket; another district court will address the actual Florida claims. This Court should dismiss the duplicative Florida claims from the Louisiana *Amorin* complaint, and turn to adjudicating the true Louisiana claims.

Dated: August 24, 2018

Respectfully submitted,

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Phone: (404) 881-7000

Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*