UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14-cv-2722** | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, comes defendant, Gebr. Knauf KG f/k/a Gebr. Knauf Vertwaltungsgesellschaft KG ("GKV"), who submits this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment:

1. GKV is a holding company.[1]

2. It does not design, manufacture, market, sell, or distribute any products in any countries.[2]

3. GKV did not design, manufacture, market, sell, or distribute any gypsum-based products to the United States between 2005 and 2007.[3]

4. GKV does not design, manufacture, market, sell, or distribute any gypsum-based drywall products.[4]

5. GKV does not conduct any operations regarding the design, manufacture, marketing, distribution or sale of any products.[5]

---

[1] Declaration of Jörg Schanow ¶ 13, attached as Exhibit H to Memorandum in Support.
[2] *Id.*
[3] *Id.* at ¶ 14.
[4] *Id.* at ¶ 15.

1

6. GKV does not conduct any operations in the United States or China.[6]

7. GKV did not and does not control the chain of supply or exert operational control over Knauf Plasterboard (Tianjin) Co., Ltd.[7]

8. GKV is a German limited commercial partnership with its principal place of business in Iphofen, Germany.[8]

9. GKV's partners are comprised of individual German and Belgian citizens, German trusts, German limited liability companies, and German limited partnerships.[9]

10. GKV does not and has never had any partners based in Texas, Louisiana, Mississippi, Alabama, or Florida.[10]

11. GKV has never held any partnership or board of directors meetings in Texas, Louisiana, Mississippi, Alabama, or Florida.[11]

12. None of GKV's employees reside in Texas, Louisiana, Mississippi, Alabama, or Florida.[12]

13. GKV has never obtained loans or any other financing from banks, or any other source of financing, in the United States.[13]

14. GKV has never owned or leased any assets or property in Texas, Louisiana, Mississippi, Alabama, or Florida, and has never held a mortgage or lien on any real property within those states.[14]

15. GKV does not host any of its corporate documents or records in the United States.[15]

---

[5] *Id.* at ¶ 16.
[6] *Id.* at ¶ 17.
[7] *Id.* at ¶ 18.
[8] *Id.* at ¶ 4.
[9] *Id.*
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 6.
[12] *Id.* at ¶ 7.
[13] *Id.* at ¶ 8.
[14] *Id.* at ¶ 9.

16. GKV has never been licensed or registered to conduct business in Texas, Louisiana, Mississippi, Alabama, or Florida, has never sued anyone in those states, and has never contracted to obtain insurance in those states.[16]

17. GKV has never paid taxes in Texas, Louisiana, Mississippi, Alabama, or Florida.[17]

18. The Knauf entities are separate legal entities,[18] and only KPT produced the defective Chinese drywall at issue.

19. The problem with the defective drywall stemmed from the raw material (*i.e.*, gypsum) used to manufacture the drywall boards that was collected from the Luneng Mine in China, the same mine that produced the Taishan drywall.[19]

20. KPT used this gypsum to manufacture the drywall boards.[20]

21. Each shipment of KPT drywall was shipped directly from China to the United States by KPT arranged by their Director of Sales, Mark Norris, who directly marketed, negotiated, and transacted with the United States suppliers and/or third party brokers.[21]

22. KPT had only three customers in the United States that received KPT drywall shipments: L&W Supply Company ("L&W"), Rothchilt International Limited (which was sold to

---

[15] *Id*. at ¶ 10.
[16] *Id*. at ¶ 11.
[17] *Id*. at ¶ 12.
[18] *See* Exhibit "I" to Memorandum in Support, Deposition of Manfred Grundke ("Grundke Depo."), at p. 225 (Knauf entities are independent legal entities); Exhibit "B" to Memorandum in Support, Deposition of Martin Stuermer, at p. 712 (each Knauf entity is separate corporation) & p. 727 (each Knauf entity maintains separate bank account).
[19] Exhibit "A" to Memorandum in Support, Deposition of David N. Gregory ("Gregory Depo."), at p. 682 & pp. 247–48 (KPT used raw materials from Luneng mine to make KPT drywall from 2001 to end of 2006 but stopped sourcing raw materials from Luneng mine because of a "potential connection between the source of natural gypsum and this issue of boards reportedly smelling.").
[20] Exhibit "I" to Memorandum in Support, Grundke Depo., at p. 261 (KPT was ultimate authority with respect to Chinese drywall issue); *see* CDW Indicia Guide, Exhibit C-1, R. Doc. No. 12061-10, p. 3.
[21] Exhibit "A" to Memorandum in Support, Gregory Depo., at pp. 254-55 (Norris was in charge of sales, marketing, customer services and technical services for the Knauf East Asia entities).

Banner Supply Company in Florida), and Interior Exterior Building Supply, L.P. ("INEX").[22]

23. GKV had no part in the chain of supply or control over the entities producing the KPT drywall. GKV does not sell KPT drywall nor does GKV supervise or impose standards on the manufacture of the drywall by KPT or otherwise.[23]

24. GKV does not design, manufacture, market, sell, or distribute any gypsum-based products, nor did GKV design, manufacture, market, sell, or distribute any gypsum-based products, including KPT Chinese drywall, to the United States (or with the expectation that it would be purchased by consumers in the United States) between 2005 and 2007.[24]

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Phone: 504.566.8646
Fax:    504.585.6946
Email: kjmiller@bakerdonelson.com
***Counsel for Defendant,
Gebr. Knauf KG F/K/A
Gebr. Knauf Vertwaltungsgesellschaft KG***

---

[22] Exhibit "C," to Memorandum in Support, Deposition of Mark P. Norris, Vol. III ("Norris Depo. Vol. III"), at p. 876; *see* Exhibit "D," KPT Defense Profile Form, at ¶ 4.

[23] *See* Exhibit "A", to Memorandum in Support , Gregory Depo., at p. 263-66 (Knauf East Asia had a separate quality control department); pp. 545-546 (German engineers did not control quality at facility and did not train personnel); p. 548 (KPT had professional lab to test raw materials and quality); p. 507–08 (KPT was responsible for testing incoming gypsum); and p. 176 (some German machinery is used in Knauf plants in China but standards are controlled locally); Exhibit "E" to Memorandum in Support, Norris Depo. Vol. I, at p. 90 (stating that he had never heard of the company named GKV); Declaration of Jörg Schanow , attached as Exhibit H to Memorandum in Support.

[24] Declaration of Jörg Schanow, attached as Exhibit H to Memorandum in Support.

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 27th day of August, 2018.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**