**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION                                          **MDL NO. 2047**

                                                    **SECTION: L**

                                                    **JUDGE FALLON**
                                                    **MAG. JUDGE WILKINSON**

**THIS DOCUMENT RELATES TO:**
*ALL CASES*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE PLAINTIFFS' STEERING COMMITTEE'S AMENDED MEMORANDUM IN**
**SUPPORT OF MOTION FOR SUGGESTION OF REMAND**

**I.      INTRODUCTION**

On December 23, 2016, the Plaintiffs' Steering Committee ("PSC"), moved to sever the

Omni XX complaints of *Brooke, et al. v. The State-Owned Assets Supervision and*

*Administration Commission of the State Counsel, et al,* into groupings of plaintiffs by residence

from their constituent venues, and thereafter, have the Court issue a Suggestion of Remand to the

Judicial Panel on Multidistrict Litigation ("JPML") (Rec. Doc. 20614).[1]  By Order dated August

23, 2018, this Court Ordered the Defendants to respond to Plaintiffs' motion (Rec. Doc. 21726).

In the interim between the filing of the initial motion and this Court's scheduling Order,

Plaintiffs have learned from this Court's experience at the JPML in its efforts to remand the

Florida Amorin plaintiffs' claim that the Suggestion of Remand applies to each particular

---

[1] Previously, the PSC identified the diversity of citizenship of all of the *Brooke* Plaintiffs in its
Supplement to End Game Proposal of the Plaintiffs' Steering Committee (Rec. Doc. 20937).

complaint, not any particular claimant named therein.  Accordingly, Plaintiffs submit this revised memorandum to address the procedures now endorsed by the PSC to affect the remand of the Brooke complaints.  In the end, the result will be the same, namely both the Virginia and Florida Brooke complaints should be remanded through the JPML to their original transferor forums so that those Plaintiffs who live or lived in Virginia and Florida can advance their claims in those venues as expeditiously as possible.  Once remanded, the PSC will then move to stay the claims of all claimants from other jurisdictions just as they have done in this Court.[2]

The PSC, employing CAFA jurisdiction, directly filed Omni XX in the MDL Court on September 4, 2015.  That Complaint was docketed at 2:15-cv-04127-EEF-JCW.  Thereafter, on November 23, 2015, the PSC filed an Omni XX Complaint in the Southern District of Florida where it was docketed at 1:15-cv-24348-KMW, and in the Eastern District of Virginia, where it was docketed at 2:15-cv-00506-RBS-RJK.  Both the Virginia and Florida Omni XX Complaints were transferred to the MDL by the JPML through CTO -32 on December 8, 2015.  The Eastern District of Louisiana received the two transferred actions on December 10, 2015.  All three actions have since been pending on the MDL docket, with the Florida action now docketed at 2:15-cv-06631-EEF-JCW and the Virginia action docketed at 2:15-cv-06632-EEF-JCW.[3]

The JPML commenced MDL 2047 on June 15, 2009.  *See In re: Chinese-Manufactured Drywall Products Liability Litigation,* 626 F.Supp.2d 1346 (J.P.M.L. 2009).  Over the span of

---

[2] *See* PSC's Motion to Stay all Florida Claims on Louisiana and Virginia Amorin Complaints (Rec. Doc. 21639).

[3] Service of all three complaints has been perfected.  Omni XX (LA) was served on December 2, 2015.  *See* Affidavits of Service (Rec.Doc. Nos. 19848, 19847, 19854).  Omni XX (VA) was served on June 20, 2017.  *See* Affidavits of Service (Rec. Doc. Nos. 20817, 20818).  Omni XX (FL) was also served on June 20, 2017.  *See* Affidavits of Service (Rec. Doc. Nos. 20819, 20820).

the past ~9 years, the PSC has actively pursued litigation against the manufacturers of Chinese-manufactured drywall. Unlike the Knauf defendants, who behaved honorably and held themselves accountable for the defective products they exported to the United States, the "Taishan Defendants"[4] have acted disreputably and refused to respect the United States' judicial system. These defendants allowed default judgments to be entered against them, and only after long delays did they engage in motions practice to determine this Court's jurisdiction over them. With regard to Taishan itself, the record is clear that this Court enjoys personal jurisdiction over the company. *See In re: Chinese-Manufactured Drywall Prod. Liab. Litig.,* 894 F.Supp.2d 819 (E.D.La. 2012), *aff'd,* 742 F.3d 576 (5th Cir. 2014) and 753 F.3d 521 (5th Cir. 2014).

In addition to its unsuccessful jurisdictional challenges, Taishan was held in both civil and criminal contempt of court on July 17, 2014. *See* Contempt Order at 3 [Rec.Doc.No. 17869]. The Contempt Order implicated Taishan and its affiliates by virtue of the Court's requirement that: "Taishan, and any of its affiliate or subsidiaries, is hereby ENJOINED from conducting any business in the United Sates until or unless it participates in this judicial process. If Taishan violates this injunction, it must pay a further penalty of 25% of the profits earned by the company or its affiliates who violate the order, for the year of the violation." *Id.*

---

[4]The "Taishan Defendants" refers throughout to Taishan Gypsum Co. Ltd. (hereafter "Taishan"); Beijing New Building Materials Limited Co. (hereafter "BNBM"); Beijing New Building Materials Group Co., Ltd. (hereafter "BNBM Group"); China National Building Materials Co., Ltd. (hereafter "CNBM"); China National Building Materials Group Corporation (hereafter "CNBM Group"); and Tai'an Taishan Plasterboard Co., Ltd. (hereafter "TTP") as defined in the Findings of Fact and Conclusions of Law with Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) ("Class FOFCOL") (Rec. Doc. 18028). CNBM Group has since been dismissed from the MDL. *See* Order of March 10, 2016, *In re Chinese Manufactured Drywall Prod. Liab. Litig*., 168 F.Supp.3d 918 (E.D. La. 2016). The PSC has filed a motion to certify that dismissal ruling for immediate appeal pursuant to 28 U.S.C. § 1292(b) [MDL Rec. Doc. 21533]. Oral argument on the 1292(b) motion is scheduled to be heard by Judge Fallon on September 13, 2018.

Since then, the Court certified a litigation class of the then pending class actions by its Findings of Fact of September 26, 2014 [Rec.Doc. 18028].  In June 2015, the Court held a damages hearing addressing class-wide damages.  Following extensive pretrial briefing, which included *Daubert* motions, the PSC presented evidence at the class damages hearing and after that hearing prepared extensive findings of fact and conclusions of law. On April 21, 2017, this Court entered an order on class damages against Taishan and denied Defendants' motion to decertify the Taishan class. *In re Chinese-Manufactured Drywall Prod. Liab. Litig*., 2017 WL 1421627 (E.D. La. Apr. 21, 2017); MDL Order dated 4/21/2017 [MDL Rec. Doc. 20740].

For the next three years, Taishan and its malfeasant parent companies made countless attempts to delay the proceedings and challenge virtually every ruling enter by Your Honor, while the PSC attempted to move the case forward. These Defendants have fought hard to challenge jurisdiction, decertify the Taishan class, and avoid a class damages verdict.

With respect to the ongoing efforts of CNBM/BNBM to contest jurisdiction over them, the Court entered an Order and Reasons on April 21, 2017, holding that (i) CNBM, BNBM Group, BNBM, and Taishan operate as a single business enterprise under Louisiana law, (ii) Taishan and BNBM are agents under Virginia and Florida law, and (iii) there is jurisdiction over BNBM under Florida law for its manufacture and sales of BNBM Dragon board in Florida. Following these rulings, Defendants filed multiple motions pursuant to 28 U.S.C. § 1292(b), seeking immediate appellate review. On August 4, 2017, the Court certified the Jurisdiction Order for immediate appeal but, thereafter, the CNBM and BNBM Defendants filed a supplemental motion to dismiss based on *Bristol-Myers Squibb v. Superior Court of California* ("BMS"). Extensive briefing occurred again on the issue of the Court's jurisdiction over the

4

Taishan Defendants and again, on November 30, 2017, Your Honor issued a well-reasoned opinion on personal jurisdiction that rejected the Defendants' meritless challenges under *BMS*.

Having lost again, the Taishan Defendants revisited their request for interlocutory review. That request was granted in part by the Court, who certified the issues arising from the original Jurisdiction Order but denied certification with respect to issues raised by *BMS*. Defendants then petitioned the Fifth Circuit for permission to appeal the Jurisdiction Order, which prompted additional briefing. That petition was granted, and the appeal before the Fifth Circuit is pending.

By and large, the plaintiffs in Omni XX are not class members in the certified Taishan class. The Omni XX complaints are new actions that have been properly served. Unlike the earlier-filed cases, defendants are not in default in any of the *Brooke* actions. The Omni XX plaintiffs are therefore unlikely to receive the benefits of any class relief afforded to the members of the Taishan class, although claims preclusion and other evidentiary benefits may be available to these plaintiffs. Because of the age of the litigation, the delaying tactics implemented by the Taishan Defendants throughout the litigation, and the need for the Omni XX plaintiffs to obtain relief after suffering with damages from defective drywall in their properties, the time has come for this Court to implement the process by which these matters are returned to their original venues so that trials may proceed in the original transferor courts. In their current trial plans, the Taishan Defendants have expressed a similar interest in having the Brooke actions remanded. *See* Rec. Doc. 21708 at 2 ("The Court should proceed to remand the *Brooke* cases.").

## II.    **ARGUMENT**

The plaintiffs on Omni XX hail from three principal jurisdictions: Louisiana, Florida and Virginia. A separate, protective *Brooke* complaint was filed in each of these jurisdictions because of the Defendants' deliberate targeting of these states to import their defective drywall.

Originally, the PSC suggested that the plaintiffs be segregated by virtue of their venues and severed into their respective complaints and then a suggestion of remand would follow. However, based on the experience that transpired with the remand of the Amorin claimants in Florida, the PSC submits that only Suggestions of Remand for each of the three Brooke complaints issue.  The Court will recall that its March 12, 2018 Suggestion of Remand in Amorin (Rec. Doc. 21242) informed the JPML that only specific Florida Amorin Plaintiffs should be the subject of a remand pursuant to Section 1407(a).  Only a week later, on March 20, 2018, the Court issued its Supplemental Order (Rec. Doc. 21252) identifying and appending the actual complaint that had originally been filed in the Southern District of Florida for the JPML to effectuate the actual remand.  That occurred by means of the Conditional Transfer Order of March 18, 2018 (JPML Dkt. No. 482), which remanded the actions pursuant to Section 1407(a) to the District Court from which their action was originally transferred.  *See In re: FEMA Trailer Formaldehyde Prod. Liab. Litig.,* 2012 WL 1580761, \*1 n. 2 (E.D.La. May 4, 2012), *citing In re Delta Airline, Inc. Flight Attendant Weight Stds. Litig.,* 411 F.Supp. 795, 797 (J.P.M.L. 1976). To accomplish a similar action here, this Court is obliged to issue a Suggestion of Remand to the JPML for both Omni XX (VA) and Omni XX (FL) to allow the Panel to consider the propriety of remand.  *See, e.g., In re: Orthopedic Bone Screw Prod. Liab. Litig.,* 1998 WL 411380 (E.D. Pa. June 30, 1998).

Accordingly, the Suggestions of Remand should request that Omni XX (VA) be remanded back to the Eastern District of Virginia in conjunction with the tag-along case that was transferred to this Court by the JPML that originated in that venue.  Similarly, the Omni XX (FL) will be remanded in the tag-along case that was transferred to this Court by the JPML from the Southern District of Florida. The Taishan Defendants have expressed an interest in exactly this

result.  Omni XX (LA), having directly filed in this district, will remain for disposition by this Court.  As mentioned above, appropriate motions to stay duplicative actions will be filed in each of the respective jurisdictions.

## III.   <u>CONCLUSION</u>

The PSC therefore requests that this Court grant this motion by issuing a Suggestion of Remand in Omni XX (VA) and Omni XX (FL).   An amended Proposed Order is attached hereto as Exhibit "A".

Dated:  August 28, 2018                                   Respectfully Submitted,

By: */s/ Russ M. Herman*
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Nicola F. Serianni (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
Pearl A. Robertson
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 28th day of August, 2018.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
<u>Ldavis@hhklawfirm.com</u>
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*
