UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
美国地区法院
路易斯安那州东区法院

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br>有关：中国制造的干墙的诉讼案件 | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON |

JIA: Exhibit 335

FSIA EXHIBIT 36

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br>此文件是关于：<br>*Germano v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 09-6687 (E.D. La.);<br>*Germano* 指控泰山石膏，原名为泰安泰和东新公司，案件号 09-6687（路易斯安那东区）；<br><br>*Gross v. Knauf Gips, KG*, Case No. 09-6690 (E.D. La.);<br>*Gross* 指控 *Knauf Gips, KG*，案件号 09-6690（路易斯安那东区）；<br><br>*Wiltz v. Beijing New Building Materials Public Limited Co.*, Case No. 10-361 (E.D. La.);<br>*Wiltz* 指控北新建材，案件号 10-361（路易斯安那东区）；<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1672 (E.D. La.);<br>*Amorin* 指控泰山石膏，原名为泰安泰和东新案件，案件号 11-1672（路易斯安那东区）；<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1395 (E.D. La.); and<br>*Amorin* 指控泰山石膏，原名为泰安泰和东新案件，案件号 11-1395（路易斯安那东区）；以及<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 11-1673 (E.D. La.).<br>*Amorin* 指控泰山石膏，原名为泰安泰和东新案件，案件号 11-1673（路易斯安那东区）。 | 跨区诉讼案：编号. 2047<br>部门：L<br>法官：FALLON |

## DECLARATION OF JIA TONGCHUN FOR CLARIFICATION AND SUPPLEMENTATION
## 贾同春的澄清及补充声明书

2

This is a Declaration made in accordance with and pursuant to 28 U.S.C. § 1746. Jia Tongchun being duly sworn, deposes and declares:

这份声明书是符合及依据美国法典第 28 部 1746 条。贾同春宣誓、作证及声明如下：

1. My name is Jia Tongchun. I am over eighteen (18) years of age, competent to testify to the matters stated herein, and suffer from no legal disability. My native language is Chinese. I do not understand, speak, read, or write English. I signed both Chinese and English versions of this Declaration after I reviewed the Chinese version that was prepared for me by a translator with the law firm of Alston & Bird.

   我的名字是贾同春。我是 18 岁以上、有能力就陈述在此的事宜作证，及没有遭受到法律上无行为能力。我的母语是中文，我不懂、不说、不读或不写英文。在我审核过奥斯顿律师事务所的一位翻译为我准备的中文版后，我签署了这份中文及英文的声明书。

2. This Declaration is true and correct, and based on my own personal knowledge. I am Chairman of the Board and the General Manager of Taishan Gypsum Co. Ltd. ("Taishan").

   这份声明书是真实及正确，且基于我个人的了解。我是泰山石膏股份有限公司（"泰山"）的董事长及总经理。

3. This Declaration for Clarification and Supplementation relates to that certain Declaration of Jia Tongchun dated August 31, 2015 ("Prior Declaration"), and submitted to the Court as Exhibit A in connection with Taishan's Response in Opposition to Plaintiffs' Motion to Compel the Production of Documents on a Counsel's Privilege Log on August 31, 2015.

   这份澄清及补充声明书与署期为 2015 年 8 月 31 日的贾同春声明书（"之前的声明书"）有关，该之前的声明书是 2015 年 8 月 31 日递交法院的泰山回复反对原告强制提交律师特权保护清单里文件的动议的附件 A。

4. I know that Peng Wenlong ("Mr. Peng") is currently employed at Shenyang Taishi Rock Wool Co., Ltd. ("Shenyang"). I am familiar with Shenyang as a wholly owned subsidiary of Taishi Rock Wool Co., Ltd. ("Taishi Rock Wool"). I and my family are one of 503 individual shareholders of Shandong Taihe Building Material Co., Ltd, which holds approximately 92 percent of Taishi Rock Wool's ownership shares. Shandong Taihe Building Material Co., Ltd. currently holds 14 percent of the shares of Taishan.

   我知道彭文龙（"彭先生"）现在受雇于沈阳泰石岩棉有限责任公司（"沈阳"）。我了解沈阳是泰石岩棉有限责任公司（"泰石岩棉"）的一个全资子公司。 我及我

3

的家人是山东泰和建筑材料有限公司的 503 名个人股东之一，该公司持有泰石岩棉约 92%的股权。 山东泰和建筑材料有限公司现持有泰山 14%的股份。

5. Shenyang is not a subsidiary of Taishan, and none of its shares are held, directly or indirectly, by Taishan, BNBM PLC, BNBM Group, CNBM, or CNBM Group. It is my sincere belief that Shenyang is unrelated to any Defendant in this action.

沈阳不是泰山的子公司，泰山、北新建材股份有限公司、北新建材集团、中国建材股份有限公司、中国建材集团均不直接或间接持有 沈阳的任何股份。 我真诚地认为沈阳与本案的任何被告都没有关联。

6. In my Prior Declaration, I stated that "Mr. Peng has never told me the name of the company where he currently works, nor has he told anyone else at TG to my knowledge." While that statement was technically correct, I acknowledge that it gave the misimpression that I personally did not know where Mr. Peng currently works, when in fact I do and I did know that he worked at Shenyang at the time of making my Prior Declaration. I did not share this information with anyone else at Taishan, and specifically, did not share this information with Mr. Che Gang prior to his service as Taishan's 30(b)(6) deposition representative. Nor did I share this information with any of Taishan's attorneys, nor with anyone at BNBM, BNBM Group, CNBM, CNBM Group, or any of their attorneys.

在我之前的申明书中我表示，"彭先生从未告诉我他现在工作的公司的名字，据我所知他也没有告诉泰山的任何其他人"。 虽然这个申明从严格意义上来讲是正确的， 我承认这个说法给人错误的印象是我个人不知道彭先生现在在哪里工作，但其实我现在和在当时做之前的申明书的时候知道彭先生在沈阳工作。 我没有将此信息告诉给泰山的任何其他人，特别是，我没有在车刚先生作为泰山的公司证人作证之前与他分享这份信息。 我也没有与泰山的律师，以及北新建材股份有限公司、北新建材集团、中国建材股份有限公司、中国建材集团的任何人以及他们的律师分享这个信息。

7. I have reviewed the "Update on Peng Wenlong, Taishan Drywall Case" dated September 9, 2015, and submitted to the Court via email on September 13, 2015. The report contains many inaccuracies and false information. For example, after September 2014, Mr. Peng does not reside in any Taishan Gypsum or Taihe Group apartments or dormitories, nor is he employed at Taishan Gypsum (Pingshan) Co., Ltd. or Taishan Gypsum (Nantong) Co., Ltd. I am prepared to answer questions about my knowledge of the errors in that report under oath during my deposition.

4

我阅览了于 2015 年 9 月 13 日通过电子邮件递交给法庭的署期为 2015 年 9 月 9 日的"有关彭文龙的更新，泰山石膏案"的报告。这份报告包含很多不准确和错误的信息。比如说，在 2014 年 4 月后彭先生就不住在任何泰山石膏或者泰和集团的公寓或宿舍，他也不就职于泰山石膏（平山）有限公司或泰山石膏（南通）有限公司。我准备在我的宣誓证人质证中就我个人的了解对该报告中存在的错误回答有关问题。

8. With this clarification and supplementation, my Prior Declaration is true and correct to the best of my knowledge, and I reaffirm all portions of my Prior Declaration other than the portions clarified and supplemented herein.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

有了本澄清及补充，基于我个人的最佳了解，我之前的申明书是真实和准确的。我再次确认我之前的申明书中除了在此做澄清和补充的内容之外的所有内容。

依据美国法律作伪证便受处罚的前提下，我特此声明上述的陈述是真实及正确。

Executed on _____, 2015
签署于      2015 年 9 月 16

Jia Tongchun
贾同春       [signature: 贾同春]

5