BNBMPLC-E-0059967

**The Course of Events on Hiring Law Firms for the Gypsum Board Litigation in the United States**

**I. The Course of Events on Hiring Foreign Law Firms**

Background: Since the end of 2008, some homeowners, construction companies, and other companies in the United States have brought lawsuits against multiple Chinese gypsum board manufacturing enterprises in some federal courts and state courts of the United States. Beijing New Building Materials Public Limited Company (abbreviated below as "BNBM PLC") and Taishan Gypsum Company Limited (abbreviated below as "Taishan Gypsum") are listed as defendants in some cases.

**Stage one: Hiring Foreign Law Firms to Issue Legal Opinions**

1. After BNBM PLC and Taishan Gypsum were listed as defendants in some of the gypsum board lawsuits in the United States, BNBM PLC responded actively. According to the advice of Chungang Dong, Esq. from Beijing Jingtian & Gongcheng Law Firm (abbreviated below as "Jingtian & Gongcheng"), the Company's legal counsel, he suggested that BNBMPLC should officially appoint a U.S. law firm to provide an official legal opinion to serve as the basis for the official decision. After obtaining information on foreign law firms through various channels, BNBM PLC sent invitation letters to three preliminarily-determined law firms and one U.S. attorney. Among them, three law firms replied.

2. BNBM PLC and its subsidiary Taishan Gypsum discussed the gypsum board lawsuits in the United States, in which BNBM PLC and Taishan Gypsum were involved, with the three candidate law firms on September 10th, 2009 and September 15th, 2009, respectively. The three candidate law firms were Lovells International Law Firm[1] (abbreviated below as "Lovells"), Orrick, Herrington & Sutcliffe LLP (abbreviated below as "Orrick"), and K&L Gates LLP (abbreviated

---

[1] It should be Hogan Lovells. Hogan & Hartson LLP and Lovells merged in May 2010 to become Hogan Lovells. The

FSIA
EXHIBIT
158

SONG: Exhibit 331

below as "K&L Gates"). The three candidate law firms each provided the special information they had and their suggestions on the gypsum board litigation in the United States. The minutes of this meeting were provided by Chungang Dong, Esq. at Jingtian & Gongcheng.

**BNBMPLC-E-0059968**

3. On September 22nd, 2009, BNBM PLC and Taishan Gypsum continued the discussion about the candidate law firms for the gypsum board litigation in the United States, and the topic of the discussion was about *Hiring Attorneys for the "Toxic Drywall Event" and Responding to the Default Judgment.* Candidate law firms, Lovells and Orrick, provided the special information each of them had and their suggestions at this meeting.

This meeting solicited the opinions of Tongchun Jia and Gang Zhao at Taishan Gypsum on hiring attorneys. Tongchun Jia's opinions were: 1) according to the instructions of leaders, necessary and limited response to the litigation can be given; 2) at the same time, he thought that Taishan Gypsum was involved in a relatively large number of lawsuits and could not manage the responses to the lawsuits, and that the fees could be very high. He agreed to respond to the hearing on September 24th, and to make further judgments based on the situations after the response; 3) he agreed with the suggestion put forward by Yu Chen at BNBM PLC that the two companies appoint law firms separately and bear the fees on their own.

Gang Zhao's opinion was: for hiring law firms, he suggested to hire one firm, and he was inclined to hire Orrick, because: 1) Orrick paid close attention to the case; 2) there was no problem with their level of professionalism; 3) under the premise that there was no significant difference of the levels of professionalism among the U.S. law firms, Orrick had better attitudes.

4. On October 12th, 2009, the Legal Department of BNBM PLC issued the *Report on Hiring Foreign Lawyers for the Gypsum Board Litigation in the United States*, and reported relevant matters about hiring foreign law firms to provide legal opinions, and etc. This document gives a brief introduction of the three candidate foreign law firms; and, after considering the price offers and comprehensively

analyzing the advantages of the three law firms, BNBM PLC preliminarily decided to have Lovells answer its questions of concern, collect information, provide suggestions and strategies, and issue legal opinions letters.

The price offers of the three law firms are as follows:

K&L Gates: USD 98,500

<u>**BNBMPLC-E-0059969**</u>

Orrick: USD 75,000

Lovells: USD 60,000

**Stage two: Taishan Gypsum retained the law firm**

5. On April 8th, 2010, the time in the United State, Judge Eldon Fallon, a federal district judge in New Orleans, United States, issued an order in the lawsuit of the plaintiffs about the quality issues of the gypsum boards, and ruled that Taishan Gypsum Company Limited (abbreviated as "Taishan Gypsum") pay a sum of USD 2.6 million as the damages to 7 U.S. families. In the teleconference held on April 12th, 2010, BNBM PLC analyzed and discussed with Lovells in depth about the gypsum board litigation in the United States. Daozheng Chen, Esq. from Lovells made a preliminary analysis and judgment on the order.

6.



7. In the teleconference on June 9th, 2010, CNBM Group, CNBM Co., Ltd., and BNBM PLC discussed the agency agreement; Hogan Lovells briefly introduced its thoughts on the litigation.

8. On June 10th, 2010, according to the results from the discussions on June 3rd and June 9th, Taishan Gypsum and Hogan Lovells signed the agency agreement. It was officially determined that Hogan Lovells would be the law firm to represent Taishan Gypsum in the gypsum board litigation in the United States in which Taishan Gypsum has been involved.

**BNBMPLC-E-0059970**

**Stage three: BNBM PLC retained the law firm**

9. To follow up with the gypsum board litigation in the United States, BNBM PLC considered whether to retain a law firm to provide legal advise. On July 28th, 2010, Attorney Chungang Dong from Jingtian & Gongcheng sent an email on the matter of hiring the law firm by BNBM PLC. In the email, he offered his own suggestions on how to proceed with hiring the law firm while BNBM PLC is following up with the gypsum board litigation in the United States.

According to the suggestions of Attorney Chungang Dong, the Legal Department of BNBM PLC issued the *Second Report on Hiring U.S. Attorneys* on August 12th, 2010, and submitted it together with the *Report on Hiring Foreign Attorneys for the Gypsum Board Litigation in the United States* issued on July 10th, 2010 to the Company's leaders for review. On September 17th, 2010, BNBM PLC signed the confirmation letter for the agency with Orrick, and it was confirmed that BNBM PLC retained Orrick as the legal consultant for the gypsum board litigation in the United States.

**BNBMPLC-E-0059971**

II.    Related Meetings and Contents of Discussions

| **Time of meeting: September 10, 2009 / September 15, 2009** |
| --- |

| Topic of meeting: U.S. Litigation Involving BNBM Group and Taishan Gypsum |
|---|
| **Attendees:** BNBM PLC:  Yu Chen, Zheng Tao, Ziqiang Bian; Taishan Gypsum:  Gang Zhao; Shandong Taishan Lantian Law Firm:  Guangbin Liang, Esq. ; Jing Tian & Gong Cheng:  Chungang Dong, Esq. |

**The following matters mainly involve facts, and the information and opinions provided by various foreign firms are either identical or similar;**

I.   The existing lawsuits on the quality issues of gypsum boards are being heard in the U.S. federal courts and state courts respectively, totaling to more than 1000 cases, of which, the 127 cases accepted by federal courts are being handled as the multidistrict litigation ("MDL") by the federal court in the state of Louisiana. The judge hearing the case is Eldon E. Fallon.

II.   There are additionally hundreds of cases (the specific number is increasing with time) filed in the courts of 26 states, the majority of which are in the state of Florida and the state of Louisiana. There is the possibility that the cases within each state could be heard in consolidation. Therefore, even if all cases were heard in consolidation, there are at least 27 consolidated cases.

III. 

IV.   Among all the Chinese enterprises listed as defendants, only the Chinese subsidiaries of KNAUF hired attorneys to participate in the litigation procedure. They have already filed the motion to dismiss, and raised the objection to jurisdiction.

V.

VI.   Judge Fallon already issued a warning to Taishan Gypsum. If Taishan Gypsum did not respond to the litigation before September 24, 2009, the judge will hold a hearing on September 24, 2009, and issue a default judgment against Taishan Gypsum.



<u>**BNBMPLC-E-0059972**</u>

**Special Information and Suggestions Provided at the Meeting by the Law Firms and the Opinions of the Company's Legal Consultant**

Lovells:        Daozheng Chen,        Gaston Fermandez, Ye Yuan



Orrick:   Xiang Wang,
Raymond G. Mullady,
Fang Fu

| | |
|---|---|
| | |
| K&L Gates   Yujing Shu, Xianjin Tian, Miao Li, David Klaber, Eric Stone | I. Except for the juridical process, the CSPA and the EPA in the United States also conducted investigations on this case, but there has not been any conclusion as of now. The above agencies have also conducted cooperation with the relevant departments of the Chinese government, and will appoint a delegation group to China in October to conduct joint investigation with the AQSIQ[2] in China. <br><br>II. The CSPA in the U.S. demanded that the construction companies shall take mitigation measures such as to fix, replace, or issue refunds to the homeowners' houses involved. Therefore, these construction companies are simultaneously facing pressures from three parties: the homeowners, the court, and the government. For the losses resulted from the above mitigations measures, the construction companies |

BNBMPLC-E-0059973

| | |
|---|---|
| | will also ask for indemnities from the manufacturers. |

---

[2] General Administration of Quality Supervision, Inspection and Quarantine of the People's Republic of China

| | |
|---|---|
| | ███████████████████████████████████ |
| Jingtian & Gongcheng: Chungang Dong | I. Lovells quoted USD 50,000 for issuing legal opinions about, but not limited to, the five questions consulted. Orrick quoted USD 75,000 (no additional charge for giving legal advice if the firm is retained to handle a case). K&L Gates quoted USD 98,500.<br><br>II. **The main advantage** of Lovells lies in the direct and rich experience possessed by the attorneys at its Chinese offices with regard to U.S. litigations, which allows it to complete the main work in their Chinese office. In addition, Lovells is the highest ranked and most renowned foreign law firm internationally out of the three.<br><br>III. **The main advantage of Orrick** lies in its striking passion and focus on this case. Also, its attorneys stationed in the U.S. also have good channels of communication with the plaintiffs' attorneys.<br><br>IV. **The main advantage of K&L Gates** lies in the fact that this firm has many offices located at the southern states of the U.S. where the lawsuits are congregated. This provides a convenient geographical condition for investigating the situation and communicating with the courts in the United States. Additionally, two of their foreign attorneys have abundant experience in product liability. |
|  | **Time of the Meeting: September 22, 2009 (Live meeting + telephone conference)** |
| | **Topic of the Meeting: Hiring Attorneys for the "Toxic Drywall Event" and the Response to the Default Judgement** |
| | Attendees: BNBM PLC: Yu Chen, Zheng Tao; Taishan Gypsum: Tongchun Jia, Gang Zhao |
| | **Main Contents of the Meeting:** |

I. The information acquired from the law firms includes, but is not limited to, 1) the current situation of the case, 2) suggestions from the attorneys, 3) whether response to the hearing proceeding means the acceptance of jurisdiction of the U.S. courts, whether it entails mandatory participation in the subsequent litigation?

II. Solicited opinions from Tongchun Jia and Gang Zhao of Taishan Gypsum about matters on hiring the law firm and responding to the hearing on September 24th.

**Special Information and Suggestions Provided by the Law Firms During the Meeting**

| | |
|---|---|
| Lovells: Daozheng Chen |  |
| Orrick: Xiang Wang | |

| | |
|---|---|
| | |
| K&L Gates: Xianjin Tian | None |
| Notes of this Stage | On October 12, 2009, the Legal Department of BNBM PLC issued the *Report on Hiring Foreign Lawyers for the Gypsum Board Litigation in the United States,* |

**BNBMPLC-E-0059974**

| | |
|---|---|
| | and it was preliminarily decided to have Lovells answer those questions of concern from BNBM PLC, collect information, provide suggestions and strategies, and issue legal opinion letters. |

| **Time of the Meeting:** April 12, 2010 (Telephone Conference) |
|---|
| **Main Contents of the Meeting: Preliminary Introduction and Judgement on the Gypsum Board Litigation in the United States** |
| **Attendees:** BNBM: Yu Chen, Zhucai Chen; Jingtian & Gongcheng: Chungang Dong; Hogan Lovells: Daozheng Chen |
| **Main Contents of the Meeting:** On April 8, 2010, U.S. time, Eldon Fallon, a federal district court judge in New Orleans, U.S.A., issued an order in the lawsuit of the plaintiffs about the quality issues of gypsum boards. Taishan Gypsum Limited Company (abbreviated as "Taishan Gypsum") was ordered to pay a sum of USD 2,600,000 to 7 families in the United States in compensatory damages. Based on the progress of the case, (the meeting) made preliminary analysis and judgement on the case. |
| **Judgements and Suggestions Provided by Lovells and the Company's Legal Counsel** |

| | |
|---|---|
| Lovells:<br><br>Daozheng | |

| Chen |  |
|---|---|
| Jingtian & Gongcheng: | |

| Chungang Dong |  |

**BNBMPLC-E-0059975**



| | |
|---|---|
| | **Time of the meeting**: June 3rd, 2010 (teleconference) |
| | **Topic of the Meeting: the Strategy for Responding to the Gypsum Board Litigation in the United States** |

**Attendees**: CNBM Group: Jian Zhang; BNBM PLC: Bing Wang; Taishan Gypsum: Tongchun Jia; Jingtian & Gongcheng: Chungang Dong; and Lovells: Daozheng Chen

**Summary of the meeting:**

I. Mr. Knauf visited Zhiping Song, chairman of the board of directors, and hoped that CNBM Group could offer a helping hand to them in responding to the United States drywall event. The situations that Knauf reported were that the Knauf Company had done some work and that, for the construction companies, for the moment it did not explore the truth of the matter, nor did it divide up liabilities. They cooperated to fix the issue of home renovation, but the small homeowners who did their own decorations were waiting for the result of the litigation. Knauf was worried that their assets would be enforced in the United States. Knauf has 3 factories in the United States, and the main market is in the heat insulating materials. The plaintiffs have formed an attorney team of more than 100 people. Among them, a leadership body of 5 people has been established to negotiate with the defendants about the compensation. The goal of the team of plaintiffs' attorneys is to work hard to have the court make a judgment on 1-2 cases first and set a precedent for the ruling and settlement negotiations of other recent cases. For the judgment made against Knauf, the Knauf Company has appealed, hoping to delay the time and to reduce the amount of compensation.

Chairman Song agreed that CNBM Group should organize the response to the litigation, but the purposes of the response are: 1. for the images of Chinese products and Chinese enterprises; 2. for the friendship with Mr. Knauf of more than 30 years. Reluctant to see the Knauf Company fighting alone; 3. insisting on the position that our products do not have any problems. We should consider the situations as we deal with the litigation. The Company may ask the Knauf Company to help recommend attorneys for us and delay the effectiveness of the judgment.

II. ████████████████████████████████████████████████
████████████████████████████████████

III. ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████



---

[3] Fourth? typo

BNBMPLC-E-0059976

| | |
|---|---|
| ████████████████████████████████ | |
| **Time of the meeting**: June 3rd, 2010 (teleconference) | |

**Topic of the meeting: the strategy for responding to the United States gypsum board litigation**

**Attendees**: CNBM Group: Chief (Jianglin) Cao and Jian Zhang; CNBM Co., Ltd.: Zhangli Chang; BNBM PLC: Yu Chen; Taishan Gypsum: Tongchun Jia; and Jingtian & Gongcheng: Chungang Dong

**Summary of the meeting:**

Abstract I: Introduction of the Lovells firm and its strengths after the merger, including Attorney Daozheng Chen, Attorney Weining Yang, the advantages are large scale and strong strengths, the attorneys in Shanghai and Beijing representative offices have strong capabilities, and are convenient in communications and exchanges.

Abstract II: The statistics from the Supreme Court showed that there are a total of 81 subpoenas that were served, involving 48 enterprises.

Abstract III:







**Translation of BNBMPLC-E-0059977**

