UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO INTERVENE

Intervening Plaintiffs, Ronald Stanfa, et al., have filed a motion to intervene in the above-captioned class action complaint. All Intervening Plaintiffs are absent class members and are similarly siutated to the *Bennett* plaintiffs, because they have all been able to identify the Knauf Defendants as manufacturer of the defective drywall in their homes. For this reason, and the reasons set forth below, Intervening Plaintiffs have a strong interest in the pending *Bennett* case and their motion to intervene should be granted.

### BACKGROUND

The *Bennett* Class Action Complaint was originally filed in the United States District Court for the Northern District of Alabama on behalf of Plaintiff Elizabeth Bennett and other similarly situated owners and residents of real property containing defective Chinese-manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by the Defendants Gebrueder

Knauf Verwaltungsgesellschaft, KG, et al.  Through a Conditional Transfer Order, the case was transferred to this court in 2015.

The *Bennett* Complaint asserts the following claims against the named Knauf entities: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express and/or implied warranty; 5) redhibition; 6) Louisiana Products Liability Act; 7) private nuisance; 8) negligent discharge of a corrosive substance; 9) unjust enrichment; 10) violation of consumer protection acts; and, 11) equitable and injunctive relief and medical monitoring.  Intervening Plaintiffs wish to pursue these very same claims against the named defendants.  Accordingly, Intervening Plaintiffs adopt and incorporate all substantive allegations contained in the most-recent amended *Bennett* complaint (R. Doc. 21234) for the purpose of this motion, based on Rule 24(c) of the Federal Rules of Civil Procedure.  A copy of Intervening Plaintiffs' pleading is attached hereto as an exhibit; additionally, notice will be served on counsel for the Knauf Defendants via the Court's CM/ECF System, as required by Rule 5 and Rule 24 of the Federal Rules of Civil Procedure.

## ARGUMENT

Under Rule 24(b) of the Federal Rules of Civil Procedure, labeled "Permissive Intervention" a court may allow any party to intervene when the party shares a common question of law or fact with the main action.   In this instance, each Intervening Plaintiff shares common questions of law or fact with the main action.

The federal courts have adoped a liberal application of the permissive intervention rule, but this Court must exercise its own sound discretion and must make a thoughtful determination when considering the potential adverse impact on the original parties.  *See United States v. Grand Trunk Western Railroad Co.*, 95 F.R.D. 463 (W.D. Mich.1980).  Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides that intervention is permissible when an applicant

"has a claim or defense that shares with the main action a common question of law or fact." The Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Stated differently, if there is a common question of law or fact, the requirement of the rule has been met and then it is within the Court's discretion to allow or refuse intervention.

The claims of the Intervening Plaintiffs clearly involve common issues of law and fact with the *Bennett* action since the Intervening Plaintiffs are absent class members. Further, the Intervening Plaintiffs are aligned with and have adopted the allegations of the *Bennett* complaint in their entirety; therefore, intervention is entirely appropriate.

The Court should allow intervention here just as it has done in multiple instances involving both Taishan and Knauf-related complaints perviously filed in this MDL. (*See, e.g.*, Rec. Doc. 1776). It is also true that none of the impediments to intervention exist in this instance – permitting intervention by these plaintiffs will not unduly delay or prejudice the adjudication of the rights of the original parties. In *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F. Supp. 252, 257 (D.C.Ill.1962), *aff'd*, 315 F.2d 564 (7th Cir.1963), the court noted that this language is "a caution to the court so that in its zeal to avoid a multiplicity of suits it will not hamper or vex the claims of the original parties." These unwarranted concerns do not apply since the Intervening Plaintiffs will be represented by the undersigned counsel and will be pursuing identical claims to those asserted by the other plaintiffs in *Bennett*. Moreover, the Intervening Plaintiffs are not naming any additional defendants.

Allowing intervention under these circumstances will neither delay the proceedings in *Bennett* nor prejudice the original parties. As the Court is aware, service of the *Bennett* complaint has been time consuming due to the constraints imposed by the Convention on the

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (i.e., the "Hague Service Convention").  Several of the foreign defendants named in the *Bennett* complaint are still in the process of being served.  The *Bennett* plaintiffs arranged long ago for the complaint, summonses, Hague-related forms, and all translated versions of these documents to be served on three entities in China and to date service has not been perfected.  Due to the delay caused by service in China, the *Bennett* proceedings are technically in their infancy even though the action was initiated in late-2014.  Consequently, as no counsel has appeared on behalf of those three Chinese Knauf entities, the Plaintiffs have been unable to initiate necessary discovery on those entities to date.  And, due to the dilatory process employed by the Chinese courts with regard to Hague-related service in this case, there will be no delay and the Court should permit this intervention.

## CONCLUSION

None of the reasons for denying this intervention suggested by Rule 24 of the Federal Rules of Civil Procedure are present.  No party will be prejudiced and the proceedings will not be delayed; consequently, the Intervening Plaintiffs' Motion to Intervene in *Bennett* should be granted.

DATED:  August 31, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Intervening Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion To Intervene has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 31st day of August, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC