**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL ACTIONS** | **SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF**
**MOTION TO CERTIFY THE COURT'S ORDER AND REASONS**
**OF MARCH 10, 2016 PURSUANT TO 28 U.S.C. §1292(b)**

## I.    INTRODUCTION

Not even the Defendant's deftly crafted Response can conceal the obvious import of

Plaintiffs' motion to certify the Court's order of March 10, 2016 for an interlocutory appeal. The

Court's determination that the State-owned enterprise, CNBM group, was presumptively

immune from process presents a quintessential question of law justifying appellate review. In

particular, the Defendant's suggestion that a substantial ground for difference of opinion as to

whether *Dole Food's* requirement for direct ownership by a State is not met in this instance,

where there exists an intermediary entity holding 100% ownership of CNBM Group, is just not

credible. This is proven by the Defendant having to resort to accusing Plaintiffs of waiving our

argument, even when the record is clear that the issue was raised, argued before the Court, and

preserved. The Defendant's final argument that the matter is untimely is equally bereft since 28

U.S.C. § 1292(b) contains no time limit for filing a request for certification.

1

As the leader of the Taishan Defendants' scheme to delay and protract these proceedings interminably, CNBM Group's opposition to an appeal that would hasten a final order is yet another example of its complicity in the scheme to needlessly protract this litigation. Therefore, this Court should reject the Defendant's misguided opposition and certify the March 10, 2016 order for immediate review, just as it has for its other jurisdictional rulings.

## II.   ARGUMENT

### A.   DEFENDANT'S CHALLENGES THAT ALL THE CRITERIA FOR CERTIFICATION UNDER § 1292(B) ARE NOT PRESENT FAIL

#### 1)   Plaintiffs have Presented a Controlling Question of Law.

CNBM Group contends that Plaintiffs were unable to articulate a controlling question of law.  The Defendant argues that all Plaintiffs have presented is a question of fact about whether CNBM Group is presumptively immune because it is a State-Owned Enterprise or whether the commercial activity or tortious conduct exceptions to the FSIA applied to it.  But there is no dispute that this Court earlier ruled on two separate occasions that CNBM Group is completely owned by the State-owned Assets Supervision and Administration Commission or SASAC.[1] And it is equally true that the same affiant, Jainglin Cao, who represented in the FSIA proceedings that "CNBM Group is directly and wholly owned by the State,"[2] publicly contradicted himself by signing BNBMPLC's Annual reports stating that SASAC owns CNBM

---

[1] This Court twice determined that "SASAC owns 100% of the CNBM Group." *See In re: Chinese-Manufactured Drywall Prod. Liab. Litig.*, 706 F.Supp.2d 655, 663 (E.D. La. 2010) (Germano Findings of Fact); *In re: Chinese-Manufactured Drywall Prod. Liab. Litig.,* 2014 WL 4809520, *5 (E.D. La. Sept. 26, 2014) (Class Certification Findings of Fact).

[2] Rec. Doc. 19527-6 at ¶4.

Group 100%.[3]  Plus, CNBM Group avoids entirely Plaintiffs' arguments regarding its

commercial activity and tortious conduct.[4]  But the defense's focus on these factual matters miss

the mark.

Notwithstanding the Defendant's attempt to elevate the matter into a purely factual

disagreement, Plaintiffs, citing WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE

§ 3930, established that a controlling question is one where an incorrect ruling would require

reversal or its resolution on appeal would save the court and the parties time and expense.

Defendant presented no challenge to this authority.  How could it?  CNBM Group cites to cases

such as *Singh ex. rel. Singh v. Caribbean Airlines Ltd*., 798 F.3d 1355, 1358 (11th Cir. 2015),

which expressly holds that "whether [an entity] qualifies for jury immunity under the FSIA is a

question of law."

Having dispelled the factual/legal conundrum presented by the Defendant, it is plain from

*Dole Food*, that "only *direct* ownership of a majority of shares by the foreign state satisfies the

statutory requirement."[5]   To meet this standard, the Court incorrectly ruled that "CNBM Group

qualifies as an 'agency or instrumentality of a foreign state' within the meaning of FSIA because

a majority of its shares are owned by a foreign state, namely the People's Republic of China.

CNBM Group is a State-owned company incorporated under the Chinese law; it enjoys the rights

---

[3] Plaintiffs' Brf. at 17 n. 7 (Rec. Doc. 21533-1).

[4] In Plaintiffs' Steering Committee's Supplemental Memorandum in Support of Its Motion to Certify the Court's Order and Reasons of March 10, 2016 Pursuant to 28 U.S.C. §1292(B) (Rec. Doc. 21662), the PSC provided further proof of CNBM Group's engagement in commercial activities and tortious conduct that impacted Plaintiffs in the United States.  In addition, these documents corroborate the separation between CNBM Group and the PRC due to the presence of SASAC, which further disproves any direct ownership of the PRC of CNBM Group as required by *Dole Food*.

[5] *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003) (emphasis added).

of a separate corporate legal person; and it is—and was, at the time this suit was filed—directly

and wholly owned by the People's Republic of China ("PRC")."[6]  This completely erroneous

determination led to a misapplication of the *Dole* standard, and presents the controlling question

of law of whether CNBM Group qualifies for sovereign immunity.[7]  As this Court previously

noted, "questions of jurisdiction" are especially appropriate for 1292(b) certifications.  *In re*

*Chinese-Manufactured Drywall Prod. Liab. Litig.*, Order & Reasons at 12 (E.D. La. Aug. 4,

2017) (Rec. Doc. 20890).  Thus, the first element of §1292(b) is satisfied.

### 2)  Plaintiffs Established that a Substantial Ground for Difference of Opinion Exists Over Whether CNBM Group is Presumptively Immune Because it is a State-Owned Enterprise.

To avoid the fact that a substantial ground for difference of opinion exists over CNBM

Group's ownership status by the PRC or SASAC, the Defendant contends that Plaintiffs'

contention that the *Dole* standard was misapplied in this case -- because SASAC was the

intermediary owner of CNBM Group and the PRC was not the direct owner -- was never before

raised.  Def.Brf. at 9.  It therefore contends that the matter has been waived.  The Defendant is

mistaken.

The Transcript of the Hearing of December 8, 2015 (Rec. Doc. 21533-2), disproves the

Defendant's erroneous contention.  At that hearing, Mr. Levin argued:

> Well, this CNBM Group is owned by SASAC, an
> intermediate group that we have served just recently in a
> lawsuit. It is not -- strike that.

---

[6] O&R at 22.

[7] Defendant's reliance on *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) is misplaced as that court recognized that the district court' opinion was based on an expert whose "testimony was not uncontradicted."  Here, however, not only does Mr. Cao's FSIA declaration contradict his prior public announcements, the District Court's FSIA ruling is at odds with its two prior rulings.

4

> It is not owned by the People's Republic of China.
> The Dole case that was cited is very, very important,
> Your Honor.
> If the PRC does not own the Company, and SASAC owns the
> Company, then under the Dole case there is no sovereign
> immunity, and the defendant cannot escape that. They can't
> escape it by their own words, of their own subsidiaries.
> That is about the most important thing that I could say
> today: We can never have to reach commercial activities.
> We will, if we have to.
> We don't have to reach alter ego.
> We will, but we don't have to.
> They are not entitled to sovereign immunity.

*Id.* at 43:6-21.  This of record transcript confirms that the matter was raised, argued, and preserved.

Having proven the Defendant's principal argument false, its alternative argument that "the relationship between the PRC, SASAC, and CNBM is fact-dependent" fares no better.  Def. Brf. at 9-10.  To support this so-called factual argument, CNBM Group resorts to interpretation of Chinese law on State-Owned Assets in Enterprises, Articles 3, 4, 11.  *Id.* at 10, citing Rec. Doc. 19329-1.  But this Court is the final interpreter of the law, even Chinese law, and the Supreme Court has admonished the federal judiciary to be wary of pronouncements of Chinese law by Chinese defendants, even when they are the Embassy of the PRC (Rec. Doc. 19329-1) or the Chinese government itself.  *See Animal Science Prod., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, 138 S.Ct. 1865, 1869 (2018) (only "respectful consideration" is due).  And on this score, a substantial ground for difference of opinion exists over the *Dole* standard's application to the facts of this case.

### 3) Plaintiffs Established that the Resolution of This Appeal Would Materially Advance the Ultimate Termination of the Litigation.

Tellingly, CNBM Group does not meaningfully dispute this last element of the § 1292(b) analysis. Its argument that "little efficiency" would result from the appeal is risible. Def. Brf. at 6. There is little doubt that appellate review of the legal question presented by this Court's jurisdictional determination of CNBM Group's immunity would materially advance the ultimate termination of the litigation. At a minimum, it would "eliminate complex issues" regarding jurisdiction, which lie at the heart of the claims against CNBM Group. *In re Stewart*, Civ. No. 09-3232, 2009 WL 2461675, at *2 (E.D. La. Aug. 7, 2009). Thus, the last of all three elements required for statutory review has been satisfied.

### B. PLAINTIFFS' REQUEST FOR CERTIFICATION IS TIMELY.

As anticipated, CNBM Group contends that the instant motion is untimely, in part, because two Olympics occurred in between the Court's FSIA ruling and the instant motion. But just as the late Reverend Martin Luther King Jr. recognized that, "the arc of the moral universe is long, but it bends toward justice,"[8] so too the Olympic legal marathon that the Plaintiffs have endured over the past 9+ years demands justice. To now contend as CNBM Group does that certification of this Court's FSIA ruling should not join the pantheon of other MDL 2047 jurisdictional issues on appeal now before the Court of Appeals for the Fifth Circuit is a disservice to the Plaintiffs. There is no authority provided by CNBM Group which prohibits the certification of this Court's FSIA Jurisdiction order for an immediate appeal at this juncture. None exists. Section 1292 is silent on the matter.

---

[8] Martin Luther King, Jr., *Out of the Long Night,* THE GOSPEL MESSENGER at 14, Column 1 (February 8, 1958), available at https://archive.org/details/gospelmessengerv107mors.

Instead, Plaintiffs have provided good grounds for certification at this point in time in light of the combination of the Fifth Circuit's order accepting the interlocutory appeal of this Court's April 21, 2017 Order on June 20, 2018, and the June 14, 2018 opinion of *Animal Science*. Having "articulate[d] a reason for the delay," *Abbey v. United States*, 89 Fed. Cl. 425, 430 (2009), there is no justification for denying review based on timeliness.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, this Court should certify its March 10, 2016 O&R for immediate review.[9]

Respectfully submitted,

Dated:  September 5, 2018

By: */s/ Russ M. Herman*
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Nicola F. Serianni (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

---

[9] Alternatively, the Court may in its discretion treat the matter as a motion for reconsideration.

7

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

## OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 5th day of September, 2018.

*/s/ Leonard A. Davis*
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*