IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-01395 (E.D. La.) (LA)<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-1673 (E.D. La.) (VA) | |

**THE PLAINTIFFS' STEERING COMMITTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION TO STAY ALL FLORIDA CLAIMS ON LOUISIANA AND VIRGINIA *AMORIN* COMPLAINTS AND THE PSC'S OPPOSITION TO TAISHAN'S MOTION TO DISMISS FLORIDA CLAIMS FROM THE LOUISIANA *AMORIN* COMPLAINT**

The Plaintiffs' Steering Committee ("PSC") submits this Omnibus Reply Memorandum in Support of its Motion to Stay all Florida Claims on Louisiana and Virginia *Amorin* Complaints [Rec. Doc. 21639] and in Opposition to Taishan's Motion to Dismiss Florida Claims from the Louisiana *Amorin* Complaint [Rec. Doc. 21729].[1]

There is no question that the intricacies and dynamic state of this case are in large part a result of the length of time this case has been pending and Defendants' misrepresentations throughout this case regarding the Chinese drywall they manufactured and shipped to customers in the United States.[2] Yet, Defendants conveniently ignore their own misconduct that prevented

---

[1] The CNBM and BNBM Defendants opposed the PSC's Motion to Stay [Rec. Doc. 21728], however, for some unknown reason, instead of opposing the Motion to Stay, the Taishan Defendants filed a Motion to Dismiss [Rec. Doc. 21729].

[2] For example, in their April 2, 2012 motion to dismiss for lack of personal jurisdiction, the Taishan Defendants denied targeting American customers for sales of their drywall. Incredibly, Taishan claimed it made *only two sales* of drywall to a Virginia company and *two sales* to Louisiana customers, but allegedly

this case from being prosecuted in a traditional fashion from the outset and they make it seem as if the procedural anomalies of this case are solely a result of Plaintiffs' actions.[3]  Nevertheless,

---

the Company had no idea where that drywall ended up [*see* Rec. Doc. 13490].  We now know those statements were untrue.  From 2005-2008, Taishan targeted numerous customers in Louisiana, Florida, Virginia, and other states in order to sell 86 million square feet of its drywall worth over $8 million, knowing that drywall was intended for installation in homes throughout the country.  *See*, *generally*, *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) and 753 F.3d 521 (5th Cir. 2014).

Moreover, Taishan repeatedly denied manufacturing ProWall drywall, which led to the unfair dismissal of certain Plaintiffs' claims based on ProWall, requiring the filing of a 60(b) Set Aside Motion.  That Set Aside Motion is still pending [*see* Rec. Doc. 20333].  In fact, Plaintiffs are in the process of updating their evidence demonstrating that it is certainly more likely than not that Taishan manufactured ProWall.

[3] The tortured history of these proceedings began when Taishan and its parent BNBM and CNBM companies crafted an elaborate plan to avoid these suits first by ignoring the complaints served on them under The Hague and then by allowing default judgments to be entered, after which they instructed Taishan to enter a limited appearance solely to contest jurisdiction and attempt to vacate the defaults.  Taishan, through a sworn affidavit of its Chairman JIA Tongchun, claimed it entered the litigation late because it did not understand the American justice system.  We now know that was a false assertion.  Taishan, with assistance from American lawyers, including Orrick, deliberately planned to avoid answering the Complaints because Defendants were confident that American citizens would not be able to execute on judgments obtained here (since Defendants have no assets in the U.S.).  *See In re Chinese-Manufactured Drywall Products Liab. Litig.*, 2018 WL 279629, at *10 (E.D. La. Jan. 2, 2018) (Defendants' "refusal to participate was deliberate. [Defendants] had knowledge of the ongoing litigation prior to the default judgments.").  Indeed, Orrick was involved with this litigation long before any of the BNBM or CNBM entities appeared.  *See*, *e.g.*, Rec. Doc. 14215-4 (Herman Aff. Ex. 144, letter dated October 13, 2010 from James Stengel to Arnold Levin advising that "we [Orrick] have been retained by BNBM.").  Despite Orrick's retention by BNBM in 2010, BNBM did not enter its appearance in these proceedings until five years later in 2015.  *See also* Rec. Doc. 19420-2 (Hogan Lovells Privilege Log identifying emails going back to 2010, in which Taishan's counsel Hogan Lovells was communicating with Messrs. Stengel and Vejnoska (who now represent both the BNBM and CNBM entities) about Defendants' representation in this litigation); Rec. Doc. 21533 (PSC Motion to Certify the Court's Order and Reasons of March 10, 2016 pursuant to 28 U.S.C. §1292(b)).  Therefore, Defendants' disclaimers about what they knew when should be discounted and/or disregarded altogether, considering the facts uncovered about their plan all along to avoid paying any judgments to American victims of Chinese drywall.  *E.g.*, Transcript of August 15, 2018 hearing at 25:9-13 (Mr. Stengel: "I am not going to address what happened before we got involved in the litigation because I simply don't know. But if you take the span of the case since the parties re-entered and re-engaged it's been a little slow, but we've largely been engaged.").

after nearly a decade, Defendants' delay tactics and legal maneuvers to avoid judgments have enabled the litigation to take one step forward and two steps back.

All parties readily concede the *Amorin* complaints now pending both before this Court and the Southern District of Florida are identical.[4] All parties likewise admit that the Florida claims that were remanded should proceed before the Southern District of Florida. What the parties disagree upon, however, is the procedural method for dealing with the Florida claims in the MDL. The PSC seeks to stay those claims as a protective measure while the claims proceed before Judge Cooke, while Defendants, not surprisingly, seek to dismiss with prejudice all of the Florida claims in the Louisiana *Amorin* Complaint.[5]

Defendants go to great lengths to argue that a stay is inappropriate as allegedly no good reason exists to keep the Florida claims alive in the MDL, yet Defendants never address why merely staying these claims, rather than dismissing them, would be an abuse of this Court's discretion. The reason for this should be obvious – it is precisely within the Court's discretion to stay all Florida *Amorin* claims pending their resolution in Florida. Moreover, under Fifth Circuit law, dismissal of claims in a protective action that was filed to preserve jurisdiction would

---

[4] Plaintiffs have moved for a stay of the non-Florida claims in the Southern District of Florida. *See Amorin et al. v. Taishan Gypsum Co., Ltd.,* No. 11-22408 [Fla. Rec. Doc. 49] (S.D. Fla. August 24, 2018) (attached hereto as Exhibit "A"). While this motion has not been ruled on, at the initial status conference on July 13, 2018, Judge Cooke responded: "So you're telling me after nine years of cases going around, I'm going to dismiss them?" when counsel for Taishan argued that the non-Florida claims should be dismissed rather than stayed. *See Amorin, et al. v. Taishan Gypsum Co., Ltd.*, No. 11-22408 [Fla. Rec. Doc. 40] (S.D. Fla. July 18, 2018) (Status Conference from July 13, 2018 Tr., at 13:8-10) (attached hereto as Exhibit "B").

[5] At this juncture, given the Court's Suggestion of Remand for the Virginia claims, the PSC seeks to stay the Florida claims from only the Louisiana *Amorin* Complaint. The PSC will similarly move to stay the Florida claims from the Virginia *Amorin* Complaint once that remand is complete, just as the PSC has done with regard to the non-Florida claims before Judge Cooke. *See* Footnote 4, *supra.*

constitute error. *See Burger v. Am. Mar. Officers Union*, 1999 WL 46962, at *2 (5th Cir. Jan. 27, 1999) (finding "that the district court abused its discretion in dismissing the claims against [Defendants] with prejudice rather than staying the proceedings or dismissing the claims without prejudice."); *see also Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 219 (3d Cir. 2016) (en banc) ("in suits for damages 'at law,' [Supreme Court] precedents generally only 'permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether.'" (quoting *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 719 (1996)); *cf.* 17A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Vikram David Amar, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4247, at 433-38 (3d ed. 2007); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3854 & n.12, at 339-43 (4th ed. 2013) (collecting cases) (although some of the cases collected by Wright and Miller involve dismissals under the first-filed rule, Wright and Miller do not suggest that dismissals are advisable or even appropriate); 17 MOORE'S FEDERAL PRACTICE ¶ 111.13[1] [o] [ii] [A] (3d ed. updated through 2016) ("[i]f the first-filed action is vulnerable to dismissal on jurisdictional or statute of limitations grounds, the court in the second-filed action should stay it or transfer it, rather than outright dismiss it.").

As discussed in the PSC's Motion to Stay, the originating transferor courts where the *Amorin* complaints were filed were selected purposefully as those are the same states that Defendants targeted for sales of their drywall and where their products entered the U.S. market. At the time the *Amorin* Complaints were filed, Defendants were challenging jurisdiction in Louisiana, Florida, and Virginia, and most recently, Defendants challenged jurisdiction again

based on *Bristol-Myers*. If Defendants' position in favor of outright dismissal with prejudice is adopted, not only would Plaintiffs be prejudiced since they endorsed this litigation strategy to preserve their rights to file protective actions to address potential venue-specific personal jurisdiction and statute of limitation defenses, but the non-Florida, Louisiana, and Virginia claimants would essentially have to prove jurisdiction independently of the significant ports once the three *Amorin* complaints are remanded out of the MDL.[6]

Meanwhile, Defendants will not suffer any prejudice if the Florida *Amorin* claims are stayed, because a stay will have the identical impact on them as a dismissal. A stay will not require Defendants to engage in any discovery or motion practice regarding these Plaintiffs in this Court, and the Florida Plaintiffs' claims will, for all intents and purposes, be removed from this Court's management docket. The same cannot be said for Plaintiffs' interests, however, since a dismissal would result in prejudice to the Florida Plaintiffs if dismissal is deemed to be some type of abandonment or non-suit of these Plaintiffs' claims. Simply stated, a dismissal would negatively impact the rights of the Florida claimants without any corresponding benefit to the Court or Defendants.

A stay applicable to the Florida claimants would serve the interests of judicial economy as that is precisely what the Court is currently doing in relation to attorneys' fees. The PSC submits that granting a stay is squarely within this Court's discretion and respectfully moves this Court to

---

[6] The Florida *Amorin* complaint was remanded to the Southern District of Florida on June 6, 2018. *See Amorin v. Taishan*, [Fla. Rec. Doc. 13]. This Court entered a suggestion of remand for the Virginia *Amorin* complaint on August 20, 2018 [MDL Rec. Doc. 21695]. The JPML will likely endorse Your Honor's suggestion and soon remand the Virginia *Amorin* claims out of the MDL. Likewise, it is expected that Your Honor will take the same approach for the Louisiana *Amorin* claims considering oral argument was held on the parties' trial plan proposals on August 15, 2018.

exercise its inherent power to control the disposition of claims on its docket and stay all Florida *Amorin* claims, and any other prospective claims that are remanded out of the MDL, while those claims run their course in other jurisdictions.

Dated: September 6, 2018                         Respectfully submitted,

By: /s/ Russ M. Herman
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Nicola F. Serianni (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios (on the brief)
Emma Kingsdorf Schwab (on the brief)
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gesham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Voluntary Dismissal has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 6th day of September, 2018.

/s/ Russ M. Herman
Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN & KATZ, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
*Plaintiffs' Liaison Counsel*
*MDL 2047*