UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 <br> SECTION: L <br> JUDGE FALLON <br> MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO: <br><br> *Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-080 (E.D. La.) <br><br> *Almeroth, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 12-cv-498 (E.D. La.) <br><br> *Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 10-cv-932 (E.D. La.) <br><br> *Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 09-cv-6687 (E.D. La.) <br><br> *Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-cv-6690 (E.D. La.) <br><br> *Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077 (E.D. La.) <br><br> *Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 10-cv-361 (E.D. La.) | |

**CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF
MOTION TO ESTABLISH SETTLEMENT FUND
(ATTORNEY FEE) AND TO APPOINT FUND
<u>ADMINISTRATOR (ASSIGNED CLAIMS SETTLEMENT)</u>**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted in support of the Motion to Establish Settlement Fund (Attorney Fee) and to Appoint Fund Administrator (Assigned Claims Settlement) filed by Class Counsel.

On July 19, 2018, the Court entered an Order and Judgment Pursuant to F.R.C.P. 54(B) Granting Final Approval of the Settlement of Assigned Claims in MDL 2047 on Behalf of the Porter-Blaine/Venture Supply Class Regarding Claims Assigned to the Class by the Porter-Blaine/Venture Supply Participating Defendants and Participating Insurers Against Taishan gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. [Rec. Doc. 21544].

The Assigned Claims Settlement provides for a Settlement Amount wherein Taishan will pay $1,978,528.40 as the Settlement Amount. Section 4.1 of the Assigned Claims Settlement provides that the Settlement Amount shall be deposited into the Escrow Account within sixty (60) days of the Effective Date of the Settlement. To facilitate payment, Plaintiffs' Class Counsel has provided Taishan with an invoice for the Settlement Amount, which included wiring instructions, among other things. Settlement funds are to be deposited and held in accordance with specific provisions of the Assigned Claims Settlement.

Section 13.1 of the Assigned Claims Settlement addresses the allocation of the Settlement Funds among Eligible Class Members. Section 13.4 of the Assigned Claims Settlement provides that all costs of administering the allocation of Settlement Amount and the cost of notice to Class Members will be paid out of the Settlement Amount. Further, Section 13.6 of the Assigned Claims Settlement provides that Class Counsel, common benefit attorneys and privately retained attorneys for all Class Members shall be entitled to petition the Court for attorney's fees totaling in the

aggregate up to 32% of the Settlement Funds, and reimbursement of reasonable expenses, excluding the cost of notice.[1]

The Assigned Claims Settlement allows for reimbursement of reasonable expenses. This amount should be preliminarily set at 2% of the Settlement Amount, or $39,570.57, which should be withheld from the Settlement Amount so that reimbursement of expenses incurred can be paid. Notice was provided to members of the Class via first class United States Mail and posting on websites. Expenses incurred in connection with cost of notice included copy cost and expenses reimbursed to Venture Supply attorneys. The cost are identified on the attached Exhibit "A" which includes back-up supporting documentation. This amount totals $14,936.58 and should be reimbursed at this time from the 2% of the Settlement Amount ($39,570.57).

It is in the best interest of all parties, for the Court to authorize the deposit into the registry of the Court, through the Clerk of Court for the United States District Court, Eastern District of Louisiana of an amount totaling in the aggregate up to 32% of the Settlement Funds or $633,129.09, so that these funds will be held until the Court issues an Order awarding attorney's fees. Further, the Court should authorize the remaining 68% of the Settlement Funds, after reimbursement of reasonable expenses to be deposited with Garretson Resolution Group ("GRG") to allocate the Settlement Funds among eligible Class Members on a prorate basis in accordance with the Settlement payment amounts made in the Porter-Blaine/Venture Supply Settlement pursuant to the Revised Proposed Plan of Allocation [Rec. Doc. 16823-8) approved by this Court as fair and equitable [*see* Rec. Doc. 16934 at pp 41-43], all as provided for in the Assigned Claims Settlement.

---

[1] At a later date, Class Counsel will petition the Court for an award of attorney's fees, but at this time, request that 32% of the Settlement Funds be segregated and set aside pending a determination by the Court.

The Settlement Fund (Attorney Fee) in the amount of $633,129.09[2], shall be placed on deposit with the Clerk of Court of the United States District Court for the Eastern District of Louisiana. The Clerk of Court for the United States District Court, Eastern District of Louisiana, shall be the depository and will hold and invest the monies in accordance with the Orders of the Court. Statements shall be issued and provided on a routine basis to Class Counsel, the Court and Philip Garrett, the Court Appointed CPA.

This Court has jurisdiction over this matter and Class Counsel, common benefit attorneys and privately retained attorneys for all Class Members shall be entitled to petition the Court for attorney's fees from the amounts deposited in the Settlement Fund (Attorney Fee) Account. The determination of any attorney's fees, including the allocation between and amongst the petitioning attorneys, shall be determined by the Court and until such time as the Court makes a ruling, the funds shall be subject to the continuing jurisdiction of this Court. To the extent possible, the terms of the Court's Order shall be construed so as to prevent any attorney from being in constructive receipt, as determined under federal income tax principles, of any amounts held in the Settlement Fund (Attorney Fee) account.

The net settlement monies to be allocated[3] amongst eligible Class Members in the amount of $1,305,828.74[4] shall be provided to GRG and distributed in accordance with the Plan of Allocation attached hereto as Exhibit "B." No portion of such monies shall be made available to Claimants except as specifically set forth herein. Until such time as monies are distributed,

---

[2] In addition to this amount, the funds representing 2% of the Settlement Amount to pay reasonable expenses ($39,570.57) should also be deposited into the Court's registry pending further Orders of the Court allowing for reimbursement of expenses. Request for reimbursement is now made in the amount of $14,936.58, as more fully described on Exhibit "A".

[3] After deduction of 2% of the Settlement Amount ($39,570.57).

[4] The actual GRG costs will be paid; however, at this time, the GRG estimated costs in the amount of $57,375.00 have been deducted, leaving total amount of monies to be allocated at $1,248,453.74, as is more fully set forth in Exhibit "B" attached hereto.

Claimants shall not possess any rights to demand or receive any portion of the monies or to mortgage, pledge, or encumber the same in any manner. To the extent possible, the terms of the Court's Order shall be construed so as to prevent Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

Dated: September 14, 2018                         Respectfully submitted,

/ Russ M. Herman

| | |
|---|---|
| Arnold Levin | Russ M. Herman, Esq. (Bar No. 6819) |
| Sandra L. Duggan | Leonard A. Davis, Esq. (Bar No. 14190) |
| Keith J. Verrier | Stephen J. Herman, Esq. (Bar No. 23129) |
| LEVIN SEDRAN & BERMAN LLP | HERMAN, HERMAN & KATZ, LLC |
| 510 Walnut Street, Suite 500 | 820 O'Keefe Avenue |
| Philadelphia, PA 19106 | New Orleans, LA 70113 |
| Phone: (215) 592-1500 | Phone: (504) 581-4892 |
| Fax: (215) 592-4663 | Fax: (504) 561-6024 |
| Alevin@lfsblaw.com | rherman@hhklawfirm.com |
| *Plaintiffs' Lead Counsel in MDL 2047 and Class Counsel* | *Plaintiffs' Liaison Counsel in MDL 2047 and Class Counsel* |
| | |
| Richard J. Serpe (on the Brief) | Richard S. Lewis |
| LAW OFFICES OF RICHARD J. SERPE | Kristen Ward Broz |
| Crown Center, Suite 310 | HAUSFELD LLP |
| 580 East Main Street | 1700 K St. NW, Suite 650 |
| Norfolk, VA 23510-2322 | Washington, D.C. 20006 |
| Phone: (757) 233-0009 | Phone: (202) 540-7200 |
| Fax: (757) 233-0455 | Fax: (202) 540-7201 |
| rserpe@serpefirm.com | rlewis@hausfeldllp.com |
| *Class Counsel* | |

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 14th day of September, 2018.

    /s/ Leonard A. Davis  
    Leonard A. Davis, Esquire  
    Herman, Herman & Katz, L.L.C.  
    820 O'Keefe Avenue  
    New Orleans, Louisiana 70113  
    Phone: (504) 581-4892  
    Fax: (504) 561-6024  
    Ldavis@hhklawfrm.com