UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Abel, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-080 (E.D. La.)<br><br>*Almeroth, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 12-cv-498 (E.D. La.)<br><br>*Amato, et al. v. Liberty Mutual Insurance Company*, Case No. 10-cv-932 (E.D. La.)<br><br>*Germano, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 09-cv-6687 (E.D. La.)<br><br>*Gross, et al. v. Knauf Gips, KG, et al.*, Case No. 09-cv-6690 (E.D. La.)<br><br>*Haya, et al. v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Case No. 11-cv-1077 (E.D. La.)<br><br>*Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Case No. 10-cv-361 (E.D. La.) | |

**O R D E R**

Considering the Motion to Establish Settlement Fund by Class Counsel, and further considering that on July 19, 2018, the Court entered an Order and Judgment Pursuant to F.R.C.P. 54(B) Granting Final Approval of the Settlement of Assigned Claims in MDL 2047 on Behalf of the Porter-Blaine/Venture Supply Class Regarding Claims Assigned to the Class by the Porter-

Blaine/Venture Supply Participating Defendants and Participating Insurers Against Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. [Rec. Doc. 21544]. and that the Assigned Claims Settlement provides substantial benefits to the Class Members and together constitute a significant recovery to the Class Members;

IT IS ORDERED THAT:

1. The Settlement Fund (Attorney Fees) shall be an account set up within the Registry of the Court, United States District Court for the Eastern District of Louisiana of an amount totaling in the aggregate up to 32% of the Settlement Funds or $633,129.09 ("Registry Account").

2. Garretson Resolution Group ("GRG") shall be the Administrator of the Settlement Fund, which shall be in the amount of remaining 68% of the Settlement Funds, after reimbursement of reasonable expenses as set forth on the attached Exhibit "A". The Court authorizes and directs reimbursement of the expenses in the amount of $14,936.58 outlined on Exhibit "A" to Class Counsel at this time out of the 2% of the Settlement Fund ($39,570.57). The amounts deposited with GRG shall be allocated as the Settlement Funds among eligible Class Members on a prorate basis in accordance with the Settlement payment amounts made in the Porter-Blaine/Venture Supply Settlement pursuant to the Revised Proposed Plan of Allocation [Rec. Doc. 16823-8) approved by this Court as fair and equitable [*see* Rec. Doc. 16934 at pp 41-43], all as provided for in the Assigned Claims Settlement (see attached Exhibit "B" FILED UNDER SEAL).

3. GRG shall issue payment from the Settlement Fund, solely for the purposes set forth in the Assigned Claims Settlement.

4. Payment for GRG's Expenses and Fees:  GRG's expenses and fees shall be paid pursuant to an Agreement by and among GRG and the Class Counsel.  Payment of any taxes due on any income from the investment of the Settlement Fund shall be paid from the Settlement Fund.

5. Dispute Resolution.

In the event of any disagreement to this Order, or between any of the parties subject to this Order and any other person, resulting in adverse claims or demands being made with respect to the subject matter of this Order, or in the event that the Settlement Fund, in good faith, is in doubt as to any action it should take hereunder, the Settlement Fund may, at its option, refuse to comply with any claims or demands and refuse to take any other action, so long as such disagreement continues or such doubt exists, and in any such event, the Settlement Fund shall not be liable in any way or to any person for its failure or refusal to act, and the Settlement Fund shall be entitled to continue to so refuse to act and refrain from acting until (i) with respect to disputes relating to the Assigned Claims Settlement, the rights of all parties having or claiming an interest have been fully and finally resolved by the MDL Court.  The costs and expenses (including attorneys' fees and expenses) incurred by the Settlement Fund in connection with such proceedings shall be paid from the Settlement Fund.

6. Exclusive Benefit.

This Order shall not be deemed to give, either expressly or implicitly, any legal or equitable right, remedy, or claim to any other entity or person whatsoever.  No party may assign any obligations under this Order without amendment to this Order except that the Settlement Fund may resign upon the terms described in this Order.

7. Governing Law; Jurisdiction; Waivers.

This Order shall become effective immediately. Notwithstanding any other provision, the jurisdiction of this MDL Court is exclusive over this litigation, the Class Members and for the determination of all issues pursuant to this Order and the Settlement Fund including but not limited to administration, supervision, construction and enforcement of same, and also continuing and exclusive jurisdiction over any distributions. The MDL Court shall mean Judge Eldon E. Fallon presiding over MDL 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation*.

8. Instructions, Verification, Communications.

All instructions required under this Order shall be delivered to the Settlement Fund and the Clerk of Court for the Eastern District of Louisiana, in writing, in English (including in facsimile form). All notices and instructions shall be effective upon actual receipt.

9. Notices; Wiring Instructions.

(a) Any notice permitted or required hereunder shall be in writing in English, and shall be sent (i) by personal delivery, overnight delivery by a recognized courier or delivery service, or (ii) mailed by registered or certified mail, return receipt requested, postage prepaid, or (iii) confirmed telecopy accompanied by mailing of the original on the same day by first class mail, postage prepaid, in each case addressed to the address and person(s) designated below their respective signature hereto (or to such other address as any such party may hereafter designate by written notice to the other parties). Notices to the Settlement Fund shall only be deemed given upon actual receipt by the Settlement Fund. Whenever under the terms hereof the time for giving a notice or performing an act falls upon a Saturday, Sunday, or a banking holiday, such time shall

be extended to the next day on which the Settlement Fund is open for business.

(b) Any notices shall be sent:

If to Class Counsel

Arnold Levin
Sandra Duggan
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500

and

Russ Herman
Leonard Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue, Suite 100
New Orleans, LA 70113
Phone: (504) 581-4892

and

Richard Serpe
580 East Main Street
Suite 310
Norfolk, VA 23510
Phone: (757) 233-0009

If to GRG:

Matthew Garretson
Garretson Resolution Group
6281 Tri-Ridge Blvd.
Suite 300
Cincinnati, OH 45140

With a copy to:

Sylvius von Saucken
Garretson Resolution Group
6281 Tri-Ridge Blvd.
Suite 300
Cincinnati, OH 45140

If to Registry Account:

>Kim Lange
>Budget and Financial Administrator
>United States District Court
>Eastern District of Louisiana
>500 Poydras Street
>Room C151
>New Orleans, LA  70130

10.  Winding down.

GRG and Class Counsel are authorized, upon final distribution of all monies paid from the Settlement Fund, to take appropriate steps to wind down the Settlement Fund and thereafter, GRG and Class Counsel are discharged from any further responsibility with respect to the Settlement Fund, subject, however, to the survival of obligations specifically contemplated in this Order to survive.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this _____ day of _____, 2018.

>_____
>Eldon E. Fallon
>United States District Court Judge

6