UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047
SECTION: L

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS DOCUMENT RELATES TO:
*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*,
  Case No. 11-cv-1395
*Brooke, et al. v. State-Owned Assets Supervision and
Administration Commission of the State Council, et al.*,
  Case No. 15-cv-4127

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO THE MOTION OF CNBM AND BNBM ENTITIES TO REJECT THE PSC'S NOTICE OF CLARIFICATION REGARDING THE COMPOSITION OF THE *AMORIN* CLASS

  The Court asked a simple question during oral argument on the parties' competing trial plan proposals: Does the *Amorin* class include both current and former owners asserting claims for remediation damages related to Chinese Drywall manufactured by the Taishan Defendants? The simple and correct answer is yes. The *Amorin* class includes <u>all</u> owners of real properties with remediation claims against the Taishan Defendants. If there were any doubt as to the scope of the class, the Court-approved Notice explicitly stated that the *Amorin* Class "includes <u>all current *and* former owners</u> of properties in the United States containing drywall manufactured by [the Taishan] defendants …." Rec. Doc. 18028-1 at fn. 2 (emphasis added); Rec. Doc. 18086-18 at fn. 2 (emphasis added).

  This makes sense due to the fact that Plaintiffs' ownership of their properties changes over time – some who owned their homes when the litigation began or when the class was

1

certified have since sold their properties, perhaps through a short sale, or lost their homes through foreclosure or bankruptcy. The sale or loss of Plaintiffs' properties, however, does not vitiate their right to remediation damages against Defendants.

Under Louisiana law, former owners of property maintain the right to sue for damage to said property. Louisiana has adopted the subsequent purchaser rule to determine who has the right to sue for property damage:

> The subsequent purchaser rule is a jurisprudential rule which holds that an owner of property has no right or actual interest in recovering from a third party for damage that was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted.

*Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 79 So. 3d 246, 256 (La. 2011); *see also Guilbeau v. Hess Corp.*, 854 F.3d 310, 312 (5th Cir. 2017); *Walton v. Exxon Mobil Corp.*, 162 So. 3d 490, 497 (La. Ct. App. 2015); *Boone v. Conoco Phillips Co.*, 139 So. 3d 1047, 1053 (La. Ct. App. 2013). As a personal right, as opposed to a real right, an owner maintains the right to sue the tortfeasor even after the owner sells the property in question. *Eagle Pipe*, 79 So. 3d at 275.

Consequently, under the Louisiana subsequent purchaser rule, former owners of property with defective Chinese drywall possess the right to recover damages caused by the defective drywall while they owned the property. Former owners maintain the same right to recover as

current owners of property with defective drywall, even though the former owners no longer own the property in question.[1]

Defendants would like to limit the composition of the *Amorin* class to only current owners as a means to limit their exposure in this case. However, it would be extremely inequitable to arbitrarily exclude former owners (four years *after* the class of all owners was certified), especially since Defendants have done everything possible to delay these proceedings. In fact, Defendants' "delay tactics have permeated every aspect of Defendants' litigation strategy: from their initial failure to appear to their now perpetual motions to re-litigate settled matters." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 279629, *9 (E.D. La. Jan. 2, 2018).

Since even before the MDL was established, the Taishan Defendants were plotting to avoid paying any judgments in this case by refusing to answer the complaints against them and, "when necessary," only "provide documents that are beneficial to Taishan Company to the court that accepted the case."[2] Defendants, with advice from their American attorneys including Orrick, made a calculated decision to allow default judgments to be entered on the grounds that the U.S. does not have a treaty with China that supports mutual recognition and enforcement of judgments.[3] They manipulated these proceedings by coming in to challenge jurisdiction and vacate defaults, and after losing in the Fifth Circuit twice, by quitting the case and going back to

---

[1] Because the right to recover for property damage vests with the owner of the property at the time the damage occurs, the scope of recovery should also be measured as of this point in time, making remediation costs an appropriate method of compensation for former owners.

[2] *See* "Informational Report on the Class Actions Brought by the U.S. Parties Against Taishan Gypsum Company Limited" dated 5/11/2009 (attached hereto as Exhibit "A").

[3] *Id.*

China rather than face the consequences of their actions. The Plaintiffs who were current owners when this litigation started and have become former owners during the course of these protracted proceedings through no fault of their own should not be penalized due to the Defendants' misconduct during the litigation.

      This is not the first time Defendants have attempted to void the *Amorin* class proceedings. Since reentering the case, these defaulted Defendants have tried to undo every order this Court has entered. Defendants previously moved to decertify the *Amorin* class. Rec. Docs. 20627, 20631, 20632. That motion was denied. Rec. Doc. 20740. Then, Defendants moved to certify the denial of their decertification motion for immediate appeal pursuant to 28 U.S.C.§ 1292(b). Rec. Doc. 20780. The Court denied that motion as well, holding that "in light of the complex nature of this case and extensive history of the litigation, a class action is the superior mechanism for resolving these claims." Rec. Doc. 20910 at 13. Now, Defendants are in effect arguing, again, through their most recent "motion to reject" a simple notice of clarification regarding an answer provided by Lead Counsel during oral argument, that the *Amorin* class should be reconfigured, limited, or decertified to some extent. Meanwhile, they have advocated for a "trial plan" that would resolve only 24 individual *Amorin* cases (2% of the class) as a sampling of the array of cases in the litigation so they can get a deeper understanding of the value of these cases. The time to do that was back in 2009, not 2018. Again, these are more delay tactics to avoid a final judgment day.

      Defendants want to eliminate former owners from the class or at least reduce their damages due to foreclosures/bankruptcies, etc. that were caused by Defendants' refusal to fairly adjudicate these claims in the first place. They have no basis for this argument. The Plaintiffs'

Steering Committee rigorously proved that all elements of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3) were met for all owners of properties with remediation damages caused by Taishan's Chinese Drywall.  *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014).  Defendants were deliberately absent from the litigation when this occurred, despite proper notice and service of complaints against them.  In fact, Taishan was in civil and criminal contempt of court at the time.  *See* Rec. Doc. 17869.  Defendants were also absent when this Court approved the class notice that was sent to over 3,000 current and former homeowners with pending claims against the Taishan Defendants, informing them of the class certification and the hearing to assess class-wide damages.  These Plaintiffs have already waited more than nine years – and are still waiting – to have their claims resolved.

The fact that the class damages hearing addressed only current owners' claims for remediation damages, *see In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2017 WL 1421627, *14 (E.D. La. Apr. 21, 2017), is of no moment.  There was never even a suggestion that former owners would be excluded from the class.  And, it was always contemplated that there would be future phases to calculate Plaintiffs' non-remediation damages and to determine former owners' remediation damages.  Defendants are using this opportunity to attempt to relitigate a matter already determined.  These defaulted Defendants participated in the class damages hearing on June 9, 2015.  They had their chance to disprove Plaintiffs' remediation damages formula, and they were unsuccessful.

As this Court recently noted:

> [T]he problem that I am faced with is that we've been doing this
> for nine years now. Every step of the way the defendant has
> resisted looking at the case. I mean, we've had jurisdictional issues
> and a bunch of other things. It just is apparent -- it appears to me,

5

or at least it's a strong argument, that <u>the whole approach is just delay. Delay because people die, delay because they lose their homes, delay because they're frustrated and giving up</u>. And it's a method, and I am not talking about counsel, but it's just -- I don't know how much more I can give you to look at from the standpoint of bellwethers. I mean, we've discovered this case now for nine years. Even going to China to take depositions. And I think everybody knows the facts of this case pretty well, and it just seems to me that we're just – <u>we're finding ourselves in, you know, a Dickens kind of Bleak House where we just keep discovering and keep moving the case at glacial speed, and pretty soon the glacier melts and you don't have anything</u>. And that concerns me. I am trying to figure a way of just bringing this to a head and getting rid of the case.[4]

This Court should summarily deny Defendants motion to reject the PSC's notice of clarification regarding the composition of the *Amorin* class.

Dated: September 18, 2018                     Respectfully Submitted,


By: <u>/s/ Russ M. Herman</u>
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

---

[4] *See* Transcript of MDL Proceedings dated 8/15/2018 (attached hereto as Exhibit "B") at 24:2-20 (emphasis added).

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

## PLAINTIFFS' STEERING COMMITTEE

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier (on the brief)
Rachel M. Naquin (on the brief)
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 18th day of September, 2018.

      <u>/s/ Leonard A. Davis</u>
      Leonard A. Davis
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-Counsel for Plaintiffs*