UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| | SECTION L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| THE MITCHELL COMPANY, INC., individually and on behalf of others similarly situated | Case No. 09-cv-4115 |
| Plaintiff, | |
| vs. | |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | |
| Defendants. | |

**TAISHAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND**

Earlier this year, the Court suggested—and the JPML agreed—to remand the Florida *Amorin* case back to Florida. And the Court has just suggested to remand the Virginia *Amorin* case back to Virginia. The Court should now do the same for *Mitchell*. The JPML transferred *Mitchell* from the Northern District of Florida in 2009. For the next two years, the case was involved with other MDL cases in coordinated discovery and litigation regarding preliminary defaults and personal jurisdiction. The Court ruled for Plaintiff The Mitchell Company ("Mitchell"), along with plaintiffs in other cases, on both issues in September 2012, and the Fifth Circuit affirmed in

1

May 2014. Mitchell then took no action to pursue its claim for more than three years. In 2017, Mitchell filed a renewed class certification motion for only the *Mitchell* case. Responding to class certification discovery requests, the *Mitchell* Plaintiffs recently completed case-specific document productions, but case-specific depositions are yet to be conducted.

There are no putative homebuilder class actions in the MDL other than *Mitchell*. Like the previously remanded Florida *Amorin* case and the to-be-remanded Virginia *Amorin* case, *Mitchell* will not benefit from additional MDL proceedings. The parties have embarked on discovery that relates only to the individual case. The Court should remand *Mitchell* because "everything that remains to be done is case specific." *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

## A. Background

On March 6, 2009, Mitchell filed a proposed class action against Taishan and others in the Northern District of Florida. *See In re Chinese-Manuf. Drywall Prod. Liab. Litig.*, 753 F.3d 521, 527 (5th Cir. 2014). Mitchell is a homebuilder that alleged that defendants were responsible for the costs and expenses of monitoring, repairing, and replacing Chinese drywall in homes built by proposed class members. On June 15, 2009, the JPML created this MDL and transferred this case from the Northern District of Florida to the Eastern District of Louisiana for "coordinated or consolidated pretrial proceedings" under 28 U.S.C. § 1407. (Rec. Doc. 1). Starting in 2010, the case was involved in the litigation of preliminary default and personal jurisdiction in coordination with other MDL drywall cases, including *Gross*, *Wiltz*, and *Germano*. *See In re Chinese-Manuf. Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 831-34 (E.D. La. 2012), *aff'd* 753 F.3d 521 (5th Cir. 2014). The Court ruled for Mitchell and named plaintiffs in other putative class actions on both issues in a 2012 omnibus Order. *Id.* The Fifth Circuit affirmed the rulings as to *Mitchell* in 2014. *In re Chinese-Manuf. Drywall*, 753 F.3d at 544-545.

During the coordinated proceedings, Mitchell attempted several times to litigate the case-specific issue of Rule 23 certification for the putative homebuilder class. Mitchell filed three deficient Motions to Certify Class in 2009 and 2010. (Rec. Docs. 653/4, 710, and 722). On January 13, 2010, Mitchell filed a non-deficient class certification motion. (Rec. Doc. 738). Mitchell superseded that with another Motion to Certify Class in July 2010 (Rec. Doc. 4566), which a few weeks later it attempted to amend with a deficient filing (Rec. Doc. 4750). Mitchell moved to amend the proposed class definition a week after that. (Rec. Doc. 5008). The Court later terminated the 2010 Motion to Certify Class. (Rec. Doc. 21336).

After the Fifth Circuit affirmed the Court's *Mitchell* rulings in May 2014, Mitchell did nothing to pursue its claims for more than three years. In July 2017 (more than two years after Taishan reentered the lawsuit), Mitchell filed a renewed motion for class certification. (Rec. Doc. 20857). On September 8, 2017, Taishan sent Mitchell's counsel an email with an itemized list of fifteen categories of discovery relating to alleged drywall remediation at properties constructed by Mitchell and by Beazer Homes, a proposed additional class representative. (List at Exhibit A). Over the next several months, Taishan received some documents from Mitchell, and some claim lists from Beazer. (Email at Exhibit B). In July and August 2018, Taishan received a final set of documents from Beazer. (Email at Exhibit C). Taishan has not yet taken the depositions of company representatives for the proposed class representatives. Because of the delay in receiving documents, the parties have agreed that the stipulated discovery and briefing schedule entered by the Court (Rec. Doc. 21329) is extended. (Email at Exhibit D).

### B. Argument and Authorities

### 1. <u>The JPML has a duty to remand at or before the conclusion of coordinated or consolidated pretrial proceedings.</u>

The Court should remand *Mitchell* because coordinated MDL proceedings are now over. Federal law permits actions to be "transferred to any district court for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). However, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id*. (emphasis added); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (recognizing the Panel's "duty" to remand). Although only the JPML may remand a case under 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." J.P.M.L. Rule 7.6(c).

The Court should now make that suggestion to remand *Mitchell* because it meets the standards that the JPML uses. *See In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (holding that MDL court should use the same standard as the JPML). The fundamental question is "'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *Id*. (quoting *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001)) (emphasis added).

Because the purpose of transferring cases to an MDL court is to promote convenience and efficiency, it is expected that "the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977) (emphasis added). But the transferee judge is not expected "to complete all pretrial proceedings in all actions transferred and assigned to him by the Panel . . . ." *Id*. (emphasis added).

4

Just the opposite. Because making "case-specific rulings are neither the purpose, nor the forte, of a court presiding over a multi-district litigation, the transferee court typically does not rule on cumbersome, case-specific legal issues." *In re Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 798 (N.D. Ohio 2004). Remand is appropriate "when everything that remains to be done is case specific." *In re Patenuade*, 210 F.3d 135, 145 (3d Cir. 2000).

Courts applying these principles have remanded cases when discovery on common issues is complete and the remaining discovery and pretrial proceedings involve issues that are "unique" to the individual cases or claims. *See, e.g.*, *In re Air Crash Disaster at Tenerife, Canary Islands on March 27*, 1977, 461 F. Supp. 671, 673 (J.P.M.L. 1978); *see also Orthopedic Bone Screw Prods.*, 1998 WL 118060, at * 1 (reserving "case-specific motions for disposition by the various transferor courts"). Remand is also appropriate when discovery on common issues is completed and pending motions could "easily be presented to and determined by the transferor court." *Evergreen*, 435 F. Supp. at 924 (remanding case when motion to dismiss was pending). Whenever a transferee judge concludes that his role in presiding over common matters has ended and, therefore, "the game no longer is worth the candle," a suggestion of remand is appropriate. *See In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003).

**2.      Remand is appropriate in this case.**

*Mitchell* was transferred to this Court for "coordinated or consolidated pretrial proceedings" because there were common "factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses." (Rec. Doc. 1). Centralization was intended to "eliminate duplicative discovery," "prevent inconsistent pretrial rulings," and "conserve the resources of the parties, their counsel and the judiciary." *Id.* Through 2014, that centralization made sense for *Mitchell*.

5

Four years later, however, as described in the March 12, 2018 Suggestion of Remand, Opinion, and Order, this Court "has addressed numerous discovery disputes, dispositive motions, and other pretrial issues involving facts and legal questions common to the various cases in th[e] MDL proceeding." (Rec. Doc 21242 at 10). Given that "[n]o further pretrial motions raising common questions are pending in these cases," and "the extensive motions practice and bellwether trials that have occurred" in the MDL, the objectives of eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, their counsel, and the judiciary have been accomplished. *Id*. It would be more efficient for the remaining issues in this case (starting with class certification) to be decided by the district judge who will actually be presiding over the trial in the Northern District of Florida. *See Silica Prods.*, 398 F. Supp. 2d at 668 (remanding case because allowing transferor court to decide case-specific motions would "promote the just and efficient conduct of the case"); *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000) (remanding case when remaining issues could "best be managed" by the transferor judge "who must preside over any eventual . . . trial").

The remaining issues to be litigated in this case involve (i) fact-intensive questions about whether certification of a homebuilder class in *Mitchell* is appropriate, (ii) fact-intensive questions about the extent and cost of remediation Plaintiff and proposed class members undertook at each property, and (iii) fact-intensive questions about other types of damages allegedly suffered by Plaintiff and proposed class members. Because those remaining issues are specific to this case, remanding this case to the Northern District of Florida would be appropriate. *See Patenuade*, 210 F.3d at 145. Although the parties may file dispositive motions relating to these case-specific issues, a transferee court does not typically decide case-specific motions. *See id*.; *Meridia Prods.*, 328 F. Supp. 2d at 798; *Phenylpropanolamine Prods.*, 2004 WL 2034587, at *2; *Orthopedic Bone Screw*

*Prods.*, 1998 WL 118060, at *1. This is especially true when any such motions could "easily be presented to and determined by the transferor court." *See Evergreen*, 435 F. Supp. at 924. Because the resolution of such motions could affect the manner in which this case is tried in the Northern District of Florida, remanding the case to allow the transferor court to decide any case-specific motions would better promote the "just and efficient conduct of [this] action[]." *See* 28 U.S.C. §1407(a); *see also Silica Prods.*, 398 F. Supp. 2d at 668; *Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d at 1177.

      **3.**      <u>**This Court should make a suggestion of remand.**</u>

Although the MDL Panel may consider remanding a transferred action on the motion of any party, the Panel would be reluctant to order remand absent a suggestion from this Court. *See* J.P.M.L. Rule 7.6(d). However, as previously explained, all "coordinated or consolidated pretrial proceedings" that involve Taishan have been completed, and this Court's role for *Mitchell* under Section 1407 has ended. *See* 28 U.S.C. § 1407(a); *Evergreen*, 435 F. Supp. at 924. Because this case will no longer benefit from multidistrict treatment, the Court should suggest that it is remanded to the Northern District of Florida for trial.

<u>**CONCLUSION**</u>

Taishan respectfully requests that this Court grant this Motion for Suggestion of Remand and enter an order suggesting that this case be remanded to the Northern District of Florida.

Respectfully submitted this 20th day of September, 2018.

                                            <u>/s Michael P. Kenny</u>
                                            Bernard Taylor, Esq.
                                            Georgia Bar No. 669625
                                            Michael P. Kenny, Esq.
                                            Georgia Bar No. 415064
                                            Christina Hull Eikhoff, Esq.
                                            Georgia Bar No. 242539
                                            David Venderbush, Esq.

New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*