# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all others
similarly situated,

 Plaintiffs,
v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

 Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF TRIAL PLAN PROPOSAL

In August 2018, the parties agreed to a Joint Case Management Plan that offers a traditional and workable framework for the adjudication of individual tort damages. [ECF No. 45]. The agreed Plan provides for the selection of 20 Priority Claimants on September 21, 2018, followed by fact discovery, claimant-specific motions, and expert discovery. *Id.* at Attachment A. Trials would begin on April 29, 2019, followed by mandatory mediation. *Id.* The Court ordered that agreed-to plan. [ECF No. 47].

Defendants then filed a Trial Plan Proposal that tracks the Court's framework, permitting meaningful discovery, pre-trial consideration of motions, and efficient resolution of the Priority Claimants in less than one year, which will inform further resolution of remaining claims. [ECF No. 53]. Defendants' proposed Trial Plan is consistent with due process and the law of this Circuit and this District. *See Adolph Coors Co. v. Movement against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985); *Kpadeh v. Emmanuel*, 261 F.R.D. 687, 692 (S.D. Fla. 2008) (Jordan, J.).

Plaintiffs, however, offered a plan which effectively rejects the Joint Case Management Plan that the Court just ordered. Plaintiffs propose a new complicated schedule, dividing the claimed damages into three paths. [ECF No. 52, Exhibit G]. Now, in response to Defendants' Trial Plan, Plaintiffs fail to address—much less justify—their sudden reversal of course. [ECF No. 64 ("Pls.' Resp.")]. Nor do they identify any substantive problems with Defendants' Plan. The closest they come is to claim that Defendants' Plan "will only add additional delay and motion practice to [the] proceedings." *Id.* at 4. But there can be no undue delay where Defendants' Plan uses the exact same schedule as the Court's Plan, which Plaintiffs themselves endorsed.

Instead of attempting to make substantive arguments against Defendants' Plan, Plaintiffs' brief is mostly a selective and biased history of the litigation, which Plaintiffs use to launch *ad hominem* attacks on Defendants and to proclaim for themselves that "[t]he Plaintiffs deserve justice." *Id.* But binding due process and legal principles prevent the suspension of Defendants' rights and process, regardless of the factual or procedural history of a case. Plaintiffs have announced their view that due process is not required—a proposition that went uncorrected before the MDL Court. *See* Hearing Transcript 8/15/2018 at 30 ("[T]here is no due process in a default process, you don't have it.") (excerpt attached as Exhibit A).[1]

The law is just the opposite. In *Kpadeh*, Judge Adalberto Jordan made clear that neither a defaulted foreign defendant's egregious conduct (serial torturer) nor a plaintiff's sympathetic claim (horrific illegal detention) justifies procedural shortcuts that deny due process in the adjudication of tort damages. "Meaningful due process dictates more" than the kind of per-unit "formula based upon a sampling of claims" that Plaintiffs have proposed. *Kpadeh*, 261 F.R.D. at 692. Rather than

---

[1] Plaintiffs' counsel's citation does not support his remarkable attempt to deny due process. In *Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992), the Fifth Circuit affirmed an award of attorney's fees because the defaulted defendant "had notice, appeared, and opposed that award."

invoking "justice" to justify a tort-damages shortcut formula as Plaintiffs try to do here, Judge Jordan went in the other direction, holding emphatically that that kind of "summary resolution of the class members' claims would do a ***disservice to justice***." *Id.* (emphasis added).

Where, as here, each claimant has different damages based on individualized differences, "awards cannot be the product of a matrix," but "must . . . be the result of an individualized assessment by the finder of fact." *Id.*; *accord Cotromano v. United Technologies Corp.*, 2018 WL 2047468 (S.D. Fla. May 2, 2018) (rejecting property-damage formula); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (remanding for evidentiary hearing on default damages because a "court has an obligation to assure that there is a legitimate basis for any damage award it enters"); *Adolph Coors*, 777 F.2d at 1544 (remanding for evidentiary hearing on default damages because "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts") (citation omitted); *Handal v. Joseph*, 2013 WL 12141340, at *3 (S.D. Fla. Dec. 3, 2013) (recommending "an evidentiary hearing be held to determine the amount of damages [plaintiff] should recover"), *aff'd* 2013 WL 12141341 (S.D. Fla. Dec. 27, 2013).

While binding and persuasive case law directly supports Defendants Trial Plan, Plaintiffs support their nonconforming plan with no authority. Plaintiffs' administrative and formulaic approach to default tort damages is directly contrary to the law of this District, per Judge Jordan's rejection of per-unit formulas for individualized damages:

> [T]his method would transform a federal district court—an institution that is tasked above all else with doing justice and safeguarding the due process rights of the litigants who appear before it—into a mechanical claims adjuster or a risk assessment center, callously assigning arbitrary awards based on tables developed through statistical sampling.

*Kpadeh*, 261 F.R.D. at 692. That is *precisely* the mechanical process that Plaintiffs advance here:

3

> With regard to the property damage cases, I would intend to appoint a master to utilize the formula that has been established in a number of cases, and to verify the square footage, verify the present ownership, verify the location, address, things of that sort, and then we'll simply apply the formula and come up with a figure for the property damage. Those cases, it seems to me, are just administratively dealt with. I don't see the necessity for any trials in those cases, I think it's just I'll be issuing judgments in that fashion.

[Pls.' Resp. at 2-3 (quoting Fallon, J., 8/15/2018 MDL hearing transcript)].

Plaintiffs' effort to proceed with a damages "Trial by Formula" violates Defendants' due process rights. *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338, 366 (2011) ("We disapprove that novel project."). So do several other aspects of Plaintiffs' plan, which seeks to bypass trials on non-remediation damages, shift the burden of proof to Defendants, impose a "good cause" standard for conducting depositions, preclude discovery on Product ID (unless a particularized request is submitted to and approved by the Special Master), and strip BNBM of its rights by treating it as defaulted despite the absence of any default order. Neither a defendants' default status nor its foreign citizenship nor Plaintiffs' litany of past proceedings can justify denying Defendants' due process rights *going forward* in the litigation of damages, as *Kpadeh* and other cases plainly hold.

Plaintiffs are left to assert that people in this litigation "are entitled to be compensated for the damages they sustained." [Pls.' Resp. at 4]. That is true, but only if they meet their burden—consistent with Defendants' "right to due process"—to prove "which people, and how much." *Kpadeh*, 261 F.R.D. at 692 (quoting *Hilao v. Estate of Marcos*, 103 F.3d 767, 788 (9th Cir. 1996) (Rymer, J., dissenting)). Thus, as explained in other briefing, Defendants are entitled (1) to put each Plaintiff to the burden of proving his or her individualized damages, and (2) to have the fair opportunity to defend themselves by taking discovery and presenting evidence at a hearing. *See, e.g.,* ECF Nos. 65-67.

4

## CONCLUSION

Plaintiffs are wrong—the train has *not* left the station. *See* Pls.' Resp. at 2. The tort-damages proceedings on remand are a new and different journey from what has gone before, as described in *Kpadeh* and in the very structure of Rule 55. To make that trip, the Court should adopt Defendants' Trial Plan proposal and order the parties to proceed with discovery and adjudication of all issues for 20 Priority Claimants as the parties agreed and the Court ordered in the Joint Case Management Plan. [ECF No. 47].

Dated: September 21, 2018

Respectfully submitted,

**AKERMAN LLP**
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: (954) 463-2700
Fax: (954) 463-2224

By: /s/ Enjoliqué D. Aytch
  Enjoliqué D. Aytch, Esq.
  enjolique.aytch@akerman.com
  Florida Bar No.: 0104881

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

5

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
Aballi Milne Kalil P.A.
SunTrust International Center
1 SE 3rd Avenue
Suite 2250
Miami, FL 33131
305-373-6600
Fax: 305-373-7929
Email: ckalil@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
415-773-5700
Email: cvejnoska@orrick.com

James L. Stengel
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
212-506-5000
Email: jstengel@orrick.com

*Counsel for BNBM PLC*

6

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

      By: */s/Enjoliqué D. Aytch*

**SERVICE LIST:**

*Attorneys for CNBM and the BNBM Entities*

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
T: 415-773-5700
Email: cvejnoska@orrick.com
ehairston@orrick.com
adavidson@orrick.com

Craig P Kalil
Aballi Milne Kalil P.A.
SunTrust International Center
1 SE 3rd Avenue
Suite 2250
Miami, FL 33131
305-373-6600
Fax: 305-373-7929
Email: ckalil@aballi.com

James L. Stengel (NY Bar No. 1800556)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T: 212-506-5000
Email: jstengel@orrick.com

*Attorney for Zhejiang Provincial Second Light Industry Enterprises Group*

Hongwei Shang
The Law Office of Hongwei Shang, LLC
9130 S. Dadeland Boulevard
Suite 1620
Miami, FL 33156
786-581-9759
Fax: 786-581-9168
Email: hshanglaw@gmail.com

*Attorneys for Plaintiffs*

Arnold Levin
Levin Fishbein Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
215-592-1500
Fax: 592-4663
Email: alevin@lfsblaw.com

Natalie Marie Rico
Colson Hicks Eidson
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134
305-476-7400
Fax: 305-476-7444
Email: rico.natalie@gmail.com

8

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100
Email: cseeger@seegerweiss.com

Dawn M. Barrios
Barrios Kingsdorf & Casteix
701 Poydras Street
One Shell Square Suite 3650
New Orleans, LA 70139-3650
504-524-3300
Email: barrios@bkc-law.com

Emma Kingsdorf Schwab
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
504-524-3300
Email: eschwab@bkc-law.com

Frederick S. Longer
Levin Fishbein Sedrin & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697
215-592-1500
Fax: 592-4663
Email: flonger@lfsblaw.com

Jay Patrick Dinan
Parker Waichman LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
239-390-8609
Fax: 239-390-0055
Email: jdinan@yourlawyer.com

Jeffrey A. Breit
Breit Drescher Imprevento PC
600 22nd Street, Suite 402
Virginia Beach, VA 23451
757-622-6000
Email: Jeffrey@breit.law

Pearl Anna Robertson
Irpino Avin Hawkins
Email: probertson@irpinolaw.com

Richard S. Lewis
Hausfeld, LLP
1700 K. Street, N.W.
Washington, DC 20006
202-408-4600
Email: rlewis@hausfeld.com

Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 E Main Street
Suite 310
Norfolk, VA 23510
757-233-0009
Email: rserpe@serpefirm.com

Sandra Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
Email: sduggan@lfsblaw.com

Scott George
Seeger Weiss, LLP
1515 Market Street
Suite 1380
Philadelphia, PA
215-553-7980
Email: sgeorge@seegerweiss.com

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134-2351
305-476-7400
Fax: 476-7444
Email: patrick@colson.com

9

Jeffrey S. Grand
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
(212) 584-0700
Email: jgrand@seegerweiss.com

Jimmy Faircloth
Faircloth, Melton, & Sobel
Gras Town Plaza
412 N. 4th Street, Suite 230
Baton Rouge, LA 70802
(225) 343-9535
Email: jfaircloth@fairclothlaw.com

Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892
Email: ldavis@hhklawfirm.com

James V. Doyle
Doyle Law Firm, PC
201 Biscayne Blvd.
28th Floor
Miami, FL 33131
305-677-3388
Fax: 844-638-5812
Email: jim.doyle@doylefirm.com (Inactive)

10

# Exhibit A

Case 2:09-md-02047-EEF-MBN Document 21789-2 Filed 09/24/18 Page 13 of 15
Case 1:11-cv-22408-MGC Document 69-1 Entered on FLSD Docket 09/21/2018 Page 2 of 4

1

```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

*******************************************************************

IN RE:  CHINESE-MANUFACTURED         Docket No. 09-MD-2047
DRYWALL PRODUCTS LIABILITY           New Orleans, Louisiana
                                     Wednesday, August 15, 2018


*******************************************************************

                   TRANSCRIPT OF MOTION PROCEEDINGS
             HEARD BEFORE THE HONORABLE ELDON E. FALLON
                      UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF STEERING
COMMITTEE:                           LEVIN, FISHBEIN, SEDRAN & BERMAN
                                     BY:  ARNOLD LEVIN, ESQ.
                                     510 Walnut Street, Suite 500
                                     Philadelphia, PA 19106



FOR THE TAISHAN DEFENDANTS:          ALSTON & BIRD
                                     BY:  CHRISTINA H. EIKHOFF, ESQ.
                                     One Atlantic Center
                                     1201 West Peachtree St.
                                     Suite 4900
                                     Atlanta, GA 30309-3424



FOR CNBM AND BNBM ENTITIES:          ORRICK
                                     BY:  JAMES STENGEL, ESQ.
                                     51 West 52nd St.
                                     New York, NY 10019-6142


                                     PHELPS DUNBAR
                                     BY:  HARRY ROSENBERG, ESQ.
                                     365 Canal St., Suite 2000
                                     New Orleans, LA 70130
```

09:06:07

Case 2:09-md-02047-EEF-MBN Document 21789-2 Filed 09/24/18 Page 14 of 15
Case 1:11-cv-22408-MGC Document 69-1 Entered on FLSD Docket 09/21/2018 Page 3 of 4

2

```
 1
 2   Official Court Reporter:        Karen A. Ibos, CCR, RPR, CRR
                                     500 Poydras Street, Room HB-406
 3                                   New Orleans, Louisiana 70130
                                     (504) 589-7776
 4

 5

 6      Proceedings recorded by mechanical stenography, transcript
     produced by computer.
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 2:09-md-02047-EEF-MBN Document 21789-2 Filed 09/24/18 Page 15 of 15
Case 1:11-cv-22408-MGC Document 69-1 Entered on FLSD Docket 09/21/2018 Page 4 of 4

30

```
10:03:33   1              But we are not going to try all of these cases for
10:03:36   2   31 years.  And to pick out 24 cases and start right now after nine
10:03:43   3   years is just not proper.
10:03:45   4              THE COURT:  How do you deal with their constitutional
10:03:47   5   argument?
10:03:48   6              MR. LEVIN:  Well, let me tell you how we deal with the
10:03:51   7   constitutional argument, your Honor.
10:03:53   8              First of all, the Fifth Circuit has said in Dierschke v.
10:03:59   9   O'Cheskey, 975 F.2d 181, that there is no due process in a default
10:04:06  10   judgment, you don't have it.
10:04:08  11              How do we deal with the jury trial?  Rule 38 does not
10:04:14  12   come into play here.  Usually you get a default judgment, the
10:04:20  13   plaintiff has demanded a jury trial and he wants a jury trial in
10:04:24  14   default and that's how it goes up.  But there is a Northern
10:04:31  15   District of Texas case, Flexible Innovations v. IDEA Max, 2013
10:04:46  16   Westlaw 12126232.  I can't get used to those cites, your Honor, I'm
10:04:55  17   too old.  And in a Rule -- under Rule 55 you do not need the jury
10:05:02  18   trial.
10:05:05  19              As to the multiple defaults, every defendant has been
10:05:11  20   defaulted in this case in at least one of the Amorin cases, and the
10:05:16  21   Amorin cases are all the same in three different jurisdictions
10:05:21  22   because of the personal jurisprudence involved.  And they were all
10:05:28  23   before your Honor, we were dealing with them altogether.  It was an
10:05:32  24   MDL, and, your Honor, you know, has so indicated in your damage
10:05:36  25   opinion.  So I don't see a problem there.
```