# Exhibit "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CASE NO. 1: 11-22408<br><br>MIAMI DIVISION |
| **THIS DOCUMENT RELATES TO:**<br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.,*<br>Case No. 1: 11-22408 | JUDGE MARCIA G. COOKE |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' PLAN FOR RESOLUTION OF FLORIDA *AMORIN* PLAINTIFFS' CLAIMS FOR REMEDIATION AND OTHER DAMAGES**

In motions filed simultaneously with this opposition, Defendants detail the numerous flaws in the Plaintiffs' Plan for Resolution (Dkt. No. 52). Defendants submit this opposition for the limited purpose of underscoring that the Plaintiffs' proposed plan violates their due process rights and improperly shifts the burden of proof.

Because there is no default against BNBM in this action, it is entitled to the full spectrum of litigation rights—constitutional or otherwise—customarily afforded litigants. Plaintiffs presume otherwise with no accompanying explanation and, from there, proceed to chisel away at bedrock procedures. As explained in BNBM's motion to enforce trial rights, Plaintiffs are wrong. But even as to Taishan (and even if BNBM were in default), Plaintiffs' Plan should be rejected. Plaintiffs do not even attempt to dress their due-process stripping and burden-shifting proposals in legal authority. Their naked assertions for depriving Defendants of their fundamental rights should thus be rejected.

- 1 -

I.     **The Plaintiffs' Plan for Resolution Violates Defendants' Constitutional Rights**

Rule 55 proceedings are subject to the Due Process Clause. While "courts have inherent power to dismiss an action or enter a default judgment to ensure the orderly administration of justice and the integrity of their orders," they have long recognized, that "power is limited … by the requirements of due process." *Phoceene Sous-Marine, S. A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982) (citing *Hovey v. Elliot*, 167 U.S. 409 (1897)); *accord S.E.C. v. Smyth*, 420 F.3d 1225, 1232 (11th Cir. 2005) ("Basic notions of due process underpin [the] requirement" under Rule 55(b)(2) of an evidentiary hearing to determine the amount of damages in the normal course); *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992) (judicial discretion during Rule 55 proceedings is "bounded at its outer limits … by constitutional due process concerns").

At bottom, due process demands notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Although the Plaintiffs claim Defendants have already been heard, they point only to the MDL Court's damages hearing on June 9, 2015. But no claimants participated in that hearing, and no claimant-specific proof was proffered. Plaintiffs called a single witness—their expert explaining the formula he created for remediation damages for current owners. Plaintiffs themselves conceded that the hearing was merely to establish a formulaic framework for remediation damages that would then be applied at a later date.

The Plaintiffs' remediation proposal is exclusively litigation on paper—a proposed clerical shortcut violative of the Due Process Clause. *See, e.g.*, *Kpadeh v. Emmanuel*, 261 F.R.D. 687, 693 n.4 (S.D. Fla. 2008) (rejecting a formulaic damages calculation as attempting to turn a federal court "into a mechanical claims adjustor or a risk assessment center"). To proceed in the manner Plaintiffs propose is improper because all of the damages are unliquidated. Plaintiffs' formula cannot be applied to any single claimant without proof of presence of Taishan

drywall, property ownership, or square footage. Therefore, they cannot "properly be entered 'without a hearing.'" *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979)). Plaintiffs attempt to present their claimant-specific proof through a spreadsheet, rather than through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at 1544. Thus, as in *Adolph Coors*, Plaintiffs' plan will not provide the court with a record basis "to make . . . a reasonable estimate of damages." *Id.* Detailed proof is necessary, as is the ability to test that proof.

But even if the formula were embraced (and it shouldn't be for the reasons set forth in Defendants' motion challenging it), it undoubtedly would apply only to those claimants who still own the property *and* have not yet remediated—a small portion of the claimant population. Those that have remediated are entitled only to the costs they incurred. And those that no longer own the property have no basis for recovering prospective remediation costs. Plus, all of the claimants also seek non-remediation damages for which the Plaintiffs do not proffer any formula. *Id.* at 4. These damages, which form the bulk of Plaintiffs' claims, are indisputably unliquidated and highly fact-dependent.

Notwithstanding the individualized nature of the inquiries or the fact that hundreds of millions of dollars are at stake (a resounding property interest under *Matthews v. Eldridge*, 429 U.S. at 332), Plaintiffs nowhere provide for a damages hearing, much less an evidentiary one. *Id.* at 4-5. Nor do they ever explain, for instance, how an owner's damages for loss of use and enjoyment can be ascertained without a hearing. Such a hearing is not just sensible but necessary given that any evidence utilized to support a damages award must meet the foundational requirements of the Rules of Evidence. Indeed, the Rules apply to all "civil cases

and proceedings" in federal court. Fed. R. Evid. 1101. The sole exceptions provided for in Rule 1101(d) are inapplicable here. Plaintiffs do not even attempt to explain how in the absence of an evidentiary hearing these rules could possibly be complied with. And it is no answer to say they are inapplicable in Rule 55 proceedings (though again, as to BNBM that would not even be a relevant question). As the leading treatise explains, "general rules of evidence . . . apply in a proceeding on an application for a default judgment with regard to the admissibility and the weight and sufficiency of the evidence." 49 Corpus Juris Secundum § 286 (June 2018).

## II. The Plaintiffs' Plan Improperly Shifts The Burden Of Proof

It is axiomatic that the burden of proving damages is on the party seeking them. "Generally, in order to recover compensatory damages a plaintiff must meet not only the burden of proving the fact of damage but also the burden of proving a basis for a determination of the amount of damage. Although this burden of proving the amount of damage is not an onerous one, it must still be met." *Stewart & Stevenson Servs., Inc. v. Pickard*, 749 F.2d 635, 648 (11th Cir. 1984); *Transatlantic Lines LLC v. Portus Stevedoring LLC*, No. 14-60528, 2015 WL 5813389, at *6 (S.D. Fla. Oct. 6, 2015) ("As with any tort, the plaintiff bears the burden of proving its actual damages.").

Here Plaintiffs seek to shift the burden to Defendants to show damages eligibility. Specifically, Plaintiffs propose that in the event "Defendants deny a product ID category was manufactured by Taishan, TTP, and/or BNBM, Defendants shall set forth with specificity the basis for the denial and both describe and attach all documents and identify all witnesses whose testimony, in whole or in part, form the basis for Defendants' denial." Dkt. No. 52-7 at 2-3. By imposing this requirement, Plaintiffs seem to suggest that the Defendants bear an obligation to demonstrate affirmatively that they did not manufacture any allegedly defective drywall rather than require Plaintiffs to satisfy their burden to prove by a preponderance of the evidence their

allegation that the Defendants did manufacture a defective product that has caused them harm. Such burden-flipping is contrary to black letter law, which recognizes that even in the case of a default, the "plaintiff bears the burden of establishing damages." *HICA Educ. Loan Corp. v. Jones*, No. 12-cv-962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012); *see also Crider v. Collect Pros, LLC*, No. SACV1600138CJCJCGX, 2016 WL 10966425, at *3 (C.D. Cal. June 17, 2016) (following a default, "Plaintiffs carry the burden of proving up their damages and requests for other relief"); *Sparrow Capital, LLC v. Katcharian*, No. 11-CV-34-WOB, 2013 WL 12176855, at *11 (E.D. Ky. Sept. 13, 2013), report and recommendation adopted, No. CV 2011-34 (WOB-CJS), 2013 WL 12177260 (E.D. Ky. Sept. 26, 2013) ("Unlike the liability question, the allegations in the complaint regarding the amount of the damages are not presumed to be true" and "[t]he burden is 'squarely and solely' upon Plaintiffs to establish damages."). The Plaintiffs have supplied no basis for flipping the burden as they have and there is none.

* * *

For the foregoing reasons and those set out in Defendants' simultaneously-filed motions, this Court should reject the Plaintiffs' Plan for Resolution.

Respectfully submitted,

Dated: September 14, 2018

**AKERMAN LLP**
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: (954) 463-2700
Fax: (954) 463-2224

By: /s/ Enjoliqué D. Aytch
    Enjoliqué D. Aytch, Esq.
    enjolique.aytch@akerman.com
    Florida Bar No.: 0104881

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
Joshua D. Poyer
Aballi Milne Kalil P.A.
SunTrust International Center
1 SE 3rd Avenue
Suite 2250
Miami, FL 33131
305-373-6600
Fax: 305-373-7929
ckalil@aballi.com
jpoyer@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
415-773-5700
Email: cvejnoska@orrick.com

James L. Stengel
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
212-506-5000
Email: jstengel@orrick.com

*Counsel for BNBM PLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.


By: */s/Enjoliqué D. Aytch*

# SERVICE LIST:

*Attorneys for CNBM and the BNBM Entities*

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
T: 415-773-5700
Email:  cvejnoska@orrick.com
            ehairston@orrick.com
            adavidson@orrick.com

Craig P Kalil
Aballi Milne Kalil P.A.
SunTrust International Center
1 SE 3rd Avenue
Suite 2250
Miami, FL 33131
305-373-6600
Fax: 305-373-7929
Email: ckalil@aballi.com

James L. Stengel (NY Bar No. 1800556)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T:   212-506-5000
Email:  jstengel@orrick.com

*Attorney for Zhejiang Provincial Second Light Industry Enterprises Group*

Hongwei Shang
The Law Office of Hongwei Shang, LLC
9130 S. Dadeland Boulevard
Suite 1620
Miami, FL 33156
786-581-9759
Fax: 786-581-9168
Email: hshanglaw@gmail.com

*Attorneys for Plaintiffs*

Arnold Levin
Levin Fishbein Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
215-592-1500
Fax: 592-4663
Email: alevin@lfsblaw.com

Natalie Marie Rico
Colson Hicks Eidson
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134
305-476-7400
Fax: 305-476-7444
Email: rico.natalie@gmail.com

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100
Email: cseeger@seegerweiss.com

Dawn M. Barrios
Barrios Kingsdorf & Casteix
701 Poydras Street
One Shell Square Suite 3650
New Orleans, LA 70139-3650
504-524-3300
Email: barrios@bkc-law.com

Emma Kingsdorf Schwab
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
504-524-3300
Email: eschwab@bkc-law.com

Frederick S. Longer
Levin Fishbein Sedrin & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697
215-592-1500
Fax: 592-4663
Email: flonger@lfsblaw.com

Jay Patrick Dinan
Parker Waichman LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
239-390-8609
Fax: 239-390-0055
Email: jdinan@yourlawyer.com

Jeffrey A. Breit
Breit Drescher Imprevento PC
600 22nd Street, Suite 402
Virginia Beach, VA 23451
757-622-6000
Email: Jeffrey@breit.law

Jeffrey S. Grand

Pearl Anna Robertson
Irpino Avin Hawkins
Email: probertson@irpinolaw.com

Richard S. Lewis
Hausfeld, LLP
1700 K. Street, N.W.
Washington, DC 20006
202-408-4600
Email: rlewis@hausfeld.com

Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 E Main Street
Suite 310
Norfolk, VA 23510
757-233-0009
Email: rserpe@serpefirm.com

Sandra Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
Email: sduggan@lfsblaw.com

Scott George
Seeger Weiss, LLP
1515 Market Street
Suite 1380
Philadelphia, PA
215-553-7980
Email: sgeorge@seegerweiss.com

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134-2351
305-476-7400
Fax: 476-7444
Email: patrick@colson.com

Leonard A. Davis

Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
(212) 584-0700
Email: jgrand@seegerweiss.com

Jimmy Faircloth
Faircloth, Melton, & Sobel
Gras Town Plaza
412 N. 4th Street, Suite 230
Baton Rouge, LA 70802
(225) 343-9535
Email: jfaircloth@fairclothlaw.com

Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892
Email: ldavis@hhklawfirm.com

James V. Doyle
Doyle Law Firm, PC
201 Biscayne Blvd.
28th Floor
Miami, FL 33131
305-677-3388
Fax: 844-638-5812
Email: jim.doyle@doylefirm.com (Inactive)