# Exhibit "4"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **EDUARDO AND CARMEN AMORIN**, *et al.*, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.,** *et al.*,<br><br>Defendants. | Case No. 1:11-CV-22408-MGC |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ADOPT PLAN FOR RESOLUTION OF FLORIDA *AMORIN* PLAINTIFFS' CLAIMS FOR REMEDIATION AND OTHER DAMAGES**

Defendants are asking the Court to reject Plaintiffs' Plan for Resolution of 1,700 Chinese Drywall claims for remediation and other damages on the grounds their due process rights will be violated. However, experience has shown that these Defendants will do or say just about anything to avoid a judgment day. They have plotted to manipulate our judicial system since these lawsuits began in 2009.

First, they tried to reject service of process under The Hague. Then, when service was perfected, they refused to answer the complaints knowing defaults would be entered.[1] In fact, Taishan admitted that it was "inclined not to respond to the lawsuit,"[2] and BNBM admitted that rather than respond to the lawsuits, '[t]he Company and Taishan Gypsum w[ould] continue to keep an eye on the progress of the incident, and address and handle the same with due prudence, so as to be

---

[1] *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 279629, *7 (E.D. La. Jan. 2, 2018) ("these entities have refused to accept service at various points in this history of this litigation," but they "received notice of this action and had sufficient time to present their defense—but they did not.").

[2] *See* "Informational Report on the Class Actions Brought by the U.S. Parties Against Taishan Gypsum Company Limited" dated 5/11/2009 (ECF No. 64-3).

responsible to investors, consumers and the industry.'"[3] Defendants' strategy to reject American jurisprudence was based on the absence of a U.S.-China treaty for the mutual recognition and enforcement of judgments. For that reason, when the Fifth Circuit Court of Appeals upheld the MDL Court's findings of jurisdiction over Taishan,[4] this Defendant rejected the Court's valid order to appear for a judgment debtor examination and went back to China, in civil and criminal contempt of Court.[5] Defendants further ignored the MDL Court's injunction prohibiting Taishan and its affiliates from doing any business in the U.S. until Taishan complied with the Court's orders.[6]

Eventually, Taishan returned to the litigation and BNBM entered its appearance in the MDL for the first time in 2015 to contest the assessment of remediation damages for the certified *Amorin* class.[7] In accordance with due process, the MDL Court provided Defendants an opportunity to delay the hearing in order to prepare their defense. After several adjournments, Defendants put on expert witnesses and challenged Plaintiffs' evidence supporting a formula to calculate damages based on square footage of the property multiplied by the local cost of remediation. They

---

[3] *See Chinese Drywall*, 2018 WL 279629 at *7, *citing* BNBM Announcement No. 2010-009 in Relation to Event about Gypsum Board in US dated 5/28/2010 ("So far as is known to the Company, the aggregate number of this kind of [Chinese Drywall] complaints is approximately 3,000.").

[4] *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 & 753 F.3d 521 (5th Cir. 2014).

[5] *See* Contempt Order and Injunction [MDL Rec. Doc. 17869] (ECF No. 64-7).

[6] *See id.*; Transcript of MDL Proceedings dated 3/2/2017 concerning Plaintiffs' Motion to Enforce the Contempt Order and Injunction [MDL Rec. Doc. 21710] (ECF No. 64-8) at 32:19-82:13.

[7] In October 2010, attorney James Stengel informally notified the Plaintiffs' Steering Committee that BNBM had retained Orrick to represent the company in the MDL, but an entry of appearance didn't follow. *See* Letter of James Stengel of Orrick to Arnold Levin dated 10/13/2010 advising that Orrick had been retained as counsel for BNBM [MDL Rec. Doc. 21750-91] (ECF No. 57-1).

also submitted proposed findings of fact and conclusions of law that were rejected by the MDL Court after due consideration.[8]

Now, on remand, unhappy with the results of their failed litigation strategy, these defaulted parties would like to rescind everything that transpired in the MDL during the past nine-plus years. They have filed motions to reject the remediation damages formula adopted by the MDL Court,[9] enforce their discovery rights,[10] and enforce their trial rights.[11] Plaintiffs are in the process of responding to these motions on or before the due date of September 28, 2018. Rather than burden the Court with repetitive filings, Plaintiffs rely on their Motion to Adopt the Plan for Resolution of Florida *Amorin* Claims (ECF No. 52) as well as their oppositions to Defendants' various motions to avoid a judgment on remediation and other damages in this litigation.

After almost a decade, the 1,700 claims for damages to properties in Florida resulting from defective Chinese Drywall should be resolved as efficiently and fairly as possible. There is no reason or justification for rejecting history and starting over at square one. Liability in this case has been established. Chinese Drywall off-gases sulphur, corrodes electrical wiring and plumbing, ruins appliances and fixtures, and causes a rotten egg smell. Chinese Drywall devalues properties. The Florida homeowners deserve due process. They deserve to have their claims adjudicated promptly. The Plaintiffs' Plan for Resolution should be adopted and the Defendants' Trial Plan should be rejected.

---

[8] *See* Proposed Findings of Fact & Conclusions of Law by Defendant Taishan Gypsum Co., Ltd. and Taian Taishan Plasterboard Co., Ltd. [MDL Rec. Doc. 19194]; Proposed Findings of Fact & Conclusions of Law by Defendant Beijing New Building Materials Public Limited Company and Beijing New Building Material Group Co., Ltd. [MDL Rec. Doc. 19198].

[9] *See* Defendants' Motion to Reject Application of Remediation Damages Formula (ECF No. 61).

[10] *See* Defendants' Motion to Enforce Discovery Rights (ECF No. 66).

[11] *See* Beijing New Building Materials PLC's Motion to Enforce Trial Rights (ECF No. 67).

Dated: September 21, 2018 Respectfully submitted,

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing on this 21st day of September, 2018.

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*