# Exhibit "1"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>              v.<br><br>TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,<br><br>    Defendants. | Case No. 1:11-CV-22408-MGC |

## PLAINTIFFS' SUBMISSION OF TWENTY (20) FLORIDA CLAIMS TO BE TRIED FIRST (THE "PRIORITY CLAIMANTS")

Pursuant to S.D. Fla. L.R. 7.1 and the Court's order of August 14, 2018 (ECF No. 47), Plaintiffs hereby file their Submission of Twenty (20) Florida Claims to be Tried First (the "Priority Claimants").

Plaintiffs filed a Plan for Resolution of the Florida claims for remediation and other damages (ECF No. 52). This plan contemplates that Plaintiffs' remediation damages be calculated by a Special Master through a claims process based on the damages formula approved by the MDL Court following an evidentiary hearing pursuant to Fed. R. Civ. P. 55. The defaulted Defendants voluntarily participated in the non-jury evidentiary hearing on June 9, 2015, and were given an opportunity to raise objections to Plaintiffs' evidence, to put on their own experts, and to submit proposed findings of fact and conclusions of law. At this juncture, according to the Class Damages Order entered in the MDL the only issues left to verify for an award of remediation damages are (i) square footage of the property; (ii) existence of product ID linking the Chinese Drywall to the defaulted Defendants; and (iii) proof of ownership. The Plaintiffs' plan proposes that the Special Master also make a determination of Plaintiffs' other damages related to foreclosures, bankruptcies, short sales, alternate living

1

expenses, loss of use and enjoyment, etc. Finally, Plaintiffs' plan proposes that claims for bodily injury and punitive damages be tried before a jury.

Defendants have filed a competing Trial Plan that seeks to undo and rescind the class damages proceedings. Defendants propose to try before various juries all issues of damages (including remediation damages) for an initial set of 20 Plaintiffs based on a randomized selection of cases from each of the various product ID buckets at issue in the litigation, followed by an attempt at mediation. Unfortunately, Defendants' plan could take years to complete. There are 1,700 *Amorin* Florida cases before this Court. Defendants' proposal will tax the Plaintiffs, their heirs, and the Court. For that reason, Plaintiffs have opposed that plan (ECF No. 64).

Despite various attempts to reach agreement on a method and plan for resolution of these cases and the selection of Priority Claimants, the parties are at an impasse.

Accordingly, Plaintiffs submit as Exhibit "A" hereto a spreadsheet identifying the first twenty (20) cases to be adjudicated. As set forth in the Plaintiffs' Plan for Resolution, the remediation damages for these Plaintiffs should be calculated by a Special Master according to the formula approved in the MDL proceedings. Then, the Special Master should make a determination of the other damages of these Plaintiffs. Finally, to the extent any of these Plaintiffs are asserting claims for bodily injury or punitive damages, those claims should be tried before a jury.

Since the Plaintiffs brought these claims against Defendants, they should be able to select which cases go first. Defendants were deliberately absent from the proceedings when the *Amorin* class was certified. They were absent when the *Germano* trial took place. The time for bellwether trials has passed. This litigation has been ongoing for more than nine years.

Considering the foregoing, Plaintiffs respectfully move this Honorable Court to adopt Plaintiffs' selection of Priority Claimants.[1]

---

[1] Because remediation damages have already been assessed in a prior proceeding in the MDL that covered class members that are Florida residents, Plaintiffs have not submitted any Priority Claims here that address remediation damages. And, even though Plaintiffs propose to try only bodily injury

CERTIFICATION OF PRE-FILING CONFERENCE
PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

Counsel for Plaintiffs has engaged in extensive discussions with Defendants in a good faith effort to resolve the issues related to the selection of Priority Claimants and has been unable to do so.

Dated: September 21, 2018                        Respectfully submitted,

                                               /s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

---

and punitive damages claims, and they propose to have the Special Master calculate other property damages, in the event the Court were to negate the prior class damages hearing and adopt Defendants' plan, Plaintiffs seek leave of Court to permit Plaintiffs to submit a revised chart of Priority Claimants within five (5) days.

3

## CERTIFICATE OF SERVICE

      I hereby certify that that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing on this 21st day of September, 2018.

                                               /s/ Patrick S. Montoya, Esq.
                                               Patrick Shanan Montoya
                                               Fla. Bar No. 0524441
                                               Email: Patrick@colson.com
                                               Colson Hicks Eidson
                                               255 Alhambra Circle, PH
                                               Coral Gables, FL  33134-2351
                                               Telephone:  (305) 476-7400
                                               Facsimile:  (305) 476-7444
                                               *Interim Lead Counsel for Plaintiffs*

EXHIBIT A

| Plaintiff | Affected Property Address | Category of Damages (Included, but not limited to) |
|---|---|---|
| Nunez, Jeovany and Monica | 8049 W. 36th Avenue, #4, Hialeah, FL | Alternative Living Expenses, Lost Equity, Diminution in Value and Other Economic Damages |
| Hernandez, John | 3516 N. Perry Avenue, Tampa, FL | Alternative Living Expenses and Other Economic Damages |
| Rosen, Kevin | 17830 Monte Vista Drive, Boca Raton, FL 33496 | Alternative Living Expenses, Lost Equity, Diminution in Value, and Other Economic Losses |
| Etter, Steven and Cathy | 18894 SE Jupiter Inlet Way, Tequesta, FL 33469 | Alternative Housing and Other Economic Losses |
| Marin, Cassandra (Yvette) | 3865 SW Wycoff Street, Port St. Lucie | Lost Equity, Diminution in Value, and Other Economic Losses |
| O'Brien, Kelly and Lori | 3120 W. Wallcraft Avenue, Tampa, FL 33611 | Alternative Living Expenses, Lost Equity, Diminution in Value and Other Economic Losses |
| Avery, Janet | 10671 Camarelle Circle, Fort Myers, FL 33913 | Alternative Living Expenses, Lost Equity, Diminution in Value and Other Economic Losses |
| Wites, Marc & Jennifer | 17625 Middlebrooke Way, Boca Raton, FL 33496 | Alternative Living Expenses, Lost Equity, Diminution in Value, and Other Economic Losses |
| Deeg, David and Hooker, Deborah | 516 SW Akron Avenue, Stuart, FL 34994 | Lost Equity, Diminution in Value and Other Economic Losses |
| Feldkamp, Andrew and Dawn | 5237 Butte Street, Lehigh Acres, FL 33971 | Alternative Living Expenses, Lost Equity, and Other Economic Losses |
| Foster, William and Vicki | 10814 Fortina Drive, Fort Myers, FL 33913 | Alternative Living Expenses and Other Economic Losses |
| Kramer, Dan | 3245 Sundance Circle, Naples, FL 34109 | Alternative Living Expenses and Other Economic Losses |
| Walls, Larry and Rosalee | 2510 Van Buren Pkwy, Cape Coral, FL 33993 | Alternative Living Expenses, Lost Equity, Diminution in Value and Other Economic Losses |
| Griffin, David and Diane | 9801 Cobblestone Lakes Court, Boynton Beach, FL 33472 | Lost Equity, Diminution in Value and Other Economic Losses |
| Martinez, Dailyn and Luis | 1624 NW 37th Avenue, Cape Coral, FL 33993 | Alternative Living Expenses and Other Economic Losses |

1

2

| Rosen, Michael | 17538 Middlebrooke Way, Boca Raton, FL 33496 | Lost Equity, Diminution in Value and Other Economic Losses |
| --- | --- | --- |
| Lalwani, Gul and Deborah | 4590 Kodiak Drive, Vero Beach, FL | Lost Equity, Diminution in Value and Other Economic Losses |
| Miranda, Jose | 8890 SW 229 Street, Miami, FL | Lost Equity, Diminution in Value and Other Economic Losses |
| Gody, Anthony and Candace | 10842 Tiberio Drive, Fort Myers, FL 33913 | Alternative Living Expenses and Other Economic Losses |
| Nguyen, Tracy | 103 SE 16th Place, Cape Coral, FL 33990 | Alternative Living Expenses and Other Economic Losses |
| Chatmon, Lillian | 4151 Bismarck Palm Drive, Tampa, FL 33610 | Alternative Living Expenses and Other Economic Losses |