## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

---

| | |
|---|---|
| IN RE CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2047 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| THE MITCHELL COMPANY, INC. v. KNAUF GIPS, KG; et al.; Case No. 09-cv-4115 | JUDGE FALLON MAG. JUDGE WILKINSON |

---

### THE MITCHELL COMPANY, INC.'S RESPONSE IN OPPOSITION TO TAISHAN'S MOTION FOR SUGGESTION OF REMAND

Comes now Plaintiff The Mitchell Company, Inc. ("Mitchell"), by and through its attorneys, and responds to Defendant Taishan's Motion for Suggestion of Remand as follows:

1.     Instead of agreeing to a revised scheduling order as Taishan's counsel agreed, and which the Court directed, Taishan has filed a motion for suggestion of remand.  In support of its motion, Taishan makes the unsupported assertion that "Mitchell will not benefit from additional MDL proceedings," and that the only work left to be done is case specific.  Taishan's motion ignores pertinent facts, the procedural posture of the case, and is not well taken.

2.     Mitchell pled its class action complaint on behalf of builders damaged by the use of defective Chinese drywall.  Mitchell obtained a default against Defendant Taishan in 2009. Thereafter, Mitchell has successfully defended the jurisdiction of this Court to adjudicate Taishan's liability, both before this Court and before the Fifth Circuit Court of Appeals.

-1-

3.      Currently pending before this Court is Mitchell's renewed motion for class certification.  Resolution of that motion should be decided by this Court, and the parties would be prejudiced by a premature remand prior to determination of the class certification issue.

4.      Title 28 U.S.C. § 1407(a), pursuant to which this action was transferred to the subject court, provides in relevant part:

> When civil actions involving one or more questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings.  Such transfers shall be made by the judicial panel on multi-district litigation . . . upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pre-trial proceedings to the district from which it was transferred unless it shall have been previously terminated.

5.      The question presented to this Court by Taishan's suggestion of remand is whether remand is appropriate at this point in time.  In answering this question, the Court "should be guided by [the] standards for remand employed by the panel."  *In re Bacycol Prods Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008).  Generally speaking, whether to remand "turns on . . . whether the case will benefit from further consolidateed proceedings as part of the MDL."  *Id.* (citing *Air Crash Disaster*, 461 F.Supp. 671, 672-73, JPML 1978).  The key question before the Court is whether the Court perceives that its role under § 1407 has ended in the particular case.  *See In re Columbia-HCA Healthcare Corp. Qui Tam Litig.*, 560 F. Supp. 2d 1349, 1350, JPML 2008 (quoting *In Re Holiday Magic*, 433 F.Supp. 1125, 1126, JPML 1977).

6.      The key fact that Taishan ignores in its motion for suggestion of remand is that in June 2015, the Court held a damages hearing addressing class-wide damages for the homeowner

class.  Following extensive pre-trial briefing, and a hearing, the Court entered an order making extensive findings of fact and conclusions of law on April 21, 2017.  [April 21, 2017 Order on Doc. 20741]  This Court's April 21, 2017 Order determined class damages against Taishan and denied Taishan's motion to decertify the class.  *In re Chinese Mfg Drywall Prod. Liab. Litig.*, 2017 WL 1421627 (E.D. April 21, 2017).

7.      Mitchell's evidence in support of class certification will rely, in part, on the same type evidence presented to this Court which led to the April 21, 2017 Order.  Specifically, evidence related to product identification  will be substantially similar to the evidence already presented to the Court.  Mitchell will rely on the Court-approved product catalog (PTO 10, R. Doc. 171) as well as the Court-approved Drywall Indica Guide (PTO 27, Doc. 17060) to identify the types of drywall and those homes containing Taishan product.  See April 21, 2017 Order at ¶¶ 27-29.  Further, Mitchell will rely on the plaintiff profile forms and information collected by Brown Greer.  The Court is intimately familiar with the mechanics of product identification and the identification of houses containing defective drywall.

8.      In addition to identification, issues regarding the scope and extent of classwide damages will raise issues which this Court has already determined in its April 21, 2017 Order. Taishan is simply wrong when it asserts that there are "fact intensive questions about the extent and cost of remediation" and "other types of damages allegedly suffered by the class."  The damages sought by the class fall into two categories.  The class members seek recovery of amounts expended to comply with the Court's approved remediation protocol or amounts paid to settle claims against the builders for using and installing Defendant's drywall.  Once again, the Court's experience in developing the remediation protocol, and overseeing settlements by the builders, will be invaluable

in achieving a resolution of the Mitchell class action.  Thus, the issues pending before the Court are not "case specific" motions but rather seek to resolve all of the various builders' outstanding claims against Taishan.

9.     It would be a huge waste of judicial resources to ask a new judge to duplicate the work already performed by this Court embodied in the April 21, 2017 Order.  Thus, contrary to Taishan's assertion, Mitchell does not present a situation where "everything that remains to be done is case specific."  *In re Patenuade*, 210 F.3d 135, 145 (3rd Cir. 2000).  The pending class certification motion is the type of pretrial proceeding the transferee court is best suited to decide.  David F. Herr, *Multidistrict Litigation Manual*, § 9:13 (2018) (explaining that the JPML has "specifically handed" to transferee courts "motions relating to class actions.")

10.     Once class certification is determined in Mitchell, the Court can revisit whether remand is appropriate.  However, at this time, remand would only cause significant duplication of effort, waste judicial resources, and work to the prejudice of Mitchell.  Instead of a suggestion of remand, Mitchell would ask this Court to set this matter for a hearing on its renewed motion for class certification.  A prompt setting of that matter can resolve the issue expeditiously.

*/s/  Steven L. Nicholas*
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191
251-479-1031 (fax)
sln@cunninghambounds.com

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York  10017-2024
212-355-9500
212-355-9592 (fax)

ELIZABETH J. CABRASER
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California  94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Plaintiff The Mitchell Company, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that the above and foregoing has been served upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in  accordance with the procedures established in MDL 2047, on this the 26th day of September, 2018.

*/s/  Steven L. Nicholas*
STEVEN L. NICHOLAS