UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL No. 2:09-md-2047 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | |
| *Gross v. Knauf Gips KG, 2:09-cv-6690* | JUDGE ELDON E. FALLON |
| *Amorin v. Taishan Gypsum, 2:11-cv-1672* | |
| *Amorin v. Taishan Gypsum, 2:11-cv-1395* | MAGISTRATE JUDGE |
| *Amorin v. Taishan Gypsum, 2:11-cv-1673* | JOSEPH C. WILKINSON, JR. |
| *Amorin v. SASAC, 2:14-cv-1727* | |
| *State of Louisiana v. Knauf, 2:10-cv-340* | |
| *Abner v. Taishan Gypsum, 2:11-cv-3094* | |
| *Posey v. BNBM Co., 2:09-cv-6531* | |
| *Morris v. BNBM Co., 2:09-cv-6530* | |

## <u>DECLARATION OF DONALD CLARKE</u>

I, DONALD CLARKE, declare as follows:

1.      I am a professor of law at the George Washington University Law School, where I have been employed since 2005. My academic specialization is the law of the People's Republic of China (the "PRC" or "China") in general and the legal regime of economic reform in particular, and I speak and read Chinese fluently. I have published a number of articles, comments, and book reviews pertaining to Chinese law.

3.      I previously provided two declarations in this case: (1) on June 15, 2015 (the "First Clarke Declaration"), and (2) on February 11, 2016 (the "Second Clarke Declaration"). Those declarations deal with the question of whether parents may be found liable for the obligations of a subsidiary on "alter ego" or veil-piercing theories in Chinese law. I incorporate the analysis of those declarations herein by reference.

4.      In this declaration, I shall refer to various relevant entities as follows:

- Beijing New Building Materials Public Limited Company: "BNBM"

- Taishan Gypsum Co.: "Taishan"

5.      I have been asked to provide my opinion concerning the circumstances under which an agency relationship is formed under Chinese law, the scope of agency, and in particular the circumstances under which a subsidiary corporation might be deemed the agent of its parent corporation for various purposes. More specifically, I have been asked to provide my opinion on whether Taishan would, under Chinese law, be considered the agent of its parent corporation BNBM for the purposes of finding jurisdiction over BNBM or making BNBM liable for the obligations of Taishan.

### *My Background*

6.      I graduated cum laude from Harvard Law School in 1987, where my studies focused on East Asian legal systems and I served as an editor of the *Harvard Law Review*. I earned a graduate degree (M.Sc. with Honors) in the Government and Politics of China from the School of Oriental and African Studies at the University of London in 1983. I also studied Chinese history for two years at Beijing University and Nanjing University in China from 1977 to 1979.

7.      From 1988 through 2004, I was on the faculty of the University of Washington School of Law ("UWLS"). From 1995 to 1998, I was on a leave of absence from the UWLS and worked as an attorney at Paul, Weiss, Rifkind, Wharton & Garrison ("Paul, Weiss"), a large United States law firm with a substantial China business practice. During that period, I visited China and Hong Kong approximately twice a year in the course of my work, a substantial amount of which was related to China. From 1998 through 2003, I regularly worked with Paul, Weiss as a consultant on Chinese law matters. Since that time I have maintained an independent consulting practice.

8.      I spent the calendar year 2003 in China conducting research on corporate governance issues as a Fulbright Fellow and Visiting Scholar at Tsinghua University Faculty of Law ("Tsinghua"). I visit China frequently and, from 2003 through 2014, spent at least three months a year there.

9.      I have served as adviser or consultant on Chinese law matters to a number of bodies, including the Asian Development Bank, the Agency for International Development, and the World Bank's Financial Sector Reform and Strengthening Initiative. I have testified on aspects of the Chinese legal system before the Congressional-Executive Commission on China and the United States-China Economic and Security Review Commission. I have been appointed to the Academic Advisory Group to the US-China Working Group of the United States Congress. I am admitted to the practice of law in the state of New York and am a member of the Council on Foreign Relations.

10.     I have served as an expert witness on Chinese law matters in over a dozen cases, most of them involving issues of the Chinese legal system or Chinese commercial law.

11.     A more complete statement of my credentials, including a list of publications, is set forth in my curriculum vitae, attached as Exhibit A.

### Summary of Opinion

12.     Having researched the question, I have found no Chinese law or case decision under which a parent could be or has been held liable for the obligations of a subsidiary under a theory of agency. Chinese law does not support the proposition that a subsidiary may be found to be an agent of the parent where there is no agency agreement, whether explicit or implicit. I have found no basis for thinking that the exercise of control by a parent over a subsidiary, without more, would ever be deemed under Chinese law to establish a principal-agent relationship.

13.     This conclusion applies both to agency for the purpose of imposing liability on the principal and agency for the purpose of asserting jurisdiction over the principal.

14.     Therefore, I conclude that there is no basis in Chinese law for finding Taishan to be an agent of BNBM for the purpose of imposing liability on or establishing jurisdiction over BNBM.

### How Agency Arises Under Chinese Law

15.     Chinese agency law is governed generally by two statutes: the General Principles of Civil Law (the "GPCL"),[1] in effect from 1987, and the Civil Law, General Part ("CLGP"),[2] in effect from October 1, 2017. Both statutes set forth general principles governing civil law relations; although the GPCL technically remains in effect, the CLGP represents a clarification and more detailed expression of many of the doctrines expressed only very generally in the GPCL.

---

[1] Zhonghua Renmin Gongheguo Minfa Tongze [The General Principles of Civil Law of the People's Republic of China] (promulgated by the Standing Comm. Nat'l People's Cong., April 12, 1986, effective Jan. 1, 1987, as amended Aug. 27, 2009), available at https://perma.cc/8EPH-YCNB (hereinafter GPCL). A translation of the original GPCL can be found in Whitmore Gray & Henry Ruiheng Zheng (tr.), *General Principles of Civil Law of the People's Republic of China*, 52 L. & CONTEMP. PROBLEMS 27 (1989). The 2009 amendments are minor and do not affect anything in this declaration.

[2] Zhonghua Renmin Gongheguo Minfa Zongze [Civil Law of the People's Republic of China, General Part] (promulgated by the Nat'l People's Cong., Mar. 15, 2017, effective Oct. 1, 2017, available at https://perma.cc/9NZS-A8YM (hereinafter CLGP). An English translation, CIVIL CODE OF THE PEOPLE'S REPUBLIC OF CHINA GENERAL PART (Gao Lingyun tr. 2017), is available in book form at the following website: http://bit.ly/CLGP-English.

16.     Chinese agency law in the GPCL is built around the concept of an agent who acts in the name of, and on behalf of, the principal.[3] The CLGP express the same idea, but from the opposite direction, so to speak: they state that the principal conducts juridical acts through the agent.[4] The result is the same: the agent binds the principal, and the principal is liable for the acts of the agent undertaken in the course of the agency.

17.     An agency relationship can arise only in a limited number of ways.

   a.     Under the GPCL, there are three types of agency: agency by authorization, agency by operation of law, and agency by designation. The GPCL explains them as follows:

> An agent by authorization exercises his authority as agent in accordance with an appointment as agent by his principal; an agency by operation of law exercises authority as agent in accordance with a provision of the law; a designated agent exercises his authority as agent in accordance with a designation by the People's Court or a designating unit.[5]

   Agency by authorization requires that the principal and agent agree.

   b.     Under the CLGP, there are two types of agency: agency by authorization and agency by operation of law. The definitions of each are identical to those in the GPCL.

18.     To the best of my knowledge, no party in this case has argued, and I have seen no evidence suggesting, that Taishan became an agent of BNBM by virtue of BNBM so authorizing Taishan, either in writing or orally, and Taishan agreeing.

19.     To the best of my knowledge, no party in this case has argued, and I have seen no evidence suggesting, that Taishan was an agent of BNBM by operation of law or because it was formally designated an agent by a Chinese court or other appropriate entity.

---

[3] GPCL, *supra* note 1, Art. 63.

[4] CLGP, *supra* note 2, Arts. 161, 162.

[5] GPCL, *supra* note 1, Art. 64. The type of situation contemplated in designated agency is when an individual lacks the capacity to act for himself (due, for example, to mental incapacity). It requires a formal designation by the court before any act pursuant to the agency may be undertaken. Agency by operation of law occurs when there is an explicit provision of law stating that when specified circumstances are present, person X becomes the agent of person Y.

20. **Consequently, all three (under the GPCL) or two (under the CLGP) ways of establishing an agency relationship under Chinese law seem to be ruled out.**

21. Both the GPCL and the CLGP provide for ways in which what might be called quasi-agency relationships (for example, agency relationships based on a theory similar to that of apparent authority) are established. In my opinion, the relevant facts in this case do not fulfill the necessary conditions.

22. The relevant section of the GPCL states the following:

> An act performed by an agent without authority or which exceeds his authority or [is performed] after the termination of the agency results in civil liability for the principal only if it is ratified by the principal. . . . If a person knows that another person is performing a civil act in his name and does not object, he is deemed to have consented.[6]

23. To the best of my knowledge, no party in this case has argued, and I have seen no evidence suggesting, that Taishan, purporting to be the agent of BNBM, engaged in some act in the name of BNBM which was either (a) subsequently ratified by BNBM, or (b) undertaken with the knowledge and failure to object of BNBM.

24. The relevant section of the CLGP states the following:

> An act done by a person without authority, exceeding the authority, or after the authority is terminated is not effective against the principal who has not ratified it.[7]
>
> The act conducted by a person without authority, exceeding the authority, or after the authority is terminated is effective if the counterparty has reason to believe that such person has the authority.[8]

25. To the best of my knowledge, no party in this case has argued, and I have seen no evidence suggesting, that Taishan, purporting to be the agent of BNBM, engaged in some act in the name of BNBM which was either (a) subsequently ratified by BNBM, or (b) believed with reason by the counterparty to be undertaken with the authority of BNBM.

---

[6] GPCL, *supra* note 1, Art. 66 (my translation here is slightly modified from that of Gray & Zheng, *supra* note 1).

[7] CLGP, *supra* note 2, Art. 171 (remaining text omitted as not relevant).

[8] CLGP, *supra* note 2, Art. 172.

26. **Consequently, all the ways of establishing quasi-agency relationships under Chinese law seem to be ruled out.**

27. In the course of my research for this declaration, I found no Chinese cases in which a parent was held liable for the obligations (either in tort or in contract) of a subsidiary on a theory of agency. It is of course possible that there are such cases that my research did not find. Because proving that such cases exist is far easier than proving that they do *not* exist (which is, strictly speaking, impossible), I believe it is reasonable for the burden of proof on this issue to be on the plaintiffs.

*The Non-Significance of Control*

28. The exercise of control by one party over another is not, in Chinese law, relevant to the determination of whether an agency relationship exists. For example, an employer may exercise very tight control over the actions of an employee, but that does not make the employee an agent of the employer, capable of doing what agents quintessentially do: undertaking juridical acts in the employer's name and binding it by contract. The employer is liable for the *torts* of the employee committed in connection with the employee's work, but liability in that case is grounded in the Chinese version of the doctrine of *respondeat superior*, not a theory of agency.

29. The exercise of control *is* significant in Chinese law for purposes of determining whether to make one company liable for the obligations of another on the basis of an alter ego theory or a veil-piercing theory. I discussed these theories in the First Clarke Declaration and the Second Clarke Declaration.

30. In the course of my research for this declaration, I found that there has been a small amount of discussion in Chinese academic circles of the proposition that liability may be imposed on a parent that closely controls a subsidiary through an agency theory, *i.e.*, by finding that the parent's close control transformed the subsidiary into an agent of the parent.[9] In my opinion, however, these discussions do not form an adequate basis for believing that any Chinese court would find that the degree of control exercised by BNBM over Taishan resulted in Taishan's becoming an agent of BNBM.

---

[9] *See* SHI TIANTAO, GONGSI FA LUN [Treatise on Company Law] 31 (3d ed. 2014) and Tang Yushu & Zhuang Xiwen, *Mu Gongsi Dui Zi Gongsi Zhaiwu Zeren Chengdan de Falü Sikao* [Legal Considerations on the Liability of Parent Corporations for the Obligations of Subsidiaries], HUAQIAO DAXUE XUEBAO (ZHEXUE SHEHUI KEXUE BAN) [Journal of Overseas Chinese University (Philosophy and Social Science)], no. 2, 2000, at 47.

31.     One of the discussions I found ("Source A") mentions the theory only to note that it was proposed by an English scholar, and then rejects it. The authors do not suggest that the theory is or should be part of Chinese law.[10]

32.     The other discussion I found ("Source B") states in its entirety the following:

> The agency theory [for imposing liability on a parent for the actions of a subsidiary] mainly uses the theory of agency to resolve problems of corporate obligations. According to this theory, when a company's establishment, continued existence, and business operations are carried out in accordance with the shareholder's directives and orders such that the company becomes the agent of the shareholder, this indicates that the company no longer possesses an independent legal status. In this situation, a court might consider that [the situation] is that of a shell game manipulated by the shareholder, and that the shareholder is in reality an undisclosed principal. Thus, the court might well require the shareholder to assume liability for the company's obligations under principles of agency.[11]

33.     This discussion is, in my opinion, insufficient to suggest that an agency theory of liability is part of Chinese law, particularly as applied to the facts of this case.

34.     First, and most importantly, as noted in Paragraph 27 above, I found no cases that support such a theory, and the author of Source B, despite his assertion that a court "might well" adopt such a theory, cites none.

35.     Second, both Source A and Source B suggest that the notion of an undisclosed principal is behind the imposition of liability on the parent via a theory of agency. In this case, involving allegations of tort, whether or not BNBM is akin to an undisclosed principal is irrelevant.

36.     Third, the discussion is essentially tautologous: it states that a court will find an agency relationship to exist when circumstances exist "such that the company becomes an agent of the shareholder." The conclusion is embedded in the premise, and so is unhelpful.

### *Liability via Agency Versus Jurisdiction via Agency*

37.     China has a unified, national court system. As a result, issues of jurisdiction rarely arise. Consequently, the law of agency in China as it pertains to attributing actions or qualities

---

[10] *See* Tang & Zhuang, *supra* note 9, at 48.

[11] SHI, *supra* note 9, at 31.

of a purported agent to a purported principal generally focuses on issues of the liability of the purported principal.

38.     I have found only one specific discussion in Chinese jurisprudential literature of whether and under what circumstances a court may exercise jurisdiction over a Party X—over which it would not otherwise have jurisdiction—on the basis of a theory that it *did* have jurisdiction over Party Y, and Party Y was an agent of Party X.[12] That discussion pertained to the possibility of exercising jurisdiction over Party X when it was a foreign parent of domestic subsidiary Party Y—the only way the matter could arise under Chinese law, given the nationwide jurisdiction of China's courts. The discussion cited the agency theory approvingly, but two important qualifications must be added.

   a.     First, the discussion was about general doctrines of the law of jurisdiction that had been advanced by various scholars around the world. The author cited an American academic[13] as the basis for his discussion; he did not suggest that the theory represented the actual law of China, and he cited no cases or other examples of the theory being applied in China.

   b.     Second, the author noted that this theory of jurisdiction via agency required a broad definition of "agency" and therefore should be used with caution to prevent abuse, and that the broad definition of agency made the theory little different in substance from a theory of jurisdiction via control—*i.e.*, a theory that the parent exercised so much control over the subsidiary that their corporate separateness should be disregarded. I discussed the application of that type of theory—alter ego theory or veil-piercing theory—in the First Clarke Declaration and the Second Clarke Declaration.

39.     As with cases of liability through agency, I found no cases finding jurisdiction over a company on the theory that there existed a principal-agent relationship between that company and a subsidiary over which the court unquestionably had jurisdiction. The same caveats I expressed in Paragraph 27 above apply here.

40.     Given the above, I have no reason for thinking that Chinese law on agency for purposes of finding jurisdiction would be different from Chinese law on agency for purposes of imposing liability.

---

[12] *See* Yu Jinsong, Kuaguo Gongsi Falü Wenti Zhuanlun [Monograph on Legal Issues of Multinational Corporations] 325 (2008).

[13] J.J. Fawcett, *Jurisdiction and Subsidiaries*, 1985 J. Bus. L. 16.

*Conclusion*

41.    I find no support in the text of Chinese statutes, Chinese court cases, or Chinese scholarly discussions for the proposition that a subsidiary may be deemed the agent of a parent in the absence of an explicit or implicit agency agreement. I have found no reason for thinking that the exercise of control by a parent over a subsidiary, without more, would ever be deemed under Chinese law to establish a principal-agent relationship. These conclusions apply to both issues of liability and issues of jurisdiction.

* * * * *

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2018, in Washington, D.C.

Donald Clarke

# Exhibit A

# DONALD C. CLARKE

Professor of Law and David E. Weaver Research Professor of Law
George Washington University Law School
2000 H Street
Washington, DC 20052
Tel. (202) 994-2830
E-mail: dclarke@law.gwu.edu
World Wide Web: http://donaldclarke.net

## CURRENT POSITION

• Professor, George Washington University Law School, Washington, DC (from Jan. 2005)

Courses taught:     • Chinese Law
                    • Chinese Business Law
                    • Business Organizations
                    • Law and Development

## OTHER POSITIONS AND VISITORSHIPS

• Visiting Professor, Interdisciplinary Center, Herzliya, Israel (April-May 2013)
• Visiting Professor, Duke University Law School, Durham, NC (Spring 2012)
• Visiting Professor, University of California at Los Angeles School of Law, Los Angeles, CA (Fall 2008)
• Visiting Professor, New York University School of Law, New York, NY (2007-08)
• Professor, University of Washington School of Law, Seattle, Washington (1988-2004)
• Attorney, Paul Weiss Rifkind Wharton & Garrison, New York, New York (Sept. 1995-Aug. 1998) (on leave from University of Washington)
        Areas of practice: Corporate, East Asia (focusing on China)
• Lecturer in Commercial Law of the Far East, Department of Law, School of Oriental and African Studies, University of London, UK (Sept. 1985-July 1988)

## EDUCATION

• *Harvard Law School*, Cambridge, Mass., USA (1983-85, 1986-87)—JD cum laude 1987
        Activities:      Editorial Board, *Harvard Law Review*
                         *Harvard International Law Journal*
• *School of Oriental and African Studies*, University of London, UK (1981-83)—MSc 1983 in Government and Politics of China
        Honors: Award of Distinction for thesis
• *Beijing University and Nanjing University*, People's Republic of China (1977-79)— Non-degree academic exchange program
        Major area of study: Chinese history
• *Princeton University*, Princeton, New Jersey, USA (1973-77)—BA cum laude 1977
        Major areas of study: International affairs (Woodrow Wilson School of Public and International Affairs); Certificate of Proficiency in East Asian Studies

**SCHOLARSHIPS AND FELLOWSHIPS**

• Rowdget Young Visiting Fellow, Faculty of Law, University of Hong Kong, June 2005
• Fulbright Research Fellowship, 2003 (Tsinghua University Faculty of Law, Beijing)
• Visiting Fellow, China Law Center, Yale Law School, Fall 2001
• Research Fellowship, National Program, Committee on Scholarly Communication with the People's Republic of China, 1991-92
• Foreign Language and Area Studies Fellowship, 1986-87 (Harvard Law School)
• Foreign Language and Area Studies Fellowship, 1984-85 (Harvard Law School)
• Commonwealth Scholarship, 1981-83 (University of London)
• Canada-China Exchange Scholarship, 1977-79 (Peking University, Nanking University)

**PROFESSIONAL ASSOCIATIONS AND MEMBERSHIPS**

• Member, Council on Foreign Relations
• Member, New York Bar
• Member, Executive Committee, East Asian Law & Society Section, Association of American Law Schools (2015-2017)
• Member, Executive Editorial Board, *American Journal of Comparative Law*
• Member, Editorial Board, *The China Quarterly*
• Member, Editorial Board, *Journal of Comparative Law*
• Member, Academic Advisory Group, US-China Working Group, United States Congress
• Affiliate Professor, University of Washington School of Law
• Director, U.S. China Law Society
• Director, Pacific Rim Law and Policy Association (publisher of *Pacific Rim Law and Policy Journal*)
• Member, Advisory Board, Center for Real Estate Law, Peking University Law School

**CONSULTANCIES (SELECTED)**

• Financial Sector Reform and Strengthening (FIRST) Initiative, *Amendments to the Securities Law of the People's Republic of China*, 2004-2005
• Asian Development Bank, *Economic Law in the People's Republic of China: Retrospect and Prospect*, 2004-2005
• Asian Development Bank, *Amendments to the Company Law of the People's Republic of China*, 2001-2005
• Agency for International Development, *Commercial Law Reform in the Former Soviet Republics*, 2002
• Asian Development Bank, *China's Legal and Administrative System*, 2001

**PUBLICATIONS**

## Books

*China's Legal System: New Developments, New Challenges* (Cambridge University Press, 2008) (edited volume)

## Articles and Monographs

"China's Urban Land Regime: The Irrelevance of State Ownership," *Land Use Policy* (forthcoming 2018)

"The Bonding Effect in Chinese Cross-Listed Companies: Is It Real?", in Nicholas C. Howson & Robin Hui Huang (ed.), *Enforcement of Corporate and Securities Law: China and the World* (Cambridge University Press 2017): 88-100 [Working paper version: "The Bonding Effect in Cross-Listed Chinese Companies: Is It Real?", Dec. 31, 2015, GWU Legal Studies Research Paper No. 2015-55, available at http://ssrn.com/abstract=2710717]

"The Law of China's Local Government Debt: Local Government Financing Vehicles and Their Bonds" (with Fang Lu), *American Journal of Comparative Law*, vol. 65 (2017): 751-798

"Don't Ask, Don't Sell: The Criminalization of Business Intelligence in China and the Case of Peter Humphrey," *UCLA Pacific Basin Law Journal*, vol. 33, no. 2 (2016): 109-153

"Blowback: How China's Efforts to Bring Private-Sector Standards into the Public Sector Backfired," in Curtis Milhaupt & Benjamin Liebman (ed.), *Regulating the Visible Hand? The Institutional Implications of Chinese State Capitalism* (Oxford University Press 2015): 29-48

"Zai fanyizhong yishi? Jianping Zhongguo gongsi fa zhong de yizhiti" (Lost in Translation? Legal Transplants in Chinese Corporate Law), in <u>Ge</u> Pingliang & <u>Liang</u> Jiaolong (ed.), *Waiguo Xuezhe Lun Zhongguo Fa Congshu—Gongsi Fa Fenjuan* (Collection of Works of Foreign Scholars Discussing Chinese Law—Company Law Volume) (Zhongguo Dabaike Quanshu Chubanshe (Great Encyclopedia of China Publishers), forthcoming 2015)

"Judicial Innovation in Chinese Corporate Law," in John O. Haley & Toshiko Takenaka (ed.), *Legal Innovations in Asia: Judicial Law-Making and the Influence of Comparative Law* (Edward Elgar, 2014): 259-272

"China's Stealth Urban Land Revolution," *Am. J. Comp. L.*, vol. 62, no. 2 (Spring 2014): 323-366

"Derivative Actions in the People's Republic of China" (with Nicholas C. Howson), in Dan W. Puchniak, Harald Baum & Michael Ewing-Chow (ed.), *The Derivative Action in Asia: A Comparative and Functional Approach* (Cambridge University Press, 2012): 243-295; *translated as* "Tongwang xiao gudong baohu zhi lujing: Zhongguo paisheng susong," in <u>Ge</u> Pingliang & <u>Liang</u> Jiaolong (ed.), *Waiguo Xuezhe Lun Zhongguo Fa Congshu—Gongsi Fa Fenjuan* (Collection of Works of Foreign Scholars Discussing Chinese Law—Company Law Volume) (Zhongguo Dabaike Quanshu Chubanshe (Great Encyclopedia of China Publishers), forthcoming 2015)

"'Nothing But Wind'? The Past and Future of Comparative Corporate Governance," *Am. J. Comp. L.*, vol. 59, no. 1 (Winter 2011): 75-110

"Law Without Order in Chinese Corporate Governance Institutions," *Nw. J. Int'l L. & Bus.*, vol. 30 (2010): 131-199; *translated as* "Zhongguo gongsi zhili zhidu: you fa er wu zhixu," in <u>Ge</u> Pingliang & <u>Liang</u> Jiaolong (ed.), *Waiguo Xuezhe Lun Zhongguo Fa Congshu—Gongsi Fa Fenjuan* (Collection of Works of Foreign Scholars Discussing Chinese Law—Company Law Volume) (Zhongguo Dabaike Quanshu Chubanshe (Great Encyclopedia of China Publishers), forthcoming 2015)

"The Private Attorney-General in China: Potential and Pitfalls," *Wash. U. Global Studies L. Rev.*, vol. 8, no. 2 (2009): 241-255

"The Role of Non-Legal Institutions in Chinese Corporate Governance," in Curtis Milhaupt, Kon-Sik Kim and Hideki Kanda (ed.), *Transforming Corporate Governance in East Asia* (Routledge, 2008): 168-192

"The Role of Law in China's Economic Development" (with Peter Murrell and Susan Whiting), in Thomas Rawski and Loren Brandt (ed.), *China's Great Economic Transformation* (Cambridge University Press, 2008): 375-428

"China: Creating a Legal System for a Market Economy," Nov. 7, 2007 (report prepared for the Asian
   Development Bank) (available at http://ssrn.com/abstract=1097394)
"The Chinese Legal System Since 1995: Steady Development, Striking Continuities," *China Quarterly*,
   no. 191 (Sept. 2007): 555-566
"Legislating for a Market Economy in China," *China Quarterly*, no. 191 (Sept. 2007): 567-585
"Three Concepts of the Independent Director," *Delaware Journal of Corporate Law*, vol. 32, no. 1 (2007):
   73-111 (available at http://ssrn.com/abstract=975111)
"How Do We Know When an Enterprise Exists? Unanswerable Questions and Legal Polycentricity in
   China," *Columbia Journal of Asian Law*, vol. 19, no. 1 (2005 [2006]): 50-71
"The Independent Director in Chinese Corporate Governance," *Delaware Journal of Corporate Law*, vol.
   31, no. 1 (2006): 125-228 (available at http://ssrn.com/abstract=895588)
"Zhengfu chigu yu Zhongguo gongsi zhili" (Government Shareholding and Chinese Corporate
   Governance), *Hongfan Pinglun* (Hongfan Review [Journal of Legal and Economic Studies]), vol.
   2, no. 2 (Sept. 2005): 230-248
"Yige bing buyuan de waiguo yueliang: Meiguo fan neimu jiaoyi falü zhidu" (A Foreign Moon That Is
   not Round: America's Anti-Insider Trading Legal Regime), *Hongfan Pinglun* (Hongfan Review
   [Journal of Legal and Economic Studies]), vol. 2, no. 1 (March 2005): 225-238
"Zhongguo xiuding 'Xing Fa' pingjia" (An Assessment of China's Revisions to the "Criminal Law"), in
   Xu Chuanxi (ed.), *Zhongguo Shehui Zhuanxing Shiqi de Falü Fazhan* (The Development of Law in
   China's Transitional Society) (Beijing: Falü Chubanshe [Law Press], 2004): 448-492
"Corporate Governance in China: An Overview," *China Economic Review*, vol. 14, no. 4 (2003): 494-507
"Empirical Research in Chinese Law," in Erik Jensen & Thomas Heller (eds.), *Beyond Common Knowledge:
   Empirical Approaches to the Rule of Law* (Stanford: Stanford University Press, 2003): 164-192
"Duli dongshi yu Zhongguo gongsi zhili" (The Independent Director and Chinese Corporate
   Governance), in Fang Liufang (ed.), *Fa Da Pinglun* (China University of Politics and Law
   Review), vol. 2 (Beijing: Zhongguo Zheng-Fa Daxue Chubanshe [China University of Politics
   and Law Press], 2003): 99-122 (also in Hamada Michiyo & Wu Zhipan (ed.), *Gongsi Zhili yu
   Ziben Shichang Jianguan—Bijiao yu Jiejian* (Corporate Governance and the Regulation of Capital
   Markets: Comparisons and Lessons) (Beijing: Beijing Daxue Chubanshe [Beijing University
   Press], Jan. 2003)
"The Independent Director in Chinese Corporate Governance and the 'Guidance Opinion on the
   Establishment of an Independent Director System in Listed Companies'," in Wang Baoshu
   (ed.), *Touzizhe Liyi Baohu* (The Protection of Investors' Interests) (Beijing: Shehui Kexue
   Wenxian Chubanshe [Social Sciences Documentation Press], 2003): 142-165
"Economic Development and the Rights Hypothesis: The China Problem," *American Journal of
   Comparative Law*, vol. 51 (2003): 89-111
"China's Legal System and the WTO: Prospects for Compliance," *Washington University Global Studies
   Law Review*, vol. 2, no. 1 (2003): 97-118
"Puzzling Observations in Chinese Law: When Is a Riddle Just a Mistake?" in C. Stephen Hsu (ed.),
   *Understanding China's Legal System* (New York: New York University Press, 2003): 93-121
"Zhongguo de jiufen jiejue" (Dispute Resolution in China), in Jiang Shigong (ed.), *Tiaojie, Fazhi yu
   Xiandaixing: Zhongguo Tiaojie Zhidu Yanjiu* (Mediation, Legality, and Modernity: Studies in the
   Chinese Mediation System) (Beijing: Zhongguo Fazhi Chubanshe [China Legal System Press],
   2001)
"Zhongguo tudi shiyong guanli zi xia er shang de celüe" (A Bottom-Up Strategy for Land Use
   Regulation in China), in Chi Fulin (ed.), *Zouru 21 Shiji de Zhongguo Nongcun Tudi Zhidu Gaige*

(China's Rural Land System Reform Going Into the 21st Century) (Beijing: Zhongguo Jingji Chubanshe [China Economics Press], 2000): 299-303

"Chûgokuhô kenkyû no apurôchi: 'hô no shihai' paradaimu wo koete" (Approaches to Chinese Law: Beyond the 'Rule of Law' Paradigm), *Hikaku Hôgaku* (Studies in Comparative Law), vol. 34, no. 1 (2000): 73-91

"Alternative Approaches to Chinese Law: Beyond the 'Rule of Law' Paradigm," *Waseda Proceedings of Comparative Law*, vol. 2 (1998-1999): 49-62

"China and the World Trade Organization," in Freshfields (ed.), *Doing Business in China* (Yonkers, N.Y.: Juris Publishing, 1999): I-11.1 to I-11.30

"Private Enforcement of Intellectual Property Rights in China," *NBR Analysis*, vol. 10, no. 2 (April 1999): 29-41

*Wrongs and Rights: A Human Rights Analysis of China's Revised Criminal Code* (New York: Lawyers Committee for Human Rights, December 1998)

"Power and Politics in the Chinese Court System: The Execution of Civil Judgments," *Columbia Journal of Asian Law*, vol. 10, no. 1 (Spring 1996): 1-125

"The Creation of a Legal Structure for Market Institutions in China," in John McMillan & Barry Naughton (eds.), *Reforming Asian Socialism: The Growth of Market Institutions* (Ann Arbor: University of Michigan Press, 1996): 39-59

"The Execution of Civil Judgments in China," *China Quarterly*, no. 141 (March 1995): 65-81; translated into Japanese as "Chûgoku ni okeru minji hanketsu no kyôsei shikkô," in Hikota Koguchi (ed.), *Chûgoku no Keizai Hatten to Hô* (Tokyo: Waseda University Institute of Comparative Law, 1998): 343-367

"Antagonistic Contradictions: Criminal Law and Human Rights in China" (with James V. Feinerman), *China Quarterly*, no. 141 (March 1995): 135-154

"Justice and the Legal System," in Robert Benewick & Paul Wingrove (eds.), *China in the 1990s* (London: Macmillan, 1995): 83-93

"GATT Membership for China?," *University of Puget Sound Law Review*, vol. 17, no. 3 (Spring 1994): 517-531

"Regulation and Its Discontents:  Understanding Economic Law in China," *Stanford Journal of International Law*, vol. 28, no. 2 (Spring 1992): 283-322

"Dispute Resolution in China," *Journal of Chinese Law*, vol. 5, no. 2 (Fall 1991): 245-296

"What's Law Got to Do with It?  Legal Institutions and Economic Reform in China," *UCLA Pacific Basin Law Journal*, vol. 10, no. 1 (Fall 1991): 1-76

"Law, the State and Economic Reform in China," in Gordon White (ed.), *The Chinese State in the Era of Economic Reform:  The Road to Crisis* (London: Macmillan, 1991): 190-211

"Political Power and Authority in Recent Chinese Literature," *China Quarterly*, no. 102 (June 1985): 234-252

"Concepts of Law in the Chinese Anti-Crime Campaign," *Harvard Law Review*, vol. 98, no. 8 (June 1985): 1890-1908

## Short Articles, Comments, and Book Reviews

"*Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*: Respect but Verify: Foreign Government Statements of Foreign Law Do Not Get Conclusive Deference," *Geo. Wash. L. Rev. on the Docket* (June 21, 2018), https://www.gwlr.org/animal-science-products-inc.

"Do Western Media Focus Too Much on Human Rights Issues in China," *Hong Kong Free Press*, Jan. 13, 2018, *available at* https://perma.cc/ER6L-3LCF

"Has China Restored Private Land Ownership?", *Foreign Affairs*, May 16, 2017, *available at* https://perma.cc/FBH9-Z6L7

"The Paradox at the Heart of China's Property Regime," *Foreign Policy*, Jan. 19, 2017, http://foreignpolicy.com/2017/01/19/the-paradox-at-the-heart-of-chinas-property-regime-wenzhou-lease-renewal-problems/ [https://perma.cc/65UD-9TDA]

"China's Legal System and the Fourth Plenum," *Asia Policy*, no. 20 (July 2015), pp. 10-16, *available at* http://www.nbr.org/publications/issue.aspx?id=319

"Alibaba Shareholder Disenfranchisement: Worse than You Think," *FT Alphaville*, Oct. 20, 2014, http://on.ft.com/1vUEjQl

"The Significance of Recent Detentions for the Rule of Law in China," testimony before the Congressional-Executive Commission on China, in *Understanding China's Crackdown on Rights Advocates: Personal Accounts and Perspectives*, April 8, 2014, *available at* http://1.usa.gov/1j31ZK3

"Why Hefei?", *Caixin Online*, July 27, 2012, http://english.caixin.com/2012-07-27/100416240.html

"Waizi kongzhile Zhongguo hulianwang ma?" (Does Foreign Capital Control the Chinese Internet?), *Caixin Wang* (Caixin Online), July 22, 2011, http://www.caing.com/2011-07-22/100282578.html (Chinese-language version of "Who Owns the Chinese Internet" below)

"Who Owns the Chinese Internet?", *Caixin Online*, July 15, 2011, http://english.caing.com/2011-07-15/100279928.html, also in *Caixin Weekly*, no. 36 (July 25, 2011): 58-60

"China's Jasmine Crackdown and the Legal System," *East Asia Forum* (Australian National University), May 26, 2011, http://www.eastasiaforum.org/2011/05/26/china-s-jasmine-crackdown-and-the-legal-system/ (alternate URL: http://bit.ly/k8eI2U)

"New Approaches to the Study of Political Order in China," *Modern China*, vol. 36, no. 1 (2010): 87-99

"Lawyers and the State: Recent Developments," testimony before the Congressional-Executive Commission on China, Washington, D.C., October 7, 2009

"Lawsuits as Criticism," in "Room for Debate: China's New Rebels," *New York Times*, June 2, 2009, http://nyti.ms/kKt9sl

"Law, Institutions, and Property Rights in China" (with Peter Murrell and Susan Whiting), *Woodrow Wilson International Center for Scholars Asia Program Special Report*, no. 129, 2005: 42-47

"Xintuo zeren de zhenzheng yiyi -- yu Lang Xianping jiaoshou shangque" (The True Meaning of Fiduciary Liability: A Discussion with Professor Lang Xianping), *Zhongguo Zhengquan Bao* (China Securities News), Dec. 5, 2003

"Ruhe quezhi yijia gongsi de cunzai: Zhongguo fa shang de kunhuo he falü duoyuan zhuyi" (How Do We Know When an Enterprise Exists? Unanswerable Questions and Legal Polycentricity in Chinese Law), in Wang Baoshu (ed.), *Quanqiu Jingzheng Tizhi Xia de Gongsi Fa Gaige* (Company Law Reform in a System of Global Competition) (Beijing: Shehui Kexue Wenxian Chubanshe [Social Sciences Documentation Press], 2003): 74-76

"Corporatisation, Not Privatisation," *China Economic Quarterly*, vol. 7, no. 3 (2003): 27-30

Review of Peter Murrell (ed.), *Assessing the Value of Law in Transition Economies* (Ann Arbor: Univ. of Michigan Press, 2001), in *Journal of Economic Literature*, vol. 41 (June 2003): 624-625

"China" (with Nicholas Howson and Lester Ross), in *Insolvency & Restructuring 2003* (London: Law Business Research, 2003): Chapter 9

Statement Before the Congressional-Executive Commission on China (June 6, 2002), in "WTO: Will China Keep Its Promises? Can It?", *Hearing Before the Congressional-Executive Commission on China*, 107th Congress, Second Session (Washington, D.C.: U.S. Government Printing Office, 2002): 66-78

Statement Before the United States-China Security Review Commission (Jan. 18, 2002) [on China's accession to the World Trade Organization], in *Compilation of Hearings Held Before the U.S.-China Security Review Commission*, 107th Congress, First and Second Sessions (Washington, D.C.: U.S. Government Printing Office, 2002): 1171-1181

"China" (with Lester Ross), in *Insolvency & Restructuring 2002* (London: Law Business Research, 2002): 57-63 (Chapter 9)

"Dispute Resolution in China: The Arbitration Option" (with Angela H. Davis), in Asia Law and Practice (ed.), *China 2000: Emerging Investment, Funding and Advisory Opportunities for a New China* (Hong Kong: Euromoney Publications (Jersey) Limited, 1999): 151-162

"State Council Notice Nullifies Statutory Rights of Creditors," *East Asian Executive Reports*, vol. 19, no. 4 (April 15, 1997): 9-15

"China's New Partnership Law" (with Nicholas Howson and Gangliang Qiao), *The China Business Review*, July-August 1997: 30-33

"Shanghai Measures on Land Use by FIEs: An Indication of Coming Changes in the National System?" (with Nicholas C. Howson), *East Asian Executive Reports*, vol. 18, no. 11 (November 15, 1996): 9-13

"Bill Jones: An Appreciation," *Washington University Law Quarterly*, vol. 74 (Fall 1996): 545-546

"Methodologies for Research in Chinese Law," *University of British Columbia Law Review*, vol. 30, no. 1 (1996): 201-209

"One Step Back Permits Two Steps Forward," *China Rights Forum*, Fall 1996: 8-11

"Developing P.R.C. Property and Real Estate Law:  Revised Land Registration Rules" (with Nicholas C. Howson), *East Asian Executive Reports*, vol. 18, no. 4 (April 15, 1996): 9, 13-17

"Implementation of Central Policy and the Law in China," *European Association for Chinese Law Information Bulletin* (1991)

"Foreign Economic Laws and Bureaucracy in China," *European Association for Chinese Law Information Bulletin*, vol. 5, no. 4 (December 1989): 3-7

Review of Frank K. Upham, *Law and Social Change in Postwar Japan* (1987), in *Bulletin of the School of Oriental and African Studies* (1989)

Contribution on the People's Republic of China for "Crime and Punishment" section of the *Encyclopaedia Britannica* (1989)

Review of Michael J. Moser (ed.), *Foreign Trade, Investment, and the Law in the People's Republic of China* (2nd ed. 1987), in *Lloyd's Maritime and Commercial Law Quarterly*, 1989, Part 1: 129-130 (February 1989)

"Relief on the Way for Foreign Investors," *South* (June 1987): 32

Review of J. Oldham (ed.), *China's Legal Development* (1986), in *China Quarterly*, no. 109 (March 1987): 122-123

Review of D.T.C. Wang, *Les sources du droit de la République populaire de Chine* (1982), in *China Quarterly*, no. 108 (December 1986): 727-728

Review of M.D. Pendleton, *Intellectual Property Law in the People's Republic of China* (1986), in *European Intellectual Property Review*, vol. 8, no. 10 (October 1986): 323-324

Review of D. Solinger, *Chinese Business Under Socialism.  The Politics of Domestic Commerce, 1949-1980* (1984), in *China Quarterly*, no. 106 (June 1986): 348-350

Review of P. Gladwin & A. Hameed, *Guide to the Patent Law of the People's Republic of China* (1985), in *European Intellectual Property Review*, vol. 8, no. 5 (May 1986): 160

"China's New Rule of Law," *Britain-China*, no. 31 (Spring 1986): 11-14

"Proposed Consent Agreement Between General Motors Corporation and Toyota Motor Corporation," *Harvard International Law Journal*, vol. 25, no. 2 (Spring 1984): 421-427

## Unpublished Working Papers

"The Bonding Effect in Cross-Listed Chinese Companies: Is It Real?" (Dec. 31, 2015), GWU Legal Studies Research Paper No. 2015-55, available at http://ssrn.com/abstract=2710717

"The Peter Humphrey/Yu Yingzeng Case and Business Intelligence in China" (Aug. 5, 2015), GWU Legal Studies Research Paper No. 2015-26, available at http://ssrn.com/abstract=2640737

"Lost in Translation? Corporate Legal Transplants in China" (July 3, 2006), GWU Law School Public Law Research Paper No. 213, available at http://ssrn.com/abstract=913784

"The Enforcement of United States Court Judgments in China: A Research Note" (May 27, 2004), available at http://ssrn.com/abstract=943922

## Blogs

*The China Collection*, http://thechinacollection.org/ (formerly *The Chinese Law Prof Blog*, http://lawprofessors.typepad.com/china_law_prof_blog/)

Co-blogger, *ChinaFile*, http://www.chinafile.com (sponsored by the National Committee on US-China Relations)

## Translations

"The Management Liability of Directors," *Law in Japan*, vol. 20 (1987): 150-172 (translation from Japanese of M. Kondô, "Torishimariyaku no keiei sekinin")

## LECTURES, INTERVIEWS, PRESENTATIONS, AND CONFERENCE APPEARANCES

"The Supreme Court's Vitamin C Antitrust Case," presentation at George Washington University Law School Faculty Workshop, Washington, DC, June 6, 2018

"The Law of Local Government Debt in China," presentation at *A Legal Revolution: Evolving Jurisprudence in Present Day China*, symposium sponsored by George Washington University International Law Review, Washington, DC, April 2018

"Corporate Governance in China," invited lecture at Columbia Law School, New York, NY, March 2018

"Local Government Debt in China," presentation at Center for Chinese Law, Columbia Law School, New York, NY, March 2018

"Anti Anti-Orientalism," paper presented at *Comparative Law Works in Progress Workshop*, sponsored by American Society of Comparative Law, Princeton, NJ, February 2018

"China's Law on Supervision," presentation at *US-China Rule of Law Dialog*, sponsored by National Committee on US-China Relations, New York, NY, November 2017

Panelist, *Containing the Fallout from the North Korea Crisis: What Role for U.S. and International Law?*, George Washington University Law School, Washington, DC, Sept. 6, 2017

Panelist, *Anti-Corruption Forever? Xi Jinping's Signature Policy in a Fraught Political Year*, Woodrow Wilson International Center for Scholars, Washington, DC, March 24, 2017

"Short- and Long-Term Perspectives on Legal Developments in China," presentation at *Fourth Annual China Law Conference*, University of Toronto Faculty of Law, Toronto, Canada, Feb. 18, 2017

Panelist, *Reinvigorating Human Rights Policy Toward China*, conference sponsored by McCain Institute for International Leadership (Arizona State University) and Robert Strauss Center for International Security and Law, Washington, DC, Nov. 15-16, 2016

"Chinese Law and Chinese Language," paper presented at conference on *How and Why Language Learning Is Useful in China Careers*, sponsored by Princeton in Beijing, Princeton, NJ, Oct. 21-23, 2016

Participant, Roundtable discussion on China's Overseas NGO Law, Department of State, Washington, DC, May 13, 2016

Panel moderator and discussant, *Judicial Reform, Legal Reform and IP in China: A Roundtable Discussion*, United States Patent and Trademark Office, Alexandria, VA, April 14, 2016

Presentation at *World Development Report 2017 on Governance and the Law, Symposium on The Role of Law in Governance*, World Bank, Washington, DC, April 13, 2016

"Anti Anti-Orientalism, or Is Chinese Law Different?", invited lecture, University of British Columbia Law School, Vancouver, Canada, March 30, 2016

"Legal and Regulatory Reform – or Not: Implications for Business," presentation at *Third Annual China Law Conference*, University of Toronto Faculty of Law, Toronto, Canada, March 26, 2016

Participant in *Sixth Sino-American Dialogue on the Rule of Law and Human Rights*, sponsored by the National Council on US-China Relations and the China Foundation for Human Rights Development, Beijing, China, Dec. 6-10, 2015

"Legal Issues of the Fourth Plenum," presentation at *5th Annual NYU Conference on Chinese Capital Markets: Assessing the Progress of China's Economic and Legal Reforms*, New York University, New York, NY, Dec. 5, 2015

Invited participant, conference on *The Chinese State & Market: Toward the 13th Five-Year Plan*, Center for Strategic and International Studies, Washington, DC, Nov. 24, 2015

"Is the Xi Administration Interested in the Rule of Law?", invited lecture at USPTO's Global IP Academy, Alexandria, VA, July 14, 2015

"Recent Developments in American Insider Trading Law: Why China Should Not Learn from the US," invited lecture, China Securities Regulatory Commission, Beijing, China, May 25, 2015

"Anti Anti-Orientalism, or Is Chinese Law Different?", invited lecture, University of Michigan Center for Chinese Studies Occasional Lecture Series, Ann Arbor, MI, March 25, 2015

"Anti Anti-Orientalism, or Is Chinese Law Different?", keynote address, *Law and the Legal Profession in China Conference*, University of Pittsburgh School of Law, Pittsburgh, PA, Feb. 27, 2015

"The Bonding Effect in Cross-Listed Chinese Companies: Is It Real?", conference paper presented at *Public and Private Enforcement of Company Law and Securities Regulation—China and the World*, sponsored by Chinese University of Hong Kong, University of Michigan Law School, and University of Michigan Center for Chinese Studies, Hong Kong, Dec. 13, 2014

"China's Stealth Urban Land Revolution," invited lecture at Fall 2014 Speaker Series, Institute for the Study of International Development, McGill University, Montreal, Canada, Nov. 27, 2014

"Fourth Plenum Legal Reforms and Their Implications for US-China Relations," talk presented at conference on *Corruption, Constitutionalism & Control: Implications of the 4th Plenum for China and*

*U.S.-China Relations*, Woodrow Wilson International Center for Scholars, Washington, DC, Nov. 25, 2014

"Local Government Financing Vehicles in China and their Debt: The Legal Picture," talk presented at Sigur Center for Asian Studies, George Washington University, Nov. 25, 2014

"Legal Developments in China Since the Third Plenum," panel presentation at American Association for Chinese Studies Annual Meeting, Washington, DC, Oct. 11, 2014

"Blowback: How China's Efforts to Bring Private-Sector Standards into the Public Sector Backfired," paper presentation at conference on *Chinese State Capitalism and Institutional Change: Domestic and Global Implications*, Columbia Law School, New York, NY, June 13-14, 2014

"The Significance of Recent Detentions for the Rule of Law in China," testimony before the Congressional-Executive Commission on China, Washington, DC, April 8, 2014

Interviewed for the United States-China Policy Foundation's *China Forum*, available at http://youtu.be/7hfwjStUcDs, April 2, 2014

Moderator for panel on "Wider Implications of Asian Maritime Tensions," Mansfield Foundation conference on *Maritime and Territorial Disputes in East Asian Waters*, Washington, DC, Feb. 12, 2014

Speaker at Third Annual China Intellectual Property Conference, George Washington University Law School, Washington, DC, Dec. 11, 2013

"Legal Aspects of Entrepreneurship in China," presentation at US-China Legal Exchange (co-organized by U.S. Department of Commerce and P.R.C. Ministry of Commerce), George Washington University Law School, Washington, DC, Dec. 3, 2013

"China's Stealth Urban Land Revolution," seminar presentation, Yale Law School, April 4, 2013

"China's Stealth Urban Land Revolution," seminar presentation, Columbia Law School, March 1, 2013

Participant in *Fourth Sino-American Dialog on Rule of Law and Human Rights*, sponsored by the National Council on US-China Relations and the China Foundation for Human Rights Development, Haikou, China, Dec. 3-7, 2012

Discussant at *Festschrift Conference in Honor of Professor John Haley: Law in Japan and Its Role in Asia—Between East and West*, University of Washington School of Law, Seattle, Oct. 19, 2012

"China's Stealth Urban Land Revolution," invited lecture at University of Amsterdam, June 18, 2012

"China's Informal Constitutional Order," presentation at *Social Change and the Constitution: A Conference on the Occasion of the 30th Anniversary of the 1982 Constitution of the People's Republic of China*, Free University of Berlin, June 15-17, 2012

"Local Government Bonds in China: What's Behind Them?", presentation at *Shanghai Forum 2012*, sponsored by Fudan University and Korean Foundation for Advanced Studies, Shanghai, May 27, 2012 (in Chinese)

"China's Stealth Urban Land Revolution," presentation at *Perspectives on Chinese Law* conference, George Washington University Law School, Washington, DC, April 13, 2012

Panelist in "Who Makes Your iPhone? China Migration, Labor, and Human Rights," *Program in Public Law*, Duke Law School, Durham, NC, April 4, 2012

Panelist in "China's Environmental Policy," Duke Law School, Durham, NC, March 29, 2012

Interviewed by Radio Australia on recent developments in Chinese law, Mar. 21, 2012

Roundtable participant in conference on *Democracy in China and Southeast Asia: Local and National Perspectives*, Princeton University, Princeton, NJ, March 15, 2012

"China's Stealth Urban Land Revolution," Duke Law School, Durham, NC, Feb. 29, 2012

Participated in panel on "The Rule of Law and Economic Background" at conference on *Patents, Trade, and Innovation in China*, George Washington University Law School, Washington, DC, Dec. 13, 2011

Panelist at NYU Law School's *17th Annual Timothy A. Gelatt Dialogue on the Rule of Law in Asia, China's Quest for Justice: Law and Legal Institutions Since the Empire's Collapse*, Nov. 7, 2011

"Zhongguo de yinxing chengshi tudi geming" (China's Stealth Urban Land Revolution), presentation to Hongfan Institute of Law and Economics, Beijing, June 25, 2011 (in Chinese)

"Recent Developments in China's Legal System and Their Implications for Rule of Law," presentation sponsored by Economist Intelligence Unit, Shanghai, May 27, 2011

"Derivative Actions in China," invited lecture at Hong Kong University Faculty of Law, Hong Kong, May 12, 2011

Commentator, conference on *Criminal Justice in China: Comparative Perspectives*, sponsored by Chinese University of Hong Kong, Hong Kong, May 7-8, 2011

"Derivative Actions in China," presentation to faculty at Fordham University Law School, New York, March 7, 2011

"Derivative Actions in China," presentation to faculty at Duke University Law School, Durham, March 3, 2011

Discussant, *Second Sino-American Dialogue on the Rule of Law and Human Rights*, sponsored by the National Council on US-China Relations and the China Foundation for Human Rights Development, Xiamen, Dec. 7-8, 2011

"Transnational Litigation Involving China," presentation at conference on *Law and Business in China*, sponsored by the Faculty of Law and the Asian Studies Program of Pontificia Universidad Católica de Chile, Santiago, Nov. 25-26, 2010

"Understanding the Chinese Legal System: Searching for the Right Paradigm," invited lecture at University of Buenos Aires Faculty of Law, Buenos Aires, Nov. 22,2010

"Is Chinese Law Different?", invited lecture at Universidad Torcuato Di Tella Faculty of Law, Buenos Aires, Nov. 22, 2010

"Governance and China's Evolving Relationship with Its Citizens," panel presentation at *Economist* conference *China Summit: China and the New World Disorder*, Beijing, Nov. 3, 2010

"Derivative Actions in the People's Republic of China," presentation at conference on *The Prospect of Structural Reform of the Corporate Legal System*, sponsored by Tsinghua University Faculty of Law, Beijing, Oct. 30-31, 2010

"The Interface Between the Regulation of China's Internal Market and the Global Trading System," seminar presentation, Yale Law School, Oct. 5, 2010

"The Interface Between the Regulation of China's Internal Market and the Global Trading System," seminar presentation, Columbia Law School, New York, Sept. 28, 2010

Commentator at conference on *The Global Financial Crisis and China's Development*, sponsored by the University of Chicago Center in Beijing and Renmin University School of Economics, Beijing, July 30-31, 2010

"Local Experimentation in the Chinese Legislative System," paper presented at *China-US Rule of Law Dialogue*, sponsored by the China-US Exchange Foundation, Beijing, July 29-30, 2010

"Shareholder Derivative Suits in China," invited lecture, Hong Kong University Faculty of Law, Hong Kong, June 1, 2010

Panelist on "Business Law" panel at George Washington University Law School- Georgetown University Law Center conference *Six Decades of Asian Law: A Celebration of Professor Jerome Cohen*, Washington, D.C., February 19, 2010

"Lawyers and the State in China: Recent Developments," testimony at hearing on *Human Rights and Rule of Law in China*, Congressional-Executive Commission on China, Washington, D.C., October 7, 2009

"Trends in Comparative Corporate Law Scholarship," panel presentation at Association of American Law Schools Mid-Year Conference, Long Beach, California, June 9, 2009

"Who and What Matters in Chinese Stock Markets: Implications for Regulation," presentation at symposium *A New Era Dawns for Asian Capital Markets*, Asia Law Society, University of Michigan Law School, Ann Arbor, 21 March 2009

"The Concept of the Extra-Legal in Chinese Law," presentation at Global Law Workshop, George Washington University Law School, Washington, D.C., 23 February 2009

"Is Chinese Law Different?", lecture presented at United States Naval Academy, Annapolis, Maryland, 13 February 2009

"Does Chinese Law Matter?", presentation to United States Treasury Department, Washington, D.C., 12 February 2009

"The Concept of the Extra-Legal in Chinese Law and Its Significance," lecture presented at seminar *Are Politics Really in Command? China and the Rule of Law*, Norwegian Centre for Human Rights, China Programme, Oslo, 16 January 2009

"Private Enforcement of the Public Interest in China: Potential and Pitfalls," lecture presented at UCLA Center for Chinese Studies, Los Angeles, 24 November 2008

"The Ecology of Corporate Governance in China," presentation at UCLA School of Law Faculty Colloquium, Los Angeles, 14 November 2008

"Selfishness in the Public Interest? The 'Private Attorney-General' in China," lecture presented at School of International Relations and Pacific Studies, University of California at San Diego, 30 October 2008

"New Developments in Chinese Property Law," presentation at 2008 US-China Business Law Conference at UCLA, Los Angeles, 24 October 2008

"The Ecology of Corporate Governance in China," presentation at University of Illinois Law School Faculty Workshop, Champaign, Ill., 20 October 2008

"Delaware's Dysfunctional Derivative Suit Doctrine," lecture presented at Faculty of Law, Renmin University, Beijing, 11 June 2008 (in Chinese)

"Three Concepts of the Independent Director," paper presented at Contemporary Corporate Law Scholarship Reading Group (seminar course conducted by Prof. Jeffrey Gordon, Columbia Law School), 23 April 2008

"Chinese Corporate Governance in Global Context," lecture presented at Yale University, sponsored by Yale Working Group on Corporate Governance and Millstein Center for Corporate Governance and Performance, 22 April 2008

"Corporate Governance Institutions in China," presentation at New York University School of Law Faculty Workshop, 14 April 2008

Commentator at *Conference on Law, Commerce and Development*, New York University School of Law, New York, 12 April 2008

Discussant at panel on *New Dimensions in China Watching: Internet Forums and the Study of Contemporary China*, Association for Asian Studies Annual Meeting, Atlanta, 3 April 2008

"Chinese Corporate Governance: All Sizzle, No Steak?", roundtable presentation at Council on Foreign Relations, New York, 19 November 2007

"The Institutional Environment of Chinese Corporate Governance," lecture presented at China House series on *The Legal Infrastructure of New China*, New York University, New York, 14 November 2007

"Forum Non Conveniens Issues in China-Related Litigation," presentation at *Global Justice Forum*, Columbia Law School, New York, 2 November 2007

"The Ecology of Chinese Corporate Governance," presentation at Chinese Law Workshop, Yale Law School, New Haven, 29 October 2007

"Private Attorney-General Litigation in China," paper presented at conference on *Chinese Justice*, Fairbank Center for East Asian Research, Harvard University, 12 October 2007

"The Ecology of Chinese Corporate Governance," lecture delivered at Max Planck Institute, Hamburg, Germany, 30 July 2007

Discussant at panel on *Comparative Corporate Governance: Law in Context*, Law and Society Association Annual Meeting, Berlin, 26 July 2007

"The Ecology of Chinese Corporate Governance," paper presented at panel on *Law and Development: The China Consensus?*, Law and Society Association Annual Meeting, Berlin, 26 July 2007

"China: Creating a Legal System for a Market Economy," report delivered at symposium on *Development and Reform of China's Legal and Judicial System: Review and Prospect*, sponsored by the Asian Development Bank, Beijing, 14-15 May 2007

Commentator, conference on *China's Financial System Reforms and Governance*, School of Advanced International Studies, Johns Hopkins University, Washington DC, 16 April 2007

"Is Chinese Law Different?", public lecture sponsored by East Asian Studies Program, Princeton University, Princeton, New Jersey, 10 April 2007

"The Role of Law in China's Economic Development," public lecture sponsored by Department of Economics, Middlebury College, Middlebury, Vermont, 5 April 2007

Panelist, "The Academic Perspective and Recent Research," *OECD-China Policy Dialogue on Corporate Governance*, sponsored by the OECD, Shanghai Stock Exchange, State Assets Supervision and Administration Commission, Chinese Securities Regulatory Commission, Development Research Center, Government of Japan, Global Corporate Governance Forum, and Millstein Center for Corporate Governance and Performance at Yale School of Management, 29-30 March 2007

Public lecture, "The Ecology of Chinese Corporate Governance," sponsored by Asian Institute of International Financial Law, Faculty of Law, University of Hong Kong, 2 March 2007

"The Rule of Law in China," roundtable discussion (with Jerome A. Cohen), MITRE Corporation, Washington, DC, 2 February 2007

Guest lecturer, National Taiwan University Faculty of Law, "The Institutional Environment of Corporate Governance in China" (in Chinese), 22 December 2006

Guest lecturer, New York University Law School, "Chinese Constitutional Law", 14 November 2006

"The Institutional Environment of Corporate Governance in China", lecture presented as part of Clarke Program Colloquium Series, Cornell Law School, 3 November 2006

"The Role of Non-Legal Institutions in Chinese Corporate Governance", paper presented at authors' workshop on *A Decade After Crisis: The Transformation of Corporate Governance in East Asia* sponsored by the Center of Excellence Program in Soft Law at the University of Tokyo, the Center on Financial Law at Seoul National University, and the Center for Japanese Legal Studies at Columbia Law School, Tokyo, 1 October 2006

"The Institutional Environment of Chinese Corporate Governance", paper presented at panel on *Legal Aspects of the Economic Transformation in China*, annual conference of the International Society for New Institutional Economics, Boulder, Colorado, 23 September 2006

"Law and the Economy in China: The Past Decade", paper presented at authors' workshop on *Developments in Chinese Law: The Last Ten Years*, sponsored by *The China Quarterly* and All Souls College, Oxford University, Oxford, UK, 15 September 2006

"The Institutional Environment of Corporate Governance in China and Its Policy Implications", paper presented at conference on *Corporate Governance in East Asia: Culture, Psychology, Economics and Law*, Berkeley Center for Law, Business and the Economy, Boalt Hall School of Law, 5 May 2006

Guest lecturer, Yale Law School, "Recent Revisions to China's Securities Law", 4 April 2006

Commentator, Roundtable on "China's Emerging Financial Markets: Opportunities and Obstacles," Transactional Studies Program, Columbia Law School, New York, 19 January 2006

Speaker at Timothy A. Gelatt Memorial Dialog on Law and Development in Asia, New York University Law School, New York, 18 January 2006

Speaker and participant in workshop on administrative rule-making under China's new Securities Law, sponsored by the FIRST Initiative, the Finance and Economics Committee of the National People's Congress, and the World Bank, Beijing, 14-15 January 2006

Panelist, "The Globalization of American Law? Comparative Law and the New Legal Transplants", Section on Comparative Law, American Association of Law Schools annual meeting, Washington, DC, 5 January 2006

Panelist, "Improving the Fairness and Transparency of Judicial Decisions", conference on *Rule of Law Developments in China*, sponsored by the Bureau of Democracy, Human Rights, and Labor, Department of State, Washington, DC, 7 November 2005

Interviewed on BBC World Service on recent developments in death penalty procedures in China, 26 October 2005

"Lost in Translation: Legal Transplants in Chinese Corporate Law", Rowdget Young Visiting Fellow Lecture, University of Hong Kong Faculty of Law, Hong Kong, 4 June 2005

"The Independent Director in Chinese Corporate Governance", invited paper presented at 4th Asian Corporate Governance Conference, co-hosted by Asian Institute of Corporate Governance, Korea University and Center for Financial Law, Seoul National University, sponsored by World Bank Global Corporate Governance Forum, Seoul, 19-20 May 2005

"The Legacy of History in China's Legal System", paper presented at conference on *The Rule of Law: Chinese Law and Business*, Centre for Socio-Legal Studies, Oxford University, May 11-13, 2005

"The Emerging Private Sector and China's Legal System", paper presented at conference on *China's Economic and Sociopolitical Transformation: Measuring China's Emerging Private Sector and Its Impact*, Washington, DC, 22 April 2005

"How Do We Know When an Enterprise Exists? Unanswerable Questions and Legal Polycentricity in China", paper presented at conference on *New Scholarship in Chinese Law: A Celebration in Honor of Stanley Lubman*, Center for Chinese Legal Studies, Columbia Law School, New York, 15 April 2005

"Lost in Translation? Corporate Law in China", paper presented at conference on *Asia in a Globalizing World*, Center for East Asian and Pacific Studies, University of Illinois at Urbana-Champaign, 9 April 2005

Guest lecturer in course on "China and Globalization", Prof. Reuven Avi-Yonah, University of Michigan Law School, Ann Arbor, 1 April 2005

"Law, Institutions, and Property Rights", paper presented at conference on *China's Economy: Retrospect and Prospect*, Woodrow Wilson International Center for Scholars, Washington, DC, 2 March 2005

"Insider Trading Law in the United States and China", lecture presented in Chinese at East China University of Politics and Law, Shanghai, 25 November 2004

"Law, Property Rights, and Institutions" (with Peter Murrell and Susan Whiting), paper presented at conference on *China's Economic Transition: Origins, Mechanisms, and Consequences* (Part II), University of Pittsburgh, 5-7 November 2004

"The Independent Director in Chinese Corporate Governance", opening paper presented at conference on *Amendment of the Company Law* organized by the Legislative Affairs Office of the State Council, the China Securities Regulatory Commission, and the Shanghai Stock Exchange, 10 October 2004

"Insider Trading Law in the United States and China", talk presented to Shanghai Institute of Law and Economics, Beijing, 28 September 2004

"China's Proposed Bankruptcy Law", commentator at conference on *Legal and Financial Infrastructure Requirements for Residential Mortgage Securitization in China* organized by Beijing University School of Law, Center for Real Estate Law and Financial Law Institute, Beijing, 17 July 2004

"Does Law Matter in China?", talk presented at Global Business Center, University of Washington School of Business, 15 January 2004

"Why China Should Not Adopt United States Insider Trading Law", paper presented at conference on *Corporate Fraud and Governance: American and Chinese Perspectives* organized by Shanghai Jiaotong University and New York University School of Law, Shanghai, 16 December 2003

"Human Rights and Culture", paper presented at conference on *Sino-U.S. Human Rights Conference* organized by Georgetown University Law Center, Beijing, 14 December 2003

"The History of Corporate Governance in China", commentator at conference organized by Shanghai Institute of Law and Economics, Beijing, 15 November 2003

"Professional Ethics of Defense Lawyers", commentator at conference on *The Defense Functions of Lawyers and Judicial Justice* organized by the All-China Lawyers Association, the American Bar Association, Renmin University of China, and New York University School of Law, Beijing, 21 September 2003

"The Independent Director in Chinese Corporate Governance", lecture presented at Tsinghua University Faculty of Law, Beijing, 10 April 2003

"The Independent Director in Chinese Corporate Governance", paper presented to the School of Business and Management, Hong Kong University of Science and Technology, 7 March 2003

"Assessing the Value of Law in China's Economy" (with Peter Murrell and Susan Whiting), paper presented at conference on *China's Economic Transition: Origins, Mechanisms, and Consequences* (Part I), University of Toronto, 15-17 November 2002

"China's Entry into the WTO: Prospects for Compliance", paper presented at conference on *China's Accession to the World Trade Organization*, Georgetown University Law Center, 10 Oct. 2002

"How Do We Know When an Enterprise Exists? Unanswerable Questions and Legal Polycentricity in China", paper presented at conference on *The Reform of Corporate Law Under Global Competition*, Commercial Law Research Center of the Faculty of Law, Tsinghua University, Beijing, China, 15 Sept. 2002

"Zhongguo youdai fazhan duoyuanhua de jiandu jizhi" (China Has Yet to Develop a Multidimensional Monitoring Mechanism), *21 Shiji Jingji Baodao* (21st Century Economic Report), 19 Aug. 2002, p. 39, col. 1 (interview)

Testified before the Congressional-Executive Commission on China, Washington, D.C., on issues relating to China's compliance with its WTO commitments, 6 June 2002

"Business Regulation in the Bureaucratic State: Enterprise Law in China", paper presented at panel on *The Rule of Law and Enterprise Reform in China*, Association for Asian Studies annual meeting, 5 April 2002

"What WTO Accession Does *Not* Mean for China", paper presented at panel on *WTO and the International Rule of Law*, American Society of International Law annual meeting, 15 March 2002

Testified before United States-China Security Review Commission, Washington, DC, on issues relating to China's WTO accession, 18 Jan. 2002

"The Independent Director in Chinese Corporate Governance", paper presented at conference on "Protection of Investors' Interests: International Experience and Chinese Practice", Commercial Law Research Center of the Faculty of Law, Tsinghua University, Beijing, China, 18-19 November 2001

"Economic Development and the Rights Hypothesis: The China Problem", paper presented at conference on *Law Reform in Developing and Transitional Economies*, Ulaanbaatar, Mongolia, 2-3 July 2001

Interviewed for feature entitled "Detained in China", broadcast on PBS, *The News Hour with Jim Lehrer*, 18 May 2001 <http://www.pbs.org/newshour/bb/asia/jan-june01/detained_05-18.html>

"Empirical Research in Chinese Law," paper presented to Rule of Law Workshop, Stanford Law School, 18 April 2001

"Transparency in China's Regulation of International Trade," presentation made to audiences from Chinese government, business, and academia in Beijing and Shanghai as part of 5-member United States government mission, 13-25 March 2000

"Courts and Markets in Post-Socialist Transition: China," paper presented at workshop on *Courts and Markets in Post-Socialist Transition*, University of Wisconsin School of Law, 3 March 2000

"Incentives and the Top-Down Model of Regulation in Chinese Land Law," paper presented (in Chinese) at *International Conference on the Legal Framework for Rural Land Use Rights in China*, China Institute for Reform and Development, Haikou, Hainan Province, China, 12-14 January 2000

"Corporate Governance in China," paper presented to members of Project on Corporate Governance in China, Stanford University, Stanford, California, 29 October 1999

"Alternative Approaches to Chinese Law," lecture delivered at UCLA School of Law, Los Angeles, 28 October 1999

Panelist on "Rule of Law in China – Recent Developments and Prospects," Inaugural Session of Global Business Briefing Series, Pacific Council on International Relations, Los Angeles, 28 October 1999

"Misunderstanding Chinese Law: The Lure of the 'Rule of Law' Paradigm," lecture delivered at Faculty of Law, City University of Hong Kong, 27 September1999

Guest lecturer, Chinese administrative law class of Prof. Wang Xixin, Beijing University Faculty of Law, Beijing, China, 23 September 1999

"Bankruptcy in Capitalist and Reforming Socialist Economies," brief course taught to delegation of North Korean legal officials and academics at Beijing University, Beijing, China, 20-23 September 1999

"Misunderstanding Chinese Law: The Lure of the 'Rule of Law' Paradigm," lecture delivered at Faculty of Law, Waseda University, Tokyo, Japan, 23 June 1999

"The Enforcement of Civil Judgments in China," lecture delivered at Faculty of Law, Waseda University, Tokyo, Japan, 19 June 1999

"China's Revised Criminal Law," paper presented at conference on *Contemporary Chinese Legal Development*, sponsored by Chinese Law Society of America, Harvard Law School, Cambridge, Mass., 26-27 March 1999

"Alternative Approaches to Chinese Law," lecture delivered at Yale Law School, 25 March 1999

Commentator, conference on *Administrative Law Reform in China*, sponsored by UCLA Center for Chinese Studies, International Studies & Overseas Programs, UCLA School of Law and Southern California China Colloquium, Los Angeles, 6 March 1999

Participant, *U.S.-China Symposium on the Legal Protection of Human Rights*, The Aspen Institute, 11-13 December 1998

"Private Enforcement of Intellectual Property Rights," paper presented at *Sino-U.S. Conference on Intellectual Property Rights and Economic Development: 1998 Chongqing*, sponsored by the National Bureau of Asian Research, Chongqing, China, 16-18 September 1998

Commentator, conference on *Law and Development in Asia*, co-sponsored by Asian Development Bank and Harvard University, Council on Foreign Relations, New York, 21 May 1998

"Introduction to U.S. Capital Markets for Chinese Enterprises," speech (in Chinese) presented at Investment Promotion Forum sponsored by United Nations Industrial Development Organization, Beijing, 31 March 1998

"Legal Order as a Prerequisite for Cooperation: The China Problem," paper presented at *Inaugural University of California at San Diego Social Sciences Research Conference on Cooperation Under Difficult Conditions*, Graduate School of International Relations and Pacific Studies,  18 October 1997

"Recent Developments in Criminal and Administrative Punishments in China," paper presented at University of Washington School of Law Conference on Asian Law, Seattle, Washington, 3 August 1996

"Enforcement of International Awards Involving China and Hong Kong," paper presented at EuroForum conference on *Dispute Resolution in China and Hong Kong*, London, 31 May 1996

"China and the WTO," paper presented at American Conference Institute conference on *Doing Business in China and Hong Kong*, New York, 10 May 1996

"Recent Developments in Chinese Foreign Investment Law," talk presented at conference on *Trade and Investment in Emerging Markets:  China and India*, New York University School of Law, 17 November 1995

Commentator on China at *Timothy A. Gelatt Dialogue on Law and Development in Asia*, New York University School of Law, 14 September 1995

"Round Pegs and Square Holes: China and the GATT," paper presented at panel on *China in the World Economic Order* at the annual meeting of the Association for Asian Studies, Washington, DC, April 1995

"Civil Rights in China," talk delivered to Civil Rights Committee of the Seattle-King County Bar Association, Seattle, March 1995

"Foreign Business Law and China's Application to the GATT/WTO," paper presented at 1990 Institute Conference on Chinese Foreign Trade and Investment Law, San Francisco, March 1995

"China and the GATT/WTO," talk delivered to the World Affairs Club, Juneau, Alaska, March 1995

"The Chinese Court System," paper presented at *Winter Workshop on East Asian Law*, Center for Pacific Rim Studies, University of California at Los Angeles, January 1995

"Enforcement of Civil Judgments in a Changing Society: A Chinese Example," paper presented at annual meeting of the Law and Society Association, Phoenix, Arizona, 17 June 1994

"The Enforcement of Civil and Economic Judgments in China," paper presented at symposium on *The Chinese Legal System*, sponsored by the China Quarterly and the School of Oriental and African Studies, University of London, London, U.K., 10-12 May 1994

"GATT Membership for China?," paper presented at symposium on *Pacific Rim Trade*, University of Puget Sound School of Law, Washington, 5 November 1993

"The Creation of a Legal Structure for Market Institutions in China," paper presented at conference on *The Evolution of Market Institutions in Transition Economies*, Graduate School of International Relations and Pacific Studies, University of California, San Diego, 14-15 May 1993

Chair/discussant at panel on "Theoretical Perspectives in China's Legal Reform," conference on *Chinese Law -- A Re-Examination of the Field: Theoretical and Methodological Approaches to the Study of Chinese Law*, Faculty of Law, University of British Columbia, Vancouver, 22 March 1993

"Research Methodologies in Chinese Law," paper presented at conference on *Chinese Law -- A Re-Examination of the Field: Theoretical and Methodological Approaches to the Study of Chinese Law*, Faculty of Law, University of British Columbia, Vancouver, 22 March 1993

"Enforcement of Civil Judgments in China," talk delivered at *China Studies Seminar*, University of British Columbia, October 1992

Discussant at conference on *The Modernization of Chinese Law on Both Sides of the Taiwan Straits*, National Taiwan University College of Law, September 1992

"Enforcement of Civil Judgments in the People's Republic of China: Notes from the Field," talk delivered at Attorney-General's Chambers, Hong Kong, August 1992

"Dispute Resolution in China," talk delivered at Chinese University of Hong Kong, November 1991

Interviewed on modern Chinese law for program on East Asian legal systems broadcast by BBC World Service (London), September 1991

Discussant at panel on *New Perspectives on Chinese Economic Development*, Western Economic Association Annual Conference, Seattle, 30 June-3 July 1991

"The Trials of the June 4th Defendants," talk delivered at *East Asian Legal Studies Lunchtime Colloquium*, Harvard Law School, 22 March 1991

"What's Law Got to Do with It?  Legal Institutions and Economic Reform in China," talk delivered at *East Asian Legal Studies Workshop*, Harvard Law School, 21 March 1991

Guest lecturer, Chinese law class of Prof. William C. Jones, Washington University School of Law, St. Louis, Missouri, 30 January 1991

"Legal Problems of Industrial Economic Reform in China," talk delivered to *Faculty Forum*, Washington University School of Law, St. Louis, Missouri, 30 January 1991

Speaker and panel chairman, "Chinese Business Law," at *China Trade Update: Doing Business with China in the 1990s*, conference sponsored by the Washington State China Relations Council, Seattle, Washington, 5 November 1990

"The Future of Democracy in China," panel discussion sponsored by the Council of International Organizations, Citizens International Center, Seattle, Washington, 21 April 1990

"Why Laws Fail: Central Legislation and the Structure of the Chinese Polity," paper delivered at *Winter Workshop on East Asian Law*, Center for Pacific Rim Studies, University of California at Los Angeles, 20 January 1990

"The Legal Background to the Behavior of State-Owned Enterprises," paper delivered at conference on *Ownership Reforms and Efficiency of State-Owned Enterprises* sponsored by the Institute of Economics of the Chinese Academy of Social Sciences and the Ford Foundation, Shenzhen, China, 6 January 1990

"Implications of Recent Events in China for Sino-U.S. Relations," panel discussion sponsored by U.S.-China People's Friendship Association and the East Asian Resource Centre, University of Washington, 11 July 1989

"Law and Economic Reform in China," *London China Seminar*, School of Oriental and African Studies, University of London, 19 May 1988

"Urban Enterprises and the Role of Law in China's Economic Reforms," Conference on *The Chinese Developmental State: Change and Continuum*, Institute of Development Studies, University of Sussex, 7-9 April 1988

Interviewed for feature entitled "How is China Run?", broadcast on BBC World Service, *The World Today*, 25 March 1988

"The 13th Congress of the Chinese Communist Party and China's Legal Reforms," Asian Studies Centre, St. Antony's College, Oxford University, 8 March 1988

"Chinese Economic and Legal Reforms," John F. Kennedy School of Government, Harvard University, 24 March 1987

Co-organizer and discussant, Conference on *China: Law and Trade 1986*, School of Oriental & African Studies, University of London, 30 June 1986

"The Role of Law in Modern China," Great Britain China Centre, London, 17 April 1986

"The Foreign Economic Contract Law," Law-China Society Seminar on China's Economic Laws, London, 17 April 1986