UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, et al., No. 2:13-cv-609 | JUDGE ELDON FALLON<br>MAG. JUDGE WILKINSON |

### PLAINTIFFS' MOTION TO CONSTRUE SETTLEMENT AGREEMENT AND DEFINE SCOPE OF REVIEW

**COME NOW** Plaintiffs[1] with pending already-remediated home claims, to move this Honorable Court for an order construing the terms of the "SETTLEMENT AGREEMENT REGARDING POST-DECEMBER 9, 2011 CLAIMS AGAINST THE KNAUF DEFENDANTS IN MDL NO. 2047" (R. Doc. 16978-1) ("*Beane* Agreement"). This Court previously referred these claim to the Special Master for a recommendation, but the parties disagree regarding the permissible scope of review by both the Special Master and this Court.

Plaintiffs take the position that the *Beane* Agreement limits review to reimbursable costs in a manner consistent with the 2011 KPT Settlement Agreement[2] (R. Doc. 12061), because the *Beane* Agreement specifically adopted the 2011 Agreement's

---

[1] Moving Plaintiffs are: Rick Asch, Asset Portfolio Service Company, Doodnauth Bahadur, CDO Investments, LLC, Andrew Kubick, Mohamed & Bibi Latiff, MCF Enterprises, Inc., Paul McIntyre, and Thomas Williams.

[2] The document is titled, "SETTLEMENT AGREEMENT REGARDING CLAIMS AGAINST THE KNAUF DEFENDANTS IN MDL NO. 2047"

"Already Remediated Properties Protocol" in its entirety (R. Doc. 16978-1, Section II(B) at Page 2) which clearly limits the Court's scope of review to reimbursable costs. (See R. Doc. 12061-6, Section IV(C)(2) at Page 3). Defendants take the position that there are no such limitations on the scope of review because the *Beane* Agreement references a "reasonable inquiry" regarding the pre-purchase evaluation of a property later found to contain defective Knauf Chinese-manufactured sheetrock. The Special Master solicited position papers from the parties and ultimately decided to move forward with review in a manner undefined by the Agreement.

For this reason, guidance by this Court is necessary. Should this Court construe the *Beane* Agreement and find that the provision containing the "reasonable inquiry" (R. Doc. 16978-1, Section IV(D) at Page 4) terms to allow expanded review, Plaintiffs move this Court to issue an order providing the parties with: 1) a definition of "reasonable inquiry" that the Court construes to be the intention of the settling parties; 2) the limits regarding the amended scope of review that the Court construes to be the intention of the settling parties; 3) an objective evidentiary standard, including all elements of proof necessary for the parties to utilize and understand prior providing the Court with evidence addressing whether a Plaintiff's actions satisfied a "reasonable inquiry" about the condition of a structure prior to purchase, that the Court construes that the parties intended the *Beane* Agreement to contain; 4) the evidentiary standard regarding the burden of proof should the Court find that inclusion of "reasonable inquiry" was intended by the settling parties to expand the scope of review; 5) where the facts are at issue, the standard that the Court will utilize for resolving genuine issues of material fact in this post-settlement process, should it find that inclusion of "reasonable inquiry" was intended

by the settling parties to expand the scope of review, and 6) the evidentiary standard to apply when calculating the full reimbursable cost for each affected property.

**WHEREFORE**, for these reasons, as more fully addressed in the accompanying memorandum, Plaintiffs move this Court to construe the *Beane* Settlement Agreement to affirm that the scope of review for already remediated home claims is limited to reimbursable costs. In the alternative, Plaintiffs move this Court to construe the Settlement Agreement to define "reasonable inquiry" intended by the settling parties, to construe an amended scope of review beyond reimbursable costs intended by the settling parties, to construe an objective evidentiary standard intended by the settling parties, to construe a defined burden of proof intended by the settling parties, and to construe a standard of review by the Court that will include viewing evidence in a light most favorable to a non-moving party should a dispute arise.

    Respectfully submitted by:

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Motion to Construe Settlement Agreement And Define Scope of Review, memorandum in support, notice of submission, and proposed orders have been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 1st day of October, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC