# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN *et al.*,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG
TAISHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO. LTD., *et al.*,

    Defendants.

_____/

**BEIJING NEW BUILDING MATERIALS PLC'S MOTION
TO ENFORCE TRIAL RIGHTS AND MEMORANDUM IN SUPPORT**

Defendant Beijing New Building Materials PLC ("BNBM"), respectfully moves this Court for an Order confirming it is not in default in this case (*Amorin* Florida) and finding it is thus entitled to all discovery, litigation, and trial rights of a normal litigant. In support of this motion BNBM states:

In its Plan for Resolution of Florida *Amorin* Plaintiffs' Claims for Remediation and Other Damages (the "Plan"), Plaintiffs continually assert that "liability [has been] established by virtue of numerous defaults entered against Defendants. . . ." Dkt. No. 52 at 1[1]; *id.* at 5 ("Taishan and BNBM … allowed default judgments to be entered against them. . . ."); *id.* at 7 ("Defendants are in default and liability is established."); *id.* at 10 ("[L]iability has already been established by default. . . ."). These supposed defaults are the foundation on which much of the Plaintiffs' Plan

---

[1] Citation to documents demarcated as "Rec. Doc. ____" are those from the MDL docket; citations to documents demarcated as "Dkt. No. ____" are from the docket before this Court.

- 1 -

for Resolution rests. The premise is, however, flawed: there is no default in this Florida *Amorin* case against BNBM. And therefore the Plan, which attempts to steamroll BNBM's rights based on this false premise, cannot stand. Nor can defaults be the predicate for any other proposed curtailment of BNBM's rights during discovery or at trial.

Conspicuously absent from Plaintiffs' Plan—despite their repeated assertion that BNBM is in default—is any citation to an order entering such a default. That's because one does not exist. Comb the MDL docket and this Court will not find any motion from the Plaintiffs' Steering Committee ("PSC") seeking a default against BNBM in the Florida *Amorin* case. It also will not find any court order entering a default against BNBM in *Amorin* Florida. *Cf.* Rec. Doc. 17792 at 8 (defaults in *Amorin* Florida); Rec. Doc. 17793 at 6 (same).

Based on the PSC's filings in Louisiana, Plaintiffs presumably rely on a statement in the MDL Court's April 21, 2017 Order & Reasons to support their default theory. There, the MDL Court, although acknowledging that "at least one Defendant has not defaulted in each of the relevant actions," nonetheless stated that "each of the defendants have defaulted in at least one action," and concluded that "the Taishan Defendants[2] have been held liable for damages caused by defective Chinese drywall." Order & Reasons, Rec. Doc. 20740 at 12, 14; *see also id*. at 19 ("Liability and causation have already been established by default. … There is only one narrow issue which remains—remediation damages."). But that statement cannot apply to *all* Defendants, in all actions, and certainly does not apply to BNBM in this action. After all, the

---

[2] The MDL Court defined "Taishan Defendants" as Taishan Gypsum Co. Ltd.; Beijing New Building Materials Limited Co.; Beijing New Building Materials Group Co., Ltd.; China National Building Materials Co., Ltd., China National Building Materials Group Corporation, and Tai'an Taishan Plasterboard Co., Ltd. Rec. Doc. 20739 at 91.

- 2 -

MDL Court repeatedly treated each entity as distinct and acknowledged that certain Defendants were *not* in default. In fact, Plaintiffs' Plan for Resolution *itself* points to the MDL Court's class certification order in which it "itemiz[ed] [in the visual manner below] defaults that were entered." Dkt. No. 52 at n.2. BNBM has none in *Amorin* Florida:

**CASES WHERE THE TAISHAN DEFENDANTS HAVE BEEN HELD IN DEFAULT**

|  | Taishan | TTP | BNBM | BNBM Group | CNBM Group | CNBM |
|---|---|---|---|---|---|---|
| *Germano* | X |  |  |  |  |  |
| *Wiltz* |  |  | X |  |  |  |
| *Gross* |  |  | X | X | X | X |
| *Amorin* (Virginia) | X | X |  | X | X | X |
| *Amorin* (Louisiana) | X | X |  |  |  | X |
| *Amorin* (Florida) | X | X |  |  |  |  |

*Id.* (citing *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2014 WL 4809520, ¶¶ 13-15 (E.D. La. Sept. 26, 2014)). The PSC has likewise acknowledged the same line-up of defaults. Rec. Doc. 17883-1 at 10. Despite the PSC's own concession that BNBM has not defaulted in *Amorin* Florida as well as the MDL Court's recognition of that fact, Plaintiffs seem to insist otherwise. But it never confronts the interconvertible record, nor does it offer any doctrinal basis to support its through-the-looking-glass theory.

Notwithstanding the absence of any default by BNBM in *Amorin* Florida, it anticipates that Plaintiffs may advance several alternative arguments: (1) default transference from other BNBM defaults, (2) collateral estoppel, and (3) default transference from Taishan defaults. None has merit.

First, BNBM's default in *Gross* or *Wiltz* cannot somehow transfer to *Amorin* Florida

- 3 -

because no preclusion principle would permit it.³  Res judicata requires "(1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits, and (4) the same cause of action must be involved in both cases." *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986). Here, neither *Gross* nor *Wiltz* has proceeded to final judgment.⁴  And even if there was a final judgment, a default "judgment … is not [a judgment] on the merits." *Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982) (internal quotation marks omitted).  Nor are the plaintiffs in *Gross* or *Wiltz* the same as in *Amorin* Florida.

Second, collateral estoppel is unavailing.  It requires "(1) the issue at stake … be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Hart*, 787 F.2d at 1473 (internal quotation omitted).  Again, there has been no "judgment" entered in *Gross* or *Wiltz*. Even if there had been, there could be no preclusive effect as to liability because "[i]n the case of a judgment entered by confession, consent, or *default*, none of the issues is actually litigated." *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27 cmt. e) (emphasis added).

Third, Taishan's defaults cannot transfer to BNBM.  That is just as implausible because

---

³ Only defaults, not default judgments or final judgments, were entered against BNBM in *Gross* and *Wiltz*. Rec. Doc. 15687 at 7 and 10.

⁴ The only case in which a default judgment was entered against *any* defendant pursuant to Rule 55(b)—as opposed to a default under Rule 55(a) (or what the MDL Court referred to as a preliminary default or preliminary default judgment)—is *Germano*. *See In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 706 F. Supp. 2d 655, 659 (E.D. La. 2010).  BNBM was not a defendant in the *Germano* action.

- 4 -

the MDL Court expressly never "address[ed] the parties' arguments regarding corporate veil piercing for purposes *of liability*. . . ." Rec. Doc. 20739 at 39-40 (emphasis added). And, even as to jurisdiction, the MDL Court found that Taishan and BNBM are not alter egos—*i.e.*, they are not the same entity. That is underscored, as reflected in the chart above, by the MDL Court's treatment of the entities as distinct in entering defaults. Thus, there is no basis for transferring Taishan's default in *Amorin* Florida to BNBM.

Nor could Taishan's default transfer to BNBM under an agency theory, which was the MDL Court's sole basis for imputing Taishan's jurisdictional findings to BNBM here. Blackletter law recognizes such an agency relationship as involving two distinct corporate entities. Restatement (Third) Of Agency § 1.01 (2006) ("Agency is the fiduciary relationship that arises when *one person* (a 'principal') manifests assent to *another person* (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.") (emphasis added). And so, where two parties enter into a relationship for the purposes of conducting business, the consequences of an agent's failure to appear (Taishan) cannot be used to subject the principal (BNBM) to a forfeiture of litigation rights---at least absent a finding that they agreed to maintain the relationship for litigation purposes (*i.e.*, the principal authorized the agent to act on its behalf in responding to the litigation).

## CONCLUSION

For the foregoing reasons, this Court should, respectfully, confirm that BNBM has not been defaulted in this case (*Amorin* Florida) and is thus entitled to all discovery, litigation, and trial rights.

- 5 -

## CERTIFICATION OF PRE-FILING CONFERENCE
## PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

Counsel for BNBM has engaged in extensive discussions with Plaintiffs in a good faith effort to resolve the issues raised in this motion but has been unable to do so.

Dated: September 14, 2018            Respectfully submitted,

                **Aballi Milne Kalil P.A.**
                SunTrust International Center
                1 SE 3rd Avenue
                Suite 2250
                Miami, FL 33131
                Tel.: 305-373-6600
                Fax: 305-373-7929

By:*/s/ Joshua D. Poyer*
    Craig P. Kalil
    ckalil@aballi.com
    Florida Bar No. 607282
    Joshua D. Poyer
    jpoyer@aballi.com
    Florida Bar No. 653349


    L. Christopher Vejnoska (CA Bar No. 96082)
    Eric Matthew Hairston (CA Bar No. 229892)
    Andrew Davidson (CA Bar No. 266506)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
    San Francisco, CA 94105
    Tel.: 415-773-5700
    E-mail:  cvejnoska@orrick.com
               ehairston@orrick.com
               adavidson@orrick.com

James L. Stengel (NY Bar No. 1800556)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel: 212-506-5000
Email:   jstengel@orrick.com

*Attorneys for Beijing New Building Materials Public Limited Company*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing motion has been electronically filed with the Clerk of the Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing, on this 14th day of September, 2018.

/s/ *Joshua D. Poyer*
Joshua D. Poyer

*Counsel for BNBM PLC*

- 8 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN *et al.*,
individually and on behalf of all others
similarly situated,

      Plaintiffs,
v.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG
TAISHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO. LTD., *et al.*,

      Defendants.
_____/

## ORDER GRANTING MOTION TO ENFORCE TRIAL RIGHTS

This matter is before the Court upon Defendant Beijing New Building Materials PLC's ("BNBM") Motion to Enforce Trial Rights (the "Motion"). The Court, having considered the Motion, hereby orders as follows:

The Motion is **GRANTED**. BNBM is not subject to default in this case. BNBM is therefore entitled to all discovery, litigation, and trial rights of a normal litigant.

**DONE AND ORDERED**, in chambers, at Miami, Florida on ___ day of _____, 2018.

                                              MARCIA G. COOKE
                                              United States District Judge