# Exhibit "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CASE NO. 1:11-cv-22408-MGC |
| | MIAMI DIVISION |
| **THIS DOCUMENT RELATES TO:** *Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.,* Case No. 1:11-cv-22408-MGC | JUDGE MARCIA G. COOKE |

# DEFENDANTS' MOTION AND MEMORANDUM
## TO ENFORCE DISCOVERY RIGHTS

**I.  INTRODUCTION**

After agreeing to a schedule for discovery and trials for 20 Priority Claimants, Rec. Doc. 47,[1] Plaintiffs departed from that structure in their Plan for Resolution, s*ee* Rec Doc. 52.  They now propose to resolve *all* claims save for bodily injury (which they admit are "not a major factor") through an ill-defined process that is bereft of discovery rights and devoid of an evidentiary hearing.

Plaintiffs wrongly claim that defaults permit them to disregard Defendants' rights under Rule 26.[2]  But even in Rule 55 proceedings, Defendants retain discovery rights.  They are simply

---

[1] Citation to documents demarcated as "Rec. Doc. ___" are those from the MDL docket; citations to documents demarcated as "Dkt. No. ____" are from the docket before this Court.

[2] BNBM is not, however, in default.  *See* BNBM Motion to Enforce Trial Rights.  Denying BNBM an opportunity to meaningfully investigate will deny its right to present a complete defense.

limited to the issue of damages, which is all Defendants request. The PSC provides no basis otherwise for curtailing them.

## II.  RELEVANT HISTORY

The discovery in this case on the merits of Plaintiffs' damages claims against Taishan and BNBM has been minimal and incomplete. While Defendants have participated in exhaustive discovery relating to personal jurisdiction, corporate relationships amongst Defendants, and the MDL PSC's unconstitutional private prosecution of contempt, Plaintiffs have produced no discovery in support of their damages claims other than through completion of court-ordered profile forms at the outset of the MDL and earlier this year.

On April 21, 2017, the MDL Court issued its Findings of Fact and Conclusions of Law on remediation damages. Rec. Doc. 20741 ("FOFCOL"). The FOFCOL directed the PSC to "submit an updated Class Plaintiffs' Spreadsheet endeavoring to include only Taishan properties with verified under air living square footage" within two months. *Id*. at 49-50. The FOFCOL further indicated that Defendants "will then be permitted to review and contest [that submission] or seek set-offs" before the MDL Court relies on the revised Class Plaintiffs' Spreadsheet "to determine the aggregate total ... remediation damages." *Id*. at 50. The MDL Court also made explicit that it contemplated additional phases of litigation to address additional damages claims. *Id*. at 30.

The spreadsheet process proved unwieldy. Over the course of several months, the MDL PSC continually revised the information on the spreadsheet.[3] In preparing its defense against

---

[3] The initial spreadsheet was published on June 20, 2017. MDL Rec. Doc. 20824. The PSC subsequently submitted multiple errata and revised spreadsheets, adding and removing claimants. *See e.g.*, Rec. Doc. 20837 (June 23, 2017); Rec. Doc. 20841 (June 27, 2017); Rec. Doc. 20859 (July 10, 2017); Rec. Doc. 20875 (July 25, 2017).

2

these claims, Defendants sought more information about the claimants' damages claims and proof through traditional means to be able to effectively "review and contest" the claims identified in the Class Plaintiffs' Spreadsheet. In the spirit of cooperation and to expedite the discovery process, Defendants agreed to the use of Supplemental Plaintiff Profile Forms ("SPPFs") to gather baseline claim information from individual Plaintiffs. Thus, on January 24, 2018, the MDL Court issued Pre-Trial Order 11A ("PTO 11A") ordering all Plaintiffs making claims in the *Amorin* matters against any manufacturer of Chinese drywall other than the Knauf Defendants to complete and verify SPPFs. MDL Rec. Doc. 21162 at 1-2. The MDL Court indicated that Plaintiffs' responses to the SPPF were to be treated as interrogatories under Federal Rule of Civil Procedure 33 and responses to requests for production of documents under Rule 34. *Id.* at 6. The SPPFs did not however cover all topics necessary for resolution of this matter, nor were they intended to be exhaustive. Indeed, PTO 11A expressly reserved discovery rights: "Use of the SPPF shall be without prejudice to any party's right to serve additional written discovery, provided the additional written discovery is non-duplicative of the SPPF. . . ." *Id.*

Following an extension, the SPPF submissions were initially due by March 22, 2018. Rec. Doc. 21181. The majority of SPPFs submitted by Plaintiffs were deficient—either incomplete (fully or partially) or unsupported. While Defendants have moved to dismiss the claims of the 71 owners that submitted either wholly incomplete SPPFs or ones with no signature, dozens of others are partially incomplete—lacking information that Defendants have yet to receive. In remanding the case to this Court, the MDL Court itself expressly recognized that the "parties may still need to conduct some discovery before trial." Rec. Doc. 21242 at 10.

The PSC now asserts that as to the overwhelming majority of claims—those involving

3

remediation and non-remediation damages—"little to no discovery [is] needed." Dkt. No. 52 at 10. Any request for such discovery, the PSC claims, should be subject to onerous restrictions. For instance, the PSC proposes that all discovery requests concerning specific product ID categories should not be entertained until Defendants "file an application … with the Special Master." Dkt. No. 52-7 at 1. Likewise, to depose "any of the Florida Plaintiffs" concerning remediation damages, the PSC insists that Defendants first "show good cause why such depositions are necessary." *Id.* at 2.

### III. ARGUMENT

Discovery rules are "designed to further the due process of law that the Constitution guarantees." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000). "[T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. Unit B Sept. 1981). To date, Defendants have received only limited and inadequate discovery.

Rule 26(b)(1) demands more. It guarantees parties the right to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. Pro. 26(b)(1). Given that hundreds of millions of dollars is at stake, the needs of the case are considerable and Defendants' traditional, non-duplicative proposals are proportional.

Central to the Plaintiffs' justification for bypassing standard discovery protocol is Defendants' alleged defaults. It claims, "liability has already been established by default, so no discovery is needed." Dkt. 52 at 10. But, as BNBM's motion to enforce trial rights explains, that is simply untrue. For the reasons set forth there, there is no basis for curtailing its discovery rights. But even accepting the fictitious defaults, Defendants are still entitled to discovery. The

4

PSC points to no authority that holds discovery rights evaporate in Rule 55 proceedings. On the contrary, "any rationale strong enough to justify allowing a defendant who has defaulted to appear and offer proof … would equally justify allowing such defendant discovery." *Clague v. Bednarski*, 105 F.R.D. 552, 552 (E.D.N.Y. 1985). After all, "[t]here would be little point in allowing a defendant" to appear in a Rule 55(b) proceeding "if the defendant is not permitted adequately to prepare for the hearing on damages." *Id*. Accordingly, courts have recognized "that Rule 26(b)(1) authorizes a defendant who has defaulted to conduct discovery … in preparation for an inquest on damages under Rule 55(b)(2)." *Id.*; *S.E.C. v. Wang*, No. 88-cv-4461, 1989 WL 135558, at *1 (S.D.N.Y. May 22, 1989). And "the scope of discovery" even after a default "remains broad." *OrthoArm, Inc. v. Am. Orthodontics Corp.*, No. 06-C-0532, 2009 WL 10677059, at *1 (E.D. Wis. Feb. 9, 2009). "[T]he defaulting defendant is not limited to the plaintiff's dictates as to what is relevant and in what form the discovery should be obtained." *Id.* It "is entitled to conduct discovery through depositions rather than interrogatories if it so chooses." *Id.*

The PSC's lone authority in support of its carved-up discovery theory is a single citation to an Eleventh Circuit case for the unremarkable proposition that district courts have "wide discretion in setting the limits of discovery." Dkt. No. 52 at 10 (citing *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991)). Even there though, the Eleventh Circuit *first* noted that "[t]he Federal Rules of Civil Procedure … strongly favor full discovery *whenever possible*." *Moore*, 927 F.2d at 1197 (emphasis added). And the only reason the Court approved quashing a subpoena was because Dr. Evatt—the subpoena recipient—was in the throes of combating "a national health crisis." *Id.* at 1198. "Each day that [he] and other doctors employed by the CDC spend giving deposition testimony [wa]s a day they [we]re kept

5

from doing research that might save numerous lives." *Id.* There is nothing comparable here. And Plaintiffs do not suggest otherwise. Instead, they baldly assert that any discovery beyond that which they propose would constitute "an abusive discovery regime." Dkt. No. 52 at 10. But there's nothing abusive about non-duplicative discovery. That's simply what Rule 26 provides. Defendants have never proposed anything more.

To be sure, the SPPFs served an important purpose in providing baseline claim information. However, additional follow-on discovery is necessary. First, the information requested by the SPPFs was not meant to, nor did it, comprehensively cover all relevant areas of discovery. They sought basic information, but they did not extract critical information to establish, for example, the provenance of plaintiffs' drywall photos, authenticate invoices and receipts for work performed and expenses incurred, or explain with any detail loss of use and enjoyment.

Second, Plaintiffs' SPPF responses were largely incomplete. Supporting documentation was often not provided, and many Plaintiffs failed to answer all questions, instead stating they will amend their responses at some undisclosed later date. For instance, many Plaintiffs claimed $100,000 for loss of use and/or enjoyment without providing any documentation supporting the claim (as expressly required by the SPPFs). Because of these and other deficiencies in Plaintiffs' responses, the limited SPPF process was insufficient to provide Defendants with the awareness needed to "refute the evidence against the merits of his case." *Application of Eisenberg*, 654 F.2d at 1112. The discovery Defendants seek is necessary to remedy the shortcomings in the materials the PSC has thus far provided.

## IV. CONCLUSION

Because there is no default against BNBM in *Amorin* Florida¸ there is no basis for curtailing any of its discovery rights. And even Taishan, which has defaulted, is entitled to

6

discovery as to all issues that are the subject of impending Rule 55 proceedings. Without such discovery, Defendants will be deprived of a meaningful opportunity to defend themselves. Accordingly, the Court should reject the PSC's proposed discovery protocol and afford Defendants their due discovery rights.

**CERTIFICATION OF PRE-FILING CONFERENCE
PURSUANT TO S.D. FLA. L.R. 7.1 (A)(3)**

Counsel for Defendants has engaged in extensive discussions with Plaintiffs in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Dated: September 14, 2018

Respectfully submitted,

**AKERMAN LLP**
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: (954) 463-2700
Fax: (954) 463-2224

By: */s/ Enjoliqué D. Aytch*
  Enjoliqué D. Aytch, Esq.
  enjolique.aytch@akerman.com
  Florida Bar No.: 0104881

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
bernard.taylor@alston.com

7

mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil (Florida Bar No. 607282)
Joshua D. Poyer (Florida Bar No. 653349)
Aballi Milne Kalil P.A.
SunTrust International Center
1 SE 3rd Avenue
Suite 2250
Miami, FL 33131
305-373-6600
Fax: 305-373-7929
ckalil@aballi.com
jpoyer@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
415-773-5700
Email: cvejnoska@orrick.com

James L. Stengel
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
212-506-5000
Email: jstengel@orrick.com

*Counsel for BNBM PLC*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/Enjoliqué D. Aytch*

**SERVICE LIST:**

*Attorneys for CNBM and the BNBM Entities*

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
T: 415-773-5700
Email:  cvejnoska@orrick.com
           ehairston@orrick.com
           adavidson@orrick.com

Craig P Kalil
Aballi Milne Kalil P.A.
SunTrust International Center
1 SE 3rd Avenue
Suite 2250
Miami, FL 33131
305-373-6600
Fax: 305-373-7929
Email: ckalil@aballi.com

James L. Stengel (NY Bar No. 1800556)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T:   212-506-5000
Email:  jstengel@orrick.com

*Attorney for Zhejiang Provincial Second Light Industry Enterprises Group*

Hongwei Shang
The Law Office of Hongwei Shang, LLC
9130 S. Dadeland Boulevard
Suite 1620
Miami, FL 33156
786-581-9759
Fax: 786-581-9168
Email: hshanglaw@gmail.com

*Attorneys for Plaintiffs*

Arnold Levin
Levin Fishbein Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
215-592-1500
Fax: 592-4663
Email: alevin@lfsblaw.com

Natalie Marie Rico
Colson Hicks Eidson
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134
305-476-7400
Fax: 305-476-7444
Email: rico.natalie@gmail.com

10

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
(973) 639-9100
Email: cseeger@seegerweiss.com

Dawn M. Barrios
Barrios Kingsdorf & Casteix
701 Poydras Street
One Shell Square Suite 3650
New Orleans, LA 70139-3650
504-524-3300
Email: barrios@bkc-law.com

Emma Kingsdorf Schwab
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
504-524-3300
Email: eschwab@bkc-law.com

Frederick S. Longer
Levin Fishbein Sedrin & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697
215-592-1500
Fax: 592-4663
Email: flonger@lfsblaw.com

Jay Patrick Dinan
Parker Waichman LLP
27300 Riverview Center Blvd., Suite 103
Bonita Springs, FL 34134
239-390-8609
Fax: 239-390-0055
Email: jdinan@yourlawyer.com

Jeffrey A. Breit
Breit Drescher Imprevento PC
600 22nd Street, Suite 402
Virginia Beach, VA 23451
757-622-6000
Email: Jeffrey@breit.law

Pearl Anna Robertson
Irpino Avin Hawkins
Email: probertson@irpinolaw.com

Richard S. Lewis
Hausfeld, LLP
1700 K. Street, N.W.
Washington, DC 20006
202-408-4600
Email: rlewis@hausfeld.com

Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 E Main Street
Suite 310
Norfolk, VA 23510
757-233-0009
Email: rserpe@serpefirm.com

Sandra Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500
Email: sduggan@lfsblaw.com

Scott George
Seeger Weiss, LLP
1515 Market Street
Suite 1380
Philadelphia, PA
215-553-7980
Email: sgeorge@seegerweiss.com

Patrick Shanan Montoya
Colson Hicks Eidson
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134-2351
305-476-7400
Fax: 476-7444
Email: patrick@colson.com

11

Jeffrey S. Grand
Seeger Weiss LLP
77 Water Street, 8th Floor
New York, NY 10005
(212) 584-0700
Email: jgrand@seegerweiss.com

Jimmy Faircloth
Faircloth, Melton, & Sobel
Gras Town Plaza
412 N. 4th Street, Suite 230
Baton Rouge, LA 70802
(225) 343-9535
Email: jfaircloth@fairclothlaw.com

Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892
Email: ldavis@hhklawfirm.com

James V. Doyle
Doyle Law Firm, PC
201 Biscayne Blvd.
28th Floor
Miami, FL 33131
305-677-3388
Fax: 844-638-5812
Email: jim.doyle@doylefirm.com (Inactive)

12