UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>Rochelle and Jose Abner, *et al.* v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin co., Ltd., *et al.*, No. 11-3094 (E.D. La.) | SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE DECLARATION OF DONALD CLARKE

I.  **INTRODUCTION**

In their Reply brief in support of their motion to dismiss (Rec. Doc. 21799), Defendants BNBM PLC and BNBM Group submitted a declaration of a Chinese-law expert, Donald Clarke. Defendants' motion to dismiss has been pending for years (since January 12, 2016), and Defendants waited until the last minute, after Plaintiffs filed their response to the motion (Rec. Doc. 21775), to spring on the Plaintiffs new evidence that could have been raised in their original motion, but was not.

Defendants' original motion to dismiss was unsupported by any expert on Chinese law. Knowing that the Court had already denied other related jurisdictional motions to dismiss in the Court's Order dated April 21, 2017 (Rec. Doc. 20739), the Defendants knowingly stood by their

1

unsupported motion to dismiss without any supplementation or updating.  Lying in wait for a response to the years-old, stale motion, the Defendants then sprung on the Plaintiffs the Declaration of Donald C. Clark, whose opinion refuting agency liability could have (and should have) been presented in their moving papers considering this Court's earlier (and unaddressed) ruling that Taishan is, in fact, an agent of BNBM.  Such ambush tactics should not be condoned, especially considering that this Court's earlier determination of an agency relationship was already the subject of an appeal at the time the Plaintiffs were ordered to respond to the instant motion.

Defendants' delay in presenting their late expert report is entirely consistent with their overall strategy of delaying and protracting this nearly decade-old case by filing papers intended to again, and again, and again, relitigate matters already decided.  These Chinese companies, with advice from their American attorneys, implemented their calculated decision to impose "delay tactics [which] have permeated every aspect of Defendants' litigation strategy: from their initial failure to appear to their now perpetual motions to re-litigate settled matters."  *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2018 WL 279629, *9 (E.D. La. Jan. 2, 2018).  But at this late juncture it is far too late to introduce a brand-new expert report.  The use of late-introduced expert is classic "sandbagging."

The Declaration of Mr. Clark should be stricken because: 1) Defendants' expert report is not proper rebuttal testimony.  It does not respond to any expert opinion but instead challenges the findings made by the Court; 2) It was filed 2 ½ years late and is untimely; and 3) Plaintiffs will be prejudiced if the Clark Declaration is allowed to stand.

## II.     FACTUAL BACKGROUND

Since January 12, 2016, Defendants' motion to dismiss has sat on the Court's docket without any alteration of any sort.  Notwithstanding that on April 21, 2017, this Court issued an extensive ruling on personal jurisdiction over BNBM PLC and BNBM Group in the context of other related motions, Order & Reasons (Rec. Doc. 20739) (hereafter "Jurisdiction O&R"), these Defendants made no effort to substitute or amend their stale papers.[1]  The PSC responded to the Defendants' stale motion without resort to the use of any new expert report.  In fact, the PSC predominantly relied upon the findings of an agency relationship between Taishan and the Defendants from the Court's Jurisdiction O&R.   Notwithstanding the propriety of an updated motion to dismiss supported by whatever appropriate evidence the Defendants saw fit to support their arguments that this Court's finding was in error, none was submitted. Instead, consistent with the ongoing practices of the Taishan Defendants to delay, prolong and complicate these proceedings, in their reply brief, the Defendants submitted the September 26, 2018 Declaration of Donald Clarke.  For the first time in their reply brief, do the Defendants now contend that Chinese law would not recognize the imputation of liability over the Defendants based on their agency relationship with Taishan.  The delay in presenting this new evidence and new argument is obviously prejudicial not only to the Plaintiffs but the Court as well.  Under these circumstance, courts generally refuse to consider matters that should have been raised in the first instance in the moving papers.

---

[1] Defendant BNBM PLC's other motion to dismiss (Rec. Doc. 19631) did append as an exhibit a Declaration of Professor Clarke (Rec. Doc. 19631-79), but that declaration was devoid of any mention of the treatment of an agency theory under Chinese law.

3

Because of Defendants' litigation by ambush technique, Plaintiffs disclosed at the Liaison Counsel conference preceding the September 27, 2018 status conference that they objected to the new evidence attempted to be thrust into this 2 ½ year old motion. This motion to strike is well founded.

### III. ARGUMENT

In *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011), the Fifth Circuit recognized that "[g]enerally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief, and is not the appropriate vehicle for presenting new arguments or legal theories to the court." For this reason, "[i]t is improper for the moving party to shift gears and introduce new facts or different legal arguments in the reply brief than those that were presented in the moving papers." *Karlo v. Pittsburgh Glass Works, LLC*, 880 F. Supp. 2d 629, 641 (W.D. Pa. 2012), class decertified on other grounds, No. 2:10-cv-1283, 2014 WL 1317595 (W.D. Pa. Mar. 31, 2014). For this reason, it is "improper for [a party] to introduce expert evidence [in a reply brief] that could otherwise have been raised in its opening brief." *Id.; see also Elwakin v. Target Media Partners Operating Co. LLC,* 901 F. Supp. 2d 730 (E.D. La. 2012) ("a court need not consider new arguments" or evidence "raised for the first time" in a reply brief). Generally, "new legal arguments which could have been raised in the initial motion to which the Plaintiff has not had the opportunity to respond," which are presented in a reply brief will be stricken and not considered. *C & G Welding, Inc. v. OPI Int'l Nigeria, Ltd.*, No. CIV.A. 14-1800, 2015 WL 750950, at *1 (E.D. La. Feb. 19, 2015). Rebuttal expert reports are not a vehicle for correcting shortcomings in the initial expert report. *See Haskins v. First Am. Title Ins. Co.*, No. 10-5044, 2013 WL 5410531, at

4

*2 (D.N.J. Sept. 26, 2013).  Rather, their proper purpose is limited to "contradict[ing] or rebut[ting] the arguments or opinions of the opposing party's experts."  *Bowman v. Int'l Bus. Mach. Corp.,* No. 1:11-cv-0593-RLY-TAB, 2013 WL 1857192, at *7 (S.D. Ind. May 2, 2013) (internal quotation marks omitted).

The new Declaration of Donald Clarke appended to the Defendants' Reply brief raises for the first-time arguments to rebut this Court's findings of agency in its Jurisdiction O&R.  Since Plaintiffs presented no new evidence in their response, this new evidence and new argument are an improper use of rebuttal evidence and improper for a Reply brief that arrives years after the time it should have first been raised.  By any stretch this Report is improper and untimely.

Equally disturbing, Plaintiffs are prejudiced by the Defendants' tactics.  To begin, Plaintiffs are prejudiced simply by the necessity to file this motion to strike what is a patently improper use of the expert's report.  This tactic is not new to the Defendants.  In the past, they have filed inappropriate expert reports out of time, which necessitated motions practice to strike their use.  *See* Plaintiff's Steering Committee's Combined Motion to Strike, Exclude and/or Limit the Declarations of Bruce Deal and Professor Jeffrey Gordon (Rec. Doc. 19996).  This case is nearly a decade old, and allowing Professor Clarke's new report to be used will needlessly protract these proceedings and delay matters even further.  There is no plausible explanation for the Defendants' conduct – particularly given this is repeat conduct – other that the Defendants are trying to sandbag[2] the Plaintiffs to gain an unfair tactical advantage.

---

[2] The "tactic of reserving new arguments for [a] reply brief amounts to impermissible 'sandbagging'."  *Rockwell Techs, LLC v. Spectra-Physics Laser, Inc.*, No. 00-589 GMS, 2002

## IV. CONCLUSION

For the reasons set forth above, the Declaration of Donald Clarke should be stricken and the new arguments set forth in Defendants' Reply brief rebutting findings of agency should be not be considered.

Dated: October 4, 2018					Respectfully submitted,


							By: */s/ Russ M. Herman*
							Russ M. Herman (La Bar No. 6819) (on the brief)
							Leonard A. Davis (La Bar No. 14190) (on the brief)
							Stephen J. Herman (La Bar No. 23129)(on the brief)
							Charles M. King (La Bar No. 34621) (on the brief)
							Herman, Herman & Katz, LLC
							820 O'Keefe Avenue
							New Orleans, LA 70113
							Phone: (504) 581-4892
							Fax: (504) 561-6024
							RHerman@hhklawfim.com
							*Plaintiffs' Liaison Counsel MDL 2047*

							Arnold Levin (on the brief)
							Fred S. Longer (on the brief)
							Sandra L. Duggan (on the brief)
							Levin Sedran & Berman LLP
							510 Walnut Street, Suite 500
							Philadelphia, PA 19106
							Phone: (215) 592-1500
							Fax: (215) 592-4663
							alevin@lfsblaw.com
							*Plaintiffs' Lead Counsel MDL 2047*

---

WL 531555, at *3 (D.Del.Mar. 26, 2002), (citing *Jordan v. Bellinger*, 2000 U.S. Dist. LEXIS 19233, at *18 (D.Del. Apr. 28, 2000)).

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com


Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com


Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com


Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com


Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com


**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 4th day of October, 2018.

*/s/ Leonard A. Davis*
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*