UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | * | MDL No. 2047 |
| DRYWALL PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION "L" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE FALLON |
| | * | |
| DEAN and DAWN AMATO, et al. | * | MAG. JUDGE WILKINSON |
| v. LIBERTY MUTUAL INS. CO., et al. | * | |
| Case No. 10-0932 | | |
| OMNI V | * | |
| | * | |

******************************************

**UNOPPOSED MOTION TO SUBSTITUTE PARTY DEFENDANT**

Defendant, ESSEX INSURANCE COMPANY ("Essex"), pursuant to Federal Rules of Civil Procedure 7 and 25, by and through its undersigned attorneys, hereby moves the Court to substitute EVANSTON INSURANCE COMPANY ("Evanston") for Essex as the proper Party Defendant in this action. In support, Essex states as follows:

1. On May 11, 2010, Plaintiffs Dean and Dawn Amato ("Plaintiffs") filed the *Amato* "Omnibus V" Amended Complaint asserting claims on behalf of injured third-party plaintiffs against alleged distributors, suppliers, importers, exporters or manufacturers of Chinese drywall, or home builders or developers that allegedly used defective Chinese drywall (the "Insured Defendants") and insurance companies that allegedly issued CGL insurance policies to the Insured Defendants (the "Insurance Company Defendants").[1]

2. The Amended Complaint seeks declaratory relief against 98 Insurance Company Defendants, including Essex, under 22 U.S.C. § 2201.

---

[1] This action was originally filed in the Eastern District of Louisiana asserting jurisdiction under the Class Action Fairness Act, and was assigned case number 2:10-cv-00932. (*See* R. Doc 1 in Case No. 2:10-cv-00932 (E.D. La.)). The case was then administratively consolidated in this MDL by the clerk's office.

3. Essex was, at all times material hereto, a wholly owned subsidiary of Markel Corporation.

4. Essex and Evanston entered into a merger subsequent to the filing of the *Amato* action.

5. As of July 1, 2016, Evanston, a wholly owned subsidiary of Markel Corporation, is the successor by merger to Essex.

6. Essex now moves the Court to substitute Evanston for Essex as the proper carrier defendant in *Amato* pursuant to Federal Rule of Civil Procedure 25(c).

7. The requested relief is not made for delay or any improper purpose.

8. No party in this action would be prejudiced by the granting of this Motion.

9. The Plaintiffs' Steering Committee ("PSC") does not object to the relief requested in this Motion.

WHEREFORE, ESSEX INSURANCE COMPANY, for the reasons stated above, requests that this Court substitute Evanston as the proper party defendant in the case styled *Dean and Dawn Amato, et al. v. Liberty Mutual Insurance Company*, case no. 2:10-cv-00932.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 25(c) governs substitution of parties during pending litigation due to a transfer of interest. *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602 (11th Cir. 1984). Federal Rule of Civil Procedure Rule 25(c) provides as follows:

> (c) Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25 (c).

A transfer of interest in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition. *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69 (3rd Cir. 1993). Substitution is usually effected during the course of litigation. *Id.* at 71.

The purpose of Federal Rule of Civil Procedure 25(c) is to ensure that after litigation commences, the Court, at its discretion, can proceed in an efficient manner with the real parties in interest and to ensure that the conduct of litigation is not defeated by a transfer of interest. *Regions Bank v. Pjfsf&T Property Acquisitions, Inc.*, 2016 WL 3748714 (M.D. Fla. June 14, 2016). The disposition of a motion under Federal Rule of Civil Procedure 25(c) is committed to the sound discretion of the trial court. *Barker v. Jackson National Life Insurance Company*, 163 F.R.D. 364 (N.D. Fla. 1995). "The court may, in its discretion, order that the original party continue the action alone, that the transferee be substituted for the original party, or that the transferee be joined as an additional party." *Id.*

Federal Rule of Civil Procedure Rule 25(c) only applies to transfers of interest occurring during the pendency of litigation; the rule does not apply to transfers of interest before the litigation begins. *DZ Bank AG Deutzche ZentralGenossenschaftsbank v. Davis*, 2009 WL 4547111 (M.D. Fla. December 1, 2009). When the transfer of interest occurs during the pendency of the litigation the Court may grant substitution in its discretion. *Id.* at *2. It is proper to grant a motion for substitution where the record does not demonstrate that the parties will suffer any prejudice as a result of the proposed substitution. *Id.*

The substitution of Evanston as party defendant is proper here. Essex and Evanston entered into a merger subsequent to the filing of the *Amato* action. Evanston is the successor by merger. The substitution of Evanston as party defendant allows this action to proceed in an

efficient manner with the real parties in interest.  Plaintiffs are not prejudiced by the substitution of Evanston as the party defendant.  Plaintiffs do not object to the relief requested in this Motion.

WHEREFORE, ESSEX INSURANCE COMPANY, for the reasons stated above, requests that this Court substitute EVANSTON INSURANCE COMPANY as the proper party defendant in the *Amato* action.

## CERTIFICATE OF COMPLIANCE

Counsel for ESSEX INSURANCE COMPANY, conferred with Plaintiffs' Liaison Counsel in a good faith effort to resolve by agreement the issues raised in Essex's Motion to Substitute Party Defendant.  The Plaintiffs do not object to the relief requested in this Motion.

                        ADAMS AND REESE LLP

                        */s/ Rebecca C. Appelbaum, Esq.*
                        REBECCA C. APPELBAUM, ESQ.
                        LEAD ATTORNEY
                        Florida Bar No.: 0179043
                        rebecca.appelbaum@arlaw.com
                        jenny.schroeder@arlaw.com

                        CHELSEA C. HARRISON, ESQ.
                        Florida Bar No. 98536
                        chelsea.harrison@arlaw.com

                        ADAMS AND REESE LLP
                        101 E. Kennedy Blvd., Suite 4000
                        Tampa, FL 33602
                        Tel:  (813) 402-2880
                        Fax: (813) 227-5627

                        ***Attorneys For Evanston Insurance Company, as successor by merger to Essex Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Unopposed Motion to Substitute Party Defendant has been served on Plaintiffs' Liaison Counsel Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of

the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of October, 2018.

*/s/ Rebecca C. Appelbaum, Esq.*
REBECCA C. APPELBAUM, ESQ.
