UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14-cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

## MEMORANDUM IN OPPOSITION TO CLAIMANTS' MOTION TO CONSTRUE SETTLEMENT AGREEMENT AND DEFINE SCOPE OF REVIEW

**MAY IT PLEASE THE COURT:**

**NOW COME** the Knauf Defendants,[1] who file this Memorandum in Opposition to Claimants' Motion to Construe Settlement Agreement and Define Scope of Review (R. Doc. 21805). At the outset, it is important to make clear the context of the present Motion. Though confounding throughout, the crux of Claimants' present motion is a disagreement that Claimants, who are all subject to the Knauf Class Settlement Agreement and New Claims Settlement Agreement, are required to satisfy certain eligibility requirements of the respective settlement agreements before benefits are granted. Therefore, Claimants' Motion is essentially an objection to this Court's (and the Special Master's) authority and obligation to review, administer and

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

construe the requirements in the settlement agreements to determine Claimants' eligibility for settlement benefits.

The present motion arises after the Special Master issued a report and recommendation denying settlement benefits to sixteen (16) ARH claims pursuant to the eligibility requirements of the Knauf Class Settlement Agreement and the New Claims Settlement Agreement, which was consistent with this Court's previous construction of those agreements. The Court itself directed that the Special Master collect a record of the parties' respective positions on the sixteen (16) ARH claims and to issue the report and recommendation to the Court for review and final determination. The record was completed, the Special Master's report and recommendation was issued, and all that remains is for this Court to review the record and provide a final, non-appealable determination on the sixteen (16) ARH claims. As set forth below and more fully in the Knauf Defendants' submissions to the Special Master, the Special Master appropriately denied benefits to the sixteen (16) ARH claims under the eligibility requirements set forth in the Knauf Class Settlement Agreement and the New Claims Settlement Agreement. Therefore, the present Motion should be denied and the Special Master's Report and Recommendation rejecting the sixteen (16) ARH claims should be affirmed.

**I.     Background**

        *a.     Knauf Class Settlement Agreement and New Claims Settlement Agreement*

The Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 (the "Knauf Class Settlement Agreement") defines the Class as owners "who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff…."[2] If Claimants did not file a lawsuit (or even own Affected Property) on or before December 9, 2011, then they were

---

[2] R. Doc. 16407-3 at p. 4 (*Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at § 1.1.2).

not class members, and their claims could not be settled solely pursuant to the Knauf Class Settlement Agreement. However, pursuant to the Settlement Agreement regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL 2047 (the "New Claims Settlement Agreement"), Claimants who gave notice prior to October 25, 2013, and qualified under the terms of the New Claims Agreement, were eligible to seek benefits under the Knauf Class Settlement Agreement (subject to the requirements set forth in the two agreements).[3]

It is undisputed that all sixteen (16) ARH Claims are subject to the New Claims Settlement Agreement (and the Knauf Class Settlement Agreement). It is also undisputed that none of the Claimants opted out of or objected to the settlements, and are therefore, bound by the eligibility requirements under the agreements.

    b.    *The Sixteen (16) ARH Claims*

The Knauf Defendants challenged eligibility and denied benefits for the sixteen (16) ARH Claims under the New Claims Settlement Agreement and the Knauf Class Settlement Agreement because it was their position that Claimants (1) failed to conduct a reasonable inquiry into the presence of Chinese-manufactured drywall prior to purchasing the property, and/or (2) failed to comply with the evidence preservation and presentation requirements set forth in PTO 1(B). Claimants disagreed with the denial of benefits and with the process set forth in the Already Remediated Properties Protocol for resolving ARH claims. The Knauf Defendants moved for a status conference, and on March 7, 2018, the Court held a status conference to discuss the resolution of the sixteen (16) ARH claims in accordance with the Knauf Class Settlement Agreement and the New Claims Settlement Agreement. The Knauf Defendants' position then and always has been that Claimants' ARH claims should be denied because (1)

---

[3] R. Doc. 16978-1 (*Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047*).

Claimants failed to conduct a reasonable inquiry and/or (2) Claimants failed to comply with PTO 1(B). The Court directed that the parties submit their respective positions and all evidence to the Special Master so that he could establish a record and provide a Report and Recommendation to Court.

The parties conducted multiple scheduling conferences with the Special Master to coordinate party submissions. On March 16, 2018, the Knauf Defendants submitted their position paper and supporting exhibits. On June 4, 2018, Claimants submitted their response position paper and supporting exhibits. On June 20, 2018, the Knauf Defendants submitted a reply position paper and supporting exhibits. On August 10, 2018, the Special Master issued a Report and Recommendation on fifteen (15) of the ARH claims and requested supplemental briefing on the last claim. On August 22, 2018, and following supplemental briefing from Claimants and the Knauf Defendants, the Special Master issued his supplemental Report and Recommendation on the last claim. This completed the record requested by the Court and is now available for the Court to review, consider, and issue a final, non-appealable ruling. However, on October 1, 2018, Claimants filed the present motion, which objects to the relevant terms of the settlement agreements, challenges the Special Master's and Court's obligation to review settlement claims and make eligibility determinations, and reargues positions previously rejected by the Special Master and this Court.

**II. Claimants' Motion is an Untimely Objection to the Terms of the Settlement Agreements, misstates the Special Master's directive to Collect a Record and Issue a Report and Recommendation, and is an Untimely Resubmission of Arguments Previously Briefed and Rejected.**

First, Claimants' Motion is a veiled-attempt to object to the terms of the settlement agreements, and the Court should reject such arguments as untimely. The Knauf Class Settlement Agreement was given final approval by this Court over five (5) years ago. It is

4

undisputed that Claimants did not opt out of or object to the Knauf Class Settlement Agreement or the New Claims Settlement Agreement. Furthermore, this Court has continuing and exclusive jurisdiction to construe the terms of the Knauf Class Settlement Agreement and the New Claims Settlement Agreement.[4] Therefore, Claimants are bound by the terms of the settlement agreements, as construed and determined by this Court, and this Court's determination shall be a final, non-appealable judgment.[5]

Second, Claimants' opposition to the Special Master's procedure of establishing a record and issuing a Report and Recommendation is inappropriate. As the Court is well-aware, the Court directed the parties at the March 7, 2018 status conference to present their respective positions and supporting materials to the Special Master, who would then collect, review, and issue a Report and Recommendation to the Court. The Court may now review the record, including the Special Master's Reports and Recommendations, and issue a final, non-appealable decision under the Knauf Class Settlement Agreement.[6]

Third, the present motion is inappropriate to the extent it is an attempt to reargue positions that were already fully briefed by the parties to the Special Master, and were already made part of the Special Master's record, which is available for this Court to review and consider in making its final ruling. Furthermore, to the extent the present motion is an appeal of a Special Master's decision with respect to the Remediation Fund, the objection is untimely pursuant to Section 4.2.9 of the Knauf Class Settlement Agreement.[7]

---

[4] R. Doc. 16407-3 at pp. 14, 66 (*Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at §§ 4.2.9, 15.1); R. Doc. 16978-1 at p. 6 (*Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* at § VIII(B)).
[5] *Id*; *see also* R. Doc. 12061-6 at p. 3 (Already Remediated Properties Protocol - Exhibit A to the *Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at IV(C)(4)).
[6] *Id*.
[7] R. Doc. 16407-3 at p. 14 (*Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at § 4.2.9).

**III. The Motion Should be Denied Because the Special Master and the Court have the Obligation to Make Eligibility Determinations under the Settlement Agreements and the Special Master Applied the Appropriate Criteria in Denying the Sixteen (16) ARH Claims.**

Claimants' position is that the Special Master and the Court do not have authority under the Knauf Class Settlement Agreement and the New Claims Settlement Agreement to apply the eligibility requirements set forth in the settlement agreements. Therefore, Claimants' argue that the Special Master and the Court expanded the scope of review for the ARH claims beyond the terms of the agreements and that the Court's review should be solely limited to a determination of quantum on settlement benefits to be awarded to Claimants from the Remediation Fund.[8] Claimants' motion should be denied because the Special Master and the Court have the authority and obligation to make eligibility determinations under the settlement agreements, the Special Master applied the appropriate eligibility criteria for the sixteen (16) ARH claims under the settlement agreements, and the Special Master properly denied all sixteen (16) ARH claims.

    *a.    Claimants are All Part of the New Claims Settlement Agreement, which Requires Claimants Conduct an "Objective 'Reasonable Inquiry' Standard" to be Eligible for Settlement Benefits.*

It is undisputed that all sixteen (16) Claimants are subject to the New Claims Settlement Agreement and the Knauf Class Settlement Agreement.[9] It is also undisputed that none of the Claimants opted out of or timely objected to the terms of the settlement agreements. Therefore, they are bound by the eligibility requirements for being compensated under the agreements.

---

[8] R. Doc. 21805-1 at pp. 4-11(*Claimants' Motion to Construe*).
[9] R. Doc. 16978-1 (*Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047*).

6

The New Claims Settlement Agreement does not provide benefits to claimants who purchased a property with knowledge that it contained Chinese drywall or who did not make a reasonable inquiry into the presence of Chinese drywall.[10]

Under the New Claims Settlement Agreement:

> Any [Claimant] who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement….[11]

The Court, which has continuing and exclusive jurisdiction over the settlement agreements, has already construed the "reasonable inquiry" eligibility requirement in the context of the New Claims Settlement Agreement and found that the New Claims Settlement Agreement "requires the claimants meet an objective 'reasonable inquiry' standard to qualify for benefits."[12] The same "objective 'reasonable inquiry' standard" and reasoning applies directly to the claims submitted by the Claimants in this matter. Therefore, the Special Master and the Court are obligated to apply the objective reasonable inquiry standard in determining eligibility for claims subject to the New Claims Settlement Agreement.

      b.     *Claimants Must Comply with the Already Remediated Properties Protocol and PTO 1(B) to be Eligible for Settlement Benefits.*

Even if Claimants are not disqualified under the New Claims Settlement Agreement pursuant to the objective reasonable inquiry standard, they still must satisfy the requirements under the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B) before they can obtain settlement benefits.

---

[10] *Id.* at § IV(D).
[11] *Id.*
[12] R. Doc. 20934 at p. 5 (Order and Reasons regarding Claimant's Objection and Motion for Reconsideration of Special Master's Opinion) (finding that Claimants took a "calculated risk" and failed to conduct a reasonable inquiry when they purchased property "as-is," without any seller's disclosures, and without conducting a Chinese-drywall inspection even though Claimants' claimed they conducted a general/walk-through inspection, never heard of Chinese drywall, and no reason to otherwise inquire further at the time of purchase).

The New Claims Settlement Agreement provides that claimants who have self-remediated or entered into contracts to self-remediate between December 9, 2011 and July 31, 2013 may seek Remediation Benefits as set forth in 4.3.7 of the Knauf Class Settlement Agreement and the Already Remediated Properties Protocol, attached as Exhibit A to the Knauf Class Settlement Agreement.[13] Section 4.3.7 of the Knauf Class Settlement Agreement provides:

> Owners who have self-remediated Affected Properties or have entered into contracts to self-remediate Affected Properties prior to the Execution Date shall be entitled to benefits to resolve their Remediation Claims as provided in the Already Remediated Properties Protocol. Such benefits shall be paid from the Remediation Fund. In addition, such Owners are entitled to seek benefits from the Other Loss Fund.[14]

The Already Remediated Properties Protocol provides a "process by which to resolve the Remediation Claims of the individual Owners who self-remediated their Affected Properties…."[15] The Protocol's process requires claimants to submit all required information within their possession, and if needed like in the present case, advance to a Court proceeding before the Court to resolve the claims.[16]

The Court's review of ARH Claims is defined by Paragraph IV(D) of the Protocol - "Reimbursable Costs."[17] Paragraph IV(D) limits the Knauf Defendants' responsibility for Reimbursable Costs to the KPT Drywall Percentage[18] and explicitly requires that the Special Master and the Court determine Claimants' eligibility to settlement benefits based on

---

[13] R. Doc. 16978-1 at p. 2 (*Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047* at § II(B)).
[14] R. Doc. 16407-3 at p. 29 (*Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at § 4.3.7).
[15] R. Doc. 12061-6 at p. 1 (Already Remediated Properties Protocol - Exhibit A to the *Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at § I).
[16] *Id*. The Court requested that the Special Master collect a parties' respective positions and supporting exhibits and provide a report and recommendation. The Special Master then reviewed the record under the appropriate scope and provided a report and recommendation.
[17] *Id*. at § IV(C)(2).
[18] *Id*. at § IV(D)(3).

compliance/non-compliance with PTO 1(B)'s evidence preservation and presentation requirements.[19] Specifically, Paragraph IV(D)(4), "Reimbursable Costs," provides:

> The **Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B** (if the claim is pending in the MDL) or with applicable state law requirements for preservation of evidence (if the claim is pending in state court). Subject to review by the Special Master or the Court, **the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim**.[20]

Like the "objective 'reasonable inquiry' standard," the Court has already confirmed this eligibility determination in similar cases in terms of what is required of a claimant subject to PTO 1(B) and the Protocol.[21] In one such case, and pursuant to Section 4.3.7 of the Knauf Class Settlement Agreement, the Court confirmed that Owners who have self-remediated properties may seek benefits to resolve Remediation Claims pursuant to the Already Remediated Properties Protocol, and that Owners are required to submit required information under the Protocol concerning the remediation of the property, including KPT drywall evidence in the form of PTO 1(B).[22] Pursuant to PTO 1(B), the Court stated that Owners were and are required to preserve evidence by following a few basic procedures, including but not limited to:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.[23]

This Court has already determined under the Knauf Class Settlement Agreement, the Protocol, and PTO 1(B) that it must determine whether a Claimant complied with PTO 1(B) and

---

[19] *Id*. at § IV(D)(4).
[20] *Id*. (emphasis added).
[21] R. Doc. 20933 (Order and Reasons regarding Objection to Special Master's Opinion and Decree).
[22] *Id*. at pp. 1-2.
[23] *Id*. at p. 3; *see also* PTO 1(B).

the Protocol before a claimant is determined to be eligible for benefits.[24] Therefore, the Special Master and the Court are obligated to review and make eligibility determinations pursuant to PTO 1(B) under the Protocol and the Knauf Class Settlement Agreement.[25]

> c. *The Special Master's Review of the Sixteen (16) ARH Claims in the Context of the Eligibility Requirements was Appropriate and the Report and Recommendation Correctly Denied Settlement Benefits.*

Pursuant to the New Claims Settlement Agreement and the Knauf Class Settlement Agreement, the Special Master reviewed the parties' submissions and denied settlement benefits to all sixteen (16) ARH claims because Claimants (1) failed to conduct a "reasonable inquiry" into the presence of Chinese-drywall and/or (2) failed to preserve and present evidence in compliance with PTO 1(B). The Special Master's review and decision was consistent with the terms and eligibility requirements of the Knauf Class Settlement Agreement, the New Claims Settlement Agreement, the Protocol, PTO 1(B), and this Court's prior decisions. Therefore, for the reasons set forth in the Knauf Defendants' submissions to the Special Master, and for the reasons set forth in the Special Master's Report and Recommendation, all of which are available to this Court, the present motion and the sixteen (16) ARH claims should be denied.[26]

---

[24] *Id*. (denying Claimant's eligibility under the Knauf Class Settlement Agreement because Claimant's failed to comply with PTO 1(B) and additional evidence and testimony submitted was inapprorpiate under the terms of the Knauf Class Settlement Agreement and insufficient to determine a KPT percentage).

[25] Even if the Court determines that a claimant is eligible for settlement benefits, Paragraph IV(D) of the Protocol, mandates (1) that Claimants will only be reimbursed for "remediation work reasonably consistent with the Remediation Protocol," (2) that "any upgrades made to the Affected Property are not eligible for reimbursement," and (3) that "reimbursable costs shall not include costs attributable to contractor double billing, waste or fraud." R. Doc. 12061-6 at pp. 5-6 (Already Remediated Properties Protocol - Exhibit A to the *Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at § IV(D)(1)). Further, Paragraph IV(D), "Reimbursable Costs," confirms that Claimants eligible for benefits under the Protocol are subject to a reduction if they received amounts from the GBI Settlements, which are assigned to the Knauf Defendants. *Id*. at IV(D)(2).

[26] To the extent this motion is construed as an objection to the Special Master's Report and Recommendation, the objection is untimely pursuant to Section 4.2.9 of the Knauf Class Settlement Agreement.

    *d.*    *The Court's Determination of the ARH Claims Shall be Final, Binding, and Without Benefit of Further Appeal.*

The Court's determination and resolution of the sixteen (16) ARH claims shall be final and without further appeal.[27] Further, each party shall bear its own costs in connection with any Remediation Claim submitted to the Court.[28]

## IV. Conclusion

All claimants to the Knauf Class Settlement Agreement and the New Claims Settlement Agreement are required to satisfy eligibility requirements before settlement benefits are awarded. The present motion is an untimely objection to those requirements, inappropriate as it misstates the Special Master's directive to collect a record and issue a Report and Recommendation, and is an untimely resubmission of arguments briefed and rejected by the Special Master.

Claimants are bound by the terms of the Knauf Class Settlement Agreement, the New Claims Settlement Agreement, the Protocol, and PTO 1(B). The Court has already confirmed and construed the eligibility requirements at issue here, and the Special Master correctly applied the requirements in the Report and Recommendation. Therefore, for these reasons, and for the reasons set forth by the Knauf Defendants in their submissions to the Special Master, Claimants' motion and all sixteen (16) ARH claims should be denied.

---

[27] *Id*. at IV(C)(4). Claimants assert in their Motion that any ruling by the Court construing the contractual terms must be in writing and is appealable *de novo*. R. Doc. 21805-1 (Claimants' Motion at p. 8). Both the Knauf Class Settlement Agreement and the Protocol confirm that the decision by this Court on these sixteen (16) ARH claims is a final, non-appealable judgment. R. Doc. 16407-3 at p. 14 (*Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at § 4.2.9); R. Doc. 12061-6 at p. 3 (Already Remediated Properties Protocol - Exhibit A to the *Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047* at IV(C)(4)).

[28] *Id*. at IV(C)(5).

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:(504) 566-8646
Facsimile: (504) 585-6946
Email:     kjmiller@bakerdonelson.com

*Counsel for The Knauf Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of October, 2018, the above and foregoing has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**