IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS WITH RESPECT TO THE SUBSTITUTED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-INTERVENORS AND THE PLAINTIFFS' STEERING COMMITTEE TO ENFORCE THE COURTS' JULY 17, 2014 CONTEMPT ORDER
AND RULE TO SHOW CAUSE WHY ANY CONFIDENTIALITY DESIGNATIONS SHOULD REMAIN**

**I.   INTRODUCTION**

On February 9, 2015, the Plaintiffs' Steering Committee ("PSC") filed its original Memorandum of Law in Support of its Motion to Enforce the Court's July 17, 2015 Contempt Order and Injunction (Rec. Doc. 18202-1).[1]  A year later, following the substantial discovery involving three separate tracks of contempt, jurisdiction, and damages proceedings, on February 10, 2016, the PSC submitted its Substituted Memorandum of Law in Support of Plaintiff-Intervenors and the Plaintiffs' Steering Committee to Enforce the Courts' July 17, 2014 Contempt Order (Rec. Doc. 20032) along with an accompanying Affidavit of Russ M. Herman in support

---

[1] The PSC's motion was supplemented several times.  *See* Rec. Doc. Nos. 18302, 18433, 18447, 18520, 18534.

1

thereof.[2] This Substituted Memorandum was filed under seal in its entirety because numerous exhibits generated over a decade ago were designated by the Defendants or third-parties as being confidential. As time has marched on, the confidentiality designations have grown more and more stale. While those monikers were suspect even then, to maintain those designations now after nearly a decade of calculated delay orchestrated by CNBM and its counsel is untenable. Nevertheless, PTO No. 16 [Rec. Doc. 288] required the PSC to maintain the inappropriate confidentiality labels affixed to these documents despite our reservations or attempts to resolve our differences over the improper confidentiality designations affixed to these documents.[3] Plaintiffs believe that all of the documents identified on the attached Exhibit "A" should be designated as public. For instance, items such as plaintiff's expert, Curtis J. Milhaupt, JD, whose deposition was designated as confidential, should not remain designated as such. Further, summary exhibits, compilations of invoices, etc., likewise should not be designated as confidential. In other more recent instances, the Defendants have recognized the fallacy of maintaining secrecy over documents who's meaning no longer demands concealment for business purposes.[4] As to these earlier filed motions and briefs, Defendants agreed to substituted filings of briefs and exhibits that were previously under seal. These substituted filings on the public docket now make available

---

[2] Shortly thereafter, a Notice of Errata (Rec. Doc. 20813) was filed because Exhibit 2 and Exhibit 5 were transposed in error, and the PSC sought to correct these mislabeled exhibits. Should this motion be granted the substituted exhibits in the Errata should be used instead of those in the original filing.

[3] Plaintiffs note that some of the exhibits identified in this motion may already have had their designation of confidentiality removed and therefore identified as "public," but the Producing Parties have failed to update or supplement their confidentiality logs as required by PTO No. 16 so that confirmation can be assured. A ruling by the Court on these matters will provide the needed clarity.

[4] *See, e.g.,* Rec. Doc. Nos. 21640, 26641, 21678, 21679, 21689, 21681, 21723, 21750 & 21754.

documents which have been redacted or their confidential designations removed and unsealed. As the business purpose has moved on, so has the need for maintaining the documents under seal. Consequently, many of the exhibits to the Substituted Memorandum and accompanying Affidavit, which duplicate those of the other unsealed filings, are now already publicly available. A chart reflecting the status of each exhibit, whether it has already been addressed and is publicly available or not, is attached hereto as Exhibit "A".

At this point in the litigation, the Court has embarked on remanding cases back to their original transferor court, is in the process of requesting additional remand and is poised to conduct trials for those matters still within this Court's original jurisdiction, the public's right of access to these documents becomes ascendant. "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. … The public's right of access extends beyond simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial record and documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotations omitted). The fundamental purposes of the public's right of access to our courts are "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988). In the face of the presumed right of access to the courts, "the burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption. … [T]his burden may not be met through broad allegations of harm, bereft of specific examples or articulated reasoning." *Fed. Trade Commission v. Penn State Hershey Med. Ctr.*, 2016 WL 1242272, *2 (M.D.

Pa. Mar. 30, 2016) (internal citations and quotations omitted).  Further, Pre-Trial Order No. 16 provides that the producing party has the burden of proving that "good cause" exists for any confidential designation and that the material is entitled to confidential designation under applicable law (*see* PTO 16 at ¶¶ 29 and 29(a)).

For the reasons set forth below, the PSC requests that the Court remove all confidentiality designations from the Substituted Memorandum's exhibits which have not already been de-designated, and unseal these records without further delay.  To accomplish this feat, a Rule to Show Cause should be entered to allow any Defendant or third-party whose documents are still designated "Confidential" or "Highly Confidential" to present justification why any particular document should remain under seal.

## II.    ARGUMENT

Pursuant to PTO No. 16, a Producing Party may designate as "Confidential Information" materials which "the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed." *See* PTO No. 16 at ¶6. Furthermore, PTO No. 16 allows a Producing Party to designate as "Highly Confidential-Restricted Information" materials which "the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm,

economic or otherwise, to the Producing Party." *See* PTO No. 16 at ¶ 8. Whether designating materials as Confidential or Highly Confidential, "the Producing Party shall do so in good faith consistent with the provisions of this Protective Order and the rulings of the Court, and shall not be overly broad in designating information as Confidential Information under this Protective Order." *See* PTO No. 16 at ¶¶ 6, 8. Fed. R. Civ. P. 26(c) provides that a court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

As noted above, the PSC disagrees with the confidentiality designations on the exhibits it filed with its Substituted Memorandum. The PSC submits there is nothing in these documents or transcripts that would warrant being designated as "Confidential" or "Highly Confidential."[5] PTO No. 16 requires a "good faith" belief that the material marked confidential was in fact worthy of such designation and further restricts "overly broad" designations. There is simply no material in the documents or transcripts that would tend to cause annoyance, embarrassment, oppression, or undue burden or expense if the documents or transcripts are produced without confidentiality designations.

Designating the documents and testimony confidential effectively keeps the contents secret and not available to the thousands of homeowners with interests in this litigation. The PSC is thus unable to share the documents and testimony with plaintiffs, their counsel, and any other interested persons despite the contents not being trade secrets or other truly confidential matters as required under the Federal Rules of Civil Procedure and PTO No. 16 to be confidential. Moreover, the PSC

---

[5] The PSC is willing to redact bank account numbers to protect this information from being publicly available to avoid and issue given the remote possibility that the accounts are still in use.

has been forced to submit these documents under seal in connection with all filings supported by such documents. This process has proved to be burdensome not only to counsel but also to the Court, in particular when appeal records are to be designated and docketed. Defendants and third parties have abused the system by taking advantage of PTO No. 16 on confidentiality and mismarked documents or made improper claims.

In addition to the foregoing, it should also be noted that this litigation represents a matter of grave public importance impacting thousands of homeowners throughout the Gulf Coast, which has gone on for almost 10 years, has appeals pending before the Fifth Circuit, and actions that have been or are about to be remanded back to their original transferor forums. There is no reason to prolong the secrecy of materials that should not have been designated confidential in the first place and have long since become stale business documents undeserving of protection.[6] Accordingly, it is respectfully submitted that the public has a right of access to the documents and transcripts detailed on Exhibit A hereto, which should be made available to the public as exhibits to past and future filings by the PSC and others. *See Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (recognizing that public has First Amendment right of access to a civil trial). Indeed, "[t]he First Amendment presumes that there is a right of access to proceedings and documents which have historically been

---

[6] Courts routinely disclose stale documentation of old business practices and defunct policies. *See Pa. by Shapiro v. Think Fin., Inc.*, No. 14-cv-7189, 2017 WL 3215416, at *3 (E.D. Pa. July 28, 2017) (holding that publication of documents between three and six years old would not cause the party seeking confidentiality any harm); *Zavala v. Wal-Mart Corp.*, No. CIV. A. 03-5309 JAG, 2007 WL 2688934, at *10 (D.N.J. Sept. 12, 2007); *Heintz Corp. v. Judson*, No. CIV. A. 94-6916, 1995 WL 649331, at *4 (E.D. Pa. Nov. 3, 1995) ("[A]n attempt to show that disclosure will indeed work a competitive disadvantage might be undermined if the information sought to be protected were stale."); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890-92 (E.D. Pa. 1981) (same); *United States v. Int'l Bus. Mach. Corp.*, 67 F.R.D. 40, 47-48 (S.D.N.Y. 1975) (information three to fifteen years old was not entitled to protection because such stale documents revealed little, if anything, about the contemporary operations of the party resisting disclosure).

open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Cruz v. City of Hammond*, 2015 WL 1525758 at *1, Civ. Action Nos. 09-6304, 13-5220 (E.D. La. April 2, 2015) (noting that the "presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest'"). Moreover, this litigation has international implications, arising from the business operations of overseas companies exporting goods to United States consumers. Such activities, especially by and with government-owned companies, are certainly of public concern and should be open for scrutiny by the very public put in harm's way. *Id.* ("Public concerns are especially significant when considering whether to prevent disclosure of litigation matters that involve a government party."). As this Court in *Cruz* acknowledged, "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Id.* at *2 (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

Previously, the Taishan Defendants and third parties claimed assorted reasons for their confidentiality designations, which are addressed below. As for documents that the PSC partially translated, any concessions as to a lack of confidentiality is only extended to those portions which the PSC translated. This unnecessarily complicates the situation and places the burden again on the PSC to provide full translations before even addressing the propriety of the confidentiality designation.

The documents at issue fall into several categories of content that are claimed as the basis for the confidentiality designations. Many of the testimony designations at issue align with the

document categories, as they are based on discussion of purportedly confidential exhibits. Several testimony designations are based strictly on the topic of the testimony itself. As is evident from a review of the documents and testimony, these reasons are focused on the self-serving interests of the companies behind the documents and testimony, not the legitimate protections of the law. Broad descriptions containing conclusory statements that the contents of these documents and testimony are confidential do not suffice to overcome the presumption in favor of public access to judicial process. *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, 2004 WL 595236 at *10, Civ. Action No. 03-1496 (E.D. La. Mar. 23, 2004) (although the producing party "lodged the objection that the information … is confidential and proprietary commercial information, … this bare assertion, without any proof is not sufficient for this Court to grant a motion to quash and/or for protective order"); *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002) (denying motion to maintain documents under seal that "made no effort to justify the claim of secrecy. It was simply asserted, mostly on the basis of the agreement but partly on the ground that these are commercial documents. That won't do."). The categories of reasons set forth in support of the confidentiality designations are described more fully below. None of these reasons is sufficient to maintain Defendants' and the third parties' confidentiality designations.

  a. **Corporate Matters**

This category includes financial information, investments, assets, corporate strategy, management and governance, audits, corporate formation, shareholder resolutions, invoices and similar matters. As the Seventh Circuit recognized, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract,

but when those things are vital to claims made in litigation they must be revealed." *Baxter*, 297 F.3d at 547 (citing *Union Oil v. Leavell*, 220 F.3d 562 (7th Cir. 2000)). Indeed, "a bald assertion that confidentiality promotes their business interests" is insufficient to warrant maintaining secrecy of materials tied to the judicial proceedings at hand. *Id.* Although the terms "trade secret" and "confidential commercial information" are not expressly defined by the Federal Rules of Civil Procedure, "some district courts have defined these terms as 'information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained.'" *Riverkeeper v. Taylor Energy Co., LLC*, 309 F.R.D. 381, 388 (E.D. La. 2015) (quoting *In re S3 Ltd.*, 242 B.R. 872, 876 (Bankr.E.D.Va.1999).

The PSC submits that Producing Parties are unable to meet their burden of proving that the revelation of any of these documents would cause them substantial economic harm.  As such, the documents should be de-designated and unsealed.

      **b.**    <u>**Containing a Confidentiality Provision**</u>

A few documents include explicit confidentiality or non-disclosure provisions. As with assertions of commercially protected information, "asserting that the document must be kept confidential because we say so (the 'agreement is, by its terms, confidential')" without further justification for secrecy will not warrant maintaining the document under seal. *Baxter*, 297 F.3d at 547; *see also, Riverkeeper v. Taylor Energy Co., LLC*, 309 F.R.D. 381, 387 (E.D. La. 2015) (concluding that "the sole existence of a third party's agreement cannot independently render a document confidential unless is comports with Rule 26(c)").  Here too, the documents should be de-designated and unsealed.

### c. **<u>Litigation Discussions</u>**

Documents and testimony regarding internal litigation discussions and analyses are likewise not *per se* confidential, and in fact are highly relevant and important for the public to assess as critical in the judicial proceedings.

### d. **<u>Respecting Confidentiality of Company that Created the Document</u>**

Several documents were produced by a company other than that which created the document, and were designated confidential out of respect for the originating company's privacy. The fact that the document has been shared with and produced by another company weakens the claim that the document was confidential in the first place. This roundabout manner of keeping information secret from the interested public should not be allowed.

### e. **<u>Chinese Regulatory Compliance</u>**

Claims of confidentiality have also been rooted in requirements of Chinese and Shenzen Stock Exchange regulations. However, these cannot stand as the basis for censoring the record of this litigation in United States courts under United States law.

### III. CONCLUSION

Wherefore, for the reasons set forth above, it is respectfully submitted that the Court should issue a Rule to Show Cause requiring the Producing Parties, which includes Defendants and/or third-parties, to establish why the confidentiality designations to documents and deposition transcripts identified on Exhibit A should not be removed and the material unsealed. Absent such demonstration or acceptable redaction, the Court should deem each document unsealed.

Dated: October 9, 2018

Respectfully submitted,

By: */s/ Russ M. Herman*
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Charles King (La Bar No.34621) (on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Nicola F. Serianni (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

11

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ   07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:   (504) 522-2304
Fax:   (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:   (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

13

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 9th day of October, 2018.

                        <u>/s/ Leonard A. Davis</u>
                        Leonard A. Davis
                        HERMAN, HERMAN & KATZ, LLC
                        820 O'Keefe Avenue
                        New Orleans, Louisiana 70113
                        Phone: (504) 581-4892
                        Fax: (504) 561-6024
                        Ldavis@hhklawfirm.com
                        Plaintiffs' Liaison Counsel
                        MDL 2047

                        *Co-Counsel for Plaintiffs*