# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047<br><br>SECTION L<br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| THE MITCHELL COMPANY, INC., individually and on behalf of others similarly situated | Case No. 09-cv-4115 |
| Plaintiff, | |
| vs. | |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | |
| Defendants. | |

## TAISHAN'S REPLY IN SUPPORT OF MOTION FOR SUGGESTION OF REMAND

It is time for this case to go back to where The Mitchell Company filed it nine years ago. The Court's remand of Florida *Amorin* and Virginia *Amorin* signals that pretrial proceedings in this MDL have ended. But Mitchell's opposition fails even to acknowledge those remands, much less refute their clear meaning that this case also should return to the transferor court that Mitchell chose as the forum for its lawsuit.

Mitchell's own words set the stage for remand. Mitchell argues—and Taishan agrees—that "the key question before the Court is whether the Court perceives that its role under § 1407 has ended." (Mitchell Opposition [Rec. Doc. 21792] ("Opp.") at 2). In a case cited by Mitchell, the

1

JPML instructed that "[t]he transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended." *In re: Columbia/HCA Healthcare Corp. Qui Tam Litig. (No. II)*, 560 F. Supp. 2d 1349, 1350 (J.P.M.L. 2008). Here, the Court has twice given the JPML (and Mitchell) the clear indication that it perceives its statutory pre-trial role to have ended.

The Court should reject Mitchell's attempt to forum-shop its class-certification motion to this Court rather than the court that it originally chose for this case. Neither the law nor the facts support that improper result. ***First***, no legal principle requires this MDL Court to decide class certification. The JPML has recognized the appropriateness of letting transferor courts decide class certification motions after remand from an MDL court. *See In re Chrysler LLC 2.7 Liter V-6 Engine Oil Sludge Prod. Liab. Litig.*, 598 F. Supp. 2d 1372, 1373 (J.P.M.L. 2009) (permitting MDL courts to "suggest[] to the Panel that the Panel remand these actions to the transferor courts for class certification considerations").[1] And the JPML has specifically rejected a similar attempt to block remand based on the same argument that the transferee court should decide class certification. *See In re Light Cigarettes Marketing and Sales Practices Litig.*, 856 F. Supp. 2d 1330, 1331 (J.P.M.L. 2012).

***Second***, Mitchell ignores and misstates the facts that support remand. Mitchell ignores that, as described in Taishan's opening brief, this case has already benefitted from the "coordinated . . . pre-trial proceedings" described in 28 U.S.C. § 1407(a) by participating in jurisdictional discovery, motion practice and appeal in conjunction with three other actions, *Germano*, *Gross*, and *Wiltz*. But what Mitchell now wants to litigate—a motion to certify a homebuilder class and recover their

---

[1] Thus, Mitchell wrongly asserts that class-certification motions are "the type of pretrial proceeding the transferee court is best suited to decide." (Opp. at 4). Mitchell's sole citation for that proposition states merely that "[a]ny motion that could be heard in a transferor court can be heard by the transferee court." Herr, *Multidistrict Litigation Manual*, § 9:13 (2018).

2

alleged damages—has nothing to do with any other cases in this MDL, but is entirely case-specific. This case will not benefit from further MDL coordination because the issues raised for a Florida home*builder* are very different from the issues for the Louisiana home*owners* who remain in this Court. And the issues raised by a putative homebuilder class are very different from the issues considered for a property-owner class. Mitchell does not suggest otherwise.[2]

Mitchell misstates the record to rely on the 2015 damages-formula hearing and the Court's subsequent April 21, 2017 Order [Rec. Doc. 20741]. By the homeowner-plaintiffs own admission, that Order was property-specific and limited to "(1) a finding that the formulaic method used to calculate remediation damages [for property owners] is fair and reasonable, and (2) that the aggregate formulaic remediation damages *for properties on Ex. 79* proceed to claims processing for claims verification and set offs." (Levin/Herman Letter, dated Sept. 8, 2015 [Rec. Doc. 19490-2] at 2) (emphasis added). Because Mitchell's complaint alleges that "Plaintiff and the Class have sustained actual damages in that they have incurred the costs of repairing and replacing defective drywall and other components, and remediating consequent property damage, as well as the cost of the defective drywall," there will be no place for formulaic damages in any event because the homebuilders are not estimating their remediation and defense costs, but will have accounted for measurable costs for which they seek to be compensated. (Mitchell's Amended Complaint [Rec. Doc. 42] at ¶ 43).[3]

---

[2] Tellingly, Mitchell's Opposition never cites the Court's 2014 property-owner class certification order [Rec. Doc. 18028].

[3] Mitchell has also alleged other readily quantifiable damages beyond remediation costs, including "the costs of testing, repairing and replacing defective drywall and other components, remediation of consequent property damage, as well as resulting business disruption losses and diminished consumer confidence in Plaintiff's and Class members' business." (Am. Compl. at ¶ 53).

And contrary to Mitchell's representation, the Court did ***not*** consider or assess "evidence related to product identification." (Opp. at 3). That evidence is still being developed and will be considered by the various courts post-remand. To the extent that any information developed in the MDL may be helpful to homebuilders, that information is available for parties to use in the remand courts—including in the Northern District of Florida.

Thus, Mitchell's conclusory statement that it "would be prejudiced by a premature remand prior to determination of the class certification issue" is not true, and in any event, provides no basis for keeping this case in the MDL. (Opp. at 2). As the Court has recognized, "[a]t this point in the litigation, centralizing these cases has minimal benefit to parties." (Suggestion of Remand [Rec. Doc. 21242] at 10). It is time to remand *Mitchell* for case-specific proceedings and resolution.

## CONCLUSION

Plaintiffs chose to file this action in the Northern District of Florida. That court should preside over further case-specific proceedings now that pretrial proceedings have finished in this MDL. Taishan respectfully requests that this Court enter an order suggesting to the JPML that this case be remanded to the Northern District of Florida.

Respectfully submitted this 10th day of October 2018.

>/s Michael P. Kenny
>Bernard Taylor, Esq.
>Georgia Bar No. 669625
>Michael P. Kenny, Esq.
>Georgia Bar No. 415064
>Christina Hull Eikhoff, Esq.
>Georgia Bar No. 242539
>David Venderbush, Esq.
>New York Bar No. 2920817
>ALSTON & BIRD LLP
>1201 West Peachtree Street
>Atlanta, Georgia 30309

Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that the above Reply has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 10th day of October, 2018.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*