UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, et al., No. 2:13-cv-609 | JUDGE ELDON FALLON<br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSTRUE SETTLEMENT AGREEMENT AND DEFINE SCOPE OF REVIEW**

The issues raised in Plaintiffs' Motion to Construe Settlement Agreement and Define Scope of Review are both timely and germane to the ultimate resolution of the 16 unsettled already-remediated home claims, but the motion is not a specific challenge to Special Master Balhoff's recommendations. Plaintiffs seek clarification regarding this Court's interpretation of the agreed terms of the *Beane* Settlement Agreement[1] ("Contract") that Plaintiffs contend limits the authority and limits the options for this Court to act when specific, limited disputes arise.

Contract was an extension of the 2011 KPT Settlement Agreement (R. Doc. 12061-6) and was intended to adopt the terms of that settlement contract. In fact, the parties went so far as to state that "[c]apitalized terms not otherwise defined have the same meaning given to them in the Knauf Class Settlement." (R. Doc. 16978-1 at

---

[1] "SETTLEMENT AGREEMENT REGARDING POST-DECEMBER 9, 2011 CLAIMS AGAINST THE KNAUF DEFENDANTS IN MDL NO. 2047" (R. Doc. 16978-1)

footnote 1). And, where terms and definitions are unclear, the "[Contract] shall be governed by, and **construed** and enforced in accordance with the substantive laws of the State of Louisiana…" *See Contract* at 7 (emphasis added). The settling parties also agreed to provide this Court with, "the exclusive jurisdiction … for the purposes of administering, supervising, **construing** and enforcing the [Contract]." *Id.* at 6 (emphasis added). Therefore, the pending motion to construe is timely and relevant to the ultimate resolution of the remaining claims.

Plaintiffs' Motion to Construe seeks an order clarifying six issues, but the motion and memorandum should have included a seventh – waiver. In Section IV(D) of the Contract titled, "Claimants Not Covered By This Agreement," the Knauf Defendants were provided with the option of seeking a dismissal (without prejudice) of any filed claim where the owner failed to meet certain criteria, including failure "to make reasonable inquiry" regarding the potential presence of defective Knauf-made Chinese drywall. *Id.* at 4. It is the only alternative to settlement if the Knauf Defendants believe a plaintiff is not eligible to settle under the terms of the Contract. And it is only in the context of a motion to dismiss that the Knauf Defendants can offer evidence of a perceived failure to reasonably inquire, if any, as the basis of their motion. By engaging in the Special Master process regarding reimbursable self-remediation costs, Defendants moved beyond "reasonable inquiry" issue and it is Plaintiffs' position that Defendants' waived their ability to seek a dismissal without prejudice.

Waiver of the "reasonable inquiry" issue once engaging in the Special Master recommendation process is the only way the Contract can be construed that makes sense. Apart from the dismissal motion avenue for raising a "reasonable inquiry" challenge, the

agreement is silent. There are no terms in either the Contract or 2011 KPT Agreement that flesh out a process involving the Court and/or Special Master other than consideration of evidence limited to reimbursable costs of self-remediation. No process is defined by the parties in the Contract for evaluating whether a "reasonable inquiry" was conducted. There are no terms in either the Contract or the 2011 KPT to define the scope of review, define the evidentiary standard, define the burden of proof, or define any other issue that may impede Plaintiffs' right to seek full reimbursement of self-remediation costs. A motion to dismiss is the only option for the defendants to challenge the legitimacy of a claim they believe should be excluded.

Plaintiffs request consideration of this reply when construing the Contract.

Respectfully submitted by:

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Reply to Defendant Knauf's Opposition To Plaintiffs' Motion to Construe Settlement Agreement And Define Scope of Review has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of October, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC