UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>All Cases | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

## SUR-REPLY TO CLAIMANTS' REPLY TO DEFENDANTS' OPPOSITION TO CLAIMANTS' MOTION TO CONSTRUE SETTLEMENT AGREEMENT AND DEFINE SCOPE OF REVIEW

**MAY IT PLEASE THE COURT:**

**NOW COME** the Knauf Defendants,[1] who file this Sur-Reply to Claimants' Reply to Defendants' Opposition to Claimants' Motion to Construe Settlement Agreement and Define Scope of Review. On October 15, 2018, Claimants' filed a reply (R. Doc. 21849) in support of their Motion to Construe (R. Doc. 21805), asserting arguments not raised in their Motion to Construe and never before raised with the Special Master or this Court.[2] Further, as in their previous arguments, Claimants are plainly wrong as this Court has already determined that

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

[2] As set forth in the Knauf Defendants' Opposition to the Motion (R. Doc. 21827), Claimants' Motion was an inappropriate and untimely objection to the settlement agreements and the Special Master's Reports and Recommendations. In their reply, Claimants now admit that they are not specifically challenging the Special Master's Reports and Recommendations, but instead are seeking clarification. R. Doc. 21849 at p. 1 (Claimants' Reply).

Claimants to the New Claims Settlement Agreement[3] are subject to the objective reasonably inquiry standard and settlement benefits may be denied following a Special Master's Report and Recommendation. Finally, even if Claimants met or otherwise were not subject to the New Claims Settlement Agreements' reasonable inquiry standard, Claimants still cannot satisfy the requirements for ARH claims under the Knauf Class Settlement Agreement and the Protocol.[4] Therefore, the sixteen (16) ARH claims must be denied with full prejudice.

### A. The Court Should Not Consider Arguments First Raised in Claimants' Reply.

In their reply and for the first time ever, Claimants assert that the Knauf Defendants waived their ability to argue that Claimants are barred under the New Claims Settlement Agreement's "reasonable inquiry" standard, and therefore, Claimants may seek ARH benefits under the Knauf Class Settlement Agreement and the Protocol.[5] As stated, this is the first time the waiver issue/argument was raised by Claimants despite numerous opportunities with the Court and the Special Master. Courts in the Fifth Circuit and Judges in the Eastern District of Louisiana have routinely denied considering arguments raised for the first time in a reply.[6] The same should apply here. Claimants could have raised this issue with the Court, the Special

---

[3] R. Doc. 16978-1 (*Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047*).

[4] R. Doc. 16407-3 at p. 4 (*Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047*; R. Doc. 12061-6 at p. 3 (Already Remediated Properties Protocol - Exhibit A to the *Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047*.

[5] R. Doc. 21849 at p. 2 (Claimants' Reply).

[6] *See, e.g.*, *Williams v. Williams*, No. CV 16-794, 2017 WL 2634202, at *2 (E.D. La. June 19, 2017) (Milazzo, J.) (denying consideration of new arguments/issues raised for first time in reply brief); *Johnson v. ADM Milling Co.*, No. CV 16-7272, 2016 WL 7425302, at *1 (E.D. La. Dec. 23, 2016) (denying arguments raised for first time in reply brief) (Zainey, J.); *Eitzen Bulk A/S v. Capex Indus.*, Ltd., No. 10-395, 2010 WL 5141257, at *3 (E.D. La. Dec. 13, 2010) (Berrigan, J.) (determining that the Court would not consider new arguments regarding the res judicata effect of a prior action because they were raised for the first time in a reply brief); *Cooper v. Faith Shipping*, No. 06-892, 2008 WL 5082890, at *4 (E.D. La. Nov. 25, 2008) (Vance, J.) (declining to consider new arguments presented for the first time in a reply brief). *See also Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745–46 (E.D. La. 2012) (Roby, Mag.) ("Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a reply brief.").

Master, or in their Motion to Construe. However, Claimants failed to timely raise the argument and only now seek to have it considered under the guise of a Motion to Construe that does not "challenge" the Special Master's Reports and Recommendations, but instead seeks "clarification."[7] The Court should not consider these new arguments because it would be fundamentally unfair and would only encourage a never-ending parade of sur-replies and supplements.[8] Therefore, the Court need not and should not consider the arguments raised for the first time in reply.

**B. The Court has Already Determined that Claimants are Subject to the New Claims Settlement Agreement and Has Previously Denied Settlement Claims from A Special Master's Report and Recommendation.**

As set forth by the Knauf Defendants in their submissions to the Special Master and in their Opposition to the Motion to Construe (R. Doc. 21827), this Court has already determined that Claimants subject to the New Claims Settlement Agreement are required to meet the "objective 'reasonable inquiry' standard" in determining whether they qualify for benefits.[9] Furthermore, this Court has already denied settlement claims and affirmed Special Master Reports and Recommendations where the Special Master concluded that Claimants failed to conduct a reasonable inquiry.[10]

**C. Claimants Still Cannot Satisfy Requirements of the Knauf Class Settlement Agreement and the Protocol as ARH Claimants.**

As set forth in the Knauf Defendants' submissions to the Special Master, the Special Master's Reports and Recommendations, and the Knauf Defendants' Opposition to the Motion to

---

[7] R. Doc. 21849 at p. 1 (Claimants' Reply) (admitting that they are not specifically challenging the Special Master's Reports and Recommendations, but instead are seeking clarification).

[8] *See Johnson*, No. CV 16-7272, 2016 WL 7425302, at *1 (E.D. La. Dec. 23, 2016) (denying arguments raised for first time in reply brief based on fundamental fairness and to not encourage never-ending sur-replies and supplements) (Zainey, J.).

[9] R. Doc. 20934 at p. 5 (Order and Reasons regarding Claimant's Objection and Motion for Reconsideration of Special Master's Opinion) (denying Motion to Reconsider Special Master's Report and Recommendation based on the reasonable inquiry standard).

[10] *Id*.

Construe, even if Claimants are not subject to the "reasonable inquiry" standard in the New Claims Settlement Agreement, Claimants must be denied settlement benefits under the Knauf Class Settlement and the Protocol because they failed to comply with those requirements, particularly the requirement to preserve and present evidence pursuant to PTO 1(B). Therefore, the ARH settlement claims should be denied with full prejudice.

        Respectfully submitted,

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, PC**

        */s/ Kerry J. Miller*
        **KERRY J. MILLER (#24562), T.A.**
        **DANIEL J. DYSART (#33812)**
        201 St. Charles Avenue, Suite 3600
        New Orleans, LA  70170
        Telephone:(504) 566-8646
        Facsimile: (504) 585-6946
        Email:    kjmiller@bakerdonelson.com

        ***Counsel for The Knauf Defendants***

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 15th day of October, 2018, the above and foregoing has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

        */s/ Kerry J. Miller*
        **KERRY J. MILLER**