## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** **SECTION "L"** |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* **Case No. 14-cv-2722** | **JUDGE ELDON FALLON** **MAGISTRATE JOSEPH WILKINSON, JR.** |

## KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIFTH AMENDED CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come defendant, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), who answers Plaintiffs' Fifth Amended Class Action Complaint (the "Complaint") as follows:

### JURISDICTION, PARTIES, AND VENUE

1.      KPT admits the allegations of Paragraph 1 of the Complaint.

2.      KPT admits the allegations of Paragraph 2 of the Complaint.

### PLAINTIFFS

3.      The allegations of Paragraph 3 of the Complaint do not require a response from KPT.  To the extent an answer is required, KPT denies the allegations of Paragraph 3 of the Complaint.

4.      KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint. To the extent that the allegations of Paragraph 4

are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 4 are directed to KPT, the allegations are denied.

5.      KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint. To the extent that the allegations of Paragraph 5 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 5 are directed to KPT, the allegations are denied.

6.      KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint. To the extent that the allegations of Paragraph 6 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 6 are directed to KPT, the allegations are denied.

## **DEFENDANTS**

7.      To the extent that the allegations of Paragraph 7 are not directed to KPT, no response is required. To the extent that the allegations of Paragraph 7 are directed to KPT, the allegations are denied except to admit that KPT is a citizen of China.

8.      The allegations of Paragraph 8 of the Complaint are not directed at KPT, and therefore require no response.  To the extent an answer is required, KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9.      To the extent that the allegations of Paragraph 9 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 9 are directed to KPT, the allegations are denied.

4845-4022-9753v2
2930673-000008 10/18/2018

10.     To the extent that the allegations of Paragraph 10 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 10 are directed to KPT, the allegations are denied.

11.     To the extent that the allegations of Paragraph 11 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 11 are directed to KPT, the allegations are denied.

12.     To the extent that the allegations of Paragraph 12 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 12 are directed to KPT, the allegations are denied.

13.     To the extent that the allegations of Paragraph 13 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 13 are directed to KPT, the allegations are denied.

14.     To the extent that the allegations of Paragraph 14 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 14 are directed to KPT, the allegations are denied.

15.     To the extent that the allegations of Paragraph 15 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 15 are directed to KPT, the allegations are denied.

16.     KPT denies the allegations of Paragraph 16 of the Complaint, except admit to that KPT is a foreign manufacturer and distributer of gypsum drywall.

17.     KPT denies the allegations of Paragraph 17 of the Complaint, except admit to that KPT is a foreign manufacturer and distributer of gypsum drywall.

4845-4022-9753v2
2930673-000008 10/18/2018

18. KPT denies the allegations of Paragraph 18 of the Complaint, except to admit that KPT is a foreign manufacturer and distributer of gypsum drywall and that KPT drywall is distributed in the United States.

19. To the extent that the allegations of Paragraph 19 are not directed to KPT, no response is required. To the extent that the allegations of Paragraph 19 are directed to KPT, the allegations are denied.

20. To the extent that the allegations of Paragraph 20 are not directed to KPT, no response is required. To the extent that the allegations of Paragraph 20 are directed to KPT, the allegations are denied.

21. To the extent that the allegations of Paragraph 21 are not directed to KPT, no response is required. To the extent that the allegations of Paragraph 21 are directed to KPT, the allegations are denied.

## GENERAL ALLEGATIONS

22. To the extent that the allegations of Paragraph 22 are not directed to KPT, no response is required. To the extent that the allegations of Paragraph 22 are directed to KPT, the allegations are admitted as substantially correct.

23. To the extent that the allegations of Paragraph 23 are not directed to KPT, no response is required. To the extent that the allegations of Paragraph 23 are directed to KPT, the allegations are denied except to admit that KPT manufactures and distributes drywall that contains gypsum.

24. KPT denies the allegations contained in Paragraph 24 of the Complaint.

25. KPT denies the allegations contained in Paragraph 25 of the Complaint.

26. KPT denies the allegations contained in Paragraph 26 of the Complaint.

27.     KPT denies the allegations contained in Paragraph 27 of the Complaint.

28.     KPT denies the allegations contained in Paragraph 28 of the Complaint.

29.     KPT denies the allegations contained in Paragraph 29 of the Complaint.

30.     KPT denies the allegations contained in Paragraph 30 of the Complaint.

31.     KPT denies the allegations contained in Paragraph 31 of the Complaint.

32.     KPT denies the allegations contained in Paragraph 32 of the Complaint.

33.     KPT denies the allegations contained in Paragraph 33 of the Complaint.

## CLASS ACTION ALLEGATIONS

34.     The allegations contained in Paragraph 34 of the Complaint require no response. To the extent that a response is required, KPT denies the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint require no response. To the extent that a response is required, KPT denies the allegations contained in Paragraph 35 of the Complaint.

36.     KPT denies the allegations contained in Paragraph 36 of the Complaint.

37.     KPT denies the allegations contained in Paragraph 37 of the Complaint, including all subparts.

38.      KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint. To the extent that the allegations of Paragraph 38 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 38 are directed to KPT, the allegations are denied.

39.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

Page **5** of **23**

40.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint assert legal conclusions, to which no response is required.  To the extent that a response is required, the allegations of Paragraph 41 of the Complaint are denied.

42.     The allegations contained in Paragraph 42 of the Complaint assert legal conclusions, to which no response is required.  To the extent that a response is required, the allegations of Paragraph 42 of the Complaint are denied.

43.     The allegations contained in Paragraph 43 of the Complaint assert legal conclusions, to which no response is required.  To the extent that a response is required, the allegations of Paragraph 43 of the Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Complaint assert legal conclusions, to which no response is required.  To the extent that a response is required, the allegations of Paragraph 44 of the Complaint are denied.

## <u>COUNT I</u>
## NEGLIGENCE

45.     KPT repeats and realleges its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     KPT denies the allegations contained in Paragraph 46 of the Complaint.

47.     KPT denies the allegations contained in Paragraph 47 of the Complaint.

48.     KPT denies the allegations contained in paragraph 48 of the Complaint.

49.     KPT denies the allegations contained in paragraph 49 of the Complaint.

50.     KPT denies the allegations contained in Paragraph 50 of the Complaint.

51.     KPT denies the allegations contained in Paragraph 51 of the Complaint.

52.    KPT denies the allegations contained in Paragraph 52 of the Complaint.

## COUNT II
## PER SE NEGLIGENCE

53.    KPT repeats and realleges its responses to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

54.    KPT denies the allegations contained in Paragraph 54 of the Complaint.

55.    KPT denies the allegations contained in Paragraph 55 of the Complaint.

56.    KPT denies the allegations contained in Paragraph 56 of the Complaint.

57.    KPT denies the allegations contained in Paragraph 57 of the Complaint.

58.    KPT denies the allegations contained in Paragraph 58 of the Complaint.

59.    KPT denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT III
## STRICT LIABILITY

60.    KPT repeats and realleges its responses to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.    KPT denies the allegations contained in Paragraph 61 of the Complaint.

62.    KPT denies the allegations contained in Paragraph 62 of the Complaint.

63.    KPT denies the allegations contained in Paragraph 63 of the Complaint.

64.    KPT denies the allegations contained in Paragraph 64 of the Complaint.

65.    KPT denies the allegations contained in Paragraph 65 of the Complaint.

66.    KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint.

67.    KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint

4845-4022-9753v2
2930673-000008 10/18/2018

68.    KPT denies the allegations contained in Paragraph 68 of the Complaint.

69.    KPT denies the allegations contained in Paragraph 69 of the Complaint.

70.    KPT denies the allegations contained in Paragraph 70 of the Complaint.

71.    KPT denies the allegations contained in Paragraph 71 of the Complaint.

72.    KPT denies the allegations contained in Paragraph 72 of the Complaint.

73.    KPT denies the allegations contained in Paragraph 73 of the Complaint.

74.    KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint

75.    KPT denies the allegations contained in Paragraph 75 of the Complaint.

76.    KPT denies the allegations contained in Paragraph 76 of the Complaint.

77.    KPT denies the allegations contained in Paragraph 77 of the Complaint.

## COUNT IV
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

78.    KPT repeats and realleges its responses to Paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79.    KPT denies the allegations contained in Paragraph 79 of the Complaint.

80.    KPT denies the allegations contained in Paragraph 80 of the Complaint.

81.    KPT denies the allegations contained in Paragraph 81 of the Complaint.

82.    KPT denies the allegations contained in Paragraph 82 of the Complaint.

83.    KPT denies the allegations contained in Paragraph 83 of the Complaint.

84.    KPT denies the allegations contained in Paragraph 84 of the Complaint.

85.    KPT denies the allegations contained in Paragraph 85 of the Complaint.

4845-4022-9753v2
2930673-000008 10/18/2018

## COUNT V
### REDHIBITION
#### (By Louisiana Plaintiffs Against Defendants)

86.    KPT repeats and realleges its responses to Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87.    KPT denies the allegations contained in Paragraph 87 of the Complaint.

88.    KPT denies the allegations contained in Paragraph 88 of the Complaint.

89.    KPT denies the allegations contained in Paragraph 89 of the Complaint.

90.    KPT denies the allegations contained in Paragraph 90 of the Complaint.

91.    KPT denies the allegations contained in Paragraph 91 of the Complaint.

92.    KPT denies the allegations contained in Paragraph 92 of the Complaint.

93.    KPT denies the allegations contained in Paragraph 93 of the Complaint.

94.    KPT denies the allegations contained in Paragraph 94 of the Complaint.

95.    The allegations contained in Paragraph 95 of the Complaint are not directed at KPT, and therefore no response is required.  To the extent that a response is required, the allegations of Paragraph 95 of the Complaint are denied.

## COUNT VI
### LOUISIANA PRODUCTS LIABILITY

96.    KPT repeats and realleges its responses to Paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.    KPT denies the allegations contained in Paragraph 97 of the Complaint.

98.    The allegations contained in Paragraph 98 of the Complaint are not directed at KPT, and therefore no response is required.  To the extent that a response is required, the allegations of Paragraph 98 of the Complaint are denied.

99.    KPT denies the allegations contained in Paragraph 99 of the Complaint.

4845-4022-9753v2
2930673-000008 10/18/2018

100.    KPT denies the allegations contained in Paragraph 100 of the Complaint.

101.    KPT denies the allegations contained in Paragraph 101 of the Complaint.

102.    KPT denies the allegations contained in Paragraph 102 of the Complaint.

103.    KPT denies the allegations contained in Paragraph 103 of the Complaint.

104.    KPT denies the allegations contained in Paragraph 104 of the Complaint.

105.    KPT denies the allegations contained in Paragraph 105 of the Complaint.

106.    KPT denies the allegations contained in Paragraph 106 of the Complaint.

107.    KPT denies the allegations contained in Paragraph 107 of the Complaint.

108.    KPT denies the allegations contained in Paragraph 108 of the Complaint.

## COUNT VII
## PRIVATE NUISANCE

109.    KPT repeats and realleges its responses to Paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110.    KPT denies the allegations contained in Paragraph 110 of the Complaint.

111.    KPT denies the allegations contained in Paragraph 111 of the Complaint.

112.    KPT denies the allegations contained in Paragraph 112 of the Complaint.

113.    KPT denies the allegations contained in Paragraph 113 of the Complaint.

114.    KPT denies the allegations contained in Paragraph 114 of the Complaint.

115.    KPT denies the allegations contained in Paragraph 115 of the Complaint.

## COUNT VIII
## NEGLIGENT DISCHARGE OF A CORROSIVE SUBSTANCE

116.    KPT repeats and realleges its responses to Paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117.    KPT denies the allegations contained in Paragraph 116 of the Complaint.

4845-4022-9753v2
2930673-000008 10/18/2018

118.   KPT denies the allegations contained in Paragraph 117 of the Complaint.

119.   KPT denies the allegations contained in Paragraph 118 of the Complaint.

120.   KPT denies the allegations contained in Paragraph 119 of the Complaint.

121.   KPT denies the allegations contained in Paragraph 120 of the Complaint.

122.   KPT denies the allegations contained in Paragraph 121 of the Complaint.

## COUNT IX
## UNJUST ENRICHMENT

123.   KPT repeats and realleges its responses to Paragraphs 1 through 122 of the Complaint as if fully set forth herein.

124.   KPT denies the allegations contained in Paragraph 124 of the Complaint.

125.   KPT denies the allegations contained in Paragraph 125 of the Complaint.

126.   KPT denies the allegations contained in Paragraph 126 of the Complaint.

## COUNT X
## VIOLATION OF CONSUMER PROTECTIONAL (sic) ACTS

127.   KPT repeats and realleges its responses to Paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.   The allegations contained in Paragraph 128 of the Complaint do not require a response.  To the extent that a response is required, the allegations contained in Paragraph 128 of the Complaint are denied.

129.   KPT denies the allegations contained in Paragraph 129 of the Complaint.

130.   KPT denies the allegations contained in Paragraph 130 of the Complaint.

131.   KPT denies the allegations contained in Paragraph 131 of the Complaint.

4845-4022-9753v2
2930673-000008 10/18/2018

## COUNT XI
## EQUITABLE AND INJUNCTIVE RELIEF AND MEDICAL MONITORING

132.    KPT repeats and realleges its responses to Paragraphs 1 through 131 of the Complaint as if fully set forth herein.

133.    KPT denies the allegations contained in Paragraph 133 of the Complaint.

134.    KPT denies the allegations contained in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 of the Complaint do not require a response.  To the extent that a response is required, the allegations contained in Paragraph 135 of the Complaint are denied.

136.    KPT denies the allegations contained in Paragraph 136 of the Complaint.

137.    KPT denies the allegations contained in Paragraph 137 of the Complaint.

138.    KPT denies the allegations contained in Paragraph 138 of the Complaint.

139.    KPT denies the allegations contained in Paragraph 139 of the Complaint.

140.    KPT denies the allegations contained in Paragraph 140 of the Complaint.

141.    KPT denies the allegations contained in Paragraph 141 of the Complaint.

142.    KPT denies the allegations contained in Paragraph 142 of the Complaint.

143.    KPT denies the allegations contained in Paragraph 143 of the Complaint.

144.    KPT denies the allegations contained in Paragraph 144 of the Complaint.

## PRAYER FOR RELIEF

The allegations contained in unnumbered "Prayer for Relief" paragraph and subparts do not require a response.  To the extent that a response is required, the allegations contained in the "Prayer for Relief" are denied.

4845-4022-9753v2
2930673-000008 10/18/2018

## DEMAND FOR JURY TRIAL

The allegations contained in the unnumbered "Demand for Jury Trial" paragraph are not directed at KPT, and therefore an answer is not required. To the extent an answer is required, KPT is without knowledge sufficient to form a belief as to the allegations in the paragraph and therefore denies the allegations contained in the paragraph.

## GENERAL DENIAL

KPT denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiffs' Complaint that has not been expressly admitted above. KPT further denies any liability and denies that Plaintiffs are entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, KPT does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have been misjoined.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

KPT did not make any express or implied warranties to Plaintiffs nor did KPT breach any express or implied warranties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to KPT.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with KPT.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Mississippi Consumer Protection Statute because, under Miss. Code Ann. § 75-4-15(2), to bring a private action, a plaintiff must

4845-4022-9753v2
2930673-000008 10/18/2018

first have attempted to resolve the matter through an informal dispute resolution program approved by the Attorney General, which Plaintiffs have not done.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Louisiana and Mississippi Consumer Protection Statutes because, under La. Rev. Stat. Ann. § 1409 and Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute, because class actions for money damages are prohibited under Ala. Code § 8-19-10(f).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Alabama Consumer Protection Statute because venue is proper only in the county where the causes of action for residents of that state accrued and/or where the defendant has a principal place of business or conducts business.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Louisiana because KPT did not use any "unfair or deceptive method, act or practice" as required by La. Rev. Stat. Ann. § 1409.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because they failed to provide written notice to KPT as required by Tex. Bus. & Comm. Code § 17.505.

4845-4022-9753v2
2930673-000008 10/18/2018

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because KPT did act with the "intent to deceive," as required by Tex. Bus. & Com. Code § 17.46.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Texas because KPT did not engage in any form of unfair, unconscionable or deceptive acts or practices to induce Plaintiffs, or any other person, to purchase drywall, as required by Tex. Bus. & Com. Code § 17.46.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Consumer Protection Statute of Alabama because KPT did not act "knowingly," as required by Ala. Code. §§ 8-19-3(4), -13.

## TWENTIETH AFFIRMATIVE DEFENSE

KPT did not engage in any intentional or negligent misconduct. However, to the extent that Plaintiffs assert claims for negligence, Plaintiffs cannot recover on their claims under the Consumer Protection Statutes of Florida, Fla. Stat. Ann. § 501.207(4) and Texas, Tex. Bus. & Com. Code § 17.506, which provide that if the alleged conduct was the result of bona fide error, liability under the statutes is precluded completely or damages limited.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by KPT in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

4845-4022-9753v2
2930673-000008 10/18/2018

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of KPT's drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom KPT had no control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, KPT is entitled to a credit and set-off in the amount of such settlements.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

KPT breached no duty or obligation to Plaintiffs, whether arising by law, contract, or otherwise, on the premises of Plaintiffs' pleadings.

4845-4022-9753v2
2930673-000008 10/18/2018

## TWENTY-NINTH AFFIRMATIVE DEFENSE

KPT denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of KPT, or at the instruction or subject to the control of KPT, and therefore KPT is not liable for any acts or omissions of such third parties as a matter of law.

## THIRTIETH AFFIRMATIVE DEFENSE

KPT did not participate in, authorize, ratify, or benefit from any alleged wrongful acts that are asserted in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against KPT are barred to the extent that KPT did not manufacture or market the drywall installed in their properties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of KPT's home jurisdiction and are contrary to the public policy of KPT's home jurisdiction.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

KPT's liability, if any, for damages is several rather than joint, and should be prorated.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws and are contrary to the public policy of KPT's home jurisdiction.

4845-4022-9753v2
2930673-000008 10/18/2018

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of KPT's home jurisdiction.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws Plaintiffs seek relief.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any costs of this proceeding, nor are they entitled to any compensatory damages, pre- or post-judgment interests, injunctive relief, statutory penalties, or attorneys' fees.

### FORTIETH AFFIRMATIVE DEFENSE

KPT engaged in no conduct and committed no act or omission, either directly or indirectly, that was or could have been the direct, legal, and/or proximate cause of any loss, damage, or injury to Plaintiffs or any of them.

### FORTY-FIRST AFFIRMATIVE DEFENSE

KPT fully, properly, and faithfully performed any and all such duties or obligations in good faith and in a manner otherwise consistent with the law; with any and all pertinent agreements, undertakings, and/or releases relevant to the transactions, circumstances, and/or occurrences at issue; and otherwise acted in accordance with all applicable custom and practice.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own neglect and/or fault.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are the proximate and legal result of pre-existing health problems, conditions, and/or impairments and are not attributable to any intervening or supervening act, omission, or other conduct on the part of KPT or any other person or entity for which KPT is responsible.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The claims and allegations of the Plaintiffs are barred, in whole or in part, to the extent that the damages alleged were caused by the contributing and/or comparative fault, negligence, strict liability, or other fault of the Plaintiffs or third parties for which KPT is not liable.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are speculative, uncertain, contingent, and/or premature.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited by the respective state laws of Louisiana, Mississippi, Alabama, Texas, and Florida which prohibit Plaintiffs from bringing their claims as alleged.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

KPT denies that Plaintiffs were injured by its conduct and/or any product manufactured, distributed, or supplied by it and calls for strict proof thereof.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

KPT affirmatively alleges and avers that there was no causal connection between KPT and any product allegedly manufactured or sold by it to any alleged injuries sustained by

Plaintiffs, such causal connection being remote, indefinite, and speculative, and as a result thereof, the Complaint should be dismissed as to KPT.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The claims and damages asserted by Plaintiffs are limited and/or barred by the Louisiana Products Liability Act (the "LPLA"), which provides the exclusive remedies available against KPT, if any.  La. R. S. § 9:2800.52, et. seq.

## FIFTIETH AFFIRMATIVE DEFENSE

KPT specifically pleads, to the extent applicable, all defenses available under the LPLA, including but not limited to Plaintiffs' failure to establish each element required by La. R.S. § 9:2800.54.  KPT specifically avers that Plaintiffs' damages, if any, were not proximately caused by a characteristic of the product that renders the product unreasonably dangerous, and that such damages, if any, did not arise from a reasonably anticipated use of the product by the claimant or another person or entity.  KPT further specifically pleads that no characteristic of the product at issue was unreasonably dangerous at the time the product left the control of KPT or results from a reasonably anticipated alteration or modification of the product.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to the spoliation of evidence.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

KPT affirmatively alleges and avers that it is not the agent or apparent agent of any other Knauf entity.

4845-4022-9753v2
2930673-000008 10/18/2018

## FIFTY-THIRD AFFIRMATIVE DEFENSE

KPT gives notice that it intends to rely upon such other defenses as may become available  or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and are barred for failure to fully comply with the Hague Convention on Service Abroad of Judicial and Extra-Judicial documents in Civil and Commercial Matters.  Fed. R. Civ. P. 4; Fed. R. Civ. P. 12(b)(4)-(5).

**WHEREFORE**, KPT denies that Plaintiffs are entitled to any of the relief requested in the Complaint.  Accordingly, KPT requests that the Complaint be dismissed with prejudice, and that KPT be awarded costs and fees incurred in this action.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:     (504) 566-8646
Facsimile:     (504) 585-6946
Email:          kjmiller@bakerdonelson.com
Email:          ddysart@bakerdonelson.com

*Counsel for Defendant,
Knauf Plasterboard (Tianjin) Co., Ltd.*

4845-4022-9753v2
2930673-000008 10/18/2018

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this the 19th day of October, 2018.

/s/   *Kerry J. Miller*

**KERRY J. MILLER**