UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' OPPOSITION TO KNAUF GIPS KG'S PROPOSED CASE MANAGEMENT ORDER AND PLAINTIFF FACT SHEET**

**COME NOW** Plaintiffs, by and through the undersigned counsel of record, to oppose Defendant Knauf Gips, KG's Proposed Case Management Order and Proposed Plaintiff Fact Sheet. As grounds, Plaintiffs offer the following:

1. Notice of service of Defendant Knauf Plasterboard Tianjin Company, Ltd. in conformity with the Hague Convention On The Service Abroad Of Judicial and Extrajudicial Documents Treaty ("Hague Treaty") was provided to this Court on October 18, 2018. Proof of service of Knauf Gips, KG, in conformity with the Hague Treaty was previously provided to this Court on or about June 6, 2016.

2. Knauf Plasterboard Tianjin Company, Ltd. filed its Answer to the Complaint on October 19, 2018, one day after proof of service was provided to this Court.

3. Both Knauf Defendants are now being represented by the same counsel.

4. Defendant Knauf Gips, KG submitted a proposed case management order and proposed plaintiff fact sheet to the Court on October 25, 2018, without any consultation with the undersigned counsel for Plaintiffs. Such a submission is a violation of the Federal Rules of Civil Procedure.

5. Rule 26(f) of the Federal Rules of Civil Procedure, titled "Conference Of The Parties; Planning For Discovery," compels the parties to confer before a scheduling conference or a scheduling order is due under Rule 16(b). Prior to their submission, Counsel for the Knauf Defendants made no attempt to contact the undersigned counsel to discuss either of their proposals. Instead, Counsel for Defendants filed their proposals on the eve of the Court's most recent status conference held in chambers on October 26, 2018.

6. Plaintiffs oppose all provisions contained in the case management order drafted by the Knauf Defendants. Nothing contained in their proposal is fair to plaintiffs and much of it will only serve to delay the ultimate remand of this case for trial.

7. Plaintiffs also oppose Defendants' proposed plaintiff fact sheet in its entirety. This document is an attempt to circumvent the discovery limits contained in the Federal Rules of Civil Procedure.

8. Each named Plaintiff has completed both a Plaintiff Profile Form and a Supplemental Plaintiff Profile Form. And, as this Court is aware, the completed profile forms have been uploaded to Brown Greer' secure web portal and made available to Defendants.

9. Additionally, Plaintiffs have provided Defendants with KPT indicia, inspection reports and cash sale/ warranty deeds for nearly all plaintiffs.

10. The Plaintiff Profile Form required by this Court contains ten (10) sections, with over sixty (60) discrete questions or subparts.

11. The Supplemental Plaintiff Profile Form contains nine (9) sections, with over eighty (80) discrete questions or subparts.

12. Rule 33 of the Federal Rules of Civil Procedure limits the number of interrogatories that a party may serve on any other party to no more than 25 written interrogatories. Clearly, the PPF and SPPF, when considered either individually or in tandem, exceed the limits of Rule 33.

13. Defendants have cleverly compiled a third set of interrogatories and labeled it this time as a "plaintiff fact sheet." Plaintiffs oppose any effort by the Defendants to take a third bite at the apple. It's time to move this litigation towards either trial or resolution of claims.

14. Redundant discovery requests in the form proposed by the Knauf Defendants will not move this case forward in any meaningful way for the vast

majority of Plaintiffs who have owned their affected properties since 2010 or earlier.

15. It is the Plaintiffs' position that the Court should order the parties to confer regarding the necessary discovery as required by Rule 26(f) and the Court should deny the Knauf Defendants' request for a plaintiff fact sheet.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request a ruling by this Honorable Court denying the Defendants' request to impose a plaintiff fact sheet and request a ruling that orders the parties to confer and submit a joint report in conformity with Rule 26(f).

DATED: November 5, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Opposition to Knauf Gips, KG's Proposed Case Management Order and Plaintiff Fact Sheet has been served on Plaintiffs' Liaision Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 5th day of November, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC