## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** <br><br> **SECTION "L"** |
| **This document relates to:** <br><br> *Greg & Meredith Descher et al v. Knauf GIPS KG, et al* <br><br> **Case No. 17-cv-17500** | **JUDGE ELDON FALLON** <br><br> **MAGISTRATE JOSEPH WILKINSON, JR.** |

### KNAUF PLASTERBOARD (TIANJIN) CO., LTD.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come defendant, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), who answers Plaintiffs' Amended Class Action Complaint (the "Complaint") as follows:

### INTRODUCTION

1.      The allegations of Paragraph 1 of the Complaint do not require a response from KPT.  To the extent an answer is required, KPT denies the allegations of Paragraph 1 of the Complaint.

2.      To the extent the allegations of Paragraph 2 of the Complaint are directed at KPT, those allegations are denied.

## THE PARTIES

3.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint. To the extent that the allegations of Paragraph 5 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 4 are directed to KPT, the allegations are denied.

6.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.  To the extent that the allegations of Paragraph 6 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 5 are directed to KPT, the allegations are denied.

7.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.  To the extent that the allegations of Paragraph 7 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 7 are directed to KPT, the allegations are denied, except to admit that KPT is a foreign manufacturer and distributer of gypsum drywall and that KPT drywall is distributed in the United States.

8.     To the extent that the allegations of Paragraph 8 are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 8 are directed to KPT, the allegations are denied, except to admit that KPT is a citizen of China and a foreign manufacturer and distributer of gypsum drywall and that KPT drywall is distributed in the United States.

Page **2** of **18**

9.      The allegations of Paragraph 9 of the Complaint are not directed at KPT, and therefore require no response.  To the extent an answer is required, KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

## JURISDICTION and VENUE

10.     KPT repeats and realleges its responses to Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11.     KPT admits the allegations of Paragraph 10 of the Complaint.

12.     KPT admits the allegations of Paragraph 11 of the Complaint.

13.     KPT denies the allegations of Paragraph 12 of the Complaint, except to admit that this Court has personal jurisdiction over it.

## FACTS

14.     KPT repeats and realleges its responses to Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.     To the extent that the allegations of Paragraph 15 of the Complaint are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 15 are directed to KPT, the allegations are denied.

16.     To the extent that the allegations of Paragraph 16 of the Complaint are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 16 are directed to KPT, the allegations are denied.

## GENERAL ALLEGATIONS

17.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

Page **3** of **18**

18.     To the extent the allegations of Paragraph 18 of the Complaint are not directed to KPT, no response is required.  To the extent that the allegations of Paragraph 18 are directed to KPT, the allegations are denied.

19.     KPT denies the allegations of Paragraph 19 of the Complaint.

20.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.     KPT denies the allegations of Paragraph 22 of the Complaint.

23.     KPT denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.     KPT denies the allegations of Paragraph 24 of the Complaint.

25.     KPT denies the allegations of Paragraph 25 of the Complaint.

26.     KPT denies the allegations of Paragraph 26 of the Complaint.

## CLASS ACTION ALLEGATIONS

27.     The allegations of Paragraph 27 of the Complaint, including all subparts, require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 27 of the Complaint, including all subparts.

28.     The allegations of Paragraph 28 of the Complaint require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 28 of the Complaint.

29.     The allegations of Paragraph 29 of the Complaint, including all subparts, require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 29 of the Complaint, including all subparts.

4819-1360-6522v3
2930673-000008 11/06/2018

30.     The allegations of Paragraph 30 of the Complaint require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 30 of the Complaint..

31.     The allegations of Paragraph 31 of the Complaint require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 31 of the Complaint.

32.     The allegations of Paragraph 32 of the Complaint require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 32 of the Complaint.

## EQUITABLE TOLLING OF THE APPLICABLE STATUTES OF LIMITATIONS

33.     KPT denies the allegations of Paragraph 33 of the Complaint.

34.     KPT denies the allegations of Paragraph 34 of the Complaint.

35.     KPT denies the allegations of Paragraph 35 of the Complaint.

36.     To the extent the allegations of Paragraph 36 of the Complaint are not directed at KPT, no response is required.  To the extent the allegations are directed to KPT, KPT denies the allegations of Paragraph 36 and specifically denies that it was engaged in any wrongdoing.

## COUNT I
## VICARIOUS LIABILITY
## (Against Defendant Knauf Gips)

37.     KPT repeats and realleges its responses to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     The allegations of Paragraph 38 of the Complaint require no response.  To the extent that a response is required, KPT denies the allegations of Paragraph 38 of the Complaint.

39.     KPT denies the allegations of Paragraph 39 of the Complaint.

40.     KPT denies the allegations of Paragraph 40 of the Complaint.

41.     KPT denies the allegations of Paragraph 41 of the Complaint.

42.     KPT denies the allegations of Paragraph 42 of the Complaint.

4819-1360-6522v3
2930673-000008 11/06/2018

43.     KPT denies the allegations of Paragraph 43 of the Complaint.

44.     KPT denies the allegations of Paragraph 44 of the Complaint.

**COUNT II**
**NEGLIGENCE AND NEGLIGENCE *PER SE***
**(Against Defendants Knauf Gips and Knauf Tianjin)**

45.     KPT repeats and realleges its responses to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     KPT denies the allegations of Paragraph 46 of the Complaint.

47.     KPT denies the allegations of Paragraph 47 of the Complaint as if fully set forth herein.

48.     KPT denies the allegations of Paragraph 48 of the Complaint, including all subparts.

49.     KPT denies the allegations of Paragraph 49 of the Complaint, including all subparts.

50.     KPT denies the allegations of paragraph 50 of the Complaint.

51.     KPT denies the allegations of paragraph 51 of the Complaint.

52.     KPT denies the allegations of Paragraph 52 of the Complaint.

53.     KPT denies the allegations of Paragraph 53 of the Complaint.

54.     KPT denies the allegations of Paragraph 54 of the Complaint.

55.     KPT denies the allegations of Paragraph 55 of the Complaint.

**COUNT III**
**STRICT PRODUCTS LIABILITY**
**(Against Defendant Knauf Gips and Knaud Tianjin)**

56.     KPT repeats and realleges its responses to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

Page **6** of **18**

57.     KPT denies the allegations of Paragraph 57 of the Complaint.

58.     KPT denies the allegations of Paragraph 58 of the Complaint.

59.     KPT denies the allegations of Paragraph 59 of the Complaint.

60.     KPT denies the allegations of Paragraph 60 of the Complaint.

61.     KPT denies the allegations of Paragraph 61 of the Complaint.

62.     KPT denies the allegations of Paragraph 62 of the Complaint.

63.     KPT denies the allegations of Paragraph 63 of the Complaint.

64.     KPT denies the allegations of Paragraph 64 of the Complaint.

65.     KPT denies the allegations of Paragraph 65 of the Complaint.

66.     KPT denies the allegations of Paragraph 66 of the Complaint.

67.     KPT denies the allegations of Paragraph 67 of the Complaint.

68.     KPT denies the allegations of Paragraph 68 of the Complaint.

69.     KPT denies the allegations of Paragraph 69 of the Complaint

70.     KPT denies the allegations of Paragraph 70 of the Complaint.

71.     KPT denies the allegations of Paragraph 71 of the Complaint.

72.     KPT denies the allegations of Paragraph 72 of the Complaint.

73.     KPT denies the allegations of Paragraph 73 of the Complaint.

## COUNT IV
## FRAUDULENT MISREPRESENTATION
### (Against Defendants Knauf Gips and Knauf Tianjin)

74.     KPT repeats and realleges its responses to Paragraphs 1 through 73 of the
Complaint as if fully set forth herein.

75.     KPT denies the allegations of Paragraph 75 of the Complaint.

76.     KPT denies the allegations of Paragraph 76 of the Complaint

Page **7** of **18**

77.     KPT denies the allegations of Paragraph 77 of the Complaint.

78.     KPT denies the allegations of Paragraph 78 of the Complaint.

79.     KPT denies the allegations of Paragraph 79 of the Complaint.

80.     KPT denies the allegations of Paragraph 80 of the Complaint.

81.     KPT denies the allegations of Paragraph 81 of the Complaint.

82.     KPT denies the allegations of Paragraph 82 of the Complaint.

83.     KPT denies the allegations of Paragraph 83 of the Complaint.

84.     KPT denies the allegations of Paragraph 84 of the Complaint.

85.     KPT denies the allegations of Paragraph 85 of the Complaint.

### COUNT V
### FRAUDULENT CONCEALMENT
### (Against Defendants Knauf Gips and Knauf Tianjin)

86.     KPT repeats and realleges its responses to Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87.     KPT denies the allegations of Paragraph 87 of the Complaint.

88.     KPT denies the allegations of Paragraph 88 of the Complaint.

89.     KPT denies the allegations of Paragraph 89 of the Complaint.

90.     KPT denies the allegations of Paragraph 90 of the Complaint.

91.     KPT denies the allegations of Paragraph 91 of the Complaint.

92.     KPT denies the allegations of Paragraph 92 of the Complaint.

93.     KPT denies the allegations of Paragraph 93 of the Complaint.

94.     KPT denies the allegations of Paragraph 94 of the Complaint.

95.     KPT denies the allegations of Paragraph 95 of the Complaint.

96.     KPT denies the allegations of Paragraph 96 of the Complaint.

97.     KPT denies the allegations of Paragraph 97 of the Complaint.

### COUNT VI
### VIOLATION OF THE MISSISSIPPI CONSUMER PROTECTION LAWS
**(Against Defendants Knauf Gips and Knauf Tianjin)**

98.     KPT repeats and realleges its responses to Paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99.     The allegations of Paragraph 99 of the Complaint are not directed at KPT, and therefore no response is required.  To the extent that a response is required, the allegations of Paragraph 97 of the Complaint are denied.

100.    KPT denies the allegations of Paragraph 100 of the Complaint.

101.    KPT denies the allegations of Paragraph 101 of the Complaint.

102.    KPT denies the allegations of Paragraph 102 of the Complaint.

103.    KPT denies the allegations of Paragraph 103 of the Complaint.

104.    KPT denies the allegations of Paragraph 104 of the Complaint.

105.    KPT denies the allegations of Paragraph 105 of the Complaint.

106.    KPT denies the allegations of Paragraph 106 of the Complaint.

### PRAYER FOR RELIEF

The allegations of unnumbered "Prayer for Relief" paragraph and subparts do not require a response.  To the extent that a response is required, the allegations of the "Prayer for Relief" are denied.

### DEMAND FOR JURY TRIAL

The allegations of the unnumbered "Demand for Jury Trial" paragraph are not directed at KPT, and therefore an answer is not required.  To the extent an answer is required, KPT is

4819-1360-6522v3
2930673-000008 11/06/2018

without knowledge sufficient to form a belief as to the allegations in the paragraph and therefore denies the allegations of the paragraph.

## GENERAL DENIAL

KPT denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiffs' Complaint that has not been expressly admitted above.  KPT further denies any liability and denies that Plaintiffs are entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, KPT does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have been misjoined.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation or repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, discharge, and accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

KPT did not make any express or implied warranties to Plaintiffs nor did KPT breach any express or implied warranties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty to the extent that they failed to follow warranty procedures and satisfy conditions precedent, including the failure to provide notice of any alleged breach to KPT.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs allege claims based upon oral warranties or representations, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims for breach of warranty because Plaintiffs lack privity with KPT.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under any Consumer Protection Statute based on transactions that occurred outside of the state of such statute on the grounds that, under applicable choice-of-law rules, the law of the state in which the transaction occurred applies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims under the Mississippi Consumer Protection Statute because, under Miss. Code Ann. § 75-4-15(2), to bring a private action, a plaintiff must first have attempted to resolve the matter through an informal dispute resolution program approved by the Attorney General, which Plaintiffs have not done.

4819-1360-6522v3
2930673-000008 11/06/2018

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims Mississippi Consumer Protection Statutes because, under Miss. Code Ann. § 75-24-15(4), Plaintiffs may not bring a private action for actual damages in a representative capacity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because the methods, standards and techniques used by KPT in designing and formulating drywall and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time that the drywall was manufactured.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because the benefits of the design of KPT's drywall outweigh the risk of danger, if any, inherent in the design, in light of all relevant factors.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover on their claims because Plaintiffs' alleged damages, if any, were the result of intervening or superseding conduct of Plaintiffs and/or third parties over whom KPT had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the principle of assumption of the risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any.

4819-1360-6522v3
2930673-000008 11/06/2018

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover to the extent their damages are covered or reasonably likely to be covered by insurance or other collateral source, or in the alternative their damages should be offset or reduced by insurance or collateral source payments and benefits.

## NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiffs have settled their claims for their alleged injuries with other parties, KPT is entitled to a credit and set-off in the amount of such settlements.

## TWENTIETH AFFIRMATIVE DEFENSE

KPT breached no duty or obligation to Plaintiffs, whether arising by law, contract, or otherwise, on the premises of Plaintiffs' pleadings.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

KPT denies, to the extent the actions alleged may have occurred, that any entity or individual engaging in the activities alleged was acting as the agent or servant of KPT, or at the instruction or subject to the control of KPT, and therefore KPT is not liable for any acts or omissions of such third parties as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

KPT did not participate in, authorize, ratify, or benefit from any alleged wrongful acts that are asserted in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against KPT are barred to the extent that KPT did not manufacture or market the drywall installed in their properties.

4819-1360-6522v3
2930673-000008 11/06/2018

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs rely on evidence obtained contrary to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because class actions are not recognized under the laws of KPT's home jurisdiction and are contrary to the public policy of KPT's home jurisdiction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

KPT's liability, if any, for damages is several rather than joint, and should be prorated.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover non-economic damages because non-economic damages are not recognized under the laws and are contrary to the public policy of KPT's home jurisdiction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages fail to state a claim for relief.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages because punitive damages are not recognized under the laws of and contrary to the public policy of KPT's home jurisdiction.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages because such damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Constitutions, laws, public policies and statutes of each State under whose laws Plaintiffs seek relief.

4819-1360-6522v3
2930673-000008 11/06/2018

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover any costs of this proceeding, nor are they entitled to any compensatory damages, pre- or post-judgment interests, injunctive relief, statutory penalties, or attorneys' fees.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own neglect and/or fault.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are the proximate and legal result of pre-existing health problems, conditions, and/or impairments and are not attributable to any intervening or supervening act, omission, or other conduct on the part of KPT or any other person or entity for which KPT is responsible.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims and allegations of the Plaintiffs are barred, in whole or in part, to the extent that the damages alleged were caused by the contributing and/or comparative fault, negligence, strict liability, or other fault of the Plaintiffs or third parties for which KPT is not liable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are speculative, uncertain, contingent, and/or premature.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited by the respective state laws of Mississippi and Alabama which prohibit Plaintiffs from bringing their claims as alleged.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

4819-1360-6522v3
2930673-000008 11/06/2018

KPT denies that Plaintiffs were injured by its conduct and/or any product manufactured, distributed, or supplied by it and calls for strict proof thereof.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

KPT affirmatively alleges and avers that there was no causal connection between KPT and any product allegedly manufactured or sold by it to any alleged injuries sustained by Plaintiffs, such causal connection being remote, indefinite, and speculative, and as a result thereof, the Complaint should be dismissed as to KPT.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed and are barred for failure to fully comply with the Hague Convention on Service Abroad of Judicial and Extra-Judicial documents in Civil and Commercial Matters.  Fed. R. Civ. P. 4; Fed. R. Civ. P. 12(b)(4)-(5).

## FORTIETH AFFIRMATIVE DEFENSE

KPT engaged in no conduct and committed no act or omission, either directly or indirectly, that was or could have been the direct, legal, and/or proximate cause of any loss, damage, or injury to Plaintiffs or any of them.

## FORTY-FIRST AFFIRMATIVE DEFENSE

KPT fully, properly, and faithfully performed any and all such duties or obligations in good faith and in a manner otherwise consistent with the law; with any and all pertinent agreements, undertakings, and/or releases relevant to the transactions, circumstances, and/or occurrences at issue; and otherwise acted in accordance with all applicable custom and practice.

## FORTY-SECOND AFFIRMATIVE DEFENSE

KPT affirmatively alleges and avers that it is not the agent or apparent agent of any other Knauf entity.

4819-1360-6522v3
2930673-000008 11/06/2018

## FORTY-THIRD AFFIRMATIVE DEFENSE

KPT gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert such defenses.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to the spoliation of evidence.


**WHEREFORE**, KPT denies that Plaintiffs are entitled to any of the relief requested in the Complaint. Accordingly, KPT requests that the Complaint be dismissed with prejudice, and that KPT be awarded costs and fees incurred in this action.


Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:     (504) 566-8646
Facsimile:     (504) 585-6946
Email:     kjmiller@bakerdonelson.com
Email:     ddysart@bakerdonelson.com

***Counsel for Defendant,***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

4819-1360-6522v3
2930673-000008 11/06/2018

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this the 6th day of November, 2018.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**

4819-1360-6522v3
2930673-000008 11/06/2018