UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE MANUFACTURED DRYWALL : MDL NO. 2047
PRODUCTS LIABILITY LITIGATION : SECTION L
:
: JUDGE FALLON
: MAGISTRATE JUDGE
: WILKINSON

**THIS DOCUMENT RELATES TO:**
Case Nos. 15-4127; 15-6631; 15-6632

# ORDER

Before the Court is the BNBM Defendants' Motion to Dismiss the *Brooke* omnibus complaint. R. Doc. 19984. On September 12, 2018, the PSC filed its opposition. R. Doc. 21779. The BNBM Defendants filed a reply on October 3, 2018. R. Doc. 21818. After reviewing the parties' submissions, the Court finds it would benefit from additional briefing on the issue of tolling.

The U.S. Supreme Court has instructed that state statutes of limitations are "matters of local law properly to be respected by federal courts sitting" in diversity. *Guar. Trust Co. v. York*, 326 U.S. 99, 110 (1945). A federal court sitting in diversity must apply the choice of law rule of the forum in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In this case, Louisiana's choice of law provisions require the Court to apply the substantive law of the jurisdiction in which the affected properties are situated. *See* La. Civ. Code Ann. art. 3542 (instructing courts to consider the place of conduct and injury, the place of residence, the center of the relationship between the parties, tort law policies, and the parties' expectations). The *Brooke* complaint includes Plaintiffs with affected properties located in Florida, California, Louisiana, Alabama, Mississippi, Georgia, Texas, and Virginia. *See* No. 15-4127, R. Doc. 1-1. Therefore, in its consideration of the motion to dismiss currently before it, the Court must examine whether the

law of each jurisdiction in which there is an affected property recognizes cross-jurisdictional tolling for class-actions and/or whether other tolling doctrines apply within that jurisdiction.

As a result, the Court seeks additional briefing regarding: (1) which Plaintiffs' claims remain active, including the states in which the affected properties are located; (2) whether those states allow for cross-jurisdictional tolling; (3) with respect to the states that do not allow for cross-jurisdictional tolling, whether a class action with a class definition covering the *Brooke* Plaintiffs was filed in state court and, if so, whether and when that proposed class was certified or denied; and (4) whether the states in which the affected properties sit recognize other tolling doctrines. Accordingly;

**IT IS ORDERED** that the parties provide the Court with additional briefing on the above outlined topics by no later than **Friday, December 14, 2018** at **5:00 p.m.**

**IT IS FURTHER ORDERED** that the parties' memoranda shall not exceed twenty-five pages.

New Orleans, Louisiana, this 13th day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE