# Exhibit "1"

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 11-22408-Civ-COOKE**

EDUARDO AND CARMEN AMORIN, *et al.*,
individually and on behalf of all others similarly
situated

    Plaintiffs,

vs.

TAISHAN GYPSUM CO., LTD., f/k/a
SHANDONG TIASHE DONGXIN CO. LTD.,
*et al.*,

    Defendants.

_____/

# ORDER

    Since the United States Judicial Panel on Multidistrict Litigation's remand to this Court, ECF No. 13, the parties to this action have filed a series of motions which, at bottom, seek to determine how much deference the Court would give to the decisions of Judge Fallon, who presided over the MDL in the United States District Court for the Eastern District of Louisiana. *See, e.g.*, Plaintiffs' Motion and Memorandum of Law to Adopt Plan for Resolution of Florida *Amorin* Plaintiffs' Claims for Remediation and Other Damages, ECF No. 52 ("Plaintiffs' Trial Plan Motion"); Defendants' Motion to Reject Application of Remediation Damages Formula, ECF No. 61 (the "Remediation Damages Formula Motion"); Defendants' Motion and Memorandum to Enforce Discovery Rights, ECF No. 66 (the "Discovery Rights Motion").

    In their papers, Plaintiffs argue that "the judicial labor here has been completed" because liability has been established. Plaintiffs' Trial Plan Motion at 7. Because they believe the only remaining issue is the amount of damages, Plaintiffs implore the Court to limit discovery to: 1) verification of square footage, 2) proof of Defendants' product in the property, and 3) proof of ownership. *Id.* at 5.

    Defendants disagree. Their motions seek to reopen discovery into liability and causation, reject application of the remediation damages formula, and challenge Judge

Fallon's determination that liability has been established as to all defendants—including BNBM. *See* Remediation Damages Formula Motion at 20; Discovery Rights Motions at 6; Beijing New Building Materials PLC's Motion to Enforce Trial Rights and Memorandum in Support at 1, ECF No. 67. To bridge the chasm between the parties' contentions, the Court ordered supplemental briefing and held a hearing on which level of deference the Court should afford Judge Fallon's rulings. *See* Endorsed Order Setting Hearing, ECF No. 91. After considering the arguments raised in the motions and at the hearing, the record, and the relevant legal authorities, the Court **ADOPTS all** of Judge Fallon's findings of facts and legal conclusions.

A survey of the legal landscape reveals three approaches to the preclusive effect of MDL orders. Under the first approach, courts employ a bright line rule preventing transferor courts from overruling transferee courts. *See, e.g.*, *In re Food Lion, Inc. Fair Labor Standards Act Effective Scheduling Litig.*, 73 F.3d 528, 531 (4th Cir.1996); *see also Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 n.5 (7th Cir.1996) (noting "it would vitiate most of the purposes of consolidating litigation if, after remand, parties could simply re-visit the transferee court's pre-trial rulings"). Alternatively, some courts reject the bright line rule in favor of a "substantial deference" approach. *See, e.g.*, *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009) (listing different levels of deference to reviewing decision of a transferee court); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Others still follow the law-of-the-case rule where "a successor judge has the same discretion to reconsider an order as would the first judge, but should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997).

The Eleventh Circuit has not explicitly endorsed any of these approaches. However, the Court need not adopt a level of deference to dispose of Defendants' motions. All three approaches agree that absent an intervening change in law or fact, a transferor court should not overrule a transferee court's rulings. Here, Defendants have not shown "a significant change of circumstances." Manual for Complex Litigation, Fourth, § 20.133. Rather, Defendants seemingly seek to revisit the MDL's decisions because they disagree with Judge Fallon's conclusions. They cannot, for to do so would "frustrate the purposes of centralized pretrial proceedings." *In re Ford Motor Co.*, 591 F.3d at 411. The Court will not allow the

2

parties to pervert the MDL process. Instead, by giving preclusive effect to Judge Fallon's finding of fact and conclusions of law, the Court effectuates the purpose of a multidistrict litigation: to ensure the "just and efficient conduct" of this action. 28 U.S.C. § 1407(a).

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

- The Court finds Judge Fallon's decisions well-reasoned and well-supported by the evidentiary record. The Court **ADOPTS all** of Judge Fallon's factual findings and legal conclusions and will not revisit any of his rulings absent a compelling showing of an intervening change in law or fact. This includes, but is not limited to, the following:
    - Taishan, TTP, BNBM Group, CNBM Group, and CNBM have been held in default. *See* Findings of Fact and Conclusions of Law With Respect to Plaintiffs' Omnibus Motion for Class Certification Pursuant to Rules 23(a)(1)-(4) and 23(b)(3) at ¶¶ 13-15, Rec. Doc. 18028.
    - Under Florida law, Defendants constitute a single business enterprise for purposes of piercing the corporate veil and holding each of the defendants—including BNBM—liable for the conduct of their affiliated entities. *Id.* at ¶¶ 50-51.
    - Class certification was appropriate under Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3). *Id.* at ¶ 79.
    - Liability has been conclusively established as to all defendants and the only remaining issue is the amount of the award. Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages Hearing at ¶ 20, Rec. Doc. 20741.
    - The remediation formula represents a reasonable and reliable measure of the remediation damages which the Court will apply to determine the appropriate amount of property damages. *Id.* at ¶ 92.
- The Court **ADOPTS** the Trial Plan included as Exhibit A to this Order.

3

- To the extent that they are inconsistent with this Order and Trial Plan, the Court **DENIES** *as moot*:
    - Plaintiffs' Motion and Memorandum of Law to Adopt Plan for Resolution of Florida *Amorin* Plaintiffs' Claims for Remediation and Other Damages (ECF No. 52);
    - Defendants' Motion to Adopt Defendants' Trial Plan (ECF No. 53);
    - Defendants' Motion to Reject Application of Remediation Damages Formula (ECF No. 61);
    - Beijing New Building Materials PLC's Motion to Enforce Trial Rights and Memorandum in Support (ECF No. 66); and
    - Defendants' Motion and Memorandum to Enforce Discovery Rights (ECF No. 67);

**DONE and ORDERED** in Chambers, at Miami, Florida, this 16th day of November 2018.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*
*Tiffani G. Lee, Special Master*

4

# Attachment A

## TRIAL PLAN FOR PROPERTY DAMAGE CLAIMS

1. By **December 14, 2018**, Plaintiff will provide list of property damage claimants split into three categories: 1) claimants with completed forms who have not remediated damages; 2) claimants with completed forms who have remediated damages; 3) claimants without completed forms.[1]
2. For the Claimants without completed forms,
    a. By **January 14, 2019**, Plaintiffs must amend and complete forms or provide a compelling reason why their time to complete the forms should be extended.
    b. If they fail to do so, these claimants will be **DISMISSED** *with prejudice*.
3. For the Claimants with completed forms, Defendants may challenge only the following aspects of the damages calculation:
    a. Product ID[2]
        i. By **December 31, 2018**, Defendants will admit or deny in writing whether they manufactured the Product ID categories.
        ii. By **January 14, 2019**, Plaintiffs will respond to Defendants denials in writing.
        iii. If the Special Master determines there's a genuine dispute, Parties may engage in limited discovery.
        iv. By **February 15, 2019**, all Product ID Discovery must be completed.
        v. By **March 1, 2019**, Parties will submit simultaneous briefs on their Product ID contentions.
        vi. By **April 1, 2019**, the Special Master will issue a Report and Recommendation as to whether the Product ID categories should be attributed to Defendants despite their denial.

---

[1] The Court notes that plaintiffs who have completely remediated may only recover the actual cost of remediation. Conversely, Plaintiffs who have not completely remediated may recover the amount provided by the remediation formula.

[2] The Product ID categories are: 1) BNBM/Dragon board; 2) C & K; 3) Chinese Manufacturer #2 (purple stamp); 4) Crescent City Gypsum; 5) DUN; 6) IMT Gypsum; 7) ProWall; 8) Taian Taishan or Taihe Tape; 9) Made in China Meet or Exceeds; 10) various Drywall dimensions, including 4feetx12feetx1/2 inch and 4feet*12feet*1/2inch; 11) Venture Supply; 11) White Edge Tape, boards with no markings or boards with no markings other than numbers; 12) others.

6

b. Ownership Verification
    i. By **January 18, 2019**, Defendants will serve on Plaintiffs the discovery they seek regarding whether the Claimant owns or owned the affected property and whether an assignment of Claimant assigned their claim for remediation damages ("Ownership Verification discovery").
    ii. By **February 1, 2019**, Plaintiffs will respond to Defendants Ownership Verification discovery requests.
    iii. If the Parties disagree as to the necessity of any Ownership Verification discovery, the Special Master will resolve those disputes.
    iv. By **March 15, 2019**, all Ownership Verification Discovery must be completed.
    v. By **April 15, 2019**, the Special Master will issue a Report and Recommendation as to Ownership Verification.
c. Square Footage
    i. By **February 1, 2019**, Defendants will serve on Plaintiffs the discovery they seek regarding whether the under air square footage of the property in question is accurate ("Square Footage discovery").
    ii. By **February 15, 2019**, Plaintiffs will respond to Defendants Square Footage discovery requests.
    iii. If the Parties disagree as to the necessity of any Square Footage discovery, the Special Master will resolve those disputes.
    iv. By **April 1, 2019**, all Square Footage Discovery must be completed.
    v. By **May 1, 2019**, the Special Master will issue a Report and Recommendation as to Square Footage.
d. Contests and Requests for Set-offs
    i. By **February 11, 2019**, Defendants will submit in writing all contests and requests for set-offs.
    ii. By **February 25, 2019**, Plaintiffs will respond to Defendants contests and requests for set-offs.
    iii. By **April 1, 2019**, all Contests and Requests for Set-Offs Discovery must be completed.

7

       iv. By **May 3, 2019**, the Special Master will issue a Report and Recommendation as to contests and requests for Set-offs.

4. By **May 31, 2019**, the Special Master use the Remediation Formula to issue a Report and Recommendation as to the total award for Property Damage Claims.

8

## TRIAL PLAN FOR OTHER DAMAGES[3] AND PERSONAL INJURY CLAIMS

**November 7, 2018**: Plaintiffs will select the first 20 Florida claims to be tried (the "Priority Claimants").

**December 14, 2018**: Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at the Priority Claimant trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten days of receipt or other notice of new or revised information.

**January 14, 2019**: All fact discovery must be completed for the Priority Claimants.

**February 15, 2019**: All Priority Claimant-specific dispositive *and* other pretrial motions not explicitly excluded by S.D. Fla. L.R. 7.1.A.1 and accompanying memoranda of law, must be filed.

**February 15, 2019**: Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify at the Priority Claimant Trial. Within the fourteen-day period thereafter, Plaintiff shall make its experts available for deposition by the Defendant.

**March 1, 2019**: Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify at the Priority Claimant Trial. Within the fourteen-day period thereafter, Defendant shall make its experts available for deposition by the Plaintiff.

**April 1, 2019**: All expert discovery must be completed for the Priority Claimants.

**April 15, 2019**: All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed.

**May 31, 2019**: For the Priority Claimant trial:

(a) A Joint Pretrial Stipulation must be filed. The stipulation shall conform to Local Rule 16.1(c) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination. The pretrial stipulation shall also include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties shall meet at least one month prior to the deadline for filing the pretrial

---

[3] Other Damages includes, but is not limited to, claims for alternate living expenses, loss of use and enjoyment, lost rent, bankruptcy, foreclosure, and short sale.

9

stipulation to confer on preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. A copy of the joint pretrial stipulation shall be delivered to chambers in Microsoft Word format at the time of filing via email to cooke@flsd.uscourts.gov;

(b) A Joint Summary of the Parties' Motion(s) *in Limine* must be **separately filed**. The joint summary shall contain a cover page providing the style of the case and an index of the motion(s) *in limine*. For each evidentiary issue, the joint summary must include: a one page argument identifying the evidence sought to be excluded or included at trial and citing legal authority supporting exclusion or inclusion; and a one page response to the argument citing legal authority in support of admission or exclusion of the disputed evidence. The parties shall work together to prepare the joint summary, and are encouraged to resolve evidentiary issues through stipulation. Motions *in limine* will not be accepted in any other form.

**July 12, 2019**: (a) Final proposed jury instructions and verdict form must filed.[4] The parties shall submit a SINGLE, JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be italicized. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers in Microsoft Word format at the time of filing via email to cooke@flsd.uscourts.gov;

(b) A trial witness list indicating each witness who will testify at trial, a one-sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination;

(c) A list of witnesses with some identifying information (address or place of employment) to provide to jury; and

(d) Proposed *Voir Dire* questions specific to the case (general *voir dire* questions should not be included).

(e) Any proposed deposition designations, cross-designations, and objections therein. Parties must submit their designations in one table, with columns

---

[4] If this action is to be set for a bench trial the Parties are directed to submit proposed findings of fact and conclusions of law in lieu of proposed jury instructions.

listing the witnesses' names, the deposition dates, the proposed designations by page and line, and any objections using the codes listed in Local Rule 16.1(e)(9).

**July 17, 2019**: Calendar Call shall be held at 3:00 p.m. before the Undersigned United States District Judge at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida.

**July 22, 2019**: Trial is set for the Court's two-week trial period.