UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf GIPS, KG, et al.*, 2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT**

This memorandum is being submitted in support of Plaintiffs' Motion for Leave to Amend Complaint, filed by Plaintiffs' Counsel, James V. Doyle, Jr.

**BACKGROUND**

This Class Action Complaint was originally filed in the United States District Court for the Northern District of Alabama on behalf of Plaintiff Elizabeth Bennett and other similarly situated owners and residents of real property containing defective Chinese manufactured drywall that was designed, manufactured, imported, exported, distributed, delivered, supplied, inspected, marketed, sold and/or installed by the Defendants Knauf GIPS, KG, and Knauf Plasterboard Tianjin Co., Ltd. Through a Conditional Transfer Order, the case was transferred to this court.

On five previous occasions, this Court approved amendments to the complaint. In each previous instance, the amendments sought to add additional plaintiffs with claims against Defendants. The new Complaint is being offered and leave is hereby requested in order to allow

1

the changes noted on Exhibit A – providing the identity of six (6) additional plaintiffs' claims that meet the class definition.  In addition, the claims in the Complaint have been amended.

## ARGUMENT

Under Rule 15, Federal Rules of Civil Procedure, Plaintiffs may amend their Complaint once as a matter of course within 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiffs did so when they filed their Amended Class Action Complaint (Doc. 18412).  After an initial amendment, leave of court is required in each instance that an additional amendment to the complaint is sought.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" (Fed. R. Civ. P. 15(a)(2)); *see also Foman v. Davis*, 371 U.S. 178,182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

Both Knauf defendants have been served in accordance with Rule 4 of the Federal Rules of Civil Procedure and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service Convention.  Counsel for both Defendants have appeared in this case and filed an Answer.

Danny Dysart and Kerry Miller have now appeared on behalf of the Knauf entities.  Both attorneys have discussed this motion with the court at our two previous status conferences and neither objected to Plaintiffs amending their Complaint with changes to the claims and the addition of Plaintiffs; therefore, the changes being offered now are unopposed.

A proposed order is being offered as an accompanying exhibit to this filing.

**1. Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be

freely given "when justice so requires." Fed. R. Civ. P.15(a)(2). A motion to amend ordinarily should be granted absent some justification for refusal. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See Foman*, 371 U.S. at 182.

The liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . ." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 386 (5th Cir. 2003).

In addition, the Federal Rules of Civil Procedure, Rule 20, allows for "Persons Who May Join or Be Joined." Fed. R. Civ. P. 20(a). According to that rule, "[p]ersons may join in one action as plaintiffs, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id*.

As set forth in the first Amended Class Action Complaint (Doc.18477), the Second Amended Class Action Complaint (Doc. 20020), Third Amended Class Action Complaint (Doc. 20292), the Fourth Amended Class Action Complaint (Doc. 20554), the Fifth Amended Class Action Complaint (Doc. 21234) and the Sixth Amended Class Action Complaint, filed herewith,

3

the newest Plaintiffs' claims are nearly identical to those of the Plaintiffs already participating in the case. Their claims, like the claims of the Plaintiffs in previous pleadings arise out of the exact same factual circumstances -- each residential or commercial property containing defective Chinese-manufactured drywall produced and/or sold by the Knauf entities -- and they seek the same relief arising out of the same series of transactions and occurrences committed by the Knauf entities. Therefore, this Court should allow the claims related to the new properties to be joined in this case, listed on Exhibit A to the complaint.

**2. Undue Prejudice**

The Fifth Circuit has adopted a liberal stance favoring leave to be granted freely by district courts considering an amendment to pleadings. "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotation marks omitted). In other words, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux*, 376 F.3d at 425.

There is no prejudice to any Defendant named in this action. This case is in its very early stages – Defendant Knauf Plasterboard Tianjin Co., Ltd. has filed an answer only weeks ago. Plaintiffs simply seek to amend their claims and add new individual Plaintiffs to this case, which would preserve the Court's, Plaintiffs' and Defendant's resources rather than forcing the Court to

manage, and Defendant to separately defend against, separate -- albeit nearly identical -- suits.

### 3. Undue Delay, and Bad Faith or Dilatory Motive

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. *Foman,* at 182.  While "[p]rejudice and timeliness are obviously closely related," *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), they are analytically distinct. There is no delay, bad faith, or dilatory motive here. As explained above, the newly named plaintiffs contained in Sixth Amended Complaint have nearly identical claims to those individuals named in the previously-filed complaints.

The undersigned has now been retained to pursue a recovery related to one hundred thirty-six (136) properties containing defective sheetrock produced and sold by the Knauf entities.  Through the previous and instant motions and the proposed Sixth Amended Class Action Complaint, Plaintiffs seek to add claims of affected properties that were recently identified. Furthermore, given the posture of this case, Plaintiffs have not caused delay to any of the Knauf defendants.

### 4. Futility

Amendment of a complaint may also be denied if the amendment sought would be futile. *Frank,* 3 F.3d at 1365; *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). "A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim." *Darris v. Pugliese,* No. 08-cv-02624-PAB-KMT, 2009 WL 3162630 *2 (D. Colo. Sept. 30, 2009).  Here, Plaintiffs' proposed Sixth Amended Class Action Complaint seeks to add affected properties, like those listed in Exhibit A of the previous complaints.  All plaintiffs allege they've experienced injury as a result of installation of

5

defective Chinese-manufactured drywall sold by the Knauf Entities.

There is nothing in any of the pleadings filed to date that might suggest that these amendments would fall short of the standard accepted by the U.S. Supreme Court or the Fifth Circuit Court of Appeals; thus, the Sixth Amended Complaint should be approved by this court.

**5. Failure to Cure Deficiencies by Amendments Previously Allowed**

Leave of court to amend may also be denied if the party seeking to amend fails by amendment to cure deficiencies in the complaint previously allowed. *Frank*, 3 F.3d at 1365. This justification for denying leave to amend does not apply in this case. Leave of court is requested to approve the instant Sixth Amended Class Action Complaint.

## CONCLUSION

None of the reasons for denying leave to amend under Rule 15(a)(2), United States Supreme Court precedent and Fifth Circuit precedent exist in this case, and, therefore, leave to amend should be granted now.

DATED:  November 22, 2018.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
Email:  jimmy@doylefirm.com

*Attorney for Plaintiffs*