UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED   *   09-MD-2047
        DRYWALL PRODUCTS        *
        LIABILITY LITIGATION    *   Section L
                                *
Relates to:  All Cases          *   October 16, 2018
                                *
* * * * * * * * * * * * * * * * *


TRANSCRIPT OF PROCEEDINGS BEFORE
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE


Appearances:


Liaison Counsel for             Herman Herman & Katz, LLC
the Plaintiffs:                 BY:  RUSS M. HERMAN, ESQ.
                                820 O'Keefe Avenue
                                New Orleans, Louisiana 70113


Liaison Counsel for             Phelps Dunbar, LLP
the Taishan, BNBM, and          BY:  HARRY ROSENBERG, ESQ.
CNBM Entities:                  365 Canal Street, Suite 2000
                                New Orleans, Louisiana 70130


Liaison Counsel for             Baker Donelson Bearman
Knauf:                             Berkowitz, PC
                                BY:  DANIEL J. DYSART, ESQ.
                                201 St. Charles Avenue, Suite 3600
                                New Orleans, Louisiana 70170

Appearances:

| | |
|---|---|
| For The Mitchell Company, Inc.: | Cunningham Bounds, LLC<br>BY:  STEVEN L. NICHOLAS, ESQ.<br>1601 Dauphin Street<br>Mobile, Alabama 36604 |
| For the Taishan Defendants: | Alston & Bird, LLP<br>BY:  CHRISTINA HULL EIKHOFF, ESQ.<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, HB-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

# INDEX

|  | Page |
|---|---|
| Monthly Status Conference | 4 |
| Oral Argument | 7 |

**PROCEEDINGS**

(October 16, 2018)

**THE COURT:**  Be seated, please.  Good morning, ladies and gentlemen.

Call the case.

**THE DEPUTY CLERK:**  MDL No. 2047, *In re Chinese-Manufactured Drywall Products Liability Litigation*.

**THE COURT:**  Counsel make their appearance for the record, please.

**MR. ROSENBERG:**  Good morning, Judge Fallon.  Harry Rosenberg as liaison counsel for CNBM, BNBM, and Taishan, Your Honor.

**MR. DYSON:**  Good morning, Your Honor.  Danny Dyson on behalf of the Knauf defendants.

**MR. HERMAN:**  May it please the Court.  Good morning, Judge Fallon.  Russ Herman for the PSC.

**THE COURT:**  This is our monthly status conference.  I met a moment ago with liaison lead counsel to discuss the agenda.  I will take it in the proposed form.

First, pretrial orders, anything?

**MR. HERMAN:**  Your Honor has issued a number of orders and reasons in the past several weeks and they are all recorded.  There's no need, I think, to review them.

Taishan, Section IV, page 15, a motion to strike the Clarke declaration is pending.  As I understand it, it's

09:02

1 not set today.  A motion to challenge confidentiality filed is
2 not set for today.
3          We have with us Jake Woody, who is here from
4 BrownGreer.
5          **MR. WOODY:**  Good morning, Your Honor.  Jake Woody
6 from BrownGreer.  I have just a brief update.
7          Our main activity at this point is reissuing
8 payments that have expired, checks that have expired for
9 people, so we are very close to being finished with the
10 settlement portion of the settlement program.
11          I do have a couple of accounts that need to be
12 closed.  They were created by Court order, so I will confer
13 with the parties as to whether we need to submit a motion and
14 order to close those.
15          **THE COURT:**  We probably do need a motion and order.
16 If they are finished and nothing is in them, let's close them.
17          **MR. WOODY:**  Yes, Your Honor.  I will prepare that and
18 submit it and close those before the end of the year.
19          **THE COURT:**  Great.  Thank you.
20          **MR. WOODY:**  Thank you, Your Honor.
21          **MR. HERMAN:**  May it please the Court.  At pages 2 and
22 18, Dan is here for Knauf and has two matters.
23          **MR. DYSON:**  Your Honor, on page 2 and 3 there are two
24 items with respect to the settlement claims.  The first is the
25 remaining Option 2/Option 3 claims that need to be processed

09:03   1   with BrownGreer.  We have filed a motion to extinguish that has
       2   been continued a couple times.  We have been in contact with
       3   Colson Hicks.  They filed a motion to continue those claims,
       4   Rec. Doc. 21837, to the next status conference in November.
       5   That is unopposed.  That will not go forward today.
       6              The other item is the 16 remaining ARH claims
       7   that were sent down to the special master for reports and
       8   recommendations.  That has been completed and the record is
       9   done.  Your Honor filed those reports and recommendations into
      10   the record this week.
      11              Separate from that, a motion to construe the
      12   settlement was filed by claimants.  There has been an
      13   opposition filed by the Knauf defendants, a reply, and then
      14   yesterday evening we filed a motion for leave to file a
      15   surreply.  So those are all now under submission with the Court
      16   at this time.
      17              The only other matter on page 18 related to
      18   Knauf is the *Bennett* action, and we have a separate status
      19   conference set specially for that matter on October 26.  There
      20   is no update at this time.
      21        **THE COURT:**  Okay.
      22        **MR. HERMAN:**  May it please the Court.  Page 23,
      23   Taishan's motion to remand *Mitchell*, Rec. Doc. 21786, is ready
      24   for argument by the parties.
      25              The only other thing I want to mention is that

09:05

1    www.laed.uscourts.gov lists the status conferences and the
2    materials therein should anyone wish to access them.
3             **THE COURT:**  Do we have anything other than the
4    motions?
5             **MR. ROSENBERG:**  No, Your Honor.
6             **THE COURT:**  Let me hear the motion, then.  Let's tee
7    that up.
8             This is a motion to remand the *Mitchell* case.
9    There's some opposition to it.  I will hear from the movant.
10            **MS. EIKHOFF:**  May it please the Court.  Christy
11   Eikhoff on behalf of Taishan, the movant.
12            Your Honor, the Court has made it clear in its
13   recent orders and statements regarding remand that the MDL is
14   wrapping up and it's time to move these cases back to where
15   they were originally filed.  The *Mitchell* case, Your Honor, is
16   a putative class action for home builders.  It was filed in the
17   Northern District of Florida in 2009 and transferred to the MDL
18   shortly thereafter.
19            The MDL served the *Mitchell* case well from 2010
20   to 2014.  *Mitchell* was part of the personal jurisdiction
21   discovery and decision making and appeal that went up to the
22   Fifth Circuit, and the Fifth Circuit affirmed this Court's
23   rulings on that in 2014.  Nothing happened in *Mitchell* between
24   2014 and September 2017.  That is two years after Taishan came
25   back into the case when Mitchell renewed its long dormant 2010

09:07  1  motion for class certification.
2         Your Honor, that motion, we have done some
3  discovery, and over the course of several months slowly but
4  surely documents we have been asking for have been trickling
5  in.  But in light of the recent remands, it made sense to us
6  that the actual class certification decision, which is case
7  specific, should be decided by the court that Mitchell
8  originally filed in.  There is nothing in this MDL at this
9  point that can be helpful to the adjudication of the *Mitchell*
10 case.
11        In Mitchell's response to our motion, they
12 completely ignore that all of the other cases, homeowner cases,
13 are being remanded out of the MDL.  Instead they point to two
14 things that they think will be helpful to them.  I want to
15 point out to this Court that both of those aspects of the MDL
16 are illusory because they can have no bearing on this home
17 builder class action.
18        First, they say that the June 2015 class damages
19 hearing, which resulted in a formula to estimate homeowner
20 remediation damages, somehow will be helpful to them and to the
21 class certification decision.  In Mitchell's own class
22 certification motion, they emphasize that their damages are
23 liquidated damages, that they are definitive sums, and I'm
24 quoting.  That's from their own class certification motion at
25 Rec. Doc. 20857-1 on page 13.  There's no need for a formula to

09:09

1   determine the actual amounts that home builders expended to
2   either remediate or to settle remediation claims -- and those
3   are the damages that they say that they are seeking -- so the
4   formula doesn't help them.
5               Second of all, they say, well, this Court has
6   made so-called product ID determinations that they think will
7   come into play.  That is wrong because this Court has not made
8   any product ID determinations.  The only documents in the
9   records that Mitchell cites to are exhibits to the Knauf
10  settlement, which the Court approved, and those exhibits were
11  privately negotiated documents between two parties, neither of
12  which was Taishan.  So the fact that this Court approved a very
13  comprehensive settlement that had attachments that referred to
14  product ID is not the same thing as a judicial determination of
15  fact or findings of fact in this case with respect to product
16  ID.
17              Those are the only things that Mitchell points
18  to as to why this case needs to stay in the MDL.  We are in the
19  unusual position of, as defendants, advocating for the cases to
20  go back to the court where the plaintiff filed their case, but
21  that's where we are.  We think that it does not make sense for
22  these case-specific determinations and adjudications to
23  continue in the MDL at this point in the proceedings.
24              **THE COURT:**  Let me hear the other side of it.
25              **MR. NICHOLAS:**  Thank you, Your Honor.  Steve Nicholas

09:10   1  for Mitchell.
        2              Your Honor, the question before the Court isn't
        3  will the case get remanded, but when will we get remanded.
        4         **THE COURT:**  Yes.
        5         **MR. NICHOLAS:**  Our position is that it is much more
        6  efficient and appropriate for Your Honor to rule on class
        7  certification prior to the remand, and that's what we are
        8  asking the Court to do.  The reasons for that, really, our
        9  response has been misconstrued by Taishan.
       10              While I'm somewhat at a disadvantage trying to
       11  anticipate what Taishan is going to say when they file
       12  something finally in opposition to class certification, we
       13  believe there are at least two things that it's very important
       14  that this Court, having dealt with this issue for all these
       15  years, is the best one to reach the issue.
       16              One will be identification and ascertainability
       17  and how all that interrelates.  We do not argue and did not
       18  argue that Your Honor made ID decisions in your April 2015
       19  order.  What Your Honor clearly talked about in that order is
       20  the familiarity this Court has with how product ID would work
       21  and, because of the markings on the board, how we are going to
       22  be able to show at the class certification stage that it's
       23  capable of ID'ing Taishan's product.  Whereas if you send the
       24  matter back to a new judge who has no experience over all that,
       25  we are going to have to replow all that ground.  It gives

09:12   1   Taishan lots of opportunities to make arguments that I think
        2   this Court would know at the front end don't have any merit.
        3              We are not suggesting that Your Honor would
        4   implement the class action once you made a decision about
        5   certification, if you were to certify it.  All those ultimate
        6   ID decisions could still be maintained or decided by the
        7   Florida court, but Your Honor knows this issue and knows how it
        8   all works.
        9              Secondly, on scope of remediation, we are not
       10   arguing and did not argue that the formula that was set forth
       11   in Your Honor's order would apply to this case.  It doesn't.
       12   But, again, I'm anticipating that Taishan is going to talk
       13   about, at the class certification stage, scope of remediation
       14   because a lot of the builders actually went in and followed
       15   this Court's directives as far as how to remediate.  So I think
       16   the commonality of the remediation following the Court's order
       17   is an important issue.
       18              And, again, I'm having to anticipate arguments
       19   that have not yet been made by Taishan, but Your Honor is
       20   certainly intimately familiar with all of that.  So we believe
       21   it makes much more sense for Your Honor to be the one to decide
       22   certification as opposed to a judge who is going to be getting
       23   this cold.
       24              **THE COURT:**  Do you see any reason for any discovery
       25   on either one of those issues?

09:13

                   **MR. NICHOLAS:**  There may be discovery on an
individual determination, but not as far as class
certification, other than what we have already done.  Taishan
asked us to produce lots and lots and lots of documents
regarding the remediation that was done, and we have done that.
                   Frankly, I could have come to Your Honor and
said all that goes to merits and doesn't really matter; but
because I was trying to get this done in time before Your Honor
did want to send it back, we didn't make those arguments.  It
took us a while to get those documents.  It's a lot of them.
                   They say they want to take a deposition, a
30(b)(6).  We could do that tomorrow and be ready as far as any
of that goes.  I don't know what they are going to argue about
that, but we have produced the documents as it relates to those
issues.
                   If I can, Judge, just responding to the issues
they raised in their reply, Taishan says that it's permissible
for the transferor court to determine certification, and
certainly the transferor court is capable of determining
certification, but I would like to bring Your Honor way back to
the order centralizing this case here.  What the JPML said was
centralization under Section 1407 will eliminate duplicative
discovery, including any discovery on international parties;
prevent inconsistent pretrial rulings, particularly those with
respect to class certification issues.

09:15

1           That's what we are asking for.  Certainly,
2  Your Honor, we are not suggesting you are going to have to come
3  out the same way as you did on the homeowner class, but most of
4  those issues are going to be the same.  In order to prevent
5  those inconsistent rulings, we think Your Honor should be the
6  one to make that decision.
7           Secondly, they say that you should be guided by
8  the *Amorin* decisions, the cases that you have remanded.  We
9  don't disagree with that, Your Honor, but this Court decided
10  certification in those decisions prior to remand.  We think the
11  same thing is appropriate here.
12          Third, they accuse us of forum shopping, which I
13  think is the height of irony.  We are before this Court.  We
14  are happy to be before this Court.  It's Taishan that's trying
15  to get some new bites at the apple by going to a new judge who
16  is not familiar with the issues and trying to get things
17  treated differently.
18          The fourth thing that they argue is that there
19  are all these case-specific issues in *Mitchell* that have
20  nothing to do with the homeowner class.  They don't identify
21  what any of those are.  We think the certification issues are
22  going to be largely identical to the certification issues in
23  the homeowner class.
24          As far as timing, we could be ready to go as
25  soon as Your Honor asks us to be.  We certainly could be ready

09:16

to go and Your Honor could have this presented and decided long before the first trial in *Amorin* that Your Honor is still going to be dealing with it.  So we don't think we are extending the MDL by asking this Court to hear and decide the certification issues, which is what we would ask Your Honor to do.

**THE COURT:**  What, in your view, needs to be done before certification?

**MR. NICHOLAS:**  They have indicated they want to take a 30(b)(6).

**THE COURT:**  Do you have any depositions that --

**MR. NICHOLAS:**  No, sir.

**THE COURT:**  Let me hear a response.

The whole issue is really whether or not this Court determines class cert or a transferee court determines class cert, transferor or transferee.

**MS. EIKHOFF:**  That's exactly right, Your Honor, and we cited to two JPML decisions in our reply where the JPML has said that it's appropriate for the class certification decision to be made back in the original transferor court.

Your Honor, under Mitchell's rationale, because you have been working on this case for so many years, then you should do everything in all of the cases because you're, quote, familiar with it.  Your Honor, the same product ID decisions that he is referencing that the Court has familiarity with in the homeowner cases, the Southern District of Florida and the

09:17

1   Eastern District of Virginia, they are going to need to be
2   making those decisions too.  So the argument can just be taken
3   to a point where you never get rid of these cases because you
4   have a long history with these cases.
5              We think that based on where we are -- which is
6   we have to close up our class certification discovery and then
7   it needs to be briefed.  It hasn't been briefed at all in this
8   Court -- that the briefing based on the discovery and the
9   case-specific decisions that need to be made should be made by
10  the court where they filed this case in the first place.
11             **THE COURT:**  Do you need any further discovery on
12  this?
13             **MS. EIKHOFF:**  We do, Your Honor.  First of all, I
14  will say we did not get all of the documents that we asked for,
15  but I think that we have gotten all the documents we are going
16  to get.  That's the impression I get.  So the record is what
17  the record is.  We do need to take depositions, and then we
18  will be ready to brief it.
19             **THE COURT:**  What depositions do you need?
20             **MS. EIKHOFF:**  We need to take a 30(b)(6).  They have
21  a class rep, which is Mitchell, and then they have proposed a
22  second class rep, which is Beazer Homes.  We have asked for
23  discovery on both of those parties so that we can understand
24  what the damages are that they are seeking and if they would be
25  representative and satisfy Rule 23.  We would want to take a

```
09:19   1  30(b)(6) of Mitchell and of Beazer.
        2           THE COURT:  Let's do this.  Let's take the
        3  depositions first.
        4           MS. EIKHOFF:  Okay.
        5           THE COURT:  Maybe I can help the parties in that way.
        6  I'm not saying I'm going to keep the case or not keep the case,
        7  but let's take the depositions.  If I send them back without
        8  depositions, it's going to take you another year to take
        9  depositions.  That's just the way it is.
       10           MS. EIKHOFF:  Okay.
       11           THE COURT:  Let's do that.  How long do you need?
       12  30 days?  60 days?
       13           MS. EIKHOFF:  Yes.  We would have to look now that we
       14  are getting closer to Thanksgiving, but I think that we could
       15  probably do 30, 45 days.
       16           THE COURT:  Are you okay with that?
       17           MR. NICHOLAS:  That would be fine.
       18           THE COURT:  Let's do 45 days.
       19           MS. EIKHOFF:  Thank you.
       20           THE COURT:  Anything else, folks?  Harry?
       21           MR. ROSENBERG:  No, Your Honor.
       22           THE COURT:  Court will stand in recess.
       23           THE DEPUTY CLERK:  All rise.
       24           (Proceedings adjourned.)
       25                                * * *
```

```
 1                         CERTIFICATE
 2            I, Toni Doyle Tusa, CCR, FCRR, Official Court
 3   Reporter for the United States District Court, Eastern District
 4   of Louisiana, certify that the foregoing is a true and correct
 5   transcript, to the best of my ability and understanding, from
 6   the record of proceedings in the above-entitled matter.
 7
 8
 9                               /s/ Toni Doyle Tusa
                                 Toni Doyle Tusa, CCR, FCRR
10                               Official Court Reporter
```