UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### TAISHAN'S RESPONSE IN OPPOSITION TO PSC'S
### MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS

The PSC's Motion to Remove Confidentiality Designations with Respect to the Substituted Memorandum of Law in Support of Plaintiff-Intervenors and the PSC's Motion to Enforce the Court's July 17, 2014 Contempt Order (the "Motion") (Rec. Doc. 21830) must be denied because it challenges documents that are confidential under Pre-Trial Order 16 ("PTO 16") (Rec. Doc. No. 288), including deposition testimony quoting from documents that the Court has already ruled are Highly Confidential. For these reasons and those discussed below, Taishan requests that the Court deny the PSC's Motion.

### BACKGROUND

The Motion is the latest of the PSC's requests to remove confidentiality designations from documents produced by Taishan and other defendants and third parties in this MDL. Specifically, the Motion challenges confidentiality designations for exhibits attached to the PSC's briefing for its Motion to Enforce the Court's July 17, 2015 Contempt Order and Injunction (the "Contempt Motion") (Rec. Doc. 18202). While the Motion challenges dozens of confidentiality designations, the PSC requests removal of confidentiality designations for only three *Taishan* documents: the September 2015 deposition transcript of Taishan's Jia Tongchun (PSC's Contempt Exhibit 10),

the January 2012 deposition transcript of TTP's Peng Shiliang[1] (PSC's Contempt Exhibit 197), and the August 31, 2015 Declaration of Jia Tongchun (PSC's Contempt Exhibit 199). *See* Exhibit A to the Motion. The PSC filed these three documents under seal in their entirety as exhibits to their 2016 supplemental briefing in support of the Contempt Motion. *See* Rec. Docs. 20032 and 20060.

Over the last two months, the parties met and conferred to attempt to resolve these challenges without further briefing. Those discussions led to resolution as to the August 31, 2015 Declaration of Jia Tongchun, which is no longer at issue in the Motion.

The remaining dispute centers on the PSC's filing of the entire deposition transcripts of Jia Tongchun and Peng Shiliang, even though the PSC's citations in their Contempt Motion relate only to non-confidential portions of those transcripts, which can be freely and publicly cited. But the PSC seeks to unseal ***other, non-cited*** portions of those transcripts that have nothing to do with the propositions for which the PSC submitted the transcripts into the record. Only limited portions of those transcripts were designated as confidential, per the confidentiality letters submitted by Taishan shortly after those deposition transcripts were drafted. *See* **Exhibits A and B**. While the PSC agreed to maintain the confidentiality designations on the portions of the Jia Deposition related to personal health information,[2] the PSC continues to refuse to accept any redaction of the remaining confidential portions of the Jia Deposition, even though they comprise excerpts of

---

[1] Peng Shiliang is not the same person as Peng Wenlong, who most recently gave testimony in the MDL in November 2015 at the direction of the Court.

[2] As noted in **Exhibit A** (October 23, 2015 Letter "Re: Deposition of Jia Tongchun – Confidentiality Designations", lines 15:1 – 20:22, 26:18-22, 53:8-20 of the Jia Deposition have been designated Confidential by Taishan. The PSC has stated that it will not contest the Confidentiality of these portions of the Jia Deposition.

2

attorney-client communications that this Court has already upheld as Highly Confidential in the face of a prior PSC challenge.

Likewise, the portions of the Peng deposition challenged by the PSC are not used or cited to by the PSC in the Contempt Motion that is the basis of the PSC's unsealing efforts. The obscure passage the PSC has put at issue relates to a private settlement, and is the only portion of the Peng deposition designated as confidential.

Because of the PSC's refusal to accept these reasonable designations, Taishan now submits its proposal for limited redaction of these two deposition transcripts to the Court, as outlined below.

## LAW

PTO 16 defines "Confidential Information" as:

> any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

Rec. Doc. No. 288 at ¶ 8.

Federal Rule of Civil Procedure 26(c) states that the Court may protect discovery from disclosure "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Fifth Circuit has expressed the wide latitude and discretion given to district courts in determining the restrictions placed on discovery. *See Nguyen v. Excel Corp.,* 197 F.3d 200, 209 n.27 (5th Cir. 1999). Ultimately, "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). The Fifth Circuit has also described the balancing test that should be used when evaluating challenges under Rule 26(c), stating:

> The federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the

hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis.

*Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

## ARGUMENT

### I. The Taishan-Produced Documents Challenged by the PSC are Properly Designated as Confidential

Protection from disclosure under Federal Rule of Civil Procedure 26(c) is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). "Good cause" exists when justice requires the protection of `a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* As shown below, Taishan has both good cause for limited redaction of the Jia and Peng deposition transcripts and can show specific need for this limited protection from public disclosure.

### A. Deposition Testimony Quoting Deprivileged Hogan Lovells Documents is Properly Designated as Highly Confidential

In its October 23, 2015 confidentiality designation letter for the deposition transcript of Jia Tongchun (attached as **Exhibit A**), Taishan designated the certain sections of the transcript[3] as Highly Confidential under PTO 16 and requested redaction, as those sections "discuss matters that are subject to an Order from the Court designating them as such." *See* Ex. A at 1. These deposition excerpts directly quote, paraphrase or elicit testimony about the contents of deprivileged email communications by Taishan's prior counsel, Hogan Lovells, which were designated by Hogan Lovells as Highly Confidential when they were produced and have been confirmed as Highly

---

[3] Taishan designated lines 173:4 – 190:11, 212:11 – 219:25, 222:20 – 225:4, 239:20 – 243:1, and 243:12 – 249:3 as Highly Confidential under the Court's protective order. Taishan also flagged Exhibit 1 to the Jia Deposition – which contains the deprivileged Hogan Lovells' emails – as Highly Confidential, in compliance with the Court's May 4, 2015 Order.

4

Confidential by this Court. That the PSC counsel's line of questioning was directly lifted from the text of the protect materials is confirmed in his follow up question, "Was *the statement that I read* truthful?" *See* Jia Deposition at 178:23 (referring to a Highly Confidential attorney-client email) (emphasis added).

As the Court has already held, these documents "involve confidential communications made from Taishan to its counsel." Rec. Doc. No. 18196 at 7. The PSC previously challenged the Highly Confidential designation placed on these documents in 2015. Rec. Doc. 18530. On May 4, 2015, the Court denied the PSC's Motion and confirmed the Hogan Lovells' documents as Highly Confidential, stating:

> Even though the documents are not privileged, they still are protected by the highly confidential designation. The Court has previously ordered that the documents at issue may not be used outside this litigation. Retaining the highly confidential designation is the best way to maintain this protection. Otherwise, the documents would be available without seal on PACER, available for use by anyone (party and non-party alike) for any purpose.

Rec. Doc. 18836. The PSC attempted to challenge these confidentiality designations *again* in its 2017 confidentiality motion (Rec. Doc. 20598), only to retract that challenge once Taishan explained that those designations were based on the Court's May 4, 2015 Order.

The PSC now seeks to re-litigate this settled issue by challenging these very same confidentiality designations. The PSC's current motion argues that these confidentiality designations have grown "stale" with time – but the passage of time is no excuse for disregarding this Court's Orders. The Court should deny the PSC's request to remove the confidentiality designations from these deposition excerpts. If the PSC wishes to file the Jia Deposition transcript publicly, it should be made to file the redacted version submitted to the PSC by Taishan. Not only would that comply with this Court's prior orders, but it is also especially sensible considering that the PSC's Contempt Motion that is the subject of the current challenge does not even cite to those

5

portions of the Jia Deposition transcript.

### B. Deposition Testimony Discussing a Privately Negotiated Settlement is Properly Designated as Confidential

The PSC also challenges Taishan's confidentiality designations for the January 11, 2012 deposition transcript of Tai'an Taishan Plasterboard's Shiliang Peng. On March 5, 2012, Taishan issued a letter designating a single excerpt of the Peng deposition as confidential – lines 99:5 – 111:15. *See* **Exhibit B**. That section of the transcript includes questions about the terms of a 2008 Settlement and Release Agreement between Taian Taishan Plasterboard Co., Ltd. and Guardian Building Products Distribution Inc. ("Guardian") to settle a private dispute related to performance of a 2006 sales contract between the entities. Taishan maintains that this confidentiality designation is proper because the dispute with Guardian was unrelated to the drywall defects alleged by Plaintiffs in this MDL and there is no public interest in the disclosure of an unrelated, private settlement agreement. While courts have generally held that the public has a right to access settlement agreements that are approved by and filed with courts, courts have not extended that right of access to private settlement agreements that are not filed with a judicial body. *See e.g. SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

As with the Jia Deposition, the PSC's challenge of the Peng deposition's confidentiality designations has no bearing on the content of the Contempt Motion. The PSC's Contempt Motion attaches the Peng deposition transcript as an exhibit, but does not cite to the confidential portion of that transcript. Instead, the full extent of the PSC's reference to the Peng deposition in the Contempt Motion is not even the deponents' testimony, but rather a statement made by Judge

6

Fallon at the Peng deposition, having nothing to do with the discussion of the private settlement.[4] Rec. Doc. 20680 at 5. Taishan has never designated the Court's statement as confidential. Instead, Taishan has asked that the PSC redact only the portion of the transcript related to the Guardian settlement. Therefore, Taishan's proposed redacted transcript – previously submitted to the PSC - is absolutely sufficient for the public docket.

## II. Confidential Documents are Not a Burden on the PSC or the Public

The PSC's Motion continues to argue that this MDL's protective order, PTO 16, prevents them from sharing documents with claimants to lawsuits in this MDL and their attorneys. *See* Motion at 5 ("Designating the documents and testimony confidential effectively keeps the contents secret and not available to the thousands of homeowners with interests in this litigation"). As Taishan has repeatedly advised, the PSC is incorrect. Under PTO 16, all documents marked "Highly Confidential-Restricted" may be circulated to and used by parties to the litigation, outside counsel for parties in this action, certain in-house counsel, deponents, the Court, and other specified persons. Rec. Doc. 288 at ¶ 14. Confidential documents can be distributed to those same individuals, as well as employees of Defendants and counsel for claimants in other pending Chinese Drywall litigation. Rec. Doc. 288 at ¶ 13. No provision of PTO 16 bars documents produced in this MDL and designated as Confidential or Highly-Confidential-Restricted from being viewed by parties to this MDL or their counsel, as argued by the PSC.

The PSC's argument that the public has a right to view all of the information challenged in Exhibit A of its Motion is similarly unpersuasive. The U.S. Supreme Court has held that there is no "unrestrained right to disseminate information that has been obtained through pretrial

---

[4] While the PSC has speculated as to the potential relevance of that private settlement agreement— a reed thin exercise in hypothesizing—the legal question of relevance has no bearing on the issue before the Court, which is confidentiality protection.

7

discovery," and that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984). Neither the PSC nor the public are prejudiced by particular confidential documents being restricted to use solely in this litigation. Here, the parts of the discovery materials challenged by the PSC have nothing to do with the proposition for which the PSC submitted them in support of their Contempt Motion. Rather than attaching to their filed Contempt Motion only the excerpts of the depositions that cited in their brief, the PSC attached the *entire* transcripts, and now challenge the confidentiality of other, unrelated portions.

The Court established these confidentiality designations for a clear purpose, as stated at the outset of PTO 16:

> To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), and with the consent of the parties.

Rec. Doc. 288 at 1. The PSC's blanket request, if granted, would undermine discovery in this litigation and all other cases subject to similar protective orders, where parties depend on confidentiality designations to protect sensitive information.

Taishan provided the deposition testimony at issue in full compliance with Federal Rule of Civil Procedure 26, but is entitled to the restrictions on public disclosure permitted by Rule 26(c) and PTO16 as these transcripts, while pertinent to this litigation, do not require broader disclosure to the public and other parties outside of the umbrella of PTO 16. Accordingly, Taishan requests that those transcripts receive the limited redaction outlined above before being publicly filed.

## CONCLUSION

For the foregoing reasons, the PSC's Motion should be DENIED.

Dated: December 7, 2018

Respectfully submitted,

/s/ *Michael P. Kenny*
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of December, 2018.

<u>Michael P. Kenny, Esq.</u>
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*