UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*All Cases* | MDL No. 2:09-md-2047<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

**CNBM AND THE BNBM ENTITIES' OPPOSITION TO THE PSC'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS REGARDING THE PSC'S MOTION TO ENFORCE THE JULY 17, 2014 CONTEMPT ORDER**

Counsel for China National Building Materials Company, Ltd., Beijing New Building Materials (Group) Co. Ltd., and Beijing New Building Materials Public Limited Company, (collectively, "CNBM and the BNBM Entities") have worked with the Plaintiffs' Steering Committee ("PSC") to resolve the issues surrounding all of the PSC's requests to remove confidentiality except as to a single document (Exhibit 82), which is a mediation position statement submitted by a now-dismissed party in an unrelated matter.  This single document is the only remaining issue (for documents produced by CNBM and the BNBM Entities) in the PSC's Motion to Remove Confidentiality Designations Regarding the PSC's Motion to Enforce the July 17, 2014 Contempt Order.  Rec. Doc. 21830 (the "Motion"), and for the reasons set forth below, the Court should deny the Motion.

## I. Background

The PSC initially requested that confidentiality designations be removed from over 100 documents produced by the CNBM and BNBM Entities. As with prior confidentiality disputes, both the PSC and counsel for CNBM and the BNBM Entities engaged in constructive meet-and-confer efforts to narrow the universe of documents at issue. Through narrow redactions, waiver of designations, and agreement to withdraw challenges, counsel narrowed the list from over 100 documents to a single item—Exhibit 82 to the PSC's Substituted Memorandum (Rec. Doc. 20032-2)[1]—a confidential mediation brief, prepared and submitted by counsel for the CNBM Import & Export and CNBM Forest Products (Canada) companies[2] in an unrelated lawsuit in Oregon.

## II. Policy, as well as Louisiana and Oregon Law, Protect the Confidentiality of Mediation Submissions

Courts recognize the strong public interest mediation serves, and to promote successful mediation outcomes, understand that any communications exchanged therein remain confidential. *See, e.g.*, *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) ("By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement."); *Princeton Ins. Co. v. Vergano*, 883 A. 2d 44, 48 (Del. Ch. 2005) ("Confidentiality is vital to the mediation process . . . . Parties and mediators themselves cannot be expected to approach the process with the same candor and trust if the mutual understanding that the process is confidential cannot be

---

[1] Exhibit 82 to the PSC's Substituted Memorandum to Enforce the July 17, 2014 Contempt Order (Rec. Doc 20032-2). The exhibits were previously provided to the Court with the PSC's Substituted Memorandum.

[2] CNBM Import & Export and CNBM Forest Products (Canada) were dismissed from this litigation for lack of jurisdiction.

relied upon."). To encourage parties (both here and otherwise) to participate fully in future mediations, the contents of confidential mediation submissions must remain protected from public disclosure.

Exhibit 82 is also protected from disclosure by both Louisiana and Oregon law. *See* La. Rev. Stat. 9:4112(A) ("All oral and written communications and records made during mediation, whether or not conducted under this Chapter and whether before or after the institution of formal judicial proceedings, **are not subject to disclosure**, and may not be used as evidence in any judicial or administrative proceeding") (emphasis supplied); ORS 36.220(1)(a). Louisiana and Oregon provide explicit exceptions to this rule, but no exception applies here. *See* La. Rev. Stat. 9:4112(B)(1)(a)-(c); ORS 36.220(2)-(8). And the Eastern District courts interpret Local Rule 16.3.1, which provides that all alternative dispute resolution proceedings are confidential, as "unequivocal" to the extent that documents produced and used in mediation are protected. *E.g.*, *Benson v. Rosenthal*, No. CV 15-782, 2016 WL 3001129, at *9 (E.D. La. May 25, 2016). Having been produced to the PSC pursuant to the confidentiality protections provided in Pre-Trial Order 16, state law and local rules require that it remain confidential.

The contents of Exhibit 82 merit protection under both the policy interest in protecting mediation submissions and the scope of protections afforded by PTO 16. Exhibit 82 provided a detailed explanation of the financial and business arrangement between multiple parties to a handful of lawsuits in Oregon. Exhibit 82 includes a candid explanation of the amount of damages that CNBM Import & Export believed it could prove at trial, and an equally-candid explanation that, rather than litigate, CNBM Import & Export preferred to resolve the dispute on terms that were far more favorable to the opposing parties than CNBM Import & Export would reveal publicly. And the document details potential lawsuits that CNBM Import & Export was

contemplating against other parties arising out of conduct at issue in the dispute.  This distinctly non-public information aids the mediation process by informing the mediator, who can better push the parties to resolve their dispute out of court.

Making this information public, even several years after the mediation itself, could chill participation in future alternative dispute resolution. The PSC has presented no argument that would support disregarding the well-entrenched principles that pervade federal, state, and local law protecting mediation submissions from public disclosure.  Nowhere in the Motion does the PSC address Exhibit 82, or even the general category of mediation communications.  And the PSC does not (and cannot) claim that Exhibit 82 contains any information relevant to its Substituted Memorandum that is not otherwise already in the public realm.

In the PSC's Substituted Memorandum, Exhibit 82 is not referred to in the body of pleading, nor is it the principal document supporting any of the PSC's arguments.  Instead, Exhibit 82 is merely referenced in a "see also" citation for the fact that CNBM Import and Export and CNBM Forest Products (Canada) filed lawsuits in Oregon.  Substituted Memorandum, Rec. Doc. 20032-2 at 39, n.195.  The PSC does not need to make public the contents of the confidential mediation submission to prove this point, which the PSC proves by citing the docket for the lawsuit at the start of the very same footnote.  *Ibid.*

Additionally, the facts underlying the business arrangements are already publicly available in the complaints in the dockets that the PSC references, and the PSC relies on other public filings for the terms of the settlement, including volumes of log shipments, prices paid, and the dates of the events.  *Id.* at 40.  The only information contained in the mediation submission that is not already public is the party's evaluation of the claims and position in the litigation.  There is no further public benefit from publishing this confidential mediation

submission, as any relevant factual information is duplicative of other information referenced in the Substituted Memorandum.

### III. Conclusion

CNBM and the BNBM entities respectfully urge the Court to maintain the confidentiality designation properly placed on Exhibit 82.  Failure to do so would deter future parties from mediating for fear of communications contained therein becoming public.  And Louisiana and Oregon law, as well as the local rules, require that this document remain confidential.  All information the PSC seeks to rely on in its Substituted Memorandum is already publicly available, eliminating any potential claim of prejudice. And it bears emphasizing:  the PSC, other plaintiffs' counsel, and the claimants themselves already have (or are entitled to) access to these materials; the PSC here merely argues to be able to publicize them to the world at large—the greatest possible violation of the public policy protecting these mediation materials, and one that truly serves no legitimate purpose and will not aid a claimant whatsoever in the pursuit of his or her claim.

Dated: December 7, 2018

Respectfully submitted,

*/s/ L. Christopher Vejnoska*

L. Christopher Vejnoska (CA Bar No. 96082)
Eric Matthew Hairston (CA Bar No. 229892)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA  94105
T:  415-773-5700
Email:  cvejnoska@orrick.com
         ehairston@orrick.com

Eric A. Shumsky (D.C. Bar No. 477926)
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street NW
Washington, D.C. 20005
T:  202-339-8400
Email:  eshumsky@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T:  212-506-5000
Email:  jstengel@orrick.com
           xiangwang@orrick.com

*Attorneys for the CNBM and BNBM Entities*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
Alex B. Rothenberg (LA Bar No. 34740)
GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
T:  (504) 582-1111
Email:  eeagan@gamb.law
           dcurrault@gamb.law
           arothenberg@gamb.law

*Attorneys for CNBM Company, Ltd.*

Harry Rosenberg (LA Bar No. 11465)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
T:  (504) 584-9219
Email:  harry.rosenberg@phelps.com

*Attorneys for BNBM (Group) Co. Ltd. and BNBM PLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **CNBM AND THE BNBM ENTITIES' OPPOSITION TO THE PSC'S MOTION TO REMOVE CONFIDENTIALITY DESIGNATIONS REGARDING THE PSC'S MOTION TO ENFORCE THE JULY 17, 2014 CONTEMPT ORDER** has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and e-mail and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of December, 2018.

/s/ L. Christopher Vejnoska

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
T:  415-773-5700
Fax:  415-773-5759
Email:  cvejnoska@orrick.com

*Attorney for the CNBM and BNBM Entities*