UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | MAGISTRATE JOSEPH WILKINSON, JR. |
| Case No. 14-cv-2722 | |

KNAUF DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT

MAY IT PLEASE THE COURT:

Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (collectively the "Knauf Defendants"), through undersigned counsel, respectfully submit this  Opposition to Plaintiffs' Motion for Leave to Amend Complaint (Rec. Doc. 21938) (the "Motion").

I.    BACKGROUND AND INTRODUCTION

This MDL has been pending since 2009.  Plaintiffs filed their first class action complaint in 2014.[1]  Plaintiffs have since filed five amended Class Action Complaints and propose a sixth here.[2]  The primary purpose of the previous amendments was to add or remove parties.  At the status conference that preceded this Motion, Plaintiffs indicated that the amendment at issue here would again be limited to modifying the parties and removing personal injury claims.  Based on

---

[1] Rec. Doc. No. 18240.

[2] Rec. Doc. Nos. 18477, 20020, 20292, 20554, and 21234.

1

that understanding, the Knauf Defendants do not oppose the amendment to the extent it modifies the parties or removes personal injury claims.

However, the Knauf Defendants do oppose the motion for leave to the extent Plaintiffs seek to add allegations in their Sixth Amended Class Action Complaint to support a punitive damages claim based on four entirely new causes of action—(1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) fraudulent concealment, and (4) fraud.[3]  In their Motion, Plaintiffs present arguments in support of their amendment to add new parties but fail to address why this Court should permit them to proceed with their new fraud-based claims.  In fact, Plaintiffs' only mention of the new causes of action was to say: "In addition, the claims in the Complaint have been amended."[4]

From its outset, this case has been a constant moving target—first with respect to parties, and now with respect to claims.  The current amendment to add these new allegations and causes of action come years after Plaintiffs could of and should have made those allegations.    Instead, Plaintiffs now wish to assert these allegations and claims only after the issuance, completion, and review of plaintiff profile forms and supplemental profile forms, and this Court's consideration of a CMO, none of which contemplated or included consideration of discovery, class certification proceedings, dispositive motions or trials based on the these new proposed allegations and causes of action.

Furthermore, not only is it inappropriate for Plaintiffs to add new claims at this juncture in the case, but the particular causes of action Plaintiffs have attempted to add are inappropriate for the type of action pleaded—a class action.   As a result, Plaintiffs should not be permitted to amend their Complaint.  If the Court allows this amendment, then the Knauf Defendants propose

---

[3] Rec. Doc. No. 21938-2, Sixth Amended Class Action Complaint, at 21-29.

[4] Doc. 21938-1, Memorandum in Support of Motion for Leave to Amend Complaint, at 2.

that the Court must reconvene with the parties regarding the implications to the CMO, including discovery, dispositive motions, and trials and the CMO must allow the Knauf Defendants to move to strike class certification allegations under Rule 23 of the Federal Rules of Civil Procedure.

## II.    LAW AND ARGUMENT

The Court should deny Plaintiffs' *sixth* request for leave to amend unless they remove the new causes of action.  District courts "have discretion to manage their docket."[5]  The trial court's discretion to deny leave to amend is "particularly broad" where, as here, a plaintiff has previously amended the complaint.[6]  Having afforded Plaintiffs five opportunities to amend their complaint, "[a]t some point, [the] court must decide that a plaintiff has had fair opportunity to make his case."[7]  Accordingly, it is "appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation."[8]  Contrary to Plaintiffs' counsel's assertions, common-sense dictates that permitting amendment-upon-amendment does not "preserve the Court's, Plaintiffs', and Defendant's [sic] resources."[9]  It instead guarantees that the claims and parties in this litigation remain moving targets.

A court ruling on a motion to amend considers "a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and

---

[5] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).

[6] *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989).

[7] *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

[8] *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012) (internal quotations omitted).

[9] Rec. Doc. No. 21938-1, Motion for Leave to Amend Complaint, at 4-5.

futility of the amendment."[10]   The Court may deny leave to amend "where the facts underlying the amended complaint were known to the party when the original complaint was filed."[11] Indeed, "[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time."[12]

       *A.*       ***The Motion for Leave is Untimely.***

Plaintiffs' amendments to their Complaint are in violation of the spirit of the Court's statements at the   previous status conferences regarding this matter and Plaintiffs' own representations.  These are property damage claims for alleged defective products manufactured by KPT.  For months, the Knauf Defendants (and the Court) have asked Plaintiffs to clean up the parties in the Complaint.   Furthermore, Plaintiffs recently indicated that they would be withdrawing personal injury claims.   Therefore, the Knauf Defendants represented to the Court and Plaintiffs that it consented to Plaintiffs (1) adding/removing plaintiffs and (2) withdrawing the personal injury claims.   Plaintiffs were not given *carte blanche*   to add entirely new allegations and counts which were never contemplated or considered by the Knauf Defendants in the approval and completion of the plaintiff profile forms, the supplemental plaintiff profile forms, or by the Court in its ongoing consideration of a CMO in this matter.  Further, Plaintiffs' counsel fails to explain why these proposed causes of action were not added in one of Plaintiffs' five prior amended complaints.  In fact, Plaintiffs' counsel does not at all address this issue, but rather focuses his argument solely on why joinder of additional plaintiffs is appropriate.  The new allegations and counts submitted by Plaintiffs were known to Plaintiffs and could have been

---

[10]*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal quotations omitted).

[11]*Matter of Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

[12]*Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981).

alleged at any time over the last four years.  Instead, Plaintiffs did nothing and waited in what could only be determined to be an effort to ambush the Knauf Defendants.

> **B.**      ***Amendment's Implications to CMO and Class Certification.***

If the Court allows this amendment, then the Knauf Defendants propose that the Court must reconvene with the parties regarding the implications to the CMO, including discovery, dispositive motions, and trials as none of the new allegations or counts were considered by the Court or the parties in previous status conferences.

Furthermore, the CMO must allow the Knauf Defendants to move to strike class certification under Rule 23 of the Federal Rules of Civil Procedure. One of the requirements for class certification is that "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  The Fifth Circuit has found that "a fraud class action cannot be certified when individual reliance will be an issue. *See, e.g. Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 (5th Cir. 1996) (citing *Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 482 F.2d 880 (5th Cir. 1973).  Here, Plaintiffs have added allegations regarding four fraud-based causes of action in support of punitive damages.  All four of the new counts allege and require demonstration that each plaintiff individually relied on the Knauf Defendants' representations in purchasing the alleged defective drywall.[13]  Each of the fraud claims require individualized reliance as follows:

- Fraudulent Misrepresentation:  "Plaintiffs reasonably relied on the fraudulent misrepresentations directly or third party beneficiaries when purchasing their homes." *Id. at* ¶ 125.

- Negligent Misrepresentation:

---

[13] Rec. Doc. No. 21938-2, Sixth Amended Class Action Complaint, at 21-29.

o    "Plaintiffs reasonably relied on the misrepresentations made by the Defendants to their detriment." *Id.* at ¶ 134.

o    "In reliance of the misrepresentations by the Defendants, Plaintiffs were induced to purchase and use Defendants' drywall. *Id.* at ¶ 135.

o    "If Plaintiffs had known of the true facts and the facts concealed by the Defendants, Plaintiffs would not have used Defendants' product." *Id.* at ¶ 136.

o    "The reliance of Plaintiffs upon Defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts." *Id.* at 137.

- Fraudulent Concealment:  "Had the above facts been disclosed, they would have changed Plaintiffs' decision to purchase their affected property or Defendants' product.  *Id.* at ¶ 146.

- Fraud: "The above facts were material to Plaintiffs' decision to either purchase the gypsum product from Defendants' distributors or to purchase the affected property, and they reasonably relied on Defendants' representations either directly or indirectly." ¶ 156.

Because this reliance determination must be made on an individual basis, Plaintiffs can no longer demonstrate that their case has the necessary predominance of common questions of law or fact as is required for class certification.  Simply, by adding these claims, Plaintiffs have destroyed their basis for class certification.

## III. CONCLUSION

For the foregoing reasons, the Knauf Defendants respectfully request that this Court deny Plaintiffs' Motion for Leave and that Plaintiffs' Sixth Amended Class Action Complaint except to the extent it seeks to add or remove parties or withdraws personal injury claims.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.
DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:    (504) 566-8646
Facsimile:    (504) 585-6946
Email:         kjmiller@bakerdonelson.com
Email:         ddysart@bakerdonelson.com

***Counsel for the Knauf Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6 and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of December 2018.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**