IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY BRIEF
IN SUPPORT OF THE MOTION TO REMOVE CONFIDENTIALITY
DESIGNATIONS WITH RESPECT TO THE SUBSTITUTED
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-INTERVENORS
AND THE PLAINTIFFS' STEERING COMMITTEE TO ENFORCE THE
COURT'S JULY 17, 2014 CONTEMPT ORDER AND RULE TO SHOW
<u>CAUSE WHY ANY CONFIDENTIALITY DESIGNATIONS SHOULD REMAIN</u>**

**I.       INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") submits this Reply brief in support of its Motion to Remove Confidentiality Designations with Respect to the Substituted Memorandum of Law in Support of Plaintiff-Intervenors and the Plaintiffs' Steering Committee to Enforce the Court's July 17, 2014 Contempt Order and Rule to Show Cause why any Confidentiality Designations Should Remain (Rec.Doc. 21830).

1

Since the filing of the PSC's motion, this Court issued its scheduling order to address briefing of the matter (Rec. Doc. 21893). The lengthy briefing schedule afforded the parties ample time to meet and confer over the matters in dispute. Only Taishan and CNBM and the BNBM Entities, however, engaged in efforts to resolve the disputes set forth therein, and only these defendants filed responses, each separately. None of the other third-parties ever responded. This reply brief is a joint reply to both responsive briefs. While Taishan and CNBM and the BNBM entities were able to resolve their differences with the PSC over certain disputed documents,[1] an impasse was reached on just a few:

- Taishan maintains that all the designated testimony of **Exhibit 10**, the Deposition of JIA Tongchun dated 9/17-18/2015; and **Exhibit 197**, the Deposition of PENG Shiliang dated 1/11/2012, should remain confidential.

- CNBM and the BNBM entities maintain that **Exhibit 82**, the 7/2/2014 Confidential Mediation Submission of CNBM Import & Export and CNBM Forest (Canada), should remain confidential.

The reasons why each of these documents (or portions thereof) should no longer be kept confidential will be discussed below.

As to the remaining documents as to which no other third parties have come forward to meet and confer and as to which Taishan and the CNBM and the BNBM entities have taken no

---

[1] Taishan has agreed that Exhibit 198, the Declaration of JIA Tongchun, states nothing that is confidential and that the document may be unsealed. CNBM and the BNBM entities have agreed, subject to certain redactions, that the following documents may be unsealed: Exhibits Nos. 11, 28, 31, 32, 40, 46, 71, 77, 89, 90, 111, 112, 122, 124, 127, 141, 146, 147, 148, 169, 172, 173, 174, 176, 191, 192, 202 and 203. A color-coded chart reflecting those documents over which there is agreement in Green, a known dispute in Yellow and the remaining documents to be set for a show cause hearing in Red, is attached hereto as Exhibit "A".

position, the PSC maintains that the assertion of confidentiality has not been justified. Therefore, this Court should issue a show cause order to have these third parties come forward to explain why the confidentiality designations should remain, and, if they fail to show cause, the designations should be removed.

## II. ARGUMENT

### A. Taishan's Contested Designations of the Testimony of Mr. JIA Tongchun and Mr. PENG Shiliang Should Be Unsealed

This Court has already addressed the defiant and flagrant contempt perpetrated by Taishan in open court. Following two separate panels of the Fifth Circuit Court of Appeals affirming this Court's personal jurisdiction Order of September 4, 2012,[2] Taishan, at the direction of CNBM and the BNBM entities deliberately and intentionally failed to appear at the duly-noticed Judgment Debtor Examination hearing scheduled for July 17, 2014. This deliberate act by Taishan was properly considered to be criminal and civil contempt.[3]

Following the Contempt Order, the PSC engaged in extensive discovery against Taishan, its parent companies, and its affiliates to attempt to enforce this Court's Contempt Order. The culmination of the PSC's discovery efforts was reflected in its briefing, The Substituted Memorandum of Law in Support of Plaintiff-Intervenors and The Plaintiffs' Steering Committee to Enforce the Court's July 17, 2014 Contempt Order (Rec. Doc. 18302-1). The materials in that briefing are of vital interest to the public and litigants, both in this jurisdiction and in the remand

---

[2] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* 892 F.Supp.2d 819 (E.D.La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014) and 753 F.2d 521 (5th Cir. 2014).

[3] *See* Rec.Doc. 17869.

3

jurisdictions of Florida and Virginia, as they evidence the liability-inducing and/or contemptuous behavior of the Taishan Defendants and their affiliates.

Against this background, Taishan maintains that certain designated testimony of Mr. JIA and Mr. PENG should remain confidential. Pursuant to PTO 16, as the party seeking protection, Taishan alone has the burden of proving that the testimony at issue is properly designated as confidential and deserving of protection from public scrutiny. The following analysis dispels every contention of Taishan.

### 1) The Disputed Testimony of Mr. JIA Tongchun Does Not Quote Any Hogan Lovells Documents and Is Not Highly Confidential

Mr. JIA is the General Manager and a Director of Taishan. At his deposition (Contempt Exb. 10), Mr. JIA was interrogated on a number of subjects and documents. Some of his testimony was directly related to documents produced by Hogan Lovells, whose documents were previously determined by this Court not to be privileged, yet still highly confidential. *See* Order of May 5, 2015 (Rec. Doc. 18836). Some of Mr. JIA's testimony (that which is in dispute), however, was elicited without any reference to these documents whatsoever. In those instances, once the context was established, the document became superfluous, and the testimony was devoid of any reference to the document. It is only as to this testimony that Taishan refuses to accede that confidentiality does not apply.

During the parties' meet and confer sessions, the PSC presented to Taishan a proposal for redacting Mr. JIA's deposition. *See* November 12, 2018 Email of Fred Longer (attached hereto as Exhibit "B"). The PSC agreed with Taishan that testimony of Mr. JIA's health would remain highly confidential, without waiving any right to use the testimony under appropriate circumstances. In addition, the PSC presented a marked-up copy of the deposition transcript

4

(attached hereto UNDER SEAL as Exhibit "C"), highlighting in yellow portions of the testimony the PSC contends should not be confidential and highlighting in gray portions of the testimony that would remain confidential.  As evident in the proposed redacted transcript, any question directly implicating a Hogan Lovells document was marked to remain confidential.  Taishan highlights one such question in its brief, where Mr. JIA was asked, "Was the statement that I read truthful?"  Taishan Brf. at 5.  But as evidenced in the proposed designations, the PSC always agreed that this question (and Mr. JIA's answer to it) were to remain under seal.  Only subsequent testimony that did not rely on any statement in a Hogan Lovells document was to be re-designated as not confidential.  As to this testimony (pages 175:9-177:10; 178:14-21; 179:21-181:6; 182:15-190:11; 213:1-13; 222:19-25; 224:4-225:4), Taishan is incapable of proving that the matters testified to therein should be confidential.  For example, the fact that Taishan did not appear at the July 17, 2014 Judgment Debtor hearing is self-evident.  Therefore, Mr. JIA's interrogation about facts leading up to that decision should not be confidential.

### 2) The Disputed Testimony of Mr. PENG Shiliang Should Not Remain Designated as Confidential

Mr. PENG Shiliang's testimony at lines 99:5 – 111:15 (Contempt Exb. 197)[4] addresses the settlement between Taishan's subsidiary and alter ego, Taian Taishan Plasterboard Co., Ltd. and Guardian Building Products Distribution, Inc.  The Settlement Agreement occurred in 2008, during the height of the Chinese drywall epidemic in the United States.  The PSC disagrees with Taishan's characterization that the settlement is unrelated to the drywall defects alleged by Plaintiffs.  Indeed, the document directly pertains to Taishan's notice of problems with its

---

[4] For the Court's convenience, Exhibit 197 is attached hereto UNDER SEAL as Exhibit "D".

5

drywall products imported to the United States, in particular, Florida, where 1,700 cases are pending before Judge Cooke.  Given the extraordinary number of homes built in Florida with Taishan's defective drywall, Taishan's suggestion that a settlement with a major supplier of drywall in the region regarding its defective drywall is "unrelated" to this litigation defies credulity.  The matter is relevant both as to notice and the truth of the matter asserted therein.

The testimony regarding the Guardian Settlement Agreement and the Settlement Agreement itself should not be confidential.

### B. CNBM and the BNBM Entities' Mediation Statement filed by a Taishan Affiliate Should Not Be Confidential

CNBM and the BNBM entities have repeatedly refuted their contacts giving rise to personal jurisdiction in the United States.  Despite their defense, this Court found that personal jurisdiction attached to these defendants in its Orders of April 21, 2017 (Rec. Doc. 20739) and November 30, 2017 (Rec. Doc. 21088).  Having controlled Taishan's actions, these defendants adhere to the notion that their behind-the-scenes efforts to avoid this Court's authority should remain forever camouflaged and cloaked in the darkness of their improper confidentiality designations.  In violation of this Court's Contempt Order, these defendants continued to pursue commerce in the United States during the contempt period and used the judicial system in the United States to establish their commercial rights.  This practice is evidenced by Exhibit 82, the mediation statement of CNBM Import & Export and CNBM Forest Products (Canada).[5]

The defendants contend that the mediation statement should remain confidential because of the strong interests mediation serves.  The fact is, however, that the privacy concerns

---

[5] For the Court's convenience, Exhibit 82 is attached hereto UNDER SEAL as Exhibit "E".

6

addressed to that mediation are now long since passed. That mediation ended four years ago. The matter is stale and there can be no chilling effect on matters that have since thawed.

The defendants' remaining contentions that the document is protected from disclosure by Louisiana and Oregon statutes, LA. STAT. ANN. § 9:4112(A) and OR. REV. STAT. § 36.220(1)(a), are easily dispatched. For starters, the documents have already been produced; the only question is whether they should remain confidential. On this score, the Louisiana Statute provides an exception to the mediation privilege where "other legal requirements for disclosure of communication or materials" are met. *See* LA. STAT. ANN. § 9:4112(D).[6] *See also Cleveland Const. Inc. v. Whitehouse Hotel Ltd. P'ship*, No. CIV.A. 01-2666, 2004 WL 385052, at *2 (E.D. La. Feb. 25, 2004) ("In addition, the Mediation Act does not impose an absolute bar against discovery of documents otherwise protected by its provision. . . . I find that the settlement agreement must be produced[.]"). Similarly, Oregon's statute analogously recognizes that "[t]he terms of any mediation agreement are not confidential." OR. REV. STAT. § 36.220 (2)(a).

Since the production of the mediation statement has already occurred, and the confidentiality of the document no longer applies, Exhibit 82 should be unsealed.

## III. CONCLUSION

For the reasons set forth above, the JIA Tongchun and PENG Shiliang depositions (Exhibits 10 & 197) should be de-designated as requested. Further, the CNBM mediation

---

[6] Section 9:4112(D) provides: "If this Section conflicts with other legal requirements for disclosure of communications or materials, the issue of confidentiality may be presented to the court having jurisdiction of the proceedings to determine, in camera, whether the facts, circumstances, and context of the communications or materials sought to be disclosed warrant a protective order or whether the communications or materials are subject to disclosure."

statement (Exhibit 82) should also be unsealed.  Finally, a Show Cause hearing should be held to determine whether the confidentiality of any of the remaining exhibits at issue should continue.

Dated:  December 14, 2018            Respectfully submitted,

> By: */s/ Russ M. Herman*
> Russ M. Herman (La Bar No. 6819) (on the brief)
> Leonard A. Davis (La Bar No. 14190) (on the brief)
> Stephen J. Herman (La Bar No. 23129)(on the brief)
> Charles M. King (La Bar No. 34621) (on the brief)
> Herman, Herman & Katz, LLC
> 820 O'Keefe Avenue
> New Orleans, LA 70113
> Phone: (504) 581-4892
> Fax: (504) 561-6024
> RHerman@hhklawfim.com
> *Plaintiffs' Liaison Counsel MDL 2047*
>
> Arnold Levin (on the brief)
> Fred S. Longer (on the brief)
> Sandra L. Duggan (on the brief)
> Keith J. Verrier (on the brief)
> Levin Sedran & Berman LLP
> 510 Walnut Street, Suite 500
> Philadelphia, PA 19106
> Phone: (215) 592-1500
> Fax: (215) 592-4663
> alevin@lfsblaw.com
> *Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Robert M. Becnel,
Law Office of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 359-6101
Fax: (985) 651-6101
robbecnel@aol.com

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Highway, Suite B
Laplace, LA 70068
Phone: (985) 536-1186
Fax: (985) 536-6445
schristina@becnellaw.com

Peter Prieto
Podhurst Orseck, PA
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
pprieto@podhurst.com

Bruce William Steckler
Steckler Gresham Cochran
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Phone: (972) 387-4040
Fax: (972) 387-4041
bruce@stecklerlaw.com

Patrick Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
patrick@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, PA
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
The Lambert Firm
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@thelambertfirm.com

Pete Albanis
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Myers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
palbanis@forthepeople.com

James R. Reeves, Jr.
Reeves & Mestayer, PLLC
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@rmlawcall.com

Christopher A. Seeger
Seeger Weiss, LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com


Daniel K. Bryson
Whitfield, Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5002
dan@wbmllp.com


Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com


Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com


Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com


**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 14th day of December, 2018.

      */s/ Leonard A. Davis*
      Leonard A. Davis
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      Ldavis@hhklawfirm.com
      Plaintiffs' Liaison Counsel
      MDL 2047

      *Co-Counsel for Plaintiffs*