# EXHIBIT B

# Fred Longer

| | |
|---|---|
| **From:** | Fred Longer |
| **Sent:** | Monday, November 12, 2018 5:40 PM |
| **To:** | 'Eikhoff, Christy Hull' |
| **Cc:** | Sandra L. Duggan; Lenny Davis; Pearl Robertson (probertson@irpinolaw.com); Emma Kingsdorf Schwab; Harry Rosenberg; Lawson, Matt |
| **Subject:** | RE: Confidentiality Motion |

Christy,
I now see those portions of the JIA deposition (with orange highlighting) that Taishan contends should remain confidential (178:14-21; 179:21-180:9; 180:19-181:6; 182:15-188:15; 212:1-3).
The PSC maintains that those questions of Mr. JIA could have easily been asked in the abstract and the witness's testimony obtained without any justifiable objection.
Similarly, the mere fact of the Guardian Settlement is material and relevant to notice to Taishan and its knowledge of problems with defective drywall. Thus, the document and designated testimony of Mr. PENG should not be confidential.
We therefore maintain our position that both matters should be disclosed and the seal on these matters be lifted. Accordingly, we will continue our challenge on these subjects over which Taishan, as the party asserting confidentiality, has the burden of proof.
I am grateful that we at least were able to agree to the lifting of confidentiality over Mr. JIA's declaration (Exhibit 198).
Thank you.
FSL

**From:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Sent:** Monday, November 12, 2018 4:57 PM
**To:** Fred Longer <FLonger@lfsblaw.com>
**Cc:** Sandra L. Duggan <sduggan@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Pearl Robertson (probertson@irpinolaw.com) <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>; Harry Rosenberg <rosenbeh@phelps.com>; Lawson, Matt <Matt.Lawson@alston.com>
**Subject:** RE: Confidentiality Motion

Fred, perhaps I attached the wrong copy to the last email. The attached PDF definitely has orange highlighting on it, starting with page 178 at lines 14-21 and on subsequent select pages. Please advise if you are not seeing the orange, and we will get you page and line numbers instead.

**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
**Sent:** Monday, November 12, 2018 2:59 PM
**To:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Cc:** Sandra L. Duggan <sduggan@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Pearl Robertson (probertson@irpinolaw.com) <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>; Harry Rosenberg <rosenbeh@phelps.com>; Lawson, Matt <Matt.Lawson@alston.com>
**Subject:** RE: Confidentiality Motion

Christy, I do not see anything highlighted in orange in the attachment you sent to me. In fact, what you sent me looks identical to the marked-up version I sent you on October 31, 2018, including the gray-designated testimony that I had previously agreed to keep confidential, where the examining attorney asks, "Was the statement that I read truthful?" Did you intend to attach a different document? If it is easier for you to just send me page and line designations of what you contend should be excluded, please send just that. Thank you. FSL

1

PS. You may want to ask Harry for advice on marking things in color. I understand he's good with hot PINK. (Just kidding, of course)

**From:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Sent:** Monday, November 12, 2018 12:15 PM
**To:** Fred Longer <FLonger@lfsblaw.com>
**Cc:** Sandra L. Duggan <sduggan@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Pearl Robertson (probertson@irpinolaw.com) <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>; Harry Rosenberg <rosenbeh@phelps.com>; Lawson, Matt <Matt.Lawson@alston.com>
**Subject:** RE: Confidentiality Motion

Fred,

Thank you for your last response. We have not reached agreement because the PSC's challenge continues to exceed the bounds of this Court's prior orders. It also bears repeating that a confidentiality designation under PTO-1 does not prevent access by parties or any of their counsel. The PSC has apparently misinterpreted this provision in prior communications in which the PSC has attempted to justify its confidentiality challenges by referring to the need to communicate documents to parties and their counsel as the cases are remanded. Given that the litigants and their counsel have full access to these challenged materials, unlimited publication of the challenged materials is not justified.

Judge Fallon's May 5, 2015 Order, which rejected a prior PSC attempt at unlimited publication, confirmed the continued confidentiality of the contents of the attorney-client communications produced by Hogan Lovells. Many of the deposition excerpts that you are now challenging (which you highlighted in yellow in the transcript you attached to your email below) directly quote or closely paraphrase the contents of those protected documents. Plaintiffs do not get around Judge Fallon's order simply by having the examining attorney repeat the words of the protected document in the form of a question. (Lest there be any doubt that the questioning is pulled directly from the protected documents, one need look no further than line 23 on page 178. Following an attorney question that you seek to publicize, the examining attorney asks, "Was the statement *that I read* truthful?"). We have highlighted in orange the portions of the transcript that we contend paraphrase and discuss the contents of the protected documents, and thus should remain confidential (in addition to the gray-highlighted portions that you agree should remain confidential). If you insist on seeking to publish that content, we welcome the opportunity to let Judge Fallon determine the appropriate treatment.

We also welcome the Court's intervention in your refusal to accept our limited redaction of testimony discussing a private settlement agreement – a topic that has absolutely no nexus whatsoever to the portions of the transcript that the PSC cited in the filings that are the subject of its pending confidentiality motion. (Let's set aside that your current confidentiality motion references the wrong filings and assume that it references the reply brief at Rec Doc 20680.) The only portion of the transcript that the PSC cited to in its reply brief is not even witness testimony; rather, it is an excerpt of remarks by Judge Fallon. Of course, we have no objection to that public use. It makes no sense to us that the PSC is seeking to publicize a completely unrelated portion of the transcript that has nothing whatsoever to do with the purposes for which the PSC cited the transcript in the first place. To the extent the plaintiffs and their counsel may find discussion of a prior private settlement agreement interesting, they already have access to it. And filing the transcript under seal is not necessary because we have provided you with a redacted copy of the transcript that can be filed publicly. We have offered a reasonable solution, and invite you to meet us in this compromise for the sake of resolution. Otherwise, we will have another issue to present to the Court.

Please let us know if you wish to resolve this dispute on the terms we have proposed, or if you will press forward with your challenge. As you know, we will need to brief this issue in December if it cannot be resolved by agreement.

Christy Hull Eikhoff
Alston & Bird, LLP
404-881-4496 direct

404-881-7000 main
Assistant: Scott Bobo (scott.bobo@alston.com)
Christy.eikhoff@alston.com

**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
**Sent:** Wednesday, October 31, 2018 2:03 PM
**To:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Cc:** Sandra L. Duggan <sduggan@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Pearl Robertson (probertson@irpinolaw.com) <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>; Harry Rosenberg <rosenbeh@phelps.com>; Lawson, Matt <Matt.Lawson@alston.com>
**Subject:** RE: Confidentiality Motion

Christy,

I appreciate your efforts to accommodate the PSC's concerns. That said, we still disagree with certain positions you have taken about the Jia and Peng depositions.

As to Mr. Jia, my point to you was that we were not aware of a court order prohibiting all *testimony* taken while questioning about confidential documents. The Court's May 5, 2015 Order that you provided addresses the use of documents only. Because you may not have appreciated the distinction I was making, I am attaching a marked-up deposition of Mr. Jia which we would propose to file and use. Therein, the yellow highlighted portions designate that testimony we submit is not confidential and challenge your October 23, 2015 designations, and the gray highlighted portions reflect those portions which we agree to redact. As I previously noted, we have no qualms redacting those portions identified in Bernard Taylor's letter of October 23, 2015, relating to Mr. Jia's health. Of course, this agreement is not a waiver of the PSC's later use any portion of deposition testimony, even if redacted, under appropriate circumstances.

As to Mr. Peng, I have reviewed your marked-up version of his testimony. We disagree with your position about the confidential nature of the Guardian settlement and propose that nothing be redacted. On this point, we may be at an impasse, but please let us know if Taishan still contends that there exists no public interest exception applicable to the issues discussed and the Settlement Agreement.

Finally, I am pleased that we have reached agreement that Mr. Jia's Declaration (Exb. 198) should no longer be maintained as confidential.

Thank you.
FSL

Frederick S. Longer
Levin Sedran & Berman LLP
510 Walnut Street
Suite 500
Philadelphia, PA 19106
215-592-1500


**From:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Sent:** Monday, October 29, 2018 3:52 PM
**To:** Fred Longer <FLonger@lfsblaw.com>
**Cc:** Sandra L. Duggan <sduggan@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Pearl Robertson (probertson@irpinolaw.com) <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>; Harry Rosenberg <rosenbeh@phelps.com>; Lawson, Matt <Matt.Lawson@alston.com>
**Subject:** RE: Confidentiality Motion

Hi Fred,

Our concerns are not entirely satisfied by your email. Taking each of the issues in turn,

1) The PSC previously challenged the highly confidential designation of de-privileged attorney-client communications, and Judge Fallon directly rejected that challenge. I've attached the order, which was referenced in the confidentiality designation letter we attached to our last email to you. The PSC has consistently respected Judge Fallon's decisive order on this point, so it is surprising to hear now that you take the position that you all "believe" that discovery materials on that topic are subject to unsealing. We hope rereading the order will discourage the PSC from seeking to relitigate a point that was already challenged and decided.

2) There is no confusion on our part about the record documents that you referenced in your most recent confidentiality motion. While it is true that you subsequently introduced the document at issue in your reply memorandum, the pending confidentiality motion makes no reference or citation to that reply filing. At best, the motion you filed contained erroneous docket references, and you may want to correct them as we go forward.

   As to the substance of the Peng S. deposition excerpt in your reply brief (that you are now proffering as the subject of your confidentiality challenge), the extent of the PSC's use from that deposition is a quote from *Judge Fallon* (not the witness) spanning one page of the transcript. It has nothing to do whatsoever with the separate and unrelated passage discussing a prior private settlement agreement. Therefore, the challenge to confidentiality has nothing to do with the passage Plaintiffs used in the litigation, and we think the reasonable solution here is to redact the challenged lines and have the remainder of the testimony publicly available. For your convenience, we have attached a redacted copy of the Peng S. transcript that you can publicly file.

3) As above, the record citation you now provide was nowhere to be found in your motion. That said, subject to a correction of the record, and in the spirit of compromise and resolution, we do not oppose the unsealing of Jia's declaration.

We hope this resolves the confidentiality challenge for Taishan.

Christy Hull Eikhoff
Alston & Bird, LLP
404-881-4496 direct
404-881-7000 main
Assistant: Scott Bobo (scott.bobo@alston.com)
Christy.eikhoff@alston.com

---

**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
**Sent:** Thursday, October 25, 2018 11:27 AM
**To:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Cc:** Sandra L. Duggan <sduggan@lfsblaw.com>; Lenny Davis <LDAVIS@hhklawfirm.com>; Pearl Robertson (probertson@irpinolaw.com) <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>; Harry Rosenberg <rosenbeh@phelps.com>
**Subject:** RE: Confidentiality Motion

Christy,
I have received your email of October 23, 2018. Notwithstanding yesterday's Order by the Court granting our motion, which we recognize to have been entered prematurely, I have the following responses to Taishan's concerns:

4

1) JIA's deposition - We believe that Mr. Jia's testimony regarding Hogan Lovell's documents is not privileged and subject to unsealing. We would be happy to review the order of Judge Fallon which you believe applies to this testimony. It was not identified in your email and ask that you provide it to us. We will not contest the testimony regarding Mr. JIA's health as being confidential.
2) PENG's deposition (Exhibit 197) – We disagree that the discussion of a private settlement between Taishan and Guardian Building Products and Exhibit 9 should remain under seal. This matter is dated and stale, and there is a public interest in the subject matter. This material was disclosed in our reply brief at Rec Doc 20680. You are correct that the material was not identified in Russ Herman's initial affidavit, but the exhibit was later introduced in our reply brief. I trust this clears up any confusion on your part.
3) JIA's declaration (Exhibit 198), like Exhibit 197, was appended to our Reply brief at 20680.   The declaration should not be under seal as nothing stated therein is confidential.

Please let me hear from you as to whether you agree whether any of these documents should now be unsealed. We are, of course, amenable to working with you to revise the entry of yesterday's order, and I understand that you have spoken to Sandy already to address the issue.
Thank you.
FSL


**From:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Sent:** Tuesday, October 23, 2018 4:55 PM
**To:** Sandra L. Duggan <sduggan@lfsblaw.com>; LDAVIS@hhklawfirm.com; Pearl Robertson <probertson@irpinolaw.com>; Emma Kingsdorf Schwab <eschwab@bkc-law.com>
**Cc:** Lawson, Matt <Matt.Lawson@alston.com>; harry.rosenberg@phelps.com
**Subject:** Confidentiality Motion

Sandy, Lenny, Pearl & Emma,

Per our conversation before last week's MDL status conference, I have assembled some notes on the three "Taishan items" listed for de-designation in your October 9 confidentiality motion. Please review and let me know if this resolves any dispute over these three items.

### Deposition of JIA Tongchun dated 9/17-18/2015
- In accordance with the protective order, Taishan designated specific portions of the deposition transcript as confidential and then served that letter on the PSC and the court reporter back in October 2015 (see the attached email correspondence).
- The confidentiality designations cover two topics: discussion of confidential Hogan Lovells' docs (which Judge Fallon has ruled are properly marked as **highly confidential**) and discussions re: Chairman Jia's personal health, which Taishan designated as **confidential**.
- The PSC's brief (Rec. Doc. 20032 - attached) at issue for this Motion does not cite to the portions that Taishan designated as confidential
- Therefore, there appears to be no dispute over the confidentiality of the cited portions of this transcript.

### Exhibit 197 - Deposition of Peng Shiliang dated 1/11/2012
- Hogan Lovells' confidentiality designation log for this deposition is attached. There are only two items that are marked as confidential:
    - Pages 99:5 through 111:15 – discussion of the $380,000 settlement between Taishan and Guardian Building Products
    - Exhibit 9 – the settlement and release agreement between Taishan and Guardian Building Products
- The PSC does not cite to this deposition in the brief that their confidentiality motion relates to (Rec. Doc. 20032 – attached) and there is not an Exhibit 197 attached to the R. Herman affidavit in Rec. Doc. 20032.
- Therefore, it is not clear to us why the PSC is moving to challenge these designations.

5

**Exhibit 198 - 8/31/2015 Sworn declaration of Jia Tongchun**
- This declaration was produced as a part of a brief that was filed entirely under seal on August 31, 2015 (Rec. Doc. 19425). Judge Fallon granted the motion to file that brief (and its exhibits) entirely under seal (Rec. Doc. 19430).
- The PSC's Motion says this declaration was part of their supplemental contempt brief (Rec. Doc. 20032) as Exhibit 198, but Exhibit 198 is not listed in that brief and this declaration is not cited.
- Therefore, it is not clear to us why the PSC is moving to challenge these designations.

Christy Hull Eikhoff
Alston & Bird, LLP
404-881-4496 direct
404-881-7000 main
Assistant: Scott Bobo (scott.bobo@alston.com)
Christy.eikhoff@alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

6