UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | CIVIL ACTION<br><br>MDL NO. 2047<br><br>SECTION L (5) |
| THIS DOCUMENT RELATES TO:<br>*Elizabeth Bennett, et al. v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al.*, No. 14-2722 | * * * | |

# CASE MANAGEMENT ORDER

I. **Plaintiff Fact Sheet ("PFS")**: A PFS, attached to this Order, with the requested documents, shall be submitted to Defendants using Brown Greer's Portal within sixty [60] days from of the date of this Order. The PFS shall be verified and have the force and effect of a response to a Request for Admissions under Federal Rule of Civil Procedure 36. Any party may move for a Rule to Show Cause as to why any claim should not be dismissed for failure to cure any deficiency/answers in the PFS.

II. **Plaintiff Depositions**: Plaintiff depositions must be taken within two hundred ten (210) days from the date of this Order.

III. **Third Party Discovery.**

   a. **Third Party Discovery.** Third party discovery must be completed within two hundred ten (210) days from the date of this Order.

IV. **Defendant Discovery**.

   a. **Completed Defendant Discovery**. Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record; millions of documents have been exchanged in discovery; and dozens of depositions have been taken here in the United States and in Germany, Hong Kong, and other locations. All of this information has been received by Plaintiffs through counsel of record in the form of a trial package submitted by the Plaintiff Steering Committee (R. Doc. 21275). The trial package consists of appended documents, depositions, and work product of the PSC.

   b. **Additional Defendant Discovery**. Based on the above completed defendant discovery, any additional defendant discovery will be permitted only after

plaintiffs show a good faith basis under Rule 16 that it was not available through prior discovery and is essential to the claims of the Fifth Amended Complaint.[1]

    **c. Conclusion of Defendant Discovery**. The Plaintiffs shall conclude discovery of Defendants, if any, including depositions, within two hundred ten (210) days from the date of this Order.

**V. Expert Schedule**. The following schedule shall apply to expert witness discovery:

    **a. Plaintiff Generic and Case Specific Expert Reports**. No later than two hundred ten (210) days from the date of this Order, plaintiffs shall designate and provide reports by their expert witnesses for the trials.

    **b. Defendant Generic and Case Specific Expert Reports**. No later than two hundred ten (210) days from the date of this Order, defendants shall designate and provide reports by their expert witnesses for the trials.

    **c. Rebuttal Reports**. The Parties shall be allowed a rebuttal expert report only upon a showing of good cause to the Court.

    **d. Depositions**. At the time of the submission of the expert report, each expert shall indicate no fewer than three dates the expert is available for deposition. Expert depositions shall conclude no later than forty-five (45) days following submission of their respective expert report. At least ten (10) days prior to the deposition, the expert shall produce all files, documents and reliance materials subject to discovery under the Federal Rules.

The limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)–(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases.

**VI. Dispositive Motions**.

    **a. Motions and Briefs**: All motions and briefs must be submitted by within two hundred seventy (270) days from the date of this order. Response in Opposition Briefs: All responses in opposition to briefs must be submitted thirty (30) days after filing of any dispositive motion.

    **b. Reply Briefs**: All reply briefs must be submitted fifteen (15) days after the filing of any opposition to a dispositive motion.

---

[1] The Court notes that currently pending is Plaintiffs' motion for leave to file a Sixth Amended Complaint. R. Doc. 21938. The motion is set for submission on December 19, 2018. In the event the Court grants Plaintiffs' motion for leave to file the Sixth Amended complaint, this case management order will remain in effect and shall apply to the Sixth Amended Complaint.

    c. **Hearing and Argument (if necessary)**: Hearing and argument, if necessary, will be scheduled individually by the Court.

VII. **Trials**.

    a. The Court will schedule any and all trials following the close of discovery and rulings on dispositive motions.

**IT IS ORDERED** that the parties adhere to the Case Management Order as outlined above.

New Orleans, Louisiana, this 18th day of December, 2018.

_____
**ELDON E. FALLON**
United States District Judge

# PLAINTIFF FACT SHEET

**Purchase, Sale and/or Transfer of Ownership of Property**

• On what date did you purchase the Property?

• When you took ownership of the Property, what was the name of the seller? Name and address of the realtor? Name and address of closing agent?

• What was the price of the home when you purchased it?

• Was it an "as-is" sale?

• If you sold or transferred ownership of the Property, what was the name of the purchaser? Name and address of the realtor? Name and address of closing agent?

• If you sold or transferred ownership of the Property, what was the price paid for home?

**Appraisal of the Home**

• Date of each appraisal:

• Please produce copies of any and all appraisals performed on the house both prior and subsequent to the occurrence of any of the events alleged in the petition.

**Discovery of Drywall**

• Date that the property was constructed and/or renovated that installed the allegedly defective Chinese Drywall.

• Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify that there is defective Chinese Drywall in the Property.

**Manufacturer/Seller of Drywall**

• Who sold or distributed the drywall in the house?
• Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify the manufacturer of drywall installed in the house. The submission must be in the form of PTO 1(B).

**Damages**

• Identify any harm, financial or otherwise, that you contend was caused by defective Chinese Drywall installed in the property.

1

• If you contend that you entered personal bankruptcy as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

• If you contend that you entered short sale and/or foreclosure as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

• If you claim loss of income, please produce any copies of any and all documentation upon which you intend to rely upon to prove this claim.

• If you claim diminution of the property as a result of Chinese Drywall, state with particularity each fact which supports your claim.

• Identify the appliances, fixtures and/or other electronics, if any, that you claim were damaged by Chinese Drywall in the property.

• If you vacated the property because of the alleged presence of Chinese Drywall, please provide:

    o Address of each location you stayed thereafter:

    o Time periods in which you resided at each location:

    o Moving costs and/or alternative living expenses you claim to have incurred as a result of the alleged presence of Chinese Drywall:

    o Please provide any documentation to support your claims.

• Are you claiming damages for personal injury?

• If you suffered personal injuries as a result of the alleged presence of Chinese Drywall,

    o Date you allege that you first sustained personal injuries as a result of your exposure to allegedly defective Chinese Drywall.

    o What specific injuries have you suffered?

    o Name and address of any doctor, physician, surgeon, chiropractor, or osteopath who examined and/or treated your alleged injuries:

**Potential Witnesses/Evidence**

• Has any written or recorded statement been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injures referred to in the petition, and for each statement identified?

• If so, please state:

   o The name, address, and telephone number of the person from whom the statement was taken:

   o The name, address, and telephone number of the person who took the statement:

   o The name, address, and telephone number of the party having custody of such statement:

   o The date the statement was taken:

   o The name, address, and telephone number of the person who took the statement:

   o The name, address, and telephone number of the party having custody of such statement:

   o The date the statement was taken:

**Already Remediated Properties**

• If you already remediated the Property, who conducted the remediation? When did the remediation occur?

Commencement date: _____ and end date:_____.

• What was the scope of the remediation and the scope of work carried out?

• What costs or expenses, if any, did you incur related to the remediation of the Property?

• Were any samples from the remediation retained? If so, were the samples compliant with PTO 1(B)?

• Were any photographs taken of the allegedly defective Chinese Drywall? If so, were the photographs compliant with PTO 1(B)?

• Please produce the following documentation concerning remediation of the Property:

   o Any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the Property prior to remediation.

   o Interior photographs of the Affected Property immediately prior to the commencement of, and following completion of, the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom,

3

and, to the extent possible, security systems, appliances and audio such as surround sound.

☐ The photographs do not need to be pictures taken specifically for the litigation. For example, family photographs or photographs taken for purposes of refinancing a mortgage are acceptable in the absence of other photographs.

o The remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including, but not limited to, manufacturer, model number, and quantity.

o An itemized invoice from the contractor who performed the remediation work ("Itemized Invoice") showing the scope of work carried out.

o Proof of payment of the Itemized Invoice and any other expenses, such as cancelled checks, credit card statements, etc.

o A floor plan of the Affected Property with dimensions.

o An Environmental Certificate.

o An Owner Disclosure Affidavit in the form attached as Exhibit 1, which includes a certification that the materials provided comprise all of the available documentation regarding the following:

☐ The drywall that was in the Affected Property prior to the commencement of the remediation; and

☐ The scope, extent, and cost of the remediation.