201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:       504.636.4000

www.bakerdonelson.com

KERRY J. MILLER
Shareholder
Direct Dial:        (504) 566-8646
Facsimile:         (504) 585-6946
Email:             kjmiller@bakerdonelson.com

***CONFIDENTIAL POSITION PAPER ***

March 16, 2018

**Via Email**
Dan Balhoff
Perry, Balhoff, Mengis & Burns, LLC
2141 Quail Run Drive
Baton Rouge, LA 70808
Balhoff@pabmb.com

RE:
1. CDO Investments, 1374 Cathedall Avenue, Northport, FL
2. CDO Investments, 4698 Globe Terrace, Northport, FL
3. CDO Investments 2063 Vancouver Lane, Northport, FL
4. MCF Enterprises, 1933 Wanda Avenue, North Lehigh Acres, FL
5. MCF Enterprises, 2511 17th Street, South West Lehigh Acres, FL
6. MCF Enterprises, 900 Tena Avenue, North Lehigh Acres, FL
7. MCF Enterprises, 3505 9th Street, West Lehigh Acres, FL
8. MCF Enterprises, 343 Ranchito Avenue, Lehigh Acres, FL
9. Mohamed and Bibi Latiff, 1943 SE 22nd Drive, Homestead, FL
10. Mohamed and Bibi Latiff, 1898 SE 23rd Court, Homestead, FL
11. Doodnauth Bahadur, 1925 SE 22nd Court, Homestead, FL
12. Asset Portfolio, 1305 E. 9th Street, Lehigh Acres, FL
13. Thomas and Martha Williams, 301 Intrepid Drive, Slidell, LA
14. Andrew Kubick, 2802 21st Street, Lehigh Acres, FL
15. Eric and Colleen Asch, 138 St. Clair Drive, Simons Island, GA
16. Paul and Rebecca McIntyre, 15922 Innerarity Point, Pensacola, FL

Page 2

<u>**CONFIDENTIAL POSITION PAPER**</u>

Dear Mr. Balhoff:

Pursuant to the Knauf Class Settlement Agreement, the Knauf Defendants[1] submit the following confidential position paper regarding the ARH claims listed above.

**I.     Background**

        ***a.    Knowledge or Failure to Conduct Reasonable Inquiry into Presence of Chinese Drywall***

The Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL 2047 (the "Old Claims Settlement Agreement") defines the Class as owners "who, as of December 9, 2011, filed a lawsuit in the Litigation as a named plaintiff…."  If Claimants did not file a lawsuit (or even own Affected Property) on or before December 9, 2011, then they are not class members and their claims cannot be settled pursuant to the Old Claims Settlement Agreement.

However, the Knauf Defendants agreed to accept claimants that gave notice prior to October 25, 2013, pursuant to the Settlement Agreement, regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL 2047 (Rec. Doc. 16978-1) (the "New Claims Settlement Agreement").  Therefore, if a Claimant did not meet the deadline in the Old Claims Settlement Agreement, but otherwise made a claim prior to October 25, 2013, the Claimant is controlled by the New Claims Settlement Agreement, which does not provide benefits to claimants who purchased a property with knowledge that it contained Chinese drywall or who did not make a reasonable inquiry into the presence of Chinese drywall.

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH, Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft KG, PT Knauf Gypsum Indonesia, or Knauf Gips KG.

Page 3

Under the New Claims Settlement Agreement:

Any [Claimant] who purchased the Affected Property with knowledge that there was reactive Chinese Drywall in the Affected Property, or who purchased after December 9, 2009 and failed to make a reasonable inquiry, is not eligible for benefits under this Agreement….

### b.      Failure to Preserve and Present Evidence Pursuant to KCSA and PTO 1(B)

All Claimants are subject to the Knauf Class Settlement Agreement, which mandates that the review of Already Remediated Home (ARH) claims are done pursuant to PTO 1(B).  PTO 1(B) establishes that all Claimants are required to preserve and present physical evidence by following a few basic procedures, including but not limited to  "photograph[ing] the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs."

Under the Knauf Class Settlement Agreement, failure to preserve and present evidence in accordance with the PTO 1(B) can result in "disallowance" of a claim.[2] The Knauf Class Settlement Agreement states in pertinent part: "The Special Master and the Court will take into consideration, in determining whether to allow a claim…whether the Owner has complied with MDL Pretrial Order 1B… for preservation of evidence."[3] Further, subject to review by the Special Master or the Court, "the failure to preserve evidence as required by law will result in

---

[2] *See*, Knauf Class Settlement Agreement; Exhibit A at IV(d)(4).
[3] *Id.*

Page 4

disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim."[4]

## II.    Position of Knauf Defendants

As set forth more fully below, all listed Claimants are ineligible to receive settlement benefits under the Knauf Class Settlement Agreement because (1) Claimants purchased property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry;[5] and/or (2) Claimants failed to comply with the preservation protocols of the Knauf Class Settlement Agreement, PTO 1(B) and the Already Remediated Properties Protocol, which has resulted in insufficient evidence of the presence of KPT Chinese drywall in Affected Property and prejudiced the Knauf Defendants in a determination of the claim.  Therefore, all listed Claimants should be denied settlement benefits.

### 1. CDO Investments, 1374 Cathedall Avenue

CDO Investments acquired the property at 1374 Cathedall Avenue on December 21, 2012.[6] On December 17, 2012, CDO obtained contractor proposals for the remediation of Chinese Drywall in the property.[7]  However, according to the CDO's PPF, Chinese drywall was determined on January 8, 2013.[8] The property was purportedly remediated between January and

---

[4] *Id.*
[5] To examine this issue, the Knauf Defendants requested purchase documents and disclosures from the Claimants through counsel.  However, the information was never submitted to the Knauf Defendants and the Knauf Defendants were only able to obtain certain publicly available information such as deeds. *See* Composite Exhibit F (Email Requests and Sales Docs).
[6] Exhibit CDO 1374-2 (PPF).
[7] Exhibit CDO 1374-1 (Contractor Proposal). The proposal amount is the exact same amount for the proposal for CDO's claim for 4698 Globe Terrace.
[8] Exhibit CDO 1374-2 (PPF).

Page 5

March 2013 by Superior Contracting, LLC.[9]   There was no third-party inspection that confirmed the presence of KPT Chinese drywall or a percentage of KPT drywall.

Because CDO did not even own the property on or before December 9, 2011, the claim is not controlled by the Old Claims Settlement Agreement.  Instead,  CDO Investments can only seek to be a Claimant to the New Claims Settlement Agreement.[10]

The purchase date calls into question whether Claimant had knowledge of Chinese drywall, as the purchase occurred after the execution of the Knauf Class Settlement Agreement, and over three years after formation of MDL 2047.  Further, the Claimant obtained contractor proposals and commenced remediation of the property immediately after the purchase.[11]   In fact, the claimant obtained proposals for the remediation of the purported Chinese drywall prior to the date listed as the date Chinese drywall was determined by the Claimant.[12]  Therefore, the Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant did not provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall.  Based on the facts above and  Claimant's failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall.  Therefore, the claim is barred under the Knauf Class Settlement Agreement.

---

[9] Superior Contracting completed all of remediations and removed all of the drywall for claims submitted by CDO, MCF, Asset Portfolio, and Kubick.
[10] As CDO is no longer the owner of this property, it is technically no longer a valid claimant under the New Claims Settlement Agreement.
[11] Exhibit CDO 1374-1 (Contractor Proposal).
[12] Exhibit CDO 1374-2 (PPF).

Alternatively, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 190 boards that would be contained in the property, only one (1) board was presented.[13]  Based on the lack of evidence of the existence of KPT drywall in the Property and Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.   Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

## 2. CDO Investments, 4698 Globe Terrace

Following its remediation of 1374 Cathedall Avenue, CDO purchased property at 4698 Globe Terrace on May 15, 2013 for $75,000.00.[14] However, according to CDO, it did not determine that there was Chinese drywall in the property until May 22, 2013.[15] Following the discovery, CDO received a contractor proposal on May 27, 2013,[16] and remediated the property between June and September 2013. CDO sold the property on November 12, 2013 for $148,000.[17]

CDO Investments seeks to be a Claimant to the New Claims Settlement Agreement.[18]  The purchase date calls into question whether Claimant had knowledge of Chinese drywall, as the purchase occurred after the execution of the Knauf Class Settlement Agreement, and over three

---

[13] Exhibit CDO-1374-3 (Drywall Evidence).  Further, through its review of the files, the Knauf Defendants believe that this is possibly the same picture of the board presented by MCF Enterprises as evidence of KPT for property located at 900 Tena Avenue. *See* Composite Exhibit A.   As noted here and throughout, all improper evidence is related to homes that were remediated by Superior Contracting for CDO, MCF, Asset Portfolio, and Kubick.
[14] Composite Exhibit F.
[15] Exhibit CDO 4698-1 (PPF).
[16] Exhibit CDO 4698-2 (Contractor Proposal). The proposal amount is the exact same amount for the proposal for CDO's claim for 1374 Globe Terrace.
[17] Composite Exhibit F.
[18] As CDO is no longer the owner of this property, it is technically no longer a valid claimant under the New Claims Settlement Agreement.

Page 7

years after formation of MDL 2047. Like CDO's purchase and remediation of 1374 Cathedall Avenue, the Claimant obtained contractor proposals and commenced remediation of the property immediately after the purchase of the property.[19] Based on these facts, and the fact just two months prior CDO purchased and completed a Chinese drywall remediation on a different property, the Knauf Defendants requested purchase documents and disclosures from Claimant. However, Claimant failed to provide any information regarding the purchase of the property, or any inquiry made by Claimant into the presence of Chinese drywall within the property. Based on the facts above and Claimant's failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Claimant has also failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 190 boards that would be contained in 4698 Globe Terrace, only one (1) indicative board was presented by the Claimant.[20] Based on the lack of evidence of the existence of KPT drywall in the Property and Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim. Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

---

[19] Exhibit CDO 4698-2 (Contractor Proposal).
[20] Exhibit CDO 4698-3 (Drywall Evidence).

### 3. CDO Investments 2063 Vancouver Lane

CDO Investments purchased property at 2063 Vancouver Lane on May 27, 2013 for $75,000, which was less than two weeks after CDO purchased 4698 Globe Terrace and two months after it completed a Chinese drywall remediation on 1374 Cathedall Avenue.[21] According to CDO, it did not determine Chinese drywall in the property until June 1, 2013,[22] but it received a proposal on May 30, 2013,[23] and remediated the property between June and September of 2013. One month later, on October 2, 2013, the property was sold for $149,900.[24]

This CDO claim is controlled by the New Claims Settlement Agreement.[25] Like, the previous two CDO properties, the contemporaneous dates of the purchase, contractor proposals, and remediation, as well as the close proximity in time to CDO's other purchases of alleged CDW properties calls into question whether CDO purchased the property with knowledge of Chinese drywall.   Further, the purchase occurred after the execution of the Knauf Class Settlement Agreement,  over three years after formation of MDL 2047.  Again, the Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant failed to provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall. Based on the facts above and Claimant's failure to provide purchase documentation, disclosures, or  information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable

---

[21] Composite Exhibit F.
[22] Exhibit CDO 2063-1 (PPF).
[23] Exhibit CDO 2063-2 (Contractor Proposal).
[24] Composite Exhibit F.
[25] As CDO is no longer the owner of this property, it is technically no longer a valid claimant under the New Claims Settlement Agreement.

Page 9

inquiry into the presence of Chinese drywall.  Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Furthermore, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 190 boards that would be contained in the 2063 Vancouver property, only one (1) board was presented.[26]   Based on the lack of evidence of the existence of KPT drywall in the Property and Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.  Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

### 4. MCF Enterprises, 1933 Wanda Avenue

MCF Enterprises purchased property at 1933 Wanda Avenue on January 26, 2012 for $52,000.[27]  On February 5, 2012 MCF alleges it determined the presence of Chinese drywall, and on February 7, 2012, it obtained a contractor proposal for the remediation.[28]   The property purportedly started remediation on February 24, 2012 and was completed by July 2012.  MCF sold the property on July 27, 2012 for $110,000.00.[29]

MCF seeks to be a Claimant to the New Claims Settlement Agreement.[30]   The purchase date calls into question whether Claimant had knowledge of Chinese drywall as the purchase occurred after the execution of the Knauf Class Settlement Agreement and over two years after formation

---

[26] Exhibit CDO 2063-3 (Drywall Evidence).
[27] Composite Exhibit F.
[28] Exhibit MCF 1933-1 (PPF).
[29] Composite Exhibit F.
[30] As MCF is no longer the owner of this property, it is technically no longer a valid claimant under the New Claims Settlement Agreement.  Furthermore, this property was not listed on any prior term sheet agreement agreed to by the Knauf Defendants and current plaintiffs' counsel.

Page 10

of MDL 2047.  Further, the Claimant obtained contractor proposals and commenced remediation of the property almost immediately after the purchase and then promptly sold the property for a substantial profit.[31]   Given the potential knowledge issues, the Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant failed to provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall. Based on the facts above and Claimant's failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall.   Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Claimant also failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).  Of the approximately 220 boards that would be contained in the property, no boards were presented in compliance with PTO 1(B).[32]  Further, for purported evidence that was submitted, it included the parts of the same  evidence  submitted by MCF for property located at 2511 17th Street.[33]   In any event, based on the lack of evidence of the existence of KPT drywall in the Property and Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been

---

[31] Exhibit MCF 1933-2 (Proposal).
[32] It appears from the submission on Brown Greer that documentation for  MCF's claim for 900 Tena Avenue was inadvertently submitted for this property.
[33] Exhibit MCF 2511-2 (Drywall Evidence).  Composite Exhibit B.  It also is possible another board submitted as evidence was also submitted for  2511 17th Street and Kubick's claim for 2802 21st Street.  Composite Exhibit C.

Page 11

prejudiced in a determination of the claim.   Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

**5. MCF Enterprises, 2511 17th Street**

Less than three months after completing its remediation of 1933 Wanda Avenue, MCF Enterprises purchased property at 2511 17th Street on October 18, 2012 for $36,900.00.[34]  On October 20, 2012 MCF alleges it determined the presence of Chinese drywall, and on October 24, 2012, it obtained a contractor proposal for the remediation.[35]   The property purportedly started remediation on November 26, 2012 and was completed by April 2013.  There was no third-party inspection that confirmed the presence of KPT Chinese drywall or a percentage of KPT drywall.

MCF seeks to be a Claimant to the New Claims Settlement Agreement.  The quick succession in dates of purchase, contractor proposals, and remediation of the property raise issues regarding whether the property was purchased with prior knowledge of Chinese drywall. Also, Claimant was well aware of the Chinese drywall issues in the area, because it bought an alleged Chinese drywall property located at 1933 Wanda Avenue just months earlier.  Given the knowledge issues and as a New Claims Agreement Claimant, the Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant failed to provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall.   Based on the facts above and Claimant's failure to provide purchase documentation, disclosures,  or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant

---

[34] Composite Exhibit F.
[35] Exhibit MCF 2511-1 (PPF and Proposal).

Page 12

purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall.  Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Alternatively, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 210 boards that would be contained in the property, no boards were presented in compliance with PTO 1(B).  Further, regarding the  purported evidence that was submitted, it was the same insufficient evidence of the boards that were submitted for MCF's claim for property located at 1933 Wanda Avenue.[36] In any event, based on the lack of evidence of the existence of KPT drywall in the Property and Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim. Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

## 6. MCF Enterprises, 900 Tena Avenue

A year after purchasing 1933 Wanda Avenue, and while 2511 17th Street was undergoing remediation, MCF Enterprises purchased property located at 900 Tena Avenue on February 25, 2013 for $60,000.00.[37]   On March 2, 2013 MCF alleges it determined the presence of Chinese drywall, and on March 5, 2013, it obtained a contractor proposal for the remediation.[38]   The property purportedly started remediation in March 2013 and was completed in June 2013.  There

---

[36]Exhibit MCF 2511-2 (Drywall Evidence). Composite Exhibit B.
[37] Composite Exhibit F.
[38] Exhibit MCF 900-1 (PPF and Contractor Proposal).

Page 13

was no third-party inspection that confirmed the presence of KPT Chinese drywall or a percentage of KPT drywall.

MCF seeks to submit this claim to the New Claims Settlement Agreement. The dates of purchase, contractor proposals, and remediation of the property indicate the property was likely purchased with prior knowledge of Chinese drywall. Further, MCF purchased this property after it had previously purchased and remediated two other properties with the alleged presence of Chinese drywall. Based on the knowledge issues and as a New Claims Agreement Claimant, the Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant failed to provide any information regarding the purchase of the property, or any inquiry made by Claimant into the presence of Chinese drywall.    Based on the facts above and Claimant's failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Alternatively, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 220 boards that would be contained in the property, no boards were presented in compliance with PTO 1(B). Further, for purported evidence that was submitted, it was insufficient evidence of the same boards that were submitted for CDO Investments' claim for property located at 1374 Cathedall Avenue.[39] Moreover, evidence in this property indicate

---

[39] Exhibit MCF 900-2 (Drywall Evidence); Exhibit CDO 1374-3 (Drywall Evidence). Composite Exhibit A.

Page 14

the presence of other (non-KPT) Chinese drywall.[40]  In any event, based on the lack of evidence

of the existence of KPT drywall in the property and Claimant's failure to preserve and present

evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement

Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.

Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under

the Knauf Class Settlement Agreement.

**7. MCF Enterprises, 3505 9th Street**

A day after it purchased 900 Tena Avenue, MCF Enterprises purchased its fourth

purported Chinese drywall property, located at 3505 9th Street, on February 26, 2013 for the

rock-bottom price of $60,000.[41] On the same day it purchased the property, MCF allegedly

determined the property contained Chinese drywall and obtained a proposal for the remediation

of the property.[42]  There was no third-party inspection that confirmed the presence of KPT

Chinese drywall or a percentage of KPT drywall.

MCF seeks recovery for this claim pursuant to the New Claims Settlement Agreement.

Like 900 Tena Avenue, there are significant knowledge issues raised by the relevant dates of

purchase and remediation, along with the fact MCF previously purchased and remediated homes

alleging presence of Chinese drywall.   Despite the Knauf Defendants' requests, Claimant did not

provide any information regarding the purchase of the property, or any inquiry made by

Claimant into the presence of Chinese drywall.     Therefore, it is the Knauf Defendants' position

that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to

---

[40] Exhibit MCF 900-2 (Drywall Evidence).
[41] Composite Exhibit F.
[42] Exhibit MCF 3505-1 (PPF and Contractor Proposal).

Page 15

conduct a reasonable inquiry into the presence of Chinese drywall.  Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Like the other MCF claims, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).  Of the approximately 220 boards that would be contained in the property, evidence of only a single KPT board was presented.[43]  Further, for the purported KPT board submitted as evidence, the picture provided clearly indicates that this board was incorrectly submitted, and is in fact the same board used as KPT evidence for Asset Portfolio's claim.[44]  Further, it appears to be the same board presented as evidence for MCF's claim for 343 Ranchito.[45]  In any event, MCF failed to present evidence in compliance with PTO 1(B) and the Knauf Class Settlement Agreement.   Based on Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim. Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

**8. MCF Enterprises, 343 Ranchito Avenue**

MCF's fifth property was purchased after previously knowing it bought four other purported Chinese drywall properties.   MCF Enterprises purchased property located at 343 Ranchito Avenue on March 28, 2013 for $60,300.[46] On April 2, 2013 MCF alleges it determined the presence of Chinese drywall, and on April 9, 2013, it obtained a contractor proposal for the remediation. The property purportedly started remediation in April 2013 and was completed July

---

[43] Exhibit MCF 3505-2 (Drywall Evidence).
[44] Exhibit Asset 1305-1 (Drywall Evidence and Inspection Report); Composite Exhibit D.
[45] Exhibit MCF 343-2 (Drywall Evidence); Exhibit MCF 3505-2 (Drywall Evidence); Composite Exhibit E.
[46] Composite Exhibit F.

Page 16

2013.[47] One month after completing remediation, MCF sold the property on August 16, 2013 for $124,900.00.[48] There was no third-party inspection that confirmed the presence of KPT Chinese drywall or a percentage of KPT drywall.

MCF seeks to submit this claim pursuant to the New Claims Settlement Agreement.[49] Like all other MCF claims, there are significant knowledge issues raised by the relevant dates of purchase and remediation, along with the fact MCF previously purchased and remediated homes alleging presence of Chinese drywall. Despite the Knauf Defendants' requests, Claimant did not provide any information regarding the purchase of the property, or any inquiry made by Claimant into the presence of Chinese drywall. Therefore, it is the Knauf Defendants' position that Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Like the other MCF claims, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1B. Of the approximately 240 boards that would be contained in the property, only one board presented indicates KPT drywall.[50] Further, for purported evidence that was submitted, it appears to be the same insufficient evidence of the board that was submitted for MCF's claim for property located at 3505 9th Street.[51] In any event, MCF failed to present evidence in compliance with PTO 1(B) and the Knauf Class Settlement Agreement. Based on Claimants' failure to preserve and present evidence of KPT Chinese drywall in accordance with

---

[47] Exhibit MCF 343-1 (Contractor Proposal; PPF).
[48] Composite Exhibit F.
[49] As MCF is no longer the owner of this property, it is technically no longer a valid claimant under the New Claims Settlement Agreement.
[50] Exhibit MCF 343-2 (Drywall Evidence).
[51] Exhibit MCF 3505-2 (Drywall Evidence). Composite Exhibit E.

Page 17

PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim. Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

**9. Mohamed and Bibi Latiff, 1943 SE 22nd Drive**

JS Carpentry Inc. purchased[52] property located at 1943 SE 22nd Drive as a foreclosure on August 25, 2011 or November 8, 2011.[53] The Latiffs allege that individuals moved into the property on August 25, 2011 or in June 2012.[54] The Latiffs' company - JS Carpentry Inc. allegedly owned the property at this time, completed the remediation and then transferred the property into the Latiff's names.[55] As owners of a remediation/construction company in south Florida, there is an inference that they would be aware of the prevalent issues of Chinese drywall in the area during this time.

The Latiffs did not file a suit prior to December 9, 2011, and therefore claimant seeks to have the claim paid under the New Claims Settlement Agreement. The purchase by a construction company of a South Florida property in foreclosure (which are commonly known to have preexisting defect issues) and the purchase date calls into question whether Claimants had knowledge of Chinese drywall, as the purchase occurred two years after the formation of MDL 2047. Therefore, the Knauf Defendants requested purchase documents and disclosures from Claimants, but Claimants failed to provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall. Based on Claimant's failure to provide the requested information on the purchase, disclosures, and

---

[52] Composite Exhibit F. The remediation company owned by the Latiffs, J.S. Carpentry Inc., actually owned the property.
[53] Latiff 1943 -1 (PPF and Sworn Affidavit).
[54] *Id*.
[55] Latiff 1943-2 (J.S. Carpentry Invoice).

Page 18

information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimants purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall.  Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Notwithstanding the knowledge issues, Claimants are also barred from recovery because they failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).  Of the approximately 390 boards that would be contained in the property, none were presented in compliance with PTO 1(B).  The only evidence submitted was a single, partial, detached KPT board.[56] Based on the lack of evidence of the existence of KPT drywall in the Property and Claimants' failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.  Therefore, the Knauf Defendants submit that Claimants' ARH claim is not compensable under the Knauf Class Settlement Agreement.

**10.  Mohamed and Bibi Latiff, 1898 SE 23rd Court**

JS Carpentry Inc. purchased[57] property located at 1898 SE 23rd Court on February 8, 2013, a year and a half after they purchased and then remediated the 1943 SE 22nd Drive property with purported presence of Chinese drywall. In March 2013, one month after the remediation, JS Carpentry Inc. sold the property.[58] The two properties are less than a mile from one another.

---

[56] Exhibit Latiff 1943-3. (Drywall Evidence).
[57] Composite Exhibit F. Technically, the Latiffs did not purchase the property.  The remediation company, which is owned by the Latiffs, purchased the property.
[58] Composite Exhibit F.  As the Latiffs no longer own the property (and appear they never did), they are technically no longer a valid claimant under the New Claims Settlement Agreement.

Page 19

Again, as owners of a remediation/construction company in south Florida, there is an inference that they would be aware of the prevalent issues of Chinese drywall in the area during this time.

Like the 1943 SE 22nd Drive property, the Latiffs' claim for 1898 SE 23rd Court seeks to be paid under the New Claims Settlement Agreement. The purchase date calls into question whether Claimant had knowledge of Chinese drywall, as the purchase occurred after the execution of the Knauf Class Settlement Agreement and over three years after formation of MDL 2047. Further, the Claimant obtained contractor proposals and commenced remediation of the property almost immediately after the purchase.[59] Therefore, the Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant failed to provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall. Based on the facts above and Claimant's failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Alternatively, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 390 boards that would be contained in the property, only one (1) installed board was presented.[60] Based on the lack of evidence of the existence of KPT drywall in the Property and Claimants' failure to preserve and present evidence of KPT Chinese drywall in

---

[59] Exhibit Latiff 1898-1 (Contractor Proposal).
[60] Exhibit Latiff 1898-2 (Drywall Evidence).

accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim. Therefore, the Knauf Defendants submit that Claimants' ARH claim is not compensable under the Knauf Class Settlement Agreement.

**11. Doodnauth Bahadur, 1925 SE 22nd Court**

Doodnauth Bahadur purchased property at 1925 SE 22nd Court on April 13, 2011, following the prior owner going into foreclosure.[61] The Bahadurs did not file a suit prior to December 9, 2011, and therefore claimant seeks the claim to be paid under the New Claims Settlement Agreement. The Knauf Defendants requested purchase documents and disclosures from Claimant, but Claimant failed to provide any information regarding the purchase of the property or any inquiry made by Claimant into the presence of Chinese drywall. Based on Claimant's failure to provide the requested information on the purchase, disclosures, and information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Alternatively, Claimant is also barred from recovery because they failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 350 boards that would be contained in the property, none were presented in compliance with PTO 1(B) and only two (2) could be confirmed of KPT.[62] Based on the lack of evidence of the existence of KPT drywall in the Property and Claimants' failure to preserve and present evidence of KPT Chinese drywall in

---

[61] Composite Exhibit F.
[62] Exhibit Bahadur 1925-1 (Drywall Evidence).

Page 21

accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.  Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

**12. Asset Portfolio, 1305 E. 9th Street**

Asset Portfolio purchased property at 1305 E. 9th Street in June 2011 for $34,000.[63]  One month prior, the prior owner signed his own PPF regarding Chinese drywall in the property.[64] Superior Contracting remediated the property from July to September 23, 2011. Two weeks later, on October 7, 2011,  Asset Portfolio sold the property for $84,800.[65]  This claim is subject to the Old Claims Agreement provision, which means Claimants with actual knowledge of the presence of Chinese drywall are barred from recovery.   Pursuant to the Knauf Class Settlement Agreement, the Knauf Defendants requested the purchase documents and disclosures to determine whether the property was purchased with prior knowledge of the presence of Chinese drywall.   However, Claimant did not provide any information regarding the purchase of the property.  In fact, an inspection report identifying Chinese drywall (not KPT) in the property was submitted that pre-dates Claimant's June 2011 purchase by almost two years.[66] Therefore, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and failed to produce evidence that it did not have knowledge of Chinese drywall when it purchased the 1305 E 9th Street Property.

Notwithstanding the knowledge issues, Asset Portfolio is precluded from recovering because it failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).  Of the approximately

---

[63] Composite Exhibit F. A corrective warranty deed was later issued in September 2011.  *Id.*
[64] Exhibit Asset 1305 -2 (PPFs).
[65] Composite Exhibit F.
[66] Asset 1305-1 (Drywall Evidence and Inspection Report).

Page 22

180 boards that would be contained in the property, no evidence was presented in accordance with PTO 1(B).  Instead, claimant submitted insufficient evidence indicative of a single KPT board years after the inspection report.[67] Further, for the single purported KPT board submitted as evidence, the Knauf Defendants have identified that this is the ***same exact*** evidence that was also submitted in support of MCF's ARH claim for 3505 E. 9th Street.[68] In any event, Asset failed to present evidence in compliance with PTO 1(B) and the Knauf Class Settlement Agreement.   Based on Claimants' failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.   Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

**13. Thomas and Martha Williams, 301 Intrepid Drive**

Williams filed their claim after December 2011, and therefore must seek benefits from the New Clams Settlement Agreement.  Williams' claim is barred from recovery because they failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B).  Of the approximately 270 boards that would be contained in the property, none were presented in compliance with PTO 1(B).  The only evidence submitted was a single, partial, detached KPT board.[69] Based on the lack of evidence of the existence of KPT drywall in the Property and Claimants' failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a

---

[67] Exhibit Asset 1305 -1 (Drywall Evidence and Inspection Report).
[68] Exhibit MCF 3505-2 (Drywall Evidence); Composite Exhibit D.
[69] Exhibit Williams 301-1 (PPF and Drywall Evidence).

Page 23

determination of the claim. Furthermore, there is no evidence that the Williams are owed any Reimbursable Costs because there is no evidence that they paid for the remediation.[70]  Therefore, the Knauf Defendants submit that Claimants' ARH claim is not compensable under the Knauf Class Settlement Agreement.

### 14. Andrew Kubick, 2802 21st Street

Andrew Kubick purchased property at 2802 21st Street on February 6, 2012 for $54,500,[71] allegedly determined the property had Chinese drywall the same day, obtained a contractor proposal for a remediation from Superior Contracting the very next day, and commenced remediation of the property soon thereafter.[72]  Two months after the remediation was completed, Kubick sold the property for $95,000.[73]

Kubick seeks to be a Claimant to the New Claims Settlement Agreement.[74]  The purchase date calls into question whether Claimant had knowledge of Chinese drywall as the purchase occurred after the execution of the Knauf Class Settlement Agreement and almost three years after formation of MDL 2047.  Further,  Claimant obtained a remediation proposal a day after the purchase and commenced remediation of the property almost immediately after the purchase.[75]  Therefore, the Knauf Defendants requested purchase documents and disclosures from Claimant to inquire as to potential knowledge of Chinese drywall or failure to conduct a reasonable inquiry.  However,  Claimant failed to produce any information regarding the purchase of the property, the disclosures, or any information regarding any inquiry made by Claimant into the

---

[70] Exhibit Williams 301-2 (Invoice).
[71] Composite Exhibit F.
[72] Kubick 2802-1 (PPF).
[73] Composite Exhibit F.
[74] As Kubick is no longer the owner of this property, it is technically no longer a valid claimant under the New Claims Settlement Agreement.
[75] Exhibit Kubick 2802 -2 (Contract Proposal).

Page 24

presence of Chinese drywall. Based on the facts above and Claimant's failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall.   Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Alternatively, Claimant failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 210 boards that would be contained in the property, only one (1) board was presented.[76]   Further, it appears that the insufficient evidence for Kubick is possibly the same evidence presented by MCF for its claim for 1933 Wanda Avenue and 2511 17th Street.[77] Nonetheless, based on the lack of evidence of the existence of KPT drywall in the Property and Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.   Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.

### 15. Eric and Colleen Asch, 138 St. Clair Drive

Eric and Collen Asch purchased property located at 138 St. Clair Drive in May 2012 from Deutsche Bank National Trust, and remediated the property between September 2012 and March 2013.[78]   Therefore, claimants seek to have the claim paid pursuant to the New Claims Settlement Agreement.   Like other cases, based on the late purchase date, the Knauf Defendants

---

[76] Exhibit Kubick 2802-3 (Drywall Evidence).
[77] Exhibit MCF 1933 -3 (Drywall Evidence); Exhibit MCF 2511-2 (Drywall Evidence); Composite Exhibit C.
[78] Exhibit Asch 138-1 (PPF and Drywall Evidence).

Page 25

sought additional information regarding prior knowledge of Chinese drywall and/or inquiry made into the presence of Chinese drywall prior to purchase. However, Claimants failed to provide any information regarding the purchase of the property or any inquiry made by Claimants into the presence of Chinese drywall. Based on the facts above and Claimants' failure to provide purchase documentation, disclosures, or information regarding any inquiry into the presence of Chinese drywall prior to purchasing, it is the Knauf Defendants' position that the Claimants purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Nonetheless, Claimants are separately barred from recovery because they failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 310 boards that would be contained in the property, no boards were presented in compliance with PTO 1(B). The limited evidence submitted indicates four (4) possible KPT boards.[79] Based on Claimants' failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B) and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim. Therefore, the Knauf Defendants submit that Claimants' ARH claim is not compensable under the Knauf Class Settlement Agreement.

**16. Paul and Rebecca McIntyre, 15922 Innerarity Point**

Sundance LLC purchased 15922 Innerarity Point and determined in May 2010 that the property contained Chinese drywall.[80] Sundance made claims in MDL 2047 and subsequently

---

[79] Exhibit Asch 138-1 (PPF and Drywall Evidence).
[80] Exhibit McIntyre 15922-1 (PPF and Sundance PPF and Inspection Report).

Page 26

sold the property to the current claimants, Paul and Rebecca McIntyre, for $69,900. McIntyre purchased the property in March 2013,[81] which was three years after Sundance determined the presence of Chinese drywall, over three years after the formation of MDL 2047, and two years removed from the execution of the Knauf Class Settlement Agreement. According to claimant, he discovered Chinese drywall a week after purchasing the property.[82]

The Knauf Defendants requested information regarding the purchase between Sundance and McIntyre, the disclosures, and information regarding any inquiry made by McIntyre into the presence of Chinese drywall. However, Claimant did not produce any information regarding the purchase, disclosures, or Claimant's inquiry into the presence of Chinese drywall prior to his purchase. Therefore, based on the facts above and the Claimant's failure to provide information regarding his purchase of the property and any inquiry into the presence of Chinese drywall, it is the Knauf Defendants' position that the Claimant purchased the property with knowledge of Chinese drywall and/or failed to conduct a reasonable inquiry into the presence of Chinese drywall. Therefore, the claim is barred under the Knauf Class Settlement Agreement.

Alternatively, McIntyre is precluded from recovering because he failed to preserve and present evidence in compliance with the Knauf Class Settlement Agreement, the Already Remediated Properties Protocol, and PTO 1(B). Of the approximately 150 boards that would be contained in the property, evidence of only twelve (12) KPT boards was presented in accordance with PTO 1(B) by the former homeowner.[83] Therefore, McIntyre failed to present evidence in compliance with PTO 1(B) and the Knauf Class Settlement Agreement. Based on Claimant's failure to preserve and present evidence of KPT Chinese drywall in accordance with PTO 1(B)

---

[81] Composite Exhibit F.
[82] Exhibit McIntyre 15922-1 (PPF and Sundance PPF and Inspection Report).
[83] Exhibit McIntyre 15922-2 (Drywall Evidence).

Page 27

and the Knauf Class Settlement Agreement, the Knauf Defendants have been prejudiced in a determination of the claim.  Therefore, the Knauf Defendants submit that Claimant's ARH claim is not compensable under the Knauf Class Settlement Agreement.[84]

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC


 _/s/ Kerry J. Miller_
KERRY J. MILLER

---

[84] The Knauf Defendants also dispute the Reimbursable Costs asserted by the claimants based on poor documentation.  Should any of the claims be compensable at all, they must be limited to the amount of Reimbursable Costs multiplied by the percentage of KPT in the respective property, as determined by the Special Master. Already Remediated Properties Protocol, Section IV(C).  As set forth above, the KPT percentage for each property should be 0%.   Furthermore, because most, if not all of these properties appear to be Commercial Property under the Knauf Class Settlement Agreement, claimants are not entitled to the lump sum payment.  Knauf Class Settlement Agreement, Section 4.3.1.1.   Instead, soft costs and other claimed costs outside the scope of Reimbursable Costs should be sought from the Other Loss Fund, Section 4.7 of the Knauf Class Settlement Agreement.  If a KPT percentage is determined, the Knauf Defendant reserve rights to submit additional briefing and argument, if helpful to the Court, on the amount of each respective claims Reimbursable Costs and eligibility to the lump sum payment under the Knauf Class Settlement Agreement.