# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION,

THIS DOCUMENT RELATES TO:

THE MITCHELL COMPANY, INC.,
individually and on behalf of others similarly
situated
                                        Plaintiff,

vs.

KNAUF GIPS KG, a German corporation;
KNAUF PLASTERBOARD (TIANJIN CO.,
LTD., a Chinese limited liability corporation;
TAISHAN GYPSUM CO., LTD. (f/k/a
Shandong Taihe Dongxin Co., Ltd.), a Chinese
limited liability corporation); INTERIOR &
EXTERIOR BUILDING SUPPLY, L.P., a
limited partnership; and RIGHTWAY
DRYWALL, INC., a Georgia corporation,

                                        Defendants.

MDL Docket No. 2047

SECTION L
JUDGE FALLON
MAG. JUDGE WILKINSON


Case No. 09-cv-4115

## TAISHAN'S OPPOSITION TO MITCHELL'S RENEWED MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

I.    Introduction ......................................................................................................... 1

II.   Procedural History ............................................................................................ 2

III.  Argument ........................................................................................................... 5

      A.   Beazer Cannot Serve As a Class Representative with Mitchell. ........................... 5

      B.   The Court Cannot Certify a Class Because Mitchell Has Failed

           Fundamental Conceptual and Procedural Rule 23 Requirements ......................... 7

           1.   This Is Individual, Not Representative, Litigation ...................................... 7

           2.   Mitchell Failed To Present Actual Evidence To Satisfy Rule 23. ........... 10

      C.   Mitchell Failed to Prove the Rule 23(a) Factors. ................................................... 13

           1.   Mitchell Failed To Prove Numerosity With Evidence. ........................... 13

           2.   No Common Issues Remain To Be Litigated. ......................................... 15

           3.   Mitchell Is Admittedly Not Typical of The Damages Class ................... 16

           4.   Mitchell Is An Inadequate Representative Because Its Damages

                Are Unique. ........................................................................................ 19

      D.   Mitchell Failed to Prove the Rule 23(b)(3) Factors. ............................................. 20

           1.   Mitchell Has Not Established Predominance of Common Issues. ........... 20

           2.   Mitchell Has Not Established Superiority ............................................... 24

IV.   Conclusion ......................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                          PAGE(S)

*Alabama v. Blue Bird Body Co.*,
    573 F.2d 309 (5th Cir. 1978) .................................................................................7

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)...............................................................................8, 10, 20, 24

*Bell Atlantic Corp. v. AT&T Corp.*,
    339 F.3d 294 (5th Cir. 2003) ..............................................................7, 21, 22, 23

*Berger v. Compaq Comput. Corp.*,
    257 F.3d 475 (5th Cir. 2001) ........................................................................19, 20

*Bevrotte v. Caesars Entm't Corp.*,
    2011 U.S. Dist. LEXIS 114463 (E.D. La. Oct. 4, 2011) .................................24, 25

*Bradford v. Sears, Roebuck & Co.*,
    673 F.2d 792 (5th Cir. 1982) .................................................................................16

*Brown v. Electrolux Home Prods., Inc.*,
    817 F.3d 1225 (11th Cir. 2016) ...............................................................................8

*Butler v. Sears, Roebuck & Co.*
    727 F.3d 796 (7th Cir. 2013) ...................................................................................9

*Calabrese v. CSC Holdings, Inc.*,
    2009 U.S. Dist. LEXIS 134944 (E.D.N.Y. Feb. 2, 2009).....................................13

*Califano v. Yamasaki*,
    442 U.S. 682 (1979)................................................................................................8

*Carrabba v. Randalls Food Mkts., Inc.*,
    191 F. Supp. 2d 815 (N.D. Tex. 2002) ...................................................................6

*Castano v. Am. Tobacco Co.*,
    84 F.3d 734 (5th Cir. 1996) ......................................................................... passim

*Cole v. Gen. Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) ................................................................................23

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013).................................................................................8, 11, 12, 16

*Corley v. Orangefield Indep. Sch. Dist.*,
    152 F. App'x 350 (5th Cir. 2005) ........................................................22

*Daffin v. Ford Motor Co.*,
    458 F.3d 549 (6th Cir. 2006) .............................................................9

*Davis v. Hutchins*,
    321 F.3d 641 (7th Cir. 2003) ...........................................................12

*Fleming v. Travenol Labs., Inc.*,
    707 F.2d 829 (5th Cir. 1983) ...........................................................13

*Gen'l Tel. Co. v. Falcon*,
    457 U.S. 147 (1982)..........................................................................10

*Gene & Gene LLC v. BioPay LLC*,
    541 F.3d 318 (5th Cir. 2008) ...........................................................21

*Haab v. City of Bossier City*,
    2018 U.S. Dist. LEXIS 38312 (W.D. La. Mar. 8, 2018) ..................14

*IKO Roofing Shingle Prods. Liab. Litig.*,
    757 F.3d 599 (7th Cir. 2014) .............................................................9

*In re Am. Med. Sys.*,
    75 F.3d 1069 (6th Cir. 1996) ...........................................................19

*In re Brand Name Prescription Drugs Antitrust Litig.*,
    115 F.3d 456 (7th Cir. 1997) .............................................................6

*In re Chinese-Manuf. Drywall Prod. Liab. Litig.*,
    753 F.3d 521 (5th Cir. 2014) .....................................................2, 3, 9

*In re Chinese-Manuf. Drywall Prod. Liab. Litig.*,
    894 F. Supp. 2d 819 (E.D. La. 2012) ................................................3

*In re Deepwater Horizon*,
    739 F.3d 790 (5th Cir. 2014) ...........................................................22

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
    2008 U.S. Dist. LEXIS 107688 (E.D. La. Dec. 29, 2008)................17

*In re Fibreboard Corp.*,
    893 F.2d 706 (5th Cir. 1990) ...........................................................23

*In re HSBC Bank, USA, N.A.*,
    1 F. Supp. 3d 34 (E.D.N.Y. 2014) ...............................................18, 19

*In re Katrina Canal Breaches Consol. Litig.*,
　258 F.R.D. 128 (E.D. La. 2009)........................................................................8

*In re Kosmos Energy Ltd. Sec. Litig.*,
　299 F.R.D. 133 (N.D. Tex. 2014) ...............................................................10, 11

*In re Vioxx Prods. Liab. Litig.*,
　239 F.R.D. 450 (E.D. La. 2006)...................................................17, 18, 20, 23

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
　722 F.3d 838 (6th Cir. 2013) .........................................................................9

*Johnson v. Am. Credit Co.*,
　581 F.2d 526 (5th Cir. 1978) ........................................................................5

*Kase v. Salomon Smith Barney, Inc.*,
　218 F.R.D. 149 (S.D. Tex. 2003)................................................................14

*Kpadeh v. Emmanuel*,
　261 F.R.D. 687 (S.D. Fla. 2009) ...........................................................24, 25

*Lennar Homes, LLC v. Knauf Gips KG, et al.*,
　No. 09-07901 (Fla. 11th Cir. Ct. Aug. 2, 2017)........................................15

*Lloyd v. Philadelphia*,
　121 F.R.D. 246 (E.D. Pa. 1988) ................................................................14

*Madison v. Chalmette Ref., L.L.C.*,
　637 F.3d 551 (5th Cir. 2011) ................................................................20, 23

*McManus v. Fleetwood Enterprises*,
　320 F.3d 545 (5th Cir. 2003) .........................................................................9

*MP Vista, Inc. v. Motiva Enters.*,
　2010 WL 4366025 (E.D. La. Oct. 20, 2010) ...............................................6

*Paternostro v. Choice Hotel Int'l Servs. Corp.*,
　309 F.R.D. 397 (E.D. La. 2015).....................................................................6

*Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*,
　100 F. App'x 296 (5th Cir. 2004) ................................................................21

*Randall v. Rolls-Royce Corp.*,
　637 F.3d 818 (11th Cir. 2011) ......................................................................6

*Robertson v. Monsanto*,
　287 F. App'x. 354 (5th Cir. 2008) .......................................................8, 22, 25

*Schwarzschild v. Tse*,
    69 F.3d 293 (9th Cir. 1995) ........................................................................6

*Simms v. Jones*,
    296 F.R.D. 485 (N.D. Tex. 2013) .............................................................21

*Spector v. Norwegian Cruise Line, Ltd.*,
    2007 WL 2900584 (S.D. Tex. Sept. 30, 2007) ..........................................6

*Spence v. Glock*,
    227 F.3d 308 (5th Cir. 2000) ...................................................................23

*Steering Comm. v. Exxon Mobil Corp.*,
    461 F.3d 598 (5th Cir. 2006) ........................................................8, 16, 22

*Stirman v. Exxon Corp.*,
    280 F.3d 554 (5th Cir. 2002) ...................................................................18

*Unger v. Amedisys Inc.*,
    401 F.3d 316 (5th Cir. 2005) ...................................................7, 10, 19, 20

*Vega v. T-Mobile USA, Inc.*,
    564 F.3d 1256 (11th Cir. 2009) ...............................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ....................................................................11, 13, 15

*Walsh v. Ford Motor Co.*,
    807 F.2d 1000 (D.C. Cir. 1986) ...............................................................23

*Windham v. Am. Brands, Inc.*,
    565 F.2d 59 (4th Cir. 1977) .....................................................................12

*Zeidman v. J. Ray McDermott & Co.*,
    651 F.2d 1030 (5th Cir. Unit A July 1981) ..............................................13

**RULES**

Federal Rule of Civil Procedure 23 .................................................... passim

Federal Federal Rule of Civil Procedure 55 ...............................................12

**STATUTES**

28 U.S.C. § 1407 ...........................................................................................3

**OTHER AUTHORITIES**

William B. Rubenstein, et al., *Newberg on Class Actions* § 1:1 (5th ed. 2018) ............................7

## I.      INTRODUCTION

A single homebuilder, The Mitchell Company, filed this lawsuit to recover its alleged damages from use of Taishan drywall. Mitchell later obtained an entry of default, so that the only issues left to be determined are its entitlement to and amount of any damages. Other homebuilders, including Lennar Homes and Dragas Management Corporation, also brought their own lawsuits against Taishan, obtained defaults, and then settled with Taishan on an individual basis. Rather than pursue that usual course of individual litigation, Mitchell seeks to complicate this case by trying to turn it into representational litigation—a class action. But adjudicating Mitchell's damages will not determine any other homebuilder's damages. Instead, as Mitchell admits, "[m]embers of the proposed builder Class will, to be sure, need to produce evidence of the *amount* of their individual damages." (Memorandum in Support of Builder Plaintiffs' Renewed Motion for Class Certification ("Pls.' Mem.") at 13 [Rec. Doc. 20857-1]). But that is not a class action, just a series of individual mini-trials.

Mitchell's Renewed Motion tries to convey that certification is somehow a foregone conclusion, asserting—without support—that "[t]his case presents near-laboratory conditions for class certification." (Pls.' Mem. at 6). But this case actually presents near-laboratory conditions for the *denial* of class certification. Nothing about this case fits the class-action model or meets any of the Rule 23 factors that Mitchell must prove. Although class actions require adjudication by representation, this damages-only class proposes to litigate each class member's damages individually. Although Mitchell has the burden to establish class certification by a preponderance of the *evidence*, its short, cursory motion offers only allegation and speculation. And Mitchell fails each of the Rule 23(a) and (b) factors:

- Mitchell offers no evidence of a numerous class, and the only evidence shows that the proposed class has just a few members;

- The sole question left for this class—damages—is not common because its adjudication will not provide a common answer at one stroke;

- Mitchell is admittedly not typical of the few identified class members because it did not remediate any properties and likely never paid any money to actual property owners;

- Mitchell is not an adequate class representative because the lawyers, not Mitchell, are driving this litigation, and Mitchell has too few damages to pursue much larger claimed damages for other putative class members;

- The individual damages issues obviously predominate over the non-existent common issues and will require individual mini-trials for each homebuilder;

- Individual lawsuits are the superior way to adjudicate the few homebuilders' substantial monetary claims, which are obviously not negative-value suits.

Mitchell cannot avoid its Rule 23 failures by pointing to *Amorin*. The Court based that certification on its finding that that class had "demonstrated a methodology to calculate class-wide damages." (Class Certification FOFCOL at 31 [Rec. Doc. 18028]). But Mitchell has proposed no class-wide formula, and admitted that each putative class member must pursue its damages individually.

Given the fatal deficiencies of this proposed class generally and Mitchell's weakness as a class representative specifically, proposed class counsel attempts to introduce in its memorandum an "additional proposed class representative Beazer Homes Corporation ('Beazer')." (Pls.' Mem. at 1). But Beazer can neither move for class certification nor serve as a class representative because it is not named in the operative complaint. Mitchell has not moved to amend the complaint, and Beazer has not moved to intervene. But adding Beazer as a formally named plaintiff would just multiply the individual issues and class certification problems because Taishan never defaulted to Beazer and has full litigation rights.

The Court should deny class certification and remand the action for resolution.

## II.   PROCEDURAL HISTORY

On March 6, 2009, Mitchell filed a lawsuit against Knauf, Taishan and others in the Northern District of Florida. *See In re Chinese-Manuf. Drywall Prod. Liab. Litig.*, 753

F.3d 521, 527 (5th Cir. 2014). Mitchell is a homebuilder that alleged that defendants were responsible for the costs of "repair or replacement" of Chinese drywall in homes that it built. (Rec. Doc. 1-1 at 2 (N.D. Fla. Case No. 09-04115)). Mitchell brought that lawsuit as a putative class action.

On June 15, 2009, the JPML created the Chinese Drywall MDL and transferred the case to the Eastern District of Louisiana for "coordinated or consolidated pretrial proceedings" under 28 U.S.C. § 1407. (Rec. Doc. 1). A few weeks later, Mitchell filed an Amended Complaint that purported to expand the alternative class definition to include a nationwide class and alleged in greater detail the type of harm incurred by putative class members. (Rec. Doc. 42). But the Court Clerk marked that filing deficient on July 7, 2009. *Id.*; *see also* Rec. Doc. 15755 at 119 (highlighting that amended complaint was not properly "filed"). After Mitchell moved for entry of default (Rec. Doc. 190, 256), the Court entered default against Taishan on September 23, 2009 (Rec. Doc. 277). The Court later determined that the entry of default related to the original Complaint. (Rec. Doc. 15755 at 119 (ruling that "the Preliminary Default was based upon the only valid complaint filed in the litigation, the original Complaint filed in the Northern District of Florida on March 6, 2009, prior to the case's consolidation with the MDL litigation")).

Starting in 2010, the case was involved in the litigation of preliminary default and personal jurisdiction in coordination with other MDL drywall cases, including *Gross*, *Wiltz*, and *Germano*. *See In re Chinese-Manuf. Drywall Prod. Liab. Litig.*, 894 F. Supp. 2d 819, 831-34 (E.D. La. 2012), *aff'd* 753 F.3d 521 (5th Cir. 2014). The Court ruled for Mitchell and named plaintiffs in other putative class actions on both issues in a 2012 omnibus Order. *Id.* at 903. The Fifth Circuit affirmed the rulings as to *Mitchell* in 2014. *In re Chinese-Manuf. Drywall*, 753 F.3d at 544-545.

During the coordinated proceedings, Mitchell attempted several times to litigate the case-specific issue of Rule 23 certification for a putative homebuilder class. Mitchell filed three deficient Motions to Certify Class in 2009 and 2010. (Rec. Docs. 653/4, 710, and 722). In all three motions, Mitchell was the only class representative, consistent with the Complaint. On January 13, 2010, Mitchell finally filed a conforming class certification motion, proposing only itself as a class representative. (Rec. Doc. 738). Then in July 2010, Mitchell filed another Motion to Certify Class, claiming that the motion was also submitted by Beazer as an "additional proposed class representative." (Rec. Doc. 4566-1 at 1). A few weeks later Mitchell (and allegedly Beazer) attempted to amend that with another deficient filing. (Rec. Doc. 4750). Mitchell (and allegedly Beazer) then moved to amend the proposed class definition a week after that. (Rec. Doc. 5008). The Court later terminated the 2010 Motion to Certify Class. (Rec. Doc. 21336).

After the Fifth Circuit affirmed the Court's *Mitchell* rulings in May 2014, Mitchell did nothing to pursue its claims for more than three years. In July 2017 (more than two years after Taishan reentered the lawsuit), Mitchell (and allegedly Beazer) filed a renewed motion for class certification. (Rec. Doc. 20857). On September 8, 2017, Taishan sent Mitchell's counsel an email with an itemized list of fifteen categories of discovery relating to alleged drywall remediation at properties constructed by Mitchell and by Beazer. (Taishan Discovery Request List [Rec. Doc. 21786-2] (Ex. A)). Over the next fifteen months, Taishan received several productions from Mitchell and Beazer. Mitchell sent Taishan several hundred pages of documents on October 20, 2017, none of which addressed any of the fifteen categories Taishan had identified. (October 25, 2017 Letter at Ex. B). In February 2018, Mitchell produced yet another set of documents that, other than a few letters, were also non-responsive. (February 28, 2018 Letter at Ex. C). In July and August 2018, Taishan received more documents from Mitchell and Beazer.

(July 27, 2018 Letter at Ex. D; August 2, 2018 Letter at Ex. E). Because of the delay in receiving responsive documents, the parties agreed to extend the stipulated discovery and briefing schedule. (Rec. Doc. 21329); (Email at Ex. F).

In November 2018, Taishan deposed Mitchell's Rule 30(b)(6) witness, Chuck Stefan. That witness revealed that, with regard to Taishan drywall, Mitchell was not typical of other homebuilders because Mitchell did not remediate houses, did not replace appliances or other personal property, did not pay to relocate homeowners and did not pay homeowners directly. (Dep. of 30(b)(6) Chester Stefan (Ex. G) at 52:3-8; 54:18-21; 56:7-10; 100:19-22).The witness did not know the amount of Mitchell's claimed damages. *Id*. at 46:5-17.

Taishan then received more production documents in December 2018. On the Friday afternoon prior to the original date of Beazer's 30(b)(6) deposition, Mitchell's counsel informed Taishan that Beazer had "located some additional Environ files." (December 7, 2018 Email at Ex. H). That same day, Beazer produced more than 19,000 documents. To allow Taishan adequate time to review this voluminous new production, the parties agreed to extend the discovery cutoff for a second time. (Rec. Doc. 21954).

Taishan then deposed Beazer's company representative in January 2019. Fifteen minutes before the start of that deposition, Taishan was handed a chart of 48 properties for which Beazer sought damages because it had remediated them directly. The chart purported to identify Beazer's remediation costs and the set-off amounts for each property.

## III.   ARGUMENT

### A.   Beazer Cannot Serve As a Class Representative with Mitchell.

At the threshold, the Court should reject Mitchell's proposal to have Beazer serve as a class representative. Beazer is not a named plaintiff in the *Mitchell* operative complaint and has not moved to intervene. Absent class members can represent a class or a subclass only if they "become

plaintiffs by amendment of the Complaint or by intervention." *See Johnson v. Am. Credit Co.*, 581 F.2d 526, 533 n.13 (5th Cir. 1978). Numerous decisions show that Beazer cannot be considered for the role of class representative unless (1) Mitchell moves to amend the Complaint, *see, e.g.*, *Paternostro v. Choice Hotel Int'l Servs. Corp.*, 309 F.R.D. 397, 401 (E.D. La. 2015) (seeking leave to amend complaint to add additional proposed class representative);[1] or (2) Beazer seeks to intervene, *see, e.g.*, *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (11th Cir. 2011) (describing process of "permissive intervention by an unnamed plaintiff, who if intervention is allowed becomes the named plaintiff and thus the class representative"); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457-458 (7th Cir. 1997) ("If the certified class representative does not adequately represent the interests of some of the class members, those class members . . . can intervene of right and become . . . class representatives."). That case law is consistent with the language of Rule 23(a), which requires that a class member "sue . . . as a representative party" to carry on class litigation, and Rule 23(d)(1)(B)(iii), which requires absent class members "to intervene [to] present claims or defenses."

Here, only Mitchell has sued Taishan. Beazer has not, and cannot serve as a class representative simply because Mitchell "proposed" it in a certification motion. The Court should ignore Mitchell's proposal and proceed to analyze and deny the class certification motion based on Mitchell as the sole putative class representative.[2]

---

[1] *Accord MP Vista, Inc. v. Motiva Enters.*, 2010 WL 4366025, at *2 (E.D. La. Oct. 20, 2010) (same); *Carrabba v. Randalls Food Mkts., Inc.*, 191 F. Supp. 2d 815, 819 (N.D. Tex. 2002) (same); *Spector v. Norwegian Cruise Line, Ltd.*, 2007 WL 2900584, at *1 (S.D. Tex. Sept. 30, 2007) (same).

[2] Beazer's absence from the caption is not a mere technical deficiency but goes to the heart of this action and to the heart of class certification. In this case, Taishan is in preliminary default only to Mitchell because only Mitchell was a named plaintiff at the time. "[A] decision rendered by the district court before a class has been properly certified and notified is not binding upon anyone but the named plaintiffs." *Schwarzschild v. Tse*, 69 F.3d 293, 297 n.5 (9th Cir. 1995). Beazer's presence as a class representative would present myriad individual issues—including most obviously liability—not presented by Mitchell alone. Taishan will explain those issues more if Beazer attempts to intervene.

B.   **The Court Cannot Certify a Class Because Mitchell Has Failed Fundamental Conceptual and Procedural Rule 23 Requirements.**

1.   **This Is Individual, Not Representative, Litigation.**

Mitchell's Renewed Motion fails fundamentally because this case does not qualify as a class action. It is literally hornbook law that "[c]lass actions are a form of representative litigation. One or more class representatives litigate on behalf of those class members, and those class members are bound by the outcome of the representative's litigation." William B. Rubenstein, et al., *Newberg on Class Actions* § 1:1 (5th ed. 2018). The Fifth Circuit has described class litigation as "adjudication by representation." *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) (internal quotation and citation omitted).

But by any name what Mitchell proposes is not a class action.[3] The adjudication of Mitchell's damages will not bind any absent class member. It will not assist in determining the damages of any other putative class member. Instead, as Mitchell admitted, "[m]embers of the proposed builder Class will, to be sure, need to produce evidence of the *amount* of their individual damages."[4] (Pls.' Mem. at 13). So what Mitchell proposes here is merely a series of individual proceedings to determine each putative class member's entitlement to and amount of damages. But "the justification for class certification is absent" if it "will in actuality require a multitude of mini-trials." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 328 (5th Cir. 1978). As discussed below, the Fifth Circuit has held that where the primary or only issue remaining is individual damages, a court should deny certification because those individual issues will predominate, and a class action is not the superior way to determine the individual damages. *See Bell Atlantic Corp.*

---

[3] Indeed, it is unclear what kind of litigation Mitchell *is* proposing because the Renewed Motion never spells it out.

[4] As in the *Amorin* litigation, claimants here would also need to prove claimant-specific entitlement to damages through property-specific proof of Taishan product identification.

*v. AT&T Corp.*, 339 F.3d 294, 307 (5th Cir. 2003) (no predominance); *Robertson v. Monsanto*, 287 F. App'x. 354, 361-62 (5th Cir. 2008) (no superiority).

By proposing to treat individual litigation as class litigation, Mitchell also takes on a series of high hurdles that it never even recognizes and never overcomes. The Supreme Court has declared that class actions are an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). Thus, "the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) (citing *Comcast* and reversing certification in product defect case).[5]

The Fifth Circuit also has a presumption or "general rule" against class certification in defect cases. *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 (5th Cir. 2006); *accord Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996) (noting that "historically, certification of mass tort litigation classes has been disfavored"). As cited frequently in decisions from the Fifth Circuit and many other courts, the Rule 23 advisory committee notes that a mass tort "resulting in injuries to numerous persons is ordinarily not appropriate for a class action." *Steering Comm.*, 461 F.3d at 604 (quoting advisory committee notes and citing similar circuit court cases); *accord In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. 128, 141 (E.D. La. 2009) (Duval, Jr., J.) (highlighting Rule 23 advisory committee notes, which "forewarn courts of the problems with mass tort class actions"). As in other mass tort cases, "the certification in this case does not follow the counsel of caution." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The Court should not certify this class because Mitchell "ha[s] not demonstrated that this

---

[5] Mitchell filed this action within the Eleventh Circuit, and this Court must eventually remand it there.

mass tort has any exceptional features that warrant departing from the general rule [or individual litigation] and treating it as a class action." *Steering Comm.*, 461 F.3d at 604.

Mitchell cannot avoid those general presumptions by string-citing without discussion a few consumer-product cases in which a class has been certified. *See Steering Comm.*, 461 F.3d at 603 (rejecting reliance on decisions certifying mass-tort classes because plaintiffs did "no more than recite the disposition in each of those cases; little effort [was] made to relate the results in those cases to the facts of the case now before this court"). Those cases are all distinguishable. In *McManus v. Fleetwood Enterprises*, which involved an alleged misrepresentation about an RV model's towing capacity, the Fifth Circuit actually held that "[t]he district court *abused its discretion* in certifying the class under Rule 23(b)(3), except with regard to the [plaintiffs'] claim for breach of implied warranty of merchantability." 320 F.3d 545, 546 (5th Cir. 2003) (emphasis added). The one claim upheld is irrelevant here because it was a "contract cause of action," and "the damages sought by the [McManuses] [were] not rooted in the alleged defect of the product as such." *Id.* at 552.

The other citations offer no more support. *Daffin v. Ford Motor Co.* was also a contract, not a tort, claim for which the "threshold issue [was] whether Ford's warranty promise can reasonably be read to cover the alleged defect at issue." 458 F.3d 549, 554 (6th Cir. 2006). Judge Easterbrook's opinion in *IKO Roofing Shingle Prods. Liab. Litig.* actually supports the denial of certification for this damages-only class; that decision recognized that product-failure damages "would require buyer-specific hearings" and "would require confining any class certification to questions of liability." 757 F.3d 599, 603 (7th Cir. 2014). And the two washing machine decisions both fastened on (1) the undecided common liability issue, and (2) the small amount of damages per class member. *See Butler v. Sears, Roebuck & Co.* 727 F.3d 796 (7th Cir. 2013); *In re*

*Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013). Both issues are absent here where liability is not at issue, and Mitchell claims (but can't prove) up to $300,000 in damages. That courts have ever certified defect classes says nothing about whether this Court should certify this disparate class of homebuilders merely to determine damages. It should not.

### 2.    Mitchell Failed To Present Actual Evidence To Satisfy Rule 23.

Mitchell's class certification motion also fails fundamentally because Mitchell's Renewed Motion offered virtually no evidence to meet its affirmative burden to establish the Rule 23 factors. *See Unger*, 401 F.3d at 320 ("The party seeking certification bears the burden of establishing that *all* requirements of Rule 23 have been satisfied."). To confirm that a party has met its affirmative burden of proof, "the Supreme Court requires district courts to conduct a rigorous analysis of Rule 23 prerequisites." *Id.* (citing *Gen'l Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). To make its analysis rigorous, this Court is "required to take a 'close look' at the parties' claims *and evidence* in making its Rule 23 decision." *Id.* at 321 (emphasis added) (quoting *Amchem*, 521 U.S. at 615). "The plain text of Rule 23 requires the court to 'find,' not merely assume, the facts favoring class certification." *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). Thus, "plaintiffs seeking class certification— in any type of case . . . must be prepared to prove *with facts*—and by a preponderance of the evidence—their compliance with the requirements of Rule 23." *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 139 (N.D. Tex. 2014).

Mitchell itself acknowledged that it "must affirmatively prove" the Rule 23 "prerequisites to class certification." (Pls.' Mem. at 4). But the only relevant evidence referenced in the Renewed Motion are two declarations on the undisputed issue that Mitchell's lawyers "are adequate advocates for the Class." *Id.* at 11. As to the other Rule 23 factors—all of which *are* hotly

10

disputed—Mitchell offers no evidence at all.[6] For example, as discussed below, Mitchell offers no actual evidence of the number of potential class members to show numerosity. And Mitchell offers no expert testimony or other evidence of a class-wide damages model that would predominate over the many obvious claimant-specific issues in this damages-only class. *See Comcast*, 569 U.S. at 32 n.4, 36-37 (reversing class certification absent legally relevant expert testimony "to establish that damages could be measured on a classwide basis").[7] Those proof failures are fatal because they not only leave Mitchell's admitted burden of proof unmet, but also block the Court from performing its required rigorous analysis.

Instead of meeting its burden to establish each Rule 23 factor with evidence, Mitchell relies on items that are insufficient in a rigorous analysis. Mitchell may not rely on allegations, as it has done, for example, with regard to numerosity. The Supreme Court has definitively pronounced that Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). And the Fifth Circuit has held that "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano*, 84 F.3d at 744. As the "party seeking class certification," Mitchell "must affirmatively demonstrate [its] compliance with the Rule—that is, [it] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores*, 564 U.S. at 350; *accord Amorin* Class Cert. FOFCOL at 23 [Rec. Doc. 18028] (the class certification "decision is essentially a factual inquiry"). Mitchell had to "produce actual evidence that they are

---

[6] Mitchell's cursory Motion fails to provide the Court with a rigorous analysis of the Rule 23 factors.

[7] Tellingly, Mitchell offers no statement of facts, but only a largely irrelevant "Background and Procedural History." (Pls.' Mem. at 2-4).

entitled to class status." *In re Kosmos Energy*, 299 F.R.D. at 138 (discussing "more restrictive" and "more rigorous approach in the Fifth Circuit").

Mitchell points to the entry of default, (Pls.' Mem. at 5), which is also insufficient to support certification. This Court has already held that "the legal conclusions of Rule 23 are not waived or admitted by default," relying on the same appellate cases cited by Mitchell. (*Amorin* Class Cert. FOFCOL at 22). The Court recognized that "Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." *Id.* (quoting *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003)). Far from pushing certification toward "automatic" as Mitchell implies (Pls.' Mem. at 5), default actually makes it more difficult because the alleged common issues of defect and liability that Mitchell cited are no longer at issue, leaving—as the Court has recognized—"only" the determination of "whether it is appropriate to certify a class under Rule 23 to determine class-wide damages pursuant to Rule 55(b)(2)(B)." (*Amorin* Class Cert. FOFCOL at 22 (quoted in Pls.' Mem. at 5)). But, as discussed below, Mitchell has put forward no method to determine class-wide damages.

That critically distinguishes *Mitchell* from *Amorin* and negates Mitchell's attempt to rely on the fact that "[t]his Court already found that the underlying homeowner claims should proceed on a class basis." (Pls.' Mem. at 6). Although Taishan continues to dispute the *Amorin* findings, they certainly do not "apply with equal force to the claims of the homebuilders," as Mitchell claims. *Id.* Most obviously, the Court found in *Amorin* that "[t]he Plaintiffs have demonstrated a methodology to calculate class-wide damages." (*Amorin* Class Cert. FOFCOL at 31). But in *this* damages-only proceeding, Mitchell offers no class-wide damages methodology, much less the required expert evidence to meet their affirmative burden "to establish that damages could be

measured on a classwide basis." *Comcast*, 569 U.S. at 32 n.4. Mitchell doesn't even suggest that

such a methodology exists. And even if it did, that would be insufficient. "Given the plaintiffs'

burden, a court cannot rely on assurances of counsel that any problems with predominance or

superiority can be overcome." *Castano*, 84 F.3d at 742 (citing *Windham v. Am. Brands, Inc.*, 565

F.2d 59, 70 (4th Cir. 1977)). In the absence of affirmative evidence on that, and on other Rule 23

issues, the Court must deny certification.

### C.    Mitchell Failed to Prove the Rule 23(a) Factors.

#### 1.    Mitchell Failed To Prove Numerosity With Evidence.

Turning to the specific Rule 23 factors, Mitchell fails at the very first one (numerosity)

because it offers no evidence of the number of class members involved, but relies solely on

allegations in the *Amorin* complaint. The only actual evidence in the case suggests that the putative

class has only three, maybe four, members. Mitchell also neglected to analyze the other numerosity

considerations. Mitchell has not met its Rule 23(a)(1) burden to prove that the proposed class is

"so numerous that joinder of all members is impracticable."

"[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the

number of purported class members." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038

(5th Cir. Unit A July 1981). Mitchell failed to present the Court with the required "factual basis

for determining whether the numerosity requirement has been met." *Fleming v. Travenol Labs.,

Inc.*, 707 F.2d 829, 833 (5th Cir. 1983); *accord Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267

(11th Cir. 2009) (plaintiff must give "the district court the means to make a supported factual

finding, that the class actually certified meets the numerosity requirement"). Again, Rule 23 is not

a "mere pleading standard." *Wal-Mart*, 564 U.S. at 350. Mitchell may not rely on "mere allegations

in a complaint." *Calabrese v. CSC Holdings, Inc.*, 2009 U.S. Dist. LEXIS 134944, at *15, 21-22

(E.D.N.Y. Feb. 2, 2009) (rejecting numerosity because "all of the evidence in the record suffices

to demonstrate the existence of no more than 23 putative class members who are not already named plaintiffs"); *Lloyd v. Philadelphia*, 121 F.R.D. 246, 249 (E.D. Pa. 1988) (noting that "mere speculation" that the class could exceed ten thousand employees "d[id] not satisfy the requirement of Rule 23(a)(1)"). Mitchell may not rely on "speculation," but must produce "actual evidence" of numerosity. *Haab v. City of Bossier City*, 2018 U.S. Dist. LEXIS 38312, at *13-14 (W.D. La. Mar. 8, 2018) (denying certification because lack of numerous class members did not "warrant an expensive and resource-demanding class action proceeding").

Speculation and allegations are all that Mitchell has to offer on numerosity. Remarkably, Mitchell acknowledged in its Memorandum that it cannot rely on "a mere allegation of numerosity," but then it does just that. (Pls.' Mem. at 7-8 ("A large number of builders installed Taishan's drywall in homes.")). Instead of actual evidence, Mitchell cites not even allegations, but merely the number of builders, contractors and suppliers it claims were named in a 2009 complaint. (Pls.' Mem. at 8). Mitchell also gives an inflated estimate of *Amorin* class members, and then asks the Court to speculate without evidence about the "number of associated builders." *Id.* Even if the Court so speculated, it still would have no factual basis for a numerosity finding. Mitchell acknowledged that it must do more than address "numbers alone," but it said absolutely nothing about the "other relevant factors." *Id.* at 7 (listing "geographical dispersion of the class, ease with which the members may be identified, nature of the action, and size of each plaintiff's claim").

Speculation aside, the actual evidence shows only a handful of builders in the putative class. In certification discovery, Taishan requested that Mitchell identify "all putative class members in *Mitchell*." (Ex. A). Mitchell provided no response. That alone should bar Mitchell from attempting now to prove numerosity. *Kase v. Salomon Smith Barney, Inc.*, 218 F.R.D. 149, 155 (S.D. Tex. 2003) (concluding that plaintiff had not met his burden under Rule 23(a)(1) where

he "had an adequate opportunity to obtain information supporting his class claims but . . . failed to produce sufficient evidence of numerosity."). And when Taishan pursued its request at deposition, Mitchell's corporate witness could "name" only a few potential class members: Beazer, Lennar, D.R. Horton, and WCI. (Ex. G at 103:19-105:3).[8] Absent putative class member Beazer could name only Lennar as another homebuilder that had to deal with Chinese drywall issues. (Dep. of 30(b)(6) Michael Buchman (Ex. I) at 121:4-8).[9] Lennar sued Taishan separately, and Taishan has settled all claims with Lennar. (Notice of Voluntary Dismissal of Certain Claims, *Lennar Homes, LLC v. Knauf Gips KG, et al.*, No. 09-07901 (Fla. 11th Cir. Ct. Aug. 2, 2017), Filing #59878606 (Ex. J)). The Court cannot make the required factually based finding because this record shows a class of, at most, four members, including Mitchell. That does not come close to satisfying numerosity, and the Court should deny certification on that basis alone.

### 2. No Common Issues Remain To Be Litigated.

Mitchell accurately recites that "[e]ven a single common question will do" to satisfy the commonality requirement. (Pls.' Mem. at 8 (quoting *Wal-Mart*, 564 U.S. at 359)). But Mitchell lacks even a single common question remaining for adjudication. *See Wal-Mart*, 564 U.S. at 359 (reversing certification for lack of commonality). The commonality inquiry is forward-looking; it examines "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350. Mitchell quotes that same Supreme Court principle, but then spends its short, one-page commonality discussion pointing only backwards to issues that have already been answered for Mitchell, e.g., "whether the subject drywall is defective." (Pls.'

---

[8] Mitchell's witness claimed to have "a list of all the builders who were on a conference call that we had on a regular basis, and there were probably 15 or 20." (Ex. G at 103:22-104:1). Mitchell never produced that list, and in any event, "15 or 20" homebuilders is too few to qualify for class certification, particularly without any evidence on the other numerosity considerations.

[9] Beazer's witness also named D.R. Horton, but only from his personal knowledge because his wife worked at that company. (Ex. I at 121:9-122:6).

Mem. at 8). Thus, Mitchell will not be litigating those issues in a putative class action and will not generate common answers for the putative class.

The only issue left for Mitchell, as class representative, to litigate is its entitlement to and amount of any damages. But that issue is not common and will not generate common answers for this damages-only putative class where, as Mitchell admitted, "[m]embers of the proposed builder Class will . . . need to produce evidence . . . of their individual damages." (Pls.' Mem. at 13). The only issues for Mitchell to litigate are individual, not common.

Mitchell's attempted reliance on the Court's *Amorin* commonality ruling is misguided. (Pls.' Mem. at 8-9 (quoting *Amorin* Class Cert. FOFCOL at 25 ("[t]he factual determination of class-wide property damages is common to the class members"))). Although Taishan continues to dispute that ruling, the Court based it on a finding that "[t]he Plaintiffs have demonstrated a methodology to calculate class-wide damages." (*Amorin* Class Cert. FOFCOL at 31). But here, Mitchell provides no class-wide damages formula, much less the required expert evidence of a workable and legally relevant class-wide formula. *See Comcast*, 569 U.S. at 36-38; *Steering Comm.*, 461 F.3d at 602 (rejecting commonality where the damages claims were "not subject to any sort of formulaic calculation"). *Amorin* doesn't apply, and commonality doesn't exist.

### 3.     Mitchell Is Admittedly Not Typical of The Damages Class.

Mitchell cannot satisfy the typicality requirement because, as Mitchell has admitted, its own damages claims are *sui generis* and not representative of any other proposed class member's damages. For the class-typicality assessment, the plaintiff must prove "the similarity of [plaintiff's] personal situation with the situation experienced or to be experienced by other members of the class." *Bradford v. Sears, Roebuck & Co.*, 673 F.2d 792, 797 (5th Cir. 1982) (vacating certification because "the district court erred" by not conducting the required "similarity" examination). This Court has held that the claims of class representatives are not typical of the class claims where

there are "factual variations" in establishing liability. *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 460 (E.D. La. 2006). And Judge Engelhardt followed *Vioxx* to find that:

> [B]ecause the instant MDL involves factual variations as to each Plaintiff and proposed class representative which spawn individual issues relating to injury and causation as to each individual, the class representatives' claims are not typical of the class. Each Plaintiffs' claims and alleged injuries will require an examination of individual evidence, precluding the satisfaction of the typicality requirement for class certification.

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 107688, at *28-29 (E.D. La. Dec. 29, 2008).

Mitchell is not typical of the few other potential putative class members because Mitchell did no remediations, and simply settled a single lawsuit from a Florida claimant named Mindy Lister. *See* Ex. G at 96:15-22 ("Mitchell did not make a payment" to any homeowners for Taishan Chinese drywall other than Mindy Lister). By contrast, absent putative class member Beazer is seeking damages based on its remediation of 48 houses that it built.

Mitchell asserts (without evidence) that the putative class member "builders either spent definitive sums to remediate homes . . . or paid damages to the homeowners to accomplish the remediation." (Pls.' Mem. at 13). But Mitchell admittedly did neither of those:

> Q. So Mitchell is not an example of a home builder that went in and remediated the properties themselves by removing and replacing drywall? . . .
>
> A. In respect of Taishan, that's correct. (Ex. G at 52:3-8).
>
>             * * *
>
> Q. Okay. So Mitchell is not an example of a home builder that went in and replaced all of the kitchen appliances for all of the homes that had Chinese drywall?
>
> A. Not in respect of Taishan drywall. (*Id.* at 54:18-21).
>
>             * * *

Q. Okay. So The Mitchell Company is not an example of a home builder that paid to relocate all of its homeowners that had Taishan drywall?

A. That's correct. (*Id.* at 56:7-10).

\* \* \*

Q. So Mitchell Company is not an example of a home builder that resolved its Chinese drywall claims with its homeowners by writing checks to each of the homeowners?

A. That's correct, in respect to Taishan. (*Id.* at 100:19-22).

Thus, no matter how any absent putative class member may claim to have been damaged by Chinese drywall, Mitchell is not typical of that builder, much less of a disparate class of builders.[10]

Mitchell is also not typical because its single (alleged) damage claim arose on a Florida property under Florida law, yet it seeks to represent a class of homebuilders who remediated properties across six different states. "The applicability of multiple substantive laws precludes a finding of typicality." *In re Vioxx*, 239 F.R.D. at 460 (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) ("Given the differences among the state laws, it cannot be said that [the class representative's] claims are 'typical' of the class . . . .")). Mitchell actually has no standing to seek damages under the laws of other states for this putative class. *In re HSBC Bank, USA, N.A.*, 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) (finding that "named Plaintiffs lack[ed] standing to bring claims under state laws to which [they] have not been subjected"). It is certainly not typical of this putative multistate class, which cannot be certified.

---

[10] Mitchell has no evidence that it ever lost any money for remediation-related payments. Mitchell initially claimed that its share of the Lister settlement was $57,000, but that that was paid by its insurer. (Ex. G at 92:3-93:18). Mitchell later admitted that it had no proof that it had ever reimbursed the insurer and that "it could be that Mitchell never paid [$]57,000 itself." *Id.* at 95:9-11.

### 4.    Mitchell Is An Inadequate Representative Because Its Damages Are Unique.

Mitchell failed, both procedurally and substantively, to establish itself as an adequate class representative. Mitchell attempted to meet its burden with a single, unsupported assertion that it is "highly motivated to hold Taishan and other manufacturers accountable." (Pls.' Mem. at 11). And it offers no evidence of adequacy, but points to an allegation in its First Amended Complaint that it "incurred remediation costs due to the defective drywall." *Id.* Allegations are insufficient, and the deficiently filed First Amended Complaint is not operative. *See* Rec. Doc. 15755 at 119. None of that establishes that Mitchell will adequately represent the class.

Mitchell has not met the adequacy test. "Class representatives must satisfy the court that they, and not counsel, are directing the litigation. To do this, class representatives must show themselves sufficiently informed about the litigation to manage the litigation effort." *Unger*, 401 F.3d at 321 (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)). But Mitchell knows almost nothing about this lawsuit or its claims. For example, although it claims that its damages are "liquidated' (Pls.' Mem. at 13), Mitchell did not know the actual amount of "damages that it[']s seeking in this case." (Ex. G at 46:5-17 ("It would be hard to put a number on it, but it's probably in the neighborhood of 250 or 300,000.")). When Mitchell stated that its vague damages estimate was based on an employee's "time and [his] staff's time," proposed class counsel Nicholas interrupted to clarify that "[w]e're not claiming lost time," revealing who is really directing this litigation. *Id.* at 46:5-48:25.

And Mitchell won't adequately protect the class because its claim is not typical. "[T]he adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *In re Am. Med. Sys.*, 75 F.3d 1069, 1083 (6th Cir. 1996). Mitchell is not

typical because its supposed damages are unique based on alleged payments to a single homeowner. Thus, Mitchell has no incentive to pursue the very different and more difficult claims of even the one other identified homebuilder in the proposed class (Beazer), whose claims involve nearly 50 properties with multiple categories of expenses. As the Court has ruled in the past, "because of the factual and legal differences among class members' claims, the proposed class representatives cannot satisfy the adequacy requirement." *In re Vioxx*, 239 F.R.D. at 460. The Court should similarly rule that Mitchell has not satisfied the adequacy requirement.[11]

**D.     Mitchell Failed to Prove the Rule 23(b)(3) Factors.**

In this putative class action seeking money damages, Mitchell has failed to meet its "additional" burden of proving the Rule 23(b)(3) elements of predominance and superiority. *Unger*, 401 F.3d at 320.

**1.     Mitchell Has Not Established Predominance of Common Issues.**

**a.     Mitchell's Individualized Damages Is the Sole Remaining Issue and Necessarily Predominates over the Non-Existent Common Issues.**

Having failed to satisfy the commonality requirement because no common issues remain, Mitchell certainly cannot meet the "far more demanding" predominance test. *Unger*, 401 F.3d at 320. "The predominance element requires a finding that common issues of law or fact 'predominate over any questions affecting only individual members.'" *Id.* (quoting *Berger*, 257 F.3d at 479). Determining whether Mitchell can clear the higher predominance hurdle set by Rule 23(b)(3) requires the Court to consider "how a trial on the merits would be conducted if a class were certified." *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 555 (5th Cir. 2011) (internal citation omitted) (reversing certification). Ultimately, predominance "tests whether proposed

---

[11] Taishan does not dispute the adequacy of counsel. But the Court should consider whether proposed class counsel Steven Nicholas is adequate counsel based on his past filing errors and lack of diligence in prosecuting this case.

classes are sufficiently cohesive to warrant adjudication by representation." *Unger*, 401 F.3d at 320 (quoting *Amchem*, 521 U.S. at 623-24).

But as discussed above, Mitchell is not proposing adjudication by representation, but adjudicating the damages claims by having each individual class member pursue its individual damages with individual evidence. Mitchell's admission bears repeating: "Members of the proposed builder Class will, to be sure, need to produce evidence of the *amount* of their individual damages." (Pls.' Mem. at 13). But the individual issues do not stop with the amount. Each class member will also have to prove other individual issues, including (as in *Amorin*) whether any property for which it is claiming damages actually had drywall for which Taishan is liable (product identification).

Mitchell "failed to advance any viable theory employing generalized proof" for adjudicating damages to the class involved in this case. *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008) (reversing class certification because "myriad mini-trials cannot be avoided").[12] Where allegedly common issues are already resolved, the need for "mini-trials on damages" and "proof of damages . . . for every class member" prevents class certification. *Simms v. Jones*, 296 F.R.D. 485, 505 (N.D. Tex. 2013) (denying certification because of individualized damages and absence of "formulaic calculations"). Or, as the Fifth Circuit has put it, "where the plaintiffs' damage claims focus almost entirely on facts and issues specific to individuals rather than the class as a whole, the potential . . . that the class action may degenerate in practice into multiple lawsuits separately tried, renders class treatment inappropriate." *Bell Atl.*, 339 F.3d at 307 (internal quotation marks and citation omitted).

---

[12] Mitchell may not rely on this Court's certification in *Amorin* because Mitchell has not "demonstrated a methodology to calculate class-wide damages." (*Amorin* Class Cert. FOFCOL at 31 [Rec. Doc. 18028]).

Mitchell cannot avoid its fatal predominance problem merely by asserting generally that "the need for some individualized damages calculation does not defeat predominance." (Pls.' Mem. at 13).[13] The Fifth Circuit has held that "[t]he necessity of calculating damages on an individual basis, *by itself*, can be grounds for not certifying a class." *Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 100 F. App'x 296, 297 (5th Cir. 2004) (emphasis added). In *Bell Atlantic*, the Fifth Circuit affirmed denial of certification solely "[b]ecause we conclude that the issue of damages defeats predominance." 339 F.3d at 308 (declining "to address" other issues); *accord Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350, 355 (5th Cir. 2005) (affirming denial of certification based on "the necessity of individualized damage calculations," identified as "the most important factor"). Numerous Fifth Circuit decisions have recognized the general principle that "the necessity of calculating damages on an individual basis will not necessarily preclude class certification," but have then gone on to hold that "where individual damages cannot be determined by reference to a mathematical or formulaic calculation, the damages issue may predominate over any common issues shared by the class." *Steering Comm.*, 461 F.3d at 602 (collecting similar Fifth Circuit cases, including *Bell Atlantic*).

Cases in which individualized damages did not prevent certification based on other issues do not apply here. *See Steering Comm.*, 461 F.3d at 603 (rejecting reliance on unanalyzed cases).[14] Where, as here, the *only* issue for class treatment is damages, the individualized nature of mass tort damages prevents class certification. *See Robertson*, 287 F. App'x at 361-62 (reversing certification of class *after* the court granted plaintiffs summary judgment on liability because "[t]he

---

[13] Even the premise of Mitchell's argument is flawed because the *only* damages calculations Mitchell offers are individualized.

[14] Mitchell's generalized citation to *In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), is irrelevant because that case involved a settlement class.

question of damages is . . . ill-suited for class-wide adjudication"). Where Mitchell proposes no

class-wide damages formula, but admits that all damages must be proven individually, this Court

should follow the Fifth Circuit and "conclude":

> [T]hat the plaintiffs, having had a fully adequate opportunity to
> address the issue of damages . . ., clearly failed to demonstrate that
> the calculation of individualized actual economic damages, if any,
> suffered by the class members can be performed in accordance with
> the predominance requirement of Rule 23(b)(3). . . [and,] therefore,
> that class certification is not appropriate.

*Bell Atl.*, 339 F.3d at 308.

### b.     Mitchell Has Not Met Its Burden to Evaluate State Law Differences.

Mitchell also failed to establish predominance because, although it seeks to certify a

multistate class, it made no effort to meet its affirmative burden to address the various states' laws,

much less explain how state law differences could be reconciled. Fifth Circuit law teaches that

individual state damages law must be honored and applied. *In re Fibreboard Corp.*, 893 F.2d 706,

711 (5th Cir. 1990). *Castano* held that a district court abuses its discretion by certifying a class

without satisfying the duty to "consider how variations in state law affect predominance and

superiority." 84 F.3d at 741. This Court has recognized the mandatory nature of the state law

assessment in any Rule 23 analysis. *See In re Vioxx*, 239 F.R.D. at 454. But the "vacuum created

by plaintiffs' omission" makes it impossible for the Court to assess Rule 23 properly, including

the typicality and predominance requirements. *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th

Cir. 2007). These "[v]ariations in state law may swamp any common issues and defeat

predominance." *Castano*, 84 F.3d at 741 (citations omitted).

Mitchell bears the burden of demonstrating that variations among the six applicable state

laws do not "pose 'insuperable obstacles' to certification." *Spence v. Glock*, 227 F.3d 308, 313

(5th Cir. 2000) (quoting *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986)). But

Mitchell failed its burden when it "failed to adequately address . . . variations in" the different states' laws at issue here. *See Cole*, 484 F.3d at 730 (reversing class certification because plaintiffs and district court failed to address variations in state law); *Madison*, 637 F.3d at 557 (reversing certification because "[t]he [district court's] opinion is also silent as to the relevant state law that applies to Plaintiffs' claims . . ."). But Mitchell provided no state-law-variation analysis. That complete neglect is even worse than the "inadequate" state-law treatment that required decertification in *Castano*. *Castano*, 84 F.3d at 743. It requires denial of certification here.

## 2.    Mitchell Has Not Established Superiority.

Finally, Mitchell has not proven that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Actually, Mitchell's superiority discussion may be its weakest section. The Motion recited four superiority considerations and—without proof or even much substantive discussion—stated merely that they "support a finding of superiority here." (Pls.' Mem. at 13). Mitchell's only non-conclusory argument is nonsensical, asserting that a class is "far more efficient" only because the "JPML has already steered all existing litigation to this forum." *Id.* at 14. But if that were enough, then all MDLs could be litigated as class actions. And the Court can ignore Mitchell's appeal to prejudice because Rule 23 requires a dispassionate, objective rigorous analysis in which alleged party misconduct plays no part. *See Kpadeh v. Emmanuel*, 261 F.R.D. 687, 693 (S.D. Fla. 2009) (denying certification of damages-only class for claims against defaulted serial torturer).

A class action is obviously not the superior way to resolve the disputes of a few identified homebuilders where the only issue remaining is entitlement to and amount of relatively high-value damages claims. The Fifth Circuit has held that "superiority is lacking" where the "most compelling rationale for finding superiority in a class action—the existence of a negative value suit—is missing." *Castano*, 84 F.3d at 748; *see also Amchem*, 521 U.S. at 615. "[T]his is not a

case in which meritorious claims will go unasserted out of concern that litigation costs will wipe out the anticipated recovery." *Bevrotte v. Caesars Entm't Corp.*, 2011 U.S. Dist. LEXIS 114463, at *16 (E.D. La. Oct. 4, 2011) (citing *Castano* and striking class allegations because plaintiffs "who allege serious injuries stand to recover substantial amounts"). Here, the two known homebuilders each have counsel and seek hundreds of thousands or millions of dollars in damages. "This provides ample incentive for them to proceed on an individual basis." *Id.*; *accord Kpadeh*, 261 F.R.D. at 693 (finding that "the damages suffered by each member of the proposed class is sufficient to warrant the cost and effort inherent to litigation on an individual basis"). Thus, the most compelling reason for finding superiority is not present.

Of course, there is no reason for finding superiority. The Fifth Circuit has held that the Rule 23(b)(3) superiority requirement "cannot be[] satisfied" when tort liability is already determined and the identity of the class members is known. *Robertson*, 287 F. App'x at 363. In that setting, where individualized tort damages are the only issue, "there is little to be gained from invoking" class action features, and a class is not superior. *Id. Robertson* is a pure Rule 23(b) superiority decision and cannot be distinguished because it involved personal-injury damages. Here, Mitchell proposes an individual mini-trial for each class member, so there is nothing to be gained from overlaying a more complicated—and thus inferior—class template. The superior method of resolving the few known claims is to litigate each one individually, doing exactly as Mitchell has proposed: having homebuilders "produce evidence of . . . their individual damages." (Pls.' Mem. at 13).

## IV.   CONCLUSION

Mitchell had to prove that it met all of the Rule 23 factors for a damages class. It met none of them. The Court should deny Mitchell's Renewed Motion for Class Certification, and then remand this case to the Northern District of Florida for the parties to resolve the remaining issues.

Respectfully submitted this 28th day of January 2019.

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 28th day of January, 2019.

 /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*

27