# Exhibit B

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Christina Hull Eikhoff           Direct Dial: 404-881-4496           Email: christy.eikhoff@alston.com

October 25, 2017

VIA EMAIL

Steve Nicholas, Esq.
Cunningham Bounds, LLC
Post Office Box 66705
Mobile, AL 36660
sln@cunninghambounds.com

Re:   *Mitchell v. Taishan  - Mitchell Company* Class-Discovery Request

Dear Steve:

I write regarding Taishan's September 8, 2017 request for class discovery in the *Mitchell Company* action. That request listed fifteen different categories of documents that Taishan needs in order to fairly respond to Mitchell's motion to certify the proposed homebuilder class.

Unfortunately, the material you sent us on October 20, 2017 fulfills *none* of the fifteen categories. It appears that, rather than carefully review Mitchell's files for responsive documents, you simply forwarded a rather random collection of pages that Mitchell produced to Knauf back in 2010.

Of the 371 pages of documents you sent, approximately 300 are promotional materials, correspondence and field testing results related to a company named AbShield, which appears to have marketed a chemical application process that purported to eliminate the alleged effects of defective drywall. The documents you sent also contain over 60 pages of general news articles and reports printed out from the internet about Chinese-manufactured drywall, with no specific relation to Mitchell. The entire collection of documents you sent bears no relation to Taishan's discovery requests.

The documents you sent also have nothing related to Beazer Homes, which you propose as an additional class representative, and thus was included in Taishan's document request. We note that the 2010 discovery materials that you sent refer to a document production by Beazer Homes, which you did not attach. If you think it would be helpful for us to receive that production, please send it to us as soon as possible. But doing so does not mitigate the need to respond fully to the request for both Beazer and Mitchell.

Taishan crafted its document request to be able to test the representations you made to the Court in your renewed motion for class certification. To take just one example, according to your renewed motion, Mitchell and Beazer propose to represent "a Class of homebuilders" that used Taishan drywall and that incurred expenses remediating allegedly defective drywall. (Rec. Doc.

Alston & Bird LLP                                                                                               www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

October 25, 2017
Page 2

20857-1 at 1). But the documents you produced show no use of Taishan drywall and no expenses incurred in remediation (other than possibly for the Mindy Lister property—the lone homeowner identified in your materials).

Given the lack of responsiveness in the documents you sent, nothing will be accomplished by your offer to "update" these 2010 discovery materials in the next 30 days. A mere "update" will not be sufficient. We propose that instead you review our September 8, 2017 discovery list and that we have a telephone conference as soon as practicable to discuss Mitchell's plan to satisfy these specific requests. Obviously, we would prefer to accomplish the necessary discovery cooperatively, as we discussed. We hope that we can avoid involving the Court in obtaining the needed discovery.

Because our discovery requests remain wholly unanswered, we cannot agree to schedule a deposition in December and to set briefing for January 2018. Taishan's discovery requests are a threshold matter, and depositions and briefing cannot proceed until the requests are satisfied. We look forward to working with you to resolve these issues and encourage you to let us know when you are available for a conference to discuss a timeline for Mitchell and Beazer to satisfy our requests.

Sincerely,

Christina Hull Eikhoff