# Exhibit C

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Christina Hull Eikhoff                    Direct Dial: 404-881-4496                    Email: christy.eikhoff@alston.com

February 28, 2018

VIA EMAIL

Steve Nicholas, Esq.
Cunningham Bounds, LLC
Post Office Box 66705
Mobile, AL 36660
sln@cunninghambounds.com

Re:   *Mitchell v. Taishan - Mitchell Company* Class-Discovery

Dear Steve:

We have received your February 9 letter and enclosed documents purporting to respond to our September 8, 2017 request for class discovery in the *Mitchell Company* action. That request listed fifteen different categories of documents that Taishan needs to fairly respond to Mitchell's motion to certify the proposed homebuilder class.

On October 20, 2017, you forwarded to us a set of previously produced documents, none of which satisfied any of the fifteen categories. We notified you of the deficiency in our October 25, 2017 letter responding to that production. Four months have passed since then, but unfortunately, the new materials you recently sent us fare only marginally better than the last, and still do not fulfill your obligation to respond to Taishan's request for production to permit Taishan to address your class certification motion.

The February 9 DVD contains a set of files for The Mitchell Company (your class representative) and a set of files for Beazer Homes (your proposed additional class representative). Because the two file sets comprise different materials, I address each separately.

**Mitchell** – You provided us with documents related to ten addresses.[1] The documents produced for each address relate to *none* of the fifteen document requests, save for a few random pieces of homeowner correspondence. The files contain no inspection reports, no testing documentation, and most importantly, no remediation protocol or process records, and most importantly, no support whatsoever on remediation costs or claimed damages.

---

[1] Because you did not provide us with the requested "list of the addresses for all properties that Mitchell Homes remediated which you contend contained drywall manufactured by Taishan and for which you will seek damages from Taishan," we do not know if these ten addresses are the only properties that Mitchell remediated, or the only properties that Mitchell claims contain Taishan drywall, or simply the only properties for which Mitchell retained documents.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

February 28, 2018
Page 2

**Beazer** – You provided us with documents related to 48 addresses.[2] While the Beazer files contain more responsive items than do the Mitchell files, the Beazer files similarly lack *any* documentation of remediation costs or claimed damages.

Your class certification motion characterizes this as a *damages* class. In arguing for Rule 23 certification, you represented to the Court:

> Members of the proposed builder Class will, to be sure, need to produce evidence of the *amount* of their individual damages. But the builders either spent definitive sums to remediate homes in accordance with the Court's approved remediation plan, or paid damages to the homeowners to accomplish the remediation. These sums are liquidated, and are capable of being proved through administrative procedures. Given the nature of the damages, there is no reason the classwide damages cannot easily be determined without a trial.

(Rec. Doc. 20857-1, at 13.) It is hard to accept that representation of the ease with which "definitive sums" of "liquidated" damages can be proved for all class members when neither the actual nor the proposed class representatives can produce them five months after our original request.

Without receiving the requested production, we are not prepared to propose a briefing schedule on your renewed motion for class certification. Even if you are able to provide adequate documentation in response to our class discovery requests, we will still need to conduct depositions of key persons who can explain and verify the produced documents. We asked you to provide lists of persons with knowledge about Mitchell and Beazer's damages claims and remediation efforts, and you have not provided them.

Please supplement your production to respond to our requests, or report back to us that you have nothing more to produce.

Sincerely,

Christina Hull Eikhoff

---

[2] As with Mitchell, we do not know if this is the entirety of properties for which Beazer seeks damages against Taishan.