UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Case No. 15-4127 (E.D. La.)<br><br>*Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Case No. 15-6631 (E.D. La.); 15-cv.24348 (S.D. Fla.);<br><br>*Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Case No. 15-6632 (E.D. La.); 15-cv-506 (E.D. Va.) | **SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |

**PLAINTIFFS' STEERING COMMITTEE'S SUPPLEMENTAL REPLY REGARDING TOLLING ISSUES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiffs submit this reply brief to address the many flaws present in the Supplemental briefing of both Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd ("Taishan") and the BNBM Defendants ("BNBM").

The central fallacy in Defendants' position is that Plaintiffs' claims cannot be dismissed on the basis that they all had constructive knowledge and/or failed to exercise reasonable diligence, as a matter of law. As the Court has previously recognized:

1

> This case is different in the sense that you're going to find some people 20 years down the road that get ready to sell their property -- they've never known that Chinese drywall was in it. They get ready to sell their property and somebody says, I want an inspection. The inspection turns up Chinese drywall. That's the first indication that they've ever had that there was a problem in the case -- in their property. So there's a provision in most law -- most state laws, as we all know, with products, particularly where you discover something for the first time. So here we are 20 years down the road and there are cases that are coming up involving Chinese drywall and the defendants are back in the suit.[1]

Both briefs attempt to offer categorical answers to the statute of limitations question by relying on skewed and disingenuous presentations of the law in each state and imposing pleading requirements on tolling that do not apply. Defendants compound their legal presentations' misreadings of applicable caselaw and statutes by asserting that media reports and the rapidity of the degradation of their drywall placed every potential Plaintiff on notice so that their cases should have been filed sooner. These arguments ignore the truism that they themselves recognize when describing the law state-by-state: no action accrued and no statute of limitations began to run, even in the absence of tolling, until each Plaintiff suffered damages. The response briefs conflate the speed at which damage takes place with the fact that the problem manifests itself at different times in different homes.

For that reason, Plaintiffs' claims cannot be dismissed on the basis that they *all* had constructive knowledge and/or failed to exercise reasonable diligence as a matter of law without

---

[1] *In re Chinese Manufactured Drywall Prod. Liab. Litig.,* MDL 2047, Hearing Transcript at 33: 2-13 (E.D. La. March 2, 2017) [Attached hereto as Exhibit "A"].

first considering the details of accrual for each claimant. As set forth below, the facts and the law do not support dismissal at the pleading stage of this litigation.

## II. ARGUMENT[2]

### A. This Court Should Make an "Erie Guess" on Cross-Jurisdictional Tolling

BNBM offers this Court a chart of the relevant states' position on cross-jurisdictional tolling that disingenuously lumps in states that have taken no position on cross-jurisdictional tolling with those that have denied that form of tolling, disingenuously describing the grouping as states that have not approved tolling. The paucity of cases on cross-jurisdictional tolling testifies to its rarity, which is why many states have not addressed it. Still, as the modern trend demonstrates, its acceptance is growing and many states' rationales adopting *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), or the states' statutory scheme strongly suggest an openness to cross-jurisdictional tolling. Defendants' briefs also utterly ignore the Eighth Circuit's holding that the "federal interest in 'the efficiency and economy of the class-action procedure' outweighs any state interest and therefore justifies tolling in diversity cases where the otherwise-applicable state law provides no relief,'"[3] as well as the leading relevant treatise.[4] The enactment of the Class Action Fairness Act ("CAFA") augmented that federal interest.

---

[2] By agreement of the parties, Plaintiffs shall not address the legitimacy of Defendants' arguments regarding the law in California or Louisiana, which necessarily involves any discussion about the impact of the *Silva* litigation.

[3] *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 3981 F.3d 907, 915 (8th Cir. 2004) (citation omitted).

[4] *See* 3 NEWBERG ON CLASS ACTIONS (5th ed.) § 9.68 (describing cross-jurisdictional tolling as serving the interests of federalism).

BNBM urges this Court to follow those courts that view the issue as one only to be settled by the relevant highest court in the state. However, the Fifth Circuit has instructed otherwise, holding that federal courts are obligated to make an "Erie Guess" at the likely holding of a state supreme court that has been silent on an issue and "'determine as best it can' what the [state] Supreme Court would decide."[5] This Court has frequently applied that principle.[6]

Several states (Georgia, Mississippi, North Carolina) are completely silent on cross-jurisdictional tolling, while generally embracing *American Pipe* tolling. These states are ripe for application of the rule adopted in *Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907 (8th Cir. 2004), which applied cross-jurisdictional tolling to a state that rejected it because of the predominance of federal interests. The decision predated CAFA, which established a clear national interest in interstate class actions. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir.2007); *Rivers v. Chalmette Med. Ctr., Inc.*, 805 F. Supp. 2d 291, 294 (E.D. La. 2011). CAFA thus augments the federal interest already identified in *Gen. Am. Life*, and suggests a basis for tolling the limitations period for all states.

Still other states have caselaw that aids an "Erie Guess":

**Alabama** – BNBM relies on *Love* to say that a "federal court construed Alabama law to preclude cross jurisdictional tolling." BNBM Br. 9. However, *Love* plainly stated that the request

---

[5] *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000).

[6] *See, e.g., Annie Sloan Interiors, Ltd. v. Jolie Design & Decor, Inc.,* No. CV 17-11767, 2018 WL 2085798, at *7 (E.D. La. May 4, 2018), *motion to certify appeal denied*, No. CV 17-11767, 2018 WL 3613151 (E.D. La. July 25, 2018); *Vintage Assets, Inc. v. Tennessee Gas Pipeline Co., L.L.C.*, No. CV 16-713, 2017 WL 3601215, at *4 n.17 (E.D. La. Aug. 22, 2017), *motion to certify appeal denied sub nom. Vintage Assets Inc. v. Tennessee Gas Pipeline Co.*, No. CV 16-713, 2017 WL 3842245 (E.D. La. Sept. 1, 2017).

4

contained "a facially fatal flaw … even though a literal reading of *White* [*v. Sims*, 470 So. 2d 1191 (Ala. 1985)] might theoretically have given [Plaintiff] Love something to rely on [because …] he was, in fact, blissfully unaware of the putative class action in Louisiana." It is fair to conclude that, in a proper case, Alabama's liberal approach to *American Pipe* would support cross-jurisdictional tolling.

**Florida** – *Krause v. Textron Fin. Corp.*, 59 So.3d 1085, 1091 (Fla. 2011) relied on the tolling provision in 28 U.S.C. § 1367(d) to "prevent the limitations period from expiring while a plaintiff unsuccessfully pursues state claims in federal court."

**Oklahoma** – BNBM denies the plain meaning of Oklahoma's tolling statute because no cross-jurisdictional tolling issue has come before the Oklahoma courts to construe the statute. The statute plainly permits tolling and contains no geographic limits. Okla. Stat. tit. 12 § 100 (applying to "any action"). Moreover, its courts construe statutes by its plain, unambiguous meaning as the best indication of legislative intent,[7] lending support to the application of tolling here. *See Holder v. Rising Bros.*, 619 P.2d 1278, 1279 (Okla. 1980). Tolling is plainly supported.

Finally, it should be noted that Defendants give short shrift to equitable tolling, but equitable tolling is presumptively available against time bars in lawsuits between private parties. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990).

---

[7] *In re Initiative Petition No. 397, State Question No. 767*, 2014 OK 23, ¶ 9, 326 P.3d 496, 501.

**B.     Resolving Defendants' Affirmative Defense of Prescription/Statute of Limitations is not Appropriate at the Pleading Stage Where the Record Supporting Plaintiffs' Assertions of Fraudulent Concealment or <u>Plaintiffs' State of Knowledge (Discovery Rule) is Emerging</u>**

Both BNBM and Taishan make flat categorical assertions that the statutes of limitations have run against all *Brooke* Plaintiffs. *See, e.g.,* Taishan Br. 6-7 (asserting all Plaintiffs discovered their problem by 2010); BNBM Br. 19-20. Yet, the law in every state is that there is no cause of action and that the statute of limitations does not begin to run until the plaintiff experiences damage.[8] Neither media reports[9] nor the speed with which the damage occurs, once initiated, has any bearing on when the damage manifests itself to enable a plaintiff to bring an action or commence the limitations period.

Where a plaintiff needs the benefit of a tolling doctrine, Taishan tells this Court the plaintiff must assert a basis for tolling in its pleading. Taishan Br. 12. Taishan erroneously relies on *Jones v. ALCOA*, 339 F.3d 359 (5th Cir. 2003), for that proposition, but *Jones* was specific to a Section 1981 employment discrimination action, which accrues, not when the consequences of the discrimination become apparent but "at the moment the employee believes (or has reason to

---

[8] *See, e.g., Barnes v. Clark Sand Co.*, 721 So. 2d 329, 332 (Fla. Dist. Ct. App. 1998), *approved sub nom. Pulmosan Safety Equip. Corp. v. Barnes*, 752 So. 2d 556 (Fla. 2000) (limitations period SOL begins to run "when the plaintiff is on notice of a causal connection between exposure to the allegedly defective product and the resultant injury. The question of *when the plaintiff should reasonably have been on notice of the connection is generally one for the jury*.") (emphasis added).

[9] Taishan notes that one media report indicated that Chinese drywall was manufactured from radioactive waste. Taishan Br. 11. That type of utterly fantastical report suggests that homeowners need not have acted on media reports at a time when they suffered no damage. Moreover, as discussed *infra*, the assertion that media reports should have spurred action makes two improper assumptions: knowledge of the drywall's origin and injury.

6

believe) that he is a victim of discrimination."[10] Moreover, *Jones* held that even if common-law pleading requirements may have required a plaintiff "to allege all facts essential to a tolling, … [u]nder the more relaxed federal pleading rules, the court must tolerate [a plaintiff's] belated reliance upon this tolling statute."[11] A plaintiff need not plead a basis for tolling here.

The timeliness of any pleading is an inherently factual finding. When facts are not in dispute some prescription/statute of limitations issues may be determined as a matter of law. However, when, as is the case here, there are myriad factual matters at issue surrounding the accrual/discovery of any single Plaintiff's first encounter with damage resulting from Chinese Drywall, blanket application of prescription without record evidence can, but does not always, lend itself to an across-the-board determination.[12] Similarly, fraudulent concealment is a fact-driven question that must be determined by the trier of fact.[13] Consequently, Defendants' request

---

[10] *Jones*, 339 F.3d at 365-66 (parenthetical in original; citation omitted).

[11] *Love v. Wyeth*, 569 F. Supp. 2d 1228, 1231 (N.D. Ala. 2008).

[12] *See generally Chodorow v. Porto Vita, Ltd.*, 954 So. 2d 1240, 1242 (Fla. Dist. Ct. App. 2007) (Where a case "calls for an in-depth analysis of the limitations defense, . . . this inquiry and fact-finding process cannot be accomplished on a motion to dismiss."); *Knox Coll. v. Celotex Corp.*, 88 Ill. 2d 407, 416, 430 N.E.2d 976, 981 (Ill. 1981) ("At [what] point, under the discovery rule, the running of the limitations period commences . . . is usually a question of fact."); *Punzo v. Jackson Cty.*, 861 So. 2d 340, 346 (Miss. 2003) ("[G]enuine disputes as to the ability to discover a latent injury are questions of fact to be decided by the fact finder, not on summary judgment."); *Huss v. Huss*, 31 N.C. App. 463, 468, 230 S.E.2d 159, 163 (N.C. 1976) ("Whether the plaintiff in the exercise of due diligence should have discovered the facts [prior to the limitations period] is ordinarily for the jury when the evidence is not conclusive or is conflicting."); *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 2001 OK 21, 24 P.3d 834, 836 (Okla. 2001) ("When facts about the injury's discovery are disputed the question of when the plaintiff knew or should have known is a fact question for the jury to decide."); *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 580 (Tex. 1963) (holding that when plaintiff discovered the cause of action was a question of fact, precluding summary judgment).

[13] *See generally Jerkins v. Lincoln Elec. Co.*, 103 So. 3d 1, 3–4 (Ala. 2011) (holding that plaintiff's allegation of fraudulent concealment presented a genuine issue of material fact,

to have every Plaintiff's claim dismissed as a matter of law over factually pregnant elements of Plaintiffs' claims absent such a record is not appropriate.[14]

Even if *American Pipe* cross-jurisdictional tolling was not available to the Plaintiffs (although, as discussed above, it is), both Taishan and the BNBM Defendants contend that no other tolling principle could apply to extend the statute of limitations for any individual Plaintiff. In other words, they contend that media coverage was so broad any reasonably diligent person would have been on notice of a widespread problem with Chinese Drywall such that they would be required to file a claim or seen through the Defendants' opaque behavior despite acknowledging their intent avoid the litigation on advice that there is no convention or treaty to

---

precluding summary judgment); *Rogers v. Ruiz*, 594 So. 2d 756, 765 (Fla. Dist. Ct. App. 1991) ("[T]here are in this case material fact questions created by plaintiff's evidence indicating that the statute of limitations was tolled by fraudulent concealment."); *Fed. Ins. Co. v. Westside Supply Co.*, 264 Ga. App. 240, 243, 590 S.E.2d 224, 229 (Ga. Ct. App. 2003) ("Whether a plaintiff exercised reasonable care in discovering the [fraudulently concealed existence of a claim] is generally a jury question."); *Hauk v. Reyes*, 246 Ill. App. 3d 187, 195, 616 N.E.2d 358, 363 (Ill. App. Ct. 1993) (holding that plaintiff's allegation of fraudulent concealment presented a genuine issue of material fact, precluding summary judgment); *Robinson v. Cobb*, 763 So. 2d 883, 889–90 (Miss. 2000) (holding that plaintiff's allegation of fraudulent concealment presented a genuine issue of material fact, precluding summary judgment); *Bennett v. Anson Bank & Tr. Co.*, 265 N.C. 148, 155, 143 S.E.2d 312, 318 (N.C. 1965) (holding that plaintiff's allegation of fraudulent concealment presented a genuine issue of material fact, precluding dismissal);

*Redwine v. Baptist Med. Ctr. of Oklahoma, Inc.*, 1983 OK 55, 679 P.2d 1293, 1295 (Okla. 1983) (holding that plaintiff's allegation of fraudulent concealment presented a genuine issue of material fact, precluding summary judgment); *McMahan v. Greenwood*, 108 S.W.3d 467, 494 (Tex. App. 2003) (holding that plaintiff's allegation of fraudulent concealment presented a genuine issue of material fact, precluding summary judgment).

[14] Even for those jurisdictions that do not observe the discovery rule, *i.e.,* Alabama, Georgia and Virginia, the factual determination of when the claims of plaintiffs in those states accrued remains subject to factual determinations. *See, e.g*., *Comptroller of Virginia ex rel. Virginia Military Inst. v. King*, 217 Va. 751, 759–60, 232 S.E.2d 895, 900 (1977) (noting that tortious claims can accrue separately and subsequently from contractual claims).

enforce any U.S. judgment in China, and to conceal their wrongful conduct by denying liability and interminably delaying this litigation. Facts, being stubborn things, the truth is not as concrete as the Defendants would prefer; and the due process rights of the Plaintiffs demand that factual determinations be made on an evidentiary record, not based on allegations at the pleading stage of litigation. After all, the impact of widespread media reporting on the notice Plaintiffs might have "is an issue reserved for the merits." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 421 (5th Cir. 2004)

     Defendants' conduct here has had serious adverse consequences for the Plaintiffs. None of the Plaintiffs knew they were acquiring homes built with defective drywall imported from China. By its very nature, drywall is simply a basic home construction commodity.[15] Because drywall is covered or painted, its provenance, as well as its very essence, is concealed from the property owner. That the corrosive environment caused by the Defendants' drywall results from invisible off-gassing diminishes the capacity of any homeowner's ability to discover the injury even further.[16] Plainly, therefore, Plaintiffs are innocent owners of products that do not readily reveal their inherent vices, which puts to lie the assertions made by the Defendants that the *Brooke* Plaintiffs knew or should have known of the defective nature of the drywall installed in their homes. And, as quoted above, this Court is aware of the dynamics involved in Plaintiffs'

---

[15] *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2017 WL 1421627, at *6 (E.D. La. Apr. 21, 2017) ("Since the 1950's, drywall has become a primary source material for buildings in the United States.").

[16] *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 680 F. Supp. 2d 780, 795 (E.D. La. 2010) (noting "the Chinese drywall stands just as any other functioning drywall, serving its intended structural purpose," but it is defective).

discovery of their plights, having learned of the horrific predicaments many property owners have suffered through no fault of their own, once Chinese Drywall was found in their properties.

Because it is generally recognized that a prescription/statute of limitations determination requires a factual analysis that must be performed by the trier of fact, the Defendants' motion for a ruling as a matter of law to dismiss these actions should be rejected.

## III.   CONCLUSION

Determining the timeliness of any claim is imbued with the need for an immersive analysis of the facts surrounding when the claim accrued, was known or reasonably should have been known. These factual considerations are typically deferred to the finder of fact because they involve inquiries far beyond mere pleading requirements.[17] So too here, the matter should not be determined on the pleadings based solely on Defendants' request to blanketly dismiss all Plaintiffs' claims.

Defendants' motion should be denied.

---

[17] *See, e.g., In re Deepwater Horizon*, 808 F.Supp.2d 943, 964-65 (E.D. La. 2011) (deferring lack of presentment on defendants' Rule 12 motion).

Dated:  February 1, 2019                          Respectfully Submitted,


By: */s/ Russ M. Herman*
Russ M. Herman (La Bar No. 6819) (on the brief)
Leonard A. Davis (La Bar No. 14190) (on the brief)
Stephen J. Herman (La Bar No. 23129)(on the brief)
Robert S. Peck (on the brief)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
RHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047*

Arnold Levin (on the brief)
Fred S. Longer (on the brief)
Sandra L. Duggan (on the brief)
Keith Verrier (on the brief)
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Dawn M. Barrios | Robert M. Becnel, |
| Barrios, Kingsdorf & Casteix, LLP | Law Office of Robert M. Becnel |
| 701 Poydras Street, Suite 3650 | 425 W. Airline Highway, Suite B |
| New Orleans, LA 70139 | Laplace, LA 70068 |
| Phone: (504) 524-3300 | Phone: (985) 359-6101 |
| Fax: (504) 524-3313 | Fax: (985) 651-6101 |
| Barrios@bkc-law.com | robbecnel@aol.com |

| | |
|---|---|
| Salvadore Christina, Jr.<br>Becnel Law Firm, LLC<br>425 W. Airline Highway, Suite B<br>Laplace, LA 70068<br>Phone: (985) 536-1186<br>Fax: (985) 536-6445<br>schristina@becnellaw.com | Hugh P. Lambert<br>The Lambert Firm<br>701 Magazine Street<br>New Orleans, LA 70130<br>Phone: (504) 581-1750<br>Fax: (504) 529-2931<br>hlambert@thelambertfirm.com |
| Peter Prieto<br>Podhurst Orseck, PA<br>25 Flagler Street, 8th Floor<br>Miami, FL 33130<br>Phone: (305) 358-2800<br>Fax: (305) 358-2382<br>pprieto@podhurst.com | Pete Albanis<br>Morgan & Morgan<br>12800 University Drive, Suite 600<br>Ft. Myers, FL 33907<br>Phone: (239) 433-6880<br>Fax: (239) 433-6836<br>palbanis@forthepeople.com |
| Bruce William Steckler<br>Steckler Gresham Cochran<br>12720 Hillcrest Road, Suite 1045<br>Dallas, TX 75230<br>Phone: (972) 387-4040<br>Fax: (972) 387-4041<br>bruce@stecklerlaw.com | James R. Reeves, Jr.<br>Reeves & Mestayer, PLLC<br>160 Main Street<br>Biloxi, MS 39530<br>Phone: (228) 374-5151<br>Fax: (228) 374-6630<br>jrr@rmlawcall.com |
| Patrick Montoya<br>Colson, Hicks, Eidson<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>patrick@colson.com | Christopher A. Seeger<br>Seeger Weiss, LLP<br>55 Challenger Road, 6th Floor<br>Ridgefield Park, NJ 07660<br>Phone: (212) 584-0700<br>Fax: (212) 584-0799<br>cseeger@seegerweiss.com |
| Ben W. Gordon, Jr.<br>Levin, Papantonio, Thomas, Mitchell<br>Echsner & Proctor, PA<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Fax: (850) 435-7020<br>bgordon@levinlaw.com | Daniel K. Bryson<br>Whitfield, Bryson & Mason, LLP<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>Phone: (919) 600-5000<br>Fax: (919) 600-5002<br>dan@wbmllp.com |

Richard J. Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

Victor M. Diaz, Jr.
V.M. Diaz and Partners, LLC
119 Washington Ave., Suite 402
Miami Beach, FL 33139
Phone: (305) 704-3200
Fax: (305) 538-4928
victor@diazpartners.com

Anthony D. Irpino
IRPINO AVIN HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130
Phone: (504) 525-1500
Fax: (504) 525-1501
airpino@irpinolaw.com

Gerald E. Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Phone:  (504) 522-2304
Fax:  (504) 528-9973
gmeunier@gainsben.com

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax:  (202) 540-7201
rlewis@hausfeldllp.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
15058 River Road
Hahnville, LA 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 1st day of February, 2019.

<u>/s/ Leonard A. Davis</u>
Leonard A. Davis
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhklawfirm.com
Plaintiffs' Liaison Counsel
MDL 2047

*Co-Counsel for Plaintiffs*