**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | CIVIL ACTION |
| | MDL NO. 2047 |
| THIS DOCUMENT RELATES TO: ALL CASES | SECTION "L" (5) |

_____

### ORDER AND REASONS
### ALLOCATING COMMON BENEFIT FEES
## IN THE KNAUF ASPECT OF THIS LITIGATION
_____

## I.
## BACKGROUND

From 2004 through 2006, the housing boom in Florida and rebuilding efforts necessitated by Hurricanes Rita and Katrina led to a shortage of construction materials in the United States, including drywall. As a result, drywall manufactured in China was brought into the United States and used in the construction and refurbishing of homes in coastal areas of the country, notably the Gulf Coast and East Coast. Sometime after the installation of the Chinese drywall, homeowners began to complain of emissions of foul-smelling gasses, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829 (E.D. La. 2012), *aff'd*, 742 F. 3d 576 (5th Cir. 2014). Many of these homeowners also began to report various physical afflictions allegedly caused by the Chinese drywall.

These homeowners began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors,

and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as multidistrict litigation. Pursuant to a June 15, 2009 transfer order from the United States Judicial Panel on Multidistrict Litigation, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 2047 in the United States District Court for the Eastern District of Louisiana.

The Chinese drywall at issue was largely manufactured by two groups of defendants: (1) the Knauf entities and (2) the Taishan entities. Because the Taishan entities contested jurisdiction at the outset and refused to accept service of process, it was necessary to conduct this litigation along two tracks. The first track involved the Knauf entities.

The Knauf entities ("Knauf") are German-based, international manufacturers of building products, including drywall, whose Chinese subsidiary, Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), advertised and sold its Chinese drywall in the United States. The Knauf entities are named defendants in numerous cases consolidated with the MDL litigation as well as litigation in state courts. The Knauf entities did not contest jurisdiction and first entered their appearance in the MDL litigation on July 2, 2009. *See* Rec. Doc. 18. On November 2, 2009, in Pretrial Order No. 17, KPT agreed to a limited waiver of service. *See* Rec. Doc. 401. After a period of intense discovery, the court set various bellwether trials. From March 15, to March 19, 2010, the Court presided over a bellwether trial in *Hernandez v. Knauf Gips KG*, Case No. 09-6050, involving a homeowner's claims against KPT for defective drywall. *See* Rec. Doc. 2713. For purposes of the trial, Knauf stipulated that KPT Chinese drywall "emits certain reduced sulfur gases and the drywall emits an odor." *Id*. The Court, based on the evidence presented, found the KPT Drywall was a defective product and issued a detailed Findings of Fact and Conclusions of Law in favor of Plaintiff Hernendez ("*Hernandez* FOF /COL"), *see id.*, and entered a Judgment in the amount of

$164,049.64, including remediation damages in the amount of $136,940.46, which represented a cost of $81.13 per square foot based on the footprint square footage of the house. *See* Rec. Doc. 3012.

On October 14, 2010, Knauf agreed to participate in a pilot program to remediate a number of homes using the remediation protocol formulated by the Court in the *Hernandez* case. The Knauf pilot remediation program has remediated over 2,800 homes containing KPT Chinese drywall using essentially the same protocol. At the Court's urging, after a number of homes had been remediated, the parties began working together to monetize this program and make it available to a broader class of plaintiffs.

Thereafter, the PSC and Knauf entered into settlement discussions, and on December 20, 2011, some two years after the formation of this MDL. The PSC reached a global remediation settlement with Knauf, which is designed to resolve all Knauf-related Chinese drywall claims.

After a bellwether trial involving the downstream Knauf distributor, North River, numerous other settlement agreements were also reached with other downstream entities in the chain of commerce with the Knauf. These entities included various distributers, builders, and installers (and their insurers) of the Knauf-manufactured Chinese drywall.

On August 12, 2013, Plaintiffs' and Defendants' Liaison counsel entered into a second settlement agreement addressing claims filed after December 9, 2011 (the "New Claims Settlement Agreement"). R. Doc.16978-1. Under the New Claims Settlement Agreement, Claimants who gave notice prior to October 25, 2013 and qualified under the terms of the New Claims Agreement were eligible to seek benefits under the Knauf Class Settlement Agreement, subject to the requirements set forth in both agreements. R. Doc. 16978-1.

Under the terms of the settlements, the claimants with KPT Chinese drywall (drywall manufactured by Knauf's Chinese subsidiary) were offered several options. Under Option 1, the claimants were offered the opportunity to receive a complete, environmentally certified remediation of their properties. Under Option 2, the claimants were offered cash reimbursement in the event the home was already remediated. Finally, under Option 3, claimants were offered a cash payment instead of remediation as well as the opportunity to receive monetary benefits from the Knauf downstream chain of commerce entities to compensate them for other specifically designated losses.

As part of the Knauf remediation settlement, the defendants also agreed to pay reasonable costs, including the cost of administering the program, and an additional amount for attorneys' fees, which includes both the fees for contract counsel and those for common benefit counsel. The total available for attorneys' fees, costs, and unreimbursed assessments is $208,643,656.85, of which $105,359,193.97 is allotted for common benefit attorneys' fees; $3,842,822.29 has been allotted for common benefit attorneys' costs; and $2,187,000.00 has been allotted for common benefit attorneys' unreimbursed assessments, leaving $97,254,640.59 to disburse among contract counsel.[1] This payment, relieves every claimant of all contingency fee and cost reimbursement obligations to

---

[1] In its January 31, 2018 order, the Court noted that the funds available for attorneys' fees as of October 31, 2017 was $197,803,738.17 [$187,803,738.17 (total available for attorneys' fees) + $10,000,000.00 (Taishan Advance)]. R. Doc. 21168 at 21 n.5, 24. Since that time, as of October 31, 2018, the amount of funds available has increased to $202,806,084.56, as the funds have earned interest over time. In determining the amount of attorneys' fees available for common benefit counsel, the Court underwent the following arithmetic:

$195,241,093.85 [total available for attorneys' fees] + $7,564,990.71 [remainder of the Taishan Advance] - $192,250.00 [Special Master fee unpaid] = $202,613,834.56.

This leaves common benefit counsel with $105,359,193.97 [$202,613,834.56 x .52] for common benefit fees, resulting $111,389,016.26 to allocate [$105,359,193.97 + $3,842,822.29 (costs) + $2,187,000.00 (unreimbursed assessments)].

For contract counsel, the Court determined the amount available for attorneys' fees by taking 48% of the total amount available for fees, including the remaining amount available from the Taishan Advance, which leaves $97,254,640.59 available for contract counsel's attorneys' fees:

$195,241,093.85 [total available for attorneys' fees] + $7,564,990.71 [remainder of the Taishan Advance] - $192,250.00 [Special Master fee unpaid] = $202,613,834.56; $202,613,834.56 x .48 = $97,254,640.58.

both retained contract counsel and common benefit counsel (with exception of the Virginia litigants), and thus represents an amount which otherwise would have been payable by the claimants out of their settlement recovery. The claimants have now all received their appropriate portion of the settlement funds. It is now time to focus on the attorneys' fees for this aspect of the litigation for the purpose of determining the appropriate allotment of these fees.

This process requires a two-step analysis. The first step required a determination of the proper split between the contract counsel and the common benefit counsel. The second step involves an analysis of the appropriate allotment of the fees to each counsel. In its January 31, 2018 order, the Court dealt with the first step of this analysis, determining that the appropriate split between contract counsel and common benefit counsel was 52% for common benefit counsel and 48% for contract counsel. R. Doc. 21168.  At this point it is worth noting that many, if not all, of the common benefit applicants are also contract counsel in at least some of the cases and will receive significant compensation from those cases in addition to any amounts they may receive in common benefit fees. For this reason, it is disconcerting and disappointing to receive such vexatious, vitriolic, and acerbic briefs from some of the attorneys who seek common benefit fees. It is unfortunate that this has become the new norm in this type of litigation. If such unseemly conduct persists, it will likely spawn "corrective legislation" to attempt to bring back some civility and professionalism to this aspect of complex litigation.

In any event, having completed the first step in this analysis, it is now time to proceed to the second step and determine the appropriate allotment of these common benefit fees and costs to the attorneys who performed common benefit work that produced the favorable result in this case. First, to put this process in perspective, it is helpful to review the procedures adopted to document the common benefit work in this litigation.

From the very beginning of this MDL and long before the Settlement Agreements were even contemplated, the Court took steps to create a fair and open environment for all interested attorneys to perform work for the common benefit of the Knauf drywall litigants. To centralize leadership and control of litigation of this magnitude, fourteen individuals were appointed to the Plaintiffs' Steering Committee (the "PSC"). *See* Pretrial Order No. 8 (July 27, 2009), R. Doc. 144. But the Court, the litigants, and the justice system in general also have an interest in broadening the range of attorney participation in MDL cases, lest the work be confined to a specialized bar of MDL attorneys, which would result in exclusivity, unfairness, and discrimination and, in the long run, inure to the disadvantage of litigants and their attorneys. Therefore, the Court authorized and encouraged the PSC to create sub-committees comprised of interested Plaintiffs' attorneys not on the PSC and assign them tasks consistent with the PSC's duties. The Court encouraged all interested attorneys, including those in state court litigations, to coordinate with the PSC and to do work for the common benefit of all the Knauf litigants and become eligible for a common benefit fee. Over sixty firms or attorneys availed themselves of the opportunity to perform common benefit work and it is now time to allocate fees and costs to those attorneys whose common benefit work produced the result in the Knauf aspect of this MDL.

There has been much discussion regarding the process by which a Court should allocate common benefit attorneys' fees. The Fifth Circuit's holding in *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220 (5th Cir. 2008), in which the court reviewed an allocation of attorneys' fees in a class action settlement, is instructive on this point. The takeaway from *High Sulfur* is that, in allocating a fund for attorneys' fees, the Court must conform to "traditional judicial standards of transparency, impartiality, procedural fairness, and ultimate judicial oversight." *Id.* at 234. This process requires creating a sufficient record that includes

making sufficient factual findings, accurately recording the time worked, analyzing the *Johnson* factors, providing all applicants an opportunity to be heard, and exercising independent judgment in allocating those fees rather than simply rubber-stamping a committee recommendation or "pulling it out of the air." This Court has been guided by these principles.

At an early period in this case, the Court established procedures for any attorney seeking a common benefit fee or the reimbursement of common benefit expenses to follow. A CPA was appointed to monitor and record the common benefit work and expenses. The Court ordered those doing common benefit work and incurring common benefit expenses to report monthly to the Court-appointed CPA (Phil Garrett) the hours worked, the nature of the work, and expenses incurred. Time and Expense Guidelines were established to govern all activities performed and expenses incurred by counsel in pursuit of common benefit work. Working with the CPA is a paralegal whose task is to monitor and verify that the attorneys' filings are consistent with these guidelines. If the time reported by counsel for a specific task was inconsistent with the guidelines, not appropriate for that task, or not for the common benefit, the CPA rejected the time and counsel was so advised. Throughout this litigation the Court met monthly with the CPA to review the reported material. These reports have now been summarized and show the total amount of time spent by those seeking common benefit fees and the type of work performed from the inception of this MDL until 2013, the date the Knauf Settlement was finalized. Common benefit costs were recorded from inception until 2014 because of costs incurred in distribution.

After this settlement was finalized, in an effort to get attorneys' input, the Court appointed a Fee Allocation Committee comprised of a representative number of attorneys, including both members and non-members of the PSC who were either active in the state litigation or who performed significant work in the MDL. After meeting with all interested attorneys, receiving fee

requests together with supporting material, the Fee Allocation Committee was charged with the task of making a recommendation on the appropriate allocation to all those seeking common benefit fees. This recommendation was then posted on the Court's website to afford all counsel an opportunity to see the recommendation and respond. A deadline was set for responses or objections. Seventeen objections were timely received.

The Court then appointed a Special Master to review the objections and meet with the objectors and establish a method or procedure for affording them due process to state and advocate their respective positions. The Special Master was authorized to allow reasonable discovery by the interested parties, request and receive briefs, and hear oral argument. Thereafter, the Special Master made a recommendation as to the appropriate allocation of fees to the objecting counsel, which the Court posted to the court's website inviting responses. *See generally* R. Doc. 21945. The Court received seventeen responses from interested parties.

This management process from the onset was transparent and has produced abundant information and data for the Court to make an informed decision as to the fee and cost allocations. At this point, the Court has before it: (1) the recommendations of the Attorneys' Fees Allocation Committee; (2) a minority report from a member or members of the Attorneys' Fees Allocation Committee; (3) the responses or objections to these recommendations; (4) the recommendations of the Special Master; (5) objections to the Special Master's recommendations; and (6) the CPA's summary of the total time spent, the type of work performed, and the costs expended by each attorney who followed the Court's directive and contemporaneously reported the common benefit work performed and cost incurred.

Taking all this information into consideration together with the data collected and impressions formed during ten years of regular monthly meetings, a plethora of discovery motions,

and several bellwether trials, the Court now undertakes the thankless task of determining the fair and appropriate allocation of costs and fees to those who performed common benefit work that produced the result achieved in this case.

At the outset, it is important to note that not all work performed by counsel in this case was common benefit work, since some of it was specific to a personal contract case and not for the common benefit of all cases. Furthermore, not all common benefit work was valued the same way. For example, work logged for discovery, brief writing, oral presentation to the Court, trial, appeal, or settlement was generally assigned a greater weight or value than time spent "assessing the case" which generally includes monitoring e-mails and other common benefit administrative functions. This is especially appropriate when the person who spends time "assessing the case" is not on the PSC and is not charged with performing any common benefit administrative functions. Moreover, in this case it is the Court's view that the time spent on trial preparation and presentation as well as designing and negotiating the settlement, particularly the latter, was the most valuable in producing the result. As this Court has observed in other opinions, determining the type of common benefit work that primarily contributed to the favorable result and the value assigned for that work necessarily injects an unavoidable amount of subjectivity in the Court's fee evaluation. The best that can be done to assure the validity of the analysis is to base the subjectivity quotient on sufficient facts, data, and experience and to invite and consider input from those affected. This Court has attempted to strike this balance through this tedious and long-drawn-out process. The total amount to be allocated including common benefit fees, held costs, and remaining assessments is $111,389,016.26.[2]

---

[2] As the Court explained in its January 31, 2018 Order & Reasons, R. Doc. 21168, the figure for attorneys' fees listed in that Order, $99,762,099.56, reflected the total amount available for attorneys' fees as of October 2017, *id.* at 24 & n.9. The amount of attorneys' fees disbursed pursuant to the instant Order, $105,359,193.97, reflects the amount currently available for distribution, as calculated by the Court-appointed CPA. The additional funds available

The Court will now address each common benefit applicant in alphabetical order, setting out the amount of the allocation and the factual basis underlying the court's conclusion.

### 1) **Allison Grant, P.A.**

This law firm is located in Boca Raton, Florida. This firm identified the existence of Chinese drywall in the fall of 2008 before there was public information about Chinese drywall and after working with home inspectors to identify problems in properties the firm represented. It began investigating and met with local government authorities in Florida to develop a protocol for inspections. It also dealt with tax assessors and financial institutions to address economic burdens suffered by the substantial number of claimants it represents. The firm worked with members of the PSC and contractors to implement the Pilot Program and to create efficiencies for participants. Specifically, the firm communicated with Benchmark Inspection and Moss Contractors to provide input in connection with unique Florida condominium law issues and specific homeowner claimant issues. It attended the home inspections of the *Banner* class representatives, Gary Carroll and Robert Block, and participated in their depositions.

The firm has logged 85 common benefit hours from inception through 2013, the year of the second Knauf settlement. The firm had no reported held costs and paid no assessments for the litigation. The Fee Allocation Committee recommends a common benefit fee of $28,000.00. The Minority of the Allocation Committee recommends $28,000.00, and the Special Master recommends $29,000.00. The Court finds that an appropriate allotment to this firm is $29,059.44.

---

are due to interest earned on the original amount. The $111,389,016.26 amount listed above includes held costs, unreimbursed assessments, and attorneys' fees.

2) **Alters Law Firm, P.A.          (formerly known as Alters, Boldt, Brown, Rash, & Culmo)**

This law firm is located in Miami, Florida. This firm became involved in the Chinese Drywall Litigation early in the MDL. A substantial amount of its time involved participation with efforts involving elected officials and to address the circumstances suffered by Plaintiffs. The firm also had some efforts in pursuing the Banner entities. The firm reports that it made the following common benefit contributions: (1) discovery, principally concerning *Banner*; (2) government relations; (3) meeting with experts and developing a program to fingerprint drywall chemically for identification; (4) conducting home inspections, and drywall sampling; (5) preparing for expert depositions; and (6) reviewing documents and assisting in the preparation for bellwether trials.

On June 6, 2018, a Notice of Filing Order Suspending Jeremy W. Alters was filed in the United States District Court, Eastern District of Louisiana in the MDL. R. Doc. 21361. Attached to the Notice as Exhibit "A" was an Order dated May 21, 2018 from the Supreme Court of Florida making the suspensive of Jeremy W. Alters effective immediately and ordering certain actions to occur.

The firm has no held costs, logged 657.50 common benefit hours and paid $50,000.00 in assessments through 2013, of which $40,000.00 has been reimbursed, leaving an unreimbursed amount of $10,000.00. The Fee Allocation Committee recommends a common benefit fee of $150,000.00 plus a return of the remaining assessment for a total of $160,000; the Minority suggests $250,000.00, plus the return of the remaining assessment for a total of $260,000; and the Special Master recommends $175,000.00 plus the unused assessment for a total of $185,000. The

Court finds that a fair allotment to this firm is a common benefit fee of $177,577.00 plus a return of the remaining assessment for a total of $187,577.00

### 3)  Anderson Kill, PC

This law firm is located in New York City, New York. Anderson Kill (through its partner and managing shareholder, Robert Horkovich) represented the "WCI Chinese Drywall Trust" in an action ("*Pate*") to recover from certain commercial liability carriers that were denying coverage to builders, among others, for Chinese Drywall remediation. The firm contributed to the Plaintiffs' efforts to prosecute the Omni V complaint involving insurers by participating in insurance discovery matters, insurance motion practice, and arguing on two occasions, which proved to be of mixed success. The firm had a contingency fee contract to represent the WCI Trust and was paid over $340,000.00 by its client. Notably, the Fee Committee, as others seeking common benefit fees, have not been compensated over the extended length of this prolix litigation. The work this firm submitted for common benefit substantially included work that it was already committed to perform for the WCI Trust. Most of the work performed and submitted by this firm was handled by paralegals or policy analysts who are para-professionals and not attorneys, whose billings were deemed excessive and unreasonable. This firm's work was limited solely to a small portion of the insurance portion of the Global Settlement.

The firm reports spending a total of 4,180.83 hours on this litigation and claims it has $20,627.57 in held costs. The Fee Allocation Committee and the Minority of the committee suggest $90,000.00 in common benefit fees plus costs of $20,627.57. The Special Master recommends $300,000.00 in fees plus held costs. The Court notes that a large percentage of this firm's recorded hours were spent in "case assessment" (nearly 50%).   While this type of work is necessary and beneficial for the common benefit when it is done by those in leadership positions

12

who have to duty to make decisions on the appropriate course of the litigation, it is not as valuable to the common benefit when done by those outside of leadership. In this instance the hours spent in case assessment deserve less weight. Accordingly, the Court finds that a fair allotment to this firm is a $111,388.91 common benefit fee plus held costs for a total of $132,016.48.

### 4)  **Andry Law Firm**

Andry Law Firm did not submit any common benefit hours or held costs to the Court-appointed CPA. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, leaving the amount of $2,000.00 outstanding.

The Fee Allocation Committee and the Special Master recommend $0.00 in common benefit fee and a return of the unreimbursed costs of $2,000.00. The Minority of the Allocation Committee recommends $20,000.00 in fee plus unreimbursed costs. The Court finds that an appropriate allocation to this firm is $2,000.00.

### 5)  **Aronfeld Trial Lawyers, P.A.**

This law firm is located in Coral Gables, Florida. Aronfeld Trial Lawyers, through its owner Spencer Aronfeld, has applied for a common benefit fee based upon having brought certain cases into the MDL. Mr. Aronfeld held two town meetings in Florida to discuss CDW with residents and later had cause to visit a warehouse where drywall was stored in Virginia.

The firm reports it spent 112.95 common benefit hours and paid $10,000.00 in assessments of which $8,000.00 has been reimbursed. It reports it has $3,431.06 in held costs. The Fee Allocation Committee and the Special Master recommends $4,500.00 in common benefit fee plus held costs and unreimbursed assessments for a total sum of $9,931.06 The Minority of the Allocation Committee recommends $24,500.00, plus held costs and unreimbursed assessments for a total of $29,931.06. The Court notes that all but three of the hours submitted by

this firm as common benefit were for "assessing the case" and this firm was not on the PSC or had any administrative responsibilities.   The three remaining hours were spent on discovery. The Court finds that a fair allotment to this firm is $3,767.97 for common benefit work plus held costs and unreimbursed assessments for a total of $9,199.03.

### 6)   **Aylstock, Witkin, Kreis & Overholtz**

This law firm is located in Pensacola, Florida. Aylstock, Witkin, Kreis & Overholtz did not submit any common benefit hours or held costs to the Court-appointed CPA pursuant to PTO 9. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding. The Fee Allocation Committee and the Special Master recommend $0.00 in common benefit fee and a return of the unreimbursed assessment of $2,000.00. The Minority of the Fee Allocation Committee recommends $20,000.00 in common benefit fee plus return of the unreimbursed costs. The Court finds that an appropriate allotment to this firm is $2,000.00.

### 7)   **Barrios, Kingsdorf & Casteix**

This law firm is located in New Orleans, Louisiana. Dawn Barrios was appointed to the PSC and was also appointed Chair of the State/Federal Committee. She was named Co-Chair of the Written Discovery Committee, Co-Chair of the Witness Development Committee, and Co-Chair of the Research and Collection of Standards (Domestic and Foreign Publications and Journals/FOIA/Public Records Requests) Committee. Additionally, she was appointed as a Member of the Fee Committee. Ms. Barrios and her law partner, Bruce Kingsdorf, also served on numerous other PSC Committees, including the Discovery Deposition Committee, Case Tracking Committee, Administration & Depository Committee, the MDL Law Committee, and the

Louisiana Law Subcommittee, Bankruptcy and Financial Research Committee, Insurance Committee, Public Relations Committee, and Trial & Trial Package Committee.

As Chair of the State/Federal Committee, Ms. Barrios played an important role in communicating with attorneys in the MDL and in state courts around the country, particularly in Virginia and Florida, setting up databases for profile forms, disseminating mass email notices and reminders, and addressing questions from hundreds of individual Plaintiffs' counsel as well as defense counsel to foster coordination. She regularly presented to the Court at each monthly status conference on these matters.

In addition, Ms. Barrios participated in devising the damage model used in the *Germano* and *Hernandez* cases and assisted in drafting the proposed Findings of Fact and Conclusions of Law for the *Germano* and *Hernandez* trials. Further, Ms. Barrios helped prepare the detailed claim forms and numerous CAPS for the various interrelated class settlements, and she has liaised with the settlement administrators, individual counsel, and the Court-appointed *Pro Se* Curator for many months to ensure consistency in claims administration.

The firm has logged 7,964.30 hours in common benefit work and has $70,452.96 in held costs, which were approved by the Court-appointed CPA. The firm has paid $700,000.00 in assessments for the litigation, of which $132,857.14 is outstanding. The Fee Allocation Committee, the Minority of the Committee, and the Special Master recommend a common benefit fee of $2,750,000.00 plus held costs and unreimbursed assessments for a total of $2,953,310.10. The Court finds that an appropriate allotment to this firm is a common benefit fee of $2,902,596.96 plus held costs and the remainder of the assessments for a total of $3,105,907.06.

### 8)  Becnel Law Firm LLC

This law firm is located in Reserve, Louisiana. The firm filed the first lawsuit in Louisiana involving Chinese Drywall and filed the Motion to Transfer and Consolidate the Chinese Drywall Litigation with the Judicial Panel for Multidistrict Litigation, which it argued at the transfer and consolidation hearing in Louisville, Kentucky. Daniel Becnel was appointed to the PSC. The majority of the firm's hours involved home inspections and activities in connection with the creation and administration of the Pilot Program. It worked initially with experts to help develop inspection protocols.

The firm also participated in town hall meetings, helped facilitate Consumer Product Safety Commission efforts, and participated in various meetings with government and elected officials to address the circumstances suffered by Plaintiffs. In December 2009, the firm helped create a public service announcement with New Orleans Saints' coach, Sean Payton, that was used to inform affected property owners and ultimately led to the filing of the Payton Omnibus Complaint. The firm also assisted in discovery and preparing its client Cheryl and David Gross for their deposition testimony in connection with the Interior Exterior bellwether trial. The firm also investigated potential claims involving personal injuries.

The firm logged 2,834.85 common benefit hours and reported having held costs of $27,243.80. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been reimbursed leaving an outstanding amount of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $700,000.00 plus held costs plus the outstanding amount of assessment for a total amount of $860,100.94. The Minority recommends a common benefit of $2,100,000.00 plus held costs and the outstanding assessment for a total of $2,260,100.94. The Special Master recommends a common benefit fee of $1,000,000.00 plus the

held costs and the outstanding assessments for a total of $1,160,100.94. The Court finds that an appropriate allotment to this firm is a common benefit fee of $1,077,196.67 plus held costs and the outstanding assessment for a total of $1,237,297.61.

### 9) Bencomo & Associates

This law firm is located in New Orleans, Louisiana. The Bencomo & Associates firm did not log any common benefit hours or record any held costs. The firm did contribute $10,000.00 in assessments, of which $8,000.00 was reimbursed, leaving $2,000.00 outstanding. The Fee Allocation Committee and the Special Master recommend payment of the outstanding assessment of $2,000.00, but no common benefit fee. The Minority recommends a common benefit fee of $20,000.00 plus a return of the outstanding amount of assessment for a total of $22,000.00. The Court finds that an appropriate allotment to this firm is $2,000.00.

### 10) Berrigan, Litchfield, Schonekas, Mann & Traina, LLC

This law firm is located in New Orleans, Louisiana. Members of this firm represent individual claimants. The firm seeks common benefit fees for having attended a seminar regarding subrogation and attempted to publish news articles.

This firm has recorded 17.25 hours of common benefit work but has reported no held costs. The firm has contributed $10,000.00 in assessments of which $8,000.00 has been returned leaving a total of $2,000.00. The Fee Allocation Committee and the Special Master recommend $900.00 in common benefit fee plus a return of $2,000.00 in assessment for a total of $2,900.00. The Minority recommends a common benefit fee of $20,000.00, plus a return of the assessment for a total of $22,000.00. The Court notes that the entire time logged was for time spent assessing the case. The Court finds that an appropriate allotment for this firm is a common benefit fee of $968.82 plus return of the remainder of the assessment for a total of $2,968.82.

### 11) Bruno & Bruno, LLP

This law firm is located in New Orleans, Louisiana. The firm represents a number of individual clients and it actively inspected a number of properties of these clients. Additionally, the firm reports that it participated in insurance discovery, document review identified facilities in Alabama and Florida containing Chinese drywall, interviewed and vetted class representatives, and drafted a complaint containing allegations against an insurer.

The firm has logged 458.60 common benefit hours and incurred held costs in the amount of $6,219.03. The firm contributed $10,000.00 in assessments of which $8,000.00 has been repaid, leaving a balance of $2,000.00. The Fee Allocation Committee recommends a common benefit fee of $18,000.00 plus payment of the held costs and the remainder of the assessment for a total of $26,219.03. The Minority recommends $38,000.00 common benefit fee plus the held costs and the assessment remainder for a total of $46,219.03. The Special Master recommends $75,000.00 plus payment of the held costs and the assessment for a total of $83,219.03. The Court finds that an appropriate allotment for this firm is a common benefit fee of $43,049.71 plus the held costs and the assessment remainder for a total of $51,268.74.

### 12) Burdman Law Group

The law firm is located in San Diego, California. The Burdman Law Group filed a class action lawsuit in the United States District Court for the Central District of California and provided a deposition of a corporate representative from an importer of Chinese Drywall from China to California, who was later deposed in the MDL.

The firm reports logging 50.50 common benefit hours and incurring $1,561.73 in held costs. The Fee Allocation Committee, The Minority of that committee, and the Special Master

recommend a common benefit fee of $15,000.00 plus the held costs for a total of $16,561.73. The Court finds that an appropriate allotment to this firm is $17,704.36.

### 13) Collins - Live Oak

Collins - Live Oak did not submit any common benefit hours or held costs to the Court-appointed CPA pursuant to PTO 9. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding. The Fee Allocation Committee and the Special Master recommend reimbursement of $2,000.00 but no common benefit fee. The Minority recommends a common benefit fee of $20,000.00 plus a return of the assessment remainder for a total of $22,000.00. The Court finds that an appropriate allotment to this firm is $2,000.00.

### 14) Colson Hicks Eidson PA

This law firm is located in Coral Gables, Florida. This firm filed one of the first complaints in the country, *Vickers v. Knauf Gips, KG, et al.*, No. 09-04117, in the United States District Court for the Southern District of Florida. The firm devoted extensive, time, resources, and personnel to the litigation. The late Ervin Gonzalez was appointed to the PSC and served as Plaintiffs' Liaison Counsel in Miami-Dade County and assisted in coordinating activities in Broward County. Members of the firm actively participated in the preparation and review of documents produced by various entities in the litigation. Several members of the firm, including Partner Patrick Montoya, who replaced Mr. Gonzalez on the PSC after he passed, were active in discovery, including the preparation and taking of numerous deponents, which included witnesses from the supply chain, from manufacturers through installers. The firm participated in over forty depositions, including depositions taken outside of the United States, in Germany, Great Britain, and Hong Kong. Additionally, the firm argued and drafted numerous motions both in state and

19

federal court. Members of the firm tried the *Seifart v. Banner Supply* case, which was the first bellwether jury trial in Florida, resulting in a Plaintiff verdict against Banner Supply Company, and Colson worked up other state court matters for trial. Furthermore, members of the firm were on the InEx trial team. Colson helped negotiate and was instrumental in the negotiation and development of the Banner Settlement and has actively participated in the administration of the Banner, Global and Knauf Settlements.

The firm logged 14,080.55 common benefit hours and has held costs of $387,668.26. The firm has contributed $700,000.00 in assessments, of which $560,000.00 has been reimbursed, leaving an outstanding amount of $132,857.14. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $3,900,000.00 plus reimbursement of the held costs and the return of the assessment remainder for a total of $4,420,525.40. The Minority recommends a common benefit fee of $5,300,000.00 plus held costs and a return of the assessment remainder for a total of $5,820,525.40. The Court finds that an appropriate allotment to this firm is a common benefit fee of $4,841,098.76 plus held costs and a return of the assessment for a total of $5,361,624.16.

### 15) Cuneo Gilbert & LaDuca

This law firm is located in Washington, D.C. Cuneo Gilbert & LaDuca has 126.75 common benefit hours from inception through 2013, and $4,037.79 in held costs through 2014, which were accepted by the Court-appointed CPA pursuant to PTO 9. The firm did not make a presentation before the Fee Committee. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend reimbursement of $4,037.79 in held costs and $2,000.00 in outstanding assessments for a total of $6,037.79. The Minority recommends $20,000.00 in common benefit fee plus the held costs and outstanding assessments for a total of $26,037.79. The Court notes that seventy-five hours of logged time was spent on discovery. The remaining hours were logged for case assessment. Accordingly, the Court finds that an appropriate common benefit fee is $21,480.24 plus held costs and the remaining assessment for a total of $27,518.03.

### 16) <u>Davis & Duncan, LLC</u>

This law firm is located in Mandeville, Louisiana. Davis & Duncan, LLC has 2.90 common benefit hours from inception through 2013, and $0.00 in held costs through 2014, which were accepted by the Court-appointed CPA pursuant to PTO 9. The firm did not submit either an Initial Affidavit or a Second Affidavit and did not make a presentation before the Fee Committee. The firm did not make any contributions in assessments to the litigation. The Fee Allocation Committee, the Minority of that committee, and the Special Master recommend no payment to this firm. The Court notes that the total time summitted by this firm was for "case assessment," and this firm had no common benefit administrative responsibilities.  Accordingly, the Court agrees that no allotment is due this firm.

### 17) <u>Gainsburgh, Benjamin, David, Meunier, Warshauer, LLC</u>

This law firm is located in New Orleans, Louisiana. Gerald Meunier, a partner appointed to the PSC, and his firm played a leading role in several aspects of this litigation and made important contributions to MDL 2047. Mr. Meunier was also appointed Chair of the Inspections Committee, Co-Chair of the Trial & Trial Package Committee, Co-Chair of the Medical Monitoring Committee, Co-Chair of the Overall and MDL Law Committee, and Co-Chair of the

Discovery Deposition Committee. Additionally, he was appointed as a Member of the Fee Committee, as Subclass Counsel for the Louisiana Subclass in the InEx Settlement, and as Subclass Counsel for the Commercial Owner Subclass in the Knauf Settlement. Mr. Meunier and other members of his firm also served on numerous other PSC Committees, including the Litigation Group and Seminar Planning Committee, New Defendants Committee, Research and Collection of Standards (Domestic and Foreign Publications and Journals/FOIA/Public Records Requests) Committee, Witness Development Committee, Written Discovery Committee, and Louisiana Law Subcommittee.

At the inception of the MDL, the Gainsburgh firm committed several personnel to this litigation, including several partners and an associate. These attorneys were involved in important aspects of the case that substantially contributed to its overall resolution, including: strategic planning, factual investigation, preparation of pleadings, lay and expert witness discovery, trial preparation and presentations, and legal analysis. The firm actively participated in the preparation of a limited portion of briefing before this Court and lent editorial input to briefing before the District Court and the Fifth Circuit Court of Appeals. Mr. Meunier took an active and leading role in the *Hernandez* bellwether trial, the *Clement* and *Campbell* cases that settled on the eve of trial, and the *North River* trial and was responsible for direct and cross-examination of numerous key witnesses in those trials. Mr. Meunier also assisted PSC member Richard Serpe with preparation for state court trials in Virginia. Gainsburgh Partner, Michael Ecuyer, was a member of the *Germano* trial team. Messrs. Meunier and Ecuyer were integral in developing trial theories, engaging in extensive pretrial discovery, preparing experts, working up the cases, and developing a comprehensive remediation protocol. One of Mr. Meunier's principal trial presentation contributions was to solely handle all of the witnesses associated with Beazer Homes, whose

testimony and videotaped work activity on Florida homes established that, apart from the purely scientific support for a "back-to-studs" remediation to make Plaintiff property owners whole, the actual experience of builders like Beazer was that a "back-to-studs" remediation also was the most practical and cost-efficient way to remove and replace defective Chinese Drywall. Knauf, though presenting scientific rebuttal on the scope of remediation, was unable to meaningfully rebut this "hands-on" evidence.

This firm logged 7,963.55 common benefit hours and incurred held costs of $108,510.76. This firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been reimbursed, leaving a balance of $132,857.14. The Fee Allocation Committee and the Minority of that committee recommend a common benefit fee of $8,600,000.00 plus the remainder of the assessment and the held costs for a total of $8,841,367.90. The Special Master recommends a common benefit fee of $8,500,000.00 plus outstanding assessment remainder and held costs for a total of $8,741,367.90. The Court notes that over 6,000 of this firm's common benefit hours were logged performing trial work, the type of work that is the most stressful and contributed significantly toward the result achieved in this case. The Court holds that an appropriate allotment for this firm is a common benefit fee of $9,191,557.05 plus held costs and the remainder of the assessment for a total of $9,432,924.95.

**18) <u>Gary, Naegele & Theado, LLC</u>**

This law firm is located in Lorain, Ohio. Through its partner, Robert Gary, it became aware of the problem of defective drywall in certain Florida homes in early 2009 and conducted meetings in Florida with homeowners as well as environmental experts and scientists. The firm spent the bulk of its time traveling throughout Florida meeting with an inspector and its clients to address issues with representatives of the Florida Department of Health. The firm also assisted

with legal research and state/federal coordination after the MDL was formed.

The firm has performed 476.20 hours doing common benefit work from inception through 2013 and has incurred $13,979.54 in held costs through 2014. The Fee Allocation Committee recommends a common benefit fee of $47,000.00 plus held costs and reimbursement of the remaining $2,000.00 in assessments for a total of $62,979.54. The Minority of the committee recommends a common benefit fee of $67,000.00, plus held costs and the remainder of the assessments for a total of $82,979.54. The Special Master recommends a common benefit fee of $100,000.00 plus a return of the remaining assessments and the held costs for a total of $115,979.54. The Court notes that only thirty-three of the hours logged were in pre-trial work and the balance of the hours were spent monitoring e-mails. The Court finds that an appropriate allotment for this firm is a common benefit fee of $65,605.37 plus held costs and the remaining assessment for a total of $81,584.91.

### 19) **Glago Law Firm LLC**

This law firm is located in New Orleans, Louisiana. Glago Law Firm LLC has 149.15 common benefit hours from the MDL's inception through 2013, and $0.00 in held costs through 2014. The firm did not submit either an Initial Affidavit or a Second Affidavit and did not make a presentation before the Fee Committee. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend a common benefit fee of $0.00 but a return of the remainder of the assessments for a total of $2,000.00. The Minority recommends a common benefit fee of $20,000.00, plus a return of the remainder of the assessments for a total of $22,000.00. The Court notes that this firm did not submit the required

affidavits and did not seek a common benefit and did not object to the conclusions of the fee allocation committee. Accordingly, the Court concludes that the appropriate allotment to this firm is the return of the remaining assessment for a total of $2,000.00.

## 20) **Hausfeld LLP**

This law firm is located in Washington, D.C. Hausfeld, LLP's Partner, Richard Lewis, was designated "Of Counsel" to the PSC, and Mr. Lewis was involved in substantive common benefit work from the early stages of the litigation. He assisted in the preparation of expert witnesses and damage protocols, argued *Daubert* motions before the Court in connection with the *Germano* trial, and was active as a member of the *Germano* trial team in dealing with expert-witnesses. After these trials, he assisted in drafting complex Findings of Facts and Conclusions of Laws for these bellwether cases. He also participated in settlement negotiations for the Virginia state court settlements and contributed to class certification briefing in the MDL.

This firm has performed 5,106.50 hours in common benefit work and has incurred $66,504.16 in held costs. The firm has contributed $175,000.00 in assessments, of which $140,000.00 has been returned leaving a balance of $35,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $3,200,000.00 plus a return of the remainder of the assessments and the held costs for a total of $3,301,504.16. The Minority recommends a common benefit fee of $3,500,000.00 plus the return of the assessment balance and the held costs for a total of $3,651,504.16. The Court finds that an appropriate allotment to this firm is a common benefit fee of $3,550,591.33 plus held costs and a return of the remainder of the assessment for a total of $3,652,095.49.

### 21) <u>Hawkins Stracener & Gibson PLLC</u>

This law firm is located in Saint Louis, Mississippi. Hawkins Stracener & Gibson PLLC did not submit any common benefit hours or held costs to the Court-appointed CPA pursuant to PTO 9. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend no common benefit fee but a return of the remainder of the assessments for a total of $2,000.00. The Minority recommends a common benefit fee of $20,000.00 plus a return of the assessment for a total of $22,000.00. The Court finds that an appropriate allotment to this firm is $2,000.00.

### 22) <u>Herman, Herman & Katz, LLC</u>

The firm is located in New Orleans, Louisiana. HHK became involved very early on in the *Chinese Drywall* litigation, and on July 6, 2009, pursuant to Pre-Trial Order No. 3, Russ M. Herman was appointed as Plaintiffs' Liaison Counsel. Thereafter, on July 27, 2009, Russ Herman was appointed, pursuant to PTO 8, as an Ex-Officio Member of the PSC. R. Doc. 144. Mr. Herman has continued to serve throughout the pendency of this litigation, devoting significant resources, and continues to fulfill the Court-appointed duties as Plaintiffs' Liaison Counsel and Ex-Officio Member of the PSC. Senior Partner Leonard Davis has assisted in all aspects of the litigation and helped to perform Plaintiffs' Liaison Counsel's duties. In addition, partners, associates, paralegals, law clerks, assistants, accounting personnel, and other legal and technical experts have participated in this litigation on a full-time basis since its inception. Mr. Herman and Mr. Davis have worked hand-in-hand with Lead Counsel and the Law Office of Levin, Sedran & Berman, LLP ("LSB") virtually daily to oversee, direct, and coordinate the prosecution of claims

on behalf of thousands of Chinese Drywall victims in this MDL and various state courts around the country.

HHK oversaw and orchestrated all activities of the PSC. The activities include, but are not limited to, serving as the recipient for all court orders, which included setting up and implementing File & Serve Xpress (formerly, Lexis-Nexis File & Serve), in accordance with Pre-Trial Order No. 6, and coordination with defense liaison counsel for the filing and exchange of pleadings and documents in accordance with a unique certificate of service for this litigation; maintaining an up to date service list and the tracking of counsel contact information pursuant to Pre-Trial Order Nos. 5 and 5(A); and coordinating and establishing a document depository and maintaining a complete file of all documents that were accessible to Plaintiffs' counsel.

HHK conducted and chaired over 60 face-to-face PSC meetings between August 5, 2009 and December 2013. Many of these meetings took place face-to-face in conferences at the law offices of HHK, where Plaintiffs' Lead and Liaison Counsel presided. At each conference, status updates were provided, committee activities were monitored, progress of the case was noted, and strategies were developed. Agendas for meetings and various PSC activities were prepared by HHK, after consultation with LSB.

HHK maintained files of all communications and court filings. Throughout the litigation, HHK received, almost daily, calls and correspondence from various counsel, as well as *Pro Se* claimants, and answered questions or directed interested parties to the Court's website so that counsel and litigants could interface with the Court, and coordinated with Defense and Plaintiffs' counsel to allow for smooth administration of the Court's docket.

 The Court appointed a Plaintiffs' Steering Committee in Pre-Trial Order No. 8, which set forth various responsibilities for the PSC. The Court appointed Russ Herman and Arnold Levin,

as Lead Counsel of the PSC, to coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed status conferences, perform other necessary administrative or logistic functions of the PSC, and carry out duties as the Court may order, all of which have been accomplished throughout this litigation.

HHK, together with LSB, was involved in the preparation and filing of all briefing and presented oral argument to the Court on all major motions. The various motions included, among others, motions pertaining to discovery, motions for default judgment, motions for class certification, insurance motions for declaratory judgment, motions to dismiss for lack of jurisdiction on grounds of economic loss doctrine, pollution exclusion and other homeowners policy exclusions, motions related to choice of law, service and venue, motions under the All Writs Act, a motion to establish a Plaintiffs' expense fund, and motions for approval of class settlements and objections thereto. HHK signed and filed all motions. Drafts were read in advance and revisions, as well as oppositions, were reviewed by HHK. HHK wrote briefs and argued appeals to the Court of Appeals.

Early on the litigation, HHK retained an investigator with extensive Chinese and German networks, to determine as rapidly as possible, the location of the mine from which defective drywall was manufactured. The investigator successfully tracked down and reported information about the Knauf Defendants, its executives, and banking contacts. This information was useful to assist in developing a discovery plan. The investigator also provided information regarding the whereabouts of various Chinese Defendants and employees.

HHK established and managed the PSC depository and was responsible for tracking and supervising all document productions from Defendants and third-parties, orchestrated and created relevant timelines, cast of characters, hot documents, and researched the financial relationships

among the manufactures and their upstream entities, as well as the chain of distribution of Chinese Drywall that ultimately was installed in Plaintiffs' properties. HHK was intimately involved in all document productions, review of documents produced by Defendants, translations as well as deposition preparation.

HHK interviewed, vetted, and retained a Chinese attorney to assist with legal issues, research and translation. This Chinese attorney has assisted HHK and the PSC with document review and obtaining Chinese documents throughout the course of the litigation. The Chinese attorney has also assisted the PSC with legal research involving Chinese law.

HHK also worked with the Discovery Committee to get dates of drywall shipments, the ports of entry of Knauf drywall, and ultimately track the volume of imported by the Knauf Defendants to the United States. HHK was responsible for the logistics and coordination with defense counsel for all depositions in this litigation and virtually all notices issued by the PSC were prepared and issued by HHK. HHK prepared templates for depositions, oversaw the preparation of deposition summaries, and organized deposition exhibits. HHK oversaw the development of various Profile Forms, which ultimately were incorporated into various Pre-Trial Orders. HHK followed up with Plaintiffs' counsel and coordinated with defense liaison counsel for the exchange of each side's completed Profile Forms. HHK actively participated as first or second chair on all initial depositions taken in this matter, including the Knauf Defendants, Porter-Blaine, Venture Supply, InEx, and North River. Every initial deposition related to Knauf's liability was taken by members of HHK and/or LSB. Prior to each deposition, HHK, together with LSB, analyzed discovery and documents to prepare. HHK also took a number of the depositions in the *Hernandez* trial. Furthermore, HHK has actively participated in a number of the depositions of the Taishan Defendants, Banner, various insurers and installers, class

29

representative Plaintiffs, objectors to class settlements, and experts. HHK prepared and filed numerous motions to compel and for sanctions for discovery abuse and oppositions to motions to quash, and HHK also handled oral argument on a number of discovery motions.

HHK was actively involved in the creation and implementation of the Pilot Program, which was negotiated by HHK and LSB to begin the initial steps for the formulation of an overall Settlement Program. This Pilot Program introduced the Ombudsman to act for claimants and/or their lawyers in a way in which a property owner could consult with a licensed contractor to work through constructions issues without the need for lawyer involvement. The remediation contractor, Moss Construction, was chosen as lead contractor as a result of negotiations and vetting by HHK. An in-depth search for a national general contractor with experience in residential and commercial reconstruction was undertaken by HHK and offices were set up in Florida and New Orleans for contact and communication. HHK negotiated throughout the Pilot Program and eventual Settlement Agreements with Moss Construction and its liaison, Philip Adams, and other executives who met regularly with HHK and the Ombudsman to implement and resolve all remediation issues under the programs.

HHK worked, created, and helped prepare the various Omnibus complaints, which brought claims against all parties in the Chinese Drywall supply chains on behalf of approximately 10,000 Plaintiffs. LSB consulted with HHK after reviewing United States Fifth Circuit Court of Appeal cases and opinions of the U.S. Supreme Court and the Omnibus Complaint concept was developed. Numerous Omnibus Complaints were created that enabled lawyers representing individual claimants to file suit without incurring extravagant service filing costs and interrupting statute of limitations/prescription. HHK saw that the Omnibus Complaints were translated, filed, and served on the foreign manufacturing Defendants pursuant to The Hague

Convention. Service of these Omnibus Complaints through The Hague Convention resulted in substantial time and expense but created a vehicle that enabled individual claimants to efficiently file suit.

HHK helped develop and implement the Threshold Inspection Program ("TIP") and created a catalogue that identified markings, brands, intakes and other identifying markers of Chinese Drywall in affected homes that was used in the creation of Pre-Trial Order No. 10. HHK also vetted numerous contractors and helped select an inspection company to carry out the TIP and ultimately the Knauf Settlement Program.

At the very early stage in the litigation, HHK partner, Stephen Herman, organized focus groups to set the stage for successful prosecution of Chinese Drywall cases. These focus groups and presentations were used in all bellwether trials in the MDL. Stephen Herman oversaw all trial work in the Herman Herman client case, *Hernandez*, which ultimately set parameters for remediation efforts. HHK oversaw a review of numerous cases reviewed by the PSC to determine Plaintiff bellwether selections. Though the *Hernandez* case was selected to be the first case tried, HHK did not participate in the committee vote which made that selection. Stephen Herman was selected as co-lead trial counsel and members of HHK participated and were present at the trial. HHK also formed trial teams and oversaw all trial work in the *Germano* and *North River* bellwether trials, and also actively participated in the preparation of the *Clement* and *Campbell* trials. Further, members of HHK actively participated in the *North River* trial. HHK selected and prepared appropriate Plaintiff representatives, conducted multiple inspections of their properties and completed an assessment of individual damages. HHK briefed specific legal issues for trial and participated in motion practice before the Court for many of the trial matters. In addition, HHK retained scientific, technical and damages experts, developed trial themes and illustrative

trial exhibits, created a comprehensive remediation protocol, organized focus groups, prepared witnesses and experts, filed and responded to *Daubert* motions and *in limine* motions, and prepared opening and closing statements, lines of direct and cross-examination testimony, jury charges, verdict forms, and proposed Findings of Fact and Conclusions of Law. As a result of bellwether trials, the Court established a formula based upon a dollar per square foot remediation calculation that has been used extensively throughout this litigation.

HHK spearheaded and engaged in intense settlement negotiations. Initial negotiations began with Knauf and eventually took place with Banner, InEx, L&W, and more than 700 suppliers, installers, and insurers. During the course of negotiation, Knauf's original counsel held settlement discussions in Miami attended by HHK and LSB that did not prove fruitful; however, further discussions with new mediators proved to be beneficial. HHK actively participated in the selection and mediation process with the original mediator utilized for settlement discussions, as well as John Perry. During negotiations, HHK actively consulted with construction experts to develop a remediation protocol for Plaintiffs' properties and undertook discussions with additional experts to formulate a settlement agreement. HHK prepared or supervised the preparation, execution, and integration of the five original class settlement agreements in the MDL, as well as the four Virginia class settlement agreements, and worked with LSB to prepare the necessary and appropriate exhibits and pleadings to implement the settlements. Once the Settlement Agreements were approved, HHK created and implemented settlement claim forms and Court Approved Procedures to administer the programs. Further HHK coordinated with the Special Master, Claims Administrators, Court-appointed Ombudsman, and the Court-appointed Curator to carry out and implement settlements. Further, numerous *pro se* claimants consulted HHK to obtain assistance with the settlement process and HHK frequently communicated with

the Court appointed curator, Robert Johnston. Knauf provided monthly reports of the status of settlement payments and claims which were reviewed with Knauf's counsel to assist in successful completion of the Settlement Program.

The firm has logged 40,350 common benefit hours from inception through 2013 and has incurred held costs in the amount of $191,102.27 through 2014.The firm contributed $700,000.00 in assessments through 2013 of which $560,000.00 has been reimbursed, leaving an outstanding amount of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $26,524,849.78 plus payment of the held costs and a return of the remaining assessment for a total of $26,848,809.19. The Minority of the committee recommends a common benefit fee of $17,000,000.00 plus the remaining assessment and the held cost for a total of $17,323,959.41. The Special Master recommends a common benefit fee of $22,588,599.78 plus a return of the remaining assessment and payment of the held costs for a total of $22,912,559.19. The Court finds that this firm together with the Levin firm were the major contributors to the successful conclusion of this phase of the litigation. They were involved and directed the activities in the expert retention, preparation and discovery, trials and settlement, the major dispositive aspects of this litigation. The Court concludes that an appropriate allotment for this firm is $22,018,233.18 plus held costs and a return of the unused assessments for a total of $22,342,192.59.

### 23) Ingram & Associates

This law firm is located in New Orleans, Louisiana. Ingram & Associates did not submit any common benefit hours or held costs to the Court-appointed CPA pursuant to PTO 9. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding. The Fee Allocation Committee and the Special Master recommend no common benefit fee but a return of the remaining assessment for a

total of $2,000.00. The Minority recommends a common benefit fee of $20,000.00 plus a return

of the remaining assessment for a total of $22,000.00. The Court finds that an appropriate

allotment for this firm is $2,000.00.

## 24) Irpino Law Firm

This law firm is located in New Orleans, Louisiana. The firm became involved in the

*Chinese Drywall* Litigation early on in the MDL. The Irpino firm assisted in drafting pleadings,

participated extensively in discovery, including document review, drafting written discovery,

depositions, and privilege and confidentiality claims. The firm chaired the Document Depository

Committee and actively assisted in the ongoing oversight and activities of the depository.

Additionally, Anthony Irpino worked extensively with a number of experts in the litigation. The

firm also assisted in motion practice including issues involving personal jurisdiction. The firm

actively participated in the work-up and trial of the Interior Exterior bellwether trial and served on

the trial team. Further, the firm played an active role in challenging privilege log entries and was

active in the North River Trial, including trial preparation and the writing and preparation of

briefs. The Irpino firm was named as "Of-Counsel" to the PSC, and in May 2018Anthony Irpino

was named as a member of the PSC. Throughout the litigation, the Irpino Law Firm has been

consistently a "go to" and "relied upon" firm for many important PSC projects. The firm's

common benefit contributions have been utilized by the PSC and have advanced the litigation.

The firm has logged 7,687.10 hours in common benefit work from inception through 2013

and has incurred $10,903.75 in held costs through 2014. The firm has contributed $50,000.00 in

assessments of which $40,000.00 has been repaid, leaving $10,000.00 remaining. The Fee

Allocation Committee recommends a common benefit of $2,000,000.00 plus payment of held

costs and a return of the remaining assessment for a total of $2,020,903.75. The Minority

recommends a common benefit fee of $2,100,000.00 plus a return of the remaining assessment and payment of held costs for a total of $2,120,903.75. The Special Master recommends a common benefit fee of 2,750,000.00 plus payment remaining assessment and held costs for a total of $2,770,903.75. The Court finds that an appropriate allocation to this firm is $2,902,596.96 plus held costs and a return of the unused assessments for a total of $2,923,500.71.

### 25) Kanner & Whiteley, L.L.C.

This law firm is located in New Orleans, Louisiana. The firm became involved in the Chinese Drywall Litigation primarily in connection with insurance matters. The firm primarily worked with PSC members to address insurance coverage claims and various insurance motions, but its role in the MDL ceased in September 2010. In connection with insurance matters it assisted in the preparation of written discovery issued to carriers as well as pleadings filed in connection with insurance motions. It also defended against insurance motions occurring in state court regarding pollution exclusion provisions, and other provisions of the policies.

This firm has logged 624.95 common benefit hours and incurred $4,169.13 in held costs. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been repaid. The Fee Allocation Committee recommends a common benefit fee of $47,000.00 plus a return of the remaining assessment and payment of held costs for a total of $53,169.13. The Minority recommends a common benefit fee of $67,000.00 plus held costs and a return of the remaining assessment for a total of $73,169.13. The Special Master recommends a common benefit fee of $65,000.00 plus held costs and return of remaining assessment for a total of $71,169.13. The Court notes that a little over one half of the recorded hours were spent in monitoring e-mails, and nearly all of the remaining recorded hours were spent on pre-trial issues and discovery. The Court concludes that an appropriate allocation to this firm is a common

benefit fee of $72,106.43 plus held costs and a return of the remaining assessment for a total of $78,275.56.

### 26) Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman, & McKee, PA

This law firm is located in Ft. Lauderdale, Florida. Its partner, Michael Ryan, was appointed by Judge Greene as Liaison Counsel for Plaintiffs in the *Chinese Drywall* litigation in Florida state court (Broward County). Mr. Ryan also is appointed by this Court to serve as a member of the Fee Committee. Prior to his service as a member of the Fee Committee, Mr. Ryan's principal common benefit contribution was made in the cases brought in the Broward County, Florida against Banner. He collaborated with Ervin Gonzalez on class action proceedings and with Victor Diaz and the Durkee firm in motion practice. He also undertook efforts to address and clarify certain claims for purposes of the settlement agreement ultimately negotiated by the PSC with Defendants. In connection with the litigation against Banner in Florida, Mr. Ryan's firm filed fourteen cases involving over 350 individual properties. He also was a member of the Trust Advisory Board of the WCI Chinese Drywall Trust, and in that regard, he participated in mediations and in review of pleadings filed in the WCI insurance coverage litigation.

This firm has logged 699.80 hours doing common benefit work from inception until 2013 and has incurred $34,237.84 in held costs. The firm did not make any contributions to the litigation fund. The Fee Allocation Committee and the Minority of that committee recommend a common benefit of $425,000.00 plus held costs for a total of $459,237.84. The Special Master recommends a common benefit fee of $350,000.00 plus payment of held costs for a total of $384,237.84. The Court notes that about one third of this firm's logged time was spent monitoring e-mails and some of the time logged was in pursuit of its own cases. The Court concludes that the appropriate allotment to this firm is $430,491.65, plus held costs for a total of $464,729.49.

### 27) Landskroner - Grieco - Merriman LLC

This law firm is located in Cleveland, Ohio. Landskroner Grieco Merriman LLC, through its managing member Jack Landskroner, was minimally involved in the early investigation of Chinese Drywall, specifically as CDW problems affected residents in the State of Florida. Mr. Landskroner traveled to Florida to meet with residents. His partner Paul Grieco also attended the MDL panel hearing in 2009, on behalf of Plaintiffs in a class action which the firm had filed in the State of Ohio.

This firm logged 57.25 hours doing common benefit work from inception to 2013 and has expended $2,950.25 in held costs. The firm contributed $10,000.00 in assessments to the litigation fund of which $8,000.00 has been repaid leaving a balance of $2,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $23,000.00 plus payment of held costs for a total of $27,950.25. The Minority of the Committee recommend a common benefit fee of $43,000.00 plus payment of the held costs for a total of $47,950.25. The Court finds that an appropriate allotment to this firm is a common benefit fee of $26,907.08 plus held costs and a return of the remaining assessment for a total of $31,857.33.

### 28) Lemmon Law Firm, LLC

This law firm is located in New Orleans, Louisiana. The firm became involved in the Chinese Drywall Litigation in the early stages when it filed individual client lawsuits. It represented Paul and Celeste Clement claimants in one of the early bellwether trials which was fully worked up and settled on the eve of trial. The *Clement* settlement assisted, as did other bellwether trials, in paving the way for the Knauf Pilot Program. This firm was active in the *Clement* pretrial preparation, including trial motion practice. The firm also assisted and participated in a mock trial. The firm actively participated in insurance and Defendant/Plaintiff

Profile Form assignments and worked with the Plaintiffs' depository and its staffing. It oversaw a large project which involved charting insurance coverages, exclusions and other relevant information that was ultimately integrated into an overall database that contained Plaintiff and Defendant data. The firm assisted the PSC with town hall meetings and reviewing documents during discovery in connection with personal jurisdiction motions. Andrew Lemmon became "Of Counsel" to the PSC and the firm's common benefit contributions were often utilized.

From inception of this MDL until 2013 this firm logged 4,695.25 hours doing common benefit work and incurred $12,103.96 in held costs. The firm contributed $150,000.00 in assessments to the litigation of which $120,000.00 has been paid leaving a balance of $30,000.00. The Fee Allocation Committee recommends a common benefit fee of $450,000.00 plus payment of the held costs and return of the remaining assessment for a total of $492,103.96. The minority recommends a common benefit fee of $750,000.00 plus held costs and the remaining assessment for a total of $792,103.96. The Special Master recommends a common benefit fee of $800,000.00 plus held costs and a return of remaining assessment for a total of $842,103.96. The large majority of this firm's logged time was spent on discovery and trial preparation. The Court finds an appropriate allotment to this firm is a common benefit fee of $774,025.86 plus held costs and a return of the remaining assessment for a total of $816,129.82.

### 29) **Leopold Kuvin, P.A. & Mrachek, Fitzgerald**

The Leopold Firm is located in Palm Beach Gardens, Florida and the Mrachek firm is located in West Palm Beach, Florida. The firms jointly became involved in Chinese Drywall early in the litigation. The majority of their time focused on individual client matters involving the Villa Lago at Renaissance Commons, a claimant within the MDL. The firms handled the Villa Lago claim and participated, with the assistance of the PSC, in the settlement negotiations and

finalization of settlement documents including approval and motions related to the administration of the Villa Lago settlement (including the appointment of a receiver).

This firm has logged 832.75 common benefit from inception through 2013 and incurred $32,789.34 in held costs. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been repaid leaving a balance of $2,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $47,000.00 plus held costs and a return of the remaining assessment for a total of $81,789.34. The Minority recommends a common benefit fee of $67,000.00 plus held costs and remaining assessment for a total of $101,789.34. The Court finds an appropriate allotment to this firm is a common benefit fee of $53,811.46 plus held costs and the remaining balance of assessment for a total of $88,600.80.

### 30) Levin Papantonio Law

This law firm is located in Pensacola, Florida. Ben Gordon was appointed to the PSC and served as co-chair of the Science Committee and Expert Committee, Trial Committee and IT Committee. Levin Papantonio participated in the early stages of the MDL in the development of the initial inspection program of impacted properties and was a member of the *Germano* trial team. Mr. Gordon was a co-chair of the Science Committee and Expert Committee, who helped early on to secure and develop a number of expert witnesses and the firm assisted in the preparation of expert reports and working with experts who were considered for the *Germano* and *Hernandez* trials. The firm also assisted in administering and compiling Plaintiff Profile Forms.

This firm logged 4,136.90 common benefit hours from inception through 2013 and incurred held costs of $80,991.39. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned leaving a balance of $132,857.14. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $750,000.00

plus held costs and remaining assessment for a total of $963,848.53. The Minority recommends a common benefit fee of $2,150,000.00 plus held costs and the remaining assessment for a total of $2,263,848.53. The Court finds that an appropriate allotment to this firm is a common benefit fee of $1,301,484.06 plus held costs and the remaining assessment for a total of $1,515,332.59.

### 31) **Levin Sedran & Berman, LLP**

LSB is located in Philadelphia, Pennsylvania. The firm became involved in the *Chinese Drywall* litigation at its inception, with the March 2009 filing of the principal class action complaint against the major Defendants in *Vickers v. Knauf GIPS KG, et al.*, No. 09-20510-CIV (S.D. Fla.), and the perfection of foreign service therein pursuant to The Hague Convention. Thereafter, Senior Partner Arnold Levin presented the consolidation motion before the Judicial Panel on Multidistrict Litigation in Louisville, KY. After the JPML ordered *Vickers* and other cases transferred to this Court on June 15, 2009,[3] Mr. Levin was appointed, pursuant to Pre-Trial Order No. 8, as Lead Counsel of the Plaintiffs' Steering Committee ("PSC"). Since then, Mr. Levin has worked virtually full-time on this case for more than nine years. LSB has committed significant additional resources to the litigation, including the full-time contributions of Senior Partner Frederick Longer and Of Counsel Sandra Duggan, who have worked on all aspects of the litigation, including preparation of Omni Complaints, pleadings, discovery, major briefing, bellwether trials, settlement, and appeals. Significantly, as evidenced by Mr. Garrett's reports, other LSB partners, associates, paralegals, and technical support have also provided important contributions to this case.

Together with Plaintiffs' Liaison Counsel, Russ Herman, and his firm (HHK), LSB has taken responsibility for spearheading and overseeing the prosecution of all Chinese Drywall

---

[3] *In re Chinese-Manufactured Prod. Liab. Litig.*, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

claims in the MDL, as well as coordinating with state law claimants to coordinate and pursue litigation against more than 1,650 Defendants, including the manufacturers, their parents and affiliates, exporters/importers, brokers, distributors, suppliers, retailers, builders, installers, and insurers.

LSB regularly interfaced with the Court, communicated with and assisted individual Plaintiffs' counsel and *Pro Se* litigants, and coordinated with defense liaison counsel, as necessary. LSB attended and participated in all of the Court's monthly status conferences and hearings, all major motions, jurisdictional hearings, and Settlement Fairness Hearings, and LSB continues to perform these services. LSB further helped coordinate and monitor state court litigation in both Florida and Virginia and appeared regularly (once a month during the active phase of the Knauf litigation) before State Court Judges, including Judge Farina and Judge Hall, to provide status reports of the MDL litigation and/or to argue dispositive motions, including issues such as the economic loss rule and pollution exclusion.

LSB assisted the Court in implementing numerous pretrial orders and minute entries and other orders covering a variety of topics such as administration procedures, scheduling deadlines, service requirements, preservation of evidence, the Court-approved Threshold Inspection Program (TIP), Profile Forms, identification of the numerous Chinese Drywall manufacturers, Privilege Logs, Confidentiality, Already Remediated Properties, and other issues regarding guidelines for common benefit timekeeping and cost reimbursement and claims administration.

LSB also assisted in developing a comprehensive, multi-pronged discovery strategy that involved: (a) creation of various profile forms for all parties to complete; (b) preparation and service of extensive written interrogatories, requests for admission, letters rogatory, FOIA requests, subpoenas, and/or requests for production of documents on all Defendants and

41

numerous third parties; (c) preparation of motions to compel and responses to motions for protective orders and motions to quash; (d) preparation of a deposition protocol and template for summarizing depositions; and (e) depositions of all important manufacturers, importers, suppliers, distributors, builders, and installers. LSB helped establish and maintain a document depository, and assigned teams to analyze over 1,000,000 pages of documents produced by Defendants and third parties, and also created timelines and casts of characters for use in the litigation. LSB participated as first or second chair in numerous depositions, including those of key employees of manufacturers, which were instrumental in leading the way to proving that the Court has jurisdiction over Taishan in Virginia and other forums in the U.S. It was LSB's ideation to have a demonstrative "showcase" trial in the MDL, using the *Germano* action as a vehicle to obtain a judgment applicable to Taishan, but in which the Knauf Defendants could participate and attempt to demonstrate what few defenses they had available against the overwhelming proofs of liability that were generated at the direction of Lead Counsel. Mr. Longer second-chaired the Venture Supply and Porter-Blaine deposition of Sam Porter, which created the roadmap for achieving the four Virginia Settlements. Mr. Levin and Mr. Longer took the key depositions of the Knauf Defendants in New York, Germany and Hong Kong (*i.e.*, Baldwin Knauf (Germany), Isabel Knauf (Germany), Hans Peter Ingenillem (Germany), Martin Halbach (Germany), Hans Ulrich Hummel (New York), and Mark Norris (Hong Kong)), which directly led to the creation of the KPT Pilot Program and ultimately to the Knauf Settlement and the L&W Settlement. LSB also participated in other key depositions, including those of North River's principal witness, Agnes Reiss, and others. In addition, LSB devoted substantial time to reviewing relevant documents, preparing for, conducting, and/or participating in key depositions of witnesses in Germany and Hong Kong, and others in the Chinese Drywall supply chain, third parties and insurance

companies. In particular, LSB Senior Associate Matthew Gaughan engaged in a number of depositions (*i.e.*, Vicki Lingafelter, Victoria Lundquist, Dale Raymond Montgomery, David Montgomery, Peggy Sargent and Steve Vassil) as part of the PSC's effort to prosecute direct claims against insurance companies and to ward off pollution exclusion defenses. LSB's efforts to pursue the insurers of the Defendants were instrumental in achieving the Global Settlement with more than 700 Builders, Suppliers, Installers, and Insurers.

LSB oversaw and was instrumental in the preparation of all briefing in the MDL. LSB prepared and oversaw the preparation of, and/or participated in every major common benefit motion, memorandum of law, proposed order, and responsive brief. In addition to numerous motions to compel, motions for sanctions, responses to motions to quash and motions for protective orders, LSB filed hundreds of significant and dispositive motions and/or briefs, or responses to same, in the MDL, on appeal to the Courts of Appeals for the Fourth Circuit (*Travco*), Fifth Circuit (*Southern Homes and Cataphora*), and Ninth Circuit (*Cataphora*), and in Virginia state court (*Travco*) and Florida state court (working with Ervin Gonzalez, whose efforts were instrumental) on a wide variety of topics, including: default judgments; personal jurisdiction; motions to disqualify counsel; economic loss doctrine; exclusions under homeowners insurance policies; service of process; class settlement certification and approval, objections to settlement and class notice; All Writs Act authority of the Court; dismissal of Defendants; and establishment of a litigation fee and expense fund. LSB also handled the response briefing and assisted in presenting oral argument to the Court on these motions.

LSB participated in forming trial teams and oversaw all trial strategy and trial work in this litigation for the *Germano*, *Hernandez*, and *North River* bellwether trials, and LSB also oversaw the intense preparation for the *Clement* and *Campbell* cases that settled on the eve of trial. These

common benefit efforts entailed the selection and preparation of appropriate Plaintiff representatives, multiple inspections of their properties and a complete assessment of individual damages, retention of scientific, technical and damages experts, development of trial themes and illustrative trial exhibits, creation of a comprehensive remediation protocol, organization of focus groups, preparation of witnesses and experts, filing and responding to *Daubert* motions and numerous *in limine* motions, and preparation of opening and closing statements, lines of direct and cross-examination testimony, jury charges, verdict forms, and proposed Findings of Fact and Conclusions of Law.

LSB worked tirelessly to bring the Knauf Defendants, Banner, InEx, L&W, and more than 700 suppliers, installers, and insurers to the table for settlement talks and negotiations, resulting in the KPT Pilot Program, InEx Settlement, Banner Settlement, Knauf Settlement, Global Settlement, and L&W Settlement, as well as the four Virginia class settlements. In addition, LSB oversaw the Major Homebuilders Settlement Agreement which laid the groundwork for the resolution of all Homebuilder's participation in the various settlements. Later, LSB negotiated and resolved various Homebuilder's entitlement to a refund of certain common benefit attorneys' fees set aside from the Banner and Global settlement through a Memorandum of Understanding (Rec.Doc. 20641). All of these settlements were centered and based on the principal Knauf Settlement, which created an <u>uncapped</u> Remediation Fund, to which certain funds from the other settlements were added. LSB prepared or supervised the preparation, execution, and integration of each of the nine detailed and complex class settlement agreements, which provided comprehensive benefits to all class members. LSB also handled the Fairness Hearings and implemented each of the class settlements. This required extensive efforts to confront and overcome objections from professional objectors, including Christopher A. Bandas.

On behalf of class members, LSB analyzed Mr. Bandas' trail of meritless objections designed to achieve a payoff for him to disappear. Rather than engaging in that conduct, LSB successfully deposed Mr. Bandas' clients and had his objections overruled by the Court. In so doing, LSB dispatched Mr. Longer and Mr. Gaughan on repeated occasions to Corpus Christi, Texas to depose and expose the specious objections of Mr. Bandas' clients, Saul Soto and Ernest Vitella, after motions practice resulted in an order from the Southern District of Texas denying Mr. Bandas' motion to quash subpoenas. Earlier, LSB's discovery effort exposed that another objector of Mr. Bandas was his personal secretary, whose identity, once discovered, ignominiously withdrew her objection, along with two other purported clients of Mr. Bandas. LSB also litigated objections lodged by Mr. Mark Milstein and Mr. David Durkee on behalf of their client, Mr. Wayne Kaplan, who was an attorney. Mr. Longer deposed Mr. Kaplan, whose objection to the Banner Settlement was withdrawn following his deposition. LSB coordinated with the Special Master, Claims Administrators, Court-appointed Ombudsman, and Court-appointed Curator for the fair and adequate claims administration processes. LSB was frequently engaged to develop and draft the several Claims Administrator Procedures (or "CAPs") that were necessary to ensure the fair administration of the interrelated settlements, *e.g.*, CAP No. 1; CAP No. 2; CAP No. 3; CAP No. 4; CAP No. 5; and CAP No. 6.

This firm logged 43,663.75 common benefit hours from inception through 2013 and incurred held costs of $1,083,786.21. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned leaving a balance of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $26,524,849.78 plus held costs and remaining assessment for a total of $27,741,493.13, and the Special Master recommends a common benefit fee of $22,588,599.78 plus held costs and remaining assessment for a total of

$23,805,243.13. The Minority recommends a common benefit fee of $17,000,000.00 plus held costs and the remaining assessment for a total of $18,216.643.35. The Court notes this firm along with HHK made the most significant contributions to this litigation, which brought about the result in this phase of the case. The firm played a leading role in expert location, preparation, and trial. The firm made a major contribution in designing and negotiating a very complicated settlement. The Court finds that an appropriate common benefit fee for this firm is $22,018,233.18 plus held costs and the remaining assessment for a total of $23,234,876.53.

### 32) Lockridge Grindal Nauen P.L.L.P

This law firm is located in Minneapolis, Minnesota. The firm initially became involved in the Chinese Drywall Litigation when it filed suit on behalf of Plaintiffs who alleged damages in Louisiana, Ohio and Florida. A partner in the law firm served on the written Discovery Committee, Experts Committee and Inspections Committee.  The firm participated on one of the PSC committee telephone conference calls and assisted in preparing a timeline to identify third parties for subpoenas.

This firm logged 142.50 common benefit hours from inception through 2013 and incurred held costs of $1,425.20. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $23,000.00 plus held costs and remaining assessment for a total of $26,425.20. The Minority recommends a common benefit fee of $43,000.00 plus held costs and the remaining assessment for a total of $46.425.20. The Court finds that an appropriate allocation to this firm is a common benefit fee of $27,337.27 plus held costs and the remaining assessment for a total of $30,762.47.

### 33) **Luckey & Mullins, PLLC**

This law firm is located in Ocean Springs, Mississippi. The firm assisted PSC member Dan Bryson by reviewing shipping invoices and bills of lading early in the litigation, as well as documents to identify manufacturers, suppliers and installers and helped locate builders and homeowners with Chinese drywall. The firm also performed some research on insurance issues involving the pollution exclusion.

This firm logged 47.75 common benefit hours from inception through 2013 and incurred no held costs. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $14,000.00 plus held costs and remaining assessment for a total of $16,000.00. The Minority recommends a common benefit fee of $34,000.00 plus held costs and the remaining assessment for a total of $36,000.00. The Court notes that all but ten hours of the common benefit time logged by this firm was spent monitoring e-mails. The reminder was either logged pursuant to discovery matters or evaluating settlement. The Court finds that the appropriate allotment to this firm is a common benefit fee of $16,142.63 plus a return of the remaining assessment for a total of $18,142.63.

### 34) **Martzell Bickford**

This law firm is located in New Orleans, Louisiana. The firm initially became involved in the Chinese Drywall Litigation when it retained experts to review and develop methods for identifying contaminated drywall. It worked with members of the PSC to provide assistance for the various meetings with government and elected officials and assisted in limited document discovery review.

This firm logged 155.75 common benefit hours from inception through 2013 and incurred held costs of $15,542.32. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation Committee recommends a common benefit fee of $23,000.00 plus held costs and remaining assessment for a total of $40,542.32. The Special Master recommends a common benefit fee of $30,000.00 plus held costs and remaining assessment for a total of $47,542.32. The Minority recommends a common benefit fee of $43,000.00 plus held costs and the remaining assessment for a total of $60,542.32. The Court notes that over one half of the common benefit hours logged by this firm (99.26 hours) was spent monitoring e-mails, and the remaining common benefit hours were on logged pursuant to discovery issues and pre-trial preparation. The Court finds the appropriate allotment to this firm is a common benefit fee of $37,668.83 plus held costs and the remainder of the assessment for a total of $55,211.15.

### 35) <u>Mason LLP</u>

This law firm is located in Washington, DC. The firm made contributions in connection with insurance-related matters as Gary Mason was co-chair of the Insurance Committee. However, Mr. Mason focused his efforts on his individual client, Villa Lago, and worked with the PSC in connection with settlement negotiations and finalization of settlement documents, including approval and motions related to the administration of the Villa Lago Settlement.

This firm logged 226.70 common benefit hours from inception through 2013 and incurred held costs of $9,625.50. This firm reports it made important common benefit contributions by making a presentation on the Economic Loss Rule; writing articles on the Economic Loss Rule; participating in litigating the lead Economic Loss Rule case in Maryland; and participating in organizational meetings. The firm contributed $50,000.00 in assessments to the litigation of

which $40,000.00 has been returned leaving a balance of $10,000.00. The Fee Allocation Committee recommends a common benefit fee of $70,000.00 plus held costs and remaining assessment for a total of $89,625.50. The Special Master recommends a common benefit fee of $80,000.00 plus held costs and remaining assessment for a total of $99,625.50. The Minority recommends a common benefit fee of $170,000.00 plus held costs and the remaining assessment for a total of $189,625.50. The Court notes that over one half of the firm's logged common benefit time (166 hours) were spent in monitoring e-mails and most of the remainder of its time was spent in pre-trial preparation. The Court finds the appropriate allotment to this firm is a common benefit fee of $91,480.29 plus held costs and the remaining assessment for a total of $111,105.79.

### 36) Morgan & Morgan

This law firm is located in Orlando, Florida. This firm filed the first federal court class action case involving Chinese drywall (*Allen v. Knauf*) in January 2009. Lawyers in the firm participated in various aspects of the litigation and Scott Weinstein was appointed as a member of the Plaintiffs' Steering Committee. Michael Goetz of the firm actively participated in discovery and town hall meetings and Pete Albanis of the firm interviewed experts, participated in inspections, discovery and helped with legal research. Members of the firm assisted with the organization of Florida counsel for preparation of Omni complaints and profile forms and also helped organize profile forms. Further, the firm participated in town hall meetings, contacted government affiliates in Florida, and the Consumer Product Safety Commission. The firm also assisted in various state court and MDL trials.

This firm logged 2,969.00 common benefit hours from inception through 2013 and incurred held costs of $140,581.27. The firm contributed $700,000.00 in assessments to the

litigation of which $560,000.00 has been returned leaving a balance of $132,857.14. The Fee

Allocation Committee recommends a common benefit fee of $1,000,000.00 plus held costs and

remaining assessment for a total of $1,273,438.41. The Special Master recommends a common

benefit fee of $1,250,000.00 plus held costs and remaining assessment for a total of

$1,523,438.41. The Minority recommends a common benefit fee of $2,400,000.00 plus held costs

and the remaining assessment for a total of $2,673,438.41. The Court finds that an appropriate

allotment for this firm is $1,947,221.54 for a common benefit fee plus held costs and the

remaining assessments for a total of $2,220,659.95.

### 37) Morris Bart, L.L.C

This law firm is located in New Orleans, Louisiana. The firm became involved in the

Chinese Drywall Litigation in 2009 when it filed individual client lawsuits. Thereafter, the

majority of the firm's hours involved clients' home inspections and common benefit activities in

connection with participating in the Pilot Program. Young attorneys in the firm assisted in

discovery and preparing its clients Cheryl and David Gross for their deposition testimony in

connection with the Interior Exterior bellwether trial. Additionally, the firm participated in

document review and helped create a public service announcement utilized to inform affected

property owners of Chinese Drywall issues.

This firm logged 1,734.66 common benefit hours from inception through 2013 and

incurred held costs of $7,439.42. The firm contributed $10,000.00 in assessments to the litigation

of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation

Committee recommends a common benefit fee of $350,000.00 plus held costs and remaining

assessment for a total of $359,439.42. The Special Master recommends a common benefit fee of

$500,000.00 plus held costs and remaining assessment for a total of $509,439.42. The Minority

recommends a common benefit fee of $370,000.00 plus held costs and the remaining assessment for a total of $379,439.42. The Court notes that over 80% of the firm's common benefit time was spent in monitoring e-mails. Most of its remaining time was for work in discovery and pre-trial preparation. The Court concludes the appropriate allotment for this firm is $376,680.20 plus held costs and a return of the remaining assessment for a total of $386,119.62.

### 38) Nast Law LLC

This law firm is located in Philadelphia, Pennsylvania. Nast Law LLC has 222.60 common benefit hours from inception through 2013, and $2,928.93 in held costs through 2014. The firm did not submit either an Initial Affidavit or a Second Affidavit and did not make a presentation before the Fee Committee. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed, R. Doc. 16829, and $2,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend a common benefit fee of $0.00 plus held costs and remaining assessment for a total of $4,928.93. The Minority recommends a common benefit fee of $20,000.00 plus held costs and the remaining assessment for a total of $24,928.93. The Court finds that an appropriate allotment for this firm fee to this firm is $4,928.93.

### 39) Parker Waichman LLP

This law firm is located in Bonita Springs, Florida. The firm became involved in the *Chinese Drywall* litigation in 2009 when it filed the first federal class action complaint regarding Chinese Drywall entitled *Allen v. Plasterboard Tianjin Co., Ltd., et al*, No. 09-00054, Florida Middle District, Fort Myers Division. Jerrold Parker was appointed to the PSC. The firm represents a substantial number of individual clients. The firm was involved in the creation and

setup of a Plaintiffs' Depository, initially maintained and updated a PSC website that housed Profile Forms and other information regarding affected properties and assisted in inputting information from Plaintiff Profile Forms as well as homeowner's insurance information, into the website database. The firm also participated in town hall meetings and various meetings with government and elected officials to address the circumstances suffered by Plaintiffs and assisted in creating a public service announcement utilized to inform affected property owners of Chinese drywall issues. The firm also worked with the Becnel firm to investigate the nature and extent of potential bodily injury claims. Apart from the firm's initial contributions, it has not been active in the litigation and on June 28, 2018, Mr. Parker moved to withdraw his appointment as a member of the PSC, which the Court granted on June 29, 2018. R. Doc. 21440.  The firm reports that it made the following common benefit contributions:  researching legal issues particular to Florida; coordinating discovery with builders and drafting related motions to compel; receiving and analyzing remediation offers made by builders to homeowners; organizing and participating in town hall meetings for property owners; handling information concerning bodily injury claims; handling intake of homeowners; handling information concerning defendants insurance and evaluating cases for bellwether trials.

This firm logged 8,905.75 common benefit hours from inception through 2013 and incurred held costs of $146,300.95. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned leaving a balance of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $650,000.00 plus held costs and remaining assessment for a total of $929,158.09. The Special Master recommends a common benefit fee of $2,900,000.00 plus held costs and remaining assessment for a total of $3,179,158.09. The Minority recommends a common benefit fee of 2,050,000.00 plus held costs

and the remaining assessment for a total of $2,329,158.09. The Court notes that nearly one half of the firm's common benefit time was spent on case assessment, and most of that time was logged by paralegals. The majority of its remaining common benefit time was spent on discovery and pre-trial preparation. The Court concludes the appropriate allotment for this firm is a common benefit fee of $2,037,038.98 plus held costs and the remaining assessment for a total of $2,316,197.07.

### 40) Paul A. Lea, Jr., APLC

This law firm is located in Covington, Louisiana. Paul A. Lea, Jr. did not submit any common benefit hours or held costs to the Court-appointed CPA pursuant to PTO 9. The firm submitted an Initial Affidavit and indicated that it incurred $16,749.47 in expenses in connection with Chinese Drywall Litigation. Though the affidavit states that a detail of the expenses is contained in the Case Cost Management System maintained by Philip Garrett, the information does not appear in Mr. Garrett's reporting. The firm did not submit a Second Affidavit and did not make a presentation before the Fee Committee.

The Fee Allocation Committee, the Special Master, and the Minority recommend a common benefit fee of $0.00 plus held costs and remaining assessment for a total of $0.00. The Court finds that an appropriate allotment to this firm is $0.00.

### 41) Pender & Coward, PC

This law firm is located in Virginia Beach, Virginia. It filed the first Chinese Drywall case in Virginia Circuit Court in 2009 on behalf of its clients, Dr. Benjamin and Holly Proto. The firm also handled the defense of two (2) Chinese Drywall cases in Virginia. In connection with the *Proto* matter, the firm was paid attorney fees for handling the case and the firm presently seeks to recover common benefit fees, as well as held costs, in order to reimburse the client for some of

the prior paid attorney fees and costs. This payment was considered by the FC as others have received no compensation over the nine-year span of this protracted litigation. The firm worked with Virginia Class Counsel in connection with the *Proto* case to conduct discovery, work with experts and develop testing protocols and repair protocols to create repair cost estimates for remediation work used in the *Proto* case. The firm also assisted with briefing and defending dispositive motions in the *Proto* case.

This firm logged 702.15 common benefit hours from inception through 2013 and incurred held costs of $17,697.26. The firm did not make any contributions in assessments to the litigation. The Fee Allocation Committee, the Special Master, and the Minority recommend a common benefit fee of $23,000.00 plus held costs and remaining assessment for a total of $40,697.26. The Court finds that an appropriate allotment to this firm is a common benefit fee of $24,752.03 plus held cost for a total of $42,449.29.

### 42) **Pendley Baudin & Coffin, LLP**

This law firm is located in Plaquemine, Louisiana. This firm first became involved in July 2009 and primarily assisted in reviewing documents in connection with the L&W production, analyzing insurance documents and helped work up initial Knauf cases. The firm performed work on behalf of its individual clients, Hobbie/Renaissance/Villa Lago, together with several other law firms. One of the firm's clients was initially selected into the discovery pool for bellwether cases and the firm worked with the PSC to inspect and investigate the extent of Chinese drywall in the property. The firm assisted in reviewing documents for two of the initial Knauf corporate depositions as well as assisted in briefing regarding some insurance matters. The firm also was an active participant and counsel of record in the competing Lowe's drywall lawsuit filed in Georgia,

which required extensive involvement by the PSC to resolve overlapping claims occurring there, as well as in the MDL.

This firm logged 717.45 common benefit hours from inception through 2013 and incurred held costs of $9,877.46. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation Committee recommends a common benefit fee of $47,000.00 plus held costs and remaining assessment for a total of $58,877.46. The Special Master recommends a common benefit fee of $150,000.00 plus held costs and remaining assessment for a total of $161,877.46. The Minority recommends a common benefit fee of $67,000.00 plus held costs and the remaining assessment for a total of $78,877.46. The Court notes that over 75% of the time reported as common benefit was spent monitoring e-mails, and one half of that time was done by a paralegal. The majority of the remaining time recorded by the firm was for work done in discovery and pre-trial preparation. The Court finds the appropriate allotment for this firm is a common benefit fee of $53,811.46 plus held costs and the remaining balance of the assessment for a total of $65,688.92.

### 43) Podhurst Orseck, P.A

This law firm is located in Miami, Florida. Then-Partner Victor Diaz was appointed to the PSC pursuant to PTO 8 and remained on the PSC until January/February 2011, when he left the firm, and Robert Josefsberg was appointed to the PSC, who was later replaced by Peter Prieto. The law firm was actively involved in early 2009 and filed the *Harrell* case, which resulted in one of the first individual fee recoveries of a Chinese drywall matter. The firm also filed the Morris-Chin case which was the first Chinese drywall case that achieved service of process through the Hague Convention. Members of the firm participated actively in the discovery phase of the *Harrell* matter, which, together with the *Seifart* case in Florida, revealed important documents

leading to the Banner settlement. Further, members of the firm actively participating in preparing and taking a number of Knauf Defendant key employee depositions. Members of the firm also were involved in briefing both federal and state court matters involving issues pertaining to the Economic Loss Doctrine, the Hague Convention, and further assisted in working with experts and expert reports. The firm also gathered materials from the Consumer Product Safety Commission, Florida Health and made FOIA requests and worked on government relations and public relation matters. This firm had representation on the following committees: Science Committee, Government Relations Committee, Public Relations/Public Affairs Committee, Personal Injury Committee and Trial Committee.

This firm logged 5,483.25 common benefit hours from inception through 2013 and incurred held costs of $173,657.23. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned leaving a balance of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $1,000,000.00 plus held costs and remaining assessment for a total of $1,306,514.37. The Special Master recommends a common benefit fee of $2,000,000.00 plus held costs and remaining assessment for a total of $2,306,514.37. The Minority recommends a common benefit fee of $2,400,000.00 plus held costs and the remaining assessment for a total of $2,706,514.37. The Court finds that an appropriate allotment to this firm is $2,162,467.36 in common benefit fee plus held costs and the remaining assessment for a total of $2,468,981.73.

### 44) Reeves & Mestayer, PLLC (f/k/a Lumpkin & Reeves PLLC)

This law firm is located in Biloxi, Mississippi. The firm became involved in the Chinese Drywall Litigation early on when it filed individual client lawsuits and Jim Reeves was appointed to the Plaintiffs' Steering Committee. Members of the firm served on the following committees:

Witness Development Committee, Governmental Relations Committee, Inspections Committee, Insurance Committee, State and Federal Committee, Discovery Deposition Committee and Trial and Trial Package Committee. The firm was very active in cases from Alabama and Mississippi. It participated in discovery matters including document review, preparation of written discovery and depositions. Members of the firm traveled and participated in depositions outside of the United States involving Knauf management. The firm assisted in discovery and preparation of the Interior Exterior bellwether trial. It was an active participant in document selection and the vetting of experts for use at the InEx trial. It also provided legal research specific to Alabama and Louisiana law that was utilized by the PSC. The firm also assisted with town hall meetings.

This firm logged 9,364.71 common benefit hours from inception through 2013 and incurred held costs of $76,878.62. The firm contributed $650,000.00 in assessments to the litigation of which $520,000.00 has been returned leaving a balance of $122,857.14. The Fee Allocation Committee recommends a common benefit fee of $600,000.00 plus held costs and remaining assessment for a total of $799,735.76. The Special Master recommends a common benefit fee of $2,250,000.00 plus held costs and remaining assessment for a total of $2,449,735.76. The Minority recommends a common benefit fee of $2,000,000.00 plus held costs and the remaining assessment for a total of $2,199,735.76. The Court concludes the appropriate allotment to this firm is a common benefit fee of $2,152,458.27 plus held costs and a return of the remaining assessment for a total of $2,352,194.03.

### 45) <u>Reich & Binstock, LLP</u>

This law firm is located in Houston, Texas. Reich & Binstock, LLP did not have any common benefit hours from inception through 2013, or any held costs through 2014. The firm

contributed $50,000.00 in assessments to the litigation through 2013, of which $40,000.00 was reimbursed R. Doc. 16829, and $10,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend a common benefit fee of $0.00 plus held costs and remaining assessment for a total of $10,000.00. The Minority recommends a common benefit fee of $100,000.00 plus held costs and the remaining assessment for a total of $110,000.00. The Court finds that an appropriate allotment to this firm is $10,000.00.

## 46) **Rhine Law Firm, P.C.**

This law firm is located in Wilmington, North Carolina. The firm provided preliminary research on insurance coverage matters before turning exclusively towards handling its individual client, the Villa Lago claim.

This firm logged 417.75 common benefit hours from inception through 2013 and incurred held costs of $11,109.28. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation Committee recommends a common benefit fee of $47,000.00 plus held costs and remaining assessment for a total of $60,109.28. The Special Master recommends a common benefit fee of $65,000.00 plus held costs and remaining assessment for a total of $78,109.28. The Minority recommends a common benefit fee of $67,000.00 plus held costs and the remaining assessment for a total of $80,109.28. The Court notes that 40% of the common benefit time logged by this firm was spent in monitoring e-mails. The majority of the remaining common benefit time recorded by this firm was spent on pre-trial matters and discovery. The Court concludes an appropriate allotment to this firm is a common benefit fee of $66,474.01 plus held costs and a return of the balance of the assessment for a total of $79,583.29.

### 47) **Richard J. Serpe, P.C.**

This law firm is located in Norfolk, Virginia, and was an early leader among Plaintiffs' counsel in developing the concepts and the evidence necessary to support both the liability and damage claims of Plaintiffs in the *Chinese Drywall* litigation. Mr. Serpe was appointed to the PSC. As counsel representing the intervening Plaintiffs in the first bellwether (*Germano*) trial, he was not only an active but a lead member of that trial team. Mr. Serpe was also primarily responsible for advancing the Chinese Drywall claims of Plaintiffs in the parallel Virginia state court litigation, a substantial responsibility which precluded his handling of other legal business for his firm. The Virginia state court litigation involved extensive discovery, multiple trial settings against non-manufacturer Defendants, and four separately-negotiated and judicially-approved class settlements. These settlements served to enhance the global settlement efforts in the MDL.

Mr. Serpe continues to assist in pursuing the non-settling Taishan Defendants, principally Taishan Gypsum Co., Ltd., Taian Taishan Plasterboard, their parents CNBM and BNBM, and related entities and to achieve a judgment for class-wide damages for Plaintiffs with Taishan-manufactured Chinese Drywall. To this end, he has successfully negotiated a settlement with Taishan to compensate the Porter-Blaine/Venture Supply class for claims they were assigned by the Porter-Blaine/Venture Supply Defendants in one of the Virginia class settlements. Mr. Serpe attended monthly Virginia status conferences, set scores of cases for trial against builders and installers not covered by the four Virginia class settlements, and obtained millions of additional dollars in settlements for the Venture victims. Further, Mr. Serpe spent hundreds of hours reviewing Taishan document productions focused on distribution networks and he took three major importer depositions before traveling to Hong Kong during the first round of depositions abroad.

This firm logged 13,413.08 common benefit hours from inception through 2013 and incurred held costs of $76,064.30. The firm contributed $375,000.00 in assessments to the litigation of which $300,000.00 has been returned leaving a balance of $75,000.00. The Fee Allocation Committee and the Minority recommend a common benefit fee of $3,650,000.00 plus held costs and remaining assessment for a total of $3,801,064.30. The Special Master recommends a common benefit fee of $3,500,000.00 plus held costs and the remaining assessment for a total of $3,651,064.30. The Court finds that an appropriate allotment to this firm is a common benefit fee of $4,252,075.33 plus held costs and the remaining assessment for a total of $4,403,139.63.

### 48) Law Offices of Robert M. Becnel

This law firm is located in LaPlace, Louisiana. The firm became involved in the Chinese Drywall Litigation early on in the MDL. With leadership approval, it assisted in inspecting homes and helped create some of the protocols for the inspection of homes. The firm also participated in efforts with elected officials to address the circumstances suffered by Plaintiffs.

This firm logged 819.00 common benefit hours from inception through 2013 and incurred held costs of $6,216.99. The firm contributed $75,000.00 in assessments to the litigation of which $60,000.00 has been returned leaving a balance of $15,000.00. The Fee Allocation Committee recommends a common benefit fee of $4,500.00 plus held costs and remaining assessment for a total of $25,716.99. The Special Master recommends a common benefit fee of $100,000.00 plus held costs and remaining assessment for a total of $121,216.99. The Minority recommends a common benefit fee of $154,500.00 plus held costs and the remaining assessment for a total of $175,716.99. The Court notes that 30% of the common benefit time logged by this firm was spent monitoring e-mails. The majority of the remaining time reported by this firm was spent on

discovery. The Court concludes that the appropriate allotment to this firm is a common benefit fee of $81,861.86 plus held costs and a return of the remaining assessment for a total of $103,078.85.

### 49) Roberts & Durkee, PA & Milstein Adelman, LLP

The Durkee firm is located in Coral Gables, Florida. The Milstein firm is located in Santa Monica, California. These firms worked closely together, and began activities involving Chinese drywall in late 2008 in the State of Florida. Durkee was Plaintiffs' Liaison Counsel in West Palm Beach and was on the Plaintiffs' Steering Committee in the Miami-Dade and Broward County litigation. Mr. Durkee participated in briefing Florida legal issues and was involved in the Banner mediations. The firm worked on political matters, which included meetings with a State Senator and addressing tax relief for victims. On November 29, 2012, an Agreement was reached with the Plaintiffs' Steering Committee in the MDL that allowed the Milstein and Durkee to submit their time and expenses for common benefit consideration.

This firm logged 3,722.50 common benefit hours from inception through 2013 and incurred held costs of $155,928.82. The firms did not make any contributions in assessments to the litigation. The Fee Allocation Committee, the Special Master, and the Minority recommend a common benefit fee of $450,000.00 plus held costs and remaining assessment for a total of $605,928.82. The Court finds that an appropriate allotment is a common benefit fee of $484,303.11 for a total of $640,231.93.

### 50) Seeger Weiss LLP

This law firm is located in New Jersey. Chris Seeger was appointed to the PSC. Seeger Weiss committed significant resources to the MDL to establish the science that would drive the claims and discovery in this litigation and to conduct key bellwether trials that would serve as a basis for establishing liability against the manufacturing Defendants and the scope of remediation

61

damages for all Plaintiffs. The results achieved from the back-to-back *Germano* trial against

Taishan Gypsum Co. in February 2010 and the *Hernandez* trial against the Knauf Defendants in

March 2010, in which Seeger Weiss acted as lead trial counsel, helped lead to the settlement

ultimately reached with distributor, supplier, and installer Defendants and their insurers.

Seeger Weiss, as one of the leaders of the MDL trial teams, provided significant expertise

and insight to counsel overseeing state court trials around the country, including the *Harrell* trial

against Banner in Florida. In addition, Seeger Weiss assisted in document review, preparation of

time lines, and development of profile forms, inspection protocols, electronic discovery protocols

involving matters such as search terms, etc. Seeger Weiss also prepared numerous pretrial

motions related to discovery, particularly motions to compel. Seeger Weiss took and defended

most of the expert depositions, prepared *Daubert* motions and other *in limine* motions, and

successfully argued several motions concerning the scope of discovery and the lack of validity of

Defendants' proffered scientific expert opinions. Further, Seeger Weiss prepared the Plaintiffs for

trial, identified witnesses, conducted focus groups, developed trial themes and theories of liability

and damages, created illustrative trial exhibits, and otherwise oversaw and participated in every

aspect of the *Germano*, *Hernandez*, and *North River* trials and the preparation for the *Clement* and

*Campbell* trials, which settled on the eve of trial. These responsibilities required substantial

attention from Seeger Weiss, including key members of the firm for intensive periods during the

litigation. Seeger Weiss's efforts resulted in verdicts for Plaintiffs that ultimately established the

Court's remediation protocol.

Members of the Seeger Weiss firm were active in the preparation and taking depositions

of the Knauf Defendants in Germany, as well as Banner and InEx depositions. Mr. Seeger

participated in and took many of the depositions in both of the initial rounds of depositions that took place in Hong Kong.

This firm logged 14,380.35 common benefit hours from inception through 2013 and incurred held costs of $399,123.84. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned. Of the $140,000.00 remaining after partial reimbursement of assessments, the firm voluntarily donated $7,142.82 to the American Association for Justice, leaving a balance of $132,857.18. The Fee Allocation Committee and the Minority recommend a common benefit fee of $8,600,000.00 plus held costs and remaining assessment for a total of $9,131,981.02. The Special Master recommends a common benefit fee of $8,500,000.00 plus held costs and remaining assessment for a total of $9,031,981.02. The Court finds an appropriate allotment to this firm is a common benefit fee of $9,675,323.21 plus held costs and a return of the remaining assessment in the total amount of $10,207,304.23.

### 51) Law Offices of Sidney Torres, III

This law firm is located in Chalmette, Louisiana. Law Offices of Sidney Torres, III did not submit any common benefit hours or held costs to the Court-appointed CPA pursuant to PTO 9. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed R. Doc. 16829, and $2,000.00 is outstanding. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $0.00 plus held costs and remaining assessment for a total of $2,000.00. The Minority recommends a common benefit fee of $20,000.00 plus held costs and the remaining assessment for a total of $22,000.00. The Court finds that an appropriate allotment to this firm is $2,000.00.

### 52) **Singleton Law Firm**

This law firm is located in Shreveport, Louisiana. The firm performed minimal common benefit work, much of which was simply review of emails and attending conferences. The firm seeks compensation for visiting a number of homes that contained Chinese drywall and had some generalized discussions with Mr. and Mrs. Hernandez.

This firm logged 339.00 common benefit hours from inception through 2013 and incurred held costs of $9,862.94. The firm contributed $50,000.00 in assessments to the litigation of which $40,000.00 has been returned leaving a balance of $10,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $18,000.00 plus held costs and remaining assessment for a total of $37,862.94. The Minority recommends a common benefit fee of $118,000.00 plus held costs and the remaining assessment for a total of $137,862.94. The Court notes that 33% of the common benefit time logged by this firm was spent monitoring e-mails. There is a reference to 155 hours logged at trial, but there is no record of the firm's handling any trial, so the Court assumes the reference is for assistance in trial preparation. The Court concludes the appropriate allotment to this firm is a common benefit fee of $21,469.43 plus held costs and a return of the remaining assessment for a total of $41,332.37.

### 53) **Strom Law Firm, LLC**

This law firm is located in Columbia, South Carolina. Strom Law Firm, LLC has 69.25 common benefit hours from inception through 2013, and $3,356.21 in held costs through 2014. The firm did not submit either an Initial Affidavit or a Second Affidavit and did not make a presentation before the Fee Committee. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed R. Doc. 16829, and $2,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend a common benefit fee of $0.00 plus held costs and remaining assessment for a total of $5,356.21. The Minority recommends a common benefit fee of $20,000.00 plus held costs and the remaining assessment for a total of $25,356.21. The Court finds that the appropriate allotment to this firm is a total of $5,356.21.

### 54) Taylor Martino, PC

This law firm is located in Mobile, Alabama. Taylor Martino actively participated in the Prichard McCall settlement, in which Lead counsel contributed, and which served to initiate later settlements in the litigation.

This firm logged 471.00 common benefit hours from inception through 2013 and incurred held costs of $0.00. The firm did not make any contributions in assessments to the litigation. The Fee Allocation Committee, the Special Master, and the Minority recommend a common benefit fee of $175,000.00 plus held costs and remaining assessment for a total of $175,000.00. The Court finds that an appropriate allotment to the firm is $188,341.46.

### 55) The Lambert Firm

This law firm is located in New Orleans, Louisiana. The Lambert Firm (previously Lambert & Nelson), through its founder and owner Hugh Lambert, was actively involved in this MDL from its earliest stages. Mr. Lambert was appointed to the PSC. The firm participated in the development of inspection and preservation-of-evidence protocols and procedures. Mr. Lambert also assisted the PSC trial teams in the MDL bellwether trials, *i.e.*, *Germano*, *Hernandez* and *Campbell/Clement*. Mr. Lambert and his firm also rendered assistance to the PSC trial team in the trial against InEx and North River Insurance. As Chair of the Insurance Committee of the PSC, Mr. Lambert participated in the organization and analysis of global homeowner insurance

information and coverage issues.  This firm reports that it made the following additional common benefit contributions: serving Rule 30(b)(6) notices and subpoenas duces tecum; compelling production of documents; organizing and analyzing produced documents; deposing witnesses; advising the PSC concerning the briefing of legal issues; researching and briefing various motions and developing inspections protocols

This firm logged 4,750.00 common benefit hours from inception through 2013 and incurred held costs of $63,448.31. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned leaving a balance of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $1,400,000.00 plus held costs and remaining assessment for a total of $1,596,305.45. The Special Master recommends a common benefit fee of $1,500,000.00 plus held costs and remaining assessment for a total of $1,696,305.45. The Minority recommends a common benefit fee of $2,800,000.00 plus held costs and the remaining assessment for a total of $2,996,305.45. The Court notes that, of the 4,750 common benefit hours this firm logged in this case, 3,274 (69%) were spent in case assessment. However, since its lead counsel was on the PSC, it was necessary that he keep abreast of the developments in the case to help guide the litigation. But, to be fair, it has to be conceded that this time should not be valued at the same level as his time in pre-trial, discovery, trial, and settlement negotiations. The Court concludes the appropriate common benefit for this firm is $2,793,078.43 plus held costs and a return of the remaining assessment for a total of $2,989,383.88.

### 56) The Steckler Law Firm / Baron & Budd

These law firms are located in Dallas, Texas. Bruce Steckler was appointed to the PSC at the inception of this matter, and at that time was a shareholder at Baron & Budd, PC. In the course of the litigation, Mr. Steckler left Baron & Budd and became a partner in Steckler LLP

a/k/a The Steckler Law Firm. However, a single, common benefit fee application is submitted by the two entities, with the understanding that one allocation of a share of the common benefit fee fund will be deemed as recognizing the combined common benefit contribution of both entities, and in particular, the continuing contributions of Mr. Steckler over the course of his association with both entities. At the PSC's request, Mr. Steckler took a lead role for Plaintiffs in the MDL on all bankruptcy issues. He also shared a lead role on insurance matters in the MDL, and coverage issues in particular (both for CGL and homeowner policies). Mr. Steckler actively worked in resolving demands on commercial carriers, including those carriers named in the *Pate* action being prosecuted by Robert Horkovich and Anderson Kill on behalf of WCI. Mr. Steckler also participated in settlement discussions with Knauf and certain homebuilders.

   This firm logged 6,870.32 common benefit hours from inception through 2013 and incurred held costs of $180,679.34. The firm contributed $700,000.00 in assessments to the litigation of which $560,000.00 has been returned. Of the $140,000.00 remaining after partial reimbursement of assessments, the firm voluntarily donated $7,142.86 to the American Association for Justice, leaving a balance of $132,857.14. The Fee Allocation Committee recommends a common benefit fee of $1,800,000.00 plus held costs and remaining assessment for a total of $2,113,536.48. The Special Master recommends a common benefit fee of $2,500,000.00 plus held costs and remaining assessment for a total of $2,813,536.48. The Minority recommends a common benefit fee of $3,200,000.00 plus held costs and the remaining assessment for a total of $3,513,536.48. The Court notes that, of the 6870 common benefit hours logged by these firms, 3735 (54%) were spent in case assessment. However, since the main partner was a member of the PSC, it was necessary for him to keep abreast of the cases' developments, so he could assist in chartering the litigation's direction. But, as previously noted,

it must be conceded that this time is not entitled to the same value as his time in discovery, pre-trial, and trial. The Court finds an appropriate allotment to these firms is a common benefit fee of $2,902,596.96 plus held costs and the return of the remaining assessment for a total of $3,216,133.44.

### 57) Thornhill Law Firm

This law firm is located in Slidell, Louisiana. Members of Thornhill Law Firm, APLC assisted in discovery aspects related to its client, Kelly and Steven Teal, who were chosen by the Knauf entities as potential bellwether Plaintiffs and later in the litigation selected by Interior Exterior Building Supply and North River Insurance Company as potential bellwether Plaintiffs. The activities performed by the firm in these matters included inspection of the Teal's property and assisting with their deposition. Furthermore, the firm provided input with respect to insurance matters.

This firm logged 115.75 common benefit hours from inception through 2013 and incurred held costs of $1,607.49. The firm contributed $10,000.00 in assessments to the litigation of which $8,000.00 has been returned leaving a balance of $2,000.00. The Fee Allocation Committee and the Special Master recommend a common benefit fee of $18,000.00 plus held costs and remaining assessment for a total of $21,607.49. The Minority recommends a common benefit fee of $38,000.00 plus held costs and the remaining assessment for a total of $41,607.49. The Court finds the appropriate allotment to this firm is a common benefit fee of $26,877.24 plus held costs and a return of the remaining assessment for a total of $30,484.73.

### 58) Vaughn Bowden & Wooten, PA

This law firm is located in Gulfport, Mississippi. The firm assisted in addressing a singular issue involved in the Rule 30(b)(6) deposition of InEx, which was limited to ASTM

standards, agreements between InEx and local drywall retailers and the manner in which retailers sold drywall to consumers, installers and contractors. In connection with this, the firm interviewed an individual chemist, who was one of the authors of the ASTM C36 and ASTM 1396 Standards for Gypsum Drywall, and the firm also reviewed purchase orders and delivery tickets from InEx.

This firm logged 100.50 common benefit hours from inception through 2013 and incurred held costs of $0.00. The firm did not make any contributions in assessments to the litigation. The Fee Allocation Committee, the Special Master, and the Minority recommend a common benefit fee of $4,500.00 plus held costs and remaining assessment for a total of $4,500.00. The Court finds that an appropriate allotment to this firm is $4,844.13.

### 59) VM Diaz and Partners, LLC

This law firm is located in Miami, Florida. Partner, Victor Diaz, previously was a partner in the Podhurst Orseck. PA law firm up until January/February 2011. Though Mr. Diaz was not on the PSC as of January/February 2011, he was reappointed to the PSC in March 2012 in Pre-Trial Order No. 8(B). Victor Diaz was active in the *Synalovski* and *Harrell* cases and worked with PSC leadership to resolve and administer the *Harrell* matter. Further, Mr. Diaz attended Knauf witness depositions in New York and Germany and took discovery in his capacity as counsel for individual clients.

This firm logged 2,070.00 common benefit hours from inception through 2013 and incurred held costs of $16,414.31. The firm did not make any contributions in assessments to the litigation. The Fee Allocation Committee and the Minority recommend a common benefit fee of $500,000.00 plus held costs and remaining assessment for a total of $516,414.31. The Special Master recommends a common benefit fee of $600,000.00 plus held costs and the remaining

assessment for a total of $616,414.31. The Court notes that, of the 2,070 common benefit hours logged by this firm, 1,564 (75%) were spent on case assessment. For a period, the lead counsel was a member of the PSC and needed to keep current on the developments in the case to allow him to properly assist in directing the course of the litigation, so the time spent in case assessment is justified. However, this time was limited and is not entitled to the same value as time this counsel spent on discovery, trial, and settlement. The Court concludes the appropriate allotment to this firm is a common benefit fee of $538,114.54 plus held costs and the remaining assessment for a total of $554,528.85.

### 60) Webb & Scarmozzino, P.A.

This law firm is located in Fort Myers, Florida. Webb & Scarmozzino, P.A. has 47.00 common benefit hours from inception through 2013, and $4,119.34 in held costs through 2014. The firm did not submit either an Initial Affidavit or a Second Affidavit and did not make a presentation before the Fee Committee. The firm contributed $10,000.00 in assessments to the litigation through 2013, of which $8,000.00 was reimbursed R. Doc. 16829, and $2,000.00 is outstanding.

The Fee Allocation Committee and the Special Master recommend a common benefit fee of $0.00 plus held costs and remaining assessment for a total of $6,119.34. The Minority recommends a common benefit fee of $20,000.00 plus held costs and the remaining assessment for a total of $26,119.34. The Court notes that the total common benefit time recorded by this firm was spent on case assessment and the firm was not on the PSC so there was, in fact, no common benefit rendered by this firm. The Court concludes that the appropriate allotment to this firm is $6,119.34.

### 61) Whitfield, Bryson & Mason (Lewis & Roberts PLLC)

This law firm is located in Raleigh, North Carolina. The firm became involved in the *Chinese Drywall* Litigation early in the MDL. Partner Dan Bryson was appointed to the PSC. The firm assisted in reviewing documents produced during the course of the MDL and helped prepare discovery. Mr. Bryson was appointed co-chair of the Science and Expert Committee and actively worked with experts that were utilized at trial in the *Germano* and *Hernandez* cases, as well as trials in Florida state court. WBM also assisted in taking many of the expert depositions and prepared responses to *Daubert* motions and motions *in limine*. The firm also helped draft Proposed Findings of Fact and Conclusions of Law and worked with the trial team for bellwether trials. The firm also helped review shipping invoices and bills of lading to identify manufacturers, suppliers and installers of Chinese Drywall. WBM has worked with a consortium of other firms to handle many individual clients. Apart from its initial intensive trial work of 2009–2010, and support of state trial work in Florida, WBM has not been particularly active in MDL common benefit work, and devoted itself to individual client projects, e.g. Villa Lago.

This firm logged 7,864.35 common benefit hours from inception through 2013 and incurred held costs of $149,666.16. The firm contributed $400,000.00 in assessments to the litigation through 2013, of which $320,000.00 was reimbursed, R. Doc. 16829, and $80,000.00 is outstanding.

The Fee Allocation Committee recommends a common benefit fee of $3,000,000.00 plus held costs and remaining assessment for a total of $3,229,666.16. The Special Master recommends a common benefit fee of $3,100,000.00 plus held costs and remaining assessment for a total of $3,329,666.16. The Minority recommends a common benefit fee of $3,800,000.00 plus held costs and remaining assessment for a total of $4,029,666.16. The Court finds the

appropriate allotment to this firm is a common benefit fee of $3,766,804.67 plus held costs and

the remaining assessment for a total of $3,996,470.83.

Accordingly; for the foregoing reasons,

**IT IS ORDERED** that the common benefit fund shall be allocated to the following firms

in the following amounts, plus any interest accumulated over this amount:

| Law Firm Name | Total |
|---|---|
| Allison Grant, P.A. | $29,059.44 |
| Alters, Boldt, Brown, Rash & Culmo | $187,577.00 |
| Anderson Kill, PC | $132,016.48 |
| Andry Law Firm | $2,000.00 |
| Aronfeld Trial Lawyers, P.A. | $9,199.03 |
| Aylstock, Wilkin, Kreis & Overhotz | $2,000.00 |
| Barrios, Kingsdorf & Casteix | $3,105,907.06 |
| Becnel Law Firm LLC | $1,237,297.61 |
| Bencamo & Associates | $2,000.00 |
| Berrigan, Litchfield, et al. | $2,968.82 |
| Bruno & Bruno, LLP | $51,268.74 |
| Burdman Law Group | $17,704.36 |
| Collins - Live Oak | $2,000.00 |
| Colson Hicks Edison | $5,361,624.16 |
| Cuneo Gilbert & LaDuca | $27,518.03 |

| | |
|---|---|
| Davis & Duncan | 0.00 |
| Gainsburgh, Benjamin, et al | $9,432,924.95 |
| Gary, Naegele & Theado | $81,584.91 |
| Glago Law Firm | $2,000.00 |
| Hausfeld LLP | $3,652,095.49 |
| Hawkins Stracener & Gibson | $2,000.00 |
| HHK | $22,342,192.59 |
| Ingram & Associates | $2,000.00 |
| Irpino Law Firm | $2,923,500.71 |
| Kanner & Whiteley, L.L.C. | $78,275.56 |
| Krupnick, Campbell, etc | $464,729.49 |
| Landskroner, Grieco & Merriman, LLC | $31,857.33 |
| Lemmon Law Firm | $816,129.82 |
| Leopold Kuvin, P.A. & Mrachek, Fitzgerald | $88,600.80 |
| Levin Papantonio Law | $1,515,332.59 |
| Levin, Sedran & Berman | $23,234,876.53 |
| Lockridge, Grindal, Nauen | $30,762.47 |
| Luckey & Mullins, PLLC | $18,142.63 |
| Martzell Bickford | $55,211.15 |
| Mason LLP | $111,105.79 |

| | |
|---|---|
| Morgan & Morgan | $2,220,659.95 |
| Morris Bart, L.L.C | $386,119.62 |
| Nast Law Firm | $4,928.93 |
| Parker Waichman LLP | $2,316,197.07 |
| Paul A. Lea, Jr., APLC | $0.00 |
| Pender & Coward, PC | $42,449.29 |
| Pendley Baudin & Coffin | $65,688.92 |
| Podhurst Orseck, P.A | $2,468,981.73 |
| Reeves & Mestayer | $2,352,194.03 |
| Reich & Binstock, LLP | $10,000.00 |
| Rhine Law Firm, P.C. | $79,583.29 |
| Richard J. Serpe, P.C. | $4,403,139.63 |
| Robert M. Becnel | $103,078.85 |
| Roberts & Durkee PA/Milstein Adelman | $640,231.93 |
| Seeger Weiss LLP | $10,207,304.23 |
| Sidney Torres, III | $2,000.00 |
| Singleton Law Firm | $41,332.37 |
| Strom Law Firm | $5,356.21 |
| Taylor Martino, PC | $188,341.46 |
| The Lambert Firm | $2,989,383.88 |

| | |
|---|---|
| The Steckler Law Firm | $3,216,133.44 |
| Thornhill Law Firm | $30,484.73 |
| Vaughn, Bowden & Wooten, P.A. | $4,844.13 |
| VM Diaz and Partners | $554,528.85 |
| Webb & Scarmozzino, P.A. | $6,119.34 |
| Whitfield Bryson Mason | $3,996,470.83 |
| **Totals** | $111,389,016.26 |

New Orleans, Louisiana on this  4th   day of February, 2019.

_____

Eldon E. Fallon
U.S. District Court Judge

# Appendix I - Time Totals by Firm

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Allison Grant, P.A. | Grant, Allison | Attorney | 26.75 | 7.75 | 9.75 | 0 | 0 | 40.75 | 85 |
| **Allison Grant, P.A.Total** | | | **26.75** | **7.75** | **9.75** | **0** | **0** | **40.75** | **85** |
| Alters, Boldt, Brown, Rash, & Culmo | Alters, Jeremy | Attorney | 165 | 124.25 | 30.25 | 11.5 | 0 | 0 | 331 |
| Alters, Boldt, Brown, Rash, & Culmo | Brown, Bob | Attorney | 56 | 86.75 | 48.75 | 4.25 | 0 | 0 | 195.75 |
| Alters, Boldt, Brown, Rash, & Culmo | Crenshaw, Andre | Attorney | 40 | 37 | 1.25 | 0 | 0 | 0 | 78.25 |
| Alters, Boldt, Brown, Rash, & Culmo | Gilbert, Bobby | Attorney | 2 | 0 | 0 | 0 | 0 | 0 | 2 |
| Alters, Boldt, Brown, Rash, & Culmo | Rogow, Bruce | Attorney | 0 | 16 | 0 | 0 | 0 | 0 | 16 |
| Alters, Boldt, Brown, Rash, & Culmo | Feurtado-Pedron, Annette | Paralegal | 25.25 | 0 | 0 | 0 | 0 | 0 | 25.25 |
| Alters, Boldt, Brown, Rash, & Culmo | Moore, Matthew | Law Clerk | 0 | 9.25 | 0 | 0 | 0 | 0 | 9.25 |
| **Alters, Boldt, Brown, Rash, & CulmoTotal** | | | **288.25** | **273.25** | **80.25** | **15.75** | **0** | **0** | **657.5** |
| Anderson Kill, PC | CONNOLLY, KEVIN | Attorney | 0 | 0 | 0.25 | 0 | 0 | 0 | 0.25 |
| Anderson Kill, PC | DICANIO, CARRIE | Attorney | 8.5 | 0 | 0 | 0 | 0 | 0 | 8.5 |
| Anderson Kill, PC | HERTZOG, RENE | Attorney | 3 | 72.5 | 0 | 0 | 0 | 0 | 75.5 |
| Anderson Kill, PC | HORKOVICH, ROBERT | Attorney | 7.25 | 64.25 | 26.25 | 15.75 | 0 | 88.25 | 201.75 |
| Anderson Kill, PC | LADD, MARK | Attorney | 1.25 | 518.25 | 3 | 0 | 0 | 0 | 522.5 |
| Anderson Kill, PC | MASCIA, RAYMOND | Attorney | 18 | 0 | 0 | 0 | 0 | 0 | 18 |
| Anderson Kill, PC | PIAZZA, ANNA | Attorney | 95.75 | 732.75 | 220 | 14.25 | 0 | 57.75 | 1,120.50 |
| Anderson Kill, PC | GERSHMAN, HARRIS | Paralegal | 710.28 | 14.25 | 2.5 | 0 | 0 | 10.7 | 737.73 |
| Anderson Kill, PC | ILIE, CLAUDIA | Paralegal | 47.5 | 60.25 | 39.5 | 0 | 0 | 0 | 147.25 |
| Anderson Kill, PC | MOLINA, ANNA | Paralegal | 2.5 | 0 | 0 | 0 | 0 | 0 | 2.5 |
| Anderson Kill, PC | STANOMIR, MICHAELA | Paralegal | 3 | 0 | 54.75 | 0 | 0 | 0 | 57.75 |
| Anderson Kill, PC | TALABACU, VICTORIA | Paralegal | 64 | 35 | 60 | 0 | 0 | 0 | 159 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Anderson Kill, PC | FELDGREBER, IZAK | Other | 404.25 | 8.75 | 0 | 0 | 0 | 0 | 413 |
| Anderson Kill, PC | FIELDS, GLENN | Other | 675.35 | 12.5 | 0 | 0 | 0 | 0 | 687.85 |
| Anderson Kill, PC | FLYNN, DONALD | Other | 0 | 0 | 5 | 0 | 0 | 0 | 5 |
| Anderson Kill, PC | LYEW, DARYL | Other | 0 | 0 | 13.75 | 0 | 0 | 0 | 13.75 |
| Anderson Kill, PC | NATSU, CORINA | Other | 0 | 1 | 0 | 0 | 0 | 0 | 1 |
| Anderson Kill, PC | QUILES, ESTHER | Other | 5.25 | 0.25 | 0 | 0 | 0 | 0 | 5.5 |
| Anderson Kill, PC | SAMET, KATHLEEN | Other | 0 | 0 | 3.5 | 0 | 0 | 0 | 3.5 |
| **Anderson Kill, PCTotal** | | | **2,045.88** | **1,519.75** | **428.5** | **30** | **0** | **156.7** | **4,180.83** |
| Aronfeld Trial Lawyers, P.A. | Aronfeld, Spencer M. | Attorney | 54.48 | 0 | 1 | 0 | 0 | 0 | 55.48 |
| Aronfeld Trial Lawyers, P.A. | Kraus, E. Lennon | Attorney | 28.8 | 0 | 1 | 0 | 0 | 0 | 29.8 |
| Aronfeld Trial Lawyers, P.A. | Ramirez, Elizabeth | Paralegal | 7.9 | 0 | 0 | 0 | 0 | 0 | 7.9 |
| Aronfeld Trial Lawyers, P.A. | Lindsay, Mayra | Other | 18.77 | 0 | 1 | 0 | 0 | 0 | 19.77 |
| **Aronfeld Trial Lawyers, P.A.Total** | | | **109.95** | **0** | **3** | **0** | **0** | **0** | **112.95** |
| Barrios, Kingsdorf & Casteix | Barrios, Dawn | Attorney | 685.75 | 612 | 353 | 1,792.00 | 18.25 | 105.25 | 3,566.25 |
| Barrios, Kingsdorf & Casteix | Boling, Jeremiah | Attorney | 0 | 0 | 64 | 4 | 0 | 0 | 68 |
| Barrios, Kingsdorf & Casteix | Casteix, Barbara | Attorney | 0.75 | 0 | 0 | 0 | 0 | 0 | 0.75 |
| Barrios, Kingsdorf & Casteix | Kingsdorf, Bruce | Attorney | 42.25 | 115.25 | 117 | 441.5 | 17 | 1.5 | 734.5 |
| Barrios, Kingsdorf & Casteix | Wool, Zachary | Attorney | 64.25 | 154.75 | 96 | 557 | 0 | 54 | 926 |
| Barrios, Kingsdorf & Casteix | Bell, Phyllis | Paralegal | 0 | 0 | 0 | 3.25 | 0 | 0 | 3.25 |
| Barrios, Kingsdorf & Casteix | Butler, Maxwell | Paralegal | 24.25 | 0 | 0 | 0 | 0 | 0 | 24.25 |
| Barrios, Kingsdorf & Casteix | Casselberry, Jill | Paralegal | 304.8 | 11.5 | 32.25 | 38.25 | 0 | 13 | 399.8 |
| Barrios, Kingsdorf & Casteix | Folts, Dena | Paralegal | 353.75 | 95.5 | 184.75 | 568.25 | 0 | 31.75 | 1,234.00 |
| Barrios, Kingsdorf & Casteix | Kingsdorf, Emma | Paralegal | 188 | 11.25 | 35.5 | 16.5 | 0 | 1.25 | 252.5 |
| Barrios, Kingsdorf & Casteix | Lootens, Anne | Paralegal | 5 | 0 | 2 | 1 | 0 | 0 | 8 |
| Barrios, Kingsdorf & Casteix | Osburn, Marva | Paralegal | 0 | 0 | 1.75 | 14.5 | 0 | 0 | 16.25 |
| Barrios, Kingsdorf & Casteix | Para, Para | Paralegal | 0 | 0 | 4 | 0 | 0 | 0 | 4 |
| Barrios, Kingsdorf & Casteix | Robein, Lane | Paralegal | 167.75 | 49.75 | 140.5 | 282.25 | 0 | 0 | 640.25 |
| Barrios, Kingsdorf & Casteix | Wool, Spencer | Law Clerk | 86.5 | 0 | 0 | 0 | 0 | 0 | 86.5 |
| **Barrios, Kingsdorf & CasteixTotal** | | | **1,923.05** | **1,050.00** | **1,030.75** | **3,718.50** | **35.25** | **206.75** | **7,964.30** |
| Becnel Law Firm LLC | Becnel, Daniel | Attorney | 134.25 | 39.25 | 600.5 | 96.75 | 0 | 0 | 870.75 |
| Becnel Law Firm LLC | Becnel, Darryl | Attorney | 0 | 0 | 34.25 | 0 | 0 | 0 | 34.25 |
| Becnel Law Firm LLC | Becnel, Devon | Attorney | 322 | 46.25 | 295.25 | 0 | 0 | 0 | 663.5 |
| Becnel Law Firm LLC | Becnel, Toni | Attorney | 146 | 3.5 | 79.5 | 0 | 0 | 0 | 229 |
| Becnel Law Firm LLC | Christina, Salvadore | Attorney | 113.5 | 26.75 | 196.85 | 0 | 0 | 9.5 | 346.6 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|------|----------|-------|-----------------|-----------|-----------|-------|--------|------------|-------------|
| Becnel Law Firm LLC | Crose, Jennifer | Attorney | 47.5 | 0 | 194.75 | 0 | 0 | 0 | 242.25 |
| Becnel Law Firm LLC | Moreland, Matthew | Attorney | 14.75 | 39.5 | 372.25 | 0 | 0 | 0 | 426.5 |
| Becnel Law Firm LLC | Percy, Will | Attorney | 0 | 0 | 22 | 0 | 0 | 0 | 22 |
| **Becnel Law Firm LLCTotal** | | | **778** | **155.25** | **1,795.35** | **96.75** | **0** | **9.5** | **2,834.85** |
| Berrigan, Litchfield, Schonekas, Mann & Traina, LLC | Chenevert, Matthew P. | Attorney | 9.25 | 0 | 0 | 0 | 0 | 0 | 9.25 |
| Berrigan, Litchfield, Schonekas, Mann & Traina, LLC | Daste, Carey B. | Attorney | 1.25 | 0 | 0 | 0 | 0 | 0 | 1.25 |
| Berrigan, Litchfield, Schonekas, Mann & Traina, LLC | Litchfield, E. John | Attorney | 2 | 0 | 0 | 0 | 0 | 0 | 2 |
| Berrigan, Litchfield, Schonekas, Mann & Traina, LLC | Torregano, Kathy Lee | Attorney | 4.75 | 0 | 0 | 0 | 0 | 0 | 4.75 |
| **Berrigan, Litchfield, Schonekas, Mann & Traina, LLCTotal** | | | **17.25** | **0** | **0** | **0** | **0** | **0** | **17.25** |
| Bruno & Bruno, LLP | Bruno, Joseph | Attorney | 15.25 | 273 | 99.75 | 61.75 | 0 | 0 | 449.75 |
| Bruno & Bruno, LLP | Debarbieris, Melissa | Attorney | 8 | 0 | 0 | 0 | 0 | 0 | 8 |
| Bruno & Bruno, LLP | Hatcher, Chris M. | Attorney | 0.25 | 0.25 | 0.25 | 0 | 0 | 0 | 0.75 |
| Bruno & Bruno, LLP | Joanen, L. Scott | Attorney | 0 | 0 | 0.1 | 0 | 0 | 0 | 0.1 |
| **Bruno & Bruno, LLPTotal** | | | **23.5** | **273.25** | **100.1** | **61.75** | **0** | **0** | **458.6** |
| Burdman Law Group | O'Leary, Pieter | Attorney | 41 | 0 | 9.5 | 0 | 0 | 0 | 50.5 |
| **Burdman Law GroupTotal** | | | **41** | **0** | **9.5** | **0** | **0** | **0** | **50.5** |
| Colson - Hicks Edison PA | Drury, Chris | Attorney | 0 | 0 | 6.75 | 0 | 0 | 0 | 6.75 |
| Colson - Hicks Edison PA | Gonzalez, Ervin | Attorney | 4,135.95 | 751.75 | 1,178.50 | 121 | 145.75 | 0 | 6,332.95 |
| Colson - Hicks Edison PA | Keiser, Jeff | Attorney | 174 | 42.75 | 76.25 | 103.5 | 9.25 | 0 | 405.75 |
| Colson - Hicks Edison PA | Lefebvre, Maureen | Attorney | 77 | 42 | 0 | 0 | 0 | 0 | 119 |
| Colson - Hicks Edison PA | Montoya, Patrick | Attorney | 493.5 | 1,099.00 | 1,649.35 | 445 | 79.75 | 0 | 3,766.60 |
| Colson - Hicks Edison PA | Rico, Natalie | Attorney | 591.25 | 354.25 | 401.5 | 317.5 | 98 | 0 | 1,762.50 |
| Colson - Hicks Edison PA | Tuchman, Jaimie | Attorney | 78.25 | 25.75 | 1,051.00 | 0 | 0 | 0 | 1,155.00 |
| Colson - Hicks Edison PA | Ferrer, Belkis | Paralegal | 1.5 | 137.25 | 348.75 | 0 | 0 | 0 | 487.5 |
| Colson - Hicks Edison PA | Yunis, Bernardita | Paralegal | 44.5 | 0 | 0 | 0 | 0 | 0 | 44.5 |
| **Colson - Hicks Edison PATotal** | | | **5,595.95** | **2,452.75** | **4,712.10** | **987** | **332.75** | **0** | **14,080.55** |
| Cuneo Gilbert & LaDuca | Anderson, William | Attorney | 28.75 | 50.25 | 0 | 0 | 0 | 0 | 79 |
| Cuneo Gilbert & LaDuca | Cohen, Daniel | Attorney | 17 | 0 | 0 | 0 | 0 | 0 | 17 |
| Cuneo Gilbert & LaDuca | Gilbert, Pamela | Attorney | 4 | 0 | 0 | 0 | 0 | 0 | 4 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Cuneo Gilbert & LaDuca | LaDuca, Charles | Attorney | 0 | 25.25 | 0 | 0 | 0 | 0 | 25.25 |
| Cuneo Gilbert & LaDuca | Cheek, Laura | Paralegal | 1.5 | 0 | 0 | 0 | 0 | 0 | 1.5 |
| **Cuneo Gilbert & LaDucaTotal** | | | **51.25** | **75.5** | **0** | **0** | **0** | **0** | **126.75** |
| Davis & Duncan, LLC | Mark, Duncan | Attorney | 2.9 | 0 | 0 | 0 | 0 | 0 | 2.9 |
| **Davis & Duncan, LLCTotal** | | | **2.9** | **0** | **0** | **0** | **0** | **0** | **2.9** |
| Gainsburgh, Benjamin, et al | Ecuyer, Michael | Attorney | 140.5 | 7.75 | 19 | 1,118.75 | 67.5 | 43 | 1,396.50 |
| Gainsburgh, Benjamin, et al | Ervin-Knott, Nakisha | Attorney | 31.5 | 0 | 3.25 | 16.5 | 0 | 0 | 51.25 |
| Gainsburgh, Benjamin, et al | Gilbreath, Tara | Attorney | 0 | 0 | 3 | 3.25 | 0 | 0 | 6.25 |
| Gainsburgh, Benjamin, et al | Lambert, Palmer | Attorney | 0 | 0 | 0 | 3.4 | 0 | 0 | 3.4 |
| Gainsburgh, Benjamin, et al | Meaher, Helen | Attorney | 0.5 | 8.5 | 0 | 43.75 | 7 | 0 | 59.75 |
| Gainsburgh, Benjamin, et al | Meunier, Gerald | Attorney | 92.75 | 204 | 27 | 4,706.25 | 23.5 | 24.75 | 5,078.25 |
| Gainsburgh, Benjamin, et al | Warshauer, Irving | Attorney | 75.5 | 0 | 0 | 121.25 | 0 | 0 | 196.75 |
| Gainsburgh, Benjamin, et al | Martin, Denise | Paralegal | 0 | 0 | 0 | 113 | 0 | 0 | 113 |
| Gainsburgh, Benjamin, et al | McClure, Monica | Paralegal | 3.5 | 0 | 13.75 | 95 | 0 | 0 | 112.25 |
| Gainsburgh, Benjamin, et al | Plonsky, Kim | Paralegal | 159.8 | 0 | 33.25 | 521.85 | 0 | 64 | 778.9 |
| Gainsburgh, Benjamin, et al | Shumaker, Meghan | Paralegal | 137 | 0 | 21.25 | 0 | 0 | 0 | 158.25 |
| Gainsburgh, Benjamin, et al | Harrell, Katelyn | Law Clerk | 0 | 0 | 0 | 9 | 0 | 0 | 9 |
| **Gainsburgh, Benjamin, et alTotal** | | | **641.05** | **220.25** | **120.5** | **6,752.00** | **98** | **131.75** | **7,963.55** |
| Gary, Naegele & Theado, LLC | Jori Bloom, Naegele | Attorney | 6.25 | 32.25 | 0 | 0 | 0 | 0 | 38.5 |
| Gary, Naegele & Theado, LLC | Robert D., Gary | Attorney | 367.45 | 0.75 | 0 | 0 | 0 | 0 | 368.2 |
| Gary, Naegele & Theado, LLC | Comstock, Tracy | Paralegal | 69.5 | 0 | 0 | 0 | 0 | 0 | 69.5 |
| **Gary, Naegele & Theado, LLCTotal** | | | **443.2** | **33** | **0** | **0** | **0** | **0** | **476.2** |
| Glago Law Firm LLC | Glago, Mark P | Attorney | 124.15 | 20.5 | 0.75 | 0.75 | 0 | 0 | 146.15 |
| Glago Law Firm LLC | Gremillion, Wendy | Attorney | 3 | 0 | 0 | 0 | 0 | 0 | 3 |
| **Glago Law Firm LLCTotal** | | | **127.15** | **20.5** | **0.75** | **0.75** | **0** | **0** | **149.15** |
| Hausfeld LLP | Ghareeb, Faris | Attorney | 196.65 | 95.5 | 35.25 | 9.5 | 0 | 0 | 336.9 |
| Hausfeld LLP | Giddings, Nathaniel | Attorney | 7.5 | 0 | 0 | 0 | 0 | 0 | 7.5 |
| Hausfeld LLP | Kenney, Jeannine | Attorney | 0 | 0 | 0 | 5.5 | 0 | 0 | 5.5 |
| Hausfeld LLP | Landau, Brent | Attorney | 0 | 0 | 0.5 | 0 | 0 | 0 | 0.5 |
| Hausfeld LLP | Lewis, Richard | Attorney | 322 | 637.5 | 182 | 1,394.00 | 5 | 322 | 2,862.50 |
| Hausfeld LLP | Pizzirusso, James | Attorney | 34.5 | 71.6 | 2.5 | 17.5 | 4.5 | 0 | 130.6 |
| Hausfeld LLP | Ward, Kristen | Attorney | 222.75 | 284 | 0.5 | 128.5 | 4 | 273.85 | 913.6 |
| Hausfeld LLP | Lucas, Brian | Paralegal | 212 | 82.5 | 41 | 183.5 | 0 | 0 | 519 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Hausfeld LLP | Lucina, William | Paralegal | 0 | 22.5 | 0 | 0 | 0 | 0 | 22.5 |
| Hausfeld LLP | McDonald, Fiona | Paralegal | 2 | 0 | 0 | 0 | 0 | 0 | 2 |
| Hausfeld LLP | Pegram, Chris | Paralegal | 5 | 0 | 0 | 0 | 0 | 0 | 5 |
| Hausfeld LLP | Robinson, Elliot | Paralegal | 0 | 0 | 0 | 7.5 | 0 | 6.5 | 14 |
| Hausfeld LLP | Sandberg, Amanda | Paralegal | 57 | 10.1 | 1 | 0 | 0 | 0 | 68.1 |
| Hausfeld LLP | Stubbs, Kristina | Paralegal | 8.5 | 5 | 0 | 0.25 | 0 | 0 | 13.75 |
| Hausfeld LLP | Armstrong, Robert | Law Clerk | 16.75 | 22.85 | 0 | 7.25 | 0 | 0 | 46.85 |
| Hausfeld LLP | Jenkins, Spencer | Law Clerk | 13 | 68.45 | 0 | 0 | 0 | 0 | 81.45 |
| Hausfeld LLP | Rovinsky, Jeremy | Law Clerk | 0 | 0 | 0 | 0 | 61.25 | 0 | 61.25 |
| Hausfeld LLP | Singerman, Joel | Law Clerk | 0 | 0 | 15.5 | 0 | 0 | 0 | 15.5 |
| **Hausfeld LLPTotal** | | | **1,097.65** | **1,300.00** | **278.25** | **1,753.50** | **74.75** | **602.35** | **5,106.50** |
| HHK | Ahlquist, Aaron | Attorney | 4 | 0 | 0 | 0 | 0 | 0 | 4 |
| HHK | Cain, Joseph | Attorney | 1 | 0 | 0 | 3 | 0 | 0 | 4 |
| HHK | Creevy, John | Attorney | 0 | 0 | 5.5 | 37.75 | 0 | 0 | 43.25 |
| HHK | Davis, Leonard | Attorney | 1,958.00 | 3,794.75 | 1,471.25 | 924.75 | 135.25 | 1,934.00 | 10,218.00 |
| HHK | Epstein, Jeremy | Attorney | 1,215.25 | 583.75 | 165 | 467.75 | 14.25 | 1,662.00 | 4,108.00 |
| HHK | Gisleson, Soren | Attorney | 9 | 35 | 0.5 | 5.75 | 0 | 0 | 50.25 |
| HHK | Herman, Russ | Attorney | 2,078.00 | 2,381.00 | 1,216.50 | 902.75 | 236.25 | 2,100.75 | 8,915.25 |
| HHK | Herman, Stephen | Attorney | 303.25 | 173.25 | 248.75 | 696.75 | 3.25 | 13.75 | 1,439.00 |
| HHK | Klick, James | Attorney | 3 | 0 | 0 | 0 | 0 | 0 | 3 |
| HHK | Knoll, Edmond | Attorney | 28.25 | 0 | 7.25 | 39.5 | 0 | 17.5 | 92.5 |
| HHK | Lane, Steven | Attorney | 2.25 | 3.25 | 0 | 0 | 0 | 0 | 5.5 |
| HHK | Robinson, Craig | Attorney | 2.75 | 0 | 0 | 0 | 0 | 0 | 2.75 |
| HHK | Blisard, Brandy | Paralegal | 2,213.75 | 2,009.50 | 1,316.25 | 107 | 2 | 435.25 | 6,083.75 |
| HHK | Bolden, Nina | Paralegal | 402 | 108 | 56.75 | 69.5 | 0 | 0 | 636.25 |
| HHK | Catalanotto, Amy | Paralegal | 539.5 | 70 | 95.75 | 72.5 | 0 | 0 | 777.75 |
| HHK | Dean, Crystal | Paralegal | 19.5 | 0 | 0 | 8 | 0 | 0 | 27.5 |
| HHK | Ferbos, Krystle | Paralegal | 11 | 0 | 0 | 7.5 | 0 | 0 | 18.5 |
| HHK | Ingram, Om | Paralegal | 68 | 3.75 | 6.5 | 1 | 0 | 0 | 79.25 |
| HHK | Laborde, Heather | Paralegal | 47.75 | 19.5 | 12.5 | 1 | 0 | 0 | 80.75 |
| HHK | Lanassa, Carroll | Paralegal | 56.25 | 9.5 | 0 | 7.5 | 0 | 0 | 73.25 |
| HHK | Lory, Vickie | Paralegal | 38.5 | 54.75 | 48.75 | 34 | 9 | 43.75 | 228.75 |
| HHK | Robein, Lane | Paralegal | 299.25 | 1,119.25 | 2,780.00 | 783 | 0 | 968 | 5,949.50 |
| HHK | Rodriguez, Fernando | Paralegal | 4 | 0 | 4.75 | 8.75 | 0 | 0 | 17.5 |
| HHK | Valenti, Regina | Paralegal | 55.75 | 6 | 24.75 | 86 | 0 | 82.75 | 255.25 |
| HHK | Barone, Kristin | Law Clerk | 1.5 | 1 | 3.5 | 0.5 | 0 | 3.5 | 10 |
| HHK | Bolton, Lindsey | Law Clerk | 13 | 3.25 | 1.5 | 0 | 4.75 | 0 | 22.5 |
| HHK | Connick, Brendan | Law Clerk | 0 | 4 | 2 | 0 | 0 | 0 | 6 |
| HHK | Fetzer, Campbell | Law Clerk | 4 | 8 | 0 | 0 | 4 | 0 | 16 |
| HHK | Komins, Benton | Law Clerk | 13 | 0 | 0 | 0 | 5.75 | 0 | 18.75 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| HHK | Mau, Donald | Law Clerk | 0 | 5 | 0 | 0 | 0 | 0 | 5 |
| HHK | Pierre, Sonya | Law Clerk | 30 | 0 | 0 | 0 | 0 | 0 | 30 |
| HHK | Simpson, Ben | Law Clerk | 11.75 | 0 | 6.5 | 4 | 0 | 0 | 22.25 |
| HHK | Weintraub, Adam | Law Clerk | 24.5 | 3.5 | 92.5 | 0.5 | 0 | 1.5 | 122.5 |
| HHK | Woods, III, Carl | Law Clerk | 9 | 1.5 | 1 | 0 | 0 | 0 | 11.5 |
| HHK | Comfort, Kelly | Other | 0.5 | 0 | 0 | 0 | 0 | 0 | 0.5 |
| HHK | Curcio, Nicholas | Other | 0 | 0 | 0 | 0 | 0 | 7.5 | 7.5 |
| HHK | Dean, Victoria | Other | 103 | 8 | 0 | 0 | 0 | 0 | 111 |
| HHK | LeBlanc, Pamela | Other | 44.75 | 0 | 0 | 0 | 0 | 0 | 44.75 |
| HHK | Longoria, Sofia | Other | 0.5 | 0 | 0 | 0 | 0 | 0 | 0.5 |
| HHK | Robinson, Kate | Other | 281 | 1.25 | 0 | 0 | 0 | 0 | 282.25 |
| HHK | Verges, Sarah | Other | 525.5 | 0 | 0 | 0 | 0 | 0 | 525.5 |
| **HHKTotal** | | | **10,422.00** | **10,406.75** | **7,567.75** | **4,268.75** | **408.75** | **7,276.00** | **40,350.00** |
| Irpino Law Firm | Irpino, Anthony | Attorney | 1,082.25 | 1,352.10 | 2,642.25 | 1,027.75 | 91 | 138 | 6,333.35 |
| Irpino Law Firm | Pichon, Jeremy | Attorney | 0 | 0 | 0 | 0 | 0 | 8 | 8 |
| Irpino Law Firm | Robertson, Pearl | Attorney | 0 | 5 | 13 | 0 | 658.75 | 0 | 676.75 |
| Irpino Law Firm | Zayas, Brandy | Paralegal | 0 | 0 | 5 | 40 | 0 | 0 | 45 |
| Irpino Law Firm | Irpino, Jonathon | Law Clerk | 0 | 0 | 0 | 254 | 0 | 0 | 254 |
| Irpino Law Firm | Reese, Justin | Law Clerk | 16.75 | 0 | 34.75 | 318.5 | 0 | 0 | 370 |
| **Irpino Law FirmTotal** | | | **1,099.00** | **1,357.10** | **2,695.00** | **1,640.25** | **749.75** | **146** | **7,687.10** |
| Kanner & Whiteley, L.L.C. | Fuselier, Melissa | Attorney | 41.25 | 46 | 0 | 0 | 0 | 0 | 87.25 |
| Kanner & Whiteley, L.L.C. | Kanner, Allan | Attorney | 182.5 | 74.25 | 11.25 | 0.75 | 0 | 0 | 268.75 |
| Kanner & Whiteley, L.L.C. | Petersen, Elizabeth | Attorney | 0.25 | 0 | 0 | 0 | 0 | 0 | 0.25 |
| Kanner & Whiteley, L.L.C. | St. Amant, Cynthia | Attorney | 106.7 | 141.5 | 1.75 | 4.25 | 0 | 0 | 254.2 |
| Kanner & Whiteley, L.L.C. | Fuselier, Melissa - paralegal duties | Paralegal | 0 | 0 | 2.5 | 0 | 0 | 0 | 2.5 |
| Kanner & Whiteley, L.L.C. | Miller, Elizabeth | Paralegal | 7.5 | 0 | 0 | 0 | 0 | 0 | 7.5 |
| Kanner & Whiteley, L.L.C. | Rhoden, Judith | Paralegal | 2.5 | 0 | 0.25 | 0 | 0 | 0 | 2.75 |
| Kanner & Whiteley, L.L.C. | St. Amant, Cynthia - paralegal duties | Paralegal | 0.5 | 0.5 | 0.75 | 0 | 0 | 0 | 1.75 |
| **Kanner & Whiteley, L.L.C.Total** | | | **341.2** | **262.25** | **16.5** | **5** | **0** | **0** | **624.95** |
| Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman, & McKee, PA | Ryan, Michael | Attorney | 191.25 | 159.3 | 99.5 | 36.75 | 3 | 210 | 699.8 |
| **Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman, & McKee, PATotal** | | | **191.25** | **159.3** | **99.5** | **36.75** | **3** | **210** | **699.8** |
| Landskroner - Grieco - Madden LLC | Grieco, Paul | Attorney | 3 | 9 | 0 | 0 | 0 | 0 | 12 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Landskroner - Grieco - Madden LLC | Landskroner, Jack | Attorney | 2.75 | 26.25 | 0 | 4.75 | 0 | 0 | 33.75 |
| Landskroner - Grieco - Madden LLC | Legando, Drew | Attorney | 0 | 0 | 0 | 10.75 | 0 | 0 | 10.75 |
| Landskroner - Grieco - Madden LLC | Mazzi, Alicia | Attorney | 0 | 0 | 0 | 0.75 | 0 | 0 | 0.75 |
| **Landskroner - Grieco - Madden LLCTotal** | | | **5.75** | **35.25** | **0** | **16.25** | **0** | **0** | **57.25** |
| Law Offices of Robert M. Becnel | Becnel, Robert | Attorney | 267.25 | 0 | 397.5 | 154.25 | 0 | 0 | 819 |
| Law Offices of Robert M. Becnel | Zink, Diane | Attorney | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Law Offices of Robert M. BecnelTotal** | | | **267.25** | **0** | **397.5** | **154.25** | **0** | **0** | **819** |
| Lemmon Law Firm, LLC | Lemmon, Andrew | Attorney | 91 | 283 | 607 | 457 | 0 | 98 | 1,536.00 |
| Lemmon Law Firm, LLC | Matheny, Megan | Attorney | 3 | 8.75 | 13.75 | 11 | 0 | 0.5 | 37 |
| Lemmon Law Firm, LLC | Netting, Irma L. | Attorney | 9 | 3.25 | 0 | 7 | 0 | 0 | 19.25 |
| Lemmon Law Firm, LLC | Torres, Eric | Attorney | 0.25 | 14.5 | 129.25 | 0 | 0 | 0 | 144 |
| Lemmon Law Firm, LLC | Crotwell, Christy | Paralegal | 6 | 0 | 0 | 0 | 0 | 0 | 6 |
| Lemmon Law Firm, LLC | Field, Kathleen | Paralegal | 0 | 0 | 1,182.25 | 19.5 | 0 | 0 | 1,201.75 |
| Lemmon Law Firm, LLC | Kuiper, Tiffany | Paralegal | 28 | 34.25 | 636 | 50.25 | 0 | 1.25 | 749.75 |
| Lemmon Law Firm, LLC | Planchet, Joni | Paralegal | 0 | 0 | 0 | 7.75 | 0 | 0 | 7.75 |
| Lemmon Law Firm, LLC | Robbins, Andrea | Paralegal | 0 | 0 | 465.25 | 0 | 0 | 0 | 465.25 |
| Lemmon Law Firm, LLC | Sauzer, Gregory | Law Clerk | 0 | 2.5 | 2 | 47 | 0 | 0 | 51.5 |
| Lemmon Law Firm, LLC | Caropino, Jennifer | Other | 2 | 0 | 0 | 2 | 0 | 0 | 4 |
| Lemmon Law Firm, LLC | Champagne, Tammy | Other | 10.5 | 0 | 173 | 0 | 0 | 0 | 183.5 |
| Lemmon Law Firm, LLC | Cheramie, Hillary | Other | 3 | 14.25 | 272.25 | 0 | 0 | 0 | 289.5 |
| **Lemmon Law Firm, LLCTotal** | | | **152.75** | **360.5** | **3,480.75** | **601.5** | **0** | **99.75** | **4,695.25** |
| Leopold Kuvin, P.A. | Langino, Adam | Attorney | 2.35 | 12.7 | 8 | 2 | 0 | 0 | 25.05 |
| Leopold Kuvin, P.A. | Leopold, Theodore | Attorney | 22 | 37 | 86.85 | 0.5 | 0 | 0 | 146.35 |
| Leopold Kuvin, P.A. | Martin, Diana | Attorney | 0 | 17.5 | 0 | 0 | 0 | 0 | 17.5 |
| Leopold Kuvin, P.A. | Weiss, Gregory | Attorney | 94.9 | 135 | 33.5 | 39.75 | 0 | 110.8 | 413.95 |
| Leopold Kuvin, P.A. | Fine, Tim | Paralegal | 2 | 0 | 15 | 0 | 0 | 0 | 17 |
| Leopold Kuvin, P.A. | Gelder, Julie | Paralegal | 0 | 2 | 0 | 0 | 0 | 0 | 2 |
| Leopold Kuvin, P.A. | Hartnett, Meg | Paralegal | 1.5 | 0 | 0 | 0 | 0 | 0 | 1.5 |
| Leopold Kuvin, P.A. | Johnson, Debby | Paralegal | 8.65 | 0 | 6.4 | 0 | 0 | 0 | 15.05 |
| Leopold Kuvin, P.A. | Marks, Lori | Paralegal | 16.5 | 0.25 | 56.75 | 0 | 0 | 0 | 73.5 |
| Leopold Kuvin, P.A. | Whiddon, Tatum | Paralegal | 120.85 | 0 | 0 | 0 | 0 | 0 | 120.85 |
| **Leopold Kuvin, P.A.Total** | | | **268.75** | **204.45** | **206.5** | **42.25** | **0** | **110.8** | **832.75** |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Levin Papantonio Law | Blanchard, Robert | Attorney | 21.75 | 0 | 0 | 0 | 0 | 0 | 21.75 |
| Levin Papantonio Law | Cash, William | Attorney | 259.5 | 33.25 | 1.25 | 200.5 | 0 | 0 | 494.5 |
| Levin Papantonio Law | Gordon, Ben | Attorney | 1,776.45 | 459.85 | 36.6 | 852.05 | 0 | 9.7 | 3,134.65 |
| Levin Papantonio Law | Morris, Larry | Attorney | 110.5 | 0 | 0 | 0 | 0 | 0 | 110.5 |
| Levin Papantonio Law | Morris, Lea | Attorney | 8.5 | 0 | 0 | 0 | 0 | 0 | 8.5 |
| Levin Papantonio Law | Paulos, Christopher | Attorney | 41.5 | 0 | 0 | 0 | 0 | 0 | 41.5 |
| Levin Papantonio Law | Charles, Charisse | Paralegal | -8.75 | 5.75 | 3 | 0 | 0 | 0 | 0 |
| Levin Papantonio Law | Lambert, Taxie | Paralegal | 31.5 | 0 | 0 | 0 | 0 | 0 | 31.5 |
| Levin Papantonio Law | Bell, Alice | Other | 14.5 | 0 | 0 | 0 | 0 | 0 | 14.5 |
| Levin Papantonio Law | Gardiner, Stacey | Other | 11 | 0 | 0 | 0 | 0 | 0 | 11 |
| Levin Papantonio Law | Johnson, Crystal | Other | 123 | 0 | 0 | 4.25 | 0 | 0 | 127.25 |
| Levin Papantonio Law | Johnson, Pamela | Other | 29 | 0 | 0 | 0 | 0 | 0 | 29 |
| Levin Papantonio Law | Killam, Luke | Other | 29 | 0 | 0 | 0 | 0 | 0 | 29 |
| Levin Papantonio Law | Lovings, Delecia | Other | 30 | 0 | 0 | 0 | 0 | 0 | 30 |
| Levin Papantonio Law | McKenney, Lakia | Other | 7.25 | 0 | 0 | 0 | 0 | 0 | 7.25 |
| Levin Papantonio Law | Murphy, Erin | Other | 9 | 0 | 0 | 0 | 0 | 0 | 9 |
| Levin Papantonio Law | Thompson, Chris | Other | 37 | 0 | 0 | 0 | 0 | 0 | 37 |
| **Levin Papantonio LawTotal** | | | **2,530.70** | **498.85** | **40.85** | **1,056.80** | **0** | **9.7** | **4,136.90** |
| Levin, Sedran & Berman | Berman, Laurence | Attorney | 2.5 | 3.25 | 3 | 23 | 3 | 17 | 51.75 |
| Levin, Sedran & Berman | Duggan, Sandra | Attorney | 459.75 | 1,994.75 | 158.75 | 205.75 | 1,768.50 | 2,698.25 | 7,285.75 |
| Levin, Sedran & Berman | Fishbein, Michael | Attorney | 0 | 36.5 | 0 | 0 | 150.75 | 0 | 187.25 |
| Levin, Sedran & Berman | Fox, Brian | Attorney | 0 | 16.25 | 0 | 7.25 | 0 | 0 | 23.5 |
| Levin, Sedran & Berman | Gaughan, Matthew | Attorney | 78.25 | 4,188.00 | 690 | 89.25 | 448.25 | 490.75 | 5,984.50 |
| Levin, Sedran & Berman | Levin, Arnold | Attorney | 603.75 | 2,757.75 | 1,263.25 | 740.5 | 339.5 | 3,088.00 | 8,792.75 |
| Levin, Sedran & Berman | Levin, Daniel | Attorney | 0 | 450.75 | 21.75 | 4 | 0 | 0 | 476.5 |
| Levin, Sedran & Berman | Longer, Fred | Attorney | 1,026.25 | 2,777.50 | 1,017.50 | 711.25 | 467 | 2,557.75 | 8,557.25 |
| Levin, Sedran & Berman | Schaffer, Charles | Attorney | 0 | 10.5 | 81 | 444.25 | 0 | 0 | 535.75 |
| Levin, Sedran & Berman | D'Andrea, Patricia | Paralegal | 0 | 18.75 | 0 | 0 | 0 | 0 | 18.75 |
| Levin, Sedran & Berman | Hesson, Cheryl | Paralegal | 0 | 1,657.00 | 420 | 0 | 0 | 671.5 | 2,748.50 |
| Levin, Sedran & Berman | Hutson, Marion | Paralegal | 0 | 358.5 | 37.5 | 0 | 9 | 95 | 500 |
| Levin, Sedran & Berman | Klick, Laura | Paralegal | 0 | 11.25 | 120.75 | 0 | 0 | 0 | 132 |
| Levin, Sedran & Berman | Lascio, Jennifer | Paralegal | 0 | 182.25 | 71 | 0 | 0 | 0 | 253.25 |
| Levin, Sedran & Berman | Lord, Monica | Paralegal | 0 | 2,561.25 | 5 | 12 | 0 | 0 | 2,578.25 |
| Levin, Sedran & Berman | Murphy, Debbie | Paralegal | 3 | 1,935.00 | 16 | 12 | 0 | 0 | 1,966.00 |
| Levin, Sedran & Berman | Rapone, James | Paralegal | 0 | 4 | 0 | 0 | 0 | 0 | 4 |
| Levin, Sedran & Berman | Sentyz, Kylie | Paralegal | 0 | 124 | 257 | 0 | 0 | 0 | 381 |
| Levin, Sedran & Berman | Smith, Tom | Paralegal | 14 | 206 | 1,806.50 | 212 | 79 | 0 | 2,317.50 |
| Levin, Sedran & Berman | Sweeney, Anne Marie | Paralegal | 0 | 0 | 13 | 0 | 0 | 0 | 13 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Levin, Sedran & Berman | Toolanen, Sophie | Paralegal | 0 | 7.5 | 49.5 | 0 | 0 | 0 | 57 |
| Levin, Sedran & Berman | Worrell, Nicole | Paralegal | 0 | 2.5 | 16.5 | 0 | 0 | 0 | 19 |
| Levin, Sedran & Berman | Roda, Joseph | Law Clerk | 0 | 22 | 0 | 0 | 0 | 0 | 22 |
| Levin, Sedran & Berman | Shrack, Thomas | Other | 36 | 164.75 | 444.75 | 5.75 | 0 | 107.25 | 758.5 |
| **Levin, Sedran & BermanTotal** | | | **2,223.50** | **19,490.00** | **6,492.75** | **2,467.00** | **3,265.00** | **9,725.50** | **43,663.75** |
| Lockridge Grindal Nauen P.L.L.P | Davis, Craig | Attorney | 2.75 | 0 | 24.5 | 0 | 0 | 0 | 27.25 |
| Lockridge Grindal Nauen P.L.L.P | Flaherty, Yvonne | Attorney | 0.25 | 0 | 0 | 0 | 0 | 0 | 0.25 |
| Lockridge Grindal Nauen P.L.L.P | Hartel, Constance | Attorney | 0 | 0 | 49 | 0 | 0 | 0 | 49 |
| Lockridge Grindal Nauen P.L.L.P | Johnson, Matthew | Attorney | 0 | 0 | 41 | 0 | 0 | 0 | 41 |
| Lockridge Grindal Nauen P.L.L.P | Shelquist, Robert | Attorney | 18.75 | 1.75 | 1.5 | 0.25 | 0 | 0 | 22.25 |
| Lockridge Grindal Nauen P.L.L.P | LeRoy, Kelly | Paralegal | 1 | 1 | 0.25 | 0 | 0 | 0 | 2.25 |
| Lockridge Grindal Nauen P.L.L.P | Kelly, Kathleen | Other | 0 | 0 | 0.5 | 0 | 0 | 0 | 0.5 |
| **Lockridge Grindal Nauen P.L.L.PTotal** | | | **22.75** | **2.75** | **116.75** | **0.25** | **0** | **0** | **142.5** |
| Luckey & Mullins, PLLC | Arnedo-Zayed, Marina | Attorney | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Luckey & Mullins, PLLC | Mullins, Stephen | Attorney | 38.75 | 2 | 0 | 0 | 0 | 7 | 47.75 |
| Luckey & Mullins, PLLC | Craft, Rebecca | Paralegal | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Luckey & Mullins, PLLC | Pendleton, Kelly | Paralegal | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Luckey & Mullins, PLLCTotal** | | | **38.75** | **2** | **0** | **0** | **0** | **7** | **47.75** |
| Martzell Bickford | Bickford, Scott | Attorney | 10.75 | 0 | 1.75 | 0.25 | 0 | 0 | 12.75 |
| Martzell Bickford | Centola III, Larry | Attorney | 78.5 | 17.75 | 23 | 0.25 | 0 | 3 | 122.5 |
| Martzell Bickford | Donahue, Roshawn | Attorney | 2 | 0 | 0 | 3.75 | 0 | 0 | 5.75 |
| Martzell Bickford | Doody, Spencer | Attorney | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Martzell Bickford | Landry, Jason | Attorney | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Martzell Bickford | Nazareth, Neil | Attorney | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Martzell Bickford | Moore, Bud | Paralegal | 8 | 0 | 0 | 0 | 0 | 0 | 8 |
| Martzell Bickford | Rodriguez, Carlos | Paralegal | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Martzell Bickford | Thomas, Adam | Paralegal | 0 | 2.5 | 0.75 | 3.5 | 0 | 0 | 6.75 |
| Martzell Bickford | Valaske, Carla | Paralegal | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **Martzell BickfordTotal** | | | **99.25** | **20.25** | **25.5** | **7.75** | **0** | **3** | **155.75** |
| Mason LLP | Bansal, Monica | Attorney | 0 | 8.25 | 0 | 0 | 0 | 0 | 8.25 |
| Mason LLP | Desai, Khushi | Attorney | 33 | 0 | 0 | 0 | 0 | 0 | 33 |
| Mason LLP | Mason, Gary | Attorney | 123.75 | 13 | 19 | 3 | 0 | 10 | 168.75 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Mason LLP | Solen, Donna | Attorney | 0.25 | 0.75 | 0 | 0 | 0 | 0 | 1 |
| Mason LLP | DiCocco, Monica | Paralegal | 8 | 6.5 | 0 | 0 | 0 | 0 | 14.5 |
| Mason LLP | Santillo, Keith | Paralegal | 1.2 | 0 | 0 | 0 | 0 | 0 | 1.2 |
| **Mason LLPTotal** | | | **166.2** | **28.5** | **19** | **3** | **0** | **10** | **226.7** |
| Milstein Adelman, LLP | Durkee, David | Attorney | 192.75 | 371.75 | 56.75 | 0 | 0 | 0 | 621.25 |
| Milstein Adelman, LLP | Milstein, Mark | Attorney | 159.5 | 269.75 | 0 | 0 | 0 | 202.5 | 631.75 |
| Milstein Adelman, LLP | Stevens, Paul | Attorney | 105.5 | 4 | 19.25 | 0 | 0 | 132 | 260.75 |
| Milstein Adelman, LLP | Suarez, Carolina | Attorney | 115.75 | 262 | 4.25 | 0 | 0 | 0 | 382 |
| Milstein Adelman, LLP | Willett, Allison | Attorney | 296.25 | 915 | 59.5 | 0 | 0 | 556 | 1,826.75 |
| **Milstein Adelman, LLPTotal** | | | **869.75** | **1,822.50** | **139.75** | **0** | **0** | **890.5** | **3,722.50** |
| Morgan & Morgan | Albanis, Pete | Attorney | 307.25 | 126.75 | 295.25 | 0 | 0 | 61.5 | 790.75 |
| Morgan & Morgan | Givens, Tamra | Attorney | 0 | 20.5 | 27.75 | 0 | 0 | 0 | 48.25 |
| Morgan & Morgan | Goetz, Michael | Attorney | 221.25 | 170.75 | 2.5 | 0 | 0 | 2.25 | 396.75 |
| Morgan & Morgan | Meyer, J Andrew | Attorney | 0.5 | 96 | 0 | 0 | 0 | 0 | 96.5 |
| Morgan & Morgan | Mirabole, Angela | Attorney | 0 | 0 | 27.5 | 0 | 0 | 0 | 27.5 |
| Morgan & Morgan | Petosa, Frank | Attorney | 89.75 | 25.75 | 334.5 | 113.75 | 0 | 0 | 563.75 |
| Morgan & Morgan | Soffin, Rachel | Attorney | 0 | 50.5 | 86 | 0 | 0 | 0 | 136.5 |
| Morgan & Morgan | Weinstein, Scott Wm | Attorney | 578.75 | 171.75 | 82 | 0 | 0 | 19.25 | 851.75 |
| Morgan & Morgan | Jacobs, Jolene | Paralegal | 0 | 0 | 0.5 | 0 | 0 | 0 | 0.5 |
| Morgan & Morgan | Szilagyi-Rigsby, Elizabeth | Paralegal | 24 | 4.75 | 18 | 0 | 0 | 10 | 56.75 |
| **Morgan & MorganTotal** | | | **1,221.50** | **666.75** | **874** | **113.75** | **0** | **93** | **2,969.00** |
| Morris Bart, L.L.C | Alvarez, Mekel | Attorney | 4.5 | 2.5 | 0 | 57.41 | 0 | 0 | 64.41 |
| Morris Bart, L.L.C | Bart, Morris | Attorney | 90 | 22.5 | 0 | 0 | 0 | 0 | 112.5 |
| Morris Bart, L.L.C | Bowman, Reed | Attorney | 346.25 | 18.75 | 0 | 0 | 0 | 0 | 365 |
| Morris Bart, L.L.C | Keiser, Jeff | Attorney | 1,103.00 | 23.5 | 49.25 | 0 | 0 | 0 | 1,175.75 |
| Morris Bart, L.L.C | Beck, James | Other | 12 | 0 | 0 | 0 | 0 | 0 | 12 |
| Morris Bart, L.L.C | Erato, Rae | Other | 0 | 0 | 0 | 5 | 0 | 0 | 5 |
| **Morris Bart, L.L.CTotal** | | | **1,555.75** | **67.25** | **49.25** | **62.41** | **0** | **0** | **1,734.66** |
| Nast Law LLC | Burkholder, Michele | Attorney | 0 | 0.35 | 0 | 0 | 0 | 0 | 0.35 |
| Nast Law LLC | Burns, Erin | Attorney | 1.5 | 39.6 | 0.25 | 0 | 0 | 0.25 | 41.6 |
| Nast Law LLC | Gallucci, Daniel | Attorney | 0 | 6.75 | 0 | 0 | 0 | 0 | 6.75 |
| Nast Law LLC | Nast, Dianne | Attorney | 9.75 | 81.5 | 2.25 | 0 | 0 | 2.25 | 95.75 |
| Nast Law LLC | Roda, Joseph | Attorney | 0 | 1.25 | 0 | 0 | 0 | 0 | 1.25 |
| Nast Law LLC | Snyder, Jennifer | Attorney | 0 | 0.25 | 0 | 0 | 0 | 0 | 0.25 |
| Nast Law LLC | Berrier, Meredith | Paralegal | 0 | 25.4 | 0.75 | 0 | 0 | 0 | 26.15 |
| Nast Law LLC | Halsted, Amber | Paralegal | 0 | 13.5 | 0.75 | 0 | 0 | 0 | 14.25 |
| Nast Law LLC | McVey, Kristina | Paralegal | 0 | 6.25 | 0 | 0 | 0 | 0 | 6.25 |
| Nast Law LLC | Roberts, Cathryn | Paralegal | 6.75 | 15 | 0.5 | 0 | 0 | 5 | 27.25 |
| Nast Law LLC | Stephenson, Sheila | Paralegal | 0 | 2.75 | 0 | 0 | 0 | 0 | 2.75 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| **Nast Law LLCTotal** | | | **18** | **192.6** | **4.5** | **0** | **0** | **7.5** | **222.6** |
| Parker Waichman LLP | Breakstone, Jay | Attorney | 8.75 | 40 | 0 | 1.5 | 0 | 0 | 50.25 |
| Parker Waichman LLP | Cambs, Peter | Attorney | 0 | 0 | 173.75 | 67.25 | 0 | 0 | 241 |
| Parker Waichman LLP | Chaikin, Jordan | Attorney | 438.75 | 1,036.00 | 578 | 8 | 0 | 11.5 | 2,072.25 |
| Parker Waichman LLP | Charnas, Scott | Attorney | 0 | 64.25 | 8 | 0 | 0 | 0 | 72.25 |
| Parker Waichman LLP | Falkowitz, Gary | Attorney | 0 | 0 | 59.25 | 1.5 | 0 | 0 | 60.75 |
| Parker Waichman LLP | Goodwin, April | Attorney | 219.5 | 0 | 241.25 | 15.25 | 0 | 17.25 | 493.25 |
| Parker Waichman LLP | Krangle, David | Attorney | 48 | 0 | 0 | 0 | 0 | 0 | 48 |
| Parker Waichman LLP | Kravitz, Ronni | Attorney | 0 | 0 | 21 | 0 | 0 | 0 | 21 |
| Parker Waichman LLP | Lau, Yatfai | Attorney | 0 | 0 | 78 | 0 | 0 | 0 | 78 |
| Parker Waichman LLP | Muhlstock, Melanie | Attorney | 0 | 0 | 19 | 0 | 0 | 0 | 19 |
| Parker Waichman LLP | Parker, Jerrold | Attorney | 1,142.50 | 783.75 | 414.25 | 239.25 | 0 | 0 | 2,579.75 |
| Parker Waichman LLP | Cussen, Catherine | Paralegal | 161 | 0 | 0 | 0 | 0 | 0 | 161 |
| Parker Waichman LLP | George, Annmarie | Paralegal | 3.75 | 0 | 0 | 0 | 0 | 0 | 3.75 |
| Parker Waichman LLP | Goldman, Aliza | Paralegal | 128 | 0 | 0 | 0 | 0 | 0 | 128 |
| Parker Waichman LLP | Hayat, Shafi | Paralegal | 169 | 0 | 0 | 0 | 0 | 0 | 169 |
| Parker Waichman LLP | Hoehn, Rosemarie | Paralegal | 229 | 0 | 0 | 0 | 0 | 0 | 229 |
| Parker Waichman LLP | Marenghi, Joann | Paralegal | 0 | 0 | 48 | 0 | 0 | 0 | 48 |
| Parker Waichman LLP | Olayo, Jeanette | Paralegal | 172 | 0 | 0 | 0 | 0 | 0 | 172 |
| Parker Waichman LLP | Parker, Sean | Paralegal | 0 | 0 | 456.25 | 0 | 0 | 0 | 456.25 |
| Parker Waichman LLP | Schmitt, Lauren | Paralegal | 62.5 | 0 | 47 | 0 | 0 | 0 | 109.5 |
| Parker Waichman LLP | Schnall, Deborah | Paralegal | 160 | 0 | 0 | 0 | 0 | 0 | 160 |
| Parker Waichman LLP | Spiteri, Jennifer | Paralegal | 140 | 0 | 0 | 0 | 0 | 0 | 140 |
| Parker Waichman LLP | Trivino, Dana | Paralegal | 201 | 0 | 0 | 0 | 0 | 0 | 201 |
| Parker Waichman LLP | Tsiskakis, Loretta | Paralegal | 0 | 0 | 51 | 0 | 0 | 0 | 51 |
| Parker Waichman LLP | Whelan, Jeanetta | Paralegal | 10 | 0 | 0 | 0 | 0 | 0 | 10 |
| Parker Waichman LLP | Cronin, Roy | Other | 374.75 | 2.25 | 94.75 | 25.25 | 0 | 0 | 497 |
| Parker Waichman LLP | Goldstein, Jeff | Other | 406 | 0 | 5 | 0 | 0 | 0 | 411 |
| Parker Waichman LLP | Huynh, Linh | Other | 5 | 0 | 0 | 0 | 0 | 0 | 5 |
| Parker Waichman LLP | Laraia, Robert | Other | 92.5 | 0 | 0 | 0 | 0 | 0 | 92.5 |
| Parker Waichman LLP | Rao, Deepak | Other | 126.25 | 0 | 0 | 0 | 0 | 0 | 126.25 |
| **Parker Waichman LLPTotal** | | | **4,298.25** | **1,926.25** | **2,294.50** | **358** | **0** | **28.75** | **8,905.75** |
| Pender & Coward, PC | Fulkerson, Alysha | Attorney | 9.9 | 16.1 | 4.85 | 0 | 0 | 0 | 30.85 |
| Pender & Coward, PC | Green, Ross | Attorney | 0 | 6.2 | 0 | 0 | 0 | 0 | 6.2 |
| Pender & Coward, PC | Holcomb, Wayne | Attorney | 5.4 | 7.4 | 0 | 0 | 0 | 0 | 12.8 |
| Pender & Coward, PC | Hunn, Jeffery | Attorney | 14.8 | 84.5 | 0 | 2.5 | 0 | 1.7 | 103.5 |
| Pender & Coward, PC | Johnson, Alex | Attorney | 5.9 | 0 | 0 | 0 | 0 | 0 | 5.9 |
| Pender & Coward, PC | Kubovcik, Andrew | Attorney | 0.3 | 0 | 0 | 0 | 0 | 0 | 0.3 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Pender & Coward, PC | Lahren, Anne | Attorney | 1.5 | 4 | 0 | 0 | 0 | 0 | 5.5 |
| Pender & Coward, PC | Lang, James | Attorney | 3.4 | 9.2 | 0 | 0.7 | 0 | 0 | 13.3 |
| Pender & Coward, PC | Lascara, Wiiliam | Attorney | 113.6 | 193.8 | 62.4 | 15 | 0 | 9.6 | 394.4 |
| Pender & Coward, PC | Scheible, Daniel | Attorney | 0.3 | 0 | 0 | 0 | 0 | 0 | 0.3 |
| Pender & Coward, PC | Eisel, Teresa | Paralegal | 68.6 | 39.2 | 20.2 | 1.1 | 0 | 0 | 129.1 |
| **Pender & Coward, PCTotal** | | | **223.7** | **360.4** | **87.45** | **19.3** | **0** | **11.3** | **702.15** |
| Pendley Baudin & Coffin, LLP | Baudin, Pamela | Attorney | 1.75 | 0 | 0 | 0 | 0 | 0 | 1.75 |
| Pendley Baudin & Coffin, LLP | Baudin, Stanley | Attorney | 0.75 | 0 | 0 | 0 | 0 | 0 | 0.75 |
| Pendley Baudin & Coffin, LLP | Coffin, Christopher | Attorney | 90.75 | 48 | 37.25 | 21.5 | 0 | 0 | 197.5 |
| Pendley Baudin & Coffin, LLP | Edwards, Allen | Attorney | 1 | 0 | 39.5 | 0 | 0 | 0 | 40.5 |
| Pendley Baudin & Coffin, LLP | Pendley, Patrick | Attorney | 15.25 | 1.25 | 0 | 0.75 | 0 | 0 | 17.25 |
| Pendley Baudin & Coffin, LLP | Rockforte, Nicholas | Attorney | 87.75 | 13.75 | 10 | 27.5 | 0 | 4.5 | 143.5 |
| Pendley Baudin & Coffin, LLP | Dupont, Shayna | Paralegal | 5 | 0 | 4.5 | 0 | 0 | 0 | 9.5 |
| Pendley Baudin & Coffin, LLP | Edwards, Renee | Paralegal | 292.95 | 0 | 13.75 | 0 | 0 | 0 | 306.7 |
| **Pendley Baudin & Coffin, LLPTotal** | | | **495.2** | **63** | **105** | **49.75** | **0** | **4.5** | **717.45** |
| Podhurst Orseck, P.A | Diaz, Jr., Victor | Attorney | 972.5 | 140.5 | 2 | 0 | 0 | 0 | 1,115.00 |
| Podhurst Orseck, P.A | Eaton, Joel | Attorney | 11.5 | 9.25 | 0 | 0 | 0 | 0 | 20.75 |
| Podhurst Orseck, P.A | Ezell, Katherine | Attorney | 0.75 | 0 | 0 | 0 | 0 | 0 | 0.75 |
| Podhurst Orseck, P.A | Gravante, John | Attorney | 61.25 | 7.75 | 0 | 15.5 | 0 | 69.5 | 154 |
| Podhurst Orseck, P.A | Josefsberg, Robert | Attorney | 652.5 | 46.75 | 0 | 17 | 0 | 0 | 716.25 |
| Podhurst Orseck, P.A | Prieto, Peter | Attorney | 99 | 35 | 0 | 64.25 | 0 | 0 | 198.25 |
| Podhurst Orseck, P.A | Rosenthal, Stephen | Attorney | 14.25 | 4.5 | 0 | 0 | 0 | 0 | 18.75 |
| Podhurst Orseck, P.A | Rundlet, Alexander | Attorney | 156 | 142.5 | 0.5 | 0 | 0 | 0 | 299 |
| Podhurst Orseck, P.A | Weinshall, Matthew P. | Attorney | 14.75 | 0 | 0 | 0 | 0 | 0 | 14.75 |
| Podhurst Orseck, P.A | Enriquez, Ramon | Paralegal | 354.5 | 22.5 | 38.25 | 0 | 0 | 0 | 415.25 |
| Podhurst Orseck, P.A | Lawson, Michelle | Paralegal | 0.5 | 0 | 0 | 0 | 0 | 0 | 0.5 |
| Podhurst Orseck, P.A | Popowski, Ailyn | Paralegal | 21.25 | 0 | 0 | 0 | 0 | 0 | 21.25 |
| Podhurst Orseck, P.A | Doddo, Jimmy | Law Clerk | 27.25 | 4.5 | 0 | 0 | 0 | 0 | 31.75 |
| Podhurst Orseck, P.A | Donner, Jeffrey | Law Clerk | 717.25 | 337 | 120.25 | 12 | 0 | 0 | 1,186.50 |
| Podhurst Orseck, P.A | Handelson, Erika | Law Clerk | 4.25 | 7.25 | 0 | 0 | 0 | 0 | 11.5 |
| Podhurst Orseck, P.A | Harrigan, Thamar | Law Clerk | 979.75 | 0 | 0 | 0 | 0 | 0 | 979.75 |
| Podhurst Orseck, P.A | Kerr, Mark | Law Clerk | 3 | 6.5 | 0 | 0 | 0 | 0 | 9.5 |
| Podhurst Orseck, P.A | Lorenzo, Jorge | Law Clerk | 3 | 0 | 0 | 1.25 | 0 | 0 | 4.25 |
| Podhurst Orseck, P.A | Thornton, Clayton | Law Clerk | 33 | 0 | 0 | 0 | 0 | 0 | 33 |
| Podhurst Orseck, P.A | Olmos, Felix | Other | 101 | 4 | 0 | 1 | 0 | 0 | 106 |
| Podhurst Orseck, P.A | Patton, Bert | Other | 19.75 | 0 | 0 | 0 | 0 | 0 | 19.75 |
| Podhurst Orseck, P.A | Valledor, Mary | Other | 126.75 | 0 | 0 | 0 | 0 | 0 | 126.75 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| **Podhurst Orseck, P.ATotal** | | | **4,373.75** | **768** | **161** | **111** | **0** | **69.5** | **5,483.25** |
| Reeves & Mestayer, PLLC | Burkes, Jennifer | Attorney | 9 | 0 | 0 | 0 | 0 | 0 | 9 |
| Reeves & Mestayer, PLLC | Busby, Tom | Attorney | 1,818.80 | 698.22 | 1,435.25 | 294.5 | 8.25 | 19 | 4,274.02 |
| Reeves & Mestayer, PLLC | Lumpkin, Mark | Attorney | 265.9 | 147.89 | 145.49 | 140.64 | 4 | 6 | 709.92 |
| Reeves & Mestayer, PLLC | Reeves, Jim | Attorney | 2,064.80 | 653.47 | 1,267.25 | 319.25 | 7.25 | 13.75 | 4,325.77 |
| Reeves & Mestayer, PLLC | Parkinson, Paula | Paralegal | 13 | 0 | 0 | 33 | 0 | 0 | 46 |
| **Reeves & Mestayer, PLLCTotal** | | | **4,171.50** | **1,499.58** | **2,847.99** | **787.39** | **19.5** | **38.75** | **9,364.71** |
| Rhine Law Firm, P.C. | Rhine, Joel | Attorney | 164 | 191 | 22.5 | 5.5 | 0 | 0 | 383 |
| Rhine Law Firm, P.C. | Wagner, Katherine | Attorney | 0 | 8.25 | 0 | 0 | 0 | 0 | 8.25 |
| Rhine Law Firm, P.C. | Kelley, Shannon | Paralegal | 4.75 | 0 | 21.25 | 0 | 0 | 0 | 26 |
| Rhine Law Firm, P.C. | Schomp, Cristi | Paralegal | 0.5 | 0 | 0 | 0 | 0 | 0 | 0.5 |
| **Rhine Law Firm, P.C.Total** | | | **169.25** | **199.25** | **43.75** | **5.5** | **0** | **0** | **417.75** |
| Richard J. Serpe, P.C. | Biagioni, Joseph | Attorney | 491.75 | 25 | 12 | 344.5 | 0 | 0 | 873.25 |
| Richard J. Serpe, P.C. | Breit, Jeffrey | Attorney | 233 | 94 | 28.25 | 92 | 11.5 | 39 | 497.75 |
| Richard J. Serpe, P.C. | Brown, Joan | Attorney | 0 | 21 | 0 | 0 | 0 | 0 | 21 |
| Richard J. Serpe, P.C. | Drescher, John | Attorney | 119 | 242 | 93.5 | 75.55 | 41.5 | 0.5 | 572.05 |
| Richard J. Serpe, P.C. | Gilbert, Oscar | Attorney | 0 | 7.5 | 6.5 | 42 | 0 | 0 | 56 |
| Richard J. Serpe, P.C. | Imprevento, Michael | Attorney | 157 | 473 | 24 | 252 | 83 | 31 | 1,020.00 |
| Richard J. Serpe, P.C. | Leeth, Billie | Attorney | 0 | 26 | 0 | 57 | 0 | 0 | 83 |
| Richard J. Serpe, P.C. | Serpe, Richard | Attorney | 527.73 | 296.5 | 128 | 1,315.05 | 0.5 | 30.25 | 2,298.03 |
| Richard J. Serpe, P.C. | Serpe- 2, Richard | Attorney | 210 | 431.75 | 402.5 | 535 | 46.25 | 501.25 | 2,126.75 |
| Richard J. Serpe, P.C. | Baker, Terry | Paralegal | 0 | 0 | 8 | 0 | 0 | 0 | 8 |
| Richard J. Serpe, P.C. | Biagioni - 2, Joseph | Paralegal | 7.25 | 9.25 | 0 | 0 | 0 | 0 | 16.5 |
| Richard J. Serpe, P.C. | Campbell, Bridget | Paralegal | 23 | 0 | 0 | 13.5 | 0 | 0 | 36.5 |
| Richard J. Serpe, P.C. | Cohen, Rebecca | Paralegal | 850.25 | 96.5 | 334.5 | 101 | 0 | 204.75 | 1,587.00 |
| Richard J. Serpe, P.C. | Derby, Erin | Paralegal | 9 | 1.5 | 0 | 6 | 0 | 0 | 16.5 |
| Richard J. Serpe, P.C. | MacPherson, Amy | Paralegal | 14.5 | 9.75 | 0 | 0 | 0 | 0 | 24.25 |
| Richard J. Serpe, P.C. | Oliver, Tracy | Paralegal | 796.75 | 1,112.25 | 996.5 | 625 | 67.75 | 552 | 4,150.25 |
| Richard J. Serpe, P.C. | Puckett, Debbie | Paralegal | 0.5 | 6.5 | 0.5 | 3.75 | 0 | 0 | 11.25 |
| Richard J. Serpe, P.C. | Todd, Dianne | Paralegal | 1 | 14 | 0 | 0 | 0 | 0 | 15 |
| **Richard J. Serpe, P.C.Total** | | | **3,440.73** | **2,866.50** | **2,034.25** | **3,462.35** | **250.5** | **1,358.75** | **13,413.08** |
| Seeger Weiss LLP | George, Scott Alan | Attorney | 430.95 | 378.65 | 1,029.60 | 769.25 | 48.25 | 12.75 | 2,669.45 |
| Seeger Weiss LLP | Grand, Jeffrey | Attorney | 385 | 220 | 796 | 2,831.00 | 0 | 17.5 | 4,249.50 |
| Seeger Weiss LLP | Kekatos, Diogenes | Attorney | 19.9 | 18 | 0 | 0 | 0 | 0 | 37.9 |
| Seeger Weiss LLP | O'Brien, James | Attorney | 57.7 | 0 | 0 | 2.5 | 0 | 0 | 60.2 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| Seeger Weiss LLP | Schimmel, Miriam | Attorney | 0 | 0 | 10 | 0 | 0 | 0 | 10 |
| Seeger Weiss LLP | Seeger, Christopher | Attorney | 1,619.00 | 310.5 | 1,000.00 | 3,596.00 | 0 | 270.5 | 6,796.00 |
| Seeger Weiss LLP | Tsai, Joseph | Attorney | 36.5 | 4.5 | 56 | 103 | 0 | 0 | 200 |
| Seeger Weiss LLP | Weiss, Stephen | Attorney | 0.8 | 0 | 0.5 | 0 | 0 | 0.25 | 1.55 |
| Seeger Weiss LLP | Bush, Rodney | Paralegal | 0 | 0 | 25.5 | 0 | 0 | 0 | 25.5 |
| Seeger Weiss LLP | Griffith, Lauren | Paralegal | 1 | 0.5 | 34.5 | 12 | 0 | 0.5 | 48.5 |
| Seeger Weiss LLP | Karlitz, Amanda | Paralegal | 20.5 | 0 | 9.75 | 0 | 0 | 0 | 30.25 |
| Seeger Weiss LLP | Kibria, Somaiya | Paralegal | 40 | 0 | 121.25 | 64 | 0 | 0 | 225.25 |
| Seeger Weiss LLP | Torres, Andro | Paralegal | 1.75 | 0 | 0 | 0 | 0 | 0 | 1.75 |
| Seeger Weiss LLP | Wickline, Kristin | Paralegal | 8 | 2.75 | 1.75 | 0 | 0 | 0 | 12.5 |
| Seeger Weiss LLP | Lipner, David | Other | 0 | 0 | 12 | 0 | 0 | 0 | 12 |
| **Seeger Weiss LLPTotal** | | | **2,621.10** | **934.9** | **3,096.85** | **7,377.75** | **48.25** | **301.5** | **14,380.35** |
| Singleton Law Firm | Singleton, Willie | Attorney | 78.5 | 34.25 | 32.75 | 155.75 | 0 | 0 | 301.25 |
| Singleton Law Firm | Webster, Barbara | Law Clerk | 37 | 0 | 0.75 | 0 | 0 | 0 | 37.75 |
| **Singleton Law FirmTotal** | | | **115.5** | **34.25** | **33.5** | **155.75** | **0** | **0** | **339** |
| Strom Law Firm, LLC | John, Alphin | Attorney | 5.5 | 0 | 0 | 35.75 | 0 | 0 | 41.25 |
| Strom Law Firm, LLC | Madden, Robyn | Attorney | 0 | 0 | 0 | 0.75 | 0 | 0 | 0.75 |
| Strom Law Firm, LLC | Pacella, Mario | Attorney | 0 | 0 | 0 | 2.25 | 0 | 0 | 2.25 |
| Strom Law Firm, LLC | Strom, Pete | Attorney | 3.5 | 0 | 0 | 21.5 | 0 | 0 | 25 |
| **Strom Law Firm, LLCTotal** | | | **9** | **0** | **0** | **60.25** | **0** | **0** | **69.25** |
| Taylor Martino, PC | Braswell, Kasie | Attorney | 16.25 | 28 | 1.75 | 0 | 0 | 53 | 99 |
| Taylor Martino, PC | Rowan, Edward | Attorney | 20.75 | 3.75 | 12.25 | 0 | 0 | 4 | 40.75 |
| Taylor Martino, PC | Taylor, Richard | Attorney | 61.25 | 59 | 91 | 0 | 0 | 120 | 331.25 |
| **Taylor Martino, PCTotal** | | | **98.25** | **90.75** | **105** | **0** | **0** | **177** | **471** |
| The Lambert Firm | Lambert, Hugh | Attorney | 2,019.00 | 81.25 | 89.5 | 212.5 | 0.5 | 14 | 2,416.75 |
| The Lambert Firm | Mangat, Chathan | Attorney | 42.5 | 0 | 0 | 0 | 0 | 0 | 42.5 |
| The Lambert Firm | Nelson, Linda | Attorney | 84 | 3 | 0 | 0 | 0 | 0 | 87 |
| The Lambert Firm | Peterson, Cayce | Attorney | 831.75 | 129 | 85 | 255 | 15 | 16.25 | 1,332.00 |
| The Lambert Firm | Guidry, Amy | Paralegal | 205.5 | 4 | 169.5 | 36 | 0 | 0 | 415 |
| The Lambert Firm | Lumpkin, Allison | Paralegal | 31.5 | 0 | 0 | 0 | 0 | 0 | 31.5 |
| The Lambert Firm | Minden, Jennifer | Paralegal | 4.5 | 0 | 73.75 | 0 | 0 | 0 | 78.25 |
| The Lambert Firm | Pince, Adrianna | Paralegal | 0 | 0 | 176 | 0 | 0 | 0 | 176 |
| The Lambert Firm | French, Justin | Law Clerk | 0 | 0 | 98.25 | 0 | 0 | 0 | 98.25 |
| The Lambert Firm | Lambert, M. Palmer | Law Clerk | 10.5 | 0 | 0 | 0 | 0 | 0 | 10.5 |
| The Lambert Firm | Beckett, Gerry | Other | 44.75 | 1.5 | 12 | 0 | 4 | 0 | 62.25 |
| **The Lambert FirmTotal** | | | **3,274.00** | **218.75** | **704** | **503.5** | **19.5** | **30.25** | **4,750.00** |
| The Steckler Law Firm | Bautista, Sharon | Attorney | 21.5 | 33.75 | 7.5 | 0 | 0 | 0 | 62.75 |
| The Steckler Law Firm | Brown, Bob | Attorney | 196.5 | 24.5 | 19.75 | 124 | 2 | 57.75 | 424.5 |
| The Steckler Law Firm | Melancon, Renee | Attorney | 159.75 | 305.5 | 13.75 | 0 | 0 | 0 | 479 |
| The Steckler Law Firm | Reddell, Kelly | Attorney | 53.25 | 57.25 | 1.75 | 297.25 | 0 | 0 | 409.5 |
| The Steckler Law Firm | Saucer, Ann | Attorney | 8.25 | 68.45 | 0 | 0 | 0 | 0 | 76.7 |

| Firm | Employee | Class | Case Assessment | Pre Trial | Discovery | Trial | Appeal | Settlement | Grand Total |
|---|---|---|---|---|---|---|---|---|---|
| The Steckler Law Firm | Sbaiti, Mazin | Attorney | 0.5 | 184 | 65.25 | 0 | 0 | 0 | 249.75 |
| The Steckler Law Firm | Steckler, Bruce | Attorney | 3,165.05 | 480.25 | 206.25 | 65 | 0 | 330.82 | 4,247.37 |
| The Steckler Law Firm | Turcotte, Ray | Attorney | 83.25 | 42.25 | 155.5 | 5 | 0 | 0 | 286 |
| The Steckler Law Firm | Wilkins, Stephanie | Paralegal | 47 | 139.75 | 11.25 | 436.75 | 0 | 0 | 634.75 |
| **The Steckler Law FirmTotal** | | | **3,735.05** | **1,335.70** | **481** | **928** | **2** | **388.57** | **6,870.32** |
| Thornhill Law Firm | Elliot, Frank | Attorney | 2.75 | 0 | 72 | 0.5 | 0 | 0 | 75.25 |
| Thornhill Law Firm | Thornhill, Tom | Attorney | 24.25 | 0 | 0 | 8.75 | 0 | 5 | 38 |
| Thornhill Law Firm | Fugate, Christy | Paralegal | 2.25 | 0 | 0 | 0.25 | 0 | 0 | 2.5 |
| **Thornhill Law FirmTotal** | | | **29.25** | **0** | **72** | **9.5** | **0** | **5** | **115.75** |
| Vaughn Bowden & Wooten, PA | Wooten, Eric | Attorney | 45.25 | 0 | 55.25 | 0 | 0 | 0 | 100.5 |
| **Vaughn Bowden & Wooten, PATotal** | | | **45.25** | **0** | **55.25** | **0** | **0** | **0** | **100.5** |
| VM Diaz and Partners, LLC | Diaz, Victor | Attorney | 821.25 | 71.5 | 81.5 | 32.5 | 2.25 | 38.25 | 1,047.25 |
| VM Diaz and Partners, LLC | Lorenzo, Jorge | Attorney | 429 | 36.5 | 15.25 | 7.75 | 2.25 | 164.5 | 655.25 |
| VM Diaz and Partners, LLC | Popowski, Ailyn | Attorney | 313.75 | 0 | 0 | 0 | 0 | 34.25 | 348 |
| VM Diaz and Partners, LLC | Yarzabal, Iliana | Paralegal | 0 | 0 | 0 | 0 | 0 | 19.5 | 19.5 |
| **VM Diaz and Partners, LLCTotal** | | | **1,564.00** | **108** | **96.75** | **40.25** | **4.5** | **256.5** | **2,070.00** |
| Webb & Scarmozzino, P.A. | Scarmozzino, Jim | Attorney | 47 | 0 | 0 | 0 | 0 | 0 | 47 |
| **Webb & Scarmozzino, P.A.Total** | | | **47** | **0** | **0** | **0** | **0** | **0** | **47** |
| Whitfield Bryson & Mason, LLP | Bryson, Dan | Attorney | 1,898.25 | 458 | 616.5 | 2,448.10 | 0 | 94 | 5,514.85 |
| Whitfield Bryson and Mason, LLP | Harris, Scott | Attorney | 72 | 1.5 | 2.5 | 0 | 0 | 0 | 76 |
| Whitfield Bryson and Mason, LLP | Lee, Matthew | Attorney | 2.5 | 0 | 36 | 0 | 0 | 0 | 38.5 |
| Whitfield Bryson and Mason, LLP | Bakemeier, Kay | Paralegal | 814.3 | 7.5 | 31 | 231.5 | 0 | 0 | 1,084.30 |
| Whitfield Bryson and Mason, LLP | Mkamanga, Amanda | Paralegal | 884.2 | 0 | 0 | 136.5 | 0 | 0 | 1,020.70 |
| Whitfield Bryson and Mason, LLP | Sena, Deborah | Paralegal | 110 | 0 | 16 | 0 | 0 | 0 | 126 |
| Whitfield Bryson and Mason, LLP | Lendino, Tim | Law Clerk | 4 | 0 | 0 | 0 | 0 | 0 | 4 |
| **Whitfield Bryson and Mason, LLPTotal** | | | **3,785.25** | **467** | **702** | **2,816.10** | **0** | **94** | **7,864.35** |
| **Grand Total:** | | | **67,202.91** | **53,830.63** | **43,714.94** | **40,576.35** | **5,311.50** | **22,500.92** | **233,137.25** |