IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>*Amorin v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-01395 (E.D. La.) (LA) | |

**THE PARTIES' JOINT STIPULATION REGARDING AUTHENTICATION AND HEARSAY AS TO CERTAIN CATEGORIES OF DOCUMENTS FOR SELECT CASES**

The Parties hereby stipulate that the discovery documents properly falling within the categories enumerated below shall be treated as authentic under Federal Rules of Evidence 901 and/or 902 and satisfying Federal Rule of Evidence 803(6), provided, however, that this stipulation does not apply to (1) handwritten documents; (2) any handwritten notation(s) on any discovery documents; (3) any discovery documents reflecting related party transactions; and (4) any hearsay within hearsay (or double hearsay) statements.

The parties further stipulate that records custodians will not need to be called as witnesses at trial or other proceeding adjudicating Plaintiffs' claims for the purposes of establishing authenticity and Federal Rule of Evidence 803 (6) status for these specific categories of documents. The Parties reserve any and all other objections to the admission of this evidence, including but not limited to objections as to the relevance (as to subject matter, time period, or other grounds) of any category of documents or individual documents falling within any enumerated category.

a. Recorded warranty deeds;

b. Executed purchase, sale agreements for the real property at issue in this case;

c. Executed purchase and sale agreements for initial construction of the property at issue in this case;

d. Fully executed agreements between the buyer and seller of the subject property purporting to retain a right to pursue the claims at issue in this case;

e. HUD-1 Settlement Statements;

f. Executed mortgage loan agreements for the property at issue in this case;

g. Lender-issued mortgage statements for the property at issue in this case;

h. Written correspondence from lenders consenting to or rejecting requests for mortgage forbearance;

i. Filed, fully executed state and federal income tax returns;

j. Statements issued by FDIC-insured banking institution in the regular course of business;

k. Retail receipts, invoices, or cancelled checks for sale or rental of goods relevant to damages alleged in this case;

l. Bills issued by utility, cable and power providers;

m. Government-issued certificates of occupancy;

n. Issued and authorized Title insurance policies and certificates;

o. Fully executed Attorney-client engagement letters and/or retainer agreements;

p. Where the claim involves a foreclosure of the property at issue in this case, lender issued promissory notes, executed mortgage agreements, lender-issued notices of default, filed or served foreclosure complaints (and exhibits or

attachments thereto), filed foreclosure pleadings, fully executed modification agreements, lender-issued notice of lis pendens, lender-issued written correspondence to claimant regarding delinquency, default or foreclosure related to the property at issue in this case;

q. Where the claim involves a short sale of the property at issue in this case, executed short sale purchase contract, lender or bank generated sales addendum, HUD (Estimated Closing Statement), executed listing agreements or short sale addenda, lender generated approval documents, bills of sale, executed compliance agreements and non-coercion statements, final buyers gap affidavit, tax proration documents, lender-issued written correspondence to claimant regarding delinquency, default or foreclosure related to the property at issue in this case;

r. Court orders and court- or clerk-endorsed pleadings;

s. Issued and effective Homeowners' insurance policies;

t. Fully executed rental agreements/leases for the property at issue in this case or relevant to damages for alternative living expenses alleged in this case;

u. Statements or bills issued by homeowner associations and condominium associations for maintenance or dues;

v. Government-issued property appraisals and property tax notices;

w. Floor plans of the property at issue in this case provided by the builder or developer at the time of construction;

x. Printouts of Multiple Listing Service ("MLS") postings for the property at issue in this case, provided that the website/url source information is included on the

      face of the original document;

y. Company-issued invoices for moving services;

z. Company-issued invoices for storage services; and

aa. Company-issued invoices for service or repair of air conditioning, HVAC, appliances or fixtures in the property at issue in this case.

The Parties further stipulate, subject to all limitations and reservations of rights set forth in the opening paragraphs to this stipulation, that the discovery documents properly falling within the additional categories enumerated below shall be treated as authentic under Federal Rules of Evidence 901 and/or 902 and that records custodians will not need to be called as witnesses at trial or other proceeding to adjudicate Plaintiffs' claims for the purposes of establishing authenticity for these specific categories of documents.  For avoidance of confusion, the Parties specifically reserve their objections regarding any purported application of Federal Rule of Evidence 803 (6) status to documents within the following categories.

bb. Fully executed contracts and scopes of work with contractors or subcontractors for the property at issue in this case;

cc. Invoices and receipts for work performed by contractors and subcontractors on the property at issue in this case;

      dd. Written correspondence made by or on behalf of a claimant and sent to any lender related to a mortgage, loan, delinquency, default, short sale, or foreclosure related to the property at issue in this case.

It is so stipulated.

Stipulated and agreed to by the parties:

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman & Katz, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

/s/ Harry Rosenberg
Harry Rosenberg (Bar No. 11465)
**Phelps Dunbar LLP**
365 Canal St., Suite 2000
New Orleans, LA  70130
PH:  (504) 566-1311
FAX:  (504) 568-9130
**Liaison Counsel for the Taishan, BNBM, and CNBM Entities**

/s/ Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

mike.kenny@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

*/s/L. Christopher Vejnoska*
L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
T: 415-773-5700
Email: cvejnoska@orrick.com

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
T: 212-506-5000
Email: jstengel@orrick.com
xiangwang@orrick.com
*Counsel for CNBM/BNBM Entities*

The above Joint Stipulation Regarding Authentication and Hearsay as to Certain Categories of Documents for Select Cases is entered and made an Order of the Court.

New Orleans, Louisiana, this 11th day of February, 2019.

_____
Eldon E. Fallon
United States District Court Judge