IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | |
| *Mitchell Co. Inc. v. Knauf Gips KG, et al.*, 09-cv-4115 | SECTION L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| | Oral Argument Requested |

**REPLY IN SUPPORT OF BUILDER PLAINTIFFS' RENEWED MOTION FOR CLASS
CERTIFICATION AGAINST TAISHAN GYPSUM CO., LTD.**

1691842.3

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 1

    I.     This is not a personal injury or mass tort case ....................................................... 1

    II.    Class certification is appropriate............................................................................ 3

           A.     The class of builders likely number more than a hundred. ....................... 3

           B.     Commonality is met because this class action would resolve
critical elements of the builders' claims in one stroke............................... 4

           C.     Mitchell's claims are typical of the class................................................... 5

           D.     Mitchell is an adequate class representative. ............................................ 6

           E.     Common issues predominate. .................................................................... 7

           F.     A class action is superior. .......................................................................... 9

    III.   Beazer is an appropriate class representative......................................................... 9

## TABLE OF AUTHORITIES

**Page**

### CASES

*Bell v. AT&T Corp.*,
  339 F.3d 294 (5th Cir. 2003) ............................................................................................... 8

*Bertulli v. Ind. Ass'n of Cont'l Pilots*,
  242 F.3d 290 (5th Cir. 2001) ............................................................................................... 8

*Brown v. Electrolux Home Prods., Inc.*,
  817 F.3d 1225 (11th Cir. 2016) ........................................................................................... 3

*Castano v. Am. Tobacco Co.*,
  84 F.3d 734 (5th Cir. 1996) ................................................................................................. 2

*Corley v. Orangefield Ind. Sch. Dist.*,
  152 F. App'x 350 (2005) ..................................................................................................... 9

*Gene & Gene LLC v. BioPay LLC*,
  541 F.3d 318 (5th Cir. 2008) ............................................................................................... 9

*In re Deepwater Horizon*,
  739 F.3d 790 (5th Cir. 2014) ............................................................................................... 3

*In re HSBC Bank, USA, N.A. Debit Card Overdraft Fee Litig.*,
  1 F. Supp. 3d 34 (E.D.N.Y. 2014) ....................................................................................... 7

*In re Katrina Canal Breaches Consol. Litig.*,
  258 F.R.D. 128 (E.D. La. 2009) ........................................................................................... 2

*In re Monumental Life Ins. Co.*,
  365 F.3d 408 (5th Cir. 2004) ............................................................................................... 6

*In re Vioxx Prods. Liab. Litig.*,
  239 F.R.D. 450 (E.D. La. 2006) ........................................................................................... 6

*McManus v. Fleetwood Enters.*,
  320 F.3d 545 (5th Cir. 2003) ............................................................................................... 2

*Mullen v. Treasure Chest Casino, LLC*,
  186 F.3d 620 (5th Cir. 1999) ............................................................................................... 3

*Phillips v. Ford Motor Co.*,
  435 F.3d 785 (7th Cir. 2006) ............................................................................................. 10

*Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*,
  100 F. App'x 296 (5th Cir. 2004) ........................................................................................ 9

*Robichaud v. Speedy PC Software*,
  No. 12-4730, 2013 WL 818503 (N.D. Cal. Mar. 5, 2013) ................................................ 10

*Simms v. Jones*,
  296 F.R.D. 485 (N.D. Ted. 2013) ........................................................................................ 9

*Steering Comm. v. Exxon Mobil Corp.*,
  461 F.3d 598 (5th Cir. 2006) ............................................................................................... 2

1691842.3

## TABLE OF AUTHORITIES
(continued)

Page

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) ............................................................................................... 8

*Unger v. Amedisys Inc.*,
   401 F.3d 316 (5th Cir. 2005) ..................................................................................... 7

### RULES

Fed.R.Civ.P. 1 ................................................................................................................... 1

Fed.R.Civ.P. 15(a) ........................................................................................................... 10

Fed.R.Civ.P. 23(b)(3) ........................................................................................................ 1

Fed.R.Civ.P. 24 ............................................................................................................... 10

### OTHER AUTHORITIES

Newberg on Class Actions (5th ed.) ............................................................................. 3, 8

Br. of Appellants, *Unger v. Amedisys, Inc.*, No. 03-30965, 2004 WL 5872760
   (Mar. 16, 2004) .......................................................................................................... 7

## INTRODUCTION

Taishan's opposition to class certification is remarkable in that it is premised entirely on pretending away everything that has transpired in this MDL for the last ten years. That premise—that the Builder Plaintiffs offer "no evidence at all" in support of class certification Opp. 10—is belied by hundreds of pages of this Court's opinions adjudicating homeowner claims based on extensive factual findings. *See* Docs. 2380 (finding liability and damages for seven homes in default proceedings), 18028 (finding drywall claims merited class certification based on preclusive effect of facts found in default proceedings), 20741 (making class-wide damages findings). The record supporting those findings overruns with evidence of the nature of Taishan's drywall, the remediation it requires, and the nature and scope of damages, all facts relevant to builders' claims. A homeowner claim and a builder claim are two sides of the same inquiry—the only difference is *who* incurred damages as a result of Taishan's toxic drywall.

This Court's prior orders show that the builders' claims can and should be adjudicated on a class-wide basis. None of the specific arguments Taishan raises in opposition alters the conclusion that Rule 23(b)(3) certification is not only proper on this record, but also plainly the best way "to secure the just, speedy, and inexpensive determination" of the Builder claims in these circumstances. Fed. R. Civ. P. 1.

Builder Plaintiffs respectfully request that the Court grant their motion.

## ARGUMENT

### I.   This is not a personal injury or mass tort case

Notwithstanding that class certification is routinely granted in cases alleging undisclosed or latent product defects, Taishan invents a "general rule against class certification in product defect cases." Opp. at 8. This rule would come to a surprise to the many courts that have certified such classes. *See, e.g., McManus v. Fleetwood Enters.*, 320 F.3d 545, 552 (5th Cir.

2003) (affirming certification of breach-of-warranty claims against vehicle manufacturer); Mot. at 7 (citing cases). Indeed, it might well come as a revelation to *this Court* in light of the certification of the parallel homeowner claims. *See* Doc. 18028. Taishan argues that *McManus* is distinguishable because the court stated that the claim product claims were "not rooted in the alleged defect of the product as such." *McManus*, 320 F.3d at 552 (citation omitted). But the court made that statement in the context of explaining why any variation in *manifestation* of the defect had no relevance to a claim based on the inherent defects itself. *Id.* Similarly here, the Court has found that the presence of Taishan's drywall in a home requires "[a] uniform and well-defined scope of work," Doc. 20741 at ¶ 36, without consideration of whether or not the particular homeowner has suffered from corrosion, health issues, or any other manifestation of the defect. *See* Doc. 2380 at 28 ("All Chinese drywall must be removed from the Plaintiff-intervenors' homes.). As the Court found, "[t]he fact that each Taishan property owner suffered the same harm and the same nature of damages puts this case in contrast to cases where each plaintiff suffers a distinctly different *kind* of individualized wrong." Doc. 20741 at ¶ 91. This case is therefore on all fours with the many product defect cases finding common injury presenting common questions with common answers.

Taishan inverts this principle by pretending that a mass tort personal injury case is the same as a product defect case. *See Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 (5th Cir. 2006) ("personal injury, personal discomfort and annoyance, [and] emotional distress"); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996) (smoking-related injuries); *In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. 128, 141 (E.D. La. 2009) (personal injury and wrongful death). This case is not a "mass accident" and does not involve claims for personal

injury. *See* Doc. 20741, at ¶¶ 65-76 (distinguishing asbestos and mass accident cases).[1] Not even the Fifth Circuit itself subscribes to the idea that these cases preclude class certification in product defect cases, *see In re Deepwater Horizon*, 739 F.3d 790, 809-19 (5th Cir. 2014), even where, unlike here, the claims have a personal injury component, *see Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624-29 (5th Cir. 1999).

## II. Class certification is appropriate.

### A. The class of builders likely number more than a hundred.

Taishan contends that the number of builders is insufficient to satisfy the Rule 23(a) numerosity requirement. But the record contains abundant evidence permitting the Court to find that the class is "so numerous that joinder of all members is impracticable." Taishan exported more than 87 million square feet of drywall to the United States, including more than 200,000 sheets to Florida alone. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 875 (E.D. La. 2012). Common sense holds that class of affected builders includes more than the "40 or more members [that] raise[s] a presumption of impracticability of joinder based on numbers alone." 1 Newberg on Class Actions § 3:12 (5th ed.).

In this case, common sense is confirmed by the record. At least 34 builders participated in the Banner Supply settlement and/or the Global Distributor settlement and recovered a portion of their remediation costs. *See* Doc. 20589-1 (Ex. A to Special Master Order). That count is by no means exhaustive, as it captures only the builders in the supply chain of the settling distributors who made a claim for remediation costs under those settlements. At least 4 more builders incurred remediation costs that are not listed on the referenced settlement list. See Ex.

---

[1] Taishan also cites *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225 (11th Cir. 2016), which is at least a product defect case. But that case reversed class certification where the district court applied an incorrect legal standard, failed to conduct a rigorous analysis, and did not address arguments that individual issues predominated. *See id.* at 1233-38.

A (DeMott Decl.). Additionally, at least 55 builders conditionally opted out of the Banner settlement. *See* Doc. 16460-1 (Ex. A to Show Cause Order). The PSC has identified more than 2,500 homes containing Taishan drywall. *See* Doc. 20824, at Ex. E. Filings show that more than 100 builders built 210 of the listed homes. *See Almeroth v. Taishan Gypsum Co. Ltd.*, No. 12-498, Docs. 1-2 & 1-3. Finally, more than 200 builders participated in the settlement of homeowner claims. *See* Doc. 15695-3.

### B. Commonality is met because this class action would resolve critical elements of the builders' claims in one stroke.

Taishan claims that "[n]o [c]ommon [i]ssues [r]emain [t]o [b]e [l]itigated." Opp. at 15. But Taishan does not concede that it is liable to any builder for anything. For absent class member builders, *all* of the critical, common questions remain to be answered.

To start, Taishan ignores that the effect of the *Mitchell* default on absent-builder claims has not yet been determined. Indeed, Taishan argues that the default is ineffective even as to Beazer. Opp. at 6 n.2. In the homeowner cases, the Court found the effect of the default as to the named plaintiffs, Doc. 2380, and then found that those default findings could apply classwide under issue preclusion principles, Doc. 18028 at ¶¶ 58-61. That process resolved all liability issues for the class of homeowners, leaving only damages to determine. *See id.* at ¶ 51 ("Because of the default judgments, liability is conclusively established."). Similarly, here, the Court can certify the class of builders, and then determine the effect of the *Mitchell* default upon class members' claims. *See* Doc. 20741 at ¶ 18 ("The Class Certification FOFCOL essentially adopted the *Germano* ruling regarding liability and causation."), ¶ 57 ("As a result of Defendants' default, the defectiveness and the corrosive effect of Chinese drywall were resolved in favor of Class Members."). That ruling cannot differ as between absent builder class members. It is binary: it either applies to all such claims or none.

But class certification would be appropriate here even if Taishan conceded class-wide liability (which it does not). That is because a class-wide proceeding can resolve critical elements of builders' *entitlement* to damages, specifically the *types* of remediation required by toxic drywall. For example, in the homeowners' case, the Court found that "proper remediation of the danger posed by Chinese drywall must include the removal of *all* drywall, all electrical wiring, [and] the entire HVAC system." Doc. 20741 at ¶ 8. That finding, and the many others the Court made in the class-wide homeowner proceeding, resulted in a "well-established and defined scope of work necessary to fully remediate a Chinese drywall property." *Id.* at ¶ 37. Those findings were available to *every* homeowner, even if homeowners' ultimate damages varied based on their individual circumstances (specifically, square footage of home). *See id.* at ¶ 56 (discussing a claim process after resolution of the common damages issues).

Just the same here. The builders have paid different types of remediation costs. For example, Mitchell paid to replace kitchen appliances and HVAC systems in homes with Taishan drywall. Ex. B (Mitchell Dep. Tr.) at 46, 52-55, 69. The Court can determine, on a class-wide basis, whether those types of remediation expenses are compensable. Mitchell also paid a drywall-related settlement to one homeowner. *Id.* at 91-93. The Court can determine, again on a class-wide basis, whether builders are entitled to reimbursements for settlements paid to homeowners.

C.  **Mitchell's claims are typical of the class.**

Taishan contends that Mitchell is not typical "because Mitchell did no remediations." Opp. at 17. This argument is based on an unjustifiably restrictive definition of "remediation." The class is defined as builders "who incurred *any* expenses associated with" drywall remediation. Mot. at 3. Mitchell paid to replace appliances and HVAC systems and reached a sizeable settlement with a homeowner, all "expenses associated with" drywall remediation. Ex.

- 5 -

B (Mitchell Dep. Tr.) at 46, 52-55, 69, 91-93. Even if the argument that the word "remediation" somehow excludes those types of expenses, then the Court could—and should—simply modify the class definition to solve that problem. *See, e.g., In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("District courts are permitted to limit or modify class definitions to provide the necessary precision.").

Taishan also asserts that Mitchell's Florida-law claims are not typical of absent class members in the other five states at issue. But the common *factual* questions in this litigation— the bases of Taishan's liability and the scope of remediation required—do not vary based on state law. This Court has already found common liability and common damages across the different homeowner states. *See* Docs. 18028, 20740. And the Court recently denied decertification of the homeowner class where defendants contended that the homeowners' common damages "methodology fails to consider variations in state law." Doc. 20740 at 10.[2]

### D. Mitchell is an adequate class representative.

To portray Mitchell as a disinterested putative class representative, Taishan cherry-picks objectionable 'gotcha' questions directed at Mitchell's 30(b)(6) designee.[3] But adequacy does not demand that named plaintiffs be able to recite on command the amount of damages sought

---

[2] Neither of the cases cited by Taishan establishes that Mitchell is atypical despite the common factual core animating its claims and the claims of the class. In *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 460 (E.D. La. 2006), the Court found the class representatives atypical not just due to choice-of-law issues, but because of fundamental "factual variations" in medical drug claims. And in *In re HSBC Bank, USA, N.A. Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014), the court dismissed out-of-state claims to avoid "lengthy and expensive discovery with respect to alleged violations of state laws when the Court cannot be certain that any individual suffered an injury under those laws" and because there were material "discrepancies between the states' laws." Here, the Court has already concluded that variation in state laws do not preclude consolidated proceedings.

[3] Taishan's argument that Mitchell is inadequate because its damages are "unique" is meritless for the same reason that its typicality argument fails. And Taishan's off-hand attack on counsel Steven Nicholas in a footnote (paired with the concession that Taishan is not challenging adequacy of counsel) should be rejected out of hand.

from a defendant, particularly where, as here, those damages are supported by documentation. *See* Ex. B (Mitchell Dep. Tr.) at Exs. 8-10 (expense records). Mitchell has doggedly pursued Taishan for a decade now, including the difficult task of establishing personal jurisdiction. And its corporate representative spent substantial time preparing for his deposition and producing documents. *Id.* at 15-22. Mitchell has established its adequacy.[4]

### E.     Common issues predominate.

As explained above, the premise of Taishan's predominance argument—that there are *no* common issues to decide—is incorrect. Unless Taishan concedes liability and entitlement to damages for all builders, the core liability and damages questions all remain to be determined and can be resolved on a class-wide basis. *See* Docs. 2380, 20741 (undertaking the parallel process for homeowners). The only issues that will remain are builder-specific damages calculations, which for the purposes of the damages predicates found by the Court on a class-wide basis will amount to little more than accounting.

Taishan contends that individual damages issues overwhelm common ones because the Builder Plaintiffs "propose[] no class-wide damages formula." Opp. at 23. But a one-size-fits-all damages formula is not a prerequisite to class certification. For builders (like Mitchell and Beazer) who incurred remediation expenses, the Court can resolve the "prevalent and important," *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016), questions of *entitlement* to damages on a class-wide basis. Once those questions have been answered, all that will be left

---

[4] In contending otherwise, Taishan cites *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). But in that case, the defendant cited evidence that showed, among other things, that the plaintiffs were solicited by counsel, did not even know who their lawyers were, and were not consulted before their lawyers made settlement offers. Br. of Appellants, *Unger v. Amedisys, Inc.*, No. 03-30965, 2004 WL 5872760, at *13-21 (Mar. 16, 2004). No similar facts exist here. And despite all of that, Taishan fails to mention, *Unger affirmed* the district court's determination that the named plaintiffs were adequate. 401 F.3d at 321.

are clerical individual damages calculations of expenses actually incurred, which courts uniformly hold are no barrier to class certification. *See Bertulli v. Ind. Ass'n of Cont'l Pilots*, 242 F.3d 290, 298 (5th Cir. 2001) (affirming class certification where "calculating damages will require some individualized determinations"); 2 Newberg on Class Actions § 4:54 (5th ed.) ("[C]ourts in every circuit have uniformly held that the 23(b)(3) requirement is satisfied despite the need to make individualized damage determinations.").[5]

This case is nothing like *Bell v. AT&T Corp.*, 339 F.3d 294 (5th Cir. 2003), on which Taishan relies. The court there denied class certification because of defects in the single, class-wide damages model. *Id.* at 303-04; *see also* Doc. 20741 at 42-43 ("The circumstances in *Bell Atlantic* in which class members could have been compensated who had not even incurred *any* damages whatsoever are therefore distinguishable from the present case where the proposed class does not contain any individual who did not possess Chinese drywall."). Here, Builder Plaintiffs do not attempt a single, one-size-fits all damages model, but instead aim to establish, on a class-wide basis, which *kinds* of damages are compensable, enabling individual builders to recover with appropriate documentation. *See* Doc. 20740 at 14 ("[D]istrict courts may divide damage hearings into phases, particularly in complex cases where, as here, such a division would serve judicial efficiency by separating common issues from individual ones.").[6]

---

[5] Taishan also contends that "product identification" is an individual issues precluding class certification, but that was no barrier to this Court's homeowner class certification. *See* Doc. 2380. But ability to prove product ID based on drywall markings is a class-wide issue. And drywall did not arrive in the United States one board at a time, but was shipped in significant quantities, making any additional tracing (if required) an issue subject to class-wide proof.

[6] Similarly, the courts in *Corley v. Orangefield Ind. Sch. Dist.*, 152 F. App'x 350, 355 (2005) and *Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 100 F. App'x 296, 297 (5th Cir. 2004), both affirmed the denial of class certification where district courts rejected the plaintiffs' uniform damages models. Taishan's other cases are no more helpful. In *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318 (5th Cir. 2008), the court reversed class certification where the plaintiff failed to show that a critical *liability* element could be established through "generalized

*Footnote continued on next page*

Finally, Taishan argues that predominance cannot be satisfied due to un-specified variations in state law. But, as noted above, the Court has already found that liability and common damages elements can be determined on a class-wide basis regardless of state law variations. *See* Docs. 18028, 20740. In any event, given the large presence of Taishan drywall in Florida, the Court could certify a Florida-only class if necessary.

### F.  A class action is superior.

In this case, a class action is not only the *superior* mechanism but also the *only* mechanism for adjudicating builder claims. It is unlikely, given its past conduct, that Taishan will accept service in individual builder cases. And this Court need not be reminded of the massive time spent and costs incurred in establishing personal jurisdiction over Taishan. *See, e.g.*, Doc. 20740 at 18 ("Each one of these battles has resulted in extensive costs—costs which most Plaintiffs cannot, and should not bear."). And even assuming service perfected and jurisdiction established, proof of liability and entitlement to damages is complex and expensive, as demonstrated by this Court's extensive hearings and rulings. *See* Docs. 2380, 20741. As in the homeowner cases, "[o]ne need only review the factual and procedural history of this litigation to reveal the superiority of the class action proceeding in this case." Doc. 20740 at 18.

## III.  Beazer is an appropriate class representative.

Proposed class representative Beazer is a member of the proposed class and asserts the same claims as absent class members because the evidence shows that Beazer "used drywall manufactured by Taishan" and "incurred [] expenses associated with" resulting remediation.

---

*Footnote continued from previous page*
proof." *Id.* at 329. And in *Simms v. Jones*, 296 F.R.D. 485 (N.D. Ted. 2013), the court found that the individual "damage calculations [were] the most intense and complex inquiries." *Id.* at 503. Here, the "most intense and complex inquiries" pertain to the common liability and damages-predicate issues to be resolved in class-wide proceedings.

Mot. at 3-4 (class definition); *see also* Ex. C (Beazer Dep. Tr.) at 22-25, 45-46, 68-70, 74-89, 94-121 & Exs. 3, 14, & 15 (detailing millions of dollars of remediation-related expenses). Taishan contends that Beazer is nevertheless an inappropriate representative because of a technicality: the lack of an intervention motion or amended complaint. But courts have well-recognized discretion to add, drop, or substitute class representatives at any time. *See, e.g.*, *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional ('routine') feature of class action litigation."). Although courts often couch substitution in terms of leave to amend under Rule 15(a) or leave to intervene under Rule 24, no such amendment or intervention is required. *See, e.g.*, *Robichaud v. Speedy PC Software*, No. 12-4730, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013) (granting substitution even if "if substituting [the new representative] under Rule 15(a) was procedurally improper").

Taishan contends that "Beazer's absence from the caption is no mere technicality" because Beazer is not a party to the Mitchell preliminary default. Opp. at 6 n.2. But what the default establishes as to absent class members is among the critical questions to be determined on a class-wide basis. *See* Doc. 18028 at ¶ 59 (giving factual findings made in individual default proceedings class-wide preclusive effect). That Beazer is a non-party to the default places it in the same position as absent class members, rendering it if anything *more* adequate.[7]

---

[7] Should the Court conclude class certification is appropriate but for the technical step of adding Beazer by amendment or by intervention, movants stand ready to take appropriate action.

DATED: February 11, 2019       *s/ Steven L. Nicholas*

        STEVEN L. NICHOLAS
        Cunningham Bounds, LLC
        1601 Dauphin Street
        Mobile, Alabama  36604
        251-471-6191
        251-479-1031 (fax)

        ELIZABETH J. CABRASER
        SARAH R. LONDON
        Lieff, Cabraser, Heimann & Bernstein, LLP
        Embarcadero Center West
        275 Battery Street, 29th Floor
        San Francisco, California  94111-3339
        415-956-1000
        415-956-008 (fax)

        JONATHAN D. SELBIN
        Lieff, Cabraser, Heimann & Bernstein, LLP
        250 Hudson Street, 8th Floor
        New York, New York  10013
        212-355-9500
        212-355-9592 (fax)

        ANDREW R. KAUFMAN
        Lieff, Cabraser, Heimann & Bernstein, LLP
        222 Second Avenue South, Suite 1640
        Nashville, TN 37201
        615-313-9000
        615-313-9965 (fax)

        *Attorneys for Builder Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel Kerry Miller by e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the eleventh day of February, 2019.

<em>s/ Steven L. Nicholas</em><br>
Steven L. Nicholas

1691842.3