# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 <br><br> SECTION L <br> JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | MAG. JUDGE WILKINSON |
| THE MITCHELL COMPANY, INC., individually and on behalf of others similarly situated | Case No. 09-cv-4115 |
| Plaintiff, | |
| vs. | |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | |
| Defendants. | |

### MEMORANDUM IN SUPPORT OF TAISHAN'S MOTION TO STRIKE DECLARATION OF DR. ROBERT DEMOTT

Taishan showed in its class certification Opposition (Rec. Doc. 22080) that Mitchell failed to meet its affirmative burden of establishing with evidence that *all* the requirements of Rule 23 have been satisfied. *See Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). So Mitchell tried to fix one of its many fatal problems (no numerosity) by improperly submitting new evidence with a reply brief. *See* Declaration of Dr. Robert DeMott (Rec. Doc. 22100-1). But that is not how motion practice works. Reply briefs are an opportunity for the moving party to make rebuttal arguments—*not* to unfairly bolster its case-in-chief on the original motion. The Court should not allow Mitchell's unfair, untimely and ultimately unsuccessful attempt to change the record—just

as the Court recently prevented Defendants from relying on a new declaration submitted on reply. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2018 U.S. Dist. LEXIS 205523, at *20 (E.D. La. Dec. 5, 2018) ("*In re CDW*"). As it did in December, the Court should strike the new Declaration and the filing party's untimely related arguments.

That outcome is required by Fifth Circuit practice: "It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008). Following that practice, this Court granted the PSC's Motion to Strike just a few months ago when Defendants submitted a declaration for the first time in their reply brief. *See In re CDW*, 2018 U.S. Dist. LEXIS 205523, at *25-26. The Court ruled that Defendants could have included the declaration in their initial motion to dismiss and that it did not rebut any new arguments raised by the PSC in its opposition. *Id.* at *20.

That approach is consistent with the approach of other federal courts. "As a general rule, a party may not submit evidence with a reply that was available but not included with the original motion." *Reid v. Lockheed Martin Aero. Co.*, 205 F.R.D. 655, 678 n.30 (N.D. Ga. 2001). Courts routinely reject new evidence submitted in reply briefs in the class certification context. *See, e.g.*, *In re Conagra Foods, Inc.*, 302 F.R.D. 537, 577 n.133 (C.D. Cal. 2014) (refusing to consider new declaration submitted for the first time in reply brief on class certification motion); *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 698 n.19 (S.D. Fla. 2014) (same). Mitchell offers this declaration as "a last-ditch effort to satisfy [its] burden" to prove numerosity, and the Court should not allow it. *See Bryant v. Mortg. Capital Res. Corp.*, 2002 U.S. Dist. LEXIS 28749, at *34-37 n.18 (N.D. Ga. May 31, 2002) (disregarding affidavit testimony that could have been presented in initial motion for class certification).

Mitchell has always had the burden to meet Rule 23 with evidence, and has had almost ten years to gather the evidence required to do so. Yet it waited until Taishan pointed out a fatal deficiency to generate and submit a new declaration on numerosity. That declaration actually doesn't establish numerosity because it identifies at most 10 additional absent class members, still well short. Numerosity is not a new argument; Rule 23 has always required Mitchell to prove it, and it raised numerosity arguments in previous motions for class certification. *See* Rec. Docs. 738-1 at 5-6; 4566-1 at 5-6; 20857-1 at 7-8. Also, Mitchell gave no indication that the evidence contained in the DeMott Declaration was unavailable until now. It is simply trying to rehabilitate its failed motion. Mitchell forfeited its opportunity to present that evidence by failing to include it in its Renewed Motion for Class Certification, and it would be unfair to include it for the first time on reply.

For these reasons, and in keeping with this Court's practice, Taishan respectfully requests that the Court grant this Motion to Strike and exclude all statements in Mitchell's Reply that refer to and/or rely on the DeMott Declaration.

Respectfully submitted this 18th day of February 2019.

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777

bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 18th day of February, 2019.

    /s Michael P. Kenny
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*