UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *ALL CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY AND CERTIFICATION OF FINAL JUDGMENT ON ALL FEE ALLOCATION RULINGS PURSUANT TO RULE 54(B)**

On February 5, 2019, the Court issued a Judgment awarding common benefit fees to those firms that performed common benefit work in this MDL, thereby, finalizing the multi-step process for the allocation of attorneys' fees and costs in the Knauf portion of the *Chinese-Manufactured Drywall Products Liability* multidistrict litigation. R. Doc. 22092. Because the Court has now ruled-upon all issues related to attorneys' fees and costs for the Knauf portion of the litigation, Parker Waichman respectfully requests entry and certification of a final judgment, upon a finding of no just reason for delay, on all fee issues, specifically the Judgment awarding common benefit fees (R. Doc. 22092) and the Order and Reasons Setting Common Benefit Fees (R. Doc. 21168) (collectively, the "Attorneys' Fees Rulings").

**I. PROCEDURAL HISTORY**

To settle their portion of this MDL, Knauf and other settling defendants (collectively, "Kanuf") agreed to pay costs and attorneys' fees in the amount of $233,078,270.33 (the "Fee Fund"), $197,803,738.17 of which was attributable to fees and the remainder used for costs. *See* R. Doc. 21322. The Fee Fund was meant to compensate both contract counsel and common benefit counsel. Importantly, Knauf's contribution to the payment of fees and costs relieved claimants

1

(other than those in Virginia) of their obligations to pay these sums; thereby, allowing claimants to be made whole with no reduction for attorneys' fees or costs.

The Court established a multi-step process to aid in the distribution of the Fee Fund.  *See* R. Doc. 21168; PTO 28.  To summarize, Step One involved the reporting and review of common benefit time and expenses.  PTO 28.  Step Two required common benefit counsel to submit an initial affidavit for the compensation of common benefit time and reimbursement of expenses.  *Id.*  Step Three directed the Fee Committee and Plaintiffs' Steering Committee ("PSC") to coordinate and file a joint petition for an award of common benefit fees.  *Id.*  Step Four required the PSC to file a request for common benefit assessments for Chinese Drywall cases or claims not participating in the Knauf-related settlements.  In Step Five, the Court "determine[d] the total amount of the common benefit fund and the amount of funds for individual counsel for claimants."  *Id.* at 8.  Step Six, the final step, outlined the process for allocating common benefit fees among those firms who performed common benefit work.  *Id.*

After Steps One through Four were complete, on January 31, 2018, this Court concluded Step Five with its Order and Reasons Setting Common Benefit Fees (the "Fee Allocation Order").  R. Doc. 21168.  The Fee Allocation Order divided fees between common benefit and contractually retained counsel in the Knauf portion of this litigation, awarding common benefit counsel 52% of the available fees and contract counsel the remaining 48%.

On February 28, 2018 several contract counsel sought certification of the Fee Allocation Order for interlocutory appeal under 28 U.S.C. § 1292(b) or, alternatively, designation of the allocation order as final pursuant to Rule 54(b).  R. Doc. 21216.  This motion was denied largely because "the Court's January 31, 2018 common benefit fees order [was] not ripe for appeal:  it

2

only represent[ed] one step in a two-part process to determine attorneys' fees" R. Doc. 21322 at 14. The Court further explained:

> In this case, immediate appeal of the common benefit fees order to the Fifth Circuit will cause unnecessary delay. The instant opinion is only the first step in the process; the next opinion will determine the amount of fees each attorney is to receive. This MDL has been ongoing for too long – over nine years. During this time, neither common benefit counsel nor individually retained counsel has been compensated for their significant effort and advocacy on behalf of their clients. Permitting an appeal on a non-final judgment now – and perhaps another appeal with the final judgment setting the amount of fee for each attorney – would create unnecessary piecemeal appeals, whereby certain attorneys could persistently seek the Fifth Circuit's intervention. By denying Movants' request for a § 1292(b) appeal, the Court is not forbidding their right to appeal; instead the appropriate time to seek appellate review is when there is a final judgment. At this juncture, the Court will not permit unnecessary delays.

R. Doc. 21322 at 12.

Thereafter, the Court proceeded with Step Six of the fee allocation process. On February 4, 2018, the Court issued its Order and Reasons Allocating Common Benefit Fees in the Knauf Aspect of This Litigation and subsequently issued a Judgment awarding common benefit fees to those firms that performed common benefit work and/or contributed costs for the common benefit of the claimants. The following day, the Court rendered Judgment ordering that common benefit fees be awarded pursuant to its February 4 order and reasons. R. Doc. 22092.

## II.  DISCUSSION

The multi-step process for the allocation of attorneys' fees is complete. The Court has issued the Fee Allocation Order dividing the fees between common benefit and contract counsel

3

(R. Doc. 21168) and has rendered a Judgment awarding common benefit fees (R. Doc. 22092).[1] No outstanding fee issues pertaining to the Knauf settlements remain; thus, the Court, "upon finding of no just reason for delay" should "direct entry of a final judgment" with regard to the Attorneys' Fees Rulings pursuant to Federal Rule of Civil Procedure 54(b).

Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." R. Doc. 21322 at 13. Whether "there is no just reason for delay" is a determination that is within the sound discretion of the district court. *Id.*, quoting *Ackerman v. FDIC*, 974 F.2d 1221, 1224 (5th Cir. 1992). The reason for this justification is to avoid piecemeal appeal. *Id.*, quoting *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). As this Court has recognized, "A major factor the district court should consider is whether the appellate court 'would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* at 14, quoting *H&W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988).

The process for allocating the Fee Fund is complete. The Court has adjudicated the primary disputed issues - the allocation between common benefit counsel and individual counsel (Step Five) and the allocation among firms conducting common benefit work (Step Six) – as well as all secondary and related issues raised and preserved during the fee proceedings. For this reason, an

---

[1] Presumably, the Judgment awarding common benefit fees, standing alone, is a final and appealable judgment under 28 U.S.C. § 1291. However, no final judgment has been entered on the Fee Allocation Order, which the Court previously held was an interlocutory ruling (R. Doc. 21322). Out of an abundance of caution and to ensure that all attorneys' fee issues in the Knauf portion of this litigation are appealed together, Parker Waichman, LLP files the instant motion.

4

appeal at this time of the collective fee issues is proper.[2] As the PSC has previously argued, "treating a claim for attorney's fees as a distinct claim for relief under Rule 54(b), an order awarding attorney's fees may be considered final within the meaning of sec. 1291 *only if it disposes finally* of the attorney's fee question." R. doc. 21248-2 at 39 and citations therein.

Multiple courts have recognized the finality of fee awards for purposes of appeal. For example, in *Gates v. Rowland*, 39 F.3d 1439 (9th Cir. 1994), the defendants appealed the Court's award of attorneys' fees and costs for work associated with the ongoing activity of plaintiffs' counsel: monitoring the compliance phase of the lawsuit following the entry of a consent decree. The Court held that the fee award being appealed was not interim because it followed a final judgment on the merits and disposed of the issue of attorneys' fees for a distinct phase (although not all) of the legal work performed in the case. *Id.* It explained, "The facts weigh in favor of review now." *Id.* Like the fee award in *Gates*, the Attorneys' Fees Rulings dispose of the fee issues in the Knauf portion of this MDL and are, therefore, ripe for appeal.

*In re Diet Drugs*, 582 F.3d 524, 537 (3d Cir. 2009) is likewise instructive. The Court held that an order awarding a definitive amount of fees to class counsel was a final, appealable decision . . .." The same result was reached in *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 617 F. App'x 136, 140–41 (3d Cir. 2015) wherein the Court held that a fee assessment, reduced to a definite amount, was a final and appealable order. It explained:

> Here, the fee assessment has been reduced to a definite amount. The
> cases for which [the appellant] serves as counsel have been settled.

---

[2] *See, generally, Curtiss-Wright*, 446 U.S. at 8 (it is proper for a district court "to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.") (note om.).

5

> The District Court ruled which of those cases was subject to an assessment—all of them—and stated how much of each settlement must be contributed to the common benefit fund—seven percent. Accordingly, because [the appellant's] payment obligation has been reduced to a definite amount, we conclude that the District Court's fee assessment is an appealable, final order, and we have jurisdiction under 28 U.S.C. § 1291.

*Id.*

The Attorneys' Fees Rulings, like the fee award in *In re Diet Drugs* and the fee assessment in *In re Avandia*, are final, appealable decisions. They reduce the award to common benefit and contract counsel to definite amounts: $99,762,099.56 to common benefit counsel and $94,607,042.17 to individually retained counsel. R. Doc. 21168. They further reduce the award to each firm that performed common benefit work to a definite amount. R. Doc. 22092. No issues remain regarding the allocation of fees from the Fee Fund. Accordingly, the Attorneys' Fees Rulings, upon finding that there is no just reason for delay, should be entered as a final judgment under 28 U.S.C. § 1291, warranting certification pursuant to Rule 54(b).

### III. CONCLUSION

For the reasons set forth above, Parker Waichman, LLP respectfully requests this Court, upon finding of no just reason for delay, to direct entry of a final judgment pursuant to Rule 54(b) on the Order and Reasons Setting Common Benefit Fees (R. Doc. 21168) and the Judgment awarding common benefit fees (R. Doc. 22092).

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH LLC**

By: ___/s/ *Jimmy R. Faircloth, Jr.*___
    Jimmy R. Faircloth, Jr. (LA #20645)
    jfaircloth@fairclothlaw.com
    Brook L. Villa (LA #31988)
    bvilla@fairclothlaw.com

        Franklin "Drew" Hoffmann (LA #35824)
        dhoffmann@fairclothlaw.com
        9026 Jefferson Highway
        Building 2, Suite 200
        Baton Rouge, LA 70809
        Phone: (225) 343-9535
        Fax: (225) 343-9538

    *Attorneys for Parker Waichman LLP*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of February, 2019.

        */s/ Jimmy R. Faircloth, Jr.*
        OF COUNSEL