**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION TO LIFT PTO 32 FOR SETTLEMENT OF INDIVIDUAL CLAIMS ON REMAND WITH VOLUNTARY HOLDBACK FOR FUTURE FEE ALLOCATION**

COMES NOW Parker Waichman LLP; Milstein, Jackson, Fairchild & Wade LLP; Whitfield, Bryson & Mason LLP; and Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss P.A. (collectively, "Movers"), who move the Court as follows:

1. Movers represent the clients identified on Exhibit "A" ("Participating Plaintiffs") in the following lawsuits involving Chinese drywall installed on premises located in Florida, to wit: *Amorin v. Taishan Gypsum Co., Ltd.*, Case No. 11-cv-22408 (SDFL), *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (EDLA) in the U.S. District Court for the Eastern District of Louisiana, *Amorin v. Taishan Gypsum Co., Ltd.*, Case No. 11-cv-377 (EDVA), and *Amorin v. Taishan Gypsum Co., Ltd.*, Case No. 11-cv-1395 (EDLA) (collectively, the "Florida *Amorin* Claims").

2. On May 15, 2018, in connection with remand of the Florida *Amorin* Claims, the Court issued Pretrial Order No. 32 ("PTO 32") establishing a three-day notification requirement on future settlements and prohibiting the distribution of related funds pending further order of this Court. In addition, PTO 32 provides that "[a]ny distribution of funds resulting from cases that have been remanded will be pursuant to a subsequent order of the Court in accordance with

applicable principles of law governing fee awards and consideration of the adequacy of the total recovery for plaintiff(s)".

3. After nearly a year of intensive and time consuming negotiations, Movers and Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan") have entered a Settlement Agreement and Release, effective March 6, 2019 ("Settlement Agreement," Exhibit "B" under seal) that provides each and every Participating Plaintiff an *individual* offer of settlement based on a formula that carefully balances the strengths and weaknesses of each case on the merits and the shared benefits and risks of continuing litigation, as more fully explained in the accompanying memorandum in support of this Motion.

4. The Settlement Agreement offers payments in three tranches, the first of which may occur as early as April 26, 2019, for claimants who meet the first tranche acceptance deadline of March 27, 2019.

5. The aggregate value of the Settlement will depend on the number of Participating Plaintiffs who accept the Settlement Agreement and the value of their respective claims under the settlement rubric established therein. *There is no participation quota*. If all Participating Plaintiffs accept the terms of the Settlement Agreement, the total gross recovery by Participating Plaintiffs for damages caused by defective Chinese drywall will be $25,194,407.48.

6. In addition, the Settlement Agreement provides for payment on behalf of each Participating Plaintiff a sum equal to ten percent (10%) of each plaintiff's recovery towards payment of attorneys' fees; thus, effectively reducing each plaintiff's contingency fee obligation against their recovery.

7. Although not required by PTO 32, *Movers will voluntarily escrow the entire attorneys' fee contribution as a holdback for allocation in future common benefit fee proceedings*. If all Participating Plaintiffs accept the terms of the Settlement Agreement, the total holdback will be $2,519,440.75, which is nine percent (9%) of the total benefit conferred (Participating Plaintiff recovery plus 10% fee contribution).

8. The Settlement Agreement was accomplished without participation by the PSC or any attorney acting at its direction or on its behalf. Likewise, the PSC will have no involvement in the administration of the settlement for those Participating Plaintiffs who accept the offer.

9. The voluntary holdback proposed herein is consistent with the Court's rulings in the Knauf portion of the fee proceeding – awarding 9% of the total benefit conferred - and clearly adequate under the circumstances to secure an equitable common benefit award in this instance, where the contribution of common benefit counsel is far less. Whereas common benefit counsel was solely responsible for negotiating and perfecting the Knauf settlement, common benefit counsel did not participate in this settlement. Moreover, a substantial amount of common benefit counsel's time in pursuit of Taishan was included (over objection) and thus compensated in the Knauf fee proceeding. To be clear, Movers agree to the proposed holdback as *security for* a common benefit award not *as* a common benefit award.

10. Finally, upon the granting of remand by the JPML this Court was divested of authority to review the "adequacy" of these settlements for any purpose. Moreover, PTO 32's instruction regarding the "adequacy of the total recovery for plaintiff(s)" has no application to these individual settlements. *See In re Shell Oil Refinery*, 152 F.R.D. 526, 536 (E.D. La. 1989) ("The court's concern in reviewing an individual settlement is not to see that the settlement is fair, but that the offer 'provided data sufficient to enable each [claimant] to make an informed

choice to settle or proceed'"); *Duhaime v. John Hancock Mut. Life Ins. Co.,* 183 F.3d 1, 4 (1st Cir. 1999); *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Intern., Inc.*, 455 F.2d 770, 773 (2d Cir. 1972); *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1140 (7th Cir. 1979).

11. Permitting these individual settlements to proceed under the terms of the Settlement Agreement and subject to the voluntary holdback proposed herein will accomplish the Court's stated intentions in PTO 32, to promote an equitable allocation of funds as between clients and attorneys. Under this settlement paradigm, clients will be promptly compensated based on a formula that applies to their individual circumstances and will further benefit from Taishan directly paying a portion of their fee obligation, while the attorneys are assured a fair allocation of fees without testing the limits of the Court's fee jurisdiction over remanded claims or doing harm to rights under private fee agreements governing individual settlements.

WHEREFORE, Parker Waichman LLP; Milstein, Jackson, Fairchild & Wade LLP; Whitfield, Bryson & Mason LLP; and Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss P.A. respectfully request an Order lifting PTO 32 for settlement of individual claims on remand with voluntary holdback for future fee allocation.

Respectfully submitted:

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:   /s/ *Jimmy R. Faircloth, Jr.*
　　Jimmy R. Faircloth, Jr. (Objectors' Co-Liaison Counsel) (LA #20645)
　　jfaircloth@fairclothlaw.com
　　Brook L. Villa (LA #31988)
　　bvilla@fairclothlaw.com
　　Franklin "Drew" Hoffmann (LA #35824)
　　dhoffmann@fairclothlaw.com
　　9026 Jefferson Highway

**MILSTEIN, JACKSON, FAIRCHILD & WADE, LLP**

By:   /s/ *Mark Milstein*
　　Mark Milstein
　　mmilstein@mjfwlaw.com
　　10250 Constellation Blvd., 14th Floor
　　Los Angeles, CA 90067
　　Phone: (310) 396-9600
　　Fax: (310) 396-9635

Building 2, Suite 200
Baton Rouge, LA 70809
Phone: (225) 343-9535
Fax: (225) 343-9538

*Attorneys for Parker Waichman LLP*

| **WHITFIELD BRYSON & MASON, LLP** | **MRACHEK, FITZGERALD, ROSE, KONOPKA, THOMAS & WEISS, P.A** |
|---|---|
| By:   /s/ *Gary Mason*            | By:   /s/ *Gregory S. Weiss* |
| Gary Mason | Gregory S. Weiss (FL #163430) |
| gmason@wbmllp.com | gweiss@mrachek-law.com |
| 900 West Morgan Street | 505 S. Flagler Drive, Suite 600 |
| Raleigh, NC 27603 | West Palm Beach, FL 33401 |
| Phone: (919) 600-5002 | Phone: (561) 655-2250 |
| Fax: (919) 600-5035 | Fax: (561) 655-5537 |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *Motion to Lift PTO 32 for Settlement of Individual Claims in Remand With Voluntary Holdback for Future Fee Allocation* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 7th day of March, 2019.

*/s/ Jimmy R. Faircloth, Jr.*
OF COUNSEL