UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

IN RE: CHINESE-MANUFACTURED DRYWALL      MDL No. 2047
PRODUCTS LIABILITY LITIGATION                        SECTION: L

_____

                                                                     Judge Fallon
THIS DOCUMENT RELATES TO:                      Mag. Judge Wilkinson

THE MITCHELL COMPANY, INC. v. KNAUF
GIPS, KG; et al.
Case No. 09-cv-4115
_____

**THE MITCHELL COMPANY, INC.'S RESPONSE TO TAISHAN'S
MOTION TO STRIKE DECLARATION OF DR. ROBERT DEMOTT**

Defendant Taishan Gypsum Co. Ltd. ("Taishan") challenged the existence of numerosity in its Opposition [Doc. 22080] to Plaintiff's renewed motion for class certification [Doc. 20857]. In its reply [Doc. 22100] The Mitchell Company Inc. ("Mitchell") relied on the extensive evidence in the record identifying the extensive number of potential class members. For further support, Mitchell included the declaration from Dr. Robert DeMott, which established the number of builders the company then known as Environ worked with to remediate affected properties following the Court's remediation protocol [Doc 22100-1]. Taishan moves to strike Dr. Demott's declaration as untimely.

Taishan's motion to strike the DeMott declaration relies on the false premise that the evidentiary record relating to certifying a builder class was closed when Mitchell filed its motion for class certification. The Fifth Circuit Court of Appeals has made it clear that decisions on class certification should not be made prior to an evidentiary hearing. *Sheppard v. Beaird-*

-1-

*Poulan, Inc.*, 817 F.2d 87, 89 (5th Cir. 1980)*; Merrill v. Southern Methodist University*, 806 F. 2d 600, 608 (5th Cir. 1986) (the district court should ordinarily conduct an evidentiary hearing on the question of class certification).

Because the evidentiary record concerning the elements of Rule 23 was not closed when Mitchell filed its renewed motion for class certification, Dr. DeMott's declaration was not filed untimely. Taishan is not prejudiced by the inclusion of the declaration with the reply memorandum, as it is free to challenge the factual assertions set out in the declaration at the hearing on the motion for class certification. So long as the opposing party is given an opportunity to respond, the court may consider new reasons and evidence presented in a reply brief. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004); see also *In re DirecTech Southwest, Inc.*, 209 WL 10663104, *5 (E.D. La. Nov. 19, 2009). In this case the hearing on the renewed motion for class certification affords Taishan with the opportunity to introduce evidence is deems relevant to the certification issues, and to challenge Dr. Demott's factual assertions.

The fact that an evidentiary hearing is to be conducted distinguishes the Court's December 2018 order, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2018 U.S. Dist. Lexis 20523 (E.D. La. Dec. 5, 2018). The motion in that situation was a motion to dismiss, and the defendants filed an expert declaration on Chinese law that introduced new arguments in the reply brief. The court struck the declaration, specifically noting the new arguments referenced n the declaration were not in response to nay argument made by the PSC in its opposition. The court further noted that there is no absolute rule prohibiting consideration of new matters in a reply brief. "A party may, however, attach declarations to a reply brief to respond to arguments raised for the first time in an opposition brief." *Id.* at *5, quoting *KeyBank Nat'l Ass'n v Perkins Rowe Assocs., LLC*, No. 09-497, 2010 WL 1945715, at *1-2 (M.D. La. May 12, 2010). In this

case Taishan challenged evidence of numerosity the first time when it filed its opposition. Mitchell was not obligated to divine which elements of Rule 23 Taishan would challenge. Dr. Demott's declaration does not introduce a new argument in the reply, it merely provides further evidentiary support for the arguments made in the motion for certification.

For the foregoing reasons the motion to strike is due to be denied.

.

Respectfully submitted,

*/s/ Steven L. Nicholas*

_____
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191
251-479-1031 (fax)

ELIZABETH J. CABRASER
SARAH R. LONDON
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
415-956-1000
415-956-008 (fax)

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
212-355-9500
212-355-9592 (fax)

ANDREW R. KAUFMAN
Lieff, Cabraser, Heimann & Bernstein, LLP
222 Second Avenue South, Suite 1640
Nashville, TN 37201
615-313-9000
615-313-9965 (fax)

*Attorneys for Builder Plaintiffs*

## CERTIFICATE OF SERVICE

     I do hereby certify that the above and foregoing Plaintiffs' First Discovery to Defendant Knauf Gips, KG Regarding Personal Jurisdiction has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this the  11th  day of March, 2019.

*/s/ Steven L. Nicholas*
STEVEN L. NICHOLAS