UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Chinese Manufactured Drywall Products Liability Litigation** | MDL 09-md-2047 |
| | SECTION "L" |
| *This Document Relates to:* *All Cases* | JUDGE ELDON E. FALLON |
| | MAGISTRATE JOHN C. WILKINSON, JR. |

**MOTION AND INCORPORATED MEMORADUM IN SUPPORT
TO ENFORCE SETTLEMENT AGREEMENT ASSIGNMENT RIGHTS**

**NOW INTO COURT**, through undersigned counsel, come the Knauf Defendants[1], who respectfully move this Court for an Order enforcing the Knauf Class Settlement Agreement Release and Assignment of Claims between the Knauf Defendants and certain individual Taishan Claimants listed as part of the Taishan Settlement Agreement filed under seal with this Court on March 7, 2019. In support, the Knauf Defendants represent as follows:

I.

On June 15, 2009, the Judicial Panel on Multi-District Litigation ("JPML") transferred all federal civil actions alleging damages from Chinese Drywall to the United States District Court for the Eastern District of Louisiana for coordinated and consolidated pretrial proceedings in MDL 2047 pursuant to 28 U.S.C. § 1407. In re Chinese Manufactured Drywall Prod. Liab. Litig., 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

II.

On December 20, 2011, after extensive discovery and several bellwether trials, and seeking to avoid the effort, expense, and risk of continued litigation, the Knauf Defendants and the PSC entered into a Settlement Agreement regarding claims against the Knauf Defendants in MDL 2047 (R. Doc. 12061-5).

III.

After approving several amended versions of the Settlement Agreement, on November 1, 2013, this Court issued an Order granting approval to the fourth and final Knauf Class Settlement Agreement (the "Knauf Class Settlement Agreement") (R. Doc. 17220).

IV.

Pursuant to the Knauf Class Settlement Agreement, eligible claimants were permitted to seek benefits through multiple options: Option 1 (Knauf/Moss Remediation), Option 2 (Claimant Self-Remediation), and Option 3 (Cash Settlement). In addition, Claimants that already self-remediated their properties were able to seek benefits pursuant to an Already Remediated Properties Protocol.

V.

For each option, if a Claimant to the Knauf Class Settlement Agreement received settlement benefits, the Claimant executed a release of the Knauf Defendants and an assignment of claims.

VI.

For example, if Claimants were eligible for Option 1 benefits, Claimants were able to obtain a full remediation of their properties from the Court-Appointed Contractor (Moss), which was paid for by the Knauf Defendants, even if the property also contained Taishan or other Non-

KPT Chinese drywall. In exchange for these settlement benefits, each Option 1 Claimant executed a Release and Assignment of Claims that assigned, transferred, and relinquished to the Knauf Defendants any and all claims Claimants had or may have in connection with any Non-KPT Chinese drywall against the manufacturers of the Non-KPT Chinese Drywall. See Exhibit A (Example Property Owner Release and Assignment or Rights). The same is true for Option 2 and Option 3 claimants as well as certain Claimants that received settlement benefits as an Already Remediated Property.

## VII.

On March 7, 2019, certain individual claimants on remand and the Taishan defendants filed a Notice of Settlement Agreement (R. Doc. 22125) (the "Taishan Settlement Agreement") and filed the agreement under seal (R. Doc. 22127). Furthermore, the Plaintiffs filed a motion to lift PTO 32 for the individual claimants on remand that are included in the Taishan Settlement Agreement (R. Doc. 22126).

## VIII.

In reviewing the list of individual claims that are part of the Taishan Settlement Agreement, the Knauf Defendants have preliminary identified over 130 properties that were compensated and/or remediated as part of the Knauf Class Settlement Agreement. For each claim, the individual claimant would have executed a release and assignment of rights to the Knauf Defendants. The Knauf Defendants are in the process of confirming the exact subset of Taishan Settlement Agreement properties that are also Knauf Class Settlement Agreement properties and will be obtaining the individual releases and assignments for each property. Once confirmed, the Knauf Defendants will supplement this filing with the list of individual claims and the individual releases and assignments. In sum, the Knauf Defendants are the proper claimants and recipients of any and

all settlement benefits for those properties contained in the Taishan Settlement Agreement for which Knauf possesses releases and assignments.

IX.

This Motion is properly before this Court because this Court has continuing and exclusive jurisdiction to construe, administer, and enforce the Knauf Class Settlement Agreement and the executed releases and assignments.

**WHEREFORE**, pursuant to this Court's continuing and exclusive jurisdiction over the Knauf Class Settlement Agreement, the Knauf Defendants respectfully request an order enforcing the Knauf Defendants' rights and assignments to any and all Taishan Settlement Agreement benefits allocated to the individual Taishan claimants that executed a Release and Assignment of Rights with the Knauf Defendants pursuant to the Knauf Class Settlement Agreement.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Kerry J. Miller*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone:      (504) 556-5549
Facsimile:       (504) 301-0275
Email:   kmiller@fishmanhaygood.com
Email:   pthibodeaux@fishmanhaygood.com
Email:   ddysart@fishmanhaygood.com

*Counsel for the Knauf Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Express in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 11th day of March, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**