Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this <u>21</u> day of <u>January</u>, 201<u>4</u> is entered into by [name(s) of property owners]

<u>LeRoy and Sylvia Bontrager</u>                    (hereinafter "Claimant") (Social Security Number(s)

_____, owner of the property located at <u>1660</u>      Renaissance Commons Boulevard,
<u>Sylvia</u>

Unit <u>2111</u>, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] <u>06/07/2011</u>.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Leroy Bontrager                    Claimant

_____
5602
                                   Claimant SS #


STATE OF _____FL_____, COUNTY OF _____Palm Beach_____

I certify that on ___Jan. 21___, 2014, Leroy Bontrager personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: 7-21-15

DAXA HASNANI
Notary Public, State of Florida
Commission# EE 114625
My comm. expires July 21, 2015

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Sylvia O Bontrager_
Sylvia Bontrager                    Claimant

_5051_
Claimant SS #

STATE OF _FL_, COUNTY OF _Palm Beach_

    I certify that on _21 Jan_, 201_4_, _Sylvia Bontrager_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_David Ulin_
Notary Public

_Daxa Hasnani_
[Printed Name of Notary]

My Commission Expires: _July 21 2015_

**DAXA HASNANI**
Notary Public, State of Florida
Commission# EE 114625
My comm. expires July 21, 2015

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 1st day of November, 2013 is entered into by [name(s) of property owners] RMM Investments, LLC (hereinafter "Claimant") (Social Security Number(s) 6163), owner of the property located at 1660 Renaissance Commons Boulevard, Unit 2112, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 03/06/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

Page 3 of 10

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Page 8 of 10

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

RMM Investments, LLC                   Claimant

6163
                                        Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___November 1___, 2013, ___David Izac___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

> PETER BRUCE WEINTRAUB
> Notary Public - State of Florida
> My Comm. Expires Oct 12, 2017
> Commission # FF 030321
> Bonded Through National Notary Assn.

Notary Public

[Printed Name of Notary]

My Commission Expires: _____

Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __21__ day of __January__, 201_4_ is entered into by [name(s) of property owners] __Murphy Madigan__ (hereinafter "Claimant") (Social Security Number(s) __3449__, owner of the property located at __1660__ Renaissance Commons Boulevard, Unit __2119__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.    Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.    This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Murphy Madigan                    Claimant

_____
3449
Claimant SS #

STATE OF _FLORIDA_ , COUNTY OF _PALM BEACH_

   I certify that on _JANUARY 21_ , 2014 , _M. MADIGAN_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_TERRY W. BRAUN_
[Printed Name of Notary]

My Commission Expires: _1/23/15_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_(signature)_
Murphy Madigan _____ Claimant

3449
Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _Palm BEACH_

I certify that on _JANUARY 21_, 2014, _M. MADIGAN_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_
Notary Public

_TERRY W. BRAUN_
[Printed Name of Notary]

My Commission Expires: _1-23-15_

_(seal:)_
TERRY W. BRAUN
COMMISSION
NUMBER
EE 056956
EXPIRES
Jan. 23, 2015
Notary Public, State of Florida

_(signature)_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _19th_ day of

_November_, 201**3** is entered into by [name(s) of property owners]

_____Robert Miller_____ (hereinafter "Claimant") (Social Security Number(s)

_____ _1853_), owner of the property located at _1660_ Renaissance Commons Boulevard,

Unit _2205_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _10/29/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Robert M. Miller_____
Robert Miller                            Claimant

_____1853_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

I certify that on _19 November_, 201**3**, _R. Miller_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Kimberly Probin_____
Notary Public

_Kimberly Probin_____
[Printed Name of Notary]

My Commission Expires: _2-14-15_

_Dan Bryson_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____
_____
Claimant

_____1853_____
Claimant SS #


STATE OF _____, COUNTY OF _____

     I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____




_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 16 day of

January , 20 19 is entered into by [name(s) of property owners]

_____Carlos Gomez_____ (hereinafter "Claimant") (Social Security Number(s)

_____), owner of the property located at __1660__ Renaissance Commons Boulevard,

Unit _2210_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __07/27/2012__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed

in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement

Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement

in connection with the performance of their obligations, including, but not limited

to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement

to front the Banner and Precision contributions so that remediation may begin on a timely

basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf

Defendants any and all of Claimant's claims and/or causes of action Claimant has, or

may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf

Defendants shall be permitted to prosecute such assigned claims at their own expense, in

which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the

Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy

and Environmental Certificate as that term is defined in the Knauf Class Settlement

Agreement, (ii) "Substantial Completion" as that term is defined in the Work

Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or

liens, or such other sufficient evidence, demonstrating that any actual or potential liens

filed in relation to the remediation of the Property have been either released or bonded off

such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Carlos Gomez                    Claimant

_____
Claimant SS #

STATE OF __Florida__, COUNTY OF __Orange__

    I certify that on __January 17__, 2014, __Carlos Gomez__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Alba Lucia Vidal
[Printed Name of Notary]

My Commission Expires: __03 | 15 | 2015__

ALBALUCIA VIDAL
MY COMMISSION # EE 073194
EXPIRES: March 13, 2015
Bonded Thru Notary Public Underwriters

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

_Carlos Gomez._

_____
Claimant

_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Orange_

    I certify that on _January 17_ , 2014, _Carlos Gomez_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Albalucia Vidal_
[Printed Name of Notary]

My Commission Expires: _03/15/2015_

```
ALBALUCIA VIDAL
MY COMMISSION # EE 073194
EXPIRES: March 13, 2015
Bonded Thru Notary Public Underwriters
```

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __5__ day of __Nov_____, 201_3_ is entered into by [name(s) of property owners] _____Nancy Meinholz_____ (hereinafter "Claimant") (Social Security Number(s) _____4797__ owner of the property located at __1660__ Renaissance Commons Boulevard, Unit _2211_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __02/28/2007____.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____
Nancy Meinholz                        Claimant

_____
4199
Claimant SS #

STATE OF ___Florida___, COUNTY OF __Palm Beach__

    I certify that on _November 4th_, 2013, _Nancy Meinholz_ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

REX DENDINGER III
Notary Public - State of Florida
My Comm. Expires Jun 2, 2017
Commission # FF 023202

_____
Notary Public

_Rex Dendinger_
[Printed Name of Notary]

My Commission Expires: _6-2-2017_

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Claimant_

-4799

_Claimant SS #_

STATE OF Florida, COUNTY OF Palm Beach

    I certify that on November 4th, 2013, Nancy Meinholz personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

Rex Dendinger
[Printed Name of Notary]

REX DENDINGER III
Notary Public - State of Florida
My Comm. Expires Jun 2, 2017
Commission # FF 023202

My Commission Expires: 6-2-17

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 12 day of March, 2014 is entered into by [name(s) of property owners] Louis Pompeo (hereinafter "Claimant") (Social Security Number(s) 4078 owner of the property located at 1660 Renaissance Commons Boulevard, Unit 2305 Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 2|13.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Claimant

4078
_____
Claimant SS #

STATE OF Florida , COUNTY OF Palm Beach

I certify that on MArch 12 , 2014, Louis Pomped personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his act and deed.

LYNDSAY CLAIRE MONFORT
MY COMMISSION # EE101009
EXPIRES June 07, 2015
(407) 398-0153      FloridaNotaryService.com

Notary Public

Lyndsay Claire Monfort
[Printed Name of Notary]

My Commission Expires: 6/7/2015

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_____

<u>Claimant</u>

4078
**Claimant SS #**

STATE OF Florida , COUNTY OF Palm Beach

    I certify that on March 12 , 2014, Louis Pompeo personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

> LYNDSAY CLAIRE MONFORT
> MY COMMISSION # EE101009
> EXPIRES June 07, 2015
> FloridaNotaryService.com

Notary Public

Lyndsay Claire Monfort
[Printed Name of Notary]

My Commission Expires: 6 7 2015

Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _31st_ day of _October_ , 201_3_ is entered into by [name(s) of property owners] _George Luntz and Adrienne Luntz_ (hereinafter "Claimant") (Social Security Number(s) _1954_ _3238_), owner of the property located at _1660_ Renaissance Commons Boulevard, Unit _2501_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _02/07/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____   George Luntz        Claimant

1954

_____   Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

    I certify that on ___10/31___, 2013, _George Luntz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____   Notary Public

_Linda Bickley_
[Printed Name of Notary]

My Commission Expires: _5/21/2015_

LINDA BICKLEY
MY COMMISSION # EE 089709
EXPIRES: May 21, 2015
Bonded Thru Budget Notary Services

_____   Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_



_____
Adrienne Luntz                    Claimant

3838
_____
                                  Claimant SS #

STATE OF Florida , COUNTY OF Palm Beach

 I certify that on  10|31  , 2013, Adrienne Luntz personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

Linda Bickley
Notary Public

Linda Bickley
[Printed Name of Notary]

My Commission Expires: 5/21/15

LINDA BICKLEY
MY COMMISSION # EE 089709
EXPIRES: May 21, 2015
Bonded Thru Budget Notary Services

Dan Bryson
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _3 1_ day of _OCTOBER_, 201_3_ is entered into by [name(s) of property owners] _Louis Cammarata and Michelle Cammarata_ (hereinafter "Claimant") (Social Security Number(s) _4908_ _3543_), owner of the property located at _1660_ Renaissance Commons Boulevard, Unit _2503_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _02/21/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Louis Cammarata_
Louis Cammarata                    Claimant

4908
Claimant SS #

STATE OF _New Jersey_, COUNTY OF _ESSEX_

I certify that on _October 31_, 201_3_, _Lois Cammarate_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

_Tatjana Alvarez_
[Printed Name of Notary]                    TATJANA P. ALVAREZ
                                            NOTARY PUBLIC OF NEW JERSEY
My Commission Expires: _My Commission Expires February 18, 201_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Michelle Cammarata                    Claimant

3545
_____
                                      Claimant SS #


STATE OF _New Jersey_, COUNTY OF _Essex_____

        I certify that on ___October 31___, 2013, _Michelle Cammarata_ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

_____
Notary Public

_Tatjana Alvarez_
[Printed Name of Notary]

My Commission Expires: TATJANA P. ALVAREZ
                        NOTARY PUBLIC OF NEW JERSEY
                        My Commission Expires February 18, 2014


_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_


Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **28th** day of **October**, 201**3** is entered into by [name(s) of property owners] **Lynne Alexander** (hereinafter "Claimant") (Social Security Number(s) **188**, owner of the property located at **1660** Renaissance Commons Boulevard, Unit **2505**, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] **06/22/2007** .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____
Lynne Alexander                         Claimant

_____
                                              Claimant SS #

STATE OF ____New York____, COUNTY OF ____New York____

    I certify that on ____October 28____, 2013, Lynne Alexander personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

ISABEL L. DUERI
Notary Public, State of New York
Qualified in New York County
No. 01DU6238545
My Commission Expires 04-04-20

My Commission Expires: __04|04|2015__

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __14__ day of

_____ March _____ , 201_4_ is entered into by [name(s) of property owners]

_____ Pekka Koivisto _____ (hereinafter "Claimant") (Social Security Number(s)

PASSPORT NR.:
_____ 0187 _____ ), owner of the property located at __1660__ Renaissance Commons Boulevard,

Unit _2527_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __10/07/2011__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.      Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.      Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

Pekka Koivisto                                    Claimant

PASSPORT NUMBER:          0187

_____
                                                  Claimant SS #

STATE OF <u>Finland</u>, COUNTY OF <u>Lappeenranta</u>

    I certify that on <u>14 March</u>, 201<u>4</u>, <u>Pekka Koivisto</u> personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



_____
Notary Public

Helena Tiainen
_____
[Printed Name of Notary]

My Commission Expires: <u>permanent</u>

_____
Counsel    Daniel K. Bryson

Law Firm: <u>Whitfield Bryson & Mason LLP</u>

_____
**Claimant**

PASSPORT NUMBER:      0187
**Claimant SS #**

STATE OF ___Finland___, COUNTY OF ___Lappeenranta___

    I certify that on __14 March__, 201_4_, Pekka Koivisto personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Helena Tiainen
_____
[Printed Name of Notary]

My Commission Expires:  permanent

_____
Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

12 Lisämerkinnät·Tilläggsuppgifter
Amendments·Indications supplémentaires

0187



PASSI·PASS
PASSPORT·PASSEPORT

SUOMI : FINLAND : FINLAND : FINLANDE

P

FIN

0187

Koivisto

Pekka Ilari

Suomi Finland Finland Finlande

07.06.1970

M

Kuopio

26.03.2014

−141Y

26.03.2019

POLIISI/KAAKKOIS-SUOMI
POLISEN/SYDÖSTRA FINLAND

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _14_ day of _November_, 201_3_ is entered into by [name(s) of property owners] ___Linda Barratt, PA___ (hereinafter "Claimant") (Social Security Number(s) /E/N/ _3578_ owner of the property located at _1660_ Renaissance Commons Boulevard, Unit _2603_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _02/27/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

Linda Barratt, PA                                          Claimant

3878

Claimant SS # /EIN

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

I certify that on _November 14_, 201_3_, _LINDA BARRATT_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

LINDA L DEZIC
MY COMMISSION # EE167104
EXPIRES March 19 2016
(407) 398-0153   FloridaNotaryService.com

Notary Public

_LINDA L. DEZIC_
[Printed Name of Notary]

My Commission Expires: _3-19-16_

Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____

Linda Barratt, PA                    Claimant

3878

_____

Claimant SS # /EIN

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

    I certify that on _November 14_, 201_3_, _LINDA BARRATT_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



**LINDA L DEZIC**
MY COMMISSION # EE167104
EXPIRES March 19 2016
(407) 398-0153   FloridaNotaryService.com

_____
Notary Public

_LINDA L. DEZIC_
[Printed Name of Notary]

My Commission Expires: _3-19-16_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1101_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

_____8506_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) _____8506____), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1102_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1.  Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2.  Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3.  Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 1st day of November , 201<u>3</u> is entered into by [name(s) of property owners] <u>RMM Investments, LLC</u> (hereinafter "Claimant") (Social Security Number(s) <u>3936</u>), owner of the property located at <u>1690</u> Renaissance Commons Boulevard, Unit <u>1103</u>, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] <u>05/01/2007</u>.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

Page 3 of 10

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Claimant

3936
_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _November 1_____, 201_3_, _David Gac_____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

PETER BRUCE WEINTRAUB
Notary Public - State of Florida
My Comm. Expires Oct 12, 2017
Commission # FF 030321
Bonded Through National Notary Assn.

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of
___October___, 201_3_ is entered into by [name(s) of property owners]
___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)
___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard,
Unit __1104__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese
Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and
responsibilities, including any and all representatives, agents, successors, assigns,
beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of
them is also bound.  This Release is made for the benefit of Claimant and the Settling
Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property,
Claimant authorizes and instructs Claimant's counsel to deliver to the Settling
Defendants a Notice of Dismissal with prejudice of such action, which shall be "so
ordered" by the Court where such action is pending, as against the Settling Defendants
and to the extent it relates to the Chinese Drywall in the Property in accordance with the
provisions herein and the terms of the RCR and Coastal Settlement Agreements.
Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any
additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or
promises other than as contained in writing in this Release.  In executing this Release
Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and
information of which they are independently aware, and assumes the risk that there may
prove to be facts or information different from or in addition to what they now know or
believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind
on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on _____October 17_____, 201 3 , _James Comparato_personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1105__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061366
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __5th__ day of

_____Novcmbce_____, 201__3__ is entered into by [name(s) of property owners]

__Stephen Schour and Susan Mitchell__ (hereinafter "Claimant") (Social Security Number(s)

_____7755__, owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1106__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __04/27/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____  Claimant
Stephen Schour

_____4417_____
Claimant SS #

STATE OF _FLORIDA_____, COUNTY OF _PALM BEACH_____

I certify that on _November 5th____, 2013, _Stephen Schour_____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_TRACEY L. GOLDENBERG_____
[Printed Name of Notary]

My Commission Expires: _July 9, 2016_

TRACEY L. GOLDENBERG
MY COMMISSION # EE 215207
EXPIRES: July 9, 2016
Bonded Thru Notary Public Underwriters

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_(signature)_
Susan Mitchell                                    Claimant

_(handwritten: 7754)_
                                                  Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _November 5th_ , 201 3, _Susan Mitchell_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_
Notary Public

_(handwritten: Tracey L Goldenberg)_
[Printed Name of Notary]

My Commission Expires: _July 9, 2016_

_(stamp:)_
TRACEY L. GOLDENBERG
MY COMMISSION # EE 215207
EXPIRES: July 9, 2016
Bonded Thru Notary Public Underwriters

_(signature)_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _**27**_ day of

_**Oct.**_____, 201_**3**_ is entered into by [name(s) of property owners]

___Howard Krause___ _Naomi Krause_(hereinafter "Claimant") (Social Security Number(s)

_**8593**_), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1109_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/23/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Howard Krause_  Howard Krause                    _Claimant_  Claimant

_8693_  Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _November 13th_, 201_3_, _Howard P. Krause_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

NATALIE SANTIAGO
Notary Public - State of Florida
My Comm. Expires Nov 29, 2017
Commission # FF 51662
Bonded Through National Notary Assn.

_Notary Public_  Notary Public

_Natalie Santiago_  [Printed Name of Notary]

My Commission Expires: _Nov 29 2017_

_Dan Bryson_  Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_Howard Krause_
Claimant

_8993_
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

     I certify that on _November 13th_, 201_3_, _Howard P. Krause_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

NATALIE SANTIAGO
Notary Public - State of Florida
My Comm. Expires Nov 29, 2017
Commission # FF 51662
Bonded Through National Notary Assn.

Notary Public

_Natalie Santiago_
[Printed Name of Notary]

My Commission Expires: _Nov 29 2017_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

RCR Holdings II, LLC _____ (hereinafter "Claimant") (Social Security Number(s)

____8506____), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1110_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] 03/13/2007.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

3506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , ___James Comparato___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October_____, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC_____ (hereinafter "Claimant") (Social Security Number(s)

_____8506____ ), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1112__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10.  Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201 3 is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1123__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _29th_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Manisha Haywood_ (hereinafter "Claimant") (Social Security Number(s) _0339_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1127_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _10/16/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____     _____
Manisha Haywood               Claimant

                             ____0339_____
                             Claimant SS #


STATE OF _Colorado_, COUNTY OF _Denver_____

I certify that on _October 29_, 201_3_, _MANISHA HAYWOOD_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Barbara E. Esau_____
[Printed Name of Notary]

My Commission Expires: _7/16/16_

BARBARA E ESAU
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES  7/16/16

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____

_____ Claimant

O339
_____
Claimant SS #


STATE OF _Colorado_ , COUNTY OF _Denver_ _____

    I certify that on _October 29_ , 201_3_ , _MANISHA TIWIG_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Barbara E Esau_
Notary Public

_Barbara E Esau_
[Printed Name of Notary]

My Commission Expires: _7/16/16_

BARBARA E ESAU
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 7/16/16


_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _8th_ day of _November_, 201_3_ is entered into by [name(s) of property owners] _Daniell Lee Maness_ (hereinafter "Claimant") (Social Security Number(s) _2025_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1128_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _06/06/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Daniell Lee Maness_
Daniell Lee Maness                    Claimant

_2020_
                                      Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

I certify that on _November 8_ , 2013, _Danielle Maness_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

SHIRLEY J. DIXON
MY COMMISSION # EE 000463
EXPIRES: July 20, 2014
Bonded Thru Budget Notary Services

_Notary Public_

_Shirley J. Dixon_
[Printed Name of Notary]

My Commission Expires: _7|20|14_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Daniell Lee Manen_
Claimant

_2023._
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _November 8,_ , 201_3_, _Danielle Manes_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

SHIRLEY J. DIXON
MY COMMISSION # EE 000453
EXPIRES: July 20, 2014
Bonded Thru Budget Notary Services

Notary Public

_Shirley J. Dixon_
[Printed Name of Notary]

My Commission Expires: _7/20/14_

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201 3 is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___ ), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1129_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

  I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201 3 is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1201__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

    I certify that on _____October 17____ , 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October__, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s)

__8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1204__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _6th_ day of

_December_, 2013 is entered into by [name(s) of property owners]

_____Leneva Kropf_____ (hereinafter "Claimant") (Social Security Number(s)

_____1494_____), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1205_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __12/27/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Case 2:09-md-02047-EEF-MBN   Document 22154-5   Filed 03/15/19   Page 267 of 973

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Leneva Kropf_ _____
Leneva Kropf                           Claimant

_1494_ _____
                                          Claimant SS #


STATE OF _MICHIGAN_ , COUNTY OF ____WAYNE____

    I certify that on _NOVEMBER 18_ , 201_3 LENEVA KROPF_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_JAMES E. CONRAD_
[Printed Name of Notary]

My Commission Expires: _9-4-16_

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Genova J Kroff_
Claimant

_1494_
Claimant SS #

STATE OF _MICHIGAN_, COUNTY OF _WAYNE_

    I certify that on _December 6_, 201_3_, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_JAMES E. CONRAD_
[Printed Name of Notary]

My Commission Expires: _9-4-16_

_____
Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _29th_ day of _December_, 201_3_ is entered into by [name(s) of property owners] _Vincent Ercolino_ (hereinafter "Claimant") (Social Security Number(s) _040_9, owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1206_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/18/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Vincent Ercolino                    Claimant

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on December 24, 2013, Vincent Ercolino personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

DEBRA L. D'ELIA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE043179
Expires 11/18/2014

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel     Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Vincent A Ercolino_
Claimant

_0407_
Claimant SS #

STATE OF _Florida_ _Palm Beach_ COUNTY OF _Florida_

I certify that on _December 24_ 20_13_ _Vincent Ercolino_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Debra D'Elia_
[Printed Name of Notary]

My Commission Expires: _____

DEBRA L. D'ELIA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE043179
Expires 11/18/2014

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201 3 is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___ ), owner of the property located at ___1690___ Renaissance Commons Boulevard,

Unit ___1207___, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] ___03/13/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8806

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1208_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ___Palm Beach___

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _20th_ day of _March_, 201_4_ is entered into by [name(s) of property owners] ___Robert Selame___ (hereinafter "Claimant") (Social Security Number(s) _1443_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1209_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _09/09/2013_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant
Robert Selame

_____
1443
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___March 20th___, 2014, ___Robert Selame___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

NATALIA BRUGAL
[Printed Name of Notary]

My Commission Expires: 3/16/15

NATALIA PANTA De BRUGAL
Notary Public, State of Florida
Commission# EE 74935
My comm. expires Mar. 16, 2015

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____
Robert Selame                    Claimant

_____
_1443_
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

    I certify that on _March 20th_, 2014, _Robert Selame_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_NATALIA BRUGAL_
[Printed Name of Notary]

My Commission Expires: _3/16/15_



NATALIA PANTA De BRUGAL
Notary Public, State of Florida
Commission# EE 74935
My comm. expires Mar. 16, 2015

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) ____8506____), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1210__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _21ST_ day of _OCTOBer_ , 201_3_ is entered into by [name(s) of property owners] _Joel Pereca_ (hereinafter "Claimant") (Social Security Number(s) _8186_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1211_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/03/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____  
Joel Pereca                                    **Claimant**

_____  
                                    *8186*  
                                    **Claimant SS #**

STATE OF ___New York___ , COUNTY OF ___Suffolk___

    I certify that on ___October 25th___ , 201_3_, ___Joel Pereca___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____  
Notary Public

_____  
[Printed Name of Notary]  
Bryan Roselle

My Commission Expires: ___5/7/2016___

```
RYAN ROSELLE
Notary Public - State of New York
NO. 01RO6261349
Qualified in Suffolk County
My Commission Expires   5/7/2016
```

_____  
Counsel      Daniel K. Bryson

Law Firm: ___Whitfield Bryson & Mason LLp___

_Joel Pereca_                      **Claimant**

Joel Pereca

_8186_
                                   **Claimant SS #**

STATE OF _New York_ , COUNTY OF _Suffolk_

    I certify that on _October, 25th_ , 201_3_ _Joel Pereca_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Ryan Roselle_
Notary Public

_Ryan Roselle_
[Printed Name of Notary]

My Commission Expires: _5/7/2016_

> RYAN ROSELLE
> Notary Public - State of New York
> NO. 01RO6261349
> Qualified in Suffolk County
> My Commission Expires 5/7/2016

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _12th_ day of _November_, 201_3_ is entered into by [name(s) of property owners] _1536_ Martin Riback _____ (hereinafter "Claimant") (Social Security Number(s) _____ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1212_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/11/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Martin Riback            Claimant

_____
1536
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___November 12th___, 201_3_, _Martin Riback_personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Jennifer Langenstein
[Printed Name of Notary]

My Commission Expires: ___6/2/13___

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Martin Riback_ 
Claimant

_1576_ 
Claimant SS #

STATE OF _Florida_ _November 12th_, COUNTY OF _Palm Beach_.

    I certify that on _November 12th_, 2013, _Martin Riback_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Jennifer Langenstein_ 
Notary Public

_Jennifer Langenstein_ 
[Printed Name of Notary]

My Commission Expires: _6-2-15_

_Dan Bryson_ 
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1214__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.    Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.    This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061366
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _6TH_ day of _JANUARY_, 201_4_ is entered into by [name(s) of property owners] _Federal National Mortgage Association_ (hereinafter "Claimant") (Social Security Number(s) _3107 (TIN)_ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1215_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _09-22-2011_

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

*JOHN LISZKA*
Federal National Mortgage Association   Claimant

3107 (TIN)

Claimant SS #

STATE OF *TEXAS*, COUNTY OF *DALLAS*

   I certify that on *JANUARY 6TH*, 2014, *JOHN LISZKA* personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

*Belinda L. Mason*
Notary Public

*BELINDA L. MASON*
[Printed Name of Notary]

Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

My Commission Expires: *01-07-15*

Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

JOHN LISZKA
Federal National Mortgage Association **Claimant**

3107 (TIN)
_____
**Claimant SS #**

STATE OF _TEXAS_____, COUNTY OF _DALLAS_____

I certify that on _JANUARY 6TH_____, 201_4_, _JOHN LISZKA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Belinda L. Mason
Notary Public

_BELINDA L. MASON_____
[Printed Name of Notary]

My Commission Expires: _01-07-15_

Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

Dan Bryson
**Counsel** Daniel K. Bryson

**Law Firm:** Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 23ʳᵈ day of October , 2013 is entered into by [name(s) of property owners] Timothy Irvin and Karen Irvin (hereinafter "Claimant") (Social Security Number(s) 5442 9824 ), owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1216 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 04/26/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

<div align="center">Page 6 of 10</div>

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Timothy Irvin                    Claimant

_____  5442_____
                         Claimant SS #

STATE OF _Virginia_, COUNTY OF _Loudoun_

I certify that on _October 23_, 2018, _Timothy Irvin_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

RONDI LEA BENAC
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
Expires July 31, 2017
ID #: 7543466

_____
Notary Public

_Rondi Benac_
[Printed Name of Notary]

My Commission Expires: _July 31, 2017_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_(signature)_                                                    
Karen Irvin                                  Claimant

9824                          
Claimant SS #

STATE OF Virginia , COUNTY OF Loudoun

    I certify that on October 23, 2013 Timothy Irvin + Karen Irvin personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_
Notary Public

Rondi BENAC
[Printed Name of Notary]

**RONDI LEA BENAC**
**NOTARY PUBLIC**
**COMMONWEALTH OF VIRGINIA**
Expires July 31, 2017
ID #: 7543408

My Commission Expires: July 31, 2017

_(signature)_
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _21_ day of
_OCTOBER_, 201_3_ is entered into by [name(s) of property owners]
_Patrick Conlin_ (hereinafter "Claimant") (Social Security Number(s)
_2539_), owner of the property located at _1690_ Renaissance Commons Boulevard,
Unit _1218_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _04/16/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Patrick Conlin                              Claimant

_____  _2539_____
                                 Claimant SS #

STATE OF _New York_____ , COUNTY OF _Suffolk_____

I certify that on _Oct 22_____ , 201 3, P. Conlin___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Eileen Burns_____
[Printed Name of Notary]

My Commission Expires: _1/31/14_

EILEEN BURNS
Notary Public, State of New York
No. 52-4749500
Qualified in Suffolk County
Commission Expires 1/31/14

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____
Claimant

2539
Claimant SS #

STATE OF _New York_ , COUNTY OF _Suffolk_

    I certify that on _Oct 22, 2013_ , _the_ _P. Conlin_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

**EILEEN BURNS**
**Notary Public, State of New York**
**No. 52-4749500**
**Qualified in Suffolk County**
Commission Expires _1/31/14_

_Eileen Burns_
_____
Notary Public

_Eileen Burns_
_____
[Printed Name of Notary]

My Commission Expires: _1/31/14_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _21_ day of _January_, 201_4_ is entered into by [name(s) of property owners] _Frances Verderame_ (hereinafter "Claimant") (Social Security Number(s) _7672_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1219_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/16/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.    Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.    This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

Frances Verderame Claimant

7672
Claimant SS #

STATE OF Florida, COUNTY OF Palm Beach

I certify that on January 21, 2014, Frances Verderame personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

KENIA A. OLIVEIRA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF024602
Expires 6/5/2017
FLORIDA NOTARY ASSOCIATION · SINCE 1978

Notary Public

KENIA A. OLIVEIRA
[Printed Name of Notary]

My Commission Expires: 6/5/2017

Counsel Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

_Francis Verderame_ (signature)

Francis Verderame     **Claimant**

1672

Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

    I certify that on _JANUARY 21_, 2014, _Frances Verderame_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_

Notary Public

KENIA A. OLIVEIRA

[Printed Name of Notary]

My Commission Expires: _6/5/2017_

KENIA A. OLIVEIRA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF024802
Expires 6/5/2017
FLORIDA NOTARY ASSOCIATION · SINCE 1916

_(signature)_

**Counsel**   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of _____October_____, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1220__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____ (Claimant)

8506
_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 4 day of _November_, 201 3 is entered into by [name(s) of property owners] _Letitia Hahn_ (hereinafter "Claimant") (Social Security Number(s) _ppel_ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1221_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _06/28/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1.  Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2.  Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3.  Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Letitia Hahn                          Claimant

_____
                                            Claimant SS #

STATE OF _____, COUNTY OF _____

    I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Letitia Hahn_
_____
Claimant

_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Broward_____

    I certify that on _11/4_____, 201_3_, _Letitia Hahn_____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

DUY NGUYEN
MY COMMISSION # FF 020922
EXPIRES: September 23, 2017
Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _9/23/2017_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] _RCR Holdings II, LLC_ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit _1222_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

200838506
_____
                                    Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___200838506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit ___1222___, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] ___03/13/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.



_____ Claimant

8506

_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___4___ day of _____March_____, 201_4_ is entered into by [name(s) of property owners] _____Lesley Lewis_____ (hereinafter "Claimant") (Social Security Number(s) ____2653____), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1223_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _07/20/2009_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Lesley Lewis_
Lesley Lewis                                              Claimant

_2653_
Claimant SS #

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

    I certify that on ___March 4___ , 2014, ___Lesley Lewis___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Meg P Gallo_
Notary Public

_Meg P Gallo_
[Printed Name of Notary]

My Commission Expires:

MEG P GALLO
COMMISSION # EE015425
EXPIRES August 09, 2014
(407) 398-0153    FloridaNotaryService.com

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Lesley Lewis_
_____
Claimant

_2653_
_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _March 4_ , 2014, _Lesley Lewis_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Meg P Gallo_
_____
Notary Public

_Meg P Gallo_
_____
[Printed Name of Notary]

My Commission Expires

MEG P GALLO
MY COMMISSION # EE015425
EXPIRES August 09, 2014
(407) 398-0153        FloridaNotaryService.com

_Dan Bryson_
_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **30th** day of **October**, 201**3** is entered into by [name(s) of property owners] _____Marta DeNavea_____ (hereinafter "Claimant") (Social Security Number(s) _____9881 owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1224_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __04/26/2007__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

Marta DeNavea Claimant

9892
Claimant SS #

STATE OF Florida, COUNTY OF Palm Beach

I certify that on October 30, 2013, Marta DeNavea personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

NOTARY PUBLIC
ALLISON ROSE STEVENS
Notary Public, State of Florida
Commission # FF 47642
My comm. expires April 5, 2015

Notary Public

Allison Stevens
[Printed Name of Notary]

My Commission Expires: April 5, 2015

Counsel Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

MARTA DeNAVEA

_Marta De Nave_ Claimant

9892

Claimant SS #

STATE OF _____, COUNTY OF _____

     I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____

Notary Public

_____

[Printed Name of Notary]

My Commission Expires: _____

_____

Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __12th__ day of __March__ , 201 5 is entered into by [name(s) of property owners] __Minor Pipes/Court Appt. Receiver__ (hereinafter "Claimant") (Social Security Number(s) __Receiver__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1226,__ Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __4/9/07__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Minor Pipes/Court Appointed Claimant
Receiver
See Order #17370
_____
Claimant SS #

STATE OF _Louisiana_ , ~~COUNTY~~ Parish OF _Orleans_

I certify that on _March 12_ , 201_5_, _H. Minor Pipes, III_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Violet B. Hooker_
Notary Public

_Violet B. Hooker, #42076_
[Printed Name of Notary]:

My Commission Expires: _at death_

Daniel K. Bryson
_____
Counsel

Law Firm: _Whitfield Bryson & Mason_ LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __28th__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __Philip Brice__ (hereinafter "Claimant") (Social Security Number(s) _____), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1227_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _11/14/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Philip Brice                    Claimant

5379
_____
Claimant SS #

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

I certify that on ___the 28th Oct.___ , 2013, PHILIP BRICE personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

JOHN HARRIS
Notary Public - State of Florida
My Comm. Expires Jul 22, 2017
Commission # FF 038360

_____
Notary Public

John Harris
_____
[Printed Name of Notary]

My Commission Expires: Jul. 22, 2017

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10



Claimant

·5579

Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

I certify that on _the 28th Oct._____, 201 3 , PHILIP BRICE personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Commission # FF 038380
My Comm. Expires Jul 22, 2017
Notary Public - State of Florida
JOHN HARRIS

Notary Public

John Harris

[Printed Name of Notary]

My Commission Expires: _Jul. 22, 2017_

Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October__, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s)

__8506__), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1229__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___October 17___, 201 3 , __James Comparato__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1305__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1306__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

      WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

      WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #


STATE OF ___Florida_____ , COUNTY OF ___Palm Beach_____

    I certify that on _____October 17____ , 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____


_____
Counsel

Law Firm: _____


Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _4_ day of _March_, 201_14_ is entered into by [name(s) of property owners] _Leslie Kaufman_ (hereinafter "Claimant") (Social Security Number(s) _251_ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1307_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/29/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Leslie Kaufman_
Leslie Kaufman                          Claimant

_2516_
                                        Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _March 4_, 2014, _Leslie Kaufman_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_Megan_
Notary Public

_Megan Dolente_
[Printed Name of Notary]

My Commission Expires: _12/6/14_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Leslie Kaufman_
Claimant

_2516_
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _March 4_____, 2014, _Leslie Kaufman_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Megan Dolent_
[Printed Name of Notary]

My Commission Expires: _12/6/14_

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __06__ day of __february__, 2014 is entered into by [name(s) of property owners] __Hernan Vazquez__ (hereinafter "Claimant") (Social Security Number(s) _____), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1308_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _07/20/2012_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Hernan Vazquez       Claimant

_____
                         Claimant SS #

REPUBLIC OF ARGENTINA)
CITY OF BUENOS AIRES)
EMBASSY OF THE UNITED) SS
STATES OF AMERICA)

STATE OF _____, COUNTY OF _____

     I certify that on _February 6_____, 201 4_, _Hernan Pablo Vazquez Puel_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

ATHENA KWEY
Vice Consul
_____
[Printed Name of Notary]

My Commission Expires: ___INDEFINITELY___

Counsel    Daniel K. Bryson

Law Firm:   Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _05_ day of _MarcH_, 201_4_ is entered into by [name(s) of property owners]

_Marlon Ditianquin_ (hereinafter "Claimant") (Social Security Number(s)

_2599_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1309_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/30/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.     Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.     Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_marlon_  _D. fianguin_
_____
Marlon Ditianquin          Claimant

_25-99_
_____
Claimant SS #

STATE OF _FLORIDA_ , COUNTY OF _PALM BEACH_

I certify that on _MARCH 05_ , 201_4_, _MARLON DITIANGUIN_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

WILLIAM DRAYTON
Notary Public - State of Florida
My Comm. Expires Mar 19, 2016
Commission # EE 176571
Bonded Through National Notary Assn.

_W.... Jay_
_____
Notary Public

_William Drayton_
_____
[Printed Name of Notary]

My Commission Expires: _March 19, 2016_

_Dan Bryson_
_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_MARLON DITIANBUIN_
Claimant

_25-99_
Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

    I certify that on _MARCH 05_, 2014, _MARLON DITIANBUIN_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

WILLIAM DRAYTON
Notary Public - State of Florida
My Comm. Expires Mar 19, 2016
Commission # EE 176571
Bonded Through National Notary Assn.

Notary Public

_William Drayton_
[Printed Name of Notary]

My Commission Expires: _March 19, 2016_

Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _28th_ day of

_October_ , 201_3_ is entered into by [name(s) of property owners]

Alan Kellner and Ilana Kellner _____ (hereinafter "Claimant") (Social Security Number(s)

_0467 5509_ ), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1310_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _05/25/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Page 8 of 10

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Alan Kellner                                  Claimant

_____
5509
                                              Claimant SS #


STATE OF __FL_____, COUNTY OF __Palm Beach_____

     I certify that on _October 28_____, 2013 _Alan Kellner_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP


Page 9 of 10

_____

Ilana Kellner                          Claimant

_____

Claimant SS #

STATE OF ___FL___, COUNTY OF __Palm Beach__

    I certify that on __October 28__, 2013, __Ilana Kellner__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____

Notary Public

_____

[Printed Name of Notary]

My Commission Expires: _____

_____

Counsel   Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

      This CONFIDENTIAL RELEASE ("Release"), dated this _21_ day of _August_, 201_4_ is entered into by [name(s) of property owners] _Sheldon Zitner_ (hereinafter "Claimant") (Social Security Number(s) _8714_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1311_ Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _3/21/2007_ .

      WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

      WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

      WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Sheldon Zitner                    Claimant

8714
_____
                                   Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

   I certify that on _August, 21_, 2014, _Sheldon Zitner_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Hope Alley_
[Printed Name of Notary]

My Commission Expires: _7/10/15_

Notary Public State of Florida
Hope Alley
My Commission EE111210
Expires 07/11/2015

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this $\underline{2\,kr}$ day of

_____<u>October</u>_____, 201<u>3</u> is entered into by [name(s) of property owners]

<u>Frank Bragoli and Carolyn Bragoli</u>_____ (hereinafter "Claimant") (Social Security Number(s)

_____<u>2433</u>_____

_____<u>-5271</u>_____), owner of the property located at _<u>1690</u>__ Renaissance Commons Boulevard,

Unit _<u>1314</u>_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] ___<u>04/27/2007</u>___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____   _____
Frank Bragoli                              Claimant

_____
0433                                        Claimant SS #

STATE OF New York, COUNTY OF Suffle
        I certify that on ___31st October___, 201_3_, Frank Bragoli personally came before me and acknowledged under oath, to my satisfaction, that this person (s) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Ourania Katehis
Notary Public, State of New York
No. 01KA6064172
Qualified in Nassau County
Commission Expires Nov. 7, 20

_____
Notary Public

_____
Ourania Katehis
[Printed Name of Notary]

My Commission Expires: 11-07-13

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

*Carolyn Bragoli*
_____
Carolyn Bragoli                Claimant

5271
_____
Claimant SS #

STATE OF New York, COUNTY OF Suffolk

    I certify that on 31st October, 2018, Carolyn Bragoli personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

*Ourania Katehis*
*Notary Public, State of New York*
*No. 01KA6064172*
*Qualified in Nassau County*
*Commission Expires Nov. 7, 20 12*

_____
Notary Public

Ourania Katehis
[Printed Name of Notary]

My Commission Expires: 11-07-12

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 4TH day of _November_, 201_3_ is entered into by [name(s) of property owners] _Marita Kallfelz_ (hereinafter "Claimant") (Social Security Number(s) _8489_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1315_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/18/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

*M. Kallfels*
_____
Marita Kallfelz                          Claimant

*8489*
_____
                                         Claimant SS #

STATE OF *Florida*_____, COUNTY OF *Palm Beach*_____

    I certify that on *November  4th*_____, 2013 , *Marita Kallfelz* personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

_____
Notary Public

**JOSE AGOSTO**
**Notary Public - State of Florida**
**My Comm. Expires Jan 6, 2016**
**Commission # EE 157151**

*Jose Agosto*
_____
[Printed Name of Notary]

My Commission Expires: *Jan. 6, 2016*

*Dan Bryson*
_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP
_____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1316__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ___Palm Beach___

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

    This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October_____, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC_____ (hereinafter "Claimant") (Social Security Number(s)

_____8506____), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1318_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

    WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

    WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

    WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard,

Unit ___1319___, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] ___03/13/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit __1320__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
                                                    Claimant

8506
_____
                                                    Claimant SS #

STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __3rd__ day of __January__, 201_4_ is entered into by [name(s) of property owners] ___Madd Quality, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___5036___ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1321_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __07/21/2012__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.



WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.



4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event



that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Madd Quality, LLC                    Claimant

_____
*Murat ACIKGOZ*          Claimant SS #          5636

**DONAVAN V. BERNARD**
Notary Public, State of Florida
Commission # FF 4160
My comm. expires April 2, 2017

STATE OF ___FLORIDA___, COUNTY OF ___Palm Beach___.

I certify that on ___3rd January___, 201_4_, _Murat Acikgoz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _April 2nd 2017_

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_____ Claimant

```
DONAVAN V. BERNARD
Notary Public, State of Florida
Commission # FF 4160
My comm. expires April 2, 2017
```

_Murat ACIKGOZ_   Claimant SS #

5036

STATE OF ___FL___ , COUNTY OF ___Palm Beach___

I certify that on ___3rd January___ , 201_y_ _Murat Acikgoz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Donavn V. Bernard_
[Printed Name of Notary]

My Commission Expires: ___April 2nd, 2017___

_____
Counsel   Daniel K. Bryson

Law Firm: ___Whitfield Bryson & Mason LLP___

Page 10 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of
___October___, 201_3_ is entered into by [name(s) of property owners]
___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)
___8506___), owner of the property located at _1690_ Renaissance Commons Boulevard,
Unit _1322_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____ Claimant SS #

STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

    I certify that on _____October 17_____, 201_3_, _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30TH_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Keith Santillo_ (hereinafter "Claimant") (Social Security Number(s) _6537_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1323_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/30/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items,

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Keith Santillo                    Claimant

_____
                                  Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

I certify that on _November 4th_ , 201_5_, _Keith R. Santillo_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Werner L. Heinsen_
[Printed Name of Notary]

My Commission Expires: _July 12, 2015_

**WERNER L HEINSEN**
Notary Public - State of Florida
My Comm. Expires Jul 12, 2015
Commission # EE 111830

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Keith R. Santillo_ (signature)
Claimant

_6537_
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___November 4th___, 201**3**, ___Keith R. Santillo___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_
Notary Public

_Werner L. Heinsen_
[Printed Name of Notary]

My Commission Expires: ___July 12, 2015___

WERNER L HEINSEN
Notary Public - State of Florida
My Comm. Expires Jul 12, 2015
Commission # EE 111830

_Dan Bryson_ (signature)
Counsel   Daniel K. Bryson

Law Firm: ___Whitfield Bryson & Mason LLP___

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 25th day of

November , 2013 is entered into by [name(s) of property owners]

Roger Caselengo                     (hereinafter "Claimant") (Social Security Number(s)

XXXX owner of the property located at  1690   Renaissance Commons Boulevard,

Unit  1324 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date]  04/30/2007   .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release or the RCR or Coastal Settlement

Agreements.

_____  Claimant
Roger Caselengo

_____  Claimant SS #


STATE OF __New York__, COUNTY OF __New York__

    I certify that on __November 25th__, 201 __3__, __Roger Caselengo__ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

GRACE G. CHEN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01-CH6056883
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES 04-02-2015

_____
Notary Public

_____
GRACE CHEN
[Printed Name of Notary]

My Commission Expires: __04/02/2015__

_____
Counsel    Daniel K. Bryson

Law Firm:  __Whitfield Bryson & Mason LLP__


Page 9 of 10

_____
Claimant

_____
Claimant SS #

STATE OF _New York_ , COUNTY OF _New York_

     I certify that on _November 25th_, 201 _3_ _Roger Casabengo_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

GRACE G. CHEN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01-CH6056883
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 04-02-2015

_____
Notary Public

_GRACE CHEN_
[Printed Name of Notary]

My Commission Expires: _04/04/2015_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit ___1325___, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] ___03/13/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ___Palm Beach___

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1326__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _28_ day of

___October___ , 201_3_ is entered into by [name(s) of property owners]

_Perry and Alice Jioia_                    (hereinafter "Claimant") (Social Security Number(s)

___-2159___    & owner of the property located at _1690_   Renaissance Commons Boulevard,

Unit _1327_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/10/2007_   .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Perry Jioia                                    Claimant

2 1 5 9
_____
Claimant SS #

STATE OF New York , COUNTY OF Richmond

I certify that on October 28 , 2011 3 Perry Jioia personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINA WARD
NOTARY PUBLIC, State of New York
Reg. No. 01SO6202183
Qualified in Richmond County
Commission Expires March 9, 2017

_____
Notary Public

Christina Ward
_____
[Printed Name of Notary]

My Commission Expires: 3/9/2017

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

_Alice Jioia_
Alice Jioia                                    Claimant

_2816_
Claimant SS #

STATE OF _New York_, COUNTY OF _Richmond_

    I certify that on _October 28_, 2013, _Alice Jioia_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINA WARD
NOTARY PUBLIC, State of New York
Reg. No. 01SC6202183
Qualified in Richmond County
Commission Expires March 9, 2017

_Christina Ward_
Notary Public
_Christina Ward_
[Printed Name of Notary]

My Commission Expires: _March 9, 2017_

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **31st** day of

**October**_____, 201**3** is entered into by [name(s) of property owners]

**Mark and Diana Lemberg**_____ (hereinafter "Claimant") (Social Security Number(s)

**0048**
**8666**), owner of the property located at **1690** Renaissance Commons Boulevard,

Unit **1328**, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] **04/12/2007**.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Mark Lemberg                    Claimant

0048
_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

   I certify that on _October 31st_____, 2013 , _Mark Lemberg_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

```
           JOSE AGOSTO
  Notary Public - State of Florida
   My Comm. Expires Jan 6, 2016
      Commission # EE 157151
```

_____
Notary Public

Jose Agosto
_____
[Printed Name of Notary]

My Commission Expires: _Jan. 6, 2016_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_Diana Lemberg_     Claimant
Diana Lemberg

_8666_     Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

    I certify that on _October 31st_, 2013, _Diana Lemberg_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

JOSE AGOSTO
Notary Public - State of Florida
My Comm. Expires Jan 6, 2016
Commission # EE 157151

Notary Public

_Jose Agosto_
[Printed Name of Notary]

My Commission Expires: _Jan. 6, 2016_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 30ᵗʰ day of October , 201 3 is entered into by [name(s) of property owners]

Arish and Alpa Dalal (hereinafter "Claimant") (Social Security Number(s) 4834 ~~3381~~), owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1401 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 04/20/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Arish Dalal                          Claimant

____        4834
                              Claimant SS #

STATE OF _NEW YORK_, COUNTY OF _NASSAU_

I certify that on _OCT. 30th_, 201<u>3</u>, _ARISH DALAL_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

PEENA KATHAIT
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KA5031866
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUG. 15, 2014

_PEENA  KATHAIT_
[Printed Name of Notary]

My Commission Expires: _AUG. 15, 2014_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_(signature)_

Alpa Dalal                                    Claimant

**3881**

Claimant SS #

STATE OF _NEW YORK_ , COUNTY OF _NASSAU_

   I certify that on _OCT. 30th._ , 20_13_ , _ALPA DALAL_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_

Notary Public

_PEENA KATHAIT_

[Printed Name of Notary]

PEENA KATHAIT
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KA5031866
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUG. 15, 2014

Commission Expires: _AUG. 15, 2014_

_(signature)_

Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this *6TH* day of *JANUARY*, 2014 is entered into by [name(s) of property owners] Federal National Mortgage Association (hereinafter "Claimant") (Social Security Number(s) 3107 ("TIN") owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1402, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 06/28/2011

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

JOHN LISZKA
Federal National Mortgage Association          Claimant

3107  (TIN)

Claimant SS #

STATE OF _TEXAS_, COUNTY OF _DALLAS_

I certify that on _JANUARY 6TH_, 201_4_, _JOHN LISZKA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Belinda L. Mason
Notary Public

BELINDA L. MASON
[Printed Name of Notary]

My Commission Expires: _01-07-15_

Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

*JOHN LISZKA*
Federal National Mortgage Association Claimant

3107 (TIN)
Claimant SS #

STATE OF *TEXAS*, COUNTY OF *DALLAS*

I certify that on *JANUARY 6TH*, 2014, *JOHN LISZKA* personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

*BELINDA L. MASON*
[Printed Name of Notary]

My Commission Expires: *01-07-15*



Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard,

Unit _1403_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _4th_ day of
_MARCH_, 201_4_ is entered into by [name(s) of property owners]

_Jay and Shari Cohen_ (hereinafter "Claimant") (Social Security Number(s)

_4543, 7671_), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1405_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/23/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

      WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

      WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.    Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.    This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Jay Cohen                    Claimant

_____
4543
Claimant SS #

STATE OF __Florida__ , COUNTY OF __Palm Beach__

I certify that on __March 4__ , 2014, __Jay Cohen__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

__Angel L. Campbell__
[Printed Name of Notary]

My Commission Expires: __June 5, 2016__

ANGEL L. CAMPBELL
Notary Public - State of Florida
My Comm. Expires Jun 5, 2016
Commission # EE 202963

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_Shari Coh_
Shari Cohen                    Claimant

_9671_
                               Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _March 4_ , 201_4_ , _Shari Cohen_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Angel L Campbell_
Notary Public

_Angel L. Campbell_
[Printed Name of Notary]

My Commission Expires: _June 5, 2016_

ANGEL L. CAMPBELL
Notary Public - State of Florida
My Comm. Expires Jun 5, 2016
Commission # EE 202963

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

      This CONFIDENTIAL RELEASE ("Release"), dated this <u>17</u> day of <u>October</u>, 201<u>3</u> is entered into by [name(s) of property owners] <u>RCR Holdings II, LLC</u> (hereinafter "Claimant") (Social Security Number(s) <u>8506</u> ), owner of the property located at <u>1690</u> Renaissance Commons Boulevard, Unit <u>1407</u>, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] <u>03/13/2007</u>.

      WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

      WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

      WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____ Notary Public

_____ [Printed Name of Notary]

My Commission Expires: _____

_____ Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1408__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201_3_, _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061385
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _/5_ day of

_November_, 201_3_ is entered into by [name(s) of property owners]

~~Hannah~~ and Mel Litwin _____ (hereinafter "Claimant") (Social Security Number(s)

_0670_ owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1409_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/16/2009_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

Page 3 of 10

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____
Mel Litwin                                    Claimant

_____
6620
Claimant SS #

STATE OF Florida_____, COUNTY OF Palm Beach_____

    I certify that on _____15th_____, 2013, November_____ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

```
E. SIMMONDS
Notary Public - State of Florida
My Comm. Expires Jun 8, 2016
Commission # EE 184034
```

_____
Notary Public

Eric Simmonds
[Printed Name of Notary]

My Commission Expires: June 8, 2016

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP_____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _12th_ day of

_November_____, 201_3_ is entered into by [name(s) of property owners]

_Martin Riback_____ (hereinafter "Claimant") (Social Security Number(s)

_1536_

_Martin Riback_ owner of the property located at _1690____ Renaissance Commons Boulevard,

Unit _1410__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/11/2007_____.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Martin Riback                    Claimant

                           /536
_____
                              Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___November 12___, 201**3**, ___Martin Riback___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: __6/2/15__

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _26_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Wendy Lee Hobbie_ (hereinafter "Claimant") (Social Security Number(s) _6502_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1411_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/23/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Wendy Lee Hobbie_
Wendy Lee Hobbie          Claimant

_6502_
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _October 26_, 201_3_, _Wendy Hobbie_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

ANNIE M. PAGE
Notary Public - State of Florida
My Comm. Expires May 13, 2017
Commission # EE 877438

_[signature]_
Notary Public

_Annie M. Page_
[Printed Name of Notary]

My Commission Expires: _May 13, 2017_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

_Wendy Lee Hobbie_
Claimant

6502
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

    I certify that on _October 26_, 201_3_, _Wendy Hobbie_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



Notary Public

_Annie M. Page_
[Printed Name of Notary]

My Commission Expires: _May 13, 2017_

ANNIE M. PAGE
Notary Public - State of Florida
My Comm. Expires May 13, 2017
Commission # EE 877438

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this $\underline{30^{th}}$ day of _____ $\underline{10}$ _____, 201$\underline{3}$ is entered into by [name(s) of property owners] $\underline{\text{Aly and Rhoda Okaily}}$ _____ (hereinafter "Claimant") (Social Security Number(s) $\underline{3005}$ $\underline{-0998}$ owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1412__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __04/09/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

      WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

      WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Aly Okaily                                          Claimant

_____
8005                                             Claimant SS #

STATE OF __Florida__, COUNTY OF __Indian River__

    I certify that on ___10/30___, 201_3_, _Aly Okaily_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Clifford A. Stokes
State of Florida
MY COMMISSION # FF 9859
Expires: April 18, 2017

_____
Notary Public

_Clifford A Stokes_
[Printed Name of Notary]

My Commission Expires: __4/18/2017__

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

_Rhoda A Okaily_                    Claimant
Rhoda Okaily

_0998_
                                   Claimant SS #

STATE OF _Florida_ , COUNTY OF _Indian River_

    I certify that on _10/30_ , 201 _3_ , _Rhoda Okaily_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Cliff A Stokes_
Notary Public

_Clifford A Stokes_
[Printed Name of Notary]

My Commission Expires: _4/18/2017_

NOTARY PUBLIC
STATE OF FLORIDA
Clifford A. Stokes
State of Florida
MY COMMISSION # FF 9859
Expires: April 18, 2017

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1414_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

   I certify that on _____October 17___, 201 3_, James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

Notary Public

[Printed Name of Notary]

My Commission Expires: _____

Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1415_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

   I certify that on ___October 17___, 201 3, James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _17_ day of _October_, 201 3 is entered into by [name(s) of property owners] _RCR Holdings II, LLC_ (hereinafter "Claimant") (Social Security Number(s) _8506_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1416_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
                                          Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __1__ day of __February__, 201_4_ is entered into by [name(s) of property owners]

__James and Anna Breyburg__ (hereinafter "Claimant") (Social Security Number(s)

__2826__ __0404__ ), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1418__ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __11/05/2011__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.     Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.     Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Page 8 of 10

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
James Breyburg                    Claimant

_____
2826
Claimant SS #

STATE OF New Jersey, COUNTY OF Monmouth _____

    I certify that on February 4 , 2014, James Breybg personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

MICHELE A. BORN
Notary Public of New Jersey
My Commission Expires 3/14/16

My Commission Expires: 3/14/16

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_(signature)_

Anna Breyburg     Claimant

_0404_

Claimant SS #

STATE OF _New Jersey_ , COUNTY OF _Monmouth_

   I certify that on _February 4_ , 201_4_ _Anna Breyburg_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_

Notary Public

_Michele A. Born_

[Printed Name of Notary]

My Commission Expires: _3/14/16_

MICHELE A. BORN
Notary Public of New Jersey
My Commission Expires 3/14/16

_(signature)_

Counsel  Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __3__ day of __March__, 201__4__ is entered into by [name(s) of property owners] __Ayse N. Bas__ (hereinafter "Claimant") (Social Security Number(s) __2526__, owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1419__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __5/25/12__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.      Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.      Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Ayse N. Bas_
_____
Claimant

_· 2526_
_____
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _March 3_, 201_4_, _Ayse N. Bas_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Megan Dolente_
_____
[Printed Name of Notary]

My Commission Expires: _12/6/14_

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
Counsel

Law Firm: _Doyle Law Firm, PC_

Page 9 of 10

_____
Claimant

_____
Claimant SS #

STATE OF _____, COUNTY OF _____

    I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **29th** day of **October**, 201**3** is entered into by [name(s) of property owners] **Marilyn and Eugene Penzimer** (hereinafter "Claimant") (Social Security Number(s) **7192**), owner of the property located at **1690** Renaissance Commons Boulevard, Unit **1420**, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] **05/03/2007**.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Marilyn Penzimer_
Marilyn Penzimer                    Claimant

7192
Claimant SS #

STATE OF New York , COUNTY OF Monroe

I certify that on October 29 , 201 3 Marilyn Penzimer personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Michele L. Sercu_
Notary Public

Michele L. Sercu
[Printed Name of Notary]

My Commission Expires: June 16, 2015

MICHELE L SERCU
Notary Public - State of New York
NO. 01SE6094116
Qualified in Monroe County
My Commission Expires 6/16/15

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Deceased_

Eugene Penzimer                                    Claimant

_____

                                                   Claimant SS #

STATE OF _____, COUNTY OF _____

     I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____

Notary Public

_____

[Printed Name of Notary]

My Commission Expires: _____

_____

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 22 day of May, 2014 is entered into by [name(s) of property owners] Villa Lago Condo Assoc (hereinafter "Claimant") (Social Security Number(s) 9901), owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1422 Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] September. 2011

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC,* et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
                                                    Claimant

_____
                                                    Claimant SS #
                                                    2901

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _May 23_ , 201_4_, _Leslie Kaufman_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: 12/6/14

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
Counsel

Law Firm: _____

Mrachek, Fitzgerald, Rose,
Konopka, Thomas & Weiss, P.A.

Page 9 of 10

_____
Claimant

_____
Claimant SS #

STATE OF _____, COUNTY OF _____

    I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _3rd_ day of _December_, 201_3_ is entered into by [name(s) of property owners] _Jose and Maria Esterla_ (hereinafter "Claimant") (Social Security Number(s) _-851_, owner of the property located at _1690_ Renaissance Commons Boulevard,
956
Unit _1423_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/01/2008_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
José Esterla                    Claimant

_____
                                Claimant SS #

STATE OF _FLORIDA_ , COUNTY OF _USA._

I certify that on _December 2nd_ , 201_3_, _JOSE ESTELLA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_CLAIRE RACINE_
[Printed Name of Notary]

My Commission Expires: _November 25, 2015_

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Maria Estela_
_____
Maria Estela                              Claimant

_956_
_____
                                  Claimant SS #

STATE OF ___FLORIDA___, COUNTY OF ___USA___

    I certify that on _December 2nd_, 201_3, MARIA ESTEL_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Claire Racine_
_____
Notary Public

_CLAIRE   RACINE_
_____
[Printed Name of Notary]

My Commission Expires: _November 25, 2015_

COMMISSAIRE À L'ASSERMENTATION
CLAIRE RACINE
106-060
POUR LE QUÉBEC

_Dan Bryson_
_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30_ day of _10—_____, 201_3_ is entered into by [name(s) of property owners] _Odilio Vargas_____ (hereinafter "Claimant") (Social Security Number(s) _8559_), owner of the property located at _1690___ Renaissance Commons Boulevard, Unit _1424_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/26/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

X _____
       Odilio Vargas                        Claimant

_____
                                   8559
                                   Claimant SS #

STATE OF _____, COUNTY OF _____

I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

PLEASE SEE ATTACHED CERTIFICATE

10-30-2013

Page 9 of 10

State of California )

County of _San Diego_ )

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

On _10 - 30 - 2013_ before me, _P Mehrabani, Notary Public_ ,
<span>(here insert name and title of the officer)</span>

personally appeared _ODILIO VARGAS_

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

> P. MEHRABANI
> COMM. #1988977
> Notary Public - California
> San Diego County
> My Comm. Expires Aug. 24, 2016

## OPTIONAL INFORMATION

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _Confidential Non-KPT Property Owner Release And Assignment of Claims_ containing _10_ pages, and dated _10 - 30 - 2013_ .

The signer(s) capacity or authority is/are as:

- ☐ Individual(s)
- ☐ Attorney-in-Fact
- ☐ Corporate Officer(s) _____
  <span>Title(s)</span>
- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other: _____

representing: _____
<span>Name(s) of Person(s) or Entity(ies) Signer is Representing</span>

### Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
- ☐ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:
   Page # _____   Entry # _____

Notary contact: _____

Other
- ☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)
- ☐ _____

© Copyright 2007-2011 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507.  All Rights Reserved.  Item Number 101772.  Please contact your Authorized Reseller to purchase copies of this form.

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___ ), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1425_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _28th_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Sandra Siegel_ (hereinafter "Claimant") (Social Security Number(s) _5585_, owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1427_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/21/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Sandra Siegel                          Claimant

_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

I certify that on _October 28__, 201_3_, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]  Megan Dolente

My Commission Expires: _12/6/14_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

Page 9 of 10

_(signature)_
_____
Claimant

5585
_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _October 28_ , 201_3_, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_
_____
Notary Public

_Megan Dolente_
_____
[Printed Name of Notary]

My Commission Expires: _12/6/14_

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_(signature)_
_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __30__ day of

__October__, 201_3_ is entered into by [name(s) of property owners]

__Peter and Robin Bast__ (hereinafter "Claimant") (Social Security Number(s)

__7473 6144__), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1428_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __04/25/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Peter Bast                              Claimant

_        _____
                              6144
                                    Claimant SS #


STATE OF _FLORIDA_ , COUNTY OF _PALM BEACH_
      I certify that on _OCTOBER 30_ , 201_3_, _PETER AND ROBIN BAST_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_KATHLEEN A. MORAN_
[Printed Name of Notary]

My Commission Expires: _3/23/17_

KATHLEEN A. MORAN
Commission # EE 878883
Expires March 23, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_


Page 9 of 10

_Robin Bast_
Robin Bast                    Claimant

_7473_
Claimant SS #

STATE OF _FLORIDA_ , COUNTY OF _PALM BEACH_

   I certify that on _OCTOBER 30_ , 201_3_, _ROBIN AND PETER BAST_ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.


KATHLEEN A. MORAN
Commission # EE 878883
Expires March 23, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

_Kathleen A. Moran_
Notary Public

_KATHLEEN A. MORAN_
[Printed Name of Notary]

My Commission Expires: _3/23/17_

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Martha Lisa DeNavea_ (hereinafter "Claimant") (Social Security Number(s) _8768_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1429_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/04/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

   b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

   c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Martha Lisa DeNavea                Claimant

                 8768
_____
                                Claimant SS #

STATE OF Florida_____, COUNTY OF Palm Beach_____

    I certify that on 30th of October_____, 2013, Martha Lisa DeNavea_____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Samantha Landi
_____
[Printed Name of Notary]

My Commission Expires: Sept. 10th, 2016

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Martha Lisa Denavea_
_____
                                    Claimant

_____   _8768_
                                    Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _30th of October____, 201 _3_, _De Navea_ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

_Samantha Landi___
Notary Public

_Samantha Landi___
[Printed Name of Notary]

My Commission Expires: _Sept. 10th 2016_

SAMANTHA LANDI
NOTARY
My Comm. Expires
September 10, 2016
No. EE 833957
PUBLIC
STATE OF FLORIDA

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _31ˢᵀ_ day of _October_ , 201_3_ is entered into by [name(s) of property owners] _Mark Englander_ (hereinafter "Claimant") (Social Security Number(s) _8350_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1508_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/12/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu)
Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG,
Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation
GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT
Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Mark Englander                    Claimant

_____
Claimant SS #

STATE OF Florida          , COUNTY OF Palm Beach

I certify that on October 31 st      , 2013, Mark Englander personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Tonianne Richburg
[Printed Name of Notary]

My Commission Expires: 1-10-2016

TONIANNE RICHBURG
Notary Public - State of Florida
My Comm. Expires Jan 10, 2016
Commission # EE 158565

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____
Claimant

8980
Claimant SS #

STATE OF Florida , COUNTY OF Palm Beach

I certify that on October 31st , 2013, Mark Englander personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Tonianne Richburg
[Printed Name of Notary]

My Commission Expires: 1-10-16

TONIANNE RICHBURG
Notary Public - State of Florida
My Comm. Expires Jan 10, 2016
Commission # EE 158565

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1516_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

907 of 973

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
                                                        Claimant

8506
_____
                                                        Claimant SS #

STATE OF ____Florida____, COUNTY OF ___Palm Beach___

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1517_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

    I certify that on ___October 17___ , 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October_____, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC_____ (hereinafter "Claimant") (Social Security Number(s)

_____8506___), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1518_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach_____

    I certify that on _____October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 2nd day of November , 2013 is entered into by [name(s) of property owners] John and Susanna Kolich (hereinafter "Claimant") (Social Security Number(s) 0311 3330, owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1519 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 04/02/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_John Kolich_
John Kolich                                      Claimant

_8220_
                                                 Claimant SS #

STATE OF _Florida_ , COUNTY OF _Broward_

I certify that on _11/8_ , 201 _3_ _John Kolich_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Linda Esposito_
Notary Public

_Linda Esposito_
[Printed Name of Notary]

My Commission Expires: _7-14-2014_

```
LINDA ESPOSITO
Notary Public - State of Florida
My Comm. Expires Jul 14, 2014
Commission # EE 1437
Bonded Through National Notary Assn.
```

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Susanna Kolich                                    Claimant

_____
                              03 11
                                        Claimant SS #


STATE OF _FLORIDA_, COUNTY OF _BROWARD_

    I certify that on _11 2 13_, 201 3 _Susanna Kohich_ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

_____
Notary Public

LINDA ESPOSITO
[Printed Name of Notary]

My Commission Expires: _7-14-2014_

LINDA ESPOSITO
Notary Public - State of Florida
My Comm. Expires Jul 14, 2014
Commission # EE 1437
Bonded Through National Notary Assn.

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_


Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201 3 is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1520_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

38506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 12th day of March _____, 201 5 is entered into by [name(s) of property owners] Minor Pipes/Court Appt. Receiver____ (hereinafter "Claimant") (Social Security Number(s) Receiver_____), owner of the property located at _1690__ Renaissance Commons Boulevard, Unit _1521_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _5/10/07_____.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____
Minor Pipes/Court Appointed Claimant
Receiver
See Order #17370
_____
Claimant SS #

STATE OF Louisiana          , Parish COUNTY OF Orleans

I certify that on March 12          , 2015, H. Minor Pipes, III personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

_____
Notary Public

Violet B. Hodder #42076
[Printed Name of Notary]

My Commission Expires: at death

_____
Daniel K. Bryson
Counsel

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _4 th_ day of ___NOVEMBER___, 201_3_ is entered into by [name(s) of property owners] ___Murat Mike Ocalan___ (hereinafter "Claimant") (Social Security Number(s) _1261_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1529_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _12/15/2011_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Murat Mike Ocalan                Claimant

_____
1261
Claimant SS #

STATE OF _____, COUNTY OF _____

I certify that on _4TH_ _November_, 201_3_, _Murat Mike Ocalan_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Samantha T. Chin_
[Printed Name of Notary]

My Commission Expires: _N/A_

_____
Counsel        Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

Self-Remediation Option Release

# PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This RELEASE ("Release"), dated this _6_ day of _November_,

201_7_ is entered into by [name(s) of property owners] _EnTrusT IRA_  _Edward + Paula Adams_  _1545 /_        _4095_

(hereinafter "Claimant") (Social Security Number(s) _____ ), owner of the property

located at _11843 Bayport Lane #801  FT Myers FL 33908_

("Property"), which Claimant acquired title to on [date] _10/2/06_

WHEREAS, on or about _2/9/09 · 6/8/11_, Claimant commenced a lawsuit
_5/5/11 ;  12/15/10_

on Claimant's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd.

("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd., Guangdong Knauf New Building Material

Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL

2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do

Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft, PT.Knauf Gypsum Indonesia, or Knauf Gips

KG (collectively "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants

(collectively "the Supply Chain Defendants"). Claimant's action was filed as: _etal; Omni II_
_Payton etal v. Knauf Gips KG, etal · Block, etal v. Gebrueder Knauf, etal ;_
_Interreon Alironatta, etal · Wiltz, etal v. Beijing New Building Materials, etal_
[case caption] _Haya, etal v. Taishan Gypsum Co Ltd Ltd_

in the [Court] _USDC-EDLA. Case Nos. 09·7628 · 11-1363 · 10·361 ; 11·10.77_

(hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs'

Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability*

*Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the

Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation

Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 ("Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement;

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, and irrespective of whether the Class Settlement Agreement is finally approved, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, will offer owners of properties eligible for the Program the following remediation options set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

WHEREAS, the Claimant has selected the Self-Remediation Option pursuant to Section 4.3.2 of the Class Settlement Agreement;

WHEREAS, Claimants' counsel has explained to Claimant, and Claimant understands, (i) the terms of this Release; (ii) the terms and conditions set forth in the Demonstration Remediation Agreement; and (iii) the terms and conditions set forth in Section 4.3.2 of the Class Settlement Agreement;

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns and occupies the above listed property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the Knauf Defendants in satisfying their obligations under the Demonstration Remediation Agreement and the Class Settlement Agreement, will constitute full compensation and settlement arising out of or related to claims asserted in the Action or to the KPT Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to the Action, except as described below.

3. Claimant and the Knauf Defendants further agree that, in exchange for the consideration that is described herein, including but not limited to the offer to pay Claimant's chosen contractor a sum certain towards the remediation of Claimant's property pursuant to the terms of Section 4.3.2 of the Class Settlement Agreement, the Claimant will dismiss with prejudice the Action.

4. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants and the Supply Chain Defendants arising out of or relating to claims asserted in the Action and/or the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants or Supply Chain Defendants, and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is

not aware, and those Claimant) does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 5 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

5.   The following claims against the Knauf Defendants are reserved (the "Reserved Claims"):

    a.   Claims by Claimant for bodily injury and economic injuries solely to the extent that such claims are covered by the Other Loss Fund created by the Class Settlement Agreement and solely to the extent that Claimant seeks to resolve such claims by participating in the Class Settlement Agreement.  In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or PSC exercise their termination rights under the Class Settlement Agreement, Claimant shall reserve (i) Claimant's bodily injury claims and (ii) claims covered by Paragraph III(C) of the Demonstration Remediation Agreement, and the Knauf Defendants shall reserve all defenses, including jurisdictional defenses, as to bodily injury claims;

    b.   Claims by Claimant's counsel for "Attorneys' Fees" as defined in Paragraph IX of the Demonstration Remediation Agreement and, upon final approval by the MDL Court, if such final approval is granted, pursuant to the terms of the Class Settlement Agreement.  In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or the PSC exercise their termination rights under the Class Settlement Agreement, claims for Attorneys' Fees shall be resolved pursuant to Paragraph X of the Demonstration Remediation Agreement; and

c.  Claims in connection with the performance of, and any obligations arising under, the Demonstration Remediation Agreement and, upon final approval, the Class Settlement Agreement.

6.  Except as to the Reserved Claims, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have, (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Supply Chain Defendants and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board (the "Assigned Claims").  The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution of the Assigned Claims.  However, if the Knauf Defendants elect not to prosecute the Assigned Claims against one or more of the Supply Chain Defendants, the release in Paragraph 4 above shall be effective as to any or all of the Supply Chain Defendants as against whom the Knauf Defendants decline to bring the Assigned Claims.

7.  Subject to Paragraph 6 above, this Release is effective immediately with exception that it shall be effective as to the Knauf Defendants upon payment by the Knauf Defendants to Claimant's chosen contractor, under Section 4.3.2.2 of the Class Settlement Agreement, of the first 30% of the amount the Knauf Defendants will contribute toward the remediation of the Property as calculated pursuant to Section 4.3.2 of the Class Settlement Agreement.  The effectiveness of this Release as against the Knauf Defendants is subject to the Knauf Defendants' continuing obligation to make the

payments described in Section 4.3.2.2 of the Class Settlement Agreement to Claimant's chosen contractor provided that Claimant continues to meet their obligations under Section 4.3.2.2, for example, providing the Knauf Defendants with an Environmental Certificate as defined in Section 1.11 of the Class Settlement Agreement.

8.  Claimant understands and acknowledges the significance and consequence of releasing all of Claimant's KPT Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims), and hereby assume full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

9.  As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, Claimant and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any

amount received by Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.

10. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant ~~and Claimant's undersigned counsel~~ further agree and covenant to forever indemnify, defend and hold harmless the Knauf Defendants, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives from and against all claims and future claims relating to the KPT Chinese Drywall in the Property.

11. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Knauf Defendants.

12. The Claimant authorizes and instructs Claimant's counsel to deliver to the Knauf Defendants a Notice of Dismissal with prejudice of the Action, which shall be "so ordered" by the Court where the Action is pending, as against all defendants in accordance with the provisions herein and the terms of the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement.   Claimant and Claimant's counsel shall cooperate with the Knauf Defendants in any additional way reasonably necessary to obtain such dismissal with

prejudice. Such delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

13. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

14. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Knauf Defendants who expressly deny any liability to the Claimant and who are entering this agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses, except as provided in the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement; or (iii) consent to service by the Knauf Defendants. Neither this Release nor any Agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, the Demonstration Remediation Agreement, or in the event the MDL Court grants final approval, the Class Settlement Agreement.

*Edward W. Adams*

_____
Claimant

*1545*

_____
Claimant SS #

STATE OF *New Jersey*, COUNTY OF *Monmouth*

    I certify that on *Nov 9th*, 201 *2* *_____* personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Sworn to and subscribed
before me this
*9* day of *Nov*, 20 *12*

ANDREA A. PATTERSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/8/2016

*Andrea A Patterson*
Notary Public

*Andrea A Patterso*
[Printed Name of Notary]

My Commission Expires: *2/8/16*

Counsel *April S. Goodwin*

Law Firm: *Parker Waichman LLP*

_Paula S. Adams_
_____
Claimant

_4095_
_____
Claimant SS #

STATE OF _New Jersey_ , COUNTY OF _Monmouth_

    I certify that on _Nov 9th_ , 201_2_ _Paula S. Adams_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Andrea A Patterson_
_____
Notary Public

_Andrea A Patterson_
_____
[Printed Name of Notary]

My Commission Expires: _2/8/16_

ANDREA A. PATTERSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/8/2016

Sworn to and subscribed
before me this
_9_ day of _nov_ 20_12_

Counsel _April S. Goodwin_
Law Firm: _Parker Waichman LLP_