UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1672 | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**TAISHAN'S OPPOSITION TO "CLASS COUNSEL'S RULE 23(d) MOTION TO PROTECT THE *AMORIN* CLASS"**

After extended, arms-length negotiations, hundreds of Florida claimants represented by their lawyers have entered into a voluntary settlement with Taishan. For years the PSC has accused Taishan of trying to avoid paying Chinese drywall claimants. The present settlement exposes the inaccuracy of those assertions. And now, with a deal in place and hundreds of claimants on the brink of receiving payments, it is the PSC that seeks to prevent payment distribution by filing dueling motions in two different courts.

Even though the Florida claims were remanded to Florida, the PSC came back to this Court with a novel "Motion to Protect the *Amorin* Class." (Rec. Doc. No. 22135 and 22135-1, collectively the "PSC's Motion"). But then six days later, the PSC filed a similar motion in the Southern District of Florida, where the claims are actually venued. This Court should reject the PSC's forum shopping and deny the PSC's Motion here for the simple reason that this Court lacks jurisdiction to provide the requested relief.

This MDL Court was divested of jurisdiction over all *Amorin* claims related to Florida properties on June 6, 2018, when the JPML entered its remand order—at this Court's suggestion. (*See* Suggestion of Remand, Rec. Doc. 21242). The Southern District of Florida received the

Florida *Amorin* action and is actively adjudicating the Florida claims. With its remand, this Court retained jurisdiction ***only*** "to consider the fair and equitable assessment of any potential recovery *for the services performed and expenses incurred by attorneys* acting for administration and common benefit of all MDL plaintiffs." (Suggestion of Remand, Opinion and Order, Rec. Doc. 21242, at 12 (emphasis added)). In other words, this Court no longer has substantive jurisdiction over the Florida claims; it has at most jurisdiction over only the "collateral issue" of the allocation of attorneys' fees among plaintiffs' counsel, which is "separate from the merits of this case." *Id.* The Court explicitly recognized the powerful jurisdictional "effect" of the remand:

> The effect of an order remanding a case to the transferor court for trial is to ***divest the transferee court of jurisdiction*** in the case and to vest the transferor court with jurisdiction.

*Id.* at 11 (quoting *In re Federal Express Ground Packaging Systems Inc. Employment Practices Litig.*, No. 3:05-MD-527 RM, 2010 WL 785279, at *5-6 (N.D. Ind. Mar. 2, 2010) (additional citations omitted) (emphasis added); *accord In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 508 F. Supp. 1020, 1020-21 (E.D. Mich. 1981) ("When a case has been transferred by the multidistrict panel, venue has been changed and the transferor court no longer has any jurisdiction of the matter.").

The PSC's Motion ignores the Court's ruling and that jurisdictional reality, returning to this Court for so-called "protection" of settling Florida claimants. But those settling claimants do not need further protection; they are represented by their primary contractual counsel with whom Taishan negotiated on an arms-length basis. Whatever the PSC therefore seeks to protect by its motion, it comes at the expense of Florida claimants who are on the cusp of receiving substantial

financial benefits from the settlement.[1] The PSC remarkably asks the Court to invade plaintiffs' attorney-client privilege by seeking a "Show Cause hearing . . . to determine the substance and extent of [plaintiffs' counsel's] communications with Class members (including their own clients) and other counsel, and the proper scope of relief, including any necessary notice to the class." (PSC's Motion at 18).

But then six days after filing its Motion here, the PSC filed in the Southern District of Florida a substantively duplicative "Plaintiffs' and Class Counsel's Motion and Memorandum of Law in Support for an Order to Protect the Florida *Amorin* Class." (S.D. Fla. ECF No. 192) ("PSC's Florida Motion," attached hereto as Exhibit A). That motion also asked Judge Cooke for:

> an evidentiary hearing to obtain information with respect to the proposed settlement, to determine the substance and extent of Settling Counsel's communications with Class Members, and the proper scope of relief including, if the Court deems that the settlement should proceed, the substance of any notice to the Class.

(PSC's Florida Motion at 17.) The PSC did not explain why they went to this Court first, then to the Southern District of Florida.[2]

The Court envisioned and provided for what would happen in this Court when plaintiffs in remanded actions, in consultation with their primary legal counsel, entered into settlement

---

[1] The PSC's Motion here and in Florida raise Rule 23 concerns about the adequacy of class counsel because of a potential conflict of interest with settling claimants. *See Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 315 (5th Cir. 2007) (highlighting that "[n]umerous courts have held that intraclass conflicts may negate adequacy under Rule 23(a)(4)"); *Piambino v. Bailey*, 757 F.2d 1112, (11th Cir. 1985) (relieving class counsel because of "an irreconcilable conflict of interest" with a segment of the class).

Indeed, it is unclear on whose behalf the PSC filed the Motion; the PSC is not a party to any case, and they have identified no class representative or other party who seeks relief from the Court. *See Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) ("Class representatives must satisfy the court that they, and not counsel, are directing the litigation.").

[2] The PSC asked for (and was granted) an expedited briefing schedule in this Court, but did not request an accelerated track in Florida.

agreements with Defendants after remand. PTO 32 governs "all plaintiffs and their attorneys who, either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim…" (Rec. Doc. No. 21328 at 2). When settlements occur, the settling parties must inform the Court within three days so the Court can allocate attorneys' fees among primary plaintiffs' counsel and the PSC. (*Id.*). In accordance with that directive, a Joint Notice of Settlement Agreement was filed on March 7, 2019. (Rec. Doc. No. 22125). Exercising the limited jurisdiction retained, the Court can allocate attorneys' fees among plaintiffs' counsel as needed. But it lacks jurisdiction to hold a show-cause evidentiary hearing seeking to expose privileged attorney-client communications between plaintiffs and their primary counsel. The Court should deny the PSC's improper request and leave the PSC to pursue their motion seeking identical relief from the Southern District of Florida.

Dated: March 18, 2019

Respectfully submitted,

/s Christina Hull Eikhoff
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

4

Alan Dean Weinberger
Louisiana Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 18th day of March, 2019.

/s/Michael P. Kenny
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com
*Counsel for Taishan*
