UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL *CASES* | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISBURSEMENT OF FEES AWARDED BY THE COURT**

Parker Waichman, LLP submits this *Memorandum in Support of Motion for Partial Disbursement of Fees Awarded by the Court*.

The Court has now ruled upon all issues related to attorneys' fees and costs for the Knauf portion of the litigation. R. Doc. 22092. An appeal has been lodged with the Fifth Circuit. R. Cite to Notice of Appeal. To promote the most expeditious resolution of the fee dispute while simultaneously providing payment to counsel (both individually retained and common benefit counsel) and guaranteeing sufficient funds remain for allocation following a decision by the Fifth Circuit, Parker Waichman respectfully requests an Order disbursing 80% of the total available attorneys' fees and reimbursing all costs in the Knauf portion of the litigation.[1] As described more fully below, the requested disbursement would serve the interest of all parties.

**I.     BRIEF BACKGROUND**

To settle their portion of this MDL, Knauf and other settling defendants (collectively, "Kanuf") agreed to pay costs and attorneys' fees in the amount of $233,078,270.33 (the "Fee

---

[1] This is Parker Waichman's third request for disbursement of attorneys' fees in this MDL. R. Docs. 20434 and 21240.

Fund"), $197,803,738.17 of which was attributable to fees and the remainder used for costs. *See* R. Doc. 21322. The Fee Fund was meant to compensate both contract counsel and common benefit counsel. Importantly, Knauf's contribution to the payment of fees and costs relieved claimants (other than those in Virginia) of their obligations to pay these sums; thereby, allowing claimants to be made whole with no reduction for attorneys' fees or costs.

The Court established a multi-step process to aid in the distribution of the Fee Fund. *See* R. Doc. 21168; PTO 28. To summarize, Step One involved the reporting and review of common benefit time and expenses. PTO 28. Step Two required common benefit counsel to submit an initial affidavit for the compensation of common benefit time and reimbursement of expenses. *Id.* Step Three directed the Fee Committee and Plaintiffs' Steering Committee ("PSC") to coordinate and file a joint petition for an award of common benefit fees. *Id.* Step Four required the PSC to file a request for common benefit assessments for Chinese Drywall cases or claims not participating in the Knauf-related settlements. In Step Five, the Court "determine[d] the total amount of the common benefit fund and the amount of funds for individual counsel for claimants." *Id.* at 8. Step Six, the final step, outlined the process for allocating common benefit fees among those firms who performed common benefit work. *Id.*

After Steps One through Four were complete, on January 31, 2018, this Court concluded Step Five with its Order and Reasons Setting Common Benefit Fees (the "Fee Allocation Order"). R. Doc. 21168. From the total available attorneys' fees associated with the Knauf Settlement, the Court awarded 52%, or $102,857,943.85, to common benefit counsel and 48%, or $94,945,794.32 to contract counsel. After deducting their respective portions of the expenses, common benefit counsel were awarded $99,762,099.56 and individual counsel were awarded $94,607,042.17. *Id.* at 24.

Thereafter, the Court proceeded with Step Six of the fee allocation process. On February 4, 2018, the Court issued its Order and Reasons Allocating Common Benefit Fees in the Knauf Aspect of This Litigation and subsequently issued a Judgment awarding common benefit fees to those firms that performed common benefit work and/or contributed costs for the common benefit of the claimants. R. Doc. 22089. In the February 4th Order, the Court explained that the total available attorneys' fees increased to $202,806,084.56 as a result of interest earned over time. *Id.* at 4, note 1. After deducting the special master fees and adding the remaining portion of the Taishan advance, the resulting allocation was as follows: $105,359,193.97 common benefit fees; 3,842,822.29 to common benefit counsel for unreimbursed costs; and $2,187,000 to common benefit counsel for unreimbursed assessments; and $97,254.640.58 in fees for individual counsel.[2]

---

[2] The Court explained the math as follows:

> In its January 31, 2018 order, the Court noted that the funds available for attorneys' fees as of October 31, 2017 was $197,803,738.17 [$187,803,738.17 (total available for attorneys' fees) + $10,000,000.00 (Taishan Advance)]. R. Doc. 21168 at 21 n.5, 24. Since that time, as of October 31, 2018, the amount of funds available has increased to $202,806,084.56, as the funds have earned interest over time. In determining the amount of attorneys' fees available for common benefit counsel, the Court underwent the following arithmetic:
>
> $195,241,093.85 [total available for attorneys' fees] + $7,564,990.71 [remainder of the Taishan Advance] - $192,250.00 [Special Master fee unpaid] = $202,613,834.56.
>
> This leaves common benefit counsel with $105,359,193.97 [$202,613,834.56 x .52] for common benefit fees, resulting $111,389,016.26 to allocate [$105,359,193.97 + $3,842,822.29 (costs) + $2,187,000.00 (unreimbursed assessments)].
>
> For contract counsel, the Court determined the amount available for attorneys' fees by taking 48% of the total amount available for fees, including the remaining amount available from the Taishan Advance, which leaves $97,254,640.59 available for contract counsel's attorneys' fees:
>
> $195,241,093.85 [total available for attorneys' fees] + $7,564,990.71 [remainder of the Taishan Advance] - $192,250.00 [Special Master fee unpaid] = $202,613,834.56; $202,613,834.56 x .48 = $97,254,640.58.

The following day, the Court rendered Judgment ordering that common benefit fees be awarded pursuant to its February 4 Order. R. Doc. 22092.

The February 5th Judgment is now pending appeal before the Fifth Circuit. R. Docs. 22129, 22123, and 22129. In the interim, several firms have requested full and/or partial disbursement of attorneys' fees. *See* R. Docs. 22130, 22131, 22134, 22141, 22147, 22159, 22164.

## II. DISCUSSION

An important goal of MDL proceedings is to facilitate the "just and expeditious resolution of all actions to the overall benefit of the parties." *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). The Court, in connection with this MDL, already has expressed its intention "to expedite certain portions of the [attorneys' fee] award."[3] To achieve that goal, "a district court has inherent authority 'to bring management power to bear upon massive and complex litigation to prevent [the litigation] from monopolizing the services of the court to the exclusion of other litigants.'" Eldon E. Fallon, *Common Benefit Fees in Multi-District Litigation*, 74 La. L. Rev. 371, 377 (2014) (quoting *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977)).

The Fee Committee ("FC") has argued that, "this Court is permitted to devise and implement all manner of creative solutions to problems that arise. . . ."[4] Because the Fee Fund is ready and available for distribution, one such solution to quell the concerns of all involved is to disburse 80% of the available fees to both common benefit and contract counsel and reimburse all

---

R. Doc. 22089 at 4, note 1.

[3] Pre-Trial Order No. 28(F) (Doc. 20282), at ¶ 9.

[4] The Fee Committee's Omnibus Response to Objections to the Fee Committee's Motion to Determine the Allocation of the Global Fee Award as Between Common Benefit Fees and Individual Counsel's Fees Pursuant to PTO 28(F) (Doc. 20384-2), p. 34 (citing *Pella Corp. v. Saltzman*, 606 F.3d 391, 396 (7th Cir. 2015 [sic])).

4

costs and assessments to common benefit counsel.[5] The proposed disbursement would be as follows:

$84,287,355.18 – fees to common benefit counsel

$3,842,822.29 – reimbursement of costs to common benefit counsel

$2,187,000.00 – reimbursement of assessments to common benefit counsel

<u>$77,803,712.46 – fees to individual counsel</u>

$168,120,889.93 Total Disbursement

An 80% disbursement would leave $40,522,766.91 in the Court Registry to make any adjustments, if necessary, following appeal.

Importantly, a partial disbursement of attorneys' fees is not foreign in the MDL context. In *In Re Diet Drugs,* three funds were created to compensate class counsel and/or common benefit counsel.[6] The funds consisted of money paid directly by the defendant and/or assessments issued against attorneys' fees paid by defendants to individually retained counsel. Similar to the instant case, the court recognized that the litigation had been ongoing for years and counsel had not been compensated. It explained, "To make [the attorneys] wait any longer for at least some fee award would be grossly unfair." *Id.* As such, it issued an interim award of attorneys' fees, which provided "at least partial compensation at a time when the court was not really able to analyze fully [the percentage of recovery factors] and make a final award." *Id.*[7]

---

[5] A partial disbursement with a holdback was also proposed by a member of the Fee Committee. R. Doc. 22130-1 at 12-13.

[6] *In re Diet Drugs*, No. 99-20593, 2002 WL 32154197, at *12 (E.D. Pa. Oct. 3, 2002), *modified,* 2003 WL 22218322 (E.D. Pa. May 15, 2003), and *judgment entered sub nom.*, 2008 WL 2890878 (E.D. Pa. July 21, 2008).

[7] Several parties attempted to appeal the interim award; however, the Third Circuit held that the interim award of attorneys' fees was not an appealable final order because of unresolved questions related to the fee award and total value of the settlement. *In re Diet Drugs*

The undersigned respectfully submit that, like the initial disbursement in *In re Diet Drugs*, this Court should disburse 80% of the available attorneys' fees and reimburse all costs to common benefit counsel. This disbursement would be fair to all counsel as it would allow them to receive prompt payment without waiting for final resolution of the fee dispute pending any resulting appeals.

## CONCLUSION

For the reasons set forth above, Parker Waichman prays for an Order disbursing 80% of all available attorneys' fees and reimbursing common benefit counsel all held costs and unreimbursed assessments.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By: ___/s/ *Jimmy R. Faircloth, Jr.*___
    Jimmy R. Faircloth, Jr. (LA #20645)
    jfaircloth@fairclothlaw.com
    Brook L. Villa (LA #31988)
    bvilla@fairclothlaw.com
    Franklin "Drew" Hoffmann (LA #35824)
    dhoffmann@fairclothlaw.com
    9026 Jefferson Highway
    Building 2, Suite 200
    Baton Rouge, LA 70809
    Phone: (225) 343-9535
    Fax: (225) 343-9538

*Attorneys for Parker Waichman LLP*

---

*(Phentermine/Fenfluramine/Dexfenflurammine) Products Liab. Litig.*, 401 F.3d 143, 157 (3d Cir. 2005).

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing *Memorandum in Support of Motion for Partial Disbursement of Fees Awarded by the Court* has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 20th day of March, 2019.

                                            */s/ Jimmy R. Faircloth, Jr.*
                                            OF COUNSEL