**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| | : | |
| THIS DOCUMENT RELATES TO: *ALL CASES* | : : : | |

**KRUPNICK CAMPBELL MALONE ET AL.'S REPLY
IN SUPPORT OF MOTION FOR IMMEDIATE DISBURSEMENT OF
ATTORNEY'S FEES PURSUANT TO FINAL JUDGMENT**

All Counsel, including those who have filed notices of appeal, unanimously agree: (1) this Court has the authority and jurisdiction to disburse attorneys' fees notwithstanding the notices of appeal; and, (2) a substantial amount of those fees, be it 80% or 100%, should be distributed.  There is no dispute whatsoever on these two issues.

**I.    ALL LAW FIRMS CONCEDE THE AUTHORITY AND JURISDICTION OF THIS COURT TO ORDER DISBURSEMENT OF ATTORNEYS' FEES NOTWITHSTANDING A PENDING APPEAL.**

A number of law firms have filed joinders which specifically adopt both the relief sought in, and the basis for, the Undersigned's motion, including the authority and jurisdiction of this Court to disburse the attorneys' fees notwithstanding the filing of notices of appeal.  [Rec. Docs. 22131, 22134, 22141, 22147, 22159, 22164].

On March 14, 2019, McCallum, Hoaglund, Cook & Irby, LLP (hereinafter "McCallum Hoaglund") and Gentle, Turner, Sexton & Harbison (hereinafter "Gentle Turner"), both of whom filed a notice of appeal, [Rec. Doc. 22120], filed a Motion for Disbursement of Individually Retained Counsels' Fees. [Rec. Doc. 22151; 22168].  Their position was reiterated in their

1

Response to the subject Motion. [Rec. Doc. 22169].[1] Then, on March 20, 2019, Parker Waichman, LLP (hereinafter Parker Waichman) filed their own Motion for Partial Disbursement of Fees Awarded seeking an Order disbursing 80% of the total available attorneys' fees. [Rec. Doc. 22170].[2] Finally, Anderson Kill, alternatively also suggests a 20% holdback.[3] [Rec. Doc. 22172].[4]

In seeking or supporting relief from this Court in the form of immediate disbursement of attorneys' fees, albeit in the alternative or at differing amounts, all of those who have appealed -- McCallum Hoaglund, Gentle Turner, Parker Waichman and Anderson Kill -- explicitly concede the jurisdiction and authority of this Court to enter an order disbursing funds, notwithstanding their respective notices of appeal.[5] In fact, of the over 170 law firms awaiting fees, not a single

---

[1] These firms specifically request the Court require all participating firms who accept disbursement execute a full and final release and waiver as to any additional fees which could result from the appellate process. These two firms did not submit a common benefit application. Therefore, acceptance by these two firms would render their respective appeals moot.

[2] Parker Waichman suggests the appropriate hold back would be approximately $40,500,000. [Rec. Doc. 22170, at 5]. It is virtually impossible to believe there would be a $40,500,000 adjustment in allocation, particularly given the standard of review (i.e., abuse of discretion), the limited fund, the explicit waiver of appeal and the due process extended to all counsel. If this Honorable Court were inclined to hold back any amount, the Undersigned respectfully suggests a more reasonable hold back would be 5%-10% of the total fee fund.

[3] Anderson Kill's original position related to disbursement of attorneys' fees was it would be acceptable to disburse attorneys' fees if this Court withheld funds sufficient to cover the entirety of their common benefit application, which was an astonishing $1,700,000. As outlined in the Undersigned's Motion, this Court described Anderson Kill's billing as "excessive and unreasonable" and much of it related to work that Anderson Kill had already committed to performing for a client who was paying Anderson Kill. [Rec. Doc. 22089 at pp. 13-14].

[4] Anderson Kill's initial opposition to full disbursement is related to the mechanics of claw-back in the unlikely event of some level of substantive success on appeal.

[5] The Alters Law Firm, which has filed a notice of appeal, did not file any opposition to the Undersigned's Motion.

2

firm challenges this Court's authority and jurisdiction to order disbursement of some substantial amount of the attorneys' fees fund even with a pending appeal.

## II. NONE OF THE FIRMS PROVIDE ANY MEANINGFUL ARGUMENT TO UNDERMINE THE CLEAR AND UNAMBIGUOUS WAIVER OF APPEAL LANGUAGE IN THE RESPECTIVE SETTLEMENTS.

Parker Waichman, in suggesting a hold back related to a potentially different outcome on appeal, persists in the suggestion that their appeal has some chance of actually proceeding and being successful despite, among other realities, the explicit waiver of appeal terms; however, in its papers, Parker Waichman is silent regarding the effect of the waiver of appeal terms themselves. Anderson Kill offers only a brief argument as it relates to the waiver provisions of the respective settlement agreements. As a result, there is no persuasive argument to undermine the clear and unambiguous language wherein all counsel agreed to waive any appeal of this Court's determination of the attorneys' fees.

### A. NONE OF THE FIRMS OFFER ANY JUSTIFICATION FOR FAILING TO PRESERVE AN OBJECTION TO THE WAIVER OF APPEAL TERMS SPECIFICALLY SET FORTH IN THE RESPECTIVE SETTLEMENT AGREEMENTS.

It is a fundamental principle of law, engrained in lawyers before even graduating law school, that in order to preserve a matter for appeal, with some narrow exceptions, counsel must object and raise the matter before the trial court. *Slattery v. Ancient Order of Hibernians in America*, 1998 WL 135601 (D.C. Cir. 1998) (challenge to a term of settlement agreement approved by District Court for the first time on appeal is not preserved), *citing*, *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084-85 (D.C.Cir.1984). *See also*, *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir.2010) ("[t]he general rule is that arguments not raised before the district court are waived on appeal.").

This duty to preserve a matter for appeal requires a specific effort to identify the issue and make some argument on the matter. *See, e.g., Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 89 (5th Cir.2011).  In fact, the litigant in attempting to raise a matter on appeal must show the argument was "raised to such a degree that the district court has an opportunity to rule on it." *Id*.   None of the law firms herein who have appealed even attempt to offer an after-the-fact justification for why they failed to object to the specific terms of the settlement agreements related to waiver of any appeal of this Court's determination of attorneys' fees, the impact of which they now seek to avoid.

Not only did Parker Waichman, then a member of the Plaintiffs' Steering Committee, not object to the terms, it affirmatively signed an acknowledgement of such a waiver. *See* Exhibit A. Anderson Kill was well aware of the proposed and existing settlements, both before and after approval by this Court.  In fact, Anderson Kill submitted common benefit hours dating back to 2010 and throughout the entire period of proposed settlements involving Knauf and the Global settlement; it actually submitted hours allegedly dedicated to the Global settlement.

To the extent any of the law firms would attempt to bootstrap their participation in the allocation process, including objections during the allocation litigation, as somehow translating to appropriately preserving a timely objection to the specific terms of the settlement agreements, participating in the process of allocation and objecting to the allocation is not the same as objecting to the specific waiver of appeal terms.  If participating and providing objections to a court regarding the actual allocation of disputed attorneys' fees were sufficient to preserve a theretofore unheard objection to a waiver of appeal term in a settlement agreement, it would render all similar waiver terms involving disputed fee determinations superfluous and moot.   In


short, these counsel are sophisticated sufficiently to know that the there is a duty to object so as to permit this Court to address the appropriateness of the waiver of appeal term.

Finally, while not argued in the papers filed, any suggestion that there is some fundamental due process error that would obviate the duty to specifically object so as to preserve the issue for appeal would not only be offensive to the actual process this Court structured, but would be inconsistent with the facts and the process afforded to all counsel. The record is clear – this Court afforded all attorneys a transparent, rigorous and robust process to be heard at every stage of the determination. *See, e.g.,* Rec. Doc. 22130-1, at p.9.

Simply put, none of the law firms who have appealed can provide any sustainable argument for failing to preserve the objection to the wavier of appeal term.

> **B. THE TERMS OF THE WAIVER OF APPEAL IN THE RESPECTIVE SETTLEMENT AGREEMENTS ARE CLEAR AND UNAMBIGUOUS AND NONE OF THE FIRMS CAN AVOID THE EFFECT OF THESE WAIVERS.**

As a reminder, the terms of the Knauf Settlement contained a provision addressing how the allocation of attorneys' fees would be determined:

> The PSC shall be entitled to petition the Court for an award of attorneys' fees and costs, and provided that the PSC does not seek an award of attorneys' fees and costs exceeding $160 million from the Knauf Defendants, the Knauf Defendants agree not to oppose any such request. **All attorneys' fees** and costs as well as the allocation of attorneys' fees and costs among the PSC, common benefit counsel authorized and working at the direction of the PSC, other common benefit counsel, Settlement Class Counsel and individual retained counsel **are subject to the approval of the Court and to a determination by the Court** that the common benefit counsel work was valid and bona fide. **The Court's determination shall be final and not subject to appeal.**

*See* Section 14.2 (emphasis add). [Doc. 16407-3].

Similarly, the Global Settlement Agreement, involving builders, installers, suppliers and participating insurers, stated:

> The **determination of any attorneys' fee** or court cost issue, including the allocation between and amongst the Petitioning Attorneys, **shall be determined by the Court and all Parties agree such determination is not appealable and hereby waive all appeals of any such determination**.

*See* Section 16.6. [Doc. 15695-2] (emphasis added).

Anderson Kill offers only a vague argument as to the scope of the waiver: "the language cited for waiver does not provide the broad bar alleged. The language cited can be read to apply only to 'such determination.'" [Rec. Doc. 22172, at 3]. However, this vague statement is unpersuasive and offers no sustenance whatsoever.

The terms establishing a waiver of appeal are clear, unambiguous and apply to all attorneys' fees. The Settlement Agreements made clear this Court would consider and rule upon the allocation of all attorneys' fees and that any right of appeal as to the Court's determination of attorneys' fee allocation was waived. [Doc. 16407-3, Section 14.2; Doc 15695-2, Section 16.6].

### C. WAIVERS OF APPEAL TERMS WITHIN SETTLEMENT AGREEMENTS ARE SUSTAINABLE AND SERVE AN IMPORTANT PURPOSE IN A SETTLEMENT.

A party has a right to waive a right of appeal, even a right created by statute. *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir.2006). As has been stated clearly in *Hill v. Schilling*, 495 Fed.Appx. 480, 487 (5th Cir. 2012), a case involving a waiver of an appeal of a future fee determination by the district court,

> Where a party's appeal is barred by a valid waiver, the appeal will be dismissed. *See, e.g., United States v. Bond*, 414 F.3d 542, 546 (5th Cir.2005); see also Charles Alan Wright et al., Fed. Prac. & Proc. § 3901 (2012) ("[The right to appeal] can be waived, just as the parties by settlement can waive the right to

6

> decision of their dispute by any court and can stipulate to entry of a consent judgment. The most likely occasion for waiver arises from a settlement agreement that calls for resolution of some disputed matter by the district court, coupled with an explicit agreement that the district court decision shall be final and that all rights of appeal are waived. Appeals attempted in violation of such agreements are dismissed.

(footnotes omitted). *See* Exhibit B.

Here, the terms of the appeal waiver contained in Section 14.2 and Section 16.6 of the respective settlement agreements are plain and unambiguous. *Palmer*, 456 F.3d at 488 (in interpreting the effect of an appeal waiver, the courts "employ normal principles of contract interpretation.").

In considering whether or not the waiver of appeal is made knowingly, this Court need only determine whether the parties, in this case sophisticated attorneys, understood what right they were waiving. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir.2011). Appeal waivers are valid so long as they are made knowingly and do not require the waiving party to have knowledge of all of the potential challenges that could be raised on appeal. *See Hill* at 87-88. For instance, the *Slattery* Court was presented with a challenge to a term of a settlement agreement which contemplated waiver of appeal and held:

> The written settlement agreement and stipulation of dismissal state that the parties agree not to appeal any decision by the district court relating to defendants' motion for attorneys' fees and costs. The district court reviewed the settlement agreement and incorporated the terms into its orders. The parties to the agreement are bound by its terms and have waived their right to appeal from the September 19, 1997 order of entry of judgment. *See In re Lybarger*, 793 F.2d 136, 137 (6th Cir.1986) (upholding settlement agreement in which parties agreed that court's determination of attorney's fee shall be final and the "parties waive all rights of appeal and further review"); *Brown v. Gillette*, 723 F.2d 192 (1st Cir.1983) (upholding settlement agreement in which parties stipulated that determinations to be made by district court would be "final and binding" and waiving all appellate rights).

*Slattery*, at *1. Failing to enforce such waivers would frustrate the purpose of the appeal waivers and would render the terms meaningless. *See Hill*, at 488; *see, also, United States v. Michlin,* 34 F.3d 896, 901 (9th Cir.1994).

In response, Anderson Kill states that "waivers of rights in class actions have been criticized and overturned by federal appellate courts due to due process concerns." [Rec. Doc. 22172 at p. 3]. In support, Anderson Kill cites to *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016) and *Lewis v. Epic Systems Corp.*, (7th Cir. 2016), 823 F.3d 1147. However, Anderson Kill fails to candidly explain to the Court that both of these decisions were subsequently reversed and/or vacated.[6]

The respective settlement agreements contained sustainable waivers of appeal and no law firm provides any basis for a contrary conclusion.

### III. NONE OF THE FIRMS SPECIFICALLY SEEK A STAY OF THE FINAL JUDGMENT AND DISBURSEMENT.

It is irrefutable that (1) there is no entitlement to an automatic stay of the February 5, 2019 Final Judgment and (2) none of the law firms who have filed an appeal have sought a stay. As noted in the Undersigned's Motion, even if they had, they cannot satisfy the prerequisites for a stay. The stay of a case pending appeal constitutes "extraordinary relief." *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994); *Belcher v. Birmingham Trust National Bank*, 395 F.2d 685, 685 (5th Cir. 1968).

---

[6] The Seventh Circuit decision in *Lewis* by the United States Supreme Court in *Epic Systems Corp. v. Lewis*, ___U.S.____, 138 S.Ct. 1612 (2018). Similarly, as a direct result of the United States Supreme Court opinion in *Epic Systems*, the Ninth Circuit vacated the *Morris* decision. *See, Morris v. Ernst & Young, LLP*, 894 F. 3d 1093 (2018).

Anderson Kill, before actually supporting an 80% disbursement, makes a very brief statement opposing full disbursement, not based upon a lack of authority or jurisdiction of this Court, but rather upon concerns related claw-back post appeal. While not disbursing any funds would operate as a *de facto* stay, Anderson Kill cannot, and has made no effort in its papers to, demonstrate (1) a strong showing that it is likely to succeed on the merits; (2) that it will be irreparably injured absent a stay; (3) issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) the public interest is served. *See, e.g., ODonnell v. Goodhart*, 900 F.3d 220, 229 (5th Cir. 2018).[7]

None of the law firms who appealed sought a stay and none could demonstrate irreparable harm. Mere dissipation of funds is not irreparable harm. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).

### VI. Conclusion

For the reasons set forth herein, the Undersigned respectfully seeks an Order of this Honorable Court enforcing the February 5, 2019, Final Judgment [Doc. 22092] and providing for the disbursal of the available attorneys' fees in accordance with the Court's Orders of January 31, 2018, [Doc. 21168], and February 4, 2019, [Doc. 22089].

---

[7] Anderson Kill does not explain the relevance of its citation to *Warfield v. Byron*, 436 F.3d 551 (5th Cir. 2006). The Undersigned is at a loss to understand why that case was cited in this context. Similarly, as it relates to its citation to "*SEC v. Resource Dev. Int'l LLC*, 487 F.3d 295, 382 (5th Cir. 2007)", leaving aside there is no page "382", the opinion appears to have no relevance in this specific circumstance.

Dated: March 21, 2019.

        Respectfully submitted,

        /s *Michael J. Ryan*_____
        Michael J. Ryan, Esquire
        Bar No. 975990
        Krupnick Campbell Malone
        Buser Slama Hancock P.A.
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & ServeXpress fka LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047. Dated: March 21, 2019.

        /s *Michael J. Ryan*_____
        Michael J. Ryan, Esquire
        Bar No. 975990
        Krupnick Campbell Malone
        Buser Slama Hancock P.A.
        12 S.E. 7 Street, Suite 801
        Fort Lauderdale, FL  33301
        Phone (954) 763-8181
        Fax (954) 763-8292
        pleadings-MJR@krupnicklaw.com
        mryan@krupnicklaw.com
        *Attorneys for Plaintiffs*