# EXHIBIT B

495 Fed.Appx. 480
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007. See
also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.
(Find CTA5 Rule 28 and Find CTA5 Rule 47)
United States Court of Appeals,
Fifth Circuit.

Albert G. HILL, III, individually, and as a
Beneficiary of the Margaret Hunt Trust Estate,
derivatively on behalf of the Margaret Hunt
Trust Estate, individually, as a beneficiary of
the Haroldson Lafayette Hunt, Jr. Trust Estate,
and derivatively on Behalf of the Haroldson
Lafayette Hunt, Jr. Trust Estate, Plaintiff–Appellant
v.
William SCHILLING, individually and in his
capacity as a member of the Advisory Board
M.H.T.E. and a member of the Advisory Board
of the H.H.T.E.; Ivan Irwin, Jr.; Albert G. Hill,
Jr.; Alinda H. Wikert; Lyda Hill; Heather V.
Washburne; Elisa M. Summers; Margaret Hunt
Trust Estate; Haroldson Lafayette Hunt Jr. Trust
Estate; William Herbert Hunt, in his capacity
as the personal representative of the estate of
Tom Hunt; Brett Ringle, Individually and in his
capacity as a member of the Advisory Board of the
M.H.T.E.; John W. Creecy, Individually and in
his capacity as Trustee of the H.H.T.E.; Margaret
Keliher, Individually and in her capacity as Trustee
of the M.H.T.E. and a member of the Advisory
Board of the H.H.T.E., Defendants–Appellees
v.
Stephen Malouf; Lisa Blue; Baron & Blue;
Law Offices of Stephen F. Malouf, P.C.;
Aldous Law Firm; Charla Aldous; Charla
Aldous, P.C., Intervenors Plaintiffs–Appellees
Campbell Harrison & Dagley, L.L.P.;
Calloway, Norris, Burdette & Weber,
P.L.L.C., Intervenors–Appellees
Guardian Ad Litem, Appellee

Campbell Harrison & Dagley, L.L.P., et al, Plaintiffs
Lisa Blue; Baron and Blue; Charla G.
Aldous, doing business as Aldous Law
Firm; Law Offices of Stephen F. Malouf,
P.C., Intervenor Plaintiffs–Appellees
v.
Albert G. Hill, III, Individually, and as a Beneficiary
of the Margaret Hunt Trust Estate, derivatively
on behalf of the Margaret Hunt Trust Estate,
individually, As a beneficiary of the Haroldson
Lafayette Hunt, Jr. Trust Estate, and derivatively on
behalf of the Haroldson Lafayette Hunt, Jr. Trust
Estate, Defendant–Counter Claimant–Appellant
Erin Nance Hill, Defendant–Appellant
v.
Stephen F. Malouf, Counter Defendant–Appellee
Albert G. Hill, III, individually, and as a
Beneficiary of the Margaret Hunt Trust Estate,
derivatively on behalf of the Margaret Hunt
Trust Estate, individually, as a beneficiary of
the Haroldson Lafayette Hunt, Jr. Trust Estate,
and derivatively on Behalf of the Haroldson
Lafayette Hunt, Jr. Trust Estate, Plaintiff–Appellant
v.
William Schilling, individually and in his capacity
as a member of the Advisory Board M.H.T.E. and a
member of the Advisory Board of the H.H.T.E.; Ivan
Irwin, Jr.; Albert G. Hill, Jr.; Alinda H. Wikert; Lyda
Hill; Heather V. Washburne; Elisa M. Summers;
Margaret Hunt Trust Estate; Haroldson Lafayette
Hunt Jr. Trust Estate; William Herbert Hunt, in
his capacity as the personal representative of the
estate of Tom Hunt; Brett Ringle, Individually and
in his capacity as a member of the Advisory Board
of the M.H.T.E.; John W. Creecy, Individually and
in his capacity as Trustee of the H.H.T.E.; Margaret
Keliher, Individually and in her capacity as Trustee
of the M.H.T.E. and a member of the Advisory
Board of the H.H.T.E., Defendants–Appellees
v.
Stephen Ferris Malouf; Lisa Blue; Baron &
Blue; Law Offices of Stephen F. Malouf, P.C.;
Aldous Law Firm; Charla Aldous; Charla
Aldous, P.C., Intervenor Plaintiffs–Appellees

Guardian Ad Litem, Appellee.

Nos. 12–10417, 11–10348, 12–10620.
|
Oct. 26, 2012.

**Synopsis**
**Background:** Trust beneficiary appealed from orders of the United States District Court for the Northern District of Texas in trust disputes, and from order of the District Court, Reed O'Connor, J., 843 F.Supp.2d 673, in action arising out of attorney fee dispute. Appeals were consolidated.

**Holdings:** The Court of Appeals held that:

denial of trust beneficiary's recusal motion was not abuse of discretion;

district court did not exceed its authority in ordering the sealing a trust beneficiary's state court divorce records as part of the final judgment; and

appeal waiver was enforceable.

Affirmed in part and dismissed in part.

**Attorneys and Law Firms**

**\*481** Alan Stewart Loewinsohn, Loewinsohn Flegle Deary, L.L.P., Dallas, TX, for Intervenor Plaintiffs–Appellees.

William J. Skepnek, Skepnek Law Firm, Corlin J. Pratt, Terry L. Unruh, Sherwood, Harper, Dakan, Unruh & Pratt, L.C., Wichita, KS, for Plaintiff–Appellant.

Michael Raiff, James C. Ho, Ashley E. Johnson, Gibson, Dunn & Crutcher L.L.P., George W. Bramblett, Jr., Esq., Carrie L. Huff, Esq., Haynes & Boone, L.L.P., **\*482** Donald Everett Godwin, Esq., Managing Senior Counsel, Bruce Wayne Bowman, Jr., Esq., W. Ira Bowman, Shawn Malcolm McCaskill, Israel Ramon Silvas, Godwin Ronquillo, P.C., Harry Max Reasoner, Esq., William D. Sims, Jr., Vinson & Elkins, L.L.P., Stewart Hyer Thomas, Tom Moore Dees, III, Esq., Hallett & Perrin, P.C., Dallas, TX, Laurie Ratliff, Esq., Frank N. Ikard, Jr., Ikard & Golden, P.C., Austin, TX, for Defendants–Appellees.

Appeals from the United States District Court for the Northern District of Texas (07–CV–2020) (10–CV–2269).

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

**Opinion**

PER CURIAM: [*]

**\*\*1** The three appeals consolidated for review in this case arise from federal district court litigation that, in turn, formed part of a larger family of disputes relating to the management of two trusts created by the late Texas oil magnate H.L. Hunt. After several years, the litigation was brought to a close by a judgment effectuating a comprehensive settlement between the various parties, as well as a separate judgment in a related attorneys' fees dispute that was severed from the trusts action. Dissatisfied with the district court's implementation of the settlement and its resolution of the fees dispute, plaintiff-appellant Albert G. Hill, III, a descendant of H.L. Hunt and a beneficiary of the trusts, seeks to overturn the judgments in the trust and fees disputes. In a third appeal, he argues that the district court erroneously denied his post-judgment recusal motion filed in the trust litigation.

For the reasons set forth herein, we affirm the district court's judgment in the trusts dispute and its denial of the recusal motion, and dismiss the appeal from the district court's judgment in the fees dispute.

## BACKGROUND

H.L. Hunt established the trusts at issue—the Margaret Hunt Trust Estate ("MHTE") and the H.L. Hunt, Jr. Trust Estate ("HHTE")—in the names of his two eldest children. Margaret Hunt had three children, including Albert G. Hill, Jr. ("Al Hill, Jr."), all of whom were beneficiaries of both the MHTE and HHTE. Al Hill, Jr. in turn also had three children—one of whom is appellant Albert G. Hill, III ("appellant" or "Al Hill, III")—and all three of those children were also beneficiaries of both trusts. The appellees consist of the trustees and advisory boards of the MHTE and HHTE; other beneficiaries of those trusts, including Al Hill, Jr. and his two siblings and Al Hill, III's two siblings; a guardian ad litem appointed by the district court to represent the interests of Al Hill, III's

minor children and other potential future beneficiaries; and several of Al Hill, III's former attorneys in the underlying litigation, who seek affirmance of the district court's resolution of a fee dispute with Al Hill, III.

Appellant Al Hill, III initiated the instant litigation in Texas state court in December 2007, alleging various forms of wrongdoing in the management of the MHTE and HHTE trusts, and seeking, inter alia, a declaration that he was a direct and vested beneficiary of the MHTE. After removal to federal district court and several years of extensive litigation—involving dozens of related lawsuits in various state trial courts in addition to the federal litigation—the parties on May 13, 2010 entered into a Global Settlement **483** and Mutual Release Agreement (the "Settlement Agreement") which left a number of details and considerable documentation to be implemented under the jurisdiction of the district court. On November 8, 2010, after considering various proposed judgments and arguments from the parties concerning the implementation of the Settlement Agreement, the district court entered its Final Judgment. Following entry of the Final Judgment, appellant filed a motion to alter or amend the Final Judgment, challenging the Final Judgment's implementation of the Settlement Agreement on various grounds. Later, on March 12, 2012, appellant filed a recusal motion arguing that District Judge O'Connor should have recused himself because of Judge O'Connor's spouse's ownership of stock in ExxonMobil Corporation ("Exxon"), which, through acquisitions that took place during the course of the litigation, came to own the former Hunt Petroleum Company, which had been a major asset in the MHTE and HHTE trusts. The district court denied that motion as untimely filed and on the merits. Appellant also appeals the district court's award of attorneys' fees to his prior attorneys in the trusts action—Lisa Blue, Charla Aldous, and Stephen Malouf (referred to by the parties collectively by the acronym "BAM")—in a fees dispute that the district court severed from that underlying action.

 **2  Al Hill, III timely appealed the district court's Final Judgment in the trusts litigation, its denial of his recusal motion, and its award of attorneys fees in the severed action. We consolidated the three appeals for review.

### DISCUSSION

We consider in turn appellant's arguments that the district court abused its discretion in denying his recusal motion, exceeded its authority in entering the Final Judgment, and erred in its award of attorneys' fees to the BAM attorneys. For the following reasons, we affirm in the appeals regarding the first two issues and dismiss, as contractually barred, the appeal regarding the third.

### I.

In appeal 12–10620, appellant argues that his recusal motion was timely and that Judge O'Connor should have recused himself under 28 U.S.C. § 455(a) and (b)(4) because "his impartiality might reasonably [have been] questioned" and because "his spouse ... ha[d] a financial interest" in either a "party to the proceeding" or "the subject matter in controversy" due to her ownership of Exxon stock. See 28 U.S.C. § 455(a), (b)(4). Because we affirm on the basis of untimeliness, we do not reach the merits of the recusal issue.

We review the district court's denial of appellant's recusal motion for abuse of discretion. *Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir.2003); *Garcia v. Woman's Hosp. of Tex.,* 143 F.3d 227, 230 (5th Cir.1998). "[D]eference ... is the hallmark of abuse-of-discretion review." *Love v. Tyson Foods, Inc.,* 677 F.3d 258, 262 (5th Cir.2012) (alterations in original) (quoting *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Id.* (quoting *McClure v. Ashcroft,* 335 F.3d 404, 408 (5th Cir.2003)). We conclude that the district court did not abuse its discretion in denying the recusal motion.

"[This] court has recognized that a timeliness requirement applies to raising § 455(a) disqualification." *Travelers Ins. Co. v. Liljeberg Enters., Inc.,* 38 F.3d 1404, 1409–10 (5th Cir.1994). "[Our] general rule on timeliness requires that 'one seeking disqualification must do so at the earliest moment after knowledge of the facts **484** demonstrating the basis for such disqualification.' The most egregious delay—the closest thing to *per se* untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal." *United States v. Sanford,* 157 F.3d

987, 988–89 (5th Cir.1998) (quoting *Travelers Ins. Co.,* 38 F.3d at 1410). Thus, "[w]e have rejected recusal challenges on appeal when the challenger waited to see if he liked an outcome before springing the recusal issue," and "rejected other challenges on appeal as simply too late under the facts to be timely." *Id.* at 989.

**\*\*3** The district court's conclusion that the recusal motion was untimely was based on its review of various documents filed below. The district court found that appellant "knew in late 2009 that the Court's spouse worked for Exxon"; that "[appellant], [his wife Erin Hill], and their various attorneys ha[d] known for years that if Exxon were joined as a party, the Court's spouse's ownership of Exxon stock would have likely required the Court to recuse"; and that "[e]ven giving [appellant] the benefit of the doubt, the latest possible date that [appellant] could claim to have learned about the stock ownership was April 2011, when [certain] e-mail communications relating to the Court's spouse's ownership of Exxon stock were admitted into evidence at trial in the [attorneys' fees litigation]."

In other words, the district court found that appellant or his attorneys knew of the Exxon stock by April 2011 at the latest. This factual finding was based on the record evidence and was not clearly erroneous. *See, e.g., Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.,* 485 F.3d 793, 796–97 (5th Cir.2007) ("A finding of fact is clearly erroneous only when 'although there may be evidence to support it, the reviewing court on the entire [record] is left with the definite and firm conviction that a mistake has been committed.' ").

Moreover, the circumstances of Al Hill, III's recusal motion—filed only *after* he had unsuccessfully moved to alter the district court's Final Judgment—lend substantial additional support to the district court's decision. *See United States v. York,* 888 F.2d 1050, 1055 (5th Cir.1989) ("[Our] timeliness requirement [for recusal motions] ... prohibits knowing concealment of an ethical issue for strategic purposes."); *Delesdernier v. Porterie,* 666 F.2d 116, 121 (5th Cir.1982) ("Congress did not enact § 455(a) to allow counsel to make a game of the federal judiciary's ethical obligations; we should seek to preserve the integrity of the statute by discouraging bad faith manipulation of its rules for litigious advantage."). Particularly in light of the expansive nature of these proceedings, considerations of judicial economy likewise countenance our conclusion

that the district court did not abuse its discretion. *See York,* 888 F.2d at 1055 ("The motivation behind a timeliness requirement [for § 455(a) and (b) motions] is ... to a large extent one of judicial economy."); *see also, e.g., Martin v. Monumental Life Ins. Co.,* 240 F.3d 223, 237 (3d Cir.2001).

Accordingly, we conclude that the district court did not abuse its discretion in denying the recusal motion and therefore affirm in appeal 12–10620.

## II.

In appeal 11–10348, appellant challenges the district court's Final Judgment in the trusts litigation, arguing that in implementing the Settlement Agreement in order to bring this litigation to a close, the district court impermissibly added several terms to which appellant never agreed. Specifically, appellant argues that the district **\*485** court committed reversible error by including terms in the Final Judgment providing that: (1) the irrevocable discretionary asset protection trust appellant agreed to create for his minor children be in the form set forth in exemplars submitted by the guardian ad litem, thus limiting appellant's ability to control the form that new trust would take; (2) certain future trust distributions be paid into the court registry rather than to Al Hill, III directly; (3) certain orders and records in the district court docket be sealed or vacated; and (4) certain state court records regarding Al Hill, Jr.'s divorce be sealed. We affirm.

### A.

**\*\*4** First, as appellees correctly note, appellant has forfeited all but one of his challenges to the Final Judgment by failing to adequately preserve them below. "The general rule is that arguments not raised before the district court are waived on appeal." *Balentine v. Thaler,* 626 F.3d 842, 848 (5th Cir.2010). "Although no bright-line rule exists for determining whether a matter was raised below, for a litigant to preserve an argument for appeal, it must press and not merely intimate the argument during the proceedings before the district court[.] The argument must be raised to such a degree that the district court has an opportunity to rule on it." *Rosedale Missionary Baptist Church v. New Orleans City,* 641 F.3d 86, 89

(5th Cir.2011) (citations and internal quotation marks omitted). Importantly, "[a] motion to alter or amend [a] judgment ... cannot be used to raise arguments that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.,* 542 F.3d 1053, 1058 (5th Cir.2008) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). Thus, arguments first raised in a Rule 59(e) motion to alter and amend a judgment are not entertained on appeal. *Kohler v. Englade,* 470 F.3d 1104, 1114 (5th Cir.2006); *Trust Co. Bank v. U.S. Gypsum Co.,* 950 F.2d 1144, 1152 n. 16 (5th Cir.1992). [1]

Appellant argues that because he submitted a number of filings prior to judgment in which he argued that the district court lacked authority to enter a judgment containing "any new terms that were not either contained in the [Settlement Agreement] ... itself or specifically agreed to by the parties," and because appellant's own "proposed judgment did not contain any of the four provisions that are the subject of this appeal," the district court had an opportunity to rule on the claims he now raises. Thus, by his own account appellant did not raise most of the specific objections to the appellees' proposed judgment terms that he now pursues until his post-judgment Rule 59(e) motion. Nonetheless, appellant contends that it would have been impracticable to specifically object, prior to judgment, to the particular language in appellees' proposed judgments he now takes issue with because of the length of the various proposals. **\*486** He further argues that he made general objections to the inclusion of any terms in the Final Judgment not specifically set forth in the Settlement Agreement, and that this was sufficient to give the district court an opportunity to rule on the objections he now raises prior to the rendition of the judgment. In fact, however, the district court's memorandum denying appellant's post-judgment motion persuasively indicates that the district court was *not* sufficiently apprised by appellant of his objections to the proposed terms subsequently adopted in the Final Judgment, with the exception of appellant's specific challenge to the sealing of his father's divorce records.

**\*\*5** Accordingly, because appellant failed to preserve his other challenges to the Final Judgment, we consider only his argument that the district court exceeded its authority in ordering the sealing of Al Hill, Jr.'s state court divorce records as part of the Final Judgment.

**B.**

"[T]he construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Fl. Educ. Ass'n, Inc. v. Atkinson,* 481 F.2d 662, 663 (5th Cir.1973); *accord Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 196 (5th Cir.1991). However, because "public policy strongly encourages the settlement of cases[,] ... we prefer upholding settlements rather than overturning them." *Ho v. Martin Marietta Corp.,* 845 F.2d 545, 547 n. 2 (5th Cir.1988); *see also Core–Vent Corp. v. Implant Innovations, Inc.,* 53 F.3d 1252, 1259 (Fed.Cir.1995) ("Those who employ the judicial appellate process to attack a settlement through which controversy has been set to rest bear a properly heavy burden.").

Significantly, the Settlement Agreement here indicated that considerable further details remained to be supplied by and agreed upon by the parties, and specifically authorized the district court to resolve disputes that might arise in that process. The Settlement Agreement provides that "the Agreeing Parties recognize that this Agreement is the definitive act in [settling the Litigation in all respects], with the understanding that there will have to be considerable documentation (the 'Documentation') approved by the relevant parties to the Litigation to effect implementation of all the terms of this Agreement"; and that "[a]ny controversy or claim arising after the date of execution of this Agreement and the Documentation shall be resolved by the Federal Court, the Honorable Reed O'Connor, who shall retain continuing jurisdiction over this Agreement."

The district court explained that it adopted the provision of the Final Judgment sealing the divorce records in order "to protect sensitive personal and financial information" as "one part of th[e] effort to buy peace between all the parties involved," and in light of the fact that "[t]he parties entered into the [Settlement Agreement] with the intention of reaching a peaceful agreement on several contentious issues." We conclude that the above-referenced provisions of the Settlement Agreement gave the district court ample power to do so. Accordingly, the district court did not exceed its authority, and we affirm its judgment in appeal 11–10348. [2]

**\*487 III.**

Finally, in appeal 12–10417, appellant attempts to appeal the district court's ruling in the severed attorneys' fees dispute between himself and the BAM attorneys, a set of his former attorneys in the trusts litigation. We must dismiss the appeal as barred by a valid appeal waiver agreement.

"A [party] may waive his [or her] statutory right to appeal provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Palmer,* 456 F.3d 484, 488 (5th Cir.2006). Where a party's appeal is barred by a valid waiver, the appeal will be dismissed. *See, e.g., United States v. Bond,* 414 F.3d 542, 546 (5th Cir.2005); *see also* Charles Alan Wright et al., Fed. Prac. & Proc. § 3901 (2012) ("[The right to appeal] can be waived, just as the parties by settlement can waive the right to decision of their dispute by any court and can stipulate to entry of a consent judgment. The most likely occasion for waiver arises from a settlement agreement that calls for resolution of some disputed matter by the district court, coupled with an explicit agreement that the district court decision shall be final and that all rights of appeal are waived. Appeals attempted in violation of such agreements are dismissed." (footnotes omitted)).

**\*\*6** As appellant acknowledges in his brief, he "entered into an agreement to submit the BAM fee dispute for resolution by the District Court," and, "[a]s a part of that agreement[,] [he] waived ... his right of appeal to this Court." That agreement, which set forth various procedures for the magistrate judge's and district court's resolution of the attorneys' fees dispute, stated in pertinent part as follows:

> The Parties agree that [Magistrate] Judge Toliver's ruling on the Fee Dispute can be appealed only to Judge O'Connor.... Other than the appeal to Judge O'Connor specifically provided for herein, the Parties agree to waive all other rights to appeal on any grounds, including but not limited to the grounds of personal or subject matter

jurisdiction or any substantive or procedural basis including but not limited to an appeal to the United States Court of Appeals for the Fifth Circuit and/or the United States Supreme Court.

"In determining whether a[n] [appeal] waiver applies, we employ normal principles of contract interpretation." *Palmer,* 456 F.3d at 488. The terms of the appeal waiver plainly apply here, and appellant does not argue to the contrary. Instead, appellant contends that the appeal waiver agreement should not be enforced because when he entered into the agreement he did not know of Judge O'Connor's wife's ownership of Exxon stock. However, as stated above in connection with our conclusion that the district court did not abuse its discretion in denying appellant's recusal motion, appellant has not demonstrated clear error in the district court's supported factual finding that appellant **\*488** did in fact have prior knowledge of this information.

Moreover, an appeal waiver agreement is made knowingly so long as the party understands *the right to appeal* that he or she is giving up. *See United States v. Jacobs,* 635 F.3d 778, 781 (5th Cir.2011). Naturally, in order for such a waiver to be voluntary, the parties need not have knowledge of all facts relating to all potential challenges that could be raised on appeal. A contrary rule would permit parties to negate the very purpose of appeal waiver agreements. *See, e.g., United States v. Michlin,* 34 F.3d 896, 901 (9th Cir.1994) ("We reject defendants' argument that under the language of the plea agreements they did not waive their right to appeal incorrect applications of the Sentencing Guidelines. Defendants' construction of the plea agreement would render the waiver meaningless.").

Consequently, we dismiss appeal 12–10417 as barred by the appeal waiver agreement.

**CONCLUSION**

For the foregoing reasons, we AFFIRM in appeals 12–10620 and 11–10348 and DISMISS appeal 12–10417. All outstanding motions are DENIED.

**All Citations**

495 Fed.Appx. 480, 2012 WL 5278914

Footnotes

\*    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1    An exception exists to the "general rule[ ] [that] arguments not raised before the district court are waived and will not be considered on appeal" where "the party can demonstrate 'extraordinary circumstances.' " *State Indus. Prods. Corp. v. Beta Tech., Inc.,* 575 F.3d 450, 456 (5th Cir.2009) (quoting *N. Alamo Water Supply Corp. v. City of San Juan,* 90 F.3d 910, 916 (5th Cir.1996)). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.* (quoting *N. Alamo Water Supply,* 90 F.3d at 916). Appellant argues that his pre-judgment arguments that the judgment should contain no terms not agreed to in the Settlement Agreement were sufficient to preserve the more specific challenges he now raises on appeal. However, he does not alternatively argue that the "extraordinary circumstances" exception applies.

2    In arguing to the contrary, appellant cites to language in cases reviewing district court decisions to approve settlements in legal contexts where such approval is required by rule or statute, such as class action settlements governed by *Federal Rule of Civil Procedure 23(e)*. *See Evans v. Jeff D.,* 475 U.S. 717, 726–27, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); *Cotton v. Hinton,* 559 F.2d 1326, 1329–32 (5th Cir.1977); *United States v. Allegheny–Ludlum Indus., Inc.,* 517 F.2d 826, 850 (5th Cir.1975). Such was not the circumstance here. Appellant also relies upon *Janus Films, Inc. v. Miller,* 801 F.2d 578 (2d Cir.1986). However, that case did not involve a settlement agreement, like that here, that specifically empowered the district court to resolve disputes in the agreement's effectuation. *Cf. Huertas v. E. River Housing Corp.,* 813 F.2d 580, 582 (2d Cir.1987) (indicating that where an "agreement in principle" between the parties did not speak to the issue of attorneys' fees, a district court could not "impose on the parties his own determination of attorneys' fees *without the parties having consented to that procedure* " (emphasis added)).

---

End of Document        © 2019 Thomson Reuters. No claim to original U.S. Government Works.