# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | : | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | SECTION: L |
| LITIGATION | : | JUDGE FALLON |
| | : | MAG. JUDGE WILKINSON |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| *ALL CASES* | : | |
| | : | |

## KRUPNICK CAMPBELL MALONE ET AL.'S OPPOSITION TO JOINT MOTION TO STRIKE

Krupnick Campbell Malone et al. (hereinafter "KCM") filed a Motion for Immediate Disbursement of the Attorney's Fees Pursuant to Final Judgment.  [Rec. Doc. 22130].  This Court set a very specific briefing schedule, allowing any oppositions to be filed by March 20, 2019 and a reply by March 27, 2019.  [Rec. Doc. 22143]. Three law firms filed responses and/or oppositions to KCM's Motion.[1] Parker Waichman did not file any opposition.[2]  KCM filed a timely Reply memorandum. [Rec. Doc. 22175].  Now, through an invented legal fiction of a "motion to strike", the movant firms now seek to file an untimely opposition and/or a sur-reply without seeking leave of the Court.  [Rec. Doc.  22181]. The Joint Motion should be denied.

---

[1] On March 14, 2019, McCallum, Hoaglund, Cook & Irby, LLP and Gentle, Turner, Sexton & Harbison filed a Motion for Disbursement of Individually Retained Counsels' Fees. [Rec. Doc. 22151; 22168].  Their position was reiterated in what they captions as a "Reply" to the subject Motion, which simply attached their motion for disbursement and provided no legal argument contradicting the waiver of appeal issues set forth in the.   [Rec. Doc. 22169].  Anderson Kill filed an opposition on March 20, 2019, but similarly made a proposal for disbursal.  [Rec. Doc. 22172].

[2] Parker Waichman did file its own motion requesting this Court to disburse 80% of the attorneys' fee fund. [Rec. Doc. 22170].

1

KCM's initial Motion specifically raised, among other matters, the waiver of appeal terms in the Knauf and Global Settlements, which prevents counsel from appealing this Court's determination of attorneys' fees, and the failure of any counsel to preserve any argument related to those terms through a timely objection to those specific terms of the settlement agreement. *See* Rec. Doc. 22130, incorporated fully herein and as if restated; *see also* Doc. 16407-3, Section 14.2; Doc 15695-2, Section 16.6. Anderson Kill offered a brief argument related to waiver and the failure to preserve an objection to the waiver of appeal terms. None of the other firms chose to do so.

On March 22, 2019, KCM filed a timely Reply. Responding to the issues raised by Anderson Kill and highlighting legal and factual arguments in support of the Undersigned's initial motion, the Reply addressed issues which were directly relevant to the Court's consideration. *See* Rec. Doc. 22175. However, the movant Firms now seek, without a basis in rule, law or fact, to strike KCM's Reply. [Rec. Doc. 22181]  This Motion to Strike is inappropriate and a violation of the Court's March 11, 2019 Order on briefing. [Rec. Doc. 22143]

The movant Firms, having reviewed KCM's Reply and recognizing it failed to file a timely opposition to KCM's Motion pursuant to the Court's March 11, 2019 Order, invents the fiction of a "motion to strike" the reply. If they were to have filed an untimely opposition to KCM's initial motion, such would be likely stricken as a direct violation of the Court's Order. Further, they must have recognized there would be no legal basis for a motion to seek leave to file an untimely opposition or a sur-reply. As a result, they open a new line of motion practice predicated upon a supposed urgency to strike KCM's Reply.

In their Motion to Strike Memorandum, the movants then proceed to provide argument they would have potentially raised in an untimely response or opposition. However, when it comes to the jurisdiction of this Court, importantly, each of the firms sought some amount of disbursement through their own motions or stipulation to such. The movant Firms conceded the jurisdiction and authority of this Court to disburse funds and should be judicially estopped from now suggesting this Court lacks jurisdiction and authority to disburse funds or to make the necessary findings for such disbursal.

The intention of the "motion to strike" is to address their movants well-founded fear, having now read KCM's arguments, that this Court may make findings that (1) there were waivers of appeal contained in the Knauf and Global settlement agreements; (2) the waiver terms were clear and unambiguous; (3) none of the law firms, no less Parker Waichman, filed any timely objections to the waiver terms; (4) Parker Waichman actually executed a signed acknowledgment of the waiver of appeal; (5) that the failure to timely object to the settlement agreement means they have failed to preserve an objection; and, (6) that failure to preserve their objection constitutes a waiver for the purposes of challenging the waiver of appeal terms on appeal.

Nothing has changed : all Counsel, including those who have filed notices of appeal, unanimously agree: (1) this Court has the authority and jurisdiction to disburse attorneys' fees notwithstanding the notices of appeal; and, (2) a substantial amount of those fees, be it 80% or 100%, should be distributed. The only new consideration is that the movant Firms fear the facts related to their waiver of appeal and wants this Court, if it were to disburse funds, to shy away from one of the arguments as to why disbursal is appropriate : no party has sought a stay of the

3

Final Judgment nor they could successfully do so in light of the inability to demonstrate any prospect of success on appeal as a result of the waiver of appeal terms and the failure to preserve any objection with a timely object to the settlement terms.

All that being said, because no counsel contest the authority and jurisdiction of this Court to order disbursement of attorneys' fees, this Court is empowered to order disbursement pursuant to any of the pending motions without making a finding of waiver or the failure to preserve any objections to the settlement agreement terms. [Rec. 22130; 22151; 22168; 22170. *See also* 22172].

For the reasons set forth herein, the Undersigned respectfully seeks an Order of this Honorable Court denying the Joint Motion to Strike KCM's Reply [Rec. Doc. 22181].

Dated: March 25, 2019.

Respectfully submitted,

/s *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone
Buser Slama Hancock P.A.
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Motion to Strike has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & ServeXpress fka LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047.

Dated:   March 25, 2019.

/s *Michael J. Ryan*
Michael J. Ryan, Esquire
Bar No. 975990
Krupnick Campbell Malone
Buser Slama Hancock P.A.
12 S.E. 7 Street, Suite 801
Fort Lauderdale, FL  33301
Phone (954) 763-8181
Fax (954) 763-8292
pleadings-MJR@krupnicklaw.com
mryan@krupnicklaw.com
*Attorneys for Plaintiffs*