## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |
| THE MITCHELL COMPANY, INC., individually and on behalf of others similarly situated | |
| Plaintiff, | Case No. 09-cv-4115 |
| vs. | |
| KNAUF GIPS KG, a German corporation; KNAUF PLASTERBOARD (TIANJIN CO., LTD., a Chinese limited liability corporation; TAISHAN GYPSUM CO., LTD. (f/k/a Shandong Taihe Dongxin Co., Ltd.), a Chinese limited liability corporation); INTERIOR & EXTERIOR BUILDING SUPPLY, L.P., a limited partnership; and RIGHTWAY DRYWALL, INC., a Georgia corporation, | |
| Defendants. | |

## REPLY IN SUPPORT OF DEFENDANT TAISHAN'S MOTION TO STRIKE DECLARATION OF DR. ROBERT DEMOTT

Mitchell seeks to remedy one of its many fatal problems related to class certification—the absence of numerosity—by improperly submitting new evidence with its reply brief. *See* Declaration of Dr. Robert DeMott (Rec. Doc. 22100-1). Mitchell now argues that Taishan will not be prejudiced by this new, untimely evidence. (Rec. Doc. 22137). Taishan will be prejudiced, but in any event, the Court should strike the Declaration as irrelevant on its face to the issue of class certification.

Mitchell cannot be heard that Taishan will not be prejudiced by its untimely attempt to submit new evidence. Taishan will have no opportunity to depose Dr. Robert DeMott before the

April 17, 2019 hearing on the Motion to Strike.[1] Taishan therefore has no way to adequately respond to Mitchell's prejudice argument or to the factual assertions in the Declaration. Because of this prejudice, the Court should strike the untimely Declaration.

The Court should grant the Motion to Strike in any event because the Declaration is irrelevant and unhelpful to prove numerosity and other class certification requirements. The Declaration states that Environ International was involved in the remediation of homes built by an unspecified ten of the builders listed in Exhibit A attached to the Declaration and an additional four unnamed builders not listed in Exhibit A. The Declaration lacks any specificity regarding the actual identity of these 14 homebuilders[2]. Moreover, it is unclear based on the Declaration whether Dr. DeMott even has personal knowledge regarding which homebuilders allegedly belong in the purported class. At most, giving full credit to all the vague assertions in the Declaration, the Declaration supports the existence of an additional fourteen homebuilders as potential members in the purported class. This brings the total number of homebuilders evidenced by Mitchell to eighteen at most[3], still well below the generally accepted threshold for proving numerosity. *See Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 624 (5th Cir. 1999) (noting that a class of

---

[1] Counsel for Taishan and Mitchell have tried unsuccessfully to find an agreeable date to depose Dr. DeMott before the April 17, 2019 hearing. Due to necessary court appearances on both sides and Dr. DeMott traveling out of the country, the parties have been unable to find a time sufficiently in advance of April 17 to conduct a deposition.

[2] Given the clear relatedness of some of the Exhibit A listings, DeMott's statement that Environ was retained by 10 of the homebuilders may exaggerate the extent of Environ's clientele. For example, three of the listed homebuilders are "G.L. Homes" entities, three are "K. Hovnanian" entities, and three are "Standard Pacific" entities. As noted above, Taishan has not been able to depose Dr. DeMott to learn more about the "10" he says Environ served.

[3] At deposition, Mitchell's corporate representative could name only four other potential members of the class: Beazer, D.R. Horton, Lennar, and WCI. *See* Chester Stefan 30(b)(6) Dep. 103:19-105:3. As discussed in Taishan's Opposition to Mitchell's Renewed Motion for Class Certification, Lennar has already settled all claims against Taishan and therefore cannot be a member of the purported class. (Rec. Doc. 22080 at 15).

forty members raises a presumption that joinder is impracticable); *Reyes v. Julia Place Condo. Homeowners Ass'n*, 2017 U.S. Dist. LEXIS 12722, at *7 (E.D. La. Jan. 31, 2017) ("Eighteen members clearly does not raise a presumption that joinder is impracticable."). This Declaration is therefore irrelevant and facially deficient as it relates to Mitchell's numerosity argument.

As is the practice of Fifth Circuit courts, this Court should "to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008). Because Dr. Robert DeMott's Declaration is both prejudicial and irrelevant to the class certification question, the Court should grant Taishan's Motion to Strike and exclude all statements in Mitchell's Reply that refer to and/or rely on the Declaration.

Respectfully submitted this 25th day of March 2019.

/s Michael P. Kenny
Bernard Taylor, Esq.
Georgia Bar No. 669625
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
Louisiana Bar No. 13331

HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras Street, Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com

*Local Counsel for Taishan Gypsum Co., Ltd. and
Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 25th day of March, 2019.

<u>/s Michael P. Kenny</u>
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia  30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and*
*Tai'an Taishan Plasterboard Co., Ltd.*