Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _21_ day of _January_, 201_4_ is entered into by [name(s) of property owners] _Leroy and Sylvia Bontrager_ (hereinafter "Claimant") (Social Security Number(s) _____, _Sylvia_ owner of the property located at _1660_ Renaissance Commons Boulevard, Unit _2111_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _06/07/2011_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

Leroy Bontrager                    Claimant

_____

Claimant SS #

STATE OF _____FL_____, COUNTY OF ___Palm Beach___

    I certify that on ___Jan. 21___, 2014, Leroy Bontrager personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____

Notary Public

_____

[Printed Name of Notary]

My Commission Expires: 7-21-15

| DAXA HASNANI |
| Notary Public, State of Florida |
| Commission# EE 114625 |
| My comm. expires July 21, 2015 |

_____

Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____
Sylvia Bontrager              Claimant

_____
                              Claimant SS #

STATE OF ___FL___, COUNTY OF __Palm Beach__

I certify that on __21 Jan__, 2014, Sylvia Bontrager personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: __July-21 2015__

DAXA HASNANI
Notary Public, State of Florida
Commission# EE 114625
My comm. expires July 21, 2015

_____
Counsel   Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _1st_ day of _November_, 201_3_ is entered into by [name(s) of property owners] __RMM Investments, LLC__ (hereinafter "Claimant") (Social Security Number(s) ___6163___), owner of the property located at __1660__ Renaissance Commons Boulevard, Unit __2112__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/06/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

 b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

 c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
RMM Investments, LLC         Claimant

                    6163
_____
                    Claimant SS #

STATE OF ___Florida___, COUNTY OF __Palm Beach__

    I certify that on ___November 1___, 201 3, __David Diaz__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

PETER BRUCE WEINTRAUB
Notary Public - State of Florida
My Comm. Expires Oct 12, 2017
Commission # FF 030321
Bonded Through National Notary Assn.

_____
Notary Public

[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __21__ day of __January__, 201_4_ is entered into by [name(s) of property owners] __Murphy Madigan__ (hereinafter "Claimant") (Social Security Number(s) __3449__, owner of the property located at __1660__ Renaissance Commons Boulevard, Unit __2119__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Murphy Madigan                          Claimant

_____
3449
Claimant SS #

STATE OF ___FLORIDA___, COUNTY OF ___PALM BEACH___

   I certify that on __JANUARY 21__, 2014, __M. MADIGAN__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

___TERRY W. BRAUN___
[Printed Name of Notary]

My Commission Expires: __1/23/15__

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

_____
Murphy Madigan        Claimant

3449
_____
Claimant SS #

STATE OF ___FLORIDA___ , COUNTY OF ___Palm BEACH___

    I certify that on ___January 21___ , 201_4_ , _M. MADIGAN_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

___TERRY W. BRAUN___
[Printed Name of Notary]

My Commission Expires: ___1-23-15___

_____
Counsel    Daniel K. Bryson

Law Firm: ___Whitfield Bryson & Mason LLP___

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _19th_ day of _November_, 201**3** is entered into by [name(s) of property owners] _Robert Miller_ (hereinafter "Claimant") (Social Security Number(s) _1853_), owner of the property located at _1660_ Renaissance Commons Boulevard, Unit _2205_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _10/29/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4.  Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5.  Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6.  The following claims are reserved (the "Reserved Claims"):

    a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Robert M. Miller_
Robert Miller                          Claimant

_1853_
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _19 November_, 201**3**, _R. Miller_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Kimberly Probin_
Notary Public

_Kimberly Probin_
[Printed Name of Notary]

My Commission Expires: _2-14-15_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Robert M. Miller_
_____
Claimant

_____ _1853_ _____
Claimant SS #

STATE OF _____, COUNTY OF _____

    I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __16__ day of __January__, 20_1_ is entered into by [name(s) of property owners] __Carlos Gomez__ (hereinafter "Claimant") (Social Security Number(s) _____), owner of the property located at __1660__ Renaissance Commons Boulevard, Unit _2210_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __07/27/2012__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.     Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.     Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Carlos Gomez                                    Claimant

_____
                                                Claimant SS #

STATE OF _Florida_____, COUNTY OF _Orange_____

I certify that on __January 17___, 2014, _Carlos Gomez_personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public
_Alba Lucia Vidal_____
[Printed Name of Notary]

My Commission Expires: _03|15| 2015_

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

ALBALUCIA VIDAL
MY COMMISSION # EE 073194
EXPIRES: March 13, 2015
Bonded Thru Notary Public Underwriters

Page 9 of 10

_Carlos Gomez._
_____
Claimant

_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Orange_

    I certify that on _January 17_ , 2014, _Pablos Gomez_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Albalucia Vidal_
[Printed Name of Notary]

My Commission Expires: _03/15/2015_

ALBALUCIA VIDAL
MY COMMISSION # EE 073194
EXPIRES: March 13, 2015
Bonded Thru Notary Public Underwriters

_Dan Bryson_
_____
Counsel   Daniel K. Bryson

Law Firm:   Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _5_ day of _Nov_____, 201_3_ is entered into by [name(s) of property owners] ____Nancy Meinholz_____ (hereinafter "Claimant") (Social Security Number(s) _____4799_ owner of the property located at __1660___ Renaissance Commons Boulevard, Unit _2211_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __02/28/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Page 8 of 10

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Nancy Meinholz                    Claimant

_____
4199
Claimant SS #

STATE OF ____Florida____, COUNTY OF __Palm Beach__

I certify that on __November 4th__, 2013, __Nancy Meinholz__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

REX DENDINGER III
Notary Public - State of Florida
My Comm. Expires Jun 2, 2017
Commission # FF 023202

_____
Notary Public

__Rex Dendinger__
[Printed Name of Notary]

My Commission Expires: __6-2-2017__

_____
Counsel   Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_____
Claimant

-4799
_____
Claimant SS #

STATE OF __Florida__, COUNTY OF __Palm Beach__

I certify that on __November 4th__, 201_3_, _Nancy Meinholz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



_____
Notary Public

_Rex Dendinger_
[Printed Name of Notary]

My Commission Expires: _6-2-17_

**REX DENDINGER III**
**Notary Public - State of Florida**
**My Comm. Expires Jun 2, 2017**
**Commission # FF 023202**

_____
Counsel   Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 12 day of March, 2014 is entered into by [name(s) of property owners] Louis Pompeo (hereinafter "Claimant") (Social Security Number(s) 4018 owner of the property located at 1660 Renaissance Commons Boulevard, Unit 2305 Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 2|13 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Claimant

4078
_____
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _March 12_, 2014, _Louis Pomped_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document as his act and deed.

LYNDSAY CLAIRE MONFORT
MY COMMISSION # EE101009
EXPIRES June 07, 2015
(407) 398-0153    FloridaNotaryService.com

_____
Notary Public

_Lyndsay Claire Monfort_
[Printed Name of Notary]

My Commission Expires: _6/7/2015_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____
Claimant

4078
_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _March 12_ , 2014, _Louis Pompeo_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

> LYNDSAY CLAIRE MONFORT
> MY COMMISSION # EE101009
> EXPIRES June 07, 2015
> FloridaNotaryService.com

Notary Public

_Lyndsay Claire Monfort_
[Printed Name of Notary]

My Commission Expires: _6 | 7 | 2015_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **31st** day of _**October**_ , 201**3** is entered into by [name(s) of property owners]

_George Luntz and Adrienne Luntz_ (hereinafter "Claimant") (Social Security Number(s) **1954 3238** ), owner of the property located at **1660** Renaissance Commons Boulevard, Unit **2501** , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] **02/07/2007** .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC_, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC, et al._, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____   _____
George Luntz                               Claimant

1954

_____
                                                  Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on ____10/31_____, 2013, George Luntz personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Linda Bickley_____
[Printed Name of Notary]

My Commission Expires: _5/21/2015_____

LINDA BICKLEY
MY COMMISSION # EE 089709
EXPIRES: May 21, 2015
Bonded Thru Budget Notary Services

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP___

Page 9 of 10



_____
Adrienne Luntz                    Claimant

3838

_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

I certify that on _10|31_ , 2013, _Adrienne Luntz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Linda Bickley_
Notary Public

_Linda Bickley_
[Printed Name of Notary]

My Commission Expires: _5/21/15_

LINDA BICKLEY
MY COMMISSION # EE 089709
EXPIRES: May 21, 2015
Bonded Thru Budget Notary Services

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _3 1_ day of
_OCTOBER_, 201_3_ is entered into by [name(s) of property owners]
_Louis Cammarata and Michelle Cammarata_ (hereinafter "Claimant") (Social Security Number(s)
_4908_
_3 5 9 5_), owner of the property located at _1660_ Renaissance Commons Boulevard,
Unit _2503_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _02/21/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

 b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

 c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Louis Cammarata_
Louis Cammarata                    Claimant

_4908_
Claimant SS #

STATE OF _New Jersey_, COUNTY OF _ESSEX_

I certify that on _October 31_, 201_3_, _Lois Cammarata_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Tatjana Alvarez_
[Printed Name of Notary]

TATJANA P. ALVAREZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires: __My Commission Expires February 18, 201__

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____
Michelle Cammarata                    **Claimant**

_____
3545
                                      **Claimant SS #**

STATE OF _New Jersey_, COUNTY OF _Essex_____

    I certify that on _October 31_____, 201 3, _Michelle Cammarata_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Tatjana Alvarez_____
[Printed Name of Notary]

My Commission Expires: TATJANA P. ALVAREZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires February 18, 2014

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __28th__ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

_____Lynne Alexander_____ (hereinafter "Claimant") (Social Security Number(s)

_1 858_, owner of the property located at __1660___ Renaissance Commons Boulevard,

Unit _2505_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __06/22/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Lynne Alexander                Claimant

_____
/ 8 5 8
Claimant SS #

STATE OF _New York_, COUNTY OF _New York_

I certify that on _October 28_, 201 3, _Lynne Alexander_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
Isabel L. Dueri
[Printed Name of Notary]

My Commission Expires: _04|04|2015_

ISABEL L. DUERI
Notary Public, State of New York
Qualified in New York County
No. 01DU6238345
My Commission Expires 04-04-20

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

       This CONFIDENTIAL RELEASE ("Release"), dated this __14__ day of

_____ March _____, 201_4_ is entered into by [name(s) of property owners]

_____ Pekka Koivisto _____ (hereinafter "Claimant") (Social Security Number(s)

PASSPORT NR.:
_____ 0187 _____ ), owner of the property located at _1660___ Renaissance Commons Boulevard,

Unit _2527_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __10/07/2011____.

       WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

       WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

       WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Pekka Koivisto                    Claimant

PASSPORT NUMBER:   0187
_____
                                  Claimant SS #

STATE OF ___Finland___, COUNTY OF ___Lappeenranta___

    I certify that on ___14 March___, 201_4_, _Pekka Koivisto_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



_____
Notary Public

Helena Tiainen
_____
[Printed Name of Notary]

My Commission Expires: _permanent_

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Claimant

PASSPORT NUMBER:    0187

Claimant SS #

STATE OF ___Finland___ , COUNTY OF ___Lappeenranta___

    I certify that on ___14 March___ , 201 4 , Pekka Koivisto personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Helena Tiainen
[Printed Name of Notary]

My Commission Expires:  permanent

Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

12 Lisämerkinnät·Tilläggsuppgifter
Amendments·Indications supplémentaires

0187

PASSI·PASS
PASSPORT·PASSEPORT

**SUOMI : FINLAND : FINLAND : FINLANDE**

P

FIN

0187

Koivisto

Pekka Ilari

Suomi Finland Finland Finlande

07.06.1970

M

Kuopio

26.03.2014

26.03.2019

-141Y

**POLIISI/KAAKKOIS-SUOMI**
**POLISEN/SYDÖSTRA FINLAND**



Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _14_ day of

_November_ , 201_3_ is entered into by [name(s) of property owners]

_____Linda Barratt, PA_____ (hereinafter "Claimant") (Social Security Number(s) /E/N/

_____ owner of the property located at _1660_ Renaissance Commons Boulevard,

Unit _2603_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _02/27/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.   Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

Linda Barratt, PA                    Claimant

_____3878_____

Claimant SS # / EIN

STATE OF _FLORIDA_____, COUNTY OF _PALM BEACH_____

I certify that on _November 14_, 201_3_, _LINDA BARRATT_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

LINDA L DEZIC
MY COMMISSION # EE167104
EXPIRES March 19 2016
(407) 398-0153   FloridaNotaryService.com

_____
Notary Public

_LINDA L. DEZIC_____
[Printed Name of Notary]

My Commission Expires: _3-19-16_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____

Linda Barratt, PA          **Claimant**

3878

**Claimant SS #** /EIN

STATE OF _FLORIDA_ , COUNTY OF _PALM BEACH_

    I certify that on _November 14_ , 201 _3_ , _LINDA BARRATT_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



**LINDA L DEZIC**
MY COMMISSION # EE167104
EXPIRES March 19 2016
(407) 398-0153   FloridaNotaryService.com

_____
Notary Public

_LINDA L. DEZIC_
[Printed Name of Notary]

My Commission Expires: _3-19-16_

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___ ), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit ___1101___, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] ___03/13/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

     I certify that on _____October 17___, 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit _1102_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
                                                         Claimant

85_6

_____
                                                         Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 1st day of
November , 2013 is entered into by [name(s) of property owners]
RMM Investments, LLC                     (hereinafter "Claimant") (Social Security Number(s)
3936 ), owner of the property located at 1690 Renaissance Commons Boulevard,
Unit 1103 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date]   05/01/2007   .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Claimant

_____3436_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _November 1_____, 2013, _David Gac___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

PETER BRUCE WEINTRAUB
Notary Public - State of Florida
My Comm. Expires Oct 12, 2017
Commission # FF 030321
Bonded Through National Notary Assn.

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1104__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
8506
_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

    I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061366
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1105__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061366
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __5th__ day of

_____Novembce_____, 201_3_ is entered into by [name(s) of property owners]

_Stephen Schour and Susan Mitchell_____ (hereinafter "Claimant") (Social Security Number(s)

_____4417 7754_, owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1106_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __04/27/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

Stephen Schour                        **Claimant**

_____4417_____

                                      **Claimant SS #**


STATE OF _FLORIDA_____, COUNTY OF _PALM BEACH_____

I certify that on _November 5th____, 201_3_, _Stephen Schour_____personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_TRACEY L. GOLDENBERG_
[Printed Name of Notary]

My Commission Expires: _July 9, 2016_

> TRACEY L. GOLDENBERG
> MY COMMISSION # EE 215207
> EXPIRES: July 9, 2016
> Bonded Thru Notary Public Underwriters

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____

Susan Mitchell                    Claimant

_____
                                  Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

    I certify that on _November 5th_, 2013, _Susan Mitchell_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

> TRACEY L. GOLDENBERG
> MY COMMISSION # EE 215207
> EXPIRES: July 9, 2016
> Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _July 9, 2016_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _**27**_ day of _**Oct.**_, 201_**3**_ is entered into by [name(s) of property owners] _Howard Krause_ _Naomi Krause_ (hereinafter "Claimant") (Social Security Number(s) _8593_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1109_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/23/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Howard Krause_                                 _Claimant_

_8693_
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

I certify that on _November 13th_____, 201_3_, _Howard P. Krause_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

_Natalie Santiago_
[Printed Name of Notary]

My Commission Expires: _Nov 29 2017_

Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

NATALIE SANTIAGO
Notary Public - State of Florida
My Comm. Expires Nov 29, 2017
Commission # FF 51662
Bonded Through National Notary Assn.

Page 9 of 10

_Howard Krause_
Claimant

_8993_
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

    I certify that on _November 13th_, 201_3_, _Howard P. Krause_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

NATALIE SANTIAGO
Notary Public - State of Florida
My Comm. Expires Nov 29, 2017
Commission # FF 51662
Bonded Through National Notary Assn.

_____
Notary Public

_Natalie Santiago_
[Printed Name of Notary]

My Commission Expires: _Nov 29 2017_

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1110__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10.  Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

3506

_____

Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 2013, _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1112__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506_____
Claimant SS #

STATE OF ___Florida_____, COUNTY OF ___Palm Beach_____

    I certify that on _____October 17___, 201 3_, James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201 3 is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1123__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

   b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

   c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _29th_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Manisha Haywood_ (hereinafter "Claimant") (Social Security Number(s) _0339_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1127_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _10/16/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____     _____
Manisha Haywood                               Claimant

_____                          O339
                                              Claimant SS #

STATE OF Colorado , COUNTY OF Denver _____

I certify that on October 29 , 201 3 , MANISHA HAYWOOD personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Barbara E. Esau
[Printed Name of Notary]

My Commission Expires: 7/16/16

BARBARA E ESAU
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES  7/16/16

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Claimant

O339

_____

Claimant SS #

STATE OF _Colorado_, COUNTY OF _Denver_

    I certify that on _October 29_, 2013, _MANISHA TIWICI_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Barbara E Esau_
Notary Public

_Barbara E Esau_
[Printed Name of Notary]

My Commission Expires: _7/16/16_

**BARBARA E ESAU**
**NOTARY PUBLIC**
**STATE OF COLORADO**
MY COMMISSION EXPIRES 7/16/16

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _8th_ day of _November_, 201**3** is entered into by [name(s) of property owners] _Daniell Lee Maness_ (hereinafter "Claimant") (Social Security Number(s) _2023_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1128_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _06/06/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Daniell Lee Maness_
Daniell Lee Maness                    Claimant

_2020_
Claimant SS #


STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _November 8_ , 201_3_, _Danielle Maness_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

SHIRLEY J. DIXON
MY COMMISSION # EE 000463
EXPIRES: July 20, 2014
Bonded Thru Budget Notary Services

_Notary Public_

_Shirley J. Dixon_
[Printed Name of Notary]

My Commission Expires: _7/20/14_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_Daniell Lee Manen_
Claimant

_2023._
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _November 8,_ , 201_3_, _Danielle Manes_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

> SHIRLEY J. DIXON
> MY COMMISSION # EE 000_____
> EXPIRES: July 20, 201_
> Bonded Thru Budget Notary Services

Notary Public

_Shirley J. Dixon_
[Printed Name of Notary]

My Commission Expires: _7/20/14_

Counsel _Daniel K. Bryson_

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this  17  day of

 October , 201 3  is entered into by [name(s) of property owners]

 RCR Holdings II, LLC  (hereinafter "Claimant") (Social Security Number(s)

 8506 ), owner of the property located at  1690  Renaissance Commons Boulevard,

Unit  1129 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date]  03/13/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

8506

_____
                                   Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1201__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction

Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as

Principal with regard to the Villa Lago project; Precision Drywall and its related insurers

(including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance

Company to the extent of policies issued to Precision) and Precision's surety bond on this

project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St.

Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner

Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the

Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch

Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company,

Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the

defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement

Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to

Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under

applicable law to represent and bind all other relevant parties, including any and all

representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant,

Claimant's estate, or the estate of any of them, who are not signatories to this Release and by

signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ___Palm Beach___

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October__, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s)

__8506__), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1204__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___6th___ day of

___December___, 201_3_ is entered into by [name(s) of property owners]

___Leneva Kropf___ (hereinafter "Claimant") (Social Security Number(s)

___1474___), owner of the property located at ___1690___ Renaissance Commons Boulevard,

Unit _1205_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] ___12/27/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____  
Leneva Kropf                                Claimant

_____  
                                Claimant SS #

STATE OF _MICHIGAN_ , COUNTY OF ____WAYNE____

    I certify that on _NOVEMBER 18_, 201 3 _LENEVA KROPF_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____  
Notary Public

_JAMES E. CONRAD_  
[Printed Name of Notary]

My Commission Expires: _9-4-16_

_____  
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Benova J Kroff_
Claimant

_1494_
Claimant SS #


STATE OF _MICHIGAN_ , COUNTY OF _WAYNE_

I certify that on _December 6_ , 201_3_, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_JAMES E. CONRAD_
[Printed Name of Notary]

My Commission Expires: _9-4-16_


_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_


Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _29th_ day of _December_, 201_3_ is entered into by [name(s) of property owners] ___Vincent Ercolino___ (hereinafter "Claimant") (Social Security Number(s) ___040⁹__, owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1206_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __04/18/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

  a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Vincent Ercolino                        Claimant

_____
Claimant SS #

STATE OF _____, COUNTY OF _____
    I certify that on _____, 2013, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

DEBRA L. D'ELIA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE043179
Expires 11/18/2014

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

_Vincent A Ercolino_
Claimant

_0407_
Claimant SS #

STATE OF _Florida_ _Palm Beach_ COUNTY OF _Florida_

I certify that on _December 24_ 20_13_ _Vincent Ercolino_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Debra D'Elia_
[Printed Name of Notary]

**DEBRA L. D'ELIA**
**NOTARY PUBLIC**
**STATE OF FLORIDA**
Comm# EE043179
Expires 11/18/2014

My Commission Expires: _____

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1207__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

Claimant

8806

Claimant SS #

STATE OF __Florida__, COUNTY OF __Palm Beach__

I certify that on __October 17__, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

Notary Public

[Printed Name of Notary]

My Commission Expires: _____

Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of
__October__, 201_3_ is entered into by [name(s) of property owners]
__RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s)
__8506__), owner of the property located at __1690__ Renaissance Commons Boulevard,
Unit __1208__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _20th_ day of
_March_, 201_4_ is entered into by [name(s) of property owners]
_Robert Selame_ (hereinafter "Claimant") (Social Security Number(s)
_1443_), owner of the property located at _1690_ Renaissance Commons Boulevard,
Unit _1209_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _09/09/2013_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

_____

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____  Claimant
Robert Selame

_____  *1443*
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___March 20th___, 2014, ___Robert Selame___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

NATALIA BRUGAL
[Printed Name of Notary]

My Commission Expires: ___3/16/15___

NATALIA PANTA De BRUGAL
Notary Public, State of Florida
Commission# EE 74935
My comm. expires Mar. 16, 2015

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

Robert Selame                          Claimant
_____
                                   Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___March 20th___, 2014, Robert Selame personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public



NATALIA PANTA De BRUGAL
Notary Public, State of Florida
Commission# EE 74935
My comm. expires Mar. 16, 2015

___NATALIA BRUGAL___
[Printed Name of Notary]

My Commission Expires: ___3/16/15___

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) ____8506____), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1210__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _21ˢᵀ_ day of _OCTOBer_, 201_3_ is entered into by [name(s) of property owners] _Joel Pereca_ (hereinafter "Claimant") (Social Security Number(s) _8186_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1211_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/03/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed

in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement

Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement

in connection with the performance of their obligations, including, but not limited

to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement

to front the Banner and Precision contributions so that remediation may begin on a timely

basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf

Defendants any and all of Claimant's claims and/or causes of action Claimant has, or

may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf

Defendants shall be permitted to prosecute such assigned claims at their own expense, in

which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the

Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy

and Environmental Certificate as that term is defined in the Knauf Class Settlement

Agreement, (ii) "Substantial Completion" as that term is defined in the Work

Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or

liens, or such other sufficient evidence, demonstrating that any actual or potential liens

filed in relation to the remediation of the Property have been either released or bonded off

such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Joel Pereca                                    **Claimant**

_____
                                          8186
                                        **Claimant SS #**


STATE OF __New York__ , COUNTY OF __Suffolk__

    I certify that on __October 25th__ , 201_3_, __Joel Pereca__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]  Ryan Roselle

My Commission Expires: __5/7/2016__

```
RYAN ROSELLE
Notary Public - State of New York
NO. 01RO6261349
Qualified in Suffolk County
My Commission Expires __5/7/2016__
```

_____
Counsel      Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLp__


Page 9 of 10

_Joel Pereca_ **Claimant**

8186
_____
**Claimant SS #**

STATE OF ___New York___, COUNTY OF ___Suffolk___

    I certify that on ___October, 25th___, 201_3_ _Joel Pereca_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Ryan Roselle_
_____
Notary Public

_Ryan Roselle_
_____
[Printed Name of Notary]

My Commission Expires: ___5/7/2016___

RYAN ROSELLE
Notary Public - State of New York
NO. 01RO6261349
Qualified in Suffolk County
My Commission Expires 5/7/2016

_Dan Bryson_
_____
Counsel   Daniel K. Bryson

Law Firm: ___Whitfield Bryson & Mason LLP___

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _12th_ day of
_November_, 201_3_ is entered into by [name(s) of property owners]
_1536_
_Martin Riback_ (hereinafter "Claimant") (Social Security Number(s)
_____ owner of the property located at _1690_ Renaissance Commons Boulevard,
Unit _1212_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _04/11/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed

in the Property, to the extent not previously resolved by settlement or judgment.

b.      Claims for attorneys' fees and costs as provided in the Coastal Settlement

Agreement; and,

c.      Claims against the Settling Defendants under the Coastal Settlement Agreement

in connection with the performance of their obligations, including, but not limited

to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement

to front the Banner and Precision contributions so that remediation may begin on a timely

basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf

Defendants any and all of Claimant's claims and/or causes of action Claimant has, or

may have in connection with Chinese Drywall in the Claimant's Property. The Knauf

Defendants shall be permitted to prosecute such assigned claims at their own expense, in

which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the

Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy

and Environmental Certificate as that term is defined in the Knauf Class Settlement

Agreement, (ii) "Substantial Completion" as that term is defined in the Work

Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or

liens, or such other sufficient evidence, demonstrating that any actual or potential liens

filed in relation to the remediation of the Property have been either released or bonded off

such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Martin Riback                    Claimant

_____
1536
                                 Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _November 12th_, 201_3_, _Martin Riback_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Jennifer Langenstein_
[Printed Name of Notary]

My Commission Expires: _6/2/13_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____

Claimant

_____ 15⅜6

Claimant SS #

STATE OF ~~November 12th~~ Florida, COUNTY OF _Palm Beach_.

    I certify that on _November 12th_, 20**13**, _Martin Riback_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]   _Jennifer Langenstein_

My Commission Expires: _6-2-15_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1214__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.    Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.    This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____ Claimant

8506

_____
                                        Claimant SS #


STATE OF ____Florida_____, COUNTY OF ____Palm Beach_____

    I certify that on _____October 17____, 201 3 , James Comparato personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _6TH_ day of _JANUARY_, 201_4_ is entered into by [name(s) of property owners] _Federal National Mortgage Association_ (hereinafter "Claimant") (Social Security Number(s) _3107 (TIN)_ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1215_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _09-22-2011_

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Page 8 of 10

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_JOHN LISZKA_
Federal National Mortgage Association          Claimant

3107 (TIN)

Claimant SS #

STATE OF _TEXAS_, COUNTY OF _DALLAS_

   I certify that on _JANUARY 6TH_, 2014, _JOHN LISZKA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Belinda L. Mason_
Notary Public

_BELINDA L. MASON_
[Printed Name of Notary]

Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

My Commission Expires: _01-07-15_

Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

JOHN LISZKA

Federal National Mortgage Association **Claimant**

3107 (TIN)

_____
**Claimant SS #**

STATE OF _TEXAS_ , COUNTY OF _DALLAS_

    I certify that on _JANUARY 6TH_ , 201_4_ , _JOHN LISZKA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Belinda L. Mason
Notary Public, State of Texas
Comm. Exp. 01-07-15

_Belinda L. Mason_
Notary Public

_BELINDA L. MASON_
[Printed Name of Notary]

My Commission Expires: _01-07-15_

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 23ʳᵈ day of October, 2013 is entered into by [name(s) of property owners] Timothy Irvin and Karen Irvin (hereinafter "Claimant") (Social Security Number(s) 5442   9824 ), owner of the property located at 1690   Renaissance Commons Boulevard, Unit 1216 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 04/26/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Timothy Irvin                                    Claimant

_____    5442_____
                                    Claimant SS #

STATE OF _Virginia_, COUNTY OF _Loudoun_

I certify that on _October 23_, 201 3, _Timothy Irvin_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

RONDI LEA BENAC
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
Expires July 31, 2017
ID #: 7543468

_____
Notary Public

_Rondi Benac_
[Printed Name of Notary]

My Commission Expires: _July 31, 2017_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____

Karen Irvin                              Claimant

_____9824_____

                                          Claimant SS #

STATE OF _Virginia_, COUNTY OF _Loudoun_

I certify that on _October 23_, 201_3_ _Timothy Irvin + Karen Irvin_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Rondi Benac_____
Notary Public

_Rondi BENAC_____
[Printed Name of Notary]

**RONDI LEA BENAC**
**NOTARY PUBLIC**
**COMMONWEALTH OF VIRGINIA**
Expires July 31, 2017
ID #: 7543408

My Commission Expires: _July 31, 2017_

_Dan Bryson_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __21__ day of __OCTOBER__, 201_3_ is entered into by [name(s) of property owners] __Patrick Conlin__ (hereinafter "Claimant") (Social Security Number(s) __2539__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1218__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __04/16/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

Page 2 of 10

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Patrick Conlin                     Claimant

_____
2539
Claimant SS #

STATE OF _New York_, COUNTY OF _Suffolk_

I certify that on _Oct 22_____, 201 3, _P. Conlin_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

**EILEEN BURNS**
**Notary Public, State of New York**
**No. 52-4749500**
**Qualified in Suffolk County**
**Commission Expires** 1/31/14

_Eileen Burns_____
[Printed Name of Notary]

My Commission Expires: _1/31/14_

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

**Claimant**

_____          _2539_

**Claimant SS #**

STATE OF _New York_ , COUNTY OF _Suffolk_

I certify that on _Oct 22, 2013_ , _P. Conlin_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

EILEEN BURNS
Notary Public, State of New York
No. 52-4749500
Qualified in Suffolk County
Commission Expires 1/31/14

_Eileen Burns_
Notary Public

_Eileen Burns_
[Printed Name of Notary]

My Commission Expires: _1/31/14_

_____

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _2 1_ day of _January_, 201_4_ is entered into by [name(s) of property owners] _____Frances Verderame_____ (hereinafter "Claimant") (Social Security Number(s) _____7672_____), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1219_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/16/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Frances Verderame                    **Claimant**

7672
_____
                                      **Claimant SS #**

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___January 21___, 2014, _Frances Verderame_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

KENIA  A.  OLIVEIRA
_____
[Printed Name of Notary]

My Commission Expires: __6/5/2017__

KENIA A. OLIVEIRA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF024602
Expires 6/5/2017

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_Francis Verderame_

Francis Verderame          **Claimant**

1672

**Claimant SS #**

STATE OF _FLORIDA_, COUNTY OF _PALMBEACH_

    I certify that on _JANUARY  21_, 201_4_, _FRANCES Verderame_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

KENIA A. OLIVEIRA

[Printed Name of Notary]

My Commission Expires: _6/5/2017_

KENIA A. OLIVEIRA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF024602
Expires 6/5/2017
FLORIDA NOTARY ASSOCIATION · SINCE 1975

**Counsel**   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1220__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ (Claimant

8506
_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __4__ day of __November__, 201_3_ is entered into by [name(s) of property owners] __Letitia Hahn__ (hereinafter "Claimant") (Social Security Number(s) __[illegible]__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1221__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __06/28/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Letitia Hahn                        Claimant

_____        72ul_____
                                    Claimant SS #

STATE OF _Florida_____, COUNTY OF _Broward County___

    I certify that on __11/4____, 201_7_, _Letitia Hahn___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

DUY NGUYEN
MY COMMISSION # FF 020922
EXPIRES: September 23, 2017
Bonded Thru Notary Public Underwriters

_____
Notary Public

_Duy Nguyen_____
[Printed Name of Notary]

My Commission Expires: _9/23/2017_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_Letitia Hahn_
_____
Claimant

_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Broward_

I certify that on ___11/4___ , 201_3_ , _Letitia Hahn_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

DUY NGUYEN
MY COMMISSION # FF 020922
EXPIRES: September 23, 2017
Bonded Thru Notary Public Underwriters

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _9/23/2017_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

_RCR Holdings II, LLC_ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1222_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

Claimant

_____
200838506                    Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____


_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __200838506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1222__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____ Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __4__ day of
__March__, 201_4_ is entered into by [name(s) of property owners]
_____Lesley Lewis_____ (hereinafter "Claimant") (Social Security Number(s)
_____2653_____), owner of the property located at __1690__ Renaissance Commons Boulevard,
Unit _1223_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] _07/20/2009_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4.  Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5.  Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6.  The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

   b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

   c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Lesley Lewis_
Lesley Lewis                    Claimant

_2653_
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

I certify that on _March 4_ , 2014, _Lesley Lewis_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Meg P Gallo_
Notary Public

_Meg P Gallo_
[Printed Name of Notary]

My Commission Expires:

**MEG P GALLO**
MY COMMISSION # EE015425
EXPIRES August 09, 2014
(407) 398-0153   FloridaNotaryService.com

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Lesley Lewis_
_____
Claimant

2653
_____
Claimant SS #

STATE OF __Florida__ , COUNTY OF __Palm Beach__

    I certify that on __March 4__ , 2014, _Lesley Lewis_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Meg P Gallo_
_____
Notary Public

Meg P Gallo
_____
[Printed Name of Notary]

My Commission Expires:

MEG P GALLO
MY COMMISSION # EE015425
EXPIRES August 09, 2014
(407) 398-0153   FloridaNotaryService.com

_Dan Bryson_
_____
Counsel   Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __30th__ day of __October__, 201__3__ is entered into by [name(s) of property owners] ___Marta DeNavea___ (hereinafter "Claimant") (Social Security Number(s) ___9891___ owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1224__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __04/26/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Marta DeNavea                    Claimant

_____
9892
Claimant SS #

STATE OF Florida , COUNTY OF Palm Beach

I certify that on October 30 , 2013, Marta DeNavea personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.


ALLISON ROSE STEVENS
Notary Public, State of Florida
Commission # FF 47642
My comm. expires April 5, 2015

_____
Notary Public

Allison Stevens
_____
[Printed Name of Notary]

My Commission Expires: April 5, 2015

_____
Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

MARTA DeNAVEA

_Marta De Navea_ Claimant

9892

Claimant SS #

STATE OF _____, COUNTY OF _____

     I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____

Notary Public

_____

[Printed Name of Notary]

My Commission Expires: _____

_____

Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __12th__ day of
__March_____, 201_5_ is entered into by [name(s) of property owners]
__Minor Pipes/Court Appt. Receiver____ (hereinafter "Claimant") (Social Security Number(s)
__Receiver____ ), owner of the property located at __1690__ Renaissance Commons Boulevard,
Unit __1226_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on
[date] __4/9/07_____ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Minor Pipes/Court Appointed Claimant
Receiver
See Order #17370
_____
                                    Claimant SS #

STATE OF Louisiana, Parish COUNTY OF Orleans

I certify that on March 12 , 2015, H. Minor Pipes, III personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Violet B. Hooker, #42076
[Printed Name of Notary]

My Commission Expires: At death

_____
Daniel K. Bryson
Counsel

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 28 day of

October , 201 3 is entered into by [name(s) of property owners]

_Philip Brice_ (hereinafter "Claimant") (Social Security Number(s)

_____), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1227_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _11/14/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Philip Brice          Claimant

5379
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _the 28th Oct.,_ 201_3_, _Philip Brice_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

JOHN HARRIS
Notary Public - State of Florida
My Comm. Expires Jul 22, 2017
Commission # FF 038360

_____
Notary Public

_John Harris_
[Printed Name of Notary]

My Commission Expires: _Jul. 22, 2017_

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10



_____  Claimant

·5379

_____  Claimant SS #

STATE OF _Florida_____ , COUNTY OF _Palm Beach_____

I certify that on _the 28th Oct._____ , 201 3 , PHILIP BRICE personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

[notary stamp]
Commission # FF 038360
My Comm. Expires Jul 22, 2017
Notary Public - State of Florida
JOHN HARRIS

_____
Notary Public

John Harris
[Printed Name of Notary]

My Commission Expires: _Jul. 22, 2017_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1229__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #


STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____


_____
Counsel

Law Firm: _____


Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201 3 is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1305__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

  a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on _____October 17___, 201 3_, _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1306__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _4_ day of _March_, 201_14_ is entered into by [name(s) of property owners] _Leslie Kaufman_ (hereinafter "Claimant") (Social Security Number(s) _251_ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1307_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/29/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Leslie Kaufman                    Claimant

_____
                                  Claimant SS #

STATE OF Florida , COUNTY OF Palm Beach

I certify that on March 4 , 2014 , Leslie Kaufman personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
Notary Public

Megan Dolente
[Printed Name of Notary]

My Commission Expires: 12/6/14

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Leslie Kaufman_
_____
Claimant

_____
Claimant SS #

STATE OF Florida_____, COUNTY OF Palm Beach_____

I certify that on March 4_____, 2014, Leslie Kaufman personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: 12/6/14

```
MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.
```

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __06__ day of __february__, 201_4_ is entered into by [name(s) of property owners] __Hernan Vazquez__ (hereinafter "Claimant") (Social Security Number(s) __—__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1308_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _07/20/2012_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

Hernan Vazquez                              Claimant

_____
                                        **Claimant SS #**

REPUBLIC OF ARGENTINA)
CITY OF BUENOS AIRES)
EMBASSY OF THE UNITED) SS
STATES OF AMERICA)

STATE OF _____, COUNTY OF _____

    I certify that on February 6_____, 201 4_. Hernan Pablo Vazquez Puen personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

ATHENA KWEY
Vice Consul

[Printed Name of Notary]

My Commission Expires: **INDEFINITELY**_____

Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __05__ day of __March__, 201_4_ is entered into by [name(s) of property owners] __Marlon Ditianquin__ (hereinafter "Claimant") (Social Security Number(s) __2599__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1309_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/30/2007__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese
Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and
responsibilities, including any and all representatives, agents, successors, assigns,
beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of
them is also bound.  This Release is made for the benefit of Claimant and the Settling
Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property,
Claimant authorizes and instructs Claimant's counsel to deliver to the Settling
Defendants a Notice of Dismissal with prejudice of such action, which shall be "so
ordered" by the Court where such action is pending, as against the Settling Defendants
and to the extent it relates to the Chinese Drywall in the Property in accordance with the
provisions herein and the terms of the RCR and Coastal Settlement Agreements.
Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any
additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or
promises other than as contained in writing in this Release.  In executing this Release
Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and
information of which they are independently aware, and assumes the risk that there may
prove to be facts or information different from or in addition to what they now know or
believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind
on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_Marlon Ditianquin_ _____
Marlon Ditianquin                          Claimant

_25-99_ _____
Claimant SS #

STATE OF _FLORIDA_ , COUNTY OF _PALM BEACH_ _____

    I certify that on _MARCH 05_ , 201_4_ _MARLON DITIANQUIN_ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

WILLIAM DRAYTON
Notary Public - State of Florida
My Comm. Expires Mar 19, 2016
Commission # EE 176571
Bonded Through National Notary Assn.

_[signature]_ _____
Notary Public

_William Drayton_ _____
[Printed Name of Notary]

My Commission Expires: _March 19, 2016_

_[signature]_ _____
Counsel     Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_ _____

_MARLON DITIANBUIN_
Claimant

_25-99_
Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

    I certify that on _MARCH 05_, 2014, _MARLON DITIANBUIN_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

_William Drayton_
[Printed Name of Notary]

My Commission Expires: _March 19, 2016_

WILLIAM DRAYTON
Notary Public - State of Florida
My Comm. Expires Mar 19, 2016
Commission # EE 176571
Bonded Through National Notary Assn.

Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _28th_ day of _October_, 201_3_ is entered into by [name(s) of property owners]

_Alan Kellner and Ilana Kellner_ (hereinafter "Claimant") (Social Security Number(s) _0467 5509_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1310_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _05/25/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC_, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC, et al._, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

Page 3 of 10

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Alan Kellner                                    Claimant

                          5509
_____
                                           Claimant SS #


STATE OF ___FL_____, COUNTY OF __Palm Beach____

    I certify that on _October 28_____, 2013, _Alan Kellner_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_____

Ilana Kellner                         Claimant

0957
_____
                                          Claimant SS #


STATE OF ____FL____, COUNTY OF __Palm Beach__

    I certify that on __October 28__, 2013, __Ilana Kellner__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Donna E Parker
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel   Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _21_ day of _August_, 2014 is entered into by [name(s) of property owners] Sheldon Zitner (hereinafter "Claimant") (Social Security Number(s) 8714 ), owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1311 Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 3/21/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Sheldon Zitner                                    Claimant

_____
8714
                                                  Claimant SS #


STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

    I certify that on _____August, 21_____, 2014, _____Sheldon Zitner_____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
Hope Alley
[Printed Name of Notary]

Notary Public State of Florida
Hope Alley
My Commission EE111210
Expires 07/11/2015

My Commission Expires: 7/10/15

_____
Counsel    Daniel K. Bryson

Law Firm: _____Whitfield Bryson & Mason LLP_____

Page 9 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _2 kr_ day of ___October___, 201_3_ is entered into by [name(s) of property owners] _Frank Bragoli and Carolyn Bragoli_ (hereinafter "Claimant") (Social Security Number(s) _9433_ _-5271_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1314_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/27/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____
Frank Bragoli                               Claimant

_____
                                          Claimant SS #

0433

STATE OF __New York__, COUNTY OF __Suffolk__

    I certify that on __31st October__, 201_3_, __Frank Brad__ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

*Ourania Katehis*
*Notary Public, State of New York*
*No. 01KA6064172*
*Qualified in Nassau County*
*Commission Expires Nov. 7, 20__*

_____
Notary Public

Ourania Katehis
_____
[Printed Name of Notary]

My Commission Expires: __11-07-13__

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_Carolyn Bragoli_
Carolyn Bragoli                               Claimant

_5271_
Claimant SS #

STATE OF New York, COUNTY OF Suffolk

I certify that on 31st October, 2018, Carolyn Bragoli personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Ourania Katehis
Notary Public, State of New York
No. 01KA6064172
Qualified in Nassau County
Commission Expires Nov. 7, 20 12

Notary Public

Ourania Katehis
[Printed Name of Notary]

My Commission Expires: 11-07-12

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _7 7th_ day of _November_, 201_3_ is entered into by [name(s) of property owners] _Marita Kallfelz_ (hereinafter "Claimant") (Social Security Number(s) _8489_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1315_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/18/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC_, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC, et al._, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

   b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

   c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_M. Kallfes_ _____
Marita Kallfelz                    Claimant

_____     _8489_____
                          Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

I certify that on _November 4th_____, 2013, _Marita Kallfelz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

_Jose Agosto_____
[Printed Name of Notary]

My Commission Expires: _Jan. 6, 2016_

JOSE AGOSTO
Notary Public - State of Florida
My Comm. Expires Jan 6, 2016
Commission # EE 157151

_Dan Bryson_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard,

Unit ___1316___, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] ___03/13/2007___.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy
Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the
Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113
(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium
Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and
RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final
Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between
Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second
Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.
La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance
Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago
Condominium Association at Renaissance Commons, Inc. ("COA"); and the following
Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF _____Florida_____ , COUNTY OF ____Palm Beach____

    I certify that on _____October 17_____ , 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1318__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on ___October 17___, 201_3_, _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____ Notary Public

_____ [Printed Name of Notary]

My Commission Expires: _____

_____ Counsel

Law Firm: _____

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1319__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1.  Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2.  Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3.  Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201 3 is entered into by [name(s) of property owners]

RCR Holdings II, LLC _____ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1320__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] 03/13/2007.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

I certify that on _____October 17___ , 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____ Notary Public

_____ [Printed Name of Notary]

My Commission Expires: _____

_____ Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __3rd__ day of __January__, 201_4_ is entered into by [name(s) of property owners] ___Madd Quality, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___5036___ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1321_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _07/21/2012_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.



WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.



4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event



that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

_____

Madd Quality, LLC                    Claimant

_____

*Murat ACIKGOZ*                    Claimant SS #          So 36

**DONAVAN V. BERNARD**
Notary Public, State of Florida
Commission # FF 4160
My comm. expires April 2, 2017

STATE OF ___FLORIDA___, COUNTY OF ___Palm Beach.___

     I certify that on __3rd January__, 201 4, __Murat Acikgoz__ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by her act
and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: April 2nd 207.

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_____  Claimant

DONAVAN V. BERNARD
Notary Public. State of Florida
Commission # FF 4160
My comm. expires April 2, 2017

_Murat ACIKGOZ_   Claimant SS #

5036

STATE OF _FL_____, COUNTY OF _Palm Beach_____

    I certify that on _3rd January_____, 201_4_ _Murat Acikgoz_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Donavan V. Bernard_____
[Printed Name of Notary]

My Commission Expires: _April 2nd, 2017_____

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_____

Page 10 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201 3 is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1322__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____ Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___October 17___, 201 3 , ___James Comparato___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30TH_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Keith Santillo_ (hereinafter "Claimant") (Social Security Number(s) _6537_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1323_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/30/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

Page 4 of 10

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

 b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

 c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items,

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Keith Santillo                    Claimant

_____
                                   Claimant SS #


STATE OF _Florida_____ , COUNTY OF _Palm Beach_____

    I certify that on _November 4th___ , 2015, _Keith R. Santillo_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Werner L. Heinsen_____
[Printed Name of Notary]

My Commission Expires: _July 12, 2015_

WERNER L HEINSEN
Notary Public - State of Florida
My Comm. Expires Jul 12, 2015
Commission # EE 111830

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

_(signature)_

Claimant

6537

Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _November 4th_ , 20_13_, _Keith R. Santillo_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_(signature)_

Notary Public

_Werner L. Heinsen_

[Printed Name of Notary]

My Commission Expires: _July 12, 2015_

WERNER L HEINSEN
Notary Public - State of Florida
My Comm. Expires Jul 12, 2015
Commission # EE 111830

_(signature)_

Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 25th day of

November , 2013 is entered into by [name(s) of property owners]

Roger Caselengo                                 (hereinafter "Claimant") (Social Security Number(s)

owner of the property located at  1690    Renaissance Commons Boulevard,

Unit  1324 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date]  04/30/2007         .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release or the RCR or Coastal Settlement Agreements.

_____
Roger Caselengo                                    Claimant

_____
Claimant SS #

STATE OF ___New York___, COUNTY OF ___New York___
    I certify that on __November 25th__, 201_3_, __Roger Caselengo__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

GRACE G. CHEN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01-CH6056883
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES 04-02-2015

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: __04/02/2015__

_____
Counsel    Daniel K. Bryson

Law Firm: __Whitfield Bryson & Mason LLP__

Page 9 of 10

_____
Claimant

_____
Claimant SS #

STATE OF _New York_ , COUNTY OF _New York_

    I certify that on _November 25th_ , 201 3 _Roger Casaberge_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

GRACE G. CHEN
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01-CH6056883
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 04-02-2015

_____
Notary Public

_GRACE CHEN_
[Printed Name of Notary]

My Commission Expires: _04/04/2015_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1325__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10.  Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____

Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____

[Printed Name of Notary]

My Commission Expires: _____

_____

Counsel

Law Firm: _____

Page 9 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1326__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF _____Palm Beach_____

    I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _28_ day of _OcTUBER_ , 201_3_ is entered into by [name(s) of property owners] _Perry and Alice Jioia_ (hereinafter "Claimant") (Social Security Number(s) _-2159_ _EN_ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1327_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/10/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Perry Jioia                        Claimant

_____
2 1 5 9
Claimant SS #

STATE OF  New York , COUNTY OF  Richmond

I certify that on  October 28 , 2011 3 Perry Jioia personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINA WARD
NOTARY PUBLIC, State of New York
Reg. No. 01SC6202183
Qualified in Richmond County
Commission Expires March 9, 2017

_____
Notary Public

_____
[Printed Name of Notary]
Christina Ward

My Commission Expires: 3/9/2017

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Alice Jioia                              Claimant

_____
2816
Claimant SS #

STATE OF New York , COUNTY OF Richmond _____

    I certify that on October 28 , 2013 Alice Jioia personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINA WARD
NOTARY PUBLIC, State of New York
Reg. No. 01SC6202183
Qualified in Richmond County
Commission Expires March 9, 2017

_____
Notary Public

Christina Ward
_____
[Printed Name of Notary]

My Commission Expires: March 9, 2017

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP _____

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **31st** day of

**October** , 201**3** is entered into by [name(s) of property owners]

**Mark and Diana Lemberg**  (hereinafter "Claimant") (Social Security Number(s)

**0048 8666**), owner of the property located at  1690  Renaissance Commons Boulevard,

Unit  1328 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date]  04/12/2007  .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.    Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.    This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Mark Lemberg                Claimant

_____
0048
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

I certify that on _October    31st_____, 2013, _Mark Lemberg_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

JOSE AGOSTO
Notary Public - State of Florida
My Comm. Expires Jan 6, 2016
Commission # EE 157151

_____
Notary Public

_____
Jose Agosto
[Printed Name of Notary]

My Commission Expires: _Jan. 6, 2016_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

_Diana Lemberg_ _____
Diana Lemberg                    Claimant

_8666_ _____
                    Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _October 31st_____, 2013 , _Diana Lemberg_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Jose Agosto_____
[Printed Name of Notary]

My Commission Expires: _Jan. 6, 2016_

JOSE AGOSTO
Notary Public - State of Florida
My Comm. Expires Jan 6, 2016
Commission # EE 157151

_Dan Bryson_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_____

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 30ᵗʰ day of October , 201 3 is entered into by [name(s) of property owners]

<u>Arish and Alpa Dalal</u> (hereinafter "Claimant") (Social Security Number(s) 4834 3881), owner of the property located at  1690  Renaissance Commons Boulevard, Unit  1401 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date]  04/20/2007  .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Arish Dalal                    Claimant

___        4834
                  Claimant SS #

STATE OF _NEW YORK_____, COUNTY OF ___NASSAU_____

    I certify that on _OCT. 30th_____, 201_3_, _ARISH DALAL_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

PEENA  KATHAIT
[Printed Name of Notary]

PEENA KATHAIT
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KA5031866
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUG. 15, 2014

My Commission Expires: AUG. 15, 2014

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Alpa Dalal                    Claimant

3881
_____
Claimant SS #

STATE OF _NEW YORK_ , COUNTY OF _NASSAU_

    I certify that on _OCT. 30th._ , 2013 , _ALPA DALAL_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

PEENA KATHAIT
[Printed Name of Notary]

PEENA KATHAIT
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KA5031866
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUG. 15, 2014

Commission Expires: _AUG. 15, 2014_

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _6TH_ day of _JANUARY_, 2014 is entered into by [name(s) of property owners] _Federal National Mortgage Association_ (hereinafter "Claimant") (Social Security Number(s) _3107 (TIN)_ owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1402_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _06/28/2011_

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_JOHN LISZKA_____  _____

Federal National Mortgage Association   Claimant

3107 (TIN)
_____

Claimant SS #

STATE OF _TEXAS_____, COUNTY OF _DALLAS_____

I certify that on _JANUARY 6TH____, 201_4_, _JOHN LISZKA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Belinda L. Mason_____
Notary Public

_BELINDA L. MASON_____
[Printed Name of Notary]

My Commission Expires: _01-07-15_

Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

_Dan Bryson_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_JOHN LISZKA_

Federal National Mortgage Association, Claimant

3107 (TIN)

Claimant SS #

STATE OF _TEXAS_, COUNTY OF _DALLAS_

I certify that on _JANUARY 6TH_, 2014, _JOHN LISZKA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

_BELINDA L. MASON_
[Printed Name of Notary]

My Commission Expires: _01-07-15_

Belinda L. Mason
Notary Public,
State of Texas
Comm. Exp. 01-07-15

Counsel   Daniel K. Bryson

Law Firm:   Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of

__October__, 201_3_ is entered into by [name(s) of property owners]

__RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s)

__8506__), owner of the property located at _1690_ Renaissance Commons Boulevard,

Unit _1403_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _4th_ day of _MARCH_, 201_4_ is entered into by [name(s) of property owners]

_Jay and Shari Cohen_ (hereinafter "Claimant") (Social Security Number(s) _4543, 967l_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1405_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/23/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

       WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

       WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Jay Cohen                          Claimant

_____
4543
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

    I certify that on _March 4_, 2014, _Jay Cohen_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
Angel L. Campbell
[Printed Name of Notary]

My Commission Expires: _June 5, 2016_

```
ANGEL L. CAMPBELL
Notary Public - State of Florida
My Comm. Expires Jun 5, 2016
Commission # EE 202963
```

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

_Shari Coh_

Shari Cohen        **Claimant**

9671

**Claimant SS #**

STATE OF ___Florida___ , COUNTY OF ___Palm Beach___

    I certify that on ___March 4___ , 201_4_ , ___Shari Cohen___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Angel L Cpbell_

Notary Public

_Angel L. Campbell_

[Printed Name of Notary]

My Commission Expires: ___June 5, 2016___

ANGEL L. CAMPBELL
Notary Public - State of Florida
My Comm. Expires Jun 5, 2016
Commission # EE 202963

_Dan Bryson_

Counsel     Daniel K. Bryson

Law Firm: ___Whitfield Bryson & Mason LLP___

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of _____October_____, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1407_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1408__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

    I certify that on _____October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this  /5  day of

_November_ , 201 3  is entered into by [name(s) of property owners]

~~Husband~~ and Mel Litwin _____ (hereinafter "Claimant") (Social Security Number(s)

_067_)owner of the property located at _1690_  Renaissance Commons Boulevard,

Unit _1409_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/16/2009_     .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC_, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC, et al._, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

  WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

  WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____

Mel Litwin                                  Claimant

_____

Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _____15th_____, 2013, _November____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____

Notary Public

```
E. SIMMONDS
Notary Public - State of Florida
My Comm. Expires Jun 8, 2016
Commission # EE 184034
```

_____

[Printed Name of Notary]

My Commission Expires: _June 8, 2016_

_____

Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _12th_ day of

_November_____, 201_3_ is entered into by [name(s) of property owners]

Martin Riback_____ (hereinafter "Claimant") (Social Security Number(s)

_Martin Riback_ owner of the property located at _1690____ Renaissance Commons Boulevard,

Unit _1410__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/11/2007_____.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Martin Riback                    Claimant

_____
                          Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _November 12_, 2013, _Martin Riback_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _6/2/15_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _26_ day of _October_ , 201_3_ is entered into by [name(s) of property owners] _Wendy Lee Hobbie_ (hereinafter "Claimant") (Social Security Number(s) _6502_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1411_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/23/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Wendy Lee Hobbie_
Wendy Lee Hobbie                    Claimant

_6502_
Claimant SS #

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _October 26_, 201_3_, _Wendy Hobbie_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_signature_
Notary Public

_Annee M. Page_
[Printed Name of Notary]

My Commission Expires: _May 13, 2017_

ANNIE M. PAGE
Notary Public - State of Florida
My Comm. Expires May 13, 2017
Commission # EE 877438

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Wendy Lee Hobbie_
                                                Claimant

_6502_
                                                Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _October 26_ , 201_3_, _Wendy Hobbie_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.



Notary Public

_Annie M. Page_
[Printed Name of Notary]

My Commission Expires: _May 13, 2017_

ANNIE M. PAGE
Notary Public - State of Florida
My Comm. Expires May 13, 2017
Commission # EE 877438

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30th_ day of

_____10_____, 201_3_ is entered into by [name(s) of property owners]

Aly and Rhoda Okaily
_____ (hereinafter "Claimant") (Social Security Number(s)

3005
_____-0799 owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1412_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _04/09/2007_____.

      WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

      WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

      WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Aly Okaily                          Claimant

_____
                                    Claimant SS #

STATE OF _Florida_____, COUNTY OF _Indian River_____

    I certify that on _10/30_____, 201_3_, _Aly Okaily_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_CLIFFORD A STOKES_____
[Printed Name of Notary]

My Commission Expires: _4/18/2017_

Clifford A. Stokes
State of Florida
MY COMMISSION # FF 9859
Expires: April 18, 2017

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_Rhoda Okaily_                    **Claimant**

_0998_

**Claimant SS #**

STATE OF _Florida_ , COUNTY OF _Indian River_

I certify that on _10/30_ , 201 _3_ , _Rhoda Okaily_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Notary Public

_Clifford A Stokes_
[Printed Name of Notary]

My Commission Expires: _4/18/2017_

**Clifford A. Stokes**
**State of Florida**
**MY COMMISSION # FF 9859**
**Expires: April 18, 2017**

Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit _1414_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on _____October 17_____, 2013, James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of

___October___, 201_3_ is entered into by [name(s) of property owners]

___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s)

___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard,

Unit _1415_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

:8506

Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17___, 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

Notary Public

_____

[Printed Name of Notary]

My Commission Expires: _____

_____

Counsel

Law Firm: _____

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1416_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506
_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ____Palm Beach____

    I certify that on _____October 17___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __1__ day of

__February__, 201__4__ is entered into by [name(s) of property owners]

James and Anna Breyburg _____ (hereinafter "Claimant") (Social Security Number(s)

2826 __0404__ ), owner of the property located at __1690__ Renaissance Commons Boulevard,

Unit __1418__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on

[date] __11/05/2011__ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy

Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the

Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113

(E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium

Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and

RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final

Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between

Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second

Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D.

La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance

Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago

Condominium Association at Renaissance Commons, Inc. ("COA"); and the following

Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
James Breyburg                    Claimant

_____
2826
Claimant SS #

STATE OF New Jersey , COUNTY OF Monmouth _____

    I certify that on February 4 , 2014 James Breyburg personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

MICHELE A. BORN
Notary Public of New Jersey
My Commission Expires 3/14/16

My Commission Expires: 3/14/16

_____
Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Anna Breyburg_                        Claimant

_0404_
Claimant SS #

STATE OF _New Jersey_ , COUNTY OF _Monmouth_

    I certify that on _February 4_ , 2014 _Anna Breyburg_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Michele A. Born_
Notary Public

_Michele A. Born_
[Printed Name of Notary]

My Commission Expires: _3/14/16_

MICHELE A. BORN
Notary Public of New Jersey
My Commission Expires 3/14/16

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __3__ day of ___March___, 201_4_ is entered into by [name(s) of property owners] __Ayse N. Bas__ (hereinafter "Claimant") (Social Security Number(s) __2526__, owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1419_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _5/25/12_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Ayse N. Bas_
_____
Claimant

_·2526_
_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _March 3_ , 201_4_, _Ayse N. Bas_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Megan Dolente_
[Printed Name of Notary]

My Commission Expires: _12/6/14_

**MEGAN DOLENTE**
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
Counsel

Law Firm: _Doyle Law Firm, PC_

Page 9 of 10

_____
                                    Claimant

_____
                                    Claimant SS #

STATE OF _____, COUNTY OF _____

     I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this **29th** day of **October**, 201**3** is entered into by [name(s) of property owners] Marilyn and Eugene Penzimer (hereinafter "Claimant") (Social Security Number(s) 7192), owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1420, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 05/03/2007.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Marilyn Penzimer_
Marilyn Penzimer     Claimant

_7192_
Claimant SS #

STATE OF _New York_, COUNTY OF _Monroe_

I certify that on _October 29_, 201_3_ _Marilyn Penzimer_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Michele L. Sercu_
Notary Public

_Michele L. Sercu_
[Printed Name of Notary]

```
MICHELE L SERCU
Notary Public - State of New York
NO. 01SE6094116
Qualified in Monroe County
My Commission Expires 6|16|15
```

My Commission Expires: _June 16, 2015_

_Dan Bryson_
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

_Deceased_
_____
Eugene Penzimer                    Claimant

_____
                                   Claimant SS #


STATE OF _____, COUNTY OF _____

    I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____


_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 22 day of May , 2014 is entered into by [name(s) of property owners] Villa Lago Condo Assoc (hereinafter "Claimant") (Social Security Number(s) 9901), owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1422 Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] September 2011

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Claimant

_____
Claimant SS #
2901

STATE OF _Florida_ , COUNTY OF _Palm Beach_

I certify that on _May 23_ , 201 4 , _Leslie Kaufman_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: 12/6/14



**MEGAN DOLENTE**
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
Counsel

Mrachek, Fitzgerald, Rose,
Konopka, Thomas & Weiss, P.A.

Law Firm: _____

Page 9 of 10

_____
             Claimant

_____
           Claimant SS #


STATE OF _____, COUNTY OF _____

   I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____


_____
Counsel

Law Firm: _____

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _3rd_ day of _December_, 201_3_ is entered into by [name(s) of property owners] _Jose and Maria Esterla_ (hereinafter "Claimant") (Social Security Number(s) _-851-956_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1423_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/01/2008_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.  Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
José Esterla                          Claimant

_____
                                      Claimant SS #

STATE OF ___Florida___, COUNTY OF ___USA.___

I certify that on ___December 2nd___, 2013, ___Jose Esterla___ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

___CLAIRE RACINE___
[Printed Name of Notary]

My Commission Expires: _November 25, 2015_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_Maria Estela_     **Claimant**

956

**Claimant SS #**

STATE OF ___FLORIDA___ , COUNTY OF ___USA___

     I certify that on _December 2nd_ , 201_3, MARIA ESTELA_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Claire Racine_
**Notary Public**

_CLAIRE   RACINE_
**[Printed Name of Notary]**

**My Commission Expires:** _November 25, 2015_



COMMISSAIRE À L'ASSERMENTATION
CLAIRE RACINE
106-060
POUR LE QUÉBEC

_Dan Bryson_
**Counsel**   Daniel K. Bryson

**Law Firm:** Whitfield Bryson & Mason LLP

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30_ day of _10—_, 201_3_ is entered into by [name(s) of property owners] _Odilio Vargas_ (hereinafter "Claimant") (Social Security Number(s) _8559_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1424_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/26/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

X _____   _____
   Odilio Vargas                        Claimant

_____   *8559*
                          Claimant SS #

STATE OF _____, COUNTY OF _____

I certify that on _____, 201__, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

PLEASE SEE ATTACHED CERTIFICATE

10-30-2013

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

State of California ）

County of _San Diego_ ）

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

On _10 - 30 - 2013_ before me, _P Mehrabani, Notary Public_ ,

<span style="font-size:smaller">(here insert name and title of the officer)</span>

personally appeared _ODILIO VARPAS_

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> P. MEHRABANI
> COMM. #1988977
> Notary Public - California
> San Diego County
> My Comm. Expires Aug. 24, 2016

Signature _____

(Seal)

## OPTIONAL INFORMATION

_Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document._

### Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _Confidential Non-KPT Property Owner Release And Assignment of Claims_

containing _10_ pages, and dated _10 - 30 - 2013_ .

The signer(s) capacity or authority is/are as:

- ☐ Individual(s)
- ☐ Attorney-in-Fact
- ☐ Corporate Officer(s) _____
  Title(s)

- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

### Method of Signer Identification

Proved to me on the basis of satisfactory evidence:

☐ form(s) of identification   ☐ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____   Entry # _____

Notary contact: _____

Other

☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s)

☐ _____

© Copyright 2007-2011 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1425_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF _____Florida_____, COUNTY OF ___Palm Beach___

I certify that on _____ October 17 ___, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061385
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _28th_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Sandra Siegel_ (hereinafter "Claimant") (Social Security Number(s) _5585_, owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1427_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/21/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Sandra Siegel                Claimant

_____
Claimant SS #  5585

STATE OF _Florida_, COUNTY OF _Palm Beach_

I certify that on _October 28_, 2013, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
[Printed Name of Notary]  Megan Dolente

My Commission Expires: _12/6/14_

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 9 of 10

_____
Claimant

5585
_____
Claimant SS #

STATE OF Florida , COUNTY OF Palm Beach

I certify that on October 28 , 2013, _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: 12/6/14

MEGAN DOLENTE
Notary Public - State of Florida
My Comm. Expires Dec 6, 2014
Commission # EE 17898
Bonded Through National Notary Assn.

_____
Counsel    Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Peter and Robin Bast_ (hereinafter "Claimant") (Social Security Number(s) _7473_ _6144_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1428_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/25/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a.    Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_Peter Bast_ _____ Claimant

_6144_ _____ Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _PALM BEACH_

I certify that on _OCTOBER 30_, 201_3_, _PETER AND ROBIN BAST_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Kathleen A. Moran_
Notary Public

_KATHLEEN A. MORAN_
[Printed Name of Notary]

My Commission Expires: _3/23/17_

KATHLEEN A. MORAN
Commission # EE 878883
Expires March 23, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

_Dan Bryson_
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_____

Robin Bast                          Claimant

_____    7473_____

Claimant SS #

STATE OF _FLORIDA_____, COUNTY OF _PALM BEACH_____

    I certify that on _OCTOBER 30___, 201**3**, *ROBIN AND PETER BAST* personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

KATHLEEN A. MORAN
[Printed Name of Notary]

My Commission Expires: _3/23/17_

KATHLEEN A. MORAN
Commission # EE 878883
Expires March 23, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Page 10 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _30_ day of _October_, 201_3_ is entered into by [name(s) of property owners] _Martha Lisa DeNavea_ (hereinafter "Claimant") (Social Security Number(s) _8768_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1429_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/04/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Martha Lisa DeNavea          Claimant

_____8768_____
Claimant SS #

STATE OF Florida_____, COUNTY OF Palm Beach_____

I certify that on 30th of October____, 2013, Martha Lisa DeNavea____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Samantha Landi
[Printed Name of Notary]

My Commission Expires: Sept. 10th, 2016

_____
Counsel   Daniel K. Bryson

Law Firm: Whitfield Bryson & Mason LLP

Page 9 of 10

_Martha Lisa DeNavea_

Claimant

_8768_

Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _30th of October_ , 201_3_, _Martha Lisa De Navea_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_Samantha Landis_

Notary Public

_Samantha Landi_

[Printed Name of Notary]

My Commission Expires: _Sept. 10th 2016_

SAMANTHA LANDI
NOTARY
My Comm. Expires
September 10, 2016
No. EE 833957
PUBLIC
STATE OF FLORIDA

Counsel   Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 10 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _31ˢᵗ_ day of _October_ , 201_3_ is entered into by [name(s) of property owners] _Mark Englander_ (hereinafter "Claimant") (Social Security Number(s) _85f0_), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1508_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _04/12/2007_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Mark Englander                    Claimant

_____
Claimant SS #

STATE OF _Florida_____, COUNTY OF _Palm Beach_____

    I certify that on _October 31 st_, 2011 3. _Mark Englander_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _1-10-2016_

_____
Counsel    Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

TONIANNE RICHBURG
Notary Public - State of Florida
My Comm. Expires Jan 10, 2016
Commission # EE 158565

_____
Claimant

8980
_____
Claimant SS #

STATE OF _Florida_ , COUNTY OF _Palm Beach_

    I certify that on _October 31st_ , 2013, _Mark Englander_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Tonianne Richburg_
[Printed Name of Notary]

My Commission Expires: _1-10-16_

**TONIANNE RICHBURG**
Notary Public - State of Florida
My Comm. Expires Jan 10, 2016
Commission # EE 158565

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __17__ day of __October__, 201_3_ is entered into by [name(s) of property owners] __RCR Holdings II, LLC__ (hereinafter "Claimant") (Social Security Number(s) __8506__ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1516_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __03/13/2007__.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

8506

_____ Claimant SS #

STATE OF ____Florida____, COUNTY OF ___Palm Beach___

I certify that on _____October 17___, 201_3_, _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF081365
Expires 10/9/2017

_____ Notary Public

_____ [Printed Name of Notary]

My Commission Expires: _____

_____ Counsel

Law Firm: _____

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit _1517_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.   Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.   This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ____Palm Beach____

I certify that on ____October 17____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___8506___ ), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit _1518_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement.  This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below.  Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.  Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.  Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera.*

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

8506

_____
Claimant SS #

STATE OF ___Florida___, COUNTY OF ___Palm Beach___

I certify that on ___October 17___, 201 3 , _James Comparato_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this 2 nd day of November , 201 3 is entered into by [name(s) of property owners] John and Susanna Kolich (hereinafter "Claimant") (Social Security Number(s) 0311 2220, owner of the property located at 1690 Renaissance Commons Boulevard, Unit 1519 , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] 04/02/2007 .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a.   Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

  b. Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

  c. Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release. If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release. No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

Page 7 of 10

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
John Kolich                               Claimant

_____
                                          Claimant SS #

STATE OF __Florida__, COUNTY OF __Broward__

    I certify that on __11/12__, 201_3_ __John Kolich__ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: __7-14-2014__

> LINDA ESPOSITO
> Notary Public - State of Florida
> My Comm. Expires Jul 14, 2014
> Commission # EE 1437
> Bonded Through National Notary Assn.

_____
Counsel    Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

_Susanna Kolich_ _____ Claimant

_03 11_ _____
Claimant SS #

STATE OF _FLORIDA_, COUNTY OF _BROWARD_

I certify that on _1 2 13_, 201_3_ _Susanna Kohlich_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_LINDA ESPOSITO_
[Printed Name of Notary]

My Commission Expires: _7-14-2014_

LINDA ESPOSITO
Notary Public - State of Florida
My Comm. Expires Jul 14, 2014
Commission # EE 1437
Bonded Through National Notary Assn.

_____
Counsel   Daniel K. Bryson

Law Firm: _Whitfield Bryson & Mason LLP_

Non-KPT Property Owner Release

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this ___17___ day of ___October___, 201_3_ is entered into by [name(s) of property owners] ___RCR Holdings II, LLC___ (hereinafter "Claimant") (Social Security Number(s) ___3506___), owner of the property located at ___1690___ Renaissance Commons Boulevard, Unit _1520_, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _03/13/2007_.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

    a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.   Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.   Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property.  The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation.  In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

Page 6 of 10

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release. In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____ Claimant

38506

_____
Claimant SS #

STATE OF ____Florida____, COUNTY OF ___Palm Beach___

    I certify that on _____October 17_____, 201 3 , James Comparato personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

CHRISTINE VALENTINE JENKINS
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF061365
Expires 10/9/2017

_____
Notary Public

_____
[Printed Name of Notary]

My Commission Expires: _____

_____
Counsel

Law Firm: _____

Page 9 of 10

## CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
## AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this __12th__ day of March_____, 201_5_ is entered into by [name(s) of property owners] __Minor Pipes/Court Appt. Receiver____ (hereinafter "Claimant") (Social Security Number(s) __Receiver_____), owner of the property located at __1690__ Renaissance Commons Boulevard, Unit __1521__, Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] __5/10/07_____.

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC*, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled *Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7.  Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8.  This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9. Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action. To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an

admission of or consent to jurisdiction or waiver of any jurisdictional defenses.  Neither

this Release nor any agreement shall be admissible in evidence in any proceedings except

in an action to enforce the terms of the Release, or the RCR or Coastal Settlement

Agreements.

Minor Pipes/Court Appointed Claimant
Receiver

See Order #17370

Claimant SS #

STATE OF L̲o̲u̲i̲s̲i̲a̲n̲a̲    , COUNTY OF O̲r̲l̲e̲a̲n̲s̲   Parish

    I certify that on M̲a̲r̲c̲h̲ 1̲2̲        , 201 5̲, H̲.̲ M̲i̲n̲o̲r̲ P̲i̲p̲e̲s̲,̲ I̲I̲I̲ personally came
before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and
personally signed this document; and (b) signed, sealed and delivered this document by his act
and deed.

Notary Public

V̲i̲o̲l̲e̲t̲ B̲.̲ H̲o̲o̲k̲e̲r̲ ,̲ #̲4̲2̲0̲7̲6̲
[Printed Name of Notary]

My Commission Expires: a̲t̲ d̲e̲a̲t̲h̲

Daniel K. Bryson

Counsel

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

Non-KPT Property Owner Release

# CONFIDENTIAL NON-KPT PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This CONFIDENTIAL RELEASE ("Release"), dated this _4th_ day of _NOVEMBER_ , 201_3_ is entered into by [name(s) of property owners]

_Murat Mike Ocalan_ (hereinafter "Claimant") (Social Security Number(s)

_1261_ ), owner of the property located at _1690_ Renaissance Commons Boulevard, Unit _1529_ , Boynton Beach, Florida 33426 ("Property"), which Claimant acquired title to on [date] _12/15/2011_ .

WHEREAS, on May 9, 2012, a settlement was reached between Plaintiff Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs (collectively, the "Plaintiffs") on the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC_, et al., No. 10-1113 (E.D. La.) (Fallon, J.)(the "Hobbie" matter), and the other owners of 67 condominium Residences in Villa Lago at Renaissance Commons, not owned by RCR Holdings II, LLC and RCR Holdings II, LLC ("the RCR Settlement");

WHEREAS, on November 19, 2012, the MDL Court issued an Order granting Final Approval to the RCR Settlement;

WHEREAS, on or about March 22, 2013, a settlement was reached between Plaintiff, Wendy Lee Hobbie, on behalf of herself, the 181 named plaintiffs joined in the Second Amended Complaint styled _Hobbie, et al. v. RCR Holdings II, LLC, et al._, No. 10-1113 (E.D. La.) (Fallon, J.), the other owners of 67 condominiums located in the Villa Lago at Renaissance Commons not owned by RCR Holdings II, LLC, and RCR Holdings II, LLC; the Villa Lago Condominium Association at Renaissance Commons, Inc. ("COA"); and the following Defendants and Insurers: Coastal Construction Company of Palm Beach, Inc., Coastal

Construction of South Florida, Inc. d/b/a Coastal Condominiums, and Coastal Construction Group of South Florida, Inc; Arch Insurance Company, as issuer of a surety bond with Coastal as Principal with regard to the Villa Lago project; Precision Drywall and its related insurers (including, but not limited to Mid-Continent Casualty Company and Old Dominion Insurance Company to the extent of policies issued to Precision) and Precision's surety bond on this project; Banner Supply Co., Banner Supply Co. Pompano, LLC, Banner Supply Co. Port St. Lucie, LLC, Banner Supply Co. Ft. Myers, LLC, Banner Supply Co. Tampa, LLC, Banner Supply International, LLC, and any other entity insured under the Banner Insurance Policies; the Knauf Defendants[1]; and the following insurers to the extent of policies issued to Coastal: Arch Insurance Company, as issuer of a CGL policy to Coastal, Everest National Insurance Company, Allied World Assurance Company (U.S.) Inc. and Lexington Insurance Company (the defendants and their insurers identified herein are collectively "the Settling Defendants").;

WHEREAS, on April 24, 2013, the Court preliminarily approved the Settlement Agreement Regarding Claims Against Coastal Construction of South Florida, Inc. Related to Villa Lago At Renaissance Commons in MDL No. 2047 ("Coastal Settlement Agreement").

WHEREAS, Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

---

[1] The Knauf Defendants are Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebrueder Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH and Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

WHEREAS, Claimant's counsel and/or counsel for the Condominium Association has explained to Claimant, and Claimant understands, the terms and conditions of (i) this Release; (ii) the RCR Settlement; and (iv) the Coastal Settlement Agreement; and,

WHEREAS, the Claimant's Property contains drywall manufactured by an entity other than the Knauf Defendants.

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns the Property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the parties in satisfying their obligations under the RCR and Coastal Settlement Agreements, will constitute full compensation and settlement arising out of, or related to, the Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to such claims, except as described below.

3. Claimant, in exchange for the consideration described in the RCR and Coastal Settlement Agreements, will dismiss with prejudice any lawsuit Claimant has filed in relation to the Chinese Drywall in the Property.

4. Claimant represents that Claimant will adhere to the Remediation Plan set forth by the Lead Contractor as that term is defined in section 1.30 of the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement"), and will comply with the specific remediation schedule and relocation plan created by the Lead Contractor.

5. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Settling Defendants, RCR or the COA, all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators arising out of, or relating to, the Chinese Drywall in the Property, and personal representatives of each of the foregoing, separately or collectively in accordance with section 5 of the Coastal Settlement Agreement and the RCR Settlement Agreement. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those Chinese Drywall-related damages of Claimant of which Claimant is not aware, and those Claimant does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 6 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

6. The following claims are reserved (the "Reserved Claims"):

   a. Pursuant to Section 5.6 of the Coastal Settlement Agreement, claims against any and all parties, except as against the Settling Defendants, for damages incurred,

and any related attorneys' fees and costs, as a result of Chinese Drywall, installed in the Property, to the extent not previously resolved by settlement or judgment.

    b.    Claims for attorneys' fees and costs as provided in the Coastal Settlement Agreement; and,

    c.    Claims against the Settling Defendants under the Coastal Settlement Agreement in connection with the performance of their obligations, including, but not limited to warranty claims and performance of punch list items.

7. Except as to the Reserved Claims, in consideration of the Knauf Defendants' agreement to front the Banner and Precision contributions so that remediation may begin on a timely basis, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have in connection with Chinese Drywall in the Claimant's Property. The Knauf Defendants shall be permitted to prosecute such assigned claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution thereof.

8. This Release is effective immediately with exception that it shall be effective as to the Settling Defendants, RCR and the COA upon (i) obtaining the Certificate of Occupancy and Environmental Certificate as that term is defined in the Knauf Class Settlement Agreement, (ii) "Substantial Completion" as that term is defined in the Work Authorization Agreement, and (iii) receipt by the Claimant of a final release of lien or liens, or such other sufficient evidence, demonstrating that any actual or potential liens filed in relation to the remediation of the Property have been either released or bonded off such that the Claimant's title is clear of all liens related to the remediation. In the event

that the Remediation Program is terminated before remediation of the Property has commenced, this Release, in its entirety, will be null and void.

9.  Claimant understands and acknowledges the significance and consequence of releasing Claimant's Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims) against the Settling Defendants, and hereby assumes full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

10. Claimant and Claimant's counsel, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein (the "Restricted Persons") shall keep STRICTLY CONFIDENTIAL and agree not to disclose to any other party, person or entity the terms of remediation or amount of this settlement, any of the term of this Release, or the amount received by Claimant, or the amount of money offered, demanded or discussed during the course of settlement negotiations (the "Confidential Information"), except as required by law, and then only to the extent necessary.

11. Except as permitted in the preceding paragraph, no Restricted Person shall offer in evidence in any civil, criminal, administrative or other action or proceeding, or otherwise publicly refer to any of the Confidential Information other than as may be necessary to consummate or enforce this Release.  If the subject of such Confidential Information should arise in any legal proceedings, other than a proceeding to consummate or enforce this Release, the Restricted Persons will, to the extent possible, give Released Parties notice and an opportunity to intervene and oppose, file under seal any documents disclosing the Confidential Information, and take all reasonable measures to ensure that it is kept confidential and that any disclosure thereof takes place *in camera*.

12. No Restricted Person will rely on or attempt to rely on this Release, or any portion of the contents thereof, or any amount provided herein, or any amount received by the Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.  No Restricted Person will attempt to lift, or to cause any court or other body to lift, the confidentiality provisions of this Release for any purpose.

13. Claimant hereby represents and warrants that Claimant has not disclosed prior to the execution of this Release terms of this settlement, or any substance of the settlement negotiations to any person to whom disclosure is not authorized hereunder.

14. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant and Claimant's undersigned counsel further agree and covenant to forever indemnify, defend and hold harmless the Settling Defendants, RCR and the COA and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and

representatives from and against all claims and future claims relating to the Chinese Drywall in the Property.

15. Claimant is bound by this Release.  Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of Claimant, Claimant's estate, or the estate of any of them is also bound.  This Release is made for the benefit of Claimant and the Settling Defendants.

16. If Claimant has filed an action in relation to the Chinese Drywall in the Property, Claimant authorizes and instructs Claimant's counsel to deliver to the Settling Defendants a Notice of Dismissal with prejudice of such action, which shall be "so ordered" by the Court where such action is pending, as against the Settling Defendants and to the extent it relates to the Chinese Drywall in the Property in accordance with the provisions herein and the terms of the RCR and Coastal Settlement Agreements. Claimant and Claimant's counsel shall cooperate with the Settling Defendants in any additional way reasonably necessary to obtain such dismissal with prejudice.

17. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

18. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Settling Defendants who expressly deny any liability to Claimant and who

are entering this agreement to avoid the expense and uncertainty of litigation; or, (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses. Neither this Release nor any agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, or the RCR or Coastal Settlement Agreements.

_____
Murat Mike Ocalan        Claimant

_____
1261
Claimant SS #

STATE OF _____, COUNTY OF _____

I certify that on 4TH November, 2013, Murat Mike Ocalan personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

Samantha T. Chen
[Printed Name of Notary]

My Commission Expires: N/A

_____
Counsel     Daniel K. Bryson

Law Firm:  Whitfield Bryson & Mason LLP

Page 9 of 10

Self-Remediation Option Release

# PROPERTY OWNER RELEASE
# AND ASSIGNMENT OF CLAIMS

This RELEASE ("Release"), dated this _6_ day of _November_,

201_1_ is entered into by [name(s) of property owners] _EnTrusT IRA Edward + Paula Adams_

_1545 /    4095_

(hereinafter "Claimant") (Social Security Number(s) _____), owner of the property

located at _11843 Bayport Lane #801   FT Myers FL  33908_

("Property"), which Claimant acquired title to on [date] _10/2/06_

WHEREAS, on or about _2/9/09 · 6/8/11_, Claimant commenced a lawsuit

_5/5/11 ;  12/15/10_

on Claimant's own behalf against one or more of Knauf Plasterboard (Tianjin) Co., Ltd.

("KPT"), Knauf Plasterboard (Wuhu) Co. Ltd., Guangdong Knauf New Building Material

Products Co., Ltd., Knauf International GmbH, Knauf Insulation GmbH (referred to in MDL

2047 as Knauf Insulation USA), Knauf AMF GmbH & Co. KG, Knauf UK GmbH, Knauf do

Brasil Ltda., Gebr. Knauf Verwaltungsgesellschaft, PT.Knauf Gypsum Indonesia, or Knauf Gips

KG (collectively "Knauf Defendants"), and the builder, supplier, installer, and insurer defendants

(collectively "the Supply Chain Defendants"). Claimant's action was filed as: _etal; Omni II_

[case caption] _Payton etal v, tinof Gips KG, etal, Block, etal v. Schneider Kronig, etal;_
_International Aluminatta, etal, Wills, etal v. Beijing New Building Materials, etal_
_Haya, etal v. Taishan Gypsum Co Ltd Ltd_

in the [Court] _USDC-EDLA. Case Nos. 09-7628 ; 11-1363 ; 10-361; 11-10.77_

(hereinafter "Action"); and

WHEREAS, on October 14, 2010, the Knauf Defendants and the MDL Plaintiffs'

Steering Committee (the "PSC") in *In re: Chinese Manufactured Drywall Products Liability*

*Litigation*, MDL No. 2047 (the "MDL") entered into a Settlement Agreement for the

Demonstration Remediation of Homes with KPT Drywall (the "Demonstration Remediation

Agreement") to create a program (the "Program") to remediate homes that contain all or substantially all KPT drywall board ("KPT Chinese Drywall");

WHEREAS, on December 20, 2011, the Knauf Defendants and the PSC entered into the Settlement Agreement Regarding Claims against the Knauf Defendants in MDL No. 2047 ("Class Settlement Agreement"), which, based on the Program created by the Demonstration Remediation Agreement, provides property owners whose properties contain KPT Chinese Drywall with the option to remediate their properties, or in lieu of remediation, a cash payment as calculated pursuant to Section 4.3.3 of the Class Settlement Agreement;

WHEREAS, on January 10, 2012, the MDL Court preliminarily approved the Class Settlement Agreement;

WHEREAS, pending the MDL Court's final approval of the Class Settlement Agreement, and irrespective of whether the Class Settlement Agreement is finally approved, the Knauf Defendants, without waiving any rights under the Demonstration Remediation Agreement, will offer owners of properties eligible for the Program the following remediation options set forth in Sections 4.3.1 through 4.3.3 of the Class Settlement Agreement: (i) the Program Contractor Remediation Option; (ii) the Self-Remediation Option; and (iii) the Cash-Out Option;

WHEREAS, the Claimant hereby represents that Claimant is authorized under applicable law to represent and bind all other relevant parties, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them, who are not signatories to this Release and by signing this Release does so bind;

WHEREAS, the Claimant has selected the Self-Remediation Option pursuant to Section 4.3.2 of the Class Settlement Agreement;

WHEREAS, Claimants' counsel has explained to Claimant, and Claimant understands, (i) the terms of this Release; (ii) the terms and conditions set forth in the Demonstration Remediation Agreement; and (iii) the terms and conditions set forth in Section 4.3.2 of the Class Settlement Agreement;

NOW, THEREFORE, for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, each and all intending to be legally bound, hereby stipulate and agree as follows:

1. Claimant represents that Claimant owns and occupies the above listed property and that no other individual or entity has any direct or indirect ownership interest in the above listed property other than a mortgagee or other lien holder, and further represents that any such mortgagee or lien holder has not commenced foreclosure proceedings or acquired an ownership interest in such property and that Claimant is not in default on any financial obligations for which the property is security or collateral for repayment of such obligations.

2. Claimant agrees that the consideration and actions performed by the Knauf Defendants in satisfying their obligations under the Demonstration Remediation Agreement and the Class Settlement Agreement, will constitute full compensation and settlement arising out of or related to claims asserted in the Action or to the KPT Chinese Drywall in the Property, and that Claimant will not seek anything further, including any other payment, from any other person or entity related to the Action, except as described below.

3. Claimant and the Knauf Defendants further agree that, in exchange for the consideration that is described herein, including but not limited to the offer to pay Claimant's chosen contractor a sum certain towards the remediation of Claimant's property pursuant to the terms of Section 4.3.2 of the Class Settlement Agreement, the Claimant will dismiss with prejudice the Action.

4. Claimant unconditionally releases and relinquishes all rights that Claimant has or may have against the Knauf Defendants and the Supply Chain Defendants arising out of or relating to claims asserted in the Action and/or the KPT Chinese Drywall in the Property, any and all persons or entities who furnished services for, or in any way facilitated or assisted in, the installation of KPT Chinese Drywall in the Property, including without limitation, any actual or potential defendants, including but not limited to, contractors, builders, suppliers, designers, real estate agents, hangers, and/or consultants, and their respective insurance carriers; and all of their past, present, and future parents, subsidiaries, affiliates, controlling persons, officers, directors, employees, shareholders, suppliers, distributors, contractors, agents, servants, counsel, and insurers; and all predecessors, successors, assigns, heirs, executors, estate administrators, any person who may have a claim of indemnity or contribution against the Knauf Defendants or Supply Chain Defendants, and personal representatives of each of the foregoing, separately or collectively. This general release includes without limitation past, present, and future remediation, construction, reconstruction, repair or claims for any and all damages, compensatory and/or punitive and/or other, penalties, costs, expenses, attorney's fees, and interest, pre-judgment and/or post-judgment, and includes those KPT Chinese Drywall-related damages of Claimant of which Claimant is

not aware, and those Claimant) does not anticipate, with the sole exception of the Reserved Claims defined in Paragraph 5 below. Other than as to the Reserved Claims, this is a full, final and absolute general release and covenant not to sue.

5.   The following claims against the Knauf Defendants are reserved (the "Reserved Claims"):

   a.   Claims by Claimant for bodily injury and economic injuries solely to the extent that such claims are covered by the Other Loss Fund created by the Class Settlement Agreement and solely to the extent that Claimant seeks to resolve such claims by participating in the Class Settlement Agreement. In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or PSC exercise their termination rights under the Class Settlement Agreement, Claimant shall reserve (i) Claimant's bodily injury claims and (ii) claims covered by Paragraph III(C) of the Demonstration Remediation Agreement, and the Knauf Defendants shall reserve all defenses, including jurisdictional defenses, as to bodily injury claims;

   b.   Claims by Claimant's counsel for "Attorneys' Fees" as defined in Paragraph IX of the Demonstration Remediation Agreement and, upon final approval by the MDL Court, if such final approval is granted, pursuant to the terms of the Class Settlement Agreement. In the event that the MDL Court does not grant final approval of the Class Settlement Agreement or in the event that the Knauf Defendants or the PSC exercise their termination rights under the Class Settlement Agreement, claims for Attorneys' Fees shall be resolved pursuant to Paragraph X of the Demonstration Remediation Agreement; and

c.      Claims in connection with the performance of, and any obligations arising under, the Demonstration Remediation Agreement and, upon final approval, the Class Settlement Agreement.

6.      Except as to the Reserved Claims, Claimant hereby assigns, transfers and otherwise relinquishes to the Knauf Defendants any and all of Claimant's claims and/or causes of action Claimant has, or may have, (1) in connection with the KPT Chinese Drywall in the Claimant's Property, against the Supply Chain Defendants and (2) in connection with any non-KPT drywall manufactured in China ("Other Chinese Board") found in the Property, if any, against the manufacturers of the Other Chinese Board (the "Assigned Claims").   The Knauf Defendants shall be permitted to prosecute the Assigned Claims at their own expense, in which case Claimant shall reasonably cooperate in the prosecution of the Assigned Claims.   However, if the Knauf Defendants elect not to prosecute the Assigned Claims against one or more of the Supply Chain Defendants, the release in Paragraph 4 above shall be effective as to any or all of the Supply Chain Defendants as against whom the Knauf Defendants decline to bring the Assigned Claims.

7.      Subject to Paragraph 6 above, this Release is effective immediately with exception that it shall be effective as to the Knauf Defendants upon payment by the Knauf Defendants to Claimant's chosen contractor, under Section 4.3.2.2 of the Class Settlement Agreement, of the first 30% of the amount the Knauf Defendants will contribute toward the remediation of the Property as calculated pursuant to Section 4.3.2 of the Class Settlement Agreement.   The effectiveness of this Release as against the Knauf Defendants is subject to the Knauf Defendants' continuing obligation to make the

payments described in Section 4.3.2.2 of the Class Settlement Agreement to Claimant's chosen contractor provided that Claimant continues to meet their obligations under Section 4.3.2.2, for example, providing the Knauf Defendants with an Environmental Certificate as defined in Section 1.11 of the Class Settlement Agreement.

8.  Claimant understands and acknowledges the significance and consequence of releasing all of Claimant's KPT Chinese Drywall-related causes of action and/or claims (including presently existing, but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims), and hereby assume full risk and responsibility for any and all injuries, losses, damages, assessments, penalties, charges, expenses, costs, and/or liabilities that Claimant may hereinafter incur or discover that in any way arise out of or relate to such causes of action.  To the extent that any law, statute, ordinance, rule, regulation, case or other such legal provision or authority may purport to preserve Claimant's right hereafter to assert presently existing but unknown, unasserted, unsuspected, or undiscovered KPT Chinese Drywall-related causes of action and/or claims, which would otherwise be barred by the terms of this Release, Claimant hereby specifically and expressly waives Claimant's rights under such law, statute, ordinance, rule, regulation, case or other such legal provision or authority.

9.  As provided for in Rule 408 of the Federal Rules of Evidence or its equivalent in state court jurisdictions, Claimant and the Knauf Defendants, and every person employed or retained by them who has any knowledge of any term of this Release or of any settlement, release, or waiver referred to herein will not introduce in evidence this Release, or any portion of the contents thereof, or any amount provided herein, or any

amount received by Claimant, in any proceeding other than a proceeding to consummate or enforce this Release.

10. In further consideration of the foregoing, and with the exception of the Reserved Claims, Claimant ~~and Claimant's undersigned counsel~~ further agree and covenant to forever indemnify, defend and hold harmless the Knauf Defendants, and without limitation, their successors, predecessors, assigns, affiliates, shareholders, investors, and their past, present and future officers, directors, partners, attorneys, agents, employees, parent companies, partnerships, subsidiaries, sister corporations and representatives from and against all claims and future claims relating to the KPT Chinese Drywall in the Property.

11. Claimant is bound by this Release. Anyone who succeeds to Claimant's rights and responsibilities, including any and all representatives, agents, successors, assigns, beneficiaries, heirs, or executors of the Claimant, Claimant's estate, or the estate of any of them is also bound. This Release is made for the benefit of Claimant and the Knauf Defendants.

12. The Claimant authorizes and instructs Claimant's counsel to deliver to the Knauf Defendants a Notice of Dismissal with prejudice of the Action, which shall be "so ordered" by the Court where the Action is pending, as against all defendants in accordance with the provisions herein and the terms of the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement. Claimant and Claimant's counsel shall cooperate with the Knauf Defendants in any additional way reasonably necessary to obtain such dismissal with

prejudice.  Such delivery of the Notice of Dismissal shall be made to Kerry J. Miller, Frilot L.L.C., Suite 3700, 1100 Poydras Street, New Orleans, Louisiana 70163.

13. Claimant acknowledges that Claimant has not received or relied on any agreements or promises other than as contained in writing in this Release.  In executing this Release Claimant has relied on Claimant's own or Claimant's counsel's analysis of the facts and information of which they are independently aware, and assumes the risk that there may prove to be facts or information different from or in addition to what they now know or believe.

14. Nothing in this Release shall constitute (i) any admission of liability or fault of any kind on the part of Knauf Defendants who expressly deny any liability to the Claimant  and who are entering this agreement to avoid the expense and uncertainty of litigation; (ii) an admission of or consent to jurisdiction or waiver of any jurisdictional defenses, except as provided in the Demonstration Remediation Agreement and, in the event the MDL Court grants final approval, the Class Settlement Agreement; or (iii) consent to service by the Knauf Defendants.  Neither this Release nor any Agreement shall be admissible in evidence in any proceedings except in an action to enforce the terms of the Release, the Demonstration Remediation Agreement, or in the event the MDL Court grants final approval, the Class Settlement Agreement.

_Edward W. Adams_
_____
Claimant

_1545_
_____
Claimant SS #

STATE OF _New Jersey_, COUNTY OF _Monmauth_

I certify that on _Nov 9th_, 201_2_ _____ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

Sworn to and subscribed
before me this
_9_ day of _nov_, 20_12_

ANDREA A. PATTERSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/8/2016

_Andrea A Patton_
_____
Notary Public

_Andrea A Patterso_
_____
[Printed Name of Notary]

My Commission Expires: _2/8/16_

_____
Counsel _April S. Goodwin_

Law Firm: _Parker Waichman LLP_

Page 11 of 11

*Paula S. Adams*

_____
Claimant

*4095*

_____
Claimant SS #

STATE OF _New Jersey_, COUNTY OF _Monmouth_

    I certify that on _Nov 9_, 201_2_, _Paula S Adams_ personally came before me and acknowledged under oath, to my satisfaction, that this person (a) is named in and personally signed this document; and (b) signed, sealed and delivered this document by her act and deed.

_____
Notary Public

_Andrea A Patterson_

_____
[Printed Name of Notary]

My Commission Expires: _2/8/16_

ANDREA A. PATTERSON
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/8/2016

Sworn to and subscribed
before me this
_9_ day of _nov_ 20 _12_

Counsel _April S Goodwin_

Law Firm: _Parker Waichman LLP_