UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Chinese Manufactured Drywall Products Liability Litigation** | MDL 09-md-2047 |
| | SECTION "L" |
| *This Document Relates to:* | JUDGE ELDON E. FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | MAGISTRATE JOHN C. WILKINSON, JR. |
| **Case No. 2:14-cv-2722** | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS/STRIKE CERTAIN BENNETT CLAIMS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Plasterboard (Tianjin) Co. Ltd. and Knauf Gips KG ("Knauf"), submit the following Memorandum in Support of their Motion to Dismiss/Strike Certain Bennett Claims.

On December 19, 2018, following deadlines to file Plaintiff Profile Forms and Supplemental Plaintiff Profile Forms, the Court issued a Case Management Order requiring in part, that plaintiffs submit executed Plaintiff Fact Sheets with supporting documentation within 60 days. The Plaintiffs uploaded Plaintiff Facts Sheets at, just before, or just after the 60-day deadline.

On February 19, 2019, Knauf filed a Motion to Dismiss for those plaintiffs that had missed the deadline to file Plaintiff Fact Sheets. (R. Doc. 22107). Knauf then agreed to continue the motion from the March status conference date after the past due Plaintiff Fact Sheets were uploaded. The motion remains pending and is currently set for hearing at the Court's April 23, 2019 status conference.

Since the date the files were uploaded to Brown Greer's portal, Knauf has commenced reviewing the Plaintiff Fact Sheets and documentation submitted by plaintiffs. Many of the

Plaintiff Fact Sheets reviewed to date have inconsistent and deficient responses that prevent Knauf from assessing the claims and preparing a defense.  Further, Knauf believes that many of the submissions fail to meet the Court's CMO or plaintiffs' burden in any jurisdiction to establish liability and damages. Although it is plaintiffs' burden to establish liability and damages, and plaintiffs have submitted that they have provided all documents and evidence within their possession, most of the claims do not sufficiently submit evidence of product ID, product percentage, or proof of the alleged damages stated in the Plaintiff Fact Sheet.  For example, almost all of the non-remediation properties reviewed to date fail to provide a KPT drywall percentage or provide evidence of KPT drywall other than a handful of photos.  None of the ARH properties reviewed to date provided evidence in compliance with PTO 1(B).  Almost all of the claims reviewed to date fail to provide support for loss of use damages or personal property losses other than claiming a damage number and listing items. In addition, certain claimants are believed to have submitted fraudulent submissions by submitting the same limited evidence of KPT drywall for multiple properties.  Finally, one plaintiff claims damages for KPT drywall although the State Fire Marshall concluded, and her husband was arrested for arson for intentionally burning the property down.  For the sake of brevity and organization, the deficiencies in Plaintiffs' discovery responses reviewed to date are summarized on individual slip sheets within the attached in globo Exhibit A.

      Therefore, Knauf now provides notice of the deficiencies identified to date.  *See* Exhibit A.  Knauf requests these deficiencies be subject to a Rule to Show Cause why the claims should not be dismissed at the Court's April 23, 2019 status conference.  *In re Vioxx Prod. Liab. Litig.*, 388 F. App'x 391, 397–98 (5th Cir. 2010) (finding that MDL district court may dismiss claims for failure to comply with pretrial and Lone-Pine Orders).

In addition, because of the deficiencies, the time required to cure/dismiss the claims, and the fact that Knauf will be required to seek dismissals or cure deficiencies, Knauf believes it is necessary for this Court to extend the deadlines in its December 19, 2018 CMO by 90 days.  It is infeasible for Knauf to request inspection of properties or depose plaintiffs, until the deficiency issues have been cured by the plaintiffs or resolved by this Court.

**WHEREFORE**, Knauf Plasterboard (Tianjin) Co. Ltd. and Knauf Gips KG pray that this Honorable Court grant their motion and allow them to supplement the previously filed Motion to Dismiss (Rec. Doc. 22107).

    Respectfully submitted,

    **FISHMAN HAYGOOD, LLP**

    */s/ Kerry J. Miller*
    **KERRY J. MILLER (#24562), T.A.**
    **PAUL C. THIBODEAUX (#29446)**
    **DANIEL J. DYSART (#33812)**
    201 St. Charles Avenue, 46th Floor
    New Orleans, LA 70170
    Telephone:    (504) 556-5549
    Facsimile:    (504) 301-0275
    Email:    kmiller@fishmanhaygood.com
    Email:    pthibodeaux@fishmanhaygood.com
    Email:    ddysart@fishmanhaygood.com

    *Counsel for Defendants,*
    *Knauf Plasterboard (Tianjin) Co. Ltd. and*
    *Knauf Gips KG*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 2nd day of April, 2019.

                                              */s/ Kerry J. Miller*
                                              **KERRY J. MILLER**