# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:** | |
| ***Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395** | |

### TAISHAN'S OPPOSITION TO THE PSC'S MOTION TO APPLY THE REMEDIATION-DAMAGES FORMULA TO THE CLAIMS OF FORMER OWNERS OF AFFECTED PROPERTIES LOCATED IN LOUISIANA

## I.    INTRODUCTION

There is no inequity or punishment to rightful claimants recovering every penny of their losses caused by Chinese drywall. Their harms will be measured, and then monetized. They will be made whole. Taishan seeks that result. And that is the "sole objective under Louisiana civil law." *Scott v. Am. Tobacco Co.*, 36 So. 3d 1046, 1056 (La. Ct. App. 2010) ("[T]he sole objective under Louisiana civil law is to oblige the wrongdoers only to repair the full extent of damage done by them . . . .").

Earlier in this litigation, Plaintiffs recognized that the make-whole analysis in this case would be different for current owners, who can use estimated repair costs to restore their properties, than for ***former*** owners, who no longer have property to repair. To be clear, ***former owners may still have damages***. It's just that any such damages are in a different form, and thus must be measured differently. That readily apparent distinction prompted the PSC to themselves

"request[] that the [June 9, 2015] hearing be limited to current owners and request[] that former owners' damages be calculated at a later date." (Rec. Doc. 22155-1 ["PSC Mot."] at 8). Thus, at the hearing, "the Court considered only remediation damages for current owners." (Rec. Doc. 20741 ["Damages FOFCOL"] at 30). Were the measure of damages the same for current and former owners, there would have been no reason to segregate and delay the damages calculation for the second group.

The PSC has changed their tune. They ask the Court for an abstract ruling that all *Amorin* plaintiffs who are former owners now should receive formula damages designed to estimate repair costs, even though those former owners can no longer repair the property. They couch their request in notions of equity and fair play, founded on a false premise that any measure of damages other than the repair-costs formula is somehow punitive. But their approach is inequitable both in theory and application, and contrary to law. Louisiana law does not provide for any plaintiff to get more in damages than the harm they incurred, and the PSC cites no relevant law from Louisiana (or anywhere else) that supports that result. And for particularized inequities, the Court need look no further than the PSC's example of a particular plaintiff (Mary Haindel), who apparently stands to receive much *less* under the formula than she might get if her damages were properly measured by diminution in value.

In 2015, the PSC properly requested that former owners calculate their property damages in a process different from the formula calculation, and that can be done for the six former-owner Select Cases and for every other former owner in accordance with Louisiana law. It is what the former owners deserve under the law—the true measure of the harm they suffered. The Court should deny the PSC's Motion.

## II.   PLAINTIFFS OFFER NO LEGAL JUSTIFICATION TO DEPART FROM LOUISIANA LAW ON DAMAGES

With no Louisiana law to support their request, the PSC relies solely on an equitable argument pointing to a Latin maxim *ubi jus ibi remedium* as a reason to apply the formula to former owners. But they have missed a much more important Latin maxim: *equitas sequitur legem*. As the U.S. Supreme Court observed, "wherever the rights or the situation of parties are clearly defined and established by law, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim *equitas sequitur legem* [equity follows the law] is strictly applicable." *Hedges v. Dixon Cty.*, 150 U.S. 182, 192 (1893) (quoting *Magniac v. Thomson*, 56 U.S. (15 How.) 281, 299 (1854)). The Fifth Circuit obviously agrees. *See United States v. Coastal Ref. & Mktg., Inc.*, 911 F.2d 1036, 1043 (5th Cir. 1990) ("A court in equity may not do that which the law forbids."); *Solomon v. Gerstel*, 207 F.2d 601, 602 (5th Cir. 1953) ("[I]t is axiomatic that equity follows the law.").[1]

Using equity to refashion the law because of Taishan's conduct would also specifically violate Louisiana damages law. "[T]he sole objective under Louisiana civil law is to oblige the wrongdoers only to repair the full extent of damage done by them, and not ever to punish the wrongdoers, no matter how shameful or outrageous their conduct." *Scott*, 36 So. 3d at 1056; *cf. Kpadeh v. Emmanuel*, 261 F.R.D. 687 (S.D. Fla. 2009) (rejecting per-unit formula for damages

---

[1] Nothing in *Brown v. Bd. of Educ. of Topeka, Kan.*, 349 U.S. 294 (1955), is remotely relevant here. *See* PSC Mot. at 17.

against defaulted foreign defendant accused of serial torture). The PSC cannot use equitable arguments to try to change Louisiana law.[2]

Unsurprisingly, applying Louisiana law by not applying the formula does not set up an inequitable situation. Louisiana law provides former owners with a remedy based on an appropriate measure of damages—diminution in value. Contrary to the PSC's heated rhetoric, Taishan does not "seek to avoid accountability," and does not seek to deny former owners "full relief." (PSC Mot. at 6, 13). Taishan agrees that "former owners are entitled to be made whole," just not "by applying the formula for remediation damages." *Id.* at 13. Plaintiffs complain that former owners will be "deprived of a formulaic calculation of damages," but the formula is not a right or entitlement. *Id.* Plaintiffs further complain that former owners "should not be penalized," but receiving the proper Louisiana measure of damages is not a penalty. *Id.*

If anything, it is the PSC that may be setting up an inequitable penalty for some of their clients. Plaintiffs spend three pages relating the unfortunate story of Ms. Haindel, including her testimony that she purchased a house in 2007 for $316,000, and, after discovering defective drywall, sold it in a short sale for $110,000. *Id.* at 10, 12. That suggests diminution-in-value damages of $206,000. But the PSC's most recent spreadsheet (using a national average higher than the one approved by the Court) puts Ms. Haindel's remediation-formula calculation at $144,000. Thus, the PSC's request to apply the formula to every Louisiana former owner could potentially penalize Ms. Haindel by tens of thousands of dollars. That would be inequitable and it would violate Louisiana law.

---

[2] At a hearing with the Florida Special Master, PSC member, Sandra Duggan, confirmed that they seek to apply the formula to former owners based on "an equitable argument." Apr. 11, 2019 Hearing Tr. (Rough), at 274:22 (attached as Exhibit A).

III.   **LOUISIANA LAW REQUIRES THAT FORMER OWNERS WHO NEVER REMEDIATED MEASURE THEIR DAMAGES BY DIMINUTION IN VALUE**

The Court has ruled—consistently and correctly—that each drywall claim is governed by the substantive law of the state in which the subject property is located. That also applies specifically to the measure of damages. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428–31 (1996) (recognizing damages as substantive law issue under *Erie* doctrine and requiring federal courts sitting in diversity to apply damages law of forum state). The Court properly recognized in *Hernandez* that Louisiana property damages are governed by Louisiana law:

> The real property of the Plaintiffs is situated in Louisiana, and the losses that are the subject of this case likewise occurred in Louisiana. Louisiana's substantive law applies.

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 2047, 2010 U.S. Dist. LEXIS 41190, at *64 (E.D. La. Apr. 27, 2010) ("*Hernandez* FOFCOL").

The PSC gives Louisiana law short shrift in their Motion, citing no relevant Louisiana law to support their deviation from the "sole objective" of making injured plaintiffs whole, but not more than whole. *Scott*, 36 So. 3d at 1056. They do describe the Louisiana "'subsequent purchaser' rule," but, as they admit, that "determine[s] who has the right to sue for property damage." (PSC Mot. at 14). That people who have sold their property can have standing to pursue damages is undisputed. The subsequent purchaser doctrine in no way governs the proper ***measure of damages*** for formers owner who may still own the personal right to sue. No other Louisiana state court decisions appear in their papers, and other than the Court's own rulings, no other Louisiana district court decisions.[3]

--------

[3] The PSC cites no Louisiana law for their *ipse dixit* notion that the subsequent purchaser rule

But applying the repair-estimation formula to Louisiana former owners who can no longer repair the subject property would violate many precepts of Louisiana law. First, the formula would violate the preeminent Louisiana case on tort recovery for property damage, *Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Service Co.*, 618 So. 2d 874 (La. 1993). That case set out "the general rule of thumb" that a person who sustains property damage "is entitled to recover damages including the cost of restoration that has been or *may be reasonably incurred*." *Id.* at 879 (emphasis added). But repair costs will not "be reasonably incurred" if the person no longer owns the property.[4] *Roman Catholic Church* also held that the individual who sustains property damage may instead recover "at his election, the difference between the value of the property before and after the harm." *Id.* The Louisiana Supreme Court also noted the relevance of whether "the plaintiff will, in fact, make the repairs." *Id.* at 879-80. Former owners who have sold their property without remediating necessarily no longer can repair, but have in fact realized a measurable diminution in value. Under Louisiana law, "when property is damaged through the legal fault of another, the primary goal is to restore the property, as nearly as possible, to the state it was in immediately preceding the damage." *Id.* at 876 (quoting *Coleman v. Victor*, 326 So. 2d

---

somehow means the scope of damages should be measured at some earlier point when the former owner owned the property. That regime would actually unfairly cut off damages that occurred later. The out-of-state cases cited in footnote 36 relate only to the subsequent purchaser rule, not the proper measure of damages, and would not govern here, in any case.

[4] If the former owner has "incurred" the cost of restoration, that proper measure of damages is not an estimate, but the actual cost of that restoration. *See Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983) ("If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." (quoting *Lambert v. Allstate Ins. Co.*, 195 So. 2d 698, 700 (La. Ct. App. 1967)).

344, 346 (La. 1976)).[5] But that fundamental policy fails in the case of former owners because they cannot use a repair-cost award to "restore the property." *See also Corbello v. Iowa Prod.*, 850 So. 2d 686, 694 (La. 2003) (holding that "the cost of restoration" is the measure of damages "if the thing damaged can be adequately repaired"). The PSC's Motion goes against all of those concepts.

Where a property cannot be adequately repaired—indeed, not repaired at all, diminution in value is the appropriate measure: "If the damaged property cannot be adequately repaired, the judicial objective of restoring the claimant to his position immediately prior to damage may be achieved by awarding him the difference in the value of the property before the damage occurred and just afterwards." *Coon v. Placid Oil Co.*, 493 So. 2d 1236, 1240 (La. Ct. App. 1986).

At the very least, the Court should refrain from making a blanket determination of the proper measure of damages for *all* former owners. In Louisiana, "[n]o mechanical rule can be applied with exactitude in the assessment of property damage under Article 2315." *Roman Catholic Church*, 618 So.2d at 876 (quoting *Coleman*, 326 So. 2d at 347). Instead, "[e]ach case must rest on its own facts and circumstances as supported by the proof in the record." *Coleman*, 326 So. 2d at 347. Without examining the facts of each former owner's case, the Court cannot ensure that the damages awarded under the remediation formula will be in accordance with Louisiana law. For this additional reason, the Court should deny Plaintiffs' request to apply the remediation formula to all Louisiana former owners.

---

[5] *Coleman* does not support applying the formula. Even though the property in that case, a car, was sold without repair, the issue before the Louisiana Supreme Court was whether the trial court erred by awarding the cost of repair rather than a much higher diminution in value. 326 So. 2d at 346-47. The court did not address the argument presented here.

7

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion seeking to apply the

remediation formula to all Louisiana former owners.

Dated: April 12, 2019

Respectfully submitted,

/s Christina Hull Eikhoff
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an*
*Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And*
*Tai'an Taishan Plasterboard Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 12th day of April, 2019.

<div style="margin-left:45%">

Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan*

</div>