UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395 | |

**CNBM CO. AND BNBM ENTITIES' JOINDER AND RESPONSE TO PSC MOTION TO ADOPT TRIAL PLAN FOR LOUISIANA *AMORIN* CASES**

CNBM Co. and the BNBM Entities hereby join in Taishan's Response to the PSC's Motion to Adopt Trial for Louisiana *Amorin* Cases. In so doing, CNBM and the BNBM Entities also incorporate by reference all arguments advanced in their earlier trial plan briefs as well as those submitted by Taishan.

**I.   The Timing of Defendants' Plan Would Result In Greater Efficiencies.**

We concur that there is only a small amount of additional time built into the Defendants' plan to try an initial set of 10 cases, and that that extra time can be put to good use that could actually shorten the time needed for trial. In submitting this brief, we wish merely to underscore the point that Plaintiffs' plan, which may seem "efficient" at first blush with its proposed use of a Special Master, actually creates a multitude of inefficiencies and potential traps that will only delay resolution of issues while simultaneously building in error.

**II.  The PSC's Proposed Special Master Process Would Preclude An Accurate Assessment of Remediation Damages.**

As our earlier trial plan filings reflect and recent case developments in Florida and Louisiana underscore, adopting the sort of streamlined, Special Master process for remediation

1

damages urged by the PSC would lead to numerous obstacles and complications in determining the proper measure of damages. That's because, under Louisiana law, owners are entitled to the cost of restoration or the difference in value before and after the harm and that determination turns upon each owner's unique circumstances. *Roman Catholic Church v. La. Gas Serv. Co.*, 618 So.2d 874, 877 (La.1993). A former owner, who did not remediate, will necessarily be entitled to the difference in value because he can no longer remediate. A current owner that has remediated is entitled to "the cost of restoration that has been … incurred." *Id.* And a current owner that has not remediated may receive "the cost of restoration that … may be reasonably incurred." *Id.*

The point is that these are each highly individualized inquiries that necessitate unique factual development through records, examinations before trial, and expert discovery. In particular, a former owner who did not remediate will necessarily utilize the assistance of an expert to demonstrate the difference in value and identify what portion of that difference was attributable to drywall (as opposed to simply the recession or other intervening cause). A former owner or current owner who did remediate will be entitled to his remediation expenses, though deposition testimony will assist in ascertaining where, for example, potentially non-reimbursable upgrades occurred—an occurrence already identified by some plaintiffs within the Louisiana "discovery pool." And all of this will necessarily require the assistance of expert testimony, as only experts can rule out the possibility that the amounts requested are not disproportionate to the value of property. *Roman Catholic Church*, 618 So.2d at 877.

Simply put, the PSC's proposed streamline process for remediation damages would preclude an accurate damages assessment under Louisiana law insofar as it would deny the discovery necessary to make an informed and appropriate determination. Accordingly, the Court

should maintain the trial plan it has currently embraced and proceed to schedule an intial set of 10 trials that begin on December 3, 2019.

             Respectfully submitted,

             */s/ L. Christopher Vejnoska*

James L. Stengel (NY Bar No. 1800556)
Xiang Wang (NY Bar No. 4311114)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019
Tel:   212-506-5000
Email:  jstengel@orrick.com
   xiangwang@orrick.com

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Email:  cvejnoska@orrick.com

*Counsel for CNBM and BNBM Entities*

Ewell E. Eagan, Jr. (LA Bar No. 5239)
Donna Phillips Currault (LA Bar No. 19533)
GORDON, ARATA, MONTGOMERY,
 BARNETT, MCCOLLAM, DUPLANTIS
 & EAGAN, LLC
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Tel: (504) 582-1111 Fax: (504) 582-1121
Email: eeagan@gordonarata.com
   dcurrault@gordonarata.com

*Counsel for CNBM Entities*

Harry Rosenberg
LA Bar No. 11465
PHELPS DUNBAR LLP
365 Canal St., Suite 2000
New Orleans, LA  70130
Phone: (504) 566-1311
Fax: (504) 568-9130
Email:  Harry.Rosenberg@Phelps.com

*Counsel for BNBM Entities*

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. mail and email and upon all parties by electronically uploading the same to File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on April 12, 2018.

/s/ *L. Christopher Vejnoska*

L. Christopher Vejnoska (CA Bar No. 96082)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Tel:  415-773-5700
Fax: 415-773-5759
Email: cvejnoska@orrick.com

*Counsel for CNBM Co. Ltd., BNBM (Group) Co. Ltd., and BNBM PLC*