UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' RESPONSE AND OPPOSITION
TO DEFENDANT KNAUF PLASTERBOARD (TIANJIN) CO. LTD'S AND KNAUF
GIPS KG'S MOTION TO DISMISS/STRIKE CERTAIN BENNETT CLAIMS**

**COME NOW**, Plaintiffs, by and through the undersigned counsel of record, James V. Doyle, Jr. of Doyle Law Firm, PC, to enter this response and opposition to the Knauf Defendants' Motion to Dismiss/Strike. As grounds for this response and opposition, Plaintiffs offer the following :

1. The Knauf Defendants have moved to dismiss (or strike) certain plaintiff's claims but have failed to cite any legal authority whatsoever - no rule of civil procedure or applicable case law – that might allow the relief they seek. None. Therefore, their pleading is deficient in its entirety and is due to be denied by this Court without further consideration.

2. Defendants have acknowledged that all Plaintiffs have completed a Plaintiff Profile Form, a Supplemental Plaintiff Profile Form, and a Plaintiff Fact Sheet. All Plaintiffs have also provided the Defendants with supporting documentation in their possession responsive to the requests in each discovery form. The items in their possession that were produced

include, but aren't limited to: photographs of the Knauf drywall markings found in their homes; inspection reports, if applicalbe; appraisals, if applicable; ownership deeds/cash sale filings; and, itemizations of personal property loss.

3. It seems that the Knauf Defendants are grasping for a shortcut of some kind through the instant pleading. Is this a Rule 12(b) motion? Rule 12(b) doesn't apply at this point in the proceedings, because those issues were waived when they answered the complaint. FRCP Rule 12(b) specifically states, "[a] motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed." (emphasis added).

4. Is this a motion to strike based on FRCP Rule 12(f)? We don't know – again, the Defendants failed to cite any legal authority for their motion. If Rule 12(f) is their basis for seeking to "strike" certain claims, their motion is misguided. FRCP Rule 12(f) states that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiffs aver that none of the counts in their Complaint are redundant, immaterial, impertinent or scandalous. And, Defendants aren't suggesting that they are in the instant motion. Instead, this is a motion to dismiss individual property claims where evidence has been produced that confirms each individual property contains defective drywall manufactured, sold, shipped, and distributed by the Knauf entities – as the Complaint specifically states. Defendants seek relief from this court based on issues related to alleged deficiencies in evidence and discovery responses by Plaintiffs, not the validity of the claims themselves.

5. Is this a motion based on FRCP Rule 37 for failing to make disclosures or to cooperate in discovery? We don't know, because it wasn't pled by the Defendants. But, if the Defendants adopt this rule as their basis, the court can deny the motion instantaneously based on Defendants' own admissions in their motion – they acknowledge that all Plaintiffs completed

and submitted all discovery forms required of them in this proceeding.

5.  As the court noted during the recent telephonic conference call on April 4, 2019, a show cause process will be entertained to determine whether any Plaintiffs have failed to engage in the discovery process; thus, indicating that a Plaintiff is potentially failing to prosecute their individual claims, as the court explained during that call.  Not one plaintiff meets that description – none has failed to engage in this discovery process in any way; therefore, the show cause process is moot and a proposed order stating so is being filed contemporaneously with this response.  Additionally, as the court noted during the call, the show cause process is not the equivalent of a summary judgment proceeding.  Summary judgment is a subsequent step that may be sought by the Defendants at a later time if the Defendants believe such relief is warranted.

6.  It is worth noting that the court's case management order provides for discovery until mid-July 2019.  Defendants, not Plaintiffs, have been granted that time to conduct any discovery, including plaintiff depositions and third party discovery. Those discovery tools are at the disposal of Defendants, but, instead, they have chosen to file this pleading based on Plaintiffs' responses to the PPF, SPPF and PFS forms, before the end of discovery.

7.  It is also worth noting that Defendants have made no effort whatsoever to this point to cure any perceived discovery deficiencies prior to seeking relief by this Court. Requiring a party to make an effort to seek a cure (based on FRCP Rule 37) prior to seeking court intervention is the common practice, but the Knauf Defendants have disregarded that norm here.

8.  Given the insufficiency of Defendants' motion, Plaintiffs believe a quick denial is completely warranted and the hearing based on the same should be cancelled on April 23, 2019.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request an order from this honorable Court denying Defendants' Motion To Dismiss/Strike in its entirety and cancelling the related hearing from the civil motion and oral argument docket of April 23, 2019.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Response and Opposition to Defendants' Motion To Dismiss/Strike has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of April, 2019.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC