```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


****************************************************************

IN RE:  CHINESE-MANUFACTURED      *   Docket No. 09-MDL-2047
DRYWALL PRODUCTS LIABILITY        *
LITIGATION                        *
                                  *   April 17, 2019
                                  *
                                  *
Relates to all cases              *   Section "L"
****************************************************************

             REPORTER'S OFFICIAL TRANSCRIPT OF THE
                       MOTIONS HEARING
            BEFORE THE HONORABLE ELDON E. FALLON,
                UNITED STATES DISTRICT JUDGE.



For the Mitchell Company:         Cunningham Bounds LLC
                                  BY: STEVEN L. NICHOLAS
                                  1601 Dauphin Street
                                  Mobile, AL 36604



For Taishan Gypsum Co., Et al:    Alston & Bird, LLP
                                  BY: CHRISTINA H. EIHKOFF
                                  1201 West Peachtree Street
                                  Atlanta, GA 30309







REPORTED BY:  Mary Thompson, RMR, FCRR
              500 Poydras Street, Room 275-B
              New Orleans, Louisiana  70130
              (504)589-7783
              mary_v_thompson@laed.uscourts.gov
```

**OFFICIAL TRANSCRIPT**

```
                    P R O C E E D I N G S
                           (Call to order of the court.)
            THE COURT:  Okay.  Folks.  Good morning.
            Sorry to get you up so early.  I have a jury trial that
we're trying to get done today.
            MR. ROSENBERG:  Your Honor, it's somewhat late by
Judge Africk's standards.
            THE CASE MANAGER:  That's for sure.
            THE COURT:  Do you want to call the case, Dean.
            THE CASE MANAGER:  MDL 2047, In Re: Chinese
Manufactured Drywall.
            THE COURT:  Counsel, make your appearances for the
record, please.
            MS. EIKHOFF:  Your Honor, Christina Eikhoff on behalf
of the movant, Taishan.
            MR. NICHOLAS:  Good morning, Your Honor.
Steve Nicholas on behalf of the Mitchell Company.
            THE COURT:  We're here today in connection with a
motion.  The motion involves the Mitchell complaint which seeks
class certification for a builder's class.  It was filed by, of
course, the Mitchell Company.
            In opposition to Mitchell's motion for class
certification, the defendant argues in its brief that the
23 numerosity requirement was not met.
            In response or reply, Mitchell included a declaration
```

OFFICIAL TRANSCRIPT

1 from a Robert DeMott in support of their argument that the
2 class -- that there's numerosity in the class.
3     The movant takes the position that that comes too late;
4 it should have been in the initial brief and not in the reply
5 brief, and that should be stricken.
6     I'll hear from the movant.
7     One thing that I'm having difficulty understanding from
8 your standpoint -- and maybe you can help me on it -- is that in
9 some jurisdictions cert is given on paper. The parties file a
10 brief supporting it and with documents supporting it, and a brief
11 opposing it, and the judge looks at the paper documents and makes
12 the decision.
13     In this circuit, the rule is that you should have a
14 hearing on it so I'm not understanding it. Let's suppose you win
15 the argument. It doesn't stop the plaintiff from calling the
16 person at the hearing. I mean, I'm not making a decision on the
17 briefs, I'm making the decision on the hearing, so he will call
18 him in the hearing.
19     Where are we with that?
20     MS. EIKHOFF: Your Honor, I will show you that he
21 should have been identified and disclosed during the discovery
22 period. And I'll show you the supporting procedural information
23 on that, Your Honor.
24     THE COURT: Okay.
25     MS. EIKHOFF: If I may give you the handout.

OFFICIAL TRANSCRIPT

```
08:08:00




08:08:20



08:08:38




08:08:54




08:09:18
```

1  THE COURT: Yeah. Thank you.
2  MS. EIKHOFF: Your Honor, Taishan moves to strike the
3 declaration of Robert DeMott for three primary reasons.
4  First of all, it was untimely.
5  Second of all, it's prejudicial.
6  And third, it is substantively irrelevant.
7  Now, on the untimely part -- and this speaks,
8 Your Honor, to the comments that the Court just made about how
9 this fits in to the bigger picture of class certification.
10  Now, I've prepared a timeline of the key dates, and I
11 had to edit this because there are a lot more dates involved in
12 this motion for class certification.
13  But the original motion for class certification was
14 filed all the way back in 2010.
15  As Your Honor knows, it was February of 2015 that
16 Taishan came back into the litigation, and that I, along with my
17 partners at Alston & Bird, entered an appearance on behalf of
18 Taishan.
19  It was not until July of 2017, a year and a half after
20 we had been involved in the litigation actively, that Mitchell
21 renewed its motion for class certification. That renewal started
22 the activity of trying to discover what evidence Mitchell would
23 be able to provide to meet its burden to show a class should be
24 certified.
25  So in early September, after they filed that motion, we

**OFFICIAL TRANSCRIPT**

```
 1  served on Mitchell requests for documents and requests for a
 2  deposition and information that would support their class
 3  certification motion.  So we have a right to find out what are
 4  you going to be arguing at that hearing that Your Honor just
 5  mentioned; what evidence are you going to be putting up.
 6           We filed those in September.
 7           We got their first responses in October, and they were
 8  woefully insufficient.  We immediately responded and said, This
 9  is not what we've asked for and this doesn't satisfy our
10  requests.
11           We didn't get a second wave until the next year, in
12  February.
13           We got another wave in April.
14           In July.
15           In August.
16           At this point we are a year out from the filing of
17  their renewed motion.
18           It was finally in November of 2018 that we deposed
19  their 30(b)(6) representative.  And we had scheduled for
20  December 13th to take the deposition of Beazer, which is their
21  proposed additional class representative.  It's not a plaintiff
22  in the case, but they are trying to seek to have Beazer be added
23  as a class rep.
24           The night before that Beazer deposition, we got a
25  document production of 19,000 documents -- I'm sorry, I misspoke.
```

OFFICIAL TRANSCRIPT

```
08:11:00

08:11:20

08:11:41

08:12:03

08:12:22
```

1  It wasn't the night before.  It was about four days before and
2  there was an intervening weekend.  We postponed that deposition
3  to give us a chance to review.
4         And I want to be clear, that even with all of these
5  depositions -- sorry, with all of these document productions,
6  over the course of 15 months we still ended up not getting
7  everything that we had asked for including critical information.
8         So we took the deposition of the Beazer representative
9  in January.
10        And finally at the end of this 15-month-long discovery
11 period, we submitted our opposition to the class certification
12 motion.
13        Now, in that discovery period, at the very beginning --
14 all the way back in September of 2017 -- we asked them for a list
15 of persons with knowledge about their claim for damages with a
16 summary of their knowledge; a list of persons with knowledge
17 about the remediation of the properties and a summary including
18 all third parties; and a list of all putative class members in
19 Mitchell.  We never got any of those lists.  We never got any of
20 that information.
21        And critically, Mr. DeMott was never identified to us
22 in any of this 15-month discovery period.  He was never
23 identified to us until suddenly he appears without warning in
24 their reply brief after we had filed our response.
25        So we were prejudiced by that because we haven't had a

OFFICIAL TRANSCRIPT

1  chance -- we didn't even know he existed.  We didn't know
2  anything that he was going to say.  And we still haven't had a
3  chance to depose him.
4          Now, it is true that when we got Mitchell's response to
5  our motion to strike, we noticed, in their response, that it said
6  Taishan hasn't been prejudiced by this because he's still
7  available.  So we reached out and said, "Oh, okay, you're saying
8  he's available.  Let's talk about maybe taking his deposition."
9          We couldn't get his deposition scheduled before today
10 because of his -- he had unavailability, and of course we had
11 some unavailability, and it hasn't worked out.
12         We have tentatively scheduled a deposition of him for a
13 few weeks from now, but, Your Honor, we hope that we never get to
14 that point.  We think that the Court, based on the information
15 that we have provided, will strike his declaration and that will
16 be unnecessary as a waste of people's time and money.  He is
17 located in Florida.  We're going to need to all fly there to take
18 this guy's deposition when they had 15 months to identify him and
19 to give us the information that they are now trying to introduce.
20         On its face, Your Honor, the declaration is
21 substantively irrelevant, and we believe that should help
22 Your Honor in making the decision to strike it.  It does not even
23 help them.
24         On its face -- and it's submitted to purportedly
25 support their numerosity element that is their burden, and on its

OFFICIAL TRANSCRIPT

1  face it vaguely refers to 14 unnamed homebuilders.  It doesn't
2  even tell you who they are.  It just says there were ten of these
3  and there were four more.  That's not going to get them even
4  close to numerosity.
5            Now, this also gets to Your Honor's point earlier today
6  about, well, can't they introduce evidence?  Can't they do that?
7            Sure, if they had given us this evidence in discovery,
8  which was quite lengthy.  And so if their witnesses had testified
9  and had given us these long lists, and then they submitted, with
10 their reply, "Here's the long list that we identified," then we
11 wouldn't be here today, Your Honor.  We wouldn't say, "Oh, you
12 didn't submit this all the way back when you filed your motion."
13 We would say, "That's fair game.  That came up in discovery."
14           But what is not fair game is for them to introduce this
15 for the very first time when it was responsive to our discovery
16 requests and they had plenty of time to do so.
17           Your Honor is well familiar with the practice of the
18 Fifth Circuit of striking new evidence and arguments on reply.
19 Your Honor has done it in this case -- to the defendants in this
20 case, and we ask that you would do the same here.
21           THE COURT:  I understand your argument.
22           The argument really, as I understand it, is based on
23 prejudice, because I don't see where it's necessary even that
24 they put it in their brief.  If they had listed this person,
25 whether or not they put it in their brief, the person would

OFFICIAL TRANSCRIPT

```
                1  testify.
                2          You take the position that the reason is not
                3  necessarily the declaration, but that you didn't even know he
                4  existed; therefore, you are prejudiced, not only because of the
08:16:05        5  declaration, but because of his anticipated or potential
                6  testimony at the hearing in a month or thereabouts.
                7          I got the point.
                8          Let me hear from your opponent.
                9          And I'll give you an opportunity to respond.
08:16:21       10          MS. EIKHOFF:  Thank you, Your Honor.
               11          THE COURT:  The issue, as I see it from her argument,
               12  is that this is a bolt out of the blue.  It comes late in the day
               13  with discovery.  The discovery has gone -- has been problematic,
               14  to say the least, and that this is the -- sort of the last straw
08:16:48       15  that they are confronted with.
               16          How do you see it, Steve?
               17          MR. NICHOLAS:  Your Honor, I feel like I'm a little bit
               18  of a victim of a bait and switch, because the motion was how it
               19  was in the reply brief, not because of discovery.
08:17:02       20          If you look at Taishan's outline, on Page 2 she says
               21  that they had a request for documents.
               22          It was an informal request.  It wasn't a request for
               23  production.  We got a memo, basically.  It was a couple pages
               24  saying they would like these documents.  And we said fine, we'll
08:17:17       25  go to try to find you the documents.
```

1  We had some trouble finding those documents, but it's
2 not a motion to compel.  We're not here on that.  We finally got
3 them.  It was a request for documents.  There was never an
4 interrogatory put on us that says, "Tell us everybody who knows
5 anything about numerosity."
6  She implies that when she said this was a discovery
7 request, but it was a document request.  It was not a list of
8 anybody.  The document request was are there any lists of class
9 members, and the answer to that was "no."  There are no list of
10 class members, and I wasn't obligated to go create a document
11 that does not exist.
12  Secondly, had she asked for me to create that list, I
13 would have said I don't have to do that, because under
14 Fifth Circuit law -- as late as *Deepwater Horizon* -- the Court
15 said at the certification stage you don't have to have a list of
16 class members.  You don't have to be identifying the class
17 members, you just have to say that they are out there.  So we
18 would have opposed that, had she asked for it, but Taishan never
19 asked for it.
20  So to now say we can't put in Dr. DeMott's testimony
21 because of some discovery request is just -- the discovery
22 request doesn't exist, and I'm prejudiced by the fact that's not
23 the motion.  I would have brought Your Honor the discovery
24 requests.
25  And they are not in the record.  The only thing in the

**OFFICIAL TRANSCRIPT**

```
 1  record is Taishan's outline of what they say they asked.  And so
 2  we have a little dispute about our obligation to reply to that,
 3  and it's not even before Your Honor.  I can't show it to you.  I
 4  didn't know that's where we were going.
 5          Your Honor is absolutely right on the law.  It doesn't
 6  come late.  And that's really the motion before you.
 7          As far as relevancy, let's find out.  I mean, it's a
 8  two-page declaration.  I don't think Your Honor can strike it
 9  because you determine on the front end, before the argument, that
10  it's not relevant.
11          So it's no harm, no foul.  If they want to go take the
12  man's deposition, he's available.  And let's just move forward.
13          THE COURT:  What's the situation with his availability?
14  She seems to feel that it has been very difficult to get his
15  deposition.  That's --
16          MR. NICHOLAS:  I mean, he's an expert witness.
17          Now, the declaration is factual, it's not expert.  I
18  think that's important.
19          We proposed a handful of dates; they weren't available.
20  They proposed a handful of dates; he was out of the country.
21          We have him scheduled for May 6th.  He's available
22  May 6th.  I intend to be there May 6th.  And you'll have the
23  transcript before we come back to argue the motion.
24          THE COURT:  All right.  Christy, I don't want you
25  prejudiced in any way.  That's the thing.  And in a situation
```

OFFICIAL TRANSCRIPT

```
 1  like this, if we have to move that certification, that's a way of
 2  not getting you prejudiced.  That's something.
 3         I think it's a question of prejudice more than anything
 4  else, because I don't -- the declaration, whether it's attached
 5  to the pleading or not attached to the pleading, seems to me to
 6  be -- that seems to be irrelevant because I can't say that he
 7  can't introduce that testimony at the hearing.  We have to have
 8  the hearing.
 9         If I were doing it on the briefs, I think you would be
10  in a better position.  But a hearing, I -- you know, it's a class
11  certification hearing.  I don't know how I stop him from doing it
12  unless you are prejudiced.
13         If you're prejudiced, then the first thing to do is to
14  see how to deal with your prejudice.  I don't think either
15  counsel ought to be prejudiced in this situation.
16         So that is kind of the thing that's going through my
17  mind.
18         MS. EIKHOFF:  Okay.
19         THE COURT:  I just -- I don't think it matters whether
20  I strike it or not strike it from the standpoint of the
21  testimony.  You're going to be faced with it at the hearing.
22         And what he said in his brief -- he has enough in his
23  pleading to get past 12(b)(6).  Whether I strike that in the
24  brief, I don't see where it matters other than, you know, if he
25  can't put on evidence at the hearing.  And I think that I can't
```

OFFICIAL TRANSCRIPT

```
08:21:51

08:22:03

08:22:22

08:22:40

08:22:51
```

1  stop him from doing it in the hearing.
2          The only thing I can do is to make sure that you're not
3  prejudiced.  That's where I see the issue, you know.  I mean, if
4  I grant your motion now, it's meaningless to you because he is
5  going to call him in the hearing.
6          MS. EIKHOFF:  Well, Your Honor, we would say that he
7  shouldn't be allowed to call him at a hearing because he was not
8  identified to us.
9          THE COURT:  But he says you didn't ask him.
10         MS. EIKHOFF:  We did, Your Honor.  He made a statement
11 that this was not in the record -- these requests were not in the
12 record.  I can give you the exact document number where they are.
13         They are at 22786-2.  They were Exhibit A to our
14 response to their motion for class certification.
15         We asked for damages documentation, and that included,
16 as I have on the screen, asking specifically for a list of
17 persons with knowledge of their claims and for a list of their
18 class members, and they did not provide that.
19         And he also never said, "We're not going to provide
20 that to you."
21         So --
22         THE COURT:  Well, he says you asked for class members.
23 This guy is not a class member, he is a testee.
24         MS. EIKHOFF:  He's a list of persons -- he should be a
25 list of persons with knowledge.

**OFFICIAL TRANSCRIPT**

```
08:23:08    1            But, Your Honor, I hear where you are going, which is
            2   if we can depose him, then that would help resolve our prejudice.
            3            But I would add, Your Honor, that I do think that we
            4   should -- because he's not available until May 6th, that we
            5   should not have this hearing in May.
            6            THE COURT:  I don't have any problem with that.
            7            MS. EIKHOFF:  That would not give us enough time to
            8   digest and --
            9            THE COURT:  I agree with that.
08:23:15   10            MS. EIKHOFF:  So if we can take his deposition,
           11   Your Honor, and push back the evidentiary hearing on class
           12   certification, then, Your Honor, I do think that goes toward
           13   alleviating our prejudice.
           14            THE COURT:  I'll do it.  Do y'all want to meet and
08:23:31   15   confer and pick a date or do you want me to pick a date?
           16            What do you say, Steve?
           17            MR. NICHOLAS:  Unless there is a conflict -- I assume
           18   Your Honor is going to do a June status.  If we have that date,
           19   we can make sure there's not some conflict.
08:23:45   20            THE COURT:  Yeah.  I don't have any problem with
           21   you-all meeting and conferring and picking a date that's
           22   comfortable with you.  I'll work it out.
           23            MS. EIKHOFF:  Okay, Your Honor.  Thank you.
           24            MR. NICHOLAS:  Thank you, Judge.
08:23:56   25            THE COURT:  Okay.  Thank you, folks.
```

**OFFICIAL TRANSCRIPT**

```
 1        Court will stand in recess.
 2                          (Proceedings adjourned.)
 3
 4                      *  *  *  *
 5                      CERTIFICATE
 6
 7      I hereby certify this 29th day of April, 2019, that the
 8 foregoing is, to the best of my ability and understanding, a true
 9 and correct transcript of the proceedings in the above-entitled
10 matter.
11
12                              /s/ Mary V. Thompson
13                              _____
                                   Official Court Reporter
```

**OFFICIAL TRANSCRIPT**