MOTION FOR IMMEDIATE DISBURSEMENT OF ATTORNEYS' FEES
MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   ****************************************************************
   IN RE:  CHINESE-MANUFACTURED DRYWALL
   PRODUCTS LIABILITY LITIGATION

                              MDL No. 09-2047
   VS.                        Section "L"
                              New Orleans, Louisiana
                              April 23, 2019

   THIS DOCUMENT RELATES TO ALL CASES
   ****************************************************************

           TRANSCRIPT OF MOTION FOR IMMEDIATE DISBURSEMENT
               OF ATTORNEYS' FEES, MOTION TO STRIKE
             AND MOTION FOR PARTIAL DISBURSEMENT
                   OF ATTORNEYS' FEES HEARING
           HEARD BEFORE THE HONORABLE ELDON E. FALLON
                   UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

FOR THE PLAINTIFFS' LIAISON COUNSEL:

                         *LEN DAVIS*
                         *RUSS HERMAN*
                         HERMAN, HERMAN & KATZ
                         820 O'KEEFE AVENUE
                         NEW ORLEANS, LA 70113

                         *ARNOLD LEVIN*
                         *SANDRA L. DUGGAN*
                         LEVIN, FISHBEIN, SEDRAN & BERMAN
                         510 WALNUT STREET, SUITE 500
                         PHILADELPHIA, PA 19106

                         *GERALD E. MEUNIER*
                         GAINSBURGH, BENJAMIN, DAVID,
                         MEUNIER & WARSHAUER, LLC
                         2800 ENERGY CENTRE
                         NEW ORLEANS, LA 70163

                         *RICHARD SERPE*
                         OFFICES OF RICHARD J. SERPE
                         580 EAST MAIN STREET, SUITE 310
                         NORFOLK, VA 23510

FOR THE TAISHAN, BNMB ENTITIES
AND CNMB ENTITIES LIAISON COUNSEL:

> *HARRY ROSENBERG*
> PHELPS DUNBAR
> 365 CANAL STREET
> SUITE 2000
> NEW ORLEANS, LA 70130

FOR TAISHAN GYPSUM CO., LTD, AND TAI'AN TAISHAN PLASTERBOARD
CO., LTD.:

> *CHRISTINA H. EIKHOFF*
> *DAVID VENDERBUSH*
> ALSTON & BYRD
> ONE ATLANTIC CENTER
> 1201 WEST STREET
> ATLANTA, GA 30309

FOR THE LIAISON COUNSEL:

> *KERRY J. MILLER*
> *DANIEL S. DYSART*
> FISHMAN HAYGOOD, LLP
> 201 ST. CHARLES AVENUE
> 46TH FLOOR
> NEW ORLEANS, LA 70170

FOR THE BNMB AND CNMB ENTITIES:

> *DONNA P. CURRAULT*
> GORDON, ARATA, MCCOLLAM,
> DUPLANTIS & EAGAN
> 201 ST. CHARLES AVENUE
> 40TH FLOOR
> NEW ORLEANS, LA 70170

> *JAMES L. STENGEL*
> ORRICK HERRINGTON & SUTCLIFFE
> 51 WEST 52ND STREET
> NEW YORK, NY 10019

```
ALSO PRESENT:                    JIMMY R. FAIRCLOTH, JR.
                                 9026 JEFFERSON HIGHWAY
                                 BUILDING 2, SUITE 200
                                 BATON ROUGE, LA 70809

                                 TURNER YANCE
                                 YANCE LAW FIRM
                                 169 DAUPHINE STREET
                                 MOBILE, AL 36602

                                 ERIC HOAGLAND
                                 MCCALLUM HOAGLUND
                                 905 MONTGOMERY HIGHWAY
                                 SUITE 201
                                 VESTAVIA HILLS, AL 35216

                                 MICHAEL J. RYAN
                                 KRUPNICK CAMPBELL MALONE BUSER
                                 SLAMA HANCOCK, P.A.
                                 12 S.E. 7TH STREET
                                 SUITE 801
                                 FORT LAUDERDALE, FL 33301

                                 JAMES R. DOYLE
                                 JIM DOYLE LAW FIRM
                                 1018 PRESTON ST
                                 SUITE 850
                                 HOUSTON, TX 77002


Official Court Reporter:         Nichelle N. Drake, RPR, CRR
                                 500 Poydras Street, B-275
                                 New Orleans, Louisiana 70130
                                 (504) 589-7775


     Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

## <u>INDEX</u>

**PAGE**

MOTION FOR IMMEDIATE DISBURSEMENT OF     5
ATTORNEYS' FEES
MOTION TO STRIKE     13
MOTION FOR PARTIAL DISBURSEMENT OF     17
ATTORNEYS' FEES

* * * * *

Case 2:09-md-02047-EEF-MBN   Document 22232   Filed 04/29/19   Page 5 of 21

MOTION FOR IMMEDIATE DISBURSEMENT OF ATTORNEYS' FEES
MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

**P R O C E E D I N G S**

(Call to order of the court.)

THE COURT:  We have a couple more motions.  I hope we can get out of here today.

In any event, the motions before me now deal with attorneys' fees.  There's a motion for immediate disbursement of attorneys' fees, and then there's a Motion to Strike that motion, and then there's another motion for partial distribution of attorneys' fees.

It seems to me that we ought to take the motion for immediate distribution, and then the motion to strike and then the motion for partial.  That's a way of doing it.  Let's do it that way.

**MOTION FOR IMMEDIATE DISBURSEMENT OF ATTORNEYS' FEES**

MR. RYAN:  Good morning, Your Honor, may it please the Court.  My name is Mike Ryan.  I'm with the law firm of Krupnick Campbell in Fort Lauderdale, and I appreciate the court hearing us this morning.

I'm in the enviable task of bringing back before Your Honor anything to do with attorneys' fees.  After hearing the motions this morning in the pursuit of justice that still persists in this sacred hall, I understand the ambivalence the Court may feel about having to address all of this, and I won't possess the passion or the eloquence of Mr. Meunier nor any Latin phrases in this argument.

MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

```
11:28:20AM  1        I'm here on the motion to disburse, and I rise on

11:28:23AM  2   behalf of my firm in Fort Lauderdale along with the other

11:28:28AM  3   firms that are joined, seven other firms, which have joined,

11:28:30AM  4   and at least to this point on paper, none who oppose the

11:28:37AM  5   authority or jurisdiction of the Court to disburse.  In fact,

11:28:39AM  6   there are two motions that seek partial disbursement.

11:28:42AM  7        So as I rise today on behalf of my firm, I also rise

11:28:47AM  8   on behalf in spirit of 160 other firms that have been caught

11:28:51AM  9   in this purgatory.  And we come before Your Honor

11:28:55AM 10   understanding that this was not of our making or our choosing

11:28:58AM 11   or Your Honor's making or choosing, but seeking deliverance

11:29:02AM 12   from this situation.

11:29:04AM 13        As the Court is aware, it's been seven years since

11:29:07AM 14   the Court began this process of fee litigation and

11:29:10AM 15   settlement.  Fee litigation went on for five years

11:29:15AM 16   persistently until the February 5, 2019, order.  In listening

11:29:18AM 17   to the argument this morning about when litigation began, I

11:29:22AM 18   heard Taishan comment that in 2010 that they could not have

11:29:26AM 19   made a difference, but Knauf began the pilot project in 2010.

11:29:31AM 20   And so for many of our homeowners, they resolved almost a

11:29:34AM 21   decade ago.

11:29:35AM 22        And as I stand here as just one firm, it conjures up

11:29:38AM 23   the old proverb, that when elephants fight, the grass gets

11:29:43AM 24   damaged and that's where we stand.

11:29:45AM 25        Today I have but one issue, and I will be brief
```

11:29:48AM 1   because I think the only issue before Your Honor is

11:29:50AM 2   jurisdiction and authority.  There are many other issues

11:29:53AM 3   raised in the briefing, but that's all now in front of the

11:29:56AM 4   Fifth.  And so the Court need only address whether the Court

11:29:59AM 5   believes it has the jurisdiction and authority to disburse,

11:30:02AM 6   and in a rare moment of tranquility and peace, it would seem

11:30:07AM 7   that no other lawyers on this side believe you do not have

11:30:11AM 8   that authority or jurisdiction.  Instead, the only variation

11:30:16AM 9   in principle is the amount.

11:30:18AM 10          We saw 100 percent disbursement.  A number of two

11:30:23AM 11  firms suggested 80 percent, one firm suggested only the

11:30:26AM 12  individual retained amount.  But they don't dispute the

11:30:29AM 13  Court's authority or jurisdiction.

11:30:30AM 14          THE COURT:  Let me just ask you this:  In this

11:30:33AM 15  particular case, the interesting part of it is that I'm

11:30:39AM 16  dealing not only with the common benefit fee, but the

11:30:42AM 17  contract lawyer fee.  That was an issue that was presented in

11:30:47AM 18  this case that does not generally exist in other cases.

11:30:53AM 19          And the reason it presented itself in this case, as

11:30:57AM 20  we all know, is that Knauf provided that in addition to

11:31:04AM 21  remediating the homes, they would take care or pay the cost

11:31:08AM 22  including the attorneys' fees, and the attorneys' fees were

11:31:12AM 23  set at a cap.  But the attorneys' fees included both contract

11:31:18AM 24  lawyers as well as common benefit lawyers.  And so I had to

11:31:22AM 25  kind of figure out that split first, kind of the size of that

11:31:28AM 1    pie, and the split in that particular pie.

11:31:34AM 2         Now, I didn't have to worry too much about the size

11:31:37AM 3    because the size was already fairly fixed, you know, fairly

11:31:44AM 4    fixed, about fixed.  So I had to decide the split between

11:31:49AM 5    contract lawyers and the common benefit lawyers.

11:31:53AM 6         And my question I guess is, who do you speak for, the

11:31:57AM 7    common benefit lawyers or the contract lawyers or both?

11:32:01AM 8         MR. RYAN:  Well, my motion is set out to both, but

11:32:05AM 9    Your Honor raises a very important point in the context of

11:32:08AM 10   individual retained, which was predominantly my role in this

11:32:12AM 11   litigation.  I represented over 300 individuals.

11:32:15AM 12        Your Honor recognizes from the settlement that the

11:32:17AM 13   fees that were to be put forward other than a stipend that

11:32:23AM 14   had been provided separately were meant to cover both costs

11:32:27AM 15   and attorneys' fees for those individual retained lawyers,

11:32:30AM 16   which means that there are firms like mine who have been out

11:32:34AM 17   costs for over 10 years with no other place to ever get them

11:32:37AM 18   from but from the fees that come from that individual

11:32:40AM 19   retained split.

11:32:42AM 20        I speak predominantly on that.  I will candidly admit

11:32:47AM 21   that I have a small common benefit submission and the Court

11:32:49AM 22   may remember, I was a member of the fee committee.  But I

11:32:52AM 23   stand here mainly on behalf of the over 130 firms that have

11:32:57AM 24   no common benefit and have not been able to seek individual

11:33:01AM 25   retained or recover their costs that remain outstanding now

```
11:33:06AM   1    nine years on.

11:33:07AM   2         And so the process, if the Court was to proceed on

11:33:10AM   3    individual retained, is formulaic.  The Court's aware this

11:33:16AM   4    has been briefed previously, what the denominator and

11:33:21AM   5    numerator are in terms of how this gets disbursed.  It covers

11:33:23AM   6    all fees and costs, and it mechanically can be done without

11:33:26AM   7    any difficulty whatsoever.

11:33:29AM   8         The only other variation that has been raised within

11:33:31AM   9    the motion practice is the mechanics and what it meant in

11:33:35AM  10    terms of clawback or any concerns that the Court may have on

11:33:38AM  11    reallocation post-appeal, which, again, is for another day.

11:33:42AM  12         And we do not object in any way to a process by which

11:33:46AM  13    the Court feels it may need to hold something back in the

11:33:51AM  14    event that there is reallocation.  The Court's aware that

11:33:54AM  15    there is precedent already at district courts around the

11:33:57AM  16    country I cited to in our brief that address the distribution

11:34:01AM  17    and the mechanics of clawback if necessary.  But in the end,

11:34:04AM  18    no one disputes the authority of the Court.

11:34:06AM  19         So I know there are others that will speak more

11:34:10AM  20    passionately about maybe one or the other, but in the end,

11:34:14AM  21    Your Honor, none at least to this point have opposed the

11:34:17AM  22    authority of the Court.

11:34:18AM  23         THE COURT:  My problem with the whole issue is, it's

11:34:21AM  24    before the Circuit now, and the problem is, if the Circuit

11:34:26AM  25    says, "We're going to do it differently and start from
```

11:34:35AM   1    scratch," I would think we would be here another 10 years,

11:34:40AM   2    maybe 15 years, because that would be appealed to the *en banc*

11:34:40AM   3    and then that would be appealed to -- or at least writs of

11:34:49AM   4    cert.  And whoever gets involved with it, different

11:34:54AM   5    individuals and different people, they would have to get up

11:34:57AM   6    to speed, and it would -- we're looking at another decade.

11:35:03AM   7    And I just don't know whether the clawback in that other

11:35:08AM   8    decade will cost more than what I'm giving out.

11:35:18AM   9         MR. RYAN:  That's a fair point, Your Honor, and I

11:35:20AM   10   think that's why one of the mechanical suggestions -- and

11:35:22AM   11   there were actually two to address this -- one was the

11:35:22AM   12   percentage of the holdback that would be retained in the

11:35:27AM   13   Court registry.

11:35:27AM   14        The second was that those who accept the individual

11:35:30AM   15   retained disbursement from the Court literally sign an

11:35:33AM   16   agreement that they waive any further increases.  It doesn't

11:35:37AM   17   address fully without a holdback the issue of clawback, but

11:35:42AM   18   certainly would waive going forward.

11:35:43AM   19        But I understand the Court's concern.  And, again, I

11:35:45AM   20   am grateful the Court has even considered this this morning.

11:35:49AM   21        Thank you.

11:35:49AM   22        THE COURT:  Thanks for coming.

11:35:55AM   23        MR. HOAGLUND:  Your Honor, briefly, Eric Hoaglund.

11:35:56AM   24        We filed a reply to Mr. Ryan's motion and a separate

11:36:00AM   25   motion which he just specifically addressed.  Our specific

Case 2:09-md-02047-EEF-MBN Document 22232 Filed 04/29/19 Page 11 of 21

MOTION FOR IMMEDIATE DISBURSEMENT OF ATTORNEYS' FEES
MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

| | | |
|---|---|---|
| 11:36:04AM | 1 | motion asked the Court to set up a process for which an |
| 11:36:08AM | 2 | individually retained counsel could accept the funds that the |
| 11:36:14AM | 3 | Court has already determined we're entitled to.  In exchange |
| 11:36:16AM | 4 | for the acceptance of those funds, you would execute a |
| 11:36:19AM | 5 | release indicating that you did not have any further claims |
| 11:36:22AM | 6 | moving forward and that you would not be part of the |
| 11:36:25AM | 7 | appellate process.  The exchange is you get to accept your |
| 11:36:29AM | 8 | funds that the Court said you could accept in a timely |
| 11:36:33AM | 9 | manner. |
| 11:36:33AM | 10 | I'm not even sure that that requires the Court's |
| 11:36:36AM | 11 | jurisdiction.  It's simply a settlement of an individually |
| 11:36:40AM | 12 | retained counsel's claim towards fees.  He executes a release |
| 11:36:45AM | 13 | saying he's willing to settle for that amount of money and he |
| 11:36:48AM | 14 | goes about his way, and his claims for individually retained |
| 11:36:52AM | 15 | counsel fees are over. |
| 11:36:54AM | 16 | THE COURT:  Well, I hear you, but there's the same |
| 11:36:57AM | 17 | problem that I'm trying to grapple with; if the person got |
| 11:37:03AM | 18 | more than he is entitled to, even a percentage, if the |
| 11:37:08AM | 19 | Circuit throws out my concept and says, "We're going to do it |
| 11:37:14AM | 20 | ourselves," hard for me to understand that they'd do it |
| 11:37:19AM | 21 | themselves, but if they do decide that and then they come up |
| 11:37:24AM | 22 | and we're talking maybe, you know, five, ten years down the |
| 11:37:30AM | 23 | road and it results in a clawback, some of the firms are not |
| 11:37:35AM | 24 | going to be around.  Some of the people are not going to be |
| 11:37:38AM | 25 | around. |

MOTION FOR IMMEDIATE DISBURSEMENT OF ATTORNEYS' FEES
MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

| | |
|---|---|
| 11:37:41AM | 1 |
| 11:37:47AM | 2 |
| 11:37:50AM | 3 |
| 11:37:57AM | 4 |
| 11:38:01AM | 5 |
| 11:38:03AM | 6 |
| 11:38:08AM | 7 |
| 11:38:12AM | 8 |
| 11:38:16AM | 9 |
| 11:38:20AM | 10 |
| 11:38:26AM | 11 |
| 11:38:27AM | 12 |
| 11:38:30AM | 13 |
| 11:38:33AM | 14 |
| 11:38:36AM | 15 |
| 11:38:40AM | 16 |
| 11:38:44AM | 17 |
| 11:38:47AM | 18 |
| 11:38:52AM | 19 |
| 11:38:55AM | 20 |
| 11:38:58AM | 21 |
| 11:39:01AM | 22 |
| 11:39:04AM | 23 |
| 11:39:08AM | 24 |
| 11:39:13AM | 25 |

1    The cost of clawback in that type situation is just

2  tremendous.  I don't know how you would -- I guess you would

3  hire some detectives to try to find out where the lawyers are

4  so that they can be then sued because they're not being --

5  they're not coming forward.

6    Thinking it through, the worst-case scenario, I would

7  hope that the lawyers would step up and say, "We volunteered

8  to give them back the money."  But it's been my experience in

9  this particular case that nothing has worked too well in this

10  case, and we're looking at time frames that create a real

11  problem.

12    MR. HOAGLUND:  Your Honor, I certainly understand the

13  Court's reticence, but this would allow -- this would simply

14  be a settlement.  Both sides take the risk of I might get

15  more if I stay in the appeal, I can take the money now and go

16  away; if I ended up with more than I would have ended up,

17  that's -- that's the risk.  You're through.  You're finished.

18  Whatever funds are left for those who -- who don't -- aren't

19  involved in the appeal would be subject to the appeal at that

20  point.  But those who have settled are finished and gone and

21  they're the -- the risk has been taken by both sides.

22    THE COURT:  Yeah.  But suppose that they get more

23  than they are entitled to, not less, but more and they have

24  to pay it back.  What happens to them?

25    MR. HOAGLUND:  I think that's unlikely.  But if

11:39:15AM   1   that's the case, then that's the -- that's what the -- that's

11:39:17AM   2   the risk of the settlement, is that both sides have agreed

11:39:21AM   3   you're entitled to these funds the Court said you're entitled

11:39:25AM   4   to.  You execute a release and you move on.  Both parties

11:39:31AM   5   have to take the risk of that happening with the exchange for

11:39:34AM   6   that, that it happens now and the funds are paid out in a

11:39:37AM   7   timely manner.

11:39:38AM   8        Thank you, Your Honor.

11:39:38AM   9                      **MOTION TO STRIKE**

11:39:41AM  10        THE COURT:  Let me hear the motion to strike.

11:39:44AM  11        MR. FAIRCLOTH:  Yes, Your Honor, good morning, Jimmy

11:39:44AM  12   Faircloth with Parker Waichman.

11:39:47AM  13        Your Honor, I kind of rolled both motions together.

11:39:48AM  14   My client's position on this issue, Your Honor, is admittedly

11:39:53AM  15   evolving.

11:39:55AM  16        Parker Waichman joined two motions to disburse during

11:39:59AM  17   the fee allocation proceedings.  So we were in favor of

11:40:02AM  18   trying to get some money out the door in some painless way.

11:40:05AM  19   I understand the process didn't allow for that, but we were

11:40:08AM  20   certainly in favor of that concept.  It made a lot of sense

11:40:12AM  21   for all the right reasons.

11:40:12AM  22        The motion to disburse that was filed, we didn't

11:40:16AM  23   oppose it.  We tried to agonize and decide what do we do with

11:40:21AM  24   it.  But I am struggling with the same concerns that the

11:40:25AM  25   Court has.

| | | |
|---|---|---|
| 11:40:25AM | 1 | This issue is now at the Fifth Circuit.  The Fifth |
| 11:40:28AM | 2 | Circuit, who knows, they may dismiss it and send it home; |
| 11:40:32AM | 3 | they may decide it themselves, they may send it back and ask |
| 11:40:37AM | 4 | you to redo the whole crazy thing again.  I don't know what |
| 11:40:40AM | 5 | they're going to do with it. |
| 11:40:41AM | 6 | THE COURT:  If they do that, you need to know that |
| 11:40:43AM | 7 | that's going to be the last on my docket. |
| 11:40:43AM | 8 | MR. FAIRCLOTH:  I understand. |
| 11:40:45AM | 9 | THE COURT:  And I may get to it in ten years and I |
| 11:40:48AM | 10 | may not get to it because I may not be around here in ten |
| 11:40:51AM | 11 | years. |
| 11:40:51AM | 12 | MR. FAIRCLOTH:  I don't think any of us can survive |
| 11:40:51AM | 13 | it, Judge. |
| 11:40:52AM | 14 | THE COURT:  And I'll let somebody else deal with it. |
| 11:40:52AM | 15 | MR. FAIRCLOTH:  I understand. |
| 11:40:56AM | 16 | THE COURT:  I'm not just going to break my neck doing |
| 11:40:59AM | 17 | it.  I mean, I took enough time and enough effort and to do |
| 11:41:03AM | 18 | it another time is going to take a long time for me to do it. |
| 11:41:09AM | 19 | So you all are looking at -- if I do it, you're looking at |
| 11:41:12AM | 20 | 20 years if I'm still here.  If I don't do it, you're looking |
| 11:41:15AM | 21 | at probably ten years. |
| 11:41:17AM | 22 | MR. FAIRCLOTH:  I understand, Your Honor. |
| 11:41:18AM | 23 | Your Honor, the motion to strike -- and I kind of |
| 11:41:21AM | 24 | pivot to that because it explains my position. |
| 11:41:24AM | 25 | The motion to strike is an odd procedural move.  It |

| | | |
|---|---|---|
| 11:41:28AM | 1 | was filed just out of abundance of caution to address an |
| 11:41:32AM | 2 | issue that I think is clearly before the Fifth Circuit and is |
| 11:41:33AM | 3 | no longer before this Court.  But what that -- the argument |
| 11:41:36AM | 4 | that Mr. Ryan made about wavering -- waiving the right to |
| 11:41:39AM | 5 | appeal and the motion to strike brought into clear focus is |
| 11:41:43AM | 6 | the fact that there is an interesting jurisdictional question |
| 11:41:46AM | 7 | here and that is to what extent does the authority, in here |
| 11:41:48AM | 8 | the authority of the Court, bow to the jurisdictional |
| 11:41:52AM | 9 | limitations that now apply because of the appeal. |
| 11:41:54AM | 10 | I don't really know the answer to that.  I have my |
| 11:41:56AM | 11 | doubts.  And so what we filed was really more a pragmatic |
| 11:42:03AM | 12 | motion to say, "Okay, if the Court is going to make |
| 11:42:06AM | 13 | disbursements, hold back enough funds so that we won't have |
| 11:42:10AM | 14 | to go through the clawback exercise."  Admittedly, completely |
| 11:42:13AM | 15 | arbitrary number.  We thought, well, 20 percent may do it. |
| 11:42:15AM | 16 | With all of this having been said, Your Honor, it is |
| 11:42:18AM | 17 | hard to be intellectually honest with this Court and tell you |
| 11:42:22AM | 18 | that I do think you have clear authority and I do think |
| 11:42:24AM | 19 | disbursing funds is a good idea.  I think there is a question |
| 11:42:29AM | 20 | as to whether you do have authority to do it, because of |
| 11:42:30AM | 21 | jurisdiction, because of the appeal, and I think it will |
| 11:42:33AM | 22 | create a quagmire to try to clawback funds. |
| 11:42:36AM | 23 | So to the chagrin of my colleagues I -- you know, |
| 11:42:39AM | 24 | we're not going to pose it.  That's a very soft comment, but |
| 11:42:44AM | 25 | we do have concerns about disbursements.  And if the Court |

11:42:48AM  1  does decide to do a disbursement, we would ask that the Court

11:42:52AM  2  hold back enough funds to cover the risk of not -- of a redo

11:42:55AM  3  in some respect.

11:42:56AM  4       So, again, I apologize because of that indecisive

11:43:01AM  5  position, Your Honor, but I want to be honest with the Court.

11:43:04AM  6  I do think there are serious jurisdictional issues here and I

11:43:08AM  7  do think the clawback mechanism would be unworkable,

11:43:11AM  8  expensive, and ultimately probably worth a few extra trips to

11:43:13AM  9  the Fifth Circuit.

11:43:14AM 10       So that is my response and response to the motion to

11:43:16AM 11  strike as well.  Thank you, Your Honor.

11:43:17AM 12       THE COURT:  All right.  Thank you very much.

11:43:19AM 13       MR. RYAN:  Judge, if I may very briefly, Mike Ryan

11:43:19AM 14  again.

11:43:23AM 15       I appreciate that positions can evolve, and they can

11:43:26AM 16  evolve either because of an intellectual analysis of the

11:43:30AM 17  issues or for some other strategic reasons.

11:43:32AM 18       Their appeal was filed on March 8, 2019.  By

11:43:37AM 19  March 20th, they had no hesitation to seek partial

11:43:40AM 20  disbursement at 80 percent and accepted and wanted this

11:43:46AM 21  Court's jurisdiction and authority to do so.  So certainly

11:43:47AM 22  whether this is an issue of an evolution at an intellectual

11:43:51AM 23  level or I'm just a firm caught in Fort Lauderdale amongst

11:43:54AM 24  elephants fighting and I'm just the grass being trampled as

11:43:54AM 25  unknown.

MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

| | | |
|---|---|---|
| 11:43:57AM | 1 | But I do believe the Court has addressed this as much |
| 11:44:00AM | 2 | as can be done, and I hope the Court will find the |
| 11:44:03AM | 3 | jurisdiction authority on behalf of these firms that have |
| 11:44:05AM | 4 | waited almost a decade. |
| 11:44:07AM | 5 | Thank you. |
| 11:44:08AM | 6 | THE COURT:  Thank you all.  I appreciate it. |
| 11:44:08AM | 7 | **MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES** |
| 11:44:11AM | 8 | MR. YANCE:  Your Honor, Tucker Yance from Mobile |
| 11:44:15AM | 9 | speaking on behalf of my firm, as well as, I believe, on |
| 11:44:20AM | 10 | behalf of lots of people in my position.  What -- the |
| 11:44:23AM | 11 | position we're in, and, Your Honor, talking about decades and |
| 11:44:28AM | 12 | 20 years from now, I mean, unfortunately, we are being held |
| 11:44:33AM | 13 | hostage by an appeal that we're -- we don't have anything to |
| 11:44:37AM | 14 | do with.  Lawyers that represent plaintiffs by their nature |
| 11:44:44AM | 15 | do take risks of non-payment in cases -- in such a |
| 11:44:50AM | 16 | circumstance where they have evaluated a case and the client |
| 11:44:58AM | 17 | doesn't get paid and thus the lawyer doesn't get paid. |
| 11:45:04AM | 18 | If plaintiffs' lawyers are now strung with the burden |
| 11:45:07AM | 19 | of not only taking risks of non-payment when they lose the |
| 11:45:12AM | 20 | case, so to speak, but we're now taking risks for decades on |
| 11:45:16AM | 21 | end in cases where the clients do get paid and we've done a |
| 11:45:25AM | 22 | good job for our clients and our clients have long since been |
| 11:45:30AM | 23 | compensated and yet we are being held hostage with |
| 11:45:36AM | 24 | nonpayment.  It creates a major financial burden that is in |
| 11:45:41AM | 25 | no way laughable to me or to the 160 law firms involved in |

MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

11:45:41AM  1    this case.

11:45:48AM  2        And so with all due respect, Your Honor, I do feel

11:45:51AM  3    like time is of the essence in this thing.  And as you know,

11:45:55AM  4    I did file a motion regarding the interest earned on this --

11:46:00AM  5    on this money because of the very situation we have found

11:46:02AM  6    ourselves in now, where our money has been earned, it's

11:46:06AM  7    sitting in a bank, and at the very least, it ought to be

11:46:11AM  8    earning money while it sits there and while we wait to get

11:46:15AM  9    paid.  But now to be -- we're under a situation where it's

11:46:20AM  10   been suggested we may be waiting another 10 years, it's not

11:46:24AM  11   going to be catastrophic to my firm, given the level of my

11:46:28AM  12   participation in this -- in this litigation, but I do

11:46:32AM  13   personally know firms that will be catastrophically impacted

11:46:41AM  14   by another decade of non-pay.

11:46:44AM  15        THE COURT:  I sympathize with you and the problem is

11:46:49AM  16   that it's the lawyers creating it.  I mean, it's the appeal

11:46:51AM  17   situation that -- I usually get these out very quickly for

11:46:57AM  18   after the -- the litigants get paid.  I endeavor to do that,

11:47:02AM  19   but every step of the way, it created problems.  I'm not

11:47:06AM  20   saying it's their fault or anything, but, I mean, that's the

11:47:09AM  21   reason we're here is because of the long drawn out process

11:47:12AM  22   that, you know, you or whoever participated in.

11:47:18AM  23        I mean, we're here -- we're on appeal now, and I'm

11:47:24AM  24   just telling you, from the standpoint of appeal, I don't know

11:47:29AM  25   how long it's going to be with the Circuit.  But when they

MOTION FOR IMMEDIATE DISBURSEMENT OF ATTORNEYS' FEES
MOTION TO STRIKE
MOTION FOR PARTIAL DISBURSEMENT OF ATTORNEYS' FEES

| | | |
|---|---|---|
| 11:47:32AM | 1 | make a decision on it, if they reverse it, it's going to take |
| 11:47:39AM | 2 | a long time to do it, because it's -- everything in this |
| 11:47:42AM | 3 | case-fee wise is taking a long time.  It usually goes faster |
| 11:47:47AM | 4 | than this. |
| 11:47:50AM | 5 | MR. YANCE:  Well, if I may, Your Honor, I would |
| 11:47:52AM | 6 | submit and suggest to the Court that the odds of the Fifth |
| 11:47:57AM | 7 | Circuit saying, for instance, that ABC Law Firm that |
| 11:48:02AM | 8 | represented 100 plaintiffs is now going to -- they -- they |
| 11:48:08AM | 9 | are now going to get zero percent of what Judge Fallon |
| 11:48:13AM | 10 | ordered that they get.  It's infinitesimally small.  I mean, |
| 11:48:19AM | 11 | it's nonexistent. |
| 11:48:23AM | 12 | And so there is a percentage at which I believe it is |
| 11:48:27AM | 13 | -- it is safe for the Court to proceed in this fashion and at |
| 11:48:29AM | 14 | least provide some relief to the hundreds of law firms that |
| 11:48:33AM | 15 | have worked on this case for so long and have -- have |
| 11:48:37AM | 16 | collected and distributed money via actual payments and |
| 11:48:42AM | 17 | remediations on behalf of their client many years ago, and |
| 11:48:47AM | 18 | are now strapped with this unreasonable risk. |
| 11:48:52AM | 19 | THE COURT:  I hear you, and it's unfortunate. |
| 11:48:55AM | 20 | The problem that I'm trying to deal with is that I |
| 11:48:58AM | 21 | know the clawback is going to cost a considerable amount of |
| 11:49:03AM | 22 | money and that's going to eat into the fund, because all of |
| 11:49:06AM | 23 | the expenses now come out of the fund before the lawyers get |
| 11:49:09AM | 24 | money.  So the fund keeps going down in a sense of costs if |
| 11:49:14AM | 25 | we're dealing with costs, and if a clawback takes |

| | | |
|---|---|---|
| 11:49:20AM | 1 | investigators being hired to find lawyers and suits being |
| 11:49:26AM | 2 | filed to get clawback money back, I don't know how -- and the |
| 11:49:30AM | 3 | lawyers being retained to handle those particular suits, I |
| 11:49:34AM | 4 | don't know how -- how much that's going to cost.  And there's |
| 11:49:37AM | 5 | no other -- Knauf can't be required to pay for that, so it's |
| 11:49:43AM | 6 | got to come out of the fees.  And that means the pie gets |
| 11:49:48AM | 7 | smaller. |
| 11:49:48AM | 8 | So I don't know how small -- how much smaller that |
| 11:49:52AM | 9 | pie's going to get and how that's going to impact both the |
| 11:49:57AM | 10 | common benefit and the non-common benefit attorneys.  And if |
| 11:50:01AM | 11 | you get more than you're entitled to, it's a problem. |
| 11:50:08AM | 12 | MR. YANCE:  And, you know, I don't want to beat a |
| 11:50:11AM | 13 | dead horse, Your Honor, but, again, I believe there is a |
| 11:50:15AM | 14 | percentage at which the risk of a clawback is virtually |
| 11:50:20AM | 15 | non-existent.  There may be one outlier firm that, you know, |
| 11:50:24AM | 16 | for some strange reason does get zero percent or whatever, |
| 11:50:27AM | 17 | but there's just going to be -- at some level, the Court |
| 11:50:31AM | 18 | could authorize a disbursement that -- that is practical, |
| 11:50:36AM | 19 | makes sense and almost has zero risk of a clawback. |
| 11:50:40AM | 20 | Thank you. |
| 11:50:40AM | 21 | THE COURT:  All right.  Thank you very much. |
| 11:50:42AM | 22 | Anybody else on fees? |
| | 23 | * * * * |
| | 24 | (WHEREUPON, Motions concluded with Motion to Dismiss/Strike |
| | 25 | Certain Bennett Claimants to follow.) |

1          * * * *

2          REPORTER'S CERTIFICATE

3          I, Nichelle N. Drake, RPR, CRR, Official Court
Reporter, United States District Court, Eastern District of
4   Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and
5   understanding, from the record of the proceedings in the
above-entitled and numbered matter.

6

7                    ___/s/ Nichelle N. Drake___
                     Official Court Reporter
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25