UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION<br><br>This document relates to *All Cases* | MDL 2047<br><br>SECTION "L"<br><br>JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PREVENT CLAIMANT GUILFORT DIEUVIL FROM INTRODUCING ANY NEW TESTIMONY AND/OR EVIDENCE AT THE HEARING REGARDING THE OBJECTION TO THE SPECIAL MASTER'S ORDER AND DECREE**

**MAY IT PLEASE THE COURT:**

The Knauf Defendants[1] submit the attached Memorandum in support of its Motion in Limine to Prevent Guilfort Dieuvil ("Claimant") from Introducing New Testimony and/or Evidence at the hearing regarding the Objection to the Special Master's Opinion and Decree.

The objection to the Special Master's Opinion and Decree is a request by Claimant for this Court to review and overturn the Special Master's decision as to the denial of Remediation Fund benefits under the Knauf Class Settlement Agreement. Therefore, the hearing on the objection to the Special Master's Opinion and Decree is subject to the Knauf Class Settlement Agreement, and specifically, Section 4.2.9 which states that appeals of Special Master decisions regarding the Remediation Fund shall be "based on the record and briefing before the Special

---

[1] The Knauf Defendants include Knauf Plasterboard (Tianjin) Co., Ltd., Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH, Knauf UK GmbH, Knauf AMF

Master without further evidentiary submissions, briefing or argument" unless otherwise ordered by this Court. Like previous objections in regard to the Remediation Fund, the Court's review should be limited to the Special Master's record.

In this matter, the Special Master was mindful that Claimant was previously represented by counsel, was proceeding pro se, and gave full and fair opportunity for all parties to submit evidence, argument, and briefing. Following a completion of the record before the Special Master, the Special Master rendered an Opinion and Decree under the terms of the Knauf Class Settlement Agreement.

On April 29, 2019, counsel for the Knauf Defendants held a meet and confer with Russ Herman, Claimant's current counsel. At the meet and confer, Mr. Herman made clear that he intended to introduce evidence and elicit lay and expert testimony that goes beyond and is not part of the record submitted before the Special Master. Like other Special Master objections/appeals reviewed by this Court, any arguments/evidence allowed at the hearing on the objection should be limited to the record before the Special Master and the parties' argument as to why the Special Master's decision was correct/incorrect under the terms of the Knauf Class Settlement Agreement. The Court should not allow either party to introduce new evidence because it would be inconsistent with the Knauf Class Settlement agreement, inconsistent with this Court's procedure on prior Special Master objections, and it would ignore the Special Master's role in collecting a record and issuing an opinion and decree. Furthermore, if Claimant is allowed to introduce new evidence and testimony, the Knauf Defendants would also have to reconsider and relitigate its defenses by submitting additional evidence and eliciting new expert and lay witness testimony which would completely negate the prior proceedings in this matter.

---

GmbH & Co. KG, Knauf do Brasil Ltda., and PT Knauf Gypsum Indonesia.

In addition to the arguments raised and the evidence presented to the Special Master, the Knauf Defendants have a failure to mitigate defense based on Claimant's actions in 2010 preventing his builder from completing the remediation of his property.  Furthermore, the Knauf Defendants have recently discovered potential waiver and estoppel defenses based on Claimant's 2018 state court lawsuit in Florida against his builder wherein Claimant made admissions as to his inability to satisfy certain requirements under the Knauf Class Settlement Agreement.[2]

Therefore, pursuant to the Knauf Class Settlement Agreement, the procedure utilized by this Court in prior objections, and based on the fact that all parties were allowed full and fair opportunity to submit evidence and testimony to the Special Master, the Court should exclude Claimant from introducing new evidence or eliciting witness testimony that was not previously presented to the Special Master.  Like other Special Master objections/appeals reviewed by this Court, the Knauf Defendants submit that each party be allowed to submit arguments based on the Special Master's record as to why the Special Master's decision should be affirmed or reversed.

---

[2] The case caption is Guilfort and Magdalene Dieuvil v. Boyton Beach Associates XVI, LLLP, 15th Judicial District Circuit Court in and for Palm, Beach County, Florida, Case no. 50-2018-CA-01203-XXXX-MB.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170
Telephone:   (504) 556-5549
Facsimile:   (504) 310-0275
Email:   kmiller@fishmanhaygood.com
Email:   pthibodeaux@fishmanhaygood.com
Email:   ddysart@fishmanhaygood.com

**Counsel for the Knauf Defendants**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 2nd day of May, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**