UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED | * | MDL 2047 |
| DRYWALL PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This filing relates to:  All Cases | * | |
| | * | MAGISTRATE JUDGE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO KNAUF'S MOTION *IN LIMINE* TO PREVENT CLAIMANT
GUILFORT DIEUVIL FROM INTRODUCING ANY NEW TESTIMONY
AND/OR EVIDENCE AT THE HEARING REGARDING
THE OBJECTION TO THE SPECIAL MASTER'S ORDER AND DECREE**

**MAY IT PLEASE THE COURT:**

Guilfort Dieuvil, Plaintiff/Appellant/Respondent responds to and opposes the Motion *in Limine* to Prevent Claimant Guilfort Dieuvil from Introducing Any New Testimony and/or Evidence at the Hearing Regarding the Objection to the Special Master's Order and Decree filed by Knauf on May 2, 2019 [Rec. Doc. 22234], and says as follows:

Initially, Paragraph 4.29 cited by Knauf, provides ample authority for the Court to exercise its judgment and order a full hearing. The precise language supporting that authority, a hearing from a decision from the Special Master may be heard as "…ordered by the Court". The Court has ordered that there be a hearing from the Special Master's decision regarding the Dieuvil claims. A limitation on evidence at such hearing is unwarranted and should not be limited to the Special Master's record as between Knauf and Dieuvil. There never was a hearing before the Special Master, there was no Court Reporter present, the findings of the Special Master were based on erroneous and misleading statements from Knauf's **CONFIDENTIAL** submission to the Special

Master. Nevertheless, the Special Master found that the Pro Se submission of Dieuvil was not compliant with Pretrial Order 1(B).

Following an 8-month investigation by undersigned Counsel, NEW EVIDENCE supports that the Pro Se submission complied with the provisions of 1(B).

**NEW EVIDENCE** further confirms that Benchmark, Knauf's experts, report was not only, but also, deficient and not probative.

**NEW EVIDENCE** shows that attacks on Dieuvil's character were not only violative of FRE Rules but also were intended to demean a Pro Se claimant in Knauf's **CONFIDENTIAL** report to the Special Master. Other **NEW EVIDENCE** confirms not only the square footage asserted by Dieuvil of the subject property, but also evidence which clearly supports the conclusion that more than 90% (+) of the toxic reactive drywall in the subject property was made available to Knauf and its lawyers by photographs and actual materials removed and preserved from the Dieuvil property.

Knauf claims no new evidence should be allowed at the hearing. A view of the evidence, side by side, with Knauf's improper, irrelevant and prejudicial comments to Special Master Balhoff reflects new evidence should be allowed.

Also attached for reference are the Special Master's Opinion and Decree, **Exhibit D-A**; Knauf's Motion *in Limine* to Prevent Claimant Guilfort from Introducing New Testimony, **Exhibit D-B**, and Plaintiff Guilfort Dieuvil's Objection to Special Master's Report, **Exhibit D-C**.

On September 1, 2017, Knauf submitted its **CONFIDENTIAL** position paper to Mr. Balhoff, Special Master. **Exhibit D-1**. At Page 2 of the Memorandum, Knauf states, "On September 16, 2013, Benchmark conducted an inspection of the Property and identified no corrosion and no existence of KPT drywall in the Property". Upon investigation, Benchmark's

inspection of the property was deficient and only covered the 1st floor of 2 floors. In addition, the AC documentation had no comment. The inspection of the Property occurred several years after the defective drywall was removed as well as other materials specified under 1(B). **Exhibit D-2.** Benchmark Remediation Group reported to Greg Wallance, Esq., Kaye Scholer Law Firm in New York. Mr. Wallance was not only the recipient of reports, but the initial reviewer of all photographs of defective drywall, non-reactive drywall and materials specified in 1(B). Dieuvil complied with 1(B); and submitted more than 90 photographs of all drywall samples, AC coils and other materials to Knauf and Mr. Wallance. **Exhibit D-3.** The materials and drywall and photographs were each preserved and labeled by GL Homes employees and inspectors. Each was dated. In addition, to assure a chain of evidence, each sample was bagged and notated with the Room in the premises from which it was taken. **Exhibit D-3**. Sketches were presented of the floor plans on both floors and the rooms from which defective and non-defective drywall were taken. The samples included all Knauf defective drywall, the non-reactive drywall of American Gypsum, Hardie Backerboard and National Gypsum. **Exhibit D-4**. As a result of their inspection on October 14, 2013, Canyon Isles sent 3 photographs from the AC units, each indicating ruined coils. **Exhibit D-5.** National Gypsum was found to have not manufactured or distributed corrosive drywall in a Federal Proceeding, Document 21104-1, July 24, 2012. **Exhibit D-6**. On April 20, 2017, Dieuvil even offered to provide Knauf's lawyers Dysart and Wallance with an opportunity to review each in person, the actual material evidence at Dieuvil's cost. The offer was refused. **Exhibit D-7**. On April 26, 2017, Dieuvil sent additional enlargements of the multiple photos of Chinese drywall and requested Knauf to begin fixing his house. **Exhibit D-8**. Neither Wallance nor Dysart accepted the opportunity to actually view the materials, including the original book of photographs of drywall and things submitted to this Court, in his Appeal of the Special Master's

findings. **Exhibit D-3**. Dieuvil yet retains all evidence provided by GL Homes on September 24, 2015. **Exhibit D-9.**

Page 4 of Knauf's **CONFIDENTIAL** submission to the Special Master makes only one claim, "Claimant is ineligible to receive benefits under the Settlement Agreement because he has failed to comply with PTO 1(B) for preservation of evidence". **Exhibit D-1.** At page 5 of the **CONFIDENTIAL** submission, Knauf indicates, without evidence, that only (5) installed KTB boards and only (6) Detached boards were presented in accordance with PTO 1(B). In Footnote 18, Knauf claims that the samples were small in size; however, they were in accordance with requirements, contained in zip lock bags for identification and in compliance with PTO 1(B). There is more than presumptive evidence that all boards were kept, preserved and in bags labeled with a chain of evidence. Knauf's claim at best is spurious. **Exhibits D-3, D-4, D-6, D-7, D-8, D-9.**

In order to objectively evaluate Dieuvil's compliance with PTO 1(B), undersigned Counsel enlisted Louis Velez, to review each item retained, specifically and the chain of evidence. **Exhibit D-10.** His report is contrary to Knauf's assertions and their refusal to actually look at the evidence. The Ombudsman recommended that J.E.S, Inc. be retained with Xactimate to provide definitive dimensions (which incidentally comport with GL Homes' originals) and to value the remediation yet to be done. **Exhibit D-11**.

In Footnote 19, at page 5 in the **CONFIDENTIAL** memo, Knauf submitted to the Special Master, Knauf states, "He (Dieuvil) was formerly indicted for fraud and was named as a defendant in approximately twenty (20) lawsuits involving civil and bankruptcy matters wherein consumer plaintiffs and Chapter 7 Bankruptcy Trustees alleged that Claimant defrauded consumers and creditors. **Exhibit D-1**." It is unfortunate that Knauf, with its attorneys in New York and

4

elsewhere, and its investigators, accused Dieuvil of wrongdoing without following up to conclusion the ultimate disposition of the prejudicial allegations.  Allegations as to criminal conduct violated FRE Rules 404, 608 and 609.  Even if criminal behavior was true (which it is not), it was irrelevant to any item relating to Knauf's claim that 1(B) was not complied with. The charges of indictments, law suits and bankruptcy could only have been in Knauf's **CONFIDENTIAL** submission in order to influence the Special Master.  As to any criminal charges, Florida Case numbers 50-2012-CF-005149 were dismissed, and files closed between August 1, 2014 and August 20, 2014.  **Exhibit D-12**.  Insomuch as Knauf alleges that Dieuvil's Property was foreclosed upon, the foreclosure action was dismissed in Case 502008CA036085 on August 16, 2016.  **Exhibit D-13**.  The allegations as to Dieuvil's litigation history is also misleading.  Two of the 6 matters were brought by Dieuvil upon which he prevailed.  Allegations against Dieuvil were dismissed on April 14, 2014, June 2, 2016 and December 4, 2018.  In each of those matters, an accuser in a civil litigation failed to produce any evidence supporting an allegation against Dieuvil.  **Exhibit D-14**.  The Knauf claims that Dieuvil was sued a number of times for fraud not only were prejudicial but also failed to have any relevancy or probative value. Additional prejudicial irrelevant Knauf statements about Dieuvil's character show that a claim fostered by a homeowners' association in Bankruptcy Court was also dismissed "with prejudice". **Exhibit D-15**.

## CONCLUSION

In the light of the prejudicial, irrelevant and misleading representations in the Knauf submissions to the Special Master, the Motion *in Limine* should be rejected.

Respectfully submitted,

/s/ *Russ M. Herman*
**RUSS M. HERMAN (6819), T.A.**
**HERMAN, HERMAN & KATZ**
**LIAISON COUNSEL IN MDL 2047**
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone:   504-581-4892 (o)
            504-400-5699 (c)
Email:       rherman@hhklawfirm.com

**Counsel for Plaintiff Respondent**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to File & Serve Xpress (formerly LexisNexis File & Serve) in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of May, 2019.

/s/ *Russ M. Herman*
**RUSS M. HERMAN**