UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



IN RE: CHINESE -MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

JUDGE ELDON FALLON
MAGISTRATE WILKINSON

# Opinion and Decree

This matter involves a dispute between Guilfort Dieuvil and the Knauf Defendants ("Knauf").

In the mid-2000s, Mr. Dievil purchased the property located at 8757 Baystone Cove, Boynton Beach, Florida. In April 2009, he learned that the property might contain reactive Chinese drywall. Mr. Dievil initially gave GL Homes a chance to remediate the property, but he pulled them off the job before they completed it. In 2013, Mr. Dievil signed and submitted a Plaintiff Profile Form to the Knauf Class Settlement Agreement. Benchmark conducted an inspection and identified no corrosion and no existence of KPT drywall. Knauf denied Mr. Dieuvil's claim.

In 2015, the parties entered into an agreement whereby Mr. Dieuvil could recover to the extent that he could demonstrate "that evidence was preserved strictly in accordance with the requirements of MDL 2047 Pre-Trial Order 1(B)." On August 27, 2015, Knauf denied the claim because Mr. Dieuvil had not complied with Pretrial Order 1(B).

Since the last denial, Mr. Dieuvil has submitted additional documentation, including photographs, in an attempt to support his claim. The parties have now submitted the matter to the Special Master for decision.

On October 9, 2009, Judge Fallon issued Pretrial Order 1(B), which set forth the protocol

for the preservation of evidence in this MDL. The protocol stated in part:

> [T]he Parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentaion, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

On December 20, 2011, Knauf filed a Settlement Agreement in the MDL. The Settlement Agreement, which was later approved by the Court, defined a settlement class, and gave the members of the settlement class an opportunity to opt out. Mr. Dieuvil did not opt out of the Settlement Agreement.

The Settlement Agreement contemplates that Knauf will compensate certain class members who have already remediated their homes. To this end, the Settlement Agreement establishes a procedure for resolving differences between the Owner and Knauf. For purposes of this matter, the key provision is found at section IV.D.4:

> The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B (if the claim is pending in the MDL) or with applicable state law requirements for preservation of evidence (if the claim is pending in state court). Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.

The Settlement Agreement requires proof that Knauf manufactured the drywall at issue. Knauf only agreed to pay certain claimants in the settlement; these did not include claimants that could not satisfy Pretrial Order 1(B). Although Mr. Dieuvil claims that he complied with Pretrial Order 1(B), the evidence does not support this contention. The Special Master finds that Mr.

for the preservation of evidence in this MDL. The protocol stated in part:

> [T]he Parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentaion, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.

On December 20, 2011, Knauf filed a Settlement Agreement in the MDL. The Settlement Agreement, which was later approved by the Court, defined a settlement class, and gave the members of the settlement class an opportunity to opt out. Mr. Dieuvil did not opt out of the Settlement Agreement.

The Settlement Agreement contemplates that Knauf will compensate certain class members who have already remediated their homes. To this end, the Settlement Agreement establishes a procedure for resolving differences between the Owner and Knauf. For purposes of this matter, the key provision is found at section IV.D.4:

> The Special Master and the Court will take into consideration, in determining whether to allow a claim or the amount of the claim, whether the Owner has complied with MDL Pretrial Order 1B (if the claim is pending in the MDL) or with applicable state law requirements for preservation of evidence (if the claim is pending in state court). Subject to review by the Special Master or the Court, the failure to preserve evidence as required by law will result in disallowance or reduction in the amount of the claim if the failure has been prejudicial to a determination of the claim.

The Settlement Agreement requires proof that Knauf manufactured the drywall at issue. Knauf only agreed to pay certain claimants in the settlement; these did not include claimants that could not satisfy Pretrial Order 1(B). Although Mr. Dieuvil claims that he complied with Pretrial Order 1(B), the evidence does not support this contention. The Special Master finds that Mr.

Dieuvil's failure to preserve evidence prejudiced Knauf's ability to present a defense, since Mr. Dievil had access to the reactive Chinese drywall before its disposal, but Knauf did not.

For these reasons, the Special Master finds in favor of Knauf and against Mr. Dievil. The Special Master will circulate an invoice in the near future. In accordance with the Settlement Agreement, the costs associated with the Special Master's services will be split between the parties (one-half each).

Dated: November 22, 2017                    /s/ Daniel J. Balhoff
                                            Daniel J. Balhoff, Special Master