UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL CASES* | |

## ORDER & REASONS

Before the Court are cross-motions to establish the *Amorin* trial plan filed by both parties. R. Docs. 22153, 22214, 22217, 22223. The Court heard oral argument on the motions on April 23, 2019. R. Doc. 22227. The Court now rules as follows.

1.  **Property Damage Claims**: The Court will appoint a special master to determine all Louisiana *Amorin* Plaintiffs' property damage calculation; as a part of this determination, the special master will also address the issues of product identification, ownership verification, square footage, and requests for set-offs. These determinations will include the thirty-nine cases currently selected as the "discovery pool," pursuant to the Court's October 12, 2018 order, R. Doc. 21847, and the evidence produced in the Florida *Amorin* proceedings before Judge Cooke may be used at this stage. The deadlines for the each of the below listed items shall be set at a later date with the special master's input.

    a.  Defendants will admit or deny, in writing, whether they manufactured the drywall in question. Thereafter, Plaintiffs will respond to Defendants' denials, if any, and if the special master determines a genuine dispute exists, the

1

parties may engage in limited discovery. Once the parties have engaged in discovery, the special master shall issue a report and recommendation.

    i. On the specific issue of product identification, the special master may, following a rigorous independent evaluation, defer to Judge Cooke's findings on product identification in the Florida *Amorin* cases.

b. Defendants will serve on Plaintiffs the discovery they seek regarding whether the claimant owns or owned the affected property and whether a former owner retained their personal right to seek damages. Thereafter, Plaintiffs will respond to Defendants' ownership verification requests. If any disputes arise, the special master shall resolve the disputes and issue a report and recommendation.

c. Defendants will serve on Plaintiffs the discovery they seek regarding whether the under air square footage of the property in question is accurate. Thereafter, Plaintiffs will respond to Defendants' square footage discovery requests. If any disputes arise, the special master shall resolve the disputes and issue a report and recommendation.

d. Regarding former owners who did not remediate their homes, Defendants will serve on these former owner Plaintiffs the discovery they seek regarding the diminution value of the former Plaintiffs' properties. Thereafter, Plaintiffs will respond to Defendants' diminution discovery requests. If any disputes arise, the special master shall resolve the disputes and issue a report and recommendation.

    e. Defendants will submit in writing all contests and requests for set-offs. Thereafter, Plaintiffs will respond to Defendants' contests and requests for set-offs. If any disputes arise, the special master shall resolve the disputes and issue a report and recommendation.

    f. Finally, the special master shall use the remediation damage calculation formula and issue a report and recommendation as to the total award for property damage for all present and former owners, making adjustments to the remediation damage calculation for any diminution evidence with respect to former owners who did not remediate their homes.

2. **Non-Property Damage Claims**: With respect to Plaintiffs' non-property damage claims, the Court issues this scheduling order with respect to the thirty-nine priority claimants identified pursuant to the Court's October 12, 2018 order. R. Doc. 21847. The first trial flight of five Plaintiffs shall begin on **Monday, December 2, 2019** with a pre-trial conference to take place on **Thursday, November 21, 2019**. This trial flight shall include five similarly situated claimants.

    a. **Deadlines**:

        i. Parties shall meet and confer to identify the eight trial flights, placing each Plaintiff in groups of four or five. Plaintiffs shall be grouped according to the nature of their respective claims, keeping like claims in one group to the greatest extent possible. The parties shall file a joint notice identifying the flight groupings by **June 17, 2019.**

ii. Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendants as soon as possible, but in no event later than **August 23, 2019**.

iii. Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiffs as soon as possible, but in no event later than **September 23, 2019**.

iv. Counsel for both parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify in each trial flight and all exhibits which may or will be used at each trial flight by not later than **September 23, 2019**. The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

v. All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony (*Daubert*), shall be filed no later than **October 15, 2019**, and served in sufficient time to permit submission on **October 30, 2019**. Any motions filed in violation of this Order

4

shall be deemed waived unless good cause is shown. All other motions *in limine* shall be file by no later than **November 25, 2019.**

vi. With respect to the first flight only, a joint pre-trial order shall be filed into the record on **November 11, 2019**.

vii. With respect to the first flight only, a Final Pretrial Conference will be held on **November 21, 2019 at 8:30 a.m**.

viii. The first trial flight shall commence on **December 2, 2019 at 8:30 a.m.** before the District Judge with a jury. Attorneys are instructed to report for trial not later than 8:00 a.m. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 8–10 day(s).

ix. **Second Flight**

1. Pre-Trial Order due: **December 30, 2019**
2. Trial shall begin: **January 6, 2020 at 8:30 a.m.**

x. **Third Flight**

1. Pre-Trial Order due: **January 13, 2020**
2. Trial shall begin: **January 21, 2020 at 8:30 a.m.**

xi. **Fourth Flight**

1. Pre-Trial Order due: **January 27, 2020**
2. Trial shall begin: **February 3, 2020 at 8:30 a.m.**

xii. **Fifth Flight**

1. Pre-Trial Order due: **February 10, 2020**

5

   2. Trial shall begin: **February 18, 2020 at 8:30 a.m.**

 **xiii. Sixth Flight**

   1. Pre-Trial Order due: **February 24, 2020**

   2. Trial shall begin: **March 2, 2020 at 8:30 a.m.**

 **xiv. Seventh Flight**

   1. Pre-Trial Order due: **March 9, 2020**

   2. Trial shall begin: **March 16, 2020 at 8:30 a.m.**

 **xv. Eighth Flight**

   1. Pre-Trial Order due: **March 23, 2020**

   2. Trial shall begin: **March 30, 2020 at 8:30 a.m.**

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by this Court.

New Orleans, Louisiana, this 20th day of May, 2019.

            _____
             ELDON E. FALLON
            UNITED STATES DISTRICT JUDGE