UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL CASES* | |

# ORDER

On June 15, 2016, the Court appointed Mr. J. Cal Mayo, Jr., partner at Mayo Mallette PLLC in Oxford, Mississippi, as Co-Special Master in this case. R. Doc. 20306. Although his initial appointment was for a limited purpose, the Court notified the parties during the May 17, 2019 status conference of its intent to expand the scope of Mr. Mayo's appointment pursuant to Federal Rule of Civil Procedure 53 to include property damage claims.

Over the course of the past ten years, this Court has waded through a morass of motions and various disputes between the parties. It is now appropriate to proceed to trial. Much of the general discovery has been completed, and this Court has begun readying the cases for trial. As a component of the trial plan for the Louisiana *Amorin* cases, the Court finds it appropriate to employ the services of Special Master J. Cal Mayo, Jr. to determine the square footage of each claimants' home and utilize the Court's property damage calculation protocol to recommend to the Court an appropriate measure of damages as compensation for property damage. As a part of this determination, Special Master Mayo will also address the issues of product identification, ownership verification, square footage, and requests for set-offs. Accordingly;

**IT IS ORDERED** that the scope of the appointment of Mr. J. Cal Mayo, Jr., partner at

Mayo Mallette PLLC in Oxford, Mississippi as special master be and hereby is **EXPANDED** to include calculating damage amounts with respect to Plaintiffs' property damage claims. As a part of this determination, Special Master Mayo will address the issues of product identification, ownership verification, square footage, and requests for set-offs. The Special Master must proceed with all reasonable diligence in fulfilling the duties assigned him by the Court. As declared by the Special Master pursuant to Fed. R. Civ. P. 53(b)(3)(A), there are no grounds for his disqualification under 28 U.S.C. § 455. *See* Exhibit A (attached).

Special Master Duties and Authority Mr. Mayo may take all appropriate measures to fairly and efficiently perform his duties. He may not, however, act as an advocate, representative, fiduciary, or counsel for any party.

As relates to the determination of Plaintiffs' property damage calculations, the Special Master shall have the full authority provided in Rule 53(c). The Special Master may, without limitation:

1. Order the parties to submit evidence and/or establish a protocol for determining the square footage of the respective Plaintiffs' homes;

2. Make recommendations to the Court concerning any issues that may require resolution in order to facilitate the damage calculations; and

3. Direct, supervise, monitor, and report upon implementation and compliance with the Court's orders, and make finding and recommendations on remedial action if required.

Proceedings. In performing his duties, the Special Master has the authority to schedule and hold conferences, and to regulate all proceedings before him. The Special Master may require the

parties to appear in person, via video conference, or telephonically. These meetings may be at the Special Master's discretion, except that the Court requires that the Special Master meet jointly with the parties at least once per month, including at least once on or before June 13, 2019.

Ex Parte Communications. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time. He may also communicate *ex parte* with a party or counsel on purely administrative matters and in attempting to mediate these cases.

Preservation and Filing of Materials. Pursuant to Rule 53(b)(2)(C), the Special Master must maintain orderly files consisting of all documents submitted to him by the parties, and any of his written orders, findings, and/or recommendations. He must preserve these files until such time that the Court grants permission for their destruction. Neither the Special Master nor the parties are required to file on the record materials submitted to the Special Master in confidence to aid in his mediation of the proceedings. But, pursuant to Rule 53(b)(2)(D) and Rule 53(D), any order, findings, and/or recommendations issues by the Special Master must be filed by him with the Court via the Court's electronic case filing (ECF) system. Such filing shall fulfill the Special Master's duty to serve his orders on the parties.

Actions on the Special Master's Filings. Pursuant to Rule 53(b)(2)(D) and Rule 53(f), any party wishing to file objections or motions related to the Special Master's filings must do so within five business days of the filing. The Court will review all objections under the standard provided in Rule 53(f).

Compensation. In appointing Special Master, the Court has considered the fairness of imposing the expenses on the parties and has taken steps to protect against unreasonable expenses or delay as required by Rule 53(a)(3). Pursuant to Rule 53(b)(2)(E) and Rule 53(g), the

3

Special Master must keep billing records of time spent on this litigation and expenses incurred, with reasonably detailed descriptions of the activity and expenses. He will be compensated at an hourly rate of $600.00 per hour plus expenses.

All fees of the Special Master are be allocated as follows: one-quarter to the Plaintiffs' Steering Committee, one-quarter to Taishan, one-quarter to the CNBM Defendants, and one-quarter to the BNBM Defendants. The Special Master must submit monthly invoices for payment of his fees to each party consistent with this allocation. Such invoices must itemize and describe the services provided. The Special Master must submit a courtesy copy of the billing statement to this Court. Payment must be made by the parties to the Special Master within thirty days of submission of the invoices.

New Orleans, Louisiana, this 20th day of May, 2019.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE