## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |

THIS DOCUMENT RELATES TO:

*Mitchell Co. Inc. v. Knauf Gips KG, et al.*, 09-cv-4115        SECTION L
                                                               JUDGE FALLON
                                                               MAG. JUDGE WILKINSON

                                                               Oral Argument Requested

## BUILDER PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION
## AGAINST TAISHAN GYPSUM CO., LTD.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on August 23, 2017, or as soon thereafter as the

matter may be heard, in the Courtroom of the Honorable Eldon E. Fallon of the Eastern District

of Louisiana, Section L, located at 500 Poydras Street, New Orleans, LA 70130, Plaintiff The

Mitchell Company, Inc., in behalf of itself and all others similarly situated, will move the Court

for certification of the following Class:

> All persons and entities in the States of Alabama, Mississippi,
> Louisiana, Georgia, Texas, and Florida that used drywall
> manufactured by Taishan Gypsum Co., Ltd., for the construction,
> repair, or remodeling of any improvement to real property and who
> incurred any expenses associated with (1) repair or replacement of
> all or part of the defective drywall, and/or (2) repair or replacement
> of other property damaged by the defective drywall, and/or (3)
> attorneys' fees and costs in defense of claims by affected
> homeowners, and/or (4) other expenses that were or incurred as
> part of the remediation of the defective drywall, including, without
> limitation, the cost of investigation and expert analysis of the
> defect, and cost of relocating customers displaced by the presence
> of defective drywall.

- 1 -



DEFENDANT'S
EXHIBIT

7

1274127.6

Excluded from the proposed Class are any owners, landlords, or residents of real properties located in the United States containing defective Chinese drywall manufactured, sold, distributed, supplied, marketed, inspected, imported, or delivered by Taishan Gypsum Co. Ltd.; Defendant Taishan, its legal representatives, officers, directors, assigns, and successors, or any entity in which the Defendant has a controlling interest; the judge to whom this action is assigned and members of the judge's immediate family; claims for personal injury, wrongful death, and/or emotional distress; and all persons or entities who properly execute and timely file a request for exclusion from the class.

This motion is supposed by Builder Plaintiffs' accompanying Memorandum in Support and the pleadings and papers filed in this case and MDL 2047, and any oral argument the Court permits.

DATED: July 7, 2017          /s/ Steven L. Nicholas
                             STEVEN L. NICHOLAS
                             Cunningham Bounds, LLC
                             1601 Dauphin Street
                             Mobile, Alabama  36604
                             251-471-6191
                             251-479-1031 (fax)

                             ELIZABETH J. CABRASER
                             SARAH R. LONDON
                             Lieff, Cabraser, Heimann & Bernstein, LLP
                             Embarcadero Center West
                             275 Battery Street, 29th Floor
                             San Francisco, California  94111-3339
                             415-956-1000
                             415-956-1008 (fax)

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
212-355-9500
212-355-9592 (fax)

ANDREW R. KAUFMAN
Lieff, Cabraser, Heimann & Bernstein, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
615-313-9000
615-313-9965 (fax)

Attorneys for Builder Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants'
Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the
same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the
foregoing was electronically filed with the Clerk of Court of the United States District Court for
the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of
electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of
July, 2017.

/s/  Steven L. Nicholas
STEVEN L. NICHOLAS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION, | MDL Docket No. 2047 |
| THIS DOCUMENT RELATES TO: | |
| *Mitchell Co. Inc. v. Knauf Gips KG, et al.*, 09-cv-4115 | SECTION L JUDGE FALLON MAG. JUDGE WILKINSON |
| | Oral Argument Requested |

## MEMORANDUM IN SUPPORT OF BUILDER PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AGAINST TAISHAN GYPSUM CO., LTD.

1274127.6

## TABLE OF CONTENTS

Page

INTRODUCTION                                                                    1

BACKGROUND AND PROCEDURAL HISTORY                                               2

LEGAL STANDARD                                                                  4

ARGUMENT                                                                        6

    I.    The proposed Class satisfies the Rule 23(a) requirements        7

        A.  The proposed Class likely consists of over one hundred homebuilders    7

        B.  The Class Members' claims share a host of common legal and factual
            issues                                                           8

        C.  The Builder Plaintiffs' claims are typical of those of the Class members    9

        D.  The Class Representatives and their counsel will adequately protect
            The interests of the proposed Class                             10

    II.   The Class should be certified under Rule 23(b)(3) for purposes of
           Determining and proving classwide damages                          11

        A.  Common questions predominate over individual questions         11

        B.  A class action is superior to other methods for adjudicating the
            controversy                                                      13

    III.  The Court should appoint the undersigned as Class counsel         14

CONCLUSION                                                                      15

1274127.6

# TABLE OF AUTHORITIES

Page

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013) ............................ 4, 5, 11

*Berger v. Compaq Computer Corp.*, 257 F.3d 475 (5th Cir. 2001) .............................................. 10

*Butler v. Sears, Roebuck & Co.*, 727 F.3d 796 (7th Cir. 2013) ................................................... 7, 12

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 706 F. Supp. 2d 655 (E.D. La. 2010) ..................................................................................................................................... 5, 9, 12

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014) ............... 3

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521 (5th Cir. 2014) ............... 3

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 1421627 (E.D. La. Apr. 21, 2017) ........................................................................................................................... 5, 9, 12

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ........................................................................................... 3, 5, 6, 8, 9, 10, 12

*Crutchfield v. Sewerage & Water Bd. Of New Orleans*, 829 F.3d 370 (5th Cir. 2016)................. 12

*Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006).................................................................. 7

*Davis v. Hutchins*, 321 F.3d 641 (7th Cir 2003)............................................................................. 5

*Matter of Davis*, 3 F.3d 113 (5th Cir. 1993) ................................................................................... 6

*In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014) ........................................... 4, 8, 11, 12, 13

Fed R. Civ. P. 23 ................................................................ 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15

## TABLE OF AUTHORITIES
### (continued)

Page

*Germano v. Taishan Gypsum, et al.*, No. 2:09-cv-6687 ................................................................. 2

*Graham v. R.J. Reynolds, slip op.* at 26-27 (22th Cir. May 18, 2017) ......................................... 13

*In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599 (7th Cir. 2014)................................. 7

*McManus v. Fleetwood Enters.*, 320 F.3d 545 (5th Cir. 2003) ........................................................ 7

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975) ..................... 5

*Pa. Public Sch. Emps. Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111 (2d Cir. 2014) ............................................................................................................................................... 5

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979)..................................................................... 6

*Parko v. Shell Oil Co.*, 739 F.3d 1083 (7th Cir. 2014) .............................................................. 4, 13

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) .............................................................................. 9

*Payton, et al. v. Knauf Gips KG, et al*; No. 09-7628 ..................................................................... 8

*Pederson v. La. State Univ.*, 213 F.3d 858 (5th Cir. 2000).............................................................. 7

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975) ..................... 5

*Stirman v. Exxon Corp.*, 280 F.3d 554 (5th Cir. 2002)..................................................................... 9

*Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70 (2d Cir. 2015)............................................. 10

- iii -

**TABLE OF AUTHORITIES**
(continued)

Page

*In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013) ................................................................................ 7

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) ............................................................ 11

*Walmart-Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .................................................... 4, 8, 9, 12

*Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013) ........... 7

1274127.6

## INTRODUCTION

This Court is well-familiar with this litigation, which arises out of the installation of hundreds of millions of square feet of defective drywall manufactured by defendant Taishan Gypsum Co. Ltd, imported from China, and installed in homes across the United States between 2005 and 2008. The defective drywall releases sulfur gases, causing offensive odors, corroding metals, and requiring extensive remediation. One direct consequence of the defective drywall is that many homebuilders engaged in remediation efforts for the affected homes, making repairs or otherwise compensating their homeowner customers.

Dozens of cases on behalf of homeowners and homebuilders were filed against Taishan and other defendants and, in 2009, consolidated into this MDL proceeding. This case has been on-going for more than eight years. The proceedings have been prolonged because Taishan initially refused to participate in the judicial process.

Builder Plaintiff The Mitchell Company, Inc. ("Mitchell") and additional proposed class representative Beazer Homes Corporation ("Beazer") (together, the "Builder Plaintiffs"), move for certification of a Class of homebuilders 1) that used drywall manufactured by Taishan for the construction, repair, or remodeling of any structure, and 2) incurred any expense associated with remediation efforts necessitated by the defective drywall. Like the homeowner Plaintiffs and Class, the Builder Plaintiffs allege that drywall manufactured by Taishan is defective because even when properly installed and used for its intended purpose, the drywall undergoes a chemical reaction resulting in sulfur off-gassing, which in turn creates a foul smell and causes corrosion of certain metal products, including HVAC system components and wiring. As with the homeowners, a Builder class is warranted to determine the core issues of whether Taishan is liable to the homebuilders for the damages caused by the defective drywall and the categories of remediation for which Taishan is responsible.

The homebuilders twice-before moved for class certification, in 2009 and 2010.  Doc. Nos. 653, 4566.  Since then, these proceedings changed the circumstances in two ways.  First, damages once anticipated have now been incurred, removing the need for certification of classes for declaratory or future indemnification relief, and simplifying the claims process.  Second, this Court made extensive findings of fact and conclusions of the law and certified a damages class of homeowners.  Doc. Nos. 2380, 18028, 20740, 20741.  Those preclusive findings, coupled with the allegations in the *Mitchell* complaint that Taishan conceded through default, underscore why class certification is appropriate.

As detailed below, the Class satisfies all of the prerequisites for certification under Fed. R. Civ. P. 23(b)(3).  The Builder Plaintiffs therefore respectfully request that the Court certify the proposed Class.

## BACKGROUND AND PROCEDURAL HISTORY

Mitchell filed its Complaint in the Northern District of Florida on March 6, 2009, alleging claims on behalf of itself and others similarly situated against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Taishan Gypsum Co. Ltd. (f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Interior & Exterior Building Supply, L.P. ("Interior & Exterior"); and Rightway Drywall, Inc. ("Rightway").

Mitchell perfected service of its original Complaint on defendant Taishan on or about May 8, 2009.  Mitchell filed its Amended Complaint on July 7, 2009.  Doc. No. 42.  When Taishan failed to enter an appearance, answer, or otherwise respond to Mitchell's complaint, this Court entered a preliminary default against Taishan on September 23, 2009.  Doc. No. 277.  On January 5, 2010, the Court granted Mitchell's motion to intervene and participate in the default judgment proceedings regarding remediation damages in *Germano v. Taishan Gypsum, et al.*, No. 2:09-cv-6687.  Doc. No. 682.  Taishan belatedly entered an appearance in July 2010, to

- 2 -

contest personal jurisdiction and move to vacate the default judgment.  Doc. Nos. 4324, 13566.

This Court denied Taishan's motions on September 4, 2012, rulings that the Fifth Circuit

affirmed.  *See* Doc No. 15755; *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753

F.3d 521 (5th Cir. 2014) (homebuilders); *In re Chinese-Manufactured Drywall Prods. Liab.*

*Litig.*, 742 F.3d 576 (5th Cir. 2014) (homeowners).

On July 17, 2014, due to Taishan's continued refusal to participate in the judicial process,

the Court held Taishan in contempt and imposed sanctions.  Doc. No. 17869.  On September 26,

2014, the Court certified a damages class of homeowners, and found that Taishan, TTP, BNBM

BNBM Group, CNBM, and CNBM Group constitute a single business enterprise and are

therefore liable for the conduct of their affiliated entities.  *See* Doc. No. 18028; *In re Chinese-*

*Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014).  On

April 21, 2017, the Court denied Taishan's motion to decertify the homeowners class.  Doc. No.

20740.

With this motion, Mitchell and additional proposed class representative Beazer request

certification, pursuant to Fed. R. Civ. P. 23(b)(3), of the Class defined as:

> All persons and entities in the States of Alabama, Mississippi,
> Louisiana, Georgia, Texas, and Florida that used drywall
> manufactured by Taishan Gypsum Co., Ltd., for the construction,
> repair, or remodeling of any improvement to real property and who
> incurred any expenses associated with (1) repair or replacement of
> all or part of the defective drywall, and/or (2) repair or replacement
> of other property damaged by the defective drywall, and/or (3)
> attorneys' fees and costs in defense of claims by affected
> homeowners, and/or (4) other expenses that were or incurred as
> part of the remediation of the defective drywall, including, without
> limitation, the cost of investigation and expert analysis of the
> defect, and cost of relocating customers displaced by the presence
> of defective drywall.
>
> Excluded from the proposed Class are any owners, landlords, or
> residents of real properties located in the United States containing
> defective Chinese drywall manufactured, sold, distributed,

- 3 -

supplied, marketed, inspected, imported, or delivered by Taishan
Gypsum Co. Ltd.; Defendant Taishan, its legal representatives,
officers, directors, assigns, and successors, or any entity in which
the Defendant has a controlling interest; the judge to whom this
action is assigned and members of the judge's immediate family;
claims for personal injury, wrongful death, and/or emotional
distress; and all persons or entities who properly execute and
timely file a request for exclusion from the class.

The proposed class excludes homeowners who are members of the already-certified class.

## LEGAL STANDARD

Class certification is soundly within the district court's discretion. *See In re Deepwater*

*Horizon*, 739 F.3d 790, 798 (5th Cir. 2014). The strength of a plaintiff's claim does not affect

the certification decision. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184,

1194-95 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquires at

the certification stage."). "Merits questions may be considered to the extent—but only to the

extent—that they are relevant to determining whether the Rule 23 prerequisites are satisfied." *Id.*

When plaintiffs seek class certification for money damages, they must affirmatively prove six

prerequisites to class certification:

(1) Numerosity.  Class certification is only appropriate if it is not practical to join
    all potential claimants in one litigation. Fed. R. Civ. P.  23(a)(1).

(2) Commonality.  At least one legal or factual question must be common to
    every member of the class.  Fed. R. Civ. P. 23(a)(2); *Walmart-Stores, Inc. v.
    Dukes*, 131 S. Ct. 2541, 2551 (2011).

(3) Typicality.  The named plaintiffs must have the same type of claim as other
    class members.  Fed. R. Civ. P. 23(a)(3).

(4) Adequacy.  The named plaintiffs and their counsel must represent the interests
    of absent class members.  Fed. R. Civ. P. 23(a)(4).

(5) Predominance.  Legal and factual issues that can be resolved on a classwide
    basis must be more important than those that could only be resolved on an
    individual basis.  Fed. R. Civ. P. 23(b)(3); Doc. No. 20740, at 13-14;
    *Deepwater Horizon*, 739 F.3d at 815; *Parko v. Shell Oil Co.*, 739 F.3d 1083,
    1085 (7th Cir. 2014) (Posner, J.).

- 4 -

(6) Superiority. A class action must be superior to many individual lawsuits. Fed. R. Civ. P. 23(b)(3).

*See, e.g.*, *Amgen*, 133 S. Ct. at 1191 (articulating the standards for class certification).

The entry of default against Taishan does not mandate an *automatic* grant of class certification; the Court must still analyze the Rule 23 factors. However, as with any default, all factual allegations of the complaint are deemed admitted, and plaintiffs may take advantage of these admissions in their class certification motion. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340-41 (4th Cir. 2006); *see also In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 4809520, at *10 ("As a threshold matter, the Court's analysis of the instant motion for class certification is greatly simplified by the status of the Taishan Defendants as default judgment defendants. Because of the default judgments, liability is conclusively established, and the Court need only determine whether it is appropriate to certify a class under Rule 23 to determine class-wide damages pursuant to Rule 55(b)(2)(B).").

The builders may also rely on the findings of fact and conclusions of law made in the *Germano* default proceedings, *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 706. F. Supp. 2d 655 (E.D. La. 2010), and after the subsequent damages hearing, Doc. No. 20741, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 1421627 (E.D. La. Apr. 21, 2017), to the extent those findings and conclusions are relevant. Collateral estoppel (or issue preclusion) bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a

- 5 -

valid and final judgment on the merits. *See Matter of Davis*, 3 F.3d 113, 114-15 (5th Cir. 1993);

*see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330-31 (1979) (recognizing non-mutual,

offensive collateral estoppel). This Court already concluded that those requirements are met

with respect to the default proceedings here. *In re Chinese-Manufactured Drywall*, 2014 WL

4809520, at *12. The Court's jurisdictional rulings are also entitled to preclusive effect. *Id.*

## ARGUMENT

This case presents near-laboratory conditions for class certification. Builder Plaintiffs, on

behalf of the proposed Class, seek damages for costs incurred in remediating homes built with

defective drywall and payment to homeowners to accomplish remediation. This Court already

found that the underlying homeowner claims should proceed on a class basis. *See In re Chinese-*

*Manufactured Drywall*, 2014 WL 48099520, at *16. Those findings apply with equal force to

the claims of the homebuilders.

Each of the requirements for class certification under Rules 23(a)(1)-(4) and 23(b)(3) is

met. The class is comprised of hundreds of builders and so is sufficiently numerous. The

builders' claims turn on common questions of fact regarding the defective drywall, questions that

are capable of producing common answers, as demonstrated by the Court's preclusive findings

of fact. The Builder Plaintiffs have the same legal claims arising from the same set of facts as

the class members, are motivated to hold Taishan accountable, and have retained capable class

counsel. Classwide issues, such as liability and the types of remediation costs attributable to

Taishan, predominate over any individual damages determinations, which can be addressed if

necessary through a simple administrative process. Finally, a class action is superior to

individual adjudications because the common questions of Taishan's liability and resulting

damages make it far more efficient to litigate the builder claims on a class-wide basis. At the

same time, abandoning the builders to individual adjudications would only reward Taishan for its

- 6 -

years of obstruction by forcing every builder to start from square one of filing a complaint, perfecting service, and the like.  That is no alternative at all.

Courts—including the Fifth Circuit—hold that cases such as this one, in which undisclosed or latent product defects cause economic loss and require repair, replacement, or remediation,  involve predominantly common issues of law and fact that make class treatment appropriate.  *See, e.g.*, *McManus v. Fleetwood Enters.*, 320 F.3d 545, 552 (5th Cir. 2003) (affirming certification of breach-of-warranty claims against vehicle manufacturer); *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 604 (7th Cir. 2014) (Easterbrook, J.) (roofing shingles manufacturer); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800-01 (7th Cir. 2013) (Posner, J.) (washing machine manufacturer); *Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013) (washing machine manufacturer); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 551-52 (6th Cir. 2006) (vehicle manufacturer).  The unique posture of this case renders class treatment even more appropriate than in a run-of-the-mill products case.

I.     **The proposed Class satisfies the Rule 23(a) requirements.**

   A.     **The proposed Class likely consists of over one hundred homebuilders.**

Rule 23(a)(1) requires that "the proposed class is so numerous that the joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Plaintiffs must make more than a mere allegation of numerosity, but are not required to establish the exact number of potential class members.  *See Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000).  Rather, the plaintiff need only "demonstrate some evidence or reasonable estimate of the number of purported class members."  *Id.* (citation omitted).  The inquiry focuses not on numbers alone, but instead on the practicability of joinder and all other relevant factors, including the geographical dispersion of the class, ease with which class members may be identified, nature of the action, and size of each plaintiff's claim.  *See In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013).

- 7 -

A large number of builders installed Taishan's drywall in homes. The certified homeowner class is comprised of approximately 4,150 class members, necessitating a large number of associated builders. *In re Chinese-Manufactured Drywall*, 2014 WL 4809520, at *11. Further, the Omnibus Complaint filed December 9, 2009, by homeowner plaintiffs in the MDL against Taishan's co-defendant Knauf, named 388 builders and 93 contractors and installers as defendants. Complaint, *Payton et al. v. Knauf Gips KG, et al.*, No. 09-7628, Doc. No. 1 at 400-486 (builders) and 486-506 (contractors and installers). Thus, the numerosity requirement is satisfied. *See* William B. Rubenstein, Newberg on Class Actions § 3:12 (5th ed. 2015) ("[A] class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone."); *see also Pa. Public Sch. Emps. Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 120 (2d Cir. 2014).

**B.      The Class members' claims share a host of common legal and factual issues.**

Commonality requires the existence of "questions of law or fact that are common to the class." Fed. R. Civ. P. 23(a)(2). "To satisfy the commonality requirement under Rule 23(a)(2), class members must raise at least one contention that is central to the validity of each class member's claim." *Deepwater Horizon*, 739 F.3d at 810. "[E]ven a single common question will do . . . ." *Id.* (quoting *Wal-Mart*, 131 S. Ct. at 2556).

Here, there are numerous questions of law and fact common to the Class, including whether the subject drywall is defective, whether the manufacture and sale of defective drywall breached any express or implied warranties, whether Taishan is liable to the homebuilders for costs incurred remediating homes containing Taishan's toxic drywall, and the nature and scope of remediation required in those homes. *See* JPML Transfer Order, MDL Doc. No. 1 at 1-2 ("All actions share factual questions concerning drywall manufactured in China, imported to and distributed in the United States, and used in the construction of houses..."). *See also In re*

- 8 -

*Chinese-Manufactured Drywall*, 2014 WL 48099520, at *11 (finding that homeowners' class met commonality requirement because "[t]he factual determination of class-wide property damages is common to the class members . . .").

Moreover, any doubt as to "the capacity of classwide proceedings to generate common *answers* apt to drive the resolution of the litigation" has been laid to rest by this Court's factual findings. *Wal-Mart*, 131 S. Ct. at 2551 (citation omitted). Here, "the Taishan Defendants have been held liable for damages caused by defective Chinese drywall. Any properties containing Chinese drywall require complete remediation and cleaning." Doc. No. 20740, at 14; *see also In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 1421627, at * 6 ("[T]he Court found . . . and re-affirms herein that remediating a Chinese drywall property requires complete remediation and cleaning[.]."); see also *In re Chinese-Manufactured Drywall*, 2014 WL 48099520, at *4; *In re Chinese Manufactured Drywall*, 706 F. Supp. 2d at 671-88. Accordingly, the commonality requirement is met.

### C.     The Builder Plaintiffs' claims are typical of those of the Class members.

Typicality focuses "on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted). Claims need not be completely identical. *Id.*; *see also Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Rather, the test is whether the plaintiff's claims have fundamentally the same essential characteristics of those of the putative class. *Stirman*, 280 F.3d at 562. When the claims stem from a similar course of conduct or transaction and share the same legal theory, factual differences will not defeat typicality. *Id*; *see also Parsons*, 754 F.3d at 685 ("Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.") (citation and alteration omitted).

- 9 -

Here, all Class members' claims stem from Defendant Taishan's manufacture and sale of allegedly defective drywall. Like all Class members, the Builder Plaintiffs assert claims for strict liability, negligence, breach of warranty, indemnity, and equitable restitution. Accordingly, the Class Representatives' cases are typical of that of the Class members. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 4809520, at * 13 ("The property damage claims of the [homeowner] class representatives are typical of, if not identical to, those of the class members. The determination of these damages depends on the same factual predicate as to the manufacturer of the defective product, product identification, the mechanism of damage occurring in class members' homes, the need for remediation, the scope of remediation, the square footage costs of accomplishing the remediation, and alternative living expenses during remediation.").

D.     **The Class Representatives and their counsel will adequately protect the interests of the proposed Class.**

The last requirement under Rule 23(a) is that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001); *see also Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 90 (2d Cir. 2015) ("Adequacy is satisfied unless [the] plaintiff's interests are antagonistic to the interest of other members of the class.") (internal quotation marks omitted). The adequacy requirement mandates inquiry into: (1) the zeal and competence of representative's counsel; and (2) the willingness and ability of representative to take an active role in and control the litigation and to protect interests of absentees. *Berger*, 257 F.3d at 479.

- 10 -

The Builder Plaintiffs are adequate representatives of the Class. As homebuilders that utilized Taishan's defective drywall, they incurred remediation costs due to the defective drywall. Both are highly motivated to hold Taishan and other manufacturers accountable. *See* Doc. 42 (First Amended Complaint), ¶ 24 (outlining Mitchell's damages); Declaration of Ray Phillips, ¶ 4-5 (explaining that Beazer has suffered $2 million in damages to date, and anticipates $3-5 million more in the future), Doc. 5009. Furthermore, their counsel are adequate advocates for the Class. They have significant experience as lead counsel in similar, nationwide cases regarding defective building products, as well as product defect and consumer fraud class actions generally. *See* Declarations of Elizabeth J. Cabraser, Doc. 4566, and Steven L. Nicholas, Doc. 4566. Counsel already successfully established personal jurisdiction over Taishan in proceedings in this Court and on appeal to the Fifth Circuit. Thus, the adequacy of representation prong is satisfied.

II.    **The Class should be certified under Rule 23(b)(3) for purposes of determining and proving classwide damages.**

Under Rule 23(b)(3), the Court may certify a class where it determines "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

A.    **Common questions predominate over individual questions.**

The predominance inquiry requires courts to consider how a trial on the merits would be conducted if the class were certified. *See Deepwater Horizon*, 739 F.3d at 816-17.

Common questions predominate if "the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (citation omitted); *cf Amgen*,

- 11 -

133 S. Ct. at 1196 ("Rule 23(b)(3), however, does *not* require a plaintiff seeking class

certification to prove that each element of her claim is susceptible to classwide proof.") (internal

quotation marks and alterations omitted).  Indeed, "[a]n issue 'central to the validity of each one

of the claims ' in a class action, if it can be resolved 'in one stroke,' can justify class treatment."

*Butler*, 727 F.3d at 801 (quoting *Walmart*, 131 S. Ct. at 2551).  At "bottom, the inquiry requires

the trial court to weigh common issues against individual ones and determine which category is

likely to be the focus of a trial." *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d

370, 376 (5th Cir. 2016).

Common questions of law and fact "central to the validity" of the builders' claims can

and should be resolved on a class-wide basis.  The question of Taishan's liability is streamlined

or even "conclusively established" by Taishan's default and the Court's findings of fact.  *In re*

*Chinese-Manufactured Drywall*, 2014 WL 4809520, at \*10.  For example, the Court found that

the sulfur gasses released by Taishan's drywall corrode metals, make homes hard or impossible

to live in, and require extensive remediation. *In re Chinese-Manufactured Drywall*, 2014 WL

48099520, at \*4; *In re Chinese Manufactured Drywall*, 706 F. Supp. 2d at 671-88; *In re Chinese-*

*Manufactured Drywall*, 2017 WL 1421627, at \*6.

Common liability questions *alone* often satisfy the predominance requirement. *See, e.g.*,

*In re Deepwater Horizon*, 738 F.3d at 815-16.  Here, critical elements of each class member's

damages are also determinable on a class-wide basis.  As this Court has concluded, "[a]ny

properties containing Chinese drywall require complete remediation and cleaning." Doc. No.

20740, at 14.  The scope of work that standard demands can be established on a class-wide basis.

*See In re Chinese-Manufactured Drywall*, 2017 WL 1421627, at \*11 (finding "a well-established

and defined scope of work necessary to fully remediate a Chinese drywall property").  The

- 12 -

categories of remediation costs attributable to Taishan are issues common to the class,

determination of which will "greatly simplify the litigation to judgment" as compared to

hundreds of individual trials. *Parko*, 739 F.3d at 1085.

Members of the proposed builder Class will, to be sure, need to produce evidence of the

*amount* of their individual damages.  But the builders either spent definitive sums to remediate

homes in accordance with the Court's approved remediation plan, or paid damages to the

homeowners to accomplish the remediation.  These sums are liquidated, and are capable of being

proved through administrative procedures.  Given the nature of the damages, there is no reason

the classwide damages cannot easily be determined without a trial.  And in any event, the need

for some individualized damages calculation does not defeat predominance.  *See Deepwater

Horizon*, 739 F.3d at 815-17; Newberg § 4:54 ("[C]ourts in every circuit have uniformly held

that the 23(b)(3) predominance requirement is satisfied despite the need to make individualized

damages determination."); *see also Graham v. R.J. Reynolds*, slip op. at 26-27 (11th Cir. May

18, 2017) (en banc) ("[C]ourts, both state and federal, frequently manage class actions by

splitting them into separate phases," including where "a defendant's common liability [is]

established through a class action and given binding effect in subsequent individual damages

actions.") (internal quotation marks omitted).

**B.      A class action is superior to other methods for adjudicating the controversy.**

The superiority inquiry requires the district court to evaluate four factors: the class

members' interest in individually controlling their separate actions, the extent and nature of

existing litigation by class members concerning the same claims, the desirability of concentrating

the litigation in the particular forum, and the likely difficulties in class management.  Fed. R.

Civ. P. 23(b)(3)(A)-(D).  All four factors support a finding of superiority here.  As explained

above, the common questions of Taishan's liability and resulting damages make it far more

- 13 -

efficient to litigate the builder claims on a class-wide basis. The JPML has already steered all existing litigation to this forum and determined the desirability of doing so. And given the preponderance of common issues and limited number of easily-adjudicated individual questions, there is no reason to anticipate difficulties in class management.

Moreover, requiring the builders to resort to individual litigation now, after years of procedural obstruction and delay, would only award Taishan for its misconduct. *See* Doc. No. 20740, at 18 ("One need only review the factual and procedural history of this litigation to reveal the superiority of the class action proceeding in this case."). The fact that Taishan refuses to accept service from builders tips the balance in favor of resolving this matter on a class basis.

**III.   The Court should appoint the undersigned as Class counsel.**

Plaintiffs request that the Court appoint Elizabeth Cabraser and Sarah London of Lieff, Cabraser, Heimann & Bernstein, LLP, and Steven L. Nicholas of Cunningham Bounds, LLC to represent the Class in this action. These counsel meet all four criteria that the district court must consider in evaluating the adequacy of proposed counsel. The four considerations are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). The Court is also free to consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(C)(ii) . "No single factor should necessarily be determinative in a given case." Fed. R. Civ. P. 23(g) advisory committee's note.

Information relevant to each of these criteria is set forth in the accompanying Declarations of Elizabeth J. Cabraser, Doc. 4566, and Steven L. Nicholas, Doc. 4566. In

- 14 -

summary, Class counsel's breadth and depth of experience demonstrate their solid qualifications to vigorously prosecute the action.

## CONCLUSION

For the reasons stated herein, the Builder Plaintiffs respectfully request that the Court certify their claims pursuant to Fed. R. Civ. P. 23(b)(3).

DATED: July 7, 2017

/s/ Steven L. Nicholas
STEVEN L. NICHOLAS
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191
251-479-1031 (fax)

ELIZABETH J. CABRASER
SARAH R. LONDON
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
415-956-1000
415-956-1008 (fax)

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
212-355-9500
212-355-9592 (fax)

ANDREW R. KAUFMAN
Lieff, Cabraser, Heimann & Bernstein, LLP
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
615-313-9000
615-313-9965 (fax)

Attorneys for Builder Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by email and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 7th day of July, 2017.

/s/  Steven L. Nicholas
STEVEN L. NICHOLAS

1274127.6