## MUTUAL RELEASE

STATE OF _Alabama_  )

                   )    **KNOW ALL MEN BY THESE PRESENTS:**

COUNTY OF _Mobile_  )

    1.    This Mutual Release (hereinafter referred to as "Mutual Release") is executed by, for, and on behalf of:

    (a)    **The Mitchell Company, Inc.**  and its assigns, agents, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors in interest, corporate affiliates, insurers and their affiliates, claims administrators, reinsurers, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of The Mitchell Company, Inc; and

    (b)    **Smoky Mountain Materials, Inc.** and its assigns, agents, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors in interest, corporate affiliates, corporate affiliates, insurers and their affiliates, claims administrators, reinsurers, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of Smoky Mountain Materials, Inc.

    (c)    **Rightway Drywall, Inc.** and its assigns, agents, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors in interest, corporate affiliates,

{M0103384.1}
Page 1 of 8 Pages


DEFENDANT'S EXHIBIT

14

CDW001221

corporate affiliates, insurers and their affiliates, claims administrators, reinsurers, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of **Rightway Drywall, Inc.**

    (d)   **Devon Professional Services, Inc.; DevVac, LLC; Devon DME, LLC; JABMD, LLC; Devon International, Inc.; Devon International Group, Inc.**, (collectively referred to as "Devon") and their assigns, agents, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors in interest, corporate affiliates, corporate affiliates, insurers and their affiliates, claims administrators, reinsurers, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of **Devon**.

    (e)   **North Pacific Group, Inc.** and its assigns, agents, sureties, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors in interest, corporate affiliates, corporate affiliates, insurers and their affiliates, claims administrators, reinsurers, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of North Pacific Group, Inc., including the Chinese Drywall Trust established by order of the United States District Court, District of Oregon, on December 21, 2011.

CDW001222

(f)     **AbShield, L.L.L.P., Construction Industry Solutions, Inc. and Robert Riffe** (collectively referred to as "Abshield / CIS") and each of their assigns, agents, sureties, heirs, legal representatives, subrogees, trustees, guardians, successors-in-interest, predecessors in interest, corporate affiliates, corporate affiliates, insurers and their affiliates, claims administrators, reinsurers, and any other person or entity who hereafter asserts any claim, right, or cause of action through or on behalf of Abshield / CIS.

2.     In this Mutual Release the term "The Parties" refers to all of the entities and individuals described in Section 1 collectively.

3.     The Mitchell Company, Inc., Smoky Mountain Materials, Inc., Rightway Drywall, Inc., North Pacific Group, Inc., Devon International Industries, Inc. and Abshield / CIS are all parties to a civil action filed in the Circuit Court of Escambia County, Florida, assigned the case number 2010 CA 1532 (referred to herein as "The Lawsuit.") .

4.     This Mutual Release is intended, among other things, to cause, to the fullest extent permitted by law and at equity, the complete and final discharge and extinguishment of all claims and causes of action, whether known or unknown, which The Parties have, or may have, against each other relating to, or arising from, transactions, acts, omissions, or statements affecting or relating to the condition of the property located at 1698 Brightleaf Circle in Cantonment, Florida (referred to herein as "The House") as well as claims asserted by residents of The House. As limited to matters relating to the The House and

(M0103384.1)
Page 3 of 8 Pages

CDW001223

claims asserted by residents of The House, this Mutual Release is intended to extinguish any and all liabilities which The Parties have or might have as to each other at law or in equity, in tort or contract, including damages as yet unknown which may be recognized in the future. To the extent that any applicable statute, precedent, or other legislative or judicial policy or pronouncement does or could otherwise preserve in favor of any of The Parties any right to assert any claim or cause of action against another of The Parties that is unknown to them at the time this Mutual Release is executed, The Parties each expressly, knowingly and voluntarily agree to waive and relinquish any such right.

5. The Parties intend to compromise and settle all claims and allegations any of them has made against another of The Parties in The Lawsuit and all claims which could have been made by any of The Parties against another of The Parties relating to (a) the The House and/or (b) claims asserted by residents of The House jointly, separately, and severally. The Parties desire peace and to bring an end, for once and for all, to all litigation that is now pending between them, or has been pending between them, or that could have been brought by any of them, against others of The Parties relating to the The House and claims asserted by residents of The House;

6. The Parties each agree that their release is provided for good and valuable consideration, the receipt, adequacy, and sufficiency of which is hereby acknowledged and confessed, including but not limited to the releases of others of The Parties.

CDW001224

7.     The Parties hereby compromise, settle, and fully release all of The Parties from any and all past, present, or future claims, demands, actions, causes of action, costs, judgments, expenses, attorneys' fees, damages, and all liabilities whatsoever, at law, in equity and/or under any statute or regulation, whether known or unknown, which The Parties now have, claim to have had, have ever had, or would, but for this Mutual Release, have had in the future against any of The Parties arising from or on account of any actions (whether intentional, wanton, reckless, malicious, negligent, or inadvertent), omissions, dealings, contracts, understandings, representations, disclosures, statements, failures to disclose, conditions, events, or circumstances (whether known or unknown), relating to The House or the residents of The House.

8.     Notwithstanding anything to the contrary contained in this Mutual Release and without limiting the generality of any of the foregoing, it is specifically understood and agreed that this Mutual Release extends to and includes any and all alleged liability of the The Parties for all damages or liabilities, past and future, compensatory, punitive, or exemplary, relating to or arising out of the condition of The House. The Parties may plead this full and complete Mutual Release as a full and complete bar to the urging of any released claims against any of The Parties by any other of The Parties including, but not limited to, claims in tort, contract, under any statute or regulation, in equity, or at law.

9.     The signatories to this Mutual Release each expressly warrants and represents that: (i) he or she is legally competent and authorized to execute this Mutual

{MC103384.1}
Page 5 of 8 Pages

Release; and (ii) that the parties for which he or she is authorized to execute this Mutual Release have not assigned, pledged, or otherwise in any manner whatsoever, including by operation of law, sold or transferred, either by instrument in writing or otherwise, any right, title, or interest in any claims subject to this Mutual Release.

10.   The Parties understand and agree that this Mutual Release and performance hereunder are in compromise of disputed claims and in recognition of the prohibitive cost of litigation,  that this Mutual Release is not evidence of, nor an admission of, any liability or wrongdoing whatsoever, and that all such claims and allegations are expressly contested, disputed, and denied.

11.   Each of The Parties expressly warrants and represents that before executing this Mutual Release, each of them has fully informed themselves of all the terms, contents, conditions, and effects of this Mutual Release, and that in making the settlement, no oral or written promise or representation of any kind has been made by any of The Parties or anyone acting for any of them.

12.   This Mutual Release constitutes the entire agreement, oral and written, between and among The Parties with regard to the subject matter of this settlement and is intended as the complete and final expression of The Parties' agreement. This Mutual Release may not be amended in any respect except by a writing duly executed by authorized representatives of all  The Parties.   The Parties have each relied solely and

{N0103384 .1}

Page 6 of 8 Pages

completely upon his or its own judgment and the advice of his or its attorneys. While this Mutual Release constitutes the entire agreement, oral and written, between and among The Parties with regard to the subject matter of this settlement and is intended as the complete and final expression of The Parties' agreement, it is acknowledged that there may be executed separate and distinct agreements between and among various of The Parties and the plaintiffs in The Lawsuit.

13.   This Mutual Release shall be construed in accordance with the laws of the State of Florida. The execution and effectiveness of a general release by the plaintiffs in The Lawsuit of all of The Parties herein identified is a condition precedent to the validity of this Mutual Release.

14.   If any provision of this Mutual Release or any portion of any provision of this Mutual Release is at any time deemed or declared void, voidable, or unenforceable, then such provision or portion of such provision is severable from the remainder of the Mutual Release, and the remainder of this Mutual Release shall be enforced fully.

15.   The parties and their counsel will exchange and execute all writings needed to memorialize and implement this settlement including a Stipulation of Dismissal, with prejudice, of the claims asserted by The Parties against each other in The Lawsuit.

{H0103384.1}
Page 7 of 8 Pages

16.    This Mutual Release does not affect, and shall not be construed as a release or waiver of, any claim by any of The Parties against any person or entity other than The Parties.  This Mutual Release also does not affect, and shall not be construed as a release or waiver of, any claim by any of The Parties against any other of The Parties which does not relate to The House or the claims asserted by the residents of The House.

17.    THE PARTIES EACH ACKNOWLEDGE THAT HE OR ITS AUTHORIZED REPRESENTATIVE HAS READ THIS MUTUAL RELEASE IN ITS ENTIRETY AND THAT HE OR IT UNDERSTANDS AND APPRECIATES ITS CONTENTS AND SIGNIFICANCE AND HEREBY EXECUTES THE SAME AND MAKES THE RELEASE PROVIDED FOR VOLUNTARILY AND OF HIS OR ITS OWN FREE WILL, HAVING FIRST HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL.

CDW001228

By: _Chester J. Stefan_, V.P.

Representative of:   THE MITCHELL COMPANY, INC.

STATE OF _Alabama_ )
                    ) ss
COUNTY OF _Mobile_ )

BEFORE ME, the undersigned authority, personally appeared _Chester J. Stefan_ who, after being duly cautioned and sworn, deposes and says that he has read the Mutual Release attached hereto and that he has set his hand and seal thereto for the purposes therein expressed.

Given under my hand and official seal this _7th_ day of _June_ ,
2012.

Printed Name: _Janice Z. Kraft_

My Commission Expires: _11-09-13_

Notary Public
State of _Alabama_ at Large
Notary I.D. Number
(if applicable)

[Notary Seal]

CDW001229

By: _____

Representative of:   SMOKY MOUNTAIN MATERIALS, INC.


STATE OF _____ )
                                         ) ss
COUNTY OF_____ )

    BEFORE   ME,   the   undersigned   authority,   personally   appeared

_____ who, after being duly cautioned and sworn, deposes and says that

he has read the Mutual Release attached hereto and that he has set his hand and seal

thereto for the purposes therein expressed.


    Given under my hand and official seal this _____ day of _____,

2012.


My Commission Expires:

[Notary Seal]

Printed Name:_____

Notary Public
State of _____ at Large
Notary I.D. Number
    (if applicable)


CDW001230

**By:** _____

**Representative of:** **RIGHTWAY DRYWALL, INC.**

STATE OF _____ )

                                    ) ss

COUNTY OF_____ )

BEFORE   ME,   the   undersigned   authority,   personally   appeared _____ who, after being duly cautioned and sworn, deposes and says that he has read the Mutual Release attached hereto and that he has set his hand and seal thereto for the purposes therein expressed.

Given under my hand and official seal this _____ day of _____, 2012.

My Commission Expires:

[Notary Seal]

Printed Name:_____

Notary Public
State of _____ at Large
Notary I.D. Number
      (if applicable)

CDW001231

By: _____
Representative of:    **DEVON PROFESSIONAL SERVICES,
INC.; DEVVAC, LLC; DEVON DME,
LLC; JABMD LLC; DEVON
INTERNATIONAL, INC.; DEVON
INTERNATIONAL GROUP, INC.**


STATE OF _____   )
                                        ) ss
COUNTY OF _____   )

      BEFORE   ME,   the   undersigned   authority,   personally   appeared

_____ who, after being duly cautioned and sworn, deposes and says that

he has read the Mutual Release attached hereto and that he has set his hand and seal

thereto for the purposes therein expressed.


      Given under my hand and official seal this ____ day of _____,

2012.


                            Printed Name:_____

My Commission Expires:         Notary Public
                                                State of _____ at Large
  [Notary Seal]                         Notary I.D. Number
                                                    (if applicabie)

CDW001232

By:  _____

Representative of:   **NORTH PACIFIC GROUP, INC.**

STATE OF _____  )
                                         ) ss
COUNTY OF_____  )

      BEFORE  ME,  the  undersigned  authority,  personally  appeared
_____ who, after being duly cautioned and sworn, deposes and says that
he has read the Mutual Release attached hereto and that he has set his hand and seal
thereto for the purposes therein expressed.

      Given under my hand and official seal this ____ day of _____,
2012.

Printed Name:_____

My Commission Expires:

      [Notary Seal]

Notary Public
State of _____ at Large
Notary I.D. Number
    (if applicable)

CDW001233

By: _____
Representative of:   **ABSHIELD, L.L.L.P., CONSTRUCTION INDUSTRY SOLUTIONS, INC.** and **ROBERT RIFFE**

STATE OF _____ )
                  _____ ) ss
COUNTY OF_____ )

       BEFORE   ME,   the   undersigned   authority,   personally   appeared _____ who, after being duly cautioned and sworn, deposes and says that he has read the Mutual Release attached hereto and that he has set his hand and seal thereto for the purposes therein expressed.

       Given under my hand and official seal this ____ day of _____, 2012.

My Commission Expires:

    [Notary Seal]

Printed Name:_____

Notary Public
State of _____ at Large
Notary I.D. Number
    (If applicable)

CDW001234