## WORK AUTHORIZATION AGREEMENT AND
## LIMITED RELEASE AND ASSIGNMENT OF PROPERTY DAMAGE CLAIMS

### A.    INTRODUCTION

1.      This Agreement is between Kimberly Royal on behalf of himself/herself/themselves and his/her/their agents, representatives, assigns, predecessors, and successors ("Homeowner") and Beazer Homes Corp., a Tennessee Corporation, together with its parents, subsidiaries, and all affiliates of any such entities, and any agents, servants, successors, heirs, executors, administrators, and assigns thereof, including any officers, directors, shareholders, employees, partners, and all other persons, firms, or corporations in privity therewith who are or might be liable in any way ("Beazer").

2.      Homeowner purchased a home from and/or constructed by Beazer located at 13512 Little Gem Circle (the "Home"). Homeowner has made a demand against Beazer for property damage, alleging that the drywall in the home is defective and has damaged other materials in the home (including but not limited to the HVAC system, plumbing components, and electrical components such as wiring, switches, and outlets) ("the Affected Materials").

3.      When the Home was constructed, Beazer entered into an agreement for the installation of drywall in the Home with an independent subcontractor, who obtained the drywall from one or more suppliers, distributors, importers, and/or manufacturers (collectively, the "Responsible Parties").

4.      As has been reported widely in the media and by government agencies investigating the issue, defective drywall manufactured in the People's Republic of China ("Defective Chinese Drywall") was apparently imported into this country in significant quantities around the time the Home was constructed. As likewise reported by the media and government agencies, the Defective Chinese Drywall allegedly contains chemical compounds



DEFENDANT'S
EXHIBIT
19

PENGAD 800-631-6989

*Beazer v Knauf Gips, et al.*
*cb: 703496*

which can combine with moisture or humidity and corrode copper and some other metals, including HVAC coils, plumbing components, and electrical components.

5.      Beazer and an independent technical consulting firm, Environ, have inspected and tested the Home and have determined that the Home manifests symptoms and resulting damages which indicate the presence of Defective Chinese Drywall.

6.      As a result, Beazer and Homeowner agree that repairs need to be done to remove the Defective Chinese Drywall and to repair or replace the Affected Materials (the "Repair Work").

7.      This Agreement is entered into by Beazer and Homeowner in order to:

—      Set forth the understandings between Homeowner and Beazer regarding the Repair Work to be performed by Beazer at the Home to address the problem of the Defective Chinese Drywall and the Affected Materials;

—      Provide an Additional Limited Warranty for the Repair Work performed by Beazer at the Home;

—      Provide a Limited Release of any claims for property damage by Homeowner against Beazer resulting from and/or associated with the Defective Chinese Drywall and Affected Materials at the Home;

—      Assign to Beazer any and all claims of Homeowner against the Responsible Parties for property damage resulting from and/or associated with the Defective Chinese Drywall and Affected Materials at the Home; and

—      Set forth an arbitration procedure to govern any disputes between the parties related to this Agreement, the Repair Work, and the Additional Limited Warranty.

**B.      SCOPE OF WORK**

2                    Initials: _6D_ / _XX_
                                      BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703497*

1.      Beazer and Homeowner agree that Beazer will perform the Repair Work at the Home, as described in this Scope of Work section.

2.      The Repair Work at the Home will include the following:

—      Removing and replacing all drywall in the Home, including ceilings;

—      Removing and replacing all affected HVAC systems;

—      Removing and replacing all smoke detectors;

—      Removing and replacing all hot water heaters;

—      Removing and replacing all duct work;

—      Removing and replacing all insulation;

—      Removing and replacing all carpet;

—      Removing and replacing all electrical wiring (including low-voltage wiring), switches, and receptacles;

—      Removing and replacing all affected plumbing components;

—      Removing and replacing all affected original appliances;

—      Finishing and painting all new drywall;

—      Repairing or replacing, as necessary, all materials affected by the repair process in the Home, which may include but are not limited to tile, cabinets, countertops, sinks, toilets, bathtubs, shower enclosures, appliances, mirrors, lighting fixtures, ceiling fans, plumbing fixtures, wood trim, and molding;

—      HEPA vacuuming the Home to remove all construction dust; and

—      Cleaning and restoring the Home to its pre-repair condition.

3.      Certain additions made by Homeowner to the Home subsequent to Beazer's original construction of the Home may be protected and/or reinstalled, replaced with comparable

3                    Initials: _GD_ / _KL_
                              BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703498*

items, or where not feasible, Beazer may reasonably compensate Homeowner for such items. The terms for addressing such additions, as agreed upon between Homeowner and Beazer, will be set forth in a separate Home Additions Addendum which will then be incorporated into this Agreement.

4.  Beazer will also pay the cost of moving Homeowner's personal property from the Home to the Homeowner's temporary residence and/or a secure, air-conditioned storage facility, such cost being determined by the estimate provided by a reputable, insured moving company preferred by Beazer. Beazer will also pay the cost of moving Homeowner's personal property back to the Home after the Repair Work has been completed (collectively, the "Moving Process"). Should Homeowner elect to use a moving company other than Beazer's preferred company for the Moving Process, Beazer will pay either the actual cost or the estimated cost provided by Beazer's preferred company, whichever is less. Homeowner will contract directly with the moving company chosen and Beazer shall have no responsibility or liability for any damage to Homeowner's personal property or loss resulting from the Moving Process.

5.  Beazer will also pay Homeowner a monthly stipend of $3200 for all living and other expenses, including all utilities left on at the Home, beginning on the move-out date Beazer provides to Homeowner or such other date as the parties may agree to and ending 15 days after the move-in date Beazer provides to Homeowner. Homeowner shall, at a minimum, leave the water and electricity on at the Home during the Repair Work. This monthly stipend shall be pro-rated daily for any partial month.

6.  Homeowner shall not enter the Home during the Repair Work without prior approval of Beazer and without being accompanied by a representative of Beazer. Homeowner expressly assumes the risk of injury and loss that may result from any visit to or entry into the

4                    Initials: _GD_ / _KR_
                              BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703499*

home by Homeowner, his or her family members, guests and invitees during the Repair Work, and Beazer shall have no responsibility or liability for any injury or loss resulting from or occurring during any such entry.

## C.    ADDITIONAL LIMITED WARRANTY

1.    The terms and conditions of this Agreement shall not affect any warranty issued by Beazer in connection with the original construction of the Home.

2.    As an additional limited warranty, Beazer warrants the Repair Work to be performed under this Agreement against defects in workmanship and materials in accordance with, and limited by, the Beazer Homes-Performance Quality Standards, which are expressly incorporated herein (the "Additional Limited Warranty"). As to items that are within the Home but that were not manufactured by Beazer, including but not limited to, any air conditioner, water heater, range, dishwasher and other appliances, equipment or "consumer products," Beazer provides no warranty on such items, but shall transfer to Homeowner the manufacturer's warranty. Beazer limits it obligations under the Additional Limited Warranty to repair and/or replacement at Beazer's discretion. The Additional Limited Warranty and any warranty issued by Beazer in connection with the original construction of the Home are the only warranties applicable to this Repair Work. There are no other warranties, express or implied, including any warranty of habitability, merchantability, workmanlike construction, or fitness for a particular purpose, unless required by law or provided directly to Homeowner by the manufacturer. Homeowner understands and agrees that Beazer's liability, whether in contract, in tort, under any warranty, or otherwise, is limited to the remedies provided in this Agreement and any warranty issued by Beazer in connection with the original construction of the Home.

5          Initials: _____ / _____
                         BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703500*

3.      Beazer shall not be liable for damages to the Home that are not caused by Beazer, or its employees, agents, or subcontractors, but result from accidents or acts of God, including but not limited to, fire, explosion, smoke, water escape, underground gas seepage, including radon gas, changes that are not reasonably foreseeable in the level of the underground water table, sinkholes, erosion, settling of the house, glass breakage, windstorm, hail, lightning, falling trees, aircraft, vehicles, flood, or earthquake.  Beazer shall not be responsible for damages to the Home caused by activities that take place on parcels of land adjacent to or in close proximity to the Lot, including but not limited to damages caused by nearby toxic waste sites, overhead electric power lines, airport activities, or mining operations.  Beazer does not warrant nor assume responsibility for damage to the Home due to ordinary wear and tear, abuse, improper use or maintenance, or acts of Homeowner or any other person other than Beazer.

4.      In any claim arising under or related to the Additional Limited Warranty, the exclusive remedy for any warranty item properly reported prior to the expiration of the warranty period shall be the correction of such defect by repair or replacement as set forth in this Agreement and any warranty issued by Beazer in connection with the original construction of the Home.  No action taken to remedy a defect shall extend the warranty period beyond that set forth in the Beazer Homes Performance Quality Standards and any warranty issued by Beazer in connection with the original construction of the Home.  The repair of such defect shall constitute full and complete fulfillment and satisfaction of all liability and obligations.  Beazer shall in no event be liable for any injury or damage arising out of or resulting from any such defect, including but not limited to, any special, incidental, or consequential damages, whether based on contract, tort, or otherwise.  Homeowner hereby expressly disclaims and waives the right to recover any special, secondary, incidental or consequential damages, including any damages

6                    Initials: _____ / _____
                                                BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703501*

based on a claimed diminution in the value of the Home (even if Beazer has been advised of the possibility of such damages).

5.     By signing this Agreement, Homeowner acknowledges that he or she has received the Beazer Homes Performance Quality Standards.  Homeowner acknowledges that the construction standards contained in the Beazer Homes Performance Quality Standards are the standards with which Beazer shall comply in the Repair Work.  Any item relating to the Repair Work which is acceptable under the standards set forth in the Beazer Homes Performance Quality Standards shall be deemed acceptable for all purposes under this Agreement.

6.     Beazer will provide Homeowner with access to and will make available to Homeowner copies of all written warranties on consumer products that may be installed in the Home, as the term "consumer products" is defined in Title 15 U.S.C. Section 2301 and Part 702 of the Federal Trade Commission Rules and Regulations under the Magnuson Moss Warranty Act, when Homeowner moves back into the Home.  Beazer will pass along to Homeowner the written warranties provided by the manufacturers of "consumer products."  Beazer makes no warranties, including any warranties as to merchantability or fitness for a particular purpose, either express or implied, with respect to appliances or other consumer products either attached to or installed in the Home, and Beazer is not responsible for any promise or warranty made by the manufacturers of such products.

D.     LIMITED RELEASE

1.     Beazer agrees to perform the Repair Work, as described in the above "Scope of Work" section, at the Home and to provide the Additional Limited Warranty in exchange for full settlement of any and all claims, demands, losses, or damages for property damage resulting from and/or associated directly or indirectly with the Defective Chinese Drywall and Affected

7                    Initials: _GD_ / _KR_
                              BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
cb: 703502

Materials at the Home, including any claims related to the relocation of Homeowner during the Repair Work (the "Potential Claims").

2. In exchange for Beazer performing the Repair Work at the Home, the Additional Limited Warranty, and other good and valuable consideration, Homeowner releases and forever discharges Beazer of and from all debts, demands, actions, causes of action, suits, damages, losses, fees, sums of money, controversies, agreements, promises, implied or express warranties, claims, and all liabilities whatsoever, past, present or future, vested or contingent, both at law and in equity, whether direct or indirect, foreseen or unforeseen, known or unknown, which Homeowner had, now has, or in the future may have for property damage associated directly or indirectly in any manner whatsoever with the Potential Claims, excluding personal property damage that Beazer did not pay Homeowner for.

E. **ASSIGNMENT OF CLAIMS**

1. Beazer intends to seek recovery of the expense arising from, among other things, the Repair Work from the Responsible Parties. In order to facilitate such recovery, and in exchange for Beazer performing the Repair Work at the Home, the Additional Limited Warranty, and other good and valuable consideration, Homeowner hereby assigns to Beazer all of its debts, demands, actions, suits, sums of money, damages, liabilities, losses, causes of action or claims, whether legal, equitable or otherwise, against any individual or entity, including, but not limited to, the Responsible Parties, and rights to recovery, whether in equity, at law, or otherwise, direct or indirect, known or unknown, foreseen or unforeseen, existing or which may later accrue in Homeowner's favor, and arising out of or in any manner related directly or indirectly to the Potential Claims for property damage, excluding personal property damage that Beazer did not pay Homeowner for (the "Assigned Rights").

8                Initials: _GD_ /_____
                          BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703503*

2.      Accordingly, Beazer shall have the exclusive right to bring any action or claim in connection with any property damage related to the Defective Chinese Drywall and Affected Materials.  Homeowner shall cooperate and use Homeowner's best efforts to facilitate and assist Beazer in its recovery efforts, the reasonable costs of which shall be borne by Beazer.

3.      Homeowner warrants that: (a) Homeowner has not settled or compromised with, or released from liability any individual or entity, in whole or in part, with respect to any of the Potential Claims for property damage or the Assigned Rights, and further warrants that Homeowner has not and will not do anything to prejudice Beazer's rights as its subrogee and assignee will not do so in the future without the prior written consent of Beazer; (b) all documents, records, examinations, investigations, and information relating directly or indirectly to the Potential Claims will be furnished to Beazer promptly, and if discovered hereafter, will be furnished upon their discovery; and (c) everyone owning a fee simple interest in the Home and everyone with a Potential Claim has executed this Agreement.

4.      Homeowner shall have no right to share in any proceeds, associated costs or attorneys' fees recovered by Beazer in connection with the Potential Claims.

5.      This Agreement is in addition to, is intended to be supplementary to, and shall not be limited by the rights and remedies available to Beazer, including, but not limited to, equitable or legal subrogation and equitable assignment.

F.      ARBITRATION; WAIVER OF COURT AND JURY TRIAL; NOTICE PRIOR TO INSTITUTION OF LEGAL PROCEEDINGS

1.      This provision covers any and all claims or disputes between Homeowner and Beazer, or parties acting on Beazer's behalf, arising out of or relating, directly or indirectly, to this Agreement, the Repair Work, or the Additional Limited Warranty.  All such claims and disputes shall be resolved by binding arbitration held in the county where the Home is located,

9                    Initials: _____ GD / KR _____
                                    BEAZER / HOMEOWNER

pursuant to the procedures described in this Section. Binding arbitration shall be the sole remedy

for resolving any and all disputes between Homeowner and Beazer or Beazer's representatives.

2.　　Homeowner agrees that Homeowner may not initiate any arbitration or other

proceeding against Beazer for any claim whatsoever unless and until Homeowner has (i) given

Beazer specific written notice of each claim, which notice shall comply with the provisions of

Section G.1., below, directed to Beazer Homes, National Warranty Contact Center, 1621 W. Rio

Salado Parkway, Ste. 106, Tempe, AZ 85281, and (ii) given Beazer a reasonable opportunity

after such notice of claim to cure any default, including the repair of the Home in accordance

with the Additional Limited Warranty, if applicable.

3.　　In the event Homeowner desires to arbitrate any claim or dispute hereunder,

Homeowner shall provide notice of such intention to Beazer at Beazer Homes Corp., 1000

Abernathy Road, Suite 1200, Atlanta, Georgia 30328, Attention: Legal Department. Beazer

shall within a reasonable time after receipt of such notice advise Homeowner of the arbitration

service selected by Beazer to arbitrate such claim or dispute. In the event Beazer decides to

arbitrate any claims or dispute hereunder, Beazer shall provide notice of such intention to

Homeowner at the Home. As to any matter related to the Additional Limited Warranty or any

alleged construction defect, the arbitration shall be conducted by Construction Arbitration

Services, Inc., or such other reputable arbitration service as Beazer shall select, in its sole

discretion, at the time the request for arbitration is submitted. In all other matters, the arbitration

will be conducted by the American Arbitration Association ("AAA"), and the party initiating the

action will initiate the action by filing for arbitration with AAA pursuant to the rules and

procedures of AAA in effect at the time the arbitration is filed. In such non-warranty/non-

construction defect matters, Beazer reserves the right, in its sole discretion, to remove the

10　　　　　　*Initials:*　___GD___ / ___JR___
　　　　　　　　　　　　　　　　BEAZER / HOMEOWNER

arbitration to another arbitration service of its choice and pay any and all expenses incurred in such transfer. The rules and procedures of the designated arbitration organization that are in effect at the time the request for arbitration is submitted will be followed.

4.      This arbitration agreement shall be governed by the Federal Arbitration Act (9 U.S.C. §§1 *et seq*) to the exclusion of any inconsistent state law, regulation, or judicial decision. Any party to this Agreement may bring an action, including a summary or expedited proceeding, to compel arbitration of any controversy or claim to which this Agreement applies in any court having jurisdiction over such action. The award of the arbitrator shall be final and binding and may be entered as a judgment in any court of competent jurisdiction.

5.      Each party shall bear its own attorneys' fees and costs (including expert costs) for the arbitration. The arbitration filing fee and any other fees of the arbitration service, including but not limited to the arbitrators' fees, shall be divided and paid equally as between Homeowner and Beazer. This filing fee shall not exceed the amount charged by the arbitration service for each arbitration. A copy of the current fee schedule of the arbitration service will be delivered to Homeowner upon request. The arbitrator may, as part of any decision, award to the party prevailing at the arbitration any applicable filing fees or other arbitration fees paid by that party.

6.      To the extent not prohibited by law, no class action claims may be asserted or arbitrated in connection with this Agreement, the Repair Work, or the Additional Limited Warranty.

7.      It is the intent of this Agreement that all disputes between the parties arising out of this Agreement, the Repair Work, and the Additional Limited Warranty be resolved by the arbitration procedures described above. Notwithstanding the foregoing, any claim or dispute that arises out of, is described in or is within the scope of any written limited

11            Initials: _GN_ / _GR_
                                    BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
cb: 703506

warranty provided by or on behalf of Beazer in connection with the original construction of the Home shall be determined pursuant to the arbitration or other dispute resolution procedures set forth in the applicable warranty document.

WAIVER OF COURT AND JURY TRIAL.  NOTICE:  BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING THAT YOU HAVE READ AND UNDERSTAND THE FOREGOING BINDING ARBITRATION PROVISIONS AND THAT, EXCEPT WHERE PROHIBITED BY LAW, YOU AGREE TO HAVE ANY CLAIM OR DISPUTE DECIDED BY BINDING ARBITRATION AND THAT YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE CLAIM OR DISPUTE LITIGATED IN A COURT OR JURY TRIAL. THIS WAIVER INCLUDES WAIVER OF THE RIGHT, IF ANY, TO RECORD A NOTICE OF LIS PENDENS AGAINST THE HOME.

G.     NOTICE REGARDING DEFECTIVE CONSTRUCTION LAWSUITS;
       COMMUNICATION OF CONSTRUCTION DEFECTS

       1.     The following notice is provided pursuant to Chapter 558.005, Florida Statutes:

CHAPTER 558 NOTICE OF CLAIM:

CHAPTER 558, FLORIDA STATUTES, CONTAINS IMPORTANT REQUIREMENTS YOU MUST FOLLOW BEFORE YOU MAY BRING ANY LEGAL ACTION FOR AN ALLEGED CONSTRUCTION DEFECT. SIXTY DAYS BEFORE YOU BRING ANY LEGAL ACTION, YOU MUST DELIVER TO THE OTHER PARTY TO THIS CONTRACT A WRITTEN NOTICE, REFERRING TO CHAPTER 558, OF ANY CONSTRUCTION CONDITIONS YOU ALLEGE ARE DEFECTIVE AND PROVIDE SUCH PERSON THE OPPORTUNITY TO INSPECT THE ALLEGED CONSTRUCTION DEFECTS AND TO CONSIDER MAKING AN OFFER TO REPAIR OR PAY FOR THE ALLEGED CONSTRUCTION DEFECTS. YOU ARE NOT OBLIGATED TO ACCEPT ANY OFFER WHICH MAY BE MADE. THERE ARE STRICT DEADLINES AND PROCEDURES UNDER THIS FLORIDA LAW WHICH MUST BE MET AND FOLLOWED TO PROTECT YOUR INTERESTS.

       2.     Homeowner acknowledges that as a part of the Repair Work process, Beazer and Homeowner may communicate on numerous occasions concerning matters relating to the Home, including communications which occur after the Repair Work has been completed.  Homeowner agrees and acknowledges that no such communication, whether as a part of inspections, "repair or correction" items, warranty visits, customer surveys, or otherwise, shall be deemed notice of a construction defect under Florida Statutes or under Section F.2. of this Agreement.  Any such

                            12          Initials: _GN_ / _____
                                        BEAZER / HOMEOWNER

notice must be directed to Beazer and must clearly state that such notice is being provided as notice of a construction defect under applicable Florida Statutes.

**H.     NOTICE OF CONSUMER RIGHTS PURSUANT TO CHAPTER 489, FLORIDA STATUTES**

1.      Homeowner hereby acknowledges that Beazer hereby provides Homeowner with the following Notice of Consumer Rights Under the Construction Industries Recovery Fund, as required by Section 489.1425, Florida Statutes:

**FLORIDA HOMEOWNERS' CONSTRUCTION RECOVERY FUND**

PAYMENT MAY BE AVAILABLE FROM THE FLORIDA HOMEOWNERS' CONSTRUCTION RECOVERY FUND IF YOU LOSE MONEY ON A PROJECT PERFORMED UNDER CONTRACT, WHERE THE LOSS RESULTS FROM SPECIFIED VIOLATIONS OF FLORIDA LAW BY A LICENSED CONTRACTOR. FOR INFORMATION ABOUT THE RECOVERY FUND AND FILING A CLAIM, CONTACT THE FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD AT THE FOLLOWING TELEPHONE NUMBER AND ADDRESS:

Tel: (850) 487-1395; Address: 1940 North Monroe Street, Tallahassee, Florida 32399-1039.

**I.      ADDITIONAL PROVISIONS**

1.      Each party agrees that the facts on which this Agreement is based may hereafter prove to be different from the facts now known by it or believed by it to be true, and that facts not now known may be later discovered, and each party agrees that all of the terms of this Agreement shall be in all respects effective and that no mistake as to such facts (whether mutual or unilateral), and no later discovery of facts not now known, will justify rescission of this Agreement or the Releases provided for herein. Furthermore, this Agreement and all papers relating to it are not, and shall not be construed as, an admission by any of the parties as to the validity of the Potential Claims, nor an admission by any of the parties of any liability or wrongdoing by any of them.

2.      This Agreement does not merge, affect, or supplant any consistent terms,

13                    Initials: _____ / _____
                                BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703508*

conditions, rights, or obligations set forth in the original Purchase and Sale Agreement executed in connection with the sale of the Home.

3.     The parties agree that this Agreement contains the entire agreement between the parties hereto relating to the Defective Chinese Drywall, the Affected Materials, the Repair Work, the Additional Limited Warranty and the Potential Claims and may not be modified except in a writing signed by both parties. The parties agree they shall not be bound by any terms, conditions, statements, warranties, or representations, oral or written, not contained herein.

4.     Each party shall bear its own attorneys' fees and costs associated with this Agreement.

5.     The provisions of this Agreement are separable. In the event that any paragraph of this Agreement shall be ordered or decreed to be unenforceable, it is the intent of Homeowner and Beazer that the remaining paragraphs shall nevertheless be given full force and effect.

6.     Homeowner acknowledges that Homeowner has read and fully understands the provisions of this Agreement and has executed this Agreement freely and voluntarily and that Homeowner received or had the opportunity to receive legal advice regarding this Agreement and the effect it may have on Homeowner's legal rights. Therefore, the language of this Agreement shall not he construed presumptively against Homeowner or Beazer. In addition, some homeowners, homebuilders and Chinese drywall suppliers, distributors and manufacturers are named parties in various lawsuits regarding Chinese drywall. Many federal lawsuits regarding Chinese drywall have been consolidated into a multidistrict pretrial proceeding that is pending in the Eastern District of Louisiana (Court website: www.laed.uscourts.gov).

7.     This Agreement shall be binding upon and inure to the benefit of Homeowner and

14                 *Initials:* _____ / _____
                                        BEAZER / HOMEOWNER

Beazer and their respective predecessors, successors, assigns, subsidiary corporations, heirs, personal representatives, agents, or other representatives.

8.    This Agreement shall be governed and construed in accordance with the laws of the State of Florida, without regard to its conflict of laws principles. Nothing in this Agreement is intended or shall be construed to give any other persons or entities any right, remedy, or claim under or by reason of this Agreement. The "Effective Date" of this Agreement shall be the date of execution of this Agreement by Beazer.

9.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original document, and all of which taken together shall be a single instrument.

10.    Other homes in the community may be affected by Defective Chinese Drywall and, as such, Beazer reserves the right to commence the Repair Work outlined in this Agreement for Homeowner in the order in which Beazer receives fully executed and initialed Agreements or as otherwise determined by Beazer to be the most practicable and efficient method to proceed.

**J.    AUTHORIZATION AND ACCEPTANCE**

By signing below, Homeowner authorizes Beazer to perform the Repair Work described in the "Scope of Work" section above, accepts the benefits of the Additional Limited Warranty, and agrees to the terms of this Agreement.

**IN WITNESS WHEREOF,** we have set our hands and seals.

HOMEOWNER

By: _____

Print Name: Kimberly BRyal

Date: 4-29-2010

BEAZER HOMES CORP.

By: _____

Print Name: Glenn Davi

Title: Customer Care Project Mgr

Date: May 17, 2010

Initials: _____ / _____
BEAZER / HOMEOWNER

15

**ADDITIONAL HOMEOWNER**
(If Applicable)

By:        _____

Print Name: _____

Date:      _____

16        Initials: _____ / _____
          BEAZER / HOMEOWNER

*Beazer v Knauf Gips, et al.*
*cb: 703511*