UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
IN RE:  CHINESE-MANUFACTURED   *      09-MD-2047
        DRYWALL PRODUCTS       *
        LIABILITY LITIGATION   *      Section L
                               *
Relates to:  All Cases         *      January 30, 2019
                               *
* * * * * * * * * * * * * * * *
```

STATUS CONFERENCE BEFORE
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Appearances:

| | |
|---|---|
| For the Plaintiffs: | Levin Sedran & Berman<br>BY:  SANDRA L. DUGGAN, ESQ.<br>510 Walnut Street, Suite 500<br>Philadelphia, Pennsylvania 19106 |
| For the Knauf<br>Defendants: | Baker Donelson Bearman<br>  Berkowitz, PC<br>BY:  DANIEL J. DYSART, ESQ.<br>201 St. Charles Avenue, Suite 3600<br>New Orleans, Louisiana 70170 |
| For the Taishan, BNBM,<br>and CNBM Defendants: | Phelps Dunbar, LLP<br>BY:  HARRY ROSENBERG, ESQ.<br>365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, HB-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography using computer-aided transcription software.

## PROCEEDINGS

**(January 30, 2019)**

**THE COURT:** Be seated, please. Good morning, ladies and gentlemen.

Call the case, please.

**THE DEPUTY CLERK:** MDL 2047, *In re Chinese Manufactured Drywall Products Liability* Litigation.

**THE COURT:** Liaison counsel make their appearance for the record.

**MS. DUGGAN:** Good morning, Your Honor. Sandra Duggan for the plaintiffs.

**MR. ROSENBERG:** Good morning, Judge Fallon. Harry Rosenberg, liaison counsel for Taishan, BNBM, and CNBM, Your Honor.

**MR. DYSART:** Good morning, Judge Fallon. Danny Dysart on behalf of the Knauf defendants.

**THE COURT:** Fine. Before we begin, I know that Arnold Levin, who is one of the lead counsel, is not with us. I want to mention the fact that Arnold, as I understand it, was taking a deposition in Atlanta, had some problems, and needed some immediate medical attention. True to the way they are, he was assisted by Chrissie and Bernard. Chrissie brought him to the hospital and I understand Bernard, who is on the board of the hospital, called ahead and made some arrangements.

It's been my experience in these particular

```
09:02   1  cases that the way that the case proceeds and the way that it
        2  can be handled is really because in these cases it brings the
        3  best of the best of the bar to the Court.  They are fierce
        4  advocates for their clients and do a terrific job for their
        5  clients, but they are consummate professionals.  They are
        6  problem solvers.  Given a problem, they are the first to step
        7  forward and solve it.  I'm not surprised at the quality of
        8  Chrissie and Bernard.  They wouldn't be here if they weren't up
        9  to that speed.  Everybody appreciates it.
       10           Let's go forward.  Harry, are you going to lead
       11  us?  What do we need to do?
       12           **MR. ROSENBERG:**  Your Honor, I don't know if I can
       13  replace Russ Herman as the representative for the parties, but
       14  there is a relatively brief docket before the Court this
       15  morning.  There are no motions that I'm aware of.
       16           Is that right, Sandy?
       17           **THE COURT:**  Sandy, do you want to bring us up to
       18  speed as to what's happening in the states?  You'll recall that
       19  I sent back a number of cases to Florida and also to Virginia.
       20           **MS. DUGGAN:**  Your Honor remanded 1,732 *Amorin* cases
       21  to Florida.  Judge Cooke, in November of last year, entered an
       22  order adopting Your Honor's findings as to the remediation
       23  damages formula, as to the defaults, as to liability, as to all
       24  of Your Honor's rulings.
       25           She entered a trial plan order, and by that
```

09:04

order 20 priority plaintiffs were selected by the plaintiffs. We've been engaged in factual discovery. All of the plaintiffs' depositions have been taken, other fact witnesses have been taken, discovery has been exchanged, and fact discovery in Florida changed on January 14 of this year. Currently the parties are engaged in expert discovery with respect to those priority plaintiffs. That is on a priority plaintiff track. Those cases are scheduled to go to trial in Florida in July of this year.

On a parallel track in Florida are the remediation damages. Judge Cooke has appointed a special master, Tiffani Lee, in the Southern District of Florida, and the parties are proceeding with regard to verifications of square footage, of ownership, and product ID.

We have engaged in limited product ID discovery. The parties agreed to take the deposition of a 30(b)(6) witness, Che Gang, for Taishan. That took place in Atlanta last week on January 22 and 23.

All of the various product ID categories are in play in Florida except for two, Dun -- D-U-N -- brand and Crescent City. Those two products are not identified in any homes in Florida, but they are identified in homes in other jurisdictions, including Louisiana. So in order to not have to bring the witness back to this country for another deposition, the parties agreed to cover those product ID brands at the

09:05

deposition so that the transcript can be used in other jurisdictions.

The special master in Florida is scheduled to give a full report on the quantum of remediation damages for 1,700 plaintiffs at the end of May of this year.

In Virginia, 175 plaintiffs' cases were remanded to the Eastern District of Virginia before Judge Davis.  The parties had a hearing before Judge Davis in December, and we are currently briefing the issue of how to resolve those cases.  The plaintiffs filed their brief, submitted a plan of resolution, and also addressed issues that Judge Davis requested: whether or not Your Honor's ruling should be adopted by Judge Davis as to liability, as to remediation damages, etc.  The defendants are scheduled to file their responsive brief on all of those issues on February 8, and the plaintiffs will file a reply brief on February 19.  After that we will await a ruling from the Court as to whether the judge wants oral argument or just to enter an order.

**THE COURT:**  How about the cases here?

**MS. DUGGAN:**  Now, there are approximately 732 *Amorin* cases in Louisiana.  Your Honor entered a trial plan order that provided for the identification of 20 plaintiff-select cases and 20 defendant-select cases.  Discovery in those cases, we exchanged documents earlier, and depositions began on January 17 of this year.  They are proceeding three or four per

09:07  1  week.
2           The depositions of these 40 plaintiffs are
3  scheduled to go through April.  April 12 will be the end of
4  fact discovery in Louisiana.  There's a two-month period
5  provided in Your Honor's order that covers expert discovery,
6  but then that's where the order stops as far as dates are
7  concerned.
8           The parties are in discussions as to what to do
9  going forward; in other words, how are we going to resolve
10 those cases as well as the other cases that are not the select
11 cases.  We've met and conferred, and our goal is to try to
12 present some kind of joint proposal to the Court.  I don't
13 think we will agree on all of the issues, but as many as we can
14 agree on, we would like to have that jointly stipulated to and
15 then maybe ask for some kind of briefing on the issues that we
16 don't agree to and get a ruling from Your Honor on those.
17           **THE COURT:**  Okay.
18           **MR. ROSENBERG:**  That's correct, Judge.  In fact, we
19 had our meet-and-confer with the PSC as recently as yesterday.
20           **THE COURT:**  How about the other issue, Harry, with
21 regard to the parties, the things that you-all agreed to?
22           **MR. ROSENBERG:**  I'm sorry, Your Honor, the --
23           **MS. DUGGAN:**  Are you referring to confidentiality,
24 Your Honor?
25           **THE COURT:**  Yes.

09:08

1           **MR. ROSENBERG:**  The third party confidentiality.
2  Your Honor, I'm sorry.  I wanted to make sure I understood the
3  question.
4           **THE COURT:**  Yes.
5           **MR. ROSENBERG:**  I believe the PSC and the defendants
6  all have amicably resolved those differences.  There are third
7  parties that are still extant that have not responded yet.  We
8  have asked the Court just to make sure that we confirm that
9  they have received the notice regarding confidentiality and
10 allow us to report to the Court by the next status conference
11 on February 21.
12          **THE COURT:**  We will pass that issue, then, until
13 February 21.
14          **MR. ROSENBERG:**  That's correct, Your Honor.  That was
15 our request in chambers, and we renew that request this
16 morning.
17          **THE COURT:**  That's fine.
18          **MS. DUGGAN:**  There's only one other item, Your Honor,
19 that I wanted to mention.  In Florida, the parties negotiated a
20 stipulation with regard to the plaintiffs' records,
21 out-of-pocket expenses, etc.  The idea of that stipulation was
22 to eliminate any hearsay objections and problems with
23 authenticity and to save the parties time in having to bring in
24 records custodians.  We have proposed to the defendants in
25 Louisiana the exact same stipulation.  They are reviewing it

```
09:09   1   now.  If they agree to it, we will also file that before
        2   Your Honor.
        3           THE COURT:  Let's keep an ear to the ground on how
        4   that works.  You will see some areas that you like and that
        5   work well.  Make me aware of them so that we can adopt those
        6   practices so that we don't have to reinvent the wheel over and
        7   over again.
        8           MR. ROSENBERG:  That's our goal, Your Honor.
        9           MS. DUGGAN:  Thank you.
       10           MR. ROSENBERG:  Thank you, Judge Fallon.
       11           THE COURT:  Thank you.  Anything else that we need to
       12   cover today?
       13           MR. ROSENBERG:  Not that we are aware of, Your Honor.
       14   You did set the next status conference in March.
       15           THE COURT:  The next one is February 21 and the
       16   following one is March 26, 2019.  Both are at 9:00.
       17                Anything else from anyone?
       18           MR. ROSENBERG:  Not from us, Your Honor.  Thank you.
       19           THE COURT:  All right, folks.  Thank you very much.
       20           MR. ROSENBERG:  Thank you, Judge Fallon.
       21           THE COURT:  Court will stand in recess.
       22           THE DEPUTY CLERK:  All rise.
       23           (Proceedings adjourned.)
       24                            * * *
       25
```

**CERTIFICATE**

I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.

            /s/ Toni Doyle Tusa
            Toni Doyle Tusa, CCR, FCRR
            Official Court Reporter