# EXHIBIT G

**AGREEMENT REGARDING PRE-TRIAL ORDER NO. 32 AND RELATED ISSUES**

The following Agreement is entered on this 25th day of June, 2019, by Class Counsel,[1] on behalf of Common Benefit Attorneys who have submitted time and/or expenses in MDL 2047 pursuant to Pre-Trial Order No. 9, on the one hand, and Settling Attorneys,[2] on the other:

**WHEREAS,** on or about March 4, 2019, the Settling Attorneys entered into a settlement agreement with Taishan and related entities that provides 498 plaintiffs with claims arising out of defective drywall manufactured in China ("the *Chinese Drywall* Litigation") the opportunity to settle their individual claims ("**Florida Individual Settlement**");[3]

**WHEREAS,** on or about May 23, 2019, Class Counsel entered into a proposed class settlement on behalf of all other plaintiffs in the *Chinese Drywall* Litigation ("the **Global Class Settlement**");

**WHEREAS** Pre-Trial Order No. 32 issued by Judge Fallon in the *Chinese Drywall* Multi-District Litigation, MDL No. 2047 prohibits the immediate distribution of funds from the Florida Individual Settlement;

**WHEREAS** the Settling Attorneys dispute the jurisdiction of the Court with regard to Pre-Trial Order No. 32;

**WHEREAS** Class Counsel and Settling Attorneys dispute the amount of Common Benefit Costs and/or Fees (if any)[4] that should be awarded to Class Counsel and/or other Common Benefit Attorneys out of the Florida Individual Settlement funds;

---

[1] "**Class Counsel**" shall be defined, for the purposes of this Agreement, as **(i)** Levin Sedran & Berman, **(ii)** Herman Herman & Katz, LLC **(iii)** Colson Hicks Eidson, **(iv)** Law Offices of Richard J. Serpe, PC, **(v)** Gainsburgh Benjamin David Meunier & Washauer, LLC, and **(vi)** Barrios Kingsdorf & Casteix LLP.

[2] "**Settling Attorneys**" shall be defined, for the purposes of this Agreement, to include: **(i)** Faircloth Melton Sobel & Bash, LLC, **(ii)** Parker Waichman PR LLC, **(iii)** Milstein Jackson Fairchild & Wade LLC, **(iv)** Whitfield Bryson & Mason LLP, **(v)** Mrachek Fitzgerald Rose Konopka Thomas & Weiss, PA, **(vi)** Roberts & Durkee, PA, and **(vii)** Levin Papantonio Thomas Mitchell Rafferty Proctor PA.

[3] The Florida Individual Settlement does not, standing alone, settle or resolve any of the 498 eligible claims. Rather, it provides each eligible claimant the right to accept or reject certain terms for settlement of their claim.

[4] Settling Attorneys specifically contend that Common Benefit Costs and/or Fees should not be awarded from the Florida Individual Settlement. Class Counsel disagree.

**WHEREAS** Class Counsel and Settling Attorneys dispute the amount of Common Benefit Costs and/or Fees (if any)[5] that should be awarded to one or more of the Settling Attorneys out of either the Florida Individual Settlement funds and/or the Global Class Settlement funds; and

**WHEREAS** Class Counsel and Settling Attorneys enter this Agreement to facilitate resolution of their differences in a manner that will advance an expedient, orderly and equitable resolution of all related proceedings;

**NOW, THEREFORE,** the parties stipulate and agree as follows:

1. Settling Attorneys and Taishan will file a Motion to Lift Pre-Trial Order No. 32 ("Motion to Lift") with respect to the 498 eligible plaintiffs identified in the Florida Individual Settlement.

2. Class Counsel will not oppose the Motion to Lift.

3. The Motion to Lift will request an order recognizing that Judge Cooke has jurisdiction over a request by Class Counsel for an award of Common Benefit Costs and/or Fees out of the Florida Individual Settlement funds,[6] but that Judge Fallon retains jurisdiction to allocate any such award between and among the individual Common Benefit Attorneys who have submitted time and/or expenses in accordance with Pre-Trial Order No. 9 in MDL No. 2047.[7]

4. Settling Attorneys agree to forever waive, discharge, release and forego any and all objections to Class Counsel's petition and/or request for Common Benefit Costs and/or Fees out of the Global Class Settlement funds, as well as any and all right to and/or claim for any Common Benefit Costs and/or Fees out of the Global Class Settlement funds.

5. Settling Attorneys acknowledge that Class Counsel may assert a claim for Common Benefit Cost and/or Fees resulting from the Florida Individual Settlement in an amount up to twenty percent (20%) of the gross claimant recovery.[8]

---

[5] Class Counsel specifically contend that Settling Attorneys are not entitled to any Common Benefit Costs and/or Fees from either the Florida Individual Settlement funds or the Global Class Settlement funds. Settling Attorneys disagree.

[6] Class Counsel will not oppose the lifting of PTO No. 32 with respect to the 498 eligible plaintiffs identified in the Florida Individual Settlement, nor to the jurisdiction of Judge Cooke. Class Counsel, however, and for the avoidance of any doubt, will not join in any suggestion by Settling Attorneys that the MDL Transferee Court lacks jurisdiction in any regard.

[7] Taishan will take no position regarding the issues relating to Common Benefit Costs and Fees.

[8] Settling Attorneys reserve the right to contest such claim, and this Agreement should not be construed as any type of "admission" or concession by the Settling Attorneys in this regard.

Page | 2

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:                                          SETTLING ATTORNEYS:

_____                         _____
For LEVIN SEDRAN BERMAN                                 For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____                         _____
For HERMAN HERMAN & KATZ LLC                            For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____                         _____
For COLSON HICKS EIDSON                                 For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*                          & WADE LLC

---

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

Page | 3

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:            SETTLING ATTORNEYS:

_____      _____
For LEVIN SEDRAN BERMAN          For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____      _____
For HERMAN HERMAN & KATZ LLC      For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____      _____
For COLSON HICKS EIDSON           For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*         & WADE LLC

---

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:                                    SETTLING ATTORNEYS:

_____                   _____
For LEVIN SEDRAN BERMAN                           For FAIRCLOTH MELTON SOBEL & BASH, LLC
*Lead Counsel and Settlement Class Counsel*

_____                   _____
For HERMAN HERMAN & KATZ LLC                      For PARKER WAICHMAN PR LLC
*Liaison Counsel and Settlement Class Counsel*

_____                   _____
For COLSON HICKS EIDSON                           For MILSTEIN JACKSON FAIRCHILD
*PSC and Settlement Class Counsel*                           & WADE LLC

---

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

_[signature]_

For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

For WHITFIELD BRYSON & MASON LLP

For GAINSBURGH BENJAMIN DAVID MEUNIER & WASHAUER, LLC
*Plaintiff Steering Committee*

For MRACHEK FITZGERALD ROSE KONOPKA THOMAS & WEISS, PA

For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

For ROBERTS & DURKEE, PA

For LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY PROCTOR PA

| | |
|---|---|
| For LAW OFFICES OF RICHARD J SERPE, PC<br>*PSC and Settlement Class Counsel* | For WHITFIELD BRYSON & MASON LLP |
| *[signature: Meunier]*<br>For GAINSBURGH BENJAMIN DAVID MEUNIER<br>& WASHAUER, LLC<br>*Plaintiff Steering Committee* | For MRACHEK FITZGERALD ROSE KONOPKA<br>THOMAS & WEISS, PA |
| For BARRIOS KINGSDORF & CASTEIX LLP<br>*Plaintiff Steering Committee* | For ROBERTS & DURKEE, PA |
| | For LEVIN PAPANTONIO THOMAS MITCHELL<br>RAFFERTY PROCTOR PA |

_____  _____
For LAW OFFICES OF RICHARD J SERPE, PC       For WHITFIELD BRYSON & MASON LLP
*PSC and Settlement Class Counsel*


_____  _____
For GAINSBURGH BENJAMIN DAVID MEUNIER       For MRACHEK FITZGERALD ROSE KONOPKA
& WASHAUER, LLC                              THOMAS & WEISS, PA
*Plaintiff Steering Committee*


*Dawn Barrios / EKS*
_____  _____
For BARRIOS KINGSDORF & CASTEIX LLP          For ROBERTS & DURKEE, PA
*Plaintiff Steering Committee*


_____
For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

Page | 4

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:

_____
For LEVIN SEDRAN BERMAN
*Lead Counsel and Settlement Class Counsel*

_____
For HERMAN HERMAN & KATZ LLC
*Liaison Counsel and Settlement Class Counsel*

_____
For COLSON HICKS EIDSON
*PSC and Settlement Class Counsel*

SETTLING ATTORNEYS:

_____
For FAIRCLOTH MELTON SOBEL & BASH, LLC

_____
For PARKER WAICHMAN PR LLC

_____
For MILSTEIN JACKSON FAIRCHILD
 & WADE LLC

_____

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

Page | 3

6. Class Counsel and the Settling Attorneys will make a good faith effort to amicably resolve the common benefit claim of Class Counsel arising from the Florida Individual Settlement. If the matter cannot be amicably resolved, Class Counsel will file a formal claim for determination by Judge Cooke. In response, Settling Attorneys shall have the right to oppose Class Counsel's claim and to argue that one or more of the Settling Attorneys contributed to the common benefit of plaintiffs participating in the Florida Individual Settlement and/or members of the Global Settlement Class as a factor for Judge Cooke to weigh in making such determination.[9]

7. If proceeds from the Florida Individual Settlement are distributed to Settling Attorneys prior to amicable resolution of this dispute, Settling Attorneys will voluntarily escrow sixteen percent (16%) of the gross claimant recovery for each individual settlement funded under the Florida Individual Settlement in a firm trust account for a period of forty-five (45) days to allow Class Counsel to seek relief from Judge Cooke, which Settling Attorneys may oppose.[10]

This 25th day of June, 2019.

CLASS COUNSEL:

_____
For LEVIN SEDRAN BERMAN
*Lead Counsel and Settlement Class Counsel*

_____
For HERMAN HERMAN & KATZ LLC
*Liaison Counsel and Settlement Class Counsel*

_____
For COLSON HICKS EIDSON
*PSC and Settlement Class Counsel*

SETTLING ATTORNEYS:

_____
For FAIRCLOTH MELTON SOBEL & BASH, LLC

_____
For PARKER WAICHMAN PR LLC

_____
For MILSTEIN JACKSON FAIRCHILD
& WADE LLC

---

[9] Class Counsel reserve the right to contest such argument, and this Agreement should not be construed as any type of "admission" or concession by Class Counsel in this regard.

[10] Settling Attorneys will not oppose expedited consideration while the voluntary escrow is in place.

Page | 3

_____     _____
FOR LAW OFFICES OF RICHARD J SERPE, PC     FOR WHITFIELD BRYSON & MASON LLP
*PSC and Settlement Class Counsel*

_____     _____
FOR GAINSBURGH BENJAMIN DAVID MEUNIER     FOR MRACHEK FITZGERALD ROSE KONOPKA
& WASHAUER, LLC     THOMAS & WEISS, PA
*Plaintiff Steering Committee*

_____     _____
FOR BARRIOS KINGSDORF & CASTEIX LLP     FOR ROBERTS & DURKEE, PA
*Plaintiff Steering Committee*

    _____
    FOR LEVIN PAPANTONIO THOMAS MITCHELL
    RAFFERTY PROCTOR PA

_____
For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

_____
For WHITFIELD BRYSON & MASON LLP

_____
For GAINSBURGH BENJAMIN DAVID MEUNIER
& WASHAUER, LLC
*Plaintiff Steering Committee*

_____
For MRACHEK FITZGERALD ROSE KONOPKA
THOMAS & WEISS, PA

_____
For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

_____
For ROBERTS & DURKEE, PA

_____
For LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY PROCTOR PA

---

For LAW OFFICES OF RICHARD J SERPE, PC
*PSC and Settlement Class Counsel*

---

For WHITFIELD BRYSON & MASON LLP

---

For GAINSBURGH BENJAMIN DAVID MEUNIER & WASHAUER, LLC
*Plaintiff Steering Committee*

---

For MRACHEK FITZGERALD ROSE KONOPKA THOMAS & WEISS, PA

--- *FOR*

For ROBERTS & DURKEE, PA

---

For BARRIOS KINGSDORF & CASTEIX LLP
*Plaintiff Steering Committee*

---

For LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY PROCTOR PA

Page | 4

_____  
For LAW OFFICES OF RICHARD J SERPE, PC  
*PSC and Settlement Class Counsel*

_____  
For WHITFIELD BRYSON & MASON LLP

_____  
For GAINSBURGH BENJAMIN DAVID MEUNIER & WASHAUER, LLC  
*Plaintiff Steering Committee*

_____  
For MRACHEK FITZGERALD ROSE KONOPKA THOMAS & WEISS, PA

_____  
For BARRIOS KINGSDORF & CASTEIX LLP  
*Plaintiff Steering Committee*

_____  
For ROBERTS & DURKEE, PA

_____  
For LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY PROCTOR PA