美国地区法院

路易斯安那东区联邦地方法院

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| 关于：中国制造石膏板产品责任诉讼<br><br>**IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | 多区诉讼：2047 号<br><br>部：L<br><br>法伦法官<br><br>威尔金斯大法官<br><br>**MDL NO. 2047**<br><br>**SECTION: L**<br><br>**JUDGE FALLON**<br><br>**MAG. JUDGE WILKINSON** |
| 本文件是关于以下案件的诉讼：<br>**THIS DOCUMENT RELATES TO:**<br><br><br>除 *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.) 外的所有诉讼<br>**ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.))** | |

和泰山石膏有限公司(曾用名为山东泰和东新股份有限公司)及泰安市泰山纸面石膏板有限公司的集体和解协议

**CLASS SETTLEMENT AGREEMENT WITH TAISHAN GYPSUM COMPANY LTD., F/K/A SHANDONG TAIHE DONGXIN CO. LTD. AND TAIAN TAISHAN PLASTERBOARD CO. LTD.**

本和解协议（"协议"）由泰山石膏有限公司（曾用名为山东泰和东新股份有限公司）和泰安市泰山纸面石膏板有限公司（合称为"泰山"）作为一方与代表和解集体的和解集体律师（定义见下文）作为另一方订立和签署。

This Settlement Agreement ("Agreement") is entered into by and among Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan"), on the one hand, and proposed Settlement Class Counsel on behalf of the Class, as defined below, on the other hand.

鉴于，泰山与相关实体在上述诉讼及其它联邦、州法院诉讼（包括已提交至法院的 Omnibus 诉讼）中作为被告，被诉应当对与安装在原告物业中的中国石膏板相关的损害和/损伤承担责任；

**WHEREAS**, Taishan and related entities were named as Defendants in the above-captioned lawsuits and in various other federal and state courts in the United States, including Omnibus Complaints filed in the Court, and are alleged to be liable for the damages and/or injuries related to Chinese Drywall that was installed in the Plaintiffs' properties;

鉴于，法院对针对泰山的某些但非所有诉讼作出了缺席判决；

**WHEREAS**, default judgments were entered against Taishan in some but not all of these lawsuits;

鉴于，2014 年 9 月 26 日法院对 *Amorin* 案（见 *In re Chinese-Manufactured Prod. Liab. Litig., 2014 WL 4809520 (E.D. La. Sept. 26, 2014)*）的原告集体进行了认证；

**WHEREAS**, on September 26, 2014, the Court certified the *Amorin* Class, *see In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014);

鉴于，*Amorin* 集体以外的其他原告提起了更多诉讼，见 *e.g., Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al*., Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al*., Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al*., Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506)；

**WHEREAS,** additional Complaints were filed by Plaintiffs who were not members of the *Amorin* Class, *see, e.g., Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al*., Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al*., Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned*

*Assets Supervision and Administration Commission of the State Council, et al*., Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506);

鉴于，*Brooke* 案没有做出缺席判决，没有提交应诉答辩，也没有进行对原告集体的认证；

**WHEREAS,** with respect to the *Brooke* Actions, there have been no defaults entered, there have not been any responsive pleadings filed, and a class has not been certified;

鉴于，2018 年 6 月 6 日佛罗里达 *Amorin* 案（*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D. La.)）被发回佛罗里达南区联邦地方法院重审，2018 年 10 月 10 日弗吉尼亚 *Amorin* 案（*Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D. La.)）被发回弗吉尼亚东区联邦地方法院诺福克分院重审；

**WHEREAS,** the Florida *Amorin* Action, *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1672 (E.D. La.), was remanded to the Southern District of Florida on June 6, 2018, and the Virginia *Amorin* Action, *Amorin, et al. v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd., et al.*, Civ. Action No. 11-1673 (E.D. La.), was remanded to the Eastern District of Virginia – Norfolk Division on October 10, 2018;

鉴于，2019 年 3 月 29 日佛罗里达 *Brooke* 案被发回佛罗里达南区联邦地方法院、弗吉尼亚 *Brooke* 案被发回弗吉尼亚东区联邦地方法院重审；

**WHEREAS,** the Florida *Brooke* Action was remanded to the Southern District of Florida and the Virginia *Brooke* Action was remanded to the Eastern District of Virginia on March 29, 2019;

鉴于，和解集体的律师已要求泰山对集体成员所有针对泰山及其他被豁免方的中国石膏板索赔进行和解；

**WHEREAS**, Settlement Class Counsel has made a demand on Taishan to settle all Chinese Drywall claims of Class Members against Taishan and the Additional Released Parties;

鉴于，泰山已否认其对原告声称的归因于泰山销售的此类中国石膏板的相关损害承担责任；以及

**WHEREAS**, Taishan has denied responsibility for Plaintiffs' alleged damages attributed to Taishan's alleged sale of such Chinese Drywall; and

鉴于，各方希望在不牺牲任何一方法理立场、主张和/或抗辩正确性的前提下，避免持续诉讼所需的精力、开销及风险；

**WHEREAS**, without conceding the correctness of any other Party's legal position, claims and/or defenses, the Parties wish to avoid the effort, expense and risk of continued litigation;

**因此**，基于本协议项下的相互承诺并希望受到法律约束，各方达成如下协议：

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and intending to be legally bound, the Parties agree as follows:

1. <u>定义</u>
   <u>**Definitions**</u>

   1.1. **各方。** "各方"指集体和泰山：

   **Parties.** "Parties" shall mean the Class and Taishan:

   1.1.1. **集体。** "集体"，也称作"和解集体"，或"集体成员"，包括：（1）*Amorin* 案在 MDL No. 2047 in *In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014)中认证的所有集体成员（"*Amorin* 案原告"）；（2）*Brooke* 案所有诉讼中具名原告（"*Brooke* 案原告"）[1]；以及（3）所有其他宣称使用了泰山及其他被豁免方的中国石膏板的业主（"缺席集体成员"）。*Amorin* 案原告与 *Brooke* 案原告合称"已知集体成员"。

   **Class.** "Class," also referred to as "Settlement Class," or "Class Members," shall include: (1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[2] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("absent Class Members"). *Amorin*

---

[1] 正在进行中的 Brooke 案诉讼有：*Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "known Class Members."

不在集体范围内的有：（1）**附件 1** 所列原告（附件 1 包含 498 位已与泰山另有和解协议的原告）；（2）The Mitchell Co., Inc. 案（*The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)）中的具名原告和推定集体成员；和（3）针对泰山和/或其他被豁免方提起过诉讼，但因未填写补充原告问卷表被驳回起诉或自愿撤诉的原告。

EXCLUDED from the Class are: (1) Plaintiffs listed on **Exhibit 1** (Exhibit 1 includes 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.); and (3) Plaintiffs who asserted Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

1.1.2.  **泰山。**"泰山"指泰山石膏有限公司（前身为山东泰和东新股份有限公司和泰山石膏股份有限公司）和泰安市泰山纸面石膏板有限公司，以及它们各自的过去、当前和未来的高管人员、董事、董事会成员、监事、监事会、成员、代理人、律师、顾问、索赔管理人、经理、雇员、合伙人、母公司、兄弟公司、子公司、关联实体、分支机构、继承人、联营方、持股人、股东、零售商、经销商、保险公司、再保险人，以及该等主体的所有前身、承继者、受让人、遗赠人、法定代表，任何其他利益方，以及所有通过其行动，根据其指示行动以及与其一致行动的所有人，包括可能声称与其承担共同连带责任的人。

**Taishan.** "Taishan" shall mean Taishan Gypsum Company Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd. and Taishan Gypsum Co., Ltd., and Taian Taishan Plasterboard Co., Ltd., and their respective past, present, and future officers, directors, board members, supervisors, board of supervisors, members, agents, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, affiliates/related entities, divisions, heirs, associates, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders, as well as all other persons acting by, through, under or in concert with them, including those who are, may be, or are alleged to be jointly or jointly and severally liable with them, or any of them.

**其他被豁免方。"其他被豁免方"**指北新集团建材股份有限公司（下称"北新建材股份"）、北新建材集团有限公司（下称"北新建材集团"）、中国建材股份有限公司（下称"中国建材股份"）、中国建材集团有限公司（下称"中国建材集团"）和国务院国有资产监督管理委员会（下称"国资委"），以及它们各自的过去、当前和未来的高管人员、董事、董事会成员、监事、监事会、成员、代理人、员工、前员工、律师、顾问、索赔管理人、经理、雇员、合伙人、母公司、兄弟公司、子公司、关联实体、分支机构、继承人、联营方、持股人、股东、零售商、经销商、保险公司、再保险人，以及该等主体的所有前身、承继者、受让人、遗赠人、法定代表，以及任何其他利益方，以及通过其行动，根据其指示行动以及与其一致行动的所有人，包括可能声称与其承担共同连带责任的人。

**Additional Released Parties.  "Additional Released Parties"** shall mean Beijing New Building Materials Public Limited Company ("BNBM PLC"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); China National Building Materials Co., Ltd. ("CNBM"); China National Building Materials Group Corporation ("CNBM Group"), and the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC") and their respective past, present, and future officers, directors, board members, supervisors, board of supervisors, members, agents, employees, former employees, attorneys, consultants, claim administrators, managers, employees, partners, parent corporations, sister corporations, subsidiaries, related or affiliated entities, affiliates, divisions, heirs, associates, stockholders, shareholders, retail dealers, distributors, insurers, reinsurers, and all of their predecessors, successors, assigns, legatees, legal representatives, and any other stakeholders, as well as all other persons acting by, through, under or in concert with them, including those who are, may be, or are alleged to be jointly or jointly and severally liable with them, or any of them.

1.2.  **受影响物业。**"受影响物业"指所有含有或曾经含有如本协议所定义中国石膏板的房地产或不动产。

**Affected Property.**  "Affected Property" shall mean any real or immovable property that contains or previously contained Covered Chinese Drywall, as defined herein.

1.3.  **分配金额。**"分配金额"指将第 12 条所述分配方案应用于主数据表格中所记录的和/或提供给索赔管理人的标的受影响物业的客观分配标准相关证明后，一位或多位适格集体成员在可分配的和解金中应获的数额。

**Allocation Amount.** "Allocation Amount" shall mean the allocable share of the Settlement Funds to which one or more Eligible Class Member(s) is entitled based on the application of the Allocation Model to the proofs of Objective Allocation Criteria for a subject Affected Property as set forth in the Master Spreadsheet and/or provided to the Claims Administrator pursuant to Section 12.

1.4. **分配方案。** "分配方案"指和解金在受影响物业和适格集体成员间的分配方法。该方法由中立分配人设计并经由法院核准。

**Allocation Model.** "Allocation Model" shall mean the model for allocation of Settlement Funds among Affected Properties and Eligible Class Members, which is developed by the Allocation Neutral and approved by the Court.

1.5. **中立分配人。** "中立分配人"指各方共同选择并经法院批准的 Cal Mayo, Esquire；他将设计和解金在适格集体成员间的分配方案，并确定适格集体成员分配的金额。

**Allocation Neutral.** "Allocation Neutral" shall mean Cal Mayo, Esquire, who is selected by the Parties, subject to approval by the Court, to develop the Allocation Model for the allocation and distribution of Settlement Funds among Eligible Class Members and to determine the allocation of payments to Eligible Class Members.

1.6. **中国石膏板相关诉讼。** "中国石膏板相关诉讼"指州法院和联邦法院中任何以及所有针对泰山及其他被豁免方的与集体成员拥有的任何受影响物业中中国石膏板相关的诉讼。

**CDW-Related Actions.** "CDW-Related Actions" shall mean any and all state and federal court claims against Taishan or any of the Additional Released Parties arising out of or relating to Chinese Drywall in connection with any Affected Property owned by Class Members.

1.7. **索赔。** "索赔"指任意集体成员任何和所有（a）由案涉中国石膏板、本次诉讼或中国石膏板相关诉讼引起的，或以任何形式与其相关的索赔；和/或（b）与（a）中所述相关的任何和所有损失、损害和/或伤害，包括但不限于：集体成员或由任何集体成员或通过任何集体成员提出已有的、可能有的、可能曾有的索赔，无论是否已知、是否提交、是否主张、是否现存，无论用何种方式提起（申诉、起诉、交叉诉讼、第三方诉讼、第四方诉讼、仲裁请求、书面请求或其他，包括对此类索赔作出的任何命令或判决），无论基于或宣称基于任何个人或实体（包括泰山和/或任何其他被豁免方）的任何行为、状态、义务或任何责任来源，无论涉及哪种法学理论和损害理论。"索赔"包括但不限于以下内容：

**Claims.** "Claims" shall mean: any and all claims of any kind and nature whatsoever of a Class Member (a) arising out of, or in any manner related to, Covered Chinese Drywall, the Litigation, or CDW-Related Actions, and/or (b) for any and all losses, damages and/or injuries arising from, or in any manner related to, all and/or any of

the claims described in (a) above, including but not limited to, any and all claims that a Class Member or anyone claiming by or through any Class Member has, may have, or may have had, regardless of whether such claim is known or unknown, filed or unfiled, asserted or as yet unasserted, or existing or contingent, whether asserted by petition, complaint, cross-claim, third party complaint, fourth-party complaint, arbitral demand, written demand, or otherwise (or any judgment or order entered on such claims), based upon or alleging any act, conduct, status or obligation of any person or entity (including Taishan and/or any Additional Released Party) and/or any source of liability whatsoever, and regardless of the legal theory or theories of damages involved.  The term "Claim" includes, but is not limited to, the following:

1.7.1.  对不动产、动产造成的损害、物业的修复和清理、财产的减值、声誉损失、污染、替代生活成本、使用权和享受的丧失、经济损失、人身伤害（包括死亡）、恐惧、对疾病的恐惧、对患病的恐惧、惊惧、精神或情绪伤害、疼痛折磨、丧失收入、收入能力受损、失去配偶的爱，丧失支持，丧失亲密关系、财产受到监视、医疗监督、旁观者责任、不当致死、遗存诉讼、违约、法定索赔、处罚或惩戒性赔偿、律师费、律师开销、搬家开销、新增租赁及按揭费用；

For damage to real or immovable property and/or personal or movable property, remediation and/or clean-up of property, diminution of property value, stigma, contamination, alternative living expenses, loss of use, loss of enjoyment, economic loss, personal injury, bodily injury (including death), fear, fear of illness or disease, fear of developing illness or disease, fright, mental or emotional distress, pain and suffering, loss of earnings, impairment of earning capacity, loss of consortium, loss of support, loss of love and affection, equity and medical monitoring, bystander liability, wrongful death, survival actions, breach of contract, all statutory claims, punitive or exemplary damages, attorneys' fees, attorneys' costs or expenses, moving expenses, or additional rental or mortgage payments;

1.7.2.  妨害、非法入侵、不便、使用权和享受的丧失、过失、法律上的当然过失、侵权、公私妨害、对包含弊端或缺陷物品的监管、严格责任、对极端危险活动或行为的责任、绝对责任、肆意行为、恶意行为、不当行为、附属或邻里义务、滥用权利、任何联邦、州、本地法律法规下的责任、退还、对任何州或联邦房屋保修法、产品责任法、不公平交易实践或消费者保护法的违反、排放污染性或腐蚀性物质的过失行为、不当得利、违反明确或隐含保证、违反隐含适用性、适销性、适居性保证、过失虚假陈述、建筑规范违规；

For nuisance, trespass, inconvenience, loss of use or enjoyment, negligence, negligence per se, tort, public or private nuisance, custody of a thing

containing a vice or defect, strict liability, liability for ultrahazardous activities or conduct, absolute liability, wanton and reckless misconduct, malicious misconduct, servitude or obligation of vicinage, abuse of right, or any other liability legally asserted or assertable under any federal, state, or local statute, directive or regulation, redhibition, violation of any state or federal home warranty act, products liability act, unfair trade practices or consumer protection law, negligent discharge of a pollutant or corrosive substance, unjust enrichment, breach of express or implied warranty, breach of implied warranty of fitness and merchantability, breach of implied warranty of habitability, negligent misrepresentation, building code violations;

1.7.3. 惩罚性损害赔偿，无论是法定还是普通法；

For punitive damages, whether statutory or common law;

1.7.4. 由他人行为或过失引发的泰山和/或任何其他被豁免方可能需承担的派生责任或连带责任；

For derivative or vicarious liability arising out of the conduct or fault of others for which Taishan and/or any Additional Released Party may be responsible;

1.7.5. 现在或将来集体或集体成员的任何合法主张的权利，无论该主张来自集体成员本人、派生自现在或将来的某项主张，或是由集体成员的受让人、继承人、遗存人、受益人、代位人、代表人提出；

For any right legally assertable by the Class or any Class Member now or in the future, whether the claim is personal to each individual, is derivative of a claim now or in the future, or as assignee, successor, survivor, beneficiary, subrogee, or representative of a Class Member;

1.7.6. 任何过去、现在、未来、已知、未知、可预见、不可预见、可能、新生、成熟的索赔，或任何法律上可引发的索赔，包括但不限于遗存索赔和不当致死索赔；

For a past, present, future, known, unknown, foreseen, unforeseen, contingent, nascent, mature claim or a claim arising at law, in equity or otherwise, including but not limited to, claims for survival and wrongful death;

1.7.7. 由案涉中国石膏板引发或可归咎于案涉中国石膏板的所有类型和性质的伤害和损害。

For all injuries or damages of any type, nature, or character arising from, attributable to, or in any way resulting from Covered Chinese Drywall.

1.8.   **索赔管理人。**"索赔管理人"指 Brown Greer，须经法院批准。
**Claims Administrator.** "Claims Administrator" shall mean BrownGreer, subject to Court approval.

1.9.   **集体代表。**"集体代表"指 Michelle Germano, Judd Mendelson, Debra Williams, Lillian Eyrich, David Griffin 以及 Virginia Tiernan。
**Class Representatives.** "Class Representatives" shall mean: Michelle Germano; Judd Mendelson; Debra Williams; Lillian Eyrich; David Griffin; and Virginia Tiernan.

1.10.  **律师。**"律师"指：
**Counsel.** "Counsel" shall mean:

1.10.1.  "和解集体律师"指：Arnold Levin（Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106），Stephen J. Herman（Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113），Richard J. Serpe（the Law Offices of Richard J. Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510），Patrick S. Montoya（Colson Hicks Eidson, 255 Alhambra Circle, Coral Gables, FL 33134）以及 Sandra L. Duggan（Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106）。

"Settlement Class Counsel" shall mean: Arnold Levin of Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106; Stephen J. Herman of Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113; Richard J. Serpe of the Law Offices of Richard J. Serpe, P.C., 580 East Main St., Suite 310, Norfolk, VA 23510; Patrick S. Montoya of Colson Hicks Eidson, 255 Alhambra Circle, Coral Gables, FL 33134; and Sandra L. Duggan of Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106.

1.10.2.  "泰山律师"指地址位于 1201 West Peachtree Street, Atlanta, GA 30309 的奥斯顿律师事务所。

"Taishan's Counsel" shall mean Alston & Bird, LLP, 1201 West Peachtree Street, Atlanta, GA 30309.

1.10.3.  "其他被豁免方律师"指位于 405 Howard Street, San Francisco, CA 94105 and 51 West 52nd Street, New York, NY 11570 的奥睿律师事务所。

"Counsel for the Additional Released Parties" shall mean Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105 and 51 West 52nd Street, New York, NY 11570.

1.11. **法院。**"法院"指路易斯安那东区联邦地方法院主审中国制造石膏板产品责任诉讼（Chinese-Manufactured Drywall Products Liability Litigation，MDL No. 2047）一案的法伦法官或他的继任者。

**Court.** "Court" shall mean the Honorable Eldon E. Fallon, or his successor, who presides over *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, in the Eastern District of Louisiana.

1.12. **案涉中国石膏板。**"案涉中国石膏板"指所有声称属于泰山和/或其他被豁免方的石膏板产品，包含但不限于那些在泰山产品目录（见 MDL Rec. Doc.22152-3 and S.D. Fla. ECF No. 155-2）里指出的产品及**附件 2** 所列的产品，：（A）北新建材及龙牌；（B）C&K；（C）中国制造 #2（紫色印章);（D）新月城石膏板；（E）盾；（F）IMT Gypsum；（G）ProWall；（H）泰安泰山及泰和封边胶；（I）中国制造符合或超过 – MADE IN CHINA MEET[S] OR EXCEED[S]；（J）各类石膏板尺寸，包括 4feet[x/*]12feet[x/*]1/2inch；（K）Venture Supply；和（L）白色封边胶，无标记或除字母数字外无标记的板。案涉中国石膏板排除以下石膏板产品：Knauf, Knauf Tianjin, KPT, Bedrock, ProRoc, Panel Rey, IMG, USG, Shamrock Gold, Lafarge, Georgia Pacific, National Gypsum 及任何在中华人民共和国以外制造的石膏板。

**Covered Chinese Drywall.** "Covered Chinese Drywall" shall mean all drywall products alleged to be attributable to Taishan and/or the Additional Released Parties, including, but not limited to those products identified in the Taishan Product ID Catalog (*See* MDL Rec. Doc. 22152-3 and S.D. Fla. ECF No. 155-2) and as set forth in **Exhibit 2**: (A) BNBM and Dragon Brand; (B) C&K; (C) Chinese Manufacturer #2 (purple stamp); (D) Crescent City Gypsum; (E) DUN; (F) IMT Gypsum; (G) ProWall; (H) TAIAN TAISHAN and Taihe edge tape; (I) MADE IN CHINA MEET[S] OR EXCEED[S]; (J) various Drywall dimensions, including 4feet[x/*]12feet[x/*]1/2inch; (K) Venture Supply; and (L) White Edge Tape, boards with no markings or boards with no markings other than numbers or letters. Covered Chinese Drywall excludes the following drywall products: Knauf, Knauf Tianjin, KPT, Bedrock, ProRoc, Panel Rey, IMG, USG, Shamrock Gold, Lafarge, Georgia Pacific, National Gypsum, and any drywall manufactured outside of the People's Republic of China.

1.13. **适格集体成员。**"适格集体成员"指索赔管理人认为在分配方案所述条件下有资格获得一份金额大于零的分配金额的集体成员。集体成员必须提供**附件 2** 所列案涉中国石膏板存在于标的受影响物业内的充分证明，才有可能被认定为适格。

**Eligible Class Members.** "Eligible Class Members" shall mean Class Members who are determined by the Claims Administrator to be eligible for an Allocation Amount of more than zero under the Allocation Model. In order to be considered

eligible for an Allocation Amount, Class Members must provide sufficient indicia of Covered Chinese Drywall in the subject Affected Property, as set forth in **Exhibit 2**.

1.14. **签署日。**"签署日"指各方之中最后签署本协议的一方的签署日期，如其下方签名栏所示。

**Execution Date.** "Execution Date" shall mean the latest date on which any of the Parties signs this Agreement, as shown by their signature blocks below.

1.15. **公平听证会。**"公平听证会"指本和解第 11 条所述的于法院进行的听证会。

**Fairness Hearing.** "Fairness Hearing" shall mean the hearing before the Court described in Section 11 of this Settlement.

1.16. **最终核准。**"最终核准"指本和解第 1.21 条定义的诉讼法院所发布的命令和判决。

**Final Approval.** "Final Approval" shall mean entry of the Order and Judgment, as defined in Section 1.21 of the Settlement.

1.17. **佛罗里达法院。**"佛罗里达法院"指佛罗里达南区联邦地方法院主审 *Amorin* 案（*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, 1:11-CV-22408-MGC）的库克法官和主审 *Brooke* 案（*Brooke, et al., v. The State-Owned Assets Supervision and Administration Commission of The State Council, et al.*, Civil Action No., 1:15-CV-24348-KMW）的威廉姆斯法官。

**Florida Courts.** "Florida Courts" shall mean the Honorable Marcia G. Cooke who presides over *Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, 1:11-CV-22408-MGC, and the Honorable Kathleen M. Williams who presides over *Brooke, et al., v. The State-Owned Assets Supervision and Administration Commission of The State Council, et al.*, Civil Action No., 1:15-CV-24348-KMW, in the Southern District of Florida.

1.18. **诉讼。**"诉讼"指中国石膏板相关诉讼中的所有正式程序，包括但不限于所有的 Omnibus 集体诉讼行动诉求（下称"Omni 集赔"）和所有在法院提交、合并或被发回的其他诉求。

**Litigation.** "Litigation" shall mean all formal proceedings in CDW-Related Actions, including but not limited to all Class Action Omnibus Complaints ("Omni Complaints") and all other complaints filed in, consolidated with, or remanded from the Court.

1.19. ***Mitchell* 原告。**"*Mitchell* 原告"应指 *Mitchell* 案（The Mitchell Co., Inc. v. Knauf Gips KG, et al., Civil Action No. 09-4115 (E.D. La.)）中的具名原告和推定的集体成员，由商业建筑商组成。为免疑义，*Mitchell* 原告并非集体成员。

***Mitchell* Plaintiffs.** "*Mitchell* Plaintiffs" shall mean the named Plaintiff and

putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.), which consist of commercial builders.  For the avoidance of any doubt, *Mitchell* Plaintiffs are not Class Members.

1.20.   **客观分配标准。**"客观分配标准"指由中立分配人所设计、经法院批准的分配方案中如何为符合和解条件的集体成员分配和解金的客观标准。客观分配标准应包括但不限于：(i) 受影响物业的通风面积，(ii) 产品标识，(iii) 受影响物业的所有权状态，(iv) 受影响物业的修复状态，(v) 抵销，(vi) 集体成员损害赔偿权利的转让，(vii) 集体成员是 *Amorin* 案原告，*Brooke* 案原告，或是缺席集体成员。中立分配人可在分配方案的基础上新增客观分配标准，并交由法院核准。

**Objective Allocation Criteria.**  "Objective Allocation Criteria" shall mean the objective criteria that form the basis for the allocation of Settlement Funds among Eligible Class Members pursuant to the Allocation Model developed by the Allocation Neutral, subject to Court approval. The Objective Allocation Criteria shall include, but not be limited to: (i) Under Air Square Footage of the subject Affected Property (ii) Product Identification, (iii) Affected Property Ownership Status, (iv) Affected Property Remediation Status, (v) Set-Offs, (vi) Assignments of Class Members' rights to pursue Claims, and (vii) whether the claimant is an *Amorin* Plaintiff or a *Brooke* Plaintiff, or an absent Class Member.  The Allocation Neutral may add additional Objective Allocation Criteria to the Allocation Model that will be submitted for Court Approval.

1.21.   **命令和判决。**"命令和判决"指法院于公平听证会之后作出的最终命令和判决：

**Order and Judgment.**  The "Order and Judgment" shall mean the final order and judgment entered by the Court following the Fairness Hearing, that:

1.21.1.   认定和解是公正、合理和充分的；认定和解是真实善意作出的且不存在串通；认定和解代表了协商一致的结果；根据联邦民事诉讼规则 P.23(a)和(b)认证和解集体；并根据联邦民事诉讼规则 P.23(e)批准和解；

Finds that the Settlement is fair, reasonable, and adequate; finds that the Settlement was entered into in good faith and without collusion; finds the Settlement represents a negotiated agreement; certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b); and approves the Settlement pursuant to Fed. R. Civ. P. 23(e);

1.21.2.   签发第 11 条和第 13 条明确的命令；以及

Issues the Orders identified in Sections 11 and 13; and

1.21.3.   认定根据联邦民事诉讼规则 P. 54(b)，没有正当原因对被豁免的索赔权延迟的作出最终判决。

Finds that pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the Released Claims.

1.22.   **其他损失。** "其他损失"指原告声称因案涉中国石膏板所遭受的损失，例如替代生活成本、使用权损失、资产损失、减值、破产损失、法院拍卖损失、低价出售损失、声誉损失、律师费、处罚损失、身体伤害及其他第 1.7.1 条中所含损失类型，对不动产造成的损害、物业的修复和/或清理成本除外。

**Other Losses.** "Other Losses" shall mean claims for alternative living expenses, loss of use and enjoyment, lost equity, diminution of value, damages for bankruptcies, foreclosures and/or short sales, stigma damages, attorneys' fees, punitive damages, bodily injury, and/or any other type of damage identified in Section 1.7.1 alleged to be caused by Covered Chinese Drywall, except for damage to real or immovable property, remediation, and/or clean-up of property.

1.23.   **所有权状态。** "所有权状态"指截止 2019 年 5 月 23 日，集体成员是否拥有标的受影响物业的合法所有权。本条款并非限制集体范围，而是定义所有权状态的适用日期。该日期可能与向集体成员分配金额的计算相关。

**Ownership Status.** "Ownership Status" shall mean whether the Class Member owned the subject Affected Property as of May 23, 2019. This provision is not intended to limit the scope of the Class; rather, it defines the date applicable for ownership status, which may be relevant in calculating the Allocation Amount as to Class Members.

1.24.   **诉讼律师。** "诉讼律师"指和解集体律师、共同利益律师及所有集体成员的自雇律师。

**Petitioning Attorneys.** "Petitioning Attorneys" shall mean Settlement Class Counsel, common benefit attorneys, and privately retained attorneys for all Class Members.

1.25.   **初步批准命令。** "初步批准命令"指法院初步批准和解的命令。

**Preliminary Approval Order.** "Preliminary Approval Order" shall mean an order of the Court preliminarily approving the Settlement.

1.26.   **产品标识。** "产品标识"指标的受影响物业中存在案涉中国石膏板的证明（定义见第 1.12 条）。

**Product Identification.** "Product Identification" shall mean the proof of Covered Chinese Drywall in the subject Affected Property, as defined in Section 1.12.

1.27.   **豁免的索赔权。** "豁免的索赔权"将在第 5.1 条中定义，并将包括第 5.2 条和第 5.3 条中所述的所有豁免。

**Released Claim; Released Claims**.  "Released Claim" or "Released Claims" shall be as defined in Section 5.1, and shall include all releases described in Sections 5.2 to 5.3.

1.28.  **修复状态。** "修复状态"指截止 2019 年 5 月 23 日，受影响物业是否有任何程度的案涉中国石膏板相关修复；若受影响物业已在 2019 年 5 月 23 日前出售，则指集体成员出售或转让日期，该物业是否有任何程度的案涉中国石膏板相关修复。

**Remediation Status.**  "Remediation Status" shall mean whether the Affected Property was remediated of Chinese Drywall to any extent as of May 23, 2019, or, if sold prior to May 23, 2019, the date of the Class Member's sale or transfer of the Affected Property.

1.29.  **抵销。** "抵销"指集体成员此前因案涉中国石膏板相关索赔获得的款项。

**Set-Offs.**  "Set-Offs" shall mean prior payments received by Class Members in connection with Chinese Drywall.

1.30.  **和解；协议。** "和解"或"协议"指本协议。

**Settlement; Agreement**.  "Settlement" or "Agreement" shall mean this Agreement.

1.31.  **和解一方；和解各方。** "和解各方"指所有集体成员和泰山。"和解一方"指和解各方中的任何一方。

**Settling Party; Settling Parties**.  "Settling Parties" shall mean all Class Members and Taishan.  "Settling Party" shall mean any one of the Settling Parties.

1.32.  **通风面积。** "通风面积"指受影响物业中因物业供暖和空气系统而得以通风的房屋面积；此面积不包括非通风系统组成部分的车库、阁楼或地下室。

**Under Air Square Footage.**  "Under Air Square Footage" shall mean the area within the Affected Property that receives ventilation from the property's heating and air systems, not including garages, attics, or basements that are not part of this ventilation system.

1.33.  **弗吉尼亚法院。** "弗吉尼亚法院"指弗吉尼亚东区联邦地方法院主审 *Amorin* 案（*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, 2:11-CV-377-MSD-RJK）的戴维斯法官和主审 *Brooke* 案（*Brooke, et al., v. The State-Owned Assets Supervision and Administration Commission of The State Council, et al.*, 2:15-cv-00506-RBS-RJK）的史密斯法官。

**Virginia Courts.**  "Virginia Courts" shall mean the Honorable Mark S. Davis who presides over *Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, 2:11-CV-377-MSD-RJK, and the Honorable Rebecca B. Smith who presides over *Brooke, et al.*,

15

*v. The State-Owned Assets Supervision and Administration Commission of The State Council, et al.*, 2:15-cv-00506-RBS-RJK, in the Eastern District of Virginia.

**2.** <u>生效日</u>
<u>**Effective Date**</u>

2.1. 本和解的"生效日"应为和解最终达成之日，而不考虑签署日或初步批准命令签发之日。"最终达成"是指以下两项中后发生的时间：
The "Effective Date" of this Settlement shall be the date when the Settlement is Final irrespective of the Execution Date or the date of the Preliminary Approval Order. "Final" means the later of:

2.1.1. 命令和判决的上诉期届满且未提出上诉之次日；或
The date after the time to appeal the Order and Judgment has expired with no appeal having been taken; or

2.1.2. 如就命令和判决提起了上诉，则为命令和判决被维持，或任何以及所有上诉或提请重新辩论或再审议的要求被驳回或否决，且判决无需再经过任何上诉审查之次日。
If an appeal is sought from the Order and Judgment, the day after the Order and Judgment is either affirmed, or any and all appeals, or motions for reargument or reconsideration are dismissed or denied, and the judgment is no longer subject to further appellate review.

2.2. 就批准向诉讼律师支付费用和成本的任何命令提起的上诉不应影响和解的最终结果。
An appeal from any order approving the payment of fees and costs to be paid to Petitioning Attorneys shall not affect the finality of the Settlement.

**3.** <u>**集体成员对所有针对泰山及其他被豁免方的索赔达成和解**</u>
<u>**Settlement of All Claims of Class Members Against Taishan and the Additional Released Parties**</u>

3.1. 双方同意对任何集体成员针对泰山及其他被豁免方的所有已主张的、本可以主张的及可以主张的索赔达成和解。本和解将最终和解并解决集体成员在本次诉讼和中国石膏板相关诉讼中针对泰山及其他被豁免方的索赔。
The Parties agree to settle and resolve all Claims against Taishan and the Additional Released Parties that were asserted, could have been asserted, or could be asserted by any of the Class Members. This Settlement will settle and resolve with finality Class Members' Claims against Taishan and the Additional Released Parties in the Litigation and the CDW-Related Actions.

16

4.    <u>泰山付款</u>
      **<u>Payments by Taishan</u>**

4.1.    **和解数额。**作为所有针对泰山及其他被豁免方的索赔的和解及责任豁免的
        对价，泰山将会支付 248,000,000.00 美元（"和解金"或"和解数额"）。和解
        数额应在第 4.1.6 条所述前提下，按照如下方式支付：

        **Settlement Amount.**  In consideration of the settlement and release of all Claims
        against Taishan and the Additional Released Parties, Taishan will pay Two
        Hundred and Forty-Eight Million Dollars ($248,000,000.00) (the "Settlement
        Funds" or "Settlement Amount").  Payment of the Settlement Amount shall be
        made as follows, subject to Section 4.1.6:

4.1.1.    在初步批准命令生效三十（30）天内，泰山应向法院登记处存
          入两千四百八十万（24,800,000.00）美元（"首笔付款"）。经法
          院批准，首笔付款的一部分可以用于支付向 *Amorin* 案原告及
          *Brooke* 案原告邮寄集体诉讼通知的费用，以及雇佣中立分配人、
          索赔管理人的合理行政开销。

          No later than thirty (30) days after entry of the Preliminary Approval
          Order, Taishan shall deposit into the Court Registry an initial payment
          of $24,800,000.00 ("Initial Payment"). Subject to Court approval, a
          portion of the Initial Payment may be used to pay the costs of mailing
          individual Class Notice to the *Amorin* Plaintiffs and *Brooke* Plaintiffs,
          and other reasonable administrative expenses that may be incurred in
          conjunction with the retention and/or services of the Allocation Neutral
          and the Claims Administrator.

4.1.2.    在初步批准命令生效一百二十（120）天内，泰山应向法院登
          记处存入 74,400,000.00 美元（"第二笔付款"）。

          No later than one hundred and twenty (120) days after entry of the
          Preliminary Approval Order, Taishan shall deposit into the Court
          Registry a second payment of $74,400,000.00 ("Second Payment").

4.1.3.    在最终核准生效六十（60）天内，泰山应向法院登记处存入
          148,800,000.00 美元（"最后一笔付款"）。

          No later than sixty (60) days after Final Approval, Taishan shall deposit
          into the Court Registry a final payment of $148,800,000.00 ("Final
          Payment").

4.1.4.    **附件 3** 提供了向法院登记处汇入首笔付款、第二笔付款、最后
          一笔付款及部分付款的汇款指令。

          Instructions for wiring the Initial Payment, Second Payment, and Final

Payment, or any portions of those payments, into the Court Registry are provided in **Exhibit 3**.

4.1.5.　　　　为促进和解金的支付，和解集体律师应向泰山提供如**附件 4** 所示形式的应付款发票。该发票应包括**附件 3** 中的向法院登记处付款的汇款指令。和解金将会按照本协议第 12 条进行分配。

To facilitate payment of the Settlement Amount, Settlement Class Counsel will provide Taishan with an invoice or invoices in the form set forth in **Exhibit 4** for amounts due and owing.  The invoice(s) will include the wiring instructions provided in **Exhibit 3** for payments into the Court Registry.  The Settlement Funds will be distributed in accordance with Section 12 of this Agreement.

4.1.6.　　　　由于一次性从中华人民共和国境内（"中国"）转移出大额款项可能存在潜在困难，泰山可能需要以小额分期付款的方式向美国支付首笔付款、第二笔付款和最后一笔付款。泰山可在首笔付款后、最后一笔付款前的任意时间支付小额和解金额。

Due to the potential challenges associated with transferring large sums of funds out of The People's Republic of China ("PRC") in a single transaction, it may be necessary for Taishan to pay the Initial Payment, Second Payment and Final Payment in smaller increments in the United States.  Taishan may make additional incremental payments towards the Settlement Amount at any time after the Initial Payment and before the Final Payment.

4.1.7.　　　　无论如何，泰山应在和解最终核准后的六十（60）天内支付全部和解金额。

In any event, all payments comprising the full Settlement Amount must be made no later than sixty (60) days after Final Approval of the Settlement.

4.1.8.　　　　若（a）本和解未获得最终核准,或（b）泰山根据第 9.3.2 条或第 14.3 条行使权利，或（c）本和解未依据第 2.1 条成为最终达成，则泰山所支付的除去向 *Amorin* 案原告及 *Brooke* 案原告邮寄集体诉讼通知的费用以及雇佣中立分配人、索赔管理人的合理行政开销外的所有款项均应退还泰山。此等情况下，各方应共同向法院提交一份大致符合**附件 5** 的拟议命令，且和解集体律师不会依据本条动议、请求或以其他方式要求法院阻止或延迟将款项返还泰山。

In the event (a) the Settlement does not receive Final Approval, or (b) Taishan exercises its rights pursuant to Sections 9.3.2 or 14.3, or (c) the Settlement does not become Final pursuant to Section 2.1, all payments

made by Taishan towards the Settlement Amount, including accrued interest, minus the costs of mailing individual Class Notice to the *Amorin* Plaintiffs and *Brooke* Plaintiffs, and other reasonable administrative expenses incurred in conjunction with the retention and/or services of the Allocation Neutral and the Claims Administrator, shall be returned to Taishan. In such event, the Parties shall jointly submit to the Court a proposed order substantially conforming to **Exhibit 5**, and Settlement Class Counsel will not move, petition, or otherwise request that the Court prevent or delay the return of payments to Taishan pursuant to this Section.

4.1.9.   集体的所有律师费应根据第 16 条从和解数额中支付。泰山将不支付任何额外的集体的律师费。All attorneys' fees for the Class shall be paid from the Settlement Amount pursuant to Section 16.  Taishan will not make any additional payments for attorneys' fees for the Class.

## 5.   <u>豁免</u>

<u>Releases</u>

5.1.   **豁免的索赔权**应指集体成员针对泰山及其他被豁免方的任何以及所有有关案涉中国石膏板的相关索赔（包括其它损失）。
**"Released Claim"** or **"Released Claims"** shall mean any and all Claims, including Other Losses, of a Class Member against Taishan or the Additional Released Parties pertaining to Chinese Drywall.

5.2.   **集体豁免**
**Class Release**

5.2.1.   自本和解生效日起，每一方集体成员（已知或未知）和通过或代表集体成员提出索赔的任何人和实体，在此充分地、最终地和永远地免除、放弃、豁免、弃权、停止、抛弃、舍弃、取消、免除责任和永远免除任何和所有针对泰山及其他被豁免方的被豁免的索赔权并且承诺不再对任何和所有针对泰山及其他被豁免方的被豁免的索赔权提起诉讼。就任何和所有的豁免的索赔权，和解各方明确放弃任何美国州和领土内的任何法律、普通法原则，类似或等同于加利福尼亚民法典第 1542 章（规定"一般性的豁免不适用于债权人或豁免方在执行豁免时不知道或者怀疑对其有利，但是如果其知道，则会实质性影响其和债务人或被豁免方之间的和解的索赔"）所授予的任何和所有权利和利益。
As of the Effective Date of the Settlement, each Class Member (known and unknown), and any person or entity claiming by, through, and/or on

behalf of a Class Member, hereby fully, finally, and forever releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits and forever discharges and covenants not to sue with respect to any and all Released Claims, against Taishan or the Additional Released Parties.  With respect to any and all Released Claims, each Class Member expressly waives any and all rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar or equivalent to Cal. Civ. Code § 1542 (providing, "[a] general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.").

5.2.2.　　　自本和解生效日起，所有集体成员和通过或代表集体成员提出索赔的任何人将永远被禁止和禁令不得向泰山及其他被豁免方提出任何以及所有被豁免的索赔。

As of the Effective Date of the Settlement, all Class Members, and anyone claiming by, through and/or on behalf of any of them, will be forever barred and enjoined from asserting against Taishan or the Additional Released Parties any and all Released Claims.

## 5.3.　泰山豁免
**Taishan Release**

5.3.1.　　　自本和解生效日起，泰山在此充分地、最终地且永远地免除、放弃、豁免、弃权、停止、抛弃、舍弃、取消、免除责任和永远免除针对所有集体成员的任何和所有被豁免的索赔权。

As of the Effective Date of the Settlement, Taishan hereby fully, finally and forever releases, remises, waives, surrenders, foregoes, gives up, abandons, cancels, acquits, and forever discharges and covenants not to sue with respect to any and all Released Claims against all Class Members.

## 6.　和解金的分配
**Allocation of Settlement Funds**

6.1.　中立分配人应根据客观分配标准对适格集体成员的和解金的分配和分发制定分配方案。分配方案须符合协议的条款，获得法院同意并经法院确认中立分配人适当地履行了其被赋予的职能。

The Allocation Neutral shall develop an Allocation Model for the allocation and distribution of the Settlement Funds among Eligible Class Members based on Objective Allocation Criteria, subject to the terms of this Agreement, and approval

of the Court, and the Court's determination that the Allocation Neutral appropriately performed his assigned function.

6.2.    每项受影响物业上只存在一笔分配金额。分配金额用于为所有物业和修复损害和其他损失提供赔偿。视情况而定,一笔分配金额可能需要在对同一项受影响物业提出相关索赔的适格集体成员间进行分配。索赔管理人有权自行决定在适格集体成员间如何分配分配金额,除非分配方案提出了适用于此等情况下的分配金额的具体分配方式。

There will be only one Allocation Amount per Affected Property. The Allocation Amount is intended to provide compensation for all property and remediation damages as well as Other Losses. Depending on the circumstances, an Allocation Amount may need to be divided among Eligible Class Members asserting Claims with respect to the same Affected Property. The Claims Administrator shall have sole discretion to determine the division of an Allocation Amount among Eligible Class Members, unless the Allocation Model directs a specific division and distribution of the Allocation Amount applicable to the circumstances.

6.3.    对人身伤害或身体伤害索赔的集体成员,不予支付和解金。

There will be no payments of Settlement Funds to Class Members for Claims for personal injury or bodily injury.

6.4.    中立分配人应有能力与和解集体律师、泰山律师和/或法院沟通,单方面或以其他方式获取信息,以实现其被赋予的职能。

The Allocation Neutral shall have the ability to communicate, *ex parte* or otherwise, with and obtain information from Settlement Class Counsel and Counsel for Taishan and/or the Court in furtherance of his assigned function.

6.5.    中立分配人应在可行的情况下尽快将分配方案提交至法院备审案件目录,且无论如何须在和解集体律师根据第 7.2 条提起初步批准命令的动议之前提交。在集体通知/选择退出期间,分配方案应可供和解集体成员审查。

The Allocation Neutral shall file on the Court docket the Allocation Model as soon as practicable, and in any event, before Settlement Class Counsel files the motion for Preliminary Approval Order pursuant to Section 7.2.  The Allocation Model shall be available for review by Settlement Class Members during the Class Notice / Opt-Out period.

6.6.    法院对分配方案的审查,决定和批准是终局的且对各方和集体具有约束力。各方对分配方案的批准无权向任何其他法院,包括美国第五巡回上诉法院提起上诉,该等上诉权已为各和解集体成员明知且主动地放弃。

The review, determination and approval of the Allocation Model by the Court shall be final and binding on the Parties and the Class. There shall be no right of appeal of the approval of the Allocation Model to any other court, including the U.S. Court

of Appeals for the Fifth Circuit, such right of appeal having been knowingly and intentionally waived by each Settlement Class Member.

**7.** **根据联邦民事诉讼规则 23（e）和相关动议初步批准和解**
**Preliminary Approval of Settlement Pursuant to Federal Rule of Civil Procedure 23(e) and Related Motions**

7.1. 本和解须经过法院的批准。
This Settlement shall be subject to approval of the Court.

7.2. 自本和解签署日起十（10）日内，和解集体律师应请求法院下达命令（"初步批准命令"）：
Within ten (10) days of the Execution Date of this Settlement, Settlement Class Counsel will move the Court for an order (the "Preliminary Approval Order")

7.2.1. 初步认证和解集体；
Preliminarily certifying the Settlement Class;

7.2.2. 初步批准和解；及
Preliminarily approving the Settlement; and

7.2.2.1. 确定和解公平、合理和充分适当，因此具备向集体发送和解通知的条件；
Determining that the settlement appears fair, reasonable, and adequate and thus sufficient to promulgate notice of settlement to the Class;

7.2.2.2. 命令表示通知将根据第 8 条作出；
Ordering that notice will be provided pursuant to Section 8;

7.2.2.3. 给予集体成员第 9 条约定的被排除于和解之外的选择权; 及
Giving Class members an option to be excluded from the settlement, as set forth in Section 9; and

7.2.2.4. 继续暂停集体成员于本诉讼和中国石膏板相关诉讼中所有关于泰山及其他被豁免方的索赔权。
Continuing the Stay of all Claims of Class Members in the Litigation and CDW-Related Actions as to Taishan and the Additional Released Parties.

7.3.　法院应举行对初步批准命令的动议的听证会，听证会召开日期由法院决定。
The Court shall hold a hearing on the motion for Preliminary Approval Order on a date determined by the Court.

7.4.　如果法院不签发初步批准命令，则泰山有权利退出该和解。
Taishan shall have the right to withdraw from the Settlement if the Court does not issue the Preliminary Approval Order.

**8.　向集体成员发送通知**
**Notice to Class Members**

8.1.　**要求的通知种类**
**Type of Notice Required**

8.1.1.　集体通知期间应从初步批准命令一经出具即起算。
The Class Notice Period shall commence upon the entry of the Preliminary Approval Order.

8.1.2.　在初步批准命令初步批准和解后十（10）日内，和解集体律师应通过以下方式发送集体和解通知（"通知"）：
Within ten (10) days after entry of the Preliminary Approval Order preliminarily approving the Settlement, Settlement Class Counsel will disseminate Class Settlement Notice ("Notice") by:

8.1.2.1.　以一级信件，邮资预付的方式，向所有已知的集体成员和其所登记的律师（如有）的最新地址发送；
First-class mail, postage prepaid, to the last known address of all known Class Members and their counsel of record, if any;

8.1.2.2.　发送通知的副本，并要求将该通知张贴在存在未决的中国石膏板相关诉讼的所有法庭，包括法院，佛罗里达法院，弗吉尼亚法院和所有其他**附件6**中列明的法院；
Providing a copy of the Notice and requesting that it be posted at each courthouse in which the CDW-Related Actions are pending, including the Court, the Florida Courts, the Virginia Courts, and all other Courts listed on **Exhibit 6**;

8.1.2.3.　发送通知的副本，并要求将该通知发布在多区诉讼法院的中国石膏板网站上以及佛罗里达法院和弗吉尼亚法院的网站上；
Providing a copy of the Notice and requesting that it be

posted on the MDL Court's Chinese Drywall website as well as the websites for the Florida Courts and Virginia Courts;

8.1.2.4.　发送通知的副本，并要求将该通知张贴在法院命令或各方要求的其他公共场所；

Providing a copy of the Notice and requesting that it be posted at such other public places as may be ordered by the Court or by request of the Parties;

8.1.2.5.　在印刷品和网络/移动广告中发布通知。作为各方集体和解的一部分，各方将雇佣 Kinsella Media 公司策划及执行一项媒体通知计划（Media Notice Program）。该计划包括在下列报纸和杂志中发布通知：People, Florida Weekly, Louisiana Life, News Press, Gainesville Sun, Florida Times Union, Miami Herald, Orlando Sentinel, Panama City News, Tallahassee Democrat, Tampa Bay Times, Palm Beach Post, Baton Rouge Advocate, Daily Advertiser, American Press, Monroe News Star, New Orleans Advocate, Shreveport Times, Nuevo Ecos, El Mexicano, El Clarin, El Sentinel, Centro Tampa, El Semanario。Kinsella Media 公司选中以上刊物是因为它们在 *Amorin* 及 *Brooke* 案原告中占比至少 2%的六个州内拥有广泛的读者和发行量。诉讼通知将根据每家刊物的具体三十（30）日的时间安排进行每两周、每周或每日的发布。发布诉讼通知的版面应至少占据报纸和杂志页面的六分之一（1/6）。媒体通知计划也将包括 30 天的数字媒体计划，该计划将针对关键词、地理位置和话题进行程序化广告和社交媒体推广。此外，它还将包括数字媒体上的横幅广告，包括优质网站（如 DI Network）、本地新闻和报纸网站、关键词定向、Facebook 和谷歌多媒体广告联播网（包括 YouTube）。为提升通知发布的效果，Kinsella Media 公司将在需要时监控和调整数字计划；及

Publishing the Notice in print and online/mobile ads. The Parties will retain Kinsella Media to develop and implement a Media Notice Program as part of the Parties' class settlement. The Media Notice Program will include publishing the Notice in the following newspapers and magazines: People, Florida Weekly, Louisiana Life, News Press, Gainesville Sun, Florida Times Union, Miami Herald, Orlando Sentinel, Panama City News, Tallahassee Democrat,

Tampa Bay Times, Palm Beach Post, Baton Rouge Advocate, Daily Advertiser, American Press, Monroe News Star, New Orleans Advocate, Shreveport Times, Nuevo Ecos, El Mexicano, El Clarin, El Sentinel, Centro Tampa, El Semanario. Those publications have been identified by Kinsella Media due to their broad circulation to readers in the six states with at least 2% of the members of the *Amorin* and *Brooke* claimants. Publication in each newspaper and magazine will occur bi-weekly, weekly, or daily depending on each publication's specific schedule for thirty (30) days. The Notice will be published in newspapers and magazines in a space measuring at least one-sixth (1/6) of a page. The Media Notice Program will also include a 30-day digital program comprised of programmatic advertising and social media with focused targeting based on keywords, geography, and topics. Further, it will include banner ads on digital media, including premium websites (*e.g.,* DIY Network), local news and newspapers sites, contextual targeting, Facebook, and Google Display Network (which includes YouTube). The digital program will be monitored and adjusted by Kinsella Media as needed to enhance the effectiveness of the Notice; and

8.1.2.6. 按照法院根据联邦民事诉讼规则第 23（c）（2）条的要求所指定的方式发送；

As the Court may direct, in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

## 8.2. 通知费用的支付
**Payment of Costs of Notice**

8.2.1. 经法院批准，首笔付款的一部分可用于支付根据第 8.1.2.1 条向已知集体成员邮寄个人通知的费用。

Subject to Court approval, a portion of the Initial Payment may be used to pay for the cost of mailing individual notice to known Class Members pursuant to Section 8.1.2.1.

8.2.2. 除了和解金，泰山还应另行支付第 8.1.2.5 条所述的发布通知的费用。

In addition to the Settlement Amount, Taishan shall separately pay for the cost of publication notice contemplated by Section 8.1.2.5.

8.3.   泰山及其他被豁免方应根据 28 U.S.C. § 1715（b）的规定，向适当的州和联邦官员发出通知。

Taishan and the Additional Released Parties shall, pursuant to 28 U.S.C. § 1715(b), provide notice to the appropriate state and federal officials.

## 9.   退出
## Opt-Outs

### 9.1.   退出期限
### Opt-Out Period

9.1.1.   集体成员将在集体通知期限开始后的九十（90）天内（或法院指定的该等不同的期限）有权选择根据第 9.2 条退出和解。如果和解最终被法院批准，和解将对所有未在九十（90）天期限届满时退出的集体成员具有约束力，并且和解提供的救济将是其对集体所主张的索赔的唯一和排他性的救济手段。为了确保各集体成员有充足的时间考虑和解，在第 8 条项下的集体通知期限起算后二十一（21）天内作出的退出选择将不发生效力。

Class Members will have ninety (90) days following the commencement of the Class Notice Period (or such different period as the Court may direct) to opt out of the Settlement in accordance with Section 9.2.  If the Settlement is finally approved by the Court, all Class Members who have not opted out by the end of the ninety (90) day period will be bound by the Settlement, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by the Class.  To assure that each Class Member has adequate time for consideration of the Settlement, no opt-out will be effective if filed earlier than twenty-one (21) days after the commencement of the Class Notice Period under Section 8.

### 9.2.   退出程序
### Opt-Out Process

9.2.1.   希望退出和解的集体成员个体必须提出退出请求并且必须签署请求被排除在和解之外的诉辩状。诉辩状或任何其他请求由集体成员的律师制作或签署是不充分的。由集体成员签署的退出请求的原件须邮寄至和解集体律师处：Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, 将副本邮寄至 Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510，和 Stephen J. Herman of Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113，以及 Patrick S. Montoya of Colson Hicks Eidson, 255 Alhambra Circle,

Penthouse, Coral Gables, FL 33134。退出请求的邮戳载明日期必须是在第 9.1.1 条项下所述的 90 天期限以内。和解集体律师应将所有退出请求的副本在二十四（24）小时内以电子邮件形式提供给泰山的律师和其他被豁免方的律师。和解集体律师有义务于法院确定的公平听证会召开日期前的特定日期将所有退出请求提交至法院。

Individual Class Members who desire to opt out must request to opt out and must sign a pleading seeking exclusion from the Settlement.  A pleading or any other request made or signed by counsel for a Class Member shall not be sufficient.  An original request to opt out signed by the Class Member must be mailed to Settlement Class Counsel: Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, with copies mailed to Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510 and Stephen J. Herman of Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113 and Patrick S. Montoya of Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134. The opt-out request must be postmarked within the 90-day period described in Section 9.1.1.  Settlement Class Counsel shall provide a copy of all requests to opt out to Taishan's Counsel and Counsel for the Additional Released Parties within twenty-four (24) hours by email. Settlement Class Counsel shall be obliged to file all requests to opt out with the Court by a date prior to the Fairness Hearing to be determined by the Court.

9.3.   **退出相关权利**
**Rights With Respect to Opt-Outs**

9.3.1.   各方同意并承认由于任何退出选择可能是不利的，泰山享有因存在任何退出选择而终止和解的权利，该项权利须以善意行使。
The Parties agree and acknowledge that because any opt-out may be detrimental, Taishan will have a right, exercised in good faith, to terminate the Settlement on account of the existence of any opt-out.

9.3.2.   如果任何集体成员在公平听证会召开前十四（14）天时仍选择退出，则泰山有权自行以善意行使全面终止和解的权利。终止和解的权利须通过在公平听证会召开之前七（7）天书面通知法院和和解集体律师的方式行使。泰山如及时行使其在本条项下的权利，则法院不得对该等权利进行审查。
If any Class Members remain as opt-outs fourteen (14) days prior to the Fairness Hearing, then Taishan has the right, in its discretion, to be exercised in good faith, to terminate the Settlement in its entirety.  This right to terminate the Settlement must be exercised by written notice to the Court and Settlement Class Counsel seven (7) days before the Fairness Hearing.

27

If timely exercised, Taishan's rights under this Section shall not be reviewable by the Court.

**10.** **反对案**
**Objections**

10.1. 任何反对批准本和解及和解中任何条款或批准程序的集体成员必须通过下列程序提出反对案：

Any Class Member who objects to approval of this Settlement, any terms hereof, or the approval process must make that objection by the following procedure:

10.1.1. 反对案必须以书面形式提出；

The objection must be in writing;

10.1.2. 反对案必须说明其是否仅适用于反对者、集体中的特定部分成员或全部成员，并具体说明反对的理由。反对案也必须包含集体成员是否拟出席公平听证会，无论其是否与反对者律师（其身份将被确认）一同出席的说明。反对案必须对拟传唤的任何证人、证人证词的主题范围，以及所有在公平听证会上拟使用或作为证据使用的所有文件予以确认。

The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. The objection must also include a statement whether the Class Member intends to appear at the Fairness Hearing either with or without the objector's counsel (who shall be identified). The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing;

10.1.3. 反对案必须由集体成员及其律师签署，反对案仅由律师签署是不充分的；

The objection must be signed by the Class Member and his, her or its counsel; an objection signed by counsel alone shall not be sufficient;

10.1.4. 反对案中应载明：2047 号多区诉讼的标题及集体成员作为具名当事人参与的任何诉讼，以及该提出反对案的集体成员的名称/姓名、邮寄地址、电子邮件地址（如有，电子邮件地址为非必须事项）、电话号码；

The objection must contain the caption of MDL No. 2047 and any Litigation in which the Class Member is a named party and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member;

10.1.5.　反对案必须载明与集体成员索赔相关的受影响物业的地址；且
The objection must provide the address of the Affected Property to which the Class Member's claims relate; and

10.1.6.　该反对案应被寄至 Arnold Levin 和 Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106 和 Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510，以及 Stephen J. Herman of Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113 and Patrick S. Montoya of Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134。该反对案应为书面文件，邮戳载明日期不晚于集体通知期限开始后的九十（90）日。
The objection shall be mailed to Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106 and Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510 and Stephen J. Herman of Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113 and Patrick S. Montoya of Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, in writing, postmarked no later than ninety (90) days following the commencement of the Class Notice Period.

10.1.7.　和解集体律师应在二十四（24）小时内，以电子邮件的方式向泰山律师和其他被豁免方律师提供一份载明全部反对案的文件，并且在集体和解通知期限开始后的一百天（100）日内向法院提交该等反对案。该等反对案必须提交给法院并且通过 LexisNexis File & Serve 系统送达给泰山律师和其他被豁免方律师。
Settlement Class Counsel shall provide a copy of all objections to Taishan's Counsel and Counsel for the Additional Released Parties within twenty-four (24) hours by email and file any objections with the Court no later than one hundred (100) days after commencement of the Class Settlement Notice Period. The objection must be filed in the Court and served on Taishan's Counsel and Counsel for the Additional Released Parties through LexisNexis File & Serve.

10.2.　未及时、全部地满足上述程序要求将导致任何反对案无效且被撤销。未能依照本协议第 10.1 条及时提交并送达书面反对案的集体成员将被视为放弃该等反对案，公平听证会也不会听取其反对意见，且被禁止就和解提出反对（无论是以上诉或其他方式）。
Failure to comply timely and fully with these procedures shall result in the invalidity and dismissal of any objection. Class Members who fail to file and serve timely written objections in accordance with Section 10.1 shall be deemed to have

waived any objections, shall not be heard at the Fairness Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

10.3. 和解集体律师和泰山律师应在不晚于公平听证会召开五（5）日前向法院提交针对反对案的答复。

Settlement Class Counsel and Taishan's Counsel shall file any response to the objections with the Court no later than five (5) days before the date of the Fairness Hearing.

## 11.  公平听证会
**Fairness Hearing**

11.1. 集体和解通知期限结束后，和解集体律师与泰山律师应提起最终批准和解的动议。

After close of the Class Notice Period, Settlement Class Counsel and Taishan's Counsel shall move for final approval of the Settlement.

11.1.1.    作为该等动议的一部分，各方应当：

As part of that motion, the Parties shall:

11.1.1.1.    动议法院作出第 1.21 条项下所述的命令和判决；

Move the Court to enter the Order and Judgment described in Section 1.21;

11.1.1.2.    动议法院禁令并永久性禁止任何及全部集体成员在本诉讼中或中国石膏板相关诉讼中、或在针对泰山和/或其他被豁免方的、与受影响物业有关的、因中国石膏板引起的或与之相关的索赔具有直接或间接关系的未决/潜在诉讼中，保持、继续和/或继续行使索赔权；

Move the Court to enjoin and forever bar any and all Class Members from maintaining, continuing, and/or prosecuting the Claims in the Litigation or CDW-Related Actions, or any action, pending or future, against Taishan and/or the Additional Released Parties that arises from, concerns, or otherwise relates, directly or indirectly to, the Claims related to Chinese Drywall in connection with the Affected Properties; and

11.1.1.3.    向法院或者其他适宜法院共同提交一份拟议的命令，不可再诉地驳回在本诉讼中以及在州法院或联邦法院的中国石膏板相关诉讼中针对泰山和/或其他被豁免方的索

赔，产生的费用由各方自行承担。

Jointly submit to the Court, or other appropriate forum, a proposed order dismissing with prejudice all Claims against Taishan and the Additional Released Parties in the Litigation and CDW-Related Actions in state court or federal court, with each party to bear his, her or its own costs.

11.1.2.　　如果法院未签发全部被请求发出的命令和/或禁止令，泰山有权撤回拟议的和解。

Taishan shall have the right to withdraw from the proposed Settlement if the Court does not issue all of the requested orders and/or injunctions.

11.2.　公平听证会上，法院应被要求，特别是：（i）考虑任何适当提交的针对和解的反对案，（ii）根据 Fed. R. Civ. P. 23（a）和（b）认证和解集体，（iii）确定和解是否公平、合理且充分，以及是否出于善意订立且无通谋，以及是否应当被批准，（iv）提供与此有关的认定，并且（v）作出拟议的命令和判决。

At the Fairness Hearing the Court shall be requested to, *inter alia*, (i) consider any properly filed objections to the Settlement, (ii) certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b), (iii) determine whether the Settlement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and should be approved, (iv) provide findings in connection therewith, and (v) enter a proposed Order and Judgment.

## 12.　和解金分发
## Distribution of Payments

12.1.　和解金分发
**Distribution of Payments**

12.1.1.　　在提交初步批准动议后的十（10）日内，和解集体律师应在法院的备审案卷目录中提交并在中国石膏板和解网站（ChineseDrywallSettlement.com）上公布一份主数据表格，内容包括已知和解集体成员的索赔请求，以及受影响物业中所涉及的案涉中国石膏板的充足证明标记。主数据表格应包括每项索赔的以下信息：（i）通风面积，（ii）产品标识，（iii）所有权状态，（iv）修复状态，（v）抵销，（vi）转让索赔权，（vii）申请人是否为 *Amorin* 案件原告或 *Brooke* 案件原告，以及（viii）法院批准的分配方案的任何其他客观信息。

Within ten (10) days of the filing of the Motion for Preliminary Approval, Settlement Class Counsel shall file on the Court's docket and publish on the Chinese Drywall Settlement Website

(ChineseDrywallSettlement.com) a Master Spreadsheet of known Settlement Class Member Claims with sufficient proof of indicia of Covered Chinese Drywall in the subject Affected Property. The Master Spreadsheet shall include the following information for each Claim: (i) Under Air Square Footage, (ii) Product Identification, (iii) Ownership Status, (iv) Remediation Status, (v) Set-Offs, (vi) Assignments of rights to pursue Claims, (vii) whether the claimant is an *Amorin* Plaintiff or a *Brooke* Plaintiff, and (viii) any other objective fields to the Allocation Model approved by the Court.

12.1.2.　　　列在主数据表格中的任何已知集体成员对主数据表格中所列的关于其索赔请求的信息有异议的，应当在初步批准命令后的三十五（35）日内，向索赔管理人提供其所认为的正确信息以及支持证据或证明文件。如果分配金额可能需要在主张对同一受影响物业提出索赔的集体成员之间进行分配，这些集体成员应在初步批准命令的三十五（35）天内向索赔管理人提交与分发分配金额相关的文件（如有）。

Any known Class Member listed on the Master Spreadsheet who disputes the information on the Master Spreadsheet relating to his or her Claim shall, within thirty-five (35) days of the Preliminary Approval Order, provide to the Claims Administrator what he or she contends to be the correct information, as well as any supporting evidence or corroborating documentation. In the event an Allocation Amount may need to be divided among Class Members asserting Claims with respect to the same Affected Property, those Class Members shall submit to the Claims Administrator documents, if any, related to the division of any Allocation Amount within thirty-five (35) days of the Preliminary Approval Order.

12.1.3.　　　索赔管理人应根据已知集体成员为增加或修改主数据表格而向索赔管理人提供的支撑证据或证明文件，自行决定对主数据表格进行其认为适当的更改（如有）。

The Claims Administrator shall, in its discretion, make changes, if any, that it deems appropriate to the Master Spreadsheet based on supporting evidence or corroborating documentation provided by the known Class Member to the Claims Administrator in support of the addition or change to the Master Spreadsheet.

12.1.4.　　　若缺席集体成员以及其他未包括在主数据表格中的其他集体成员请求获得分配金额，则必须不晚于法院决定的请求分配金额的截止日期（最终批准后的三十（30）日内）以宣誓的方式填写经法院批准的索赔表格，并向索赔管理人提交客观分配标准的支撑

证据。

Absent Class Members and any other Class Members not listed on the Master Spreadsheet who seek an Allocation Amount must complete a court-approved Claim Form under oath and submit supporting proofs of Objective Allocation Criteria to the Claims Administrator no later than the deadline set by the Court for making a claim for an Allocation Amount, which shall be within 30 days after Final Approval.

12.1.5.　索赔管理人应将法院批准的分配方案适用于（a）主数据表格中所记载的根据第 12.1.3 条修订（如必要）的已知集体成员，和（b）及时在法院批准的索赔表格中所提交的缺席集体成员和未列在主数据表格中的任何其他集体成员的客观分配标准。除第 12.1.2 条和/或第 12.1.4 条以外，索赔管理人不应考虑其他额外的证据、文件或其他信息。

The Claims Administrator shall apply the Court-approved Allocation Model to the Objective Allocation Criteria (a) for known Class Members as set forth in the Master Spreadsheet, as modified pursuant to Section 12.1.3 if necessary, and (b) for absent Class Members and any other Class Members not listed on the Master Spreadsheet, that is timely submitted in a Claim Form approved by the Court.  Except for Section 12.1.2 and/or Section 12.1.4, no additional evidence, documents or other information shall be considered by the Claims Administrator.

12.1.5.1　索赔管理人可以根据客观分配标准决定某位集体成员不属于适格集体成员，并且不分配分配金额。

The Claims Administrator may determine based on the Objective Allocation Criteria that a Class Member is not an Eligible Class Member, and make an Allocation Amount of zero.

**12.2.　集体成员对分配金额决定的上诉**
**Appeal by Class Members of Allocation Amount Determinations**

12.2.1.　每一名集体成员将会获得完全由索赔管理人决定的分配金额以及该等集体成员的客观事实和情况是如何适用于该等分配方案的简明的总结或解释。

Each Class Member will be provided with an Allocation Amount determination made solely by the Claims Administrator, and a brief summary or explanation of how the Class Member's objective facts and circumstances were applied under the Allocation Model.

12.2.2.　任何集体和解成员认为分配方案在处理其索赔时被错误适用的，在索赔管理人依据第 12.2.1 条规定作出分配金额决定之日起的三

十（30）天内向法院提出书面异议，该等书面异议应双倍行距，且不得超过三页。分配金额的上诉记录仅限于以下材料：（ⅰ）各方提交的原始主数据表格，（ⅱ）和解集体成员根据第 12.1.2 条向索赔管理人已提交的任何书面文件、证据或信息；（ⅲ）由索赔管理人根据第 12.1.3 条修改的经修订的主数据表格；和/或（ⅳ）未列在主数据表格中的缺席集体成员或任何其他集体成员向索赔管理人提交的索赔表格中的客观分配标准和支撑文件。集体成员不得为其分配金额决定的上诉提交任何新的或额外的证据。

Any Settlement Class Member who believes that the Allocation Model has been misapplied to his or her Claim shall have thirty (30) days from the date of the Claims Administrator's issuance of the Allocation Amount determination pursuant to Section 12.2.1, to present a written objection, no longer than three-pages, double-spaced, to the Court. The record for appealing an Allocation Amount shall be limited solely to (i) the original Master Spreadsheet submitted by the Parties, (ii) any additional documents, evidence or information submitted by the Settlement Class Member to the Claims Administrator in accordance with Section 12.1.2; (iii) the revised Master Spreadsheet as modified by the Claims Administrator pursuant to Section 12.1.3, and/or (iv) the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members or any other Class Members not listed on the Master Spreadsheet. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination.

12.2.3.　　　　法院对分配金额决定的上诉的裁决是终局的，对集体成员具有约束力，集体和解成员不得向包括美国第五巡回上诉法院在内的任何其他法院提出上诉，每名和解集体成员明知且主动放弃该等上诉权。

The decision of the Court with respect to appeals from Allocation Amount determinations shall be final and binding on Class Members, and there shall be no appeal to any other court including the U.S. Court of Appeals for the Fifth Circuit, such right of appeal having been knowingly and intentionally waived by each Settlement Class Member.

12.3.　　在生效日之前，不得向任何集体成员分配任何分配金额。在生效日后的十（10）天内，集体律师应向法院提交一份拟议命令，将下文第12.4条中定义的最终和解支出金额支付给索赔管理人为本次和解而设立的合格结算基金。拟议命令应基本符合**附件 7** 的要求。

No Allocation Amount shall be distributed to any Class Member before the

Effective Date. Within ten (10) days after the Effective Date, Class Counsel shall submit to the Court a proposed order to disburse the Final Settlement Payout Amount, as defined in Section 12.4 below, into a Qualified Settlement Fund established by the Claims Administrator for this Settlement.  The proposed order shall substantially conform to **Exhibit 7**.

12.4.　索赔管理人应根据分配方案向集体成员分发全部和解金额，加上在泰山首笔付款与和解金额最终分配期间和解金额所产生的任何利息，减去法院批准的管理费用、向集体成员发送个人通知的费用以及法院批准的律师费（"最终和解支出金额"）。索赔管理人可以多次单独付款的方式向集体成员支付分配金额。

The Claims Administrator shall distribute to Class Members according to the Allocation Model the entire Settlement Amount, plus any interest earned on the Settlement Amount during the time period between Initial Payment by Taishan and final allocation of the Settlement Amount, less Court-approved administration costs, cost of mailing individual notice to Class Members, and Court-approved attorneys' fees (the "Final Settlement Payout Amount").  The Claims Administrator may distribute an Allocation Amount to Class Member(s) in multiple separate payments.

12.5.　泰山不得参与和解金的分配或分发。

Taishan shall not be involved in the allocation or distribution of the Settlement Funds.

12.6.　依据第 12 条所规定的分配程序在集体成员间分配和解金额所造成的任何争议不会造成本和解失败，且不会牵涉泰山。

Any disputes as to the allocation of payments among Class Members pursuant to the allocation procedures referenced in Section 12 will not defeat this Settlement and shall not involve Taishan.

12.7.　管理分配和解金额产生的全部成本以及向集体成员邮寄的个人通知的成本应从和解金额中扣除。

All costs of administering the allocation of the Settlement Amount and the cost of mailing individual notice to Class Members will be paid out of the Settlement Amount.

12.8.　无论本和解中其他条款或任何其他文件的内容如何规定，泰山不应为任何就索赔或本和解而聘请和解集体律师、集体成员私下聘请的律师或共同利益律师而产生的费用、成本和开支承担责任，其中包括批准和/或实施本和解、管理索赔和/或分配与处置和解金相关的费用。但是泰山应当承担上文第8.1.2.5 条规定的向集体发送公开通知的费用。

Notwithstanding any other provision of this Settlement or of any other document,

35

Taishan shall not be liable for, and shall have no responsibility whatsoever for payment of any fees, costs, and expenses incurred by Settlement Class Counsel, privately retained counsel for Class Members, or common benefit counsel with respect to the Claims or this Settlement, including costs associated with the approval and/or implementation of this Settlement, the administration of claims, and/or the allocation and disposition of the Settlement Funds, except that Taishan shall pay for the costs of Publication Notice to the Class as set forth in Section 8.1.2.5 above.

13.   禁令
**Bar Order**

13.1.   作为法院命令和判决的一部分，法院应签发一份禁令，禁止并永久性禁止任何及全部集体成员在本诉讼中或中国石膏板相关诉讼中、或在针对泰山和/或其他被豁免方的与受影响物业有关的因中国石膏板引起的或与之相关的索赔权具有直接或间接关系的未决/潜在诉讼中，保持、继续和/或继续行使索赔权。

As part of the Order and Judgment, the Court shall issue an order to enjoin and forever bar any and all Class Members from maintaining, continuing, and/or prosecuting the Claims in the Litigation or CDW-Related Actions, or any action, pending or future, against Taishan and/or the Additional Released Parties that arises from, concerns, or otherwise relates, directly or indirectly to, the Claims related to Chinese Drywall in connection with the Affected Properties.

13.2.   本条无意阻止或妨碍本和解项下索赔的执行或利益的实现。

This provision is not intended to prevent or impede the enforcement of claims or entitlements to benefits under this Settlement.

14.   本和解的终止
**Termination of this Settlement**

14.1.   以下任一情形发生时，本和解应被终止且取消：

This Settlement shall be terminated and cancelled upon any of the following events:

14.1.1.   法院拒绝作出初步批准命令或第 13 条规定的禁令；

The Court declines to enter the Preliminary Approval Order or the bar order described in Section 13;

14.1.2.   法院未召开公平听证会；

The Fairness Hearing is not held by the Court;

14.1.3.   法院未做出命令和判决，或更高审级法院推翻了该等命令与判决，或该等命令和判决的内容与本和解不一致；或者

36

The Order and Judgment is not entered by the Court, or is reversed by a higher court, or is entered in a form inconsistent with the terms of this Settlement; or

14.1.4.   任何法院拒绝不可再诉地驳回针对泰山的索赔。

Any court declines to dismiss the Claims against Taishan with prejudice.

14.2.   以下任一情形发生时，泰山有权自主决定撤回及取消其在本和解中的义务：

Taishan may, at its sole and exclusive discretion and option, withdraw from and cancel its obligations under this Settlement, upon any of the following events:

14.2.1.   通知未能遵守法院的命令；

The Notice does not comply with the Order of the Court;

14.2.2.   和解集体律师，代表集体，实质性违反了本和解且该等违约实质性地使和解目的不能实现；

Settlement Class Counsel, on behalf of the Class, materially breaches the Settlement and such breach materially frustrates the purposes of this Settlement;

14.2.3.   针对泰山的索赔未被不可再诉地驳回；

The Claims against Taishan are not dismissed with prejudice;

14.2.4.   法院未做出上述第 13.1 条规定的禁令与永久禁止令；或者

The Court does not enter the bar order and permanent injunction described in Section 13.1, above; or

14.2.5.   除以各方书面同意的方式外，本和解在任何实质性方面发生改变。

This Settlement is changed in any material respect, except by written consent of the Parties.

14.3.   泰山有权在诚信地基础上自主决定根据第 9.3.2 条的规定在公平听证会召开十四（14）天前通过退出通知终止本和解。

Taishan may, in its discretion, to be exercised in good faith, terminate the Settlement following notice of opt-outs exercised up until fourteen (14) days prior to the Fairness Hearing, in compliance with Section 9.3.2.

14.4.   如果泰山实质性地违反本协议，且该等违约实质性地使和解目的不能实现，则和解集体律师可以自主决定寻求任何可获得的救济。

If Taishan materially breaches the Agreement, and such breach materially frustrates the purpose of the Settlement, then Settlement Class Counsel shall, at their sole discretion, pursue whatever remedies are available to them.

15. **法院就实施与执行协议保有管辖权**
**Court to Retain Jurisdiction to Implement and Enforce Agreement**

15.1. 无论本和解中其他条款规定内容如何，为管理、监督、解释以及执行的目的，法院应继续就和解集体、集体成员以及本和解有排他管辖权，且法院亦应就和解金及其在集体成员间的发放继续保有排他的管辖权。

Notwithstanding any other provision of this Settlement, the Court shall retain continuing and exclusive jurisdiction over the Settlement Class, the Class Members, and the Settlement for the purposes of administering, supervising, construing and enforcing same, and the Court shall also retain continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Class Members.

16. **律师费**
**Attorneys' Fees**

16.1. 生效日后，诉讼律师应有权向法院要求一个总计不超过和解金32%的律师费及合理开支报销的裁决，但不包括通知成本。法院应决定律师费和诉讼费事宜（包括诉讼律师之间的分配），且全体诉讼律师同意该等决定不可上诉，诉讼律师在此放弃就该等决定提起上诉的权利。任何集体的律师费及合理开支报销的裁决应仅从和解金中支付。After the Effective Date, the Petitioning Attorneys shall be entitled to petition the Court for an award of attorneys' fees totaling in the aggregate up to 32% of the Settlement Funds, and reimbursement of reasonable expenses, excluding the cost of notice. Any award of attorneys' fees for the Class and reimbursement of reasonable expenses shall be paid from the Settlement Funds exclusively. The determination of any attorneys' fee or court cost issue, including the allocation between and amongst the Petitioning Attorneys, shall be determined by the Court, and all Petitioning Attorneys agree that such determination is not appealable and Petitioning Attorneys hereby waive all appeals of any such determination.

16.2. 激励：各方同意并会向法院建议（取决于法院批准）向属于和解集体成员的佛罗里达的优先原告索赔人提供激励（每一处不动产一份激励）（Janet Avery、Lillian Chatmon、Andrew 和 Dawn Feldkamp、William 和 Vicki Foster、Candace Gody、David Griffin、John 和 Bertha Hernandez、Gul 和 Deborah Lalwani、Cass 和 ra Marin、Dailyn Martinez、Jose 和 Adela Mir 和 a、Tracy Nguyen、Jeovany 和 Monica Nunez、Kelly 和 Lori O'Brien、Kevin 和 Stacey Rosen、Michael Rosen、Larry 和 Rosalee Walls 以及 Marc 和 Jennifer Wites），向属于和解集体成员的路易斯安那州选定的原告申请人提供激励（每一处不动产一份激励）（Lana Alonzo、Johnny 和 Rachelle Blue、Roger Callia、Mary Ann Catalanotto、Kasie 和 Patrick Couture、Brent Desselle、Lillian Eyrich、Nicola 和 Connie Fineschi、Jane Gonzales、Mary Haindel、Mathew

和 Jan Hughes、 Betty Jurisich、 Dawn Ross 和 Ronald V. LaPierre、 Peter 和 Frankie Maggiore、 Mark 和 Keri Pollock、 Virginia R 和 azzo、 Frankie Sims as Executrix of Estate of Juanita Davis (去世)、 Martin 和 Doris Tatum、 Melissa Young、 Michael 和 Linda Zubrowsk、 Cathy Allen、 Charles 和 Mary Ann Back、 Frances 和 Joseph Barisich、 Colin Berthaut、 Angeles Blalock、 Bol 和 Marine a/k/a 5943 Boeing Street, LLC、 Holly Braselman、 Jill Donaldson、 Joseph 和 Tracy Fatta、 Donald 和 Nadja Fisher、 Dominesha James Clay、 Sheral Lavergne、 Annette Lawrence、 Debbie Leon、 Brian 和 Barbara Lewis、 Jerry Phillips、 Marcus 和 Dana Staub、 Rosanne Wilfer、 Zhou Zhang 和 Xue Ying Zhao ）， 向 Michelle Germano; Judd Mendelson、 Debra Williams 以及 Virginia Tiernan 就其参加单独的证据开示，包括提供证词，和/或担任集体诉讼代表，提供激励。

**Incentive Awards:** The Parties agree and will recommend to the Court that Incentive Awards be made, subject to Court approval, to the Priority Plaintiff claimants in Florida (one incentive award per property) who are members of the Settlement Class (Janet Avery; Lillian Chatmon; Andrew and Dawn Feldkamp; William and Vicki Foster; Candace Gody; David Griffin; John and Bertha Hernandez; Gul and Deborah Lalwani; Cassandra Marin; Dailyn Martinez; Jose and Adela Miranda; Tracy Nguyen; Jeovany and Monica Nunez; Kelly and Lori O'Brien; Kevin and Stacey Rosen; Michael Rosen; Larry and Rosalee Walls; and Marc and Jennifer Wites), to the Select Claimants in Louisiana (one incentive award per property) who are members of the Settlement Class (Lana Alonzo; Johnny and Rachelle Blue; Roger Callia; Mary Ann Catalanotto; Kasie and Patrick Couture; Brent Desselle; Lillian Eyrich; Nicola and Connie Fineschi; Jane Gonzales; Mary Haindel; Mathew and Jan Hughes; Betty Jurisich; Dawn Ross and Ronald V. LaPierre; Peter and Frankie Maggiore; Mark and Keri Pollock; Virginia Randazzo; Frankie Sims as Executrix of Estate of Juanita Davis (deceased); Martin and Doris Tatum; Melissa Young; Michael and Linda Zubrowsk; Cathy Allen; Charles and Mary Ann Back; Frances and Joseph Barisich; Colin Berthaut; Angeles Blalock; Boland Marine a/k/a 5943 Boeing Street, LLC; Holly Braselman; Jill Donaldson; Joseph and Tracy Fatta; Donald and Nadja Fisher; Dominesha James Clay; Sheral Lavergne; Annette Lawrence; Debbie Leon; Brian and Barbara Lewis; Jerry Phillips; Marcus and Dana Staub; Rosanne Wilfer; Zhou Zhang and Xue Ying Zhao), and to Michelle Germano; Judd Mendelson; Debra Williams; and Virginia Tiernan, for their prior efforts in participating in individualized discovery, including subjecting themselves for a deposition, and/or for serving as a named class representative.

## 17.   其他
**Miscellaneous**

17.1.   如本和解规定的任何期间的最后一日为周末或法定假日，该期间应当包括下一个工作日；

If the last day of any period mentioned in this Settlement falls on a weekend or legal holiday, the period shall include the next business day.

17.2.   全体人员应知晓其有持续关注法院关于最近提交文件和信息摘要的义务。法院有权不做额外正式通知地自行决定变更、推迟或修改任何与批准本和解有关的该法院设定的截止日期。有关该等变更的命令将被公布于法院的网站：

All persons shall be on notice of their continuing duty to monitor the Court's docket for the most current filings and information. The Court, in its discretion, may alter, postpone or amend any of these deadlines scheduled by the Court in connection with the approval of this Settlement without additional formal notice. Orders of any such changes are expected to be presented on the Court's website:

**http://www.laed.uscourts.gov/Drywall/Drywall.htm.**

17.3.   任何集体成员（或其律师）以任何形式的欺骗、谎言、欺诈提交错误或故意误导信息，应被处以适当处罚（包括经济处罚及相关成本）。

Any Class Member (or his or her attorney) who submits false or intentionally misleading information, through any form of deception, dishonesty or fraud, shall be subject to appropriate sanctions (including monetary sanctions and costs).

17.4.   除非另有约定，任何本和解项下的书面通知或其他通讯应为书面，且应被送至下述地址：

Unless otherwise specified, any written notices and other communications under this Settlement shall be in writing and shall be sent to:

给和解集体律师：
For Settlement Class Counsel:

Arnold Levin

Sandra L. Duggan

Levin Sedran & Berman

510 Walnut Street, Suite 500

Philadelphia, PA   19106

alevin@lfsblaw.com

sduggan@lfsblaw.com


Richard J. Serpe

Law Offices of Richard J. Serpe, P.C.

580 East Main St., Suite 310

Norfolk, VA 23510

rserpe@serpefirm.com


Stephen J. Herman

Herman, Herman & Katz, LLC

820 O'Keefe Ave.

New Orleans, LA  70113

sherman@hhklawfirm.com

邮寄给：

Patrick S. Montoya

Colson Hicks Eidson

255 Alhambra Circle, Penthouse

Coral Gables, FL 33134

patrick@colson.com


给泰山律师：
For Taishan's Counsel:

Bernard Taylor

Christy Hull Eikhoff

Alston & Bird, LLP

1201 West Peachtree Street

Atlanta, GA 30309

**bernard.taylor@alston.com**

**christy.eikhoff@alston.com**

给其他被豁免方律师：

For Counsel for the Additional Released Parties:

Christopher Vejnoska

Orrick, Herrington & Sutcliffe LLP

405 Howard Street

San Francisco, CA 94105

**cvejnoska@orrick.com**

James Stengel

Orrick, Herrington & Sutcliffe LLP

51 West 52nd Street

New York, NY 11570

jstengel@orrick.com

常规通讯可以以电子邮件方式进行。主张违反本和解的通讯应以电子邮件发送，并且亲自或以以次日达快递（如：Express Mail，Overnight UPS，或 FedEx）寄送。

Routine communications may be made by email. Communications asserting a breach of this Settlement shall be made by email and by hand delivery or overnight courier (*e.g.*, Express Mail, Overnight UPS, or FedEx).

17.5. 本和解为和解集体律师与泰山公平协商的成果。和解集体律师或泰山均不被视为本和解协议及其中任何条款的起草人。从本和解的准备或谈判中均无法得出任何有利于或不利于和解集体律师或泰山的推论。

This Settlement is the product of arms' length negotiations between Settlement Class Counsel and Taishan. Neither Settlement Class Counsel nor Taishan shall be deemed to be the drafter of this Settlement or any provision thereof. No presumption shall be deemed to exist in favor of or against either Settlement Class Counsel or Taishan as a result of the preparation or negotiation of this Settlement.

17.6. 本和解为各方就索赔达成的全部协议。除本和解中书面约定的内容以外，各方尚未收到或依赖任何其他协议或保证。

This Settlement constitutes the entire agreement between the Parties with respect to the Claims. The Parties have not received or relied upon any agreements or promises other than as contained in writing in this Settlement.

17.7. 除非全体协议方书面协议更改或修订本和解，本和解不得被更改或修订。

This Settlement may not be modified or amended unless such modification or amendment is in writing executed by all Parties.

17.8. 本和解可以签署一式多份，各份效力相同。

This Settlement may be executed in multiple counterparts, all of which taken together shall constitute one and the same Settlement.

17.9. 若对本协议的解释出现争议，则应当以本协议的英文版为准。

The English version of the Agreement shall control in the event of any dispute concerning or relating to the interpretation of this Agreement.

17.10. 若本协议与其附件存在冲突，则应当以本协议中的语言和条款为准。

If there is any conflict as between the Agreement and any exhibits, the language and terms in the Agreement shall prevail.

17.11. 本协议以及本协议各方的权利应受路易斯安那州法律的管辖并按照路易斯安那州的法律（除法律冲突的原则）进行解释，包括解释、有效性、履行和执行的所有事项。

This Agreement and the rights of the parties hereunder shall be governed by and construed in accordance with the laws of the State of Louisiana including all matters of construction, validity, performance, and enforcement and without giving effect to the principles of conflict of laws.

17.12. 本协议生效日起，各方将向法院提交一份包含拟议命令的联合动议，试图除去任何由本诉讼引起或与之相关的针对泰山和/或其他被豁免方的刑事和/或

民事藐视法院程序。

Upon the Effective Date of this Agreement, the Parties will file a joint motion with a proposed order to the Court that seeks to purge any criminal and/or civil contempt proceedings against Taishan and/or the Additional Released Parties arising out of or relating to this Litigation.

**18.**   **联邦证据规则第 408 条**
        **Federal Rule of Evidence 408**

18.1.   各方明确知晓、同意且承认本和解，连同所有相关草案、动议、诉状、沟通、谈判与通讯均应被视为符合联邦证据规则 408 条与各州的同等证据规则或程序。且各方明确知晓、同意且承认本和解不（i）构成、被解释成、被提供、被接纳成为认可任何索赔、抗辩有效的证据，或认可本诉讼、中国石膏板相关诉讼或其他已被提起的任何未决或后续的诉讼中的对任何声称的事实的陈述或其他指控属实的证据，或任何一方的任何不当行为、过错、违法或任何种类的责任的证据（除本和解第 18 条所允许的以外）；或者（ii）被用于证明放弃任何抗辩或权利，或者被用于证实或驳斥管辖权或管辖法院。

The Parties specifically acknowledge, agree and admit that this Settlement, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Federal Rules of Evidence Rule 408, and any equivalent rule of evidence or procedure of any state, and shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation, the CDW-Related Actions, or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, except as permitted in Section 18 of this Settlement; or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

18.2.   尽管未出庭，但泰山和其他其他被豁免方不承认其存在任何不当行为或在诉讼中应承担责任。本和解应当仅被解释为反映了各方协助解决诉讼和被豁免的索赔的意愿。

Taishan and the Additional Released Parties do not admit any wrongdoing or liability in the lawsuits despite defaults entered in the Court.  The Settlement is to be construed solely as a reflection of the Parties' desire to facilitate a resolution of the litigation and of the released claims.

18.3.   各方也同意，本和解，任何推动本和解的命令、诉状或其他文件与履行本和解的任何行为无意于，或事实上不应在任何针对泰山的案件及诉讼中被作为本协议中任何一方的任何责任或潜在责任的证据被认可、被提交或与该等案件及诉讼具有关联性。

The Parties also agree that this Settlement, any orders, pleadings or other

documents entered in furtherance of this Settlement, and any acts in the performance of this Settlement are not intended to be, nor shall they in fact be, admissible, discoverable, or relevant in any case or other proceeding against Taishan as evidence of any obligation that any Party hereto has or may have to anyone.

18.4.  本和解的任何条款，任何推动本和解的命令、诉状或其他文件，仅在下列情形可以被提交或接纳作为证据：（i）为了执行本和解及推动本和解的命令、诉状或其他文件的各条款；（ii）应本和解之一方申请，在进行反对听证后，有管辖权法院特别授权；（iii）在后续诉讼中，为确定针对声称的损失的付款或预付款、相互抵销或在正式反对法院判决的情形下的积极抗辩（包括以一事不再理为诉因的抗辩）；（iv）与任何禁止或暂停任何在中国石膏板相关诉讼中的索赔动议有关，或（v）为取得本和解的法院批准。

The provisions of this Settlement, and any orders, pleadings or other documents entered in furtherance of this Settlement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after contradictory hearing upon application of a Party hereto, (iii) in order to establish payment, prior payment for a claimed loss, set-off or an affirmative defense of exception in a subsequent case, including *res judicata*, (iv) in connection with any motion to enjoin or stay any of the Claims in any CDW-Related Action, or (v) to obtain Court approval of the Settlement.

[故意留白]

[intentionally left blank]

**附件 1 - 包含选择加入与泰山的单独和解协议并被排除在集体之外的 498 名原告名单**

**Exhibit 1 – List of 498 Plaintiffs who are included in a separate opt-in settlement agreement with Taishan and who are Excluded from the Class**

| 佛罗里达州原告识别码<br>FL Claimant Identifier | 原告姓名<br>Claimant Name | 受影响物业地址<br>Affected Property Address | 城市<br>City | 州<br>State | 编号<br>Zip |
|---|---|---|---|---|---|
| 1 | Abadi, Jamal and Hamzey | 11546 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 3 | Abel, Kenneth | 10400 SW Stephanie Way #5210 | Port St. Lucie | FL | 34987 |
| 10 | Adams, Richard and Marilyn | 5748 Stay Sail Ct. | Cape Coral | FL | 33914 |
| 14 | Aguilar, Delsa | 1690 Renaissance Commons Blvd. Unit 1209 | Boynton Beach | FL | 33426 |
| 16 | Aldred, Timothy and Pearl | 9001 Sunrise Lakes Blvd. #201 | Sunrise | FL | 33322 |
| 18 | Alexander, Lynne | 1660 Renaissance Commons Blvd., Unit 2505 | Boynton Beach | FL | 33426 |
| 20 | Altidor, Julie | 4757 Tuscan Loon Dr. | Tampa | FL | 33619 |
| 21 | Altizio, Ignazio and Macciavello, Giovanni | 19250 Stone Hedge Dr. | Tampa | FL | 33647 |
| 24 | Amaral, Antonio and Isabel | 5221 Athens Way | Venice | FL | 34293 |
| 26 | Andersen, Michael | 2105 SW 39th Terrace | Cape Coral | FL | 33914 |
| 33 | Ankum, Freda G. | 1016 North J. Street | Pensacola | FL | 32501 |
| 44 | Astrin, Scott and Terri | 8600 Athena Court | Lehigh Acres | FL | 33971 |
| 47 | Auguste, Alide | 2182 SE North Blackwell Dr. | Port St. Lucie | FL | 34952 |

| 51 | Avner, Brett and Wendy | 18020 Via Bellamare Lane | Miromar Lakes | FL | 33913 |
|----|------------------------|---------------------------|---------------|----|-------|
| 54 | Aymerich, Jason | 11318 Bridge Pine Dr. | Riverview | FL | 33569 |
| 55 | Azor, Harry and Stephania | 12430 SW 50th Street, Unit 105 | Miramar | FL | 33027 |
| 58 | Baez, Ramon and Franca, Sylvia | 904 Sistina Ave. | Coral Gables | FL | 33146 |
| 61 | Ballard, Marcia (Trustee Ballard Marcia Revocable Living Trust) | 11216 Godwit Court | New Port Richey | FL | 34654 |
| 64 | Barcia, Aurora | 6119 NW Densaw Terrace | Port St. Lucie | FL | 34986 |
| 65 | Barnes, Arlana | 4745 and 4747 28th Street South West (1178 & 2356 sq ft) | Lehigh Acres | FL | 33973 |
| 68 | Barragan, Fernando and Barbara | 8935 SW 228th Lane | Cutler Bay | FL | 33190 |
| 69 | Barreto, Adolfo and Gonzalez, Laura | 8111 W 36th Ave. Unit #3 | Hialeah | FL | 33018 |
| 71 | Barrios, Ana and Becerra, Alexander | 11584 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 72 | Bartschat, Eric and Anne Marie | 7855 Hawthorne Terrace, Unit 1604 | Naples | FL | 34113 |
| 74 | Bast, Peter and Robin | 1690 Renaissance Commons Blvd., Unit 1428 | Boynton Beach | FL | 33426 |
| 75 | Batra, Vinod | 2565 Deerfield Lake Court | Cape Coral | FL | 33993 |
| 86 | Benish, Frances | 11353 SW Mountain Ash Circle | Port St. Lucie | FL | 34987 |
| 89 | Bentley, Lonnette and Lowery, Kenneth | 4458 Preacher Lane | Jay | FL | 32565 |
| 90 | Benzo, Ramon and Candida | 2576 Sea Wind Way | Clearwater | FL | 33763 |
| 98 | Blanchard, Abelar | 418 Vine Cliff Street | Ruskin | FL | 33570 |

| 137 | Bonome-Rodriguez, Ramon | 8031 W 36th Ave. Unit #1 | Hialeah | FL | 33018 |
| 140 | Borgardt, David and Katherine | 2160 NW 23rd Ave. | Cape Coral | FL | 33993 |
| 141 | Borges, Virgilio and Janaina | 5660 Kensington Loop | Ft. Myers | FL | 33912 |
| 147 | Bowers, Gail and Roger | 2805 W. Shelton Ave. | Tampa | FL | 33611 |
| 148 | Bradley, Leon Sr. and Robin | 1661 Lewis Road | Milton | FL | 32570 |
| 153 | Braga, Henry and Deborah | 1325 NW 1st Ave. | Cape Coral | FL | 33993 |
| 154 | Bragoli, Frank and Carolyn | 1690 Renaissance Commons Blvd., Unit 1314 | Boynton Beach | FL | 33426 |
| 161 | Brewton, I.D. and Sonia III | 8804 Jernigan Road | Pensacola | FL | 32514 |
| 162 | Brice, Philip | 1690 Renaissance Commons Blvd., Unit 1227 | Boynton Beach | FL | 33426 |
| 167 | Browne, James and Jill | 2507 Tylers River Run | Lutz | FL | 33559 |
| 168 | Brumbaugh, Russell and Carol | 232 SE 15th Terrace | Cape Coral | FL | 33990 |
| 172 | Burkhead, Samantha and John L. | 4457 Marvin Reaves Road | Jay | FL | 32565 |
| 175 | Caballero, Frank and Carmen | 12761 SW 53rd Street | Miramar | FL | 33027 |
| 179 | Calloway, Frederic (Kent) and Amanda | 2333 Hwy. 168 | Century | FL | 32535 |
| 180 | Callwood, Sandy and Alberto | 11522 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 181 | Cammarata, Louis and Michele | 1660 Renaissance Commons Blvd., Unit 2503 | Boynton Beach | FL | 33426 |
| 184 | Caple, Janelle | 946 South West 6th Court | Cape Coral | FL | 33991 |
| 188 | Carbonell, Wayne and Kimberly | 1718 NE 27th Terrace | Cape Coral | FL | 33909 |

| 191 | Cardenas, Francisco and Elsa | 6928 Marble Fawn Place | Riverview | FL | 33578 |
| 192 | Cardenas, Frank, III | 4402 Ruth Ave. South | Lehigh Acres | FL | 33972 |
| 193 | Cardiello, Frank and Gayle | 1006 NW 38th Place | Cape Coral | FL | 33993 |
| 196 | Caricato, Lisa | 13471 Little Gem Circle | Ft. Myers | FL | 33913 |
| 198 | Carmen, Anthony and Pirczhalski, Joseph | 698 Darlington Ave SW | Palm Bay | FL | 32908 |
| 202 | Carter, Daniel and My-Duyen | 508 NW 38th Ave. | Cape Coral | FL | 33993 |
| 203 | Carter, Daniel and My-Duyen | 522 NW 36th Place | Cape Coral | FL | 33993 |
| 204 | Casalengo, Roger and Kramer, Betty Ann | 1690 Renaissance Commons Blvd., Unit 1324 | Boynton Beach | FL | 33426 |
| 207 | Casburn, Richard and Judy | 2120 Della Dr. | Naples | FL | 34117 |
| 213 | Cavalieri, Sam, John, Jennifer and Candace | 8177 Emerald Ave. | Parkland | FL | 33076 |
| 215 | Cegielski, Boguslaw and Ning | 246 SW 26th Street | Cape Coral | FL | 33993 |
| 217 | Chan, Yut Siong | 3702 Ralston Road | Plant City | FL | 33566 |
| 220 | Chau, Van and Waas, John | 18238 Hepatica Road | Ft. Myers | FL | 33967 |
| 224 | Chinoy, Vinita and Raymond | 11525 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 225 | Christodoulou, Louis and Maryann | 11221 Godwit Court | New Port Richey | FL | 34654 |
| 230 | Clark, Robert and Linda | 816 Chapel Ave. | Lehigh Acres | FL | 33971 |
| 232 | Clarke, Joseph and Sandra | 325 Cipriani Way | Nokomis | FL | 34275 |
| 233 | Clarke, Paul and Heather | 8723 SW 21st Court | Miramar | FL | 33025 |
| 242 | Cohen, Jay and Shari | 1690 Renaissance Commons Blvd., Unit 1405 | Boynton Beach | FL | 33426 |

| 244 | Cole, John and Star | 2766 Blue Cypress Lake Court | Cape Coral | FL | 33909 |
| 246 | Collingwood, Sharon and Samuel | 12777 Kentwood Ave. | Ft. Myers | FL | 33913 |
| 249 | Conlin, Patrick | 1690 Renaissance Commons Blvd., Unit 1218 | Boynton Beach | FL | 33426 |
| 250 | Conroy, John | 1750 NW 24th Place | Cape Coral | FL | 33993 |
| 261 | Corea, Edgar and Gilmore, Elsie | 12600 SW 50th Court, #407 | Miramar | FL | 33027 |
| 264 | Cove, Joseph, Jr | 214 SW 39th Terrace | Cape Coral | FL | 33914 |
| 266 | Covos, Sebastian and Villaneuva, Emilse | 8129 W 36th Ave. Unit #6 | Hialeah | FL | 33018 |
| 269 | Craig, Bill and Jill | 4143 Wildstar Circle | Wesley Chapel | FL | 33544 |
| 272 | Croley, Paul | 140 S. Dixie Hwy. Unit 512 | Hollywood | FL | 33020 |
| 274 | Cruz, Eduardo | 4304 21 Street SW | Lehigh Acres | FL | 33976 |
| 275 | Cruz, Robert and Sandra | 12444 South Bridge Terrace | Hudson | FL | 34669 |
| 279 | Cummings, Brian and Leslie | 221 SE 24th Street | Cape Coral | FL | 33990 |
| 282 | D & B Assets, LLC | 11812 Bayport Lane #2403 | Ft. Myers | FL | 33908 |
| 283 | D'Ambrosio, Angelo and Deborah | 1660 Renaissance Commons Blvd., Unit 2305 | Boynton Beach | FL | 33426 |
| 287 | Daniels, Anatoly | 1907 SE 21st Court | Homestead | FL | 33035 |
| 288 | Daniels, Lula | 5918 Bilek Dr. | Pensacola | FL | 32526 |
| 289 | Danza, Madelina | 3550 Lansing Loop Unit 101 | Estero | FL | 33928 |
| 292 | Davis, Chris | 300 East Bogia Road | McDavid | FL | 32568 |
| 293 | Davis, Gordon and Estela | 201 Medici Terrace | North Venice | FL | 34275 |

| 298 | Deeg, David and Hooker, Deborah | 516 Southwest Akron Ave. | Stuart | FL | 34994 |
|-----|-----|-----|-----|-----|-----|
| 300 | DeKeyser, Lee and Phyllis | 6051 Jonathan's Bay Circle Unit 401 | Ft. Myers | FL | 33908 |
| 305 | Delisser, John and Marvalyn | 1120 SW Gardena Ave. | Port St. Lucie | FL | 34953 |
| 307 | Demirgian, Edward and Tonia | 24504 Sunrise Dr. | Port Charlotte | FL | 33980 |
| 308 | DeMonaco, Charles | 92 Belle Grove Lane | Royal Palm Beach | FL | 33411 |
| 309 | DeNaeva, Marta | 1690 Renaissance Commons Blvd., Unit 1224 | Boynton Beach | FL | 33426 |
| 310 | DeNavea, Martha Lisa | 1690 Renaissance Commons Blvd., Unit 1429 | Boynton Beach | FL | 33426 |
| 311 | Derzhko, Miroslam and Jaroslawa (Gloria) | 6953 Topeka Lane | North Port | FL | 34291 |
| 326 | Ditianquin, Marlon | 1690 Renaissance Commons Blvd., Unit 1309 | Boynton Beach | FL | 33426 |
| 329 | Dominguez, Antonio and Zenedia | 15539 SW 182nd Lane | Miami | FL | 33187 |
| 330 | Dong, Chi and Lu, Qun | 1562 Hextel Ave. SW | Port St. Lucie | FL | 34953 |
| 338 | Dowdy, Alfred and Joyce | 2553 Deerfield Lake Court | Cape Coral | FL | 33993 |
| 341 | Dryman, Lauren f/k/a Bove, Lauren | 10211 Avelar Ridge Dr. | Riverview | FL | 33578 |
| 342 | Dudreck, Albert and Thomas | 10622 Camarelle Circle | Ft. Myers | FL | 33913 |
| 344 | Dunn, Keith and Crystal | 11547 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 345 | Durrance, Barry and Denise | 18030 Driftwood Lane | Lutz | FL | 33558 |
| 347 | Earley, Amanda and Peter | 15828 Caloosa Creek Circle | Ft. Myers | FL | 33908 |

| 348 | Eastman, Julie Mae, as Trustee | 7050 Ambrosia Lane Unit #3408 | Naples | FL | 34119 |
|---|---|---|---|---|---|
| 352 | Edwards, Norma | 1050 NW Leonardo Circle | Port St. Lucie | FL | 34986 |
| 362 | Ellison, Maynard and David | 6060 Jonathan's Bay Circle, Unit 202 | Ft. Myers | FL | 33908 |
| 363 | Eltahawy, Sherif and Leyon, Mikhail | 2195 3rd Lane SW | Vero Beach | FL | 32962 |
| 370 | Englander, Mark | 1690 Renaissance Commons Blvd., Unit 1508 | Boynton Beach | FL | 33426 |
| 373 | Entrust (Edward Adams) | 11843 Bayport Lane 804 | Fort Myers | FL | 33908 |
| 374 | Ercolino, Vincent | 1690 Renaissance Commons Blvd., Unit 1206 | Boynton Beach | FL | 33426 |
| 377 | Escudie, Mary | 4724 Butler National Dr. | Wesley Chapel | FL | 33543 |
| 380 | Estrela, Jose Antonio and Maria Agostinha Estrela as Trustees of the Estrela Family Living Trust under agreement dated the 1st day of April, 2008 | 1690 Renaissance Commons Blvd., Unit 1423 | Boynton Beach | FL | 33426 |
| 381 | Etter, Steven and Cathy | 18894 SE Jupiter Inlet Way | Tequesta | FL | 33469 |
| 382 | Evans, Donald and Barbara | 13944 Clubhouse Dr. | Tampa | FL | 33618 |
| 383 | Evans, Wessels and Pauline | 5235 Skyline Blvd. | Cape Coral | FL | 33914 |
| 384 | Ewald, Thomas and Christina | 6050 Jonathan's Bay, Unit 401 | Ft. Myers | FL | 33908 |
| 403 | Fischer, Dirk | 424 NW 38th Ave. | Cape Coral | FL | 33993 |
| 404 | Fisher, Regina | 1518 Thompson Ave | Lehigh Acres | FL | 33972 |
| 405 | Flaherty, Catherine (nka Catherine Dobbs) | 3501 Grassglen Place | Wesley Chapel | FL | 33544 |

| 406 | Flaherty, Sean | 1690 Renaissance Commons Blvd., Unit 1402 | Boynton Beach | FL | 33426 |
| 408 | Flores, David and Vasquez, Monica | 8936 SW 228th Lane | Miami | FL | 33190 |
| 410 | Fluharty, Carson and Charlene | 1706 Graduate Way | Pensacola | FL | 32514 |
| 414 | Foster, Gregg | 615-617 Memorial Dr. | Sebring | FL | 33870 |
| 416 | Fowler, Gerald and Darlene | 1219 Gordon Oaks Dr. | Plant City | FL | 33563 |
| 417 | Fox, Edwin and Lisa | 512 Southwest Camden Ave. | Stuart | FL | 34994 |
| 418 | Foxwell, Craig and Linda | 11207 Laurel Brook Court | Riverview | FL | 33569 |
| 426 | Frasiolas, Steve and Harriet | 11436 Mountain Ash Circle | Port St. Lucie | FL | 34987 |
| 428 | Frazier, Sr., Frank and Jessie | 412 S. First Street | Pensacola | FL | 32507 |
| 429 | Freel, Kevin | 2236 Soho Bay Court | Tampa | FL | 33606 |
| 433 | Fugazy, Lenni and Justin | 157 SE 16th Terrace | Cape Coral | FL | 33990 |
| 441 | Garcia, Alexander and Sylvia | 8049 West 36th Ave., Unit #1 | Hialeah | FL | 33018 |
| 447 | Garrett, June | 2310-2312 NE 8th Place | Cape Coral | FL | 33909 |
| 448 | Garrido, Carlos and Olga | 8111 West 36th Ave. #4 | Hialeah | FL | 33018 |
| 450 | Garvey, Stephen and Karen | 11813 Bayport Lane #3 | Ft. Myers | FL | 33908 |
| 456 | Geraci, Vincent and Joan | 420 NW 38th Ave. | Cape Coral | FL | 33993 |
| 457 | Gerber, Avis and Russell | 3800 Mossy Oak Dr. | Ft. Myers | FL | 33905 |
| 461 | Giannini Trust, Dominic | 622 SW 31st Street | Cape Coral | FL | 33914 |
| 462 | Giannoussidis, Nikolaos | 1189 Bayport Lane Unit 404 | Ft. Myers | FL | 33908 |
| 464 | Gill, Pamela and Theodore | 13464 Little Gem Circle | Ft. Myers | FL | 33913 |

| 466 | Gillman, James c/o Carolyn Houck | 6435 Dallas Ave. | Pensacola | FL | 32526 |
|-----|----------------------------------|------------------|-----------|-----|-------|
| 467 | Gittens, Dian | 4130 Bismark Palm Dr. | Tampa | FL | 33610 |
| 475 | Goede, John and Kristin | 7527 Bristol Circle | Naples | FL | 34120 |
| 481 | Gonzalez, Adalberto and Annette | 11336 Bridge Pine Dr. | Riverview | FL | 33569 |
| 489 | Gonzalez, Sergio and Maria | 3171 Sea Trawler Bend Apt. 2 North | Ft. Myers | FL | 33903 |
| 491 | Gordon, Ryan | 10302 Stone Moss Ave. | Tampa | FL | 33647 |
| 499 | Grassel, Eric and Svetlana | 3033 Lake Manatee Court | Cape Coral | FL | 33993 |
| 501 | Graziano, John and Lisa | 21509 Draycott Way | Land O'Lakes | FL | 34637 |
| 506 | Gregory, Robert and Fern | 11420 South West Mountain Ash Circle | Port St. Lucie | FL | 34987 |
| 508 | Griffith, Richard and Olga | 142 SW Covington Road | Port St. Lucie | FL | 34953 |
| 513 | Guillette, Jason and Melissa | 2525 White Sand Lane | Clearwater | FL | 33763 |
| 556 | Hahn, Letitia | 1690 Renaissance Commons Blvd., Unit 1221 | Boynton Beach | FL | 33426 |
| 557 | Hamilton, Roger | 1518 Jefferson Ave. | Lehigh Acres | FL | 33972 |
| 558 | Hamwee, Mark | 2557 Deerfield Lake Court | Cape Coral | FL | 33909 |
| 559 | Hanlon, Patrick and Ann | 3407 West Oakellar Ave. | Tampa | FL | 33611 |
| 565 | Harris, Ralph and Bain-Harris, Jean | 1601 Eldron Blvd., SE | Palm Bay | FL | 32909 |
| 566 | Harrison, Barrie and Hillary | 142 SE 20th Street | Cape Coral | FL | 33990 |
| 569 | Harter, Harry and Olga | 2040 NW 1st Street | Cape Coral | FL | 33993 |
| 573 | Harvey, Ronald and Brandy Jr. | 5919 Bilek Dr. | Pensacola | FL | 32526 |

| 575 | Hasselschwert, Craig and Jane | 8499 Chase Preserve Dr. | Naples | FL | 34113 |
|---|---|---|---|---|---|
| 576 | Hattemer, Greg and Jennifer | 2202 SW 13th Ave. | Cape Coral | FL | 33991 |
| 577 | Hatton, Patrick and Jeannette | 10912 Observatory Way | Tampa | FL | 33647 |
| 579 | Haywood, Manisha Adwani | 1690 Renaissance Commons Blvd. Unit 1127 | Boynton Beach | FL | 33426 |
| 592 | Hernandez, Humberto | 1204 NW 33 Place | Cape Coral | FL | 33993 |
| 602 | Hirt, Frederick and Ellen | 7814 Classics Dr. | Naples | FL | 34113 |
| 603 | Hobbie, Wendy Lee | 1690 Renaissance Commons Blvd., Unit 1411 | Boynton Beach | FL | 33426 |
| 605 | Hoffman, Hannelore and Lengel, Donna | 13964 Clubhouse Dr. | Tampa | FL | 33618 |
| 608 | Holt, Herschel and Karen | 200 Camp Harberson Lane | Baker | FL | 32531 |
| 609 | Hornbeck, Ronald and Linda | 174 Shadroe Cove Circle Unit 1003 | Cape Coral | FL | 33991 |
| 613 | Hubbard, Curtis and Michelle | 3617 East Renellie Circle | Tampa | FL | 33629 |
| 617 | Hughes, Amanda | 5938 Bilek Dr. | Pensacola | FL | 32526 |
| 620 | Hurley, Jonathan and April | 3745 Rockwood Dr. | Pace | FL | 32571 |
| 626 | Irvin, Timothy and Karen | 1690 Renaissance Commons Blvd., Unit 1216 | Boynton Beach | FL | 33426 |
| 627 | Ivory, James | 16315 Maya Circle | Punta Gorda | FL | 33955 |
| 629 | Jackson, Edmund | 3227 Surfside Blvd. | Cape Coral | FL | 33914 |
| 632 | Jackson, Tiffany (nka Tiffany Jackson Norris) | 6750 Gulley Lane | Pensacola | FL | 32505 |
| 639 | Jarman, Marcus and Jaclyn | 473 Pinebrook Circle | Cantonment | FL | 32533 |

| 642 | Jioia, Perry and Alice | 1690 Renaissance Commons Blvd., Unit 1327 | Boynton Beach | FL | 33426 |
|---|---|---|---|---|---|
| 647 | Johnson, Christopher | 2024 NW 5th Street | Cape Coral | FL | 33991 |
| 648 | Johnson, Edward and Gail | 2724 SW 36th Lane | Cape Coral | FL | 33914 |
| 652 | Joiner, David and Charity | 5505 Perkins Street | Pensacola | FL | 32526 |
| 653 | Jones, Brian and Davis, Kimberly | 2015 Sea Ray Shore Dr. | Clearwater | FL | 33763 |
| 655 | Jones, Kenneth | 6079 SE Crooked Oak Ave. | Hobe Sound | FL | 33455 |
| 657 | Jones, Rosetta and Lucious | 4894 Genevive Court | Pensacola | FL | 32526 |
| 658 | Joseph, David and Pamela | 514 NW Dover Court | Port St. Lucie | FL | 34983 |
| | Julia, Martha and Juan Carlos | 1690 Renaissance Commons Blvd., Unit 1521 | Boynton Beach | FL | 33426 |
| 660 | Junco, Jorge | 536 Vincinda Crest Way | Tampa | FL | 33619 |
| 661 | Kallfelz, Marita | 1690 Renaissance Commons Blvd., Unit 1315 | Boynton Beach | FL | 33426 |
| 663 | Kapalin, Daniel and Danielle | 14115 Stowbridge Ave. | Tampa | FL | 33626 |
| 664 | Karaian, George and Bernadette | 11842 Bayport Lane 2102 | Ft. Myers | FL | 33908 |
| 665 | Karcher, John and Coaker, Deborah | 1730 Old Burnt Store Road North | Cape Coral | FL | 33993 |
| 667 | Kaufman, Leslie | 1690 Renaissance Commons Blvd., Unit 1307 | Boynton Beach | FL | 33426 |
| 670 | Kehl, Hans and Beate | 4832 SE 24th Place | Cape Coral | FL | 33914 |
| 671 | Keller, Brad and Kerry | 9950 Via San Marco Loop | Ft. Myers | FL | 33905 |

| 672 | Kellner, Alan and Ilana | 1690 Renaissance Commons Blvd., Unit 1310 | Boynton Beach | FL | 33426 |
|---|---|---|---|---|---|
| 676 | Kelson, Sherrie | 5951 Annette Street | Pensacola | FL | 32506 |
| 679 | Kepler, LLC | 6071 Jonathan's Bay Circle, Unit 501 | Ft. Myers | FL | 33908 |
| 682 | Kim, Mai and Bui, Tom | 8561 Pegasus Dr. | Lehigh Acres | FL | 33971 |
| 684 | Kingsnorth, Bob and Grace | 2556 Deerfield Lake Court | Cape Coral | FL | 33993 |
| 687 | Knight, Rosemary | 21311 Morning Mist Way | Land O'Lakes | FL | 34637 |
| 688 | Knowles, Timothy and Tosha | 7636 Killiam Road | Century | FL | 32535 |
| 690 | Kolich, John and Susanna | 1690 Renaissance Commons Blvd., Unit 1519 | Boynton Beach | FL | 33426 |
| 692 | Kovens, Arthur and Martha | 1660 Renaissance Commons Blvd., Unit 2527 | Boynton Beach | FL | 33426 |
| 694 | Kramer, Dan and Carolyn | 3245 Sundance Circle | Naples | FL | 34109 |
| 695 | Kranz, Helene | 8644 Athena Court | Lehigh Acres | FL | 33971 |
| 696 | Krause, Donald | 11685 Bald Eagle Way | Naples | FL | 34120 |
| 697 | Krause, Howard as Trustee of the Naomi Krause Revocable Trust | 1690 Renaissance Commons Blvd, Unit 1109 | Boynton Beach | FL | 33426 |
| 698 | Kropf, Leneva Jean | 1690 Renaissance Commons Blvd., Unit 1205 | Boynton Beach | FL | 33426 |
| 699 | Krueckel, Susanne and Schneider, Wolfgang | 2724 SW 25th Street | Cape Coral | FL | 33914 |
| 709 | Larrazabal, Alejandro | 10902 NW 83rd Street Apt. 212 | Doral | FL | 33178 |
| 712 | Lau, Donald K. Trustee | 13936 Clubhouse Dr. | Tampa | FL | 33618 |

| 715 | Layton, Clark | 3208 39th Street West | Lehigh Acres | FL | 33971 |
|---|---|---|---|---|---|
| 722 | Lemberg, Mark and Diana | 1690 Renaissance Commons Blvd., Unit 1328 | Boynton Beach | FL | 33426 |
| 724 | Leon, Daimarys and Rodriguez, Yalier | 8111 W 36th Ave. Unit #6 | Hialeah | FL | 33018 |
| 731 | Levitan, Rosaliya | 81 Port Royal Dr. | Palm Coast | FL | 32164 |
| 733 | Lewis, Lesley | 1690 Renaissance Commons Blvd, Unit 1223 | Boynton Beach | FL | 33426 |
| 738 | Lister, Mindy and Martin | 1698 Brightleaf Circle | Cantonment | FL | 32533 |
|  | Litwin, Barry and Mel (as Trustee of the Mel Litwin (A/K/A Melvin Litwin)) Declaration Trust, u/a/d 2/28/06 | 1690 Renaissance Commons Blvd., Unit 1409 | Boynton Beach | FL | 33426 |
| 741 | LJPTRD, LLC - Patricia Sanford (POA) | 3853 Albacete Circle | Punta Gorda | FL | 33950 |
| 743 | Loader, Jennifer C. | 3918 West Bay Court Ave. | Tampa | FL | 33611 |
| 746 | Look, Peter | 2125 Santa Barbara Boulevard | Cape Coral | FL | 33990 |
| 747 | Lopez, Abner | 1009 Chadbourne Ave. | Lehigh Acres | FL | 33971 |
| 751 | Lopez, Stephen | 622 Wilmington Parkway | Cape Coral | FL | 33993 |
| 754 | Love, Nakisha | 2540 Middleton Grove Dr. | Brandon | FL | 33511 |
| 755 | Lowande, Paul and Renee | 2308 NE Juanita Place | Cape Coral | FL | 33909 |
| 757 | Lumar, Semyon and Darina | 11825 Bayport Lane, Unit #4 | Ft. Myers | FL | 33908 |
| 779 | Lundy, William and Gena | 8820 Hwy. 89 | Milton | FL | 32570 |
| 780 | Luntz, George and Adrienne | 1660 Renaissance Commons Blvd., Unit 2501 | Boynton Beach | FL | 33426 |

| 786 | Madera, Eligio and Belkys | 1301 SW Parma Ave. | Port St. Lucie | FL | 34953 |
| 788 | Madigan, Murphy | 1660 Renaissance Commons Blvd., Unit 2119 | Boynton Beach | FL | 33426 |
| 847 | Mallin, Karen and Jonathan | 3008 West San Carlos Street | Tampa | FL | 33629 |
| 848 | Maloy, Jack and Louise | 1328 SW 4th Ave. | Cape Coral | FL | 33991 |
| 849 | Mancini, Richard | 11813 Bayport Lane 304 | Ft. Myers | FL | 33908 |
| 852 | Maness, Danielle Lee | 1690 Renaissance Commons Blvd., Unit 1128 | Boynton Beach | FL | 33426 |
| 853 | Maniscalco, Frank and Grace | 11853 Bayport Lane #4 | Ft. Myers | FL | 33908 |
| 856 | Mantuo, Joe Ellen | 11001 Gulf Reflections Dr. Unit A308 | Ft. Myers | FL | 33908 |
| 858 | Maradona, Michael and Arlen | 20516 Ardore Lane | Estero | FL | 33928 |
| 862 | Marinell, Derek | 1047 Gladys Street | Lehigh Acres | FL | 33974 |
| 876 | Marion, James | 1172 South West Kickaboo Road | Port St. Lucie | FL | 34953 |
| 885 | Martin, Patrick and Alice | 11842 Bayport Lane #210-4 | Ft. Myers | FL | 33908 |
| 891 | Masih, Parveem | 2533 Deerfield Lake Court | Cape Coral | FL | 33909 |
| 892 | Mastrogiacomo, Kim | 6071 Jonathans Bay Circle, Unit 401 | Ft. Myers | FL | 33908 |
| 896 | Mattesich, John; Johnson, Rosemary and Morin, Barbara | 4338 Jacaranda Parkway | Cape Coral | FL | 33993 |
| 897 | Mattia, Michael and Mary Ellen | 10834 Kensington Park Ave. | Riverview | FL | 33569 |
| 904 | Mazzola, Bruce and Santos, Jeomarcio | 3590 Lansing Loop Unit #204 | Estero | FL | 33928 |

| 906 | McCarthy, Mary Ann and Miller, Vicki | 954 Marilyn Ave. S. | Lehigh Acres | FL | 33936 |
|-----|---------------------------------------|---------------------|--------------|----|-------|
| 910 | McDavid, Fernon and Loretta | 11321 Bridge Pine Dr. | Riverview | FL | 33569 |
| 916 | McKnight, Ashley and Gloria | 505 NW 3rd Place | Dania Beach | FL | 33004 |
| 918 | McMillan, Annette and John | 403 E. Maxwell Street | Pensacola | FL | 32503 |
| 923 | Medrano, Ramon and Nedy | 11411 Bridge Pine Dr. | Riverview | FL | 33569 |
| 925 | Meinholz, Nancy | 1660 Renaissance Commons Blvd. Unit 2211 | Boynton Beach | FL | 33426 |
| 926 | Meinke, Mark and Jennifer | 11540 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 927 | Meister, David and Diane | 6060 Jonathan's Bay Circle #302 | Ft. Myers | FL | 33908 |
| 929 | Mendez, Claudia | 12960 Turtle Cove Trail North | Ft. Myers | FL | 33903 |
| 930 | Mendez, Wilmer | 2201 N.E. 4th Ave. | Cape Coral | FL | 33909 |
| 932 | Menz, Charlotte | 112 SW 35th Ave. | Cape Coral | FL | 33991 |
| 936 | Meyer, Ken | 120 SE 4th Terrace | Cape Coral | FL | 33990 |
| 940 | Mihelich, George and Mara | 14015 SW 32nd Street | Miramar | FL | 33027 |
| 945 | Miller, Robert | 1660 Renaissance Commons Blvd, Unit 2205 | Boynton Beach | FL | 33426 |
| 949 | Miranda, Sergio | 8019 W. 36th Ave. Unit #6 | Hialeah | FL | 33018 |
| 952 | Mitchell, Robert and Bonnie | 1442 Eldorado Parkway | Cape Coral | FL | 33914 |
| 954 | Molina, Carlos and Margarita | 1690 Renaissance Commons Blvd., Unit 1308 | Boynton Beach | FL | 33426 |
| 963 | Morillo, Madelyn | 11337 Bridge Pine Dr. | Riverview | FL | 33569 |
| 967 | Morris, Robert | 14123 Stilton Street | Tampa | FL | 33626 |

| 969 | Mosley, Toni | 6143 Laurelwood Dr. | Ft. Myers | FL | 33905 |
| 972 | Mueller, Lawrence and Jaime | 939 Golden Pond Court | Cape Coral | FL | 33909 |
| 974 | Muenchen, Stephen M. Jr. | 2537 Deerfield Lake Court | Cape Coral | FL | 33909 |
| 975 | Muenchen, Stephen, Sr. | 2565 Keystone Lake Dr. | Cape Coral | FL | 33993 |
| 977 | Mundt, Elaine | 11806 Bayport Lane 2501 | Ft. Myers | FL | 33908 |
| 978 | Muradali, Fazeel | 5030 SW 126th Ave., #221 | Miramar | FL | 33027 |
| 979 | Murphy, William | 4755 Tuscan Loon Dr. | Tampa | FL | 33619 |
| 980 | Murray, Paul | 1690 Renaissance Commons Blvd., Unit 1522 | Boynton Beach | FL | 33426 |
| 981 | Murray, Paul and Lois | 1660 Renaissance Commons Blvd, Unit 2415 | Boynton Beach | FL | 33426 |
| 982 | Murray, Robin and Marva | 535 Davidson Street South East Unit 50 | Palm Bay | FL | 32909 |
| 989 | Naustdal, Donna | 2576 Keystone Lake Dr. | Cape Coral | FL | 33909 |
| 1004 | Nord, John | 13960 Clubhouse Dr. | Tampa | FL | 33618 |
| 1006 | Notarpasquale, Agostina | 11401 Bright Star Lane | Riverview | FL | 33569 |
| 1008 | Nowling, Michael and Angel | 3323 Farrish Road | Jay | FL | 32565 |
| 1010 | Nudelman, Gene and Levina, Tatyana | 7240 Wisteria Ave. | Parkland | FL | 33076 |
| 1011 | Nunes, Norberto | 7060 Venice Way Unit 301 | Naples | FL | 34119 |
| 1013 | Nunez, Carmela | 2650 Amber Lake Dr. | Cape Coral | FL | 33909 |
| 1018 | O'Brien, Jason | 19252 Stone Hedge Dr. | Tampa | FL | 33647 |
| 1024 | Ojeda, Benjamin and Nancy | 765 East Oklahoma Ave. | Labelle | FL | 33935 |

| 1025 | Okaily, Okaily AM and Lois | 1690 Renaissance Commons Blvd., Unit 1215 | Boynton Beach | FL | 33426 |
|------|------|------|------|------|------|
| 1026 | Okaily, Rhoda and Aly | 1690 Renaissance Commons Blvd., Unit 1412 | Boynton Beach | FL | 33426 |
| 1031 | Ondrovic, Joseph | 14122 Kensington Lane | Ft. Myers | FL | 33912 |
| 1033 | Organista, Maria | 2902 Nadine Lane | Lehigh Acres | FL | 33971 |
| 1038 | Osborne, Jason and Pemberton-Osborne, Janna | 14981 Toscana Way | Naples | FL | 34120 |
| 1039 | Osterberg, David and Andrea | 3404 W. Sevilla Street | Tampa | FL | 33629 |
| 1040 | Overbeck, David | 13525 Little Gem Circle | Ft. Myers | FL | 33913 |
| 1041 | Ovicher, Joseph and Celine | 1690 Renaissance Commons Blvd., Unit 1417 | Boynton Beach | FL | 33426 |
| 1042 | Owen, Scott and Emilia | 2032 North West 1st Place | Cape Coral | FL | 33993 |
| | Packard, Suki and Michael | 3028 Lake Manatee Court | Cape Coral | FL | 33909 |
| 1043 | Page, Michael and Rikke | 20092 Larino Loop | Estero | FL | 33928 |
| | Palmer, Olga | 1233 Kendari Terrace | Naples | FL | 34113 |
| 1045 | Parikh, Jayesh and Kirti | 7569 Bristol Circle | Naples | FL | 34120 |
| 1046 | Parker, William Jr. | 2322 Anthens Ave. | Pensacola | FL | 32507 |
| 1047 | Parker, William Sr. | 2318 Athens Ave. | Pensacola | FL | 32507 |
| 1048 | Parr, Patrick and Linda | 3145 NE 15th Ave. | Cape Coral | FL | 33909 |
| 1050 | Paskow, Ross and Jacyln | 12430 SW 50th Street - Unit 129 | Miramar | FL | 33027 |
| 1052 | Patchan, Catherine | 1345 Lyonshire Dr. | Wesley Chapel | FL | 33543 |
| 1054 | Pate, Jeremy | 6311 Ard Road | Pensacola | FL | 32526 |

| 1058 | Patterson, Kelli | 622 SW 147th Terrace | Pembroke Pines | FL | 33027 |
| 1060 | Pauls, Henry and Gerna | 14906 Man O War Dr. | Odessa | FL | 33556 |
| 1067 | Pech, Guenter and Eveline | 118 SE 23rd Place | Cape Coral | FL | 33990 |
| 1071 | Peltier, Isaac and Shanon | 2811 W. Shelton Ave. | Tampa | FL | 33611 |
| 1075 | Penzimer, Marilyn | 1690 Renaissance Commons Blvd., Unit 1420 | Boynton Beach | FL | 33426 |
| 1076 | Perecca, Joel | 1690 Renaissance Commons Blvd., Unit 1211 | Boynton Beach | FL | 33426 |
| 1078 | Perez, Andres and Raquel | 574 Eisenhower Blvd. | Lehigh Acres | FL | 33974 |
| 1079 | Perez, Carlos | 8129 W 36th Street Unit #3 | Hialeah | FL | 33018 |
| 1080 | Perez, Esdras | 1835 Dalmation Ave. | Port St. Lucie | FL | 34953 |
| 1086 | Peter, Arish and Dalal, Alpa | 1690 Renaissance Commons Blvd., Unit 1401 | Boynton Beach | FL | 33426 |
| 1088 | Pezze, Daniel and Carol | 1160 Wapello Street | North Port | FL | 34286 |
| 1089 | Pfeiffer, Marion | 1117 Cassin Ave. | Lehigh Acres | FL | 33971 |
| 1090 | Pham, Kelly | 8696 Pegasus Dr. | Lehigh Acres | FL | 33971 |
| 1092 | Pietrantonio, Robert and Tamie | 6050 Jonathan's Bay Circle Unit 102 Building 5 | Ft. Myers | FL | 33908 |
| 1100 | Poggio, James and Janice | 13409 Ainsworth Lane | Port Charlotte | FL | 33981 |
|  | Polychronopoulos, Nathalie and George | 1660 Renaissance Commons Blvd., Unit 2210 | Boynton Beach | FL | 33426 |
| 1106 | Pope, Jackie and Ronald | 433 Evening Falls Dr. | Pensacola | FL | 32534 |

| 1107 | Poplausky, Maurice and Hanna | 1690 Renaissance Commons Blvd., Unit 1529 | Boynton Beach | FL | 33426 |
|------|------|------|------|----|-------|
| 1109 | Portnoy, Sidney (decesased) and Sandra | 6572 East 41st Court | Sarasota | FL | 34243 |
| 1110 | Posey, Susan | 5934 Bilek Dr. | Pensacola | FL | 32526 |
| 1112 | Powell, Laura Ann and Lindeerth | 8870 SW 229th Street | Cutler Bay | FL | 33190 |
| 1116 | Prokopetz, Jerry, Jason and Linda | 2548 Deerfield Lake Court | Cape Coral | FL | 33909 |
| 1151 | Pruna, David and Jaimy | 8889 SW 225th Terrace | Cutler Bay | FL | 33190 |
| 1153 | PSC Enterprises, LLC | 362 Eisenhower Blvd. | Lehigh Acres | FL | 33974 |
| 1158 | Quaranta, Benito | 4541 Rolling Green Dr. | Wesley Chapel | FL | 33543 |
| 1162 | Quinn, Christopher and Katherine | 4210 West Kensington Ave. | Tampa | FL | 33629 |
| 1165 | Racius, Lubraine and Anese | 4013 24th Street SW | Lehigh Acres | FL | 33971 |
| 1168 | Rand, Richard | 8607 Athena Court | Lehigh Acres | FL | 33971 |
| 1171 | Rappa, Erasmo and Kathleen | 2128 South West 5th Ave. | Cape Coral | FL | 33991 |
| 1178 | RCR Holdings II, LLC | 1690 Renaissance Commons #1101 | Boynton Beach | FL | 33426 |
| 1179 | RCR Holdings II, LLC | 1690 Renaissance Commons #1102 | Boynton Beach | FL | 33426 |
| 1180 | RCR Holdings II, LLC | 1690 Renaissance Commons #1104 | Boynton Beach | FL | 33426 |
| 1181 | RCR Holdings II, LLC | 1690 Renaissance Commons #1105 | Boynton Beach | FL | 33426 |
| 1182 | RCR Holdings II, LLC | 1690 Renaissance Commons #1110 | Boynton Beach | FL | 33426 |
| 1183 | RCR Holdings II, LLC | 1690 Renaissance Commons #1112 | Boynton Beach | FL | 33426 |

| 1184 | RCR Holdings II, LLC | 1690 Renaissance Commons #1123 | Boynton Beach | FL | 33426 |
| 1185 | RCR Holdings II, LLC | 1690 Renaissance Commons #1129 | Boynton Beach | FL | 33426 |
| 1186 | RCR Holdings II, LLC | 1690 Renaissance Commons #1201 | Boynton Beach | FL | 33426 |
| 1187 | RCR Holdings II, LLC | 1690 Renaissance Commons #1204 | Boynton Beach | FL | 33426 |
| 1188 | RCR Holdings II, LLC | 1690 Renaissance Commons #1207 | Boynton Beach | FL | 33426 |
| 1189 | RCR Holdings II, LLC | 1690 Renaissance Commons #1208 | Boynton Beach | FL | 33426 |
| 1190 | RCR Holdings II, LLC | 1690 Renaissance Commons #1210 | Boynton Beach | FL | 33426 |
| 1191 | RCR Holdings II, LLC | 1690 Renaissance Commons #1214 | Boynton Beach | FL | 33426 |
| 1192 | RCR Holdings II, LLC | 1690 Renaissance Commons #1220 | Boynton Beach | FL | 33426 |
| 1193 | RCR Holdings II, LLC | 1690 Renaissance Commons #1222 | Boynton Beach | FL | 33426 |
| 1194 | RCR Holdings II, LLC | 1690 Renaissance Commons #1229 | Boynton Beach | FL | 33426 |
| 1195 | RCR Holdings II, LLC | 1690 Renaissance Commons #1305 | Boynton Beach | FL | 33426 |
| 1196 | RCR Holdings II, LLC | 1690 Renaissance Commons #1306 | Boynton Beach | FL | 33426 |
| 1197 | RCR Holdings II, LLC | 1690 Renaissance Commons #1316 | Boynton Beach | FL | 33426 |
| 1198 | RCR Holdings II, LLC | 1690 Renaissance Commons #1318 | Boynton Beach | FL | 33426 |
| 1199 | RCR Holdings II, LLC | 1690 Renaissance Commons #1319 | Boynton Beach | FL | 33426 |
| 1200 | RCR Holdings II, LLC | 1690 Renaissance Commons #1320 | Boynton Beach | FL | 33426 |
| 1201 | RCR Holdings II, LLC | 1690 Renaissance Commons #1322 | Boynton Beach | FL | 33426 |

| 1202 | RCR Holdings II, LLC | 1690 Renaissance Commons #1325 | Boynton Beach | FL | 33426 |
| 1203 | RCR Holdings II, LLC | 1690 Renaissance Commons #1326 | Boynton Beach | FL | 33426 |
| 1204 | RCR Holdings II, LLC | 1690 Renaissance Commons #1403 | Boynton Beach | FL | 33426 |
| 1205 | RCR Holdings II, LLC | 1690 Renaissance Commons #1407 | Boynton Beach | FL | 33426 |
| 1206 | RCR Holdings II, LLC | 1690 Renaissance Commons #1408 | Boynton Beach | FL | 33426 |
| 1207 | RCR Holdings II, LLC | 1690 Renaissance Commons #1414 | Boynton Beach | FL | 33426 |
| 1208 | RCR Holdings II, LLC | 1690 Renaissance Commons #1415 | Boynton Beach | FL | 33426 |
| 1209 | RCR Holdings II, LLC | 1690 Renaissance Commons #1416 | Boynton Beach | FL | 33426 |
| 1210 | RCR Holdings II, LLC | 1690 Renaissance Commons #1425 | Boynton Beach | FL | 33426 |
| 1211 | RCR Holdings II, LLC | 1690 Renaissance Commons #1516 | Boynton Beach | FL | 33426 |
| 1212 | RCR Holdings II, LLC | 1690 Renaissance Commons #1517 | Boynton Beach | FL | 33426 |
| 1213 | RCR Holdings II, LLC | 1690 Renaissance Commons #1518 | Boynton Beach | FL | 33426 |
| 1214 | RCR Holdings II, LLC | 1690 Renaissance Commons #1520 | Boynton Beach | FL | 33426 |
| 1219 | Reber, Todd and Melissa | 5385 Schaag Road | Molino | FL | 32577 |
| 1223 | Reilly, Reed and Victoria | 8648 Athena Court | Lehigh Acres | FL | 33971 |
| 1224 | Reino, Frank | 921 SW 23rd Street | Cape Coral | FL | 33990 |
| 1226 | Renaud, Paris and  Baird-Renaud, Merle | 1016 Willard Ave. | Lehigh Acres | FL | 33972 |
| 1227 | Renzetti, Nicholas and Adrienne | 1690 Renaissance Commons Blvd., Unit 1321 | Boynton Beach | FL | 33426 |

| 1230 | Restrepo, Soccoro | 8932 SW 228th Lane | Miami | FL | 33190 |
| 1233 | Riback, Martin- Trustees of the Martin Riback Revocable Trust Agreement dated April 4, 1997 | 1690 Renaissance Commons Blvd., Unit 1212 and Unit 1410 | Boynton Beach | FL | 33426 |
| 1237 | Richardson, Valerie | 8596 Athena Court | Lehigh Acres | FL | 33971 |
| 1238 | Richman, Steven and Marsha | 1690 Renaissance Commons Blvd., Unit 1422 | Boynton Beach | FL | 33426 |
| 1240 | Riley, Estela | 419 SW 19th Terrace | Cape Coral | FL | 33914 |
| 1244 | Risko, Mark and Beverly Ann | 5910 Bilek Dr. | Pensacola | FL | 32526 |
| 1250 | RMM Investments, LLC | 1660 Renaissance Commons Blvd, Unit 2112 | Boynton Beach | FL | 33426 |
| 1251 | RMM Investments, LLC | 1690 Renaissance Commons Blvd., Unit 1103 | Boynton Beach | FL | 33426 |
| 1259 | Robinson, Louis | 2809 37th St. S.W. | Leigh Acres | FL | 33976 |
| 1260 | Robinson, Peter | 8580 Athena Court | Lehigh Acres | FL | 33971 |
| 1262 | Robinson, Terry and Wallace | 2828 Wallace Lake Road | Pace | FL | 32571 |
| 1266 | Rodriguez, Iyanse | 1483 Southwest 146 Court | Miami | FL | 33184 |
| 1267 | Rodriguez, Otonier and Margarita | 14141 Whitter Lane | Port Charlotte | FL | 33981 |
| 1273 | Rose, Mary and Donnelly, James | 11837 Bayport Lane Unit #4 | Ft. Myers | FL | 33908 |
| 1277 | Rosen, Sheree | 11618 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 1279 | Roth, Stephen and Leslie | 6050 Jonathan's Bay Circle Unit 402 | Ft. Myers | FL | 33908 |

| 1281 | Rovezzi, James and Narcissa | 1660 Renaissance Commons Blvd, Unit 2418 | Boynton Beach | FL | 33426 |
| 1283 | Roy, Gerard and Nancy | 2832 SW 36th Terrace | Cape Coral | FL | 33914 |
| 1291 | Sabatino, Dominic and Hiskey, Richard | 1660 Renaissance Commons Blvd, Unit 2518 | Boynton Beach | FL | 33426 |
| 1293 | Saeks, Sieglinde | 2810 NW 14th Terrace | Cape Coral | FL | 33993 |
| 1295 | Sakalauskas, Alberto and Laura | 3142 SW Martin Street | Port St. Lucie | FL | 34988 |
| 1300 | Salter, Kenneth and Cindy | 5484 Inwood Dr. | Pace | FL | 32571 |
| 1301 | Saltzman, Scott and Jordana | 8485 Breezy Hill Dr. | Boynton Beach | FL | 33437 |
| 1309 | Santiago, Cesar and Crespo, Eileen | 12978 Turtle Cove Trail | North Ft. Myers | FL | 33903 |
| 1310 | Santillo, Keith | 1690 Renaissance Commons Blvd., Unit 1323 | Boynton Beach | FL | 33426 |
| 1313 | Santos, Joel | 3223 31st Street West | Lehigh Acres | FL | 33971 |
| 1317 | Schatzle, Judith | 3445 NW 18th Terrace | Cape Coral | FL | 33993 |
| 1320 | Schneider-Christians, Michael and Verena | 2549 Deerfield Lake Court | Cape Coral | FL | 33909 |
| 1322 | Schour, Stephen and Mitchell, Susan | 1690 Renaissance Commons Blvd., Unit 1106 | Boynton Beach | FL | 33426 |
| 1324 | Scocco, Bart | 3330 NW 39th Lane | Cape Coral | FL | 33993 |
| 1326 | Scott, Cynthia and Jonathan | 1984 Gloria Circle | Palm Bay | FL | 32905 |
| 1327 | Scott, Denise | 14051 Danpark Loop | Ft. Myers | FL | 33912 |
| 1330 | Seddon, Robert and Joan | 13946 Clubhouse Dr. | Tampa | FL | 33618 |
| 1333 | Sellman, Terry and Donna | 10710 Miracle Lane | New Port Richey | FL | 34654 |
| 1334 | Sena, Dale | 816 West Braddock Street | Tampa | FL | 33603 |

| 1335 | Serajuddowla, Mohammad and Ruth | 8710 Pegasus Dr. | Lehigh Acres | FL | 33971 |
|------|------|------|------|------|------|
| 1339 | Shaw, John | 827 SW 17th Street | Cape Coral | FL | 33991 |
| 1342 | Sheehan, Michael and Willman, Courtney and Hussey, Greer A. | 3531 SW 15th Place | Cape Coral | FL | 33914 |
| 1343 | Shehadi, Fred and Susan | 1423 Joseph Circle | Gulf Breeze | FL | 32563 |
| 1344 | Shelmandine, Gerald A. and Connie L., Hartley, Charles and Janet | 11106 Kiskadee Circle | New Port Richey | FL | 34654 |
| 1345 | Sher, Golub and Donna | 30018 Five Farms Ave. | Wesley Chapel | FL | 33543 |
| 1374 | Siddiqui, Hassan | 11429 Laurel Brook Court | Riverview | FL | 33569 |
| 1375 | Siegel, Sandra | 1690 Renaissance Commons Blvd., Unit 1427 | Boynton Beach | FL | 33426 |
| 1378 | Sierra, Santos | 8719 Pegasus Dr. | Lehigh Acres | FL | 33971 |
| 1382 | Simonian, Thomas and Petty, Barbara R. | 8582 Athena Court, Bldg. 4, Unit #210 | Lehigh Acres | FL | 33971 |
| 1384 | Sims, Fred | 1206 North "V" Street | Pensacola | FL | 32505 |
| 1385 | Sims, Willie | 3720 James Street | Pensacola | FL | 32505 |
| 1386 | Singh, Govinhd | 8374 Sumner Ave. | Ft. Myers | FL | 33908 |
| 1387 | Singleton, Robert and Krista | 5201 W. Neptune Way | Tampa | FL | 33609 |
| 1388 | Sistrunk, Earl | 6615 Sable Ridge Lane | Naples | FL | 34109 |
| 1390 | Skipper, Phillip and Cheryl | 1600 Evers Haven | Cantonment | FL | 32533 |
| 1391 | Smith, Christopher | 5205 Athens Way North | North Venice | FL | 34293 |
| 1392 | Smith, Gloria and Robert | 11837 Bayport Lane, Unit 1, Building 7, Phase 2 | Ft. Myers | FL | 33908 |
| 1408 | Steed, Max | 2580 Keystone Lake Dr. | Cape Coral | FL | 33993 |

| 1410 | Stein, Amy | 19269 Stone Hedge Dr. | Tampa | FL | 33647 |
|------|------------|------------------------|-------|-----|-------|
| 1414 | Stewart, Joseph and Sandra | 4338 Wildstar Circle | Wesley Chapel | FL | 33544 |
| 1417 | Strehle, Etta and Jones, Bruce | 542 Bimini Bay Boulevard | Apollo Beach | FL | 33572 |
| | Suarez, Humberto | 208 SE 6th Street | Cape Coral | FL | 33990 |
| 1421 | Sullivan, William and Sheila | 12623 20th Street East | Parrish | FL | 34219 |
| 1522 | Sutton, Stuart | 2210 Soho Bay Court | Tampa | FL | 33606 |
| 1524 | Swartz, Christopher and Sylvia | 4030 South West 9th Place | Cape Coral | FL | 33914 |
| 1527 | Sylvester, Kristen and Nolan | 5764 Jade Moon Circle | Milton | FL | 32583 |
| 1533 | Talerico, Michelle & Tom | 240 SE 29th Street | Cape Coral | FL | 33904 |
| 1535 | Taylor, George and Anna | 9345 Bell Ridge Dr. | Pensacola | FL | 32526 |
| 1536 | Taylor, Lloyd and Hoxter, Scott | 1660 Renaissance Commons Blvd., Unit 2603 | Boynton Beach | FL | 33426 |
| 1537 | Teegarden, Randy | 4433 Fieldview Circle | Wesley Chapel | FL | 33545 |
| 1538 | Teitelbaum, Ronald and Donna | 11825 Bayport Lane #502 | Ft. Myers | FL | 33908 |
| 1539 | Tempel, Harvey and Lisa | 1660 Renaissance Commons Blvd, Unit 2323 | Boynton Beach | FL | 33426 |
| 1540 | Templeton, Sherry | 13934 Clubhouse Dr. | Tampa | FL | 33618 |
| 1544 | Thompson, Benjamin and Deborah | 11527 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 1547 | Thompson, Venesia and Logan, Susan | 1690 Renaissance Commons Blvd., Unit 1226 | Boynton Beach | FL | 33426 |
| 1548 | Tighe, Edward | 2820 St. Barts Square | Vero Beach | FL | 32967 |
| 1550 | Toledo, Maria | 8141 W 36th Ave. #1 | Hialeah | FL | 33018 |

| 1552 | Tomac, Tom and Carrie | 11601 Hammocks Glade Dr. | Riverview | FL | 33569 |
|------|------------------------|----------------------------|-----------|----|-------|
| 1555 | Torres-Barajas, Ramiro and Torres, Noel | 1031 SW College Park Road | Port St. Lucie | FL | 34953 |
| 1556 | Torres-Lutz, Marcelo and Cecilia | 334 Cipriani Way | Venice | FL | 34275 |
| 1561 | Tran, Minh | 11307 Bridge Pine Dr. | Riverview | FL | 33569 |
| 1566 | Tuller Investments, LLC | 1690 Renaissance Commons Blvd., Unit 1419 | Boynton Beach | FL | 33426 |
| 1568 | Twin Crest Associates, LLC | 1660 Renaissance Commons Blvd., Unit 2212 | Boynton Beach | FL | 33426 |
| 1577 | Vacca, Natalie | 126 NW 3rd Ave. | Cape Coral | FL | 33993 |
| 1578 | Vaccaro, Chase and Robin | 14117 Stilton Street | Tampa | FL | 33626 |
| 1581 | Valentin, Miguel | 10902 NW 83rd St., Apt. 208 | Doral | FL | 33178 |
|      | Vargas, Odilio | 1690 Renaissance Commons Blvd., Unit 1424 | Boynton Beach | FL | 33426 |
| 1588 | Vayda, Richard and Rita | 366 Recker Highway | Auburndale | FL | 33823 |
| 1589 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. (3 of 8) #201 | Melbourne | FL | 32904 |
| 1590 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. (4 of 8) #102 | Melbourne | FL | 32904 |
| 1591 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. (6 of 8) #104 | Melbourne | FL | 32904 |
| 1592 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. (7 of 8) #205 | Melbourne | FL | 32904 |
| 1593 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. (8 of 8) #203 | Melbourne | FL | 32904 |

| 1594 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. #204 | Melbourne | FL | 32904 |
|---|---|---|---|---|---|
| | Verderame, Frances | 1690 Renaissance Commons Blvd., Unit 1219 | Boynton Beach | FL | 33426 |
| 1599 | Vieau, Mark | 11842 Bayport Lane, Building #2103 | Ft. Myers | FL | 33908 |
| 1600 | Vila, Desiree | 2204 Soho Bay Court | Tampa | FL | 33606 |
| 1602 | Villalobos, Gilliam | 8129 W. 36th Ave. Unit #4 | Hialeah | FL | 33018 |
| 1606 | Vitiello, Anthony and Laura | 2619 NW 10th Terrace | Cape Coral | FL | 33993 |
| 1612 | Wagner, Jonathon and Samantha | 11526 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 1618 | Wardallyy, Arthur | 8576 Athena Court | Lehigh Acres | FL | 33971 |
| 1619 | Warren, Megan and John | 919 Monroe Ave. | Lehigh Acres | FL | 33972 |
| 1628 | Weinsberg, Edgar and Yvonne | 6568 41st Street | Sarasota | FL | 34243 |
| 1630 | Weiss, Stephen Buckwald, David Borowiec, Gary (Sofla Realty NHL, LLC) | 711 SE 16th Court | Ft. Lauderdale | FL | 33304 |
| 1635 | White, Jill and Vincent | 11001 Gulf Reflections Dr., A304 | Ft. Myers | FL | 33907 |
| 1636 | White, Richard and Smith, Linda | 8495 Chase Preserve Dr. | Naples | FL | 34113 |
| 1640 | Wienstroer, Danny and Patrick | 11509 Hammocks Glade Dr. | Riverview | FL | 33569 |
| 1642 | Wilcox, Eric and Karen | 14117 Stowbridge Ave. | Tampa | FL | 33626 |
| 1643 | Wiley, John | 1541 Gerona Terrace | North Point | FL | 34286 |
| 1644 | Wiley, Thad | 1660 Renaissance Commons Blvd., Unit 2111 | Boynton Beach | FL | 33426 |

| 1646 | Willey, Ryan and Danielle | 1722 Graduate Way | Pensacola | FL | 32514 |
| 1647 | Williams, Catina | 1032 Kindly Road | North Ft. Myers | FL | 33903 |
| 1653 | Wilson, Darrell and Darlene | 24226 Santa Inez Road | Punta Gorda | FL | 33955 |
| 1658 | Wilson, Reginald and Smith, Marsha | 1917 North Liberty Street | Jacksonville | FL | 32206 |
| 1660 | Winn, Brandon and Juliet | 12616 20th Street East | Parrish | FL | 34219 |
| 1664 | Wohleber, David and Marlene | 4095 Cherrybrook Loop | Ft. Myers | FL | 33966 |
| 1666 | Woodard, Benjamin and Deborah | 10600 Tara Dawn Circle | Pensacola | FL | 32534 |
| 1668 | Woods, Randy and Sherry | 3205 North West 76th | Jennings | FL | 32053 |
| 1672 | Yamamoto, Sean and Christine | 1113 NE 4th Ave. | Cape Coral | FL | 33909 |
| 1674 | Yassa, Alain | 3402 NW 5th Terrace | Cape Coral | FL | 33993 |
| 1679 | Yudess, Daniel and Karen | 1131 Tropicana Parkway W | Cape Coral | FL | 33993 |
| 1680 | Yusuf, Nejeh | 3732 SW 7th Place #4 | Cape Coral | FL | 33914 |
| 1681 | Zagalsky, Yefim and Alekseyeva, Yelena | 1690 Renaissance Commons Blvd., Unit 1418 | Boynton Beach | FL | 33426 |
| 1684 | Zamora, Michael | 3044 Lake Manatee Dr. | Cape Coral | FL | 33909 |
| 1686 | Zavala, Carlos | 14119 Danpark Loop | Ft. Myers | FL | 33912 |
| 1687 | Zelazny, Louis | 405 NW 8th Terrace | Cape Coral | FL | 33991 |
| 1688 | Zhang, Dong | 2234 Soho Bay Court | Tampa | FL | 33606 |
| 1689 | Zhou, Zhongmin and Huang, Qinxi | 1660 Renaissance Commons Blvd., Unit 2416 | Boynton Beach | FL | 33426 |
| 1690 | Zitner, Sheldon | 1690 Renaissance Commons Blvd., Unit 1311 | Boynton Beach | FL | 33426 |

| 1794 | Venetian Village of Brevard Condo Association, Inc. | 1045 Venetian Dr. #202 | Melbourne | FL | 32904 |
|------|-----|-----|-----|-----|-----|

**附件 2 -声称属于泰山和/或其他被豁免方的中国石膏板（"案涉中国石膏板"）²**

**Exhibit 2 –Chinese Drywall alleged to be attributable to Taishan
and/or the Additional Released Parties ("Covered Chinese Drywall")**

| 产品<br>Product | 照片＃来自泰山产品标识目录（MDL22152-3 号文档和佛罗里达州法院 ECF 第 155-2 号 ）<br>**Photo # from Taishan Product ID Catalog (MDL Rec. Doc. 22152-3 and Florida Court ECF No. 155-2)** |
|---|---|
| A.  BNBM and Dragon Board | 22-26 |
| B.  C&K | 34-36 |
| C.  Chinese Manufacturer #2 (purple stamp) | 37 |
| D.  Crescent City Gypsum | 27-29 |
| E.  DUN | 42 |
| F.  IMT Gypsum | 30-33 |
| G.  ProWall | 43-44 |
| H.  TAIAN TAISHAN and Taihe edge tape | 1, 14-16 |
| I.  MADE IN CHINA MEET[S] OR EXCEED[S] | 13, 17-21 |
| J.  Drywall 4feet[x/*]12feet[x/*]1/2inch | 2-11 |

---

² 案涉中国石膏板不包括以下石膏板产品：Knauf, Knauf, Tianjin, KPT, Bedrock, ProRoc, Panel Rey, IMG, USG, Shamrock Gold, Lafarge, Georgia Pacific, National Gypsum，及任何在中华人民共和国以外制造的石膏板。

Covered Chinese Drywall excludes the following drywall products: Knauf, Knauf Tianjin, KPT, Bedrock, ProRoc, Panel Rey, IMG, USG, Shamrock Gold, Lafarge, Georgia Pacific, National Gypsum, and any drywall manufactured outside of the People's Republic of China.

| K.  Venture Supply | 38-41 |
|---|---|
| L.  White Edge Tape, boards with no markings or boards with no markings other than numbers or letters 白的封边胶, 没有标记的纸板或除数字或字母外没有标记的纸板[3] | 12 |

---

[3] 声称拥有此类案涉中国石膏板（泰山产品标识目录中的照片＃12）的没有列在主数据表格上的集体成员和缺席集体成员，需遵守索赔表中规定的其他证明要求。 参见第 12.1 节。

Absent Class Members and Class Members not listed on the Master Spreadsheet claiming to have this category of Covered Chinese Drywall (Photo #12 from Taishan Product ID Catalog) are subject to additional proof requirements set forth on the Claim Form.  *See* § 12.1.

## 附件 3--电汇指示

### Exhibit 3 – Wiring Instructions

1. 电文格式： FIN 103 Single Customer Credit Transfer
   Message Type:  FIN 103 Single Customer Credit Transfer

2. 收电行：TREAS NYC NEW YORK, NY US
   Receiver:  TREAS NYC NEW YORK, NY US

3. 受益人名称：US DISTRICT COURTS - LOUISIANA EASTERN
   Beneficiary Name : US DISTRICT COURTS - LOUISIANA EASTERN

4. 收款行编号：57D //FW021030004
   Beneficiary Bank No.:  57D //FW021030004

5. 账号：00004634
   The Account Number: 00004634

6. 附言：Chinese Drywall – MDL No. 2047 (Attorney Christy Eikhoff 404-881-4496)
   Reference:  Chinese Drywall – MDL No. 2047 (Attorney Christy Eikhoff 404-881-4496)

提示 1： 向美国财政部付款没有 SWIFT 代码。代理行将发送 FEDWIRE。

Note 1:  There is no SWIFT Code for payments to U.S. Treasury.  The correspondent bank will send FEDWIRE.

提示 2： 发送行和/或代理行收取的银行费用必须由发送方直接承担，不得从付款金额中扣除。

Note 2:  Bank fees imposed by the sending and/or correspondent bank must be borne directly by the sending party and cannot be deducted from the payment amount.

**附件 4 – 支付账单**
**EXHIBIT 4 – PAYMENT INVOICE**


[LEVIN SEDRAN 抬头]
[LEVIN SEDRAN LETTERHEAD]


[日期]

[Date]

发票号：泰山-0000[X]

Invoice No.: Taishan-0000[X]
发票日期：

Invoice Date:


泰山石膏有限公司
曾用名山东泰和东新股份有限公司和泰山石膏股份有限公司

Taishan Gypsum Company Ltd.

f/k/a Shandong Taihe Dongxin Co., Ltd. and

Taishan Gypsum Co., Ltd.


**发票**
**INVOICE**


关于：保密和解与责任豁免协议

Re:   Settlement Agreement and Release of claims

应当支付的总金额：                                   _____美元

**Total Amount Due:**                              **U.S. $_____**


付款指令：

Payment Instructions:


1. 电文格式： FIN 103 Single Customer Credit Transfer
   Message Type:  FIN 103 Single Customer Credit Transfer


2. 收电行：TREAS NYC NEW YORK, NY US
   Receiver:  TREAS NYC NEW YORK, NY US


3. 受益人名称：US DISTRICT COURTS - LOUISIANA EASTERN
   Beneficiary Name : US DISTRICT COURTS - LOUISIANA EASTERN

4. 收款行编号：57D //FW021030004
   Beneficiary Bank No.:  57D //FW021030004


5. 账号：00004634
   The Account Number: 00004634

6. 附言：Chinese Drywall – MDL No. 2047 (Attorney Christy Eikhoff 404-881-4496)
   Reference:  Chinese Drywall – MDL No. 2047 (Attorney Christy Eikhoff 404-881-4496)


**提示 1**：向美国财政部付款没有 SWIFT 代码。代理行将发送 FEDWIRE。

**Note 1:**  There is no SWIFT Code for payments to U.S. Treasury.  The correspondent bank will send FEDWIRE.


**提示 2**：发送行和/或代理行收取的银行费用必须由发送方直接承担，不得从付款金额中扣除。

**Note 2:**  Bank fees imposed by the sending and/or correspondent bank must be borne directly by the sending party and cannot be deducted from the payment amount.

**附件5 - 依据第4.1.8条返还资金的拟议命令草案**
**Exhibit 5 – Draft Proposed Order for Return of Funds Pursuant to Section 4.1.8**

美国联邦地方法院
UNITED STATES DISTRICT COURT

路易斯安那州东区

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 关于：中国制造石膏板产品责任诉讼<br>IN RE: CHINESE MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | *<br><br>* | 多区诉讼编号 2:09-md-2047<br>MDL No. 2:09-md-2047<br><br>部L（法伦法官）<br>SECTION L (JUDGE FALLON） |
| 本文件涉及：<br>THIS DOCUMENT RELATES TO: | * | （威尔金斯大法官 ） |
| 全部诉讼（除了*The Mitchell Co., Inc. v.*<br>*Knauf Gips KG, et al.,* 民事诉讼编号 09-<br>4115 (E.D. La.)） | * | MAG. (2) (JUDGE WILKINSON) |
| **ALL ACTIONS (except *The Mitchell<br>Co., Inc. v. Knauf Gips KG, et al.,* Civil<br>Action No. 09-4115 (E.D. La.))** | * | |

拟议命令
**PROPOSED ORDER**

基于《集体和解协议》（"集体和解协议"）所述的充分理由，书记员被授权和指示对从泰山石膏有限公司（曾用名山东泰和东新股份有限公司）和泰安市泰山纸面石膏板有限公司（合称"泰山"）收到的存放在本法院登记处、与截至目前的集体和解协议相关的资

金进行分发，加上所有利息，减去法院批准的截至目前的任何支出及管理资金的评估费用，应付至：

For sufficient cause shown under the Class Settlement Agreement ("Class Settlement Agreement"), the clerk is authorized and directed to disperse the funds on deposit in the registry of this Court received from Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan"),in connection with the Class Settlement Agreement to date, plus all interest earned, minus any prior Court-approved disbursements to date, less the assessment fee for the administration of funds, payable to:

> 泰山的代理律师奥斯顿律师事务所
> Alston & Bird, LLP as attorneys for Taishan
>
> 佐治亚州亚特兰大市1201西桃树街，30309
> 1201 West Peachtree Street
>
> Atlanta, Georgia 30309

路易斯安那州新奥尔良，20__年____月____日。
New Orleans, Louisiana, this           day of _____, 20__.

_____

Eldon E. Fallon
美国联邦地方法院法官
United States District Judge

## 附件 6-针对泰山和其他被豁免方的待审案件清单
## Exhibit 6 - List of cases pending against Taishan and the Additional Released Parties

### 联邦法院案件
### Federal Court Cases

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-02981-EEF-JCW | *Donaldson et al v. Knauf Gips KG et al* | | | 3/3/2009 |
| 2:09-cv-03127-EEF-JCW | *Roberts et al v. Knauf Gips KG et al* | | | 3/24/2009 |
| 2:09-cv-03135-EEF-JCW | *Alexander et al v. Knauf Gips KG et al* | | | 3/24/2009 |
| 2:09-cv-03136-EEF-JCW | *Gilberti et al v. Knauf Gips KG* | | | 3/24/2009 |
| 2:09-cv-03156-EEF-JCW | *Ancira et al v. Knauf Gips KG et al* | | | 3/27/2009 |
| 2:09-cv-03157-EEF-JCW | *Haindel v. Knauf Gips KG et al* | | | 3/27/2009 |
| 2:09-cv-03192-EEF-JCW | *Mitchell et al v. Knauf Gips KG et al* | | | 3/31/2009 |
| 2:09-cv-03193-EEF-JCW | *Stayton v. Knauf Gips KG et al* | | | 3/31/2009 |
| 2:09-cv-03243-EEF-JCW | *Barone v. Knauf Gips KG et al* | | | 4/8/2009 |
| 2:09-cv-03265-EEF-JCW | *Morlas et al v. Knauf Gips KG et al* | | | 4/9/2009 |
| 2:09-cv-03282-EEF-JCW | *Robinson et al v. Knauf Gips KG et al* | | | 4/14/2009 |
| 2:09-cv-03309-EEF-JCW | *Conrad v. Knauf Gips KG et al* | | | 4/16/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case<br>Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-03384-EEF-JCW | *Perez et al v. Knauf Gips KG et al* | | | 4/28/2009 |
| 2:09-cv-03422-EEF-JCW | *Mai et al v. Knauf Gips KG et al* | | | 5/1/2009 |
| 2:09-cv-03423-EEF-JCW | *Vu et al v. Knauf Gips KG et al* | | | 5/1/2009 |
| 2:09-cv-03424-EEF-JCW | *Peyton et al v. Knauf Gips KG et al* | | | 5/1/2009 |
| 2:09-cv-03425-EEF-JCW | *Martin et al v. Knauf Gips KG et al* | | | 5/1/2009 |
| 2:09-cv-03426-EEF-JCW | *Bourg et al v. Knauf Gips KG et al* | | | 5/1/2009 |
| 2:09-cv-03427-EEF-JCW | *Cresson et al v. Knauf Gips KG et al* | | | 5/1/2009 |
| 2:09-cv-03479-EEF-JCW | *Fazande et al v. Knauf Gips KG et al* | | | 5/8/2009 |
| 2:09-cv-03525-EEF-JCW | *Davis et al v. Knauf Gips KG et al* | | | 5/12/2009 |
| 2:09-cv-03526-EEF-JCW | *Ceruti et al v. Knauf Gips KG et al* | | | 5/12/2009 |
| 2:09-cv-03535-EEF-JCW | *Brumfield et al v. Knauf Gips KG et al* | | | 5/13/2009 |
| 2:09-cv-03536-EEF-JCW | *Mai et al v. Knauf Gips KG et al* | | | 5/13/2009 |
| 2:09-cv-03634-EEF-JCW | *Bryant v. Knauf Gips KG et al* | | | 5/22/2009 |
| 2:09-cv-03635-EEF-JCW | *Donnelly et al v. Knauf Gips KG et al* | | | 5/22/2009 |
| 2:09-cv-03636-EEF-JCW | *Jaruzel et al v. Knauf Gips KG et al* | | | 5/22/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-03637-EEF-JCW | *Cassagne et al v. Knauf Gips KG et al* | | | 5/22/2009 |
| 2:09-cv-03638-EEF-JCW | *Mays et al v. Knauf Gips KG et al* | | | 5/22/2009 |
| 2:09-cv-03639-EEF-JCW | *Simmons et al v. Knauf Gips KG et al* | | | 5/22/2009 |
| 2:09-cv-03812-EEF-JCW | *Greco v. Knauf Gips KG et al* | | | 6/10/2009 |
| 2:09-cv-03836-EEF-JCW | *Harding et al v. Knauf Gips KG et al* | | | 6/11/2009 |
| 2:09-cv-03837-EEF-JCW | *Macombrer et al v. Knauf Gips KG et al* | | | 6/11/2009 |
| 2:09-cv-03838-EEF-JCW | *Pennington v. Knauf Gips KG et al* | | | 6/11/2009 |
| 2:09-cv-03840-EEF-JCW | *Berthaut v. Knauf Gips KG et al* | | | 6/11/2009 |
| 2:09-cv-03923-EEF-JCW | *Chiappetta et al v. Knauf Gips KG et al* | | | 6/18/2009 |
| 2:09-cv-03926-EEF-JCW | *Maggiore et al v. Knauf Gips KG et al* | | | 6/18/2009 |
| 2:09-cv-03927-EEF-JCW | *Fisher et al v. Knauf Gips KG et al* | | | 6/18/2009 |
| 2:09-cv-03929-EEF-JCW | *Tabor et al v. Knauf Gips KG et al* | | | 6/18/2009 |
| 2:09-cv-03930-EEF-JCW | *Methvin et al v. Knauf Gips KG et al* | | | 6/18/2009 |
| 2:09-cv-03931-EEF-JCW | *Theard et al v. Knauf Gips KG et al* | | | 6/18/2009 |
| 2:09-cv-03932-EEF-JCW | *Antoine et al v. Knauf Gips KG et al* | | | 6/18/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-03959-EEF-JCW | *Alonzo v. Knauf Gips KG et al* | | | 6/19/2009 |
| 2:09-cv-03960-EEF-JCW | *Meyer et al v. Knauf Gips KG et al* | | | 6/19/2009 |
| 2:09-cv-03961-EEF-JCW | *Peres et al v. Knauf Gips KG et al* | | | 6/19/2009 |
| 2:09-cv-04100-EEF-JCW | *Staub et al v. Knauf Gips KG et al* | | | 6/15/2009 |
| 2:09-cv-04101-EEF-JCW | *Lewis et al v. Knauf Gips KG et al* | | | 6/15/2009 |
| 2:09-cv-04102-EEF-JCW | *Evans et al v. Knauf Gips KG et al* | | | 6/15/2009 |
| 2:09-cv-04112-EEF-JCW | *Allen et al v. Knauf Plasterboard Tianjin Co., Ltd. et al* | Middle District of Florida | 2:09-54-UA-DNF | 6/24/2009 |
| 2:09-cv-04113-EEF-JCW | *Ankney v. Knauf Gips KG et al* | Middle District of Florida | 2:09-166 | 6/24/2009 |
| 2:09-cv-04115-EEF-JCW | *Mitchell Company Inc v. Knauf Gips KG et al* | Northern District of Florida | 3:09-cv-89 MCR | 6/24/2009 |
| 2:09-cv-04116-EEF-JCW | *Riesz et al v. Knauf Plasterboard Tianjin Co., Ltd. et al* | Southern District of Florida | 2:09-cv-60371 | 6/22/2009 |
| 2:09-cv-04117-EEF-JCW | *Vickers et al v. Knauf Gips KG et al* | Southern District of Florida | 1:09-cv-20510 | 6/22/2009 |
| 2:09-cv-04118-EEF-JCW | *Garcia et al v. Lennar Corporation et al* | Southern District of Florida | 1:09-cv-20739 | 6/22/2009 |
| 2:09-cv-04119-EEF-JCW | *Morris-Chin et al v. Knauf Plasterboard Tianjin Co., Ltd. et al* | Southern District of Florida | 1:09-cv-20796 | 6/22/2009 |
| 2:09-cv-04122-EEF-JCW | *Guidry et al v. Knauf Gips KG et al* | | | 6/16/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-04145-EEF-JCW | *Moore et al v. Knauf Gips KG et al* | | | 6/17/2009 |
| 2:09-cv-04146-EEF-JCW | *Myers et al v. Knauf Gips KG et al* | | | 6/17/2009 |
| 2:09-cv-04147-EEF-JCW | *Carter et al v. Knauf Gips KG et al* | | | 6/17/2009 |
| 2:09-cv-04148-EEF-JCW | *Serio v. Knauf Gips KG et al* | | | 6/17/2009 |
| 2:09-cv-04154-EEF-JCW | *McCrary et al v. Knauf Gips KG et al* | | | 6/23/2009 |
| 2:09-cv-04273-EEF-JCW | *Gritter et al v. Knauf Gips KG et al* | | | 7/6/2009 |
| 2:09-cv-04274-EEF-JCW | *Dakin et al v. Knauf Gips KG et al* | | | 7/6/2009 |
| 2:09-cv-04275-EEF-JCW | *Amerson et al v. Knauf Gips KG et al* | | | 7/6/2009 |
| 2:09-cv-04287-EEF-JCW | *Pizani et al v. Knauf Gips KG et al* | | | 7/7/2009 |
| 2:09-cv-04293-EEF-JCW | *Rayfield et al v. Knauf Gips KG et al* | Southern District of Alabama | 09-255 | 7/10/2009 |
| 2:09-cv-04295-EEF-JCW | *Feliciano et al v. Knauf Gips KG et al* | Southern District of Florida | 1:09-cv-21027-KMM | 7/16/2009 |
| 2:09-cv-04296-EEF-JCW | *Fernandez et al v. Knauf Gips KG et al* | Southern District of Florida | 1:09-cv-21028-KMM | 7/16/2009 |
| 2:09-cv-04297-EEF-JCW | *Pelligra v. Knauf Gips KG et al* | Southern District of Florida | 09-21055-DLG | 7/16/2009 |
| 2:09-cv-04298-EEF-JCW | *Rizzo et al v. Knauf Gips KG et al* | Southern District of Florida | 09-21057-KMM | 7/16/2009 |
| 2:09-cv-04299-EEF-JCW | *Flores et al v. Knauf Gips KG et al* | Southern District of Florida | 09-21060-KMM | 7/16/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-04300-EEF-JCW | *Valdes et al v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-21061 | 7/16/2009 |
| 2:09-cv-04301-EEF-JCW | *Oves v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-21062 | 7/16/2009 |
| 2:09-cv-04302-EEF-JCW | *Leben et al v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-21063 | 7/16/2009 |
| 2:09-cv-04303-EEF-JCW | *Villalta et al v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-21145 | 7/16/2009 |
| 2:09-cv-04304-EEF-JCW | *Sardina et al v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-21146 | 7/16/2009 |
| 2:09-cv-04306-EEF-JCW | *Scritchfield et al v. Knauf Gips KG et al* | Southern District of Florida | 09-14111-DLG | 7/16/2009 |
| 2:09-cv-04308-EEF-JCW | *Kelly v. Knauf Gips KG et al* | Southern District of Florida | 09-14125-DLG | 7/16/2009 |
| 2:09-cv-04309-EEF-JCW | *Downs et al v. Knauf Gips KG et al* | Southern District of Florida | 09-14126-DLG | 7/16/2009 |
| 2:09-cv-04310-EEF-JCW | *Teefy et al v. Knauf Gips KG et al* | Southern District of Florida | 09-14127-KMM | 7/16/2009 |
| 2:09-cv-04311-EEF-JCW | *Malkki et al v. Knauf Gips KG et al* | Southern District of Florida | 09-14128-KMM | 7/16/2009 |
| 2:09-cv-04312-EEF-JCW | *O'Hear v. Knauf Gips KG et al* | Southern District of Florida | 09-14129-KMM | 7/16/2009 |
| 2:09-cv-04313-EEF-JCW | *Bradford v. Knauf Gips KG et al* | Southern District of Florida | 09-14137-DLG | 7/16/2009 |
| 2:09-cv-04314-EEF-JCW | *Knapp et al v. Knauf Gips KG et al* | Southern District of Florida | 09-14138-JEM | 7/16/2009 |
| 2:09-cv-04315-EEF-JCW | *Schurer v. Knauf Gips KG et al* | Southern District of Florida | 09-14139-KMM | 7/16/2009 |
| 2:09-cv-04316-EEF-JCW | *Catalano et al v. Knauf Gips KG et al* | Southern District of Florida | 09-14140-JEM | 7/16/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-04318-EEF-JCW | *Badchkam v. Knauf Gips KG et al* | Southern District of Florida | 09-14142-DLG | 7/16/2009 |
| 2:09-cv-04319-EEF-JCW | *Peterson et al v. Treasure Coast Homes, LLC et al* | Southern District of Florida | 09-14154-DLG | 7/16/2009 |
| 2:09-cv-04320-EEF-JCW | *Foster v. Northstar Holdings, Inc. et al* | Southern District of Florida | 09-80535-KMM | 7/16/2009 |
| 2:09-cv-04321-EEF-JCW | *Feuerberg et al v. Knauf Gips KG et al* | Southern District of Florida | 09-80644-KMM | 7/16/2009 |
| 2:09-cv-04322-EEF-JCW | *Frais v. Knauf Gips KG et al* | Southern District of Florida | 09-80730-KMM | 7/16/2009 |
| 2:09-cv-04323-EEF-JCW | *Ledet et al v. Knauf Gips KG et al* | Middle District of Louisiana | 3:09-301 | 7/9/2009 |
| 2:09-cv-04344-EEF-JCW | *Schields et al v. Knauf Gips KG et al* | | | 7/8/2009 |
| 2:09-cv-04345-EEF-JCW | *Dunn et al v. Knauf Gips KG et al* | | | 7/8/2009 |
| 2:09-cv-04351-EEF-JCW | *Berthelotte et al v. Knauf Gips KG et al* | | | 7/9/2009 |
| 2:09-cv-04368-EEF-JCW | *Moreau et al v. Knauf Gips KG et al* | | | 7/9/2009 |
| 2:09-cv-04381-EEF-JCW | *Broesder v. Knauf Gips KG et al* | | | 7/13/2009 |
| 2:09-cv-04513-EEF-JCW | *Enclarde et al v. Knauf Gips KG et al* | | | 7/28/2009 |
| 2:09-cv-04538-EEF-JCW | *Evans v. Knauf Gips KG et al* | Civil District Court, Orleans Parish | 09-6625 K | 7/28/2009 |
| 2:09-cv-04655-EEF-JCW | *Smith v. Knauf Gips KG et al* | Middle District of Florida (Ft. Myers) | 2:09-cv-418-JES-SPC | 8/6/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-04656-EEF-JCW | *Schatzle et al v. Knauf Gips KG et al* | Middle District of Florida (Ft. Myers) | 2:09-cv-419-UA-DNF | 7/31/2009 |
| 2:09-cv-05337-EEF-JCW | *Mitchell v. Knauf Gips KG et al* | | | 8/3/2009 |
| 2:09-cv-05828-EEF-JCW | *Jarrell et al v. Knauf Gips KG et al* | | | 8/19/2009 |
| 2:09-cv-05830-EEF-JCW | *Hopper et al v. Knauf Gips KG et al* | | | 8/19/2009 |
| 2:09-cv-05844-EEF-JCW | *Allen et al v. Knauf Gips KG et al* | | | 7/29/2009 |
| 2:09-cv-05845-EEF-JCW | *Leverette et al v. Knauf Gips KG et al* | | | 7/29/2009 |
| 2:09-cv-05869-EEF-JCW | *Goldstein v. Knauf Gips KG et al* | Southern District of Florida (Ft Lauderdale) | 0:09-61096 CMA | 8/27/2009 |
| 2:09-cv-05871-EEF-JCW | *Plaza v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-22159 JLG | 8/27/2009 |
| 2:09-cv-05872-EEF-JCW | *Victores et al v. Lennar Homes, LLC et al* | Southern District of Florida (Miami) | 1:09-22160 KMM | 8/27/2009 |
| 2:09-cv-05874-EEF-JCW | *Green et al v. Knauf Gips KG et al* | | | 8/25/2009 |
| 2:09-cv-05946-EEF-JCW | *LeBlanc et al v. Knauf Gips KG et al* | | | 8/28/2009 |
| 2:09-cv-06051-EEF-JCW | *Pastentine v. Knauf Gips KG et al* | | | 9/1/2009 |
| 2:09-cv-06052-EEF-JCW | *Orduna et al v. Knauf Gips KG et al* | | | 9/1/2009 |
| 2:09-cv-06081-EEF-JCW | *Peters v. Knauf Gips KG et al* | | | 9/2/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-06082-EEF-JCW | *Roberts v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06083-EEF-JCW | *Smith et al v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06084-EEF-JCW | *St. Martin v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06085-EEF-JCW | *Jones v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06086-EEF-JCW | *Bailey v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06087-EEF-JCW | *Carter v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06088-EEF-JCW | *Joseph v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06089-EEF-JCW | *Kuykendall v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06090-EEF-JCW | *Eugene v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06091-EEF-JCW | *Smith v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06092-EEF-JCW | *Myles v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06093-EEF-JCW | *Tromatore et al v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06094-EEF-JCW | *Gardette et al v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06095-EEF-JCW | *Zubrowski et al v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06096-EEF-JCW | *Ambrose v. Knauf Gips KG et al* | | | 9/2/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-06097-EEF-JCW | *Clark v. Knauf Gips KG et al* | | | 9/2/2009 |
| 2:09-cv-06103-EEF-JCW | *Hernandez et al v. Knauf Gips KG et al* | | | 9/3/2009 |
| 2:09-cv-06507-EEF-JCW | *Campanelli et al v. Knauf Gips KG et al* | Middle District of Florida (Ft. Myers) | 2:09-558 | 10/2/2009 |
| 2:09-cv-06525-EEF-JCW | *Godwin et al v. Knauf Gips KG et al* | Southern District of Alabama (Mobile) | 1:09-564 | 9/30/2009 |
| 2:09-cv-06526-EEF-JCW | *Panneton et al v. Knauf Gips KG et al* | USDC-SDAL (MOBILE) | 1:09-565 | 10/1/2009 |
| 2:09-cv-06529-EEF-JCW | *Torres-Lutz et al v. Shandong Taihe Dongxin Stock Co., Ltd. et al* | USDC - MDFL (Tampa) | 8:09-1802-RAL-TBM | 10/1/2009 |
| 2:09-cv-06530-EEF-JCW | *Morris v. Beijing New Building Materials Co., Ltd. et al* | USDC - MDFL (Tampa) | 8:09-1803-VMC-TBM | 10/1/2009 |
| 2:09-cv-06531-EEF-JCW | *Posey et al v. Beijing New Building Materials Co., Ltd. et al* | USDC - NDFL (Pensacola) | 3:09-373-MCR-EMT | 10/1/2009 |
| 2:09-cv-06532-EEF-JCW | *Belfour et al v. Knauf Gips KG et al* | Southern District of Florida (Ft Lauderdale) | 0:09-61362 | 10/1/2009 |
| 2:09-cv-06533-EEF-JCW | *Davy et al v. Knauf Gips KG et al* | Southern District of Florida (Ft Lauderdale) | 0:09-61363 | 10/1/2009 |
| 2:09-cv-06538-EEF-JCW | *Metzl v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-22570 | 10/1/2009 |
| 2:09-cv-06545-EEF-JCW | *Steiner et al v. Beijing New Building Material, PLC et al* | Southern District of Florida (West Palm Beach) | 9:09-81259 | 10/1/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-06547-EEF-JCW | *Difilippo et al v. Knauf Gips KG et al* | Southern District of Florida (West Palm Beach) | 9:09-81261 | 10/1/2009 |
| 2:09-cv-06553-EEF-JCW | *Alldredge et al v. Knauf Gips KG et al* | Southern District of Mississippi (Southern) | 1:09-651 | 9/30/2009 |
| 2:09-cv-06554-EEF-JCW | *Heischober et al v. Taishan Gypsum Co. Ltd. et al* | Eastern District of Virginia (Norfolk) | 2:09-428 | 10/2/2009 |
| 2:09-cv-06555-EEF-JCW | *Morgan et al v. Taishan Gypsum Co. Ltd. et al* | Eastern District of Virginia (Newport News) | 4:09-115 | 10/2/2009 |
| 2:09-cv-06686-EEF-JCW | *Hinkley et al v. Taishan Gypsum Co. Ltd. et al* | USDC - EDNC (Northern Division) | 2:09-00025-FL | 10/15/2009 |
| 2:09-cv-06687-EEF-JCW | *Germano et al v. Taishan Gypsum Co. Ltd. et al* | Eastern District of Virginia (Norfolk) | 2:09-cv-202 | 10/13/2009 |
| 2:09-cv-06690-EEF-JCW | *Gross et al v. Knauf Gips KG et al* | USCA 5th Circuit | 11-30619 | 10/7/2009 |
| 2:09-cv-06738-EEF-JCW | *Heritage Homes of Northwest Florida, LLC v. Knauf Gips KG et al* | Northern District of Florida (Pensacola) | 3:09-409 | 10/13/2009 |
| 2:09-cv-06752-EEF-JCW | *Mills v. Knauf Gips KG et al* | Middle District of Louisiana (Baton Rouge) | 3:09-721 | 10/22/2009 |
| 2:09-cv-06753-EEF-JCW | *Legendre et al v. Knauf Gips KG et al* | Southern District of Mississippi (Southern) | 1:09-654 | 10/13/2009 |
| 2:09-cv-07042-EEF-JCW | *Ashford et al v. Knauf Gips KG et al* | | | 10/26/2009 |
| 2:09-cv-07131-EEF-JCW | *Ghafari v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-21331 | 11/2/2009 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:09-cv-07549-EEF-JCW | *Lewis et al v. Knauf Gips KG et al* | Middle District of Louisiana (Baton Rouge) | 3:09-937 | 12/8/2009 |
| 2:09-cv-07550-EEF-JCW | *Jordan et al v. Knauf Gips KG et al* | Middle District of Louisiana (Baton Rouge) | 3:09-938 | 12/8/2009 |
| 2:09-cv-07551-EEF-JCW | *Robins et al v. Knauf Gips KG et al* | Middle District of Louisiana (Baton Rouge) | 3:09-939 | 12/8/2009 |
| 2:10-cv-00333-EEF-JCW | *McDuffie et al v. Knauf Gips KG et al* | Southern District of Alabama (Mobile) | 1:09-550 | 2/18/2010 |
| 2:10-cv-00340-EEF-JCW | *Louisiana State v. Knauf Gips KG et al* | Civil District Court, Orleans Parish | 2010-392 E | 2/5/2010 |
| 2:10-cv-00361-EEF-JCW | *Wiltz et al v. Beijing New Building Material Public Limited Company et al* | USCA 5th Circuit | 11-30619 | 2/10/2010 |
| 2:10-cv-00860-EEF-JCW | *Meister v. Knauf Gips KG et al* | Middle District of Florida (Ft. Myers) | 2:10-048 | 3/16/2010 |
| 2:10-cv-01109-EEF-JCW | *Pampel et al v. Knauf GIPS KG et al* | Southern District of Alabama (Mobile) | 1:09-554 | 4/23/2010 |
| 2:10-cv-01553-EEF-JCW | *Foret et al v. Knauf Gips KG et al* | 22nd Judicial District Court Parish of St. Tammany | 2009-13673 | 5/24/2010 |
| 2:11-cv-00080-EEF-JCW | *Abel v. Taishan Gypsum Co. Ltd. et al* | USCA 5th Circuit | 11-30619 | 1/14/2011 |
| 2:11-cv-00336-EEF-JCW | *Usaga et al v. Knauf Gips KG et al* | Southern District of Florida (Miami) | 1:09-22569 | 2/16/2011 |
| 2:11-cv-01077-EEF-JCW | *Haya et al v. Taishan Gypsum Co. Ltd. et al* | | | 5/5/2011 |
| 2:11-cv-01395-EEF-JCW | *Amorin et al v. Taishan Gypsum Co. Ltd. et al* | | | 6/13/2011 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:11-cv-01672-EEF-JCW | *Amorin et al v. Taishan Gypsum Co., Ltd. et al* | Southern District of Florida (Miami) | 1:11-22408 | 7/21/2011 |
| 2:11-cv-01673-EEF-JCW | *Amorin et al v. Taishan Gypsum Co. Ltd. et al* | Eastern District of Virginia (Norfolk) | 2:11-377 | 7/20/2011 |
| 2:11-cv-03094-EEF-JCW | *Abner et al v. Taishan Gypsum Co. Ltd. et al* | Central District of California (Southern Division) | 8:11-1787 | 12/28/2011 |
| 2:12-cv-00498-EEF-JCW | *Almeroth et al v. Taishan Gypsum Co. Ltd. et al* | | | 2/23/2012 |
| 2:12-cv-01198-EEF-JCW | *Auto Owners Insurance Company et al v. Independent Builders Supply Association, Inc. et al* | | | 5/11/2012 |
| 2:12-cv-01632-EEF-JCW | *D.R. Horton, Inc. v. Knauf Gips KG et al* | Middle District of Florida (Ft. Myers) | 2:12-135 | 8/8/2012 |
| 2:13-cv-06652-EEF-JCW | *Collins et al v. Bass Homes, Inc. et al* | Southern District of Mississippi | 1:13-297 | 12/18/2013 |
| 2:13-cv-06653-EEF-JCW | *Herrington et al v. Bass Homes, Inc. et al* | Southern District of Mississippi | 1:13-323 | 12/18/2013 |
| 2:14-cv-00587-EEF-JCW | *Little et al v. Taishan Gypsum Co. Ltd. et al* | Southern District of Alabama (Mobile) | 1:13-612 | 3/17/2014 |
| 2:14-cv-01727-EEF-JCW | *Amorin et al v. State-Owned Assets Supervision and Administration Commission of the State Council et al* | | | 7/29/2014 |
| 2:15-cv-04127-EEF-JCW | *Brooke v. State-Owned Assets Supervision and Administration* | Eastern District of Louisiana | | 9/4/2015 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| | *Commission of the State Council et al* | | | |
| 2:15-cv-06632-EEF-JCW | *Brooke, et al, v. State Owned Assets Supervision and Administration Commission of the State Council* | Eastern District of Virginia (Norfolk) | 2:15-cv-00506 | 12/31/2015 |
| 2:15-cv-06631-EEF-JCW | *Brooke, et al, v. State Owned Assets Supervision and Administration Commission of the State Council* | Southern District of Florida (Miami) | 2:15-cv-24348 | 12/16/2015 |
| 16-cv-10839-KOB | *Ellison v. Taishan Gypsum Co., Ltd.* | | | 11/15/2016 |
| 2:09-cv-04367 | *D'Amico et al v. Knauf Gips KG et al* | | | 7/9/2009 |
| 2:09-cv-05943 | *Shelton et al v. Knauf Gips KG et al* | | | 8/28/2009 |
| 2:09-cv-05944 | *Maykut et al v. Knauf Gips KG et al* | | | 8/28/2009 |
| 2:09-cv-05945 | *Young et al v. Knauf Gips KG et al* | | | 8/28/2009 |
| 2:09-cv-06509 | *Oliver et al v. Knauf Gips KG et al* | | | 9/30/2009 |
| 2:11-cv-00377 | *Amorin et al v. Taishan Gypsum Co. Ltd. Et al* | | | 7/5/2011 |
| 2:15-cv-00455 | *Amorin et al v. China National Building Materials Import and Export Corporation et al* | | | 2/2/2015 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| | | | | |
| 2:17-cv-08283 | *Macon et al v. Taishan Gypsum Co. Ltd. Et al* | Northern District of Alabama | 1:17-cv-01287 | 8/1/2017 |
| 2:17-cv-08284 | *Bayne et al v. Taishan Gypsum Co. Ltd. Et al* | Northern District of Alabama | 4:17-cv-01286 | 8/1/2017 |
| 2:17-cv-08285 | *Peoples et al v. Taishan Gypsum Co. Ltd. Et al* | Northern District of Georgia | 1:17-cv-02890 | 8/1/2017 |
| 2:17-cv-08286 | *Bentz et al v. Taishan Gypsum Co. Ltd. Et al* | Northern District of Georgia | 1:17-cv-02892 | 8/1/2017 |
| 2:17-cv-08287 | *Polk et al v. Taishan Gypsum Co. Ltd. Et al* | Southern District of Mississippi | 1:17-cv-216H50-JCG | 8/1/2017 |
| 2:17-cv-08288 | *Allen et al v. Taishan Gypsum Co. Ltd. Et al* | Southern District of Mississippi | 1:17-cv-217LG-RHW | 8/1/2017 |
| 2:17-cv-08290 | *Bright et al v. Taishan Gypsum Co. Ltd. Et al* | Eastern District of North Carolina | 2:17-cv-00035 | 8/1/2017 |
| 2:17-cv-08291 | *DeOliveira et al v. Taishan Gypsum Co. Ltd. Et al* | District of South Carolina | 4:17-cv-02019 | 8/1/2017 |
| 2:17-cv-08292 | *Redden et al v. Taishan Gypsum Co. Ltd. Et al* | Western District of Tennessee | 1:17-cv-01146 | 8/1/2017 |
| 2:17-cv-08293 | *Mertlitz et al v. Taishan Gypsum Co. et al* | Eastern District of Texas | 5:17-cv-00140 | 8/1/2017 |
| 2:17-cv-08294 | *Lochhead et al v. Taishan Gypsum Co., Ltd. et al* | Southern District of Texas | 7:17-cv-00294 | 8/1/2017 |
| 2:17-cv-09827 | *Ellison et al v. Taishan Gypsum Co., Ltd. et al* | Northern District of Alabama | 2:16-cv-01839 | 11/15/2016 |
| 2:17-cv-12511 | *Stutzman et al v. Taishan Gypsum Co., Ltd. et al* | Southern District of Illinois | 3:17-cv-01209 | 11/2/2017 |

| 案件编号<br>Case Number | 标题<br>Title | 其他法院<br>Other Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 2:17-cv-12513 | *Allman et al v. Taishan Gypsum Co., Ltd.* | Eastern District of North Carolina | 2:17-cv-00051 | 11/2/2017 |
| 2:18-cv-11407 | *Cole et al v. State-Owned Assets Supervision and Administration Commission of the State Council et al.* | Northern District of Oklahoma | 4:18-cv-00562 | 10/26/2018 |

州法院案件

**State Court Cases**

| 案件编号<br>Case Number | 标题<br>Title | 法院<br>Court | 其他案件编号<br>Other Case Number | 提交日期<br>Date Filed |
|---|---|---|---|---|
| 09-cv-900356 | *Alexander v. Building Materials Wholesales, Inc., et al* | Circuit Court, Elmore County, Alabama | | 11/30/2009 |
| 13-cv-900145 | *Wiggins v. Bass Homes, Inc., et al* | Circuit Court, Escambia County, Alabama | | 8/19/2013 |

附件7 - 依据第12.3条返还资金的拟议命令草案
**Exhibit 7 – Draft Proposed Order for Return of Funds Pursuant to Section 12.3**

美国联邦地方法院
UNITED STATES DISTRICT COURT

路易斯安那州东区

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 关于：中国制造石膏板产品责任诉讼<br>IN RE: CHINESE MANUFACTURED<br>DRYWALL PRODUCTS LIABILITY<br>LITIGATION | *<br><br>* | 多区诉讼编号 2:09-md-2047<br>MDL No. 2:09-md-2047<br><br>部L（法伦法官）<br>SECTION L (JUDGE FALLON) |
| 本文件涉及：<br>**THIS DOCUMENT RELATES TO:** | * | （威尔金斯大法官）<br>MAG. (2) (JUDGE WILKINSON) |
| 全部诉讼（除了 *The Mitchell Co., Inc. v. Knauf Gips KG, et al.,* 民事诉讼编号 09-4115 (E.D. La.)） | * | |
| **ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.,* Civil Action No. 09-4115 (E.D. La.))** | * | |

拟议命令
**PROPOSED ORDER**

基于《集体和解协议》（"集体和解协议"）并为了让其生效，书记员被授权和指示对从泰山石膏有限公司（曾用名山东泰和东新股份有限公司）和泰安市泰山纸面石膏板有限公司（合称"泰山"）收到的存放在本法院登记处、与截至目前的集体和解协议相关的资

金进行分发，加上所有利息，减去法院批准的截至目前的任何支出及管理资金的评估费用，应付至：

Pursuant to and to effectuate the Class Settlement Agreement ("Class Settlement Agreement"), the clerk is authorized and directed to disperse the funds on deposit in the registry of this Court received from Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan") in connection with the Class Settlement Agreement to date, plus all interest earned, minus any prior Court-approved disbursements to date, less the assessment fee for the administration of funds, payable to:

BrownGreer （和解协议项下的索赔管理人）

BrownGreer (Claims Administrator under the Settlement Agreement)

弗吉尼亚州里士满市250洛克茨路，23231
250 Rocketts Way

Richmond, Virginia 23231

资金应仅转入由BrownGreer按照集体和解协议条款设立的合格结案基金进行分配。

The funds shall be transferred only into a Qualified Settlement Fund established by BrownGreer for distribution in accordance with the terms of the Class Settlement.

路易斯安那州新奥尔良，20__年____月____日。
New Orleans, Louisiana, this            day of _____, 20__.

_____

Eldon E. Fallon

美国联邦地方法院法官
United States District Judge

各方已经由其合法授权代表在下述日期签订本和解协议。

The Parties have executed this Settlement Agreement by their duly authorized representatives on the dates stated below.

**Arnold Levin**

**Settlement Class Counsel**

代表人：
By: _____

印刷名：
Print Name: Arnold Levin

职务：
Title: Settlement Class Counsel

日期：
Date: June 25, 2019

**Sandra L. Duggan**

**Settlement Class Counsel**

代表人：
By: _____

印刷名：
Print Name: Sandra L. Duggan

职务：
Title: Settlement Class Counsel

日期：
Date: June 25, 2019

**Richard J. Serpe**

**Settlement Class Counsel**

代表人：
By: _____

印刷名：
Print Name: _____

职务：
Title: _____

日期：
Date: _____

**Patrick S. Montoya**

**Settlement Class Counsel**

代表人：
By:

印刷名：
Print Name:  _PATRICK   MONTOYA_

职务：
Title:  _SETTLEMENT  CLASS  COUNSEL_

日期：
Date:  _JUNE 24, 2019_

**Stephen J. Herman**

**Settlement Class Counsel**

代表人：
By: _____

印刷名：
Print Name: _Stephen J. Herman_

职务：
Title: _Settlement Class Counsel_

日期：
Date: _June 24, 2019_

泰山石膏有限公司
**Taishan Gypsum Company, Ltd.**

代表人：
By:

印刷名：
Print Name: 贾同春 *Jia Tong Chun*

职务：
Title: 董事长 *Chairman*

日期：
Date: 2019 . 8 . 16