UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**ORDER (1) PRELIMINARILY APPROVING THE CLASS SETTLEMENT AGREEMENT WITH TAISHAN; (2) PRELIMINARILY CERTIFYING A SETTLEMENT CLASS; (3) DIRECTING THE DISSEMINATION OF CLASS NOTICE; (4) SCHEDULING A FAIRNESS HEARING; AND (5) STAYING ALL CLAIMS AGAINST TAISHAN AND THE ADDITIONAL RELEASED PARTIES**

Upon consideration of Settlement Class Counsel's Unopposed Motion for an Order: (1) Preliminarily Approving the Class Settlement Agreement with Taishan (the "Agreement"); (2) Preliminarily Certifying a Settlement Class; (3) Directing the Dissemination of Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying all Claims Against Taishan and the Additional Released Parties, brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. Capitalized terms used in this Order have the same meaning as those defined in the Agreement.

2. The Agreement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's-length, in

good faith, and free of collusion to the detriment of the Class, and as being within the range of possible judicial approval at a prospective Fairness Hearing.

3. The following class is preliminarily certified and shall consist of:

(1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[1] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("absent Class Members"). *Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "known Class Members."

EXCLUDED from the Class are: (1) Plaintiffs listed on **Exhibit 1** to the Agreement (Exhibit 1 includes 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.); and (3) Plaintiffs who asserted Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

4. Michelle Germano, Judd Mendelson, Debra Williams, Lillian Eyrich, David Griffin, and Virginia Tiernan are preliminarily appointed as Class Representatives.

5. Arnold Levin, Stephen J. Herman, Richard J. Serpe, Patrick S. Montoya, and Sandra L. Duggan are appointed as Settlement Class Counsel.

6. Cal Mayo, Esquire is appointed as the Allocation Neutral. The Allocation Model developed by the Allocation Neutral is approved and the Court finds that the Allocation Neutral appropriately performed his assigned function.

7. BrownGreer is appointed as the Claims Administrator.

---

[1] The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

8. The Claim Form presented for approval is approved.

9. The opt-out procedure set forth in Section 9 of the Agreement is approved.

10. The procedure set forth in Section 10 for lodging objections to the Agreement is approved.

11. The Long-form and Summary Class Notices presented to the Court for approval are approved.

12. The protocol for dissemination of Notice to Class Members as set forth in the Agreement is approved.

13. Within ten (10) days after the entry of this Order, Settlement Class Counsel shall (a) cause the Long-form Notice to be sent via first-class mail, postage prepaid, to the last known address of all known Class Members and their counsel of record, if any; (b) provide a copy of the Long-form Notice and request that it be posted at each courthouse in which the CDW-Related Actions are pending, including the MDL Court, the Florida Courts, the Virginia Courts, and all other Courts listed on Exhibit 6 to the Settlement Agreement; and (c) provide a copy of the Long-form Notice and request that it be posted on the Court's Chinese Drywall website, which shall be done.

14. Publication Notice shall be made in print and online/mobile ads. The Media Notice Program developed by Kinsella Media shall include publication of the Summary Notice in the following newspapers and magazines: People, Florida Weekly, Louisiana Life, News Press, Gainesville Sun, Florida Times Union, Miami Herald, Orlando Sentinel, Panama City News, Tallahassee Democrat, Tampa Bay Times, Palm Beach Post, Baton Rouge Advocate, Daily Advertiser, American Press, Monroe News Star, New Orleans Advocate, Shreveport Times, Nuevo Ecos, Hola Noticias, El Clarin, El Sentinel, Centro Tampa, El Semanario Accion.  Those

publications have been identified by Kinsella Media due to their broad circulation to readers in the six states with at least 2% of the members of the *Amorin* and *Brooke* claimants. Publication in each newspaper and magazine will occur bi-weekly, weekly, or daily depending on each publication's specific schedule for thirty (30) days. The Notice will be published in newspapers and magazines in a space measuring at least one-sixth (1/6) of a page. The Media Notice Program will also include a 30-day digital program comprised of programmatic advertising and social media with focused targeting based on keywords, geography, and topics.  Further, it will include banner ads on digital media, including premium websites (*e.g.,* DIY Network), local news and newspapers sites, contextual targeting, Facebook, and Google Display Network (which includes YouTube). The digital program will be monitored and adjusted by Kinsella Media as needed to enhance the effectiveness of the Notice.

15. The cost of Notice shall be paid in accordance with the governing language in the Agreement.

16. Any Class Member wishing to opt out of the Settlement must individually request to opt out and must sign a pleading seeking exclusion from the Settlement.  A pleading or any other request made or signed by counsel for a Class Member shall not be sufficient.  An original request to opt-out signed by the Class Member must be mailed to Settlement Class Counsel: Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, and copies mailed to Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, and Stephen J. Herman, Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113, and Patrick S. Montoya, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134.  The opt-out request must be postmarked within the 90-day opt-out period, *i.e.*, no later than November 27, 2019.

17. Any Class Member may object to the Settlement, any terms of the Settlement, or the approval process. The objection must be in writing. The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and must also state with specificity the grounds for the objection. The objection must also include a statement whether the Class Member intends to appear at the Fairness Hearing either with or without the objector's counsel (who shall be identified). The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing. The objection must be signed by the Class Member and his, her or its counsel; an objection signed by counsel alone shall not be sufficient. The objection must contain the caption of MDL No. 2047 and any Litigation in which the Class Member is a named party and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member; the objection must provide the address of the Affected Property to which the Class Member's claims relate; and must be mailed to Settlement Class Counsel: Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, and Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, and Stephen J. Herman, Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113, and Patrick S. Montoya, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134. The objection must be postmarked no later than ninety (90) days following the commencement of the Class Notice, *i.e.*, no later than November 27, 2019. Settlement Class Counsel will file with the Court all objections that they receive no later than one hundred (100) days after commencement of the Class Notice Period, *i.e.*, by December 7, 2019. The objection must be filed in the MDL Court and served on

Taishan's Counsel and Counsel for the Additional Released Parties through LexisNexis File & Serve.

18. The Settling Parties shall file any response to the objections or other papers in support of final approval of the Settlement no later than five (5) days before the date of the Fairness Hearing, *i.e.*, on or before December 6, 2019.

19. A formal Fairness Hearing shall take place before the Honorable Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, Courtroom C456, New Orleans, LA 70130, beginning at 9:00 am on December 11, 2019, in order to consider comments on and objections to the proposed Agreement and to consider whether (a) to approve thereafter the class settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the Settlement Class, and (c) to enter the Order and Judgment provided in the Agreement.

20. Prosecution of all claims against Taishan and the Additional Released Parties shall be stayed and enjoined pending the settlement proceedings involving the Agreement and further Orders of the Court.

New Orleans, Louisiana, this 29th day of August, 2019.

                                                  ELDON E. FALLON
                                                United States District Court Judge