UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL | * | |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | CIVIL ACTION |
| | * | |
| | * | MDL NO. 2047 |
| | * | |
| | * | SECTION L (5) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| *Guilfort Dieuvil,* No. 13-609 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUBMISSION BY LIAISON COUNSEL
## ON BEHALF OF PLAINTIFF, GUILFORT DIEUVIL

The Plaintiff, Mr. Dieuvil, has submitted his claims against Knauf by Affidavit (with Exhibits) dated September 25, 2019. Pursuant to the Status Conference and Minute Entry of October 3, 2019,[1] Plaintiffs' Liaison Counsel respectfully submits the following memorandum to high-light and amplify certain aspects of Mr. Dieuvil's claims:

**MAY IT PLEASE THE COURT:**

With respect to the preservation requirements under Pre-Trial Order No. 1(B), Plaintiff amply established substantial and sufficient compliance during the August 20, 2019 Hearing.[2] Plaintiffs' Liaison Counsel respectfully submits this brief to: **(i)** address the suggestion by Knauf that Mr. Dieuvil's property should be treated as "Already Remediated" under the Settlement; **(ii)** address the suggestion by Knauf that Mr. Dieuvil was or is somehow at "fault" for supposedly

---

[1] *See* Rec. Doc. 22331.

[2] *See generally* PLAINTIFF'S PRESENTATION IN OBJECTION TO THE SPECIAL MASTER'S FINDINGS (Aug. 20, 2019) (submitted herewith as EXHIBIT 1).

"failing to mitigate" his damages; and **(iii)** providing additional information that may be helpful to the Court with respect to the Remediation Damages element of Mr. Dieuvil's claims.[3]

**Mr. Dieuvil's Home Should be Treated as Unremediated**

At the time Mr. Dieuvil filed suit against Knauf in 2013 and when Mr. Doyle entered into his agreement with Knauf in 2015, Mr. Dieuvil's house was in need of remediation. The defective drywall and some of the associated cabinets, appliances and furnishings had been removed by GL Homes, but the remediation needed to be completed. As it does today.

While we understand that, from Knauf's point of view, there were some verification and control issues associated with the contemplated Remediation Fund Benefits made available under the settlement protocols, from Mr. Dieuvil's point of view, what he was looking for was to complete the remediation, (*not* to be reimbursed for the initial steps that had been taken by GL Homes, which were done at GL Homes' expense[4]).

Whether it was intended under the Knauf/Moss/Jimmy Doyle Letter Agreement that Moss would actually complete the remediation or simply place a cost on it, what seems contemplated was compensation for the completion of the remediation on a going-forward basis.

**Mr. Dieuvil Was Not in Any Way at "Fault" for Supposedly "Failing to Mitigate"**

Mr. Dieuvil, back in 2012, requested a certification from GL Homes that the metal frames were not a health hazard, and, with such certification, asked GL to go ahead and proceed with the

---

[3] As set forth in Mr. Dieuvil's Affidavit (and Exhibits thereto), Mr. Dieuvil makes additional claims for Pre-Remediation Alternative Living Expenses, Loss of Net Equity, Loss of Furniture, Property Taxes, and Property Insurance. Mr. Dieuvil may well be entitled to some or all of these damages, but Liaison Counsel have not undertaken to address these claims in the present submission.

[4] *See, e.g.,* Rec. Doc. 21176, at pp.1,8.

completion of the remediation.[5]  Yet GL Homes refused to proceed with the job or provide such certification.[6]

While may be easy to say now in hindsight – or perhaps even in 2012 for someone who had knowledge of the *Hernandez* and *Germano* proceedings, etc. – that this should not have been a big concern, it was reasonable for Mr. Dieuvil, as an unrepresented lay person who was not involved in the MDL or other formal litigation at the time, to rely on the builder's presumably superior knowledge and expertise.

Knauf already stands to benefit from the partial remediation of Mr. Dieuvil's home that was performed by GL Homes at GL Homes' expense.  Knauf's argument on an alleged "failure to mitigate" seeks to profit further from the fact that GL Homes was voluntarily taking responsibility for Knauf's defective drywall, while suggesting that Mr. Dieuvil is responsible for not himself completing the remediation that Knauf was at that point unwilling to undertake and GL Homes was unwilling to stand behind.

**Remediation Damages**

The current estimate for completion of the remediation to Mr. Dieuvil's home is $612,625.83, comprised of $545,946.12 to complete the remediation under the protocol and $66,679.71 for materials that are missing.[7]

As a potential alternative, Liaison Counsel suggested, by way of compromise, using the average $65.16/sq.-ft. that Knauf apparently spent remediating homes under the Settlement

---

[5] *See* Rec. Doc. 21104-1, at pp.13-14.  (*See also* DIEUVIL AFFIDAVIT (Sept. 25, 2019), ¶10 and Exhibits A, B, B-1 and B-2 thereto.)

[6] *See, e.g.,* DIEUVIL AFFIDAVIT ¶10 and Exhibits A, B, B-1 and B-2 thereto.  (*See also, e.g.,* Rec. Doc. 21104-1, at pp.13-14.)

[7] *See generally* JES ESTIMATE (March 6, 2019) (submitted herewith as EXHIBIT 2).

generally, (which did not include general contractor oversight, CIH, other inspection fees, or insurance).[8] At 6,609 sq.-ft., that would come to $430,642.44.

Liaison Counsel believes that Mr. Dieuvil is additionally entitled to, at the very least, $10/sq.-ft., or $66,090.00, under Section 4.3.1.1.2 of the Knauf Settlement, plus an additional $1.50/sq.-ft., or $9,913.50, under Section 4.3.1.2.2, for the delay.

As set forth in Mr. Dieuvil's Affidavit and Exhibits,[9] Mr. Dieuvil makes additional claims for Remediation and Delay compensation under the Settlement, as well as Pre-Remediation Alternative Living Expenses, Loss of Net Equity, Loss of Furniture, Property Taxes, and Property Insurance.  Mr. Dieuvil may well be entitled to some or all of these damages, but Liaison Counsel have not undertaken to address in the present submission.

This 9th day of October, 2019.

                 Respectfully submitted,

                 _____/s/ Stephen J. Herman_____
                 Russ M. Herman (Bar No. 6819)
                 Leonard A. Davis (Bar No. 14190)
                 Stephen J. Herman (Bar No. 23129)
                 ***Herman, Herman & Katz, LLC***
                 New Orleans, LA  70113

---

[8] *See* Rec. Doc. 20741, at p.22.

[9] The supporting documents attached to Mr. Dieuvil's Affidavit include E-Mails and other Correspondence between Mr. Dieuvil and representatives of GL Homes, excerpts from the Knauf Settlement Agreement, a Pre-Remediation Alternative Living Expense Claim Form, an Incompleteness Denial Notice, a Notice of Appeal form (which may or may not have been submitted), a Miscellaneous Claim Form, an Other Loss Eligibility Notice, a Notice of Request for Special Master Award, Receipts, and copies of Cancelled Checks from the Settlement Program.

Phone: (504) 581-4892
Fax No. (504) 561-6024
E-Mail: sherman@hhklawfirm.com

*Plaintiffs' Liaison Counsel*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing submission will be served upon all parties by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 6, and electronically filing with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a Notice of Electronic Filing, in accordance with the procedures established in MDL 2047, on this 9th day of October, 2019.

     /s/ Stephen J. Herman