# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | CHINESE-MANUFACTURED | * | MDL NO. 2047 |
| | DRYWALL | * | |
| | PRODUCTS LIABILITY | * | SECTION:  L |
| | LITIGATION | * | |
| | | * | JUDGE FALLON |
| | | * | MAG. JUDGE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# HEARING ON GUILFORT DIEUVIL'S OBJECTION TO THE NOVEMBER 27, 2017 FINDINGS OF THE SPECIAL MASTER and REQUEST FOR RULING BY THE COURT

## August 20, 2019

# UNDISPUTED

---

**Knauf Drywall in the home.**

**Builder preserved samples of the Knauff drywall – as well as other samples, photographs, etc – when the drywall was removed in 2010.**

# BUT PLAINTIFF IS DENIED ANY and ALL COMPENSATION

Based on the Special Master's finding that plaintiff's builder supposedly did not comply with the requirements of PTO 1(B).

# UNCLEAR

In what specific respects did the samples and photographs preserved supposedly not comply with the Court's Order?

To what extent did the Order apply to homeowners who were not parties to the litigation?

# DISMISSAL DUE TO SPOLIATION

- **"Drastic" and "Draconian" Remedy of "Last Resort"**

- **"Egregious" and "Willful" Conduct**

- **"Substantial" Prejudice to Defendant**

- **Not Applied when Less Drastic Remedy Available**

*See generally: Doe v. American Airlines,* 283 Fed.Appx. 289, 291 (5th Cir. 2008); *FDIC v. Conner,* 20 F.3d 1376, 1380-1381 (5th Cir. 1994); *see also, e.g., Ralser v. Winn Dixie,* 309 F.R.D. 391, 396-397 (E.D.La. 2015) (Fallon, J.) (no sanctions for spoliation imposed in absence of bad faith).

The builder verifies that:

"Knauf Tianjin drywall did exist in the Home and all the drywall was removed … during the repair process."

*Letter from Boynton Beach Associates to Plaintiff,* Oct. 14, 2013.

[Knauf Ex. 2, Rec. Doc. 21176-2, at 15]

**Knauf admits that:**

**"five (5) installed KPT boards and ... six (6) detached KPT boards were presented in accordance with PTO 1(B)."**

*Knauf Position Paper,* p.5

[KPT Ex. 2, Rec. Doc. 21176-2, at 6]

# Plaintiff's Builder Preserved Several Knauf / Tianjin Drywall Samples







*See* KPT Ex. 2, Rec. Doc. 21176-2, at 69-70; Plaintiff Ex. J, Rec. Doc. 21104-1, at 79-88, 110.

# Canyon Isles Lot 79
# <u>Dieuvil Property</u>

# Knauf / Tianjin Drywall Samples







*See* KPT Ex. 2, Rec. Doc. 21176-2, at 69-70;
Plaintiff Ex. J, Rec. Doc. 21104-1, at 79-88, 110.

# Canyon Isles Lot 79
## **<u>Dieuvil Property</u>**

## Knauf / Tianjin Drywall Samples







*See* KPT Ex. 2, Rec. Doc. 21176-2, at 69-70**;**
Plaintiff Ex. J, Rec. Doc. 21104-1, at 79-88, 110.

# The Builder also Preserved Domestic Drywall Samples





*See* Plaintiff Ex. J, Rec. Doc. 21104-1, at 133-148.

# Canyon Isles Lot 79
# **<u>Dieuvil Property</u>**

## Domestic Drywall
## Samples







*See* Plaintiff Ex. J, Rec. Doc. 21104-1,
at 133-148.



## The Builder also Preserved Unmarked Drywall Cut-Outs





*See, e.g.,* KPT Ex. 2, Rec. Doc. 21176-2, at 65.

# The Builder Also Maintained Annotated Floor Plans



Case 2:09-md-02047-EEF-JCW  Document 22239-8  Filed 05/07/19  Page 2 of 2

*See* Plaintiff Ex. R, Rec. Doc. 21104-1, at 177-178.

# Photographs of HVAC



Photo 2- Air Handler #1 Coils



Photo 4- Air Handler #2 Coils



Photo 6- Air Handler #3 Coils

*See* AirQuest Environmental Inspection Report, March 26, 2010, Plaintiff Ex. H, Rec. Doc. 21104-1, at 36-37.

# The Builder also Preserved Plumbing Components







*See*
Plaintiff Ex. I,
Rec. Doc.
21104-1,
at 50-60.

# The Builder also Preserved Electrical Components







*See* Plaintiff Ex. I, Rec. Doc. 21104-1, at 61-77.

# and
# Electrical Wires









*See* Plaintiff Ex. I, Rec. Doc. 21104-1, at 61-77.

# Knauf Relies on
# "Jimmy Doyle Settlement Term Sheet"

---

- Presented to Doyle as a "Package Deal" with Other Doyle Clients

- No evidence that Mr. Dieuvil individually Authorized or Approved

- Document Not Signed by Plaintiff – Only Doyle

Knauf Ex. 2, Rec. Doc. 21176-2, at 47-49

**EXHIBIT**
J

### JIMMY DOYLE SETTLEMENT TERM SHEET

Set forth below are terms reached between Jimmy Doyle ("Doyle") on behalf of his clients, Knauf and Moss as it relates to the settlement of various categories of "new claims" brought by Doyle clients. Doyle, Knauf and Moss acknowledge and agree that this settlement term sheet constitutes a "package deal" meaning that individual terms of this settlement are not enforceable standing alone. The terms are only enforceable as a "package deal."

1. Knauf and Doyle agree that all of Doyle's Exhibit A and Exhibit B clients from the Beane complaint will participate in the Knauf "New Claims Settlement." [Rec. Doc. 16978]  (See attached Exhibits A and B).

2. Knauf and Doyle agree that thirteen (13) of Doyle's clients' claims identified on Exhibit C to the Beane settlement will be allowed to participate in the original Knauf New Claims Settlement. (See Exhibit C attached hereto for a list of the 13 claims).  Under this provision, any attorney's fees due for the Doyle clients with claims identified on Exhibit C to the Beane settlement will be paid out of the $160 million attorney fee and cost fund in Section 14 of the Knauf Class Settlement Agreement.

3. Knauf and Doyle agree that Doyle's "New, New Claims," which are claims that Doyle put Knauf on notice after August 12, 2013 and prior to October 26, 2013 will be settled pursuant to the terms of the Knauf New Claims Settlement (see attached Exhibit D). Doyle agrees not to sue Knauf in a separate action regarding these clients and the clients identified in No. 4 below. Knauf and Doyle agree that the properties identified on Exhibit D can be settled per the Knauf New Claims Settlement, provided that those claimants purchased the properties without knowledge of the presence of reactive KPT Chinese Drywall, KPT indicia is produced for each property, a confirmatory inspection verifies the presence of reactive KPT Chinese Drywall, and all other requirements of the settlement are met.

4. For Doyle clients in any of the categories mentioned above that are considering Option 2, Moss will include in the scope of work the replacement of appliances, fixtures, and bathroom components attached to the types of drywall that are to be removed pursuant to Exhibit F of the Court approved remediation protocol provided the property owner at the time of the initial walkthrough with Moss identifies the appliances and/or fixtures that are corroded and/or not functioning. In addition, Moss will include in the Xactimate bid scope and final cost estimate the full cost of work to be performed, including the full cost of removing/replacing tile, for bathroom areas implicated by the preceding sentence.

5. In all future initial walkthroughs conducted by Moss, it is the homeowner's burden to point out or identify fixtures and appliances that show evidence of corrosion and/or non-functionality (excluding refrigerators, microwaves, hoods, and

Privileged and Confidential Settlement Communication Protected by FRE 408.

1

Case 2:09-md-02047-EEF-JCW   Document 21176-2   Filed 02/09/18   Page 49 of 72

[Appliances, light fixtures, plumbing fixtures, bathroom tile]

9.    Knauf and Doyle agree that the Guilfort Dieuvil claim may be allowed to proceed under the terms of the Knauf New Claims Settlement if the following conditions are met:

- Doyle demonstrates that evidence was preserved strictly in accordance with the requirements of MDL 2047 Pre-Trial Order 1(B).
- Doyle provides evidence and/or indicia of the construction quality and finishes that existed in the property prior to the start of drywall remediation work. The evidence and/or indicia must be of a sufficient character and quality so as to allow Moss to formulate an accurate bid scope.

10.   Moss agrees to assign the following representatives as their points of contact for all Doyle clients:

Primary Client Contact:  William "Colby" Coates
Secondary and Dispute Resolution Contacts:   Chris Krause and Phil Adams

11.   Doyle agrees to have his clients, ▇▇▇▇▇▇▇▇, execute the settlement agreement that Moss has submitted to the ▇▇▇▇ with compensation totaling ▇▇▇▇▇▇ and a warranty as set forth therein, and that the ▇▇▇▇ have previously agreed to. (See attached Exhibit E).

12.   Doyle and Knauf agree to dismiss (without prejudice) the claims of Nora Caswell previously filed in the Beane complaint.

_____          _____
Jimmy Doyle                                  Kerry J. Miller
On Behalf of Doyle Clients              As Attorney for Knauf

_____
Joseph L. Harris
On Behalf of Moss & Associates

Privileged and Confidential Settlement Communication Protected by FRE 408.

3

"Knauf and **Doyle** agree that the Guilfort Dieuvil claim may be allowed to proceed … if the following conditions are met…."

Signed by:

Jimmy Doyle
On Behalf of Doyle Clients

Knauf Ex. 2, Rec. Doc. 21176-2, at 49

# Even "Agreement" of "Strict" Compliance with PTO 1(B) Begs Question: **As of When?**

· Knauf **admits** that the drywall was removed and the plumbing, electrical and insulation was replaced between Sept. and Dec. 2010 *

· No evidence or suggestion that samples, etc., were not maintained from that point forward

· No evidence or suggestion of spoliation after Plaintiff became a party in 2013

· No evidence or suggestion of spoliation after "Agreement" signed in 2015

* *Knauf Position Paper,* p.2
   [KPT Ex. 2, Rec. Doc. 21176-2, at 3]

# No Prejudice

No Finding of "Substantial" Prejudice – as Required by Caselaw

Finding of "Prejudice" Not Well-Founded

- Samples of Knauf Drywall

- Samples of Domestic and Unmarked Board

- Photos and Samples of HVAC, Plumbing, Electrical

- AirQuest Inspection Report

- Could Have Questioned, Subpoenaed Documents from, and/or Deposed Builder and its Employees

# Every Type of Drywall Found Was Identified



Plaintiff Ex. R, Rec. Doc. 21104-1, at 178.

# Knauf Declined Plaintiff's Invitation to Inspect the Actual Samples

Re: 8757 Baystone Cove Boynton Beach FL 33473

Dysart, Danny <ddysart@bakerdonelson.com>

Thu 4/20/2017 3:15 PM

To: guilf dieuvil <guilf5@hotmail.com>;

**EXHIBIT**
**D-7**

An inspection is not necessary if you can submit pictures of all samples in your possession with readable markings on the drywall.

The ones below are readable. Could you please do the same for all samples.

Thank you.

> On Apr 20, 2017, at 2:00 PM, guilf dieuvil <guilf5@hotmail.com> wrote:
>
> This is the largest that I can make that pictures. Please let me know if this picture is satisfactory to your expectations. If you want to send your agent to the subject property, so he could actually see the sample of the knauf drywall, or if you want I can arrange my schedule next week to come to your office to bring you multiple samples of the knauf Chinese drywall that were taken from the home. Whatever way that you want to resolve this matter will be fine with me. I will pay for my own expense to bring you sample of those drywall, if this approach will resolve all pending issues. Please let me know.
> Thanks in advance for your corporation.
>
> Best regards
> Guilfort Dieuvil
> 786-344-5497

*See* Plaintiff Ex. M, Rec. Doc. 21104-1, at 150.

# No Bad Faith

No Finding by Special Master, Evidence or Suggestion of:

- "Egregious" Conduct by Plaintiff

- "Willful" Spoliation

- "Bad Faith"