UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Chinese Manufactured Drywall Products Liability Litigation** | **MDL 09-md-2047** |
| | **SECTION "L"** |
| *This Document Relates to:* | **JUDGE ELDON E. FALLON** |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | **MAGISTRATE JOHN C. WILKINSON, JR.** |
| **Case No. 2:14-cv-2722** | |

KNAUF DEFENDANTS' OPPOSITION TO
SECOND MOTION TO INTERVENE (REC. DOC. 22334)

**NOW INTO COURT,** through undersigned counsel, come Knauf Gips, KG and Knauf Plasterboard (Tianjin) Co, Ltd. (the "Knauf Defendants"), who respectfully submit this Opposition to the *Bennett* Plaintiffs' Second Motion to Intervene (Rec. Doc. 22334), and would show as follows:

On September 26, 2019, the Court held a status conference with the parties where it was discussed by Plaintiffs' counsel that further pleading amendments were needed to clean up the operative complaint in terms of parties. The example given was that while certain profile forms, fact sheets, and depositions included both spouses that own a particular property in the operative complaint, the current complaint did not list both spouses. The Court issued a minute entry [R. Doc. 22329] requiring Plaintiffs to file their proposed amendment no later than October 3, 2019 and the Knauf Defendants would have until October 10, 2019 to file any opposition. Plaintiffs did not file the proposed pleading until October 8, 2019 (R. Doc. 22334] and presented a draft to the Knauf Defendants the same day.

As set forth by Plaintiffs, this matter was originally filed and transferred more than four years ago. The complaint has undergone five previous amendments [R. Doc. 21334], a previous intervention [R. Doc. 21796] and the denial of a sixth amendment to the complaint [R. Doc. 21991]. Indeed, this Court has previously denied further additions to the Complaint in light of the fact it has been more than four years after Plaintiffs initially filed suit, the parties would be unduly prejudiced, and because it is "the most expeditious way to dispose of the merits of the litigation." [R. Doc. 21991] (Order and Ruling denying Proposed Sixth Amended Complaint) (citing *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2012 WL 6045910, at *4 (E.D. La. Dec. 4, 2012)).

The parties have engaged in third-party discovery and discovery with the current plaintiffs and claims in the operative complaint over the last year and additional discovery is still required [R. Docs. 21992, 22291]. Now, Plaintiffs seek another intervention as it relates to forty-seven properties [R. Doc. 22334-1]. Even if unopposed, by the express terms of Fed. R. Civ. P. 24, timeliness is a prerequisite for intervention additional to all the other necessary conditions for that relief. *Jones v. Caddo Par. Sch. Bd.*, 735 F.2d 923, 926 (5th Cir. 1984). Courts have denied motions to intervene without a hearing on untimeliness grounds. *Id*. (citing *United States v. Louisiana,* 669 F.2d 314, 315 (5th Cir. 1982)). A district court's determination of whether the requested intervention is timely may be reversed only for abuse of discretion. *Id*.

If the proposed intervention is deemed timely, the Knauf Defendants do no otherwise oppose the intervention of plaintiff spouses, partners, or owners/members of businesses that own properties on the current complaint and that executed the court-approved Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet. However, the Knauf Defendants do

specifically oppose Plaintiffs' proposed intervention of: (2) Baco Annetta, LLC, (8) Martin Kuntz, (10) Rachel Schoerner, (14) Richard Calvero, and (17) Michael Christovich.

Unlike the other proposed intervenors, these new claimants are not spouses of the original claimants, representatives of the estate of a deceased plaintiff, and have not otherwise completed the court-approved Plaintiff Profile Form, Supplemental Plaintiff Profile Form, or Plaintiff Fact Sheet. As such, the untimely addition of these proposed intervenors at this stage of the proceedings will unduly delay the adjudication because the same onerous and ongoing discovery process as to the current plaintiffs will have to commence and be repeated as to these proposed intervenors. *See Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 389–90 (5th Cir. 1999) (finding that litigating wholly new facts from those underlying the current litigation cannot be achieved without causing undue delay to the parties involving in the suit).

The Knauf Defendants submit the proposed permissive intervention under Rule 24 of these new claimants is not only untimely, but will result in an undue delay in the proceedings and/or will prejudice adjudication of the original parties' rights. The parties have been engaged in discovery and depositions since February 2019 when the original CMO was put in place. The Knauf Defendants have received Plaintiff Profile Forms, Supplemental Plaintiff Profile Forms, and Plaintiff Fact Sheets with accompanying information. They have requested documents through requests for production in depositions and have taken approximately 80 plaintiff depositions in 7 states. With respect to many of these Plaintiffs, the Knauf Defendants believe additional discovery or dispositive motions will be necessary. Still, discovery and depositions are required for the approximately 40 remaining plaintiff property claims on the current complaint.

For these reasons, the Knauf Defendants submit the permissive intervention proposed by the Plaintiffs should be denied.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170
Telephone: (504) 556-5549
Facsimile: (504) 310-0275
Email: kmiller@fishmanhaygood.com
Email: pthibodeaux@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com

**Counsel for the Knauf Defendants**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 10th day of October, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**