# **EXHIBIT 8**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-22408-CIV-COOKE/GOODMAN

EDUARDO AND CARMEN AMORIN, *et al.*,
individually and on behalf of all others similarly
situated,

    Plaintiffs,

vs.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG
TAIHE DONGXIN CO., LTD, *et al.*,

    Defendant.

_____/

## ORDER STAYING NON-FLORIDA CLAIMS

THIS MATTER comes before the Court on Plaintiffs' Motion to Stay All Claims in the Florida *Amorin* Complaint that Relate to Properties Outside of Florida (ECF No. 49) and Defendants' Motion to Dismiss Non-Florida Claims (ECF No. 51). Both motions relate to claims brought by plaintiffs who reside outside of Florida (the "Non-Florida Claims"). For the reasons explained below, the Court will stay the Non-Florida Claims.

### BACKGROUND

From 2005 until 2008, Defendants exported drywall to the United States. Some of this drywall, however, emitted foul smells and corroded nearby metal. Suggestion of Remand, Opinion, and Order at 1, ECF No. 33. When people noticed these problems associated with Chinese drywall, they began filing suit in various state and federal courts. *Id*. On June 15, 2009, the Judicial Panel on Multidistrict Litigation consolidated all federal cases involving Chinese drywall into one action before Judge Fallon in the Eastern District of Louisiana. *Id.* at 1-2. To prevent potential personal jurisdiction issues and to share the costs of litigating against foreign defendants, Plaintiffs created 32 omnibus complaints (the "Omni Complaints") which named thousands of parties on the same pleading. *See*

1

Plaintiffs' Motion to Stay at 4, ECF No. 49. These Omni Complaints brought claims on behalf of plaintiffs against over a thousand defendants involved in the supply chain of Chinese drywall. *Id*. Plaintiffs then intervened into the Omni Complaints about 10,000 plaintiffs from Louisiana, Florida, Virginia, Mississippi, Texas, Georgia, North Carolina, Tennessee, Alabama, Illinois, and California. *Id*.

In June and July of 2011, Plaintiffs filed three identical complaints in the Southern District of Florida, the Eastern District of Louisiana, and the Eastern District of Virginia (the "*Amorin* Actions"). Defendants' Motion to Dismiss at 3, ECF No. 51-1. Each complaint featured the same lead plaintiffs, defendants, and causes of actions. *Id*. And each complaint in the *Amorin* Actions sought the same relief. *Id*. In 2012, Plaintiffs used identical intervention complaints to bring more than 3700 plaintiffs into each of the *Amorin* Actions. *Id.* at 4. In the end, the *Amorin* Actions included all plaintiffs who previously had been named in previous Omni Complaints and combined the claims of Plaintiffs from numerous states. *Id*. On September 26, 2014, Judge Fallon certified the *Amorin* class and defined it as: 1) all Plaintiffs named in the *Amorin* Actions; and 2) all Plaintiffs named on an Omni Complaint when *Amorin* was brought into the MDL. *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. MDL 2047, 2014 WL 4809520 (E.D. La. Sept. 26, 2014).

After the Supreme Court of the United States issued its opinion in *Bristol-Myers Squibb v. Superior Court* ("*BMS*"),[1] Plaintiffs filed protective actions in federal courts in seven states: Alabama, Georgia, Mississippi, North Carolina, South Carolina, Tennessee, and Texas (the "Protective Actions"). *See* Defendants' Motion to Dismiss at 5. Each Protective Action contained *Amorin* claims related to properties located in the respective state of filing. *Id*. Citing *BMS*, Defendants moved to dismiss from the *Amorin* Actions all out-of-state Plaintiffs. *Id.* at 6. Judge Fallon denied this motion. *In re Chinese-Manuf. Drywall Prod. Liab. Litig.*, 2017 WL 5971622 (E.D. La. Nov. 30, 2017).

---

[1] *BMS* was a products liability action. 137, S.Ct. 1773 (2017). In California state court, resident and non-resident plaintiffs sued a pharmaceutical company incorporated in Delaware and headquartered in New York. *Id*. The Supreme Court found that due process did not allow California state courts to exercise specific personal jurisdiction over claims brought by the non-resident plaintiffs. *Id*.

2

The MDL court remanded the Florida *Amorin* Action to this court on June 6, 2018. Suggestion of Remand at 12. Soon after, the parties filed the instant motions regarding the Non-Florida Claims.

### DISCUSSION

Courts have wide discretion to manage their documents. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). That includes the power to stay or dismiss duplicative actions. *Id*. A suit is duplicative of another where "the parties, issues and available relief do not significantly differ between the two actions." *Id*. Though no precise test exists to make this determination, courts may consider a variety of factors including the relative convenience of the forum and the adequacy of a forum to protect a plaintiff's rights. *See id.*; *see also Shallal v. Elson*, No. 98-8739-CIV, 1999 WL 33957906, at *3 (S.D. Fla. Apr. 12, 1999).

The Court considers a stay the wiser course. Given Judge Fallon's rulings on personal jurisdiction—which the United States Court of Appeals for the Fifth Circuit upheld—the Court does not anticipate the Non-Florida Plaintiffs encountering personal jurisdiction issues. However, out of an abundance of caution, the Court will stay the Non-Florida Claims pending their resolution in other federal courts.[2] The Court's decision here is bolstered by the fact that Judge Fallon reached the same conclusion when considering whether to stay the Florida and Louisiana claims. Further, Defendants will suffer no prejudice from a stay because Defendants will not have to engage in discovery or motion practice related to the Non-Florida claims. In short, the Court will avoid unforeseen and unintended consequences that could accompany outright dismissal of these claims.

---

[2] In its Motion, Defendants renew their *BMS* argument. The Court rejects this argument for two reasons. *First*, the Court has explicitly adopted all of Judge Fallon's rulings from the MDL. *See* Omnibus Order Regarding Trial Plain, ECF No. 112. And *second*, the Court agrees with Judge Fallon's reasoning and would have reached the same conclusion absent his explicit finding on the matter.

Accordingly, the Court **ORDERS and ADJUGES** as follows:

- The Court **GRANTS** Plaintiffs' Motion to Stay All Claims in the Florida *Amorin* Complaint that Relate to Properties Outside of Florida (ECF No. 49).
- The Court **DENIES** Defendants' Motion to Dismiss Non-Florida Claims (ECF No. 51).
- The Court **STAYS** the Non-Florida Claims. Defendants will notify the Court once final judgment is entered on a Non-Florida Claim and the Court will then dismiss that Plaintiff.

**DONE and ORDERED** in chambers, Miami, Florida, this 19th day of March 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Tiffani G. Lee, Special Master*
*Counsel of record*