# EXHIBIT 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**EDUARDO AND CARMEN AMORIN**, *et al.*, **individually, and on behalf of all others similarly situated,**

       **Plaintiffs,**

          **v.**

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.,** *et al.*,

       **Defendants.**

**Case No. 1:11-CV-22408-MGC**

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS FOR FAILURE TO COMPLETE SUPPLEMENTAL [PLAINTIFF] PROFILE FORMS

Plaintiffs hereby respond to Defendants' Motion to Dismiss Claims for Failure to Complete Supplemental [Plaintiff] Profile Forms [ECF No. 62]. The proposed dismissals are premised on the alleged failure to comply with the MDL Court's Pre-Trial Orders 11A and 11B (attached hereto as Exhibit "A"). Plaintiffs disagree that Defendants are entitled to an outright dismissal of the Plaintiffs' claims identified in the Defendants' motion as having failed to submit a Supplemental Plaintiff Profile Form (SPPF). Plaintiffs contend that the motion should be denied subject to a Rule to Show Cause for each Plaintiff to establish his or her compliance with PTO 11A and subsequent orders.

By way of background and explanation, Defendants initially filed a Motion to Dismiss Claims for Failure to Comply with PTO 11A in the MDL on May 31, 2018. [MDL Rec. Doc. No. 21351 and 21353]. In its Opposition, the Plaintiffs' Steering Committee ("PSC") argued that 96 Florida properties were improperly included on Defendants' lists and any argument as to those properties should be brought before Your Honor. [MDL Rec. Doc. 21460]. Yet, Defendants' replies and exhibits appended thereto containing updated lists of non-compliant Plaintiffs again included Florida properties. [MDL Rec. Doc. 21514 and 21516]. On the day of the oral argument for this matter, Judge Fallon indicated that the Motion to Dismiss should be brought in the form of a Show Cause Order and suggested Defendants refile accordingly.

The Defendants complied, but the list sent to the MDL Court for the Show Cause Order still contained 75 Florida properties.[1] [MDL Rec. Doc. 21608]. During the meeting before the status conference on August 14, 2018, the date of the Show Cause Hearing, the MDL Court indicated that Florida properties would not be subject to the Show Cause Order. Defendants then filed the instant Motion on September 14, 2018 [ECF No. 62], to which Plaintiffs are now responding. Defendants contend the ultimate sanction of dismissal of the claims listed on ECF No. 62-2 is warranted because Plaintiffs failed to provide a verified SPPF to date.

Over the past nine-plus years of this litigation, the Taishan Defendants have strategically and deliberately ignored their obligations to the MDL Court and elected to sit on the sidelines and allow default judgments to be entered. The Defendants made countless attempts to delay the proceedings and have challenged virtually every ruling by the MDL Court. Any prejudice caused by a six-month delay in submitting a couple dozen SPPF pales in comparison to the prejudice caused by Defendants' delays. According to Defendants' concession, "[m]ost claimants complied with the directive to provide SPPF discovery," [ECF No. 62-1], yet it is apparent Defendants will stop at nothing to get the remaining claimants who have not provided a verified SPPF dismissed.

Defendants argue that dismissal of these claims is proper because the failure of submitting these SPPFs "prejudices Defendants' ability to prepare its defense in the deficient cases" [ECF No. 62-1]. According to Defendants' characterization, "SPPFs were meant to provide a centralized [ ] form of written discovery" by providing "the ownership status of the property, information regarding any prior remediation of the property (including evidence of actual remediation) costs, and identification of any prior payments received related to the claimants' alleged damages."

Defendants make it seem as if they lack the most basic information about these properties such that dismissal is warranted. Contrary to Defendants' position, all Plaintiffs in

---

[1] At the time Defendants submitted the proposed Show Cause Order to the Court, 21 Florida claims on Defendants' initial Motion had filed an SPPF.

this litigation participated in discovery by completing and submitting Plaintiff Profile Forms (PPF) pursuant to Pre-Trial Order 11. The PSC obtained and verified square footage for each property such that Defendants have notice of the size of each property. Moreover, the PSC has provided indicia and product identification for all properties, as well as prior payments to Plaintiffs under the Knauf and Global, Banner, In-Ex ("GBI") Settlements. The Settlement Administrator for the Knauf and GBI Settlements, Brown Greer, has also determined and provided the ownership information for each property so Defendants can ascertain the current owners as of the date of the Class Damages Hearing (June 9, 2015), as distinguished from the former owners. The information and materials that have been provided on each property, including the properties Defendants are now moving to dismiss, paint a different picture than what Defendants would have this Court believe.

Appended to the Defendants' Motion is a list containing 69 Plaintiffs that Defendants contend failed to provide a verified SPPF to date. Of this total, 38 Claimants are included on the Motion for Voluntary Dismissal filed on September 28, 2018. [ECF No. 81]. In addition, 5 claimants on Defendants' list were included on the Motion for Voluntary Dismissal filed on August 24, 2018 [ECF No. 48], 2 were included on Notices of Dismissal filed on September 21, 2018 [ECF No. 75] and September 27, 2018 [ECF No. 79], and 1 was dismissed three years before the *Amorin* complaint was remanded to Your Honor. [*See* MDL Rec. Docs. 18438, 18439, and 18440]. Any argument relating to these 46 claims is thus moot.[2]

With respect to the remaining 23 claims,[3] rather than an outright dismissal, Plaintiffs submit that a Rule to Show Cause should issue against any of the Plaintiffs who failed to produce a SPPF. Notice must be provided to each claimant and an opportunity granted by the Court to comply with the discovery request. For those Plaintiffs, if they do not come

---

[2] *See* list of claims attached hereto as Exhibit "B".
[3] *See* list of claims attached hereto as Exhibit "C".

forward on the Rule to Show Cause with evidence of compliance, then dismissal of their claims, without prejudice, would be within the Court's discretion.

Dated: September 28, 2018                    Respectfully Submitted,

                                             /s/ Patrick S. Montoya, Esq.
                                             Patrick Shanan Montoya
                                             Fla. Bar No. 0524441
                                             Email: Patrick@colson.com
                                             Colson Hicks Eidson
                                             255 Alhambra Circle, PH
                                             Coral Gables, FL 33134-2351
                                             Telephone: (305) 476-7400
                                             Facsimile: (305) 476-7444
                                             *Interim Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing on this 28th day of September, 2018.

                                             /s/ Patrick S. Montoya, Esq.
                                             Patrick Shanan Montoya
                                             Fla. Bar No. 0524441
                                             Email: Patrick@colson.com
                                             Colson Hicks Eidson
                                             255 Alhambra Circle, PH
                                             Coral Gables, FL 33134-2351
                                             Telephone: (305) 476-7400
                                             Facsimile: (305) 476-7444
                                             *Interim Lead Counsel for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE MANUFACTURED DRYWALL        :        MDL NO. 2047
        PRODUCTS LIABILITY LITIGATION        :
                                              :        SECTION:  L
**This matter relates to:**        :
                                              :        JUDGE FALLON
**Amorin, et al v. Taishan Gypsum Co., Ltd., et al,**        :
**Case No. 11-1395 (EDLA)**        :        MAG JUDGE WILKINSON
                                              :
**Amorin, et al v. Taishan Gypsum Co., Ltd., et al,**        :
**Case No. 11-1672 (EDLA)**        :
                                              :
**Amorin, et al v. Taishan Gypsum Co., Ltd., et al,**        :
**Case No. 11-1673 (EDLA)**        :
                                              :
: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

### PRE-TRIAL ORDER NO. 11A
### (Supplemental Plaintiff Profile Form – Residential and
### Commercial Properties (Non-Knauf))

On August 17, 2009, this Court issued Pre-Trial Order No. 11, which set forth Plaintiff

and Defendant Profile Forms that were to be distributed to the appropriate parties and filed and

returned to Plaintiffs' Liaison Counsel.  The Court now finds it necessary and appropriate for

Supplemental Plaintiff Profile Forms to be completed and signed by every person making a claim

in this litigation in the *Amorin* matters against any manufacturer of Chinese drywall, other than

the Knauf Defendants.  Any person making a claim in this litigation in the *Amorin* matters and, in

particular, those claimants identified on the list attached hereto as Exhibit "A,"[1] shall complete a

Supplemental Plaintiff Profile Form in accordance with this Pre-Trial Order No. 11A.

---

[1] Exhibit A is attached for notice purposes only.

<u>SUPPLEMENTAL PLAINTIFF PROFILE FORM ("SPPF")– RESIDENTIAL AND COMMERICAL PROPERTIES (NON-KNAUF)</u>:

1. **Completion of an SPPF by Each Plaintiff.** Plaintiffs shall each complete and serve an SPPF using the Chinese Drywall online portal designed and provided by BrownGreer, PLC and accessible at www3.browngreer.com/drywall ("the Chinese Drywall Portal") in the form set forth in SPPF, Exhibit "B" and which is contained electronically on the Chinese Drywall Portal. Those Plaintiffs shall also produce with their SPPF all documents responsive to the document requests contained therein.

2. **Submission of an SPPF.** A complete and verified SPPF and all responsive documents shall be submitted using the Chinese Drywall Portal on the following schedule: within forty-five (45) days from the date of this Pre-Trial Order.

3. **Extension of Deadlines.** The Parties may agree, for good cause shown, to an extension of the deadlines set in this Pre-Trial Order for the completion and service of SPPFs. Any request for an extension by a Plaintiff shall be made by counsel for the Plaintiff or the *pro se* Plaintiff by sending a written request or an email to:

   I. Defendants' Liaison Counsel (Harry Rosenberg, harry.rosenberg@phelps.com, or a designated successor), and

   II. Plaintiffs' Liaison Counsel's designated designee (Emma Kingsdorf Schwab, eschwab@bkc-law.com or a designated successor).

setting forth the complete reason and basis for the requested extension of time and the length of the time extension requested. The Parties shall meet and confer on time extension requests, and if the Parties cannot agree on reasonable extensions of time or resolve the matter, the requesting Party may apply to the Court for such relief upon a showing of no prejudice.

4. **Use of the Chinese Drywall Portal.** Plaintiffs shall use the Chinese Drywall Portal to implement the provisions of Pre-Trial Order No. 11A regarding SPPFs as follows:

a. Each Plaintiff required by this Order to submit an SPPF, shall, by counsel or as *pro se*, establish a secure online portal in the Chinese Drywall Portal online system and obtain authorized user names and secure login passwords to permit use of the Chinese Drywall Portal by such counsel or Plaintiff, unless such counsel or Plaintiff previously secured access to the Chinese Drywall Portal in this litigation.

b. Plaintiffs' Liaison Counsel, Plaintiffs' Lead Counsel and their Attorney Designees, Defendants'[2] Lead Counsel and Defendants' Liaison Counsel ("DLC") (collectively, the "Leadership Counsel"), shall establish separate secure online portals with the Chinese Drywall Portal online system and obtain individual unique user names and secure login passwords to permit use of the Chinese Drywall Portal by such Leadership Counsel. Leadership Counsel shall have access to and be able to view, search and download all materials submitted by all Plaintiffs and by all Defendants. Plaintiffs' Liaison Counsel and Defense Liaison Counsel shall exchange the names, firm names and addresses of those attorneys appointed as Attorney Designees.

c. Each Plaintiff shall use the Chinese Drywall Portal to obtain, complete or upload data, and serve the appropriate SPPF online (including the upload of PDFs or other electronic images, photographs and videos of any records required in the SPPF). Each Plaintiff shall provide a signed verification with their SPPF, which shall be signed in hard copy by the Plaintiff, uploaded and served through the Chinese Drywall Portal. The Plaintiffs' required verification and signature must be provided by each Plaintiff personally and cannot be performed by counsel for Plaintiff, although counsel is permitted to upload the verification and signature page to MDL Centrality.

d. Service of a completed SPPF shall be deemed to occur when the submitting party has performed each of the steps required by the Chinese Drywall Portal to execute the online submission of the materials, and the submitting party has received confirmation on screen that the materials have been successfully submitted. The Chinese Drywall Portal shall provide timely notice by email and online to Leadership Counsel who have obtained user credentials in the Chinese Drywall Portal of the submission of the SPPF and shall provide access at that time to such

---

[2] "Defendants" as used herein shall refer to Taishan Gypsum Company Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd. and Taishan Gypsum Co., Ltd., and Taian Taishan Plasterboard Co., Ltd. (collectively, "Taishan"), Beijing New Building Materials Public Limited Company ("BNBM PLC"); Beijing New Building Material (Group) Co., Ltd. ("BNBM Group"); China National Building Materials Co., Ltd. ("CNBM").

Leadership Counsel of the materials submitted.

e. If a Plaintiff must amend a SPPF, all subsequent versions must be named accordingly ("First Amended Supplemental Profile Form," "Second Amended Supplemental Profile Form", etc.), and all iterations of a Party's Profile Form will remain available and accessible to all Parties to a case through trial, appeal (if any), or other resolution of the litigation.

f. The Court may establish a secure online portal with the Chinese Drywall Portal online system and obtain an authorized user name and secure login password to permit use of the Chinese Drywall Portal by the Court.

5. **Failure to Provide a Complete and Verified SPPF.** Plaintiffs who fail to provide a complete and verified SPPF and all responsive documents requested in the SPPF within the time period set forth hereinabove shall be given notice by e-mail from DLC and shall, for good cause shown, be given twenty (20) additional calendar days from the date the DLC's notice e-mail is sent to cure such deficiency. Failure to timely comply may result in a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure, which may include a request for dismissal, in whole or in part, of a Plaintiff's claim. Upon such motion and/or as the Court deems just and proper, the Court may dismiss a claim for failure to cure a deficient SPPF.

6. **No Waiver of Attorney-Client Privilege or Work Product.** The use of the Chinese Drywall Portal by any Plaintiff or Plaintiff's counsel of record shall not alter or otherwise waive or affect any attorney-client privilege or work product doctrine protection otherwise available that would otherwise apply to a document in the absence of the use of the Chinese Drywall Portal. Any attorney notes placed on materials or documents stored or uploaded to the Chinese Drywall Portal shall be considered to be protected attorney work product unless and until the material is served on or purposefully disclosed to Defendants through the use of the Chinese Drywall Portal or otherwise. Pursuant to

4

Rule 502(d) of the Federal Rules of Evidence, this order with respect to privilege and work product doctrine protection applies to any other federal or state Chinese drywall proceeding.

7. **No Limitation on Scope of Use.**   With the exception of Confidential-Protected Information, nothing in the SPPF or any use or action in the Chinese Drywall Portal shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure and the admissibility of information shall be governed by the Federal Rules of Evidence and applicable law. No objections or rights are waived as a result of any response in an SPPF, the production of any documents with an SPPF, or documents previously maintained in the Chinese Drywall portal.

8. **Confidential-Protected Information.**   Documents or information provided by the Plaintiff or maintained in the Chinese Drywall Portal may contain information that is or will be designated as Confidential or Highly Confidential-Restricted Information pursuant to Pre-Trial Order 16 ("PTO 16").   In addition to materials already stamped "Confidential" or "Highly Confidential" under PTO 16, the "Producing Party" under PTO 16 has designated materials contained within the Chinese Drywall Portal as "Confidential" or "Highly Confidential" and such designation has been made by written notice previously submitted to the Leadership Counsel which identified the materials by recognized categories within the Chinese Drywall Portal.  Such categories of documents are designated as Confidential and Highly Confidential-Restricted Information subject to Protective Order pursuant to PTO 16 and further, the Producing Party is relieved of the obligation to produce a confidentiality log required in paragraph 32 of PTO 16.

9. **Applicability to Federal Rules of Civil Procedure.** Plaintiffs' responses to the SPPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

10. **Right to Additional Discovery.** Use of the SPPF shall be without prejudice to any party's right to serve additional written discovery, provided the additional written discovery is non-duplicative of the SPPF, and each party reserves the right to challenge or object to, pursuant to the Federal Rules of Civil Procedure, any additional written discovery served. New Orleans, Louisiana, this 23rd day of _____ January _____, 2018.

_____

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE MANUFACTURED DRYWALL | : | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION:  L |
| **This matter relates to:** | : | |
| | : | JUDGE FALLON |
| **Amorin, et al v. Taishan Gypsum Co., Ltd., et al,** | : | |
| **Case No. 11-1395 (EDLA)** | : | MAG JUDGE WILKINSON |
| | : | |
| **Amorin, et al v. Taishan Gypsum Co., Ltd., et al,** | : | |
| **Case No. 11-1672 (EDLA)** | : | |
| | : | |
| **Amorin, et al v. Taishan Gypsum Co., Ltd., et al,** | : | |
| **Case No. 11-1673 (EDLA)** | : | |
| | : | |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

### PRE-TRIAL ORDER NO. 11B
### (Supplemental Plaintiff Profile Form – Residential and
### Commercial Properties (Non-Knauf))

On August 17, 2009, this Court issued Pre-Trial Order No. 11.  Thereafter, on January 24,

2018, this Court filed Pre-Trial Order No. 11A, which set forth Supplemental Plaintiff Profile

Forms (SPPF) to be completed and signed by every person making a claim in this litigation in the

Amorin matters against any manufacturer of Chinese drywall, other than the Knauf Defendants.

Paragraph 2 of Pre-Trial Order No. 11A requires a complete and verified SPPF and all

responsive documents to be submitted using the Chinese Drywall Portal within forty-five days

from January 24, 2018, the date of Pre-Trial Order 11A.  The parties have been informed that the

Chinese Drywall Portal was not fully accessible by January 24, 2018 and, therefore, have

requested and the Court has agreed that the deadline to submit a SPPF and all responsive

documents should be extended to March 22, 2018.

All other provisions of Pre-Trial Order No. 11A remain in effect.

New Orleans, Louisiana, this 14th day of _____ February _____, 2018.

_____

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

*Amorin, et al. v. Taishan, et al.*, Case No. 11-22408
**Exhibit B- List of Previously Dismissed Florida Claims**

| # | Claimant Name | Affected Property Address | Attorney | Dismissal Date and ECF No. |
|---|---|---|---|---|
| 1 | Abromatts, Clifford and Worobec, Janice | 3437 Lago de Talavera, Wellington, FL 33467 | Colson, Hicks, Eidson Levin, Fishbein, Sedran & Berman Hausfeld LLP Law Offices of Richard J. Serpe | Notice of Voluntary Dismissal filed 9.27.18. *See* ECF No. 79. |
| 2 | Brik, Beni | 240 W. End Avenue, Unit 1311, Punta Gorda, Fl 33950 | Allison Grant, P.A. Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 3 | Brik, Beni | 240 W. End Avenue, Unit 1312, Punta Gorda, Fl 33950 | Allison Grant, P.A. Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 4 | Buckley, Stephen and Cathleen | 3041 59th Avenue, South, St. Petersburg, FL 33712 | Morgan & Morgan | Notice of Voluntary Dismissal filed 3.6.15. *See* MDL Rec. Docs. 18438, 18439, and 18440 |
| 5 | Ceminsky, Gerald and Margaret | 2572 Keystone Lake Drive, Cape Coral, FL 33993 | Roberts & Durkee PA Milstein Adelman LLP | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 6 | Connolly, Megan | 1976 NW 79 Terrace, Pembroke Pines, FL 33024 | Colson, Hicks, Eidson Levin, Fishbein, Sedran & Berman Hausfeld LLP Law Offices of Richard J. Serpe | Notice of Voluntary Dismissal filed 9.21.18. *See* ECF No. 75. |
| 7 | Daigle, Eric | 3913-5 SW Santa Barbara Place, Cape Coral, FL 33914 | Parker Waichman | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 8 | Dobric, Mario | 1690 Renaissance Commons Blvd., Unit 1228, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 9 | Epstein, Kim | 2556 Keystone Lake Drive, Cape Coral, FL 33993 | Roberts & Durkee PA Milstein Adelman LLP | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 10 | Gaylord, Peter and Kelly | 240 W. End Avenue, Unit 321, Punta Gorda, Fl 33950 | Allison Grant, P.A. Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 11 | Gaylord, Peter and Kelly | 240 W. End Avenue, Unit 322, Punta Gorda, Fl 33950 | Allison Grant, P.A. Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 12 | GFB Properties, LLC c/o Daniel Gleinig | 325 NW 25th Terrace, Cape Coral, FL 33991 | Morgan & Morgan | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 13 | Gobel, Jason and Cynthia | 5771 S.W. 162nd Court, Miami, FL 33193 | Morgan & Morgan | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 14 | Gonzales, Damian/Taimi | 3770 7th Avenue SW, Naples, FL 34117 | Morgan & Morgan | Notice of Voluntary Dismissal filed 8.24.18. *See* ECF No. 48. |
| 15 | Guerreiro, Michael and Nancy | 15336 Yellow Wood Drive, Alva, FL 33920 | Parker Waichman | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 16 | Katz, Barry and Rebecca | 11011 Gulf Reflections Drive, 406A, Ft. Myers, FL 33907 | Roberts & Durkee PA Milstein Adelman LLP | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 17 | Kent, Edward and Donna | 14143 Citrus Crest Circle, Tampa, FL 33625 | Allison Grant, P.A. Baron & Budd, P.C. Alters Boldt Brown Rash & Culmo | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 18 | Kessler, Andrew and Katherine | 3056 Juniper Lane, Davie, FL 33330 | Allison Grant, P.A. Baron & Budd, P.C. Alters Boldt Brown Rash & Culmo | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 19 | King Properties, Ltd. c/o Pam Duncan | 240 W. End Avenue, Unit 1511, Punta Gorda, Fl 33950 | Allison Grant, P.A. Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |

*Amorin, et al. v. Taishan, et al.*, Case No. 11-22408

**Exhibit B- List of Previously Dismissed Florida Claims**

| # | Claimant Name | Affected Property Address | Attorney | Dismissal Date and ECF No. |
|---|---|---|---|---|
| 20 | Kramer, Ronald and Anita | 1660 Renaissance Commons Blvd., Unit 2310, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 21 | Labell, Barry | 10560 SW Stephanie Way, Unit 206, Port St. Lucie, FL 34987 | Colson, Hicks, Eidson | Notice of Voluntary Dismissal filed 8.24.18. *See* ECF No. 48. |
| 22 | Leone, Michael | 1690 Renaissance Commons Blvd, Unit #1202, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 23 | Lewis, Jayme and Todd | 6040 Jonathan's Bay Circle, Unit 501, Ft. Myers, FL 33908 | Parker Waichman | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 24 | Lindemann, Steve and Terri | 6012 NW 116th Drive, Coral Springs, FL 33076 | Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 25 | Maesel, Shawn | 1660 Renaissance Commons Blvd., Unit 2417, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 26 | Massaro, Mario | 240 W. End Avenue, Unit 823, Punta Gorda, Fl 33950 | Allison Grant, P.A. Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 27 | Mendez, Lincoln and America | 4180 North Highway A1A Unit 801B, Hutchinson Island, FL 34949 | Colson, Hicks, Eidson Levin, Fishbein, Sedran & Berman Hausfeld LLP Law Offices of Richard J. Serpe | Notice of Voluntary Dismissal filed 8.24.18. *See* ECF No. 48. |
| 28 | Mike, Tamas and Blanar, Eva | 6302 N. 17th Street, Tampa, FL 33610 | Morgan & Morgan | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 29 | Mirakian, Samuel | 20316 Larino Loop, Estero, FL 33928 | Morgan & Morgan | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 30 | Mosley, Shawn | 10440 SW Stephanie Way, Unit 203, Port St. Lucie, FL 34987 | Pro Se | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 31 | Negrov, Pavel | 1316 Nucelli Road, North Port, FL 34288 | Norton, Hammersley, Lopez & Skokos, P.A. James, Hoyer, Newcomer & Smiljanich, P.A. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 32 | Packard, Suki and Michael | 3028 Lake Manatee Court, Cape Coral, FL 33909 | Roberts & Durkee PA Milstein Adelman LLP | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 33 | Palmer, Olga | 1233 Kendari Terrace, Naples, FL 34113 | Roberts & Durkee PA Milstein Adelman LLP | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 34 | Pena, Orlando | 824 SW 17th Street, Cape Coral, FL 33991 | Parker Waichman | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 35 | Perez, Adela | 12430 SW 50 Street, Unit 113, Mirarmar, FL 33027 | Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 36 | Polychronopoulos, Nathalie and George | 1660 Renaissance Commons Blvd. Unit 2210, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 37 | Redway, Robert and Galina | 2521 Whitesand Lane, Clearwater, FL 33763 | Allison Grant, P.A. Baron & Budd, P.C. Alters Boldt Brown Rash & Culmo | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 38 | Santiago, Angel and Yvette | 4018 NW 12th Street, Cape Coral, FL 33993 | Parker Waichman | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 39 | Suarez, Eduardo and Mercedes | 14113 Stilton Street, Tampa, FL 33626 | Levin Papantonio | Notice of Voluntary Dismissal filed 8.24.18. *See* ECF No. 48. |

*Amorin, et al. v. Taishan, et al.*, **Case No. 11-22408**

**Exhibit B- List of Previously Dismissed Florida Claims**

| # | Claimant Name | Affected Property Address | Attorney | Dismissal Date and ECF No. |
|---|---|---|---|---|
| 40 | Suarez, Humberto | 208 SE 6th Street, Cape Coral, FL 33990 | Roberts & Durkee PA  Milstein Adelman LLP | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 41 | Swan, Christiana and Harwick, Michael | 14125 Stowbridge Avenue, Tampa, FL 33626 | Levin Papantonio | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 42 | Vargas, Odilio | 1690 Renaissance Commons Blvd., Unit 1424, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 43 | Verderame, Frances | 1690 Renaissance Commons Blvd., Unit 1219, Boynton Beach, FL 33426 | Whitfield, Bryson & Mason | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 44 | Voskressensky, Andre and Goldstein, Janet | 8627 Cobblestone Point Circle, Boynton Beach, FL 33427 | Baron & Budd, P.C. | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 45 | Walker, Andrew and Cathy | 7460 Bridgeview Drive, Wesley Chapel, FL 33545 | Allison Grant, P.A.  Baron & Budd, P.C.  Alters Boldt Brown Rash & Culmo | Notice of Voluntary Dismissal filed 9.28.18. *See* ECF No. 81. |
| 46 | Weekley, William and Charlotte | 6227 Clear Creek Road, Milton, FL 32570 | Levin Papantonio | Notice of Voluntary Dismissal filed 8.24.18. *See* ECF No. 48. |

# EXHIBIT C

*Amorin, et al. v. Taishan, et al.*, Case No. 11-22408
Exhibit C- List of Claims at Issue on Defendants' Motion to Dismiss

| # | Claimant Name | Affected Property Address | Attorney |
|---|---|---|---|
| 1 | Arrington, Angel | 2113 Delightful Drive, Ruskin, Fl 33570 | Reich & Binstock |
| 2 | Caputo, Marc Turer, Scott | 2220 Soho Bay Court, Tampa, FL 33606 | Parker Waichman |
| 3 | Delayo, William and Jennifer | 19848 Maddelena Circle, Ft. Myers, FL 33967 | Colson, Hicks, Eidson  Levin, Fishbein, Sedran & Berman  Hausfeld LLP  Law Offices of Richard J. Serpe |
| 4 | Emerald Greens at Carrollwood, LLC | 13942 Clubhouse Drive (6B), Tampa, FL 33618 | Cook Sadorf Law |
| 5 | Emerald Greens at Carrollwood, LLC | 4143 Courtside Way (2C), Tampa, FL 33618 | Cook Sadorf Law |
| 6 | Emerald Greens at Carrollwood, LLC | 4145 Courtside Way (2B), Tampa, FL 33618 | Cook Sadorf Law |
| 7 | Gottung, Douglas and Deolores Florio | 10360 SW Stephanie Way, Unit #204, Port St. Lucie, FL 34987 | Colson Hicks/ Krupnick Campbell |
| 8 | Lefont, David and Garcia, Michelle | 106 Southwest Milburn Circle, Port St. Lucie, FL 34953 | Leopold~Kuvin, P.A. |
| 9 | Meyer, Harry E. Jr. | 3014 Spruce Street, Zolfo Springs, FL 33890 | Reich & Binstock |
| 10 | Nunez, Alvaro | 10833 NW 79 St., Doral, FL 33178 | Colson, Hicks, Eidson  Levin, Fishbein, Sedran & Berman  Hausfeld LLP  Law Offices of Richard J. Serpe |
| 11 | Patterson, Gary and Nicole | 3096 Juniper Lane, Davie, FL 33330 | Pro Se |
| 12 | Pernell, Staci | 2082 Sundown Drive, Clearwater, FL 33763 | Colson, Hicks, Eidson  Levin, Fishbein, Sedran & Berman  Hausfeld LLP  Law Offices of Richard J. Serpe |
| 13 | Poggio, James and Janice | 13409 Ainsworth Lane, Port Charlotee, FL 33981 | Whitfield, Bryson & Mason |
| 14 | Querol, Damien | 3301 NE 183rd Street, Unit 1207, Aventura, FL 33160 | Podhurst Orseck |
| 15 | Robles, Amparo and Jose | 12430 SW 50th Street, Apt. 147, Miramar, FL 33027 | Parker Waichman |

*Amorin, et al. v. Taishan, et al .*, Case No. 11-22408
**Exhibit C- List of Claims at Issue on Defendants' Motion to Dismiss**

| # | Claimant Name | Affected Property Address | Attorney |
|---|---|---|---|
| 16 | Rodriguez, Otonier and Margarita | 14141 Whitter Lane, Port Charlotte, FL 33981 | Whitfield, Bryson & Mason |
| 17 | Schandelmeier, Patricia | 25748 Deep Creek Blvd., Punta Gorda, FL 33983 | Pro Se |
| 18 | Smith, Richard | 8001 Sherwood Circle, Labelle, FL 33935 | Parker Waichman |
| 19 | Trillo, Raquel | 12421 SW 50 CT, Unit 303, Miramar, FL 33027 | Baron & Budd, P.C. |
| 20 | Watson, Jerry; Gordon; Karen and Charles | 1759 Fuller Drive, Gulf Breeze, FL 32563 | Levin Papantonio |
| 21 | Wiley, John | 1541 Gerona Terrace, North Point, FL 34286 | Whitfield, Bryson & Mason |
| 22 | Winsome, Russell n/k/a Hutchinson, Winsome | 184 Wanatah Avenue, Lehigh Acres, FL 33874 | Morgan & Morgan |
| 23 | Wong, Kenneth | 4230 NW. 33rd Street, Cape Coral, FL 33993 | Allison Grant, P.A. Baron & Budd, P.C. |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,

      **Plaintiffs,**

           **v.**

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., *et al.*,

      **Defendants.**

**Case No. 1:11-CV-22408-MGC**

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS FOR FAILURE TO COMPLETE SUPPLEMENTAL [PLAINTIFF] PROFILE FORMS

Defendants filed a Motion to Dismiss Claims for Failure to Complete Supplemental [Plaintiff] Profile Forms [ECF No. 171]. Appended to the Defendants' Motion is a list containing 22 Plaintiffs that Defendants contend failed to provide a verified SPPF to date. Plaintiffs hereby respond as follows:

Counsel for Jeremiah's International Trading Co.[1] recently advised they were able to make contact with the client and a completed and verified SPPF has been uploaded to the BrownGreer portal. No prejudice to Defendants resulted from the time of submission as Defendants already had information regarding the claimant's ownership, product ID, and square footage.[2] This case should not be dismissed.

---

[1] ECF No. 171-2, p. 2, #10.

[2] Plaintiffs provided updated ownership and square footage information in their response to Defendants' discovery requests on February 1, 2019. Product ID indicia for Plaintiffs was uploaded to the BrownGreer portal on October 17, 2013. In addition, this claimant is seeking damages for other losses only, as the condominium association, Magdalena Gardens, is seeking remediation damages.

The following six claimants have agreed to dismiss their claims: Hugh Casey; Arthur DeMichael; Steve and Kim Jamison;[3] Thomas and Darlene Nuccio; Eugene and Lori Reaves; and Jerry, Gordon, Karen and Charles Watson.[4]

Counsel for the following eight claimants have been unable to reach their clients after numerous, diligent attempts: Angel Arrington; Marc Caputo and Scott Turner; Ashok Malhoe; Harry Meyer; James and Janice Poggio; Amparo and Jose Robles; Otonier and Margarita Rodriguez; and Richard Smith.[5]

Counsel for two claimants have filed Motions to Withdraw, which are pending before the Court: David Lefont/ Michelle Garcia and Staci Pernell.[6]

There are five *pro se* claimants which Emma Schwab on behalf of the MDL PSC has attempted to contact, but has not been successful: Emerald Greens at Carrollwood, LLC (3 claims); Douglas Gottung and Delores Florio; and Gary and Nicole Patterson.[7]

WHEREFORE, for the reasons set forth above, Plaintiffs request that Jeremiah's International Trading Co. be excluded from the Order Dismissing Claimants with Prejudice. The undersigned takes no position as to the other 21 claimants who are subject to the Motion to Dismiss.

---

[3] The Jamisons have agreed to dismiss their claim related to 10440 SW Stephanie Way, Unit 212, as it is the incorrect address. The dismissal of this claim, however, should have no effect on their other claim for damages related to 10560 SW Stephanie Way, Unit 209.

[4] ECF No. 171-2, pp. 2-3, ## 3-4, 9, 14, 18, 22, respectively.

[5] ECF No. 171-2, pp. 2-3, ## 1-2, 12-13, 17, 19-21, respectively.

[6] ECF No. 74 and 78; ECF No. 171-2, p. 2, ## 11, 16.

[7] ECF No. 171-2, p. 2, ## 5-8, 15 respectively.

Dated: February 26, 2019                               Respectfully Submitted,

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Southern District of Florida by using the CM/ECF System, which will send a notice of electronic filing on this 26th day of February, 2019.

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*
