# EXHIBIT 31 part 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    **Plaintiffs,**<br><br>v.<br><br>TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,<br><br>    **Plaintiffs.** | **Case No. 1:11-CV-22408-MGC** |

**PRIORITY CLAIMANTS' NOTICE OF FILING INTERROGATORY ANSWERS IN RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE, AND COUNTERSTATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON NON-FORMULA DAMAGES**

Priority Claimants, by and through undersigned counsel, hereby file the following Interrogatory Answers in support of their Response to Defendants' Motion and Memorandum for Summary Judgment (Dkt. No. 245) and Defendants' Statement of Material Facts Not In Dispute (Dkt. No. 250). The exhibits below will be cited in Priority Claimants' Reponses to docket numbers 245 and 250.

| Composite Exhibit | Interrogatory Answers |
|---|---|
| B1 | Janet Avery |
| B2 | Lillian Chatmon |
| B3 | David Deeg & Deborah Hooker |
| B4 | Cathy & Steve Etter |
| B5 | Andrew & Dawn Feldkamp |
| B6 | William & Vicki Foster |
| B7 | Anthony & Candace Gody |
| B8 | David & Diane Griffin |
| B9 | John Hernandez |
| B10 | Deborah & Gul Lalwani |
| B11 | Cassandra Marin |

| B12  | Dailyn & Luis Martinez     |
| B13  | Jose Miranda               |
| B14  | Tracy Nguyen               |
| B15  | Jeovany & Monica Nunez     |
| B16  | Kelly & Lori O'Brien       |
| B17  | Kevin & Stacy Rosen        |
| B18  | Michael & Robyn Rosen      |
| B 19 | Larry & Rosalee Walls      |
| B20  | Marc & Jennifer Wites      |

Dated: May 13, 2019.

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served by via CM/ECF on all parties authorized to receive service via CM/ECF, this 13th day of May 2019.

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

# EXHIBIT B1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

     Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

     Defendants.

_____/

## PRIORITY CLAIMANT JANET AVERY'S ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Janet Avery, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**  I seek alternative living expenses from March 2010 through July 2012 of at least $11,322.48, lost equity of at least $115,000.00, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, I seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the Court as a post-judgment ministerial matter.

1

2.    Did you ever vacate the Property because of Chinese Drywall?

    a.    If so, identify the dates and location of your alternative residence.

    b.    If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**    Yes. a. I vacated the Property because of Chinese Drywall. I resided at 950 Hancock Bridge South Blvd. Unit 315, Cape Coral, FL 33909 from March 8, 2010 to February 28, 2011, plus an additional 5 months month to month. From August 1, 2011 to July 31, 2012, I resided at 19456 Ganty Lane #203, North Fort Myers, FL 33917. b. I continued to make mortgage payments through May 2010.

3.    Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

    a.    If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b.    If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

    c.    If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**    While I do not intend to pursue bodily injury claims arising from Chinese Drywall, I did suffer from respiratory problems, headaches, fatigue, dizzy spells, insomnia and eye irritation among other symptoms while living in the Chinese Drywall Property. It was my fear of the long-term effects of living in the Chinese Drywall Property that caused me to leave the Property and find an alternative residence.

4.    Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

    a.    If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

2

   b.     If so, identify any physician and/or medical professional who has
diagnosed or opined that the cause of any of their identified conditions is Chinese
Drywall, in whole or in part.

   c.     If so, identify any physician and/or medical professional who has
treated them for any of the conditions they have identified.

   **ANSWER:**     While I am not pursuing bodily injury claims related to
Chinese Drywall, I did suffer from respiratory problems, headaches, fatigue, dizzy
spells, insomnia and eye irritation among other symptoms while living in the
Chinese Drywall Property. It was my fear of the long-term effects of living in the
Chinese Drywall Property that caused me to leave the Property and find an
alternative residence.

5.     If you contend that a short sale occurred as a result of damage to your
Property, identify any lenders or mortgagees that had a security interest on the Property at
any time during your ownership (to the extent not already identified in the Supplemental
Plaintiff Profile Form).

   **ANSWER:**     The only lender that had a security interest was 5/3 Bank. 5/3
Bank has been identified on the Supplemental Plaintiff Profile Form.

6.     If you claim a diminution in value of the Property as a result of Chinese
Drywall, identify the total amount of such diminution of value being claimed.

   **ANSWER:**     Plaintiff claims diminution in value in an amount to be
determined at trial.


Respectfully submitted this 30th day of November, 2018.

                              /s/ Panagiotis V. Albanis
                              Panagiotis "Pete" V. Albanis
                              Morgan & Morgan – Complex Litigation
                              12800 University Drive Suite 600
                              Fort Myers, FL 33907
                              Tel:   239-433-6880
                              Fax:   239-433-6836
                              palbanis@forthepeople.com

                              *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT JANET AVERY'S ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

4

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This 30th day of November, 2018.

/s/ *Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis

5

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing responses to Defendants' Interrogatories propounded on November 16, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information, and belief.

Dated: 11/30/2018                 By: _____
                                            Janet Avery

Case 2:09-md-02047-EEF-MBN   Document 22363-40   Filed 11/16/19   Page 13 of 313

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

     Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

     Defendants.

_____/

## PRIORITY CLAIMANT JANET AVERY'S FIRST AMENDED ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

     PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Janet Avery, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Second Set of Interrogatories as follows:

## FIRST AMENDED SECOND SET OF INTERROGATORIES

     1.    Please IDENTIFY each party YOU contend supplied and/or installed any defective Chinese-manufactured drywall in YOUR PROPERTY.

     **ANSWER:**    Drywall was supplied by Banner Supply. Plaintiff does not know which entity installed the drywall.

     2.    Please IDENTIFY any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party, legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**ANSWER:** Claimant has received a total of $32,828.25 for her participation in the Banner Supply and Global Settlements in MDL 2047. In addition, Claimant has received $775 from the WCI Trust.

3. Please IDENTIFY the names, contact information, and locations of contracting companies used for and the date, scope, and costs of any remediation efforts for each and every one of YOUR PROPERTIES that has undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall.

**ANSWER:** Claimant objects that discovery related to remediation of the subject Property is beyond the scope of permissible discovery because remediation damage awards are, per the Court's Order (ECF No. 112), being handled on a separate track from Claimant's other damages and are being decided by the Special Master.

Subject to and without waiver of this objection, Claimant has provided this information in documents produced in response to Request 3 of Defendants' Second Set of Document Requests. In addition, by way of further answer: Claimant retained J&D Heating & Air Conditioning, Inc. to maintain her air conditioning unit in April and August 2009. Other than that remediation, Claimant did not remediate the Property because of the Chinese Drywall.

4. Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**ANSWER:** In addition to the information provided by Claimant in her SPPF and information contained in documents produced in response to Request 1 of Defendants' Request for Production of Documents dated November 16, 2018 ("Defendants' First Set of Document Requests"), Claimant answers as follows: Claimant purchased the Property for $195,000 in November 2007 from the developer, Bay Colony-Gateway, Inc., c/k/a WCI. Claimant made a down payment of $105,000 out of her savings on the Property. She financed the rest with a $90,000 mortgage from 5/3 Bank as well as $25,000 in January 2008 for upgrades. In July 2011, Claimant short sold the Property for $70,000. In addition,

Defendants will have the opportunity to question Claimant on this topic at her deposition.

5.      Please IDENTIFY all facts and circumstances that RELATE TO any assignment of personal right of action for purported damage to YOUR PROPERTY.

**ANSWER:**          In her SPPF, Claimant identified that she did not assign her personal right of action for purported damages to the subject property to anyone.  In addition to that information, responsive information may be contained in any documents produced pursuant to Request 5 of Defendants' First Set of Document Requests and furthermore, Defendants will have the opportunity to question Claimant on this topic at her deposition.

6.      Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY, including the date or dates on which YOU first became aware that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

**ANSWER:**          In her SPPF, Claimant identified when she believed the Chinese-manufactured drywall was installed in the subject Property and when she first became aware that the subject Property contained Chinese-manufactured drywall.  In addition to that information, Defendants will have the opportunity to question Claimant on this topic at her deposition.

Respectfully submitted this 4th day of December 2018.

>                                 */s/ Panagiotis V. Albanis*
>                                 Panagiotis "Pete" V. Albanis
>                                 Morgan & Morgan – Complex Litigation
>                                 12800 University Drive Suite 600
>                                 Fort Myers, FL 33907
>                                 Tel:    239-433-6880
>                                 Fax:    239-433-6836
>                                 palbanis@forthepeople.com
>
>                                 *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT JANET AVERY'S ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

4

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

December 4, 2018.

/s/ Panagiotis V. Albanis
Panagiotis "Pete" V. Albanis

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing responses to Defendants' Supplemental Interrogatories propounded on November 21, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information, and belief.

Dated: __12/04/2018__                By: _____

                                        Janet Avery

# EXHIBIT B2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

     Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

     Defendants.

_____/

## PRIORITY CLAIMANT LILLIAN CHATMON'S ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Lillian Chatmon, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**    I seek alternative living expenses from April 2010 through the present in the amount of $23,940 for rent and utilities plus $21,153.58 for assessments at the Chinese Drywall Property at a minimum, lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, I seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the

1

Court as a post-judgment ministerial matter.

2.      Did you ever vacate the Property because of Chinese Drywall?

      a.      If so, identify the dates and location of your alternative residence.

      b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**      Yes, I vacated the Property because of Chinese Drywall in April 2010. From April 2010 to July 2014 I resided with one of my daughters at 1530 Creekbend Drive, Brandon, FL 33510. From July 2014 through the present, I have resided with my other daughter at 1949 Grand Isle Drive, Brandon, FL 33511

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

      a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

      b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

      c.      If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**      While I did suffer from respiratory problems and headaches while living in the Chinese Drywall Property, I am not pursuing a bodily injury claim. It was my fear of the long-term effects of living in the Chinese Drywall Property that caused me to leave the Property and move in with my daughters.

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

      a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

      b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

        c.       If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

      **ANSWER:**      While I did suffer from respiratory problems and headaches while living in the Chinese Drywall Property, I am not pursuing a bodily injury claim. It was my fear of the long-term effects of living in the Chinese Drywall Property that caused me to leave the Property and move in with my daughters.

This, the 30th day of November 2018.

                                 */s/ Panagiotis V. Albanis*
                                  Panagiotis "Pete" V. Albanis
                                  Morgan & Morgan – Complex Litigation
                                  12800 University Drive Suite 600
                                  Fort Myers, FL 33907
                                  Tel:   239-433-6880
                                    Fax:   239-433-6836
                                    palbanis@forthepeople.com

                                  *Attorney for Plaintiff*

3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT LILLIAN CHATMON'S ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This 30th day of November, 2018.

*/s/ Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis

5

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing responses to Defendants' Interrogatories propounded on November 30, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information and belief.

Dated: 01/14/2019

By: _Lillian Chatmon_

Lilian Chatmon

1

# EXHIBIT B3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:11-CV-22408-MGC**

EDUARDO AND CARMEN AMORIN, *et al.*,
individually, and on behalf of all others
similarly situated,

     **Plaintiffs,**

        **v.**

TAISHAN GYPSUM CO., LTD. f/k/a
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO.,
LTD., et al.,

     **Defendants.**

## CLAIMANT, DAVID DEEG'S UNVERIFIED
## ANSWERS TO DEFENDANTS' INTERROGATORIES

Claimant, DAVID DEEG, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives

notice of the service of his Unverified Answers to Defendants' Interrogatories served on November

16, 2018, as follows:

1.     Identify all types of damages that you seek in this Lawsuit (e.g. alternative living

expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each

category.

     **ANSWER:**  **Lost equity, diminution in value, and other economic losses.**

2.     Did you ever vacate the Property because of Chinese Drywall?

     a.   If so, identify the dates and location of your alternative residence.

     b.   If so, did you continue to make mortgage payments on the Property during the

        period(s) of your alternative residence?

**ANSWER:**  **No.**

1

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

  a.  If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

  b.  If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

  c.  If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**<u>ANSWER</u>:  Claimant is not pursuing a claim for damages arising from bodily injury.**

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

  a.  If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

  b.  If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

  c.  If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**<u>ANSWER</u>:      No member of Claimant's household is pursuing a claim for damages arising from bodily injury.**

2

## **VERIFICATION**

I, DAVID DEEG, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
DAVID DEEG

STATE OF FLORIDA    )
            ) ss:
COUNTY OF PALM BEACH  )

The foregoing instrument was acknowledged before me this ____ day of January, 2019, by DAVID DEEG, who is personally known to me or has produced _____ as identification.

(SEAL)       _____
           NOTARY PUBLIC, State of Florida

           Print Name: _____

           My Commission Expires: _____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and has been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 2, 2019.

<div align="right">

*s/* GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
*Attorneys for David Deeg and Deborah Hooker*

</div>

**SERVICE LIST**

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial*<br>*Secondary Light Industry Enterprises Group* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:11-CV-22408-MGC**

|  |
|---|
| **EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,** |
| **Plaintiffs,** |
| **v.** |
| **TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,** |
| **Defendants.** |

**CLAIMANT, DAVID DEEG'S UNVERIFIED**
**ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Claimant, DAVID DEEG, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of his Answers to Defendants' Second Set of Interrogatories served on November 21, 2018, as follows:

1.      Please IDENTIFY each party YOU contend supplied and/or installed any defective Chinese-manufactured drywall in YOUR PROPERTY.

**ANSWER:  The affected property was built by Stuart South Group, L.C., P.O. Box 3179, Stuart, FL  34995, and the developer was Treasure Coast Communities, L.L.C., 6301 S.E. Federal Hwy., Stuart, Florida 34997.  The drywall was supplied by Banner Supply Co., 2101 N.W. Settle Ave., Port St. Lucie, Florida 34986; and the drywall was installed by D&A Construction Services, Inc., 3341 S.W. Islesworth Circle, Palm City, Florida 34990.**

2.      Please IDENTIFY any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party, legal settlements with any party, government funding programs, tax credits, or any other form of

1

financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**ANSWER**: **This Priority Claimant, along with the co-owner of the affected property, Deborah Hooker, received $15,166.65 for their Global, Banner InEx Repair & Relocation Expense Claim as part of the settlement reached with the Knauf Defendants in MDL 2047.**

3.       Please IDENTIFY the names, contact information, and locations of contracting companies used for and the date, scope, and costs of any remediation efforts for each and every one of YOUR PROPERTIES that has undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall.

**ANSWER**:  **The affected property was not remediated while it was owned by this Priority Claimant.**

4.       Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**ANSWER**:     **Claimant defers to documents being produced herewith.**

5.       Please IDENTIFY all facts and circumstances that RELATE TO any assignment of personal right of action for purported damage to YOUR PROPERTY.

**ANSWER**: **None.**

6.       Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY, including the date or dates on which YOU first became aware that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

2

**ANSWER**:  Although Claimant did not know the reason why, upon moving into the new home, the builder replaced the air conditioning coils and certain fixtures in the bathroom adjacent to the air conditioning handler, which showed corrosion.  At some unknown point thereafter, the Claimant discovered through online research that the continued issues experienced in the home may be due to Chinese-manufactured drywall.

**VERIFICATION**

I, DAVID DEEG, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
DAVID DEEG

STATE OF FLORIDA            )
                                   ) ss:
COUNTY OF PALM BEACH    )

The foregoing instrument was acknowledged before me this _____ day of January, 2019, by DAVID DEEG, who is personally known to me or has produced _____ as identification.

(SEAL)                           _____
                                     NOTARY PUBLIC, State of Florida

                                     Print Name: _____

                                     My Commission Expires: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and has been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 2, 2019.

_s/_ GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
_Attorneys for David Deeg and Deborah Hooker_

**SERVICE LIST**

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial*<br>*Secondary Light Industry Enterprises Group* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN**, *et al.*,
**individually, and on behalf of all others**
**similarly situated,**

     **Plaintiffs,**

        **v.**

**TAISHAN GYPSUM CO., LTD. f/k/a**
**SHANDONG TAIHE DONGXIN CO., LTD.;**
**TAIAN TAISHAN PLASTERBOARD CO.,**
**LTD., et al.,**

     **Defendants.**

## CLAIMANT, DEBORAH HOOKER'S UNVERIFIED ANSWERS TO DEFENDANTS' INTERROGATORIES

Claimant, DEBORAH HOOKER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of her Unverified Answers to Defendants' Interrogatories served on November 16, 2018, as follows:

1.     Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

     **ANSWER:** **Lost equity, diminution in value, and other economic losses.**

2.     Did you ever vacate the Property because of Chinese Drywall?

     a.   If so, identify the dates and location of your alternative residence.

     b.   If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

     **ANSWER:** **No.**

1

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

  a.  If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

  b.  If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

  c.  If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER**:  **Claimant is not pursuing a claim for damages arising from bodily injury.**

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

  a.  If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

  b.  If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

  c.  If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER**:      **No member of Claimant's household is pursuing a claim for damages arising from bodily injury.**

2

## **VERIFICATION**

I, DEBORAH HOOKER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
DEBORAH HOOKER


STATE OF FLORIDA               )
                                   ) ss:
COUNTY OF PALM BEACH   )

The foregoing instrument was acknowledged before me this ____ day of January, 2019, by DEBORAH HOOKER, who is personally known to me or has produced _____ as identification.


(SEAL)                      _____
                               NOTARY PUBLIC, State of Florida

                               Print Name: _____

                               My Commission Expires: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and has been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 2, 2019.

> _s/_ GREGORY S. WEISS
> Gregory S. Weiss, Florida Bar No. 163430
> gweiss@mrachek-law.com
> MRACHEK, FITZGERALD, ROSE,
> KONOPKA, THOMAS & WEISS, P.A.
> 505 S. Flagler Drive, Suite 600
> West Palm Beach, FL 33401
> Telephone: (561) 655-2250
> Facsimile: (561) 655-5537
> _Attorneys for David Deeg and Deborah Hooker_

4

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA  94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL  33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial*<br>*Secondary Light Industry Enterprises Group* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:11-CV-22408-MGC**

EDUARDO AND CARMEN AMORIN, *et al.*,
individually, and on behalf of all others
similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. f/k/a
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO.,
LTD., et al.,

      Defendants.

---

**CLAIMANT, DEBORAH HOOKER'S UNVERIFIED**
**ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Claimant, DEBORAH HOOKER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33,

gives notice of the service of her Unverified Answers to Defendants' Second Set of Interrogatories

served on November 21, 2018, as follows:

1.     Please IDENTIFY each party YOU contend supplied and/or installed any defective

Chinese-manufactured drywall in YOUR PROPERTY.

**ANSWER:  The affected property was built by Stuart South Group, L.C., P.O. Box**

**3179, Stuart, FL  34995, and the developer was Treasure Coast Communities, L.L.C., 6301**

**S.E. Federal Hwy., Stuart, Florida 34997.  The drywall was supplied by Banner Supply Co.,**

**2101 N.W. Settle Ave., Port St. Lucie, Florida 34986; and the drywall was installed by D&A**

**Construction Services, Inc., 3341 S.W. Islesworth Circle, Palm City, Florida 34990.**

2.     Please IDENTIFY any financial compensation YOU have received or may receive

(including but not limited to insurance payments, insurance claims, legal claims against any party,

legal settlements with any party, government funding programs, tax credits, or any other form of

1

financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**ANSWER**: **This Priority Claimant, along with the co-owner of the affected property, David Deeg, received $15,166.65 for their Global, Banner InEx Repair & Relocation Expense Claim as part of the settlement reached with the Knauf Defendants in MDL 2047.**

3. Please IDENTIFY the names, contact information, and locations of contracting companies used for and the date, scope, and costs of any remediation efforts for each and every one of YOUR PROPERTIES that has undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall.

**ANSWER**: **The affected property was not remediated while it was owned by this Priority Claimant.**

4. Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**ANSWER**: **Claimant defers to documents being produced herewith.**

5. Please IDENTIFY all facts and circumstances that RELATE TO any assignment of personal right of action for purported damage to YOUR PROPERTY.

**ANSWER**: **None.**

6. Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY, including the date or dates on which YOU first became aware that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

**ANSWER**:  Although Claimant did not know the reason why, upon moving into the new home, the builder replaced the air conditioning coils and certain fixtures in the bathroom adjacent to the air conditioning handler, which showed corrosion.  At some unknown point thereafter, the Claimant discovered through online research that the continued issues experienced in the home may be due to Chinese-manufactured drywall.

**VERIFICATION**

I, DEBORAH HOOKER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

DEBORAH HOOKER

STATE OF FLORIDA           )
                          ) ss:
COUNTY OF PALM BEACH    )

The foregoing instrument was acknowledged before me this ____ day of January, 2019, by DEBORAH HOOKER, who is personally known to me or has produced _____ as identification.

(SEAL)                        _____

NOTARY PUBLIC, State of Florida

Print Name: _____

My Commission Expires: _____

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all counsel on the attached Service List via email transmission, and has been uploaded to the Brown

Greer Chinese Drywall Settlement Portal, on January 2, 2019.

      *s/* GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
*Attorneys for David Deeg and Deborah Hooker*

**SERVICE LIST**

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial Secondary Light Industry Enterprises Group* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,**

     **Plaintiffs,**

v.

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

     **Defendants.**

## CLAIMANT, DAVID DEEG'S NOTICE OF SERVING EXECUTED JURAT PAGE TO ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Claimant, DAVID DEEG, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of serving the executed jurat page to his January 2, 2019 Answers to Defendants' Second Set of Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 3, 2019.

       *s/* GREGORY S. WEISS
       Gregory S. Weiss, Florida Bar No. 163430
       gweiss@mrachek-law.com
       MRACHEK, FITZGERALD, ROSE,
       KONOPKA, THOMAS & WEISS, P.A.
       505 S. Flagler Drive, Suite 600
       West Palm Beach, FL 33401
       Telephone: (561) 655-2250
       Facsimile: (561) 655-5537
       *Attorneys for David Deeg and Deborah Hooker*

1

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial*<br>*Secondary Light Industry Enterprises Group* |

**ANSWER**: Although Claimant did not know the reason why, upon moving into the new home, the builder replaced the air conditioning coils and certain fixtures in the bathroom adjacent to the air conditioning handler, which showed corrosion. At some unknown point thereafter, the Claimant discovered through online research that the continued issues experienced in the home may be due to Chinese-manufactured drywall.

## VERIFICATION

I, DAVID DEEG, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
DAVID DEEG

STATE OF FLORIDA )
                        ) ss:
COUNTY OF PALM BEACH )

The foregoing instrument was acknowledged before me this 3rd day of January, 2019, by DAVID DEEG, who is <u>personally known to me</u> or has produced _____ as identification.

(SEAL)

_____
NOTARY PUBLIC, State of Florida

PATRICE M. SYMONS
MY COMMISSION # GG 251072
EXPIRES: September 20, 2022
Bonded Thru Notary Public Underwriters

Print Name: Patrice M. Symons

My Commission Expires: Sept. 20, 2022

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,

      Defendants.

## CLAIMANT, DEBORAH HOOKER'S NOTICE OF SERVING EXECUTED JURAT PAGE TO ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Claimant, DEBORAH HOOKER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of serving the executed jurat page to her January 2, 2019 Answers to Defendants' Second Set of Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 3, 2019.

                    *s/* GREGORY S. WEISS
                    Gregory S. Weiss, Florida Bar No. 163430
                    gweiss@mrachek-law.com
                    MRACHEK, FITZGERALD, ROSE,
                    KONOPKA, THOMAS & WEISS, P.A.
                    505 S. Flagler Drive, Suite 600
                    West Palm Beach, FL 33401
                    Telephone: (561) 655-2250
                    Facsimile: (561) 655-5537
                    *Attorneys for David Deeg and Deborah Hooker*

1

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials<br>Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and<br>Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials<br>Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and<br>Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials<br>Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial<br>Secondary Light Industry Enterprises Group* |

**ANSWER**: Although Claimant did not know the reason why, upon moving into the new home, the builder replaced the air conditioning coils and certain fixtures in the bathroom adjacent to the air conditioning handler, which showed corrosion. At some unknown point thereafter, the Claimant discovered through online research that the continued issues experienced in the home may be due to Chinese-manufactured drywall.

## VERIFICATION

I, DEBORAH HOOKER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

DEBORAH HOOKER

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF PALM BEACH    )

The foregoing instrument was acknowledged before me this 3rd day of January, 2019, by DEBORAH HOOKER, who is personally known to me or has produced _____ as identification.

(SEAL)

PATRICE M. SYMONS
MY COMMISSION # GG 251072
EXPIRES: September 20, 2022
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC, State of Florida

Print Name: Patrice M. Symons

My Commission Expires: Sept. 20, 2022

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,**

     **Plaintiffs,**

v.

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

     **Defendants.**

## CLAIMANT, DAVID DEEG'S NOTICE OF SERVING EXECUTED JURAT PAGE TO ANSWERS TO DEFENDANTS' INTERROGATORIES

Claimant, DAVID DEEG, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of serving the executed jurat page to his January 2, 2019 Answers to Defendants' Interrogatories served November 16, 2018.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 3, 2019.

       *s/* GREGORY S. WEISS
       Gregory S. Weiss, Florida Bar No. 163430
       gweiss@mrachek-law.com
       MRACHEK, FITZGERALD, ROSE,
       KONOPKA, THOMAS & WEISS, P.A.
       505 S. Flagler Drive, Suite 600
       West Palm Beach, FL 33401
       Telephone: (561) 655-2250
       Facsimile: (561) 655-5537
       *Attorneys for David Deeg and Deborah Hooker*

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial Secondary Light Industry Enterprises Group* |

## VERIFICATION

I, DAVID DEEG, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

**DAVID DEEG**

STATE OF FLORIDA            )
                           ) ss:
COUNTY OF PALM BEACH        )

The foregoing instrument was acknowledged before me this 3rd day of January, 2019, by

DAVID    DEEG,    who    is    personally    known    to    me    or    has    produced

_____ as identification.

(SEAL)

PATRICE M. SYMONS
MY COMMISSION # GG 251072
EXPIRES: September 20, 2022
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC, State of Florida

Print Name: _____Patrice M. Symons_____

My Commission Expires: _____Sept. 20, 2022_____

3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

      **Defendants.**

## CLAIMANT, DEBORAH HOOKER'S NOTICE OF SERVING EXECUTED JURAT PAGE TO ANSWERS TO DEFENDANTS' INTERROGATORIES

Claimant, DEBORAH HOOKER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of serving the executed jurat page to her January 2, 2019 Answers to Defendants' Interrogatories served November 16, 2018.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on January 3, 2019.

        *s/* GREGORY S. WEISS
        Gregory S. Weiss, Florida Bar No. 163430
        gweiss@mrachek-law.com
        MRACHEK, FITZGERALD, ROSE,
        KONOPKA, THOMAS & WEISS, P.A.
        505 S. Flagler Drive, Suite 600
        West Palm Beach, FL 33401
        Telephone: (561) 655-2250
        Facsimile: (561) 655-5537
        *Attorneys for David Deeg and Deborah Hooker*

1

### SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Bernard Taylor, Sr., Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>Kristine McAlister Brown, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>kristy.brown@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Hongwei Shang, Esquire<br>The Law Office of Hongwei Shang, LLC<br>9130 S. Dadeland Blvd., Suite 1620<br>Miami, FL 33156<br>Telephone: (786) 581-9759<br>Email: hshanglaw@gmail.com<br>*Attorney for Defendant Zheihang Provincial Secondary Light Industry Enterprises Group* |

## VERIFICATION

I, DEBORAH HOOKER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
DEBORAH HOOKER

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF PALM BEACH      )

The foregoing instrument was acknowledged before me this 3rd day of January, 2019, by DEBORAH HOOKER, who is personally known to me or has produced _____ as identification.

(SEAL)

PATRICE M. SYMONS
MY COMMISSION # GG 251072
EXPIRES: September 20, 2022
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC, State of Florida

Print Name: _Patrice M. Symons_

My Commission Expires: _Sept. 20, 2022_

3

# EXHIBIT B4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

      **Defendants.**

## CLAIMANT, CATHY ETTER'S
## ANSWERS TO DEFENDANTS' INTERROGATORIES

Claimant, CATHY ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of her Answers to Defendants' Interrogatories served on November 16, 2018, as follows:

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**ANSWER:**

    a.  **Diminution in Value**

| | |
|---|---|
| Cost of affected property | $1,524,843.00 |
| Cost of remediation | +$915,845.45 |
| | $2,440,688.45 |
| Net proceeds from sale | -$1,458,559.08 |
| Diminution | $1,064,734.70 |

1

The sales price of the affected property was lowered by $215,000.00 from the list price (our list price had already factored in the history of Chinese-drywall).

    b.  <u>Alternate Living Expenses, Moving & Storage</u> = $46,242.15

    c.  <u>Cost to Repair or Replace Personal Property</u> = $46,608.43

    d.  <u>Punitive Damages</u> = To be determined

2.     Did you ever vacate the Property because of Chinese Drywall?

    a.  If so, identify the dates and location of your alternative residence.

    b.  If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

<u>**ANSWER**</u>: **We obtained alternate living arrangements from November 15, 2012 through August 15, 2013, while the affected property was being remediated. The alternative residence was located at 176 Via Veracruz, Jupiter, Florida 33458. The mortgage payments were all paid on the affected during the remediation.**

3.     Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

    a.  If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b.  If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

2

      c. If so, identify any physician and/or medical professional who has treated you

         for any of the conditions you have identified.

**<u>ANSWER</u>:** **This Claimant is not pursuing a claim for damages arising from bodily injury.**

4.    Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

      a. If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

      b. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

      c. If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**<u>ANSWER</u>:** **No member of Claimant's household is pursuing a claim for damages arising from bodily injury.**

3

**VERIFICATION**

     I, CATHY ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.


_Cathy Etter_
CATHY ETTER


STATE OF INDIANA    )
                      ) ss:
COUNTY OF _HAMILTON_ )

The foregoing instrument was acknowledged before me this 29 day of November, 2018, by CATHY ETTER, who is personally known to me or has produced _____ INDL _____ as identification.

(SEAL)

NOTARY PUBLIC, State of ~~Indiana~~ OHIO.

Print Name: DEBORAH A. MEYER

My Commission Expires: 7/23/23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on November 30, 2018.

                    _s/_ GREGORY S. WEISS
                    Gregory S. Weiss, Florida Bar No. 163430
                    gweiss@mrachek-law.com
                    MRACHEK, FITZGERALD, ROSE,
                    KONOPKA, THOMAS & WEISS, P.A.
                    505 S. Flagler Drive, Suite 600
                    West Palm Beach, FL 33401
                    Telephone: (561) 655-2250
                    Facsimile: (561) 655-5537
                    *Attorneys for Steven and Cathy Etter*

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Bernard Taylor, Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | |

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

      **Defendants.**

## PRIORITY CLAIMANT, STEVEN ETTER'S
## ANSWERS TO DEFENDANTS' INTERROGATORIES

Priority Claimant, STEVEN ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of his Answers to Defendants' Interrogatories served on November 16, 2018, as follows:

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**ANSWER:**

    a.  **Diminution in Value**

| | |
|---|---|
| Cost of affected property | $1,524,843.00 |
| Cost of remediation | +$915,845.45 |
| | $2,440,688.45 |
| Net proceeds from sale | -$1,458,559.08 |
| Diminution | $1,064,734.70 |

1

The sales price of the affected property was lowered by $215,000.00 from the list price (our list price had already factored in the history of Chinese-drywall).

    **b.**   <u>**Alternate Living Expenses, Moving & Storage**</u> **= $46,242.15**

    **c.**   <u>**Cost to Repair or Replace Personal Property**</u> **= $46,608.43**

    **d.**   <u>**Punitive Damages**</u> **= To be determined**

2.     Did you ever vacate the Property because of Chinese Drywall?

    a.   If so, identify the dates and location of your alternative residence.

    b.   If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

<u>**ANSWER**</u>:   **We obtained alternate living arrangements from November 15, 2012 through August 15, 2013, while the affected property was being remediated. The alternative residence was located at 176 Via Veracruz, Jupiter, Florida 33458. The mortgage payments were all paid on the affected during the remediation.**

3.     Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

    a.   If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b.   If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

c. If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER**: **This Claimant is not pursuing a claim for damages arising from bodily injury.**

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

a. If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

c. If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER**:     **No member of Claimant's household is pursuing a claim for damages arising from bodily injury.**

**VERIFICATION**

I, STEVEN ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

STEVEN ETTER

STATE OF ~~INDIANA~~ OHIO )
                            ) ss:
COUNTY OF HAMILTON )

The foregoing instrument was acknowledged before me this _29_ day of November, 2018, by STEVEN ETTER, who is personally known to me or has produced _INDL_ as identification.

(SEAL)



NOTARY PUBLIC, State of ~~Indiana~~ OHIO

Print Name: _DEBORAH A MEYER_

My Commission Expires: _7·23·23_

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all counsel on the attached Service List via email transmission, and have been uploaded to the

Brown Greer Chinese Drywall Settlement Portal, on November 30, 2018.

<div align="right">

*s/* GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
*Attorneys for Steven and Cathy Etter*

</div>

5

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC**

| |
|---|
| **EDUARDO AND CARMEN AMORIN,** *et al.*, individually, and on behalf of all others similarly situated, |
|      **Plaintiffs,** |
| **v.** |
| **TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,** |
|      **Defendants.** |

**CLAIMANT, CATHY ETTER'S UNVERIFIED
ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Claimant, CATHY ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of her Unverified Answers to Defendants' Second Set of Interrogatories served on November 21, 2018, as follows:

1.    Please IDENTIFY each party YOU contend supplied and/or installed any defective Chinese-manufactured drywall in YOUR PROPERTY.

**ANSWER:** **In addition to the information provided in conjunction with Claimant's Supplemental Plaintiff Profile Form ("SPPF"), which was negotiated among the parties and ordered by Judge Fallon to be completed pursuant to Pretrial Order No. 11A (MDL Rec. Doc. 21162), which is incorporated herein by reference, Claimant answers as follows:**

**The affected property was built by J. Helm Construction, Inc., d/b/a Sundown Development & Realty, 658 W. Indiantown Road, Jupiter, Florida. The drywall was supplied by Banner Supply Co., 2101 N.W. Settle Avenue, Port St. Lucie, Florida 34986, and was installed by Sundown Development & Realty, P.O. Box 3967, Tequesta, Florida 33469. See Claimants' document production for list of subcontractors used by builder.**

2.    Please IDENTIFY any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party,

1

legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**ANSWER**:  **In addition to the information provided by Claimant in her SPPF and the information contained in documents previously produced and concurrently produced by Claimant in Response to Defendants' Second Request for Production, Claimant answers as follows:**

**Claimants, Steven and Cathy Etter, are parties to two separate settlement agreements that relate to Chinese-manufactured drywall, both of which have confidentiality provisions that limit or prohibit the distribution of the settlement agreement or discussions regarding the terms of the settlement agreement.  The Etters are providing one settlement agreement between them and their General Contractor, J. Helm Construction, Inc., pursuant to the confidentiality provisions provided by PTO 16 [ETTER000082-000091].  That document speaks for itself.**

**The Etters have notified the parties to the second settlement agreement, pursuant to the terms of the settlement agreement, to obtain approval to disclose the terms of that settlement agreement or the settlement agreement itself.  Upon a response to that request, the Etters hope to produce the second settlement agreement.  Notwithstanding, the Etters disclose that they settled that claim for $368,203.69.**

**In addition, Claimants, Steven and Cathy Etter, also received $21,150.22 for their Pre-Remediation Alternative Living Expenses Claim, and $21,945.00 for their Repair Expense Claim, as part of the settlement reached with the Knauf Defendants in MDL 2047.**

3.      Please IDENTIFY the names, contact information, and locations of contracting companies used for and the date, scope, and costs of any remediation efforts for each and every one of YOUR PROPERTIES that has undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall.

**ANSWER**:  **Claimant objects that discovery related to the remediation of the subject Property is beyond the scope of permissible discovery because remediation damages are, per the Court's Order (DE 112), being handled on a separate track from Claimant's other damages and are being decided by the Special Master.**

Subject to and without waiver of this objection, Claimant has provided this information in the SPPF and the information is contained in documents previously produced by Claimant.

The affected property was remediated by Christian Thomas Construction, Inc., 935 Town Hall Avenue, Jupiter, Florida 33458. The dates of the remediation were December 2012 through October 2013. The cost of the remediation of the Property was $915,845.45.

4.      Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**ANSWER**:   **In addition to the information provided by Claimant in the SPPF and information contained in documents previously produced by Claimant, Claimant answers as follows:**

The Property was sold on September 28, 2016 for $1,580,000 to Daniel W. Corns and Jessica L. Corns. In addition, Defendants will have the opportunity to question Claimant on this topic at her deposition.

5.      Please IDENTIFY all facts and circumstances that RELATE TO any assignment of personal right of action for purported damage to YOUR PROPERTY.

**ANSWER**:  **In the SPPF, Claimant identified that he did not assign her personal right of action for purported damages to the subject property to anyone. Claimant has not assigned her personal right of action for property damage in this matter. Defendants will have the opportunity to question Claimant on this topic at her deposition.**

6.      Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY, including the date or dates on which YOU first became aware that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

**ANSWER**:  **Claimant first suspected the presence of Chinese-manufactured drywall in the affected property due to having air-conditioning coils replaced in June 2007. In addition, Defendants will have the opportunity to question Claimant on this topic at her deposition.**

## **VERIFICATION**

I, CATHY ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

CATHY ETTER

STATE OF OHIO           )

                             ) ss:

COUNTY OF _____)

The foregoing instrument was acknowledged before me this ____ day of December, 2018, by CATHY ETTER, who is personally known to me or has produced _____ as identification.

(SEAL)                  _____

NOTARY PUBLIC, State of Ohio

Print Name: _____

My Commission Expires: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on December 4, 2018.

*s/* GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
*Attorneys for Steven and Cathy Etter*

5

**SERVICE LIST**

| | |
|---|---|
| Enjolique D. Aytich, Esq.<br>AKERMAN LLP<br>350 E. Las Olas Blvd., Suite 1600<br>Ft. Lauderdale, FL 33301<br>Tel. (954) 463-2700<br>Fax (954) 463-2224<br>enjolique.aytch@akerman.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* | L. Christopher Vejnoska, Esq.<br>Eric Matthew Hairston, Esq.<br>Andrew K. Savidson, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE<br>405 Howard Street<br>San Francisco, CA 94105<br>Tel. (415) 773-5700<br>cvejnoska@orrick.com<br>*Attorneys for BNBM PLC* |
| Bernard Taylor, Esq.<br>Michael P. Kenny, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Tel. (404) 881-7000<br>Fax (404) 881-7777<br>bernard.taylor@alston. com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* | James L. Stengel, Esq.<br>ORRICK, HERRRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Tel. (212) 506-5000<br>jstengel@orrick.com<br>*Attorneys for BNBM PLC* |
| Craig P. Kalil, Esq.<br>ABALLI MILNE KALIL, P.A.<br>1 SE 3rd Ave., Suite 2250<br>Miami, FL 33131<br>Tel. (305) 373-6600<br>Fax (305) 373-7929<br>ckalil@aballi.com<br>*Attorneys for BNBM PLC* | Patrick S. Montoya, Esq.<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134-2351<br>Tel. (305) 476-7400<br>Fax (305) 476-7444<br>Patrick@colson.com<br>*Interim Lead Counsel for Plaintiffs* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC**

| |
|---|
| **EDUARDO AND CARMEN AMORIN,** *et al.*, individually, and on behalf of all others similarly situated, |
| **Plaintiffs,** |
| v. |
| **TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,** |
| **Defendants.** |

**CLAIMANT, STEVEN ETTER'S UNVERIFIED
ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Claimant, STEVEN ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of his Unverified Answers to Defendants' Second Set of Interrogatories served on November 21, 2018, as follows:

1.    Please IDENTIFY each party YOU contend supplied and/or installed any defective Chinese-manufactured drywall in YOUR PROPERTY.

**ANSWER:  In addition to the information provided in conjunction with Claimant's Supplemental Plaintiff Profile Form ("SPPF"), which was negotiated among the parties and ordered by Judge Fallon to be completed pursuant to Pretrial Order No. 11A (MDL Rec. Doc. 21162), which is incorporated herein by reference, Claimant answers as follows:**

**The affected property was built by J. Helm Construction, Inc., d/b/a Sundown Development & Realty, 658 W. Indiantown Road, Jupiter, Florida.  The drywall was supplied by Banner Supply Co., 2101 N.W. Settle Avenue, Port St. Lucie, Florida 34986, and was installed by Sundown Development & Realty, P.O. Box 3967, Tequesta, Florida 33469.  See Claimants' document production for list of subcontractors used by builder.**

2.    Please IDENTIFY any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party,

1

legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**ANSWER**:  **In addition to the information provided by Claimant in his SPPF and the information contained in documents previously produced and concurrently produced by Claimant in Response to Defendants' Second Request for Production, Claimant answers as follows:**

**Claimants, Steven and Cathy Etter, are parties to two separate settlement agreements that relate to Chinese-manufactured drywall, both of which have confidentiality provisions that limit or prohibit the distribution of the settlement agreement or discussions regarding the terms of the settlement agreement.  The Etters are providing one settlement agreement between them and their General Contractor, J. Helm Construction, Inc., pursuant to the confidentiality provisions provided by PTO 16 [ETTER000082-000091].  That document speaks for itself.**

**The Etters have notified the parties to the second settlement agreement, pursuant to the terms of the settlement agreement, to obtain approval to disclose the terms of that settlement agreement or the settlement agreement itself.  Upon a response to that request, the Etters hope to produce the second settlement agreement.  Notwithstanding, the Etters disclose that they settled that claim for $368,203.69.**

**In addition, Claimants, Steven and Cathy Etter, also received $21,150.22 for their Pre-Remediation Alternative Living Expenses Claim, and $21,945.00 for their Repair Expense Claim, as part of the settlement reached with the Knauf Defendants in MDL 2047.**

3.      Please IDENTIFY the names, contact information, and locations of contracting companies used for and the date, scope, and costs of any remediation efforts for each and every one of YOUR PROPERTIES that has undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall.

**ANSWER**:  **Claimant objects that discovery related to the remediation of the subject Property is beyond the scope of permissible discovery because remediation damages are, per the Court's Order (DE 112), being handled on a separate track from Claimant's other damages and are being decided by the Special Master.**

**Subject to and without waiver of this objection, Claimant has provided this information in the SPPF and the information is contained in documents previously produced by Claimant.**

**The affected property was remediated by Christian Thomas Construction, Inc., 935 Town Hall Avenue, Jupiter, Florida 33458. The dates of the remediation were December 2012 through October 2013. The cost of the remediation of the Property was $915,845.45.**

4.  Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale,

or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**ANSWER**:  **In addition to the information provided by Claimant in the SPPF and information contained in documents previously produced by Claimant, Claimant answers as follows:**

**The Property was sold on September 28, 2016 for $1,580,000 to Daniel W. Corns and Jessica L. Corns. In addition, Defendants will have the opportunity to question Claimant on this topic at his deposition.**

5.  Please IDENTIFY all facts and circumstances that RELATE TO any assignment of

personal right of action for purported damage to YOUR PROPERTY.

**ANSWER**:  **In the SPPF, Claimant identified that he did not assign his personal right of action for purported damages to the subject property to anyone. Claimant has not assigned his personal right of action for property damage in this matter. Defendants will have the opportunity to question Claimant on this topic at his deposition.**

6.  Please IDENTIFY all facts and circumstances that RELATE TO YOUR first

awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR

PROPERTY, including the date or dates on which YOU first became aware that allegedly

defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

**ANSWER**:  **Claimant first suspected the presence of Chinese-manufactured drywall in the affected property due to having air-conditioning coils replaced in June 2007. In addition, Defendants will have the opportunity to question Claimant on this topic at his deposition.**

**<u>VERIFICATION</u>**

I, STEVEN ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

STEVEN ETTER

STATE OF OHIO          )
                           ) ss:
COUNTY OF _____)

The foregoing instrument was acknowledged before me this _____ day of December, 2018, by STEVEN ETTER, who is personally known to me or has produced _____ as identification.

(SEAL)                   _____
                              NOTARY PUBLIC, State of Ohio

                              Print Name: _____

                              My Commission Expires: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on December 4, 2018.

    _s/_ GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
*Attorneys for Steven and Cathy Etter*

## SERVICE LIST

| | |
|---|---|
| Enjolique D. Aytich, Esq.<br>AKERMAN LLP<br>350 E. Las Olas Blvd., Suite 1600<br>Ft. Lauderdale, FL 33301<br>Tel. (954) 463-2700<br>Fax (954) 463-2224<br>enjolique.aytch@akerman.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* | L. Christopher Vejnoska, Esq.<br>Eric Matthew Hairston, Esq.<br>Andrew K. Savidson, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE<br>405 Howard Street<br>San Francisco, CA 94105<br>Tel. (415) 773-5700<br>cvejnoska@orrick.com<br>*Attorneys for BNBM PLC* |
| Bernard Taylor, Esq.<br>Michael P. Kenny, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Tel. (404) 881-7000<br>Fax (404) 881-7777<br>bernard.taylor@alston. com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* | James L. Stengel, Esq.<br>ORRICK, HERRRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Tel. (212) 506-5000<br>jstengel@orrick.com<br>*Attorneys for BNBM PLC* |
| Craig P. Kalil, Esq.<br>ABALLI MILNE KALIL, P.A.<br>1 SE 3rd Ave., Suite 2250<br>Miami, FL 33131<br>Tel. (305) 373-6600<br>Fax (305) 373-7929<br>ckalil@aballi.com<br>*Attorneys for BNBM PLC* | Patrick S. Montoya, Esq.<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134-2351<br>Tel. (305) 476-7400<br>Fax (305) 476-7444<br>Patrick@colson.com<br>*Interim Lead Counsel for Plaintiffs* |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,**

       **Plaintiffs,**

**v.**

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

       **Defendants.**

## CLAIMANT, CATHY ETTER'S NOTICE OF SERVING EXECUTED JURAT PAGE TO ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Claimant, CATHY ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of serving the executed jurat page to her December 4, 2018 Answers to Defendants' Second Set of Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on December 6, 2018.

      *s/* GREGORY S. WEISS
      Gregory S. Weiss, Florida Bar No. 163430
      gweiss@mrachek-law.com
      MRACHEK, FITZGERALD, ROSE,
      KONOPKA, THOMAS & WEISS, P.A.
      505 S. Flagler Drive, Suite 600
      West Palm Beach, FL 33401
      Telephone: (561) 655-2250
      Facsimile: (561) 655-5537
      *Attorneys for Steven and Cathy Etter*

1

## SERVICE LIST

| | |
|---|---|
| Enjolique D. Aytich, Esq.<br>AKERMAN LLP<br>350 E. Las Olas Blvd., Suite 1600<br>Ft. Lauderdale, FL 33301<br>Tel. (954) 463-2700<br>Fax (954) 463-2224<br>enjolique.aytch@akerman.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* | L. Christopher Vejnoska, Esq.<br>Eric Matthew Hairston, Esq.<br>Andrew K. Savidson, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE<br>405 Howard Street<br>San Francisco, CA 94105<br>Tel. (415) 773-5700<br>cvejnoska@orrick.com<br>*Attorneys for BNBM PLC* |
| Bernard Taylor, Esq.<br>Michael P. Kenny, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Tel. (404) 881-7000<br>Fax (404) 881-7777<br>bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* | James L. Stengel, Esq.<br>ORRICK, HERRRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Tel. (212) 506-5000<br>jstengel@orrick.com<br>*Attorneys for BNBM PLC* |
| Craig P. Kalil, Esq.<br>ABALLI MILNE KALIL, P.A.<br>1 SE 3rd Ave., Suite 2250<br>Miami, FL 33131<br>Tel. (305) 373-6600<br>Fax (305) 373-7929<br>ckalil@aballi.com<br>*Attorneys for BNBM PLC* | Patrick S. Montoya, Esq.<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134-2351<br>Tel. (305) 476-7400<br>Fax (305) 476-7444<br>Patrick@colson.com<br>*Interim Lead Counsel for Plaintiffs* |

## VERIFICATION

I, CATHY ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
CATHY ETTER

STATE OF ~~OHIO~~ INDIANA            )
                                                    ) ss:
COUNTY OF Dearborn            )

The foregoing instrument was acknowledged before me this 5th day of December, 2018, by CATHY ETTER, who is personally known to me or has produced _Drivers License_ as identification.

(SEAL)                    _____
                                   NOTARY PUBLIC, State of ~~Ohio~~

Print Name: _Melita Manion_

My Commission Expires: _June 12, 2019_

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC**

EDUARDO AND CARMEN AMORIN, *et
al.*, individually, and on behalf of all others
similarly situated,

     **Plaintiffs,**

v.

TAISHAN GYPSUM CO., LTD. f/k/a
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO.,
LTD., et al.,

     **Defendants.**

## CLAIMANT, STEVEN ETTER'S NOTICE OF SERVING EXECUTED JURAT PAGE TO ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Claimant, STEVEN ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives

notice of serving the executed jurat page to his December 4, 2018 Answers to Defendants' Second

Set of Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all counsel on the attached Service List via email transmission, and have been uploaded to the

Brown Greer Chinese Drywall Settlement Portal, on December 6, 2018.

       *s/* GREGORY S. WEISS
       Gregory S. Weiss, Florida Bar No. 163430
       gweiss@mrachek-law.com
       MRACHEK, FITZGERALD, ROSE,
       KONOPKA, THOMAS & WEISS, P.A.
       505 S. Flagler Drive, Suite 600
       West Palm Beach, FL 33401
       Telephone: (561) 655-2250
       Facsimile: (561) 655-5537
       *Attorneys for Steven and Cathy Etter*

1

## SERVICE LIST

| | |
|---|---|
| Enjolique D. Aytich, Esq.<br>AKERMAN LLP<br>350 E. Las Olas Blvd., Suite 1600<br>Ft. Lauderdale, FL 33301<br>Tel. (954) 463-2700<br>Fax (954) 463-2224<br>enjolique.aytch@akerman.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* | L. Christopher Vejnoska, Esq.<br>Eric Matthew Hairston, Esq.<br>Andrew K. Savidson, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE<br>405 Howard Street<br>San Francisco, CA 94105<br>Tel. (415) 773-5700<br>cvejnoska@orrick.com<br>*Attorneys for BNBM PLC* |
| Bernard Taylor, Esq.<br>Michael P. Kenny, Esq.<br>Christina Hull Eikhoff, Esq.<br>David Venderbush, Esq.<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Tel. (404) 881-7000<br>Fax (404) 881-7777<br>bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* | James L. Stengel, Esq.<br>ORRICK, HERRRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Tel. (212) 506-5000<br>jstengel@orrick.com<br>*Attorneys for BNBM PLC* |
| Craig P. Kalil, Esq.<br>ABALLI MILNE KALIL, P.A.<br>1 SE 3rd Ave., Suite 2250<br>Miami, FL 33131<br>Tel. (305) 373-6600<br>Fax (305) 373-7929<br>ckalil@aballi.com<br>*Attorneys for BNBM PLC* | Patrick S. Montoya, Esq.<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, PH<br>Coral Gables, FL 33134-2351<br>Tel. (305) 476-7400<br>Fax (305) 476-7444<br>Patrick@colson.com<br>*Interim Lead Counsel for Plaintiffs* |

**VERIFICATION**

I, STEVEN ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_Steven Etter_
STEVEN ETTER

STATE OF ~~OHIO~~ _INDIANA_ )
                                                    ) ss:
COUNTY OF _Dearborn_ )

The foregoing instrument was acknowledged before me this _5th_ day of December, 2018, by STEVEN ETTER, who is personally known to me or has produced _Drivers License_ as identification.

(SEAL)

_Melita Manion_
NOTARY PUBLIC, State of ~~Ohio~~ _INDIANA_

Print Name: _Melita Manion_

My Commission Expires: _6-12-2019_

OFFICIAL SEAL
MELITA MANION
NOTARY PUBLIC - INDIANA
DEARBORN COUNTY
My Comm. Expires June 12, 2019

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN, *et al.*, **individually, and on behalf of all others similarly situated,**

     **Plaintiffs,**

**v.**

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,

     **Defendants.**

## PRIORITY CLAIMANT, CATHY ETTER'S UNVERIFIED AMENDED ANSWER TO INTERROGATORY #1 OF DEFENDANTS' INTERROGATORIES

Priority Claimant, CATHY ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of her Unverified Amended Answer to Interrogatory Number 1 of Defendants' Interrogatories served on November 16, 2018, as follows:

1.     Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**ANSWER:**

    a.  **Diminution in Value**

| | |
|---|---|
| Cost of affected property | $1,524,843.00 |
| Cost of remediation | +$915,845.45 |
| | $2,440,688.45 |
| Net proceeds from sale | -$1,458,559.08 |
| Diminution | $982,129.37[1] |

---

[1] / Corrects prior arithmetical error.

1

The sales price of the affected property was lowered by $215,000.00 from the list price (our list price had already factored in the history of Chinese-drywall).

b. <u>Alternate Living Expenses, Moving & Storage</u>:

| | |
|---|---|
| Temporary Living Expenses: | $39,996.85[2] |
| Moving & Storage | <u>$10,245.30</u> |
| | $50,242.15 |

c. <u>Cost to Repair or Replace Personal Property</u>: $82,243.13[3]

d. <u>Punitive Damages</u> = To be determined

---

[2] / Includes an additional $4,000.00 in lease payments for the Via Veracruz property. The total lease payments were $36,850.00.

[3] / Includes an additional payment of $50,880.00 to Leeds Custom Cabinets, which was not included in the prior Answer to this Interrogatory. <u>See</u> ETTER000101; ETTER000146; and Construction Draws uploaded on 10/23/18 to the Brown Greer Chinese Drywall Settlement Portal (Doc. ID 165507, pg. 6), copies of which are attached to this Amended Answer.

## VERIFICATION

I, CATHY ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____

CATHY ETTER

STATE OF INDIANA        )
                       ) ss:
COUNTY OF _____)

The foregoing instrument was acknowledged before me this _____ day of February, 2019, by CATHY ETTER, who is personally known to me or has produced _____ as identification.

(SEAL)

_____

NOTARY PUBLIC, State of Indiana

Print Name: _____

My Commission Expires: _____

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on February 22, 2019.

> _s/_ GREGORY S. WEISS
> Gregory S. Weiss, Florida Bar No. 163430
> gweiss@mrachek-law.com
> MRACHEK, FITZGERALD, ROSE,
> KONOPKA, THOMAS & WEISS, P.A.
> 505 S. Flagler Drive, Suite 600
> West Palm Beach, FL 33401
> Telephone: (561) 655-2250
> Facsimile: (561) 655-5537
> _Attorneys for Steven and Cathy Etter_

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | |

| ETTER HOME | CHRISTIAN THOMAS CONSTRUCTION BILLING | | | | | | | ck #388 #160,830.00 | |
|---|---|---|---|---|---|---|---|---|---|
| INITIAL DEPOSIT $50,000 | EXPERT TESTIMONY $2,384 〉 ck#0 | | | | LEEDS PAYMENTS 1/28 $50,000 DEP. KIT. SME CHK #421 $6900 | | | | |

| INVOICE DATE 12-Dec | ITEM Expert Testimony | DRAW REQUEST | WAREHOUSE | TOTAL PAYMENT | BY CHECK | CHECK NO. | FROM DEPOSIT | COST TO DATE | REMAINING DEPOSIT |
|---|---|---|---|---|---|---|---|---|---|
| 1/4/2013 | DEC. DRAW | $ 82,550.83 | $ 390.00 | $ 82,550.83 | $ 74,607.50 | 370 | | $ 2,348.00 | |
| 2/8/2013 | JAN. DRAW | $ 113,415.86 | | $ 113,415.86 | $ 105,082.53 | 307 | $ 8,333.33 | $ 85,288.83 | $41,666.67 |
| 2/28/2013 | FEB. DRAW | $ 109,278.54 | | $ 109,278.54 | $ 100,945.21 | 389 | $ 8,333.33 | $ 198,704.69 | $33,333.34 |
| 4/2/2013 | MAR. DRAW | $ 79,919.05 | $ 585.00 | $ 80,504.05 | $ 72,170.72 | 396 | $ 8,333.33 | $ 307,983.23 | $25,000.01 |
| 4/30/2013 | APRIL DRAW | $ 65,426.26 | $ 1,170.00 | $ 66,596.26 | $ 58,262.93 | 412 | $ 8,333.33 | $ 388,487.28 | $16,666.68 |
| 5/30/2013 | MAY DRAW | $ 138,865.12 | $ 585.00 | $ 139,450.12 | $ 131,116.79 | 428 | $ 8,333.33 | $ 455,083.54 | $ 8,333.35 |
| 6/30/2013 | JUNE DRAW | $ 88,744.10 | $ 585.00 | $ 89,329.10 | $ 88,744.10 | 443 | | $ 594,533.66 | |
| 7/31/2013 | JULY DRAW | $ 143,131.45 | $ 585.00 | $ 143,716.45 | | 459 | | $ 683,862.76 | |
| 8/27/2013 | AUG DRAW | $ 65,902.82 | | $ 65,902.82 | | 473&475 | | $ 827,579.21 | |
| 10/7/2013 | SEP/OCT DRAW | $ 22,363.42 | | $ 22,363.42 | | 445 510 | | $ 893,482.03 $ 915,845.45 | |

TOTAL CHRISTIAN THOMAS CONSTRUCTION            $ 915,845.45

## TOTAL COSTS DIRECTLY RELATED TO CHINESE DRYWALL REMEDIATION OF THE ETTER PROPERTY

| | | |
|---|---|---|
| TOTAL CHRISTIAN THOMAS CONSTRUCTION | $ 915,845.45 | ACTUAL COSTS |
| PURCHASES TO REPLACE DAMAGED AND UNUSABLE ITEMS | $ 24,485.20 | $ 915,845.45 |
| EXPENSES TO REPAIR CDW DAMAGED ITEMS | $ 22,123.23 | 75,365.20 |
| TEMPORARY LIVING EXPENSES | $ 35,996.85 | 22,123.23 |
| | | 39,996.85 |

**TOTAL CDW RELATED COSTS** →            $ 998,450.73      $1,053,330.73

# Performance Select Statement



For 24-hour information, sign on to PNC Bank Online Banking on pnc.com

For the period **01/08/2013** to **02/06/2013**
STEVEN M ETTER
Primary account number:
Page 2 of 4

Account Number: ███████ continued

## Balance Summary

| Beginning balance | Deposits and other additions | Checks and other deductions | Ending balance |
|---|---|---|---|

7,910 - points balance as of February 6, 2013 For CheckCard xxxx xxxx xxxx 7175

8,834 - points balance as of February 6, 2013 For CheckCard xxxx xxxx xxxx 6295

Average monthly balance

Charges and fees
.00

## Transaction Summary

| Checks paid/withdrawals | Check Card POS signed transactions | Check Card/Bankcard POS PIN transactions |
|---|---|---|
| 21 | 2 | 3 |

| Total ATM transactions | PNC Bank ATM transactions | Other Bank ATM transactions |
|---|---|---|
| 2 | 2 | 0 |

## Interest Summary

| Annual Percentage Yield Earned (APYE) | Number of days in interest period | Average collected balance for APYE | Interest Paid this period |
|---|---|---|---|
| 0.01% | 30 | | .52 |

As of 02/06, a total of ███ in interest was paid this year.

## Activity Detail

### Deposits and Other Additions

| Date | Amount | Description |
|---|---|---|

There were 6 Deposits and Other Additions totaling ███████

### Checks and Substitute Checks

| Check number | Amount | Date paid | Reference number | Check number | | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|
| | | | | 986* | T | 50,889.40 | 01/08 | 92878588 |

* Gap in check sequence  *T* Teller Cashed Check

There were 21 checks listed totaling ███████

### Banking/Check Card Withdrawals and Purchases

| Date | Amount | Description |
|---|---|---|

There were 2 Banking Machine withdrawals totaling ███████

There were 3 Check Card/Bank card PIN POS purchases totaling ███████

There were 2 other Banking Machine/other Check Card deductions totaling ███████

Banking/Check Card Withdrawals and Purchases continued on next page

ETTER000146

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2/19-2/25 | Labor Forman, lead laborer | 40 | $36.00 | $1,440.00 | | | | | |
| 2/19-2/25 | General Labor | 93 | $29.00 | $2,697.00 | | | | | |
| | | | | | | | | | |
| 2/26-2/28 | Project Manager | 3 | $65.00 | $195.00 | | | | | |
| 2/26-2/28 | Superintendent | 0 | $75.00 | $0.00 | | | | | |
| 2/26-2/28 | Carpenter Forman | 0 | $60.00 | $0.00 | | | | | |
| 2/26-2/28 | Carpenter | 0 | $57.00 | $0.00 | | | | | |
| 2/26-2/28 | Carpenter Assistant | 0 | $43.00 | $0.00 | | | | | |
| 2/26-2/28 | Labor Forman, lead laborer | 32 | $36.00 | $1,152.00 | | | | | |
| 2/26-2/28 | General Labor | 68 | $29.00 | $1,972.00 | | | | | |
| | | | | | | | | | 54,757.45 |

| | | Labor Rates Provided | | | |
|---|---|---|---|---|---|
| Total Labor | $19,183.00 | | | | |
| Total materials brought forward | $54,757.45 | | | | |
| Change orders complete this period  CO-1 | | | | | |
| Change orders complete this period | | Project Manager | $65 p.m.h | Carpenter Assistant | $43 p.m.h |
| Sub Total | $73,940.45 | Superintendent | $75 p.m.h | Labor Forman | $36 p.m.h |
| Fixed Logistical cost See note 2 & 3 monthly charge    note 2 | $17,125.00 | Carpenter Forman | $60 p.m.h | General Labor | $29 p.m.h |
| Contractor Fee (20%) | $18,213.09 | Carpenter | $57 p.m.h | Painter/Plaster | $57 p.m.h |
| Draw request sub total | $109,278.54 | | | | |
| Credit 1/6th of the initial deposit    note 4 | -$8,333.33 | | | | |

**Total due draw February invoicing D-5**  $100,945.21 ✓

**Statement**

Payments made to date

| Date paid | Description | | |
|---|---|---|---|
| 10/7/12 D-1 | Deposit credited monthly | $50,000.00 | |
| 1/4/13 D-2 | December draw request | | $74,607.50 |
| 1/28/13 d-3 | Cabinet Deposit Leeds | | $50,880.00 |
| 2/8/13 D-4 | January draw request | | $105,082.53 |
| | Total Completed to date as or 2/28/13 | | $331,515.24 |

Not included in total as it is being bill and credited monthly as it is earned

2/1/13 # ✓ 388

**Schedule**

The following items have affected the schedule for the following reasons;
As of this date and given the intensity of the Drywall micro Cleaning we are 60 days behind schedule
Prior to drywall installation we recommend that you walk the site for any changes you may want in  electrical and plumbing and low voltage
We need to settle on the Kitchen  and Bath cabinets so that we can change the wall framing
We need you to finalize the plumbing fixtures as we are stopped on final rough in for plumbing as we are missing the master bath shower valve, not selected.

**Budget**

I have reviewed the budget and even with the added expense of the Drywall Testing, Screening, micro cleaning, Chemical Cleaning  and taking into consideration
The cabinet change order now in place we are in good shape when reconciling the original budget with the projected cost to complete.
We will continue to keep up with the budget at a minimum once each month and more if requierd.

**Additional Chinese Drywall testing screening and cleaning**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,

     **Plaintiffs,**

v.

TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,

     **Defendants.**

## PRIORITY CLAIMANT, STEVEN ETTER'S UNVERIFIED AMENDED ANSWER TO INTERROGATORY #1 OF DEFENDANTS' INTERROGATORIES

Priority Claimant, STEVEN ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of his Unverified Amended Answer to Interrogatory Number 1 of Defendants' Interrogatories served on November 16, 2018, as follows:

    1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**

        a.  **Diminution in Value**

| | |
|---|---|
| **Cost of affected property** | $1,524,843.00 |
| **Cost of remediation** | +$915,845.45 |
| | $2,440,688.45 |
| **Net proceeds from sale** | -$1,458,559.08 |
| **Diminution** | $982,129.37[1] |

---

[1] / Corrects prior arithmetical error.

1

The sales price of the affected property was lowered by $215,000.00 from the list price (our list price had already factored in the history of Chinese-drywall).

    b.  <u>Alternate Living Expenses, Moving & Storage</u>:

| | |
|---|---|
| Temporary Living Expenses: | $39,996.85[2] |
| Moving & Storage | <u>$10,245.30</u> |
| | $50,242.15 |

    c.  <u>Cost to Repair or Replace Personal Property</u>: $82,243.13[3]

    d.  <u>Punitive Damages</u> = To be determined

---

[2] / Includes an additional $4,000.00 in lease payments for the Via Veracruz property. The total lease payments were $36,850.00.

[3] / Includes an additional payment of $50,880.00 to Leeds Custom Cabinets, which was not included in the prior Answer to this Interrogatory. <u>See</u> ETTER000101; ETTER000146; and Construction Draws uploaded on 10/23/18 to the Brown Greer Chinese Drywall Settlement Portal (Doc. ID 165507, pg. 6), copies of which are attached to this Amended Answer.

# VERIFICATION

I, STEVEN ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

 

 

_____

STEVEN ETTER

 

STATE OF INDIANA        )
                                  ) ss:
COUNTY OF _____)

The foregoing instrument was acknowledged before me this ____ day of February, 2019, by STEVEN ETTER, who is personally known to me or has produced _____ as identification.

(SEAL)                         _____

NOTARY PUBLIC, State of Indiana

Print Name: _____

My Commission Expires: _____

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel on the attached Service List via email transmission, and have been uploaded to the Brown Greer Chinese Drywall Settlement Portal, on February 22, 2019.

<div style="margin-left: 40%;">

_s/_ GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
_Attorneys for Steven and Cathy Etter_

</div>

## SERVICE LIST

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | Bernard Taylor, Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials Public Limited Company* | |

**ETTER HOME**

**CHRISTIAN THOMAS CONSTRUCTION BILLING**

_ck #388 #60,830.00_

INITIAL DEPOSIT **$50,000**     **EXPERT TESTIMONY $2,384** › _Ck #0_     **LEEDS PAYMENTS**
1/28 $50,000 DEP. KIT. SME CHK #421 $6900

| INVOICE DATE 12-Dec | ITEM Expert Testimony | DRAW REQUEST | WAREHOUSE | TOTAL PAYMENT | BY CHECK | CHECK NO. | FROM DEPOSIT | COST TO DATE | REMAINING DEPOSIT |
|---|---|---|---|---|---|---|---|---|---|
| 1/4/2013 | DEC. DRAW | $ 82,550.83 | $ 390.00 | $ 82,550.83 | $ 74,607.50 | 370 | $ | $ 2,348.00 | |
| 2/8/2013 | JAN. DRAW | $ 113,415.86 | | $ 113,415.86 | $ 105,082.53 | 307 | $ 8,333.33 | $ 85,288.83 | $41,666.67 |
| 2/28/2013 | FEB. DRAW | $ 109,278.54 | | $ 109,278.54 | $ 100,945.21 | 389 | $ 8,333.33 | $ 198,704.69 | $33,333.34 |
| 4/2/2013 | MAR. DRAW | $ 79,919.05 | $ 585.00 | $ 80,504.05 | $ 72,170.72 | 396 | $ 8,333.33 | $ 307,983.23 | $25,000.01 |
| 4/30/2013 | APRIL DRAW | $ 65,426.26 | $ 1,170.00 | $ 66,596.26 | $ 58,262.93 | 412 | $ 8,333.33 | $ 388,487.28 | $16,666.68 |
| 5/30/2013 | MAY DRAW | $ 138,865.12 | $ 585.00 | $ 139,450.12 | $ 131,116.79 | 428 | $ 8,333.33 | $ 455,083.54 | $ 8,333.35 |
| 6/30/2013 | JUNE DRAW | $ 88,744.10 | $ 585.00 | $ 89,329.10 | $ 88,744.10 | 443 | $ 8,333.33 | $ 594,533.66 | |
| 7/31/2013 | JULY DRAW | $ 143,131.45 | $ 585.00 | $ 143,716.45 | | 459 | $ | $ 683,862.76 | |
| 8/27/2013 | AUG DRAW | $ 65,902.82 | | $ 65,902.82 | | 473 & 475 | | $ 827,679.21 | |
| 10/7/2013 | SEP/OCT DRAW | $ 22,363.42 | | $ 22,363.42 | | 495 519 | | $ 893,482.03 $ 915,845.45 | |

**TOTAL CHRISTIAN THOMAS CONSTRUCTION**     $ 915,845.45

## TOTAL COSTS DIRECTLY RELATED TO CHINESE DRYWALL REMEDIATION OF THE ETTER PROPERTY

| | | |
|---|---|---|
| TOTAL CHRISTIAN THOMAS CONSTRUCTION | $ | 915,845.45 |
| PURCHASES TO REPLACE DAMAGED AND UNUSABLE ITEMS | $ | 24,485.20 |
| EXPENSES TO REPAIR CDW DAMAGED ITEMS | $ | 22,123.23 |
| TEMPORARY LIVING EXPENSES | $ | 35,996.85 |

### TOTAL CDW RELATED COSTS     $ 998,450.73

_Actual Costs_
_# 915,845.45_
_75,365.20_
_22,123.23_
_39,996.85_
_$1,053,330.73_

# Performance Select Statement



For 24-hour information, sign on to PNC Bank Online Banking on pnc.com

Account Number: ▮▮▮▮▮▮▮ continued

For the period  01/08/2013  to  02/06/2013
STEVEN M ETTER
Primary account number: ▮▮▮▮▮▮
Page 2 of 4

## Balance Summary

| Beginning balance | Deposits and other additions | Checks and other deductions | Ending balance |
| --- | --- | --- | --- |
| | | Average monthly balance | Charges and fees |
| | | | .00 |

7,910 - points balance as of February 6, 2013 For CheckCard xxxx xxxx xxxx 7175

8,834 - points balance as of February 6, 2013 For CheckCard xxxx xxxx xxxx 6295

## Transaction Summary

| Checks paid/withdrawals | Check Card POS signed transactions | Check Card/Bankcard POS PIN transactions |
| --- | --- | --- |
| 21 | 2 | 3 |
| Total ATM transactions | PNC Bank ATM transactions | Other Bank ATM transactions |
| 2 | 2 | 0 |

## Interest Summary

| Annual Percentage Yield Earned (APYE) | Number of days in interest period | Average collected balance for APYE | Interest Paid this period |
| --- | --- | --- | --- |
| 0.01% | 30 | | .52 |

As of 02/06, a total of ▮▮▮ in interest was paid this year.

## Activity Detail

### Deposits and Other Additions

| Date | Amount | Description |
| --- | --- | --- |

There were 6 Deposits and Other Additions totaling ▮▮▮▮

### Checks and Substitute Checks

| Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | 386* | 50,860.00 | 01/28 | 078749555 |

\* Gap in check sequence   "T" Teller Cashed Check

There were 21 checks listed totaling

### Banking/Check Card Withdrawals and Purchases

| Date | Amount | Description |
| --- | --- | --- |

There were 2 Banking Machine withdrawals totaling ▮▮▮▮

There were 3 Check Card/Bank card PIN POS purchases totaling ▮▮▮▮

There were 2 other Banking Machine/Check Card deductions totaling ▮▮▮▮

Banking/Check Card Withdrawals and Purchases continued on next page

| Date | Description | Hours | Rate | Amount | | | | |
|------|-------------|-------|------|--------|---|---|---|---|
| 2/19-2/25 | Labor Forman, lead laborer | 40 | $36.00 | $1,440.00 | | | | |
| 2/19-2/25 | General Labor | 93 | $29.00 | $2,697.00 | | | | |
| | | | | | | | | |
| 2/26-2/28 | Project Manager | 3 | $65.00 | $195.00 | | | | |
| 2/26-2/28 | Superintendent | 0 | $75.00 | $0.00 | | | | |
| 2/26-2/28 | Carpenter Forman | 0 | $60.00 | $0.00 | | | | |
| 2/26-2/28 | Carpenter | 0 | $57.00 | $0.00 | | | | |
| 2/26-2/28 | Carpenter Assistant | 0 | $43.00 | $0.00 | | | | |
| 2/26-2/28 | Labor Forman, lead laborer | 32 | $36.00 | $1,152.00 | | | | |
| 2/26-2/28 | General Labor | 68 | $29.00 | $1,972.00 | | | | |
| | | | | | | | | 54,757.45 |

| | | | |
|---|---|---|---|
| Total Labor | | $19,183.00 | **Labor Rates Provided** |
| Total materials brought forward | | $54,757.45 | |
| Change orders complete this period  CO-1 | | | |
| Change orders complete this period | | | Project Manager $65 p.m.h    Carpenter Assistant    $43 p.m.h |
| **Sub Total** | | **$73,940.45** | Superintendent $75 p.m.h    Labor Forman    $36 p.m.h |
| Fixed Logistical cost See note 2 & 3 monthly charge    note 2 | | $17,125.00 | Carpenter Forman $60 p.m.h    General Labor    $29 p.m.h |
| Contractor Fee (20%) | | $18,213.09 | Carpenter $57 p.m.h    Painter/Plaster    $57 p.m.h |
| Draw request sub total | | $109,278.54 | |
| Credit 1/6th of the initial deposit    note 4 | | -$8,333.33 | |

| | |
|---|---|
| **Total due draw February invoicing  D-5** | **$100,945.21** |

**Statement**

Payments made to date

| Date paid | Description | | |
|-----------|-------------|---|---|
| 10/7/12 D-1 | Deposit credited monthly | $50,000.00 | |
| 1/4/13 D-2 | December draw request | | $74,607.50 |
| 1/28/13 d-3 | Cabinet Deposit Leeds | | $50,880.00 |
| 2/8/13 D-4 | January draw request | | $105,082.53 |
| | Total Completed to date as or 2/28/13 | | $331,515.24 |

Not included in total as it is being bill and credited monthly as it is earned

2/1/13 # ✓ 388

**Schedule**
The following items have affected the schedule for the following reasons;
As of this date and given the intensity of the Drywall micro Cleaning we are 60 days behind schedule
Prior to drywall installation we recommend that you walk the site for any changes you may want in  electrical and plumbing and low voltage
We need to settle on the Kitchen  and Bath cabinets so that we can change the wall framing
We need you to finalize the plumbing fixtures as we are stopped on final rough in for plumbing as we are missing the master bath shower valve, not selected.

**Budget**
I have reviewed the budget and even with the added expense of the Drywall Testing, Screening, micro cleaning, Chemical Cleaning  and taking into consideration
The cabinet change order now in place we are in good shape when reconciling the original budget with the projected cost to complete.
We will continue to keep up with the budget at a minimum once each month and more if requierd.

**Additional Chinese Drywall testing screening and cleaning**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

**EDUARDO AND CARMEN AMORIN,** *et al.*, **individually, and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**

**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., et al.,**

      **Defendants.**

## PRIORITY CLAIMANT, STEVEN ETTER'S UNVERIFIED AMENDED ANSWER TO INTERROGATORY #1 OF DEFENDANTS' INTERROGATORIES

Priority Claimant, STEVEN ETTER, pursuant to Local Rule 26.1, Fed.R.Civ.P. 26 and 33, gives notice of the service of his Unverified Amended Answer to Interrogatory Number 1 of Defendants' Interrogatories served on November 16, 2018, as follows:

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

### ANSWER:

    a.  **Diminution in Value**

| | |
|---|---|
| Cost of affected property | $1,524,843.00 |
| Cost of remediation | +$915,845.45 |
| | $2,440,688.45 |
| Net proceeds from sale | -$1,458,559.08 |
| Diminution | $982,129.37[1] |

---

[1] / Corrects prior arithmetical error.

1

        **The sales price of the affected property was lowered by $215,000.00 from the list price (our list price had already factored in the history of Chinese-drywall).**

    b.  <u>**Alternate Living Expenses, Moving & Storage**</u>:

| | |
|---|---|
| **Temporary Living Expenses:** | $39,996.85[2] |
| **Moving & Storage** | <u>$10,245.30</u> |
| | $50,242.15 |

    c.  <u>**Cost to Repair or Replace Personal Property**</u>: $82,243.13[3]

    d.  <u>**Punitive Damages**</u> = To be determined

---

[2] / Includes an additional $4,000.00 in lease payments for the Via Veracruz property. The total lease payments were $36,850.00.

[3] / Includes an additional payment of $50,880.00 to Leeds Custom Cabinets, which was not included in the prior Answer to this Interrogatory. <u>See</u> ETTER000101; ETTER000146; and Construction Draws uploaded on 10/23/18 to the Brown Greer Chinese Drywall Settlement Portal (Doc. ID 165507, pg. 6), copies of which are attached to this Amended Answer.

# VERIFICATION

I, STEVEN ETTER, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
STEVEN ETTER


STATE OF INDIANA           )
                           ) ss:
COUNTY OF _____   )

The foregoing instrument was acknowledged before me this ____ day of February, 2019, by STEVEN ETTER, who is personally known to me or has produced _____ as identification.


(SEAL)                     _____
                           NOTARY PUBLIC, State of Indiana

                           Print Name: _____

                           My Commission Expires: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all counsel on the attached Service List via email transmission, and have been uploaded to the

Brown Greer Chinese Drywall Settlement Portal, on February 22, 2019.

<div style="margin-left:40%">

_s/_ GREGORY S. WEISS
Gregory S. Weiss, Florida Bar No. 163430
gweiss@mrachek-law.com
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 S. Flagler Drive, Suite 600
West Palm Beach, FL 33401
Telephone: (561) 655-2250
Facsimile: (561) 655-5537
_Attorneys for Steven and Cathy Etter_

</div>

**SERVICE LIST**

| | |
|---|---|
| Craig P. Kalil, Esquire<br>ABALLI MILNE KALIL P.A.<br>SunTrust International Center<br>1 SE 3rd Avenue, Suite 2250<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>Email: ckalil@aballi.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Enjolique D. Aytch, Esquire<br>AKERMAN LLP<br>Las Olas Centre II – Suite 1600<br>350 E. Las Olas Boulevard<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email: enjolique.aytch@akerman.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| L. Christopher Vejnoska, Esquire<br>Eric Matthew Hairston, Esquire<br>Andrew Davidson, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>The Orrick Building<br>San Francisco, CA 94105<br>Telephone: (415) 773-5700<br>Email: cvejnoska@orrick.com<br>ehairston@orrick.com<br>adavidson@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | Bernard Taylor, Esquire<br>Michael P. Kenny, Esquire<br>Christina Hull Eikhoff, Esquire<br>David Venderbush, Esquire<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: bernard.taylor@alston.com<br>mike.kenny@alston.com<br>christy.eikhoff@alston.com<br>david.venderbush@alston.com<br>*Counsel for Taishan Gypsum Co., Ltd. and*<br>*Tai'an Taishan Plasterboard Co., Ltd.* |
| James L. Stengel, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 506-5000<br>Email: jstengel@orrick.com<br>*Attorneys for Beijing New Building Materials*<br>*Public Limited Company* | |

| ETTER HOME | CHRISTIAN THOMAS CONSTRUCTION BILLING | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| INITIAL DEPOSIT $50,000 | EXPERT TESTIMONY $2,384 | | | LEEDS PAYMENTS 1/28 $50,000 DEP. KIT. SME CHK #421 $6900 | | | | | | |

*Handwritten: ck #388 #60,830.00*

*Handwritten: ck.#0*

| INVOICE DATE 12-Dec | ITEM Expert Testimony | DRAW REQUEST | WAREHOUSE | TOTAL PAYMENT | BY CHECK | CHECK NO. | FROM DEPOSIT | COST TO DATE | REMAINING DEPOSIT |
|---|---|---|---|---|---|---|---|---|---|
| 1/4/2013 | DEC. DRAW | $ 82,550.83 | $ 390.00 | $ 82,550.83 | $ 74,607.50 | *370* | $ 8,333.33 | $ 2,348.00 | |
| 2/8/2013 | JAN. DRAW | $ 113,415.86 | | $ 113,415.86 | $ 105,082.53 | 389 | $ 8,333.33 | $ 85,288.83 | $41,666.67 |
| 2/28/2013 | FEB. DRAW | $ 109,278.54 | | $ 109,278.54 | $ 100,945.21 | 396 | $ 8,333.33 | $ 198,704.69 | $33,333.34 |
| 4/2/2013 | MAR. DRAW | $ 79,919.05 | $ 585.00 | $ 80,504.05 | $ 72,170.72 | 412 | $ 8,333.33 | $ 307,983.23 | $25,000.01 |
| 4/30/2013 | APRIL DRAW | $ 65,426.26 | $ 1,170.00 | $ 66,596.26 | $ 58,262.93 | 428 | $ 8,333.33 | $ 388,487.28 | $16,666.68 |
| 5/30/2013 | MAY DRAW | $ 138,865.12 | $ 585.00 | $ 139,450.12 | $ 131,116.79 | *443* | $ 8,333.33 | $ 455,083.54 | $ 8,333.35 |
| 6/30/2013 | JUNE DRAW | $ 88,744.10 | $ 585.00 | $ 89,329.10 | $ 88,744.10 | 459 | | $ 594,533.66 | |
| 7/31/2013 | JULY DRAW | $ 143,131.45 | $ 585.00 | $ 143,716.45 | | *473#475* | | $ 683,862.76 | |
| 8/27/2013 | AUG DRAW | $ 65,902.82 | | $ 65,902.82 | | *495* | | $ 827,679.21 | |
| 10/7/2013 | SEP/OCT DRAW | $ 22,363.42 | | $ 22,363.42 | | *519* | | $ 893,482.03 | |
| | | | | | | | | $ 915,845.45 | |

**TOTAL CHRISTIAN THOMAS CONSTRUCTION**    $ 915,845.45

## TOTAL COSTS DIRECTLY RELATED TO CHINESE DRYWALL REMEDIATION OF THE ETTER PROPERTY

| | | |
|---|---|---|
| TOTAL CHRISTIAN THOMAS CONSTRUCTION | $ | 915,845.45 |
| PURCHASES TO REPLACE DAMAGED AND UNUSABLE ITEMS | $ | 24,485.20 |
| EXPENSES TO REPAIR CDW DAMAGED ITEMS | $ | 22,123.23 |
| TEMPORARY LIVING EXPENSES | $ | 35,996.85 |

**TOTAL CDW RELATED COSTS**    $ 998,450.73

*Handwritten: Actual Costs*
*# 915,845.45*
*75,365.20*
*22,123.23*
*39,996.85*
*$1,053,330.73*

# Performance Select Statement



For 24-hour information, sign on to PNC Bank Online Banking on pnc.com

**For the period** 01/08/2013 to 02/06/2013

STEVEN M ETTER

Account Number: ▮▮▮▮▮▮▮ continued

Primary account number: ▮▮▮▮▮▮
Page 2 of 4

## Balance Summary

| Beginning balance | Deposits and other additions | Checks and other deductions | Ending balance |
|---|---|---|---|

Average monthly balance

Charges and fees
.00

7,910 - points balance as of February 6, 2013 For CheckCard xxxx xxxx xxxx 7175

8,834 - points balance as of February 6, 2013 For CheckCard xxxx xxxx xxxx 6295

## Transaction Summary

| Checks paid/withdrawals | Check Card POS signed transactions | Check Card/Bankcard POS PIN transactions |
|---|---|---|
| 21 | 2 | 3 |

| Total ATM transactions | PNC Bank ATM transactions | Other Bank ATM transactions |
|---|---|---|
| 2 | 2 | 0 |

## Interest Summary

| Annual Percentage Yield Earned (APYE) | Number of days in interest period | Average collected balance for APYE | Interest Paid this period |
|---|---|---|---|
| 0.01% | 30 | | .52 |

As of 02/06, a total of ▮▮▮ in interest was paid this year.

## Activity Detail

### Deposits and Other Additions

| Date | Amount | Description |
|---|---|---|

There were 6 Deposits and Other Additions totaling ▮▮▮▮

### Checks and Substitute Checks

| Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|
| | | | | | 50,860.00 | 01/... | 678749555 |

\* Gap in check sequence  "T" Teller Cashed Check

There were 21 checks listed totaling

### Banking/Check Card Withdrawals and Purchases

| Date | Amount | Description |
|---|---|---|

There were 2 Banking Machine withdrawals totaling ▮▮▮▮

There were 3 Check Card/Bank card PIN POS purchases totaling ▮▮▮

There were 2 other Banking Machine/Check Card deductions totaling ▮▮▮

Banking/Check Card Withdrawals and Purchases continued on next page

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2/19-2/25 | Labor Forman, lead laborer | 40 | $36.00 | $1,440.00 | | | | |
| 2/19-2/25 | General Labor | 93 | $29.00 | $2,697.00 | | | | |
| | | | | | | | | |
| 2/26-2/28 | Project Manager | 3 | $65.00 | $195.00 | | | | |
| 2/26-2/28 | Superintendent | 0 | $75.00 | $0.00 | | | | |
| 2/26-2/28 | Carpenter Forman | 0 | $60.00 | $0.00 | | | | |
| 2/26-2/28 | Carpenter | 0 | $57.00 | $0.00 | | | | |
| 2/26-2/28 | Carpenter Assistant | 0 | $43.00 | $0.00 | | | | |
| 2/26-2/28 | Labor Forman, lead laborer | 32 | $36.00 | $1,152.00 | | | | |
| 2/26-2/28 | General Labor | 68 | $29.00 | $1,972.00 | | | | |
| | | | | | | | | 54,757.45 |

| | | Labor Rates Provided | | |
|---|---|---|---|---|
| Total Labor | $19,183.00 | | | |
| Total materials brought forward | $54,757.45 | | | |
| Change orders complete this period  CO-1 | | | | |
| Change orders complete this period | | Project Manager | $65 p.m.h | Carpenter Assistant | $43 p.m.h |
| Sub Total | $73,940.45 | Superintendent | $75 p.m.h | Labor Forman | $36 p.m.h |
| Fixed Logistical cost See note 2 & 3 monthly charge   note 2 | $17,125.00 | Carpenter Forman | $60 p.m.h | General Labor | $29 p.m.h |
| Contractor Fee (20%) | $18,213.09 | Carpenter | $57 p.m.h | Painter/Plaster | $57 p.m.h |
| Draw request sub total | $109,278.54 | | | |
| Credit 1/6th of the initial deposit   note 4 | -$8,333.33 | | | |

| **Total due draw February invoicing  D-5** | **$100,945.21** |
|---|---|

**Statement**

Payments made to date

| Date paid | Description | | |
|---|---|---|---|
| 10/7/12 D-1 | Deposit credited monthly | $50,000.00 | Not included in total as it is being bill and credited monthly as it is earned |
| 1/4/13 D-2 | December draw request | $74,607.50 | 2/1/13 # ✓ 388 |
| 1/28/13 d-3 | Cabinet Deposit Leeds | $50,880.00 | |
| 2/8/13 D-4 | January draw request | $105,082.53 | |
| | Total Completed to date as or 2/28/13 | $331,515.24 | |

**Schedule**

The following items have affected the schedule for the following reasons;

As of this date and given the intensity of the Drywall micro Cleaning we are 60 days behind schedule

Prior to drywall installation we recommend that you walk the site for any changes you may want in  electrical and plumbing and low voltage

We need to settle on the Kitchen  and Bath cabinets so that we can change the wall framing

We need you to finalize the plumbing fixtures as we are stopped on final rough in for plumbing as we are missing the master bath shower valve, not selected.

**Budget**

I have reviewed the budget and even with the added expense of the Drywall Testing, Screening, micro cleaning, Chemical Cleaning  and taking into consideration

The cabinet change order now in place we are in good shape when reconciling the original budget with the projected cost to complete.

We will continue to keep up with the budget at a minimum once each month and more if requierd.

**Additional Chinese Drywall testing screening and cleaning**

# EXHIBIT B5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

     Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

     Defendants.

_____/

## PRIORITY CLAIMANT ANDREW FELDKAMP'S FIRST AMENDED ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Andrew Feldkamp, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## FIRST AMENDED INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**ANSWER:**    We seek alternative living expenses from April 2012 through September 2015 of at least $37,989, personal property loss of at least $969.50, lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, we seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the Court as a post-judgment ministerial matter.

1

2. Did you ever vacate the Property because of Chinese Drywall?

    a. If so, identify the dates and location of your alternative residence.

    b. If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:** Yes, we vacated the Property because of Chinese Drywall. We feared that we would suffer from continued adverse health effects if we continued to live in the Chinese Drywall Property. We vacated the Property in April 2012 and moved to 5543 Billings Street, Lehigh Acres, FL 33971 until the present. We stopped paying our mortgage payments shortly after moving out of the Property.

3. Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

    a. If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

    c. If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:** While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

4. Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

    a. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

    b. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese

Drywall, in whole or in part.

        c.     If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER:**     While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

5.     If you contend that a foreclosure occurred as a result of damage to your Property, identify any lenders or mortgagees that had a security interest on the Property at any time during your ownership (to the extent not already identified in the Supplemental Plaintiff Profile Form).

**ANSWER:**     The only lender that had a security interest was 5/3 Bank. 5/3 Bank has been identified on the Supplemental Plaintiff Profile Form.

6.     If the Property was the subject of a foreclosure, identify the following (to the extent not already identified in the Supplemental Plaintiff Profile Form):

        a.     Loan number;

        b.     The amount owed on the loan/mortgage at the date of foreclosure/short sale.

**ANSWER:**     The Property was the subject of a foreclosure. The Loan number was 0405997933. $118,705.34 was the remaining amount of the mortgage. The total principal paid on the loan was $16,005.34. See documents produced.

7.     If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

**ANSWER:** We do claim diminution in value based on Florida law to be determined by the jury at trial.

This, the 12th day of December 2018.

                                */s/ Panagiotis V. Albanis*
                                Panagiotis "Pete" V. Albanis
                                Morgan & Morgan – Complex Litigation

12800 University Drive Suite 600
Fort Myers, FL 33907
Tel:    239-433-6880
Fax:    239-433-6836
palbanis@forthepeople.com

*Attorney for Plaintiff*

4

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT ANDREW FELDKAMP'S ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

    This, 12th day of December, 2018.

                        */s/ Panagiotis V. Albanis*
                        Panagiotis "Pete" V. Albanis

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing responses to Defendants' Interrogatories propounded on November 30, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information and belief.

Dated: 12/13/2018                    By: _____
                                              Andrew Feldkamp

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

     Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

     Defendants.

_____/

## PRIORITY CLAIMANT DAWN FELDKAMP'S FIRST AMENDED ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Dawn Feldkamp, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## FIRST AMENDED INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**    We seek alternative living expenses from April 2012 through September 2015 of at least $37,989, personal property loss of at least $969.50, lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, we seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the Court as a post-judgment ministerial matter.

1

2.      Did you ever vacate the Property because of Chinese Drywall?

a.      If so, identify the dates and location of your alternative residence.

b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**        Yes, we vacated the Property because of Chinese Drywall. We feared that we would suffer from continued adverse health effects if we continued to live in the Chinese Drywall Property. We vacated the Property in April 2012 and moved to 5543 Billings Street, Lehigh Acres, FL 33971 until the present. We stopped paying our mortgage payments shortly after moving out of the Property.

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

c.      If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**        While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

a.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese

2

Drywall, in whole or in part.

      c.     If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER:**     While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

5.     If you contend that a foreclosure occurred as a result of damage to your Property, identify any lenders or mortgagees that had a security interest on the Property at any time during your ownership (to the extent not already identified in the Supplemental Plaintiff Profile Form).

**ANSWER:**     The only lender that had a security interest was 5/3 Bank. 5/3 Bank has been identified on the Supplemental Plaintiff Profile Form.

6.     If the Property was the subject of a foreclosure, identify the following (to the extent not already identified in the Supplemental Plaintiff Profile Form):

      a.     Loan number;

      b.     The amount owed on the loan/mortgage at the date of foreclosure/short sale.

**ANSWER:**     The Property was the subject of a foreclosure. The Loan number was 0405997933. $118,705.34 was the remaining amount of the mortgage. The total principal paid on the loan was $16,005.34. See documents produced.

7.     If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

**ANSWER:** We do claim diminution in value based on Florida law to be determined by the jury at trial.

This, the 12th day of December 2018.

                                 */s/ Panagiotis V. Albanis*
                                 Panagiotis "Pete" V. Albanis
                                 Morgan & Morgan – Complex Litigation

12800 University Drive Suite 600
Fort Myers, FL 33907
Tel:    239-433-6880
Fax:   239-433-6836
palbanis@forthepeople.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT DAWN FELDKAMP'S ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This, 12th day of December, 2018.

/s/ *Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis

6

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing responses to Defendants' Interrogatories propounded on November 30, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information and belief.

Dated: 12/13/2018                              By: _____
                                                        Dawn Feldkamp

2

# EXHIBIT B6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

      Defendants.

_____/

## PRIORITY CLAIMANT VICKI FOSTER'S FIRST AMENDED
## ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Vicki Foster, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**    We seek alternative living expenses from March 2008 through December 2017 of at least $190,727.01, personal property damage expenses of at least $87,483.50, lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, we seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the Court as a post-judgment ministerial matter.

1

2.     Did you ever vacate the Property because of Chinese Drywall?

    a.     If so, identify the dates and location of your alternative residence.

    b.     If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**     Yes. a. My husband and I vacated the Property because of the Chinese Drywall. My husband and I suffered from numerous symptoms while we were living in the home from 3/20/2007 to 10/2/2009.  My husband and I lived in our rental property at 10137 Colonial Country Club #1106, Fort Myers, FL 33913 from 10/3/2009 – 07/12/2011.  We then rented from John Walsh at 10828 Tiberio Drive, Fort Myers, FL 33913 07/13/2011 until 11/17/2012 when we moved back into our partially remediated home at 10814 Fortina Drive, Fort Myers, FL 33913. b. We continued to make payments on the mortgage and HOA fees throughout the time we were not living in the property to present.

3.     Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

    a.     If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

    c.     If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**     While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, fatigue, allergies, asthma and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

4.     Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

2

a. If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

c. If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER:** While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

5. If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

**ANSWER:** I am claiming diminution in value damages in an amount to be determined at trial.

This the 10th day of January, 2019.

*/s/ Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis
Morgan & Morgan – Complex Litigation
12800 University Drive Suite 600
Fort Myers, FL 33907
Tel:    239-433-6880
Fax:    239-433-6836
palbanis@forthepeople.com

*Attorney for Plaintiff*

3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT VICKI FOSTER'S ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

4

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This the 10th day of January, 2019.

/s/ *Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing Amended responses to Defendants' Interrogatories propounded on November 30, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information and belief.

Dated:   01/10/2019

By: _Vicki Foster_
Vicki Foster

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

     Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE
DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD
CO., LTD., et al.,

     Defendants.

_____/

## PRIORITY CLAIMANT VICKI FOSTER'S SECOND SUPPLEMENTAL
## ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Vicki Foster,

through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum

Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively

"Defendants") Interrogatories as follows:

### INTERROGATORIES

1.     Identify all types of damages that you seek in this Lawsuit (e.g. alternative

living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts

sought for each category.

     **ANSWER:**     We seek alternative living expenses from October 2009

through November 2012 of $43,510, personal property damage expenses of at

least $71,423, and additional damages of $94,528. Also, we seek lost equity,

diminution in value, loss of use and enjoyment, punitive damages, and pre-

judgment interest. In addition, we seek remediation damages as determined by

the Court. The total amount of diminution in value, loss of use and enjoyment, and

punitive damages will be determined by the jury and pre-judgment interest by the

1

Court as a post-judgment ministerial matter.

2.      Did you ever vacate the Property because of Chinese Drywall?

     a.      If so, identify the dates and location of your alternative residence.

     b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**      Yes. a. My husband and I vacated the Property because of the Chinese Drywall. I suffered from numerous symptoms while I lived in the home from 3/20/2007 to 10/2/2009. My husband and I lived in our rental property at 10137 Colonial Country Club #1106, Fort Myers, FL 33913 from 10/3/2009 – 7/12/2011. We then rented from John Walsh at 10828 Tiberio Drive, Fort Myers, FL 33913 from 7/13/2011 until 11/17/2012 when we moved back into our home after it was remediated at 10814 Fortina Drive, Fort Myers, FL 33913. b. We continued to make payments on the mortgage and HOA fees throughout the time we were not living in the property to present.

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

     a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

     b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

     c.      If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**      While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, fatigue, allergies, asthma and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

2

4.  Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

    a.    If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b.    If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

    c.    If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER:**    While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

5.  If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

**ANSWER:**    I am claiming diminution in value damages in an amount to be determined at trial.

This the 28th day of April, 2019.

                    */s/ Panagiotis V. Albanis*
                    Panagiotis "Pete" V. Albanis
                    Morgan & Morgan – Complex Litigation
                    12800 University Drive Suite 600
                    Fort Myers, FL 33907
                    Tel:    239-433-6880
                    Fax:    239-433-6836
                    palbanis@forthepeople.com

                    *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT VICKI FOSTER'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANTS INTERROGATORIES** have been served on the following counsel:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

4

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This 28th day of April, 2019.

/s/ Panagiotis V. Albanis
Panagiotis "Pete" V. Albanis

5

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing Supplemental Answers to Defendants' Interrogatories are based on my personal knowledge, and are true and correct to the best of my knowledge, information, and belief.

Dated: 4/28/2019                    By: _Vicki Foster_
                                         Name

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

      Defendants.

_____/

## PRIORITY CLAIMANT WILLIAM FOSTER'S FIRST AMENED ANSWERS TO INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, William Foster, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

1.     Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**     We seek alternative living expenses from March 2008 through December 2017 of at least $190,727.01, personal property damage expenses of at least $87,483.50, lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, we seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the Court as a post-judgment ministerial matter.

1

    2.    Did you ever vacate the Property because of Chinese Drywall?

        a.    If so, identify the dates and location of your alternative residence.

        b.    If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**    Yes. a. My wife and I vacated the Property because of the Chinese Drywall. My wife and I suffered from numerous symptoms while we were living in the home from 3/20/2007 to 10/2/2009. My wife and I lived in our rental property at 10137 Colonial Country Club #1106, Fort Myers, FL 33913 from 10/3/2009 – 07/12/2011. We then rented from John Walsh at 10828 Tiberio Drive, Fort Myers, FL 33913 07/13/2011 until 11/17/2012 when we moved back into our partially remediated home at 10814 Fortina Drive, Fort Myers, FL 33913. b. We continued to make payments on the mortgage and HOA fees throughout the time we were not living in the property to present.

    3.    Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

        a.    If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

        b.    If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

        c.    If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**    While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, fatigue, allergies, asthma and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

    4.    Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

a. If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b. If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

c. If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER:** While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

5. If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

**ANSWER:** I am claiming diminution in value damages in an amount to be determined at trial.

This the 10th day of January, 2019.

/s/ Panagiotis V. Albanis
Panagiotis "Pete" V. Albanis
Morgan & Morgan – Complex Litigation
12800 University Drive Suite 600
Fort Myers, FL 33907
Tel: 239-433-6880
Fax: 239-433-6836
palbanis@forthepeople.com

*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing
**PRIORITY CLAIMANT WILLIAM FOSTER'S ANSWERS TO DEFENDANTS
INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

4

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This the 10th day of January, 2019.

/s/ Panagiotis V. Albanis
Panagiotis "Pete" V. Albanis

## **VERIFICATION**

I hereby affirm, under the penalty of perjury, that the foregoing Amended responses to Defendants' Interrogatories propounded on November 30, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information and belief.

Dated:   01/10/2019

By: _William Foster_

William Foster

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE
DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD
CO., LTD., et al.,

      Defendants.

_____/

## PRIORITY CLAIMANT WILLIAM FOSTER'S SECOND SUPPLEMENTAL
## ANSWERS TO INTERROGATORIES

     PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, William Foster, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

    1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

    **ANSWER:**    We seek alternative living expenses from October 2009 through November 2012 of $43,510, personal property damage expenses of at least $71,423, and additional damages of $94,528. Also, we seek lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, we seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the

1

Court as a post-judgment ministerial matter.

    2.    Did you ever vacate the Property because of Chinese Drywall?

        a.    If so, identify the dates and location of your alternative residence.

        b.    If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**    Yes. a. We vacated the Property because of the Chinese Drywall. My wife Vicki suffered from numerous symptoms while she lived in the home from 3/20/2007 to 10/2/2009. My wife and I lived in our rental property at 10137 Colonial Country Club #1106, Fort Myers, FL 33913 from 10/3/2009 – 7/12/2011. We then rented from John Walsh at 10828 Tiberio Drive, Fort Myers, FL 33913 from 7/13/2011 until 11/17/2012 when we moved back into our home after it was remediated at 10814 Fortina Drive, Fort Myers, FL 33913. b. We continued to make payments on the mortgage and HOA fees throughout the time we were not living in the property to present.

    3.    Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

        a.    If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

        b.    If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

        c.    If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**    While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, fatigue, allergies, asthma and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

2

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

c.      If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**ANSWER:**      While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, bloody noses, and depression among other symptoms while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

5.      If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

**ANSWER:**      We are claiming diminution in value damages in an amount to be determined at trial.

This the 28th day of April, 2019.

_/s/ Panagiotis V. Albanis_
Panagiotis "Pete" V. Albanis
Morgan & Morgan – Complex Litigation
12800 University Drive Suite 600
Fort Myers, FL 33907
Tel:     239-433-6880
Fax:     239-433-6836
palbanis@forthepeople.com

_Attorney for Plaintiffs_

3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT WILLIAM FOSTER'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANTS INTERROGATORIES** have been served on the following counsel:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

4

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This 28th day of April, 2019.

*/s/ Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing Supplemental Answers to Defendants' Interrogatories are based on my personal knowledge, and are true and correct to the best of my knowledge, information, and belief.

Dated: 4·28·2019                    By: *William Foster*
                                         Name

1

# EXHIBIT B7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

       Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A
SHANDONG TAIHE DONGXIN CO., LTD.;
TAIAN TAISHAN PLASTERBOARD CO., LTD., et
al.,

       Defendants.

_____/

## PRIORITY CLAIMANT CANDACE GODY'S ANSWERS TO
## INTERROGATORIES

PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Candace
Gody, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan
Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC
(collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

1.      Identify all types of damages that you seek in this Lawsuit (e.g. alternative
living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts
sought for each category.

      **ANSWER**:      We seek alternative living expenses from June 2010 through
September 2012 of at least $327,036.70, personal property damage expenses of at
least $7,595.00, lost equity, diminution in value, loss of use and enjoyment,
punitive damages, and pre-judgment interest. In addition, we seek remediation
damages as determined by the Court. The total amount of diminution in value,
loss of use and enjoyment, and punitive damages will be determined by the jury

and pre-judgment interest by the Court as a post-judgment ministerial matter.

2.      Did you ever vacate the Property because of Chinese Drywall?

        a.      If so, identify the dates and location of your alternative residence.

        b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**        Yes.  a. My husband and I vacated the Property because of the Chinese Drywall. My husband and I suffered from sore throats, headaches, eye irritation, sinus infections, insomnia, fatigue and bronchitis while we were living in the home from 4/17/2007 to 6/8/2010.  My husband and I attempted to rent close to our home, but could not find anyone that would offer us a short term lease agreement.  We purchased a small property and had a home built at 178 Grouse Drive, Elizabeth, PA 15037.  We lived at this property from 6/8/2010 through 9/2012 until the completion of the remediation of our affected property.  b. We continued to make payments on the mortgage and HOA fees throughout the time we were not living in the property to present.

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

        a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

        b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

        c.      If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**        While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, eye irritation, fatigue, sore throats and insomnia while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

4.      Does anyone in your household claim to have suffered bodily injury

because of the Chinese Drywall?

        a.        If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

        b.        If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

        c.        If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

    **ANSWER:**        While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, eye irritation, fatigue, sore throats and insomnia while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

    5.        If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

    **ANSWER:**        We are claiming diminution in value damages in an amount to be determined at trial.

This the 30th day of November 2018.

                              */s/ Panagiotis V. Albanis*
                              Panagiotis "Pete" V. Albanis
                              Morgan & Morgan – Complex Litigation
                              12800 University Drive Suite 600
                              Fort Myers, FL 33907
                              Tel:    239-433-6880
                              Fax:   239-433-6836
                              palbanis@forthepeople.com

                              *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT CANDACE GODY'S ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This 30th day of November, 2018.

/s/ *Panagiotis V. Albanis*
Panagiotis "Pete" V. Albanis

5

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing responses to Defendants' Interrogatories propounded on November 16, 2018 are based on my personal knowledge, and are true and correct to the best of my knowledge, information and belief.

Dated: 12/18/2018

By: _Candon M Gody_

Candy Gody

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE
DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD
CO., LTD., et al.,

      Defendants.

_____/

## PRIORITY CLAIMANT CANDACE GODY'S FIRST SUPPLEMENTAL ANSWERS TO INTERROGATORIES

      PURSUANT TO Fed. R. Civ. P. 26 and 33 and LR 26.1(g), Plaintiff, Candace Gody, through Plaintiff's undersigned attorney, hereby responds to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd. and BNBM PLC (collectively "Defendants") Interrogatories as follows:

## INTERROGATORIES

      1.      Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

      **ANSWER:**      We seek alternative living expenses from June 2010 through September 2012 of approximately $55,180, personal property damage expenses of at least $17,799.00, lost equity, diminution in value, loss of use and enjoyment, punitive damages, and pre-judgment interest. In addition, we seek remediation damages as determined by the Court. The total amount of diminution in value, loss of use and enjoyment, and punitive damages will be determined by the jury and pre-judgment interest by the Court as a post-judgment ministerial matter.

2.     Did you ever vacate the Property because of Chinese Drywall?

    a.     If so, identify the dates and location of your alternative residence.

    b.     If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:**     Yes. a. My husband and I vacated the Property because of the Chinese Drywall. My husband and I suffered from sore throats, headaches, eye irritation, sinus infections, insomnia, fatigue and bronchitis while we were living in the home from 4/17/2007 to 6/8/2010. My husband and I attempted to rent close to our home, but could not find anyone that would offer us a short term lease agreement. We therefore went to our hometown of Elizabeth, PA and purchased a small property and had a home built at 178 Grouse Drive, Elizabeth, PA 15037. We vacated our property at 10842 Tiberio Drive on June 8, 2010 and lived with family until we moved to 178 Grouse Drive on July 10, 2010. We lived at 178 Grouse Drive through September 2012 when the remediation of our affected property was completed. b. We continued to make payments on the mortgage and HOA fees throughout the time we were not living in the property to present.

3.     Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

    a.     If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

    b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

    c.     If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**ANSWER:**     While we do not intend to pursue bodily injury claims arising from Chinese Drywall, we did suffer from respiratory problems, headaches, eye irritation, fatigue, sore throats and insomnia while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall

Property that caused us to leave the Property and find an alternative residence.

    4.     Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

        a.     If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

        b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

        c.     If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

    __ANSWER:__     While we are not pursuing bodily injury claims related to Chinese Drywall, we did suffer from respiratory problems, headaches, eye irritation, fatigue, sore throats and insomnia while living in the Chinese Drywall Property. It was our fear of the long-term effects of living in the Chinese Drywall Property that caused us to leave the Property and find an alternative residence.

    5.     If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

    __ANSWER:__     We are claiming diminution in value damages in an amount to be determined at trial.

This the 28th day of April, 2019.

                    _/s/ Panagiotis V. Albanis_
                    Panagiotis "Pete" V. Albanis
                    Morgan & Morgan – Complex Litigation
                    12800 University Drive Suite 600
                    Fort Myers, FL 33907
                    Tel:    239-433-6880
                    Fax:    239-433-6836
                    palbanis@forthepeople.com

                    _Attorney for Plaintiff_

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing **PRIORITY CLAIMANT CANDACE GODY'S FIRST SUPPLEMENTAL ANSWERS TO DEFENDANTS INTERROGATORIES** has been served on the following counsel via email:

Enjoliqué D. Aytch, Esq.
AKERMAN LLP
Las Olas Centre II - Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
enjolique.aytch@akerman.com

Bernard Taylor, Esq.
Michael P. Kenny, Esq.
Christina Hull Eikhoff, Esq.
David Venderbush, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777
bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Attorneys for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

Craig P Kalil
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue Suite 2250
Miami, FL 33131
Tel: 305-373-6600
Fax: 305-373-7929
ckalil@aballi.com

L. Christopher Vejnoska
Eric Matthew Hairston
Andrew K. Davidson
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700
cvejnoska@orrick.com

James L. Stengel
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: 212-506-5000
jstengel@orrick.com

*Counsel for BNBM PLC*

This 28th day of April, 2019.

/s/ Panagiotis V. Albanis
Panagiotis "Pete" V. Albanis

## VERIFICATION

I hereby affirm, under the penalty of perjury, that the foregoing Supplemental Answers to Defendants' Interrogatories are based on my personal knowledge, and are true and correct to the best of my knowledge, information, and belief.

Dated:  4/27/2019                    By: _Candace N Gody_
                                              Name

1

# EXHIBIT B8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all others similarly
situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

      Defendants.

_____/

## CLAIMANT DAVID AND DIANE GRIFFIN'S ANSWERS TO DEFENDANT TAISHAN GYPSUM COMPANY, LTD., TAI'AN TAISHAN PLASTERBOARD COMPANY, LTD. AND BNBM PLC'S SECOND SET OF INTERROGATORIES

      Pursuant to by Fed. R. Civ. P. 26 and 33 and LR 26.1(g) and as required by Fed. R. Civ. P. 26(e), Claimant David and Diane Griffin ("Claimants") hereby serve answers to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC (collectively "Defendants"), interrogatories propounded on November 21, 2018 ("Defendants Second Set of Interrogatories").

Dated: December 4, 2018             Respectfully submitted,

                              /s/ Patrick S. Montoya, Esq.

                              Patrick Shanan Montoya
                              Fla. Bar No. 0524441
                              Email: Patrick@colson.com
                              Colson Hicks Eidson
                              255 Alhambra Circle, PH
                              Coral Gables, FL  33134-2351
                              Telephone:  (305) 476-7400
                              Facsimile:  (305) 476-7444

*Interim Lead Counsel for Plaintiffs*

## CLAIMANTS DAVID AND DIANE GRIFFIN'S OBJECTIONS AND ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

1.    Please IDENTIFY each party YOU contend supplied and/or installed any defective Chinese-manufactured drywall in YOUR PROPERTY.

**ANSWER:** In addition to the information provided in conjunction with Claimants' Supplemental Plaintiff Profile Form ("SPPF"), which was negotiated among the parties and ordered by Judge Fallon to be completed pursuant to Pretrial Order No. 11A (MDL Rec. Doc. 21162), and which is incorporated herein by reference, Claimants answer as follows: the drywall in our home was supplied by Banner Supply and installed by Precision Drywall.

2.    Please IDENTIFY any financial compensation YOU have received or may receive (including but not limited to insurance payments, insurance claims, legal claims against any party, legal settlements with any party, government funding programs, tax credits, or any other form of financial relief) RELATED TO alleged damage to YOUR PROPERTY caused by defective Chinese-manufactured drywall or RELATED TO any other harm YOU claim was caused by defective Chinese-manufactured drywall.

**ANSWER:** In addition to the information provided by Claimants in their SPPF and the information contained in documents produced in response to Request 1 of Defendants' Second Request for Production of documents dated November 21, 2018 ("Defendants' Second Set of Document Requests"), Claimants answer as follows: We received Settlement Funds as part of the Chinese Drywall Settlement Program in MDL 2047. Pursuant to Rule 33(d), Fed.R.Civ.P., please see documentation in the Brown Greer Chinese Drywall Portal regarding funds received as part of the Chinese Drywall Settlement in MDL 2047.

3.    Please IDENTIFY the names, contact information, and locations of contracting companies used for and the date, scope, and costs of any remediation efforts for each and every

one of YOUR PROPERTIES that has undergone any form of remediation, in part or in full, for any damage that YOU contend was caused by defective Chinese-manufactured drywall.

**ANSWER:** Claimants have not remediated the subject property and therefore, this interrogatory is not applicable.

4.     Please IDENTIFY all facts and circumstances that RELATE TO any purchase, sale, or transfer of ownership of YOUR PROPERTY during the RELEVANT TIME PERIOD.

**ANSWER:**   In addition to the information provided by Claimants in their SPPF and information contained in documents produced in response to Request 1 of Defendants' Request for Production of Documents dated November 16, 2018 ("Defendants' First Set of Document Requests"), Claimants answer as follows: Pursuant to Rule 33(d), Fed.R.Civ.P., please see documentation bates labeled DGRIFFIN-000179 – 000197 and DGRIFFIN-000198.  In addition, Defendants will have the opportunity to question Claimants on this topic at their depositions.

5.     Please IDENTIFY all facts and circumstances that RELATE TO any assignment of personal right of action for purported damages to YOUR PROPERTY.

**ANSWER:**   In their SPPF, Claimants identified that they did not assign their personal right of action for purported damages to the subject property to anyone.  In addition to that information, responsive information may be contained in any documents produced pursuant to Request 5 of Defendants' First Set of Document Requests and furthermore, Defendants will have the opportunity to question Claimants on this topic at their depositions.

6.     Please IDENTIFY all facts and circumstances that RELATE TO YOUR first awareness that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY, including the date or dates on which YOU first became aware that allegedly defective Chinese-manufactured drywall had been installed in YOUR PROPERTY.

**ANSWER:** Pursuant to Rule 33(d), Fed.R.Civ.P., please see documentation bates labeled DGRIFFIN-000199 and DGRIFFIN-000201 – 000275. In the SPPF, Claimants identified when they believed the Chinese-manufactured drywall was installed in the subject Property and when they first became aware that the subject Property contained Chinese-manufactured drywall. In addition to that information, Defendants will have the opportunity to question Claimants on this topic at their depositions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, December 4th, 2018, I caused the foregoing Answers to

Defendants' Second Set of Interrogatories to be served via email on the following:

Craig P. Kalil, Esquire
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 2250
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: ckalil@aballi.com

L. Christopher Vejnoska, Esquire
Eric Matthew Hairston, Esquire
Andrew Davidson, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Telephone: (415) 773-5700
Email: cvejnoska@orrick.com
       ehairston@orrick.com
       adavidson@orrick.com

James L. Stengel, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Email: jstengel@orrick.com

*Attorneys for Beijing New Building Materials Public Limited Company*

Enjolique D. Aytch, Esquire
AKERMAN LLP
Las Olas Centre II – Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: enjolique.aytch@akerman.com

Bernard Taylor, Esquire
Michael P. Kenny, Esquire
Christina Hull Eikhoff, Esquire
David Venderbush, Esquire

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
        mike.kenny@alston.com
        christy.eikhoff@alston.com
        david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

                                    /s/ Patrick S. Montoya, Esq.

                                    Patrick Shanan Montoya
                                    Fla. Bar No. 0524441
                                    Email: Patrick@colson.com
                                    Colson Hicks Eidson
                                    255 Alhambra Circle, PH
                                    Coral Gables, FL 33134-2351
                                    Telephone: (305) 476-7400
                                    Facsimile: (305) 476-7444
                                    *Interim Lead Counsel for Plaintiffs*

## A. Settlement Statement

U.S. Department of Housing
and Urban Development

OMB Approval No. 2502-0265

| B. Type of Loan | | | | |
|---|---|---|---|---|
| 1.☐ FHA  2.☐ RHS  3.☐ Conv. Unins. | | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
| 4.☐ VA  5.☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| ZHONGWEI LI<br>FENGYING WU<br>4465 NW 28th WAY<br>BOCA RATON, Florida 33434 | DAVID DERRICK GRIFFIN<br>DIANE GRIFFIN | |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| 9801 COBBLESTONE LAKES COURT<br>BOYNTON BEACH, FLORIDA 33472 F/K/A 33437 | Cohen, Norris, Scherer, Weinberger & Wolmer | |
| | Place of Settlement<br>712 U.S. Highway One, Suite 400<br>North Palm Beach, Florida 33408 | I. Settlement Date<br>07/27/10 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | 240,000.00 |
| 101. Contract sales price | 240,000.00 | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 877.60 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes      to | | 406. City/town taxes      to | |
| 107. County taxes      to | | 407. County taxes      to | |
| 108. Assessments      to | | 408. Assessments      to | |
| 109. HOA Maint Fee Aug | 300.00 | 409. | |
| 110. Capital Contribution HOA | 900.00 | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 242,077.60 | 420. GROSS AMOUNT DUE TO SELLER | 240,000.00 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT TO SELLER | |
| 201. Deposit or earnest money | 10,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 18,365.50 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 212,586.46 |
| | | Aurora Loan Services #0033259557 | |
| 205. | | 505. Payoff of second mortgage loan | 3,892.00 |
| | | Real Time Resolutions #0033340530 | |
| 206. | | 506. Seller pd Real Time Resolutions#0033340530 | 18,508.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes      to | | 510. City/town taxes      to | |
| 211. County taxes  01/01 to 07/27 | 4,385.66 | 511. County taxes  01/01 to 07/27 | 4,385.66 |
| 212. Assessments      to | | 512. Assessments      to | |
| 213. | | 513. Maint Fees Due | 1,301.28 |
| 214. | | 514. Estoppel Fee Processing | 200.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY / FOR BORROWER | 14,385.66 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 259,239.00 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 242,077.60 | 601. Gross amount due to seller (line 420) | 240,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 14,385.66 | 602. Less reduction amount due to seller (line 520) | 259,239.00 |
| 303. CASH    FROM    BORROWER | 227,691.94 | 603. CASH    FROM    SELLER | 19,239.00 |

In the event a re-proration of the taxes is necessary when the tax bills for the current year are prepared, the parties agree to handle said re-prorations between themselves.

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on Line 401 above constitutes the Gross Proceeds of this transaction.

SELLER INSTRUCTIONS: To determine if you have to report the sale or exchange of your primary residence on your tax return, see the Schedule D (Form 1040) Instructions. If the real estate was not your primary residence, complete the applicable parts of Form 4797, Form 6252, and /or Schedule D (Form 1040).

You are required by law to provide the settlement agent with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.

07-27-2010 at 1:58 PM

form HUD-1 (3/86) ref Handbook 4305.2

DGRIFFIN - 000179

| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | | | PAGE 2 | |
|---|---|---|---|---|---|
| L. SETTLEMENT CHARGES: | | File Number: 31122036 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $ | 240,000.00 @ | 6.00 = | 14,400.00 | |
| | Division of commission (line 700) as follows: | | | | |
| 701. | $ 7,200.00 to The Corcoran Group | | | | |
| 702. | $ 7,200.00 to The Corcoran Group | | | | |
| 703. | Commission paid at Settlement | | | | 14,400.00 |
| 704. | | | | | |
| 800. | ITEMS PAYABLE IN CONNECTION WITH LOAN | | P.O.C. | | |
| 801. | Loan Origination Fee | % | | | |
| 802. | Loan Discount | % | | | |
| 803. | Appraisal fee | to | | | |
| 804. | Credit report | to | | | |
| 805. | Lender's inspection fee | to | | | |
| 806. | Mtg. Ins. application fee | to | | | |
| 807. | Assumption fee | to | | | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |
| 812. | | | | | |
| 813. | | | | | |
| 814. | | | | | |
| 815. | | | | | |
| 900. | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. | Interest from to @$ | | /day | | |
| 902. | Mortgage insurance premium | to | | | |
| 903. | Hazard insurance premium | yrs. to | | | |
| 904. | | | | | |
| 905. | | | | | |
| 1000. | RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. | Homeowner's insurance | mo. @$ | / mo. | | |
| 1002. | Mortgage insurance | mo. @$ | / mo. | | |
| 1003. | City property taxes | mo. @$ | / mo. | | |
| 1004. | County property taxes | mo. @$ | / mo. | | |
| 1005. | Annual Assessments | mo. @$ | / mo. | | |
| 1006. | | mo. @$ | / mo. | | |
| 1007. | | mo. @$ | / mo. | | |
| 1008. | Aggregate Reserve for Hazard/Flood Ins, City/County Prop Taxes, Mortgage Ins & Annual Assessments | | | | |
| 1100. | TITLE CHARGES | | | | |
| 1101. | Settlement or closing fee | to Cohen, Norris, Scherer Weinberger & Wolmer | | 450.00 | 500.00 |
| 1102. | Abstract or title search | to | | | |
| 1103. | Title examination | to | | | |
| 1104. | Title insurance binder | to | | | |
| 1105. | Document preparation | to | | | |
| 1106. | Notary fees | to | | | |
| 1107. | Attorney's fees | to Cohen, Norris, Scherer Weinberger & Wolmer | | | 500.00 |
| | (includes above Item No: 1103, 1106 | | | | |
| 1108. | Title insurance | to Cohen, Norris, Scherer Weinberger & Wolmer | | | 1,275.00 |
| | (includes above Item No: 1104 | | | | |
| 1109. | Lender's coverage | | | | |
| 1110. | Owner's coverage 240,000.00 --- 1,275.00 | | | | |
| 1111. | | | | | |
| 1112. | | | | | |
| 1113. | | | | | |
| 1200. | GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | |
| 1201. | Recording fees Deed $ 27.60 ; Mortgage $ ; Releases $ | | | 27.60 | |
| 1202. | City/county/stamps Deed $ ; Mortgage $ | | | | |
| 1203. | State tax/stamps Deed $ 1,680.00 ; Mortgage $ | | | | 1,680.00 |
| 1204. | Deed $ ; Mortgage $ | | | | |
| 1205. | recording | | | | 10.60 |
| 1300. | ADDITIONAL SETTLEMENT CHARGES | | | | |
| 1301. | Survey | to Target Surveying | | 300.00 | |
| 1302. | Pest Inspection | to | | | |
| 1303. | Fed Ex/Wire/Courier Fees | Cohen, Norris, Scherer Weinberger & Wolmer | | 100.00 | |
| 1304. | | | | | |
| 1305. | | | | | |
| 1306. | | | | | |
| 1307. | | | | | |
| 1308. | | | | | |
| 1400. | TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | 877.60 | 18,365.50 |

07-27-2010 at 1:58 PM

form HUD-1 (3/86) ref Handbook 4305.2

DGRIFFIN - 000180

## ACKNOWLEDGEMENT AND RECEIPT OF SETTLEMENT STATEMENT

Buyers/Borrowers:

**ZHONGWEI LI and FENGYING WU**

Sellers:

**DAVID DERRICK GRIFFIN and DIANE GRIFFIN**

Property Address
**9801 COBBLESTONE LAKES COURT, BOYNTON BEACH, FLORIDA 33472 F/K/A 33437**

Lender:

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement. Cohen, Norris, Scherer, Weinberger & Wolmer may receive interest on funds received in escrow until those funds have been disbursed and paid. Pursuant to Rule 4-21.010(3) of the Florida Administrative Code.

Dated Effective this 27th day of July, **2010**.

_____
Buyer/Borrower: ZHONGWEI LI

_____
Buyer/Borrower: FENGYING WU

_____
Seller: DAVID DERRICK GRIFFIN

_____
Seller: DIANE GRIFFIN

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Cohen, Norris, Scherer, Weinberger & Wolmer

By: _____

Settlement Date: 07/27/10

File No.: **31122036**

DGRIFFIN - 000181

□ CORRECTED (if checked)

| FILER'S name, street address, city, state and ZIP code | | 1. Date of closing | OMB No. 1545-0997 | |
|---|---|---|---|---|
| Cohen, Norris, Scherer, Weinberger & Wolmer<br>712 U.S. Highway One, Suite 400<br>North Palm Beach, Fl 33408<br>(561) 844-3600 | | 07/27/10 | **2010** | Proceeds From Real<br>Estate Transactions |
| | | 2. Gross Proceeds | | |
| | | $240,000.00 | | |
| FILERS Federal identification number | TRANSFERORS identification number<br>ØP6· | 3. Address or legal description<br>9801 COBBLESTONE<br>LAKES COURT<br>BOYNTON BEACH,<br>FLORIDA 33472 F/K/A<br>33437 | Copy B<br>For Transferor<br>This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. | |
| TRANSFEROR'S name<br>DAVID DERRICK GRIFFIN<br>DIANE GRIFFIN<br>Street address (including apt. no.) | | 4. Transferor received or will receive property or services as part of the consideration (if checked)<br>□ | | |
| Account number (optional) | | 5. Buyer's part of real estate tax (see Box 5 on back)<br>$ | | |

Form 1099-S    (Keep for your records.) Department of the Treasury - Internal Revenue Service

**Instructions for Transferor**

Generally, persons responsible for closing a real estate transaction must report the real estate proceeds to the Internal Revenue Service and must furnish this statement to you. If the real estate transferred was your main home, file **Form 2119**, Sale of Your Home, with your income tax return even if you sold at a loss or you did not replace your home. If the real estate transferred was not your main home, report the transaction in the applicable parts of **Form 4797**, Sales of Business Property, **Form 6252**, Installment Sales Income, and/or **Schedule D (Form 1040)**, Capital Gains and Losses.

If you sold your home that you did not own for more than 9 years, and that home was financed after 1990 under a Federally-subsidized program (qualified mortgage bonds or mortgage credit certificates), you may have to recapture part of the subsidy. This will increase your tax. See Form 8828, Recapture of Federal Mortgage Subsidy, and Pub. 523, Selling Your Home.

Box 1 - Shows the date of closing.

Box 2 - Shows the gross proceeds from a real estate transaction. Gross proceeds include cash and notes

payable to you and notes assumed by the transferee (buyer). It does not include the value of the property or services you received or are to receive. See Box 4.

Box 3 - Shows the address of the property transferred or a legal description of the property.

Box 4 - If marked, shows that you received or will receive services or property (other than cash or notes) as part of the consideration for the property transferred. The value of any services or property (other than cash or notes) is not included in Box 2.

Box 5 - Shows any real estate tax on a residence charged to the buyer at settlement. If you have already paid the real estate for the period that includes the sale date, subtract this amount from the amount already paid to determine your deductible real estate tax. But if you have already deducted the real estate tax in a prior year, generally report this amount as income on the line for "Other income" on Form 1040. For more information, see Pub. 523.

File No: 31122036

DGRIFFIN - 000182

Fax Server                    7/13/2010 12:06:18 PM  PAGE   2/003    Fax Server

▧ Aurora ▪ Loan Services          July 13, 2010    *revised*

561-881-5509                      2617 COLLEGE PARK ▪ P.O. BOX 1706 ▪ SCOTTSBLUFF, NE 69363-1706
RE:  Short Payoff Approval: Demand Statement      PHONE: 800-550-0508 ▪ FAX: 303-728-7648
     Aurora Loan Services Loan Number:  0033259557
     Borrower(s):  David Derrick Griffin
     Property Address: 9801 Cobblestone Lakes Ct, Boynton Beach FL 33437

CLOSING AGENT
COHEN NORRIS SCHERER
712 US HIGHWAY ONE, 400
NORTH PALM BEACH FL 33408

Aurora Loan Services LLC (Aurora Loan Services) has approved the sale of
the above-referenced property that will result in a short payoff of the
mortgage. Our approval is based on the contract of sale between:
ZHONGWEI LI and DAVID GRIFFIN
dated 4/9/2010 for the purchase price of $240,000.  This letter
constitutes Aurora Loan Services' instructions to the Settlement Agent.
As such, this approval is conditioned on a short payoff that meets the
following criteria:
1.  The required minimum payoff amount is $212,586.46.  Settlement
    costs have been allocated as follows:
    *  SELLER TO NET $0.00 FROM SHORT SALE TRANSACTION
    *  ALL OVERAGES ARE PAYABLE TO AURORA LOAN SERVICES
    *  SELLER PAID CLOSING COSTS NOT TO EXCEED $9,121.54.  ANY REDUCTION
       IN THE APPROVED CLOSING COSTS MUST BE ADDED TO THE NET PROCEEDS.
    *  BUYER PAYS ANY AND ALL ADDITIONAL CLOSING COSTS
    *  COMMISSIONS NOT TO EXCEED $14,4000
    *  2ND LIEN HOLDER WILL RECEIVE NO MORE THAN $3,892 FROM PROCEEDS
2.  The closing must be completed on or before close of business on
    8/30/2010.
    *  Written approval must be obtained from Aurora Loan Services Short
       Sale Department if unable to complete the transaction by the
       specified settlement date.
    *  Aurora Loan Services reserves the right to assess a per diem
       after the original settlement date.
    *  Aurora Loan Services accepts certified funds only.  WE DO NOT
       ACCEPT PERSONAL CHECKS OR THIRD PARTY CHECKS. ALL NON CERTIFIED
       FUNDS RECEIVED WILL BE RETURNED TO THE SENDER.  In the event the
       short sale proceeds are returned to the sender, interest may
       continue to accrue on the loan until adequate funds are received
       to satisfy the mortgage and release the lien.
3.  If settlement is changed, delayed or the transaction is cancelled,
    immediately notify the Loan Resolution Department in writing at
    Jacob.Cheriyan@aurorabankfsb.com no less than one week
    before the closing date noted above with the required documentation.
4.  The sale transaction must be an "arm's length" transaction which
    means that all parties involved in the sale must be unrelated and
    unaffiliated and there are no side agreements between the seller or
    the buyer and any other party.



LENDER  AURORA LOAN SERVICES LLC

DGRIFFIN - 000183

## ▨ Aurora ▪ Loan Services

Loan No.: 0033259557   Page 2        2617 COLLEGE PARK • P.O. BOX 1706 • SCOTTSBLUFF, NE 69363-1706
                                       PHONE 800-550-0508 • FAX: 303-728-7648
5.  Neither the borrower nor any other party may receive any sale
    proceeds or any other funds, directly or indirectly, as a result
    of this transaction, except as noted in this letter.
    *  If the combined amount of the sale proceeds and the contribution
       total more than the amount due to the mortgage, then contact the
       Aurora Loan Services Short Sale Department.
    *  The borrower must assign to Aurora Loan Services rights to
       escrowed funds insurance proceeds or refund from pre-paid expenses.
6.  THE FINAL HUD-1 SETTLEMENT STATEMENT, SIGNED BY THE BUYER AND SELLER
    OR CERIFIED BY THE ESCROW OFFICER, MUST BE FAXED THE SAME DAY OF THE
    CLOSING TO THE ATTENTION OF JACOB CHERIYAN          AT FAX NUMBER
    866-517-9132.
7.  If a duly-noticed foreclosure sale has been scheduled, this short
    sale approval is contingent upon Aurora Loan Services' ability to
    have the pending foreclosure sale postponed or cancelled.

If the short payoff amount is remitted to us, Aurora Loan Services will:
* File a 1099-C Form with the IRS and send you a copy. You should consult
  with the IRS or a tax professional concerning any tax impact this may
  have to you, if any.
* Release your mortgage on the public records.
* Report the transaction to the credit bureaus as "PAID INFULL FOR LESS
  THAN THE FULL BALANCE." This may be considered a derogatory remark by
  future potential or actual creditors.  Credit is not a subject for
  negotiation. Aurora Loan Services will not report the loan as "PAID IN
  FULL" unless we receive a payoff of the full amount due under the loan.
  We will continue, without change, our reporting activity to the credit
  reporting agencies with respect to your loan, until completion of the
  short payoff transaction and we have received and posted good funds
  representing the agreed upon short payoff amount.
Wiring Instructions:    US BANK; ABA NUMBER:  102-000021
                        CREDIT:  AURORA LOAN SERVICES
                        ACCOUNT NUMBER:  1036-9018-0650
                        REFERENCE:  LOAN NUMBER AND SELLER'S LAST NAME
                        *DIRECT WIRE TO: JACOB CHERIYAN
Overnight mail instructions:  Funds sent to Aurora Loan Services should
be sent to the following address.  Please remember to reference the loan
number and the seller's last name.
                        AURORA LOAN SERVICES
                        ATTENTION: JACOB CHERIYAN
                        10350 PARK MEADOWS DRIVE, 4TH FLOOR
                        LITTLETON, CO 80124
****THIS TRANSACTION IS NOT CONSIDERED COMPLETED UNTIL ALL CONTINGENCIES
    OF APPROVAL HAVE BEEN MET****
If you have any questions, please contact one of our Foreclosure
Prevention Specialists at the address above or by calling 866-521-3828.

Sincerely,   *(signature)*
JACOB CHERIYAN
Aurora Loan Services

Aurora Loan Services is a debt collector. Aurora Loan Services is
attempting to collect a debt and any information obtained will be
used for that purpose. However, if you are in bankruptcy or received
a bankruptcy discharge of this debt, this communication is not an
attempt to collect the debt against you personally, but is notice
of a possible enforcement of the lien against the collateral property.

▤
EQUAL HOUSING
LENDER   AURORA LOAN SERVICES LLC



**REAL TIME**
**RESOLUTIONS**

Fax:
Attn:

July 13, 2010

DAVID DERRICK GRIFFIN

1200 SE ATLANTIC DR,
LANTANA, FL  33462-4781

Re: RTR Loan#
        9801  COBBLESTONE LAKES CT
        BOYNTON BEACH FL 33437

Your offer of **$22,400.00** in the form of a Cashier's Check/Title Company Check will be accepted to release the lien and the debt associated with the above referenced loan.  However, Real Time Resolutions, Inc. reserves the right to amend or rescind this offer upon review of the final settlement statement or HUD sent to us within 48 hours of closing.  Moreover, Real Time Resolutions, Inc. reserves the right to pursue loan contract or tort claims associated with the origination or purchase of the above referenced loan or property or with the settlement, such as fraud, negligence, perjury or any other claims.  The funds must be received in this office within __30 days__ from the date of this letter.

Please send Cashier's Check/Title Company Check to the following address:
        Real Time Resolutions, Inc.
        1750 Regal Row, Ste 120
        Dallas, TX  75235

Upon receipt of the funds, excluding the escrow amount, and **THIS SIGNED DEMAND LETTER, THE CERTIFIED FUNDS AND FINAL HUD1/SETTLEMENT STATEMENT**, a release of lien will be processed and forwarded to you.  The borrower's remaining escrow balance from their 1st Mortgage will be due within 45 days after closing, if applicable.  Please direct all future correspondence regarding this loan to my attention.  If you have any questions, or need any additional information please contact me at (877) 469-7325, ext. 6381.

Craig Gilbert
Recovery Analyst

The customer, for new, fresh and valuable consideration which is hereby acknowledged, hereby forever releases, discharges and relinquishes the original and any subsequent lender or creditor, any current or prior owner of your home loan (prior to its discharge) or lien, Real Time Resolutions, Inc. and any entities affiliated or related thereto, and its or their respective employees, agents, attorneys, consultants, advisors, successors and assigns from any and all liabilities, claims, causes of action, losses, damages or other matters whatsoever, past, present or future, which have been asserted or which could in the future be asserted, including, but not limited to, claims, causes of action, losses, damages, professional or attorney's fees or other matters arising out of or relating in any way to this transaction, the lien described herein which the homeowner also hereby acknowledges as being fully outstanding and fully enforceable, activities relating to the former or current servicing of your loan or lien, collection or negotiations with the homeowner, to any loan or lien related documents, their origination process and any charges, interest, principal, or fee payments or requirements relating thereto, and any and all transactions, disclosures, modifications or recordings contemplated thereunder, whether performed or not performed thereunder, or the Property, including but not limited to the improvements constructed thereon, to your bankruptcy or your actual or potential discharge

DAVID DERRICK GRIFFIN          Date                    Social Security Number

IMPORTANT NOTICE REQUIRED BY LAW:
This agency is engaged in the collection of debts.  This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

1750 Regal Row, Suite 120, Dallas, TX  75235-2287
Main 214-599-6363 * Toll Free 1-877-469-REAL
Hours of Operation:  Mon - Fri 8:30am - 5:30pm CST

Q:\rpts\r_settlemen
tdemand\allreleasel

DGRIFFIN - 000185

## SHORT SALE ACKNOWLEDGMENT

Regarding the short sale property located at **9801 COBBLESTONE LAKES COURT, BOYNTON BEACH, FLORIDA 33472** ("Property"), the undersigned hereby acknowledges that they have been advised that there may be tax ramifications regarding short sale transactions including, but not limited to, the fact that they may receive a 1099 from their lender for any forgiven debt (which will constitute income attributable to them) and Cohen, Norris, Scherer, Weinberger & Wolmer has offered no tax advice. The undersigned further acknowledges that they have been advised to contact a tax attorney or accountant to discuss the foregoing and any other tax ramifications.

Ref: Aurora Loan Services #
     Real Time Resolutions #


**DAVID DERRICK GRIFFIN**
Date: _7 - 27 - 2010-_


**DIANE GRIFFIN**
Date: _7-27-10_

DGRIFFIN - 000186

---

## OWNER'S AFFIDAVIT
## NON-FOREIGN CERTIFICATE
## AND
## REQUEST FOR TAXPAYER IDENTIFICATION NUMBER

**BEFORE ME,** the undersigned authority, personally appeared DAVID DERRICK GRIFFIN and DIANE GRIFFIN, husband and wife, (the "Sellers"), ("Seller" refers to singular or plural as context requires) who, first being duly sworn, depose and say:

### A. OWNER'S AFFIDAVIT

1.  Sellers are the owners of the following described property (the "Property"):

**LOT 120, BLOCK 2, COUNTRYSIDE MEADOWS REPLAT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 104, PAGE 12, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.**

Property Address: **9801 COBBLESTONE LAKES COURT, BOYNTON BEACH, FLORIDA 33472 F/K/A 33437**

2.  There is no outstanding contract for the sale of the Property to any person or persons whomsoever, nor any unrecorded deed, mortgage or other conveyances affecting the title to the Property.

3.  There are no liens, encumbrances, mortgages, claims, boundary line or other disputes, demands or security interests in, on or against the Property or any goods, furnishings, appliances, fixtures or equipment now installed in or which are to be affixed to the Property; except for mortgages described in the deed given by the undersigned; that there are no unpaid taxes, levies, assessments, paving liens or utility liens against the Property (other than real estate taxes for the current year).

4.  That there have been no improvements upon the Property within the past ninety (90) days for which there remain any outstanding and unpaid bills for labor, materials or other charges for which a lien or liens might be claimed by anyone whomsoever.

5.  That there are no matters pertaining to the Sellers which could give rise to a lien that would encumber the Property during the period of time between the effective date of the Title Insurance Commitment and the time of recording of the Warranty Deed and that the Sellers have not executed and will not execute any instrument that would adversely affect the title to the Property from the date of the Affidavit forward.

6.  That there are no judgments, claims, disputes, demands or other matters pending against Seller that would attach to the Property. Sellers have complied with the Florida Sales Tax laws where applicable. Sellers acknowledge responsibility for water, sewer and electrical consumption charges through date of closing or occupancy by Buyers, whichever first occurs.

7.  Sellers are in sole constructive or actual possession of the Property and no other person has any right to possession of the Property, or asserts any claim of title or other interests in it.

8.  Sellers represent that there are no violations of governmental laws, regulations or ordinances pertaining to the use of the Property.

### B. NON-FOREIGN CERTIFICATE AND REQUEST FOR TAXPAYER IDENTIFICATION NUMBER

Section 1445 of the Internal Revenue Code provides that a Transferee ("Buyer") of a U.S. real property interest must withhold tax at a rate of 10% of the amount realized on the disposition if the Transferor ("Seller") is a foreign person. To inform the Buyers that withholding of tax is not required upon the disposition of a U.S. real property interest by the Sellers, the undersigned hereby swear, affirm and certify(ies) the following as or on behalf of the Sellers:

1.  Sellers' Legal Names are: DAVID DERRICK GRIFFIN and DIANE GRIFFIN.

File No: 31122036

DGRIFFIN - 000187

2. Sellers' Home Address or Office Address if Corporation, Partnership or Trust:

3. Sellers are not a non-resident alien (if individual) or a foreign corporation, foreign partnership, foreign trust or foreign estate (as those terms are defined in the Internal Revenue Code and Income Tax Regulations).

4. That the amount realized by the Sellers (Transferors) of the above-described real property as a result of this transaction does not exceed Three Hundred Thousand ($300,000.00) Dollars.

5. In connection with the sale or exchange of the Property you are required by law to provide **Cohen, Norris, Scherer, Weinberger & Wolmer** with your correct taxpayer identification numbers (TIN). If you do not so provide your TIN, you may be subject to civil or criminal penalties imposed by law.

6. Sellers' Taxpayer Identification Numbers:
   **DAVID DERRICK GRIFFIN**
   **DIANE GRIFFIN**

7. For purposes of reporting this transaction to the Internal Revenue Service on Form 1099-S, the Property is Sellers' (check one):

   ☐     Principal Residence
   ☒     Other Real Estate

This taxpayer identification number is being provided in connection with a real estate transaction.

The undersigned understand that this Certificate may be disclosed to the Internal Revenue Service by the Buyers and that any false statement contained herein could be punished by fine, imprisonment or both.

Under penalties of perjury, I/we declare that I/we have examined this certification and to the best of my knowledge and belief it is true, correct and complete, and I/we further declare that I/we have authority to
sign this document as or on behalf of the Sellers, and that the number shown on this statement is Sellers' correct TIN.

Sellers state that this instrument is given for the express purpose of inducing **ZHONGWEI LI and FENGYING WU, husband and wife** to purchase the Property and to cause **Cohen, Norris, Scherer, Weinberger & Wolmer** as agent for **Attorneys Title Fund Services** to insure title to said property. This Affidavit is made under the full understanding of the law regarding liability for any misrepresentation herein.

**DAVID DERRICK GRIFFIN**

**DIANE GRIFFIN**

**STATE OF FLORIDA**
**COUNTY OF PALM BEACH**

The foregoing instrument was acknowledged before me this 27th day of July, 2010 by DAVID DERRICK GRIFFIN and DIANE GRIFFIN who are personally known to me or have produced _FL D/L_ as identification.

    **SEAL**

Notary Public

Printed Notary Name

My commission expires:

CAROL SCHMIDT
MY COMMISSION # DD 942538
EXPIRES: December 30, 2013
Bonded Thru Notary Public Underwriters

File No: 31122036

DGRIFFIN - 000188

THIS INSTRUMENT PREPARED BY AND RETURN TO:

Cohen, Norris, Scherer, Weinberger & Wolmer
712 U.S. Highway One, Suite 400
North Palm Beach, Fl 33408

Documentary Stamp Taxes are based on a consideration of: $ 240,000.00
Property Appraisers Parcel Identification (Folio) Numbers: **00-42-45-20-05-002-1200**

_____ Space Above This Line For Recording Data _____

**THIS WARRANTY DEED,** made the 27th day of July, 2010 by **DAVID DERRICK GRIFFIN** and **DIANE GRIFFIN,**
husband and wife , herein called the grantors, to **ZHONGWEI LI** and **FENGYING WU,** husband and wife , whose post office
address is 4465 NW 28th WAY, BOCA RATON, FL 33434, hereinafter called the Grantees:
*(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and
assigns of individuals, and the successors and assigns of corporations)*

**W I T N E S S E T H**: That the grantors, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other
valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys
and confirms unto the grantee all that certain land situate in PALM BEACH County, State of Florida, viz.:

LOT 120, BLOCK 2, COUNTRYSIDE MEADOWS REPLAT, ACCORDING TO THE PLAT THEREOF, AS
RECORDED IN PLAT BOOK 104, PAGE 12, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

SUBJECT TO easements, restrictions and reservations of record and to taxes for the year 2010 and thereafter.

TOGETHER, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND, the grantors hereby covenant with said grantees that the grantors are lawfully seized of said land in fee simple; that the
grantors have good right and lawful authority to sell and convey said land, and hereby warrant the title to said land and will defend
the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing
subsequent to December 31, 2009.

File No: 31122036

DGRIFFIN - 000189

IN WITNESS WHEREOF, the said grantors have signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

Witness #1 Signature

_Carol Schmidt_
Witness #1 Printed Name

Witness #2 Signature

_John M Campbell_
Witness #2 Printed Name

**DAVID DERRICK GRIFFIN**

**DIANE GRIFFIN**

**STATE OF FLORIDA**
**COUNTY OF PALM BEACH**

The foregoing instrument was acknowledged before me this 27th day of July, 2010 by DAVID DERRICK GRIFFIN and DIANE GRIFFIN who are personally known to me or have produced __FL Drivers Lic__ as identification.

**SEAL**

Notary Public

Printed Notary Name

CAROL SCHMIDT
MY COMMISSION # DD 942538
EXPIRES: December 30, 2013
Bonded Thru Notary Public Underwriters

File No: 31122036

DGRIFFIN - 000190

## Cobblestone Creek Homeowners Association, Inc.

*c/o Oxygen Association Services  14000 S. Military Trail – Suite 112, Delray Beach, FL 33487   561-999-9701*

July 21, 2010

This letter serves as notification that Zhongwei Li and Fengying Wu have been approved by the Cobblestone Creek Homeowners Association, Inc. for residency at 9801 Cobblestone Lakes Court, Boynton Beach, FL 33472.

Zhongwei Li and Fengying Wu have met all the requirements and conditions as required by the Association.

Linda M. Freeman, Assistant to the Board
Authorized Representative of the HOA

DGRIFFIN - 000191

## *BILL OF SALE, ABSOLUTE*

THIS INSTRUMENT WAS PREPARED BY:

Cohen, Norris, Scherer, Weinberger & Wolmer
712 U.S. Highway One, Suite 400
North Palm Beach, Fl 33408

### KNOW ALL MEN BY THESE PRESENTS:

That **DAVID DERRICK GRIFFIN and DIANE GRIFFIN, husband and wife,** whose post office address is **1200 SE ATLANTIC DRIVE, LANTANA, FLORIDA 33462,** parties of the first part, for and in consideration of the sum of Ten Dollars ($10.00) lawful money of the United States, to be paid by **ZHONGWEI LI and FENGYING WU, husband and wife,** of **4465 NW 28th WAY, BOCA RATON, FL 33434,** parties of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, transferred, and delivered, and by these presents do grant, bargain, sell, transfer and deliver unto the parties of the second part, their executors, administrators and assigns, the following goods and chattels located on the property at **9801 COBBLESTONE LAKES COURT, BOYNTON BEACH, FLORIDA 33472 F/K/A 33437:**

   **EXISTING Range refrigerator dishwasher ceiling fans, light fixtures and window treatments**

**To Have and To Hold** the same unto the said parties of the second part, their executors, administrators and assigns forever.

**And they do** for themselves and their heirs, executors and administrators, covenant to and with the parties of the second part, their executors administrators and assigns that they are the lawful owners of the said goods and chattels; that they are free from all encumbrances; that they have good right to sell the same aforesaid, and that they will warrant and defend the sale of the said property, goods and chattels hereby made, unto the said parties of the second part their executors, administrators and assigns against the lawful claims and demands of all persons whomsoever.

**In Witness Whereof,** the parties of the first part have hereunto set their hands and seals this 27th day of July, 2010.

Signed, sealed and delivered in the presence of us:

Witness #1 Signature

_Carol Schmidt_
Witness #1 Printed Name

Witness #2 Signature

_John M Campbell_
Witness #2 Printed Name

**DAVID DERRICK GRIFFIN**
1200 SE ATLANTIC DRIVE, LANTANA, FLORIDA 33462

**DIANE GRIFFIN**
1200 SE ATLANTIC DRIVE, LANTANA, FLORIDA 33462

**STATE OF FLORIDA**
**COUNTY OF PALM BEACH**

The foregoing instrument was acknowledged before me this 27 day of July, 2010 by DAVID DERRICK GRIFFIN and DIANE GRIFFIN who are personally known to me or have produced _FL DL_ as identification.

   **SEAL**

CAROL SCHMIDT
MY COMMISSION # DD 942538
EXPIRES: December 30, 2013
Bonded Thru Notary Public Underwriters

Notary Signature

My Commission Expires:

Printed Notary Signature

File No: 31122036

DGRIFFIN - 000192

# COMPLIANCE AGREEMENT AND NON-COERCION STATEMENT

**BORROWER: ZHONGWEI LI and FENGYING WU, husband and wife**

**SELLER:** **DAVID DERRICK GRIFFIN and DIANE GRIFFIN, husband and wife**

**PROPERTY ADDRESS:** **9801 COBBLESTONE LAKES COURT, BOYNTON BEACH, FLORIDA 33472 F/K/A 33437**

**DATE:** **July 27th, 2010**

The undersigned buyers and/or sellers for and in consideration of closing/title agent (the "Closing Agent") this day disbursing the funds for the closing of the transaction (the "Closing") agree, if required by Closing Agent to fully cooperate and adjust for clerical errors on any or all closing documentation. Said adjustments to be made if deemed necessary or desirable in the reasonable discretion of closing/title agent.

The undersigned buyers and sellers further agree to cooperate fully with Closing Agent in all efforts to assure that required sums for closing are collected from the appropriate parties. Further, the undersigned agree that should and oversight or error occur in the collection of said required sums they will immediately upon written or verbal notification make any required corrections or pay additional monies required.

In the event that Closing Agent in its efforts to correct documents or collect additional sums required to complete this purchase transaction should incur legal, attorneys and/or court costs, the responsible party shall be responsible to reimburse Closing Agent for said costs.

Buyers further acknowledge that neither sellers or any other party to the closing directly or indirectly "required" the buyers to use the services or any particular or specific title company or settlement agent as such terms are defined in 12 U.S.C. 2601 and Regulation X Promulgated in connection herewith.

Sometimes recording fees and courier/express mail fees may vary due to the unknown amounts at the time of closing. Therefore, the parties acknowledge hereto, that monies collected for recording and courier/express mail fees may be more or less than the amount collected on the closing statement. Any shortfalls or overages shall be considered the cost of doing business. Closing Agent will neither refund or collect said differences.

That if the tax proration is based upon an estimate of what the current years taxes will be, the buyers and sellers will resolve any discrepancy that might exist when the actual bills are issued. They will also resolve any further taxes due by virtue of a later change or final certification of previous years' tax rolls, including a change from unimproved to improved property.

That they are aware that title insurance does not protect the buyers against the below listed items. The sellers herein acknowledge responsibility for any sums accruing under said items prior to the date of closing and buyers acknowledge responsibility for said items accruing from the date of closing onward. Any sums due not shown on the closing statement will be resolved between the buyers and sellers herein:

A) Any unpaid utility bills
B) Any unpaid trash pickup or trash removal fees
C) Any unpaid personal property tax
D) Any unpaid special assessment liens due the city or the county which are not recorded under Official Records Book and Page and Clerk's File Number in the county records
E) Any special assessments or maintenance liens due an association not recorded in the county records

The parties acknowledge that during the course of the settlement of funds interest may be earned in favor of **Cohen, Norris, Scherer, Weinberger & Wolmer**, and buyers and sellers hereby waive any rights to such interest.

File No: 31122036

DGRIFFIN - 000193

The buyers herein have performed a "walk-through" of the property and have received all ordered inspections, and shall not hold **Cohen, Norris, Scherer, Weinberger & Wolmer** responsible in any way for the content or lack thereof in connection therewith.

Witness:

_____
Witness 1 Signature

Jonathan R. Worthington
Printed Witness 1 Name

_____
Witness 2 Signature

Diane G. Whittaker
Printed Witness 2 Name

STATE OF Pennsylvania
COUNTY OF Montgomery

Buyers

_____  7/23/2010
ZHONGWEI LI

_____  7/23/10
FENGYING WU

NOTARIAL SEAL
MARC S LEVENSON
Notary Public
LOWER SALFORD TWP, MONTGOMERY CNTY
My Commission Expires May 14, 2012

The foregoing instrument was acknowledged before me this 23 day of July, 2010, by ZHONGWEI LI and FENGYING WU, who are personally known to me and who have produced VALID DRIVER'S LICENSES as identification and who did / did not take an oath.

My Commission Expires: 5/14/12

_____
Notary Public

MARC S. LEVENSON
Printed Notary Name

Witness:

_____
Witness 1 Signature

Carol Scandlet
Printed Witness 1 Name

_____
Witness 2 Signature

John M Campbell
Printed Witness 2 Name

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sellers

_____
DAVID DERRICK GRIFFIN

_____
DIANE GRIFFIN

The foregoing instrument was acknowledged before me this 27th day of July, 2010, by DAVID DERRICK GRIFFIN and DIANE GRIFFIN, who are personally known to me and who have produced FL D/L state drivers licenses and who did/did not take an oath.

My Commission Expires:

_____
Notary Public

_____
Printed Notary Name

CAROL SCHMIDT
MY COMMISSION # DD 942538
EXPIRES: December 30, 2013
Bonded Thru Notary Public Underwriters

File No: 31122036

DGRIFFIN - 000194

# BUYERS GAP AFFIDAVIT

**BEFORE ME,** the undersigned authority, personally appeared **ZHONGWEI LI** and **FENGYING WU,** husband and wife who, after being by me first duly sworn, depose and say:

That the Affiants are buying this date, the following described property, to-wit:

**LOT 120, BLOCK 2, COUNTRYSIDE MEADOWS REPLAT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 104, PAGE 12, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.**

That there are no matters pending against Affiants that could give rise to a lien that would attach to the property between , Title Insurance Commitment effective date and the date of the recording of the Deed.

That Affiants have not and will not execute any instrument that would adversely affect the title to the property prior to the recording of the Deed.

**FURTHER AFFIANT(S) SAYETH NOT.**

_____ 7/23/2010
ZHONGWEI LI

_____ 7/23/10
FENGYING WU

STATE OF PENNSYLVANIA

COUNTY OF Montgomery

The foregoing instrument was acknowledged before me this 23 day of July, 2010, by **ZHONGWEI LI** and **FENGYING WU** who are personally known to me or have produced VALID DRIVEN'S LICENSES as identification and did (did not) take an oath.

_____
Notary Public

MARC S. LEVENSON
Printed Notary Signature

My Commission Expires: 5/14/12

File No: 31122036

```
NOTARIAL SEAL
MARC S LEVENSON
Notary Public
LOWER SALFORD TWP, MONTGOMERY CNTY
My Commission Expires May 14, 2012
```

## TAX PRORATION

**PROPERTY: 9801 COBBLESTONE LAKES COURT, BOYNTON BEACH, FLORIDA 33472 F/K/A 33437**

DATE: **July 27th, 2010**

It is understood between the parties hereto that the exact amount of real property taxes applicable to the subject property for the current year is unknown. The Ad Valorem tax proration herein was therefore based upon estimated taxes in the amount of $7733.17.

Should actual taxes for the current year vary from estimated taxes, each party shall have the right to demand and receive from the other a re-proration of taxes and reimbursement for the prorated amount of variation thereof. Each party consents to such proration and agrees to look to the other party should a reproration become necessary, and to save and hold harmless as to such proration the mortgagee, realtors and closing attorney and/or agent.

**DAVID DERRICK GRIFFIN**

**ZHONGWEI LI**

**DIANE GRIFFIN**

**FENGYING WU**

## TAX RE-PRORATION WORKSHEET

Actual bill paid $ _____ divided by 365 = $ _____ daily tax rate $ _____ daily tax rate
x 207 number of days prorated per closing statement = $ _____ actual tax proration

Actual tax proration $

LESS: Estimated tax proration **$4385.66**

Difference, actual vs. estimated taxes $ _____

If difference is a positive number, Sellers owe Buyers the difference.

If difference is a negative number, Buyers owe Sellers the difference.

File No: 31122036

DGRIFFIN - 000196

**2009 DEPRECIATION AND AMORTIZATION REPORT**
**RESIDENTIAL RENTAL – 9801 COBBLESTONE**

SCHEDULE E– 2

| Asset No. | Description | Date Acquired | Method | Life | Line No. | Unadjusted Cost Or Basis | Bus % Excl | * Reduction In Basis | Basis For Depreciation | Accumulated Depreciation | Current Sec 179 | Current Year Deduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | HOUSE 9801 COBBLESTONE LAKES C | 010107 | SL | 27.50 | 16 | 731,544. | | | 731,544. | 53,204. | | 26,602. |
| 7 | CASUALTY LOSS CHINESE DRYWALL | 123108 | NC | | | -300,000. | | | -300,000. | | | 0. |
| | TOTAL SCH E DEPRECIATION | | | | | 431,544. | | | 431,544. | 53,204. | | 26,602. |

928102
06-24-09

(D) · Asset disposed

* ITC, Section 179, Salvage, Bonus, Commercial Revitalization Deduction

DGRIFFIN - 000197

lexmls Web

## Residential Full Report

**Address: 9601 Cobblestone Lakes Court Boynton Beach, FL 33472**   MLS#: RX-2857755   St: Expired   List Price:

| | |
|---|---|
| Area: 4710 | Type: Single Family Detached |
| Geo Area: PB15 | Range Price: |
| County: Palm Beach | Original List Price: 690,000 |
| Parcel ID: 00424520050021200 | Lot Dimensions: 35X120X105X1: |
| Subdivision: COBBLESTONE CREEK | Dock #: |
| Development Name: COBBLESTONE CREEK | Private Pool: No |
| Model Name: FAIRFAX | Baths - Total: 4 |
| List Price Sqft: 205.11 | Garage Spaces: 2 |
| Waterfront: Yes | Membrshp Equity: |
| Waterfrontage: 100 | |

Legal Desc: Countryside Meadows Lot 120 Blk 2 Lot SqFt 6799 Frontage: Depth:
Short Sale: No                Short Sale Add:                REO: No

| Master Bedroom | 14 X 20 | Living Room | 16 X 14 | Dining Room | 18 X 12 | Kitchen | 12 X 17 C |
| Bedroom 2 | 12 X 11 | Bedroom 4 | 13 X 12 | Patio/Balcony | 15 X 9 | Family Room | 17 X 17 |
| Bedroom 3 | 13 X 12 | Bedroom 6 | 13 X 12 | | | | |

| | | | |
|---|---|---|---|
| SqFt - Living: 3,364 | SqFt - Total: 4,039 | Guest Hse: | Yr Blt: 2006 | Pool Size: |
| BD: 4 | FB: 4 | Baths - Half: | Yr Blt Des: New | Pets Allowed: Ye: |
| Baths - Total: 4 | Year Built: 2006 | Front Exp: SE | | |

| | | | |
|---|---|---|---|
| Bldg #: | Governing Bodies: HOA | HOA Fee/Month: 228 | Serial #: |
| Total Floors/Stories: 2 | Land Lease: | Brand Name: | Tax Year: 2006 |
| Total Units in Bldg: | Recreation Lease: | Mobile Home Size: | Taxes: 2,132 |
| I'd Units in Complex: | Min Days to Lease: | Decal #: | Special Assmnt: No |
| Unit Floor #: | Application Fee: | | |

Design: Mediterranean
Construction: CBS
Unit Desc:
Flooring: Carpet; Marble; Wood Floor
Furnished: Unfurnished
Dining Area: Eat-In Kitchen, Formal
Guest House:
Roof: S-Tile
Special Info:
Waterfront: Lake
View: Lake
Private Pool:
Security: Gate - Manned
Membership:
Cooling: Central, Electric
Heating: Central, Electric
Utilities: Cable, Electric Available, Public Sewer,
Public Water
Restrict: No Truck/RV
HOPA: No Hopa
Boat Services:
Guest House:
Taxes: County Only
Terms Considered: Cash, Conventiona
Mobile Features:

Rooms: Den; Family; Great, Laundry-Util/Closet
Master Bedroom/Bath: Dual Sinks, Mstr Bdrm - Ground, Separate Shower; Separate Tub
Dining Area: Eat-In Kitchen, Formal
Window Treatments: Hurricane Windows
Maintenance Fee Incl: Cable, Common Areas; Common R E. Tax; Pool Service, Recrtnal Facility; Security
Equip/Appl Included: Auto Garage Open; Dishwasher, Disposal; Dryer; Microwave; Range - Electric; Refrigerator; Washer; Water Heater - Elec
Private Pool:
Parking: 2+ Spaces; Garage - Attached
Lot Description: < 1/4 Acre; Cul-De-Sac, Sidewalks
Subdiv. Amenities: Bike - Jog; Clubhouse, Community Room; Exercise Room; Game Room, Pool. Sidewalks, Spa-Hot Tub
Exterior Features: Auto Sprinkler; Covered Patio
Interior Features: Built-In Shelves; Closet Cabinets, Cldr/Vault Ceilings; Entry Lvl Lvng Area, French Door, Laundry Tub; Pantry; Split Bedroom, Upst
Area; Volume Ceiling; WD Hookup; Walk-in Closet
Showing Instructions: Lockbox-Call LG

Directions: BOYNTON BEACH BLVD TO N IN LYONS, 1ST R AT GATE, GO R TO 2ND LEFT
Public Remarks: FAIRFAX MODEL WITH ALL UPGRADES. PREMIER EXTERIOR, MARBLE FLOORS, EXTRA BATH, PLUS MUCH MUCH MORE.
WATERFRONT LOCATION ON CUL-DE-SAC. EXPANSIVE WATER VIEWS FROM ALMOST EVERY ROOM. GATED COMMUNITY. BEAUTIFUL CL
WITH STATE OF THE ART FITNESS CENTER. RESORT STYLE COMMUNITY POOL AND CHILDREN'S AQUA PARK AND PLAYGROUND. CONV
SHOPPING, ENTERTAINMENT, PARKS, SCHOOLS, TRANSPORTATION & BUSINESS.

| | | | |
|---|---|---|---|
| Sold Price: | Sold Price Sqft: | Days On Market: 269 | Under Contract Date: |
| Sold Date: | Cumulative DOM: 269 | Terms of Sale: | |
| Sell Office: | | Sell Agent: | |

| | | | |
|---|---|---|---|
| LO: 404096 | Coldwell Banker/WPB | | |
| LA: 63083481 | John Campbell | | Mobile: |
| Comm/Buyer Agent: 3 | Comm/Non-Rep: 3 | Comm/Trans Brk: 3 | Bonus: No | LD: 10/0! |
| Var/Dual Rate: No | List Type: Ex Rt | List Off Agency: Transaction Broker | | XD: 08/3' |
| Owner Name: GRIFFIN | | | |
| Broker Only Remarks: | | | |

Information is deemed to be reliable, but is not guaranteed. © 2013 MLS and FBS. Prepared by John M. Campbell on Tuesday, August 20, 2013 1:28 PM. The in his sheet has been made available by the MLS and may not be the listing of the provider.

DGRIFFIN - 000198

# INSPECTION REPORT
# DAVID GRIFFIN
# 05/11/10

The following inspection was conducted on 05/11/10

**DAVID GRIFFIN**                                    **(CLIENT)**
9801 COBBLESTONE LAKES COURT
BOYNTON BEACH, FLORIDA
**(ESI DID NOT ATTEND INSPECTION)**
Inspection photographed
<u>Evidence collected</u>- <u>Ground wire and drywall samples</u>
**Evidence of Contaminated Drywall found.**
**Strong odor detected in home.**
**Bathroom faucets are pitted.**
**Bathroom fixtures are clean.**
**Mirrors are clean.**
**A/C high pressure line is black.**
**A/C coils are black.**
**Water heater copper water lines are clean.  Unit is in the garage.**
**Ground wires & electrical end wires are black throughout the home.**
**Water lines under bathroom sinks are PVC.**
**Water lines under kitchen sink are PVC.**
**Appliances that have broken down: Not known.**

**KNAUF - TIANJIN** found in the attic.

**4 feet x 12 feet x ½ inch Drywall** also found in several locations throughout the home.

9297 DAVID GRIFFIN INSPECTION 051110
**JAVIER YANES**

DGRIFFIN - 000201

DGRIFFIN - 000202



DGRIFFIN - 000203



DGRIFFIN - 000204



DGRIFFIN - 000205



DGRIFFIN - 000206



DGRIFFIN - 000207



DGRIFFIN - 000208



DGRIFFIN - 000209



DGRIFFIN - 000210



DGRIFFIN - 000211



DGRIFFIN - 000212



DGRIFFIN - 000213


MBN Document 22263-40 Filed 1
119
Emerald on FESE-D
DGRIFFIN - 000214

DGRIFFIN - 000215

DGRIFFIN - 000216



DGRIFFIN - 000217



DGRIFFIN - 000218



DGRIFFIN - 000219



DGRIFFIN - 000220



DGRIFFIN - 000221



MBN - Document 22863-40 - Filed
Document 276-3 Entered on FLSD D
119

DGRIFFIN - 000222





Carrier

DGRIFFIN - 000223



*Carrier*

DGRIFFIN - 000224



| PRODUCT NO. | FA4CNC030008AAAA |
| MODEL NO. | FA4CNC030 |
| SERIAL NO. | 2806A73806 |
| VOLTS | 208/230 |
| MOTOR HP | 1/4 |
| MOTOR FLA | 1.5 |
| PHASE/HERTZ | 1/60 |
| TEST STATIC | 20 IN. W.C. |
| REFRIGERANT 22 | DESIGN PSIG 300 |



c UL us

LISTED FAN COIL
UNIT 3R15

**APPROVED ACCESSORIES**

| | | | |
|---|---|---|---|
| KFCEH**01H10 | KFCEH**01H15 | KFCEH**01N05 | KFCEH**01C05 |
| KFCEH**01N08 | KFCEH**01C00 | KFCEH**01N10 | KFCEH**01C10 |
| KFCEH**01F15 | KFCEH**01C15 | KFCEH**01F20 | KFCEH**01F20 |

DGRIFFIN - 000225

SMRN Document 22363 40 FESD3
Document 270 Bentered on FESD3
119

| PRODUCT NO. | FA4CNC030008AAAA |
| MODEL NO. | FA4CNC030 |
| SERIAL NO. | 2806A73886 |
| VOLTS | 208/230 |
| MOTOR HP | 1/4 |
| MOTOR FLA | 1.5 |
| PHASE/HERTZ | 1/60 |
| TEST STATIC | .20 IN. W.C. |
| REFRIGERANT 22 | DESIGN PSIG  300 |



c UL us

LISTED FAN COIL
UNIT 3H39

### APPROVED ACCESSORIES

| | | | |
|---|---|---|---|
| KFCEH**01H10 | KFCEH**01H15 | KFCEH**01N05 | KFCEH**01C05 |
| KFCEH**01N08 | KFCEH**01C08 | KFCEH**01N10 | KFCEH**01C10 |
| KFCEH**01F15 | KFCEH**01C15 | KFCEH**01F20 | KFCEH**01C20 |

DGRIFFIN  000226



DGRIFFIN - 000227


DGRIFFIN - 000228



MBN Document 270-8 Entered on FLSD Docket 119

DGRIFFIN - 000229



MBN - Detergent 32363-40 - Field 119
Document 227 of 313 - Emerson FLSD DGRIFFIN - 000230



MBN Document 22363-40 - Filed
Document 270-8 Entered on FLSD Docket
119

GRIFFIN - 000231

DGRIFFIN - 000232

DGRIFFIN - 000233

DGRIFFIN - 000234

Griffin, Master bedroom closet
05-11-10 Railings!

2feetx1/2inch                    DrY

Griffin , Master Bedroom closet
05-11-10      Eastwall

12feetx1/2inch

DGRIFFIN - 000236

Griffin , Master Bedroom closet
05-11-10      Eastwall

2feetx1/2inch

DGRIFFIN - 000237



DGRIFFIN - 000238



DGRIFFIN - 000239

DGRIFFIN - 000240



DGRIFFIN - 000241



DGRIFFIN - 000242

Griffin
05-11-10
ATTIC over
LAUNDRY

DGRIFFIN - 000243



DGRIFFIN - 000244



DGRIFFIN - 000245



DGRIFFIN - 000246

DGRIFFIN - 000247

DGRIFFIN - 000248


DGRIFFIN - 000249

DGRIFFIN - 000250

Griffin , Den closet
05-11-10   N. wall

DGRIFFIN - 000251

DGRIFFIN - 000252

Griffin, Den closet
05-11-10 N. wall

DGRIFFIN - 000253

Griffin , Den closet
05-11-10   N. Wall

DGRIFFIN - 000254



DGRIFFIN - 000255

9801

DGRIFFIN - 000256



DGRIFFIN - 000267



DGRIFFIN - 000258


DGRIFFIN - 000259



DGRIFFIN - 000260



MBRN Document 22363-40 - Filed 1
Document 270-8 - Entered on FLSD D
119

DGRIFFIN - 000261



DGRIFFIN - 000262



| PRODUCT NO. | FA4CNC060 10AAAA | |
|---|---|---|
| MODEL NO | FA4CNC060 | |
| SERIAL NO. | 2496A84109 | |
| VOLTS | 208/230 | |
| MOTOR HP | 3/4 | |
| MOTOR FLA | 5.2 | |
| PHASE/HERTZ | 1/60 | |
| TEST STATIC | 0.70 IN. W.C. | |
| REFRIGERANT 22 | DESIGN PSIG 300 | |

**APPROVED ACCESSORIES**

| | | | |
|---|---|---|---|
| KFCEH**01N09 | KFCEH**01N05 | KFCEH**01C05 | KFCEH**01N08 |
| KFCEH**01C09 | KFCEH**01N07 | KFCEH**01N10 | KFCEH**01C10 |
| KFCEH**01N15 | KFCEH**01C15 | KFCEH**01N11 | KFCEH**01C16 |
| KFCEH**01N20 | KFCEH**01C20 | KFCEH**01N25 | KFCEH**01C25 |

c ⓤL us
LISTED FAN COIL
UNIT 363E

DGRIFFIN - 000263

| PRODUCT NO. | FA4CNC060010AAAA |
| MODEL NO. | FA4CNC060 |
| SERIAL NO. | 2406A84109 |
| VOLTS | 208/230 |
| MOTOR HP | 3/4 |
| MOTOR FLA | 5.2 |
| PHASE/HERTZ | 1/60 |
| TEST STATIC | 0.20 IN. W.C. |
| REFRIGERANT 22 | DESIGN PSIG 300 |



c UL
LISTED FAN COM
UNIT 3R39

**APPROVED ACCESSORIES**

| KFCEH**01H20 | KFCEH**01N05 | KFCEH**01N10 |
| KFCEH**01C08 | KFCEH**01N09 |  |
| KFCEH**01F16 |  |  |

DGRIFFIN - 000264



DGRIFFIN - 000265



DGRIFFIN - 000266



MRN - Document 270-8 Entered on FLSD Docket 22363-40 Filed 119

DGRIFFIN - 000267


MBN Document 22363-40 - Filed
DGRIFFIN - 000268



DGRIFFIN - 000269



MBN Document 22863-40 Filed 1
Entered on FLSD D
119

DGRIFFIN - 000270



DGRIFFIN - 000271



MBN - Document 22263-40 - Filed 01
119

DGRIFFIN - 000272



MRN - Document 22363 40 - Filed 1
ocument 270-8 Entered on FLSD D
119

DGRIFFIN - 000273



DGRIFFIN - 000274

DGRIFFIN - 000275

Case 2:09-md-02047-EEF-MBN Document 22363-40 Filed 11/19/19 Page 373 of 313
Case 1:11-cv-22408-MGC Document 270 Entered on FLSD Docket 08/15/2019 Page 305 of
119

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all others similarly
situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

      Defendants.

_____/

## CLAIMANTS DAVID AND DIANE GRIFFIN'S AMENDED ANSWERS TO DEFENDANT TAISHAN GYPSUM COMPANY, LTD., TAI'AN TAISHAN PLASTERBOARD COMPANY, LTD'. AND BNBM PLC'S INTERROGATORIES

      Pursuant to by Fed. R. Civ. P. 26 and 33 and LR 26.1(g) and as required by Fed. R. Civ. P.

26(e), Claimants David and Diane Griffin hereby serve amended answers to Defendants Taishan

Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC

(collectively "Defendants"), interrogatories propounded on November 16, 2018.

Dated: December 4, 2018           Respectfully submitted,

                            /s/ Patrick S. Montoya, Esq.
                            Patrick Shanan Montoya
                            Fla. Bar No. 0524441
                            Email: Patrick@colson.com
                            Colson Hicks Eidson
                            255 Alhambra Circle, PH
                            Coral Gables, FL  33134-2351
                            Telephone:  (305) 476-7400
                            Facsimile:  (305) 476-7444
                            *Interim Lead Counsel for Plaintiffs*

### CLAIMANTS DAVID AND DIANE GRIFFIN'S ANSWERS TO DEFENDANT TAISHAN GYPSUM COMPANY, LTD., TAI'AN TAISHAN PLASTERBOARD COMPANY, LTD'. AND BNBM PLC'S INTERROGATORIES

1.      Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**ANSWER:** We are seeking all compensatory damages, including, but not limited to personal property costs, lost rental income, lost equity (including down payment, mortgage payments, and capital improvements to the property), remediation damages as determined by the Court, diminution in value, loss of use and enjoyment, punitive damages and pre-judgment interest. The amount of diminution in value and lost equity will be quantified by an expert. Loss of use and enjoyment damages and punitive damages will be determined by the jury. Pre-judgment interest will be determined by the Court as a post-judgment ministerial matter.

2.      Did you ever vacate the Property because of Chinese Drywall?

    a.      If so, identify the dates and location of your alternative residence.

    **ANSWER:** No. We never lived in the home. It was then to be our retirement home. It was to be used as an income property until retirement. Regrettably, we had to ask our tenants to vacate the property due to the defective Chinese drywall and return all payments we received from them.

    b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

    **ANSWER:** No. We made our best effort to continue making mortgage payments but, without the rental income, we could not afford to continue paying. We could not, in good conscious, maintain tenants in a home riddled

with defective Chinese drywall as we were concerned about its potential

health effects. Instead, we were forced to sell the home through a short sale.

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or

aggravated by Chinese Drywall?

**ANSWER:** No. We never had the opportunity to live in the home.

a.      If so, identify and describe all conditions, diagnoses, symptoms,

bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part,

because of Chinese Drywall.

**ANSWER:** Not applicable.

b.      If so, identify any physician and/or medical professional who has

diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in

whole or in part.

**ANSWER:** Not applicable.

c.      If so, identify any physician and/or medical professional who has

treated you for any of the conditions you have identified.

**ANSWER:** Not applicable.

4.      Does anyone in your household claim to have suffered bodily injury because of the

Chinese Drywall?

**ANSWER:** No. We never had the opportunity to live in the home.

a.      If so, identify and describe all conditions, diagnoses, symptoms,

bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part,

because of Chinese Drywall.

**ANSWER:** Not applicable.

      b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

      **ANSWER:** Not applicable.

      c.     If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

      **ANSWER:** Not applicable.

5.     If you contend that the short sale occurred as a result of damage to your Property, identify any lenders or mortgagees that had a security interest on the Property at any time during your ownership (to the extent not already identified in the Supplemental Plaintiff Profile Form).

**ANSWER:** Our lender was Colonial Bank, N.A. located at 400 N. Tampa Street, Tama, Florida 33602.

6.     Did you ever rent the Property to any tenants other than yourself?

**ANSWER:** Yes.

      a.     If so, identify the tenants/persons, dates of rental occupancy, and terms of rental agreement.

**ANSWER:** As this was so long ago, we have been unable to locate the names of the tenants as of this date. This information will be provided, if available. That said, the tenants were not living in the home for long prior to the discovery of the defective Chinese drywall. They had paid first month's rent, last month's rent, security deposit and a couple of additional months rent. Upon discovery of Chinese drywall, we asked the tenants to vacate the property and refunded all payments to them.

4

7.     If you incurred alternative living expenses as a result of Chinese

Drywall, identify the total moving cost and/or alternative living expense you incurred.

**ANSWER:** We did not incur alternative living expenses as we never had the opportunity to live

in the home.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, December 4, 2018, I caused the foregoing Answers to Defendants' First Set of Interrogatories to be served on counsel below listed by uploading the same to the Brown Greer Chinese Drywall Portal.

Craig P. Kalil, Esquire
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 2250
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: ckalil@aballi.com

L. Christopher Vejnoska, Esquire
Eric Matthew Hairston, Esquire
Andrew Davidson, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Telephone: (415) 773-5700
Email: cvejnoska@orrick.com
        ehairston@orrick.com
        adavidson@orrick.com

James L. Stengel, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Email: jstengel@orrick.com

*Attorneys for Beijing New Building Materials Public Limited Company*

Enjolique D. Aytch, Esquire
AKERMAN LLP
Las Olas Centre II – Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: enjolique.aytch@akerman.com

Bernard Taylor, Esquire
Michael P. Kenny, Esquire

6

Christina Hull Eikhoff, Esquire
David Venderbush, Esquire
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
mike.kenny@alston.com
christy.eikhoff@alston.com
david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

Case 1:09-md-02047-EEF-MBN Document 22366-40 Filed 11/19/19 Page 280 of 313
Case 1:11-cv-22408-MGC Document 270 Entered on FLSD Docket 08/15/2019 Page 112 of
119

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all others similarly
situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

      Defendants.

_____/

## CLAIMANT DAVID GRIFFIN'S ANSWERS TO DEFENDANT TAISHAN GYPSUM COMPANY, LTD., TAI'AN TAISHAN PLASTERBOARD COMPANY, LTD'. AND BNBM PLC'S INTERROGATORIES

Pursuant to by Fed. R. Civ. P. 26 and 33 and LR 26.1(g) and as required by Fed. R. Civ.

P. 26(e), Claimant David Griffin hereby serves answers to Defendants Taishan Gypsum

Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC (collectively

"Defendants"), interrogatories propounded on November 16, 2018.

Dated: November 30, 2018

                                      Respectfully submitted,

                                      /s/ Patrick S. Montoya, Esq.
                                      Patrick Shanan Montoya
                                      Fla. Bar No. 0524441
                                      Email: Patrick@colson.com
                                      Colson Hicks Eidson
                                      255 Alhambra Circle, PH
                                      Coral Gables, FL  33134-2351
                                      Telephone:  (305) 476-7400
                                      Facsimile: (305) 476-7444
                                      *Interim Lead Counsel for Plaintiffs*

## CLAIMANT DAVID GRIFFIN'S ANSWERS TO DEFENDANT TAISHAN GYPSUM COMPANY, LTD., TAI'AN TAISHAN PLASTERBOARD COMPANY, LTD'. AND BNBM PLC'S INTERROGATORIES

1.      Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**ANSWER:** We are seeking all compensatory damages, including, but not limited to personal property costs, lost rental income, lost equity (including down payment, mortgage payments, and capital improvements to the property), remediation damages as determined by the Court, diminution in value, loss of use and enjoyment, punitive damages and pre-judgment interest. The amount of diminution in value and lost equity will be quantified by an expert. Loss of use and enjoyment damages and punitive damages will be determined by the jury. Pre-judgment interest will be determined by the Court as a post-judgment ministerial matter.

2.      Did you ever vacate the Property because of Chinese Drywall?

a.      If so, identify the dates and location of your alternative residence.

**ANSWER:** No. We never lived in the home. It was then to be our retirement home. It was to be used as an income property until retirement. Regrettably, we had to ask our tenants to vacate the property due to the defective Chinese drywall and return all payments we received from them.

b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**ANSWER:** No. We made our best effort to continue making mortgage payments but, without the rental income, we could not afford to continue paying. We could not, in good conscious, maintain tenants in a home

2

riddled with defective Chinese drywall as we were concerned about its

potential health effects. Instead, we were forced to sell the home through a

short sale.

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or

aggravated by Chinese Drywall?

**ANSWER:** No. We never had the opportunity to live in the home.

a.      If so, identify and describe all conditions, diagnoses, symptoms,

bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part,

because of Chinese Drywall.

**ANSWER:** Not applicable.

b.      If so, identify any physician and/or medical professional who has

diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in

whole or in part.

**ANSWER:** Not applicable.

c.      If so, identify any physician and/or medical professional who has

treated you for any of the conditions you have identified.

**ANSWER:** Not applicable.

4.      Does anyone in your household claim to have suffered bodily injury because of

the Chinese Drywall?

**ANSWER:** No. We never had the opportunity to live in the home.

a.      If so, identify and describe all conditions, diagnoses, symptoms,

bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part,

because of Chinese Drywall.

ANSWER: Not applicable.

      b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

ANSWER: Not applicable.

      c.      If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

ANSWER: Not applicable.

    5.      If you contend that the short sale occurred as a result of damage to your Property, identify any lenders or mortgagees that had a security interest on the Property at any time during your ownership (to the extent not already identified in the Supplemental Plaintiff Profile Form).

ANSWER: Our lender was Colonial Bank, N.A. located at 400 N. Tampa Street, Tama, Florida 33602.

    6.      Did you ever rent the Property to any tenants other than yourself?

ANSWER: Yes.

      a.      If so, identify the tenants/persons, dates of rental occupancy, and terms of rental agreement.

ANSWER: As this was so long ago, we have been unable to locate the name of the tenants. This information will be provided, if available. That said, the tenants were not living in the home for long prior to the discovery of the defective Chinese drywall. They had paid first month's rent, last month's rent, security deposit and a couple of additional months rent. Upon discovery of Chinese drywall, we asked the tenants to vacate the property and refunded all payments to them.

4

7. If you incurred alternative living expenses as a result of Chinese

Drywall, identify the total moving cost and/or alternative living expense you incurred.

**ANSWER:** We did not incur alternative living expenses as we never had the opportunity to live

in the home.

Case 2:09-md-02047-EEF-MBN Document 22363-40 Filed 11/19/19 Page 285 of 313
Case 1:11-cv-22408-MGC Document 270-8 Entered on FLSD Docket 08/15/2013 Page 117 of
119

STATE OF Florida )
)SS:
COUNTY OF Palm Beach )

BEFORE ME, a Notary Public, duly authorized and administered to take oaths,

personally appeared Derick Griffin who is personally known to me or who has produced

_____ as identification and who did/did not take an oath, and says that the

following Answers to Interrogatories are true and correct to the best of his/her knowledge, and

that he/she has read the Answers to Interrogatories and knows the contents thereof.

SWORN TO AND SUBSCRIBED before me this 30th day of Nov , 2018.

Affiant:

Sign: _____

Print: Derrick Griffin

Notary Public:

sign Jeani Bruny

print Diane Barnwell

State of Florida at Large (Seal)

My Commission Expires

DIANE BARNWELL
Notary Public - State of Florida
Commission # GG 071263
My Comm. Expires Mar 23, 2021
Bonded through National Notary Assn.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 30, 2018, I caused the foregoing Answers to Defendants' First Set of Interrogatories to be served on counsel below listed by uploading the same to the Brown Greer Chinese Drywall Portal.

Craig P. Kalil, Esquire
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 2250
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: ckalil@aballi.com

L. Christopher Vejnoska, Esquire
Eric Matthew Hairston, Esquire
Andrew Davidson, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Telephone: (415) 773-5700
Email: cvejnoska@orrick.com
        ehairston@orrick.com
        adavidson@orrick.com

James L. Stengel, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Email: jstengel@orrick.com

*Attorneys for Beijing New Building Materials Public Limited Company*

Enjolique D. Aytch, Esquire
AKERMAN LLP
Las Olas Centre II – Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: enjolique.aytch@akerman.com

Bernard Taylor, Esquire
Michael P. Kenny, Esquire

7

Christina Hull Eikhoff, Esquire
David Venderbush, Esquire
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
        mike.kenny@alston.com
        christy.eikhoff@alston.com
        david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

                                    /s/ Patrick S. Montoya, Esq.
                                    Patrick Shanan Montoya
                                    Fla. Bar No. 0524441
                                    Email: Patrick@colson.com
                                    Colson Hicks Eidson
                                    255 Alhambra Circle, PH
                                    Coral Gables, FL 33134-2351
                                    Telephone: (305) 476-7400
                                    Facsimile: (305) 476-7444
                                    *Interim Lead Counsel for Plaintiffs*

# EXHIBIT B9

<div align="center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:11-CV-22408-MGC**

</div>

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

      Defendants.

_____/

<div align="center">

**PLAINTIFF JOHN HERNANDEZ'S SECOND AMENDED RESPONSE TO**
**DEFENDANTS' INTERROGATORIES**

</div>

Pursuant to Fed. R. Civ. P. 26 and 33 and LR 26.1(e), and as required by Fed. R. Civ. P. 26(e), Plaintiff John Hernandez hereby provides his second amended response to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC (collectively "Defendants") interrogatories dated November 16, 2018.

<div align="center">

**INTERROGATORIES**

</div>

    1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #1:**

Remediation Damages: In accordance with Judge Cooke's November 16, 2018 Order (Rec. Doc. 112), Remediation damages will be computed based on the "remediation formula" set forth in Judge Fallon's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages hearing (MDL Rec. Doc. 20741). Notwithstanding that Plaintiff is entitled to Remediation damages in accordance with the remediation formula, to date, Plaintiff has

<div align="center">1</div>

identified and produced documentation of $381,784.00 in actual remediation costs.

Alternative Living Expense Damages:  To date, Plaintiff has identified and produced documentation of alternative living expense damages of $41,802.00.

Other Damages: To date, Plaintiff has identified and produced documentation of personal property damages of $3,454.00.

Loss of Use and Enjoyment Damages:  Plaintiff seeks loss of use and enjoyment damages in an amount to be determined at trial.

Punitive Damages:  Plaintiff seeks punitive damages in an amount to be determined at trial.

      2.     Did you ever vacate the Property because of Chinese Drywall?

      a.     If so, identify the dates and location of your alternative residence.

      b.     If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2:**

Plaintiff vacated the Property in early July of 2013 to allow for remediation of the Property. The address of the alternative residence is 708 W. Adalee St., Tampa, FL 33603.  Plaintiff resided at the alternative residence until approximately May 16, 2015.  Plaintiff continued to make mortgage payments on the Property while living at the alternative residence.

      3.     Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

      a.     If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

      b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall,

in whole or in part.

   c.  If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #3:**

Plaintiff is not pursuing a claim for bodily injury.

  4.  Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

   a.  If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

   b.  If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

   c.  If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #4:**

Neither Plaintiff, nor any member of Plaintiff's household is pursuing a claim for bodily injury.

  5.  With what damages claim is the deed of land from you to William Barton Meacham and Stephanie N. Meacham associated?

   a.  If not related to a damages claim, please explain its relevance in this Lawsuit.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #5:**

Plaintiff is not asserting any damage claim related to the sale of the property located at 304

E. Plymouth St., Tampa, FL 33603 on January 11, 2012 to William Barton Meacham and

Stephanie N. Meacham. The sale of this property has no relevance to this lawsuit.


Dated: April 25, 2019                Respectfully submitted,

/s/ Holly R. Werkema
Holly R. Werkema
Fla. Bar No. 71133
Russell W. Budd
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
hwerkema@baronbudd.com
Phone: (214) 521-3605
Facsimile: (214) 520-1181

Allison Grant, Fla. Bar No. 858330
Allison Grant, P.A.
14 SE 4th St
Boca Raton, FL 33432-6111
agrant@allisongrantpa.com
Phone: 561-994-9646
Fax: 561-431-4627

*Attorneys for Plaintiff John Hernandez*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, April 25, 2019, I caused the foregoing Second Amended Response

to Defendants' Interrogatories to Priority Claimant John Hernandez to be served on the following

counsel by uploading it to the Chinese Drywall MDL 2047 Portal:

Craig P. Kalil, Esquire
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 2250
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: ckalil@aballi.com

L. Christopher Vejnoska, Esquire
Eric Matthew Hairston, Esquire
Andrew Davidson, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Telephone: (415) 773-5700
Email: cvejnoska@orrick.com
        ehairston@orrick.com
        adavidson@orrick.com

James L. Stengel, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Email: jstengel@orrick.com

*Attorneys for Beijing New Building Materials Public Limited Company*

Enjolique D. Aytch, Esquire
AKERMAN LLP
Las Olas Centre II – Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: enjolique.aytch@akerman.com

Bernard Taylor, Esquire
Michael P. Kenny, Esquire
Christina Hull Eikhoff, Esquire
David Venderbush, Esquire
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
        mike.kenny@alston.com
        christy.eikhoff@alston.com
        david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

                                    /s/ Holly R. Werkema
                                    Holly R. Werkema

                                    *Attorney for Plaintiff John Hernandez*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

      Defendants.

_____/

## PLAINTIFF BERTHA HERNANDEZ'S SECOND AMENDED RESPONSE TO DEFENDANTS' INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33 and LR 26.1(e), and as required by Fed. R. Civ. P. 26(e), Plaintiff Bertha Hernandez hereby provides her second amended response to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC (collectively "Defendants") interrogatories dated November 16, 2018.

## INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #1:**

Remediation Damages: In accordance with Judge Cooke's November 16, 2018 Order (Rec. Doc. 112), Remediation damages will be computed based on the "remediation formula" set forth in Judge Fallon's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages hearing (MDL Rec. Doc. 20741). Notwithstanding that Plaintiff is entitled to Remediation damages in accordance with the remediation formula, to date, Plaintiff has

1

identified and produced documentation of $381,784.00 in actual remediation costs.

Alternative Living Expense Damages: To date, Plaintiff has identified and produced documentation of alternative living expense damages of $41,802.00.

Other Damages: To date, Plaintiff has identified and produced documentation of personal property damages of $3,454.00.

Loss of Use and Enjoyment Damages: Plaintiff seeks loss of use and enjoyment damages in an amount to be determined at trial.

Punitive Damages: Plaintiff seeks punitive damages in an amount to be determined at trial.

     2.    Did you ever vacate the Property because of Chinese Drywall?

         a.    If so, identify the dates and location of your alternative residence.

         b.    If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2:**

Plaintiff vacated the Property in early July of 2013 to allow for remediation of the Property. The address of the alternative residence is 708 W. Adalee St., Tampa, FL 33603. Plaintiff resided at the alternative residence until approximately May 16, 2015. Plaintiff continued to make mortgage payments on the Property while living at the alternative residence.

     3.    Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

         a.    If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

         b.    If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall,

2

in whole or in part.

      c.      If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #3:**

Plaintiff is not pursuing a claim for bodily injury.

    4.     Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

      a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

      b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

      c.      If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #4:**

Neither Plaintiff, nor any member of Plaintiff's household is pursuing a claim for bodily injury.

    5.     With what damages claim is the deed of land from you to William Barton Meacham and Stephanie N. Meacham associated?

      a.      If not related to a damages claim, please explain its relevance in this Lawsuit.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #5:**

Plaintiff is not asserting any damage claim related to the sale of the property located at 304

E. Plymouth St., Tampa, FL 33603 on January 11, 2012 to William Barton Meacham and

Stephanie N. Meacham. The sale of this property has no relevance to this lawsuit.

Dated: April 25, 2019                 Respectfully submitted,

/s/ Holly R. Werkema
Holly R. Werkema
Fla. Bar No. 71133
Russell W. Budd
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
hwerkema@baronbudd.com
Phone: (214) 521-3605
Facsimile: (214) 520-1181

Allison Grant, Fla. Bar No. 858330
Allison Grant, P.A.
14 SE 4th St
Boca Raton, FL 33432-6111
agrant@allisongrantpa.com
Phone: 561-994-9646
Fax: 561-431-4627

*Attorneys for Plaintiff Bertha Hernandez*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, April 25, 2019, I caused the foregoing Second Amended Response

to Defendants' Interrogatories to Priority Claimant Bertha Hernandez to be served on the following

counsel by uploading it to the Chinese Drywall MDL 2047 Portal:

> Craig P. Kalil, Esquire
> ABALLI MILNE KALIL P.A.
> SunTrust International Center
> 1 SE 3rd Avenue, Suite 2250
> Miami, FL 33131
> Telephone: (305) 373-6600
> Facsimile: (305) 373-7929
> Email: ckalil@aballi.com
>
> L. Christopher Vejnoska, Esquire
> Eric Matthew Hairston, Esquire
> Andrew Davidson, Esquire
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> The Orrick Building
> San Francisco, CA 94105
> Telephone: (415) 773-5700
> Email: cvejnoska@orrick.com
>         ehairston@orrick.com
>         adavidson@orrick.com
>
> James L. Stengel, Esquire
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> 51 West 52nd Street
> New York, NY 10019
> Telephone: (212) 506-5000
> Email: jstengel@orrick.com
>
> *Attorneys for Beijing New Building Materials Public Limited Company*
>
> Enjolique D. Aytch, Esquire
> AKERMAN LLP
> Las Olas Centre II – Suite 1600
> 350 E. Las Olas Boulevard
> Ft. Lauderdale, FL 33301
> Telephone: (954) 463-2700
> Facsimile: (954) 463-2224
> Email: enjolique.aytch@akerman.com

Bernard Taylor, Esquire
Michael P. Kenny, Esquire
Christina Hull Eikhoff, Esquire
David Venderbush, Esquire
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
       mike.kenny@alston.com
       christy.eikhoff@alston.com
       david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*


             /s/ Holly R. Werkema
             Holly R. Werkema

             *Attorney for Plaintiff Bertha Hernandez*

# EXHIBIT B10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:11-CV-22408-MGC**

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG
TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN
PLASTERBOARD CO., LTD., et al.,

      Defendants.

_____/

## PLAINTIFF DEBORAH LALWANI'S RESPONSE TO DEFENDANTS' INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33 and LR 26.1(e), Plaintiff Deborah Lalwani hereby provides responses to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC (collectively "Defendants") interrogatories dated November 16, 2018.

## INTERROGATORIES

1.    Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #1:**

Remediation Damages:  In accordance with Judge Cooke's November 16, 2018 Order (Rec. Doc. 112), Remediation damages will be computed based on the "remediation formula" set forth in Judge Fallon's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages hearing (MDL Rec. Doc. 20741).

1

Diminution in Value: Plaintiff seeks damages for diminution in value of the property in an amount to be determined at trial.

Loss of Use and Enjoyment Damages: Plaintiff seeks damages for loss of use and enjoyment of the Property in an amount to be determined at trial.

Punitive Damages: Plaintiff seeks punitive damages in an amount to be determined at trial.

Plaintiff reserves the right to supplement this response prior to the close of fact discovery on January 14, 2019.

2.      Did you ever vacate the Property because of Chinese Drywall?

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2:**

Plaintiff and her husband purchased the Property to be used as a vacation home until her husband retired. Upon her husband's retirement, Plaintiff planned to use the Property as her family's primary residence. Upon the discovery of defective Chinese drywall in the property on or about March 30, 2009, Plaintiff vacated the Property.

a.      If so, identify the dates and location of your alternative residence.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2a:**

Plaintiff vacated the Property and returned to her primary residence at 32 Rollingwood Drive, Voorhees, NJ 08043 on or about April of 2009. Plaintiff continued living at her primary residence until the Property was sold in February of 2011.

b.      If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2b:**

The Property was no longer encumbered by a mortgage in April of 2009 when the Plaintiff vacated it.

3.      Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

c.      If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #3:**

Plaintiff is not asserting a claim for bodily injury.

4.      Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

a.      If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

b.      If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

c.      If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #4:**

Neither Plaintiff, nor any member of Plaintiff's family is asserting a claim for bodily

3

injury.

Dated: November 30, 2018        Respectfully submitted,

/s/ Holly R. Werkema
Holly R. Werkema, Fla. Bar No. 71133
Russell W. Budd
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
hwerkema@baronbudd.com
Phone: (214) 521-3605
Facsimile: (214) 520-1181

Allison Grant, Fla. Bar No. 858330
Allison Grant, P.A.
14 SE 4th St
Boca Raton, FL 33432-6111
agrant@allisongrantpa.com
Phone: 561-994-9646
Fax: 561-431-4627

*Attorneys for Plaintiff Deborah Lalwani*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 30, 2018, I caused the foregoing Response to Defendants' Interrogatories to Priority Claimant Deborah Lalwani to be served on the following counsel via email and by uploading it to the Chinese Drywall MDL 2047 Portal:

Craig P. Kalil, Esquire
ABALLI MILNE KALIL P.A.
SunTrust International Center
1 SE 3rd Avenue, Suite 2250
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
Email: ckalil@aballi.com

L. Christopher Vejnoska, Esquire
Eric Matthew Hairston, Esquire
Andrew Davidson, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
San Francisco, CA 94105
Telephone: (415) 773-5700
Email: cvejnoska@orrick.com
        ehairston@orrick.com
        adavidson@orrick.com

James L. Stengel, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5000
Email: jstengel@orrick.com

*Attorneys for Beijing New Building Materials Public Limited Company*

Enjolique D. Aytch, Esquire
AKERMAN LLP
Las Olas Centre II – Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: enjolique.aytch@akerman.com

Bernard Taylor, Esquire
Michael P. Kenny, Esquire
Christina Hull Eikhoff, Esquire
David Venderbush, Esquire
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
        mike.kenny@alston.com
        christy.eikhoff@alston.com
        david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*


                                    /s/ Holly R. Werkema
                                    Holly R. Werkema

                                    *Attorney for Plaintiff Deborah Lalwani*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:11-CV-22408-MGC**

EDUARDO AND CARMEN AMORIN et al.,
individually, and on behalf of all others
similarly situated,

      Plaintiffs,

v.

TAISHAN GYPSUM CO., LTD. F/K/A SHANDONG TAIHE
DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD
CO., LTD., et al.,

      Defendants.

_____/

## PLAINTIFF GUL LALWANI'S RESPONSE TO DEFENDANTS' INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33 and LR 26.1(e), Plaintiff Gul Lalwani hereby provides responses to Defendants Taishan Gypsum Company, Ltd., Tai'an Taishan Plasterboard Company, Ltd., and BNBM PLC (collectively "Defendants") interrogatories dated November 16, 2018.

## INTERROGATORIES

1.      Identify all types of damages that you seek in this Lawsuit (e.g. alternative living expenses, diminution in value, loss of use/enjoyment, etc.) and specify amounts sought for each category.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #1:**

Remediation Damages:  In accordance with Judge Cooke's November 16, 2018 Order (Rec. Doc. 112), Remediation damages will be computed based on the "remediation formula" set forth in Judge Fallon's Findings of Fact and Conclusions of Law Related to the June 9, 2015 Damages hearing (MDL Rec. Doc. 20741).

Diminution in Value:  Plaintiff seeks damages for diminution in value of the property in an amount

to be determined at trial.

Loss of Use and Enjoyment Damages: Plaintiff seeks damages for loss of use and enjoyment of the Property in an amount to be determined at trial.

Punitive Damages: Plaintiff seeks punitive damages in an amount to be determined at trial.

Plaintiff reserves the right to supplement this response prior to the close of fact discovery on January 14, 2019.

     2.     Did you ever vacate the Property because of Chinese Drywall?

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2:**

Plaintiff purchased the Property to be used as a vacation home until he retired. Upon retirement, Plaintiff planned to use the Property as his family's primary residence. Upon the discovery of defective Chinese drywall in the property on or about March 30, 2009, Plaintiff vacated the Property.

     a.     If so, identify the dates and location of your alternative residence.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2a:**

Plaintiff vacated the Property and returned to his primary residence at 32 Rollingwood Drive, Voorhees, NJ 08043 on or about April of 2009. Plaintiff continued living at his primary residence until the Property was sold in February of 2011.

     b.     If so, did you continue to make mortgage payments on the Property during the period(s) of your alternative residence?

**PLAINTIFF'S RESPONSE TO INTERROGATORY #2b:**

The Property was no longer encumbered by a mortgage in April of 2009 when the Plaintiff vacated it.

     3.     Do you intend to pursue a claim for damages arising from bodily injury caused or aggravated by Chinese Drywall?

       a.     If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses that you claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

       b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of your identified conditions is Chinese Drywall, in whole or in part.

       c.     If so, identify any physician and/or medical professional who has treated you for any of the conditions you have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #3:**

Plaintiff is not asserting a claim for bodily injury.

    4.     Does anyone in your household claim to have suffered bodily injury because of the Chinese Drywall?

       a.     If so, identify and describe all conditions, diagnoses, symptoms, bodily harms, and/or illnesses, that they claim were caused or aggravated, in whole or in part, because of Chinese Drywall.

       b.     If so, identify any physician and/or medical professional who has diagnosed or opined that the cause of any of their identified conditions is Chinese Drywall, in whole or in part.

       c.     If so, identify any physician and/or medical professional who has treated them for any of the conditions they have identified.

**PLAINTIFF'S RESPONSE TO INTERROGATORY #4:**

Neither Plaintiff, nor any member of Plaintiff's family is asserting a claim for bodily injury.

Dated: November 30, 2018           Respectfully submitted,

/s/ Holly R. Werkema
Holly R. Werkema, Fla. Bar No. 71133
Russell W. Budd
BARON & BUDD, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
hwerkema@baronbudd.com
Phone: (214) 521-3605
Facsimile: (214) 520-1181

Allison Grant, Fla. Bar No. 858330
Allison Grant, P.A.
14 SE 4th St
Boca Raton, FL 33432-6111
agrant@allisongrantpa.com
Phone: 561-994-9646
Fax: 561-431-4627

*Attorneys for Plaintiff Gul Lalwani*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 30, 2018, I caused the foregoing Response to

Defendants' Interrogatories to Priority Claimant Gul Lalwani to be served on the following counsel

via email and by uploading it to the Chinese Drywall MDL 2047 Portal:

> Craig P. Kalil, Esquire
> ABALLI MILNE KALIL P.A.
> SunTrust International Center
> 1 SE 3rd Avenue, Suite 2250
> Miami, FL 33131
> Telephone: (305) 373-6600
> Facsimile: (305) 373-7929
> Email: ckalil@aballi.com
>
> L. Christopher Vejnoska, Esquire
> Eric Matthew Hairston, Esquire
> Andrew Davidson, Esquire
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> The Orrick Building
> San Francisco, CA 94105
> Telephone: (415) 773-5700
> Email: cvejnoska@orrick.com
> ehairston@orrick.com
> adavidson@orrick.com
>
> James L. Stengel, Esquire
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> 51 West 52nd Street
> New York, NY 10019
> Telephone: (212) 506-5000
> Email: jstengel@orrick.com
>
> *Attorneys for Beijing New Building Materials Public Limited Company*
>
> Enjolique D. Aytch, Esquire
> AKERMAN LLP
> Las Olas Centre II – Suite 1600
> 350 E. Las Olas Boulevard
> Ft. Lauderdale, FL 33301
> Telephone: (954) 463-2700
> Facsimile: (954) 463-2224
> Email: enjolique.aytch@akerman.com

5

Bernard Taylor, Esquire
Michael P. Kenny, Esquire
Christina Hull Eikhoff, Esquire
David Venderbush, Esquire
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: bernard.taylor@alston.com
       mike.kenny@alston.com
       christy.eikhoff@alston.com
       david.venderbush@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*

/s/ Holly R. Werkema
Holly R. Werkema

*Attorney for Plaintiff Gul Lalwani*