## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** <br><br> **SECTION "L"** |
| **This document relates to:** <br><br> ***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*** <br><br> **Case No. 14:cv-2722** | **JUDGE ELDON FALLON** <br><br> **MAGISTRATE JOSEPH WILKINSON, JR.** |

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT <br> ON CLAIMS ASSERTED BY MARDECHRIA CHARLES MCDONALD

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment:

1.      On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things.

2.      On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.

3.      On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

4.      The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047.

5.      The Complaint was amended multiple times to amend the parties and claims.

6.      The Fifth Amended Complaint was filed on May 14, 2018.

7.      Following the Fifth Amended Complaint, certain plaintiffs intervened.

8.      The Fifth Amended Complaint is the operative complaint in this matter.

9.      Plaintiff, Mardechria Charles McDonald ("Charles") was listed in the original complaint, which was amended multiple times.

10.      Charles is a plaintiff in the operative Fifth Amended Complaint and has made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in her property located at 116 Dufresne Drive, Vacherie, Louisiana 70090 (the "Property").

11.      In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, a Supplemental Plaintiff Profile Form, an Owner Disclosure Affidavit, and a Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.

12.      Charles completed and signed the Plaintiff Profile Form ("PPF") on February 4, 2014, under penalty of perjury. (Ex. A, PPF, Exhibit 1 to Charles Depo.).

13.      Charles completed and signed the Supplemental Plaintiff Profile form ("SPPF") on April 1, 2018, under penalty of perjury. (Ex. B, SPPF, Exhibit 2 to Charles Depo.).

14.      Charles completed and signed the Plaintiff Fact Sheet ("PFS") on February 1, 2019, under penalty of perjury. (Ex. C, PFS, Exhibit 3 to Charles Depo.).

15.      Charles purchased the Property on June 18, 2007. (Deposition of Mardechria Charles McDonald ("Charles Depo.") at 16:20-23; Ex. D, Act of Cash Sale, Exhibit 4 to Charles Depo.).

16.     Charles purchased the Property "as-is" and cannot recall whether an inspection was conducted. (Charles Depo. at 20:19-25).

17.     Charles lived on the Property until 2011, when she moved to Michigan to live with her now-husband, Derrick McDonald ("McDonald"). (Charles Depo. at 110:14-19).

18.     Members of Charles's and her husband's family continued to reside at the Property after she moved to Michigan. (Charles Depo. at 34:25, 35:1-8).

19.     At one point, Charles's brother paid rent to Charles. (Charles Depo. at 113:25, 114:1-5, 131:7-24).

20.     Charles visited the Property occasionally after moving to Michigan in 2011. (Charles Depo. at 13:4-11).

21.     Charles's son, Damien Wiggins, inspected the Property for Chinese drywall on January 25, 2014. (Ex. A at 2; Charles Depo. at 46:2-3).

22.     Damien Wiggins is not a certified home inspector. (Charles Depo. at 46:2-16).

23.     Charles suspected the Property contained Chinese drywall prior to her son's inspection. (Charles Depo. at 74:5-23).

24.     Charles recalled receiving a letter informing her that she may have Chinese drywall. (Charles Depo. at 75:2-21).

25.     Charles was not present when her son inspected the Property and took the photo that has been submitted as evidence of Chinese drywall in the Property and therefore has no knowledge concerning the photo. (Charles Depo. at 47:1-24, 53:2-25, 54:1-24).

26.     Prior to her deposition on June 26, 2019, Charles had never seen the photo submitted as evidence of Chinese drywall in the Property. (Charles Depo. at 57:24-25, 62:18-24).

27.     The photo submitted as evidence of Chinese drywall in the Property is the only evidence submitted on behalf of Charles. (Ex. A; Ex. B; Ex. C)

28.     Charles listed her Property for sale some time prior to May 4, 2016, and as early as 2015. (Charles Depo. at 38:17-21; Ex. E, May 4, 2016 Inspection Report).

29.     Charles did not disclose the presence of Chinese drywall on the Property when she listed it for sale, despite having initiated this lawsuit. (Charles Depo. at 39:1-25, 40:1).

30.     Charles received an offer on the Property from Cierra Wilson. (Charles Depo. at 39:1-6, 112:10-16; Ex. E).

31.     Cierra Wilson had an inspection conducted on the Property on May 4, 2016 in connection with her offer to purchase the Property. (Ex. E).

32.     The inspector who conducted the May 4, 2016 did not expressly indicate in the inspection report that Chinese drywall was found in the Property. (Charles Depo. at 39:1-6; Ex. E).

33.     The sale ultimately fell through after the inspection. (Charles Depo. at 48:19-25).

34.     The Property remained vacant after March 2016. (Charles Depo. at 111:11-17).

35.     By May 8, 2016, all furniture and some appliances had been removed from the Property. (Charles Depo. at 112:6-9).

36.     On July 10, 2016, there was a fire at the Property. (Charles Depo. at 111:11-17).

37.     Charles's husband, Derrick McDonald, was arrested in connection with the fire at the Property on the basis of arson. (Charles Depo. at 136:8-18).

4

38.     The Louisiana Department of Public Safety and Corrections, Public Safety Services completed an Incident Investigation Report. (Ex. F, April 9, 2018 Report from Office of State Fire Marshal, Ex. 7D to Charles Depo.).[1]

39.     The Incident Investigation Report summarizes and provides the evidence linking Charles's husband, McDonald, to the fire. It includes, *inter alia*, plane tickets, rental car history, and phone records that indicate that McDonald flew from Detroit, Michigan to New Orleans, Louisiana on July 9, 2016, drove to Vacherie, Louisiana, was within the vicinity of the Property at the time of the fire around 1:32 AM on July 10, 2016, and returned to Detroit, Michigan later that same day. (Ex. F).

40.     The Incident Investigation Report concluded:

> Due to there being two separate area of origins, and multiple samples from Investigator Mulkey came back positive for weathered gasoline, the cause of the fire was determined to be the result of an intentionally set fire. An arrest warrant was issued for Mr. Derrick McDonald on the charge of 14:52 Simple Arson. Mr. McDonald turned himself in to the St. John Sheriff's Office on March 28th, 2017 on the warrant for Simple Arson and bonded out of jail.
> On May 22nd, 2017, I received a phone call from the St John's DA office informing me that without a confession from Mr. McDonald, or without Mr. McDonald admitting that his cell phone was on his person for the entire trip to Louisiana, they would be unable to prosecute the case . . . .

(Ex. F at 6).

41.     Legal proceedings were initiated in the United Stated District Court for the Eastern District of Louisiana, Case No. 17-5967, against Charles by Charles's insurance company for a declaratory judgment and restitution, based on insurance fraud in connection with the fire. (Ex. G, Complaint).

---

[1] Though only portions of the Incident Report are attached due to size restrictions, the entire report is available upon request and can also be found via PACER. *See* Attachments to Motion for Summary Judgment by Republic, *Republic Fire and Casualty Insurance Co. v. Charles, et al.*, No. 17-5967 (E.D. La. filed July 9, 2018), ECF Nos. 51-7 - 51-10.

42.     The lawsuit between Charles and her insurer ultimately settled.  (Charles Depo. at 108:11-14).

43.     The balance of Charles's mortgage on the Property was paid in full, except for a subordinate mortgage owed to HUD that is personal to Charles.  (Charles Depo. at 18:3-25, 19:1-25, 20:1, 108:15-25, 109:1-5).

44.     After the fire, photographs were taken of the damage and the remaining structure, but no photographs of Chinese drywall were taken. (Ex. F).[2]

45.     The remainder of the structure on the Property was demolished, and all that remained was a slab of concrete.  (Charles Depo. at 29:10-12, 138:7-11).

46.     Charles did not preserve or document any evidence of Chinese drywall, save for the photograph that was submitted in support of her claims. (Charles Depo. at 54:22-24, 138:12-25, 139:1-25, 140:1-7).

47.     Charles did not take photos of each board of Chinese drywall removed from the Property. (Charles Depo. at 138:7-17).

48.     Charles did not preserve samples of Chinese drywall boards from the Property prior to demolition. (Charles Depo. at 138:18-24).

49.     Charles did not maintain samples of the air-conditioner, plumbing or electrical prior to demolition. (Charles Depo. at 138:25, 139:1-4).

50.     Charles has discarded all personal property items she alleges were damaged due to Chinese drywall. (Charles Depo. at 78:6-7, 79:4-6, 80:9-11, 22-25, 82:1-6, 22-23, 83:18-19, 84:9-10, 85:11-12, 23-24, 86:20-21, 88:14-15, 90:3-4, 23-24, 92:2-3, 25, 93:1, 10-11, 94:10-11, 95:14-

---

[2] Though only some of the photos are attached due to size restrictions, additional photos are available upon request and can also be found via PACER. *See* Attachments to Motion for Summary Judgment by Republic, *Charles*, No. 17-5967 (E.D. La. filed July 9, 2018), ECF Nos. 51-7 - 51-10.

15, 96:6-7, 23-24, 97:13-14, 98:16-17, 99:4-5, 100:2-3, 21-22, 102:7-8, 24-25, 103:20-21, 104:11-12, 106:1-2, 24-25).

51.     Charles failed to provide invoices or proof of payment for personal property items replaced. (Charles Depo. at 77-106). 78:8-10, 79:7-9, 80:7-8, 82:7-9, 24-25, 83:16-17, 84:9-10, 85:9-10, 86:3-4, 88:1-2, 89:7-8, 90:7-8, 91:3-4, 92:7-8, 23-24, 93:14-15, 94:12-13, 95:12-13, 96:4-5, 21-22, 97:11-12, 98:1-2, 14-15, 99:8-9, 1, 100:1, 19-20, 102:5-6, 22-23, 103:18-19, 104:6-7, 105:24-25, 106:22-23).

52.     Charles also seeks loss of use damages of $25,000.00 per year but did not submit any evidence in support. (Charles Depo. at 67:20-25, 68:1-25, 69:1).

53.     At no point has an inspection been conducted that confirms the presence of Chinese drywall on the Property.

54.     Thereafter, Charles sold the Property at some time between 2017 and 2019. (Charles Depo. at 19:18-21, 28:19-25, 29:1-2).

55.     Charles no longer owns 116 Dufresne Drive, Vacherie, Louisiana 70090.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46TH Floor
New Orleans, LA  70170
Telephone:     (504) 556-5549
Facsimile:     (504) 310-0275
Email:          kmiller@fishmanhaygood.com
Email:          pthibodeaux@fishmanhaygood.com
Email:          ddysart@fishmanhaygood.com

***Counsel for the Knauf Defendants***

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that the above and foregoing pleading has been served via electronic mail on all counsel of record this 25th day of November, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**