**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY CANDACE AND DAVID FOZARD**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Candace and David Fozard pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

*A.      MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.     *The Bennett Complaint and the Fozards*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

was amended multiple times to amend the parties and claims. Candace and David Fozard (the "Fozards" or "Plaintiffs") did not file their claims in this lawsuit until leave was requested to file the Fifth Amended Complaint on March 6, 2018.[2] Leave to file that complaint was granted on May 14, 2018.[3]

The Fozards, in the operative Fifth Amended Complaint, are asserting claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 72685 Diamondhead Drive North, Diamondhead, MS 39525 (the "Property"). Specifically, the Fozards assert claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of the Mississippi Consumer Protection Act In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form ("PPF"), Supplemental Plaintiff Profile Form ("SPPF"), and Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs, setting forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Fozards completed and submitted a PPF,[4] SPPF,[5] and PFS[6] under penalty of perjury. The Fozards were deposed on August 23, 2019.

The Fozards purchased the Property in March of 2015.[7] They did not move in until October of 2015.[8] Before moving to the Property, the Fozards resided in Illinois, where Ms. Fozard was a systems analyst for an insurance company and Mr. Fozard worked in insurance marketing.[9]

---

[2] The Fozards appear for the first time in Exhibit A to the Fifth Amended Class Action Complaint, for which leave to file was requested on March 3, 2018. Doc. 21234-3.
[3] Doc. 21332.
[4] Ex. 1.
[5] Ex. 2.
[6] Ex. 3.
[7] Ex. 4, Candace Fozard Depo. Tr., at 23:9-21.
[8] *Id.* at 40:20-41:13.
[9] *Id.* at 5:18-24, 24:3-5; Ex. 5, David Fozard Depo. Tr., at 5:15-17.

Because Mr. Fozard worked in insurance, he was "aware of Chinese drywall being a problem down here" in Mississippi.[10] Mr. Fozard was also aware that Chinese drywall was "often associated with home that were repaired in the 2006 time frame, many of them repaired in connection with Hurricane Katrina damage," and was further aware that the Property had been renovated after Hurricane Katrina.[11] Nevertheless, although the Fozards engaged an inspector to perform a pre-purchase inspection, Mr. Fozard did not ask the inspector to inspect the home for Chinese drywall.[12] Instead, the Fozards apparently discovered Chinese drywall in their home via an inspector they hired in January of 2017, after an electrician noticed blackened electrical wiring in a guest bedroom in the Property.[13]

The Fozards are claiming damages for, among other things, loss of use, including estimated damages for "additional loss of use" while the Property is renovated at some point in the future.[14] The Fozards, however, continue to reside at the Property, have not yet renovated their home, and continue to own another home in Illinois.[15] The Fozards also seek damages for "[a]dditional interest payments due to money borrowed to replace items damaged by the defective Knauf drywall."[16] The Fozards, however, have not yet borrowed any money on which they would make these additional interest payments.[17]

---

[10] Ex. 5, David Fozard Depo. Tr., at 6:19-7:9.
[11] *Id.* at 7:10-19.
[12] *Id.* at 8:2-9; *see also* Ex. 4, Candace Fozard Depo. Tr., at 29:-10-13.
[13] Ex. 4, Candace Fozard Depo. Tr., at 35:13-37:25.
[14] *Id.* at 52:6-15, 59:14-60:11; *see also* Ex. 2.
[15] *See* Ex. 4, Candace Fozard Depo. Tr.*,* at 60:12-15, 60:21-2, 61:15-24.
[16] *Id.* at 62:15-20; *see also* Ex. 3.
[17] Ex. 4, Candace Fozard Depo. Tr., at 62:15-63:9.

## II.     Legal Standards

### A.     *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[19]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[20]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[21]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[22]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[23]  Furthermore,

---

[18] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[19] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[21] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[22] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[23] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

"[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[24] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[25]

### III.  Argument

#### A.  Plaintiff's Claims are Barred by Assumption of the Risk.

The Fozards claims against the Knauf Defendants are barred because they "freely and voluntarily chose to encounter a dangerous condition." *Green v. Allendale Planting Co.*, 954 So. 2d 1032, 1041 (Miss. 2007). In other words, the Fozards "took a calculated risk and purchased a property . . . in an area known to have a multitude of Chinese drywall properties." *See* Order & Reasons, Doc. No. 20934. Although the Fozards obtained an inspection of the Property, and although they were aware of problems associated with Chinese drywall, they elected not to have their inspector look for Chinese drywall.[26]  Because the Fozards "had knowledge and appreciated the dangerous condition" of Chinese drywall, but took no steps to ensure that the Property they purchased did not contain this type of drywall, they assumed the risk that the Property might, in fact, contain Chinese drywall, and summary judgment is appropriate. *See Green*, 954 So. 2d at

---

[24] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[25] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[26] Ex. 5, David Fozard Depo. Tr., at 8:2-9.

1044 (affirming a trial court's summary judgment because the plaintiff admitted that he "had knowledge and appreciated the dangerous condition" of the product he alleged was defective).

In Mississippi, "[o]ften, assumption of risk is a question of fact for the jury, but 'in certain circumstances the facts may show as a matter of law that the plaintiff understood and appreciated the danger.'" *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 842 (S.D. Miss. 2010) (quoting *Green*, 954 So. 3d at 1041). For example, in *Clark v. Brass Eagle, Inc.*, 866 So. 2d 456 (Miss. 2004), the Mississippi Supreme Court upheld a trial court's grant of summary judgment against the defendant on a plaintiff's claims arising out of injury from a paintball gun because the plaintiff "was aware there was protective eyewear available for purchase at Wal-Mart," but the plaintiff chose not to purchase this eyewear. *Id.* at 461. Similarly, here, the Fozards were aware that Chinese drywall was "a problem down here" in Mississippi but chose not to have their inspector check to determine whether the Property contained Chinese drywall. The Fozards were aware of and appreciated the danger associated with Chinese drywall, but they turned a blind eye to the potential it was installed in the Property. The Fozards are not entitled to damages based on the risk they assumed.

    **B.**    **Plaintiffs are Not Entitled to Loss of Use Damages.**

Even if the Fozards' claims were not precluded because they assumed the risk, their claims for loss of use damages would be barred because there is no evidence the Fozards have lost any use of the property. The Fozards have lived in the home since October of 2017.[27] Although they still own a home in Illinois, they "choose not to live in Illinois" because "Mississippi is [thei]r home now."[28] When a plaintiff provides no evidence to show that a defendant "in some way caused the plaintiffs to suffer a loss of use," summary judgment is appropriate. *Lewis v. Kinder Morgan*

---

[27] Ex. 4, Candace Fozard Depo. Tr., at 40:20-41:13.
[28] *Id.* at 62:2-3, 9-13.

*Southeast Terminals, LLC*, No. 2:07-cv-47, 2008 WL 3540174, at *8 (S.D. Miss. Aug. 6, 2008) (applying Mississippi law). The Fozards have not only provided no evidence of loss of use, they have affirmatively testified that they refuse to cease using the Property in favor of another home they own. Summary judgment is appropriate on the Fozards' loss of use claims.

### C.     Plaintiffs Cannot Recover for Speculative Future Damages

Finally, even if the Fozards' had not assumed the risk of the damages they are claiming, they still could not recover damages for interest payments on money they have not yet borrowed or for loss of use during a renovation they have not yet undertaken. "Speculative future damages are not recoverable." *Wise v. Kansas City Life Ins. Co*., 433 F. Supp. 2d 743, 751 (N.D. Miss. 2006) (citing *Ready-Mix Concrete v. Perr*y, 123 So. 2d 241, 246 (Miss. 1960)). Damages that have not yet been incurred are speculative and are therefore not recoverable. *See Schilling Enters., LLC v. Superior Boat Works, Inc.*, No. 4:04-cv-343, 2007 WL 2577848 at *6 (N.D. Miss. Aug. 31 2006) ("The remaining damages, however, have not yet been incurred and are speculative. The court thus declines to award those damages."). Summary judgment is additionally appropriate on the Fozards' speculative damage claims.

## IV.    Conclusion

The Fozards' claims in this MDL should be dismissed because they took a calculated risk by neglecting to inspect the Property, even though they knew it had been renovated after Hurricane Katrina and that Chinese drywall caused problems in homes renovated after that storm. Even if, however, the Fozards' claims were not barred by their assumption of this risk, they could not recover damages for loss of use for a Property that they continue to use, nor could they recover damages for expenses they have not yet incurred. This Court should grant summary judgment and dismiss the Fozards' claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:	504.556.5549
Facsimile:	504.310.0279
Email:		kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Ltd.*


**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 25th day of November, 2019.

		*/s/ Kerry J. Miller*
		_____
		**KERRY J. MILLER**