UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14-cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), who submit this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment:

1. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things (Rec. Doc. 2).

2. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence (Rec. Doc. 337).

3. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence (Rec. Doc. 12257).

4. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 (Rec. Doc. 18181).

5. The Complaint was amended multiple times to amend the parties and claims.

1

6. The Fifth Amended Complaint was approved on May 14, 2018 (Rec. Doc. 21334).

7. Following the Fifth Amended Complaint, certain plaintiffs intervened.

8. The Fifth Amended Complaint is the operative complaint in this matter.

9. Junius did not file claims until November 24, 2016 when he was added to the Fourth Amended Complaint.

10. Junius is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence defective Chinese drywall installed in their property located at 6537 Marshall Foch Street, New Orleans, LA 70124 (the "Property")

11. In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.

12. Junius completed and submitted a PPF, SPPF, PFS, and an Owner Disclosure Affidavit. *See* Exhibit A (Depo Exhibits 1-3).

13. The documents were completed under penalty of perjury

14. At the time Junius bought the Property, the alleged defective Chinese drywall was not installed in the Property. *See* Exhibit A (Depo Exhibit 3); *See* Exhibit B: Deposition Transcript of Nathan Junius: 42:10-17.

15. The alleged Chinese drywall was installed in the Property after the Junius purchased the Property in 2006 and following damage incurred by Hurricane Katrina. *See* Exhibit B: Deposition Transcript of Junius: 10:9-21; 42:10-17.

16. Junius lived in the Property between 2006 and 2015 and then Junius completed another residence at 4 Thrush Street that he moved into as his primary residence. *See* Exhibit B: Deposition Transcript of Junius: 9:16-10:11.

17. Junius claims damages for moving costs. Junius moved out of the Property and into Thrush street and alleges he never knew the Property had Chinese drywall during the time he was living in the Property. Therefore, Junius moved out of the Property because of the new residence, and was unrelated to the alleged presence of Chinese drywall. *See* Exhibit B: Deposition Transcript of Junius: 34:2 -21.

18. Junius claims damages for loss of use. However, Junius was not deprived of the use or benefits of the Property during the time he lived in the Property due to the alleged presence of Chinese drywall. *See* Exhibit B: Deposition Transcript of Junius: 34:22 – 37:10.

19. Junius claims diminution in value. In 2009, the Property appraised for $430,000.00. Exhibit A (Depo. Exhibit 3). In November 2015, the Property was listed for sale, and purportedly went under contract for $550,000.00. *See* Exhibit B: Deposition Transcript of Junius: 24:12-18; Exhibit A. Junius was alerted to the possibility of Chinese drywall, which was confirmed by an inspection company. *See* Exhibit B: Deposition Transcript of Junius: 24:23-25:11; Exhibit A. The sale did not close and the Property was remediated. *See* Exhibit B: Deposition Transcript of Junius: 38:1-39:4; Exhibit A. In May 2016, following remediation, the Property was appraised for $595,000.00. *See* Exhibit B: Deposition Transcript of Junius: 81:8-20; Exhibit A. However, the Property was sold by Junius to his friend, and former business partner, Ben Chauffe for $416,500.00 *See* Exhibit B: Deposition

Transcript of Junius: 32:9-33:9; Exhibit A. Junius and Chauffe had an unknown arrangement on the sale and remediation costs because Chauffe did not have money to remediate the Property and was unable to obtain a mortgage on an unfinished property. *See* Exhibit B: Deposition Transcript of Junius: 33:1-22; 58:6 – 59:14

20. The Property was remediated by C& J General Contractors, LLC, a company owned and run by Junius. It was previously a partnership between Junius and a friend, Ben Chauffe. *See* Exhibit B: Deposition Transcript of Junius: 28:5-31:8; Exhibit A (Depo Exhibit 6).

21. Certain alleged remediation costs were due to upgrades, were after the sale from Junius to Chauffe, were addressed to Chauffe, who was involved in the selection of items for the remediation of the Property, and/or were not supported by appropriate proof of payment. *See* Exhibit B: Deposition Transcript of Junius: 38:15-39:23; Exhibit A.

22. Junius did not comply with PTO 1, PTO 1(B), or PTO 1(I), did not retain or present any samples or physical evidence of drywall, electrical components, plumbing components, or any personal property they allege was damaged by Chinese-manufactured drywall. *See* Exhibit A (Depo. Exhibit 1-3).

23. The only evidence presented by Junius in support of their claim in terms of product ID and corrosion are photos of one alleged KPT board. Exhibit A (Depo Exhibit 1-3).

24. Junius failed to provide documentation regarding personal property losses. Furthermore, Junius replaces that were operational at the time of replacement.

4

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**


/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:   504.310.0279
Email:   kmiller@fishmanhaygood.com
Email:   ddysart@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 25th day of November, 2019.


/s/ *Kerry J. Miller*
**KERRY J. MILLER**