UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| This document relates to: <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14-cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Ltd. (the "Knauf Defendants"), who submit this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment:

1. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things.

2. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.

3. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

4. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047.

5. The Complaint was amended multiple times to amend the parties and claims.

1

6. The Fifth Amended Complaint was filed on May 14, 2018.

7. Following the Fifth Amended Complaint, certain plaintiffs intervened.

8. The Fifth Amended Complaint is the operative complaint in this matter.

9. Plaintiff, Toni Macksey ("Macksey") was listed in the original complaint, which was amended multiple times.

10. Macksey is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence defective Chinese drywall installed in their property located at 4321 Lucerne Street, Metairie, Louisiana (the "Property").

11. In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.

12. Macksey completed and submitted a PPF, SPPF, PFS, and an Owner Disclosure Affidavit. The documents were completed under penalty of perjury. Exhibit A (Depo Exhibits 1 – 4).

13. Macksey bought the Property on October 26, 2012. Macksey Transcript at 29:17-31:16; Exhibit A (Depo. Exhibit 5).

14. Macksey was aware the Property was renovated after Hurricane Katrina and that the owner renovated several properties after Hurricane Katrina and was using the Property as a rental. Macksey Transcript at 35:20-36:1; 39:7-40:2

15. Macksey was aware as to the existence of Chinese-drywall in general because prior to the sale of the Property, she was informed the current renters of the Property were living there because their own nearby home was being renovated due to Chinese-drywall. Macksey Transcript at 40:15-41:24.

16. Macksey was also aware of the existence of allegedly defective Chinese-manufactured drywall from the news. Macksey Transcript at 42:15-21.

17. Macksey viewed the Property two separate times and in both instances, she detected a strong odor in the Property and a significant number of air fresheners throughout the Property. Macksey Transcript at 44:19-47:18.

18. The disclosures for the Property issued to Macksey by the sellers had notations for "Y" (Yes) and "NK" (Not Known) under the line for "Contaminated Drywall." Macksey Transcript at 54:9-56:4; Exhibit A (Depo. Exhibit 6)

19. Nonetheless, Macksey did not conduct a Chinese Drywall inspection. Macksey Transcript at 48:22 – 50:20.

20. Notwithstanding the strong odors, the knowledge of the existence and possibility of Chinese drywall, the disclosures alerting her to the possibility of Chinese drywall, and the lack of a Chinese-drywall inspection, Macksey still went forward with the sale and purchased the Property "as-is." Macksey Transcript at 56:5 – 59:3; Exhibit A (Depo. Exhibit 7).

21. Macksey knowingly and voluntarily waived the warranty of fitness and redhibition in the act of sale and addendum. Macksey Transcript at 56:5 – 59:3; Exhibit A (Depo Exhibit 7).

22. Finally, as a subsequent purchaser, Macksey did not obtain any assignment of personal rights from the prior owner. Macksey Transcript at 62:6-14.

23. Macksey moved into the Property in March 2013. After moving into the Property, Macksey alleges that her jewelry tarnished, the evaporator coil was blackened, and the A/C and vents began to blacken. Macksey Transcript at 71:1-75:12; 81:22 - 83:6; 87:1 – 94:1; 217:14-220:4.

24. Macksey alleges within a couple of months, her jewelry tarnished, later appliances failed or malfunctioned, A/C coils needed to be replaced, and the throughout the time she lived there she could still detect a strong odor in the Property. Macksey Transcript at 71:1-75:12; 81:22 -83:6; 87:1 – 94:1; 217:14-220:4.

25. Macksey retained current counsel and she was informed by counsel that INEX supplied her drywall and she identified an alleged KPT board in her attic. Macksey Transcript at 25:11-22; 66:19-68:11.

26. In June 2014, she moved out of the Property and into another residence on 103 Stanton Hall Drive that she owned. Macksey Transcript at 141:12-19.

27. Macksey previously lived in 103 Stanton Hall prior to moving into 4321 Lucerne and Macksey it was not being used for commercial or rental purposes. Macksey Transcript at 32:23-33:11; 64:9-24; 223:11-24.

28. She moved back into 4321 Lucerne in November 2017 after the remediation was completed. Macksey Transcript at 138:7-12.

29. Macksey discarded all personal property items she alleges were damaged due to Chinse drywall in 2014. Macksey Transcript at 190:1-5; 190:23-191:18; 193:5-9; 193:19-24; 195:11-16; 196:5-7; 204:19-205:4; 208:17-22; 210:14-16.

30. Furthermore, Macksey failed to provide invoices or proof of payment for personal property items replaced. Macksey Transcript at 94:4-7; 209:9-14; 222:14-18; 217:14-19; Exhibit A (Depo. Exhibit 16).

31. Macksey also seeks loss of use of $25,000.00 per year but did not submit any evidence in support.

32. Macksey seeks utility and mortgage costs for the Property as well as alternative living expenses for 103 Stanton Hall drive even though both were owned by Macksey and were used as personal, owner-only residences by Macksey. Macksey Transcript at 32:23-8; 64:9-24; 98:8-15; 223:11-24.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:     504.310.0279
Email:           kmiller@fishmanhaygood.com
Email:           ddysart@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 25th day of November, 2019.

                                            */s/ Kerry J. Miller*
                                            **KERRY J. MILLER**