UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY RONALD AND CATHERINE MARTINEZ**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Ronald and Catherine Martinez against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.    Factual and Procedural Background**

    **A.    *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.   On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

**B.     *The Bennett Complaint and the Martinez Plaintiffs***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. Martinez did not file suit in this matter until January 31, 2016. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

The Martinez Plaintiffs are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 6507 Memphis Street, New Orleans, LA 70124 (the "Property"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Martinez completed and submitted a PPF, SPPF, PFS, and an Owner Disclosure Affidavit. The documents were completed under penalty of perjury. *See* Exhibit A.

At the time Martinez bought the Property, the alleged defective Chinese drywall was not installed in the Property. The alleged Chinese drywall was installed in the Property after Martinez purchased the Property in 2006 and following damage by Hurricane Katrina. Martinez lived in the Property between 2006 and 2009, when they completed remediation on their primary residence damaged in Hurricane Kartrina and began using the Property as a rental property. *See* Exhibit B: Deposition Transcript of Ron Martinez: 19:21-21:4. Martinez was aware of Chinese drywall from the news prior to the time they allegedly found Chinese-manufactured drywall in the Property. *See*

Exhibit B: Deposition Transcript of Ron Martinez: 34:2-25:21. During the time they lived in the Property and rented the Property, Martinez allegedly sustained multiple A/C failures in 2009, 2012, and 2013, smell issues, and appliance failures. *See* Exhibit B: Deposition Transcript of Ron Martinez: 27:8-31:7; 37:5-38:23; *see also* Exhibit C: Post-Deposition Discovery Provided. Mr. Martinez is an architect and is familiar in the field of architecture and construction. *See* Exhibit B: Deposition Transcript of Ron Martinez: 15:10 -16:23. In February 2014, Martinez identified a Chinese-drywall marking in his attic. *See* Exhibit B: Deposition Transcript of Ron Martinez: 26:13- 27:21.

After February 2014, Martinez performed a complete remediation of the Property. *See* Exhibit A; *See* Exhibit B: Deposition Transcript of Ron Martinez: 47:22-48:12. Martinez did not comply with PTO 1, PTO 1(B), or PTO 1(I), did not retain any samples or physical evidence of drywall, electrical components, plumbing components, or any personal property they allege was damaged by Chinese-manufactured drywall. *See* Exhibit A; *See* Exhibit B: Deposition Transcript of Ron Martinez: 53:3-20. The only evidence presented by the Martinez Plaintiffs in support of their claim in terms of product ID and corrosion are pictures of a single drywall board. *See* Exhibit A; *See* Exhibit B: Deposition Transcript of Ron Martinez: 50:5-51:1.

Martinez is seeking damages for cost of remediation and utilities, loss of use, and loss of rental income. *See* Exhibit A; *See* Exhibit B: Deposition Transcript of Ron Martinez: 85:6-12. The Martinez Plaintiffs have failed to provide any evidence or testimony regarding the loss of use claim, particularly while actually living in the property.

II.     **Legal Standards**

　　A.     ***Rule 56 Summary Judgment Standard***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[4] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[6] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[7] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[8] "If it appears that

---

[2] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[3] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[5] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[6] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[7] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[8] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[9]

III.  **Argument**

  A.  **Plaintiffs Failed to Comply with PTOs and to Preserve and Present Evidence of Drywall Manufacturers and/or Damages.**

The evidence demonstrates that Plaintiffs did not comply with the requirements of PTO 1, PTO 1(B), or PTO 1(I). On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. Pursuant to PTO 1(B), which was entered in October 2009 prior to the remediation of any of the below claims, the Court stated that Owners were and are required to preserve evidence by following a few basic procedures, including but not limited to:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.[10]

On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence. Courts have routinely dismissed claims for failing to comply with pretrial orders, particularly when compliance involves a necessary element to meet a plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.*P., 735 F.3d 309, 315 (5th Cir. 2013) "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore*, 725

---

[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[10] *Id*. at p. 3; *see also* PTO 1(B).

F.3d at 315 (quot*ing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I) results in prejudice to the defendants because without compliance, a plaintiff cannot establish how, much if any, drywall of a particular manufacturer was or was not installed in the property.[11]

Here, Plaintiffs disposed of the physical drywall, and do not have sufficient photographic evidence to demonstrate how much, if any, KPT drywall was in the Property. Further, Plaintiffs are unable to prove how much drywall was replaced in the Property. This Court has recognized that while Plaintiffs may be able to submit additional evidence, including testimony, such evidence is insufficient to establish product identification in Chinese drywall matters.  Therefore, summary judgment should be granted.

### B. Plaintiffs' Claims are Prescribed or Otherwise are Barred by LPLA.

Martinez's claims are prescribed. As to redhibition, under the discovery rule, prescription does not commence against an alleged manufacturer until the date the injured party discovers or should have discovered the facts upon which his cause of action is based.  La. Civ. Code 2434 (prescription for redhibition); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing  *Corsey v. State Dept. of Corrections*, 375 So.2d 1319, 1321–22 (La.1979)).  The principle does not apply if plaintiff's ignorance is attributable to his own willfulness or neglect. *Id*.  In determining when the plaintiff should have known of the basis for his claim, the focus is on the reasonableness of the plaintiff's action or inaction. *Id*. A plaintiff will be deemed to know that which he could have learned through reasonable diligence. Id. (citing *Hospital Dist. No 1 v. Alas*, 657 So.2d 1378, 1383 (La. App. 5 Cir. 1995).  In sum, if an

---

[11] *See* Rec. Doc. 20930 and Rec. Doc. 20933.

opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses it, and closes his eyes and ears to the notice before him, the law will hold him as bound by the same. *See id*.

Here, Ron Martinez filed a claim on January 31, 2016. Cathy Martinez was not added until she intervened in November 2019 (Rec. Doc. 22357). It is undisputed that Martinez was put on notice of what they allege was Chinese drywall in February 2014 when Martinez saw KPT in his attic. On this basis alone, the claim is prescribed on its face. Furthermore, the undisputed evidence is that Martinez was by their own allegations put on notice of issues in the Property allegedly attributable to Chinese-manufactured drywall when they were living in the Property between 2006 and 2009. During the time they lived in the Property and rented the Property, the Martinez Plaintiffs allegedly sustained multiple A/C failures in 2009, 2012, and 2013, allege respiratory issues while living in the property between 2006 and 2009, and appliance failures. During this time, Plaintiffs knew about the issue of Chinse-manufactured drywall, defective Chinese-drywall was common knowledge in area where the property was located community, and Mr. Martinez was an architect well-versed in updates and issues in the construction field, including the existence of Chinse-manufactured drywall. Further, a pending MDL and Settlement Program was being administered by this Court less than 15 miles from the location of the Property. For these reasons, the Martinez Plaintiffs' claims are prescribed.

As to the remaining claims, under Louisiana law, prescriptive periods are not determined by the label of the cause of action, but are instead determined by the nature of the transaction and the underlying basis of the claim. *Stewart v. Ruston Louisiana Hosp. Co., LLC.*, No. 3:14-0083, 2016 WL 1715192, at *5 (W.D., La. Apr. 27, 2016) ("In determining the prescriptive period for a cause of action, 'Louisiana courts look to the nature of the duty that has been breached.'") (Citing

*Carrier v. Jackson Hewitt Tax Serv. Inc.*, 750 F. Supp.. 2d 694, 704 (E.D. La. 2010)); *Roger v. Dufrene*, 613 So.2d 947 (La. 1993); *see also Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La. 1978) ("Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it."). Therefore, actions that are tort-based claims, including all Louisiana claims in the Fifth Amended Complaint applicable are subject to a one-year liberative prescription period under La. Civ. Code art. 3492. *Manion v. Pollingue*, 524 So. 2d 25 (La. App. 3 Cir. 1988), *writ denied*, 530 So. 2d 572 (La. 1988) (finding tort claim against administrator for breach of fiduciary duty was "delictual action" and one-year prescriptive period. LSA-C.C. art. 3492); *Gad v. Granberry*, 2007-117 (La. App. 3 Cir. 5/30/07); 958 So. 2d 125, *writ denied*, 2007-1336 (La. 9/28/07); 964 So. 2d 364, and *writ denied*, 2007-1361 (La. 9/28/07); 964 So. 2d 365 (finding purchaser's claims against vendor and real estate company for fraud and misrepresentation were delictual actions and subject to one-year prescriptive period); *Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1232, 1237 (fraud and misrepresentation claims were delictual actions and one-year liberative prescription applied); *Williams v. Nexstar Broad., Inc*., 11-887 (La. App. 5 Cir. 4/10/12); 96 So. 3d 1195, 1201 (finding claims for defamation are subject to liberative prescription of one year running from the day injury or damage is sustained); *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 622 (E.D. La. 2013) (breach of contract based on misrepresentation governed by one-year prescriptive period). Like the claims in redhibition, the other Louisiana claims relevant to Martinez are prescribed on their face and should be dismissed with prejudice.

To the extent the claims are not prescribed, they are otherwise barred by the exclusive remedies contained in the LPLA, except as damages in redhibition to the extend damages are

provided for the drywall itself or economic losses. The LPLA, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and explicitly provides that "[a]ttorney's fees are not recoverable under th[e LPLA.]" La. Rev. Stat. §§ 9:2800.52 (LPLA exclusivity) & 2800.53(5) (attorney fees prohibition). "Damage" under the LPLA, however, is a defined term, and it usually does not include "damage to the product itself [or] economic loss." *Id*. § 2800.53(5). Accordingly, the LPLA precludes Plaintiffs' redhibition claim—and, consequently, its entitlement to attorney fees—unless the jury awarded damages to compensate for "damage to [the bolts themselves or] economic loss," which are recoverable in redhibition. *Chevron USA, Inc. v. Aker Mar., Inc*., 604 F.3d 888, 900 (5th Cir. 2010); *see id*. § 2800.53(5); *Aucoin*, 984 So.2d at 691 n. 8; *De Atley v. Victoria's Secret Catalogue, LLC*, 876 So.2d 112, 115 (La. App. 4th Cir. 2004).

### C. No Evidence Supporting Loss of Use.

Plaintiffs lived in the Property between 2006 and 2009 and allege they were unaware of Chinese drywall, and therefore, by own admission were not hindered in their use of the Property. In 2009, they used the Property as a rental unit and the only claims related to the Property after it was used as a rental is an $11,000.00 claim for loss rent for the period of time the Property was under remediation. In terms of loss of use, plaintiffs have not provided any support for the claim whatsoever. Indeed, between 2006 and 2009, plaintiffs indicated they lived comfortably in the Property. Because there is a complete absence of evidence or support for the loss of use claim, summary judgment should be granted in favor of defendants.

### IV. Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as to the Martinez Plaintiffs, the facts do not support any claims against the Knauf Defendants. The Martinez

Plaintiffs cannot substantiate any of the facts forming the basis of the claims against the Knauf Defendants, and there is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

        Respectfully submitted,

        **FISHMAN HAYGOOD, LLP**

        /s/ *Kerry J. Miller*
        **KERRY J. MILLER (#24562), T.A.**
        **PAUL C. THIBODEAUX (#29446)**
        **DANIEL J. DYSART (#33812)**
        201 St. Charles Avenue, Suite 4600
        New Orleans, LA  70170
        Telephone:   504.556.5549
        Facsimile:    504.310.0275
        Email:        kmiller@fishmanhaygood.com
        Email:        ddysart@fishmanhaygood.com

        *Counsel for Defendants,*
        *Knauf Gips KG and*
        *Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 25th day of November, 2019.

        /s/ *Kerry J. Miller*
        **KERRY J. MILLER**