UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14-cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Ltd. (the "Knauf Defedants"), who submit this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment:

1. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things (Rec. Doc. 2).

2. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence (Rec. Doc. 337).

3. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence (Rec. Doc. 12257).

4. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 (Rec. Doc. 18181).

5. The Complaint was amended multiple times to amend the parties and claims.

1

6. The Fifth Amended Complaint was filed on May 14, 2018 (Rec. Doc. 21334)

7. Following the Fifth Amended Complaint, certain plaintiffs, including the Ronald and Maria Natal ("Natal") intervened on September 10, 2018 (Rec. Doc. 21770).

8. The Fifth Amended Complaint is the operative complaint in this matter.

9. The Natal Plaintiffs are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence defective Chinese drywall installed in their property located at 1489 Lakeshore Drive, Slidell, Louisiana (the "Property").

10. In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.

11. The Natal Plaintiffs completed and submitted a PPF, SPPF, PFS, and an Owner Disclosure Affidavit. *See* Exhibit A (Depo Exhibit 1- 4).

12. The documents were completed under penalty of perjury

13. The alleged Chinese drywall was installed in the Property before the Natal Plaintiffs purchased the Property. Exhibit B: Transcript of Ronald Natal at 17:5-12.

14. The Natal Plaintiffs did not acquire and were not assigned or subrogated to any personal rights from the prior owner(s) in the Act of Sale. Exhibit B: Transcript of Ronald Natal at 18:4-10; Exhibit A (Depo Exhibit 4).

15. As early as 2010 Plaintiff became aware of symptoms that could have been attributable to defective Chinese Drywall. Exhibit B: Transcript of Ronald Natal at 35:8-38:1; Exhibit C: Post-Deposition HVAC invoices.

16. Ronald and Maria Natal are owners of a construction business. Ronald Natal is in the business of construction for forty-five years. The Natal Plaintiffs were aware of the existence of Chinese drywall from being in the business and the news. Exhibit B: Transcript of Ronald Natal at 22:5-19; 26:13-27:12.

17. In 2015, the Natal Plaintiffs hired a Chinese drywall inspector. Exhibit B: Transcript of Ronald Natal at 31:11-33:11.

18. The Property was remediated of all alleged defective Chinese drywall and cleared by a third-party inspector. Exhibit B: Transcript of Ronald Natal at 74:2-11; Exhibit A (Depo Exhibit 4).

19. The Natal Plaintiffs did not comply with PTO 1, PTO 1B, or PTO 1(I) in preserving samples or documenting the alleged defective Chinese drywall installed and removed from the Property or any of the building components or personal property allegedly impacted by defective Chinese drywall. Exhibit B: Transcript of Ronald Natal at 47:4-48:25; 52:13-53:22; 76:3-77:3; Exhibit A (Depo Exhibits 2-4).

20. The only evidence presented by the Natal Plaintiffs in support of their claim in terms of product ID and corrosion are pictures of three KPT boards. Exhibit B: Transcript of Ronald Natal at 47:4-48:25; 52:13-53:22; 76:3-77:3; Exhibit A (Depo Exhibits 2-4). *See* Exhibit D: Deposition Transcript of Maria Natal: 19:19-23:4.

21. Natal had a trailer full of the drywall removed from the Property during the remediation. However, it was discarded by one of Natal's workers following the remediation and became known to Natal after December 2018. *See* Exhibit D: Deposition Transcript of Maria Natal: 19:19-23:4.

22. The Natal Plaintiffs are seeking damages for: Cost of Remediation ($72,374) and Loss of Use ($250,000.00). Exhibit A (Depo. Exhibit 4).

23. The Natal Plaintiffs have provided proof of payment for only $3,200.00 of the alleged remediation costs. Exhibit A (Depo Exhibit 4); Exhibit C: Post-Deposition Discovery Provided.

24. The Natal Plaintiffs have failed to provide any evidence regarding their Loss of Use claim.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0279
Email:          kmiller@fishmanhaygood.com
Email:          ddysart@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 25th day of November, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**