UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| --- | --- |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY WICLER PIERRE

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Wicler Pierre pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

I.      **Factual and Procedural Background**

A.      *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

**B.**     ***The Bennett Complaint and Wicler Pierre***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

was amended multiple times to amend the parties and claims.  Wicler Pierre did not file his claims in this lawsuit until November 21, 2016.[2] The operative Fifth Amended Complaint was filed on May 14, 2018.

Wicler Pierre remains a plaintiff in the operative Fifth Amended Complaint is asserting claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in his property located at 1714 NE 6th Street, Boynton Beach, Florida 33435 (the "Property"). Specifically, Plaintiff asserts claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet to be completed by Plaintiffs, setting forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Mr. Pierre completed and submitted a PPF,[3] SPPF,[4] and PFS[5] under penalty of perjury.  Mr. Pierre was deposed on July 8, 2019.

At his deposition, Mr. Pierre explained that he is unaware when the alleged defective Chinese drywall was installed in the Property, but he believes it was installed some time before he purchased the Property in 2007.[6] Mr. Pierre also testified that he learned that Chinese drywall was installed in his property when his neighbors were remediating their properties for Chinese drywall in 2011 and 2012.[7] Further, Mr. Pierre testified that in 2010, an air conditioning repairman told

---

[2] Mr. Pierre appears for the first time in Exhibit A to the Fourth Amended Class Action Complaint, which was filed November 21, 2016.  Doc. 20554-4.
[3] Ex. 1.
[4] Ex. 2.
[5] Ex. 3.
[6] Ex. 4, Depo Tr. at 19:2-20:14.
[7] Ex. 4, Depo Tr. at 27:18-28:25.

him that his fuses had to be replaced because of "the drywall."[8] Mr. Pierre also testified that even before 2011, he was aware that if you "live in a house with Chinese drywall, it make[s] you sick," but Mr. Pierre did not investigate whether he had Chinese drywall in his home at that time because he did not want to pay anyone to investigate for him.[9] Mr. Pierre explained that he did not file a claim in this lawsuit until 2016 because that is when he was "looking for somebody to help me fix my house," but that he "knew about [the drywall] before 2016."[10]

Mr. Pierre seeks damages for loss of use and for personal property damage.  Mr. Pierre, however, Mr. Pierre continues to reside at the Property,[11] failed to provide any evidence or testimony regarding his loss of use of the property and provided no supporting documentation for his personal property damage.

## II.    Legal Standards

### A.    *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the

---

[8] Ex. 4, Depo Tr. at 49:9-21.
[9] Ex. 4, Depo Tr. at 39:21-40:18.
[10] Ex. 4, Depo Tr. at 29:1-4.
[11] Ex. 4, Depo. Tr. at 18:7-11.
[12] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[13] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

movant bears the burden of proof at trial.[14]   However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[15]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[16]   "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[17]   Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[18]   "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[19]

## III.    Argument

### A.    Plaintiff's Claims are Barred by the Statute of Limitations

The purpose of a statute of limitations is to protect defendants against "unexpected enforcement of stale claims" by "cut[ting] off the remedy of a party who has slept on his rights."

---

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[15] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[16] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[17] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[18] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[19] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

*Allie v. Ionata*, 503 So. 2d 1237, 1240 (Fla. 1987). "As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action." *Kelley v. Sch. Bd. of Seminole Cnty.*, 435 So. 2d 804, 806 (Fla. 1983). In Florida, actions founded on negligence and property defects are subject to a four-year statute of limitations. FLA. STAT. ANN. § 95.11(3)(a), (c), (e), (h). Similarly, Plaintiff's claims under FDUPTA and for unjust enrichment and breach of warranty are subject to a four-year limitations period. *Id.* § (3)(f), (k), (p). In the case of a latent defect, the time to file a lawsuit "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." *Id.* § (3)(c).

Here, Mr. Pierre admits that he knew as early as 2010 that the Property contained defective drywall.[20] He also admits that he knew at some point before 2011 that living in a home in which Chinese drywall is installed would cause problems for homeowners and that he was aware in the same year that his neighbors were remediating their homes for Chinese drywall.[21] Mr. Pierre has been on notice since at least 2011 that he has a cause of action for allegedly defective drywall being installed in the Property. Mr. Pierre, however, did not file a claim in this litigation until November 21, 2016—more than four years after he discovered there allegedly was defective Chinese drywall in his home. Mr. Pierre's claims are time-barred.

### B. Plaintiff is Not Entitled to Loss of Use Damages.

Even if he had timely filed his claims, Mr. Pierre would not be entitled to damages for loss of use of the Property. Mr. Pierre has provided no evidence in support of his loss of use claim. The only document he cites as evidence for his loss of use damages is an attachment to his Supplemental Plaintiff Profile form that states, in full:

---

[20] Ex. 4, Depo Tr. at 49:9-21.
[21] Ex. 4, Depo Tr. at 39:21-40:18; 27:18-28:25.

> $275,000 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants.

When asked what he knows about past verdicts in Chinese drywall litigation, Mr. Pierre explained: "I don't remember what I know."[22]

Moreover, what the evidence **does** show is that Mr. Pierre has lived in the Property continuously since he purchased it in 2007.[23] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl.*, 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985). Mr. Pierre has not been completely deprived of use of the Property; he is not entitled to loss of use damages.

### C.  Plaintiff Has No Evidence of Personal Property Damage.

Similarly, even if Mr. Pierre's claims were not time-barred, Mr. Pierre would not be entitled to recover for damage to his personal property, because he provided no support for category of damages. As Exhibit 14 to his Plaintiff Fact Sheet, Mr. Pierre provided a list of ten items of his personal property that he alleges he had to replace due to damage caused by Chinese drywall. Mr. Pierre calculated the total value of these items as $11,600. Mr. Pierre did not, however, provide any documentation to corroborate the value of the items on this list.[24] Nor did Mr. Pierre provide any photos or other documentation showing damage to this personal property.

---

[22] Ex. 4, Depo Tr. at 41:13-20.
[23] Ex. 4, Depo Tr. at 18:7-11.
[24] Ex. 4, Depo Tr. at 48:7-56:5.

In fact, he admits he discarded all the allegedly damaged items.[25] Mr. Pierre further admits that it is only his "assumption" that he had to replace the appliances due to the alleged presence of defective Chinese drywall in his home.[26] There is a complete absence of evidence to support Mr. Pierre's personal property damage claims; those claims should therefore be dismissed on summary judgment.

## IV.    Conclusion

Mr. Pierre's claims in this MDL should be dismissed because they were filed after the expiration of the four-year statute of limitations.  Moreover, even if his claims were not time-barred, Mr. Pierre could not recover damages for loss of use, because he continues to reside in the property, or for damages to personal property, because he has no evidence to support that claim. This Court should grant summary judgment and dismiss Mr. Pierre's claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:      504.556.5549
Facsimile:      504.310.0279
Email:          kmiller@fishmanhaygood.com
Email:          ddysart@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Ltd.***

---

[25] *See id.*
[26] Ex. 4, Depo Tr. at 56:6-17.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 25th day of November, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**