## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | **JUDGE ELDON FALLON** |
| ***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*** | |
| | **MAGISTRATE JOSEPH WILKINSON, JR.** |
| **Case No. 14:cv-2722** | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS ASSERTED BY VASHTI ALETHIA LOCKE-ESBERRY UNDER RULE 37 OR, ALTERNATIVELY, FOR OTHER SANCTIONS

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure as to the claims asserted by Vashti Alethia Locke-Esberry ("Locke-Esberry") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

## I.  Factual and Procedural Background

### A.  MDL 2047 and the Bennett Complaint

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570 at 3-4.

### B.    The Bennett Complaint and Vashti Alethia Locke-Esberry

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. Locke-Esberry appeared as a claimant in the Second Amended Complaint on January 31, 2016. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Locke-Esberry is a plaintiff in the operative Fifth Amended Complaint and has made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in her property located at 962 SW Haas Avenue, Port St. Lucie, Florida 34953 (the "Property").  In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form ("PPF"), Supplemental Plaintiff Profile Form ("SPPF"), Owner Disclosure Affidavit ("ODA"), and Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Locke-Esberry completed and submitted a PPF,[2] SPPF,[3] and PFS.[4] The documents were completed under penalty of perjury. Nearly all information known to the Knauf Defendants about Locke-Esberry is pursuant to these documents.

According to the Warranty Deed submitted by Locke-Esberry in conjunction with the SPPF, she purchased the Property on October 23, 2006. At the time Locke-Esberry purchased the Property, her address was listed as 119 Marine Terrace, Silver Springs, Maryland 20905. According to her brief deposition, this address remains her residence and she has never resided at

---

[2] Attached as Exhibit A.
[3] Attached as Exhibit B.
[4] Attached as Exhibit C.

the subject Property.[5] Additionally, all photographs that have been submitted on behalf of Locke-Esberry indicate that the Property is vacant.

The Knauf Defendants conferred with Plaintiffs' counsel and confirmed an inspection of Locke-Esberry's Property to take place on June 19, 2019. On that date, the Knauf Defendants' inspector arrived at the Property at the confirmed time, but Locke-Esberry was not present to provide access to the Property, nor was a representative on her behalf available. The Knauf Defendants' inspector remained at the Property for four (4) hours waiting to access/inspect the Property, but no representative of Locke-Esberry ever arrived. The inspector eventually left the Property.

Afterwards, on July 12, 2019, Plaintiffs' counsel was questioned as to whether the inspection would be rescheduled. On July 15, 2019, Plaintiffs' counsel requested the inspection be reset and it was then rescheduled for July 24, 2019. The Knauf Defendants confirmed this date and again made their inspector available for an inspection of the Property. However, Plaintiffs' counsel cancelled the inspection on the afternoon of July 23, 2019. Consequently, Locke-Esberry has not allowed the Knauf Defendants to inspect her Property for the purpose of identifying drywall.

The Knauf Defendants have also been unable to depose Locke-Esberry. On July 19, 2019, Plaintiffs' counsel provided by email deposition dates to counsel for the Knauf Defendants, including for Locke-Esberry. Plaintiffs' counsel provided that Locke-Esberry's deposition should take place on Monday, August 5, 2019 at 1:00 pm ET in Tampa, Florida. On July 26, 2019, via email correspondence, Locke-Esberry's deposition was tentatively noticed for that time.[6] Counsel for the Knauf Defendants reserved a location and a court reporter for Locke-Esberry's deposition

---

[5] Deposition of Vashti Alethia Locke-Esberry ("Locke-Esberry Depo.") at 4:22-25, 5:12-17.
[6] *See* July 26, 2019 Notice of Deposition (attached as Exhibit D).

and travelled from New Orleans, Louisiana to Tampa, Florida in furtherance of the deposition. However, Plaintiffs' counsel cancelled the deposition.

On August 27, 2019, Plaintiffs' counsel again provided by email deposition dates to counsel for the Knauf Defendants, including for Locke-Esberry. Plaintiffs' counsel provided that Locke-Esberry's deposition should take place on Wednesday, September 18, 2019 at 10:00 am ET in Maryland. On September 5, 2019, via email correspondence, Locke-Esberry's deposition was noticed for that time.[7] Counsel for the Knauf Defendants reserved a location and a court reporter for Locke-Esberry's deposition and travelled from New Orleans, Louisiana to Bethesda, Maryland in furtherance of the deposition.

Locke-Esberry appeared for her deposition on September 18, 2019 to answer questions concerning the documents she has submitted in support of her claims. However, Locke-Esberry was unable to review those documents such that her deposition could not proceed:

> Q. You previously submitted documents in support of your claims; is that correct?
> A. Yes.
> Q. Are you familiar with those documents?
> A. No. I didn't go through all of them.
> Q. Here you go. This is your copy. You can go ahead and open up that binder and turn to what is Tab 1 in the binder. …
> A. Oh, I forgot my glasses.
> Q. Are you going to be able to read without your glasses?
> A. I don't know. That's a big mistake I made. I forgot them running out of the house.
> …
> [Counsel for the Knauf Defendants]: The deponent, Ms. Alethia, is not able to review the documents we prepared. We reserve our right to move to shift cost[s] for a redeposition. That's all I have.
> [Plaintiffs' Counsel]: Okay. You are done for today.
> …
> (With signature waived, the deposition of ALETHIA LOCKE-ESBERRY, was concluded at 10:47 a.m.)[8]

---

[7] *See* September 5, 2019 Notice of Deposition (attached as Exhibit E).
[8] Locke-Esberry Depo. at 10:11-24, 11:3-12.

Off the record, counsel for Plaintiffs and the Knauf Defendants determined that it would take Locke-Esberry approximately two (2) hours to return to her home to retrieve her prescription glasses, such that her deposition could not proceed at its scheduled time in light of other Plaintiffs' depositions in this matter noticed to begin at 1:00 pm ET that same day. Locke-Esberry tried borrowing her counsel's glasses to review the deposition documents and confirmed that she could not adequately read the documents without her own glasses. Plaintiffs' counsel recommended Locke-Esberry visit a nearby drug store to obtain reading glasses, but Locke-Esberry could not confirm that reading glasses would be sufficient, nor could Locke-Esberry obtain the reading glasses in a timespan that would allow for her to complete her deposition prior to 1:00 pm ET.

Counsel for the Knauf Defendants proposed rescheduling Locke-Esberry's deposition for the following morning, on September 19, 2019, and offered to again procure a court reporter and deposition location. Plaintiffs' counsel could not be available that day due to personal reasons. Counsel discussed the possibility of resuming Locke-Esberry's deposition after the other claimant deposition scheduled that same day. While counsel for the Knauf Defendants expressed concern that no court reporter had been reserved and that it may be difficult to obtain one with such short notice, Locke-Esberry was ultimately unavailable after the other scheduled deposition concluded and Plaintiffs' counsel communicated that he was likewise unavailable. Accordingly, the Knauf Defendants have been unable to adequately depose Locke-Esberry at no fault of their own and have incurred significant cost and expense attempting to do so in good faith.

## II.   Dismissal Pursuant to Rule 37

The court may sanction a party for impeding discovery by failing to appear for deposition and/or failing to respond to a request for inspection.[9] Among available sanctions is the dismissal

---

[9] *See* Fed. R. Civ. P. 37(d)(1)(A).

of the claim.[10] The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations.[11] Dismissal is appropriate when the refusal to comply results from willfulness or bad faith, and is accompanied by a clear record of delay or contumacious conduct.[12]

## III.   Argument

By failing to make her Property available for inspection, failing to appear for her first-noticed deposition, and appearing unprepared to give testimony at her second-noticed deposition, Locke-Esberry is obviously delaying discovery and disrupting the course of litigation. The Knauf Defendants therefore ask the Court to exercise its inherent power to impose sanctions.[13] The sanction of dismissal for Locke-Esberry's claims is appropriate in this case for several reasons.

Locke-Esberry's lack of cooperation with discovery is willful, and such willfulness warrants dismissal. The Knauf Defendants have attempted to inspect Locke-Esberry's Property on two separate occasions, to no avail. The Knauf Defendants have been similarly unsuccessful in deposing Locke-Esberry, despite twice traveling outside of the state in furtherance of that task and incurring significant costs.

The sanction of dismissal is not excessive under the circumstances, will ensure compliance with the rules, and will deter future violations by other plaintiffs in this action.[14] Additionally, dismissal is warranted as the Knauf Defendants cannot properly or fairly defend against Locke-Esberry's claims without being able to depose her or inspect her Property.

---

[10] *See* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (stating that the court can issue an order "dismissing the action or proceeding in whole or in part" for failure to comply with discovery).

[11] *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

[12] *Coleman v. Evans*, No. 09-1067, 2010 WL 5105177, at *1 (M.D. La. Dec. 9, 2010).

[13] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).

[14] *See Radford v. Red Jacket Firearms, L.L.C.*, No. 11-561, 2013 WL 636731, at *1 (M.D. La. Jan. 31, 2013), *report and recommendation adopted*, No. 11-561, 2013 WL 636727 (M.D. La. Feb. 20, 2013) (holding dismissal of claims appropriate pursuant to Rule 37).

Accordingly, Locke-Esberry's continued failure to be deposed threatens to interfere with the "rightful decision" of the case so that the Court cannot be confident that the parties will ever have access to the true facts.[15] As long as Locke-Esberry fails to participate, and as long as she remains a party to this lawsuit, the Knauf Defendants have no means by which to discover essential facts needed to defend against her claims. If essential and discoverable facts are withheld, the Court cannot have confidence that its ultimate decision relies upon all of the facts.

Locke-Esberry's failure to cooperate substantially prejudices the Knauf Defendants.[16] The Knauf Defendants have incurred costs for compensation of their inspector, payment of attorneys' fees, travel expenses, and retention of court reporters and office space for depositions. The discovery deadline is now quickly approaching, and the Knauf Defendants are faced with the added difficulty of trying to schedule Locke-Esberry's deposition and inspection in the midst of wrapping up all other discovery.

Locke-Esberry has continuously failed to participate in this action and will continue to cause unnecessary delays and expenses while prejudicing the Knauf Defendants. Therefore, Locke-Esberry's claims should be dismissed. Alternatively, this Court should impose sanctions it deems appropriate under the circumstances.

## IV.    Conclusion

Based on Locke-Esberry's failure to comply with discovery in MDL 2047, the Knauf Defendants request this Court dismiss Locke-Esberry's claims with prejudice pursuant to Rule 37 or, alternatively, to sanction Locke-Esberry as it deems appropriate.

---

[15] *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (plaintiff's claims were dismissed because plaintiff's refusal to cooperate with discovery damaged integrity of discovery process and the court could not proceed based upon true facts).

[16] *See Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir.1985); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46TH Floor
New Orleans, LA  70170
Telephone:    (504) 556-5549
Facsimile:    (504) 310-0275
Email:          kmiller@fishmanhaygood.com
Email:          pthibodeaux@fishmanhaygood.com
Email:          ddysart@fishmanhaygood.com

***Counsel for the Knauf Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served via electronic mail on all counsel of record this 25th day of November, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**