UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| **This document relates to:** <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY CLAYTON AND DEBRA THOMAS
<u>AND FOR SANCTIONS</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure as to the claims asserted against them by Clayton and Debra Thomas in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.   Factual and Procedural Background**

    **A.**   *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

**B.**     ***The Bennett Complaint and the Thomases***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

was amended multiple times to amend the parties and claims. Clayton and Debra Thomas (the "Thomases" or "Plaintiffs") did not file their claims in this lawsuit until leave was requested to file the Fifth Amended Complaint on March 6, 2018.[2] Leave to file that complaint was granted on May 14, 2018.[3]

In the operative Fifth Amended Complaint, the Thomases are asserting claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 32793A Waterview Drive East, Loxley, AL 36551 (the "Property"). Specifically, Plaintiffs assert claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of the Alabama Deceptive Practices Act. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form ("PPF"), Supplemental Plaintiff Profile Form ("SPPF"), and Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs, setting forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Thomases completed and submitted a PPF,[4] SPPF,[5] and PFS[6] under penalty of perjury.

The Thomases purchased their home from Lauren C. Cowart on August 26, 2016, in an "as-is" sale.[7] Lauren Cowart herself previously asserted claims against the Knauf Defendants arising out of alleged contamination of the Property due to the presence of Chinese drywall, in *Paul Beane, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al.*, No. 13-609 (E.D. La.).

---

[2] The Thomases appear for the first time in Exhibit A to the Fifth Amended Class Action Complaint, for which leave to file was requested on March 3, 2018. Doc. 21234-3.
[3] Doc. 21332.
[4] Ex. 1.
[5] Ex. 2.
[6] Ex. 3.
[7] Ex. 3, PFS, at pp. 1-2, *see also* Warranty Deed attached to Ex. 2

However, this Court ultimately held that Ms. Cowart, and her husband who had deeded the Property to her, could not recover a settlement from the Knauf Defendants because they had failed to make a reasonable inquiry regarding the presence of Chinese drywall when they purchased the property.[8] Because Ms. Cowart and her husband "took a calculated risk and purchased a property in 'as is' condition in an area known to have a multitude of Chinese drywall properties," this Court held that "a reasonable inquiry was not made," and therefore Ms. Cowart and her husband were "not entitled to recover under the Settlement Agreement Regarding Post-December 9, 2011 Claims."[9]

The Thomases deposition was noticed for November 22, 2019.[10] However, shortly before the deposition was set to begin, counsel for the Thomases notified counsel for the Knauf Defendants that the Thomases would not be appearing for their deposition, and should instead be dismissed as plaintiffs, because they have sold the Property and did not retain any rights or causes of action in the sale. Counsel for the Knauf Defendants has proposed a joint stipulation of dismissal to counsel for the Thomases but have received no response.[11] The Knauf Defendants are therefore filing this Motion out of an abundance of caution.

## II. Legal Standards

### A. *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[8] Doc. 20934.
[9] *Id.*
[10] Ex. 4, Notice of Deposition.
[11] Ex. 5, E-mail from Rebekka Veith to Jimmy Doyle and attachment.

matter of law."[12]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[14]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[15]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[16]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[17]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[18]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[19]

---

[12] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[13] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[15] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[16] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[17] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[18] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[19] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d

**III.     Argument**

    **A.     The Thomases' Claims, Like Their Predecessors', are Barred by Assumption of the Risk.**

The Thomases purchased their home from Lauren C. Cowart on August 26, 2016.[20] Two months earlier, on June 18, 2016, Special Master Daniel J. Balhoff issued an "Opinion and Decree" recommending that Ms. Cowart (then known by her maiden name, Cortelyou) and her husband, Daniel Cowart, should not receive benefits from a Settlement Agreement with the Knauf Defendants, because Mr. Cowart had failed to make a reasonable inquiry into the presence of reactive Chinese drywall in the Property.[21] Ms. Cowart, who had received the Property from her husband, could not have rights greater than his, and there was also no evidence that she had conducted a reasonable inquiry herself.[22] This Court approved of the Special Master's recommendations in an Order and Reasons dated August 29, 2017, one year **after** the Thomases purchased the Property.[23] The Court noted that Mr. Cowart "took a calculated risk and purchased a property in 'as is' condition in an area known to have a multitude of Chinese drywall properties."[24]

Although the Thomases claims are governed by Alabama law rather than the Settlement Agreement, the same principles apply here to preclude their recovery. Specifically, under Alabama law, the Thomases' claims are barred because they assumed the risk that they were purchasing a home that might contain reactive Chinese drywall. A plaintiff assumes the risk if reasonable

---

1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[20] Warranty Deed With Survivorship Clause, attached to Ex. 4, SPPF.
[21] Doc. 20373-1.
[22] *See id.*
[23] Doc. 20934.
[24] *Id.*

persons would conclude that the plaintiff knew of and appreciated the risks involved in their conduct. *See Ex parte Barran*, 730 So. 2d 203, 206-07 (Ala. 1998). "[I]f reasonable persons must draw the same conclusion, then whether the plaintiff has assumed the risk becomes a question of law for the court," and summary judgment is appropriate. *Ex parte Barran*, 730 So. 2d 203, 206 (Ala. 1998).

Here, like the Cowarts, the Thomases purchased a property in "an area known to have a multitude of Chinese drywall properties." Like the Cowarts, the Thomases purchased the property "as is" and did not obtain a pre-purchase inspection "into whether Chinese-manufactured drywall is present in" the Property.[25] Moreover, when the Cowarts purchased the Property, the Special Master's Opinion and Decree acknowledging that the Property contained reactive Chinese drywall, and the Cowarts' objection thereto, already existed in the public record.[26]

The Thomases' failure to perform even the barest investigation to determine whether reactive Chinese drywall was present constitutes willful blindness, and therefore imputes "actual knowledge" of the presence of reactive Chinese drywall to the Thomases. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 564 U.S. 754, 766 (2011) (explaining, in a holding applying the willful blindness doctrine to civil lawsuits for patent infringement that parties who behave with willful blindness "are just as culpable as those who have actual knowledge"); *see also Haynes v. State*, 335 So. 2d 203, 205 (Ala. Crim. App. 1976) (under Alabama law, explaining that it was willful blindness when the purchaser of a stolen vehicle failed to examine the VIN numbers, because "as a dealer in auto salvage," the purchaser was "in an area where pilferers seek out witting or unwitting fences"). Reasonable persons must draw the same conclusion: that the Thomases

---

[25] *See* Ex. 1, PPF. The only "inspection into whether Chinese-manufactured drywall is present" in the Property.

[26] Docs. 20373, 20373-(1). The Cowarts filed their objection, and attached as an Exhibit the Opinion and Decree, on July 16, 2016.

willfully shut their eyes to the probability that their home could contain reactive Chinese drywall. Summary judgment dismissing the Thomases' claims against the Knauf Defendants is appropriate.

### B. The Knauf Defendants are Entitled to Sanctions Pursuant to Federal Rule of Civil Procedure 37.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may order sanctions if a party "fails, after being properly serviced with proper notice, to appear for that person's deposition." Those sanctions can be in the form of payment of "the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. PROC. 37(d)(3) *see also Urband & Lazar Music Publishing, Inc. v. Carter*, No.08-3566, 2010 WL 11541701, at *2 (E.D. La. Mar. 22, 2010) (awarding reasonable fees and costs for failure to appear at a deposition and remanding to magistrate judge for a determination of the amount). Here, the Thomases' deposition was noticed for November 22, 2019, and minutes before that deposition was set to commence, counsel for the Knauf Defendants learned that the Thomases had sold the Property and would therefore not be appearing for their properly noticed deposition. Therefore, the Knauf Defendants request an award of the reasonable fees and costs associated with the Thomases' failure to appear for their deposition.

### IV. Conclusion

The Thomases should be dismissed because their attorney has represented that they are not the proper parties to bring claims for damage to the Property. Even if, however, that were not the case, the Thomases' claims should be dismissed because they assumed the risk, through their willful blindness, that the Property they purchased might contain reactive Chinese drywall. Just like the sellers from whom they purchased the Property, the Thomases should be barred from recovering from the Knauf Defendants.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
_____
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:	504.556.5549
Facsimile:	504.310.0279
Email:		kmiller@fishmanhaygood.com
Email:		ddysart@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plastboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 26th day of November, 2019.

*/s/ Kerry J. Miller*
_____
**KERRY J. MILLER**