UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL *AMORIN* & *BROOKE* CASES | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' OBJECTION TO PROPOSED TAISHAN CLASS SETTLEMENT**

The following objection is being lodged by the undersigned counsel on behalf of all Plaintiffs affected by the terms contained in the proposed Taishan Class Settlement (hereinafter "Settlement Proposal"), including the allocation plan, that is the subject of this Court's fairness hearing scheduled for December 11, 2019. This filing is intended to focus the Court on the flaws in the structure of the Settlement Proposal that should prevent it from granting approval in its current form.

As a preliminary matter, it should be mentioned that this Settlement Proposal is not intended to be a Rule 23(a) or 23(b) certification of one individual class action pending in MDL-2047; rather; this Settlement Proposal was crafted utilizing Rule 23(e) of the Federal Rules of Civil Procedure (hereinafter "Rule 23(e)") to include all pending "Amorin" actions, all pending "Brooke" actions, and absent class members' claims that choose to register and participate.

Ultimately, this Court has three options in this situation: 1) approval; 2) disapproval; and, 3) imposition of conditions. This court cannot rewrite the agreement. *Hanlon v. Chrysler Corp.*,

150 F.3d 1011, 1026 (9th Cir. 1998) ("The settlement must stand or fall in its entirety."); *but cf. In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648, 2001 WL 170792, at *18 (S.D.N.Y. Feb. 22, 2001(conditioning approval of a settlement on parties adopting changes specified by the district court). So, the Court should examine the terms of the deal and determine whether it meets the necessary legal standard for approval.

This Court should first look to the terms of the executed Settlement Agreement (hereinafter "Agreement") for the intent of the parties when considering this Rule 23(e) Proposed Settlement. It has been filed into the Court's docket and labeled as Document 22305-2. The Agreement reflects the Taishan Defendants' desire to settle all claims with certain markings identified in the Court's product identification catalog defined as "Covered Chinese Drywall." (Section 1.12 of Doc. 22305-2). The Agreement also states that, "Taishan and the Additional Released Parties do not admit any wrongdoing or liability in the lawsuits despite defaults entered in the Court. The Agreement is to be construed solely as a reflection of the Parties' desire to facilitate a resolution of the litigation and of the released claims." (Section 18.2 of Doc. 22305-2). There are no terms in the Agreement defining certain claims as either superior or inferior to others deserving of a different monetary allocation (other than the class representatives specifically named). There are absolutely no distinctions anywhere in the terms of the proposed deal ratified by the parties regarding the settling claims. All claims in the universe of claims included in this Settlement Proposal relate to structures owned by the plaintiffs containing defective drywall manufactured by the Taishan Defendants. All Covered Chinese Drywall claims are similarly situated for the purpose of this Proposed Settlement.

The negotiating attorneys defined the universe of claims to be included and then deferred to an individual, an "Allocation Neutral" named Calvin Mayo, to develop an allocation model for

distribution of settlement funds. Mr. Mayo undertook the assignment, crafted a model utilizing his judgment, and completed a report with his proposed allocation model which has been filed with this Court as Document 22304-1. The problem with Mr. Mayo's model is that it includes and relies upon disparate treatment of plaintiffs with similar claims.

Mr. Mayo's proposed allocation model utilizes three primary factors to determine the monetary allocation for each claim: 1) adjusted under air square footage of the affected property; 2) the identity of the filed lawsuit containing the claim ("Amorin," "Brooke," or unfiled "New Claims"); and, 3) Product Identification (Covered Chinese Drywall defined in Section 1.12 of the Agreement) segregated into "Buckets," with each factor incorporating various reduction multipliers (Doc. 22304). Again, this is disparate treatment of similarly situated claims.

For the purpose of this settlement, it is immaterial whether a plaintiff's drywall has DUN, Venture Supply, or any other Taishan marking on it. It is equally immaterial whether a claim was filed into an *Amorin* or *Brooke* complaint. No distinction exists in the Agreement regarding product identification or the date a lawsuit was initiated against the Taishan Defendants. The predominance of individual issues in the Mayo Allocation Model such as date of filing or product markings has no place in this type of Rule 23(e) class settlement.

The Mayo Allocation Model specifically rejects other factors such as ownership status and remediation status that are natural and obvious distinctions in the universe of Covered Chinese Drywall in favor of perceived merit-based approach based on timing of claim filing. That's not what the parties intended in the Agreement and this Court should reject this approach. Treating similarly situated class members differently is grounds for this Court to reject the Mayo Allocation Model and Objecting Plaintiffs urge the Court to do so. In addition, the methodology is unfair to *Brooke* and absent class members.

Utilizing Rule 23(e) to settle an assortment of pending actions triggers certain requirements and limitations on a court in its role to ensure that the settlement terms are fair, reasonable, and adequate. In its gatekeeper role, this Court must review the terms of this Agreement for issues such as: 1) the advantages of the proposed settlement versus the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members; 2) the comparison of the results achieved for individual class members by the settlement or compromise and the results achieved or likely to be achieved for other claimants pressing similar claims to a trial; and, 3) the fairness and reasonableness of the procedure for processing individual claims under the settlement.  *See In re Prudential Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 316-24 (3rd Cir. 1998).  In determining the weight accorded these and other factors, this Court should consider whether the settlement amount is much less than the estimated damages incurred by members of the class as indicated by preliminary discovery or other objective measures.

The estimated damaged can be easily projected for this Court.  The master spreadsheet for this Settlement Proposal contains the identity of all plaintiffs with claims filed in *Amorin* and *Brooke* complaints. (Doc. 22355-1).  This document provides this Court with the street address, under air square footage, and ownership status of each affected property.  This Court is also in possession of historical cost data for the remediation program utilized in the KPT settlement agreements beginning in 2011.  By applying the historical average remediation cost per square foot for each zip code to the affected properties in this Settlement Proposal, this Court can project the estimated damages for the entire settlement class.  The required settlement fund is substantially more than the $248 million the Settlement Proposal provides; consequently, this Settlement Proposal is inadequately funded.

With regard to the Court's comparison of the results for claimants participating in this Settlement Proposal versus the likely outcome of those pressing their claims to trial, this Court needs to look no further than the remediation damage projections for affected properties listed on the master spreadsheet for *Amorin* plaintiffs. Because a default class was certified in *Amorin*, only damages trials were necessary to define their recovery for all legal claims, including living expenses, personal property damages, loss of use/enjoyment, and statutory attorneys' fees and case expenses. Reasonableness of this Settlement Proposal depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims.

The Settlement Proposal before this Court provides those same *Amorin* plaintiffs with less than half (50%) the cost of remediation once attorneys' fees are deducted. *Brooke* plaintiffs are due to recover less than 10% of the cost of remediation if the Mayo Allocation Plan is adopted. In this respect, the Settlement Proposal is wholly inadequate compared to the recovery through damages trials. In addition, the Settlement Proposal is unreasonable because it is substantially unresponsive to the settlement class' primary goal – seeking to recover enough monetary damages to fix their respective homes. Not one plaintiff will recover enough money to fully fund the remediation of their home utilizing this Court's defined remediation protocol if this Settlement Proposal is approved.

For the foregoing reasons, the undersigned respectfully requests that this Court consider the issues identified herein and disapprove the Settlement Proposal as inadequate, unreasonable, and unfair to the settlement class.

Submitted on this 27th day of November 2019.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-332-1362
jimmy@doylefirm.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Objection To Proposed Taishan Class Settlement has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 27th day of November, 2019.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 205-332-1362
jimmy@doylefirm.com

*Attorney for Plaintiffs*