Kenneth Randal and Alicia Doherty

4080 Walter Moore Rd

Chunchula, AL, 36521

(251)-455-1734 / (251)-455-1718

totalrecon1@att.net

MDL No. 2047

To whom it may concern,

    This letter is to inform you of our objections to certain aspects of the settlement offer that has been presented to us. Two of our objections apply to a specific subset of the class and one objection applies to the class as a whole. We would also like to make you aware of our willingness to appear in person at the fairness hearing if our attorney, Jimmy Doyle is available.

    Our first objection concerns the adjustment made to our total offer on the grounds of product identification. Our home contains the drywall with the makings "meet or exceed".  As a result of our markings, our settlement amount has been reduced by 25 percent, We are in disagreement with the penalty because court records indicate that Taishan agreed to being the responsible party in the manufacturing of the product containing the words "meet or exceed". It is the product identification markings that contain the slight variation of "meets" that they deny manufacturing. We have included court documents from the United States District Court Southern District of Florida. Case 1:11-cv-22408-MGC Document 233 entered on FLSD docket #04/08/2019 page 8 and 9. This is the Special Masters Report and Recommendation regarding product ID

categories attributable to Taishan defendants. This court document states that " The Taishan defendants do not deny that they manufactured products with some of the makings in this category, specifically those reflected in photos # 18,19, and 21. The markings mentioned in this statement are the same markings that are on the drywall in our home. Because Taishan admits to the manufacturing of our drywall, we do not see a reason that we should be penalized by the reduction that was applied to our settlement in the allocation model. We feel that being penalized 25 percent of the total amount is an unfair reduction when our particular markings are not in question by the defendants. This deduction will greatly effect the amount of funds awarded and ultimately effect our ability to remediate our home.

   Our second objection is to the deduction of previous funds received for Chinese Drywall claims. A deduction in the amount of $16,169.22 has been made for monies previously received.The evidence we submitted for this claim, was for losses of household items such as electronics and repairs over the years on things such as our Air conditioning units. None of the eligible items concerned the actual remediation of our home because we were instructed that this was only for money we had already spent. Our home has not yet been remediated therefore no funds were used for remediation. It is our understanding that these funds were only meant to compensate us for losses already incurred as a result of the defective drywall and not for the future cost of remediation. Therefore, we do not believe that this amount should be subtracted from any amount awarded that is needed for remediation costs.

   Our third and final objection is to the attorney fees being subtracted from the total settlement to cover the cost of court-approved attorney fees. While we are aware that

our attorneys have worked diligently for years on our behalf and have earned their fees, we do not believe that this amount should come from the settlement funds that are intended to cover the cost of the remediation of our home.We are of the belief that this should be a separate amount paid by Taishan and in no way should it effect the amount awarded to us for remediation. The total amount that has been presented to us as our "gross allocation estimate" is not enough to compensate us properly for what our total expenses will ultimately be. The Federal Court Authorized Notice sent to us indicates that " the allocation amount is intended to provide compensation for remediation damages as well as other losses , which include loss of use and enjoyment, lost equity" etc. The amount presented to us will not come close to covering the costs incurred for moving out of our home, alternate housing and remediation expenses. The only way this settlement will come close to providing the money needed to undertake the huge task of remediation to our home, is if the court sees fit to honor the changes we have requested.

    We appreciate the courts time to review our concerns and objections and we hope there is an end to this long journey in the near future.

                                          Thank you in advance,

                                          Kenneth Randall and Alicia Doherty

*Kenneth Randall Doherty*

*Alicia Doherty*