# EXHIBIT 41

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:11-CV-22408-MGC

EDUARDO AND CARMEN AMORIN, *et al.*,
Individually, and on behalf of all others
similarly situated,

    Plaintiffs.

v.

TAISHAN GYPSUM CO., LTD. f/k/a
SHANDONG TAIHE DONGXIN CO., LTD.,
TAIAN TAISHAN PLASTERBOARD CO., LTD., *et al.*,

    Defendants.

_____/

## SPECIAL MASTER'S SECOND REPORT AND RECOMMENDATION REGARDING DEFENDANTS' CONTESTS AND SET-OFFS[1]

**THIS CAUSE** having come before Special Master Tiffani G. Lee for hearing on April 10-11, 2019, on Defendants' contests and setoffs to the Plaintiffs' property damage claims, and the Special Master having reviewed the parties' briefs, heard argument by the parties' counsel, and being otherwise advised in the premises, it is

**FOUND AND RECOMMENDED** as follows:

**I.   BACKGROUND**

The relevant background information included in the Special Master's First Report and Recommendation Regarding Defendants' Contests and Setoffs (ECF No. 266) is incorporated by reference.

---

[1] The Special Master issued her First Report and Recommendation Regarding Defendants' Contests and Setoffs (ECF No. 266) on May 3, 2019. This Second Report and Recommendation addresses four contests - specifically Contests C, N, O, and Q – that were not addressed in the First Report and Recommendation.

## II. DISCUSSION/ANALYSIS

### a. Contest "C" – Plaintiffs Purchased with Knowledge of Chinese Drywall in Affected Property.

The Taishan Defendants argue that the Special Master should exclude from the remediation damages formula process the claims of three plaintiffs who admitted on their SPPFs that they purchased an affected property with knowledge that it contained Chinese drywall. *See* Defendant Taishan's Brief on Contests and Setoffs ("Taishan Defendants' Brief") dated April 2, 2019, at 16-17.[2] BNBM joins in the objection as to these three claims. BNBM also asserts that with respect to three other claimants who left the "knowledge" field blank on the SPPF, that blank should be construed against those Plaintiffs as an admission that they purchased the subject property with knowledge of Chinese drywall.

Defendants assert that these plaintiffs – so-called open-eyed purchasers – "cannot claim to have suffered any damage" from that known defect and, thus, are not entitled to remediation damages or any other kind of damages. *See Id.* at 16 (citing *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336 (S. D. Fla. 2007), *Sweeney v. Kimberly-Clark Corp.*, No. 8:14-cv-3201-T-17EAJ, 2016 U.S. Dist. LEXIS 21141, at *17-18 (M. D. Fla. Feb. 22, 2016)). They contend that, at a minimum, there is a fact question about the extent and consequences of each claimant's knowledge of Chinese drywall.[3]

---

[2] The "Taishan Defendants" are Defendants Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.

[3] As one example, Defendants note that Plaintiff Phillip Coratti (claim #260) purchased an affected property in late 2010. He admitted knowing it contained Chinese drywall and purchased it for $175,000 – 75% less than the property's 2007 sale price of $725,000. *See* Taishan Defendants' Brief at 16; Defendants' Exhibits 20, 21. Under the remediation damages formula, Mr. Coratti would receive $209,616 in remediation damages. Defendants assert that he will later ask the Court to award him more than $200,000 in additional damages in individual proceedings. They contend that given the $550,000 discount he got for the property because of the Chinese drywall and the

2

#67024824_v1

Plaintiffs argue that this objection is outside the scope of Judge Cooke's permissible challenges – to Product ID, Ownership Verification, and Square Footage – and therefore not before the Special Master. They further argue that the claimants identified by the Taishan Defendants were either unaware of the full extent of necessary remediation or received conflicting information about whether the property contained Chinese drywall. *See* Plaintiffs' Omnibus Response to Defendants' Final Contests and Requests for Setoffs Regarding the Calculation of Remediation Damages for the Florida *Amorin* Plaintiffs ("Plaintiffs' Omnibus Response") dated April 8, 2019, at 14-15. With respect to the additional three claimants identified by BNBM, Plaintiffs argue that two of the claimants have amended their SPPF and answered "no" to the question, and the other one answered the question but the form was not uploaded correctly. *See* Plaintiffs' Omnibus Response at 16-17.

Given that amended SPPFs have been filed for the three additional claimants challenged by BNBM, there is no basis to exclude these claims based on Contest C. Further, to the extent the Defendants are essentially asserting an affirmative defense or defense akin to the implied assumption of the risk, such defenses have been waived by their defaults. *See generally Tillman v. C.R. Bard, Inc.,* 96 F. Supp. 3d 1307, 1353 (M.D. Fla. 2015) (discussing the affirmative defense of implied assumption of risk in a products liability action based on strict liability); *West v. Caterpillar Co., Inc.*, 336 So. 2d 80 (Fla. 1976) (holding that manufacturer may be held liable under theory of strict liability in tort for injury to a user of product or to a bystander and contributory negligence or comparative negligence are defenses in strict liability action).[4]

---

need to remediate, he cannot recover the full slate of damages available to differently situated plaintiffs. *Id*. They assert that this is double-dipping. *Id*. at 17.

[4] Defendants imply that claimants such as Mr. Coratti were unreasonable in purchasing properties they knew contained Chinese drywall. Under Florida law, that is a valid defense. *See West,* 336

3

#67024824_v1

Defendants should not be allowed to use the contests process to argue defenses or affirmative defenses that were not timely asserted.[5]

### b. Contest "N" -- Plaintiffs Whose Subject Properties Were Remediated By Another Person or Entity Have No Remediation Damages to Recover.

Defendants argue that the Special Master should exclude from the remediation damages formula process 417 claims with properties that were remediated by another entity, most often Knauf or a homebuilder.[6] They contend that those claimants have no actual remediation injury and that Florida law precludes recovery where a plaintiff did not expend money or otherwise suffer damages. *See* Taishan Defendants' Brief at 33 (citing *MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 224 (Fla. 2008); *Deauville Hotel Mgmt. LLC v. Ward,* 219 So. 3d 949, 954 (Fla. 3d DCA 2017)). Further, even if a claimant whose property was remediated by another did pay some remediation costs, Defendants assert that the claimant should be entitled to damages only for their actual incurred costs. *See Id.* at 34.

Plaintiffs argue that this objection is outside the scope of Judge Cooke's permissible challenges – to Product ID, Ownership Verification, and Square Footage – and therefore not before the Special Master. Notwithstanding that argument, Plaintiffs assert that payments made by Knauf, homebuilders, installers and insurers for remediation of the affected properties are accounted for by the setoffs. *See* Plaintiffs' Omnibus Response at 48. Finally, with no cited legal

---

So. 2d at 89; *Tillman*, 96 F. Supp. 3d at 1353. Here, however, that defense has been waived by the Defendants' defaults.

[5] The *Prohias* and *Sweeney* cases cited by Defendants (*See* Taishan Defendants' Brief at 16) were decided on motions to dismiss or for summary judgment. Those cases involved plaintiffs attempting to assert FDUTPA claims based on a price premium or price inflation theory. The courts determined the plaintiffs lacked standing.

[6] Defendants cite to claim file indicia that someone other than the plaintiff paid the remediation costs, including self-reporting on the SPPFs, sources of setoff claims, and their independent file review.

4

#67024824_v1

authority, Plaintiffs assert that "absent an assignment to a third party, the fact that someone other than the named claimant paid for the remediation does not disqualify the claimant from an award of remediation damages." *See* Plaintiffs' Omnibus Response at 47. The Special Master disagrees.

This Court already found that "Plaintiffs who have **completely remediated** may only recover the ***actual cost of remediation***." *See* Trial Plan (ECF No. 112) at 6 n.1 (emphasis added).[7] Consistent with that finding, the Special Master agrees with Defendants that a claimant whose property has been completely remediated by another *at no cost to the claimant* should not receive remediation damages through the formula process because they have no actual costs to recover. Such a recovery would amount to a "windfall" to these claimants rather than compensatory damages, which Florida law precludes. *See, e.g., Amtrak v. Rountree Transp. & Rigging,* 286 F. 3d 1233, 1244 (11th Cir. 2002) (Florida law prohibits windfalls); *Deauville Hotel*, 219 So. 3d at 954 (rejecting recovery for value of a ballroom rental where the plaintiff-couple did not pay for the rental and, instead, it was included as part of the food and beverage contract).[8]

Plaintiffs note that several of the claims subject to Contest "N" involve situations where the parties entered into a subrogation or reimbursement agreement and/or Plaintiff has an obligation to pursue the claim. *See* Plaintiffs' Omnibus Response at 48. If that is the case,

---

[7] The parties dispute the remediation status given to several of the claims. Defendants note that Plaintiffs or Plaintiffs' counsel changed the remediation status from "completely remediated" to "partially remediated" after this Court's finding that claimants who have completely remediated may only recover the actual cost of remediation. *See* Taishan Defendants' Brief at 30-31. Plaintiffs counter that remediation status must be determined by the *Germano* protocol and not any individual plaintiffs' subjective belief. *See* Plaintiffs' Omnibus Response at 44-45. The Special Master will resolve all disputes regarding remediation status in the final Report and Recommendation.

[8] A claimant whose property has been completely remediated by another *and who paid some of the remediation costs* should be entitled to remediation damages measured by the actual incurred costs, not the remediation formula.

5

#67024824_v1

evidence of the subrogation or reimbursement agreement should be in the claim file in the BrownGreer Portal and a notation should be made on the Plaintiffs' property damages worksheet. Plaintiffs also note that several of the claims subject to Contest "N" involve claims by condominium associations. *See Id.* at 49. Claims in these two subcategories should be separately reviewed to determine the effect of the subrogation or reimbursement agreement and to confirm that the condo associations (or their unit owners) are not seeking a double recovery. Final determinations regarding these subcategories of claims will be addressed in the final Report and Recommendation.

### c. Contest "O" -- Plaintiffs Whose Claimed Diminution in Value Is Less Than the Amount Requested Under the Remediation-Damages Formula.

Defendants argue that the Special Master should exclude from the remediation damages formula process 212 claims where the self-reported diminution in value of the subject property is less than the amount to be recovered under the formula. They assert that under Florida law, diminution in value of a property must be the operative measure of damages when it is less than the repair costs. *See* Taishan Defendants' Brief at 34-35 (citing *Santa Rosa Golf Assocs., Inc. v. Haraway*, 998 So. 2d 1166, 1167 (Fla. 1st DCA 2008) (holding that trial court could not adopt both the cost of repairs and the diminution in value as the measure of damages)). According to Defendants, whether a claimant's diminution in value calculation is accurate under Florida law must be adjudicated in later individual proceedings. *Id*. at 35.

Plaintiffs argue that diminution of value and other losses are not before the Special Master, and whether Plaintiffs are entitled to remediation damages in addition to an award for diminution of value is a judicial determination to be made by the Court at a later date. *See* Plaintiffs' Omnibus Response at 50. They also argue that recovery of costs of repair *and* diminution of value for a home is permitted when the damages are permanent due to the required disclosure of a material

6

#67024824_v1

defect. *See Id.* (citing *Johnson v. Davis*, 480 So.2d 625, 629 (Fla. 1985); *see also Bisque Assocs. of Florida v. Towers of Quayside No. 2 Condo. Assoc.*, 639, So.2d 997 ( Fla. 3d DCA 1994).

The cases cited by Plaintiffs were decided in the context of selling a home or renting a condominium and turned on the seller's duty to disclose latent material defects. *See Johnson*, 480 So.2d at 629; *Bisque*, 639 So.2d at 998. Plaintiffs have cited no cases in a similar factual context as that presented by this case in which the court awarded both costs of repair and diminution of value. Accordingly, this Court should apply the general rule articulated in *Santa Rosa Golf Associates* and award these plaintiffs the lesser of the costs of repair and the diminution in value. 998 So. 2d at 1167.

### d. Contest "Q" -- Plaintiffs Who Did Not Preserve Evidence During Remediation As Required Under MDL Pre-Trial Order 1.

Defendants argue that the claimants who are subject to Contests L and M who already remediated are not subject to a formula process and must have their property damage claims resolved through individual adjudication. They urge the Court to consider whether these claimants alleged failure to comply with PTO 1 is relevant to the recovery of property damages. They note that MDL Pre-Trial Order 1 provides that "the party responsible for failing to preserve evidence may be subject to the claim or defense of spoliation."

The Special Master has recommended that Defendants' Contests L and M be overruled or denied because the Defendants improperly seek to revisit the Courts' prior rulings. *See* Special Master's First Report and Recommendation Regarding Defendants' Contests and Setoffs dated May 3, 2019 (ECF No. 266) at 9. Further, the Defendants have not properly raised any spoliation issues via a motion to this Court. Accordingly, the Special Master recommends that Defendants' Contest Q be overruled and denied.

7

#67024824_v1

### III. RECOMMENDATION

Based upon the foregoing, the Special Master recommends that the following Contests by the Defendants be **sustained**:

- Contest "N" – Plaintiffs Whose Subject Properties Were Remediated By Another Person or Entity Have No Remediation Damages to Recover – except that the subcategories of claims where the parties entered into a subrogation or reimbursement agreement or where claims were made by condominium associations are subject to final determinations to be addressed in the final Report and Recommendation; and

- Contest "O" – Plaintiffs Whose Claimed Diminution in Value is Less Than the Amount Requested Under the Remediation-Damages Formula.

The Special Master further recommends that the following Contests by the Defendants be **overruled and/or denied**:

- Contest "C" – Plaintiffs Purchased With Knowledge of Chinese Drywall In Affected Property; and

- Contest "Q" – Plaintiffs Who Did Not Preserve During Remediation as Required Under MDL Pretrial Order 1.

**DONE AND SUBMITTED** in Miami, Florida on this 10th day of May, 2019.

                                                                Respectfully submitted,

                                                                /s/ Tiffani G. Lee
                                                                TIFFANI G. LEE
                                                                HOLLAND & KNIGHT LLP
                                                                701 Brickell Avenue, Suite 3300
                                                                Miami, FL 33131
                                                                Phone: (305) 789-7725
                                                                Fax: (305) 789-7799
                                                                E-mail: tiffani.lee@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2019, I served the foregoing Special Master's Second Report and Recommendation Regarding Defendants' Contests and Setoffs upon the parties' counsel via e-mail and will electronically file it with the Clerk of the Court using CM/ECF on May 13, 2019.

/s/ Tiffani G. Lee  
Tiffani G. Lee

9

#67024824_v1