# EXHIBIT 45

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **EDUARDO AND CARMEN AMORIN**, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD.**, *et al.*,<br><br>    Defendants. | **Case No. 1:11-CV-22408-MGC** |

### PLAINTIFFS' POST-HEARING BRIEFING REGARDING DEFENDANTS' CONTESTS AND SETOFFS

The hearing before the Special Master regarding Defendants' Contests and Setoffs was held April 10-11, 2019. Both sides presented arguments and the Special Master instructed any post-hearing briefing to be submitted by April 22, 2019. After the Contests and Setoffs hearing, Defendants reviewed claimants subject to Objections "G" and" J," and withdrew a small number of their objections. Defendants provided revised objections for these categories on April 17, 2019. As agreed to by the Parties, Plaintiffs will provide a response to the revised submission to Objections "G" and "J" by April 24, 2019. Plaintiffs' post-hearing briefing related to Objections other than "G" and "J" is addressed below. Plaintiffs hereby adopt and incorporate by reference as if copied herein *in extenso* pursuant to Fed. R. Civ. P. 10(c), the arguments set forth in the Omnibus Response to Defendants' Final Contests and Requests for Setoffs Regarding the Calculation of Remediation Damages for the Florida *Amorin* Plaintiffs (hereinafter referred to as "Omnibus Response to Defendants' Final Contests").[1]

### D. Objection "D" – Claimant Does Not Currently Own Affected Property

Plaintiffs address this Objection to simply clarify Exhibit "26" attached to the Omnibus Response to Defendants' Final Contests. Exhibit "26" was identified as a list including

---

[1] For consistency, Plaintiffs will number exhibits starting from the last exhibit identified in Plaintiffs' Omnibus Response to Defendants' Final Contests.

properties that remediated prior to selling. However, Exhibit "26" also includes claimants that exclusively retained the right to pursue claims against Defendants prior to selling. Plaintiffs also attach submissions from individual counsel which identify those claimants that exclusively retained the right to pursue a claim prior to selling and those that remediated the property before selling.[2]

### H. Objection "H" – Relevant Fields in SPPF Not Completed

Defendants argue that nearly 550 claims should be "taken off-track" because a "relevant" field on the SPPF was left blank, which "affect[ed Defendants'] ability to object."[3] As discussed below, this is simply untrue. The SPPF did not seek information regarding the three permissible challenges allowed by the Court in its Trial Plan—namely Product ID, ownership, and square footage.[4] More particularly, the SPPF did not seek information regarding Product ID, as indicia was already submitted to Defendants and uploaded to the BrownGreer Portal. Likewise, proof of ownership and square footage verifications were previously provided to Defendants and uploaded to the Portal. In addition, on February 1, 2019, Plaintiffs served their responses to Defendants' ownership and square footage discovery requests by way of a spreadsheet (as agreed-to by the Parties) setting forth verified "under air" square footage information and identifying whether each claimant is a current or former owner, and if the latter, the date said claimant sold the subject property. In all instances, Defendants were provided with product ID, ownership, and square footage information, independent from the SPPF. If Defendants sought additional information, they were permitted to engage in discovery before April 1, 2019.[5] Defendants issued no such discovery and thus cannot now complain that additional information is necessary.

---

[2] *See* Allison Grant and Baron & Budd List of Claimants Subject to Objection "D" (attached hereto as Exhibit "91"). *See also,* Morgan & Morgan List of Claimants Subject to Objections "D," "H," and "L" (attached hereto as Exhibit "92"). These claimants are also on Exhibit "26," but Exhibits "91" and "92" identify corresponding Document IDs on the BrownGreer Portal.

[3] *See* Contests and Setoffs Hearing Transcript, April 10, 2019 at 130:1-4.

[4] ECF No. 112 at 6-7. Although at the Hearing, Defendants continuously alleged their Contests and Setoffs can relate to presumably anything, Judge Cooke's Order is clear that "Defendants may challenge only the following aspects of the damages calculation: a. Product ID… b. Ownership Verification…c. Square Footage." ECF No. 112 at 6-7.

[5] ECF No. 112 at 6-7.

Notwithstanding the lack of merit to this objection, the harsh punishment of removing a claimant from the Special Master's consideration is not warranted, especially when a majority of the alleged deficiencies resulted from a clerical error or computer glitch and/or the missing information is either obvious or provided elsewhere in the document, exhibits, or in other materials uploaded to the BrownGreer Portal.  While Defendants argue that they are not seeking dismissal of the Plaintiffs' claims, their contests in effect eliminate the damages the Plaintiffs are entitled to receive.

By way of explanation, Plaintiffs' counsel often obtain the SPPF-requested-information from claimants and then enter the information *via* the web-based Portal,[6] which form contains radio buttons (typically "yes" or "no") as well as fields for substantive responses. The information is then electronically submitted into the SPPF.  The SPPF Verification signed by the claimant is uploaded as a separate document, typically at or around the same time.[7]

Many of the objections raised by Defendants involve entirely complete SPPFs except for an inadvertent, single missing field,[8] which was either not relevant to these contests or the answer was implied based on subsequent responses on the SPPF.   In other instances, there appears to have been a technical glitch not discovered until the objection was asserted.   For example, an SPPF was completed in full, but for unknown reasons, some or all of the electronically completed fields did not populate in the document produced by the Portal to Defendants when submitted electronically by Plaintiffs' counsel.

Defendants cannot complain of prejudice where the missing field was not critical or the information requested was contained in previously submitted Plaintiff Profile Forms

---

[6] A fillable SPPF can also be completed in Adobe Acrobat and then imported into the Portal, by which the information is transferred from the PDF and into the submitted SPPF.

[7] It should be noted that an SPPF cannot be edited *per se*.  Any change to the SPPF results in the generation of an Amended SPPF.  As discussed in Plaintiffs' Omnibus Response to Defendants' Final Contests at 30-31, there is no requirement that a new Verification signed by the Claimant be submitted whenever an amendment is made.

[8] In some instances, claimants explained why a particular field was left blank in the comments (Section VIII).  Taishan still objected notwithstanding Counsel's representation that such a claimant would not receive an Objection "H" because "there was an area to include a large narrative to be able to explain fields that were not filled in.  If they just didn't know about something that could all be explained."  *See* Contests and Setoffs Hearing Transcript, April 11, 2019 at 303:11-17.

and/or documents uploaded to the BrownGreer Portal (*e.g.*, the date of purchase or transfer), all of which are available to Defendants. Despite the foregoing, in response to Defendants' objections, Plaintiffs' counsel carefully reviewed the SPPFs, corrected the technical errors and provided missing information/fields.[9] Defendants instead have chosen to ignore amended SPPFs subject to this Objection arguing that these claims should be "off-tracked."[10] This Objection should be overruled.

## I. Objection "I" – Incorrect Square Footage Reported

According to Judge Cooke's Trial Plan, "Plaintiffs will respond to Defendants Square Footage discovery requests" by February 1, 2019.[11] Furthermore, "[b]y **April 1, 2019**, all Square Footage Discovery must be completed."[12] Plaintiffs served their responses to Defendants' ownership and square footage discovery requests on February 1, 2019, setting forth verified "under air" square footage information. Plaintiffs have submitted proof of verified square footage[13] and signed Declarations of Correctness of Square Footage signed by counsel to Defendants, which have also been made available for the Special Master, for all Florida *Amorin* claimants seeking formula damages.

Instead of seeking additional appropriate and necessary individualized discovery in accordance with Judge Cooke's Trial Plan, Defendants simply objected to the verified square footage provided by Plaintiffs and stated a different measurement. With respect to Taishan, it failed to identify the basis or source of this other measurement. Defendants' attempt to "off-track" claimants subject to Objection "I" to participate in individual discovery and adjudication must be denied. Plaintiffs have met their burden to provide verified square footage.

---

[9] *See e.g.,* Allison Grant and Baron & Budd List of Claimants Subject to Objection "H" (attached hereto as Exhibit "93") and Colson Hicks List of Claimants Subject to Objection "H" (attached hereto as Exhibit "98"). *See also*, fn. 2, *supra* (Exhibit "92" hereto).

[10] Notwithstanding dozens of amended SPPFs being uploaded, these claimants are still subject to Objection "H."

[11] ECF No. 112 at 7. The deadlines in the Court's Trial Plan were later amended by Joint Submission. ECF No. 162 at 2.

[12] ECF No. 112 at 7 (emphasis in original).

[13] Reliable square footage sources include, but are not limited to: developer/builder floor plans, independent appraisals, county appraiser measurements, American National Standards Institute (ANSI) floorplans, architectural drawings, and as-built plans.

4

**L. Objection "L" – Affected Property was Completely Remediated**

Plaintiffs incorporate all arguments set forth in its Omnibus Response to Defendants' Final Contests with respect to this Objection. Plaintiffs address this Objection simply to attach a submission from individual counsel which identifies a claimant subject to Objection "L," who has not yet remediated the subject property.[14]

**N. Objection "N" – Remediation Funded by Other Person or Entity**

Plaintiffs incorporate all arguments set forth in its Omnibus Response to Defendants' Final Contests with respect to this Objection. Plaintiffs address this Objection simply to attach an Exhibit that was referenced,[15] but inadvertently not attached, which identifies claimants that should not have received an Objection "N" because said claimants funded the remediation or received some funds from the Knauf/GBI settlement, but those funds only covered a portion of the remediation.[16] Moreover, there are at least five claimants that received an Objection "N" that did not remediate the subject property.[17] Plaintiffs also attach a submission from individual counsel which identifies claimants that should not have received an Objection "N" and an individualized explanation for each claim.[18]

Plaintiffs are <u>not</u> seeking a double recovery for remediation funds previously received, as these are accounted for in Defendants' setoffs. Absent an assignment to a third party, the fact that someone other than the named claimant paid for a portion of the remediation does not disqualify the claimant from an award of remediation damages.

**O. Objection "O" – Diminution of Value**

Plaintiffs incorporate all arguments set forth in its Omnibus Response to Defendants' Final Contests with respect to this Objection. Plaintiffs address this Objection simply to attach

---

[14] *See* fn. 2, *supra* (Exhibit "92" hereto).

[15] *See* Plaintiffs' Omnibus Response to Defendants' Final Contests, p. 48, fn. 171.

[16] *See* List of Florida *Amorin* Claimants Subject to Objection "N," which counsel has advised claimant fully funded remediation or remediation was only partially funded with prior payments (attached hereto as Exhibit "94").

[17] Jacqueline and Jose Romero (Claimant #1271), Charles and Josephine Russo (Claimant #1288), Jeanine Serrino (Claimant #1338), Natalie Vacca (Claimant #1577), and Wanda and Rebecca Wegweiser (Claimant #1626). These Claimants also received an Objection "L," which is also in error.

[18] *See* Allison Grant and Baron & Budd List of Claimants Subject to Objection "N" (attached hereto as Exhibit "95").

a submission from individual counsel which identifies claimants subject to Objection "O," but are current owners of unremediated property not asserting a diminished value claim and thus unquestionably entitled to remediation formula damages.[19]

### P. Objection "P" – Remediation Damages Formula

On April 18, 2019, Plaintiffs submitted a Supplemental Remediation Damages Spreadsheet, which includes the remediation damages information according to the R.S. Means data for 2019, *as adjusted* for each zip code.

Plaintiffs contend they are entitled to current remediation damages. To reflect the "current- day materials and labor costs," for the remanded Plaintiffs before this Court in 2019, it is necessary to adjust the national square foot unit price in the same way Judge Fallon did in 2015. To do so, the same standard reference for updating to current costs, the R.S. Means materials and labor updated database, is used. Plaintiffs' remediation damages expert Ron Wright has updated the 2019 national square foot unit price to $117.94 per square foot,[20] based on the most recently available updated national R.S. Means data. The MDL Court's Class Damages Order adopted Plaintiffs' expert's "damages *methodology* to quantify the aggregate damages."[21] Moreover, the national square foot unit price was calculated by adjusting the $105.91 per square foot cost "to reflect *current-day building materials and labor*."[22] Plaintiffs have waited long enough for an award and by no fault of their own, it has been an additional two years since Judge Fallon's Class Damages Order.

Plaintiffs are entitled to current-day building materials and labor and, thus, the 2019 national price per square foot of $117.94, *as adjusted* for local factors, is the proper figure for calculating formulaic damages.

### Q. Objection "Q" – Preservation of Evidence

Plaintiffs incorporate all arguments set forth in its Omnibus Response to Defendants' Final Contests with respect to this Objection. Plaintiffs attach a submission from individual

---

[19] *See* Allison Grant and Baron & Budd List of Current Owners Subject to Objection "O" (attached hereto as Exhibit "96").

[20] The calculation of the 2019 national square foot unit price using the most recently available R.S. Means data was performed by the court-approved damages expert Ron Wright.

[21] Class Damages Order, 2017 WL 1421627 at *24 (emphasis in original).

[22] Class Damages Order, 2017 WL 1421627 at *24, n.10 (emphasis added).

counsel, which identifies claimants subject to Objection "Q" that complied with PTO 1B or other relevant Court Orders.[23]

**CONCLUSION**

For the reasons set forth above, Defendants' objections should be overruled and Plaintiffs should be awarded remediation damages according to Plaintiffs' Supplemental Remediation Damages Spreadsheet.

Dated: April 22, 2019                                        Respectfully Submitted,


/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

---

[23] *See* Allison Grant and Baron & Budd List of Claimants Subject to Objection "Q" that Complied with PTO 1B (attached hereto as Exhibit "97"). The claimants identified on this Exhibit are in addition to those identified on Exhibit "84." Moreover, Jeremy and Lina Ruff (Claimant #1287) received an Objection "Q," but have not remediated.

**APPENDIX OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 91 | Allison Grant and Baron & Budd List of Claimants Subject to Objection "D" |
| 92 | Morgan & Morgan List of Claimants Subject to Objections "D," "H," and/or "L" |
| 93 | Allison Grant and Baron & Budd List of Claimants Subject to Objection "H" |
| 94 | List of Florida *Amorin* Claimants Improperly Subject to Objection "N" |
| 95 | Allison Grant and Baron & Budd List of Claimants Subject to Objection "N" |
| 96 | Allison Grant and Baron & Budd List of Current Owners Subject to Objection "O" |
| 97 | Allison Grant and Baron & Budd List of Claimants Subject to Objection "Q" that Complied with PTO 1B |
| 98 | Colson Hicks Claimants Subject to Objection "H" but SPPFs Have Been Amended |