# EXHIBIT 46

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EDUARDO AND CARMEN AMORIN, *et al.*, individually, and on behalf of all others similarly situated,<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>TAISHAN GYPSUM CO., LTD. f/k/a SHANDONG TAIHE DONGXIN CO., LTD.; TAIAN TAISHAN PLASTERBOARD CO., LTD., *et al.*,<br><br>    **Defendants.** | **Case No. 1:11-CV-22408-MGC** |

**PLAINTIFFS' POST-HEARING BRIEFING REGARDING DEFENDANTS' REVISED OBJECTIONS "G" AND "J"**

Pursuant to agreement of the parties, Plaintiffs hereby submit this response with regard to Defendants' revised Objections "G" and "J" submitted on April 17, 2019.[1] Plaintiffs hereby adopt and incorporate by reference, as if copied herein *in extenso* pursuant to Fed. R. Civ. P. 10(c), the arguments set forth in the Omnibus Response to Defendants' Final Contests and Requests for Setoffs Regarding the Calculation of Remediation Damages for the Florida *Amorin* Plaintiffs (hereinafter referred to as "Omnibus Response to Defendants' Final Contests").[2]

**G. Objection "G" – No Signature on Current SPPF Submission**

Defendants' updated contests submitted on April 17, 2019, include 197 claimants subject to Objection "G," despite the fact that 44 of the 197 claimants still subject to this Objection having uploaded verifications for their amended SPPFs.[3]

---

[1] Plaintiffs submitted their post-hearing briefing with regard to all other objections on April 22, 2019.

[2] For consistency, Plaintiffs will number exhibits starting from the last exhibit identified in Plaintiffs' Post-Hearing Briefing Regarding Defendants' Contests and Setoffs.

[3] *See* List of Florida *Amorin* Claimants Subject to Objection "G," despite claimants uploading new verifications for amended SPPFs (attached hereto as Exhibit "99"). *See also* Allison Grant email Regarding Wanadoo, LLC (Claimant #1617) (attached hereto as Exhibit "100") and email from Allison Grant forwarding BrownGreer email confirming technical glitch with Wanadoo, LLC SPPF (attached hereto as Exhibit "103").

As Plaintiffs argued in their Omnibus Response to Defendants' Final Contests and at the Contests Hearing, this objection lacks merit because the MDL Court's PTO 11A does not require claimants who file amended SPPFs to upload a new verification to the BrownGreer Portal.[4] If Defendants intended for additional verifications to be submitted with every amendment to a SPPF, they could have proposed such language at the time PTO 11A was negotiated by the Parties in the MDL and approved by Judge Fallon.   They did not. Defendants' argument here is clearly nothing more than an attempt to improperly and unfairly limit the remediation damages to which Plaintiffs are entitled.

Plaintiffs cannot individually address the 11 BNBM claims subject to Objection "G" because BNBM failed to identify the basis for the "G" Objection for each claim. With regard to Taishan's assertions of Objection "G," Plaintiffs disagree with Taishan's position for the reasons identified below.

As stated in Taishan's April 17, 2019 email analyzing the updated contests, the claims subject to this Objection are divided into three categories: (1) unverified amended SPPFs where the remediation status was changed (*i.e.*, complete remediation to partial remediation); (2) unverified amended SPPFs where the ownership or remediation sections were modified, which sections were blank in the original SPPF; and (3) unverified SPPFs. Taishan asks the Special Master to strike the unverified amendments in the first and second categories, and has alleged a *new* Objection "H" for the claims in the second category. Moreover, Taishan has alleged a *new* Objection "F" for those claims in the third category, and asks the Special Master to remove said claims from the remediation damages process.

The first subcategory of Objection encompasses over 93% of the "G" objections asserted by Taishan. Even if the Special Master should find that amended SPPFs need to be verified, with which Plaintiffs strongly disagree, the classification of remediation status is a legal determination based on the MDL Court's *Germano* ruling and thus well within individual counsel's authority as an advocate for the claimant to amend the remediation status accordingly, following Judge Cooke's Trial Plan on November 16, 2018, adopting the MDL Court's *Germano* protocol. It was not until then that "complete" remediation was defined by this Court. Plaintiffs contend that the Special Master should consider the most recently filed

---

[4] *See* MDL Rec. Doc. 21162, at 4, ¶ 4(e). The deadlines in PTO 11A were amended by PTO 11B. MDL Rec. Doc. 21181. All other provisions of PTO 11A remain in effect.

SPPF for these claimants. In the alternative, should the Special Master consider granting Defendants' requested remedy of disregarding an amended SPPF if there is no concurrently filed verification,[5] the claimants' remediation status would revert back to the most recently verified SPPF and their damages would be assessed accordingly.

In response to the second subcategory of Objection, as was discussed in Plaintiffs' Omnibus Response to Defendants' Contests and also addressed in Plaintiffs' Post-Hearing Briefing, many claimants encountered computer glitches with the BrownGreer Portal. For instance, an SPPF was completed in full by the claimant and at that time, said claimant signed the verification. However, for some unknown reason, when the SPPF was submitted or imported, some information did not populate in the document produced by the Portal to Defendants.[6] To now penalize these Plaintiffs and strike the "unverified" amended SPPF when it is likely that the "incomplete" sections were the result of a computer glitch would be unreasonable and unfair.  Furthermore, Defendants cannot complain of prejudice where the missing field was not critical or the information requested was contained in previously submitted Plaintiff Profile Forms and/or documents uploaded to the BrownGreer Portal (*e.g.*, the date of purchase or transfer), all of which are available to Defendants. For these reasons, the Special Master should consider the most recently filed SPPFs for these claimants.

With respect to the third subcategory of Objection, Defendants filed a Motion to Dismiss for Failing to Complete SPPFs before Judge Cooke.[7] The five claimants in this third category were subject to this Motion. Plaintiffs' Opposition requested a Rule to Show Cause be issued against the claimants that had not filed an SPPF.[8] The Court has not ruled on this Motion. Defendants later filed another Motion to Dismiss for Failing to Submit SPPFs.[9] The five claimants in this subcategory were not subject to this subsequent Motion. The Court has not ruled on this Motion. Nonetheless, this is outside the scope of the Special Master's charge.

---

[5] If the Special Master agrees with Defendants, Plaintiffs request an opportunity for those claimants to submit new verifications.

[6] *See* email string between Matt Lawson and Holly Werkema forwarding BrownGreer email confirming technical glitch with SPPF (attached hereto as Exhibit "101"). *See also* fn. 3, *supra* (Exhibits "100" and "103" hereto).

[7] ECF No. 62.

[8] ECF No. 82.

[9] ECF No. 171.

If Defendants believe these claims should be removed from the remediation damages process, they should file a motion before Judge Cooke.

### J. Objection "J" – Chinese Drywall in Affected Property Not Manufactured by Taishan/BNBM

Defendants urge the Special Master to exclude claimants with Objection "J" from the remediation damages process.  Plaintiffs respectfully disagree.  The Special Master's Ruling and Recommendation was issued April 8, 2019,[10] and any objections thereto are to be filed by April 29, 2019, before Judge Cooke.  Until confirmed by the Court, this recommendation is not a final, enforceable ruling. To remove these claims from the Special Master's remediation damages process at this time would be inefficient and unfair.

There is no reason to delay the calculation of Plaintiffs' remediation damages. When a final determination as to Product ID is issued, the Special Master's calculations for claimants can be amended accordingly. Further, Plaintiffs attach a list of claimants that should not have received an Objection "J" because said claimants have indicia of a product Taishan or BNBM has admitted or a product that has been attributed to Taishan or BNBM.[11]

### CONCLUSION

For the reasons set forth above, Defendants' Objections "G" and "J" should be overruled and Plaintiffs should be awarded remediation damages according to Plaintiffs' Supplemental Remediation Damages Spreadsheet.

Dated: April 24, 2019

Respectfully Submitted,

/s/ Patrick S. Montoya, Esq.
Patrick Shanan Montoya
Fla. Bar No. 0524441
Email: Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Telephone:  (305) 476-7400
Facsimile:  (305) 476-7444
*Interim Lead Counsel for Plaintiffs*

---

[10] ECF No. 233.

[11] *See* List of Florida *Amorin* Claimants Subject to Objection "J," despite claimants having indicia of a product admitted or attributed to Taishan or BNBM (attached hereto as Exhibit "102").

**APPENDIX OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 99 | List of Florida *Amorin* Claimants Subject to Objection "G," despite claimants uploading new verifications for amended SPPFs |
| 100 | Allison Grant email Regarding Wanadoo, LLC (Claimant #1617) |
| 101 | Email string between Matt Lawson and Holly Werkema forwarding BrownGreer email confirming technical glitch with SPPF |
| 102 | List of Florida *Amorin* Claimants Subject to Objection "J," despite claimants having indicia of a product admitted or attributed to Taishan or BNBM |
| 103 | Email from Allison Grant Forwarding BrownGreer Email Confirming Technical Glitch with Wanadoo, LLC SPPF |