**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | ) | |
| DRYWALL PRODUCTS | ) | MDL NO. 2047 |
| LIABILITY LITIGATION | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | SECTION: L |
| | ) | |
| ALL CASES | ) | JUDGE FALLON |
| | ) | |
| | ) | MAG. JUDGE WILKINSON |
| _____ | ) | |

**AFFIDAVIT OF AMANDA K. MKAMANGA**

I, Amanda K. Mkamanga, after being duly sworn, depose and state as follows:

1.     I am over twenty one years of age and fully competent to make this Affidavit. I do so based on my personal knowledge of the facts stated herein.

2.     I have been a paralegal with Whitfield Bryson & Mason, LLP since its inception in 2012.

3.     Prior to Whitfield Bryson & Mason LLP, I was a paralegal with Lewis & Roberts, PLLC.

4.     At all times relevant to the Chinese Drywall litigation I was a paralegal under the direct supervision of Daniel K. Bryson.

5.     Since in or about November 2009, I have worked directly with various attorneys and staff of Collins & Horsley, P.C.'s through the years and provided support in submitting their claims, documents and information as required by the Court and/or the Plaintiff's Steering Committee.

6.     During this time, my tasks for their Chinese Drywall claimant(s), included, but was not limited to the following:

EXHIBIT C

- Traveled to and from their office to assist with client lists for submission through our office.
- Determined the manufacture of the Chinese Drywall identified;
- Obtained required documents (photo indicia, completed Plaintiff Profile Form with attached supporting documentation);
- Prepared information for filing claimants claim on Omnibus Complaints;
- Pulled INEX and Mazer invoices produced to help identify potential clients;
- Corresponded with PSC to verify all required information was supplied;
- Assisted on all submissions, missing indicia and pilot program documents;
- Advised co-counsel of requirements for preservation of evidence for self-remediated homes;
- Advised co-counsel regarding the scheduling of MZA inspections for participating in the Pilot Program;
- Forwarded various work authorization documents received from Brown Greer;
- Advised of move-out date, kick-off meeting and lump sum payments;
- Forwarded appliance binders and options regarding replacement of appliances;
- Advised of possible claims to be filed under the Knauf and GBI Settlement Agreement and required documentation for other loss claims;
- Submitted documents to Brown Greer and cured deficiency notices;
- Review of multiple Brown Greer spreadsheets for accuracy (i.e. stipend and fee); and
- Maintained contact with co-counsel and provided updates and information regarding the Chinese Drywall claims submitted through our office.

7.    Of course, the above list does not cover all the work I have done on their behalf and/or assisted them with.

8.    I was instructed by Collins & Horsley, P.C. to not have any direct contact with their clients and that all contact should go through them. It was explained to me that Collins & Horsley, P.C. did not want to confuse their clients about who was representing them.

9.    The resolution of claimant's claims required extensive contact and involvement with co-counsel, which was handled exclusively by myself and/or the attorney.  A resolution of a claimant's claims required consistent work on their behalf over a ten (10) year period of time, some claims are still pending.

EXHIBIT C

This the 2nd day of December, 2019.

By: _____
Amanda K. Mkamanga

Sworn to and subscribed before me
this 2nd day of December, 2019.

_____
Notary Public

May 14, 2023
_____
My Commission Expires



3

EXHIBIT C