UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR DISCOVERY DEADLINE EXTENSION;
ALTERNATIVELY, MOTION TO VACATE CASE MANAGEMENT ORDER**

This Court issued a case management order in December of 2018. Beginning in May of 2019, Defendants have been deposing Plaintiffs. Little time has been wasted in arranging the depositions, but for the reasons provided below, it is clear that the parties will not be able to conclude all necessary discovery by the deadline set by this Court. Plaintiffs will need additional time to complete the task of authentication and admissibility of certain evidence related to damages in each individual case, in addition to limited third-party discovery related to damages. As the Court is aware, the Knauf Defendants intend to stipulate to liability, but challenge the damages sought by Plaintiffs. Additional time is needed to prepare these 130 claims for trial as this Court has directed.

### A. Background

On November 13, 2014, Elizabeth Bennett filed a proposed class action against the Knauf entities in the Northern District of Alabama. Ms. Bennett is an individual homeowner that alleges that defendants were responsible for manufacturing the defective Chinese drywall in her home,

1

causing property damage to her home and personal belongings, among other claims. Plaintiff is seeking the full cost of remediation, living expenses, personal property, loss of use/enjoyment, statutory fees and other damages. These damages are also alleged on behalf of the nationwide class of homeowners similarly situated. In January of 2015, the JPML transferred her case from the Northern District of Alabama to the Eastern District of Louisiana for "coordinated or consolidated pretrial proceedings" under 28 U.S.C. § 1407.

During the time *Bennett* has been pending in MDL-2047, a plaintiff profile form, supplemental plaintiff profile form and plaintiff fact sheet have been completed by all plaintiffs and served on the defendants - for all 130 affected properties. Contained in these discovery documents are hundreds of discrete responses per plaintiff. There have also been thousands of pages of discovery documents produced in support of Plaintiffs' responses to the Defendants' discovery requests. And, by the submission date of this motion, there will have been over 120 plaintiff depositions completed. Since the initiation of this action, there has been no activity involving consolidated pretrial discovery in MDL 2047, because there simply are no other class cases pending against the Knauf entities. The only discovery involving the Knauf entities has been in this action, case specific and organized by this Court's case management order.

During the past six months, beginning in May of 2019, the undersigned counsel has been diligently arranging plaintiff depositions and affected property inspections while at the same time continuing to supplement Plaintiffs' document production. As mentioned, at the time of submission of this motion, over 120 plaintiff depositions will have been completed. Depositions have occurred in the following locations: New Orleans, LA; Houston, TX; Miami, FL; Tampa, FL; Ft. Myers, FL; Birmingham, AL; Silver Springs, MD; Boston, MA; Las Vegas, NV; San

Diego, CA; Detroit, MI; and Seattle, WA. And, depositions remain to be taken in Virginia, Alabama, and Florida, in addition to a handful in New Orleans.

As early as June of 2019, the undersigned identified the need for the parties to reach an agreement regarding authentication of documents that have been produced during litigation. This issue has been discussed during status conferences on at least three (3) occasions. Knauf's counsel initially indicated a willingness to address the issue, but, ultimately, the parties reached an impasse. Counsel for Knauf wishes to retain the right to object to all documents for any reason; consequently, Plaintiffs have no choice but to press forward with depositions of document custodians. The Court has indicated that a motion to extend the discovery deadlines in the case management order should be filed if the parties are unable to reach an agreement on the authentication issue. So, Plaintiffs now move the Court for an extension of the discovery period for 180 days. This extension should provide enough time for Plaintiffs to depose the necessary individuals for the 130 plaintiffs remaining in this action.

Plaintiffs alternatively urge the Court to vacate its case management order in its entirety. On December 2, 2019, Plaintiffs filed a motion for suggestion of remand seeking to move this case to the transferor court in the Northern District of Alabama. The parties in *Bennett* are now involved solely in discovery that relates to the individual claims; consequently, there is nothing more for this Court to do to accomplish its charge of coordinated or consolidated pretrial proceedings. It is expected that this Court should and will suggest remand of *Bennett* to the Northern District of Alabama because "everything that remains to be done is case specific." *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000). There is no need for a case management order in this Court on case specific issues. It is the purview of the transferor Court to decide the case-specific issues and manage the trial of the claims in this action.

3

### B. Argument and Authorities

**1. Good Cause Exists To Allow Plaintiffs' Request For An Extension of Discovery Deadlines.**

Plaintiffs have attempted to reach an agreement with Knauf's Counsel regarding authentication and admissibility of documents produced by Plaintiffs in support of their damages. The parties reached an impasse in their attempt to resolve this issue. With the Plaintiff deposition schedule coming to an end in the near future, the undersigned counsel expects to have sufficient time during the additional 180 days requested to depose the necessary document custodians for all 130 Plaintiffs remaining in this action.

An extension of discovery deadlines has previously been granted to Defense Counsel. This is the first request for an extension by Plaintiffs. Scheduling orders may be modified with a showing of good cause and with the Court's consent. FRCP Rule 16(b)(4). Plaintiffs have demonstrated good cause for this request.

**2. Plaintiffs Alternatively Urge This Court to Vacate Its Case Management Order In Its Entirety Until The JPML Remands This Case To The Northern District Of Alabama.**

It is undisputed that only case-specific discovery was necessary at the time *Bennett* was transferred to MDL 2047 and that has not changed during the years this Court has maintained jurisdiction. So, on December 2, 2019, Plaintiffs moved this Court to issue a Suggestion of Remand Order to facilitate remand by the JPML to the transferor court in the Northern District of Alabama.

Federal law permits actions to be "transferred to any district court for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). However, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id*.

4

(emphasis added); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (recognizing the Panel's "duty" to remand). Although only the JPML may remand a case under 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." J.P.M.L. Rule 7.6(c).

*Bennett* meets the standards that the JPML uses. *See In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (holding that an MDL court should use the same standard as the JPML). The fundamental question is "'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *Id*. (quoting *In re Bridgestone/Firestone, Inc.*, 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001)) (emphasis added). Plaintiffs have contended that no benefit will be experienced by further proceedings in this Court. A transferee judge is not expected "to complete all pretrial proceedings in all actions transferred and assigned to him by the Panel." *In re Evergreen Valley Project Litig.*, 435 F.Supp. 923, 924 (J.P.M.L. 1977) (emphasis added).

For the reasons cited above, *Bennett* should be transferred to the Northern District of Alabama for all remaining discovery and trial of all claims; however, discovery should and will continue in this Court until the JPML orders remand. But, there is no need to impose any additional case-specific deadlines. All case specific discovery, dispositive motion, and trial issues are squarely in the purview of the transferor court – the Northern District of Alabama. It makes sense to vacate the CMO now.

## **CONCLUSION**

The outcome of this case is a matter of critical importance to the Plaintiffs and their families dealing with properties affected by the Knauf-manufactured defective Chinese drywall. For the reasons stated above, Plaintiffs respectfully move this Court to extend the time permitted for discovery under the Case Management Order by 180 days and to modify the dates set forth in the CMO accordingly; alternatively, Plaintiffs move this Court for an Order vacating its CMO

during the time before it is remanded to the transferor court in the Northern District of Alabama to decide the case-specific issues after the JPML receives a suggestion of remand.

Respectfully submitted on this 3rd day of December 2019.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Plaintiffs' Motion For Discovery Deadline Extension; Alternatively, Motion To Vacate Case Management Order has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 3rd day of December, 2019.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*