# EXHIBIT "1"

**PW** Parker | Waichman LLP
A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | WASHINGTON, D.C. | FLORIDA

27300 Riverview Center Boulevard
Suite 103
Bonita Springs, Florida 34134
Phone:239-390-1000
Fax:239-390-0055
800.LAW.INFO (529.4636)
www.yourlawyer.com

November 7, 2019

**Via certified mail: 7018 1830 0001 3646 4804** **Via certified mail: 7018 1830 0001 3646 4828**

Arnold Levin and Sandra L. Duggan
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main Street, Suite 310
Norfolk, VA 23510

**Via certified mail: 7018 1830 0001 3646 4811** **Via certified mail: 7018 1830 0001 3646 4835**

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

**RE:** **Our Client:** **Alisa J. Roundtree**
**Property Address:** **4429 NW 33 Ct., Miami, FL 33142**

Dear Sir or Madam:

Enclosed please find an objection submitted by our client, Alisa J. Roundtree, regarding the class settlement. She has asked us to forward it to your attention.

If you have any questions, please don't hesitate to contact us.

Yours very truly,

Francisco A. Albites

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE:  CHINESE-MANUFACTURED )
DRYWALL PRODUCTS LIABILITY )
LITIGATION )

THIS DOCUMENT RELATED TO: )
ALL *BROOKE* FLORIDA CASES )

)

MDL NO. 2047
SECTION: L
JUDGE FALLON

MAG.JUDGE WILKINSON

## CLAIMANT, ALISA ROUNDTREE'S OBJECTIONS TO THE CLASS SETTLEMENT

COMES NOW, Claimant, ALISA ROUNDTREE, and hereby serves this Objection to the Chinese Drywall Settlement and would state as follows:

I am a claimant listed in the *Brooke* Complaint and my affected property address is 4429 NW 33rd Court, Miami, Florida 33142. I have been living in this property since 2006, and I continue to suffer the ill effects of the defective Chinese drywall. My AC and appliances have all been destroyed several times and needed replacement. Aside from remediation damages, I have suffered damages for the loss of use and enjoyment of my home, diminution in value of my home, mental anguish, and inconvenience.  The estimated gross allocation amount that was provided to me is simply unacceptable.

I am asserting an objection on behalf of myself and all *Brooke* Complaint claimants and on behalf of claimants with drywall under category "J" as discussed in the Allocation Neutral report. I do not intend on appearing at the Fairness Hearing but if an appearance would aid this Honorable Court in reaching a fair result, I would happily attend if needed. My hope is that this

Honorable Court will consider my story and provide some relief from the settlement amount being offered to me and others in my position.

## OBJECTION AS TO BROOKE COMPLAINT DEDUCTION

I understand everyone is anxious to end this difficult litigation and move on with their lives. However, I do not believe it should end by essentially wholesaling homeowner's property claims which is what the allocation neutral report does by ascribing a 20% value to my case simply because there is more work to do. It is not our fault that the discovery and litigation necessary to move the *Brooke* Complaint case to resolution was stayed or halted for several years. I can attest that I stood ready to provide whatever was needed to move this case forward.

In my opinion, most, if not all the work or discovery should have already been determined by now after several years in this litigation. The information that has been obtained from the *Amorin* lawsuit should by now be established so that the claimants in the *Brooke* Complaint can take advantage and have their cases streamlined to resolution or at least a jury trial. It is my understanding that the issues of product ID and the State of Limitations which have been contested have by now been argued and determined. We do not see why at this time any *Brooke* claimant should be deducted such a significant amount of their settlement after all the harms and losses we have suffered.

## OBJECTION AS TO CATEGORY "J" DEDUCTION

My home contained drywall with markings categorized under "J" – Various Dimensions, including 4xfeetx12x1/2inch. In reading the special master report regarding the product ID findings, I do not understand how some drywall with those markings are related to or admitted by Taishan, and others are not. It appears my drywall is #8 in the catalogue so I get another significant deduction from my settlement offer as it is drywall that Taishan disputes being related

to them. The fact that Taishan admits to manufacturing some of the drywall in this category should bolster the Plaintiffs' claims that they should be held responsible for it. In addition, Taishan ignored this litigation and violated several court orders for several years. They made everyone wait almost a decade for these results. Taishan should not now be rewarded with the benefit of the doubt as to the drywall in dispute. We believe sufficient evidence has been presented by the Plaintiff's Steering Committee to show that the Defendants should be held responsible for all the defective drywall under category "J".

## CONCLUSION

For all the above reasons, I humbly request that this Honorable Court review the terms and breakdown of the settlement and provide relief to the Plaintiffs. The Defendants have neglected this case for a long time and now want to benefit from arbitrary product identification and timeliness of claims against them. We pray this Honorable Court do the right thing and rule in the interest of fairness.

Alisa Roundtree
4429 NW 33rd Court
Miami, FL 33142
Phone: (786) 246-2181
Email: ajr_73@hotmail.com

11-7-19
Date



**CERTIFIED MAIL**

**PW** Parker | Waichm

A NATION

27300 Riverview Center Boulevard Suite 103 | Bonita Spring

7018 1830 0001 3646 4811

UNITED STATES POS

02 1P
0000780
MAILED FR

NOV 20 2019

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

70113\$1125 C010

# PW Parker | Waichman LLP
## A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | WASHINGTON, D.C. | FLORIDA

27300 Riverview Center Boulevard
Suite 103
Bonita Springs, Florida 34134
Phone:239-390-1000
Fax:239-390-0055
800.LAW.INFO (529.4636)
www.yourlawyer.com

November 7, 2019

**Via certified mail: 7018 1830 0001 3646 4804**
Arnold Levin and Sandra L. Duggan
510 Walnut Street, Suite 500
Philadelphia, PA 19106

**Via certified mail: 7018 1830 0001 3646 4828**
Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main Street, Suite 310
Norfolk, VA 23510

**Via certified mail: 7018 1830 0001 3646 4811**
Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

**Via certified mail: 7018 1830 0001 3646 4835**
Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

RE:   **Our Client:**         **Alisa J. Roundtree**
         **Property Address:**   **4429 NW 33 Ct., Miami, FL 33142**

Dear Sir or Madam:

Enclosed please find an objection submitted by our client, Alisa J. Roundtree, regarding the class settlement. She has asked us to forward it to your attention.

If you have any questions, please don't hesitate to contact us.

Yours very truly,

Francisco A. Albites

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED   )
DRYWALL PRODUCTS LIABILITY      )
LITIGATION                               )

THIS DOCUMENT RELATED TO:     )
ALL *BROOKE* FLORIDA CASES        )

                                              )

MDL NO. 2047
SECTION: L
JUDGE FALLON

MAG.JUDGE WILKINSON

## CLAIMANT, ALISA ROUNDTREE'S OBJECTIONS TO THE CLASS SETTLEMENT

COMES NOW, Claimant, ALISA ROUNDTREE, and hereby serves this Objection to
the Chinese Drywall Settlement and would state as follows:

I am a claimant listed in the *Brooke* Complaint and my affected property address is 4429
NW 33rd Court, Miami, Florida 33142. I have been living in this property since 2006, and I
continue to suffer the ill effects of the defective Chinese drywall. My AC and appliances have all
been destroyed several times and needed replacement. Aside from remediation damages, I have
suffered damages for the loss of use and enjoyment of my home, diminution in value of my
home, mental anguish, and inconvenience. The estimated gross allocation amount that was
provided to me is simply unacceptable.

I am asserting an objection on behalf of myself and all *Brooke* Complaint claimants and
on behalf of claimants with drywall under category "J" as discussed in the Allocation Neutral
report. I do not intend on appearing at the Fairness Hearing but if an appearance would aid this
Honorable Court in reaching a fair result, I would happily attend if needed. My hope is that this

Honorable Court will consider my story and provide some relief from the settlement amount being offered to me and others in my position.

## OBJECTION AS TO BROOKE COMPLAINT DEDUCTION

I understand everyone is anxious to end this difficult litigation and move on with their lives. However, I do not believe it should end by essentially wholesaling homeowner's property claims which is what the allocation neutral report does by ascribing a 20% value to my case simply because there is more work to do. It is not our fault that the discovery and litigation necessary to move the *Brooke* Complaint case to resolution was stayed or halted for several years. I can attest that I stood ready to provide whatever was needed to move this case forward.

In my opinion, most, if not all the work or discovery should have already been determined by now after several years in this litigation. The information that has been obtained from the *Amorin* lawsuit should by now be established so that the claimants in the *Brooke* Complaint can take advantage and have their cases streamlined to resolution or at least a jury trial. It is my understanding that the issues of product ID and the State of Limitations which have been contested have by now been argued and determined. We do not see why at this time any *Brooke* claimant should be deducted such a significant amount of their settlement after all the harms and losses we have suffered.

## OBJECTION AS TO CATEGORY "J" DEDUCTION

My home contained drywall with markings categorized under "J" – Various Dimensions, including 4xfcetx12x1/2inch. In reading the special master report regarding the product ID findings, I do not understand how some drywall with those markings are related to or admitted by Taishan, and others are not. It appears my drywall is #8 in the catalogue so I get another significant deduction from my settlement offer as it is drywall that Taishan disputes being related

to them. The fact that Taishan admits to manufacturing some of the drywall in this category should bolster the Plaintiffs' claims that they should be held responsible for it. In addition, Taishan ignored this litigation and violated several court orders for several years. They made everyone wait almost a decade for these results. Taishan should not now be rewarded with the benefit of the doubt as to the drywall in dispute. We believe sufficient evidence has been presented by the Plaintiff's Steering Committee to show that the Defendants should be held responsible for all the defective drywall under category "J".

<u>**CONCLUSION**</u>

For all the above reasons, I humbly request that this Honorable Court review the terms and breakdown of the settlement and provide relief to the Plaintiffs. The Defendants have neglected this case for a long time and now want to benefit from arbitrary product identification and timeliness of claims against them. We pray this Honorable Court do the right thing and rule in the interest of fairness.

Alisa Roundtree
4429 NW 33rd Court
Miami, FL 33142
Phone: (786) 246-2181
Email: ajr_73@hotmail.com

11-7-19
Date

**PW** Parker | Waichm
A NATION
27300 Riverview Center Boulevard Suite 103 | Bonita Springs.

CERTIFIED MAIL®

7018 1830 0001 3646 4804

Arnold Levin and Sandra L. Duggan
510 Walnut Street, Suite 500
Philadelphia, PA 19106



UNITED STATES POSTAGE
$006.95 °
02  1P
0000780493  NOV 07 2019
MAILED FROM ZIP CODE 334 134
PITNEY BOWES

**PW** Parker | Waichman LLP
A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | WASHINGTON, D.C. | FLORIDA

27300 Riverview Center Boulevard
Suite 103
Bonita Springs, Florida 34134
Phone:239-390-1000
Fax:239-390-0055
800.LAW.INFO (529.4636)
www.yourlawyer.com

November 7, 2019

**Via certified mail: 7018 1830 0001 3646 4804** **Via certified mail: 7018 1830 0001 3646 4828**

Arnold Levin and Sandra L. Duggan
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main Street, Suite 310
Norfolk, VA 23510

**Via certified mail: 7018 1830 0001 3646 4811** **Via certified mail: 7018 1830 0001 3646 4835**

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

| RE: | **Our Client:** | **Alisa J. Roundtree** |
|---|---|---|
| | **Property Address:** | **4429 NW 33 Ct., Miami, FL 33142** |

Dear Sir or Madam:

Enclosed please find an objection submitted by our client, Alisa J. Roundtree, regarding the class settlement. She has asked us to forward it to your attention.

If you have any questions, please don't hesitate to contact us.

Yours very truly,

Francisco A. Albites

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | ) | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | ) | SECTION: L |
| LITIGATION | ) | JUDGE FALLON |
| | ) | |
| | ) | MAG.JUDGE WILKINSON |
| | ) | |
| THIS DOCUMENT RELATED TO: | ) | |
| ALL *BROOKE* FLORIDA CASES | ) | |
| | | |
| | ) | |

<u>CLAIMANT, ALISA ROUNDTREE'S OBJECTIONS TO THE CLASS SETTLEMENT</u>

COMES NOW, Claimant, ALISA ROUNDTREE, and hereby serves this Objection to the Chinese Drywall Settlement and would state as follows:

I am a claimant listed in the *Brooke* Complaint and my affected property address is 4429 NW 33rd Court, Miami, Florida 33142. I have been living in this property since 2006, and I continue to suffer the ill effects of the defective Chinese drywall. My AC and appliances have all been destroyed several times and needed replacement. Aside from remediation damages, I have suffered damages for the loss of use and enjoyment of my home, diminution in value of my home, mental anguish, and inconvenience.  The estimated gross allocation amount that was provided to me is simply unacceptable.

I am asserting an objection on behalf of myself and all *Brooke* Complaint claimants and on behalf of claimants with drywall under category "J" as discussed in the Allocation Neutral report. I do not intend on appearing at the Fairness Hearing but if an appearance would aid this Honorable Court in reaching a fair result, I would happily attend if needed. My hope is that this

Honorable Court will consider my story and provide some relief from the settlement amount being offered to me and others in my position.

### OBJECTION AS TO BROOKE COMPLAINT DEDUCTION

I understand everyone is anxious to end this difficult litigation and move on with their lives. However, I do not believe it should end by essentially wholesaling homeowner's property claims which is what the allocation neutral report does by ascribing a 20% value to my case simply because there is more work to do. It is not our fault that the discovery and litigation necessary to move the *Brooke* Complaint case to resolution was stayed or halted for several years. I can attest that I stood ready to provide whatever was needed to move this case forward.

In my opinion, most, if not all the work or discovery should have already been determined by now after several years in this litigation. The information that has been obtained from the *Amorin* lawsuit should by now be established so that the claimants in the *Brooke* Complaint can take advantage and have their cases streamlined to resolution or at least a jury trial. It is my understanding that the issues of product ID and the State of Limitations which have been contested have by now been argued and determined. We do not see why at this time any *Brooke* claimant should be deducted such a significant amount of their settlement after all the harms and losses we have suffered.

### OBJECTION AS TO CATEGORY "J" DEDUCTION

My home contained drywall with markings categorized under "J" – Various Dimensions, including 4xfeetx12x1/2inch. In reading the special master report regarding the product ID findings, I do not understand how some drywall with those markings are related to or admitted by Taishan, and others are not. It appears my drywall is #8 in the catalogue so I get another significant deduction from my settlement offer as it is drywall that Taishan disputes being related

to them. The fact that Taishan admits to manufacturing some of the drywall in this category should bolster the Plaintiffs' claims that they should be held responsible for it. In addition, Taishan ignored this litigation and violated several court orders for several years. They made everyone wait almost a decade for these results. Taishan should not now be rewarded with the benefit of the doubt as to the drywall in dispute. We believe sufficient evidence has been presented by the Plaintiff's Steering Committee to show that the Defendants should be held responsible for all the defective drywall under category "J".

## CONCLUSION

For all the above reasons, I humbly request that this Honorable Court review the terms and breakdown of the settlement and provide relief to the Plaintiffs. The Defendants have neglected this case for a long time and now want to benefit from arbitrary product identification and timeliness of claims against them. We pray this Honorable Court do the right thing and rule in the interest of fairness.

Alisa Roundtree
4429 NW 33rd Court
Miami, FL 33142
Phone: (786) 246-2181
Email: ajr_73@hotmail.com

11-7-19
Date

PITNEY BOWES

$006.950

02 1P
0000780493   NOV 07 2019
MAILED FROM ZIP CODE 34134

UNITED STATES POSTAGE

CERTIFIED MAIL®

7018 1830 0001 3646 4835

Patrick S. Montoya
Colson, Hicks, Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

33134874|4 C037

PW Parker | Waichman
A NATION/
27300 Riverview Center Boulevard Suite 103 | Bonita Springs.

RECEIVED
NOV 13 2019
BY:

# PW Parker | Waichman LLP
### A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | WASHINGTON, D.C. | FLORIDA

27300 Riverview Center Boulevard
Suite 103
Bonita Springs, Florida 34134
Phone:239-390-1000
Fax:239-390-0055
800.LAW.INFO (529.4636)
www.yourlawyer.com

November 7, 2019

**Via certified mail: 7018 1830 0001 3646 4804**   **Via certified mail: 7018 1830 0001 3646 4828**
Arnold Levin and Sandra L. Duggan        Richard J. Serpe
510 Walnut Street, Suite 500             Law Offices of Richard J. Serpe, PC
Philadelphia, PA 19106                   580 East Main Street, Suite 310
                                         Norfolk, VA 23510

**Via certified mail: 7018 1830 0001 3646 4811**   **Via certified mail: 7018 1830 0001 3646 4835**
Stephen J. Herman                        Patrick S. Montoya
Herman, Herman & Katz, LLC               Colson Hicks Eidson
820 O'Keefe Avenue                       255 Alhambra Circle, Penthouse
New Orleans, LA 70113                    Coral Gables, FL 33134

RE:   **Our Client:**          **Alisa J. Roundtree**
      **Property Address:**    **4429 NW 33 Ct., Miami, FL 33142**

Dear Sir or Madam:

Enclosed please find an objection submitted by our client, Alisa J. Roundtree, regarding the class settlement. She has asked us to forward it to your attention.

If you have any questions, please don't hesitate to contact us.

Yours very truly,

Francisco A. Albites

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  CHINESE-MANUFACTURED | ) | **MDL NO. 2047** |
| DRYWALL PRODUCTS LIABILITY | ) | **SECTION: L** |
| LITIGATION | ) | **JUDGE FALLON** |
| | ) | |
| | ) | **MAG.JUDGE WILKINSON** |
| THIS DOCUMENT RELATED TO: | ) | |
| ALL *BROOKE* FLORIDA CASES | ) | |
| | ) | |

_____

## CLAIMANT, ALISA ROUNDTREE'S OBJECTIONS TO THE CLASS SETTLEMENT

COMES NOW, Claimant, ALISA ROUNDTREE, and hereby serves this Objection to the Chinese Drywall Settlement and would state as follows:

I am a claimant listed in the *Brooke* Complaint and my affected property address is 4429 NW 33rd Court, Miami, Florida 33142. I have been living in this property since 2006, and I continue to suffer the ill effects of the defective Chinese drywall. My AC and appliances have all been destroyed several times and needed replacement. Aside from remediation damages, I have suffered damages for the loss of use and enjoyment of my home, diminution in value of my home, mental anguish, and inconvenience.  The estimated gross allocation amount that was provided to me is simply unacceptable.

I am asserting an objection on behalf of myself and all *Brooke* Complaint claimants and on behalf of claimants with drywall under category "J" as discussed in the Allocation Neutral report. I do not intend on appearing at the Fairness Hearing but if an appearance would aid this Honorable Court in reaching a fair result, I would happily attend if needed. My hope is that this

Honorable Court will consider my story and provide some relief from the settlement amount being offered to me and others in my position.

## OBJECTION AS TO BROOKE COMPLAINT DEDUCTION

I understand everyone is anxious to end this difficult litigation and move on with their lives. However, I do not believe it should end by essentially wholesaling homeowner's property claims which is what the allocation neutral report does by ascribing a 20% value to my case simply because there is more work to do. It is not our fault that the discovery and litigation necessary to move the *Brooke* Complaint case to resolution was stayed or halted for several years. I can attest that I stood ready to provide whatever was needed to move this case forward.

In my opinion, most, if not all the work or discovery should have already been determined by now after several years in this litigation. The information that has been obtained from the *Amorin* lawsuit should by now be established so that the claimants in the *Brooke* Complaint can take advantage and have their cases streamlined to resolution or at least a jury trial. It is my understanding that the issues of product ID and the State of Limitations which have been contested have by now been argued and determined. We do not see why at this time any *Brooke* claimant should be deducted such a significant amount of their settlement after all the harms and losses we have suffered.

## OBJECTION AS TO CATEGORY "J" DEDUCTION

My home contained drywall with markings categorized under "J" – Various Dimensions, including 4xfeetx12x1/2inch. In reading the special master report regarding the product ID findings, I do not understand how some drywall with those markings are related to or admitted by Taishan, and others are not. It appears my drywall is #8 in the catalogue so I get another significant deduction from my settlement offer as it is drywall that Taishan disputes being related

to them. The fact that Taishan admits to manufacturing some of the drywall in this category should bolster the Plaintiffs' claims that they should be held responsible for it. In addition, Taishan ignored this litigation and violated several court orders for several years. They made everyone wait almost a decade for these results. Taishan should not now be rewarded with the benefit of the doubt as to the drywall in dispute. We believe sufficient evidence has been presented by the Plaintiff's Steering Committee to show that the Defendants should be held responsible for all the defective drywall under category "J".

## CONCLUSION

For all the above reasons, I humbly request that this Honorable Court review the terms and breakdown of the settlement and provide relief to the Plaintiffs. The Defendants have neglected this case for a long time and now want to benefit from arbitrary product identification and timeliness of claims against them. We pray this Honorable Court do the right thing and rule in the interest of fairness.

Alisa Roundtree
4429 NW 33rd Court
Miami, FL 33142
Phone: (786) 246-2181
Email: ajr_73@hotmail.com

11-7-19
Date

 Parker | Waichr
A NATI
27300 Riverview Center Boulevard Suite 103 | Bonita Spri



**CERTIFIED MAIL**

7018 1830 0001 3646 4828



Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main Street, Suite 310
Norfolk, VA 23510



23510-232385