# EXHIBIT "3"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY          MDL No. 2047
LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:          JUDGE FALLON
                                   MAGISTRATE JUDGE WILKINSON


**RE: Class Settlement with Taishan Gypsum Company LTD**

To whom it may concern:

This objection applies only to me, Lori Ann Staton and I do not plan to attend the Fairness Hearing.

Respectfully, I am objecting the current settlement award of $37,462.21 being offered to me in the Class Settlement with Taishan. For the avoidance of doubt, I want to continue to participate in this Settlement and this letter serves as an objection to the award amount and a request for an increase in the settlement award.

**Request:** Increase award amount from $37,462.21 to $96,838.21.

The basis for my request for an increase in the settlement award is as follows:

Previously, in the Global Settlements, I received settlements for my Alternative Living Expenses and Other Losses. My original award for Other Losses, which included my loss of equity in my home located at 1216 Magnolia Alley, Mandeville, LA 70471, due to tainted Chinese Drywall, was originally awarded in the amount of $10,000. Since the award of $10,000 was not fair or reasonable, we objected to the Special Master, who then ruled my Other Losses totaled $170,000 vs. the original award of $10,000. Due to the limitation of funds in the settlement, I only received $73,161.79 which means by claim in this litigation still had an outstanding balance due to me of $96,838.21 (Calculation: $170,000 less $73,161.79). Since the current settlement being offered is estimated at $37,462.21, which has a chance of being further reduced by the time I receive the funds, I would be effectively giving up or losing $59,376.00 (Calculation: $96,838.21 less $37,462.21) which would be an injustice after waiting nearly a decade to fully resolve this matter. This objection and request for an increase in the settlement is reasonable and justified considering (a) it is based on the amount of the previous award (determined by the appeal to the Special Master for the Global Settlement) which was not fully received because of insufficient funds in the Global Settlement and (b) conservative request considering the time period for resolution has been in excess of 10 years and no interest is being included in the award or requested in this objection.

I understand that this settlement has a different formula than what was used in the Global Settlement; however, if a determination was already made by the Special Master of what my claim was worth, it

seems reasonable and fair that I should receive the higher of those two calculations – which is not currently the case. Based on the methodology/calculations used for the current award, it appears that I am being penalized twice -- first by the Global Settlement not paying the awarded amount due to insufficient funds and now because I made an earlier recovery. Neither time am I being made close to whole.

Based on the above, I am respectfully requesting my award to be increased to $96,838.21 which seems to be a fair and reasonable approach to resolve my case.

**Reference Information:**

MDL No. 2047

**I am a named plaintiff in the cases:** Payton (09-7628), Haya (11-1077), Amorin (11-1395, 11-1672, and 11-1673)

**Affected Property:** Previous home located at 1216 Magnolia Alley, Mandeville, LA 700471. Once it was discovered in 2009 that my home/the affected property had tainted Chinese Drywall throughout the entire house, I moved out of the house due to the uncertainty of potential health hazards associated with tainted Chinese Drywall. The house/affected property remained vacant until it was sold at a loss in 2010 due to tainted Chinese Drywall.

**Contact Information:**
Lori Staton
Address: 133 Charleston Park, Metairie, LA  70005
Telephone# (504) 616-5328
e-mail: mandevillehouse@aol.com


Respectfully Submitted,

Lori Ann Staton

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Hwy, Ste. B
LaPlace, LA 70068

# BECNEL LAW FIRM, L.L. C.

## www.becnellaw.com

Daniel E. Becnel, Jr.*

Kevin P. Klibert
Salvadore Christina, Jr.
Toni S. Becnel
*Retired (1969-2015)

425 W. Airline Hwy, Suite B
LaPlace, LA 70068
Phone No. 985.536.1186
Fax No. 985.536-6445

Writer's email: schristina@becnellaw.com

November 22, 2019

Arnold Levin and Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

RE: In Re: Chinese Manufactured Dyrwall Products Liability Litigation; MDL 2047
Objection of Lori Staton

Dear Arnold and Sandy;

Please find enclosed the objection to the Taishan Settlement from Lori Staton.

Sincerely,

Salvadore Christina, Jr.

Enclosure

CC: Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main St., Suite 310
Norfolk, VA 23510

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle
Penthouse, Coral Gables, FL 33134



**BECNEL LAW FIRM, LLC**
ATTORNEYS AND COUNSELORS AT LAW
NOTARIES PUBLIC

106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084

RECEIVED NOV 2 3 2019

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

NEW ORLEANS
LA 700
22 NOV '19
PM 1 L

02 1P
0000929924
MAILED FROM ZIP CODE 70068
UNITED STATES POSTAGE
$ 000.500
PITNEY BOWES
NOV 22 2019

# BECNEL LAW FIRM, L.L. C.

## www.becnellaw.com

DANIEL E. BECNEL, JR.*

KEVIN P. KLIBERT
SALVADORE CHRISTINA, JR.
TONI S. BECNEL
*RETIRED (1969-2015)*

425 W. AIRLINE HWY, SUITE B
LAPLACE, LA 70068
PHONE NO. 985.536.1186
FAX NO. 985.536-6445

WRITER'S EMAIL: SCHRISTINA@BECNELLAW.COM

November 22, 2019

Arnold Levin and Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

RE: In Re: Chinese Manufactured Dyrwall Products Liability Litigation; MDL 2047
Objection of Lori Staton

Dear Arnold and Sandy;

Please find enclosed the objection to the Taishan Settlement from Lori Staton.

Sincerely,

Salvadore Christina, Jr.

Enclosure

CC: Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main St., Suite 310
Norfolk, VA 23510

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle
Penthouse, Coral Gables, FL 33134

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY　　　　　MDL No. 2047
LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:　　　　　JUDGE FALLON
　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE WILKINSON


**RE: Class Settlement with Taishan Gypsum Company LTD**

To whom it may concern:

This objection applies only to me, Lori Ann Staton and I do not plan to attend the Fairness Hearing.

Respectfully, I am objecting the current settlement award of $37,462.21 being offered to me in the Class Settlement with Taishan. For the avoidance of doubt, I want to continue to participate in this Settlement and this letter serves as an objection to the award amount and a request for an increase in the settlement award.

**Request:** Increase award amount from $37,462.21 to $96,838.21.

The basis for my request for an increase in the settlement award is as follows:

Previously, in the Global Settlements, I received settlements for my Alternative Living Expenses and Other Losses. My original award for Other Losses, which included my loss of equity in my home located at 1216 Magnolia Alley, Mandeville, LA 70471, due to tainted Chinese Drywall, was originally awarded in the amount of $10,000. Since the award of $10,000 was not fair or reasonable, we objected to the Special Master, who then ruled my Other Losses totaled $170,000 vs. the original award of $10,000. Due to the limitation of funds in the settlement, I only received $73,161.79 which means by claim in this litigation still had an outstanding balance due to me of $96,838.21 (Calculation: $170,000 less $73,161.79). Since the current settlement being offered is estimated at $37,462.21, which has a chance of being further reduced by the time I receive the funds, I would be effectively giving up or losing $59,376.00 (Calculation: $96,838.21 less $37,462.21) which would be an injustice after waiting nearly a decade to fully resolve this matter. This objection and request for an increase in the settlement is reasonable and justified considering (a) it is based on the amount of the previous award (determined by the appeal to the Special Master for the Global Settlement) which was not fully received because of insufficient funds in the Global Settlement and (b) conservative request considering the time period for resolution has been in excess of 10 years and no interest is being included in the award or requested in this objection.

I understand that this settlement has a different formula than what was used in the Global Settlement; however, if a determination was already made by the Special Master of what my claim was worth, it

seems reasonable and fair that I should receive the higher of those two calculations – which is not currently the case. Based on the methodology/calculations used for the current award, it appears that I am being penalized twice -- first by the Global Settlement not paying the awarded amount due to insufficient funds and now because I made an earlier recovery. Neither time am I being made close to whole.

Based on the above, I am respectfully requesting my award to be increased to $96,838.21 which seems to be a fair and reasonable approach to resolve my case.

**Reference Information:**

**MDL No. 2047**

**I am a named plaintiff in the cases:** Payton (09-7628), Haya (11-1077), Amorin (11-1395, 11-1672, and 11-1673)

**Affected Property:** Previous home located at 1216 Magnolia Alley, Mandeville, LA 700471. Once it was discovered in 2009 that my home/the affected property had tainted Chinese Drywall throughout the entire house, I moved out of the house due to the uncertainty of potential health hazards associated with tainted Chinese Drywall. The house/affected property remained vacant until it was sold at a loss in 2010 due to tainted Chinese Drywall.

**Contact Information:**
Lori Staton
Address: 133 Charleston Park, Metairie, LA 70005
Telephone# (504) 616-5328
e-mail: mandevillehouse@aol.com


Respectfully Submitted,

*Lori Ann Staton* (signature)
Lori Ann Staton

*Salvadore Christina, Jr.* (signature)
Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Hwy, Ste. B
LaPlace, LA 70068

**BECNEL LAW FIRM, LLC**
ATTORNEYS AND COUNSELORS AT LAW
NOTARIES PUBLIC

106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084

NEW ORLEANS
LA 700
22 NOV '19
PM 3 L

US POSTAGE $000.50⁰
PITNEY BOWES
NOV 22 2019
MAILED FROM ZIP CODE 70068

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

# BECNEL LAW FIRM, L.L.C.
## www.becnellaw.com

**DANIEL E. BECNEL, JR.***

KEVIN P. KLIBERT
SALVADORE CHRISTINA, JR.
TONI S. BECNEL
*RETIRED (1969-2015)*

425 W. AIRLINE HWY, SUITE B
LAPLACE, LA 70068
PHONE NO. 985.536.1186
FAX NO. 985.536-6445

WRITER'S EMAIL: SCHRISTINA@BECNELLAW.COM

November 22, 2019

Arnold Levin and Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

RE:  In Re: Chinese Manufactured Dyrwall Products Liability Litigation; MDL 2047
     Objection of Lori Staton

Dear Arnold and Sandy;

Please find enclosed the objection to the Taishan Settlement from Lori Staton.

Sincerely,

Salvadore Christina, Jr.

Enclosure

CC:  Richard J. Serpe
     Law Offices of Richard J. Serpe, PC
     580 East Main St., Suite 310
     Norfolk, VA 23510

     Stephen J. Herman
     Herman, Herman & Katz, LLC
     820 O'Keefe Ave.
     New Orleans, LA 70113

     Patrick S. Montoya
     Colson Hicks Eidson
     255 Alhambra Circle
     Penthouse, Coral Gables, FL 33134

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY            MDL No. 2047
LITIGATION

SECTION: L

THIS DOCUMENT RELATES TO:             JUDGE FALLON
                                      MAGISTRATE JUDGE WILKINSON


**RE: Class Settlement with Taishan Gypsum Company LTD**

To whom it may concern:

This objection applies only to me, Lori Ann Staton and I do not plan to attend the Fairness Hearing.

Respectfully, I am objecting the current settlement award of $37,462.21 being offered to me in the Class Settlement with Taishan. For the avoidance of doubt, I want to continue to participate in this Settlement and this letter serves as an objection to the award amount and a request for an increase in the settlement award.

**Request:** Increase award amount from $37,462.21 to $96,838.21.

The basis for my request for an increase in the settlement award is as follows:

Previously, in the Global Settlements, I received settlements for my Alternative Living Expenses and Other Losses. My original award for Other Losses, which included my loss of equity in my home located at 1216 Magnolia Alley, Mandeville, LA 70471, due to tainted Chinese Drywall, was originally awarded in the amount of $10,000. Since the award of $10,000 was not fair or reasonable, we objected to the Special Master, who then ruled my Other Losses totaled $170,000 vs. the original award of $10,000. Due to the limitation of funds in the settlement, I only received $73,161.79 which means by claim in this litigation still had an outstanding balance due to me of $96,838.21 (Calculation: $170,000 less $73,161.79). Since the current settlement being offered is estimated at $37,462.21, which has a chance of being further reduced by the time I receive the funds, I would be effectively giving up or losing $59,376.00 (Calculation: $96,838.21 less $37,462.21) which would be an injustice after waiting nearly a decade to fully resolve this matter. This objection and request for an increase in the settlement is reasonable and justified considering (a) it is based on the amount of the previous award (determined by the appeal to the Special Master for the Global Settlement) which was not fully received because of insufficient funds in the Global Settlement and (b) conservative request considering the time period for resolution has been in excess of 10 years and no interest is being included in the award or requested in this objection.

I understand that this settlement has a different formula than what was used in the Global Settlement; however, if a determination was already made by the Special Master of what my claim was worth, it

seems reasonable and fair that I should receive the higher of those two calculations – which is not currently the case. Based on the methodology/calculations used for the current award, it appears that I am being penalized twice -- first by the Global Settlement not paying the awarded amount due to insufficient funds and now because I made an earlier recovery. Neither time am I being made close to whole.

Based on the above, I am respectfully requesting my award to be increased to $96,838.21 which seems to be a fair and reasonable approach to resolve my case.

**Reference Information:**

**MDL No. 2047**

**I am a named plaintiff in the cases:** Payton (09-7628), Haya (11-1077), Amorin (11-1395, 11-1672, and 11-1673)

**Affected Property:** Previous home located at 1216 Magnolia Alley, Mandeville, LA 700471. Once it was discovered in 2009 that my home/the affected property had tainted Chinese Drywall throughout the entire house, I moved out of the house due to the uncertainty of potential health hazards associated with tainted Chinese Drywall. The house/affected property remained vacant until it was sold at a loss in 2010 due to tainted Chinese Drywall.

**Contact Information:**
Lori Staton
Address: 133 Charleston Park, Metairie, LA 70005
Telephone# (504) 616-5328
e-mail: mandevillehouse@aol.com

Respectfully Submitted,

*[signature]*
Lori Ann Staton

*[signature]*
Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Hwy, Ste. B
LaPlace, LA 70068

NEW ORLEANS
LA 700
22 NOV '19
PM 2 L

BECNEL LAW FIRM, LLC

ATTORNEYS AND COUNSELORS AT LAW

NOTARIES PUBLIC

106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle
Coral Gables, FL 33134

RECEIVED
NOV 26 2019
by: Williams

# BECNEL LAW FIRM, L.L. C.

## www.becnellaw.com

**DANIEL E. BECNEL, JR.***

KEVIN P. KLIBERT
SALVADORE CHRISTINA, JR.
TONI S. BECNEL
*RETIRED (1969-2015)*

425 W. AIRLINE HWY, SUITE B
LAPLACE, LA 70068
PHONE NO. 985.536.1186
FAX NO. 985.536-6445

WRITER'S EMAIL: SCHRISTINA@BECNELLAW.COM

November 22, 2019

Arnold Levin and Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

RE: In Re: Chinese Manufactured Dyrwall Products Liability Litigation; MDL 2047
Objection of Lori Staton

Dear Arnold and Sandy;

Please find enclosed the objection to the Taishan Settlement from Lori Staton.

Sincerely,

Salvadore Christina, Jr.

Enclosure

CC: Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main St., Suite 310
Norfolk, VA 23510

Stephen J. Herman
Herman, Herman & Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle
Penthouse, Coral Gables, FL 33134

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY           MDL No. 2047
LITIGATION
                                     SECTION: L

THIS DOCUMENT RELATES TO:            JUDGE FALLON
                                     MAGISTRATE JUDGE WILKINSON

RE: Class Settlement with Taishan Gypsum Company LTD

To whom it may concern:

This objection applies only to me, Lori Ann Staton and I do not plan to attend the Fairness Hearing.

Respectfully, I am objecting the current settlement award of $37,462.21 being offered to me in the Class Settlement with Taishan. For the avoidance of doubt, I want to continue to participate in this Settlement and this letter serves as an objection to the award amount and a request for an increase in the settlement award.

**Request:** Increase award amount from $37,462.21 to $96,838.21.

The basis for my request for an increase in the settlement award is as follows:

Previously, in the Global Settlements, I received settlements for my Alternative Living Expenses and Other Losses. My original award for Other Losses, which included my loss of equity in my home located at 1216 Magnolia Alley, Mandeville, LA 70471, due to tainted Chinese Drywall, was originally awarded in the amount of $10,000. Since the award of $10,000 was not fair or reasonable, we objected to the Special Master, who then ruled my Other Losses totaled $170,000 vs. the original award of $10,000. Due to the limitation of funds in the settlement, I only received $73,161.79 which means by claim in this litigation still had an outstanding balance due to me of $96,838.21 (Calculation: $170,000 less $73,161.79). Since the current settlement being offered is estimated at $37,462.21, which has a chance of being further reduced by the time I receive the funds, I would be effectively giving up or losing $59,376.00 (Calculation: $96,838.21 less $37,462.21) which would be an injustice after waiting nearly a decade to fully resolve this matter. This objection and request for an increase in the settlement is reasonable and justified considering (a) it is based on the amount of the previous award (determined by the appeal to the Special Master for the Global Settlement) which was not fully received because of insufficient funds in the Global Settlement and (b) conservative request considering the time period for resolution has been in excess of 10 years and no interest is being included in the award or requested in this objection.

I understand that this settlement has a different formula than what was used in the Global Settlement; however, if a determination was already made by the Special Master of what my claim was worth, it

seems reasonable and fair that I should receive the higher of those two calculations – which is not currently the case. Based on the methodology/calculations used for the current award, it appears that I am being penalized twice -- first by the Global Settlement not paying the awarded amount due to insufficient funds and now because I made an earlier recovery. Neither time am I being made close to whole.

Based on the above, I am respectfully requesting my award to be increased to $96,838.21 which seems to be a fair and reasonable approach to resolve my case.

**Reference Information:**

**MDL No. 2047**

**I am a named plaintiff in the cases:** Payton (09-7628), Haya (11-1077), Amorin (11-1395, 11-1672, and 11-1673)

**Affected Property:** Previous home located at 1216 Magnolia Alley, Mandeville, LA 700471. Once it was discovered in 2009 that my home/the affected property had tainted Chinese Drywall throughout the entire house, I moved out of the house due to the uncertainty of potential health hazards associated with tainted Chinese Drywall. The house/affected property remained vacant until it was sold at a loss in 2010 due to tainted Chinese Drywall.

**Contact Information:**
Lori Staton
Address: 133 Charleston Park, Metairie, LA 70005
Telephone# (504) 616-5328
e-mail: mandevillehouse@aol.com

Respectfully Submitted,

Lori Ann Staton

Salvadore Christina, Jr.
Becnel Law Firm, LLC
425 W. Airline Hwy, Ste. B
LaPlace, LA 70068

**BECNEL LAW FIRM, LLC**

ATTORNEYS AND COUNSELORS AT LAW
NOTARIES PUBLIC

106 WEST SEVENTH STREET
P.O. DRAWER H
RESERVE, LOUISIANA 70084

NEW ORLEANS
LA 700
22 NOV '19
PM 1 L



$ 000.50⁰
0000929924   NOV 22 2019
MAILED FROM ZIP CODE 70068

Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main St., Suite 310
Norfolk, VA 23510

23510-232385