# EXHIBIT "4"

**Charles S. Caulkins**
**362 SE 26th Avenue**
**Fort Lauderdale, FL 33301**
**954-847-4700**

November 27, 2019

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman, LLP
510 Walnut Street, Suite 500
Philadelphia, PA  19106

    Re:    Objection to Settlement Formula
              MDL 2047

Dear Ms. Dugan and Mr. Levin:

    I am a member of the <u>Brooke</u> action.  Enclosed please find my objection to the settlement formula.  Please process the enclosed for filing.  Also, please forward to me copies of any other objections filed in this matter.

    Thank you.

                                                        Very truly yours,

                                                       Charles S. Caulkins

Enclosure

cc:    Richard J. Serpe, Esquire
       Stephen J. Herman, Esquire
       Patrick S. Montoya, Esquire
       Emma Kingsdorf Schwab, Attorney (via email: eschwab@bkc-law.com)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

MDL NO.: 2047

IN RE:

Chinese –Manufactured Products Liability Litigation
_____/

## OBJECTION BY CHARLES CAULKINS TO PROPOSED SETTLEMENT FORMULA

Charles S. Caulkins ("Caulkins") hereby files this objection to the settlement formula proposed by the Claims Administrator for this Brooke action plaintiff.

Caulkins is in the Brooke action. His property is a single family residence located at 362 S.E. 26th Avenue, Fort Lauderdale, Florida. His claim is listed on the Settlement website as claim number 482 (on page 61). This objection specifically applies to Objector Caulkins although the rationale of the objection would apply to other Brooke plaintiffs.

## GROUNDS FOR OBJECTION

This objection is to the allocation model proposed by the Claims Administrator. This proposed allocation formula provides the Brooke plaintiff's with a 20% allocation as compared to 100% for the Amorin class members. The Claims Administrator is stated rationale for this drastic difference is that the Brooke defendants have not answered, there has been no discovery and the class has not been certified. He also alludes to "vavious defenses," including the statute of limitations.

This rather generalized basis does not support the drastic 80% reduction in the allocation determination. There is millions of dollars of damage that is wiped out by the proposed allocation. This is not substantiated by the cited factors of no discovery or class certification. The Chinese manufacturers have quite a negative history with their defective products imported into the United

1

States. Thousands of consumers have been damaged. Caulkins' damage exceeds $100,000.00. It is hard to fathom why class certification of the Brooke plaintiffs would be contestable. While the cost of discovery would entail more prolonged time and effort, the burden would mostly fall on the Defendants, thus providing significant incentive on them to settle the claims. Although the Claims Administrator suggests Defendants may have "various defenses," the primary risk for the Brooke plaintiffs appears to be questions on the statute of limitations. The proposed allocation theory of an 80% reduction suggests that the Claims Administrator believes these are very significant impediments to the Brooke plaintiff, perhaps to a near slam dunk.

Objector Caulkins contends that while there are certainly legal and factual questions on the Florida Statue of Limitations applied to his claim, they are not to such a certainty to justify wiping out 80% of his claim.

## CONCLUSION

The Claims Administrator's Allocation Model is not justified. It is so far out of proportionality that it raises a question of fairness for the Court to review. Objector Caulkins requests that the Court reject the proposal and either conclude that a fair and just proportion for Caulkins is 70% or remand this matter to the Claims Administrator with instructions to revise the allocation formula for the Caulkins claim to something more favorable to him.

Objector Caulkins does not intend to appear Fairness Hearing.

Dated: November 27, 2019

Respectfully submitted,

By: _____
Charles S. Caulkins
362 S. E. 26th Avenue
Fort Lauderdale, Florida 33301
(954)847-4700
charlescaulkins@yahoo.com

2



US POSTAGE PITNEY BOWES
$ 000.50
ZIP 33301
02 1W
0001370882 NOV 27 2019

MIAMI FL 331
25 NOV ACM'19
PM 5 L

Stephen J. Herman, Esquire
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA  70113

70113-11252O

Charles S. Caulkins
362 SE. 26th Avenue
Fort Lauderdale, FL 33301

RECEIVED
DEC 03 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

MDL NO.: 2047

IN RE:

Chinese –Manufactured Products Liability Litigation
_____/

## OBJECTION BY CHARLES CAULKINS TO PROPOSED SETTLEMENT FORMULA

Charles S. Caulkins ("Caulkins") hereby files this objection to the settlement formula proposed by the Claims Administrator for this Brooke action plaintiff.

Caulkins is in the Brooke action. His property is a single family residence located at 362 S.E. 26th Avenue, Fort Lauderdale, Florida. His claim is listed on the Settlement website as claim number 482 (on page 61). This objection specifically applies to Objector Caulkins although the rationale of the objection would apply to other Brooke plaintiffs.

## GROUNDS FOR OBJECTION

This objection is to the allocation model proposed by the Claims Administrator. This proposed allocation formula provides the Brooke plaintiff's with a 20% allocation as compared to 100% for the Amorin class members. The Claims Administrator is stated rationale for this drastic difference is that the Brooke defendants have not answered, there has been no discovery and the class has not been certified. He also alludes to "vavious defenses," including the statute of limitations.

This rather generalized basis does not support the drastic 80% reduction in the allocation determination. There is millions of dollars of damage that is wiped out by the proposed allocation. This is not substantiated by the cited factors of no discovery or class certification. The Chinese manufacturers have quite a negative history with their defective products imported into the United

1

States. Thousands of consumers have been damaged. Caulkins' damage exceeds $100,000.00. It is hard to fathom why class certification of the Brooke plaintiffs would be contestable. While the cost of discovery would entail more prolonged time and effort, the burden would mostly fall on the Defendants, thus providing significant incentive on them to settle the claims. Although the Claims Administrator suggests Defendants may have "various defenses," the primary risk for the Brooke plaintiffs appears to be questions on the statute of limitations. The proposed allocation theory of an 80% reduction suggests that the Claims Administrator believes these are very significant impediments to the Brooke plaintiff, perhaps to a near slam dunk.

Objector Caulkins contends that while there are certainly legal and factual questions on the Florida Statue of Limitations applied to his claim, they are not to such a certainty to justify wiping out 80% of his claim.

## CONCLUSION

The Claims Administrator's Allocation Model is not justified. It is so far out of proportionality that it raises a question of fairness for the Court to review. Objector Caulkins requests that the Court reject the proposal and either conclude that a fair and just proportion for Caulkins is 70% or remand this matter to the Claims Administrator with instructions to revise the allocation formula for the Caulkins claim to something more favorable to him.

Objector Caulkins does not intend to appear Fairness Hearing.

Dated: November 27, 2019

Respectfully submitted,

By: _____
Charles S. Caulkins
362 S. E. 26th Avenue
Fort Lauderdale, Florida 33301
(954)847-4700
charlescaulkins@yahoo.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

MDL NO.: 2047

IN RE:

Chinese –Manufactured Products Liability Litigation
_____/

## OBJECTION BY CHARLES CAULKINS TO PROPOSED SETTLEMENT FORMULA

Charles S. Caulkins ("Caulkins") hereby files this objection to the settlement formula proposed by the Claims Administrator for this Brooke action plaintiff.

Caulkins is in the Brooke action. His property is a single family residence located at 362 S.E. 26th Avenue, Fort Lauderdale, Florida. His claim is listed on the Settlement website as claim number 482 (on page 61). This objection specifically applies to Objector Caulkins although the rationale of the objection would apply to other Brooke plaintiffs.

## GROUNDS FOR OBJECTION

This objection is to the allocation model proposed by the Claims Administrator. This proposed allocation formula provides the Brooke plaintiff's with a 20% allocation as compared to 100% for the Amorin class members. The Claims Administrator is stated rationale for this drastic difference is that the Brooke defendants have not answered, there has been no discovery and the class has not been certified. He also alludes to "vavious defenses," including the statute of limitations.

This rather generalized basis does not support the drastic 80% reduction in the allocation determination. There is millions of dollars of damage that is wiped out by the proposed allocation. This is not substantiated by the cited factors of no discovery or class certification. The Chinese manufacturers have quite a negative history with their defective products imported into the United

1

States. Thousands of consumers have been damaged. Caulkins' damage exceeds $100,000.00. It is hard to fathom why class certification of the Brooke plaintiffs would be contestable. While the cost of discovery would entail more prolonged time and effort, the burden would mostly fall on the Defendants, thus providing significant incentive on them to settle the claims. Although the Claims Administrator suggests Defendants may have "various defenses," the primary risk for the Brooke plaintiffs appears to be questions on the statute of limitations. The proposed allocation theory of an 80% reduction suggests that the Claims Administrator believes these are very significant impediments to the Brooke plaintiff, perhaps to a near slam dunk.

Objector Caulkins contends that while there are certainly legal and factual questions on the Florida Statue of Limitations applied to his claim, they are not to such a certainty to justify wiping out 80% of his claim.

## CONCLUSION

The Claims Administrator's Allocation Model is not justified. It is so far out of proportionality that it raises a question of fairness for the Court to review. Objector Caulkins requests that the Court reject the proposal and either conclude that a fair and just proportion for Caulkins is 70% or remand this matter to the Claims Administrator with instructions to revise the allocation formula for the Caulkins claim to something more favorable to him.

Objector Caulkins does not intend to appear Fairness Hearing.

Dated: November 27, 2019

Respectfully submitted,

By: _____
Charles S. Caulkins
362 S. E. 26th Avenue
Fort Lauderdale, Florida 33301
(954)847-4700
charlescaulkins@yahoo.com

2

**Charles S. Caulkins**
**362 SE 26th Avenue**
**Fort Lauderdale, FL 33301**
**954-847-4700**

November 27, 2019

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman, LLP
510 Walnut Street, Suite 500
Philadelphia, PA  19106

    Re:    Objection to Settlement Formula
              MDL 2047

Dear Ms. Dugan and Mr. Levin:

    I am a member of the <u>Brooke</u> action. Enclosed please find my objection to the settlement formula. Please process the enclosed for filing. Also, please forward to me copies of any other objections filed in this matter.

    Thank you.

                                            Very truly yours,

                                            Charles S. Caulkins

Enclosure

cc:    Richard J. Serpe, Esquire
        Stephen J. Herman, Esquire
        Patrick S. Montoya, Esquire
        Emma Kingsdorf Schwab, Attorney (via email: eschwab@bkc-law.com)



**Charles S. Caulkins**
**362 SE 26th Avenue**
**Fort Lauderdale, FL 33301**
**954-847-4700**

November 27, 2019

Arnold Levin
Sandra L. Duggan
Levin Sedran & Berman, LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

    Re:    Objection to Settlement Formula
            MDL 2047

Dear Ms. Dugan and Mr. Levin:

    I am a member of the <u>Brooke</u> action. Enclosed please find my objection to the settlement formula. Please process the enclosed for filing. Also, please forward to me copies of any other objections filed in this matter.

    Thank you.

                                                           Very truly yours,

                                                          Charles S. Caulkins

Enclosure

cc:    Richard J. Serpe, Esquire
        Stephen J. Herman, Esquire
        Patrick S. Montoya, Esquire
        Emma Kingsdorf Schwab, Attorney (via email: eschwab@bkc-law.com)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

MDL NO.: 2047

IN RE:

Chinese –Manufactured Products Liability Litigation
_____/

## OBJECTION BY CHARLES CAULKINS TO PROPOSED SETTLEMENT FORMULA

Charles S. Caulkins ("Caulkins") hereby files this objection to the settlement formula proposed by the Claims Administrator for this Brooke action plaintiff.

Caulkins is in the Brooke action. His property is a single family residence located at 362 S.E. 26th Avenue, Fort Lauderdale, Florida. His claim is listed on the Settlement website as claim number 482 (on page 61). This objection specifically applies to Objector Caulkins although the rationale of the objection would apply to other Brooke plaintiffs.

## GROUNDS FOR OBJECTION

This objection is to the allocation model proposed by the Claims Administrator. This proposed allocation formula provides the Brooke plaintiff's with a 20% allocation as compared to 100% for the Amorin class members. The Claims Administrator is stated rationale for this drastic difference is that the Brooke defendants have not answered, there has been no discovery and the class has not been certified. He also alludes to "vavious defenses," including the statute of limitations.

This rather generalized basis does not support the drastic 80% reduction in the allocation determination. There is millions of dollars of damage that is wiped out by the proposed allocation. This is not substantiated by the cited factors of no discovery or class certification. The Chinese manufacturers have quite a negative history with their defective products imported into the United

1

States. Thousands of consumers have been damaged. Caulkins' damage exceeds $100,000.00. It is hard to fathom why class certification of the Brooke plaintiffs would be contestable. While the cost of discovery would entail more prolonged time and effort, the burden would mostly fall on the Defendants, thus providing significant incentive on them to settle the claims. Although the Claims Administrator suggests Defendants may have "various defenses," the primary risk for the Brooke plaintiffs appears to be questions on the statute of limitations. The proposed allocation theory of an 80% reduction suggests that the Claims Administrator believes these are very significant impediments to the Brooke plaintiff, perhaps to a near slam dunk.

Objector Caulkins contends that while there are certainly legal and factual questions on the Florida Statue of Limitations applied to his claim, they are not to such a certainty to justify wiping out 80% of his claim.

## CONCLUSION

The Claims Administrator's Allocation Model is not justified. It is so far out of proportionality that it raises a question of fairness for the Court to review. Objector Caulkins requests that the Court reject the proposal and either conclude that a fair and just proportion for Caulkins is 70% or remand this matter to the Claims Administrator with instructions to revise the allocation formula for the Caulkins claim to something more favorable to him.

Objector Caulkins does not intend to appear Fairness Hearing.

Dated: November 27, 2019

Respectfully submitted,

By: _____

Charles S. Caulkins
362 S. E. 26th Avenue
Fort Lauderdale, Florida 33301
(954)847-4700
charlescaulkins@yahoo.com

2

Charles S. Caulkins
362 SE. 26th Avenue
Fort Lauderdale, FL 33301

MIAMI FL 331
29 NOV '19
PM 6 L

$000.50
ZIP 33301
NOV 27 2019

Richard J. Serpe, Esquire
Law Offices of Richard J. Serpe, PC
580 East Main Street, Suite 310
Norfolk, VA 23510

23510-232385