# EXHIBIT "21"

November 27, 2019

From:
Rob and Debbie Hayes
Owners of affected property at:
3935 Butler Springs Way
Hoover, AL 35226

To:
The Lead Counsel Attorneys of MDL 2047

Please see our enclosed letter objecting to the proposed settlement for MDL 2047. To clarify, our representing attorney, Jimmy Doyle, will be signing a copy as well and submitting for us by the deadline. I still wanted to send these letters per the settlement notification instructions so that this objection will be properly registered and heard by the court. At this moment, we will be unable to attend the December fairness hearing, but please let us know if there is any further action required on our part.

Sincerely,

Rob Hayes

*[signature]*

Current mailing address:
69 North Monterey Street
Mobile, AL 36604

Objection to the Proposed Settlement for MDL 2047
Submitted on November 27, 2019

By Rob and Debbie Hayes, owners of affected property at:
3935 Butler Springs Way
Hoover, AL 35226

It has taken 10 years to get to this point. Our oldest daughter, Kate Scot, is 10 years old. We have another daughter, Crosby Caroline, that is 7 years old. They are both beautiful young ladies. We designed and built our dream house prior to having our first child. As Amorin plaintiffs with solid product identification markings of Made in China, Meets or Exceeds, and a clear chain of custody back to Taishan, please find below our objection that is specific to our property, but is likely a very similar objection as many others in the class. Our grounds for objection to the settlement are simple. The estimated amount is woefully inadequate to properly remediate our house, which totally negates the crux of this entire effort. That makes this settlement unfair and unjust for our family who have been living under the black cloud of this lawsuit for over 10 years.

As the settlement form states, "The allocation amount is intended to provide compensation for remediation damages as well as other losses, which include loss of use and enjoyment, lost equity, diminution of value... etc." At this point in our lives and in this lawsuit, we would just like to recover enough funds to have our home properly remediated. It's extremely disappointing that the "other losses" as stated in the settlement form are strictly just words that mean nothing to us. The following paragraphs will describe why.

The estimated gross allocation amount for our property, prior to attorneys fees is $184,768. Using a low-end average remediation cost for my neighborhood ($100/ft2) and multiplying that by our square footage as stated in the settlement spreadsheet (3581 ft2), a fair dollar amount for purely just the remediation of my house would be $358,100. Add 33% on top of that for attorneys fees to get $476,273, and this simple calculation shows that my potential settlement amount of $184K is barely 38% of the cost that will be required for us to repair our home. Forget the other losses, we can't even fix the house.

Or, let's look at this equation another way... If we receive the $184,768 and take out 33% for attorneys fees, that leaves us with $123,795 to remediate our home. With our affected square footage from the spreadsheet, we would have to fix our house for $34/ft2. That's unfair, in any neighborhood.

So, do we opt out and try to fight some more, and wait another 10 years until my daughters are in college, or do we try to recoup this small, unfair amount and then cash out our daughter's college funds to remediate our house? It's sad that my wife and I have decided to stay in the class, but we both agree that we need closure. And that's also why we are filing this objection. We want the court to understand that the true essence of this 10-year debacle and Taishan delay tactic should be full remediation of the defective drywall. That precedent was set by the Knauf proceedings. That's the least that each member of this class should recover. That's fair. Before anything else, the homes should be fully remediated through the allocated funds of this settlement. That would make this a "fair" outcome. We are unable to be present at the fairness hearing in December, but we respectfully enter this objection and ask the court to please increase the dollars of this settlement so that full remediation for our home is achievable.

Signed: _Debbie Hayes_ , _Rob Hayes_ , 11/27/2019

Rob and Debbie Hayes                                    Represented by Jimmy Doyle
205-790-8953 cell                                       of the Doyle Law Firm in Birmingham, AL
Robhayes321@gmail.com
Please note different current mailing address:          Signed: _____
69 North Monterey Street
Mobile, AL 36604

Hayes
69 North Monterey St.
Mobile, AL 36604

Stephen J. Herman
Herman, Herman, and Katz, LLC
820 O'Keefe Ave.
New Orleans, LA 70113

November 27, 2019

From:
Rob and Debbie Hayes
Owners of affected property at:
3935 Butler Springs Way
Hoover, AL  35226

To:
The Lead Counsel Attorneys of MDL 2047

Please see our enclosed letter objecting to the proposed settlement for MDL 2047.  To clarify, our representing attorney, Jimmy Doyle, will be signing a copy as well and submitting for us by the deadline.  I still wanted to send these letters per the settlement notification instructions so that this objection will be properly registered and heard by the court.  At this moment, we will be unable to attend the December fairness hearing, but please let us know if there is any further action required on our part.

Sincerely,

Rob Hayes

*[signature]*

Current mailing address:
69 North Monterey Street
Mobile, AL  36604

Objection to the Proposed Settlement for MDL 2047
Submitted on November 27, 2019

By Rob and Debbie Hayes, owners of affected property at:
3935 Butler Springs Way
Hoover, AL  35226

It has taken 10 years to get to this point.  Our oldest daughter, Kate Scot, is 10 years old.  We have another daughter, Crosby Caroline, that is 7 years old.  They are both beautiful young ladies.  We designed and built our dream house prior to having our first child.  As Amorin plaintiffs with solid product identification markings of Made in China, Meets or Exceeds, and a clear chain of custody back to Taishan, please find below our objection that is specific to our property, but is likely a very similar objection as many others in the class.  Our grounds for objection to the settlement are simple.  The estimated amount is woefully inadequate to properly remediate our house, which totally negates the crux of this entire effort.  That makes this settlement unfair and unjust for our family who have been living under the black cloud of this lawsuit for over 10 years.

As the settlement form states, "The allocation amount is intended to provide compensation for remediation damages as well as other losses, which include loss of use and enjoyment, lost equity, diminution of value… etc."  At this point in our lives and in this lawsuit, we would just like to recover enough funds to have our home properly remediated.  It's extremely disappointing that the "other losses" as stated in the settlement form are strictly just words that mean nothing to us.  The following paragraphs will describe why.

The estimated gross allocation amount for our property, prior to attorneys fees is $184,768.  Using a low-end average remediation cost for my neighborhood ($100/ft2) and multiplying that by our square footage as stated in the settlement spreadsheet (3581 ft2), a fair dollar amount for purely just the remediation of my house would be $358,100.  Add 33% on top of that for attorneys fees to get $476,273, and this simple calculation shows that my potential settlement amount of $184K is barely 38% of the cost that will be required for us to repair our home.  Forget the other losses, we can't even fix the house.

Or, let's look at this equation another way…  If we receive the $184,768 and take out 33% for attorneys fees, that leaves us with $123,795 to remediate our home.  With our affected square footage from the spreadsheet, we would have to fix our house for $34/ft2.  That's unfair, in any neighborhood.

So, do we opt out and try to fight some more, and wait another 10 years until my daughters are in college, or do we try to recoup this small, unfair amount and then cash out our daughter's college funds to remediate our house?  It's sad that my wife and I have decided to stay in the class, but we both agree that we need closure.  And that's also why we are filing this objection.  We want the court to understand that the true essence of this 10-year debacle and Taishan delay tactic should be full remediation of the defective drywall.  That precedent was set by the Knauf proceedings.  That's the least that each member of this class should recover.  That's fair.  Before anything else, the homes should be fully remediated through the allocated funds of this settlement.  That would make this a "fair" outcome.  We are unable to be present at the fairness hearing in December, but we respectfully enter this objection and ask the court to please increase the dollars of this settlement so that full remediation for our home is achievable.

Signed: _Debbie Hayes_ , _Rob Hayes_ , 11/27/2019

Rob and Debbie Hayes
205-790-8953 cell
Robhayes321@gmail.com
Please note different current mailing address:
69 North Monterey Street
Mobile, AL  36604

Represented by Jimmy Doyle
　　　of the Doyle Law Firm in Birmingham, AL

Signed: _____



Hayes
69 North Monterey St.
Mobile, AL 36604

Arnold Levin and Sandra L. Duggan
Levin Sedran and Berman LLP
510 Walnut St., Suite 500
Philadelphia, PA 19106

November 27, 2019

From:
Rob and Debbie Hayes
Owners of affected property at:
3935 Butler Springs Way
Hoover, AL  35226

To:
The Lead Counsel Attorneys of MDL 2047

Please see our enclosed letter objecting to the proposed settlement for MDL 2047.  To clarify, our representing attorney, Jimmy Doyle, will be signing a copy as well and submitting for us by the deadline. I still wanted to send these letters per the settlement notification instructions so that this objection will be properly registered and heard by the court.  At this moment, we will be unable to attend the December fairness hearing, but please let us know if there is any further action required on our part.

Sincerely,

Rob Hayes

*[signature]*

Current mailing address:
69 North Monterey Street
Mobile, AL  36604

Objection to the Proposed Settlement for MDL 2047
Submitted on November 27, 2019

By Rob and Debbie Hayes, owners of affected property at:
3935 Butler Springs Way
Hoover, AL 35226

It has taken 10 years to get to this point. Our oldest daughter, Kate Scot, is 10 years old. We have another daughter, Crosby Caroline, that is 7 years old. They are both beautiful young ladies. We designed and built our dream house prior to having our first child. As Amorin plaintiffs with solid product identification markings of Made in China, Meets or Exceeds, and a clear chain of custody back to Taishan, please find below our objection that is specific to our property, but is likely a very similar objection as many others in the class. Our grounds for objection to the settlement are simple. The estimated amount is woefully inadequate to properly remediate our house, which totally negates the crux of this entire effort. That makes this settlement unfair and unjust for our family who have been living under the black cloud of this lawsuit for over 10 years.

As the settlement form states, "The allocation amount is intended to provide compensation for remediation damages as well as other losses, which include loss of use and enjoyment, lost equity, diminution of value... etc." At this point in our lives and in this lawsuit, we would just like to recover enough funds to have our home properly remediated. It's extremely disappointing that the "other losses" as stated in the settlement form are strictly just words that mean nothing to us. The following paragraphs will describe why.

The estimated gross allocation amount for our property, prior to attorneys fees is $184,768. Using a low-end average remediation cost for my neighborhood ($100/ft2) and multiplying that by our square footage as stated in the settlement spreadsheet (3581 ft2), a fair dollar amount for purely just the remediation of my house would be $358,100. Add 33% on top of that for attorneys fees to get $476,273, and this simple calculation shows that my potential settlement amount of $184K is barely 38% of the cost that will be required for us to repair our home. Forget the other losses, we can't even fix the house.

Or, let's look at this equation another way... If we receive the $184,768 and take out 33% for attorneys fees, that leaves us with $123,795 to remediate our home. With our affected square footage from the spreadsheet, we would have to fix our house for $34/ft2. That's unfair, in any neighborhood.

So, do we opt out and try to fight some more, and wait another 10 years until my daughters are in college, or do we try to recoup this small, unfair amount and then cash out our daughter's college funds to remediate our house? It's sad that my wife and I have decided to stay in the class, but we both agree that we need closure. And that's also why we are filing this objection. We want the court to understand that the true essence of this 10-year debacle and Taishan delay tactic should be full remediation of the defective drywall. That precedent was set by the Knauf proceedings. That's the least that each member of this class should recover. That's fair. Before anything else, the homes should be fully remediated through the allocated funds of this settlement. That would make this a "fair" outcome. We are unable to be present at the fairness hearing in December, but we respectfully enter this objection and ask the court to please increase the dollars of this settlement so that full remediation for our home is achievable.

Signed: _Debbie Hayes_, _Rob Hayes_, 11/27/2019

Rob and Debbie Hayes                                Represented by Jimmy Doyle
205-790-8953 cell                                   of the Doyle Law Firm in Birmingham, AL
Robhayes321@gmail.com
Please note different current mailing address:      Signed: _____
69 North Monterey Street
Mobile, AL 36604

Hayes
19 North Monterey St.
Mobile, AL 36604

RECEIVED
DEC 03 2019
By: Julianne

Patrick S. Montoya
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134

MOBILE AL 366
27 NOV '19
PM 2 L

MIDTOWN STATION
MOBILE, AL
36604-USPS
NOV 27 2019

Forever USA

November 27, 2019

From:
Rob and Debbie Hayes
Owners of affected property at:
3935 Butler Springs Way
Hoover, AL 35226

To:
The Lead Counsel Attorneys of MDL 2047

Please see our enclosed letter objecting to the proposed settlement for MDL 2047. To clarify, our representing attorney, Jimmy Doyle, will be signing a copy as well and submitting for us by the deadline. I still wanted to send these letters per the settlement notification instructions so that this objection will be properly registered and heard by the court. At this moment, we will be unable to attend the December fairness hearing, but please let us know if there is any further action required on our part.

Sincerely,

Rob Hayes

Current mailing address:
69 North Monterey Street
Mobile, AL 36604

Objection to the Proposed Settlement for MDL 2047
Submitted on November 27, 2019

By Rob and Debbie Hayes, owners of affected property at:
3935 Butler Springs Way
Hoover, AL 35226

It has taken 10 years to get to this point. Our oldest daughter, Kate Scot, is 10 years old. We have another daughter, Crosby Caroline, that is 7 years old. They are both beautiful young ladies. We designed and built our dream house prior to having our first child. As Amorin plaintiffs with solid product identification markings of Made in China, Meets or Exceeds, and a clear chain of custody back to Taishan, please find below our objection that is specific to our property, but is likely a very similar objection as many others in the class. Our grounds for objection to the settlement are simple. The estimated amount is woefully inadequate to properly remediate our house, which totally negates the crux of this entire effort. That makes this settlement unfair and unjust for our family who have been living under the black cloud of this lawsuit for over 10 years.

As the settlement form states, "The allocation amount is intended to provide compensation for remediation damages as well as other losses, which include loss of use and enjoyment, lost equity, diminution of value… etc." At this point in our lives and in this lawsuit, we would just like to recover enough funds to have our home properly remediated. It's extremely disappointing that the "other losses" as stated in the settlement form are strictly just words that mean nothing to us. The following paragraphs will describe why.

The estimated gross allocation amount for our property, prior to attorneys fees is $184,768. Using a low-end average remediation cost for my neighborhood ($100/ft2) and multiplying that by our square footage as stated in the settlement spreadsheet (3581 ft2), a fair dollar amount for purely just the remediation of my house would be $358,100. Add 33% on top of that for attorneys fees to get $476,273, and this simple calculation shows that my potential settlement amount of $184K is barely 38% of the cost that will be required for us to repair our home. Forget the other losses, we can't even fix the house.

Or, let's look at this equation another way… If we receive the $184,768 and take out 33% for attorneys fees, that leaves us with $123,795 to remediate our home. With our affected square footage from the spreadsheet, we would have to fix our house for $34/ft2. That's unfair, in any neighborhood.

So, do we opt out and try to fight some more, and wait another 10 years until my daughters are in college, or do we try to recoup this small, unfair amount and then cash out our daughter's college funds to remediate our house? It's sad that my wife and I have decided to stay in the class, but we both agree that we need closure. And that's also why we are filing this objection. We want the court to understand that the true essence of this 10-year debacle and Taishan delay tactic should be full remediation of the defective drywall. That precedent was set by the Knauf proceedings. That's the least that each member of this class should recover. That's fair. Before anything else, the homes should be fully remediated through the allocated funds of this settlement. That would make this a "fair" outcome. We are unable to be present at the fairness hearing in December, but we respectfully enter this objection and ask the court to please increase the dollars of this settlement so that full remediation for our home is achievable.

Signed: _Debbie Hayes_, _Rob Hayes_, 11/27/2019

Rob and Debbie Hayes
205-790-8953 cell
Robhayes321@gmail.com
Please note different current mailing address:
69 North Monterey Street
Mobile, AL 36604

Represented by Jimmy Doyle
of the Doyle Law Firm in Birmingham, AL

Signed: _____

Hayes
69 North Monterey St.
Mobile, AL 36604





Richard J. Serpe
Law Offices of Richard J. Serpe, PC
580 East Main St., Suite 310
Norfolk, VA 23510



23510-232385