# EXHIBIT "23"

**UNITED STATES DISTRICT COURT**                    **MDL NO: 2047**
**EASTERN DISTRICT OF LOUISIANA**                   **SECTION: L**

**IN RE: CHINESE MANUFACTURED DRYWALL**             **JUDGE FALLON**
**PRODUCTS LIABILITY LITIGATION**                   **MAG. JUDGE WILKINSON**

**THIS PRODUCT RELATES TO:**
**Claimant- Mary Escudie**

Dear Judge Fallon,

    a)  My letter is focused on my individual case as I cannot speak as to others' experiences.
    b)  I am objecting to being excluded from the settlement for several reasons.

The intent of this letter is to request being reinstated to the settlement as I was a member of the of the Class for years and I did nothing to initiate an exclusion. <u>I was a Known class member of the Amorin suit.</u> I completed my supplemental forms and was told that everything was submitted on time.

My drywall was found to be type J, which is included in the settlement. There are no concerns regarding the legitimacy of my complaint.

My understanding was that if I wanted to stay in the suit, (page 7, #14) I should do nothing. <u>"If you do nothing, you will remain in the settlement class."</u>

I have attempted to get resolve regarding my questions. The Class settlement stated that if plaintiffs had any questions, they were able to "ask Class counsel or talk to our own lawyer." When I recently discovered that I was excluded and became aware of some of the implications of being excluded from the Class, I emailed my attorneys and Class counsel. Both parties suggested that I ask the other regarding why I was excluded from the Class.

Unfortunately, this exclusion appears to be at my significant expense. I do not feel these side negotiations (done without my knowledge or consent) were in my best interest.

 A major concern is the procedural  legitimacy of my exclusion from the Class. I did not opt out and I do not recall being informed or asked to participate in the alternative suit. According to page 8 of the Class settlement on Chinesedrywall settlement.com, the signature of the individual Class member is required to opt out. I did not knowingly sign anything giving anyone rights to take me out of the Amorin settlement. I do not claim to be an expert in the law, but according to the rules of this particular class action, <u>a signature from the Class member is required to opt out.</u> I did not sign a limited Power of Attorney nor did my contract directly allow for such action.

I do not know where or how the mediation for the separate settlement took place.  However, according to the Florida Bar Ethics in mediation, the attorney is required to keep client reasonably informed. <u>The lawyer shall explain the matter to the extent necessary to permit the client to make an informed decision.</u>

I am using the Florida Bar as the standard due to the fact that my home is in Florida and some of the documents for my lawsuit were signed off in Florida. Florida ethics for attorneys speaks of the obligation for the attorney to be a zealous advocate for the client. I am uncertain who opted me out of this settlement, but it doesn't appear to be zealous advocacy. The settlement offer was discounted significantly. <u>These discounts are not similar to the expected outcome for the Global settlement</u> based on the Allocation model. The Global settlement allocates a 25% discount for J drywall, which is my type, and does not penalize a plaintiff who had to short sell their home.

I have calculated what I may have received if I was not excluded from the settlement based on my drywall type, previous payments and square footage. The difference from the rejected settlement is significant due to a discounting of 65% for the type J drywall and the lack of remediation.I have been informed of an MFN clause that suggests that if the Global settlement exceeds the current offer by 110% we can go back and request more funds. However, I am also being told that we are "lucky to get anything at all and we need to move on it." This reasoning suggests to me that future legal action may not be collectible.

In short, I am uncertain why or how I was excluded from this class late in the process and why others were not. I declined the alternative settlement offer so I believe I should be reinstated as a Known Class Member.

c) I am able to appear at the Fairness hearing if it will help my case. My attorney, Franscisco Albites, Esq. of Parker Waichman, will not be attending with me if I attend. If the issue is resolved prior, I will not need to attend.

d) I intend to speak on my own behalf if the issue has not yet been resolved. I will bring supporting documents and emails regarding my involvement in the case, such as settlement offers, and emails asking questions to Class counsel and Parker Waichman.

e) My counsel has stated that he does not feel that he should sign this letter due to a conflict but will if the court requires.

f) MDL 2047

g) Any correspondence can go to:

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
(813) 546-4027

h)  The address for the Chinese drywall home is
    4724 Butler National Dr.
    Wesley Chapel, FL 33543


Thank you for your consideration,

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
813-546-4027
mmescudie@msn.com

U.S. POSTAGE PAID
FCM LETTER
TAMPA, FL
33647
NOV 20, 19
AMOUNT

**$4.05**

R2305M146512-10

70113

1023

UNITED STATES
POSTAL SERVICE ®

PO Box 7701
Wesley Chapel FL
33515

DECE...

Stephan J. Herman
Herman, Herman & Katz LLC
820 O'Keefe Ave
New Orleans, LA 70113

70113-112520

7019 0220 0000 0376 4518

**CERTIFIED MAIL**
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL NO: 2047
SECTION: L

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS PRODUCT RELATES TO:
Claimant- Mary Escudie

Dear Judge Fallon,

    a)  My letter is focused on my individual case as I cannot speak as to others' experiences.
    b)  I am objecting to being excluded from the settlement for several reasons.

The intent of this letter is to request being reinstated to the settlement as I was a member of the of the Class for years and I did nothing to initiate an exclusion. I was a Known class member of the Amorin suit. I completed my supplemental forms and was told that everything was submitted on time.

My drywall was found to be type J, which is included in the settlement. There are no concerns regarding the legitimacy of my complaint.

My understanding was that if I wanted to stay in the suit, (page 7, #14) I should do nothing. "If you do nothing, you will remain in the settlement class."

I have attempted to get resolve regarding my questions. The Class settlement stated that if plaintiffs had any questions, they were able to "ask Class counsel or talk to our own lawyer." When I recently discovered that I was excluded and became aware of some of the implications of being excluded from the Class, I emailed my attorneys and Class counsel. Both parties suggested that I ask the other regarding why I was excluded from the Class.

Unfortunately, this exclusion appears to be at my significant expense. I do not feel these side negotiations (done without my knowledge or consent) were in my best interest.

A major concern is the procedural  legitimacy of my exclusion from the Class. I did not opt out and I do not recall being informed or asked to participate in the alternative suit. According to page 8 of the Class settlement on Chinesedrywall settlement.com, the signature of the individual Class member is required to opt out. I did not knowingly sign anything giving anyone rights to take me out of the Amorin settlement. I do not claim to be an expert in the law, but according to the rules of this particular class action, a signature from the Class member is required to opt out. I did not sign a limited Power of Attorney nor did my contract directly allow for such action.

I do not know where or how the mediation for the separate settlement took place.  However, according to the Florida Bar Ethics in mediation, the attorney is required to keep client reasonably informed. <u>The lawyer shall explain the matter to the extent necessary to permit the client to make an informed decision.</u>

I am using the Florida Bar as the standard due to the fact that my home is in Florida and some of the documents for my lawsuit were signed off in Florida. Florida ethics for attorneys speaks of the obligation for the attorney to be a zealous advocate for the client. I am uncertain who opted me out of this settlement, but it doesn't appear to be zealous advocacy. The settlement offer was discounted significantly. <u>These discounts are not similar to the expected outcome for the Global settlement</u> based on the Allocation model. The Global settlement allocates a 25% discount for J drywall, which is my type, and does not penalize a plaintiff who had to short sell their home.

I have calculated what I may have received if I was not excluded from the settlement based on my drywall type, previous payments and square footage. The difference from the rejected settlement is significant due to a discounting of 65% for the type J drywall and the lack of remediation.I have been informed of an MFN clause that suggests that if the Global settlement exceeds the current offer by 110% we can go back and request more funds. However, I am also being told that we are "lucky to get anything at all and we need to move on it." This reasoning suggests to me that future legal action may not be collectible.

In short, I am uncertain why or how I was excluded from this class late in the process and why others were not. I declined the alternative settlement offer so I believe I should be reinstated as a Known Class Member.

c)  I am able to appear at the Fairness hearing if it will help my case. My attorney, Franscisco Albites, Esq. of Parker Waichman, will not be attending with me if I attend. If the issue is resolved prior, I will not need to attend.
d)  I intend to speak on my own behalf if the issue has not yet been resolved. I will bring supporting documents and emails regarding my involvement in the case, such as settlement offers, and emails asking questions to Class counsel and Parker Waichman.
e)  My counsel has stated that he does not feel that he should sign this letter due to a conflict but will if the court requires.
f)  MDL 2047
g)  Any correspondence can go to:

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
(813) 546-4027

h) The address for the Chinese drywall home is
4724 Butler National Dr.
Wesley Chapel, FL 33543


Thank you for your consideration,

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
813-546-4027
mmescudie@msn.com



U.S. POSTAGE
FOREVER
$4.05
FOR LETTER
TAMPA, FL
33647
NOV 20,19
AMOUNT
R2305M148512-

19106

1023

CERTIFIED MAIL

TAMPA

7019 2280 0000 0376 4225

Mary Escudie
PO Box 7701
Wesley Chapel FL
33545

Arnold Levin and Sandra L. Duggan
Levin Sedran & Berman LLP
510 Walnut Street Suite 500

Philadelphia PA 19106

19106-369799

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL NO: 2047
SECTION: L

IN RE: CHINESE MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

JUDGE FALLON
MAG. JUDGE WILKINSON

THIS PRODUCT RELATES TO:
Claimant- Mary Escudie

Dear Judge Fallon,

a) My letter is focused on my individual case as I cannot speak as to others' experiences.
b) I am objecting to being excluded from the settlement for several reasons.

The intent of this letter is to request being reinstated to the settlement as I was a member of the of the Class for years and I did nothing to initiate an exclusion. I was a Known class member of the Amorin suit. I completed my supplemental forms and was told that everything was submitted on time.

My drywall was found to be type J, which is included in the settlement. There are no concerns regarding the legitimacy of my complaint.

My understanding was that if I wanted to stay in the suit, (page 7, #14) I should do nothing. "If you do nothing, you will remain in the settlement class."

I have attempted to get resolve regarding my questions. The Class settlement stated that if plaintiffs had any questions, they were able to "ask Class counsel or talk to our own lawyer." When I recently discovered that I was excluded and became aware of some of the implications of being excluded from the Class, I emailed my attorneys and Class counsel. Both parties suggested that I ask the other regarding why I was excluded from the Class.

Unfortunately, this exclusion appears to be at my significant expense. I do not feel these side negotiations (done without my knowledge or consent) were in my best interest.

A major concern is the procedural legitimacy of my exclusion from the Class. I did not opt out and I do not recall being informed or asked to participate in the alternative suit. According to page 8 of the Class settlement on Chinesedrywall settlement.com, the signature of the individual Class member is required to opt out. I did not knowingly sign anything giving anyone rights to take me out of the Amorin settlement. I do not claim to be an expert in the law, but according to the rules of this particular class action, a signature from the Class member is required to opt out. I did not sign a limited Power of Attorney nor did my contract directly allow for such action.

I do not know where or how the mediation for the separate settlement took place. However, according to the Florida Bar Ethics in mediation, the attorney is required to keep client reasonably informed. <u>The lawyer shall explain the matter to the extent necessary to permit the client to make an informed decision.</u>

I am using the Florida Bar as the standard due to the fact that my home is in Florida and some of the documents for my lawsuit were signed off in Florida. Florida ethics for attorneys speaks of the obligation for the attorney to be a zealous advocate for the client. I am uncertain who opted me out of this settlement, but it doesn't appear to be zealous advocacy. The settlement offer was discounted significantly. <u>These discounts are not similar to the expected outcome for the Global settlement</u> based on the Allocation model. The Global settlement allocates a 25% discount for J drywall, which is my type, and does not penalize a plaintiff who had to short sell their home.

I have calculated what I may have received if I was not excluded from the settlement based on my drywall type, previous payments and square footage. The difference from the rejected settlement is significant due to a discounting of 65% for the type J drywall and the lack of remediation.I have been informed of an MFN clause that suggests that if the Global settlement exceeds the current offer by 110% we can go back and request more funds. However, I am also being told that we are "lucky to get anything at all and we need to move on it." This reasoning suggests to me that future legal action may not be collectible.

In short, I am uncertain why or how I was excluded from this class late in the process and why others were not. I declined the alternative settlement offer so I believe I should be reinstated as a Known Class Member.

c) I am able to appear at the Fairness hearing if it will help my case. My attorney, Franscisco Albites, Esq. of Parker Waichman, will not be attending with me if I attend. If the issue is resolved prior, I will not need to attend.

d) I intend to speak on my own behalf if the issue has not yet been resolved. I will bring supporting documents and emails regarding my involvement in the case, such as settlement offers, and emails asking questions to Class counsel and Parker Waichman.

e) My counsel has stated that he does not feel that he should sign this letter due to a conflict but will if the court requires.

f) MDL 2047

g) Any correspondence can go to:

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
(813) 546-4027

h) The address for the Chinese drywall home is
   4724 Butler National Dr.
   Wesley Chapel, FL 33543

Thank you for your consideration,

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
813-546-4027
mmescudie@msn.com

U.S. POSTAGE PAID
FCM LETTER
TAMPA, FL
33647
NOV 20, 19
AMOUNT
**$4.05**
R2305M148512-10

33134

UNITED STATES
POSTAL SERVICE ®

1023

Escudie
PO Box 7701
wesley chapel FL
33545

Patrick S. Montoya
Colson, Hicks Eidson
255 Alhambra Circle,
penthouse
Coral Gables,

RECEIVED
NOV 2 6 2019
By: _____

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7019 0780 0000 0370 4249

**UNITED STATES DISTRICT COURT**                **MDL NO: 2047**
**EASTERN DISTRICT OF LOUISIANA**               **SECTION: L**

**IN RE: CHINESE MANUFACTURED DRYWALL**         **JUDGE FALLON**
**PRODUCTS LIABILITY LITIGATION**               **MAG. JUDGE WILKINSON**

**THIS PRODUCT RELATES TO:**
**Claimant- Mary Escudie**


Dear Judge Fallon,

   a) My letter is focused on my individual case as I cannot speak as to others' experiences.
   b) I am objecting to being excluded from the settlement for several reasons.

The intent of this letter is to request being reinstated to the settlement as I was a member of the of the Class for years and I did nothing to initiate an exclusion. I was a Known class member of the Amorin suit. I completed my supplemental forms and was told that everything was submitted on time.

My drywall was found to be type J, which is included in the settlement. There are no concerns regarding the legitimacy of my complaint.

My understanding was that if I wanted to stay in the suit, (page 7, #14) I should do nothing. "If you do nothing, you will remain in the settlement class."

I have attempted to get resolve regarding my questions. The Class settlement stated that if plaintiffs had any questions, they were able to "ask Class counsel or talk to our own lawyer." When I recently discovered that I was excluded and became aware of some of the implications of being excluded from the Class, I emailed my attorneys and Class counsel. Both parties suggested that I ask the other regarding why I was excluded from the Class.

Unfortunately, this exclusion appears to be at my significant expense. I do not feel these side negotiations (done without my knowledge or consent) were in my best interest.

 A major concern is the procedural  legitimacy of my exclusion from the Class. I did not opt out and I do not recall being informed or asked to participate in the alternative suit. According to page 8 of the Class settlement on Chinesedrywall settlement.com, the signature of the individual Class member is required to opt out. I did not knowingly sign anything giving anyone rights to take me out of the Amorin settlement. I do not claim to be an expert in the law, but according to the rules of this particular class action, a signature from the Class member is required to opt out. I did not sign a limited Power of Attorney nor did my contract directly allow for such action.

I do not know where or how the mediation for the separate settlement took place.  However, according to the Florida Bar Ethics in mediation, the attorney is required to keep client reasonably informed. The lawyer shall explain the matter to the extent necessary to permit the client to make an informed decision.

I am using the Florida Bar as the standard due to the fact that my home is in Florida and some of the documents for my lawsuit were signed off in Florida. Florida ethics for attorneys speaks of the obligation for the attorney to be a zealous advocate for the client. I am uncertain who opted me out of this settlement, but it doesn't appear to be zealous advocacy. The settlement offer was discounted significantly. These discounts are not similar to the expected outcome for the Global settlement based on the Allocation model. The Global settlement allocates a 25% discount for J drywall, which is my type, and does not penalize a plaintiff who had to short sell their home.

I have calculated what I may have received if I was not excluded from the settlement based on my drywall type, previous payments and square footage. The difference from the rejected settlement is significant due to a discounting of 65% for the type J drywall and the lack of remediation.I have been informed of an MFN clause that suggests that if the Global settlement exceeds the current offer by 110% we can go back and request more funds. However, I am also being told that we are "lucky to get anything at all and we need to move on it." This reasoning suggests to me that future legal action may not be collectible.

In short, I am uncertain why or how I was excluded from this class late in the process and why others were not. I declined the alternative settlement offer so I believe I should be reinstated as a Known Class Member.

    c)  I am able to appear at the Fairness hearing if it will help my case. My attorney, Franscisco Albites, Esq. of Parker Waichman, will not be attending with me if I attend. If the issue is resolved prior, I will not need to attend.

    d)  I intend to speak on my own behalf if the issue has not yet been resolved. I will bring supporting documents and emails regarding my involvement in the case, such as settlement offers, and emails asking questions to Class counsel and Parker Waichman.

    e)  My counsel has stated that he does not feel that he should sign this letter due to a conflict but will if the court requires.

    f)  MDL 2047

    g)  Any correspondence can go to:

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
(813) 546-4027

h) The address for the Chinese drywall home is
4724 Butler National Dr.
Wesley Chapel, FL 33543


Thank you for your consideration,

Mary Escudie
PO Box 7701
Wesley Chapel, FL 33545
813-546-4027
mmescudie@msn.com



CERTIFIED MAIL®

7019 2280 0000 0376 4232

RECEIVED
11/25/19

235i0-2323805

Mary Escudie
PO Box 7701
Wesley Chapel FL
33545

Richard J. Serpe
Law Offices of Richard J. Serpe PC
580 East Main St #310
Norfolk VA 23510




1023

23510



U.S. POSTAGE PAID
FCM LETTER
TAMPA, FL
33647
NOV 20, 19
AMOUNT
$4.05
R2305M148512-10