UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL ACTIONS (except** *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, **Civil Action No. 09-4115 (E.D. La.))** | |

**SETTLEMENT CLASS COUNSEL'S MOTION FOR ENTRY OF AN ORDER AND JUDGMENT (1) GRANTING FINAL APPROVAL OF THE CLASS SETTLEMENT WITH TAISHAN AND (2) CERTIFYING THE SETTLEMENT CLASS**

Settlement Class Counsel (Arnold Levin, Stephen J. Herman, Richard J. Serpe, Patrick S. Montoya and Sandra L. Duggan) hereby move for entry of an Order and Judgment (1) granting final approval of the Class Settlement with Taishan Gypsum Company Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan") and (2) certifying the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e). Capitalized terms used in this Motion shall have the same meaning as those defined in the Class Settlement Agreement with Taishan (the "Settlement Agreement", which has been filed of record in this case [Rec. Doc. 22305-2].

Settlement Class Counsel request that the Court find that the Settlement is fair, reasonable and adequate, that the Settlement was negotiated and entered into in good faith and without collusion, and that the Settlement should be approved pursuant to Fed. R. Civ. P. 23(e) because: (A) the Class Representatives and Settlement Class Counsel have adequately represented the Class; (B) the Settlement Agreement was negotiated at arm's length; (C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trials and appeals; (ii)

the effectiveness of the proposed method of distributing Allocation Amounts to Eligible Class Members, including the method of processing Class Member claims; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (iv) the absence of any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement and the Allocation Model developed by the Allocation Neutral approved by the Court treat Class Members equitably relative to each other.

In addition, Class Counsel request that the Court certify the Settlement Class consisting of:

> (1) all Class Members in the *Amorin* Class certified by Judge Fallon in MDL No. 2047 in *In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[1] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties[2] ("absent Class Members").
>
> EXCLUDED from the Class are: (1) Plaintiffs listed on Exhibit 1 to the Settlement Agreement (Exhibit 1 includes 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.); and (3) Plaintiffs who asserted Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

Settlement Class Counsel submit that the requirements for certification of the Settlement Class under Rule 23(a) and Rule 23(b)(3) have been met.

---

[1] The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

[2] The Additional Released Parties are: Beijing New Building Materials Public Limited Company ("BNBM PLC"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); China National Building Materials Co., Ltd. ("CNBM"); China National Building Materials Group Corporation ("CNBM Group"), and the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC").

Further, Class Counsel respectfully request that the Court approve the Class Release and bar provision provided in Section 5.2 of the Settlement Agreement and the Taishan Release provided in Section 5.3 of the Settlement Agreement, and find that: (1) Notice was disseminated to the Class pursuant to this Court's Preliminary Approval Order dated August 29, 2019 [Rec. Doc. 22314], satisfying Fed. R. Civ. P. 23 and Due Process; (2) All Class Members who did not submit a valid request to be excluded from the Settlement pursuant to Section 9 of the Settlement Agreement shall be bound by the Court's Judgment approving the Settlement and certifying the Settlement Class; and (3) Putative Class Members identified on the List of Opt-Out Plaintiffs, attached as Exhibit "2" to the Memorandum of Law accompanying this Motion, are deemed to have opted out of the Settlement and are referred to as "Opt-Out Plaintiffs."

Settlement Class Counsel request that the Court lift the stay of prosecution of claims against Taishan and the Additional Released Parties, entered August 29, 2019 [Rec. Doc. 22314].

Settlement Class Counsel request that incentive awards of up to $10,000 be granted to each of the Priority Plaintiff claimants in Florida (one incentive award per property) who are members of the Settlement Class (Janet Avery; Lillian Chatmon; Andrew and Dawn Feldkamp; William and Vicki Foster; Candace Gody; David Griffin; John and Bertha Hernandez; Gul and Deborah Lalwani; Cassandra Marin; Dailyn Martinez; Jose and Adela Miranda; Tracy Nguyen; Jeovany and Monica Nunez; Kelly and Lori O'Brien; Kevin and Stacey Rosen; Michael Rosen; Larry and Rosalee Walls; and Marc and Jennifer Wites), and to each of the Select Claimants in Louisiana (one incentive award per property) who are members of the Settlement Class (Lana Alonzo; Johnny and Rachelle Blue; Roger Callia; Mary Ann Catalanotto; Kasie and Patrick Couture; Brent Desselle; Lillian Eyrich; Nicola and Connie Fineschi; Jane Gonzales; Mary Haindel; Mathew and Jan Hughes; Betty Jurisich; Dawn Ross and Ronald V. LaPierre; Peter and Frankie Maggiore;

Mark and Keri Pollock; Virginia Randazzo; Frankie Sims as Executrix of Estate of Juanita Davis (deceased); Martin and Doris Tatum; Melissa Young; Michael and Linda Zubrowski; Cathy Allen; Charles and Mary Ann Back; Frances and Joseph Barisich; Colin Berthaut; Angeles Blalock; Boland Marine a/k/a 5943 Boeing Street, LLC; Holly Braselman; Jill Donaldson; Joseph and Tracy Fatta; Donald and Nadja Fisher; Dominesha James Clay; Sheral Lavergne; Annette Lawrence; Debbie Leon; Brian and Barbara Lewis; Jerry Phillips; Marcus and Dana Staub; Rosanne Wilfer; Zhou Zhang and Xue Ying Zhao), in recognition of their efforts in participating in individualized discovery, including subjecting themselves for a deposition, home inspection, and/or for serving as a named class representative.  Settlement Class Counsel also seek an incentive award of up to $2,500 for each of the Settlement Class Representatives, to the extent they are not Florida Priority Plaintiffs or Louisiana Select Claimants (Michelle Germano; Judd Mendelson; Debra Williams; and Virginia Tiernan), in recognition of their efforts in serving as named class representatives.

For the reasons set forth in the accompanying Memorandum of Law, filed herewith, Settlement Class Counsel request that the Court deny and overrule all Objections filed in opposition to the Settlement.

The Parties ask that the Court retain continuing jurisdiction over the Litigation, the Settlement Class, Class Members, and the Settlement for the purposes of administering, supervising, construing and enforcing same, and that the Court also retain continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Eligible Class Members.

Finally, pursuant to Fed. R. Civ. P. 54(b), Settlement Class Counsel seek an Order finding there is no just reason for delay of entry of final judgment with respect to the foregoing.

For the reasons set forth in the accompanying Memorandum of Law filed herewith, this Motion should be granted.

Respectfully submitted,

Dated:  December 6, 2019        By: */s/ Stephen J. Herman*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
Charles King (Bar No.34621)
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
SHerman@hhklawfim.com
*Plaintiffs' Liaison Counsel MDL 2047 and Settlement Class Counsel*

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Keith J. Verrier
Nicholas J. Elia
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel*

Patrick Shanan Montoya
Fla. Bar No. 0524441
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Phone:  (305) 476-7400
Fax:  (305) 476-7444
Patrick@colson.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
Phone: (757) 233-0009
Fax: (757) 233-0455
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 6th day of December, 2019.

          */s/ Stephen J. Herman*
          Stephen J. Herman
          Herman, Herman & Katz, LLC
          820 O'Keefe Avenue
          New Orleans, LA 70113
          Phone: (504) 581-4892
          Fax: (504) 561-6024
          SHerman@hhklawfim.com
          *Plaintiffs' Liaison Counsel MDL 2047 and*
          *Settlement Class Counsel*