UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

DECLARATION OF ARNOLD LEVIN IN SUPPORT OF SETTLEMENT
CLASS COUNSEL'S MOTION FOR ENTRY OF AN ORDER AND JUDGMENT
(1) GRANTING FINAL APPROVAL OF THE CLASS SETTLEMENT WITH
TAISHAN AND (2) CERTIFYING THE SETTLEMENT CLASS

Arnold Levin declares, pursuant to 28 U.S.C. §1746, based upon personal knowledge, information and belief, the following:

1. In 2009, I was appointed by the Court to serve as Plaintiffs' Lead Counsel to coordinate the responsibilities of the Plaintiffs' Steering Committee ("PSC") and to "[a]ct as a spokesperson for all Plaintiffs. Pretrial Order No. 8 [Rec. Doc. 144-2 at 3]. I was tasked with the responsibility and authority, among other things, to "conduct all pretrial discovery on behalf of [P]laintiffs in all actions," prepare motions pertaining to Plaintiffs and oppose motions filed by Defendants against Plaintiffs, "[n]egotiate and enter into stipulations with Defendants regarding this litigation," and "[e]xplore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation." *Id.* at 4.

2. Since my appointment, I have worked with my partners, including Fred Longer, and others in my firm, Sandra L. Duggan, Plaintiffs' Liaison Counsel, members of the PSC, and other firms on a daily basis for more than a decade to prosecute the claims of all Plaintiffs in these *Chinese Drywall* proceedings. I was appointed as Class Counsel in the Knauf, Global, Banner,

1

EXHIBIT 22 to Memorandum of Law in Support of Class Settlement

InEx, and L&W settlements and also in the four Virginia class settlements. I was also appointed as Chair of the Fee Committee. On August 29, 2019, I was appointed to serve as one of five Settlement Class Counsel on behalf of the Settlement Class.

3. We continued to prosecute Plaintiffs' claims following the remands to Florida and Virginia. In April and May of 2019, I participated, along with the other Settlement Class Counsel, representatives of the PSC, and Plaintiffs' Counsel, in settlement discussions and negotiations with Defendants, which culminated in the Class Settlement Agreement before the Court. On May 22-23, 2019, we engaged in court-ordered mediation overseen by John S. Freud, Esq. The negotiations were at all times conducted at arm's length, without collusion, and with no side agreements between or among any of the Parties.

4. We reached a global settlement figure of $248 million, after making a global demand on Taishan and exchanging numerous relevant documents, damages calculations, and counter-offers on both sides, keeping in mind the strengths and weaknesses of the claims and defenses in the Litigation. The Parties jointly asked the Court to appoint an Allocation Neutral, Cal Mayo, to determine the internal distribution of settlement proceeds between and among the Class Members based on the Objective Criteria contained in the Master Spreadsheet. Mr. Mayo previously served as a Special Master in these proceedings regarding Product ID determinations. He was provided all relevant orders and documents necessary to develop a fair and reasonable Allocation Model.

5. Then, in conjunction with the Class Notice process, BrownGreer applied the Allocation Model to the objective information contained on the Master Spreadsheet to provide each known Settlement Class Member with an estimate of the gross recovery that he or she would likely be entitled to receive after the Court's final approval of the Settlement.

6. Based on my intimate knowledge of the Litigation against Taishan and the Additional Released Parties generally, my direct involvement in the class settlement negotiations, settlement structure, preliminary approval, and notice process, and the terms of the Settlement Agreement itself, it is my firm opinion and belief that the Settlement Class Members have been fairly and adequately represented throughout the course of the negotiations; that the proposed Class Settlement is fair, reasonable, and adequate; and that, under the existing facts and circumstances, the proposed Class Settlement represents the most favorable resolution available to the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of December, 2019 in Philadelphia, Pennsylvania.

_____
Arnold Levin