UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2047**<br>**SECTION: L**<br>**JUDGE FALLON**<br>**MAG. JUDGE WILKINSON** |
| **THIS DOCUMENT RELATES TO:**<br><br>    **ALL ACTIONS**<br><br>**(except** *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, **Civil Action No. 09-4115 (E.D. La.))** | |

## DECLARATION OF STEPHEN J. HERMAN

I, Stephen J. Herman, respectfully declare, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1. I am licensed to practice law in the State of Louisiana, the United States District Court for the Eastern District of Louisiana, the U.S. Fifth Circuit Court of Appeals, and the U.S. Supreme Court.

2. In conjunction with the appointment of Russ M. Herman as Liaison Counsel in MDL No. 2047, myself and other members of my firm have participated in this litigation since the inception of the multi-district litigation in 2009. On August 29, 2019, I was appointed to serve as one of five Settlement Class Counsel on behalf of the Settlement Class.

3. I teach complex litigation as an adjunct professor at Tulane Law School and a class action seminar as an adjunct professor at Loyola Law School; I have authored and/or delivered numerous speeches, articles and papers on class actions, complex litigation, ethics and professionalism; I currently serve on the Louisiana State Bar Association Committee on Ethics and Professionalism; and I have actively participated in numerous class actions, multi-district litigations, and other complex cases, including, for example: <u>In re: Oil Spill by the *Deepwater Horizon* in the Gulf of Mexico on April 20, 2010</u>, MDL No. 2179; <u>Scott v. American Tobacco</u>, 795 So.2d 1176 (La. 2001); 830 So.2d 294 (La. 2002); 949 So.2d

**EXHIBIT 23 to Memorandum of Law in Support of Class Settlement**

1266 (La. App. 4th Cir. 2/7/07), *writ denied,* 973 So.2d 740 (La. 2008), *cert. denied,* 128 S.Ct. 2908 (2008); 36 So.3d 1046 (La. App. 4th Cir. 4/23/2010), *writ denied,* 44 So.3d 686 (La. 2010), *cert. denied,* 131 S.Ct. 3057 (2011); Oubre / Orrill v. Louisiana Citizens Fair Plan, 26 So.3d 994 (La. App. 4th Cir. 12/09/09); 38 So.3d 457 (La. App. 4th Cir. 4/21/2010), *writ denied,* 45 So.3d 1035 (La. 2010); 79 So.3d 987 (La. 2011); Bauer v. Dean Morris, 2011 WL 3924963 (E.D.La. Sept. 7, 2011); Schultz v. Texaco Inc., 127 F.Supp.2d 443 (S.D.N.Y. 2001); 308 F.Supp.2d 289 (S.D.N.Y. 2004); 2009 WL 455163 (S.D.N.Y. Feb. 24, 2009); and Andrews v. TransUnion Corp., 917 So.2d 463 (La. App. 4th Cir. 8/17/2005), *writ denied,* 926 So.2d 495 (La. 2006); MDL No. 1350.

4. In April and May of 2019, I participated, along with the other Settlement Class Counsel and additional representatives of the Plaintiffs' Steering Committee, in settlement discussions and negotiations with Taishan, which culminated in a successful mediation with John S. Freud, Esq., on May 22-23, 2019. The negotiations were at all times conducted at arm's length, with no side agreements between or among the Parties outside of the four corners of the formally executed Settlement Agreement contract.

5. Having agreed to a global settlement figure of $248 million, we asked the Court to appoint an Allocation Neutral, Cal Mayo, to determine the internal distribution of settlement proceeds between and among the class members based on the objective criteria contained in the Master Spreadsheet. This is consistent with the approach utilized and approved by the U.S. Fifth Circuit in the *Deepwater Horizon* Litigation.[1]

6. Mr. Mayo, who had previously been engaged as a Special Master to assist with some of the product identification issues in the MDL, was provided with all of the relevant orders,

---

[1] *See* In re Oil Spill by the Oil Rig Deepwater Horizon, 910 F.Supp.2d 891, 918-920 (E.D.La. 2012), *aff'd,* 739 F.3d 790, 813 (5th Cir. 2014) ("Deepwater Horizon II"), *rehearing en banc denied,* 756 F.3d 320 (5th Cir. 2014), *cert. denied,* 135 S.Ct. 734 (2014). This approach was again utilized and explicitly approved by the District Court in connection with the Halliburton/Transcoean Class Settlement, (*see* ORDER AND REASONS, *In re Deepwater Horizon,* MDL No. 2179, Rec. Doc. 22252, at pp.20-21 (E.D.La. Feb. 15, 2017)), and at least implicitly approved by the U.S. Fifth Circuit, when certain aspects of the neutral's Distribution Model were challenged, (*see* In re Deepwater Horizon, 934 F.3d 434 (5th Cir. 2019)).

briefs, transcripts and exhibits, in order to develop his carefully considered Allocation Model.

7. Then, in conjunction with the Class Notice process, BrownGreer was able to apply the Allocation Model to the objective information contained on the Master Spreadsheet, and to provide each known Settlement Classmember with an estimate of the gross recovery that, upon final approval, he or she would likely be entitled to receive.

8. Based on my knowledge of the litigation against Taishan generally; my direct involvement in the negotiation, settlement formation, preliminary approval, and notice process; and the terms of the Settlement Agreement itself; it is my opinion and belief that the Settlement Classmembers have been fairly and faithfully represented throughout the course of the negotiations; that the proposed Class Settlement is fair, reasonable, and adequate; and that, under the existing facts and circumstances, the proposed Class Settlement represents the most favorable resolution available to the Settlement Class.

Signed, under penalty of perjury, this 29th day of November, 2019, in New Orleans, Louisiana.

STEPHEN J. HERMAN