UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS<br><br>(except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

## DECLARATION OF RICHARD J. SERPE

I, Richard J. Serpe, respectfully declare, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1. I am licensed to practice law in the States of Virginia, Texas and Louisiana, the United States District Court for the Eastern District of Louisiana and the Eastern District of Virginia, the U.S. Fourth and Fifth Circuit Courts of Appeals, and the U.S. Supreme Court.

2. I am a 1986 Order of the Coif graduate of Tulane University Law School, with a Masters of Law from Tulane as an additional per degree in 1991. I have been a member of the United States District Court for the Eastern District of Louisiana since October 14, 1986. I have tried multiple cases in the Eastern District of Louisiana. I practiced environmental and other complex litigation while with the law firm of Martzell and Bickford. For the last 20 years, I have been practicing environmental and other complex litigation across the United States from law offices in Virginia.

3. I have participated in this litigation since the inception of the multi-district litigation in 2009. I have served on the Plaintiffs' Steering Committee and the Fee Committee, and I have been an active participant in the decade-long litigation against Taishan and the Additional Released Parties, including the remanded trial actions in Florida and Virginia. I was lead trial counsel in the 2010 *Germano* trial on behalf of the seven intervenor class

**EXHIBIT 25 to Memorandum of Law in Support of Class Settlement**

members. In addition, I negotiated four separate class settlements against down-stream entities on behalf of mostly Virginia Plaintiffs, and I negotiated the resolution of the Venture-Taishan assigned default judgment class settlement. I was appointed to serve as class counsel in those settlements. On August 29, 2019, I was appointed to serve as one of five Settlement Class Counsel on behalf of the Settlement Class with Taishan.

4. In April and May of 2019, I participated, along with other Settlement Class Counsel and representatives of the Plaintiffs' Steering Committee, in settlement discussions and negotiations with Taishan, which culminated in the successful Class Settlement mediated by John S. Freud, Esq., on May 22-23, 2019. The negotiations were at all times conducted at arm's length, with no side agreements between or among the Parties outside of the four corners of the formally executed Settlement Agreement contract.

5. Having agreed to a global settlement figure of $248 million, the Parties asked the Court to appoint an Allocation Neutral, Cal Mayo, to determine the internal distribution of settlement proceeds between and among the Class Members based on the Objective Criteria contained in the Master Spreadsheet. Mr. Mayo, who had previously been engaged as a Special Master to assist with some of the product identification issues in the MDL, was provided with all the relevant orders, briefs, transcripts and exhibits, in order to develop his carefully considered Allocation Model.

6. Then, in conjunction with the Class Notice process, BrownGreer applied the Allocation Model to the objective information contained on the Master Spreadsheet to provide each known Settlement Class Member with an estimate of the gross recovery that he or she would likely be entitled to receive after the Court's final approval of the Settlement.

7. Based on my knowledge of the litigation against Taishan and the Additional Released Parties generally, my direct involvement in the negotiations, settlement formation, preliminary approval, and notice process, and the terms of the Settlement Agreement itself, it is my opinion and belief that the Settlement Class Members have been fairly and faithfully represented throughout the course of the negotiations; that the proposed Class Settlement is fair, reasonable, and adequate; and that, under the existing facts and

circumstances, the proposed Class Settlement represents the most favorable resolution available to the Settlement Class.

Signed, under penalty of perjury, this 2nd day of December, 2019 in Norfolk, Virginia.

_____
Richard J. Serpe