**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L JUDGE FALLON MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**ORDER AND JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**
**GRANTING FINAL APPROVAL TO THE CLASS SETTLEMENT**
**WITH TAISHAN AND CERTIFYING THE SETTLEMENT CLASS**

Upon consideration of Settlement Class Counsel's Motion for Entry of an Order and Judgment (1) Granting Final Approval of the Class Settlement with Taishan Gypsum Company Ltd. f/k/a/ Shandong Taihe Dongxin Co., Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan") and (2) Certifying the Settlement Class (the "Motion") [Rec. Doc. 223__], upon consideration of the arguments presented at the Fairness Hearing on December 11, 2019, and upon consideration of all related submissions by interested parties, **IT IS HEREBY ORDERED** that Settlement Class Counsel's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1.      Capitalized terms used in this Order and Judgment shall have the same meaning as those defined in the Class Settlement Agreement with Taishan (the "Settlement Agreement"), which has been filed of record in this case [Rec. Doc. 22305-2].

2.      The Court finds that the Settlement is fair, reasonable, and adequate, that the Settlement was negotiated and entered into in good faith and without collusion, and that the Settlement should be approved pursuant to Fed. R. Civ. P. 23(e) because:

(A) the Class Representatives and Settlement Class Counsel have adequately

represented the Class;

(B) the Settlement Agreement was negotiated at arm's length;

(C) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trials and appeals; (ii) the effectiveness of the proposed method of distributing Allocation Amounts to Eligible Class Members, including the method of processing Class Member claims; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (iv) the absence of any agreement required to be identified under Rule 23(e)(3); and

(D) the Settlement and the Allocation Model developed by the Allocation Neutral approved by the Court treat Class Members equitably relative to each other.

3.     The Settlement Class consists of: (1) all Class Members in the *Amorin* Class certified by Judge Fallon in MDL No. 2047 in *In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[1] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties[2] ("absent Class Members").  *Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "known Class Members."  EXCLUDED from the Class are: (1) Plaintiffs listed on Exhibit 1 to the Settlement Agreement (Exhibit 1 includes 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co.,*

---

[1] The operative *Brooke* Complaints are: *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et. al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

[2] The Additional Released Parties are: Beijing New Building Materials Public Limited Company ("BNBM PLC"); Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); China National Building Materials Co., Ltd. ("CNBM"); China National Building Materials Group Corporation ("CNBM Group"), and the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC").

*Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.); and (3) Plaintiffs who asserted

Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed

for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

      4.      The Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e).

      5.      The Court finds that Notice was disseminated to the Class pursuant to this Court's

Preliminary Approval Order dated August 29, 2019 [Rec. Doc. 22314], satisfying Fed. R. Civ. P.

23 and Due Process. All Class Members who did not request to be excluded from the Settlement

pursuant to Section 9 of the Settlement Agreement shall be bound by this Judgment.

      6.      Putative Class Members identified on the List of Opt-Out Plaintiffs, attached as

Exhibit "2" to the Memorandum of Law accompanying the Motion, are deemed to have opted out

of the Settlement and are referred to as "Opt-Out Plaintiffs." No other Class Members are deemed

to have opted out of the Settlement.

      7.      The Class Release provided in Section 5.2 of the Settlement Agreement is

approved.

      8.      Pursuant to the Settlement Agreement, the "Effective Date" of the Settlement shall

be the date when the Settlement is Final irrespective of the Execution Date or the date of the

Preliminary Approval Order. "Final" means the later of (1) The date after the time to appeal the

Order and Judgment has expired with no appeal having been taken; or (2) If an appeal is sought

from the Order and Judgment, the day after the Order and Judgment is either affirmed, or any and

all appeals, or motions for reargument or reconsideration are dismissed or denied, and the

judgment is no longer subject to further appellate review.

      9.      As of the Effective Date of the Settlement, the Released Claims as defined in

Section 5.1 of the Settlement Agreement will be released as to Taishan and the Additional Released

Parties.

10.      As of the Effective Date of the Settlement, any and all Class Members, including, but not limited to, those who have not opted out of the Class, are enjoined and forever barred from maintaining, continuing, and/or prosecuting the Released Claims in the Litigation or CDW-Related Actions, or any action, pending or future, against Taishan and/or the Additional Released Parties that arises from, concerns, or otherwise relates, directly or indirectly to, the Claims related to Chinese Drywall in connection with the Affected Properties.

11.      The Taishan Release provided in Section 5.3 of the Settlement Agreement is approved.

12.      As of the Effective Date of the Settlement, Taishan will forever release, discharge and covenant not to sue with respect to any and all Released Claims against all Class Members.

13.      Notwithstanding any other provision of the Settlement or of any other document (including any other provision that purports to be governing or controlling over other provisions), the Settlement does not release any claims or defenses whatsoever that any Opt-Out Plaintiff may have. All parties reserve all claims and defenses against each Opt-Out Plaintiff, against each other, and against any person or entity alleged to have any liability related to the Covered Chinese Drywall in the Affected Property of each Opt-Out Plaintiff.

14.      The Objections filed in opposition to the Settlement lack merit and are overruled.

15.      An incentive award of $_____ is granted for each of the Priority Plaintiff claimants in Florida (one incentive award per property) who are members of the Settlement Class (Janet Avery; Lillian Chatmon; Andrew and Dawn Feldkamp; William and Vicki Foster; Candace Gody; David Griffin; John and Bertha Hernandez; Gul and Deborah Lalwani; Cassandra Marin; Dailyn Martinez; Jose and Adela Miranda; Tracy Nguyen; Jeovany and Monica Nunez; Kelly and Lori

O'Brien; Kevin and Stacey Rosen; Michael Rosen; Larry and Rosalee Walls; and Marc and Jennifer Wites), and for each of the Select Claimants in Louisiana (one incentive award per property) who are members of the Settlement Class (Lana Alonzo; Johnny and Rachelle Blue; Roger Callia; Mary Ann Catalanotto; Kasie and Patrick Couture; Brent Desselle; Lillian Eyrich; Nicola and Connie Fineschi; Jane Gonzales; Mary Haindel; Mathew and Jan Hughes; Betty Jurisich; Dawn Ross and Ronald V. LaPierre; Peter and Frankie Maggiore; Mark and Keri Pollock; Virginia Randazzo; Frankie Sims as Executrix of Estate of Juanita Davis (deceased); Martin and Doris Tatum; Melissa Young; Michael and Linda Zubrowski; Cathy Allen; Charles and Mary Ann Back; Frances and Joseph Barisich; Colin Berthaut; Angeles Blalock; Boland Marine a/k/a 5943 Boeing Street, LLC; Holly Braselman; Jill Donaldson; Joseph and Tracy Fatta; Donald and Nadja Fisher; Dominesha James Clay; Sheral Lavergne; Annette Lawrence; Debbie Leon; Brian and Barbara Lewis; Jerry Phillips; Marcus and Dana Staub; Rosanne Wilfer; Zhou Zhang and Xue Ying Zhao), in recognition of their efforts in participating in individualized discovery, including subjecting themselves for a deposition, home inspection, and/or for serving as a named class representative.  In addition, an incentive award of $_____ is granted for each of the Settlement Class Representatives, to the extent they are not Florida Priority Plaintiffs or Louisiana Select Claimants (Michelle Germano; Judd Mendelson; Debra Williams; and Virginia Tiernan), in recognition of their efforts in serving as named class representatives.

16.     The Court lifts the stay of prosecution of claims against Taishan and the Additional Released Parties, entered August 29, 2019 [Rec. Doc. 22314].

17.     Absent Class Members and any other Class Members not listed on the Master Spreadsheet who seek an Allocation Amount must complete a court-approved Claim Form under oath and submit supporting proofs of Objective Allocation Criteria to the Claims Administrator no

later than 30 days from the date of this Order.

  18. The Claims Administrator shall determine based on the Objective Allocation Criteria whether a Class Member not listed on the Master Spreadsheet who submitted a timely Claim Form with supporting proofs of Objective Allocation Criteria is an Eligible Class Member.

  19. The Claims Administrator shall apply the court-approved Allocation Model to the Objective Allocation Criteria (a) for known Class Members, as set forth in the revised Master Spreadsheet [Rec. Doc. 22355-1], and (b) for absent Class Members and any other Class Members not listed on the Master Spreadsheet who are determined to be Eligible Class Members.

  20. Each Class Member will be provided with an Allocation Amount determination made solely by the Claims Administrator, and a brief summary or explanation of how the Class Member's objective facts and circumstances were applied under the Allocation Model.

  21. Any Settlement Class Member who believes that the Allocation Model has been misapplied to his or her Claim shall have thirty (30) days from the date of the Claims Administrator's issuance of the Allocation Amount determination to present a written objection, no longer than three-pages, double-spaced, to the Court. The record for appealing an Allocation Amount shall be limited solely to (i) the original Master Spreadsheet submitted by the Parties [Rec. Doc. 22312-1], (ii) any additional documents, evidence or information submitted by the Settlement Class Member to the Claims Administrator in accordance with Section 12.1.2 of the Settlement Agreement; (iii) the revised Master Spreadsheet as modified by the Claims Administrator [Rec. Doc. 22355-1], and/or (iv) the Objective Allocation Criteria in the Claim Form and supporting documentation submitted to the Claims Administrator by absent Class Members or any other Class Members not listed on the Master Spreadsheet. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination.

22.     No Allocation Amount shall be distributed to any Class Member before the Effective Date.

23.     Within ten (10) days after the Effective Date, Class Counsel shall submit to the Court a proposed order to disburse the Final Settlement Payout Amount, as defined in Section 12.4 of the Settlement Agreement, into a Qualified Settlement Fund established by the Claims Administrator for this Settlement.

24.     The Claims Administrator shall distribute to Class Members according to the Allocation Model the entire Settlement Amount, plus any interest earned on the Settlement Amount during the time period between Initial Payment by Taishan and final allocation of the Settlement Amount, less Court-approved administration costs, cost of mailing individual notice to Class Members, and Court-approved attorneys' fees (the "Final Settlement Payout Amount"). The Claims Administrator may distribute an Allocation Amount to Class Member(s) in multiple separate payments.

25.     The Court shall retain continuing jurisdiction over the Litigation, the Settlement Class, Class Members, and the Settlement for the purposes of administering, supervising, construing and enforcing same, and the Court shall also retain continuing and exclusive jurisdiction over the Settlement Funds and the distribution of same to Eligible Class Members.

26.     The Court finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

This _____ day of _____, 2019, at New Orleans, Louisiana.

_____
ELDON E. FALLON
United States District Court Judge