IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 |
| Relates to ALL ACTIONS (except *The Mitchell Inc., v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

### DECLARATION OF J. CAL MAYO, JR.

I, J. Cal Mayo, Jr., declare that the following statements re true and correct and that I make them on personal knowledge.

1. I am a licensed attorney in the State of Mississippi and senior partner at Mayo Mallette PLLC in Oxford, Mississippi. I am a graduate of the University of Mississippi (B. Accy., *magna cum laude* (1986)) and the University of Virginia School of Law (J.D. (1989)). I am a Fellow in the American College of Trial Lawyers and currently serve as Chair of the State Committee in Mississippi. I am admitted to practice in the state and federal courts of Mississippi, the U.S. Courts of Appeal for the Fifth and Federal Circuits, and the United States Supreme Court. In 2017, the U.S. District Court for the Northern District of Alabama appointed me as Special Master in *Gemstone Foods, LLC v. AAA Enterprises, Inc.*, No. 5:15-cv-0227.

2. I am not a party in this action. I have never represented a party in this action.

3. In June 2016, Judge Eldon Fallon appointed me as a Co-Special Master in this action. Through that appointment, I obtained a deep knowledge and understanding of the facts underlying this litigation and the strengths and weaknesses of the settling parties' respective positions, particularly related to Chinese Drywall product markings and product identification.

**EXHIBIT 11 to Memorandum of Law in Support of Class Settlement**

4.  On May 20, 2019, Judge Fallon expanded my Special Master appointment to include "calculating damage amounts with respect to Plaintiffs' property damage claims" in connection with the Court's Order & Reasons stating the adjudication and trial plan for *Amorin et al v. Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin Co., Ltd.*, Case No. 2:11-cv-01395.

5.  I understand counsel for the settling parties participated in a mediation in late May 2019, which resulted in the initial terms of a class settlement agreement. As a result, the Court stayed the litigation, which suspended the need for my services as a Special Master.

6.  Under the terms of their Settlement Agreement, the settling parties jointly selected me to serve as the Allocation Neutral, an appointment that was later approved by Judge Fallon and confirmed by the Court at the June 21, 2019 MDL Monthly Status Conference. Sections 1.5, 1.20, and 6 of the Class Settlement Agreement with Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd., and Taian Taishan Plasterboard Co. Ltd. (the "Class Settlement Agreement") describes my appointment and the scope of my duties as Allocation Neutral. The Court preliminary approved the Class Settlement Agreement on August 29, 2019.

7.  As Allocation Neutral, I have worked independently and diligently to develop a fair, neutral, and equitable method for allocating settlement funds to eligible class members. As part of those efforts, I have conferred jointly and separately with Settlement Class Counsel and with counsel for Taishan and the other released parties. I have also reviewed various court orders and related legal authorities, other relevant documents filed with the courts involved in this litigation, and other written and oral information provided by counsel.

8.  As stated in my Allocation Model and Allocation Neutral Report filed with the Court (Rec. Doc. 22304-1), the settling parties assigned me as Allocation Neutral to design an

allocation model based on objective data that accounts for numerous factors and delivers property-specific, efficient, and effective division of the available limited settlement funds. My Allocation Model and Allocation Neutral Report states my methodology and conclusions.

9. Having assessed the strengths and weaknesses of the property owner claims in this action, in my professional judgment and experience my Allocation Model provides a fair, reasonable, and adequate method for equitably allocating the settlement funds to eligible class members under the circumstances of this action and the terms of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that these statements are true and correct to the best of my knowledge, information, and belief.

*[Signature]*
December 2, 2019