

**United States District Court**
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130
(504) 589-7545

Chambers of
Eldon E. Fallon
U.S. District Judge

September 9, 2019

U.S. District Court for the Southern District of Florida
400 North Miami Ave.
Room 8N09
Miami, FL 33128

RE: *In re: Chinese-Manufactured Drywall Products Liability Litigation* –
MDL 2047 (E.D. La.)

Dear Sir/Madam:

On August 29, 2019, in my capacity as an MDL transferee judge, I preliminarily approved a class action settlement between the Plaintiffs' Steering Committee and Taishan Gypsum Company Ltd., f/k/a Shandong Taihe Dongxin Co. Ltd. and other released parties (collectively, "Taishan") in the *Chinese-Manufactured Drywall Products Liability Litigation* currently pending in the Eastern District of Louisiana.

Pursuant to § 8 of the Settlement, a Notice of Pendency and Proposed Settlement of Class Action must be posted at each courthouse in which Chinese Drywall-related matters are pending, including the Southern District of Florida.

Attached are copies of the Court's Order and Notice of Pendency and Proposed Settlement of Class Action against Taishan. Pursuant to the terms of the Settlement, I request that you post this Notice of Pendency and Proposed Settlement of Class Action on your court's website so that potential class members may become aware of the pendency of the class action and Fairness Hearing scheduled to take place at 9:00 a.m. on December 11, 2019 at the United States Courthouse for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, LA 70130.

Thank you for your attention to this matter.

Eldon E. Fallon
United States District Court Judge

**EXHIBIT 14 to Memorandum of Law in Support of Class Settlement**

U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

# Chinese Drywall Settlement

*Your Rights Could Be Affected*

*A Federal Court authorized this notice. This is not a solicitation.*

- Please read this notice carefully and in its entirety: you may be entitled to receive a payment in the proposed settlement *if* you are a member of the settlement class.

- This is a summary. The full settlement agreement is available at the website: www.ChineseDrywallSettlement.com. Class members are strongly urged to consult with legal counsel concerning the full settlement agreement, including their rights and obligations under the settlement.

- The Settlement Class consists of: (1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Products Liability Litigation*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("Absent Class Members"). *Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "Known Class Members."

- To obtain additional information, the Master Spreadsheet of Known Class Members, other important documents, and case updates, visit the website www.ChineseDrywallSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **HOW TO GET A PAYMENT** | If you are a Known Class Member whose information is included in the Master Spreadsheet, and you agree with the information on the Master Spreadsheet relating to your Claim, you do not have to do anything to get a payment from the settlement.<br><br>If you are not listed on the Master Spreadsheet, you must complete and submit a Claim Form online or mail a paper Claim Form to the Claims Administrator to share in the settlement. The deadline to file a claim will be no earlier than **December 11, 2019,** and will be updated on the website. |
| **EXCLUDE YOURSELF** | If you ask to be excluded from the settlement, you won't be eligible to share in the benefits. But you keep any rights to sue the Defendants on your own about the same legal claims in this lawsuit. You must exclude yourself by **November 27, 2019.** |
| **OBJECT TO THE SETTLEMENT** | Submit a written response explaining why you have an objection to the settlement. You must object to the settlement by **November 27, 2019.** |
| **GO TO THE HEARING** | Ask to speak in Court about the settlement. |

These rights and options — **and the deadlines to exercise them** — are explained in this Notice.

| | WHAT THIS NOTICE CONTAINS |
|---|---|

**BASIC INFORMATION** ........................................................................................................ Page 3
    1. What is this Notice about?
    2. What is the lawsuit about?
    3. What is a class action?
    4. Why is there a Settlement?

**WHO IS INCLUDED** ........................................................................................................... Page 4
    5. How do I know if I am included in the Settlement Class?
    6. What is "Covered Chinese Drywall?"

**THE SETTLEMENT'S BENEFITS** ........................................................................................ Page 5
    7. What does the Settlement provide?
    8. How much money will I receive?
    9. What do Known Class Members have to do to get a payment from the Settlement?
    10. What do Absent Class Members have to do to get a payment from the Settlement?
    11. What if I disagree with my Allocation Amount?

**HOW TO GET BENEFITS** .................................................................................................. Page 7
    12. How do I get benefits?
    13. When will I get benefits?

**REMAIN IN THE SETTLEMENT CLASS** ............................................................................ Page 7
    14. What am I giving up if I stay in the Settlement Class?

**EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** ................................................. Page 8
    15. How do I get out of the Settlement Class?
    16. If I don't exclude myself, can I sue for the same thing later?
    17. If I exclude myself, can I still get benefits?

**OBJECT TO OR COMMENT ON THE SETTLEMENT** ......................................................... Page 9
    18. How do I object to or comment on the Settlement?
    19. What is the difference between excluding myself from the Class and objecting to the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................................... Page 10
    20. Do I have a lawyer representing me?
    21. How will the lawyers be paid?

**THE FAIRNESS HEARING** .............................................................................................. Page 10
    22. When and where will the Fairness Hearing take place?
    23. Do I have to come to the hearing?
    24. May I speak at the hearing?

**GET MORE INFORMATION** ............................................................................................. Page 11
    25. Where can I get more information?

## BASIC INFORMATION

### 1. What is this Notice about?

The purpose of this Notice is to inform you that:

(a) a class of which you may be a member has been preliminarily certified for consideration of a proposed settlement with Taishan[1] (the "Settlement");
(b) a Settlement Agreement regarding claims against the Defendants (the "Settlement Agreement"), which provides for the creation of a settlement fund (the "Settlement Fund") and dismissal of all actions against the Defendants, was entered into on August 16, 2019, and submitted to the Court for its approval; and
(c) a hearing on the fairness, reasonableness, and adequacy of the Settlement will be held on December 11, 2019, in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130.

### 2. What is the lawsuit about?

On June 15, 2009, the Judicial Panel on Multidistrict Litigation created MDL 2047 by transferring to Judge Fallon of the Eastern District of Louisiana (the "Court"), lawsuits that were filed in federal district courts throughout the Gulf Coast and mid-Atlantic regions of the United States by property owners whose homes or other properties were alleged to have been damaged by Chinese Drywall. Plaintiffs sued the manufacturers of Chinese Drywall as well as related companies and other entities in the chain of distribution and their insurers. The lawsuits seek money damages on behalf of a class of persons and entities with claims against Defendants arising out of Chinese Drywall. Settlements were reached with some defendants beginning in 2011. The litigation against Taishan, BNBM, BNBM Group, CNBM, CNBM Group, and the SASAC has been ongoing. There are two major groups of Plaintiffs: those that were named on an *Amorin* Complaint, and those that were named on a *Brooke* Complaint.

The Court previously certified the *Amorin* class action. There is no class certified in the *Brooke* action. In addition, Taishan was found to be in default in the *Amorin* action, but not in the *Brooke* action. Additional Defendants were also defaulted in *Amorin*, but no defaults have been entered in the *Brooke* action. In circumstances where there is a default, the Defendants contest whether they manufactured the drywall at issue and whether some of the claimed damages were caused by drywall that they made. To date, no court has fully determined the merits of these issues. As to the non-defaulted actions, Defendants deny liability.

---

[1] "Taishan" refers Taishan Gypsum Company Ltd. f/k/a Shandong Taihe Dongxin Co. Ltd., and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan"), as well as individuals and entities related to Taishan. The Additional Released Parties are: (1) Beijing New Building Materials Public Limited Company ("BNBM"); (2) Beijing New Building Materials (Group) Co., Ltd. ("BNBM Group"); (3) China National Building Materials Co., Ltd. ("CNBM"); (4) China National Building Materials Group Corporation ("CNBM Group"); and (5) the State-Owned Assets Supervision and Administration Commission of the State Council ("SASAC"), as well as individuals and entities related to each. Taishan and the Additional Released Parties are collectively referred to as the "Defendants."

| 3. What is a class action? |
|---|

In a class action, one or more people called class representatives sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. Why is there a Settlement? |
|---|

Counsel for the Settlement Class ("Settlement Class Counsel") entered into the Settlement after weighing the substantial benefits that Class Members will receive as a result of the Settlement against the risk of non-recovery, the likelihood of additional delay due to appeals from any judgment, and the risk of inability to collect a judgment from foreign Defendants. Settlement Class Counsel consider it to be in the best interests of the Settlement Class to settle with Taishan and the Additional Released Parties and believe that the Settlement is fair, reasonable, and adequate for the Settlement Class.

Although Taishan denies all liability and the existence of any class (other than for settlement purposes) in the Litigation, Taishan considers it desirable to settle the Litigation on the terms proposed to avoid further expense and inconvenience.

## WHO IS INCLUDED

| 5. How do I know if I am included in the Settlement Class? |
|---|

The Settlement Class includes:

(1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Products Liability Litigation*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[2] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("Absent Class Members").

*Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "Known Class Members."

Excluded from the Class are (1) Plaintiffs listed on Exhibit 1 to the Settlement Agreement (Exhibit 1 lists 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.) (which consist of commercial builders); and (3) Plaintiffs who asserted Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

---

[2] The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

### 6. What is "Covered Chinese Drywall?"

"Covered Chinese Drywall" means all drywall products alleged to be attributable to Taishan and/or the Additional Released Parties, including but not limited to those products identified in the Taishan Product ID Catalog (*see* Exhibit 2 of the Settlement Agreement available at www.ChineseDrywallSettlement.com): (a) BNBM and Dragon Brand; (b) C&K; (c) Chinese Manufacturer #2 (purple stamp); (d) Crescent City Gypsum; (e) DUN; (f) IMT Gypsum; (g) ProWall; (h) TAIAN TAISHAN and Taihe edge tape; (i) MADE IN CHINA MEET[S] OR EXCEED[S]; (j) various Drywall dimensions, including 4feet[x/*]12feet[x/*]1/2inch; (k) Venture Supply; and (l) White Edge Tape, boards with no markings or boards with no markings other than numbers or letters. Covered Chinese Drywall excludes the following drywall products: Knauf, Knauf Tianjin, KPT, Bedrock, ProRoc, Panel Rey, IMG, USG, Shamrock Gold, Lafarge, Georgia Pacific, National Gypsum, and any drywall manufactured outside of the People's Republic of China.

## THE SETTLEMENT'S BENEFITS

### 7. What does the Settlement provide?

The Settlement Agreement provides for the funding by Taishan of a Settlement Fund in the amount of $248,000,000.

A portion of the Settlement Fund will, subject to Court approval, be used to pay the costs of mailing individual Class Notice to the *Amorin* Plaintiffs and *Brooke* Plaintiffs, and other reasonable administrative expenses from the retention and/or services of the Allocation Neutral and the Claims Administrator. Other than the initial payment of those costs, no funds from the Settlement Fund will be distributed to any Class Member before the Court has granted final approval to the Settlement and all appeals are resolved.

### 8. How much money will I receive?

The amount of money that you receive will be determined by the application of an allocation model and objective allocation criteria. The Court appointed an Allocation Neutral, Mr. Cal Mayo, to develop a model for the allocation of Settlement Funds ("Allocation Model") among Eligible Class Members and to determine the amount of payments to Eligible Class Members. The Allocation Model is available at www.ChineseDrywallSettlement.com. This Allocation Model takes into consideration certain criteria to determine payments ("Objective Allocation Criteria"), including, but not limited to: (a) Under Air Square Footage of the subject Affected Property, (b) Product Identification, (c) Affected Property Ownership Status, (d) Affected Property Remediation Status, (e) Set-Offs, (f) Assignments of Class Members' rights to pursue claims, and (g) whether a claimant is an *Amorin* Plaintiff or a *Brooke* Plaintiff, or an absent Class Member.

The Court-appointed Claims Administrator, BrownGreer, will, among other things, apply the Allocation Model to determine each Eligible Class Member's allocation of Settlement Funds ("Allocation Amount"). The exact Allocation Amounts will depend on the number of participants in the Settlement and cannot be determined at this time. However, the Claims Administrator has calculated an *estimated* Allocation Amount ("Allocation Estimate") for each Known Class Member listed on the Master Spreadsheet. If you are a Known Class Member listed on the Master Spreadsheet, your Allocation Estimate is enclosed with this Notice. Note that the Allocation Estimate is a gross total (before deductions for attorneys' fees and costs), and will change upon completion of the claims process and Final Approval. Your current Allocation Estimate may be higher or lower than your final Allocation Amount.

The Allocation Amount is intended to provide compensation for remediation damages as well as other losses, which include loss of use and enjoyment, lost equity, diminution of value, damages for bankruptcies,

foreclosures and/or short sales, stigma damages, attorneys' fees, and/or punitive damages. **There will be no payments of Settlement Funds to Class Members for Claims of personal injury or bodily injury, however, those claims are being released by this Settlement.**

There will be only one Allocation Amount per Affected Property. Depending on the circumstances, an Allocation Amount may need to be divided among Eligible Class Members asserting Claims relating to the same Affected Property. The Claims Administrator will have sole discretion to determine the division of an Allocation Amount among Eligible Class Members, unless the Allocation Model directs a specific division and distribution of the Allocation Amount applicable to the circumstances.

In addition, the Parties intend to ask the Court to authorize additional Incentive Awards of up to $10,000 to the Priority Plaintiffs in Florida and the Select Claimants in Louisiana who are members of the Settlement Class (one incentive award per property), and up to $2,500 to the Settlement Class Representatives (to the extent they are not Florida Priority Plaintiffs or Louisiana Select Claimants), for their prior efforts in participating in individualized discovery, including subjecting themselves for a deposition, and/or for serving as a Settlement Class Representative.

### 9. What do the Known Class Members have to do to get a payment from the Settlement?

The Known Class Members need to review the information on their Affected property that is available at the Settlement website (www.ChineseDrywallSettlement.com) in a document called the Master Spreadsheet. This document includes information on Known Class Member Claims with sufficient proof of Covered Chinese Drywall in the subject Affected Property. The Master Spreadsheet includes the following information for each Claim: (a) Under Air Square Footage, (b) Product Identification, (c) Ownership Status, (d) Remediation Status, (e) Set-Offs, (f) Assignments of rights to pursue Claims, (g) whether the claimant is an *Amorin* Plaintiff or a *Brooke* Plaintiff, and (h) any other objective fields to the Allocation Model approved by the Court.

Any Settlement Class Member who disputes the information on the Master Spreadsheet relating to his or her Claim will, by **October 3, 2019,** provide to the Claims Administrator what he or she contends to be the correct information, as well as any supporting evidence or corroborating documentation. The Claims Administrator will, in its discretion, make changes, if any, that it deems appropriate to the Master Spreadsheet based on reliable supporting evidence and/or corroboration documentation provided by the Class Member to the Claims Administrator in support of the addition or change to the Master Spreadsheet.

### 10. What do Absent Class Members have to do to get a payment from the Settlement?

Absent Class Members and any other Class Members not listed on the Master Spreadsheet who seek an Allocation Amount must complete a court-approved Claim Form under oath and submit supporting proofs of Objective Allocation Criteria to the Claims Administrator no later than the deadline set by the Court for making a claim for an Allocation Amount, which will be within 30 days after Final Approval. The deadline to file a claim will be no earlier than **December 11, 2019,** and will be updated on the website.

In order to be considered eligible for an Allocation Amount, Absent Class Members must provide sufficient proof of Covered Chinese Drywall in the subject Affected Property.

### 11. What if I disagree with my Allocation Amount?

To determine the Allocation Amount, the Claims Administrator will apply the court-approved Allocation Model to the Objective Allocation Criteria (a) for Known Class Members as set forth in the Master Spreadsheet, as modified if necessary, and (b) for absent Class Members and any other Class Members not listed on the Master Spreadsheet, that is timely submitted in a Claim Form approved by the Court.

Each Class Member will be provided with an Allocation Amount determination by the Claims Administrator, and a brief summary or explanation of how the Class Member's objective facts and circumstances were applied under the Allocation Model. Any Class Member who believes that the Allocation Model has been misapplied to his or her Claim will have 30 days after being notified of their Allocation Amount to present a written objection, no longer than three-pages, double-spaced, to the Court. The record for appealing an Allocation Amount will be limited to (a) the original Master Spreadsheet submitted by the Parties, (b) any additional documents, evidence or information submitted by the Settlement Class Member to the Claims Administrator in a dispute over the information in the Master Spreadsheet; (c) the revised Master Spreadsheet as modified by the Claims Administrator; and/or (d) the Objective Allocation Criteria and supporting documentation submitted to the Claims Administrator by absent Class Members or any other Class Members not listed on the Master Spreadsheet. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination.

**The decision of the District Court with respect to appeals from Allocation Amount determinations will be final and binding on Class Members.**

## HOW TO GET BENEFITS

**12. How do I get benefits?**

If you are an *Amorin* Plaintiff or a *Brooke* Plaintiff whose information is included in the Master Spreadsheet, and you agree with the information on the Master Spreadsheet relating to your Claim, you do not have to do anything and you do not need to complete a Claim Form.

If you are an Absent Class Member or you are a Class Member who is not listed on the Master Spreadsheet, you must complete and submit a Claim Form online or mail a paper Claim Form in order to share in the Settlement. The deadline to file a claim will be no earlier than **December 11, 2019**, and will be updated on the website. For additional information regarding completing a Claim Form, visit www.ChineseDrywallSettlement.com or call 1-866-573-6691.

**13. When will I get benefits?**

Settlement Class Members who are entitled to payments will receive their payments after the Court grants final approval to the Settlement (*see* "The Fairness Hearing" below) and after any appeals are resolved. If there are appeals, resolving them can take time. Please be patient.

## REMAIN IN THE SETTLEMENT CLASS

**14. What am I giving up if I stay in the Settlement Class?**

If you do nothing, you will automatically remain in the Settlement Class. You will be legally bound by all Court orders, which means you won't be able to separately sue, or continue to sue, the Defendants about the legal claims in this case. Alternatively, if you exclude yourself, you won't get any money from distributions to the Class.

In return for paying the Settlement Amount, the Defendants will be released from all claims relating to the facts underlying the lawsuit. Once the Court grants final approval to the Settlement and after any appeals are resolved, the Class will irrevocably and unconditionally fully release and forever discharge all claims, whether

or not such claims were asserted in the Litigation, against the Defendants. If you have any questions, you can talk to Class Counsel listed in Question 20 for free or you can talk to your own lawyer.

## EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS

### 15. Can I get out of the Settlement Class?

Yes. Class Members may exclude themselves, which is also called "opting out" of the Settlement Class. If you elect to opt out, you will be excluded from sharing in the benefits of this Settlement and from the binding effect of final approval of this Settlement and dismissal of the Litigation as to Taishan, BNBM, CNBM Group, CNBM, BNBM Group, and SASAC.

**If you do not wish to opt out, you do not have to do anything at this time.**

The notice of intent to opt-out must be in writing and postmarked no later than **November 27, 2019**. The opt-out notice must include:
  a) full name and current address of the person electing to opt-out,
  b) address of the property allegedly damaged by Covered Chinese Drywall, and
  c) signature of the individual Class Member.

To opt out, you must provide signed, written notice of your intention to opt out of the Settlement, and send the signed, written notice by first-class mail, post-marked no later than **November 27, 2019**, to these four addresses:

| Original to:<br><br>Arnold Levin and Sandra L. Duggan,<br>Levin Sedran & Berman LLP<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106 | Copy to:<br><br>Stephen J. Herman<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Ave.<br>New Orleans, LA 70113 |
|---|---|
| Copy to:<br><br>Richard J. Serpe<br>Law Offices of Richard J. Serpe, PC<br>580 East Main St., Suite 310<br>Norfolk, VA 23510 | Copy to:<br><br>Patrick S. Montoya<br>Colson Hicks Eidson<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134 |

To assure that each Class Member has adequate time for consideration of the Settlement, no opt-out will be effective if filed earlier than **September 19, 2019.**

**If you wish to pursue an individual claim against Taishan, BNBM, BNBM GROUP, CNBM, CNBM GROUP, SASAC, or any of the additional released parties by litigation or otherwise, you must opt out.** Otherwise, if the Settlement is approved, you will not be able to pursue claims against Taishan or the Additional Released Parties related to the Covered Chinese Drywall.

Taishan has reserved the right to terminate or withdraw from the Settlement seven days prior to the Fairness Hearing based on Class Member opt-outs exercised up to fourteen days prior to the Fairness Hearing.

| 16. If I don't exclude myself, can I sue for the same thing later? |
|---|

No. If the Settlement is approved, the Court will enter an Order and Judgment dismissing the Litigation and discharging Defendants from all claims which were, or could have been, asserted by you or on your behalf arising from, concerning, or related to Covered Chinese Drywall.

**If you are a member of the Settlement Class, unless you have chosen to opt out of the Class, upon court approval of the Settlement you will be bound by the Settlement, including the judgment of dismissal.**

| 17. If I exclude myself, can I still get benefits? |
|---|

No. If you exclude yourself from the Class, you will not be eligible for payments from the Settlement.

## OBJECTIONS TO THE SETTLEMENT

| 18. How do I object to the Settlement? |
|---|

Class Members may object to the Settlement, in whole or in part. Any objection(s) must be made in writing and must:

a) set forth whether it applies only to the objector, to a specific subset of the Class, or to the entire Class;
b) state with specificity the grounds for the objection;
c) include a statement as to whether the Class Member intends to appear at the Fairness Hearing either with or without the objector's counsel (who needs to be identified);
d) identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing;
e) be signed by the Class Member and his, her or its counsel; an objection signed by counsel alone will not be sufficient;
f) contain the caption of MDL No. 2047 and any Litigation in which the Class Member is a named party;
g) include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member; and
h) provide the address of the Affected Property to which the Class Member's claims relate.

The objection must be mailed, post-marked no later than **November 27, 2019**, to Settlement Class Counsel:

| | |
|---|---|
| Arnold Levin and Sandra L. Duggan<br>Levin Sedran & Berman LLP<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106 | Stephen J. Herman<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Ave.<br>New Orleans, LA 70113 |
| Richard J. Serpe<br>Law Offices of Richard J. Serpe, PC<br>580 East Main St., Suite 310<br>Norfolk, VA 23510 | Patrick S. Montoya<br>Colson Hicks Eidson<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134 |

At the Fairness Hearing, any Class Member who has provided timely written notice of the intention to object to the Settlement following the procedures above may appear in person or by counsel and show cause why the Settlement should not be approved. Such Class Member may present any admissible evidence relevant to the issues to be heard, provided that such Class Member has timely provided any and all papers in opposition to the Settlement upon which the objection may be based in accordance with the Settlement Agreement.

Failure to comply timely and fully with the procedures stated above will result in the invalidity and dismissal of any objection. In addition, Class Members who fail to file and serve timely written objections in accordance

with the procedures set forth above will be deemed to have waived any objections, will not be heard at the Fairness Hearing, and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**19. What is the difference between excluding myself from the Class and objecting to the Settlement?**

If you exclude yourself from the Class, you are telling the Court that you don't want to participate in the Settlement. Therefore, you will not be eligible to receive any benefits from the Settlement, and you will not be able to object to the Settlement. Objecting to the Settlement means that you are asking the Court to invalidate the Settlement because you think is unfair to you and/or others. Objecting does not disqualify you from making a claim nor does it make you ineligible to receive a payment.

## THE LAWYERS REPRESENTING YOU

**20. Do I have a lawyer representing me?**

The Court has appointed the following law firms as Class Counsel to represent you and all other members of the Class: Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman LLP, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, telephone number (215) 592-1500; Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, telephone number (757) 233-0009; Stephen J. Herman, Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113, telephone number (504) 561-6024; and Patrick S. Montoya, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, telephone number (305) 476-7400.

If you have any questions about the Settlement, you can talk to Class Counsel, or you can retain your own lawyer at your own expense.

**21. How will the lawyers be paid?**

After the Court grants final approval to the Settlement and after any appeals are resolved, Settlement Class Counsel, common benefit attorneys, and privately retained attorneys for all Class Members (the "Petitioning Attorneys") will petition the Court for attorneys' fees and reimbursement of expenses (excluding the cost of class notice and claims administration) totaling in the aggregate up to 33% of the Settlement Funds. The determination of any attorney's fee or court cost issue, including the allocation between and amongst the Petitioning Attorneys, will be determined by the Court.

## THE FAIRNESS HEARING

**22. When and where will the Fairness Hearing take place?**

A hearing will be held in Courtroom C-456 of the United States Courthouse, 500 Poydras Street, New Orleans, LA 70130, at 9:00 a.m., on **December 11, 2019** (the "Fairness Hearing"), for the purpose of determining whether the Settlement is fair, reasonable, and adequate and should be finally approved by the Court. The Fairness Hearing may be adjourned from time to time by the Court without further notice, so check www.ChineseDrywallSettlement.com for any updates.

**Settlement Class Members who do not oppose the proposed settlement do not need to appear at the hearing or file any papers.**

You will be represented at the Fairness Hearing by Settlement Class Counsel listed in Question 20, unless you enter an appearance in person or through your own counsel. As a member of the preliminarily approved Settlement Class, you will not be personally responsible for attorney's fees, costs or disbursements except those of your own counsel.

### 23. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also retain a lawyer to appear on your behalf at your own expense.

### 24. May I speak at the hearing?

If you send an objection on the Settlement as described in Question 18, you can ask the Court to speak at the Fairness Hearing.

## GET MORE INFORMATION

### 25. Where can I get more information?

The foregoing is only a summary of the Litigation, the claims, and the Settlement. You can get more information about the Settlement, and for the precise terms and conditions of the Settlement, please see the Settlement Agreement, at www.ChineseDrywallSettlement.com or by calling 1-866-573-6691.

The Settlement and documents, as well as the pleadings and other papers filed in the Litigation, may also be reviewed at the office of the Clerk of the Court, United States Courthouse, 500 Poydras Street, New Orleans, LA 70130; Clerk of the Court, United States Courthouse, 400 North Miami Avenue, Miami, FL 33128; Clerk of the Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510; and any other courts where CDW-Related actions are pending; or during regular business hours at the offices of Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, telephone number (757) 233-0009; Stephen J. Herman, Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113, telephone number (504) 561-6024; and Patrick S. Montoya, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134, telephone number (305) 476-7400.

Any papers Settlement Class Counsel and counsel for the Defendants file in support of the Settlement will be made available for review at these locations at the time they are filed. Any questions that any person to whom this Notice is addressed may have with respect thereto, or with respect to the right to opt out, should be directed to Class Counsel, or his or her own counsel.

Case 2:09-md-02047-EEF-MBN Document 22397-17 Filed 12/09/19 Page 13 of 18
Case 1:11-cv-22408-MGC Document 336-1 Entered on FLSD Docket 09/17/2019 Page 1 of 6
Case 2:09-md-02047-EEF-JCW Document 22314 Filed 08/30/19 Page 1 of 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**ORDER (1) PRELIMINARILY APPROVING THE CLASS SETTLEMENT AGREEMENT WITH TAISHAN; (2) PRELIMINARILY CERTIFYING A SETTLEMENT CLASS; (3) DIRECTING THE DISSEMINATION OF CLASS NOTICE; (4) SCHEDULING A FAIRNESS HEARING; AND (5) STAYING ALL CLAIMS AGAINST TAISHAN AND THE ADDITIONAL RELEASED PARTIES**

Upon consideration of Settlement Class Counsel's Unopposed Motion for an Order: (1) Preliminarily Approving the Class Settlement Agreement with Taishan (the "Agreement"); (2) Preliminarily Certifying a Settlement Class; (3) Directing the Dissemination of Class Notice; (4) Scheduling a Fairness Hearing; and (5) Staying all Claims Against Taishan and the Additional Released Parties, brought pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3) and 23(e), it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. Capitalized terms used in this Order have the same meaning as those defined in the Agreement.

2. The Agreement, including all exhibits attached thereto, is preliminarily approved by the Court as fair, reasonable and adequate, as negotiated and entered into at arm's-length, in

good faith, and free of collusion to the detriment of the Class, and as being within the range of possible judicial approval at a prospective Fairness Hearing.

3. The following class is preliminarily certified and shall consist of:

(1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Prod. Liab. Litig.*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[1] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("absent Class Members"). *Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "known Class Members."

EXCLUDED from the Class are: (1) Plaintiffs listed on **Exhibit 1** to the Agreement (Exhibit 1 includes 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.); and (3) Plaintiffs who asserted Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

4. Michelle Germano, Judd Mendelson, Debra Williams, Lillian Eyrich, David Griffin, and Virginia Tiernan are preliminarily appointed as Class Representatives.

5. Arnold Levin, Stephen J. Herman, Richard J. Serpe, Patrick S. Montoya, and Sandra L. Duggan are appointed as Settlement Class Counsel.

6. Cal Mayo, Esquire is appointed as the Allocation Neutral. The Allocation Model developed by the Allocation Neutral is approved and the Court finds that the Allocation Neutral appropriately performed his assigned function.

7. BrownGreer is appointed as the Claims Administrator.

---

[1] The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

Case 1:11-cv-22408-MGC Document 336-1 Entered on FLSD Docket 09/17/2019 Page 15 of 18
Case 2:09-md-02047-EEF-MBN Document 22397-17 Filed 12/09/19 Page 15 of 18
Case 2:09-md-02047-EEF-JCW Document 22314 Filed 08/30/19 Page 3 of 6

8. The Claim Form presented for approval is approved.

9. The opt-out procedure set forth in Section 9 of the Agreement is approved.

10. The procedure set forth in Section 10 for lodging objections to the Agreement is approved.

11. The Long-form and Summary Class Notices presented to the Court for approval are approved.

12. The protocol for dissemination of Notice to Class Members as set forth in the Agreement is approved.

13. Within ten (10) days after the entry of this Order, Settlement Class Counsel shall (a) cause the Long-form Notice to be sent via first-class mail, postage prepaid, to the last known address of all known Class Members and their counsel of record, if any; (b) provide a copy of the Long-form Notice and request that it be posted at each courthouse in which the CDW-Related Actions are pending, including the MDL Court, the Florida Courts, the Virginia Courts, and all other Courts listed on Exhibit 6 to the Settlement Agreement; and (c) provide a copy of the Long-form Notice and request that it be posted on the Court's Chinese Drywall website, which shall be done.

14. Publication Notice shall be made in print and online/mobile ads. The Media Notice Program developed by Kinsella Media shall include publication of the Summary Notice in the following newspapers and magazines: People, Florida Weekly, Louisiana Life, News Press, Gainesville Sun, Florida Times Union, Miami Herald, Orlando Sentinel, Panama City News, Tallahassee Democrat, Tampa Bay Times, Palm Beach Post, Baton Rouge Advocate, Daily Advertiser, American Press, Monroe News Star, New Orleans Advocate, Shreveport Times, Nuevo Ecos, Hola Noticias, El Clarin, El Sentinel, Centro Tampa, El Semanario Accion. Those

Case 2:09-md-02047-EEF-MBN Document 22397-17 Filed 12/09/19 Page 16 of 18
Case 1:11-cv-22408-MGC Document 336-1 Entered on FLSD Docket 09/17/2019 Page 4 of 6
Case 2:09-md-02047-EEF-JCW Document 22314 Filed 08/30/19 Page 4 of 6

publications have been identified by Kinsella Media due to their broad circulation to readers in the six states with at least 2% of the members of the *Amorin* and *Brooke* claimants. Publication in each newspaper and magazine will occur bi-weekly, weekly, or daily depending on each publication's specific schedule for thirty (30) days. The Notice will be published in newspapers and magazines in a space measuring at least one-sixth (1/6) of a page. The Media Notice Program will also include a 30-day digital program comprised of programmatic advertising and social media with focused targeting based on keywords, geography, and topics. Further, it will include banner ads on digital media, including premium websites (*e.g.,* DIY Network), local news and newspapers sites, contextual targeting, Facebook, and Google Display Network (which includes YouTube). The digital program will be monitored and adjusted by Kinsella Media as needed to enhance the effectiveness of the Notice.

15. The cost of Notice shall be paid in accordance with the governing language in the Agreement.

16. Any Class Member wishing to opt out of the Settlement must individually request to opt out and must sign a pleading seeking exclusion from the Settlement. A pleading or any other request made or signed by counsel for a Class Member shall not be sufficient. An original request to opt-out signed by the Class Member must be mailed to Settlement Class Counsel: Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, and copies mailed to Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, and Stephen J. Herman, Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113, and Patrick S. Montoya, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134. The opt-out request must be postmarked within the 90-day opt-out period, *i.e.,* no later than November 27, 2019.

Case 2:11-cv-22408-MGC Document 336-1 Entered on FLSD Docket 09/17/2019 Page 5 of 6
Case 2:09-md-02047-EEF-MBN Document 22397-17 Filed 12/09/19 Page 17 of 18
Case 2:09-md-02047-EEF-JCW Document 22314 Filed 08/30/19 Page 5 of 6

17. Any Class Member may object to the Settlement, any terms of the Settlement, or the approval process. The objection must be in writing. The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and must also state with specificity the grounds for the objection. The objection must also include a statement whether the Class Member intends to appear at the Fairness Hearing either with or without the objector's counsel (who shall be identified). The objection must identify any witnesses intended to be called, the subject area of the witnesses' testimony, and all documents to be used or offered into evidence at the Fairness Hearing. The objection must be signed by the Class Member and his, her or its counsel; an objection signed by counsel alone shall not be sufficient. The objection must contain the caption of MDL No. 2047 and any Litigation in which the Class Member is a named party and include the name, mailing address, e-mail address, if any (an e-mail address is not required), and telephone number of the objecting Class Member; the objection must provide the address of the Affected Property to which the Class Member's claims relate; and must be mailed to Settlement Class Counsel: Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman, 510 Walnut Street, Suite 500, Philadelphia, PA 19106, and Richard J. Serpe, Law Offices of Richard J. Serpe, PC, 580 East Main St., Suite 310, Norfolk, VA 23510, and Stephen J. Herman, Herman, Herman & Katz, LLC, 820 O'Keefe Ave., New Orleans, LA 70113, and Patrick S. Montoya, Colson Hicks Eidson, 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134. The objection must be postmarked no later than ninety (90) days following the commencement of the Class Notice, *i.e.*, no later than November 27, 2019. Settlement Class Counsel will file with the Court all objections that they receive no later than one hundred (100) days after commencement of the Class Notice Period, *i.e.*, by December 7, 2019. The objection must be filed in the MDL Court and served on

Case 1:11-cv-22408-MGC Document 536-1 Entered on FLSD Docket 09/17/2019 Page 6 of 6
Case 2:09-md-02047-EEF-MBN Document 22397-17 Filed 12/09/19 Page 18 of 18
Case 2:09-md-02047-EEF-JCW Document 22314 Filed 08/30/19 Page 6 of 6

Taishan's Counsel and Counsel for the Additional Released Parties through LexisNexis File & Serve.

18. The Settling Parties shall file any response to the objections or other papers in support of final approval of the Settlement no later than five (5) days before the date of the Fairness Hearing, *i.e.*, on or before December 6, 2019.

19. A formal Fairness Hearing shall take place before the Honorable Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, Courtroom C456, New Orleans, LA 70130, beginning at 9:00 am on December 11, 2019, in order to consider comments on and objections to the proposed Agreement and to consider whether (a) to approve thereafter the class settlement as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, (b) to finally certify the Settlement Class, and (c) to enter the Order and Judgment provided in the Agreement.

20. Prosecution of all claims against Taishan and the Additional Released Parties shall be stayed and enjoined pending the settlement proceedings involving the Agreement and further Orders of the Court.

New Orleans, Louisiana, this 29th day of August, 2019.

ELDON E. FALLON
United States District Court Judge