## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Chinese Manufactured Drywall Products  Liability Litigation** | **MDL 09-md-2047** |
| | **SECTION "L"** |
| *This Document Relates to:* | **JUDGE ELDON E. FALLON** |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | **MAGISTRATE JOHN C. WILKINSON, JR.** |
| **Case No. 2:14-cv-2722** | |

### KNAUF DEFENDANTS' OPPOSITION TO
### MOTION FOR EXTENSION OR MOTION TO VACATE
### CASE MANAGEMENT ORDER (REC. DOC. 22385)

**NOW INTO COURT,** through undersigned counsel, come Knauf Gips, KG and Knauf Plasterboard (Tianjin) Co, Ltd. (the "Knauf Defendants"), who respectfully submit this Opposition to the *Bennett* Plaintiffs' Motion for Extension, or Alternatively, Motion To Vacate Case Management Order (Rec. Doc. 22385).   In their motion, Plaintiffs seek "additional time to complete the task of authentication and admissibility of certain evidence related to damages in each individual case, in addition to limited third-party discovery related to damages."  The motion should be denied because Plaintiffs have had years to obtain and produce the necessary third-party documents to support their claims/damages and required by this Court's approved plaintiff forms and the Case Management Order.  Furthermore, the motion should be denied because it seeks to delay  these consolidated pretrial proceedings and is simply an attempt to reset and restart all 130

plaintiff property claims here or in other jurisdictions at a complete waste and loss of judicial resources.

I.       **Background**

Plaintiffs' *Bennett* action is pending in this MDL and is subject to this Court's Case Management Order.   On March 7, 2018, following multiple amendments to the complaint, including the operative Fifth Amended Complaint in March 2018 (Rec. Doc. 21234),  the Court held a status conference where the case management of the *Bennett* action was preliminarily discussed including issues regarding amendments to the *Bennett* complaint, service, jurisdiction, and preliminary motions to dismiss and summary judgment (Rec. Doc. 21238).  On May 14, 2018, the Court granted Plaintiffs' Motion to Amend to the Fifth Amended Complaint (Rec. Doc. 21332) and this Court lifted the previous stay as to the named Knauf entities without limitation.  (Rec. Doc. 21762).

After the Fifth Amended Complaint was entered and as discussed at the March 7, 2018 status conference, the Knauf entities filed responsive pleadings, including various motions to dismiss and motions for summary judgment that were granted, resulting in dismissals with prejudice for all but two defendants (Rec. Docs. 21794-95).  As to the remaining defendants, the Knauf Defendants, the parties agreed to plaintiff form submissions and deadlines for submissions of Plaintiff Profile Forms (PPF) and Supplemental Plaintiff Profile Forms (SPPF) in Fall 2018. On December 19, 2018, the Court entered a Case Management Order (Rec. Doc. 21992) including deadlines for the completion of discovery of Plaintiff Fact Sheets and third-party discovery (Rec. Doc. 21992).  The Plaintiff Fact Sheets and required supporting documents were required to be submitted by February 18, 2019.

Plaintiffs waited until a few days before the PFS deadline to produce PFSs and supporting documents.  The Knauf Defendants moved to dismiss those that were not filed by the deadline (Rec. Doc. 22107) and commenced review of the over 100 produced PFSs and supporting documents. Following review, on April 2, 2019, the Knauf Defendants began to file motions to dismiss/strike claims for Plaintiffs' failure to provide complete responses and provide documentation in support of their claims (Rec. Doc. 22206).  On April 23, 2019, the Court heard oral argument and it was Plaintiffs' position that the submitted forms and supporting documents were complete and not deficient.  Therefore, the Court ordered that the parties move towards plaintiff depositions and directed the parties to file any necessary motions if supplemental documents were or were not produced (Rec. Doc. 22227).

Following multiple extensions of discovery deadlines at the benefit of *all* parties, the Court issued the most recent and operative CMO on November 4, 2019 (Rec. Doc. 22359), which ends fact discovery December 31, 2019. The Court's operative CMO directs the parties to "adhere to the Case Management Order as outlined" in the Order and the Court has noted the importance of completing discovery before the end of the year at recent status conferences.  Since May 2019, Defendants have worked diligently to set plaintiff depositions and have accommodated plaintiffs' schedules and choice of location for depositions. The majority of the depositions have resulted in the identification of supplemental Plaintiff documents not produced in connection with the PPFs, SPPFs, and/or PFSs. In some instances, those documents have been produced after the depositions, requiring potential redepositions, and in others, no further documents have been received.  At the same time, Defendants have been required to unilaterally set all remaining plaintiff depositions for the month of December in order to ensure they comply with the Court's CMO.[1]

---

[1] As discussed at a recent status conference, due to Plaintiffs not being made available for depositions in September and October and multiple depositions being cancelled by plaintiffs in November and December, the

Now, Plaintiffs seek a one-hundred eighty (180) day extension of all deadlines to start conducting discovery to support their claims and damages, or alternatively, asks this Court to remand the matter, and in essence, allow all 130 cases to start discovery all over again. Plaintiffs have not sought to conduct any formal discovery in this matter until now, despite Plaintiffs' burden to prove their claims and damages, ample time and opportunity to conduct discovery, and Plaintiffs' previous assertions that Plaintiffs' claims were submitted completely. Indeed, Plaintiffs have only sought to extend deadlines and conduct third-party discovery now at the end of the discovery period, after the remaining depositions/redepositions have been set in December in New Orleans, and after Defendants have begun to file dispositive motions as permitted by the CMO through March 2020.

## II.      Law and Argument

District courts have broad discretion to enforce their scheduling orders. *Jones v. FJC Sec. Servs., Inc*., 612 F. App'x 201, 203 (5th Cir. 2015). Indeed, this broad discretion is afforded to "preserve the integrity and purpose of the pretrial order" to ensure "court efficiency," and to "expedite pretrial procedure." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). The federal rules provide that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id*. (citing Fed. R. Civ. P. 16). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id*. (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

---

Defendants have been forced to unilaterally set the "time and place" of all remaining depositions pursuant to Rule 30 in order to complete by the discovery deadline.

Here, despite assertions by Plaintiffs throughout this matter that their claims were complete and all PPFs, SPPFs, and PFSs, and supporting documents for their claims were submitted, Plaintiffs now seek to extend the discovery deadlines at the very end of the discovery period under the guise of third-party document authentication and admissibility issues.  Under its broad discretion, the Court should deny Plaintiffs' motion because Plaintiffs have not shown good cause for extending third-party discovery deadlines and, furthermore, vacating the CMO will undo all previous consolidated pretrial work and allow Plaintiffs' to restart and reset discovery and litigation for all 130 property claims.

Although Plaintiffs' assert that the deadlines are needed for third-party "authentication" and "admissibility" purposes due to an impasse on stipulations, Plaintiffs have never provided to Defendants, or to the Court in its Motion what, if any documents that they seek authentication and admissibility stipulations.  While Plaintiffs raised the possibility of third-party discovery stipulations in Fall 2019, the Knauf Defendants have consistently asserted since the beginning of these proceedings that Plaintiffs have not provided the necessary documents to prove their claims and that the Knauf Defendants could not universally stipulate to the admissibility of third-party documents, particularly after almost all plaintiff discovery and depositions have now taken place without the documents being produced. Plaintiffs should not need additional third-party discovery if Plaintiffs already have and produced to the Knauf Defendants the necessary third-party documents to prove their claims and satisfy their burdens of proof, like invoices, estimates, or other documents establishing their claims and damages. Plaintiffs will be entitled to call their witnesses at trial to authenticate and admit the records in order to carry their burden of proof.

As raised by the Knauf Defendants at the outset of the CMO, Plaintiffs do not have and have not produced evidence required to support their claims.  Therefore, Plaintiffs' request

additional time to obtain documents from third-parties to support their claims and damages, which is in direct contravention of Plaintiffs' prior representations that their claims were not deficient. Plaintiffs have had years to gather their evidence and were provided ample opportunity throughout the CMO to obtain and produce documents in these consolidated proceedings needed to prove their claims. However, Plaintiffs failed to obtain and produce the evidence. Plaintiffs' motion can only be viewed as a dilatory attempt to start obtaining third-party documents to support Plaintiffs' unproven claims at the very end of the discovery period, and after the filing of deficiency motions, conducting plaintiff depositions, and commencement of dispositive motions. Indeed, Plaintiffs' motion for extension and the alternative relief requested of this Court to abandon the CMO and the deadlines imposed asks this Court to acquiesce to Plaintiffs' goal of unduly delaying this matter, or alternatively, hitting "reset" on all 130 plaintiff cases. The Court should not allow this because it would undo, and require retaking of the discovery conducted to date, would improperly moot Defendants' dispositive motions, and would allow Plaintiffs to completely disregard and affront the Court's efforts, deadlines, and resources in readying these claims for transfer and trial. Indeed, Plaintiffs' requested relief would result in a complete waste of judicial resources and is in direct contradiction to the very purpose of the Court's CMO to complete these consolidated, pretrial proceedings and ready Plaintiffs' claims for trial in courts of competent venue and jurisdiction.

### III.    Conclusion

For these reasons, the Knauf Defendants' request the Court deny Plaintiffs' motion.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170
Telephone:     (504) 556-5549
Facsimile:     (504) 310-0275
Email:          kmiller@fishmanhaygood.com
Email:          pthibodeaux@fishmanhaygood.com
Email:          ddysart@fishmanhaygood.com

**Counsel for the Knauf Defendants**

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 9th day of December, 2019.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**