# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED | : | **MDL NO. 2047** |
| **DRYWALLPRODUCT LIABILITY** | : | |
| **LITIGATION** | : | **SECTION: L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE WILKINSON** |
| | : | |

---

### AFFIDAVIT OF DAVID L. HORSLEY

---

**STATE OF ALABAMA** )

**COUNTY OF JEFFERSON** )

1.      My name is David L. Horsley. I am a resident citizen of the State of Alabama aged nineteen (19) years or older and have personal knowledge of the facts and matters set forth herein which are true and accurate.

2.      I graduated with a Bachelor of Science from the University of Alabama at Birmingham (UAB) in 2006 and from the University of Mississippi School of Law in 2009.

3.      I have been licensed to practice law in the state of Alabama since September 25, 2009 and have been in good standing with the Alabama bar ever since.

4.      In October 2002, I went to work for Edge & Collins, PC as a file clerk.  I worked at Edge & Collins until William Brian Collins and H. Arthur Edge, III split.  At that time I went to work with Mr. Collins, Blake Liveoak and Richard Boyles at Collins, Liveoak & Boyles.

5.      I worked at Collins, Liveoak & Boyles in various positions including, the office manager, until I graduated from UAB and began law school at the University of Mississippi School of Law in the fall of 2006.  As officer manager, I was privy to the fee sharing arrangement between Collins, Liveoak & Boyles and Art Edge, PC.

6.      Upon graduation from law school in 2009 I went to work for Collins & Downey which was the successor firm to Collins, Liveoak & Boyles.

7.      In March 2010, I was made a partner and the firm's name was changed to Collins, Horsley & Downey.  Shortly thereafter, Howard Downey left the firm and the firm became Collins & Horsley, PC.

8.      Soon after going to work with Collins & Downey, PC, the firm along with Art Edge, PC became involved with the Chinese drywall MDL.  Over the next several years, Collins focused almost exclusively on Chinese drywall, Edge continued to maintain the litigation practice of the firms and assisted with Chinese drywall when necessary, and I was responsible for both Chinese drywall and litigation files.

9.      Over the course of the Chinese drywall litigation, Brian Collins, along with several staff members, made trips to Houston, Texas to sign up Chinese drywall cases.  It was expressly understood between Collins & Horsley, PC and Art Edge, PC that the fees from these cases, like all other cases the firms originated, would be shared between the firms.  It is true that the majority of the Texas clients were signed up on Collins & Horsley fee agreements but there were also some that were signed up on the joint agreement between the two firms. Attachment 1 to this affidavit is a true and correct copy of such a joint fee agreement.

10.     In addition, at the request of Collins, Art Edge made at least one trip to Houston to assist in inspecting homes.

11.     From the fall of 2013 until January 2017, Collins provided little to no assistance with the day to day operations, including but not limited to working on Chinese drywall or litigation files.

12.     As a result of Collins' failure to discharge his obligations under the fee sharing arrangement with Edge, in January 2017 I split with Brian Collins and went to work with Art Edge. Since that time, Art Edge, PC has continued to work the Chinese drywall files that were originated by the firms.  Collins has had little to no contact with these clients since that time.

13.     Brian Collins states in his affidavit that there "has been no filed or formal challenge to the fees being paid to my firm" however, that statement is untrue.  While there has been no filed challenge to the fees disbursement, Brian Collins, Art Edge and myself entered into a mediation with the Honorable Mike Maddox regarding the fee dispute, including the fees for the Texas cases.  However, that mediation was unsuccessful.

14.     Additionally, according to the January 2018 edition of the Alabama Lawyer, William Brian Collins "was transferred to disability inactive status pursuant to Rule 27(c), Alabama Rules of Disciplinary Procedure, effective August 23, 2017."  Attachment 2 is a true and correct copy of page 62 of the January 2018 Alabama Lawyer, detailing Disciplinary Notices.  A review of the Alabama Bar website conducted on December 10, 2019 lists William Brian Collin's status as "Inactive – not authorized to practice law in Alabama."  Attachment 3 is a true and correct screenshot of the Alabama Bar website member search function for "William Brian Collins."

FURTHER, THE AFFIANT SAYETH NAUGHT.

_____          __12/10/19_____
David L. Horsley                                              Date


**STATE OF ALABAMA**                )
**COUNTY OF JEFFERSON**        )

I, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared before me the above noted parties, who are known to me, and who by me being first duly sworn, state under oath that the facts and averments stated in the foregoing are true and correct and that they affixed their name to same in my presence.

Sworn to and subscribed before me on this the __10th__ day of __December__, 2019.


Notary Public
My commission expires:



ETHAN HIATT
My Commission Expires
November 2, 2021

3

# ATTACHMENT

# 1

**(Attorney-Client)**
**Contingent Fee Agreement**

1.    The undersigned, _Tara Shetler_ , (Client), hereby employs the law firms of COLLINS & HORSLEY, P.C. and H. ARTHUR EDGE, P.C. as their attorney to handle all claims, demands, settlements and suits of the Client arising out of the construction and subsequent purchase of their home from Defendant(s) _Knent, et al_ , and the damages resulting therefrom.

* * *

2.    For services rendered, Client agrees COLLINS & HORSLEY, P.C. and H. ARTHUR EDGE, P.C. shall receive as an Attorney's fee an amount equal to 40% of any net recovery obtained whether such recovery be made by Client, Attorney or by anyone else prior to trial. This "recovery" amount shall include any and all cash sums paid by any party as well as the fair market value of any labor, services or materials provided by any party, whether or not such party is a named Defendant at the time of such payment. Should the case fail to settle and proceed to trial, the Attorney's fee shall increase to 45% of any net recovery. Should nothing be recovered on behalf of the client, then no further fee will be owing, regardless of actual expenses incurred.

* * *

3.    It is understood and agreed that all reasonable and necessary expenses incurred in the handling of the claim shall be deducted from the proceeds of the Client after the proceeds are divided between Client and Attorney hereto. Such expenses would include, but not be limited to, such items as filing fees, deposition and witness expenses, travel expenses, document duplication, courier and message services, long distance telephone expenses, computer research fees, postage, secretarial overtime, and any out-of-pocket expenses.

* * *

4.      It is understood and agreed that the Attorney shall not have the authority to compromise or settle any of the Client's claims without the Client's consent.  It is agreed if the defendant appeals a trial court's judgment to any appellate court, any penalty or interest imposed upon defendant as a result of such an appeal shall belong to the Attorney as compensation for services rendered in connection with handling the appeal.

* * *

5.      Client understands that the matter for which the Attorney has been engaged is complex and that no assurances or guarantees have been made  by the Attorney of any particular result.

* * *

6.      Client understands and agrees that it is difficult to predict the expenses which may be incurred in this matter and Client does not rely on any such prediction in entering into this agreement.

* * *

7.      Client agrees to fully cooperate with the Attorney on all matters requested relating to this representation.

* * *

8.      Client acknowledges that this agreement is the sole fee agreement between Client and the Attorney and cancels and supersedes any previous written fee agreement or understanding between Client and the Attorney.

Dated this 20th day of __August__ , 2010.

Signature(s): __Tara Shetter__
Plaintiff #1

_____
Plaintiff #2

_____
Attorney

**PLEASE PRINT:**

Full Name(s:) __Tara Shetter__
Plaintiff #1                                          Plaintiff #2

SS# _____
Plaintiff #1                                          Plaintiff #2

D.O.B. _____
Plaintiff #1                                          Plaintiff #2

Address: __1661 Nichole Woods Dr.__
__Houston, TX__         Zip __77047__

County: __Harris__

Lot # _____

Telephone # : __832 524 5294__ (Home)
Plaintiff #1                                          Plaintiff #2

_____ (Work)
Plaintiff #1                                          Plaintiff #2

_____ (Cell)
Plaintiff #1                                          Plaintiff #2

_____ (E-mail)
Plaintiff #1                                          Plaintiff #2

* She is to email dec posed
Floor plan; 8/20/2010 per J.D.
"Her father is going to review fee Agreement"

BUILDER:_____

DATE HOME PURCHASED:_____

SELLER OF HOME:_____

REALTOR:_____

DATES DEFECTS WERE NOTICED:_____

ISSUES WITH THE HOME:

*2nd*
*Home*
*"Rental Home"*

**(Attorney-Client)**
**Contingent Fee Agreement**

1.    The undersigned, *Bernice Peacock*, (Client), hereby

employs the law firms of COLLINS & HORSLEY, P.C. and H. ARTHUR EDGE, P.C. as their

attorney to handle all claims, demands, settlements and suits of the Client arising out of the

construction and subsequent purchase of their home from Defendant(s)

*Knauf; INEX*                                    , and the damages resulting therefrom.

* * *

2.    For services rendered, Client agrees COLLINS & HORSLEY, P.C. and H. ARTHUR

EDGE, P.C. shall receive as an Attorney's fee an amount equal to 40% of any net recovery obtained

whether such recovery be made by Client, Attorney or by anyone else prior to trial. This "recovery"

amount shall include any and all cash sums paid by any party as well as the fair market value of any

labor, services or materials provided by any party, whether or not such party is a named Defendant

at the time of such payment. Should the case fail to settle and proceed to trial, the Attorney's fee

shall increase to 45% of any net recovery. Should nothing be recovered on behalf of the client, then

no further fee will be owing, regardless of actual expenses incurred.

* * *

3.    It is understood and agreed that all reasonable and necessary expenses incurred in the

handling of the claim shall be deducted from the proceeds of the Client after the proceeds are divided

between Client and Attorney hereto. Such expenses would include, but not be limited to, such items

as filing fees, deposition and witness expenses, travel expenses, document duplication, courier and

message services, long distance telephone expenses, computer research fees, postage, secretarial

overtime, and any out-of-pocket expenses.

\* \* \*

4.   It is understood and agreed that the Attorney shall not have the authority to compromise or settle any of the Client's claims without the Client's consent.  It is agreed if the defendant appeals a trial court's judgment to any appellate court, any penalty or interest imposed upon defendant as a result of such an appeal shall belong to the Attorney as compensation for services rendered in connection with handling the appeal.

\* \* \*

5.   Client understands that the matter for which the Attorney has been engaged is complex and that no assurances or guarantees have been made  by the Attorney of any particular result.

\* \* \*

6.   Client understands and agrees that it is difficult to predict the expenses which may be incurred in this matter and Client does not rely on any such prediction in entering into this agreement.

\* \* \*

7.   Client agrees to fully cooperate with the Attorney on all matters requested relating to this representation.

\* \* \*

8.   Client acknowledges that this agreement is the sole fee agreement between Client and the Attorney and cancels and supersedes any previous written fee agreement or understanding between Client and the Attorney.

Dated this _27_ day of ____July____, 2010.

Signature(s): _Bernice Peacock_
Plaintiff #1

_____
Plaintiff #2

_____
Attorney

Renter Claimant

_____ 7-27-10

**PLEASE PRINT:**

Full Name(s:) _Bernice Anne Peacock_    ~~Isaac Albert Whatley~~
Plaintiff #1                          Plaintiff #2

SS# _____    _____
Plaintiff #1                          Plaintiff #2

D.O.B. _____    _____
Plaintiff #1                          Plaintiff #2

Address: ~~11703 Hyde Park Ave~~  4919 Wellington Way
Houston, TX  Zip 77069  Houston
Plaintiff #1

County: Harris

Lot # _____

Telephone # : _281-866-7826_ (Home)
Plaintiff #1                          Plaintiff #2

_____ (Work) _____
Plaintiff #1                          Plaintiff #2

_713-444-3006_ (Cell) _____
Plaintiff #1                          Plaintiff #2

_832-390-9149_ (E-mail) _____
Plaintiff #1                          Plaintiff #2

E-mail Address:      bpeacock @ aii.edu

NOTE

BUILDER: _Life way_

DATE HOME PURCHASED: _4/2006_

SELLER OF HOME: _Life Way_

REALTOR: _____

DATES DEFECTS WERE NOTICED: _7/2010_

ISSUES WITH THE HOME:

_Drywall Knauf_

_Also has Pro-Roc_

**(Attorney-Client)**
**Contingent Fee Agreement**

1.      The undersigned, _Betty Brown_                    , (Client), hereby

employs the law firms of COLLINS & HORSLEY, P.C. and H. ARTHUR EDGE, P.C. as their

attorney to handle all claims, demands, settlements and suits of the Client arising out of the

construction   and   subsequent   purchase   of   their   home   from   Defendant(s)

_Castle Rock, INEX, Knauf_                    , and the damages resulting therefrom.

* * *

2.      For services rendered, Client agrees COLLINS & HORSLEY, P.C. and H. ARTHUR

EDGE, P.C. shall receive as an Attorney's fee an amount equal to 40% of any net recovery obtained

whether such recovery be made by Client, Attorney or by anyone else prior to trial. This "recovery"

amount shall include any and all cash sums paid by any party as well as the fair market value of any

labor, services or materials provided by any party, whether or not such party is a named Defendant

at the time of such payment. Should the case fail to settle and proceed to trial, the Attorney's fee

shall increase to 45% of any net recovery. Should  nothing be recovered on behalf of the client, then

no further fee will be owing, regardless of actual expenses incurred.

* * *

3.      It is understood and agreed that all reasonable and necessary expenses incurred in the

handling of the claim shall be deducted from the proceeds of the Client after the proceeds are divided

between Client and Attorney hereto. Such expenses would include, but not be limited to, such items

as filing fees, deposition and witness expenses, travel expenses, document duplication, courier and

message services, long distance telephone expenses, computer research fees, postage, secretarial

overtime, and any out-of-pocket expenses.

\* \* \*

4.      It is understood and agreed that the Attorney shall not have the authority to compromise or settle any of the Client's claims without the Client's consent.  It is agreed if the defendant appeals a trial court's judgment to any appellate court, any penalty or interest imposed upon defendant as a result of such an appeal shall belong to the Attorney as compensation for services rendered in connection with handling the appeal.

\* \* \*

5.      Client understands that the matter for which the Attorney has been engaged is complex and that no assurances or guarantees have been made  by the Attorney of any particular result.

\* \* \*

6.      Client understands and agrees that it is difficult to predict the expenses which may be incurred in this matter and Client does not rely on any such prediction in entering into this agreement.

\* \* \*

7.      Client agrees to fully cooperate with the Attorney on all matters requested relating to this representation.

\* \* \*

8.      Client acknowledges that this agreement is the sole fee agreement between Client and the Attorney and cancels and supersedes any previous written fee agreement or understanding between Client and the Attorney.

Dated this _28_ day of _____July_____, 2010.


Signature(s): _Betty W. Brown_
           Plaintiff #1

_____
Plaintiff #2

_____
Attorney

**PLEASE PRINT:**

Full Name(s:) _Betty Brown_         _____
           Plaintiff #1                   Plaintiff #2

SS# _____        _____
      Plaintiff #1                   Plaintiff #2

D.O.B. _____     _____
       Plaintiff #1                   Plaintiff #2

Address: _2 1139_

_Humble, Tx_ ~~77~~ Zip _77338_

County: _Harris_

Lot # _____

Telephone # : _281 - 359 - 1139_ (Home) _____
           Plaintiff #1                 Plaintiff #2

_____ (Work) _____
        Plaintiff #1                  Plaintiff #2

_504- 615-4514_ (Cell) _____
        Plaintiff #1                  Plaintiff #2

_____ (E-mail) _____
        Plaintiff #1                  Plaintiff #2

E-mail Address:

~~BBrown20~~ @ ~~70700~~ @ comcast.net

BBrown206707 @ comcast.net

OK to use email for updates

BUILDER: _Castle Rock_

DATE HOME PURCHASED: _9/2006_

SELLER OF HOME: _____

REALTOR: _____

DATES DEFECTS WERE NOTICED: _7/28/2010_

ISSUES WITH THE HOME:

Knauf Everywhere
# Nose Bleeds, Sinus problems, Sore throat,
Fatigue, Burning eyes, Cough

(Attorney-Client)
**Contingent Fee Agreement**

1.      The undersigned, _Candice Vogner_ , (Client), hereby

employs the law firms of COLLINS & HORSLEY, P.C. and H. ARTHUR EDGE, P.C. as their

attorney to handle all claims, demands, settlements and suits of the Client arising out of the

construction   and   subsequent   purchase   of   their   home   from   Defendant(s)

_Castle rock, knauf, TREX_ , and the damages resulting therefrom.

* * *

2.      For services rendered, Client agrees COLLINS & HORSLEY, P.C. and H. ARTHUR

EDGE, P.C. shall receive as an Attorney's fee an amount equal to 40% of any net recovery obtained

whether such recovery be made by Client, Attorney or by anyone else prior to trial.  This "recovery"

amount shall include any and all cash sums paid by any party as well as the fair market value of any

labor, services or materials provided by any party, whether or not such party is a named Defendant

at the time of such payment.  Should the case fail to settle and proceed to trial, the Attorney's fee

shall increase to 45% of any net recovery.  Should nothing be recovered on behalf of the client, then

no further fee will be owing, regardless of actual expenses incurred.

* * *

3.      It is understood and agreed that all reasonable and necessary expenses incurred in the

handling of the claim shall be deducted from the proceeds of the Client after the proceeds are divided

between Client and Attorney hereto.  Such expenses would include, but not be limited to, such items

as filing fees, deposition and witness expenses, travel expenses, document duplication, courier and

message services, long distance telephone expenses, computer research fees, postage, secretarial

overtime, and any out-of-pocket expenses.

DoB

* * *

4.      It is understood and agreed that the Attorney shall not have the authority to compromise or settle any of the Client's claims without the Client's consent.  It is agreed if the defendant appeals a trial court's judgment to any appellate court, any penalty or interest imposed upon defendant as a result of such an appeal shall belong to the Attorney as compensation for services rendered in connection with handling the appeal.

* * *

5.      Client understands that the matter for which the Attorney has been engaged is complex and that no assurances or guarantees have been made  by the Attorney of any particular result.

* * *

6.      Client understands and agrees that it is difficult to predict the expenses which may be incurred in this matter and Client does not rely on any such prediction in entering into this agreement.

* * *

7.      Client agrees to fully cooperate with the Attorney on all matters requested relating to this representation.

* * *

8.      Client acknowledges that this agreement is the sole fee agreement between Client and the Attorney and cancels and supersedes any previous written fee agreement or understanding between Client and the Attorney.

Dated this _28_ day of _July_, 2010.

Signature(s): _[signature]_
<u>Plaintiff #1</u>

_____
<u>Plaintiff #2</u>

_____
<u>Attorney</u>

**PLEASE PRINT:**

Full Name(s:) _Candice Vonner_                    _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

SS#  _____          _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

D.O.B. _____/_____            _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

Address: _21147 Grand in wood ct._
_Humble, TX_          Zip _77338_

County: _Harris_

Lot # _____ → _cell_

Telephone # : _713-922-8565_ (Home)  _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

_____ (Work)  _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

_____ (Cell)  _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

_____ (E-mail)  _____
<u>Plaintiff #1</u>                              <u>Plaintiff #2</u>

E-mail Address:
_Nikki Vonner @ yahoo.com_

BUILDER: _Castle rock_

DATE HOME PURCHASED: _11/2006_

SELLER OF HOME:_____

REALTOR:_____

DATES DEFECTS WERE NOTICED:_____

ISSUES WITH THE HOME:

# ATTACHMENT 2



⚠ **Reinstatement**

⚠ **Transfers to Disability Inactive Status**

⚠ **Suspensions**

⚠ **Public Reprimands**

# Reinstatement

- On August 25, 2017, the Supreme Court of Alabama entered an order reinstating former Birmingham attorney **Angela Turner Drees** to the practice of law in Alabama based upon the decision of Panel II of the Disciplinary Board of the Alabama State Bar. On December 16, 2010, an order was entered suspending Drees's license to practice law. [Rule 28, Pet. No. 2017-271]

# Transfers to Disability Inactive Status

- Bessemer attorney **Garry Wayne Abbott** was transferred to disability inactive status pursuant to Rule 27(b), *Alabama Rules of Disciplinary Procedure*, effective September 13, 2017, by order of the Supreme Court of Alabama. The supreme court entered its order based upon the September 13, 2017 order of Panel I of the Disciplinary Board of the Alabama State Bar in response to Abbott's request submitted to the Office of General Counsel requesting he be transferred to disability inactive status. [Rule 27(b), Pet. No. 2017-1057]

- Birmingham attorney **William Brian Collins** was transferred to disability inactive status pursuant to Rule 27(c), *Alabama Rules of Disciplinary Procedure*, effective August 23, 2017, by order of the Supreme Court of Alabama. The supreme court entered its order based upon the August 23, 2017 order of Panel I of the Disciplinary Board of the Alabama State Bar in response to Collins's request submitted to the Office of General Counsel requesting he be transferred to disability inactive status. [Rule 27(c), Pet. No. 2017-983]

- Cullman attorney **Zebulon Peyton Little** was transferred to disability inactive status pursuant to Rule 27(c), *Alabama Rules of Disciplinary Procedure*, effective August 23, 2017, by order of the Supreme Court of Alabama. The supreme court entered its order based upon the August 23, 2017 order of Panel I of the Disciplinary Board of the Alabama State Bar in response to Little's request submitted to the Office of General Counsel requesting he be transferred to disability inactive status. [Rule 27(c), Pet. No. 2017-984]

# ATTACHMENT
# 3

https://www.alabar.org/find-a-member/

Programs   Members   CLE   Office of General Counsel   For the Public

# Find a Member

The best way to search is to type in just the last name and leave all other fields blank. If the last name is common, you may want to add a first initial or name.

Your search returned 1 results.

Search Again

## Collins, Mr. William Brian

🕐 Inactive – not authorized to practice law in Alabama.

🏛 Samford University Cumberland School of Law

✍ Date Admitted: 09/30/1999

Help with Search Issues                    +

Search Tips                                +

Restrictions on Use of Material            +