# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | MDL 2047 |
| | SECTION "L" |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br> **Case No. 2:14-cv-2722** | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY DANIEL AND SHONA BLONSKY

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Daniel and Shona Blonsky ("Blonsky") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

### I.   Factual and Procedural Background

#### A.   *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs,

homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B. The Bennett Complaint and Skyline

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed in March 2018. The Fifth Amended Complaint is the operative complaint in this matter.

Daniel and Shona Blonksy ("Blonsky") were listed in the original Bennett Complaint. Blonsky is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 8220 SW 60 Court, South Miami, Florida (the "Property"). In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Blonsky completed and submitted a PPF, SPPF, PFS, but <u>failed</u> to submit an Owner Disclosure Affidavit. (Exhibit A: Plaintiff Submissions). The documents were completed under penalty of perjury.

Blonsky bought the Property in 2009. (Exhibit A: PFS). Blonsky had a Chinese drywall inspection performed in 2014. (Exhibit A: PPF). Blonsky completed a remediation of Chinese drywall in the Property in 2014 over the course of a month. (Exhibit A: PFS). The problematic drywall locations were identified and remediated by the remediating contractor. Following the remediation, Blonsky received a certificate from the remediation contractor that certified the

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

Property was remediated and all detectable Chinese drywall was removed from the Property. (Exhibit A: PFS); (Exhibit B: D. Blonsky Transcript at 26).

Blonksy had a separate company test the property post-remediation and determined that the Property no longer exhibited symptoms with Chinese drywall. (Exhibit A: PFS); (Exhibit B: D. Blonsky Transcript at 26-27). Blonsky has not provided any evidence that the Property still contains Chinese drywall or suffers from symptoms associated with Chinese drywall following the 2014 remediation.

Blonsky has never had the Property appraised and has provided no competent evidence in support for a diminution in value claim. (Exhibit A: PFS); (Exhibit B: D. Blonsky Transcript at 29).   Blonsky has not provided evidence to support alleged moving costs incurred due to Chinese drywall. (Exhibit A: PFS).  Blonksy has not provided any evidence to support alternative living expenses claimed to be incurred due to Chinese drywall.  (Exhibit A: PFS).

The only evidence submitted by Blonsky in compliance with PTO 1, PTO 1(B), or PTO 1(I), are three pictures of two alleged KPT boards. (Exhibit A: PFS).   Blonky also alleges he has 2-3 KPT board samples retained.  Blonsky did not submit photos of the retained samples or of the physical evidence of the backside of all drywall removed, electrical components, plumbing components, or any personal property that Blonsky alleges was damaged by Chinese-manufactured drywall required by PTO 1, PTO 1(B), and PTO (I).  (Exhibit A: PFS).   Blonsky was deposed on November 19, 2019 and did not produce any supplemental documents within twenty-one (21) days after the deposition date.

**II.     Legal Standards**

   *A.     Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[4] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[6] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[7] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[8] "If it appears that

---

[2] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[3] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[5] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[6] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[7] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[8] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[9]

### III.     Argument

#### A.     *Plaintiffs Failed to Comply with PTOs and to Preserve and Present Evidence of Drywall Manufacturers and/or Damages*

The evidence demonstrates that Plaintiffs did not comply with the requirements of PTO 1, PTO 1(B), or PTO 1(I). On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. Pursuant to PTO 1(B), which was entered in October 2009 prior to the remediation of any of the below claims, the Court stated that Owners were and are required to preserve evidence by following a few basic procedures, including but not limited to:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.[10]

On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence. Courts have routinely dismissed claims for failing to comply with pretrial orders, particularly when compliance involves a necessary to meet a plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.*P., 735 F.3d 309, 315 (5th Cir. 2013)

---

[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[10] *Id*. at p. 3; *see also* PTO 1(B).

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore*, 725 F.3d at 315 (quot*ing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I) results in prejudice to the defendants because without compliance, a plaintiff cannot establish how much, if any, drywall of a particular manufacturer was or was not installed in the property.[11]

Here, Plaintiffs provided evidence of only two alleged KPT boards in connection with the remediation.  Plaintiffs have not provided any other evidence as required by PTO 1, PTO 1(B), and PTO 1(I) of physical evidence or materials allegedly damaged by Chinese drywall, including but not limited the alleged Chinese drywall itself.  This Court has recognized that while Plaintiffs may be able to submit additional evidence, including testimony, such evidence is insufficient to overcome the requirements to comply with the preservation and presentment pretrial orders in this matter.  Furthermore, Plaintiffs have not provided evidence that the Property currently contains any Chinese drywall, much less KPT drywall, or that the Property suffers from any symptoms allegedly associated with Chinese drywall since the 2014 remediation. Therefore, summary judgment should be granted.

### B.     *Plaintiffs' Damages are Unsupported.*

Blonsky's claims for moving costs and alternative living expenses are completely devoid of evidence, are unsupported, and summary judgment on those claims is appropriate.

As to diminution in value, Blonksy has never had the Property appraised and has never provided any admissible evidence of a diminution in value claim.   Florida law requires proof of

---

[11] See Rec. Doc. 20930 and Rec. Doc. 20933.

lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc.*, 285 So. 2d 697 (Fla. 4th DCA 1973).

Furthermore, Blonsky is precluded from seeking both the cost of repair and diminution in value under Florida law. Indeed, with respect to wrongful injury to real property, there are two rules of damages in Florida: (1) the "diminution in value" rule, which is the difference between the value of real property before and after the injury; and (2) the cost of repairing or restoring the property to its condition prior to the injury, usually referred to as the "restoration" rule. *U. S. Steel Corp. v. Benefield*, 352 So. 2d 892, 894 (Fla. 2d 1977), *cert. denied*, 364 So. 2d 881 (Fla. 1978). Therefore, a property owner can recover the cost of replacement, repair, or restoration of property, or the diminution in the fair market value of the property, but not both. *Id.* at. 894-95. *See also Davey Compressor Co. v. City of Delray Beach*, 639 So.2d 595, 596 (Fla.1994) ("Generally, damages for the wrongful injury of property are measured either by the diminution in the value of the property, referred to as the diminution in value rule, or by the costs of repairing or restoring the property to its condition prior to the injury, referred to as the restoration rule."); *Santa Rosa Golf Associates, Inc. v. Haraway*, 998 So. 2d 1166, 1167 (Fla. 1st DCA 2008) ("In the instant case, the trial court erroneously adopted both the cost of repairs and the diminution in value as the measure of damages. . . ."); *accord Bisque Associates of Florida, Inc. v. Towers of Quayside No. 2 Condo. Ass'n, Inc.*, 639 So. 2d 997, 999 (Fla. 3d DCA 1994) (holding that under general principles of tort law, where the injury to real property is merely temporary, or where the property can be restored to its original condition at reasonable expense, the measure of damages should include the cost of repairs or restoration or the diminution in value.); *see also Courtney Enterprises, Inc. v. Publix Super Markets, Inc.*, 788 So. 2d 1045, 1049-50 (Fla. 2d DCA 2001)

("the measure of damages under the common law in cases such as the instant one is either the diminution of value or the restoration costs. . . ."); *Florida Specialty, Inc. v. H 2 Ology, Inc.,* 742 So. 2d 523, 526 (Fla. 1st DCA 1999) (The proper measure of property damages is generally said to be the diminution in value as a result or the reasonable cost of repair); *Orkin Exterminating Co. v. DelGuidice*, 790 So. 2d 1158, 1160 (Fla. 5th DCA 2001) ("If a plaintiff can be made whole by being compensated by a repair, the law generally does not allow an additional windfall type of recovery for any diminution in value which occurs beyond the cost of repair."). Therefore, summary judgment is appropriate as to Blonsky's diminution in value claim.

### IV. Conclusion

For the reasons set forth herein, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

 /s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com
*Counsel for Defendant,*
*The Knauf Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of December 2019.

>  */s/ Kerry J. Miller*
>  **KERRY J. MILLER**