UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047  SECTION "L" |
| **This document relates to:**  *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*  Case No. 14:cv-2722 | JUDGE ELDON FALLON  MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY PEGGY POWELL

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Peggy Powell ("Powell") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.    Factual and Procedural Background**

*A.    MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.   On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

### B.     *The Bennett Complaint and Powell*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint is the operative complaint in this matter. Later, certain plaintiffs filed actions to intervene in the Bennett Complaint.

Peggy Powell ("Powell") first filed an action to intervene and become a party on August 31, 2018. (Rec. Doc. 21770, 21796). Powell has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in her property located at 110 Laurel Lane, Pass Christian, MS (the "Property"). In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Powell completed and submitted a PPF, SPPF, and a PFS. (Exhibit A: Plaintiff Submissions). The documents were completed under penalty of perjury.

Powell bought the Property in 2004 which was damaged and remediated after Hurricanes Katrina and Rita. (Exhibit A: PFS); (Exhibit B: Transcript at 20). The Property was remediated in 2006 and Powell resided and used the Property between 2006 and 2014 without any issues from Chinese drywall (Exhibit B: Transcript at 20, 56-58). In 2014, Powell was married and moved out of the Property to move in with her husband in Gulfport, MS. (Exhibit B: Transcript at 57-58). Powell did not move out due to Chinese drywall. In October 2014, in light of her marriage and moving to Gulfport, Powell listed the Property for sale and an inspection was performed. (Exhibit B: Transcript at 9-14). The inspection resulted in the discovery of defective Chinese drywall.

(Exhibit B: Transcript at 9-14). Powell received the results of the inspection and was put on notice that the Property had evidence of defective Chinese drywall.[2] (Exhibit B: Transcript at 9-14). In 2014 after the inspection, Powell researched the issue of defective Chinese drywall, contacted those that supplied and installed the drywall in her Property, and examined the blackened/corroded coils of the HVAC system. (Exhibit B: Transcript at 22-23, 33-34, 48-49). However, Powell took no further action and decided to "deal with it later." (Exhibit B: Transcript at 23). In 2018, Powell decided to go into her attic, and saw "Knauf." (Exhibit B: Transcript at 33-35). Powell then filed her claims on August 31, 2018.

Powell provided deposition testimony inconsistent with her plaintiff form submissions not only in regard to the date she learned Chinese drywall was in the Property but also as to her claims for personal property and diminution in value, and loss of use. (Exhibit A: Plaintiff Submissions); (Exhibit B: Transcript at 9-14). Powell did not provide any evidence to support any personal property claims. (Exhibit A: Plaintiff Submissions); (Exhibit B: Transcript at 54). Powell did not provide any evidence to support a diminution in value claim. (Exhibit A: Plaintiff Submissions). Powell provided no support for a loss of use claim because she used the Property freely and without any issues related to Chinese drywall while she resided in the Property between 2006 and 2014. (Exhibit B: Transcript at 57-59). Further, following a determination that the Property had Chinese drywall, Powell did not attempt to sell the Property and instead decided to rent the Property, which she did consistently between 2014 and the present date. (Exhibit B: Transcript at 57-59). Powell was deposed on August 28, 2019 and did not produce any supplemental documents within twenty-one (21) days after the deposition date.

---

[2] Despite numerous requests in the plaintiff forms, the Knauf defendants have never received the October 2014 inspection.

**II.     Legal Standards**

   *A.     Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[5]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[6]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[7]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[8]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[9]  "If it appears that

---

[3] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[4] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[6] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[7] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[8] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[9] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[10]

### III. Argument

#### A. *Powell's Claims are barred by Mississippi's Statute of Limitations*

The three-year statute of limitations set forth in section 15-1-49 applies to Powell's claims for damage to real property. Miss. Code Ann. § 15-1-49 ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Section 15-1-49(2) provides a tolling provision for the statute of limitations, known as the discovery rule: "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." The Mississippi Supreme Court further clarified this rule, stating that "causes of action accrue upon **discovery of the injury,** *not* **discovery of the injury** *and its cause*." *Milam v. Kelly*, No. 2017-CA-01760-COA, 2019 WL 3423400, at *3 (Miss. Ct. App. July 30, 2019) (emphasis added) (citing *Ridgway Lane & Assocs., Inc. v. Watson*, 189 So. 3d 626, 629 (Miss. 2016). The Mississippi Supreme Court has determined a claim is barred under the statute of limitations in an action regarding property damage when suit was not brought within three years of the discovery of the injury to the property. *Id*. at 6 (affirming that statute of limitations begins to run from the date of the injury (the flooding) and not the date the plaintiff ascertained the cause).

Here, Powell bought the Property in 2004, which was damaged and remediated after Hurricanes Katrina and Rita. She moved back into the Property in June 2006. In October 2014, while in the process of moving to Gulfport with her husband, Powell discovered the injury to her

---

[10] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir. 1990).

Property when an inspection was performed and Powell was put on notice that the Property had defective Chinese drywall.  In 2014 after the inspection, Powell researched the issue of Chinese drywall, contacted those involved in the supply and installation of the drywall in her Property, and examined the blackened wires in her panel box.  However, Powell took no further action until 2018 when she alleges she determined the alleged manufacturer by simply going into her attic and seeing "Knauf."  Powell then filed her claims on August 31, 2018.

There is no genuine issue in dispute that Powell discovered the injury in October 2014 when an inspection company informed her that the Property had evidence of defective Chinese drywall.  Indeed, Powell researched the issue, contacted others about it, and looked at the blackened wires but decided to "deal with it later."  The fact that Powell did nothing to ascertain the alleged manufacturer of the board is irrelevant. Even if so, throughout the four years Powell was aware that the Property had Chinese drywall, it simply took her going into the attic one time and to determine the alleged manufacturer.[11] Therefore, based on the undisputed facts and evidence, Powell claims are barred by the statute of limitations and must be dismissed with prejudice.

### B. Plaintiffs' Damages are Unsupported.

Powell provided deposition testimony that she would seek claims for  personal property and diminution in value despite her negative responses in  completed plaintiff form submissions Nonetheless, Powell has failed to produce any evidence to support damages for personal property loss or diminution in value.

---

[11] "In determining whether a plaintiff knew or reasonably should have known that he had an injury, the Court considers the actions taken by the plaintiff." *Milam v. Kelly*, No. 2017-CA-01760-COA, 2019 WL 3423400, at *4 (Miss. Ct. App. July 30, 2019).

As to loss of use, Powell was never deprived of the use of the Property and was unaware of the Chinese drywall in the Property until the October 2014 inspection. Indeed, between June 2006 and 2014, Powell freely used the Property. In 2014, Powell was moving out of the Property to move in with her husband in Gulfport, MS and not because of the alleged presence of Chinese drywall. Further, after Powell moved out of the Property, she was able to consistently rent it between 2014 and the present date. Therefore, there is no genuine issue of fact as to Powell's claims for loss of use, personal property damage, and diminution in value and Powell has not and cannot meet her burden of proof under any standard.[12] Therefore, summary judgment on these claims is appropriate.

## IV. Conclusion

For the reasons set forth herein, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0279
Email:         kmiller@fishmanhaygood.com

*Counsel for Defendant,*
*The Knauf Defendants*

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 12th day of December 2019.

                                                */s/ Kerry J. Miller*
                                                **KERRY J. MILLER**