IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-31223

United States Court of Appeals
Fifth Circuit
**FILED**
December 12, 2019
Lyle W. Cayce
Clerk

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

_____

RICK ASCH; COLLEEN ASCH; ASSET PORTFOLIO SERVICING COMPANY; DOODNAUTH BADAHUR; CDO INVESTMENTS, L.L.C.; ANDREW KUBICK; MOHAMED LATIFF; MCF ENTERPRISES, INCORPORATED; REBECCA MCINTYRE; THOMAS WILLIAMS; MARTHA WILLIAMS,

      Plaintiffs - Appellants

v.

GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG; KNAUF INTERNATIONAL GMBH; KNAUF INSULATION GMBH; KNAUF UK GMBH; KNAUF AMF GMBH AND COMPANY, KG; KNAUF DO BRASIL, LIMITED; PT KNAUF GYPSUM INDONESIA; KNAUF GIPS KG; KNAUF PLASTERBOARD TIANJIN COMPANY, LIMITED; KNAUF PLASTERBOARD WUHU COMPANY, LIMITED; GUANGDONG KNAUF NEW BUILDING MATERIAL PRODUCTS COMPANY, LIMITED,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:13-CV-609 and 2:09-MD-2047

No. 18-31223

Before HIGGINBOTHAM, STEWART, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

This appeal stems from the on-going Chinese-Manufactured Drywall Products Liability Multi-District Litigation. Plaintiffs filed their claims after a wave of similar claims were resolved through extensive discovery, several bellweather trials, and, ultimately, a class-wide settlement agreement – the Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047 ("Knauf Class Settlement Agreement").[1] The Knauf Class Settlement Agreement incorporated the "Already Remediated Properties Protocol," which detailed a four-step process whereby the claims of individuals who self-remediated their properties were resolved. The Knauf Class Settlement Agreement was given final approval in 2013 and applied to all claims filed as December 9, 2011.

To resolve claims, including Plaintiffs', filed after December 9, 2011, Plaintiffs and other similarly situated claimants entered into the Settlement Agreement Regarding Post-December 9, 2011 Claims Against the Knauf Defendants in MDL No. 2047 ("New Claims Settlement Agreement"),[2] which wholly incorporated the earlier Knauf Class Settlement Agreement. The New Claims Settlement Agreement provided that the claimants "are entitled to Remediation Fund Benefits as set forth in… the Already Remediated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The substance of Plaintiffs' claims involves the use of allegedly faulty Chinese-manufactured drywall in the rebuilding of their homes after Hurricanes Rita and Katrina and a housing boom in 2004-2006 caused a shortage of drywall in the United States. Because these claims had become numerous and were common in facts, the claims were consolidated in pretrial proceedings in the District Court of the Eastern District of Louisiana in MDL 2047 before the Honorable Eldon E. Fallon.

[2] In the parties' briefing, this later settlement agreement is also referred to as the "Beane Agreement." For the sake of consistency, this Court will only use "New Class Settlement Agreement."

2

Case: 18-31223 Document: 00515234198 Page: 3 Date Filed: 12/12/2019
Case 2:09-md-02047-EEF-MBN Document 22416-1 Filed 12/12/19 Page 3 of 5

No. 18-31223

Properties Protocol." The New Claims Settlement Agreement also conferred to the District Court "exclusive jurisdiction…for the purpose of administering, supervising, construing and enforcing the Agreement."

Ultimately, the District Court adopted a Special Master's report and recommendation that, under the terms of the New Class Settlement Agreement, all settlement benefits should be denied to Plaintiffs. Plaintiffs timely appealed. Thereafter, Defendants filed a motion to dismiss for lack of jurisdiction, which was carried with this appeal.

Thus, as an initial matter, we must determine whether we have jurisdiction over this appeal. Specifically, we must consider whether Appellants waived their right to appeal when they entered into the New Class Settlement Agreement and agreed to have their claims resolved as prescribed by the Already Remediated Properties Protocol and the Knauf Class Settlement Agreement.

"Where a settlement agreement does not resolve claims itself but instead establishes a mechanism pursuant to which the district court will resolve claims, parties must expressly waive what is otherwise a right to appeal from claim determination decisions by a district court." *In re Deepwater Horizon*, 785 F.3d 986, 997 (5th Cir. 2015). Indeed, "[t]he most likely occasion for waiver arises from a settlement agreement that calls for resolution of some disputed matter by the district court, coupled with an explicit agreement that the district court decision shall be final and that all rights of appeal are waived." *Hill v. Schilling,* 495 Fed. Appx. 480, 487 (5th Cir. 2012) (*quoting* Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 3901 (2012)). Appeals attempted in the face of a clear and unequivocal waiver are dismissed. *Id.*

In the New Class Settlement Agreement, there are three applicable waiver provisions. First, the New Class Settlement Agreement, itself, provides

Case: 18-31223    Document: 00515234198    Page: 4    Date Filed: 12/12/2019
Case 2:09-md-02047-EEF-MBN   Document 22416-1   Filed 12/12/19   Page 4 of 5

No. 18-31223

that "[a]ny disputes under this Agreement shall be presented for resolution to the MDL Court. The MDL Court's determination shall be final with no appeal." Second, the New Class Settlement Agreement incorporates the Already Remediated Properties Protocol, which similarly details that "[t]he Court's resolution of the Remediation Claims shall be final without appeal." Finally, the New Class Settlement Agreement also incorporates the Knauf Class Settlement Agreement, which instructs that "decisions of the Special Master with respect to the Remediation fund may be appealed by Settlement Class Counsel… by filing an objection with the Court. … The Court's decision on any objections will be final, with no further appeals permitted." The "Court" is defined as "The Honorable Eldon E. Fallon, who presides over *In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, in the Eastern District of Louisiana."

In light of the explicit waiver in the New Class Settlement Agreement and the two additional and express waivers incorporated therein, we find that Appellants clearly and unequivocally waived their right to appeal. Appellants' view – that a disagreement with the District Court's interpretation and application of the settlement agreement invalidates the waivers – negates the entire purpose of the appeal waiver and would render these agreed upon terms meaningless. *Hill,* 495 Fed. Appx. at 488; *Prescott v. Northlake Christian Sch.*, 369 F.3d 491, 500 (5th Cir. 2004) (*citing* LA. CIV. CODE art. 2049) ("[A]n interpretation of a contract that has the effect of rendering a provision superfluous or meaningless must be avoided"). Indeed, a party need only understand the right to appeal that is given up, not all the facts relating to all potential challenges that could be raised on appeal. *Hill,* 495 Fed. Appx. at 488 (*citing United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011)). As such,

No. 18-31223

Appellee's motion to dismiss for lack of jurisdiction is GRANTED and this appeal is DISMISSED.