UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
<u>ON CLAIMS ASSERTED BY JACQUES AND SARAH BROUSSEAU</u>

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Jacques and Sarah Brousseau against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

I.   **Factual and Procedural Background**

A.   *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

### B. *The Bennett Complaint and Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Jacques and Sarah Brousseau did not file claims against the Knauf Defendants until November 21, 2016. Jacques and Sarah Brousseau are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 437 Delgado Drive, Baton Rouge, LA 70808 (the "Property"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Jacques and Sarah Brousseau completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury. See Exhibit A. Jacques and Sarah Brousseau were deposed on June 10, 2019 and had twenty-one (21) days to supplement documents.

Plaintiffs purchased the Property on July 27, 2012 (Exhibit A: Plaintiff Submissions - PFS). Plaintiff did not conduct a pre-purchase Chinese drywall inspection. Plaintiffs purchased the property "as-is" and waived redhibition in the act of sale. (Exhibit A: Plaintiff Submissions – Warranty Deed). Brousseau "always" noticed a smell in the Property from the day they moved in. (Exhibit C: Transcript at 26-27); (Exhibit B: Transcript at 21-28). In 2012, immediately after moving in, Plaintiffs experienced problems with the HVAC, electrical/LED lighting systems, and several appliances allegedly failed requiring repair. (Exhibit B: Transcript at 21-28). The issues

continued from 2012 through 2016 but Plaintiffs took no further action until a prospective buyer of the Property performed an inspection in 2016. (Exhibit A: Plaintiff submissions – Ex 14 of PFS, PPF).

In part, Jacques and Sarah Brousseau asserted claims in their submissions for personal injury claims and loss of use. Jacques and Sarah Brousseau failed to provide documents and competent evidence to support their claims.

## II.    Law & Argument

### A.    Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[4] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains

---

[2] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[3] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[5] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[6]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[7]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[8]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[9]

### B. Plaintiffs waived claims by knowingly and voluntarily purchasing the Property "As-Is"

A buyer may agree to exclude the warranty against redhibitory defects if the terms of the exclusion must be clear and unambiguous and must be brought to the attention of the buyer. La. C.C. art. 2548. The language contained in the Act of Sale signed by Plaintiffs was sufficient to waive redhibition. Plaintiffs entered the "as-is" sale and the waiver knowingly and voluntarily without obtaining any assignments from the seller. Furthermore, this Court has cautioned that when a property owner purchases property in areas known to have the possibility of Chinese drywall they are assuming a risk without conducting a Chinese drywall inspection. Rec. Doc. 20934. For these reasons alone, Plaintiffs' claims are waived and must be dismissed.

---

[6] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[7] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[8] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

**C.     Plaintiffs' Claims are barred because the alleged defects were known to Plaintiffs or could been discovered by a reasonably prudent buyer.**

A seller "owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things." La. Civ. Code art. 2521 (2019). To determine whether a defect is apparent, courts consider whether a reasonably prudent buyer, acting under similar circumstances, would discover it through a simple inspection of the thing sold. A simple inspection is more than a casual observation; it is an examination of the article by the buyer with a view of ascertaining its soundness. *Stuck v. Long,* 40,034 (La.App.2d Cir.8/17/05), 909 So.2d 686, *writ denied,* 05–2367 (La.3/17/06), 925 So.2d 546, *citing Amend v. McCabe,* 95–0316 (La.12/1/95), 664 So.2d 1183. Whether an inspection is reasonable depends on the facts of each case and includes such factors as the knowledge and expertise of the buyer, the opportunity for inspection and the assurances made by the seller. *Stuck, supra; Morrison v. Allstar Dodge Inc.,* 00–0398 (La.App. 1st Cir. 5/11/01), 792 So.2d 9, *writ denied,* 01–2129 (La.11/2/01), 800 So.2d 878. If the defect is apparent and could have been discovered, a plaintiff has a duty to make a further investigation. A failure to do so waives the right to sue in *quanti minoris. Dage v. Obed,* 40,414 (La. App. 2d Cir.12/14/05), 917 So.2d 713.

Plaintiffs purchased the Property on July 27, 2012 (Exhibit A: Plaintiff Submissions - PFS). At that time, this Court had already overseen three years of this Chinese drywall litigation and was overseeing various settlement agreements entered over a year earlier. Still, Plaintiff did not conduct a pre-purchase Chinese drywall inspection. Plaintiffs purchased the property "as-is" and waived redhibition in the act of sale. (Exhibit A: Plaintiff Submissions – Warranty Deed). Had Plaintiffs' performed a Chinese drywall inspection, they would have been informed of the alleged

smells, issues and defects that they experienced immediately upon moving into the Property. Therefore, pursuant to La. Civ. Code art. 2521, Plaintiffs' claims are barred.

### D. Plaintiffs' Claims are Prescribed or Otherwise are Barred by LPLA.

Plaintiffs' claims are prescribed. As to redhibition, under the discovery rule, prescription does not commence against an alleged manufacturer until the date the injured party discovers or should have discovered the facts upon which his cause of action is based. La. Civ. Code 2434 (prescription for redhibition); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing *Corsey v. State Dept. of Corrections*, 375 So.2d 1319, 1321–22 (La.1979)). The principle does not apply if plaintiff's ignorance is attributable to his own willfulness or neglect. *Id*. In determining when the plaintiff should have known of the basis for his claim, the focus is on the reasonableness of the plaintiff's action or inaction. *Id*. A plaintiff will be deemed to know that which he could have learned through reasonable diligence. *Id*. (citing *Hospital Dist. No 1 v. Alas*, 657 So.2d 1378, 1383 (La. App. 5 Cir. 1995). In sum, if an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses it, and closes his eyes and ears to the notice before him, the law will hold him as bound by the same. *See id*.

Plaintiffs purchased the Property on July 27, 2012 (Exhibit A: Plaintiff Submissions - PFS). Immediately upon moving into the Property, Brousseau "always" noticed a smell in the Property. (Exhibit C: Transcript at 25-26). In 2012, immediately after moving in, Plaintiffs experienced problems with the HVAC, electrical/LED lighting systems, and several appliances allegedly failed requiring repair. (Exhibit B: Transcript at 24-28). The issues continued from 2012 through 2016 but Plaintiffs took no further action until an inspection was performed in 2016. (Exhibit A: Plaintiff submissions – Ex 14 of PFS, PPF). Therefore, Plaintiffs' claims are prescribed because

Plaintiffs' own alleged ignorance is attributable to their own willfulness or neglect and Plaintiffs' unreasonable failure in investigating the issues/defects. Had they acted reasonably, Plaintiffs would have known about the Chinese drywall before or shortly after purchasing the Property in 2012. Therefore, because Plaintiffs did not file claims until 2016, the claims are prescribed.

As to the remaining claims, under Louisiana law, prescriptive periods are not determined by the label of the cause of action, but are instead determined by the nature of the transaction and the underlying basis of the claim. *Stewart v. Ruston Louisiana Hosp. Co., LLC.*, No. 3:14-0083, 2016 WL 1715192, at *5 (W.D., La. Apr. 27, 2016) ("In determining the prescriptive period for a cause of action, 'Louisiana courts look to the nature of the duty that has been breached.'") (Citing *Carrier v. Jackson Hewitt Tax Serv. Inc.*, 750 F. Supp.. 2d 694, 704 (E.D. La. 2010)); *Roger v. Dufrene*, 613 So.2d 947 (La. 1993); *see also Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La. 1978) ("Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it."). Therefore, actions that are tort-based claims, including all Louisiana claims in the Fifth Amended Complaint applicable are subject to a one-year liberative prescription period under La. Civ. Code art. 3492. *Manion v. Pollingue*, 524 So. 2d 25 (La. App. 3 Cir. 1988), *writ denied*, 530 So. 2d 572 (La. 1988) (finding tort claim against administrator for breach of fiduciary duty was "delictual action" and one-year prescriptive period. LSA-C.C. art. 3492); *Gad v. Granberry*, 2007-117 (La. App. 3 Cir. 5/30/07); 958 So. 2d 125, *writ denied*, 2007-1336 (La. 9/28/07); 964 So. 2d 364, and *writ denied*, 2007-1361 (La. 9/28/07); 964 So. 2d 365 (finding purchaser's claims against vendor and real estate company for fraud and misrepresentation were delictual actions and subject to one-year prescriptive period); *Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1232, 1237 (fraud and misrepresentation claims were delictual actions and one-year liberative

prescription applied); *Williams v. Nexstar Broad., Inc.*, 11-887 (La. App. 5 Cir. 4/10/12); 96 So. 3d 1195, 1201 (finding claims for defamation are subject to liberative prescription of one year running from the day injury or damage is sustained); *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 622 (E.D. La. 2013) (breach of contract based on misrepresentation governed by one-year prescriptive period). Like the claims in redhibition, the other Louisiana claims relevant to Plaintiffs are prescribed on their face and should be dismissed, with prejudice.

To the extent the claims are not prescribed, they are otherwise barred by the exclusive remedies contained in the LPLA, except as damages in redhibition to the extent damages are provided for the drywall itself or economic losses. The LPLA, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and explicitly provides that "[a]ttorney's fees are not recoverable under th[e LPLA.]" La. Rev. Stat. §§ 9:2800.52 (LPLA exclusivity) & 2800.53(5) (attorney fees prohibition). "Damage" under the LPLA, however, is a defined term, and it usually does not include "damage to the product itself [or] economic loss." *Id*. § 2800.53(5). Accordingly, the LPLA precludes Plaintiffs' redhibition claim—and, consequently, its entitlement to attorney fees—unless the jury awarded damages to compensate for "damage to [the bolts themselves or] economic loss," which are recoverable in redhibition. *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 900 (5th Cir. 2010); *see id*. § 2800.53(5); *Aucoin*, 984 So.2d at 691 n. 8; *De Atley v. Victoria's Secret Catalogue, LLC*, 876 So.2d 112, 115 (La. App. 4th Cir. 2004).

E. **Plaintiffs' Claims are barred by the Subsequent Purchaser Doctrine**

In its recent decision in *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, the Louisiana Supreme Court undertook a comprehensive review of the legal principles undergirding

the subsequent purchaser rule as well as the rule's development in Louisiana case law. 79 So.3d 246, 256-75 (La. 2011).The court stated:

> The subsequent purchaser rule is a jurisprudential rule which holds that an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted.

*Id*. at 256-67; *see also* *Guilbeau v. Hess Corp.*, 854 F.3d 310, 312–13 (5th Cir. 2017)  There, the court explained that:

> injury to property must be understood as damage to the real rights in the property. A tortfeasor who causes injury or damage to a real right in property owes an obligation to the owner of the real right. This relationship arises as a matter of law and provides to the owner of the real right a personal right to sue the tortfeasor for damages.

*Id*. at 279.  The Court clarified that damage to property creates a *personal* right to sue, which unlike a real right, does not transfer to a subsequent purchaser "[i]n the absence of an assignment or subrogation."[9] The Court concluded that a current property owner has no right to recover from a third party for property damages caused prior to his purchase. *Id*. at 262, 279.

Here, Plaintiffs purchased the Property after the alleged defective drywall was installed in the Property.  Plaintiffs were not assigned or subrogated to any of the prior owners' rights. Therefore, the Plaintiffs' claims are barred under the subsequent purchaser doctrine.

   F.   **No Evidence Supporting Personal Injuries or Loss of Use**

Jacques and Sarah Brousseau allege claims and damages for personal property, personal injury and loss of use.[10] However, Jacques and Sarah Brousseau did not timely provide sufficient evidence to support its claims pursuant to the Court's approved forms, at the deposition, or following the deposition. Jacques and Sarah Brousseau bear the burden at trial to prove their claims

---

[10] Exhibit A (Plaintiff Submissions).

and damages and the evidence provided is insufficient, not colorable, and not probative to meet their burden under any standards.[11] Because there is a complete absence of documents, support, or evidence for the personal property, personal injury and loss of use, summary judgment should be granted in favor of defendants.

### III. CONCLUSION

For these reasons, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
*Counsel for Defendant,*
*The Knauf Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants

---

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of December, 2019.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**