## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:**<br><br>***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al***<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY ISIDRO AND MARFELIA CALDERON**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Isidro and Marfelia Calderon against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

## I.     Factual and Procedural Background

### A.     *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

**B.** ***The Bennett Complaint and Plaintiffs***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Isidro and Marfelia Calderon first filed claims in this matter on January 31, 2016.  Isidro and Marfelia Calderon are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 3441 SW Haines Street, Port St. Lucie, FL 34953 (the "Property").  In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.  Isidro and Marfelia Calderon completed and submitted a PPF, SPPF, PFS.  The documents were completed under penalty of perjury. See Exhibit A. Isidro and Marfelia Calderon were deposed on July 11, 2019 and had twenty-one (21) days to supplement documents.

Within a year of moving into the Property, Plaintiffs started to notice a strange smell. (Exhibit B: Transcript of Marfelia Calderon at 4-7); (Exhibit C: Transcript of Isidro Calderon at 8, 12, 21-22).  Furthermore, within the first four to five years of owning the Property (between 2005 and 2010) and continuing throughout their ownership, personal property items and appliances were blackening, rusting, and breaking down.  *Id*.  However, Plaintiffs took no steps to investigate the issues until 2015.  *Id*.  Plaintiffs allegedly replaced and discarded the items.  *Id*.

In part, Isidro and Marfelia Calderon asserted claims in their submissions for diminution in value, loss of use and personal property. Isidro and Marfelia Calderon failed to provide documents and competent evidence to support their claims for diminution in value, loss of use and personal property.

## II.    Law & Argument

### A.    *Legal Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[4] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly

---

[2] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[3] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[5] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

probative.'"[6]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[7]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[8]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[9]

### B.    *Plaintiffs' Claims are Barred by Statute of Limitations*

The purpose of a statute of limitations is to protect defendants against "unexpected enforcement of stale claims" by "cut[ting] off the remedy of a party who has slept on his rights." *Allie v. Ionata*, 503 So. 2d 1237, 1240 (Fla. 1987).  This is because it would be "resolutely unfair" to "award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses." *Id.* (quoting *Nardone v. Reynolds*, 333 So. 2d 25, 36 (Fla. 1976)). "To those who are unduly tardy in enforcing their known rights, the statute of limitations operates to extinguish the remedies; in effect, their right ceases to create a legal obligation and in lieu thereof a moral obligation may arise in the aid of which courts will not lend their assistance." *Nardone*, 333 So. 3d at 37.

As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action." *Kelley*

---

[6] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[7] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[8] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

*v. Sch. Bd. of Seminole Cnty.*, 435 So. 2d 804, 806 (Fla. 1983). In Florida, actions founded on negligence and property defects are subject to a four-year statute of limitations. FLA. STAT. ANN. § 95.11(3)(a), (c), (e), (h).  Similarly, Plaintiff's claims under FDUPTA and for unjust enrichment and breach of warranty are subject to a four-year limitations period. *Id.* § (3)(f), (k), (p). In the case of a latent defect, the time to file a lawsuit "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." *Id.* § (3)(c).

Here, Plaintiffs did not file claims against the Knauf Defendants until January 2016. Plaintiff purchased the Property in 2005 and has experienced smells associated with Chinese drywall since shortly after moving in. Within the first four to five years, appliances and personal property items allegedly blackened, rusted, and failed and were allegedly replaced and discarded. However, Plaintiff did nothing and exercised no diligence in investigating the issues they were allegedly experiencing in the Property until 2015. Therefore, Plaintiff has been on notice of the alleged defects in the Property since shortly after moving into the Property in 2005 or at the latest in 2010.  Had they exercised any due diligence, the cause of the defect would have been determined then like it was in 2015. Therefore, because Plaintiffs did not file claims against the Knauf Defendants until January 2016, Plaintiff's claims are barred under the four-year statute of limitations period.

### C.    *No Evidence Supporting Diminution in Value, Loss of Use and Personal Property.*

Isidro and Marfelia Calderon allege claims and damages for diminution in value, loss of use and personal property.[10] However, Isidro and Marfelia Calderon did not timely provide sufficient evidence to support claims pursuant to the Court's approved forms, at the deposition, or following the deposition. Isidro and Marfelia Calderon bear the burden at trial to prove their claims

---

[10] Exhibit A (Plaintiff Submissions).

and damages and the evidence provided is insufficient, not colorable, and not probative to meet their burden under any standards.[11]  Because there is a complete absence of documents, support, or evidence for the diminution in value, loss of use,[12] and personal property, summary judgment should be granted in favor of defendants.

Furthermore, Plaintiffs did not comply with pretrial orders by discarding personal property items alleged to have been damaged by Chinese drywall. This Court entered PTO 1(B) and PTO 1(I) regarding preservation of evidence. Courts have routinely dismissed claims for failing to comply with pretrial orders, particularly when compliance involves a necessary element to meet a plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.*P., 735 F.3d 309, 315 (5th Cir. 2013).   "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore*, 725 F.3d at 315 (quot*ing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I) results in prejudice to the defendants.  Because Plaintiffs discarded the appliances and personal property allegedly damaged due to Chinese drywall in contravention of this Court's orders, the personal property claims should be dismissed.

---

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[12] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl*., 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999).  Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use.  *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App.  1985).

III.   *CONCLUSION*

For these reasons, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of December, 2019.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**