Plaintiff Profile Form - Residential Properties

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | For Internal Use Only |
|---|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | MDL NO. 2047 | |
| PRODUCTS LIABILITY LITIGATION | SECTION: L | File Number |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON | |
| | MAG. JUDGE WILKINSON | Date Received |

This Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation using one form per affected person. In completing this Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and expressly indicate "unknown" in the space provided when not known. You must supplement your responses if you learn they are incomplete or incorrect in any material respect. You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The questions and requests for production contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.

To the extent that the form does not provide enough space to complete your responses, you may attach as many sheets of paper as necessary. All photographs produced in response to this form shall be in color and attached to or printed on 8 1/2" x 11" white paper.

| Section I. Property Information | Section II. Insurance Information |
|---|---|
| Name Property Owner: Anjali Van Drie | Homeowner/ Renter Insurer: |
| Address of Affected Property: 4101 NW 22nd Street | Tower Hill Prime Insurance Company |
| Cape Coral, FL 33993 | Policy #: E003015441 |
| Is this Property:* (Residential) Commercial Governmental | Agent: Assured Partners of Florida, LLC dba Dawson of FL |
| Name of Person Completing this Form: Anjali Van Drie | Address: 3501 Del Prado Blvd., Suite 204 |
| Is above your primary residence? (Yes) No | Cape Coral, FL 33904 |
| Mailing Address (if different): | Phone: ( 239 ) 542 - 1533 |
| Phone: ( 239 ) 645 - 0458 | + Attach Copy of Insurance Declaration Page |

* If your response is commercial or governmental you should not fill out the remaining questions, you will receive a follow up form at a later date.

Circle one: (Owner-Occupant) Owner Only Renter-Occupant

Represented By: Jimmy Doyle
Address: DOYLE LAW FIRM, PC
2100 Southbridge Pkwy, #650
Birmingham, AL 35209
Phone: ( 205 ) 533 - 9500
Case No. /Docket Info: Bennett v. Knauf - 14,cv-2722

### Section III. Claimant Information

| Name of Claimant | Dates Occupied | | Gender | Date of Birth | Are you claiming personal injuries?* Circle One | Identify Claimant Status as an Owner-Occupant, an Owner Only, or an Occupant or Renter Only |
|---|---|---|---|---|---|---|
| | Move-in | Leave | | | | |
| Anjali Van Drie | 08/20/08 | / / | M /(F) | / / | Yes (No) | Owner - Occupant |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |

* Personal injuries include claims for mental anguish and medical monitoring.

EXHIBIT

A

Plaintiff Profile Form - Residential Properties

**Section IV. Inspection Information**

1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home?   (Yes)   No

    1.1. If "Yes" to Question 1.0 Section IV. Who conducted the inspection?   Chinese Drywall Screening, LLC

      1.2. When did the inspection take place?   01 /29/ 18

2.0. Has a determination been made that Chinese-manufactured drywall is present in your home?   (Yes)   No

    2.1. If "Yes" to Question 2.0. Section IV. Who made this determination?   Chinese Drywall Screening, LLC

      2.2. When was this determination made?   01 /29/ 18

**Section V. Drywall Information**

| Drywall Manufacturer | Markings on Drywall | Location in Home |
|---|---|---|
| Knauf Plasterboard Tianjin | KNAUF TIANJIN CHINA | walls |
|  | ASTM C 36 |  |
|  |  |  |
|  |  |  |

**Section VI. Home Information**

| | | Yes | No |
|---|---|---|---|
| Approx. Sq. Ft. of House: | 2,246 | | |
| Estimated Sq. Ft. of Drywall | ----------- | | |
| Height of Interior Walls | 9' | Occupied | X | |
| Number of Bedrooms: | 3 | Year-round | X | |
| Number of Bathrooms: | 2 | Summer | |


| Approx. Sq. Ft. of House: | 2,246 | | Yes | No |
|---|---|---|---|---|
| Estimated Sq. Ft. of Drywall | ----------- | | | |
| Height of Interior Walls | 9' | Occupied | X | |
| Number of Bedrooms: | 3 | Year-round | X | |
| Number of Bathrooms: | 2 | Summer | | |
| | | Winter | | |

**Plumbing System**

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| PVC/ CPVC/ Plastic Piping | | | X |
| Copper Piping | X | | |
| Copper Fixtures | X | | |
| Other Fixtures | X | | |
| Were repairs made to the plumbing system? | | X | |
| Dates: | | | |

**Electrical System**

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| Receptacles | X | | |
| Switches | X | | |
| Main Panel | X | | |
| 2nd Panel | | | X |
| Exposed Copper Wires | X | | |
| Were repairs made to the electrical system? | | X | |
| Dates: | | | |

+ Attach Copy of Floor Plan on 8 1/2" X 11" paper

**Section VII. Construction/Renovation Information**

Date Range for New Home Construction: (Month/Day/Year)

| Start Date: | / / | Completion Date | / / |
|---|---|---|---|
| Move In Date: | / / | Date Acquired Home | / / |

Date Range for Renovations: (Month/Day/Year)

| Start Date: | / / | Completion Date | / / |
|---|---|---|---|
| Move In Date: | / / | | |

| Renovation(s) | Yes | No | N/A |
|---|---|---|---|
| First Floor: 1/2 Wall of drywall replaced | | | |
| First Floor: Full Wall of drywall replaced | | | |
| Second Floor: Any drywall replaced | | | |

**Section VIII. Homebuilder/ General Contractor/ Developer Information**

Homebuilder/ General Contractor/ Developer's Name:

Address: _____

Phone: (    )    -

+ Attach Copy of Construction/Renovation Contract
+ Attach Copy of New Home Warranty Declaration

**Section IX. Drywall Installer**

Drywall Installer's Name:

Address:

Phone: (    )    -

**Section X. Drywall Supplier**

Drywall Supplier's Name:

Address:

Phone: (    )    -

Plaintiff Profile Form - Residential Properties

**Section XI. Verification of Plaintiff Profile Form**

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

| | | | |
|---|---|---|---|
| _____ | 2/10/18 | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| _____ | _____ | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| _____ | _____ | _____ | _____ |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

> **For Internal Use Only**
> File No. _____
>
> **Date Received:**
> _____

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re:  Chinese Manufactured Drywall          MDL NO. 2047
Products Liability Litigation                 SECTION: L
                                              JUDGE FALLON
This Document Relates to:                     MAG. JUDGE WILKINSON

*Elizabeth Bennett v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,*  Civil Action No.: 14-cv-2722-EEF-JCW (E.D.La)

---

This Supplemental Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation against the manufacturer of Chinese Drywall, Knauf Plasterboard Tianjin      , using one form per Property. In completing this Supplemental Profile Form, you are under oath and must provide all information within your knowledge, custody and control that is true and correct to the best of your knowledge.  If you have already submitted a Plaintiff Profile Form, this Supplemental Plaintiff Profile Form will be in addition to and supplement the prior Profile Form submitted.  You have an affirmative obligation to search for all documents, electronically stored information, and tangible things responsive to this questionnaire.  You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The responses contained within this Supplemental Plaintiff Profile Form are made without waiving any rights or objections as to relevance or privilege and are made without any abrogation of legal defenses, including those of the Collateral Source Doctrine.

The questions and requests for production contained within this Supplemental Profile Form are non-objectionable and shall be answered without objection. By answering this Supplemental Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts if provided for by applicable law, and are subject to all protections afforded by law.  Failure to fully complete this Supplemental Profile Form and provide the appropriate documents may result in a motion filed against you pursuant to Rule 37 of the Federal Rules of Civil Procedure, which could include a request for dismissal of the action in whole or in part.

All photographs produced in response to this form shall be in color.

---

### Section I. Claimant and Property Information

Name of Claimant: Anjali                                    Van Drie
                  First Name                M.I.    Last Name                           Suffix

                  Co-Claimant First Name (if applicable)   M.I.   Last Name             Suffix

                  Business/Entity Name (if applicable)

1

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Address of Property in this Lawsuit ("Property"):

4101 NW 22nd Street
Address 1

| Cape Coral | FL | 33993 |
|---|---|---|
| City | State | Zip Code |

Is the Property residential or commercial?   Residential

Name of Person
Completing this Form:

| Anjali | | Van Drie | |
|---|---|---|---|
| First Name | M.I. | Last Name | Suffix |

Mailing Address (if different):

| | |
|---|---|
| Address 1 | Address 2 |

| | | |
|---|---|---|
| City | State | Zip Code |

Phone Number of Person Completing This Form: ( 239 ) 645 - 0458

---

**Section II. Purchase, Sale and/or Transfer of Ownership of a Property and Assignments of Claims**

When did you acquire the Property? Month/Day/Year:  8  /  20  /  2008

When was Chinese drywall installed in the Property (to the best of your knowledge)?

Month/Day/Year:  ??  /  ??  /  2006

When you acquired the Property, were you aware that it contained Chinese drywall?  ☐ Yes   ☑ No

If you were not aware, at the time you acquired the Property, that the Property contained Chinese drywall, when did you first become aware that the Property contained Chinese drywall?

Month/Year:  1  /  2018

If you believe Chinese drywall was installed after you acquired the Property, when and how did you first become aware that the Property contained Chinese drywall?

If you acquired the Property knowing that the Property contained Chinese drywall, have you expressly acquired an assignment or other personal right of action that allows you to pursue a claim for damages?
☐ Yes   ☑ No

If Yes, attach a copy of the document assigning any right or claim to you.

If Yes, did you acquire the assignment with the purchase of the Property or at some later time?

---

Have you sold or transferred ownership of the Property since you acquired it?  ☐ Yes   ☑ No

If No, go to Section III.

If Yes, on what date did you sell or transfer ownership of the Property?

Month/Day/Year: _____/_____/_____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

If you have sold or transferred ownership of the Property, did you at the time of sale assign to anyone any right of action for damages relating to the Property?   ☐ Yes   ☐ No

If you have sold or transferred ownership of the Property, did you expressly retain a personal right of action to allow you to pursue damages?   ☐ Yes   ☐ No

If you answered Yes to either of the two questions, attach a copy of any documents relating to your sale or transfer of ownership of the Property and to the assignment of a right of action for damages.

### Section III.  Product Identification and Evidence Retention

Did you provide evidence of Chinese drywall in the Property to the Plaintiffs' Steering Committee to be placed in the PSC FileCloud Database?   ☑ Yes   ☐ No

If Yes, do you have any additional evidence of Chinese drywall in the Property that you have not provided to the Plaintiffs' Steering Committee?   ☐ Yes   ☑ No

If No, go to Section IV.  If Yes, **attach** all additional evidence of Chinese drywall in the Property that you have not already provided to the Plaintiffs' Steering Committee.

### Section IV. Bankruptcy, Foreclosure or Short Sale

Do you contend that you entered personal bankruptcy as a result of damage to your Property from defective Chinese Drywall?   ☐ Yes   ☑ No

If Yes, answer the following questions:

If you entered personal bankruptcy, identify the case number and docket information of the filing.

Court filed in: _____

Date of filing: _____/_____/_____
                     Month      Day           Year

Docket No.: _____

Present Status: _____

Attach your bankruptcy petition and documents filed therewith, including (1) the schedule of assets and liabilities; (2) the schedule of income and expenditures; (3) the statement of financial affairs; (4) the schedule of executory contracts and unexpired leases; (5) the list of creditors and amount and nature of claims; (6) the source, amount, and frequency of the debtor's income; (7) the list of all the debtor's property; and (8) the detailed list of the debtor's monthly living expenses.

Do you contend that a foreclosure or short sale occurred as a result of damage to your Property from defective Chinese Drywall?   ☐ Yes   ☑ No

If Yes, answer the following questions:

If the Property was the subject of a foreclosure or short sale, identify the following:

Foreclosure or Short Sale?             _____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Lender's name: _____

Loan Number: _____

Original Loan/Mortgage Amount: $_____

Date of Original Loan/Mortgage: _____/_____/_____
                                  Month    Day    Year

At the Date of Foreclosure or Short Sale,
the amount owed on the Loan/Mortgage: $_____

Date of Foreclosure or Short Sale: _____/_____/_____
                                    Month    Day    Year

Short Sale Price (if applicable): $_____

Attach all loan/mortgage documentation and documentation pertaining to the acquisition of the property.

Attach all documents relating to any foreclosure or short sale, including but not limited to any financial statements provided to the lender, a seller's hardship letter, tax returns, W-2 forms, payroll stubs, and bank statements provided to the lender, and comparative market analyses of comparable sales provided to the lender.

### Section V. Already Remediated Property

Has the Property been partially or completely remediated? No _____

If completely or partially remediated, answer the following questions. If No, go to Section VI.

Please identify the dates during which the remediation took place:
_____

Please identify who performed the work to remediate the property (for example: self, name of contractor, name of remediation service): _____

If the Property has been partially remediated, identify the rooms of the Property that were remediated, the current condition and status of the remediation and the amount of work remaining to be remediated:

Attach any documents supporting any work that you or others performed for remediation of the Property.

If the Property has been partially or completely remediated, what was the total cost to date for the remediation of the Property?

$_____

Attach all invoices and documents to support the total cost of remediation to date.

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Attach all invoices, purchase receipts and documents supporting the total cost or value of any appliances, fixtures or other electronics that you claim were damaged by Chinese drywall.

Attach all invoices, purchase receipts and documents supporting the total cost or value of any other movables (property or possessions, not including land or buildings) that you claim were damaged by Chinese drywall.

If the Property has been completely remediated, what was the date the remediation was completed?

Month/Year: _____/_____

Have you preserved at least two samples (of ten inches by ten inches (10" x 10") in size if possible) of every different drywall brand or marking removed from the Property? ☐ Yes ☐ No

If you have preserved samples, where are the samples located?

_____

Have you preserved at least one sample of each type of drywall endtape, if any, that was found during inspection, repair or removal of drywall in or from the Property? ☐ Yes ☐ No

If you have preserved samples, where are the samples located?

_____

Have you photographed the backside of each Chinese-manufactured drywall board removed from the Property immediately after it was removed, and have you documented on a floor plan or other similar diagram the location of each full or partial Chinese-manufactured drywall board and its photograph?
☐ Yes ☐ No

If you have photographed and documented each Chinese-manufactured board, please attach the photograph(s) and floor plan.

Have you photographed the HVAC coil, at least one (1) plumbing component and three (3) electrical components that you allege were damaged by Chinese drywall? ☐ Yes ☐ No

If you have photographed these materials, please attach the photographs.

Have you photographed any other building materials, components, or other personal property for which you intend to seek recovery? ☐ Yes ☐ No

If you have photographed these materials, please attach the photographs.

---

**Section VI. Prior Payments**

Have you received any payments, including but not limited to settlement payments, payments from homebuilders, and insurance payments, related to damages you claim to have suffered caused by defective Chinese drywall in the Property or related to any other harm caused by defective Chinese drywall? ☐ Yes ☑ No

If Yes, identify the source(s) and state the amount of payment(s) you received?

Source: _____

Amount of payments received: $ _____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Source: _____

Amount of payments received:  $ _____

Source: _____

Amount of payments received:  $ _____

If you received payments from the Knauf settlement, state the percentage of the Chinese Drywall that was identified as "KPT Chinese Drywall" as described in section 1.27 of the Knauf Settlement Agreement: _____%

Attach documents reflecting the total amount you received from the source(s).

### Section VII. Other Damages

If you incurred alternative living expenses as a result of Chinese Drywall, identify the total moving cost and/or alternative living expense you incurred.

$ n/a_____

Attach all receipts and documents supporting the total moving cost and/or alternative living expense you incurred.

If you experienced any loss of use and/or loss of enjoyment of the Property as a result of Chinese Drywall, identify the total amount of such loss.

$ 275,000_____

Attach all documentation to support the total amount claimed for the loss.

If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

$ 425,572_____

Attach all documentation to support the total amount claimed for diminution of value, including documents showing that the Property's previous value.

### Section VIII. "Under Air" Square Footage

Has the under air square footage of the Property changed at any time since installation of the Chinese drywall?  ☐ Yes   ☑ No

If the square footage has changed, please identify the date(s) and change(s) to under air square footage, and attach all documentation that relates to each change:

Date: _____

Change: _____

Date: _____

Change: _____

Date: _____

Change: _____

***Section IX. Verification of Supplemental Plaintiff Profile Form***

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that I am the claimant identified in this Supplemental Plaintiff Profile Form and that all information provided in this Supplemental Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

I further declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information previously provided by me in my original Plaintiff Profile Form continues to be true and correct and has been updated to the best of my knowledge.

_____          3/27/18 _____
Claimant's signature                                                          Date signed

Name:     Anjali Van Drie _____

Address:  4101 NW 22nd Street _____
          Address 1                          Address 2
          Cape Coral            FL       33993
          City                 State    Zip Code

Phone No.: ( 239   ) 645   - 0458 _____

Email:    anjali_vandrie@yahoo.com _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

# PLAINTIFF FACT SHEET

Name of Plaintiff: Anjali Van Drie

Affected Property Address: 4101 NW 22nd Street, Cape Coral, FL  33993

## I.  Purchase, Sale and/or Transfer of Ownership of Property

1.  On what date did you purchase the Property?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: Plaintiff purchased the property:

(Month/Day/Year)      08  /  20  /  2008

2.  When you took ownership of the Property, what was the name of the seller?

Thomas Jason Sawyer

1

3.  Name and address of the realtor?

Ines Luciano, Century 21, Cape Coral, FL

4.  Name and address of the closing agent?

MLS Title, 12580 University Drive, #102, Ft. Myers, FL  33907

5.  What was the price of the home when you purchased it?  $  171,200.00

6.  Was it an "as-is" sale?

**Response:**  Plaintiff objects to the use of "as-is" in this question as vague, ambiguous, uncertain, and unintelligible; consequently, Plaintiff cannot determine the exact nature of the information being sought.  This term is not defined and is not commonly understood with one accepted meaning; multiple inpretations are possible.  Without waiving said objection, plaintiff responds as follows:

☐ Yes  ☑ No  ☐ I'm not sure.

7.  If you sold or transferred ownership of the Property, what was the name of the purchaser?

N/A

8.  If you sold or transferred ownership of the Property, what was the name and address of the realtor?

N/A

9.  If you sold or transferred ownership of the Property, what was the name and address of closing agent?

N/A

10.  If you sold or transferred ownership of the Property, what was the price paid for home?                    $ N/A

## II.  Appraisal of the Home

11.  Date of each appraisal:

a. _____/_____/20_____

b. _____/_____/20_____

2

**PFS REQUEST FOR DOCUMENT PRODUCTION #1**: Please produce copies of any and all appraisals performed on the house both prior and subsequent to the occurrence of any of the events allenged in the petition.

>   **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 1."

## III.  Discovery of Drywall

12.  Date that the property was constructed and/or renovated that installed the allegedly defective Chinese Drywall.

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to  Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: The property construction and/or renovation that installed the allegedly defective drywall occurred on or about the following date (to the best of my knowledge):

>   (Month/Day/Year)          ____/____/20 _06__

**PFS REQUEST FOR DOCUMENT PRODUCTION #2**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify that there is defective Chinese Drywall in the Property.

>   **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 2."

## IV.  Manufacturer/Seller of Drywall

13.  Who sold or distributed the drywall in the house?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Plaintiff Profile Form ("PPF"). Plaintiff directs the defendants to  Section X of the PPF.  Without waiving said objection, Plaintiff adopts the PPF response again here and intends to provide the exact same information as provided in the verified PPF as follows:   The drywall Supplier's name (to the best of my knowledge) is:

I don't know._____

3

**PFS REQUEST FOR DOCUMENT PRODUCTION #3**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify the manufacturer of drywall installed in the house. The submission must be in the form of PTO 1(B).

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 3."

## V.  Damages

14.  Identify any harm, financial or otherwise, that you contend was caused by defective Chinese Drywall installed in the Property.

**Response**:  Plaintiff directs the defendants to review the complaint filed with the court in this case for a full listing of the claims being asserted and the damages being sought.  The defective Knauf Chinese Drywall emitted gasses that cause damage to Plaintiff's home and the personal property contained therein.  It also significantly diminished the use and enjoyment of the home; therefore, Plaintiff seeks the following:  all compensatory, statutory, and/or punitive damages; all pre-judgment and post-judgment interest as allowed by law; any appropriate injunctive relief; an award of attorney's fees as allowed by law; an award of taxable costs; and, any and all such further relief as a jury or judge presiding over my trial deems just and proper.  Other damages include, but are not limited to:

Loss of use of money spent on damages items in home - for instance, damage to a/c coils

required replacement twice in 10 years.  I also lost many other personal property items.

15.  If you contend that you entered personal bankruptcy as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

16.  If you contend that you entered short sale and/or foreclosure as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

4

**PFS REQUEST FOR DOCUMENT PRODUCTION #4**: If you claim loss of income, please produce any copies of any and all documentation upon which you intend to rely upon to prove this claim.

**Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 4."

17.  If you claim diminution of the property as a result of Chinese Drywall, state with particularity each fact which supports your claim.

It is my understanding that the property is now valued $12,000 less, before Chinese

drywall is fully remediated.

_____

_____

18.  Identify the appliances, fixtures and/or other electronics, if any, that you claim were damaged by Chinese Drywall in the property.

**Response**: An list of damaged items is attached as "Exhibit 14."

19.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Address of each location you stayed thereafter.

a. N/A _____

b. _____

c. _____

20.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Time periods in which you resided at each property.

a. N/A /_____/20_____   to   _____/_____/20_____

b. _____/_____/20_____   to   _____/_____/20_____

c. _____/_____/20_____   to   _____/_____/20_____

21.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Moving costs and/or alternative living expenses you claim to have incurred as a result of the alleged presence of Chinese Drywall.

a. $ N/A _____

b. $_____

c. $_____

**PFS REQUEST FOR DOCUMENT PRODUCTION #5**: If you vacated the property because of the alleged presence of Chinese Drywall, please provide any documentation to support your claims.

> **Response:** All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 5."

22. Are you claiming damages for personal injury? ☐ Yes (explain below) ☑ No

_____

_____

23. If you suffered personal injuries as a result of the alleged presence of Chinese Drywall: Date you allege that you first sustained personal injuries as a result of your exposure to allegedly defective Chinese Drywall.

> **Response:** ☑ N/A

24. If you suffered personal injuries as a result of the alleged presence of Chinese Drywall: What specific injuries have you suffered?

> **Response:** ☑ N/A

25. If you suffered personal injuries as a result of the alleged presence of Chinese Drywall: Name and address of any doctor, physician, surgeon, chiropractor, or osteopath who examined and/or treated your alleged injuries.

> **Response:** ☑ N/A

## VI.  Potential Witnesses/Evidence

26. Has any written or recorded statement been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injuries referred to in the petition, and for each statement identified?

☐ Yes  ☑ No  ☐ I don't know

27. If the answer to 26 is "yes," please state: The name, address, and telephone number of the person from whom the statement was taken.

N/A _____

_____

6

28.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person who took the statement.

N/A

_____

29.  If the answer to 26 is "yes," please state:  The name address, and telephone number of the party having custody of such statement.

N/A

_____

30.  If the answer to 26 is "yes," please state:  The date the statement was taken.

N/A

_____

## VII.  Already Remediated Properties

31.  If you already remediated the Property, who conducted the remediation?

 **Response:**   ☑ N/A

32.  When did the remediation commencement date occur?

 **Response:**   ☑ N/A

33.  When did the remediation end date occur?

 **Response:**   ☑ N/A

34.  What was the scope of the remediation and the scope of the work carried out?

 **Response:**   ☑ N/A

35.  What costs or expenses, if any, did you incur related to the remediation of the Property?

 **Response:**   ☑ N/A

36. Were any samples from the remediation retained?

   **Response**:   [ ✓ ] N/A

37. If the response to 36 is "yes," were the samples compliant with PTO 1(B)?

   **Response**:   [ ✓ ] N/A

38. Were any photographs taken of the allegedly defective Chinese Drywall?

   **Response**:   [ ✓ ] N/A

39. If the response to 38 is "yes," were the photographs compliant with PTO 1(B)?

   **Response**:   [ ✓ ] N/A

**PFS REQUEST FOR DOCUMENT PRODUCTION #6**:  Please produce the following documentation concerning the remediation of the Property:  Any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the Property prior to remediation.

> **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 6."

**PFS REQUEST FOR DOCUMENT PRODUCTION #7**:  Please produce the following documentation concerning the remediation of the Property:  Interior photographs of the Affected Property immediately prior to the commencement of, and following completion of, the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom and, to the extent possible, security systems, appliances and audio such as surround sound.

** The photographs do not need to be pictures taken specifically for the litigation. For example, family photographs or photographs taken for purposes of refinancing a mortgage are acceptable in the absence of other photographs.

> **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 7."

**PFS REQUEST FOR DOCUMENT PRODUCTION #8**:  Please produce the following documentation concerning the remediation of the Property:  The remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including, but not limited to, manufacturer, model number, and quantity.

      **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 8."

**PFS REQUEST FOR DOCUMENT PRODUCTION #9**:  Please produce the following documentation concerning the remediation of the Property:  An itemized invoice from the contractor who performed the remediation work ("Itemized Invoice") showing the scope of work carried out.

      **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 9."

**PFS REQUEST FOR DOCUMENT PRODUCTION #10**:  Please produce the following documentation concerning the remediation of the Property:  Proof of payment of the Itemized Invoice and any other expenses, such as cancelled checks, credit card statements, etc.

      **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 10."

**PFS REQUEST FOR DOCUMENT PRODUCTION #11**:  Please produce the following documentation concerning the remediation of the Property:  A floor plan of the Affected Property with dimensions.

      **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 11."

**PFS REQUEST FOR DOCUMENT PRODUCTION #12**:  Please produce the following documentation concerning the remediation of the Property:  An Environmental Certificate.

      **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 12."

**PFS REQUEST FOR DOCUMENT PRODUCTION #13**:  Please produce the following documentation concerning the remediation of the Property:  An Owner Disclosure Affidavit in the form attached as Exhibit 1, which includes a certification that the materials provided comprise all of the available documentation regarding the following:  The drywall that was in the Affected Property prior to the commencement of the remediation; and, the scope, extent, and cost of the remediation.

      **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 13."

## VERIFICATION

I hereby verify that the responses to the Plaintiff Fact Sheet are correct to the best of my knowledge.


_____          ___1/4/19_____
Signature of Plaintiff                                   Date


__Anjali  Van Drre_____
Printed Name

# Exhibit 1

# Lee County Property Appraiser

Tax Year 

Next Parcel Number    Previous Parcel Number    Tax Estimator    Cape Coral Fees    Tax Bills    Print

## Property Data
STRAP: 36-43-22-C2-05280.0500  Folio ID: 10011018

### Owner Of Record - Sole Owner

DRIE VAN ANJALI
4101 NW 22ND ST
CAPE CORAL FL 33993

### Site Address

4101 NW 22ND ST
CAPE CORAL FL 33993

### Property Description
Do not use for legal documents!

CAPE CORAL UNIT 82
BLK 5280 PB 24 PG 126
LOTS 50 + 51

### Classification / DOR Code

SINGLE FAMILY RESIDENTIAL / 01

### [ Tax Map Viewer ] [ View Comparables ]



[ Pictometry Aerial Viewer ]

### Current Working Values

| Just | 11,913 | As Of | 08/11/2017 |
|------|--------|-------|-----------|

#### Attributes

| | |
|---|---|
| Land Units Of Measure | UT |
| Units | 1.00 |
| Frontage | 80 |
| Depth | 125 |
| Total Number of Buildings | 1 |
| Total Bedrooms / Bathrooms | 3 / 2.0 |
| Total Living Area | 2,246 |
| 1st Year Building on Tax Roll | 2006 |
| Historic District | No |

### Image of Structure



◀ Photo Date January of 2007 ▶

## ＋ Exemptions

## ＋ Values (2017 Tax Roll)

## ＋ Taxing Authorities

## ▬ Sales / Transactions

| Sale Price | Date | OR Number | Type | Description | Vacant/Improved |
|-----------|------|-----------|------|-------------|-----------------|
| 0.00 | 03/10/2015 | 2015000051044 | 11 | Sales disqualified as a result of examination of the deed Corrective Deed, Quit Claim Deed, or Tax Deed: deed bearing Florida Documentary Stamp at the minimum rate prescribed under Chapter 201, F.S.: transfer of ownership in which no documentary stamps were paid | I |
| 10.00 | 03/09/2015 | 2015000243234 | 11 | Sales disqualified as a result of examination of the deed Corrective Deed, Quit Claim Deed, or Tax Deed: deed bearing Florida Documentary Stamp at the minimum rate prescribed under Chapter 201, F.S.: transfer of ownership in which no documentary stamps were paid | I |

| | | | | | |
|---|---|---|---|---|---|
| 171,200.00 | 08/20/2008 | 2008000233393 | 06 | Sales qualified and included for sales ratio analysis<br>Qualified (Fair Market Value / Arms Length / One STRAP #) | I |
| 125,000.00 | 11/08/2005 | 2005000141229 | 06 | Sales qualified and included for sales ratio analysis<br>Qualified (Fair Market Value / Arms Length / One STRAP #) | V |
| 100,000.00 | 07/13/2005 | 4829/2858 | 08 | Sales disqualified as a result of examination of the deed<br>Disqualified (Doc Stamps Greater than .70/SP Gr. than $100) | V |
| 100.00 | 02/01/1996 | 2726/3927 | 01 | Sales disqualified as a result of examination of the deed<br>Disqualified (Doc Stamp .70 / SP less th $100 / Other Disq) | V |
| 0.00 | 05/20/1988 | 2726/3930 | 03 | Sales disqualified as a result of examination of the deed<br>Disqualified (Interest Sales / Court Docs / Government) | V |
| 5,000.00 | 09/21/1984 | 1754/3493 | 08 | Sales disqualified as a result of examination of the deed<br>Disqualified (Doc Stamps Greater than .70/SP Gr. than $100) | V |

## ➕ Building/Construction Permit Data

## ➕ Parcel Numbering History

## ➕ Location Information

## ➕ Solid Waste (Garbage) Roll Data

## ➕ Flood and Storm Information

## ➖ Appraisal Details (2017 Tax Roll)

### Land

#### Land Tracts

| Use Code | Use Code Description | Depth | Frontage | Number of Units | Unit of Measure |
|---|---|---|---|---|---|
| 100 | Single Family Residential | 125 | 80 | 1.00 | Units |

#### Land Features

| Description | Year Added | Units |
|---|---|---|
| IRRIGATION SYSTEM LAWN | 2006 | 1 |
| FENCE - CHAIN LINK - 4 FOOT | 2008 | 252 |

### Buildings

#### Building 1 of 1

#### Building Characteristics

| Improvement Type | Model Type | Stories | Living Units |
|---|---|---|---|
| 102 - Ranch | 1 - single family residential | 1.0 | 1 |

| Bedrooms | Bathrooms | Year Built | Effective Year Built |
|---|---|---|---|
| 3 | 2.0 | 2006 | 2006 |

#### Building Subareas

| Description | Heated / Under Air | Area (Sq Ft) |
|---|---|---|
| BAS - BASE | Y | 2,246 |
| FGR - FINISHED GARAGE | N | 597 |
| FOP - FINISHED OPEN PORCH | N | 84 |
| FOP - FINISHED OPEN PORCH | N | 133 |
| FSP - FINISHED SCREEN PORCH | N | 209 |

| Building Front Photo | Building Footprint |
|---|---|





Photo Date: January of 2007

TRIM (proposed tax) Notices are available for the following tax years
[ 2007 2008 2009 2010 2011 2012 2013 2014 2015 2016 2017 ]

# Exhibit 2

# Exhibit 3

# Property Screening Report

## 4101 NW 22nd St., Cape Coral, FL 33993

Screening Date:

1-29-18

Prepared for:

Anjali Vandrie

Report Number:

FL09-0643

CDS Inspector:

Julie Sommerville



Inspections and documentation from leading experts



February 5, 2018

Anjali Vandrie
4101 NW 22nd St.
Cape Coral, FL 33993

RE: Chinese Drywall Screening Report Number FL09-0643

Ms. Vandrie,

At your request, an inspection of the above referenced property (4101 NW 22nd St) was performed on January 29, 2018.  Chinese Drywall Screening, LLC is submitting the enclosed report which is a professional opinion based on a visual inspection of the accessible materials and x-ray fluorescence testing of the drywall throughout the property.

Based on our visual observations of blackened electrical wires coupled with known affects from reactive drywall, CDS is of the opinion that reactive drywall is present in the above referenced property.  The distinctive odor associated with corrosive drywall was noticed upon entry and throughout the inspection.  Drywall markings discovered that are part of Multi-district Litigation case # 2047 (MDL 2047) are:

| No. | Drywall Mfg | Markings on Drywall | Location in home |
|-----|-------------|---------------------|------------------|
| 9 | Knauf-Tianjin (KPT) | KNAUF-TIANJIN China ASTM C-36 | Garage ceiling |
| TBD | Taishan | DRYWALL 4 feet*12 feet*1/2" | Garage ceiling |

Based on the home's **approximate size of 2,650 sf (including garage)** with **10' – 12' average ceiling height,** we estimate that there is **12,000 sf of drywall** in the home.

We trust that the thoroughness and quality of this report meets or exceeds your expectations.  Please feel free to contact us should you have any questions regarding our report or if we may be of further assistance to you.

Sincerely,

Howard Ehrsam, P.E., LEED AP
CGC 1509717
on behalf of Chinese Drywall Screening, LLC

Enclosures: Report with Photo Exhibit



# Overview

## Overview of Subject Property



**Client**:  Anjali Vandrie

**Address:**  4101 NW 22nd St.
        Cape Coral, FL 33993

**Size:** Total estimated size -  2,650 sf  (including garage)

**Exterior wall types:**  CBS - Concrete Block exterior

**Completion date:**  2006



# Summary Narrative

## Observations and Conclusions

### Observations

- Blackening or "black deposits" defined to be copper sulfide by Unified Engineering File No. 4050 associated with reactive drywall was observed on the external refrigerator line.  Corrosion penetrated the protective coating on the coils.  The manufacturer date of the A/C unit is 2014.
- Blackening/soot residue was observed on the exposed wiring of inspected receptacles and switches throughout the property.
- Blackening was not observed on the control wires of the garage door opener.
- Blackening was observed on the copper plumbing water lines under the bathroom sink.  The kitchen sink plumbing components had been replaced with new.
- Fixtures in the bathrooms had corrosive spotting.
- Walls and ceilings were tested utilizing a Thermo Fisher x-ray fluorescence (XRF) analyzer throughout the property.  There is corrosive drywall throughout the property, including the ceilings and garage. Strontium levels similar to Knauf-Tianjin (KPT)  were between 2,600 ppm and 3,000ppm.  **MDL 2047 Drywall Index No. 9 – KPT** and **MDL 2047 Drywall Index No. TBD – Taishan**.  Markings were similar to several types of Taishan, including Index Number 35.  Labels were observed in the interior and garage ceilings.
- There was an odor associated with corrosive drywall throughout the property.

### Conclusions

Based on our visual observations, testing, experience and current state of knowledge in the industry, Chinese Drywall Screening, LLC is of the professional opinion that reactive Chinese drywall **is** present throughout the subject property, specifically **MDL 2047 Index No. 9 – KPT and MDL 2047 Index No. TBD - Taishan**

Inspection and testing was done for general information only.  Additional testing involving cutting and scraping of walls would be needed to verify ceilings and garage along with actual extents of the various types of drywall discovered.

It is the intent of CDS to inform and empower the Client with enough knowledge to make the best, well informed decision that is in the best interests of the Client.  Towards that end, we recommend that you contact an attorney to discuss your legal rights, including potential claims against your builder, along with the installer, supplier and manufacturer of the drywall.  Additional claims against parties of the real estate transaction may also be explored.



What you can do today:  Three primary items to consider for immediate action are:  1) Mortgage forbearance if applicable, 2) Property tax reduction and 3) Legal representation regarding claims against the manufacture.

Time is of the essence and time frames for filing claims may end.  It is critical to understand the implications with these and we recommend seeking professional consultation for details.

For owners of properties with reactive drywall, it important to understand preservation of evidence when selling or remediating as well as the importance of 3rd party verification of the remediation.  More information is available on our website or toll free at 855- CDW-Help (855-239-4357).



Exhibit A

# Certification

## Certification of the Engineer

The undersigned do hereby certify that, to the best of our knowledge and belief:

- The statements of fact contained within this report are true and correct.

- As applicable, the statements of opinions have certain limitations. It is not feasible and is impossible to confirm 100% of corrosive drywall was either removed or is not present. There are several conditions we have seen that could prevent discovery without a more exhaustive investigation. They include, but are not limited to:
    - Low Strontium, corrosive drywall that is domestic and non-homogeneous.
    - Limited amounts of corrosive drywall in inaccessible areas or installed in a way that would seclude it from available receptacles and switches.
    - Limited amounts of high strontium drywall covered with joint compound or heavy textures hindering detection by x-ray fluorescence.
    - Variable amounts of low off-gassing drywall or drywall with corrosive recycled gypsum.

- We have no present or prospective interest in the property that is the subject of this report and we have no personal interest with respect to the parties involved. We have no bias with respect to the property that is the subject of this report or to the parties involved with this agreement.

- The information in this report is based on the existing conditions of the structures materials, documents, and information (written or verbal) supplied by the contractor, the owner or their representatives, and our observations during the inspection.

- Our compensation or engagement in this assignment is not contingent upon the development or reporting of a predetermined conclusion that favors the cause of the client, the remediator, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this report.

- Any use of this report by any other parties without our expressed or written consent is prohibited. Should another individual or entity rely on this analysis or its conclusions without our consent, that shall indemnify Chinese Drywall Screening, LLC, its employees, and service providers from all damages, losses, or expenses that may occur as a result of its use.

- Our report is based on information made available to us at the time of inspection. Should additional information become available, we reserve the right to determine the impact, if any, of the new information on our opinions and conclusions and to revise our opinions and conclusions if necessary and warranted by the discovery of the additional information.

- The provided services and documentation have been completed to the best of our knowledge and based on current known facts regarding reactive drywall.

Howard Ehrsam, P.E., LEED AP
CGC 1509717
on behalf of Chinese Drywall Screening, LLC



# Scope of Screening

## Scope of Screening Services Performed

Chinese Drywall Screening, LLC (CDS) conducted a detailed visual inspection of the various elements within the home that typically react to the presence of reactive drywall.  Some of the known affects are pitting and blackening copper, tarnishing silver, corroding and spotting chrome and brass, and delaminating mirrors.

Based on the experience, knowledge and ability to recognize these affects, CDS completed a thorough inspection of the various elements of the home containing these materials.  These elements include, but are not limited to:

- Air conditioning components
- Gas lines (if applicable)
- Water lines
- Electrical wiring
- Coaxial cabling
- Refrigerator components
- Mirrors
- Plumbing fixtures and drains

Some of the above elements were photographed during the inspection and are attached.  Refer to the photographs for specific observations.

Items that may be affected by reactive drywall but were not inspected by CDS include, but are not limited to:

- Large appliances
- Small appliances
- Televisions
- Audio/video equipment
- Personal possessions
- Smoke detectors
- Doorbells
- Security systems
- Control wiring
- Thermostats

The following engineering report is utilized as a reference in regards to the visual effects on copper: Unified Engineering Report File 4050 dated March 17, 2009. Unified Engineering, Inc; 3056 Weber Drive, Aurora, IL 60502.



# Scope of Screening

## Scope of Services (continued)

### X-ray Fluorescence (XRF) for Strontium

XRF analyzers are handheld instruments used predominantly to evaluate the presence of metal constituents in building materials or other products.  XRF works by exposing a material to high energy x-rays and measuring those x-rays and comparing them to the known and unique pattern of x-rays produced by each element.  For help in identifying corrosive drywall, XRF is used to determine levels of strontium (Sr) present within the gypsum of the drywall throughout the property.

Strontium is a light metal that is a common, naturally occurring element found within the earth.  Certain geographical regions have higher concentrations than others that can translate to the origin of the raw materials.  Strontium levels above 1850 ppm have been associated with drywall of Chinese origin.  However, high levels of strontium do exist in drywall from other origins and testing must be used in conjunction with other means to produce proper conclusions.

The attenuating effects of joint compound and textures could inhibit the detection of small amounts of corrosive drywall.  Furthermore, corrosive drywall could also be present in inaccessible areas that include, but are not limited to, walls above drop ceilings, fire stopping, behind tile, behind cabinets, under raised floor systems, etc.  However, the potential for these conditions can be reduced or eliminated with proper property evaluation and corrosion evaluation.

Photo Exhibit
4101 NW 22nd
Cape Coral, FL 33993



Photo Exhibit
4101 NW 22nd
Cape Coral, FL 33993



Photo Exhibit
4101 NW 22nd
Cape Coral, FL 33993

  

  

  

  

# Photo Exhibit
## 4101 NW 22nd
## Cape Coral, FL 33993



Photo Exhibit
4101 NW 22nd
Cape Coral, FL 33993

  

# Exhibit 4

# Exhibit 5

# Exhibit 6

# Exhibit 7

# Exhibit 8

# Exhibit 9

# Exhibit 10

# Exhibit 11

# Exhibit 12

# Exhibit 13

# Exhibit 14

## Plaintiff Fact Sheet

Plaintiff: Anjali Van Drie

Property Address: 401 NW 22nd St Cape Coral, FL 33993

### Question #18 Itemization (Personal Property Damage)

| # | Description of Damaged Item | Value ($) |
|---|---|---|
| 1 | AC coils 2/4/09 | 475 |
| 2 | AC coils (2nd time) 4/29/11 | 375 |
| 3 | Dryer | 523 |
| 4 | AC compressor & starting capacitor 9/7/11 | 460 |
| 5 | Washer | 630 |
| 6 | Water heater | 800 |
| 7 | 6/11/14 capacitor & fan motor for AC | 350 |
| 8 | tv 1 | 700 |
| 9 | tv 2 | 600 |
| 10 | water fixtures in master/toilet connections | 1200 |
| 11 | kitchen water fixtures / garbage disposal & outlet | 400 |
| 12 | water valves on outside of the house | 350 |
| 13 | water softner | 1200 |
| 14 | jewelry - multiple pieces | 5000 |
| 15 | Indian artifacts - Sterling silver | 1500 |
| 16 | laptop | 900 |
|  | Desk top computer | 450 |

$ 15,913 total

Scanned with CamScanner