Plaintiff Profile Form - Residential Properties

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE MANUFACTURED DRYWALL | MDL NO. 2047 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON |
| | MAG. JUDGE WILKINSON |

**For Internal Use Only**

File Number _____

Date Received _____

This Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation using one form per affected address. In completing this Profile Form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and expressly indicate "unknown" in the space provided when not known. You must supplement your responses if you learn they are incomplete or incorrect in any material respect. You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The questions and requests for production contained within this Profile Form are non-objectionable and shall be answered without objection. By answering this Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts and are subject to all protections afforded by law.

To the extent that the form does not provide enough space to complete your responses, you may attach as many sheets of paper as necessary. All photographs produced in response to this form shall be in color and attached to or printed on 8 1/2" x 11" white paper.

---

### Section I. Property Information

**Name Property Owner:** Carlos M. Salabarria

**Address of Affected Property:** 12940 SW 135 ST

Miami, FL 33186

**Is this Property:*** (Residential)    Commercial    Governmental

**Name of Person Completing this Form:** Carlos Salabarria

**Is above your primary residence?** (Yes)   No

**Mailing Address (if different):** _____

**Phone:** ( 305 ) 546 - 8448

*If your response is commercial or governmental you should not fill out the remaining questions, you will receive a follow up form at a later date.

**Circle one:** (Owner-Occupant)   Owner Only   Renter-Occupant

**Represented By:** Jimmy Doyle

**Address:** DOYLE LAW FIRM, PC

2100 Southbridge Pkwy, #650

Birmingham, AL 35209

**Phone:** ( 205 ) 533 - 9500

**Case No. /Docket Info:** Bennett v. Knauf, 14-cv-2722

### Section II. Insurance Information

**Homeowner/ Renter Insurer:** _____

**Policy #:** _____

**Agent:** _____

**Address:** _____

**Phone:** ( ___ ) ___ - ___

**+ Attach Copy of Insurance Declaration Page**

---

### Section III. Claimant Information

| Name of Claimant | Dates Occupied | | Gender | Date of Birth | Are you claiming personal injuries?* *Circle One* | Identify Claimant Status as an Owner-Occupant, an Owner Only, or an Occupant or Renter Only |
|---|---|---|---|---|---|---|
| | Move-in | Leave | | | | |
| Carlos M. Salabarria | 11 /01/ 15 | / / | (M) / F | / / | Yes (No) | Owner - Occupant |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |
| | / / | / / | M / F | / / | Yes No | |

* Personal injuries include claims for mental anguish and medical monitoring.

**EXHIBIT A**

Plaintiff Profile Form - Residential Properties

### Section IV. Inspection Information

1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home?   ~~Yes~~   No

1.1. If "Yes" to Question 1.0 Section IV. Who conducted the inspection?   Chinese Drywall Screening, LLC

1.2. When did the inspection take place?   10 / 19 / 17

2.0. Has a determination been made that Chinese-manufactured drywall is present in your home?   (Yes)   No

2.1. If "Yes" to Question 2.0. Section IV. Who made this determination?   Chinese Drywall Screening, LLC

2.2. When was this determination made?   10 / 19 / 17

### Section V. Drywall Information

| Drywall Manufacturer | Markings on Drywall | Location in Home |
|---|---|---|
| Knauf Plasterboard Tianjin | KNAUF TIANJIN CHINA ASTM C 36 | ceiling and walls |
| | | |
| | | |

### Section VI. Home Information

| | | | Yes | No |
|---|---|---|---|---|
| Approx. Sq. Ft. of House: | 1,564 | | | |
| Estimated Sq. Ft. of Drywall | ----------- | Occupied | X | |
| Height of interior Walls | 9' | Year-round | X | |
| Number of Bedrooms: | 3 | Summer | | |
| Number of Bathrooms: | 2 | Winter | | |

#### Plumbing System

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| PVC/ CPVC/ Plastic Piping | | X | |
| Copper Piping | X | | |
| Copper Fixtures | X | | |
| Other Fixtures | X | | |
| Were repairs made to the plumbing system? | | X | |
| Dates: | | | |

#### Electrical System

| | Blackening or Corrosion? | | |
|---|---|---|---|
| | Yes | No | N/A |
| Receptacles | X | | |
| Switches | X | | |
| Main Panel | X | | |
| 2nd Panel | | | X |
| Exposed Copper Wires | X | | |
| Were repairs made to the electrical system? | | X | |
| Dates: | | | |

+ Attach Copy of Floor Plan on 8 1/2" X 11" paper

### Section VII. Construction/Renovation Information

Date Range for New Home Construction: (Month/Day/Year)

| Start Date: | / / | Completion Date | / / |
|---|---|---|---|
| Move In Date: | / / | Date Acquired Home | / / |

Date Range for Renovations: (Month/Day/Year)

| Start Date: | | Completion Date | / / |
|---|---|---|---|
| Move In Date: | / / | | |

| Renovation(s) | Yes | No | N/A |
|---|---|---|---|
| First Floor: 1/2 Wall of drywall replaced | | | |
| First Floor: Full Wall of drywall replaced | | | |
| Second Floor: Any drywall replaced | | | |

### Section VIII. Homebuilder/ General Contractor/ Developer Information

Homebuilder/ General Contractor/ Developer's Name:

Address: _____

Phone: (____) ____-____

+ Attach Copy of Construction/Renovation Contract
+ Attach Copy of New Home Warranty Declaration

### Section IX. Drywall Installer

Drywall Installer's Name:

Address: _____

Phone: (____) ____-____

### Section X. Drywall Supplier

Drywall Supplier's Name:

Address: _____

Phone: (____) ____-____

**Section XI. Verification of Plaintiff Profile Form**

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information provided in this Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
|---|---|---|---|
| | 10/20/17 | | |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |
| Claimant's Signature | Date Signed | Claimant's Signature | Date Signed |

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

**For Internal Use Only**
File No. _____

**Date Received:**
_____

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

In re:  Chinese Manufactured Drywall                  MDL NO. 2047
Products Liability Litigation                                      SECTION: L
                                                                                JUDGE FALLON
This Document Relates to:                                  MAG. JUDGE WILKINSON

*Elizabeth Bennett v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.,*  Civil Action No.: 14-cv-2722-EEF-JCW (E.D.La)

---

This Supplemental Plaintiff Profile Form must be completed and signed by every person making a claim in this litigation against the manufacturer of Chinese Drywall, Knauf Plasterboard Tianjin      , using one form per Property. In completing this Supplemental Profile Form, you are under oath and must provide all information within your knowledge, custody and control that is true and correct to the best of your knowledge.  If you have already submitted a Plaintiff Profile Form, this Supplemental Plaintiff Profile Form will be in addition to and supplement the prior Profile Form submitted.  You have an affirmative obligation to search for all documents, electronically stored information, and tangible things responsive to this questionnaire.  You may and should consult with your attorney if you have any questions regarding completion of this form. If you are completing the form for someone who has died or who cannot complete the Profile Form, please answer as completely as you can for that person.

The responses contained within this Supplemental Plaintiff Profile Form are made without waiving any rights or objections as to relevance or privilege and are made without any abrogation of legal defenses, including those of the Collateral Source Doctrine.

The questions and requests for production contained within this Supplemental Profile Form are non-objectionable and shall be answered without objection. By answering this Supplemental Profile Form, you are not waiving the attorney work product and/or attorney client privileges. Similarly, by disclosing the identity of consultants, such consultants may remain non-testifying experts if provided for by applicable law, and are subject to all protections afforded by law. Failure to fully complete this Supplemental Profile Form and provide the appropriate documents may result in a motion filed against you pursuant to Rule 37 of the Federal Rules of Civil Procedure, which could include a request for dismissal of the action in whole or in part.

All photographs produced in response to this form shall be in color.

---

### Section I. Claimant and Property Information

Name of Claimant: Carlos                          M      Salabarria
                          First Name                          M.I.    Last Name                                   Suffix

                          Co-Claimant First Name (if applicable)   M.I.    Last Name                           Suffix

                          Business/Entity Name (if applicable)

1

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Address of Property in this Lawsuit ("Property"):

12940 SW 135 ST
Address 1                                                          Address 2
Miami                                          FL          33186
City                                           State       Zip Code

Is the Property residential or commercial?   Residential

Name of Person
Completing this Form:   Carlos              M       Salabarria
                        First Name          M.I.    Last Name              Suffix

Mailing Address (if different):

Address 1                                                          Address 2

City                                           State       Zip Code

Phone Number of Person Completing This Form: ( 305 )  546  -  8448

*Section II. Purchase, Sale and/or Transfer of Ownership of a Property and Assignments of Claims*

When did you acquire the Property? Month/Day/Year: 10 / 12 / 2015

When was Chinese drywall installed in the Property (to the best of your knowledge)?

Month/Day/Year: _____ / _____ / 2007

When you acquired the Property, were you aware that it contained Chinese drywall? ☐ Yes ☑ No

If you were not aware, at the time you acquired the Property, that the Property contained Chinese drywall, when did you first become aware that the Property contained Chinese drywall?

Month/Year: 10 / 2017

If you believe Chinese drywall was installed after you acquired the Property, when and how did you first become aware that the Property contained Chinese drywall?

If you acquired the Property knowing that the Property contained Chinese drywall, have you expressly acquired an assignment or other personal right of action that allows you to pursue a claim for damages? ☐ Yes ☐ No

If Yes, attach a copy of the document assigning any right or claim to you.

If Yes, did you acquire the assignment with the purchase of the Property or at some later time?

Have you sold or transferred ownership of the Property since you acquired it? ☐ Yes ☑ No

If No, go to Section III.

If Yes, on what date did you sell or transfer ownership of the Property?

Month/Day/Year: _____ / _____ / _____

2

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

If you have sold or transferred ownership of the Property, did you at the time of sale assign to anyone any right of action for damages relating to the Property?  ☐ Yes  ☐ No

If you have sold or transferred ownership of the Property, did you expressly retain a personal right of action to allow you to pursue damages?  ☐ Yes  ☐ No

If you answered Yes to either of the two prior questions, attach a copy of any documents relating to your sale or transfer of ownership of the Property and to the assignment of a right of action for damages.

**Section III.  Product Identification and Evidence Retention**

Did you provide evidence of Chinese drywall in the Property to the Plaintiffs' Steering Committee to be placed in the PSC FileCloud Database?  ☑ Yes  ☐ No

If Yes, do you have any additional evidence of Chinese drywall in the Property that you have not provided to the Plaintiffs' Steering Committee?  ☐ Yes  ☑ No

If No, go to Section IV.  If Yes, **attach** all additional evidence of Chinese drywall in the Property that you have not already provided to the Plaintiffs' Steering Committee.

**Section IV. Bankruptcy, Foreclosure or Short Sale**

Do you contend that you entered personal bankruptcy as a result of damage to your Property from defective Chinese Drywall?  ☐ Yes  ☑ No

If Yes, answer the following questions:

If you entered personal bankruptcy, identify the case number and docket information of the filing.

Court filed in: _____

Date of filing: _____/_____/_____
                Month    Day      Year

Docket No.: _____

Present Status: _____

Attach your bankruptcy petition and documents filed therewith, including (1) the schedule of assets and liabilities; (2) the schedule of income and expenditures; (3) the statement of financial affairs; (4) the schedule of executory contracts and unexpired leases; (5) the list of creditors and amount and nature of claims; (6) the source, amount, and frequency of the debtor's income; (7) the list of all the debtor's property; and (8) the detailed list of the debtor's monthly living expenses.

Do you contend that a foreclosure or short sale occurred as a result of damage to your Property from defective Chinese Drywall?  ☐ Yes  ☑ No

If Yes, answer the following questions:

If the Property was the subject of a foreclosure or short sale, identify the following:

Foreclosure or Short Sale? _____

3

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Lender's name: _____

Loan Number: _____

Original Loan/Mortgage Amount: $_____

Date of Original Loan/Mortgage: _____ / _____ / _____
                                Month   Day   Year

At the Date of Foreclosure or Short Sale,
the amount owed on the Loan/Mortgage: $_____

Date of Foreclosure or Short Sale: _____ / _____ / _____
                                Month   Day   Year

Short Sale Price (if applicable): $_____

Attach all loan/mortgage documentation and documentation pertaining to the acquisition of the property.

Attach all documents relating to any foreclosure or short sale, including but not limited to any financial statements provided to the lender, a seller's hardship letter, tax returns, W-2 forms, payroll stubs, and bank statements provided to the lender, and comparative market analyses of comparable sales provided to the lender.

### Section V. Already Remediated Property

Has the Property been partially or completely remediated? No _____

If completely or partially remediated, answer the following questions. If No, go to Section VI.

Please identify the dates during which the remediation took place:

_____

Please identify who performed the work to remediate the property (for example: self, name of contractor, name of remediation service): _____

If the Property has been partially remediated, identify the rooms of the Property that were remediated, the current condition and status of the remediation and the amount of work remaining to be remediated:

Attach any documents supporting any work that you or others performed for remediation of the Property.

If the Property has been partially or completely remediated, what was the total cost to date for the remediation of the Property?

$_____

Attach all invoices and documents to support the total cost of remediation to date.

4

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Attach all invoices, purchase receipts and documents supporting the total cost or value of any appliances, fixtures or other electronics that you claim were damaged by Chinese drywall.

Attach all invoices, purchase receipts and documents supporting the total cost or value of any other movables (property or possessions, not including land or buildings) that you claim were damaged by Chinese drywall.

If the Property has been completely remediated, what was the date the remediation was completed?

Month/Year: _____ / _____

Have you preserved at least two samples (of ten inches by ten inches (10" x 10") in size if possible) of every different drywall brand or marking removed from the Property?  ☐ Yes   ☐ No

If you have preserved samples, where are the samples located?

_____

Have you preserved at least one sample of each type of drywall endtape, if any, that was found during inspection, repair or removal of drywall in or from the Property?  ☐ Yes   ☐ No

If you have preserved samples, where are the samples located?

_____

Have you photographed the backside of each Chinese-manufactured drywall board removed from the Property immediately after it was removed, and have you documented on a floor plan or other similar diagram the location of each full or partial Chinese-manufactured drywall board and its photograph?
☐ Yes   ☐ No

If you have photographed and documented each Chinese-manufactured board, please attach the photograph(s) and floor plan.

Have you photographed the HVAC coil, at least one (1) plumbing component and three (3) electrical components that you allege were damaged by Chinese drywall?  ☐ Yes   ☐ No

If you have photographed these materials, please attach the photographs.

Have you photographed any other building materials, components, or other personal property for which you intend to seek recovery?  ☐ Yes   ☐ No

If you have photographed these materials, please attach the photographs.

**Section VI. Prior Payments**

Have you received any payments, including but not limited to settlement payments, payments from homebuilders, and insurance payments, related to damages you claim to have suffered caused by defective Chinese drywall in the Property or related to any other harm caused by defective Chinese drywall?  ☐ Yes   ☑ No

If Yes, identify the source(s) and state the amount of payment(s) you received?

Source: _____

Amount of payments received: $ _____

5

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Source: _____

Amount of payments received: $ _____

Source: _____

Amount of payments received: $ _____

If you received payments from the Knauf settlement, state the percentage of the Chinese Drywall that was identified as "KPT Chinese Drywall" as described in section 1.27 of the Knauf Settlement Agreement: _____%

Attach documents reflecting the total amount you received from the source(s).

### Section VII. Other Damages

If you incurred alternative living expenses as a result of Chinese Drywall, identify the total moving cost and/or alternative living expense you incurred.

$_____

Attach all receipts and documents supporting the total moving cost and/or alternative living expense you incurred.

If you experienced any loss of use and/or loss of enjoyment of the Property as a result of Chinese Drywall, identify the total amount of such loss.

$ 111,000.00 _____

Attach all documentation to support the total amount claimed for the loss.

If you claim a diminution in value of the Property as a result of Chinese Drywall, identify the total amount of such diminution of value being claimed.

$_____

Attach all documentation to support the total amount claimed for diminution of value, including documents showing that the Property's previous value.

### Section VIII. "Under Air" Square Footage

Has the under air square footage of the Property changed at any time since installation of the Chinese drywall?   ☐ Yes   ☑ No

If the square footage has changed, please identify the date(s) and change(s) to under air square footage, and attach all documentation that relates to each change:

Date: _____

Change: _____

Date: _____

Change: _____

Supplemental Plaintiff Profile Form – Residential and Commercial Properties

Date. _____

Change: _____

### Section IX. Verification of Supplemental Plaintiff Profile Form

I declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that I am the claimant identified in this Supplemental Plaintiff Profile Form and that all information provided in this Supplemental Plaintiff Profile Form is true and correct to the best of my knowledge, and that I have supplied all of the documents requested in this declaration to the extent that such documents are in my possession, custody or control.

I further declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that all information previously provided by me in my original Plaintiff Profile Form continues to be true and correct and has been updated to the best of my knowledge.

_____        02/30/2018
Claimant's signature                                              Date signed

Name:    CARLOS  M  SALABARRIA

Address:   8940  SW  135  St
           Address 1                          Address 2
           MIAMI            FL    33186
           City              State    Zip Code

Phone No.: 805) 546 - 8448

Email:     SAL-CM @ AOL · com

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047 SECTION: L |
| THIS DOCUMENT RELATES TO: *Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.* 2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON MAG. JUDGE WILKINSON |

## PLAINTIFF FACT SHEET

Name of Plaintiff: Carlos Salabarria

Affected Property Address: 12940 SW 135 ST, Miami, FL 33186

## I.  Purchase, Sale and/or Transfer of Ownership of Property

1.  On what date did you purchase the Property?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: Plaintiff purchased the property:

(Month/Day/Year)          10  /  12  /  2015

2.  When you took ownership of the Property, what was the name of the seller?

Trinity Home Development, LLC

1

3. Name and address of the realtor?

None

4. Name and address of the closing agent?

 Ricardo Martinez-Cid, 1699 Coral Way, Suite 510, Miami, FL  33145-2860

5. What was the price of the home when you purchased it?  $ 191,534.00

6. Was it an "as-is" sale?

**Response**:  Plaintiff objects to the use of "as-is" in this question as vague, ambiguous, uncertain, and unintelligible; consequently, Plaintiff cannot determine the exact nature of the information being sought.  This term is not defined and is not commonly understood with one accepted meaning; multiple inpretations are possible.  Without waiving said objection, plaintiff responds as follows:

☑ Yes  ☐ No  ☐ I'm not sure.

7. If you sold or transferred ownership of the Property, what was the name of the purchaser?

N/A

8. If you sold or transferred ownership of the Property, what was the name and address of the realtor?

N/A

9. If you sold or transferred ownership of the Property, what was the name and address of closing agent?

N/A

10. If you sold or transferred ownership of the Property, what was the price paid for home?
                          $ N/A

## II.  Appraisal of the Home

11. Date of each appraisal:

a. _____/_____/20_____

b. _____/_____/20_____

2

["

**PFS REQUEST FOR DOCUMENT PRODUCTION #3**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify the manufacturer of drywall installed in the house. The submission must be in the form of PTO 1(B).

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 3."

## V.  Damages

14.  Identify any harm, financial or otherwise, that you contend was caused by defective Chinese Drywall installed in the Property.

**Response:**  Plaintiff directs the defendants to review the complaint filed with the court in this case for a full listing of the claims being asserted and the damages being sought. The defective Knauf Chinese Drywall emitted gasses that cause damage to Plaintiff's home and the personal property contained therein. It also significantly diminished the use and enjoyment of the home; therefore, Plaintiff seeks the following:  all compensatory, statutory, and/or punitive damages; all pre-judgment and post-judgment interest as allowed by law; any appropriate injunctive relief; an award of attorney's fees as allowed by law; an award of taxable costs; and, any and all such further relief as a jury or judge presiding over my trial deems just and proper.  Other damages include, but are not limited to:

After purchase, items in the home began failing - appliances, a/c, electronics, etc.  I

attribute these problems to the corrosion caused by the defective drywall.

15.  If you contend that you entered personal bankruptcy as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

16.  If you contend that you entered short sale and/or foreclosure as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

4

**PFS REQUEST FOR DOCUMENT PRODUCTION #4**: If you claim loss of income, please produce any copies of any and all documentation upon which you intend to rely upon to prove this claim.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 4."

17. If you claim diminution of the property as a result of Chinese Drywall, state with particularity each fact which supports your claim.

N/A

18. Identify the appliances, fixtures and/or other electronics, if any, that you claim were damaged by Chinese Drywall in the property.

> **Response**: An list of damaged items is attached as "Exhibit 14."

19. If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Address of each location you stayed thereafter.

a. N/A

b. 

c. 

20. If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Time periods in which you resided at each property.

a. _____/_____/20_____   to   _____/_____/20_____

b. _____/_____/20_____   to   _____/_____/20_____

c. _____/_____/20_____   to   _____/_____/20_____

21. If you vacated the property because of the alleged presence of Chinese Drywall, please provide: Moving costs and/or alternative living expenses you claim to have incurred as a result of the alleged presence of Chinese Drywall.

a. $ N/A

b. $

c. $

**PFS REQUEST FOR DOCUMENT PRODUCTION #5**:  If you vacated the property because of the alleged presence of Chinese Drywall, please provide any documentation to support your claims.

> **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 5."

22.  Are you claiming damages for personal injury?  ☐ Yes (explain below) ☑ No

_____

_____

23.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Date you allege that you first sustained personal injuries as a result of your exposure to allegedly defective Chinese Drywall.

> **Response**:   ☑ N/A

24.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  What specific injuries have you suffered?

> **Response**:   ☑ N/A

25.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Name and address of any doctor, physician, surgeon, chiropractor, or osteopath who examined and/or treated your alleged injuries.

> **Response**:   ☑ N/A

## VI.  Potential Witnesses/Evidence

26.  Has any written or recorded statement been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injuries referred to in the petition, and for each statement identified?

☐ Yes   ☑ No   ☐ I don't know

27.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person from whom the statement was taken.

N/A
_____

_____

6

28. If the answer to 26 is "yes," please state: The name, address, and telephone number of the person who took the statement.

N/A

_____

29. If the answer to 26 is "yes," please state: The name address, and telephone number of the party having custody of such statement.

N/A

_____

30. If the answer to 26 is "yes," please state: The date the statement was taken.

N/A

_____

## VII.  Already Remediated Properties

31. If you already remediated the Property, who conducted the remediation?

**Response:**   ☑ N/A

32. When did the remediation commencement date occur?

**Response:**   ☑ N/A

33. When did the remediation end date occur?

**Response:**   ☑ N/A

34. What was the scope of the remediation and the scope of the work carried out?

**Response:**   ☑ N/A

35. What costs or expenses, if any, did you incur related to the remediation of the Property?

**Response:**   ☑ N/A

36.  Were any samples from the remediation retained?

    **Response:**   ☑ N/A

37.  If the response to 36 is "yes," were the samples compliant with PTO 1(B)?

    **Response:**   ☑ N/A

38.  Were any photographs taken of the allegedly defective Chinese Drywall?

    **Response:**   ☑ N/A

39.  If the response to 38 is "yes," were the photographs compliant with PTO 1(B)?

    **Response:**   ☑ N/A

**PFS REQUEST FOR DOCUMENT PRODUCTION #6:**  Please produce the following documentation concerning the remediation of the Property:  Any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the Property prior to remediation.

    **Response:**  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 6."

**PFS REQUEST FOR DOCUMENT PRODUCTION #7:**  Please produce the following documentation concerning the remediation of the Property:  Interior photographs of the Affected Property immediately prior to the commencement of, and following completion of, the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom and, to the extent possible, security systems, appliances and audio such as surround sound.

** The photographs do not need to be pictures taken specifically for the litigation. For example, family photographs or photographs taken for purposes of refinancing a mortgage are acceptable in the absence of other photographs.

    **Response:**  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 7."

**PFS REQUEST FOR DOCUMENT PRODUCTION #8:**  Please produce the following documentation concerning the remediation of the Property:  The remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including, but not limited to, manufacturer, model number, and quantity.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 8."

**PFS REQUEST FOR DOCUMENT PRODUCTION #9**:   Please produce the following documentation concerning the remediation of the Property:  An itemized invoice from the contractor who performed the remediation work ("Itemized Invoice") showing the scope of work carried out.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 9."

**PFS REQUEST FOR DOCUMENT PRODUCTION #10**:   Please produce the following documentation concerning the remediation of the Property:  Proof of payment of the Itemized Invoice and any other expenses, such as cancelled checks, credit card statements, etc.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 10."

**PFS REQUEST FOR DOCUMENT PRODUCTION #11**:   Please produce the following documentation concerning the remediation of the Property:  A floor plan of the Affected Property with dimensions.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 11."

**PFS REQUEST FOR DOCUMENT PRODUCTION #12**:   Please produce the following documentation concerning the remediation of the Property:  An Environmental Certificate.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 12."

**PFS REQUEST FOR DOCUMENT PRODUCTION #13**:   Please produce the following documentation concerning the remediation of the Property:  An Owner Disclosure Affidavit in the form attached as Exhibit 1, which includes a certification that the materials provided comprise all of the available documentation regarding the following:  The drywall that was in the Affected Property prior to the commencement of the remediation; and, the scope, extent, and cost of the remediation.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 13."

9

## VERIFICATION

I hereby verify that the responses to the Plaintiff Fact Sheet are correct to the best of my knowledge.

_____
Signature of Plaintiff

_____
Date

CARLOS   SALABARRIA
_____
Printed Name

# Exhibit 1



# OFFICE OF THE PROPERTY APPRAISER

## Summary Report

Generated On : 4/18/2018

### Property Information

| | |
|---|---|
| **Folio:** | 30-5914-105-0170 |
| **Property Address:** | 12940 SW 135 ST<br>Miami, FL  33186-6986 |
| **Owner** | CARLOS M SALABARRIA |
| **Mailing Address** | 12940 SW 135 ST<br>MIAMI, FL 33186 USA |
| **PA Primary Zone** | 3700 MULTI-FAMILY - 10-21 U/A |
| **Primary Land Use** | 0410 RESIDENTIAL - TOTAL VALUE : TOWNHOUSE |
| **Beds / Baths / Half** | 3 / 2 / 1 |
| **Floors** | 2 |
| **Living Units** | 1 |
| **Actual Area** | 1,830 Sq.Ft |
| **Living Area** | 1,564 Sq.Ft |
| **Adjusted Area** | 1,564 Sq.Ft |
| **Lot Size** | 1,800 Sq.Ft |
| **Year Built** | 2006 |

### Assessment Information

| Year | 2017 | 2016 | 2015 |
|---|---|---|---|
| **Land Value** | $0 | $0 | $0 |
| **Building Value** | $0 | $0 | $0 |
| **XF Value** | $0 | $0 | $0 |
| **Market Value** | $199,200 | $199,200 | $181,090 |
| **Assessed Value** | $199,200 | $199,200 | $156,065 |

### Benefits Information

| Benefit | Type | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| **Non-Homestead Cap** | Assessment Reduction | | | $25,025 |
| **Homestead** | Exemption | $25,000 | $25,000 | |
| **Second Homestead** | Exemption | $25,000 | $25,000 | |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

### Short Legal Description

| |
|---|
| COURTS AT TUSCANY WEST |
| PB 164-061 T-21864 |
| LOT 5 BLK 5 |
| LOT SIZE 1800 SQFT |
| FAU 30 5914 000 0160 |

2017 Aerial Photography

### Taxable Value Information

| | 2017 | 2016 | 2015 |
|---|---|---|---|
| **County** | | | |
| Exemption Value | $50,000 | $50,000 | $0 |
| Taxable Value | $149,200 | $149,200 | $156,065 |
| **School Board** | | | |
| Exemption Value | $25,000 | $25,000 | $0 |
| Taxable Value | $174,200 | $174,200 | $181,090 |
| **City** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |
| **Regional** | | | |
| Exemption Value | $50,000 | $50,000 | $0 |
| Taxable Value | $149,200 | $149,200 | $156,065 |

### Sales Information

| Previous Sale | Price | OR Book-Page | Qualification Description |
|---|---|---|---|
| 10/12/2015 | $100 | 29911-1884 | Corrective, tax or QCD; min consideration |
| 09/15/2015 | $183,000 | 29817-1542 | Financial inst or "In Lieu of Forclosure" stated |
| 03/19/2015 | $184,100 | 29549-1337 | Financial inst or "In Lieu of Forclosure" stated |
| 08/01/2006 | $320,590 | 24849-1388 | Sales which are qualified |

# Exhibit 2

# Exhibit 3

# Property Screening Report

## 12940 SW 135th St. Miami, FL 33186

Screening Date:

10-19-17

Prepared for:

Carlos Salabarria

Report Number:

FL09-0617

CDS Inspector:

Julie Sommerville



Inspections and documentation from leading experts



October 22, 2017

Carlos Salabarria
12940 SW 135th St.
Miami, FL 33186

RE: Chinese Drywall Screening Report Number FL09-0617

Mr. Salabarria,

At your request, an inspection of the above referenced property (12940 SW 135th St.) was performed on October 19, 2017.  Chinese Drywall Screening, LLC is submitting the enclosed report which is a professional opinion based on a visual inspection of the accessible materials and x-ray fluorescence testing of the drywall throughout the property.

Based on our visual observations of blackened electrical wires coupled with known affects from reactive drywall, CDS is of the opinion that reactive drywall is present in the above referenced property.  The distinctive odor associated with corrosive drywall was noticed upon entry and throughout the inspection.  Drywall markings discovered that are part of Multi-District Litigation case # 2047 (MDL 2047) are:

| No. | Drywall Mfg | Markings on Drywall | Location in home |
|---|---|---|---|
| 9 | Knauf-Tianjin (KPT) | "KNAUF-TIANJIN" | Family room, 1st floor ½ bath, interior ceilings |

Based on the approximate square footage of **1,830** sf including the garage, with **8' – 9' average ceiling height,** we estimate that there is **7,300 sf of drywall** in the home.

We trust that this report meets or exceeds your expectations.  Please feel free to contact us should you have any questions regarding our report or if we may be of further assistance to you.

Sincerely,

Howard Ehrsam, P.E., LEED AP
CGC 1509717
on behalf of Chinese Drywall Screening, LLC

Enclosures: Report with Photo Exhibit

---



# Overview

## Overview of Subject Property



**Client**:  Carlos Salabarria

**Address:**  12940 SW 135th St.
            Miami, FL 33186

**Size:** Total 1,564 sf (under air) approximately 1,830 sf including garage

**Exterior wall types:**  CBS - Concrete Block exterior

**Completion date:**  2006



# Summary Narrative

## Observations and Conclusions

### Observations

- The air handler in the property was replaced with aluminum coils just prior to the inspection.  Blackening or "black deposits" defined to be copper sulfide by Unified Engineering File No. 4050 associated with reactive drywall were observed on the copper components of old coil that was detached but present on site.
- Blackening/soot residue was observed on the exposed wiring of inspected receptacles and switches throughout the property.
- Blackening was not observed on the control wires of the garage door opener.
- Blackening was not observed on the copper plumbing water lines under the kitchen sink, however the water lines were replaced within the last year per the owner.
- Walls and ceilings were tested utilizing a Thermo Fisher x-ray fluorescence (XRF) analyzer throughout the property.  The property has corrosive drywall with XRF readings similar to Knauf-Tianjin (KPT) with strontium levels around 2,200 ppm.
- **MDL 2047 Drywall Index** **No. 9 – KPT** labels were observed in the family room, 1st floor ½ bath, and interior ceilings.
- Corrosion and strontium levels matching KPT type drywall were in the garage.
- There was an odor associated with corrosive drywall throughout the property.

### Conclusions

Based on our visual observations, testing, experience and current state of knowledge in the industry, Chinese Drywall Screening, LLC is of the professional opinion that reactive Chinese drywall **is** present throughout the subject property, specifically **MDL 2047 Index No. 9 – KPT.**

Inspection and testing was done for general information only.   Reactive Chinese drywall manufactured by KPT is prevalent throughout the property including the garage and ceilings with very clear and obvious indications.

It is the intent of CDS to inform and empower the Client with enough knowledge to make the best, well informed decision that is in the best interests of the Client.  Towards that end, we recommend that you contact an attorney to discuss your legal rights, including potential claims against your builder, along with the installer, supplier and manufacturer of the drywall.  Additional claims against parties of the real estate transaction may also be explored.



What you can do today:  Three primary items to consider for immediate action are:  1) Mortgage forbearance if applicable, 2) Property tax reduction and 3) Legal representation regarding claims against the manufacture.

Time is of the essence and time frames for filing claims may end.  It is critical to understand the implications with these and we recommend seeking professional consultation for details.

For owners of properties with reactive drywall, it important to understand preservation of evidence when selling or remediating as well as the importance of 3rd party verification of the remediation.  More information is available on our website or toll free at 855- CDW-Help (855-239-4357).



Exhibit A

# Certification

## Certification of the Engineer

The undersigned do hereby certify that, to the best of our knowledge and belief:

- The statements of fact contained within this report are true and correct.

- As applicable, the statements of opinions have certain limitations. It is not feasible and is impossible to confirm 100% of corrosive drywall was either removed or is not present. There are several conditions we have seen that could prevent discovery without a more exhaustive investigation.  They include, but are not limited to:
    - Low Strontium, corrosive drywall that is domestic and non-homogeneous.
    - Limited amounts of corrosive drywall in inaccessible areas or installed in a way that would seclude it from available receptacles and switches.
    - Limited amounts of high strontium drywall covered with joint compound or heavy textures hindering detection by x-ray fluorescence.
    - Variable amounts of low off-gassing drywall or drywall with corrosive recycled gypsum.

- We have no present or prospective interest in the property that is the subject of this report and we have no personal interest with respect to the parties involved. We have no bias with respect to the property that is the subject of this report or to the parties involved with this agreement.

- The information in this report is based on the existing conditions of the structures materials, documents, and information (written or verbal) supplied by the contractor, the owner or their representatives, and our observations during the inspection.

- Our compensation or engagement in this assignment is not contingent upon the development or reporting of a predetermined conclusion that favors the cause of the client, the remediator, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this report.

- Any use of this report by any other parties without our expressed or written consent is prohibited.  Should another individual or entity rely on this analysis or its conclusions without our consent, that shall indemnify Chinese Drywall Screening, LLC, its employees, and service providers from all damages, losses, or expenses that may occur as a result of its use.

- Our report is based on information made available to us at the time of inspection.  Should additional information become available, we reserve the right to determine the impact, if any, of the new information on our opinions and conclusions and to revise our opinions and conclusions if necessary and warranted by the discovery of the additional information.

- The provided services and documentation have been completed to the best of our knowledge and based on current known facts regarding reactive drywall.

Howard Ehrsam, P.E., LEED AP
CGC 1509717
on behalf of Chinese Drywall Screening, LLC



# Scope of Screening

## Scope of Screening Services Performed

Chinese Drywall Screening, LLC (CDS) conducted a visual investigation of the various elements within the property for the presence of reactive drywall.

Investigative services typically include, but are not limited to:
- Verification of a sulfur attack on various components of the property
- Visual inspection of the drywall markings in respective areas of the sulfur attack
- Documentation of findings
- Samples of reactive drywall prepared for future laboratory analysis (if requested)

CDS provided the above investigation in multiple areas throughout the home. However, we cannot guarantee all types of reactive drywall within the subject property were identified.

The corroded elements along with any discovered drywall markings were documented during the inspection.  Corroded elements include, but are not limited to, electrical wiring, mechanical and plumbing lines and equipment and other items subject to the affects of reactive drywall.  Observations were recorded and photographed.   For each unique variety of drywall discovered, at least one set of markings were clearly photographed.  Refer to the narratives and photographs for details.

The inspection required removal of various sections of drywall to be utilized as visual access points.  These access points were sealed upon completion.

The following engineering report is utilized as a reference in regards to the sulfur attack on copper: Unified Engineering Report File 4050 dated March 17, 2009. Unified Engineering, Inc; 3056 Weber Drive, Aurora, IL 60502.

Photo Exhibit
12940 SW 135th St.
Miami, FL 33186

  

  

  

  

Photo Exhibit
12940 SW 135th St.
Miami, FL 33186














# Photo Exhibit
## 12940 SW 135th St.
## Miami, FL 33186

















Photo Exhibit
12940 SW 135th St.
Miami, FL 33186














Photo Exhibit
12940 SW 135th St.
Miami, FL 33186

  

  

  

  

# Photo Exhibit
## 12940 SW 135th St.
## Miami, FL 33186

















Photo Exhibit
12940 SW 135th St.
Miami, FL 33186

  

  

  

  

Photo Exhibit
12940 SW 135th St.
Miami, FL 33186

 

# Exhibit 4

# Exhibit 5

# Exhibit 6

# Exhibit 7

# Exhibit 8

# Exhibit 9

# Exhibit 10

# Exhibit 11

# Exhibit 12

# Exhibit 13

# Exhibit 14

# Plaintiff Fact Sheet

Plaintiff: _Carlos M. Salabarria_

Property Address: _12940 sw 135 St - Mia - FL - 33186_

## Question #18 Itemization (Personal Property Damage)

| # | Description of Damaged Item | Value ($) |
|---|---|---|
| 1 | LG Flatscreen TV - 3D | 3500 |
| 2 | Sony Flatscreen TV | 1500 |
| 3 | AC Unit | 4500 |
| 4 | Water heater | 1200 |
| 5 | Dell Laptop | 1500 |
| 6 | MacBook Pro Laptop | 2500 |
| 7 | Dell Printer | 850 |
| 8 | Dell Printer | 450 |
| 9 | Washer | 1250 |
| 10 | Dryer | 1100 |
| 11 | Ceiling Fans x 4 | 1350 |
| 12 | Dishwasher | 900 |
| 13 | Oven | 1600 |
| 14 | Dell Portable Projector and bulbs | 3200 |
| 15 | | |
| 16 | Page Total | $25400 |

| 17 | | |
|----|---|---|
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |

Total: $ ___25400___

| A.  **Settlement Statement** | U.S. Department of Housing and Urban Development | OMB Approval No. 2502-0265 |
|---|---|---|

**B. Type of Loan**

| 1. ☐ FHA   2. ☐ FmHA   3. ☐ Conv. Unins. | 6. File Number: CE1503-FL-2487603 | 7. Loan Number: Private Lender | 8. Mortgage Insurance Case Number: |
|---|---|---|---|
| 4. ☐ VA   5. ☐ Conv. Ins. | | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: TRINITY HOME DEVELOPMENT LLC 3325 NW 53 ST MIAMI, FL 33142 | E. Name & Address of Seller: HSBC BANK USA, NA., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP6, ASSET BACKED PASS-THROUGH CERTIFICATES 1661 WORTHINGTON ROAD SUITE 100 WEST PALM BEACH, FL 33409 | F. Name & Address of Lender: IGLESIA PRESBITERIANA EL REDENTOR, INC., A FLORIDA NON-PROFIT CORPORATION. 3325 NW 63 STREET MIAMI, FL 33142 |
|---|---|---|

| G. Property Location: 12940 SOUTHWEST 135 STREET MIAMI, FL 33186 (MIAMI-DADE) (30-5914-105-0170) | H. Settlement Agent: PREMIUM TITLE SERVICES, INC. 1000 ABERNATHY ROAD NE, SUITE 200, ATLANTA, GA 30328 (855) 339-6325 | |
|---|---|---|
| | Place Place of Settlement: 1000 ABERNATHY ROAD NE, SUITE 200, ATLANTA, GA 30328 (855) 339-6325 | I. Settlement Date / Disbursement Date 10/12/2015  / |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | $191,534.00 | 401. Contract sales price | $191,534.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (line 1400) | $7,975.98 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments 10/12/2015 to 11/1/2015 @ $108.00/Month | $69.66 | 408. Assessments 10/12/2015 to 11/1/2015 @ $108.00/Month | $69.66 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | $199,579.66 | **420. Gross Amount Due To Seller** | $191,603.68 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or Earnest Money | $5,490.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan | $200,000.00 | 502. Settlement Charges to Seller (line 1400) | $21,017.28 |
| 203. Existing loan taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. Seller credits buyer for Owner's Coverage | $1,032.67 | 506. See Addendum 506 | $1,032.67 |
| 207. Seller credits buyer for Lender's Coverage | $67.00 | 507. See Addendum 507 | $67.00 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes 1/1/2015 to 10/12/2015 @ $5,911.12/Year | $4,599.34 | 511. County taxes 1/1/2015 to 10/12/2015 @ $5,911.12/Year | $4,599.34 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $211,189.01 | **520. Total Reduction Amount Due Seller** | $26,716.29 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount Due From Borrower (line 120) | $199,579.66 | 601. Gross Amount Due To Seller (line 420) | $191,603.68 |
| 302. Less Amounts Paid By/For Borrower (line 220) | $211,189.01 | 602. Less Deduction in Amt. Due To Seller (line 520) | $26,716.29 |
| 303. Cash  ☐ From  ☑ To Borrower | $11,609.35 | 603. Cash  ☑ To  ☐ From Seller | $164,887.39 |

Borrower's Initials: _____   
Loan Number: Private Lender   
Seller's Initials: _____   
File Number:  CE1503-FL-2487603   
Page   1  of  4

## L. Settlement Charges

| | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| **700. Total Sales/Broker's Commission** | | |
| Division of Commission (line 700) as follows: | | |
| 701. $3,660.00 to Carrington Real Estate Services (US) LLC | | |
| 702. $4,575.00 to Prime Properties R. E. | | $8,235.00 |
| 703. Commission paid at Settlement | | $1,372.50 |
| 704. Referral Fee to REO Management, LLC | | $1,372.50 |
| 705. Referral Fee to RealHome Services and Solutions, Inc. | | |
| **800. Items Payable In Connection With Loan** | | |
| 801. Loan Origination Fee | | |
| 802. Loan Discount | | |
| 803. Appraisal Fee to Rafael G. Segredo & Associates Inc. | $350.00 | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Fee | | |
| 807. Assumption Fee | | |
| 809. Loan Settlement Fee to Ricardo Martinez-Cid, P.A. | $750.00 | |
| 810. 3/4% of First $100,000.00 to Ricardo Martinez-Cid, P.A. | $750.00 | |
| 811. 3/4% of First $100,000.00 to Ricardo Martinez-Cid, P.A. | $250.00 | |
| 812. Review of title Info Provided to Ricardo Martinez-Cid, P.A. | $500.00 | |
| 813. Draft of Seller's Docs to Ricardo Martinez-Cid, P.A. | $750.00 | |
| 814. Recording Courier Fee to Ricardo Martinez-Cid, P.A. | $30.00 | |
| 815. Miscellaneous Expenses to Ricardo Martinez-Cid, P.A. | $75.00 | |
| **900. Items Required By Lender To Be Paid In Advance** | | |
| 901. Interest | | |
| 902. Mortgage Insurance Premium | | |
| 903. Hazard Insurance Premium | | |
| **1000. Reserves Deposited With Lender** | | |
| 1001. Hazard insurance | | |
| 1002. Mortgage insurance | | |
| 1003. City property taxes | | |
| 1004. County property taxes | | |
| 1005. Annual assessments | | |
| 1008. Aggregate accounting adjustment | | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee to Premium Title Services, Inc. | $400.00 | $400.00 |
| 1102. Abstract or title search to Premium Title Services, Inc. | | $150.00 |
| 1103. Title examination | | |
| 1104. Title insurance binder | | |
| 1105. Document preparation | | |
| 1106. Notary fees | | |
| 1107. Attorney's fees | | |
| (includes above item numbers: ) | | |
| 1108. Title Insurance to Premium Title Services, Inc. | $1,099.67 | |
| (includes above item numbers: ) | | |
| 1109. Lender's coverage $200,000.00 Premium $67.00 (Westcor Land Title Insurance Company: $20.10) | | |
| 1110. Owner's coverage $191,534.00 Premium $1,032.67 (Westcor Land Title Insurance Company: $309.80) | | |
| 1112. Express delivery service fees to Premium Title Services, Inc. | $60.00 | |
| 1113. Recording Service Fee to Simplifile | $8.00 | |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Recording fees: Deed $44.00;Mortgage $137.50;Release ; | $181.50 | |
| 1202. County tax/stamps: Deed ;Mortgage ; | | |
| 1203. State tax/stamps: Deed $1,149.81;Mortgage $700.00; | $1,849.81 | |
| 1204. City tax/stamps: Deed ;Mortgage ; | | |
| 1205. Intangible Tax to Simplifile | $400.00 | |
| 1206. Recording Assignment of Leases to Simplifile | $27.00 | |
| 1207. Title Affidavit Recording Fees to Simplifile | $18.50 | |
| 1208. QCD Recording Fee to Simplifile | $18.50 | |
| **1300. Additional Settlement Charges** | | |
| 1301. Survey to JP land surveyors inc | $350.00 | |
| 1302. Pest Inspection | | |
| 1305. Web Technology Fee to Hubzu USA, Inc Real Home go Home BP | | $299.00 |
| 1306. Buyer's Premium Fee to Hubzu USA, Inc Real Home go Home BP | | $8,235.00 |
| 1307. Closing Coordination, Review & Processing Fee to Altisource Holdings, LLC - Operating Account | | $750.00 |
| 1308. HOA Voilation Fee to Tuscany Village Hoa | | $200.00 |
| 1310. HOA Advance Assessment For November to Tuscany Village Hoa | $108.00 | |
| 1311. Statutory Surcharge to Westcor Land Title Insurance Company | | $3.28 |
| **1400. Total Settlement Charges (enter on line 103, Section J and 502, Section K)** | $7,975.98 | $21,017.28 |

Borrower's Initials: _____

Loan Number:   Private Lender

Seller's Initials: _____

File Number:   CE1503-FL-2487603

Page   2  of  4

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief it is true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

**BORROWERS**                                                    **SELLERS**

_____                    HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP.
Josue Perez / Manager                                        HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE
                                                                          SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP6, ASSET
                                                                          BACKED PASS-THROUGH CERTIFICATES

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or I will cause the funds to be disbursed in accordance with this statement.

David Jenkins  _____        **Date**
                                                                    10/12/2015

DAVID JENKINS
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see; Title 18 U.S. Code
Section 1001 and Section 1010

**Supplemental Page**
**HUD-1 Settlement Statement**

| Addendums for Page 1 | | Amount |
|---|---|---|
| Addendum 506 | | |
| a. Earnest money retained by | | $0.00 |
| b. Seller credits buyer for Owner's Coverage | | $1,032.67 |
| | Total: | $1,032.67 |
| Addendum 507 | | |
| a. Disbursed as proceeds ($5,490.00) | | |
| b. Seller credits buyer for Lender's Coverage | | $67.00 |
| | Total: | $67.00 |

THIS INSTRUMENT PREPARED BY
RICARDO MARTINEZ-CID, ESQ.
1699 CORAL WAY, SUITE 510,
MIAMI, FLORIDA  33145-2860

## TITLE AFFIDAVIT

BEFORE ME, the undersigned authority, duly qualified to take acknowledgments and administer oaths within the State of Florida, appeared **JOSUE PEREZ**, hereinafter designated "Affiant," after being duly sworn, deposes and says:

1. That **TRINITY HOME DEVELOPMENT, LLC**, a Florida limited liability company, hereinafter designated "TRINITY," is the owner, in fee simple, of the real property legally described as Lot 5, Block 5, COURTS AT TUSCANY WEST, according to the plat thereof, as recorded in Plat Book 164, Page 61, Public Records of Miami-Dade County, Florida, Tax Folio No. 30 5914 105 0170, commonly known as 12940 SW 135 Street, Miami, Florida 33186, hereinafter designated the "Property."

2. TRINITY bas agreed to sell to **CARLOS M. SALABARRIA**, hereinafter designated "Purchaser."

3. TRINITY a manager-managed Florida limited liability company.

4. Affiant is the sole manager of TRINITY, and its President, Secretary and Treasurer.

5. Neither TRINITY, nor any member of TRINITY, nor Affiant, or the other manager of TRINITY have ever filed for bankruptcy.

6. TRINITY is in good standing under applicable laws and the contemplated sale of the Property is pursuant to proper authority.

7. There are no actions or proceedings now pending in any State or Federal Court to which TRINITY a party including, but not limited to, proceedings in bankruptcy, receivership or insolvency.

8. Affiant recognizes that Purchaser will rely on the statements in this Affidavit and Affiant makes this Affidavit for the purpose of inducing **WESTCOR LAND TITLE INSURANCE COMPANY**, to issue an owner's and a mortgagee title insurance policies, pursuant to its Commitment issued by **PREMIUM TITLE SERVICES, INC.**, covering the subject transaction.

Page One of Two

Affiant further states that he is familiar with the nature of an oath and with the penalties as provided by the laws of the State of Florida for falsely swearing to statements made in an instrument of this nature.

AFFIANT FURTHER CERTIFIES that he has read the full facts of this Affidavit and understand its contents.

FURTHER AFFIANT SAYS NOT.

_____
JOSUE PEREZ

State of Florida            )
                            )    SS.
County of Miami-Dade        )

The foregoing instrument was sworn to and subscribed before me, this October 12, 2015, by JOSUE PEREZ, who is either personally known to me, or produced his Florida driver's license for identification purposes.

_____
Notary Public - State of Florida          (NOTARY SEAL)

Page Two of Two

THIS INSTRUMENT PREPARED BY
RICARDO MARTINEZ-CID, ESQ.
1699 CORAL WAY, SUITE 510,
MIAMI, FLORIDA  33145-2860

### BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, That **TRINITY HOME DEVELOPMENT, LLC**, a limited liability company organized and existing under the laws of the State of Florida, whose Federal Tax I.D. Number is 77 0721608, having its principal place of business at 3325 NW 63 Street, Miami, Florida 33142, the party of the first part, for and in consideration of the sum of TEN & NO/100 DOLLARS ($10.00) lawful money of the United States, to it paid by **CARLOS M. SALABARRIA**, of 12940 SW 135 Street, Miami, Florida, party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold, transferred and delivered, and by these presents does grant, bargain, sell, transfer and deliver unto said party of the second part, said party's executors, administrators and assigns, all personal property and fixtures, including, without limitation, range(s), oven(s), dishwasher(s), disposal, ceiling fan(s), intercom, light fixtures, rods, draperies and other window treatments, microwave oven(s), washer(s), and dryer(s), if any, in place, located at Lot 5, Block 5, COURTS AT TUSCANY WEST, according to the plat thereof, as recorded in Plat Book 164, Page 61, Public Records of Miami-Dade County, Florida,  Tax Folio No. 30 5914 105 0170, commonly known as 12940 SW 135 Street, Miami, Florida 33186.

TO HAVE AND TO HOLD the same unto the said party of the second part, said party's executors, administrators and assigns forever.

AND it does, for itself and its heirs, executors and administrators, covenant to and with the said party of the second part, said party's executors, administrators and assigns, that it is the lawful owner of the said goods and chattels; that it is free from all encumbrances; that it has good right to sell the same aforesaid, and that it will warrant and defend the sale of the said property, goods and chattels hereby made, unto the said party of the second part, said party's executors, administrators and assigns against the lawful claims and demands of all persons whomsoever.

IN WITNESS WHEREOF, it has caused its manager to execute this Bill of Sale, set its seal this October 12, 2015.

**TRINITY HOME DEVELOPMENT, LLC**

BY: _____
     JOSUE PEREZ, as Manager,
     President, Secretary and Treasurer                    (COMPANY SEAL)
                    Page One of Two

```
State of Florida        )
                        )    SS.
County of Miami-Dade    )
```

The foregoing instrument was acknowledged before me this October 12, 2015, by JOSUE PEREZ, as a Manager, and the President, Secretary and Treasurer of TRINITY HOME DEVELOPMENT, LLC, a Florida limited liability company, on behalf of said limited liability company, who is personally known to me and produced his Florida driver's license.


(NOTARY SEAL)                    _____
                                 Notary Public    State of Florida



                        Page Two of Two

## LOAN CLOSING STATEMENT

LENDER:        **IGLESIA PRESBITERIANA EL REDENTOR, INC., known in English as THE REDEEMER PRESBYTERIAN CHURCH, INC.**

GUARANTOR:     **TRINITY HOME DEVELOPMENT, LLC,**
               a Florida limited liability company.

BORROWER:      **CARLOS M. SALABARRIA,** Individually.

DATE:          October 12, 2015

COLLATERAL:    All assets of BORROWER, including, without limitation, Lot 5, Block 5, COURTS AT TUSCANY WEST, according to the plat thereof, as recorded in Plat Book 164, Page 61, Public Records of Miami-Dade County, Florida, Tax Folio No. 30 5914 105 0170, commonly known as 12940 SW 135 Street, Miami, Florida 33186, owned by TRINITY HOME DEVELOPMENT, LLC, a Florida limited liability company.

| | |
|---|---:|
| LOAN AMOUNT | $200,000.00[1] |
| FUNDED TO LENDER'S COUNSEL[2]: | |
| LOAN SETTLEMENT FEE | 750.00 |
| IGLESIA COUNSEL'S FEES | |
| ¾% OF FIRST $100,000.00 | 750.00 |
| ¼% OF OVER $100,000.00 | 250.00 |
| REVIEW OF TITLE INFO PROVIDED | 500.00 |
| DRAFT OF SELLER'S DOCS | 750.00 |
| RECORDING COURIER | 30.00 |
| MISCELLANEOUS EXPENSES | 75.00 |
| JP LAND SURVEYORS INC. | 350.00 |
| RAFAEL G. SEGREDO & ASSOCIATES INC. | 350.00 |
| | 3,805.00 |
| | |
| FUNDED TO SETTLEMENT AGENT[3]: | |
| RECORDING QUIT CLAIM DEED | 18.50 |
| RECORDING OF TITLE AFFIDAVIT | 18.50 |
| DOCUMENTARY STAMPS | .60[4] |
| RECORDING OF MORTGAGE | 137.50 |
| DOCUMENTARY STAMPS | 700.00 |
| INTANGIBLE TAX | 400.00 |
| RECORDING ASSIGNMENT OF LEASES | 27.00 |
| NET PROCEEDS | $194,892.90 |
| | $200,000.00 |

NOTE:     SURVEY, BORROWERS' ATTORNEY OPINION, INSPECTION AND ENVIRONMENTAL REPORTS WAIVED BY LENDER, AND SETTLEMENT AGENT EXPRESSLY DISCLAIMS ANY RESPONSIBILITY FOR APPLICABLE TRUTH IN LENDING DISCLOSURE, NOTICE OF RIGHT TO RECEIVE COPY OF APPRAISAL, NOTICE TO THE HOME LOAN APPLICANT, NOTICE OF NEGATIVE INFORMATION (PRE-SHARING), AND/OR INTEGRATED MORTGAGE RULE DISCLOSURES, OR SIMILAR DISCLOSURES IF APPLICABLE, AND IN THEIR REGARD, IT IS EXPRESSLY AGREED THAT LENDER HAS RELIED EXCLUSIVELY IN THE EXPERTISE OF ITS DIRECTOR, MIGUEL T. LOPEZ

Page 1 of 2

---

1    Loan funded without title insurance unless provided by Premium Title Services Inc. as a simultaneous issue on GUARANTOR's policy.

2.   Funded to SABADELL UNITED BANK / ATTENTION: Maria.Milian@sabadellunited.com, 2 South Biscayne Boulevard, Miami, Florida 33131, RICARDO MARTINEZ-CID, TRUST ACCOUNT NO. 2055148108, ROUTING NO. 067009646, SWIFT #SAUBUS3M.

2    Funded to Premium Title Services, Inc. as cash due from Borrower in Guarantor's purchase from HSBC BANK USA, N.A., AS TRUSTEE, with overage, if any, to BORROWER.

2.   Minimum stamps paid on Client's decision after informed that the Florida Department of Revenue may assess and claim stamps on value of the property at $6.00 per $1,000.00, plus a similar amount in penalties.

ACCEPTED:

LENDER:

**IGLESIA PRESBITERIANA EL REDENTOR, INC.**
known in English as
THE REDEEMER PRESBYTERIAN CHURCH, INC.[5]



(CORPORATE SEAL)

By: _____
      Carlos M. Salabarria,
      as president and director


By: _____
      Miguel T. Lopez,
      as secretary and director


By: _____
      Roberto Hernandez,
      as Treasurer and director

GUARANTOR:

**TRINITY HOME DEVELOPMENT, LLC,**



(COMPANY SEAL)

By: _____
      JOSUE PEREZ,
      as Manager and Managing-Member

BORROWER:

_____
**CARLOS M. SALABARRIA,**
Individually

Page 2 of 2

---

[5]   By its execution hereof Lender represents that it has not
made any loans in the past three years and that his is
the only loan it intends to make this year, follows the
LO Comp Rule and is exempt from Reg Z, Respa, and the
Integrated Mortgage Rule - Closing Disclosure.