UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF
PARTIAL MOTION FOR SUMMARY JUDGMENT
ON LOSS OF USE AND LOSS OF ENJOYMENT CLAIMS ASSERTED BY
THE VAN TRAN AND CHIN NGUYEN

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of its Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by The Van Tran and Chin Nguyen against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

   **A.      MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

B.   **The Bennett Complaint and Nguyen and Chin**

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Van Tran and Nguyen are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 12912 Rosemont Street, Ocean Springs, Mississippi 39564 (the "Property").  In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.  Van Tran and Nguyen completed and submitted a PPF,[2] SPPF,[3] and PFS.[4]  The documents were completed under penalty of perjury. Van Tran and Nguyen were deposed on August 22, 2019.[5]

In part, Van Tran and Nguyen asserted claims in their submissions for loss of use and loss of enjoyment of the Property in the amount of $300,000. Van Tran testified he has no documents to support this claim.[6]  Van Tran and Nguyen do not reside, and have never resided, at the Property;

---

[2] Exhibit 1.
[3] Exhibit 2.
[4] Exhibit 3.
[5] Nguyen adopted Van Tran's testimony. *See* Exhibit 5, Deposition of Chin Nguyen, at 6:5-8:7.
[6] Exhibit 4, Deposition of The Van Tran, at 50:7-14.  Van Tran and Nguyen, like nearly all of the other claimants in the Bennett class action, did attach a one-page document to their SPFF that states "$300,000 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants." *See* Exhibit 2.

instead, they rent it out for income.[7] Further, Van Tran and Nguyen rented the Property to tenants for the entire time they owned the Property until their discovery of Chinese drywall in 2018—at which point they made the decision to stop renting the Property.[8]

## II. Law & Argument

### A. Van Tran and Nguyen Cannot Show Loss of Use or Loss of Enjoyment of the Property.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[11] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[12]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly

---

[7] Exhibit 4, Deposition of The Van Tran, at 26:5-21; 27:17-20.
[8] *Id.* at 26:13-16.
[9] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[10] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[12] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

probative.'"[13]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[14]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[15]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[16]

Van Tran and Nguyen allege damages for loss of use and loss of enjoyment.[17] However, Van Tran and Nguyen have no claim for loss of enjoyment of the Property, because they chose to rent the Property out to others rather than to live in the Property themselves. Similarly, Van Tran and Nguyen have no claim for loss of use, because Van Tran and Nguyen used the Property for rental income from the time they purchased it in 2006 until they purportedly discovered Chinese manufactured drywall in the house. Van Tran and Nguyen **chose** not to enjoy the Property themselves and **chose** to stop renting the Property. Van Tran and Nguyen have no claim against the Knauf Defendants for loss of use or loss of enjoyment.

Further, Van Tran and Nguyen did not provide sufficient evidence to support their claims—either pursuant to the Court's approved forms, at their depositions, or following their depositions. Van Tran and Nguyen bear the burden at trial to prove their claims and damages and the evidence

---

[13] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[14] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[15] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[16] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[17] Exhibits 2 and 3.

provided is insufficient, not colorable, and not probative meet their burden under any standards.[18] In fact, Van Tran **admits** he has no documents to support his loss of use or loss of enjoyment claims. Because there is a complete absence of documents, support, or evidence for Van Tran and Nguyen's loss of use and loss of enjoyment claims, summary judgment should be granted in favor of the Knauf Defendants.

### III. CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to The Van Tran and Chin Nguyen, the facts do not support claims for loss of use and loss of enjoyment against the Knauf Defendants. Van Tran and Nguyen cannot substantiate any of the facts forming the basis of the claims against the Knauf Defendants, and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the loss of use and loss of enjoyment claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:    504.556.5549
Facsimile:     504.310.0275
Email:           kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

---

[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of December, 2019.

                                          /s/ *Kerry J. Miller*
                                          **KERRY J. MILLER**