Page 1

UNITED STATES FEDERAL COURT

EASTERN DISTRICT OF LOUISIANA

In Re: CHINESE-MANUFACTURED     MDL 2047
DRYWALL PRODUCTS LIABILITY
LITIGATION                      SECTION "L"

This document relates to:

Elizabeth Bennett, et al        JUDGE ELDON FALLON
Versus Gebr. Knauf, et al
                                MAGISTRATE:

Case No. 14-cv-2722             JOSEPH WILKINSON, JR.

The deposition of THE VAN TRAN, 6627 Rose Farm Road, Ocean Springs, MS 39564, taken in connection with the captioned cause, pursuant to the following stipulations before MELISSA M. EVANS, Certified Court Reporter, at the offices of Fishman Haygood, LLP, 201 St. Charles Avenue, 46th Floor, New Orleans, Louisiana, on the 22nd of August, 2019.

**EXHIBIT 4**

Page 26

1  looked at the Warranty Deed earlier. And you
2  purchased that property in September of 2006;
3  right?
4 A. Right.
5 Q. Why did you purchase the property at Rosemont
6  Street?
7 A. Why I had buyed it?
8 Q. Uh-huh.
9 A. Because I try to buy that -- the first thing
10  I try to let my friend move in, but, you
11  know, he not move in. I let somebody rent
12  it. I buy it, that one, for rent.
13 Q. Did you ever rent it out to tenants?
14 A. Yeah. I rent it from beginning and until
15  '18, when I find out my house has Chinese
16  drywall. And that's why we stop renting.
17 Q. So you rented the house from 2006, when you
18  purchased it, to around 2018 when you
19  discovered there was drywall or Chinese
20  drywall in it?
21 A. Yes.
22 Q. How much per month did you make in rental
23  income --
24 A. 1,000 even.
25 Q. -- for that house? Remember, you've got to

1       let me finish.
2   A.  What?
3   Q.  You've got to let me finish my question
4       before you answer because it makes it hard
5       for her to type them down.
6   A.  Okay.
7   Q.  So wait until I'm totally done talking before
8       you give an answer.
9           MR. DOYLE:
10              Just wait until she gets done
11          talking, then you talk.
12          THE WITNESS:
13              I'm sorry.
14  BY MS. VEITH:
15  Q.  I'm very bad about it myself; so I get it.
16  A.  Sorry.  I didn't know.
17  Q.  So you, yourself, have never actually lived
18      in the home; correct?  You've never lived in
19      the home; correct?
20  A.  No.
21  Q.  Okay.  Turn to tab 5, which is Exhibit 5.
22      And if you'll turn to the second page of the
23      exhibit, toward the top of the page, Question
24      5 says "What was the price of the home when
25      you purchased it?"  And you wrote "$150,000."

Page 50

1  Q.  And then it says "Attach all documentation to
2      support the total amount claimed for the
3      loss."  Did you give your attorney all the
4      documents you have to support your loss of
5      use or loss of enjoyment claims?
6  A.  What you mean?
7  Q.  So the request asked you to provide evidence
8      that you were damaged by losing use or
9      enjoyment of the property on Rosemont Street.
10     And so my question to you is if -- well,
11     Question No. 1:  Do you have any documents or
12     any other evidence supporting your claim for
13     loss of use or loss of enjoyment?
14 A.  No.
15 Q.  Okay.  So you did not provide anything to
16     your attorney to support that claim?
17 A.  I might -- I don't know.
18 Q.  You don't know?
19 A.  No.
20 Q.  Okay.  Remember, it's okay if you don't know.
21     That's a perfectly acceptable answer.
22         The next question says "If you claim a
23     diminution in value of the property as a
24     result of Chinese drywall, identify the total
25     amount of such diminution of value being