UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL ) | | |
| PRODUCTS LIABILITY LITIGATION ) | CIVIL ACTION NO. | |
| ) | 2:09-md-02047 | |
| ) | | |
| This document relates to: ) | MDL 2047 | |
| ALL ACTIONS ) | SECTION L | |
| ) | JUDGE FALLON | |
| ) | MAG. JUDGE WILKINSON | |

**LAW OFFICES OF JOSEPH BUFFINGTON, LLP'S MEMORANDUM IN SUPPORT OF
MOTION FOR ALLOCATION OF THE DISPUTED ATTORNEYS' FEE FUND**

COMES NOW, Joseph W. Buffington ("Buffington") and submits the following in support of his Motion requesting that the Court Order payment to Law Offices of Joseph Buffington, LLP in the sum of Three Hundred Forty-four Thousand, Two Hundred Sixty-Nine and 76/100 Dollars ($344,269.76), from the funds deposited with Clerk of Court in this matter.  Buffington states and attests as follows:

## INTRODUCTION

It is very difficult for brevity to address the many issues that have occurred in this litigation that has spanned a decade. In an attempt at brevity, I will limit my arguments and certain issues to keep this memorandum and my affidavit to a minimum. I am also unsure if the Court desires arguments at this time or a simple request for fees with arguments at a later date.

1. As detailed in the spreadsheets provided by BrownGreer, PLC which were attached to my Notice of Appearance filed with the Court on November 1, 2019, Buffington has a fee interest in some 38 "Knauf" cases.  See Exhibit "A" attached.

   a. Of those 38 cases, Buffington is co-counsel in 19 cases with the firms of Collins and Downey, later known as, Collins and Horsley ("Collins" collectively)

and the firm of Whitfield, Bryson and Mason ("Whitfield").  According to BrownGreer, the fees at issue with regards to these 19 cases total $527,455.39.

    b.    The 19 other cases at issue involve Buffington as co-counsel with just the Collins firm.  According to BrownGreer, the fees at issue in these cases total $555,930.74.

2.    The total sum of fees at issue involving Buffington is $1,083,336.13.

## ARGUMENT

### PART I
### Cases involving Buffington, Collins and Whitfield

As demonstrated by the accompanying affidavit by Buffington (see Exhibit "B"), I worked on these cases on an on-going basis throughout all aspects of this lengthy litigation. I was a true co-counsel throughout as opposed to a "referring" attorney who simply signed clients to contracts and sent them to Collins without continuing involvement.

To the contrary, Buffington signed these clients to contacts of employment with his firm after Buffington personally inspected their properties and found indicia of Chinese Drywall (CDW).  These clients were identified based on previous contacts, clients, relationships and independent marketing.

As the Court is well aware, the representation of the clients in these cases involved frequent contact with them and obtaining extensive documentation to insure strict compliance with the administrative requirements in the cases. Beginning with the Plaintiff Profile Forms to the addition documentation and inspections as the litigation progressed. Buffington handled all his clients' issues from the beginning to the satisfactory conclusion of the remediation process on their homes.

In fact, Buffington was physically present at the Collins office on a frequent, almost daily basis assisting and working not only on these 19 cases, but also assisting on almost all the

CDW cases being handled by the Collins firm. Those cases numbered in the hundreds. Buffington received no compensation for his work on those other cases and makes no claims for fees in same.

Collins often faced problems meeting various deadlines established by the Court due to the large volume of cases and limited staff. Buffington considered all the CDW litigation to be a team effort and spent many long hours at the office to help insure all deadlines were met and all were well represented. To his credit Mr. Collins also worked extremely long hours during these times and monitored the cases very closely.

However, I can honestly state that I spent more time helping Collins and his staff more than they did on my 19 cases.

Buffington was aware of, but not a party to, an agreement between Collins and another attorney with Whitfield to share certain fees which included these 19 cases. It was my understanding Whitfield was to provide extensive administrative assistance and other resources to help pursue the cases covered by the agreement. While I was disappointed with the level of support and administrative assistance provided by Whitfield, Buffington does not dispute its claim for the portion of the fees according to the agreement which I understand is 25% except to the extent of the results of an arbitration that I understand has or may occur. If arbitration reduces the fees, I would expect a pro rata reduction in these 19 cases.

Therefore, assuming Whitfield receives 25% of the fees in these cases it will receive $131,863.85 of the total fee of $527,455.39 for these 19 cases.

Recently, Collins has informed Buffington that he is going to seek fees in an amount in excess of those being paid to Whitfield. His claim seems to be based on administrative related work performed by him or his staff.

Buffington is now faced with the prospect of having to pay a significant portion of his fees to two different firms for basically doing the same, similar or even duplicative work.

Simply put, that would be a completely unfair result. Buffington does not deny Collins is due a reasonable fee. However, given the extensive work personally performed by Buffington not only on these 19 cases but other Collins cases the basis of a reasonable fee should be subject to the facts and realities of the work performed.

Buffington remained in constant contact with his clients over the years, held meetings with them, dealt with their complaints, explained settlement terms, attended walk-throughs, inspections and resolved countess disputes during the remediation process. Some of these involved actions involved other Collins cases.

In addition, Buffington went to Texas on several occasions to inspect houses for CDW and signed a number of clients to employment contracts with Collins. This was also done without compensation and without any claim by Buffington for any portion of the fees. Buffington treated all work on CDW cases as a team effort to obtain true relief for the property owners as the main goal.

## PART II
### Fees for the 19 cases represented by Buffington and Collins

Buffington helped identify CDW in some of the 19 properties listed in the spreadsheets particularly those located in Tuscaloosa.  Initially, Buffington was not going to receive any fees from these cases, but it was later decided since I did at least some of the work on the cases and was listed as a counsel of record, I should receive a minimal fee.  Therefore, I request 5% of the total fees of $555,930.74 resulting in a payment to Buffington of $27,796.53.  However, if Collins objects to Buffington receiving any fees whatsoever in these cases, I will withdraw the request in an act and show of good faith.

## CONCLUSION

Based on the facts and arguments above, Buffington requests fees in the amount of $316,473.23 in the cases involving "his" 19 clients identified in Part I of this Memorandum and

an additional $27,796.53 in the cases addressed in Part II.  Wherefore, for the foreoing reasons the Law Offices of Joseph Buffington LLP, hereby moves the Court to enter an Order directing the Clerk of Court to distribute from the disputed attorneys' fees fund the sum of $344,269.76 plus interest and associated fees and costs of this Motion to the Law Offices of Joseph Buffington, LLP.  A proposed Order is filed simultaneously herewith.

    Respectfully submitted this 24th day of December, 2019.

    /s/ Joseph W. Buffington_____
    Joseph W. Buffington

OF COUNSEL:

Law Offices of Joseph Buffington, LLP (formerly)
Law Offices of Joe Buffington, LLP
12217 Sam Sutton Road
Coker, AL  35452
Telephone:  (205) 200-1755
Email:  buffingtonjoe9@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion for Allocation of the Disputed Attorneys' Fee Fund has been served on Plaintiffs' Liaison Counsel, Russ Herman and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>and</u> upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Easter District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2057 on the 24th day of December, 2019.

                              /s/ Joseph W. Buffington_____
                              JOSEPH W. BUFFINGTON