UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED   )
DRYWALL PRODUCTS LIABILITY    )
LITIGATION,                   )
                              )
                              )
                              )  MDL 2047
This document relates to :    )  SECTION L
ALL ACTIONS                   )  JUDGE FALLON
                              )  MAG. JUDGE WILKINSON
                              )
                              )

## AFFIDAVIT OF JOSEPH BUFFINGTON

STATE OF ALABAMA       )
COUNTY OF JEFFERSON    )

Comes now attorney, Joseph Buffington, Alabama Bar # 3947O54J and provides this Affidavit and testimony in support of his Motion For Attorney's Fees in some 38 cases identified by the Settlement Administrator in its Notice of Compliance and related spreadsheets.

## PART I

In the 19 cases at issue involving my firm, the Collins firm and the Whitfield firm, all of the clients in these cases signed contracts of employment with my firm exclusively. Said contracts were signed after I personally identified Chinese Drywall (CDW) in their houses. I identified these potential clients through my own

1


PLAINTIFF'S EXHIBIT B

efforts based on relationships, contacts, marketing and recommendations from neighbors.

At that time, I was aware of the Collins firm work in construction cases and our firms agreed to work as co - counsel in these cases. It was mutually agreed that I would continue to work on the cases and handle my clients with some assistance from his firm and staff and I would stay active in the cases. These cases were not and were never known as "referral" cases. In fact, they were typically referred to as "my" cases – referring to me.

During the years that followed in this lengthy ligation from the original filings through the ultimate remediation process, I remained very active in these cases. I was physically present at the Collins firm on a very frequent basis working on not just these 19 cases but also on the many other CDW cases being handled by that firm. Among other things, I assisted with the gathering of the large amount of documentation required by the Court from clients, took part in inspections, took photographs to prove the presence of CDW the involved manufacturers. The administrative work alone on all the Collins cases was daunting.

The Collins firm was somewhat short on staff given the large number of cases it was handling especially when faced with various periodic deadlines established by the Court for providing documentation or filings throughout the litigation process.

The work often required a lot of long hours by the Collins firm and myself to make sure all cases were handled properly.

During those years, I received no compensation for my work on the other Collins cases and make no claim for any part of the fees in those cases. I considered the necessary work on all the cases at the Collins firm as a team effort. It is my understanding that most if not all of the other Collins Alabama cases also involve a shared fee arrangement with the Whitfield. It is a fact that I played a significant and important role in the litigation process on many of the Collins/ Whitfield cases in addition to the 19 cases we often referred to as "my cases."

In addition to the significant amount of work I performed on the Collins Alabama cases, I also traveled to Texas on several occasions to assist in the inspection of properties with CDW and obtaining clients for Collins. This work was also done without compensation and no claim by me for any portion of the fees in those cases. In conclusion, the only compensation I will receive in the entire inventory of Alabama cases and Texas cases is basically limited to my portion of the fees in these few 19 cases.

Lastly, my ability to access both hard copy records and electronic records in these cases has been compromised by the breakup of the Collins and Horsley firm.

3

## PART II

In the 19 cases involving only the Buffington and Collins firm, I acknowledge a limited involvement in those cases, but I did some work as described in my motion and am listed as an attorney of record, so an award of 5% of the fees is reasonable.

Further Affiant saith not.

_____
JOSEPH W. BUFFINGTON

STATE OF ALABAMA    )
COUNTY OF JEFFERSON )

I, Pamela G. Rasberry, a Notary Public in and for said County and State, hereby certify that Joseph W. Buffington, whose name is signed to the foregoing and who is known to me, swears and subscribes before me this day, that being informed of the contents thereof, he voluntarily executed the same on the date of its date.

Given under my hand and seal this 2nd day of December, 2019.

_____
Notary Public

My Commission Expires: 10-18-22

(Official Notary Seal)

PAMELA G. RASBERRY
My Commission Expires
October 18, 2022

4