UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY THE ESTATE OF CATHERINE BABER**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Catherine Baber and the Estate of Catherine Baber (collectively "Baber") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.     Factual and Procedural Background**

   **A.     *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.  On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs,

homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.    *The Bennett Complaint and Baber*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims.  The original plaintiff, Catherine Baber, did not file claims in this matter until November 24, 2016.   The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, and the death of Ms. Baber in 2018, representatives for her estate intervened on October 7, 2019. The Fifth Amended Complaint is the operative complaint in this matter.

Baber is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the  alleged presence of defective Chinese drywall installed in their property located at 121 Country Club Drive, Pass Christian, MS (the "Property").  In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.  Baber completed and submitted a PPF and PFS *but* failed to complete a SPPF. (Exhibit B: Transcript at 68-69).  The documents were completed under penalty of perjury.

Charles Baber purchased the Property in 2006 following Hurricane Katrina as a gutted home for $70,000.00.  (Exhibit A: Plaintiff Submissions); (Exhibit B: Transcript at 27-28).  At the time Charles Baber bought the Property, the alleged defective Chinese drywall was not installed

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

in the Property. (Exhibit B: Transcript at 14). The alleged Chinese drywall was installed in the Property in 2006 when the Property was remediated following Hurricane Katrina and Charles and Catherine Baber moved into the Property. (Exhibit A: Plaintiff Submissions – PPF); (Exhibit B: Transcript at 17).  Charles Baber and his wife, Catherine Baber lived in the Property until 2013, when they moved into another property they purchased based on personal preference because it was a larger house with more acreage and Charles Baber wanted more land.  (Exhibit B: Transcript at 18-19; 41).  Prior to 2013, Baber alleges malfunctions in electronics, appliances, and HVAC systems but without support. (Exhibit B: Transcript at 47-67).  After they moved out in 2013, the Property was allegedly used as a rental although no rental records were provided. (Exhibit B: Transcript at 19).

Charles Baber passed away in 2015 due to lung cancer. (Exhibit B: Transcript at 73). The only evidence of ownership provided by Baber is the original warranty deed of the Property to Charles Baber.  (Exhibit C: Warranty Deed).  Baber has not produced evidence of transfer of ownership of the Property from Charles Baber to Catherine Baber or the Estate of Catherine Baber. (Exhibit B: Transcript at 26-27).  Sometime between diagnosis of Mr. Baber's lung cancer and his death, he and Ms. Baber stopped working at the ornamental business they previously ran due to his illness. (Exhibit B: Transcript at 73).  The Property was appraised in May 2015 and appraised for $192,000.00. (Exhibit B: Transcript at 32-33); (Exhibit A: Plaintiff Submissions - PFS).  The Property was lost in foreclosure in 2017, and was subsequently sold for $190,000.00. (Exhibit B: Transcript at 29, 33); (Exhibit D: Substitute Trustee's Deed). Catherine Baber passed away in 2018.  Her daughter, Lisa Lofton, purports to be the executrix of Ms. Baber's estate. She does not have any personal knowledge to dispute when Mr. or Mrs. Baber became aware of Chinese drywall.  (Exhibit B: Transcript at 34-35).

Baber seeks the costs for items allegedly damaged due to Chinese drywall, diminution in value, remediation costs, and economic damages. (Exhibit A: Plaintiff Submissions). Baber has not produced any competent evidence of costs or damages incurred due to the alleged presence of Chinese drywall. Baber no longer owns the Property and has no interest in the repair or replacement of the Property, its alleged damaged contents, or its alleged diminution in value. Personal items that failed were discarded and replaced, and replacement/remediation costs, if any, were based on a report never produced to the Knauf Defendants. (Exhibit B: Transcript at 47-67). Baber did not produce any evidence of a contract for sale that failed to close due to the presence of Chinese drywall or any other reason. Baber did not produce any evidence of any rental agreements or offers to lease that were denied due to the presence of Chinese drywall or any other reason. Baber has not and cannot produce any evidence that the Property was lost in foreclosure due to the presence of Chinese drywall and only that it was due to her mother's fixed income. (Exhibit B: Transcript at 75-76).

## II.    Legal Standards

### A.    *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the

---

[2] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[3] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

movant bears the burden of proof at trial.[4]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[6]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[7]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[8]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[9]

## III.  Argument

### A.  *Baber's claims were extinguished when the Property was lost in foreclosure*

In Mississippi, an owner retains legal title to property until default. *Anderson v. Kimbrough,* 741 So.2d 1041, 1047 (Miss.Ct.App.1999). After default, the mortgagee gains title and right to possession. *Id.* However, the mortgagee holds title subject to the debtor's equity of

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[5] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[6] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[7] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[8] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

redemption. *Id.* "It is well established under Mississippi law that "[a]fter a foreclosure sale, the debtor is divested of all legal and equitable interest in the foreclosed property." *Landmark Am. Ins. Co. v. Gatchell,* No. 2:11CV189-KS-MTP, 2015 WL 1806843, at *3 (S.D. Miss. Apr. 21, 2015) (citing *Moore v. Marathon Asset Mgmt., LLC,* 973 So.2d 1017, 1021 (¶ 18) (Miss.Ct.App.v2008); *see also Pepper v. Homesales, Inc.,* No. 1:08cv344, 2009 WL 544141, at *5 (S.D.Miss. Mar. 3, 2009) (holding that a lawful foreclosure sale extinguished any rights the plaintiff-mortgagor had in the subject property) (citing *Peoples Bank & Trust Co. & Bank of Miss. v. L & T. Developers, Inc.,* 434 So.2d 699, 708 (Miss. 1983)).

Here, it is undisputed that Baber lost the property in foreclosure in 2017 when the Mortgagee (The First Bank) took ownership and possession of the Property and subsequently sold it. At the time the Property was transferred from Baber, Baber was divested of all legal and equitable interest in the foreclosed property and her claims in this matter were extinguished by law. Therefore, Baber's claims must be dismissed.

### B. *Baber has provided no evidence of damages*

The plaintiff bears the burden of proving the elements for their claim, including damages. *Holliday v. Pizza Inn, Inc.*, 659 So.2d 860, 864 (Miss. 1995); *Trapani v. Treutel*, 87 So. 3d 1096, 1107–08 (Miss. Ct. App. 2012). The Mississippi Supreme Court has stated that [it] is absolutely incumbent upon the party seeking to prove damages to offer into evidence the best evidence available [as to] each and every item of damage. *Eastland v. Gregory*, 530 So.2d 172, 174 (Miss. 1988)."The measure of damages for breach of contract and property damage can be either the reasonable cost of replacement or repairs, or diminution in value." Wells v. Price, 102 So. 3d 1250, 1258 (Miss. Ct. App. 2012) (quoting *Check Cashers Express, Inc. v. Crowell*, 950 So.2d 1035, 1042 (¶ 19) (Miss.Ct.App.2007); *Bell v. First Columbus Nat'l Bank,* 493 So.2d 964, 970

(Miss.1986)). "The plaintiff must prove either of these measures with a reasonable certainty and the damage award must not unjustly enrich the plaintiff." *Id*. Mississippi courts have directed verdicts where plaintiffs have failed to prove damages but offering only testimony of damages. *Trapani v. Treutel*, 87 So. 3d 1096, 1099 (Miss. Ct. App. 2012) (directing verdict in favor of defendant and finding plaintiff failed to meet burden for damages for under negligence property damage claim by use of Plaintiff testimony on value of damage).

Here, Baber has not provided any evidence of damages other than personal guesses and opinions. Baber submitted a list of personal property items alleged to have been damaged by Chinese drywall prior to 2013 when her parents were living in the Property. The cause and cost of the damage are purely speculative by the representative of Baber's estate. Furthermore, Baber has not provided any evidence of remediation costs prior to the transfer of the Property. Furthermore, estimated remediation costs for items like electrical wiring are no longer claims of Baber because the Property was transferred prior to remediation and Baber no longer has any interest in the Property. Indeed, it is undisputed that the Mortgagee sold the Property in 2017 for approximately the same price as it appraised for when Baber owned it in 2015 such that Baber has not provided any evidence of diminution in value. In terms of loss of use, it is undisputed Baber left the property due to the preference of the then owner, Charles Baber to move to a different property due to his preference for having a larger house with more land acreage, and not due to the alleged presence of Chinese drywall. Baber has submitted no evidence to support any loss of use claim. Finally, in terms of the cause of foreclosure and lost income, Baber has not offered any evidence of lost rents or that foreclosure was a result due to Chinese drywall. Therefore, even if Baber's claims are not barred, summary judgment is appropriate because Baber has not and cannot provide any evidence of damages.

### C. *Baber's claims are barred by the Statute of Limitations.*

In Mississippi, property damage claims have a three-year statute of limitations. Miss. Code. Ann. § 15-1-49. While "discovery [of an injury or disease] is an issue of fact to be decided by a jury where there is a genuine dispute," *Schiro v. American Tobacco Co.,* 611 So.2d 962 (Miss.1992), "as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion." *Stringer v. Trapp*, 30 So.3d 339, 342 (Miss. 2010) (citing *Smith v. Sanders,* 485 So.2d 1051, 1053 (Miss. 1986)). Although "[t]he discovery rule under 15–1–49(2) tolls the statute of limitations for (1) latent injuries or (2) non-latent injuries where the negligence that caused the injury is not known, ... an individual may not take shelter in the 'discovery rule' when reasonable minds could not differ that the plaintiff possessed sufficient information to bring a claim." *Raddin v. Manchester Educ. Found., Inc.,* 175 So.3d 1243, 1249 (Miss. 2015) (citations omitted). Here, where property owner was on notice of the injury, and because "[n]o provision of Section 15–1–49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues," awareness of the injury itself is enough to activate the notice period. *City of Tupelo v. O'Callaghan,* 208 So. 3d 556, 569–70 (Miss. 2017).

Here, the alleged Chinese drywall installed in the Property was installed in 2006 and soon after Baber alleges damages to multiple electronics, appliances, and HVAC systems which occurred while Mr. and Mrs. Baber were living in the Property and prior to 2013. Although there is no competent evidence to support these items actually failed or actually failed due to Chinese drywall, Baber's allegations support a finding that Baber possessed sufficient information of the issues with her Property to investigate and bring a claim. Baber did not file claims in this action until November 2016. Therefore, Baber's claims are barred by the statute of limitations.

### D. *Baber has not provided evidence of ownership and failed to comply with Court Orders.*

"In Mississippi, parties have standing to sue 'when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law.' " *In re City of Biloxi*, 113 So. 3d 565, 570 (Miss. 2013) *Id.* at 33 (quoting *Burgess v. City of Gulfport,* 814 So.2d 149, 152–53 (Miss. 2002)). A party's claim "must be grounded in some legal right recognized by law, whether by statute or by common law" and that party must be able to show that it has "a present, existent actionable title or interest[.]" *City of Picayune v. S. Reg'l Corp.,* 916 So.2d 510, 526 (Miss. 2005).

Here, the only evidence presented of prior ownership of the Property is the warranty deed transferring the Property to Charles Baber in 2006. Baber has not provided any evidence that Catherine Baber was transferred ownership of the Property nor has Baber presented evidence that the Estate of Catherine Baber has a "present, existent, actionable interest." Therefore, on this basis alone the claim may be dismissed.

Furthermore, this Court approved a supplemental plaintiff profile form over a year ago. To date, Baber has never completed a Supplemental Plaintiff Profile Form. This Court has previously dismissed claims for Plaintiffs' failure to comply with pretrial orders. *In re Vioxx Prod. Liab. Litig.,* 388 F. App'x 391, 397 (5th Cir. 2010). The same is warranted here and the claims of Baber should be dismissed.

### IV. Conclusion

For these reasons, this Court should grant summary judgment, dismissing the Baber claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:      504.556.5549
Facsimile:       504.310.0275
Email:             kmiller@fishmanhaygood.com
*Counsel for Defendant,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 6th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**