UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14-cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**STATEMENT OF UNCONTESTED MATERIAL FACTS**

**NOW INTO COURT**, through undersigned counsel, come defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), who submit this Statement of Uncontested Material Facts in support of their Motion for Summary Judgment as to the claims filed by Catherine Baber and the Estate of Catherine Baber:

1. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things (Rec. Doc. 2).

2. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence (Rec. Doc. 337).

3. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence (Rec. Doc. 12257).

4. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047.

1

5. The Complaint was amended multiple times to amend the parties and claims.

6. The original plaintiff, Catherine Baber, did not file claims in this matter until November 24, 2016.

7. The Fifth Amended Complaint was filed on May 14, 2018.

8. Following the Fifth Amended Complaint, and the death of Ms. Baber in 2018, representatives for her estate intervened on October 7, 2019.

9. The Fifth Amended Complaint is the operative complaint in this matter.

10. Baber is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their property located at 121 Country Club Drive, Pass Christian, MS (the "Property").

11. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.

12. Baber completed and submitted a PPF and PFS but failed to complete a SPPF. The documents were completed under penalty of perjury.

13. Charles Baber purchased the Property in 2006 following Hurricane Katrina as a gutted home for $70,000.00.

14. At the time Charles Baber bought the Property, the alleged defective Chinese drywall was not installed in the Property.

15. The alleged Chinese drywall was installed in the Property in 2006 when the Property was remediated following Hurricane Katrina and Charles and Catherine Baber moved into the Property.

16. Charles Baber and his wife, Catherine Baber lived in the Property until 2013, when they moved into another property they purchased based on personal preference because it was a larger house with more acreage and Charles Baber wanted more land.

17. Prior to 2013, Baber alleges malfunctions in electronics, appliances, and HVAC systems but without support.

18. After they moved out in 2013, the Property was allegedly used as a rental although no rental records were provided.

19. Charles Baber passed away in 2015 due to lung cancer.

20. The only evidence of ownership provided by Baber is the original warranty deed of the Property to Charles Baber.

21. Baber has not produced evidence of transfer of ownership of the Property from Charles Baber to Catherine Baber.

22. Sometime between diagnosis of Mr. Baber's lung cancer and his death, he and Ms. Baber stopped working at the ornamental business they previously ran due to his illness.

23. The Property was appraised in May 2015 and appraised for $192,000.00.

24. The Property was lost in foreclosure in 2017, and was subsequently sold for $190,000.00.

25. Catherine Baber passed away in 2018.

26. Her daughter, Lisa Lofton, purports to be the executrix of Ms. Baber's estate.

27. She does not have any personal knowledge to dispute as to when Mr. or Mrs. Baber became aware of Chinese drywall.

28. Baber seeks the costs for items allegedly damaged due to Chinese drywall, diminution in value, remediation costs, and economic damages.

29. Baber has not produced any competent evidence of costs or damages incurred due to the alleged presence of Chinese drywall.

30. Personal items that failed were allegedly damaged were discarded and replaced, and replacements if any were based on a report never produced to the Knauf Defendants.

31. Baber did not produce any evidence of a contract for sale that failed to close due to the presence of Chinese drywall or any other reason.

32. Baber did not produce any evidence of any rental agreements or offers to lease that were denied due to the presence of Chinese drywall or any other reason.

33. Baber has not and cannot produce any evidence that the Property was lost in foreclosure due to the presence of Chinese drywall and only that it was due to her mother's fixed income.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0279
Email:           kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co, Ltd.*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 6th day of January, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**