UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY MICHAEL NORRIS AND NICOLE NORRIS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Michael Norris and Nicole Norris ("the Norrises") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

**A.      MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes.[1] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

 Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

---

[1] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

[2] *See* Order, R. Doc. No. 16570 at 3-4.

B.      The Bennett Complaint and the Norrises

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

The Norrises are plaintiffs in the operative Fifth Amended Complaint and have made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in their property located at 700 Arctic Fox Run, Madisonville, Louisiana 70447 (the "Property"). In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Norrises completed and submitted a PPF,[3] SPPF,[4] and PFS.[5] The documents were completed under penalty of perjury. The Norrises were deposed on June 10, 2019 and had twenty-one (21) days to supplement documents in support of their claims and, to date, have not provided any supplemental documents.

The Norrises purchased the Property on August 10, 2006.[6] The Property was purchased as a new construction and was constructed as part of Phase 2 of development of the neighborhood known as Fox Branch Estates.[7] Michael Norris and Nicole Norris resided on the Property from the

---

[3] Exhibit 1 to M. Norris Depo. (attached as Exhibit A).
[4] Exhibit 2 to M. Norris Depo. (attached as Exhibit B). Nicole Norris did not sign the SPPF.
[5] Exhibit 3 to M. Norris Depo. (attached as Exhibit C).
[6] M. Norris Depo. at 25:15-18.
[7] *Id.* at 17:16-18, 20:6-9.

time of purchase until 2015, when Michael Norris moved out of the Property.[8] Nicole Norris did not move out of the Property and continues to reside there as of June 10, 2019.[9]

Prior to moving out of the Property in 2015, Michael Norris became aware of other properties in Fox Branch Estates with Chinese drywall issues by speaking with his neighbors.[10] Specifically, the Norrises were aware that their neighbors who lived across the street were involved in a lawsuit for Chinese drywall, and that their Property was also constructed during Phase 2 of development of Fox Branch Estates.[11] The neighbors across the street resided at 701 Arctic Fox Run, Madisonville, Louisiana 70447 and participated as class representatives in a suit against the Knauf Defendants filed on December 9, 2009 in the U.S. District Court for the Eastern District of Louisiana, Case No. 09-7628.[12]

The Norrises allege that they discovered Chinese drywall based on an inspection that was never completed but detected signs of Chinese drywall.[13] The inspector recommended the Norrises obtain a specialist, but the Norrises did not.[14] Accordingly, the Norrises never had an inspection for Chinese drywall completed on the Property.[15] Additionally, the only evidence of Chinese drywall submitted by the Norrises is one photograph of a board that has been removed.[16] The board in the photograph has no identifying marks that demonstrate it is from the subject Property.[17] Michael Norris testified that the board in the photograph was taken from garage.[18] Therefore, no evidence of Chinese drywall within the home has been submitted.

---

[8] *Id.* at 40:2-10.
[9] *Id.* at 51:4-6.
[10] *Id.* at 20:18-25, 21:1-15.
[11] *Id.* at 42:5-25, 43:1-4.
[12] *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La. filed Dec. 9, 2009), ECF No. 1 at ¶ 638.
[13] M. Norris Depo. at 35:10-25, 36:1-4.
[14] *Id.* at 36:15-23.
[15] *Id.* at 36:2-23, 39:1-10.
[16] *Id.* at 46:24-25, 47:1-2; *see also* Exhibits A-C.
[17] *See* Exhibit C (photograph included as Exhibit 3 therein).
[18] M. Norris Depo. at 45:20-25.

## II.    Legal Standard for Rule 56 Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[21] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[22]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[23] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[24] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[25] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may

---

[19] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[20] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

[22] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[23] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)).

[24] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[25] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

grant summary judgment."[26]

## III.   Argument

### A.   Plaintiffs have not shown that the Knauf Defendants' Chinese drywall is or was on the Property.

There is insufficient evidence of the Knauf Defendants' drywall on the Property. As of this date, Plaintiffs' only evidence of Chinese drywall on the Property is one photograph of a board allegedly taken in the garage.[27] Neither the board nor the photo have been labeled to provide additional info.[28] The Norrises confirmed that this was the only photo evidence available.[29] The Norrises also stated that the photo was taken in the garage,[30] such that there has been no evidence whatsoever of Chinese drywall in the home.

Similarly, the Norrises never had an inspection for Chinese drywall completed on the Property.[31] Rather, they allege that they discovered Chinese drywall based on a general inspection that was never completed but detected signs of Chinese drywall.[32] Although no inspection report was ever produced from this incomplete inspection, the Norrises maintain that the inspector recommended that they obtain a specialist to inspect for Chinese drywall.[33] The Norrises never retained a specialist and did not have an inspection for Chinese drywall completed on the Property.[34]

---

[26] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir. 1999)); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[27] *See* Exhibit C (photograph included as Exhibit 3 therein).

[28] *Id.*

[29] M. Norris Depo. at 46:24-25.

[30] *Id.* at 45:20-25.

[31] *Id.* at 36:2-23, 39:1-10.

[32] *Id.* at 35:10-25, 36:1-4.

[33] *Id.* at 36:15-23.

[34] *Id.* at 36:15-23.

Consequently, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor,' summary judgment remains appropriate [because] the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[35] There is not "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" such that "a full trial on the merits warranted."[36] Accordingly, this Court should grant the Knauf Defendants' motion for summary judgment as to the Norrises' claims.

### B.  Plaintiffs' claims are prescribed or otherwise are barred by the LPLA.

The Norrises' claims are prescribed. As to redhibition, under the discovery rule, prescription does not commence against an alleged manufacturer until the date the injured party discovers or should have discovered the facts upon which his cause of action is based.[37] "The principle does not apply if plaintiff's ignorance is attributable to his own willfulness or neglect."[38] "In determining when the plaintiff should have known of the basis for his claim, the focus is on the reasonableness of the plaintiff's action or inaction."[39] "A plaintiff will be deemed to know that which he could have learned through reasonable diligence."[40] In sum, if an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses it, and closes his eyes and ears to the notice before him, the law will hold him as bound by the same.[41]

---

[35] *Lowen Valley View*, 892 F.3d at 170 (quoting *Anderson*, 477 U.S. at 249, 255).
[36] *Lindsey*, 16 F.3d at 618 (quoting *Anderson*, 477 U.S. at 249) (internal quotation marks omitted).
[37] La. Civ. Code art. 2434 (prescription for redhibition); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing *Corsey v. State Dept. of Corrections*, 375 So. 2d 1319, 1322 (La. 1979)).
[38] *Ford*, 982 F. Supp. at 395 (citing *Corsey*, 375 So. 2d at 1322).
[39] *Id.*
[40] *Id.* at 395-96 (citing *Corsey*, 375 So. 2d at 1322; *Hospital Dist. No 1 v. Alas*, 657 So.2d 1378, 1383 (La. App. 5 Cir. 1995); *La Plaque Corp. v. Chevron U.S.A. Inc.*, 638 So. 2d 354, 356 (La. Ct. App.), *writ denied*, 94-2125 (La. 11/11/94); 644 So. 2d 395; *Beth Israel v. Bartley, Inc.*, 579 So. 2d 1066, 1072 (La. Ct. App.), *writ denied*, 587 So. 2d 696 (La. 1991)).
[41] *Id.* at 396 (internal quotation marks and citations omitted).

The Norrises purchased their Property in 2006 as a new construction and knew that the Property was constructed as part of Phase 2 of development of the neighborhood known as Fox Branch Estates.[42] The Norrises knew that other properties constructed during Phase 2 of development had Chinese drywall—notably, the Norrises knew that their neighbors across the street were involved in a lawsuit for Chinese drywall, and that their Property was also constructed during Phase 2 of the neighborhood's development.[43] Specifically, Michael Norris testified: "They told us that they had it, they had -- they were dealing with a lawsuit for Chinese drywall."[44]

The neighbors across the street resided at 701 Arctic Fox Run, Madisonville, Louisiana 70447 and participated as class representatives in a suit against the Knauf Defendants filed on December 9, 2009 in the U.S. District Court for the Eastern District of Louisiana, Case No. 09-7628.[45] Based on the Norrises' testimony that they spoke with their neighbors during the pendency of this lawsuit, it can be inferred that the Norrises were aware of the lawsuit at some point in the few years following the filing of the lawsuit in December of 2009, between 2010 and 2013. At the latest, the Norrises were aware of this information prior to Michael Norris leaving the Property in 2015, as Michael Norris testified that he became aware of surrounding properties with Chinese drywall while he resided at the Property by speaking with his neighbors.

Accordingly, the Norrises knew that their property was constructed as part of a phase of a neighborhood development, had knowledge that other homes built in that phase of development had problems with Chinese drywall, and failed to promptly take action to determine whether their Property was contaminated. The Norrises should have known of their alleged injury but turned a blind eye to it. Based on the foregoing, prescription commenced when the Norrises acquired this

---

[42] M. Norris Depo. at 17:16-18, 20:6-9, 25:15-18.
[43] *Id.* at 42:5-25, 43:1-4.
[44] *Id.* at 43:2-4.
[45] *Payton, et al. v. Knauf Gips KG, et al.*, No. 09-7628 (E.D. La. filed Dec. 9, 2009), ECF No. 1 at ¶ 638.

information—in 2010 to 2013, but at the latest, prior to Michael Norris leaving the Property in 2015.

Nevertheless, Nicole Norris is not listed as a plaintiff in this case until the Fourth Amended Complaint, which Plaintiffs moved for leave to file on November 21, 2016, but was not actually filed into the record until May 14, 2018.[46] Michael Norris is not listed as a plaintiff in this case until the Fifth Amended Complaint, which Plaintiffs moved for leave to file on March 6, 2018, and was thereafter filed in the record on May 14, 2018.[47] The Norrises redhibition claims are prescribed.

As to the remaining claims, under Louisiana law, prescriptive periods are not determined by the label of the cause of action, but are instead determined by the nature of the transaction and the underlying basis of the claim.[48] Therefore, actions that are tort-based claims, including all claims under Louisiana law in the Fifth Amended Complaint, are subject to a one-year liberative prescription period under La. Civ. Code art. 3492.[49] Like the claims in redhibition, the other Louisiana claims relevant to the Norrises are prescribed on their face and should be dismissed, with prejudice.

---

[46] R. Docs. 20554, 21333.

[47] R. Docs. 21234, 21334.

[48] *Stewart v. Ruston Louisiana Hosp. Co., LLC*, No. 14-0083, 2016 WL 1715192, at *5 (W.D. La. Apr. 27, 2016) ("In determining the prescriptive period for a cause of action, 'Louisiana courts look to the nature of the duty that has been breached.'") (citations omitted); *see also Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La. 1978) ("Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it.").

[49] *Manion v. Pollingue*, 524 So. 2d 25 (La. App. 3 Cir. 1988), *writ denied*, 530 So. 2d 572 (La. 1988) (finding tort claim against administrator for breach of fiduciary duty was "delictual action" and one-year prescriptive period under La. Civ. Code art. 3492 applied); *Gad v. Granberry*, 2007-117 (La. App. 3 Cir. 5/30/07); 958 So. 2d 125, *writ denied*, 2007-1336 (La. 9/28/07); 964 So. 2d 364, and *writ denied*, 2007-1361 (La. 9/28/07); 964 So. 2d 365 (finding purchaser's claims against vendor and real estate company for fraud and misrepresentation were delictual actions and subject to one-year prescriptive period); *Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1232, 1237 (fraud and misrepresentation claims were delictual actions and one-year liberative prescription applied); *Williams v. Nexstar Broad., Inc.*, 11-887 (La. App. 5 Cir. 4/10/12); 96 So. 3d 1195, 1201 (finding claims for defamation are subject to liberative prescription of one year running from the day injury or damage is sustained); *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 622 (E.D. La. 2013) (breach of contract based on misrepresentation governed by one-year prescriptive period).

To the extent the claims are not prescribed, they are otherwise barred by the exclusive remedies contained in the LPLA, except as damages in redhibition to the extent damages are provided for the drywall itself or economic losses. The LPLA, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and explicitly provides that "[a]ttorney's fees are not recoverable under th[e LPLA.]"[50] "Damage" under the LPLA, however, is a defined term, and it usually does not include "damage to the product itself [or] economic loss."[51] Accordingly, the LPLA precludes Plaintiffs' redhibition claim—and, consequently, its entitlement to attorney fees—unless the jury awarded damages to compensate for "damage to [the bolts themselves or] economic loss," which are recoverable in redhibition.[52]

## C.     Plaintiffs' loss of use/loss of enjoyment damages and personal property damages are unsupported.

To the extent this Court does not grant the Knauf Defendants' motion for summary judgment and dismiss the Norrises' claims with prejudice, the Knauf Defendants seek partial summary judgment as to damages claimed by the Norrises.

In part, the Norrises asserted claims in their submissions for loss of use/loss of enjoyment damages.[53] The Norrises have not provided documents and competent evidence to support their claims for loss of use/loss of enjoyment.[54] Michael Norris testified that Chinese drywall has not prevented the Norrises from residing on the Property, and Nicole Norris adopted this testimony.[55] Accordingly, the Norrises' claim for loss of use is completely unsupported and Plaintiffs have

---

[50] La. Rev. Stat. §§ 9:2800.52, 2800.53(5).
[51] *Id*. § 2800.53(5).
[52] *Chevron USA, Inc. v. Aker Mar., Inc*., 604 F.3d 888, 900 (5th Cir. 2010); La. Rev. Stat. § 9:2800.53(5).
[53] Exhibit B; M. Norris Depo. at 50:9-16.
[54] M. Norris Depo. at 50:17-21; Exhibits A-C.
[55] M. Norris Depo. at 50:22-25, 51:1-6; N. Norris Depo. at 5:19-25, 6:1.

failed to provide any evidence in support of the claim. Therefore, summary judgment should be granted for lack of evidence to support loss of use/loss of enjoyment damages.

In part, the Norrises asserted claims in their submissions for personal property damage.[56] However, the Norrises failed to provide any documents or evidence to support their claims for personal property damage.[57] As to personal property items replaced, the Norrises have discarded the alleged damaged items such that there is no evidence that those items were damaged by Chinese drywall.[58] Additionally, the Norrises have not provided invoices or proof of payment for personal property items replaced.[59] In fact, the Norrises testified that one personal property item claimed was not damaged at all.[60] Further, the Norrises have not provided any documents or evidence to support the value claimed for personal property items.[61] They did not provide any supplementary documents in support of their claims after their depositions. Accordingly, the Norrises' personal property damage claims are completely unsupported, and Plaintiffs have failed to provide any evidence in support of those claims. Therefore, summary judgment should be granted for lack of evidence to support personal property damages.

## IV.    Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as to the Norrises, the facts do not support any claims against the Knauf Defendants. The Norrises cannot substantiate any of the facts forming the basis of the claims against the Knauf Defendants, and there is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice. Alternatively, this Court should grant

---

[56] Exhibit C; M. Norris Depo. at 51:16-17.
[57] Exhibits A-C.
[58] M. Norris Depo. at 52:13-17, 53:1-25, 54:1-14, 56:1-25, 57:1-10.
[59] *Id.* at 52:13-17, 53:1-25, 54:1-14, 56:1-25, 57:1-10.
[60] *Id.* at 54:15-25.
[61] *Id.* at 52:13-17, 53:1-25, 54:1-14, 56:1-25, 57:1-25.

partial summary judgment as to the loss of use/loss of enjoyment damages and personal property damages claimed by the Norrises.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:      504.556.5549
Facsimile:      504.310.0275
Email:          kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 7th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**