UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14-cv-2722** | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**STATEMENT OF UNCONTESTED MATERIAL FACTS**

**NOW INTO COURT**, through undersigned counsel, come defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), who submit this Statement of Uncontested Material Facts in support of their Motion for Summary Judgment on the claims asserted by James Blevins:

1. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things.

2. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.

3. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

4. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047.

1

5. The Complaint was amended multiple times to amend the parties and claims.

6. The Fifth Amended Complaint was filed on May 14, 2018.

7. Following the Fifth Amended Complaint, certain plaintiffs intervened.

8. The Fifth Amended Complaint is the operative complaint in this matter.

9. Plaintiff James Blevins ("Blevins") is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence defective Chinese drywall installed in his property located at 2636 SE 19th Place, Cape Coral, FL 33904 (the "Property").

10. In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.

11. Blevins completed and submitted a PPF, SPPF, and PFS.

12. The documents were completed under penalty of perjury. See Exhibits A (PPF), B (SPPF), and C (PFS).

13. Blevins bought the lot on which the Property was built on June 15, 2004 and subsequently constructed a house on the lot. See Warranty Deed attached to Exhibit B, SPPF; *see also* Exhibit D, Blevins Depo., at 11:11-16.

14. Blevins moved out of the Property after deciding to move to South Carolina. Exhibit D, Blevins Depo., at 24:13-25:9, 27:25-28:5.

15. Blevins asserts that he first became aware that Chinese Drywall had been installed in the Property in August 2017. *See* SPPF, Exhibit B, at 2.

16. Blevins also testified, however, that he had decided to move out of the Property before the discovery of Chinese drywall. *See* Exhibit D, Blevins Depo., at 27:25-28:5.

17. Blevins chose to move to South Carolina because he and his new wife, Merla Blevins, had visited Merla's cousin in South Carolina and had enjoyed it there. *See id.* at 27:17-21; *see also id.* at 25:23-24.

18. Blevins' plan was to move out of the property, take his RV to South Carolina, and "take [his] time to buy up there." *See id.* at 27:25-28:5.

19. As to his damages claims, Blevins has stated that he experienced loss of use/loss of enjoyment damages of $275,000. *See* Exhibit B, SPPF, at 6.

20. The sole basis for claiming this amount is by multiplying $25,000 times twelve years. *See* Exhibit D, Blevins Depo., at 46:4-48:1.

21. Blevins amended this amount at his deposition to claim $24,000 per year for twelve years. *See id.* at 47:4-9.

22. Blevins also claims a diminution in property value of $283,866, *see* Exhibit B, SPPF, at 6, but his sole support for this claim is that the tax assessor lowered the value of the Property to $0 for tax purposes, *see* Exhibit D, Blevins Depo., at 48:21-52:2.

23. Blevins was responsible for the decision by the assessor to lower the value of the property to $0 for tax purposes. *See id.* at 51:4-14.

24. Additionally, Blevins claims $33,610.55 in alternative living expenses, *see* Exhibit C (PFS), at 5 (Response to Question 21), but all of the claims for damages related

solely to his property in South Carolina, *see, e.g.*, Exhibit D, Blevins Depo., at 82:13-15.

25. Blevins stated that he has documents from his mortgage as well as the certificate of livability he received when he took over the house after it was built, but those documents have not been produced. *See* Exhibit D, Blevins Depo., at 12:9-14:4.[1]

26. Other than a second drywall inspection report (which was subsequently provided to the Knauf Defendants), Blevins testified that everything he provided to his attorney in support of his claims had been attached to Exhibits A, B, and C. *See id.* at 22:13-23:23; *see also id.* at 20:12-16.

27. Blevins also testified, however, that he has credit card statements supporting his claim for interest, but he has not produced those statements. *See* Exhibit D, Blevins Depo., at 72:4-73:2.

28. Blevins testified that he had multiple documents and other information that might support claims for his "old house" in Florida, but none of that information or those documents have been produced. *See, e.g., id.*, at 78:6-82:15.

29. With respect to his individual property damage claims, Blevins submitted an itemization totaling $3645.00. *See* Exhibit 14 to Exhibit C (PFS).

30. None of the items on his itemization were repaired, and many were still functioning. *See* Exhibit D, Blevins Depo., at 83:25-84:17, 87:14-17.

31. Blevins' only support for the assigned "values" on his itemization were (as to his air conditioner) an uncertain recollection of a verbal estimate provided at some point in the past or, (as to his microwave) an uncertain online estimate that he

---

[1] The questions pertained to a Notice of Deposition, which is attached as Exhibit E.

4

purports to have looked up at one point and that concerned generally "built-in" microwaves, and (with respect to the other items) a guess he formulated based on his experience as a "jack-of-all-trades." *See id.* at 84:18-85:8 (air conditioning air handler and coils), 86:4-23 (electrical components), 87:21-23 (two fans and four light fixtures), 90:1-6 (plumbing fixtures), 91:21-92:2 (microwave), 93:14-93:24 (microwave), 94:3-15 (mirrors); *see also id.* at 91:5-20.

        Respectfully submitted,

        **FISHMAN HAYGOOD, LLP**

        */s/ Kerry J. Miller*
        **KERRY J. MILLER (#24562), T.A.**
        **PAUL C. THIBODEAUX (#29446)**
        **DANIEL J. DYSART (#33812)**
        201 St. Charles Avenue, Suite 4600
        New Orleans, LA 70170
        Telephone:    504.556.5549
        Facsimile:     504.310.0275
        Email:          kmiller@fishmanhaygood.com

        *Counsel for Defendants,*
        *Knauf Gips KG and*
        *Knauf Plasterboard (Tianjin) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 7th day of January, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**