**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**<br><br>**SECTION "L"** |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY JOHN JUDGE AND REBECCA JUDGE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by John Judge and Rebecca Judge against them in Plaintiffs' Second Amended Class Action Complaint (the "Second Amended Complaint").

**I.     Factual and Procedural Background**

**A.     *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.   On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

B. ***The Bennett Complaint and Nguyen and Chin***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Second Amended Complaint is the operative complaint in this matter.

John Judge and Rebecca Judge are plaintiffs in the operative Second Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 2618 50th Street West in Lehigh Acres, FL (the "Property"). In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. John Judge completed and submitted a PPF,[2] SPPF,[3] and PFS.[4] The documents were completed under penalty of perjury. John Judge was deposed on December 5, 2019. Rebecca Judge's deposition was set for December 5, 2019, but she failed to attend.

John Judge and Rebecca Judge asserted claims in their submissions for loss of use and loss of enjoyment of the Property in the amount of $175,000.00, and diminution in value of the Property in the amount of $160,000.00.[5] John Judge has not offered any documents to support these claims.[6]

---

[2] Exhibit 1.
[3] Exhibit 2.
[4] Exhibit 3.
[5] *Id.* at p. 6.
[6] *Id.* John Judge, like nearly all of the other claimants in the Bennett class action, did attach a one-page document to their SPFF that states "$175,000.00 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants." *See* Exhibit 2.

John Judge resided at the Property until April or May of 2015, when he moved to Cape Coral, Florida.[7] Around July 2015, the Property was under contract to be sold when an inspection report revealed that the Property may contain Chinese-manufactured drywall.[8] Rebecca Judge and John Judge were divorced prior to that contract of sale of the Property,[9] and John Judge was the sole owner of the Property when it was sold at short sale on October 14, 2016.[10] John Judge has not presented any evidence that he reserved any claims in the sale of the Property.[11]

## II.      Law & Argument

### A.      Summary Judgement Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[14]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[15]

---

[7] Exhibit 4, deposition of John Judge at p. 32:19-24.
[8] *Id.* at pp. 30:23-5; 33:3-6.
[9] *Id.* at p. 9:3-25.
[10] *Id.* at pp. 9:3-25; 14:7-8.
[11] *Id.* at p. 21:12-18.
[12] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[13] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[15] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[16]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[17]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[18]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[19]

### B.      John and Rebecca Judge's Claims Should be Dismissed.

John and Rebecca Judge allege damages for diminution of value, loss of use and loss of enjoyment.[20] Yet, John and Rebecca Judge did not provide sufficient evidence to support these claims—either pursuant to the Court's approved forms, at depositions, or following their scheduled depositions. John and Rebecca Judge bear the burden at trial to prove their claims and damages and the evidence provided is insufficient, not colorable, and not probative meet their burden under any standards.[21]  Although a PPF, SPPF, and PFS were submitted, no documents were offered to

---

[16] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[17] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[18] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[19] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[20] Exhibits 2 and 3.

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v.*

support the loss of use or loss of enjoyment claims.[22]  Also, John Judge has not presented any evidence that he reserved any claims in the sale of the Property, and he presented no evidence of any diminution of value of the Property.[23] Further, Rebecca Judge's deposition was set for December 5, 2019, but she failed to attend.

There was no indication that the Property may have contained Chinese-manufactured drywall until after the Property was vacated so that it could be sold, so John and Rebecca Judge used and enjoyed the Property irrespective of the alleged presence of Chinese-manufactured drywall, which precludes the loss of use and loss of enjoyment claims.

Overall, because there is a complete absence of documents, support, or evidence for John and Rebecca Judge's claims, summary judgment should be granted in favor of the Knauf Defendants.

### C.     Rebecca Judge's Claim Should be Dismissed Because She Did Not Have Any Interest in the Property.

Notwithstanding the above, Rebecca Judge's claims should be dismissed because she did not have any interest in the Property. The Property was first suspected to contain Chinese-manufactured drywall around July 2015, when the Property was under contract to be sold and an inspection report revealed that the Property may contain Chinese-manufactured drywall.[24] Rebecca Judge and John Judge were divorced prior to that contract of sale of the Property,[25] and John Judge

---

*Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[22] *Id.* John Judge, like nearly all of the other claimants in the Bennett class action, did attach a one-page document to their SPFF that states "$175,000.00 in loss of use/loss of enjoyment damages is appropriate and consistent with past verdicts in the Chinese drywall litigation, based on the number of years I and my family have owned and/or lived in the home containing defective Chinese-manufactured sheetrock produced by the Knauf defendants." *See* Exhibit 2.

[23] *Id.* at p. 21:12-18.

[24] *Id.* at pp. 30:23-5; 33:3-6.

[25] *Id.* at p. 9:3-25.

was the sole owner of the Property when it was sold at short sale on October 14, 2016.[26] There

was no indication that the Property may have contained Chinese-manufactured drywall until after

the Property was vacated so that it could be sold, so Rebecca Judge cannot claim that she lost use

or enjoyment of the Property. Further, because John Judge was the sole owner of the Property

when it was sold at short sale, she has no claim for diminution of value of the Property. As such,

Rebecca Judge's claims should be dismissed because she did not have any interest in the Property.

## III.     CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to John Judge

and Rebecca Judge, the facts do not support claims for loss of use and loss of enjoyment against

the Knauf Defendants.  John and Rebecca Judge cannot substantiate any of the facts forming the

basis of the claims against the Knauf Defendants, and there is no genuine issue material fact

preventing summary judgment.  Therefore, this Court should grant summary judgment, dismissing

the loss of use and loss of enjoyment claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

---

[26] *Id.* at pp. 9:3-25; 14:7-8.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 7th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**