UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * * * * | |
| | | CIVIL ACTION |
| | | MDL NO. 2047 |
| | | SECTION L (5) |
| THIS DOCUMENT RELATES TO: ALL CASES | * * * | |

# ORDER

The Court has received and reviewed the attached correspondence from Mary Escudie. Accordingly,

**IT IS ORDERED** that this correspondence be filed into the record.

**IT IS FURTHER ORDERED** that Settlement Class Counsel and Defense Counsel review the correspondence and respond to it by January 16, 2020, if a response is necessary.

New Orleans, Louisiana on this 10th day of January 2020.

_____
Eldon E. Fallon
U.S. District Court Judge

500 Poydras Street
Room C456
New Orleans, LA 70130

Honorable Judge Fallon,

Thank you for allowing me to speak at the Fairness Hearing. I am following up to emphasize the main points from the hearing and to clarify/correct specific counsels statements or implications made at that hearing,

Ms. Duggan of the Plaintiff Steering Committee, reported that I had known that I had been excluded from the class. She didn't give a date, but I can assure you that I was not notified about the exclusion and I found out <u>after</u> I did not accept the second severely reduced Parker Waichman offer. In addition, the issue of when I was informed is not relevant, as I should not have been excluded involuntarily and unknowingly.

Mr. Faircloth whom I <u>recently,</u> just days before the Final Fairness Hearing, discovered was hired by Parker Waichman to help with the cases, stated that the problem was that I was "unable" to know how much the Class settlement would be and therefore I was uncomfortable signing the Parker Waichman offer. Mr. Faircloth was implying that I was afraid that I would miss out due to my own lack of data. Actually, this is not at all true. The problem was that the Parker Waichman offer was severely reduced to my detriment. I knew the Parker Waichman offer was worse for me. I was not ignorant. I recognize that we will not know the exact numbers until everyone has been filed into the suit. However, there are rough estimates that can be created based on the Allocation Model, just as the others in the Class who are on the Master SpreadSheet have received these estimates. I am capable of applying the model and have done so. Mr. Faircloth's analysis of my rationale was absolutely inaccurate. My "inability" is not the problem. I am an educated woman and I am quite able of calculating these estimates. I am aware that the Global settlement is the better choice for my home.

The Taishan attorney, Ms. Eikhoff, in my opinion, relayed some misleading information when she stated that I was the "only hold out" of the Parker Waichman side deal. My understanding is that many people were very disappointed in the Parker Waichman side deal but they felt that they had no choice. My understanding is that a few others did not accept the Parker Waichman offers despite being pressured to do so. These individuals are choosing to move forward with individual cases. Therefore, I am not the "only holdout." I am not being difficult, I simply see that this side deal is much worse for me and I don't understand how they could take me out of the Class <u>without my signature</u> as I did not opt out or do anything to propel my exclusion. In addition, I meet the first stated current criteria to be in the Class according to the Global settlement agreement and I was excluded without my knowledge or consent. I am asking that the PSC add me to the Revised Master Spreadsheet and to be removed from Exhibit 1 because I am did not accept the other offer.

In addition, the Taishan attorney also attempted to claim that I had an opportunity to accept "the same offer" from the side deal. The offer was significantly less that the Allocation Model. The

side deal did state that I could <u>attempt</u> to collect on the difference if another subsequent settlement paid more, but I was reluctant to sign this as I doubted the collectability and I understood that the Global settlement was much better for my particular case. The second offer from Parker Waichman came a few months later. The second offer was slightly higher but still incomparable to the Amorin class. The second offer was a final and complete payment and did <u>not</u> carry the clause that I could <u>attempt</u> to collect if the Global settlement was greater. This offer is not the same and is not even close to the Allocation Model.

Most importantly, my understanding is that ethically, the client always has the choice to accept an offer or not. I never waived these rights. I rejected the offer based on the data that is provided by the Allocation model versus the side deal and by the fact that Parker Waichman's settlement agreement stated that I would be going back into the Class settlement if I declined the side deal.

I am requesting one of two things, either I am allowed to go back to the Global settlement or Taishan and Parker Waichman honor the Allocation Model and settle on those figures in the side deal. I do not feel any other resolve would be just.

Thank you for your time and consideration.

Respectfully,

*[signature]*
Mary Escudie

U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

# Chinese Drywall Settlement

## *Your Rights Could Be Affected*

*A Federal Court authorized this notice. This is not a solicitation.*

- Please read this notice carefully and in its entirety: you may be entitled to receive a payment in the proposed settlement if you are a member of the settlement class.

- This is a summary. The full settlement agreement is available at the website: www.ChineseDrywallSettlement.com. Class members are strongly urged to consult with legal counsel concerning the full settlement agreement, including their rights and obligations under the settlement.

- The Settlement Class consists of: (1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Products Liability Litigation*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("Absent Class Members"). *Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "Known Class Members."

- To obtain additional information, the Master Spreadsheet of Known Class Members, other important documents, and case updates, visit the website www.ChineseDrywallSettlement.com.



| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **HOW TO GET A PAYMENT** | If you are a Known Class Member whose information is included in the Master Spreadsheet, and you agree with the information on the Master Spreadsheet relating to your Claim, you do not have to do anything to get a payment from the settlement. <br><br> If you are not listed on the Master Spreadsheet, you must complete and submit a Claim Form online or mail a paper Claim Form to the Claims Administrator to share in the settlement. The deadline to file a claim will be no earlier than **December 11, 2019**, and will be updated on the website. |
| **EXCLUDE YOURSELF** | If you ask to be excluded from the settlement, you won't be eligible to share in the benefits. But you keep any rights to sue the Defendants on your own about the same legal claims in this lawsuit. You must exclude yourself by **November 27, 2019**. |
| **OBJECT TO THE SETTLEMENT** | Submit a written response explaining why you have an objection to the settlement. You must object to the settlement by **November 27, 2019**. |
| **GO TO THE HEARING** | Ask to speak in Court about the settlement. |

These rights and options — **and the deadlines to exercise them** — are explained in this Notice.

### 3. What is a class action?

In a class action, one or more people called class representatives sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4. Why is there a Settlement?

Counsel for the Settlement Class ("Settlement Class Counsel") entered into the Settlement after weighing the substantial benefits that Class Members will receive as a result of the Settlement against the risk of non-recovery, the likelihood of additional delay due to appeals from any judgment, and the risk of inability to collect a judgment from foreign Defendants. Settlement Class Counsel consider it to be in the best interests of the Settlement Class to settle with Taishan and the Additional Released Parties and believe that the Settlement is fair, reasonable, and adequate for the Settlement Class.

Although Taishan denies all liability and the existence of any class (other than for settlement purposes) in the Litigation, Taishan considers it desirable to settle the Litigation on the terms proposed to avoid further expense and inconvenience.

## WHO IS INCLUDED

### 5. How do I know if I am included in the Settlement Class?

The Settlement Class includes:

(1) all Class Members in the *Amorin* Class certified in MDL No. 2047 in *In re Chinese-Manufactured Products Liability Litigation*, 2014 WL 4809520 (E.D. La. Sept. 26, 2014) ("*Amorin* Plaintiffs"); (2) all Plaintiffs who are named on one or more of the *Brooke* Complaints[2] ("*Brooke* Plaintiffs"); and (3) all other property owners with Chinese Drywall alleged to be attributed to Taishan and/or the Additional Released Parties ("Absent Class Members").

*Amorin* Plaintiffs and *Brooke* Plaintiffs are collectively referred to as "Known Class Members."

Excluded from the Class are (1) Plaintiffs listed on Exhibit 1 to the Settlement Agreement (Exhibit 1 lists 498 Plaintiffs who are included in a separate settlement agreement with Taishan); (2) the named Plaintiff and putative class members in *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.) (which consist of commercial builders); and (3) Plaintiffs who asserted Claims against Taishan and/or the Additional Released Parties, but whose Claims were dismissed for failure to complete a Supplemental Plaintiff Profile Form or by motion for voluntary dismissal.

---

[2] The operative *Brooke* Complaints are: *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-4127 (E.D. La.); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6631 (S.D. Fla.) (Miami Case No. 15-24348); *Brooke, et al. v. The State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Civ. Action No. 15-6632 (E.D. Va.) (Norfolk Case No. 15-506).

Each Class Member will be provided with an Allocation Amount determination by the Claims Administrator, and a brief summary or explanation of how the Class Member's objective facts and circumstances were applied under the Allocation Model. Any Class Member who believes that the Allocation Model has been misapplied to his or her Claim will have 30 days after being notified of their Allocation Amount to present a written objection, no longer than three-pages, double-spaced, to the Court. The record for appealing an Allocation Amount will be limited to (a) the original Master Spreadsheet submitted by the Parties, (b) any additional documents, evidence or information submitted by the Settlement Class Member to the Claims Administrator in a dispute over the information in the Master Spreadsheet; (c) the revised Master Spreadsheet as modified by the Claims Administrator; and/or (d) the Objective Allocation Criteria and supporting documentation submitted to the Claims Administrator by absent Class Members or any other Class Members not listed on the Master Spreadsheet. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination.

**The decision of the District Court with respect to appeals from Allocation Amount determinations will be final and binding on Class Members.**

## HOW TO GET BENEFITS

### 12. How do I get benefits?

If you are an *Amorin* Plaintiff or a *Brooke* Plaintiff whose information is included in the Master Spreadsheet, and you agree with the information on the Master Spreadsheet relating to your Claim, you do not have to do anything and you do not need to complete a Claim Form.

If you are an Absent Class Member or you are a Class Member who is not listed on the Master Spreadsheet, you must complete and submit a Claim Form online or mail a paper Claim Form in order to share in the Settlement. The deadline to file a claim will be no earlier than **December 11, 2019,** and will be updated on the website. For additional information regarding completing a Claim Form, visit www.ChineseDrywallSettlement.com or call 1-866-573-6691.

### 13. When will I get benefits?

Settlement Class Members who are entitled to payments will receive their payments after the Court grants final approval to the Settlement (*see* "The Fairness Hearing" below) and after any appeals are resolved. If there are appeals, resolving them can take time. Please be patient.

## REMAIN IN THE SETTLEMENT CLASS

### 14. What am I giving up if I stay in the Settlement Class?



If you do nothing, you will automatically remain in the Settlement Class. You will be legally bound by all Court orders, which means you won't be able to separately sue, or continue to sue, the Defendants about the legal claims in this case. Alternatively, if you exclude yourself, you won't get any money from distributions to the Class.

In return for paying the Settlement Amount, the Defendants will be released from all claims relating to the facts underlying the lawsuit. Once the Court grants final approval to the Settlement and after any appeals are resolved, the Class will irrevocably and unconditionally fully release and forever discharge all claims, whether

or not such claims were asserted in the Litigation, against the Defendants. If you have any questions, you can talk to Class Counsel listed in Question 20 for free or you can talk to your own lawyer.

## EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS

### 15. Can I get out of the Settlement Class?

Yes. Class Members may exclude themselves, which is also called "opting out" of the Settlement Class. If you elect to opt out, you will be excluded from sharing in the benefits of this Settlement and from the binding effect of final approval of this Settlement and dismissal of the Litigation as to Taishan, BNBM, CNBM Group, CNBM, BNBM Group, and SASAC.

**If you do not wish to opt out, you do not have to do anything at this time.**

The notice of intent to opt-out must be in writing and postmarked no later than **November 27, 2019**. The opt-out notice must include:
a) full name and current address of the person electing to opt-out,
b) address of the property allegedly damaged by Covered Chinese Drywall, and
c) signature of the individual Class Member.

To opt out, you must provide signed, written notice of your intention to opt out of the Settlement, and send the signed, written notice by first-class mail, post-marked no later than **November 27, 2019**, to these four addresses:

| Original to:                                                                                         | Copy to:                                                                                   |
| ---------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------ |
| Arnold Levin and Sandra L. Duggan, Levin Sedran & Berman LLP 510 Walnut Street, Suite 500 Philadelphia, PA 19106 | Stephen J. Herman Herman, Herman & Katz, LLC 820 O'Keefe Ave. New Orleans, LA 70113 |
| Copy to:                                                                                             | Copy to:                                                                                   |
| Richard J. Serpe Law Offices of Richard J. Serpe, PC 580 East Main St., Suite 310 Norfolk, VA 23510  | Patrick S. Montoya Colson Hicks Eidson 255 Alhambra Circle, Penthouse Coral Gables, FL 33134 |

To assure that each Class Member has adequate time for consideration of the Settlement, no opt-out will be effective if filed earlier than **September 19, 2019.**

**If you wish to pursue an individual claim against Taishan, BNBM, BNBM GROUP, CNBM, CNBM GROUP, SASAC, or any of the additional released parties by litigation or otherwise, you must opt out.** Otherwise, if the Settlement is approved, you will not be able to pursue claims against Taishan or the Additional Released Parties related to the Covered Chinese Drywall.

Taishan has reserved the right to terminate or withdraw from the Settlement seven days prior to the Fairness Hearing based on Class Member opt-outs exercised up to fourteen days prior to the Fairness Hearing.