UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' OPPOSITION TO DEFENDANT KNAUF'S RULE 23 MOTION
TO DENY CLASS CERTIFICATION**

**COME NOW** Plaintiffs, Elizabeth Bennett, et al., by and through the undersigned counsel of record to oppose Defendants' "Rule 23 Motion to Deny Class Certification." As grounds, Plaintiffs offer the following:

Plaintiffs have not filed any motion to seek class certification with this Court. As the party seeking class certification in the complaint, plaintiffs have the burden to prove that the requirements of Rule 23 are met. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2553 (2011). It is Plaintiffs' obligation to prove, by a preponderance of the evidence, compliance with the Rule 23 requirements, not Defendants. Plaintiffs' position with regard to Defendants' instant motion is that it is premature and inappropriate for this Court to decide this issue without Plaintiffs initiating the process. Furthermore, Plaintiffs position is that class certification is properly decided by the transferor court.

A court may, when necessary, conduct a "preliminary" inquiry into certain aspects of the merits to determine whether the Rule 23 requirements are satisfied, but it cannot rule on the merits or base the class certification decision on who it believes will prevail on the underlying

1

substantive claim. Plaintiffs have not asked this Court to conduct a preliminary inquiry and class certification has not been contemplated in the Case Management Order issued by this Court. (Rec. Doc. 21992).

This case was originally filed in the Northern District of Alabama and transferred to this court for consolidated and coordinated pretrial proceedings. Federal law permits actions to be "transferred to any district court for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). However, "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id*. (emphasis added); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998) (recognizing the Panel's "duty" to remand). Plaintiffs have a pending motion for suggestion of remand with oral arguments set to be heard in the very same hearing as this motion. As with all other ongoing case-specific activity in this action, Plaintiffs' position is that the suggestion of remand is overdue and all unique case-specific activity should take place in the transferor court – the Northern District of Alabama.

Because the purpose of transferring cases to an MDL court is to promote convenience and efficiency, it is expected that "the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F.Supp. 923, 924 (J.P.M.L. 1977) (emphasis added). But the transferee judge is not expected "to complete all pretrial proceedings in all actions transferred and assigned to him by the Panel." *Id*. (emphasis added). Just the opposite. Because making "case-specific rulings are neither the purpose, nor the forte, of a court presiding over a multi-district litigation, the transferee court typically does not rule on cumbersome, case-specific legal issues." *In re Meridia Prods. Liab. Litig.*, 328 F.Supp.2d 791,

798 (N.D. Ohio 2004). Remand is appropriate "when everything that remains to be done is case specific." *In re Patenuade*, 210 F.3d 135, 145 (3d Cir. 2000).

Courts applying these principles have remanded cases when discovery on common issues is complete and the remaining discovery and pretrial proceedings involve issues that are "unique" to the individual cases or claims. *See, e.g.*, *In re Air Crash Disaster at Tenerife, Canary Islands on March 27*, 1977, 461 F. Supp. 671, 673 (J.P.M.L. 1978); *see also Orthopedic Bone Screw Prods.*, 1998 WL 118060, at * 1 (reserving "case-specific motions for disposition by the various transferor courts"). Remand is also appropriate when discovery on common issues is completed and pending motions could "easily be presented to and determined by the transferor court." *Evergreen*, 435 F. Supp. at 924 (remanding case when motion to dismiss was pending). Whenever a transferee judge concludes that his role in presiding over common matters has ended and, therefore, "the game no longer is worth the candle," a suggestion of remand is appropriate. *See In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003).

The remaining issues to be litigated in this case involve (i) fact-intensive questions about whether certification of a homeowner class in *Bennett* is appropriate, (ii) fact-intensive questions about the extent and cost of remediation Plaintiff and proposed class members will demand for each affected property, and (iii) fact-intensive questions about other types of damages allegedly suffered by Plaintiff and proposed class members. Because those remaining issues are specific to this case, remanding this case to the Northern District of Alabama would be appropriate. *See Patenuade*, 210 F.3d at 145. Although the parties may file dispositive motions relating to these case-specific issues, a transferee court does not typically decide case-specific motions. *See id.*; *Meridia Prods.*, 328 F. Supp. 2d at 798; *Phenylpropanolamine Prods.*, 2004 WL 2034587, at *2; *Orthopedic Bone Screw Prods.*, 1998 WL 118060, at *1. This is especially true when any such

3

motions could "easily be presented to and determined by the transferor court." *See Evergreen*, 435 F. Supp. at 924. Because the resolution of such motions could affect the manner in which this case is tried in the Northern District of Alabama, remanding the case to allow the transferor court to decide any case-specific motions would better promote the "just and efficient conduct of [this] action." *See* 28 U.S.C. §1407(a); *see also Silica Prods.*, 398 F. Supp. 2d at 668; *Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d at 1177. Consideration of a case-specific class certification motion, if filed by Plaintiffs, is properly to be considered by the transferor court. Defendants' motion, because it is not in response to a motion initiated by Plaintiffs who possess the burden of proof under the FRCP class certification rules, is due to be denied as premature. Defendants' motion is also not in accordance with the JPML's common practice of remanding actions once unique issues are all that remain. Class certification is a unique issue that should be handled by the transferor court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Court either take no action or deny the instant motion and allow the issue of class certification to be decided by the transferor court, the Northern District of Alabama.

Respectfully submitted on this 14th day of January, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs' Opposition to Defendant Knauf's Rule 23 Motion to Deny Class Certification has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 14th day of January, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiffs*