UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| **This document relates to:** | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY WICLER PIERRE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Wicler Pierre (the "Motion").[1]

Plaintiff's opposition offers no compelling rebuttal to the Knauf Defendants' arguments in their original memorandum in support of the Motion, and this Court should disregard the opposition for at least five reasons. *First*, the opposition appears to refer to another plaintiff—for example, it states incorrectly that Mr. Pierre's home was inspected by a professional company in 2015, when in fact no such inspection has ever taken place. *Second*, the delayed discovery rule

---

[1] At the outset, Plaintiffs have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, the parties have not agreed to any proposed stipulations. Moreover, causation will be an issue at trial.

does not apply here, because Mr. Pierre admitted in his deposition that he **knew** as early as 2010 that the property contained defective drywall. *Third*, no post-sale duty to warn existed for the Knauf Defendants in light of Mr. Pierre's actual knowledge. *Fourth*, American Pipe tolling does not apply to subsequent class actions like *Bennett*. *Fifth* and finally, Mr. Pierre still has not submitted any competent summary judgment evidence showing he is entitled to loss of use damages or personal property damages.

A.   **The Opposition Misstates Facts.**

Pages 8-9 of Mr. Pierre's opposition correctly state that Mr. Pierre purchased his home at 1714 NE 6th Street, Boynton Beach, FL 33435 (the "Property") in 2007 and that Mr. Pierre discovered allegedly defective drywall in his home "through a self inspection." Those facts are confirmed by Mr. Pierre's Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Plaintiff Fact Sheet, and deposition testimony.

But in support of Mr. Pierre's delayed discovery argument, the opposition supplies different facts. There, the opposition states that Mr. Pierre "purchased his house in 2005" and "affirmed during his deposition that discovery of the Knauf-manufactured drywall occurred during an inspection of his home by Drywall Science, LLC in 2015." Opp. at pp. 11-12.  In fact, Mr. Pierre "affirmed during his deposition" that he has never had a professional inspection done on his home.[2]  Moreover, if that inspection did occur, a copy of the report was never provided with Mr. Pierre's Plaintiff Profile Form, Supplemental Plaintiff Profile Form, or Plaintiff Fact Sheet, or in response to additional discovery requests sent prior to Mr. Pierre's deposition.

Mr. Pierre cannot benefit from a delayed discovery argument based on a delayed discovery that did not actually happen.  Mr. Pierre's opposition can be discarded for the simple reason that

---

[2] Ex. 1, Pierre Depo Tr. at 31:12-23.

his only rebuttal to the argument that he knew about Chinese drywall in his home as early as 2010 is based on false statements about discovery of drywall as a result of an inspection that never occurred.

**B.     The Delayed Discovery Rule Does Not Apply Here; Mr. Pierre Testified to Affirmative Knowledge of Defective Drywall.**

Mr. Pierre argues in his opposition that "Defendants cannot demonstrate that Plaintiff, who is a layman, should have known that his home contained defective drywall made by Defendant Knauf or that he was being exposed to off-gassing from drywall"; that Defendants are relying on "an argument that Plaintiff acted unreasonably in his effort to discovery the drywall at an earlier date"; and that the Knauf Defendants' position is "that some unidentified smell or corrosion places a homeowner on notice that his home contains defective drywall." Opp. at p. 13.

These arguments simply do not apply to Mr. Pierre, who testified not of some suspicion of problems with his home based on smell or corrosion, but instead (1) that he was told he had Chinese drywall in 2010;[3] (2) that he knew his neighbors were remediating their homes for Chinese drywall in 2011 and at that time discovered his own home had Chinese drywall;[4] and (3) that he knew by 2011 that living in a home with Chinese drywall "make[s] you sick."[5] There can be no genuine dispute that Mr. Pierre was on "notice, through the exercise of reasonable diligence, of the possible invasion of his legal rights." *See* Opp. at p. 12 (quoting *Hamrac v. Dorel Juvenile Grop., Inc.*, No. 3:09-vd-90, 2010 WL 1879278, at *4 (N.D. Fla. May 11, 2010) (quoting *Univ. of Miami v. Bogorff*, 583 So. 2d 1000, 1004 (Fla. 1991)).

---

[3] *See* Ex. 4 to the Knauf Defendants' Memorandum in Support of Motion for Summary Judgment, Doc. 22734-5, Depo. Tr. at 49:9-21.
[4] *See* Ex. 4 to the Knauf Defendants' Memorandum in Support of Motion for Summary Judgment, Doc. 22734-5, Depo. Tr. at 27:18-28:25.
[5] *See* Ex. 4 to the Knauf Defendants' Memorandum in Support of Motion for Summary Judgment, Doc. 22734-5, Depo. Tr. at 39:17-40:1

### C. No Post-Sale Duty to Warn Prevented the Statute of Limitations From Running

Mr. Pierre also argues in his opposition that the Knauf Defendants had a "post-sale duty to warn" consumers and homeowners of risks associated with the drywall they manufactured, and therefore "a genuine issue of material fact exists regarding the notice that might have started the running" of the statue of limitations. Opp. at pp. 15-19. Here again, this argument simply does not apply to Mr. Pierre, who testified that **he** knew of the dangers associated with Chinese-manufactured drywall by at least 2011.[6] Whether the Knauf Defendants had a post-sale duty to warn is irrelevant in light of Mr. Pierre's actual knowledge. *See Pittman v. Volusia Cnty.*, 380 So. 2d 1192, 1193 (Fla. Dist. Ct. App. 1980) (recognizing a "discharge" of the duty to warn if a plaintiff has actual knowledge of a risk).

### D. *American Pipe*/Equitable Tolling Does Not Apply

Mr. Pierre's claims are also not saved by *American Pipe*/equitable tolling, because *American Pipe* tolling does not apply for subsequent class actions like the *Bennett* action. The Supreme Court confirmed in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018) that *American Pipe* does not toll class actions like the *Bennett* class action. Justice Ginsburg, writing for the Court in *Resh*, plainly held that "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action."[7] The Court explained that the *American Pipe* line of cases focused on "putative class members who wish to sue individually

---

[6] *See* Ex. 4 to the Knauf Defendants' Memorandum in Support of Motion for Summary Judgment, Doc. 22734-5, Depo. Tr. at 39:17-40:1.

[7] *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018).

after a class-certification denial," but did not "so much as hint[] that tolling extends to otherwise time-barred class claims."[8]

This is not a case where a putative class member is seeking to sue individually after a class-certification denial. Rather, Mr. Pierre is arguing that he should be allowed to piggyback on the Knauf Settlement Class up until the February 7, 2013 final approval date. However, Mr. Pierre was not a member of the Knauf Settlement Class. The Knauf Settlement Class was defined as "[A]ll persons or entities who as of December 9, 2011 filed a lawsuit in the Litigation as a named plaintiff (i.e., not an absent class member)…." By definition, Mr. Pierre is excluded from this class and cannot benefit from any tolling. Mr. Pierre's situation is therefore completely different than the issue previously ruled on by this Court dealing with the Taishan entities. Rec. Doc. 22124. In this Court's March 6, 2019 ruling, it limited tolling to only *Brooke* plaintiffs who were members of the previously filed and certified *Amorin* class. Rec. Doc. 22124, p. 22. No such situation exists here. Finally, even assuming that Plaintiff identified a first class action, class action tolling does not automatically apply in diversity cases and Florida does not accept cross jurisdictional tolling.[9]

*American Pipe*/equitable tolling does not apply, and Mr. Pierre's claims are time barred.[10]

---

[8] *Id.* The Court concluded that it would be inefficient to allow "maintenance of untimely successive class actions"; instead, "any additional class filings should be made early on, soon after the commencement of the first action seeking class certification" because "efficiency favors early assertion of competing class representative claims. *Id.* at 1811. Indeed, any assertion that the class claims were tolled would lead to inefficiency and a lack of repose because it "would allow the statute of limitations to be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation." *Id.* at 1808. The Court noted that if accepted, "the time for filing successive class suits, if tolling were allowed, could be limitless." *Id.* at 1809.

[9] *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.*, 892 F. Supp. 794, 805 (E.D. La. 1995). *See also Becnel v. Deutche Bank, A.G.*, 507 F. App'x 71, 73 (2d Cir. 2013) (considering Florida law and explaining that Florida does not allow for cross-jurisdictional tolling).

[10] Further, tolling applies when class certification is denied, and Plaintiff has not provided any date, event, or action where certification of a class was denied by which they are afforded the benefits of tolling. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (*citing Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). Also, to the extent Plaintiff relies on another subsequent, unknown class action, courts have uniformly held that *American Pipe* operates only with respect to the first class action filed for a specific controversy. *Salazar-Calderon v. Presido Valley Farmers Ass'n*, 765 F.2d 1334, 1350 (5th Cir. 1985)

**E.     Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants on Loss of Use and Personal Property Damage**

As the moving party and the party who does not bear the burden of proof at trial on Mr. Pierre's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that Mr. Pierre failed to provide any documents and competent evidence to support his loss of use and personal property damage claims. Therefore, the burden shifted to Mr. Pierre to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

Mr. Pierre did not meet this burden. Mr. Pierre's opposition cites to **no** evidence showing a genuine dispute as to either of those damage claims. Instead, Mr. Pierre raises only legal

---

("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any.").

argument as to when a loss of use claim applies, but he does not provide any evidence beyond the one paragraph statement attached to his Supplemental Plaintiff Profile Form that his damages are based on "past verdicts", which, as the Knauf Defendants pointed out in their original brief, Mr. Pierre testified he does not know anything about. And as to his personal property damage claims, the opposition again misstates facts—that the value of his personal property is based on "a variety of sources such as receipts, invoices, internet research or memory," when in fact Mr. Pierre testified that some of the amounts listed for his personal property damage are merely "guess[es]" or "estimate[s]."[11] Mr. Pierre's loss of use and personal property damage claims are wholly unsupported and must be dismissed.

## CONCLUSION

For these reasons, and for the reasons set forth in the Motion, Mr. Pierre's claims against the Knauf Defendants should be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0275
Email:          kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

---

[11] Ex. 1, Depo. Tr., at 53:25-54:8; 52:8-14.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 15th day of January, 2020.

                                                    /s/ *Kerry J. Miller*
                                                  **KERRY J. MILLER**