UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

## PLAINTIFFS' REPLY TO DEFENDANT KNAUF'S PARTIAL OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE REPLY/RESPONSE (R. DOC. 22467)

Plaintiffs have sought an extension to file response/oppositions to 17 of Defendants' 30 case-specific motions seeking dismissal of certain individual Plaintiff's claims. Thus far, the undersigned has filed 13 responses and intends to file a response in the remainder.

Counsel for the Defendants is correct that a 21-day extension was not specifically discussed during an email exchange late on Friday, January 10, 2020. The undersigned made it clear that an extension was being sought for time to respond and Defense Counsel did express a desire to have all remaining responses (the 17 subject to the extension request) on file with the Court in time for a hearing in mid-February.

After interacting with Defense Counsel late on Friday, January 10, 2020, the undersigned consulted the local rules of this Court for guidance regarding form, requirements, and limitations of an extension request. The Local Civil Rules of the United States District Court for the Eastern District of Louisiana (effective December 3, 2018) states:

> Upon certification by a moving party that there has been no previous extension of time to plead and that the opposing party has not filed in the record an objection to an extension of time, on ex parte motion and order, the court must allow one extension for a period of 21 days from the time the pleading would

> otherwise be due. Further extensions will not be granted by stipulation, but only upon motion and order of the court for good cause shown. [Amended June 28, 2002; February 1, 2011].

**LR 7.8 Extension of Time to Plead**

Certification was provided in the original motion that no previous extension of time had been requested to respond to the motions identified. And, although the exact length of the extension was not discussed, it was the understanding that Defense Counsel did not object to an extension which is usually the professional courtesy extended. Obviously, that courtesy was not intended in this instance.

Defense Counsel's expressed a desire for the undersigned to stipulate to a date-certain for oral arguments as a condition for not opposing the extension, but this is not in the parties' control. It is this Court's prerogative to set the hearing date and time for these motions. That is precisely why the proposed order leaves the date and time blank - for the Court to manage its calendar and exercise its discretion in scheduling.

In its partial opposition, Defense counsel has indicated that certain motions were filed in November of 2019. Although this may be technically true, it is misleading because the undersigned was not served with any dispositive motion at issue in this extension request until December 11, 2019. This is at least the third time during the pendency of this action that Counsel for the Defendants has filed a document into the Court's record via CM/ECF without serving Plaintiff's Counsel through Lexis or electronically by other means. As the Court is aware, only a limited number of attorneys are able to register for service via CM/ECF in MDL-2047 and the undersigned is not one of them.

Defense Counsel has also indicated his desire to prioritize some of the Louisiana-related motions during this stage, but there has not been a briefing schedule established that would identify any claims as a "priority." And, it was not until today that Defense Counsel considered

some claims a "priority."  It is expected that responses to the remaining 17 motions will occur within the 21-day extension being sought and all motions are expected to be heard by this Court prior to remand; therefore, it's unclear why Defense Counsel is motivated to oppose four of the motions (Rec. Docs. 22368, 22369, 22375 and 22376).

Given the timing of service, the lack of a briefing schedule or identification of the four motions as "priority," and the certification that no extension has been previously sought , Plaintiffs urge the Court to handle the extension request in the same manner for all remaining responses – and grant the 21 day extension request as the Local Rules provide.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiffs' Reply to Defendant Knauf's Partial Opposition to Motion For Extension of Time to File Reply/Response (R.Doc.22467) has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 15th day of January, 2020.

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC