UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| **THIS DOCUMENT RELATES TO:**<br><br>*Amorin, et al. v. Taishan Gypsum Co., Ltd., et al.*, Case No. 11-cv-1395<br><br>*Brooke et al. v. State-Owned Assets Supervision and Administration Commission of the State Council, et al.*, Case No. 15-cv-4127 | |

**DEFENDANT TAISHAN'S RESPONSE TO
LETTER OF FLORIDA PLAINTIFF MARY ESCUDIE
PER COURT'S JANUARY 13, 2020 ORDER**

Taishan responds to the post-Fairness Hearing correspondence submitted to the Court by Mary Escudie (the "Escudie Letter" [Rec. Doc. No. 22461]), an *Amorin* plaintiff whose claim was remanded to the Southern District of Florida in August 2018. (Rec. Doc. No. 21642). Some of the factual representations in the Escudie Letter merit clarification or correction.

First, Ms. Escudie stated that she did not learn of her exclusion from the Class Settlement until after she had rejected her opportunity to participate in the separate Florida Individual Settlement. But, as shown below, Ms. Escudie was on notice of her exclusion from the Class Settlement by at least August 29, 2019. Yet her offer to accept the Florida Individual Settlement remained open until November 20, 2019 – a period of nearly three months. While Taishan has not been privy to specific communications between Ms. Escudie and her attorneys, the following objective events put Ms. Escudie's situation in a more concrete context by shedding light on when certain information became available to her:

- **August 6, 2018** – Remand of Florida *Amorin* claims to Southern District of Florida (Rec. Doc. No. 21642)

- **March 6, 2019** - Taishan entered into a Settlement Agreement and Release ("Florida Individual Settlement") extending individual offers to 498 Florida *Amorin* plaintiffs (Rec. Doc. No. 22126-1 at 5)

- **March 19, 2019** – Judge Marcia Cooke entered a stay of "execution" of the Florida Individual Settlement pending judicial review (S.D. Fla. Rec. Doc. No. 196)

- **May 23, 2019** – Taishan entered into a Term Sheet for a proposed Class Settlement excluding 498 plaintiffs eligible for the Florida Individual Settlement (Class Counsel Declaration at ¶ 23, Rec. Doc. No. 22397-5)

- **June 6, 2019** – Judge Cooke entered an Order regarding the Florida Individual Settlement:

    - Judge Cooke found, after review of notices sent to the 498 plaintiffs (including Ms. Escudie) about the Florida Individual Settlement, that the notices "provided enough information to allow plaintiffs to determine whether to settle their individual claims or proceed in this case" (S.D. Fla. Rec. Doc. No. 313)

    - Judge Cooke lifted the stay of execution of the Florida Individual Settlement (*Id.*)

- **August 29, 2019** – The Settlement Class Notice Period commenced upon this Court's preliminary approval of the Settlement Class, which excluded 498 plaintiffs (including Ms. Escudie) by name

    - The Class Settlement Website (www.ChineseDrywallSettlement.com) posted the Settlement Class definition showing exclusion of 498 Plaintiffs (including Ms. Escudie) by name

    - The Class Settlement Notice attached to the Escudie Letter provides, under the heading "How do I know if I am included in the Settlement Class?", the following information: "Excluded from the Class are (1) Plaintiffs listed on Exhibit 1 to the Settlement Agreement (Exhibit 1 lists 498 Plaintiffs who are included in a separate settlement agreement with Taishan) . . . ." (Rec. Doc. No. 22461 at 5). The Notice directs readers to the full settlement agreement available on the Class Settlement Website. (*Id.* at 4).

- **November 20, 2019** – Final deadline for acceptances of Florida Individual Settlement by 498 Plaintiffs

- **November 27, 2019** – Deadline for opt-outs and objections to Class Settlement

2

Therefore, Ms. Escudie had the opportunity to settle through the Florida Individual Settlement for three months after it was publicized that the 498 plaintiffs eligible for that settlement were not eligible for the Class Settlement.

Ms. Escudie requests that this Court require "Taishan and Parker Waichman [to] honor the Allocation Model [of the Class Settlement] and settle on those figures in the side deal." (Rec. Doc. 22461 at 3). Yet that is the exact deal that Ms. Escudie *declined* to accept after months of an open offer extension. The original Florida Individual Settlement included a Most Favored Nation ("MFN") provision that was negotiated specifically to provide economic protection for the 498 plaintiffs in the event that Taishan negotiated subsequent settlement agreements with other plaintiffs on better economic terms. (Rec. Doc. No. Rec. Doc. No. 22126-1 at Exhibit B (filed under seal)). That MFN provision obligated Taishan to pay participants in the Florida Individual Settlement a "make whole" payment in the event that Taishan later settled with similarly situated other plaintiffs on terms more favorable than the Florida Individual Settlement by a factor of 110% or more. (*See id.*). That MFN term was demanded by Ms. Escudie's lawyers in contemplation of exactly what happened in this case: the remainder of the plaintiffs entered into a subsequent settlement agreement on different terms from the Florida Individual Settlement.

The MFN provision, had Ms. Escudie exercised her right to accept it, would have guaranteed that Ms. Escudie would be paid as much as similarly situated plaintiffs who participated in the Class Settlement. Contrary to Ms. Escudie's letter, she would not have had to "attempt to collect on the difference" or pursue "collectability" on that MFN payment. (Rec. Doc. No. 22461 at 3 (emphasis in original)). It was a contractual right that would be calculated and paid automatically, and would not require any litigation or adjudication. (*See* Rec. Doc. No. Rec. Doc. No. 22126-1 at Exhibit B (filed under seal)).

Ms. Escudie's letter refers to a "second offer" that came "a few months" after her initial Florida Individual Settlement offer. That is likely a reference to a subsequent offer that Taishan made to the 498 plaintiffs following negotiation of the Class Settlement – namely, the "MFN Buyout Amendment." That new offer gave the 498 plaintiffs the option to "buy out" the MFN provision by agreeing to a fixed, accelerated additional payment without the uncertainty and delay of waiting for Final Approval of the Class Settlement and the ultimate allocation and distribution of Class Settlement proceeds (before which, the original MFN calculation cannot be made). Thus, the 498 plaintiffs had the option to stick with the original terms of the Florida Individual Settlement and wait an indefinite amount of time to receive an indefinite "make whole" payment under the original MFN term, or alternatively, accept the MFN Buyout Amendment and receive a sum certain no later than January 2020. All but two of the 497 participants in the Florida Individual Settlements also accepted the MFN Buyout Amendment. The two who did not accept the MFN Buyout Amendment chose to wait for the calculation of the "make whole" payment under the original MFN term, as was their right. Even without accepting the MFN Buyout Amendment, however, those two plaintiffs have settled their claims with Taishan under the original Florida Individual Settlement, and are simply waiting for their MFN "make whole" payment to be calculated and paid (which must occur after allocation and distribution of the Class Settlement proceeds).

Ms. Escudie declined to accept both the original Florida Individual Settlement Offer *and* the MFN Buyout Amendment. She was the only one of the 498 Plaintiffs to do so. Ms. Escudie's letter disputes that she was the "only hold out" amongst the 498 Plaintiffs who received a Florida Individual Settlement offer. In fact, 497 Plaintiffs accepted the Florida Individual Settlements and 495 of those also accepted the MFN Buyout amendment.

Dated: Jan. 16, 2020

Respectfully submitted,

/s Christina Hull Eikhoff
Michael P. Kenny, Esq.
Georgia Bar No. 415064
Bernard Taylor, Esq.
Georgia Bar No. 669625
Christina Hull Eikhoff, Esq.
Georgia Bar No. 242539
David Venderbush, Esq.
New York Bar No. 2920817
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
christy.eikhoff@alston.com
*Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

Alan Dean Weinberger
LA Bar No. 13331
HANGARTNER, RYDBERG & TERRELL, LLC
One Shell Square
701 Poydras St., Suite 310
New Orleans, Louisiana 70179
Phone: (504) 434-6815
Fax: (504) 522-5689
aweinberger@hanrylaw.com
*Local Counsel for Taishan Gypsum Co., Ltd. And Tai'an Taishan Plasterboard Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Submission has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 16th day of January, 2020.

<u>/s Michael P. Kenny</u>
Michael P. Kenny, Esq.
Georgia Bar No. 415064
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
mike.kenny@alston.com

*Counsel for Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd.*