**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

**SETTLEMENT CLASS COUNSEL'S RESPONSE TO
CORRESPONDENCE OF MARY ESCUDIE PURSUANT
TO ORDER DATED JANUARY 13, 2020 [REC. DOC. 22461]**

Settlement Class Counsel have reviewed the correspondence of Mary Escudie to the Court, docketed at Rec. Doc. 22461, and respond as follows pursuant to the Court's Order dated January 13, 2020:

The Class Settlement with Taishan Gypsum expressly excludes 498 *Amorin* Plaintiffs with Affected Properties in Florida, who were offered a separate settlement by Defendant (the "Faircloth settlement") in or about March 2019.[1] Mary Escudie, who is represented by counsel Parker Waichman LLP and Jimmy Faircloth, is included in the group of Plaintiffs who are not Class Members according to the definition of the Settlement Class.[2] As a non-Class Member, Ms. Escudie has no standing to challenge the Settlement. *See In re Oil Spill by the Oil Rig Deepwater Horizon*, 910 F. Supp. 2d 891, 941 (E.D. La. 2012), *aff'd*, 739 F.3d 790 (5th Cir. 2014), *rehearing en banc denied*, 756 F.3d 320 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 734 (2014) (citing *Transamerican Refining Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992)); *Agretti v. ANR*

---

[1] *See* Class Settlement Agreement [Rec. Doc. 22305-2], at Section 1.1.1 and Exhibit 1 thereto; *see also* Preliminary Approval Order [Rec. Doc. 22314], at ¶ 3.

[2] *See* Settlement Agreement [Rec. Doc. 22305-2], at Page 52 of 105 (Row 377).

*Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992); *In re Vioxx Prods. Liab. Litig.*, 388 Fed. Appx. 391, 395 (5th Cir. 2010) (per curiam). The reason for this is because Plaintiffs falling outside the Settlement Class are entirely unaffected by the Settlement, and thus lack standing to challenge it. *Deepwater Horizon*, 910 F.Supp.2d at 941 (citing *Feder v. Electronic Data Systems Corp.*, 248 Fed. Appx. 579, 580 (5th Cir. 2007)); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir.1989); William B. Rubenstein, 4 Newberg On Class Actions § 13:22 (5th ed.). On this basis alone, the objection should be denied. *Feder*, 248 Fed. Appx. at 580 ("Because [the objector] did not prove his membership in the class, he lacks standing to object. We dismiss without reaching the merits of his claim.").

In this case, Ms. Escudie's objection does not challenge the Settlement itself but rather the fact that she was excluded from the Settlement Class even though she was an *Amorin* Class Member. However, a district court has the authority to modify a class definition at different stages in litigation. *In re Motorola*, 644 F.3d 511, 518 (7th Cir. 2011) (citing *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) (noting that judges and litigants regularly modify class definitions); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (courts have broad powers to modify class definitions); 32B Am. Jur. 2d Federal Courts § 1601 (2007)). Further, the litigants themselves are free to modify a class *via* a court-approved settlement agreement. *See, e.g.*, *Mehling v. N.Y. Life Ins. Co.*, 246 F.R.D. 467, 473-74 (E.D. Pa. 2007) (approving a settlement that modified the class definition). *See also*, *e.g.*, *In re Enron*, 228 F.R.D. 541, 554 (S.D. Tex. 2005) (the court retains the authority to modify the class definition even after certification) (citing, Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment"); *Buycks-Roberson v. Citibank*

*Federal Savings Bank*, 162 F.R.D. 322, 328-29 (N.D. Ill. 1995) ("This Court retains the power to modify the class definition at any time before a final judgment on the merits").

Ms. Escudie's request to be added to the Revised Master Spreadsheet[3] is problematic for several reasons.

1.     When the parties appeared in the remand court in Florida for the first time in the summer of 2018 to prosecute approximately 1,700 Florida *Amorin* Plaintiffs' claims, Mr. Faircloth made clear to Judge Cooke that Patrick Montoya and the Plaintiffs' Steering Committee had "no authority to speak for Parker Waichman's clients."[4] Thereafter, Mr. Faircloth negotiated the separate settlement with Taishan on behalf of Ms. Escudie and Parker Waichman's other Florida *Amorin* clients, as well as the Florida *Amorin* clients of additional Settling Counsel.[5] This occurred prior to the negotiation of the Class Settlement in May 2019.[6] Consistent with their prior position, Ms. Escudie's attorneys filed an objection to Class Counsel's Notice of Mediation of the Class Settlement "and any resulting mediation implicating the rights of Parker Waichman's clients under the settlement offer made by the Taishan entities."[7]

2.     Class Counsel negotiated the Class Settlement on behalf of all *Amorin* Plaintiffs except for the 498 Plaintiffs who were offered the separate settlement by Taishan, all *Brooke*

---

[3] Alternatively, Ms. Escudie asks that Taishan and her counsel offer her more money in connection with the separate Faircloth settlement with Taishan so that she can recoup what she otherwise might have been entitled to had she not been excluded from the Class, based on the Allocation Model approved by the Court.

[4] *See* Transcript of Status Conf. before Judge Cooke dated 7/13/2018 (FLSD ECF No. 40) (attached hereto as Exhibit "A"), at 22.

[5] *See* Motion to Lift PTO 32, filed by Jimmy Faircloth, Parker Waichman, and other Settling Attorneys, including Levin Papantonio; Mrachek, Fitzgerald *et al*.; Roberts & Durkee/Milstein Adelman; and Whitfield Bryson & Mason [Rec. Doc. 22126].

[6] *See id.*

[7] Notice of Objection to Mediation (FLSD ECF No. 239) [Rec. Doc. 22397-30], at 1.

Plaintiffs, and absent Class Members. Importantly, the value of the claims of the 498 excluded *Amorin* Plaintiffs were <u>not</u> considered by the parties in the negotiations of the Class Settlement amount. This was based, in part, on the fact that Mr. Faircloth, who was present during[8] (but did not participate in) the Class Settlement negotiations, had objected to any mediation by Class Counsel of a settlement "impacting the rights of Parker Waichman's clients."[9]

3.     The exclusion of the 498 Florida *Amorin* Plaintiffs from the Class Settlement was not prejudicial to them since their separate settlement with Taishan contained a Most Favored Nations ("MFN") clause that was intended to provide additional monies to these Plaintiffs in the event of a subsequent settlement by Taishan. And, in fact, through the MFN, the Class Settlement has conferred substantial additional benefits -- exceeding $12.8 million in the aggregate -- on the Plaintiffs who are included in the Faircloth settlement. The additional payments by Taishan represent a 46.4% increase in their recovery.[10]

4.     The fact that Ms. Escudie rejected the separate settlement offer by Taishan, which included the MFN provision, does not provide valid grounds to amend the Class definition in order to include this Plaintiff in the Class Settlement. No other excluded Plaintiff has been given an opportunity to be added to the Revised Master Spreadsheet after the close of the opt-out/objection period. The court-authorized Class Notice explained to Class Members that the 498 Florida *Amorin* Plaintiffs were expressly excluded from the Class and from the calculus of gross estimated

---

[8] In fact, Mr. Faircloth signed the attendance sheet for the mediation on behalf of the 498 excluded Florida *Amorin* Plaintiffs.

[9] *Id.*

[10] *See* Reply in Support of Class Counsel's Motion for an Award of Common Benefit Costs and/or Fees out of the Proceeds of the Florida Individual Settlement and Supplemental Declaration of Sandra L. Duggan [Rec. Doc. 22341].

recoveries that Class Members would receive if they chose to remain in the Settlement. Over 99% of the Class has opted to receive Settlement benefits rather than exclude themselves from the Settlement and pursue litigation on their own. Given the fixed Settlement Fund, any payment to Ms. Escudie from the Settlement Fund would necessarily reduce all other Class Members' recovery, even if only incrementally. Moreover, the inclusion of Ms. Escudie in the Class Settlement at this point would open the door for other excluded Plaintiffs, who may regret their decision to accept the separate settlement offer of Taishan, to seek inclusion in the Class Settlement, which would adversely affect the Class and delay payments to them.

5.       Finally, despite her exclusion from the Class Settlement, Ms. Escudie's case will proceed before Judge Cooke in the Southern District of Florida. The remand court has scheduled a status conference on February 26, 2020, to address Ms. Escudie's claims and the claims of the three opt-out Florida *Amorin* Plaintiffs.[11] Thus, Ms. Escudie is not prejudiced.

Accordingly, the objection of Ms. Escudie should be denied.

Respectfully submitted,

Dated:  January 16, 2020                          By: */s/ Stephen J. Herman*
                                                  Russ M. Herman (Bar No. 6819)
                                                  Leonard A. Davis (Bar No. 14190)
                                                  Stephen J. Herman (Bar No. 23129)
                                                  Herman, Herman & Katz, LLC
                                                  820 O'Keefe Avenue
                                                  New Orleans, LA 70113
                                                  Phone: (504) 581-4892
                                                  Fax: (504) 561-6024
                                                  SHerman@hhklawfim.com
                                                  *Plaintiffs' Liaison Counsel MDL 2047 and*
                                                  *Settlement Class Counsel*

---

[11] Notice of Hearing [FLSD ECF No. 367].

Arnold Levin
Fred S. Longer
Sandra L. Duggan
Keith Verrier
Levin Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone:  (215) 592-1500
Fax:  (215) 592-4663
alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047 and Settlement
Class Counsel*

Patrick Shanan Montoya
Fla. Bar No. 0524441
Patrick@colson.com
Colson Hicks Eidson
255 Alhambra Circle, PH
Coral Gables, FL  33134-2351
Phone:  (305) 476-7400
Fax:  (305) 476-7444
*Plaintiffs' Steering Committee MDL 2047 and
Settlement Class Counsel*

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
Phone:  (757) 233-0009
Fax:  (757) 233-0455
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and
Settlement Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, **as well as providing a copy to Mary Escudie via e-mail and certified mail, return receipt requested, and to her known counsel of record Jimmy Faircloth, via e-mail,** on this 16th day of January, 2020.

/s/ Stephen J. Herman
Stephen J. Herman
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
sherman@hhklawfirm.com

7