UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
<u>ON CLAIMS ASSERTED BY SKYLINE LLC</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Skyline LLC against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1]

First, Plaintiff has not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants. Second, Plaintiff's Exhibit F should be stricken and disregarded because it contains inappropriate evidence never before produced in this action. Third, regardless of the inclusion/exclusion of the untimely evidence, Plaintiff failed to dispute non-compliance with the

---

[1] At the outset, Plaintiffs have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations. Moreover, causation will be an issue at trial. Also, Plaintiff raises issues regarding statute of limitations and tolling, which the Knauf Defendants have not raised as to Skyline's claims.

applicable pretrial orders, and dismissal is otherwise appropriate because Plaintiff cannot establish how much, if any, KPT drywall was/is in the Property. Fourth, Plaintiff claims are barred based on its assumption of risk when it knew or should have known of Chinese drywall in the Property and purchased the Property "as-is." Finally, there is no post-sale duty to warn and Plaintiff is not allowed to raise new claims at this point.

### A. Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants.

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that Plaintiff never provided evidence in support of remediation damages, diminution in value claim as required under Florida law,[2] and or claims for personal property, loss of use, lost rent, and alternative living expenses.[3] Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent

---

[2] *See* Exhibit A to Motion for Summary Judgment (R. Doc. 22407-2 at p. 15). Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

[3] *Id*. at 11-20; 34, 56-7.

summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

First, Plaintiff asserted claims in their submissions for diminution in value, loss of use, alternative living expenses, and lost rent. Plaintiffs have never provided any evidence in support of a diminution in value claim as required under Florida law. Furthermore, Plaintiff failed to provide any documents and competent evidence to support claims for loss of use, lost rent, and alternative living expenses  or to contradict the Knauf Defendants' motion. Indeed, in opposition, and without pointing to any evidence, Plaintiff raises unsupported conjecture without providing or pointing to any competent evidence to dispute summary judgment. Plaintiff likewise fails to provide any support or evidence that it was deprived of the use of their Property.[4]

Finally,  Plaintiff failed to timely assert any support for remediations costs.  The untimely supporting remediation costs submitted as Exhibit F in Plaintiff's Opposition should be stricken from the record and disregarded by this Court as set forth *infra*, Section B.

### B.     Plaintiff's Exhibit F Should be Stricken and Disregarded as Untimely.

Plaintiffs' Exhibit F contains remediation cost information and five photographs of alleged KPT boards which were never produced or provided to the Knauf Defendants until the filing of Plaintiffs' opposition.  The delayed disclosure, though without foundation, support, or compliance with pretrial orders, should be stricken from the record as it does not comply with this Court's

---

[4] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl*., 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985).

previous discovery orders, Plaintiff provides no explanation for the untimely submission, and the submission is prejudicial to the Knauf Defendants' defenses and after the conclusion of fact discovery.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery the court may issue orders, including striking the pleadings in whole or in part or dismissing the action or proceeding in whole or in part. *See also Terrance v. Pointe Coupee Parish Police Jury*, 177 Fed. App'x 457, 459 (5th Cir.2006) (holding that the district court did not abuse its discretion in excluding evidence because the plaintiffs failed to provide a reason for the late disclosure, failed to identify the importance of the testimony, and failed to file an objection to the motion); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999) (holding that the district court did not abuse its discretion in excluding evidence because the plaintiffs provided no explanation for their delay). Furthermore, Rule 37 provides that a party cannot use documents "on a motion, at a hearing, or at a trial" if requested documents have not been previously disclosed. *Tex. A & M Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401-02 (5th Cir. 2003). Finally, this court "has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013 (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted).

Here, the delayed disclosure disregards this Court's prior discovery orders and flies in the face of years-long discovery and deadlines. The Knauf Defendants have tried to obtain documents and evidence from Plaintiffs for some time now. Indeed, in conducting discovery in this MDL and in *Bennett*, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth

full and complete answers and documents regarding the claims and damage amounts sought by all Bennett Plaintiffs. In April 2, 2019, after the Knauf Defendants moved to dismiss/strike claims for Plaintiffs' failure to provide complete responses and provide documentation in support of their claims, the Court directed the parties to move towards plaintiff depositions and directed the parties to file any necessary motions if supplemental documents were or were not produced (Rec. Doc. 22227). Furthermore, the Court ordered that Plaintiffs provide the requested documentation within twenty-one (21) days of the deposition.[5] For the rest of the year and through the end of fact discovery on December 31, 2019, the Knauf Defendants set and took depositions and repeatedly requested the missing documentation through the approved plaintiff forms, Rule 30 requests, and orally at the depositions. It is undisputed that Skyline LLC did not provide any KPT evidence in their court-ordered plaintiff submissions to the Knauf Defendants, at the time of the November 18, 2019 deposition, or within twenty-one days of the deposition. The untimely evidence is highly prejudicial as it goes to the Knauf Defendants' central defenses, is produced after the close of fact discovery, Plaintiffs have not provided any reason for the late disclosure other than "recently located and produced," and its importance is irrelevant without any foundation or compliance with the Court's pretrial orders for remediated properties. Therefore, pursuant to this Court's prior discovery orders and Federal Rule 37, the Court should strike Exhibit F from the record and disregard it in determining the Knauf Defendants' motion.

C. **Plaintiffs Failed to Preserve and Present Evidence under the Applicable Pretrial Orders, and Otherwise Cannot Establish How Much, If Any, KPT Drywall Is/Was in the Property.**

Plaintiff focuses on "spoliation" in terms of the Knauf Defendants pretrial order compliance arguments. While Plaintiffs' are correct that Plaintiffs have engaged in spoliation of

---

[5] R. Doc. 22409 (Ordering production of documents requested within 21 days of the deposition).

evidence, Plaintiffs completely ignore and fail to address the issue of failure to comply with this Court's pretrial orders and failure to provide competent evidence to establish a genuine issue of fact.

First, it is undisputed that PTO 1 applies to Skyline's claims. Second, it is undisputed that Plaintiff failed to timely provide any timely KPT evidence and the untimely evidence produced fails to comply with the requirements of PTO 1, PTO 1(B), or PTO 1(I).[6] Furthermore, Plaintiffs have not provided any support to contradict that this Court has the discretion to dismiss claims for failing to comply with pretrial orders, particularly when compliance involves a necessary element to meet a plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore*, 725 F.3d at 315 (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I) results in prejudice to the defendants because without compliance, a plaintiff cannot establish how much, if any, drywall of a particular manufacturer was or was not installed in the property.[7]

Finally, aside from the applicability and appropriateness to dismiss based on non-compliance with the Pretrial Orders, Plaintiffs still cannot meet their burden based on the evidence preserved and presented. Indeed, in light of the undisputed fact there are other manufacturers of defective Chinese drywall, this Court has previously determined that when a Plaintiff fails to

---

[6] Plaintiff asserts only that Knauf drywall was located inside the Property and that samples were retained. It was Plaintiffs' obligation to present all KPT evidence with their submissions. Plaintiff never provided any photographs of the alleged samples that were retained before, at or following the deposition. A

[7] Rec. Doc. 20930 and Rec. Doc. 20933.

preserve and present evidence as set forth in the pretrial orders, a claimant cannot establish product ID and a KPT percentage.[8] As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out the failure to comply with PTO 1 and failure to prove product ID and a KPT percentage. Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.*, 660 F. App'x 290, 291 (5th Cir. 2016). It was undisputed in Plaintiff's Opposition that Plaintiffs' failed to comply with pretrial orders, and therefore Plaintiff cannot come forward with appropriate and competent evidence to meet its burden. Therefore, from a summary judgment standpoint, and based on the Court's prior rulings that a claimant cannot meet their burden with such evidence, summary judgment is appropriate.[9]

**D.     Plaintiff Assumed the Risk of Chinese Drywall by knowingly and voluntarily purchasing the Property "As-Is" under the circumstances.**

There is no genuine issue of material fact, and Plaintiff's claims are barred because it assumed the risk of Chinese drywall by knowingly and voluntarily purchasing the Property "as-is" under the circumstances.

The affirmative defense version of the assumption of risk doctrine precludes recovery where a plaintiff voluntarily and unreasonably exposes herself to a known risk, albeit a risk created by a defendant's negligence. *Blackburn v. Dorta*, 348 So.2d 287 (Fla.1977).   Here, the facts are

---

[8] Rec. Doc. 20930 and Rec. Doc. 20933.
[9] Though irrelevant, Plaintiff raises an issue regarding post-sale duty to warn in its arguments regarding compliance with PTO 1. Though irrelevant to compliance and ability to establish product ID and percentage, the Knauf Defendants address the post-sale duty to warn arguments *infra*, Section E

undisputed.  Plaintiff was aware the Property was built in 2006 and bought the Property in 2018 following foreclosure. Being in the residential and construction industry in South Florida, Skyline was aware in general about Chinese-drywall in properties built in 2006 and 2007 during the construction boom and saw the issue of Chinese drywall on the news prior to the sale of the Property.  Still Skyline never viewed the Property, never inspected the Property, never conducted a Chinese-drywall inspection and purchased the Property without receiving any property disclosures. Skyline purchased the Property following a calculation of the market value of the Property and an amount it was willing to bid to account for the calculated risk it was taking. Notwithstanding the knowledge of the existence of Chinese drywall, having no disclosures, no visual inspection, and no Chinese-drywall inspection, Skyline went forward and closed on the Property and purchased it "as-is."  Skyline also did so despite Skyline's understanding that the market value of the Property prior to purchasing was significantly higher than the amount it bid at the auction.  This Court has cautioned that when a property owner purchases property in areas known to have the possibility of Chinese drywall they are assuming a risk without conducting a Chinese drywall inspection. Rec. Doc. 20934.   For these reasons alone, Skyline claims are barred under Florida law.

     Plaintiff further argues that a risk should not be borne by a purchaser in an "as-is" sale if that specific risk was not known to the purchaser. If true, this proposition would undermine the purpose of an "as-is" sale by making the seller bear the burden of the purchaser's willful blindness such that the less the purchaser knew, the more risk the seller would bear. This is not the case— the purchaser bears the risk. Here, as admitted in Plaintiff's opposition, Plaintiff never viewed the Property. Further, there were no inspections or disclosures. Plaintiff chose to purchase the Property subject to this limited amount of information. Plaintiff chose to accept the risks attendant with this

lack of information, and Plaintiff assumed the risk inherent in the purchase—including the possibility that the Property contained Chinese drywall. For these reasons, Plaintiff's claims are barred under Florida law.

Finally, as set forth *infra*, Section E, Defendants had no duty to give notice and even if a duty to give notice existed, proper notice was given.

### E.     Plaintiff's Arguments Concerning a Post-Sale Duty to Warn Fail

In an effort to circumvent his discovery obligations and the limitations period discussed above, Plaintiff argues that the Knauf Defendants should be "equitably estopped" from raising documentation issues because the Knauf Defendants allegedly failed to warn Plaintiff of defective drywall after a post-sale duty to warn arose. Not only is the Fifth Amended Complaint devoid of any such allegation, but Plaintiff has not shown and cannot now show that any such duty arose as to him specifically or that the Knauf Defendants breached any such duty.

Preliminarily, the Fifth Amended Class Action Complaint is completely silent on any alleged breach by the Knauf Defendants of a post-sale duty to warn. (*See generally* Doc. 21334). Even more, in arguing that the defects in the drywall were "latent," Plaintiff directly contradicts the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases." (*See, e.g.*, *id.*, ¶¶ 23, 25, 27, 31). Plaintiff cannot use his Opposition brief to raise new claims; thus, his "post-sale duty to warn" arguments should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure

8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if the Court were to consider Plaintiff's "post-sale duty-to-warn" argument, Plaintiff's assertions fail on the merits. Florida has applied the formulation of the Restatement (Third) of Torts in determining whether a post-sale duty to warn exists and whether any such post-sale duty has been breached. *See, e.g.*, *Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 905 (Fla. Dist. Ct. App. 2004) (applying the Restatement (Third) of Torts, § 10). As is relevant here, the Restatement (Third) of Torts provides that no post-sale duty arises unless "those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm." *See* Restatement (Third) of Torts, § 10(b)(2)). This Court is very familiar with the complex distribution network that was involved with the distribution of Chinese Drywall throughout the United States. (*See also* Doc. 22463 (conceding in a brief by one of the plaintiffs that "Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States")). The Knauf Defendants in concert with Banner, INEX, the builder/installer defendants and the PSC through various settlement notice programs, made a significant effort to identify and notify the individuals who purchased Chinese Drywall; as to those persons whom the Knauf Defendants were not able to contact regarding Chinese Drywall, Plaintiff has not shown any method by which the Knauf Defendants could have identified and warned Plaintiff. Absent evidence that "those to whom a warning might be provided can be identified," *see id.*, no duty to warn arose as to Plaintiff, and the post-sale duty-to-warn claims fail, *see, e.g.*, *Greater N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 522 (Minn. 2018) (adopting the approach from the Restatement (Third) of Torts

and explaining that no duty to warn arose where the defendant was the first company in a lengthy distribution chain).

Moreover, even if a duty existed, the Knauf Defendants would have satisfied their obligation to warn, and Plaintiff could not demonstrate a breach. As the Court knows (and approved), the Knauf Defendants, along with co-defendants in the distribution chain and the PSC, engaged in a substantial notice campaign in which many ultimate purchasers of Chinese Drywall were located and notified. (*See, e.g.*, Doc. 12138 at 24 (approving of the notice proposal included in the Knauf settlement)). Plaintiff has presented no evidence to show that these notice efforts were unreasonable, and thus these claims should be dismissed. *See, e.g.*, *Robinson v. Brandtjen & Kluge, Inc.*, 500 F.3d 691, 698 (8th Cir. 2007) ("In this case, moreover, there is undisputed evidence that B & K did undertake a post-sale warning campaign…. Whatever the scope of the post-sale duty to warn, it does not extend to warning each individual employee of a company that owns a press some sixty-one years after the sale." (applying the Restatement (Third) of Torts, § 10)).

**F.     Conclusion**

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:             kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**