UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L"<br><br>JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
<u>ON CLAIMS ASSERTED BY DANIEL & SHONA BLONKSY</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Daniel and Shona Blonsky against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1]

First, Plaintiffs have not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants. Second, Plaintiffs failed to dispute non-compliance with the applicable pretrial orders, and dismissal is otherwise appropriate because Plaintiffs cannot establish how

---

[1] At the outset, Plaintiffs have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations. Moreover, causation will be an issue at trial.

much KPT drywall was/is in the Property. Third, there is no post-sale duty to warn and Plaintiffs are not allowed to raise new claims at this point.

A. **Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants.**

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that (1) Plaintiff's own submissions indicated that Plaintiff does not have personal property claims, (2) Plaintiff never provided additional evidence in support of future remediation damages or diminution in value as required under Florida law,[2] and (3) Plaintiff failed to provide any documents and competent evidence to support claims for loss of use, moving costs, and alternative living expenses. Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making

---

[2] Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original). Plaintiff did not meet this burden.

First, Plaintiffs assert personal property claims are an issue for the trier of fact, even though they fail to produce any support. However, Plaintiffs affirmed in submissions they did not have any personal property claims.[3]

Second, without any support, Plaintiffs have not provided support for future remediation damages. Furthermore, Plaintiffs have not provided any facts or evidence to support non-remediation damages. Indeed, Plaintiffs argue that they have a "diminution in value claim." Plaintiffs have never provided any evidence in support of a diminution in value claim as required under Florida law.[4]

Third, Plaintiffs asserted claims in their submissions for loss of use, alternative living expenses, and moving costs. Plaintiffs failed to provide documents and competent evidence to support claims for loss of use, moving costs, and alternative living expenses or to contradict the Knauf Defendants' motion.[5] Indeed, in opposition, and without pointing to any evidence, Plaintiffs raise unsupported conjecture without providing or pointing to any competent evidence to dispute summary judgment. Plaintiffs likewise fail to provide any support or evidence that they were deprived of the use of their Property.[6] Therefore, Plaintiffs' damage claims are wholly unsupported and must be dismissed.

---

[3] R. Doc. 22470-4 at pp. 6, 94.

[4] *See* Exhibit A to Motion for Summary Judgment (R. Doc. 22408-2 at p. 17). Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

[5] Rec. Doc. 22408-2.

[6] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl*., 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not

**B.  Plaintiffs Failed to Preserve and Present Evidence under the Applicable Pretrial Orders, and Otherwise Cannot Establish How Much KPT Drywall Is/Was in the Property.**

Plaintiff focuses on "spoliation" in terms of the Knauf Defendants pretrial order compliance arguments. While Plaintiffs' are correct that Plaintiffs have engaged in spoliation of evidence, Plaintiffs completely ignore and fail to address the issue of failure to comply with this Court's pretrial orders and failure to provide competent evidence to establish a genuine issue of fact.

First, Plaintiffs raise an unsupported argument regarding the applicability of MDL 2047's pretrial orders. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. PTO 1(B) is clear regarding its applicability to claims in MDL 2047, including Plaintiffs' claims:

> ***This Order addresses preservation requirements for those persons or entities*** who (1) were transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of June 15, 2009; (2) ***any tag-along actions subsequently transferred*** to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; (3) all related cases originally filed in this Court or transferred or removed to this Court; (4) ***those persons or entities who intend to or may seek recovery relating to Chinese-manufactured drywall, including putative members of any class action***s; and (5) any subsidiaries and affiliates of all defendants in any such actions. In summary, from this date forward, ***all persons or entities* who have or *who intend*** to pursue a claim relating to allegedly defective Chinese-manufactured drywall and their agents, subsidiaries and affiliates shall preserve the following physical evidence at their own expense, subject to further order by the Court.

PTO 1(I) was issued on January 24, 2012 and this Court reiterated that "Pre-Trial Order No. 1(B) remains in full force and effect." Therefore, notwithstanding Plaintiffs' unsupported argument, Plaintiffs are subject to this Court's pretrial orders.

---

entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985); *see also* Exhibit A to Motion for Summary Judgment (R. Doc. 22435-2 at p. 15).

Second, it is undisputed that Plaintiffs failed to comply with the requirements of PTO 1, PTO 1(B), or PTO 1(I),[7] and Plaintiffs have not provided any support to contradict that this Court has the discretion to dismiss claims for failing to comply with pretrial orders, particularly when compliance involves a necessary element to meet plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore*, 725 F.3d at 315 (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I) results in prejudice to the defendants because without compliance, a plaintiff cannot establish how much, if any, drywall of a particular manufacturer was or was not installed in the property.[8]  Therefore, based on the non-compliance with the applicable pretrial orders and the resulting prejudice to the Knauf Defendants, the Court should dismiss Plaintiffs' claims.

Finally, aside from the applicability and appropriateness to dismiss based on non-compliance with the pretrial orders, Plaintiffs still cannot meet their burden based on the evidence preserved and presented.  Indeed, in light of the undisputed fact there are other manufacturers of defective Chinese drywall, this Court has previously determined that when a Plaintiff fails to preserve and present evidence as set forth in the pretrial orders, a claimant cannot establish product ID and a KPT percentage.  Again, the Knauf Defendants had the burden only to "point out the

---

[7] Plaintiff asserts only that Knauf drywall was located inside the Property and that samples were retained.  It was Plaintiffs' obligation to present all KPT evidence with their submissions.  Plaintiff never provided any photographs of the alleged samples that were retained before, at or following the deposition. Furthermore, as set forth below, it is undisputed that Plaintiffs failed to comply with pretrial orders for preserving and presenting evidence in terms of their remediation.

[8] Rec. Doc. 20930 and Rec. Doc. 20933.

absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out the failure to comply with PTO 1 and failure to prove product ID and a KPT percentage. Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016). To meet this burden, Plaintiffs were required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004). It was undisputed in Plaintiffs' Opposition that Plaintiffs' failed to comply with pretrial orders, Plaintiffs failed to come forward with any other evidence to buttress their claims, and therefore Plaintiff cannot meet their burden. Therefore, from a summary judgment standpoint, and based on the Court's prior rulings that a claimant cannot meet their burden with such evidence,[9] summary judgment is appropriate.

C.     **Plaintiffs' Arguments Concerning a Post-Sale Duty to Warn and Latent Defects Fail.**

In an effort to circumvent his discovery obligations and the limitations period discussed above, Plaintiff argues that the Knauf Defendants should be "equitably estopped" from raising documentation issues because the Knauf Defendants allegedly failed to warn Plaintiff of defective drywall after a post-sale duty to warn arose. Not only is the Fifth Amended Complaint devoid of any such allegation, but Plaintiff has not shown and cannot now show that any such duty arose as to him specifically or that the Knauf Defendants breached any such duty.

Preliminarily, the Fifth Amended Class Action Complaint is completely silent on any alleged breach by the Knauf Defendants of a post-sale duty to warn. (*See generally* Doc. 21334).

---

[9] Rec. Doc. 20930 and Rec. Doc. 20933.

Even more, in arguing that the defects in the drywall were "latent," Plaintiff directly contradicts the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases." (*See, e.g.*, *id.*, ¶¶ 23, 25, 27, 31). Plaintiff cannot use his Opposition brief to raise new claims; thus, his "post-sale duty to warn" arguments should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if the Court were to consider Plaintiff's "post-sale duty-to-warn" argument, Plaintiff's assertions fail on the merits. Florida has applied the formulation of the Restatement (Third) of Torts in determining whether a post-sale duty to warn exists and whether any such post-sale duty has been breached. *See, e.g.*, *Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 905 (Fla. Dist. Ct. App. 2004) (applying the Restatement (Third) of Torts, § 10). As is relevant here, the Restatement (Third) of Torts provides that no post-sale duty arises unless "those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm." *See* Restatement (Third) of Torts, § 10(b)(2)). This Court is very familiar with the complex distribution network that was involved with the distribution of Chinese Drywall throughout the United States. (*See also* Doc. 22463 (conceding in a brief by one of the plaintiffs that "Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States")). The

Knauf Defendants in concert with Banner, INEX, the builder/installer defendants and the PSC through various settlement notice programs, made a significant effort to identify and notify the individuals who purchased Chinese Drywall; as to those persons whom the Knauf Defendants were not able to contact regarding Chinese Drywall, Plaintiff has not shown any method by which the Knauf Defendants could have identified and warned Plaintiff. Absent evidence that "those to whom a warning might be provided can be identified," *see id.*, no duty to warn arose as to Plaintiff, and the post-sale duty-to-warn claims fail, *see, e.g.*, *Greater N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 522 (Minn. 2018) (adopting the approach from the Restatement (Third) of Torts and explaining that no duty to warn arose where the defendant was the first company in a lengthy distribution chain).

Moreover, even if a duty existed, the Knauf Defendants would have satisfied their obligation to warn, and Plaintiff could not demonstrate a breach. As the Court knows (and approved), the Knauf Defendants, along with co-defendants in the distribution chain and the PSC, engaged in a substantial notice campaign in which many ultimate purchasers of Chinese Drywall were located and notified. (*See, e.g.*, Doc. 12138 at 24 (approving of the notice proposal included in the Knauf settlement)). Plaintiff has presented no evidence to show that these notice efforts were unreasonable, and thus these claims should be dismissed. *See, e.g.*, *Robinson v. Brandtjen & Kluge, Inc.*, 500 F.3d 691, 698 (8th Cir. 2007) ("In this case, moreover, there is undisputed evidence that B & K did undertake a post-sale warning campaign…. Whatever the scope of the post-sale duty to warn, it does not extend to warning each individual employee of a company that owns a press some sixty-one years after the sale." (applying the Restatement (Third) of Torts, § 10)).

**D.      Conclusion**

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:         kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**