UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
<u>ON CLAIMS ASSERTED BY ABIGAIL COHEN</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Abigail Cohen against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1]

First, Plaintiff has not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants. Second, Plaintiffs claims are barred by the Statute of Limitations because Plaintiff was aware or should have been aware of Chinese-manufactured drywall in the Property more than four years prior to filing claims in the *Bennett* action. Third, no post-sale duty to warn

---

[1] At the outset, Plaintiffa have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations. Moreover, causation will be an issue at trial.

prevented the Statute of Limitations from running. Fourth, *American Pipe*/equitable tolling does not apply for subsequent class actions like *Bennett* and Plaintiff's claims are barred by the Statute of Limitations.

A.  **Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants.**

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that (1) Plaintiff's own submissions indicated that Plaintiff does not have a diminution in value claim, (2) Plaintiff never provided additional evidence in support of a diminution in value claim as required under Florida law,[2] and (3) Plaintiff failed to provide any documents and competent evidence to support claims for loss of use, health effects, and most personal property claims.[3] Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent

---

[2] *See* Exhibit A to Motion for Summary Judgment (R. Doc. 22435-2 at p. 15). Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

[3] *Id*. at 11-20; 61-62.

summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

Plaintiff did not meet this burden. First, Plaintiff argues that she has a "diminution in value claim." Plaintiff's own submissions indicated that Plaintiff does not have a diminution in value claim and Plaintiff has never provided any evidence in support of a diminution in value claim as required under Florida law.[4] Second, Plaintiff asserted claims in her submissions for loss of use, personal property, and health effects. Plaintiff failed to provide any documents and competent evidence to support claims for loss of use, health effects, and most personal property claims.[5] Indeed, in opposition, and without pointing to any evidence, Plaintiff raises unsupported conjecture without providing or pointing to any competent evidence to dispute summary judgment. Plaintiff likewise fails to provide any support or evidence that is was deprived of the use of their Property.[6] Also, Plaintiff does not dispute that she failed to comply with this Court's evidence preservation orders as to personal property claims when it discarded personal property items they now seek recovery.[7] Therefore, Plaintiff's damage claims are wholly unsupported and must be dismissed.

---

[4] *See* Exhibit A to Motion for Summary Judgment (R. Doc. 22435-2 at p. 15). Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

[5] *Id*. at 11-20; 61-62.

[6] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl*., 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985); *see also* Exhibit A to Motion for Summary Judgment (R. Doc. 22435-2 at p. 15).

[7] Courts have routinely dismissed claims for failing to comply with pretrial orders, particularly when compliance involves a necessary element to meet a plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.*P., 735 F.3d 309, 315 (5th Cir. 2013). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual

B.   **Plaintiff's Claims are Barred by Statute of Limitations**

There is no genuine issue of material fact, and Plaintiff's claims are barred because they had notice such that, with reasonable diligence, Plaintiff would have learned of the possible invasion of their legal rights. As cited by Plaintiff in their opposition, knowledge of a products liability claim need not rise to the level of legal certainty; instead, the plaintiff "need only have notice, through the exercise of reasonable diligence, of the possible invasion of [their] legal rights."[8] Any arguments regarding latent defects or a delayed discovery rule do not change this rule.

Here, Plaintiff did not file claims against the Knauf Defendants until January 2016. It is undisputed that Plaintiff purchased the Property in 2006 and immediately or shortly thereafter, Plaintiff began experiencing successive appliance failures and thought the appliance failures were just "unlucky." (Rec. Doc. 22435-3: Transcript at 15-18). Plaintiff was aware of Chinese drywall from seeing it on the news and that it had a sulfur smell, and Plaintiff's parents were living in the Property and smelled "sulfur" (as identified by the later 2015 inspection). (Rec. Doc. 22435-3: Transcript at 22, 26, 37-39). Plaintiff also experienced HVAC repairs allegedly attributable to Chinese drywall in 2011 and in years after. (Rec. Doc. 22435-3: Transcript at 66). Plaintiff alleges later certain health effects manifested attributable to Chinese drywall. (Rec. Doc. 22435-3: Transcript at 29). However, while Plaintiff now seeks compensation for all of these issues dating back to 2011, Plaintiff took no action to investigate the issues she was experiencing until an inspection was performed in 2015. In short, Plaintiff was on notice of the alleged defects in the

---

circumstances showing a clear abuse." *Moore*, 725 F.3d at 315 (quot*ing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I).

[8] *Hamrac v. Dorel Juvenile Grp., Inc.*, 2010 WL 1879278, at *4 (N.D. Fla. May 11, 2010) (quoting *Univ. of Miami v. Bogorff*, 583 So.2d 1000, 1004 (Fla. 1991)).

Property since shortly after moving into the Property or at the very least was provided the knowledge that through reasonable diligence she would have determined Chinese drywall at that time like she did in 2015.

To the extent a delayed discovery rule applies or a latent defect existed, which Plaintiff asserts without support, the action would have only been delayed until the Plaintiff knew or should have known that the last element of the cause of action had occurred.[9] As demonstrated above and uncontested by Plaintiff, Plaintiff should have known of the presence of Chinese-manufactured drywall before the time for filing a claim expired.

There is no genuine issue of material fact that Plaintiff was aware or should have been aware of Chinese-manufactured drywall in the Property more than four years prior to filing claims in the *Bennett* action. Therefore, Plaintiff's claims are barred by the Statute of Limitations.

C.  **Plaintiff's Arguments Concerning a Post-Sale Duty to Warn Fail**

In an effort to circumvent his discovery obligations and the limitations period discussed above, Plaintiff argues that the Knauf Defendants should be "equitably estopped" from raising documentation issues because the Knauf Defendants allegedly failed to warn Plaintiff of defective drywall after a post-sale duty to warn arose. Not only is the Fifth Amended Complaint devoid of any such allegation, but Plaintiff has not shown and cannot now show that any such duty arose as to him specifically or that the Knauf Defendants breached any such duty.

Preliminarily, the Fifth Amended Class Action Complaint is completely silent on any alleged breach by the Knauf Defendants of a post-sale duty to warn. (*See generally* Doc. 21334). Even more, in arguing that the defects in the drywall were "latent," Plaintiff directly contradicts the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits

---

[9] *Davis v. Monahan*, 832 So.2d 708, 709 (Fla. 2002); FLA. STAT. § 95.031(2)(b).

"noxious gases." (*See, e.g.*, *id.*, ¶¶ 23, 25, 27, 31). Plaintiff cannot use his Opposition brief to raise new claims; thus, his "post-sale duty to warn" arguments should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if the Court were to consider Plaintiff's "post-sale duty-to-warn" argument, Plaintiff's assertions fail on the merits. Florida has applied the formulation of the Restatement (Third) of Torts in determining whether a post-sale duty to warn exists and whether any such post-sale duty has been breached. *See, e.g., Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 905 (Fla. Dist. Ct. App. 2004) (applying the Restatement (Third) of Torts, § 10). As is relevant here, the Restatement (Third) of Torts provides that no post-sale duty arises unless "those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm." *See* Restatement (Third) of Torts, § 10(b)(2)). This Court is very familiar with the complex distribution network that was involved with the distribution of Chinese Drywall throughout the United States. (*See also* Doc. 22463 (conceding in a brief by one of the plaintiffs that "Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States")). The Knauf Defendants in concert with Banner, INEX, the builder/installer defendants and the PSC through various settlement notice programs, made a significant effort to identify and notify the

individuals who purchased Chinese Drywall; as to those persons whom the Knauf Defendants were not able to contact regarding Chinese Drywall, Plaintiff has not shown any method by which the Knauf Defendants could have identified and warned Plaintiff. Absent evidence that "those to whom a warning might be provided can be identified," *see id.*, no duty to warn arose as to Plaintiff, and the post-sale duty-to-warn claims fail, *see, e.g.*, *Greater N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 522 (Minn. 2018) (adopting the approach from the Restatement (Third) of Torts and explaining that no duty to warn arose where the defendant was the first company in a lengthy distribution chain).

Moreover, even if a duty existed, the Knauf Defendants would have satisfied their obligation to warn, and Plaintiff could not demonstrate a breach. As the Court knows (and approved), the Knauf Defendants, along with co-defendants in the distribution chain and the PSC, engaged in a substantial notice campaign in which many ultimate purchasers of Chinese Drywall were located and notified. (*See, e.g.*, Doc. 12138 at 24 (approving of the notice proposal included in the Knauf settlement)). Plaintiff has presented no evidence to show that these notice efforts were unreasonable, and thus these claims should be dismissed. *See, e.g.*, *Robinson v. Brandtjen & Kluge, Inc.*, 500 F.3d 691, 698 (8th Cir. 2007) ("In this case, moreover, there is undisputed evidence that B & K did undertake a post-sale warning campaign…. Whatever the scope of the post-sale duty to warn, it does not extend to warning each individual employee of a company that owns a press some sixty-one years after the sale." (applying the Restatement (Third) of Torts, § 10)).

D.   ***American Pipe*/Equitable Tolling Does Not Apply**

Moreover, Plaintiff's claims are not saved by *American Pipe*/equitable tolling because *American Pipe* tolling does not apply for subsequent class actions like the *Bennett* action. The Supreme Court confirmed in *Resh* that *American Pipe* does not toll class actions like the *Bennett* class action, and therefore equitable tolling does not apply to Plaintiff's claims. Justice Ginsburg,

writing for the Court in *Resh*, plainly held that "*American Pipe* does not permit a plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action."[10] The Court explained that the *American Pipe* line of cases focused on "putative class members who wish to sue individually after a class-certification denial," but did not "so much as hint[] that tolling extends to otherwise time-barred class claims."[11]

This is not a case where a putative class member is seeking to sue individually after a class-certification denial. Rather, Plaintiff is arguing that it should be allowed to piggyback on the Knauf Settlement Class up until the February 7, 2013 final approval date. However, Plaintiff was not a member of the Knauf Settlement Class. The Knauf Settlement Class was defined as "[A]ll persons or entities who as of December 9, 2011 filed a lawsuit in the Litigation as a named plaintiff (i.e., not an absent class member)…." By definition, plaintiff is excluded from this class and cannot benefit from any tolling. In this regard, Plaintiff's situation is completely different than the issue previously ruled on by this Court dealing with the Taishan entities. Rec. Doc. 22124. In this Court's March 6, 2019 ruling, it limited tolling to only *Brooke* plaintiffs who were members of the previously filed and certified *Amorin* class. Rec. Doc. 22124, p. 22. No such situation exists here. As such, *American Pipe*/equitable tolling does not apply, and Plaintiff's claims are barred by the Statute of Limitations.[12]

---

[10] *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018).

[11] *Id.* The Court concluded that it would be inefficient to allow "maintenance of untimely successive class actions"; instead, "any additional class filings should be made early on, soon after the commencement of the first action seeking class certification" because "efficiency favors early assertion of competing class representative claims. *Id.* at 1811. Indeed, any assertion that the class claims were tolled would lead to inefficiency and a lack of repose because it "would allow the statute of limitations to be extended time and again; as each class is denied certification, a new named plaintiff could file a class complaint that resuscitates the litigation." *Id.* at 1808. The Court noted that if accepted, "the time for filing successive class suits, if tolling were allowed, could be limitless." *Id.* at 1809.

[12] Further, tolling applies when class certification is denied, and Plaintiff has not provided any date, event, or action where certification of a class was denied by which they are afforded the benefits of tolling. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). Also, to the extent Plaintiff relies on another subsequent, unknown class action, courts have uniformly held that *American Pipe* operates only with respect to the first class action filed for a specific controversy. *Salazar-Calderon v. Presido Valley Farmers Ass'n*, 765 F.2d 1334, 1350 (5th Cir. 1985) ("Plaintiffs have no authority for their contention that putative

Finally, even assuming that Plaintiff identified a first class action, class action tolling does not automatically apply in diversity cases and Florida does not accept cross jurisdictional tolling.[13]

E.  **Conclusion**

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

>   Respectfully submitted,
>
>   **FISHMAN HAYGOOD, LLP**
>
>   /s/ *Kerry J. Miller*
>   **KERRY J. MILLER (#24562), T.A.**
>   **PAUL C. THIBODEAUX (#29446)**
>   **DANIEL J. DYSART (#33812)**
>   201 St. Charles Avenue, Suite 4600
>   New Orleans, LA 70170
>   Telephone:   504.556.5549
>   Facsimile:   504.310.0275
>   Email:       kmiller@fishmanhaygood.com
>   ***Counsel for Defendants,***
>   ***Knauf Gips KG and***
>   ***Knauf Plasterboard (Tianjin) Co., Ltd.***

---

class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any.").

[13] *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.*, 892 F. Supp. 794, 805 (E.D. La. 1995). Louisiana, Texas, Florida, and Illinois do not allow for cross-jurisdictional tolling. *See Quinn v. La. Citizens Prop. Ins. Corp.*, 118 So. 3d 1011, 1022-23 (La. 2012); *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1147 (5th Cir. 1997) (considering Texas law); *Newby v. Enron Corp.*, 542 F.3d 463, 471-72 (5th Cir. 2008) (considering Texas law); *Becnel v. Deutche Bank, A.G.*, 507 F. App'x 71, 73 (2d Cir. 2013) (considering Florida law); *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102 (Ill. 1998); *Casey v. Mereck & Co.*, 722 S.E.2d 842, 845 (Va. 2012). While Alabama may allow intro-jurisdictional tolling, no Alabama court has expanded cross jurisdictional tolling for a Alabama state claim based on an earlier federal class action in another jurisdiction. (*Bozeman v. Lucent Technologies, Inc.*, 2005 WL 2145911 (M.D. Ala. Aug. 31, 2005) (rejecting cross jurisdictional tolling of statute of limitations based on earlier federal class action in a different jurisdiction). Finally, Mississippi, which has no class action procedure and does not allow class actions at all certainly would not recognize cross-jurisdictional class action tolling. *See In re Lorazepam & Clorazepate Antitrust Litigation*, 2004 WL 7081446 (D.D.C. May 18, 2004). This Court has previously determined that Mississippi would not adopt cross-jurisdictional tolling. (Rec. Doc. 22124) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 393 (5th Cir. 2005)).

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of January, 2020.

                                        /s/ *Kerry J. Miller*
                                        **KERRY J. MILLER**