UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY ELVIS FERRERA**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Elvis Ferrera against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1]

First, Plaintiff has not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants. Second, Plaintiffs claims are barred by the Statute of Limitations because Plaintiff was aware or should have been aware of Chinese-manufactured drywall in the Property

---

[1] At the outset, Plaintiffs have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations. Moreover, causation will be an issue at trial.

more than four years prior to filing claims in the *Bennett* action. Third, no post-sale duty to warn prevented the Statute of Limitations from running.

**A.     Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants.**

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that Plaintiff failed to provide any documents and competent evidence to support claims for lost rents, loss of use, and personal property.[2] Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

---

[2] *See* Exhibit A to Motion for Summary Judgment (R. Doc. 22438-2 at p. 11-20).

Plaintiff did not meet this burden. Plaintiff asserted claims in his submission for lost rents, loss of use, and personal property.[3] Both in discovery and in opposition, Plaintiff failed to provide any evidence or documentation to support its claims for lost rents or other financial losses.[4] Plaintiff also failed to provide any documents or competent evidence to support claims for lost rent, loss of use, or personal property claims.[5] Indeed, in opposition, and without pointing to any evidence, Plaintiff raises unsupported conjecture without providing or pointing to any competent evidence to dispute summary judgment. Plaintiff likewise fails to provide any support or evidence that he was deprived of the use of their Property.[6] Also, Plaintiff does not dispute that he failed to comply with this Court's evidence preservation orders as to personal property claims when it discarded personal property items it now seeks recovery.[7] Therefore, Plaintiff's damage claims are wholly unsupported and must be dismissed.

B.    **Plaintiff's Claims are Barred by Statute of Limitations**

There is no genuine issue of material fact, and Plaintiff's claims are barred because they had notice such that, with reasonable diligence, Plaintiff would have learned of the possible invasion of their legal rights. As cited by Plaintiff in their opposition, knowledge of a products liability claim need not rise to the level of legal certainty; instead, the plaintiff "need only have

---

[3] Exhibit A to Motion for Summary Judgment (R. Doc. 22438-2 at p. 11-20).
[4] R. Doc. 22438-2 at p. 15, 34-35.
[5] *Id*. at 11-20.
[6] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl*., 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985); *see also* Exhibit A to Motion for Summary Judgment (R. Doc. 22438-2 at p. 15).
[7] Courts have routinely dismissed claims for failing to comply with pretrial orders, particularly when compliance involves a necessary element to meet a plaintiff's burden. *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.*P., 735 F.3d 309, 315 (5th Cir. 2013). "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore*, 725 F.3d at 315 (quot*ing Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted). Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I).

notice, through the exercise of reasonable diligence, of the possible invasion of [their] legal rights."[8] Any arguments regarding latent defects or a delayed discovery rule do not change this rule.

Here, Plaintiff purchased the Property in 2006. (Exhibit A to MSJ – R. Doc. 22438-2). Plaintiff is in the real estate business and purchases and sells/rents properties in South Florida. (Exhibit B to MSJ – R. Doc. 22438-3 at 4-7). Ferrera always noticed strange smells and starting between 2009 and 2010 appliances started to fail in succession. *Id*. at 6-9. Indeed, although the Property was used as a rental the last four years, Ferrera alleges damages for the smell he has "tolerated" for twelve (12) years since purchasing the Property. *Id*. at 15. However, over the course of the smell he has "tolerated" and multiple appliance failures, Ferrera, as a real estate developer in South Florida over the last ten years, took no action to investigate into the problems associated with the Property. *Id*. at 4, 8. A prospective purchaser of the Property hired an inspector and determined Chinese drywall and only then in August 2018 did Ferrera take additional steps to investigate the cause of the problems in the Property. *Id*. at 36.

Plaintiff did not file claims against the Knauf Defendants until September 2018 despite the fact as a real estate developer, Plaintiff admits that he knew as early as 2009 that the Property was suffering from strange smells and multiple, successive appliance failures and issues. However, Plaintiff did nothing and exercised no diligence in investigating the issues he was allegedly "tolerating" in the Property for over 12 years. In short, Plaintiff was on notice of the alleged defects in the Property since shortly after moving into the Property in 2007 or at the very least was provided the knowledge that through reasonable diligence he would have determined Chinese drywall at that time like he did in 2017. For these reasons, there is no genuine issue of material

---

[8] *Hamrac v. Dorel Juvenile Grp., Inc.*, 2010 WL 1879278, at *4 (N.D. Fla. May 11, 2010) (quoting *Univ. of Miami v. Bogorff*, 583 So.2d 1000, 1004 (Fla. 1991)).

fact that Plaintiff was aware or should have been aware of Chinese drywall in the Property more than four years prior to filing claims in the Bennett action. Therefore, Plaintiff's claims are barred by the Statute of Limitations.[9]

To the extent a delayed discovery rule applies or a latent defect existed, which Plaintiff asserts without support, the action would have only been delayed until the Plaintiff knew or should have known that the last element of the cause of action had occurred.[10] As demonstrated above and uncontested by Plaintiff, Plaintiff should have known of the presence of Chinese-manufactured drywall before the time for filing a claim expired.

There is no genuine issue of material fact that Plaintiff was aware or should have been aware of Chinese-manufactured drywall in the Property more than four years prior to filing claims in the *Bennett* action. Therefore, Plaintiff's claims are barred by the Statute of Limitations.

C.      **Plaintiff's Arguments Concerning a Post-Sale Duty to Warn Fail**

In an effort to circumvent his discovery obligations and the limitations period discussed above, Plaintiff argues that the Knauf Defendants should be "equitably estopped" from raising documentation issues because the Knauf Defendants allegedly failed to warn Plaintiff of defective drywall after a post-sale duty to warn arose. Not only is the Fifth Amended Complaint devoid of any such allegation, but Plaintiff has not shown and cannot now show that any such duty arose as to him specifically or that the Knauf Defendants breached any such duty.

Preliminarily, the Fifth Amended Class Action Complaint is completely silent on any alleged breach by the Knauf Defendants of a post-sale duty to warn. (*See generally* Doc. 21334).

---

[9] Plaintiff has not submitted any argument that the Statute of Limitations should be tolled by American Pipe/Equitable tolling. Therefore, any argument not submitted in opposition should be ignored in resolution of the motion for summary judgment. Nonetheless, tolling does not apply to Plaintiff's claims for the reasons set forth by the Knauf Defendants in other replies, e.g. Knauf Defendant's Reply Memorandum in Support of Motion for Summary Judgment on Claims Asserted by Isidro & Marfelia Calderon.
[10] *Davis v. Monahan*, 832 So.2d 708, 709 (Fla. 2002); FLA. STAT. § 95.031(2)(b).

Even more, in arguing that the defects in the drywall were "latent," Plaintiff directly contradicts the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases." (*See, e.g.*, *id.*, ¶¶ 23, 25, 27, 31). Plaintiff cannot use his Opposition brief to raise new claims; thus, his "post-sale duty to warn" arguments should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if the Court were to consider Plaintiff's "post-sale duty-to-warn" argument, Plaintiff's assertions fail on the merits. Florida has applied the formulation of the Restatement (Third) of Torts in determining whether a post-sale duty to warn exists and whether any such post-sale duty has been breached. *See, e.g.*, *Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 905 (Fla. Dist. Ct. App. 2004) (applying the Restatement (Third) of Torts, § 10). As is relevant here, the Restatement (Third) of Torts provides that no post-sale duty arises unless "those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm." *See* Restatement (Third) of Torts, § 10(b)(2)). This Court is very familiar with the complex distribution network that was involved with the distribution of Chinese Drywall throughout the United States. (*See also* Doc. 22463 (conceding in a brief by one of the plaintiffs that "Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States")). The

Knauf Defendants in concert with Banner, INEX, the builder/installer defendants and the PSC through various settlement notice programs, made a significant effort to identify and notify the individuals who purchased Chinese Drywall; as to those persons whom the Knauf Defendants were not able to contact regarding Chinese Drywall, Plaintiff has not shown any method by which the Knauf Defendants could have identified and warned Plaintiff. Absent evidence that "those to whom a warning might be provided can be identified," *see id.*, no duty to warn arose as to Plaintiff, and the post-sale duty-to-warn claims fail, *see, e.g.*, *Greater N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 522 (Minn. 2018) (adopting the approach from the Restatement (Third) of Torts and explaining that no duty to warn arose where the defendant was the first company in a lengthy distribution chain).

Moreover, even if a duty existed, the Knauf Defendants would have satisfied their obligation to warn, and Plaintiff could not demonstrate a breach. As the Court knows (and approved), the Knauf Defendants, along with co-defendants in the distribution chain and the PSC, engaged in a substantial notice campaign in which many ultimate purchasers of Chinese Drywall were located and notified. (*See, e.g.*, Doc. 12138 at 24 (approving of the notice proposal included in the Knauf settlement)). Plaintiff has presented no evidence to show that these notice efforts were unreasonable, and thus these claims should be dismissed. *See, e.g.*, *Robinson v. Brandtjen & Kluge, Inc.*, 500 F.3d 691, 698 (8th Cir. 2007) ("In this case, moreover, there is undisputed evidence that B & K did undertake a post-sale warning campaign…. Whatever the scope of the post-sale duty to warn, it does not extend to warning each individual employee of a company that owns a press some sixty-one years after the sale." (applying the Restatement (Third) of Torts, § 10)).

**D.     Conclusion**

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:             kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**