UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY JOHN JUDGE AND REBECCA JUDGE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by John and Rebecca Judge (collectively, "Plaintiff") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1]

First, Plaintiffs have not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants. Second, Plaintiff Rebecca Judge has not opposed Defendants' Motion for Summary Judgment and her claims should be dismissed.

---

[1] At the outset, Plaintiffs have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations. Moreover, causation will be an issue at trial.

**A.     Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants.**

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that (1) Plaintiff's own submissions indicated that Plaintiff does not have a diminution in value claim, (2) Plaintiff never provided additional evidence in support of a diminution in value claim as required under Florida law,[2] and (3) Plaintiff failed to provide any documents and competent evidence to support claims for loss of use, and most personal property claims.[3] Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.*, 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v.*

---

[2] *See* Exhibit A to Motion for Summary Judgment (R. Doc. 22453-4 at p. 5). Florida law requires proof of lost fair market value be established by competent, substantial evidence and through a "qualified" witness. *See, e.g.*, *Hillside Van Lines, Inc. v. Matalon*, 297 So. 2d 848 (Fla. 3d D.C.A. 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc*., 285 So. 2d 697 (Fla. 4th DCA 1973).

[3] *Id*. at 1-51.

*Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

Plaintiff did not meet this burden. Plaintiff's opposition cites to **no** evidence showing a genuine dispute as to any of those damage claims. Instead, Plaintiff raises only unsupported conjecture as to the diminution in value claim, and likewise fails to provide any support or evidence that is was deprived of the use of the Property.[4] While Plaintiff cites an itemized list from the PFS of allegedly damaged personal property, the list consists of unsupported conjecture. The list is simply based on Plaintiff's belief as to the respective values of the items therein, which is nothing more than self-serving conjecture. Rec. Doc. 22472 at 23-24. Further, while Plaintiff cites to unknown receipts, invoices, and internet research as a basis for these beliefs, this information is not properly supported. *Id.* at 24. Plaintiff has failed to identify evidence indicating a genuine issue of material fact for these claims. Overall, Plaintiff's damage claims are wholly unsupported and must be dismissed.

**B.     Plaintiff Rebecca Judge's Claims Should be Dismissed.**

Plaintiff Rebecca Judge's claims should be dismissed because she did not have any interest in the Property, and she has not opposed this Motion. John Judge was the sole owner of the Property when it was sold at short sale on October 14, 2016.[5] There was no indication that the Property may have contained Chinese-manufactured drywall until after the Property was vacated so that it could be sold, so Rebecca Judge cannot claim that she lost use or enjoyment of the Property. Further, because John Judge was the sole owner of the Property when it was sold at short

---

[4] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl.*, 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985); *see also* Exhibit A to Motion for Summary Judgment (Rec. Doc. 22453-4 at p. 5).

[5] Rec. Doc. 22453-5 at p. 2-3.

sale, she has no claim for diminution of value of the Property. As such, Rebecca Judge's claims should be dismissed because she did not have any interest in the Property, and she has not opposed this Motion.

**C.     Plaintiff Cannot Raise New Claims.**

Plaintiff began its opposition with several pages of argument related to a post-sale duty to warn, a purported delayed-discovery rule, and allegations regarding the latent nature of the alleged defect. These arguments are irrelevant insofar as they relate to statutes of limitations because that issue was not raised in Defendants' Motion for Summary Judgment.

Further, Plaintiff should not be permitted to raise new claims regarding an alleged latent defect or a post-sale duty to warn. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."). Here, to the extent Plaintiff raises new allegations in its opposition to this Motion, any such claims should be dismissed as a matter of law.

**D.     Conclusion**

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**