UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*<br>2:14-cv-02722-EEF-JCW | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFF VASHTI ALETHIA LOCKE-ESBERRY'S OPPOSITION TO DEFENDANT KNAUF'S MOTION FOR SUMMARY JUDGMENT, MISLABLED A "MOTION TO DISMISS UNDER RULE 37"**

# Table of Contents

**Page**

I.    STATEMENT OF MATERIAL FACTS…………………………….………… 1

    A.   MDL-2047……………………………………………………….…… 1

    B.   The *Bennett* Class Action ………………...……………………... 3

    C.   Plaintiff Vashti Alethia Locke-Esberry in the
        *Bennett* Complaint…………………………………………….….. 4

II.   STANDARD OF REVIEW……………………………………….…… 5

III.  ARGUMENT……………………………………………………… 6

    A.   Summary of Plaintiff's Argument …………………………….…... 6

    B.   Plaintiff's claims are timely filed under Florida's Delayed
        Discovery Rule ……………………………………………… 8

        i.   *Product liability claims are subject to the delayed discovery
           rule in Florida …………………………………………….* 8

        ii.  *Defective Chinese-manufactured drywall is a latent defect
           and Plaintiff had no obligation to hire a Chinese drywall
           inspector before the date of discovery……………………* 10

    C.   Remediation damages remain an unresolved issue of material fact….. 11

    D.   All non-remediation damages remain unresolved and should be
        resolved by a trier of fact …………………………………... 12

        i.   *Plaintiff's loss of use & enjoyment claim is appropriate
           under Florida law and the appropriate damages should be
           decided by a trier of fact ………………………………….* 12

        ii.  *A genuine issue of material fact exists for Plaintiff's
           consequential damages, including personal property, lost
           rent, and diminution of property value  …………………..* 14

        H.   Defendant Knauf failed to establish that Plaintiffs are    21
           precluded from filing a claim due to settlement by a previous
           owner …………………………………………………………

IV.   CONCLUSION……………………………………………………………...   18

Table of Authorities

**Page**

*Anderson v. Liberty Lobby, Inc.*,                                                5, 6
    477 U.S. 242 (1986)

*Bailey v. Missouri P.R. Co.*,                                                   16
    383 So. 2d 397, 1980 La. App. LEXIS 3636 (1980)

*Celotex Corp. v. Catrett*,                                                      6
    477 U.S. 317 (1986)

*Clark v. Coats & Clark, Inc.*,                                                  6
    929 F.2d 604 (11th Cir. 1991)

*Davey Compressor Co. v. City of Delray Beach*,                                  13
    639 So.2d 595 (Fla.1994)

*Davis v. Monahan*,                                                             8
    832 So.2d 708 (Fla. 2002)

*Day v. Taylor*,                                                               5
    400 F.3d 1272 (11th Cir. 2005)

*Fitzpatrick v. City of Atlanta*,                                               6
    2 F.3d 1112 (11th Cir. 1993)

*Gallick v. B O R.R.*,                                                          16
    83 S.Ct. 659 (U.S. 1963)

*Hamrac v. Dorel Juvenile Grp., Inc.*,                                          9
    No. 3:09vd390/RV/MD, 2010 WL 1879278
    (N.D. Fla. May 11, 2010)

*Hawkins v. Champion Int'l. Corp.*,                                             10
    662 So.2d 1005 (Fla. 1st DCA 1995)

*In Re Chinese Manufactured Drywall Prod. Liab. Liti.*,                         12, 15
    706 F. Supp. 2d 655 (E.D. La. 2010)

*In re Depuy Orthopedics, Inc.*,                                                12
    870 F.3d 345 (5th Cir. 2017)

*Masker v. Smith*,                                                             10
    405 So.2d 432 (Fla. 5th DCA 1981)

*McCreary v. Florida Residential Property and Casualty*
*Joint Underwriting Association,*
    758 So.2d 692 (4th Dist. Ct.App. 1999) ..... 12

*Mid-Continent Casualty Company v. Adams Homes of Northwest Florida,*
*Inc.*,
    725 F.App'x. 777 (11th Cir. 2018) ..... 12

*Tolan v. Cotton*,
    134 S. Ct. 1861 (2014) ..... 5

*Univ. of Miami v. Bogorff*,
    583 So.2d 1000 (Fla. 1991) ..... 9

Fed. R. Civ. P. 56(a) ..... 5
Fla. Stat. § 95.031 ..... 8
Fla. Stat. § 95.11 ..... 8
5C Michie's Jurisprudence, Damages, § 32 (2006) ..... 15
Restatement (Second) of Torts § 929 (1979) ..... 15

Plaintiffs Vashti Alethia Locke-Esberry (hereinafter "Plaintiff") by and through the undersigned counsel of record, opposes the motion to dismiss (Rec. Doc. 22375) filed by the Knauf Defendants.  As grounds, Plaintiff offers the following:

## I.    STATEMENT OF MATERIAL FACTS

### A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia.  Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these

properties. Defendants and declaratory judgment plaintiffs include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court has facilitated mediations; and in the Court thousands of documents have been filed. Additionally, the Court has corresponded and coordinated with a number of state and federal court judges who also preside over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of

---

[1]  The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2]  The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims.  On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court.  A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved.  Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and notice was published.  The Knauf settlement class provided benefits to participants limited to remediation.  All other claims were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities.

**B.  The *Bennett* Class Action.**

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the parties.  The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express and/or implied warranty; 5) Redhibition (by Louisiana plaintiffs); 6) Louisiana Products Liability Act (by Louisiana plaintiffs); 7) private nuisance; 8) negligent discharge of a corrosive substance; 9) unjust enrichment; 10) violation of Florida Deceptive and Unfair Trade Practices Act; 11) equitable injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs seek: certification of the class action; order appointing named plaintiffs as class representatives; compensatory, statutory, and/or punitive damages; pre- and post-judgment interest as allowed by law; injunctive relief; an award of attorney's fees as allowed by law; and award of taxable costs; and, any other relief a court deems just and proper.  This Court approved the Fifth Amended Class Action Complaint on May 14, 2018.

### C.  Plaintiff Vashti Alethia Locke-Esberry in the *Bennett* Complaint.

Plaintiff Vashti Alethia Locke-Esberry is a Maryland resident that owns a property in the State of Florida containing drywall manufactured by the Knauf Defendants that is alleged to be defective.  Plaintiff's claim was filed in the *Bennett* complaint on January 30, 2016.  The street address of Plaintiff's property at issue is: 962 SW Haas Avenue, Port St. Lucie, FL 34953 ("Affected Property").  Plaintiff asserts all claims in the Fifth Amendment Complaint and seeks all relief available under current Florida law.

Plaintiff purchased the Affected Property on October 23, 2006. A copy of the deed is attached hereto as Exhibit A.  Plaintiff completed a Plaintiff Profile Form (Exhibit B) that verified the date that the Knauf drywall was discovered and the identity of the manufacturer confirmed on August 24, 2016.  Plaintiff learned of the defective drywall in their home through an inspection by Chinese Drywall Screening, LLC (report contained in Exhibit D, Plaintiff's

PFS).  Plaintiff also completed a Supplemental Plaintiff Profile Form (Exhibit C) and a Plaintiff Fact Sheet (Exhibit D).

Plaintiff Vashti Alethia Locke-Esberry was deposed by counsel for Knauf on September 18, 2019, in Silver Springs, Maryland.  Defendants are unsatisfied with their deposition now. While Plaintiff temporarily suspended the deposition to purchase reading glasses at a local pharmacy store, Defendants chose to end the deposition.  In addition, Defendants are dissatisfied because they were unable to inspect Plaintiff's property when Plaintiff's render failed to appear and grant access on the originally-scheduled date.  No steps were taken to comply with Rule 37 of the Federal Rules of Civil Procedure to compel Plaintiff to provide access to the Affected Property; instead, Defendants took no action and, with more than one month remaining in the discovery period, filed this "motion to dismiss" based on Rule 37 rather than seek to have the property inspection rescheduled.

## II. STANDARD OF REVIEW

Defendants have filed a motion with a style other than "summary judgment," with documents attached in support. A district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  Thus, the instant motion is a motion for summary judgment and will be referenced as such in this Opposition.

Summary judgment is only warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making the determination, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of

evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986), but "it is never enough simply to state that the non-moving party cannot meet its burden

at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving

party provides more than a mere "scintilla of evidence" demonstrating that "the jury could

reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can

be done by pointing out where the record "contains supporting evidence . . . which was

'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116

(11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

## III.   ARGUMENT

Summary judgment is clearly not appropriate in this instance.  In order to prevail with

this summary judgment motion, Defendants must demonstrate that there are no issues of material

fact to be decided by a jury in the transferor court.  This has not been done and cannot be done in

this case under Florida law.

Defendants have stipulated to liability; therefore, the calculation of appropriate damages

is all that remains for Plaintiff unless Defendant presents some legal basis for dismissal.

Defendants have received the information requested from Plaintiff during discovery, including

documents, responses to interrogatories, and live testimony from Plaintiff at deposition.  There

are multiple reasons to deny Defendants' summary judgment motion for this Plaintiff.

### A.   Summary of Plaintiff's Argument.

Manufacturers have a post-sale duty under Florida law to notify all consumers of a defect

once it is learned.  Although the defect in their KPT drywall product was discussed at length

internally in 2006 by Defendant Knauf's management, not a single homeowner to date has

received adequate notice about the product as of this filing in 2020. By failing to properly warn

all current, past, or potential homeowners about their defective product, Defendant Knauf is equitably estopped from arguing that any plaintiff received adequate notice; consequently, this Court must view the lack of post-sale warning in a light most favorable to Plaintiff when considering all assertions in Defendant Knauf's motion for summary judgment.

Equitable estoppel due to the lack of a warning affects: 1) notice to prospective buyers about the nature of defective drywall that may be in a particular home, thereby providing them with inadequate information upon which they can rely when making a homebuying decision; 2) notice to homeowners regarding the harmful effects cause by defective drywall to both inhabitants and the components of the home that may be experiencing the effects from harmful off-gassing; and, 3) notice to homeowners regarding the harmful effects caused by defective drywall to personal property during the time they have lived in the home with defective Knauf-made drywall thereby leaving them with inadequate information and an inability to preserved potential evidence in support of claims.  Equitable estoppel due to lack of a warning also affects the start of a statute of limitations under Florida law for Plaintiff who is a layman with no specialized knowledge related to defective Chinese-manufactured drywall.

Detrimental reliance by the Plaintiff due to the omission of an adequate warning by Defendant Knauf affects all of their claims and damages in a significant way, including remediation damages, personal property damages, diminution in value, loss of use and enjoyment damages, loss of rental income and any other consequential damages.  Defendant Knauf has argued in its motion that Plaintiff lacks sufficient documentation for the non-remediation damages; however, because there was no warning to Plaintiff regarding the potential presence of defective drywall in their home, they detrimentally relied upon the omission and did not keep invoices, receipts, or tangible items to document the damages.  This Court must view

the omission of a warning by the Knauf Defendants in a light most favorable to Plaintiff when considering the damages being sought.  This detrimental reliance presents a genuine issue material fact that should be considered by a trier of fact regarding all claims and damages.

**B.      Plaintiff's claims are timely filed under Florida's Delayed Discovery Rule.**

Under Fla. Stat. § 95.11, Florida's product liability statute, Plaintiff has four (4) years to file a claim from the date of discovery.  Here, Plaintiff's claim was filed less than one year after discovering the presence of Knauf's defective drywall in the home; therefore, the claim was timely filed.  Plaintiff affirmed in her discovery responses that discovery of the Knauf-manufactured drywall occurred during an inspection of her home being performed by a Chinese Drywall Screening, LLC on November 12, 2015.  Plaintiff also executed a verified Plaintiff Profile Form and Supplemental Plaintiff Profile Form, under penalty of perjury, affirming the very same date of discovery.

*i.      Product liability claims are subject to the delayed discovery rule in Florida.*

Plaintiff's statute of limitations did not begin to run when the house was purchased in 2006.  Under Florida law, a cause of action accrues or begins to run for purposes of the statute of limitations upon the occurrence of the last element of the cause of action. *Davis v. Monahan*, 832 So.2d 708, 709 (Fla. 2002); see Fla. Stat. § 95.031. However, products liability claims are subject to an exception, "in which the accrual of the cause of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred." *Davi*s, 832 So.2d at 709; see Fla. Stat. § 95.031(2)(b). This is commonly referred to as the delayed discovery rule. *Davis*, 832 So.2d at 709.  Florida's delayed discovery rule applies to defective Chinese-manufactured product liability claims.

Knowledge of a products liability claim need not rise to the level of legal certainty; instead, the plaintiff "need only have notice, through the exercise of reasonable diligence, of the possible invasion of [her] legal rights." *Hamrac v. Dorel Juvenile Grp., Inc*., No. 3:09vd390/RV/MD, 2010 WL 1879278, at *4 (N.D. Fla. May 11, 2010) (quoting *Univ. of Miami v. Bogorff*, 583 So.2d 1000, 1004 (Fla. 1991) ).  "There must be two essential facts present for the statute to begin to run. There must be a distinct injury and some causal connection between the injury and exposure to [the offending] product." *Samson v. R.J. Reynolds Tobacco Co*., No. 96-414-CIV-T-24(B), 1997 WL 373475, at *5 (M.D. Fla. June 2, 1997) (citing *Babush v. Am. Home Products Corp*., 589 So.2d 1379 (Fla. Dist. Ct.App. 1991) ).  In other words, the limitations period on a products liability claim begins to run only when the plaintiff knows or should have known of a causal connection between a distinct injury caused by the product in question during exposure.  In this instance, Defendants cannot demonstrate that Plaintiff, who is a layman, should have known that the home contained defective Knauf drywall or that harmful off-gassing was flowing from the drywall.

Defendants have not presented any tangible evidence that Plaintiff's discovery responses regarding discovery of the defective Knauf product are incorrect and the date of discovery is some earlier identifiable date.  Reliance on an argument that Plaintiff acted unreasonably at an earlier date is a genuine difference regarding a material fact in which a trier of fact could find that Plaintiff acted reasonably; therefore, this Court must find in favor of the nonmovant and deny summary judgment.

Smelling an odor or seeing tarnish on metal does not place a homeowner on notice that the home contains defective Knauf-manufactured drywall.  In Florida, like any southern state, there could be any number of environmental sources causing a smell.  In addition, there could be

environmental sources causing metal to tarnish such as well water or a water supply with a high sulfur content or smog from a nearby industrial area.  It is not an unreasonable explanation for a "smell" to be present in and around a Florida home caused by an environmental source outside the home. Defendants have failed to provide undisputed proof that the smell noted by Plaintiff intermittently in the Affected Property was indeed generated by Knauf's defective drywall.

Plaintiff has no expertise in construction, environmental contaminants, or defective Chinese drywall.  In this instance, with the absence of a warning by Defendant Knauf, it takes confirmation by an experienced drywall inspector to establish the existence of defective Knauf-manufactured Chinese Drywall in a property for the purpose of actual notice.  "Discovery" under Florida law occurs when the manufacturer's markings are found, not at any point earlier. This would be the causal connection to the possible injury.  And, because it is possible for a trier of fact to find that Plaintiff's actions were reasonable, summary judgment must be denied.

> ii.  **Defective Chinese-manufactured drywall is a latent defect and Plaintiff had no obligation to hire a Chinese drywall inspector before the date of discovery.**

Defective Chinese-made drywall is not an obvious defect easily seen by a homeowner. It is hidden inside walls or buried under insulation in attics, in some instances.  With the manufacturer's ink stamp markings concealed inside walls, the defect is considered "latent" according to Florida law. Florida courts have defined a latent defect broadly, as one which is "not apparent by use of one's ordinary senses from a casual observation of the premises." *Hawkins v. Champion Int'l. Corp*., 662 So.2d 1005, 1007 (Fla. 1st DCA 1995).  Florida courts have also found that there is no duty to discover "latent defects which… could not be discovered by a reasonable and customary search." *Masker v. Smith*, 405 So.2d 432, 433-34 (Fla. 5th DCA

1981).  Whether a reasonable person would discover the defective drywall through a casual, customary inspection is an issue of fact.

A Chinese drywall inspection is not a customary search of the home.  It is also expensive. The customary fee for a Chinese drywall specialized inspection in Florida is between $500.00 and $2,000.00.   Locating defective Chinese drywall and determining the identity of the manufacturer requires specialized knowledge and experience.  It requires specialized skill to cut holes in drywall; it requires utilizing specialized tools and devices; and, in many cases, it requires sending samples to a lab for specialized testing.  Finding defective drywall is rarely done through a casual observation of the premises or by using one's ordinary senses.

This latent defect standard under Florida law is contrary to Defendant's argument that an unidentified smell intermittently identified in a home or noticing tarnish on metal in the home places a duty on the homeowner to hire a Chinese drywall inspector immediately; consequently, this Court should deny Defendants' motion for summary judgment and allow a trier of fact to determine whether Plaintiff's actions were reasonable.

**C.    Remediation damages remain an unresolved issue of material fact.**

The Court can look to its prior orders for one area of damages at issue – calculation of remediation damages.  Previously, this Court issued multiple orders during the consolidated pre-trial stage of the MDL proceedings instructing the parties that full remediation damages are appropriate for plaintiffs that establish defective Chinese-manufactured drywall in the living space of their home. (See, e.g., Doc. 20741).  The Court even adopted a formula to arrive at the remediation damages (square footage of a home multiplied by the appropriate R.S. Means cost per square foot).  Defendants have not stipulated to remediation damages to date and have engaged an expert to present testimony at trial regarding their calculation of remediation

damages by another method; consequently, this is a genuine issue of material fact that will be decided by the trier of fact.

**D.    All non-remediation damages remain unresolved and should be resolved by a trier of fact.**

*i.    Plaintiff's loss of use & enjoyment claim is appropriate under Florida law and the appropriate damages should be decided by a trier of fact.*

Plaintiff has asserted a claim for loss of use and enjoyment of the property due to the presence of defective Chinese drywall manufactured by Knauf Defendants.  The Knauf Defendants have acknowledged that their product is defective and stipulated to liability.  In Exhibit C, the Supplemental Plaintiff Profile Form, Plaintiff assigned a value believed to be reasonable and appropriate for loss of use and enjoyment based on past verdicts in the Chinese drywall litigation (See Page 6 of SPPF).  Loss of use and enjoyment damages are non-pecuniary in nature and the appropriate damages should be assessed by the trier of fact.

Plaintiff is entitled to recover damages under Florida law for loss of use and enjoyment of a residential property. For instance, in *McCreary v. Florida Residential Property and Casualty Joint Underwriting Association*, Fran and Cain McCreary sued their insurance provider for refusing to defend them against a complaint by their neighbor, L. Anton Rebalko. 758 So.2d 692, 693 (4th Dist. Ct.App. 1999). Rebalko's complaint alleged that the McCrearys' failure to "control, supervise, and confine their dogs to their own premises" was an "ongoing clear and present danger to the health, safety and comfort of [Rebalko]" that ultimately rendered him "unsafe and insecure [ ] in the use and enjoyment of his own property." *Id*. at 694. The Fourth District Court of Appeals concluded "Rebalko's claim that the actions of the [McCrearys] 'ultimately renders unsafe and insecure [Rebalko] in the use and enjoyment of his own property,'

when fairly read, creates a factual issue as to the loss of use of the property...." *Id*. at 695. A similar result is appropriate in this instance.

In another analogous case, Adams Homes of Northwest Florida "built and sold homes in the interior of the Driftwood Development without regard for ... an adequate drainage plan...." *Mid-Continent Casualty Company v. Adams Homes of Northwest Florida, Inc*., 725 F.App'x. 777, 780-81 (11th Cir. 2018).  Specifically, Adams Homes constructed homes that are prone to flooding. The flooding made "[Homeowners'] ordinary use or occupation of their property physically uncomfortable" and "disturb[ed] the [Homeowners'] free use ... of their property." *Id*. These allegations, fairly read, create a factual issue as to loss of use.  Physical discomfort in the use of property, like insecurity and lack of safety in the use of property, raises the specter of loss of use and damages are to be assessed by the trier of fact.

This Court has also previously addressed loss of use and enjoyment, stating, "[t]he Taishan property owners will still have an opportunity at later phases to seek damages for alternative living expenses and loss of use and enjoyment of their properties. Those issues can be addressed and resolved later when the Court remands the cases in this MDL."  *In Re Chinese Manufactured  Drywall Prod. Liab. Liti.,* 706 F. Supp. 2d 655, 693 (E.D. La. 2010); *See In re Depuy Orthopedics*, *Inc*., 870 F.3d 345 (5th Cir. 2017). This Court does not intend to assume the transferor courts' duties after pre-trial matters are completed. *Id*.

Defendants have argued that loss of use and enjoyment is appropriate only if a plaintiff is unable to live in the home. Plaintiff is not required to prove that the Affected Property was not inhabitable in order to recover for loss of use an enjoyment under Florida law.  The parties differ in their valuation, but it is ultimately the trier of fact that will decide the appropriate loss of use

and enjoyment damages.  Clearly, with regard to loss of use and enjoyment, a genuine issue of

material fact exists, and summary judgment is due to be denied.

> ii.     *A genuine issue of material fact exists for Plaintiff's consequential damages, including personal property, lost rent, and diminution in property value.*

Plaintiff has asserted a claim for damaged personal property and lost rent that is alleged

to be caused by off-gassing from the defective Chinese drywall manufactured by Knauf

Defendants.  As previously noted, the Defendants have stipulated to liability in this case.  In

Exhibit D (See Plaintiff's itemization in Exhibit 14 to the PFS), the Plaintiff Fact Sheet, Plaintiff

provided the value of personal property lost during ownership of the Affected Property and

assigned a value believed to be reasonable and appropriate based on a variety of sources such as

receipts, invoices, internet research or memory.  Plaintiff's justification for the damaged personal

property was offered through the PFS and through testimony at deposition.

In addition to the testimony and documentary evidence offered thus far, Plaintiff will

offer expert testimony at trial regarding the effect of drywall off-gassing on components of the

home and personal property susceptible to corrosion.  Defendant Knauf should be equitably

estopped from arguing that Plaintiff's lack of documentation to support their personal property or

other consequential damages when Plaintiff detrimentally relied upon the lack of warning and/or

lack of a product recall related to the Affected Property.  The parties undoubtedly assign a

different value to these consequential damages, but given that the omission of a warning results

in the trier of fact accepting Plaintiff's testimony in the light most favorable to Plaintiff,

sufficient support exists to overcome this summary judgment challenge.

Calculation of the diminution in value of the property is necessary under Florida law to

determine the appropriate damages payable to Plaintiff, using either the diminution in value rule

or the restoration rule.  Generally, damages for the wrongful injury of property are measured either by the diminution in the value of the property, referred to as the diminution in value rule, or by the costs of repairing or restoring the property to its condition prior to the injury, referred to as the restoration rule. *See Davey Compressor Co. v. City of Delray Beach*, 639 So.2d 595, 596 (Fla.1994). If the cost of repairs or restoration is less than the diminution in value, then the law requires that damages be measured by the costs of repairs or restoration. If the cost of repairs or restoration exceeds the diminution in value or if repairing or restoring the property is impracticable, then the law requires that damages be measured by the diminution in value. Plaintiff is not a property appraiser and cannot provide this valuation.  Plaintiff will rely upon fact witnesses at trial to provide the trier of fact with the necessary information upon which a correct verdict can be entered.  It is Plaintiff's position that Defendants motion fails to note this necessity under Florida law; thus, this Court should deny Defendant's summary judgment challenge in this respect and refer this issue to the transferor court to address during pretrial proceedings.

This Court previously considered consequential damages such as lost rental income and personal property damage and found that a plaintiff's damages are not limited to the diminution in value of the property and may include damages for loss in use and other consequential injuries.  *In Re Chinese Manufactured  Drywall Prod. Liab. Liti.,* 706 F. Supp. 2d 655, 692 (E.D. La. 2010).  This Court's ruling was consistent with the Restatement of Torts regarding compensation for consequential damages.  See Restatement (Second) of Torts § 929 (1979) (providing that damages for injury to real property include compensation for loss of use of the property and other consequential injuries in addition to any permanent property damage, whether measured by restoration or market value);  5C Michie's Jurisprudence, Damages, § 32 (2006)

15

(rule encompasses recovery of expenses incidental to irreparable injury); *accord Bailey v. Missouri P.R. Co.,* 383 So. 2d 397, 402, 1980 La. App. LEXIS 3636 at *15 (1980) (tortfeasor must compensate his victim "for even the most improbable severe consequences of his wrongful act."), citing, *Gallick v. B O R.R.,* 83 S.Ct. 659 (U.S. 1963).  Plaintiff requests this same standard to be applied in this instance.  Plaintiff's damaged personal property items are a consequential effect of the off-gassing from the defective drywall; therefore, a jury could find in favor of Plaintiff that those damages are recoverable under Florida law.  A genuine issue of material fact exists regarding personal property alleged to be damaged by off-gassing caused by Defendant Knauf's defective drywall.

Lack of an adequate notice and warning by Defendant Knauf has led Plaintiff to discard receipts, invoices, and personal property items affected by the off-gassing by the defective drywall.  It has led to Plaintiffs absorbing lost rent after the defective drywall was discovered in her home.  Additionally, lack of notice gave Plaintiff no notice ahead of the deadline to participate in the 2013 Knauf Settlement Class, approved by this Court on February 7, 2013.  Plaintiff is now in this particular action, filed in 2014 and unresolved in 2020, as a consequence.  Plaintiff should be afforded the opportunity to present evidence to a trier of fact and summary judgment should be denied.

> **E.    Defendants' failure to seek an order to compel cannot not be remedied through a motion for summary judgment disguised now as a motion to dismiss under FRCP Rule 37.**

Defendants did not take the steps necessary to seek dismissal now under Rule 37 of the Federal Rules of Civil Procedure.  Defendants never filed a motion for an order compelling disclosure or discovery related to this Plaintiff.  No attempt was made in good faith to remedy the alleged problems Defendants contend should now lead to summary judgment and dismissal

of Plaintiff's claims in this action.  And, Plaintiff did not fail to comply with any court order compelling her to take some action; consequently, this Court can deny Defendant's motion for summary judgment based on Rule 37 for this reason.

It is Federal Rule of Civil Procedure 37(a)(1)(B) provides for a motion to compel when: "a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling" the requested information. Fed.R.Civ.P. 37(a)(2)(B).  In this case, Defendant never submitted a request for inspection of Plaintiff's property under any Rule.  The property inspections were arranged by agreement of the parties.

Plaintiff's Affected Property is a rental property and was occupied by a renter at the time Defendants' experts were scheduled to inspect the property.  Through no fault of Plaintiff, the renter did not meet Defendants' experts at the scheduled time.  An additional inspection time was scheduled, but Plaintiff's renter would not confirm that he could be at the property at the proposed time, so the inspection was cancelled before the day Defendants' expert was scheduled to travel to Affected Property.  This was months prior to the discovery deadline and no effort was made to reschedule the inspection by Defendants.

With regard to Plaintiff's deposition in Silver Springs, Maryland, on September 18, 2019, Plaintiff made herself available at the scheduled time set in Defendants' deposition notice.  This deposition was set by Defendants and it was Defendants' deposition to take on that date, not Plaintiff's.  Under the Rules, Defendants have up to seven (7) hours to complete the deposition. See FRCP Rule 30(d)(1).   It is acknowledged that Plaintiff was without her reading glasses at the start of the deposition.  But, it is inaccurate that Plaintiff Counsel played any role in ending the deposition; it was not a deposition noticed by Plaintiff's Counsel and it was Defendants'

17

deposition to suspend or end.  It was Defense Counsel that chose to end the deposition within approximately 20 minutes of Plaintiff departing to a local pharmacy store to purchase reading glasses.  And, rather than attempt to continue the deposition upon her return or at a later date, Defendants chose to file this motion for summary judgment.  Their motion must necessarily fail if it is traveling under Rule 37, because Defendants have not complied with the requirements of Rule 37 prior to seeking a dismissal. No prior motions to compel have been sought by Defendants.

Federal Rule of Civil Procedure 37(b)(2) states that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FRCP(b)(2)(c).  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (citing *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)).  Here, Defendants are without any order compelling Plaintiff to take any action whatsoever.  Defendants chose not to continue Plaintiffs deposition on September 18, 2019, and Defendants chose not to attempt to reschedule a property inspection.  And, by allowing the discovery period to end without completing either of these activities, they have waived their right to do so.  It is for these reasons that Defendant's summary judgment should be denied.

## IV.   CONCLUSION

This lawsuit was filed because Defendant Knauf manufactured defective drywall found in Plaintiff's property.  The Knauf Defendants have stipulated that their drywall product is indeed defective.  Although counsel for Defendant Knauf has crafted an argument for summary

judgment, the facts and law in this instance simply do not support their legal position or their motion.

Plaintiff has provided ample information through pleadings and the discovery process for the Defendants to understand each claim asserted and the areas of damages being sought.  Most claims and damages have not been challenged by Defendants through this motion. (See Section I(B) *supra* for the claims and damages stated in the Fifth Amended Complaint).  Plaintiff has provided information to Defendants through responses to discovery requests directing Defendants to the Fifth Amended Class Action Complaint for the areas of damages that have neither been addressed nor challenged by Defendants to this point.  And, when taken in a light most favorable to the non-movant, in this case Plaintiff, the unresolved areas of damages present genuine issues of material fact that must be decided by a trier of fact.

The exhibits, including the deed, plaintiff profile form, supplemental plaintiff profile form, plaintiff fact sheet and Chinese drywall inspection report that are attached to this Opposition demonstrate that, at a minimum, Plaintiff's claims are viable and several genuine issues of material fact exist to defeat Defendants' summary judgment challenge.

For the foregoing reasons, Defendants' Motion for Summary Judgment should be denied. Multiple issues of material fact exist and are due to be decided by a trier of fact.

/s/ *James V. Doyle, Jr.*
James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Plaintiff Vashti Alethis Locke-Esberry's Opposition to Defendant Knauf's Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 17th day of January, 2020.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC