UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE AMENDED OPPOSITIONTO MOTION FOR SUMMARY
JUDGMENT ON CLAIMS ASSERTED BY WICLER PIERRE**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Strike Amended Opposition to Motion for Summary Judgment on Claims Asserted by Wicler Pierre (the "Motion").

**BACKGROUND**

The Knauf Defendants filed their Motion for Summary Judgment on November 25, 2019 (Doc. 22374). The Motion was originally noticed for submission on December 18, 2020 (Doc. 22374-8), but ultimately was set for hearing on January 22, 2020. Therefore, Mr. Pierre's opposition to the Motion was due on January 14, 2020. LR 7.5. Mr. Pierre timely filed an opposition on January 8, 2020 (Doc. 22547). The Knauf Defendants replied on January 15, 2020 (Doc. 22476).

*After* receiving the Knauf Defendants' reply, Mr. Pierre filed an "amended" opposition on January 17, 2020 (Doc. 22485). The amended pleading provides no explanation for why an amended response is necessary. It does, however, include new evidence—specifically, a declaration from Mr. Pierre stating that he was "confused" by some questions in his deposition and now seeks to "clarify some of the statements" made during the deposition. *See* Doc. 22485-6 at ¶ 3.

Mr. Pierre's deposition testimony was that in 2011 or 2012, when his neighbors were remediating their homes for Chinese drywall he "got somebody . . . to check for me" and that was when he "found out [he] had Chinese drywall." Ex. 4 to Motion for Summary Judgment, Depo Tr. at 28:14-25 (Doc. 22374-5 at p. 7). Mr. Pierre's new affidavit does not directly **refute** this statement, it merely **avoids** it—he still agrees that in 2010 to 2011 he learned his neighbors were finding Chinese drywall in their homes, but now says at that point in time an HOA representative or maintenance superintendent told him that "only some of the Chinese-made drywall was defective." Doc. 22485-6 at ¶ 13.

Mr. Pierre's declaration also does nothing to rebut his deposition testimony that a repairman told him in 2010 that his fuses had to be replaced because of "the drywall" or that he was aware before 2011 that if you "live in a house with Chinese drywall, it make[s] you sick." Ex. 4 to Motion for Summary Judgment, Depo Tr. at 39:21-40:9; 49:9-21 (Doc. 22374-5 at pp. 9-10, 13).

Mr. Pierre's statements in his declaration are insufficient to rebut his testimony that he knew his home contained Chinese drywall more than four years before he filed his lawsuit against the Knauf Defendants. More significantly, the amended opposition and exhibits are untimely and violate the sham affidavit rule.

## LAW AND ARGUMENT

The amended opposition and its exhibits should not be considered because they are untimely. Courts may only extend the time to file pleadings that must be filed within a specific time after the time has expired pursuant to a motion, and only if "the party failed to act because of excusable neglect." FED. R. CIV. PROC. 6(b)(1)(B); *see also Figgie Int'l v. Bailey*, 25 F.3d 1267, 1273 n.21 (6th Cir. 1994) (finding no abuse of discretion where a district court declined to admit an untimely "clarifying affidavit"). Mr. Pierre's "amended" opposition and its exhibits meet neither criterion. Mr. Pierre did not file a motion for leave to amend or correct his opposition out of time. Nor did Mr. Pierre provide any excuse for his neglect to submit a declaration to rebut his deposition testimony, first presented in the Knauf Defendants' Motion filed on November 25, 2019, until the amended opposition was filed on January 17, 2020.

Mr. Pierre's declaration is also a violation of the "sham affidavit" rule, which prohibits manufacturing disputes of fact merely to defeat motions for summary judgment. *See Hacienda Records, L.P. v. Ramos*, 718 Fed. App'x 223, 235 (5th Cir. 2018). As the Fifth Circuit has explained, "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Doe ex rel. Doe v. Dallas Independent Sch. Dist.*, 220 F.3d 380, 286 (5th Cir. 2000) (quoting *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)).

Mr. Pierre had ample opportunity at his deposition to explain that although his neighbors discovered Chinese drywall, he was unaware whether it was defective. But he did not—instead, when he was asked if he "didn't check" for Chinese drywall when he learned his neighbors were remediating their homes, he affirmatively (and emphatically) stated "I tell you, when the neighbor

do that, I got somebody from a friend **to check for me**," and agreed it was at that point that he found out his home had Chinese drywall. " Ex. 4 to Motion for Summary Judgment, Depo Tr. at 28:14-25 (Doc. 22374-5 at p. 7) (emphasis added).  Mr. Pierre cannot now, through a declaration, create an issue of fact by purporting to contradict this prior testimony.

### CONCLUSION

For the foregoing reasons, this Court should strike Mr. Pierre's untimely filed "amended" opposition and exhibits, including his sham declaration.

          Respectfully submitted,

          **FISHMAN HAYGOOD, LLP**

          /s/ *Kerry J. Miller*
          **KERRY J. MILLER (#24562), T.A.**
          **PAUL C. THIBODEAUX (#29446)**
          **DANIEL J. DYSART (#33812)**
          201 St. Charles Avenue, Suite 4600
          New Orleans, LA 70170
          Telephone:   504.556.5549
          Facsimile:   504.310.0275
          Email:   kmiller@fishmanhaygood.com
          ***Counsel for Defendants,***
          ***Knauf Gips KG and***
          ***Knauf Plasterboard (Tianjin) Co., Ltd.***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 20th day of January, 2020.

          /s/ *Kerry J. Miller*
          **KERRY J. MILLER**