UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | **JUDGE ELDON FALLON** |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | |
| | **MAGISTRATE JOSEPH WILKINSON, JR.** |
| **Case No. 14:cv-2722** | |

**REPLY MEMORANDUM IN SUPPORT OF
RULE 23 MOTION TO DENY CLASS CERTIFICATION**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Deny Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure as to the class claims asserted by the *Bennett* Plaintiffs in the Fifth Amended Class Action Complaint (the "*Bennett* Complaint").

In their Opposition, Plaintiffs fail to provide any evidence or argument that the class is certifiable. Indeed, Plaintiff's sole argument is that a decision on class certification is premature because Plaintiff's have not moved for certification and that class certification should be decided by the transferor court.

**A.    Plaintiffs' Fail to Controvert that the Bennett Action is Uncertifiable under Rule 23.**

Plaintiffs' failed to provide any evidence or argument to contradict that the class is not certifiable. For example, despite Plaintiffs' admitted burden to establish the certification criteria

under Rule 23, Plaintiffs have not provided any argument or evidence that a class is certifiable under Rule 23(a) and (b)(3). Indeed, in their opposition, Plaintiffs allege that the present issues relate to "case specific" and "fact-intensive inquiries." Therefore, as briefed by the Knauf Defendants in their Motion to Deny Class Certification and because the issues are uncommon and predominate over any common ones, this Court must deny class certification.

Plaintiffs have not provided any evidence or argument to controvert that a class is not certifiable under Rule 23(a) and (b)(2). As set forth by the Knauf Defendants, a class is not certifiable under Rule 23(a) and (b)(2) because Plaintiffs primary relief sought is monetary and it is not incidental to any injunctive relief.

Finally, Plaintiffs have not provided any evidence or argument that a class is certifiable under Rule 23(a) and (b)(1). Again, a class is not certifiable under Rule 23(a) and (b)(1) because it is undisputed that monetary relief is sought. Furthermore, Plaintiff has not submitted any evidence, argument, or allegation of a limited fund or that adjudication of one individual class member's claim is dispositive of the others. Indeed, Plaintiffs' position in opposition is that the issues are "case-specific" and "fact-intensive." Therefore, because Plaintiffs have failed to provide any evidence or argument to meet their burden under Rule 23, and for the clear reasons why certification is inappropriate in the Bennett action as set forth by the Knauf Defendants, the Court must deny class certification.

**B.    Denial of Class Certification is Not Premature.**

Federal Rule of Civil Procedure 23(c)(1) provides that class action certification must be determined "at an early practicable time." Plaintiff takes issue with the fact it has not moved for certification but it is clear that either party may move for relief under Rule 23, including a motion to deny or decertify a class action. Fed. R. Civ. P. 23; *Vinole v. Countrywide Home Loans, Inc.,*

571 F. 3d 305, 320 ("A defendant may move to deny class certification before a plaintiff files a motion to certify a class."). Indeed, a Court may deny class certification based on the pleadings alone where appropriate.[1] Despite the pendency of this action for years, and Plaintiffs' representations to the Court and the Defendants that individual claims named in the Class would be transferred to courts of competent venue and jurisdiction where the alleged affected properties are located, Plaintiffs have never dismissed their class allegations nor have they timely sought class certification.[2] Indeed, based on Plaintiffs' representations to the Court and the parties, and because Plaintiffs never timely moved for class certification, this Court instructed Plaintiffs to file protective individual actions in courts of competent jurisdiction.[3] Plaintiffs never filed protective

---

[1] *Terrebonne v. Allstate Ins. Co.,* 251 F.R.D. 208, 210 (E.D. La. 2007); *John v. Nat'l Sec. Fire & Cas. Co.*, No. 06-1407, 2006 WL 3228409, at *5 (W.D. La. Nov. 3, 2006), *aff'd*, 501 F.3d 443 (5th Cir. 2007); *Huff v. N.D. Cass Co.*, 485 F.2d 710, 713 (5th Cir. 1973); *Markey v. Louisiana Citizens Fair Plan*, No. CIV. A. 06-5473, 2008 WL 5427708, at *1 (E.D. La. Dec. 30, 2008); *Spiers v. Liberty Mut. Fire Ins. Co.*, No. CIV.A. 06-4493, 2006 WL 4764430, at *1 (E.D. La. Nov. 21, 2006) *Henry v. Allstate Ins. Co.*, No. CIV.A. 07-1738, 2007 WL 2287817, at *1 (E.D. La. Aug. 8, 2007).

[2] Local Rule 23.1(B) requires that "[w[ithin 91 days after filing of a complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later, plaintiff must move for class certification under FRCP 23(c)(1), unless this period is extended upon motion for good cause and order by the court. Local Rule 23.1(B) is an extension of Federal Rule of Civil Procedure 23(c)(1). *Taylor v. Denka Performance Elastomer LLC*, No. CV 17-7668, 2018 WL 339109, at *2 (E.D. La. Jan. 9, 2018). Courts have routinely denied class allegations where Plaintiffs failed to timely seek certification. *Escoe v. State Farm Fire & Cas. Co.*, No. CIV.A. 07-1123, 2007 WL 2903048, at *2–3 (E.D. La. Sept. 27, 2007) (striking class allegations because Plaintiffs did not seek certification timely under local rules and stating on the proposed class does not meet the requirements for certification because of several flaws in the class allegations, including "most glaring" that individual issues predominate). To comply with the local rule, a plaintiff may not rely on class allegations contained in a complaint, but must, instead, file a motion for class certification. *Cassidy v. Ford Motor* Co., No. CV 15-2483, 2016 WL 3001131, at *1 (E.D. La. May 25, 2016) (citing *Escoe.*, No. 07-1123, 2007 WL 2903048, at *2 (E.D. La. Sept. 27, 2007). The penalty for failing to satisfy Local Civil Rule 23.1(B), without moving for an extension of time, is the dismissal of class allegations. *Id.*; *McGuire v. Gulf Stream Coach, Inc.*, No. 06-5659, 2007 WL 1198935, at *1 (E.D. La. Apr. 20, 2007) (and cases cited therein).

[3] Plaintiffs allege that class issues were not addressed in the CMO and cites to an incorrect, previous CMO. It is undisputed that after the passing of the Local Rule 23.1(B) deadline, the Court entered a Case Management Order following opportunity of the parties to submit proposed case management orders. Subsequently, the Court addressed the issue of transfer back to courts of competent venue and jurisdiction in the amended CMO. Rec. Doc. 22359 (Amended CMO) ("Plaintiff will file protective actions in courts of proper venue and jurisdiction for cases to be remanded by December 15, 2019"). It is undisputed Plaintiffs failed to file the protective actions.

individual actions as contemplated by the CMO. Therefore, the Court should deny certification and dismiss the class allegations.

**C.    MDL Court May Address Class Certification.**

Plaintiffs argue that certification should be handled by the transferor court without addressing the requirements of Rule 23 or the need to address class certification at an early practicable time.  Plaintiffs do not address or concede to their prior representations regarding the individualized nature of the claims in the *Bennett* class complaint or Plaintiffs' failure to file protective actions as set forth in the Case Management Order.  Indeed, without citing any supporting law, Plaintiffs submit their argument that the transferor court should handle certification by including the same law regarding their pending motion for suggestion of remand.

Pursuant to Rule 23, and its authority as the transferee court in MDL-2047, this Court has previously addressed issues regarding class certification both in a non-settlement and settlement context.[4]  Furthermore, it is clear that other MDL courts have addressed the requirements of Rule 23 under the auspices of their MDL authority and discretion in complying with the federal rules, and specifically the requirements of Rule 23.[5]  Clearly, this Court, which has overseen a decade-long litigation in this MDL and supervised pretrial proceedings in this *Bennett* class action is an

---

[4] Rec. Doc. 16570 – Order and Judgment (1) Certifying the INEX, Banner, Knauf, L&W, and Global Settlement Classes; and (2) Granting Final Approval to the INEX, Banner, Knauf, L&W, and Global Settlements; Rec. Doc. 22287 – Order & Reasons Denying Class Certification (Mitchell); and Rec. Doc. 22460 – Order Granting Final Approval of the Class Settlement with Taishan.

[5] See, e.g., In re Auto. Parts Antitrust Litig., No. 12-MD-02311, 2016 WL 8200513, at *2 (E.D. Mich. Oct. 7, 2016) (court in which the MDL was pending granted class certification); In re Gen. Motors LLC Ignition Switch Litig., No. 14-MC-2543 JMF, 2015 WL 3619584, at *5 (S.D.N.Y. June 10, 2015) (noting that the court in which the MDL was pending would rule on class certification); In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig., No. MDL 09-2074 (FFMX), 2014 WL 12588474, at *2 (C.D. Cal. Dec. 4, 2014) (acknowledging that one of the purposes of the MDL was for a ruling on the class certification motion); In re New England Mut. Life Ins. Co. Sales Practices Litig., 183 F.R.D. 33, 44 (D. Mass. 1998) (holding that a decision on class certification of MDL cases was designed to advance pretrial preparations in furtherance of MDL's purpose).

appropriate Court to take action with respect to Plaintiffs' complete failure to move, argue, or establish the requirements of Rule 23 certification.

**D.      Plaintiffs' Opposition is Untimely.**

It must be noted that, though lacking in substantive evidence or arguments to controvert the Knauf Defendants' Motion, Plaintiffs' Opposition is untimely and may be disregarded. The Knauf Defendants' Motion was noticed for submission for January 8, 2020.  Plaintiff did not file any timely opposition under the Local Rules and on January 6, 2020 asked for a continuance of the oral argument set for January 8, 2020.  Although this Court reset oral argument to January 22, 2019 based on Plaintiffs' unavailability,[6] Plaintiffs failed to timely file any opposition prior to the submission date or in compliance with the Local Rules. Therefore, the opposition may be considered untimely and any arguments contained therein were waived and may not be considered by this Court in deciding the Knauf Defendant's motion.  *See Scales v. Huntleigh USA Corp.*, No. CIV. 11-2967, 2012 WL 860381, at *1 (E.D. La. Mar. 12, 2012) (stating Court is not required to consider untimely pleadings) (citing *Frick v. Quinlin*, 631 F.2d 37, 40 (5th Cir. 1980) (stating that the district court is free to disregard an untimely response); *see also LMS Commodities DMCC v. Libyan Foreign Bank*, No. 1:18-CV-679-RP, 2019 WL 1925499, at *1 (W.D. Tex. Apr. 30, 2019) (citing same).

**E.      CONCLUSION**

For these reasons, and for the reasons set forth in its Motion to Deny Class Certification, the Court should deny class certification under Rule 23.

---

[6] R. Doc. 22445.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:	504.556.5549
Facsimile:	504.310.0275
Email:	kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 15th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**