# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | |

## SETTLEMENT CLASS COUNSEL'S SUPPLEMENTAL RESPONSE TO MICHAEL GUERRIERO'S PURPORTED OBJECTION

Pursuant to Your Honor's request for a supplemental response to the purported objection submitted by non-Class Member Michael Guerriero, Settlement Class Counsel responds as follows:

At all relevant times, Mr. Guerriero and his wife Nancy Guerriero have been represented by counsel Parker Waichman LLP. The Guerrieros' claim was filed on the *Amorin* complaint, but they did not submit a Supplemental Plaintiff Profile Form ("SPPF") in accordance with PTO 11A and PTO 11B. On October 11, 2018, the Guerrieros' claim was remanded to Judge Cooke in the Southern District of Florida. Upon remand, Defendants filed a Motion to Dismiss[1] certain claimants for failure to file an SPPF by the deadline prescribed by this Court – March 22, 2018,[2] and pursuant to the Florida Trial Plan Order.[3]

---

[1] FLSD ECF No. 62.

[2] Rec. Doc. 21181.

[3] FLSD ECF No. 112 [Rec. Doc. 21933-1].

6

Common benefit counsel working under the direction of Class Counsel notified individual counsel for each claimant subject to the Motion to Dismiss, including counsel for Mr. and Mrs. Guerriero Parker Waichman, that the motion to dismiss was pending, and we sought their position with regard to the motion. Attorney Francisco Albites of Parker Waichman responded that Mr. Guerriero "instructed us to close his case," and, thus, Mr. Guerriero was included on a Motion to Voluntarily Dismiss Certain Claims with prejudice.[4] On October 17, 2018, Judge Cooke judicially dismissed the claims of Mr. and Mrs. Guerriero and hundreds of other Plaintiffs who agreed to voluntarily dismiss their claims.[5] Prior to the voluntary dismissal of Mr. Guerriero's claim on October 17, 2018, neither Mr. or Mrs. Guerriero nor their counsel submitted an SPPF on their behalf or requested an extension of time to do so.

At the time the Class Settlement was negotiated, hundreds of Plaintiffs' claims had been dismissed from the Litigation, including that of Mr. Guerriero. These claims had no value and were not considered in the calculation of the agreed-to Class Payment Amount. The Settlement Agreement expressly excludes Plaintiffs whose Claims were dismissed for failure to complete an SPPF or by motion for voluntary dismissal.[6] Accordingly, Michael Guerriero is not a Class Member. Nevertheless, now that a Class Settlement has been reached, Mr. Guerriero seeks to revive his dismissed claim and participate in the Settlement by contending that medical issues he sustained in December 2017 prevented him from timely submitting an SPPF in March 2018.

---

[4] FLSD ECF No. 81 [Rec. Doc. 22397-29].

[5] FLSD ECF No. 96 [Rec. Doc. 21888-1]; *see also* MDL Order Dismissing Mr. Guerriero's Claims [Rec. Doc. 21894].

[6] *See* Class Settlement Agreement [Rec. Doc. 22305-2], at Section 1.1.1; *see also* Preliminary Approval Order [Rec. Doc. 22314], at ¶ 3 and Judgment Granting Final Approval [Rec. Doc. 22466], at ¶ 3.

The medical records submitted by Mr. Guerriero confirm that he was hospitalized on December 23, 2017 and discharged on December 26, 2017, after suffering a stroke. Indeed, the final summary from the hospital records states: "Patient was discharged home in stable condition." Mr. Guerriero acknowledges missing the SPPF deadline, but asks the Court to "view this as a prime example of excusable neglect due to medical reasons beyond [his] control and to reinstate [his] case and grant [his] rights and privileges accorded to a settlement class member again."

Procedurally, Mr. Guerriero's objection to the Class Settlement is improper. As a non-Class Member, Mr. Guerriero has no standing to challenge the Settlement.[7] Moreover, his objection does not challenge the Settlement itself but rather the fact that he was excluded from the Settlement Class based on his failure to submit an SPPF and the voluntary dismissal of his claim. In order to vacate his dismissal, Mr. Guerriero should have filed a motion to vacate the October 17, 2018 dismissal Order under Federal Rule of Civil Procedure 60. In fact, Mr. Guerriero took no action on his claim until October 31, 2019, when he submitted his purported objection to Class Counsel.

Accordingly, the purported objection of Mr. Guerriero should be denied.

---

[7] *See In re Oil Spill by the Oil Rig Deepwater Horizon*, 910 F. Supp. 2d 891, 941 (E.D. La. 2012), *aff'd*, 739 F.3d 790 (5th Cir. 2014), *rehearing en banc denied*, 756 F.3d 320 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 734 (2014) (citing *Transamerican Refining Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992)); *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246 (7th Cir. 1992); *In re Vioxx Prods. Liab. Litig.*, 388 Fed. Appx. 391, 395 (5th Cir. 2010) (per curiam). The reason for this is because Plaintiffs falling outside the Settlement Class are entirely unaffected by the Settlement, and thus lack standing to challenge it. *Deepwater Horizon*, 910 F.Supp.2d at 941 (citing *Feder v. Electronic Data Systems Corp.*, 248 Fed. Appx. 579, 580 (5th Cir. 2007)); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir.1989); William B. Rubenstein, 4 Newberg On Class Actions § 13:22 (5th ed.). On this basis alone, the objection should be denied. *Feder*, 248 Fed. Appx. at 580 ("Because [the objector] did not prove his membership in the class, he lacks standing to object. We dismiss without reaching the merits of his claim.").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 22, 2020 | By: */s/ Stephen J. Herman*<br>Russ M. Herman (Bar No. 6819)<br>Leonard A. Davis (Bar No. 14190)<br>Stephen J. Herman (Bar No. 23129)<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>Phone: (504) 581-4892<br>Fax: (504) 561-6024<br>SHerman@hhklawfim.com<br>*Plaintiffs' Liaison Counsel MDL 2047 and Settlement Class Counsel* |
|  | Arnold Levin<br>Fred S. Longer<br>Sandra L. Duggan<br>Keith Verrier<br>Levin Sedran & Berman LLP<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Phone:  (215) 592-1500<br>Fax:  (215) 592-4663<br>alevin@lfsblaw.com<br>*Plaintiffs' Lead Counsel MDL 2047 and Settlement Class Counsel* |
|  | Patrick Shanan Montoya<br>Fla. Bar No. 0524441<br>Patrick@colson.com<br>Colson Hicks Eidson<br>255 Alhambra Circle, PH<br>Coral Gables, FL  33134-2351<br>Phone:  (305) 476-7400<br>Fax:  (305) 476-7444<br>*Plaintiffs' Steering Committee MDL 2047 and Settlement Class Counsel* |

Richard J. Serpe, Esq.
LAW OFFICES OF RICHARD J. SERPE, PC
580 E. Main Street, Suite 310
Norfolk, Virginia 23510
Phone: (757) 233-0009
Fax: (757) 233-0455
Rserpe@serpefirm.com
*Plaintiffs' Steering Committee MDL 2047 and
Settlement Class Counsel*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing has been served on Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail <u>or</u> by hand delivery and e-mail <u>and</u> upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, which will serve a notice of the uploading in accordance with the procedures established in MDL 2047, on this 22nd day of January, 2020.

      <u>/s/ Stephen J. Herman</u>
      Stephen J. Herman
      HERMAN, HERMAN & KATZ, LLC
      820 O'Keefe Avenue
      New Orleans, Louisiana 70113
      Phone: (504) 581-4892
      Fax: (504) 561-6024
      sherman@hhklawfirm.com