UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047  SECTION "L" |
| This document relates to:  *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*  Case No. 14:cv-2722 | JUDGE ELDON FALLON  MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY JAMES BLEVINS**

**MAY IT PLEASE THE COURT:**

In moving for summary judgment, the Knauf Defendants presented evidence that (1) Mr. Blevins left his home voluntarily to move to South Carolina, independently of Chinese Drywall, (2) there was relatedly no evidence whatsoever of any loss of use or loss of enjoyment, and (3) Mr. Blevins admittedly was not making claims for his "old house" in Florida at the time of his deposition and still has not to this day provided any competent evidentiary support for any alleged damages arising from that property. In his Opposition, Mr. Blevins spends twenty-two pages discussing the discovery date of the Chinese Drywall, "equitable estoppel," and an alleged post-sale duty to warn, but he never addresses the much-more-fundamental causation and evidentiary issues raised by the Knauf Defendants in their Motion. The Knauf Defendants satisfied their burden of demonstrating an absence of a genuine issue for trial, and Blevins failed to produce contradictory evidence. Mr. Blevins' claims should be dismissed.

1. **Plaintiff failed to meet his burden as non-movant.**

As a preliminary matter, once the Knauf Defendants satisfied their burden of demonstrating the absence of a genuine issue for trial, Plaintiff was required to identify specific factual support in opposition. *See, e.g.*, FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).

In this case, the Knauf Defendants supported their Motion for Summary Judgment on Plaintiff Blevins' claims with specific citations to record evidence demonstrating the absence of any genuine issue of material fact for trial. Plaintiff responded without identifying any "cit[ations] to particular parts of materials in the record," *see* FED. R. CIV. P. 56(c)(1), or any "specific facts showing a genuine issue for trial," *see TIG Ins. Co.*, 276 F.3d at 759; thus, his claims should be dismissed, *see id.*

2. **Mr. Blevins' claims were for damages associated with moving to South Carolina, and it is undisputed that he cannot recover those amounts.**

Mr. Blevins testified at his deposition that he did not initially make any claim for amounts related to his "old house" in Florida. *See, e.g.*, Exhibit D to Motion, Blevins Depo., at 78:6-82:15. Rather, Mr. Blevins provided documentation supporting asserted claims for amounts associated with a new house in South Carolina, but those amounts were admittedly incurred independently of Chinese Drywall, *see id.* at 27:17-28:5, and Mr. Blevins has provided no evidence in his Opposition to rebut that fact. Consequently, Mr. Blevins' claims for amounts incurred in moving to or living in South Carolina fail for basic causation reasons and should be dismissed. *See, e.g.*,

*Gringauz v. Sherwin-Williams Co.*, Case No. 09-60197-COV-DIMITROULEAS, 2010 WL 11530661, at *6 (S.D. Fla. July 23, 2010) (setting forth that causation is a basic requirement of tort claims like Mr. Blevins').

3.  **Plaintiff's arguments on loss of use/loss of enjoyment miss the mark.**

As noted in the Knauf Defendants' Motion, there is zero evidence that Mr. Blevins experienced any loss of use or loss of enjoyment of his property. Plaintiff's Opposition is further devoid of any such support.

Plaintiff attempts to make up for his lack of evidence through argument, specifically focusing on two cases—*McCreary v. Florida Residential Property & Casualty Joint Underwriting Association*, 758 So. 2d 692 (Fla. Dist. Ct. App. 1999), and *Mid-Continent Casualty Co. v. Adams Homes of Northwest Florida, Inc.*, 725 F. App'x 777 (11th Cir. 2018)[1]—to argue that "Plaintiff is not required to prove that the Affected Property was not inhabitable in order to recover for loss of use an[d] enjoyment under Florida law." (*See* Doc. 22463 at 23). Setting aside the accuracy *vel non* of Plaintiff's argument, the bottom line is that Plaintiff has *no* evidence of any loss of use or loss of enjoyment. To the contrary, Plaintiff testified that he learned there was Chinese Drywall in his home *after he decided to move to South Carolina*, and even more, when asked for the support for his loss-of-use/loss-of-enjoyment valuation, Plaintiff testified that the only basis he had for including that amount was a formula his lawyer gave him. *See* Exhibit D to Exhibit 1, Blevins

---

[1] Notably, both of these cases were decided in the context of a motion for summary judgment on an insurer's duty to defend and thus invoked the principle that "insuring or coverage clauses are construed in the broadest possible manner to affect the greatest extent of coverage." *See McCreary*, 758 So. 2d at 695. There was no actual finding that the allegations in the underlying suits gave rise to a viable claim for loss of use; instead, the allegation of such loss of use, "when fairly read, create[d] a factual issue as to the loss of use of the property of the appellants" in the context of a duty to defend. *See id.*; *see also Mid-Continent Cas. Co.*, 725 F. App'x at 781 ("Although it is unclear whether the physical discomfort caused by the run-off is severe enough to prevent Homeowners from using their property, the same was true of Rebalko's allegations in *McCreary*. . . . Like Rebalko, Homeowners are entitled to have any ambiguity about whether the physical discomfort caused by the run-off was severe enough to cause loss of use resolved in their favor.").

Depo., at 27:17-28:5, 46:4-48:1. Unlike *McCreary* and *Mid-Continent Casualty Co.*—which were decided in the duty-to-defend context and in which the respective plaintiffs were allegedly aware of and made uncomfortable by the conditions at issue—Mr. Blevins has provided no evidence that he suffered any loss of use or loss of enjoyment at all. That claim should be dismissed. *See MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 229 (Fla. 2008) ("Because MCI did not actually suffer the loss of use of its telecommunications service, damages for loss of use measured by the rental replacement value would result in a windfall to MCI. Any damages to MCI based on rental replacement are theoretical.").

4. **Plaintiff's "equitable estoppel" arguments have no application to this case.**

The Knauf Defendants in their Motion pointed out that (1) Mr. Blevins testified that he initially did not make any claim relative to his "old house" in Florida but (2) had information on those amounts and would provide that information to the Knauf Defendants. *See* Exhibit D to Motion, Blevins Depo., at 78:6-82:15. That information has not been provided—either before the Knauf Defendants moved for summary judgment or in Plaintiff's Opposition. Thus, the "claim"—to the extent one exists at all—for damages arising from the Florida property should be dismissed.

To the extent Plaintiff asserts that this documentation does not exist because he purportedly never received any notice of Chinese Drywall and consequently "did not keep invoices, receipts, or tangible items to document the damages," (*see* Doc. 22463 at 12), the argument misses the mark. Plaintiff stated he originally was not making a claim for damages relative to his "old house" and that, contrary to any estoppel argument, he did in fact have records related to that Florida home. *See* Exhibit D to Motion, Blevins Depo., at 78:6-82:15. Thus, the issue is not whether documentation has been destroyed or lost over time; rather, Mr. Blevins said he had supporting information but has failed to produce it. Absent any supporting evidence (or indeed an actual

claim), the Knauf Defendants are entitled to summary judgment on any claims for damages arising from Mr. Blevins' Florida home.

5. **Plaintiff has not supported and cannot support his claims for personal-property damages.**

As explained in the Knauf Defendants' Motion, the "values" assigned by Mr. Blevins for his personal-property claims are not supported by competent evidence: the "value" assigned to his air conditioner was based on an estimate about which Blevins could not remember the details, the "value" assigned to his microwave was based on an uncertain recollection of a general search for built-in microwaves, and the "values" assigned to the other items were based solely on Blevins' guesses formed from years as a "jack-of-all-trades." *See* Exhibit D, Blevins Depo., at 84:18-85:8 (air conditioning air handler and coils), 86:4-23 (electrical components), 87:21-23 (two fans and four light fixtures), 90:1-6 (plumbing fixtures), 91:21-92:2 (microwave), 93:14-93:24 (microwave), 94:3-15 (mirrors); *see also id.* at 91:5-20. None of this evidence is sufficient to withstand summary judgment. *See, e.g.*, *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) ("A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'" (quoting *Likes v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012)).

Again, the only argument against summary judgment on these claims that can be gleaned from Plaintiff's briefing is his assertion that "because there was [allegedly] no warning to Plaintiff regarding the potential presence of defective drywall in their home, they detrimentally relied upon the omission and did not keep invoices, receipts, or tangible items to document the damages." (*See* Doc. 22463 at 12). But this again misses the mark: Plaintiff could have provided (but did not provide) documentation supporting current estimates for his air-conditioner and microwaves (especially because he testified that he searched the internet for pricing of microwaves, *see* Exhibit

D to Motion, Blevins Depo., at 91:21-92:2), or he could have produced the credit-card statements he admittedly has, *see* Exhibit D to Motion, Blevins Depo., at 72:4-73:2). Even more, as to any "values" assigned by Mr. Blevins as a "jack-of-all-trades," Plaintiff does not dispute—and in fact appears to concede in his briefing—that he lacks any foundation to assign those values. *See id.* at 86:4-23, 87:21-23, 90:1-6, 94:315, 91:5-20; *see also* Doc. 22463 at 14 ("Plaintiff has no expertise in construction."). Consequently, the evidence in this case demonstrates that, to the contrary of his assertions in brief, Plaintiff could have provided but did not provide documentation that might have supported his claims.[2] Absent any competent supporting evidence, Plaintiff's claims for damages relating to his personal property are supported only by "speculation, improbable inferences, or unsubstantiated assertions," and the claims should be dismissed. *See Lawrence*, 808 F.3d at 673 (internal quotations omitted).

**6.   Conclusion**

For the foregoing reasons and those previously asserted in the Knauf Defendants' original Memorandum in Support, this Court should grant summary judgment, dismissing Blevins' claims with prejudice.

**[Signatures on Following Page]**

---

[2] The Knauf Defendants do not concede that any documents that might have been produced would have supported Plaintiff's damages claims.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**