UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY KURT AND SUZANNE TOLLIVER**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Kurt and Suzanne Tolliver (collectively, "Plaintiff") against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").[1]

First, the Property was previously in litigation, settled, and released by the Knauf Class Settlement Agreement. Second, there can be no dispute that Plaintiff had affirmative knowledge of Chinese drywall, the prior litigation, and the Knauf Class Settlement Agreement, and assumed the risk of Chinese drywall by knowingly and voluntarily purchasing the Property "as-is." Third,

---

[1] At the outset, Plaintiffs have indicated that the only issue to decide at trial is damages. This is patently incorrect because while the Knauf Defendants have offered to stipulate to product defect in appropriate cases, Plaintiff has not agreed to any proposed stipulations. Moreover, causation will be an issue at trial.

Plaintiff has not provided any appropriate evidence to dispute the uncontested facts set forth by the Knauf Defendants.

A.  **The Property was Previously in Litigation, Settled, and Released by the Knauf Class Settlement Agreement.**

Plaintiff attempts to raise an issue regarding payment and release information. It is undisputed that the Property was part of the Knauf Class Settlement Agreement. Plaintiff's predecessor in title filed claims against the Knauf Defendants for Chinese drywall located in the Property in Case No. 10-262. Rec. Doc. 22447-4. Plaintiff's predecessor in title was a class member of the Knauf Class Settlement Agreement and the GBI settlements. *Id.* Plaintiff's predecessor in title filed claims to the Knauf Class Settlement Agreement and obtained settlement benefits from the GBI settlements. *Id.*; see also Exhibit A. Therefore, the prior owner and Affected Property was included in the Knauf Class Settlement Agreement and is subject to the Court's final approval order and class release.[2] Thus, Plaintiff's claims are barred.

B.  **Plaintiff Assumed the Risk of Chinese Drywall by knowingly and voluntarily purchasing the Property "As-Is" under the circumstances.**

There is no genuine issue of material fact, and Plaintiff's claims are barred because it assumed the risk of Chinese drywall by knowingly and voluntarily purchasing the Property "as-is" under the circumstances. While the declarations provided in Opposition are contradictory to the deposition testimony and should be disregarded, there can be no genuine dispute that Plaintiffs expressly assumed the risk purchasing the Property "as-is" and knowingly and voluntarily with the knowledge that the Property contained defective Chinese drywall. The affirmative defense version of the assumption of risk doctrine precludes recovery where a plaintiff voluntarily and

---

[2] R. Doc. 16570 (Final Approval Order); R. Doc. 16407-3 (Third Amended Knauf Class Settlement Agreement).

unreasonably exposes herself to a known risk, albeit a risk created by a defendant's negligence. *Blackburn v. Dorta*, 348 So.2d 287 (Fla.1977).

It is undisputed that prior to purchasing the Property, Plaintiffs were provided notice of the prior owner's Chinese drywall claim, that the Property contained Chinese drywall, and that it was part of a Chinese drywall settlement program administered by this Court. Indeed, Plaintiff bought the Property in 2015 after an appraisal was conducted. The appraisal informed Plaintiff of the Chinese drywall in the Property, remediation efforts by the previous owner, and post-remediation testing. Rec. Doc. 22427-2 at 29; Rec. Doc. 22447-5 at 3-4. This Court has cautioned that when a property owner purchases property in areas known to have the possibility of Chinese drywall, they are assuming a risk without conducting a Chinese drywall inspection. Rec. Doc. 20934. Furthermore, to the extent Plaintiff denies this in "Declarations" attached to their Opposition, "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further:

> Affidavits submitted in opposition to a motion for summary judgment may supplement deposition testimony, but cannot contradict prior testimony without explanation. In other words, the summary judgment affidavit may supplement deposition testimony by clarifying or amplifying the facts with greater detail but may not simply "tell[ ] the same story differently."

*Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 920–21 (5th Cir. 2009) citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir.1996).

Therefore, there can be no dispute that Plaintiffs were put on notice of fact the Property contained defective Chinese drywall. However, Plaintiff accepted this risk without any further inquiry or investigation and knowingly and voluntarily purchased the Property "as-is."

Plaintiff argues that a risk should not be borne by a purchaser in a sale if that specific risk was not known to the purchaser. If true, this proposition would undermine the purpose of an "as-is" sale by making the seller bear the burden of the purchaser's willful blindness such that the less

the purchaser knew, the more risk the seller would bear. This is not the case—the purchaser bears the risk. Plaintiff has provided no inspection reports or evidence of further inquiry into the presence of Chinese drywall, the remediation efforts, or the post-remediation testing. Plaintiff chose to purchase the Property subject to having this information. Plaintiff chose to accept the risks attendant with this lack of information, and Plaintiff assumed the risk inherent in the purchase—including the possibility that the Property contained Chinese drywall. For these reasons, Plaintiff's claims are barred under Florida law.

Plaintiff further argues that the Knauf Defendants allegedly failed to warn Plaintiff of defective drywall after a post-sale duty to warn arose. Even though this is inapplicable because Plaintiffs had affirmative knowledge of the defective Chinese drywall and the Knauf Class Settlement Agreement, the Fifth Amended Complaint is completely devoid of any such allegation. Not only is the Fifth Amended Complaint devoid of any such allegation, but Plaintiff has not shown and cannot now show that any such duty arose as to him specifically or that the Knauf Defendants breached any such duty.  Indeed, the Fifth Amended Class Action Complaint is completely silent on any alleged breach by the Knauf Defendants of a post-sale duty to warn. (*See generally* Doc. 21334). Even more, in arguing that the defects in the drywall were "latent," Plaintiff directly contradicts the oft-repeated allegation in the Fifth Amended Class Action Complaint that the drywall emits "noxious gases." (*See, e.g.*, *id.*, ¶¶ 23, 25, 27, 31). Plaintiff cannot use his Opposition brief to raise new claims; thus, his "post-sale duty to warn" arguments should be rejected. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) ("We also conclude that the district court did not err in denying DeKort's motion for partial summary judgment because he attempted to raise a new claim, not asserted in his fifth amended complaint."); *see also Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004)

("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage.").

Even if the Court were to consider Plaintiff's "post-sale duty-to-warn" argument, Plaintiff's assertions fail on the merits. Florida has applied the formulation of the Restatement (Third) of Torts in determining whether a post-sale duty to warn exists and whether any such post-sale duty has been breached. *See, e.g.*, *Sta-Rite Indus., Inc. v. Levey*, 909 So. 2d 901, 905 (Fla. Dist. Ct. App. 2004) (applying the Restatement (Third) of Torts, § 10). As is relevant here, the Restatement (Third) of Torts provides that no post-sale duty arises unless "those to whom a warning might be provided can be identified and can reasonably be assumed to be unaware of the risk of harm." *See* Restatement (Third) of Torts, § 10(b)(2)). This Court is very familiar with the complex distribution network that was involved with the distribution of Chinese Drywall throughout the United States. (*See also* Doc. 22463 (conceding in a brief by one of the plaintiffs that "Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States")). The Knauf Defendants in concert with Banner, INEX, the builder/installer defendants and the PSC through various settlement notice programs, made a significant effort to identify and notify the individuals who purchased Chinese Drywall; as to those persons whom the Knauf Defendants were not able to contact regarding Chinese Drywall, Plaintiff has not shown any method by which the Knauf Defendants could have identified and warned Plaintiff. Absent evidence that "those to whom a warning might be provided can be identified," *see id.*, no duty to warn arose as to Plaintiff, and the post-sale duty-to-warn claims fail, *see, e.g.*, *Greater N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 522 (Minn. 2018) (adopting the approach from the Restatement (Third) of Torts

and explaining that no duty to warn arose where the defendant was the first company in a lengthy distribution chain).

Moreover, even if a duty existed, the Knauf Defendants would have satisfied their obligation to warn, and Plaintiff could not demonstrate a breach. As the Court knows (and approved), the Knauf Defendants, along with co-defendants in the distribution chain and the PSC, engaged in a substantial notice campaign in which many ultimate purchasers of Chinese Drywall were located and notified. (*See, e.g.*, Doc. 12138 at 24 (approving of the notice proposal included in the Knauf settlement)). Plaintiff has presented no evidence to show that these notice efforts were unreasonable, and thus these claims should be dismissed. *See, e.g.*, *Robinson v. Brandtjen & Kluge, Inc.*, 500 F.3d 691, 698 (8th Cir. 2007) ("In this case, moreover, there is undisputed evidence that B & K did undertake a post-sale warning campaign…. Whatever the scope of the post-sale duty to warn, it does not extend to warning each individual employee of a company that owns a press some sixty-one years after the sale." (applying the Restatement (Third) of Torts, § 10)).

**C.    Summary Judgment is Appropriate Because Plaintiff Has Not Provided Any Evidence to Dispute the Uncontested Facts Set Forth by the Knauf Defendants.**

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case. *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010). The Knauf Defendants more than met this burden in their motion by pointing out that Plaintiff failed to provide documents and competent evidence to support their claims for loss of use and personal property. Rec. Doc. 22447-3 at 1-10. Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims. *Ratliff v. Advisors Asset Mgmt., Inc.,* 660 F. App'x 290, 291 (5th Cir. 2016).

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004) "[U]nsubstantiated assertions are not competent summary judgment evidence," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment." *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017). Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact." *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

Plaintiff did not meet this burden. Plaintiff's opposition cites **no competent** evidence showing a genuine dispute as to any of those damage claims.

First, Plaintiff cites no evidence regarding alleged remediation damages but rests on legal arguments related to prior rulings on the calculation of remediation damages. Rec. Doc. 22484 at 19-20. Plaintiff has failed to identify **evidence** indicating a genuine issue of material fact for these claims.

Plaintiff likewise fails to provide any support or evidence that it was deprived of the use of the Property to support its loss of use and/or loss of enjoyment claims.[3] Rather, Plaintiff simply cites to "past verdicts in Chinese drywall litigation" as support for these claims. Rec. Doc. 22484

---

[3] In Florida, "[l]oss of use damages are only recoverable when an owner suffers a complete deprivation of his property." *AT&T Corp. v. Lanzo Constr. Co., Fl.*, 74 F. Supp. 2d 1223, 1225 (S.D. Fla. 1999). Therefore, for example, when the owners of a home experience severe roof leaks, but continue to reside in the home, they are not entitled to damages for loss of use. *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985); *see also* Exhibit A to Motion for Summary Judgment (R. Doc. 22428-2 at p. 15).

at 20. Like the remediation damages claim, Plaintiff has failed to identify evidence indicating a genuine issue of material fact for these claims.

While Plaintiff cites an itemized list from the PFS of allegedly damaged personal property, the list consists of unsupported conjecture. The list is simply based on Plaintiff's belief as to the respective values of the items therein, which is nothing more than self-serving conjecture. Rec. Doc. 22484 at 22; Rec. Doc. 22447-3 at 103-105. Further, while Plaintiff cites to unknown receipts, invoices, and internet research as a basis for these beliefs, none of this information is cited or presented. *Id.* at 25. Plaintiff has failed to identify evidence indicating a genuine issue of material fact for these claims.

Regarding the diminution of value claim arguments asserted in Plaintiff's opposition, Plaintiff did not make a diminution of value claim. *See* SPPF, Rec. Doc. 22447-3 at 5. Plaintiff cannot raise new claims in its opposition to this Motion. *See, e.g., DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012). Any such claims should be dismissed as a matter of law. Even assuming Plaintiff properly claimed diminution of value, Plaintiff cites to **no** evidence and simply rests its claim on the promise that it will call fact witnesses at trial to establish the claim because Plaintiff is not an appraiser. Thus, there is no evidentiary support, and this claim consists of unsupported conjecture. As with the other claims above, Plaintiff has failed to identify **evidence** indicating a genuine issue of material fact for these claims. Overall, Plaintiff's damage claims are wholly unsupported and must be dismissed.

### D.   Conclusion

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 21st day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**