UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | JUDGE ELDON FALLON |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF CLAIMS ASSERTED BY
<u>JOSHUA KELLEY AND TERRY HAMILTON</u>

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Joshua Kelley and Terry Hamilton (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint") and Plaintiffs' second Motion to Intervene (the "Second Motion to Intervene").

**I.    Factual and Procedural Background**

   **A.    *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of

construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese-manufactured drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese-manufactured drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese-manufactured drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

1500106v.1

### B.      *The Bennett Complaint and Kelley and Hamilton*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Joshua Kelley is a plaintiff in the operative Fifth Amended Complaint, filed in March 2018, and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in his property located at 160 Blairs Circle, Pell City, Alabama (the "Property"). Terry Hamilton, also known as Ernest Hamilton, is a plaintiff listed in Plaintiffs' Motion to Intervene wherein Terry Hamilton made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the Property.[2] In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs completed and submitted a PPF,[3] SPPF,[4] and PFS.[5] The documents were completed under penalty of perjury.

Joshua Kelley purchased the Property in 2012.[6] Terry Hamilton was subsequently added to the deed.[7] Joshua Kelley testified that the Property was first suspected to have Chinese-manufactured drywall when Kelley's cousin, Starla Jones, indicated to Terry Hamilton and

---

[2] *See* Motion to Intervene, R. Doc. No. 22334, p. 2.
[3] Exhibit 1.
[4] Exhibit 2.
[5] Exhibit 3.
[6] Exhibit 4, Deposition of Joshua Kelley at 13:20-22.
[7] *Id.* at 6:2-5.

3

Kelley's mother that the Property may have Chinese-manufactured drywall.[8] Terry Hamilton prepared an invoice dated December 5, 2013, to repair the Property for Chinese-manufactured drywall.[9] Yet, Kelley did not file this matter until March 2018. Further, Hamilton did not intervene until October 2019.

Prior to this matter, claims ("Claims") to both the Knauf Settlement and InEx Settlement agreements were filed for the property located at 160 Blairs Circle in Pell City, Alabama on September 26, 2013.[10] Brown Greer PLC confirmed that the Claims were part of the Knauf and InEx settlement classes and that the Claims were timely filed under those settlements.[11] Joshua Kelley was deposed on December 5, 2019. Terry Hamilton was deposed on December 5, 2019 and adopted Joshua Kelley's testimony as his own.[12]

**II.     Law & Argument**

   *A.     Legal Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[14]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the

---

[8] *Id.* at 10:19-25.
[9] Exhibit 5, Deposition of Terry Hamilton at 7:12-20.
[10] Exhibit 6, Affidavit of Jacob S. Woody, Claims Administrator for the Knauf Settlement and InEx Settlement agreements.
[11] *Id.*
[12] Exhibit 5, Deposition of Terry Hamilton at 4:1-8.
[13] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[14] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

movant bears the burden of proof at trial.[15] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[16]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[17] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[18] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[19] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[20]

### B. *Joshua Kelley's Claims are barred by Res Judicata*

Plaintiffs' claims are barred because Claims ("Claims") to both the Knauf Settlement and InEx Settlement agreements were filed for the Property. "Res judicata is a judicially created doctrine that precludes the relitigation of matters that have been adjudicated or that could have

---

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[16] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[17] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[18] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[19] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[20] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

been adjudicated in the prior action."[21] The elements of res judicata are "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions."[22] "[A] class-action settlement can serve as a prior judgment on the merits for res judicata purposes."[23]

Here, claims to both the Knauf Settlement and InEx Settlement agreements were timely filed for the Property, and the claims were part of the those settlements.[24] Res judicata applies to bar Plaintiffs' claims in this action because there has been a prior judgment on the merits via the settlement agreements for the same claim that is currently before this Court.[25] Thus, res judicata applies and Plaintiffs' claims should be barred.

### C. *Plaintiffs' Claims are barred by Statute of Limitations*

Moreover, Plaintiffs' claims are barred by the statute of limitations. Generally, "the statute of limitations begins to run in favor of the party liable from the time the cause of action accrues."[26] "A negligence cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of damages is apparent at the time of the first legal injury."[27] "There is, however, no 'discovery rule' to toll the running of the limitations period with respect to negligence or wantonness actions. . . ."[28] In Alabama, actions founded on negligence and property

---

[21] *Ex parte Chesnut*, 208 So. 3d 624, 635 (Ala. 2016) (citing *Lee L. Saad Constr. Co. v. DPF Architects, P.C.,* 851 So. 2d 507 (Ala. 2002)).
[22] *Equity Res. Mgmt., Inc. v. Vinson,* 723 So. 2d 634, 636 (Ala. 1998).
[23] *Alabama Dep't of Transp. v. Price*, 854 So. 2d 59, 63 (Ala. 2003) *citing Providian Nat'l Bank v. Pritchett*, 846 So. 2d 1072 (Ala. 2002).
[24] Exhibit 6, Affidavit of Jacob S. Woody, Claims Administrator for the Knauf Settlement and InEx Settlement agreements.
[25] Exhibit 4, Deposition of Joshua Kelley, at 18:6-20.
[26] *Chaney v. Ala West–AL, LLC*, 22 So. 3d 488, 496 (Ala. Civ. App. 2008) (citation and internal quotation marks omitted).
[27] *Gilmore v. M & B Realty Co.*, 895 So. 2d 200, 208 (Ala. 2004) (*quoting Koch v. State Farm Fire & Casualty Co.*, 565 So. 2d 226, 231 (Ala. 1990)).
[28] *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993).

1500106v.1

defects, including claims for unjust enrichment resulting therefrom,[29] are subject to a two-year statute of limitations.[30] Similarly, Plaintiffs' claims under the Alabama Deceptive Trade Practices Act are subject to a one-year limitations period, beginning from the date Plaintiff discovered or reasonably should have discovered the defect.[31] Plaintiffs' claims for breach of warranty are subject to a four-year limitations period, beginning from the date tender of delivery is made.[32]

Joshua Kelley purchased the Property in 2012.[33] Terry Hamilton was subsequently added to the deed.[34] Joshua Kelley testified that the Property was first suspected to have Chinese-manufactured drywall when Kelley's cousin, Starla Jones, indicated to Terry Hamilton and Kelley's mother that the Property may have Chinese-manufactured drywall.[35] Terry Hamilton prepared an invoice dated December 5, 2013, to repair the Property for Chinese-manufactured drywall.[36] Thus, it was known on or before December 5, 2013 that the Property contained Chinese-manufactured drywall. Yet, Kelley did not file claims in this matter until March 2018, over four years after it was known that the Property contained Chinese-manufactured drywall. Further, Hamilton did not intervene until October 2019—almost six years after he knew that the Property contained Chinese-manufactured drywall. As such, Plaintiff's claims are barred under the two-year statute of limitations period and should be dismissed.

---

[29] Although the Alabama Supreme Court has not directly addressed the issue, Alabama's federal courts have predicted that "Alabama courts would hold that the statute of limitations on an unjust enrichment claim would follow the statute of limitations applicable to the underlying conduct." *AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-CV-02090-KOB, 2018 WL 3368855, at *5 (N.D. Ala. July 10, 2018) citing *Auburn Univ. v. Int'l Business Machines, Corp.*, 716 F. Supp. 2d 1114, 1117–18 (M.D. Ala. 2010); see also *Snider v. Morgan,* 113 So. 3d 643, 655 (Ala. 2012).
[30] ALA. CODE § 6-2-38.
[31] ALA. CODE § 8-19-14.
[32] ALA. CODE § 7-2-725.
[33] Exhibit 4, Deposition of Joshua Kelley at 13:20-22.
[34] *Id.* at 6:2-5.
[35] *Id.* at 10:19-25.
[36] Exhibit 5, Deposition of Terry Hamilton at 7:12-20.

1500106v.1

### III. CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to Plaintiffs, Plaintiffs' claims should be dismissed. Plaintiffs' claims are barred by res judicata because claims to both the Knauf and InEx Settlement agreements were filed for the Property. Moreover, Plaintiffs' claims are barred by the statute of limitations. There is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0275
Email:         kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co. Ltd.***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 23rd day of January, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**