**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: CHINESE MANUFACTURED | : | MDL NO. 2047 |
| DRYWALL PRODUCTS LIABILITY | : | |
| LITIGATION | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| ALL CASES | : | MAG. JUDGE WILKINSON |

**RESPONSE OF COLLINS & HORSLEY, P.C. TO THE COURT'S ORDER**
**REGARDING ALLOCATION AND MOTION REQUESTING THE COURT**
**TO ORDER THE CLERK TO REMIT PAYMENT OF ALL FEES**
**TO COLLINS & HORSLEY, P.C.**

Pursuant to the Court's request, this Response is being resubmitted in the U. S. District Court for the Eastern District of Louisiana, as it was previously erroneously filed via Lexis/Nexis.

COMES NOW, William Brian Collins and, on behalf of his firm, Collins & Horsley, P.C., and responds to this Court's request and moves the Clerk of this Court to remit all funds for fees earned by Collins & Horsley, P.C., to that firm. The Movant would show unto the Court the following:

1.      That Collins & Horsley, P.C., is a professional company, organized under the laws of the State of Alabama and is solely owned by William Brian Collins.

2.      That Collins & Horsley, P.C., under the direction of William Brian Collins entered into contingency fee contracts which established an attorney client relationship with hundreds of clients throughout the Southeast whereby that Firm would handle the clients' claims relating to Chinese drywall.

3.      Pursuant to its agreement with the clients, Collins & Horsley, P.C., performed all of its obligations to those clients whose claims were included in MDL 2047.

1

4.      Collins & Horsley, P.C. handled all matters concerning the clients' claims from the filing of the initial Plaintiff Profile Forms, representation and oversight throughout the completion of the remediation of its clients' properties.

5.      In addition to the pursuit of claims in MDL 2047, Collins & Horsley, P.C., filed hundreds of individual lawsuits which proceeded parallel state court actions.

6.      During the prosecution of state cases filed by Collins & Horsley, P.C., on behalf of its clients with defective drywall, William Brian Collins was appointed by the presiding judge in Jefferson County Alabama as a liaison to MDL 2047.

7.      The efforts that William Brian Collins and Collins & Horsley, P.C. expended on behalf of its clients, and the settlements reached resulted in substantial benefits to Collins & Horsley, P.C.'s clients.  Approximately $7 Million was awarded to Collins & Horsley, P.C., as fees based on the benefits received by its clients.

8.      There were no claims of any kind filed or brought to this Court's attention, whereby any firm asserted a claim that Collins & Horsley, P.C., should not receive the fees it earned and, which were awarded by this Court.

9.      In accordance with this Court's fee allocation and award of fees to common benefit counsel, BrownGreer calculated the award to Collins & Horsley, P.C., to be $6,866,796.32.

10.     BrownGreer withheld those fees from Collins & Horsley, P.C., despite the absence of any formal or articulated assertion that those fees were not due to be paid to Collins & Horsley, P.C., as ordered.

11.     BrownGreer has remitted Collins & Horsley, P.C.'s fees in the amount of $6,866,796.32 to the Clerk of Court.

2

12.     In response to this Court's request concerning allocation, Collins & Horsley, P.C., asserts that all fees earned on behalf of its clients should be remitted to Collins & Horsley, P.C.

13.     As with almost all mass tort cases, lawyers representing those plaintiffs enter into private agreements with other attorneys regarding a division of fees.

14.     Collins & Horsley, P.C. has never disavowed any obligation to pay referral fees or fees owed in cases where there was a joint representation agreement and C & H, P.C., should be paid its fees, so that its other obligations can be met.

15.     The purported reasoning behind BrownGreer's payment of Collins & Horsley, P.C.'s fees to the Clerk was apparently based on alleged dispute involving private agreements between attorneys regarding fee division or splitting of fees in some of Collins & Horsley, P.C.'s cases. There were no agreements to split fees in any of Collins & Horsley, P.C.'s cases in Texas.

16.     Those private agreements regarding fee splitting in certain cases have no effect on any client, defendant or other proceedings related to MDL 2047.

17.     There is no matter before the Court that should be considered or allowed to interfere with Collins & Horsley, P.C.'s right to immediate payment of fees it earned, in the same manner as all the other firms that represented clients in this litigation.

18.     Collins & Horsley, P.C., submits the Motion for Disbursement of Fees in the Texas Cases, the Memorandum in Support of Motion for Order Disbursing Fees Owed to Collins & Horsley, P.C., on Deposit in the Court's Registry and Affidavit of William Brian Collins in support of this response and, adopts the same as if stated herein in their entirety.

19.     Collins & Horsley, P.C., also submits the Memorandum in support of payment of all fees in the Court's Registry to Collins & Horsley, P.C.

**WHEREFORE, PREMISES CONSIDERED**, Collins & Horsley, P.C., respectfully requests this Honorable Court to enter an Order instructing the Clerk of the Court to remit payment to Collins & Horsley, P.C., for all fees on deposit from BrownGreer in compliance with this Court's prior Order regarding fee allocations which resulted from the Court's established allocation process which lasted over two years.  Collins & Horsley, P.C. requests such other relief to which this Court deems proper and just.

Respectfully submitted this the 2nd day of December 2019.

/s/K. Edward Sexton, II
K. Edward Sexton, II (ASB-5463-O69K)
Gentle, Turner, Sexton & Harbison, LLC
501 Riverchase Parkway East, Suite 100
Hoover, Alabama 35244
Telephone: (205) 716-3000
Facsimile: (205) 716-3010
Email: esexton@gtandslaw.com
*Attorney for William Brian Collins*