# EXHIBIT A

## IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

## THIRD AFFIDAVIT OF STECKLER LLP, IN CONNECTION WITH REQUEST FOR ALLOCATION OF COMMON BENEFIT FEE AND COST AWARD

STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned authority, on this 30th day of January, 2020;

**PERSONALLY, CAME AND APPEARED** Bruce W. Steckler on behalf of Steckler LLP, who, after being duly sworn, under penalty of perjury, did depose and declare that the following are true correct:

1.    I am a partner in the law firm of Steckler LLP and was formerly a Shareholder and

Head of the General Litigation Section of Baron & Budd, P.C.

2.    The address of the law firms identified in number 1 above are:

**STECKLER LLP**
12720 Hillcrest Road – Suite 1045
Dallas, TX  75230

**Baron & Budd, P.C.**
3102 Oak Lawn Avenue - Suite 1100
Dallas, TX 75219

3.    The law firms above have complied with Pre-Trial Order No. 9 or 9A in all material

aspects and the law firms identified herein have submitted true and correct time and

expense submissions pursuant to the Court's Pre-Trial Orders.  This Affidavit is

submitted on behalf of the law firm of Steckler LLP, which I am a partner, and for

the time that I was formerly a shareholder at Baron & Budd, P.C.

1

4.     The Court may rely on the information submitted by these firms to Philip Garrett,

the Court appointed Certified Public Accountant, which is contained in his Case

Cost Management System in this litigation.

5.     The extent to which the law firm identified in paragraph no. 1 above made a

substantial common benefit contribution to the outcome of the litigation is

described as follows:

a.     **The consistency quantum, duration, and intensity of the firm's commitment to the litigation is as follows:**

Steckler LLP dedicated a partner/shareholder to handle, manage, and work on this litigation from its inception full time until today.  Bruce Steckler, a partner in Steckler LLP, and formerly a shareholder at Baron & Budd, P.C., was involved in all phases of this litigation from the outset.  In summary, he and other members of the firms worked directly on the following litigation matters:

1.  Depositions of multiple CNBM/Taishan related entities throughout the United States;
2.  Retaining experts for litigation and briefing on the following issues: (a) State-Owned Enterprises, (b) SASAC, and (c) Chinese legal entities to address alter-ego and jurisdictional issues;
3.  Depositions of Morgan Stanley and JP Morgan Corporate Representatives regarding their investments in CNBM;
4.  Depositions of CNBM, BNBM, and Taishan's Experts on Chinese State-Owned Entities;
5.  Arguing before the Court to secure the Depositions of Corporate Representatives regarding their investments in CNBM;
6.  Arguing before the Court on matters regarding CNBMI;
7.  Researching and drafting the following for sections of briefs filed with the Court: (a) Motion to Enforce Contempt, (b) Jurisdictional Challenges; (c) Alter-Ego matters, (d) Motion to Compel Depositions, (e) Motion to Abate, and (f) Motion in Limine and Motion to Strike Defendants' Experts;
8.  Researching, meeting and retaining Experts on Chinese State-Owned Entities and CNBM for jurisdictional and alter-ego briefing;
9.  Research on Investments by Morgan Stanley and JP Morgan into CNBM and Chinese State-Owned Entities on the Hong Kong Exchange;
10. Corporate Research on Taishan related Entities;
11. Corporate Financial Research on CNBM structure;

2

12. Drafting Omnibus Complaints and Texas Complaints;
13. Assisting in preparing for the Deposition Examinations of Zhangli Chang, Guoping Zhou,Yu ,Yanming Zhao, Wang Bing, Song Zhiping, and Peng Shou
14. Taishan Questioners Committee;
15. Taishan Deposition Prep.; and
16. Reviewing voluminous documents and translations for discovery;

Bruce Steckler was involved full time in all aspects of this case from its inception until now.

b.   **The firm's membership and leadership on the Plaintiffs' Steering Committee ("PSC") is as follows:**

- **PSC Committees:** Mr. Steckler has served as a member of Plaintiffs' Steering Committee from the inception of this case through the date of this Affidavit. Mr. Steckler has served as Chairman of the Bankruptcy Committee, Co-Chair of the Insurance and Discovery Committees and on the Taishan Questioners Committee for the Chinese Drywall PSC.

- **Lead Counsel handling Experts on Chinese Legal Entities:** Mr. Steckler was in charge of securing experts on Chinese State-Owned Enterprises, SASAC and Chinese Legal Entities. He reviewed their peer reviewed literature, interviewed them, and prepared their Declarations and conducted several expert depositions of CNBM/BNBM/Taishan expert witnesses.

  He was also charged with providing the expert and evidentiary testimony to support the briefing on a variety Motions and Memos.

- **Lead Counsel on Deposing Related Entities for Contempt:** Mr. Steckler was also in charge of deposing multiple CNBM/Taishan witnesses to support the Court's Contempt Order. Specifically, he took multiple depositions throughout the United States to establish and support the PSC's Motion to Enforce Contempt.

- **Lead Counsel in handling Discovery on Investors in CNBM on Hong Kong Exchange:** Mr. Steckler was selected to lead the efforts to determine, review and depose Morgan Stanley and JP Morgan corporate representatives regarding their investments and relationship to CNBM on the Hong Kong Exchange.

- **Counsel In-Charge of CNBM v. BNK:** Mr. Steckler was in charge of intervening, appearing and arguing on behalf of the PSC in the United States District Court for the Western District of Texas – Austin Division to establish jurisdiction by CNBM/Taishan. Mr. Steckler was also responsible

3

for arguing before Judge Eldon Fallon to secure corporate representative depositions of CNBM/Taishan investors.

c.     **The firm's participation and leadership in discovery (motions, depositions) is as follows:**

- **Depositions of Multiple CNBM/BNBM/Taishan Related Entities throughout the United States to support Contempt:** Depositions of multiple CNBM/Taishan related entities, including but not limited to several representatives from BNK International, Jushi International, Jushi USA and other Chinese related entities doing business in the United States;

- **Depositions of Hong Kong Exchange Financial Institution Investors JP Morgan and Morgan Stanley in CNBM/BNBM:** Depositions of corporate representatives from JP Morgan including David Percsak on 30(b)(6) topics and Deposition of Morgan Stanley corporate representative Terence Keyes on 30(b)(6) topics in New York;

- **Depositions of CNBM/BNBM/Taishan Experts**: Depositions of CNBM/BNBM/Taishan experts on Chinese State-Owned Enterprises, Chinese Corporate Structures and Alter-Ego including depositions of Jeffrey N. Gordon, professor of law at Columbia University School of Law and Bruce F. Deal with Analysis Group in Menlo Park, California;

- **Retaining Experts In Support of Jurisdictional Briefing Evidence and Litigation:** Researching articles and experts on State-Owned Enterprise issues in law reviews and journals and determining the legal entity and securing Testifying Experts, including but not limited to Curtis Milhaupt at Columbia University School of Law;

- **Drafting Motion to Strike, Exclude, and/or Limit the Declaration of Bruce Deal and Professor Jeffrey Gordon**: Conceptualized and drafted Motion in Limine to exclude CNBM/BNBM/Taishan expert witnesses based on hearsay, opinions that are methodologically flawed, unreliable, and unhelpful to the Court, and requested that the Court limit their opinions;

- **Drafting Discovery to JP Morgan and Morgan Stanley:** Drafted requests seeking documents regarding CNBM/BNBM investments on the Hong Kong Exchange and determination of transactions during the contempt period

- **Assisting in Preparing for the CNBM/BNBM Depositions:** Assisted in preparing examination of Zhangli Chang, Guoping Zhou, Yanming

4

Zhao, Wang Bing, Song Zhiping, and Peng Shou

- **Corporate Structure Research on CNBM/BNBM/Taishan:** Conducted discovery of the corporate structures of Defendants, including a detailed chart of the Chinese entities;

- **Drafting and Researching PSC Motion to Enforce Contempt Order:** Drafted portions of the brief and researched violations on contempt by locating the following violations by CNBM Import & Export, CNBM Forest Products, CNBM Forest (Canada), CNBM International, CNBM Investment, CTIEC, CNBMI, CNBM, Jushi USA, China Jushi, BNK; CNBM USA, BNBM Group, and BNBM;

- **Drafting Motion to Abate filed in WD Texas-Austin Division for BNK;**

- **Research of SASAC, SOEs, and Expert Issues; and Expert Declarations**

- **Review of Voluminous Chinese Translated Documents.**


d.   **The firm's participation and leadership in law and briefing matters is as follows:**

- **Omni Briefing:**  Assisted with legal briefing and research for the Omni Complaints, including preparation of memoranda and trips to New Orleans and Philadelphia;

- **Draft Motions for Related Action in the Western District of Texas:** Drafted and worked with local attorney on his pleadings in the Western District of Texas action before Honorable Judge Sparks, to deny the Motion to Dismiss by CNBMI against BNK International for jurisdictional issues, including a Motion to Abate;

- **Drafting Motion to Strike, Exclude, and/or Limit the Declaration of Bruce Deal and Professor Jeffrey Gordon**: Conceptualized and drafted Motion in Limine to exclude CNBM/BNBM/Taishan expert witnesses based on heresay, opinions that are methodologically flawed, unreliable, and unhelpful to the Court, and requested that the Court limit their opinions;

- **Drafting and Researching PSC Motion to Enforce Contempt Order:** Drafted portions of the brief and researched violations on contempt by locating the following violations by CNBM Import &

5

Export, CNBM Forest Products, CNBM Forest (Canada), CNBM International, CNBM Investment, CTIEC, CNBMI, CNBM, Jushi USA, China Jushi, CNBM USA, BNBM Group, and BNBM;

- **Drafting and Researching FSIA Issues for PSC Motion to Enforce Contempt Order:** Drafted, researched and revised the briefs regarding issues related to FSIA and how CNBM/BNBM /Taishan work under SASAC and Chinese law;

- **Drafted Motions to Compel and Expedite Corporate Representative Deposition of JP Morgan and argued before the Court:** Drafted motions to secure the testimony of the JP Morgan Corporate Representative;

- **Drafting Response and Reply to Jurisdiction and Alter Ego Briefing:** Participated in researching and drafting sections for the Plaintiffs' response to Taishan's jurisdictional briefing to the district court and appellate court.

- **Drafting Expert Declarations with Experts in Support of Jurisdictional Briefing;**

- **Drafting Omnibus Complaints in Texas:** Assisted drafting Texas complaints in the Eastern District of Texas – Texarkana Division, and the Southern District of Texas – Houston Division.

- **Drafting Sections on Motion to Enforce Contempt Order based on depositions taken and research**

- **Omni V CGL Briefing:** Developed, conceptualized, organized, coordinated and drafted Omni Complaint V, which was a declaratory action against every CGL carrier for all Defendants in the MDL, including significant legal research, analysis and writing; research of each Defendant and their carriers for inclusion into the Omni V Complaint (Ace Fire Underwriters Insurance Company; Alabaster Assurance Company, Ltd.; Allied World Assurance Company; American Guarantee and Liability Insurance Company; American Home Assurance Company; American Insurance Company; American International Specialty Lines Insurance Company; American International Surplus Lines Agency, Inc.; American Zurich Insurance Company; Amerisure Insurance Company; Amerisure Mutual Insurance Company; Arch Insurance Company; Assurance Company of America; Atlantic Casualty Insurance Company; Audubon Insurance Group; Auto-Owners Insurance Company; Axis Surplus Insurance Company; Bankers Insurance Company; Bituminous Insurance Companies a/k/a Bituminous Casualty Corporation; Builders Insurance

6

Company; Builders Mutual Insurance Company; The Builders Risk
Plan; Canal Indemnity Company; Catlin Specialty Insurance Company;
Chartis Select Insurance Company, individually and as successor-in-
interest to AIG Excess Liability Insurance Company, Ltd. (f/k/a Starr
Excess Liability Insurance Company, Ltd.); Chartis Specialty Insurance
Company f/k/a American International Specialty Lines Insurance
Company; Chubb Custom Insurance Company; Cincinnati Insurance
Company; Clarendon America Insurance Company; Continental
Casualty Company; Crum & Forster Specialty Insurance Company;
Employers Insurance Company of Wausau; Endurance American
Insurance Company/ Endurance Specialty Insurance Ltd.; Essex
Insurance Company; FCCI Commercial Insurance Company; FCCI
Insurance Company; Fireman's Fund Insurance Company; First
Commercial Insurance Company; General Fidelity Insurance Company;
General Security Indemnity Company of Arizona; Granada Insurance
Company; Great American Assurance Company; Greenwich Insurance
Company; The Hanover American Insurance Company; Harleysville
Mutual Insurance Company; Heath Insurance Brokers, Incorporated;
Illinois National Insurance Company; The Insurance Company of the
State of Pennsylvania; Interstate Fire & Casualty Company; Landmark
American Insurance Company; Lexington Insurance Company; Liberty
Mutual Insurance Company; Louisiana Home Builders Association
General Liability Trust; Markel Insurance Company; Mid-Continent
Casualty Company; Mount Hawley Insurance Company; National
Union Fire Insurance Company; National Union Fire Insurance
Company; National Union Fire Insurance Company of Pittsburgh, PA;
Nationwide Mutual Insurance Company; Nationwide Mutual Fire
Insurance Company; Nationwide Property and Casualty Insurance
Company; Nautilus Insurance Company; North American Specialty
Insurance Company; The North River Insurance Company; Old
Dominion Insurance Company; Old Republic Insurance Company;
Owners Insurance Company; Praetorian Specialty Insurance Company,
a subsidiary of Praetorian Financial Group, Inc.; QBE Specialty
Insurance Company; Quanta Indemnity Company; RLI Insurance
Company; RSUI Group, Inc.; Royal & Sunalliance Insurance Agency,
Inc.; Safeco Insurance Company of America; Scottsdale Insurance
Company; Southern-Owners Insurance Company; SR International
Business Insurance Company Ltd.; Standard Fire Insurance Company;
State Farm Fire and Casualty Company; Steadfast Insurance Company;
St. Paul Fire & Marine Insurance Company; Sunshine State Insurance
Company; Swiss Re International SE; Travelers Indemnity Company of
Connecticut; Travelers Property Casualty Company of America f/k/a
Travelers Indemnity Company of Illinois; Underwriters at Lloyd's,
London; Vinings Insurance Company; Wausau Underwriters Insurance
Company; Wesco Insurance Company; Westchester Surplus Lines
Insurance Company; XL Europe Ltd.; XL Insurance Company Ltd.,

7

a/k/a XL Insurance America, Inc.; Zurich American Insurance Company; Zurich North America);

- **Insurance Briefing:** Conducted, maintained, handled and managed legal research and defense of all motions regarding all issues with Insurance in the MDL and in other States, including Declaratory Actions and Tag Alongs;

- **Motion to Expedite and Reply regarding Compelling the Depositions of JP Morgan and Morgan Stanley;**

e. **The firm's participation and leadership in science and expert matters is as follows:**

- **Deposed CMBM/BNBM/Taishan experts Jeffery Gordon and Bruce Deal on issues regarding State Owned Enterprises, SASAC, and Chinese Legal Entities and Alter-Ego;**

- *Germano* **Trial Experts:** Handled, researched, and coordinated expert impeachment research for *Germano* trial and provided full time trial support, including sending trial paralegal Stephanie Wilkins who served as full-time trial paralegal for *Germano* and assisted Richard Serpe and his team in his trial preparation, organization, and coordination of experts, witnesses and documents. In addition, two Baron & Budd, P.C. Shareholders, Kelly Reddell and Bob Brown, were in New Orleans at the request of the PSC, prior to and throughout the trial, reviewing and preparing examinations, cross-examinations and impeachment information for all experts;

- **Retained All Experts on Chinese State-Owned Enterprises, SASAC, and Chinese Legal Entities for PSC, including but not limited to Curtis Milhaupt to address Jurisdictional, alter-Ego and Chinese legal issues raised in the briefing.**

f. **The firm's participation and leadership in document review is as follows:**

- **Reviewed all documents to support Motion to Enforce Contempt regarding related Chinese Entities doing business in the United States in violation of Court Order**

- **Reviewed All Documents on CNBM/BNBM Investments on the Hong Kong Exchange**

- **Researched and Reviewed All Peer Reviewed Legal Publications on**

8

**Chinese Legal Entities:** Researched issues related to FSIA and how CNBM/BNBM /Taishan operate under SASAC and Chinese law;

- **Reviewed Voluminous Documents in preparation for the examination of Zhangli Chang, Guoping Zhou,Yu ,Yanming Zhao, Wang Bing, Song Zhiping, and Peng Shou**

- **Reviewed Voluminous Chinese Translated Documents**: Review of thousands of translated documents, including the preparation of corporate flow charts and corporation structure analysis;

- **Corporate Structure Research:** Research of foreign and non-foreign Defendants, including ownership percentages; preparation of charts and outlines of the corporate structures of foreign Defendants, including CNBM-China National Building Material;

- **Corporate Financial Research:** Conducted Defendants' financial research for the MDL, including Dun & Bradstreet research and research on investments by JP Morgan and Morgan Stanley into CNBM on the Hong Kong Exchange; and

- **Taishan Deposition Prep:** Reviewed Taishan liability and jurisdictional documents for depositions.

g.   **The firm's activities in support or conduct trials of individual Chinese Drywall claimants, including bellwether trials and non-MDL trials which impacted proceedings on a common benefit level (identify the claimant, docket number and venue of each trial and outcome) is as follows:**

*Germano* **Trial:** Handled, researched, and coordinated expert impeachment research for *Germano* trial and provided full time trial support, including sending Stephanie Wilkins who served as the trial paralegal and assisted Richard Serpe in his trial preparation, organization, and coordination of experts, witnesses and documents. In addition, two firm Shareholders, Kelly Reddell and Bob Brown, were in New Orleans prior to and throughout the trial, reviewing and preparing examinations, cross-examinations and impeachment information for all experts.

h.   **The firm's participation and leadership in settlement negotiations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations) is as follows:**

**Insurance Settlement:** Negotiation with the major insurance carriers and PSC leadership on potential resolution for Plaintiffs after litigating, briefing

9

and defending insurance matters, including voluminous meetings, arguments and concepts, which eventually resulted in the $80 million dollar insurance settlement;

i.     **The firm's activities of common benefit work in the following non-MDL jurisdictions:**

- **Intervention in Texas Litigation regarding CNBMI vs. BNK in the Western District of Texas;**

- **Bankrupt Defendants:** Maintained, established, filed and handled claims of all MDL Plaintiffs with bankrupt Defendants throughout the United States in both State and Federal Courts, including filing of claims in bankruptcy courts throughout the United States to establish Trusts to trigger insurance and/or set forth money for victims of Chinese Drywall; responsibility for evaluation of and establishing Trusts for the bankrupt Defendants: Bedrock Building Materials; Black Bear Gypsum Supply, Inc.; Brian Patrick White d/b/a B&W Complete Construction, Inc., f/d/b Vicinity Drywall, Inc. and Roberta Powell White; Champion Enterprises, Inc. Affiliates; Redman Homes, Inc.; Champion Enterprises, Inc.; Champion Home Builders Co.; New Era Building Systems, Inc.; North American Housing Corp.; Homes of Merit, Inc.; Western Homes Corporation; Star Fleet, Inc.; Champion Enterprises Management Co.; Champion Retail, Inc.; San Jose Advantage Homes, Inc.; Highland Acquisition Corp.; Highland Manufacturing Company LLC; SSH Liquidating Corp.; Champion Homes of Boaz, Inc.; Iseman Corp.; MHCDC LLC; Home Pride Finance Corp.; Champion Development Corp.; Elite Home Construction; Gulf Coast Drywall CCD, LLC; JPG Enterprises, Inc., d/b/a Majestic Custom Homes; Kimball Hill, Inc.; Lauris Boulanger, Inc.; Levitt and Sons, LLC; MC-Ft. Myers Assoc. Ltd.; Mercedes Homes, Inc. (including Space Coast Truss, an affiliated co-debtor); North Pacific Group, Inc.; Oakwood Homes Corp.; Parish Enterprises, Inc., d/b/a Parish Home Center; Princeton Homes, Inc.; Pulmosan; Rivercrest, LLC; Smith Family Homes Corporation f/k/a Premier Homes of Southwest Florida, Inc.; TOUSA, Inc. (Engle); Vikings Home; Windjammer Home Builders, Inc.; Woodside Group, LLC (Woodside Homes of Southeast Florida); York Building Supply, LLC; and negotiations with Defendants and their carriers on behalf of the Trusts; made claims for all applicable Plaintiffs in bankruptcies filed by Defendants.

j.     **The following members of the firm held leadership positions on the regular committees engaged in common benefit work (state position and committee):**

10

Bruce Steckler has served as Chairman of the Bankruptcy Committee, Co-Chair of the Insurance and Discovery Committees and served on the Taishan Questioners Committee for the Chinese Drywall PSC, during this case.

Mr. Steckler was in charge of all jurisdictional expert depositions and discovery. Mr. Steckler was also lead counsel, retaining and deposing Defendants' experts.
Mr. Steckler was responsible for handling Hong Kong Exchange issues with JP Morgan and Morgan Stanley.

k.     **The firm's participation in ongoing activities, such as the Fee Committee, Settlement Claims Administration, Court Appointed Committees (e.g. Settlement Allocation Committees, Claims Administration Committee, Fee Committee, etc.), that is intended to provide common benefit included in the following:**

None.

l.     **Counsel in the firm were involved in the Chinese Drywall litigation prior to the JPMDL, and the time and expense incurred during such time period outlined below was for common benefit:**

| Date | Name | Description | Amount |
|------|------|-------------|--------|
| 5/27/09 | Lexis Nexis | Research | $ 1,164.35 |
| 5/27/09 | Lexis Nexis | Research | $ 1,688.61 |
| 5/28/09 | Westlaw | Research | $    76.30 |
| 5/28/09 | Westlaw | Research | $   101.59 |
| 5/28/09 | Westlaw | Research | $ 2,446.48 |
| 5/30/09 | Applied Measurement Science | Expert consultant services (April & May, 2009) | $ 3,750.00 |
| 6/12/09 | Lexis Nexis | Research | $ 1,376.21 |
| Date | Name | Description | Amount |
| 6/18/09 | Applied Measurement Science | Expert consultant services (June 1-15, 2009) | $23,532.87 |
| | | **Total:** | **$34,136.41** |

| Date | Name | Description | Code | Time |
|------|------|-------------|------|------|
| 3/23/09 | RMelancon | Memo on Texas law re cause of action against homebuilders | L120 | 3.25 |
| 3/24/09 | RMelancon | Memo on Texas law re cause of action against suppliers | L120 | 3.75 |

11

| Date | Name | Description | Code | Time |
|---|---|---|---|---|
| 3/26/09 | BSteckler | Review and analysis of memo regarding potential legal hurdles for lawsuits against homebuilders in Texas and Louisiana and discuss same | L1120 | 1.50 |
| 4/8/09 | BSteckler | Review of research re class action representation for CDW | L210 | 1.00 |
| 4/9/09 | BSteckler | Review of research re CDW causes of action | L210 | 1.00 |
| 4/10/09 | BSteckler | Telephone conference with expert, Dr. Eric Winegar, on testing and air quality issues | L100 | 1.00 |
| 4/19/09 | BSteckler | Review of research re suing a homebuilder in Louisiana and options | L210 | 0.75 |
| 4/29/09 | BSteckler | Meetings regarding legal hurdles, filing suit, MDL issues to consider, and jurisdiction | L100 | 2.50 |
| 4/13/09 | RMelancon | Draft and research memo on Louisiana cause of action against homebuilders | L210 | 3.00 |
| 4/14/09 | RMelancon | Draft and research memo on Louisiana cause of action against suppliers | L210 | 3.50 |
| 4/15/09 | RMelancon | Draft and research memo on Louisiana cause of action against homebuilders | L210 | 3.50 |
| 5/4/09 | BSteckler | Telephone conference with Dr. E. Winegar and D. Wisdom re expertise in hydrogen sulfide and air testing of homes suspected of having CDW | L100 | 1.50 |
| 5/11/09 | BSteckler | Review of email re expert, Patricia Williams, Toxicologist in Louisiana | L100 | 0.25 |
| Date | Name | Description | Code | Time |
| 5/11/09 | BSteckler | Review of documents provided by expert, Patricia Williams, including fee schedule, CV and summary of expert qualifications | L100 | 0.25 |
| 5/15/09 | BSteckler | Review of emails by re CDW and status of hydrogen sulfide, sulfuric acid, dioxin and mercury | L100 | 0.25 |
| 6/10/09 | BSteckler | Telephone conference and meetings with N. Birenbaum and Dr. E. Winegar re testing issues on hydrogen sulfide in homes | L120 | 1.25 |
| | | **Renee Melancon total hours:** | | 20.00 |
| | | **Bruce Steckler total hours:** | | 12.25 |

12

We conducted extensive defendant research, jurisdictional research and drafting of Complaints for a class action basis.

m.   **The firm made the following significant contributions to the funding of the litigation (include all assessments made to the MDL) and the amount of any sums reimbursed and date(s) of reimbursement:**

| Assessment Date | Assessment Amount | Reimbursement Date | Reimbursement Amount |
|---|---|---|---|
| 01/22/2018 | $          6,000.00 | | - |
| 12/04/2018 | $          2,539.00 | | - |
| 03/07/2019 | $          3,770.00 | | - |
| 05/24/2019 | $          3,459.00 | | - |
| | **$        15,768.00** | | **$            0.00** |

In addition, the firm has significant held costs in this matter:

| Month | Held Costs |
|---|---|
| April 2015 | $      419.80 |
| May 2015 | $   2,884.99 |
| June 2015 | $   3,316.83 |
| July 2015 | $      972.13 |
| August 2015 | $   1,382.46 |
| September 2015 | $      764.28 |
| October 2015 | $   1,164.50 |
| November 2015 | $   5,574.33 |
| December 2015 | $   5,579.85 |
| January 2016 | $ 14,800.71 |
| February 2016 | $   2,540.47 |
| June 2016 | $      892.59 |
| January 2017 | $        13.10 |
| February 2017 | $        11.30 |
| September 2017 | $      719.57 |
| | **$41,036.91** |

n.   **The members of the firm who were PSC members or committee members whose commitment to the litigation did not ebb include:**

Bruce W. Steckler

o.   **A complete and accurate listing of all sources and amounts of prior payments received from a Chinese Drywall claimant or other sources**

13

**(identify amounts paid for fees and amounts paid for costs) to the firm:**

None.

p.   **The other relevant factors which applicant requests be considered by the Court:**

I left a large firm to start my own practice. In doing so, I personally invested my time and firm's effort into tasks that were beneficial to this litigation and its successful resolution. This involved substantial work that involved very discrete matters. This included expert depositions, witness depositions, briefing issues, drafting declarations to support briefing, and appearing before the Court to argue motions. I hope that the volume and substance of my work will be recognized.

Bruce W. Steckler

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 30th DAY OF
_Janvary_ , 2020.



NOTARY PUBLIC
Print Name: _Jamie Baciak_
My commission expires: _2/4/22_

[APPLY SEAL]

JAMIE BACIAK
My Notary ID # 129700028
Expires February 4, 2022

14