**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |

THIS DOCUMENT RELATES TO:

ALL ACTIONS (except *The Mitchell Co.,*
*Inc. v. Knauf Gips KG, et al.,* Civil Action No.
09-4115 (E.D. La.))

**APPLICATION OF IRPINO, AVIN, HAWKINS a/k/a IRPINO LAW FIRM**
**IN CONNECTION WITH REQUEST FOR ALLOCATION OF COMMON BENEFIT**
**FEE AND COST AWARD**

NOW INTO COURT comes, Irpino, Avin, Hawkins a/k/a the Irpino Law Firm, and hereby

makes this common benefit fee application pursuant to the Court's January 16, 2020 Order [R.

Doc. 22481]:

**I.    NATURE OF THE WORK PERFORMED**

The Irpino Law Firm consistently played a major role and was one of the top firms involved

with the PSC's common benefit efforts throughout MDL 2047 – and especially with the Taishan-

related portion of the litigation.  Our Firm regularly worked on nearly all aspects of the Taishan

case and remained committed throughout the litigation.  Following Taishan's jurisdictional

appeals, the Irpino Law Firm remained engaged in the lawsuit and was continuously called upon

by Lead and/or Liaison counsel to assist with nearly all aspects of the case, including discovery,

briefing, and ultimately settlement.  Some examples of the extensive leadership work performed

by the Irpino Law Firm (on the Taishan portion of the case) are contained in the attached Exhibit

A.  Some of our firm's leadership efforts relative to the Taishan defendants are summarized as

follows:

- **Written Discovery** (e.g., research regarding identification of facts to discover and/or pursue, meetings with select team to strategize over written discovery, draft and/or assist with drafting interrogatories, draft and/or assist with drafting requests for production of documents, draft and/or assist with drafting notices of 30(b)(6) depositions, analyze Taishan defendant discovery responses, follow-up with same, draft deficiency letters to Taishan defendants, meet and confer with Taishan defendants, draft and/or assist with motions regarding compelling discovery responses, etc.);

- **Document Review/Document Depository** (e.g., leading document review efforts – including but not limited to: formulating and running (physically at Herman Herman Katz) document review sessions and briefing meetings, creating a system for electronic review of materials, working with translation teams for identification of "hot docs" for deposition preparation, analyzing and learning machine translation and creating a dictionary of machine translated words to maximize analysis for document reviewers, supervise other attorney document reviewers, conducting final higher-level review and document selection, etc.);

- **Depositions** (e.g. preparing for and taking many depositions of key witnesses, and aside from actual taking of depositions, working closely with Russ Herman, Arnold Levin, Lenny Davis and Sandra Duggan on deposition preparation, deposition notices, finalizing exhibit selection, finalizing exhibit packages, negotiating translation disputes with defendants, necessarily attending the corporate depositions as second or third chair for Taishan Gypsum, CNBM Group, CNBM, BNBM (Group), BNBM, etc.);

- **Briefing** (e.g., drafting, co-drafting and/or assisting with various aspects of many critical briefs, including but not limited to: working with Sandra Duggan on numerous omnibus briefs, including Plaintiffs' Opposition to CNBM Group's FSIA motion, Plaintiffs' Opposition to CNBM, BNBM Group, BNBM Defendants' Motion to Dismiss, Plaintiffs' Contempt Motion and Opposition to Jurisdictional Appeals to the Fifth Circuit, etc.);

- **Privilege Matters** (e.g., leading and overseeing all aspects of privilege-related work, including but not limited to: analyzing and challenging privilege log entries of defendants, analyzing and challenging defendants' claw-back claims, analyzing and challenging defendant privilege redactions, researching factual and background materials relating to privilege claims, conducting legal research, drafting, co-drafting and/or assisting with briefing and presenting oral argument regarding same, etc.);

- **Confidentiality Matters** (e.g., leading and overseeing all aspects of confidentiality-related work, including but not limited to: analyzing and challenging defendants' confidentiality claims, conducting legal research, drafting or co-drafting motions regarding same, arguing confidentiality motions before the Court, negotiating with defendants to de-designate documents as confidential, coordinating with the Court to lift the seal on materials and refile documents as public, etc.);

- **Product Identification** (e.g., analyzing and reviewing thousands of pages of documents produced by defendants for product identification, preparing deposition exhibits for Taishan's corporate witness, participating in Product Identification briefing, participating in Product Identification oral argument, preparing and submitting deposition interrogatories to BNBM's corporate witness, etc.);

- **Remand** (e.g., working closely with lead counsel in Virginia, Louisiana, Florida and for the PSC to address remanded cases, participating in hearings, briefings, product identification disputes, analyzing expert reports, attending corporate depositions, etc.);

- **Settlement** (e.g. working closely with settlement class counsel on settlement agreement, Findings of Fact Conclusions of Law, Class Counsel's Affidavit, Final Fairness Hearing PowerPoint Presentation, etc.).

As of the end of 2019, the Irpino Law Firm had <u>over 8,000 common benefit hours</u>.[1]  Our firm's common benefit hours were derived from substantive, assigned duties.  Our firm's work and participation in this litigation was intense – requiring many long days and multiple sleepless "all-night" work sessions handling and/or preparing for emergency discovery issues, document reviews, depositions, discovery motions, dispositive and other motions, negotiating translation issues, privilege and confidentiality disputes, etc. – and the firm not only remained available to Lead and Liaison Counsel at all times throughout Plaintiffs' pursuit of Taishan on the behalf of thousands of homeowners, but also handled leadership of many different matters such that the members of the firm (Anthony Irpino and Pearl Robertson) were relied upon heavily by the PSC - and reported directly to Lead and Liaison Counsel.

**A. The level of partner participation by the firm is as follows:**

Anthony Irpino (Lead Partner – Irpino Law Firm) provided over 4,000 of our firm's 8,000+ common benefit hours.  Pearl Robertson (Partner – Irpino Law Firm) provided over 4,000 of our firm's 8,000+ common benefit hours.  Mr. Irpino and Ms. Robertson held many different critical

---

[1] Attached hereto as Exhibit B, Time Totals by Employee – accepted time submitted by Irpino Law Firm to Court-appointed CPA 2014-2019.

leadership responsibilities and worked closely with Lead and Liaison counsel, days, nights, and weekends, as requested and needed throughout the PSC's pursuit of Taishan and its parent entities. None of the Irpino Law Firm's participation came from contract attorneys or from non-lawyer professionals.

**B. The firm's membership and leadership on the Plaintiffs' Steering Committee ("PSC") is as follows:**

Although Mr. Irpino was not initially appointed to the committee, he was first added as "Of Counsel" to the PSC.  It is respectfully suggested that the PSC made Mr. Irpino "Of Counsel" due to his extensive and high-level involvement with the committee.  At the very least, this "Of Counsel" designation reflects the significant efforts, high-quality of work, and continuous dedication which Mr. Irpino and his firm consistently provided on behalf of the PSC.[2]  Moreover, after being named "Of Counsel", Mr. Irpino was formally appointed to the PSC in May of 2018.[3] Notably, this appointment was made after Lead and Liaison Counsel moved to have Mr. Irpino formally appointed to the PEC – which was done without any request or lobbying by Mr. Irpino.[4] As with his being made "Of Counsel" to the PSC, it is respectfully suggested that Mr. Irpino's formal appointment to the PSC was the result of the continued significant efforts, high-quality of work and dedication which he and his firm provided.

**C. The firm's participation and leadership in discovery (depositions, motions, document review, translation disputes, privilege challenges and confidentiality challenges) is as follows:**

The Irpino Law Firm participated in the jurisdictional appeals in 2013 and oral argument

---

[2] Anthony Irpino was made "Of Counsel" to the PSC without his knowledge or request.  The "Of Counsel" designation was earned (and not lobbied for) by Mr. Irpino.
[3] *See* Order, May 17, 2018 (R. Doc. 21340).
[4] *See* Motion for Assignment of Plaintiffs' Steering Committee Member Duties (R. Doc. 21337).

related to those appeals in 2014. Thereafter (2014-2019), as outlined above and as set forth with some additional specifics (below and in the attached Exhibit A) the firm held many leadership responsibilities and worked closely with Lead Counsel, Liaison Counsel, and other members of the PSC on nearly all aspects of the litigation.. It is noteworthy that Anthony Irpino was chosen to and worked directly with select others (e.g., Lenny Davis) to review Taishan documents, strategize and help lead discovery efforts throughout the litigation. Moreover, the Irpino Law Firm remained active and involved, at the highest levels with the PSC's discovery of the Taishan defendants.

Aside from the details and examples provided in Exhibit A, some additional information regarding Mr. Irpino's and Ms. Robertson's participation and leadership with respect to discovery matters included:

Written Discovery: The Irpino Law Firm had a key leadership role with written discovery, working closely with Lenny Davis and others identifying and selecting topics to focus upon, drafting interrogatories, requests for production of documents, 30(b)(6) deposition notices (which were extensive and detailed) for various Taishan-related defendants, analyzing and reviewing Taishan defendants' written discovery responses, identifying deficiencies regarding same, drafting deficiency letters to defendants regarding same, conducting meet and confers with defendants regarding same, drafting and/or co-drafting motions to compel discovery responses, drafting memos analyzing discovery issues, etc.

Document Review: The Irpino Law Firm was/is one of the most knowledgeable firms in the case regarding documents, reviewed nearly all document productions from Taishan and Taishan's parent entities (most of which were on an expedited basis due to scheduled depositions). The Irpino Law Firm worked closely with reviewing attorneys and translations teams to identify and select "hot docs" for use in depositions and as exhibits in substantive briefing.[5]

---

[5] Throughout 2015, the Taishan entities produced hundreds or thousands of pages of documents related to corporate operations, control and drywall production. Each defendant produced its own documents in Chinese and with machine translations, which required Irpino Law Firm to analyze and interpret the machine language for each defendant in order to "crack the code" and identify hot docs to share with the translation teams for translation and use in depositions.

Depositions:        The Irpino Law Firm had a key role with identifying and selecting deponents and depo exhibits, drafted/co-drafted depo outlines for most of the important depos in case, attended and actively participated in nearly all depo prep team meetings, was an integral part of the deposition preparation team, and took, sat 2nd chair at, or <u>necessarily</u> attended all corporate depositions and fact depositions of the main Taishan Defendants (in addition to conducting prep work and/or drafting/co-drafting the depo outlines for same).[6]

Work Product:      The Irpino Law Firm drafted or co-drafted deposition outlines, fact charts, legal analysis charts, charts of deposition testimony, specific memos related to case issues based on documents or law, provided specific memos to the PSC regarding selection and importance of "hot docs" [jurisdictional, alter ego, single business enterprise, product identification, United States contacts] and related discovery status and/or strategy issues.[7]

Privilege:         The Irpino Law Firm led the team that handled all aspects of the defendants' (Taishan entities) privilege claims and all of the PSC's challenges regarding same, which included briefing and argument before the Court related to privilege disputes.

Confidentiality:    The Irpino Law Firm led the team which handled all aspects of the defendants' confidentiality claims and all the PSC's challenges regarding

---

[6] **Examples of Depositions** which Anthony Irpino took and/or necessarily attended (in addition to conducting research for and/or drafting/co-drafting the depo outlines): Depositions taken – Peng Shou [China Triumph/CTIEC fact witness] (9/19/15), Liu Weisheng [United Suntech Craft, Inc.] (10/27/2015), Hu Jinyu [CNBM fact witness] (12/7/15), Pabco Building Products [3rd Party ] (8/19/15), Stepan Company [3rd Party ] (9/4/15), Depos attended (NOTE: A. Irpino did NOT attend a depo, either in person or via video/internet stream, unless he had an integral part in preparing for the depo and/or drafting/co-drafting the depo outline) – CNBM Ltd. 30(b)(6) (6/5/15-6/7/15), CNBM Group 30(b)(6) (6/16/15-6/18/15), BNBM 30(b)(6) (7/8/15-7/11/15), BNBM Group 30(b)(6) (7/15/15-7/17/15), Cao Jianglin [CNBM fact witness] (8/4/15-8/5/15), Wang Bing [BNBM fact witness] (8/25/15-8/27/15), Jia Tongchun [Taishan fact witness] (9/17/15-9/18/15), Song Zhiping [CNBMG fact witness] (9/19/15-9/20/15), Peng Wenlong [Taishan fact witness] (11/12/15-11/14/15).

**Examples of Depositions** which Pearl Robertson sat 2nd or 3rd Chair as requested by Lead and/or Liaison Counsel – Taishan 30(b)(6) (6/2/15-6/4/15), CNBM Ltd. 30(b)(6) (6/5/15-6/7/15), CNBM Group 30(b)(6) (6/16/15-6/18/15), BNBM 30(b)(6) (7/8/15-7/11/15), BNBM Group 30(b)(6) (7/15/15-7/17/15), Cao Jianglin [CNBM fact witness] (8/4/15-8/5/15), Wang Bing [BNBM fact witness] (8/25/15-8/27/15), Jia Tongchun [Taishan fact witness] (9/17/15-9/18/15), Peng Shou [China Triumph/CTIEC fact witness] (9/19/15), Song Zhiping [CNBMG fact witness] (9/19/15-9/20/15), Peng Wenlong [Taishan fact witness] (11/12/15-11/14/15), Hu Jinyu [CNBM fact witness] (12/7/15), Taishan PID 30(b)(6) (1/22/19-1/23/19), BNBM PID 30(b)(6) (written interrogatories in lieu of live deposition).

[7] Ms. Robertson drafted or co-drafted dozens of depositions outlines for the corporate depositions of the Taishan entities, Mr. Irpino and Ms. Robertson both drafted or co-drafted fact charts (e.g., Alter ego and corporate control, hot doc charts, production charts, deposition excerpts, legal memos on privilege issues, contempt, and single-business enterprise). The Irpino Law Firm also drafted more than one hundred (100+) memos to the PSC regarding "hot docs" and other document and/or strategy related issues. While this work product has previously been distributed, the firm has retained copies and can provide upon request.

same.  In addition to challenges, meet and confers, and resolution regarding confidentiality, Ms. Robertson worked closely with lead counsel, defendants, and the Court to unseal numerous briefs and hundreds of exhibits.

<u>Discovery Motions</u>:  The Irpino Law Firm drafted or co-drafted motions to compel, motions related to translation disputes, motions outlining late document production by defendants, did factual/document research and held or participated in meet and confers with defendants regarding same, drafted or co-drafted motions relative to defendants' privilege claims and confidentiality claims, did factual/document research and held meet and confers with defendants regarding same.[8]

**D.  The firm's participation and leadership in law and briefing matters is as follows:**

The Irpino Law Firm, through Anthony Irpino and Pearl Robertson, significantly participated with law and briefing as requested and assigned by Lead and/or Liaison Counsel.  The firm was (is) one of the most knowledgeable firms regarding the documents / exhibits in this litigation – necessitating their involvement in a substantial number of important briefing matters. Further, Mr. Irpino's and Ms. Robertson's skill and experience with both legal and factual research, as well as with brief writing resulted in their heavy participation with many different pleadings and briefs.  Additionally, the firm led privilege and confidentiality efforts for the PSC, including legal research, writing motions, and oral argument related to both privilege and confidentiality.  In summary, the Irpino Law Firm played a large role with legal research and writing on the most important motions/briefs in the litigation, some examples of which include the following:

1.  Various pre-trial and trial pleadings; [9]

---

[8] Document production in 2015 and again in 2018 was an oft disputed and contentious exercise due to the timing, size and quality of productions.  The Irpino Law Firm worked tirelessly to provide objective and subjective information to lead counsel for the purpose of presenting arguments to the Court related to production and translation problems with defendants' productions.

[9] <u>Some</u> examples of pre-trial and trial pleadings which the Irpino Law Firm worked on include a) PSC's Motion to Compel Peng Wenlong's Computer [US at R. Doc. 19567], b) PSC's Motion to Compel 30(b)(6) Depositions of the Taishan Entities [US at R. Doc. 19815], c) PSC's Motion to Redress Improper Confidentiality Designations and Enforce Order Requiring Manual Translation [R. Docs. 19658, 19817, 19980, 20751, 21308], d) numerous PSC Motions to produce clawed-back documents [SEALED].

2. PSC's Brief and Reply Brief in Support of their Motion for Assessment of Class Damages Pursuant to Rule 55(b)(2)(B);

3. Plaintiffs' Opposition, Response, Supplemental Response, and Second Supplemental Response to CNBM Group's Motion to Dismiss on Grounds of Foreign Sovereign Immunities Act;[10]

4. PSC's Omnibus Response in Opposition to Defendants' Motion to Dismiss;[11]

5. PSC's Findings of Facts Conclusions of Law Related to the November 17, 2015 Evidentiary Hearing;[12]

6. PSC's Motion and Reply to Enforce the Court's July 17, 2014 Contempt Order and Injunction;[13]

7. Plaintiffs' Brief in Support of Product ID Categories Attributable to Taishan;[14]

8. Plaintiffs' Appellate Opposition to CNBM, BNBM (Group), and BNBM 1292(b) Appeal;[15]

9. Settlement Class Counsel's Affidavit, Findings of Fact Conclusions of Law, and Motion for Entry an Order and Judgment (1) Granting Final Approval of the Class

---

[10] Pearl Robertson also participated in the PSC's efforts in 2018 seeking to reopen the FSIA briefing to include new documents discovered resulting from 2018 document review and translation disputes. Ms. Robertson briefed and shared the oral argument presented to Judge Fallon on the issue.

[11] Anthony Irpino and Pearl Robertson drafted substantive sections of this brief and Pearl Robertson worked closely with others to identify, incorporate and finalize the 280 attached exhibits. Irpino Law Firm also assisted with oral argument preparations by charting legal and factual arguments and participated in working groups in advance of the hearing.

[12] In addition to working on the substantive submissions, Anthony Irpino and Pearl Robertson also worked with Lead and Liaison Counsel to identify the exhibits for the hearing, contributed to the PowerPoint presentation, and conducted related legal research.

[13] Anthony Irpino and Pearl Robertson also assisted with the oral argument presentation, including identification of the top 20 documents and providing edits and comments to the oral argument outline.

[14] This matter was heard in Florida but proved relevant to settlement negotiations. Pearl Robertson conducted significant document review to find evidence of Taishan and/or BNBM manufacture of drywall as well as evidence of business dealings with US customers. Ms. Robertson also participated in the Product Identification Hearing before the Special Master in Florida, which included presentation of two Product Identification categories and assisted with the preparation of other categories.

[15] Presently pending with the Fifth Circuit and set for Oral Argument on February 3, 2020. Pearl Robertson continues to assist with the PSC's opposition to Defendants' motion and will participate in oral argument preparation.

Settlement with Taishan and (2) Certifying the Settlement Class.[16]

**E.  The firm's participation and leadership in document review is as follows:**

The Irpino Law Firm, through Anthony Irpino and Pearl Robertson, was intimately involved with and led the PSC's document review efforts.  This work included: participating in document review of physical documents, assisting with the set-up of electronic document review, performing quality control of document reviews, personally conducting high-level and emergency document reviews & coding and working closely with translators.

The Irpino Law Firm reviewed and coded thousands of pages of the documents produced by the Taishan Entities, analyzed the documents to create a bank of hot docs for use in depositions, and worked with other attorneys to perform targeted review of materials in emergency situations (late produced documents by defendants).   Additionally, because of translation issues, the Irpino Law Firm tirelessly worked to develop and learn machine translation to ease frustration with the review of documents.  These efforts resulted in setting up a process that triaged materials through Anthony Irpino and Pearl Robertson in order to best select deposition documents that would need manual translation.  As a result of the Irpino Law Firm's extensive and intense document review & coding, Anthony Irpino and Pearl Robertson are two of the most knowledgeable attorneys regarding the documents / exhibits in this litigation.   Consequently, Mr. Irpino and/or Ms. Robertson were <u>necessarily</u> involved in many of the most important PSC committees and aspects of the case.[17]

---

[16] In addition to contributing to materials submitted to the Court, Pearl Robertson closely worked with Settlement Class Counsel to create and finalize the Final Fairness Hearing PowerPoint and participated in preparation meetings related to same.  See attached Exhibit C regarding hours accrued in November and December 2019 and respectfully submitted as a supplement to Irpino Law Firm's accepted common benefit hours pursuant to the Court's January 28, 2020 Order [R. Doc. 22529].

[17] <u>Some</u> examples of how the Irpino Law Firm was needed for various committees / aspects of the litigation include: a) drafting written discovery, b) drafting motions to compel, c) selection of exhibits for depositions

**F. The firm's participation and leadership in settlement negotiations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations) is as follows:**

The Irpino Law Firm, through Pearl Robertson, worked closely with Settlement Class Counsel prior to and after settlement was reached with Taishan. At the request of Lead Counsel, Ms. Robertson participated in drafting sessions with Class Counsel and defendants to finalize the language the settlement language. Ms. Robertson also worked on the Class Notice (short and long form) and led efforts to complete notice to all courts where drywall actions were initiated or pending. Following preliminary approval of the settlement, Ms. Robertson worked with Settlement Class Counsel on various aspects of the Final Approval papers and presentation.

**G. The firm made the following significant contributions to the funding of the litigation (include all assessments made to the MDL) and the amount of any sums reimbursed and date(s) of reimbursement:**

Each and every time financial contributions were requested of firms, the Irpino Law Firm contributed. In fact, our firm even paid more than what was requested. The following are the financial contributions made by our firm (separate from held costs):

- 8/2009 - $50,000. Irpino Law Firm was reimbursed $40,000 on 6/3/13.

- 1/2018 - $25,000.

- 12/2018 - $10,814.

- 3/2019 - $16,255.

- 5/2019 - $20,000.

---

and hearings, d) preparation for depos and drafting depo outlines, e) taking depositions, f) selection of exhibits for motions and oppositions, g) drafting / co-drafting substantive briefs, h) compiling work product (e.g., timelines, fact charts, casts of characters, "hot doc" lists, etc.), and i) research and writing for appellate briefs.

## II.     Amount of Hours

Objectively speaking, the Irpino Law Firm did a tremendous amount of work (in excess of 8,000 attorney hours as shown on Exhibits B and C) throughout the PSC's pursuit of the Taishan Entities.  Subjectively speaking, the Irpino Law Firm: a) was energetic, dedicated, thorough, hard-working, team-oriented and professional, b) typically worked on matters of significant or critical importance in the litigation, c) was consistently a "go to" firm for important "emergency basis" assignments – and always answered the call,  and d) reliably and consistently provided "high quality" work and work product.

In addition, the common benefit hours contributed by the Irpino Law Firm are made up entirely of attorney hours.  This simply must be factored into any analysis or calculation of the value of the Irpino Law Firm's common benefit work. Judge Fallon's Orders and Reason approving the Class Settlement with Taishan and outlining the award for attorneys' fees points out the fact that attorney and non-attorney hours make up the total 109,236.22 common benefit hours submitted. Order at p. 67 [R. Doc. 22460]. Consequently, Judge Fallon calculated an average hourly rate to arrive at the final fee determination.  The Irpino Law Firm submits that Judge Fallon's consideration of non-lawyer hours in calculating the fee must be considered to the benefit of the Irpino Law Firm. Stated another way, our firm's hours should be given greater weight or value (compared to those of other firms) to account for the fact that all Irpino Law Firm hours are attorney hours.

The Irpino Law Firm also respectfully submits that their dedication and commitment to the case requires additional consideration by the Fee Committee because they are not going to proportionately "recover from both buckets."  Order at p. 67, n. 12.  In part, Judge Fallon recognized that the common benefit fee would be balanced by the fact that many class counsel will

collect attorneys' fees from the fund set aside for individually retained counsel. *Id.* This balance is not applicable to the Irpino Law Firm and should be considered by the fee committee.

Aside from the above, the Irpino Law Firm requests that its dedication to and unwavering efforts in the Taishan portion of this litigation be considered as a significant positive factor. The Irpino Law Firm is one of a handful of firms which never gave up on the Taishan portion of this case – and our firm put its time and money where its dedication was. It is respectfully submitted that the Taishan portion of this case was in many ways the most difficult and most time consuming (all in the face of long odds). The Taishan case would not have been settled without the relatively small number of firms which never relented – and the Irpino Law Firm was one of those firms. When others ran, the Irpino Law Firm stayed – and continuously helped lead the efforts against Taishan.

## III.     Request for Interview with Fee Allocation Committee

Pursuant to Judge Fallon's Order, Irpino Law Firm requests an interview with the Fee Allocation Committee.

Dated: January 31, 2020                                   Respectfully submitted,

                                                          /s/    *Anthony D. Irpino*

                                                          IRPINO AVIN & HAWKINS
                                                          Anthony D. Irpino (# 24727)
                                                          Pearl A. Robertson (# 34060)
                                                          2216 Magazine Street
                                                          New Orleans, Louisiana 70130
                                                          Telephone: (504) 525-1500
                                                          Facsimile: (504) 525-1501
                                                          airpino@irpinolaw.com
                                                          probertson@irpinolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st of January, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

<u>/s/  Anthony D. Irpino</u>