# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

<u>**AFFIDAVIT OF HOLLY WERKEMA IN CONNECTION WITH APPLICATION FOR COMMON BENEFIT FEE AWARD TO BARON & BUDD, P.C.**</u>

STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned authority, on this 31st day of January, 2020;

**PERSONALLY CAME AND APPEARED**:

Holly Werkema, on behalf of Baron & Budd, P.C., who, after being duly sworn, under penalty of perjury, did depose and declare that the following are true and correct:

1. I am a senior Associate of the firm Baron & Budd, P.C. (hereinafter "Baron & Budd").

2. The primary office address of Baron & Budd is 3102 Oak Lawn Ave., Ste. 1100, Dallas, TX 75219.

3. I have been the primary attorney handling Baron & Budd's Chinese drywall cases since the departure of Plaintiffs' Steering Committee member Bruce Steckler from Baron & Budd in 2012. I personally completed all common benefit time submitted on behalf of Baron & Budd. As such, I am the person most knowledgeable about Baron & Budd's common benefit time submitted, and I am submitting my

1

Affidavit, rather than the Affidavit of a partner. I believe this to be the most helpful and informative method to provide the Court and the Fee Committee with the information needed to assess Baron & Budd's common benefit contribution to the Taishan related litigation.

4. I have complied with Pre Trial Order No. 9 or 9A in all material aspects, and the law firm identified herein has submitted true and correct time submissions pursuant to the Court's Pre Trial Orders.

5. The Court may rely on the information I have submitted on behalf Baron & Budd to Philip Garrett, the Court appointed Certified Public Accountant, which is contained in his Case Cost Management System.

6. The extent to which Baron & Budd made a substantial common benefit contribution to the outcome of the litigation is described as follows:

   a. The consistency quantum, duration, and intensity of the firm's commitment to the litigation is as follows:

   Baron & Budd nominated five of its cases remanded to the Southern District of Florida to be prepared for trial on non-remediation damages. Only a handful of firms answered the call of Class Counsel to nominate cases to be worked up for trial, and all of Baron & Budd's nominated cases were chosen as Priority Plaintiffs to be prepared for trial. This necessitated, for example, acute knowledge of the chosen cases; completing written discovery; preparing clients for and defending plaintiff depositions; gathering, compiling, and producing all evidence of damages; meeting with experts and providing requested documentation and evidence to them; regular contact with the plaintiffs to supplement and clarify information; assisting class counsel in preparing for expert depositions; preparing witness lists and other pre-trial pleadings; drafting motions in limine to be filed on behalf of all Priority plaintiffs; and regular calls and/or meetings with the Florida trial team. I also participated in the mediation that ultimately led to the class settlement and provided important feedback to class counsel from the individual counsel's perspective in settlement negotiations and development of the Term Sheet.

2

b.  The level of partner participation by the firm is as follows:

   Though I am not a partner, I am a senior Associate with Baron & Budd who has been practicing law for over ten years. I have diligently and tirelessly represented the firm's Chinese drywall plaintiffs for nearly eight years.

c.  The firm's membership and leadership on the Plaintiffs' Steering Committee ("PSC") is as follows:

   Though Baron & Budd does not currently hold a Plaintiffs' Steering Committee position, Bruce Steckler, who was formerly with Baron & Budd, has served as a member of Plaintiffs' Steering Committee from the inception of this case through the date of this Affidavit.

d.  The firm's participation and leadership in discovery (motions, depositions) is as follows:

   The majority of Baron & Budd's submitted time was for individual case discovery and trial preparation for five Priority Claimants. As noted above, very few firms were willing to submit cases for trial consideration, but Baron & Budd stepped to the plate. This included, as an example and among other tasks, developing an acute knowledge of each individual selected case; completing written discovery; preparing clients for and defending plaintiff depositions; gathering, compiling, and producing all evidence of damages, which in some instances was difficult to locate given the time that has passed. This trial preparation placed significant pressure on Defendants and undoubtedly contributed to the ultimate favorable resolution of this case.

e.  The firm's participation and leadership in law and briefing matters is as follows:

   As part of the Florida trial team, I regularly reviewed and provided comments on briefing related to the Florida Priority Claimant pre-trial matters. I also prepared witness lists and other pre-trial pleadings related to my Priority Claimants and prepared motions in limine at the request of Fred Longer as we prepared to meet Court ordered deadlines prior to the mediation and the ultimate settlement of this case.

f.  The firm's participation and leadership in science and experts matters is as follows:

3

  As part of my responsibilities in preparing five Priority Claimant cases for trial on damages, I regularly engaged with two experts, Anthony Graziano and Michael Elkins to prove the damages of these claimants. This included providing voluminous documents to the experts for these five cases to prove up their financial damages, regular correspondence with these experts and my clients to ensure the experts had a complete and accurate understanding of my client's damages, and review and assessment of the expert reports generated. I also assisted Richard Serpe and Richard Lewis in the defense expert deposition of Ben Nolan by gathering and analyzing requested rebuttal information related to the Hernandez Priority Claimant case.

g. The firm's participation and leadership in document review is as follows:

Baron & Budd's common benefit time submitted does not include time for document review.

h. The firm's activities in support or conduct trials of individual Chinese Drywall claimants, including bellwether trials and non-MDL trials which impacted proceedings on a common benefit level (identify the claimant, docket number and venue of each trial and outcome) is as follows:

As set forth above, Baron & Budd prepared five Priority Claimant cases for trial on damages in the Southern District of Florida. Although the class settlement was reached prior to the cases going to trial, significant efforts were contributed toward preparing these cases for trial. This, among other pressure points, served as a catalyst for the resolution of this case.

i. The firm's participation and leadership in settlement negotiations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations) is as follows:

I participated in the mediation that ultimately led to the class settlement as counsel for Florida Priority Claimants. As part of that participation, I provided important feedback to class counsel from the individual counsel's perspective in settlement negotiations and development of the Term Sheet.

j. The firm's activities of common benefit work in the following non-MDL jurisdictions:

4

As set forth above, Holly Werkema served on the Florida trial team, and assisted heavily in preparing five remanded Priority Claimant cases for trial in the Southern District of Florida.

k. The following members of the firm held leadership positions on the regular committees engaged in common benefit work (state position and committee):

Holly Werkema served on the Florida Priority Plaintiff trial team.

l. The firm's participation in ongoing activities, such as the Fee Committee, Settlement Claims Administration, Court Appointed Committees (e.g. Settlement Allocation Committees, Claims Administration Committee, Fee Committee, etc.), that is intended to provide common benefit included in the following:

The firm is not participating in ongoing common benefit activities.

m. Counsel in the firm were involved in the Chinese Drywall litigation prior to the JPMDL, and the time and expense incurred during such time period outlined below was for common benefit:

Baron & Budd has been involved in the Chinese Drywall litigation since the inception, and prior to the JPMDL. The hours spent prior to the JPMDL were previously submitted in support of common benefit fees from the Knauf and related settlements. As such, they are not re-listed here in support of this common benefit fee application.

n. The firm made the following significant contributions to the funding of the litigation (include all assessments made to the MDL) and the amount of any sums reimbursed and date(s) of reimbursement:

Baron & Budd was reimbursed its assessments from the Knauf and related settlements, and as such, these have not been re-listed in support of this common benefit fee application.

o. The members of the firm who were PSC members or committee members whose commitment to the litigation did not ebb include:

Holly Werkema has been committed to representing individual clients in this litigation for nearly eight years, and diligently assisted in the preparation of five Priority Claimant cases for trial in the Southern District of Florida, which contributed to the ultimate success of this litigation.

5

p.  A complete and accurate listing of all sources and amounts of prior payments received from a Chinese Drywall claimant or other sources (identify amounts paid for fees and amounts paid for costs) to the firm:

Baron & Budd previously received individual counsel fees and common benefit fees from the Knauf and related settlements, but has not received compensation from any claims against Taishan.

q.  The other relevant factors which applicant requests be considered by the Court:

As set forth above, when volunteers were scarce, Baron & Budd answered the call to assist in moving this litigation forward by nominating and preparing its cases for trial on damages in the Southern District of Florida. This required a significant time commitment that could have been devoted to other cases. This was undertaken for the benefit of not just Baron & Budd clients, but all claimants, and our work that contributed to the ultimate successful resolution of this case should be fairly compensated.

_____
Holly Werkema

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 31st DAY OF
January, 2020.

_____
NOTARY PUBLIC
Print Name: Karen Hewlett
My commission expires: 7-24-2021

KAREN HEWLETT
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 3276093

[APPLY SEAL]

6