# EXHIBIT A



January 31, 2020

The Honorable Eldon E. Fallon
500 Poydras Street
Room C456
New Orleans, LA  70130
Tel: (504) 589-7545

    RE:    *Chinese Drywall – MDL 2047 – Fee Application*

Dear Judge Fallon,

    Attached please find my Affidavit in support of my request to supplement common benefit time in this matter. As fully explained in the attached Affidavit, the request to supplement the firm's common benefit time runs from July 2018 through July 2019. Should the Court have any questions, please do not hesitate to contact me.

    Respectfully submitted,

    */s/Patrick S. Montoya*

    PATRICK S. MONTOYA

PSM/ya
Enclosures: as stated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**AFFIDAVIT OF PATRICK S. MONTOYA IN SUPPORT OF REQUEST TO SUPPLEMENT COMMON BENEFIT TIME FROM JULY 2018-JULY 2019**

Patrick S. Montoya, pursuant to 28 U.S.C. §1746, based upon his personal knowledge, information and belief, the following:

1. I am a member of the Chinese Drywall MDL Plaintiffs' Steering Committee and have done common benefit work since this matter was transferred to the Court.

2. My firm has submitted common benefit time and expenses to Mr. Garrett in this MDL since the beginning of this case.

3. During the initial meeting with the Court and the fee allocation committee after the Status Conference on January 17, 2020, Mr. Davis raised with the Court the concern that my firm showed no hours for the settlement of this matter, when in fact I negotiated the settlement in May, 2019 and have served as Settlement Class Counsel since that time. The Court suggested I look into the matter. I checked into my firm's time when I returned to Miami.

4. What I found when I investigated the matter was that from August 2019 through December 2019, my firm and its members that worked on the case during the August-December 2019 period had submitted most of their time internally, but the billing had not been uploaded to Mr. Garrett's CDW system since July, 2019.

1

5. During the fall of 2019, our firm's Controller, who oversaw our time submissions to Mr. Garrett's portal was hospitalized and could not work. At the time of writing this affidavit, several months later, our Controller remains on bed rest and is not working.

6. As the lawyer in charge of this matter in my office, I take full responsibility for not having the August 2019 through December 2019 time uploaded to Mr. Garrett. While I understand that under the Court's Pretrial Order No. 9, counsel have up to six months to submit time to Mr. Garrett and these entries are timely, I am also aware of the need to finalize the submission in order for the Fee Allocation Committee to comply with the Court's direction in making a fee recommendation. I apologize to the Court for the confusion and inconvenience.

7. In addition to the missing time for settlement, I have discovered other omissions in our time reporting due to multiple crashes of our billing software from July 2018 through December 2019, which resulted in a loss of data that was initially input into our system, but lost during the time it was transferred to Mr. Garrett. Through a process of reviewing emails, briefing, depositions, my calendar, travel records and meetings with my colleague who worked on this case, Natalie Rico, I have recreated the missing time so that my firm's time is accurate.

8. The time entries that I have submitted for correction were post-remand of *Amorin* and *Brooke* to Florida when our firm became extremely active in the cases before Judges Cooke when I was selected by Judge Cooke to serve as lead counsel in Florida.

9. The only entries that were corrected were mine and Ms. Rico's, not other timekeepers.

10. The time entries that were missing, which have now been corrected were in the following general categories: a) the review and vetting of Priority Claimants' cases from our and other Florida lawyers' inventories; b) expert selection, discovery and deposition preparation; c)

research regarding damages in Florida; d) travel; and e) trial preparation for the Florida Priority Claimants. Natalie Rico and I performed these tasks and originally recorded our time contemporaneously as required by PTO 9.

11. The correct number of hours for the firm from July 2018 through July 2019 is 3,275. The number of omitted hours from July 2018 through July 2019 is 1,033.

12. I have now provided spreadsheets to Mr. Garrett with the correct total of the missing hours.

13. On behalf of the firm, I am requesting that the Court forgive the tardiness and omissions and allow the missing hours to count as common benefit time.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2020.

                                                               */s/ Patrick S. Montoya*
                                                               **PATRICK S. MONTOYA**