# EXHIBIT A

IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION

**THIRD AFFIDAVIT OF MORGAN & MORGAN IN CONNECTION
WITH REQUEST FOR ALLOCATION OF COMMON BENEFIT FEE AND COST
AWARD (TAISHAN TIME ONLY)**

STATE OF <u>FLORIDA</u>

COUNTY <u>LEE</u>

     BEFORE ME, the undersigned authority;

     PERSONALLY CAME AND APPEARED:

     ***<u>PANAGIOTIS "PETE" V. ALBANIS</u>***

who, after being first duly sworn, under penalty of perjury, did depose and declare that the following are true correct:

1. I am a partner in the law firm of <u>Morgan & Morgan</u>.

2. The address of the law firm identified in number 1 above is <u>12800 University Drive Suite 600, Fort Myers, FL 33907</u>.

3. I have complied with Pre-Trial Order No. 9 or 9A in all material aspects and the law firm identified herein has submitted true and correct time and expense submissions pursuant to the Court's Pre-Trial Orders. This Affidavit is submitted on behalf of all the members of the law firm of which I am a partner.

4. The Court may rely on the information submitted by my firm to Philip Garrett, the Court appointed Certified Public Accountant which is contained in his Case Cost Management System in this litigation.

5. Preliminary Statement: The time period covered by this Affidavit is January 1, 2014 through December 31, 2019. During this time, Morgan & Morgan has contributed

3,825.35 common benefit hours and the expenses and assessments reflected in CCMS. In 2015 and again in 2018 through 2019, I devoted over 90% of my practice to this litigation, including representing nine of the 20 Priority Claimants in the Florida *Amorin* case.

6. The extent to which the law firm identified in paragraph no. 1 above made a substantial common benefit contribution to the outcome of the litigation is described as follows:

> **a. The consistency, quantum, duration, and intensity of the firm's commitment to the litigation is as follows:**
>
> Morgan & Morgan has been fully committed to this litigation, devoting significant resources while also representing individual *Amorin* and *Brooke* plaintiffs for approximately 400 unique addresses. During the spring and summer of 2015, immediately after the Taishan Defendants re-appeared in this litigation, my partner Rene Rocha and I contributed over 900 hours of common benefit time to the PSC's attempts to bring the Taishan Defendants to justice. We discovered many of the most important documents in the case and assisted with the preparation for the Rule 30(b)(6) depositions of many of the Taishan Defendants and relevant third parties.
>
> More significantly, we were part of the Florida trial team in the Florida *Amorin* case, representing nine of the 20 Priority Claimants before Judge Cooke. We prepared for and defended our Priority Claimant clients' depositions, reviewed and produced thousands of documents during discovery, met with expert witnesses, deposed Defendants' expert witnesses, worked extensively on the Product ID briefing, responded to Defendants' Motion for Summary Judgment and Defendants' Contests and Setoffs, and were part of the plaintiffs' leadership team during the settlement negotiations in 2019. In 2018 and 2019, Morgan & Morgan contributed over 2,700 common benefit hours to this case.
>
> Six of our lawyers have participated in various degrees during the Taishan portion of this litigation: Pete Albanis (PSC member from 2018 through the present), T. Michael Morgan (Board Certified in Civil Trial Law), Scott Wm Weinstein (PSC member from 2009 through 2018), Rene Rocha, John Yanchunis (Chair of Morgan & Morgan's Class Action Department), and Keith Mitnik (Board Certified in Civil Trial Law).

**b. The level of partner participation by the firm is as follows:**

The level of Morgan & Morgan partner participation has been extremely high. Of the 3,825.35 common benefit hours, 2,992.60 have been submitted by partners. The following partners have participated in the Chinese Drywall case from 2014 to the present:

1. Pete Albanis – In 2015, I was heavily involved in the review of the hundreds of thousands machine-translated documents produced by the Taishan defendants and also worked with the team to prepare for the Rule 30(b)(6) and third party depositions taking place at the time. I made several trips to New Orleans to review and strategize with the team at Russ Herman's specific request. In 2016 and 2017, I appeared for a meet and confer with the Taishan Defendants, performed several Product ID assignments, and participated in strategy meetings at HHK. In 2018 and 2019, I was an integral member of the Florida trial team, actively representing nine of 20 Priority Claimants in all facets of fact discovery, expert discovery, motion practice, trial preparation, and settlement negotiations. All of this work was performed at the request of lead or liaison counsel.

2. Rene Rocha – in 2015, Rene was an important member of the team of lawyers who met at HHK to review the machine-translated documents and to prepare for the Taishan 30(b)(6) depositions and depositions of third parties.

3. T. Michael Morgan – in 2019, Mike engaged in trial preparation for the 20 Priority Claimant trials.

4. Scott Weinstein – Scott participated in strategy meetings in 2015 and again in 2018.

5. John Yanchunis – in June 2016, John participated in strategy meetings at HHK.

6. Keith Mitnik – in June 2016, Keith participated in strategy meetings at HHK.

**c. The firm's membership and leadership on the Plaintiffs' Steering Committee ("PSC") is as follows:**

Scott Weinstein was an original member of the PSC from 2009 until his retirement in 2018. Upon his retirement, I was appointed to the PSC.

We nominated 10 of our clients to serve as Priority Claimants in the Florida *Amorin* case and ultimately nine of the 10 were selected. Our selections were

based on our knowledge of our individual clients' cases and the nuances of Product ID and other issues in this litigation. Our willingness to nominate our clients and our ongoing representation of 45% of the Priority Claimants in Florida is evidence of our leadership in these cases.

**d. The firm's participation and leadership in discovery (motions, depositions) is as follows:**

Our firm participated and supported the discovery process as follows:

1. In 2015, Rene Rocha and I spent extensive amounts of time reviewing machine-translated documents and assisting the team in the preparation for depositions of the Taishan Defendants and third parties.

2. In the Florida *Amorin* case in 2018 and 2019, we performed the following:

    a. Prepared and defended nine of the Florida Priority Claimant depositions;
    b. Prepared Answers to Interrogatories and Responses to Requests for Production for each Priority Claimant;
    c. Reviewed and prepared thousands of documents for production;
    d. Worked with defense counsel to prepare stipulations related to specific categories of damages;
    e. Met and worked with our own experts to address damages;
    f. Attended home inspections conducted by Defendants' expert Ben Nolan;
    g. Along with Richard Serpe and Natalie Rico, deposed Defendants' experts Ben Nolan and Brian Flinn;
    h. Prepared for Taishan's Rule 30(b)(6) Product ID deposition along with Patrick Montoya and others;
    i. Reviewed state court discovery responses for Product ID briefing.

**e. The firm's participation and leadership in law and briefing matters is as follows:**

Our law and briefing common benefit work included the following:

1. Product ID Briefing - I was primarily responsible for the ProWall sections of the Product ID briefs and contributed to other sections.

2. Response to Motion for Summary Judgment – I worked closely with Keith Verrier and others to respond to Defendants' extensive Motion for Summary Judgment.

3. Responses to Motions to Strike Expert Witnesses – I worked with Richard Serpe and others to respond to Defendants' Motions to Strike.

4. Pre-Trial Briefing – We prepared damages summaries for our Priority Claimants and a Motion in Limine regarding casualty loss for use in Plaintiffs' Trial Brief.

5. Defendants' Contests & Setoffs – I assisted with the response to Defendants' Contests & Setoffs.

f. **The firm's participation and leadership in science and experts matters is as follows:**

1. Along with Richard Serpe and Natalie Rico, I prepared for and deposed Defendants' experts Ben Nolan and Brian Flinn.

2. I also attended four home inspections conducted by Ben Nolan.

3. I met with Plaintiffs' experts numerous times to discuss the evaluation of the Priority Claimants' damages.

g. **The firm's participation and leadership in document review is as follows:**

1. Machine-Translated Documents – In 2015, Rene Rocha and I spent over 900 hours reviewing machine-translated documents produced by the Taishan Defendants.

2. Product ID – I collaborated with several plaintiffs' attorneys (Allison Grant, Emma Schwab, Pearl Robertson, Keith Verrier, and others) regarding Product ID throughout the course of this litigation. Much of this document review involved sifting through inspection reports and documents produced by downstream defendants and conducting additional searches of Taishan documents. The searches were extensive.

h. **The firm's activities in support or conduct trials of individual Chinese Drywall claimants, including bellwether trials and non-MDL trials which impacted proceedings on a common benefit level (identify the claimant, docket number and venue of each trial and outcome) is as follows:**

We were heavily involved in all aspects of discovery and pre-trial preparation for the Florida *Amorin* cases.

i. **The firm's participation and leadership in settlement negotiations, drafting of settlement documentation and closing papers, and administration of settlement agreements (excluding individual representations) is as follows:**

I met with other members of the Florida trial team to prepare for the global mediation in May 2019 and to address many of the complicated nuances in these cases. I participated in the global mediation with mediator John Freud that led to the Taishan class settlement. I also attended multiple meetings with other plaintiffs' counsel and Taishan's counsel in both Philadelphia and New Orleans to prepare and finalize the settlement papers. In addition, I participated in a meeting with Cal Mayo to discuss several nuances of the litigation. I reviewed and revised several drafts of the settlement papers. Finally, I attended the final fairness hearing in December 2019.

j. **The firm's activities of common benefit work in the following non-MDL jurisdictions:**

As set forth herein, I was a member of the Florida trial team and represented nine of the 20 Priority Claimants in the *Amorin* case in the Southern District of Florida.

k. **The following members of the firm held leadership positions on the regular committees engaged in common benefit work (state position and committee):**

I served on the Florida trial team for the *Amorin* case.

l. **The firm's participation in ongoing activities, such as the Fee Committee, Settlement Claims Administration, Court Appointed Committees (e.g. Settlement Allocation Committees, Claims Administration Committee, Fee Committee, etc.), that is intended to provide common benefit included the following:**

None

m. **Counsel in the firm were or were not involved in the Chinese Drywall litigation prior to the JPMDL, and the time and expense incurred during such time period outlined below was for common benefit:**

Morgan & Morgan has represented Chinese Drywall claimants since well before this MDL was formed, having filed the first federal class action regarding Chinese Drywall in January 2009. We are not seeking compensation for that time in this fee application.

**n. The firm made the following significant contributions to the funding of the litigation (include all assessments made to the MDL) and the amount of any sums reimbursed and date(s) of reimbursement:**

Morgan & Morgan has paid every assessment requested by leadership in full and requests reimbursement for the amounts that have not yet been reimbursed.

Morgan & Morgan also seeks reimbursement for its common benefit held expenses. See Phil Garrett's Case Cost Management System for details.

**o. The members of the firm who were PSC members or committee members whose commitment to the litigation did not ebb included:**

I have been a PSC member from mid-2018 through the present. I have been extraordinarily committed to this case for the past decade. From November 16, 2018 until mid- 2019, virtually my entire working life was devoted to this case.

Scott Weinstein (PSC from 2009 through 2018) was also an actively engaged in and participated in all aspects of this litigation until his retirement.

**p. A complete and accurate listing of all sources and amounts of prior payments received from a Chinese Drywall claimant or other sources (identify amounts paid for fees and amounts paid for costs) to the firm:**

Morgan & Morgan received fees from the Knauf and related settlements. We also previously identified in our PTO 28 Second Affidavit the handful of cases that we had settled and paid voluntary assessments on outside of the MDL settlements.

**q. The other relevant factors which applicant requests be considered by the Court:**

Our firm's commitment to this case has not wavered from 2009 to the present. Our work on our individual clients' cases assisted us with our contributions to the PSC for the benefit of all homeowners.

When the *Amorin* case was remanded to Florida in 2018, we were one of only a handful of firms who willingly nominated our clients to serve as Priority Claimants. We represented 45% of the Florida Priority Claimants. While we worked up our nine individual cases to go to trial, we also actively participated in expert discovery, Product ID briefing, responding to Defendants' Contests & Setoffs, and ultimately the settlement negotiations.

We are confident that our extensive efforts benefitted the entire class and seek fair compensation for our work in addition to reimbursement for our outstanding assessments and held costs.

Dated: _January 31, 2020_

_____
Panagiotis "Pete" V. Albanis

SWORN TO AND SUBSCRIBRED
BEFORE ME THIS _31st_ DAY OF
_January_ , 2020.
_by Panaziotis "Pete" V. Albanis who is personally known to me._
NOTARY PUBLIC
Print Name: _Sarah Marvitz_
My commission expires: _March 8, 2020_

SARAH MARVITZ
MY COMMISSION # GG 029470
EXPIRES: March 8, 2020
Bonded Thru Notary Public Underwriters