UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED
DRYWALL PRODUCTS LIABILITY
LITIGATION

MDL NO. 2047

SECTION: L

THIS DOCUMENT RELATES TO:

*Elizabeth Bennett, et al. v. Gebrueder
Knauf Verwaltungsgesellschaft, KG, et al.*
2:14-cv-02722-EEF-JCW

JUDGE ELDON FALLON

MAG. JUDGE WILKINSON

**PLAINTIFFS THE VAN TRAN AND CHIN NGUYEN'S OPPOSITION**

**TO DEFENDANT KNAUF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# Table of Contents

**Page**

I.   STATEMENT OF MATERIAL FACTS……………………………..……….   1

    A.   MDL-2047……………………………………………………..…….   1

    B.   The *Bennett* Class Action …………………...……………………...   3

    C.   Plaintiffs The Van Tran and Chin Nguyen in the
         *Bennett* Complaint……………………………………………………..   4

II.   STANDARD OF REVIEW……………………………………………….   5

III.   ARGUMENT…………………………………………………………   6

    A.   All non-remediation damages, including loss of use and enjoyment,   6
         remain unresolved and are to be decided by a trier of fact according
         to Mississippi law ……………………………………………..

IV.   CONCLUSION……………………………………………………..   8

Table of Authorities

**<u>Cases</u>**                                                               **<u>Page</u>**

*Anderson v. Liberty Lobby, Inc.*,                                              5
    477 U.S. 242 (1986)

*Celotex Corp. v. Catrett*,                                                     5, 6
    477 U.S. 317 (1986)

*City of Tupelo v. O'Callaghan*,                                                7
    208 So.3d 556 (Miss. 2017)

*Clark v. Coats & Clark, Inc.*,                                                 5
    929 F.2d 604 (11th Cir. 1991)

*Fitzpatrick v. City of Atlanta*,                                              6
    2 F.3d 1112 (11th Cir. 1993)

*In Re Chinese Manufactured  Drywall Prod. Liab. Liti.*,                        7
    706 F. Supp. 2d 655 (E.D. La. 2010)

*In re Depuy Orthopedics*, *Inc.*,                                             7
    870 F.3d 345 (5th Cir. 2017)

*Johnson v. City of Canton*,                                                    7
    194 So.3d 161 (Ct. App. Miss. 2015)

*Tolan v. Cotton*,                                                              5
    134 S. Ct. 1861 (2014)


**<u>Other</u>**

Fed. R. Civ. P. 56(a)                                                           5

Plaintiffs The Van Tran and Chin Nguyen (hereinafter "Plaintiffs" or "Plaintiff"), by and through the undersigned counsel of record, opposes the motion for partial summary judgment (Rec. Doc. 22442) filed by the Knauf Defendants.  As grounds, Plaintiffs offers the following:

## I.   STATEMENT OF MATERIAL FACTS

### A.  MDL-2047.

This litigation arises from alleged property damage and caused by the presence of Chinese drywall in homes and other buildings. Hurricanes Katrina and Rita devastated the Gulf Coast in 2005. These disasters, coinciding as they did with a boom in new housing construction, helped precipitate a shortage of drywall for the construction and reconstruction of homes in the United States. As a result, from approximately 2005 to 2008, Chinese drywall entered the United States market, changing hands in the chain of commerce, and ultimately finding its way into thousands of homes and buildings in the United States, primarily in Florida, Louisiana, Alabama, Mississippi, Texas, and Virginia.  Sometime after the installation of Chinese drywall in these properties, homeowners, residents, and occupants began to notice and complain of odd odors, corrosion of metal components, failure of electronics and appliances, and in some cases, physical ailments, such as nose bleeds, skin irritation, and respiratory problems. In response to these complaints, a number of governmental agencies and special interest groups, notably the federal Consumer Products Safety Commission and the Department of Housing and Urban Development, began to investigate, conduct testing, and issue remediation protocols related to Chinese drywall.

The present litigation commenced with the filing of lawsuits in 2009 in both federal and state courts by property owners and occupants damaged by the Chinese drywall installed in their residences and businesses, in addition to suits filed by some homebuilders who repaired these

properties. Defendants include homebuilders, developers, installers, retailers, realtors, brokers, suppliers, importers, exporters, and distributors, as well as their insurers and the insurers of homeowners, who were involved with the Chinese drywall in the affected properties. Because of the commonality of facts in the various federal lawsuits, the litigation was designated as Multi-District Litigation 2047 by the Judicial Panel on Multidistrict Litigation. On June 15, 2009, the Panel transferred all federal actions alleging damages from Chinese drywall to the U.S. District for the Eastern District of Louisiana for coordinated and consolidated proceedings.

Since the inception of MDL 2047, numerous cases were consolidated, containing thousands of claims; in addition, the Court issued numerous opinions, pretrial orders, and minute entries; the Court facilitated mediations; and in the Court thousands of documents were filed. Additionally, the Court coordinated with a number of state and federal court judges who also presided over related Chinese drywall cases.  The discovery revealed that the manufacturers of the drywall in question generally fell into two groups: the Knauf entities[1] and the Taishan entities[2]. After one of the Taishan entities was held in preliminary default, the Court conducted a bellwether evidentiary default hearing.  Shortly thereafter, the Court held its first bellwether, bench trial involving the Knauf entities. With regard to these bellwether proceedings, the Court issued detailed findings of fact and conclusions of law, concluding that the Chinese drywall at issue was in fact defective due to its release of corrosive gasses, requiring remediation of properties containing this drywall. The Court also issued a remediation protocol.

---

[1]  The term "Knauf entities" includes: Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guangdong Knauf New Building Material Products Co., Ltd., Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, Knauf International GmbH, Knauf Insulation GmbH ("KI"), Knauf UK GmbH, Knauf AMF GmbH & Co. KG, Knauf do Brasil Ltda. and PT Knauf Gypsum Indonesia.

[2]  The term "Taishan entities" includes: Taishan Gypsum Co. Ltd. and Taian Taishan Plasterboard Co. Ltd., among others.

An initial settlement was reached in the Knauf portion of the litigation in October 2010, when the PSC and the Knauf entities entered into a Court-approved pilot program for remediation of homes containing drywall manufactured by Knauf. The pilot program led to a broader settlement agreement that extended the pilot program and provided remediation benefits to plaintiffs with filed claims.  On December 11, 2012, the final Knauf-related agreement, labeled, "Third Amended Settlement Agreement Regarding Claims Against the Knauf Defendants in MDL No. 2047" was filed with the Court.  A preliminary approval of the agreement was issued at the time, but no fairness hearing was immediately held, and no certification of a proposed class was approved.  Instead, the Court later held a consolidated fairness hearing for the five interrelated settlements: L&W; Banner; INEX; Global; and Knauf. Ultimately, on February 7, 2013, the Court certified a settlement class that included the Knauf entities and memorialized the terms in the Third Amended Settlement Agreement.  The Knauf settlement class provided benefits to participants limited to remediation.  All claims other than remediation were omitted including those claims for personal property, negligence, strict liability, consumer protection acts, nuisance, unjust enrichment, or non-pecuniary claims were not settled with the Knauf entities.  In addition, no provision in the Knauf settlement class protected or provided benefits to absent class members.

###### B.  The *Bennett* Class Action.

The original *Bennett* Complaint was filed on November 13, 2014, in the United States District Court for the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047 via a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. The Complaint was amended multiple times, primarily to amend the parties.  The Fifth Amended Class Action Complaint was filed on March 6, 2018, and includes

the following claims: 1) negligence; 2) negligence per se; 3) strict liability; 4) breach of express and/or implied warranty; 5) Redhibition (by Louisiana plaintiffs); 6) Louisiana Products Liability Act (by Louisiana plaintiffs); 7) private nuisance; 8) negligent discharge of a corrosive substance; 9) unjust enrichment; 10) violation of the Mississippi Consumer Protection Act; 11) equitable injunctive relief and medical monitoring.  In the prayer for relief, Plaintiffs seek: certification of the class action; order appointing named plaintiffs as class representatives; compensatory, statutory, and/or punitive damages; pre- and post-judgment interest as allowed by law; injunctive relief; an award of attorney's fees as allowed by law; and award of taxable costs; and, any other relief a court deems just and proper.  On January 27, 2020, this Court issued an order denying class certification.

### C.  Plaintiffs The Van Tran and Chin Nguyen in the *Bennett* Complaint.

Plaintiffs The Van Tran and Chin Nguyen own a property in the State of Mississippi that contains drywall manufactured by the Knauf Defendants that is alleged to be defective. Plaintiffs' claim was filed in the *Bennett* complaint on August 31, 2018.  The street address of Plaintiffs' property at issue is: 12912 Rosemont Street, Ocean Springs, MS 39564 ("Affected Property").  Plaintiff asserts all claims in the Fifth Amendment Complaint and seeks all relief available under current Mississippi law.

Plaintiffs purchased the Affected Property on September 31, 2006. A copy of the deed is attached hereto as Exhibit A.  Plaintiff completed a Plaintiff Profile Form (Exhibit B) that verified the date that the Knauf drywall was discovered and the identity of the manufacturer confirmed on April 14, 2018.  Plaintiff learned of the defective drywall in their home through self-inspection and later had an inspection conducted by Heathly Home Solutions, LLC from

Slidell, Louisiana.  Plaintiff also completed a Supplemental Plaintiff Profile Form (Exhibit C) and a Plaintiff Fact Sheet (Exhibit D).

Plaintiffs The Van Tran and Chin Nguyen were deposed by counsel for Knauf on August 22, 2019, in New Orleans, Louisiana, where they affirmed the responses in their three discovery forms, including the date of discovery of the defective Knauf-manufactured drywall in the Affected Property.  Plaintiffs also provided testimony under oath that affirmed the responses in the discovery documents related to damages, including loss of use and enjoyment, and personal property damages, among other topics addressed by counsel for the defendants.  Plaintiff attended the deposition voluntarily and answered all questions posed by counsel for the Knauf Defendants.

## II. STANDARD OF REVIEW

Summary judgment is only warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In making the determination, "all justifiable inferences are to be drawn in [the non-movant's] favor." *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The movant may argue that "there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), but "it is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the non-moving party provides more than a mere "scintilla of evidence" demonstrating that "the jury could reasonably find for the plaintiff," it will defeat the motion. *Anderson*, 477 U.S. at 252. This can be done by pointing out where the record "contains supporting evidence . . . which was

'overlooked or ignored' by the moving party." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)).

## III.   ARGUMENT

In this case, Defendants have stipulated that their product is defective; therefore, the calculation of appropriate damages is all that remains for Plaintiff unless Defendant presents some legal basis for dismissal of the individual claim.  Defendants have argued in their motion that Plaintiffs' claims should be granted partial summary judgment regarding loss of use and enjoyment damages. In order to prevail with this partial summary judgment motion, Defendants must establish that this Court can decide this issue rather than a jury in the transferor court; however, Mississippi recognizes loss of use and enjoyment as a compensable claim and has decided long ago that a jury is the appropriate entity to evaluate and assess loss of use and enjoyment damages.

**A.     All non-remediation damages, including loss of use and enjoyment, remain unresolved and are to be decided by a trier of fact according to Mississippi law.**

Plaintiff has asserted a claim for loss of use and enjoyment of the property due to the presence of defective Chinese drywall manufactured by Knauf Defendants.  The Knauf Defendants have acknowledged that their product is defective and stipulated to liability.  In Exhibit C, the Supplemental Plaintiff Profile Form, Plaintiff assigned a value believed to be reasonable and appropriate for loss of use and enjoyment based on past verdicts in the Chinese drywall litigation (Exhibit C, Page 6).  Loss of use and enjoyment damages are non-pecuniary in nature and the appropriate damages are to be assessed by the trier of fact according to Mississippi law.

Loss of use and enjoyment of real property is a recognized property interest in Mississippi.  *See Johnson v. City of Canton*, 194 So.3d 161, 169 (Ct. App. Miss. 2015) (additional citations omitted). Plaintiffs are entitled to seek damages under Mississippi law for loss of use and enjoyment of a residential property.  "Damage inflicted upon the property is not restricted: it is 'without limitation or qualification,' permitting due compensation for any damage incurred, no matter the type or extent." *City of Tupelo v. O'Callaghan*, 208 So.3d 556, 563 (Miss. 2017).  Physical discomfort in the use of property, like insecurity and lack of safety in the use of property, raises the specter of loss of use and damages ***are to be assessed by the trier of fact***. *Id*. (emphasis added).  Plaintiffs' assertion of loss of use damages in the SPPF, coupled with the testimony at deposition is sufficient to survive a partial summary judgment challenge.  As loss of use and enjoyment is non-pecuniary in nature, there are no documents necessary for the Defendants to understand these damages; furthermore, the disagreement among the parties regarding the appropriate valuation of loss of use damages makes this the very type of issue of material fact that a trier of fact must resolve.

This Court has also previously addressed loss of use and enjoyment, stating, "[t]he Taishan property owners will still have an opportunity at later phases to seek damages for alternative living expenses and loss of use and enjoyment of their properties. Those issues can be addressed and resolved later when the Court remands the cases in this MDL."  *In Re Chinese Manufactured  Drywall Prod. Liab. Liti.,* 706 F. Supp. 2d 655, 693 (E.D. La. 2010); *See In re Depuy Orthopedics*, *Inc*., 870 F.3d 345 (5th Cir. 2017). This Court does not intend to assume the transferor courts' duties after pre-trial matters are completed. *Id*.

Defendants have argued that loss of use and enjoyment is appropriate only if a plaintiff is unable to live in the home. Plaintiff is not required to prove that the Affected Property was not

inhabitable in order to recover for loss of use an enjoyment under Mississippi law.  It is equally unnecessary to produce documents to "prove" a component of compensable damages that is non-pecuniary in nature.  The parties differ in their valuation of loss of use and enjoyment, but it is ultimately the trier of fact that will decide the appropriate loss of use and enjoyment damages. Clearly, with regard to loss of use and enjoyment, a genuine issue of material fact exists for a trier of fact to decide; consequently, partial summary judgment is due to be denied.

## IV.   CONCLUSION

This lawsuit was filed because Defendant Knauf manufactured defective drywall found in Plaintiff's property.  The Knauf Defendants have stipulated that their drywall product is indeed defective.  Although counsel for Defendant Knauf has filed a motion for partial summary judgment on the issue of loss of use and enjoyment damages, their argument is without merit as Mississippi law is quite clear on this issue – loss of use and enjoyment damages are to be decided by a jury.  For the foregoing reasons, Defendants' partial motion for summary judgment should be denied.

Respectfully submitted by:

/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC
2100 Southbridge Pkwy., Suite 650
Birmingham, AL 35209
Tele: 205-533-9500
Fax: 844-638-5812
jimmy@doylefirm.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Plaintiffs The Van Tran and Chin Nguyen's Opposition to Defendant Knauf's Partial Motion for Summary Judgment has been served on Plaintiffs' Liaison Counsel, Russ Herman, and Defendants' Liaison Counsel, Kerry Miller, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 6, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047, on this 4th day of February, 2020.


/s/ *James V. Doyle, Jr.*

James V. Doyle, Jr.
DOYLE LAW FIRM, PC