# Exhibit D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>**2:14-cv-02722-EEF-JCW** | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFF FACT SHEET**

Name of Plaintiff: Bonnie Cordier & Carl Cordier

Affected Property Address: 11429 Maxine Drive, New Orleans, LA 70128

## I.   Purchase, Sale and/or Transfer of Ownership of Property

1.   On what date did you purchase the Property?

**Response:**  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: Plaintiff purchased the property:

(Month/Day/Year)        01 / 05 / 1999

2.   When you took ownership of the Property, what was the name of the seller?

Alan R. McKendall

1

3.  Name and address of the realtor?

I don't recall.

4.  Name and address of the closing agent?

I don't recall.

5.  What was the price of the home when you purchased it?  $ 37,500.00

6.  Was it an "as-is" sale?

**Response**: Plaintiff objects to the use of "as-is" in this question as vague, ambiguous, uncertain, and unintelligible; consequently, Plaintiff cannot determine the exact nature of the information being sought.  This term is not defined and is not commonly understood with one accepted meaning; multiple inpretations are possible.  Without waiving said objection, plaintiff responds as follows:

☐ Yes    ☑ No    ☐ I'm not sure.

7.  If you sold or transferred ownership of the Property, what was the name of the purchaser?

N/A

8.  If you sold or transferred ownership of the Property, what was the name and address of the realtor?

N/A

9.  If you sold or transferred ownership of the Property, what was the name and address of closing agent?

N/A

10.  If you sold or transferred ownership of the Property, what was the price paid for home?
$ N/A

## II.  Appraisal of the Home

11.  Date of each appraisal:

a. __11__ / __29__ /20__05__

b. __07__ / __08__ /20__14__

C.  07  /  25  /  2016

2

**PFS REQUEST FOR DOCUMENT PRODUCTION #1**: Please produce copies of any and all appraisals performed on the house both prior and subsequent to the occurrence of any of the events allenged in the petition.

  **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 1."

## III.  Discovery of Drywall

12.  Date that the property was constructed and/or renovated that installed the allegedly defective Chinese Drywall.

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to  Section II of the SPPF.  Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: The property construction and/or renovation that installed the allegedly defective drywall occurred on or about the following date (to the best of my knowledge):

  (Month/Day/Year)    \_\_\_\_/\_\_\_\_/20_06\_\_\_

**PFS REQUEST FOR DOCUMENT PRODUCTION #2**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify that there is defective Chinese Drywall in the Property.

  **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 2."

## IV.  Manufacturer/Seller of Drywall

13.  Who sold or distributed the drywall in the house?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Plaintiff Profile Form ("PPF"). Plaintiff directs the defendants to  Section X of the PPF.  Without waiving said objection, Plaintiff adopts the PPF response again here and intends to provide the exact same information as provided in the verified PPF as follows:   The drywall Supplier's name (to the best of my knowledge) is:

Interior Exterior Supply Company _____

3

**PFS REQUEST FOR DOCUMENT PRODUCTION #3**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify the manufacturer of drywall installed in the house. The submission must be in the form of PTO 1(B).

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 3."

## V.  Damages

14.  Identify any harm, financial or otherwise, that you contend was caused by defective Chinese Drywall installed in the Property.

**Response**:  Plaintiff directs the defendants to review the complaint filed with the court in this case for a full listing of the claims being asserted and the damages being sought.  The defective Knauf Chinese Drywall emitted gasses that cause damage to Plaintiff's home and the personal property contained therein.  It also significantly diminished the use and enjoyment of the home; therefore, Plaintiff seeks the following:  all compensatory, statutory, and/or punitive damages; all pre-judgment and post-judgment interest as allowed by law; any appropriate injunctive relief; an award of attorney's fees as allowed by law; an award of taxable costs; and, any and all such further relief as a jury or judge presiding over my trial deems just and proper.  Other damages include, but are not limited to:

Inability to sell a home with defective Chinese sheetrock.

15.  If you contend that you entered personal bankruptcy as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

16.  If you contend that you entered short sale and/or foreclosure as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

**PFS REQUEST FOR DOCUMENT PRODUCTION #4**: If you claim loss of income, please produce any copies of any and all documentation upon which you intend to rely upon to prove this claim.

> **Response:** All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 4."

17.  If you claim diminution of the property as a result of Chinese Drywall, state with particularity each fact which supports your claim.

N/A _____

_____

_____

_____

18.  Identify the appliances, fixtures and/or other electronics, if any, that you claim were damaged by Chinese Drywall in the property.

> **Response:** An list of damaged items is attached as "Exhibit 14."

19.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide:  Address of each location you stayed thereafter.

a. N/A _____

b. N/A _____

c. N/A _____

20.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide:  Time periods in which you resided at each property.

a. N/A __/_____/20_____   to   _____/_____/20_____

b. N/A __/_____/20_____   to   _____/_____/20_____

c. N/A __/_____/20_____   to   _____/_____/20_____

21.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide:  Moving costs and/or alternative living expenses you claim to have incurred as a result of the alleged presence of Chinese Drywall.

a. $ N/A _____

b. $ N/A _____

c. $ N/A _____

**PFS REQUEST FOR DOCUMENT PRODUCTION #5**:  If you vacated the property because of the alleged presence of Chinese Drywall, please provide any documentation to support your claims.

> **Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 5."

22.  Are you claiming damages for personal injury?  ☐ Yes (explain below) ☑ No

_____

_____

23.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Date you allege that you first sustained personal injuries as a result of your exposure to allegedly defective Chinese Drywall.

> **Response**:    ☑ N/A

24.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  What specific injuries have you suffered?

> **Response**:    ☑ N/A

25.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Name and address of any doctor, physician, surgeon, chiropractor, or osteopath who examined and/or treated your alleged injuries.

> **Response**:    ☑ N/A

## VI.  Potential Witnesses/Evidence

26.  Has any written or recorded statement been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injuries referred to in the petition, and for each statement identified?

☐ Yes   ☐ No   ☑ I don't know

27.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person from whom the statement was taken.

N/A_____

_____

6

28.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person who took the statement.

N/A

29.  If the answer to 26 is "yes," please state:  The name address, and telephone number of the party having custody of such statement.

N/A

30.  If the answer to 26 is "yes," please state:  The date the statement was taken.

N/A

## VII.   Already Remediated Properties

31.  If you already remediated the Property, who conducted the remediation?

**Response:**   ☑ N/A

32.  When did the remediation commencement date occur?

**Response:**   ☑ N/A

33.  When did the remediation end date occur?

**Response:**   ☑ N/A

34.  What was the scope of the remediation and the scope of the work carried out?

**Response:**   ☑ N/A

35.  What costs or expenses, if any, did you incur related to the remediation of the Property?

**Response:**   ☑ N/A

7

36. Were any samples from the remediation retained?

   **Response:**   ☑ N/A

37. If the response to 36 is "yes," were the samples compliant with PTO 1(B)?

   **Response:**   ☑ N/A

38. Were any photographs taken of the allegedly defective Chinese Drywall?

   **Response:**   ☑ N/A

39. If the response to 38 is "yes," were the photographs compliant with PTO 1(B)?

   **Response:**   ☑ N/A

**PFS REQUEST FOR DOCUMENT PRODUCTION #6**:  Please produce the following documentation concerning the remediation of the Property:  Any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the Property prior to remediation.

   **Response:**  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 6."

**PFS REQUEST FOR DOCUMENT PRODUCTION #7**:  Please produce the following documentation concerning the remediation of the Property:  Interior photographs of the Affected Property immediately prior to the commencement of, and following completion of, the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom and, to the extent possible, security systems, appliances and audio such as surround sound.

** The photographs do not need to be pictures taken specifically for the litigation. For example, family photographs or photographs taken for purposes of refinancing a mortgage are acceptable in the absence of other photographs.

   **Response:**  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 7."

**PFS REQUEST FOR DOCUMENT PRODUCTION #8**:  Please produce the following documentation concerning the remediation of the Property:  The remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including, but not limited to, manufacturer, model number, and quantity.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 8."

**PFS REQUEST FOR DOCUMENT PRODUCTION #9**:   Please produce the following documentation concerning the remediation of the Property:  An itemized invoice from the contractor who performed the remediation work ("Itemized Invoice") showing the scope of work carried out.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 9."

**PFS REQUEST FOR DOCUMENT PRODUCTION #10**:   Please produce the following documentation concerning the remediation of the Property:  Proof of payment of the Itemized Invoice and any other expenses, such as cancelled checks, credit card statements, etc.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 10."

**PFS REQUEST FOR DOCUMENT PRODUCTION #11**:   Please produce the following documentation concerning the remediation of the Property:  A floor plan of the Affected Property with dimensions.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 11."

**PFS REQUEST FOR DOCUMENT PRODUCTION #12**:   Please produce the following documentation concerning the remediation of the Property:  An Environmental Certificate.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 12."

**PFS REQUEST FOR DOCUMENT PRODUCTION #13**:   Please produce the following documentation concerning the remediation of the Property:  An Owner Disclosure Affidavit in the form attached as Exhibit 1, which includes a certification that the materials provided comprise all of the available documentation regarding the following:  The drywall that was in the Affected Property prior to the commencement of the remediation; and, the scope, extent, and cost of the remediation.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 13."

## **VERIFICATION**

I hereby verify that the responses to the Plaintiff Fact Sheet are correct to the best of my knowledge.

_Carol J Cordier Jr_
_Bonnie A Cordier_
Signature of Plaintiff

_11/15/19_
Date

_Carl J Cordier Jr_
_Bonnie S. Cordier_
Printed Name

# Exhibit 1

ading, but not limited to, such consent must be obtained before this appraisal report .... 

I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and gulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to closure or distribution by me.

The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, vernment sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage ance transaction that involves any one or more of these parties.

If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in plicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report ntaining a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper sion of this appraisal report were delivered containing my original hand written signature.

Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties uding, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or ilar state laws.

**PERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's alysis, opinions, statements, conclusions, and the appraiser's certification.

I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, atements, conclusions, and the appraiser's certification.

The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the praisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by e Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in plicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report ntaining a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper sion of this appraisal report were delivered containing my original hand written signature.

---

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature  *Tracy Riggs* | Signature |
| Name  TRACY RIGGS | Name |
| Company Name  JAMES JUNEAU APPRAISAL SERVICES, INC | Company Name |
| Company Address  212 TERRY PARKWAY | Company Address |
| GRETNA  LA  70056 | |
| Telephone Number  (504)365-1997 | Telephone Number |
| Email Address  TRACY@JAMESJUNEAU.COM | Email Address |
| Date of Signature and Report  11/30/2009 | Date of Signature |
| Effective Date of Appraisal  11/25/2009 | State Certification # |
| State Certification #  LOUISIANA CERTIFIED RESIDENTIAL | or State License # |
| or State License #  REAL ESTATE APPRAISER #R0959 | State |
| or Other (describe)  State # | Expiration Date of Certification or License |
| State  LA  LA | |
| Expiration Date of Certification or License  12/31/2010 | SUBJECT PROPERTY |

ADDRESS OF PROPERTY APPRAISED

11429 MAXINE DRIVE

NEW ORLEANS  LA  70128

APPRAISED VALUE OF SUBJECT PROPERTY $  285,000

LENDER/CLIENT

Name

Company Name  QUICKEN LOANS

Company Address  20555 VICTOR PARKWAY LIVONIA, MI 48152

SUBJECT PROPERTY

☐ Did not inspect subject property
☐ Did inspect exterior of subject property from street
  Date of Inspection _____
☐ Did inspect interior and exterior of subject property
  Date of Inspection _____

COMPARABLE SALES

☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION**: The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name   KENNETH J. PUMILIA | Name |
| Company Name   KENNETH J. PUMILIA, INC | Company Name |
| Company Address   105 OAK MANOR DR | Company Address |
| SLIDELL        LA     70460 | |
| Telephone Number   504-885-2046 | Telephone Number |
| Email Address   PUMILIAK@AOL.COM | Email Address |
| Date of Signature and Report   07/11/2014 | Date of Signature |
| Effective Date of Appraisal   07/08/2014 | State Certification # |
| State Certification #   562 | or State License # |
| or State License # | State |
| or Other (describe) _____ State # _____ | Expiration Date of Certification or License |
| State   LA | |
| Expiration Date of Certification or License   12/31/2015 | |

ADDRESS OF PROPERTY APPRAISED

11429 MAXINE DR

NEW ORLEANS        LA     70128

APPRAISED VALUE OF SUBJECT PROPERTY $  ~~260000~~

LENDER/CLIENT

Name   TSI

Company Name   QUICKEN LOANS, INC.

Company Address   1050 WOODWARD AVE

DETROIT        MI     48226

*Handwritten note:* Value depreciated due to next door neighbor garage caught on fire and burned down my side & back fence at time of appraisal.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION:**   The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER          Michael B. Hart | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name   Michael B Hart | Name |
| Company Name   Hart Appraisals LLC | Company Name |
| Company Address   6414 General Diaz St | Company Address |
| New Orleans, LA 70124 | |
| Telephone Number   (504) 452-5219 | Telephone Number |
| Email Address   Mhartinno@yahoo.com | Email Address |
| Date of Signature and Report   07/26/2016 | Date of Signature |
| Effective Date of Appraisal   07/25/2016 | State Certification # |
| State Certification #   R1564 | or State License # |
| or State License # | State |
| or Other (describe)                    State # | Expiration Date of Certification or License |
| State  LA | |
| Expiration Date of Certification or License   12/31/2017 | **SUBJECT PROPERTY** |

**ADDRESS OF PROPERTY APPRAISED**

11429 Maxine Dr

New Orleans, LA 70128

**APPRAISED VALUE OF SUBJECT PROPERTY $**   285,000

**LENDER/CLIENT**

Name  TSI Appraisal

Company Name   Quicken Loans, Inc.

Company Address   1050 WOODWARD AVE, DETROIT, MI 48226

Email Address

**SUBJECT PROPERTY**

☐ Did not inspect subject property

☐ Did inspect exterior of subject property from street
Date of Inspection

☐ Did inspect interior and exterior of subject property
Date of Inspection

**COMPARABLE SALES**

☐ Did not inspect exterior of comparable sales from street

☐ Did inspect exterior of comparable sales from street
Date of Inspection

# Exhibit 2







# Exhibit 3



**Benchmark**
Remediation Group

January 20, 2014

Gregory Wallance
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Dear Mr. Wallance,

Please let me begin by thanking you for the opportunity to work with yourself and Kaye Scholer. Attached is the documentation for the inspection done at 11429 Maxine Drive New Orleans, LA.

The purpose of this Phase 1 inspection was to identify contaminated drywall within the home, indentify whether the home had any KPT drywall and identify whether the plumbing, electrical and HVAC had any corrosion.

As a summary, we <u>have</u> identified corrosion of the copper wiring throughout the home. In addition, we <u>have</u> discovered the existence of KPT Drywall in the home. Please see our detailed report for further information or contact me should you have any questions.

Mrs. Cordier is the homeowner.

Sincerely,

Mr. Karell Locay
President



# Phase I        Validation Form

**File Number:** 13003

**Date of Inspection:** January 20, 2014

**Home Address:** 11429 Maxine Drive New Orleans, LA

**Community:** n/a

**Builders:** n/a

**Owner:** Cordier, Bonnie

**Benchmark Personel Present:** Joel B. Holton

**Types of Drywall Found In Houses:** KPT, Unknown Domestic Drywall, USG

**Type of Home:** One Story

**Odor Present:** Yes

**Number of Rooms:** 9

**Drywall Inspected:** Living Room, Dining Room, Master Bedroom, Garage, Attic, Laundry Room, Bedroom 2, Bedroom 3, Bedroom 4, Storage Room

**Square Footage:** 2,800 Sq. Ft.

**Square Footage Source:** Assessor

**Is Floor Plan Available:** No

**Occupancy:** Occupied

## Phase I        Electrical

**Was Black Surface Accumulation Observed:** Yes

**How Many Outlets/Switches Were Observed:** 1

## Phase I        Plumbing

**Type of Water Line:** Copper

**Black Surface Accumulation Water Lines:** Yes

**Plumbing Fixtures Inspected:** Yes

## Phase I        HVAC

**Number of HVAC Units:** 1

**Black Surface Accumulation:** 1

## Phase I        Drywall Discovery

**The inspector checked for drywall manufacturer markings including the following:**
knauf-tianjin china-astm c36, knauf-tianjin c, the telltale yellow and blue paper end label on the knauf-tianjin board ends, knauf plasterboard natural

**Drywall Supplier:** INEX

**Percentages Drywall Manufactures Found:** 50% - KPT, 10% - Unknown Domestic Drywall, 40% - USG

**Manufacture and Percentage of Chinese Drywall Only:** 100% - KPT

**Combined percentages from two reports:** N/A



Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 3

# Findings



Address



Front Elevation



Living Room Switch Black Surface Accumulation



Living Room Drywall USG

For Settlement Purposes Only

11429 Maxine Drive New Orleans, LA 70128



Dining Room Switch Black Surface Accumulation



Dining Room Drywall KPT



Master Bedroom Switch Black Surface Accumulation



Master Bedroom Drywall USG



Bedroom 2 Switch Black Surface Accumulation



Bedroom 2 Drywall KPT



Bedroom 3 Switch Black Surface Accumulation



Bedroom 3 Drywall USG



Bedroom 4 Switch Black Surface Accumulation



Bedroom 4 Drywall KPT

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 10



Laundry Room Outlet Black Surface Accumulation



Laundry Room Drywall KPT

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 11



Storage Room Switch Black Surface Accumulation



Storage Room Drywall USG

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 12



Garage Outlet Black Surface Accumulation



Garage Drywall KPT

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 13



Attic Drywall Unknown Domestic Drywall



Kitchen Plumbing Fixture Pitted



Master Bathroom Plumbing Fixture Pitted



Master Bathroom Plumbing Fixture Pitted

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 15



Bathroom 2 Plumbing Fixture Pitted



Bathroom 2 Plumbing Fixture Pitted

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 16



HVAC Black Surface Accumulation



Water Heater Copper

Benchmark Remediation Group LLC. 2455 East Sunrise Blvd Suite 510 Ft. Lauderdale, FL 33304
954-635-2307 fax 954-635-2400 Info@Benchmarkremediation.com

Page: 17



# Exhibit 4

# Exhibit 5

# Exhibit 6

# Exhibit 7

# Exhibit 8

# Exhibit 9

# Exhibit 10

# Exhibit 11

# Exhibit 12

# Exhibit 13

# Exhibit 14