# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Elizabeth Bennett, et al. v. Knauf Gips, KG, et al.*<br>**2:14-cv-02722-EEF-JCW** | JUDGE ELDON FALLON<br><br>MAG. JUDGE WILKINSON |

## PLAINTIFF FACT SHEET

Name of Plaintiff:  ___Estate of Catherine Baber_____

Affected Property Address:  ___121 Country Club Drive, Pass Christian, MS  39571___

## I.  Purchase, Sale and/or Transfer of Ownership of Property

1.  On what date did you purchase the Property?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to Section II of the SPPF. Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows: Plaintiff purchased the property:

(Month/Day/Year)        __01_ / _26_ / _2006___

2.  When you took ownership of the Property, what was the name of the seller?

___William E. Arrington & Vennie S. Arrington_____

1

3.  Name and address of the realtor?

N/A

4.  Name and address of the closing agent?

Julien K. Byrne, III, 311 East Second Street, Pass Christian, MS  39571

5.  What was the price of the home when you purchased it?  $ 70,000.00

6.  Was it an "as-is" sale?

**Response**: Plaintiff objects to the use of "as-is" in this question as vague, ambiguous, uncertain, and unintelligible; consequently, Plaintiff cannot determine the exact nature of the information being sought.  This term is not defined and is not commonly understood with one accepted meaning; multiple inpretations are possible.  Without waiving said objection, plaintiff responds as follows:

☐ Yes    ☑ No    ☐ I'm not sure.

7.  If you sold or transferred ownership of the Property, what was the name of the purchaser?

N/A

8.  If you sold or transferred ownership of the Property, what was the name and address of the realtor?

N/A

9.  If you sold or transferred ownership of the Property, what was the name and address of closing agent?

N/A

10.  If you sold or transferred ownership of the Property, what was the price paid for home?

$ N/A

## II.  Appraisal of the Home

11.  Date of each appraisal:

a. 05 / 07 /20 16

b. _____/_____/20_____

2

**PFS REQUEST FOR DOCUMENT PRODUCTION #1**: Please produce copies of any and all appraisals performed on the house both prior and subsequent to the occurrence of any of the events allenged in the petition.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 1."

## III.   Discovery of Drywall

12.   Date that the property was constructed and/or renovated that installed the allegedly defective Chinese Drywall.

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Bennett Supplemental Plaintiff Profile Form ("SPPF").  Plaintiff directs the defendants to  Section II of the SPPF.  Without waiving said objection, Plaintiff adopts the SPPF response again here and intends to provide the exact same date as provided in the verified SPPF as follows:  The property construction and/or renovation that installed the allegedly defective drywall occurred on or about the following date (to the best of my knowledge):

> (Month/Day/Year)        ____/____/20_06___

**PFS REQUEST FOR DOCUMENT PRODUCTION #2**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify that there is defective Chinese Drywall in the Property.

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 2."

## IV.   Manufacturer/Seller of Drywall

13.   Who sold or distributed the drywall in the house?

**Response**:  Plaintiff objects to this question as duplicative.  In addition, Plaintiff objects to this question on the ground that it seeks information in the possession of, known to, or otherwise equally available to the defendants.  Plaintiff has previously provided this information to defendants in the Plaintiff Profile Form ("PPF").  Plaintiff directs the defendants to  Section X of the PPF.  Without waiving said objection, Plaintiff adopts the PPF response again here and intends to provide the exact same information as provided in the verified PPF as follows:   The drywall Supplier's name (to the best of my knowledge) is:

Keel Lumber, Pass Christian, MS

**PFS REQUEST FOR DOCUMENT PRODUCTION #3**: Please produce all documents, reports, photographs, videotapes, samples and any other materials which evidence and/or identify the manufacturer of drywall installed in the house. The submission must be in the form of PTO 1(B).

> **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 3."

## V.  Damages

14.  Identify any harm, financial or otherwise, that you contend was caused by defective Chinese Drywall installed in the Property.

**Response**:  Plaintiff directs the defendants to review the complaint filed with the court in this case for a full listing of the claims being asserted and the damages being sought.  The defective Knauf Chinese Drywall emitted gasses that cause damage to Plaintiff's home and the personal property contained therein.  It also significantly diminished the use and enjoyment of the home; therefore, Plaintiff seeks the following:  all compensatory, statutory, and/or punitive damages; all pre-judgment and post-judgment interest as allowed by law; any appropriate injunctive relief; an award of attorney's fees as allowed by law; an award of taxable costs; and, any and all such further relief as a jury or judge presiding over my trial deems just and proper.  Other damages include, but are not limited to:

Significant financial burden on Mrs. Baber, who only had a fixed income.  She could afford to self-remediate and she could not sell due to the valuation after Chinese drywall discovery.

15.  If you contend that you entered personal bankruptcy as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

N/A

16.  If you contend that you entered short sale and/or foreclosure as a result of damage to your property from defective Chinese Drywall, please describe the facts and circumstances that relate to your claim.

Catherine Babe was unable to continue with sale of this property due to the Chinese drywall which made the house unsellable until renovations to remove and replace the defective product were completed.  She was unable to maintain the deteriorating residence and the bank eventually foreclosed.

4

**PFS REQUEST FOR DOCUMENT PRODUCTION #4**: If you claim loss of income, please produce any copies of any and all documentation upon which you intend to rely upon to prove this claim.

>    **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 4."

17.  If you claim diminution of the property as a result of Chinese Drywall, state with particularity each fact which supports your claim.

The appraisal of property versus the estimate of remediation cost equal a significant

diminution of property value.  At the time of foreclosure, the property was worth

significantly less due to the presence of the defective Knauf Chinese Drywall.

_____

18.  Identify the appliances, fixtures and/or other electronics, if any, that you claim were damaged by Chinese Drywall in the property.

>    **Response**: An list of damaged items is attached as "Exhibit 14."

19.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide:  Address of each location you stayed thereafter.

>    a. n/a _____
>    b. _____
>    c. _____

20.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide:  Time periods in which you resided at each property.

>    a. n/a __/_____/20_____  to  _____/_____/20_____
>    b. _____/_____/20_____  to  _____/_____/20_____
>    c. _____/_____/20_____  to  _____/_____/20_____

21.  If you vacated the property because of the alleged presence of Chinese Drywall, please provide:  Moving costs and/or alternative living expenses you claim to have incurred as a result of the alleged presence of Chinese Drywall.

>    a. $ n/a _____
>    b. $_____
>    c. $_____

**PFS REQUEST FOR DOCUMENT PRODUCTION #5**:  If you vacated the property because of the alleged presence of Chinese Drywall, please provide any documentation to support your claims.

>    **Response**: All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 5."

22.  Are you claiming damages for personal injury?  ☐ Yes (explain below) ☑ No

_____

_____

23.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Date you allege that you first sustained personal injuries as a result of your exposure to allegedly defective Chinese Drywall.

>    **Response**:   ☑ N/A

24.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  What specific injuries have you suffered?

>    **Response**:   ☑ N/A

25.  If you suffered personal injuries as a result of the alleged presence of Chinese Drywall:  Name and address of any doctor, physician, surgeon, chiropractor, or osteopath who examined and/or treated your alleged injuries.

>    **Response**:   ☑ N/A

## VI.  Potential Witnesses/Evidence

26.  Has any written or recorded statement been taken from any witness or person who has knowledge of relevant facts, including the nature, character, and extent of the injuries referred to in the petition, and for each statement identified?

>    ☐ Yes   ☐ No   ☑ I don't know

27.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person from whom the statement was taken.

N/A _____

_____

28.  If the answer to 26 is "yes," please state:  The name, address, and telephone number of the person who took the statement.

N/A

29.  If the answer to 26 is "yes," please state:  The name address, and telephone number of the party having custody of such statement.

N/A

30.  If the answer to 26 is "yes," please state:  The date the statement was taken.

N/A


## VII.   Already Remediated Properties


31.  If you already remediated the Property, who conducted the remediation?

     **Response:**   ☑ N/A

32.  When did the remediation commencement date occur?

     **Response:**   ☑ N/A

33.  When did the remediation end date occur?

     **Response:**   ☑ N/A

34.  What was the scope of the remediation and the scope of the work carried out?

     **Response:**   ☑ N/A

35.  What costs or expenses, if any, did you incur related to the remediation of the Property?

     **Response:**   ☑ N/A

36.  Were any samples from the remediation retained?

**Response:**    [✓] N/A

37.  If the response to 36 is "yes," were the samples compliant with PTO 1(B)?

**Response:**    [✓] N/A

38.  Were any photographs taken of the allegedly defective Chinese Drywall?

**Response:**    [✓] N/A

39.  If the response to 38 is "yes," were the photographs compliant with PTO 1(B)?

**Response:**    [✓] N/A

**PFS REQUEST FOR DOCUMENT PRODUCTION #6:**  Please produce the following documentation concerning the remediation of the Property:  Any evidence of KPT Chinese Drywall and Non-KPT Chinese Drywall, if any, in the Property prior to remediation.

> **Response:**  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 6."

**PFS REQUEST FOR DOCUMENT PRODUCTION #7:**  Please produce the following documentation concerning the remediation of the Property:  Interior photographs of the Affected Property immediately prior to the commencement of, and following completion of, the remediation, including photographs and/or video images of the flooring and major components such as cabinets, moldings, doors, intercom systems, and fixtures for every room and bathroom and, to the extent possible, security systems, appliances and audio such as surround sound.

\*\* The photographs do not need to be pictures taken specifically for the litigation. For example, family photographs or photographs taken for purposes of refinancing a mortgage are acceptable in the absence of other photographs.

> **Response:**  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 7."

**PFS REQUEST FOR DOCUMENT PRODUCTION #8:**  Please produce the following documentation concerning the remediation of the Property:  The remediation contract and an itemization from the contractor who performed the remediation work of the materials used during the remediation, including, but not limited to, manufacturer, model number, and quantity.

8

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 8."

**PFS REQUEST FOR DOCUMENT PRODUCTION #9**:   Please produce the following documentation concerning the remediation of the Property:  An itemized invoice from the contractor who performed the remediation work ("Itemized Invoice") showing the scope of work carried out.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 9."

**PFS REQUEST FOR DOCUMENT PRODUCTION #10**:   Please produce the following documentation concerning the remediation of the Property:  Proof of payment of the Itemized Invoice and any other expenses, such as cancelled checks, credit card statements, etc.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 10."

**PFS REQUEST FOR DOCUMENT PRODUCTION #11**:   Please produce the following documentation concerning the remediation of the Property:  A floor plan of the Affected Property with dimensions.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 11."

**PFS REQUEST FOR DOCUMENT PRODUCTION #12**:   Please produce the following documentation concerning the remediation of the Property:  An Environmental Certificate.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 12."

**PFS REQUEST FOR DOCUMENT PRODUCTION #13**:   Please produce the following documentation concerning the remediation of the Property:  An Owner Disclosure Affidavit in the form attached as Exhibit 1, which includes a certification that the materials provided comprise all of the available documentation regarding the following:  The drywall that was in the Affected Property prior to the commencement of the remediation; and, the scope, extent, and cost of the remediation.

**Response**:  All documents in Plaintiff's possession responsive to this request are attached as "Exhibit 13."

**VERIFICATION**

I hereby verify that the responses to the Plaintiff Fact Sheet are correct to the best of my knowledge.

_____          _____
Signature of Plaintiff                                        Date
    Executrix of Estate of Catherine K. Baber

_____
Printed Name
    Lisa B. Lofton

# Exhibit 1

# INVOICE

Date:   5/20/2016

File No.    CountryClub16134
Case No.    CountryClub16134

Prepared for:

Katherine Baber
Katherine Baber
121 Country Club Drive
Pass Christian, MS 39571

Property Appraised:

Client: Katherine Baber
121 Country Club Drive
Pass Christian, MS 39571-2201

Work Performed:

| | $ | |
|---|---|---|
| RESTRICTED USE APPRAISAL: | $ | |
| 121 COUNTRY CLUB DRIVE, PASS CHRISTIAN, MS 39571 | $ | 300.00 |
| | $ | |
| | $ | |
| PAID IN FULL | $ | -300.00 |
| Total Amount Due:  $ | | 0.00 |

Please make checks payable to:

Mike Purvis, Appraiser
P.O. Box 6582
Gulfport, MS 39506

# APPRAISAL REPORT

## OF



121 Country Club Drive
Pass Christian, MS 39571-2201

## PREPARED FOR

Katherine Baber
Katherine Baber
121 Country Club Drive
Pass Christian, MS 39571

## AS OF

5/07/2016

## PREPARED BY

Mike Purvis, Appraiser
P.O. Box 6582
Gulfport, MS 39506

Mike Purvis, Appraiser

File No.   CountryClub16134
Case No.   CountryClub16134

# Table of Contents

| Page Title | Page # |
|---|---|
| Short Appraisal | 1 |
| Certification Page 1 | 2 |
| Certification Page 2 | 3 |
| Certification Page3 | 4 |
| Appraisal Compliance Addendum | 5 |
| Harrison County Property Tax Statement | 6 |
| Photo Subject | 7 |
| Subject Property Photos | 8 |
| Subject Property Photos | 9 |
| Subject Property Photos | 10 |
| Photo Comparables 1-2-3 | 11 |
| Location Map | 12 |
| Site Map | 13 |
| Flood Map | 14 |
| Sketch | 15 |
| Building Area Addendum | 16 |
| Appraisal License - Mike Purvis | 17 |

**Appraisal Report**

File No.  CountryClub16134
Case No.  CountryClub16134

## Subject Property Information

| | |
|---|---|
| Owner  Katherine Baber | Client  Katherine Baber |
| Property Address  121 Country Club Drive | Check one:  [X] SF  [ ] PUD  [ ] Condo  [ ] Coop  [ ] 2-4 Units |
| City  Pass Christian | County  Harrison | State  MS | Zip Code  39571-2201 |

Legal Description Lot 12, Square 19, Tiber Ridge Shores, Unit 1A

| No. of Rooms | No. of Bedrooms | No. of Baths | Gross Living Area | Basement Size | Bsmnt. Finishing | Garage/Carport | Central Air. |
|---|---|---|---|---|---|---|---|
| 8 | 3 | 2.50 | 2,089   Sq.Ft. | 0   Sq.Ft. | N/A | 2/Garage | [X] Yes  [ ] No |

## Field Report

### NEIGHBORHOOD

| Location | [ ] Urban | [X] Suburban | [ ] Rural | | Good Avg. Fair Poor |
|---|---|---|---|---|---|
| Built Up | [X] Over 75% | [ ] 25% to 75% | [ ] Under 25% | Property Compatibility | [ ] [X] [ ] [ ] |
| Growth Rate  [ ] Fully Dev. | [ ] Rapid | [X] Steady | [ ] Slow | General Appearance of Property | [ ] [X] [ ] [ ] |
| Property Values | [ ] Increasing | [X] Stable | [ ] Declining | Appeal to Market | [ ] [X] [ ] [ ] |
| Demand/Supply | [ ] Shortage | [X] In Balance | [ ] Over Supply | | |
| Marketing Time | [ ] Under 3 Mos. | [X] 4-6 Mos. | [ ] Over 6 Mos. | Census  0030.00 | |

Present Land Use  82  % 1 Family  0  % 2-4 Family  1  % Condo  0  % Coop.  2  % Commercial/Industrial  15  % Vacant  %  100
Change in Present Land Use  [X] Not Likely  [ ] Likely  [ ] Change From  to
Predominant Occupancy  [X] Owner  [ ] Tenant  3  % Vacant
Subject Property Type Price Range $  $110,000  to $  $900,000+  Predominant Value = $  $180,000
Subject Property Type Age  0  years to  50  years.  Predominate Age  25  years

Comments on factors favorable or unfavorable, affecting marketability (e.g. public parks, schools, noise)  The home is located on a golf course site in the Timber Ridge Shores S/D in S/W Pass Christian. Timber Ridge offers interior, golf course, and waterfront homes. The area has suffered from high property insurance since Katrina in 2005 and can hinder sales activity. The positive is that the Pass Christian School System is rated as one of the top five school systems in the State of Mississippi. The largest demand for homes in Timber Ridge are raised homes that are above the flood zone elevation level.

### SUBJECT PROPERTY (Improvements & Site)

| Style  Ranch  Actual Age  21 yrs  Effective Age  15 | Property Rating | Good Avg. Fair Poor |
|---|---|---|
| Units  1  Stories  1  [ ] Attached  [ ] Semi-Attached  [X] Detached | Condition of Exterior | [ ] [X] [ ] [ ] |
| Ext. Wall Mat'l.  Brick Veneer  Roof Mat'l.  Arch. shingles | Compatibility to Neighborhood | [ ] [X] [ ] [ ] |
| Property in HUD-Identified Sp'l Flood hazard Area?  [X] Yes  [ ] No | Appeal and Marketability | [ ] [X] [ ] [ ] |
| Lot Dimensions and Size  72' x 173.3' x 81' x 163.86'  Zoning  Residential | | |

Comments (favorable or unfavorable including deferred maintenance)  The single story ranch style home was in 1994. The current owner added a pool & large rear porch as well as updated kitchen cabinets & extensive shelving in the master bedroom closet as well as upgrades to the interior in the past 10 yrs. The home's overall condition is average as tenants removed some kitchen appliances & the interior needs to be painted. Extensive landscaping done in the past has become overgrown & a side panels on the rear porch needs to be removed to permit the porch area to dry(too much dampness). The condition of the pool is unknown.

## Market Comparable Analysis

| Item | Subject Property | Comparable No. 1 | | Comparable No. 2 | | Comparable No. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 121 Country Club Drive | 132 Country Club Drive | | 521 Royal Oak Drive | | 523 Royal Oak Drive | |
| | Pass Christian, MS 39571-2201 | Pass Christian, MS 39571 | | Pass Christian, MS 39571 | | Pass Christian, MS 39571 | |
| Prox. to Subj. | | 0.19 miles NW | | 0.32 miles NE | | 0.33 miles NE | |
| Sale Price | — | $ 221,000 | | $ 196,000 | | $ 174,500 | |
| Verif. Source(s) | Inspection | MLS#289239, broker | | MLS#290671, broker | | MLS#292306, broker | |
| Date of Sale | Description | Description | Adjustment | Description | Adjustment | Description | Adjustment |
| Time Adjust. | | 6/29/2015/Conv. fin. | | 3/24/2016/Conv. fin. | | 3/25/2016/Conv. fin. | |
| Location | Average | Equal | | Equal | | Equal | |
| Site | 12896 sf | 22897 sf | -9,000 | 11885 sf | -0- | 10393 sf | +2,000 |
| View | Golf Course | Interior lot | +5,000 | Interior lot | +5,000 | Interior lot | +5,000 |
| Age | 21 yrs | 20 yrs | -0- | 14 yrs | -0- | 18 yrs | -0- |
| Condition | Average | Very Good | -10,000 | Good | -7,500 | Average | |
| Living Area Rm | Total  B-Rms.  Baths | Total  B-Rms.  Baths | | Total  B-Rms.  Baths | | Total  B-Rms.  Baths | |
| Count & Total | 8  3  2.50 | 8  4  2.50 | -0- | 9  3  2.50 | | 9  4  2.50 | -3,000 |
| Gross Liv Area | 2,089  Sq.Ft. | 2,082  Sq.Ft. | -0- | 2,478  Sq.Ft. | -13,600 | 2,179  Sq.Ft. | -3,200 |
| Basement | 0 | 0 | | 0 | | 0 | |
| Bsmt Finish | N/A | N/A | | N/A | | N/A | |
| Climate Control | FWA/Central | FWA/Central | | FWA/Central | | FWA/Central | |
| Garage, etc. | 2/Garage | 2/Garage | | 2/Carport | +2,500 | 2/Garage | |
| F/P, etc. | Granite | Granite | | F/P | -0- | None | +2,500 |
| Porches, etc. | Porches, pool | Porch,pool,cabana | | Porch,2 stor.bldg.,deck | -0- | Porch, patio | +6,500 |
| Const. Quality | Good | Good | | Good | | Average | +7,500 |
| Net Adj. (Total) | | [ ] Plus [X] Minus $ | -17,000 | [X] Plus [ ] Minus $ | -13,600 | [X] Plus [ ] Minus $ | 17,300 |
| Sub Value | | Net=-8% Grs=12%$ | 204,000 | Net=-7% Grs=15%$ | 182,400 | Net=10%Grs=17% $ | 191,800 |

Analysis of Comparable Sales   All 3 sales are the same s/d. Sale #1 was on 2 lots, had a pool & cabana, & was renovated in 2015, superior in condition. Sale #2 is a larger home on an interior lot. It was superior in condition, no view amenity, larger living area, had 2 large stor. bldgs. Sale #3 was an average condition, average quality. Like sale #1, this home had 4 bedrooms, smaller site, no view amenity. Consideration was given to all 3 sales.

| Item | Subject Property | Comparable #1 | Comparable #2 | Comparable #3 |
|---|---|---|---|---|
| Date/Price of Prior Sale | No prior sale in last 3 yrs | No other prior sale in last yr | No other prior sale in last yr | No other prior sale in last yr |
| Data Source(s) | Tax rolls | MLS, tax rolls | MLS, tax rolls | MLS, tax rolls |

My research  [ ] did  [X]   did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
My research  [ ] did  [X]   did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Reconciliation  Among 5 sales in the subject s/d considered, the 3 sales above were considered most similar. Sale #1 was the sale of the 5 with a pool, and 2 of the 3 sales closed in 2016. THIS IS A RESTRICTED USE APPRAISAL, INTENDED FOR USE BY MY CLIENT ONLY. NO OTHER INTENDED USERS.

| | | | |
|---|---|---|---|
| Intended User  Katherine Baber | | Intended Use | Decision making by my client |
| Report Type  RESTRICTED | Estimated Market Value $  192,000 | as of | 5/07/2016 |
| Completed By  Mike Purvis | | Title  Licensed General Appraiser, G/A-79 | |
| License/Certification # | | Expiration Date of License/Certification  07/31/2017 | |
| Signature | | Date  5/20/2016 | |

Uniform Residential Appraisal Report

File No.   CountryClub16134
Case No.   CountryClub16134

This appraisal report is subject to the scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. The Appraiser may  expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment.

## SCOPE OF WORK:

The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

## DEFINITION OF MARKET VALUE:

As per Fannie Mae the definition of market value is the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

## STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:

The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

NL - General Certification 5/2007

This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.

Produced by ClickFORMS Software 800-622-8727          Page     2     of     17

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event.

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.

File No.   CountryClub16134
Case No.   CountryClub16134

21. I am aware that any disclosure or distribution of this appraisal report by me or the client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

22. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name  Mike Purvis | Name |
| Company Name  Mike Purvis, Appraiser | Company Name |
| Company Address  P.O. Box 6582 | Company Address |
| Gulfport, MS 39506 | |
| Telephone Number 228-324-2706 | Telephone Number |
| Email Address  mikep1998@aol.com | Email Address |
| Date of Signature and Report  5/20/2016 | Date of Signature |
| Effective Date of Appraisal  5/07/2016 | State Certification # |
| State Certification # | or State License # |
| or State License #  GA-79          State # | State |
| or Other (describe)                   State # | Expiration Date of Certification or License |
| State     MS | |
| Expiration Date of Certification or License  07/31/2017 | |

ADDRESS OF PROPERTY APPRAISED
121 Country Club Drive
Pass Christian, MS 39571-2201

APPRAISED VALUE OF SUBJECT PROPERTY $    **192,000**
CLIENT
Name  Katherine Baber
Company Name Katherine Baber
Company Address  121 Country Club Drive
Pass Christian, MS 39571
Email Address

SUBJECT PROPERTY

☐ Did not inspect subject property
☐ Did inspect exterior of subject property from street
   Date of Inspection
☐ Did inspect interior and exterior of subject property
   Date of Inspection

COMPARABLE SALES
☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street
   Date of Inspection

NL - General Certification 5/2007            This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.

# APPRAISAL COMPLIANCE ADDENDUM

| | File No. | CountryClub16134 |
| --- | --- | --- |
| | Case No. | CountryClub16134 |

| Borrower/Client | Client: Katherine Baber | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Address | 121 Country Club Drive | | | | Unit No. | |
| City | Pass Christian | County | Harrison | State MS | Zip Code | 39571-2201 |
| Lender/Client | Katherine Baber | | | | | |

This Appraisal Compliance Addendum is included to ensure this appraisal report meets all USPAP 2014 requirements.

## APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is one of the following types:

[ ] Appraisal Report — This report was prepared in accordance with the requirements of the Appraisal Report option of USPAP Standards Rule 2-2(a).

[X] Restricted Appraisal Report — This report was prepared in accordance with the requirements of the Restricted Appraisal Report option of USPAP Standards Rule 2-2(b). The intended user of this report is limited to the identified client. This is a Restricted Appraisal Report and the rationale for how the appraiser arrived at the opinions and conclusions set forth in the report may not be understood properly without the additional information in the appraiser's workfile.

## ADDITIONAL CERTIFICATIONS

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to parties involved
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).
- This report has been prepared in accordance with Title XI of FIRREA as amended, and any implementing regulations.

## PRIOR SERVICES

- [X] I have NOT performed services, as an appraiser or in another other capacity, regarding the property that is the subject of the report within the three-year period immediately preceding acceptance of this assignment.
- [ ] I HAVE performed services, as an appraiser or in another capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment. Those services are described in the comments below.

## PROPERTY INSPECTION

- [X] I HAVE made a personal inspection of the property that is the subject of this report.
- [ ] I have NOT made a personal inspection of the property that is the subject of this report.

## APPRAISAL ASSISTANCE

Unless otherwise noted, no one provided significant real property appraisal assistance to the person signing this certification. If anyone did provide significant assistance, they are hereby identified along with a summary of the extent of the assistance provided in the report.

None

## ADDITIONAL COMMENTS

Additional USPAP related issues requiring disclosure and/or any state mandated requirements:

*I found no prior sale of the subject home in the past 3 yrs or any of the comparable sales in the past 12 months.*

## MARKETING TIME AND EXPOSURE TIME FOR THE SUBJECT PROPERTY

- [X] A reasonable marketing time for the subject property is 180 day(s) utilizing market conditions pertinent to the appraisal assignment.
- [X] A reasonable exposure time for the subject property is 180 day(s).

## APPRAISER

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
| --- | --- |
| Signature | Signature |
| Name Mike Purvis | Name |
| Date of Signature 5/20/2016 | Date of Signature |
| State Certification # | State Certification # |
| or State License # GA-79 | or State License # |
| State MS | State |
| Expiration Date of Certification or License 07/31/2017 | Expiration Date of Certification or License |
| | Supervisory Appraiser Inspection of Subject Property: |
| Effective Date of Appraisal 5/07/2016 | [ ] Did Not [ ] Exterior Only from street [ ] Interior and Exterior |

USPAP Compliance Addendum 2014

Page 5 of 17

File No.    CountryClub16134
Case No.    CountryClub16134

Harrison County Miss    

Home    Data Links



COPYRIGHT 2000 DELTA COMPUTER SYSTEMS, INC.

# **Property** Link
## HARRISON COUNTY, MS

Property Link

Deeds & Records Link

UCCs Link

Marriage License

Terms Of Use

Privacy Policy

Webmaster

Copyright ® 2000
Delta Computer Systems, Inc.
All rights reserved.

Current Date 5/20/2016

Tax Year 2015
Records Last Updated 5/19/2016

### PROPERTY DETAIL

OWNER        BABER CHARLES W
             121 COUNTRY CLUB DR

             PASS CHRISTIAN MS 39571

ACRES : **NA**
LAND VALUE : 23000
IMPROVEMENTS : 144711
TOTAL VALUE : 167711
ASSESSED : 25157

PARCEL      0213A-02-067.000
ADDRESS     121  COUNTRY CLUB DR

### TAX INFORMATION

| YEAR 2015 | TAX DUE | PAID | BALANCE |
|-----------|---------|------|---------|
| COUNTY | 916.22 | 0.00 | 952.87 |
| CITY | 1219.11 | 0.00 | 1267.87 |
| SCHOOL | 1548.16 | 0.00 | 1610.09 |
| TOTAL | 3683.49 | 0.00 | 3830.83  4% Penalty |

Mail Payments To:

David V. Larosa, Sr., Tax Collector
P.O. Box 1270
Gulfport, MS 39502

Postmark will be used to determine penalty

LAST PAYMENT DATE **NA**

### TAXES DELINQUENT PRIOR YEAR
### MISCELLANEOUS INFORMATION

| | | LEGAL | DR: 2006-0000716-D-J1 |
|---|---|---|---|
| **EXEMPT CODE** | | | 01/30/20 |
| **HOMESTEAD CODE** | None | | 06-WD |
| **TAX DISTRICT** | 3P | | LOT 12 SQUARE 19 TIMBER RIDGE |
| **PPIN** | 073026 | | SHORES UNIT 1A -GOLF COURSE- |
| **SECTION** | 27 | | TIMBER RIDGE SHORES UNIT NO 1- |
| **TOWNSHIP** | 08 | | |
| **RANGE** | 13 | | |

Deed Book/Page References

| Book | Page | Date | Type |
|------|------|------|------|
| 2006-0000716-D-J1 | | 1/30/2006 | WD |
| 1415/0135 | | 7/ 2/1998 | |

Mike Purvis, Appraiser
## SUBJECT PHOTO ADDENDUM

File No.   CountryClub16134
Case No.   CountryClub16134

Borrower      Client: Katherine Baber
Property Address      121 Country Club Drive
City   Pass Christian          County          Harrison          State          MS          Zip Code          39571-2201
Lender/Client      Katherine Baber                    Address      121 Country Club Drive, Pass Christian, MS 39571



**FRONT OF
SUBJECT PROPERTY**
121 Country Club Drive
Pass Christian, MS 39571-2201



**REAR OF
SUBJECT PROPERTY**



**STREET SCENE**
Looking west, home on the left

Mike Purvis, Appraiser
**Subject Property Photos**

File No.   CountryClub16134
Case No.   CountryClub16134

| | | | | | | |
|---|---|---|---|---|---|---|
| Borrower   Client: Katherine Baber | | | | | | |
| Property Address   121 Country Club Drive | | | | | | |
| City   Pass Christian | County | Harrison | State | MS | Zip Code | 39571-2201 |
| Lender/Client   Katherine Baber | | Address | 121 Country Club Drive, Pass Christian, MS 39571 | | | |



In ground pool, condition unknown



Large rear porch



View of golf course



View of large rear porch, plexiglass needs to be removed, too much dampness



Garage



Front entry

Mike Purvis, Appraiser
**Subject Property Photos**

| | | | | File No. | CountryClub16134 |
| | | | | Case No. | CountryClub16134 |

| Borrower | Client: Katherine Baber | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | 121 Country Club Drive | | | | | | | |
| City | Pass Christian | County | | Harrison | State | MS | Zip Code | 39571-2201 |
| Lender/Client | Katherine Baber | | | Address | 121 Country Club Drive, Pass Christian, MS 39571 | | | |



Living room, dining area



Kitchen, custom cabinets



Breakfast area behind kitchen



Half bath



Master bedroom



Master bath

Mike Purvis, Appraiser
**Subject Property Photos**

File No.   CountryClub16134
Case No.   CountryClub16134

Borrower   Client: Katherine Baber
Property Address   121 Country Club Drive
City   Pass Christian   County   Harrison   State   MS   Zip Code   39571-2201
Lender/Client   Katherine Baber   Address   121 Country Club Drive, Pass Christian, MS 39571



Master bedroom closet



Bedroom #2



Bedroom #3



Bath #2



Additional front view



Additional rear view

Mike Purvis, Appraiser
COM PARABLES 1-2-3

File No.   CountryClub16134
Case No.   CountryClub16134

| | | | | | | |
|---|---|---|---|---|---|---|
| Borrower | Client: Katherine Baber | | | | | |
| Property Address | 121 Country Club Drive | | | | | |
| City   Pass Christian | County | | Harrison | State   MS | Zip Code | 39571-2201 |
| Lender/Client   Katherine Baber | | | Address   121 Country Club Drive, Pass Christian, MS 39571 | | | |



**COMPARABLE SALE #** 1
132 Country Club Drive
Pass Christian, MS 39571



**COMPARABLE SALE #** 2
521 Royal Oak Drive
Pass Christian, MS 39571



**COMPARABLE SALE #** 3
523 Royal Oak Drive
Pass Christian, MS 39571

Mike Purvis, Appraiser

**LOCATION MAP ADDENDUM**

File No.    CountryClub16134
Case No.    CountryClub16134

| Borrower | Client: Katherine Baber | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 121 Country Club Drive | | | | | | |
| City   Pass Christian | | County | Harrison | State | MS | Zip Code | 39571-2201 |
| Lender/Client | Katherine Baber | | Address   121 Country Club Drive, Pass Christian, MS 39571 | | | | |



Mike Purvis, Appraiser
## SITE LOCATION MAP

| | | | | | | File No. | CountryClub16134 |
| | | | | | | Caso No. | CountryClub16134 |

| Borrower | Client: Katherine Baber | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 121 Country Club Drive | | | | | | |
| City Pass Christian | | County | Harrison | State | MS | Zip Code | 39571-2201 |
| Lender/Client Katherine Baber | | | | Address | 121 Country Club Drive, Pass Christian, MS 39571 | | |



Mike Purvis, Appraiser
**FLOOD MAP ADDENDUM**

File No.   CountryClub16134
Case No.   CountryClub16134

| | | | | | |
|---|---|---|---|---|---|
| Borrower | Client: Katherine Baber | | | | |
| Property Address | 121 Country Club Drive | | | | |
| City   Pass Christian | County | Harrison | State | MS   Zip Code | 39571-2201 |
| Lender/Client   Katherine Baber | | | Address   121 Country Club Drive, Pass Christian, MS 39571 | | |



**Flood Map Legends**

**Flood Zones**

- Areas inundated by 500-year flooding
- Areas outside of the 100 and 500 year flood plains
- Areas inundated by 100-year flooding
- Areas inundated by 100-year flooding with velocity hazard
- Floodway areas
- Floodway areas with velocity hazard
- Areas of undetermined but possible flood hazard
- Areas not mapped on any published FIRM

**Flood Zone Determination**

SFHA (Flood Zone):  **In**
Within 250 ft. of multiple flood zones?  **No**
Community:  **285261**
Community Name:  **PASS CHRISTIAN, CITY OF**
Zone: VE   Panel: 285261 0334G   Panel Date: 06/16/2009
  FIPS Code: **28047**   Census Tract: **0030.00**

This Report is for the sole benefit of the Customer that ordered and paid for the Report and is based on the property information provided by that Customer. That Customer's use of this Report is subject to the terms agreed to by that Customer when accessing this product. No third party is authorized to use or rely on this Report for any purpose. THE SELLER OF THIS REPORT MAKES NO REPRESENTATIONS OR WARRANTIES TO ANY PARTY CONCERNING THE CONTENT, ACCURACY OR COMPLETENESS OF THIS REPORT INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. The seller of the Report does not have any liability to any third party for any use or misuse of this Report.

Mike Purvis, Appraiser

# SKETCH ADDENDUM

File No. CountryClub16134
Case No. CountryClub16134

| Borrower | Client: Katherine Baber | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 121 Country Club Drive | | | | | | |
| City | Pass Christian | County | Harrison | State | MS | Zip Code | 39571-2201 |
| Lender/Client | Katherine Baber | Address | 121 Country Club Drive, Pass Christian, MS 39571 | | | | |



## BUILDING AREA ADDENDUM

Mike Harris, Appraiser

| | |
|---|---|
| File No. | CountryClub16134 |
| Case No. | CountryClub16134 |

| | |
|---|---|
| **Borrower**   Client: Katherine Baber | |
| **Property Address**  121 Country Club Drive | |

| **City**  Pass Christian | **County** | **Harrison** | **State** | **MS** | **Zip Code** | 39571-2201 |
|---|---|---|---|---|---|---|
| **Lender/Client**   Katherine Baber | | **Address** | 121 Country Club Drive, Pass Christian, MS 39571 | | | |

| Gross Living Area (GLA) | 2,089 | s.f. |
|---|---|---|
| Gross Building Area (GBA) | 3,212 | s.f. |

| Areas | Square Footage | | | |
|---|---|---|---|---|
| Basement | | s.f. | % of GBA | |
| Level 1 | 2,089 | s.f. | 65 % of GBA | |
| Level 2 | | s.f. | % of GBA | |
| Level 3 | | s.f. | % of GBA | |
| Garage | 559 | s.f. | 17 % of GBA | |
| Other | 564 | s.f. | 18 % of GBA | |

| Area Dimensions | | | | Type of Area | | | | Level | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Measurements | | Factor | Area | Living | Bsmnt | Garage | Other | One | Two | Three |
| 60.8 X 29 X | 1 | = | 1,763 | X | | | | X | | |
| 2 X 16.9 X | 1 | = | 34 | X | | | | X | | |
| 7.5 X 22.9 X | 1 | = | 172 | X | | | | X | | |
| 6 X 3.5 X | 1 | = | 21 | X | | | | X | | |
| 2.3 X 2.3 X | 1 | = | 5 | X | | | | X | | |
| 6.5 X 2.3 X | 1 | = | 15 | X | | | | X | | |
| 11 X 6 X | 1 | = | 66 | X | | | | X | | |
| 2 X 2 X | 1 | = | 4 | X | | | | X | | |
| 2 X 4.4 X | 1 | = | 9 | X | | | | X | | |
| 22.9 X 24.4 X | 1 | = | 559 | | | X | | | | |
| 4 X 6 X | 1 | = | 24 | | | | X | | | |
| 30 X 18 X | 1 | = | 540 | | | | X | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |
| X X | | = | | | | | | | | |

Appraisal License - Mike Purvis

File No.   CountryClub16134
Case No.   CountryClub16134



# State of Mississippi

## Mississippi Real Estate Appraiser Licensing and Certification Board

This is to certify that

*Mike Purvis*

Whose place of business is located at

1610 20th Ave
Gulfport, MS 39501

License Number  **GA-79**
ORIGINALLY LICENSED
07/30/91

is duly licensed as a **State Certified General Real Estate Appraiser** in the State of Mississippi from the date of issuance. The license will remain in force when properly supported by a current pocket identification card. In witness thereof, the MISSISSIPPI REAL ESTATE APPRAISER LICENSING AND CERTIFICATION BOARD has caused this license to be issued by virtue of the authority vested in it by Section 73-34 of the Mississippi Code of 1972 annotated.

In witness thereof, we have caused the Official Seal to be affixed,
this the 15th day of November, 2005

---

STATE OF MISSISSIPPI
MISSISSIPPI REAL ESTATE APPRAISER
LICENSE AND CERTIFICATION BOARD
LICENSE NO.
**GA-79**
THIS IS TO CERTIFY THAT
**MIKE PURVIS**
HAS BEEN GRANTED A LICENSE AS A
STATE CERTIFIED GENERAL
REAL ESTATE APPRAISER
FOR THE PERIOD  07/31/2015 - 07/31/2017

VOID UNLESS SIGNED BY LICENSEE

# Exhibit 2

# Exhibit 3

# Drywall Inspection Report

121 Country Club Drive
Pass Christian, MS 39571

Prepared for: Catherine Baber

Prepared by: Pro-Spect Property Inspections
17464 Country Oak Lane
Gulfport, MS. 39503
MHIB#0185

# Pro-Spect Property Inspections

17464 Country Oak Lane
Gulfport, MS 39503

Cell   (228) 365-5454
Email prospectpi@cableone.net
www.pro-spectpi.com

5/7/2014

To Whom It May Concern:

This letter is to verify that there is **strong evidence** of "Chinese Sheetrock" at the home located at 121 Country Club Drive, Pass Christian, MS 39571. The inspection was performed on the morning of 10/17/2016 for Catherine Baber. I inspected the interior air conditioner coils, copper plumbing tubing, and household wiring at A/C, and electrical panel. I found a black discoloration on all inspected copper. Sheetrock labeling indicated "Knauf Tianjin", a toxic drywall manufacturer, present in the walls. There was a strong sulfur odor detected. Attached are photos to support the above statement. Lab testing would be needed for conclusive determination. If you have any questions, please contact me.

Sincerely,

Randy Westrick
Pro-Spect Property Inspections

Mississippi State Licensed Home Inspector MHIB# 0185
Certified Indoor Air Quality Technician
Certified Mold inspector/Assessor

# Pro-Spect Property Inspections



#1 "Knauf" manufacturing labeling present
on attic sheetrock



#2 "Knauf" manufacturing labeling present
on attic sheetrock



#3 "Knauf" manufacturing labeling present
on attic sheetrock



#4 "Knauf" manufacturing labeling present
on attic sheetrock

# Pro-Spect Property Inspections



#5 Made in China labeling present an air
handler cabinet



#6 Air handler



#7 Black copper at air handler



#8 Replaceme coils are present

# Pro-Spect Property Inspections



#9 Some black present on copper wiring at your handler but wiring appears to have been cleaned off



#10 Some black present on copper wiring at electrical panel in air handler cabinet but wiring appears to have been cleaned off



#11 Clean copper wiring at electrical panel in garage because garage used plywood instead of sheetrock



#12 Garage electrical panel

# Pro-Spect Property Inspections



#13 Front entry outlet inspected



#14 Black copper wire on front entry outlet



#15 Living room outlet inspected



#16 Black copper wire on living room outlet

# Pro-Spect Property Inspections



#17 Front bedroom outlet inspected



#18 Black copper wire on front bedroom outlet



#19 Bathroom wall switch inspected



#20 Black copper wire on bathroom wall switch

# Pro-Spect Property Inspections



#21 Black copper tubing under bathroom
sink



#22 Rear bedroom outlet inspected



#23 Black copper wire on rear bedroom
outlet



#24 Dining room outlet inspected

# Pro-Spect Property Inspections



#25 Black copper wire on dining room
outlet



#26 Kitchen outlets inspected



#27 Black copper wire on kitchen outlet



#28 Black copper wire on kitchen outlet

# Pro-Spect Property Inspections



#29 Master bedroom outlet inspected



#30 Black copper wire on master bedroom outlet



#31 Black copper present in master bathroom



#32 Laundry room outlet inspected

# Pro-Spect Property Inspections



#33 Black copper wire on laundry room
outlet



#34 Black copper tubing in attic



#35 Black copper tubing at hot water
heater

# Exhibit 4

# Exhibit 5

# Exhibit 6

# Exhibit 7

# Exhibit 8

# Exhibit 9

# Exhibit 10

# Exhibit 11

# Exhibit 12

# Exhibit 13

# Exhibit 14

1-24-19

# **Plaintiff Fact Sheet**

Plaintiff: _Estate of Catherine Baber_

Property Address: _121 Country Club Dr. Pass Christian, MS_

## **Question #18 Itemization (Personal Property Damage)**

| # | Description of Damaged Item | Value ($) |
|---|---|---|
| 1 | HVAC | $ 5400 ~~8000~~ |
| 2 | all electrical wiring throughout house | $ 8000 — |
| 3 | plumbing throughout house | $ 6200 — |
| 4 | Oven - stopped working | $ 600 — |
| 5 | Microwave - stopped working | $ 300 — |
| 6 | TV ×2 started malfunctioning | $ 1800 — |
| 7 | Dishwasher - malfunctioned & replaced | $ 600 — |
| 8 | Garbage Disposal - stopped working replaced | $ 150 — |
| 9 | Washer & Dryer (combo) malfunctioned - replaced | $ 1300 |
| 10 | Refrigerator malfunctioned - replaced | $ 1500 — |
| 11 | Faucets/showerheads for 2 bathrooms | $ 300 — |
| 12 | Horizon Fitness Treadmill - malfunctioned - repairman unable to determine cause or fix | $ 1000 — |
| 13 | Ceiling Fans with lights ×6 (throughout house) | $ 600 — |
| 14 | ✳ Chinese Drywall Remediation for Entire House | $ 102,000 — |
| 15 | ( ~~cost for the~~ pile for HVAC, plumbing, electric included in this $ amount → ) House | |
| 16 | | Total see next page |

For top 3 see drywall remediation estimates

✳ included in remediation

✳ See Chinese Drywall Remediation Estimate
Total Cost to Remediate entire house
was $102,000 — paperwork sent as attachment
with previous email

page 1 of 2

| | | |
|---|---|---|
| 17 | Estimate for Remediation | $ 102,000 - |
| 18 | all other items | 8150 - |
| 19 | Grand Total $ | 110,150 - |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |

Total: $ __110,150__

page 2 of 2