UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO MODIFY DISPOSTIVE MOTION DEADLINE IN
<u>AMENDED CASE MANAGEMENT ORDER</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Leave to Modify Dispositive Motion Deadline in Amended Case Management Order (the "Motion").

**<u>BACKGROUND</u>**

The complaint in this case asserts claims against the Knauf Defendants on behalf of more than 120 plaintiffs, seeking damages allegedly arising out of the installation in Plaintiffs' homes of defective drywall manufactured by the Knauf Defendants. More than 130 plaintiff depositions and re-depositions were conducted during the second half of 2019. The Knauf Defendants have filed more than 30 motions for summary judgment or other dispositive motions, seeking dismissal of some or all of various plaintiffs' claims, and they expect to file dozens more.

On January 22, 2020, this Court held a hearing during which dispositive motions related to plaintiffs with homes located in Florida were heard.[1] Those motions, which were already grouped into two of multiple geographic locations, were heard in smaller groups based on categories of deficiencies of proof at the hearing. Another hearing is set for February 19, 2020, during which dispositive motions related to plaintiffs with homes located in Louisiana, Mississippi, and Alabama will be heard, and the Knauf Defendants expect that, like last time, and for purposes of efficiency, those motions will also be heard in small groups based on categories of deficiencies.

Pursuant to the Amended Case Management Order entered on November 14, 2019 (Doc. 22359), the deadline for parties to file dispositive motions is March 1, 2020. There are many plaintiffs remaining with claims subject to dismissal via dispositive motion, but the Knauf Defendants expect that, with some additional time, they will be able to file omnibus dispositive motions based on categories of claims, similar to the groups in which this Court already heard motions, to further streamline dispositive motion practice.

Therefore, the Knauf Defendants seek an order extending the dispositive motion deadline by 45 days, or until April 1, 2020.  Counsel for the Knauf Defendants sought consent Plaintiffs' consent to this extension through their counsel, who indicated he would consider the extension, but as of the filing of this Motion, he has not provided a response.

## LAW AND ARGUMENT

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4).  District courts consider the following factors when determining whether there is good cause to amend or modify a scheduling order: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential

---

[1] There was additionally one unopposed motion related to Alabama claimants considered on January 22, 2020.

prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (alterations in original).

Those factors weigh in favor of modification here. As to the first factor, the Knauf Defendants have not failed to comply with the scheduling order deadline. Instead, they seek a brief continuance to ensure that all dispositive motions can be filed in the most efficient manner possible, to preserve this Court's and the parties' resources. The modification is important. It will ensure that all claims subject to dismissal by dispositive motion are resolved before the parties expend resources preparing for trial on those claims. Plaintiffs will not be prejudiced by the modification; in fact, if the Knauf Defendants are able to file dispositive motions based on categories of claims, Plaintiffs will be able to respond more efficiently to those motions. Finally, the availability of a continuance to cure prejudice is not applicable here, because none of Plaintiffs' cases are set for trial.

## CONCLUSION

For the foregoing reasons, the Knauf Defendants respectfully request a brief continuance of the deadline to file dispositive motions set forth in the Amended Case Management Order (Doc. 22359) from March 1, 2020 to April 15, 2020.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 12th day of February, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**