UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS
ASSERTED BY CANDACE AND DAVID FOZARD**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by Candace and David Fozard.

The Knauf Defendants' argument is simpler than the Fozards' thirty-four-page opposition implies.[1] The Fozards knowingly assumed the risk that the home they purchased in Diamondhead,

---

[1] Most of the arguments in the Fozards' Opposition are irrelevant to the arguments raised in the Knauf Defendants' Motion. For example, Fozards' dedicate multiple pages of their opposition to an argument that their claim is not time-barred—which is irrelevant, because the Knauf Defendants do not argue that the Fozards' claims are untimely. The Fozards also argue that they had no duty to hire an inspector based on "an unidentified smell" in their home or "noticing tarnish on metal." Opp. at p. 24. Again, this is irrelevant, because the Knauf Defendants' argument is that the Fozards turned a blind eye to a risk they were aware of before they even purchased the home.

Mississippi might be contaminated with Chinese-manufactured drywall. And even if this Court do does not accept that argument, the Fozard have no damages for loss of use of a home they have never stopped using, and they cannot recover damages for speculative future losses.

## I.     Assumption of the Risk

The Fozards did not merely "hear[] the term 'Chinese drywall." *See* Opp. at p. 15.  Nor do the Knauf Defendants rely on "some undefined knowledge of the defect by society generally" for their argument that the Fozards assumed the risk. *See* Opp. at p. 30. Instead, the Fozards, who both work in the insurance industry, knowingly and voluntarily assumed the risk that their home, which they knew was renovated after Hurricane Katrina, might contain defective Chinese-manufactured drywall.

That fact is clear from David Fozard's testimony. Mr. Fozard agreed that he was "aware of Chinese drywall being a problem down here" in Mississippi, specifically with homes "repaired in connection with Hurricane Katrina damage."[2] He also knew that the home he and his wife purchased in Diamondhead, Mississippi was renovated after Hurricane Katrina.[3] Despite this awareness, the Fozards admittedly did not ask their inspector to determine whether the home contained Chinese-manufactured drywall.[4]

The Fozards appreciated the danger associated with Chinese-manufactured drywall, knew it was associated with homes renovated after Hurricane Katrina, and still deliberately and voluntarily chose to purchase their home without a drywall inspection. They cannot prevail on their argument that their claims should survive because the the Knauf Defendants failed to warn

---

[2] Ex. 5 to the Knauf Defendant's Motion (Rec. Doc. 22369), David Fozard Depo Tr., at 6:19-7:19.
[3] *Id.*
[4] *Id.* at 8:2-9; *see also* Ex. 4 to the Knauf Defendant's Motion, Candace Fozard Depo Tr., at 29:10-13.

of the defects associated with their products. *See Green v. Allendale Planting Co.*, 954 So. 2d 1032, 1040 (Miss. 2007) (affirming a trial court's summary judgment holding that assumption of the risk was a "complete defense to [the plaintiff's] failure to warn and defective design claims brought pursuant to the M.P.L.A."); *see also* Miss. Code Ann. § 11-1-63(d) ("In any action alleging that a product is defective pursuant to paragraph (a)(i)(2) of this section [that a product was defective because it failed to contain adequate warnings], the manufacturer, designer or seller shall not be liable if the danger posed by the product is known or is open and obvious to the user or consumer of the product, or should have been known or open and obvious to the user or consumer of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.").

## II.  Loss of use and speculative future damages.

Because the Fozards' assumed the risk of purchasing a home likely to contain Chinese - manufactured drywall, their claims are fully barred and they should not recover any damages. But if this Court does not accept the Knauf Defendants' assumption of the risk argument, the Fozards are still barred from recovering damages for loss of use and for speculative future damages.

The Fozards argue that they are entitled to recover damages "without limitation or qualification" for their alleged loss of use of the home. For this proposition, they quote a case analyzing the availability of damages for private property takings, as provided in Mississippi's Constitution. *Compare* Opp. at p. 26 ("Damage inflicted upon the property is not restricted: it is 'without limitation or qualification'….") *with City of Tupelo v. O'Callaghan*, 208 So. 3d 556, 561 (Miss. 2017) ("What does the language 'without limitation or qualification' in Article 3, Section 17 of the Mississippi Constitution mean?"). The Fozards' property was not taken for public use. Instead, they allege that they have lost use of their home due to the presence of Chinese-

manufactured drywall in it.  But the Fozards continue to reside in the home to this day, and, without proof that "they were prevented from using all or a portion of the property," they are not entitled to recover damages for loss of use. *Lewis v. Kinder Morgan Southeast Terminals, LLC*, No. 2:07-cv-47, 2008 WL 3540174, at *8 (S.D. Miss. Aug. 6, 2008).

Finally, the Fozards argue in their Opposition that they have offered sufficient "justification" for their damages in the form of "receipts, invoices, internet research or memory." Opp. at p. 27.  But as the Knauf Defendants pointed out in their Motion, the Fozards claim damages for "[a]dditional interest payments due to money borrowed to replace items damaged by the defective Knauf drywall."[5] That claim is not support by any receipt, invoice, internet research, or memory by the Fozards, because they **have not yet borrowed** any money and therefore have no information whatsoever as to what those interest payments might be.[6]  Those speculative future damages are not recoverable.  *Wise v. Kansas City Life. Ins. Co.*, 433 F. Supp. 2d 743, 751 (N.D. Miss. 2006).

### III.   Conclusion

For the foregoing reasons, and for the reasons set forth more fully in the Knauf Defendants' Motion for Summary Judgment and Memorandum in Support, this Court should enter summary judgment, dismissing Candace and David Fozard's claims against the Knauf Defendants.

---

[5] Ex. 4 to Knauf Defendants' Motion, Candace Fozard Depo Tr. at p. 62:15-20.
[6] *See id.* at 62:15-63:9.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0279
Email:    kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of February, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**