## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS
ASSERTED BY MARDECHRIA CHARLES MCDONALD

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted against them by Mardechria Charles McDonald ("Plaintiff" or "Charles"), *see* R. Doc. 22368, and to respond to certain arguments raised in Plaintiff's Opposition. *See* R. Doc. 22576.

**I.    Plaintiff's Opposition contains multiple misstatements of fact.**

First, Plaintiff's fact section begins with the statement: "Plaintiff Mardechria Charles owns a property in the State of Louisiana that contains drywall manufactured by the Knauf Defendants that is alleged to be defective." R. Doc. 22576 at 11. This is patently false, and Plaintiff has provided no evidence in support of this statement. Rather, all evidence indicates that Plaintiff sold

her Property. *See* R. Doc. 22368-5 at 6 ("Q. So you sold the Property?" A. Yes"); R. Doc. 22368-5 at 14 (deposition testimony of Charles stating that Property was sold in 2017 or 2018 and an Act of Sale was executed). This false statement must be stricken.

Second, Plaintiff states that "an inspection of the pictures of defective drywall in Affected Property" was conducted and the inspection "confirms the presence of defective Knauf-manufactured drywall in the home." R. Doc. 22576 at 11-12 (referencing R. Doc. 22576-6). The Knauf Defendants note that this "inspection"—which was completed on December 30, 2019, over a month after the Knauf Defendants filed their Motion for Summary Judgement on November 25, 2019—was never submitted to the Knauf Defendants and appears for the first time as an attachment to Plaintiff's Opposition. The "inspection" should be stricken on this basis alone as it is inappropriate to attach new evidence in opposition materials.

Nonetheless, even should this Court accept Plaintiff's attached "inspection," the Knauf Defendants maintain that there was no "inspection of ***pictures***" because only one photo exists in support of Plaintiff's claims. Additionally, the "inspection" does not "confirm[] the presence of defective Knauf-manufactured drywall ***in the home***" because the inspection relied purely on one photo that cannot be identified as having originated in Plaintiff's Property. As established during Plaintiff's deposition, Plaintiff has no information as to where the photo was taken (and has not subsequently provided that information) and had never seen it prior to her deposition. Accordingly, an inspection of the photo could only confirm that the photo was, in fact, of Knauf-manufactured drywall, but not its existence on Plaintiff's Property. Accordingly, Charles cites **no competent** evidence showing a genuine dispute as to the existence of evidence of Chinese drywall on the now-demolished Property that she no longer owns.

Finally, Plaintiff states that "Defendants have also suggested that the right to sue for a latent defect was not either assigned or subrogated to Plaintiff through the sale." R. Doc. 22576 at 29 (referencing Plaintiff's purchase of the Property on June 18, 2007). The Knauf Defendants have not suggested as much and Plaintiff cannot point to such an argument in Defendants' Motion. While Defendants are not concerned with the rights Plaintiff was assigned at the time of her purchase in 2007, there is no evidence as to whether Plaintiff retained or assigned her legal rights when she sold the Property, as no documentation regarding this sale has been produced. *See also* R. Doc. 22368-5 (deposition testimony of Charles stating that Property was sold in 2017 or 2018 and an Act of Sale was executed). This fact—rather than the rights acquired by Plaintiff at the time of her purchase—is critical to Plaintiff's claims and should further lend to this Court's decision to dismiss Plaintiff's claims.

## II.     Plaintiff has not provided any evidence to dispute the uncontested facts set forth by the Knauf Defendants with regard to her damages.

As the moving party and the party who does not bear the burden of proof at trial on Plaintiff's damage claims, the Knauf Defendants had the burden only to "point out the absence of evidence supporting the essential elements of the opposing party's case.[1] The Knauf Defendants more than met this burden in their motion by pointing out that Charles failed to provide documents and competent evidence to support her claims. Therefore, the burden shifted to Plaintiff to "specifically identify evidence indicating a genuine issue for trial" on those claims.[2]

To meet this burden, a plaintiff is required "to come forward with competent evidence, such as affidavits or depositions, to buttress his claims."[3] "[U]nsubstantiated assertions are not

---

[1] *In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 713 (E.D. La. 2010).
[2] *Ratliff v. Advisors Asset Mgmt., Inc.*, 660 F. App'x 290, 291 (5th Cir. 2016).
[3] *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 936 (E.D. La. 2004).

competent summary judgment evidence,"[4] and "[g]eneralizations that are contradicted by deposition testimony will not prevent summary judgment."[5] Further, a party cannot defeat summary judgment by "cit[ing] only *legal* issues that are in dispute, making legal conclusions in their [opposition] rather than identifying material issues of fact."[6]

Charles cites **no competent** evidence showing a genuine dispute as to her loss of use claims or personal property claims (or the existence of a claim at all). Plaintiff fails to provide or point to any support or evidence—in her deposition testimony or elsewhere—that she was deprived of the use or enjoyment of the Property to support her loss of use and/or loss of enjoyment claims (because such evidence does not exist). Rather, Plaintiff simply cites to "past verdicts in Chinese drywall litigation" as support for these claims.

Though Plaintiff fails to include any evidence to rebut the Knauf Defendants' Motion, Plaintiff seemingly provides legal support for the proposition that, "in 1995, the Louisiana Court of Appeals found that loss of use and enjoyment was appropriate for property owners who do not reside on their property that adjoins a sewer treatment plant." R. Doc. 22576 at 24 (citing *Arnold v. Town of Ball*, 94-972 (La. App. 3 Cir. 2/1/95); 651 So. 2d 313, 320-21). However, Plaintiff blatantly misstates the facts of *Arnold*, where the court came to exactly the opposite conclusion that Plaintiff claims. Rather, *Arnold* held that awarding non-resident claimants only property damages, but not general damages such as loss of use and enjoyment damages, was proper because "they did not reside on their property." *Arnold*, 651 So. 2d at 321.[7] Consequently, Plaintiff's legal

---

[4] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[5] *K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780, 786 (5th Cir. 2017).

[6] *Shimon v. Sewerage & Water Bd. of New Orleans,* No. CIV.A. 05-1392, 2010 WL 2696970, at *5 (E.D. La. July 1, 2010) (emphasis in original).

[7] The court went on to say:

> In *Acadian Heritage Realty*, a landfill case, this court upheld an award of mental anguish damages to non-resident lessors. This court found that family members of the non-resident lessors lived near the landfill and that these non-resident plaintiffs "enjoyed a close relationship" with the resident landowners and "were intimately connected with the

support for loss of use and enjoyment damages is similarly flawed, and Plaintiff has failed to provide any evidence of loss of use or enjoyment. Plaintiff's loss of use and enjoyment claims must be dismissed.

### III.   The majority of Plaintiff's arguments in Opposition are irrelevant to the issues raised in the Knauf Defendants' Motion.

Finally, the Knauf Defendants note that the majority of Plaintiff's arguments in opposition are irrelevant to the issues raised in the Knauf Defendants' motion. R. Doc. 22576 at 14-24, 27-28. The Knauf Defendants reserve all rights to later address these arguments should they be before this Court, which they are not at this time.

### IV.   Conclusion

For these reasons, and for the reasons set forth in the Motion for Summary Judgment, Plaintiff's claims must be dismissed.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:      504.556.5549
Facsimile:      504.310.0275
Email:          kmiller@fishmanhaygood.com

***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

---

property and concerned about the landfill's effect on their property and family." 434 So.2d at 188. We find that no proof of such a special relationship exists between the non-resident Plaintiffs and the resident Plaintiffs. Therefore, we find no error in the trial court's refusal to award general damages to these non-resident landowners.
*Id.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 14th day of February, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**