UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Chinese Manufactured Drywall Products  Liability Litigation** | MDL 09-md-2047 |
| | SECTION "L" |
| *This Document Relates to:* | JUDGE ELDON E. FALLON |
| *Guilfort Dieuvil 13-609* | MAGISTRATE JOHN C. WILKINSON, JR. |

**KNAUF DEFENDANTS' RESPONSE
TO CLAIMANT GUILFORT DIEUVIL'S FEBERUARY 19, 2020 NOTICE**

**NOW INTO COURT,** through undersigned counsel, come Knauf Gips, KG and Knauf Plasterboard (Tianjin) Co, Ltd. (the "Knauf Defendants"), who respectfully submit this response to Claimant, Guilfort Dieuvil's Notice filed on February 19, 2020 (R. Doc. 22603-1). Mr. Dieuvil's latest filing is simply the most recent inappropriate attempt to levy accusations that only add further cost to the parties and delay the completion of this settlement claim.  As the Court is aware, Dieuvil's Knauf Class Settlement Agreement claim was denied by the Special Master on November 22, 2017. On January 27, 2020, following extensive briefing and hearing, this Court reviewed and reversed the Special Master's decision in-part, and determined that Claimant is eligible to receive certain specified benefits from the Knauf Class Settlement Agreement.  (R. Doc. 22527). Specifically, following deduction of GBI amounts awarded to Dieuvil, and assigned to the Knauf Defendants pursuant to the Knauf Class Settlement Agreement, this Court found Dieuvil to be eligible to receive benefits in the amount of $343,672.06 from the Knauf Class Settlement Agreement as an Option 3 claimant. Pursuant to the Knauf Class Settlement Agreement, the

Court's decision as to Dieuvil's settlement claim was a final, non-appealable judgment.[1] Following the ruling, the Knauf Defendants prepared and sent to Plaintiff's Liaison Counsel the Option 3 paperwork required to release the funds: (1) Option 3 individual release, (2) lienholder release, and (3) affidavit of notice in the public records. This documentation was required by all Option 3 class members and is required by Section 4.3.3 of the Knauf Class Settlement Agreement.[2]

Mr. Dieuvil refused to execute any of the Option 3 documents. Nevertheless, a constructive dialogue between the parties and Plaintiff's Liaison Counsel continued in terms of compliance with the Knauf Class Settlement Agreement as a prerequisite to releasing benefits. Indeed, on February 17, 2020, and given the unique circumstances of Dieuvil's property being partially remediated, the Knauf Defendants informed Dieuvil that they would not require the affidavit of notice in the public records. Still, Mr. Dieuvil refused to execute any of the other necessary Option 3 documents or other options to conclude this matter. Instead of continuing this constructive dialogue and/or seeking clarification from this Court, Dievuil filed a Notice of Appeal of this Court's final, non-appealable judgment on February 19, 2020. The Knauf Defendants would prefer Dieuvil dismiss his erroneous appeal and allow the completion of this settlement claim based on this Court's final, non-appealable order adjudicating his rights under the settlement.

---

[1] Section 4.2.9 of the Knauf Class Settlement Agreement; *see also In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 18-31223, 2019 WL 6798384, at *1, __ Fed. Appx. __(5th Cir. 2019).

[2] Section 4.3.3 of the Knauf Class Settlement Agreement relative to Option 3 claims states in pertinent part: The KPT Property Owner may select this option only (i) if there is no mortgage or other lien on the property, or if the KPT Property Owner provides a release by the Mortgagee(s) or Lienholder(s) to the Knauf Defendants and Other Releasees; (ii) if the KPT Property Owner records the existence of reactive Chinese Drywall in the local property clerks' office, if permitted by local law; and (iii) covenants to inform subsequent purchasers of the KPT Property of the presence of KPT Chinese Drywall by stating under oath in application for this benefit that 'I will inform any subsequent purchaser in writing that there is reactive KPT Chinese Drywall in the KPT Property and I will defend and indemnify the Knauf Defendants and any other person or entity released by the Settlement against claims asserted by subsequent purchasers arising from KPT Chinese Drywall.'"

However, if the appeal is not dismissed, the Knauf Defendants will now be required to await the docketing of Dieuvil's appeal and will respond accordingly in the U.S. Fifth Circuit Court of Appeals and will seek all appropriate relief.

In summary, the Knauf Defendants would <u>really</u> like to conclude this matter and are willing to transfer the $343,672.06 as long as there is a final agreement or judgment barring Mr. Dieuvil from filing any more claims against the Knauf Defendants and anyone (including local counsel) associated with the Knauf Defendants and providing for a lienholder release as all other option 3 class members have provided.

Respectfully submitted,

**FISHMAN HAYGOOD, L.L.P.**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA  70170
Telephone:    (504) 556-5549
Facsimile:    (504) 310-0275
Email:        kmiller@fishmanhaygood.com
Email:        pthibodeaux@fishmanhaygood.com
Email:        ddysart@fishmanhaygood.com

**Counsel for Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to File and Serve Xpress in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this the 26th day of February, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**