UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
OMNIBUS MOTION FOR SUMMARY JUDGMENT
OF CLAIMS ASSERTED BY
<u>CARL AND LYNN RUSSELL AND RONALD AND PATRICIA STANFA</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Carl and Lynn Russell and Ronald and Patricia Stanfa (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

**I.   Factual and Procedural Background**

   *A.   MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese-manufactured drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese-manufactured drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese-manufactured drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

1500106v.1

### B.      *The Bennett Complaint and Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs completed and submitted a PPF, SPPF, and PFS.[2]  The documents were completed under penalty of perjury.

Carl and Lynn Russell are plaintiffs listed in the Second Amended Complaint, filed January 31, 2016,[3] and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the property located at 5427 Creekside Lane, Hoover, Alabama 35244 (the "Russell Property"). The Russells purchased the Russel Property in July 2006 but did not file a claim until January 31, 2016.  Following the purchase of the Russell Property in 2006, the Russells received a letter from the contractor that built the Russell Property—Gibson & Anderson Construction, Inc.—regarding Chinese drywall in the Russell Property.[4] Gibson & Anderson Construction, Inc. was involved in both the InEx and Global Builder settlements so the letter would have been sent pursuant to the InEx settlement notice

---

[2] Exhibit A (Russell PPF, SPPF, and PFS); Exhibit B (Stanfa PPF, SPPF, and PFS).
[3] R. Doc. 20020-2.
[4] *See* Exhibit C, Deposition of Carl Russell at 12: 4-25, 13: 1-4.

1500106v.1

program in 2012.[5] Carl Russel was deposed on December 5, 2019. Lynn Russell was deposed on December 5, 2019 and adopted Carl Russell's testimony as her own.[6]

Ronald and Patricia Stanfa are plaintiffs listed in Plaintiffs' First Motion to Intervene, filed September 10, 2018,[7] and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the property located at 180 Sheffield Lane, Birmingham, Alabama 35242 (the "Stanfa Property"). The Stanfas purchased the Stanfa Property in October 2006 but did not file a claim until September 10, 2018.[8] During a renovation of the Stanfa Property in 2014, an electrician informed Ronald Stanfa that he saw some markings in the Stanfa Property that were consistent with defective Chinese drywall.[9] The electrician also "persisted" with Patricia Stanfa that he really thought they should check their property for Chinese drywall.[10] Yet, the Stanfas chose to "slough[] it off."[11] Further, around the time of the 2014 renovation, a construction supervisor for the company that renovated the Stanfa Property in 2008 was providing a bid for the 2014 renovation and recommended that the Stanfas have their Property inspected because it smelled of Chinese drywall.[12] Ultimately, the Stanfas did not file claims until September 10, 2018. Ronald Stanfa was deposed on December 4, 2019. Patricia Stanfa was deposed on December 4, 2019 and adopted Ronald Stanfa's testimony as her own.[13]

---

[5] R. Doc. 8268-4 p. 10 of 18; R. Doc. 14404-3 p. 11 of 119.
[6] Exhibit D, Deposition of Lynn Russell.
[7] R. Doc. 21770.
[8] *Id.*; Stanfa PFS p. 1.
[9] *See* Exhibit E, Deposition of Ronald Stanfa at 14:4-21.
[10] *See* Exhibit F, Deposition of Patricia Stanfa at 6:12-21.
[11] *See* Exhibit E, Deposition of Ronald Stanfa at 14:4-21.
[12] *Id.* at 70:9-25, 71:1-14.
[13] Exhibit F, Deposition of Patricia Stanfa.

1500106v.1

## II.	Law & Argument

### A.	Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[16] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[17]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[18] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[19] Furthermore, "[d]iscovery is not a

---

[14] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[15] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[17] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[18] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[19] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

prerequisite to the disposition of a motion for summary judgment."[20] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[21]

Generally, "the statute of limitations begins to run in favor of the party liable from the time the cause of action accrues."[22] "A negligence cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of damages is apparent at the time of the first legal injury."[23] "There is . . . no 'discovery rule' to toll the running of the limitations period with respect to negligence or wantonness actions. . . ."[24] In Alabama, actions founded on negligence and property defects, including claims for unjust enrichment resulting therefrom,[25] are subject to a two-year statute of limitations.[26] Similarly, Plaintiffs' claims under the Alabama Deceptive Trade Practices Act are subject to a one-year limitations period, beginning from the date Plaintiff discovered or reasonably should have discovered the defect.[27]

---

[20] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[21] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[22] *Chaney v. Ala West–AL, LLC*, 22 So. 3d 488, 496 (Ala. Civ. App. 2008) (citation and internal quotation marks omitted).

[23] *Gilmore v. M & B Realty Co.*, 895 So. 2d 200, 208 (Ala. 2004) (*quoting Koch v. State Farm Fire & Casualty Co.*, 565 So. 2d 226, 231 (Ala. 1990)).

[24] *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993).

[25] Although the Alabama Supreme Court has not directly addressed the issue, Alabama's federal courts have predicted that "Alabama courts would hold that the statute of limitations on an unjust enrichment claim would follow the statute of limitations applicable to the underlying conduct." *AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-CV-02090-KOB, 2018 WL 3368855, at *5 (N.D. Ala. July 10, 2018) *citing Auburn Univ. v. Int'l Business Machines, Corp.*, 716 F. Supp. 2d 1114, 1117–18 (M.D. Ala. 2010); *see also Snider v. Morgan,* 113 So. 3d 643, 655 (Ala. 2012).

[26] ALA. CODE § 6-2-38.

[27] ALA. CODE § 8-19-14.

### B. The Russell's Claims are barred by Statute of Limitations.

The Russell's claims are barred by the statute of limitations because they had actual notice of the allegedly defective Chinese drywall in the Russell Property more than two years before filing claims in this matter.

Courts have held that class settlement notices constitute actual notice on recipients and start the clock running for statute of limitations purposes. *In re Briscoe*, 448 F.3d 201, 220–21 (3rd Cir. 2006) (denying mandamus relief) (holding that the plaintiffs were on notice, at the latest, after a notification campaign in connection with a class-action settlement). Based on similar policy rationale, in *In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 802 (E.D. La. 2007) this Court determined that at the latest, the statute of limitations began to run when Merck issued a public notice to patients informing them of the risks associated with Vioxx.

The Russells purchased the Russel Property in July 2006 but did not file a claim until January 31, 2016.[28] Following the purchase of the Russell Property in 2006, the Russells received a letter from the contractor that built the Russell Property—Gibson & Anderson Construction, Inc.—regarding Chinese drywall in the Russell Property.[29] This letter put the Russells on actual notice that their Property contained Chinese drywall. Gibson & Anderson Construction, Inc. was a party to both the InEx and Global Builder settlements (as an additional releasee) so the letter would have been sent pursuant to the InEx and Global Builder settlement notice programs in 2012.[30] The letter would have been sent after preliminary approval, but before the final fairness hearing on November 13, 2012.[31]

---

[28] R. Doc. 20020-2.
[29] *See* Exhibit C, Deposition of Carl Russell at 12: 4-25, 13: 1-4.
[30] R. Doc. 8268-4 p. 10 of 18; R. Doc. 14404-3 p. 11 of 119.
[31] R. Doc. 16570 p. 3 of 37.

1500106v.1

The Russells had actual knowledge of Chinese drywall being present in their Property before November 13, 2012, but they did not file a claim until January 31, 2016, more than four years later.[32] As such, the Russells' claims are barred under the statute of limitations period and should be dismissed.

        C.      *The Stanfa's Claims are barred by Statute of Limitations.*

Likewise, the Ronald and Patricia Stanfa's claims are barred by the statute of limitations because they had actual notice of the allegedly defective Chinese drywall in the Stanfa Property more than two years before filing claims in this matter.

The Stanfas purchased the Stanfa Property in October 2006 but did not file a claim until September 10, 2018.[33] During a renovation of the Stanfa Property in 2014, an electrician informed Ronald Stanfa that he saw some markings in the Stanfa Property that were consistent with defective Chinese drywall.[34] The electrician also persisted with Patricia Stanfa that he really thought they should check their property for Chinese drywall.[35] Yet, the Stanfas chose to "slough[] it off."[36] Further, around the time of the 2014 renovation, a construction supervisor for the company that renovated the Stanfa Property in 2008 was providing a bid for the 2014 renovation and recommended that the Stanfas have the Stanfa Property inspected because it smelled of Chinese drywall.[37] The renovation ultimately occurred in July 2014,[38] so this conversation took place before July 2014. Yet, with this specific knowledge of Chinese drywall in their property before

---

[32] R. Doc. 20020-2.
[33] R. Doc. 21770-2.
[34] *See* Exhibit E, Deposition of Ronald Stanfa at 14:4-21.
[35] *See* Exhibit F, Deposition of Patricia Stanfa at 6:12-21.
[36] *See* Exhibit E, Deposition of Ronald Stanfa at 14:4-21.
[37] *Id.* at 70:9-25, 71:1-14.
[38] Exhibit B, Stanfa SPPF at 6.

1500106v.1

July 2014, they did not file a claim until September 10, 2018, more than four years later.[39] As such, Plaintiffs' claims are barred under the statute of limitations period and should be dismissed.

### III.  CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to Plaintiffs, Plaintiffs' claims should be dismissed because Plaintiffs' claims are barred by the statute of limitations. There is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:        kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co. Ltd.***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 4th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**

---

[39] R. Doc. 21770-2.