UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS (except *The Mitchell Co., Inc. v. Knauf Gips KG, et al.*, Civil Action No. 09-4115 (E.D. La.)) | JUDGE FALLON<br>MAG. JUDGE WILKINSON |

**[PROPOSED] ORDER AUTHORIZING DISBURSEMENT
OF SETTLEMENT FUNDS IN THE COURT REGISTRY**

This Court, upon consideration of Settlement Class Counsel's motion for an Order authorizing the disbursement of Settlement Funds in the Court Registry pursuant to and to effectuate the Class Settlement Agreement with Taishan Gypsum Company Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. and Taian Taishan Plasterboard Co. Ltd. (collectively, "Taishan") ("Class Settlement Agreement") [Rec. Doc. 22305-2], rules as follows:

1. Capitalized terms used in this Order shall have the same meaning as those defined in the Class Settlement Agreement.

2. The Clerk is authorized and directed to disburse the funds on deposit in the Registry of this Court received from Taishan in connection with the Class Settlement Agreement to date ($248,000,000.00), plus all interest earned thereon ("Settlement Funds"), minus any prior Court-approved disbursements to date, less the assessment fee for the administration of funds, payable to:

> BrownGreer, PLC (Claims Administrator under the Class Settlement Agreement)
> 250 Rocketts Way
> Richmond, Virginia 23231

3. The funds shall be transferred only into a Qualified Settlement Fund ("QSF" or

"Fund") established by BrownGreer within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended (the "Code"), and Treasury Regulation Sections 1.468B-1, *et seq.*, for distribution in accordance with the terms of the Class Settlement Agreement.

4.     BrownGreer is appointed as QSF Administrator pursuant to the terms, conditions, and restrictions of this Order, and is hereby granted the authority to conduct any, and all activities necessary to establish, administer and ultimately wind down the QSF as described herein, including, without limitation, being authorized to make distributions from the QSF consistent with the Class Settlement Agreement approved by this Court in its Order & Reasons of January 10, 2020 [Rec. Doc. 22460] and the Orders of this Court.

5.     The Huntington National Bank ("Huntington" or the "Bank"), a financial institution headquartered in Columbus, Ohio, at the request and recommendation of Settlement Class Counsel and BrownGreer, will serve as the Custodian Bank.

6.     BrownGreer shall establish the Taishan Qualified Settlement Fund as a QSF at Huntington within the meaning of Treasury Regulation § 1.468B-1 and pursuant to the jurisdiction conferred on this Court by Treasury Regulation § 1.468B-1(c)(1), and the QSF shall be a trust under state law. BrownGreer shall provide wire instructions to the Clerk of Court for the Eastern District of Louisiana within five (5) business days of the entry of this Order.

7.     The QSF shall remain subject to the continuing jurisdiction of this Court until the funds in the QSF are distributed in their entirety or upon further order of this Court, consistent with Treasury Regulation § 1.468B-1(c)(1).

8.     BrownGreer, as the QSF Administrator, will be authorized to make distributions from the QSF consistent with the Class Settlement Agreement and the Orders of this Court. Should BrownGreer experience dissolution or bankruptcy, its appointment as QSF Administrator shall

terminate, and Settlement Class Counsel will seek Court approval of a successor QSF Administrator.

9. The QSF Administrator shall be empowered to take all actions the QSF Administrator deems necessary to assure that the QSF is treated as a "qualified settlement fund" under Section 468B of the Code and the Regulations promulgated pursuant thereto. In the event that any term of this Order shall at any time be considered cause for the Fund to fail to qualify as a "qualified settlement fund" pursuant to Section 468B of the Code together with any and all Treasury Regulations and Internal Revenue Service notices, announcements and directives thereunder, such offending portion of this Order shall be considered null, void, and of no effect, without any action by any court or by the QSF Administrator, so that this Fund continues to qualify as a "qualified settlement fund" in compliance with Section 468B of the Code and the applicable administrative authority and announcements thereunder.

10. The funds deposited into the QSF are the sole property of the QSF. No portion of the funds shall be made available to Eligible Class Members as determined by the Claims Administrator or to Petitioning Attorneys or Settlement Class Counsel, except as specifically set forth in the Class Settlement Agreement and the Orders of this Court. Until such time as monies are distributed from the QSF, Eligible Class Members, Petitioning Attorneys, and Settlement Class Counsel shall not possess any rights to demand or receive any portion of the funds or to mortgage, pledge or encumber the same in any manner except as may be provided in the Settlement Agreement or Orders of this Court. To the extent possible, this shall be construed so as to prevent Eligible Class Members, Petitioning Attorneys, and Settlement Class Counsel from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the QSF.

11.     Settlement Class Counsel requests that no bond be required, provided that all Settlement Funds, which include all principal and interest earned thereon, shall be deposited in an account held in custody of Huntington, titled in the legal name of the Taishan Qualified Settlement Fund for the benefit of those authorized to benefit from it pursuant to the Class Settlement Agreement and the Orders of this Court. The Bank shall invest monies deposited pursuant to the instructions of the QSF Administrator. Such investments may be (a) with third parties in instruments/securities comprised of United States Agency, Government Sponsored Enterprises or Treasury debt securities or obligations (maturities not to exceed one year at the time of purchase) or mutual funds invested solely in such instruments (average maturity not to exceed one year); (b) with third parties in cash equivalent securities including SEC registered money market funds and collateralized money market accounts; (c) in one or more checking accounts at the Bank up to current FDIC insurance limits; and (d) certificates of deposit that are fully insured by the Federal Deposit Insurance ("FDIC") through use of the Certificate of Deposit Account Registry Services ("CDARS"), and/or Insured Cash Sweep ("ICS") pursuant to the CDARS/ICS Deposit Placement Agreement with the Bank. The Bank shall be responsible for following the written investment instructions of the QSF Administrator. The QSF Administrator shall be responsible for ensuring that a principal preservation investment policy is implemented. Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the QSF except upon written instructions of the QSF Administrator. The QSF Administrator retains the right to remove the Bank with or without cause; in its sole and absolute discretion, but subject to the Court issuing an Order. The QSF Administrator may designate a replacement bank upon the written consent of Settlement Class Counsel and this Court. In the event of such replacement, the terms and conditions of this paragraph, including without limitation, those addressing bond requirements, investments, and

distributions from the QSF, shall apply to any such replacement bank. The QSF Administrator shall not be liable for any losses as a result of investing the funds as directed by the Court. Any such losses shall not be recoverable from the parties to the Class Settlement Agreement, and those same parties shall have no responsibility for the QSF Administrator's performance. Any interest or investment income earned on the account(s) of the QSF shall inure to the benefit of the QSF and shall be used first to pay any taxes and tax return administration/preparation costs for the QSFs, and second, if there are any funds left over, to contribute to the payment of additional claims administration costs (including without limitation, the expenses of tax attorneys and accountants, bank fees, wire fees, check stoppage fees, audits and legal costs), and any other costs associated with administration of the QSF. The QSF Administrator shall direct any and all payments of such interest or investment income and any interest accrued on the QSF account consistent with the terms of the Class Settlement Agreement and Orders of this Court.

12. The QSF Administrator shall disburse funds from the QSF in order to pay Incentive Awards and/or Allocation Amounts to Eligible Class Members in accordance with the terms of the Class Settlement Agreement and the Orders of this Court, but shall withhold from disbursement until further Order(s) of this Court: (a) attorneys' fees awarded by the Court totaling 19% of the Settlement Amount, or $47,120,000, plus 19% of the interest earned on the Initial Payment, Second Payment, and Final Payment since the deposits were made by Taishan into the Court Registry, and (b) costs awarded to common benefit counsel totaling $2,836,242.88.

13. Within fifteen (15) days of the end of each calendar quarter, the QSF Administrator will prepare and deliver a QSF Statement to Settlement Class Counsel and the Court (if requested). The Statements shall include a statement of receipts, investment earnings, and disbursements. The management of the QSF shall be subject to review by this Court.

14. The QSF Administrator shall have the right to rely upon affidavit, certificate, letter, notice, electronic mail or other document believed by the QSF Administrator to be genuine and sufficient, and upon any other evidence believed by the QSF Administrator, in its reasonable judgment, to be genuine and sufficient, which may be provided to the QSF Administrator by Settlement Class Counsel.

15. As provided in the Class Settlement Agreement, Taishan shall in no way be responsible for the expenses of the QSF Administrator or the administration of the QSF. Nor shall Taishan be associated in any way with the administration of the QSF or have any liability with regard to the conduct of the QSF Administrator or the QSF itself.

16. Upon final distribution of all monies paid into the QSF, the QSF Administrator shall take appropriate steps to wind down the QSF, and, thereafter, be discharged from any further responsibility with respect to the Class Settlement Agreement.

New Orleans, Louisiana, this _____ day of _____, 2020.

_____
ELDON E. FALLON
UNITED STATES DISTRICT COURT JUDGE