UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| **This document relates to:** <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY
MICHAEL GINART AND ALICE GINART**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Michael Ginart and Alice Ginart (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

**I.     Factual and Procedural Background**

   *A.     MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese-manufactured drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese-manufactured drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese-manufactured drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

### B.  *The Bennett Complaint and Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs completed and submitted a PPF, SPPF, and PFS.[2] The documents were completed under penalty of perjury.

Michael Ginart is a plaintiff listed in the Bennett Complaint, filed November 13, 2014,[3] and Alice Ginart is listed as a plaintiff in Plaintiff's Second Motion to Intervene, filed October 7, 2019.[4] The Ginarts have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the property located at 2104 Olivia Street, Meraux, LA 70075 (the "Property").

Dobson Homes, Inc. was the contractor that the Ginarts used to construct and later renovate the Property.[5] Dobson Homes, Inc. was a party to the InEx settlement (as an additional releasee), and the Property address is listed as a recipient of the notice that was sent pursuant to the InEx settlement notice program in 2012.[6] This confirms that, not only did the Ginarts' contractor receive notice, actual notice of the Chinese drywall was directly sent to the Ginarts at their home as part

---

[2] Exhibit A.
[3] R. Doc. 14-02204.
[4] R. Doc. 22334.
[5] Exhibit B, Deposition of Michael Ginart. at 104:12-21.
[6] R. Doc. 8268-4 at 8 of 18; R. Doc. 14404-3 at 11.

of the InEx settlement notice program in 2012. Michael Ginart confirmed that the Ginarts received this notice because he testified that sometime in 2012, they received a letter with invoices attached that indicated that they had 300 sheets of possibly contaminated drywall delivered to the Property.[7]

Michael Ginart was deposed on June 14, 2019. Alice Ginart was deposed on June 14, 2019 and adopted Michael Ginart's testimony as her own.[8]

## II.   Law & Argument

### A.   *Legal Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[11] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[12]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains

---

[7] *Id.* at 29:20-25; 30:1-6.
[8] Exhibit C, Deposition of Alice Ginart.
[9] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[10] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[12] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

4

appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[13] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[14] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[15] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[16]

As to redhibition claims, under the discovery rule, prescription does not commence against an alleged manufacturer until the date the injured party discovers or should have discovered the facts upon which his cause of action is based.[17] The principle does not apply if plaintiff's ignorance is attributable to his own willfulness or neglect.[18] In determining when the plaintiff should have known of the basis for his claim, the focus is on the reasonableness of the plaintiff's action or inaction.[19] A plaintiff will be deemed to know that which he could have learned through reasonable diligence.[20] In sum, if an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses it, and closes his eyes and ears to the notice before him, the law will hold him as bound by the same.[21]

---

[13] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[14] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[15] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[16] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[17] La. Civ. Code 2434 (prescription for redhibition); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing *Corsey v. State Dept. of Corrections*, 375 So.2d 1319, 1321–22 (La.1979)).
[18] *Id.*
[19] *Id.*
[20] *Id.* (*citing Hospital Dist. No 1 v. Alas*, 657 So.2d 1378, 1383 (La. App. 5 Cir. 1995).
[21] *See id.*

As to non-redhibition claims, under Louisiana law, prescriptive periods are not determined by the label of the cause of action, but are instead determined by the nature of the transaction and the underlying basis of the claim.[22] Therefore, actions that are tort-based claims, including all Louisiana claims in the Fifth Amended Complaint applicable are subject to a one-year liberative prescription period under La. Civ. Code art. 3492.[23]

### B.     *The Ginarts' Claims are Prescribed.*

Here, the Ginarts' claims are prescribed on their face and should be dismissed with prejudice because they had actual notice of the allegedly defective Chinese drywall in the Property more than one year before filing claims in this matter.

Courts have held that class settlement notices constitute actual notice to recipients and start the clock running for statute of limitations or prescription purposes. *In re Briscoe*, 448 F.3d 201, 220-21 (3rd Cir. 2006) (denying mandamus relief) (holding that the plaintiffs were on notice, at the latest, after a notification campaign in connection with a class-action settlement). Based on similar policy rationale, in *In re Vioxx Prods. Liab. Litig.*, 522 F. Supp. 2d 799, 802 (E.D. La.

---

[22] *Stewart v. Ruston Louisiana Hosp. Co., LLC.*, No. 3:14-0083, 2016 WL 1715192, at *5 (W.D., La. Apr. 27, 2016) ("In determining the prescriptive period for a cause of action, 'Louisiana courts look to the nature of the duty that has been breached.'") (*Citing Carrier v. Jackson Hewitt Tax Serv. Inc.*, 750 F. Supp. 2d 694, 704 (E.D. La. 2010)); *Roger v. Dufrene*, 613 So.2d 947 (La. 1993); *see also Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La. 1978) ("Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it.").

[23] *Manion v. Pollingue*, 524 So. 2d 25 (La. App. 3 Cir. 1988), writ denied, 530 So. 2d 572 (La. 1988) (finding tort claim against administrator for breach of fiduciary duty was "delictual action" and one-year prescriptive period. LSA-C.C. art. 3492); *Gad v. Granberry*, 2007-117 (La. App. 3 Cir. 5/30/07); 958 So. 2d 125, writ denied, 2007-1336 (La. 9/28/07); 964 So. 2d 364, and writ denied, 2007-1361 (La. 9/28/07); 964 So. 2d 365 (finding purchaser's claims against vendor and real estate company for fraud and misrepresentation were delictual actions and subject to one- year prescriptive period); *Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1232, 1237 (fraud and misrepresentation claims were delictual actions and one-year liberative prescription applied); *Williams v. Nexstar Broad., Inc.*, 11-887 (La. App. 5 Cir. 4/10/12); 96 So. 3d 1195, 1201 (finding claims for defamation are subject to liberative prescription of one year running from the day injury or damage is sustained); *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 622 (E.D. La. 2013) (breach of contract based on misrepresentation governed by one-year prescriptive period).

2007), this Court determined that at the latest, the statute of limitations began to run when Merck issued a public notice to patients informing them of the risks associated with Vioxx.

Michael Ginart[24] did not file a claim until November 13, 2014,[25] and Alice Ginart did not file a claim until 2019. Yet, the Ginarts received actual notice of Chinese drywall in their Property in 2012. Dobson Homes, Inc. was the contractor that the Ginarts used to construct and later renovate the Property.[26] Dobson Homes, Inc. was a party to both the InEx settlements (as an additional releasee), and the Property address is listed as a recipient of the notice that was sent pursuant to the InEx settlement notice program in 2012.[27]

| F L CRANE & SONS INC | WEST BLOCTON HIGH SCHOOL | 4734 TRUMAN ALDRIDGE PARKWAY | | WEST BLOCTON | AL |
|---|---|---|---|---|---|
| DOBSON HOMES INC | DENNIS DOBSON 382-4536 CEL OFFICE 985-639-3903 | | 2104 OLIVIA ST. | MERAUX | LA |
| GEORGE KANELLIS CONSTRUCTION | GEORGE KANELLIS CONSTRUCTK | GLEN LAKES | 9357 LAKEVIEW | FOLEY | AL |

[28]

This confirms that direct notice was sent to the Ginarts at their home as part of the InEx settlement notice program in 2012. Michael Ginart confirmed that the Ginarts received this notice because he testified that sometime in the 2012-2013 timeframe, they received a letter about the presence of Chinese drywall in their Property.[29] The actual notice date can be pinpointed to have occurred before the final fairness hearing, which occurred on November 13, 2012.

A copy of the InEx settlement notice program letter that the Ginarts received is attached hereto as Exhibit D and can be found at R. Doc. 15749-8. This letter put the Ginarts on actual notice that their Property contained Chinese drywall. As with the Martinez and Peggy Powell plaintiffs, the Ginarts should have sprung into action to pursue a claim upon this actual notice—

---

[24] Michael Ginart is an attorney who admitted he was aware of Chinese drywall before 2010 and had clients that spoke with him regarding Chinese drywall. *See* Exhibit B at 14:15-22, 39:3-21. Louisiana courts have considered the sophistication of a party when analyzing the commencement date of the prescriptive period. *See e.g., M & L Indus., L.L.C. v. Hailey*, 2005-940 (La.App. 3 Cir. 3/1/06, 18); 923 So.2d 869, 880.
[25] *See* Exhibit B, Deposition of Michael Ginart at 17:24-25; 18:1-10.
[26] *Id.* at 104:12-21.
[27] R. Doc. 8268-4 p. 8 of 18; R. Doc. 14404-3 p. 11 of 119.
[28] R. Doc. 8268-4 p. 8 of 18.
[29] Exhibit B, Deposition of Michael Ginart at 29:20-25; 30:1-6.

the receipt of the letter.[30] As such, the Ginarts' claims are prescribed on their face and should be dismissed with prejudice.

## III. CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to Plaintiffs, the Ginarts' claims are prescribed on their face and should be dismissed with prejudice because they had actual notice of the allegedly defective Chinese drywall in the Property more than one year before filing claims in this matter. There is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:        kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

---

[30] R. Doc. 22615 at p. 28-29.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 11th day of March, 2020.

                                                  /s/ *Kerry J. Miller*
                                                  **KERRY J. MILLER**