UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14-cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd., who submit this Statement of Uncontested Material Facts in support of their Motion for Summary Judgment:

1. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things.

2. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.

3. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

4. The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047.

5. The Complaint was amended multiple times to amend the parties and claims.

1

6. The Fifth Amended Complaint was filed in March 2018.

7. Following the Fifth Amended Complaint, certain plaintiffs intervened.

8. The Fifth Amended Complaint is the operative complaint in this matter.

9. MCF Enterprises Inc. ("MCF") and CDO Investments LLC ("CDO") were plaintiffs in the original Bennett Complaint filed on November 13, 2014.

10. MCF and CDO are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in CDO's property located at 25409 Durango Court, Punta Gorda, FL (the "CDO Property") and installed in MCF's property located at 8554 Pegasus Drive, Lehigh Acres, FL (the "MCF Property").

11. In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers and documents regarding the claims and damage amounts sought by all Bennett Plaintiffs. The documents were completed under penalty of perjury.

12. CDO bought the CDO Property in February 2014.

13. MCF bought the MCF Property in October 2013.

14. Prior to purchasing the CDO Property and the MCF Property, CDO and MCF were clearly aware of risks associated with the presence of Chinese drywall. Both are real estate investment companies that purchased and flipped properties in South Florida and MCF and CDO previously purchased multiple properties that contained

Chinese drywall before purchasing the properties associated with the Bennett action.

15. For example, CDO purchased at least three (3) properties that had alleged defective Chinese drywall that were remediated prior to the purchase of the CDO Property.[1]

16. Further, CDO was aware of MDL 2047 and the prior Knauf Class Settlement Agreement at the time it purchased the CDO Property because it previously made claims to the Knauf Class Settlement Agreement for three separate properties.[2]

17. CDO's settlement claims to the Knauf Class Settlement Agreement were denied by the Special Master and this Court on the basis that CDO failed to conduct a reasonable inquiry into the presence of Chinese drywall prior to purchasing the three properties and, alternatively, CDO failed to preserve and present evidence of KPT drywall such that it could not be determined if, and to what extent, the properties contained KPT drywall.

18. Likewise, MCF purchased at least five (5) properties that had alleged defective Chinese drywall that were remediated prior to the purchase of the MCF Property.[3]

---

[1] CDO purchased 1374 Cathedall Avenue, Northport, FL in December 2012 and conducted a Chinese drywall remediation starting in January 2013. CDO purchased 4698 Globe Terrace, Northport, FL in May 2013 and conducted a Chinese drywall remediation starting in June 2013. CDO purchased 2063 Vancouver Lane, Northport, FL in May 2013 and conducted a Chinese drywall remediation in June 2013. R. Doc. 22013-10 at 24 -31 (Affidavit of Chris Owens on behalf of CDO);  see also R. Doc. 22013 et seq.

[2] R. Doc. 21838 (Special Master Report and Recommendation); R. Doc. 21839 (Special Master Supplemental Report and Recommendation); and R. Doc. 21871 (District Court Order Adopting Special Master Report and Recommendation).

[3] MCF purchased 1933 Wanda Avenue, Lehigh Acres, FL in January 2012 and conducted a Chinese drywall remediation starting in February 2012.  MCF purchased 2511 17th Street, South West Lehigh Acres, FL in October 2012 and conducted a Chinese drywall remediation starting in November 2012.  MCF purchased 900 Tena Avenue, North Lehigh Acres, FL in February 2013 and conducted a Chinese drywall remediation starting in March 2013.  MCF purchased 3505 9th Street, West Lehigh Acres, FL in February 2013 and conducted a Chinese drywall remediation in March 2013.  MCF purchased 343 Ranchito Avenue, Lehigh Acres, FL in April 2013 and conducted a Chinese drywall remediation starting in April 2013.  R. Doc. 22013-10 at p. 55 – 62 (Affidavit of Roy Freeman on behalf of MCF); see also R. Doc. 22013 et seq.

19. Further, MCF was aware of MDL 2047 and the prior Knauf Class Settlement Agreement at the time it purchased the MCF Property because it previously made claims to the Knauf Class Settlement Agreement for five separate properties.

20. MCF's settlement claims to the Knauf Class Settlement Agreement were denied by the Special Master and this Court on the basis that MCF failed to conduct a reasonable inquiry into the presence of Chinese drywall prior to purchasing the three properties and, alternatively, MCF failed to preserve and present evidence of KPT drywall such that it could not be determined if, and to what extent, the properties contained KPT drywall.

21. Notwithstanding, CDO purchased the CDO Property "as-is" without disclosures, without any visual inspection, and without a Chinese-drywall inspection. CDO did not obtain any assignments or warranties from the prior owners or the seller. At the time CDO purchased the CDO Property, CDO was represented by current plaintiff's counsel in relation to three prior alleged KPT properties in the Knauf Class Settlement Agreement.

22. Similarly, MCF purchased the MCF Property "as-is" without disclosures, without any visual inspection, and without a Chinese-drywall inspection. MCF did not obtain any assignments or warranties from the prior owners or the seller. At the time MCF purchased the MCF Property, MCF was represented by current plaintiff's counsel in relation to three prior alleged KPT properties in the Knauf Class Settlement Agreement.

23. CDO alleges it performed a full remediation of the Property beginning in April 2014. At the time it performed the remediation, CDO was a litigant in MDL 2047

and class member to the Knauf Class Settlement Agreement and had performed five previous remediations for alleged defective Chinese drywall. Also, at that time, CDO was represented by current plaintiff's counsel in relation to the three prior alleged KPT properties in the Knauf Class Settlement Agreement.

24. However, CDO did not comply with PTO 1, PTO 1(B), or PTO 1(I). The only evidence presented by CDO in support of their claim in terms of product ID, corrosion, and property damage are pictures of eight (8) possible KPT drywall boards. No evidence of corrosion or preservation of damages was provided. No pre-remediation, demolition, or post-remediation photos were provided.

25. CDO was deposed on November 21, 2019 and did not provide any supplemental evidence of KPT drywall within twenty-one (21) days of the deposition.

26. Likewise, MCF alleges it performed a full remediation of the Property beginning in December 2013. At the time it performed the remediation, MCF was a litigant in MDL 2047 and class member to the Knauf Class Settlement Agreement and had performed five previous remediations for alleged defective Chinese drywall. Also, at that time, MCF was represented by current plaintiff's counsel in relation to the three prior alleged KPT properties in the Knauf Class Settlement Agreement.

27. However, MCF did not comply with PTO 1, PTO 1(B), or PTO 1(I). The only evidence presented by MCF in support of their claim in terms of product ID, corrosion, and property damage are pictures of 6 possible KPT drywall boards. No evidence of corrosion or preservation of damages was provided. No pre-remediation, demolition, or post-remediation photos were provided.

28. MCF was deposed on December 19, 2019 and did not provide any supplemental evidence of KPT drywall within twenty-one (21) days of the deposition.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:	504.556.5549
Facsimile:	504.310.0275
Email:	kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**