**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:   **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | **JUDGE ELDON FALLON** |
| **Case No. 14:cv-2722** | **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF**
**<u>OMNIBUS MOTION FOR SUMMARY JUDGMENT</u>**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted against them by Jason Arnold ("Arnold"), Mardechria Charles ("Charles"), Feng Hu and Simin Liu ("Hu/Liu"), Mathew and Susan Issman ("Issman"), Karen and Kerry McCann ("McCann"), Nicole and Michael Norris ("Norris"), Mark and Kimberlie Perez ("Perez"), Wayne and Kristal Province ("Province"), Estate of Veronica Rosenaur ("Rosenaur"), Chien Van Pham and Bich Nguyen ("Van Pham/Nguyen"), Xiaochun Xi and Jinjiang Wang ("Xi/Wang") (collectively "Plaintiffs")  in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"). Plaintiffs all purchased property after the alleged defective drywall

was installed and did not receive an express assignment of the personal right to sue for damages. Therefore, the claims are barred under Louisiana's subsequent purchaser doctrine.

## I.      Factual and Procedural Background

### A.      *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B)

regarding preservation of evidence.   On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.      The Bennett Complaint and Plaintiffs

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims.  The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Plaintiffs are all listed plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in their respective properties.  In conducting discovery in this MDL and in Bennett, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs completed and submitted a PPF, SPPF, PFS, and an Owner Disclosure Affidavit.  The documents were completed under penalty of perjury.

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

Jason Arnold purchased 26057 Coronation Avenue, Denham Springs, LA 70726 (the "Arnold Property") on September 17, 2015.  (Exhibit Arnold A: SPPF). The alleged Chinese drywall was installed in the Arnold Property before Arnold purchased the Property. (Exhibit Arnold A: SPPF).  Arnold did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow this plaintiff to recover in the instant action. (Exhibit Arnold B: Act of Sale).

Mardechria Charles purchased 116 Dufresne Drive, Vacherie, LA 70090 (the "Charles Property") on June 18, 2007. (Exhibit Charles A: SPPF).  The alleged Chinese drywall was installed in the Charles Property before Charles purchased the Property. (Exhibit Charles A: SPPF).  Charles did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow this plaintiff to recover in the instant action. (Exhibit Charles B: Act of Sale).

Feng Hu and Simin Liu purchased 3016 Taft Park, Metairie, LA 70002 (the "Hu/Liu Property") on July 15, 2013. (Exhibit Hu/Liu A: SPPF).  The alleged Chinese drywall was installed in the Hu/Liu Property before Hu/Liu purchased the Property. (Exhibit Hu/Liu A: SPPF).  Hu/Liu did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Hu/Liu B: Act of Sale).

Mathew and Susan Issman purchased 669 Timberwood Loop, Madisonville, LA 70447 (the "Issman Property") on August 15, 2006.  (Exhibit Issman A: SPPF).  The alleged Chinese drywall was installed in the Issman Property before Issman purchased the Property. (Exhibit Issman A: SPPF).  Issman did not acquire and was not assigned or subrogated from the prior

owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Issman B: Act of Sale).

Karen and Kerry McCann purchased 73244 Penn Mill Road, Covington, LA 70435 (the "McCann Property") on August 2, 2006. (Exhibit McCann A: SPPF).  The alleged Chinese drywall was installed in the McCann Property before McCann purchased the Property. (Exhibit McCann A: SPPF). McCann did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit McCann B: Act of Sale).

Nicole and Michael Norris purchased 700 Artic Fox Run (the "Norris Property") on August 10, 2006.  (Exhibit Norris A: SPPF. The alleged Chinese drywall was installed in the Norris Property before Norris purchased the Property. (Exhibit Norris A: SPPF). Norris did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Norris B: Act of Sale).

Mark and Kimberlie Perez purchased 3036 Whitty Drive, Slidell, LA (the "Perez Property") on December 28, 2006. (Exhibit Perez A: SPPF). The alleged Chinese drywall was installed in the Perez Property before Perez purchased the Property. (Exhibit Perez A: SPPF). Perez did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Perez B: Act of Sale).

Wayne and Kristal Province purchased 86048 Highway 450, Franklinton, LA 74038 (the "Province Property") on February 10, 2007.  (Exhibit Province A: SPPF).  The alleged Chinese drywall was installed in the Province Property before Province purchased the Property. (Exhibit Province A: SPPF; Exhibit Province C: Transcript of W. Province at p. 17).  Province did not

provide any evidence that it acquired or was assigned/subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action.

Veronica Rosenaur purchased 13891 Calle Sevario, Prairieville, LA 70769 (the "Rosenaur Property") in 2006.  (Exhibit Rosenaur A: SPPF). The alleged Chinese drywall was installed in the Rosenaur Property before Rosenaur purchased the Property. (Exhibit Rosenaur A: SPPF). Rosenaur did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Rosenaur B: Act of Sale).

Chien Van Pham and Bich Nguyen purchased 9549 Homestead Drive, Baton Rouge, LA 70817 (the "Van Pham/Nguyen Property") on February 15, 2007.  (Exhibit Van Pham/Nguyen A: SPPF). The alleged Chinese drywall was installed in the Van Pham/Nguyen Property in 2006 and before Van Pham/Nguyen purchased the Property. (Exhibit Van Pham/Nguyen A: SPPF). Van Pham/Nguyen did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Van Pham/Nguyen B: Act of Sale).

Xiaochun Xi and Jinjiang Wang purchased 4220 Vincennes Place, New Orleans, LA 70125 (the "Xi/Wang Property") on July 23, 2007.  (Exhibit Xi/Wang A: SPPF).  The alleged Chinese drywall was installed in the Xi/Wang Property before Xi/Wang purchased the Property. (Exhibit Xi/Wang A: SPPF). Xi/Wang did not acquire and was not assigned or subrogated from the prior owner(s) to the personal right to sue for damages that would allow these plaintiffs to recover in the instant action. (Exhibit Xi/Wang B: Act of Sale).

## II.      Legal Standards

### A.        *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[4]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[6]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[7]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[8]  "If it appears that

---

[2] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[3] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[5] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[6] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[7] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[8] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[9]

## III.  Argument

### A.  Plaintiffs' Claims are barred by the Subsequent Purchaser Doctrine

Under Louisiana law, an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an express assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted. *See Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 79 So.3d 246, 256-75 (La. 2011); *see also Guilbeau v. Hess Corp.*, 854 F.3d 310, 312–13 (5th Cir. 2017).  In *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, the Louisiana Supreme Court undertook a comprehensive review of the legal principles undergirding the subsequent purchaser rule as well as the rule's development in Louisiana case law. 79 So.3d 246, 256-75 (La. 2011). The court stated:

> The subsequent purchaser rule is a jurisprudential rule which holds that an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted.

*Id*. at 256-67; *see also  Guilbeau v. Hess Corp.*, 854 F.3d 310, 312–13 (5th Cir. 2017)  There, the court explained that:

> injury to property must be understood as damage to the real rights in the property. A tortfeasor who causes injury or damage to a real right in property owes an obligation to the owner of the real right. This relationship arises as a matter of law and provides to the owner of the real right a personal right to sue the tortfeasor for damages.

---

[9] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

*Id*. at 279.  The Court clarified that damage to property creates a *personal* right to sue, which unlike a real right, does not transfer to a subsequent purchaser "[i]n the absence of an assignment or subrogation."[9] The Court concluded that a current property owner has no right to recover from a third party for property damages caused prior to his purchase. *Id*. at 262, 279. There, the Louisiana Supreme Court concluded that the following language, included in the act of sale, did not constitute an express assignment or subrogation:

> [the sellers] do by these presents sell, transfer and deliver, with full guarantee of title and free from all encumbrances, and with full subrogation to all their rights and action of warranty against previous owners . . .

*Id*. at 281. Similarly in *Prados v. South Central Bell Telephone Co.*, the Louisiana Supreme Court found that an act of sale containing similar language did not constitute an express subrogation because it was "directed to the rights and actions of warranty against previous owners," and did not mention the specific cause of action at issue or the right to seek damages. 329 So. 2d 744, 750 (La. 1975).  Indeed, in examining *Eagle Pipe* and its progeny, the Fifth Circuit has affirmed that the right to sue is a personal right and must be expressly assigned and cannot be "implicitly conveyed." *Broussard v. Dow Chem. Co.*, 550 F. App'x 241, 244–45 (5th Cir. 2013).  Therefore, in the absence of an express assignment to the personal right to sue a defendant for damages that predate the purchase, a subsequent purchaser cannot receive the right to sue a defendant for damages stemming from its conduct related to the property.

Here, all Plaintiffs confirmed that they purchased their respective properties ***after*** the alleged defective drywall was installed in the Property.  Furthermore, none of Plaintiffs have provided any evidence (in the Act of Sale or otherwise) that they were expressly assigned and subrogated to the prior owner's personal right to sue for damages that would allow these plaintiffs to recover in the instant action. This Court has already examined and determined the applicability

of the subsequent purchaser doctrine under the same undisputed facts. R. Doc. 22615 at pp. 8-12; 22-24 (granting summary judgment as to Macksey and Natal claims based on subsequent purchaser doctrine). Therefore, as a matter of law, Plaintiffs' claims are barred under the subsequent purchaser doctrine.

## IV.   Conclusion

Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:         kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, and to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 13th day of March 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**