UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| IN RE:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL NO. 2047<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE WILKINSON |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**ORDER**

The Court has received the following communication from Gary Rollins, regarding participation in the Taishan Settlement. Accordingly,

**IT IS ORDERED** that the attached document be filed into the record.

**IT IS FURTHER ORDERED** that Lenny Davis, on behalf of the Plaintiff's Liaison Counsel, take appropriate action, if any action is warranted, by Friday, April 3, 2020.

New Orleans, Louisiana this 16th day of March, 2020.

Eldon E. Fallon
U.S. District Court Judge

I AM APPEALING BROWNGREER DENIAL OF MY CHINESE DRYWALL CLAIM FOR MY HOME G-5 LOCATED AT 5400 HWY A-1-A VERO BEACH FL. IN SEPTEMBER 2004 WE GOT HIT WITH BACK TO BACK HURRICANES FRANCES AND JEANNE WHICH NOT ONLY DESTROYED MY HOME BUT MOST OF THE HOMES IN CENTRAL FL. IT TOOK A WHILE TO FIND A CONTRACTOR TO DO THE REPAIR WORK IN OUR AREA. FIRELINE WHO IS NOW BANKRUPT AGREED TO DUE THE WORK AND STARTED IN 2005 BUT DUE TO THE AMOUNT OF JOBS THEY HAD IN THE AREA THEY DID NOT FINISH UNTIL LATE 2007. UNFORTUNATLY TO OUR DEMISE SOME OF THE DRYWALL THEY USED WAS CHINESE.

WITH IN A FEW MONTHS DIFFERENT UNITS IN THE CONDO COMPLEX STARTED TO NOTICE A STRANGE SMELL, IT TOOK ABOUT THREE YEARS BEFORE THERE WERE ENOUGH COMPLAINTS THAT A LICENSED HOME INSPECTOR WAS HIRED TO INSPECT EVERYONE IN THE COMPLEX. MY UNIT G-5 WAS IDENIFIED AS HAVING CHINESE DRYWALL.

IN 2011 I WAS ABLE TO HIRE A LICENSED CONTRACTOR HOLLER CONSTRUCTION TO REMOVE ALL CHINESE DRYWALL THAT THE INSPECTOR FOUND AND REPLACE WITH NEW, REMOVE AND REPLACE INFECTED KITCHEN CABINETS, PAINT, INSTALL NEW MOLDING AND WHATEVER ESLE WAS REQUIRED.

AFTER CONTACTING SOME LAW FIRMS THAT WERE HANDLING CHINESE DRYWALL CASES WHO SAID I WAS TOO LATE, THEY HAD ALREADY SUMMITTED THEIR CLIENT LIST TO THE COURT AND THEREFORE COULD NOT TAKE ME ON. BROWNGREER WAS GETTING READY TO CLOSE THE CLIENT LIST TO FILE WITH THE COURT BUT WAS STILL OPENED SO I FILED WITH THEM ON JUNE 18 2013. THEY ACCEPTED MY CLAIM AND PAID ME A SMALL AMOUNT OF MONEY COMPAIRED TO WHAT I SPENT.

THEN I RECEIVED AN EMAIL IN 2020 FROM BROWNGREER STATING THE COURT HAD CLOSED THE CASE AND THAT FINAL PAYMENTS WOULD BE MADE FROM A MASTERLIST THEY ALSO SUPPLIED AND TO CHECK AND SEE THAT WE WERE STILL ON IT AND IF NOT WE WOULD HAVE TO REFILE, I WAS NOT ON THE LIST SO I REFILED WITH THE INFO I COULD STILL FIND. I COULD NOT UNDERSTAND HOW THEY COULD HAVE LOST EVERYTHING.

AFTER I REFILED THEY SENT ME AN EMAIL SAYING THEY HAD RECEIVED MY INFO AND WOULD REVIEW IT.

I THEN FOUND MY CLAIMANT ID 104493 AND MY PASSWORD THAT BROWNGREER GAVE ME BACK. WHEN I LOGGED IN I COULD SEE THAT THEY HAD LISTED THE NEW FILING JAN 10 2020 ALONG WITH THE FIRST FILING ON JUNE 18 2013, SO I THOUGHT THEY HAD FOUND EVERYTHING AND EVERYTHING WOULD BE OK.

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk
MAR 09 2020
TENDERED FOR FILING

THEN ON 2/25/2020 I GOT A NOTICE SAYING THEY HAD DENIED MY CLAIM FOR FAILURE TO SUBMIT SUFFICENT EVIEDENCE OF COVERED CHINESE DRYWALL PRODUCT.

I WAS SHOCKED, THEY HAD ALREADY ACCEPTED MY CLAIM IN 2013 AND THEY NOW WERE SAYING IT WAS DENIED. I THEN WENT TO BROWNGREER WEB SITE FOR CHINESE DRYWALL CLAIMS AND FOUND WHAT I HAD GIVEN THEM. I THEN REVEIWED THE INFO THAT I HAD SENT THEM IN 2013 AND FOUND UNDER MY CLAIMANT ID 104493 WAS LISTED DOCUMENT ID 150920 WHICH WAS THE INSPECTORS REPORT SHOWING I HAD CHINESE DRYWALL AND ANOTHER DOCUMENT FROM THE INSPECTOR DOCUMENT ID 150921 STATEING THAT ALL DRYWALL FOUND WAS TAISHAN DEFECTIVE DRYWALL. I CAN ONLY GUESS THAT WHOEVER REVIEWED MY REFILING IN 2020 DID NOT GO BACK AND LOOK AT THE INFO THEY ALREADY ACCEPTED IN 2013 WHICH CLEARLY SHOWED TAISHAN DEFECTIVE DRYWALL. I AM ATTACHING THE INSPECTORS REPORT FROM THE 2013 FILEING WHICH BROWNGREER ALREADY HAD AND ACCEPTED SHOWING TAISHAN DRYWALL CLEARLY CONTRADICTING THEIR LAST DENIAL NOTICE SAYING NOT SUFFICENT EVIDENCE.

I WOULD HOPE THE COURT WILL REVIEW EVERYTHING I HAVE SAID AND UNDERSTAND THAT AS A LAYMAN DOING THE FILING AND NOT A TRAINED LAWYER, I AM PRESENTING EVERYTHING THE BEST WAY I CAN AND THEREFORE MAY NOT BE PERFECT. THE HURRICAINES WERE IN 2004 AND IT IS NOW 2020, 16 YEARS LATER AND I AM STILL FIGHTING TO GET SOME RESTORTOTION OF SOME KIND. I FIND IT IRONIC THAT SOMEONE THAT DID NOT GO THROUGH THIS COULD JUST DENY MY CLAIM WITH OUT LOOKING AT ALL THE RECORDS THEY HAD, ITS LIKE IT WAS EASIER TO DENY IT THAN TAKE THE TIME TO TRY TO HELP SOMEONE THAT WENT THROUGH THIS FOR 16 YEARS AND FIND IN THEIR FAVOR. BROWNGREER SAID ONCE I WAS DENIED I WOULD HAVE TO FILE AN APPEAL. SO I AM ONLY SENDING YOU THE LAST INSPECTORS REPORT SHOWING THE TAISHAN DRYWALL, THAT IS WHAT THEY HAD DENIED. I WOULD HAVE LIKED TO HAVE SENT EVERYTHING THAT I HAD GIVEN BROWNGREER BUT WOULD HAVE BEEN WAY OVER WHAT THEY SAID I COULD SEND. BUT IF YOU WOULD LIKE MORE INFO PLEASE LET ME KNOW AND I CAN SEND YOU EVERYTHING.

EMAIL RLLGA@AOL.COM  PHONE HOME- 925-443-2953   CELL- 925-895-0350

ADDRESS 1801 STERLING PLACE LIVERMORE CA. 94550   THANK YOU, GARY ROLLINS

*Gary Rollins*    *Rosalie Rollins*

(B)

# Home & Mold Inspections Plus
*"Our Priority is a Healthy Home"*

**2000 PINE CREEK BLVD
VERO BEACH, FL
888-953-1320**

# DRYWALL INSPECTION REPORT

Del Mar

5400 A1A

Vero Beach, FL

---

➢ ALL DEFECTIVE DRYWALL THAT WAS IDENTIFIED WAS TAISHAN DEFECTIVE DRYWALL



\# 4    Taishan

M 3:      Drywall  4feetx12feetx1/2inch

Label:

Marking:   Drywall  4feetx12feetx1/2inch

Printing Type   black letters



## COURT FINDS JURISDICTION OVER TAISHAN

In 2012, a hearing was held on various motions filed by Chinese-based Taishan entities wherein they argued that courts in the US had no jurisdiction over them. U.S. District Judge Eldon Fallon and Miami-Dade Circuit Judge Joseph Farina both ruled <u>against</u> Taishan, finding that the exercise of jurisdiction over Taishan was proper based on their contacts with the United States including Taishan's sales agreements and use of English language labels on their products. Taishan "knew its products would end up in Virginia," Fallon said in the ruling. These rulings allow homeowners to pursue claims against Taishan in the U.S. Taishan has appealed the rulings

Sincerely,

ADAM SHERAKO

HOME & MOLD INSPECTIONS PLUS

Certified Indoor Environmentalist

State of Florida License #MRSA2172; HI1268

NORMI™ Certified IAQ/Mold Inspector # 01220

NACHI Certified Member #05071895

# CHINESE DRYWALL SETTLEMENT PROGRAM
## MDL 2047

### TAISHAN CLASS SETTLEMENT DENIAL NOTICE
### DATE OF NOTICE: 2/25/2020
### DEADLINE TO REQUEST APPEAL: 3/26/2020

## I. CLAIMANT AND CLAIM INFORMATION

| | |
|---|---|
| **Claimant Name(s)** | GARY J ROLLINS; Rosalie H Rollins |
| **Representative Claimant Name** | |

| **Claimant ID** | 104493 | **Affected Property ID** | 6451 | **Claim ID** | 14102 |
|---|---|---|---|---|---|

| **Affected Property Address** | Street: 5400 HWY A1A UNIT G5 | | |
|---|---|---|---|
| | City: Vero Beach | State: FL | Zip Code: 32963 |

| **Law Firm** | Pro Se |
|---|---|

## II. DENIAL EXPLANATION

This Notice is an official communication from the Settlement Administrator for the Chinese Drywall Taishan Class Settlement Program and relates to the claim and Affected Property identified in Section I. Your claim is denied for the following reason(s):

### DENIAL REASON(S)

Product ID – Failure to submit sufficient evidence of covered Chinese Drywall product.

## III. Your Options After This Notice

You may file an Appeal to the Court if you disagree with the denial of your claim. The deadline to appeal is 30 days from the date of this Notice. If you wish to file an appeal, you must present a written objection, no longer than three-pages, double-spaced, to the Court. Class Members may not submit any new or additional evidence for purposes of appealing his or her Allocation Amount determination.

The decision of the Court with respect to appeals from Allocation Amount determinations shall be final and binding on Class Members, and there shall be no appeal to any other court including the U.S. Court of Appeals for the Fifth Circuit, such right of appeal having been knowingly and intentionally waived by each Settlement Class Member.