UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| This document relates to: <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY CHIEN VAN PHAM AND BICH NGUYEN**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Chien Van Pham and Bich Nguyen (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

**I.    Factual and Procedural Background**

    **A.    *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs,

homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.     *The Bennett Complaint and the Plaintiffs.*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.[2]

Chien Van Pham was first listed as a plaintiff in the Second Amended Complaint, filed January 31, 2016.[3] Bich Nguyen was first listed as a plaintiff in Plaintiffs' Second Motion to Intervene, filed October 7, 2019.[4] They are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 9549 Homestead Drive, Baton Rouge, LA 70817 (the "Property"). Chien Van Pham and Bich Nguyen were deposed on August 29, 2019. Chien Van Pham adopted Bich Nguyen's testimony as his own.[5]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.
[2] See Exhibit A, (PPF, SPPF, and PFS).
[3] R. Doc. 20020-2.
[4] R. Doc. 22334.
[5] Exhibit B, Deposition of Chien Van Pham at 8:9-22.

The Supplemental Plaintiff Profile Form indicates that Plaintiffs first became aware that the Property contained Chinese drywall in December 2014.[6] The Plaintiff Profile Form also represents that a Chinese drywall inspection was conducted on December 14, 2014.[7] The Plaintiffs each confirmed this in their depositions. At some point prior to 2014, Nhat Nguyen, Chien Van Pham's son-in-law, received a notice regarding Chinese drywall. Nhat Nguyen ultimately inspected the Property on December 16, 2014, and then informed Chien Van Pham and his wife, Bich Nguyen, that the drywall in the Property was "trouble."[8] Chien Van Pham and his wife, Bich Nguyen, were aware of the inspection by Nhat Nguyen in 2014.[9] Bich Nguyen not only testified that she was present at the 2014 inspection, but also that she knew of the damage before the inspection—although she could not recall how far in advance.[10]

## II.   Law & Argument

### A.   Legal Standard

Summary judgment is appropriate here because Plaintiffs claims are barred by the statute of limitations, Plaintiffs have failed to comply with this Court's evidence preservation orders, and Plaintiffs have failed to present evidence regarding certain elements of their claims.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[6] Exhibit A, SPPF at 2.
[7] Exhibit A, PPF at 2.
[8] *Id.*
[9] *Id.* at 10:19-22.
[10] Exhibit C, Deposition of Bich Nguyen at 51:20-25; 52:1-21.

matter of law."[11]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[13]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[14]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[15]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[16]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[17]  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[18]

---

[11] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[12] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp*., 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[14] *Id.* at 322; see also *Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[15] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[16] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[17] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[18] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); see also *Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary

**B.     *Argument***

Plaintiffs' claims are prescribed because they had actual knowledge of the presence of Chinese drywall in the Property more than one year prior to filing their claim in this matter. As to redhibition, prescription commences for claims against an alleged manufacturer on the date the claimant discovers the facts upon which his cause of action is based. La. Civ. Code 2434; *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing *Corsey v. State Dept. of Corrections*, 375 So. 2d 1319, 1321-22 (La. 1979)). If an opportunity is afforded to a party to know and learn about a certain matter bearing on his interest and he fails or refuses it and closes his eyes and ears to the notice before him, the law will hold him as bound by the same. *See id.*

Chien Van Pham was first listed as a plaintiff in the Second Amended Complaint, filed January 31, 2016.[19] Bich Nguyen was first listed as a plaintiff in Plaintiffs' Second Motion to Intervene, filed October 7, 2019.[20] The Supplemental Plaintiff Profile Form indicates that Plaintiffs first became aware that the Property contained Chinese drywall in December 2014, and the Plaintiff Profile Form also represents that a Chinese drywall inspection was conducted on December 14, 2014.[21]

> If you were not aware, at the time you acquired the Property, that the Property contained Chinese drywall, when did you first become aware that the Property contained Chinese drywall?
> Month/Year:  12   / 2014

[22]

---

judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
   [19] R. Doc. 20020-2.
   [20] R. Doc. 22334.
   [21] Exhibit A, PPF at 2.
   [22] Exhibit A, SPPF at p. 2.

> **Plaintiff Profile Form - Residential Properties**
>
> **Section IV. Inspection Information**
>
> 1.0. Have you, or has anyone on your behalf, conducted an inspection into whether Chinese-manufactured drywall is present in your home? Yes / No
> 1.1. If "Yes" to Question 1.0 Section IV. Who conducted the inspection? Nathan Nguyen
> 1.2. When did the inspection take place? 12/16/14
> 2.0. Has a determination been made that Chinese-manufactured drywall is present in your home? (Yes) No
> 2.1. If "Yes" to Question 2.0. Section IV. Who made this determination? Nathan Nguyen
> 2.2. When was this determination made? 12/16/14 [23]

The Plaintiffs each confirmed this in their depositions.[24] At some point prior to 2014, Nhat Nguyen, Chien Van Pham's son-in-law, received a notice regarding Chinese drywall.[25] Nhat Nguyen ultimately inspected the Property on December 16, 2014, and then informed Chien Van Pham and his wife, Bich Nguyen, that the drywall in the Property was "trouble."[26] Chien Van Pham and his wife, Bich Nguyen, were aware of the inspection by Nhat Nguyen in 2014.[27] Bich Nguyen not only testified that she was present at the 2014 inspection, but also that she knew of the damage before the inspection—although she could not recall how far in advance.[28]

### III.   CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to the claims of Chien Van Pham, their claims are prescribed and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

---

[23] Exhibit A, PPF at p. 2.
[24] Exhibit A, SPPF at p. 2; PPF at p. 2; Exhibit B, Deposition of Chien Van Pham at 9-10; Exhibit C, Deposition of Bich Nguyen at 51:20-25; 52:1-21.
[25] Deposition of Chien Van Pham at 9-10.
[26] *Id.*
[27] *Id.* at 10:19-22.
[28] Exhibit C, Deposition of Bich Nguyen at 51:20-25; 52:1-21.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:          kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 16th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**