UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON THE CLAIMS ASSERTED BY WILLIAM FOREMAN

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by William Foreman in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

  *A.      MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B. *The Bennett Complaint and William Foreman*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. Mr. Foreman first asserted his claims

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

in this lawsuit on January 31, 2016.[2] The operative Fifth Amended Complaint was filed on May 14, 2018.

Mr. Foreman remains a plaintiff in the operative Fifth Amended Complaint and asserts claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in his property located at 7514 Pinehurst Court, Diamondhead, Mississippi 39525 (the "Property"). Specifically, Mr. Foreman asserts claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of Mississippi Consumer Protection Act ("MCPA"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form ("PPF"), Supplemental Plaintiff Profile Form ("SPPF"), and Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs, setting forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Mr. Foreman completed and submitted a PPF,[3] SPPF,[4] and PFS[5] under penalty of perjury.  Mr. Foreman was deposed on September 18, 2019.

Mr. Foreman's Supplemental Plaintiff Profile Form states that he was aware of Chinese drywall at the time of purchase.[6] Mr. Foreman explained that he "may" have received a paper from the bank from which he purchased the home that "said that it had Chinese drywall in it," but he did not keep that document.[7]  Nevertheless, at the time of his purchase of the Property, he "knew that there was something going on because of the sulfur smell."[8]

---

[2] Mr. Foreman appears for the first time in Exhibit A to the Second Amended Class Action Complaint, which was filed January 31, 2016.  Doc. 20020-2.
[3] Ex. 1.
[4] Ex. 2.
[5] Ex. 3.
[6] Ex. 2.
[7] Ex. 4, Depo Tr., at p. 35:24-36:25.
[8] Ex. 4, Depo Tr., at p. 36:5-15.

Mr. Foreman utilized the Property in Mississippi as a rental property.[9] His first tenants moved in about a year after Mr. Foreman purchased the Property in 2010.[10] Within a month, according to Mr. Foreman, those tenants informed him that the Property had "this toxic drywall, their little girls are getting sick and they're going to sue me."[11] It soon became "apparent" to Mr. Foreman that the drywall was "really bad"; "[i]t was destroying the plumbing and everything."[12] By 2012, Mr. Foreman had engaged a contractor to perform remediation work.[13]

Although Mr. Foreman listed September 2014 as the date on which he discovered drywall in his Plaintiff Profile Form, at his deposition he testified that September 2014 is "not exactly" the correct date, because he "knew that there was drywall before 2014."[14]

## II.     Law & Argument

### A.     Rule 56 Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[16]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the

---

[9] Ex. 4, Depo. Tr., at 28:10-17.
[10] Ex. 4, Depo Tr., at 30:12-31:1
[11] Ex. 4, Depo Tr. at 28:15-25.
[12] Ex. 4, Depo Tr. at 33:1-18.
[13] Ex. 4, Depo. Tr. at 56:6-9; *see also* Property Screening Report, Ex. 1 to Ex. 2., SPPF, at p. 21.
[14] Ex. 4, Depo. Tr. at 37:1-12.
[15] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[16] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

movant bears the burden of proof at trial.[17]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[18]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[19]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[20] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[21] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[22]

### B. Plaintiff's Claims are Barred by the Statute of Limitations

"The law is created for the watchful and not for the negligent." *Harrison Enters., Inc. v. Trilogy Commc'ns, Inc.*, 818 So. 2d 1088, 1095 (Miss. 2002) (quoting *Philp v. Hicks*, 73 So. 610, 611 (1917)).  The law therefore provides statutes of limitations "to compel the exercise of a right

---

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[18] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[19] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[20] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[21] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[22] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

of action within a reasonable time." *Miss. Dep't. of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999).  Statutes of limitations are "founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected" and "are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time." *Id.*

In Mississippi, the general statute of limitations period is three years. MISS. STAT. ANN. § 15-1-49(1). That period applies to all of Mr. Foreman's claims. *See Alston v. Pope*, 112 So. 3d 422, 424 n.3 (Miss. 2013) ("Mississippi has a three-year statute of limitations for negligence actions."); Austin *v. Bayer Pharm. Corp.*, 2013 WL 5406589, at *3 (S.D. Miss. Sept. 25, 2013) ("Product liability actions are subject to a three-year statute of limitation.") (citing Miss. Code Ann. § 15-1-49(1)); *Alexander v. City Fin. Co.*, No. CIV.A.3:02 CV 81, 2004 WL 1638251, at *1 (N.D. Miss. May 4, 2004) (noting that the three-year period applies to consumer fraud lawsuits); *Anderson v. LaVere,* 136 So. 3d 404, 411 (Miss. 2014) (holding that "Section 15-1-49 clearly governs," *inter alia*, breach of contract and unjust enrichment claims).

In the case of a latent defect, "the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." MISS. STAT. ANN. § 15-1-49(2).  Mr. Foreman's causes of action against the Knauf Defendants therefore "accrued upon discovery of the injury, *not discovery of the injury and its cause.*" *Angle v. Koppers, Inc.* 42 So. 3d 1, 5 (Miss. 2010) (emphasis in original).

Mr. Foreman likely discovered his injury in 2010, when he purchased the home and either received notice from the bank that the home had Chinese drywall or was aware that something was "going on" due to the "sulfur smell" in the Property.  But he had certainly discovered the injury by no later than 2011, when his first tenants told him there was toxic drywall in the Property and

threatened to sue him because of the drywall. By 2012, Mr. Foreman had taken action to remediate his own damages, by engaging a contractor to perform repair work on the drywall in the Property. All of this occurred more than three years before Mr. Foreman filed his claims in this suit, on January 31, 2016. Mr. Foreman's claims are "time-barred under Mississippi Code Section 15–1–49(2), as []he filed h[is] complaint in 20[16], approximately five years after [his] discovery" of his injury. *Koppers*, 42 So. 3d at 7.

### IV. Conclusion

Mr. Foreman's claims in this MDL should be dismissed because they were filed after the expiration of the three-year statute of limitations. This Court should grant summary judgment and dismiss Mr. Foreman's claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0279
Email:           kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 17th day of March, 2020.

                                  */s/ Kerry J. Miller*
                                  **KERRY J. MILLER**