UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                          :       CASE 2:09-md-02047-EEF-JCW
                                                                :       MDL NO. 2047
                                                                :
CHINESE MANUFACTURED DRYWALL        :       SECTION: L
PRODUCTS LIABILITY LITIGATION               :
                                                                :       JUDGE FALLON
                                                                :       MAG. JUDGE WILKINSON

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

### CLAIMANTS, RAYMOND P. FARLEY AND AMELIA J. FARLEY, NOTICE OF APPEAL AND OBJECTION TO DENIAL NOTICE

Claimants, RAYMOND P. FARLEY and AMELIA J. FARLEY ("FARLEYS"), Claimant ID 101204, hereby appeal and object to the Taishan Class Settlement Denial Notice, dated February 25, 2020, and state as follows:

1. The Denial Reason set forth in the Denial Explanation of the Taishan Class Settlement Denial Notice dated February 25, 2020, for the FARLEYS, Claimant ID 101204, Affected Property ID 1950, Claim ID 14040 (the "Denial Notice") is that the FARLEYS' "claim has been assigned to a third party; therefore, you do not have rights to this claim." This Denial Explanation/Reason is erroneous and ignores the information and documentation contained in the FARLEYS' Claim, Claim ID 14040, filed on or about 12/2/19.

2. In September 2014, the FARLEYS entered into a Repair and Remediation Agreement with their builder, Taylor Morrison of Florida, Inc., ("Taylor Morrison"), wherein Taylor Morrison agreed to remove the defective Chinese drywall in the FARLEYS' home located at 3756 Summerwind Circle, Bradenton, Florida and to remediate and repair the physical structure of the home. A copy of the Repair and Remediation Agreement is attached to the FARLEYS' Claim ID 14040 filed in this matter.

3. The Repair and Remediation Agreement at Paragraph 18, titled "Limited Assignment of Claims," contained a limited assignment from the FARLEYS to Taylor Morrison of ONLY the claims relating to the costs of the repairs and remediation incurred by Taylor Morrison for the physical house structure. The last sentence of Paragraph 18 expressly stated that the claims assigned to Taylor Woodrow Homes excluded

"any personal injury claims, moving and storage claims, expense claims, personal property claims, attorneys' fee claims and relocation claims that [FARLEYS] may have arising from or relating to the Defective Drywall."

4. The limited and partial nature of the assignment of claims from FARLEYS to Taylor Woodrow Homes is further confirmed by Paragraphs 6, 7, 8, 9 and 17 of the Repair and Remediation Agreement, which expressly provide that the FARLEYS are not releasing or assigning to Taylor Morrison any claims that the FARLEYS may have for relocation expenses, utilities, taxes, maintenance, moving expenses, storage expenses, personal property repair/replacement expenses, attorneys' fees or for personal injuries caused by the defective Chinese drywall originally installed in their home. Paragraphs 6, 7, 8, 9 and 17 expressly recognize and state that the FARLEYS retain all rights to all claims except for the claim for expenses incurred by Taylor Morrison in repairing and remediating the physical structure, and specifically provide that the FARLEYS retain all rights to submit these other specified claims for payment "from any settlement fund through the claims process established by the Court in the In Re: Chinese Manufactured Drywall Products Liability, Case No. 2:09-MD-02047…"

5. The FARLEYS also attached to their Claim ID 14040 to satisfy the Proof Requirement for Section VI copies of documents reflecting that the FARLEYS had incurred and paid relocation expenses, utilities, taxes, maintenance, rentals, storage expenses and personal property repair/replacement expenses in order to demonstrate and confirm that the FARLEYS had incurred substantial expenses for these categories of claims that were totally separate and apart from the expenses incurred for the removal of the defective Chinese drywall from, and the repair and remediation of, the physical home structure.

6. The FARLEYS only assigned one specific claim relating to the damages caused by the defective Chinese drywall in their home to Taylor Morrison. The FARLEYS confirm and agree that they are precluded from receiving any payment from the Taishan Class Settlement for the expenses incurred in removing the defective Chinese drywall and repairing and remediating the physical structure of the home.

7. However, the FARLEYS did NOT assign or release any other claims for expenses incurred by them as a result of the defective Chinese drywall in their home. The FARLEYS incurred substantial expenses and damages due to the defective Chinese drywall relating to relocation, rent and utilities for alternate housing, additional maintenance, storage, personal property repairs/replacement, other loss claims and attorneys' fees. These other categories of expenses incurred by the FARLEYS were expressly recognized as valid and partially reimbursed as part of the Knauf and Global Banner Settlements previously administered in this MDL. These partial reimbursements of these other categories of expenses were documented by the FARLEYS as part of their Proof Requirement for Section III in their Taishan Claim, ID 14040. The FARLEYS only received partial reimbursement for these expenses because the defective Chinese drywall in their home only consisted of a small percentage of Knauf defective drywall, with the majority of the defective Chinese drywall being Taishan brand.

8. The FARLEYS have previously been partially reimbursed for these other categories of expenses that were not assigned to Taylor Morrison as part of the prior Knauf and Global Banner Settlements. It would be an egregious injustice to now deny the FARLYES recovery of the remaining balance of these claims which include relocation expenses, rent and utility expenses, additional maintenance and storage expenses, personal property repairs/replacement expenses, other losses and attorneys' fees that were not assigned and should be included for coverage in the Taishan Class Settlement.

WHEREFORE, Claimants, RAYMOND P. FARLEY and AMELIA FARLEY, request that this Court reverse the Taishan Class Settlement Denial Notice dated 2/25/20, and find that Claimants are entitled to participate in the Taishan Class Settlement with regards to all non-assigned claims.

Dated: March 18, 2020

FERGESON SKIPPER, P.A.
1515 Ringling Boulevard – 10th Floor
Sarasota, FL 34236
941-957-1900 / Fax 941-957-1800
*Attorneys for Claimants,*
*RAYMOND P. FARLEY and AMELIA J. FARLEY*

BY:   /s/DAVID S. MAGLICH
DAVID S. MAGLICH
Florida Bar No. 441708
dmaglich@fergesonskipper.com