UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY R&S PROPERTIES, LLC**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Claims Asserted by R&S Properties, LLC in the Bennett Plaintiffs' Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.     Factual and Procedural Background**

  *A.     MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.   The Bennett Complaint and R&S Properties

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims.  R&S Properties first asserted its

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

claims in this lawsuit on September 10, 2018.[2] The operative Fifth Amended Complaint was filed into the record on May 14, 2018.

R&S Properties is a plaintiff in the operative Fifth Amended Complaint and asserts claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in its property located at 9810 Bay Road North, Foley, Alabama 36535 (the "Property"). Specifically, R&S Properties asserts claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of the Alabama Deceptive Trade Practices Act ("ADTPA"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form ("PPF"), Supplemental Plaintiff Profile Form ("SPPF"), and Plaintiff Fact Sheet ("PFS") to be completed by Plaintiffs, setting forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. A member of R&S Properties, Nic Cornelison, completed and submitted a PPF,[3] SPPF,[4] and PFS[5] under penalty of perjury. Another member of R&S Properties, Royce Cornelison, was deposed on December 3, 2019.

R&S Properties was formed by Royce Cornelison and his two sons, who are all in the general contractor business, for the purpose of purchasing real estate.[6] R&S Properties purchased the Property in foreclosure in 2009 to function as a "retreat home" for the Cornelison family.[7] A couple of years after R&S Properties purchased the Property, in 2011 or 2012, Royce Cornelison became aware that every time he went down to the Property, something had to be replaced with

---

[2] R&S Properties first appeared in a Motion to Intervene filed September 10, 2018.  Doc. 21770-2.
[3] Ex. 1.
[4] Ex. 2.
[5] Ex. 3.
[6] Ex. 4, Depo. Tr. at 16:5-19; 17:2-25.
[7] Ex. 4, Depo. Tr., at 15:15-23.

one of the heating or air conditioning units.[8]  A heating and air tech who came out during this time "said [they] probably had Chinese drywall."[9]

II.     Law & Argument

    A.     **Rule 56 Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[12]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly

---

[8] Ex. 4, Depo. Tr. at 18:1-16.
[9] Ex. 4, Depo. Tr. at 18:1-16.
[10] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[11] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[13] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

probative.'"[14] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[15] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[16] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[17]

### B. Plaintiff's Claims are Barred by the Statute of Limitations

Statutes of limitation "advance[] the truth-seeking function of our justice system, promote[] efficiency by giving plaintiffs an incentive to timely pursue claims, and promote[] stability by protecting defendants from stale claims. *Travis v. Ziter*, 681 So. 2d 1348, 1355 (Ala. 1996). Statutes of limitation "prevent fraudulent and stale claims from springing up after long periods of time and surprising the parties or their representatives when evidence has become lost or the facts have become obscure from the lapse of time." *Id.* at 1352 (quoting *Stephens v. Creel*, 429 So.2d 278 (Ala. 1983)) (internal citations and quotations omitted).

Alabama law provides a two-year statute of limitations for R&S Properties' claims based upon negligence and for product liability. ALA. CODE § 6-2-38; *see Mitchell v. Thornley,* 98 So. 3d 556, 559 (Ala. Civ. App. 2012) ("A negligence claim is subject to a two-year limitations period."); *Ex parte Integra LifeSciences Corp.*, 271 So.3d 814, 817-18 (applying the two-year

---

[14] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[15] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[16] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[17] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

statute of limitations period to product liability claims under the Alabama Extended Manufacturer's Liability Doctrine).  A one-year statute of limitations applies to R&S Properties claims under the ADTPA. ALA. CODE § 8-19-14.  Finally, a four-year statute of limitations applies to R&S Properties' breach of warranty claims. *Integra LifeSciences Corp.*, 271 So. 3d at 820 ("A four-year statute of limitations is generally applicable to breach-of-warranty claims.").

A statute of limitations "begins to run when the cause of action accrues." *Chandiwala v. Pate Constr. Co.*, 889 So. 2d 540, 543 (Ala. 2004).  In turn, a cause of action accrues "as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of the damage is apparent at the time of the first legal injury." *Id.*  Therefore, a statute of limitations begins to run as soon as a plaintiff is aware that there is damage to their property that needs correcting, even if additional damage occurs later or continues to occur. *Id.* at 543-44.

Here, at least one member of R&S Properties was informed in 2011 or 2012 by a heating and air tech that the Property "probably had Chinese drywall." As this Court has previously explained, when a repair person informs a homeowner that repairs are necessary because of Chinese drywall, that homeowner obtains "actual knowledge of the defect." Doc. 22586 at pp. 22-23.  Therefore, R&S Properties had actual knowledge, and its causes of action for damage to the Property due to the presence of Chinese manufactured drywall accrued, when the heating and air tech informed Royce Cornelison that the Property probably had Chinese drywall. R&S Properties, however, did not file suit until at least six years later, in September of 2018.  Under any applicable statute of limitations, whether one-year, two-year, or four-year, R&S Properties' claims are untimely.

IV. **Conclusion**

R&S Properties' claims in this MDL should be dismissed because they were filed after the expiration of all relevant statute of limitations periods. This Court should grant summary judgment and dismiss R&S Properties' claims against the Knauf Defendants with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0279
Email:        kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 18th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**