UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047**  **SECTION "L"** |
| **This document relates to:**  ***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al***  **Case No. 14:cv-2722** | **JUDGE ELDON FALLON**  **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY MICHAEL CHRISTOVICH AND CARLISLE PLACE, LLC**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Michael Christovich and Carlisle Place, LLC ("Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

I.      **Factual and Procedural Background**

A.      *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

B.    *The Bennett Complaint and the Plaintiffs.*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Carlisle Place, LLC was first listed as a plaintiff in Plaintiffs' First Motion to Intervene, filed September 10, 2018.[2]  Michael Christovich was first listed as a plaintiff in Plaintiff's Second Motion to Intervene, filed October 7, 2019.[3] Michael Christovich and Carlisle Place, LLC are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 829 East Scenic Drive, Pass Christian, Mississippi (the "Property").  In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.  Michael Christovich and Carlisle Place, LLC, each completed and submitted a PPF, SPPF, PFS.  The documents were completed under penalty of perjury.[4]

Christovich purchased the Property from Carlisle Place, LLC, on January 30, 2019,[5] with knowledge that the Property contained Chinese drywall, and with an agreement purporting to

---

[2] R. Doc. 21770.
[3] R. Doc. 22334.
[4] *See* Exhibit A (Christovich PPF, SPPF, and PFS); Exhibit B, (Carlisle Place, LLC PPF, SPPF, and PFS).
[5] *See* Exhibit A, Christovich SPPF at p.2 (Although the SPPF indicates that Christovich acquired the Property on January 30, 2018, the closing documents indicate that this is incorrect and the Property was sold on January 30, 2019); *See* Exhibit [G], Closing Statement and Warranty Deed.

assign Carlisle Place, LLC's rights related to the Chinese drywall in the Property.[6] Christovich testified that the Plaintiffs agreed that Carlisle Place, LLC would be entitled to up to $700,000 of any amount that might be recovered in relation to Chinese drywall in the Property, and that Christovich would be entitled to any remaining amount.[7] Despite making a claim for more than $200,000 based on the representation that the Property was "partially remediated,"[8] Plaintiffs have provided no documentation to support these costs.[9] Sherwood R. Bailey, Jr., is the manager of Carlisle Place, LLC,[10] and is also listed as the President for Bailey Lumber & Supply Co.,[11] which was a settlement distributer in class settlements.[12]

After being re-noticed for deposition, Michael Christovich was deposed on December 17, 2019 and had twenty-one (21) days to supplement documents. In his deposition Christovich was generally unprepared to give various details and acknowledged that he did not have responsive information to most of the requests attached to the Notice of Deposition, alluding to the fact that the prior owner—Carlisle Place, LLC—would have such information.[13] Yet, after a second re-notice of deposition Carlisle Place, LLC, ultimately failed to appear for its deposition.[14]

The Plaintiffs have put the Knauf Defendants in a roundabout, and essential and discoverable facts have been withheld. Christovich's and Carlisle Place, LLC's failure to cooperate substantially prejudices the Knauf Defendants.

---

[6] See Exhibit D, Deposition of Christovich at 31:1-15.
[7] *Id.*
[8] See Exhibit A, Christovich SPPF, p. 4.
[9] See Exhibit D, Deposition of Christovich at 37:1-22.
[10] See Exhibit E, 2019 LLC Annual Report.
[11] See Exhibit F, available at https://www.baileylumber.com/about-us.php#.
[12] R. Doc. 8268-4, p. 3 of 18.
[13] See Exhibit D, Deposition of Christovich at 6:19-25, 16:6-18, 43:1-10.
[14] See Exhibit C, Second Re-Notice of Deposition and Statement of Non-Appearance.

## II.     Law & Argument

### A.     Legal Standard

Summary judgment is appropriate here because Plaintiffs claims are barred by the statute of limitations, Plaintiffs have failed to comply with this Court's evidence preservation orders, and Plaintiffs have failed to present evidence regarding certain elements of their claims.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[16]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[17]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[18]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[19] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to

---

[15] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[16] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[18] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[19] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

return a verdict for that party' is a full trial on the merits warranted."[20]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[21] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[22]

a.      **Plaintiffs' Claims are Barred by the Statute of Limitations.**

Plaintiffs' claims are barred by the statute of limitations. The three-year statute of limitations set forth in section 15-1-49 applies to Plaintiffs' claims for damage to real property. Miss. Code Ann. § 15-1-49 ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Section 15-1-49(2) provides a tolling provision for the statute of limitations, known as the discovery rule: "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." The Mississippi Supreme Court further clarified this rule, stating that "causes of action accrue upon discovery of the injury, not discovery of the injury and its cause."[23]

Further, "the statute of limitations begins to run on [the assignor's] actions at the same time that the statute of limitations would have begun to run on the [assignee's] action against the third

---

[20] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[21] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[22] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[23] *Am. Optical Corp. v. Estate of Rankin*, 227 So.3d 1062, 1068 (Miss. 2017) citing *Ridgway Lane & Assocs., Inc. v. Watson*, 189 So.3d 626, 629 (Miss. 2016).

party tort feasor."[24] The assignee stands in the shoes of the assignor, takes no rights other than those that the insured had, and is subject to all defenses which the third party might assert against the assignor.[25]

Christovich purchased the Property from Carlisle Place, LLC, on January 30, 2019,[26] with knowledge that the Property contained Chinese drywall, and with an agreement purporting to assign Carlisle Place, LLC's rights related to the Chinese drywall in the Property.[27] Christovich's claims in his own right are barred because he purchased the Property with full knowledge that it contained Chinese drywall.

Further, Christovich's claims as assignee are barred by the statute of limitations because such claims were barred when they were assigned by Carlisle Place, LLC to Christovich. The assignee stands in the shoes of the assignor, takes no rights other than those that the insured had, and is subject to all defenses which the third party might assert against the assignor.[28] Sherwood R. Bailey, Jr., is the manager of Carlisle Place, LLC,[29] and is also listed as the President for Bailey Lumber & Supply Co.,[30] which was a settlement distributer in class settlements.[31] Bailey Lumber & Supply Co. was heavily involved in prior litigation in this MDL and appears in at least seventy-

---

[24] *Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.*, 456 So. 2d 750, 754 (Miss. 1984).
[25] *Id.*
[26] See Exhibit A, Christovich SPPF at 2. (Although the form indicates that Christovich acquired the Property on January 30, 2018, the closing documents indicate that this is a typo and the Property was sold on January 30, 2019).
[27] See Exhibit D, Deposition of Christovich at 12:19-22, 31:1-15.
[28] *Indiana Lumbermen's Mut. Ins. Co.*, 456 So. 2d at 754.
[29] See Exhibit E, 2019 LLC Annual Report.
[30] See Exhibit F, available at https://www.baileylumber.com/about-us.php#.
[31] R. Doc. 8268-4, p. 3 of 18.

one documents filed in the matter.[32] Not only was Bailey Lumber & Supply Co. involved, Sherwood Bailey himself was served with pleadings in the matter.[33]

Thus, there is no genuine issue in dispute that Sherwood R. Bailey, Jr. knew of the presence of Chinese drywall in the Property before April 2011 because he held an executive position at a company that was involved as a settlement distributer in class settlements as late as April 2011. More than three years later, Carlisle Place, LLC was first listed as a plaintiff in Plaintiffs' First Motion to Intervene, filed September 10, 2018.[34] The statute of limitations had already run to bar Carlisle Place, LLC's claims when the claims were assigned. Moreover, Michael Christovich was not listed as a plaintiff until over a year after that in Plaintiff's Second Motion to Intervene, filed October 7, 2019.[35] Overall, Christovich's claims in his own right are barred because he purchased the Property with full knowledge that it contained Chinese drywall. Christovich's claims as assignee are barred by the statute of limitations because such claims were barred when they were assigned by Carlisle Place, LLC to Christovich. Therefore, based on the undisputed facts and evidence, Plaintiffs claims are barred by the statute of limitations and must be dismissed with prejudice.

> **b.** ***Plaintiffs Failed to Comply with PTOs and to Preserve and Present Evidence of Drywall Manufacturers and/or Damages to the Prejudice of the Knauf Defendants.***

Next, the evidence demonstrates that Plaintiffs did not comply with the requirements of PTO 1, PTO 1(B), or PTO 1(I). On June 16, 2009, this Court entered PTO 1 regarding preservation

---

[32] R. Doc. 1460, 1523, 1598, 1885, 2108, 2214, 3279, 3501, 4201, 4201, 4262, 4512, 4638, 4821, 4822, 5026, 5542, 6028, 7886, 7610, 7737, 7783, 8049, 8891, 9266, 9269, 9635, 9636, 9637, 9780, 9827, 10036, 10926, 11224, 11337, 11599, 12252, 12253, 12303, 12715, 13257, 13536, 13537, 13540, 13541, 13546, 13548, 13550, 13571, 13572, 13576, 13578, 13580, 13581, 13635, 13461, 14623, 15038, 15303, 15385, 16574, 16578, 16583, 16639, 16776, 18913, 18915, 18939, 19170, 19257, 19262, 19596.
[33] R. Doc. 4262, 5026.
[34] R. Doc. 21770.
[35] R. Doc. 22334.

of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. Pursuant to PTO 1(B), which was entered in October 2009 prior to the remediation of any of the below claims, the Court stated that Owners were and are required to preserve evidence by following a few basic procedures, including but not limited to:

> The parties shall photograph the backside of each Chinese drywall board immediately after it is removed on-site, and, document on a floor plan, building diagram, or other similar form of documentation, the location of each full or partial Chinese drywall board removed from the property and its photograph. Photographs of the wall sections should be taken so that any markings on the backside of the drywall sections are most clearly visible in the photographs.[36]

On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence. Courts have routinely dismissed claims for failing to comply with pretrial orders, particularly when compliance involves a necessary to meet a plaintiff's burden.[37]

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse."[38] Indeed, this Court has previously determined that failure of a plaintiff to comply with the preservations standards in PTO 1, PTO 1(B), and PTO 1(I) results in prejudice to the defendants because without compliance, a plaintiff cannot establish how much, if any, drywall of a particular manufacturer was or was not installed in the property.[39]

Despite numerous plaintiff forms requesting the information and separate deposition requests for physical evidence of KPT drywall, Plaintiffs did not present any evidence of KPT drywall before, at, or within 21 days of the deposition. Plaintiff also failed to timely produce

---

[36] *Id*. at p. 3; *see also* PTO 1(B).
[37] *In re Deepwater Horizon*, 922 F.3d 660, 665 (5th Cir. 2019); *Moore v. CITGO Ref. & Chemicals Co., L.*P., 735 F.3d 309, 315 (5th Cir. 2013).
[38] *Moore*, 725 F.3d at 315 (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (internal quotation omitted).
[39] See Rec. Doc. 20930 and Rec. Doc. 20933.

evidence of other physical evidence or materials allegedly damaged by Chinese drywall. This Court has recognized that while Plaintiff may be able to submit additional evidence, including testimony, such evidence is insufficient to overcome the requirements to comply with the preservation and presentment pretrial orders in this matter. Therefore, summary judgment should be granted.

### c.  No Evidence Supporting Loss of Use or Remediation Claims

Michael Christovich alleges claims and damages for loss of use.[40] However, Michael Christovich did not timely provide sufficient evidence to support its claims pursuant to the Court's approved forms, at the deposition, or following the deposition. In fact, Christovich testified that "I don't really know that loss of enjoyment, I didn't know where that figure came from."[41] Further, despite making a claim for more than $200,000 based on the representation that the Property was "partially remediated,"[42] Plaintiffs have provided no documentation to support these costs.[43]

Christovich bears the burden at trial to prove their claims and damages and the evidence provided is insufficient, not colorable, and not probative meet their burden under any standards.[44] Where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[45] Because there is

---

[40] Exhibits A and B (Plaintiffs' Submissions).
[41] Exhibit D, Christovich deposition p. 11:1-2.
[42] See Exhibit A, Christovich SPPF p. 4.
[43] See Exhibit D, Deposition of Christovich at 37:1-22.
[44] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986); *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993); *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)); *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[45] *Id.* at 322.

a complete absence of documents, support, or evidence for the loss of use or remediation costs, summary judgment should be granted in favor of defendants.

## III.    CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to Michael Christovich and Carlisle Place, LLC, their claims are time-barred, the facts do not support claims against the Knauf Defendants, and there is no genuine issue material fact preventing summary judgment.  Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,
**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email:     kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 18th day of March, 2020.

/s/ *Kerry J. Miller*

**KERRY J. MILLER**