UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| This document relates to:<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY 1329 GUM, JACKSON LAND TRUST**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Plaintiff, 1329 Gum, Jackson Land Trust ("1329 Gum"), against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

    **A.      MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes.[1] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

---

[1] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), aff'd, 742 F.3d 576 (5th Cir. 2014).

[2] *See* Order, Rec. Doc. No. 16570 at 3-4.

### B.     The Bennett Complaint and 1329 Gum

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

1329 Gum first appeared as a plaintiff in the *Bennett* Complaint on September 26, 2018, after moving to intervene as a claimant on September 10, 2018.[3] 1329 Gum is now a plaintiff in the operative Fifth Amended Complaint and has made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in its former property located at 1329 Gum Street, Ocean Springs, Mississippi 39564 (the "Property"). Daniel Adrian Triplett ("Triplett") is the Trustee of 1329 Gum, as well as the Beneficiary of 1329 Gum, and was deposed on behalf of 1329 Gum on December 9, 2019.[4]

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiff and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Triplett, on behalf of 1329 Gum, completed, and the former trustee signed under penalty of perjury, a PPF on August 31, 2018,[5] a SPPF on August 31, 2018,[6] and a PFS on February 6, 2019.[7]

---

[3] Rec. Docs. 21770, 21796-97.
[4] Deposition of Daniel Adrian Triplett ("Triplett Depo.") at 9:19-25, 10:1-18.
[5] Triplett Depo. at 10:19-25, 11:1-25, 12:1-17; Exhibit 1 to Triplett Depo. (attached as Exhibit A).
[6] Triplett Depo. at 13:8-25, 14:1-18; Exhibit 2 to Triplett Depo. (attached as Exhibit B).
[7] Triplett Depo. at 14:19-25, 15:1-18; Exhibit 3 to Triplett Depo. (attached as Exhibit C).

Plaintiff 1329 Gum purchased the Property on June 1, 2007.[8] The Property had been damaged by Hurricane Katrina in 2005 and renovated thereafter.[9] Triplett believes that Chinese drywall was installed in the Property owned by 1329 Gum sometime after Hurricane Katrina.[10] Triplett has never lived on the Property and it was occupied by tenants for about twelve years, until approximately March or April of 2018.[11]

Triplett stated that the Property went through foreclosure and was purchased from foreclosure in January of 2019; it was occupied by tenants of the new owner as of September of 2019.[12] 1329 Gum no longer holds an ownership interest in the Property due to the foreclosure and subsequent sale.[13]

## II.     Legal Standard for Rule 56 Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[16] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-

---

[8] Triplett Depo. at 16:15-25, 17:1-4; Ex. C (Warranty Deed, Attachment to SPPF).
[9] Triplett Depo. at 26:20-25, 27:1-12.
[10] *Id.* at 26:20-25, 27:1-12.
[11] *Id.* at 27:17-25, 30:1-24, 41:25, 42:1.
[12] *Id.* at 23:9-25, 24:1-25, 25:1-6.
[13] *Id.* at 48:24-25, 49:1-14.
[14] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[15] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[16] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[17]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[18] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[19] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[20] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[21]

### III. Lack of Standing Argument

Under Mississippi law, a debtor retains legal interest in property until default, at which time the mortgagee acquires title to the property and the right of possession, subject to the debtor's right to redeem the property prior to a foreclosure sale.[22] A valid foreclosure sale, however, divests the debtor of legal and equitable interest in the foreclosed property.[23] This Court has previously

---

[17] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[18] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)).
[19] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[20] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[21] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[22] *See* Rec. Doc. 22615 at 40; *see also Anderson v. Kimbrough*, 741 So.2d 1041, 1047 (Miss. Ct. App. 1999).
[23] Rec. Doc. 22615 at 40; *see also Moore v. Marathon Asset Mgmt.*, LLC, 973 So. 2d 1017, 1021 (Miss. Ct. App. 2008 (holding that a debtor was divested of all interest in foreclosed property when the redemption period expired); *Landmark Am. Ins. Co. v. Gatchell,* No. 11-CV-189-KS-MTP, 2015 WL 1806843, at *3 (S.D. Miss. Apr. 21, 2015) ("After a foreclosure sale, the debtor is divested of all legal and equitable interest in the foreclosed property."); *Pepper v. Homesales, Inc.*, No. 08-CV-344, 2009 WL 544141, at *5 (S.D. Miss. Mar. 3, 2009) (holding that a valid foreclosure sale "extinguished any rights Plaintiff had in the Property"); *Peoples Bank & Tr. Co. & Bank of Mississippi v. L & T Developers, Inc.*, 434 So. 2d 699, 708 (Miss.), *judgment corrected sub nom. Peoples Bank &*

dismissed claims in this matter on the basis of foreclosure under Mississippi law and should not hesitate to act consistently with that ruling herein.[24]

Triplett, as the trustee and beneficiary of 1329 Gum, stated that the Property went through foreclosure and was purchased (by an individual or entity other than 1329 Gum) from foreclosure in January of 2019.[25] It was occupied by tenants of the new owner as of September of 2019.[26] As of January of 2019, 1329 Gum no longer held an ownership interest in the Property due to the foreclosure and subsequent sale.[27] Accordingly, "[i]t is undisputed that [1329 Gum's] property was sold in foreclosure in [2019]. … Under Mississippi law, [it] lost any interest in the property at that time, and accordingly does not have standing to bring these claims."[28] 1329 Gum's claims must be dismissed.

## IV.  Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as 1329 Gum, the facts do not support any claims against the Knauf Defendants. 1329 Gum cannot substantiate any of the facts forming the basis of the claims against the Knauf Defendants, and there is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing its claims with prejudice.

---

*Tr. Co. v. L & T Developers, Inc.*, 437 So. 2d 7 (Miss. 1983) (noting that a perfect foreclosure "cuts off the equity of redemption and any other rights in and to the property").

[24] Rec. Doc. 22615 at 40-41.
[25] Triplett Depo. at 23:9-25, 24:1-25, 25:1-6.
[26] *Id.* at 23:9-25, 24:1-25, 25:1-6.
[27] *Id.* at 48:24-25, 49:1-14.
[28] Rec. Doc. 22615 at 41.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:     504.310.0279
Email:           kmiller@fishmanhaygood.com

*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 18th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**