# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | **JUDGE ELDON FALLON** |
| **Case No. 14:cv-2722** | **MAGISTRATE JOSEPH WILKINSON, JR.** |

## SUPPLEMENTAL MEMORANDUM IN RESPONSE TO COURT ORDER AND REASONS REGARDING JOSHUA KELLEY

On March 6, 2020, the Court issued an Order and Reasons on several motions for summary judgment filed by the Knauf Defendants. With respect to the Motion for Summary Judgment filed against Joshua Kelley (Rec. Doc. 22523), the court ordered additional evidence regarding the status of the Knauf Class Action Settlement claim filed by Joshua Kelley to determine whether res judicata applies. The Knauf Defendants are hereby submitting supplemental evidence in the form of a detailed declaration executed by Jacob Woody on behalf of BrownGreer, PLC, the claims administrator for the Knauf Class Settlement Agreement.

The Court required additional evidence because Mr. Kelley, in his Opposition Memorandum, stated that there should be no res judicata effect because a prior property owner registered a claim in the Global Settlement for Mr. Kelley's address.[1] Mr. Woody's declaration attached hereto makes clear there is no prior property owner associated with Mr. Kelley's house.

---

[1] *See* Rec. Doc. 22615 at p. 21 (citing Kelley's Opposition, Rec. Doc. 22577 at p. 17).

As Mr. Woody sets forth in his declaration, paragraph 3 and 4: "On May 17, 2013, Joshua C. Kelley ("Mr. Kelley") submitted an online registration form to the BrownGreer portal for the property located at 160 Blair Circle, Pell City, AL 35125. (*See* attached Exhibit A)" and "Joshua Kelley's claim is the only claim that BrownGreer has on file for the property located at 160 Blair Circle, Pell City, AL 35125."

Kelley's assertions about prior owners is a pure fabrication and does not create a disputed factual issue.

Mr. Woody's declaration then details extensive efforts on the part of BrownGreer for two years, going back and forth with Mr. Kelley, attempting to process his claim. In summary, BrownGreer would request information and Mr. Kelley would provide a piecemeal response. By the time BrownGreer stopped processing claims in 2015, Mr. Kelley had not provided all of the required information. Accordingly, Mr. Kelley's claim was denied as deficient.

That ultimate denial does not change the fact that Mr. Kelley timely submitted a claim in the Knauf Class Action settlement, including specifically selecting "Knauf" as the class settlement that he was applying for.[2] Notably, the claim form signed by Mr. Kelley was signed subject to penalty of perjury and dated September 26, 2013.[3] Mr. Kelley went so far as to submit a picture of Knauf drywall in his home in an attempt to cure his claim.[4] Finally, as Mr. Woody points out in his declaration, BrownGreer handled dozens of other Chinese Drywall settlement claims similar to Joshua Kelley's insofar as the claimants submitted a valid and timely claim, but the claims were not paid because the claimants failed to submit all required backup documentation.[5]

---

[2] *See* Woody Declaration, ¶ 8.
[3] *See* Woody Declaration, ¶ 9.
[4] *See* Woody Declaration, ¶ 17.
[5] *See* Woody Declaration, ¶ 23.

Mr. Woody's declaration makes clear that there is no material fact in dispute as to whether or not Mr. Kelley's claim was released by the Knauf Class Action Settlement Agreement.

Section 5 of the Knauf Settlement Agreement governs releases. In particular, Section 5.1 provides that a "released claim" is "any and all claims of any kind and nature whatsoever of a Class Member…arising out of…Chinese Drywall…including, but not limited to, any and all claims that a Class Member…or anyone claiming by or through [a Class Member], has, many have, or may have had." Section 5.2 further provides, "as of the Effective Date of the Settlement, each Class Member and any person or entity claiming by, through and/or on behalf of a Class Member, hereby fully, finally and forever discharges any and all Released Claims." R. Doc. 16407-3 at 57.

Accordingly, it is clear that there is no issue with respect to a prior owner regarding Mr. Kelley's property and likewise, there is no issue with the claim against the Global Settlement. Joshua Kelley made claims against the Knauf Class Action Settlement and is barred by the release provisions in that Settlement Agreement.

As a final note, Mr. Woody's declaration makes clear that Joshua Kelley and Ernest Hamilton's claims are barred by the statute of limitations. Kelley submitted a claim under penalty of perjury to the Knauf Class Action Settlement on September 26, 2013. This submission under penalty of perjury constitutes actual knowledge. Kelley and Hamilton filed their claims on January 30, 2016 which is more than two years after they submitted a claim under penalty of perjury to the Knauf Class Action Settlement in September of 2013.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:         kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 19th day of March, 2020.

/s/ *Kerry J. Miller*

**KERRY J. MILLER**