UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
OMNIBUS MOTION FOR SUMMARY JUDGMENT
OF CLAIMS ASSERTED BY
ARROWHEAD INVESTMENTS, LLC AND DR. PETER WALIMIRE**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Arrowhead Investments, LLC and Dr. Peter Walimire (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

**I.     Factual and Procedural Background**

  **A.     *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese-manufactured drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese-manufactured drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese-manufactured drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese-manufactured drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

### B.     *The Bennett Complaint and Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

In conducting discovery in this MDL and in the Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Plaintiffs each completed and submitted a PPF, SPPF, and PFS.[2] The documents were completed under penalty of perjury.

Arrowhead Investments, LLC is listed as a plaintiff in Plaintiffs' First Motion to Intervene, filed September 10, 2018,[3] and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the property located at 19 Money Hill Lane, Poplarville, MS 39470 (the "Arrowhead Property"). Yet, Arrowhead Investments, LLC released and assigned its claims for Chinese drywall at the Arrowhead Property to Mr. Christopher Payton.[4]

> Q:   So my question was, did you release and assign your claims for Chinese drywall at 19 Money Hill Lane? When I say "you," I mean Arrowhead Investments, LLC to a third party.
>
> A:   As I understand it, yes.[5]

\*     \*     \*

---

[2] Exhibit A (Arrowhead Investments, LLC PPF, SPPF, and PFS); Exhibit B (Walimire PPF, SPPF, and PFS).
[3] R. Doc. 21770.
[4] Exhibit C, Green Deposition at 34-40 and Exhibit 3, Assignment of Claims Agreement, attached thereto.
[5] Exhibit C, Green Deposition at 36:19-23.

> Q: So, this agreement, again, the intent of it was to, in fact, release and assign the claims of Arrowhead Investments, LLC for Chinese drywall at 19 Money Hill Lane to Mr. Christopher Payton?
>
> A: Yes.[6]

The Assignment of Claims Agreement specified in part that Arrowhead Investments LLC "assigns and transfers to Buyer *all* claims that may be possessed, both filed and unfiled, related to the Chinese-manufactured drywall identified on this property which is contained within the structure."[7]

Next, Dr. Peter Walimire is listed as a plaintiff in Plaintiffs' Fifth Amended Complaint, filed May 14, 2018,[8] and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese-manufactured drywall installed in the property located at 3589 Malagrotta Circle, Cape Coral, Florida 33909 (the "Walimire Property"). However, payment for Chinese drywall remediation for the Walimire Property was provided in 2012, and the prior owner authorized the remediation and provided a release.[9] Despite production of settlement and release documents with respect to the Walimire Property, Plaintiff insisted on conducting the deposition in Fort Myers, FL only to cancel the deposition on the scheduled date when the prior settlement and release was brought to the attention of Plaintiff's counsel and orally stated Walimire would be dismissed. To date, the Walimire claim has not yet been dismissed.

---

[6] *Id.* at 40:18-22.
[7] *Id.* at Exhibit 3 p. 3 (emphasis added).
[8] R. Doc. 21334.
[9] Exhibit D, Remediation Invoice, Wire Confirmation, Chinese Drywall Work Authorization Agreement for the Walimire Property, and General Release.

**II.     Law & Argument**

   *A.     Legal Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[12] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[14] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[15] Furthermore, "[d]iscovery is not a

---

[10] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[11] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[13] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[14] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[15] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

5

prerequisite to the disposition of a motion for summary judgment."[16] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[17]

### B. The Plaintiffs Claims Should be Dismissed

There is no genuine issue of material fact and the claims of Arrowhead Investments, LLC and Dr. Peter Walimire should be dismissed.

First, there is no dispute that Arrowhead Investments, LLC released and assigned its claims for Chinese drywall at 19 Money Hill Lane to Mr. Christopher Payton.[18]

> Q: So my question was, did you release and assign your claims for Chinese drywall at 19 Money Hill Lane? When I say "you," I mean Arrowhead Investments, LLC to a third party.
>
> A: As I understand it, yes.[19]
>
> \*   \*   \*
>
> Q: So, this agreement, again, the intent of it was to, in fact, release and assign the claims of Arrowhead Investments, LLC for Chinese drywall at 19 Money Hill Lane to Mr. Christopher Payton?
>
> A: Yes.[20]

The Assignment of Claims Agreement specified in part that Arrowhead Investments LLC "assigns and transfers to Buyer *all* claims that may be possessed, both filed and unfiled, related to the

---

[16] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[17] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[18] Exhibit C, Green Deposition at 34-40 and Exhibit 3, Assignment of Claims Agreement, attached thereto.

[19] *Id.* at 36:19-23.

[20] *Id.* at 40:18-22 (emphasis added).

Chinese-manufactured drywall identified on this property which is contained within the structure."[21] Accordingly, Arrowhead Investments, LLC claims should be dismissed.

Similarly, Dr. Peter Walimire claim's should be dismissed because payment for Chinese drywall remediation for the Walimire Property was provided in 2012, and the prior owner authorized the remediation and provided a release.[22]  Indeed, after disagreements on discovery location, Walimire was set for deposition in Ft. Myers, FL pursuant to this Court's order and was later canceled on the day of the deposition when the settlement and release were again brought to the attention of Plaintiff's counsel.  Despite the cancellation and assertion that Walimire would be dismissed, the claims remain pending.  Therefore, pursuant to the prior settlement agreement and release, Walimire's claims were released through the prior owner and should be dismissed.

### III. CONCLUSION

There is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims of Arrowhead Investments, LLC and the claims of Dr. Peter Walimire with prejudice.

---

[21] *Id.* at Exhibit 3 p. 3.
[22] Exhibit D, Remediation Invoice, Wire Confirmation, Chinese Drywall Work Authorization Agreement for the Walimire Property, and General Release.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co. Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 24th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**