

## Projekt Alligator
## Zahlungsfreigabe

| Abteilung Finanzen und Controlling | | Datum |
|---|---|---|

Herren Stürmer, Christmann

27.03.2012

| Kopie an : |
|---|

Herren Schanow, Eumann, Böhm

| Homebuilder/Zahlungsempf. |
|---|

Hansen Homes Batch 12

| Sqft - Angaben | Zahlung USD laut Hansen Home | Wertung | Häuser | Adresse | | | | Objekt ID |
|---|---|---|---|---|---|---|---|---|
| 2543 | 63575,00 | 4_KPT confirmed | 1 | 3712 SW 2nd Lane | Cape Coral | FL | 33991 | me_15617 |
| 3.151 | 78775,00 | 4_KPT confirmed | 1 | 3589 Malagrotta Circle | Cape Coral | FL | 33909 | me_15616 |
| 5.694 | $ 142.350,00 | | Häuser  TOTAL | | USD 142.350,00 | | | |

**Zahlungsfreigabe**

Dr. Schütz          Herr Schanow                    Herr Eumann

**Evaluation Group**

Herr Lindenmayr

**Zahlungsfreigabe Geschäftleitung Knauf Gruppe**

Herr Grundke          Herr Binnemann

**Verification Group**

Frau Helfer / Frau Michel

Projektabwicklung / Projektkoordination : A.Lindenmayr -496                    27.03.2012

# Hansen Homes Invoice and Wiring Instructions

1436 SE 16th Place
Cape Coral, Florida 33990
239-458-2100
Federal Tax ID#:  65-0494291

**RE:  Kanuf Chinese Drywall Settlement Payment For Batch #12**

|  | Sq. Ft. to Remediate | Cost Per Sq. Ft | Cost Per Home |
|---|---|---|---|
| 1 Maritime & RJJ - 3712 SW 2nd Ln, CC 33991✔ | 2.543 | $25,00 | $63.575,00 |
| 2 Barnhart - 3589 Malagrotta Cir, CC  33909 ✔ | 3.151 | $25,00 | $78.775,00 |

**TOTAL PAYMENT FOR THIS INVOICE**            **$142.350,00**

**Date Submitted    03.09.12**

**WIRING INSTRUCTIONS**
SunTrust Bank
2139 Del Prado Blvd
Cape Coral, FL 33990 (239) 574-7936

Wire to:  Hansen Homes
Acct #: 0037002512734
Routing #: 061000104

# KNAUF ENGINEERING

## Project Alligator
## EVALUATION - REPORT

Law Firm:

Frilot

Copy

Dr. Schütz

Homebuilder - Supplier

Hansen Homes Batch 12

| Date |
|------|
| March 19, 2012 |

| No. | Home-owner | Address | | | Square footage | | | | | Type of Inspection | Renovation status | CDW Symptoms | Evaluation as per Benchmark Report | | Object ID |
|-----|-----------|---------|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | assessor living") | assessor with garage") | Benchmark | gross") | Hansen | net") | | | | | | |
| 1 | Maritime Properties, Inc. and & RJJ Homes, LLC | 3712 SW 2nd Lane | Cape Coral | FL | 33991 | 2016 | 2543 | 2016 | 2543 | 2543 | | Benchmark | unremediated | Yes | KPT | 91.00% | me_15817 |
| | | | | | | | | | | | | | | | Chinese others | - | |
| | | | | | | | | | | | | | | | National Gypsum | - | |
| | | | | | | | | | | | | | | | Knauf others | 9.00% | |
| | | | | | | | | | | | | | | | Domestic | - | |
| | | | | | | | | | | | | | | | Unknown | - | |
| 2 | Barnhart, Brian | 3550 Malagretta Circle | Cape Coral | FL | 33909 | 2743 | 3151 | 2743 | 3151 | 3151 | | Benchmark | unremediated | Yes | KPT | 18.00% | me_15816 |
| | | | | | | | | | | | | | | | Chinese others | - | |
| | | | | | | | | | | | | | | | National Gypsum | - | |
| | | | | | | | | | | | | | | | Knauf others | - | |
| | | | | | | | | | | | | | | | Domestic | 54.00% | |
| | | | | | | | | | | | | | | | Unknown | 28.00% | |

Projektabwicklung / Projektkoordination : A.Lindenmayr -496

19.03.2012

| TOTAL | ADDRESSES | |
|---|---|---|
| KPT | 2 | 54.50% |
| Chinese others | | 0.00% |
| National Gypsum | 0 | 0.00% |
| Knauf others | 1 | 4.50% |
| Domestic | 1 | 27.00% |
| unknown | 1 | 14.00% |
| TOTAL: | | 100.00% |

| Total homes | 2 |
|---|---|
| Homes with KPT | 2 |

Knauf cases in litigation

0 addresses found

Previously paid by Knauf

0 addresses found

**Settlement amount by law firm**
(Number of KPT homes minus Knauf cases in litigation, minus previously paid cases)

| KPT total | x | 2 |
| agreed cost per sqft $ | x | 25.00 |
| total square footage net | x | 5.94 |
| Settlement amount | = | $142,350.00 |

Requested payment date by law firm

5/27/12
Date

Signature - Confirmation by law firm

*) _Kyle K. Sapleman_   3/30/12
Name, Signature, Date

*) Please, confirm all data
in this report with your signature

Signature - Processor by Knauf

_Michael T. Michael_   19.03.12
Name, Signature, Date

Signature - Verified by Knauf

_J. Gerber_   19.3.2012
Name, Signature, Date

19.03.2012

Projektabwicklung / Projektkoordination : A.Lindenmayr -496

**Spaulding, Kyle**

| | |
|---|---|
| **From:** | Karell Locay <klocay@aol.com> |
| **Sent:** | Tuesday, March 20, 2012 8:34 AM |
| **To:** | Spaulding, Kyle |
| **Subject:** | Re: Hansen home question |

Kyle

Blue and White end tape is not defective based on the indicia report supplied to us by Knauf.

Thank You
Karell Locay
President
Benchmark Remediation Group LLC.
954-931-6134


-----Original Message-----
From: Spaulding, Kyle <kspaulding@frilot.com>
To: klocay <klocay@aol.com>
Sent: Tue, Mar 20, 2012 9:31 am
Subject: Hansen home question

Karell-Attached is an inspection report for a Hansen home.  Knauf would like you to confirm that, in your opinion, the 28% blue and white endtape is not other defective Chinese board.  Thanks.

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137

## Lindenmayr, Alexander

| | |
|---|---|
| **Von:** | Spaulding, Kyle <kspaulding@frilot.com> |
| **Gesendet:** | Dienstag, 20. März 2012 15:16 |
| **An:** | Lindenmayr, Alexander; Miller, Kerry J. |
| **Cc:** | Schuetz Dr., Alexander |
| **Betreff:** | RE: Evaluation Report Hansen Homes Batch 12 |
| **Anlagen:** | Hansen Batch 12.pdf; Email from KLocay re Hansen batch 12 home.pdf |

Alexander-Attached is the final signed Evaluation Report for Hansen's batch #12.  March 27 is the requested payment date, although it's not actually due until April 6.  Also attached is an email from Karell Locay confirming that the 28% Unknown Drywall is not other defective Chinese board.

Thanks,

Kyle

Kyle A. Spaulding
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504.599.8249
Facsimile: 504.599.8137

---

**From:** Lindenmayr, Alexander [mailto:Lindenmayr.Alexander@knauf.de]
**Sent:** Tuesday, March 20, 2012 5:21 AM
**To:** Spaulding, Kyle; Miller, Kerry J.
**Cc:** Schuetz Dr., Alexander
**Subject:** Evaluation Report Hansen Homes Batch 12

Kyle – attached the final evaluation report for the next addresses of Hansen Homes (Batch#12).
Second address has 28 % Unknown board.
Please confirm all data.

Thanks,

Alexander


**Mit freundlichen Grüßen / Best Regards**

**Knauf Engineering GmbH**

**Projektmanagement Office**

**i.A.**

**Alexander Lindenmayr**
**Am Bahnhof 7, 97346 Iphofen**

**Tel.   +49 9323 31 - 496**
**Fax.   +49 9323 31 - 1081**
**Mobil. +49 151- 42659968**
mailto:lindenmayr.alexander@knauf.de


**Sitz: Iphofen**
**Register: Würzburg HRB 703**

1

**Geschäftsführer: Manfred Grundke, Dr.Alexander Schütz, Theo Seth**

CRC056902

# CHINESE DRYWALL REMEDIATION WORK AUTHORIZATION AGREEMENT

This Chinese Drywall Remediation Work Authorization Agreement (the "WA") by and between Hansen Homes of South Florida, Inc. (also referred to as either "HH" or "Hansen Homes") and BRIAN BARNHART (also referred to as the "H/O") is entered into on this _1_ day of _March_, 2012.

The WA authorizes Hansen Homes to commence and complete the remediation work for the property located at 3589 MALAGROTTA CIR, CAPE CORAL, FL 33909 (the "Property").

The remediation work undertaken by HH will be in accordance with the guidelines published by the Consumer Products Safety Commission and the Department of Housing and Urban Development, dated April 2, 2010 and/or guidelines required by the building department in the jurisdiction where the Property is located.

HH shall perform the repair work so that the same construction quality that existed prior to commencing the repair work also will exist after the completion of the repair work. Upon HH giving written notice to H/O, H/O, its dependents, guests or residents who reside in the home shall have up to 30 days to move-out of the Property, so that HH may commence the repair work. Notwithstanding the 30 days notice, H/O may request for additional time.

H/O represents that it is the owner of the Property to be remediated and that H/O is fully authorized to enter into this WA and bind itself, all dependents who live in the home and any other guests or residents who reside in the home.

As of the date first written above, please indicate your understanding and agreement below.

**HANSEN HOMES OF SOUTH FLORIDA, INC.**          **HOMEOWNER**

_____          _____
Duane M. Davis, Chief Operating Officer          BRIAN BARNHART

## HANSEN HOMES GENERAL RELEASE

This General Release ("Release") is given by BRIAN BARNHART and his successors, assigns, heirs, relatives, agents, privies, executors, attorneys and administrators (collectively "RELEASOR"), in favor of HANSEN HOMES OF SOUTH FLORIDA, INC.; KNAUF PLASTERBOARD (TIANJIN) CO., LTD. ("KPT"), KNAUF PLASTERBOARD (WUHU) CO., LTD., GUANDONG KNAUF NEW BUILDING MATERIAL PRODUCT CO., LTD, KNAUF GIPS KG, GEBR. KNAUF VERWALTUNGSGESELLSCHAFT KG, PT KNAUF GYPSUM INDONESIA, KNAUF INTERNATIONAL GMBH, KNAUF AMF GMBH & CO. KG, KNAUF INSULATION GMBH, and KNAUF DO BRASIL LTDA.(collectively "KNAUF ENTITIES") (collectively the "RELEASED PARTIES").

RELEASOR, in exchange for good and valuable consideration in the form of a repair for allegedly defective Chinese manufactured drywall installed at the Property owned by RELEASOR located at 3589 MALAGROTTA CIR, CAPE CORAL, FL 33909 (also referred to herein as the "Property"), the sufficiency of which is hereby acknowledged, hereby releases, remises, acquits, and forever discharges the RELEASED PARTIES, and all shareholders, officers, directors, employees, agents, predecessors in interest, subsidiaries, associates, successors, assigns, servants, attorneys, insurers, installers, real estate agents, and representatives, of and from all, and any manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, warranties, guarantees, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, liabilities, claims, warranties, claims in any class action settlement agreement(s), claims of defect (both patent and latent and including but not

limited to any claim arising from the presence of alleged defective Chinese manufactured drywall installed in the Property), claims for bodily injury, claims of diminution of home value, and demands whatsoever, in law or in equity (hereinafter referred to as "claims") (including, but not limited to, any claims arising from or relating in any way to the past, present, future remediation, construction, reconstruction, repair or claims for allegedly defective Chinese manufactured drywall manufactured ), known and unknown, which now exist, or may hereafter come into existence, in relation to any indemnity, contribution, subrogation or other third-party claims.

RELEASOR represents and warrants that no other person or entity, including, without limitation, heirs, executors, administrators, financial custodians, lenders, banks, privies, assigns, representatives, attorneys, insurance companies, physicians, hospitals, health care institutions or providers, lien holders, subrogated parties, the Federal and/or state government, Medicare, Medicaid, Social Security, or any other related or affiliated person or entity of any type, has a claim or lien against, or right or interest in, the Property. To the extent any such claims, liens, rights or interests exist, however, RELEASOR agrees to be fully responsible for same and further agrees to indemnify, defend and hold the RELEASED PARTIES harmless for and from any and all such claims, liens, rights, or interests that may be asserted by any person or entity who has, or may be entitled to assert, a claim or lien against, or right or interest in, the drywall remediation of the Property.

This Release will be effective upon the completion of the repair work at the Property and memorialized by the receipt of a final inspection from the building department where the Property is located.  If any, it is agreed that the parties shall bear

their own attorneys' fees and costs and furthermore shall not seek the same from the other.

The parties agree that all information concerning the claims and resolution, including this Release shall be strictly confidential. Should either party breach, or threaten to breach, this confidentiality the other party shall be entitled to temporary or permanent injunctive relief and damages. Nothing in this Release is an admission of either guilt or liability on the part of the RELEASED PARTIES.

This Release constitutes the complete understanding between the parties. Each party has the right to be represented by Counsel and has had an opportunity to examine this Release, and its contents have been deemed sufficient. This Release will, at no time, be construed against either party if confusion arises.

No additional promises or inducements, of any kind, have been made by either party to this Release except as set forth above. Should any provision of this Release be found unenforceable, that provision shall be severed. Any disputes arising from this Release shall be litigated in the State Courts in and for Lee County, Florida. The prevailing party to such litigation shall be entitled to Court Costs and Attorney's Fees.

This Release may be executed in counterparts and when each party has signed a counterpart shall become binding on the parties. Facsimile signatures shall be treated as originals.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have set their hands and seals this 2nd day of *March* 2012.

Witness:

*Diana Owen*

Print Name: *Diana Owen*

*[signature]*

BRIAN BARNHART

STATE OF *Florida*
COUNTY OF *Lee*

The foregoing instrument was acknowledged before me on this 2nd day of *March* 2012, by *Brian Barnhart* who acknowledged himself/herself to me. He/She is personally known to me or has produced a _____ as identification.

[Affix Notary Seal]

Name: *Diana L Owen*
Notary-Public State of *Florida*
Commission No.: *EEO16270*
My Commission Expires: *8-10-14*

DIANA L. OWEN
MY COMMISSION # EE016270
EXPIRES August 10, 2014
(407) 398-0153    FloridaNotaryService.com

CRC056902

# CHINESE DRYWALL REMEDIATION WORK AUTHORIZATION AGREEMENT

This Chinese Drywall Remediation Work Authorization Agreement (the "WA") by and between Hansen Homes of South Florida, Inc. (also referred to as either "HH" or "Hansen Homes") and MARITIME PROPERTIES, INC. & RJJ HOMES, LLC  (also referred to as the "H/O") is entered into on this 2ND day of MARCH , 2012.

The WA authorizes Hansen Homes to commence and complete the remediation work for the property located at 3712 SW 2nd LANE, CAPE CORAL, FL 33991   (the "Property").

The remediation work undertaken by HH will be in accordance with the guidelines published by the Consumer Products Safety Commission and the Department of Housing and Urban Development, dated April 2, 2010 and/or guidelines required by the building department in the jurisdiction where the Property is located.

HH shall perform the repair work so that the same construction quality that existed prior to commencing the repair work also will exist after the completion of the repair work. Upon HH giving written notice to H/O, H/O, its dependents, guests or residents who reside in the home shall have up to 30 days to move-out of the Property, so that HH may commence the repair work. Notwithstanding the 30 days notice, H/O may request for additional time.

H/O represents that it is the owner of the Property to be remediated and that H/O is fully authorized to enter into this WA and bind itself, all dependents who live in the home and any other guests or residents who reside in the home.

As of the date first written above, please indicate your understanding and agreement below.


HANSEN HOMES OF SOUTH FLORIDA, INC.     MARITIME PROPERTIES, INC.

_____           _____
Duane M. Davis, Chief Operating Officer          DANIEL READ, President


                                          RJJ HOMES, LLC

                                          _____

                                          RHONDA RIGSBY, Managing Member

## HANSEN HOMES GENERAL RELEASE

This General Release ("Release") is given by MARITIME PROPERTIES, INC. & RJJ HOMES, LLC and his successors, assigns, heirs, relatives, agents, privies, executors, attorneys and administrators (collectively " RELEASOR"), in favor of HANSEN HOMES OF SOUTH FLORIDA, INC.; KNAUF PLASTERBOARD (TIANJIN) CO., LTD. ("KPT"), KNAUF PLASTERBOARD (WUHU) CO., LTD., GUANDONG KNAUF NEW BUILDING MATERIAL PRODUCT CO., LTD, KNAUF GIPS KG, GEBR. KNAUF VERWALTUNGSGESELLSCHAFT KG, PT KNAUF GYPSUM INDONESIA, KNAUF INTERNATIONAL GMBH, KNAUF AMF GMBH & CO. KG, KNAUF INSULATION GMBH, and KNAUF DO BRASIL LTDA.(collectively "KNAUF ENTITIES") (collectively the "RELEASED PARTIES").

RELEASOR, in exchange for good and valuable consideration in the form of a repair for allegedly defective Chinese manufactured drywall installed at the Property owned by RELEASOR located at 3712 SW 2nd LANE, CAPE CORAL, FL 33991 (also referred to herein as the "Property"), the sufficiency of which is hereby acknowledged, hereby releases, remises, acquits, and forever discharges the RELEASED PARTIES, and all shareholders, officers, directors, employees, agents, predecessors in interest, subsidiaries, associates, successors, assigns, servants, attorneys, insurers, installers, real estate agents, and representatives, of and from all, and any manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, warranties, guarantees, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, liabilities, claims, warranties, claims in any class action settlement agreement(s), claims of defect (both patent and latent and including but not limited to any claim arising from the

presence of alleged defective Chinese manufactured drywall installed in the Property), claims for bodily injury, claims of diminution of home value, and demands whatsoever, in law or in equity (hereinafter referred to as "claims") (including, but not limited to, any claims arising from or relating in any way to the past, present, future remediation, construction, reconstruction, repair or claims for allegedly defective Chinese manufactured drywall manufactured ), known and unknown, which now exist, or may hereafter come into existence, in relation to any indemnity, contribution, subrogation or other third-party claims.

RELEASOR represents and warrants that no other person or entity, including, without limitation, heirs, executors, administrators, financial custodians, lenders, banks, privies, assigns, representatives, attorneys, insurance companies, physicians, hospitals, health care institutions or providers, lien holders, subrogated parties, the Federal and/or state government, Medicare, Medicaid, Social Security, or any other related or affiliated person or entity of any type, has a claim or lien against, or right or interest in, the Property. To the extent any such claims, liens, rights or interests exist, however, RELEASOR agrees to be fully responsible for same and further agrees to indemnify, defend and hold the RELEASED PARTIES harmless for and from any and all such claims, liens, rights, or interests that may be asserted by any person or entity who has, or may be entitled to assert, a claim or lien against, or right or interest in, the drywall remediation of the Property.

This Release will be effective upon the completion of the repair work at the Property and memorialized by the receipt of a final inspection from the building department where the Property is located.  If any, it is agreed that the parties shall bear

their own attorneys' fees and costs and furthermore shall not seek the same from the other.

The parties agree that all information concerning the claims and resolution, including this Release shall be strictly confidential. Should either party breach, or threaten to breach, this confidentiality the other party shall be entitled to temporary or permanent injunctive relief and damages. Nothing in this Release is an admission of either guilt or liability on the part of the RELEASED PARTIES.

This Release constitutes the complete understanding between the parties. Each party has the right to be represented by Counsel and has had an opportunity to examine this Release, and its contents have been deemed sufficient. This Release will, at no time, be construed against either party if confusion arises.

No additional promises or inducements, of any kind, have been made by either party to this Release except as set forth above. Should any provision of this Release be found unenforceable, that provision shall be severed. Any disputes arising from this Release shall be litigated in the State Courts in and for Lee County, Florida. The prevailing party to such litigation shall be entitled to Court Costs and Attorney's Fees.

This Release may be executed in counterparts and when each party has signed a counterpart shall become binding on the parties. Facsimile signatures shall be treated as originals.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the undersigned have set their hands and seals this _2ⁿᵈ_ day of _MARCH_ 2012.

Witness: _____

Print Name: _Robert McRae_

MARITIME PROPERTIES, INC.

_____

DANIEL READ, President

STATE OF _Florida_
COUNTY OF _Lee_

The foregoing instrument was acknowledged before me on this _2_ day of _march_ _Daniel Read_ 2012, by _Daniel Read_ who acknowledged himself/herself to me. He/She is personally known to me ~~or has produced a~~ _____ as identification.

[Affix Notary Seal]

ROBERT ARNALL
MY COMMISSION # EE 019587
EXPIRES: August 28, 2014
Bonded Thru Notary Public Underwriters

Name:_____
Notary-Public State of _____
Commission No.:_____
My Commission Expires:_____

Witness: _____

Print Name: _Robert McRae_

RJJ HOMES, LLC

_____

RHONDA RIGSBY, Managing Member

STATE OF _Florida_
COUNTY OF _Lee_

The foregoing instrument was acknowledged before me on this _2_ day of _March_ 2012, by _Rhonda Nursey_ who acknowledged himself/herself to me. He/She is personally known to me ~~or has produced a~~ _____ as identification.

[Affix Notary Seal]

ROBERT ARNALL
MY COMMISSION # EE 019587
EXPIRES: August 28, 2014
Bonded Thru Notary Public Underwriters

Name:_____
Notary-Public State of _____
Commission No.:_____
My Commission Expires:_____

## ADDENDUM TO CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE

This Addendum to Confidential Settlement Agreement and Limited Release (this "Addendum") is entered into by and Hansen Homes of South Florida, Inc. ("HANSEN") and Knauf Plasterboard (Tianjin) Co., Ltd. ("KPT"), Knauf Plasterboard (Wuhu) Co., Ltd., Guandong Knauf New Building Material Product Co., Ltd, Knauf Gips KG, Gebr. Knauf Verwaltungsgesellschaft KG, PT Knauf Gypsum Indonesia, Knauf International GmbH, Knauf AMF GmbH & Co. Kg, Knauf Insulation GmbH, Knauf do Brasil Ltda. (collectively, "KNAUF") (KNAUF together with HANSEN, the "Parties"). Capitalized terms used but not defined herein shall have the meanings assigned to them in the Settlement Agreement (as defined below).

### RECITALS

WHEREAS, the Parties entered into that certain Confidential Settlement Agreement and Limited Release dated effective as of June 8, 2011 (the "Settlement Agreement").

WHEREAS, the Parties now desire to amend the Settlement Agreement as set forth herein.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which each of the Parties acknowledge, the Parties hereby agree as follows:

### AGREEMENTS

1.     **Amendment to Section 4.2 of the Settlement Agreement**.  Section 4.2 of the Settlement Agreement is hereby replaced in its entirety with the following:

HANSEN shall obtain from the owner of any home referenced in the preceding Section 4.1 executed, valid, unconditional releases, including but not limited to a Work Authorization Agreement, prior to such home being considered an Additional Qualified Settlement Home under this Settlement Agreement.  If after the Effective Date HANSEN enters into Work Authorization Agreements with additional homeowners whose homes contain KPT Board, HANSEN will provide notice prior to KNAUF by the earlier of (i) August 31, 2012 or (ii) the opt-date as set forth in any subsequently entered into settlement agreement between KNAUF and the Plaintiffs' Steering Committee ("PSC") in MDL No. 2047 but in any case at least fifteen (15) days prior to the drywall being removed from the home so that Benchmark can inspect and measure the home.  KNAUF shall pay Benchmark for such inspection if the home meets the "substantial quantities" test set forth above in Section 4.1. If such home does not meet the "substantial quantities" test set forth above in Section 4.1, then HANSEN shall pay Benchmark $500 for such inspection and KNAUF shall pay the remainder of the invoice, if any, for such inspection.  Homes that meet the requirements of this Section 4 will be added to an

431548.1

1



amended <u>Exhibit A</u> upon the written acknowledgment by the Parties. After such written acknowledgment by the Parties, such homes will be considered Additional Qualified Settlement Homes. Notice of any Additional Qualified Settlement Homes shall be received by KNAUF the earlier of (i) August 31, 2012 or (ii) the opt-date as set forth in any subsequently entered into settlement agreement between KNAUF and the PSC in MDL No. 2047. Failure to notify KNAUF shall disqualify any homes discovered after the earlier of (i) August 31, 2012 or (ii) the opt-date as set forth in any subsequently entered into settlement agreement between KNAUF and the PSC in MDL No. 2047, and will not give rise to any obligations by KNAUF under this Settlement Agreement.

2.      <u>Effect on the Settlement Agreement</u>. This Addendum shall be deemed to be an addendum to the Settlement Agreement and the Settlement Agreement, as amended hereby, is hereby ratified, approved and confirmed in each and every respect. All references to the Settlement Agreement therein or in any other document, instrument or agreement shall hereafter be deemed to be references to the Settlement Agreement as amended hereby. In the event of a conflict between the terms of the Settlement Agreement and terms of this Addendum, the terms of this Addendum shall apply.

3.      <u>Governing Law</u>. This Addendum shall be governed and interpreted according to the laws of the State of Florida, regardless of choice of law principles.

4.      <u>Entire Agreement</u>. This Addendum and the Settlement Agreement shall constitute the full and complete agreement and understanding among the Parties and shall supersede any and all prior written and oral agreements concerning the subject matter contained herein. This Addendum may be amended or modified only by a written instrument signed by all the Parties.

5.      <u>Binding Effect</u>. This Addendum shall be binding upon and shall inure to the benefit of the Parties, their respective successors and assigns.

6.      <u>Further Assurances</u>. Each of the Parties agrees to execute such further and additional documents, instruments, and writings as may be necessary, proper, required, desirable, or convenient for the purpose of fully effectuating the terms and provisions of this Addendum.

7.      <u>Counterparts</u>. This Addendum may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The terms of this Addendum shall be effective only upon full execution of this Addendum by the Parties.

*[Signature page follows]*

333898.1

2



IN WITNESS WHEREOF, the Parties have read and understood the terms and conditions of this Addendum, agree to be bound by all of its provisions, and have executed this Addendum on the date shown by their signatures below.

KNAUF PLASTERBOARD (TIANJIN) CO., LTD.

By: _____
Authorized Representative
Print Name: _____

Witness Signature _____

Printed Name
_____
Date

_____
Witness Signature

_____
Printed Name
02/27/12
Date


KNAUF PLASTERBOARD (WUHU) CO., LTD.

By: _____
Authorized Representative
Print Name: _____

Witness Signature _____

Printed Name
_____
Date

_____
Witness Signature

_____
Printed Name
02/27/12
Date

431548.1

1

GUANDONG KNAUF NEW BUILDING
MATERIAL PRODUCT CO., LTD.

By: _____
Authorized Representative
Print Name: SCHNOW    Schük

_____
Witness Signature

Kyle A. Spalding
Printed Name
1/13/12
Date

_____
Witness Signature

Lindenmeyer
Printed Name
02/27/12
Date

KNAUF GIPS KG

By: _____
Authorized Representative
Print Name: SCHNOW    Schük

_____
Witness Signature

Kyle A. Spalding
Printed Name
1/13/12
Date

_____
Witness Signature

Lindenmeyer
Printed Name
02/27/12
Date

338398.1

2

GEBR. KNAUF
VERWALTUNGSGESELLSCHAFT,
KG

By: _____
        Authorized Representative
Print Name: _____

_____
Witness Signature

_____
Printed Name
_____
Date

PT KNAUF GYPSUM INDONESIA

By: _____
        Authorized Representative
Print Name: _____

_____
Witness Signature

_____
Printed Name
_____
Date

_____
Witness Signature

_____
Printed Name
        02/24/12
Date

_____
Witness Signature

_____
Printed Name
        02/24/12
Date

431548.1

3

KNAUF INTERNATIONAL GMBH

By: _____
      Authorized Representative
Print Name: SCHADOW        Schük

_____
Witness Signature

_____
Printed Name
Date

_____
Witness Signature

Printed Name
Lindermann
Date   02/27/12

KNAUF AMF GMBH & CO. KG

By: _____
      Authorized Representative
Print Name: SCHADOW        Schük

_____
Witness Signature

KYLE A. SPAULDING
Printed Name
1/18/12
Date

_____
Witness Signature

Printed Name
Lindermann
Date   02/27/12

431548.1

4

KNAUF INSULATION GMBH

By: _____
        Authorized Representative
Print Name: _____

_____
Witness Signature

_____
Printed Name

_____
Date

_____
Witness Signature

_____
Printed Name
        02/27/12
Date

KNAUF DO BRASIL LTDA.

By: _____
        Authorized Representative
Print Name: _____

_____
Witness Signature

_____
Printed Name
        1/18/12
Date

_____
Witness Signature

_____
Printed Name
        02/27/12
Date

431548.1

5

HANSEN HOMES OF SOUTH
FLORIDA INC.

By: _____
Authorized Representative

Print Name: DUANE M. DAVES

_____
Witness Signature

ANNE HANSEN
Printed Name

6 DECEMBER 2011
Date

_____
Witness Signature

PAUL HANSEN
Printed Name

6 DECEMBER 2011
Date

431548.1

6