U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAR 23 2020

CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION

CIVIL ACTION
Case 2:09-md-02047-EEF-JCW
SECTION "L" (5)

_____/

## CLAIMANT JUSTIN KELLEY'S APPEAL FROM AND OBJECTION TO DENIAL OF CLAIM

Comes now, Claimant Justin Kelley ("Claimant"), pro se, hereby appeals and objects to the unilateral, incorrect denial of claim issued on February 25, 2020.

### THE CLAIM DENIAL IS ARBITRARY, UNILATERAL, UNSUPPORTED, AND INCORRECT.

On February 12, 2020, prior to the deadline to submit a claim for inclusion in settlement proceeds, Claimant submitted such a claim, explicitly following the instructions listed on https://www.chinesedrywallsettlement.com. On February 25, 2020, Claimant received, by email, a denial of that claim (see attached Exhibit A) that was justified only by two reasons, the first of which is unsupported and unilateral, and the second of which is flatly incorrect. Those reasons were:

1) Product ID – Failure to submit sufficient evidence of covered Chinese Drywall product.
2) Owner Affidavit – You failed to submit a properly signed and notarized owner affidavit.

### A. The Owner Affidavit Denial is Flatly Incorrect; Claimant Submitted a Properly Signed and Notarized Owner Affidavit.

The Owner Affidavit denial is flatly incorrect. Claimant submitted as a part of his claim, a properly signed and notarized Owner Affidavit (see attached Exhibit B). It, in and of itself, should be sufficient to establish Claimant's right to submit a claim. Claimant is a practicing

___ Fee_____
___ Process_____
✓ Dktd_____
___ CtRmDep_____
___ Doc. No._____

member in good standing with the Florida Bar (Florida Bar Number 32106). As an Officer of the Florida Court, Claimant fully understands the penalty of perjury Claimant subjects himself to by signing such a document, and would never jeopardize his license to practice law, much less subject himself to criminal penalties by submitting a false affidavit in any circumstance.

The claim denial may refer to the owner document submitted by my wife, Melissa Kelley, which did not contain a notarization. As explained with the submission, my wife was unable to get the document notarized by the deadline, and her affidavit was being submitted merely to show that she had knowledge the claim was being submitted, not as evidence of the truth of the claim. Significantly, the instructions for submitting a claim contain no indication that all owners of an affected property must submit an Owner Affidavit for each and every owner's claim to be valid. Claimant was an owner of affected property for more than ten years, and was significantly damaged as a result. Claimant's own Owner Affidavit was timely submitted and sufficient. Therefore, the flatly incorrect allegation in the claim denial that Claimant failed to submit a properly signed and notarized Owner Affidavit should be reversed.

### B. The Product ID Denial is Arbitrary and Unsupported.

The Product ID denial is arbitrary and unsupported for multiple reasons. First, the claim submission instructions contain no information whatsoever on exactly what constitutes sufficient evidence of covered Chinese Drywall product; but significantly, the instructions specifically state as follows:

> *You must provide proof of Covered Chinese Drywall based on **one of the following**: photographic indicia, sales or delivery records, chain of custody records, **inspection report[s]**...*

(**Bold** emphasis added; italic/underline emphasis in original). Claimant submitted the only evidence still in his possession after discovery of the covered Chinese Drywall product in 2011.

Specifically, Claimant submitted a Chinese Drywall Product I.D. Inspection Report ("Inspection Report") of the subject property conducted on October 20, 2011 (see attached Exhibit C). The quoted instructions specifically indicate that such a report constitutes sufficient evidence.

The inspection was conducted by, and the Inspection Report was authored by, a non-interested third party, and a Licensed Private Investigator, Mr. Javier Yanes. The Inspection Report lists his credentials, license number and contact phone number. The Inspection Report indicates that it found covered Chinese Drywall product bearing the markings "MADE IN CHINA MEETS OR EXCEEDS ASTMC 1396-04," and that such Chinese drywall was found throughout the property. The Inspection Report was not contradicted or otherwise disproven in any way, and thus, taken with the other documents submitted, including Claimant's Owner Affidavit, should constitute sufficient evidence of covered Chinese Drywall product. The quoted instructions themselves indicate such a report is sufficient. The unilateral conclusion that the Inspection Report is not sufficient is arbitrary and unsupported, and should be reversed.

### **CONCLUSION**

Based on the above, and on the attached supporting documents, all of which were submitted with Claimant's initial Claim, Claimant respectfully requests that this Court reverse the arbitrary, unsupported, unilateral, incorrect denial of Claimant's Claim to participate in the Chinese Drywall settlement proceeds, and for such other relief the Court deems just and appropriate under the circumstances. I hereby certify this Appeal and attachments has been sent by US Mail to the Court and via email to CDWQuestions@browngreer.com on 3/16/2020.

_/s/ Justin J. Kelley — 3-16-20_
Justin J. Kelley, Esq.
Florida Bar No. 32106
373 SW Sun Circle
Palm City, FL 34990
772-210-5797
justinjameskelleyesq@gmail.com

Justin J. Kelley, Esq.
373 SW Sun Cir.
Palm City, FL 34990

U.S. District Court - Re: Chinese Drywall Lit.
Eastern District of Louisiana
500 Poydras St.
Room C-151
New Orleans, LA 70139

7013 3535 9319 0026