UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 SECTION "L" |
| **This document relates to:** *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* Case No. 14:cv-2722 | JUDGE ELDON FALLON MAGISTRATE JOSEPH WILKINSON, JR. |

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Opposition to Plaintiffs' Motion for Extension of Time (R. Doc. 22651) to oppose the Knauf Defendants' motions for summary judgment that have been properly submitted for an April 1 hearing date (R. Docs. 22613, 22628, 22630, 22631, 22632, 22633, 22636, 22637, 22640, 22641).

Federal Rule of Civil Procedure 6(b)(1)(A) provides district courts the discretion to grant extensions of time for good cause shown. FED. R. CIV. P. 6(b)(1)(A); *Doss v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017).  Here, Plaintiffs seek an extension of time without an attempt to show good cause.

Plaintiffs' reliance on Local Rule 7.8 is misplaced as that rule applies to extensions of time to file responsive pleadings and not oppositions to properly submitted motions for summary

judgment. Nor is it correct to style the motion as ex parte or consent. Plaintiffs' counsel never contacted undersigned counsel before filing the instant motion for extension.

The Knauf Defendants are sensitive to the Coronavirus situation we all face. However, the properly submitted motions for summary judgement can and should be timely considered as they do not involve juries or convening in-person hearings. The Wheels of Justice should continue to turn in accordance with administrative orders entered by this Court, which specifically allow and encourage the filing and disposition of legal issues that do not require juries or in-person hearings.

Moreover, the motions for summary judgment set for April 1 should be governed by the law of the case doctrine as they implicate legal issues, notably prescription/statute of limitations based on actual knowledge and the subsequent purchaser doctrine, previously ruled on by the Court in this case. (R. docs. 22615 & 22586). The table below summarizes how the motions set for hearing on April 1 relate to this Court's prior rulings on prescription/statute of limitations and subsequent purchaser:

| Motion for Summary Judgment | Rec. Doc. | Court's Prior Holding: |
|---|---|---|
| Omnibus Motion for Summary Judgment (Louisiana Subsequent Purchasers) | 22631 | Previous Ruling granting MSJ on Subsequent Purchasers in Louisiana: R. Doc. 22615 at pp. 22-24. |
| Frank Grande & Suzan Grande, CJ Properties (Texas Claimants) | 22632 | Previous Ruling covering Subsequent Purchaser as to Louisiana law: R. Doc. 22615 at pp. 22-24. Texas subsequent purchaser law is similar to Louisiana's. |
| Michael Ginart and Alice Ginart (Louisiana Claimants) | 22628 | Previous Ruling covering Prescription: R. Doc. 22615 at pp. 25-31. |
| Ronald Pendleton and Bernice Pendleton (Louisiana Claimants) | 22637 | Previous Ruling covering Prescription and the LPLA: R. Doc. 22615 at pp. 25, 28-29, 36-38. |
| Toshonia Jackson Armstrong and Martin Armstrong (Texas Claimants) | 22633 | Previous Ruling covering Statute of Limitations as of Louisiana and Mississippi law: R. Doc. 22615 at pp. 25-31. |

| Motion for Summary Judgment | Rec. Doc. | Court's Prior Holding: |
|---|---|---|
| | | Previous Ruling covering Florida Statue of Limitations: R. Doc. 22586 at pp. 17-23. |
| William Foreman (Mississippi Claimant) | 22640 | Previous Ruling on Mississippi's Statute of Limitations: R. Doc. 22615 at pp. 26, 29-30 |
| Dung Nguyen (Mississippi Claimant) | 22641 | Previous Ruling on Mississippi's Statute of Limitations: R. Doc. 22615 at pp. 26, 29-30 |
| Ronald Stanfa and Patricia Stanfa (Alabama Claimant) | 22613 | Previous Ruling covering Statute of Limitations: R. Doc. 22615 at pp. 25-31. |
| Carl Russell and Lynn Russell (Alabama Claimant) | 22613 | Previous Ruling covering Statute of Limitations: R. Doc. 22615 at pp. 25-31. |
| Chien Van Pham and Bich Nguyen (Louisiana Claimant) | 22636 | Previous Ruling covering Statute of Limitations: R. Doc. 22615 at pp. 25-31. |
| MCF Enterprises and CDO Investments (Florida Claimants) | 22630 | Previous Ruling denying Prior Settlement Claims of MCF and CDO: R. Doc. 21838 (Special Master Ruling; R. Doc. 21871 (Court Adoption of Special Master Ruling) |

Finally, to the extent the Court believes telephonic oral argument is beneficial, the Knauf Defendants would be obliged to set up a conference call for April 1 with the Court, its staff and opposing counsel.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0275
Email:          kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 26th day of March, 2020.

              /s/ *Kerry J. Miller*
              **KERRY J. MILLER**