# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re:** **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | |
| ***Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*** | **JUDGE ELDON FALLON** |
| **Case No. 14:cv-2722** | **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION FOR SUMMARY JUDGMENT OF CLAIMS ASSERTED BY JACKELYN AQUIRRE O.B.O HOME AND LAND, INC.; ED BALL AND MARGOT GRAVEL; STEVE BINNS; DAN BLONSKY; CONSUELA BURGOS; TOBI BUTCHER; ISIDRO CALDERON; CDO INVESTMENTS, LLC; MERCEDES AND NICOLE GASPARD; CESAR AND INES JARAMILLO; DOLORES JARVIS; JOHN JUDGE; KEVIN KARPEL; M. ELENA KENDALL AND A&B REAL ESTATE HOLDINGS LLC; CHRISTOPHER AND JULIANNE KOPACH; V. ALETHIA LOCKE-ESBERRY; MARIE LORQUET; M AND M THE CLOSERS, LLC; NANCY AND WILLIAM MANSOUR; KARINA MARTINEZ; MCF ENTERPRISES, INC.; CARL AND ELLEN MOORE; BRUNO ESEBAN ULLAURI PAREDES AND KARINA JANNINE SVOBODA STRAKA; FRED POOL AND RAQUEL DEFIGUEIREDO; OLIVIA AND LES PORCIUNCULA; GLENN PRICE; MARK AND SHERI RIGOPOULOS; BYRON AND FERN ROBBINS; RUBEN DAPENA O.B.O. ANNETTA, LLC; VINCE RUSSO; CARLOS SALABARRIA; SKYLINE GLASS LLC; FRED STOCKTON; MATTHEW TABACCHI O.B.O. ALLSTATE SERVICING, INC.; SHARON TIMMONS; KURT TOLLIVER; ANJALI VAN DRIE; LAURA VEIRA; <u>PETER WALIMIRE; AND MICHAEL ZELENENKI</u>**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Jackelyn Aquirre o.b.o Home and Land, Inc.; Ed Ball and Margot

Gravel; Steve Binns; Dan Blonsky; Consuela Burgos; Tobi Butcher; Isidro Calderon; CDO Investments, LLC; Mercedes and Nicole Gaspard; Cesar and Ines Jaramillo; Dolores Jarvis; John Judge; Kevin Karpel; M. Elena Kendall and A&B Real Estate Holdings LLC; Christopher and Julianne Kopach; V. Alethia Locke-Esberry; Marie Lorquet; M and M the Closers, LLC; Nancy and William Mansour; Karina Martinez; MCF Enterprises, Inc.; Carl and Ellen Moore; Bruno Eseban Ullauri Paredes and Karina Jannine Svoboda Straka; Fred Pool and Raquel DeFigueiredo; Olivia and Les Porciuncula; Glenn Price; Mark and Sheri Rigopoulos; Byron and Fern Robbins; Ruben Dapena o.b.o. Annetta, LLC; Vince Russo; Carlos Salabarria; Skyline Glass LLC; Fred Stockton; Matthew Tabacchi o.b.o. Allstate Servicing, Inc.; Sharon Timmons; Kurt Tolliver; Anjali Van Drie; Laura Veira; Peter Walimire; and Michael Zelenenki (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

## I.    Factual and Procedural Background

### A.    *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.   On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

**B.**     ***The Bennett Complaint and the Plaintiffs.***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs.  The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.

### 1.    Jackelyn Aquirre o.b.o Home and Land, Inc.

Jackelyn Aquirre o.b.o Home and Land, Inc. is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3310 NE 3 Dr., Homestead, FL  (the "Aquirre Property").[2] Acquirre alleges that Chinese drywall was installed in the Aquirre Property in 2006,[3] prior to the date Aquirre subsequently purchased the Aquirre Property on September 5, 2017.[4]

### 2.    Ed Ball and Margot Gravel

Ed Ball and Margot Gravel are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 2464 Silver Palm Road, North Port, FL (the "Ball-Gravel Property").[5] Ball and Gravel allege that Chinese drywall was installed in the Ball-Gravel Property in 2006,[6] prior to the date Ball and Gravel purchased the Ball-Gravel Property on July 30, 2013.[7]

---

[2] *See* Exhibit Aquirre A: SPPF.
[3] *Id.*, Aquirre SPPF at 2.
[4] *See* Exhibit Aquirre B: Warranty Deed.
[5] *See* Exhibit Ball-Gravel A: SPPF.
[6] *Id.*, Ball-Gravel SPPF at 2.
[7] *See* Exhibit Ball-Gravel B: Warranty Deed.

### 3.    Steve Binns

Steve Binns is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1417 SW Devera Place, Port St. Lucie, FL  (the "Binns Property").[8] Binns alleges that Chinese drywall was installed in the Binns Property on May 1, 2006,[9] prior to the date Binns purchased the Binns Property on October 26, 2006.[10]

### 4.    Dan Blonsky

Dan Blonsky is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 8220 SW 60 Court, South Miami, FL (the "Blonsky Property").[11] Blonsky alleges that Chinese drywall was installed in the Blonsky Property in 2008,[12] prior to the date Blonsky purchased the Blonsky Property on January 20, 2009.[13]

### 5.    Consuela Burgos

Consuela Burgos is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 384 Northeast Terrace, Miami, FL (the "Burgos Property").[14] Burgos alleges that Chinese drywall was installed in the Burgos Property in 2006,[15] prior to the date Burgos purchased the Burgos Property on September 30, 2011.[16]

---

[8] *See* Exhibit Binns A: SPPF.
[9] *Id.*, Binns SPPF at 2.
[10] *See* Exhibit Binns B: Warranty Deed.
[11] *See* Exhibit Blonsky A: SPPF.
[12] *Id.*, Blonsky SPPF at 2.
[13] *See* Exhibit Blonsky B: Warranty Deed.
[14] *See* Exhibit Burgos A: SPPF.
[15] *Id.*, Burgos SPPF at 2.
[16] *See* Exhibit Burgos B: Warranty Deed.

### 6.      Tobi Butcher

Tobi Butcher is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4020 Island Lakes Drive, Winter Haven, FL  (the "Butcher Property").[17] Butcher alleges that Chinese drywall was installed in the Butcher Property in 2006,[18] prior to the date Butcher purchased the Butcher Property on June 29, 2007.[19]

### 7.      Isidro Calderon

Isidro Calderon is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3441 SW Haines Street, Port St. Lucie, FL  (the "Calderon Property").[20] Calderon alleges that Chinese drywall was installed in the Calderon Property on April 1, 2005,[21] prior to the date Calderon purchased the Calderon Property on June 13, 2005.[22]

### 8.      CDO Investments, LLC

CDO Investments, LLC is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 25409 Durango Court, Punta Gorda, FL (the

---

[17] *See* Exhibit Butcher A: SPPF.
[18] *Id.*, Butcher SPPF at 2.
[19] *See* Exhibit Butcher B: Warranty Deed.
[20] *See* Exhibit Calderon A: SPPF.
[21] *Id.*, Calderon SPPF at 2.
[22] *See* Exhibit Calderon B: Warranty Deed.

"CDO Property").[23] CDO Investments, LLC alleges that Chinese drywall was installed in the CDO Property in 2006,[24] prior to the date CDO purchased the CDO Property on February 21, 2014.[25]

### 9.     Mercedes and Nicole Gaspard

Mercedes and Nicole Gaspard are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1402 O'Donnell Lane SE, Port St. Lucie, FL (the "Gaspard Property").[26] The Gaspards allege that Chinese drywall was installed in the Gaspard Property in 2006,[27] prior to the date the Gaspards purchased the Gaspard Property on January 31, 2017.[28]

### 10.     Cesar and Ines Jaramillo

Cesar and Ines Jaramillo are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 5301 Nicklaus Drive, Winter Haven, FL  (the "Jaramillo Property").[29] The Jaramillos allege that Chinese drywall was installed in the Jaramillo Property on March 1, 2006,[30] prior to the date the Jaramillos purchased the Jaramillo Property on December 7, 2006.[31]

---

[23] *See* Exhibit CDO A: SPPF.
[24] *Id.*, CDO SPPF at 2.
[25] *See* Exhibit CDO B: Warranty Deed.
[26] *See* Exhibit Gaspard A: SPPF.
[27] *Id.*, Gaspard SPPF at 2.
[28] *See* Exhibit Gaspard B: Warranty Deed.
[29] *See* Exhibit Jaramillo A: SPPF.
[30] *Id.*, Jaramillo SPPF at 2.
[31] *See* Exhibit Jaramillo B: Warranty Deed.

### 11.     Dolores Jarvis

Dolores Jarvis is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1743 Olivia Street, Avon Park, FL (the "Jarvis Property").[32] Jarvis alleges that Chinese drywall was installed in the Jarvis Property in 2006,[33] prior to the date Jarvis purchased the Jarvis Property on November 15, 2007.[34]

### 12.     John Judge

John Judge is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 2618 50th Street West, Lehigh Acres, FL (the "Judge Property").[35] Judge alleges that Chinese drywall was installed in the Judge Property in 2007,[36] prior to the date Judge purchased the Judge Property on February 22, 2008.[37]

### 13.     Kevin Karpel

Kevin Karpel is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 17770 64th Place North, Loxahatchee, FL (the "Karpel Property").[38] Karpel alleges that Chinese drywall was installed in the Karpel Property in 2006,[39] prior to the date Karpel purchased the Karpel Property on May 31, 2013.[40]

---

[32] *See* Exhibit Jarvis A: SPPF.
[33] *Id.*, Jarvis SPPF at 2.
[34] *See* Exhibit Jarvis B: Warranty Deed.
[35] *See* Exhibit Judge A: SPPF.
[36] *Id.*, Judge SPPF at 2.
[37] *See* Exhibit Judge B: Warranty Deed.
[38] *See* Exhibit Karpel A: SPPF.
[39] *Id.*, Karpel SPPF at 2.
[40] *See* Exhibit Karpel B: Warranty Deed.

14.     **M. Elena Kendall and A&B Real Estate Holdings, LLC**

M. Elena Kendall and A&B Real Estate Holdings LLC are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 23205 SW 217 Avenue, Miami, FL (the "A&B Property").[41] M. Elena Kendall and A&B Real Estate Holdings LLC allege that Chinese drywall was installed in the A&B Property in 2007,[42] prior to the date the M. Elena Kendall and A&B Real Estate Holdings LLC purchased the A&B Property on September 17, 2013.[43]

15.     **Christopher and Julianne Kopach**

Christopher and Julianne Kopach are plaintiffs listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 20318 Chestnut Grove Drive, Tampa, FL (the "Kopach Property").[44] The Kopachs allege that Chinese drywall was installed in the Kopach Property in 2006,[45] prior to the date the Kopachs purchased the Kopach Property on January 9, 2009.[46]

16.     **V. Alethia Locke-Esberry**

V. Alethia Locke-Esberry is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 962 SW Haas Avenue, Port St. Lucie, FL (the

---

[41] *See* Exhibit A&B-Kendall A: SPPF.
[42] *Id.*, A&B-Kendall SPPF at 2.
[43] *See* Exhibit A&B-Kendall B: Warranty Deed.
[44] *See* Exhibit Kopach A: SPPF.
[45] *Id.*, Kopach SPPF at 2.
[46] *See* Exhibit Kopach B: Warranty Deed.

"Locke-Esberry Property").[47] Locke-Esberry alleges that Chinese drywall was installed in the Locke-Esberry Property on June 1, 2006,[48] prior to the date Locke-Esberry purchased the Locke-Esberry Property on October 23, 2006.[49]

### 17.   Marie Lorquet

Marie Lorquet is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 284 James Circle, Lake Alfred, FL  (the "Lorquet Property").[50] Lorquet alleges that Chinese drywall was installed in the Lorquet Property in 2006,[51] prior to the date Lorquet purchased the Lorquet Property on April 1, 2012.[52]

### 18.   M and M the Closers, LLC

M and M the Closers, LLC is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1924 CT, Homestead, FL (the "M and M Property").[53] M and M the Closers LLC alleges that Chinese drywall was installed in the M and M Property in 2006,[54] prior to the date M and M the Closers LLC purchased the M and M Property on May 29, 2014.[55]

---

[47] *See* Exhibit Locke-Esberry A: SPPF.
[48] *Id.*, Locke-Esberry SPPF at 2.
[49] *See* Exhibit Locke-Esberry B: Warranty Deed.
[50] *See* Exhibit Lorquet A: SPPF.
[51] *Id.*, Lorquet SPPF at 2.
[52] *Id.*
[53] *See* Exhibit M and M A: SPPF.
[54] *Id.*, M and M SPPF at 2.
[55] *See* Exhibit M and M B: Warranty Deed.

### 19.    Nancy and William Mansour

Nancy and William Mansour are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 8678 Tally Ho Lane, Royal Palm Beach, FL (the "Mansour Property").[56] The Mansours allege that Chinese drywall was installed in the Mansour Property on July 1, 2006,[57] prior to the date the Mansours purchased the Mansour Property on December 26, 2012.[58]

### 20.    Karina Martinez

Karina Martinez is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 23631 SW 112 CT, Homestead, FL (the "Martinez Property").[59] Martinez alleges that Chinese drywall was installed in the Martinez Property in 2006,[60] prior to the date Martinez purchased the Martinez Property on May 31, 2016.[61]

### 21.    MCF Enterprises, Inc.

MCF Enterprises, Inc. is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 8554 Pegasus Drive, Lehigh Acres, FL (the "MCF Property").[62] MCF Enterprises, Inc. alleges that Chinese drywall was installed in the MCF

---

[56] *See* Exhibit Mansour A: SPPF.
[57] *Id.*, Mansour SPPF at 2.
[58] *See* Exhibit Mansour B: Deed.
[59] *See* Exhibit Martinez A: SPPF.
[60] *Id.*, Martinez SPPF at 2.
[61] *See* Exhibit Martinez B: Warranty Deed.
[62] *See* Exhibit MCF Enterprises A: SPPF.

Property in 2006,[63] prior to the date MCF Enterprises, Inc. purchased the MCF Property on November 13, 2013.[64]

### 22. Carl and Ellen Moore

Carl and Ellen Moore are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 5427 Kedgewick Lane, North Port, FL (the "Moore Property").[65] The Moores allege that Chinese drywall was installed in the Moore Property in 2007,[66] prior to the date the Moores purchased the Moore Property on May 1, 2009.[67]

### 23. Bruno Eseban Ullauri Paredes and Karina Jannine Svoboda Straka

Bruno Eseban Ullauri Paredes and Karina Jannine Svoboda Straka are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 5952 SW 102 St., Pinecrest, FL  (the "Paredes-Straka Property").[68] Paredes and Straka allege that Chinese drywall was installed in the Paredes-Straka Property in 2006,[69] prior to the date Paredes and Straka purchased the Paredes-Straka Property on March 8, 2013.[70]

### 24. Fred Pool and Raquel DeFigueiredo

Fred Pool and Raquel DeFigueiredo are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 14531 Coronado Drive, Spring

---

[63] *Id.*, MCF Enterprises SPPF at 2.
[64] *See* Exhibit MCF Enterprises B: Warranty Deed.
[65] *See* Exhibit Moore A: SPPF.
[66] *Id.*, Moore SPPF at 2.
[67] *See* Exhibit Moore B: Warranty Deed.
[68] *See* Exhibit Paredes-Straka A: SPPF.
[69] *Id.*, Paredes-Straka SPPF at 2.
[70] *See* Exhibit Paredes-Straka B: Warranty Deed.

Hill, FL (the "Pool-DeFigueiredo Property").[71] Pool and DeFigueiredo allege that Chinese drywall was installed in the Pool-DeFigueiredo Property Property in 2006,[72] prior to the date Pool and DeFigueiredo purchased the Pool-DeFigueiredo Property on February 16, 2007.[73]

### 25. Olivia and Les Porciuncula

Olivia and Les Porciuncula are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 339 Wilton Avenue, SW, Palm Bay, FL  (the "Porciuncula Property").[74]  The Porciunculas allege that Chinese drywall was installed in the Porciucula Property on June 1, 2005,[75] prior to the date the Porciunculas purchased the Porciuncula Property on September 16, 2005.[76]

### 26. Glenn Price

Glenn Price is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1751 Bobcat Trial, North Port, FL (the "Price Property").[77] Price alleges that Chinese drywall was installed in the Price Property on April 1, 2006,[78] prior to the date Price purchased the Price Property on February 6, 2009 .[79]

---

[71] *See* Exhibit Pool-DeFigueiredo A: SPPF.
[72] *Id.*, Pool-DeFigueiredo SPPF at 2.
[73] *See* Exhibit Pool-DeFigueiredo B: Warranty Deed.
[74] *See* Exhibit Porciuncula A: SPPF.
[75] *Id.*, Porciuncula SPPF at 2.
[76] *See* Exhibit Porciuncula B: Warranty Deed.
[77] *See* Exhibit Price A: SPPF.
[78] *Id.*, Price SPPF at 2.
[79] *See* Exhibit Price B: Warranty Deed.

### 27.     Mark and Sheri Rigopoulos

Mark and Sheri Rigopoulos are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3411 24th Avenue NE, Naples, FL (the "Rigopoulos Property").[80] The Rigopoulous' allege that Chinese drywall was installed in the Rigopoulous Property in 2006,[81] prior to the date the Rigopoulous' purchased the Rigopoulous Property on February 7, 2007.[82]

### 28.     Byron and Fern Robbins

Byron and Fern Robbins are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 421 Chelsea Place Avenue, Ormond Beach, FL (the "Robbins Property").[83] The Robbins allege that Chinese drywall was installed in the Robbins Property in 2006,[84] prior to the date the Robbins purchased the Robbins Property on May 8, 2017.[85]

### 29.     Ruben Dapena o.b.o. Annetta, LLC

Ruben Dapena o.b.o. Annetta, LLC is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 363 NE 30th Avenue, Homestead, FL (the "Annetta LLC Property").[86] Dapena alleges that Chinese drywall was installed in the

---

[80] *See* Exhibit Rigopoulos A: SPPF.
[81] *Id.*, Rigopoulos SPPF at 2.
[82] *See* Exhibit Rigopoulos B: Warranty Deed.
[83] *See* Exhibit Robbins A: SPPF.
[84] *Id.*, Robbins SPPF at 2.
[85] *See* Exhibit Robbins B: Warranty Deed.
[86] *See* Exhibit Annetta LLC A: SPPF.

Annetta LLC Property in 2006,[87] prior to the date Annetta LLC purchased the Annetta LLC Property on April 16, 2014.[88]

### 30.  Vince Russo

Vince Russo is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 9800 Quinta Artesa Way, Unit 105, Fort Myers, FL (the "Russo Property").[89] Russo alleges that Chinese drywall was installed in the Russo Property in 2006,[90] prior to the date Russo purchased the Russo Property on September 27, 2010.[91]

### 31.  Carlos Salabarria

Carlos Salabarria is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 12940 SW 135 St., Miami, FL (the "Salabarria Property").[92] Salabarria alleges that Chinese drywall was installed in the Salabarria Property in 2007,[93] prior to the date Salabarria purchased the Salabarria Property on October 12, 2015.[94]

### 32.  Skyline Glass LLC

Skyline Glass LLC is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 10769 NW 81 Ln, Doral, FL  (the "Skyline Property").[95]

---

[87] *Id.*, Annetta LLC SPPF at 2.
[88] *See* Exhibit Annetta LLC B: Warranty Deed.
[89] *See* Exhibit Russo A: SPPF.
[90] *Id.*, Russo SPPF at 2.
[91] *See* Exhibit Russo B: Warranty Deed.
[92] *See* Exhibit Salabarria A: SPPF.
[93] *Id.*, Salabarria SPPF at 2.
[94] *See* Exhibit Salabarria B: Warranty Deed.
[95] *See* Exhibit Skyline Glass LLC A: SPPF.

Skyline Glass LLC alleges that Chinese drywall was installed in the Skyline Property in 2006,[96] prior to the date Skyline Glass LLC purchased the Skyline Property on January 8, 2018.[97]

### 33.    Fred Stockton

Fred Stockton is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 13095 Montego Street, Spring Hill, FL  (the "Stockton Property").[98] Stockton alleges that Chinese drywall was installed in the Stockton Property in 2006,[99] prior to the date Stockton purchased the Stockton Property on April 12, 2008.[100]

### 34.    Matthew Tabacchi o.b.o Allstate Servicing, Inc.

Matthew Tabacchi o.b.o. Allstate Servicing, Inc. is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1820 NE 30th Court, Anthony, FL (the "Tabacchi Property").[101] Tabacchi alleges that Chinese drywall was installed in the Tabacchi Property in 2006,[102] prior to the date Tabacchi purchased the Tabacchi Property on February 15, 2013.[103]

### 35.    Sharon Timmons

Sharon Timmons is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1820 NE 7th Avenue, Cape Coral, FL (the "Timmons

---

[96] *Id.*, Skyline Glass LLC SPPF at 2.
[97] *See* Exhibit Skyline Glass LLC B: Warranty Deed.
[98] *See* Exhibit Stockton A: SPPF.
[99] *Id.*, Stockton SPPF at 2.
[100] *See* Exhibit Stockton B: Warranty Deed.
[101] *See* Exhibit Tabacchi A: SPPF.
[102] *Id.*, Tabacchi SPPF at 2.
[103] *Id.*

Property").[104] Timmons alleges that Chinese drywall was installed in the Timmons Property in 2006,[105] prior to the date Timmons purchased the Timmons Property on July 22, 2008.[106]

      **36.**    **Kurt Tolliver**

      Kurt Tolliver is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4531 Darwin Boulevard, Port St. Lucie, FL  (the "Tolliver Property").[107] Tolliver alleges that Chinese drywall was installed in the Tolliver Property in 2006,[108] prior to the date Tolliver purchased the Tolliver Property on September 11, 2015.[109]

      **37.**    **Anjali Van Drie**

      Anjali Van Drie is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4101 NW 22nd Street, Cape Coral, FL (the "Van Drie Property").[110] Van Drie alleges that Chinese drywall was installed in the Van Drie Property in 2006,[111] prior to the date Van Drie purchased the Van Drie Property on August 20, 2008.[112]

      **38.**    **Laura Veira**

      Laura Veira is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 14763 SW 35 Lane, Miami, FL (the "Veira

---

[104] *See* Exhibit Timmons A: SPPF.
[105] *Id.*, Timmons SPPF at 2.
[106] *See* Exhibit Timmons B: Warranty Deed.
[107] *See* Exhibit Tolliver A: SPPF.
[108] *Id.*, Tolliver SPPF at 2.
[109] *See* Exhibit Tolliver B: Warranty Deed.
[110] *See* Exhibit Van Drie A: SPPF.
[111] *Id.*, Van Drie SPPF at 2.
[112] *See* Exhibit Van Drie B: Warranty Deed.

Property").[113] Veira alleges that Chinese drywall was installed in the Veira Property in 2006,[114] prior to the date Veira purchased the Veira Property on December 30, 2008.[115]

### 39.    Peter Walimire

Peter Walimire is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 3589 Malagrotta Circle, Cape Coral, FL (the "Walimire Property").[116] Walimire alleges that Chinese drywall was installed in the Walimire Property in 2006,[117] prior to the date Walimire purchased the Walmire Property on July 20, 2016.[118]

### 40.    Michael Zelenenki

Michael Zelenenki is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 4331 Ferrari Drive, Sebring, FL  (the "Zelenenki Property").[119] Zelenenki alleges that Chinese drywall was installed in the Zelenenki Property in 2007,[120] prior to the date Zelenenki purchased the Zelenenki Property on November 25, 2009.[121]

## II.    Law & Argument

### A.    Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[113] *See* Exhibit Veira A: SPPF.
[114] *Id.*, Veira SPPF at 2.
[115] *See* Exhibit Veira B: Warranty Deed.
[116] *See* Exhibit Walimire A: SPPF.
[117] *Id.*, Walimire SPPF at 2.
[118] *See* Exhibit Walimire B: Warranty Deed.
[119] *See* Exhibit Zelenenki A: SPPF.
[120] *Id.*, Zelenenki SPPF at 2.
[121] *See* Exhibit Zelenenki B: Warranty Deed.

matter of law."[122]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[123]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[124]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[125]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[126]  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[127]  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[128] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[129]

---

[122] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[123] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[124] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

[125] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[126] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

[127] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[128] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[129] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary

**B.      *Plaintiffs' Claims are Barred by the Subsequent Purchaser Doctrine.***

Florida law provides that a cause of action arising out of injury to property is personal to the owner and a subsequent purchaser may not pursue the cause of action without an assignment of that cause of action.

> Where the cause of action arises out of an injury to property, that action is personal to the owner of the property and a party who subsequently takes title to the property, without receiving an assignment of that cause of action, may not pursue that cause of action. . . . In order to pursue a cause of action the subsequent purchaser of the property must allege that they became owner of the property after the damage was done and "that by assignment, he became possessed of all rights and causes of action which the original owners possessed."[130]

"When an assignment of interests is involved, the plaintiff must allege a valid assignment of that cause of action." *Llano Fin. Grp., LLC v. Ammons*, 3:16-CV-627/MCR/CJK, 2017 WL 7596921, at *2 (N.D. Fla. June 15, 2017) citing *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 496 (Fla. 3d DCA 1994).

For instance, in *Durrance v. Horner*, 711 So.2d 135 (Fla. Dist. Ct. App.1998), a neighbor piled dirt onto prior owner's fence and the subsequent owner of the property sought damages. Applying the rule above, the court held that the subsequent owner's claims were barred because there was no assignment of that cause of action. *Id.* at 136-37.

As outlined above and condensed in the attached chart,[131] the Plaintiffs above each purchased their respective Property after the alleged defective drywall was installed in the Property. In Plaintiffs' respective deeds, Plaintiffs were not assigned or subrogated to any of the

---

judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[130] *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 496 (Fla. Dist. Ct. App. 1994) citing *Selfridge v. Allstate Ins.,* 219 So. 2d 127, 128 (Fla. 1969)*; and quoting *State Road Dept. v. Bender*, 147 Fla. 15, 2 So.2d 298 (Fla. 1941).

[131] *See* Exhibit C.

prior owners' rights, and no evidence of an assignment or subrogation has been presented.[132] Therefore, Plaintiffs' claims are barred.

Further, this Court should maintain consistency with its prior rulings. Florida law is virtually identical to Louisiana's subsequent purchaser doctrine,[133] which this Court applied to dismiss the claims of Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana.[134] Under the law of the case doctrine, courts show deference to decisions already made in the case they are presiding over. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). The law of the case doctrine developed to maintain consistency and avoid needless reconsideration of matters previously decided during the course of continuing litigation. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (internal quotes and citation omitted); *Copeland v. Merrill Lynch & Co., Inc*., 47 F.3d 1415, 1423 (5th Cir. 1995) (once court of competent jurisdiction decides rule of law, that decision governs the same issues in subsequent stages of the same case); *North Mississippi Communications, Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992) (prior decision followed without re-examination unless evidence substantially different). Here, under this Court's prior ruling, applying virtually identical law to substantially the same facts, there can be no genuine issue of fact such that Plaintiffs claims are barred.

As with Toni Macksey, Ronald and Maria Natal, and Bank of Louisiana, the Plaintiffs' claims here are barred because they each purchased their respective Property after the alleged

---

[132] *See* Warranty Deeds. (Deeds for Lorquet and Tabacchi were not provided. However, no evidence of an assignment or subrogation has been presented).

[133] *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11), 79 So.3d 246, 256-57 (La. 2011). ("an owner of property has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of rights belonging to the owner of the property when the damage was inflicted.")

[134] R. Doc. 22615 at 22-24.

defective drywall was installed and there is no evidence they were assigned or subrogated to any of the prior owners' rights.

## III.    CONCLUSION

For these reasons, this Court should grant summary judgment, dismissing the claims of Jackelyn Aquirre o.b.o Home and Land, Inc.; Ed Ball and Margot Gravel; Steve Binns; Dan Blonsky; Consuela Burgos; Tobi Butcher; Isidro Calderon; CDO Investments, LLC; Mercedes and Nicole Gaspard; Cesar and Ines Jaramillo; Dolores Jarvis; John Judge; Kevin Karpel; M. Elena Kendall and A&B Real Estate Holdings LLC; Christopher and Julianne Kopach; V. Alethia Locke-Esberry; Marie Lorquet; M and M the Closers, LLC; Nancy and William Mansour; Karina Martinez; MCF Enterprises, Inc.; Carl and Ellen Moore; Bruno Eseban Ullauri Paredes and Karina Jannine Svoboda Straka; Fred Pool and Raquel DeFigueiredo; Olivia and Les Porciuncula; Glenn Price; Mark and Sheri Rigopoulos; Byron and Fern Robbins; Ruben Dapena o.b.o. Annetta, LLC; Vince Russo; Carlos Salabarria; Skyline Glass LLC; Fred Stockton; Matthew Tabacchi o.b.o. Allstate Servicing, Inc.; Sharon Timmons; Kurt Tolliver; Anjali Van Drie; Laura Veira; Peter Walimire; and Michael Zelenenki with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:      504.556.5549
Facsimile:      504.310.0275
Email:          kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 26th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**