UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** |
| | **SECTION "L"** |
| **This document relates to:** | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | **JUDGE ELDON FALLON** |
| Case No. 14:cv-2722 | **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF**
<u>**OMNIBUS MOTION FOR SUMMARY JUDGMENT**</u>

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by all Louisiana and Mississippi plaintiffs in Plaintiffs' Fifth Amended Class Action Complaint.  Pursuant to Louisiana and Mississippi law and this Court's previous rulings, Louisiana and Mississippi Plaintiffs claims are limited by the exclusivity of the Louisiana Products Liability Act ("LPLA") and the Mississippi Products Liability Act ("MPLA").  Therefore, for the reasons set forth more fully in the attached Memorandum in Support, Knauf Gips KG and Knauf Plasterboard (Tianjin) Ltd.'s Motion for Summary Judgment should be granted.

**I.      Factual and Procedural Background**

      **A.     *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.  On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence.   On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.   *The Bennett Complaint and Louisiana and Mississippi Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims.  The Fifth Amended Complaint was filed on May 14, 2018. The Fifth Amended Complaint is the operative complaint in this matter.

Following interventions and amendments, the Bennett actions is comprised of 29 Louisiana plaintiff properties and 24 Mississippi plaintiff properties.[2]  All Louisiana and Mississippi Bennett plaintiffs seek to recover for damages caused by the alleged presence of defective Knauf-manufactured Chinese drywall in their homes.  All Louisiana and Mississippi claimants have alleged claims for (1) Negligence, (2) Negligence Per Se, (3) Strict Liability, (4) Breach of Express and/or Implied Warranty, (5) Redhibition (by Louisiana Plaintiffs Against Defendants), (6) Louisiana Products Liability Act (LPLA), (7) Private Nuisance, (8) Negligent Discharge of a Corrosive Substance, (9) Unjust Enrichment, (10) Violation of Consumer Protection Acts, and (11) Equitable and Injunctive Relief and Medical Monitoring.  On March 6, 2020, this Court issued a ruling regarding the exclusivity of the Louisiana Product Liability Act to the Louisiana Bennett Plaintiffs (R. Doc. 22615).

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.
[2] *See* Table of Louisiana and Mississippi Plaintiffs – Exhibit A.

## II. Legal Standards

### A. *Rule 56 Summary Judgment Standard*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[5] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[6]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[7] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[8] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[9] "If it appears that

---

[3] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[4] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[6] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[7] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[8] *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[9] *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[10]

### III.    Argument

#### A.    LPLA Provides Exclusive Claims and Remedies for Louisiana Plaintiffs.

Plaintiffs' non-LPLA claims are barred by the exclusive remedies contained in the LPLA, except as damages in redhibition to the extent damages are provided for the drywall itself or economic losses.  The LPLA, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and explicitly provides that "[a]ttorney's fees are not recoverable under th[e LPLA.]" La. Rev. Stat. §§ 9:2800.52 (LPLA exclusivity) & 2800.53(5) (attorney fees prohibition). "Damage" under the LPLA, however, is a defined term, and it usually does not include "damage to the product itself [or] economic loss." *Id*. § 2800.53(5). Accordingly, the LPLA precludes Plaintiffs' redhibition claim—and, consequently, its entitlement to attorney fees—unless the jury awarded damages to compensate for "damage to [the bolts themselves or] economic loss," which are recoverable in redhibition. *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 900 (5th Cir. 2010); *see id*. § 2800.53(5); *Aucoin*, 984 So.2d at 691 n. 8; *De Atley v. Victoria's Secret Catalogue, LLC*, 876 So.2d 112, 115 (La. App. 4th Cir. 2004).

Here, all Louisiana Bennett plaintiffs seek to recover for damages caused by the alleged presence of defective Knauf-manufactured Chinese drywall in their homes.  Therefore, all Louisiana Bennett plaintiffs' claims fall directly within the scope of the LPLA, which governs the liability of manufacturers with respect to any damage caused by their products. Because the LPLA

---

[10] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

is the exclusive remedy for plaintiffs in this situation, summary judgment must be granted with respect to these Louisiana plaintiffs' non-LPLA claims and redhibition claims.[11]

### B. MPLA Provides Exclusive Remedies for Mississippi Plaintiffs.

The Mississippi Bennett Plaintiffs' non-MPLA claims are barred by the exclusive remedies contained in the MPLA. The Mississippi Supreme Court has previously confirmed the exclusivity of the MPLA with respects to products liability claims. *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015). Indeed, in interpreting and applying the MPLA, the Court has explained that "the MPLA provides the exclusive remedy" for products-liability claims, and "since [the enactment of the MPLA], products-liability claims have been specifically governed by statute, and a claimant, in presenting his case, must pay close attention to the elements of the cause of action and the liability limitations enumerated in the statute." *Id*. In other words, the MPLA has abrogated products-liability claims based on strict-liability or negligence theories, and the MPLA now provides the roadmap for such claims. *Id*.

Here, all Mississippi Bennett plaintiffs seek to recover for damages caused by the alleged presence of defective Knauf-manufactured Chinese drywall in their homes. Therefore, all Mississippi Bennett plaintiffs' claims fall directly within the scope of the MPLA, which governs the liability of manufacturers with respect to any damage caused by their products. Because the MPLA is the exclusive remedy for plaintiffs in this situation, summary judgment must be granted with respect to these Mississippi plaintiffs' non-MPLA claims.

### IV. Conclusion

Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

---

[11] R. Doc. 22615 at pp. 37-38. Defendants note the Court's exception as redhibition claims that will only be viable to the extent the plaintiffs seek recovery for damage to the defective drywall itself or economic loss.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*

**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 26th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**