UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 <br><br> SECTION "L" |
| **This document relates to:** <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> **Case No. 14:cv-2722** | JUDGE ELDON FALLON <br><br> MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
ALTERNATIVE MOTION FOR SUMMARY JUDGMENT ON CLAIMS
ASSERTED BY JAY JINJIANG WANG AND RUBY XIAOCHUN XI**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Plaintiffs, Jay Jinjiang Wang ("Wang") and Ruby Xiaochun Xi ("Xi"), against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint"). The Knauf Defendants note that this motion and memorandum are stated in the alternative, as the Knauf Defendants have already moved for summary judgment dismissing the claims of Wang and Xi with prejudice on the basis that they are precluded by the subsequent purchaser doctrine.[1] To the extent this Court grants that motion in whole or in part as to Wang and Xi, the instant motion and memorandum are moot.

---

[1] *See* Omnibus Motion for Summary Judgment, Rec. Doc. 22631 (filed March 13, 2020).

## I.      Factual and Procedural Background

### A.      MDL 2047 and the Bennett Complaint

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes.[2] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

---

[2] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[3]

### B. The Bennett Complaint and Wang and Xi

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Wang first appeared in this action on January 31, 2016, in one of plaintiffs' earlier motions to amend the complaint.[4] Xi first appeared in the Complaint on October 31, 2019, after moving to intervene as a claimant on October 7, 2019.[5] Wang and Xi are now plaintiffs in the operative Fifth Amended Complaint and have made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in their property located at 4220 Vincennes Place, New Orleans, Louisiana 70125 (the "Property"). Wang and Xi were deposed on November 20, 2019.[6]

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner

---

[3] *See* Order, Rec. Doc. No. 16570 at 3-4.
[4] Rec. Doc. 20020.
[5] Rec. Docs. 22334, 22357-58.
[6] *See* Deposition of Jay Jinjiang Wang ("Wang Depo.") and Deposition of Ruby Xiaochun Xi ("Xi Depo.").

Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiff and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Wang completed and signed, under penalty of perjury, a PPF on June 27, 2015,[7] a SPPF on April 11, 2018,[8] a PFS on January 15, 2019, and an ODA on June 12, 2019.[9] Xi signed only the PPF.[10] Wang testified to the accuracy of each document's content.[11]

Wang and Xi purchased the Property on July 23, 2007.[12] Wang and Xi produced an incomplete version of the July 23, 2007 Cash Sale of the Property but testified that it was in fact a copy of the Cash Sale through which they purchased the Property.[13] The second page of the incomplete Cash Sale produced by Wang and Xi is notarized and signed by Wang and Xi and contains the following standalone clause, printed in bold font: "**This property is sold "AS-IS" with Waiver of Redhibition as per the attached addendum.**"[14]

Wang and Xi did not produce this referenced addendum in the Cash Sale that they produced.[15] However, the Cash Sale and the referenced (but not produced) Addendum are both public records in the Orleans Parish Conveyance Records.[16] The Cash Sale that is filed in the Orleans Parish Conveyance Records is identical in all respects to the Cash Sale produced by Wang and Xi, except that it contains two (2) additional pages, including the referenced Addendum.[17] The Addendum is signed by Wang and Xi and captioned: "**ADDENDUM ANNEXED TO AN ACT OF CASH SALE DATED 07/23/2007 BY DENISE MULLER PALLITTA, WIFE OF/AND**

---

[7] Exhibit 1 to Wang Depo. (attached as Exhibit A).
[8] Exhibit 2 to Wang Depo. (attached as Exhibit B).
[9] Exhibit 3 to Wang Depo. (attached as Exhibit C).
[10] Exhibit 4 to Wang Depo. (attached as Exhibit D).
[11] Wang Depo. at 14:14-25, 15:1-25, 16:1-25, 17:1-25, 18:1-15; Xi Depo. at 6:3-5.
[12] Wang Depo. at 20:5-8.
[13] *Id.* at 19:18-25, 20:1-4; Exhibit 5 to Wang Depo. (attached as Exhibit E).
[14] Ex. E at 2; Wang Depo. at 21:19-25, 22:1.
[15] Ex. E; Wang Depo. at 22:2-6.
[16] Cash Sale and Addendum (attached as Exhibit F).
[17] *Id.*

**VINCENZO PALLITTA TO XIAOCHUN XI, WIFE OF/AND JINJIANG WANG.**"[18] The signed Addendum contains a full waiver of "redhibition pursuant to Louisiana Civil Code Articles 2520, et seq., or for diminution of purchase price pursuant to Louisiana Civil Code Articles 2541, et seq." as to "Seller, Seller's agents and all previous owners thereof …."[19]

Wang testified that the Property was damaged by Hurricane Katrina in 2005 and renovated thereafter, prior to Plaintiffs' purchase.[20] Wang believes that Chinese drywall was installed in the Property during the renovations that took place after Hurricane Katrina and prior to Plaintiffs' purchase.[21] Wang testified that he and Xi moved from the Property in 2010 because of the drywall.[22]

On March 13, 2020, the Knauf Defendants filed a motion for summary judgment to dismiss the claims of Wang and Xi with prejudice, on the basis that they are precluded by the subsequent purchaser doctrine and this Court's prior holding.[23] The Knauf Defendants file the instant motion and memorandum—stated in the alternative—out of an abundance of caution and in light of the April 1, 2020 dispositive motion deadline. However, to the extent this Court grants the Knauf Defendants' previously filed motion in whole, or in part as to Wang and Xi, the instant motion and memorandum are moot.

## II. Legal Standard for Rule 56 Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[18] *Id.* at 3.
[19] *Id.*
[20] Wang Depo. at 24:1-9.
[21] *Id.* at 25:6-14.
[22] *Id.* at 37:10-25, 38:1-16.
[23] *See* Omnibus Motion for Summary Judgment, Rec. Doc. 22631.

matter of law."[24] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[25]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[26] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[27]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[28] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[29] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[30] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[31]

---

[24] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[25] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

[26] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

[27] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

[28] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)).

[29] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

[30] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

[31] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

### III.     Argument

#### A.     Plaintiffs' claims are prescribed or otherwise are barred by the LPLA.

To the extent Plaintiffs' claims are not dismissed on the basis of the subsequent purchaser doctrine, Plaintiffs' claims are prescribed on their face because Wang testified that he and Xi moved out of the Property because of the drywall in 2010, over a year prior to Wang appearing in this lawsuit on January 31, 2016. As to redhibition, under the discovery rule, prescription does not commence against an alleged manufacturer until the date the injured party discovers or should have discovered the facts upon which his cause of action is based.[32] "The principle does not apply if plaintiff's ignorance is attributable to his own willfulness or neglect."[33] "In determining when the plaintiff should have known of the basis for his claim, the focus is on the reasonableness of the plaintiff's action or inaction."[34] "A plaintiff will be deemed to know that which he could have learned through reasonable diligence."[35] In sum, if an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses it, and closes his eyes and ears to the notice before him, the law will hold him as bound by the same.[36]

Wang and Xi purchased the Property on July 23, 2007.[37] Wang testified that the Property was damaged by Hurricane Katrina in 2005 and renovated thereafter, prior to Plaintiffs' purchase.[38] Wang believes that Chinese drywall was installed in the Property during the renovations that took place after Hurricane Katrina and prior to Plaintiffs' purchase.[39] Wang

---

[32] La. Civ. Code art. 2434 (prescription for redhibition); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 395 (E.D. La. 1997) (citing *Corsey v. State Dept. of Corrections*, 375 So. 2d 1319, 1322 (La. 1979)).
[33] *Ford*, 982 F. Supp. at 395 (citing *Corsey*, 375 So. 2d at 1322).
[34] *Id.*
[35] *Id.* at 395-96 (citing *Corsey*, 375 So. 2d at 1322; *Hospital Dist. No 1 v. Alas*, 657 So.2d 1378, 1383 (La. App. 5 Cir. 1995); *La Plaque Corp. v. Chevron U.S.A. Inc.*, 638 So. 2d 354, 356 (La. Ct. App.), *writ denied*, 94-2125 (La. 11/11/94); 644 So. 2d 395; *Beth Israel v. Bartley, Inc.*, 579 So. 2d 1066, 1072 (La. Ct. App.), *writ denied*, 587 So. 2d 696 (La. 1991)).
[36] *Id.* at 396 (internal quotation marks and citations omitted).
[37] Wang Depo. at 20:5-8.
[38] *Id.* at 24:1-9.
[39] *Id.* at 25:6-14.

testified that he and Xi moved from the Property in 2010 "because of the drywall."[40] Wang first appeared in this action on January 31, 2016, in one of plaintiffs' earlier motions to amend the complaint.[41] Xi first appeared in the Complaint on October 31, 2019, after moving to intervene as a claimant on October 7, 2019.[42] Accordingly, Wang and Xi were aware of Chinese drywall in 2010 when they moved out of the Property, over one year prior to appearing in the instant action. Plaintiffs' redhibition claims are prescribed.

The circumstances surrounding Wang and Xi are similar to that of the Martinezes and Powell, whose claims this Court previously dismissed on the same basis.[43] Like the Martinezes and Powell, Wang and Xi had knowledge of the presence of Chinese drywall in their home more than one year before filing their claims and have claimed that they moved out of the Property because of the drywall. This Court should dismiss Plaintiffs' redhibition claims.

As to the remaining claims, under Louisiana law, prescriptive periods are not determined by the label of the cause of action, but are instead determined by the nature of the transaction and the underlying basis of the claim.[44] Therefore, actions that are tort-based claims, including all claims under Louisiana law in the Fifth Amended Complaint, are subject to a one-year liberative prescription period under La. Civ. Code art. 3492.[45] Like the claims in redhibition, the other

---

[40] *Id.* at 37:10-25, 38:1-16.
[41] Rec. Doc. 20020.
[42] Rec. Docs. 22334, 22357-58.
[43] *See* R. Doc. 22615 at 28-30.
[44] *Stewart v. Ruston Louisiana Hosp. Co., LLC*, No. 14-0083, 2016 WL 1715192, at *5 (W.D. La. Apr. 27, 2016) ("In determining the prescriptive period for a cause of action, 'Louisiana courts look to the nature of the duty that has been breached.'") (citations omitted); *see also Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So.2d 192, 194 (La. 1978) ("Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it.").
[45] *Manion v. Pollingue*, 524 So. 2d 25 (La. App. 3 Cir. 1988), *writ denied*, 530 So. 2d 572 (La. 1988) (finding tort claim against administrator for breach of fiduciary duty was "delictual action" and one-year prescriptive period under La. Civ. Code art. 3492 applied); *Gad v. Granberry*, 2007-117 (La. App. 3 Cir. 5/30/07); 958 So. 2d 125, *writ denied*, 2007-1336 (La. 9/28/07); 964 So. 2d 364, and *writ denied*, 2007-1361 (La. 9/28/07); 964 So. 2d 365 (finding purchaser's claims against vendor and real estate company for fraud and misrepresentation were delictual actions and subject to one-year prescriptive period); *Cerullo v. Heisser*, 16-558 (La. App. 5 Cir. 2/8/17); 213 So. 3d 1232, 1237 (fraud and misrepresentation claims were delictual actions and one-year liberative prescription applied);

Louisiana claims relevant to Wang and Xi are prescribed on their face and should be dismissed, with prejudice. This Court previously dismissed the claims of the Martinezes and Powell, and should likewise dismiss the claims of Wang and Xi.[46]

To the extent the claims are not prescribed, they are otherwise barred by the exclusive remedies contained in the LPLA, except as damages in redhibition to the extent damages are provided for the drywall itself or economic losses. The LPLA, which "establishes the exclusive theories of liability for manufacturers for damage caused by their products" and explicitly provides that "[a]ttorney's fees are not recoverable under th[e LPLA.]"[47] "Damage" under the LPLA, however, is a defined term, and it usually does not include "damage to the product itself [or] economic loss."[48] Accordingly, the LPLA precludes Plaintiffs' redhibition claim—and, consequently, their entitlement to attorney fees—unless the jury awarded damages to compensate for "damage to [the bolts themselves or] economic loss," which are recoverable in redhibition.[49]

### B. Plaintiffs waived redhibition claims by knowingly and voluntarily purchasing the Property "as-is" with a waiver of warranty.

Alternatively, to the extent Plaintiffs' redhibition claims are not dismissed based on the subsequent purchaser doctrine, prescription, or the LPLA, they have been waived. Under Louisiana law, a buyer may agree to exclude the warranty against redhibitory defects; however,

---

*Williams v. Nexstar Broad., Inc.*, 11-887 (La. App. 5 Cir. 4/10/12); 96 So. 3d 1195, 1201 (finding claims for defamation are subject to liberative prescription of one year running from the day injury or damage is sustained); *AGEM Mgmt. Servs., LLC v. First Tennessee Bank Nat. Ass'n*, 942 F. Supp. 2d 611, 622 (E.D. La. 2013) (breach of contract based on misrepresentation governed by one-year prescriptive period).
[46] *See* R. Doc. 22615 at 28-30.
[47] La. Rev. Stat. §§ 9:2800.52, 2800.53(5).
[48] *Id*. § 2800.53(5).
[49] *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 900 (5th Cir. 2010); La. Rev. Stat. § 9:2800.53(5).

the terms of the exclusion must be clear and unambiguous and must be brought to the attention of the buyer.[50]

Wang and Xi purchased the Property on July 23, 2007.[51] Wang and Xi produced an incomplete version of the July 23, 2007 Cash Sale of the Property but testified that it was in fact a copy of the Cash Sale through which they purchased the Property.[52] The second page of the incomplete Cash Sale produced by Wang and Xi is notarized, witnessed, and signed by Wang and Xi and contains the following standalone clause, printed in bold font: "**This property is sold "AS-IS" with Waiver of Redhibition as per the attached addendum.**"[53]

Wang and Xi did not produce this referenced addendum in the Cash Sale that they produced.[54] However, the Cash Sale and the referenced (but not produced) Addendum are both public records in the Orleans Parish Conveyance Records.[55] The Cash Sale that is filed in the Orleans Parish Conveyance Records is identical in all respects to the Cash Sale produced by Wang and Xi, except that it contains two (2) additional pages, including the referenced Addendum.[56] The Addendum is signed by Wang and Xi and captioned: "**ADDENDUM ANNEXED TO AN ACT OF CASH SALE DATED 07/23/2007 BY DENISE MULLER PALLITTA, WIFE OF/AND VINCENZO PALLITTA TO XIAOCHUN XI, WIFE OF/AND JINJIANG WANG.**"[57] The signed Addendum contains a full waiver of "redhibition pursuant to Louisiana Civil Code Articles

---

[50] La. Civ. Code art. 2548.
[51] Wang Depo. at 20:5-8.
[52] *Id.* at 19:18-25, 20:1-4; Exhibit 5 to Wang Depo. (attached as Exhibit E).
[53] Ex. E at 2; Wang Depo. at 21:19-25, 22:1.
[54] Ex. E; Wang Depo. at 22:2-6.
[55] Cash Sale and Addendum (attached as Exhibit F).
[56] *Id.*
[57] *Id.* at 3.

2520, et seq., or for diminution of purchase price pursuant to Louisiana Civil Code Articles 2541, et seq." as to "Seller, Seller's agents and all previous owners thereof ...."[58]

Accordingly, Wang and Xi have waived their redhibition claims and/or claims to diminution in the purchase price pursuant to the Addendum to the Cash Sale. Unlike this Court's prior ruling as to Charles and Brousseau,[59] the Addendum provides much broader language as to the waiver. Therefore, to the extent Plaintiffs' redhibition claims are not dismissed based on the subsequent purchaser doctrine, prescription, or the LPLA, this Court should conclude that they have been waived.

## IV. Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as to Wang and Xi, the facts do not support any claims against the Knauf Defendants. Wang and Xi cannot substantiate any of the facts forming the basis of the claims against the Knauf Defendants, and there is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing its claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:   504.556.5549
Facsimile:    504.310.0279
Email:         kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

---

[58] *Id.*
[59] Rec. Doc. 22615 at 38-39.

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 27th day of March, 2020.

                                          */s/ Kerry J. Miller*
                                          **KERRY J. MILLER**