UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: **CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION** | **MDL 2047** <br><br> **SECTION "L"** |
| **This document relates to:** <br><br> *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* <br><br> Case No. 14:cv-2722 | **JUDGE ELDON FALLON** <br><br> **MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
ON CLAIMS ASSERTED BY JEREMY JORDAN**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of its Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Jeremy Jordan against it in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

      **A.**     *MDL 2047 and the Bennett Complaint*

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country,

notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.

    **B.**    ***The Bennett Complaint and the Jordan***

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Jeremy Jordan was first listed as a plaintiff in the original Complaint, filed November 13, 2014.[2] Jeremy Jordan is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 11592 Azalea Trace, Gulfport, MS 39503 (the "Property"). In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Jeremy Jordan completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.[3] The Property was lost in foreclosure in 2018 and was subsequently sold.[4]

**II.**    **Law & Argument**

    **A.**    ***Legal Standard***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] R. Doc. 1.
[3] See Exhibit A.
[4] Exhibit A, Jordan SPPF at p. 3-4; Exhibit B, Deed.

matter of law."⁵  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."⁶

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.⁷  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.⁸

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"⁹  "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."¹⁰  Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."¹¹  "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."¹²

---

⁵ FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

⁶ *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).

⁷ *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).

⁸ *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

⁹ *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.,* 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).

¹⁰ *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

¹¹ *Carder v. Cont'l Airlines, Inc*., 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc*., 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).

¹² *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp*., 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary

### B.     *Jordan's claims were extinguished when the Property was lost in foreclosure.*

In Mississippi, an owner retains legal title to property until default. *Anderson v. Kimbrough*, 741 So. 2d 1041, 1047 (Miss.Ct.App.1999). After default, the mortgagee gains title and right to possession. *Id.* However, the mortgagee holds title subject to the debtor's equity of redemption. *Id.* "It is well established under Mississippi law that "[a]fter a foreclosure sale, the debtor is divested of all legal and equitable interest in the foreclosed property." *Landmark Am. Ins. Co. v. Gatchell*, No. 2:11CV189-KS-MTP, 2015 WL 1806843, at * 3 (S.D. Miss. Apr. 21, 2015) (citing *Moore v. Marathon Asset Mgmt., LLC*, 973 So.2d 1017 (Miss.Ct.App.2008); *see also Pepper v. Homesales, Inc.*, No. 1:08cv344, 2009 WL 544141, at *5 (S.D.Miss. Mar. 3, 2009) (holding that a lawful foreclosure sale extinguished any rights the plaintiff-mortgagor had in the subject property) (citing *Peoples Bank & Trust Co. & Bank of Miss. V. L & T Developers, Inc.*, 434 So.2d 699, 708 (Miss. 1983)).

Further, this Court should maintain consistency with its prior rulings. This Court applied the same law to the similar facts and dismissed the claims of Catherine Baber.[13] Under the law of the case doctrine, courts show deference to decisions already made in the case they are presiding over. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). The law of the case doctrine developed to maintain consistency and avoid needless reconsideration of matters previously decided during the course of continuing litigation. *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 880 (5th Cir. 1993) (internal quotes and citation omitted); *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. 1995) (once court of competent jurisdiction decides rule of law, that decision governs the same issues in

---

judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

[13] R. Doc. 22615 at 40-41.

subsequent stages of the same case); *North Mississippi Communications, Inc. v. Jones*, 951 F.2d 652, 656 (5th Cir. 1992) (prior decision followed without re-examination unless evidence substantially different).

Here, it is undisputed that Jordan lost the property in foreclosure in 2018 when the mortgagee took ownership and possession of the Property and it was sold at auction. At the time the Property was transferred from Jordan, Jordan was divested of all legal and equitable interest in the foreclosed property and his claims in this matter were extinguished by law. Therefore, Jordan's claims should be dismissed.

Further, as more fully addressed in a separate motion to dismiss being filed by the Knauf Defendants, Jordan's claims should be dismissed for failure to comply with discovery.

### III.  CONCLUSION

For these reasons, this Court should grant summary judgment, dismissing the claims of Jeremy Jordan with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:      504.310.0275
Email:            kmiller@fishmanhaygood.com
*Counsel for Defendants,*
*Knauf Gips KG and*
*Knauf Plasterboard (Tianjin) Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 27th day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**