UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| In Re: CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047 |
|---|---|
| | SECTION "L" |
| This document relates to: | |
| *Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al* | JUDGE ELDON FALLON |
| Case No. 14:cv-2722 | MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS ASSERTED BY MICHAEL PHILLIPS; PETER & LIN H. ROBINSON; JEREMY JORDAN; CESAR & INES JARAMILLO; AND ANNETTA, LLC & BACO ANNETTA LLC UNDER <u>RULE 37 OR, ALTERNATIVELY, FOR OTHER SANCTIONS</u>**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure, as to the claims asserted by Michael Phillips; Peter & Lin H. Robinson; Jeremy Jordan; Cesar & Ines Jaramillo; and Annetta, LLC & Baco Annetta LLC (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

      **A.      *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of

construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs,

homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B. *The Bennett Complaint and the Plaintiffs*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Michael Phillips was first listed as a plaintiff in the Fifth Amended Complaint, filed November 13, 2014.[2] Michael Phillips is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 11263 Creek Drive, Gulfport, Mississippi (the "Phillips Property").

Peter Robinson was first listed as a plaintiff in the original Complaint, filed November 13, 2014,[3] and Lin H. Robinson was first listed as a plaintiff in Plaintiff's Second Motion to Intervene, filed October 7, 2019.[4] Peter Robinson and Lin H. Robinson are plaintiffs in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 131 Sea Oaks Drive, Long Beach, MS 39560 (the "Robinson Property").

---

[1] *See* Order, R. Doc. 16570, pp. 3-4.
[2] R. Doc. 21334.
[3] R. Doc. 1.
[4] R. Doc. 22334.

Jeremy Jordan was first listed as a plaintiff in the original Complaint, filed November 13, 2014.[5] Jeremy Jordan is a plaintiff in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 11592 Azalea Trace, Gulfport, MS 39503 (the "Jordan Property").

Cesar and Ines Jaramillo (the "Jaramillos") and Annetta, LLC and Baco Annetta LLC (the "Annetta Entities") were listed as plaintiffs in the Second Amended Complaint filed on January 31, 2016. The Jaramillos have asserted claims for a property located at 5301 Nicklaus Drive, Winter Haven, FL 33884 (the "Jaramillo Property"). The Annetta Entities have asserted claims for a property located at 363 NE 30th Avenue, Homestead, FL 33033 (the "Annetta Property").

In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.[6]

The Knauf Defendants conferred with Plaintiff's counsel and scheduled an inspection of the Phillips Property to take place on September 30, 2019. On that date, the Knauf Defendants' inspector arrived at the Phillips Property at the scheduled time, but access to the Phillips Property was not provided. The Knauf Defendants' inspector noted that the Phillips Property was vacant, and the inspector eventually left the Phillips Property without being able to conduct the inspection.

---

[5] R. Doc. 1.
[6] See Exhibit A (Phillips PPF, SPPF, and PFS); Exhibit B (Robinson PPF, SPPF, and PFS); Exhibit C (Jaramillos PPF, SPPF, and PFS); Exhibit D (Jordan PPF, SPPF, and PFS); and Exhibit E (Annetta Entities PPF, SPPF, and PFS).

Phillips never provided an alternate date for the inspection. Consequently, Phillips has not allowed the Knauf Defendants to inspect the Phillips Property for the purpose of identifying drywall.

The Knauf Defendants have also been unable to depose Phillips. On November 12, 2019, counsel for Phillips advised the Knauf Defendants that Phillips would be available for deposition on December 2, 2019.[7] However, Phillips was ultimately unable to appear on that date. So, the Knauf Defendants conferred with Plaintiff's counsel and issued a second notice for Phillips' to appear for deposition on December 18, 2019,[8] but Michael Phillips ultimately failed to appear for that deposition.

Similarly, the Knauf Defendants have been unable to depose the Robinsons or inspect the Robinson Property. The Knauf Defendants conferred with Plaintiff's counsel and scheduled an inspection of the Robinson Property. However, Plaintiffs' counsel informed the inspector on September 16, 2019, that the inspection would not move forward as scheduled because the Robinsons would be out of the country for the next couple of months. An alternate date for the inspection was never provided. Consequently, the Robinsons have not allowed the Knauf Defendants to inspect the Robinson Property for the purpose of identifying drywall.

The Knauf Defendants have also been unable to depose the Robinsons. Counsel for the Knauf Defendants conferred with Plaintiffs' counsel and proposed that the Robinsons be deposed on December 12, 2019.[9] Receiving no objection as to that date, the Knauf Defendants issued a notice of deposition for the Robinsons to appear on December 12, 2019.[10] However, the Robinsons

---

[7] *See* Exhibit F, November 12, 2019 email from Jimmy Doyle to Kerry Miller attaching a table showing that Phillips was available for deposition on December 2, 2019.

[8] *See* Exhibit G, December 13, 2019 email from Daniel Dysart to James Doyle confirming that Phillips would be available on December 18, 2019; Exhibit H, Re-Notice of Deposition and corresponding email forwarding the same to Plaintiffs' counsel.

[9] *See* Exhibit I, December 10, 2019 email from Daniel Dysart to Jimmy Doyle.

[10] *See* Exhibit J, Robinson Notice of Deposition.

failed to appear on that date. Then, counsel for the Knauf Defendants conferred with Plaintiffs' counsel again, but no availability was provided for the Robinsons' depositions.[11]

Also, The Knauf Defendants have also been unable to depose Jordan. On November 12, 2019, counsel for Phillips advised the Knauf Defendants that Phillips would be available for deposition on November 21, 2019.[12] Plaintiffs' counsel informed the Knauf Defendants that Mr. Jordan would not be available because of certain surgery-related circumstances.[13] Mr. Jordan's deposition did not go forward on the noticed date and, because of the discovery cutoff, his deposition was never taken.[14] Also, the Jordan Property was not available for inspection because the Property had been foreclosed.

With respect to the Jaramillos and the Annetta Entities, Notices of Deposition were properly propounded on November 27, 2019 setting their depositions for December 20, 2019 and December 19, 2019, respectively.[15] These notices were sent after months of attempting to secure deposition dates.[16] On December 13, 2019, Plaintiffs' counsel informed the Knauf Defendants that neither would be available on their respective dates because of certain surgery-related circumstances.[17] Neither the Jaramillos nor the Annetta Entities' depositions went forward on their noticed dates and, because of the discovery cutoff, neither deposition was ever taken.

---

[11] *See* Exhibit G, December 13, 2019 email from Daniel Dysart to Jimmy Doyle.
[12] *See* Exhibit F, November 12, 2019 email from Jimmy Doyle to Kerry Miller.
[13] *See* Exhibit G, December 13, 2019 Email from James Doyle.
[14] *See* Exhibit K, November 18, 2019 Email from James Doyle.
[15] *See* Exhibit L, Re-Notice of Deposition for Jaramillos; Exhibit M, Notice of Deposition for Annetta Entities.
[16] *See* Exhibit N, May 20, 2019 Request from Danny Dysart for Deposition Dates for Annetta; *see also, e.g.*, Exhibit O, July 19, 2019 Email from James Doyle stating that the Date for the Jaramillos Had Not Been Confirmed.
[17] *See* Exhibit G, December 13, 2019 Email from James Doyle.

## II.     Law & Argument

### A.     Sanctions Pursuant to Rule 37

Rule 37(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." *See* FED. R. CIV. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which in turn include "striking pleadings in whole or in part;" "staying further proceedings until the order is obeyed;" and "dismissing the action or proceeding in whole or in part." *See id.* 37(d)(3); *see also id.* 37(b)(2)(A)(iii), (iv), (v).

"A party need not violate a court order before the court can act under Rule 37 to remedy the party's violations of its discovery obligations." *See In re Katrina Canal Breaches Consol. Litig.*, Civil Action No. 05-4182, 2008 WL 4401970, at *9 (E.D. La. Sept. 22, 2008) (Wilkinson, J.). "The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery," including discretion to dismiss a case with prejudice upon "a finding of bad faith or willful conduct" and other factors. *See Quintero v. Balboa Ins. Co.*, Civil Action No. 08-1527, 2009 WL 382506, at *1-2 (E.D. La. Feb. 11, 2009) (Vance, J.) (adopting report and recommendation). In any event, "[i]nstead of or in addition to the[] sanctions [otherwise available under Rule 37], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(d)(3).

**B.     Argument**

The Knauf Defendants first address the Robinsons, Mr. Phillips', and Mr. Jordan's non-compliance, followed by the failures by the Jaramillos and Annetta Entities to attend their properly noticed depositions.

*1.     Robinsons, Phillips, and Jordan*

By failing to make their respective Property available for inspection and failing to appear for their depositions, the Robinsons and Mr. Phillips are obviously delaying discovery and disrupting the course of litigation. The Knauf Defendants therefore ask the Court to exercise its inherent power to impose sanctions.[18] The sanction of dismissal for Plaintiffs' claims is appropriate in this case for several reasons.

The Robinsons and Mr. Phillips' lack of cooperation with discovery is willful, and such willfulness warrants dismissal. The Knauf Defendants have attempted to inspect the Phillips Property and the Robinson Property to no avail. Further, the Knauf Defendants have been similarly unsuccessful in deposing those Plaintiffs.

The sanction of dismissal is not excessive under the circumstances, will ensure compliance with the rules, and will deter future violations by other plaintiffs in this action.[19] Additionally, dismissal is warranted as the Knauf Defendants cannot properly or fairly defend against Plaintiffs' respective claims without being able to depose them. Accordingly, the Robinsons and Mr. Phillips' continued failure to be deposed threatens to interfere with the "rightful decision" of the case so

---

[18] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i).
[19] *See Radford v. Red Jacket Firearms, L.L.C.*, No. 11-561, 2013 WL 636731, at *1 (M.D. La. Jan. 31, 2013), *report and recommendation adopted*, No. 11-561, 2013 WL 636727 (M.D. La. Feb. 20, 2013) (holding dismissal of claims appropriate pursuant to Rule 37).

that the Court cannot be confident that the parties will ever have access to the true facts.[20] As long as Plaintiffs fail to participate, and as long as they remain parties to this lawsuit, the Knauf Defendants have no means by which to discover essential facts needed to defend against their claims.

Essential and discoverable facts have been withheld, and the Court cannot have confidence that its ultimate decision relies upon all of the facts. The Robinsons and Mr. Phillips' failure to cooperate substantially prejudices the Knauf Defendants. Those Plaintiffs have continuously failed to participate in this action and will continue to cause unnecessary delays and expenses while prejudicing the Knauf Defendants.

Lastly, as more fully explained in a separate motion for summary judgment being filed by the Knauf Defendants, the Robinsons claims should be dismissed because they purchased the Robinson Property after they allege the drywall was installed.

Overall, the Robinsons and Mr. Phillips' claims should be dismissed. Alternatively, this Court should impose sanctions it deems appropriate under the circumstances, such as requiring Phillips and the Robinsons to make their respective Property available for inspection and compelling them to each appear for video deposition—each at their own cost.

### 2. The Jaramillos, Annetta Entities, and Mr. Jordan

The record of willful and contumacious conduct with respect to Mr. Jordan, the Jaramillos and Annetta Entities does not necessarily arise from the failure to appear for the properly noticed depositions, but rather from the months-long failure to provide any dates so that their depositions could be taken. As noted, Mr. Jordan, the Jaramillos, and Annetta Entities notified the Knauf

---

[20] *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (plaintiff's claims were dismissed because plaintiff's refusal to cooperate with discovery damaged integrity of discovery process and the court could not proceed based upon true facts).

Page **9** of **13**

Defendants that they could not appear in November and December 2019 for their noticed depositions because of surgery-related circumstances. (*See* Exhibit G, December 13, 2019 Email from James Doyle; *See* Exhibit K, November 18, 2019 Email from James Doyle). Those circumstances, however, do not excuse the months of delay in providing dates on which they might otherwise be deposed. (*Cf.* Exhibit N, May 20, 2019 Request from Danny Dysart for Deposition Dates for Annetta; *see also, e.g.*, Exhibit O, July 19, 2019 Email from James Doyle stating that the Date for the Jaramillos Had Not Been Confirmed). Even more, the failure to participate in discovery is inexplicable where, as here, Plaintiffs' counsel admonished the Knauf Defendants on a number of occasions that depositions would necessarily and without exception be completed within the time allotted for discovery, that the Knauf Defendants—with "at least 7 lawyers working on this particular case"—were the ones that needed to be flexible with scheduling, and that, if the Knauf Defendants provided "a comprehensive list of any remaining plaintiffs" they wished to depose, he would "get . . . availability." (*See* Exhibit P, November 13, 2019 Email from James Doyle; *see also* Exhibit Q, May 22, 2019 Email from James Doyle).

      Under these circumstances, the record supports a finding that the failure over multiple months to provide dates was willful such that dismissal is an appropriate remedy for the failures by Mr. Jordan, the Jaramillos and the Annetta Entities to appear at their properly noticed depositions. More to the point, the failure to appear for their depositions has substantially prejudiced the Knauf Defendants' ability to prepare for trial, especially because (1) the Jaramillos were the original owners of, and lived for ten years in, their house before filing a claim that includes, among other allegations, an assertion that drywall has caused them to apply for bankruptcy protection, (*see* Exhibit C, Jaramillos' PFS, at 4), and (2) the Annetta Entities appear to be real-estate investors that purchased the Annetta Property from a foreclosing mortgagee in

2014—long after the widespread publicity of Chinese Drywall—with the intent of flipping the house, (*see* Exhibit E, Annetta Entities' PFS, at 1, 4). Depositions would have given the Knauf Defendants an opportunity to inquire into both sets of Plaintiffs' knowledge and notice of Chinese Drywall, which in turn may have allowed the Knauf Defendants to file motions for summary judgment. Regardless, the Knauf Defendants cannot adequately defend themselves at trial without an opportunity to depose Mr. Jordan, the Jaramillos and the Annetta Entities on their respective properties, and the Court should dismiss their claims. *See, e.g.*, *Quintero*, 2009 WL 382506, at *1-2 (dismissing a plaintiff's claims with prejudice based on discovery abuses and the consideration of multiple factors, including the plaintiff's willfulness and the substantial prejudice imposed on the defendant's ability to prepare for trial).

      Alternatively, the Court should require Mr. Jordan, the Jaramillos and the Annetta Entities to appear for video depositions by a date certain and should further allow the Knauf Defendants to file dispositive motions, if appropriate, within a reasonable time after the depositions have been taken and the transcripts received. As set forth above, the Court enjoys "wide latitude in determining the appropriate sanction for failure to comply with discovery," *see id.*, and requiring Mr. Jordan, the Jaramillos and the Annetta Entities to appear for video depositions—while correspondingly allowing the Knauf Defendants an opportunity to seek summary disposition of their cases if appropriate—could assist in remedying the prejudicial effect of those Plaintiffs' failures to cooperate in discovery, *see, e.g.*, *Panzer v. Swiftships, LLC*, 318 F.R.D. 326, 329 (E.D. La. 2016) (van Meerveld, J.) (ordering that a corporate deposition occur and extending the discovery deadline for that limited purpose). Consequently, in the alternative to dismissing Mr. Jordan's, the Jaramillos and Annetta Entities' cases outright, the Knauf Defendants ask that those Plaintiffs be ordered to attend depositions by a date certain and that the Knauf Defendants be

allowed a reasonable time after the depositions (and after receiving the transcripts) within which to file any appropriate dispositive motions. *See, e.g.*, *id.*

Lastly, as more fully explained in a separate motion for summary judgment filed by the Knauf Defendants (R. Doc. 22658), the Jaramillos and the Annetta Entities' claims should be dismissed because they each purchased their respective Property after they allege the drywall was installed. Also, as more fully explained in a separate motion for summary judgment to be filed by the Knauf Defendants, Jordan's claims should be dismissed because he lost all legal and equitable interest in the Jordan Property in foreclosure.

### III. CONCLUSION

For the foregoing reasons, the Knauf Defendants ask that the Court dismiss the above-referenced Plaintiffs' claims with prejudice pursuant to Rule 37. Alternatively, this Court should impose sanctions it deems appropriate under the circumstances, such as requiring Phillips and the Robinsons to make their respective Property available for inspection and compelling each of the above-referenced Plaintiffs to appear at their own cost for video depositions. The Knauf Defendants further request any additional relief deemed just and appropriate.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:    kmiller@fishmanhaygood.com
***Counsel for Defendants,***
***Knauf Gips KG and***
***Knauf Plasterboard (Tianjin) Co., Ltd.***

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 27th day of March, 2020.

                  /s/ *Kerry J. Miller*
                  **KERRY J. MILLER**

**RULE 37 CERTIFICATE**

  I hereby certify that I have conferred or attempted to confer with counsel for the above-referenced Plaintiffs in an effort to obtain depositions without court action and that those efforts have to date been unsuccessful.

                  */s/ Kerry J. Miller*
                  **KERRY J. MILLER**