**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | **JUDGE ELDON FALLON**<br><br>**MAGISTRATE JOSEPH WILKINSON, JR.** |

**MEMORANDUM IN SUPPORT OF ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS ASSERTED BY STEVE BINNS**

**MAY IT PLEASE THE COURT:**

Defendants, Knauf Gips KG and Gebr. Knauf (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Alternative Motion for Partial Summary Judgment on Claims Asserted by Steve Binns ("Binns") against them in Plaintiffs' Fifth Amended Class Action Complaint (the "Fifth Amended Complaint").

**I.      Factual and Procedural Background**

   **A.      MDL 2047 and the Bennett Complaint**

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces,

and objects, and the breaking down of appliances and electrical devices in their homes.[1] Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file lawsuits in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 documents have been entered into the record, millions of documents have been exchanged in discovery, dozens of depositions have been taken, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[2]

---

[1] *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014).

[2] *See* Order, Rec. Doc. No. 16570 at 3-4.

### B.     The Bennett Complaint and Binns

The original *Bennett* Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims. The Fifth Amended Complaint was filed on May 14, 2018. Following the Fifth Amended Complaint, certain plaintiffs intervened. The Fifth Amended Complaint is the operative complaint in this matter.

Binns first appeared as a plaintiff in this action in the Fifth Amended Complaint, which plaintiffs moved for leave to file on March 6, 2018, and was thereafter filed in the record on May 14, 2018.[3] Plaintiff, Martin Kuntz ("Kuntz") first appeared in the Complaint on October 31, 2019, after moving to intervene as a claimant on October 7, 2019.[4] Binns and Kuntz are plaintiffs in the operative Fifth Amended Complaint and have made claims against the Knauf Defendants regarding the alleged presence of defective Chinese drywall installed in Binns' former property and Kuntz's current property located at 1417 Southwest Devera Avenue, Port St. Lucie, Florida, 34953 (the "Property"). Binns was deposed on July 31, 2019.[5] Kuntz was deposed on December 19, 2019.[6]

In conducting discovery in this MDL and in the *Bennett* matter, this Court approved a Plaintiff Profile Form ("PPF"), a Supplemental Plaintiff Profile Form ("SPPF"), an Owner Disclosure Affidavit ("ODA"), and a Plaintiff Fact Sheet ("PFS") to be completed by Plaintiff and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Binns completed and signed, under penalty of perjury, and PPF on February 5, 2018,[7] a

---

[3] Rec. Docs. 21234, 21334.
[4] Rec. Docs. 22334, 22357-58.
[5] *See* Deposition of Steve Binns ("Binns Depo.").
[6] *See* Deposition of Martin Kuntz ("Kuntz Depo.").
[7] PPF, Exhibit 1 to Binns Depo. (attached as Exhibit A).

SPPF on March 22, 2018,[8] and a PFS on January 23, 2019.[9] Binns testified as to the accuracy of each of these documents during his deposition.[10]

Binns purchased the Property on October 26, 2006,[11] and has alleged that he discovered Chinese drywall on the Property on January 31, 2018.[12] Binns' PFS indicates that he sold the Property to Kuntz on January 11, 2019 and testified that the Property was in fact sold around this time.[13] Kuntz confirmed that this was the date of the sale.[14] Binns testified that he disclosed that the Property contained Chinese drywall to Kuntz and Kuntz confirmed that Chinese drywall was disclosed to him prior to purchasing the Property.[15] Binns testified that there was an assignment of legal claims at the time of the sale to Kuntz and Kuntz confirmed this fact.[16] However, Binns did not produce the sale documents or the assignment of legal claims within thirty (30) days of his deposition.

On January 10, 2020, over five (5) months after his deposition and after the discovery deadline, Binns produced the Warranty Deed evidencing the sale to Kuntz and the corresponding Assignment of Legal Claims.[17] The Warranty Deed evidences that the sale of the Property did in fact take place on January 11, 2019 and that, at the time of the sale, the Property was co-owned by Binns and Binns' ex-wife, Jean Williams-Binns, who was a signatory to the Warranty Deed transferring the Property to Kuntz but is not a plaintiff in this action.[18]

---

[8] SPPF, Exhibit 2 to Binns Depo. (attached as Exhibit B).
[9] PFS, Exhibit 3 to Binns Depo. (attached as Exhibit C).
[10] Binns Depo. at 11:5-25, 12:1-25, 13:1-25, 14:1-4.
[11] *Id.* at 20:5-8; Warranty Deed, Exhibit 4 to Binns Depo. (attached as Exhibit D).
[12] Ex. A at 2.
[13] Ex. C at 2, 5; Binns Depo. at 22:1-12.
[14] Kuntz Depo. at 11:9-10.
[15] Binns Depo. at 28:5-24; Kuntz Depo. at 11:11-13, 19:10-19.
[16] Binns Depo. at 28:5-24; Kuntz Depo. at 18:6-25, 19:1-5.
[17] Sale Documents (attached as Exhibit E).
[18] *Id.*

The Assignment of Claims is likewise dated January 11, 2019.[19] It states that Binns, as Seller, assigns some—but not all—of his legal claims to Kuntz.[20] Specifically, the Assignment of Claims states that Binns assigns and transfers all future claims to remediation of the Property but retains all other claims—including but not limited to alternative living expenses, personal property damage, loss of equity, diminution of value, and loss of use and enjoyment.[21] Jean Williams-Binns, though a co-owner of the Property at the time of executing the Warranty Deed and Assignment of Claims, is not listed as a Seller in the Assignment of Claims, nor is she a signatory or a party to the transaction.[22]

## II.     Legal Standard for Rule 56 Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[24]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[25] However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[24] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[25] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[26]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[27] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[28] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[29] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[30]

### III. Argument

To the extent Binns' claims are not dismissed on another basis, such as the subsequent purchaser doctrine, all remediation claims must be dismissed under the plain language of the Assignment of Legal Claims. "Contracts are to be construed in accordance with the plain meaning of the words contained therein."[31] "If a contract's terms are clear and unambiguous, the language

---

[26] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).
[27] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)).
[28] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[29] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[30] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").
[31] *Barakat v. Broward Cty. Hous. Auth.*, 771 So. 2d 1193, 1195 (Fla. Dist. Ct. App. 2000) (citation omitted).

itself is the best evidence of the parties' intent and its plain meaning controls, warranting summary judgment."[32]

Binns sold the Property to Kuntz on January 11, 2019.[33] Binns disclosed to Kuntz that the Property contained Chinese drywall prior to the sale.[34] On January 10, 2020, Binns produced the Warranty Deed evidencing the sale to Kuntz and a corresponding Assignment of Legal Claims.[35] The Warranty Deed evidences that the sale of the Property took place on January 11, 2019.[36]

The Assignment of Claims is likewise dated January 11, 2019.[37] The Assignment of Claims demonstrates that Binns, as Seller, assigned some—but not all—of his legal claims to Kuntz. Specifically, the Assignment of Claims states that Binns assigned and transferred all future claims to remediation of the Property but retained all other claims—including but not limited to alternative living expenses, personal property damage, loss of equity, diminution of value, and loss of use and enjoyment.[38] The terms of the Assignment of Claims are clear and unambiguous, evidencing the parties' intent to assign all remediation claims to Kuntz, warranting summary judgment as to those claims on behalf of Binns.

Accordingly, Binns cannot demonstrate that he is entitled to recover on claims that pertain to remediation. Therefore, to the extent Plaintiff's claims are not dismissed based on another argument, this Court should conclude that all claims for remediation must be dismissed.

---

[32] *Pearson v. Caterpillar Fin. Servs. Corp.*, 60 So. 3d 1168, 1171 (Fla. Dist. Ct. App. 2011) (internal quotation marks and citation omitted).
[33] Binns Depo. at 22:1-12; Kuntz Depo. at 11:9-10; Ex. C at 5.
[34] Binns Depo. at 28:5-24; Kuntz Depo. at 11:11-13, 19:10-19.
[35] Ex. E.
[36] *Id.*
[37] *Id.*
[38] *Id.*

## IV.     Conclusion

Based on all the discovery in MDL 2047 and the case-specific discovery as to Binns, the facts do not support claims for remediation against the Knauf Defendants. Binns cannot substantiate any of the facts forming the basis of remediation claims against the Knauf Defendants, and there is no genuine issue of material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing claims for remediation with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone:    504.556.5549
Facsimile:    504.310.0275
Email:    kmiller@fishmanhaygood.com

*Counsel for The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants by U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 30th day of March, 2020.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**