UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>Case No. 14:cv-2722 | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CLAIMS ASSERTED BY NICOLE GASPARD
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss Claims Asserted by Nicole Gaspard under Federal Rule of Civil Procedure 12(b)(1).

**I.   Factual and Procedural Background**

**A.   *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners

began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs, homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B.     *The Bennett Complaint and the Gaspards*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened.

---

[1] *See* Order, R. Doc. 16570, pp. 3-4.

The Fifth Amended Class Action Complaint is ("Fifth Amended Complaint") is the operative complaint in this matter.

Mercedes and Nicole Gaspard were first listed as plaintiffs in the operative Fifth Amended Complaint, filed November 13, 2014.[2] The Gaspards assert claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 1402 O'Donnell Lane SE, Port St. Lucie, FL 34983 (the "Property").

The Gaspards assert claims for negligence, negligence per se, strict liability, breach of warranty, private nuisance, negligent discharge of a corrosive substance, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). All of the damages the Gaspards assert arise out of damage to the Property itself or to personal property located in the Property: they claim $300,000 in loss of use and loss of enjoyment of the Property and $31,180 for damage to personal property.[3] Mercedes Gaspard testified in her deposition that she is also claiming damages for her "inability to sell the home and make a profit,"[4]

In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. Mercedes Gaspard completed and submitted a PPF, SPPF, and PFS under penalty of perjury.[5] None of those documents were signed by Nicole Gaspard. A warranty deed attached as an exhibit to the SPPF shows that the Property was granted to Mercedes Gaspard, with no other grantees, by Majestic Land Holdings in 2007.[6]

---

[2] R. Doc. 21334.
[3] See Ex. 2 at p..6; Ex. 3 at Ex. 14.
[4] Ex. 4, Depo. Tr., at p. 68:5-16.
[5] Exs. 1, 2, and 3.
[6] *See* Warranty Deed attached to Exhibit 2.

The Knauf Defendants took Mercedes Gaspard's deposition on July 9, 2019. Nicole Gaspard was not present.[7] When Mercedes Gaspard was questioned as to why Nicole Gaspard is listed with her as a plaintiff in the Fifth Amended Complaint, she answered "[b]ecause she is helping me."[8] Mercedes Gaspard confirmed that she alone owns the Property; Nicole does not.[9]

## II.    Law & Argument

### a.    Motions to Dismiss Pursuant to Rule 12(b)(1)

Under Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation marks omitted). The party asserting jurisdiction bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). A "[l]ack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA*, 668 F.3d at 287.

A motion to dismiss pursuant to Rule 12(b)(1) is "the proper method with which to bring a motion to dismiss for lack of standing." Jones v. Proctor Fin. Ins. Corp., No. CIV.A. 06-9503, 2007 WL 4206863, at *1 (E.D. La. Nov. 21, 2007) (quoting *Harrison v. Safeco Ins. Co. of America,* 2007 WL 1244268, *3 (E.D.La. Jan. 26, 2007)) "A motion to dismiss for lack of standing is factual rather than facial if the defendant submits affidavits, testimony, or other evidentiary materials," and "[w]hen a defendant makes a factual attack on the complaint, the plaintiff is

---

[7] Ex. 4, Depo Tr., at p. 88:5-6.
[8] Ex. 4, Depo. Tr., at p. 87:18-25.
[9] Ex. 4, Depo Tr. at p. 88:1-4

'required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Theriot v. Bldg. Trades United Pension Tr. Fund*, 394 F. Supp. 3d 597, 607 (E.D. La. 2019) (internal citations and quotation marks omitted).

### b. Nicole Gaspard's claims must be dismissed because she lacks standing to bring the claims.

"To have standing, a party must demonstrate a direct and articulable interest in the controversy, which will be affected by the outcome of the litigation." *Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087, 1091 (Fla. Dist. Ct. App. 2015) (quoting *Centerstate Bank Cent. Fla., N.A. v. Krause*, 87 So.3d 25, 28 (Fla. 5th DCA 2012)) (alterations removed). "Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest that would be affected by the outcome of the litigation." *Centerstate Bank*, 87 So. 3d at 28.

Here, the damages the Gaspards claim are for damage to the Property, and Nicole Gaspard therefore has no cognizable interest that will be affected by the outcome of this litigation, because she does not own and has never owned the Property. A person who does not "own the house or the personal property in it . . . has no standing to challenge. . . any damage to" the house or the personal property in it. *Rolle v. West*, 642 F. Supp. 2d 1307, 1309 (N.D. Fla. 2009); *see also Benoit v. Saint-Gobain Performance Plastics Corp.*, No. 116CV1057LEKDJS, 2017 WL 3316132, at *6 (N.D.N.Y. Aug. 2, 2017) ("It is well established that a plaintiff cannot recover for damage to property he does not own.")

Nicole Gaspard has no standing to recover for damage to the Property; her claims must be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

For the reasons set forth above, this Court should grant the Knauf Defendants' Motion and dismiss Nicole Gaspard's claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

> Respectfully submitted,
>
> **FISHMAN HAYGOOD, LLP**
>
> /s/ *Kerry J. Miller*
> **KERRY J. MILLER (#24562), T.A.**
> **PAUL C. THIBODEAUX (#29446)**
> **DANIEL J. DYSART (#33812)**
> 201 St. Charles Avenue, Suite 4600
> New Orleans, LA 70170
> Telephone: 504.556.5549
> Facsimile: 504.310.0275
> Email: kmiller@fishmanhaygood.com
> ***Counsel for the Knauf Defendants***

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 30th day of March, 2020.

> /s/ *Kerry J. Miller*
> **KERRY J. MILLER**