UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:   CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | MDL 2047<br><br>SECTION "L" |
| **This document relates to:**<br><br>*Elizabeth Bennett, et al v. Gebr. Knauf Verwaltungsgesellschaft, KG, et al*<br><br>**Case No. 14:cv-2722** | JUDGE ELDON FALLON<br><br>MAGISTRATE JOSEPH WILKINSON, JR. |

## MEMORANDUM IN SUPPORT OF
## OMNIBUS MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY
## <u>CONSUELA BURGOS, JOHNNY TYLER, AND CARL MOORE AND ELLEN MOORE</u>

**MAY IT PLEASE THE COURT:**

Defendant, Knauf Gips KG and Knauf Plasterboard (Tianjin) Co., Ltd. (the "Knauf Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Partial Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Consuela Burgos, Johnny Tyler, and Carl and Ellen Moore (collectively, "Plaintiffs") against them in Plaintiffs' Fifth Amended Class Action Complaint ("Fifth Amended Complaint").

**I.   Factual and Procedural Background**

   **A.   *MDL 2047 and the Bennett Complaint***

From 2004 through 2006, a housing boom in parts of the United States and rebuilding efforts necessitated by Hurricanes Rita and Katrina in the Gulf South led to a shortage of construction materials, including drywall. As a result, drywall manufactured in China was brought

into the United States and used to construct and refurbish homes in coastal areas of the country, notably the Gulf and East Coasts. Sometime after the Chinese drywall was installed, homeowners began to complain of foul-smelling odors, the corrosion and blackening of metal wiring, surfaces, and objects, and the breaking down of appliances and electrical devices in their homes. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 894 F. Supp. 2d 819, 829–30 (E.D. La. 2012), *aff'd*, 742 F.3d 576 (5th Cir. 2014). Many of these homeowners also began to complain of various physical afflictions believed to have been caused by the Chinese drywall.

These homeowners then began to file suit in various state and federal courts against homebuilders, developers, installers, realtors, brokers, suppliers, importers, exporters, distributors, and manufacturers who were involved with the Chinese drywall. Because of the commonality of facts in the various cases, this litigation was designated as a multidistrict litigation. Pursuant to a Transfer Order from the United States Judicial Panel on Multidistrict Litigation ("JPML") on June 15, 2009, all federal cases involving Chinese drywall were consolidated for pretrial proceedings in MDL 09-2047 before this Court. On June 16, 2009, this Court entered PTO 1 regarding preservation of evidence, amongst other things. On October 9, 2009, this Court entered PTO 1(B) regarding preservation of evidence. On January 24, 2012, this Court entered PTO 1(I) regarding preservation of evidence.

Since the inception of MDL 2047 in June of 2009, numerous cases have been consolidated, containing thousands of claims; over 20,000 records docs have been entered into the record, millions of documents exchanged in discovery, dozens of depositions, and over 30 Pretrial Orders have been issued; the Court has appointed steering committees and liaison counsel for plaintiffs,

homebuilders, insurers, installers, and manufacturers; it has presided over monthly status conferences, hearings, and several bellwether trials.[1]

### B. *The Bennett Complaint and the Plaintiffs.*

The original Bennett Complaint was filed on November 13, 2014 in the Northern District of Alabama and was subsequently transferred and consolidated into MDL 2047. The Complaint was amended multiple times to amend the parties and claims, and certain plaintiffs later intervened. The Fifth Amended Complaint is the operative complaint in this matter. In conducting discovery in this MDL and in Bennett matter, this Court approved a Plaintiff Profile Form, Supplemental Plaintiff Profile Form, Owner Disclosure Affidavit, and Plaintiff Fact Sheet to be completed by Plaintiffs and set forth full and complete answers regarding the claims and damage amounts sought by all Bennett Plaintiffs. The Plaintiffs each completed and submitted a PPF, SPPF, PFS. The documents were completed under penalty of perjury.[2]

Consuelo Burgos was first listed as a plaintiff in the Fifth Amended Complaint, filed May 14, 2018.[3] Consuela Burgos is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 384 Northeast Terrace, Miami, Florida 33033 (the "Burgos Property"). Burgos purchased the Burgos Property on September 20, 2011 from Mark Lann and Kerri Lann,[4] and alleges that the Chinese drywall was installed in the Burgos Property in 2006.[5] Beginning in 2011, Burgos began to have the air conditioning unit for the Burgos

---

[1] *See* Order, R. Doc. No. 16570, pp. 3-4.
[2] See Exhibit A (Burgos PPF, SPPF, and PFS); Exhibit B, (Taylor PPF, SPPF, and PFS); Exhibit C, (Moore PPF, SPPF, and PFS).
[3] R. Doc. 21334.
[4] See Exhibit A, Burgos SPPF at 2.
[5] *Id.*

Property repaired with repairs ultimately occurring around every six months for several years.[6] Each time, the technician repairing the unit indicated to Burgos that the replacement was related to a Chinese drywall issue and she observed the corrosion on coils being replaced.[7]

Johnny Tyler was first listed as a plaintiff in the Fifth Amended Complaint, filed May 14, 2018.[8] Johnny Tyler is a plaintiff listed in the operative Fifth Amended Complaint and has made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 8675 130th Avenue, Fellsmere, Florida 32948 (the "Tyler Property"). An invoice for air conditioning unit repair from Miller Air Conditioning to Tyler, dated September 4, 2013 and related to the Tyler Property, indicated that a leak in an evaporator coil was due to Chinese drywall corrosion.[9] Another invoice for air conditioning unit repair from Arnold Air Conditioning to Tyler related to the Tyler Property indicated that a new coil was needed possibly because of sulfur in ground.[10]

Carl Moore and Ellen Moore were first listed as a plaintiffs in the Fifth Amended Complaint, filed May 14, 2018.[11] Carl Moore and Ellen Moore are plaintiffs listed in the operative Fifth Amended Complaint and have made claims against Knauf Gips KG and KPT regarding the alleged presence of defective Chinese drywall installed in the property located at 5427 Kedgewick Lane, North Point, Florida 34288 (the "Moore Property"). In 2014, an air-conditioning repair person informed the Moores about Chinese drywall—specifically the relation between their a/c issue and Chinese drywall—making the Moores aware of the Chinese drywall issues in their

---

[6] Exhibit D, Burgos Deposition at 49-52.
[7] *Id.*
[8] R. Doc. 21334.
[9] Exhibit B Tyler SPPF, p. 74; Exhibit E, Tyler Deposition at 143:19-25, 144:1-5.
[10] Exhibit B Tyler SPPF, p. 78; Exhibit E, Tyler Deposition at 145.
[11] R. Doc. 21334.

Property."[12] An invoice from Presto Air with Invoice No. 3741 1, indicates that this notice occurred around January 18, 2014.[13]

## II.     Law & Argument

### A.     Legal Standard

Summary judgment is appropriate here because Plaintiffs claims are barred by the statute of limitations, Plaintiffs have failed to comply with this Court's evidence preservation orders, and Plaintiffs have failed to present evidence regarding certain elements of their claims.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial.[16]  However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[17]

On a motion for summary judgment, "[a]lthough 'the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor,' summary judgment remains

---

[12] Exhibit F, Carl Moore Deposition at 24:14-25.
[13] See attached Exhibit C, Moore SPPF p. 10.
[14] FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").
[15] *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (internal quotation marks omitted)).
[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2558, 91 L.Ed.2d 265 (1986).
[17] *Id.* at 322; *see also Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir. 1993).

appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'"[18] "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted."[19] Furthermore, "[d]iscovery is not a prerequisite to the disposition of a motion for summary judgment."[20] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[21]

The purpose of a statute of limitations is to protect defendants against "unexpected enforcement of stale claims" by "cut[ting] off the remedy of a party who has slept on his rights." *Allie v. Ionata*, 503 So. 2d 1237, 1240 (Fla. 1987). This is because it would be "resolutely unfair" to "award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses." *Id.* (quoting *Nardone v. Reynolds*, 333 So. 2d 25, 36 (Fla. 1976)). "To those who are unduly tardy in enforcing their known rights, the statute of limitations operates to extinguish the remedies; in effect, their right ceases to create a legal obligations and in lieu thereof a moral obligation may arise in the aid of which courts will not lend their assistance." *Nardone*, 333 So. 3d at 37.

---

[18] *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)).
[19] *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[20] *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 299 (5th Cir. 2014) (quoting *Skiba v. Jacobs Entm't Inc.*, 587 Fed. Appx. 136, 138 (5th Cir. 2014) (per curiam)).
[21] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

As a general rule, a statute of limitations begins to run when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action." *Kelley v. Sch. Bd. of Seminole Cnty.*, 435 So. 2d 804, 806 (Fla. 1983). In Florida, actions founded on negligence and property defects are subject to a four-year statute of limitations. FLA. STAT. ANN. § 95.11(3)(a), (c), (e), (h). Similarly, Plaintiffs' claims under breach of warranty are subject to a four-year limitations period. *Id.* § (3)(f), (k), (p). In the case of a latent defect, the time to file a lawsuit "runs from the time the defect is discovered or should have been discovered with the exercise of diligence." *Id.* § (3)(c).

**B.** *Argument*

As shown below, the claims of Consuela Burgos, Johnny Tyler, and Carl and Ellen Moore are each barred by the statute of limitations because they had actual knowledge of the presence of Chinese drywall in their respective Property more than four years prior to filing their claim in this matter.

**1. Consuela Burgos' Claims are barred by the Statute of Limitations**

There is no genuine issue in dispute that Consuela Burgos knew of the presence of Chinese drywall in the Burgos Property dating back to 2011. Yet, Consuelo Burgos was not listed as a plaintiff until the Fifth Amended Complaint was filed on May 14, 2018.[22] Burgos purchased the Burgos Property on September 20, 2011,[23] and alleges that the Chinese drywall was installed in the Burgos Property in 2006.[24] Beginning in 2011, Burgos began to have the air conditioning unit for the Burgos Property repaired with repairs ultimately occurring around every six months for

---

[22] R. Doc. 21334.
[23] Exhibit A, Burgos SPPF at 2.
[24] *Id.*

several years.[25] Each time, the technician repairing the unit told Burgos that the replacement was related to a Chinese drywall issue and she observed the corrosion on coils being replaced.[26] Burgos recalled that these conversations dated back to 2011:

> Q: And the technician was telling you that it was a Chinese drywall problem?
> A: Yes.[27]
>
> * * *
>
> Q: . . . . Was there ever a technician who came and looked at the air conditioning unit that was in the house from 2011 to 2014?
> A: The old one?
> Q: Yes.
> A: They all do. They all say the same thing.[28]

As such, there is no genuine issue in dispute that Consuela Burgos had actual knowledge of the presence of Chinese drywall in the Burgos Property dating back to 2011, but she did not file a claim until May 14, 2018. Accordingly, her claims are barred by the statute of limitations and should be dismissed with prejudice.

## 2. Johnny Tyler's Claims are barred by the Statute of Limitations

There is no genuine issue in dispute that Johnny Tyler knew of the presence of Chinese drywall in the Tyler Property dating back to 2011. Yet, Johnny Tyler was not listed as a plaintiff until the Fifth Amended Complaint was filed on May 14, 2018.[29] An invoice for air conditioning unit repair from Miller Air Conditioning to Tyler, dated September 4, 2013 and related to the Tyler Property, indicated that a leak in an evaporator coil was due to Chinese drywall corrosion.[30] Thus, in 2013, a document from a repair person had "Chinese drywall corrosion" written on it and Tyler

---

[25] Exhibit D, Burgos Deposition at 49-52.
[26] *Id.*
[27] *Id.* at 50:9-11.
[28] *Id.* at 51:9-17
[29] R. Doc. 21334.
[30] Exhibit B Tyler SPPF, p. 74; Exhibit E, Tyler Deposition at 143:19-25, 144:1-5.

chose to do nothing until May 14, 2018. Further, another invoice for air conditioning unit repair from Arnold Air Conditioning to Tyler related to the Tyler Property indicated that a new coil was needed possibly because of sulfur in ground.[31] Again, Tyler did nothing to investigate the issue, even with the other invoice that indicated "Chinese drywall corrosion." Tyler slept on his rights.

As such, there is no genuine issue in dispute that Johnny Tyler had actual knowledge of the presence of Chinese drywall in the Tyler Property dating back to 2013, but he did not file claim until May 14, 2018. Accordingly, his claims are barred by the statute of limitations and should be dismissed with prejudice.

### 3. Carl Moore and Ellen Moore's Claims are barred by the Statute of Limitations

There is no genuine issue in dispute that Carl and Ellen Moore knew of the presence of Chinese drywall in the Moore Property dating back to 2014. Yet, Carl and Ellen Moore were not listed as plaintiffs until the Fifth Amended Complaint was filed on May 14, 2018.[32] In 2014, an air-conditioning repair person informed the Moores about Chinese drywall—specifically the relation between their a/c issue and Chinese drywall—making the Moores aware of the Chinese drywall issues in their Property."[33] An invoice from Presto Air with Invoice No. 3741 1, indicates that this notice occurred around January 18, 2014.[34] Consequently, the Moores had actual knowledge of Chinese drywall in the Moore Property more than four years before they filed a claim.

There is no genuine issue in dispute that Carl Moore and Ellen Moore had actual knowledge of the presence of Chinese drywall in the Moore Property dating back to January 2014, but they

---

[31] Exhibit B Tyler SPPF, p. 78; Exhibit E, Tyler Deposition at 145.
[32] R. Doc. 21334.
[33] Exhibit F, Carl Moore Deposition at 24:14-25.
[34] See attached Exhibit C, Moore SPPF p. 10.

did not file claim until May 14, 2018. Accordingly, their claims are barred by the statute of limitations and should be dismissed with prejudice.

## III. CONCLUSION

Based on all the discovery in MDL 2047 and the case-specific discovery as to the claims of Consuela Burgos, Johnny Tyler, and Carl Moore and Ellen Moore, their claims are time-barred and there is no genuine issue material fact preventing summary judgment. Therefore, this Court should grant summary judgment, dismissing the claims with prejudice.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**PAUL C. THIBODEAUX (#29446)**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Telephone: 504.556.5549
Facsimile: 504.310.0275
Email: kmiller@fishmanhaygood.com
*Counsel for Defendant,*
*The Knauf Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served upon Russ Herman, Plaintiffs' Liaison Counsel, by email, to all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, individually to pro se claimants via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States Court for the Eastern District of Louisiana, on this 31st day of March, 2020.

/s/ *Kerry J. Miller*
**KERRY J. MILLER**